# EXHIBIT B

```
 1              UNITED STATES DISTRICT COURT
 2             CENTRAL DISTRICT OF CALIFORNIA
 3                   EASTERN DIVISION
 4                        - - -
 5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING
 6                        - - -
 7   CARTER BRYANT, ET. AL.,      )
                                  )
 8            PLAINTIFFS,  )
                                  )
 9        VS.              ) NO. ED CV 04-09049
                           ) (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,       )
                                  )
11            DEFENDANTS.  ) MOTION; OSC HEARING
     _____)
12   AND CONSOLIDATED ACTIONS,     )
                                  )
13
14
15        REPORTER'S TRANSCRIPT OF PROCEEDINGS
16               RIVERSIDE, CALIFORNIA
17              MONDAY, FEBRUARY 25, 2008
18                    11:24 A.M.
19
20
21
22
23          THERESA A. LANZA, RPR, CSR
              FEDERAL OFFICIAL COURT REPORTER
24           3470 12TH STREET, RM. 134
              RIVERSIDE, CALIFORNIA  92501
25                 951-274-0844
                WWW.THERESALANZA.COM
```

1   NOT ONLY DO WE GET THE DATES, BUT THAT THOSE DATES BE ORDERED

2   TO BE TAKEN IN SUCH TIME SO WE CAN HAVE HIM AVAILABLE FOR OUR

3   REPLY EXPERTS.

4       THAT'S WHAT THIS IS ALL ABOUT YOUR HONOR,

5   RESPECTFULLY.

6       THE COURT: WHEN, AGAIN, IS THE REPLY FOR EXPERTS

7   NEEDED?

8       MR. NOLAN: MARCH 17.

9       THE COURT: COUNSEL, LET'S NOW TAKE UP THE MOTION

10  REGARDING THE HARD DRIVES.

11      MR. NOLAN: YES, YOUR HONOR; THAT'S THE APPEAL FROM

12  MATTEL.

13      THE COURT: YES.

14      MR. NOLAN: I THINK, AGAIN, THE STANDARDS THAT ARE

15  APPLIED IN TERMS OF THE REVIEW BY THE DISCOVERY MASTER APPLY

16  HERE.

17      THE COURT: THEY DO, CERTAINLY.

18      I HAVE A CONCERN, THOUGH, THAT THE DISCOVER MASTER

19  MAY HAVE NOT BEEN LOOKING AT THIS -- THE WAY THAT IT'S ARGUED

20  IS THAT THE HARD DRIVES ARE RELEVANT NOT SO MUCH TO GET THE

21  DOCUMENTS THEMSELVES THAT ALLEGEDLY HAVE BEEN DELETED, BUT TO

22  PROVE UP THE DELETION, WHICH IS A PREDICATE ACT OF THE RICO;

23  NAMELY, THAT DOCUMENTS WERE DELETED.

24      I'M CERTAINLY NOT SAYING THAT ANY OF THIS IS TRUE.

25      MR. NOLAN: OF COURSE. I UNDERSTAND THAT.

1      THE COURT: RIGHT. BUT THAT THE HARD DRIVES ARE

2   ACTUALLY RELEVANT TO PROVE UP THAT ELEMENT.

3      NOW, ADMITTEDLY, THIS IS A PHASE TWO ISSUE. BUT THAT

4   BY ITSELF IS NOT A REASON NOT TO HAVE THIS ISSUE ADDRESSED NOW.

5   THE DISCOVERY MASTER HAS RULED ON IT. I'M CONCERNED THE

6   DISCOVERY MASTER MAY NOT HAVE FULLY APPRECIATED THE RELEVANCY

7   OR THE POTENTIAL RELEVANCY OF THE HARD DRIVES THEMSELVES TO

8   PROVE UP THE ALLEGATION THAT DOCUMENTS WERE DELETED IN ADVANCE

9   OF AN OFFICIAL PROCEEDING, SUCH AS A TRIAL, AND THAT THE HARD

10   DRIVES THEMSELVES NEED TO BE INSPECTED BY THE PLAINTIFFS FOR

11   THAT PURPOSE.

12      MR. NOLAN: YOUR HONOR, I BELIEVE, ALTHOUGH I CAN'T

13   GET IN THE MIND OF JUDGE INFANTE, THAT THERE'S ONE THING THAT

14   CAN BE SAID ABOUT JUDGE INFANTE, AND THAT IS THAT HE LOOKS AT

15   EVERYTHING. AND ONE THING THAT HE HAD IN FRONT OF HIM WAS

16   THERE WERE OTHER HARD DRIVE DISKS THAT HE ORDERED TO BE

17   PRODUCED. BECAUSE HE FOUND, FOR INSTANCE, IN THE CONTEXT OF

18   CARTER BRYANT, THAT THERE HAD BEEN A SUFFICIENT SHOWING TO

19   PROVE THAT THERE MAY BE A BASIS TO GO AND ASK FOR THE HARD

20   DRIVES, IN ITSELF; OVERRULE PRIVACY OBJECTIONS AND EVERYTHING

21   ELSE, AND JUST GO FOR IT.

22      THE OTHER HARD DRIVES THAT ARE IN ISSUE IN THIS

23   APPEAL, HE APPLIED THE SAME STANDARD; HE LOOKED AT IT AND FOUND

24   THAT THE SHOWING WAS INSUFFICIENT. YOU CANNOT JUST MERELY

25   SPECULATE. THERE HAS TO BE A GOOD FAITH SHOWING.

1    MATTEL DID NOT MEET THAT SHOWING IN FRONT OF

2    JUDGE INFANTE, WHO WAS LOOKING AT IT IN THE CONTEXT OF 'I'VE

3    GOT THIS ISSUE WITH OTHER PEOPLE.  I KEEP GOING BACK TO

4    CARTER BRYANT.  I DO NOT SEE THE SAME SHOWING THAT WOULD ALLOW

5    ME TO OVERRULE THE BASIC RULE OF PRIVACY AND ALL OF THE OTHER

6    PROTECTIONS THAT ARE AFFORDED THERE.

7         YOUR HONOR, I RESPECTFULLY SUBMIT THAT THIS IS JUST

8    SIMPLY WHAT THE COURTS REFUSE TO ALLOW, AND THAT IS IN THE

9    ABSENCE, THE ABSENCE, OF SPECIFIC ALLEGATIONS FOR A GOOD FAITH

10   PROOF OF PRODUCING THE HARD DRIVE DISKS IN FULL, YOU'VE GOT TO

11   HAVE A SHOWING THAT SOMETHING WAS DONE.

12        THERE'S NO EVIDENCE WITH RESPECT TO THESE WITNESSES

13   AND THESE HARD DRIVE DISKS, YOUR HONOR, THAT THERE WAS ANY

14   ALLEGATION WITH RESPECT TO DELETION OF FILES.  THERE WAS AN

15   ISSUE WITH CARTER BRYANT BECAUSE OF THE USE OF THE SOFTWARE

16   PROGRAM UNFORTUNATELY MARKETED AS 'EVIDENCE ELIMINATOR.'

17        THERE'S NO EVIDENCE OR NO SHOWING THAT WAS EVER USED

18   ON ANY OF THESE OTHER HARD DRIVES.

19        THE COURT:  WHO HAS THESE HARD DRIVES?  BECAUSE I

20   KNOW THE MOTION IS DIRECTED TOWARDS MGA LARIAN, BUT THESE ARE

21   CARTER BRYANT'S HARD DRIVES; CORRECT?

22        MR. NOLAN:  I BELIEVE THAT'S THE CASE, YOUR HONOR.

23   BUT, I'M SORRY, I DON'T KNOW THAT ANSWER.  I CAN GO BACK AND

24   JUST LOOK AT IT REAL QUICK AND ADVISE YOU IN A FEW MINUTES.

25        THE COURT:  YOU MAY.

Transcript of Proceedings (Larson)  2/25/2008 12:00:00 PM

1        MR. NOLAN: THANK YOU.

2        THE COURT: COUNSEL?

3        MR. QUINN: YOUR HONOR, WOULD YOU LIKE US TO ADDRESS

4    THE HARD DRIVE ISSUE?

5        THE COURT: PLEASE.

6        MR. QUINN: THE COURT HAS IDENTIFIED THE ISSUE OF THE

7    PREDICATE ACT SPECIFICALLY REFERS TO THE DELETION OF

8    INFORMATION FROM MR. LARIAN'S HARD DRIVES. NOT JUST

9    MR. BRYANT'S, BUT MR. LARIAN'S HARD DRIVES.

10       WHAT IS THE EVIDENCE THAT WE HAVE?

11       WE HAVE THE TESTIMONY OF THEIR 30(B)(6) WITNESS THAT

12   THOSE HAVE BEEN WIPED, I BELIEVE THE TESTIMONY IS, EVERY SINGLE

13   YEAR SINCE THIS LAWSUIT STARTED, YOUR HONOR.

14       THIS IS A SERIOUS ISSUE.

15       WE DO HAVE EVIDENCE OF ELIMINATION OF DATA AND IT'S

16   NOT JUST A PHASE TWO ISSUE.

17       THE COURT: THAT'S NOT MY ISSUE, WHETHER IT'S PHASE

18   ONE OR PHASE TWO.

19       RESPOND TO MR. NOLAN'S POSITION THAT THIS IS

20   SOMETHING THAT WAS FULLY CONSIDERED. BECAUSE IT WAS UNCLEAR TO

21   THE COURT -- AT LEAST IN MY INITIAL READ OF THIS, AND I WILL

22   CERTAINLY TAKE ANOTHER LOOK AT IT BEFORE I MAKE A FINAL

23   DECISION -- THAT PERHAPS JUDGE INFANTE, WHO THE COURT HAS A

24   TREMENDOUS AMOUNT OF CONFIDENCE IN, PERHAPS WAS NOT FULLY

25   APPRECIATING THE NATURE OF YOUR ARGUMENT.

1       COUNSEL SAYS HE CERTAINLY WAS AND THAT THERE ARE

2    OTHER INSTANCES WHERE HE HAS ORDERED THESE TYPES OF HARD DRIVE

3    TO BE TURNED OVER, PRECISELY TO ADDRESS THIS PARTICULAR ISSUE;

4    NAMELY, THE RICO --

5       MR. QUINN: YOUR HONOR, WHAT I WOULD CITE TO IS

6    INDICATION THAT JUDGE INFANTE IN THIS CASE -- WHO OTHERWISE, WE

7    BELIEVE HAS DONE AN EXCELLENT JOB -- MISSED THE BOAT ON THIS.

8    HIS LANGUAGE IN THE OPINION ITSELF THAT HE WROTE, WHERE HE SAYS

9    THAT MATTEL SEEKS THIS TO ENSURE THAT RELEVANT INFORMATION HAS

10   NOT BEEN DELETED OR PERMANENTLY DESTROYED, AND HE SAYS 'YOU'RE

11   GOING ON A FISHING EXPEDITION.'

12      WE DID MAKE THE ARGUMENT, YOUR HONOR. I'M NOT SAYING

13   WE DIDN'T MAKE THE ARGUMENT AND POINT HIM TO THE LANGUAGE OF

14   OUR RICO CLAIM. WE DID MAKE THE ARGUMENT. BUT HE DID NOT

15   SOMEHOW APPRECIATE THAT OR COME TO GRIPS WITH THE FACT THAT WE

16   ARE SEEKING THIS EVIDENCE TO PROVE THE PREDICATE ACT OF

17   DELETION OF INFORMATION FROM THE HARD DRIVES.

18      THE COURT: AS OPPOSED TO THE ACTUAL DOCUMENTS ON THE

19   HARD DRIVES THEMSELVES.

20      MR. QUINN: YES. EXACTLY.

21      WE'D RELY ON HOW JUDGE INFANTE ARTICULATED HIS

22   OPINION WHICH INDICATES ON THE FACE OF IT, THIS IS AN ERROR.

23   AND WE'VE GOTTEN SOME EVIDENCE JUST IN A MEET AND CONFER LAST

24   WEEK, YOUR HONOR, THAT, FOR EXAMPLE, MR. LARIAN'S CALENDARS

25   FROM 1999 AND 2000, SOMEHOW HIS OUTLOOK CALENDARS IN ELECTRONIC

1   FORM ARE MISSING.  THEY DON'T HAVE THEM.  THEY HAVE TOLD US UP

2   TO THIS POINT, I BELIEVE, THAT THEY HAD PRESERVED EVERYTHING.

3   WE LEARNED LAST WEEK IN A MEET AND CONFER THAT THOSE OUTLOOK

4   CALENDARS IN ELECTRONIC FORM ARE MISSING.  THEY HAVE THEM, AND

5   THEY HAVE PRODUCED THEM IN ELECTRONIC FORM, FOR NUMEROUS OTHE

6   MGA WITNESSES; SO THERE MUST BE SOME EXPLANATION THAT IS

7   SPECIFIC TO MR. LARIAN, BECAUSE THOSE OUTLOOK CALENDARS -- THEY

8   TAKE UP SO LITTLE SPACE -- THEY ARE OTHERWISE MAINTAINED IN

9   PERPETUITY.

10         THE COURT:  WHAT EXACTLY ARE YOU LOOKING FOR IN TERMS

11  OF THE PRODUCTION OF THE HARD DRIVES?  ARE THESE FORENSIC

12  IMAGES?  WHAT EXACTLY ARE YOU LOOKING FOR?

13         MR. QUINN:  EXACTLY, YOUR HONOR, THAT THERE WAS

14  EVIDENCE -- WHERE YOU WOULD GO TO LOOK, FOR EXAMPLE, JUST FOR

15  EXAMPLE, MR. LARIAN'S CALENDAR IN 1999, THAT MIGHT HAVE SHOWN

16  WHEN HE HAD MEETINGS WITH MR. BRYANT AND OTHERS, THAT IT'S

17  GONE, AND IT WAS DELETED AS OF WHEN...

18         THAT CAN BE DETERMINED.

19         THE COURT:  I UNDERSTAND THAT CAN BE DETERMINED.  BUT

20  WHAT DO YOU NEED TO MAKE THAT DETERMINATION?  YOU SAY YOU WANT

21  THE HARD DRIVES.  DO YOU WANT THE MIRROR IMAGES OF THE HARD

22  DRIVES?  WHAT EXACTLY ARE YOU LOOKING FOR?

23         MR. QUINN:  I WOULD HAVE TO GET ADVICE FROM THE

24  TECHNICAL PEOPLE, BUT I BELIEVE MIRROR IMAGES OF THE HARD

25  DRIVES.

1      MR. COREY: WE WANT TO MAKE FORENSIC IMAGES OF THE

2   HARD DRIVES, YOUR HONOR.

3      THE COURT: MR. NOLAN?

4      MR. NOLAN: YOUR HONOR, THE KEY PHRASE THAT MR. QUINN

5   READ WAS JUDGE INFANTE'S REFERENCE TO A FISHING EXPEDITION.

6      THERE HAVE BEEN A LOT OF ORDERS THAT HAVE BEEN ISSUED

7   BY JUDGE INFANTE. AND, GOD BLESS HIM, WE TALK ABOUT THE FACT

8   THAT WE DON'T THINK HE'S EVER SEEN A DISCOVERY MOTION THAT HE

9   DOESN'T LIKE. AND I SAY THAT WITH ALL DUE RESPECT, BUT HE'S

10  BEEN VERY LIBERAL WITH WHAT'S BEEN ALLOWED IN THIS CASE. IT'S

11  REMARKABLE, THE BREADTH OF DISCOVERY THAT HAS BEEN ALLOWED IN

12  THIS CASE.

13     ON THIS ONE, THE ONLY FACTUAL RECORD THAT WAS

14  PRESENTED BY MATTEL IS THE SIMPLE FACT, AND NOT UNREMARKABLE,

15  THAT MR. LARIAN, AT THE END OF THE YEAR WHEN A NEW COMPUTER

16  WOULD BE COMING IN, WOULD GIVE BACK HIS COMPUTER TO THE I.T.

17  DEPARTMENT. IT WOULD BE WIPED AND THEN RECIRCULATED TO OTHER

18  EMPLOYEES, I GUESS, WHO WERE NOT ENTITLED TO THE FASTEST AND

19  THE BEST. OR, IN INSTANCES WHERE -- AND IT'S HAPPENED IN OUR

20  FIRM -- AND THAT IS THAT ONE IS DAMAGED OR YOU SPILL SOMETHING

21  ON A COMPUTER AND YOU GET IT BACK OR YOU GET A REPLACEMENT.

22  WHEN IT GOES TO THE I.T. DEPARTMENT IN ORDER TO BE ASSIGNED

23  OUT, THEY WILL CLEAN IT.

24     THERE IS NO SHOWING WHATSOEVER, NOT ONE IOTA, THAT

25  THAT WIPING WAS DONE INTENTIONAL. THAT WAS THE REPRESENTATION.

1    THAT'S THE FULL RECORD THAT IS BEFORE JUDGE INFANTE.  AND IT IS

2    THE FACTUAL BASIS UPON WHICH HE MAKES HIS FINDING THAT WHAT

3    MATTEL NOW WANTS IS A FISHING EXPEDITION, YOUR HONOR.

4         FOR INSTANCE, I'M A LITTLE BIT -- I THINK IT'S

5    CURIOUS THAT WHEN WE, OF COURSE, WANT CARTER BRYANT'S

6    INFORMATION, PHONE RECORDS FROM MATTEL, INTERESTINGLY, THEY

7    WERE MISSING FOR THE MONTH OF OCTOBER OF 2000.

8         YOU MIGHT RECALL FROM AN EARLIER --

9         THE COURT:  I DO RECALL.

10        MR. NOLAN:  YOU KNOW, STUFF HAPPENS.  STUFF HAPPENS.

11   IF WE CAN'T FIND THE OUTLOOK, WE'LL PRODUCE IT IN HARD COPY, IF

12   WE HAVE IT.  BUT, YOUR HONOR, NOT A WHOLESALE PRODUCTION OF

13   DISKS THAT SIMPLY WERE RECYCLED.  AND IF THAT'S THE SHOWING

14   THAT'S ALLOWED NOW IN FEDERAL COURT, I JUST SUGGEST THERE'S A

15   LOT OF ROOM FOR MISCHIEF.

16        I WOULD ASK YOU TO RESPECT THE PRIVACY RIGHTS; I

17   WOULD ASK YOU TO HOLD THE STANDARD THAT JUDGE INFANTE ASKED

18   THEM TO DO; AND I WOULD ASK YOU TO LOOK SERIOUSLY AT HIS

19   DESCRIPTION THAT THIS IS A FISHING EXPEDITION.

20        THE COURT:  AND I WILL DO THAT.

21        WHAT I AM GOING TO DIRECT MATTEL TO DO -- AND THIS IS

22   NOT ANY INDICATION AS TO HOW THE COURT IS GOING TO RULE -- BUT

23   I WANT A PROPOSED ORDER SUBMITTED THAT WOULD JUST CAPTURE THE

24   LANGUAGE SO I HAVE A BETTER SENSE OF EXACTLY WHAT IT IS THAT

25   YOU ARE SEEKING.  I DON'T HAVE THAT FROM YOUR PAPERS THAT HAVE

1   BEEN SUBMITTED.  IT'S NOT AN INDICATION THAT I'M GOING TO

2   NECESSARILY ISSUE THAT ORDER.  BUT I WANT TO BE ABLE TO HAVE A

3   BETTER SENSE OF EXACTLY WHAT IT IS; THAT IF I DO DECIDE IN THAT

4   DIRECTION, WHAT I'D BE CALLED UPON TO ORDER TO BE PRODUCED.  I

5   WILL TAKE A CAREFUL SECOND LOOK AT JUDGE INFANTE'S ORDER --

6       MR. NOLAN:  I APPRECIATE THAT.

7       THE COURT:  -- AND APPLY THE SAME STANDARD THAT I

8   HAVE APPLIED THROUGHOUT THIS TO MY VIEW OF HIS DECISIONS.

9       MR. NOLAN:  IN SPECIFIC RESPONSE TO YOUR QUESTION, I

10  DO NOT BELIEVE THAT MGA IS IN POSSESSION OF CARTER BRYANT'S

11  HARD DRIVE DISKS.  I THINK THAT CARTER BRYANT HAS ALL OF THOSE;

12  THOSE WERE MADE AVAILABLE.

13      THE COURT:  YOU WOULD HAVE MR. LARIAN'S, THOUGH.

14      MR. NOLAN:  WE HAVE MR. LARIAN'S STUFF, WHAT'S

15  AVAILABLE, YOUR HONOR, WE DO.

16      THE COURT:  WHAT'S AVAILABLE?

17      MR. NOLAN:  I MEAN, I HAVE NOT PHYSICALLY LOOKED AT

18  IT.  WE HAVEN'T THROWN ANYTHING AWAY.

19      THE COURT:  ALL RIGHT.

20      MR. NOLAN:  IT'S THERE.

21      THE COURT:  THANK YOU, COUNSEL.

22      MR. QUINN:  YOUR HONOR, WE WILL SUBMIT THAT ORDER, OF

23  COURSE.  BUT WE GET INTO THIS ISSUE OF WHAT PREVIOUS COUNSEL

24  SAID, AGAIN.

25      THE COURT MAY RECALL THAT PATTY GLASER, WHEN SHE WAS

1    HERE ARGUING AND REPRESENTING MGA, SAID AND REPRESENTED TO THE

2    COURT THAT MGA IS PRESERVING EVERYTHING; THAT WAS THE

3    REPRESENTATION THAT WAS MADE.

4           THEN WE LEARNED FROM THE 30(B)(6) WITNESS THAT,

5    INDEED, EVEN WHILE THIS CASE IS PENDING, MR. LARIAN'S COMPUTER

6    IS COMPLETELY WIPED EVERY YEAR.

7           WELL, I SUBMIT THAT IN VIEW OF THAT, THAT'S

8    CONSISTENT WITH THE ALLEGATIONS IN THE COMPLAINT.

9           THE COURT:  THANK YOU, COUNSEL.

10          THE LAST ISSUE IS THE OSC.  AND MR. MCFARLAND, I

11   THINK I MAY HAVE CUT YOU OFF BEFORE YOUR APPEARANCE, BUT WHY

12   DON'T YOU MAKE YOUR APPEARANCE AND LET ME TAKE THAT UP.

13          THE COURT:  MR. COREY?

14          MR. COREY:  COULD I ASK FOR ONE MINUTE?  PERHAPS WE

15   CAN DO THAT AFTER?

16          THE COURT:  YOU MAY DO SO.

17          MR. MCFARLAND:  GOOD MORNING.  LARRY MCFARLAND ON

18   BEHALF OF MYSELF, MS. ARANT, MR. MARLOW AND MS. HALPERN.

19          THE COURT:  I DID RECEIVE YOUR SURREPLY ON FRIDAY,

20   WHICH I WAS ABLE TO TAKE HOME OVER THE WEEKEND; SO I DID HAVE A

21   CHANCE TO REVIEW IT.

22          WHAT I WANT TO SEPARATE OUT AT THIS POINT, COUNSEL,

23   ARE OBJECTIONS TO THE SUBPOENA ITSELF, OR THE SUBPOENAS, EITHER

24   ON YOUR OWN BEHALF OR ANY OF THE WITNESSES THAT YOU'RE

25   REPRESENTING.  YOU RAISE A NUMBER OF GROUNDS AS TO WHY THE

1   MR. COREY: I TOLD HIM, YEAH, I TOLD HIM HE DIDN'T

2   HAVE TO APPEAR BECAUSE HE WAS PHASE TWO AND THE COURT HAD

3   STAYED IT.

4       THE COURT: LET'S BE CAREFUL ON THIS, COUNSEL.

5       MR. COREY: THE LAST POINT IS THAT I BELIEVE

6   MR. NOLAN REFERRED TO AN AGREEMENT THAT MR. BOUSQUETTE HAS WITH

7   MATTEL THAT'S ATTACHED AS AN EXHIBIT TO MR. HERRINGTON'S

8   SUPPLEMENTAL DECLARATION.

9       THAT AGREEMENT HAS EXPIRED.

10      THANK YOU, YOUR HONOR.

11      THE COURT: ALL RIGHT. I'LL BE ISSUING AN ORDER.

12  THIS IS ONE OF THOSE ORDERS THAT YOU'LL BE LOOKING FOR THAT

13  WILL ACTUALLY BE OF SUBSTANCE AND NOT JUST A SEALING, COUNSEL.

14      YOU'RE GOING TO TURN IN A PROPOSED ORDER?

15      MR. QUINN: YES, YOUR HONOR.

16      THE COURT: ANYTHING FURTHER?

17      MR. COREY: NO, YOUR HONOR.

18              CERTIFICATE

19

20  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF

21  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

22  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

23

24

_____    _____

25  THERESA A. LANZA, RPR, CSR           DATE
    FEDERAL OFFICIAL COURT REPORTER