QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>             Plaintiff,<br><br>       vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Robert C. O'Brien pursuant to the Court's Orders of December 6, 2006 and January 6, 2009]**<br><br>REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS IN RESPONSE TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V. (PHASE 2)<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Arent Fox LLP<br><br>**Phase 2:**<br>Disc. Cut-off:     Dec. 11, 2009<br>Pre-trial Con.:    Mar. 1, 2010<br>Trial Date:        Mar. 23, 2010 |

...

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT.........................................................................................................2

I. MGA MAY NOT AVOID PRODUCTION BASED ON CONCLUSORY OBJECTIONS ..............................................................2

II. MGA MEXICO'S OFFER OF "RELEVANT" DOCUMENTS CONFLICTS WITH THE FEDERAL RULES AND PRIOR RULINGS .................................................................................................3

III. MGA MEXICO'S BLANKET PRIVILEGE OBJECTIONS SHOULD BE REJECTED ......................................................................5

IV. MATTEL'S REQUESTS ARE NOT OVERBROAD ...................................7

    A. Request Nos. 1-6 ...............................................................................8

    B. Request No. 7 ....................................................................................9

    C. Request No. 24 ................................................................................10

    D. Request No. 25 ................................................................................10

    E. Request No. 27 ................................................................................11

    F. Request No. 36 ................................................................................11

    G. Request No. 51 ................................................................................12

    H. Request No. 59 ................................................................................13

V. THE DISCOVERY MASTER ORDER DOES NOT REQUIRE MATTEL TO FILE A SEPARATE STATEMENT .......................................13

VI. MATTEL HAS ADEQUATELY MET AND CONFERRED, AND MGA MEXICO SHOULD BE SANCTIONED..............................................14

CONCLUSION....................................................................................................15

# TABLE OF AUTHORITIES

**Page**

## Cases

Athridge v. Aetna Cas. and Sur. Co.,
 184 F.R.D. 181 (D.D.C. 1998) ............................................................................. 4

Clarke v. American Commerce Nat'l Bank,
 974 F.2d 127 (9th Cir. 1992) ................................................................................ 6

Corvello Gail v. New England Gas Co., Inc.,
 243 F.R.D. 28 (D.R.I. 2007) ................................................................................. 7

Duran,
 F.Supp.2d, 2009 WL 2043516 (C.D. Cal. 2009) ................................................. 2

Lexington Ins. Co. v. Commonwealth Ins. Co.,
 1999 U.S. Dist. LEXIS 23428 (N.D. Cal. Sep. 17, 1999) .................................... 4

McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,
 894 F.2d 1482 (5th Cir. 1990) .............................................................................. 2

S.E.C. v. Schroeder,
 2009 U.S. Dist. LEXIS 51925 (N.D. Cal. June 10, 2009) ................................... 4

United States v. Blackman,
 72 F.3d 1418 (9th Cir. 1995) ............................................................................ 5, 6

W.E. Green v. Baca,
 219 F.R.D. 485 (C.D. Cal. 2003) ......................................................................... 7

White v. Ultramar, Inc.,
 21 Cal. 4th 563 (1999) ......................................................................................... 8

## Statutes

Federal Rule of Civil Procedure 26(b)(1) ............................................................... 8, 9

Federal Rule of Civil Procedure 45 ............................................................................ 7

Federal Rule of Civil Procedure 45(d)(2) .................................................................. 7

## Preliminary Statement

MGA Mexico objects that it should not have to respond to 67 of the document requests in Mattel's First Set of Requests because they are not relevant. Yet, MGA offers nothing more than its own "cursory review" to support this objection. It does not even attempt to defend the meritless relevance objections that it had actually asserted in response to Mattel's requests and that were refuted in Mattel's motion. MGA may not avoid discovery based on such conclusory pronouncements.

MGA Mexico states that, for the 25 other Mattel requests, it will produce "relevant" documents. But the Discovery Master previously ruled, and the case law is clear, that a party cannot cherry-pick documents that it deems "relevant." If MGA Mexico has responsive documents, they should be ordered to be produced.

Relying upon a series of pure hypotheticals, MGA Mexico argues that some of Mattel's requests are overbroad because responsive documents might include flower bills and lunch receipts. However, MGA Mexico does not provide any declaration or any evidence whatsoever that producing the documents sought by Mattel would actually be a burden for it or showing that the requests in fact would unduly sweep in documents that would be burdensome to produce, let alone create an undue burden in relationship to the importance of the information sought. As the Court has held, unsubstantiated burden arguments are no basis to avoid production of documents.

Indeed, along with its by now well-worn arguments about meeting and conferring and separate statements (contradicting its prior positions and contradicting even its own practice in this case, MGA Mexico now says Mattel should have filed one), MGA Mexico essentially contends that it should be allowed to produce any documents it pleases, any time that it pleases. Not only is that proposition contrary to the <u>Federal Rules</u> and the very purpose of discovery, but MGA Mexico has not produced a single document, "relevant" or otherwise. It has

1  not provided a privilege log. And, in its Opposition, it does not indicate when it will
2  ever produce even the documents it concedes must be produced. Quite simply,
3  MGA Mexico has refused to participate in discovery. For this conduct, and to
4  prevent future such conduct, MGA Mexico should be compelled to produce all
5  responsive documents and sanctioned.

## Argument

### I.  MGA MAY NOT AVOID PRODUCTION BASED ON CONCLUSORY OBJECTIONS

MGA Mexico argues that it should not have to produce documents in response to fifty-seven of Mattel's Requests, as it conclusorily asserts, those Requests are "largely irrelevant." (Opp. at 6.) But MGA Mexico does not defend a single one of the actual relevance objections it made in its Responses to Mattel's Requests. It does not dispute the significance of Vargas' or Trueba's roles as managing agents, nor does it object that the Requests relate to an improper time period.

MGA Mexico also makes no serious effort to refute the relevance showing that Mattel made in its motion. Instead, MGA Mexico now offers only that a "cursory review" reveals that these Requests seek "irrelevant" information. (Opp. at 7.) But a party cannot avoid discovery based on unsupported, conclusory objections. See, e.g., McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant, without more, were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable); Duran v. Cisco Systems, Inc., --- F.Supp.2d ---, 2009 WL 2043516,

at *3 (C.D. Cal. 2009) (party waived boilerplate objections which it did not argue in opposition to motion to compel).[1]

MGA Mexico should be compelled to produce responsive documents.

## II. MGA MEXICO'S OFFER OF "RELEVANT" DOCUMENTS CONFLICTS WITH THE FEDERAL RULES AND PRIOR RULINGS

As to Mattel's twenty-six other Requests, MGA Mexico posits that Mattel should have been satisfied by its statement that it would eventually produce "relevant" documents. "Essentially, the relief that Mattel requests in its Motion is what MGA Mexico has already offered, or at least, to which Mattel is entitled—the production of all relevant documents." (Opp. at 3.)

This argument has been rejected in prior Discovery Master rulings in this case and is contrary to the Federal Rules. As MGA fails to disclose to the current Discovery Master, in 2007, MGA had similarly responded to Mattel document requests by stating only that it would produce "relevant and responsive non-objectionable documents," and claimed that this response was sufficient. The prior Discovery Master ruled those responses were improper because "[t]hese restrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or

---

[1] MGA Mexico claims that "Mattel suggests that MGA's objections must be boilerplate simply because they were methodically crafted and thorough." (Opp. at 6.) That is incorrect. Mattel termed the objections boilerplate because they made virtually identical objections to *each and every* Request, without any explanation as to why a particular Request was overbroad, duplicative, or the basis of any of its other objections. That is the very definition of boilerplate. See Black's Law Dictionary (8th ed. 2004) (defining boilerplate as "[r]eady-made or all-purpose language that will fit in a variety of documents.").

'sufficient.'"[2] MGA's effort to resurrect this already rejected argument—without even disclosing that it is attempting to do so—is unavailing.

Moreover, the Federal Rules do not allow MGA Mexico to cherry-pick the documents it believes to be "relevant," while withholding others. Parties are entitled to a plain understanding of what is being produced, and what is not. A party may not make a vague statement that it is producing relevant documents—and withholding irrelevant ones—without any indication of what documents it believes relevant or irrelevant. See Athridge v. Aetna Cas. and Sur. Co., 184 F.R.D. 181, 190 (D.D.C. 1998) ("Asserting a relevance objection, then proceeding to agree to produce 'relevant, non-privileged' documents '[s]ubject to and without waiving' that objection, serves only to obscure potentially discoverable information and provides no mechanism for either plaintiffs or the Court to review defendant's decisions.").

Quite simply, allowing MGA Mexico to determine which documents are "relevant" would permit MGA Mexico to produce only what it wants to, and withhold anything it does not. Indeed, MGA Mexico's initial refusal to produce any documents at all—and its continued failure ***to produce a single document*** in response to Requests served months ago—confirm that, if not ordered to do so, MGA Mexico will not comply with *any* of the discovery requests at issue here.[3]

---

[2] Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses By MGA, dated May 15, 2007, attached as Exhibit 1 to the Declaration of Marshall M. Searcy, dated July 15, 2009 ("Searcy Dec.").

[3] MGA Mexico cites two cases for its vague relevance argument, but the cited cases themselves support Mattel's position. Thus, for example, Lexington Ins. Co. v. Commonwealth Ins. Co., 1999 U.S. Dist. LEXIS 23428 (N.D. Cal. Sep. 17, 1999) only declared the moving party's motion moot because the opposing party had "agreed to produce all *responsive*" documents, not all "relevant" ones, and in fact had already produced them. Id. at *6, *20 (emphasis as in Opposition). Similarly, in S.E.C. v. Schroeder, 2009 U.S. Dist. LEXIS 51925 (N.D. Cal. June 10, 2009), the opposing party had agreed to produce all "requested documents" not some undefined "relevant" subset of those documents. Id. at *4.

## III. MGA MEXICO'S BLANKET PRIVILEGE OBJECTIONS SHOULD BE REJECTED

In its Opposition, MGA Mexico asserts that Request Nos. 79-83, which seek payments of money to Vargas or Trueba, seek privileged information. Again, MGA Mexico disregards prior rulings. This Discovery Master has already found such information discoverable and compelled responses to interrogatories seeking similar information.[4] Additionally, the prior Discovery Master has compelled production of documents seeking information on such payments.[5] MGA Mexico provides no basis for revisiting these dispositive rulings rejecting its position.

MGA Mexico's argument fails in additional respects. MGA Mexico objects that Requests Nos. 79-83 would encompass payments of attorney's fees for Vargas and Trueba, but, as it concedes, payment of fees is not privileged information. See United States v. Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995)

---

[4] See Phase 2 Discovery Matter Order No. 11, dated March 30, 2009 at 23-25 (requiring MGA to respond to interrogatory asking MGA and Larian to identify "each and every payment of money or other item of value that MGA has made, or any promise, agreement, proposal or offer by MGA to pay money or give any item of value, to or on behalf of any of the FORMER MATTEL EMPLOYEES, including without limitation with respect to legal fees incurred by or on behalf of any of the FORMER MATTEL EMPLOYEES."), Searcy Dec., Exh. 3.

[5] See Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by MGA; Denying Request for Monetary Sanctions, dated August 13, 2007 (requiring MGA to produce documents in response to Requests 75, 85, 95, 105, and 115), Searcy Dec., Exh. 17; Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair Competition to MGA Entertainment, Inc., dated December 18, 2006, at Request Nos. Requests 75, 85, 95, 105, and 115 (seeking "[a]ll DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money, or any other item of value paid to [Machado, Vargas, Trueba, Brisbois or Brawer], whether directly or indirectly, by YOU."), attached as Exhibit 1 to the Supplemental Declaration of Marshall M. Searcy, filed concurrently herewith ("Supp. Searcy Dec.").

("client identity and the nature of the fee arrangement between attorney and client are not protected from disclosure by the attorney-client privilege"); Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 130 (9th Cir. 1992) ("Our decisions have recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege."). Indeed, both the Court and the prior Discovery Master have previously ruled that fee and indemnity agreements are not privileged and are relevant to bias and credibility.[6] Further, documents are not privileged regardless of whether the client in question is a party to the lawsuit. See, e.g., Blackman, 72 F.3d at 1426 (holding that fee arrangements of non-party clients were not protected by the attorney-client privilege).

Even assuming some documents were in fact privileged (a showing MGA Mexico does not make), MGA Mexico's contention would still be unavailing because it cannot excuse MGA Mexico from producing non-privileged documents.

---

[6] See Order Granting Mattel's Motion to Compel Documents, dated January 25, 2007, at 11-12, Searcy Dec., Exh. 13; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 10, Searcy Dec., Exh. 14; Order Granting in Part and Denying in Part Mattel's Motion to Enforce the Court's Order of January 25, 2007, to Compel Production of Documents by Carter Bryant and for Sanctions, dated June 19, 2007, at 2-4, Supp. Searcy Dec., Exh. 2; Order Re Motions Heard on June 11, 2007, dated June 27, 2007, at 33-34, Supp. Searcy Dec., Exh. 3. MGA Mexico's reliance on the Discovery Master's Order No. 27 is wholly misplaced. That Order denied a subpoena against Bingham McCutchen—a law firm—seeking "[a]ll documents referring or relating to any fee agreement or fee arrangement . . . ." The Discovery Master expressed concern that these Requests might include information not relating to the payment of fees. Here, MGA Mexico is no more likely to have a high proportion of privileged documents, nor is it entitled to any more protection, than any other party. Moreover, Judge Larson directed that that Order be reconsidered by the Discovery Master.

The law does not permit MGA Mexico to refuse discovery based on sweeping privilege claims. "A party may not make a blanket assertion of privilege in response to a discovery request." W.E. Green v. Baca, 219 F.R.D. 485, 491 (C.D. Cal. 2003) (collecting numerous cases). The prior Discovery Master also has so ruled in this case that such blanket privilege objections are impermissible. In its January 25, 2008 Order, the Discovery Master stated:

> "Rule 45(d)(2), Fed.R.Civ.P., requires a party responding to a subpoena to provide sufficient information to enable the party seeking discovery to assess the claims of privilege and work product protection. The 'universally accepted' means of claiming that requested documents are privileged is by producing a document-by-document privilege log. [Corvello] Gail v. New England Gas Co., Inc., 243 F.R.D. 28, 33 (D.R.I. 2007).

Order at 13.[7]  Here, MGA Mexico has produced no such log—or even represented that it would do so. Accordingly, its privilege objections cannot be a basis for its refusal to produce documents.

## IV. MATTEL'S REQUESTS ARE NOT OVERBROAD

MGA Mexico asserts that fifteen of Mattel's Requests are overbroad. As discussed below, they are not.

---

[7] Order Re: Mattel's Motions To Compel Farhad Larian, Kaye Scholer and Stern & Goldberg to Produce Documents, dated January 25, 2008, at 13, Supp. Searcy Dec., Exh. 4. The Discovery Master went on to state that even if there were a voluminous number of documents (which no one has showed here), such that a document-by-document log would be unduly burdensome, the disclosures must nonetheless provide sufficient information "to enable Mattel to assess the claims of privilege and work product protection as required by Rule 45, Fed.R.Civ.P." Id. at 14.

### A. Request Nos. 1-6

MGA Mexico argues these Requests are overbroad because they would require MGA Mexico to produce an agreement for "the weekly delivery of flowers for the MGA Mexico lobby" or for "a $20 lunch order." (Opp. at 8.) This unsubstantiated rhetorical flourish cannot excuse MGA Mexico's complete failures to produce any documents.

Given the complete lack of any *evidence* to support its contentions, MGA Mexico's hypotheticals are just that—hypothetical. MGA Mexico cannot speculate that some documents *may* exist in order to avoid producing others. In any case, if there *were* a large number of such documents—if, for example, Vargas was responsible for signing or approving every single contract that came into MGA Mexico—that would itself contradict MGA Mexico's claim that he is a mere low- or mid-level employee.[8]

Moreover, MGA Mexico cannot avoid discovery simply by conjuring a few hypothetical documents that are encapsulated by the Request, and saying they are irrelevant. The question is not whether each and every responsive document will be admissible, but rather whether the Request as a whole seeks documents likely to

---

[8] MGA Mexico also argues that the test for determining if someone is a managing agent is whether an employee has "substantial discretionary authority over corporate policy," but does not provide any basis for believing that this test would make Mattel's Requests any more or less relevant. Indeed, the very case it cites states that the test is "a question of fact for decision on a case-by-case basis," which necessarily includes a variety of factors. White v. Ultramar, Inc., 21 Cal. 4th 563, 567 (1999). Whether an employee has authority to enter into agreements on a corporation's behalf relates directly to whether an employee has discretion over corporate policy. Which vendors and other entities to do business with, and for what purpose, are an important basis of corporate policy. In any case, as discussed in Mattel's motion, the issue is not just managing agent status for purposes of punitive damages, but also to counter MGA Mexico's claims that it did not use Mattel's trade secrets to run MGA Mexico because Vargas and Trueba are mere "mid-level employees."

1  lead to the discovery of admissible evidence.  See Fed. R. Civ. P. 26(b)(1).  As a
2  whole, the contracts that Vargas or Trueba enter into on behalf of MGA Mexico are
3  probative of their authority at MGA Mexico.
4  　　　　　In addition, even for its hypotheticals, MGA Mexico does not provide
5  any declaration or other evidence whatsoever that producing the documents sought
6  by Mattel would actually be a burden for it or showing that the requests in fact
7  would unduly sweep in documents that would be burdensome to produce, let alone
8  create an undue burden in relationship to the relevance of the information sought.
9  As has been held by the Discovery Masters in this case on multiple occasions, such
10 unsubstantiated burden arguments are no basis to refuse production of documents.[9]

11 **B.    Request No. 7**

12 　　　　　MGA Mexico objects that this Request, which asks for information
13 regarding Vargas' interviews of candidates for employment, is overbroad because it
14 is not limited to interviews of current or former Mattel employees.  But the issue
15 here is whether Vargas and Trueba are managing agents, not merely whether they
16 attempted to hire other Mattel employees.  Having itself put their status and
17 authority at issue, MGA Mexico must produce this discovery.[10]

---

[9]  See, e.g., Phase 2 Discovery Matter Order No. 11, dated March 31, 2009, at 18 (rejecting burden objection because "[t]he MGA Parties do not provide any supporting declaration or specific evidence to support their assertion of burden beyond their assertion that the term 'MATTEL DOCUMENTS' refers to 8 boxes of documents"), Searcy Dec., Exh. 3; Phase 2 Discovery Matter Order No. 17, dated April 14, 2009, at 23 ("MGA has not provided any evidence . . . to support its claim of burden"), Searcy Dec., Exh. 18; Phase 2 Discovery Matter Order No. 22, dated April 28, 2009, ("MGA has not provided any evidence in connection with its opposition to support its claim of burden."), Searcy Dec., Exh. 12.

[10]  Nor do MGA Mexico's hypotheticals here assist its argument.  If Vargas and Trueba not only have their own assistants, but have the power to hire and fire those assistants, that is relevant to undercutting MGA's claims that they are mere low- or mid-level employees (who usually do not have assistants at all).  And, of course, the
　(footnote continued)

### C. Request No. 24

MGA Mexico argues that "[c]learly, not every business trip by these individuals over a two-year period could possibly relate to Mattel's claims." (Opp. at 10.) That is mistaken. First, low- or mid-level employees would not be expected to make many business trips. The number, purposes and locations of their trips may evidence broad responsibilities and authority for MGA Mexico. Second, Mattel has alleged that Vargas stole "virtually every type of document a competitor would need to enter the Mexican market and to unlawfully compete with Mattel in Mexico, in the United States, and elsewhere."[11] His business travel for MGA Mexico—which would generally correlate with meetings important enough to travel for—could show the ways he is using that information, such as targeting Mattel customers or suppliers based on Mattel's trade secret information.

### D. Request No. 25

MGA Mexico asserts, without elaboration, that it is "obvious" this Request is overbroad because Mattel should not "get every single communication between these individuals regarding almost every aspect of MGA's business." (Opp. at 10.) Quite to the contrary, Larian is the CEO of MGA. Presumably, he does not frequently speak to each and every low- or mid-level employee of MGA Mexico. Moreover, if Vargas *does* have communications with Larian regarding "almost every aspect of MGA's business," that itself would be probative of Mattel's claim that he is involved in almost every aspect of MGA Mexico, and was hired to run it. And, of course, the content of those communications is crucial, since they may show Larian's delegation of decisionmaking and other responsibilities to these employees. Finally, as with its contentions as to the other requests, MGA Mexico does not prove

---

identity of their assistants is itself relevant because it may lead to the identification of witnesses. Fed. R. Civ. P. 26(b)(1) (discovery properly includes, inter alia, "the identity and location of persons who know of any discoverable matter.").

[11] Third Amended Answer and Counterclaims at ¶ 55, Searcy Dec., Exh. 1.

that the burden of producing such discovery is undue in relationship to its relevance. Because it bears that burden, MGA Mexico's argument fails for this additional reason.

### E. Request No. 27

MGA Mexico argues that the Request is overbroad because "one would expect Vargas to discuss MGA's main competitor with Larian." First, as discussed above, one would not expect a purported low- or mid-level employee of MGA Mexico to communicate with Larian at all. And, as noted, the content of those communications is crucial, since they may show either the assumption or delegation of decisionmaking and other responsibilities to or by these employees. Second, MGA Mexico's claim that communications between Vargas and Larian regarding Mattel would not all be relevant, or likely to lead to the discovery of admissible evidence, disregards Mattel's claims and MGA Mexico's own defenses. Defendants claim that they had no knowledge of Vargas' trade secret theft, and never used any of his trade secret information. Communications between them regarding Mattel are directly linked to showing this claim is false. Indeed, Mattel is seeking communications between two *named members* of a RICO conspiracy directed at Mattel. Such communications are directly pertinent to this case.

### F. Request No. 36

MGA Mexico attempts to minimize the relevance of this Request, which asks for documents related to Vargas' or Trueba's control of MGA Mexico's funds, by arguing that this Request encapsulates "petty cash disbursement[s]," which are "not the slightest bit relevant to Phase 2." (Opp. at 11.) Yet, if there were a large number of these documents, as MGA Mexico posits, these documents would show that Vargas and Trueba have control of how MGA Mexico spends its money. Further, if Vargas and Trueba were paid from these funds, it could show that MGA Mexico was rewarding them for their trade secret thefts. In any event, whether MGA Mexico can come up with hypothetical responsive documents that might seem

unimportant is not the issue. The Request, as a whole, seeks information regarding Vargas' or Trueba's control of MGA Mexico's funds, which indicates their role in MGA Mexico, and payments made to them, which is directly relevant to several Mattel claims. Having chosen to put the nature and scope of their activities for MGA Mexico at issue, MGA Mexico is in no position to refuse to produce documents relating to these activities. Nor, as elsewhere, does MGA Mexico prove that producing this discovery is undue in relationship to its relevance.

### G. Request No. 51

MGA Mexico's objections here—to a Request which it had already stated it would produce "relevant" documents—demonstrates the unreasonableness of MGA Mexico's position. MGA Mexico has sought and compelled identical documents from Mattel.[12] Nonetheless, to avoid production of communications with law enforcement regarding Vargas or Trueba, MGA Mexico strains for hypotheticals regarding a possible "break-in at MGA Mexico" where Vargas was interviewed by the police. (Opp. at 12.) MGA Mexico has not established that any such break-ins ever occurred or carried its burden of proving undue burden.[13] MGA Mexico's attempts to avoid discovery through convoluted speculation—and for good measure, as its purported basis for refusing to produce the same discovery that it has forced Mattel to produce—should be rejected.

---

[12] See Phase 2 Discovery Matter Order No. 6, dated March 13, 2009, at 9-19, Searcy Dec., Exh. 9.

[13] Nor is MGA Mexico correct that such documents would be irrelevant. Vargas' communications with the police or law enforcement authorities on MGA Mexico's behalf would be plainly probative of his authority and responsibilities for MGA Mexico. They also could show that Vargas and defendants attempted to destroy evidence—as noted by specific allegations of Mattel's complaint, and listed as a RICO predicate act—under the guise of theft. See Third Amended Answer and Counterclaims at ¶¶ 58, 104(c), Searcy Dec., Exh. 1.

### H. Request No. 59

Finally, MGA Mexico objects to a Request seeking documents relating to Vargas' or Trueba's duties to protect MGA Mexico's trade secrets because "MGA Mexico's 'trade secrets and confidential information' are not at issue in this case." (Opp. at 13.) MGA Mexico ignores the relevance showing that Mattel made in its moving papers. Defendants have argued that Mattel's trade secrets do not qualify for protection both because they are not in fact trade secrets, and because Mattel has not taken reasonable steps to protect them. However, if MGA Mexico takes similar or less stringent steps to protect its own information, that fact tends to contradict defendants' argument that Mattel has acted unreasonably. (See Motion at 10.) These documents should be compelled.

## V. THE DISCOVERY MASTER ORDER DOES NOT REQUIRE MATTEL TO FILE A SEPARATE STATEMENT

MGA Mexico urges that Mattel's motion should be denied because it does not provide the Discovery Master with a separate statement which repeats the same arguments as to each and every Request, rather than making those arguments once in its motion. MGA Mexico's argument contradicts defendants' own prior position. In opposing Mattel's motion to compel regarding subpoenas to Omni, IGWT, and Vision Capital, MGA argued: "Mattel's Separate Statement In Support of Its Motion to Compel . . . is another classic example of Mattel's inefficiency and disregard for the Court's limited time and resources, given that its 159 pages consist primarily of more verbatim reproductions of its argument from its Motion to Compel, pasted into the Separate Statement no less than five times."[14]

---

[14] MGA Parties' Opposition to Mattel's Motion to Compel Production of Documents Responsive to Third-Party Receiver Subpoenas Issued By Mattel, dated February 17, 2009, at 19, Supp. Searcy Dec., Exh. 5.

Furthermore, the Discovery Master rejected this argument because there was nothing in the Order Appointing a Discovery Master prohibiting a separate statement. "[N]othing in the Discovery Master Order prevents a party from filing a separate statement."[15] Just as there is nothing in the Order that prevents a separate statement, there is nothing that requires it. Indeed, defendants themselves have filed discovery motions in this case without any Separate Statement, so MGA Mexico's argument is not even consistent with defendants' own conduct and their own reading of the Discovery Master Order.

MGA Mexico's spurious procedural argument should be rejected.[16]

## VI. MATTEL HAS ADEQUATELY MET AND CONFERRED, AND MGA MEXICO SHOULD BE SANCTIONED

MGA Mexico claims Mattel has not adequately met and conferred. This is baseless. Mattel notified MGA Mexico of the deficiencies in its responses twice, on both June 18, 2009 and June 24, 2009. On June 25, 2009, the last day by which MGA Mexico could meet and confer, it simply sent a letter, stating that it would produce "relevant" documents in response to a handful of Requests, and that as to those Requests and all others, it would "stand by its objections." As the Discovery Master has previously ordered, because Mattel sought a meet and confer and because the matter was not resolved within the time required by the Discovery

---

[15] Phase 2 Discovery Matter Order No. 3, dated March 10, 2009, at 9-10, Supp. Searcy Dec., Exh. 6.

[16] Here, due to the number of Requests involved, a separate statement would have been unduly repetitive of arguments Mattel made as to categories of Requests, pasted below each individual Request in that category. So not only is MGA Mexico wrong that Mattel's motion was procedurally defective, but Mattel believed there was little to no benefit to filing one here. In any case, should the Discovery Master desire a separate statement for this motion, Mattel is ready to promptly file one.

Master Order due to defendants' failures to meet and confer, Mattel has fully complied with its obligations.[17]

Moreover, MGA Mexico outright refuses to respond to 57 Requests. As to the other 25 Requests, it has offered only a response that would limit its production to "relevant" documents cherry-picked by MGA Mexico—a proposition previously rejected by the Discovery Master. It has not produced a single document, four months after having been served with Mattel's Requests. It offers no timetable for any production. In light of MGA Mexico's outright refusal to participate in discovery, its meet and confer argument is nothing more than an effort to forestall the discovery it does not want to provide. In light of this conduct, sanctions are appropriate and necessary.

**Conclusion**

Mattel respectfully requests that its motion be granted in its entirety.

DATED: July 27, 2009         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                             By /s/ Michael T. Zeller
                                Michael T. Zeller
                                Attorneys for Mattel, Inc.

---

[17] Phase 2 Discovery Matter Order No. 1, dated February 12, 2009, at 2 ("If the dispute has not been resolved within five court days after such service [of a meet and confer letter], the moving party may seek relief from the Discovery Master by formal motion or letter brief, at the moving party's option."), Supp. Searcy Dec., Exh. 7.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On July 27, 2009, I served true copies of the following document(s) described as **REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS IN RESPONSE TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V. (PHASE 2)** on the parties in this action as follows:

Thomas J. Nolan, Esq.
Jason D. Russell, Esq.
Skadden Arps Slate Meagher & Flom
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071
thomas.nolan@skadden.com
jason.russell@skadden.com

Melinda Haag
Annette L. Hurst
Warrington S. Parker III
Orrick, Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
mhaag@orrick.com
ahurst@orrick.com
wparker@orrick.com

William A. Molinski
Orrick, Herrington & Sutcliffe, LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
wmolinski@orrick.com

Mark E. Overland, Esq.
Alexand H. Cote, Esq.
Overland Borenstein Scheper & Kim LLP
601 West Fifth Street, 125th Floor
Los Angeles, CA 90071
moverland@scheperkim.com
acote@scheperkim.com

Todd E. Gordinier
Bingham McCutchen LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626
todd.gordinier@bingham.com

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from cyrusnaim@quinnemanuel.com on July 27, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 27, 2009, at Los Angeles, California.

/s/ Cyrus Naim
Cyrus Naim

07975/3005518.1