# EXHIBIT 13

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:      (415) 774-2611
Facsimile:       (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART<br>MATTEL'S MOTION TO COMPEL<br>MGA TO PRODUCE<br>COMMUNICATIONS REGARDING<br>THIS ACTION** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL,<br>INC. | |

I. INTRODUCTION

On February 4, 2008, Mattel, Inc. ("Mattel") submitted a "Motion to Compel MGA to

Produce Communications Regarding this Action." On February 11, 2008, MGA Entertainment,

Inc., Isaac Larian, MGA Entertainment (HK) Limited and MGAE de Mexico S.R.L. de C.V.

(collectively "MGA") submitted an opposition. On February 14, 2008, Mattel submitted a reply.

On April 9, 2008, Mattel submitted the Second Supplemental Declaration of Dylan Proctor in

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1    support of its motion.  The matter was heard on April 11, 2008.

2                                    II. BACKGROUND

3         In March of 2005, Mattel propounded its First Set of Requests for Production of

4    Documents and Tangible Things.  Request No. 48 in Mattel's First Set of Requests, the only

5    request at issue in this motion, sought from MGA "[a]ll non-privileged COMMUNICATIONS

6    between YOU and any PERSON that REFER or RELATE TO this action."  MGA objected to the

7    Request on several grounds, including relevancy, overbreadth and undue burden.

8         In January of 2008, Mattel wrote to MGA to request a meet and confer conference

9    regarding Request No. 48.  Mattel offered to narrow the Request to "communications that refer or

10   relate to this action that (i) involve at least one MGA employee who holds or held a position of

11   manager or higher; (ii) involve MGA's agents and/or attorneys acting on MGA's behalf; or (iii)

12   involve a former Mattel employee who communicated about this action while employed by

13   MGA, regardless of title."  Mattel's Motion at p.4.  In response, MGA agreed to search for and

14   produce management-level communications if Mattel would agree to pay the costs.  The parties

15   were unable to reach any agreement regarding Request No. 48, and consequently Mattel filed the

     instant motion.

16        Mattel seeks an order compelling MGA to produce documents responsive to Request No.

17   48, as narrowed during the meet and confer process.  Mattel contends that the requested

18   communications are likely to lead to impeachment evidence and information about witness biases.

19   Mattel also contends that the requested communications are likely to lead to evidence to support

20   its RICO claims, and in particular, its allegation that MGA has induced Mattel employees to steal

21   Mattel's confidential information or other property and take it with them to MGA, and its

22   allegation that MGA has engaged in spoliation of evidence.

23        Mattel contends that Request No. 48, as narrowed, is limited to MGA's core personnel, its

24   authorized agents and attorneys who communicate about this action, and former Mattel

25   employees at MGA.  Mattel contends that these three groups represent a finite, reasonable list of

26   individuals whose communications about this case are likely to be relevant.  Mattel also contends

27   that cost-shifting is not appropriate because the discovery it seeks is not unduly burdensome.

28

EXHIBIT  13
PAGE  238

MGA objects to the narrowed version of the Request. In MGA's view, the Request remains a generalized catch-all request for communications that might be related in any conceivable way to the case. MGA also objects to the Request because of the sheer number of MGA employees who would fall within its scope (*i.e.*, 204 MGA employees who hold or held a position of manager or higher and approximately 70 former Mattel employees who have worked for MGA) and the cost associated with searching and reviewing employees' files. MGA further contends that Mattel's request for non-privileged communications from MGA's current or prior counsel that refer to this litigation is particularly burdensome for several reasons, including the length of time this case has been pending, the number of firms and attorneys involved, and the difficulty of sorting out privileged communications from non-privileged communications. MGA contends that MGA's motion should also be denied because Request No. 48 is cumulative and duplicative of other discovery Mattel has sought and obtained in this case. In the event the court grants Mattel's motion in any respect, MGA requests that the court shift costs and order Mattel to pay the cost associated with the collection, review and production of responsive documents.

Mattel's most recent submission indicates that during the meet and confer process, MGA agreed to search for and produce, at its own expense, communications relating to this action involving senior MGA personnel and former Mattel employees, if Mattel would limit its request to ten individuals. Mattel countered MGA's proposal with a list of twenty-three individuals. Mattel contends that, at the very least, MGA should be ordered to produce non-privileged communications relating to this action involving the following MGA personnel and former Mattel employees, as well as MGA's counsel: (1) Isaac Larian, (2) Paula Garcia, (3) Maria Elena Salazar, (4) Margaret Leahy, (5) Mercedeh Ward, (6) David Malacrida, (7) Ron Brawer, (8) Daphne Gronich, (9) Craig Holden, (10) Jeanine Posini, (11) Bryan Armstrong, (12) Samir Khare, (13) Janine Brisbois, (14) Carlos Gustavo Machado Gomez, (15) Mariana Trueba Almada, (16) Pablo Vargas San Jose, (17) Susanna Kuemmerle, (18) Schuyler Bacon, (19) Nanette Black, (20) Nick Contreras, (21) Dan Cooney, (22) Jorge Castilla and (23) Jill Hatch. Second Supp. Proctor Decl.

### III. STANDARDS

In general, parties may obtain discovery regarding any matter, not privileged, that is

EXHIBIT __13__
PAGE __239__

relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). All discovery, however, "is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed.R.Civ.P. 26(b)(1). Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).

## IV. DISCUSSION

To the extent Mattel seeks full compliance with the narrowed version of Request No. 48, Mattel's motion is denied. Even as narrowed, Request No. 48 requires the production of communications concerning a very broad subject matter, namely communications "that REFER or RELATE to this action."[1]

The narrowed Request is also objectionable because it is not reasonably tailored to seek the information that Mattel claims it needs. With respect to Mattel's purported need for evidence relating to witness credibility and bias, the Request is not limited to any particular witness or groups of witnesses in the case. The Request is also not limited to pertinent subject matters, such as the preservation or spoliation of evidence, a witness' prospective testimony, or MGA's offers or agreements to pay the witness' fees. Furthermore, with respect to Mattel's purported need for evidence to support its RICO claims, the requested discovery is premature in light of the stay on Phase 2 discovery.

---

[1] In its reply brief, Mattel attempts to defend its Request as "well-defined in subject matter" by explaining that it is only seeking "communications relating to testimony in, or knowledge or information about, this action; or relating to gathering and collecting documents in this action; or destroying or altering evidence; or payments relating to this action." Mattel's Reply at p. 1. Mattel, however, did not propose any of these subject matter limitations previously. Even if it had, the breadth of the narrowed Request would still be unjustified under Rule 26(b)(2)(C), Fed.R.Civ.P.

EXHIBIT __13__
PAGE __240__

The narrowed Request is also unduly burdensome insofar as Mattel seeks non-privileged communications from MGA's current or prior counsel that refer to this litigation. This litigation has been ongoing for nearly four years, during which time discovery has been extensively and aggressively pursued by both sides. Furthermore, to comply with Mattel's narrowed Request, MGA would have to review a considerable number of attorneys' files from the three separate law firms that have represented MGA, and scrutinize every attorney communication for privilege. Under these circumstances, the burden and expense of culling and producing the requested communications involving MGA's attorneys substantially outweigh their likely benefit, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

The narrowed Request also remains overbroad and unduly burdensome because of the number of MGA employees that would fall within its scope. By MGA's estimations, there are 204 MGA employees who hold or have held a position of manager or higher, and approximately 70 former Mattel employees who have worked for MGA. Requiring MGA to review the files of so many employees for potentially responsive communications is unwarranted taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.[2]

Request No. 48 is also cumulative and duplicative of discovery that Mattel has sought and obtained in this case. By MGA's calculations, it has produced more than 4.2 million pages of documents in response to over 2700 document requests, several of which call for documents that are also responsive to Request No. 48. See e.g. Mattel's First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Nos. 7-9, 12, 44; Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Nos. 31, 49, 50; Mattel's First Set of Requests for Documents and Things to Isaac Larian Nos. 118, 147, 153, 193; and Mattel's Subpoena to Farhad Larian, Request No. 25.

Nevertheless, the court has considered Mattel's eleventh hour request for production of communications involving the twenty-three individuals identified above. Based upon the

---

[2] In its reply brief, Mattel proposes that, at the least, its Request should be granted as to communications involving MGA's senior employees. Mattel's Reply at pp. 1, 10. Although Mattel's proposal reduces the total number of communications involving MGA employees, it is not enough to tip the balance of benefit and burden to justify the Request.

EXHIBIT 13
PAGE 241

1   information provided in Mattel's supplemental submission, it is evident that communications

2   involving more than half of the individuals identified above may be relevant, if at all, to Phase 2

3   issues. In view of the stay on Phase 2 discovery, Mattel's request is denied as to the following

4   individuals: Ron Brawer, Janine Brisbois, Carlos Gustavo Machado Gomez, Mariana Trueba

5   Almada, Pablo Vargas San Jose, Susanna Kuemmerle, Schuyler Bacon, Nanette Black, Nick

6   Contreras, Dan Cooney, Jorge Castilla and Jill Hatch.

7           Daphne Gronich, Craig Holden, Jeanine Posini, Bryan Armstrong and Samir Khare have

8   been or currently are employed in MGA's legal department. As discussed previously, the burden

9   and expense of culling and producing communications involving these five individuals outweigh

10  the likely benefit of the discovery, taking into consideration the factors set forth in Rule

11  26(b)(2)(C), Fed.R.Civ.P. Therefore, Mattel's request is denied as to these five individuals.

12          Mattel's request is granted as to the remaining individuals, namely, Isaac Larian, Paula

13  Garcia, Maria Elena Salazar, Margaret Leahy, Mercedeh Ward, and David Malacrida. Based

14  upon the information provided in Mattel's supplemental submission, communications about this

    case involving these individuals are likely to be relevant.

15                              V. CONCLUSION

16          For the reasons set forth above, Mattel's Motion to Compel MGA to Produce

17  Communications Regarding This Action is granted with respect to communications involving

18  Isaac Larian, Paula Garcia, Maria Elena Salazar, Margaret Leahy, Mercedeh Ward and David

19  Malacrida. Mattel's motion is denied in all other respects.

20          Nothing in this Order is intended to authorize or preclude Mattel from seeking additional

21  documents responsive to Request No. 48 as part of Phase 2 discovery.

22          Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

23  Master, MGA shall file this Order with the Clerk of Court forthwith.

24

25  Dated: April 14, 2008

26                                      HON. EDWARD A. INFANTE (Ret.)
                                              Discovery Master
27

28

Bryant v. Mattel, Inc.,                                                          6
CV-04-09049 SGL (RNBx)

EXHIBIT __13__
PAGE __242__

1 | Hon. Edward A. Infante (Ret.)
JAMS
2 | Two Embarcadero Center
Suite 1500
3 | San Francisco, California 94111
Telephone:    (415) 774-2611
4 | Facsimile:    (415) 982-5287

5

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | EASTERN DIVISION

11

12 | CARTER BRYANT, an individual,                    CASE NO. CV 04-09049 SGL (RNBx)
JAMS Reference No. 1100049530
13

14 |     Plaintiff,

15 |     v.                                       Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727
16 | MATTEL, INC., a Delaware corporation,

17 |     Defendant.                           ORDER GRANTING IN PART AND
DENYING IN PART MATTEL'S
MOTION TO COMPEL PRODUCTION
18 |                                                   OF DOCUMENTS AND THINGS BY
MGA ENTERTAINMENT, INC.;
19 |                                                   DENYING REQUEST FOR
SANCTIONS
20 | CONSOLIDATED WITH
MATTEL, INC. v. BRYANT and
21 | MGA ENTERTAINMENT, INC. v. MATTEL,
INC.
22

23

24 | I. INTRODUCTION

25 |     On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Production of

26 | Documents and Things by MGA Entertainment, Inc. ("MGA") and for Award of Monetary

27

28 | Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                              1

EXHIBIT 13
PAGE 243

1   Sanctions.  Specifically, Mattel seeks an order compelling MGA to produce documents and things

2   responsive to Request Nos. 1-88 of Mattel's Third Set of Requests for Documents and Things, as

3   well as a complete privilege log identifying any documents responsive to these Requests that have

4   been withheld on privilege grounds.  On February 7, 2008, MGA submitted an opposition, and on

5   February 14, 2008, Mattel submitted a reply.  On April 9, 2008, Mattel submitted the

6   Supplemental Declaration of Jon D. Corey, and the next day MGA submitted the Supplemental

7   Declaration of Bernard Shek.  The motion was heard on April 11, 2008.

8                                                 II. DISCUSSION

9           Rule 26 of the Federal  Rules of Civil Procedure provides that "[p]arties may obtain

10   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

11   party."  Fed.R.Civ.P. 26(b)(1).  The court shall, however, limit the frequency or extent of use of

12   the discovery methods if the court determines that (i) the discovery sought is unreasonably

13   cumulative or duplicative, or is obtainable from some other source that is more convenient, less

14   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

15   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

16   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

17   amount in controversy, the parties' resources, the importance of the issues at stake in the

18   litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.

19   26(b)(2)(C).

20   A.  Documents and Things Related to Other Bratz-Related Lawsuits and Claims by MGA That

21   Other Dolls or Products Infringe Bratz (Request Nos. 1-30)

22           In Request Nos. 1-30, Mattel asks for documents and things relating to MGA's assertion of

23   rights relating to Bratz and to twenty-five different litigations that Mattel defines as the "BRATZ

24   LAWSUITS."  These requests are grossly overbroad and unduly burdensome.  The mere fact that

25   Bratz was the subject of separate and unrelated litigation between MGA (and its affiliates) and

26   various third parties does not render every pleading, discovery response, order, exhibit, transcript

27

28

Bryant v. Mattel, Inc.,                                                                                           2
CV-04-09049 SGL (RNBx)

EXHIBIT ___13___
PAGE _____244___

1   or other document or thing relating to these twenty-five different litigations relevant to this

2   litigation. Mattel has made no attempt to narrow these requests to the claims and defenses in this

3   case. For example, Request No. 6 seeks "[a]ll DOCUMENTS that REFER OR RELATE TO any

4   claim or contention by YOU (other than in this ACTION) that any doll, product or other matter,

5   whether in whole or in part, that has been sold, offered for sale, manufactured, distributed,

6   promoted or advertised by any PERSON INFRINGES BRATZ." Kidman Decl., Ex. 1. The

7   phrase "REFER OR RELATE" is defined expansively to mean "constituting, embodying,

8   containing, referring to, commenting on, evidencing, regarding, discussing, describing,

9   mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating,

10  revoking or otherwise relating to in any manner." Id. As another example, Request No. 20 seeks

11  "[a]ll DOCUMENTS produced or made available for inspection by YOU in the BRATZ

12  LAWSUITS." Kidman Decl., Ex. 1. Mattel has not demonstrated how all of these requested

13  documents could be relevant to the claims and defenses in this case.

14      Further, to the extent Request Nos. 1-30 encompass relevant documents and things, the

15  requests are unreasonably cumulative of other discovery Mattel has sought and received from

16  MGA. According to MGA's calculations, MGA has produced more than 20,000 pages of

17  documents relating to more than a dozen other lawsuits, including numerous sworn statements

18  and testimony. Moreover, the burden and expense of responding to Request Nos. 1-30, which

19  cover seven years worth of litigation from twenty-five separate lawsuits, far outweigh the likely

20  benefit of the discovery, particularly in light of the production of documents MGA has already

21  made. Accordingly, Mattel's motion is denied as to Request Nos. 1-30.

22  B. Documents Relating to Any Use or Considered Use of the Term "Jade" (Request No. 31)

23      In Request No. 31, Mattel seeks documents related to the use or considered use of the term

24  "Jade" in connection with any MGA doll or product. In its supplemental response, MGA agrees

25  to produce non-privileged documents in its possession, custody or control, if any, that it is able to

26  locate following a reasonably diligent search, that were created prior to January 1, 2001 and refer

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT __13__

PAGE __245__

1 | or relate to the use, or considered, proposed or potential use, of the term "Jade" in connection with

2 | any MGA doll, product or other matter.  The parties' most recent submissions indicate that Mattel

3 | is prepared to limit the time frame for its request through September 30, 2001, whereas MGA

4 | proposes through June 30, 2001.

5 |      Mattel's motion to compel production of documents responsive to Request No. 31 is

6 | granted with respect to the period through June 30, 2001.  Bratz was released to the market

7 | sometime in June 2001, and thus MGA's proposed time frame is reasonably tailored to include

8 | documents relevant to the creation and development of Bratz.  To the extent Mattel seeks

9 | documents beyond what MGA agrees to produce, Mattel's motion is denied.  The burden and

10 | expense of requiring MGA to conduct another search for responsive documents at this stage in the

11 | litigation far outweigh the likely benefit of the discovery, taking into consideration all of the

12 | factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

13 | C. Documents and Things Related to Sandra Bilotto, the "Prayer Angels" (Request Nos. 32-41)

14 |      In Request Nos. 32-41, Mattel seeks documents and things related to Sandra Bilotto, a

15 | former Mattel vendor and the sculptor of MGA's "Prayer Angels" dolls.  In its supplemental

16 | responses, MGA agrees to produce documents requested in Nos. 35, 37, 39 and 41, limited to the

17 | period prior to January 1, 2001.  MGA objects to producing any additional documents responsive

18 | to this category of requests.

19 |      The parties' most recent submissions indicate that Mattel agrees to defer its motion to

20 | compel as to Request Nos. 32, 33, 36 and 38 in light of the stay on Phase 2 discovery, and to

21 | withdraw its motion as to Request Nos. 34, 35, 37 and 39 based upon MGA's representations

22 | regarding the completeness of its document production.[1]  Further, Mattel agrees to limit Request

23 |

24 |

25 |     [1] Although Mattel agrees to withdraw its motion as to Request Nos. 34, 35, 37 and 39, Mattel requests that

26 | MGA update its supplemental responses to these requests to reflect what documents MGA has produced.  Mattel's request is granted.  MGA shall serve supplemental responses to these requests no later than April 30, 2008.

27 |

28 | Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 13

PAGE 246

1   Nos. 40 and 41 to documents through September 30, 2001. In contrast, MGA proposes limiting

2   Request Nos. 40 and 41 to documents through June 30, 2001.

3       Mattel's motion to compel production of documents responsive to Request Nos. 40 and 41

4   is granted consistent with MGA's proposal. To the extent Mattel seeks documents beyond what

5   MGA agrees to produce, Mattel's motion is denied on the grounds that the discovery is overly

6   broad and unduly burdensome, taking into consideration all of the factors set forth in Rule

7   26(b)(2)(C), Fed.R.Civ.P.

8   D. MGA's Communications With and Payments to Paula Garcia (Request Nos. 42, 76, 77)

9       In Request Nos. 42, 76 and 77, Mattel seeks communications between Isaac Larian and

10   Paula Garcia, and documents regarding MGA's payments to Ms. Garcia. Ms. Garcia was MGA's

11   Bratz project manager. Prior to her employment with MGA, Ms. Garcia was employed by Mattel.

12       The parties' most recent submissions indicate that Mattel agrees to narrow Request No. 42

13   to communications through September 30, 2001. In contrast, MGA proposes limiting Request

14   No. 42 to communications between Mr. Larian and Ms. Garcia that refer or relate to Carter Bryant

15   or Bratz through June 30, 2001.

16       Mattel's motion to compel production of documents responsive to Request No. 42 is

17   granted consistent with MGA's proposal. To the extent Mattel seeks additional communications

18   beyond what MGA agrees to produce, Mattel's motion is denied because the discovery sought is

19   overbroad, unduly burdensome, and cumulative of other Phase 1 discovery Mattel has previously

20   sought and received. See Temkin Decl., ¶3.

21       With respect to Request Nos. 76-77, Mattel's recent submission indicates that Mattel is

22   willing to withdraw its motion if MGA represents that it has produced and can identify documents

23   that show the total amount of payments made to Ms. Garcia. MGA provides the requested

24   representation and identification of documents in its April 10, 2008 submission. During the April

25   11, 2008 hearing, however, it was apparent that these requests remained at issue.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5



EXHIBIT __13__
PAGE __247__

1    Mattel's motion is denied as to Request Nos. 76-77 because MGA has already produced

2  documents sufficient to show what payments MGA has made to Ms. Garcia.  See Supp. Shek

3  Decl., Ex. at p.6.  Furthermore, although the requests encompass relevant documents, the requests

4  are overbroad and unduly burdensome, taking into consideration all of the factors set forth in Rule

5  26(b)(2)(C), Fed.R.Civ.P.

6  E. Documents Relating to the Development of Scooter Samantha (Request Nos. 43-55)

7    In Request Nos. 43-55, Mattel seeks documents and things related to the conception,

8  design and development of MGA's Scooter Samantha products.  Mattel's motion is denied as to

9  these requests because they relate primarily to Phase 2 of this case, and discovery relating to

10  Phase 2 has been stayed.  Mattel's reasons for seeking such discovery in Phase 1 are twofold:  to

11  develop evidence to challenge MGA's product development timeline for Bratz and to impeach

12  Ms. Garcia's credibility.  Mattel's stated reasons do not justify the substantial breadth and burden

13  of the requested discovery, taking into consideration all of the factors set forth in Rule

14  26(b)(2)(C), Fed.R.Civ.P.

15  F. Documents Relating to the Development of Scot Reyes and the Development of Space Babes

16  (Request Nos. 56-75)

17    In Request Nos. 56-75, Mattel seeks documents and things related to the conception,

18  design and development of Space Babes and to Scot Reyes, a former Mattel employee.  Mattel's

19  most recent submission indicates that Mattel agrees to defer its motion to compel as to Request

20  Nos. 56-75 in light of the stay on Phase 2 discovery.

21  G. Personnel and Vendor Files (Request Nos. 78-88)

22    In Request Nos. 78-88, Mattel seeks all personnel and vendor files for more than 120

23  individuals.  In its supplemental responses, MGA agrees to produce non-privileged documents

24  from the personnel and vendor files of the individuals identified in Request Nos. 78-86 to the

25  extent such documents relate to work that the individuals performed relating to Bratz prior to

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 13
PAGE 248

1   January 1, 2001.  MGA objects to producing any documents responsive to Request Nos. 87 and

2   88.

3          The parties' most recent submissions indicate that MGA proposes to produce documents

4   from the personnel and vendor files of the individuals identified in Request Nos. 78-86 that relate

5   to any work they performed on Bratz, Angel and Prayer Angel through June 30, 2001.  Mattel

6   contends that it is entitled to all documents it has requested.

7          Mattel's motion is granted as to Request Nos. 78-86 consistent with MGA's proposal.  To

8   the extent Mattel seeks any additional documents responsive to Request Nos. 78-86, Mattel's

9   motion is denied pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P.

10          Mattel's motion is also denied as to Request Nos. 87 and 88 (files for former Mattel

11   employees), because they relate primarily to Phase 2 issues.  To the extent Request Nos. 87 and

12   88 include documents potentially relevant to Phase 1 issues, these requests are overbroad and

13   unduly burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

14   Fed.R.Civ.P.

15                                    III. CONCLUSION

16          For the reasons set forth above, Mattel's motion to compel is granted as to Request Nos.

17   31, 40-42 and 78-86, only to the extent MGA agrees to produce responsive documents as

18   reflected in MGA's Supplemental Declaration of Bernard Shek dated April 10, 2008.  MGA shall

19   produce documents and things in accordance with this order, as well as privilege log identifying

20   responsive documents withheld on the basis of privilege, no later than April 30, 2008.  Further,

21   MGA shall serve supplemental responses to Request Nos. 34, 35, 37 and 39 no later than April

22   30, 2008.

23   Mattel's motion to compel is denied in all other respects.  Mattel's request for sanctions is denied.

24          In view of the stay on Phase 2 discovery, this Order does not address the propriety of any

25   of Mattel's requests for purposes of Phase 2 discovery.  Nothing in this Order is intended to

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                      7

EXHIBIT __13__
PAGE __249__

1   authorize or preclude Mattel from seeking further production of documents in response to Request

2   Nos. 1-88 during Phase 2 discovery.

3     Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

4   Master, Mattel shall file this Order with the Clerk of Court forthwith.

5

6   Dated: April/4, 2008

7           HON. EDWARD A. INFANTE (Ret.)

8            Discovery Master

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                  8

EXHIBIT  13
PAGE  250

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California  94111
Telephone:     (415) 774-2611
Facsimile:      (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL,<br>INC. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER DENYING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA IN RESPONSE TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS; DENYING MGA'S REQUEST FOR SANCTIONS** |

## I. INTRODUCTION

On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Production of Documents by MGA Entertainment, Inc. ("MGA") in Response to Mattel's Fifth Set of Requests for Documents and Things. Mattel's Fifth Set of Requests consists of 47 requests for documents

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

EXHIBIT   13
PAGE   201

1 | relating to MGA's corporate governance and structure and relating to the financial relationship

2 | between MGA and Isaac Larian ("Larian").  On February 7, 2008, MGA submitted an opposition,

3 | and on February 15, 2008, Mattel submitted a reply.  On April 11, 2008, at 3:59 a.m., Mattel

4 | submitted the declaration of Melissa Grant in further support of its Motion, which attaches 28

5 | exhibits and totals well over 800 pages.  The motion was heard on April 11, 2008.  A few hours

6 | after the hearing, MGA submitted the declaration of Bernard Shek in response to Mattel's

7 | declaration.

8 |      Mattel contends that the requested documents are relevant to issues of damages, joint and

9 | several liability and enforcement of judgments.  Further, Mattel contends that MGA's and Larian's

10 | financial document productions are, in many respects, inadequate.  See Grant Decl. submitted

11 | April 11, 2008.  Among other things, Mattel contends that the following documents and

12 | information are missing from MGA's production: identity of the preparer or source of

13 | information for the lists of assets and liabilities of Larian and his wife for 2006 and 2007, and the

14 | underlying source information for the lists; the identity of the preparer or source of information

15 | for the list of banks (including the list of Bear Stearns and Merrill Lynch accounts), and the

16 | account numbers and addresses for the listed institutions; detailed "general ledgers" for 1999 and

17 | 2000; underlying documentation for MGA's general ledgers; underlying information for the

18 | entries listed on the 1999 and 2000 "Historical Trial Balance Summaries"; Bratz-specific

19 | information regarding individual vendor cost incurred and product development; specific bank

20 | information, including statements of accounts, cancelled checks, wire transfers, expense reports,

21 | receipts, dividend distribution records, payment vouchers, documentation of salary; shareholder

22 | records; the identity of the preparer or source of information for the various spreadsheets and

23 | "check" rosters, the underlying source data for these documents, the date they were created, and

24 | where they were stored; the source and use of the millions of dollars of wire transfers to and from

25 | MGA's Union Bank account that are reflected in the bank records produced by Union Bank; the

26 | bank records from other banks that appear to have conducted Bratz business with MGA;

27 | comprehensive and verifiable unaudited "profit & loss" statements for 1999 through 2004;

28 |

EXHIBIT 13
PAGE 252

1  information regarding corporate formation, governance, shareholder interests and distributions;
2  and information regarding the rights and interests that MGA's subsidiaries have in Bratz. Grant
3  Decl.

4          MGA counters that Mattel has made only generalized assertions of relevancy, which
5  MGA contends are insufficient to justify each of the requests at issue. MGA also contends that
6  the requests at issue are objectionable because they are overbroad, unduly burdensome, and
7  duplicative or cumulative of other discovery Mattel has already sought and received.

8                                    II. DISCUSSION

9          Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain
10  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any
11  party." Fed.R.Civ.P. 26(b)(1). The court shall, however, limit the frequency or extent of use of
12  the discovery methods if the court determines that (i) the discovery sought is unreasonably
13  cumulative or duplicative, or is obtainable from some other source that is more convenient, less
14  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
15  discovery in the action to obtain the information sought; or (iii) the burden or expense of the
16  proposed discovery outweighs its likely benefit, taking into account the needs of the case, the
17  amount in controversy, the parties' resources, the importance of the issues at stake in the
18  litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.
19  26(b)(2)(C).

20          Mattel's motion is denied as to Request Nos. 1-11 and 23-47. Although the requests may
21  encompass relevant documents, they are overbroad and unduly burdensome, taking into
22  consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P. These requests are
23  overbroad because, among other things, Mattel defines "YOU," "YOUR" and "MGA" to mean
24  "all current or former subsidiaries, divisions, AFFILIATES [defined as 'any and all corporations,
25  proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly
26  or indirectly, in whole or in part, own or control, are under common ownership or control with, or
27  are owned or controlled by a PERSON, party, or entity, including without limitation each parent,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT __B__
PAGE __253__

1  subsidiary and joint venture of such PERSON, party, or entity'], predecessors-in-interest and

2  successors-in-interest."  Jih Decl., Ex. 1.

3      Many requests are also overbroad and unduly burdensome because they seek documents

4  from before 1999.  See Request Nos. 4-7.  Mattel has made no attempt to place a reasonable

5  temporal scope on its requests.  Many requests are also cumulative, duplicative, and unduly

6  burdensome because they seek documents previously requested and received by Mattel.  See e.g.

7  MGA's Objections and Responses to Mattel's Fifth Set, p. 13.  Although Mattel has identified

8  some purported deficiencies in MGA's production of financial documents, these purported

9  deficiencies do not justify the substantial breadth and burden of the discovery Mattel now seeks.

10      Mattel's motion is also denied as to Request Nos. 12-22.  Although these requests seek

11  relevant financial documents relating to Larian, they are overbroad and unduly burdensome.

12  Furthermore, Mattel has already propounded and received substantial discovery seeking the same

13  or similar information.  See MGA's Objections and Responses to Mattel's Fifth Set, p. 44.  By

14  MGA's estimation, MGA has produced tens of thousands of pages of documents, including

15  documents showing Larian's net worth, gross income and its sources, and pertinent banking

16  information.  Although Mattel has identified some purported deficiencies in the production of

17  Larian's financial documents, these purported deficiencies do not justify the broad discovery

18  Mattel now seeks.

19                          III. CONCLUSION

20      For the reasons set forth above, Mattel's motion to compel is denied.  MGA's request for

21  sanctions is denied.  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

22  Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

23

24  Dated: April 14, 2008                    _____
                                             HON. EDWARD A. INFANTE (Ret.)
25                                               Discovery Master

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                          4

EXHIBIT  13
PAGE  254

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 14, 2008, I served the

attached: (1) ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE

COMMUNICATIONS REGARDING THIS ACTION; (2) ORDER GRANTING IN PART AND DENYING

IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA

ENTERTAINMENT, INC.; DENYING REQUEST FOR SANCTIONS; AND (3) ORDER DENYING

MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MAGA IN RESPONSE TO

MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS; DENYING MGA'S

REQUEST FOR SANCTIONS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Cheryl Plambeck, Esq. | Davis & Gilbert LLP | cplambeck@dglaw.com |

EXHIBIT __13__

PAGE __255__

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 14, 2008, at San Francisco, California.

_Sandra Chan_

EXHIBIT 13
PAGE 256

# EXHIBIT 14

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:   (415) 774-2611
4   Facsimile:   (415) 982-5287

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10                            EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13            Plaintiff,

14       v.                                Consolidated with
                                           Case No. CV 04-09059
15  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

16            Defendant.                    ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
17                                         MOTION TO COMPEL PRODUCTION
                                           OF DOCUMENTS AND THINGS BY
18                                         MGA ENTERTAINMENT, INC.;
                                           DENYING REQUEST FOR
19                                         SANCTIONS

20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
22

23

24                          I. INTRODUCTION

25       On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Production of

26  Documents and Things by MGA Entertainment, Inc. ("MGA") and for Award of Monetary

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                     1

4-15-08

EXHIBIT 14
PAGE 257

1  Sanctions.  Specifically, Mattel seeks an order compelling MGA to produce documents and things
2  responsive to Request Nos. 1-88 of Mattel's Third Set of Requests for Documents and Things, as
3  well as a complete privilege log identifying any documents responsive to these Requests that have
4  been withheld on privilege grounds.  On February 7, 2008, MGA submitted an opposition, and on
5  February 14, 2008, Mattel submitted a reply.  On April 9, 2008, Mattel submitted the
6  Supplemental Declaration of Jon D. Corey, and the next day MGA submitted the Supplemental
7  Declaration of Bernard Shek.  The motion was heard on April 11, 2008.

8                                    II. DISCUSSION

9          Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain
10  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any
11  party."  Fed.R.Civ.P. 26(b)(1).  The court shall, however, limit the frequency or extent of use of
12  the discovery methods if the court determines that (i) the discovery sought is unreasonably
13  cumulative or duplicative, or is obtainable from some other source that is more convenient, less
14  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
15  discovery in the action to obtain the information sought; or (iii) the burden or expense of the
16  proposed discovery outweighs its likely benefit, taking into account the needs of the case, the
17  amount in controversy, the parties' resources, the importance of the issues at stake in the
18  litigation, and the importance of the proposed discovery in resolving the issues.  Fed.R.Civ.P.
19  26(b)(2)(C).

20  A.  Documents and Things Related to Other Bratz-Related Lawsuits and Claims by MGA That
21  Other Dolls or Products Infringe Bratz (Request Nos. 1-30)

22          In Request Nos. 1-30, Mattel asks for documents and things relating to MGA's assertion of
23  rights relating to Bratz and to twenty-five different litigations that Mattel defines as the "BRATZ
24  LAWSUITS."  These requests are grossly overbroad and unduly burdensome.  The mere fact that
25  Bratz was the subject of separate and unrelated litigation between MGA (and its affiliates) and
26  various third parties does not render every pleading, discovery response, order, exhibit, transcript

27

28  Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                          2

EXHIBIT 14
PAGE 258

1  or other document or thing relating to these twenty-five different litigations relevant to this

2  litigation. Mattel has made no attempt to narrow these requests to the claims and defenses in this

3  case. For example, Request No. 6 seeks "[a]ll DOCUMENTS that REFER OR RELATE TO any

4  claim or contention by YOU (other than in this ACTION) that any doll, product or other matter,

5  whether in whole or in part, that has been sold, offered for sale, manufactured, distributed,

6  promoted or advertised by any PERSON INFRINGES BRATZ." Kidman Decl., Ex. 1. The

7  phrase "REFER OR RELATE" is defined expansively to mean "constituting, embodying,

8  containing, referring to, commenting on, evidencing, regarding, discussing, describing,

9  mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating,

10  revoking or otherwise relating to in any manner." Id. As another example, Request No. 20 seeks

11  "[a]ll DOCUMENTS produced or made available for inspection by YOU in the BRATZ

12  LAWSUITS." Kidman Decl., Ex. 1. Mattel has not demonstrated how all of these requested

13  documents could be relevant to the claims and defenses in this case.

14      Further, to the extent Request Nos. 1-30 encompass relevant documents and things, the

15  requests are unreasonably cumulative of other discovery Mattel has sought and received from

16  MGA. According to MGA's calculations, MGA has produced more than 20,000 pages of

17  documents relating to more than a dozen other lawsuits, including numerous sworn statements

18  and testimony. Moreover, the burden and expense of responding to Request Nos. 1-30, which

19  cover seven years worth of litigation from twenty-five separate lawsuits, far outweigh the likely

20  benefit of the discovery, particularly in light of the production of documents MGA has already

21  made. Accordingly, Mattel's motion is denied as to Request Nos. 1-30.

22  B. Documents Relating to Any Use or Considered Use of the Term "Jade" (Request No. 31)

23      In Request No. 31, Mattel seeks documents related to the use or considered use of the term

24  "Jade" in connection with any MGA doll or product. In its supplemental response, MGA agrees

25  to produce non-privileged documents in its possession, custody or control, if any, that it is able to

26  locate following a reasonably diligent search, that were created prior to January 1, 2001 and refer

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT  14
PAGE  269

1   or relate to the use, or considered, proposed or potential use, of the term "Jade" in connection with

2   any MGA doll, product or other matter.  The parties' most recent submissions indicate that Mattel

3   is prepared to limit the time frame for its request through September 30, 2001, whereas MGA

4   proposes through June 30, 2001.

5        Mattel's motion to compel production of documents responsive to Request No. 31 is

6   granted with respect to the period through June 30, 2001.  Bratz was released to the market

7   sometime in June 2001, and thus MGA's proposed time frame is reasonably tailored to include

8   documents relevant to the creation and development of Bratz.  To the extent Mattel seeks

9   documents beyond what MGA agrees to produce, Mattel's motion is denied.  The burden and

10  expense of requiring MGA to conduct another search for responsive documents at this stage in the

11  litigation far outweigh the likely benefit of the discovery, taking into consideration all of the

12  factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

13  C. Documents and Things Related to Sandra Bilotto, the "Prayer Angels" (Request Nos. 32-41)

14       In Request Nos. 32-41, Mattel seeks documents and things related to Sandra Bilotto, a

15  former Mattel vendor and the sculptor of MGA's "Prayer Angels" dolls.  In its supplemental

16  responses, MGA agrees to produce documents requested in Nos. 35, 37, 39 and 41, limited to the

17  period prior to January 1, 2001.  MGA objects to producing any additional documents responsive

18  to this category of requests.

19       The parties' most recent submissions indicate that Mattel agrees to defer its motion to

20  compel as to Request Nos. 32, 33, 36 and 38 in light of the stay on Phase 2 discovery, and to

21  withdraw its motion as to Request Nos. 34, 35, 37 and 39 based upon MGA's representations

22  regarding the completeness of its document production.[1]  Further, Mattel agrees to limit Request

23

24

25       [1] Although Mattel agrees to withdraw its motion as to Request Nos. 34, 35, 37 and 39, Mattel requests that

26  MGA update its supplemental responses to these requests to reflect what documents MGA has produced.  Mattel's
    request is granted.  MGA shall serve supplemental responses to these requests no later than April 30, 2008.

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                                    4



EXHIBIT 14
PAGE 760

1   Nos. 40 and 41 to documents through September 30, 2001.  In contrast, MGA proposes limiting

2   Request Nos. 40 and 41 to documents through June 30, 2001.

3       Mattel's motion to compel production of documents responsive to Request Nos. 40 and 41

4   is granted consistent with MGA's proposal.  To the extent Mattel seeks documents beyond what

5   MGA agrees to produce, Mattel's motion is denied on the grounds that the discovery is overly

6   broad and unduly burdensome, taking into consideration all of the factors set forth in Rule

7   26(b)(2)(C), Fed.R.Civ.P.

8   D. MGA's Communications With and Payments to Paula Garcia (Request Nos. 42, 76, 77)

9       In Request Nos. 42, 76 and 77, Mattel seeks communications between Isaac Larian and

10  Paula Garcia, and documents regarding MGA's payments to Ms. Garcia.  Ms. Garcia was MGA's

11  Bratz project manager.  Prior to her employment with MGA, Ms. Garcia was employed by Mattel.

12      The parties' most recent submissions indicate that Mattel agrees to narrow Request No. 42

13  to communications through September 30, 2001.  In contrast, MGA proposes limiting Request

14  No. 42 to communications between Mr. Larian and Ms. Garcia that refer or relate to Carter Bryant

15  or Bratz through June 30, 2001.

16      Mattel's motion to compel production of documents responsive to Request No. 42 is

17  granted consistent with MGA's proposal.  To the extent Mattel seeks additional communications

18  beyond what MGA agrees to produce, Mattel's motion is denied because the discovery sought is

19  overbroad, unduly burdensome, and cumulative of other Phase 1 discovery Mattel has previously

20  sought and received.  See Temkin Decl., ¶3.

21      With respect to Request Nos. 76-77, Mattel's recent submission indicates that Mattel is

22  willing to withdraw its motion if MGA represents that it has produced and can identify documents

23  that show the total amount of payments made to Ms. Garcia.  MGA provides the requested

24  representation and identification of documents in its April 10, 2008 submission.  During the April

25  11, 2008 hearing, however, it was apparent that these requests remained at issue.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 14
PAGE 261

1      Mattel's motion is denied as to Request Nos. 76-77 because MGA has already produced

2  documents sufficient to show what payments MGA has made to Ms. Garcia. See Supp. Shek

3  Decl., Ex. at p.6. Furthermore, although the requests encompass relevant documents, the requests

4  are overbroad and unduly burdensome, taking into consideration all of the factors set forth in Rule

5  26(b)(2)(C), Fed.R.Civ.P.

6  E. Documents Relating to the Development of Scooter Samantha (Request Nos. 43-55)

7      In Request Nos. 43-55, Mattel seeks documents and things related to the conception,

8  design and development of MGA's Scooter Samantha products. Mattel's motion is denied as to

9  these requests because they relate primarily to Phase 2 of this case, and discovery relating to

10  Phase 2 has been stayed. Mattel's reasons for seeking such discovery in Phase 1 are twofold: to

11  develop evidence to challenge MGA's product development timeline for Bratz and to impeach

12  Ms. Garcia's credibility. Mattel's stated reasons do not justify the substantial breadth and burden

13  of the requested discovery, taking into consideration all of the factors set forth in Rule

14  26(b)(2)(C), Fed.R.Civ.P.

15  F. Documents Relating to the Development of Scot Reyes and the Development of Space Babes

16  (Request Nos. 56-75)

17      In Request Nos. 56-75, Mattel seeks documents and things related to the conception,

18  design and development of Space Babes and to Scot Reyes, a former Mattel employee. Mattel's

19  most recent submission indicates that Mattel agrees to defer its motion to compel as to Request

20  Nos. 56-75 in light of the stay on Phase 2 discovery.

21  G. Personnel and Vendor Files (Request Nos. 78-88)

22      In Request Nos. 78-88, Mattel seeks all personnel and vendor files for more than 120

23  individuals. In its supplemental responses, MGA agrees to produce non-privileged documents

24  from the personnel and vendor files of the individuals identified in Request Nos. 78-86 to the

25  extent such documents relate to work that the individuals performed relating to Bratz prior to

26

27

28

EXHIBIT 14
PAGE 202

1   January 1, 2001. MGA objects to producing any documents responsive to Request Nos. 87 and

2   88.

3       The parties' most recent submissions indicate that MGA proposes to produce documents

4   from the personnel and vendor files of the individuals identified in Request Nos. 78-86 that relate

5   to any work they performed on Bratz, Angel and Prayer Angel through June 30, 2001. Mattel

6   contends that it is entitled to all documents it has requested.

7       Mattel's motion is granted as to Request Nos. 78-86 consistent with MGA's proposal. To

8   the extent Mattel seeks any additional documents responsive to Request Nos. 78-86, Mattel's

9   motion is denied pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P.

10       Mattel's motion is also denied as to Request Nos. 87 and 88 (files for former Mattel

11   employees), because they relate primarily to Phase 2 issues. To the extent Request Nos. 87 and

12   88 include documents potentially relevant to Phase 1 issues, these requests are overbroad and

13   unduly burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

14   Fed.R.Civ.P.

15                  III. CONCLUSION

16       For the reasons set forth above, Mattel's motion to compel is granted as to Request Nos.

17   31, 40-42 and 78-86, only to the extent MGA agrees to produce responsive documents as

18   reflected in MGA's Supplemental Declaration of Bernard Shek dated April 10, 2008. MGA shall

19   produce documents and things in accordance with this order, as well as privilege log identifying

20   responsive documents withheld on the basis of privilege, no later than April 30, 2008. Further,

21   MGA shall serve supplemental responses to Request Nos. 34, 35, 37 and 39 no later than April

22   30, 2008.

23   Mattel's motion to compel is denied in all other respects. Mattel's request for sanctions is denied.

24       In view of the stay on Phase 2 discovery, this Order does not address the propriety of any

25   of Mattel's requests for purposes of Phase 2 discovery. Nothing in this Order is intended to

26

27

28   Bryant v. Mattel, Inc.,
      CV-04-09049 SGL (RNBx)                                    7

EXHIBIT 14
PAGE 263

1   authorize or preclude Mattel from seeking further production of documents in response to Request

2   Nos. 1-88 during Phase 2 discovery.

3        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

4   Master, Mattel shall file this Order with the Clerk of Court forthwith.

5

6   Dated: April 14, 2008

7                              HON. EDWARD A. INFANTE (Ret.)

8                                Discovery Master

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT __14__
PAGE __264__

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 14, 2008, I served the attached: (1) ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE COMMUNICATIONS REGARDING THIS ACTION; (2) ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC.; DENYING REQUEST FOR SANCTIONS; AND (3) ORDER DENYING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MAGA IN RESPONSE TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS; DENYING MGA'S REQUEST FOR SANCTIONS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Cheryl Plambeck, Esq. | Davis & Gilbert LLP | cplambeck@dglaw.com |

EXHIBIT ___14___

PAGE ___265___

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 14, 2008, at San Francisco, California.

Sandra Chan

EXHIBIT __14__
PAGE __246__

# EXHIBIT 15

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California  94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)
                                         JAMS Reference No. 1100049530
13           Plaintiff,

14       v.                              Consolidated with
                                         Case No. CV 04-09059
15  MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

16           Defendant.                  ORDER GRANTING MGA PARTIES'
                                         MOTION FOR CLARIFICATION
17                                       REGARDING PORTIONS OF
                                         FEBRUARY 15, 2008 ORDER
18                                       GRANTING IN PART AND DENYING
                                         IN PART MATTEL'S MOTION TO
19                                       COMPEL RESPONSES TO
                                         INTERROGATORY NOS. 27-44 AND
20                                       46-50 BY THE MGA PARTIES
21  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
22  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
23

24

25       On March 3, 2008, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE

26  De Mexico, S.R.L. de C.V. ("MGA Mexico") and Isaac Larian (collectively "MGA Parties")

27  submitted a Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                          1

4-22

EXHIBIT 15
PAGE 767

1   Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and

2   46-50 by the MGA Parties.  On March 10, 2008, Mattel, Inc. ("Mattel") submitted an opposition,

3   and on March 13, 2008, the MGA Parties submitted a reply.  Pursuant to Paragraph 5 of the

4   Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it

5   appropriate to decide the motion without oral argument.

6          The purpose of the MGA Parties' motion is to confirm the MGA Parties' understanding

7   that any obligation under the February 15, 2008 Order to provide supplemental responses to

8   certain interrogatories is stayed by the operation of the February 4, 2008 Minute Order of the

9   district court staying Phase 2 discovery.  In particular, the MGA Parties seek an order confirming

10  that (i) any obligation of the MGA Parties under the February 15, 2008 Order to respond to

11  Interrogatory Nos. 41 (other than as to Carter Bryant), 43 and 44 is stayed on the grounds that

12  these interrogatories seek Phase 2 discovery; and (2) any obligation of MGA Mexico under the

13  February 15, 2008 Order to provide supplemental interrogatory responses is stayed on the

14  grounds that discovery directed to MGA Mexico, which was formed in April 2004, constitutes

15  Phase 2 discovery.

16         As a threshold matter, the MGA Parties' Motion for Clarification is procedurally

17  appropriate in view of the district court's stay on Phase 2 discovery, notwithstanding Mattel's

18  assertion to the contrary.  The district court imposed the stay on Phase 2 discovery after the close

19  of briefing on Mattel's motion to compel.  The parties did not address in their papers which

20  interrogatories related solely to Phase 2.  Nor was the stay on Phase 2 discovery the principal

21  focus of the February 11, 2008 hearing, although the stay was mentioned.

22         Having reviewed the interrogatories at issue in this Motion for a second time, it is

23  apparent that the interrogatories are relevant primarily, if not exclusively, to Phase 2.  To the

24  extent the interrogatories at issue encompass information that may be relevant to any Phase 1

25  issue, the potential relevance of the information sought is substantially outweighed by the burden

26  and expense of requiring the MGA Parties to provide supplemental responses in the few

27  remaining weeks before the Phase 1 trial.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 15
PAGE 268

1        Accordingly, the MGA Parties' motion is granted.  The MGA Parties' obligation to

2    supplement their responses to Interrogatory Nos. 41 (other than as to Carter Bryant), 43 and 44,

3    and MGA Mexico's obligation to supplement any of the interrogatories directed to it, are hereby

4    stayed until further order of the district court lifting the stay on Phase 2 discovery.

5        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

6    Master, Mattel shall file this Order with the Clerk of Court forthwith.

7

8    Dated: April 22, 2008

9                       HON. EDWARD A. INFANTE (Ret.)
                      Discovery Master

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                3

EXHIBIT 15
PAGE 269

<u>PROOF OF SERVICE BY E-MAIL</u>

I, Sandra Chan, not a party to the within action, hereby declare that on April 22, 2008, I served the attached: (1) ORDER DENYING MATTEL'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF VERONICA MARLOW; (2) ORDER GRANTING THIRD-PARTY MATTHEW BOUSQUETTE'S MOTION TO QUASH SUBPOENA; DEEMING MOOT MATTEL'S MOTION FOR PROTECTIVE ORDER RE: MATTHEW BOUSQUETTE; and (3) ORDER GRANTING MGA PARTIES' MOTION FOR CLARIFICATION REGARDING PORTIONS OF FEBRUARY 15, 2008 ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA PARTIES in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Christopher G. Caldwell | Caldwell Leslie & Proctor, PC | caldwell@caldwell-leslie.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 22, 2008, at San Francisco, California.

_____
Sandra Chan

EXHIBIT  15
PAGE  270

# EXHIBIT 16



THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071
Tel.: (213) 687-5000/Fax: (213) 687-5600

KENNETH PLEVAN (admitted *pro hac vice*)
(kplevan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY  10046
Tel.: (212) 735-3000 / Fax: (212) 735-2000

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | MGA'S PRELIMINARY RESPONSE TO MATTEL'S MOTION FOR LETTERS OF REQUEST |
| v. | |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

2·15·08

MGA'S PRELIMINARY RESPONSE TO MATTEL'S MOTION FOR LETTERS OF REQUEST

EXHIBIT 16
PAGE 271

On January 28, 2008, the final day of Phase I discovery, Mattel filed a motion for issuance of Letters of Request for International Judicial Assistance to allow it to take the depositions of two non-parties (Jeanine Brisbois and MGA Canada) in Canada. Jeanine Brisbois is a former Mattel employee who went to work for MGA Canada in 2005. In its motion, Mattel identifies the witnesses as relevant to its Phase 2 RICO, conspiracy, and misappropriation of trade secret counterclaims. Mattel does not contend that the depositions are relevant to any Phase 1 issues.

In its February 4, 2008 Order, the Court stayed all Phase 2 discovery, including motions relating to Phase 2 discovery, until after the conclusion of Phase 1 of the trial. In light of the Court's ruling, MGA will respond to Mattel's motion at the appropriate time after the conclusion of the Phase 1 trial. MGA hereby reserves all of its rights in connection with Mattel's motion, including whether the motion should have been directed to the Discovery Master.

DATED: February 15, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _Thomas J. Nolan_____
    Thomas J. Nolan
    Attorney for MGA Entertainment, Inc.

EXHIBIT 16
PAGE 272

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:     tnolan@skadden.com

5  KENNETH PLEVAN (admitted *pro hac vice*)
   (kplevan@skadden.com)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Four Times Square
7  New York, NY  10036
   Tel.: (212) 735-3000 / Fax: (212) 735-2000
8
   Attorneys for Counter-Defendants,
9  MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
   (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
10
11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                  EASTERN DIVISION

14 | CARTER BRYANT, an individual | ) | CASE NO. CV 04-9049 SGL (RNBx) |
15 |              Plaintiff, | ) | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
16 |       v. | ) | |
17 | MATTEL, INC., a Delaware corporation | ) | **PROOF OF SERVICE** |
18 |              Defendant. | ) | |
19 | | ) | |
20 | | ) | |
21 | | ) | |
22 | Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | ) | Discovery Cut-Off:  January 28, 2008 |
23 | | ) | |
24 | | ) | |
25
26
27
28
                        2·15·08

PROOF OF SERVICE                                    NO. CV 04-9049 SGL (RNBx)

EXHIBIT __16__
PAGE __273__

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On February 15, 2008, I served the foregoing documents described as:

### SEE ATTACHED DOCUMENT LIST

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

☒   (BY PERSONAL SERVICE)   ☐   By personally delivering copies to the person served. (FEDERAL)

☒   I caused such document to be hand delivered to the above addressees. (FEDERAL)

☒   (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on February 15, 2008 at Los Angeles, California.

_____Matthew Bowman_____          _____
PRINT NAME                                SIGNATURE

-3-

PROOF OF SERVICE                                   NO. CV 04-9049 SGL (RNBx)

EXHIBIT __16__
PAGE __274__

1                                **DOCUMENT LIST**

2    1) MGA'S PRELIMINARY RESPONSE TO MATTEL'S MOTION FOR
3    LETTERS OF REQUEST

4
5    2)  PROOF OF SERVICE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

EXHIBIT __16__
PAGE ___275___

1 | <u>SERVICE LIST</u>

2

3 | John B. Quinn, Esq.
Michael T. Zeller, Esq.

4 | Jon D. Corey, Esq.
Timothy L. Alger, Esq.

5 | Quinn Emanuel Urquhart Oliver &
Hedges, LLP

6 | 865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

7 | (213) 443-3000
(213) 443-3100 (Fax)

8

9 | Attorneys for Mattel, Inc.
[Personal Service]

10

11

12 | Mark E. Overland, Esq.
Alexander H. Cote, Esq.

13 | David C. Scheper, Esq.
Overland Borenstein Scheper & Kim

14 | 300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

15 | (213) 613-4655
(213) 613-4656 (Fax)

16 | [Federal Express]

17

18

19

20

21

22

23

24

25

26

27

28

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Federal Express]

-5-

EXHIBIT 16
PAGE 276

# EXHIBIT 17

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2 | (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnnemanuel.com)
    865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6 | Facsimile:  (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 | [Additional Counsel Listed On Following Page]

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13  Plaintiff, | Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727 |
| 14  vs. | |
| 15  MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 16  Defendant. | **JOINT REPORT TO DISCOVERY MASTER REGARDING PENDING DISCOVERY MOTIONS** |
| 17 | |
| 18  CONSOLIDATED ACTIONS | **Phase 1:**
Discovery Cut-off:    January 28, 2008
Pre-trial Conference:  May 5, 2008
Trial Date:             May 27, 2008 |

07209/2445768.1

EXHIBIT 17
PAGE 277

1  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Thomas J. Nolan (Bar No. 066992)
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail: tnolan@skadden.com

5  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Raoul D. Kennedy (Bar No. 40892)
6  Four Embarcadero Center, Suite 3800
   San Francisco, California 94111
7  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
8  E-mail: rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)
   Limited, and MGAE de Mexico S.R.L. de C.V.

10

11 KEKER & VAN NEST, LLP
   John W. Keker (Bar No. 49092)
12  Michael H. Page (Bar No. 154913)
    Christa M. Anderson (Bar No. 184325)
13 710 Sansome Street
   San Francisco, California 94111
14
   Attorneys for Carter Bryant
15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2445768.1                    -2-

EXHIBIT ___17___
PAGE ___278___

1        Pursuant to the Discovery Master's request, Carter Bryant, MGA

2  Entertainment, Inc., Isaac Larian and Mattel have met and conferred regarding the

3  currently pending discovery motions.  The parties have agreed as follows:

4

5  **Motions That Have Been Resolved**

6

7        Mattel's Motion to Enforce the 5/15/07 Order of the Discovery Master

8        Re Production of Larian v. Larian Documents and for Sanctions (filed

9        12/21/07)

10

11        Mattel will agree to withdraw this motion without prejudice.

12

13        Mattel's Motion to Compel Deposition of MGA Hong Kong and for

14        Sanctions (filed 1/28/08)

15

16        This Motion will be resolved by stipulation.

17

18        Mattel's Motion to Enforce the Court's 5/15/07 Order, to Compel MGA

19        to Produce Compelled Calendars, and for Sanctions (filed 1/28/08)

20

21        Mattel will agree to withdraw this motion without prejudice.

22

23        Mattel's Motion to Compel Production of Fee Agreements and

24        Privilege Logs from Leahy, Cloonan, Halpern and Marlow (filed

25        1/28/08)

26

27

28

EXHIBIT 17
PAGE 277

1    Mattel will agree to withdraw this motion without prejudice upon
2    receipt of the fee agreements and certain representations
3    regarding documents being withheld.

4

5    Mattel's Motion for Leave to Obtain Discovery After the Phase 1
6    Discovery Cut-Off in Response to Subpoenas Served on Doll Bag, Inc.,
7    Veronica Marlow, Inc., Marlow Techno-Logic, Inc., People's Bank of
8    the Ozarks and Washington Mutual Bank (1/28/08)

9

10   This Motion will be resolved by stipulation.

11

12   Non-Party Veronica Marlow's Motion to Compel Mattel to Purge Itself
13   of Private Bank Records (filed 1/28/08)

14

15   This Motion will be resolved by stipulation.

16

17   **Motions To Be Taken Off Calendar Because They Relate Exclusively to Phase**
18   **2 Issues**

19

20   Mattel's Motion to Compel: 1) Deposition of Carlos Gustavo Machado
21   Gomez; and 2) Consent to Production of Electronic Mail Messages
22   (filed 11/15/07)

23

24   MGA's Motion to Compel Mattel to Produce Documents Responses to
25   MGA's Requests for Production Nos. 526 and 528 (filed 1/16/08)

26

27   Mattel's Motion to: 1) Enforce the Court's 8/13/07 Order and to
28   Compel; and 2) for an Award of Monetary Sanctions (filed 1/22/08)

EXHIBIT 17
PAGE 280

1  **Motions That The Parties Have Been Unable To Resolve Or Narrow And**
2  **Should Be Decided In Their Entirety**

3

4      MGA's Motion to Compel Mattel to Produce E-Mail (filed 1/16/08)

5

6      MGA, MGA HK, MGA Mexico and Isaac Larian's Motion to Quash
7      Subpoenas or, in the Alternative, for Protective Order [re Mattel's
8      subpoenas to ConsumerQuest, Deloitte & Touche, Ernst & Young, the
9      Isaac and Angela Larian Trust, the Isaac Larian Annuity Trust, Moss
10     Adams, Wachovia, and Wells Fargo] and Mattel's Countermotion to
11     Compel Production (motion filed 12/21/07; counter motion filed
12     1/18/08);

13

14     Mattel's Motion for Reconsideration of Portions of Discovery Master's
15     12/31/07 Order (filed 1/16/08)

16

17     Mattel's Motion to Compel Production of Documents and Things by
18     MGA and for Award of Monetary Sanctions [Mattel's Third Set of
19     Requests for Production] (filed 1/28/08)

20

21     Mattel's Motion to Compel Production of Documents by MGA in
22     Response to Mattel's Fifth Set of Requests for Documents and Things
23     to MGA (filed 1/28/08)

24

25     Mattel's Motion to Compel Further Deposition of Margaret Hatch-
26     Leahy and to Overrule Instructions Not to Answer (filed 1/28/08)

27

28

EXHIBIT __17__
PAGE __281__

1   MGA Defendants' Motion to Quash Subpoena to Bank of America or,

2   in the alternative, for Protective Order (filed 1/29/08)

3

4   Mattel's Motion to Compel MGA to Produce Communications

5   Regarding this Action (filed 2/5/08)

6

7   Mattel's Motion to Compel Production of Electronic Media From Third

8   Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow (ex

9   parte briefing filed 2/6/08)

10

11   Mattel's Application to Enforce Court Orders Compelling Production of

12   Tangible Items (notice of change of hearing filed 2/20/08)

13

14   Mattel's Motion to Compel MGA and Carter Bryant to Return

15   Privileged Documents and for Protective Order (filed 2/28/08)

16

17   Mattel's Motion to Compel Deposition and Production of Documents of

18   Christensen Glaser Fink Jacobs Weil & Shapiro LLP (filed 2/29/08)

19

20   Motion of MGA Parties for Clarification re Portions of 2/15/08 Order

21   Granting in Part and Denying in Part Mattel's Motion to Compel

22   Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties

23   (filed 3/3/08)

24

25   MGAs' Motion to Compel Production of Documents from Third Party

26   Rights Management Consultants, Inc. (filed 3/10/08)

27

28

EXHIBIT __17__
PAGE __282__

1    Mattel's Ex Parte Application For Protective Order Preventing MGA's

2    Unauthorized Destructive Sampling Of The Prince Notary Book (filed

3    3/10/08)

4

5    MGA Defendants' Motion To Quash Larry Mcfarland's Deposition

6    Subpoena (filed 3/17/08)

7

8    MGA Defendants' Motion For Protective Order From Mattel's Notice

9    Of Deposition Of Lucy Arant (filed    3/17/08)

10

11    Third-Party Matthew Bousquette's Motion to Quash Subpoena Seeking

12    the Deposition or, alternatively, Motion for Protective Order (filed

13    3/27/08)

14

15    Mattel's Motion for Protective Order re: Matthew Bousquette (filed

16    3/27/08)

17

18    **Motions That The Parties Have Been Able To Narrow And Are Now Ripe For**

19    **Decision**

20

21    MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to

22    Notice of Deposition Under Rule 30(b)(6), or in the Alternative, for

23    Leave to Serve Such Notice (filed 12/21/07)

24

25    <u>Requests No Longer at Issue (without prejudice to MGA's</u>

26    <u>right to seek testimony on these topics in Phase 2)</u>

27

28

-7-

EXHIBIT 17
PAGE 283

1    MGA withdraws its request as to Topics 21-23, 48, 60, 65,

2    and 71-85.

3    <u>Requests that remain at issue as drafted</u>:

4    Topics 8-9, 12-17, 19-20, 24, 27-32,  48, 58, 69

5    <u>Requests that remain at issue but that have been narrowed</u>

6    <u>(without prejudice to MGA's right to seek further</u>

7    <u>testimony on these topics in Phase 2)</u>:

8    Topic 18:  MGA limits its request to testimony regarding Mattel's

9           policies and practices (as opposed to questions regarding specific

10          employees).

11   Topic 26:  MGA limits its request to people employed in the Mattel

12          design center from 1995 to the present (consistent with Judge

13          Infante's February 11, 2008 Order on Mattel's motion for

14          reconsideration).

15   Topic 39:  MGA limits its request to copying or infringement issues (as

16          opposed to theft of trade secrets issues).

17   Topics 42 & 47:  MGA limits its request to DIVA STARZ.

18   Topic 70:  MGA limits its request as to communications with third-

19          parties.

20

21   MGA's Motion to Overrule Mattel's Relevance Objection and Compel

22   Discovery Relevant to Statute of Limitations and Laches Defenses

23   (filed 1/17/08)

24        By this Motion, MGA seeks to compel Mattel to

25        supplement certain discovery responses based on the

26        Court's January 9, 2008 order overruling Mattel's

27

28

EXHIBIT __17__

PAGE ___284___

relevance objection to discovery relating to MGA's statute of limitations and laches defenses.

<u>Requests No Longer at Issue</u>

During the meet and confer, Mattel represented that it has not withheld any documents based on its relevance objection. Based on Mattel's representation, MGA withdraws its motion as to the documents requests.

Mattel also represented that its response to Interrogatory No. 5 is complete and that it will supplement its response if it receives additional responsive information. Based on Mattel's representation, MGA withdraws its motion as to Interrogatory No. 5.

<u>Requests Still at Issue</u>

Mattel's responses to Interrogatories Nos. 9-11 and Requests for Admission No. 241, 243 and 245 remain at issue.

Mattel's Motion to Compel Production of Documents Improperly Withheld as Privileged by MGA, Isaac Larian and Third-Party David Rosenbaum (filed 1/28/08)

MGA has agreed to produce some of the withheld documents originally at issue in this motion. Mattel has withdrawn the motion as to others. However, the parties continue to dispute whether certain documents are privileged.

EXHIBIT __17__
PAGE __285__

1  Mattel's Motion to Compel Production of Documents by Anne Wang
2  (filed (1/28/08)
3
4      Post-filing, the parties resolved all aspects of this motion
5      except as to one document withheld by Wang on a claim
6      of privilege.  The opposition and reply papers address this
7      document specifically.
8
9  Mattel's Motion to Compel Additional Deposition Testimony and
10  Production of Documents by Veronica Marlow (filed 1/28/08)
11
12      The documents aspect of this motion will be resolved by
13      stipulation.  The deposition aspect of the Motion, however,
14      will need to be resolved by the Discovery Master.
15
16  MGA's Motion to Overrule Mattel's and Richard De Anda's Objections
17  to Subpoena and to Compel Discovery (filed 1/28/08)
18
19      MGA has narrowed its motion to Request Nos. 5, 6 and
20      11.  With respect to Request Nos 5 and 6, MGA is seeking
21      documents sufficient to show (1) how much time Mr. De
22      Anda has been devoting to his business, and (2) what type
23      of work he has been doing in connection with his business.
24      MGA agrees that Mr. De Anda may redact any private
25      information pertaining to client identification.  With
26      respect to Request No. 11, MGA is seeking any
27      employment agreements between MGA and Mr. De Anda.
28

EXHIBIT 17
PAGE 286

1   Mattel's Motion to Compel MGA, MGA Hong Kong, Isaac Larian, and

2   Carter Bryant to Respond to Mattel's First Set of Requests for

3   Admission Propounded to MGA, Carter Bryant, MGA Hong Kong and

4   Isaac Larian (filed 2/7/08)

5

6         Mattel has withdrawn this motion as to Carter Bryant,

7         based on his supplemental responses.  The motion remains

8         at issue as to MGA, MGA Hong Kong and Isaac Larian.

9         They have also served supplemental responses, but the

10        parties disagree whether those responses are adequate.

11

12  **Motions About Which The Parties Are Continuing To Meet And Confer**

13  Mattel's Motion to Compel Deposition of Littler Mendelson (filed

14  12/14/07)

15

16  MGA and MGA Mexico's Motion for Protective Order from Mattel's

17  Fourth Notice of Deposition of MGA and Notice of Deposition of

18  MGA Mexico (filed 1/18/08)

19

20  Mattel's Motion to Compel Documents Only Portions of Which Are

21  Allegedly Privileged (1/22/08)

22

23  Mattel's Motion for Order Compelling Production of Withheld MGA

24  (1) Trademark Search Results, (2) Date of First Use Information, and

25  (3) Factual Data Communicated for the Purpose of Filing Trademark or

26  Other Intellectual Property Applications (filed 1/23/08)

27

28

EXHIBIT __17__

PAGE __287__

1    Mattel's Motion Compelling Production of Third-Party

2    Communications Improperly Withheld Under Claim of "Common

3    Interest" Privilege (filed 1/23/08)

4         For the convenience of the Discovery Master, counsel have attached as

5    Exhibit A a document setting forth the parties' desired order of priority for the

6    motions to be heard.

7

8    Respectfully submitted.

9

10   Dated: March 28, 2008

11                                        _____
                                                Michael Page
12                                           Keker & Van Nest, LLP
                                          Attorneys For CARTER BRYANT
13

14

15   Dated: March 28, 2008

16                                        _____
                                                Paul Eckles
17                                    Skadden Arps Slate Meagher & Flom, LLP
                                      Attorneys For MGA ENTERTAINMENT, INC.;
18                                    ISAAC LARIAN; MGA ENTERTAINMENT (HK),
                                      LIMITED; AND MGA DE MEXICO S.R.L. DE
19                                    C.V.

20

21   Dated: March 28, 2008

22                                        _____
                                                Jon D. Corey
23                                    Quinn Emanuel Urquhart Oliver & Hedges, LLP
                                          Attorneys for MATTEL, INC.
24

25

26

27

28

07209/2445768.1                              -12-

EXHIBIT __17__

PAGE ___288___

# EXHIBIT A

EXHIBIT 17
PAGE 289

**Exhibit A**

1. Mattel's Motion to Compel Production of Electronic Media From Third Parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow (ex parte briefing filed 2/6/08)

2. MGA's Motion to Compel Mattel to Produce E-Mail (filed 1/16/08)

3. Mattel's Application to Enforce Court Orders Compelling Production of Tangible Items (notice of change of hearing filed 2/20/08)

4. MGA's Motion to Compel Discovery as to Issues as to Which Mattel has Waived the Attorney-Client and Work Product Privileges by Claims Assertion (filed 1/18/08)

5. Mattel's Motion to Compel Production of Documents and Things by MGA and for Award of Monetary Sanctions [Mattel's Third Set of Requests for Production] (filed 1/28/08)

6. MGA's Motion to Compel Mattel to Produce Witnesses Pursuant to Notice of Deposition Under Rule 30(b)(6), or in the Alternative, for Leave to Serve Such Notice (filed 12/21/07)

7. Mattel's Motion to Compel Production of Documents by MGA in Response to Mattel's Fifth Set of Requests for Documents and Things to MGA (filed 1/28/08)

8. MGA's Motion to Overrule Mattel's Relevance Objection and Compel Discovery Relevant to Statute of Limitations and Laches Defenses (filed 1/17/08)

9. Mattel's Motion to Compel MGA to Produce Communications Regarding this Action (filed 2/5/08)

10. MGAs' Motion to Compel Production of Documents from Third Party Rights Management Consultants, Inc. (filed 3/10/08)

11. Mattel's Motion to Compel Additional Deposition Testimony and Production of Documents by Veronica Marlow (filed 1/28/08)

EXHIBIT __17__
PAGE __290__

12.   MGA's Motion to Overrule Mattel's and Richard De Anda's Objections to Subpoena and to Compel Discovery (filed 1/28/08)

13.   Mattel's Motion to Compel Further Deposition of Margaret Hatch-Leahy and to Overrule Instructions Not to Answer (filed 1/28/08)

14.   MGA's and Carter Bryant's Motion to Compel An Unredacted Version Of M0074400, Mattel's Investigative File 02-299 And The Further Deposition Of Richard De Anda (filed 1/4/08)

15.   Mattel's Motion to Compel Deposition and Production of Documents of Christensen Glaser Fink Jacobs Weil & Shapiro LLP (filed 2/29/08)

16.   MGA Defendants' Motion to Quash Subpoena to Bank of America or, in the alternative, for Protective Order (filed 1/29/08)

17.   MGA, MGA HK, MGA Mexico and Isaac Larian's Motion to Quash Subpoenas or, in the Alternative, for Protective Order [re Mattel's subpoenas to ConsumerQuest, Deloitte & Touche, Ernst & Young, the Isaac and Angela Larian Trust, the Isaac Larian Annuity Trust, Moss Adams, Wachovia, and Wells Fargo] and Mattel's Countermotion to Compel Production (motion filed 12/21/07; counter motion filed 1/18/08);

18.   Motion of MGA Parties for Clarification re Portions of 2/15/08 Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties (filed 3/3/08)

19.   MGA and MGA Mexico's Motion for Protective Order from Mattel's Fourth Notice of Deposition of MGA and Notice of Deposition of MGA Mexico (filed 1/18/08)

20.   MGA Defendants' Motion For Protective Order From Mattel's Notice Of Deposition Of Lucy Arant (filed 3/17/08)

21.   MGA Defendants' Motion To Quash Larry Mcfarland's Deposition Subpoena (filed 3/17/08)

22.   Third-Party Matthew Bousquette's Motion to Quash Subpoena Seeking the Deposition or, alternatively, Motion for Protective Order (filed 3/27/08)

23.   Mattel's Motion for Protective Order re: Matthew Bousquette (filed 3/27/08)

EXHIBIT   17
PAGE   291

# EXHIBIT 18

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 19

1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA  90013-1065
3   Telephone:  213.629.7400
    Facsimile:   213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11   CARTER BRYANT, an individual,      Case No.  CV 04-09049 SGL (RNBx)

12             Plaintiff,

13        v.                            Consolidated with
                                        Case No. CV 04-09059
14   MATTEL, INC., a Delaware           Case No. CV 05-2727
     corporation,
15                                      PHASE 2 DISCOVERY MATTER
              Defendant.
16                                      ORDER NO. 17, REGARDING:

17                                        (1)  THE MGA PARTIES' MOTION
                                          FOR A PROTECTIVE ORDER
18                                        STAYING DISCOVERY ON
                                          TRADE DRESS CLAIMS;
19

20                                        (2)  MOTION OF MATTEL, INC. TO
                                          ENFORCE PRIOR COURT ORDER
21                                        AND TO COMPEL RESPONSES TO
                                          INTERROGATORIES; and
22

23                                        (3)  EX PARTE APPLICATION
                                          FILED BY MATTEL, INC. FOR AN
24   CONSOLIDATED WITH                    ORDER TO SHOW CAUSE RE:
     MATTEL, INC. v. BRYANT and          MGA ENTERTAINMENT, INC.'S
25   MGA ENTERTAINMENT, INC. v.          FAILURE TO COMPLY WITH
     MATTEL, INC.                         COURT ORDER
26

27

28

EXHIBIT 19
PAGE 304

1      This Order sets forth the Discovery Master's ruling on the following

2   discovery matters: (1) the motion for a protective order staying discovery on trade

3   dress claims filed by MGA Entertainment, Inc., MGA Entertainment (HK) Limited,

4   MGAE De Mexico, S.R.L. De C.V. and Isaac Larian (the "MGA Parties")

5   ("Protective Order Motion") [Docket No. 4921]; (2) the motion filed by Mattel, Inc.

6   ("Mattel") to enforce a prior order compelling MGA Entertainment, Inc. ("MGA")

7   to answer Interrogatory Nos. 43 and 44, and compelling responses to Supplemental

8   Interrogatory Nos. 51 – 55 and 64 ("Motion To Compel") ("[Docket No. 4987]; and

9   (3) the *ex parte* application filed by Mattel for an order to show cause regarding

10   MGA's failure to comply with a prior court order ("Application") [Docket No.

11   4997] (collectively, the "Motions").

12      The Motions came on regularly for hearing before the Discovery Master on

13   April 14, 2009. All interested parties were represented by counsel and afforded the

14   opportunity to present oral argument on the Motions. The Discovery Master,

15   having considered the papers filed in support of and in opposition to the Motions,

16   and having heard oral argument, rules as set forth below.

17   **I.    THE TRADE DRESS DISCOVERY AT ISSUE**

18      All of the Motions concern discovery related to MGA's trade dress claims.

19      **A.    Interrogatory Nos. 43 And 44**

20      On October 23, 2007, Mattel served its Amended Fourth Set of

21   Interrogatories on MGA, including Interrogatory Nos. 43 and 44. (Declaration of

22   Scott L. Watson in Support of the Motion To Compel ("Watson Decl."), Ex. 1 at

23   pp. 7 – 8). These interrogatories ask MGA to identify, for each design, product

24   and packaging that MGA contends Mattel copied, the date of conception and the

25   date it was first fixed in a tangible medium:

26      • Interrogatory No. 43: "For each concept, design, product, product

27          packaging or other matter that YOU contend MATTEL copied or

28          infringed, including but not limited to those identified in MGA's

EXHIBIT  19
PAGE  305

1    Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of

2    Unfair Competition, Response To Interrogatory No. 2 (and any

3    Supplemental Responses to such Interrogatory), state the date that each

4    such concept, design, product, product packaging or other matter was

5    conceived, and IDENTIFY, all PERSONS with knowledge of, and all

6    DOCUMENTS that REFER OR RELATE TO, the foregoing." (*Id.*,

7    Ex. 1 at p. 7).

8    • Interrogatory No. 44: "For each concept, design, product, product

9        packaging or other matter that YOU contend MATTEL copied or

10       infringed, including but not limited to those identified in MGA's

11       Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of

12       Unfair Competition, Response To Interrogatory No. 2 (and any

13       Supplemental Responses to such Interrogatory), state the date that each

14       such concept, design, product, product packaging or other matter was

15       first fixed in any tangible medium of expression (if ever), and

16       IDENTIFY, all PERSONS with knowledge of, and all DOCUMENTS

17       that REFER OR RELATE TO, the foregoing." (*Id.*, Ex. 1 at pp. 7 and

18       8).

19   MGA responded to Interrogatory Nos. 43 and 44 with only objections on

20   November 15, 2007. (*Id.*, Ex. 2 at pp. 10 – 13). On November 30, 2007, MGA

21   supplemented its responses to both interrogatories. (*Id.*, Ex. 3 at pp. 12 – 19). On

22   December 20, 2007, Mattel moved to compel further responses to the

23   interrogatories. (*Id.*, Ex. 4). The MGA Parties filed their opposition to Mattel's

24   motion to compel on December 31, 2007. (*Id.*, Ex. 5). On January 7 and 28, 2008,

25   MGA served its second and third set of supplemental responses to Interrogatory

26   Nos. 43 and 44. (*Id.*, Ex. 6 at pp. 20 – 26 and Ex. 7 at pp. 28 – 33).

27   On February 4, 2008, the Court stayed all Phase 2 discovery. (Order dated

28   February 4, 2008, p. 3). On February 15, 2008, the prior discovery master granted

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 19
PAGE 300

1   Mattel's motion to compel, finding that the "requested information is relevant to

2   Mattel's defense against the MGA [P]arties' claims that their products have been

3   copied or infringed by certain Mattel products." (Watson Decl., Ex. 8 at pp. 11 –

4   12). The prior discovery master further ruled that the supplement responses

5   provided by MGA were deficient, reasoning as follows:

6           Although the MGA [P]arties served supplemental

7           responses after filing their opposition brief, the

8           supplemental responses do not include the requested

9           information. The MGA [P]arties have [also] failed to

10          establish that the interrogatories are unduly burdensome.

11  (*Id.*, Ex. 8 at p. 12). The prior discovery master then ordered MGA to

12  supplement its responses "no later than February 26, 2008." (*Id.*, Ex. 8

13  at p. 22).

14          On March 3, 2008, seven days after the deadline specified in the prior

15  discovery master's order, MGA supplemented its responses to Interrogatory Nos.

16  43 and 44 for a fourth time, objecting that the discovery in question related to

17  Phase 2 and was therefore stayed pursuant to the stay imposed by the Court on

18  Phase 2 discovery on February 4, 2008. (*Id.*, Ex. 9 at pp. 7 – 16). On April 22,

19  2008, the prior discovery master granted the MGA Parties' motion for clarification

20  concerning his February 15, 2008 ruling, stating that "the MGA Parties' obligation

21  to supplement their responses to Interrogatory Nos. . . . 43 and 44 . . . [is] hereby

22  stayed until further order of the district court lifting the stay on Phase 2 discovery."

23  (*Id.*, Ex 10 at p. 3).

24      **B.   Supplemental Interrogatory Nos. 51 – 55 And 64**

25          On January 9, 2008, Mattel served Supplemental Interrogatory Nos. 51 – 55

26  and 64 on MGA. (*Id.*, Ex 11 at p. 12 – 14 and 16). These interrogatories seek

27  information regarding MGA's allegations that Mattel copied, infringed or diluted

28  MGA's products:

EXHIBIT __19__
PAGE __307__

1       •   Supplemental Interrogatory No. 51: "For each concept, design,

2          product, product packaging or other matter that YOU contend

3          MATTEL has copied, infringed, or diluted, including but not limited to

4          those identified in MGA's Responses to Mattel, Inc.'s First Set of

5          Interrogatories Re Claims of Unfair Competition, Response To

6          Interrogatory No. 2 (and any Supplemental Responses to such

7          Interrogatory), describe, fully and separately, each and every concept,

8          design, product, product packaging or other matter of or by MATTEL

9          that YOU contend is a copy of, infringes or dilutes YOUR alleged

10        concept(s), design(s), product(s), product packaging or other matter.

11        Your answer should describe the Mattel concept, design, product,

12        product packaging or other matter with specificity and in detail

13        (including without limitation by product name, product number, SKU,

14        or bar code number), and specify those elements or attributes of

15        YOUR claimed concept, design, product, product packaging or other

16        matter that YOU contend were copied, infringed or diluted by

17        MATTEL." (Id., Ex. 11 at pp. 12 – 13).

18       •   Supplemental Interrogatory No. 52: "For each trade dress that YOU

19          contend MATTEL copied, infringed, or diluted, separately IDENTIFY

20          each product sold by YOU or YOUR licensees that incorporates such

21          trade dress and, for each such product, separately state (a) the number

22          of units, by year, of each such product sold by YOU or YOUR

23          licensees; (b) revenue received by YOU from such SALES of each

24          such product; (c) all costs YOU have incurred in connection with each

25          product; including but not limited to YOUR cost of good sold, and (D)

26          YOUR gross and net worth from each such product." (Id., Ex. 11 at p.

27          13).

28

EXHIBIT  19
PAGE  308

1   • Supplemental Interrogatory No. 53: "For each MATTEL concept,
2   design, product, product packaging or other matter that YOU contend
3   is likely to cause confusion, to cause mistake, or to deceive as to
4   affiliation, connection, or association, or as to origin, sponsorship, or
5   approval, separately state all facts that support YOUR contention of
6   such, including but not limited to all facts that support YOUR
7   contention, if YOU so contend, that any of the SLEEKCRAFT
8   FACTORS weighs against MATTEL, and IDENTIFY all PERSONS
9   with knowledge of such facts, and all DOCUMENTS that REFER OR
10  RELATE TO such facts." (Id.).

11  • Supplemental Interrogatory No. 54: "For each concept, design,
12  product, product packaging or other matter that YOU contend
13  MATTEL copied, infringed or diluted, state all facts that support
14  YOUR contention, if YOU so contend, that such copying or
15  infringement was intentional or willful, and IDENTIFY all PERSONS
16  with knowledge of such facts, and all DOCUMENTS that REFER OR
17  RELATE TO such facts." (Id.).

18  • Supplemental Interrogatory No. 55: "State all facts which support the
19  allegation in Paragraph 120 of YOUR COMPLAINT that MATTEL
20  has "caused and continues to cause blurring and dilution of the
21  distinctive look of MGA's products and trade dress," and IDENTIFY
22  all PERSONS with knowledge of such facts, and all DOCUMENTS
23  that REFER OR RELATE TO such facts." (Id., Ex. 11 at p. 14).

24  • Supplemental Interrogatory No. 64: "To the extent YOU have not
25  previously disclosed such information in a prior interrogatory response
26  YOU provided to Mattel, state all facts which support YOUR claims
27  against Mattel in THIS ACTION, and IDENTIFY all PERSONS with
28  knowledge of such facts, and all DOCUMENTS that REFER OR

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

EXHIBIT __19__
PAGE __309__

1     RELATE TO such facts." (*Id.*, Ex. 11 at p. 16).

2     MGA responded to Supplemental Interrogatory Nos. 51 – 55 and 64 on

3  February 8, 2008, objecting that the discovery related to Phase 2 issues and was

4  therefore stayed.  (*Id.*, Ex. 12 at pp. 15 – 19 and 34 – 35).

5     **C.    The Court Lifts The Stay On Phase 2 Discovery**

6     On January 6, 2009, the Court vacated the stay on Phase 2 discovery.

7  (Watson Decl., Ex. 13 at p. 2).  Mattel's counsel subsequently wrote to counsel for

8  MGA on January 20, 2009 to ask when MGA planned to serve the required

9  responses to Interrogatory Nos. 43 and 44, which the prior discovery master had

10 previously ordered answered. (*Id.*, Ex. 14).

11    Mattel's counsel also wrote to MGA on January 28, 2009, requesting that the

12 parties meet and confer on Supplemental Interrogatory Nos. 51 – 55 and 64. (*Id.*,

13 Ex. 15 at pp. 2 – 3).  Counsel for the parties then spoke on February 6, 2009

14 regarding Mattel's eight trade dress interrogatories. (*Id.*, ¶ 18 and Ex. 18 at p. 1).

15 During the conference, MGA stated, that it would provide responses to

16 Interrogatory Nos. 43 and 44, and Supplemental Interrogatory Nos. 51 – 55 and 64,

17 "not later than 30 days after the Court decides the trade dress summary judgment

18 motion which Mattel has indicated it will be bringing." (*Id.*, Ex. 18 at p. 1).

19    On February 18, 2009, the parties met and conferred regarding Mattel's

20 contemplated summary judgment motion concerning MGA's trade dress claims and

21 again discussed the responses to the eight trade dress interrogatories at issue. (*Id.*,

22 Ex. 23 at p. 1).  The next day, MGA informed Mattel that it would not agree to

23 provide further responses to the interrogatories. (*Id.*).  Rather, MGA said that it

24 planned to request a protective order to stay its obligation to respond and that it

25 would only provide responses:  (1) if their planned protective order was denied; or

26 (2) if the protective order is granted, 21 days after the Court decides Mattel's

27 summary judgment motion, to the extent any trade dress claims remain after that

28 decision. (*Id.*).

EXHIBIT __19__

PAGE __310__

1    On February 26, 2009, the MGA Parties filed the Protective Order Motion.

2  Eight days later, Mattel filed its Motion To Compel.  Mattel filed the Application

3  on March 10, 2009.

4  **II.     THE MGA PARTIES' MOTION FOR A PROTECTIVE ORDER**

5    The Discovery Master first addresses the MGA Parties' Protective Order

6  Motion.

7  **A.     The Relief Sought By The MGA Parties**

8    The MGA Parties "seek a stay to defer responding to eight specific

9  interrogatories relating to MGA's trade dress claims until 21 days after the Court

10  rules on Mattel's [contemplated] summary judgment motion." (Motion for a

11  Protective Order, p. 5). "The MGA Parties also seek a stay of all discovery relating

12  to MGA's trade dress claims for the same period." (*Id.*).

13  **B.     Mattel's Opposition**

14    Mattel opposes the Protective Order Motion on five grounds.  First, Mattel

15  argues that the motion is inconsistent with the Court's January 6, 2009 order lifting

16  the stay on Phase 2 discovery. (Opposition, pp. 12 – 13).  Second, Mattel argues

17  that any request to stay discovery is not properly directed to the Discovery Master.

18  (*Id.*, p. 13). Third, Mattel argues that the request for a stay lacks merit, since "it is

19  commonplace for a party to bring dispositive motions prior to trial . . ." (*Id.*, pp. 13

20  – 14). Fourth, Mattel argues that the request for a stay is unworkable since the

21  trade dress claims "are intertwined with Mattel's Phase 2 claims." (*Id.*, pp. 13 –

22  15). Finally, Mattel argues that the stay would unduly prejudice it and that there is

23  no corresponding undue burden placed on the MGA Parties. (*Id.*, pp. 16 – 20).

24  **C.     Legal Standard**

25    In general, parties may obtain discovery regarding any matter, not privileged,

26  that is relevant to the claim or defense of any party. (Fed. Rule Civ. P. 26(b)(1)).

27  The motion brought by the MGA Parties to stay discovery is made pursuant to

28  Federal Rule of Civil Procedure 26(c), which governs motions for protective orders.

EXHIBIT ___19___
PAGE ___31___

1    Rule 26(c) provides that a protective order may be issued "for good cause" and "to
2    protect a party or person from annoyance, embarrassment, oppression, or undue
3    burden or expense." (Fed. Rule Civ. P. 26(c)).

4       A district court is afforded considerable discretion in deciding whether to
5    issue a protective order that stays discovery. (*See, e.g., Wang v. Hsu*, 919 F.2d 130,
6    130 (10th Cir. 1990). While it is within a district court's discretion to stay
7    discovery pending the outcome of a dispositive motion, (*see Monreal v. Potter*, 367
8    F.3d 1224, 1238 (10th Cir. 2004), such stays are not routinely granted, (*see, e.g.,*
9    *TSM Associates, LLC v. Tractor Supply Co.*, 2008 WL 2404818, at *1 (N.D.Okla.
10    June 11, 2008) ["Unless some compelling reason is presented, in the usual case
11    discovery is not stayed as Defendant requests."]; *Kutilek v. Gannon*, 132 F.R.D.
12    296, 297-98 (D.Kan. 1990) ["The general policy in this district is not to stay
13    discovery even though dispositive motions are pending."]).

14       The underlying principle in determining whether to grant or deny a stay is
15    that "[t]he right to proceed in court should not be denied except under the most
16    extreme circumstances." (*Commodity Futures Trading Com'n v. Chilcott Portfolio*
17    *Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). In other words, stays of
18    the normal proceedings of a court should be the exception rather than the rule.

19       Nonetheless, a stay may be appropriate if "resolution of a preliminary motion
20    may dispose of the entire action," (*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D.
21    689, 692 (M.D.Fla. 2003)), "where the case is likely to be finally concluded as a
22    result of the ruling thereon; where the facts sought through uncompleted discovery
23    would not affect the resolution of the motion, or where discovery on all issues of
24    the broad complaint would be wasteful and burdensome," (*Kutilek*, 132 F.R.D. at
25    298).

26       In deciding whether to stay discovery pending the resolution of a dispositive
27    motion, federal courts in California conduct the following inquiry: (1) Is the
28    pending motion "potentially dispositive of the entire case, or at least dispositive on

EXHIBIT ___19___
PAGE ___312___

1    the issue at which discovery is directed," and, if so (2) can the pending dispositive

2    motion be decided "absent additional discovery." (*Qwest Communications Corp. v.*

3    *Herakles, LLC*, 2007 WL 2288299, *2 (E.D.Cal. August 8, 2007)). If the court

4    answers both questions in the affirmative, it may then analyze other factors,

5    including the likelihood that the dispositive motion will be granted, (*id.*), and/or

6    "(1) plaintiff's interests in proceeding expeditiously with the civil action and the

7    potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

8    convenience to the court; (4) the interests of persons not parties to the civil

9    litigation; and (5) the public interest." (*Schmaltz v. Smithkline Beecham Corp.*,

10   2008 WL 3845260, *1 (D.Colo. Aug.15, 2008)).

11       **D.    Analysis**

12       The MGA Parties' primary argument in favor of the requested stay is that, in

13   the event Mattel's contemplated motion for summary judgment is granted, "the

14   Trade Dress Interrogatories may prove unnecessary or may be substantially

15   narrowed." (Protective Order Motion, p. 13; *see also id.* at pp. 1, 2, and 11 – 15).

16   The MGA Parties reason that "[i]t is particularly appropriate to stay discovery when

17   a dispositive motion, such as a summary judgment motion, 'would obviate the need

18   for discovery.'" (*Id.*, p. 11 (citation omitted)).

19       The Discovery Master finds this rationale unpersuasive for the following

20   reasons.

21       **1.    The Discovery Master Does Not Have the Power To Issue**

22                **The Requested Stay**

23       First, the Discovery Master does not have authority to render a ruling that

24   could directly override the Court's scheduling order and delay the Phase 2 trial.

25   While the Discovery Master has been appointed to resolve "any and all . . .

26   discovery disputes in this case,"[1] and may issue orders that indirectly impact the

---

[1] *See* Order appointing the prior discovery master dated December 6, 2006 ("Discovery Master
Order) and the Order appointing the current Discovery Master dated January 6, 2009.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                        - 9 -                    ORDER NO. 17
                                                          [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __19__
PAGE __313__

1   scheduling order (e.g., resolving motions to compel, motions to quash, etc.),[2] there

2   is nothing in the order appointing the Discovery Master that authorizes him to

3   override the scheduling order directly.[3]   Indeed, the power to control scheduling in

4   this matter is vested with the Court, as evidenced by the scheduling order issued by

5   it on February, 11, 2009.[4]   (Order dated February 11, 2009, p. 2).  Because the

6   Court, not the Discovery Master, established the applicable discovery cut-off and

7   trial dates for Phase 2, (id.), the Discovery Master cannot issue a stay that overrides

8   that order.

9              **2.       The Court Previously Indicated That the Parties Should**

10                        **Proceed With Phase 2 Discovery.**

11              Second, the Court advised the Discovery Master on February 11, 2009 that

12   "[t]here is no stay on discovery.  Period."  (Reporter's Transcript of Proceedings,

13   February 11, 2009, p. 97:15).  It further instructed the Discovery Master "in no

14   uncertain terms, that there is no stay on *any* discovery related to this case at all,"

15   (id., p. 97:9–10 [emphasis added]), and "there is nothing from this Court which is

16   precluding *any* discovery that is properly sought for the trial that is scheduled," (id.,

17   p. 101:22:24 [emphasis added]).  While these statements admittedly arose in the

18   context of the lifting of the stay on Phase 2 discovery, the Discovery Master

19   nevertheless believes that they are instructive of the Court's view that any request

20

21   [2] *See* Order dated February 4, 2008, p. 3 (stating that "[t]he fact that the Discovery Master's

22   ruling might impact upon the Court's scheduling order does not relieve the parties of following
     this procedure.")

23

     [3] That the stay requested by the MGA Parties could force the Court to alter its scheduling order is

24   clear, because the requested stay is of an indefinite duration.  Although the MGA Parties request a
     stay until 21 days after the Court rules on Mattel's contemplated summary judgment motion,

25   (Protective Order Motion, p. 5), no such motion is pending before the Court.  Nor is there a
     hearing date on the yet-to-be-filed motion, let alone an indication as to when the Court might be

26   able to issue a ruling disposing of it.

27   [4] The Court issued its Phase 2 scheduling order more than one month after the appointment of the

28   current Discovery Master.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT   19
PAGE   314

1    to the Discovery Master for a stay of Phase 2 discovery should be rejected absent

2    extraordinary circumstances not present here.

3        **3.    There Is No Dispositive Motion Pending**

4        Third, the MGA Parties have failed to demonstrate that a stay is warranted,

5    because no dispositive motion is pending before the Court.  The MGA Parties

6    concede in their moving papers and again in their Reply that Mattel has merely

7    represented that it will file a summary judgment motion at some point in the future.

8    (Protective Order Motion, p. 4; Reply, p. 4).  In the absence of a *pending*

9    dispositive motion, there is no basis for granting the requested stay.[5]

10       **4.    Mattel's Contemplated Summary Judgment Motion Will**

11           **Not Dispose Of MGA's Trade Dress Claims**

12       Even assuming a dispositive motion had been filed with the Court, the MGA

13

---

14   [5] The cases cited by the MGA Parties to support its request for a stay are inapposite.  In each case,
15   the party seeking the discovery stay was the party who had brought the pending dispositive
     motion. (*See In re Netflix Antitrust Litig.*, 506 F.Supp.2d 308, 321 (N.D. Cal. 2007) [Defendant
16   who filed a motion to dismiss and requested a stay of discovery was ordered to disclose some
     documents upon partial lifting of stay by the Ninth Circuit.]; *Orchid v. Biosciences, Inc. v. St.*
17   *Louis University*, 198 F.R.D. 670, 671 – 672 (S.D. Cal. 2001) [Defendant, who had moved to
     dismiss for lack of personal jurisdiction, sought protective order denying all discovery or,
18   alternatively, limiting the discovery to jurisdictional issues]; *Landry v. Air Pilots Ass'n Intern.*
     *AFL-CIO*, 901 F.2d 404, 435 – 436 (5th Cir. 1990) [Defendant, who had brought motion for
19   summary judgment, properly sought and obtained a protective order staying discovery
     propounded on it by plaintiffs.]); *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988) [Stay on
20   discovery upheld in favor of party who raised immunity issue via a summary judgment motion];
     *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D.C.Del., 1979) [Defendant
21   who filed motion to dismiss for lack of ripeness sought a stay of discovery].  By comparison, the
     MGA Parties are not arguing that a stay is appropriate due to a dispositive motion that they intend
22   to bring or that the contemplated motion will defeat their trade dress claims.  On the contrary, the
     MGA Parties are arguing that a stay should be imposed until Mattel's contemplated summary
23   judgment motion, which the MGA Parties believe should be denied, is resolved.
24       Further, the five cases cited by the MGA Parties all involved situations where a dispositive
     motion had already been filed with the Court.  (*Id.*)
25       Finally, most of the cases relied upon by the MGA Parties were at a relatively nascent stage.
26   Indeed, the dispositive motion was typically a motion to dismiss.  (*See, e.g., In re Netflix Litig.*,
     506 F.Supp.2d at 321; *Orchid*, 198 F.R.D. at 671 – 672; *Coastal States Gas Corp.*, 84 F.R.D. at
27   282;).  In contrast, a trial has already been held in this matter and the lawsuit has been pending for
28   several years.

EXHIBIT   19
PAGE   315



1    Parties have not demonstrated that "[t]he pending motion [is] potentially dispositive

2    of the entire case, or at least dispositive on the issue at which discovery is directed."

3    (*Qwest Communications Corp.*, 2007 WL 2288299, *2).   Mattel's contemplated

4    summary judgment motion will not dispose of MGA's trade dress claims because it

5    is undisputed that MGA's trade dress claims "concern products and other matters

6    that will not be the subject of Mattel's contemplated motion." (Opposition, p. 15;

7    *see also* Reply p. 11 n.6).

8         The MGA Parties nevertheless argue in their Reply that "it would make far

9    more sense for MGA to compile responsive information once the summary

10   judgment motion is decided and the full scope of the trade dress claims is settled."

11   (Reply, p. 11 n. 6).  Phrased differently, the MGA Parties argue not that the

12   summary judgment motion may moot all of the requested discovery, but only that,

13   if granted, it would narrow the scope of the trade dress discovery.  Because

14   discovery will inevitably be required on certain portions of MGA's trade dress

15   claims, this is not a situation where the contemplated motion is potentially

16   dispositive of the issue at which the discovery is directed.  Accordingly, the stay

17   requested by the MGA Parties can be denied for that reason alone.

18         **5.    Other Factors Also Weigh Against Issuing The Requested**

19                **Stay**

20        Finally, many, if not all, of the other factors a court may consider in deciding

21   whether a stay is appropriate pending the resolution of a dispositive motion weigh

22   in favor of denying the requested stay.

23              **a.    The Merits Of The Dispositive Motion**

24        As explained in *Qwest Communications Corp.*, 2007 WL 2288299, *2, one

25   of the additional factors a court may consider is whether the merits of the pending

26   dispositive motion make it likely that the motion will be granted.  Although the

27   Discovery Master cannot perform such an analysis here (because no dispositive

28   motion is pending), I note that the MGA Parties stated in their moving papers that

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT __19__
PAGE __316__

1   Mattel's contemplated summary judgment "arguments are not well-taken . . ."

2   (Protective Order Motion, p. 13).  In light of this statement, the MGA Parties are

3   precluded from arguing that it is likely Mattel's motion will be granted in order to

4   justify their request for a stay.  Accordingly, the Discover Master finds that – based

5   on the record presented – this factor weighs against issuing the requested stay.[6]

6                   **b.      Prejudice To Mattel**

7          Imposing a stay on MGA's trade dress claims could also prejudice Mattel by

8   delaying the ultimate resolution of the matter and increasing litigation costs.  As

9   explained above, the stay requested by the MGA Parties is of an indefinite duration

10  and could delay the trial or, alternatively, force Mattel to expedite discovery efforts

11  after the stay is lifted.  Moreover, Mattel could be forced to depose the same

12  witnesses multiple times in Phase 2 (once for those issues not related to MGA's

13  trade dress claims and later with respect to those trade dress issues that remain

14  following the disposition of Mattel's contemplated summary judgment motion).

15  For these reasons, this factor weighs against staying the trade dress discovery.

16                   **c.      The MGA Parties Have Not Demonstrated They Will**

17                           **Suffer Any Undue Burden**

18         While the MGA Parties claim that it will "be extremely difficult, time-

19  consuming and costly" to respond to the eight trade dress interrogatories at issue,

20  (Protective Order Motion, p. 14), as noted above, some trade dress discovery will

21  have to be taken regardless of the outcome of Mattel's anticipated summary

22  judgment motion.  Further, while it is possible that Mattel's contemplated summary

23  judgment motion, if granted, could simplify the issues for trial and reduce the costs

24  imposed on the MGA Parties, it is also possible that the resolution of the motion

25  will not have any bearing on the scope of the discovery needed in this case.

26  Regardless, a party is always burdened with costs when it voluntarily chooses to

27  ────────────────────
[6] Of course, the Discovery Master is in no way deciding the merits of Mattel's contemplated
28  summary judgment motion.

EXHIBIT __19__

PAGE __317__

1   pursue a claim, whether the case ultimately is dismissed, summary judgment is

2   granted, the case is settled, or a trial occurs. If the MGA Parties wish to avoid these

3   costs in connection with MGA's trade dress claims, MGA can always dismiss them.

4   Because any hardship that MGA might face is one of its own making, any burden

5   imposed on it in having to respond to the discovery is justified. Accordingly, this

6   factor weighs against issuing the requested stay.

                **d.**    **The Interests Of The Judiciary And The General**
7

8                        **Public**

9         The Court, using funds supplied by the general public, has already expended

10   a great deal of effort and resources in this matter, including conducting a lengthy

11   trial in Phase 1. The Court further issued a scheduling order that established a

12   specific trial date and discovery cut-off for Phase 2. Consequently, the general

13   interests of controlling the court's docket and the fair and speedy administration of

14   justice weigh heavily in favor of denying the requested stay.

15       **E.**    **Summary Of Ruling Regarding The Protective Order Motion**

16         For all of the foregoing reasons, the MGA Parties have failed to meet their

17   burden of demonstrating that good cause exists for issuance of a protective order

18   staying their obligation to respond to the subject discovery.

19   **III.**    **MATTEL'S MOTION TO COMPEL**

20         Having denied the Protective Order Motion, the Discovery Master now turns

21   to Mattel's Motion To Compel.

22       **A.**    **Interrogatory Nos. 43 and 44**

23           **1.**    **Orders Issued By The Prior Discovery Master**

24         As explained in Section I.A., above, this is not the first time that Mattel has

25   moved to compel responses to Interrogatory Nos. 43 and 44. The prior discovery

26   master ordered MGA to supplement its responses to these interrogatories as part of

27   his February 15, 2008 order ("February 15, 2008 Order"). (Watson Decl., Ex. 8 at

28   pp. 11 – 12). Seven days after the deadline specified in the February 15, 2008

EXHIBIT  19
PAGE  318

1   Order for supplementing its responses to Interrogatory Nos. 43 and 44, MGA

2   served objections stating that the discovery in question related to Phase 2 and had

3   been stayed pursuant to a February 4, 2008 order from the Court. (Id., Ex. 9 at pp.

4   7 – 16). After having been advised of the stay imposed by the Court on

5   February 4, 2008, the prior discovery master clarified his February 15, 2008 Order

6   on April 22, 2008 ("April 22, 2008 Order"), ruling that "[t]he MGA Parties

7   obligation to supplement their responses . . . [was] stayed until further order of the

8   district court lifting the stay on Phase 2 discovery." (Id., Ex. 10 at p. 3).

9           **2.    The Relief Sought By Mattel**

10          Because MGA failed to supplement its response to Interrogatory Nos. 43 and

11   44 after the Court lifted the stay on Phase 2 discovery on January 6, 2009, Mattel

12   requests that the Discovery Master enforce the February 15, 2008 Order and require

13   MGA to supplement its responses. (Motion To Compel, pp. 9 – 10).

14          **3.    MGA's Opposition**

15          In its Opposition, MGA relies on two grounds for refusing to provide

16   responses to Interrogatory Nos. 43 and 44. First, MGA argues that it is not in

17   violation of the prior discovery master's February 15, 2008 Order because that

18   order was subsequently stayed by the April 22, 2008 Order, which "did not include

19   any specific date, or time period, after the Phase 2 stay was lifted within which

20   MGA had to provide supplemental responses." (Opposition, p. 10; see also id., pp.

21   9 and 11). Second, MGA argues that it has not refused to answer Interrogatory

22   Nos. 43 and 44 but rather simply moved for a protective order and noted that it will

23   either provide further responses following the denial of that motion or, in the event

24   the motion is granted, after the Court decides Mattel's contemplated summary

25   judgment motion. (Id., pp. 11 – 12).

26          The Discovery Master does not find either of these arguments persuasive.

27          **a.    The April 22, 2008 Order**

28          While MGA is correct that the prior discovery master temporarily stayed the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 19
PAGE 319

1    enforcement of his February 15, 2008 Order in his April 22, 2008 Order, its

2    argument that it does not have any obligation to supplement the responses to

3    Interrogatory Nos. 43 and 44 because the April 22, 2008 Order did not specify a

4    time within which MGA had to provide responses is not supported by the record.

5         As soon as the stay on Phase 2 discovery was lifted, MGA's obligation to

6    supplement its responses to Interrogatory Nos. 43 and 44 pursuant to the

7    February 15, 2008 Order returned.  Indeed, the plain language of the prior

8    discovery master's April 22, 2008 Order states that the "MGA Parties obligation to

9    supplement their responses . . . are hereby stayed **until further order of the**

10   **district court lifting the stay on Phase 2 discovery.**" (Watson Decl., Ex. 10 at p.

11   3 (emphasis added)).  Because the Court lifted the stay on Phase 2 discovery on

12   January 6, 2009, the April 22, 2008 Order has not been a shield to the enforcement

13   of the prior discovery master's February 15, 2008 Order since the lifting of the stay.

14        Further, MGA had, at most, eleven days following the lifting of the stay on

15   Phase 2 discovery to supplement its responses to Interrogatory Nos. 43 and 44.

16   (Watson Decl., Ex. 8 at pp. 11 – 12 and 22).  The prior discovery master's February

17   15, 2008 Order required MGA to provide its supplemental responses within eleven

18   days of the order (i.e., on February 26, 2008).  (Id., Ex. 8 at p. 22).  Giving MGA

19   the benefit of the doubt and assuming that all eleven of those days remained at the

20   time the stay was lifted on January 6, 2009, MGA had until January 19, 2009 to

21   provide its responses to Mattel (i.e., 11 days under the February 15, 2008 Order,

22   plus 2 additional days because January 17, 2009 falls on a Saturday).   Because

23   more than three months have passed without a response, MGA has not complied

24   with the terms of the prior discovery master's February 15, 2008 Order.

25              **b.    MGA's Offer To Produce The Supplemental**

26                      **Responses Following The Disposition Of The**

27                      **Protective Order Motion**

28        The contention that MGA somehow remedied its failure to supplement its

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   19
PAGE   320

1   responses to Interrogatory Nos. 43 and 44 by offering to provide further responses

2   following the ruling on the Protective Order Motion is likewise unavailing. (*Id.*,

3   pp. 11 – 12). MGA cites no legal authority, and the Discovery Master has found

4   none, supporting the proposition that a party may refuse to respond to an

5   interrogatory after it has been ordered to do so by subsequently filing a motion for a

6   protective order. Nor would such a rule be logical, as it would permit the party

7   ordered to respond to thereby nullify the effect of the court order. Regardless, the

8   Discovery Master denied the Protective Order Motion and finds that it cannot be

9   used as a basis for failing to comply with the February 15, 2008 Order.

10          **4.      Conclusion**

11          For all of the foregoing reasons, MGA must promptly provide full and

12   complete responses to Interrogatory Nos. 43 and 44.

13   **B.      Mattel's Request For Sanctions Regarding Interrogatory Nos. 43**

14          **And 44**

15          In its Motion To Compel, Mattel also requests that the Discovery Master

16   sanction MGA in the amount of $4,515 for failing to comply with the prior

17   discovery master's February 15, 2008 Order. (Motion To Compel, pp. 10 – 11). In

18   response, MGA argues that the Motion To Compel is "entirely unnecessary," since

19   "there is no dispute about whether MGA will respond to Interrogatories 43 and 44,

20   only when, and MGA had already brought the 'when' question to the Discovery

21   Master one week before Mattel filed the instant motion to compel" as part of its

22   Protective Order Motion. (Opposition, p. 13). However, the fact that one party has

23   moved for a protective order does not prevent the party opposing that motion from

24   subsequently filing a motion to enforce a prior court order, particularly where the

25   latter motion requests that the Discovery Master compel MGA to provide responses

26   to the interrogatories at issue "without further delay," (Motion To Compel, p. 10),

27   while the motion for a protective order indicates that MGA will respond to the

28   interrogatories, at the earliest, "within 21 days after" the denial of the Protective

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __19__

PAGE __321__

1    Order Motion, (Protective Order Motion, p. 10).

2         MGA next argues that sanctions should be denied because its Protective

3    Order Motion is supported by numerous cases, (Opposition, pp. 13 – 14), and that

4    "it would be a perversion of every conceivable notion of economy and efficiency,

5    not to mention fairness . . . if a motion to compel could be used to sanction a party

6    for exercising its legal right to seek a protective order." (Id., p. 14).  But these

7    arguments are not persuasive for the same reasons discussed in Section II and

8    Section III.A.3.b., above, namely that the Protective Order Motion is not

9    meritorious and MGA has not cited any legal authority supporting the proposition

10   that a party may refuse to respond to an interrogatory after it has been ordered to do

11   so by subsequently filing a motion for a protective order.

12        Finally, MGA argues that it "has not appealed, challenged or otherwise

13   refused to obey" the prior discovery master's order, (id.), but merely requested that

14   the "Discovery Master temporarily defer the time to respond . . . based upon the

15   new, intervening circumstances that arose between the issuance of that order and

16   the lifting of the discovery stay," (id., p. 15).  However, this is just another way of

17   saying that MGA refused to supplement its responses as required by the prior

18   discovery master due to its mistaken belief that the Protective Order Motion

19   obviated the need to comply with the February 15, 2008 Order.  Because that

20   argument has already been rejected, MGA has failed to show that it had substantial

21   justification for opposing the enforcement of the February 15, 2008 Order.

22   Accordingly, the Discovery Master sanctions MGA in the amount of $4,515.[7]

23        **C.    Supplemental Interrogatory Nos. 51 – 55 And 64**

24             **1.    The Relief Sought By Mattel**

25        Mattel next requests that the Discovery Master overrule MGA's objections

26   and compel it to provide full and complete responses to Supplemental Interrogatory

27   ───────────────────────

[7] Having determined that MGA lacked substantial justification for failing to comply with the

28   February 15, 2008 Order, the Discovery Master denies MGA's request for sanctions.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 18 -

EXHIBIT   19
PAGE   322

1    Nos. 51 – 55 and 64. (Motion To Compel, pp. 12 – 21).

2            **2.    MGA's Opposition**

3            In its Opposition, MGA initially argues that Mattel failed to meet and confer

4    in good faith. (Opposition, pp. 16 – 18). It further argues that even if Mattel did

5    meet and confer sufficiently, its other objections to the interrogatories (i.e., that

6    they (1) contain overbroad definitions, (2) are compound, (3) are duplicative of

7    other interrogatories, (4) improperly seek expert witness information, privileged

8    information, and information better known to Mattel, and/or (5) impose an undue

9    burden) are meritorious and should be sustained. (*Id.*, pp. 18 – 26).

10           **a.    Purported Failure To Meet And Confer**

11           Because it could dispose of the outstanding discovery issues related to

12   Supplemental Interrogatory Nos. 51 – 55 and 64, the Discovery Master first

13   addresses MGA's argument that Mattel failed to meet and confer in good faith prior

14   to filing its motion.

15           MGA argues that Mattel did not meet and confer in good faith because its

16   "meet and confer letter concerning these interrogatories is utterly devoid of any

17   reference whatsoever to the putative impropriety of the objections it now challenges

18   . . ." (Opposition, p. 17). However, MGA admits that the parties did meet and

19   confer about certain issues regarding these interrogatories. (*Id.*, p. 18 ["While the

20   parties did meet and confer about the timing of MGA's response to Interrogatory

21   Nos. 51 – 55 and 64 . . ." (emphasis omitted)]). The record further reflects Mattel

22   sent a meet and confer letter and had multiple phone calls with MGA's counsel

23   about these specific interrogatories. (Watson Decl., ¶ 18 and Exs. 15, 17 and 19).[8]

24   In fact, a letter dated January 28, 2008 specifically asks MGA to let Mattel know

25   "[i]f MGA or Larian intends to limit their responses [to the Supplemental

26

27   _____

     [8] The Discovery Master overrules MGA's evidentiary objections to Paragraph 18 of the Watson

28   Decl. because the statements are based on Mr. Watson's personal knowledge, are not vague and
     ambiguous, do not constitute hearsay, and are not argumentative.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                                    - 19 -                    ORDER NO. 17
                                                              [Case No. CV 04-09049 SGL (RNBx)]

                                                    EXHIBIT  19
                                                    PAGE  383

1    Interrogatories] based on . . . any other objections . . ." (Watson Decl., Ex. 15).

2    Under such circumstances, the Discovery Master finds that Mattel satisfied Rule

3    37's "good faith" meet and confer requirement.

### b.   Definitional Objections

5         MGA's first substantive argument in opposition to Supplemental

6    Interrogatory Nos. 51 – 55 and 64 is that Supplemental Interrogatory No. 52 is

7    ambiguous because of the manner in which the term "SALES" is defined.

8    (Opposition p. 19).  MGA likewise asserts that Supplemental Interrogatory Nos. 51

9    – 55 are ambiguous because of the definition used for the term "MATTEL."  (Id.,

10   pp. 19 – 20).  However, MGA has not cited any legal authority in support of its

11   position.

12        Moreover, MGA did not set forth the grounds for its objections "with

13   specificity," at the time it objected to the interrogatories, as required by Federal

14   Rule of Civil Procedure 33(b)(4).  To the contrary, it merely "incorporate[d]

15   General Objection Nos. 14 – 15 (regarding Definitions), including without

16   limitation its objection to the definition of the term 'MATTEL' for Supplemental

17   Interrogatory Nos. 51 – 55, (Separate Statement, pp. 4 – 8), as well as the term

18   "SALES" with respect to Supplemental Interrogatory No. 52 (id., pp. 5 – 6).  This

19   incorporation by reference of a list of general objections is insufficient to preserve

20   an objection.  (Convertino v. U.S. Dept. of Justice, 565 F.Supp.2d 10, 12 – 13

21   (D.D.C. 2008); ACMA USA, Inc. v. Surefil, LLC, 2008 WL 2714422, *2 (E.D.Va.

22   July 7, 2008); Grider v. Keystone Health Plan Central, Inc., 2007 WL 2874423, *5

23   - *6 (E.D.Pa. September 27, 2007); see also Fed. R. Civ. Proc. 33(b)(4)).

24        Regardless, the Discovery Master is not persuaded that MGA is unable to

25   understand the terms MATTEL and SALES.  Accordingly, the definitional

26   objections are overruled.  MGA must answer the interrogatories.[9]

27   _____

28   [9] The prior discovery master repeatedly required MGA to respond to discovery that used these definitions, including Interrogatory Nos. 43 and 44. (Watson Decl., Exs. 1 and 8).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   19
PAGE   324

### c.   Expert Witness Objection

With respect to Supplemental Interrogatory Nos. 51 and 53, MGA asserts that it "has simply interposed an objection that preserves [its] right to rely on expert testimony." (Opposition, p. 21). Since that is the full extent of MGA's expert witness objection, the Discovery Master agrees that the objection, as limited by MGA, is valid. What MGA cannot do is assert that this objection permits it to withhold information that is now available to it. Accordingly, the objection is sustained to the extent that MGA's interrogatory response merely includes a reservation of rights to supplement the response during expert discovery.

### d.   Objection That The Information Is Better Known By Mattel

Regarding Supplemental Interrogatory No. 51, MGA asserts that the request for it to identify Mattel products by stock keeping number or bar code number is objectionable because that information is better known to Mattel. (*Id.*, p. 21). However, MGA cannot withhold information on the ground that Mattel knows which people have knowledge of Mattel's purported copying of MGA's intellectual property. Mattel is entitled to discover the information MGA possesses and the factual bases of its trade dress claims.

As for MGA's claim that Supplemental Interrogatory No. 54 improperly asks it to identify all persons with knowledge of certain facts even though it does not know everyone who may possess such information, (*id.*, pp. 21 – 22), it is incumbent upon MGA to provide the information that is within its custody, possession or control. In fact, MGA concedes that it will provide "whatever information it has." (*Id.*, p. 22).

### e.   Compound Objection

MGA next asserts that Supplemental Interrogatory Nos. 51 – 53 are impermissibly compound. (Opposition, pp. 22 – 23). This contention is unavailing. The questions in each interrogatory refer to one common theme and a

EXHIBIT __19__
PAGE ___325___

1   common group, and count as a single interrogatory. (*See Swackhammer v. Sprint*

2   *Corp. PCS*, 225 F.R.D. 658, 644 (D.Kan. 2004) ["[A]n interrogatory containing

3   subparts directed at eliciting details concerning a 'common theme' should generally

4   be considered a single question"]). Accordingly, the objection is overruled.

5   **f.   Duplicative Objection**

6   MGA's sixth argument is that Supplemental Interrogatory Nos. 51 and 52 are

7   duplicative of other interrogatories Mattel propounded previously. (Opposition, pp.

8   23 – 24). But MGA has failed to demonstrate that this is the case. As an initial

9   matter, MGA does not explain why Supplemental Interrogatory No. 51 is

10  duplicative of other interrogatories. Rather, it simply states that Mattel "does not

11  take issue with MGA's duplication objection," (*id.*, p 23), even though Mattel

12  addressed that issue in footnote 81 of its Motion to Compel, (Motion To Compel, p.

13  19 ["MGA further objects that Interrogatory No. 51 is duplicative of Interrogatory

14  No. 6 . . . No. 49 . . . . Although Interrogatory Nos. 6 and 49 also address the facts

15  regarding MGA's trade dress claims, MGA has yet to identify each of the Mattel

16  products it contends copied, infringed, or diluted MGA's products by SKU number,

17  as requested by Interrogatory 51."]). Because it has not analyzed Interrogatory No.

18  51, MGA's objection to that interrogatory is overruled.

19  MGA's claim that Supplemental Interrogatory No. 52 is duplicative of

20  Interrogatory No. 45 is also unpersuasive. Supplemental Interrogatory No. 52 seeks

21  MGA profit, costs and revenue associated with each trade dress MGA contends

22  Mattel copied, infringed or diluted, (Separate Statement, p. 5), whereas

23  Interrogatory No. 45 asks MGA to identify each Bratz product that MGA sold and

24  to identify the profits, costs and revenue associated with each such product.

25  The questions are therefore not the same.[10] Accordingly, the objections are

26  ───────────────

27  [10] If the interrogatories were the same as previous interrogatories it answered, MGA should be able to respond to the latest interrogatories by cutting and pasting its responses to the prior

28  interrogatories. However, as discussed below, MGA alleges that responding to Supplemental Interrogatory Nos. 51 and 52 will be overly burdensome, thereby implying that the questions are not identical in scope. (Opposition, p. 25).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 22 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___19___
PAGE ___326___

1    overruled.

### g.    Undue Burden Objection

3    MGA next objects that Supplemental Interrogatory Nos. 51 – 53 and 64 are

4    unduly burdensome.

5    However, MGA has not provided any evidence in connection with its Motion

6    To Compel to support its claim of burden. (*See Jackson*, 173 F.R.D. at 528-9 ["The

7    party claiming that a discovery request is unduly burdensome must allege specific

8    facts which indicate the nature and extent of the burden, usually by affidavit or

9    other reliable evidence."]). Further, MGA cannot complain that the interrogatories

10   are unduly burdensome when Mattel merely seeks information regarding the extent

11   of MGA's trade dress claims. If MGA contends Mattel infringed numerous

12   products, Mattel has the right to discover the scope of the alleged claims.

13   Accordingly, the objections are overruled.

### h.    Privilege Objection

15   Regarding Supplemental Interrogatory Nos. 52, 53, 55 and 64, MGA argues

16   that it asserted a privilege objection merely to "preserve [its] ability to protect,

17   privileged documents and information . . . . [and to make] clear that it was not

18   waiving the attorney-client privilege . . .." (Opposition, p. 25). Since that is the

19   full extent of MGA's privilege objection, the Discovery Master agrees that

20   objection as so limited is valid. Accordingly, the objection is sustained on that

21   limited ground.

### 3.    Conclusion

23   For all of the foregoing reasons, MGA must promptly provide full and

24   complete responses to Supplemental Interrogatory Nos. 51 – 55 and 64, except as

25   limited above.

### D.    Summary Of Ruling Regarding The Motion To Compel

27   Mattel's Motion To Compel is granted, except as limited above. Mattel's

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 23 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  19
PAGE  327

1    request for sanctions in connection with Interrogatory Nos. 43 and 44 is also

2    granted.

3    **IV.    MATTEL'S *EX PARTE* APPLICATION**

4            Several days after Mattel filed its Motion to Compel on March 6, 2009,

5    Mattel filed its Application for issuance of an order to show cause regarding

6    contempt. The Application addresses Interrogatory Nos. 43 and 44 (the

7    "Interrogatories") and is based on the same facts summarized above with respect to

8    the Motion to Compel and Protective Order Motion. However, unlike the Motion

9    to Compel, Mattel filed its Application with the Court, arguing that the Discovery

10   Master is not authorized to issue contempt sanctions. By order dated March 12,

11   2009, the Court referred the Application to the Discovery Master, who was

12   instructed to review it in the first instance and recommend a disposition to the

13   Court. (Order dated March 12, 2009, p. 1).

14           **A.    Basis For The Application**

15                  **1.    Circumstances Warranting *Ex Parte* Relief.**

16           In the introductory section of its Application preceding the Memorandum of

17   Points and Authorities, Mattel sets forth the following grounds for *ex parte* relief:

18                  [F]or two months, MGA failed and refused to produce Phase 2

19                  discovery, including such discovery that was previously ordered.

20                  MGA also has a history of flouting Court Orders, but remains

21                  undeterred by prior warnings and prior awards of sanctions.

22                  Absent prompt intervention by this Court, MGA will continue to

23                  block even ordered Phase 2 discovery. Furthermore, MGA's

24                  conduct is a direct challenge to the authority of the court and the

25                  Discovery Master, and additional delay would inappropriately

26                  reward MGA for its refusals to comply with the [prior discovery

27                  master's February 15, 2008] Order.

28   (Application, p. i).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 24 -                                    ORDER NO. 17
                                     [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___19___
PAGE ___328___

1    In its Reply, Mattel offers the following as a further justification for bringing

2    the matter on an *ex parte* basis:

3         MGA has repeatedly employed the procedural tactic of refusing

4         to comply with discovery requests and forcing Mattel to return to

5         court for multiple successive orders and sanctions compelling

6         discovery.  In so doing, MGA effectively halts the discovery

7         process and deprives Mattel of crucial information to which it is

8         entitled. ... Requiring Mattel to repeat the process of filing a

9         regularly noticed motion would unduly reward MGA for its

10        refusal to comply with the [February 15, 2008] Order and

11        enhance MGA's ability to perpetually deprive Mattel of crucial

12        time in which to conduct discovery.

13   (Reply, pp. 3-4).

14        **2.      Circumstances Warranting Issuance Of An Order To Show**

15             **Cause**

16        In its Application, Mattel argues that, although MGA has improperly refused

17   to respond to all of the discovery referenced in the Motion to Compel (including the

18   Interrogatories), that refusal is, in essence, an "aggravated offense" with respect to

19   the Interrogatories, because MGA had already been ordered to provide responses to

20   those Interrogatories pursuant to the prior discovery master's February 15, 2008

21   Order.  Mattel therefore argues that MGA's failure to provide responses to the

22   Interrogatories should be singled out for special treatment as contempt of the Court.

23        **3.      Relief Sought**

24        MGA seeks issuance of an order to show cause that MGA is in contempt, a

25   finding of contempt, and the following monetary relief:

26        • An award of coercive sanctions against MGA in the amount of $5,000

27             for each day that MGA fails to produce full and complete responses to

28             Interrogatories Nos. 43 and 44 as mandated by the Order, and, in the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 25 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___19___
PAGE ___329___

1    event that MGA does not comply within five days of the Court's

2    Order, the amount of coercive sanctions should be increased to

3    $10,000 per day (with all such per diem fine amounts being paid to the

4    Court); and

5    • An award of monetary sanctions against MGA in the amount of

6    $7,000, which represents a portion of the costs incurred by Mattel in

7    bringing the Application.

8    (Application, pp. i - ii).

9    **B.     Discussion**

10    **1.     *Ex Parte* Relief Is Not Justified**

11    As MGA notes, the Court's standing order indicates that *ex parte*

12    applications are "solely for extraordinary relief." This directive was underscored

13    by the Court's Discovery Master Order, which requires that a party applying for *ex*

14    *parte* relief must show that "good cause" exists for hearing any dispute "on

15    shortened time" and that it will "be prejudiced absent prompt resolution" of the

16    issue. (Discovery Master Order, pp. 4 – 5).

17    This standard is not satisfied here. Mattel does not adequately demonstrate

18    that it will be prejudiced if the underlying motion is heard according to regularly

19    noticed motion procedures. The discovery cut-off is still eight months in the future

20    (December 11, 2009), and trial is more than a year away. In its Reply, Mattel

21    argues that it would be unfair to require Mattel to seek relief by means of a

22    regularly noticed motion, given the relevant history:

23    Mattel *already* followed this course of action and already

24    obtained an Order that MGA produce amended interrogatory

25    responses. MGA refuses to obey that [February 15, 2008] Order.

26    Requiring Mattel to repeat the process of filing a regularly

27    noticed motion would unduly reward MGA for its refusal to

28    comply with the [February 15, 2008] Order and enhance MGA's

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 26 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __19__
PAGE ___330___

1    ability to perpetually deprive Mattel of crucial time in which to

2    conduct discovery.

3    (Reply, p. 4, emphasis in original).

4        Mattel's frustration is understandable; Mattel has already been through this

5    process twice (counting the pending motion to compel) with respect to the identical

6    interrogatories which are the subject of the Application. However, Mattel's

7    assertion that it should be allowed to dispense with a noticed motion ignores one

8    important point: the Application seeks relief which both parties acknowledge is

9    entirely different in character than an award of ordinary monetary sanctions for

10   discovery abuses. Unlike its motions to compel, the Application seeks a finding

11   that MGA has deliberately disobeyed a Court order and should be punished by an

12   award of coercive sanctions until it complies with the order. This is the first time

13   Mattel has sought such relief, and MGA has never previously been provided the

14   opportunity to oppose the requested relief in connection with a regularly noticed

15   motion. Thus, while Mattel's above quoted argument might have some application

16   if Mattel were seeking ordinary discovery sanctions on an *ex parte* basis, it does not

17   justify Mattel in seeking contempt sanctions for the first time on an *ex parte* basis.

18       Moreover, the chronology of events tends to negate the assertion that Mattel

19   is suffering immediate and irreparable prejudice from the delay occasioned by

20   MGA's failure to respond to the Interrogatories. MGA has refused to respond to

21   the Interrogatories since the Court lifted the stay on Phase 2 discovery on January 6,

22   2009. Nevertheless Mattel did not file its Application until two months later, after

23   MGA filed the Protective Order Motion and after Mattel filed its Motion to Compel

24   MGA to respond to the outstanding trade dress discovery, including providing

25   responses to the Interrogatories. The timing of these events undermines Mattel's

26   argument that expedited relief is necessary.

27       In the absence of some exigency, the Discovery Master believes that the

28   severity and punitive character of contempt sanctions warrant affording the parties

EXHIBIT  19
PAGE  331

1   the time and opportunity to present their arguments in the context of a regularly

2   noticed motion. Consequently Mattel was not justified in seeking relief on an *ex*

3   *parte* basis. Nevertheless, because Mattel could simply re-file the Application as a

4   regularly noticed motion and because the Discovery Master is not inclined to

5   recommend that the Court grant the relief Mattel seeks at this time, I address the

6   substantive issues raised by the Application below.

> ### 2.   MGA's Alleged Disobedience Of The Prior Order
> #### a.   Legal Standard

9   As the Ninth Circuit has observed:

> Courts are invested with inherent powers that are 'governed not
> by rule or statute but by the control necessarily vested in courts to
> manage their own affairs so as to achieve the orderly and
> expeditious disposition of cases.'

14   (*Unigard Security Ins. Co. v. Lakewood Engineering & Manufacturing Corp.*, 982

15   F.2d 363,368 (9th Cir. 1992) (citations omitted)). When a party fails to comply

16   with a court order, that party commits civil contempt. (*General Signal Corp. v.*

17   *Donallco, Inc.*, 787 F.2d 1376, 1376 (9th Cir. 1986)). Additionally, Federal Rule of

18   Civil Procedure 37(b)(2)(A) authorizes a court to treat the failure to obey a

19   discovery order as contempt.

20   The Ninth Circuit has further observed that "courts have strictly adhered to

21   the principle that the power to punish for contempt is limited to '(t)he least possible

22   power adequate to the end proposed.'" (*In re Gustafson*, 619 F.2d 1354, 1361 (9th

23   Cir. 1980) (citations omitted)).

24   Mattel acknowledges that it must meet an exacting standard in order to

25   prevail on its Application. Specifically, the party seeking imposition of civil

26   contempt sanctions must demonstrate "by *clear and convincing evidence* that the

27   contemnors violated a *specific and definite* order of the court." (*United States v.*

28   *Rose*, 437 F.Supp.2d 1166, 1170 (S.D. Cal. 2006) *quoting FTC v. Affordable Media*

EXHIBIT ___19___
PAGE ___332___

1   *LLC*, 179, F.3d 1228, 1239 (9th Cir. 1990) (emphasis added)).  Further, any doubts

2   as to whether the requirements for civil contempt have been met in a particular case

3   must be resolved in favor of the party accused of civil contempt.  (*In re Chief*

4   *Executive Officers Clubs, Inc.*, 359 B.R. 527, 535 (S.D.N.Y. 2007)).

5          In accordance with this standard, contempt sanctions will not be imposed

6   unless the language of the order allegedly violated is clear and unambiguous.

7   (*Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 892 (9th Cir.

8   1982) (affirming district court's denial of applications to hold defendants in

9   contempt for violating terms of consent judgment where, among other things,

10  certain "language of the judgment was ambiguous"); *Sunbeam Corp. v. Black &*

11  *Decker (U.S.) Inc.*, 151 F.R.D. 11, 15 (D.R.I. 1993) (denying motion for contempt

12  and for sanctions where the discovery at issue was open to interpretation: "Any

13  ambiguities or uncertainties in the court order must be read in a light favorable to

14  the person charged with contempt. ... Contempt power should not be used where

15  there is uncertainty"); *Redman v. U.S.*, 77 F.2d 126, 127 (9th Cir. 1935) ("[T]he

16  power of the court to punish for contempt should be used with caution and

17  deliberation.")).

18                    **b.       Application To The Facts**

19         Mattel argues that MGA violated the February 15, 2008 Order, and that it

20  continued to do so for two months before the prior discovery master stayed MGA's

21  obligation to respond to the Interrogatories on April 22, 2008.  (Application, p. 13).

22  That assertion is not accurate.  In granting MGA's motion for clarification of the

23  February 15, 2008 Order, the prior discovery master in essence retroactively found

24  that MGA should not have been ordered to immediately provide supplemental

25  responses because the Interrogatories involved Phase 2 issues and were therefore

26  subject to the Court's February 4, 2008 stay order – a stay imposed 11 days before

27  the February 15, 2008 Order.

28         When the stay was lifted, on January 6, 2009, the Court did not set a new

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT   19
PAGE   333

1   deadline for MGA to provide supplemental responses in compliance with the

2   February 15, 2008 Order, nor did Mattel request that either the Court or the current

3   Discovery Master do so. However, one month after the stay was lifted, Mattel did

4   meet and confer with MGA in an attempt to obtain responses. At that time, MGA

5   took the position that it would provide responses to the Interrogatories "not later

6   than 30 days after the Court decides the trade dress summary judgment motion

7   which Mattel has indicated it will be bringing." (Ex. 16 to Watson Decl. in support

8   of Application). Three weeks later, MGA filed the Protective Order Motion

9   seeking a stay of its obligation to respond to the Interrogatories.

10      As set forth above, the Discovery Master finds that, in pursuing this course of

11   conduct instead of responding to the Interrogatories and other discovery that is the

12   subject of Mattel's Motion to Compel, MGA acted without substantial justification

13   and therefore grants Mattel's Motion To Compel and also awards sanctions against

14   MGA. The question raised by the Application is whether MGA should *also* be

15   ordered to appear and show cause why it should not be held in contempt and subject

16   to further sanctions for failing to comply with the February 15, 2008 Order.

17      Since Mattel, as the moving party, has the burden of demonstrating by clear

18   and convincing evidence that MGA has committed civil contempt and should be

19   punished, Mattel must, in the first instance, identify the existence of a "specific and

20   definite" provision of the February 15, 2008 Order which MGA has violated.

21   (*Rose*, 437 F.Supp.2d at 1170). In an attempt to meet this burden Mattel argues:

22        The Discovery Master's [February 15, 2008] Order directed

23        MGA to provide full, complete and updated responses to

24        Interrogatories Nos. 43 and 44 within eleven days. MGA did not

25        comply with that Order and refused to do so for two months

26        before the Discovery Master stayed MGA's obligation to respond

27        . while the Court's Phase 2 stay was in place.

28   (Application, p. 13). However, as indicated above, MGA's failure to provide the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __19__
PAGE __334__

1   responses specified in the February 15, 2008 Order cannot reasonably be viewed to

2   be a violation of that order during the period of February 15, 2008 to April 22, 2008

3   because the prior discovery master himself retracted the portion of his ruling

4   requiring MGA to comply in response to MGA's motion for clarification. In other

5   words, the prior discovery master found, in effect, that MGA had *properly* withheld

6   supplemental responses on the ground that the subject Interrogatories sought Phase

7   2 discovery, which had been stayed by the Court nearly two weeks *before* the prior

8   discovery master issued the February 15, 2008 Order. Given the prior discovery

9   master's April 22, 2008 ruling granting MGA's motion for clarification, MGA can

10  hardly be deemed to have been in violation of the February 15, 2008 Order while

11  the Court's stay of Phase 2 discovery was in place. A party who believes a ruling is

12  in error has the right to seek clarification or reconsideration, and doing so is not

13  equivalent to willfully disobeying the court.

14       Mattel also argues that MGA "resumed" its violation of the February 15,

15  2008 Order by failing to comply once the Court lifted the Phase 2 discovery stay on

16  January 6, 2009. While the Discovery Master does not agree that any violation

17  resumed on January 6, 2009, as set forth above, I do agree that MGA should have

18  promptly complied with the February 15, 2008 Order once the stay was lifted by

19  serving supplemental responses within 11 days of the lifting of the stay. *Lucero v.*

20  *Martinez*, 2006 WL 1304945 at *2 (D.N.M. Mar. 11, 2006) (party waived all

21  objections to interrogatories served before a stay was issued by failing to respond

22  within 30 days of the stay's expiration); *Donovan v. Mazzola*, 716 F.2d 1226, 1240

23  (9th Cir. 1983) ("Absent a stay, 'all orders and judgments of courts must be

24  complied with promptly.'").

25       However, today's ruling that MGA should have promptly provided responses

26  to the Interrogatories upon the stay being lifted by the Court is not equivalent to a

27  finding that MGA deliberately violated a "specific and definite" provision in the

28  February 15, 2008 Order. That order arguably does not contemplate the situation

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 31 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 19
PAGE 835

1    which ensued after the order was issued, namely, the prior discovery master's

2    decision to suspend MGA's obligation to respond to the Interrogatories without

3    setting a new deadline to run from the lifting of the stay.

4         While it is reasonable to conclude, as the Discovery Master has done, that the

5    same 11-day deadline imposed by the February 15, 2008 Order would apply once

6    the stay was lifted, an inference, however reasonable, is not the same thing as an

7    express obligation imposed by Court order.  (*U.S. v. Saccoccia*, 433 F.3d 19, 29-30

8    (1st Cir. 2005) [government did not carry its burden on civil contempt claim of

9    proving that acceptance of attorney fees by defense attorneys, post-verdict, fell

10   within list of activities expressly forbidden by earlier protective order]; *Independent*

11   *Living Aids, Inc. v. Maxi-Aids, Inc.*, 349 F.Supp.2d 509, 516 (E.D.N.Y. 2004) [the

12   defendant's supposed "understanding," based on oral comments by the Court that

13   he was being ordered to request that search engines discontinue using infringing

14   phrase, was not the same as express provision of injunction and could not serve as

15   basis for civil contempt]).  Further, as noted above, any doubts regarding

16   disobedience of a court order are to be resolved in favor of the party charged with

17   contempt.  Accordingly, the Discovery Master declines, under the applicable case

18   law and on the record presented, to find that MGA deliberately disobeyed the

19   Court, thereby meriting sanctions for civil contempt.  The Discovery Master also

20   declines to recommend that the Court issue the requested order to show cause.

21        However, as set forth in the Disposition section below, the Discovery

22   Master's ruling today *does* contain an express deadline by which MGA must

23   respond fully and without objection to the Interrogatories (as well as the other

24   discovery that is the subject of Mattel's Motion to Compel).  If MGA fails to

25   comply with the express, definite deadline imposed by this Order, the Discovery

26   Master reserves the right to recommend that the Court impose appropriate sanctions

27   from the date of MGA's non-compliance should Mattel renew its request for an

28   order to show cause regarding contempt by filing a noticed motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-32-

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  19
PAGE  336

## V.    DISPOSITION

A.    MGA's Protective Order Motion is **DENIED**.

B.    Mattel's Motion To Compel is **GRANTED**, except as limited above. MGA's responses to Interrogatory Nos. 43 and 44 shall be served within ten (10) days of this Order, subject to any applicable confidentiality designations available under the Protective Order. MGA's responses to Supplemental Interrogatories Nos. 51 – 55 and 64 shall be served within thirty (30) days of this Order, subject to any applicable confidentiality designations available under the Protective Order.

C.    Mattel's request for sanctions against MGA in connection with its Motion To Compel is **GRANTED**. MGA shall pay $4515 to Mattel within ten (10) days of this Order.

D.    MGA's request for sanctions in connection with Mattel's Motion To Compel is **DENIED**.

E.    Mattel's Application for issuance of an order to show cause regarding contempt is **DENIED**, without prejudice to any noticed motion for an order to show cause regarding contempt that Mattel may deem appropriate in the event that MGA fails to comply with any provision of the present Order.

Dated: April 14, 2009

By:    /s/ Robert C. O'Brien
       ROBERT C. O'BRIEN
       Discovery Master

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __19__
PAGE ___337___

# EXHIBIT 20

1 │ Robert C. O'Brien (SBN 154372)
   │ ARENT FOX LLP
2 │ 555 West Fifth Street, 48th Floor
   │ Los Angeles, CA 90013-1065
3 │ Telephone: 213.629.7400
   │ Facsimile: 213.629.7401
4 │ obrien.robert@arentfox.com

5 │ Discovery Master

6

7

8 │               UNITED STATES DISTRICT COURT

9 │               CENTRAL DISTRICT OF CALIFORNIA

10 │                    EASTERN DIVISION

11

12 │ CARTER BRYANT, an individual,        │ Case No. CV 04-09049 SGL (RNBx)

13 │              Plaintiff,

14 │        v.                            │ Consolidated with
                                          │ Case No. CV 04-09059
15 │ MATTEL, INC., a Delaware             │ Case No. CV 05-2727
   │ corporation,
16 │                                      │ PHASE 2 DISCOVERY MATTER
   │              Defendant.
17 │                                      │ ORDER NO. 34, REGARDING:

18 │                                      │ MOTION TO COMPEL
   │                                      │ PRODUCTION OF HARD DRIVES
19 │                                      │ FROM COMPUTERS USED BY
   │                                      │ ISAAC LARIAN AFTER
20 │                                      │ FEBRUARY 27, 2008

21 │ CONSOLIDATED WITH
   │ MATTEL, INC. v. BRYANT and
22 │ MGA ENTERTAINMENT, INC. v.
   │ MATTEL, INC.
23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT 20
PAGE 338

1     This Order sets forth the Discovery Master's ruling on the Motion to Compel

2   Production of Hard Drives from Computers used by Isaac Larian after February 27,

3   2008, for Supplemental Inspection filed by Mattel, Inc. ("Mattel") (the "Motion")

4   [Docket No. 5267].

5     The Discovery Master, having considered the papers filed in support of and

6   in opposition to the Motion, and having determined that oral argument is not

7   necessary, rules as set forth below.

8   **I.**    **FACTUAL BACKGROUND**

9     The present Motion addresses whether Isaac Larian ("Larian") is required to

10  produce for inspection certain hard drives he has used since February 27, 2008.

11     **A.**    **Document Request No. 222**

12     On or about June 13, 2007, Mattel served its First Set of Requests for

13  Documents and Things on Larian, which included Request No. 222 (the

14  "Request"). (Declaration of Marshall M. Searcy III in Support of the Motion

15  ("Searcy Decl."), Ex. 1 at p. 54). The Request asks Larian to produce for

16  inspection "Each STORAGE DEVICE that YOU have used to create, prepare,

17  generate, transmit, receive, delete or modify any DIGITAL INFORMATION

18  RELATING TO BRATZ, ANGEL or BRYANT."[1] (*Id.*)

19     **B.**    **The Prior Discovery Master's December 31, 2007 Order**

20     Claiming that the Request was overbroad, unduly burdensome, duplicative

21  and violated his privilege and privacy rights, Larian refused to produce any Hard

22  Drives[2] to Mattel. (*Id.*, Ex. 17 at p. 16). Mattel then moved to compel a response

23

---

24  [1] Mattel also references Request No. 225 in its Motion, (Motion, p. 1 and fn. 2), which asks Larian to produce for inspection "[e]ach STORAGE DEVICE that BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or MGA." (Search Decl., Ex. 1 at p. 55). However, Request No. 225 is not at issue, since Mattel only seeks to compel additional inspection of *Larian's* hard drives in the present Motion. (Notice of Motion, p. 1 [Mattel "move[s] for an order compelling Isaac Larian ('Larian') to produce for inspection his hard drives and other storage devices . . . within his possession, custody or control that were connected to any computer used by Isaac Larian since February 27, 2008 . . ."]).

25

26

27

28  [2] As used herein, "Hard Drives" refers to all "STORAGE DEVICES" as that term is defined in connection with the Request.

EXHIBIT  20
PAGE   337

1   to the Request on October 11, 2007. (Searcy Decl., Ex. 2).  The prior discovery

2   master denied the motion on December 31, 2007, reasoning as follows:

3               With respect to Request No. 222, Larian correctly notes

4               that Rule 34 was not intended to authorize the routine

5               production of a party's electronic devices.  Mattel

6               attempts to justify Request No. 222 by pointing to various

7               instances of alleged destruction of evidence . . . However,

8               Mattel fails to explain how these alleged instances of

9               evidence destruction justify Request No. 222, other than

10              to assert that it has a right to inspect Larian's storage

11              devices to ensure that relevant information has not been

12              deleted or permanently destroyed.  Mattel's stated

13              purpose suggests instead that Mattel is launching a fishing

14              expedition in pursuit of new claims, which is not

15              permitted by the Federal Rules of Civil Procedure.

16              [Citation].  Furthermore, Mattel's stated purpose for

17              inspecting Larian's storage devices does not justify the

18              breadth of Request No. 222.  Among other things,

19              Request No. 222 encompasses every storage device that

20              Larian has used to copy digital information relating to

21              Bratz.  Mattel does not need every CD and DVD

22              containing copies of Bratz-related video and audio

23              content, but that is what the request seeks.  Request No.

24              222 is also duplicative because it requests information

25              that is sought in numerous other requests served on Larian

26              as well as MGA.  Mattel has served hundreds of requests

27              for documents and communications relating to Bratz,

28              Angel, and Bryant.  To comply with the requests, Larian

-2-

ORDER NO. 34
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __20__
PAGE __340__

1           was required to search for documents in both hard-copy

2           and electronic form.  Under the circumstances, it is

3           unnecessary for Larian to also produce the requested

4           storage devices.

5  (*Id.*, Ex. 17 at p. 17).

6         **C.**      **The Court's February 27, 2008 Order**

7           Thereafter, Mattel filed a Motion Objecting to Portions of the Discovery

8  Master's December 31, 2007 Order, including challenging the ruling regarding the

9  Request. (*Id.*, Ex. 18).  On February 27, 2008, the Court overruled the prior

10  discovery master's ruling ("February 27, 2008 Order").  (*Id.*, Ex. 19 at p. 2).

11  Specifically, the Court found that the decision was "clearly erroneous and contrary

12  to law" because "[d]estruction of evidence on hard drives is relevant to Mattel's

13  claims, including specific predicate acts alleged in Mattel's RICO counterclaims."

14  (*Id.*).  Consequently, the Court ordered Larian to produce the following:

15           All hard drives from, or that were at any time connected

16           to, any computer used by . . . Isaac Larian . . . at any time

17           from 1999 to the present and that contain or previously

18           contained any digital information referring or relating to

19           Bratz, Angel . . . or Bryant (as those terms are defined in

20           Mattel's Request[]).

21  (*Id.*).

22         **D.**      **Larian's Compliance With The Court's February 27, 2008 Order**

23           On or about April 22, 2008, Larian and Mattel entered into a written

24  agreement setting forth a protocol for Mattel's consultant to inspect Larian's Hard

25  Drives ("Letter Agreement").  (*Id.*, Ex. 25).  Among other things, the Letter

26  Agreement stated that Mattel's consultant would "not access the user generated

27  content of any active file that exists on the hard drive."[3]  (*Id.*, Ex. 25 at p. 3 of the

28

---

[3] An active file is one that is currently available for use on a hard drive or other storage device.

EXHIBIT __20__

PAGE __341__

1   letter).

2       Approximately two months after the parties entered into the Letter

3   Agreement, Larian produced all pre-February 28, 2008 Hard Drives responsive to

4   the Request and permitted them to be inspected and forensically imaged. (Motion,

5   p. 3).

6       **E.**    **Larian Refuses To Supplement His Prior Production**

7       On or about March 18, 2009, Mattel requested that Larian supplement his

8   production of Hard Drives and permit the supplemental inspection of all Hard

9   Drives he has used since February 27, 2008. (Searcy Decl., Ex. 20 at p. 1). Larian,

10  acting through his counsel, responded that he had "fully complied" with the Court's

11  February 27, 2008 Order and that "there is no nexus between the information

12  currently on [his] hard drives and the Phase 2 claims . . ." (*Id.*).

13  **II.**    **RELIEF SOUGHT BY MATTEL**

14       In its Motion, Mattel requests that "Larian be compelled to produce all

15  unproduced hard drives within his possession, custody or control for supplemental

16  inspection by Mattel's consultant." (Motion, p. 17). Mattel further seeks an order

17  permitting the "inspection of all relevant, non-privileged documents and

18  information, including 'active' user generated files and documents and information

19  recovered by [its] experts." (*Id.*).

20  **III.**   **LARIAN'S OPPOSITION**

21       Larian opposes Mattel's Motion on five grounds. First, Larian argues that

22  the Motion seeks information that is not relevant to any Phase 2 issue because there

23  is no allegation in Mattel's Second Amended Answer and Counterclaims ("SAAC")

24  regarding ongoing destruction of evidence. (Opposition, pp. 3 and 12 – 13).

25  Second, Larian argues that Mattel should not be permitted to engage in a fishing

26  expedition to uncover evidence of alleged financial fraud, since the Request does

27  not seek such information and the SAAC contains no allegations of such

28  wrongdoing. (*Id.*, p. 15). Third, Larian argues that he has no duty to supplement

EXHIBIT _70_

PAGE _842_

1   his response because he "fully complied with the Court's February 27, 2008

2   Order . . ." (*Id.*, pp. 3; *see also id.* at pp. 11 – 12). Fourth, Larian argues that

3   "Mattel improperly asks the Discovery Master to expand the scope of [the Court's]

4   prior Order to allow Mattel unrestricted access to the content of information on

5   [his] hard drives, including access to 'active files' on the hard drives, which have

6   no relevance to any purported allegations of evidence destruction." (*Id.*, p. 4

7   [emphasis omitted]; *see also id.* at pp. 13 – 16). Finally, Larian argues that he

8   "should not be subjected to the burden and wholesale invasion of his privilege and

9   privacy rights that would result from producing his personal computer hard drives,

10  particularly when the same information may be obtained through a simple

11  document request."[4] (*Id.*, p. 4; *see also id.* at p. 14).

12       Larian also seeks an award of sanctions against Mattel's counsel "for

13  improperly asking the Discovery Master to revisit and expand the scope of [the

14  Court's] prior Order with respect to Request No. 222 . . ." (*Id.*, pp. 16 – 17).

15  **IV.   ANALYSIS**

16       The present Motion raises two basic questions:  (1) does Larian have a duty

17  to supplement his previous production concerning the Request, and (2), in the event

18  a supplemental production is required, may active files be accessed by Mattel's

19  consultant during his or her inspection?  Each of these questions is addressed

20  below.

21  //

22  //

23  //

24

25  [4] Larian also argues that Mattel has misrepresented the facts regarding whether any spoliation of evidence has

26  occurred in the past and that Mattel's failure to call the consultant who conducted the inspection of Larian's Hard Drives in Phase 1 to testify at trial demonstrates that no spoliation took place. (Opposition, pp. 8 – 11). The question

27  before the Discovery Master, however, is whether the Request relates to a Phase 2 claim or defense, not whether Larian has (or has not) engaged in spoliation of evidence as a matter of fact. Therefore, the Discovery Master does

28  not accept or reject Mattel's allegations of spoliation. Nor do I accept or reject Larian's disputation of those allegations.

EXHIBIT __20__
PAGE __343__

### A. Federal Rule Of Civil Procedure 26 Requires Larian To Supplement His Prior Production

#### 1. Hard Drives That Larian Has Used Since February 27, 2008 Relate To Phase 2 Issues

With respect to the first question, the Court's February 27, 2008 Order found that "[d]estruction of electronic evidence on hard drives is relevant to Mattel's claims, including specific predicate acts alleged in Mattel's RICO counterclaims." (February 27, 2008 Order at p. 2). Based on that finding, the Court ordered Larian to produce all Hard Drives used by him "from 1999 to the present." (*Id.*). Larian construes this holding by the Court to mean that information currently contained on Hard Drives used by him after February 27, 2008 is not relevant to Mattel's Phase 2 claims since, according to him, there are no allegations that the actions alleged in Mattel's RICO claims are continuing and his only obligation with respect to the Request was to produce Hard Drives from 1999 to February 27, 2008 (i.e., the date the February 27, 2008 Order was issued by the Court). (Opposition, p. 12). This argument is unpersuasive for two reasons.

First, the plain language of the SAAC alleges that the conduct of each criminal RICO enterprise alleged therein is continuing. Specifically, Paragraph 92 of the SAAC alleges that "[t]he conduct of each enterprise continues through the date of this [SAAC] and is *ongoing* . . ." (SAAC, ¶ 92 [emphasis added]). Similarly, Paragraph 93 of the SAAC alleges that the pattern of racketeering activity "extends, up to and *beyond* the date of this" SAAC and includes "repeated acts of . . . destroying electronic and other evidence, including by destroying evidence previously contained on . . . Isaac Larian's computer hard drives." (*Id.*, ¶ 93 [emphasis added]).

Second, Larian's argument that the SAAC does not allege ongoing destruction of evidence has already been implicitly, if not expressly, rejected by the Court. If Larian were correct that the SAAC "only alleges prior acts of purported

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 34
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   20
PAGE   344

1   evidence destruction," (Opposition, p. 12), the Court would have limited any

2   production of Hard Drives to the date the SAAC was filed (i.e., July 12, 2007).

3   However, the Court held that Larian had to produce all Hard Drives he used "from

4   1999 to the present [i.e., up through and including February 27, 2008]." (February

5   27, 2008 Order at p. 2).  Because the February 27, 2008 Order already required

6   Larian to produce Hard Drives that he used months after the SAAC was filed,

7   Larian's argument that the SAAC does not allege continuing destruction of

8   evidence is inconsistent with the Court's previous ruling and must be rejected.[5]

9        **2.**     **The Starting Point For Determining Whether Any**

10                  **Supplementation Is Required Is The Request, Not The**

11                  **Court's February 27, 2008 Order**

12       Larian next argues that he has no duty to supplement his prior production

13   because it was not incomplete or incorrect in any respect. (Opposition, p. 12).

14   Specifically, Larian contends that he fully complied with the Court's

15   February 27, 2008 Order by producing all Hard Drives that he used between 1999

16   and the date the order was issued (i.e., February 27, 2008).  (*Id.*, pp. 3 and 11 – 12).

17   The problem with this argument, however, is that it ignores the starting point for

18   determining whether any supplemental production is required.

19       The issue is not whether Larian has fully complied with the *February 27,*

20   *2008 Order* but rather whether Larian is required to supplement the *discovery*

21   *response* in question (i.e., the Request).  If Larian has used Hard Drives since

22   February 27, 2008 (and he does not dispute that he has done so), then there is

23   evidence in existence that renders his response to the Request incomplete.

24   Therefore, in the absence of some other valid objection, Larian must supplement his

25   production regarding the Request under Federal Rule of Civil Procedure 26. (Fed.

26

27   [5] Larian also argues that the Request is not relevant to any allegation of ongoing financial fraud. (Opposition, p. 15).
The Discovery Master need not address this argument because the Request has been determined to be relevant to

28   Mattel's RICO claims.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-7-

ORDER NO. 34
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __20__

PAGE __345__

1    R. Civ. P. 26(e)(1)(A) [stating that the duty to supplement or correct a response

2    arises "if the party learns that in some material respect the . . . response is

3    incomplete or incorrect"]).

4          **3.      The Court's February 27, 2008 Order Does Not Exempt**

5                  **Larian From Having To Comply With Federal Rule Of Civil**

6                  **Procedure 26**

7          Larian's final argument against supplementation is that the Court's

8    February 27, 2008 Order somehow displaced the obligations he had to supplement

9    incomplete discovery responses under Rule 26.  (Opposition, p. 11).  Yet there is no

10   indication anywhere in the February 27, 2008 Order that the Court intended to

11   make Larian exempt from the requirements imposed by Rule 26.  In fact, the

12   February 27, 2008 Order never mentions Rule 26 at all, let alone indicates that

13   Larian need not comply with his duty to supplement going forward.  Nor is there

14   any reason to read such a limitation into the February 27, 2008 Order, since Larian

15   has not cited any legal authority, and the Discovery Master is aware of none,

16   supporting the proposition that a party need not supplement its discovery responses

17   based upon an order that simply requires the production of data for inspection

18   without referencing Rule 26.   Therefore, contrary to Larian's assertion, the

19   February 27, 2008 Order did not remove his duty to supplement his response to the

20   Request and he must fulfill that obligation now.

21         **B.      Mattel's Consultant May Not Access Active Files**

22         Having concluded that Larian must supplement his prior production of Hard

23   Drives and permit them to be inspected pursuant to Rule 26, the Discovery Master

24   now turns to the permissible scope of Mattel's inspection.

25         As explained above, Mattel argues that it "should be allowed to inspect all

26   relevant, non-privileged documents and information, including 'active user'

27   generated files . . . recovered by [its] experts."  (Motion, pp. 4 fn. 10 and 17; Reply,

28   pp. 9 – 11).  Mattel asserts that it is entitled to such information because the

EXHIBIT __20__

PAGE __346__

1   February 27, 2008 Order "specifically stated that Mattel's expert 'shall have the
2   right to inspect any and all information on said hard drive to determine' whether
3   there was evidence of spoliation or attempted spoliation." (Reply, p. 10). This
4   argument is unpersuasive for four reasons, each of which is sufficient by itself to
5   justify denying Mattel's request.

6        First, contrary to Mattel's assertion, the Court did not give Mattel
7   unrestricted access to the content of Larian's Hard Drives in its February 27, 2008
8   Order. On the contrary, the Court expressly limited the scope of the inspection to
9   determining whether any electronic evidence had been destroyed. Indeed, after it
10   stated that a consultant of Mattel's choosing would be allowed to make forensically
11   sound images of each Hard Drive used by Larian and would be permitted "the right
12   to inspect any and all information on said hard drive," the Court immediately
13   qualified its statement. (Searcy Decl., Ex. 19 at pp. 2 – 3). Specifically, the
14   February 27, 2008 Order declared that Mattel's forensic expert will have:

15           the right to inspect any and all information on said hard
16           drive to determine: (a) whether, when, and by whom any
17           information was deleted, destroyed, written over, lost,
18           exported, moved, spoliated or otherwise rendered
19           inaccessible or unreadable; (b) whether, when and by
20           whom any attempts were made to delete, destroy, write
21           over, export, move, spoliate or otherwise render
22           inaccessible or unreadable any information on those hard
23           drives; (c) the current or past presence or use of any
24           hardware or software tool to accomplish any of the
25           actions identified above; (d) whether any information
26           deleted, destroyed, written over, lost, exported, moved,
27           spoliated or otherwise rendered inaccessible or unreadable
28           may be recovered; and (e) to recover any such

EXHIBIT ___20___
PAGE ___347___

1            information, in whole or in part.

2    (*Id.*). Because the Court expressly limited the inspection to determining whether

3    anyone had "deleted, destroyed, written over, lost, exported, moved, spoliated or

4    otherwise rendered inaccessible or unreadable" any information on the Hard Drives

5    and whether any such information was recoverable, there is no connection between

6    Mattel's claim that it is entitled to view *active files* and the inspection permitted by

7    the Court relating to *deleted files*. By definition, an active file is one that is still in

8    existence. Conversely, a file that has been destroyed is not accessible unless it can

9    somehow be recovered. Therefore, the plain language of the February 27, 2008

10   Order precludes Mattel from accessing active files on the Hard Drives, because they

11   are not within the scope of the inspection authorized by the Court.[6]

12           Second, there has been no showing by Mattel that all of the active files that it

13   seeks to access are relevant to Phase 2 issues. What Mattel is essentially requesting

14   is that it should be allowed to access any content on the Hard Drives whether or not

15   those active files have any relevance to a claim or defense in this case. In the

16   absence of a showing that all active files on the Hard Drives are reasonably

17   calculated to lead to the discovery of admissible evidence regarding a Phase 2 issue,

18   the Discovery Master concludes that Mattel's request is overbroad and improperly

19   seeks to discover irrelevant information.

20           Third, the Discovery Master finds that Mattel does not have the right to rifle

21   through Larian's electronic files looking for unspecified information. As Larian

22   persuasively argues, "Mattel has the right to ask [Larian] to produce specific [non-

23   privileged, relevant] documents; it does not have the right to go into [his] electronic

24   'drawers' to see what is there." (Opposition, p. 2). Because that is precisely the

25   
26   [6] Mattel's request to inspect the active files on Larian's Hard Drives is also inconsistent with the Letter Agreement entered into by the parties on April 22, 2008. In relevant part, the Letter Agreement states that Mattel's consultant

27   "shall not access user generated content of any active file that exists on the hard drives." (Searcy Decl., Ex 25 at p. 3 of the letter). The fact that Mattel's counsel agreed to this protocol following the issuance of the Court's February 27, 2008 Order suggests that even Mattel realizes the February 27, 2008 Order was not designed to allow it access to

28   active files on the Hard Drives.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 34
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   70
PAGE    348

1   relief Mattel seeks, its request must be denied.

2   Finally, allowing Mattel unrestricted access to active files on the Hard Drives

3   would improperly permit it to discover attorney-client privileged information that

4   Larian alleges exists on those storage devices. Indeed, if Mattel is given access to

5   all active files on the Hard Drives, the Discovery Master cannot see how Larian can

6   protect his privileged information. This is true despite Mattel's statement that it

7   should only be "allowed to inspect all relevant, non-privileged documents and

8   information," because there is not a mechanism in place that would protect Larian's

9   privileged files from disclosure. Even assuming it is technologically possible to

10  encrypt all active files that contain privileged information so that they may not be

11  accessed by Mattel's consultant, Larian should not be burdened with undertaking

12  such a task because there are less intrusive means by which Mattel could obtain

13  non-privileged, relevant documents, namely through document requests.

14  **C.      Summary Of Ruling Regarding The Motion**

15  The Discovery Master finds that Larian must supplement his prior production

16  of Hard Drives pursuant to Federal Rule of Civil Procedure 26. However, in

17  conducting the inspection of any additional Hard Drives produced by Larian,

18  Mattel's consultant may not access any active files.

19  **D.      Larian's Request For Sanctions**

20  Having determined that Mattel advanced some meritorious arguments and

21  prevailed with respect to certain aspects of its Motion, the Discovery Master denies

22  Larian's request for sanctions.

23  **V.    DISPOSITION**

24  A.      The Motion is **GRANTED in part** and **DENIED in part**, as follows:

25  1.      Larian shall make available within forty-five (45) days of this

26  Order the following hard drives that are in his possession, custody or control: All

27  Hard Drives from, or that were at any time connected to, any computer used by him

28  at any time from February 28, 2008 to the present and that contain or previously

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

ORDER NO. 34
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___20___
PAGE ___341___

1   contained any digital information referring or relating to Bratz, Angel, or Bryant (as

2   those terms are defined in the Request).

3           2.    A consultant of Mattel's choosing, whom Mattel will identify

4   before the inspection, shall be allowed to inspect each of the Hard Drives produced

5   in connection with the preceding Paragraph. Mattel's consultant shall be allowed to

6   make a forensically sound image of each hard drive produced. The inspection may

7   take place at a location of Larian's choosing in this District, so long as the

8   minimum requirements necessary to inspect and create a forensically sound image

9   of the produced hard drives. A consultant of Larian's choosing, whom Larian will

10   identify before the inspection, shall be allowed to observe the inspection and

11   imaging of the hard drives.

12           3.    Mattel's consultant shall have the right to inspect any and all

13   information on the produced Hard Drives to determine: (a) whether, when, and by

14   whom any information was deleted, destroyed, written over, lost, exported, moved,

15   spoliated or otherwise rendered inaccessible or unreadable; (b) whether, when and

16   by whom any attempts were made to delete, destroy, write over, export, move,

17   spoliate or otherwise render inaccessible or unreadable any information on those

18   hard drives; (c) the current or past presence or use of any hardware or software tool

19   to accomplish any of the actions identified above; (d) whether any information

20   deleted, destroyed, written over, lost, exported, moved, spoliated or otherwise

21   rendered inaccessible or unreadable may be recovered; and (e) to recover any such

22   information, in whole or in part.

23           4.    In conducting the above inspection regarding deleted files,

24   Mattel's consultant shall not access the user generated content of any active file that

25   //

26   //

27   //

28   //

EXHIBIT _20_

PAGE _350_

1   exists on the Hard Drives.

2        B.    Larian's request for sanctions is **DENIED**.

3   Dated:      May 18, 2009

4

5                               By:         /s/ Robert C. O'Brien

6                                            ROBERT C. O'BRIEN
                                           Discovery Master

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 34
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __20__
PAGE __351__

# EXHIBIT 21

1

1   UNITED STATES DISTRICT COURT

2   CENTRAL DISTRICT OF CALIFORNIA

3   EASTERN DIVISION

4   - - -

5   HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6   - - -

7   MATTEL, INC.,

8                    Plaintiff,

9        vs.                          No. CV 04-09049

10  MGA ENTERTAINMENT, INC., ET. AL.,

11                   Defendants.

12  AND CONSOLIDATED ACTIONS,         Motions

13

14

15         REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              Riverside, California

17           Wednesday, February 11, 2009

18                  10:03 A.M.

19

20

21

22

23         THERESA A. LANZA, RPR, CSR
           Federal Official Court Reporter
24         3470 12th Street, Rm. 134
           Riverside, California  92501
25              951-274-0844
           WWW.THERESALANZA.COM

EXHIBIT 21
PAGE 352

2

```
 1   APPEARANCES:

 2   ON BEHALF OF MATTEL, INC.:

 3                        QUINN EMANUEL
                         By:   JOHN QUINN
 4                             DYLAN PROCTOR
                               MICHAEL T. ZELLER
 5                       865 S. FIGUEROA STREET,
                         10TH FLOOR
 6                       LOS ANGELES, California   90017
                         213-624-7707
 7

 8   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Outgoing)
 9                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                         BY:   THOMAS J. NOLAN
10                             JASON RUSSELL
                         300 SOUTH GRAND AVENUE
11                       LOS ANGELES, CALIFORNIA   90071-3144
                         213-687-5000
12

13   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Incoming)
14                        GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
                         BY:   JOEL KLEVENS
15                       10250 Constellation Boulevard
                         Los Angeles, California   90067
16                       310-553-3000

17                       MITCHELL, SILBERBERG & KNUPP LLP
                         BY:   RUSSELL J. FRACKMAN
18                       11377 West Olympic Boulevard,
                         Los Angeles, California   90064-1683
19                       310-312-2000

20
     ON BEHALF OF DEFENDANT GUSTAVO MACHADO:
21
                         OVERLAND BORENSTEIN SCHEPER & KIM LLP
22                       BY:   ALEXANDER H. COTE
                         601 West Fifth Street,
23                       12th Floor
                         Los Angeles, California   90071
24                       213-613-4660

25   / / /
```

ednesday, February 11, 2009

Mattel vs. MGA Entertainmer
EXHIBIT __21__
PAGE __353__

3

```
1                         I N D E X  (Continued)

2

3    APPEARANCES (continued):

4

     On behalf of OMNI 808:
5

6                          BINGHAM McCUTCHEN LLP
                           BY:  Todd E. Gordinier
7                          600 Anton Boulevard
                           Costa Mesa, CA  92626-1924
8                          714-830-0622

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Mattel vs. MGA Entertainmer
EXHIBIT __21__
PAGE __364__

92

1    briefing schedule on dispositive motions that I would suggest

2    be fairly comparable to what the Court did the last time.

3            And maybe MGA has a different perspective on this,

4    but I think, from our perspective, while certainly the summary

5    judgment briefing schedule and the like was challenging, it          02:27

6    was, nevertheless, entirely workable and something that we

7    could replicate here.  But the other kinds of deadlines, once

8    we figure out the terminus of the discovery period, then we can

9    simply work from a comparable schedule for the other milestones

10   in terms of time.                                                     02:27

11           THE COURT:  How much time post-discovery would you

12   anticipate would be required for dispositive motions?

13           MR. ZELLER:  Well, I think -- and maybe someone can

14   remind me how much time we had the last time; it was about

15   three months, is my sense.  I can go back and double check as         02:27

16   to the exact dates, but my sense, between when it is that we

17   brought those motions and then the completed briefing and then

18   actually having the hearing with the Court and then

19   disposition, I think it was approximately that time period.

20           THE COURT:  Very good.                                        02:28

21           Thank you, Counsel.

22           From MGA?

23           MR. KLEVENS:  Joel Klevens.

24           I would think the proposed ending date of next spring

25   is a bit longer than should be necessary.                            02:28

:dnesday, February 11, 2009

Mattel vs. MGA Entertainmer
EXHIBIT __21__
PAGE __355__

1       THE COURT:  What's your sense?

2       MR. KLEVENS:  I would hope we could have a trial date

3  in the latter part of November.

4       THE COURT:  Of this year?

5       MR. KLEVENS:  Yes, and work backward from that with          02:28

6  our other deadlines, rather than pushing this all of the way to

7  next spring.  And I'm hoping that we'll find ways to reduce the

8  incredibly exorbitant amount of discovery that took place in

9  Phase 1 and the incredible expense to both parties that was

10  entailed in that and figure out some ways to streamline some of   02:28

11  this in Phase 2 so that we don't have that kind of thing that

12  counsel and parties had in Phase 1.  And I think a tighter

13  schedule will hopefully facilitate that as well.

14       THE COURT:  Very well.

15       So if we had a November trial date, you'd be               02:29

16  suggesting a discovery cutoff, then, in July or August?

17       MR. KLEVENS:  I guess, right, or September.

18       THE COURT:  Because we'd still have to fit in the

19  dispositive motions.

20       MR. KLEVENS:  You're saying the motions would have to      02:29

21  follow the discovery cutoff?

22       THE COURT:  Yes.  I found it helps to have --

23       MR. KLEVENS:  So I guess August would be the

24  discovery cutoff.

25       THE COURT:  Very good.                                     02:29

Mattel vs. MGA Entertainmer

EXHIBIT __21__

PAGE __356__

94

1      **MR. KLEVENS:**  I would simply request the latter part

2  of November rather than the early part, because we do have a

3  conflict in the first week of November, the 5th and 13th.

4      (Brief pause. )

5      **THE COURT:**  I think, on the one hand, trying to wrap          02:32

6  up discovery, given my understanding of the Phase 2 issues, by

7  August or even September, I think, is unworkable.

8      .  At the same time, I do agree that spring of next

9  year, given how much discovery has gone on here and my sincere

10  hopes that we will be able to streamline discovery, is too much   02:33

11  time.

12      I'm going to set a discovery cutoff for the end of

13  this year; December 11, 2009 will be the discovery cutoff.

14      I have just received a note.

15      There's another defendant in this case.                        02:34

16      Counsel, you did not weigh in on this.

17      **MR. COTE:**  Alexander Cote, representing Gustavo

18  Machado.

19      Either plan sounds fine with us, Your Honor.  We

20  don't anticipate a lot of discovery, so we'll defer to counsel.  02:34

21      Would that be for expert and fact discovery?

22      **THE COURT:**  All discovery cutoff, all discovery will

23  be done by this date.

24      **MR. COTE:**  Thank you.

25      **THE COURT:**  We've gone through this before; all            02:34

Mattel vs. MGA Entertainmer
EXHIBIT __21__
PAGE __357__

95

1    discovery is cut off December 11, 2009.

2           I will schedule dispositive motions for February 1st,

3    2010, at 10:00 A.M.; I'll schedule a pretrial conference for

4    March 1st, 2010, at 11:00 A.M.; and the trial date for Phase 2

5    will be March 23, 2010, at 9:30 A.M.  I will have the cutoff          02:35

6    for the mandatory settlement conference also scheduled for

7    December 11, 2009.

8           My hope would be that we could wrap this case up this

9    year, but, if not, we'll have dispositive motions and the trial

10   in the early part of next year.                                       02:35

11          Are there any conflicts, known conflicts at this

12   point, with any of those dates?

13          From Mattel's perspective?

14          MR. ZELLER:  No.  Not with Mattel, Your Honor.

15          THE COURT:  With MGA?                                          02:35

16          MR. KLEVENS:  I don't believe so, Your Honor.

17          MR. COTE:  None, Your Honor.

18          THE COURT:  Very well.

19          Is there anything else we need to address at this

20   time?                                                                02:35

21          MR. ZELLER:  Yes, Your Honor.

22          Given these deadlines -- and I regret having to

23   embroil the Court in this, because this is a, quote, "discovery

24   issue," but it involves the Court's orders from January.

25          As I've mentioned, we have received nothing from MGA,          02:35

Mattel vs. MGA Entertainme:
EXHIBIT _____ 21
PAGE _____ 358

1   even as to things that were compelled before the stay.  They

2   have been taking the position that the Court's orders of

3   January 6th and January 7th effectively stayed our ability to

4   get financial discovery.

5           I would ask the Court to make a ruling on this.                    02:36

6           I regret having to raise it, but we are going to lose

7   at least another month, if not another two months, in getting

8   financial information which is absolutely critical for our

9   ability to prepare for this.  And this is one reason why I was

10  suggesting as long as I was.                                               02:36

11          THE COURT:  I understand, Counsel.

12          MR. ZELLER:  But, the idea that there's a stay in

13  place is --

14          THE COURT:  I thought I made it clear that I lifted

15  all stays on discovery, but perhaps not.                                   02:36

16          MR. KLEVENS:  The system the Court has set up cannot

17  work if counsel are allowed to come to the Court and give some

18  distorted view of what they think the dispute is about and not

19  leave it to the Discovery Master to look at and resolve and

20  give the parties the opportunity to brief.                                 02:36

21          I'm not going to respond to what he says.  I don't

22  agree with a word that he said.  But I'm not going to

23  respond to it.

24          THE COURT:  I think you have responded, Counsel, and

25  I take your response at its value.                                         02:37

:dnesday, February 11, 2009

Mattel vs. MGA Entertainmer

EXHIBIT __21__

PAGE __359__

97

1        For the record, I previously indicated that all stays

2   on discovery have been lifted.  All discovery matters should

3   rightfully be referred to the Discovery Master.  And I'll let

4   it go at that.

5        MR. ZELLER:  And that no discovery issues or no                    02:37

6   requests for discovery are premature at this point, because

7   that's the other term they are using on this.

8        THE COURT:  I will instruct the Discovery Master this

9   afternoon, in no uncertain terms, that there is no stay on any

10  discovery related to this case at all.  There's no longer a                02:37

11  Phase 1/Phase 2 distinction.

12       As I indicated, I thought that I made this clear

13  before.  If it's not, it will be expressly set forth in the

14  minutes coming out of today's hearing.

15       There is no stay on discovery.  Period.                            02:37

16       MR. ZELLER:  And we're fully entitled to the

17  financial information that --

18       THE COURT:  Lets leave it at that, Counsel.

19       Thank you, Mr. Zeller.

20       MR. RUSSELL:  Could I say one thing, since                         02:38

21  Mr. Zeller injected this.

22       When he's talking about this stay -- and this is the

23  twilight between Phase 1 and Phase 2 counsel -- they

24  promulgated a series of receiver-related discovery which we

25  contend and run your Honor's orders saying let's talk it out of            02:38

Mattel vs. MGA Entertainmen

EXHIBIT ___21___

PAGE ___360___

98

```
 1    discovery, let's let Mr. Durkin handle this.  And that's what
 2    he's talking about.
 3            There may be other issues, but a major component --
 4    and I would not want Your Honor to paint with too broad a
 5    brush -- it is MGA's position as to Phase 1 receiver-related     02:38
 6    issues, that Your Honor appropriately, at our request, took out
 7    of discovery the financial discovery issues.
 8            THE COURT:  Mr. Durkin is acting at the Court's
 9    direction to inform the Court of information.  I may or may not
10    release any of the information that Mr. Durkin provides; so no    02:38
11    one, neither side, should be relying upon the information that
12    Mr. Durkin is gathering for purposes of litigating this case.
13    That's an entirely separate matter.  And I have not stayed any
14    discovery, and there should be no reliance on that.
15            If that was misunderstood, it's clarified now.           02:39
16            MR. RUSSELL:  Just so I can make sure I'm clear, Your
17    Honor, because I really, since we were the ones at the hearing
18    when this was discussed, and we asked Your Honor for this
19    precise relief, which is to say the financial discovery, the
20    allegations against Omni and IGWT and the like, and I thought I  02:39
21    heard Your Honor to say that it made sense for Mr. Durkin to
22    get to the base of it.  And if, then, there were any merit to
23    it, we could allow this discovery to go forward.
24            THE COURT:  Wait a second.
25            You're adding something in there.  I didn't say          02:39
```

Mattel vs. MGA Entertainmer
EXHIBIT __*71*__
PAGE __361__

105

1   we'll go from there.

2           **MR. ZELLER:**  Thank you.

3           **THE COURT:**  Anything further?

4           Thank you.  Good day.

5

6

7

8

9

10                          CERTIFICATE

11

12  I hereby certify that pursuant to section 753, title 28, United
    States Code, the foregoing is a true and correct transcript of
13  the stenographically recorded proceedings held in the above-
    entitled matter and that the transcript page format is in
14  conformance with the regulations of the Judicial Conference of
    the United States.

15

16  *Theresa A. Lanza*                    2-13-09
    THERESA A. LANZA, CSR, RPR                Date
17  Federal Official Court Reporter

18

19

20

21

22

23

24

25

dnesday, February 11, 2009

Mattel vs. MGA Entertainme
EXHIBIT  21
PAGE   302

# EXHIBIT 22

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 23

08-71714106
09/09/2008 16:03

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

18335690004   UCC # FILM

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

PN-00001303

CL@S

account number  10316AMIRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. THIS FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record.  Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:
OR | 6a. ORGANIZATION'S NAME |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:
OR | 7a. ORGANIZATION'S NAME  OMNI 808 Investors LLC, as Agent |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS  9420 Wilshire Blvd., Suite 400 | CITY  Beverly Hills | STATE  CA | POSTAL CODE  90212 | COUNTRY  USA |
| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION  Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION  California | 7g. ORGANIZATIONAL ID #, if any  ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.
OR | 9a. ORGANIZATION'S NAME  Wachovia Bank, National Association, as Agent |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Debtor: MGA Entertainment Inc.                                        CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A72G10933.1/0001762.0000308275

EXHIBIT  23
PAGE  369

# EXHIBIT 24

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**