# EXHIBIT 49

RECEIVED

MAY 1 9 2009

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS,
     HOWARD & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
   Facsimile:  310-556-2920
6

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:  310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12

13              UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

16 CARTER BRYANT, an individual,        )  Case No. CV 04-9049 SGL (RNBx)
                                        )
17              Plaintiff,              )  Consolidated with
                                        )  Case No. CV 04-09059
18 v.                                   )  Case No. CV 05-02727
                                        )
19 MATTEL, INC., a Delaware             )  MGAE DE MEXICO'S RESPONSES
   corporation,                         )  TO FIRST SET OF REQUESTS FOR
20                                       )  DOCUMENTS AND THINGS
                                        )  (PHASE 2)
21              Defendant.              )
                                        )
22 ─────────────────────────────        )
                                        )
23 AND CONSOLIDATED ACTIONS             )
                                        )
24                                       )
                                        )
25 PROPOUNDING PARTY:    MATTEL, INC.

26 RESPONDING PARTY:     MGAE DE MEXICO, S.R.L. DE C.V.

27 SET NO.:              ONE (PHASE 2)

28                                      EXHIBIT  49
                                        PAGE  819

677054                    5·18        1

RESPONSES TO FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS (Phase 2)

The General Response set forth herein applies to all responses that MGAE de Mexico, S.R.L. de C.V. ("MGA") is providing in response to these requests for production (the "Requests") or may in the future provide in response to any discovery request in this action.  The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving:   (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA's discovery regarding the information that Mattel seeks.  Discovery for Phase Two and other investigation or research concerning this litigation are continuing.  It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead MGA to discover other information responsive to these Requests. MGA therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained in the Requests or any particular request therein, even where MGA has not otherwise objected to a particular request, or has agreed to provide information responsive to a particular request.

No incidental or implied admissions are intended by this Response.  These responses should not be taken as an admission that MGA accepts or admits the existence of any facts set forth or assumed by any instruction, definition or request.

677054

RESPONSES TO FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS (Phase 2)

EXHIBIT __49__

PAGE __818__

## GENERAL OBJECTIONS

MGA responds to these Requests subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1.      MGA objects to these Requests to the extent they seek information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

2.      MGA objects to these Requests to the extent they seek information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

3.      MGA objects to these Requests to the extent they seek information which by reason of public filing or otherwise is already in Mattel's possession or is readily accessible to Mattel.

4.      MGA objects to these Requests to the extent they seek the disclosure of information (1) not currently within its possession, custody or control; (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to MGA.

5.      MGA objects to these Requests to the extent they are overbroad and unduly burdensome.

6.      MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

EXHIBIT 49

PAGE 819

677054

3

RESPONSES TO FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS (Phase 2)

7.     MGA objects to the following definitions in these Requests:

(a)     MGA objects to the term "REFER OR RELATE TO" (Definitions ¶ I) on the grounds and to the extent that they are overbroad, unduly burdensome or are vague and ambiguous in the context of the requests as written and as those requests would be plainly understood absent Mattel's definitions.

(b)     MGA objects to the terms "IDENTIFY," "IDENTIFYING" or "IDENTITY" (Definitions ¶ K) as overbroad, unduly burdensome, vague, ambiguous, and oppressive.  Mattel's definition of these terms inherently call for answers to multiple discrete questions or subparts to questions.  For example, when those terms are used to reference any individual, the use of those terms requests at least 7 different and distinct facts: (a) such individual's name; (b) such individual's current or last known business title; (c) such individual's current or last known business affiliation; (d) such individual's current or last known relationship to MGA; (e) such individual's current or last known residential address; (f) such individual's current or last known business address; (g) such individual's current or last known telephone number.  When those terms are used to reference any business entity, the use of those terms requests at least 4 different and distinct facts: (a) such entity's full name; (b) state (or country) of incorporation or organization; (c) such entity's present or last known address; (d) such entity's present or last known telephone number.  Therefore, any request that includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and should be posed as separate requests.

(c)     MGA objects to the term "ITEM OF VALUE" (Definitions ¶ E) on the grounds and to the extent that it is overbroad, unduly burdensome or is vague and ambiguous in the context of the requests as written and as those requests would be plainly understood absent Mattel's definitions.

8.     MGA objects to these requests to the extent that they may unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not been completed and MGA is not yet necessarily in possession of all the facts and

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT __99__
PAGE ___820___

1  documents upon which MGA intends to rely.  All of the responses submitted herewith

2  are tendered to Mattel with the reservation that the responses are submitted without

3  limiting the evidence on which MGA may rely to support the contentions and

4  defenses that MGA may assert at the trial of this action and to rebut or impeach the

5  contentions, assertions and evidence that Mattel may present.  MGA reserves the right

6  to supplement or amend these responses at a future date.

7          9.     MGA objects to each request to the extent that it seeks

8  information that will be the subject of expert witness testimony and that is therefore

9  premature.

10         10.    MGA objects to each request to the extent that it seeks the

11 disclosure of confidential, proprietary, or trade-secret information.

12         11.    MGA objects to each request to the extent that it calls for a legal

13 conclusion.

14         12.    MGA reserves the right to object on any ground at any time to

15 such other and supplemental discovery requests as Mattel may propound involving or

16 relating to the same subject matter of these request.

17         13.    The responses below shall not be construed as an admission as to

18 the relevance or admissibility of any statement or characterization contained in any

19 request.  MGA reserves all objections, including without limitation objections as to

20 competency, relevance, materiality, privilege, authenticity, or admissibility.

21         14.    In responding to these Requests, MGA has not and will not

22 comply with any instructions or definitions that seek to impose requirements in

23 addition to those imposed by the Federal Rules of Civil Procedure and any applicable

24 local rule.

EXHIBIT 49
PAGE 821

RESPONSES TO FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS (Phase 2)

1   the extent that it seeks documents not in MGA's possession, custody or control. MGA

2   also objects to this request on the grounds that it seeks confidential, proprietary or

3   commercially sensitive information, the disclosure of which would be inimical to the

4   business interests of MGA. MGA also objects to this request to the extent it calls for the

5   disclosure of attorney-client privileged information or information protected from

6   disclosure by the work-product doctrine, joint defense or common interest privilege, or

7   other privilege.

8        MGA further objects to this request as being overly broad and unduly burdensome

9   on the grounds that it is unlimited in time. MGA further objects to this request as

10  cumulative and duplicative to the extent that it seeks documents previously requested by

11  Mattel or produced by MGA in response to Mattel's document requests.

12  **REQUEST FOR PRODUCTION NO. 53:**

13       All COMMUNICATIONS by, to or from VARGAS or TRUEBA REFERRING

14  OR RELATING TO their or YOUR receipt, transfer, transmission, downloading,

15  uploading, reproduction, possession, custody, use or theft of any MATTEL

16  DOCUMENT, property or information.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

18       MGA incorporates by reference its General Objections as though fully set forth

19  herein. MGA further objects on the grounds that this request calls for the production of

20  documents that are not relevant to any claim or defense in the pending litigation or

21  reasonably calculated to lead to the discovery of admissible evidence.

22       MGA further objects to this request on the grounds that it is compound. MGA

23  further objects to the request to the extent it violates the privacy rights of third parties to

24  their private, confidential, proprietary or trade secret information. MGA further objects

25  to this request on the grounds that it is overbroad as to subject matter and time; in

26  particular, MGA objects that the phrases "all communications" and "referring or relating

27  to" are not tied in any way to any claim or defense involved in Phase 2 of this litigation.

28

EXHIBIT 49

PAGE 822

64

RESPONSES TO FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS (Phase 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1    MGA further objects to this request on the ground that the terms ALL
2    COMMUNICATIONS and REFERRING OR RELATING TO, render the request vague,
3    ambiguous, overly broad and unduly burdensome. MGA further objects to this request to
4    the extent that it seeks documents not in MGA's possession, custody or control. MGA
5    also objects to this request on the grounds that it seeks confidential, proprietary or
6    commercially sensitive information, the disclosure of which would be inimical to the
7    business interests of MGA. MGA also objects to this request to the extent it calls for the
8    disclosure of attorney-client privileged information or information protected from
9    disclosure by the work-product doctrine, joint defense or common interest privilege, or
10   other privilege.

11       MGA further objects to this request as being overly broad and unduly burdensome
12   on the grounds that it is unlimited in time. MGA further objects to this request as
13   cumulative and duplicative to the extent that it seeks documents previously requested by
14   Mattel or produced by MGA in response to Mattel's document requests.

15   **REQUEST FOR PRODUCTION NO. 54:**

16       All COMMUNICATIONS REFERRING OR RELATING TO the authority or
17   authorization, or lack of authority or authorization, of VARGAS or TRUEBA in
18   connection with YOUR receipt, possession, custody or use of any MATTEL document,
19   property or information.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

21       MGA incorporates by reference its General Objections as though fully set forth
22   herein. MGA further objects on the grounds that this request calls for the production of
23   documents that are not relevant to any claim or defense in the pending litigation or
24   reasonably calculated to lead to the discovery of admissible evidence.

25       MGA further objects to this request on the grounds that it is compound. MGA
26   further objects to the request to the extent it violates the privacy rights of third parties to
27   their private, confidential, proprietary or trade secret information. MGA further objects
28   to this request on the grounds that it is overbroad as to subject matter and time; in

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

65

RESPONSES TO FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS (Phase 2)

EXHIBIT ___44___

PAGE ___923___

business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is unlimited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS or agreement between YOU and VARGAS or TRUEBA regarding their testimony in any proceedings REFERRING OR RELATING TO YOUR theft, possession or use of the trade secrets or confidential information of any other PERSON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are not tied in any way to any claim or defense involved in Phase 2 of this litigation.

MGA further objects to this request on the ground that the terms ALL DOCUMENTS and REFERRING OR RELATING TO, render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA

RESPONSES TO FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS (Phase 2)

EXHIBIT ___49___

PAGE ___824___

1  also objects to this request on the grounds that it seeks confidential, proprietary or
2  commercially sensitive information, the disclosure of which would be inimical to the
3  business interests of MGA. MGA also objects to this request to the extent it calls for the
4  disclosure of attorney-client privileged information or information protected from
5  disclosure by the work-product doctrine, joint defense or common interest privilege, or
6  other privilege.

7       MGA further objects to this request as being overly broad and unduly burdensome
8  on the grounds that it is unlimited in time. MGA further objects to this request as
9  cumulative and duplicative to the extent that it seeks documents previously requested by
10  Mattel or produced by MGA in response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 70:**

12       All DOCUMENTS REFERRING OR RELATING TO any refusal by VARGAS
13  or TRUEBA to provide any declarations, affidavits, or other sworn written statements, or
14  to be examined for deposition, after YOU have requested that they do so.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

16       MGA incorporates by reference its General Objections as though fully set forth
17  herein. MGA further objects on the grounds that this request calls for the production of
18  documents that are not relevant to any claim or defense in the pending litigation or
19  reasonably calculated to lead to the discovery of admissible evidence.

20       MGA further objects to this request on the grounds that it is compound. MGA
21  further objects to the request to the extent it violates the privacy rights of third parties to
22  their private, confidential, proprietary or trade secret information. MGA further objects
23  to this request on the grounds that it is overbroad as to subject matter and time; in
24  particular, MGA objects that the phrases "all documents" and "referring or relating to"
25  are not tied in any way to any claim or defense involved in Phase 2 of this litigation.

26       MGA further objects to this request on the ground that the terms ALL
27  DOCUMENTS and REFERRING OR RELATING TO, render the request vague,
28  ambiguous, overly broad and unduly burdensome. MGA further objects to this request to

EXHIBIT __49__

PAGE __625__

*(left margin, vertical)* LAW OFFICES   GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP   10250 CONSTELLATION BOULEVARD   NINETEENTH FLOOR   LOS ANGELES, CALIFORNIA 90067   (310) 553-3000

1   MGA further objects to this request on the ground that the terms ALL

2   DOCUMENTS, and REFERRING OR RELATING TO, render the request vague,

3   ambiguous, overly broad and unduly burdensome. MGA further objects to this request to

4   the extent that it seeks documents not in MGA's possession, custody or control. MGA

5   also objects to this request on the grounds that it seeks confidential, proprietary or

6   commercially sensitive information, the disclosure of which would be inimical to the

7   business interests of MGA. MGA also objects to this request to the extent it calls for the

8   disclosure of attorney-client privileged information or information protected from

9   disclosure by the work-product doctrine, joint defense or common interest privilege, or

10   other privilege.

11   MGA further objects to this request as being overly broad and unduly burdensome

12   on the grounds that the post-March 1, 2007 time period is beyond the scope of Mattel's

13   Second Amended Answer and Counterclaims and is irrelevant to this action. MGA

14   further objects to this request as cumulative and duplicative to the extent that it seeks

15   documents previously requested by Mattel or produced by MGA in response to Mattel's

16   document requests. Subject to the foregoing objections, MGA agrees to produce any

17   non-privileged, responsive documents that have not already been produced.

18

19

20   Dated: May 18, 2009            Patricia L. Glaser
                                    Joel N. Klevens
21                                  GLASER, WEIL, FINK, JACOBS,
                                        HOWARD & SHAPIRO, LLP
22
                                    Russell J. Frackman
23                                  MITCHELL, SILBERBERG & KNUPP, LLP

24                                  By: _Amman Khan (RG5)_
                                        Amman Khan
25                                      Attorneys for the MGA Parties
                                        for Phase Two
26

27

28

677054                                         98

EXHIBIT __49__

PAGE __826__

RESPONSES TO FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS (Phase 2)

# EXHIBIT 50

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 51



Robert C. O'Brien (SBN 154372)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
obrien.robert@arentfox.com

Discovery Master

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

v.

MATTEL, INC., a Delaware corporation,

Defendant.

CONSOLIDATED WITH
MATTEL, INC. v. BRYANT and
MGA ENTERTAINMENT, INC. v.
MATTEL, INC.

Case No. CV 04-09049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**PHASE 2 DISCOVERY MATTER**

**ORDER NO. 35, REGARDING:**

**DISCOVERY MASTER'S RECOMMENDATION THAT THE COURT EXECUTE A LETTER OF REQUEST ON BEHALF OF MATTEL**

EXHIBIT 51
PAGE 853

1    Having reviewed Mattel, Inc.'s Motion for Issuance of a Letter of Request,

2  and all other papers submitted in support of an in opposition thereto, and having

3  conducted oral argument thereon, the Discovery Master finds that good cause exists

4  to **RECOMMEND** that the Court execute the Letter of Request attached hereto as

5  Exhibit A.

6

7  Dated:        May 21, 2009

8

9                                              By:_____/s/ Robert C. O'Brien_____

10                                                        ROBERT C. O'BRIEN
                                                          Discovery Master

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

ORDER NO. 35
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _57_

PAGE _854_

# EXHIBIT 52

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443 3000
6  Facsimile:  (213) 443 3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12         Plaintiff,                     Consolidated with
                                          Case No. CV 04-09059
13      vs.                               Case No. CV 05-02727

14  MATTEL, INC., a Delaware             **DISCOVERY MATTER**
    corporation,,
15                                        [To be heard by Discovery Master
           Defendant.                     Robert C. O'Brien pursuant to the
16                                        Court's orders of December 6, 2006
                                          and January 6, 2009]
17  ───────────────────────────
    AND CONSOLIDATED ACTIONS             **MATTEL, INC.'S NOTICE OF**
18                                        **MOTION AND MOTION FOR**
                                          **ISSUANCE OF LETTERS OF**
19                                        **REQUEST FOR VARGAS AND**
                                          **TRUEBA; AND**
20
                                          **MEMORANDUM OF POINTS AND**
21                                        **AUTHORITIES**

22                                        [Declaration of Marshall Searcy and
                                          [Proposed] Request for Judicial
23                                        Assistance filed concurrently herewith]

24                                        Date:  TBD
                                          Time:  TBD
25                                        Place: Arent Fox LLP

26  EXHIBIT 52                            **Phase 2:**
                                          Disc. Cut-off:    Dec. 11, 2009
27                                        Pre-trial Con.:   Mar. 1, 2010
    PAGE 855                              Trial Date:       Mar. 23, 2010
28

07975/2976991.1

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that at a hearing before the Discovery Master

3   Robert O'Brien, occurring at a date and time to be set by the Discovery Master,

4   Mattel, Inc. ("Mattel") will, and hereby does, move pursuant to <u>Federal Rule of</u>

5   <u>Civil Procedure</u> 28 for a report and recommendation that a Letter of Request for

6   International Judicial Assistance issue: (1) to compel the oral deposition of Pablo

7   Vargas San Jose; and (2) to compel the oral deposition Mariana Trueba Almada, in

8   Mexico City, Mexico. A form of the Letter of Request for International Judicial

9   Assistance is attached hereto as Exhibit 1. The topics of oral testimony sought from

10   Vargas and Trueba are set forth in Schedules B and C, respectively.

11         Mattel makes this motion pursuant to <u>Federal Rule of Civil Procedure</u> 28 on

12   the grounds that Vargas and Trueba have evidence in the form of relevant testimony

13   critical to the subject matter of these consolidated cases and specifically to Mattel's

14   Counterclaims. The Discovery Master has already confirmed this fact, and found

15   the issuance of a Letter of Request appropriate. Accordingly, Mattel requests that

16   the Discovery Master recommend the issuance of the accompanying Letter of

17   Request for International Judicial Assistance to obtain the requested evidence.

18         This Motion is based on this Notice of Motion, the accompanying

19   Memorandum of Points and Authorities, the concurrently filed Declaration of

20   Marshall Searcy, the concurrently filed [Proposed] Request for Judicial Assistance,

21   all other pleadings and papers on file in this action, any matters of which the

22   Discovery Master may take judicial notice, and such further evidence and argument

23   as may be presented at or before the hearing on this matter.

24

25

26

27

28

EXHIBIT _52_

PAGE _856_

-2-

1     ## Certificate of Compliance

2          Mattel notified defendants of the issues raised in this motion on June 24,

3     2008.  Defendants did not reply to Mattel's letter.

4

5     DATED:  July 22, 2009                     QUINN EMANUEL URQUHART OLIVER &
                                                HEDGES, LLP
6

7
                                           By  /s/ Marshall M. Searcy
8                                              Marshall M. Searcy
                                               Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              EXHIBIT  52

27                                              PAGE  857

28

1

## TABLE OF CONTENTS

2                                                                                                **Page**

3

4  MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

5  PRELIMINARY STATEMENT ...................................................................... 1

6  STATEMENT OF FACTS .......................................................................... 1

7  ARGUMENT .......................................................................................... 2

8  I.   THE COURT HAS AUTHORITY TO ISSUE THE LETTER OF
        REQUEST ...................................................................................... 2
9
   II.  THE TOPICS OF TESTIMONY ARE BOTH RELEVANT AND
10       NECESSARY TO MATTEL'S PROSECUTION OF ITS
         COUNTERCLAIMS AT TRIAL .......................................................... 3
11
    CONCLUSION ...................................................................................... 6

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          EXHIBIT _52_

27                                          PAGE _858_

28

MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST

# TABLE OF AUTHORITIES

Page

### Cases

Major v. Western Home Ins. Co.,
169 Cal. App. 4th 1197 (Cal. Ct. App. 2009)............................................................ 6

Wysinger v. Auto. Club of S. California,
157 Cal. App. 4th 413 (Cal. Ct. App. 2007)............................................................ 6

### Statutes

28 U.S.C. § 1781................................................................................................. 3

Cal. Civ. Code § 3294....................................................................................... 6

Federal Rule of Civil Procedure 28(b)(1)........................................................ 2

Federal Rule of Civil Procedure 28(b)(2) ....................................................... 2

EXHIBIT __52__

PAGE __859__

-ii-

07975/2976091.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel, Inc. ("Mattel") requests that the Discovery Master recommend the issuance of the accompanying Letter of Request for International Judicial Assistance for the purpose of taking the deposition under oath of Pablo Vargas San Jose and Mariana Trueba Almada in Mexico City, Mexico.

There is ample justification for the issuance of the Letter of Request. The Discovery Master has already held that Mattel may "prepare letters rogatory and submit them to the Discovery Master, who will see that the letters rogatory are expeditiously issued by the Court."[1]   The requested discovery in the Letter of Request is also narrowly tailored. Mattel seeks to depose Mr. Vargas and Ms. Trueba on eight topics which are very similar to topics previously approved by the Discovery Master with respect to Ms. Brisbois and MGA Canada. While this discovery, which may be otherwise unavailable to Mattel, will not impose an undue burden upon Mr. Vargas and Ms. Trueba, it is essential for Mattel to prosecute its counterclaims against MGA.

### Statement of Facts

**Allegations in the Operative Complaint.** In its Third Amended Answer and Counterclaims, Mattel has alleged that MGA and Larian induced former employees Pablo Vargas San Jose, Mariana Trueba Almada, and Carlos Gustavo Machado Gomez to resign from their positions at Mattel, and to steal Mattel's confidential and proprietary information. Mattel has also alleged that Vargas and Trueba were hired by Isaac Larian to establish and run MGA Mexico,

---

[1]   See Phase 2 Discovery Matter Order No. 11, dated March 31, 2009, at 36, attached as Exhibit 1 to the concurrently filed Declaration of Marshall Searcy ("Searcy Dec.").

EXHIBIT 52

PAGE 860

07975/2976991.1

1   and that they provided the information to MGA and Larian both before and after

2   their resignations from Mattel.[2]

3          **Mattel's Motion to Compel.**  For discovery on these claims, Mattel

4   noticed the depositions of Vargas and Trueba.  MGA Mexico, however, urged that

5   Vargas and Trueba were merely "mid-level employees" without discretion in the

6   management of MGA Mexico, and thus, they were beyond the reach of Fed. R. Civ.

7   P. 30.[3]  Mattel moved to compel the depositions of Vargas and Trueba.[4]  The

8   Discovery Master denied Mattel's motion.  In so ruling, however, the Discovery

9   Master explicitly stated that Vargas and Trueba "have information relating to several

10  Phase 2 issues and that Mattel is entitled to take their depositions."  Thus, the

11  Discovery Master concluded, Mattel was entitled to "prepare letters rogatory and

12  submit them to the Discovery Master, who will see that the letters rogatory are

13  expeditiously issued by the Court."[5]

14                              **Argument**

15  I.     **THE COURT HAS AUTHORITY TO ISSUE THE LETTER OF**

16         **REQUEST**

17         Under Federal Rule of Civil Procedure 28(b)(1), "[a] deposition may be taken in

18  a foreign country . . . under a letter of request, whether or not captioned a 'letter

19  rogatory.'"  Further, Rule 28(b)(2) provides for the issuance of a Letter of Request "on

20  appropriate terms after an application and notice of it. . . . "  Finally, both the United

21

22         [2]  Mattel, Inc.'s Third Amended Answer and Counterclaims, dated May 22,
23  2009, at ¶¶ 44-61 ("Counterclaims"), Searcy Dec., Exh. 2.
           [3]  MGA Parties' Opposition to Mattel, Inc.'s 2-09-09 Motion to Compel
24  Depositions of Vargas and Trueba and Request For Sanctions, dated February 13,
25  2009, at 10, Searcy Dec., Exh. 4.
           [4]  See Mattel, Inc.'s Motion to Compel Depositions of Vargas and Trueba; and
26  Request For Sanctions, dated February 9, 2009, Searcy Dec., Exh. 3.
           [5]  See Phase 2 Discovery Matter Order No. 11, dated March 30, 2009, at 36,
27  Searcy Dec., Exh. 1.
28                                               EXHIBIT 52

                                      PAGE 861

1   States and Mexico are members of the Hague Convention on Taking of Evidence
2   Abroad in Civil or Commercial Matters,[6] which permits the issuance of letters of
3   request.[7]

4         Because information and witnesses necessary to Mattel's prosecution of its
5   counterclaims against MGA are located in Mexico, the Discovery Master should
6   recommend the issuance of the Proposed Letter of Request for International Judicial
7   Assistance. The Proposed Letter of Request, filed concurrently herewith, would ask the
8   Mexican Judicial authority to compel: (1) Pablo Vargas San Jose to be examined under
9   oath on the topics set forth in Schedule B; and (2) Maria Trueba Almada to be
10  examined under oath on the topics set forth in Schedule C.

11  II.    THE TOPICS OF TESTIMONY ARE BOTH RELEVANT AND
12         NECESSARY TO MATTEL'S PROSECUTION OF ITS
13         COUNTERCLAIMS AT TRIAL

14        As discussed at length in Mattel's motion to compel the depositions of
15  Vargas and Trueba,[8] Vargas and Trueba are central actors in the events alleged
16  throughout Mattel's Third Amended Counterclaims and plainly relevant witnesses.
17  Mattel alleges that MGA and other defendants have engaged in the systematic theft
18  of Mattel's trade secrets, much of which helped MGA unfairly compete against
19
20

21   [6]  See 28 U.S.C. § 1781; Executive Order published in the Federal Official
    Gazette dated February 12, 1990; see also Status table, listing signatories to Hague
22  Convention, available at http://www.hcch.net/index_en.php?act=
    conventions.status&cid=82.
23
     [7]  See 28 U.S.C. § 1781("The Department of State has power, directly, or
24  through suitable channels . . . to receive a letter rogatory issued, or request made, by
    a foreign or international tribunal, to transmit it to the tribunal, officer, or agency in
25  the United States to whom it is addressed, and to receive and return it after
26  execution.").
     [8]  See Mattel, Inc.'s Motion to Compel Depositions of Vargas and Trueba; and
27  Request For Sanctions, dated February 9, 2009, at 2-5, Searcy Dec., Exh. 3.
28

EXHIBIT 52

-3-

MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST
PAGE 862

1    Mattel.[9]  Specifically, in the past few years, MGA has hired directly from Mattel at

2    least 100 employees, ranging from the Senior Vice-President level to lower level

3    employees.[10]  Many of these employees were specifically targeted and recruited by

4    MGA based on the Mattel confidential and proprietary information the Mattel

5    employees could access.[11]  Mattel alleges that Vargas and Trueba are two such

6    witnesses, who used Mattel trade secrets to establish and run MGA Mexico, and

7    otherwise harm Mattel and benefit MGA.[12]

8                The deposition topics in the Letter of Request are directly targeted to

9    these issues.  The topics seek information relating to:

10      •      The theft of Mattel's trade secrets, or their knowledge of such theft by
               others.

11

12      •      The copying, transfer, disclosure, or destruction of any Mattel
               documents received by MGA.

13      •      The use of Mattel's trade secret and confidential information.

14      •      The communications with MGA before their resignations from Mattel.

15      •      The communications with MGA relating to their decision to join MGA.

16      •      Their role in establishing MGA Mexico.

17      •      Their current role and responsibilities at MGA Mexico.

18      •      Payments made to them by the MGA defendants.

19                Each of these deposition topics is narrowly tailored to seek the issues

20    raised in Mattel's counterclaims.  Indeed, the Discovery Master has already

21    approved a letter of request listing nearly identical deposition topics, directed to Ms.

22

23

24

25    _____

      [9]    Mattel's Counterclaims, ¶¶ 7, 27, Searcy Dec., Exh. 1.
26    [10]   Id. at ¶ 98.
      [11]   Id.
27    [12]   Id. at ¶¶ 45-61.                               EXHIBIT _52_

28                                                          PAGE _863_

07975/2976991.1
                                          -4-
                        MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST

1 Janine Brisbois.[13]  Thus, for example, while the Brisbois Letter of Request listed as

2 a deposition topic:

3        Ms. Brisbois' receipt, access, use, reproduction, copying,

4        storage, transmission, transfer, disclosure, retention,

5        destruction, deletion or use of any documents, data and/or

6        information, that were prepared, made, created, generated,

7        assembled or compiled by or for MATTEL and that MGA

8        received, directly or indirectly from Brisbois.[14]

9 The Letter of Request at issue here seeks:

10        [Mr. Vargas' or Ms. Trueba's] receipt, access, use,

11        reproduction, copying, storage, transmission, transfer,

12        disclosure, retention, destruction, deletion or use of any

13        documents, data and/or information, that were prepared,

14        made, created, generated, assembled or compiled by or for

15        Mattel and that the MGA Defendants received, directly or

16        indirectly from [Mr. Vargas or Ms. Trueba].

17 Just as the topics in the Letter of Request to Canada were appropriate, so too are

18 they appropriate here.

19        The only deposition topics that are not nearly verbatim to those directed

20 to Ms. Brisbois are related to Vargas' and Trueba's roles in establishing MGA

21 Mexico, and their current roles and responsibilities.  Both of these topics are highly

22 relevant to Mattel's claims.  Mattel's counterclaims explicitly state that part of the

23 benefit to MGA—and harm to Mattel—from Vargas' and Trueba's wrongdoing, was

24 in their use of Mattel's trade secrets to establish MGA Mexico.  "MGA and Larian

25 ───────────────

26 [13]    See Request for Judicial Assistance (Letter of Request) By The United States District Court For The Central District Of California, dated May 21, 2009, Searcy

27 Dec., Exh. 5.

                                            EXHIBIT _52_

28                                             PAGE _864_

MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST

1   approached three employees . . . and then hired them to assist in establishing and
2   running MGA's new Mexican subsidiary."[15]  Similarly, Vargas' and Trueba's current
3   roles in MGA Mexico are important to establish how they have used Mattel's trade
4   secrets to benefit MGA, and that their acts are imputable to MGA Mexico, and that
5   defendants are therefore liable for punitive damages. See, e.g., Wysinger v. Auto.
6   Club of S. California, 157 Cal. App. 4th 413, 428-429 (Cal. Ct. App. 2007)
7   (upholding issuance of punitive damages where tortious conduct committed by
8   managing agent) (citation and quotation omitted); Major v. Western Home Ins. Co.,
9   169 Cal. App. 4th 1197, 1220 (Cal. Ct. App. 2009) (corporate party was liable for
10  punitive damages where wrongdoing was committed by managing agent); Cal. Civ.
11  Code § 3294 ("With respect to a corporate employer, the advance knowledge and
12  conscious disregard, authorization, ratification or act of oppression, fraud, or malice
13  must be on the part of an officer, director, or managing agent of the corporation.").
14  The deposition topics are directly relevant to Mattel's case.

## Conclusion

16      The testimony that Mattel seeks through depositions of Mr. Vargas and Ms.
17  Trueba are relevant, narrowly tailored, necessary to afford Mattel an adequate
18  opportunity to present its case, not contrary to Mexican public policy or sovereignty,

---

[14]  Id. at 20.
[15]  Counterclaims at ¶ 44, Searcy Dec., Exh. 1.

EXHIBIT 52

PAGE 865

1   and Mattel has no other method of securing this evidence.  Mattel therefore

2   respectfully requests that the concurrently filed Letter of Request for Foreign

3   Judicial Assistance issue.

4

5   DATED:  July 22, 2009           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7

8                               By  /s/ Marshall M. Searcy
                                 Marshall M. Searcy
                                 Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                  EXHIBIT  52

27

28                                  PAGE  866

07975.2976991.1

# EXHIBIT 53

# Barbie acaba con las Bratz, se van de México

**EL NEGOCIO DE LAS PILAS EN EL DF**

La Secretaría del Medio Ambiente del Gobierno del Distrito Federal dará a conocer en breve un programa que prohíbe la venta de pilas en la ciudad de México.

Finalmente la empresa juguetera Mattel, que encabeza un multimillonario litigio, le ganó la partida a su competidora MGA Entertainment, que en nuestro país encabeza Susana Kuennwerte.

El desenlace por la maternidad entre MGA y Mattel por las famosas muñecas Bratz termina en que MGA cerrará sus oficinas en México, las ventas que obtuvo el año pasado fueron cercanas a los 40 millones de dólares, contra aproximadamente 15 de este año.

MGA dejará sólo a tres empleados, el resto serán liquidados y el resto su ejército de desplazados, entre los 1,100 trabajadores y generaba algo así como 500 empleos indirectos.

Los tres empleados que no serán liquidados son Pablo Vargas, Gustavo Machado y Mariana Treviño, la trascendencia de estos personajes es que ellos trabajaban para Mattel y fue el principio de ellos quienes dieron la fuerte para sustituir a la muñeca cuando MGA en lanzó las...

Hablamos de sustancias como níquel, cadmio y mercurio, las cuales, si la industria formal arraigada a la Procuraduría de Distrito Basurto, que conforman Sony Duracell, Duracell y Eveready, dado que utilizan desde la década de los 90, por lo que se ven calificadas como residuos sólidos no peligrosos.

La Secretaría del DF a cargo de Agustín Cárdenas, Economía de Gerardo Ruiz Mateos y el INEGI (de Eduardo Sojo) han registrado que a futuro de 0.03 en sus 300 de pilas que se incorporan son habitantes cada con sustancias sí peligrosas para el medio ambiente solo generando varios estudios de tiros de investigados de Carlos Lamor de FDA y Ribera.

La mayor parte de las pilas que se consumen en México (80%) están elaboradas con dióxido de...

biodisponibles, no dañan los mantos acuíferos, el suelo y el aire.

El problema real es la piratería y el mutuo pago de impuestos de los que controlan este negocio, el cual además de enturbiar uno de los principales mercados, genera ganancias de más de 200 millones de dólares.

De acuerdo con la titular de medio ambiente Martha Delgado el programa...

Finally, the Mattel toy company, headed in Mexico by Roberto Isaías, won the game against its competitor, MGA Entertainment, managed in our country by Susana Kuenmerle.

The outcome of the paternity suit between MGA and Mattel for the famous Bratz dolls ends with MGA closing its offices in Mexico. Last year, sales were close to $40 million, versus approximately 15 [million] this year.

MGA will leave only three employees, terminating the others; the show is over. The number of layoffs is 100 employees. The company used to generate about 500 indirect jobs.

The three employees who will not be terminated are Pablo Vargas, Gustavo Machado and Mariana Tuoba. The significance of these characters is that they worked for Mattel, and the first of them was suggested as a replacement for Kuenmerle at the head of MGA in the country.

# Barbie does away with the Bratz dolls; they are leaving Mexico

## THE BUSINESS OF BATTERIES IN THE FD

The Ministry of the Environment of the Federal District, led by Martha Delgado is promoting a battery recycling program with the argument that they pollute, which the main market players deny, arguing that the idea is to eradicate the problem of the illegal market for alkaline batteries which exceeds 20 brands of dubious origin in the capital, and that these are the ones that pollute.

According to UNAM studies UNAM of José Narro and IPN studies of Enrique Villa, the alkaline batteries marketed in Mexico do not contain toxic substances nor do they leak toxic liquid into the environment, so they do not require a recycling or collection program, which is not sustainable either environmentally or economically.

We are talking about substances such as nickel, cadmium and mercury, which the formal industry grouped into Enerpilas managed by Daniel Basurto, and including Sony, Energizer, Duracell and Eveready, stopped using since the '90s, so that they are classified as municipal solid waste and not as waste requiring special handling.

The Ministry of Finance headed by Agustín Carstens, the Ministry of Economy headed by Gerardo Ruiz Mateos, and INEGI headed by Eduardo Sojo, recorded that in 2008 over 80% of batteries that were imported were manufactured with substances that are safe for the environment according to scientific studies conducted by universities in Canada, Japan, USA and Belgium.

Most batteries consumed in Mexico (80%) are made with manganese dioxide, carbon-zinc and lithium, substances which, since they do not leach

and are not bioavailable, do not damage the groundwater, soil and air.

The real problem is piracy and zero taxes for those who control this business; in addition to finding one of its major markets in Mexico City, it generates profits of over $200 million.

According to Environmental authorities, headed by Martha Delgado, the program is sponsored by Imágenes y Muebles Urbanos managed by Gerardo Cárdano as part of their social responsibility campaign, although in reality, this company sells advertising spaces in the 280 publications existing in Mexico City.

Recently, the Ministry of the Environment informed this columnist that the collection of batteries was, in part, intended to generate a social practice of caring for the environment among the public; hopefully, this will be useful, but, careful, it is like separating the garbage just to throw it together in the dump again... far from educating the public, it is discouraging. ∎

EXHIBIT 53

PAGE 868



**TRANSPERFECT**



ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BARCELONA
BERLIN
BOSTON
BRUSSELS
CHARLOTTE
CHICAGO
DALLAS
DENVER
DUBAI
DUBLIN
FRANKFURT
GENEVA
HONG KONG
HOUSTON
IRVINE
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
ORLANDO
PARIS
PHILADELPHIA
PHOENIX
PORTLAND
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SAN JOSE
SEATTLE
SINGAPORE
STOCKHOLM
SYDNEY
TOKYO
TORONTO
VANCOUVER
WASHINGTON, DC

City of New York, State of New York, County of New York

I, Hyojin Park, hereby certify that the document, "Barbie does away with the Bratz dolls; they are leaving Mexico" is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

Hyojin Park

Sworn to before me this

1st day of May 2009

Signature, Notary Public

Katharine L Perekslis
Notary Public, State of New York
No. 01PE6181423
Qualified in QUEENS County
Commission Expires Jan 28, 2010
Stamp, Notary Public

EXHIBIT 53

PAGE 869

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016   T 212.689.5555   F 212.689.1059   WWW.TRANSPERFECT.COM

# EXHIBIT 54

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 27, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Amman A. Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Re:   <u>Mattel, Inc. v. Bryant</u>

Dear Amman:

I write regarding our telephone conversation yesterday regarding the depositions of Mr. Vargas, Ms. Trueba and Ms. Salemnia, which Mattel had noticed on January 9, 2009 to proceed this week. You informed me that MGA did not think that a notice of a deposition was sufficient to compel Mr. Vargas and Ms. Trueba to appear for deposition and that MGA would be objecting on that basis. I told you that this was the first time that I had heard of any objections from MGA, and that last week, Jason Russell at Skadden had committed that MGA would provide firm deposition dates for Mr. Vargas, Ms. Trueba and Ms. Salemnia by Monday, January 26, 2008. He did not suggest that the notices were defective or objectionable. Nor, in any event, is there any merit to your belated suggestion yesterday that deposition notices for these MGA party executives are insufficient to mandate their appearance at deposition. Based on MGA's representation by its counsel of record, we expect to receive those firm dates forthwith.

Separately, you informed me that Ms. Salemnia was no longer with MGA. Again, this is the first MGA had made this claim. I asked you to provide for me the date that she left MGA's employ. Further, whether she is currently employed or not, based on Mr. Russell's representation, we expect a firm date on which she will be produced for deposition.

EXHIBIT __54__

PAGE __870__

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

2

EXHIBIT 54

PAGE 871

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   January 27, 2009

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq.<br>GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP | 310) 553-3000 | (310) 556-2920 |

**FROM:**   Jon Corey

**RE:**   *Mattel, Inc. v. Bryant*

**MESSAGE:**



FAXED
JAN 2 7 2009

EXHIBIT __54__

PAGE __872__

07209/2240206.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Johanna Minassian 10th | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? | ☐ NO  ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

01/27/2009 12:31 FAX  12134433100        QEUOH-LAO-2                                    ⌀001

```
                        *********************
                        ***   TX REPORT   ***
                        *********************

        TRANSMISSION OK

        TX/RX NO                2274
        RECIPIENT ADDRESS       9414#07209#13105562920#
        DESTINATION ID
        ST. TIME                01/27 12:29
        TIME USE                02'36
        PAGES SENT                 3
        RESULT                  OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   January 27, 2009

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq.<br>GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP | 310) 553-3000 | (310) 556-2920 |

**FROM:**   Jon Corey

**RE:**   *Mattel, Inc. v. Bryant*

**MESSAGE:**

EXHIBIT _54_

PAGE _873_

# EXHIBIT 55

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13 | CARTER BRYANT, an individual,      | CASE NO. CV 04-9049 SGL (RNBx)
   |                                    |
14 |            Plaintiff,              | Consolidated with
   |                                    | Case No. CV 04-09059
15 |      vs.                           | Case No. CV 05-02727
   |                                    |
16 | MATTEL, INC., a Delaware           | NOTICE OF DEPOSITION OF
   | corporation,                       | SHIRIN SALEMNIA
17 |                                    |
   |            Defendant.              | Date:   February 6, 2009
18 |                                    | Time:   9:00 a.m.
   |                                    | Place.: Quinn Emanuel Urquhart Oliver
19 | AND CONSOLIDATED CASES             |         & Hedges
   |                                    |         865 S. Figueroa St., 10th Floor
20 |                                    |         Los Angeles, CA 90017

21

22

23

24

25

26

27                                     EXHIBIT _55_

28                                     PAGE _874_

07209/2753510.1                 01-07

                                     NOTICE OF DEPOSITION

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3   Shirin Salemnia on February 6, 2009 beginning at 9:00 a.m., at the offices of Quinn

4   Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., Los Angeles, CA

5   90017.

6   PLEASE TAKE FURTHER NOTICE that the deposition will take

7   place upon oral examination before a duly authorized notary public or other officer

8   authorized to administer oaths at depositions, and will continue from day to day,

9   Sundays, Saturdays and legal holidays excepted, until completed.

10   PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ.</u>

11   <u>P.</u> 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

12   Livenote or other technology for real-time transcription of the testimony.

13

14   DATED:  January 7, 2009          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
15

16                                   By_____
17                                      Jon D. Corey
                                        Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27                                   EXHIBIT  55

28                                   PAGE  875

07209/2753510.1

-2-

NOTICE OF DEPOSITION

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                        EASTERN DIVISION
11

12 | CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

13 |            Plaintiff,                    Consolidated with
                                             Case No. CV 04-09059
14 |      vs.                                 Case No. CV 05-02727

15 | MATTEL, INC., a Delaware                 **Proof of Service**
   | corporation,
16 |            Defendant.

17

18

19

20

21

22

23

24

25

26
                                        EXHIBIT __55__
27
                                        PAGE __876__
28

07209/2601262.1                    -1-        Case No. CV 04-9049 SGL (RNBx)
                                                        PROOF OF SERVICE

1  **PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California. I am over

3  the age of eighteen years and not a party to the within action; my business address is

4  1301 West 2nd St. #206, Los Angeles, California 90026.

5      On January 7, 2009, I served true copies of the following documents

6  described as:

7                      **SEE LIST ATTACHED**

8  on the parties in this action as follows:

9  Thomas Nolan, Esq.                    Mark E. Overland, Esq.
   Jason Russell, Esq.                   Alexander H. Cote, Esq.
10 Skadden, Arps, Slate, Meagher & Flom  Overland Borenstein Scheper & Kim
   LLP                                   LLP
11 300 South Grand Avenue                300 South Grand Avenue, Suite 2750
   Suite 3400                            Los Angeles, CA 90071-3144
12 Los Angeles, CA 90071

13     [√]   **PERSONAL:** By personally delivering the document listed above to

14 the person(s) at the address(es) set forth above.

15

16     I declare that I am employed in the office of a member of the bar of this court

17 at whose direction the service was made

18     Executed on January 7, 2009, at Riverside, California.

19

20

21                              Dave Quintana

22

23

24

25

26                              EXHIBIT ___55___

27                              PAGE ___877___

28

07209/2601262.1                        -2-                    Case No. CV 04-9049 SGL (RNBx)
                                                              PROOF OF SERVICE

1.   NOTICE OF DEPOSITION OF SHIRIN SALEMNIA
2.   NOTICE OF DEPOSITION OF MARIANA TRUEBA
3.   NOTICE OF DEPOSITION OF PABLO VARGAS
4.   PROOF OF SERVICE

EXHIBIT __55__

PAGE __878__

07209/2601262.1

−4−

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11

12 | CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13 |         Plaintiff,                     Consolidated with
                                           Case No. CV 04-09059
                                           Case No. CV 05-02727
14 |     vs.

15 | MATTEL, INC., a Delaware             **Amended Proof of Service**
   | corporation,

16 |         Defendant.

17

18

19

20

21

22

23

24

25

26                                       EXHIBIT 55

27                                       PAGE 879

28

07209/2601262.3                    -1-              Case No. CV 04-9049 SGL (RNBx)
                                                           PROOF OF SERVICE

1
**PROOF OF SERVICE**

2       I am employed in the County of Los Angeles, State of California.  I am over

3   the age of eighteen years and not a party to the within action; my business address is

4   1301 West 2nd St. #206, Los Angeles, California 90026.

5       On January 7, 2009, I served true copies of the following documents

6   described as:

7                        **SEE LIST ATTACHED**

8   on the parties in this action as follows:

9   Thomas Nolan, Esq.                    Mark E. Overland, Esq.
    Jason Russell, Esq.                   Alexander H. Cote, Esq.
10  Skadden, Arps, Slate, Meagher & Flom  Overland Borenstein Scheper & Kim
    LLP                                   LLP
11  300 South Grand Avenue                601 W. 5th St.
    Suite 3400                            12th Floor
12  Los Angeles, CA 90071                 Los Angeles, CA 90017

13      [√]   **PERSONAL:**  By personally delivering the document listed above to

14  the person(s) at the address(es) set forth above.

15

16      I declare that I am employed in the office of a member of the bar of this court

17  at whose direction the service was made

18      Executed on January 8, 2009, at Riverside, California.

19

20                                        _Dave Quintana_ (signature)

21                              Dave Quintana

22

23

24

25

26                                        EXHIBIT _55_

27                                        PAGE _880_

28

07209/2601262.307209/2
01262.1                          -2-                    Case No. CV 04-9049 SGL (RNBx)

                                                        PROOF OF SERVICE

1.   NOTICE OF DEPOSITION OF PABLO VARGAS

2.   NOTICE OF DEPOSITION OF MARIANA TRUEBA

3.   NOTICE OF DEPOSITION OF SHIRIN SALEMNIA

4.   PROOF OF SERVICE

EXHIBIT ___55___

PAGE ___881___

07209/2601262.307209/2
01262.1

-3-

Case No. CV 04-9049 SGL (RNBx)

PROOF OF SERVICE

# EXHIBIT 56

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

January 28, 2009

ℼ MERITAS LAW FIRMS WORLDWIDE

**VIA EMAIL AND FACSIMILE (213) 443-3100**

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

      Re:   *Bryant v. Mattel, Inc. and Consolidated Actions*
            U.S.D.C. Eastern Division, Case No. CV04-09049 SJL (RNBx)

Dear Jon:

      This responds to your January 27, 2009 letter concerning Mattel, Inc.'s notices of deposition of Mr. Vargas, Ms. Trueba and Ms. Salemnia, which were unaccompanied by subpoenas or other appropriate lawful legal process, and set to take place in Los Angeles.

      First, as we discussed yesterday, and as you acknowledged, Mr. Vargas and Ms. Trueba are residents and citizens of Mexico, not the United States. Also, I can now confirm that they are neither directors, officers nor "managing agents" for the MGA Parties and they are not parties to this action either. Thus, it is inappropriate to simply hail these individuals into California by a mere notice of deposition. *See e.g.,* FRCP 28(b), 45(b)(2); *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.,* 482 U.S. 522, 543 (1987) (International comity requires American Courts to exercise "special vigilance" to avoid subjecting foreign persons to unreasonably burdensome discovery. American Courts must give "most careful consideration" to the policies and interests of whatever country is involved . . . .).

      Second, we also discussed that Ms. Salemnia is no longer in the employ of MGA. Her last day of employment was May 23, 2008. Thus, she is not under the control of MGA and an FRCP 45 subpoena is required to compel her appearance as well.

      Third, it is my understanding that Mattel's deposition notices go beyond the number of depositions permitted and they are untimely. By December 2007, Mattel had exhausted the number of depositions it was permitted. Under the Court's January 7, 2008 Order (Doc. #1509), Mattel was given leave to conduct close to 50 additional Phase 1 and 2 depositions but it was ordered to complete those depositions by January 28, 2008, subject to a further stipulation of the

665313

EXHIBIT 56

PAGE 882

Jon D. Corey, Esq.
January 28, 2009
Page 2

parties. "As to all depositions permitted by this Order, all counsel are expected to coordinate their schedules . . . such that the depositions are held prior to the discovery cut off date of January 28, 2008." (*See* Order p. 5). In that same order, the Court said that it would consider a stipulation that allowed the parties to designate certain depositions as Phase 2 depositions, and those could be taken in February "if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1." (*See* Order at p. 3; *see also* Order at p. 5 ("Phase 2 depositions [of the additional ones allowed] may be taken in February pursuant to a Court-approved stipulation")). Mattel's most recent deposition notices were issued almost one year after the Court-imposed the cut-off and any depositions that were stipulated to be completed beyond that cut-off were, in fact, completed. There is no stipulation allowing Mattel to take further Phase 2 depositions.

Finally, your assertions regarding Jason Russell's alleged representations are mistaken. I spoke to Mr. Russell and he confirmed that he had absolutely no discussions with you about the deposition notices for Mr. Vargas, Ms. Trueba and Ms. Salemnia. In fact, he confirmed that his discussions were with Michael Zeller of your firm and that Mr. Zeller was told that no dates could be agreed upon as the Skadden firm did not anticipate being Phase 2 counsel. Similarly, John Quinn of your firm was also told by Thomas Nolan that Phase 2 counsel would discuss these depositions with you, depending on the outcome of the January 26, 2009 hearing before Judge Larsen. Thus, your understanding of Jason Russell's statements is not based on personal knowledge, nor is it correct.

Accordingly, will you kindly advise that you will withdraw the improperly noticed depositions of Mr. Vargas, Ms. Trueba and Ms. Salemnia?

Very truly yours,

Amman Khan

Amman Khan
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP

AMM/rs

cc:     Joel N. Klevens, Esq.
        Jason Russell, Esq.
        Patricia Benson, Esq.

665313

EXHIBIT   56
PAGE   883

# EXHIBIT 57

**Tiffany Garcia**

| | |
|---|---|
| From: | Jon Corey |
| Sent: | Thursday, February 05, 2009 12:14 PM |
| To: | 'Amman Khan'; Christopher Price; Scott Watson; Scott Kidman |
| Cc: | 'Herrington, Robert J'; 'Russell, Jason D'; 'Nogues, Jean' |
| Subject: | RE: MGA / Mattel Litigation -- Meet and confers sent 1/28/09 |
| Attachments: | 2786965_1.PDF; 1.pdf; 4.pdf; 2.pdf; 2778911_Letter re Meet n Confer in Connection w_ the Depo of R Brawer.PDF |

Amman,

I have attached the letters, at least one of which was addressed to you.  In addition to those topics, we would also like you to provide a last known address for Shirin Salemnia, as we have previously requested, and to discuss additional time to depose Mr. Brawer.

Best regards,


Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com




**From:** Amman Khan [mailto:akhan@glaserweil.com]
**Sent:** Wednesday, February 04, 2009 7:59 PM
**To:** Jon Corey; Christopher Price; Scott Watson; Scott Kidman
**Cc:** 'Herrington, Robert J'; 'Russell, Jason D'; 'Nogues, Jean'
**Subject:** RE: MGA / Mattel Litigation -- Meet and confers sent 1/28/09

Jon,

I have not seen letters concerning the four additional topics that you propose and I am not familiar with them.
Can you please send them to me so I can try to figure out who will respond and get up to speed on those issues?
-- Amman


**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Wednesday, February 04, 2009 6:27 PM
**To:** Amman Khan; Christopher Price; Scott Watson; Scott Kidman
**Cc:** 'Herrington, Robert J'; 'Russell, Jason D'; 'Nogues, Jean'
**Subject:** RE: MGA / Mattel Litigation -- Meet and confers sent 1/28/09

EXHIBIT ___57___

PAGE ___884___

Amman,

I was detained in a meeting that went much longer than anticipated and missed your call.

I will agree that the four topics that we will discuss on Friday afternoon.  They are not, however, the "list of
outstanding meet and confer letters re Phase 2 discovery."  Since the Phase 2 discovery stay was lifted last
month, Mattel has sent a number of meet and confer letters, some of which have been timely responded to and
some of which have not been and some of which have been fully addressed.  I am also separately dealing with
your co-counsel and co-defendant's counsel on some of those letters.

Additional topics that we would like to discuss are

1.   A firm date for MGA's responses to compelled interrogatories.

2.   Identification of witnesses and dates for those witnesses to testify regarding the topics in Mattel's Rule 30(b)
(6) Deposition Notices of MGA's and MGAE de Mexico

3.   A date for MGA and Larian's supplementation of ordered document requests seeking financial information

4.   An unredacted version of Exhibit B to the Woolard declaration.

This response, however, is not intended to be the universe of outstanding Phase 2 discovery issues for
discussion.  I look forward to speaking with you on Friday.

Best regards,


Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com


**From:** Amman Khan [mailto:akhan@glaserweil.com]
**Sent:** Wednesday, February 04, 2009 5:10 PM
**To:** Jon Corey; Christopher Price; Scott Watson; Scott Kidman
**Cc:** 'Herrington, Robert J'; 'Russell, Jason D'; 'Nogues, Jean'
**Subject:** RE: MGA / Mattel Litigation -- Meet and confers sent 1/28/09

Jon,

I called you at 4 pm, as we discussed, and left a message on your VM.  Call me so we go over a list of the
outstanding meet and confer letters re Phase 2 discovery that we can go over on Friday afternoon at 2 pm
(2/6/09).  Here is what I have:

EXHIBIT __57__

PAGE __885__

2/5/2009

1. Mattel's Renewed Motion to Compel Production of Documents filed 1/26/09;

2. Mattel's Demand for 10 additional hours of Deposition with Isaac Larian;

3. Mattel's Motion for Reconsideration of a Portion of the Discovery Master's 12/31/07 Order

4. Mattel's Supplemental Rogs to MGA & Larian.

I am assuming that if there are other outstanding meet and confers, you will let me know today, so that we can meaningfully discuss them Friday. Thanks again.

-- Amman

**From:** Amman Khan
**Sent:** Wednesday, February 04, 2009 12:42 PM
**To:** Jon Corey; 'Christopher Price'
**Cc:** 'Herrington, Robert J'; Russell, Jason D; 'Nogues, Jean'
**Subject:** MGA / Mattel Litigation -- Meet and confers sent 1/28/09

Dear Jon,

Further to our call this morning, this confirms that MGA's Opposition to Mattel's Renewed Motion to Compel Production of Documents filed 1/26/09 is now due 2/10/09. We will meet and confer concerning the Motion on Friday at 2:00 pm 2/6/09. Thank you.

Also, since I have been out the last two days, all outstanding Meet and Confers concerning Phase 2 discovery that I am handling will also be discussed on our Friday 2 pm call, including issues related to Isaac Larian's deposition and the Discovery Master's 12/31/07 Order.

Because you were busy this morning, I will call you at 4 pm today to go over a list the outstanding meet and confers on Phase 2 discovery that we can discuss on our Friday call. Speak to you then.

Amman A. Khan, Esq.,
Partner
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA  90067
T: (310) 556-7865
F: (310) 556-2920
E-mail: Akhan@glaserweil.com
This message and any attached documents may contain information from the law firm of Glaser, Weil, Fink, Jacobs & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message. Thank you.

EXHIBIT _57_

PAGE _886_

# EXHIBIT 58

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920



FEB 1 0 2009

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

February 7, 2009

ĪĪĪ MERITAS LAW FIRMS WORLDWIDE

**VIA U.S. MAIL AND FACSIMILE (213) 443-3100**

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:   *Bryant v. Mattel, Inc. and Consolidated Actions*
      U.S.D.C. Eastern Division, Case No. CV04-09049 SJL (RNBx)

Dear Jon:

This memorializes our agreements from earlier this afternoon during our meet and confer discussions on various Phase 2 discovery issues in the above-captioned matters.

First, you agreed to withdraw Mattel's January 26, 2009 Renewed Motion to Compel Documents and Things, filed with Discovery Master O'Brien based on MGA's agreement to execute a stipulation and order thereon to produce in 30 days all non-privileged documents responsive to (1) RFP No. 48 (Set One), concerning communications re Phase 2 claims and defenses between MGA and the 12 individuals identified in the Renewed Motion; (2) RFP Nos. 43-55 (Set Three), concerning Scooter Samantha; (3) RFP Nos. 56-75 (Set Three) concerning Space Babies / Scot Reyes.

Second, we agreed to re-visit on Monday February 9, 2009 our impasse regarding RFP Nos. 87 - 88 (Set Three), which seek the personnel and vendor files of approximately 100 individuals at MGA who formerly worked for or dealt with Mattel. Those requests violate the employees' privacy rights and are overbroad. MGA offered to produce documents from those files if Mattel would agree to limit the scope of the requests to documents related to products that Mattel contends were stolen by MGA, as the Discovery Master had previously limited such requests in the past (see e.g. April 14, 2008 Order, p. 7:3-6). You refused to so limit the requests and stated that privacy rights objections had been overruled in prior Orders issued by the Discovery Master and you agreed to provide me with those Orders in advance of our Monday meet and confer.

666240

EXHIBIT ___58___

PAGE ___887___

Jon D. Corey, Esq.
February 6, 2009
Page 2

Third, with respect to MGA's supplemental responses to Interrogatory Nos. 41, 43 and 44, we agreed that MGA would provide responses to Interrogatory No. 41 in 30 days. With respect to Interrogatory Nos. 43 and 44, we proposed that MGA should have until 30 days after the ruling on Mattel's anticipated Motion for Summary Judgment/Adjudication on MGA's trade dress claims, to respond. (Please see Jean Nogues 2/6/09 letter to you in this regard). You stated that you would check with your client and get back to us. In addition, we stated that there was nothing in the February 15, 2008 Order that compelled any responses by MGA de Mexico. You stated that you disagreed and would get back to us with support for your position.

Fourth, with respect to MGA's supplemental response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories, MGA's responses to Mattel's Supplemental Interrogatories; and Isaac Larian's responses to Mattel's Supplemental Interrogatories, we agreed that I would provide Scott Watson of your office with our position on each of these interrogatories on Monday February 9, 2009. Except, however, with respect to Interrogatory Nos. 51-55 and 64, we proposed that MGA should have until 30 days after the ruling on Mattel's anticipated Motion for Summary Judgment/Adjudication to respond (Please refer to Jean Nogues 2/6/09 letter to you in this regard). You stated that you would check with your client and get back to us on this proposal on Monday February 9, 2009.

Fifth, with respect to Mattel's request to depose Isaac Larian for a third time, and more specifically, to seek leave to depose Mr. Larian for an additional ten hours, we stated that we believed such request was overly burdensome and is, in effect, a motion for reconsideration of former Discovery Master Infante's March 10, 2008 Order which allotted Mattel five (5) hours to depose Mr. Larian on Phase 2 issues. You stated your disagreement with our position, and we both agreed that we were not likely to reach a compromise on this issue.

Sixth, with respect to Mattel's request to depose Ronald Brawer for a second time, we agreed that we would re-visit this issue on Monday and that we would try to ascertain whether Mr. Brawer was still located in London.

Seventh, with respect to Mattel's request for all communications from 1999 to the present between Mr. Larian and Mattel employees, we agreed that I will provide you with MGA's position on this issue on Monday.

Eighth, with respect to your request that MGA and MGA de Mexico identify the persons to be produced responsive to Mattel's Fourth FRCP 30(b)(6) deposition notice to MGA and Mattel's January 9, 2008 FRCP 30(b)(6) deposition notice to MGA de Mexico, you agreed to identify for me the deposition topics and provide me with the deposition notices.

Ninth, with respect your demand that Isaac Larian supplement his production of personal financial records responsive to RFP Nos. 207, 208 and 269 and that MGA supplement its production of financial documents responsive to RFP Nos. 4-37 and 40-45 in Mattel's Second Set of Requests for Production to MGA, you agreed that you would provide me with the actual requests at issue as well as the orders compelling production.

EXHIBIT _*58*_

PAGE _*828*_

Jon D. Corey, Esq.
February 6, 2009
Page 3

Tenth, you requested that MGA provide you with the last known address for former MGA employee Shirin Salemnia. You argued MGA has an obligation to provide Ms. Salemnia's last known address stemming from the parties most recent FRCP 26 disclosures. I disagreed and we agreed to revisit this issue on Monday.

Eleventh, we agreed that MGA would serve amended objections to Mattel's deposition notices for Pablo Vargas, Mariana Trueba and Shirin Salemnia, and that such amended objections would maintain all objections related to the invalidity of Mattel's deposition notices but withdraw MGA's objection that the depositions of Vargas, Trueba and Salemnia were barred because they were required to be completed prior to January 31, 2008.

Twelfth, we also agreed to discuss on Monday February 9, 2009, amendments to the parties' stipulation appointing a discovery master. Mattel seeks to do away with the requirement that the parties meet and confer in-person prior to filing discovery motions. MGA requests that the 5 court day deadline to file oppositions to any discovery motions be extended to 8 court days. We will raise these issues with our respective clients.

Please advise me in writing immediately if your understanding of our discussion differs from mine. Thank you very much.

Very truly yours,

Amman Khan
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP

AMM/rs

cc:     Joel N. Klevens, Esq.
        Jason Russell, Esq.
        Patricia Benson, Esq.

EXHIBIT
PAGE 889

666240

# EXHIBIT 59

LAW OFFICES

# GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

March 10, 2009

☰☰☰ MERITAS LAW FIRMS WORLDWIDE

VIA EMAIL AND FACSIMILE (213) 443-3100

Jon Corey, Esq.
QUINN, EMANUEL, URQUHART,
    OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:    *Bryant v. Mattel, Inc. and Consolidated Actions*, Case No. CV04-09049

Dear Jon:

Further to my voicemail to you, this responds to your letter sent earlier today concerning yet another improper "ex parte application to the Discovery Master" Mattel will file to compel MGA to provide the last known address of its former employee Sherin Salemnia. Your contemplated ex parte application is unnecessary. As has been pointed out to your firm previously, "an ex parte application is the forensic equivalent of shouting "fire" in a crowded theater. There had better be a fire." In this instance, there is no smoke or fire. We do not represent Ms. Salemnia but here is her last known address:  575 South Barrington Avenue, Apt. # 302, Los Angeles, California 90049.

This information is being provided not because I think Ms. Salemnia is a "key witness" and that there is an urgent need to contact her. You have never explained to me how Ms. Salemnia is a "key witness" to any of Mattel's Phase 2 claims or defenses other than the generic descriptions of her functions at MGA. You also never explained why you had any urgent need for this information. This information, however, is being provided now simply to avoid yet another serial ex parte application from your firm.

Very truly yours,

Amman A. Khan
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

cc:    Joel N. Klevens, Esq.
       Jason Russell, Esq.
       Patricia Benson, Esq.

669319

EXHIBIT _59_
PAGE _890_

# EXHIBIT 60

# THIS EXHIBIT IS FILED UNDER SEAL
# PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 61

# BINGHAM

Peter N. Villar
Direct Phone:  714.830.0640
Direct Fax:  714.830.0719
peter.villar@bingham.com

July 22, 2009

**Via Facsimile and U.S. Mail**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

**Re:  Mattel, Inc. v. MGA Entertainment, et al.**

Dear Mr. Zeller:

We have received your July 17 letter in response to my July 15 letter regarding the depositions of Leon Neman and Neil Kadisha. We have been working hard to try to coordinate schedules and come up with some proposed dates that work for all parties. Unfortunately, as we previously indicated, Mr. Neman is not presently available for his deposition as he is dealing with his mother's serious medical condition and other family-related issues. As I am sure you can appreciate, it is not clear exactly when the medical issues will stabilize but we know he will be unavailable for the next few weeks. There are other scheduling issues in July and August for Mr. Kadisha, Mr. Gordinier and for MGA's new counsel. Tom McConville of Orrick, who will be handling the depositions on behalf of MGA, is unavailable or potentially unavailable through the first week in August. Thus, it appears that the earliest dates available for all participants will be in September.

In addition to these personal and scheduling issues, we believe that it is reasonable and necessary to set these depositions for September for reasons of efficiency and judicial economy. As you have repeatedly stated, Mattel's Third Amended Counterclaims have altered the scope of this case. Your position ignores the fact that the Discovery Master first set the deposition dates in his Order No. 33 prior to your filing the Third Amended Counterclaims and prior to your filing several discovery motions challenging prior Orders based on the Third Amended Counterclaims. As a result, there are multiple discovery disputes pending between the parties, and seven different discovery motions set for hearing on or before August 19, which may or may not require the production of additional information or documents. Therefore, it makes most sense to schedule the depositions after these discovery issues have been resolved to avoid a potential future dispute over whether Mattel can re-depose our clients in light of

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

EXHIBIT  61
PAGE  952

Michael T. Zeller, Esq.
July 22, 2009
Page 2

the Discovery Master's rulings.  Indeed, we note that Mattel and MGA are presently litigating a similar issue with respect to Mattel's request for significant additional time to depose Mr. Larian based on the new allegations in the Third Amended Counterclaims.

Finally, and perhaps most fundamentally, we are asking for a very <u>brief</u> extension as a matter of basic professional courtesy in light of the personal and scheduling issues set forth above.  We should not have to burden the Discovery Master with personal and scheduling issues considering there is no urgency for these depositions and that the depositions will only be postponed until September -- a few weeks from now.

If our proposal is acceptable, please let me know which dates in September are available for you and we will provide you depositions dates that comport with all participants' schedules.  If you are not willing to accommodate our request, please let me know by the end of the day so we can raise this issue with the Discovery Master.

Best regards,

Peter N. Villar

cc:   Todd Gordinier
      Annette Hurst
      Thomas McConville
      Jason Russell

EXHIBIT  61

PAGE  953

0001/0003

# BINGHAM

# Facsimile

DATE:   July 17 2009

| | NAME | FAX | PHONE |
|---|---|---|---|
| TO: | Michael Zeller, Esq.<br>Quinn Emanuel Urquhart Oliver &<br>Hedges, LLP | (213) 443-3100 | (213) 443-3000 |

FROM:   Peter N. Villar          714.830.0719          714.830.0640
        peter.villar@bingham.com

PAGES:   (INCLUDING THIS COVER PAGE):  3

RE:   Mattel, Inc. v. MGA Entertainment, Inc., et al.

MESSAGE:

Please see attached.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

EXHIBIT 61

PAGE 954

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

For transmission problems, please call 714.830.0600

The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender. Thank you.

| Timekeeper No: | 34216 | Client/Matter No: | 3009108 | | DATE/TIME STAMP |
|---|---|---|---|---|---|
| Client/Matter Name: | 0000337036 | | | | |
| Return To: | Paul McConnell | | Floor No: | 18th | |

A/73088860.1/3009108-0000337036

# EXHIBIT 62

# BINGHAM

Peter N. Villar
Direct Phone:  714.830.0640
Direct Fax:   714.830.0719
peter.villar@bingham.com

July 15, 2009

**Via Facsimile and U.S. Mail**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Re:  **Mattel, Inc. v. MGA Entertainment, et al.**

Dear Mr. Zeller:

We have received your July 13 letter regarding the deposition of Leon Neman.
Mr. Neman is not available for his deposition this month as he is dealing with his
mother's serious medical condition and other family-related issues.  In addition to
Mr. Neman's personal issues, we believe it is prudent and necessary to postpone
the deposition of Mr. Neman as well as Mr. Kadisha given the parties' unresolved
discovery issues, including the motions currently pending before the Court.  The
scope of discovery in this matter may change, and we will not agree to more than
one deposition of our clients.  Accordingly, we request that you stipulate to an
extension of time to take these depositions.  If you will not stipulate, we will seek
relief from the Discovery Master.  Please let us know your position as soon as
possible.

Best regards,

Peter N. Villar

cc:   Todd Gordinier
      Annette Hurst
      Jason Russell

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

EXHIBIT _62_
PAGE _955_

07/15/2009 15:58 FAX                                                    ☑0001/0002

# BINGHAM

# Facsimile

DATE:  July 15, 2009

| | NAME | FAX | PHONE |
|---|---|---|---|
| TO: | Michael Zeller, Esq.<br>Quinn Emanuel Urquhart Oliver &<br>Hedges, LLP | (213) 443-3100<br>(213) 443-3180 | (213) 443-3000 |
| FROM: | Peter N. Villar<br>peter.villar@bingham.com | 714.830.0719 | 714.830.0640 |

PAGES:  (INCLUDING THIS COVER PAGE): 2

RE:  Mattel, Inc. v. MGA Entertainment, Inc., et al.

MESSAGE:

Please see attached.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

EXHIBIT  62

PAGE  956

For transmission problems, please call 714.830.0600
The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender. Thank you.

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

| Timekeeper No: | 34216 | Client/Matter No: | 3009108 | | DATE/TIME STAMP |
|---|---|---|---|---|---|
| Client/Matter Name: | 0000337036 | | | | |
| Return To: | Paul McConnell | | | Floor No: | 18th |

A/73088860.1/3009108-0000337036

# EXHIBIT 63

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3180**

WRITER'S INTERNET ADDRESS
**michaelzeller@quinnemanuel.com**

July 24, 2009

**VIA EMAIL AND U.S. MAIL**

Peter Villar, Esq.
Bingham McCutchen LLP
600 Anton Blvd.
Plaza Tower, 18th Floor
Costa Mesa, CA 92626

Re:    Mattel, Inc. adv. MGA Entertainment

Dear Counsel:

I am writing further to my letters of July 13, 2009, July 17, 2009 and July 21, 2009, and in response to your letter of July 22, 2009, relating to the compelled depositions of Leon Neman and Neil Kadisha.

While we are willing to consider reasonable accommodations as a matter of courtesy as I have stated, your proposal that these witnesses not sit for deposition until September is not acceptable, especially as it pertains to Neil Kadisha. I have asked for a meet and confer in advance of a motion to enforce and for sanctions in connection with these ordered depositions, but I have not received proposed dates or times from you. Please let me know when you are available.

Very truly yours,

Michael T. Zeller

cc:    Annette Hurst, Esq.
       Jason Russell, Esq.

**quinn emanuel urquhart oliver & hedges, llp**
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL 60606 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT 63
PAGE 957

# THIS PAGE IS INTENTIONALLY LEFT BLANK

# EXHIBIT 64

# BINGHAM

Peter N. Villar
Direct Phone:   714.830.0640
Direct Fax:   714.830.0719
peter.villar@bingham.com

July 24, 2009

**Via Email and Facsimile**

Discovery Master Robert C. O'Brien
Arent Fox LLP
555 West Fifth Street, 28th Floor
Los Angeles, CA  90013-1065

Re:  **Mattel, Inc. v. MGA Entertainment, Inc. et al.**

Dear Mr. O'Brien:

As you will recall, our Motion to Quash Subpoenas directed to our clients was granted in part and denied in part in your Order No. 33.  Your Order also provided that two of our non-party clients should sit for their depositions in accordance with that Order before the end of July (taking into account the Court's temporary discovery stay).  Since the issuance of your Order No. 33, Mattel has filed a number of motions challenging certain of your Orders, including No. 33, and also has filed a Third Amended Answer and Counter-Claims (TAAC).  As a result, there are multiple discovery disputes pending between the parties (and between the parties and our non-party clients).  As of this point, there are seven different discovery motions set for hearing on or before August 19, including Mattel's motion for reconsideration of Order No. 33, which at least have the potential to require the production of additional information or documents or otherwise to alter the scope of the depositions of our non-party clients.

We believe as a matter of efficiency, judicial economy and fundamental fairness to the non-party deponents and their counsel, that the depositions should occur after these discovery issues have been resolved to avoid a potential future dispute over whether Mattel can re-depose our non-party clients in light of rulings on the pending motions, at least some of which relate directly to our non-party clients. This is not just a hypothetical concern.  Indeed, and as you know, Mattel has just filed a motion for substantial additional time to depose Mr. Larian based on the new allegations in the TAAC.

To that end, for the past two weeks, we have been attempting to reach an agreement with Mattel's counsel in recognition of these changed circumstances (as well as certain scheduling issues as detailed below) but have been

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

EXHIBIT  _64_

PAGE  _959_

Discovery Master Robert C. O'Brien
July 24, 2009
Page 2

unsuccessful in reaching any kind of an agreement. (See Exhibits A-D hereto.)
We have been unsuccessful in getting Mattel to agree even to a relatively brief
extension simply as a matter of basic professional courtesy in light of the personal
scheduling issues and substantive matters we now face. Indeed, not only have we
been unable to reach agreement but Mattel's counsel has not responded to our last
letter at all. Since the deadline for our clients' depositions per your previous
Order is fast approaching, we have no alternative but to seek your assistance in
resolving this matter.

Although we certainly want to put these non-party depositions behind us and
allow the parties to complete their discovery process there are no exigent
circumstances necessitating that these depositions occur within the next few
weeks nor has Mattel raised any (see Mattel's letters, Exhibits A and C). To the
contrary, there are a number of factors and circumstances that warrant a modest
extension for these non-party depositions.

In addition to the dramatic change in circumstances as outlined above (at least
according to Mattel's filings), there are a number of personal and scheduling
problems that unfortunately require flexibility on the part of all parties in
scheduling these depositions. Regrettably, Mr. Neman is not presently available
for his deposition as he is dealing with his mother's serious medical condition. It
is not clear exactly when the medical issues will stabilize but it is our current
belief that he would be unavailable at least in the short term. Not surprisingly,
there are other scheduling issues in July and August for Mr. Kadisha, Mr.
Gordinier and for MGA's new counsel.

Accordingly, we respectfully request that you grant our clients' Messrs. Neman
and Kadisha an extension of time to sit for deposition in September on dates and
at times that are available for all participants after the current discovery matters
will have been resolved and so current scheduling difficulties can be ameliorated.

Thank you very much for your consideration.

Best personal regards,

Peter N. Villar

cc:   Todd Gordinier
      Annette Hurst
      Thomas McConville
      Jason Russell
      Drew Hansen
      Michael Zeller

EXHIBIT 64
PAGE 960

# EXHIBIT A

EXHIBIT 64

PAGE 961

07/13/2009 17:27 FAX  12134433100          QEUOII-LAO-2                    ☒002/002

**quinn emanuel** trial lawyers | los angeles |

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | tel 213 443 3000 fax 213 443 3100

WRITER'S DIRECT DIAL NO.
(213) 443-3180

WRITER'S INTERNET ADDRESS
michaelzeller@quinnemanuel.com

July 13, 2009

VIA FACSIMILE AND U.S. MAIL

Peter Villar, Esq.
Bingham McCutchen LLP
600 Anton Blvd.
Plaza Tower, 18th Floor
Costa Mesa, CA 92626

Re:    Mattel, Inc. adv. MGA Entertainment

Dear Counsel:

As you know, the Discovery Master ordered Leon Neman to sit for deposition by July 28, 2009. To date, however, we have received no proposed dates for that deposition.  Please let me know what dates is available.

I look forward to hearing from you.

Very truly yours,

*[signature]*

Michael T. Zeller

cc:     Annette Hurst, Esq.
        Jason Russell, Esq.

quinn emanuel urquhart oliver & hedges, llp

EXHIBIT   64

PAGE   962

# EXHIBIT B

EXHIBIT _64_

PAGE _963_

# BINGHAM

Peter N. Villar
Direct Phone:   714.830.0640
Direct Fax:   714.830.0719
peter.villar@bingham.com

July 15, 2009

**Via Facsimile and U.S. Mail**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Re:  Mattel, Inc. v. MGA Entertainment, et al.

Dear Mr. Zeller:

We have received your July 13 letter regarding the deposition of Leon Neman. Mr. Neman is not available for his deposition this month as he is dealing with his mother's serious medical condition and other family-related issues.  In addition to Mr. Neman's personal issues, we believe it is prudent and necessary to postpone the deposition of Mr. Neman as well as Mr. Kadisha given the parties' unresolved discovery issues, including the motions currently pending before the Court.  The scope of discovery in this matter may change, and we will not agree to more than one deposition of our clients.  Accordingly, we request that you stipulate to an extension of time to take these depositions.  If you will not stipulate, we will seek relief from the Discovery Master.  Please let us know your position as soon as possible.

Best regards,

Peter N. Villar

cc:   Todd Gordinier
       Annette Hurst
       Jason Russell

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

EXHIBIT  64
PAGE  964

# EXHIBIT C

EXHIBIT 64

PAGE 965

07-17-2009   12:01   From-QUINN EMANUEL                    2134493100          T-479   P.002/003   F-784

quinn emanuel trial lawyers

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3180

WRITER'S INTERNET ADDRESS
michaelzeller@quinnemanuel.com

July 17, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Peter Villar, Esq.
Bingham McCutchen LLP
600 Anton Blvd.
Plaza Tower, 18th Floor
Costa Mesa, CA 92626

Re:   Mattel, Inc. adv. MGA Entertainment

Dear Counsel:

Thank you for your letter of July 15, 2009, which was in response to my July 13 letter to you.

While we are always willing to consider extensions as a matter of courtesy, your letter does not provide us sufficient information. In particular, it does not propose any date by which Leon Neman and Neil Kadisha will sit for deposition, as ordered by the Discovery Master. Nor does it provide any reason why Mr. Kadisha cannot comply with the Discovery Master's Order that he be produced for deposition by July 28, 2009. Please provide us with both proposed dates and an explanation for Mr. Kadisha's claimed unavailability so that we can consider your request for a stipulation.

We do not agree, however, that potential or actual discovery disputes provide any excuse for these witnesses' failure to appear for deposition within the time ordered by the Discovery Master. Indeed, when Omni 808 had offered similar justifications for its violations of the Discovery Master's Order compelling Omni 808 to produce documents, the Discovery Master rejected them.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

EXHIBIT 64
PAGE 966

I look forward to hearing from you.

Very truly yours.

Michael T. Zeller

cc:    Annette Hurst, Esq.
       Jason Russell, Esq.

07y75/2905442-2

2

EXHIBIT  64

PAGE  967

# EXHIBIT D

EXHIBIT 64

PAGE 968

# BINGHAM

Peter N. Villar
Direct Phone:   714.830.0640
Direct Fax:   714.830.0719
peter.villar@bingham.com

July 22, 2009

**Via Facsimile and U.S. Mail**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Re:  Mattel, Inc. v. MGA Entertainment, et al.

Dear Mr. Zeller:

We have received your July 17 letter in response to my July 15 letter regarding the depositions of Leon Neman and Neil Kadisha. We have been working hard to try to coordinate schedules and come up with some proposed dates that work for all parties. Unfortunately, as we previously indicated, Mr. Neman is not presently available for his deposition as he is dealing with his mother's serious medical condition and other family-related issues. As I am sure you can appreciate, it is not clear exactly when the medical issues will stabilize but we know he will be unavailable for the next few weeks. There are other scheduling issues in July and August for Mr. Kadisha, Mr. Gordinier and for MGA's new counsel. Tom McConville of Orrick, who will be handling the depositions on behalf of MGA, is unavailable or potentially unavailable through the first week in August. Thus, it appears that the earliest dates available for all participants will be in September.

In addition to these personal and scheduling issues, we believe that it is reasonable and necessary to set these depositions for September for reasons of efficiency and judicial economy. As you have repeatedly stated, Mattel's Third Amended Counterclaims have altered the scope of this case. Your position ignores the fact that the Discovery Master first set the deposition dates in his Order No. 33 prior to your filing the Third Amended Counterclaims and prior to your filing several discovery motions challenging prior Orders based on the Third Amended Counterclaims. As a result, there are multiple discovery disputes pending between the parties, and seven different discovery motions set for hearing on or before August 19, which may or may not require the production of additional information or documents. Therefore, it makes most sense to schedule the depositions after these discovery issues have been resolved to avoid a potential future dispute over whether Mattel can re-depose our clients in light of

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

EXHIBIT  64

PAGE  969

Michael T. Zeller, Esq.
July 22, 2009
Page 2

the Discovery Master's rulings. Indeed, we note that Mattel and MGA are presently litigating a similar issue with respect to Mattel's request for significant additional time to depose Mr. Larian based on the new allegations in the Third Amended Counterclaims.

Finally, and perhaps most fundamentally, we are asking for a very brief extension as a matter of basic professional courtesy in light of the personal and scheduling issues set forth above. We should not have to burden the Discovery Master with personal and scheduling issues considering there is no urgency for these depositions and that the depositions will only be postponed until September -- a few weeks from now.

If our proposal is acceptable, please let me know which dates in September are available for you and we will provide you depositions dates that comport with all participants' schedules. If you are not willing to accommodate our request, please let me know by the end of the day so we can raise this issue with the Discovery Master.

Best regards,

Peter N. Villar

cc:   Todd Gordinier
      Annette Hurst
      Thomas McConville
      Jason Russell

Bingham McCutchen LLP
bingham.com

EXHIBIT _64_

PAGE _970_

# EXHIBIT 65

| | |
|---|---|
| 1 | Robert C. O'Brien (SBN 154372)<br>ARENT FOX LLP |
| 2 | 555 West Fifth Street, 48th Floor<br>Los Angeles, CA  90013-1065 |
| 3 | Telephone:  213.629.7400<br>Facsimile:   213.629.7401 |
| 4 | obrien.robert@arentfox.com |
| 5 | Discovery Master |
| 6 | |
| 7 | |

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10 EASTERN DIVISION

| | | |
|---|---|---|
| 12 | CARTER BRYANT, an individual, | Case No.  CV 04-09049 SGL (RNBx) |
| 13 | Plaintiff, | |
| 14 | v. | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727 |
| 15 | MATTEL, INC., a Delaware corporation, | PHASE II DISCOVERY MATTER |
| 16 | Defendant. | ORDER NO. 3, REGARDING: |
| 17 | | |
| 18 | | (1)  MOTION OF MGA ENTERNTAINMENT, INC., ISAAC LARIAN AND MGA |
| 19 | | ENTERTAINMENT (HK) LIMITED TO QUASH |
| 20 | | NON-PARTY SUBPOENAS; and |
| 21 | | (2)  MOTION OF MATTEL, INC. TO COMPEL PRODUCTION OF |
| 22 | | DOCUMENTS RESPONSIVE TO THE SAME NON-PARTY |
| 23 | | SUBPOENAS |
| 24 | | |
| 25 | CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and | |
| 26 | MGZ ENTERTAINMENT, INC. v.<br>MATTEL, INC. | |
| 27 | | |
| 28 | | |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 65

PAGE 97

1    This Order sets forth the Discovery Master's ruling on: (1) the motion of

2 MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment (HK) Limited

3 (collectively "MGA") to quash certain non-party subpoenas [Docket Number 4779]

4 and (2) the corresponding motion of Mattel, Inc. ("Mattel") to compel production of

5 documents responsive to the same non-party subpoenas [Docket Numbers 4769 and

6 4788] (collectively, the "Motions").

7    The Motions came on regularly for hearing before the Discovery Master on

8 March 4, 2009. All interested parties were represented by counsel and afforded the

9 opportunity to present oral argument on the Motions. The Discovery Master,

10 having considered the papers filed in support of and in opposition to the Motions,

11 and having heard oral argument thereon, rules as set forth below.

12  **I.     INTRODUCTION**

13

14       **A.     The Court's February 11, 2009 Ruling**

15       On February 11, 2009, the Court heard oral argument on various motions

16 filed by the parties. During the proceedings, counsel took the opportunity to orally

17 request clarification by the Court regarding whether the parties' respective motions

18 relating to the subpoenas served by Mattel on various entities allegedly related to

19 MGA (the "Subpoenas") are in any way stayed or precluded by any of the Court's

20 prior orders.

21       In response, the Court stated: "I will instruct the Discovery Master this

22 afternoon, in no uncertain terms, that there is no stay on any discovery related to

23 this case at all." (Reporter's Transcript of Proceedings, February 11, 2009 ["Tr."],

24 99:8 – 10). Counsel for MGA then referred to the fact that the Court had

25 previously declined to allow Mattel to serve certain discovery accompanying

26 Mattel's motion for a receiver and characterized the third-party subpoenas as an

27 attempt to circumvent the Court's ruling. (Tr., 101:12 – 17). In response, the Court

28 stated:

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  65

PAGE  972

> Then the question becomes – and this is a question for the Discovery Master, not for this Court – whether or not the discovery is related to Phase 2. If it is, it is. I'm not going to pass any judgment whatsoever. I'm going to leave that completely up to the Discovery Master. ... The question for the [D]iscovery [M]aster will be whether or not the disputed discovery request is related or relevant to the trial that has now been scheduled for March [2010] or not.

(Tr., 101:18 – 22; 103:1 – 3).

The Discovery Master understands the Court's ruling as indicating that, in deciding the motions relating to the Subpoenas, the Discovery Master should consider whether there is a nexus between the information sought by the Subpoenas, on the one hand, and the Phase 2 claims and counterclaims set for trial in March 2010, on the other hand. If the information sought by the Subpoenas is, to use the Court's words, "related to Phase 2" or "related or relevant to the [Phase 2] trial," then that information could potentially be the subject of appropriate discovery requests by Mattel.[1]

### B.    Information Sought By The Subpoenas

The information sought by Mattel's Subpoenas falls into two broad categories. First, Mattel seeks documents from third parties Omni 808 Investors, LLC, OmniNet Capital, LLC and Vision Capital, LLC (collectively, the "Financing Entities") involving, among other things, their internal ownership and operations and their role in providing financing to MGA during the summer of 2008 (the

---

[1] Even prior to the Court's February 11, 2009 ruling, Mattel acknowledged that it had the burden of demonstrating a nexus between the information sought by the Subpoenas and the Phase 2 issues, as demonstrated by Mattel's inclusion of a section in its Motion to Compel summarizing the claims to be adjudicated in Phase 2, (Motion, pp. 5 – 8), and a section arguing that the information sought by the third-party subpoenas is relevant to Mattel's Phase 2 claims, (Id., pp. 18 - 24 and 24 – 25). However, Mattel also argued that the information sought might be appropriate regardless of any nexus to Phase 2. (See id., pp. 14 – 17 [arguing that MGA's prior statements regarding its finances in Phase 1 "opened the door" to discovery on this issue] and id., p. 23 [arguing that the information sought is relevant to MGA's credibility]). Based on the Court's subsequent ruling on February 11, 2009, as well as the Discovery Master's own independent evaluation of those arguments, the Discovery Master concludes, as discussed more fully below, that these arguments are insufficient, standing alone, to justify the non-party discovery Mattel seeks. Rather, Mattel must demonstrate some link between the information sought and the issues to be adjudicated by the Court at the Phase 2 trial.

EXHIBIT  65
PAGE  973

1    "Financing Discovery"). Based on the information presented at the February 11,

2    2009 hearing and in connection with the pending motions, it does not appear that

3    either MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or Larian have

4    an ownership interest in the Financing Entities.[2] (*See* Tr., 70:22 – 72:5; 78:9 -25).

5         Second, Mattel seeks documents from third parties IGWT Group, LLC and

6    IGWT 826 Investments, LLC (collectively, the "Transferee Entities") regarding

7    MGA's sale to them of infringing MGA inventory, namely Bratz dolls (the

8    "Transferee Discovery"). MGA does not dispute that the Transferee Entities are

9    owned and/or controlled by Larian. (*See, e.g.,* MGA's Reply in support of its

10   Motion to Quash, at p. 5, fn. 6, where MGA refers to the purchase of Bratz

11   inventory by the Transferee Entities as "Larian's purchase of those . . .

12   products . . . .").[3]

13   **II.    MGA's Motion To Quash**

14        Because it could dispose of all outstanding discovery issues related to the

15   Subpoenas, the Discovery Master first addresses MGA's Motion to Quash filed on

16   February 3, 2009.

17        **A.    Legal Standard**

18        As the party moving to quash the Subpoenas, MGA bears the burden of

19   satisfying the standard set forth in Rule 45(b), which provides that the court may

20   "quash or modify the subpoena if it is unreasonable and oppressive." (Fed. R. Civ.

21   P. 45(b); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.

22   2004) ["The moving party has the burden of proof to demonstrate that compliance

23

24   ───────────────

     [2] Of course, this is one of the facts Mattel seeks to investigate through the Subpoenas to the Financing Entities. The
25   Discovery Master's ruling denying Mattel's Motion to Compel the Financing Parties to comply with the Subpoenas
     does not address – and should not be construed as deciding – whether Mattel could, upon establishing a nexus to a
26   legitimate Phase 2 issue, seek to obtain this information from MGA.

     [3] Moreover, MGA does not dispute the assertions made by Mattel in its Motion to Compel at pp. 11- 12, including
27   that Larian created IGWT Group during the Phase 1 trial and registered its place of business as his home address, and
     that Larian created IGWT 826 Investments the day after the Phase 1 trial ended and registered it at the home address
28   of his sister.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                          - 4 -                    ORDER NO. 3
                                                          [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  65

PAGE  974

1   with the subpoena would be unreasonable and oppressive" (internal quotations

2   omitted)]; *Linder v. Department of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) [The

3   burden of proving that a subpoena is oppressive is on the party moving to quash];

4   *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005) [the

5   burden is on the movant to establish that a subpoena duces tecum should be

6   quashed]). "The burden is particularly heavy to support a 'motion to quash as

7   contrasted to some more limited protection.'" (*Westinghouse Electric Corp. v. City*

8   *of Burlington*, 351 F.2d 762, 766 (D.C.Cir.1965) [denying a motion to quash

9   supported by two affidavits]).

10       **B.      Arguments Made By MGA In Support Of Its Motion To Quash**

11       The sole argument set forth in MGA's Motion to Quash is that the Court's

12   January 7, 2009 order appointing a forensic auditor bars Mattel from seeking the

13   information sought by the Subpoenas. (*See* MGA's Motion to Quash, pp. 1 - 6).

14   But that argument fails for the reasons set forth above. The Court made it clear at

15   the hearing on February 11, 2009 that:

16           There is no stay on discovery. Period. . . . . [The forensic auditor
17           appointed by the Court] is acting at the Court's discretion to
            inform the Court of information. . . . That's an entirely separate
18           matter. And I have not stayed any discovery and there should be
19           no reliance on that. If that was misunderstood, it's clarified now.

20   (Tr., 97:15, 98:8 - 9, and 98:13 - 15).

21       Recognizing that its only argument has been rejected by the Court, MGA

22   argues for the first time in its Reply that its Motion to Quash should be granted

23   because the Subpoenas are not relevant to any of Mattel's Phase 2 claims. (*See*

24   MGA's Reply Brief in Support of the Motion to Quash, pp. 1 and 5 - 12).

25   However, MGA did not make this argument in its opening brief. It instead declared

26   in its moving papers that whether the Subpoenas are related to any "Phase 2 issues

27   is beside the point." (*Id.*, p. 5). Because MGA did not address the relevance of the

28   subject discovery until the filing of its Reply, the Discovery Master declines to

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

ORDER NO. 3
[Case No. CV 04-09049-SGL (RNBx)]

EXHIBIT __65__

PAGE __975__

1    consider the argument in connection with the Motion to Quash.

2          The Discovery Master, like the Court,[4] disfavors the insertion of new

3    arguments at the reply stage that could have been raised in the moving papers.  A

4    party filing a motion is required to raise all of its arguments in its opening brief to

5    prevent "sandbagging" of the non-moving party and to provide opposing counsel

6    the chance to respond.  This rule is routinely adhered to by courts in the Ninth

7    Circuit.  (See, e.g., United States v. Boyce, 148 F.Supp .2d 1069, 1085

8    (S.D.Cal.2001); Leick v. Hartford Life and Acc. Ins. Co., 2007 WL 1847635 at *1,

9    n. 1 (E.D.Cal. 2007); Stewart v. Wachowski, 2004 WL 2980783, at *11 (C.D.Cal.

10   Sept. 28, 2004); Hamilton v. Willms, 2007 WL 2558615, *11 (E.D.Cal.2007); see

11   also United States v. Cox, 7 F.3d 1458, 1463 (9th Cir.1993); United States v.

12   Wright, 215 F.3d 1020, 1030 n. 3 (9th Cir.2000)).

13         Furthermore, MGA will not suffer any prejudice from this decision because

14   the issue it raised in its Reply (i.e., are the Subpoenas seeking information related to

15   any Phase 2 claims) has been fully briefed by the parties and is ruled upon by the

16   Discovery Master in connection with Mattel's Motion to Compel.[5]  (See Section III

17   below).

18         Accordingly, MGA's Motion to Quash is **DENIED**.

19   //

20   //

21   //

22   //

23

24   [4] In Bryant v. Mattel, Inc., 573 F.Supp.2d 1254, 1273 n.7 (C.D. Cal. 2007), the Court noted that it "ordinarily would not consider" arguments made for the first time on reply but did so only "because [undertaking the analysis did] not
25   change [its] ultimate conclusion."

26   [5] That the arguments raised in the Reply are the same as those in MGA's Opposition to the Motion to Compel is conceded by Mattel. Indeed, Mattel admitted in its Request to Consolidate MGA's Motion to Quash and Motion to Compel (which was denied as untimely by the Discovery Master at the hearing on March 4, 2009) that the "MGA
27   Parties' Opposition to Mattel's Motion to Compel Production of Documents Responsive to Third Party Subpoenas
28   . . makes the same arguments as the MGA Parties' Reply in support of their Motion to Quash."   (Mattel's Request to Consolidate MGA's Motion to Quash and Mattel's Motion to Compel, p. 2).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

ORDER NO. 3
[Case No. CV 04-09049-SGL (RNBx)]

EXHIBIT 65

PAGE 976

1   III.   **Mattel's Motions To Compel**

2        A.   **The Purported Procedural Defects Barring Mattel's Motions To**

3             **Compel**

4        MGA, the Financing Entities, and the Transferee Entities all argue that that

5   Mattel's Motion to Compel should be denied on several different procedural

6   grounds.

7             1.   **The Court's January 7, 2009 Order**

8        As an initial matter, the Transferee Entities and the Financing Entities repeat

9   the argument made by MGA in its Motion to Quash that the Court's January 7,

10  2009 Order appointing a forensic auditor barred Mattel from seeking the discovery

11  sought by the Subpoenas. (Financing Entities' Opposition to Mattel's Motion to

12  Compel at p. 3; Transferee Entities' Opposition to Mattel's Motion to Compel at

13  pp. 5 - 7). But that argument fares no better here than it did with respect to MGA's

14  Motion to Quash and is rejected for the reasons discussed in Section II above.

15            2.   **Local Rule 37**

16       The Financing Entities and the Transferee Entities also argue that Mattel's

17  Motion to Compel should be denied because Mattel failed to comply with Local

18  Rule 37 by, among other things, failing to meet and confer and failing to file a joint

19  stipulation. (Financing Entities' Opposition to Mattel's Motion to Compel, pp. 1

20  and 7 - 10; Transferee Entities' Opposition to Mattel's Motion to Compel, p. 2

21  [referencing Local Rule 37 in passing]). However, Local Rule 37 (as distinguished

22  from Federal Rule 37, which is discussed in subsection 7a, below) does not apply to

23  discovery disputes in this case. Rather, the applicable procedure is the one adopted

24  by the Court in its order appointing a discovery master dated December 6, 2006

25  ("Discovery Master Order").[6] Because the Discovery Master Order provides that

26

27  ────────────

    [6] The Discovery Master Order is incorporated by reference into the Court's January 6, 2009 Order appointing a
28  discovery master for Phase 2 of this litigation. (*See* Court's Order dated January 6, 2009, p. 2 ["The Discovery
    Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006"]).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                    - 7 -         ORDER NO. 3
                                          [Case No. CV 04-09049 SGL (RNBx)]

                                          EXHIBIT 6

                                          PAGE 977

1   "all third parties subject to discovery requests . . . in this litigation shall be bound

2   by the terms of this Stipulation and Order," (Discovery Master Order, p. 6), that

3   order applies to the Financing Entities as well as the Transferee Entities, and its

4   procedures replace those set forth in Local Rule 37.  (*Id.*, p. 4).

5             3.      Local Rule 11-6 And Paragraph 4(b) Of The Court's

6                      Standing Order

7             The Financing Entities and MGA further argue that Mattel's Motion to

8   Compel should be denied because it exceeds the page limitations set forth in Local

9   Rule 11-6 and Paragraph 4(b) of the Court's Standing Order.  (*See* Financing

10  Entities' Opposition to Mattel's Motion to Compel, p. 9; MGA's Opposition to

11  Mattel's Motion to Compel, pp. 18 - 19).  Each of these contentions is unavailing.

12  The Discovery Master Order (not the Local Rules or the Court's Standing Order)

13  governs discovery disputes in this case, and it does not impose any page limit on

14  such motions.[7]  In fact, the Discovery Master Order dispenses with the formatting

15  requirements of the Local Rules in certain ways, such as allowing letter briefs, and

16  even permits the parties to agree to alternative procedures, including, presumably,

17  filing briefs that are more than 25 pages in length.  (*See* Discovery Master Order, p.

18  4).  Thus, while the Discovery Master encourages the parties to be as efficient as

19  possible in their briefing, he recognizes that briefs in excess of 25 pages are either

20  directly permitted under the Discovery Master Order (since no page limitation was

21  imposed by the Court) or implicitly allowed (since the parties may agree to

22  alternate procedures).  He further recognizes that the complex nature of this case

23  may periodically necessitate the filing of briefs that exceed 25 pages.[8]  For all of

24

25  [7] Even assuming the 25 page limitation for briefs did apply, Mattel had the option of filing separate motions to
    compel for each of the subpoenas at issue and could have easily extended the page limitation well beyond the 30
26  pages it filed in connection with its combined motion that addressed multiple subpoenas propounded on the
    Transferee Entities and the Financing Entities.

27  [8] In fact, the parties to this lawsuit have filed multiple discovery motions in this case that contained more than 25
    pages.  (*See* Supplemental Declaration of Jon D. Corey in Support of Mattel, Inc.'s Reply in Response to The MGA
28  Parties' Opposition to Motion to Compel, ¶ 7).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]
EXHIBIT 65
PAGE 978

1   these reasons, filings in excess of 25 pages are permitted.[9]

2          **4.    Local Rule 6-1**

3         The Financing Entities argue in passing that Mattel's motion to compel

4   should be denied because it violates Local Rule 6-1. (Financing Entities'

5   Opposition to Mattel's Motion to Compel, p. 6).   However, the Discovery Master

6   Order adopts a completely different set of deadlines than the Local Rules for the

7   filing of motions, oppositions and replies, and a different schedule for noticing

8   hearing dates. (Discovery Master Order, p. 4).  Therefore, Local Rule 6-1 has no

9   applicability here.

10         **5.    Failure To Name MGA In The Motion To Compel**

11        MGA next argues that Mattel's motion to compel is procedurally improper

12  because MGA was not named in the Motion to Compel and Mattel should not be

13  allowed to respond to MGA's objections.   (MGA's Opposition to Mattel's Motion

14  to Compel, p. 18). But MGA has cited no legal authority, and the Discovery

15  Master has found none, standing for the proposition that a party must name in its

16  motion to compel all parties who have objected to an underlying subpoena even if

17  they are not actually the target of the subpoena.  In fact, the contention that Mattel's

18  Motion to Compel should have been brought against MGA makes no sense given

19  that it could not possibly comply with any order compelling a response to the

20  Subpoenas.

21         **6.    Mattel's Separate Statement**

22        MGA also contends that Mattel's Motion to Compel should be denied

23  because its' separate statement "is another classic example of . . . inefficiency."

24  (*Id.*, p. 19).  Once again, nothing in the Discovery Master Order prevents a party

25  from filing a separate statement that first identifies the request in dispute and then

26

27

28

---

[9] In the event the length of briefs ever becomes excessive, the Discovery Master will issue an order setting a specific page limitation.

- 9 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   *65*

PAGE    *979*

1   sets forth the various contentions of the parties, even if the information regarding

2   the various requests happens to be repetitive.  Regardless, MGA has not cited any

3   legal authority in support of its position and the Discovery Master finds no reason

4   to dispose of Mattel's Motion to Compel merely because it filed a separate

5   statement that contains duplicative arguments.[10]

6           7.      Meeting And Conferring

7           As their final procedural argument in opposition to the Motion to Compel,

8   the Transferee Entities and the Financing Entities assert that the motion should be

9   denied because Mattel failed to adequately meet and confer prior to filing the

10  motion. (Financing Entities' Opposition to Mattel's Motion to Compel, pp. 7 - 8;

11  Transferee Entities' Opposition to Mattel's Motion to Compel, pp. 2 - 5).

12          a.      Applicable Procedure

13          Prior to filing its motion to compel, Mattel had an obligation to comply with

14  both the Federal Rules of Civil Procedure and the Discovery Master Order.  Federal

15  Rule of Civil Procedure 37(a) expressly requires that a party filing a motion to

16  compel discovery first meet and confer in "good faith."  (Fed. R. Civ. Proc. 37(a)).

17  Similarly, the Discovery Master Order states that unless an "alternative procedure"

18  is agreed upon or otherwise ordered by the Discovery Master, the

19          moving party shall first identify each dispute, state the relief
20          sought, and identify the authority supporting the requested relief
            in a meet and confer letter that shall be served on all parties by
21          facsimile or electronic mail.  The parties shall have five court
            days from the date of service of that letter to conduct an in-person
22          conference to attempt to resolve the dispute.  If the dispute has
            not been resolved within five court days after such service, the
23          moving party may seek relief from the Discovery Master by
            formal motion or letter brief . . .

24  (Discovery Master Order, p. 4).

25  //

26

27  ──────────────
    [10] The Discovery Master notes that where there are numerous discovery requests in dispute he would prefer for a
28  separate statement to be submitted by the moving party.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                              - 10 -              ORDER NO. 3
                                                          [Case No. CV 04-09049 SGL (RNBx)]
                                                          EXHIBIT 65
                                                          PAGE 980



1                   **b.**     **Mattel's Meet And Confer Regarding The Financing**

2                             **Entities**

3       In challenging Mattel's meet and confer effort, the Financing Entities first

4   claim that Mattel violated the Discovery Master Order because no "in-person

5   meeting occurred." (Financing Entities' Opposition to Mattel's Motion to Compel,

6   p. 8). But that argument is without merit, since Mattel and the Financing Entities

7   agreed to an alternative procedure that disposed of the in-person meet and confer

8   requirement.[11] Indeed, MGA's counsel sent counsel for Mattel, counsel for the

9   Transferee Entities and counsel for the *Financing Entities* a letter on January 23,

10   2009 memorializing the parties' agreement and establishing a schedule whereby the

11   parties would "meet and confer on January 29 and 30 . . ." (Mattel's Reply in

12   Support of its Motion to Compel filed on February 13, 2009, pp. 9 - 10;

13   Supplemental Declaration of Jon D. Corey in Support of Mattel's Reply to the

14   Motion to Compel filed on February 13, 2009, ¶ 4 and Ex. 2). That the Financing

15   Entities' counsel received this letter and acted in accordance with its terms is

16   evidenced by, among other things, the fact that they served objections to the

17   Subpoenas on January 28, 2009 (which was the deadline specified in the January 23

18   letter) and started meeting and conferring with Mattel's counsel telephonically on

19   January 30. (Financing Entities' Opposition to Mattel's Motion to Compel, pp. 3

20   and 4). Accordingly, Mattel did not have any obligation to meet with the Financing

21   Entities in person since the parties had agreed to waive that obligation.

22       Nevertheless, Mattel still had an obligation to meet and confer with the

23   Financing Entities in good faith. Good faith cannot be shown merely through

24   perfunctory efforts; rather Federal Rule of Civil Procedure 37 mandates a genuine

25   attempt to resolve the discovery dispute through non-judicial means. (Fed. R. Civ.

26     [11] To promote efficiency and minimize the necessity for counsel to travel between their respective offices, the

27     Discovery Master shall deem Paragraph 5 of the Discovery Master Order (mandating that the parties have an in
         person conference to attempt to resolve discovery disputes) to be sufficiently satisfied if the parties and non-parties

28     involved in a discovery dispute meet and confer telephonically or by video conference. However, the Discovery
         Master emphasizes that this accommodation in no way lessens the parties' obligation to meet and confer in good
         faith.

- 11 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __65__

PAGE __981__

1   Proc. 37(a)(1)).

2        Because the evidence and declarations submitted by Mattel and the Financing

3   Entities are in conflict regarding what transpired during their respective meet and

4   confer communications, (Cf. Financing Entities' Opposition to Mattel's Motion to

5   Compel, pp. 3 – 5; Mattel's Reply Brief in Support of its Motion to Compel filed on

6   February 13, 2009, pp. 9-10), the Discovery Master gives Mattel the benefit of the

7   doubt and concludes that it adequately met and conferred with respect to Omni 808

8   Investors, LLC and Vision Capital, LLC.

9        By contrast, Mattel arguably did not even begin the meet and confer process

10  with OmniNet Capital, LLC prior to filing its motion to compel, because counsel

11  for the Financing Entities informed Mattel that they did not receive that Subpoena

12  until the afternoon of February 2, 2009 and filed objections to the Subpoena on that

13  date. (Financing Entities' Opposition to Mattel's Motion to Compel at p. 5).  No

14  "good faith" meeting could therefore have taken place.

15       Although the meet and confer with respect to OmniNet Capital, LLC was

16  inadequate, the Discovery Master will nonetheless address the merits of Mattel's

17  Motion to Compel in all respects, including concerning the Subpoena served on

18  OmniNet Capital, LLC.  The Discovery Master does so for purposes of efficiency

19  (i.e., the issues to be decided regarding the subpoena served on OmniNet Capital,

20  LLC are essentially identical to those that must be addressed in connection with the

21  subpoenas served on Omni 808 Investors, LLC and Vision Capital, LLC) and

22  because addressing the merits of the motion does not alter the outcome.[12]

23              c.    Mattel's Efforts To Meet And Confer Regarding The

24                    Transferee Entities

25       Like the Financing Entities, the Transferee Entities contend that Mattel's

26  motion to compel should be denied because it did not meet and confer in good faith.

27

28  _____
    [12] As noted above, the parties are admonished to abide by the provisions of the Discovery Master Order requiring a
    good faith attempt to meet and confer regarding discovery disputes prior to the filing of any discovery motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                        - 12 -
                                                        ORDER NO. 3
                                          [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   65

PAGE   982

1   (Transferee Entities' Opposition to Mattel's Motion to Compel, pp. 2 - 5).  Yet, the

2   Transferee Entities concede that their counsel engaged in multiple meet and confer

3   teleconferences.  (*Id.* at pp. 3 - 4).  Several emails and letters were also exchanged

4   between the parties as part of the meet and confer process.  (*Id.*).  In light of these

5   interactions, the Discovery Master again gives Mattel the benefit of the doubt in

6   favor of resolving the issues on the merits and concludes that it adequately met and

7   conferred with the Transferee Entities.

8          **B.     Legal Standard Governing Enforcement Of The Subpoenas**

9          Federal Rule of Civil Procedure 26(b)(1) provides for discovery in civil

10  actions of "any matter, not privileged, which is relevant to the subject matter

11  involved . . ..  The information sought need not be admissible at the trial if the

12  information sought appears reasonably calculated to lead to the discovery of

13  admissible evidence."  Rule 26(b) is liberally interpreted to permit wide-ranging

14  discovery of all information reasonably calculated to lead to discovery

15  of admissible evidence; but the discoverable information need not be admissible at

16  the trial.  (*Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248,

17  250 (D.Kan.1993)).

18         The broad scope of discovery described in subsection (b)(1) is tempered by

19  provisions protecting the responding party from undue burden.  Rule 26(b)(2)

20  provides that the frequency or extent of discovery otherwise allowed by the Rules

21  must be limited if the court determines that "(i) the discovery sought is

22  unreasonably cumulative or duplicative, or is obtainable from some other source

23  that is more convenient, less burdensome, or less expensive; (ii) the party seeking

24  discovery has had ample opportunity by discovery in the action to obtain the

25  information sought; or (iii) the burden or expense of the proposed discovery

26  outweighs its likely benefit, taking into account the needs of the case, the amount in

27  controversy, the parties' resources, the importance of the issues at stake in the

28  litigation, and the importance of the proposed discovery in resolving the issues."

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

ORDER NO. 3
[Case No. CV 04-09049-SGL (RNBx)]

EXHIBIT     65

PAGE     983

1    Moreover, the Federal Rules distinguish between discovery from non-parties

2  to a lawsuit (governed under Rule 45) and discovery from parties (governed

3  generally by Rule 26), based in part on the recognition that the former is inherently

4  more burdensome and less convenient than the latter. (*See, e.g., Solarex v. Arco

5  Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988) [The status of a non-party is

6  significant when determining whether compliance with a discovery demand would

7  constitute an undue burden]; *Katz v. Batvia Marine and Sporting Supplies, Inc.*, 984

8  F.2d 422, 424 (Fed. Cir. 1993) [The fact that discovery is sought from a non-party

9  is one factor that the Court may weigh in determining whether the discovery

10  requested is necessary, relevant, or burdensome].  Courts applying Rules 26 and 45

11  have interpreted these rules to afford non-parties special heightened protection

12  against burdensome discovery. (*See, e.g., Exxon Shipping Co. v. U.S. Dept of

13  Interior*, 34 F.3d 774, 779 (9th Cir. 1994)).

14    Accordingly, requests for documents that pertain to a party and that can be

15  more easily and inexpensively obtained from that party also impose an undue

16  burden. (*Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005)).

17  Further, if the documents sought are neither relevant nor calculated to lead to the

18  discovery of admissible evidence, "then any burden whatsoever imposed upon the

19  non-party would be by definition undue." (*Compaq Computer Corp. v. Packard

20  Bell Electronics, Inc.*, 163 F.R.D. 329, 335-336 (N.D.Cal. 1995)).

21    Each of the moving parties bears the burden of establishing the basis for the

22  relief it seeks.  As the party moving to compel compliance with the Subpoenas,

23  Mattel bears the burden of "establishing that the information sought is relevant and

24  necessary to its lawsuit." (*Cytodyne Technologies, Inc. v. Biogenic Technologies,

25  Inc.,* 216 F.R.D. 533, 534 (M.D.Fla. 2003)).

26    Finally, in deciding whether to enforce a subpoena, the Discovery Master

27  must balance "the relevance of the discovery sought, the requesting party's need,

28  and the potential hardship to the party subject to the subpoena." (*Heat & Control,*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 65
984

1  *Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed.Cir.1986) citing

2  *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 560, 564 (7th Cir.1984)).

3      **C.    Mattel's Contention That MGA Has Placed Its Finances At Issue**

4      As its first ground for moving to compel production of the documents sought

5  by the Subpoenas, Mattel argues that MGA has misrepresented its finances, thereby

6  making it necessary and appropriate for Mattel "to obtain an accurate understanding

7  of MGA's and Larian's finances." (Motion to Compel, p. 14). According to

8  Mattel, MGA's supposed misrepresentations have placed its financial condition at

9  issue, and have opened the door to discovery of any information bearing on MGA's

10  finances. (*Id.* ["Discovery on MGA's financials is amply warranted by MGA's

11  own statements *alone*."] (emphasis added)).

12      However, after Mattel filed its Motion, the Court made it clear that the

13  validity of the Subpoenas must be evaluated with reference to whether they relate to

14  the matters to be adjudicated in Phase 2. As the Discovery Master understands the

15  Court's ruling, the Subpoenas cannot be justified merely because they seek

16  information regarding some contention made during Phase 1, without regard to

17  Phase 2. In other words, putting a fact at issue in Phase 1, cannot, standing alone,

18  suffice to render that fact the proper subject of discovery in Phase 2.

19      Thus, to the extent Mattel's first argument asserts that MGA's statements,

20  standing alone, warrant discovery from the Subpoena recipients, that argument is

21  rejected. Rather, the Discovery Master will evaluate whether discovery of MGA's

22  finances is warranted in light of the issues to be adjudicated in Phase 2.

23      Further, even if Mattel were not required to demonstrate some nexus between

24  the Subpoenas and the issues to be adjudicated in Phase 2, the argument that the

25  Subpoenas are justified because MGA placed its financial condition at issue would

26  still fail for the simple reason that Mattel is not seeking discovery from MGA but

27  rather *non-parties*. Mattel does not cite any statements or conduct by the

28  *//*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

ORDER NO. 3
[Case No. CV 04/09049 SGL (RNBx)]

PAGE  985

1    Financing Entities putting their financial affairs at issue in this litigation.[13]

2    Rather, Mattel argues that the statements and conduct of *MGA* should be attributed

3    to the Financing Entities and construed as their consent to discovery of their

4    internal financial affairs.  Such an assumption is unwarranted.

5        **D.    Mattel's Contention That The Subject Discovery Is Relevant To**

6               **Phase 2**

7            **1.    Subpoenas To The Financing Entities**

8        Mattel next argues that the Subpoenas to the Financing Entities seek

9    information relevant to a variety of Phase 2 issues.[14]

10           **a.    Mattel's RICO Counterclaim**

11       Mattel first asserts in its Motion to Compel that the discovery it seeks is

12   relevant to its RICO counterclaim because "Mattel alleges that the counter-

13   defendants have operated a widespread criminal enterprise that has engaged in

14   numerous acts of mail and wire fraud and other predicate acts in violation of the

15   RICO statute" and that "MGA's mid-trial transactions with Omni 808 and the other

16   non-operating entities" is "a continuation of that pattern of racketeering activity."

17   (Motion, p. 18).

18

19   [13] In its Reply to the Financing Entities' Opposition to its Motion to Compel, Mattel argues that the Financing
20   Entities (referred to by Mattel as the "Omni Parties") have injected themselves into the litigation because one of
     them, Omni 808 Investors, LLC, applied to intervene. (Reply, p. 8). However, a decision on that application has
21   been deferred by the Court, (Tr., 80:15 – 17), and therefore Omni 808 Investors, LLC and the other Financing
     Entities remain outsiders to the litigation entitled to the heightened protection from discovery normally afforded non-
22   parties.

     [14] Mattel argues in one of its reply briefs filed on February 25, 2009 that the Discovery Master should strike MGA's
23   Opposition to the Motion to Compel because: (1) MGA indicated that it would not be filing an Opposition and
     (2) the Opposition was filed a week late. (*See* Mattel's Reply in Response to MGA's Opposition to the Motion to
24   Compel, p. 4). The Discovery Master declines that request. The assertion that MGA would not file an Opposition is
     based on an alleged oral conversation which counsel for Mattel apparently did not confirm in writing. (*See*
25   Supplemental Declaration of Jon D. Corey in Support of Mattel's Reply in Response to MGA's Opposition to the
     Motion to Compel, ¶ 4). Even assuming such a statement had been made, MGA was entitled to change its mind. As
26   for Mattel's argument that the Opposition was untimely, the Discovery Master notes that he was only recently
     appointed. This fact combined with the backlog of discovery motions may have resulted in some confusion as to
27   when various briefs were due to be filed. The Discovery Master prefers to address issues on the merits and declines
     to strike the Opposition as untimely. Notwithstanding the foregoing, the Discovery Master urges the parties to
28   strictly comply with the briefing schedule set forth under the Discover Master Order for all future discovery motions
     unless an alternative procedure is agreed upon by the parties and approved by the Discovery Master or the Court.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT *65*

PAGE *986*

1   But Mattel's allegations in support of its RICO counterclaim turn on

2   misappropriation of trade secrets and confidential information, and make no

3   mention of improper transfers of funds or any other predicate act similar to MGA's

4   purported business transactions with any of the Financing Entities.[15]  Accordingly,

5   these financial transactions are not a "continuation" of the "pattern" of conduct

6   Mattel alleges in very precise detail in its RICO counterclaim.  (Asdourian v.

7   Konstantin, 77 F. Supp. 2d 349, 358 (E.D.N.Y. 1999) [cited by Mattel and stating

8   RICO claimant must show "[a]n interrelationship between acts, suggesting the

9   existence of a pattern, [which] may be established...[by] proof of their temporal

10  proximity, or common goals, or similarity of methods, or repetitions' (citation

11  omitted)]; H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 238-39 (1989) [RICO claims

12  must be supported by a "pattern" of activity and "the mere fact that there are a

13  number of predicates is no guarantee that they fall into any arrangement or order.

14  A pattern is not formed by sporadic activity ...  Instead, the term 'pattern' itself

15  requires the showing of a relationship between the predicates" (quotations and

16  internal citations omitted)]).

17      At this stage, Mattel has failed to demonstrate a relationship between the

18  predicate acts alleged by Mattel in its Counterclaims – which were bound together

19  by a purported scheme to misappropriate Mattel's trade secrets – and the

20  //

21  //

22  //

---

23  [15] See Mattel's Second Amended Answer and Counterclaims ("Counterclaims"), p. 55-62, ¶ 90 [alleging the MGA
24  Parties and other counter-defendants "for the purpose of executing and attempting to execute the scheme to
    improperly defraud Mattel and steal its trade secret or otherwise confidential and proprietary information" committed
25  various predicate acts], ¶ 91 [alleging the MGA Parties and other counter-defendants "shared the common purpose of
    enabling MGA to obtain confidential, proprietary and otherwise valuable Mattel property through improper means in
26  order to assist MGA in illegally competing with Mattel"], ¶ 92 [alleging the enterprises are continuing enterprises
    because they are "designed to and did unlawfully acquire the confidential business information and property of
27  Mattel and incorporated this information and property into MGA's ongoing business, marketing strategies and
    business methods, practices, and processes"], ¶ 93(a) [alleging mail fraud committed in furtherance of scheme to
28  "defraud Mattel of its confidential trade secret information and property"], ¶ 93(b) [alleging wire fraud "defraud
    Mattel of its confidential and trade secret information and property"], and ¶ 102 [the MGA Parties and other counter-
    defendants "schemed to defraud Mattel and steal its property and trade secret information"].

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -                                ORDER NO. 3
                          [Case No. CV 04-09049-SGL (RNBx)]

1  transactions Mattel seeks to investigate here.[16]

2      Also, the RICO counterclaim (like the other counterclaims to be adjudicated

3  in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808

4  Investors, LLC or Vision Capital, LLC came into existence – and therefore

5  apparently did not encompass the activities of those entities or the transactions

6  which are the subject of the Financing Discovery.  While that fact might be

7  overcome by a showing that the Financing Entities were created or used to further a

8  scheme to carry on misconduct that is the subject of Phase 2, Mattel did not

9  demonstrate that such is the case in its briefs and supporting evidence.

10     In sum, absent some argument or evidence demonstrating a nexus between

11 the predicate activities alleged in the RICO counterclaim, on the one hand, and the

12 transactions and other matters which are the subject of the Financing Discovery, on

13 the other hand, there has been no showing by Mattel that the Subpoenas to the

14 Financing Entities are reasonably calculated to lead to the discovery of admissible

15 evidence regarding the RICO counterclaim.

16         **b.    Mattel's Disgorgement Remedy**

17     Next, Mattel asserts that the Subpoenas to the Financing Entities seek

18 information relevant to its remedy of disgorgement, which is an available remedy

19 for Mattel's Phase 2 counterclaim for misappropriation of trade secrets.  Mattel

20 argues:

21

22 [16] This conclusion is consistent with the case cited by Mattel – *Eastman Kodak Co. v. Camarata*, 238 F.R.D. 372
23 (W.D.N.Y. 2006).  There, the plaintiffs "asserted broad civil RICO claims against the Nicolo defendants predicated,
   among other violations, upon alleged money laundering violations.  Specifically, the Complaint alleges that the
24 Nicolo defendants and the other named defendants constituted an enterprise as defined in the RICO statute that was
   engaged in a pattern of racketeering activity, including mail and wire fraud and, more importantly for purposes of
25 this motion, money laundering." (*Id.*, at 375).  "The alleged money laundering consisted of repeated deposits into
   various financial institutions in order both to promote and carry on the unlawful activity – that is, by paying and
26 depositing kickbacks to certain members of the enterprise – and to conceal and attempt to conceal the proceeds, their
   nature, source and location – that is, by transferring funds between defendants and between various accounts
27 maintained by those defendants." (*Id.* [emphasis added]).  Thus, inquiry into the defendants' finances was
   appropriate as it was likely to reveal activity related to the alleged predicate acts.  Here, on the other hand, Mattel has
28 not alleged any sort of financial scheme which would support inquiry into the MGA Parties' financial transactions
   with third parties.

- 18 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 65

988

> For purposes of establishing disgorgement, Mattel must take into
> account money transferred from MGA and Isaac Larian,
> regardless of the manner in which it was transferred. Mattel is
> entitled to discovery that shows all assets siphoned from MGA or
> Isaac Larian . . . . By these subpoenas, Mattel seeks evidence to
> prove the amount the defendants must disgorge. Money that
> properly belonged to Mattel was transferred from MGA or Isaac
> Larian to an entity controlled by them.

(Motion, pp. 20:1 – 4, 21:12 – 14).

While the foregoing statements may be true as a general proposition, none of the Financing Entities is alleged to have "received money that properly belonged to Mattel." To the contrary, Mattel asserts that the Financing Entities are creditors of MGA. Therefore, Mattel has not demonstrated how any of the categories of documents sought from the Financing Entities would aid it in ascertaining the amount defendants must disgorge.

### c.    Phase 2 Damages

Mattel's third argument in favor of enforcement of the Subpoenas is that they "seek documents relevant to MGA's financial condition" and other "factors relevant to an award of punitive damages." (Motion to Compel, p. 21:19 – 22). Depending on the particular scope of the document request, such discovery from Omni 808 Investors, LLC may be appropriate in connection with Phase 2 because any information evidencing MGA's indebtedness to Omni 808 Investors, LLC from the purchase of the alleged Wachovia debt or direct loans to MGA is relevant to MGA's net worth (and hence punitive damages).[17] As the Court noted in its February 11, 2009 ruling:

> I can see tremendous overlap between, for example, discovery on

---

[17] The Discovery Master's analysis is fundamentally different for OmniNet Capital, LLC and Vision Capital, LLC because neither entity is alleged by Mattel to be a creditor of MGA Entertainment, Inc. (Motion to Compel, pp. 9 and 10). To the contrary, Mattel concedes that "OmniNet [Capital, LLC] is not the secured party, and thus presumably not the actual debt purchase/lender. Rather, the company holding the security interest is Omni 808 [Investors, LLC] . . . [which] appears to be owned funded by a company called Vision Capital, LLC." (Id.) Because it admits that OmniNet Capital, LLC and Vision Capital, LLC are not creditors of MGA, Mattel has failed to show that the information sought from those entities has any bearing on MGA's financial condition.

- 19 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  65

PAGE  989

1    financial condition of the company as it relates to damages in the
     Phase 2 and also issues that the receiver is looking at. And
2    without making a ruling on any of this, I would not suggest for a
     moment that these are mutually exclusive categories.
3
     (Tr., 101:3 - 8)
4
5        Mattel argues that the necessary connection between the Financing

6    Discovery and Phase 2 damages exists because the Financing Entities have acquired

7    a security interest in MGA's assets, which, in turn, affects MGA's financial

8    condition. Specifically, Mattel argues that Omni 808 Investors, LLC is:

9        directly involved in providing funding to MGA in exchange for a
         security interest. Such funding, and security interests, are in and
10       of themselves directly relevant to the financial condition of the
         MGA Parties, including the amount of the security interests, the
11       terms and conditions of the funding, and the rate of funding. . . .

12   (Motion to Compel, p. 22: 13 – 17).

13       The Discovery Master agrees that such limited information, as it relates to

14   the purchase by Omni 808 Investors, LLC of the debt obligation previously held by

15   Wachovia Bank, is reasonably calculated to lead to the discovery of admissible

16   evidence concerning Phase 2 issues, including the calculation of MGA's net worth

17   for purposes of calculating punitive damages.[18] Accordingly, Mattel's motion to

18   compel responses from Omni 808 Investors, LLC is granted with respect to

19   documents relating to (1) the existence of any debt owed by MGA Entertainment,

20   Inc. to Omni 808 Investors, LLC and (2) any communications between Omni 808

21   Investors, LLC and the MGA parties regarding any such indebtedness.

22       The problem, however, is the vast majority of the document requests set forth

23   in the Subpoena propounded on Omni 808 Investors, LLC are not narrowly tailored

24   to obtain information demonstrating the amount and nature of MGA's indebtedness

25   (and hence net worth) or communications regarding any such debt,[19] but instead

26   _____
     [18] During oral argument, counsel for MGA represented (and counsel for Mattel seemed to agree) that the Court
27   deferred discovery regarding the Wachovia debt until the middle of the Phase 1 trial. (Reporter's Transcript of
     Proceedings, March 4, 2009, pp. 72, 85 and 86). The extent to which that damages information was obtained directly
28   from Wachovia, as opposed to MGA, is not clear from the record provided to the Discovery Master.

     [19] Nor did Mattel move to compel MGA to produce this information in the first instance.

1   would require the Financing Entities to produce virtually every document in their

2   possession regarding their formation, operations, and history of transactions.

3   Among other things, the Subpoenas to the Financing Entities seek:

4          •      All records that "substantiate transfers of assets" by the Financing

5                 Entities "to other entities, individuals, and/or parties, within the U.S.

6                 and outside of the U.S." (Exhibits 27-29 to Supplemental Declaration

7                 of Jon D. Corey In Support Of Mattel, Inc.'s Reply In Support Of

8                 Motion To Compel Production of Documents Responsive to Third-

9                 Party Subpoenas, Attachment A, ¶ 16);

10         •      All documents "detailing or setting forth the relationship" between

11                each of the Financing Entities and other non-parties (*Id.* at ¶¶ 6-10);

12         •      All documents referring or relating to the "all contributions, loans and

13                any sources of funding" for the Financing Entities (*Id.* at ¶ 13);

14         •      All documents referring or relating to the "source of funding" of other

15                non-parties (*Id.* at ¶ 16);

16         •      All documents showing detail of "all loan facilities" referring or

17                relating to the Financing Entities and other non-parties (*Id.* at ¶ 14);

18         •      All documents referring or relating to "transactions involving any

19                compensation, loans, advances, payments, fees or any other form of

20                consideration" paid to other non-parties (*Id.* at ¶ 15);

21         •      All "communications" referring or relating to the Financing Entities

22                and other non-parties (*Id.* at ¶ 17).

23         Accordingly, the Discovery Master concludes that most of the categories of

24   documents in the Subpoenas are overbroad and not reasonably calculated to lead to

25   the discovery of admissible evidence with respect to Phase 2 issues, as detailed in

26   Section IV below (entitled "Disposition").

27   //

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                              - 21 -                    ORDER NO. 3
                                                          [Case No. CV 04-09049 SGL (RNBx)]

                                                  EXHIBIT ___

                                               ░░░░ ___991___

1
### d.      Credibility Of MGA Witnesses

2      Mattel's fourth argument consists of a single, conclusory paragraph asserting

3   that it is entitled to its discovery in order to determine the credibility of MGA's

4   witnesses.  To support this argument, Mattel first states that information is

5   discoverable "if it relates to 'the credibility of any witness.'" (Motion to Compel,

6   p. 23 (citing *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.,* 175 F.R.D.

7   646, 650 (C.D. Cal. 1997)).[20]  Next, Mattel asserts that "MGA and Larian made

8   statements under oath about their financial condition as well as about the role of

9   Omni 808 and the other non-operating entities in providing MGA with additional

10   funding." (*Id.*)  But that is the full extent of Mattel's argument.  Mattel does not

11   attempt to show that the specific discovery that it has propounded is reasonably

12   calculated to lead to the discovery of the evidence that it contends would be

13   admissible.

14      Discoverable information generally includes evidence relevant to the

15   credibility of a party or a key witness.  (See *Paulsen v. Case Corp.,* 168 F.R.D. 285,

16   287-288 (C.D. Cal. 1996); see also *Ragge v. MCA/Universal Studios,* 165 F.R.D.

17   601, 603-604 (C.D. Cal. 1995); *U.S. v. City of Torrance,* 164 F.R.D. 493, 495 (C.D.

18   Cal. 1995)).  If Mattel's discovery were reasonably calculated to lead to the

19   discovery of such information, then it might be permissible.  (*Id.* ["Rule 26 is

20   liberally interpreted to permit wide ranging discovery of all information reasonably

21   calculated to lead to discovery of admissible evidence."])  But Mattel has not taken

22   any steps to connect its discovery to such evidence.  As discussed above, Mattel

23   bears the burden of demonstrating that its discovery is reasonably calculated to lead

24   to the discovery of admissible evidence.  Here, Mattel has only stated that

25   credibility evidence can be admissible and that credibility is at issue in this case –

26   without referring at all to specific categories of documents in the Subpoenas or

27

28   [20] The Discovery Master notes that the case cited by Mattel does not actually discuss or apply this proposition.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

992

1  linking those categories of documents to prior or anticipated testimony of MGA's
2  witnesses. Simply stating that credibility evidence is discoverable does nothing
3  toward meeting Mattel's burden to demonstrate that the particular discovery at issue
4  here is reasonably calculated to lead to the discovery of such evidence.

5                    e.    MGA's Unclean Hands
6        Mattel next argues in its Motion to Compel that MGA has asserted an
7  unclean hands defense in response to Mattel's Phase 2 claims, and consequently
8  Mattel is entitled to discover whether the MGA Parties are currently "engaging in
9  sham and fraudulent financial transactions such as concealing profits" to preclude
10 MGA "from invoking the unclean hands defense themselves." (Motion, pp. 23 -
11 24.) But this argument does not apply to the Financing Entities because, as
12 discussed above, Mattel does not claim that the Financing Entities have "received
13 money that properly belonged to Mattel" or otherwise used those entities to conceal
14 profits. To the contrary, Mattel asserts that the Financing Entities are creditors of
15 MGA.

16       Regardless, Mattel's theory is that, even if Mattel has unclean hands, MGA
17 may not assert that defense unless MGA itself is blameless. (*Id.*, at 24 [a "party
18 asserting an equitable defense, however, must itself have 'clean hands.'"]).
19 Mattel's statement of the law is correct as far as it goes. But, as the Ninth Circuit
20 has stated, "'unclean hands does not constitute 'misconduct in the abstract,
21 unrelated to the claim to which it is asserted as a defense.'" (*Jarrow Formulas, Inc.
22 v. Nutrition Now, Inc.*, 304 F.3d 829, 841 (9th Cir. 2002)). "It is fundamental to
23 [the] operation of the doctrine that the alleged misconduct . . . relate directly to the
24 transaction concerning which the complaint is made." (*Dollar Sys., Inc. v. Avcar
25 Leasing Sys., Inc.* 13 F.2d 165, 173 (9th Cir. 1989)). Accordingly, courts will not
26 allow discovery based on an unclean hands defense where the "allegations of
27 misconduct do not relate to the transactions... forming the basis for the
28 []complaint." (*Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 952 (S.D.Cal.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                            - 23 -        ORDER NO. 3
                                               [Case No. CV 04-09049 SGL (RNBx)]

                                                    993

1    1996)).

2          Here, Mattel does not link any of the categories of documents referenced in

3    the Subpoenas (which involve the creation and operation of the Financing Entities

4    beginning with their formation in the summer of 2008) to any of the conduct at

5    issue in Phase 2 (which involves such matters as the alleged theft of trade secrets in

6    Mexico in 2004 and other conduct unrelated to the relationship between the

7    Financing Entities and MGA).  Accordingly, the Financing Discovery is not

8    reasonably calculated to lead to the discovery of admissible evidence regarding

9    MGA's alleged unclean hands in connection with the matters to be adjudicated in

10   Phase 2.

11          f.      **Mattel's Unfair Competition Counterclaim**

12         As Mattel acknowledges, California's Unfair Competition Law, Business &

13   Professions Code §§ 17200 et seq. (the "Unfair Competition Law") encompasses

14   "'anti–competitive business practices as well as injuries to consumers, and has as a

15   major purpose the preservation of fair business competition.'"  (Opp. at 24:25 –

16   25:2, quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone*

17   *Co.* (1999) 20 Cal.4th 163, 180)).  However, Mattel's papers do not sufficiently

18   demonstrate that the documents sought from the Financing Entities involve "anti-

19   competitive business practices," "injuries to consumers," or anything affecting

20   consumers or the public at all.  Instead, Mattel simply asserts, without any

21   supporting analysis, that MGA has violated the Unfair Competition Law by

22   "manipulating the sources of [its own] funding" (presumably the Financing

23   Entities).  That allegation, even if true, does not appear to involve the "unlawful,

24   unfair or fraudulent" marketing or sale of anything and therefore does not fall

25   within the ambit of the Unfair Competition Law.

26   //

27   //

28   //

- 24 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 65

PAGE 994

g.    **Summary Of The Discovery Master's Findings With
Respect To The Subpoenas Directed To The Financing
Entities**

For the foregoing reasons, the Discovery Master finds that, based on the
record before him, Mattel has failed to sufficiently articulate the necessary
connection between most of the Financing Discovery and any Phase 2 issue.
Moreover, while there is a connection between the Financing Discovery and some
of the Phase 2 issues referenced (i.e., MGA's financial condition and its bearing on
Mattel's claim for punitive damages), Mattel has failed to demonstrate that the
Subpoenas meet the standard set forth in Rule 26(b)(2) and that all of the requested
discovery is permissible in light of the case law interpreting Rules 26 and 45.

Accordingly, Mattel's motion to compel the Financing Entities to comply
with the Subpoenas is **GRANTED** in part and **DENIED** in part.

2.    **Subpoenas To The Transferee Entities**

In their briefs regarding the enforceability of the Subpoenas, Mattel and
MGA do not, as a general rule, make a distinction between the Financing Entities
and the Transferee Entities, but rather direct the same arguments to both groups
collectively.  However, there are important distinctions between the two groups,
including, without limitation, that: (1) the Transferee Entities appear to be affiliated
with – if not wholly owned by – Larian; (2) the Transferee Discovery involves the
sale of MGA assets (i.e., Bratz products) in which Mattel has an ownership interest
pursuant to the Court's December 3, 2008 ruling; and (3) the Subpoenas seek some
documents relevant to Phase 2 issues which presumably cannot be obtained from
MGA, namely the Transferee Entities' contracts with, and records of sales to, third
parties purchasing the Bratz products.  Accordingly, in ruling on the Subpoenas
directed to the Transferee Entities, the Discovery Master's analysis of certain of the
parties' above-referenced arguments differs, as follows.

//

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT 65

PAGE 995

1          a.    Non-Party Considerations

2          To begin with, the distinction between a party and non-party here is less

3    compelling given the MGA parties' apparent admission that the Transferee Entities

4    are single purpose entities created and controlled by Larian (who is, of course,

5    himself a party) to dispose of inventory that is the subject of this litigation.  Further,

6    the MGA parties presumably do not have custody of the sales contracts whereby

7    IGWT Group LLC sold Bratz products to third parties.  The Discovery Master also

8    notes that counsel for the Transferee Entities has submitted a declaration stating

9    that there are "hundreds of sales contracts at issue, and as such, thousands of

10   documents responsive to Mattel's requests."  (Declaration of Jeffrey B. Valle dated

11   February 17, 2009 ["Valle Decl."], ¶ 7).  The unavailability of these relevant

12   documents from any other source weighs heavily in favor of enforcing the

13   Subpoena to IGWT Group LLC.

14         b.    Relevance To Phase 2 Issues

15               1.    Phase 2 Damages

16         As mentioned above, Mattel argues that the Subpoenas "seek documents

17   relevant to MGA and Larian's financial condition, net worth, and ability to pay" on

18   the ground that such information is relevant to Mattel's Phase 2 damages claims,

19   including Mattel's claim for punitive damages.

20   For the reasons previously discussed, the Discovery Master finds that, with respect

21   to the Financing Entities, the discovery requests were, for the most part overbroad,

22   and/or not sufficiently linked to Phase 2 issues.  However, the Discovery Master's

23   analysis is necessarily different with respect to entities which were created and

24   apparently wholly owned and/or controlled by Larian (a defendant in Phase 2), and

25   which are admittedly selling inventory which generate revenues in which Mattel

26   has an interest.  Specifically, Mattel contends that Larian has caused MGA to sell

27   the inventory at a deep (80%) discount to the Transferee Entities.  This practice, if

28   true, limits MGA's profits (which go to MGA's balance sheet, and ultimately

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 26 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  65

PAGE  996

1  affects MGA's net worth) while at the same time allowing Larian to capture

2  additional profits which otherwise would have been realized by MGA and reflected

3  on MGA's balance sheet).  Accordingly, the Discovery Master finds that most of

4  the documents Mattel seeks to subpoena from the Transferee Entities properly

5  relate to Phase 2 issues, as specified in Section IV below.[21]

6         **2.    Mattel's Unfair Competition Counterclaim**

7       Given MGA's admissions regarding Larian's ownership/control of the

8  Transferee Entities, coupled with their sale of inventory purchased from MGA, the

9  Discovery Master finds that many of the documents requested from the Transferee

10  Entities are also arguably related to a "fraudulent," "unlawful," or "unfair" business

11  practice within the meaning of the Unfair Competition Law and the scope of

12  Mattel's Counterclaims.  Among other things, the Court's December 3, 2008 order

13  imposes a constructive trust on the proceeds of MGA's sale of the subject

14  inventory.  If, as Mattel argues, MGA's sale of that inventory to the Transferee

15  Entities constitutes a scheme on the part of Larian to enrich himself by depriving

16  Mattel of the true profits to be paid to Mattel pursuant to the Court's order, then

17  such conduct would constitute an unlawful attempt to circumvent the Court's order

18  and arguably render the transaction between MGA and the Transferee Entities an

19  anti-competitive business practice that is unlawful, unfair or fraudulent to other toy

20  manufacturers, including Mattel.  Therefore, such alleged misconduct, if proven,

21  could violate the Unfair Competition Law.

22       Moreover, although Mattel asserted its counterclaim for violation of the

23  Unfair Competition Law prior to the alleged misconduct (and long before the

24  Transferee Entities came into existence), Mattel phrased its allegations broadly

25

26  [21] The Discovery Master notes that IGWT 826 Investments is registered at the home address of Larian's sister and

27  brother-in-law, indicating that some of Larian's relatives may be involved in the ownership or operation of the Transferee Entities. Accordingly, the Discovery Master has specified in some instances that the production of documents shall include those referencing not only Larian, but also his spouse, his children, his siblings, or their

28  spouses, or any entity or person affiliated with them. However, the Discovery Master has stopped short of ordering the production of documents relating to any other entities, individuals "within the U.S. and outside the U.S.," as requested in Category 6 of each of the Subpoenas directed to the Transferee Entities.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 27 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 65

PAGE 997

1    enough to potentially encompass subsequent acts of unfair competition which

2    perpetuate or extend the misconduct alleged in the Counterclaims.  Unlike Mattel's

3    RICO counterclaim, Mattel's Twelfth Counterclaim for Unfair Competition does

4    not purport to rest on a list of enumerated, factually detailed and carefully defined

5    acts, but rather is phrased broadly to cover "unlawful, unfair and/or fraudulent acts

6    of unfair competition" which include, "without limitation" certain illustrative

7    examples.  (Counterclaims, p. 74, ¶ 165).

8         Of course, the Discovery Master cannot predict whether the Court will

9    ultimately deem Mattel's unfair competition counterclaim to be sufficiently elastic

10   to encompass MGA's alleged misuse of the Transferee Entities or whether Mattel

11   will seek (and the Court permit) amendment of the counterclaim to expressly

12   reference such alleged misconduct.  Nevertheless, in light of the fact that the

13   discovery need only appear reasonably calculated to lead to the discovery of

14   admissible evidence, the Discovery Master finds that certain aspects of the

15   Subpoenas are sufficiently related to Mattel's Phase 2 unfair competition claim.

16              c.     **Summary Of The Discovery Master's Findings With**

17                     **Respect To The Subpoenas Directed To The**

18                     **Transferee Entities**

19        As set forth above, the Discovery Master finds that Mattel has sufficiently

20   articulated a connection between some of the Transferee Discovery and its Phase 2

21   claims.  Accordingly, Mattel's motion to compel the Transferee Entities to comply

22   with the Subpoenas is **GRANTED** in part and **DENIED** in part.

23   **IV.    Disposition**

24        1.     The Motion to Quash filed by MGA is **DENIED.**

25        2.     Mattel's Motion to Compel the Financing Entities to produce

26   documents responsive to the Subpoenas is **DENIED** with respect to OmniNet

27   Capital, LLC and Vision Capital, LLC.

28        3.     Mattel's Motion to Compel Omni 808 Investors, LLC to produce

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 28 -                        ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  65

PAGE  998

1   documents responsive to the Subpoena propounded on it is **GRANTED** in part and

2   **DENIED** in part, as follows:

3              a.        Requests 1 through 3, 13, 15, and 17:  The Motion is granted

4   with respect to documents relating to (1) the existence of any debt owed by MGA

5   Entertainment, Inc. to Omni 808 Investors, LLC, including any debt purchased

6   from Wachovia Bank, and (2) any communications between Omni 808 Investors,

7   LLC and the MGA parties regarding any such indebtedness.  The motion is denied

8   regarding any other documents sought by these requests.

9              b.        Requests 4 through 12, 14 and 18:  The Motion is denied.

10      4.        Mattel's Motion to Compel the Transferee Entities to produce

11   documents responsive to the Subpoenas is **DENIED** as to Request 6 propounded to

12   IGWT Group LLC and Request 6 propounded to IGWT 826 Investments, LLC.

13      5.        Mattel's Motion to Compel the Transferee Entities to produce

14   documents responsive to the Subpoenas is **GRANTED,** as follows:

15                          **Subpoena To IGWT Group LLC**

16              a.        Request 1:  The Motion is granted with respect to documents

17   relating to the purchase by, or transfer to, IGWT Group LLC of any items of value,

18   including Bratz products, from MGA, Larian, his spouse, his children, his siblings,

19   or their spouses, or any entity or person affiliated with them.

20              b.        Request 2:  The Motion is granted

21              c.        Request 3:  The Motion is granted with respect to documents

22   relating to any ownership interest by Larian, his spouse, his children, his siblings,

23   or their spouses, or any entity or person affiliated with them.

24              d.        Request 4:  The Motion is granted with respect to documents

25   relating to any sources of funding by Larian, his spouse, his children, his siblings,

26   or their spouses, or any entity or person affiliated with them.

27              e.        Request 5:  The Motion is granted with respect to documents

28   relating to any compensation, loans, advances, payments, fees or any other form of

EXHIBIT 65
999

1   consideration paid by IGWT Group LLC to Larian, his spouse, his children, his

2   siblings, or their spouses, or any entity or person affiliated with them.

3          f.    Request 7: The Motion is granted.

4              <u>**Subpoena To IGWT 826 Investments LLC**</u>

5          a.    Request 1: The Motion is granted with respect to documents

6   relating to the purchase by, or transfer to, IGWT 826 Investments LLC of any items

7   of value, including Bratz products, from MGA, Larian, his spouse, his children, his

8   siblings, or their spouses, or any entity or person affiliated with them.

9          b.    Request 2: The Motion is granted

10         c.    Request 3: The Motion is granted with respect to documents

11  relating to any ownership interest by Larian, his spouse, his children, his siblings,

12  or their spouses, or any entity or person affiliated with them.

13         d.    Request 4: The Motion is granted with respect to documents

14  relating to any sources of funding by Larian, his spouse, his children, his siblings,

15  or their spouses, or any entity or person affiliated with them.

16         e.    Request 5: The Motion is granted with respect to documents

17  relating to any compensation, loans, advances, payments, fees or any other form of

18  consideration paid by IGWT 826 Investments LLC to Larian, his spouse, his

19  children, his siblings, or their spouses, or any entity or person affiliated with them.

20         f.    Request 7: The Motion is granted.

21      5.    All non-privileged documents referenced in Paragraphs 3 and 5, above,

22  shall be produced within 30 days of this Order, subject to any applicable

23  confidentiality designations available under the Protective Order.

24      6.    Nothing in this Order should be deemed to prevent Mattel from

25  seeking discovery from the MGA parties of documents encompassed by the

26  Subpoenas upon the showing of a sufficient nexus between the particular discovery

27  requests and legitimate Phase 2 issues, and subject to any applicable objections.

28  //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 30 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 65
PAGE 1000

1   Dated:  March 10, 2009

2

3

4                                                      By:        /s/ Robert C. O'Brien

5                                                                  ROBERT C. O'BRIEN
                                                                   Discovery Master
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 65

PAGE 1001