QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>         Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>         Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S *EX PARTE* APPLICATION FOR (1) RELIEF FROM THE TWENTY-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR EXPEDITED HEARING DATE OF AUGUST 17, 2009; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Hearing Date:  TBD<br>Time:              TBD<br>Place:             TBD<br><br>**Phase 2**<br>Discovery Cut-off:  December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

07975/3025289.3

EX PARTE APPLICATION TO SET EARLIER HEARING DATE

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  Pursuant to Local Rule 7-19, Mattel, Inc. ("Mattel") respectfully
3  submits this *ex parte* application for an order relieving it of the twenty-day
4  requirement of Local Rule 7-3 and advancing the hearing date on its concurrently
5  filed Motion to Modify Scheduling Order (the "Motion") from September 14, 2009,
6  which is the earliest date listed as being available on the Court's schedule, to August
7  17, 2009.

8  Mattel makes this application on the grounds that the parties already
9  will be before the Court for a hearing on August 17, 2009, advancing the hearing
10 date will still leave sufficient time for briefing under the default schedule of the
11 Local Rules, the parties have discussed the issues but were unable to resolve them,
12 and it is important for Mattel (and others) to be able to plan for discovery and trial.
13 As discussed more thoroughly in the Motion, discovery cannot be completed in this
14 action before the expiration of the current discovery cut-off through no fault of
15 Mattel.

16 Pursuant to Local Rule 7-19, Mattel gave notice of this *ex parte*
17 application to counsel for the MGA parties, Annette Hurst, Orrick, Herrington &
18 Sutcliffe LLP (telephone: 415-773-5700; address: The Orrick Building, 405 Howard
19 Street, San Francisco, CA 94104).  The MGA parties have informed Mattel that they
20 agree to have the hearing on August 31, 2009, but oppose having it heard any earlier
21 and accordingly oppose this application.

22 This Application is based on this Application and the accompanying
23 memorandum of points and authorities, Mattel's concurrently filed Motion to
24 Modify Scheduling and the memorandum of points and authorities and the
25 Declaration of Michael T. Zeller in support thereof, and all other matters of which
26 the Court may take judicial notice.

27
28

| | | |
|---|---|---|
| 1 | DATED: July 27, 2009 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| 2 | | |
| 3 | | By /s/ B. Dylan Proctor |
| 4 | | B. Dylan Proctor<br>Attorneys for Mattel, Inc. |

07975/3025289.3

-2-
EX PARTE APPLICATION TO SET EARLIER HEARING DATE

## MEMORANDUM OF POINTS AND AUTHORITIES

As discussed at length in Mattel's Motion to Modify Scheduling Order (the "Motion"), discovery cannot be completed before the current December 11, 2009 discovery cut-off, despite Mattel's diligent efforts. Mattel has made Herculean efforts to conduct discovery promptly, including by filing 33 discovery motions since the Phase 2 discovery stay was lifted six months ago. But Mattel has obtained strikingly little by way of actual discovery. MGA Mexico has not produced a single document. Nor has MGA Canada. MGA, Larian and their related parties have not produced a single witness for deposition since the stay was lifted in January -- including witnesses whom Mattel has been seeking to depose since January and February and witnesses who have been compelled to sit for deposition. Defendants and their affiliates have objected and refused to produce documents as to each and every Request propounded this year, have disrupted discovery by seeking repeated stays (and refusing to produce discovery while such motions were pending) and have forced multiple rounds of discovery motion practice. A great deal of discovery remains to be conducted on Phase 2 claims and issues.

Moreover, MGA's and Larian's conduct during and after the Phase 1 trial has resulted in new claims that require their own investigation. Those new claims have expanded the scope of this case, and MGA and others involved in the transactions have not produced key financial documents relating to the complex web of financing at issue despite Discovery Master Orders compelling their production. Defendants have raised thirteen new affirmative defenses in response to Mattel's amended pleading and have represented that they cannot disclose the bases for them in response to a Mattel contention interrogatory until the end of August. Discovery into the new claims and defenses arising based on Mattel's amended pleading remains at an early stage.

Accordingly, Mattel has filed herewith its Motion, seeking an extension of the discovery and all other dates. Mattel hereby respectfully requests that the

Court relieve Mattel of the twenty-day requirement of <u>Local Rule</u> 7-3 and advance the hearing date on the Motion to August 17, 2009.  According to the Court's calendar, the first available hearing date for the Motion as of today is September 14, 2009.  If Mattel were to wait the full twenty days before filing the Motion, the next available hearing date would likely be even later.  That would mean that absent *ex parte* relief, Mattel's Motion could not be resolved, at the earliest, until only weeks before expert reports are due (on October 16) and 2-3 months before the current discovery cut-off of December 11.  Such a lengthy delay would prejudice Mattel.

        Mattel could not have brought its Motion earlier.  Mattel could not and did not know how much discovery it could obtain before the cut-off until it tried to obtain it.  The Court expressed a desire for the parties to "streamline discovery" when it set the schedule for Phase 2; if defendants and third parties had complied with even existing Court Orders, Mattel would have already obtained at least some of the information it seeks and be proceeding with follow-up discovery.  The MGA parties' failures to comply with even basic discovery obligations, like the obligation to produce even documents supporting their own defenses (as to MGA Mexico), and their consistent evade and delay tactics, have now made clear that discovery will not be forthcoming any time soon.  At the same time, there is no purpose in waiting further to hear the Motion.  The parties discussed these issues for nearly two weeks but were unable to come to a resolution.  Delay will only cause more prejudice, inconvenience and uncertainty to all involved, including witnesses who need to be deposed, to no end.

        MGA has already stated it is willing to have the Motion heard on August 31, 2009, but claims it cannot agree to any earlier date because it requires additional time to oppose Mattel's motion.[1]  But Mattel is not even asking that the

---

[1] Email from Annette Hurst to Dylan Proctor, dated July 26, 2009, attached as Exhibit 70 to the concurrently filed Declaration of Michael T. Zeller ("Zeller Dec.").

1  Motion be heard on less than the standard 21-days' notice of the <u>Local Rules</u> --
2  MGA will have the full amount of time contemplated by <u>Local Rule</u> 7-9 to oppose
3  Mattel's Motion if the hearing date is advanced to August 17.  As the Court knows,
4  far more complicated motions have been briefed in this case in far less time.[2]  An
5  August 24 hearing appears not to be viable,[3] but the parties are already scheduled to
6  appear before the Court for hearing on August 17, 2009 on another motion.
7  Accordingly, to avoid weeks of unnecessary, prejudicial delays, Mattel respectfully
8  requests that the hearing on Mattel's Motion be advanced to August 17, with the
9  briefing schedule set under the Local Rules (opposition due August 3, reply due
10 August 10).

DATED:  July 27, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
   B. Dylan Proctor
   Attorneys for Mattel, Inc.

---

[2]   For example, Mattel had two days to oppose MGA's 30-page mistrial motion, and seven days, over Christmas, to oppose MGA's 50-page "emergency" stay motion in the Ninth Circuit, briefed at the same time as its 25-page stay motion filed with the Court.

[3]   MGA claims it cannot agree to August 24, 2009 because counsel for MGA will not be available on that date.