ORIGINAL

1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148008)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:  +1-415-773-5700
   Facsimile:  +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:  +1-213-612-2499
11
   Attorneys for MGA Parties
12

13                UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

16  CARTER BRYANT, an individual,    | Case No.  CV 04-9049-SGL (RNBx)

17          Plaintiff,               | Consolidated with:
                                     | Case No. CV 04-9059
18     v.                            | Case No. CV 05-2727

19  MATTEL, INC., a Delaware         | **APPLICATION TO FILE UNDER
    corporation,                     | SEAL**
20
            Defendant.               |
21  _____| Judge:      Hon. Stephen J. Larson

22
    AND CONSOLIDATED ACTIONS
23

24

25

26

27

28

1        Pursuant to Civil Local Rule 79-5.1, MGA Entertainment, Inc. and Isaac

2   Larian (collectively "MGA Parties") hereby submit this application for an order to

3   file under seal the following documents:

4

5       1.     **MGA PARTIES' OPPOSITION TO MOTION FOR**

6             **ADDITIONAL TIME TO CONDUCT THE DEPOSITION OF ISAAC LARIAN; NOTICE AND CROSS-MOTION FOR**

7             **PROTECTIVE ORDER LIMITING THE SCOPE OF EXAMINATION AT FURTHER DEPOSITION OF MR.**

8             **LARIAN**

9

10      2.     **Exhibit B to the DECLARATION OF YAS RAOUF IN SUPPORT OF MGA PARTIES' OPPOSITION TO MOTION FOR**

11            **ADDITIONAL TIME TO CONDUCT THE DEPOSITION OF ISAAC LARIAN; NOTICE AND CROSS-MOTION FOR**

12            **PROTECTIVE ORDER LIMITING THE SCOPE OF**

13            **EXAMINATION AT FURTHER DEPOSITION OF MR. LARIAN**

14

15      3.     **Exhibit C to the DECLARATION OF YAS RAOUF IN SUPPORT OF MGA PARTIES' OPPOSITION TO MOTION FOR**

16            **ADDITIONAL TIME TO CONDUCT THE DEPOSITION OF ISAAC LARIAN; NOTICE AND CROSS-MOTION FOR**

17            **PROTECTIVE ORDER LIMITING THE SCOPE OF**

18            **EXAMINATION AT FURTHER DEPOSITION OF MR. LARIAN**

19

20      4.     **DECLARATION OF FRANK D. RORIE IN SUPPORT OF MGA PARTIES' OPPOSITION TO MOTION FOR ADDITIONAL**

21            **TIME TO CONDUCT THE DEPOSITION OF ISAAC LARIAN; NOTICE AND CROSS-MOTION FOR PROTECTIVE ORDER**

22            **LIMITING THE SCOPE OF EXAMINATION AT FURTHER**

23            **DEPOSITION OF MR. LARIAN**

24

25       The Raouf Declaration attaches transcripts from the deposition of Isaac

26   Larian taken on July 18, 2006 (Exhibit B) and March 26, 2008 (Exhibit C). The

27   Rorie Declaration discusses the substance of these two transcripts.  These

28

APPLICATION TO FILE UNDER SEAL
CV 04-9049 SGL (RNBx)

OHS West:260699686.1

1   transcripts are designated "Attorneys' Eyes Only" pursuant to a protective order

2   entered in this Court on January 4, 2005.  *See* Case 2:04-cv-09059-SGL-RNB

3   Docket No. 54.  They are so designated because they contain trade secrets and other

4   confidential information that the MGA Parties believe in good faith will result in

5   competitive disadvantage or harm if disclosed to another party to this action

6   without restriction upon use or further disclosure.  The MGA Parties' Opposition

7   and Cross-Motion discuss the information contained in Exhibits B and C.

8   Accordingly, the MGA Parties believe that the foregoing documents should be filed

9   under seal in order to maintain the confidentiality of the information contained

10   therein and abide by the terms of the Court's order.

11       For the foregoing reasons, the MGA Parties respectfully request that the

12   Court enter the concurrently filed [Proposed] Order granting this request to file the

13   documents under seal.

15   Dated:   July 24, 2009         ORRICK, HERRINGTON & SUTCLIFFE LLP

17   By: _____

18                        Annette L. Hurst

              Attorneys for MGA ENTERTAINMENT, INC.
                   and ISAAC LARIAN

**ORIGINAL**

**LODGED**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2  Michael T. Zeller (Bar No. 196417)
   Jon D. Corey (Bar No. 185066)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
5
   Attorneys for Plaintiff and Counter-Defendant
6  Mattel, Inc.
7
8                   UNITED STATES DISTRICT COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
10
11 MATTEL, INC., a Delaware          CASE NO. CV 04-9059 NM (RNBx)
   Corporation,
12                                   STIPULATED PROTECTIVE
                 Plaintiff,          ORDER; AND
13
        v.                           [PROPOSED] ORDER
14
   CARTER BRYANT, an individual; and [Discovery Matter]
15 DOES 1 through 10, inclusive,
16               Defendants.
17
   CARTER BRYANT, on behalf of
18 himself, all present and former
   employees of Mattel, Inc., and the
19 general public,
20               Counter-Claimant,
21      v.
22 MATTEL, INC., a Delaware
   Corporation,
23
                 Counter-Defendant.
24
25
26
27
28

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2005

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

DOCKETED ON CM

JAN - 5 2005

BY ____ 006

54

07272/625581.2

Case 2:04-cv-09049-DOC-RNB   Document 6054   Filed 07/27/09   Page 5 of 23   Page ID
#:202239
Case 2:04-cv-09059-S██-RNB   Document 54   Filed 01/██4/2005   Page 2 of 22

### GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)   Personnel files and other private or confidential employment, contractor or vendor information;

-2-

1          (2)    The specific terms of agreements with, and information received

2 from, third parties that a Party is required to disclose only under conditions of

3 confidentiality;

4          (3)    Personal or private financial information, and confidential

5 financial data that is not known generally to the trade or to competitors, including

6 financial data relating to specific sales, cost and profit information for specific

7 products and product lines; and

8          (4) · Business plans and product information that are not known

9 generally to the trade or to competitors, including non-public information relating to

10 product development and design.

11

12          WHEREFORE, believing that good cause exists, the Parties HEREBY

13 STIPULATE that, subject to the Court's approval, the following procedures shall be

14 followed in this Action to facilitate the orderly and efficient discovery of relevant

15 information while minimizing the potential for unauthorized disclosure or use of

16 confidential or proprietary information:

17

18                   <u>SCOPE OF THIS ORDER</u>

19

20          1.    This Protective Order shall apply to trade secret, confidential and

21 proprietary information, documents and things that are produced or disclosed in any

22 form during the course of the Action by any Party or any nonparty:

23          (a)    through discovery;

24          (b)    in any pleading, document or other writing; or

25          (c)    in testimony given at a deposition.

26 (The foregoing information, documents and things shall be referred to hereinafter

27 collectively as "Litigation Materials.")

28

07272/625581.2

-3-

PROTECTIVE ORDER

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

1

2

3          2.      Any Party or nonparty producing or disclosing Litigation

4    Materials in this Action may designate such information as "CONFIDENTIAL" or

5    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner

6    set forth in paragraph 3 below.    The designation of Litigation Materials as

7    "CONFIDENTIAL" shall be limited to information which the disclosing Party or

8    nonparty believes in good faith contains, constitutes or reveals confidential design,

9    engineering or development information, confidential commercial information, non-

10   public financial information, confidential or private information about current or

11   former employees, contractors or vendors (including employee, contractor and vendor

12   personnel records), or other information of a confidential, proprietary, private or

13   personal nature.    The designation of information as "CONFIDENTIAL --

14   ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential

15   commercial information, including without limitation non-public designs and

16   drawings, which the disclosing Party or nonparty in good faith believes will result in

17   competitive disadvantage or harm if disclosed to another Party to this Action without

18   restriction upon use or further disclosure.    Information designated as

19   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only

20   be used and disclosed as provided in this Protective Order.

21

22              MANNER OF DESIGNATION OF MATERIALS

23

24          3.      A Party or nonparty may designate Litigation Materials as

25   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the

26   following manner:

27              (a)    Documents or Things.    "CONFIDENTIAL" or

28   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b) <u>Interrogatory Answers and Responses to Requests for Admissions</u>. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c) <u>Deposition Testimony</u>. Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

1    A Party or nonparty also may make the above-referenced designation of

2    confidentiality in writing and within fourteen (14) calendar days of the receipt

3    by said Party or nonparty of the transcript of said testimony. In that event, said

4    portion of the transcript will be treated as "CONFIDENTIAL" or

5    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of

6    this Protective Order, except that it will not be separately bound. If, during the

7    course of deposition testimony, any Party or nonparty reasonably believes that

8    the answer to a question will result in the disclosure of "CONFIDENTIAL" or

9    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons

10   other than those persons entitled to receive such information pursuant to

11   paragraphs 5 and 6 hereof shall be excluded from the room in which the

12   deposition testimony is given.    Unless previously designated as

13   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"

14   all transcripts of deposition testimony and any related exhibits, and all

15   information adduced in deposition, shall, in their entirety, be treated as

16   "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of

17   the transcript by counsel for the designating Party or nonparty. The Party or

18   nonparty designating the testimony or information as "CONFIDENTIAL" or

19   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen

20   (14) calendar day period described above, specifically designate information

21   contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or

22   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously

23   designated as such, by notifying all Parties in writing of the portions of the

24   transcript or exhibit which contains such information. Each Party shall attach

25   a copy of such written statement to the face page of the transcript or exhibit

26   and to each copy in its or his possession, custody or control. Thereafter, these

27   portions of the transcript or exhibits designated as "CONFIDENTIAL" or

28   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)     Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)     Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

1  be fully subject to this Protective Order.  No Party shall incur liability for any

2  disclosures made prior to notice of such designation, except to the extent that

3  any such disclosures occurred prior to the seven (7) day period described above

4  or prior to such other time periods as.are provided by this Protective Order,

5  including without limitation such time periods as are provided in Paragraph

6  3(c) above.

7

8  <u>RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS</u>

9

10       4.     Any Litigation Materials produced or disclosed in this Action,

11  whether  or  not  designated  "CONFIDENTIAL"  or  "CONFIDENTIAL  --

12  ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such

13  information for purposes of litigation and not for any other purpose, including

14  without limitation for any business or trade purpose.  As used herein, the term

15  "litigation" shall mean preparation for, participation in and prosecution and defense

16  of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in

17  connection with any mediation or other alternative dispute resolution procedure that

18  this or any other court may order or that the Parties may agree to.

19       5.     Subject to Paragraph 7 herein, and unless as otherwise ordered by

20  the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be

21  disclosed to any person other than:

22            (a)     the attorneys for the Parties and their partners, shareholders,

23  associates, document clerks and paralegals who are necessary to assist such

24  attorneys;

25            (b)     secretaries, stenographers and other office or clerical

26  personnel employed by said attorneys and who are necessary to assist such

27  attorneys;   .

28

1          (c)    a named Party or officers or employees of a named Party,

2  to the extent deemed necessary by their respective attorneys for purposes

3  assisting in litigation;

4          (d)    the authors, senders, addressees and designated copy

5  recipients of any document or thing which has been designated as

6  "CONFIDENTIAL" information;

7          (e)    such other persons as may be consented to by the Party or

8  nonparty designating such information as "CONFIDENTIAL" information;

9          (f)    outside litigation support vendors, including commercial

10  photocopying vendors, scanning services vendors, coders and keyboard

11  operators;

12          (g)    professional court reporters engaged to transcribe

13  deposition testimony, professional videographers engaged to videotape

14  deposition testimony and translators;

15          (h)    independent outside consultants or experts retained by the

16  attorneys to the extent deemed necessary by said attorneys for purposes of

17  litigation; and

18          (i)    non-party fact witnesses in a deposition, provided, however,

19  that such persons may not retain such "CONFIDENTIAL" information unless

20  otherwise authorized to receive it. If the attendance of a non-party fact witness

21  at a deposition can only be obtained through compulsory process, the witness

22  need not execute an Assurance of Compliance in the form attached as Exhibit

23  A, provided that: (1) the witness acknowledges his obligation to maintain the

24  confidentiality of "CONFIDENTIAL" information under oath; and (2) such

25  "CONFIDENTIAL" information may only be shown to the witness during the

26  deposition.

27

28

1        6.    Subject to paragraph 7 herein, and unless as otherwise ordered by

2 the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS'

3 EYES ONLY" shall not be disclosed to any person other than:

4        (a)    the attorneys for the Parties (but not including in-house

5 counsel for the Parties or any attorney who is an officer, director, shareholder

6 or employee of any Party or its corporate affiliates) and their partners,

7 shareholders, associates, document clerks and paralegals who are assigned to

8 and necessary to assist such attorneys. For the purposes of this subparagraph,

9 "affiliate" shall mean any corporate parent or subsidiary of any Party, or any

10 other entity that is under common control with any Party or corporate parent

11 or subsidiary of any Party, or any of their successors or predecessors in

12 interest;

13        (b)    secretaries, stenographers and other office or clerical

14 personnel employed by said attorneys and who assist them with respect to

15 litigation;

16        (c)    the authors, senders, addressees and designated copy

17 recipients of any document or thing which has been designated as

18 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

19        (d)    such other persons as may be consented to by the Party

20 designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES

21 ONLY" information;

22        (e)    outside litigation support vendors, including commercial

23 photocopying vendors, scanning services vendors, coders and keyboard

24 operators;

25        (f)    independent outside consultants or experts retained by the

26 attorneys to the extent deemed necessary by said attorneys for the purposes of

27 litigation; and

28

07272/625581.2

-10-

1       (g)   professional court reporters engaged to transcribe

2   deposition testimony, professional videographers engaged to videotape

3   deposition testimony and translators.

4       7.   None of the following is bound by or obligated under this Order

5   in any respect and specifically are not bound or obligated to treat information

6   designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7   ONLY" in any particular manner: The Court hearing this Action (including the Court

8   having jurisdiction of any appeal), Court personnel, court reporters working for the

9   Court, translators working for the Court, or any jury impaneled in this Action.

10      8.   Other than those identified in Paragraph 7 above, each person to

11   whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --

12   ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13   Protective Order and agree to be bound by it before disclosure to such persons of any

14   such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15   not have access to either "CONFIDENTIAL" or   "CONFIDENTIAL --

16   ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17   certified that they have read this Protective Order and have manifested their assent

18   to be bound thereby by signing a copy of the Assurance of Compliance attached

19   hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20   it shall not be necessary for that person to sign a separate Assurance of Compliance

21   each time that person is subsequently given access to confidential material.  Any

22   person who signed an Assurance of Compliance in connection with the Stipulation

23   for Protection of Confidential Information and Protective Order filed September 16,

24   2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County

25   Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26   shall, by virtue of his or her prior signature, be deemed to have signed the attached

27   Assurance of Compliance.

28

9.    The failure of any Party to object to the designation   of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10.    If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the <u>Local Rules</u>.  Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11.    Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12.    The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate  to  restore  the  confidentiality  of  the  "CONFIDENTIAL"  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

1    13. If a Party or nonparty through inadvertence produces or provides

2    discovery that it, he or she believes is subject to a claim of attorney-client privilege

3    or work product immunity, the producing Party or nonparty may give written notice

4    to the receiving Party that the document is subject to a claim of attorney-client

5    privilege or work product immunity and request that the document be returned to the

6    producing Party or nonparty. The receiving Party shall promptly return to the

7    producing Party or nonparty the inadvertedly disclosed document and all copies of

8    such document. Return of the document by the receiving Party shall not constitute

9    an admission or concession, or permit any inference, that the returned document is,

10   in fact, properly subject to a claim of attorney-client privilege or work product

11   immunity, nor shall it foreclose any Party from moving the Court for an Order that

12   such document has been improperly designated or should be producible for reasons

13   other than a waiver caused by the inadvertent production.

14   14. Nothing contained in this Protective Order shall affect the right

15   of any Party or nonparty to make any objection, claim any privilege, or otherwise

16   contest any request for production of documents, interrogatory, request for admission,

17   or question at a deposition or to seek further relief or protective orders from the Court

18   in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>.

19   Nothing in this Protective Order shall constitute an admission or waiver of any claim

20   or defense by any Party.

21

22   <u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

23

24   15. Except when the filing under seal is otherwise authorized by

25   statute or federal rule, the Parties shall seek the Court's prior approval for the filing

26   under seal of pleadings and other documents containing properly designated

27   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

28   information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

07272/625581.2

-13-

1   Rule may be amended from time to time. Prior to the time that a Party receiving the
2   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"
3   information from any other Party files with the Court an application and the other
4   materials required by Local Rule 79-5.1, as such Rule may be amended from time to
5   time, to seal the producing Party's confidential information, the receiving Party shall
6   consult with the producing Party's attorney to determine whether the producing Party
7   will re-designate the previously designated confidential information so as to avoid the
8   need for the request to file such information under the seal.  Upon the default of a
9   Party to seek the Court's approval to file a document containing "CONFIDENTIAL"
10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any
11  Party may subsequently seek the approval of the Court to file that document under
12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule
13  may be amended from time to time.

14

15          THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

16

17          16.    If any Party or nonparty receives a subpoena or document request
18  from a third party which purports to require the production of materials in that Party's
19  possession which have previously been designated as "CONFIDENTIAL" or
20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,
21  the Party or nonparty receiving such subpoena or document request (a) shall object
22  and refuse to produce documents absent a Court Order or the consent of the Party or
23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL
24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who
25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --
26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,
27  and (c) shall not oppose any effort by the Party or nonparty which designated the
28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

Case 2:04-cv-09049-DOC-RNB  Document 6054  Filed 07/27/09  Page 18 of 23  Page ID
#:202242
Case 2:04-cv-09059-S??-RNB  Document 54  Filed 01/??/200?  Page 15 of 22

1  ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2  material.

3

4  DISCOVERY FROM NONPARTIES

5

6      17.   Discovery of nonparties may involve receipt of information,

7  documents, things or testimony which include or contain "CONFIDENTIAL" or

8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A

9  nonparty producing such material in this case may designate as "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11  produces in the same manner provided for in this Protective Order with respect to

12  material furnished by or on behalf of the Parties.  Any Party may also designate as

13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17  nonparty has also so designated.  In addition, a nonparty may also designate as

18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19  materials or information produced by a Party that constitute "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22  producing Party has also so designated.  In either such an event, the designation

23  providing for the greater level of protection for the material information shall control,

24  subject to Paragraph 10 of this Protective Order.  Nonparty materials designated

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

07272/625581.2

-15-

## CONCLUSION OF LITIGATION

18.    Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession.  In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties.  Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order.  This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.    The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court.  In addition, a Party may at any time apply to the Court for modification of this

07272/625581.2

-16-

1  | Stipulation and Protective Order pursuant to a motion brought in accordance with the
2  | rules of the Court.
3  |
4  |      **IT IS SO STIPULATED.**
5  |
6  | DATED: December 22, 2004        QUINN EMANUEL URQUHART
7  |                                 OLIVER & HEDGES, LLP
8  |                                 By _Jon Corey_
9  |                                    Jon Corey
10 |                                    Attorneys for Plaintiff
                                        Mattel, Inc.
11 | DATED: December __, 2004         LITTLER MENDELSON
12 |
13 |                                 By _____
14 |                                    Douglas A. Wickham
                                        Attorneys for Defendant
15 |                                    Carter Bryant
16 | DATED: December __, 2004         O'MELVENY & MEYERS, LLP
17 |
18 |                                 By _____
                                        Diana M. Torres
19 |                                    Attorneys for Intervenor-Defendant
                                        MGA Entertainment, Inc.
20 |
21 |      **IT IS SO ORDERED.**
22 |
23 | DATED: __1/4/05__
24 |                                 THE HONORABLE ROBERT N. BLOCK
25 |                                 United States Magistrate Judge
26 |
27 |
28 |

07272/625581.2

-17-

PROTECTIVE ORDER

SCANNED

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4  IT IS SO STIPULATED.

5

6  DATED: December __, 2004       QUINN EMANUEL URQUHART
                                  OLIVER & HEDGES, LLP
7

8                                 By _____
9                                    Jon Corey
                                     Attorneys for Plaintiff
10                                   Mattel, Inc.

11 DATED: December 21, 2004        LITTLER MENDELSON

12

13                                 By _____
                                      Douglas A. Wickham
14                                    Attorneys for Defendant
                                      Carter Bryant
15

16 DATED: December __, 2004        O'MELVENY & MEYERS, LLP

17

18                                 By _____
                                      Diana M. Torres
                                      Attorneys for Intervenor-Defendant
19                                    MGA Entertainment, Inc.

20

21

22 IT IS SO ORDERED.

23

24 DATED: _____           THE HONORABLE ROBERT N. BLOCK
                                    United States Magistrate Judge
25

26

27

28

07272/625581.2                              -17-

                                                        PROTECTIVE ORDER

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4      IT IS SO STIPULATED.

5

6  DATED: December ___, 2004          QUINN EMANUEL URQUHART
                                       OLIVER & HEDGES, LLP
7

8                                      By_____
9                                         Jon Corey
                                          Attorneys for Plaintiff
10                                        Mattel, Inc.

11 DATED: December ___, 2004          LITTLER MENDELSON
12

13                                     By_____
                                          Douglas A. Wickham
14                                        Attorneys for Defendant
                                          Carter Bryant
15

16 DATED: December ___, 2004          O'MELVENY & MEYERS, LLP
17
                                       By_____
18                                        Diana M. Torres
                                          Attorneys for Intervenor-Defendant
19                                        MGA Entertainment, Inc.

20

21

22     IT IS SO ORDERED.

23

24 DATED: _____        _____
                                       THE HONORABLE ROBERT N. BLOCK
25                                        United States Magistrate Judge

26

27

28

07272/625581.2                         -17-
                                                            PROTECTIVE ORDER

## EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant*, Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

07272/625581.2

PROTECTIVE ORDER