MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>**MGA PARTIES' QUALIFIED OPPOSITION TO MATTEL'S EX PARTE APPLICATION FOR (1) RELIEF FROM THE TWENTY-DAY REQUIREMENT OF LOCAL RULE 7-3; AND (2) FOR EXPEDITED HEARING DATE OF AUGUST 17, 2009**<br><br>Hearing Date: TBD<br>Time:              TBD<br>Place:            TBD<br><br>**Phase 2**<br>Discovery Cutoff: Dec. 11, 2009<br>Pretrial Conf.:       Mar. 1, 2010<br>Trial:                    Mar. 23, 2010 |

## QUALIFIED OPPOSITION TO EX PARTE APPLICATION

Plaintiff and Counter-Defendant MGA Entertainment, Inc., as well as Counter-Defendants Isaac Larian, MGAE de Mexico S.R.L. de C.V., and MGA Entertainment (HK) Ltd. (collectively, "MGA Parties") hereby submit this Qualified Opposition to Mattel's Ex Parte Application for (1) Relief from the Twenty-Day Requirement of Local Rule 7-3; and (2) For Expedited Hearing Date of August 17, 2009 ("App.").

1. Mattel filed on July 27, 2009 a motion for a trial continuance of the Phase 2 Proceedings entitled "Motion to Modify Scheduling Order" ("Motion" or "Mot."). Mattel noticed the Motion for hearing on September 14, 2009. The trial is not scheduled to commence until March 23, 2010. The MGA Parties intend to fully oppose this motion for trial continuance and to extend all other dates in the case. The MGA Parties are prepared to meet the existing trial schedule of the case. Opposing the motion properly will involve not only pointing out the extremely disfavored nature of trial continuances (especially eight months away from the trial date), but also fairly apprising the Court of the full scope and extent of activity already conducted and what remains to be done. This will take some time, as the factual record is lengthy and detailed.

2. The MGA Parties do not object to advancing the hearing on the Motion from September 14 to August 31, 2009. This date was available for the hearing when Mattel first raised this matter in meet and confer. It is also the first date available after expiration of the twenty-day hold under Local Rule 7-3. The MGA Parties suggested during meet and confer that August 31 be the date set for the Motion. Despite repeated requests, Mattel never explained why it was so important that the Motion be heard two weeks sooner on August 17.

3. Lead counsel for the MGA Parties, Annette Hurst, is not available on August 24. As lead counsel, Ms. Hurst's presence is required for argument on the Motion since it concerns the trial schedule in this action. August 24 is the first day

1  of kindergarten for Ms. Hurst's twins, necessitating her presence at home in San

2  Francisco that day. Ms. Hurst first apprised counsel for Mattel and Discovery

3  Master O'Brien of her unavailability on August 24 at the July 8 Hearing before the

4  Discovery Master, and all agreed at that time that no hearings would be set upon

5  that date. The MGA Parties respectfully request that the hearing on the Motion not

6  be set on August 24.[1]

7      4.    The difference between the August 17 date requested by Mattel and

8  the August 31 date suggested by the MGA Parties is not material to the requested

9  relief, which concerns events occurring months in the future. The first deadline

10  sought to be extended by the Motion is the December 11 discovery cutoff.

11      5.    On the other hand, the additional time will make a difference to

12  MGA's counsel. Orrick took over this case in the first week of July during the

13  height of summer vacation season. In the last four weeks we have opposed six

14  motions, responded to numerous meet and confer requests, filed or argued four

15  motions, filed an opening brief on appeal, spent hundreds of hours preparing for an

16  *in camera* privilege review by Discovery Master O'Brien (re-reviewing numerous

17  privilege determinations made by predecessor counsel), responded to discovery

18  propounded by Mattel, and drafted discovery ourselves, all the while attending to

19  the transfer of voluminous files and getting up to speed on the details of this case.

20  During this period, nearly half of our team has been on vacation on most days. We

21  would like the additional time to prepare a complete opposition, which would have

22  been the time allotted to us by Local Rule 7-3 anyway.

23      6.    I explained to counsel for Mattel that in light of our vacation

24  schedules, the history of the case and the nature of the motion, we required

25  additional time to fairly prepare the opposition. In that vein, since Orrick has come

26  into the case, counsel for Mattel has requested scheduling accommodations on three

---

[1] In light of this family commitment, Mattel's assertion that MGA "claims" it is not available on that date (App. at 3. n.1) and its corresponding implication either that this is untruthful or an insufficient excuse for unavailability is patently offensive.

1  occasions. In each instance we have granted them.

2      7.    The assertion in Mattel's Application that MGA Mexico and MGA
3  Canada have not produced any documents is misleading. MGAE has previously
4  collected and produced documents from both of those entities in response to earlier
5  requests, since Mattel defined "MGA" to include those entities in prior requests.

6      8.    MGA's so-called "thirteen new" affirmative defenses generally
7  concern matters that are well known to Mattel and should have been no surprise.
8  These defenses undoubtedly were anticipated by Mattel when it sought leave to file
9  its Third Amended and Supplemental Counterclaim and represented to this Court
10 that the amendment would not materially alter the scope of the case. Still, in order
11 to prepare proper interrogatory responses listing the witnesses and documents as
12 requested by Mattel, and in light of the foregoing considerations including vacation
13 schedules and the ongoing file transfer process, we gave a date certain for service of
14 those answers at the end of August, with a representation that we would do it
15 sooner if possible. Providing these answers at the end of August leaves more than
16 three months to conduct depositions prior to the discovery cutoff.

Dated: July 28, 2009

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:    */s/ Annette L. Hurst*
           Annette L. Hurst
           Attorneys for MGA Parties