QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>        Defendant,<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>NOTICE OF SUBPOENA ISSUED TO OMNINET CAPITAL, LLC |

Case 2:04-cv-09049-SGL-RNB Document 4772-10 Filed 02/04/2009 Page 54 of 82
Case 2:04-cv-09049-DOC-RNB Document 6072-13 Filed 07/29/09 Page 2 of 30 Page ID
#:202617

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

3  <u>Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibits 1

4  requesting the production of specified documents to the following witness:

5  OmniNet Capital, LLC, 9420 Wilshire Blvd. Suite 400, Beverly Hills, CA

6  90212.

7

8  DATED: January 9, 2009            QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
9

10                                    By /s/ Jon D. Corey
11                                       Jon D. Corey
                                         Attorneys for Mattel, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit L - Page 565

**Exhibit 1**

Exhibit L - Page 566

Case 2:04-cv-09049-SGL-RNB Document 4727-10 Filed 02/04/2009 Page 56 of 82
Case 2:04-cv-09049-DOC-RNB Document 6072-13 Filed 07/29/09 Page 4 of 30 Page ID
#:202619

✎ AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

<table>
<tr><td>CENTRAL</td><td>CALIFORNIA</td></tr>
</table>

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

## SUBPOENA IN A CIVIL CASE

Case Number: [1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: OmniNet Capital, LLC
9420 Wilshire Blvd. Suite 400
Beverly Hills, CA 90212

[ ] **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ] **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

[ ] **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff Mattel, Inc. | January 9, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

**Exhibit L - Page 567**

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit L - Page 568

## ATTACHMENT A

1.     All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.     All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3.     All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, since January 1, 2007.

4.     Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of OmniNet Capital, LLC since January 1, 2005 and (b) the dates of such person's affiliation with OmniNet Capital, LLC.

5.     All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and OmniNet Capital, LLC, if any.

6.     All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Vision Capital, LLC, if any.

7.     All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Lexington Financial, LLC, if any.

8.     All documents detailing or setting forth the relationship between OmniNet Capital, LLC and MGA Entertainment, Inc., if any.

9.     All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Isaac Larian or his family members, if any.

10.     All documents referring or relating to the source of funding for Lexington Financial, LLC.

11.     All documents referring or relating to the source of funding for Omni 808 Investors, LLC.

12.     All documents referring or relating to the source of funding for Vision Capital, LLC.

1

Exhibit L - Page 569

Case 2:04-cv-09049-SGL-RNB    Document 4727-10    Filed 02/04/2009    Page 59 of 82
Case 2:04-cv-09049-DOC-RNB    Document 6072-13    Filed 07/29/09    Page 7 of 30    Page ID
#:202622

13.    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by OmniNet Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

14.    All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

15.    All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

2

Exhibit L - Page 570

# EXHIBIT 1

Exhibit L - Page 571

**06-7090318014**
**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

10214830002   UCC 1 F1L1NG

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] [ADDITIONAL FEE] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State

MNI6768Y45-3

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

Exhibit L - Page 572

10214838002

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

    (i)    all Accounts;

    (ii)    all Inventory;

    (iii)    all Documents relating to Inventory;

    (iv)    all books and records pertaining to any property described in this definition;

    (v)    all Supporting Obligations pertaining to any property described in this definition; and

    (vi)    to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

A - 1

Exhibit L - Page 573

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

P4-0000-058-2

**CL@S**

INFORMATION SERVICES

WWW.CLASINFO.COM
7506 HENLEY WAY, SUITE 350
SACRAMENTO, CA 95835
TEL: 916.564.2888 / 800.952.5696
FAX: 916.564.2900

Account Number  1036AM(RW)

08-71714105

09/09/2008 16:03

FILED
CALIFORNIA
SECRETARY OF STATE

SOS

18335890003  UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| | |
|---|---|
| **1a. INITIAL FINANCING STATEMENT FILE #** 06-7090318014 | 10/30/06 |

**1b. This FINANCING STATEMENT AMENDMENT** is to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ **CHANGE name and/or address:** Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.  ☐ **DELETE name:** Give record name to be deleted in item 6a or 6b.  ☐ **ADD name:** Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| OR | **6a. ORGANIZATION'S NAME** | | | |
|---|---|---|---|---|
| | **6b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| OR | **7a. ORGANIZATION'S NAME** OMNI 808 Investors LLC, as Agent | | | |
|---|---|---|---|---|
| | **7b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

| **7c. MAILING ADDRESS** 9420 Wilshire Blvd., Suite 400 | CITY Beverly Hills | STATE CA | POSTAL CODE 90212 | COUNTRY USA |
|---|---|---|---|---|
| **7d. TAX ID #: SSN OR EIN** | **ADD'L INFO RE ORGANIZATION DEBTOR** | **7e. TYPE OF ORGANIZATION** Limited Liability Company | **7f. JURISDICTION OF ORGANIZATION** California | **7g. ORGANIZATIONAL ID #, if any** ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ delete or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| OR | **9a. ORGANIZATION'S NAME** Wachovia Bank, National Association, as Agent | | | |
|---|---|---|---|---|
| | **9b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |

| **10. OPTIONAL FILER REFERENCE DATA** Debtor: MGA Entertainment Inc. | CA-SOS |
|---|---|

**FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)**

A/72646923.1/3001762-0000308275

Exhibit L - Page 574

06-7090318135

10/30/2006 16:46

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

10214840002 UCC 1 FILING

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA

File with California Secretary of State            MA16768PY5-5

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/315438

**Exhibit L - Page 575**

1021484 0002

**Exhibit A**

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

Exhibit L - Page 576

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit L - Page 577

1021 4840002

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

Exhibit L - Page 578

## UCC FINANCING STATEMENT AMENDMENT

**07-71137423**
**05/14/2007 11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

12649850004  UCC 3 FILING

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 filed 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.
☐ DELETE name: Give record name to be deleted in item 6a or 6b.
☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 7d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME  Wachovia Bank, National Association, as Agent | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.    69264885D    JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Gardner 19513/315438

**Exhibit L - Page 579**

1264965004

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)      all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)      all payments due or to become due to Debtor in respect of any of the foregoing;

(c)      all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)      all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)      all certificates and instruments representing or evidencing any of the foregoing;

(f)      all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)      all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

Exhibit L - Page 580

Case 2:04-cv-09049-SGL-RNB Document 6072-13 Filed 07/28/09 Page 18 of 30 Page ID
#:202633
Case 2:04-cv-09049-SGL-RNB Document 4477-10 Filed 02/04/2009 Page 70 of 82

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit L - Page 581

1254965B004

## SCHEDULE 1

### MGA Entertainment Inc
#### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

LEGAL02/30236856v2

Exhibit L - Page 582

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**08-71714106**
**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

P6-0000-058-2

CL@S
INFORMATION SERVICES
WWW.CLASINFO.COM
9050 HURLEY WAY, SUITE 550
SACRAMENTO, CA 95535
TEL:916.364.7000 / 800.932.3496
FAX:916.564.7900

account number ____1036AM|RW____

18335690004   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

OR | 6a. ORGANIZATION'S NAME

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

OR | 7a. ORGANIZATION'S NAME
**OMNI 808 Investors LLC, as Agent**

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

OR | 9a. ORGANIZATION'S NAME
**Wachovia Bank, National Association, as Agent**

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. **OPTIONAL FILER REFERENCE DATA**
**Debtor: MGA Entertainment Inc.**

CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

**Exhibit L - Page 583**

**06-7090317861**
**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

10214810002    UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 20-0998523 | | Corporation | California | CA C2643976 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

**4.** This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the
limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and
(c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 | |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State          MN107108845-1

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

**Exhibit L - Page 584**

1021481Ø0Ø2

<u>Exhibit A</u>

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)      all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)      all payments due or to become due to Debtor in respect of any of the foregoing;

(d)      all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)      all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)      all certificates and instruments representing or evidencing any of the foregoing;

(g)      all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)      all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

A - 1

LEGAL02/30133146v1

Exhibit L - Page 585

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit L - Page 586

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (If any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

Exhibit L - Page 587

**FILING OFFICER STATEMENT**

**INTERNAL USE ONLY**

1 .Identification of the Record to which this **FILING OFFICER STATEMENT** relates.

　　1a. INITIAL FINANCING STATEMENT #: 067090317861

　　1b. RECORD TO WHICH THIS STATEMENT RELATES:

**DOCUMENT NUMBER:** 10268190001
**FILING NUMBER:** 0670908369
**FILE DATE/TIME:** 11/3/2006 1:34:00 PM

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2. Describe the inaccuracy or mistake on the part of the file office:

☒ Debtor　　☐ Secured Party
☐ Name and Address not indexed.
☒ Name indexed incorrectly
☐ Address indexed incorrectly

☐ File Date entered incorrectly
☐ Wrong Action type entered
☐ Wrong Filing Type entered
☐ Filed in Error
☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

☐ Added Name:
☐ Address:
☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
☒ To: MGA ENTERTAINMENT (MEXICO), INC.
☐ Corrected Address from:
☐ To:
☐ Corrected File Date from　　　　to
☐ Re-entered the UCC3　　　as a
☐ Changed the Filing Type from　　　to
☐ Document Deleted
☐ Other:

4. Additional Explanation (if applicable):

11/03/2006 13:34

1

Exhibit L - Page 588

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**07-71137422**

**05/14/2007 11:35**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12049650003   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is |
|---|---|
| 06-7090317861 filed 10/30/06 | to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. TAX ID #: SSN OR EIN | ADDL INFO RE: ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. **OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.   0926488 SO
JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner 19513/315438

Exhibit L - Page 589

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

A - 1

Exhibit L - Page 590

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit L - Page 591

SCHEDULE 1

MGA Entertainment (Mexico), Inc.
Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

LEGAL02/30237046v2

Exhibit L - Page 592

08-71714107
09/09/2008 16:03

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

18335690005   UCC 3 FILING

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

P6-0003-USA-2

CL@S
INFORMATION SERVICES

WWW.CLASINFO.COM
2620 BULLET WAY, SUITE 350
SACRAMENTO, CA 95833
TEL•916.564.7886 / 800.423.1679
FAX•916.564.7829

errand number 1036 AM RW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090317861 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS. |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| OR | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION

| OR | 7a. ORGANIZATION'S NAME   OMNI 808 Investors LLC, as Agent | | | | |
|---|---|---|---|---|---|
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 7c. MAILING ADDRESS   9420 Wilshire Blvd., Suite 400 | CITY   Beverly Hills | STATE   CA | POSTAL CODE   90212 | COUNTRY   USA |
|---|---|---|---|---|

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION   Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION   California | 7g. ORGANIZATIONAL ID #, if any   ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| OR | 9a. ORGANIZATION'S NAME   Wachovia Bank, National Association, as Agent | | | |
|---|---|---|---|---|
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Debtor: MGA Entertainment (Mexico), Inc.

CA-SOS

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

Exhibit L - Page 593