# BINGHAM

Peter N. Villar
Direct Phone: 714.830.0640
Direct Fax: 714.830.0719
peter.villar@bingham.com

July 27, 2009

**Via Email and Facsimile**

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re: **Mattel, Inc. v. MGA Entertainment, et al.**

Dear Mr. Zeller:

This shall respond to your email sent last Friday night, July 24, in response to my letter earlier that same day regarding your then threatened, now actual, motion to compel regarding Omni's and Vision Capital's document productions.

First, contrary to your assertion, my July 24 letter was not sent because I had received your "notice of manual filing on the motion." As you know, I have spent a considerable amount of time over the past two weeks trying to resolve each of the purported issues you have raised regarding our clients' document productions including, without limitation, reviewing the more than 10,000 pages of documents produced by our clients and sending you multiple letters demonstrating our clients' full compliance with their discovery obligations. My last July 24 letter was sent in response to your letter sent about three hours earlier that afternoon threatening to file a motion despite that fact that I told you we were in the process of trying to resolve the single remaining issue concerning your request for additional "funding source" documents.

Further, contrary to your repeated assertions, we have produced multiple documents reflecting and relating to the source of funding for the Wachovia debt acquisition including, without limitation, the Omni 808 Investors, LLC Limited Liability Agreement and the Amendment to the Omni 808 Investors, LLC Limited Liability Agreement, which identify each of the members of Omni and the specific amount of each of their investments. Additionally, we have produced all documents reflecting or relating to IGWT's loans to Omni. During our initial and supplemental inspections, we did not locate copies of any wire transfers or checks, but I told you we would conduct a further inspection to try to "determine whether such documents are in our clients' possession, custody or control," in order to avoid another discovery dispute. Rather than give us an opportunity to do so, you deemed us in default of your unilateral and arbitrary motion deadline and proceeded to file your motion.

Finally, with respect to your inquiry whether our clients have withheld any documents that they agreed to produce or were ordered to produce on the basis that the documents relate to a non-party over whom the Court has not been shown to have jurisdiction, during our telephone conversation I told you, and you conceded, that our clients have

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/73103658.1

Michael T. Zeller, Esq.
July 27, 2009
Page 2

never asserted any objection on that ground and that I was not aware of ever withholding documents on such a basis in any event.[1] Indeed, following our conversation, you sent a letter dated July 21 to MGA's counsel providing examples in which the MGA parties allegedly objected on "ostensible jurisdictional grounds to Mattel's written discovery requests," but no examples of any instances in which our clients made any such objections. Therefore, there is no controversy pertaining to our clients and no basis for your motion.

Accordingly, we again request that you withdraw your motion.

Sincerely,

Peter N. Villar

cc:   Todd Gordinier
      Annette Hurst
      Jason Russell

---

[1] As I explained, and you acknowledged, this does not include the jurisdictional issues raised in Discovery Master Order No. 27 with respect to the Bingham subpoena which have been remanded for further consideration. We contend that the Discovery Master's analysis with respect to the Bingham subpoena, including the Discovery Master's analysis regarding any documents Bingham may have received from its client, Lexington Financial Limited in connection with the subpoena, is consistent with well-established law.