```
 1 │ QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   │   John B. Quinn (Bar No. 90378)
 2 │   (johnquinn@quinnemanuel.com)
   │   Michael T. Zeller (Bar No. 196417)
 3 │   (michaelzeller@quinnemanuel.com)
   │   Jon D. Corey (Bar No. 185066)
 4 │   (joncorey@quinnemanuel.com)
   │ 865 South Figueroa Street, 10th Floor
 5 │ Los Angeles, California 90017-2543
   │ Telephone: (213) 443-3000
 6 │ Facsimile: (213) 443-3100
 7 │ Attorneys for Mattel, Inc.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant,<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>[CORRECTED] NOTICE OF SUBPOENA ISSUED TO VISION CAPITAL, LLC |
|---|---|

1-15-09

Exhibit V - Page 733

NOTICE OF SUBPOENA

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1 requesting the production of specified documents to the following witness:

Vision Capital, LLC, 800 Delaware Avenue, Wilmington, DE 19801.

DATED: January 15, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Jon D. Corey
    Jon D. Corey
    Attorneys for Mattel, Inc.

Exhibit V - Page 734
-2-
NOTICE OF SUBPOENA

**Exhibit 1**

Exhibit V - Page 735

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

District of      Delaware

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C.D.Cal. CV 04-9049 SGL(RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Vision Capital, LLC
800 Delaware Avenue
Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| National Legal Process Servers, Inc. Attn: Kim Ryan<br>2008 Pennsylvania Ave., Ste. 207<br>Wilmington, DE 19806 | January 29, 2009<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /SH<br>Attorney for Plaintiff, Mattel, Inc. | January 13, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit V - Page 736

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 1/13/2009 | Time: 2:22 PM at Delaware Corporations, LLC, 800 Delaware Avenue, 10th Floor, Wilmington, DE 19801 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Vision Capital, LLC | | Accepted by Susan Yeatman, Managing Agent |
| SERVED BY (PRINT NAME) | | TITLE |
| Daniel Newcomb | | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    1/14/2009
                    DATE

SIGNATURE OF SERVER

2000 Pennsylvania Ave. # 207
ADDRESS OF SERVER

Wilmington, DE 19806

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit V - Page 737

## ATTACHMENT A

1. All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2. All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3. All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

4. All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, since January 1, 2007.

5. Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Vision Capital, LLC and (b) the dates of such person's affiliation with Vision Capital, LLC.

6. All documents referring or relating to the formation and governance of Vision Capital, LLC.

7. All documents detailing or setting forth the relationship between Vision Capital, LLC and OmniNet Capital, LLC, if any.

8. All documents detailing or setting forth the relationship between Vision Capital, LLC and Omni 808 Investors, LLC, if any.

9. All documents detailing or setting forth the relationship between Vision Capital, LLC and Lexington Financial, LLC, if any.

10. All documents detailing or setting forth the relationship between Vision Capital, LLC and MGA Entertainment, Inc., if any.

11. All documents detailing or setting forth the relationship between Vision Capital, LLC and Isaac Larian or his family members, if any.

12. All documents referring or relating to the source of funding or credit for Lexington Financial, LLC.

13. All documents referring or relating to the source of funding or credit for Omni 808 Investors, LLC.

14. All documents referring or relating to the source of funding or credit for MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

15. All documents referring or relating to all contributions, loans and any sources of funding for Vision Capital, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

16. All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, LLC, Lexington Financial, LLC or any subsidiary or affiliate of the foregoing, or to Isaac Larian or his family members.

17. All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Vision Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

18. Any and all records that substantiate transfers of assets by Vision Capital, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

19. All communications referring or relating to Omni 808 Investors, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

20. All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest(s) allegedly reflected therein.

# EXHIBIT 1

Exhibit V - Page 740

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
FRED MASHIAN
3102747501

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230830002
FILING NUMBER: 06-7170410109
FILING DATE: 08/29/2006 14:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

**1a. ORGANIZATION'S NAME:** VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1525 SOUTH BROADWAY | LOS ANGELES | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | LLC | DE | 4589296 — NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

**2a. ORGANIZATION'S NAME**

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any — NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

**3a. ORGANIZATION'S NAME:** LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 33-35 DAWS LANE | LONDON | | NW7 4SD | UK |

**4. This FINANCING STATEMENT covers the following collateral:**
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200833610026.

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

☐ **6.** This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]

**7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY

Exhibit V - Page 741

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Cross-Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>PROOF OF SERVICE<br><br>Date: TBA<br>Time: TBA<br>Place: TBA |

Exhibit V - Page 742

07209/2736943.1

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On January 15, 2009, I served true copies of the following document(s) described as:

**[Corrected] Notice of Subpoena Issued to Vision Capital, LLC**

on interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

[ X ] **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ] **BY FACSIMILE:** On January 15, 2009, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (213) 443-3100. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2009, at Los Angeles, California.

Lupe Espinoza

quinn emanuel

Exhibit V - Page 743

# SERVICE LIST

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
Overland Borenstein Scheper & Kim LLP
601 W. 5th St., 12th Floor
Los Angeles, CA 90017
*Attorneys for Carlos Gustavo Machado Gomez*

Peter Bonis, Esq.
Peter H. Bonis Law Offices
1990 N. California Blvd., 8th Floor
Walnut Creek, CA 94596
*Attorney for Carter Bryant*

Exhibit V - Page 744

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
 John B. Quinn (Bar No. 090378)
 (johnquinn@quinnemanuel.com)
 Michael T. Zeller (Bar No. 196417)
 (michaelzeller@quinnemanuel.com)
 Jon D. Corey (Bar No. 185066)
 (joncorey@quinnemanuel.com)
 Timothy L. Alger (Bar No. 160303)
 (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Cross-
Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**PROOF OF SERVICE**<br><br>Date: TBA<br>Time: TBA<br>Place: TBA |

Exhibit V - Page 745

PROOF OF SERVICE

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I am employed in the County of Los Angeles, State of California. I am over |
| 3 | the age of eighteen years and not a party to the within action; my business address is |
| 4 | 865 South Figueroa St., 10th Floor, Los Angeles, CA 90017. |
| 5 | On January 15, 2009, I served true copies of the following documents |
| 6 | described as: |
| 7 | **[Corrected] Notice of Subpoena Issued to Vision Capital, LLC** |
| 8 9 | on the parties in this action as follows: |
| 10 11 | SEE ATTACHED SERVICE LIST |
| 12 13 | [√]   **[PERSONAL]** by personally delivering the documents listed below to the person(s) at the address(es) set forth above. |
| 14 15 | I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |
| 16 | Executed on January 15, 2009, at Los Angeles, California. |
| 17 18 | _____<br>David Quintana |

Exhibit V - Page 746

PROOF OF SERVICE

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | Thomas J. Nolan, Esq. |
| | Jason Russell, Esq. |
| 3 | Skadden, Arps, Slate, Meagher & Flom LLP |
| | 300 South Grand Ave., Ste. 3400 |
| 4 | Los Angeles, CA 90071 |
| | *Attorneys for the MGA Parties* |
| 5 | |
| 6 | |
| | Patricia L. Glaser, Esq. |
| 7 | Glaser Weil Fink Jacobs & Shapiro LLP |
| | 10250 Constellation Blvd., 19th floor |
| 8 | Los Angeles, CA 90067 |
| | *Attorneys for the MGA Parties* |
| 9 | |
| 10 | |
| | Russell J. Frackman, Esq. |
| 11 | Mitchell Silberberg & Knupp LLP |
| | 11377 W. Olympic Blvd. |
| 12 | Los Angeles, CA 90064 |
| | *Attorneys for the MGA Parties* |

Exhibit V - Page 747