1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148008)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105-2669
6  Telephone: +1-415-773-5700
   Facsimile: +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017
10 Telephone: +1-213-629-2020
   Facsimile: +1-213-612-2499
11
   Attorneys for MGA Parties
12

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15                          EASTERN DIVISION

16 | CARTER BRYANT, an individual,         | Case No. CV 04-9049-SGL (RNBx)
17 |          Plaintiff,                    | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727
18 |    v.                                  | **DISCOVERY MATTER**
19 | MATTEL, INC., a Delaware corporation,  | [To Be Heard by Discovery Master Robert O'Brien]
20 |          Defendant.                    | **MGA'S NOTICE OF MOTION AND MOTION TO COMPEL DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION NOS. 530 AND 531 OF MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
22 | AND CONSOLIDATED ACTIONS               |
                                              Date:       TBD
                                              Time:       TBD
                                              Courtroom:  TBD
                                              **Phase 2**
                                              Discovery Cutoff:   December 11, 2009
                                              Pretrial Conference: March 1, 2010
                                              Trial Date:  March 23, 2010

**Public Version**

# NOTICE OF MOTION AND MOTION TO COMPEL DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION NOS. 530 AND 531 OF MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, at a hearing before Discovery Master Robert C. O'Brien that will occur on a date and at a time to be determined by the Discovery Master, MGA Entertainment, Inc. ("MGA") will, and hereby does, move to:

(1) compel Mattel, Inc. ("Mattel") to provide all non-privileged documents responsive to Request Nos. 530 and 531 in MGA' Fifth Set of Requests for Production propounded on Mattel dated August 3, 2007; and

(2) award monetary sanctions against Mattel in the amount of $5,000, which represents a portion of the costs incurred by MGA in bringing this Motion.

This Motion is made pursuant to Federal Rules of Civil Procedure 33, 34, and 37 and the Order appointing the Discovery Master on the grounds that Mattel has failed to provide all non-privileged documents responsive to these requests.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of William A. Molinski filed concurrently herewith, the records and files of this Court, any argument to be presented upon the hearing of this Motion, and all other matters of which the Court may take judicial notice.

## STATEMENT OF COMPLIANCE

MGA requested a meet and confer with Mattel on Requests Nos. 530 and 531 on July 17, 2009 and July 20, 2009. The parties conducted a meet and confer regarding these Requests on July 20, 2009.

Dated: July 27, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

By: ____/s/ William A. Molinski____
William A. Molinski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Mattel has repeatedly demanded from the MGA Parties that they disclose MGA's payment of legal fees on behalf of former employees or other third party witnesses. Mattel has argued, and the Discovery Master has agreed, that certain information related to the payment of fees is relevant to the issues of bias and prejudice. Mattel, however, has refused to produce to MGA the same information about ***Mattel's*** payment of fees on behalf of ***its*** witnesses.

The MGA Parties seek only a level and fair playing field. To the extent MGA has had to disclose its payment of fees for its current or former employees responsive to requests by Mattel, so should Mattel have to provide such information in response to MGA's requests. Requests No. 530 and 531 are addressed to elicit this information. Mattel should be required to provide documents responsive to these requests to the same extent required by the MGA Parties.

### BACKGROUND

**A.   The Requests.**

On August 3, 2007, MGA propounded its Fifth Set of Request for the Production of Documents and Things in Case No. 05-2727 (the "Fifth Request"). That Fifth Request contained the following two requests:

**Request No. 530:**

> All DOCUMENTS, including but not limited to agreements, draft agreements and correspondence, REFERRING OR RELATING TO the payment or offer of payment of attorneys fees by MATTEL to any PERSON in connection this [sic] ACTION.

**Request No. 531:**

> DOCUMENTS sufficient to show YOUR fee arrangement with YOUR counsel Quinn Emanuel

        Urquhart Oliver & Hedges LLP for services in connection
with this ACTION, including, but no limited to, a copy of
the fee agreement or retainer agreement between YOU
and Quinn Emanuel Urquhart Oliver & Hedges LLP.

Declaration of William A. Molinski ("Molinski Decl.") Ex. A (MGA's Fifth Set of Requests for Production) at pp. 4-13.

### B. Mattel's Responses.

On September 4, 2007, Mattel served responses to these requests, but on January 9, 2008 served Mattel's Corrected Responses to MGA's Fifth Set of Requests for Production (the "Responses"). Molinski Decl. Ex. B (Responses) at pp. 14-22. In its Responses, Mattel purports to agree to produce all responsive non-privileged documents to Request No. 530. The Response, however, is laced with a number of objections, including relevance and privilege, making it difficult to determine what Mattel has agreed to produce. Moreover, despite its agreement to produce all responsive, non-privileged documents, as will be explained below, it is clear that Mattel has not done so.

Mattel only asserts objections to Request No. 531 with no indication that any responsive documents will be produced. *Id.* at p. 20.

### C. The Meet And Confer.

On July 13, 2009, Mattel's counsel asked the MGA Parties counsel to meet and confer over requests made by Mattel that Mattel claimed called for the production of documents related to the MGA Parties' payment of fees to certain current and former MGA employees.[1] Molinski Decl., Ex. C (July 13, 2009 Letter from Scott Watson) at pp. 23-24. The MGA Parties agreed to meet, but requested that any meeting include MGA's request for documents evidencing Mattel's payment of fees on behalf of its current or former employees or other third party

---

[1] As will be described in MGA's opposition to the Motion to Compel filed by Mattel on this issue, Mattel's requests are not worded to require the production of documents related to the payment of legal fees on behalf of these employees.

witnesses.  *Id.*, Ex. D (July 17, 2009 email from William Molinski) at p. 25.
Mattel's counsel responded that they would meet on this issue if MGA properly
notified Mattel of the requests at issue.  *Id.*, Ex. E (July 19, 2009 email from Scott
Watson) at p. 26.  On July 20, 2009, MGA's counsel notified Mattel's counsel that
Request Nos. 530 and 531 were the requests at issue, and on July 20, 2009, counsel
for the parties met and conferred over these requests.  Molinski Decl. ¶¶ 7-8, Ex. F
(July 20, 2009 email from William Molinski) at p. 27.

   During the meet and confer, the MGA Parties asked that Mattel confirm that
all documents be produced reflecting payment of fees by Mattel on behalf of any
current or former Mattel employees or other third parties as requested in Request
No. 530.  Mattel indicated that they would only agree to do so as part of a broader
agreement between MGA and Mattel on this issue.  The parties have been unable to
reach any such broader agreement.  With respect to Request No. 531, Mattel's
counsel said Mattel would not agree to produce any documents responsive to this
request.  Molinski Decl. ¶ 8.

### D. Mattel's Request For Information Related To MGA's Payment Of Fees.

While refusing to produce all documents evidencing Mattel's payment of
third party attorneys' fees, Mattel has demanded that MGA do so.  Specifically,
Mattel propounded the following interrogatories on MGA:

**Interrogatory No. 68:**

To the extent not disclosed in response to prior Interrogatories,
IDENTIFY fully and separately each and every payment of money or
other item of value that MGA has made, or any promise, agreement,
proposal or offer by MGA to pay money or give any item of value, to
or on behalf of any of the FORMER MATTEL EMPLOYEES,
including without limitation with respect to legal fees incurred by or
on behalf of any of the FORMER MATTEL EMPLOYEES.

**Interrogatory No. 69:**

To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully and separately each and every payment of money or other item of value that YOU have made, or any promise, agreement, proposal or offer by YOU to pay money or give any item of value, since January 1, 1998 to or on behalf of any PERSON who has been employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON while an MGA employee), including without limitation with respect to legal fees incurred by or on behalf of such PERSON and bonuses paid to such PERSON.

Molinski Decl. Ex. G (MGA's Supplemental Responses to Interrogatories Nos. 68 and 69) at pp. 28-46. MGA was ordered to respond to these interrogatories and has supplied detailed information concerning MGA's payment of legal fees on behalf of current and former employees of MGA. Included in MGA's responses is (i) the name of the firm to whom payment was made, (ii) the employee on whose behalf fees were being paid, (iii) the dates of payment and (iv) the amount paid. Molinski Decl. Ex. G (MGA's Supplemental Responses to Interrogatories Nos. 68 and 69) at pp. 28-46.

Mattel also propounded the following document request on MGA:

**Request For Production No. 75:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Machado, whether directly or indirectly, BY YOU.

Molinski Decl. Ex. H (Mattel's First Set of Requests for Production Re Unfair Competition) at p. 60. Mattel propounded the same request related to four other MGA employees. *Id.* (Requests Nos. 85, 95 105 and 115) at pp. 61-64. Mattel has taken the position that, in response to their requests, MGA is required to provide all

documents related to MGA's payment of legal fees on behalf of these witnesses.[2] *See* Mattel's Motion To Enforce Prior Orders And To Compel Re Interrogatory Nos. 68 and 69 and Requests for Production 75, 85, 95, 105 and 115 of Mattel's First Set of Requests Re Unfair Competition, Docket No. 5996.

### E. The Discovery Master's And Court's Rulings.

At least four rulings in this case have addressed the discoverability of a party's payment and fees on behalf of a witness.

On May 15, 2007, in addressing fee arrangements between MGA and Carter Bryant, the Discovery Master found that "fee or indemnity agreements are relevant to demonstrate bias and lack of credibility." Molinski Decl. Ex. I (May 15, 2007 Discovery Master Order) at p. 76.

On June 27, 2007, the Court, in ruling upon the Discovery Master's Order regarding the payment of Carter Bryant's fees, found that "consistent with federal privilege law, fees payment arrangements are relevant to credibility and bias, and if asked in discovery, Bryant must disclose who is paying his legal fees." Molinski Decl. Ex. J (June 27, 2007 Court Order) at p. 101.

Then, on March 31, 2009, in the Discovery Master's Amended Order No. 11, the Discovery Master noted that "a payment to a potential witness could be relevant to the issue of bias, and, therefore, discoverable. . . . " Molinski Decl. Ex. K (March 31, 2009 Discovery Master's Amended Order No. 11) at p. 127, lines 7-8. The Discovery Master ordered that, in response to Interrogatories Nos. 68 and 69, the MGA Parties identify payments made on behalf of any former employees of Mattel, excluding ordinary salary and benefits paid to such person while an MGA employee. The Discovery Master noted, however, that he was not resolving the

---

[2] As MGA will explain in its opposition to Mattel's motion to compel further responses to these document requests, the request as worded does not request payments made on behalf of these employees; only payments made to them. This stands in contrast to Mattel's interrogatories nos. 68 and 69, which did ask for payments *on behalf of* these employees, including legal fees, which MGA provided.

1  issue of whether this would obligate MGA to identify "legal fees" paid on behalf of
2  such employees. *Id.*, p. 128, fn. 21. Nonetheless, as noted above, MGA provided
3  detailed information related to the payment of legal fees on behalf of various
4  witnesses. Molinski Decl. Ex. G (MGA's Supplemental Responses to
5  Interrogatories Nos. 68 and 69) at pp. 28-46.

6  Finally, on May 6, 2009, in the Discovery Master's Order No. 27, when
7  ruling on Mattel's request for documents relating to fee arrangements between
8  Bingham and certain third parties, ruled that:



[Lines 1–21: redacted]

Molinski Decl. Ex. L (May 6, 2009 Discovery Master's Order No. 27) at pp. 165-166. By this Motion, MGA seeks only that Mattel provide the same information related to Mattel's payment of fees that MGA is obligated to produce.

# ARGUMENT

## I. MATTEL SHOULD BE COMPELLED TO PRODUCE ALL DOCUMENTS RESPONSIVE TO REQUEST NO. 530 AND TO SPECIFICALLY IDENTIFY ANY DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS.

While Mattel feigns an intent to produce responsive documents to Request No. 530, it also asserts a number of objections that its agreement to provide documents are subject to. Moreover, because of the overlap between privileged and non-privileged documents concerning the payment of fees on behalf of a witness, it is not clear whether Mattel has in fact produced any documents or whether it has asserted a privilege over all such documents. The MGA Parties are not aware of any records reflecting Mattel's payment of fees on behalf of any individual or witness.

Moreover, it is clear that Mattel has not produced all responsive documents. First, the requests as worded would have called for the production of documents reflecting Mattel's payment of fees to Quinn Emanuel, and while the parties can argue over whether any such documents should be produced, as discussed below, it is clear that they were not produced and would contain certain non-privileged information. Thus, despite Mattel's representation, not all responsive, non-privileged documents were produced.

Further, as the Discovery Master is aware, Mattel paid legal fees to the firm Arent Fox LLP for work performed in representing various individuals who had provided services to Mattel related to this action. No documents reflecting the payment of such fees have been produced. Such documents would clearly have been called for by this request.

Based on the above-described rulings, Mattel is obligated to provide, at a minimum, documents reflecting who is paying the legal fees for any Mattel witness, the amounts paid for the services, and the form of payment. *See* Molinski Decl. Ex. L (May 6, 2009 Discovery Master's Order No. 27) at pp. 144-184. MGA has

produced such information in response to Mattel's requests and has provided the name of counsel representing these witnesses as well. To the extent MGA is required to provide any additional information regarding its payment of fees for witnesses, Mattel should, at a minimum, be required to produce the same level of information. Indeed, because Mattel represented that it would produce all responsive, non-privileged documents, Mattel should be obligated to produce all documents referring or relating to its payment of fees for any person or entity except as to that information that the Court determines to be privileged.

## II. MATTEL SHOULD BE COMPELLED TO PRODUCE ALL NON-PRIVILEGED DOCUMENTS RESPONSIVE TO REQUEST NO. 531 AND TO SPECIFICALLY IDENTIFY ANY DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS.

MGA does not expect Mattel to produce all of its invoices for services rendered to Quinn Emanuel on behalf of Mattel. MGA expects much of that information would be privileged. However, to the extent Mattel has paid Quinn Emanuel to represent any non-party witnesses, including current or former employees or other third parties, MGA is entitled to such information. If Quinn Emanuel separately bills Mattel for such services, then documents reflected thereto should be provided. If Quinn Emanuel does not separate its bills to Mattel provided in representing Mattel versus representing other individuals or entities, then redacted versions of its invoices should be produced.

At bottom, however, Mattel should not be allowed to avoid the production of the same information it has sought from MGA simply by using the same law firm to render services for, e.g., former employees, as it uses to represent Mattel. Mattel should be required to produce any non-privileged documents responsive to Request No. 531.

## MATTEL SHOULD BE SANCTIONED

Mattel expressly represented that all non-privileged documents responsive to Request No. 530 would be produced. It is now apparent that this is not true.

1  Further, Mattel's objections to producing documents responsive to Request No. 531
2  are unjustified and obstructionist. Mattel should be sanctioned for forcing MGA to
3  move to compel the very same documents Mattel is demanding from MGA.

## CONCLUSION

5      MGA has repeatedly sought only that it be required to play by the same rules
6  that are applied to Mattel. Having propounded document requests that seek
7  information Mattel – – and the Discovery Master – – has said are relevant, Mattel
8  should be obligated to respond.

9  Dated:   July 29, 2009        ORRICK, HERRINGTON & SUTCLIFFE LLP

11          By:   /s/ William A. Molinski
           William A. Molinski
12             Attorneys for MGA Parties