# EXHIBIT A

DIANA M. TORRES (S.B. #162284)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

DALE M. CENDALI (admitted pro hac vice)
MICHAEL KEATS (admitted pro hac vice)
JOHANNA SCHMITT (admitted pro hac vice)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: dcendali@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Plaintiff
MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant<br><br>CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v.<br>MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br>(Consolidated with CV 04-9059 and CV 05-2727)<br><br>**MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | MGA ENTERTAINMENT, INC. |
| 2 | RESPONDING PARTY: | MATTEL, INC. |
| 3 | SET NO. | FIVE |
| 4 | NOS. | 470 - 531 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on September 4, 2007, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

**DEFINITIONS**

As used in these Requests:

1. "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel v. Bryant, Inc., first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

2. "ACCELERACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "AcceleRacerS."

3.      "ADVERTISEMENT" means a commercial message or advertisement in any medium, including without limitation, television, radio, movies, magazines, newspapers, the Internet, signage, and billboards.

4.      "ASAHI" means Asahi Kasei Life & Living Corporation and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Asahi Kasei Life & Living Corporation and any others acting on Asahi Kasei Life & Living Corporation's behalf, pursuant to its authority or subject to its control.

5.      "BRATZ" means and refers to each image, character, logo, doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress, including, but not limited to, fashion dolls, styling heads, and plush toys.

6.      "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, and any other person acting on his behalf, pursuant to his authority or subject to his control.

7.      "CONTESTED MGA PRODUCTS" means "Bratz" female fashion dolls and their packaging, products in the "Bratz Wintertime Wonderland" theme, products in the "Bratz Formal Funk" theme, products in the "Bratz Sun Kissed Summer" theme, products in the "Bratz Forever Diamondz" theme, "Bratz Petz" plush toys (including "Bratz Dogz") and their packaging, "Bratz Funky Fashion Makeover" heads, "Bratz Formal Funk Super Stylin' Runway Disco" playset and packaging, "4-Ever Best Friends" dolls and packaging, "Mommy's Little" doll line, and "Alien Racers" toy racing vehicles, as identified in Response to

Interrogatory No. 2 of MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition.

8. "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail. Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

9. "COUNTERCLAIM[S]" means the Second Amended Answer and Counterclaims filed by Mattel on July 12, 2007.

10. "DIVA STARZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Diva Starz."

11. "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost

sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conference, by telephone or otherwise. The term DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

    12.   "EARLY LIGHT" means the toy manufacturer Early Light Industrial Company Limited and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Early Light Industrial Company Limited and any others acting on Early Light Industrial Company Limited's behalf, pursuant to its authority or subject to its control.

    13.   "FILO" means L.A.M.P. S.p.A., and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with L.A.M.P. S.p.A.

and any others acting on L.A.M.P. S.p.A.'s behalf, pursuant to its authority or subject to its control.

14. "FISHER-PRICE" means Fisher-Price, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Fisher-Price, Inc. and any others acting on Fisher-Price, Inc.'s behalf, pursuant to Fisher-Price, Inc.'s authority or subject to Fisher-Price, Inc.'s control.

15. "JETTA" means the toy manufacturer Jetta Company Limited, and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Jetta Company Limited and any others acting on Jetta Company Limited's behalf, pursuant to its authority or subject to its control.

16. "KANEKA" means plastics manufacturer Kaneka Corporation, and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Kaneka Corporation and any others acting on Kaneka Corporation's behalf, pursuant to its authority or subject to its control.

17. "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

18. "MATTEL," "YOU," or "YOUR" means defendant MATTEL, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

- 5 -

MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

19. "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

20. "MY SCENE" means and refers to each image, character, logo, doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "MY SCENE."

21. "PERSON[S]" means any or all entities, including but not limited to, any or all individuals, single proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

22. "POLLY POCKET COLOR SURPRISE POLLY" means and refers to each image, character, logo, doll, styling head, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Polly Pocket Color Surprise Polly."

23. "REFERRING OR RELATING TO" should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

| | |
|---|---|
| 1 | 24. "SIMBA TOYS" means Simba Toys GmbH and Company KG, Simba Toys (France), Simba Toys (Hong Kong) Ltd. and/or any of their parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Simba Toys GmbH and Company KG, Simba Toys (France) and/or Simba Toys (Hong Kong) Ltd. |

  24.   "SIMBA TOYS" means Simba Toys GmbH and Company KG, Simba Toys (France), Simba Toys (Hong Kong) Ltd. and/or any of their parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Simba Toys GmbH and Company KG, Simba Toys (France) and/or Simba Toys (Hong Kong) Ltd.

  25.   "SIMBA LITIGATION" means any litigation between SIMBA TOYS and MATTEL, including, but not limited to, (1) the litigation in Germany resulting in a decision by the Bundesgerichtshof (BGH) on or about October 28, 2004; (2) litigation in France resulting in a decision by the Commercial Court of Paris on or about June 28, 2002; and (3) litigation in the United Kingdom before the High Court of Justice, Chancery Division, Patents Court under docket or reference number HC 03 CO 2684 in 2003.

  26.   "UNIVERSAL" means Universal Commerce Corporation Limited and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Universal Commerce Corporation Limited and any others acting on Universal Commerce Corporation Limited's behalf, pursuant to its authority or subject to its control.

  27.   "ZEUS SERVER" means the "Zeus server" as defined in the deposition of MATTEL's 30(b)(6) witness, Julia Marine.

  28.   The singular form includes the plural, and vice versa.

  29.   The terms "any" and "all" are interchangeable.

  30.   The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

- 7 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit A - Page 11

All DOCUMENTS that YOU (including YOUR agents and attorneys) provided to law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any other alleged taking of confidential MATTEL information by MGA or persons currently or formerly employed by MGA.

**REQUEST NO. 529:**

All DOCUMENTS that support the information and belief alleged in paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.

**REQUEST NO. 530:**

All DOCUMENTS, including but not limited to agreements, draft agreements and correspondence, REFERRING OR RELATING TO the payment or offer of payment of attorneys fees by MATTEL to any PERSON in connection this ACTION.

**REQUEST NO. 531:**

DOCUMENTS sufficient to show YOUR fee arrangement with YOUR counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection with this ACTION, including, but not limited to, a copy of the fee agreement or retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges LLP.

Dated: August 3, 2007

O'MELVENY & MYERS LLP

*Melanie Bradley*

Melanie Bradley
Attorneys for MGA Entertainment, Inc.

1704218

- 19 -

MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Exhibit A - Page 12

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, Los Angeles, California 90071-2899.

On August 3, 2007, I caused to be personally served the following documents:

1. **MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727.**

upon counsel named below by placing a true and correct copy thereof in an envelope addressed as follows:

> John Quinn, Esq.
> Michael T. Zeller, Esq.
> QUINN EMANUEL URQUHART
> OLIVER & HEDGES, LLP
> 865 Figueroa Street, 10th Floor
> Los Angeles, California 90017

[x] (By Personal Service) I prepared such envelope to be delivered by hand to the addressee(s) by Nationwide Legal, Inc. Attorney Services, whose address is 316 W. 2nd Street, Suite 705, Los Angeles, California 90012.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x] (Federal) I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on August 3, 2007, at Los Angeles, California.

*Mary C. Layman*
Mary C. Layman

LA2:830924.1

Exhibit A - Page 13