# EXHIBIT B

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  timalger@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and
Counter-Defendant Mattel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL'S CORRECTED RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION<br><br>Hon. Stephen G. Larson |

PROPOUNDING PARTY:    MGA ENTERTAINMENT, INC.

RESPONDING PARTY:    MATTEL, INC.

SET NO.:    FIVE

NOS.    470 - 531

07209/2200584.1

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727 (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1. Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2. Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege. Mattel will not produce such privileged documents.

3.     Mattel objects to the Requests on the grounds and to the extent they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

4.     Mattel objects to the Requests on the grounds and to the extent they seek information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Mattel objects to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of MGA and/or Carter Bryant.

6.     Mattel objects to the Requests on the grounds and to the extent they seek documents not in Mattel's possession, custody or control.

7.     Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

8.     Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

9.     Mattel objects to the Requests on the ground and to the extent they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties or would violate the terms of any agreement or contracts with third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.

10.    Mattel objects to the Requests on the grounds that the definitions of the terms "ADVERTISEMENT," "ACCELERACERS," "BRATZ,"

1   "CONTESTED MGA PRODUCTS," "DIVA STARZ," "FISHER-PRICE,"
2   "MATTEL," "MGA," "MY SCENE," and "POLLY POCKET COLOR SURPRISE
3   POLLY" are overbroad, vague and ambiguous, unduly burdensome, and extend
4   beyond those products and matters placed at issue in this litigation.

5       11.   Mattel objects to each and every Request that seeks "all"
6   documents which constitute, mention, refer or relate to a given topic on the grounds
7   of undue burden and oppression. Mattel will make available for inspection and
8   copying those documents and tangible items, if any, that it is able to locate after a
9   reasonable, good-faith search for and review of non-privileged responsive
10  documents.

11      12.   Mattel objects to the Requests on the grounds that they seek
12  information about matters that are not within the subject matter jurisdiction of the
13  Court. Production by Mattel, if any, will be limited to those matters within the
14  Court's jurisdiction, and only in the event and to the extent that it is permitted by or
15  otherwise in compliance with foreign laws limiting disclosure and discovery and
16  only in the event and to the extent that the documents are within Mattel's possession,
17  custody or control pursuant to governing law.

18      13.   Mattel objects to each and every Request to the extent that it
19  seeks documents already produced in this action. Documents which have already
20  been produced will not be produced again in response to these Requests.

21      14.   Objection to the production of any document or category of
22  documents described in the Requests, or agreement to produce any such documents,
23  is not and shall not be construed as an admission by Mattel that any such documents
24  or category of documents exist. Where the responses indicate that Mattel will
25  produce such responsive documents, such documents, if any, will be produced if and
26  to the extent any such documents are in Mattel's possession, custody or control.

27      15.   Mattel objects to the time, place and manner of production
28  specified in the Requests. Mattel will produce such responsive, non-privileged

documents and tangible things, if any and to the extent not previously produced, in accordance with its responses at a time and place and in a manner that is reasonable, convenient and mutually agreed upon by the parties.

## RESPONSES TO REQUESTS FOR PRODUCTION

Each of the following objections and responses to the Requests is expressly made subject to the above Preliminary Statement and General Objections, all of which are incorporated in each of the following objections and responses to specific Requests. A statement that Mattel will produce documents or tangible things in response to a Request is not intended to suggest, nor should it be construed to mean, that any such documents or tangible things exist, or that they are in Mattel's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 470:**

All DOCUMENTS REFERRING OR RELATING TO any claims and/or litigation that MATTEL or FISHER-PRICE has brought or considered bringing against any PERSON regarding infringement of MY SCENE, DIVA STARZ, or any other intellectual property including, but not limited to, cease and desist letters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 470:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "any claims and/or litigation," "brought or considered bringing," and "regarding infringement" in this context as vague and ambiguous. Mattel further

it is overbroad and unduly burdensome. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 530:**

All DOCUMENTS, including but not limited to agreements, draft agreements and correspondence, REFERRING OR RELATING TO the payment or offer of payment of attorneys fees by MATTEL to any PERSON in connection this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 530:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, joint defense privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged

documents that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 531:**

DOCUMENTS sufficient to show YOUR fee arrangement with YOUR counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection with this ACTION, including, but not limited to, a copy of the fee agreement or retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges LLP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 531:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

DATED: January 9, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael Zeller (CSW)
Michael T. Zeller
Attorneys for Plaintiff and
Counter-Defendant Mattel

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On January 9, 2008, I served true copies of the following document(s) described as **MATTEL'S CORRECTED RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION** on the parties in this action as follows:

Thomas J. Nolan
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Ave., Ste. 3400
Los Angeles, California 90071
*Attorneys for MGA ENTERTAINMENT, INC.*

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 9, 2008, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

07209/2169461.1

Exhibit B - Page 21

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On January 9, 2008, I served true copies of the following document(s) described as **MATTEL'S CORRECTED RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION** on the parties in this action as follows:

| | |
|---|---|
| Mark E. Overland, Esq.<br>David E. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>**Overland Borenstein Scheper & Kim, LLP**<br>300 South Grand Avenue<br>Suite 2750<br>Los Angeles, CA 90071-3144<br>***Attorneys for Carlos Gustavo Machado*** | John W. Keker<br>Michael H. Page<br>Christa M. Anderson<br>**Keker & Van Nest, LLP**<br>710 Sansome Street<br>San Francisco, CA 94111<br>***Attorneys for CARTER BRYANT*** |

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 9, 2008, at Los Angeles, California.

_____
Cyrus S. Naim

07209/2081332.1

Exhibit B - Page 22