MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148008)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-SGL (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard by Discovery Master Robert O'Brien]<br><br>**SEPARATE STATEMENT IN SUPPORT OF MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION NOS. 530 AND 531 OF MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: TBD<br>**Phase 2**<br>Discovery Cutoff: December 11, 2009<br>Pretrial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

Plaintiff and Counter-defendant MGA Entertainment, Inc. ("MGA") submits this Separate Statement of items in dispute in support of its Motion to Compel Documents Responsive To Requests For Production Nos. 530 And 531 Of MGA's Fifth Set Of Requests For Production ("Motion to Compel").

I. **MGA's Fifth Set of Requests for Production of Documents at Issue and Responses**

MGA moves to compel further responses to certain requests for production in MGA's Fifth Set of Requests for Production of Documents and Things (Nos. 530-531) and for the production of responsive documents.

REQUEST FOR PRODUCTION NO. 530:

All DOCUMENTS, including but not limited to agreements, draft agreements and correspondence, REFERRING OR RELATING TO the payment or offer of payment of attorneys fees by MATTEL to any PERSON in connection this [sic] ACTION.

RESPONSE TO REQUEST FOR PRODUCTION NO. 530:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and untelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of

information subject to the attorney-client privilege, joint defense privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiting the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 530 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

While Mattel feigns an intent to produce responsive documents to Request No. 530, it also asserts a number of objections that its agreement to provide documents are subject to. Moreover, because of the overlap between privileged and non-privileged documents concerning the payment of fees on behalf of a witness, it is not clear whether Mattel has in fact produced any documents or whether it has asserted a privilege over all such documents. The MGA Parties are not aware of any records reflecting Mattel's payment of fees on behalf of any individual or witness.

Moreover, it is clear that Mattel has not produced all responsive documents. First, the requests as worded would have called for the production of documents reflecting Mattel's payment of fees to Quinn Emanuel, and while the parties can argue over whether any such documents should be produced, as discussed below, it is clear that they were not produced and would contain certain non-privileged information. Thus, despite Mattel's representation, not all responsive, non-privileged documents were produced.

Further, as the Discovery Master is aware, Mattel paid legal fees to the firm Arent Fox LLP for work performed in representing various individuals who had provided services to Mattel related to this action. No documents reflecting the

1 | payment of such fees have been produced. Such documents would clearly have
2 | been called for by this request.

     Based on the above-described rulings, Mattel is obligated to provide, at a minimum, documents reflecting who is paying the legal fees for any Mattel witness, the amounts paid for the services, and the form of payment. *See* DM Order No. 27, Molinski Dec. Ex. L. MGA has produced such information in response to Mattel's requests and has provided the name of counsel representing these witnesses as well. To the extent MGA is required to provide any additional information regarding its payment of fees for witnesses, Mattel should, at a minimum, be required to produce the same level of information. Indeed, because Mattel represented that it would produce all responsive, non-privileged documents, Mattel should be obligated to produce all documents referring or relating to its payment of fees for any person or entity except as to that information that the Court determines to be privileged.

REQUEST FOR PRODUCTION NO. 531:

DOCUMENTS sufficient to show YOUR fee arrangement with YOUR counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection with this ACTION, including, but no limited to, a copy of the fee agreement or retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges LLP.

RESPONSE TO REQUEST FOR PRODUCTION NO. 531:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant

to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 531 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

MGA does not expect Mattel to produce all of its invoices for services rendered to Quinn Emanuel on behalf of Mattel. MGA expects much of that information would be privileged. However, to the extent Mattel has paid Quinn Emanuel to represent any non-party witnesses, including current or former employees or other third parties, MGA is entitled to such information. If Quinn Emanuel separately bills Mattel for such services, then documents reflected thereto should be provided. If Quinn Emanuel does not separate its bills to Mattel provided in representing Mattel versus representing other individuals or entities, then redacted versions of its invoices should be produced.

At bottom, however, Mattel should not be allowed to avoid the production of the same information it has sought from MGA simply by using the same law firm to render services for, e.g., former employees, as it uses to represent Mattel. Mattel should be required to produce any non-privileged documents responsive to Request No. 531.

Dated: July 29, 2009         ORRICK, HERRINGTON & SUTCLIFFE LLP

                             By: ___/s/ William A. Molinski___
                                    William A. Molinski
                                 Attorneys for MGA Parties