# Exhibit 1

**From:** Hurst, Annette <ahurst@orrick.com>
**To:** Dylan Proctor
**Cc:** Michael T Zeller; Molinski, William <wmolinski@orrick.com>; Parker, Warrington <wparker@orrick.com>
**Sent:** Tue Jul 28 06:22:04 2009
**Subject:** RE: Bryant v. Mattel and consolidated actions

Dylan: Please see my interlineated comments. I apologize for the caps, it is the only means I have a differentiating right now.


-----Original Message-----
From: Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
Sent: Mon 7/27/2009 5:44 PM
To: Hurst, Annette
Cc: Michael T Zeller; Molinski, William; Parker, Warrington
Subject: RE: Bryant v. Mattel and consolidated actions

Annette,

Thanks for getting back to us on this. I'll take the below in reverse order.

First, as to the interrogatories, we are a bit perplexed by your proposal. This proposal -- that supplemental responses we provide to interrogatories never answered before do not count towards Phase 2 limits -- was expressly rejected by the Discovery Master and conflicts with the discussions you and I had after the last hearing when you agreed to the precise opposite. We have consistently been of the view that supplemental responses to interrogatories for which only objections were previously served should and do count towards the Phase 2 limits. We see no reason to modify that now.

IT IS A PROPOSAL. IT IS EASY TO UNDERSTAND, WILL AVOID A BUNCH OF FURTHER DISPUTES ON THIS ISSUE, AND IS DESIGNED TO MAXIMIZE THE OPPORTUNITY FOR EVERYONE TO GET THE DISCOVERY THEY NEED. SINCE YOU'VE REQUESTED THAT I AGREE TO MORE THAN THE ALLOWED NUMBER OF INTERROGATORIES TO MATTEL, I THOUGHT YOU WOULD FIND THAT APPEALING. OBVIOUSLY YOU ARE NOT REQUIRED TO AGREE TO IT, BUT I CANNOT FATHOM WHY YOU WOULD NOT. YOUR CHARACTERIZATION THAT THIS WAS EXPRESSLY REJECTED BY THE DISCOVERY MASTER IS DRAMATICALLY OVERSTATING THE SITUATION.

Exhibit 1
Page 3
7/29/2009

Second, on 30b6 depositions, we are happy to discuss counting issues more. I would suggest that you make a proposal as to how you want to see them counted to get that ball rolling, if you'd like to do so.

Third, on the motion for more time, we do not see why an opposition cannot be prepared in a week's time -- motions far more complicated have been resolved in far less time repeatedly in this case. Also, I invited you to make any proposals you wished to make to have the motion heard on the 17th, including a proposal to give MGA an extra day or two for its opposition. I gather no such arrangement is acceptable. Accordingly, as we previously discussed we'll be moving ex parte to shorten time on the hearing and, assuming you will not agree to relief from it, for relief from the 20-day pre-filing hold. From our prior conversations, I understand MGA will oppose such an ex parte; unless we hear back otherwise from you, we will so advise the Court.

I FIND THIS RESPONSE EXTREMELY TROUBLING. YOU HAVE ASKED US FOR AT LEAST THREE SCHEDULING ACCOMMODATIONS SINCE WE CAME INTO THE CASE AND WE HAVE READILY AGREED IN EACH INSTANCE. AS INDICATED IN MY PRIOR E-MAIL, THIS IS A SCHEDULING ACCOMMODATION. WE HAVE NUMEROUS PEOPLE OUT ON VACATION AND THE OPPOSITION TO THIS MOTION WILL REQUIRE A LOT OF TIME SPENT SUMMARIZING ALL OF THE ACTIVITY THAT HAS PREVIOUSLY OCCURRED IN THE CASE--IT IS NOT "SIMPLE" AND IT IS EXTREMELY LABOR-INTENSIVE. AND TWO WEEKS WILL MAKE NO DIFFERENCE WHATSOEVER TO MATTEL, NOR HAVE YOU ARTICULATED ANY REASON WHY IT WOULD.

I look forward to hearing from you on the depositions. Best regards--


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com <blocked::mailto:udylanproctor@quinnemanuel.com>
Web: www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

From: Hurst, Annette [mailto:ahurst@orrick.com]
Sent: Sunday, July 26, 2009 6:56 AM
To: Dylan Proctor
Cc: Michael T Zeller; Molinski, William; Parker, Warrington
Subject: Bryant v. Mattel and consolidated actions


Dylan:

I owe you responses to a couple of things and we have a new proposal on rogs.

1.  On the motion for a continuance, I've now had a chance to look at Judge Larson's calendar and ours, and we would prefer it be noticed for August 31 which is his first available date and the first date for which you could notice the motion in light of the CD Cal. 20-day hold. As you know, I am not available on August 24 and I need to be present for the hearing on this motion. You suggested August 17, but that is rushing it. I really don't think two weeks is going to make a huge difference in terms of needing to know the answer on this. This motion implicates the entire course and scope of the case. We will need the time to prepare our opposition.

2.  On depositions, we don't want to agree in advance to a specific number right now. Any new number we set will be presumptively the cutoff, and I'm just not in a position right now to know exactly what that new presumptive cutoff should be in light of the prioritization of witnesses and so forth. I think if we proceed with a view to being reasonable as Discovery Master O'Brien requested, then this should not be an issue. To that end, ideally my view would be that we exchange lists of desired witnesses, get available dates, and sit down and try to work out a schedule for depositions in this case rather than noticing them willy-nilly and pell-mell. Please let me know if Mattel is willing to engage in such a process. No matter what, I do think we should try to come to some agreement on how to count 30b6 depositions as that is often the

Exhibit 1
Page 4

7/29/2009

source of friction. You have proposed that all 30b6 topics and witnesses, no matter how many or for how long they testify, will be one deposition. This strikes us as perhaps a bit excessive depending on what actually happens, and we are thinking more along the lines of trying to set some kind of maximum number of topics within a particular time period that would constitute one deposition. E.g., up to 4 notices with 100 topics served in a particular month counts as one. But if the following month more come in, then that counts as 2 under the same cap. Let us know if this makes sense to you or provides a further basis for discussion.

3. On interrogatories, we've given you the response that we will not agree to your 35 per side proposal and instead intend to abide by the FRCP as Judge Larson said in February. You folks seem to remain a bit obsessed with what this means about how to count the interrogatories previously served. We are willing to make this simple: we propose to agree that they don't count at all in Phase 2, even if they were never answered in Phase 1 or if someone moves for supplementation or otherwise. This means we are all at zero starting with Phase 2, and that doesn't change by virtue of anything that happens with respect to the prior interrogatories--including compound counting etc. etc. etc. My prior comments that if someone gets to a limit and has a good reason to need more interrogatories we should all be reasonable still stand.

Please let me know if or when you would like to discuss any of these points further.

Regards,
Annette



<http://www.orrick.com/>
Annette L. Hurst
Partner
ORRICK, HERRINGTON & SUTCLIFFE LLP
SAN FRANCISCO
tel (415) 773-4585
fax (415) 773-5759
ahurst@orrick.com
www.orrick.com <http://www.orrick.com/>



"EMF <orrick.com>" made the following annotations.
--------------------------------------------------
==================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


==================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
==================================================
==================================================

7/29/2009

Exhibit 1
Page 5

Case 2:04-cv-09049-DOC-RNB   Document 6086-2   Filed 07/29/09   Page 5 of 5   Page ID
                                      #:202953
RE: Bryant v. Mattel and consolidated actions                                    Page 4 of 4