MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard By Discovery Master Robert C. O'Brien]<br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO ENFORCE PRIOR COURT ORDERS AND TO COMPEL RE INTERROGATORY NOS. 68 & 69 AND RFPS 75, 85, 95, 105 & 115 OF FIRST SET OF REQUESTS RE UNFAIR COMPETITION**<br>Date: TBD<br>Time: TBD<br>Place: Arent Fox LLP<br>**Phase 2:**<br>Disc. Cut-off: Dec. 11, 2009<br>Pre-trial Con.: Mar. 1, 2010<br>Trial Date: Mar. 23, 2010 |

**Public Version**

Plaintiff and Counter-Defendant MGA Entertainment, Inc. and Counter-Defendants MGA Entertainment HK, Ltd., MGAE de Mexico S.R.L. de C.V. and Isaac Larian ("MGA Parties") respectfully submit this Opposition to Defendant Mattel, Inc.'s ("Mattel") Motion to Enforce Prior Court Orders and to Compel Re Interrogatory Nos. 68 and 69 and RFPs 75, 85, 95, 105 and 115 of Mattel's First Set of Requests Re Unfair Competition.

## I. INTRODUCTION

Mattel's motion to *enforce* prior court orders is actually a motion to *expand* prior court orders. First, with respect to Request for Production Nos. 75, 85, 95, 105 and 115 (the "RFPs"), Mattel represents that MGA has been remiss by not producing all documents relating to legal fees it paid *on behalf of* five specific former Mattel employees. Not only is much of that information privileged, it is simply not called for by Mattel's requests, which seek payments "to" the five specific employees. The words "on behalf of" appear nowhere in these requests. Neither is there any reference to legal fees. Indeed, by comparing the RFPs, which are limited to payments "to", with Mattel's Interrogatory Nos. 68 and 69, which seek information regarding payments "to or on behalf of," it is clear that Mattel did not draft its RFPs to include the information it now seeks.

Similarly with the Interrogatory Nos. 68 and 69 (the "Interrogatories"), Mattel's motion attempts to obscure the actual directives included within the Discovery Master's order. There, Mattel points to testimony regarding ordinary compensation paid to certain former Mattel employees as evidencing MGA's failure to provide responsive information. However, Mattel's argument is disconnected from the limitation of the order itself, which expressly *excludes* ordinary compensation payments from the information that must be provided. Additionally, even though the Discovery Master explicitly reserved ruling on the issue of whether legal payments needed to be disclosed in response to Interrogatory Nos. 68 and 69, Mattel argues that MGA is delinquent for not having already

provided such information.

Overall, Mattel's motion is another effort to burden and harass the MGA parties. Mattel again only engaged in illusory meet-and-confer discussions. For example, MGA specifically requested that Mattel provide it with substantive information regarding the information it believed was not included in the responses to the Interrogatories. Rather than provide any such information, Mattel filed this motion. Moreover, with regard to the RFPs, MGA was willing to work with Mattel to come to a mutual agreement regarding the appropriate scope of production of documents relating to payment of legal fees on behalf of former employees and witnesses (even though such information is truly outside of Mattel's RFPs at issue here). However, Mattel refused to engage in any such dialogue. Again, it insisted on demanding production of all documents, *including those that are privileged*. There, Mattel's resistance to any compromise resulted not only in the instant motion, but also in the motion to compel concurrently filed by MGA. Mattel's refusal to make any substantive efforts to resolve discovery disputes without judicial intervention should no longer be tolerated.

## II. STATEMENT OF FACTS

### A. Request For Production Nos. 75, 85, 95, 105 and 115

Mattel's Request for Production Nos. 75, 85, 95, 105 and 115, at issue in this motion, were propounded on December 18, 2006. Declaration of Scott L. Watson in Support of Mattel, Inc.'s Motion to Enforce Prior Court Orders and to Compel ("Watson Decl.") Ex. 39 (Mattel's First Set of Requests for Documents and Things) at p. 638. The RFPs seek documents "relating to compensation, money or any other item of value paid to" five former Mattel employees (the "Five Employees"). *Id.* at pp. 633-637. MGA delayed any production of documents in response to the RFPs at that time because MGA had a motion to dismiss relating to Mattel's trade secret claims pending before Judge Larson, and his ruling could have rendered the requests moot. Declaration of William A. Molinski in Support of MGA Parties'

1  Opposition to Mattel, Inc.'s Motion to Enforce Prior Court Orders and to Compel
2  ("Molinski Decl.") Ex. A (MGA's Opposition to Mattel Inc.'s Motion to Compel
3  Production of Documents) at p. 8. When Judge Larson denied MGA's motion to
4  dismiss as to the trade secrets claim, MGA agreed to produce documents responsive
5  to the RFPs. *Id.* Mattel had already filed a motion to compel with regard to the
6  RFPs prior to Judge Larson's ruling on the motion to dismiss. *Id.* Rather than
7  dismissing the motion to compel with respect to these RFPs as moot due to MGA's
8  agreement to produce responsive documents, the Discovery Master granted
9  Mattel's motion to compel as to the RFPs. Watson Decl. Ex. 41 (Order Granting in
10 Part and Denying in Part Mattel's Motion to Compel Production of Documents) at
11 p. 664. MGA then produced responsive documents in accordance with its
12 agreement and the Order.
13      On July 13, 2009, Mattel sent a letter to MGA demanding production of all
14 documents relating to MGA's payment of legal fees on behalf of the Five
15 Employees as responsive to the RFPs. Molinski Decl. Ex. B (July 13, 2009 Mattel
16 Letter) at p. 13. Mattel paraphrased its request as follows:
17      "These Requests seek all documents relating to the payment of
18      compensation, money, or any item of value" ***to or for***[1] [the Five
19      Employees].
20 *Id.* Mattel alleged that MGA's responses to Interrogatory 68 and 69, which detailed
21 payments "to or on behalf of" previous employees, including the Five Employees,
22 demonstrated that MGA had not produced all documents responsive to the RFPs.
23 *Id.* Mattel demanded that MGA supplement its production to provide all documents
24 relating to the legal payments on behalf of the Five Employees. *Id.* MGA
25 explained to Mattel in its responding meet-and-confer efforts that the requested
26 information fell beyond the scope of the RFPs (as well as being largely privileged)

---

[1] This language--to or for--is noticeably outside the quotation marks because this language is not in the RFPs themselves.

Nevertheless, MGA was willing to come to an agreement with Mattel regarding an appropriate scope of production in exchange for Mattel's mutual agreement to respond to MGA's discovery requests seeking documents relating to Mattel's payment of legal fees on behalf of former employees and witnesses. *Id.* at pp. 18-19; Ex. D (Meet-and-Confer E-mail) at p. 21. However, Mattel was unwilling to consider a mutual agreement. *Id.* Ex. C (Meet-and-Confer E-mails) at p. 17. Instead, Mattel insisted on a production of all documents relating to the payment of legal fees for the Five Employees, including any and all privileged documents. *Id.*

### B. Interrogatory Nos. 68 and 69

Mattel's Interrogatory Nos. 68 and 69 were served on January 9, 2008. Watson Decl. Ex. 1 (Mattel, Inc.'s Supplemental Interrogatories) at p. 22. Prior to the due date of the responses, Judge Larson ordered a stay on discovery relating to Phase 2 of the instant action. *Id.* Ex. 2 (MGA's Responses to Supplemental Interrogatories) at pp. 83-84. This stay was not lifted until January of 2009. *Id.* Ex. 3 at p. 147. Mattel subsequently moved to compel responses by MGA and Isaac Larian to the Interrogatories, arguing that it was seeking evidence of "illegal payments to former Mattel employees." *Id.* Ex. 4 (Mattel's Motion to Compel) at p. 152. Mattel's motion was granted, but the Discovery Master limited the scope of the requests to only require production of information outside of ordinary compensation. *Id.* Ex. 5 (Order No. 11) at p. 193. MGA and Larian provided substantive, supplemental responses on June 15, 2009. *Id.* Ex. 15 at p. 246; Ex. 16 at p. 259.

Mattel sent a meet-and-confer letter to MGA and Larian regarding these responses a mere two days later. *Id.* Ex. 17 (June 17, 2009 Mattel Meet-and-Confer Letter) at pp. 263-64. The letter demanded supplementation of the responses based on Mattel's unilateral determination that MGA had not provided all responsive information. *Id.* However, Mattel did not explain what evidence it possessed to support its position, even with regard to the eight individuals specifically identified

as improperly excluded from the responses. *Id.* In MGA and Larian's June 26, 2006 reply meet-and-confer letter, they asked Mattel to provide any documents to support its position. *Id.* Ex. 19 (June 29, 2009 MGA and Larian Meet-and-Confer Letter) at pp. 266-67. Mattel did not provide any such information. Instead, it filed the instant motion.

### III. MATTEL'S MOTION SHOULD BE DENIED IN ITS ENTIRETY.

#### A. Mattel Is Not Entitled to Documents Relating to the Payment of Legal Fees on Behalf of Individuals in Response to Request For Production Nos. 85, 95, 105 And 115.

Mattel's Request for Production Nos. 75, 85, 95, 105 and 115 only request documents "relating to compensation, money or any other item of value *paid to*" the Five Employees. Watson Decl. Ex. 39 (Mattel's First Set of Requests for Documents and Things) at pp. 633-637 (emphasis added). MGA agreed to provide documents responsive to these requests after the Court denied the MGA Parties' motion to dismiss the trade secrets claims as they related to these Five Employees. Mattel now seeks to compel the production of documents that are outside the scope of the RFPs.

On July 13, 2009, Mattel wrote a letter to MGA demanding production of additional documents in response to the RFPs. Specifically, Mattel stated that the responses to Interrogatory Nos. 68 and 69 indicated that MGA had made payments of legal fees on behalf of the Five Employees. Mattel then demanded production of all documents relating to those legal payments as responsive to the RFPs.[2] Molinski Decl. Ex. B (July 13, 2009 Mattel Letter) at p.13.

MGA has no obligation to produce such information. First, Mattel may only seek production of "nonprivileged matter that is relevant." Fed. R. Civ. P. 26(b)(1).

---

[2] Mattel adds into its motion to compel a request that MGA also be compelled to supplement its production with regard to documents relating to "bonus payments" referenced in MGA's Response to Interrogatory No. 69. However, Mattel made no mention of said documents in its meet-and-confer letter, nor did it discuss said documents in the meet-and-confer discussions. Accordingly, Mattel may not move to compel production of documents relating to bonus payments.

The Discovery Master ruled in his May 6, 2009 Order that discoverable information regarding the payment of legal fees includes non-privileged information such as ■■■ Molinski Decl. Ex. E (Order No. 27) at p.43. The Discovery Master went on to make clear that requests that seek information beyond those limitations run afoul of ■■■ *Id.* at p.44. Here, in demanding that MGA produce *all* documents relating to the payment of legal fees on behalf of the Five Employees, Mattel is impermissibly attempting to invade the attorney-client sanctuary.[3]

Second, Mattel's Request for Production Nos. 75, 85, 95, 105 and 115 simply do not encompass what Mattel claims they encompass. Mattel's RFPs are limited to documents relating to payments "*to*" the Five Employees. Watson Decl. Ex. 39 (Mattel's First Set of Requests for Documents and Things) at pp. 633-637. Yet any payments of legal fees by MGA would not constitute payments "to" the Five Employees; rather, they would reflect payments "on behalf of" the Five Employees. Mattel cannot argue against such a distinction because it has crafted other discovery requests in this case that include payments "on behalf of" individuals. For example, the RFPs can be contrasted with Mattel's Interrogatory Nos. 68 and 69, which seek information relating to payments "*to or on behalf of*" individuals.[4] *Id.* Ex. 1 at p.

---

[3] Mattel represented in its meet-and-confer discussions that MGA had waived any privilege objection. Molinski Decl. Ex. C (Meet-and-Confer E-mails) at p. 17. However, MGA has not waived its privilege objection. First, MGA has incorporated its general objections, which specifically limit MGA's production of documents to non-privileged documents. *Id.* at pp. 16-17. Even if MGA had not previously raised the issue of privilege, Mattel's newly expanded view of the RFPs as encompassing payments "on behalf of" instead of merely "to" the Five Employees justifies MGA's current privilege objection.

[4] The requests include the language "directly or indirectly." Watson Decl. Ex. 39 (Mattel's First Set of Requests for Documents and Things) at pp. 633-637. But this language does not alter the fact that the requests only seek payments "to" these individuals. An indirect payment "to" someone is when the payment is made to someone else who then pays the identified individual. A payment of legal fees to someone's lawyer is not an indirect payment "to" that party. It is a payment "on behalf of" that party.

22. Moreover, Interrogatory Nos. 68 and 69 expressly note that the request "including without limitation with respect to legal fees incurred by or on behalf of such person," the RFPs contain no such reference to documents related to legal fees paid on behalf of these individuals.

Accordingly, the RFPs, which only seek information regarding payments "to" the Five Employees and make no mention of legal fees, are narrower in scope than Interrogatory Nos. 68 and 69, which seek information regarding payments "to or on behalf of" and expressly reference legal fees. The critical distinction between these two categories of requests demonstrates that Mattel is disingenuous at best in representing that MGA's answers to Interrogatory Nos. 68 and 69 (which are broader in scope) evidence an insufficient production by MGA in response to the RFPs (which are narrower in scope). Any payment of legal fees by MGA for the Five Employees are payments "on behalf of" the Five Employees, not "to" the Five Employees. Accordingly, any documents relating to payment of legal fees for the Five Employees fall outside of the scope of these RFPs.

Further, Mattel's motion to compel the production of any such documents is an unnecessary attempt to harass MGA. Any information, other than the amounts of the legal fees, would be redacted from any production. Accordingly, the documents would contain no more information than the amount of fees paid by MGA on behalf of the individuals. ***Mattel admits that it already has this information***, in the form of MGA and Larian's responses to Interrogatory No. 69. In fact, it is that detailed list of the amounts paid on legal fees that spawned Mattel's demand letter and this motion to compel. Molinski Decl. Ex. B (July 13, 2009 Mattel Letter) at p. 13; Mattel Motion to Enforce at 15:8-11.

Mattel's harassing purpose is further demonstrated by its perfunctory meet-and-confer efforts. Even though the requests themselves do not seek documents relating to payments "on behalf of" the individuals, MGA sought to reach an agreement with Mattel regarding the production of potentially responsive non-

1 | privileged documents. Molinski Decl. Ex. C (Meet-and-Confer E-mails) at pp.18-
2 | 19; Ex. D (Meet-and-Confer E-mail) at p. 21. MGA suggested this approach
3 | because it is seeking *non-privileged* documents regarding Mattel's payment of legal
4 | fees on behalf of certain individuals. *Id.* Ex. F, (MGA's Fifth Set of Requests for
5 | Production) at pp. 71. However, while continuing to assert that MGA was required
6 | to produce all documents regardless of privilege, Mattel refused to consider any
7 | such mutual agreement regarding production. *Id.* Ex. C (Meet-and-confer E-mails)
8 | at p. 17.

### B.   MGA and Larian Have Responded to Interrogatories 68 and 69.

Mattel is also demanding production of information far beyond the scope of the Discovery Master's Order in response to Interrogatory Nos. 68 and 69.

Mattel seeks the production of information relating to ordinary compensation to former Mattel employees. In its Motion to Compel, Mattel represented that it was seeking information regarding "illegal payments to former Mattel employees." Watson Decl. Ex. 4 (Mattel Motion to Compel) at p. 152. Accordingly, the Discovery Master's Order limited the requests to information beyond ordinary compensation. *Id.* Ex. 5 (Order No. 11) at p. 193.

However, Mattel's motion ignores this limitation and instead argues that MGA has not fulfilled its obligation because it has not provided information regarding payments for ordinary compensation, including payments for services rendered. *See, e.g., Id.* Ex. 20 (Bryant Testimony) at pp. 275, 278 (discussing payments for designs, expense reimbursements, and royalties); Ex. 21 (Marlow Testimony) at p. 293 (discussing payment for fashion designs); Ex. 22 (Leahy Testimony) at p. 302 (discussing payment for sculpting work). Payments for services rendered fall squarely within ordinary salary or compensation and do not constitute "illegal payments."

Similarly, Mattel seeks to exaggerate MGA's obligation to disclose legal fees paid on behalf of former Mattel employees in response to these interrogatories. In

fact, the Discovery Master specifically acknowledged that he was not ruling on the propriety of Mattel's request for information reflecting the payment of legal fees. Watson Decl. Ex. 5 (Order 11) at p. 193, fn. 20. Nevertheless, the MGA Parties did provide information regarding legal fees paid on behalf of former Mattel employees in its supplemental responses to Interrogatory Nos. 68 and 69.[5] Mattel uses the production of some information as a springboard to create a duty to produce all such information in spite of the Discovery Master's explicit caveat.

It should be noted that Mattel's attempt to expand MGA's obligations is in direct conflict with Mattel's attempts to avoid its own obligations. Specifically, MGA has sought information regarding Mattel's payment of legal fees to former employees and witnesses on the same grounds of bias and prejudice. However, Mattel has steadfastly refused to set up such information. Accordingly, MGA is simultaneously filing a motion to compel against Mattel to require the production of such information by Mattel. MGA's Motion to Compel Documents Responsive to Requests for Production Nos. 530 and 531 of MGA's Fifth Set of Requests for Production, filed July 29, 2009. The MGA Parties believe that the Discovery Master should use the opportunity presented in that motion to provide a mutual obligation of the parties to disclose a delineated set of information regarding the payment of legal fees on behalf of former employees and witnesses.

C. **MGA Has Provided Information Notwithstanding Its Objections**.

Mattel's motion adds on a full four pages discussing objections included by the MGA Parties in the Supplemental Responses. The discussion is a waste of paper. As explained to Mattel in no uncertain terms in its meet-and-confer letter, the MGA Parties have provided information in response to Interrogatory Nos. 68

---

[5] MGA endeavored to produce non-privileged information evidencing payment of legal fees for all former Mattel employees. MGA has since discovered that the information provided with respect to payment of fees omits such information paid on behalf of three individuals. MGA will provide this information once the Court determines the propriety of such a production in light of privilege issues.

and 69 *notwithstanding any objections*. Watson Decl. Ex. 19 (MGA Meet-and-Confer Letter) at p. 266. Accordingly, the issue of MGA's objections is moot.

### D.  Mattel Has Not Met Its Meet-and-Confer Obligations.

Mattel's meet-and-confer efforts in support of this motion were insufficient. For example, Mattel's June 17, 2009 meet-and-confer letter regarding the responses to Interrogatory Nos. 68 and 69 relies simply on generalities to argue that the MGA Parties have withheld information. Mere generalities should not be sufficient in a case where detailed discovery has been taken by all parties. In response, the MGA Parties requested that Mattel to provide it with any specific information evidencing its position that all information had not been provided. Mattel never responded to provide any of the exhibits now submitted in support of its position. Similarly, in its meet-and-confer efforts relating to RFP Nos. 75, 85, 95, 105 and 115, Mattel categorically refused to simultaneously discuss MGA's requests seeking documentation of Mattel's payment of legal fees on behalf of former employees and witnesses. Mattel's refusal forced not only this motion, but also MGA's simultaneously filed motion to compel. Mattel should not be permitted to continue to play these wasteful discovery games.

### IV.  SANCTIONS ARE UNWARRANTED.

The Federal Rules of Civil Procedure permit monetary sanctions only where there is no substantial justification for the conduct. *See* Fed. R. Civ. P. 37(a)(5). Monetary sanctions are not warranted here because, as explained above, the MGA Parties have complied with their understanding of the Discovery Master's Order No. 11. At most, this motion serves as an opportunity to clarify the Order.

### V.  CONCLUSION

For the foregoing reasons, the MGA Parties request that Mattel's motion be denied in its entirety and that the MGA Parties be awarded sanctions against Mattel for its meritless motion.

Dated: July 29, 2009

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ William A. Molinski
William A. Molinski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN