1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                   EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual, | Case No. CV 04-9049 SGL (RNBx) |
| 17             Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| | **DISCOVERY MATTER** |
| 18  v. | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
| 19  MATTEL, INC., a Delaware | |
| 20  Corporation, | **DECLARATION OF WILLIAM A. MOLINSKI IN SUPPORT OF MGA PARTIES' OPPOSITION TO MOTION TO ENFORCE PRIOR COURT ORDERS AND COMPEL RE INTERROGATORY NOS. 68 & 69 AND RFPS 75, 85, 95, 105 & 115 OF FIRST SET OF REQUESTS RE UNFAIR COMPETITION [PUBLIC VERSION]** |
| 21             Defendant. | |
| 22 | |
| 23 | |
| 24  AND CONSOLIDATED ACTIONS | |
| 25 | Date:  TBD |
| 26 | Time:       TBD |
| | Place:      Arent Fox LLP |
| 27 | **Phase 2** |
| | Discovery Cutoff:    December 11, 2009 |
| 28 | Pretrial Conference: March 1, 2010 |
| | Trial Date:  March 23, 2010 |

I, William A. Molinski, declare as follows:

1.      I am a partner at the law firm of Orrick, Herrington & Sutcliffe LLP, attorneys of record for Plaintiff and Counter-Defendant MGA Entertainment, Inc. and Counter-Defendants MGA Entertainment HK, Ltd., MGAE de Mexico S.R.L. de C.V., and Isaac Larian ("MGA Parties"). Based on this representation, I am familiar with the events, pleadings, and discovery in this action and, if called upon as a witness, I could and would testify competently to the matters stated herein of my own personal knowledge. I make this declaration in support of the MGA Parties' Opposition to Mattel, Inc.'s Motion to Enforce Prior Court Orders and Compel re Interrogatory Nos. 68 & 69 and RFPs 75, 85, 95, 105 & 115 of First Set of Requests re Unfair Competition.

2.      Attached hereto as **Exhibit A** is a true and correct copy of MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc. and for Award of Monetary Sanctions.

3.      On July 13, 2009, we received a letter from Scott Watson of Quinn Emanuel, counsel for Mattel, asking that we meet and confer regarding Request for Production Nos. 75, 85, 95, 105 and 115. A true and correct copy of Mr. Watson's letter is attached hereto as **Exhibit B**.

4.      Attached hereto as **Exhibit C** is a true and correct copy of July 2009 meet and confer correspondence between counsel for MGA and Mattel regarding Request for Production Nos. 75, 85, 95, 105 and 115.

5.      Attached hereto as **Exhibit D** is a true and correct copy of my email to Mattel's counsel dated July 20, 2009 requesting a meet and confer conference to arrange a mutual agreement for the production of documents relating to payment of legal fees.

6.      Attached hereto as **Exhibit E** is a true and correct copy of the Discovery Master's Order No. 27 dated May 6, 2009.

7.      Attached hereto as **Exhibit F** is a true and correct copy of

1    excerpts from MGA's Fifth Set of Requests for Production of Documents, which

2    contain Requests Nos. 530 and 531.

3              I declare under penalty of perjury under the laws of the United States

4    that the foregoing is true and correct, and that this declaration was executed this

5    29th day of July, 2009, at Los Angeles, California.

6

7    _____

8                                     William A. Molinski

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT

# A

1  DALE M. CENDALI (admitted *pro hac vice*)
   DIANA M. TORRES (S.B. #162284)
2  JAMES P. JENAL (S.B. # 180190)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, CA 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  Email:     jjenal@omm.com

6  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
8  Los Angeles, CA 90067
   Telephone: (310) 553-3000
9  Facsimile: (310) 557-9815

10 Attorneys for MGA Entertainment, Inc.

11

12                 **UNITED STATES DISTRICT COURT**
13                **CENTRAL DISTRICT OF CALIFORNIA**
14                        **EASTERN DIVISION**

15

16 CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
              Plaintiff,                (consolidated with CV 04-9059 & 05-2727)
17
        v.                              **DISCOVERY MATTER**
18 MATTEL, INC., a Delaware
   Corporation,                         **MGA ENTERTAINMENT, INC.'S**
19                                       **OPPOSITION TO MATTEL, INC.'S**
              Defendant.                 **MOTION TO COMPEL PRODUCTION**
20                                       **OF DOCUMENTS BY MGA**
                                         **ENTERTAINMENT, INC. AND FOR**
21                                       **AWARD OF MONETARY SANCTIONS**

22 CONSOLIDATED WITH                     Hearing date:      T.B.D.
   MATTEL, INC. v. BRYANT and           Hearing time:      T.B.D.
23 MGA ENTERTAINMENT, INC. v.
   MATTEL, INC.                          Discovery Cutoff: March 3, 2008
24                                       Pre-trial Conference: June 2, 2008
                                         Trial Date: July 1, 2008
25

26

27

28
                                              MGA'S OPPOSITION TO
                                         MATTEL'S MOTION TO COMPEL
                                            CV 04-09049 SGL (RNBX)

This memorandum of points and authorities is filed in support of MGA Entertainment, Inc.'s ("MGA") Opposition to Mattel, Inc.'s ("Mattel") motion to compel production of documents in the case originally captioned *MGA Entertainment, Inc.. v. Mattel, Inc.,* Case No. CV 05-2727 SGL (RNBx).

## I.   **INTRODUCTION**

Mattel has completely mischaracterized MGA's position on certain document requests, as well as the state of its production.  MGA has already agreed to produce documents responsive to several of the requests which Mattel has put at issue in this motion, including the following nineteen Requests: Nos. 9-10, 12, 26, 29-30, 32-36, 45, 48-51, 118, 137, and 166.  Moreover, MGA has actively *been producing* documents responsive to many of these requests to Mattel.  To date, MGA has produced more than 110,000 pages of documents, including documents relating to the origin, infringement, design and tooling of Bratz and has also provided Mattel with access to Bratz molds and sculpts. MGA continues to search for and produce documents responsive to Mattel's requests on a rolling basis -- as has been the procedure of both parties.[1]

Mattel also is moving on requests which were relevant to claims that were either (1) the subject of MGA's motion to dismiss (until the issuance of the court's June 27, 2007 order); or (2) seek documents subject to pending appeals before Judge Larson.  As MGA's motion to dismiss has now been decided, thereby providing guidance to the parties on certain trade secret questions, MGA is prepared to produce documents responsive to Mattel's requests Nos. 65-117 and 119.  MGA's appeals, however, were recently heard before Judge Larson on July 2, 2007.  Thus, the motion to compel as to Request Nos. 1, 3-4, 13, and 18 is premature and should be denied.  MGA will, of course, comply with Judge

---

[1] MGA notes that the last meet and confer on this set of requests took place in February 6, 2007, nearly five months ago.

MGA'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

**Exhibit A - Page 4**

Larson's rulings and produce responsive documents in accordance therewith.

At this point, however, much of Mattel's motion to compel is either premature or moot and thus is designed specifically to "pad" Mattel's motion and to harass MGA.[2]  Nevertheless, MGA has revisited certain of Mattel's requests, and so as to avoid further burdening the Court, MGA agrees to produce non-privileged documents in its possession, custody or control, subject to its previously stated General and Specific Objections, that are responsive to the following sixteen requests: 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159.  In fact, for a number of these requests, MGA already has and is continuing to produce responsive documents on a rolling basis.

For the remaining requests, MGA stands by its legitimate objections.  As discussed below, several of Mattel's requests are grossly overbroad and untethered to any of Mattel's claims or defenses.  MGA has been willing to revisit its objections to Mattel's requests, but unless Mattel is willing to propound requests that are reasonably tailored to seek only those documents to which it is entitled, MGA should not be expected to produce the vast universe of documents that the requests currently require.

## II.   FACTS AND PROCEDURAL BACKGROUND

Mattel now moves to compel MGA to produce all manner of documents, claiming that MGA has refused to produce documents responsive to "nearly two-thirds" of Mattel's document requests.[3]  Nothing could be further from the truth.  While Mattel submits page after page of declarations and exhibits in attempt to cloud the legitimate disputes between the parties, Mattel ignores the fact that MGA agreed, subject to its General and Specific Objections, to produce documents in

---

[2] In fact, Mattel has engaged in a pattern of filing abusive and harassing discovery motions, including four just last week.

[3] *See* Mattel, Inc.'s Notice of Motion and Motion to Compel Production of Documents By MGA Entertainment, Inc. and for Award of Monetary Sanctions; and Memorandum of Points and Authorities, dated June 26, 2007 at p. 1.

MGA'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

Exhibit ⅄ - Page 5

1    response to numerous requests, many of which Mattel now attempts to compel.

2    (See Kidman Decl. Exh 14; Bradley Decl. Exh. 1)  Furthermore, in its letters to

3    Mattel, MGA also agreed to withdraw certain objections and suggested reasonable

4    limitations on other requests in order to appropriately narrow them.  Disregarding

5    these offers of compromise, Mattel now disingenuously claims that they were never

6    made.

7          Pursuant to Mattel's letter requesting a meet and confer dated January 30,

8    2007, the parties discussed the concerns and possible resolution of objections to the

9    discovery requests.  (See Kidman Decl. Exh. 12)  The parties met on February 6,

10   2007, following which Mattel submitted a letter which mischaracterized MGA's

11   position at the conference.  (See Kidman Decl. Exh. 13)  In a letter dated February

12   9, 2007, MGA clarified its position, agreeing to produce documents to numerous

13   requests despite the fact that Mattel refused to narrow any of its grossly overbroad

14   demands.  (See Kidman Decl. Exh. 14)  Moreover, MGA submitted an additional

15   letter the following week, explaining its willingness to produce documents

16   responsive to yet more requests.  (See Bradley Decl. Ex. 1)  Mattel never responded

17   to these letters or the proposed offers, limitations and agreements referenced

18   therein.

19         Months later, following the Special Master's May 15 order regarding other

20   document requests, MGA sent Mattel yet another letter confirming that its prior

21   position was not inconsistent with such order and, in an overabundance of caution,

22   agreed to provide supplemental responses addressing the "relevant" and "non-

23   objectionable" language at issue.  (See Kidman Decl. Exh. 15, Bradley Decl. Exhs.

24   2, 3)  MGA submitted its supplemental responses to Mattel on May 31, 2007,

25   reflecting the Special Master's May 15 order.  (See Kidman Decl. Ex. 16)

26         Three weeks later, and without any further comment, complaint or

27   consultation about its discovery concerns, Mattel submitted the present Motion to

28

- 4 -

1  Compel.[4]  This motion seeks to compel the production of documents that MGA has
2  already agreed produce, documents that may be precluded by other motions
3  pending before the court, and documents that constitute an unreasonable and
4  overbroad fishing expedition not tailored to produce admissible evidence.  As such,
5  Mattel's motion to compel should be denied.

6

7  **III.   ARGUMENT**

8

9      **A.   Mattel's Motion Is Unnecessary And Should Be Denied With
10          Respect To The Majority Of Documents Specifically Identified
           Therein**

11

12          **1.   MGA Has Already Agreed to Produce Documents
                   Responsive to Many of the Requests at Issue**

13          The majority of Mattel's motion to compel is unnecessary and should be
14  denied on that basis alone.  On February 6, 2007, the parties met and conferred
15  regarding MGA's objections to Mattel's First set of Requests for Production.  (See
16  Kidman Decl. Exh. 13)  During the conference of counsel, MGA agreed to review
17  its responses to Mattel's requests, and followed by sending two letters to Mattel
18  outlining numerous requests to which MGA agreed to produce responsive
19  documents.  (See Kidman Decl. Exh. 14; Bradley Decl. Exh. 1)  The letters
20  explained that MGA would produce, subject to its General and Specific Objections,
21  documents responsive to Request Nos. 9-10, 12, 26, 29-30, 32-36, 45, 48-51, 118,
22  137, and 166.  *Mattel never responded to these letters*, and MGA acted on the belief
23  that its terms were acceptable to Mattel.  Yet Mattel now claims that MGA has
24  "refused" to produce responsive documents and seeks an order compelling same.
25  Moreover, as already discussed, MGA has already been producing numerous
26  documents responsive to these requests.  In view of the foregoing, Mattel's motion

27  ───────────────────────
28  [4] See Mattel, Inc.'s Notice of Motion and Motion to Compel Production of Documents by MGA
    Entertainment, Inc. and for Award of Monetary Sanctions, dated June 26, 2007.

1    to compel with respect to Requests Nos. 9-10, 12, 26, 29-30, 32-36, 45, 48-51, 118,

2    137, and 166 should therefore be denied as moot.

3

4              **2.    To the Extent MGA's Objections Are Based Upon Issues**
                       **Previously Pending Before the Court, MGA Will Revisit Its**
5                      **Responses to Those Requests**

6              Because of the previously pending motion to dismiss relating to the alleged

7    theft of trade secrets, MGA believed that production of documents responsive to

8    Request Nos. 65-117 and 119 (which seek documents concerning MGA-Mexico

9    and its employees, and other topics relevant to Mattel's "trade secrets"

10   counterclaims), should be delayed pending the outcome of the Court's order.[5]

11   Judge Larson, in an order dated June 27, 2007, determined that Mattel's trade secret

12   claims survived MGA's motion to dismiss.  As a result, MGA already had

13   determined that it would need to produce documents responsive to these Requests.

14   So as to avoid further burdening the Court, MGA agrees to produce any remaining

15   responsive documents to Request Nos. 65-117, 119.

16             **B.    Mattel's Motion With Respect To The Remaining Requests Should**
                       **Be Denied**
17

18             **1.    Mattel's Request Nos. 42, 54, 58-60, 138-140, 160-161, and**
                       **164 Are Grossly Overbroad and Unduly Burdensome**
19

20             A party is only entitled to discovery that is "relevant to the claim or defense

21   of any party," Fed. R. Civ. P. 26(b)(1).  Thus, a party may not propound document

22   requests as part of a fishing expedition to discover new claims.  Indeed, "discovery

23   may not be used to conduct a fishing expedition in hopes that some fact supporting

24   an allegation will be uncovered." *McColm v. Restoration Group, Inc.*, 2007 U.S.

25   Dist. LEXIS 36478 (E.D. Cal. May 18, 2007) (citing *Inst. for Wildlife Prot.*

26

27   _____

[5] Although the Special Master previously indicated that proof of trade secret theft is relevant to
28   Mattel's defenses to MGA's unfair competition claims, many of these Requests would have been
     grossly overbroad if MGA's motion to dismiss had been successful.

MGA'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

**Exhibit A - Page 8**

*Nortton*, 337, F. Supp. 2d 1223, 1226 (D. Wash. 2004). *See also Rivera v. NIBCO, Inc.* 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). The Special Master has previously ruled that document requests that are "untethered to a claim or defense," or "to fish for new claims" are beyond the scope of allowable discovery in this case. (See Bradley Decl., Exh. 4).

Numerous requests propounded by Mattel constitute just such a fishing expedition prohibited by the Special Master. For example, Mattel disingenuously suggests that certain of its requests are designed to elicit discoverable information about alleged theft of trade secrets through MGA's hiring practices. The requests, however, seek far more than that requesting broad categories of documents related to MGA's recruiting efforts and hiring practices from January 1, 1999 to the present time. Mattel's Request No. 59, for example, asks for "All DOCUMENTS RELATING TO any effort by YOU to recruit employees or contractors since January 1, 1999, including but not limited to advertising, media releases, brochures, articles, catalogs, handbooks, and public relations material." This request would require MGA to search documents related to the hiring of cleaning staff, administrative personnel, and countless others whose employment is immaterial to the matters at issue. Moreover, it remains unclear how MGA's general employee recruiting efforts affect Mattel's trade secrets claims.

Similarly, Request No. 138 seeks "All COMMUNICATIONS between YOU and any PERSON RELATING TO the departure from MATTEL of any current or former MATTEL employee or contractor." These requests are designed, not merely to seek out information relating to Mattel's claims, but rather to fish for new claims. Although Mattel refused to narrow these requests during the meet and confer process, the requests, as written, do not tie back to any existing claim. Instead, these Requests are designed to "fish" for new claims. While the Special Master has found that "[a]ny proof of trade secret theft is also relevant to Mattel's

- 7 -

defense against MGA's unfair competition claims," that does not give Mattel dispensation to request all documents relating to *all* of MGA's recruiting and hiring practices.  Yet Mattel's requests seek precisely that.

Mattel also requests documents relating to statements made by MGA to news organizations and through advertising, media releases and public relations material. Mattel argues that it seeks these documents because it believes they may contain admissions that support its position relating to ownership and copying of the contested MGA and Mattel products, damages, and trade secret theft.  Mattel's requests as written seek far more than that.  For example, Request No. 54 seeks "All DOCUMENTS RELATING TO any COMMUNICATION by YOU with any news organization regarding the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS", which would include any communication with any news organization regarding BRATZ for the past six years.  Request No. 55 asks for "All periodicals, whether they be magazines, newspapers, newsletters, or any other type of periodical, that mention the CONTESTED MGA PRODUCTS that have been published since January 1, 1999."  Similarly, Request No. 56 demands "All television or radio broadcasts or cablecasts that mention the CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999."  These requests encompass, among other things, every single advertisement MGA ever ran in connection with BRATZ or any of the other products at issue.

Having padded its motion to compel with mooted or premature requests, Mattel fails to address the central objections that MGA has raised in connection with the Requests that actually are in dispute.  Indeed, while Mattel's motion proffers its reasons for seeking certain types of documents, it ignores the fact that the requests as drafted are so broad that they would require MGA to provide Mattel with categories of documents beyond any defensible justification.  Mattel is not entitled to abuse the discovery process by propounding vast and unfocused requests seeking documents that are patently irrelevant to the present action.  MGA has

MGA'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL
CV 04-09049 SGL (RNBX)

**Exhibit A - Page 10**

1    been, and remains, willing to reconsider Mattel's requests when they are formatted

2    in a meaningful, reasonable manner that does not abuse either MGA or the

3    discovery process.  As written, however, MGA cannot be expected to produce the

4    far-reaching universe of documents requested by Mattel, and stands by its

5    objections relating to Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164.

6               **2.    Mattel's Request Nos. 1, 3-4, 13, 18 Relate To A Contested**
                        **Appeal Pending Before The Court And Are Therefore**
7                       **Unripe For A Motion To Compel**

8         When MGA provided its response to Mattel's First Set of Requests for

9    Production on May 31, 2007, MGA originally sought to narrow the scope of these

10   requests to avoid producing documents related to undisclosed products.  MGA

11   believed that documents related to MGA's undisclosed and/or unreleased product

12   information was not relevant to the instant litigation.  On May 15, 2007, the Special

13   Master issued an order compelling MGA to produce documents related to such

14   undisclosed products.  MGA appealed the Special Master's Order, which was heard

15   on July 2nd, 2007.  To the extent Mattel's requests seek documents concerning

16   MGA's unreleased production information, MGA believes that Mattel's motion to

17   compel MGA to produce documents responsive to Request Nos. 1, 3-4, 13, and 18

18   to be premature.[6]

19        Mattel also presently seeks to compel production of advertisements, media

20   releases and consumer materials that are not, and were never, presented to the

21   public in the purchasing context, including drafts, discards and documents that may

22   be held for future purposes.  Production of such documents should be limited to

23   materials that have actually been released to the public, where consumer confusion

24   takes place.  Mattel's claims that such unpublished, competitively sensitive

25   documents are relevant to post-sale confusion and serial copycatting are non-

26

27   _____

28   [6] That is, MGA agreed to produce documents that were available to the public, and hence not
     subject to the court's decision.  (See Kidman Decl., Exh. 14)

                                                    - 9 -                    MGA'S OPPOSITION TO
                                                                            MATTEL'S MOTION TO COMPEL
                                                                            CV 04-09049 SGL (RNBX)

sensical.  To the extent responsive, non-privileged documents were already available to consumers, potential consumers, *or Mattel*, MGA has already been producing and will continue to produce any such documents that are identified.

Accordingly, Mattel's request for an order compelling MGA to produce documents responsive to Request Nos. 1, 3-4, 13, and 18 should be denied.

## C.  <u>Sanctions Are Not Warranted</u>

Finally, Mattel argues that it is entitled to sanctions.  As set forth above, and contrary to Mattel's assertions, MGA has already produced or is diligently working to produce documents in response to the vast majority of Mattel's requests.  Furthermore, MGA properly raised legitimate objections to producing documents related to grossly overbroad requests[7] and proposed reasonable limitations given the pending motions before the court.[8]  Moreover, Mattel was not prejudiced by any alleged deficiencies in MGA's document request responses, particularly in light of Mattel's refusal to participate in a meaningful meet and confer process.  Furthermore, MGA has supplemented, refined and withdrawn certain of its objections so as to cure any alleged deficiencies.  Accordingly, sanctions are not appropriate.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Court should deny Mattel's motion to compel and for sanctions.

Dated:  July 3, 2007          O'MELVENY & MYERS LLP

By:  Michael C. Keats
Attorneys for MGA Entertainment, Inc.

---

[7] Kidman Decl., Exh. 8, Request Nos. 42, 54, 58-60, 138-140, 160-161, and 164.
[8] Kidman Decl., Exh. 8, Request Nos. 1, 3-4, 13, 18.

- 10 -

# EXHIBIT

# B

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

July 13, 2009

<u>VIA E-MAIL AND U.S. MAIL</u>

Annette Hurst
Orrick, Herrington & Sutcliffe LLP
The Orrick Building,
405 Howard Street
San Francisco, CA 94104

Re:    <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Ms. Hurst:

I write pursuant to paragraph 5 of the Discovery Master Stipulation and Order to request a meet and confer in advance of an anticipated motion by Mattel to compel and for sanctions regarding MGA's production of documents in response to Request Nos. 75, 85, 95, 105, and 115 of Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair Competition to MGA Entertainment, Inc., dated December 18, 2006.

These Requests seek all documents relating to the payment of "compensation, money, or any item of value" to or for Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San Jose, Janine Brisbois, and Ronald Brawer.  MGA was ordered to provide all documents responsive to these Requests by the Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents By MGA; Denying Request for Monetary Sanctions, dated August 14, 2007.

In its recent response to Interrogatory Nos. 68 and 69, MGA states that it has made a series of payments of legal fees for these individuals.  MGA has produced no documents reflecting these

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

Exhibit 𝐵 - Page 13

payments, although it is now clear that at least some such documents exist.  MGA is therefore in violation of its obligations under the August 14, 2007 order.

Please let me know when MGA will be supplementing its production.  In the alternative, let me know who will be handling this issue for defendants and when they are available to discuss it.  In the event that we are unable to promptly resolve these matters, Mattel anticipates bringing a motion to compel, to enforce the prior Order and for sanctions.

I look forward to hearing from you.


Very truly yours,


Scott L. Watson
07975/3006321.1

Exhibit *β* - Page 14

# EXHIBIT
# C

**Molinski, William**

| | |
|---|---|
| **From:** | Molinski, William |
| **Sent:** | Monday, July 20, 2009 10:21 AM |
| **To:** | 'Scott Watson' |
| **Cc:** | Hurst, Annette; Michael T Zeller |
| **Subject:** | RE: Meet & Confer |

Yes.



O R R I C K

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

**From:** Scott Watson [mailto:scottwatson@quinnemanuel.com]
**Sent:** Monday, July 20, 2009 10:20 AM
**To:** Molinski, William
**Cc:** Hurst, Annette; Michael T Zeller
**Subject:** Re: Meet & Confer

Bill,

Can you do 3?

Best,

Scott

**From:** Molinski, William <wmolinski@orrick.com>
**To:** Scott Watson
**Cc:** Hurst, Annette <ahurst@orrick.com>; Michael T Zeller
**Sent:** Mon Jul 20 09:34:05 2009
**Subject:** RE: Meet & Confer

Scott,
I can talk any time this afternoon. How about 2 pm?

Exhibit $\mathcal{C}$ - Page 15

Bill



ORRICK

**BILL A. MOLINSKI**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

**From:** Scott Watson [mailto:scottwatson@quinnemanuel.com]
**Sent:** Sunday, July 19, 2009 1:42 PM
**To:** Molinski, William
**Cc:** Hurst, Annette; Michael T Zeller; Scott Watson
**Subject:** Re: Meet & Confer

Bill:

I disagree with you, but I am happy to discuss these matters further with you tomorrow. Let me know what time works for you.

Best,

Scott

**From:** Molinski, William <wmolinski@orrick.com>
**To:** Scott Watson
**Cc:** Hurst, Annette <ahurst@orrick.com>; Michael T Zeller
**Sent:** Sun Jul 19 12:43:20 2009
**Subject:** RE: Meet & Confer

Scott:

Your statement that MGA "never asserted" an objection based on the attorney-client privilege is not accurate. MGA made clear in its responses that it would not produce any attorney-client or attorney work product protected information, and that nothing in its responses may be construed as a waiver of those privileges.

I am perfectly willing to continue meeting with you over these responses in an effort to avoid unnecessary court involvement. If, however, your only position is to insist on production of all records, including those over which a privilege has properly been asserted, I see no point in continuing our dialogue. Neither do I consider your position to be a good faith effort to meet and confer.

With respect to our conversation, I respectfully disagree. In an effort to reach some common ground, I specifically

Exhibit C - Page 16

asked you if you agreed with our position on certain issues (i.e., that we would not have to produce privileged information and that any resolution of this issue would also apply to the same requests propounded on MGA de Mexico, as well as also applying to Mattel).

Regards,
Bill



**ORRICK**

**BILL A. MOLINSKI**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

**From:** Scott Watson [mailto:scottwatson@quinnemanuel.com]
**Sent:** Friday, July 17, 2009 5:00 PM
**To:** Molinski, William
**Cc:** Hurst, Annette; Michael T Zeller; Scott Watson
**Subject:** RE: Meet & Confer

Bill,

MGA was ordered on August 14, 2007, to produce documents responsive to Requests 75, 85, 95, 105 and 115. If MGA will not immediately agree to produce all documents responsive to those requests, Mattel will file its motion.  Mattel will not agree to limit MGA's obligation to do so, especially on the grounds of privilege, which was never asserted as an objection to those requests.

Moreover, if you believe that Mattel has somehow failed to comply with its own obligations as you have vaguely suggested, then you need to send a meet and confer letter as required by the Discovery Master Stipulation and Order.  Those claims, however, do not excuse MGA's non-compliance.

I will not address your comments regarding my "authority."  You and I both know that your initial email in this chain (purporting to confirm agreements we never reached) was inaccurate.  I called you this afternoon to discuss the foregoing with you, but you have not returned my call.

Best,

Scott

**From:** Molinski, William [mailto:wmolinski@orrick.com]
**Sent:** Friday, July 17, 2009 2:01 PM
**To:** Scott Watson

Exhibit *L* - Page 17

**Cc:** Hurst, Annette; Michael T Zeller
**Subject:** RE: Meet & Confer

Scott,
As I mentioned on the call, MGA is truly interested in trying to reach some agreement on these issues that will
obviate the need to involve the Court or Discovery Master. As I indicated, which you seemed unaware, the
Discovery Master has already addressed the underlying substance of the issue as to what materials regarding
payment of fees are privileged and what are not. I would like to meet with you on these issues, but need to know
in advance that you have the authority to reach some agreement on these issues. If your agreements are not
agreements on behalf of your clients, then I see little point in meeting and conferring.
Further, as I indicated in my email yesterday and reiterated today, this same issue is raised in the motions to
compel by Mattel against MGA de Mexico. I need to know that we are truly resolving this issue. So I am prepared
to discuss this with you (assuming you have authority to reach agreements) but need to know that (1) it will
resolve the same issue vis-a-vis the motion to compel against MGA de Mexico, and (2) Mattel agrees that
whatever we agree on this issue will be binding as to similar requests served on Mattel. Please confirm you (and
Mattel) agree with this. If so, I think we can have a productive call designed to resolve these issues.
Regards,
Bill



ORRICK

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Scott Watson [mailto:scottwatson@quinnemanuel.com]
**Sent:** Friday, July 17, 2009 12:31 PM
**To:** Molinski, William
**Cc:** Hurst, Annette; Michael T Zeller
**Subject:** RE: Meet & Confer

Bill,

At no point in our call did I "agree" to anything except that I would review the order referenced, discuss the issues
we were talking about with my colleagues, and call you back to discuss these issues further. To the extent that
your email purports to confirm any agreement beyond that, I disagree with your characterization of our call. There
were no such agreements.

Scott

---

**From:** Molinski, William [mailto:wmolinski@orrick.com]
**Sent:** Friday, July 17, 2009 12:20 PM

Exhibit $\mathcal{C}$ - Page 18

**To:** Scott Watson
**Cc:** Hurst, Annette
**Subject:** Meet & Confer

Scott:

This will confirm the conversation we just had in an effort to resolve issues surrounding any payments made on behalf employees and former employees of a party. As I indicated, we are willing to discuss the production of non-privileged documents, and the issue we need to resolve is what information is and is not privileged. You agreed that we would not have to produce information that is privileged, although you indicated that you thought any such information should be on a privilege log. You agreed that you would review the May 6, 2009 Order by the Discovery Master, in which he indicates what information concerning the payment of attorneys fees could be discoverable and what information would be privileged. You agreed that after you reviewed that Order, you would inform me as to what information Mattel believed was discoverable and non-privileged. We will then attempt to resolve this issue, which would apply to the same documents that may be in the possession of MGA de Mexico, and which are subject to the current motions to compel. Finally, you said that you understood that any agreement we reach on the discoverability of such information concerning the payment of attorneys fees for current or former employees or other third party witnesses would be equally applicable to any request we make for such information from Mattel.
I look forward to speaking with you later today.

Bill



O R R I C K

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

"EMF <orrick.com>" made the following annotations.
----------------------------------------------------------------------
======================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.

```
================================================================
```

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
```

```
================================================================
================================================================
```

Exhibit C - Page 20

# EXHIBIT

# D

**Molinski, William**

| | |
|---|---|
| **From:** | Molinski, William |
| **Sent:** | Monday, July 20, 2009 1:54 PM |
| **To:** | 'Scott Watson'; Michael T Zeller |
| **Cc:** | Hurst, Annette |
| **Subject:** | Meet and Confer |

Scott:

As I indicated last week, any discussion we have on the topic of what documents should be produced regarding the payment of attorneys fees for former employees should also address MGA's requests on that issue. As a result, I request that we include in our discussion today Mattel's responses to MGA's requests nos. 530 and 531. If you are unwilling to do so today, please let me know when we can meet and confer on those responses. What I would like to discuss is whether Mattel has provided or will agree to provide the same categories of documents regarding Mattel's payment of fees on behalf of former employees and other third parties as you are seeking from MGA concerning the payment of fees on behalf of Machado et al.

Bill



O R R I C K

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
*777* SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

Exhibit ⏀ - Page 21

# EXHIBIT E FILED UNDER SEAL

# EXHIBIT

# F

1 | DIANA M. TORRES (S.B. #162284)
2 | O'MELVENY & MYERS LLP
    400 South Hope Street
3 | Los Angeles, California 90071-2899
    Telephone: (213) 430-6000
4 | Facsimile: (213) 430-6407
    Email: dtorres@omm.com
5 |
    DALE M. CENDALI (admitted pro hac vice)
6 | MICHAEL KEATS (admitted pro hac vice)
    JOHANNA SCHMITT (admitted pro hac vice)
7 | O'MELVENY & MYERS LLP
    Times Square Tower
8 | 7 Times Square
    New York, New York 10036
9 | Telephone: (212) 326-2000
    Facsimile: (212) 326-2061
10 | Email: dcendali@omm.com

11 | PATRICIA GLASER (S.B. # 55668)
    CHRISTENSEN, GLASER, FINK,
12 | JACOBS, WEIL & SHAPIRO LLP
    10250 Constellation Boulevard, 19th Floor
13 | Los Angeles, CA  90067
    Telephone:  (310) 553-3000
14 | Facsimile:   (310) 556-2920
    Email: pglaser@chrisglase.com
15 |
    Attorneys for Plaintiff
16 | MGA Entertainment, Inc.

17 |

18 | **UNITED STATES DISTRICT COURT**

19 | **CENTRAL DISTRICT OF CALIFORNIA**

20 | **EASTERN DIVISION**

21 | CARTER BRYANT, an individual,            Case No.  CV 04-09049 SGL (RNBx)
                                              (Consolidated with CV 04-9059 and
22 |           Plaintiff,                     CV 05-2727)

23 |      v.                                  **MGA'S FIFTH SET OF**
                                              **REQUESTS FOR THE**
24 | MATTEL, INC., a Delaware Corporation,    **PRODUCTION OF**
                                              **DOCUMENTS AND THINGS IN**
25 |           Defendant                      **CASE NO. 05-2727**

26 | CONSOLIDATED WITH

27 | MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v.
28 | MATTEL, INC.

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit F - Page 63

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | MGA ENTERTAINMENT, INC. |
| 2 | RESPONDING PARTY: | MATTEL, INC. |
| 3 | SET NO. | FIVE |
| 4 | NOS. | 470 - 531 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on September 4, 2007, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

## DEFINITIONS

As used in these Requests:

1. "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel v. Bryant, Inc., first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

2. "ACCELERACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "AcceleRacerS."

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit F - Page 64

3.      "ADVERTISEMENT" means a commercial message or advertisement in any medium, including without limitation, television, radio, movies, magazines, newspapers, the Internet, signage, and billboards.

4.      "ASAHI" means Asahi Kasei Life & Living Corporation and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Asahi Kasei Life & Living Corporation and any others acting on Asahi Kasei Life & Living Corporation's behalf, pursuant to its authority or subject to its control.

5.      "BRATZ" means and refers to each image, character, logo, doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress, including, but not limited to, fashion dolls, styling heads, and plush toys.

6.      "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, and any other person acting on his behalf, pursuant to his authority or subject to his control.

7.      "CONTESTED MGA PRODUCTS" means "Bratz" female fashion dolls and their packaging, products in the "Bratz Wintertime Wonderland" theme, products in the "Bratz Formal Funk" theme, products in the "Bratz Sun Kissed Summer" theme, products in the "Bratz Forever Diamondz" theme, "Bratz Petz" plush toys (including "Bratz Dogz") and their packaging, "Bratz Funky Fashion Makeover" heads, "Bratz Formal Funk Super Stylin' Runway Disco" playset and packaging, "4-Ever Best Friends" dolls and packaging, "Mommy's Little" doll line, and "Alien Racers" toy racing vehicles, as identified in Response to

- 2 -

Interrogatory No. 2 of MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition.

8.     "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

9.     "COUNTERCLAIM[S]" means the Second Amended Answer and Counterclaims filed by Mattel on July 12, 2007.

10.     "DIVA STARZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Diva Starz."

11.     "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost

- 3 -

1   sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase

2   orders, telephone records, telegrams, telexes, literature, invoices, contracts,

3   purchase orders, estimates, recordings, transcriptions of recordings, records,

4   books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs,

5   video, audio and digital recordings, television commercials, story boards, website

6   or other spot advertisements, movies, movie trailers, prototypes, products, diaries,

7   calendars, charts, drawings, sketches, messages, photographs and data contained in

8   or accessible through any electronic data processing system, including, but not

9   limited to, computer databases, data sheets, data processing cards, computer files

10   and tapes, computer disks, CD-ROMs, computer metadata, microfilm, microfiche,

11   electronic mail, website and web pages and transcriptions thereof and all other

12   memorializations of any conversations, meetings and conference, by telephone or

13   otherwise.  The term DOCUMENT also means every copy of a DOCUMENT,

14   where such copy is not an identical duplicate of the original, whether because of

15   deletions, underlinings, showing of blind copies, initialing, signatures, receipt

16   stamps, comments, notations, differences in stationery or any other difference or

17   modification of any kind.

18       12.   "EARLY LIGHT" means the toy manufacturer Early Light Industrial

19   Company Limited and any of its past or present officers, directors, agents,

20   employees, representatives, consultants, attorneys, parents, subsidiaries, divisions,

21   affiliates, predecessors-in-interest, entities and persons acting in joint venture or

22   partnership relationships with Early Light Industrial Company Limited and any

23   others acting on Early Light Industrial Company Limited's behalf, pursuant to its

24   authority or subject to its control.

25       13.   "FILO" means L.A.M.P. S.p.A., and any of its past or present

26   officers, directors, agents, employees, representatives, consultants, attorneys,

27   parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and

28   persons acting in joint venture or partnership relationships with L.A.M.P. S.p.A.

<div align="center">- 4 -</div>

1    and any others acting on L.A.M.P. S.p.A.'s behalf, pursuant to its authority or

2    subject to its control.

3          14.   "FISHER-PRICE" means Fisher-Price, Inc. and any of its past or

4    present officers, directors, agents, employees, representatives, consultants,

5    attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest,

6    entities and persons acting in joint venture or partnership relationships with Fisher-

7    Price, Inc. and any others acting on Fisher-Price, Inc.'s behalf, pursuant to Fisher-

8    Price, Inc.'s authority or subject to Fisher-Price, Inc.'s control.

9          15.   "JETTA" means the toy manufacturer Jetta Company Limited, and

10   any of its past or present officers, directors, agents, employees, representatives,

11   consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

12   interest, entities and persons acting in joint venture or partnership relationships

13   with Jetta Company Limited and any others acting on Jetta Company Limited's

14   behalf, pursuant to its authority or subject to its control.

15         16.   "KANEKA" means plastics manufacturer Kaneka Corporation, and

16   any of its past or present officers, directors, agents, employees, representatives,

17   consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

18   interest, entities and persons acting in joint venture or partnership relationships

19   with Kaneka Corporation and any others acting on Kaneka Corporation's behalf,

20   pursuant to its authority or subject to its control.

21         17.   "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

22         18.   "MATTEL," "YOU," or "YOUR" means defendant MATTEL, Inc.

23   and any of its past or present officers, directors, agents, employees,

24   representatives, attorneys, parents, subsidiaries, divisions, affiliates,

25   predecessors-in-interest, entities and persons acting in joint venture or partnership

26   relationships with YOU and any others acting on YOUR behalf, pursuant to

27   YOUR authority or subject to YOUR control.

28

- 5 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit F - Page 68

19.   "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

20.   "MY SCENE" means and refers to each image, character, logo, doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "MY SCENE."

21.   "PERSON[S]" means any or all entities, including but not limited to, any or all individuals, single proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

22.   "POLLY POCKET COLOR SURPRISE POLLY" means and refers to each image, character, logo, doll, styling head, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Polly Pocket Color Surprise Polly."

23.   "REFERRING OR RELATING TO" should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit F - Page 69

24.    "SIMBA TOYS" means Simba Toys GmbH and Company KG, Simba Toys (France), Simba Toys (Hong Kong) Ltd. and/or any of their parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Simba Toys GmbH and Company KG, Simba Toys (France) and/or Simba Toys (Hong Kong) Ltd.

25.    "SIMBA LITIGATION" means any litigation between SIMBA TOYS and MATTEL, including, but not limited to, (1) the litigation in Germany resulting in a decision by the Bundesgerichtshof (BGH) on or about October 28, 2004; (2) litigation in France resulting in a decision by the Commercial Court of Paris on or about June 28, 2002; and (3) litigation in the United Kingdom before the High Court of Justice, Chancery Division, Patents Court under docket or reference number HC 03 CO 2684 in 2003.

26.    "UNIVERSAL" means Universal Commerce Corporation Limited and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Universal Commerce Corporation Limited and any others acting on Universal Commerce Corporation Limited's behalf, pursuant to its authority or subject to its control.

27.    "ZEUS SERVER" means the "Zeus server" as defined in the deposition of MATTEL's 30(b)(6) witness, Julia Marine.

28.    The singular form includes the plural, and vice versa.

29.    The terms "any" and "all" are interchangeable.

30.    The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

- 7 -

1      All DOCUMENTS that YOU (including YOUR agents and attorneys)

2 provided to law enforcement authorities in Mexico, Canada or the United States,

3 including but not limited to the United States Attorney's Office, the Department of

4 Justice and any national, regional, state or local authorities, concerning any of the

5 allegations in YOUR COUNTERCLAIMS or any other alleged taking of

6 confidential MATTEL information by MGA or persons currently or formerly

7 employed by MGA.

8 **REQUEST NO. 529:**

9      All DOCUMENTS that support the information and belief alleged in

10 paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.

11 **REQUEST NO. 530:**

12      All DOCUMENTS, including but not limited to agreements, draft

13 agreements and correspondence, REFERRING OR RELATING TO the payment or

14 offer of payment of attorneys fees by MATTEL to any PERSON in connection this

15 ACTION.

16 **REQUEST NO. 531:**

17      DOCUMENTS sufficient to show YOUR fee arrangement with YOUR

18 counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection

19 with this ACTION, including, but not limited to, a copy of the fee agreement or

20 retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges

21 LLP.

22

23      Dated: August 3, 2007           O'MELVENY & MYERS LLP

24

25

26                                 Melanie Bradley
                                Attorneys for MGA Entertainment, Inc.

27

28

1704218

                            MGA'S FIFTH SET OF REQUESTS FOR THE
                            PRODUCTION OF DOCUMENTS AND THINGS

Exhibit F - Page 71

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 South Hope Street, Los Angeles, California 90071-2899.

On August 3, 2007, I caused to be personally served the following documents:

1. **MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727.**

upon counsel named below by placing a true and correct copy thereof in an envelope addressed as follows:

John Quinn, Esq.
Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California  90017

☒ (By Personal Service)  I prepared such envelope to be delivered by hand to the addressee(s) by Nationwide Legal, Inc. Attorney Services, whose address is 316 W. 2nd Street, Suite 705, Los Angeles, California  90012.

☐ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on August 3, 2007, at Los Angeles, California.

Mary C. Layman

LA2:830924.1

Exhibit /̶ - Page 72