1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148008)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13                  UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15                          EASTERN DIVISION

16  CARTER BRYANT, an individual,        Case No.  CV 04-9049-SGL (RNBx)

17              Plaintiff,               Consolidated with:
                                         Case No. CV 04-9059
18        v.                             Case No. CV 05-2727

19  MATTEL, INC., a Delaware             **DISCOVERY MATTER**
    corporation,
20                                       **[To Be Heard By Discovery Master
              Defendant.                 Robert C. O'Brien]**
21
                                         [PROPOSED] ORDER RE MGA
22  AND CONSOLIDATED ACTIONS             ENTERTAINMENT, INC. AND ISAAC
                                         LARIAN'S CROSS-MOTION FOR
23                                       PROTECTIVE ORDER LIMITING THE
                                         SCOPE OF EXAMINATION AT
24                                       FURTHER DEPOSITION OF MR.
                                         LARIAN
25

26

27

28

1    After full consideration of all submissions of the parties, the evidence

2  presented, and the argument of counsel, the Discovery Master hereby finds and

3  concludes as follows:

4    1.    MGA Entertainment, Inc. ("MGAE") is a competitor of Mattel, and

5  Mr. Larian is necessary to the conduct of its business.  Mr. Larian's prior deposition

6  and trial testimony taken by Mattel encompasses more than nine hundred pages.

7  Mr. Larian has been previously examined on numerous topics, including all Phase 2

8  topics other than the new transactions that became part of the case when Mattel was

9  granted leave to file its Third Amended Answer and Counterclaims ("TAAC").

10  Mattel's requested additional time with Mr. Larian of twenty-one hours is unduly

11  burdensome.

12    2.    Mattel has not met its burden under Rules 30(d)(1) and 26(b)(2) of

13  demonstrating that a fair examination requires any more additional deposition time

14  with Mr. Larian than the four hours offered by counsel for the MGA Parties.  Mattel

15  has not demonstrated that its prior opportunity to examine on Phase 2 issues was

16  inadequate, nor has it shown that fair examination on the new transactions will

17  require more than four hours.  The record does not support a conclusion that Mr.

18  Larian impeded his prior deposition.  Mattel's assertion that MGAE's subsequent

19  document productions justify further examination is not supported with any

20  specifics, and furthermore is precluded by Magistrate Judge Block's prior order that

21  Mattel's decision to depose Mr. Larian early in the case required it to assume the

22  risk of later document productions.  Mattel may not unduly burden Mr. Larian

23  because of its prior tactical choices.

24    3.    Mattel is ordered to examine the witness for the stipulated time on a

25  date and time mutually agreeable to both parties, and if it determines that additional

26  time is necessary it should engage in good faith meet and confer in an effort to

27  reach an agreement for additional time, and if that fails it may return to the

28  Discovery Master without prejudice and with a complete record upon which to

[PROPOSED] ORDER RE CROSS-MOTION FOR PROTECTIVE ORDER
CV 04-9049 SGL (RNBx)

1    evaluate its request for relief.

2         4.    Good cause exists to limit the scope of further examination to the new

3    transactions ("IGWT" and "Omni 808/Wachovia") identified in the TAAC.  Mattel

4    had proposed in requesting its additional twenty-one hours that it must examine Mr.

5    Larian in substantial part regarding topics upon which he has already been

6    examined at length, including the issues that were litigated in the Phase 1

7    Proceedings.  Given the breadth of issues in the case about which the witness has

8    previously been examined, requiring Mr. Larian to prepare on every possible topic

9    that may be of relevance in the case is also a substantial burden.  Accordingly, in

10   light of Mattel's prior opportunities to examine the witness, in order to obtain the

11   benefit of a full record on the issue of how much time is in fact required to examine

12   fairly on the new transactions, and in order to limit the burden to Mr. Larian and

13   MGAE of the prospect of repeated examination on topics already covered, MGAE

14   and Mr. Larian have shown good cause for a protective order limiting the subject

15   matter of examination at the resumed deposition.

16        Accordingly, it is hereby ORDERED that Mattel's Motion for Additional

17   Time for the Deposition of Isaac Larian is DENIED WITHOUT PREJUDICE

18   pursuant to the requirements provided herein, and MGAE and Mr. Larian's Cross-

19   Motion for Protective Order Limiting the Scope of Examination of Further

20   Deposition of Mr. Larian is GRANTED.  Mattel's further examination during the

21   stipulated four-hour period shall be limited to the "IGWT" and "Omni

22   808/Wachovia Transactions" first added to the TAAC.

23        It is so ORDERED.

24

25   Dated: _____, 2009      _____

26                                      Discovery Master Robert C. O'Brien

27

28
                                                  [PROPOSED] ORDER RE CROSS-MOTION FOR PROTECTIVE
                                    - 2 -                                    ORDER
                                                  CV 04-9049 SGL (RNBx)