Robert C. O'Brien (SBN 154372)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401
obrien.robert@arentfox.com

Discovery Master

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant. | Case No.  CV 04-09049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**PHASE 2 DISCOVERY MATTER**<br><br>**ORDER NO. 43, REGARDING:**<br><br>**DEPOSITIONS OF NEIL KADISHA AND LEON NEMAN** |
| CONSOLIDATED WITH MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

ORDER NO. 43
[Case No. CV 04-09049 SGL (RNBx)]

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

As part of Order No. 33, the Discovery Master ordered Neil Kadisha and Leon Neman to sit for their depositions "before the end of July." (Letter from Peter Villar to Robert C. O'Brien dated July 24, 2009, p. 1). Prior to the expiration of this deadline, Messrs. Kadisha and Neman requested that the Discovery Master extend it to September, 2009. (*Id*., p. 2; Letter from Todd Gordinier to Robert C. O'Brien dated July 29, 2009, p. 1). They claim a continuance of their depositions is justified for two reasons.

First, they assert that "efficiency, judicial economy and fundamental fairness" warrant an extension because they may have to be re-deposed again in the future. (Letter from Peter Villar to Robert C. O'Brien dated July 24, 2009, p. 1). Put another way, they argue that other pending discovery disputes and the possibility that Mattel, Inc. ("Mattel") may seek leave to file a Fourth Amended Answer and Counterclaim "have the potential to require the production of additional information or documents or otherwise alter the scope of the depositions." (*Id*.; Letter from Todd Gordinier to Robert C. O'Brien dated July 29, 2009, p. 1). These arguments are unsupported by any legal authority. Federal Rule of Civil Procedure 26(d)(2) makes clear that "methods of discovery may be used in any sequence" by a party, including Mattel. Therefore, Mattel may proceed with the depositions at a time of its choosing, not when Messrs. Kadisha and Neman believe that all pending discovery matters have been resolved to their satisfaction. A rule to the contrary would create discovery gridlock. The Discovery Master and Court in this action will not allow multiple depositions of the same individual without good cause, so if Mattel seeks to re-depose these witnesses at some future point, the witnesses are free to seek a protective order.

Second, Messrs. Kadisha and Neman argue that "there are a number of . . . scheduling problems that unfortunately require flexibility on the part of all parties in scheduling these depositions," including Mr. Neman's unavailability due to an unspecified medical issue involving his mother and scheduling conflicts in July and

August for Mr. Kadisha, Todd Gordinier and MGA's counsel. (Letter from Peter Villar to Robert C. O'Brien dated July 24, 2009, p. 1). While the Discovery Master is sympathetic to any legitimate medical issue involving Mr. Neman's mother, the mere assertion of a "serious medical condition" without specifying what days her situation would render Mr. Neman unavailable is insufficient to allow proper evaluation of the issue and set a date for his deposition. Further, with respect to Mr. Kadisha's schedule as well as that of his counsel, the Discovery Master ordered his deposition to proceed on May 18, 2009 and granted him forty-five days in which to appear. This amount of time should have been more than sufficient for any scheduling conflicts to have been avoided. Of course, counsel on both sides are requested to work together in good faith to avoid undue burdens to each others' and the witnesses' schedules.

Accordingly, the Discovery Master **ORDERS** as follows:

1. Neil Kadisha shall sit for his deposition within ten (10) court days of this Order and comply with Order No. 33 in all other respects. Counsel for Neil Kadisha shall immediately meet and confer with Mattel's counsel to determine a mutually agreeable date within the foregoing period for Mr. Kadisha's deposition. If no such agreement can be reached, Mattel may seek *ex parte* relief from the Discovery Master, who will then set a date for the deposition.

2. Counsel for Leon Neman shall immediately meet and confer with Mattel's counsel to determine a mutually agreeable date for Mr. Neman's deposition. If no such agreement can be reached, Mattel may seek *ex parte* relief from the Discovery Master, who will then set a date for the deposition.

Dated: July 30, 2009

By: /s/ Robert C. O'Brien
ROBERT C. O'BRIEN
Discovery Master