MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148008)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1-415-773-5700
Facsimile:    +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   +1-213-629-2020
Facsimile:    +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-SGL (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009]<br><br>**MGA ENTERTAINMENT, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2 REQUESTS FOR PRODUCTION AND FOR PRODUCTION OF DOCUMENTS**<br><br>Date:         TBD<br>Time:         TBD<br>Courtroom: TBD<br><br>**Phase 2**<br>Discovery Cutoff:     December 11, 2009<br>Pretrial Conference: March 1, 2010<br>Trial Date:               March 23, 2010 |

# NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2 REQUESTS FOR PRODUCTION AND FOR PRODUCTION OF DOCUMENTS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, at a hearing before Discovery Master Robert C. O'Brien that will occur on a date and at a time to be determined by the Discovery Master, MGA Entertainment, Inc. ("MGA") will, and hereby does, move the Discovery Master for an order:

(1) compelling Mattel, Inc. ("Mattel") to produce all relevant, non-privileged documents in Mattel's custody, possession or control which are responsive to MGA's First Set of (Phase 2) Requests for Production of Documents and Things (the "Requests");

(2) compelling Mattel to provide MGA with a privilege log sufficient for MGA to assess the validity of Mattel's privilege claims with respect to all documents withheld on privilege grounds;

(3) overruling all of Mattel's objections to the Requests; and

(4) imposing sanctions against Mattel for requiring MGA to bring the instant motion.

This Motion is made pursuant to Federal Rules of Civil Procedure 34 and 37 and the Order appointing the Discovery Master on the grounds that Mattel has failed to address deficiencies in its responses to the Requests, has failed to produce documents responsive to the Requests, and has ignored efforts to meet and confer.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Caroline H. Mankey and Christopher J. Chaudoir and Separate Statement filed concurrently herewith, the records and files of this Court, any argument to be presented upon the hearing of this Motion, and all other matters of which the Court may take judicial notice.

## **STATEMENT OF COMPLIANCE**

On information and belief, the parties met and conferred concerning the issues regarding this motion beginning on June 24, 2009 and continuing thereafter, including on July 7, 2009, July 8, 2009 and July 16, 2009.

Dated:  July 31, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  ___/s/ William A. Molinski___
William A. Molinski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..........................................................................................................1

BACKGROUND ...........................................................................................................1

    A.    MGA's First Set of Phase 2 Requests for Production to Mattel...........1

    B.    MGA's Meet and Confer Efforts .........................................................2

ARGUMENT .................................................................................................................3

I.    MATTEL MUST BE COMPELLED TO RESPOND TO MGA'S REQUESTS AND TO PRODUCE ALL RESPONSIVE DOCUMENTS. ...............................................................................................3

II.    MATTEL MUST ALSO BE COMPELLED TO PRODUCE THE RESPONSIVE DOCUMENTS IT HAS AGREED TO PRODUCE BY A DATE CERTAIN ................................................................................5

III.    MATTEL'S OBJECTIONS ARE UNFOUNDED .........................................6

    A.    The Requests Are Not Overly Broad ...................................................6

    B.    The Requests Do Not Pose An Undue Burden ....................................7

    C.    The Requests Seek Relevant Information............................................9

    D.    Mattel's Remaining Objections Are Baseless ...................................10

IV.    MATTEL SHOULD BE SANCTIONED......................................................11

CONCLUSION............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*A. Farber and Partners, Inc. v. Garber*,
  234 F.R.D. 186 (C.D. Cal. 2006) .................................................................. 6

*Am. Oil Co. v. Penn. Petro. Co.*,
  23 F.R.D. 680 (D. R.I. 1959) ........................................................................ 9

*In re Bankers Trust Co.*,
  61 F.3d 464 (6th Cir. 1995) .......................................................................... 3

*Jackson v. Montgomery Ward & Co., Inc.*,
  173 F.R.D. 524 (D. Nev. 1997) .................................................................... 7

*Lamoureux v. Genesis Pharmacy Services, Inc.*,
  226 F.R.D. 154 (D. Conn 2004) ................................................................... 5

*Mintz v. Dietz & Watson, Inc.*,
  2008 WL 5147234 (S.D. Cal. Dec. 5, 2008) ................................................ 5

*Nagele v. Electronic Data Systems Corp.*,
  193 F.R.D. 94 (W.D.N.Y. 2000) .................................................................. 7

*O'Connor v. Boeing North American, Inc.*,
  185 F.R.D. 272 (C.D. Cal. 1999) ................................................................. 9

*Rockwell Int'l Corp. v. H. Wolfe Iron & Co Metal Co.*,
  576 F. Supp. 511 (W.D. Pa. 1983) ............................................................... 3

*Streck, Inc. v. Research & Diagnostic Systems, Inc.*,
  250 F.R.D. 426 (D. Neb. 2008) .................................................................... 5

*Walker v. Lakewood Condominium Owners Ass'n*,
  186 F.R.D. 584 (C.d. Cal. 1999) .................................................................. 6

## STATUTES

Fed. R. Civ. P.
  34 .................................................................................................................. 1
  37 .................................................................................................................. 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

MGA propounded its First Set of Phase 2 Requests for Production of Documents and Things (the "Requests") to obtain information concerning Mattel's allegations of trade secret misappropriation. Among other things, the Requests seek information concerning Mattel's former employees, Trueba, Vargas, Machado, Brisbois, and Castilla and Mattel's allegations that these individuals took trade secret information from Mattel before resigning from their positions for use at MGA.

After weeks of meeting and conferring with Mattel, wherein Mattel agreed to supplement responses and produce responsive documents to certain Requests, Mattel has ceased communicating with MGA concerning the Requests. Moreover, to date, Mattel has not produced a single document responsive to the Requests – or indicated responsive documents have already been produced – has not produced electronic media that it has specifically identified as responsive, and has not provided supplemental responses to the Requests as promised. Finally, though Mattel agreed to produce some electronic media of individual former Mattel employees, Mattel has placed unnecessary and unsustainable limitations on the production of that information and has ignored MGA's proposed protocol for the production of electronic media.

Accordingly, MGA's Motion to Compel should be granted in its entirety. Mattel should be ordered to serve full and complete responses to each of the Requests without objection, be ordered to produce all responsive documents related to each of the Requests and be ordered to produce all responsive electronic media.

## BACKGROUND

**A.   MGA's First Set of Phase 2 Requests for Production to Mattel.**

On March 27, 2009, MGA served its First Set of Phase 2 Requests for Production of Documents and Things on Mattel. See Declaration of Christopher J.

1  Chaudoir ("Chaudoir Decl."), Ex. 1.  The Requests seek information related to
2  Mattel's assertion of trade secret misappropriation against MGA.  Mattel responded
3  to the Requests on April 27, 2009 with a series of generic objections, conditional
4  agreements to produce documents and equivocal statements concerning the
5  production of responsive documents it had in its possession.  Chaudoir Decl., Ex 2.

### B. MGA's Meet and Confer Efforts.

As a result of Mattel's inadequate responses, on June 24, 2009, MGA sent a detailed meet and confer letter to Mattel.  See Declaration of Caroline H. Mankey ("Mankey Decl."), Ex. A.  The letter explained that Mattel's objections to the Requests were non-specific, unsupported and boilerplate and did not form a legitimate basis for withholding responsive documents.  Id.  On June 30, 2009, Mattel disingenuously asserted that it did not understand that nature of MGA's dispute with Mattel's responses.  Mankey Decl., Ex. B.

In an effort to further meet and confer with Mattel prior to filing a motion to compel, MGA responded on July 1, 2009, identifying the responses on which MGA wanted to meet and confer and noting that the production was inadequate because Mattel had failed to produce any responsive documents despite its agreement to do so.  Mankey Decl., Ex. C.  That same day, MGA engaged in further meet and confer discussions with Mattel concerning the Requests and Mattel's deficient responses.  Mankey Decl., ¶ 5.  During that discussion, Mattel agreed to produce certain responsive documents, supplement certain responses and confirm certain documents did not exists.  Id.  The agreement was confirmed by letter dated July 7, 2009.  Mankey Decl., Ex. D.

On July 8, 2009, MGA again met and conferred concerning the Requests, Mattel's responses and Mattel's previous agreement.  Mankey Decl., ¶ 6; Chaudoir Decl., ¶¶ 4, 5.  Mattel confirmed that the letter accurately described the previous discussions, but would not confirm an agreement to produce responsive documents on or before July 15, 2009 as requested in MGA's letter.  Id.  Mattel also promised

1 to respond to the concerns raised in MGA's July 7, 2009 letter and provide a
2 written response to those concerns within "a couple of days." Id.  Having not
3 received a response by July 16, 2009, MGA followed up with a letter to Mattel
4 requesting the promised written response. Chaudoir Decl., Ex. 3.  To date, Mattel
5 has not provided the promised response or produced responsive documents.
6 Chaudoir Decl., ¶ 9.

7     During the same July 8, 2009 telephone call, Mattel also offered to draft a
8 proposed electronic discovery protocol concerning the production of hard drives
9 from personal computers assigned to several former Mattel employees that Mattel
10 identified as responsive to Requests Numbers 4, 14, 24, 25 and 48.  Mankey Decl.,
11 ¶ 6; Chaudoir Decl., ¶ 5.  Later in that call, however, Mattel suggested that MGA
12 prepare the protocol. Id.  In order to avoid delaying the production of the electronic
13 media by Mattel, MGA agreed to draft the protocol and provided the protocol to
14 Mattel on July 16, 2009. Chaudoir Decl., Ex. 4.  Again, Mattel has failed to
15 produce the computer drives, much less comment on the draft protocol. Chaudoir
16 Decl., ¶ 9.

17     In sum, Mattel has ignored MGA's efforts to obtain critical information
18 concerning Mattel's trade secret claim, respond to MGA's Requests or produce
19 responsive documents.

20 **ARGUMENT**

21 **I. MATTEL MUST BE COMPELLED TO RESPOND TO MGA'S REQUESTS AND TO PRODUCE ALL RESPONSIVE DOCUMENTS.**
22

23     Federal Rule of Civil Procedure 34 permits a party to propound requests for
24 production of documents and things.  Rule 34 requires that a responding party
25 produce all relevant documents that are in its "possession, custody, or control."
26 Rockwell Int'l Corp. v. H. Wolfe Iron & Co Metal Co., 576 F. Supp. 511, 512
27 (W.D. Pa. 1983).  The actual possession of the document is not required.  See In re
28 Bankers Trust Co., 61 F.3d 464, 469 (6th Cir. 1995).

1       MGA properly served its Requests on Mattel and has complied with its meet
2  and confer obligations.  Indeed, during the meet and confer discussion, Mattel
3  agreed to supplement certain responses, produce responsive documents and confirm
4  that responsive documents to certain requests do not exist, as more fully detailed in
5  MGA's Separate Statement In Support of MGA's Motion to Compel ("Separate
6  Statement") filed concurrently herewith.  For example, Mattel agreed to supplement
7  its responses to Request Numbers 6, 67 and 68 and confirm that it does not have
8  responsive documents to Request Numbers 10, 12, 20, 21, 22, 32 and 33.  See
9  Mankey Decl., Ex. D.  Despite Mattel's agreement, Mattel has not completed these
10 tasks.  Mankey Decl., ¶ 4; Chaudoir Decl., ¶ 9.

11      Separately, Mattel has identified personal computers of former Mattel
12 employees that are responsive to MGA's requests, but has not agreed to produce
13 computers and/or hard drives other than the ones that that were assigned to these
14 employees at the time of their resignation from Mattel.  See Chaudoir Decl., Ex. 2,
15 Request Numbers 4, 14, 24, 25 and 48; Mankey Decl., Ex. D.  First, Mattel's
16 limitation is indefensibly restrictive.  Mattel must provide access to all computers
17 assigned to the former employees that Mattel alleges took Mattel trade secretes.
18 The computers are relevant in that they will evidence the nature and extent of
19 Mattel's trade secrets, if any to which these employees had access.  The computers
20 may also provide evidence disproving that the claimed trade secrets were, in fact,
21 legally protectable trade secrets.  For example, Mattel has not taken adequate
22 precautions to protect the self-described trade secret information.  The computers
23 will also provide admissible evidence concerning MGA's affirmative defenses.  For
24 example, the computers may reveal that Mattel has used or benefited from the use
25 of trade secret information taken from other companies (including MGA) that
26 would support MGA's unclean hands defense.  Regardless, Mattel has not even
27 provided MGA with access to the personal computers and hard drives it has agreed
28 to produce in response to Requests 4, 14, 24, 25 and 48.  Chaudoir Decl., ¶ 9.

Despite Mattel's discovery obligations and agreements, Mattel has not followed through on its promises, has ignored MGA's attempts to obtain the information and has refused to respond to MGA's continued meet and confer efforts. Mattel has not produced a single responsive document, has not produced the electronic media in its possession that concern Mattel's former employees, whom Mattel alleges took trade secrets, and has not supplemented the responses it agreed to supplement. Nor has Mattel commented on a proposed protocol for accessing electronic media on the personal computers assigned to former Mattel employees, which Mattel initially volunteered to prepare but which MGA ultimately drafted, all of whom Mattel alleges took trade secret information from Mattel for use at MGA.

Given Mattel's complete disregard of its discovery obligations and failure to honor its previous agreements, Mattel should be compelled to provide responses without objection, produce all responsive documents and produce all personal computers assigned to the former employees that Mattel alleges took trade secret information.

## II. MATTEL MUST ALSO BE COMPELLED TO PRODUCE THE RESPONSIVE DOCUMENTS IT HAS AGREED TO PRODUCE BY A DATE CERTAIN.

As Mattel is also well aware, an agreement to produce documents is not sufficient to comply with its discovery obligations. See Mattel's Motion to Compel MGA Mexico To Produce Documents and Things ("Mattel's Motion to Compel"), Chaudoir Decl., Ex 6 at 13:7-14:13. As stated by Mattel, "either information has been disclosed or it has not been disclosed. Id. If it has not be disclosed, then, plainly, it remains to be compelled." Id. (citing Lamoureux v. Genesis Pharmacy Services, Inc., 226 F.R.D. 154, 159 (D. Conn 2004); Mintz v. Dietz & Watson, Inc., 2008 WL 5147234 (S.D. Cal. Dec. 5, 2008); Streck, Inc. v. Research & Diagnostic Systems Inc., 250 F.R.D. 426, 435 (D. Neb. 2008)).

Here, Mattel has not produced the documents that it admits are relevant and responsive and which it has agreed to produce. Specifically, Mattel has agreed to produce responsive documents to Requests Numbers 1, 2, 3, 5, 6, 7, 8, 9, 13, 15, 16, 17, 18, 19, 23, 26, 27, 28, 29, 30, 34, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 64, and 65. Chaudoir Decl., Ex. 2. To date, Mattel has not produced any documents responsive to these requests. Chaudoir Decl., ¶ 9. Mattel must therefore be ordered to produce responsive documents by a date certain. To the extent that Mattel claims that all responsive documents to a particular request have already been produced, it must supplement its response to make that position clear.

### III.  MATTEL'S OBJECTIONS ARE UNFOUNDED.

In its written objections to the Requests, Mattel makes a number of improper objections (some of which are set forth below), none of which is substantiated in the least. Again, as often repeated in Mattel's motions to compel, "boilerplate objections are improper." See Chaudoir Decl., Ex 6, 5:11-10:5 (citing to A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing are improper – especially when a party fails to submit any evidentiary declarations supporting such objections."); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.).

### A.  The Requests Are Not Overly Broad.

Mattel objects that the Requests are overly broad.[1] Yet Mattel provides no explanation, let alone with the required particularity, as to why these requests are overly broad. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex.

---

[1] See Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Requests for Production, Chaudoir Decl., Ex. 2, *passim*. Mattel's objections to each Request were nearly identical.

1   10; see also Fed. R. Civ. P. 34(b)(2) (objection must set forth the specifics of the
2   objection and how the objection relates to the documents requested).
3        Moreover, this objection has no merit. The requests are designed to discover
4   – and are targeted precisely to at discovering only – relevant and key information
5   regarding Mattel's Phase II claims and defenses that MGA is entitled to discover.
6   For example, Request No. 3 asks Mattel to identify all documents sufficient to
7   identify the personal computers assigned to individuals that Mattel claims took
8   trade secrets from Mattel during their employment at Mattel. See Separate
9   Statement filed concurrently herewith ("Separate Statement"), at 10-14. This
10  request, like each of the others in this set, could not be more narrowly tailored to
11  extract information that is directly relevant to Mattel's Phase II trade secret claim.
12  The Discovery Master should therefore overrule this objection.

13      **B.**     **The Requests Do Not Pose An Undue Burden.**

14       Mattel also objects that the Requests are "unduly burdensome."[2] However,
15  Mattel does not demonstrate why responding to these requests presents any burden.
16  Indeed, Mattel has agreed to produce certain responsive documents, but has failed
17  to do so. Consequently, the objection is not well-taken and should be rejected. See
18  Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)
19  ("The party claiming that a discovery request is unduly burdensome must allege
20  specific facts which indicate the nature and extent of the burden, usually by
21  affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009,
22  at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele
23  v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling
24  "burdensome" objections because objecting party failed to particularize its basis for
25  the objection). Indeed, the Discovery Master has already overruled objections of
26  this type where the party "has not provided any evidence in connection with its

---

[2] See Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Requests for Production, Chaudoir Decl., Ex. 2, *passim*.

1   Motion To Compel to support its claim of burden." Order No. 17, at 23; see also

2   Order Granting Mattel's Motion to Compel Production of Documents and

3   Interrogatory Responses by MGA, dated May 15, 2007, at 14, Chaudoir Decl.,

4   Ex. 7("Once again, MGA has failed to substantiate any of its objections with

5   supporting declarations or legal authorities.").[3]

6       Furthermore, this objection is unfounded. It is implausible that Mattel would

7   be unduly burdened by responding to these straightforward Requests or by

8   producing responsive documents, which simply call for further information related

9   to the counterclaims that Mattel itself brought in this action. If there is any burden

10  on Mattel, it is from Mattel's having filed broad-based and unwarranted attacks on

11  MGA's conduct in three countries. MGA's requests, however, are not overly broad

12  and only seek evidence needed to defend against these attacks. For example,

13  Request No. 65 asks Mattel to produce documents sufficient to identify with

14  specificity each alleged trade secret owned by Mattel that Mattel contends was used

15  by MGA. See Separate Statement at 258-262. The Request seeks documents

16  directly related to Mattel's trade secret claim and there is no way in which such a

17  straightforward request can be considered an undue burden on Mattel. Indeed,

18  California law requires a plaintiff to identify the alleged trade secrets with

19  particularity. California Code of Civil Procedure § 2019.210.

---

[3] Mattel has made, and won, this exact argument. See Mattel, Inc.'s Notice of Motion and Motion to Enforce Order Compelling MGA to Provide Discovery, to Compel Responses to Contention Interrogatories by MGA and for Sanctions, at 14, Chaudoir Decl., Ex. 8 ("MGA has offered no evidence that responding to interrogatories with these defined terms would be unduly burdensome, and the definitions are vague. MGA's boilerplate objections to Mattel's defined terms should be overruled for this reason."); id., at 20 ("MGA provided no explanation as to why Interrogatory No. 51 is unduly burdensome. This objection should be overruled for this reason alone."); Reply in Support of Mattel, Inc.'s Motion to Enforce Order Compelling MGA to Provide Discovery, to Compel Responses to Contention Interrogatories by MGA and for Sanctions, at 13:11-12, Chaudoir Decl., Ex. 9 ("MGA does not dispute that it has failed to provide any proof to support its burden assertions. The Court should therefore overrule each of MGA's unsubstantiated burden objections."). The Discovery Master agreed with Mattel. See Order No. 17, dated Apr. 4, 2009, at 23:5-6, Chaudoir Decl., Ex. 10 ("MGA has not provided any evidence in connection with its Motion To Compel to support its claim of burden…. Accordingly, the objections are overruled.").

1   The Discovery Master has already ruled that a party cannot complain that
2   requests are unduly burdensome when the request "merely seeks information
3   regarding the extent of" a party's claims.  Order No. 17, dated April 14, 2009, at
4   23:9-13, Chaudoir Decl., Ex. 10 ("If MGA contends Mattel infringed numerous
5   products, Mattel has the right to discover the scope of the alleged claims.
6   Accordingly, the objections are overruled."); id., at 13:26-14:5 ("[A] party is
7   always burdened with costs when it voluntarily chooses to pursue a claim…. If the
8   MGA Parties wish to avoid these costs in connection with MGA's trade dress
9   claims, MGA can always dismiss them.  Because any hardship that MGA might
10  face is one of its own making, any burden imposed on it in having to respond to the
11  discovery is justified."); see also O'Connor v. Boeing North American, Inc., 185
12  F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to
13  describe each injury "which you contend was caused by defendant's conduct" was
14  proper).  Because the Requests seek information related to Mattel's own factual and
15  legal contentions, "the burden [is] on the party opposing discovery rather than …
16  the proponent of the contention interrogatories to justify their propoundment."  Id.
17  at 652.  This policy is "consistent with Rule 11 of the [FRCP, which requires that]
18  plaintiffs must have some factual basis for the allegations in their complaint…."
19  Id.; see also Am. Oil Co. v. Penn. Petro. Co., 23 F.R.D. 680, 683 (D. R.I. 1959)
20  ("Since the information sought here will undoubtedly be assembled by the
21  defendant prior to trial in the preparation of its defenses, it cannot be said that these
22  interrogatories are objectionable as being burdensome.").
23        MGA seeks relevant and essential information about Mattel's Phase 2 claims,
24  and Mattel's burden objections are unfounded and should be rejected.
25        **C.    The Requests Seek Relevant Information.**
26        Mattel also objects that the Requests "seek[] information that is neither
27  relevant nor likely to lead to the discovery of admissible evidence."[4]  This objection
28  _____
    [4] See Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2

is not only unsubstantiated but meritless.  All of the Requests seek information directly related to Mattel's trade secret misappropriation claims.  The information sought by these interrogatories is essential to MGA's defense of Mattel's claims.  Mattel's relevance objections should therefore be rejected.

### D. **Mattel's Remaining Objections Are Baseless.**

The remainder of Mattel's objections are also without merit.  For example:

- Mattel objects that the Requests are "premature."[5]  This is nonsense.  It was Mattel who argued explicitly that "no discovery issues or no requests for discovery are premature at this point…."[6]  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all."[7]  Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the Requests would be unaffected.

- Mattel objects that the Requests are "vague and ambiguous."  This objection is also meritless.  The Requests are each clear and unambiguous.  They relate directly to Mattel's allegations of trade secret misappropriation.

- Mattel objects that the Requests "call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege…."[8]  This objection is not

---

Requests for Production of Documents and Things, *passim*, Chaudoir Decl., Ex. 2.
[5] Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 at 2:5-6; Chaudoir Decl., Ex. 2.
[6] Tr. of Feb. 11, 2009 Hearing, at 97:5-7, Chaudoir Decl., Ex. 11.
[7] Id. at 97:8-10.
[8] Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Requests for Production of Documents and Things, at 2:16-19, Chaudoir Decl., Ex. 2.

only meritless, but was waived by Mattel's failure to produce a privilege log.

- Mattel's objection that the Requests "seek the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control"[9] is irrelevant – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the Interrogatories.
- Mattel's expert disclosure objection is without support. The fact that expert testimony may ultimately bear on some of the subjects of the Interrogatories does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has.
- The Interrogatories do not seek information that violates any third-party's rights of privacy. There is no evidence to support such an claim.

As noted above, all of Mattel's objections are unfounded. In granting this Motion to Compel, the Discovery Master should overrule all of Mattel's objections and order that the Requests be answered without objection and all responsive documents be produced.

## IV. MATTEL SHOULD BE SANCTIONED

The instant motion to compel is necessary only because Mattel has failed to follow through on its promises. MGA's meet and confer efforts were a wasted exercise as Mattel has not produced a single document, has not supplemented its responses and has failed to comply with its discovery obligations. Mattel should be sanctioned in the amount of $5,000, to compensate MGA for the attorneys fees expended in preparing and filing the instant motion and the anticipated reply to the motion. See Chaudoir Decl., ¶ 17.

---

[9] Id. at 2:25-28.

## **CONCLUSION**

For all of the foregoing reasons, MGA respectfully requests that the Discovery Master grant MGA's Motion to Compel in its entirety as requested herein.

Dated: July 31, 2009           ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ William A. Molinski_____
William A. Molinski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN