1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
8  WILLIAM A. MOLINSKI (State Bar No. 145186)
   wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213-612-2499
11
12 Attorneys for MGA Parties

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                   EASTERN DIVISION

16 CARTER BRYANT, an individual,        Case No.  CV 04-9049-SGL (RNBx)

17            Plaintiff,                Consolidated with: Case No. CV 04-9059
                                        and Case No. CV 05-2727
18       v.
                                        **DISCOVERY MATTER**
19 MATTEL, INC., a Delaware             [To Be Heard by Discovery Master Robert
   corporation,                         O'Brien]
20
            Defendant.                  **SEPARATE STATEMENT IN
21                                       SUPPORT OF MGA
                                         ENTERTAINMENT, INC.'S MOTION
22 AND CONSOLIDATED ACTIONS             TO COMPEL FURTHER RESPONSES
                                         TO MGA'S FIRST SET OF PHASE 2
23                                       REQUESTS FOR PRODUCTION AND
                                         FOR PRODUCTION OF DOCUMENTS**
24
                                        Date:       TBD
25                                      Time:       TBD
                                        Courtroom: TBD
26                                      **Phase 2**
                                        Discovery Cutoff:  December 11, 2009
27                                      Pretrial Conference:  March 1, 2010
                                        Trial Date:  March 23, 2010
28

OHS West:260700987.3

1   Plaintiff and Counter-defendant MGA Entertainment, Inc. ("MGA") submits
2   this Separate Statement of items in dispute in support of its Motion to Compel
3   Further Responses to MGA's First Set of Phase 2 Requests for Production ("Motion
4   to Compel").

5

6   **I.    MGA's First Set of Phase 2 Requests for Production of Documents at**
7   **Issue and Responses**

8

9   MGA moves to compel further responses to certain requests for production in
10  MGA's First Set of Phase 2 Requests for Production of Documents and Things
11  (Nos. 1-68) and for the production of responsive documents.  In particular, Nos. 1,
12  2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27,
13  28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45,46, 47, 48, 49, 50,
14  51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 64, 65, 66, 67 and 68 ("Requests").

15

16  REQUEST FOR PRODUCTION NO. 1:

17  All DOCUMENTS REFERRING OR RELATING TO any efforts by
18  MACHADO to damage the hard drive of his MATTEL personal computer as
19  described in lines 24-25 on page 28 of MATTEL's Supplemental Responses and
20  Objections to MGA's First Set of Interrogatories.

21

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

23  Mattel incorporates by reference the above-stated general objections as if
24  fully set forth herein.  Mattel also specifically objects to this Request on the ground
25  that it is premature because the subject matter of this Request will be the subject of
26  expert testimony at trial.  Mattel objects to this Request to the extent it seeks to
27  limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will
28  identify its experts and make related disclosures in accordance with the Court's

orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel objects to the use of the terms "REFERRING OR RELATING TO" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows: At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, that show efforts by Defendant Machado to damage the electronic media or hard drive of the computer assigned to him.

FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 1 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

Mattel has agreed to produce responsive documents in its response and has confirmed its agreement to produce documents in various meet and confer discussions with MGA.  See Declaration of Caroline H. Mankey in Support of

1   MGA's Motion to Compel Further Responses to MGA's First Set of Phase 2

2   Requests for Production and to Produce Responsive Documents ("Mankey Decl.")

3   ¶ 4, 5.  To date, however, Mattel has not produced a single responsive document to

4   this request.  Id.; see also, Declaration of Christopher J. Chaudoir in Support of

5   MGA's Motion to Compel Further Responses to MGA's First Set of Phase 2

6   Requests for Production and to Produce Responsive Documents ("Chaudoir Decl.")

7   ¶ 9.  Moreover, Mattel has ceased communicating with MGA concerning these and

8   all other disputes related to MGA's First Set of Phase 2 Requests for Production of

9   Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

10  responsive documents by a date certain.

11         To the extent that Mattel is relying on its blanket objections, they are not

12  sustainable and do not justify Mattel's failure to produce documents.  As to

13  overbreadth, Mattel provides no explanation, let alone the required particularity, as

14  to **why** these requests are supposedly overly broad, nor can it do so.  This objection

15  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

16  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

17  request is narrowly tailored to seek documents concerning Mattel's claims of trade

18  secret misappropriation and evidence proving MGA's affirmative defenses to those

19  claims.  Finally, the request is only as broad as Mattel's trade secret

20  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

21  were misappropriated, MGA is entitled to seek that information in the form of this

22  request.

23         As to burden, Mattel has not attempted to demonstrate why responding to

24  these requests and/or producing responsive documents presents any burden.  This

25  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

26  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27  request is unduly burdensome must allege specific facts which indicate the nature

28  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

1   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

2   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

3   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

4   party failed to particularize its basis for the objection); Seff v. General Outdoor

5   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

6   burdensome" objection because value of information to plaintiff clearly outweighed

7   any annoyance or expense involved in disclosure by defendant); Capacchione v.

8   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

9   ("Requiring a responding party to perform extensive research or to compile

10  substantial amounts of data and information does not automatically constitute an

11  undue burden…. Imposing such a burden is particularly proper where, as here, the

12  information sought is crucial to the ultimate determination of a crucial issue….").

13  To the extent that there is any burden at all, it is from Mattel's having filed broad-

14  based and unwarranted attacks on MGA's conduct in three countries.  The need for

15  this information to defend against Mattel's claims clearly outweighs any potential

16  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

17  cannot complain that requests are unduly burdensome when the request "merely

18  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

19  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

20  infringed numerous products, Mattel has the right to discover the scope of the

21  alleged claims.  Accordingly, the objections are overruled.").

22      Mattel also makes a number of other improper objections, none of which is

23  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

24  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

25  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

26  with specificity are routinely rejected in the Central District.  See A. Farber and

27  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

28  boilerplate objections such as 'overly burdensome and harassing' are improper –

1    especially when a party fails to submit any evidentiary declarations supporting such

2    objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

3    587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

4    tantamount to not making any objection at all").

5         For example, this request does not seek information protected by the

6    attorney-client privilege, the attorney work product doctrine, or any other

7    applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

8    secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus

9    waiving this objection as to any allegedly privileged documents.

10        Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

11   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

12   or no requests for discovery are premature at this point…."  Judge Larson agreed,

13   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

14   case at all.").

15        Mattel's expert disclosure objection is also without support.  The fact that

16   expert testimony may ultimately bear on some of the subjects of the request does

17   not excuse Mattel from its obligation to provide full and complete responses based

18   on the information Mattel presently has and to produce those responsive

19   documents.

20        In addition, Mattel's bare assertion that MGA has "failed to produce

21   witnesses for deposition and [is] withholding information and documents requested

22   in violation of orders of the Discovery Master and the Court" is not only

23   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

24   obligation to fully respond to the requests would be unaffected.

25        Also, this request does not seek information violative of any third-party's

26   rights of privacy.  The facts, persons, and documents responsive to this request are

27   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

28   itself previously has argued, any privacy issues are fully addressed by the Protective

- 5 -

1   Order in this case.

2        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

3   information or documents that are in the possession, custody and control of

4   independent parties over whom Mattel has no control" is nonsensical – Mattel is

5   obligated to provide all information in its possession, custody, or control that is

6   responsive to the request.

7        In short, Mattel's objections are uniformly without merit and frivolous.  The

8   Discovery Master should order Mattel to provide a substantive response to Request

9   No. 1 without objection and order Mattel to produce all documents responsive to

10   this request.

11

12   <u>REQUEST FOR PRODUCTION NO. 2:</u>

13        All DOCUMENTS REFERRING OR RELATING TO any directions

14   allegedly given by LARIAN or MGA to MACHADO, TRUEBA or VARGAS to

15   steal confidential and proprietary information from MATTEL and bring it with

16   them to MGA, as described in lines 20-23 on page 29 of MATTEL's Supplemental

17   Responses and Objections to MGA's First Set of Interrogatories.

18

19   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2:</u>

20        Mattel incorporates by reference the above-stated general objections as if

21   fully set forth herein.  Mattel also specifically objects that this Request is premature

22   because Defendants have not complied with their discovery obligations.

23   Defendants have failed to produce witnesses for deposition and are withholding

24   information and documents requested in violation of orders of the Discovery Master

25   and the Court.  Mattel objects to the use of the terms "REFERRING OR

26   RELATING TO" as vague, ambiguous, and overbroad.  Mattel further objects to

27   this Request to the extent that it calls for the disclosure of information subject to the

28   attorney-client privilege, the attorney work-product doctrine and other applicable

1   privileges.  Mattel also objects to this Request to the extent it seeks documents that

2   are in the possession, custody and control of a foreign subsidiary of a party.  MGA

3   has objected that such documents are not within the scope of requests to a domestic

4   party.  Mattel further objects to this Request to the extent that it may seek

5   documents already produced by Mattel, including documents stolen by MGA and

6   other defendants.  Such documents will not be produced again.

7        Subject to the foregoing objections, Mattel responds as follows: At a

8   mutually agreeable time and place, Mattel will produce non-privileged documents

9   responsive to this Request, if any, that Mattel has been able to locate after a diligent

10  search and reasonable inquiry, to the extent not previously produced.

11       FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

12       REQUEST FOR PRODUCTION NO. 2 SHOULD BE COMPELLED AND

13       DOCUMENTS SHOULD BE PRODUCED

14

15       Mattel has agreed to produce responsive documents in its response and has

16  confirmed its agreement to produce documents in various meet and confer

17  discussions with MGA.  See Mankey Decl. ¶ 4, 5.  To date, however, Mattel has not

18  produced a single responsive document to this request.  Id.; see also, Chaudoir

19  Decl. ¶ 9.  Moreover, Mattel has ceased communicating with MGA concerning

20  these and all other disputes related to MGA's First Set of Phase 2 Requests for

21  Production of Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to

22  produce responsive documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are not

24  sustainable and do not justify Mattel's failure to produce documents.  As to

25  overbreadth, Mattel provides no explanation, let alone the required particularity, as

26  to **why** these requests are supposedly overly broad, nor can it do so.  This objection

27  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

28  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

1    request is narrowly tailored to seek documents concerning Mattel's claims of trade

2    secret misappropriation and evidence proving MGA's affirmative defenses to those

3    claims.  Finally, the request is only as broad as Mattel's trade secret

4    misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

5    were misappropriated, MGA is entitled to seek that information in the form of this

6    request.

7            As to burden, Mattel has not attempted to demonstrate why responding to

8    these requests and/or producing responsive documents presents any burden.  This

9    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11   request is unduly burdensome must allege specific facts which indicate the nature

12   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

13   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

14   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

15   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

16   party failed to particularize its basis for the objection); Seff v. General Outdoor

17   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

18   burdensome" objection because value of information to plaintiff clearly outweighed

19   any annoyance or expense involved in disclosure by defendant); Capacchione v.

20   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

21   ("Requiring a responding party to perform extensive research or to compile

22   substantial amounts of data and information does not automatically constitute an

23   undue burden….  Imposing such a burden is particularly proper where, as here, the

24   information sought is crucial to the ultimate determination of a crucial issue….").

25   To the extent that there is any burden at all, it is from Mattel's having filed broad-

26   based and unwarranted attacks on MGA's conduct in three countries.  The need for

27   this information to defend against Mattel's claims clearly outweighs any potential

28   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

1   cannot complain that requests are unduly burdensome when the request "merely
2   seeks information regarding the extent of" a party's claim.  Order No. 17, dated
3   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel
4   infringed numerous products, Mattel has the right to discover the scope of the
5   alleged claims.  Accordingly, the objections are overruled.").

6       Mattel also makes a number of other improper objections, none of which is
7   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection
8   to part of a request must specify the part and permit inspection of the rest."  Fed. R.
9   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection
10  with specificity are routinely rejected in the Central District.  See A. Farber and
11  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
12  boilerplate objections such as 'overly burdensome and harassing' are improper –
13  especially when a party fails to submit any evidentiary declarations supporting such
14  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,
15  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and
16  tantamount to not making any objection at all").

17      For example, this request does not seek information protected by the
18  attorney-client privilege, the attorney work product doctrine, or any other
19  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade
20  secret theft by former Mattel employees.  Further, Mattel has failed to provide a
21  privilege log, thus waiving this objection as to any allegedly privileged documents.

22      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at
23  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues
24  or no requests for discovery are premature at this point…."  Judge Larson agreed,
25  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
26  case at all.").

27      Mattel's expert disclosure objection is also without support.  The fact that
28  expert testimony may ultimately bear on some of the subjects of the request does

1   not excuse Mattel from its obligation to provide full and complete responses based

2   on the information Mattel presently has and to produce those responsive

3   documents.

4        In addition, Mattel's bare assertion that MGA has "failed to produce

5   witnesses for deposition and [is] withholding information and documents requested

6   in violation of orders of the Discovery Master and the Court" is not only

7   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

8   obligation to fully respond to the requests would be unaffected.

9        Also, this request does not seek information violative of any third-party's

10  rights of privacy.  The facts, persons, and documents responsive to this request are

11  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

12  itself previously has argued, any privacy issues are fully addressed by the Protective

13  Order in this case.

14       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

15  information or documents that are in the possession, custody and control of

16  independent parties over whom Mattel has no control" is nonsensical – Mattel is

17  obligated to provide all information in its possession, custody, or control that is

18  responsive to the request.

19       In short, Mattel's objections are uniformly without merit and frivolous.  The

20  Discovery Master should order Mattel to provide a substantive response to Request

21  No. 2 without objection and order Mattel to produce all documents responsive to

22  this request.

23

24       REQUEST FOR PRODUCTION NO. 3:

25

26       DOCUMENTS sufficient to identify any computers assigned by MATTEL to

27  TRUEBA for use during her employment with MATTEL.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 3</u>:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel also objects to this Request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows: At a mutually agreeable time and place, Mattel will produce non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, that may be sufficient to identify the personal computer assigned to Trueba at the time that she resigned.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 3 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>

Mattel had agreed to produce documents sufficient to identify the personal computer assigned to Trueba at the time she resigned from Mattel, but has failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Mattel also took the unreasonable position that any other computers assigned to Trueba while she was employed at Mattel are not relevant to the pending litigation because Mattel is not claiming Trueba took and gave to MGA any Mattel trade secrets from any other computer.  Mankey Decl., Ex. D.

First, Mattel has failed to produce the documents that it has agreed to produce that are responsive to this request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning these and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  <u>Id</u>.  Despite a request that Mattel provide a written response concerning the outstanding issues related to the Requests, Mattel did not do so.  Chaudoir Decl., Ex. 3.  Likewise, while MGA provided Mattel with a proposed protocol for the imaging and production of documents from hard drives of these individual former employees, Mattel has ignored the proposal and has not made the hard drives available for imaging.  Chaudoir Decl., Ex. 4.

Second, Mattel's assertion that other Trueba computers are not relevant is without merit.  MGA is entitled to any information in Mattel's custody or control that may lead to the discovery of admissible evidence.  Information on other computers assigned to Trueba by Mattel falls squarely within this standard.  Among other reasons, computers that Mattel assigned to Trueba other than the single computer it is willing to produce will lead to admissible evidence concerning Mattel's own use of purported trade secrets, Mattel's own theft of trade secret

1   information from other companies, and information on whether Trueba and/or

2   others may have lawfully taken information from their employers prior to Mattel,

3   including forms, contact lists, price points, etc.  Likewise, the other computers may

4   reveal that Mattel fails to make any effort to protect the information it claims are

5   trade secrets.  Thus, the other computers contain information likely to lead to

6   admissible evidence and must be produced.

7          Finally, Mattel's remaining objections are generic, inapplicable and fail to

8   justify Mattel's failure to produce all responsive documents.  As to overbreadth,

9   Mattel provides no explanation, let alone the required particularity, as to **why** these

10  requests are supposedly overly broad, nor can it do so.  This objection is therefore

11  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not

12  stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

13  narrowly tailored to seek documents concerning Mattel's claims of trade secret

14  misappropriation and evidence proving MGA's affirmative defenses to those

15  claims.  Finally, the request is only as broad as Mattel's trade secret

16  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

17  were misappropriated, MGA is entitled to seek that information in the form of this

18  request.

19         As to burden, Mattel has not attempted to demonstrate why responding to

20  these requests and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

25  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

26  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

27  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

28  party failed to particularize its basis for the objection); Seff v. General Outdoor

1   <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

2   burdensome" objection because value of information to plaintiff clearly outweighed

3   any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

4   <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

5   ("Requiring a responding party to perform extensive research or to compile

6   substantial amounts of data and information does not automatically constitute an

7   undue burden…. Imposing such a burden is particularly proper where, as here, the

8   information sought is crucial to the ultimate determination of a crucial issue….").

9   To the extent that there is any burden at all, it is from Mattel's having filed broad-

10  based and unwarranted attacks on MGA's conduct in three countries. The need for

11  this information to defend against Mattel's claims clearly outweighs any potential

12  burden to Mattel. Indeed, the Discovery Master has already ruled that a party

13  cannot complain that requests are unduly burdensome when the request "merely

14  seeks information regarding the extent of" a party's claim. Order No. 17, dated

15  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

16  infringed numerous products, Mattel has the right to discover the scope of the

17  alleged claims. Accordingly, the objections are overruled.").

18      Mattel also makes a number of other improper objections, none of which is

19  substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

20  to part of a request must specify the part and permit inspection of the rest." Fed. R.

21  Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

22  with specificity are routinely rejected in the Central District. <u>See</u> <u>A. Farber and</u>

23  <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

24  boilerplate objections such as 'overly burdensome and harassing' are improper –

25  especially when a party fails to submit any evidentiary declarations supporting such

26  objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

27  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

28  tantamount to not making any objection at all").

1    For example, this request does not seek information protected by the

2    attorney-client privilege, the attorney work product doctrine, or any other

3    applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

4    secret theft by Trueba.  Further, Mattel has failed to provide a privilege log, thus

5    waiving this objection as to any allegedly privileged documents.

6    Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

7    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

8    or no requests for discovery are premature at this point…."  Judge Larson agreed,

9    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

10   case at all.").

11   Mattel's expert disclosure objection is also without support.  The fact that

12   expert testimony may ultimately bear on some of the subjects of the request does

13   not excuse Mattel from its obligation to provide full and complete responses based

14   on the information Mattel presently has and to produce those responsive

15   documents.

16   In addition, Mattel's bare assertion that MGA has "failed to produce

17   witnesses for deposition and [is] withholding information and documents requested

18   in violation of orders of the Discovery Master and the Court" is not only

19   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

20   obligation to fully respond to the requests would be unaffected.

21   Also, this request does not seek information violative of any third-party's

22   rights of privacy.  The facts, persons, and documents responsive to this request are

23   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

24   itself previously has argued, any privacy issues are fully addressed by the Protective

25   Order in this case.

26   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

27   information or documents that are in the possession, custody and control of

28   independent parties over whom Mattel has no control" is nonsensical – Mattel is

1  obligated to provide all information in its possession, custody, or control that is
2  responsive to the request.

3      In short, Mattel's objections are uniformly without merit and frivolous.  The
4  Discovery Master should order Mattel to provide a substantive response to Request
5  No. 3 without objection and order Mattel to produce all documents responsive to
6  this request.

7

8      <u>REQUEST FOR PRODUCTION NO. 4:</u>

9
10     The hard drive(s) or any mirror image thereof (including but not limited to
    any mirror image on any server or storage device) from any and all computers
11  assigned by MATTEL to TRUEBA for use during the last year of her employment
12  with MATTEL.
13

14     <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4:</u>
15

16     Mattel incorporates by reference the above-stated general objections as if
17  fully set forth herein.  Mattel further objects that this Request is premature because
18  Defendants have not complied with their discovery obligations.  They have failed to
19  produce witnesses for deposition and are withholding information and documents
20  requested in violation of orders of the Discovery Master and the Court.  Defendants
21  also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel also
22  objects to this Request to the extent that it seeks information not relevant to the
23  subject matter of this lawsuit or reasonably calculated to lead to the discovery of
24  admissible evidence.  Mattel further objects that this Request is vague and
25  ambiguous.  Mattel further objects to the Request on the grounds that it seeks
26  documents that are not relevant to this action or likely to lead to the discovery of
27  admissible evidence.  Mattel further objects to this Request on the grounds that it
28  seeks confidential, proprietary and trade secret information, including such

1   information that has no bearing on the claims or defenses in this case.  Mattel also

2   objects to this Request to the extent it seeks documents that are in the possession,

3   custody and control of a foreign subsidiary of a party.  MGA has objected that such

4   documents are not within the scope of requests to a domestic party.

5

6       FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

7       REQUEST FOR PRODUCTION NO. 4 SHOULD BE COMPELLED AND

8       DOCUMENTS SHOULD BE PRODUCED

9

10      As with the above, Mattel had agreed to produce the hard drive of the

11  personal computer assigned to Trueba at the time she resigned from Mattel but has

12  failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Instead, Mattel has

13  ceased communicating with MGA concerning this and all other disputes related to

14  MGA's First Set of Phase 2 Requests for Production of Documents and Things

15  (Nos. 1-68).  Chaudoir Decl., ¶ 9.  To foster the production of the hard drive, MGA

16  provided Mattel with a proposed protocol for the imaging and production of

17  documents from the hard drive contained in the computer that Mattel agreed to

18  produce on July 16, 2009.  Id., Ex. 4.  As with MGA's efforts to meet and confer on

19  the response themselves, Mattel has ignored that proposal.

20      Second, Mattel's assertion that other Trueba computers are not relevant is

21  without merit.  MGA is entitled to any information in Mattel's custody or control

22  that may lead to the discovery of admissible evidence.  Information on Trueba's

23  other Mattel computers that may have been assigned to her within the last year of

24  her employment falls squarely within this standard.  Among other reasons,

25  computers that Mattel assigned to Trueba other than the single computer it is

26  willing to produce will lead to admissible evidence concerning Mattel's own use of

27  purported trade secrets and forms created by other companies, which Trueba and/or

28  others could have lawfully taken from their prior employment, including forms,

1   contact lists, price points, etc.  Likewise, the other computers may reveal that

2   Mattel fails to make any effort to protect the information it is claiming are trade

3   secrets.  Thus, the other computers contain information likely to lead to admissible

4   evidence and must be produced.

5          Finally, Mattel's remaining objections are generic, inapplicable and fail to

6   justify Mattel's failure to produce all responsive documents.  As to overbreadth,

7   Mattel provides no explanation, let alone the required particularity, as to **why** these

8   requests are supposedly overly broad, nor can it do so.  This objection is therefore

9   improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not

10  stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

11  narrowly tailored to seek documents concerning Mattel's claims of trade secret

12  misappropriation and evidence proving MGA's affirmative defenses to those

13  claims.  Finally, the request is only as broad as Mattel's trade secret

14  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

15  were misappropriated, MGA is entitled to seek that information in the form of this

16  request.

17         As to burden, Mattel has not attempted to demonstrate why responding to

18  these requests and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

23  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

24  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

25  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

26  party failed to particularize its basis for the objection); Seff v. General Outdoor

27  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

28  burdensome" objection because value of information to plaintiff clearly outweighed

1   any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

2   <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

3   ("Requiring a responding party to perform extensive research or to compile

4   substantial amounts of data and information does not automatically constitute an

5   undue burden….  Imposing such a burden is particularly proper where, as here, the

6   information sought is crucial to the ultimate determination of a crucial issue….").

7   To the extent that there is any burden at all, it is from Mattel's having filed broad-

8   based and unwarranted attacks on MGA's conduct in three countries.  The need for

9   this information to defend against Mattel's claims clearly outweighs any potential

10  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

11  cannot complain that requests are unduly burdensome when the request "merely

12  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

13  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

14  infringed numerous products, Mattel has the right to discover the scope of the

15  alleged claims.  Accordingly, the objections are overruled.").

16         Mattel also makes a number of other improper objections, none of which is

17  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

18  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

19  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

20  with specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and</u>

21  <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

22  boilerplate objections such as 'overly burdensome and harassing' are improper –

23  especially when a party fails to submit any evidentiary declarations supporting such

24  objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

25  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

26  tantamount to not making any objection at all").

27         For example, this request does not seek information protected by the

28  attorney-client privilege, the attorney work product doctrine, or any other

1   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

2   secret theft by Trueba.  Further, Mattel has failed to provide a privilege log, thus

3   waiving this objection as to any allegedly privileged documents.

4        Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

5   97:5-10, Chaudoir Decl., Ex. 11.  (Mattel's counsel argued that "no discovery

6   issues or no requests for discovery are premature at this point…."  Judge Larson

7   agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery

8   related to this case at all.").

9        Mattel's expert disclosure objection is also without support.  The fact that

10  expert testimony may ultimately bear on some of the subjects of the request does

11  not excuse Mattel from its obligation to provide full and complete responses based

12  on the information Mattel presently has and to produce those responsive

13  documents.

14       In addition, Mattel's bare assertion that MGA has "failed to produce

15  witnesses for deposition and [is] withholding information and documents requested

16  in violation of orders of the Discovery Master and the Court" is not only

17  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

18  obligation to fully respond to the requests would be unaffected.

19       Also, this request does not seek information violative of any third-party's

20  rights of privacy.  The facts, persons, and documents responsive to this request are

21  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

22  itself previously has argued, any privacy issues are fully addressed by the Protective

23  Order in this case.

24       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

25  information or documents that are in the possession, custody and control of

26  independent parties over whom Mattel has no control" is nonsensical – Mattel is

27  obligated to provide all information in its possession, custody, or control that is

28  responsive to the request.

- 20 -

1    In short, Mattel's objections are uniformly without merit and frivolous.  The

2    Discovery Master should order Mattel to provide a substantive response to Request

3    No. 4 without objection and order Mattel to produce the computers.

4

5    REQUEST FOR PRODUCTION NO. 5:

6

7    All DOCUMENTS REFLECTING that TRUEBA took from MATTEL any

8    of the documents identified in page 31, line 12, through page 32, line 24 of

9    MATTEL's Supplemental Responses and Objections to MGA's First Set of

10   Interrogatories.

11

12   RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

13   Mattel incorporates by reference the above-stated general objections as if

14   fully set forth herein.  Mattel also specifically objects to this Request on the ground

15   that it is premature because the subject matter of this Request will be the subject of

16   expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

17   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

18   identify its experts and make related disclosures in accordance with the Court's

19   orders and applicable rules.  Mattel further objects that this Request is premature

20   because Defendants have not complied with their discovery obligations.  They have

21   failed to produce witnesses for deposition and are withholding information and

22   documents requested in violation of orders of the Discovery Master and the Court.

23   Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

24   overbroad.  Mattel further objects to this Request to the extent that it calls for the

25   disclosure of information subject to the attorney-client privilege, the attorney work-

26   product doctrine and other applicable privileges.  Mattel further objects to this

27   Request on the ground and to the extent it seeks trade secret, proprietary or

28   otherwise confidential information of Mattel or third parties.  Any such documents

1   that are produced, if any, will be produced only pursuant to and in reliance upon the

2   Protective Order entered in this case.  Mattel also objects to this Request to the

3   extent it seeks documents that are in the possession, custody and control of a

4   foreign subsidiary of a party.  MGA has objected that such documents are not

5   within the scope of requests to a domestic party.  Mattel further objects to this

6   Request to the extent that it may seek documents already produced by Mattel,

7   including documents stolen by MGA and other defendants.  Such documents will

8   not be produced again.

9        Subject to the foregoing objections, Mattel responds as follows: At a

10  mutually agreeable time and place, Mattel will produce the non-privileged

11  documents, if any, that Mattel has been able to locate after a diligent search and

12  reasonable inquiry, to the extent not previously produced, that (a) Trueba took from

13  Mattel and (b) that show the theft of those documents.

14

15      FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

16      REQUEST FOR PRODUCTION NO. 5 SHOULD BE COMPELLED AND

17      DOCUMENTS SHOULD BE PRODUCED

18

19       As set forth in MGA's Memorandum of Points and Authorities in Support of

20  its motion to Compel, Mattel had agreed to produce documents responsive to this

21  request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.

22  Despite that agreement, however, Mattel has neither produced documents nor

23  informed MGA that all responsive documents have already been produced.

24  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

25  concerning this and all other disputes related to MGA's First Set of Phase 2

26  Requests for Production of Documents and Things (Nos. 1-68).  Id.

27       The documents responsive to this request are clearly relevant and

28  discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

1   and fail to justify Mattel's failure to produce all responsive documents.  As to

2   overbreadth, Mattel provides no explanation, let alone the required particularity, as

3   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

4   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

5   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

6   request is narrowly tailored to seek documents concerning Mattel's claims of trade

7   secret misappropriation and evidence proving MGA's affirmative defenses to those

8   claims.  Finally, the request is only as broad as Mattel's trade secret

9   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

10  were misappropriated, MGA is entitled to seek that information in the form of this

11  request.

12      As to burden, Mattel has not attempted to demonstrate why responding to

13  these requests and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

18  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

19  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

20  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

21  party failed to particularize its basis for the objection); Seff v. General Outdoor

22  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

23  burdensome" objection because value of information to plaintiff clearly outweighed

24  any annoyance or expense involved in disclosure by defendant); Capacchione v.

25  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

26  ("Requiring a responding party to perform extensive research or to compile

27  substantial amounts of data and information does not automatically constitute an

28  undue burden…. Imposing such a burden is particularly proper where, as here, the

1    information sought is crucial to the ultimate determination of a crucial issue….").

2    To the extent that there is any burden at all, it is from Mattel's having filed broad-

3    based and unwarranted attacks on MGA's conduct in three countries.  The need for

4    this information to defend against Mattel's claims clearly outweighs any potential

5    burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

6    cannot complain that requests are unduly burdensome when the request "merely

7    seeks information regarding the extent of" a party's claim.  Order No. 17, dated

8    April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

9    infringed numerous products, Mattel has the right to discover the scope of the

10   alleged claims.  Accordingly, the objections are overruled.").

11        Mattel also makes a number of other improper objections, none of which is

12   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

13   to part of a request must specify the part and permit inspection of the rest."  Fed. R.

14   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

15   with specificity are routinely rejected in the Central District.  See A. Farber and

16   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

17   boilerplate objections such as 'overly burdensome and harassing' are improper –

18   especially when a party fails to submit any evidentiary declarations supporting such

19   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

20   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

21   tantamount to not making any objection at all").

22        For example, this request does not seek information protected by the

23   attorney-client privilege, the attorney work product doctrine, or any other

24   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

25   secret theft by Trueba.  Further, Mattel has failed to provide a privilege log, thus

26   waiving this objection as to any allegedly privileged documents.

27        Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

28   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

or no requests for discovery are premature at this point….” Judge Larson agreed, clarifying, “in no uncertain terms, [] there is no stay on any discovery related to this case at all.”).

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has “failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court” is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory “seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control” is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 5 without objection and order Mattel to produce the computers.

1

<u>REQUEST FOR PRODUCTION NO. 6:</u>

2

3

All DOCUMENTS REFLECTING that any documents allegedly taken by

4

TRUEBA from MATTEL, including, without limitation, any of the documents

5

identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

6

Responses and Objections to MGA's First Set of Interrogatories, were given to

7

MGA by TRUEBA.

8

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 6:</u>

9

10

Mattel incorporates by reference the above-stated general objections as if

11

fully set forth herein.  Mattel also specifically objects to this Request on the ground

12

that it is premature because the subject matter of this Request will be the subject of

13

expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

14

limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

15

identify its experts and make related disclosures in accordance with the Court's

16

orders and applicable rules.  Mattel further objects that this Request is premature

17

because Defendants have not complied with their discovery obligations.  They have

18

failed to produce witnesses for deposition and are withholding information and

19

documents requested in violation of orders of the Discovery Master and the Court.

20

Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

21

overbroad.  Mattel further objects to this Request to the extent that it calls for the

22

disclosure of information subject to the attorney-client privilege, the attorney work-

23

product doctrine and other applicable privileges.  Mattel further objects to this

24

Request on the ground and to the extent it seeks trade secret, proprietary or

25

otherwise confidential information of Mattel or third parties.  Any such documents

26

that are produced, if any, will be produced only pursuant to and in reliance upon the

27

Protective Order entered in this case.  Mattel also objects to this Request to the

28

extent it seeks documents that are in the possession, custody and control of a

foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows: At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced that show that Trueba gave to MGA and its subsidiaries and agents documents stolen from Mattel.

FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 6 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

As set forth in MGA's Memorandum of Points and Authorities in Support of its motion to Compel, Mattel had agreed to produce documents responsive to this request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2. Despite that agreement, however, Mattel has neither produced documents nor informed MGA that all responsive documents have already been produced. Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Id.

The documents responsive to this request are clearly relevant and discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection

1   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

2   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

3   request is narrowly tailored to seek documents concerning Mattel's claims of trade

4   secret misappropriation and evidence proving MGA's affirmative defenses to those

5   claims.  Finally, the request is only as broad as Mattel's trade secret

6   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

7   were misappropriated, MGA is entitled to seek that information in the form of this

8   request.

9        As to burden, Mattel has not attempted to demonstrate why responding to

10  these requests and/or producing responsive documents presents any burden.  This

11  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13  request is unduly burdensome must allege specific facts which indicate the nature

14  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

15  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

16  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

17  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

18  party failed to particularize its basis for the objection); Seff v. General Outdoor

19  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

20  burdensome" objection because value of information to plaintiff clearly outweighed

21  any annoyance or expense involved in disclosure by defendant); Capacchione v.

22  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

23  ("Requiring a responding party to perform extensive research or to compile

24  substantial amounts of data and information does not automatically constitute an

25  undue burden….  Imposing such a burden is particularly proper where, as here, the

26  information sought is crucial to the ultimate determination of a crucial issue….").

27  To the extent that there is any burden at all, it is from Mattel's having filed broad-

28  based and unwarranted attacks on MGA's conduct in three countries.  The need for

1    this information to defend against Mattel's claims clearly outweighs any potential

2    burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

3    cannot complain that requests are unduly burdensome when the request "merely

4    seeks information regarding the extent of" a party's claim.  Order No. 17, dated

5    April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

6    infringed numerous products, Mattel has the right to discover the scope of the

7    alleged claims.  Accordingly, the objections are overruled.").

8         Mattel also makes a number of other improper objections, none of which is

9    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

10   to part of a request must specify the part and permit inspection of the rest."  Fed. R.

11   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

12   with specificity are routinely rejected in the Central District.  See A. Farber and

13   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

14   boilerplate objections such as 'overly burdensome and harassing' are improper –

15   especially when a party fails to submit any evidentiary declarations supporting such

16   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

17   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

18   tantamount to not making any objection at all").

19        For example, this request does not seek information protected by the

20   attorney-client privilege, the attorney work product doctrine, or any other

21   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

22   secret theft by Trueba.  Further, Mattel has failed to provide a privilege log, thus

23   waiving this objection as to any allegedly privileged documents.

24        Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

25   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

26   or no requests for discovery are premature at this point…."  Judge Larson agreed,

27   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

28   case at all.").

1        Mattel's expert disclosure objection is also without support.  The fact that

2    expert testimony may ultimately bear on some of the subjects of the request does

3    not excuse Mattel from its obligation to provide full and complete responses based

4    on the information Mattel presently has and to produce those responsive

5    documents.

6        In addition, Mattel's bare assertion that MGA has "failed to produce

7    witnesses for deposition and [is] withholding information and documents requested

8    in violation of orders of the Discovery Master and the Court" is not only

9    unsupported and false, but immaterial – if this were true (and it is not), Mattel's

10   obligation to fully respond to the requests would be unaffected.

11       Also, this request does not seek information violative of any third-party's

12   rights of privacy.  The facts, persons, and documents responsive to this request are

13   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

14   itself previously has argued, any privacy issues are fully addressed by the Protective

15   Order in this case.

16       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

17   information or documents that are in the possession, custody and control of

18   independent parties over whom Mattel has no control" is nonsensical – Mattel is

19   obligated to provide all information in its possession, custody, or control that is

20   responsive to the request.

21       In short, Mattel's objections are uniformly without merit and frivolous.  The

22   Discovery Master should order Mattel to provide a substantive response to Request

23   No. 6 without objection and order Mattel to produce the computers.

24

25       <u>REQUEST FOR PRODUCTION NO. 7:</u>

26

27       All DOCUMENTS REFLECTING that any documents allegedly taken by

28   TRUEBA from MATTEL, including, without limitation, any of the documents

1   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

2   Responses and Objections to MGA's First Set of Interrogatories, were given to

3   MGA HK by TRUEBA.

4

5   RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

6

7   Mattel incorporates by reference the above-stated general objections as if

8   fully set forth herein.  Mattel also specifically objects to this Request on the ground

9   that it is premature because the subject matter of this Request will be the subject of

10  expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

11  limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

12  identify its experts and make related disclosures in accordance with the Court's

13  orders and applicable rules.  Mattel further objects that this Request is premature

14  because Defendants have not complied with their discovery obligations.  They have

15  failed to produce witnesses for deposition and are withholding information and

16  documents requested in violation of orders of the Discovery Master and the Court.

17  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

18  overbroad.  Mattel further objects to this Request to the extent that it calls for the

19  disclosure of information subject to the attorney-client privilege, the attorney work-

20  product doctrine and other applicable privileges.  Mattel further objects to this

21  Request on the ground and to the extent it seeks trade secret, proprietary or

22  otherwise confidential information of Mattel or third parties.  Any such documents

23  that are produced, if any, will be produced only pursuant to and in reliance upon the

24  Protective Order entered in this case.  Mattel also objects to this Request to the

25  extent it seeks documents that are in the possession, custody and control of a

26  foreign subsidiary of a party.  MGA has objected that such documents are not

27  within the scope of requests to a domestic party.  Mattel further objects to this

28  Request to the extent that it may seek documents already produced by Mattel,

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1   including documents stolen by MGA and other defendants.  Such documents will
2   not be produced again.

3       Subject to the foregoing objections, Mattel responds as follows: At a
4   mutually agreeable time and place, Mattel will produce the non-privileged
5   documents, if any, that Mattel has been able to locate after a diligent search and
6   reasonable inquiry, to the extent not previously produced that show that Trueba
7   gave to MGA and its subsidiaries and agents documents stolen from Mattel.

8

9       FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
10      REQUEST FOR PRODUCTION NO. 7 SHOULD BE COMPELLED AND
11      DOCUMENTS SHOULD BE PRODUCED

12

13      As set forth in MGA's Memorandum of Points and Authorities in Support of
14  its motion to Compel, Mattel had agreed to produce documents responsive to this
15  request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.
16  Despite that agreement, however, Mattel has neither produced documents nor
17  informed MGA that all responsive documents have already been produced.
18  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA
19  concerning this and all other disputes related to MGA's First Set of Phase 2
20  Requests for Production of Documents and Things (Nos. 1-68).  Id.
21      The documents responsive to this request are clearly relevant and
22  discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable
23  and fail to justify Mattel's failure to produce all responsive documents.  As to
24  overbreadth, Mattel provides no explanation, let alone the required particularity, as
25  to *why* these requests are supposedly overly broad, nor can it do so.  This objection
26  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling
27  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the
28  request is narrowly tailored to seek documents concerning Mattel's claims of trade

1   secret misappropriation and evidence proving MGA's affirmative defenses to those

2   claims.  Finally, the request is only as broad as Mattel's trade secret

3   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

4   were misappropriated, MGA is entitled to seek that information in the form of this

5   request.

6          As to burden, Mattel has not attempted to demonstrate why responding to

7   these requests and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

9   <u>Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

12  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

13  at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D.

14  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

15  party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

16  <u>Advertising Co.,</u> 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

17  burdensome" objection because value of information to plaintiff clearly outweighed

18  any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

19  <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

20  ("Requiring a responding party to perform extensive research or to compile

21  substantial amounts of data and information does not automatically constitute an

22  undue burden….  Imposing such a burden is particularly proper where, as here, the

23  information sought is crucial to the ultimate determination of a crucial issue….").

24  To the extent that there is any burden at all, it is from Mattel's having filed broad-

25  based and unwarranted attacks on MGA's conduct in three countries.  The need for

26  this information to defend against Mattel's claims clearly outweighs any potential

27  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

28  cannot complain that requests are unduly burdensome when the request "merely

1  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

2  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

3  infringed numerous products, Mattel has the right to discover the scope of the

4  alleged claims.  Accordingly, the objections are overruled.").

5       Mattel also makes a number of other improper objections, none of which is

6  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

7  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

8  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

9  with specificity are routinely rejected in the Central District.  See A. Farber and

10 Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

11 boilerplate objections such as 'overly burdensome and harassing' are improper –

12 especially when a party fails to submit any evidentiary declarations supporting such

13 objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

14 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

15 tantamount to not making any objection at all").

16      For example, this request does not seek information protected by the

17 attorney-client privilege, the attorney work product doctrine, or any other

18 applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

19 secret theft by Trueba.  Further, Mattel has failed to provide a privilege log, thus

20 waiving this objection as to any allegedly privileged documents.

21      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

22 97:5-10, Chaudoir Decl., Ex. 11. (Mattel's counsel argued that "no discovery issues

23 or no requests for discovery are premature at this point…."  Judge Larson agreed,

24 clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

25 case at all.").

26      Mattel's expert disclosure objection is also without support.  The fact that

27 expert testimony may ultimately bear on some of the subjects of the request does

28 not excuse Mattel from its obligation to provide full and complete responses based

1  on the information Mattel presently has and to produce those responsive

2  documents.

3      In addition, Mattel's bare assertion that MGA has "failed to produce

4  witnesses for deposition and [is] withholding information and documents requested

5  in violation of orders of the Discovery Master and the Court" is not only

6  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

7  obligation to fully respond to the requests would be unaffected.

8      Also, this request does not seek information violative of any third-party's

9  rights of privacy.  The facts, persons, and documents responsive to this request are

10  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

11  itself previously has argued, any privacy issues are fully addressed by the Protective

12  Order in this case.

13      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

14  information or documents that are in the possession, custody and control of

15  independent parties over whom Mattel has no control" is nonsensical – Mattel is

16  obligated to provide all information in its possession, custody, or control that is

17  responsive to the request.

18      In short, Mattel's objections are uniformly without merit and frivolous.  The

19  Discovery Master should order Mattel to provide a substantive response to Request

20  No. 7 without objection and order Mattel to produce the computers.

21

22      <u>REQUEST FOR PRODUCTION NO. 8:</u>

23

24      All DOCUMENTS REFLECTING that any documents allegedly taken by

TRUEBA from MATTEL, including, without limitation, any of the documents

25  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

26  Responses and Objections to MGA's First Set of Interrogatories, were given to

27  MGA MEXICO by TRUEBA.

28

1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

2

3          Mattel incorporates by reference the above-stated general objections as if

4    fully set forth herein.  Mattel also specifically objects to this Request on the ground

5    that it is premature because the subject matter of this Request will be the subject of

6    expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

7    limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

8    identify its experts and make related disclosures in accordance with the Court's

9    orders and applicable rules.  Mattel further objects that this Request is premature

10   because Defendants have not complied with their discovery obligations.  They have

11   failed to produce witnesses for deposition and are withholding information and

12   documents requested in violation of orders of the Discovery Master and the Court.

13   Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

14   overbroad.  Mattel further objects to this Request to the extent that it calls for the

15   disclosure of information subject to the attorney-client privilege, the attorney work-

16   product doctrine and other applicable privileges.  Mattel further objects to this

17   Request on the ground and to the extent it seeks trade secret, proprietary or

18   otherwise confidential information of Mattel or third parties.  Any such documents

19   that are produced, if any, will be produced only pursuant to and in reliance upon the

20   Protective Order entered in this case.  Mattel also objects to this Request to the

21   extent it seeks documents that are in the possession, custody and control of a

22   foreign subsidiary of a party.  MGA has objected that such documents are not

23   within the scope of requests to a domestic party.  Mattel further objects to this

24   Request to the extent that it may seek documents already produced by Mattel,

25   including documents stolen by MGA and other defendants.  Such documents will

26   not be produced again.

          Subject to the foregoing objections, Mattel responds as follows: At a

27   mutually agreeable time and place, Mattel will produce the non-privileged

28

1    documents, if any, that Mattel has been able to locate after a diligent search and

2    reasonable inquiry, to the extent not previously produced that show that Trueba

3    gave to MGA and its subsidiaries and agents documents stolen from Mattel.

4

5        FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

6        REQUEST FOR PRODUCTION NO. 8 SHOULD BE COMPELLED AND

7        DOCUMENTS SHOULD BE PRODUCED

8

9        As set forth in MGA's Memorandum of Points and Authorities in Support of

10   its motion to Compel, Mattel had agreed to produce documents responsive to this

11   request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.

12   Despite that agreement, however, Mattel has neither produced documents nor

13   informed MGA that all responsive documents have already been produced.

14   Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

15   concerning this and all other disputes related to MGA's First Set of Phase 2

16   Requests for Production of Documents and Things (Nos. 1-68).  Id.

17       The documents responsive to this request are clearly relevant and

18   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

19   and fail to justify Mattel's failure to produce all responsive documents.  As to

20   overbreadth, Mattel provides no explanation, let alone the required particularity, as

21   to **why** these requests are supposedly overly broad, nor can it do so.  This objection

22   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

23   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

24   request is narrowly tailored to seek documents concerning Mattel's claims of trade

25   secret misappropriation and evidence proving MGA's affirmative defenses to those

26   claims.  Finally, the request is only as broad as Mattel's trade secret

27   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

28   were misappropriated, MGA is entitled to seek that information in the form of this

1 │ request.

2 │      As to burden, Mattel has not attempted to demonstrate why responding to

3 │ these requests and/or producing responsive documents presents any burden.  This

4 │ objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

5 │ <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

6 │ request is unduly burdensome must allege specific facts which indicate the nature

7 │ and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

8 │ Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

9 │ at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D.

10 │ 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

11 │ party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

12 │ <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

13 │ burdensome" objection because value of information to plaintiff clearly outweighed

14 │ any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

15 │ <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

16 │ ("Requiring a responding party to perform extensive research or to compile

17 │ substantial amounts of data and information does not automatically constitute an

18 │ undue burden….  Imposing such a burden is particularly proper where, as here, the

19 │ information sought is crucial to the ultimate determination of a crucial issue….").

20 │ To the extent that there is any burden at all, it is from Mattel's having filed broad-

21 │ based and unwarranted attacks on MGA's conduct in three countries.  The need for

22 │ this information to defend against Mattel's claims clearly outweighs any potential

23 │ burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

24 │ cannot complain that requests are unduly burdensome when the request "merely

25 │ seeks information regarding the extent of" a party's claim.  Order No. 17, dated

26 │ April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

27 │ infringed numerous products, Mattel has the right to discover the scope of the

28 │ alleged claims.  Accordingly, the objections are overruled.").

1    Mattel also makes a number of other improper objections, none of which is
2    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection
3    to part of a request must specify the part and permit inspection of the rest."  Fed. R.
4    Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection
5    with specificity are routinely rejected in the Central District.  See A. Farber and
6    Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
7    boilerplate objections such as 'overly burdensome and harassing' are improper –
8    especially when a party fails to submit any evidentiary declarations supporting such
9    objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,
10   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and
11   tantamount to not making any objection at all").

12   For example, this request does not seek information protected by the
13   attorney-client privilege, the attorney work product doctrine, or any other
14   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade
15   secret theft by Trueba.  Further, Mattel has failed to provide a privilege log, thus
16   waiving this objection as to any allegedly privileged documents.

17   Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at
18   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues
19   or no requests for discovery are premature at this point…."  Judge Larson agreed,
20   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
21   case at all.").

22   Mattel's expert disclosure objection is also without support.  The fact that
23   expert testimony may ultimately bear on some of the subjects of the request does
24   not excuse Mattel from its obligation to provide full and complete responses based
25   on the information Mattel presently has and to produce those responsive
26   documents.

27   In addition, Mattel's bare assertion that MGA has "failed to produce
28   witnesses for deposition and [is] withholding information and documents requested

1  in violation of orders of the Discovery Master and the Court" is not only

2  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

3  obligation to fully respond to the requests would be unaffected.

4      Also, this request does not seek information violative of any third-party's

5  rights of privacy.  The facts, persons, and documents responsive to this request are

6  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

7  itself previously has argued, any privacy issues are fully addressed by the Protective

8  Order in this case.

9      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

10  information or documents that are in the possession, custody and control of

11  independent parties over whom Mattel has no control" is nonsensical – Mattel is

12  obligated to provide all information in its possession, custody, or control that is

13  responsive to the request.

14      In short, Mattel's objections are uniformly without merit and frivolous.  The

15  Discovery Master should order Mattel to provide a substantive response to Request

16  No. 8 without objection and order Mattel to produce the computers.

17

18  <u>REQUEST FOR PRODUCTION NO. 9:</u>

19

20  All DOCUMENTS REFLECTING that any documents allegedly taken by

21  TRUEBA from MATTEL, including, without limitation, any of the documents

22  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

23  Responses and Objections to MGA's First Set of Interrogatories, were given to

24  LARIAN by TRUEBA.

25  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9:</u>

26  Mattel incorporates by reference the above-stated general objections as if

27  fully set forth herein.  Mattel also specifically objects to this Request on the ground

28  that it is premature because the subject matter of this Request will be the subject of

1    expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

2    limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

3    identify its experts and make related disclosures in accordance with the Court's

4    orders and applicable rules.  Mattel further objects that this Request is premature

5    because Defendants have not complied with their discovery obligations.  They have

6    failed to produce witnesses for deposition and are withholding information and

7    documents requested in violation of orders of the Discovery Master and the Court.

8    Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

9    overbroad.  Mattel further objects to this Request to the extent that it calls for the

10   disclosure of information subject to the attorney-client privilege, the attorney work-

11   product doctrine and other applicable privileges.  Mattel further objects to this

12   Request on the ground and to the extent it seeks trade secret, proprietary or

13   otherwise confidential information of Mattel or third parties.  Any such documents

14   that are produced, if any, will be produced only pursuant to and in reliance upon the

15   Protective Order entered in this case.  Mattel also objects to this Request to the

16   extent it seeks documents that are in the possession, custody and control of a

17   foreign subsidiary of a party.  MGA has objected that such documents are not

18   within the scope of requests to a domestic party.  Mattel further objects to this

19   Request to the extent that it may seek documents already produced by Mattel,

20   including documents stolen by MGA and other defendants.  Such documents will

21   not be produced again.

22          Subject to the foregoing objections, Mattel responds as follows: At a

23   mutually agreeable time and place, Mattel will produce the non-privileged

24   documents, if any, that Mattel has been able to locate after a diligent search and

25   reasonable inquiry, to the extent not previously produced that show that Trueba

26   gave to MGA and its subsidiaries and agents documents stolen from Mattel.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 9 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>

As set forth in MGA's Memorandum of Points and Authorities in Support of its motion to Compel, Mattel had agreed to produce documents responsive to this request.  <u>See</u>, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2. Despite that agreement, however, Mattel has neither produced documents nor informed MGA that all responsive documents have already been produced. Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  <u>Id</u>.

The documents responsive to this request are clearly relevant and discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims.  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co.</u>,

1    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2    request is unduly burdensome must allege specific facts which indicate the nature

3    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

4    Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

5    at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

6    94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

7    party failed to particularize its basis for the objection); Seff v. General Outdoor

8    Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

9    burdensome" objection because value of information to plaintiff clearly outweighed

10   any annoyance or expense involved in disclosure by defendant); Capacchione v.

11   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

12   ("Requiring a responding party to perform extensive research or to compile

13   substantial amounts of data and information does not automatically constitute an

14   undue burden…. Imposing such a burden is particularly proper where, as here, the

15   information sought is crucial to the ultimate determination of a crucial issue….").

16   To the extent that there is any burden at all, it is from Mattel's having filed broad-

17   based and unwarranted attacks on MGA's conduct in three countries. The need for

18   this information to defend against Mattel's claims clearly outweighs any potential

19   burden to Mattel. Indeed, the Discovery Master has already ruled that a party

20   cannot complain that requests are unduly burdensome when the request "merely

21   seeks information regarding the extent of" a party's claim. Order No. 17, dated

22   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

23   infringed numerous products, Mattel has the right to discover the scope of the

24   alleged claims. Accordingly, the objections are overruled.").

25        Mattel also makes a number of other improper objections, none of which is

26   substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

27   to part of a request must specify the part and permit inspection of the rest." Fed. R.

28   Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

1   with specificity are routinely rejected in the Central District.  See A. Farber and

2   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

3   boilerplate objections such as 'overly burdensome and harassing' are improper –

4   especially when a party fails to submit any evidentiary declarations supporting such

5   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

6   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

7   tantamount to not making any objection at all").

8        For example, this request does not seek information protected by the

9   attorney-client privilege, the attorney work product doctrine, or any other

10  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

11  secret theft by Trueba.  Further, Mattel has failed to provide a privilege log, thus

12  waiving this objection as to any allegedly privileged documents.

13       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

14  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

15  or no requests for discovery are premature at this point…."  Judge Larson agreed,

16  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

17  case at all.").

18       Mattel's expert disclosure objection is also without support.  The fact that

19  expert testimony may ultimately bear on some of the subjects of the request does

20  not excuse Mattel from its obligation to provide full and complete responses based

21  on the information Mattel presently has and to produce those responsive

22  documents.

23       In addition, Mattel's bare assertion that MGA has "failed to produce

24  witnesses for deposition and [is] withholding information and documents requested

25  in violation of orders of the Discovery Master and the Court" is not only

26  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

27  obligation to fully respond to the requests would be unaffected.

28       Also, this request does not seek information violative of any third-party's

1   rights of privacy.  The facts, persons, and documents responsive to this request are

2   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

3   itself previously has argued, any privacy issues are fully addressed by the Protective

4   Order in this case.

5       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

6   information or documents that are in the possession, custody and control of

7   independent parties over whom Mattel has no control" is nonsensical – Mattel is

8   obligated to provide all information in its possession, custody, or control that is

9   responsive to the request.

10      In short, Mattel's objections are uniformly without merit and frivolous.  The

11  Discovery Master should order Mattel to provide a substantive response to Request

12  No. 9 without objection and order Mattel to produce the computers.

13

14  <u>REQUEST FOR PRODUCTION NO. 10:</u>

15

16      All DOCUMENTS REFLECTING that any documents allegedly taken by

    TRUEBA from MATTEL, including, without limitation, any of the documents

17  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

18  Responses and Objections to MGA's First Set of Interrogatories, gave MGA an

19  "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of

20  MATTEL's Supplemental Responses and Objections to MGA's First Set of

21  Interrogatories.

22

23  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10:</u>

24

25      Mattel incorporates by reference the above-stated general objections as if

26  fully set forth herein.  Mattel also specifically objects to the use of the term

27  "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to

28  this Request on the ground and to the extent it seeks trade secret, proprietary or

1    otherwise confidential information of Mattel or third parties.  Any such documents

2    that are produced, if any, will be produced only pursuant to and in reliance upon the

3    Protective Order entered in this case.  Mattel further objects that this Request is

4    premature because Defendants have not complied with their discovery obligations.

5    They have failed to produce witnesses for deposition and are withholding

6    information and documents requested in violation of orders of the Discovery Master

7    and the Court.  Mattel further objects to this Request on the ground that it is

8    premature because the subject matter of this Request will be the subject of expert

9    testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

10   expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

11   experts and make related disclosures in accordance with the Court's orders and

12   applicable rules.  Mattel further objects to this Request to the extent that it calls for

13   the disclosure of information subject to the attorney-client privilege, the attorney

14   work-product doctrine and other applicable privileges.  Mattel also objects to this

15   Request to the extent it seeks documents that are in the possession, custody and

16   control of a foreign subsidiary of a party.  MGA has objected that such documents

17   are not within the scope of requests to a domestic party.  Mattel further objects to

18   this Request to the extent that it may seek documents already produced by Mattel,

19   including documents stolen by MGA and other defendants.  Such documents will

20   not be produced again.  Mattel also objects to this Request because it seeks

21   documents that are in the MGA Parties' exclusive possession, custody and control.

22

23        FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

24        REQUEST FOR PRODUCTION NO. 10 SHOULD BE COMPELLED AND

25        DOCUMENTS SHOULD BE PRODUCED

26

27        During meet and confer discussions with Mattel, Mattel advised that it did

28   not agree to produce responsive documents to this request because Mattel claims

1    that the documents are in the exclusive possession of MGA.  <u>See</u> Mankey Decl.,

2    Ex. D.  MGA explained that this response differed from Mattel's responses to

3    Requests 11 and 31.  <u>Id</u>.  Mattel then asserted that it did not have responsive

4    documents.  <u>Id</u>.  Thus, Mattel had agreed to confirm that Mattel neither has nor had

5    responsive documents to this Request.  <u>Id</u>.  Despite that agreement, however, Mattel

6    has not confirmed there are no responsive documents to this request.  Chaudoir

7    Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this

8    and all other disputes related to MGA's First Set of Phase 2 Requests for

9    Production of Documents and Things (Nos. 1-68).  <u>Id</u>.

10          The documents responsive to this request are clearly relevant and

11    discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

12    and fail to justify Mattel's failure to produce all responsive documents.  As to

13    overbreadth, Mattel provides no explanation, let alone the required particularity, as

14    to *why* these requests are supposedly overly broad, nor can it do so.  This objection

15    is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

16    objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

17    request is narrowly tailored to seek documents concerning Mattel's claims of trade

18    secret misappropriation and evidence proving MGA's affirmative defenses to those

19    claims.  Finally, the request is only as broad as Mattel's trade secret

20    misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

21    were misappropriated, MGA is entitled to seek that information in the form of this

22    request.

23          As to burden, Mattel has not attempted to demonstrate why responding to

24    these requests and/or producing responsive documents presents any burden.  This

25    objection must therefore be rejected.  <u>See</u> Jackson v. Montgomery Ward & Co.,

26    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27    request is unduly burdensome must allege specific facts which indicate the nature

28    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

1    Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

2    at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

3    94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

4    party failed to particularize its basis for the objection); Seff v. General Outdoor

5    Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

6    burdensome" objection because value of information to plaintiff clearly outweighed

7    any annoyance or expense involved in disclosure by defendant); Capacchione v.

8    Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

9    ("Requiring a responding party to perform extensive research or to compile

10   substantial amounts of data and information does not automatically constitute an

11   undue burden…. Imposing such a burden is particularly proper where, as here, the

12   information sought is crucial to the ultimate determination of a crucial issue….").

13   To the extent that there is any burden at all, it is from Mattel's having filed broad-

14   based and unwarranted attacks on MGA's conduct in three countries. The need for

15   this information to defend against Mattel's claims clearly outweighs any potential

16   burden to Mattel. Indeed, the Discovery Master has already ruled that a party

17   cannot complain that requests are unduly burdensome when the request "merely

18   seeks information regarding the extent of" a party's claim. Order No. 17, dated

19   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

20   infringed numerous products, Mattel has the right to discover the scope of the

21   alleged claims. Accordingly, the objections are overruled.").

22        Mattel also makes a number of other improper objections, none of which is

23   substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

24   to part of a request must specify the part and permit inspection of the rest." Fed. R.

25   Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

26   with specificity are routinely rejected in the Central District. See A. Farber and

27   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

28   boilerplate objections such as 'overly burdensome and harassing' are improper –

1   especially when a party fails to submit any evidentiary declarations supporting such

2   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

3   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

4   tantamount to not making any objection at all").

5        For example, this request does not seek information protected by the

6   attorney-client privilege, the attorney work product doctrine, or any other

7   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

8   secret theft by Trueba.  Further, Mattel has failed to provide a privilege log, thus

9   waiving this objection as to any allegedly privileged documents.

10       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

11  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

12  or no requests for discovery are premature at this point…." Judge Larson agreed,

13  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

14  case at all.").

15       Mattel's expert disclosure objection is also without support.  The fact that

16  expert testimony may ultimately bear on some of the subjects of the request does

17  not excuse Mattel from its obligation to provide full and complete responses based

18  on the information Mattel presently has and to produce those responsive

19  documents.

20       In addition, Mattel's bare assertion that MGA has "failed to produce

21  witnesses for deposition and [is] withholding information and documents requested

22  in violation of orders of the Discovery Master and the Court" is not only

23  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

24  obligation to fully respond to the requests would be unaffected.

25       Also, this request does not seek information violative of any third-party's

26  rights of privacy.  The facts, persons, and documents responsive to this request are

27  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

28  itself previously has argued, any privacy issues are fully addressed by the Protective

1   Order in this case.

2   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

3   information or documents that are in the possession, custody and control of

4   independent parties over whom Mattel has no control" is nonsensical – Mattel is

5   obligated to provide all information in its possession, custody, or control that is

6   responsive to the request.

7   In short, Mattel's objections are uniformly without merit and frivolous.  The

8   Discovery Master should order Mattel to provide a substantive response to Request

9   No. 10 without objection and order Mattel to produce the computers.

10

11   <u>REQUEST FOR PRODUCTION NO. 12:</u>

12   All DOCUMENTS REFLECTING that any documents allegedly taken by

13   TRUEBA from MATTEL, including, without limitation, any of the documents

14   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

15   Responses and Objections to MGA's First Set of Interrogatories, gave MGA

16   MEXICO an "unfair competitive advantage," as referenced on page 32, lines 25

17   through 27, of MATTEL's Supplemental Responses and Objections to MGA's First

18   Set of Interrogatories.

19

20   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12:</u>

21

22   Mattel incorporates by reference the above-stated general objections as if

23   fully set forth herein.  Mattel also specifically objects to the use of the term

24   "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to

25   this Request on the ground and to the extent it seeks trade secret, proprietary or

26   otherwise confidential information of Mattel or third parties.  Any such documents

27   that are produced, if any, will be produced only pursuant to and in reliance upon the

28   Protective Order entered in this case.  Mattel further objects that this Request is

- 50 -

premature because Defendants have not complied with their discovery obligations.

They have failed to produce witnesses for deposition and are withholding

information and documents requested in violation of orders of the Discovery Master

and the Court.  Mattel further objects to this Request on the ground that it is

premature because the subject matter of this Request will be the subject of expert

testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

experts and make related disclosures in accordance with the Court's orders and

applicable rules.  Mattel further objects to this Request to the extent that it calls for

the disclosure of information subject to the attorney-client privilege, the attorney

work-product doctrine and other applicable privileges.  Mattel also objects to this

Request to the extent it seeks documents that are in the possession, custody and

control of a foreign subsidiary of a party.  MGA has objected that such documents

are not within the scope of requests to a domestic party.  Mattel further objects to

this Request to the extent that it may seek documents already produced by Mattel,

including documents stolen by MGA and other defendants.  Such documents will

not be produced again.  Mattel also objects to this Request because it seeks

documents that are in the MGA Parties' exclusive possession, custody and control.


## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 12 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED


During meet and confer discussions with Mattel, Mattel advised that it did

not agree to produce responsive documents to this request because Mattel claims

that the documents are in the exclusive possession of MGA.  See Mankey Decl.,

Ex. D.  MGA explained that this response differed from Mattel's responses to

Requests 11 and 31.  Id.  Mattel then asserted that it did not have responsive

1   documents.  Id.  Thus, Mattel had agreed to confirm that Mattel neither has nor had

2   responsive documents to this Request.  Id.  Despite that agreement, however, Mattel

3   has not confirmed there are no responsive documents to this request.  Chaudoir

4   Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this

5   and all other disputes related to MGA's First Set of Phase 2 Requests for

6   Production of Documents and Things (Nos. 1-68).  Id.

7        The documents responsive to this request are clearly relevant and

8   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

9   and fail to justify Mattel's failure to produce all responsive documents.  As to

10  overbreadth, Mattel provides no explanation, let alone the required particularity, as

11  to **why** these requests are supposedly overly broad, nor can it do so.  This objection

12  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

13  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

14  request is narrowly tailored to seek documents concerning Mattel's claims of trade

15  secret misappropriation and evidence proving MGA's affirmative defenses to those

16  claims.  Finally, the request is only as broad as Mattel's trade secret

17  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

18  were misappropriated, MGA is entitled to seek that information in the form of this

19  request.

20       As to burden, Mattel has not attempted to demonstrate why responding to

21  these requests and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

26  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

27  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

28  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

1  party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

2  <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

3  burdensome" objection because value of information to plaintiff clearly outweighed

4  any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

5  <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

6  ("Requiring a responding party to perform extensive research or to compile

7  substantial amounts of data and information does not automatically constitute an

8  undue burden…. Imposing such a burden is particularly proper where, as here, the

9  information sought is crucial to the ultimate determination of a crucial issue….").

10  To the extent that there is any burden at all, it is from Mattel's having filed broad-

11  based and unwarranted attacks on MGA's conduct in three countries. The need for

12  this information to defend against Mattel's claims clearly outweighs any potential

13  burden to Mattel. Indeed, the Discovery Master has already ruled that a party

14  cannot complain that requests are unduly burdensome when the request "merely

15  seeks information regarding the extent of" a party's claim. Order No. 17, dated

16  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

17  infringed numerous products, Mattel has the right to discover the scope of the

18  alleged claims. Accordingly, the objections are overruled.").

19      Mattel also makes a number of other improper objections, none of which is

20  substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

21  to part of a request must specify the part and permit inspection of the rest." Fed. R.

22  Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

23  with specificity are routinely rejected in the Central District. <u>See</u> <u>A. Farber and</u>

24  <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

25  boilerplate objections such as 'overly burdensome and harassing' are improper –

26  especially when a party fails to submit any evidentiary declarations supporting such

27  objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

28  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

1    tantamount to not making any objection at all").

2         For example, this request does not seek information protected by the

3    attorney-client privilege, the attorney work product doctrine, or any other

4    applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

5    secret theft by Trueba.  Further, Mattel has failed to provide a privilege log, thus

6    waiving this objection as to any allegedly privileged documents.

7         Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

8    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

9    or no requests for discovery are premature at this point…." Judge Larson agreed,

10   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

11   case at all.").

12        Mattel's expert disclosure objection is also without support.  The fact that

13   expert testimony may ultimately bear on some of the subjects of the request does

14   not excuse Mattel from its obligation to provide full and complete responses based

15   on the information Mattel presently has and to produce those responsive

16   documents.

17        In addition, Mattel's bare assertion that MGA has "failed to produce

18   witnesses for deposition and [is] withholding information and documents requested

19   in violation of orders of the Discovery Master and the Court" is not only

20   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

21   obligation to fully respond to the requests would be unaffected.

22        Also, this request does not seek information violative of any third-party's

23   rights of privacy.  The facts, persons, and documents responsive to this request are

24   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

25   itself previously has argued, any privacy issues are fully addressed by the Protective

26   Order in this case.

27        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

28   information or documents that are in the possession, custody and control of

1    independent parties over whom Mattel has no control" is nonsensical – Mattel is

2    obligated to provide all information in its possession, custody, or control that is

3    responsive to the request.

4          In short, Mattel's objections are uniformly without merit and frivolous.  The

5    Discovery Master should order Mattel to provide a substantive response to Request

6    No. 12 without objection and order Mattel to produce the computers.

7

8          REQUEST FOR PRODUCTION NO. 13:

9

10          DOCUMENTS sufficient to identify any computers assigned by MATTEL to

11    VARGAS for use during his employment with MATTEL.

12

13          RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

14          Mattel incorporates by reference the above-stated general objections as if

15    fully set forth herein.  Mattel also specifically objects to this Request on the ground

16    that it is premature because the subject matter of this Request will be the subject of

17    expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

18    limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

19    identify its experts and make related disclosures in accordance with the Court's

20    orders and applicable rules.  Mattel further objects to the Request on the grounds

21    that it seeks documents that are not relevant to this action or likely to lead to the

22    discovery of admissible evidence.  Mattel further objects that this Request is

23    premature because Defendants have not complied with their discovery obligations.

24    They have failed to produce witnesses for deposition and are withholding

25    information and documents requested in violation of orders of the Discovery Master

26    and the Court.  Mattel also objects to this Request to the extent that it seeks

27    information not relevant to the subject matter of this lawsuit or reasonably

28    calculated to lead to the discovery of admissible evidence.  Mattel further objects to

1  this Request to the extent that it calls for the disclosure of information subject to the

2  attorney-client privilege, the attorney work-product doctrine and other applicable

3  privileges.  Mattel also objects to this Request to the extent it seeks documents that

4  are in the possession, custody and control of a foreign subsidiary of a party.  MGA

5  has objected that such documents are not within the scope of requests to a domestic

6  party.  Mattel further objects to this Request to the extent that it may seek

7  documents already produced by Mattel, including documents stolen by MGA and

8  other defendants.  Such documents will not be produced again.

9       Subject to the foregoing objections, Mattel responds as follows: At a

10  mutually agreeable time and place, Mattel will produce non-privileged documents,

11  if any, that Mattel has been able to locate after a diligent search and reasonable

12  inquiry, to the extent not previously produced, that may be sufficient to identify the

13  personal computer assigned to Vargas at the time that he resigned.

14

15       FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

16       REQUEST FOR PRODUCTION NO. 13 SHOULD BE COMPELLED AND

17       DOCUMENTS SHOULD BE PRODUCED

18

19       As set forth in MGA's Memorandum of Points and Authorities in Support of

20  its motion to Compel, Mattel had agreed to produce documents sufficient to

21  identify the personal computer assigned to Vargas at the time he resigned from

22  Mattel but has failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Mattel

23  also took the unreasonable position that any other computers assigned to Vargas are

24  not relevant to the pending litigation because Mattel is not claiming Vargas took

25  and gave to MGA any Mattel trade secrets from any other computer.  Mankey

26  Decl., Ex. D.

27       First, Mattel has failed to produce even the documents it has agreed to

28  produce that are responsive to this request.  Chaudoir Decl., ¶ 9.  Instead,  Mattel

1    has ceased communicating with MGA concerning these and all other disputes

2    related to MGA's First Set of Phase 2 Requests for Production of Documents and

3    Things (Nos. 1-68). Id. For example, MGA provided Mattel with a proposed

4    protocol for the imaging and production of documents from the hard drive

5    contained in the computer that Mattel agreed to produce on July 16, 2009 and

6    Mattel has ignored that proposal. Chaudoir Decl., ¶ 4.

7         Second, Mattel's assertion that other Vargas computers are not relevant is

8    without merit. MGA is entitled to any information in Mattel's custody or control

9    that may lead to the discovery of admissible evidence. Information on Vargas'

10   other Mattel computers falls squarely within this standard. Among other reasons,

11   computers that Mattel assigned to Vargas other than the single computer it is

12   willing to produce will lead to admissible evidence concerning Mattel's own use of

13   purported trade secrets and forms created by other companies, which Vargas and/or

14   others may have lawfully taken from their prior employment, including forms,

15   contact lists, price points, etc. Likewise, the other computers may reveal that

16   Mattel fails to make any effort to protect the information it is claiming are trade

17   secrets. Thus, the other computers contain information likely to lead to admissible

18   evidence and must be produced.

19        Finally, Mattel's remaining objections are generic, inapplicable and fail to

20   justify Mattel's failure to produce all responsive documents. As to overbreadth,

21   Mattel provides no explanation, let alone the required particularity, as to **why** these

22   requests are supposedly overly broad, nor can it do so. This objection is therefore

23   improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not

24   stated with specificity), Chaudoir Decl., Ex. 10. To the contrary, the request is

25   narrowly tailored to seek documents concerning Mattel's claims of trade secret

26   misappropriation and evidence proving MGA's affirmative defenses to those

27   claims. Finally, the request is only as broad as Mattel's trade secret

28   misappropriation claim. Since Mattel has yet to identify the trade secrets it claims

1   were misappropriated, MGA is entitled to seek that information in the form of this

2   request.

3   　　　As to burden, Mattel has not attempted to demonstrate why responding to

4   these requests and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

9   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

10  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

11  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

12  party failed to particularize its basis for the objection); Seff v. General Outdoor

13  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

14  burdensome" objection because value of information to plaintiff clearly outweighed

15  any annoyance or expense involved in disclosure by defendant); Capacchione v.

16  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

17  ("Requiring a responding party to perform extensive research or to compile

18  substantial amounts of data and information does not automatically constitute an

19  undue burden….  Imposing such a burden is particularly proper where, as here, the

20  information sought is crucial to the ultimate determination of a crucial issue….").

21  To the extent that there is any burden at all, it is from Mattel's having filed broad-

22  based and unwarranted attacks on MGA's conduct in three countries.  The need for

23  this information to defend against Mattel's claims clearly outweighs any potential

24  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

25  cannot complain that requests are unduly burdensome when the request "merely

26  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

27  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

28  infringed numerous products, Mattel has the right to discover the scope of the

1  alleged claims.  Accordingly, the objections are overruled.").

2      Mattel also makes a number of other improper objections, none of which is

3  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

4  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

5  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

6  with specificity are routinely rejected in the Central District.  See A. Farber and

7  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

8  boilerplate objections such as 'overly burdensome and harassing' are improper –

9  especially when a party fails to submit any evidentiary declarations supporting such

10  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

11  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

12  tantamount to not making any objection at all").

13      For example, this request does not seek information protected by the

14  attorney-client privilege, the attorney work product doctrine, or any other

15  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

16  secret theft by Vargas.  Further, Mattel has failed to provide a privilege log, thus

17  waiving this objection as to any allegedly privileged documents.

18      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

19  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

20  or no requests for discovery are premature at this point…."  Judge Larson agreed,

21  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

22  case at all.").

23      Mattel's expert disclosure objection is also without support.  The fact that

24  expert testimony may ultimately bear on some of the subjects of the request does

25  not excuse Mattel from its obligation to provide full and complete responses based

26  on the information Mattel presently has and to produce those responsive

27  documents.

28      In addition, Mattel's bare assertion that MGA has "failed to produce

1   witnesses for deposition and [is] withholding information and documents requested

2   in violation of orders of the Discovery Master and the Court" is not only

3   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

4   obligation to fully respond to the requests would be unaffected.

5        Also, this request does not seek information violative of any third-party's

6   rights of privacy.  The facts, persons, and documents responsive to this request are

7   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

8   itself previously has argued, any privacy issues are fully addressed by the Protective

9   Order in this case.

10       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

11  information or documents that are in the possession, custody and control of

12  independent parties over whom Mattel has no control" is nonsensical – Mattel is

13  obligated to provide all information in its possession, custody, or control that is

14  responsive to the request.

15       In short, Mattel's objections are uniformly without merit and frivolous.  The

16  Discovery Master should order Mattel to provide a substantive response to Request

17  No. 13 without objection and order Mattel to produce all documents responsive to

18  this request.

19

20  <u>REQUEST FOR PRODUCTION NO. 14:</u>

21

22       The hard drive(s) or any mirror image thereof (including but not limited to

23  any mirror image on any server or storage device) from any and all computers

24  assigned by MATTEL to VARGAS for using during the last year of his

25  employment with MATTEL.

26

27

28

1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

2

3      Mattel incorporates by reference the above-stated general objections as if

4  fully set forth herein.  Mattel further objects that this Request is premature because

5  Defendants have not complied with their discovery obligations.  They have failed to

6  produce witnesses for deposition and are withholding information and documents

7  requested in violation of orders of the Discovery Master and the Court.  Defendants

8  also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel also

9  objects to this Request to the extent that it seeks information not relevant to the

10  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

11  admissible evidence.  Mattel further objects that this Request is vague and

12  ambiguous.  Mattel further objects to the Request on the grounds that it seeks

13  documents that are not relevant to this action or likely to lead to the discovery of

14  admissible evidence.  Mattel further objects to this Request on the grounds that it

15  seeks confidential, proprietary and trade secret information, including such

16  information that has no bearing on the claims or defenses in this case.  Mattel also

17  objects to this Request to the extent it seeks documents that are in the possession,

18  custody and control of a foreign subsidiary of a party.  MGA has objected that such

19  documents are not within the scope of requests to a domestic party.

20

21  ## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

22  ## REQUEST FOR PRODUCTION NO. 14 SHOULD BE COMPELLED AND

23  ## DOCUMENTS SHOULD BE PRODUCED

24

25      As with the above, Mattel had agreed to produce the hard drive of the

26  personal computer assigned to Trueba at the time she resigned from Mattel but has

27  failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Instead, Mattel has

28  ceased communicating with MGA concerning this and all other disputes related to

1    MGA's First Set of Phase 2 Requests for Production of Documents and Things

2    (Nos. 1-68).  Chaudoir Decl., ¶ 9.  To foster the production of the hard drive, MGA

3    provided Mattel with a proposed protocol for the imaging and production of

4    documents from the hard drive contained in the computer that Mattel agreed to

5    produce on July 16, 2009.  Id., Ex. 4.  As with MGA's efforts to meet and confer on

6    the response themselves, Mattel has ignored that proposal.

7             Second, Mattel's assertion that other Vargas computers are not relevant is

8    without merit.  MGA is entitled to any information in Mattel's custody or control

9    that may lead to the discovery of admissible evidence.  Information on Vargas'

10   other Mattel computers that may have been assigned to him within the last year of

11   his employment falls squarely within this standard.  Among other reasons,

12   computers that Mattel assigned to Vargas other than the single computer it is

13   willing to produce will lead to admissible evidence concerning Mattel's own use of

14   purported trade secrets and forms created by other companies, which Vargas and/or

15   others could have lawfully taken from their prior employment, including forms,

16   contact lists, price points, etc.  Likewise, the other computers may reveal that

17   Mattel fails to make any effort to protect the information it is claiming are trade

18   secrets.  Thus, the other computers contain information likely to lead to admissible

19   evidence and must be produced.

20            Finally, Mattel's remaining objections are generic, inapplicable and fail to

21   justify Mattel's failure to produce all responsive documents.  As to overbreadth,

22   Mattel provides no explanation, let alone the required particularity, as to **why** these

23   requests are supposedly overly broad, nor can it do so.  This objection is therefore

24   improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not

25   stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

26   narrowly tailored to seek documents concerning Mattel's claims of trade secret

27   misappropriation and evidence proving MGA's affirmative defenses to those

28   claims.  Finally, the request is only as broad as Mattel's trade secret

1    misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

2    were misappropriated, MGA is entitled to seek that information in the form of this

3    request.

4         As to burden, Mattel has not attempted to demonstrate why responding to

5    these requests and/or producing responsive documents presents any burden.  This

6    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8    request is unduly burdensome must allege specific facts which indicate the nature

9    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

10   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

11   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

12   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

13   party failed to particularize its basis for the objection); Seff v. General Outdoor

14   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

15   burdensome" objection because value of information to plaintiff clearly outweighed

16   any annoyance or expense involved in disclosure by defendant); Capacchione v.

17   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

18   ("Requiring a responding party to perform extensive research or to compile

19   substantial amounts of data and information does not automatically constitute an

20   undue burden….  Imposing such a burden is particularly proper where, as here, the

21   information sought is crucial to the ultimate determination of a crucial issue….").

22   To the extent that there is any burden at all, it is from Mattel's having filed broad-

23   based and unwarranted attacks on MGA's conduct in three countries.  The need for

24   this information to defend against Mattel's claims clearly outweighs any potential

25   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

26   cannot complain that requests are unduly burdensome when the request "merely

27   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

28   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

1  infringed numerous products, Mattel has the right to discover the scope of the

2  alleged claims.  Accordingly, the objections are overruled.").

3      Mattel also makes a number of other improper objections, none of which is

4  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

5  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

6  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

7  with specificity are routinely rejected in the Central District.  See A. Farber and

8  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

9  boilerplate objections such as 'overly burdensome and harassing' are improper –

10  especially when a party fails to submit any evidentiary declarations supporting such

11  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

12  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

13  tantamount to not making any objection at all").

14      For example, this request does not seek information protected by the

15  attorney-client privilege, the attorney work product doctrine, or any other

16  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

17  secret theft by Vargas.  Further, Mattel has failed to provide a privilege log, thus

18  waiving this objection as to any allegedly privileged documents.

19      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

20  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

21  or no requests for discovery are premature at this point…." Judge Larson agreed,

22  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

23  case at all.").

24      Mattel's expert disclosure objection is also without support.  The fact that

25  expert testimony may ultimately bear on some of the subjects of the request does

26  not excuse Mattel from its obligation to provide full and complete responses based

27  on the information Mattel presently has and to produce those responsive

28  documents.

1    In addition, Mattel's bare assertion that MGA has "failed to produce

2    witnesses for deposition and [is] withholding information and documents requested

3    in violation of orders of the Discovery Master and the Court" is not only

4    unsupported and false, but immaterial – if this were true (and it is not), Mattel's

5    obligation to fully respond to the requests would be unaffected.

6    Also, this request does not seek information violative of any third-party's

7    rights of privacy.  The facts, persons, and documents responsive to this request are

8    in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

9    itself previously has argued, any privacy issues are fully addressed by the Protective

10   Order in this case.

11   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

12   information or documents that are in the possession, custody and control of

13   independent parties over whom Mattel has no control" is nonsensical – Mattel is

14   obligated to provide all information in its possession, custody, or control that is

15   responsive to the request.

16   In short, Mattel's objections are uniformly without merit and frivolous.  The

17   Discovery Master should order Mattel to provide a substantive response to Request

18   No. 14 without objection and order Mattel to produce the computers.

19

20   REQUEST FOR PRODUCTION NO. 15:

21   All DOCUMENTS REFLECTING that VARGAS took from MATTEL any

22   of the documents identified in page 31, line 12, through page 32, line 24 of

23   MATTEL's Supplemental Responses and Objections to MGA's First Set of

24   Interrogatories.

25

26

27

28

1

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 15:</u>

2

3       Mattel incorporates by reference the above-stated general objections as if

4    fully set forth herein.  Mattel also specifically objects to this Request on the ground

5    that it is premature because the subject matter of this Request will be the subject of

6    expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

7    limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

8    identify its experts and make related disclosures in accordance with the Court's

9    orders and applicable rules.  Mattel further objects that this Request is premature

10   because Defendants have not complied with their discovery obligations.  They have

11   failed to produce witnesses for deposition and are withholding information and

12   documents requested in violation of orders of the Discovery Master and the Court.

13   Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

14   overbroad.  Mattel further objects to this Request to the extent that it calls for the

15   disclosure of information subject to the attorney-client privilege, the attorney work-

16   product doctrine and other applicable privileges.  Mattel further objects to this

17   Request on the ground and to the extent it seeks trade secret, proprietary or

18   otherwise confidential information of Mattel or third parties.  Any such documents

19   that are produced, if any, will be produced only pursuant to and in reliance upon the

20   Protective Order entered in this case.  Mattel also objects to this Request to the

21   extent it seeks documents that are in the possession, custody and control of a

22   foreign subsidiary of a party.  MGA has objected that such documents are not

23   within the scope of requests to a domestic party.  Mattel further objects to this

24   Request to the extent that it may seek documents already produced by Mattel,

25   including documents stolen by MGA and other defendants.  Such documents will

26   not be produced again.

        Subject to the foregoing objections, Mattel responds as follows: At a

27   mutually agreeable time and place, Mattel will produce the non-privileged

28

1    documents, if any, that Mattel has been able to locate after a diligent search and

2    reasonable inquiry, to the extent not previously produced, that (a) Vargas took from

3    Mattel and, (b) that show the theft of those documents.

4

5    FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

6    REQUEST FOR PRODUCTION NO. 15 SHOULD BE COMPELLED AND

7    DOCUMENTS SHOULD BE PRODUCED

8

9    As set forth in MGA's Memorandum of Points and Authorities in Support of

10   its motion to Compel, Mattel had agreed to produce documents responsive to this

11   request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.

12   Despite that agreement, however, Mattel has neither produced documents nor

13   informed MGA that all responsive documents have already been produced.

14   Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

15   concerning this and all other disputes related to MGA's First Set of Phase 2

16   Requests for Production of Documents and Things (Nos. 1-68).  Id.

17   The documents responsive to this request are clearly relevant and

18   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

19   and fail to justify Mattel's failure to produce all responsive documents.  As to

20   overbreadth, Mattel provides no explanation, let alone the required particularity, as

21   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

22   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

23   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

24   request is narrowly tailored to seek documents concerning Mattel's claims of trade

25   secret misappropriation and evidence proving MGA's affirmative defenses to those

26   claims.  Finally, the request is only as broad as Mattel's trade secret

27   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

28   were misappropriated, MGA is entitled to seek that information in the form of this

1    request.

2          As to burden, Mattel has not attempted to demonstrate why responding to

3    these requests and/or producing responsive documents presents any burden.  This

4    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

5    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

6    request is unduly burdensome must allege specific facts which indicate the nature

7    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

8    Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

9    at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

10   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

11   party failed to particularize its basis for the objection); Seff v. General Outdoor

12   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

13   burdensome" objection because value of information to plaintiff clearly outweighed

14   any annoyance or expense involved in disclosure by defendant); Capacchione v.

15   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

16   ("Requiring a responding party to perform extensive research or to compile

17   substantial amounts of data and information does not automatically constitute an

18   undue burden….  Imposing such a burden is particularly proper where, as here, the

19   information sought is crucial to the ultimate determination of a crucial issue….").

20   To the extent that there is any burden at all, it is from Mattel's having filed broad-

21   based and unwarranted attacks on MGA's conduct in three countries.  The need for

22   this information to defend against Mattel's claims clearly outweighs any potential

23   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

24   cannot complain that requests are unduly burdensome when the request "merely

25   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

26   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

27   infringed numerous products, Mattel has the right to discover the scope of the

28   alleged claims.  Accordingly, the objections are overruled.").

1    Mattel also makes a number of other improper objections, none of which is

2    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

3    to part of a request must specify the part and permit inspection of the rest."  Fed. R.

4    Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

5    with specificity are routinely rejected in the Central District.  See A. Farber and

6    Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

7    boilerplate objections such as 'overly burdensome and harassing' are improper –

8    especially when a party fails to submit any evidentiary declarations supporting such

9    objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

10   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

11   tantamount to not making any objection at all").

12   For example, this request does not seek information protected by the

13   attorney-client privilege, the attorney work product doctrine, or any other

14   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

15   secret theft by Vargas.  Further, Mattel has failed to provide a privilege log, thus

16   waiving this objection as to any allegedly privileged documents.

17   Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

18   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

19   or no requests for discovery are premature at this point…."  Judge Larson agreed,

20   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

21   case at all.").

22   Mattel's expert disclosure objection is also without support.  The fact that

23   expert testimony may ultimately bear on some of the subjects of the request does

24   not excuse Mattel from its obligation to provide full and complete responses based

25   on the information Mattel presently has and to produce those responsive

26   documents.

27   In addition, Mattel's bare assertion that MGA has "failed to produce

28   witnesses for deposition and [is] withholding information and documents requested

1   in violation of orders of the Discovery Master and the Court" is not only

2   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

3   obligation to fully respond to the requests would be unaffected.

4   Also, this request does not seek information violative of any third-party's

5   rights of privacy.  The facts, persons, and documents responsive to this request are

6   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

7   itself previously has argued, any privacy issues are fully addressed by the Protective

8   Order in this case.

9   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

10   information or documents that are in the possession, custody and control of

11   independent parties over whom Mattel has no control" is nonsensical – Mattel is

12   obligated to provide all information in its possession, custody, or control that is

13   responsive to the request.

14   In short, Mattel's objections are uniformly without merit and frivolous.  The

15   Discovery Master should order Mattel to provide a substantive response to Request

16   No. 15 without objection and order Mattel to produce the computers.

17

18   REQUEST FOR PRODUCTION NO. 16:

19

20   All DOCUMENTS REFLECTING that any documents allegedly taken by

21   VARGAS from MATTEL, including, without limitation, any of the documents

22   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

23   Responses and Objections to MGA's First Set of Interrogatories, were given to

24   MGA by VARGAS.

25   RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

26

27   Mattel incorporates by reference the above-stated general objections as if

28   fully set forth herein.  Mattel also specifically objects to this Request on the ground

1    that it is premature because the subject matter of this Request will be the subject of

2    expert testimony at trial. Mattel objects to this Request to the extent it seeks to

3    limit the expert testimony that Mattel may seek to introduce at trial. Mattel will

4    identify its experts and make related disclosures in accordance with the Court's

5    orders and applicable rules. Mattel further objects that this Request is premature

6    because Defendants have not complied with their discovery obligations. They have

7    failed to produce witnesses for deposition and are withholding information and

8    documents requested in violation of orders of the Discovery Master and the Court.

9    Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

10    overbroad. Mattel further objects to this Request to the extent that it calls for the

11    disclosure of information subject to the attorney-client privilege, the attorney work-

12    product doctrine and other applicable privileges. Mattel further objects to this

13    Request on the ground and to the extent it seeks trade secret, proprietary or

14    otherwise confidential information of Mattel or third parties. Any such documents

15    that are produced, if any, will be produced only pursuant to and in reliance upon the

16    Protective Order entered in this case. Mattel also objects to this Request to the

17    extent it seeks documents that are in the possession, custody and control of a

18    foreign subsidiary of a party. MGA has objected that such documents are not

19    within the scope of requests to a domestic party. Mattel further objects to this

20    Request to the extent that it may seek documents already produced by Mattel,

21    including documents stolen by MGA and other defendants. Such documents will

22    not be produced again.

23       Subject to the foregoing objections, Mattel responds as follows: At a

24    mutually agreeable time and place, Mattel will produce the non-privileged

25    documents, if any, that Mattel has been able to locate after a diligent search and

26    reasonable inquiry, to the extent not previously produced that show that Vargas

27    gave to MGA and its subsidiaries and agents documents stolen from Mattel.

28

<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 16 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>

As set forth in MGA's Memorandum of Points and Authorities in Support of its motion to Compel, Mattel had agreed to produce documents responsive to this request.  <u>See</u>, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2. Despite that agreement, however, Mattel has neither produced documents nor informed MGA that all responsive documents have already been produced. Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  <u>Id</u>.

The documents responsive to this request are clearly relevant and discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims.  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

1    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2    request is unduly burdensome must allege specific facts which indicate the nature

3    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

4    Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

5    at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

6    94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

7    party failed to particularize its basis for the objection); Seff v. General Outdoor

8    Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

9    burdensome" objection because value of information to plaintiff clearly outweighed

10   any annoyance or expense involved in disclosure by defendant); Capacchione v.

11   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

12   ("Requiring a responding party to perform extensive research or to compile

13   substantial amounts of data and information does not automatically constitute an

14   undue burden…. Imposing such a burden is particularly proper where, as here, the

15   information sought is crucial to the ultimate determination of a crucial issue….").

16   To the extent that there is any burden at all, it is from Mattel's having filed broad-

17   based and unwarranted attacks on MGA's conduct in three countries. The need for

18   this information to defend against Mattel's claims clearly outweighs any potential

19   burden to Mattel. Indeed, the Discovery Master has already ruled that a party

20   cannot complain that requests are unduly burdensome when the request "merely

21   seeks information regarding the extent of" a party's claim. Order No. 17, dated

22   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

23   infringed numerous products, Mattel has the right to discover the scope of the

24   alleged claims. Accordingly, the objections are overruled.").

25        Mattel also makes a number of other improper objections, none of which is

26   substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

27   to part of a request must specify the part and permit inspection of the rest." Fed. R.

28   Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

1    with specificity are routinely rejected in the Central District.  See A. Farber and

2    Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

3    boilerplate objections such as 'overly burdensome and harassing' are improper –

4    especially when a party fails to submit any evidentiary declarations supporting such

5    objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

6    587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

7    tantamount to not making any objection at all").

8         For example, this request does not seek information protected by the

9    attorney-client privilege, the attorney work product doctrine, or any other

10   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

11   secret theft by Vargas.  Further, Mattel has failed to provide a privilege log, thus

12   waiving this objection as to any allegedly privileged documents.

13        Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

14   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

15   or no requests for discovery are premature at this point…." Judge Larson agreed,

16   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

17   case at all.").

18        Mattel's expert disclosure objection is also without support.  The fact that

19   expert testimony may ultimately bear on some of the subjects of the request does

20   not excuse Mattel from its obligation to provide full and complete responses based

21   on the information Mattel presently has and to produce those responsive

22   documents.

23        In addition, Mattel's bare assertion that MGA has "failed to produce

24   witnesses for deposition and [is] withholding information and documents requested

25   in violation of orders of the Discovery Master and the Court" is not only

26   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

27   obligation to fully respond to the requests would be unaffected.

28        Also, this request does not seek information violative of any third-party's

rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 16 without objection and order Mattel to produce the computers.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS REFLECTING that any documents allegedly taken by VARGAS from MATTEL, including, without limitation, any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories, were given to MGA HK by VARGAS.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's

1    orders and applicable rules.  Mattel further objects that this Request is premature

2    because Defendants have not complied with their discovery obligations.  They have

3    failed to produce witnesses for deposition and are withholding information and

4    documents requested in violation of orders of the Discovery Master and the Court.

5    Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

6    overbroad.  Mattel further objects to this Request to the extent that it calls for the

7    disclosure of information subject to the attorney-client privilege, the attorney work-

8    product doctrine and other applicable privileges.  Mattel further objects to this

9    Request on the ground and to the extent it seeks trade secret, proprietary or

10   otherwise confidential information of Mattel or third parties.  Any such documents

11   that are produced, if any, will be produced only pursuant to and in reliance upon the

12   Protective Order entered in this case.  Mattel also objects to this Request to the

13   extent it seeks documents that are in the possession, custody and control of a

14   foreign subsidiary of a party.  MGA has objected that such documents are not

15   within the scope of requests to a domestic party.  Mattel further objects to this

16   Request to the extent that it may seek documents already produced by Mattel,

17   including documents stolen by MGA and other defendants.  Such documents will

18   not be produced again.

19          Subject to the foregoing objections, Mattel responds as follows: At a

20   mutually agreeable time and place, Mattel will produce the non-privileged

21   documents, if any, that Mattel has been able to locate after a diligent search and

22   reasonable inquiry, to the extent not previously produced that show that Vargas

23   gave to MGA and its subsidiaries and agents documents stolen from Mattel.

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 17 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>

As set forth in MGA's Memorandum of Points and Authorities in Support of its motion to Compel, Mattel had agreed to produce documents responsive to this request.  <u>See</u>, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2. Despite that agreement, however, Mattel has neither produced documents nor informed MGA that all responsive documents have already been produced. Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  <u>Id</u>.

The documents responsive to this request are clearly relevant and discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims.  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.</u>,

1    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2    request is unduly burdensome must allege specific facts which indicate the nature

3    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

4    Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

5    at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

6    94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

7    party failed to particularize its basis for the objection); Seff v. General Outdoor

8    Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

9    burdensome" objection because value of information to plaintiff clearly outweighed

10   any annoyance or expense involved in disclosure by defendant); Capacchione v.

11   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

12   ("Requiring a responding party to perform extensive research or to compile

13   substantial amounts of data and information does not automatically constitute an

14   undue burden…. Imposing such a burden is particularly proper where, as here, the

15   information sought is crucial to the ultimate determination of a crucial issue….").

16   To the extent that there is any burden at all, it is from Mattel's having filed broad-

17   based and unwarranted attacks on MGA's conduct in three countries. The need for

18   this information to defend against Mattel's claims clearly outweighs any potential

19   burden to Mattel. Indeed, the Discovery Master has already ruled that a party

20   cannot complain that requests are unduly burdensome when the request "merely

21   seeks information regarding the extent of" a party's claim. Order No. 17, dated

22   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

23   infringed numerous products, Mattel has the right to discover the scope of the

24   alleged claims. Accordingly, the objections are overruled.").

25        Mattel also makes a number of other improper objections, none of which is

26   substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

27   to part of a request must specify the part and permit inspection of the rest." Fed. R.

28   Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

1   with specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and</u>
2   <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
3   boilerplate objections such as 'overly burdensome and harassing' are improper –
4   especially when a party fails to submit any evidentiary declarations supporting such
5   objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,
6   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and
7   tantamount to not making any objection at all").

8        For example, this request does not seek information protected by the
9   attorney-client privilege, the attorney work product doctrine, or any other
10  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade
11  secret theft by Vargas.  Further, Mattel has failed to provide a privilege log, thus
12  waiving this objection as to any allegedly privileged documents.

13       Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at
14  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues
15  or no requests for discovery are premature at this point…."  Judge Larson agreed,
16  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
17  case at all.").

18       Mattel's expert disclosure objection is also without support.  The fact that
19  expert testimony may ultimately bear on some of the subjects of the request does
20  not excuse Mattel from its obligation to provide full and complete responses based
21  on the information Mattel presently has and to produce those responsive
22  documents.

23       In addition, Mattel's bare assertion that MGA has "failed to produce
24  witnesses for deposition and [is] withholding information and documents requested
25  in violation of orders of the Discovery Master and the Court" is not only
26  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
27  obligation to fully respond to the requests would be unaffected.

28       Also, this request does not seek information violative of any third-party's

1  rights of privacy.  The facts, persons, and documents responsive to this request are

2  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

3  itself previously has argued, any privacy issues are fully addressed by the Protective

4  Order in this case.

5      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

6  information or documents that are in the possession, custody and control of

7  independent parties over whom Mattel has no control" is nonsensical – Mattel is

8  obligated to provide all information in its possession, custody, or control that is

9  responsive to the request.

10     In short, Mattel's objections are uniformly without merit and frivolous.  The

11 Discovery Master should order Mattel to provide a substantive response to Request

12 No. 17 without objection and order Mattel to produce the computers.

13

14     REQUEST FOR PRODUCTION NO. 18:

15

16     All DOCUMENTS REFLECTING that any documents allegedly taken by

   VARGAS from MATTEL, including, without limitation, any of the documents

17 identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

18 Responses and Objections to MGA's First Set of Interrogatories, were given to

19 MGA MEXICO by VARGAS.

20     RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

21

22     Mattel incorporates by reference the above-stated general objections as if

23 fully set forth herein.  Mattel also specifically objects to this Request on the ground

24 that it is premature because the subject matter of this Request will be the subject of

25 expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

26 limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

27 identify its experts and make related disclosures in accordance with the Court's

28 orders and applicable rules.  Mattel further objects that this Request is premature

1  because Defendants have not complied with their discovery obligations.  They have

2  failed to produce witnesses for deposition and are withholding information and

3  documents requested in violation of orders of the Discovery Master and the Court.

4  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

5  overbroad.  Mattel further objects to this Request to the extent that it calls for the

6  disclosure of information subject to the attorney-client privilege, the attorney work-

7  product doctrine and other applicable privileges.  Mattel further objects to this

8  Request on the ground and to the extent it seeks trade secret, proprietary or

9  otherwise confidential information of Mattel or third parties.  Any such documents

10  that are produced, if any, will be produced only pursuant to and in reliance upon the

11  Protective Order entered in this case.  Mattel also objects to this Request to the

12  extent it seeks documents that are in the possession, custody and control of a

13  foreign subsidiary of a party.  MGA has objected that such documents are not

14  within the scope of requests to a domestic party.  Mattel further objects to this

15  Request to the extent that it may seek documents already produced by Mattel,

16  including documents stolen by MGA and other defendants.  Such documents will

17  not be produced again.

18       Subject to the foregoing objections, Mattel responds as follows: At a

19  mutually agreeable time and place, Mattel will produce the non-privileged

20  documents, if any, that Mattel has been able to locate after a diligent search and

21  reasonable inquiry, to the extent not previously produced that show that Vargas

22  gave to MGA and its subsidiaries and agents documents stolen from Mattel.

23

24  <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

25  <u>REQUEST FOR PRODUCTION NO. 18 SHOULD BE COMPELLED AND</u>

26  <u>DOCUMENTS SHOULD BE PRODUCED</u>

27

28       As set forth in MGA's Memorandum of Points and Authorities in Support of

1    its motion to Compel, Mattel had agreed to produce documents responsive to this

2    request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.

3    Despite that agreement, however, Mattel has neither produced documents nor

4    informed MGA that all responsive documents have already been produced.

5    Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

6    concerning this and all other disputes related to MGA's First Set of Phase 2

7    Requests for Production of Documents and Things (Nos. 1-68).  Id.

8         The documents responsive to this request are clearly relevant and

9    discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

10   and fail to justify Mattel's failure to produce all responsive documents.  As to

11   overbreadth, Mattel provides no explanation, let alone the required particularity, as

12   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

13   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

14   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

15   request is narrowly tailored to seek documents concerning Mattel's claims of trade

16   secret misappropriation and evidence proving MGA's affirmative defenses to those

17   claims.  Finally, the request is only as broad as Mattel's trade secret

18   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

19   were misappropriated, MGA is entitled to seek that information in the form of this

20   request.

21        As to burden, Mattel has not attempted to demonstrate why responding to

22   these requests and/or producing responsive documents presents any burden.  This

23   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25   request is unduly burdensome must allege specific facts which indicate the nature

26   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

27   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

28   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden…. Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue…."). To the extent that there is any burden at all, it is from Mattel's having filed broad-based and unwarranted attacks on MGA's conduct in three countries. The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel. Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim. Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims. Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

1    587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

2    tantamount to not making any objection at all").

3          For example, this request does not seek information protected by the

4    attorney-client privilege, the attorney work product doctrine, or any other

5    applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

6    secret theft by Vargas.  Further, Mattel has failed to provide a privilege log, thus

7    waiving this objection as to any allegedly privileged documents.

8          Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

9    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

10   or no requests for discovery are premature at this point…."  Judge Larson agreed,

11   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

12   case at all.").

13         Mattel's expert disclosure objection is also without support.  The fact that

14   expert testimony may ultimately bear on some of the subjects of the request does

15   not excuse Mattel from its obligation to provide full and complete responses based

16   on the information Mattel presently has and to produce those responsive

17   documents.

18         In addition, Mattel's bare assertion that MGA has "failed to produce

19   witnesses for deposition and [is] withholding information and documents requested

20   in violation of orders of the Discovery Master and the Court" is not only

21   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

22   obligation to fully respond to the requests would be unaffected.

23         Also, this request does not seek information violative of any third-party's

24   rights of privacy.  The facts, persons, and documents responsive to this request are

25   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

26   itself previously has argued, any privacy issues are fully addressed by the Protective

27   Order in this case.

28         Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

1   information or documents that are in the possession, custody and control of

2   independent parties over whom Mattel has no control" is nonsensical – Mattel is

3   obligated to provide all information in its possession, custody, or control that is

4   responsive to the request.

5      In short, Mattel's objections are uniformly without merit and frivolous.  The

6   Discovery Master should order Mattel to provide a substantive response to Request

7   No. 18 without objection and order Mattel to produce the computers.

8

9      REQUEST FOR PRODUCTION NO. 19:

10

11     All DOCUMENTS REFLECTING that any documents allegedly taken by

    VARGAS from MATTEL, including, without limitation, any of the documents

12   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

13   Responses and Objections to MGA's First Set of Interrogatories, were given to

14   LARIAN by VARGAS.

15

16     RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

17

18     Mattel incorporates by reference the above-stated general objections as if

19   fully set forth herein.  Mattel also specifically objects to this Request on the ground

20   that it is premature because the subject matter of this Request will be the subject of

21   expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

22   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

23   identify its experts and make related disclosures in accordance with the Court's

24   orders and applicable rules.  Mattel further objects that this Request is premature

25   because Defendants have not complied with their discovery obligations.  They have

26   failed to produce witnesses for deposition and are withholding information and

27   documents requested in violation of orders of the Discovery Master and the Court.

28   Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

1    overbroad.  Mattel further objects to this Request to the extent that it calls for the

2    disclosure of information subject to the attorney-client privilege, the attorney work-

3    product doctrine and other applicable privileges.  Mattel further objects to this

4    Request on the ground and to the extent it seeks trade secret, proprietary or

5    otherwise confidential information of Mattel or third parties.  Any such documents

6    that are produced, if any, will be produced only pursuant to and in reliance upon the

7    Protective Order entered in this case.  Mattel also objects to this Request to the

8    extent it seeks documents that are in the possession, custody and control of a

9    foreign subsidiary of a party.  MGA has objected that such documents are not

10   within the scope of requests to a domestic party.  Mattel further objects to this

11   Request to the extent that it may seek documents already produced by Mattel,

12   including documents stolen by MGA and other defendants.  Such documents will

13   not be produced again.

14          Subject to the foregoing objections, Mattel responds as follows: At a

15   mutually agreeable time and place, Mattel will produce the non-privileged

16   documents, if any, that Mattel has been able to locate after a diligent search and

17   reasonable inquiry, to the extent not previously produced that show that Vargas

18   gave to MGA and its subsidiaries and agents documents stolen from Mattel.

19

20          FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

21          REQUEST FOR PRODUCTION NO. 19 SHOULD BE COMPELLED AND

22          DOCUMENTS SHOULD BE PRODUCED

23

24          As set forth in MGA's Memorandum of Points and Authorities in Support of

25   its motion to Compel, Mattel had agreed to produce documents responsive to this

26   request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.

27   Despite that agreement, however, Mattel has neither produced documents nor

28   informed MGA that all responsive documents have already been produced.

1   Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

2   concerning this and all other disputes related to MGA's First Set of Phase 2

3   Requests for Production of Documents and Things (Nos. 1-68).  Id.

4        The documents responsive to this request are clearly relevant and

5   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

6   and fail to justify Mattel's failure to produce all responsive documents.  As to

7   overbreadth, Mattel provides no explanation, let alone the required particularity, as

8   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

9   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

10  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

11  request is narrowly tailored to seek documents concerning Mattel's claims of trade

12  secret misappropriation and evidence proving MGA's affirmative defenses to those

13  claims.  Finally, the request is only as broad as Mattel's trade secret

14  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

15  were misappropriated, MGA is entitled to seek that information in the form of this

16  request.

17       As to burden, Mattel has not attempted to demonstrate why responding to

18  these requests and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

23  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

24  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

25  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

26  party failed to particularize its basis for the objection); Seff v. General Outdoor

27  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

28  burdensome" objection because value of information to plaintiff clearly outweighed

1    any annoyance or expense involved in disclosure by defendant); Capacchione v.

2    Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

3    ("Requiring a responding party to perform extensive research or to compile

4    substantial amounts of data and information does not automatically constitute an

5    undue burden…. Imposing such a burden is particularly proper where, as here, the

6    information sought is crucial to the ultimate determination of a crucial issue….").

7    To the extent that there is any burden at all, it is from Mattel's having filed broad-

8    based and unwarranted attacks on MGA's conduct in three countries. The need for

9    this information to defend against Mattel's claims clearly outweighs any potential

10   burden to Mattel. Indeed, the Discovery Master has already ruled that a party

11   cannot complain that requests are unduly burdensome when the request "merely

12   seeks information regarding the extent of" a party's claim. Order No. 17, dated

13   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

14   infringed numerous products, Mattel has the right to discover the scope of the

15   alleged claims. Accordingly, the objections are overruled.").

16        Mattel also makes a number of other improper objections, none of which is

17   substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

18   to part of a request must specify the part and permit inspection of the rest." Fed. R.

19   Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

20   with specificity are routinely rejected in the Central District. See A. Farber and

21   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

22   boilerplate objections such as 'overly burdensome and harassing' are improper –

23   especially when a party fails to submit any evidentiary declarations supporting such

24   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

25   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

26   tantamount to not making any objection at all").

27        For example, this request does not seek information protected by the

28   attorney-client privilege, the attorney work product doctrine, or any other

1   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

2   secret theft by Vargas.  Further, Mattel has failed to provide a privilege log, thus

3   waiving this objection as to any allegedly privileged documents.

4        Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

5   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

6   or no requests for discovery are premature at this point…."  Judge Larson agreed,

7   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

8   case at all.").

9        Mattel's expert disclosure objection is also without support.  The fact that

10  expert testimony may ultimately bear on some of the subjects of the request does

11  not excuse Mattel from its obligation to provide full and complete responses based

12  on the information Mattel presently has and to produce those responsive

13  documents.

14       In addition, Mattel's bare assertion that MGA has "failed to produce

15  witnesses for deposition and [is] withholding information and documents requested

16  in violation of orders of the Discovery Master and the Court" is not only

17  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

18  obligation to fully respond to the requests would be unaffected.

19       Also, this request does not seek information violative of any third-party's

20  rights of privacy.  The facts, persons, and documents responsive to this request are

21  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

22  itself previously has argued, any privacy issues are fully addressed by the Protective

23  Order in this case.

24       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

25  information or documents that are in the possession, custody and control of

26  independent parties over whom Mattel has no control" is nonsensical – Mattel is

27  obligated to provide all information in its possession, custody, or control that is

28  responsive to the request.

1    In short, Mattel's objections are uniformly without merit and frivolous.  The

2    Discovery Master should order Mattel to provide a substantive response to Request

3    No. 19 without objection and order Mattel to produce the computers.

4

5    REQUEST FOR PRODUCTION NO. 20:

6

7    All DOCUMENTS REFLECTING that any documents allegedly taken by

     VARGAS from MATTEL, including, without limitation, any of the documents

8    identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

9    Responses and Objections to MGA's First Set of Interrogatories, gave MGA an

10   "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of

11   MATTEL's Supplemental Responses and Objections to MGA's First Set of

12   Interrogatories.

13

14   RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

15

16   Mattel incorporates by reference the above-stated general objections as if

17   fully set forth herein.  Mattel also specifically objects to the use of the term

18   "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to

19   this Request on the ground and to the extent it seeks trade secret, proprietary or

20   otherwise confidential information of Mattel or third parties.  Any such documents

21   that are produced, if any, will be produced only pursuant to and in reliance upon the

22   Protective Order entered in this case.  Mattel further objects that this Request is

23   premature because Defendants have not complied with their discovery obligations.

24   They have failed to produce witnesses for deposition and are withholding

25   information and documents requested in violation of orders of the Discovery Master

26   and the Court.  Mattel further objects to this Request on the ground that it is

27   premature because the subject matter of this Request will be the subject of expert

28   testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

1    expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

2    experts and make related disclosures in accordance with the Court's orders and

3    applicable rules.  Mattel further objects to this Request to the extent that it calls for

4    the disclosure of information subject to the attorney-client privilege, the attorney

5    work-product doctrine and other applicable privileges.  Mattel also objects to this

6    Request to the extent it seeks documents that are in the possession, custody and

7    control of a foreign subsidiary of a party.  MGA has objected that such documents

8    are not within the scope of requests to a domestic party.  Mattel further objects to

9    this Request to the extent that it may seek documents already produced by Mattel,

10   including documents stolen by MGA and other defendants.  Such documents will

11   not be produced again.  Mattel also objects to this Request because it seeks

12   documents that are in the MGA Parties' exclusive possession, custody and control.

13

14       FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

15       REQUEST FOR PRODUCTION NO. 20 SHOULD BE COMPELLED AND

16       DOCUMENTS SHOULD BE PRODUCED

17

18       During meet and confer discussions with Mattel, Mattel advised that it did

19   not agree to produce responsive documents to this request because Mattel claims

20   that the documents are in the exclusive possession of MGA.  See Mankey Decl.,

21   Ex. D.  MGA explained that this response differed from Mattel's responses to

22   Requests 11 and 31.  Id.  Mattel then asserted that it did not have responsive

23   documents.  Id.  Thus, Mattel had agreed to confirm that Mattel neither has nor had

24   responsive documents to this Request.  Id.  Despite that agreement, however, Mattel

25   has not confirmed there are no responsive documents to this request.  Chaudoir

26   Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this

27   and all other disputes related to MGA's First Set of Phase 2 Requests for

28   Production of Documents and Things (Nos. 1-68).  Id.

1       The documents responsive to this request are clearly relevant and

2   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

3   and fail to justify Mattel's failure to produce all responsive documents.  As to

4   overbreadth, Mattel provides no explanation, let alone the required particularity, as

5   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

6   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

7   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

8   request is narrowly tailored to seek documents concerning Mattel's claims of trade

9   secret misappropriation and evidence proving MGA's affirmative defenses to those

10  claims.  Finally, the request is only as broad as Mattel's trade secret

11  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

12  were misappropriated, MGA is entitled to seek that information in the form of this

13  request.

14      As to burden, Mattel has not attempted to demonstrate why responding to

15  these requests and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

20  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

21  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

22  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

23  party failed to particularize its basis for the objection); Seff v. General Outdoor

24  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

25  burdensome" objection because value of information to plaintiff clearly outweighed

26  any annoyance or expense involved in disclosure by defendant); Capacchione v.

27  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

28  ("Requiring a responding party to perform extensive research or to compile

1    substantial amounts of data and information does not automatically constitute an

2    undue burden…. Imposing such a burden is particularly proper where, as here, the

3    information sought is crucial to the ultimate determination of a crucial issue….").

4    To the extent that there is any burden at all, it is from Mattel's having filed broad-

5    based and unwarranted attacks on MGA's conduct in three countries. The need for

6    this information to defend against Mattel's claims clearly outweighs any potential

7    burden to Mattel. Indeed, the Discovery Master has already ruled that a party

8    cannot complain that requests are unduly burdensome when the request "merely

9    seeks information regarding the extent of" a party's claim. Order No. 17, dated

10   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

11   infringed numerous products, Mattel has the right to discover the scope of the

12   alleged claims. Accordingly, the objections are overruled.").

13       Mattel also makes a number of other improper objections, none of which is

14   substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

15   to part of a request must specify the part and permit inspection of the rest." Fed. R.

16   Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

17   with specificity are routinely rejected in the Central District. See A. Farber and

18   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

19   boilerplate objections such as 'overly burdensome and harassing' are improper –

20   especially when a party fails to submit any evidentiary declarations supporting such

21   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

22   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

23   tantamount to not making any objection at all").

24       For example, this request does not seek information protected by the

25   attorney-client privilege, the attorney work product doctrine, or any other

26   applicable privilege. Rather, it seeks documents related to Mattel's claim of trade

27   secret theft by Vargas. Further, Mattel has failed to provide a privilege log, thus

28   waiving this objection as to any allegedly privileged documents.

1    Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

2    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

3    or no requests for discovery are premature at this point…."  Judge Larson agreed,

4    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

5    case at all.").

6    Mattel's expert disclosure objection is also without support.  The fact that

7    expert testimony may ultimately bear on some of the subjects of the request does

8    not excuse Mattel from its obligation to provide full and complete responses based

9    on the information Mattel presently has and to produce those responsive

10   documents.

11   In addition, Mattel's bare assertion that MGA has "failed to produce

12   witnesses for deposition and [is] withholding information and documents requested

13   in violation of orders of the Discovery Master and the Court" is not only

14   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

15   obligation to fully respond to the requests would be unaffected.

16   Also, this request does not seek information violative of any third-party's

17   rights of privacy.  The facts, persons, and documents responsive to this request are

18   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

19   itself previously has argued, any privacy issues are fully addressed by the Protective

20   Order in this case.

21   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

22   information or documents that are in the possession, custody and control of

23   independent parties over whom Mattel has no control" is nonsensical – Mattel is

24   obligated to provide all information in its possession, custody, or control that is

25   responsive to the request.

26   In short, Mattel's objections are uniformly without merit and frivolous.  The

27   Discovery Master should order Mattel to provide a substantive response to Request

28   No. 20 without objection and order Mattel to produce the computers.

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS REFLECTING that any documents allegedly taken by VARGAS from MATTEL, including, without limitation, any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories, gave MGA HK an "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel also specifically objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney

1   work-product doctrine and other applicable privileges.  Mattel also objects to this

2   Request to the extent it seeks documents that are in the possession, custody and

3   control of a foreign subsidiary of a party.  MGA has objected that such documents

4   are not within the scope of requests to a domestic party.  Mattel further objects to

5   this Request to the extent that it may seek documents already produced by Mattel,

6   including documents stolen by MGA and other defendants.  Such documents will

7   not be produced again.  Mattel also objects to this Request because it seeks

8   documents that are in the MGA Parties' exclusive possession, custody and control.

9

10   <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

11   <u>REQUEST FOR PRODUCTION NO. 21 SHOULD BE COMPELLED AND</u>

12   <u>DOCUMENTS SHOULD BE PRODUCED</u>

13

14          During meet and confer discussions with Mattel, Mattel advised that it did

15   not agree to produce responsive documents to this request because Mattel claims

16   that the documents are in the exclusive possession of MGA.  <u>See</u> Mankey Decl.,

17   Ex. D.  MGA explained that this response differed from Mattel's responses to

18   Requests 11 and 31.  <u>Id</u>.  Mattel then asserted that it did not have responsive

19   documents.  <u>Id</u>.  Thus, Mattel had agreed to confirm that Mattel neither has nor had

20   responsive documents to this Request.  <u>Id</u>.  Despite that agreement, however, Mattel

21   has not confirmed there are no responsive documents to this request.  Chaudoir

22   Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this

23   and all other disputes related to MGA's First Set of Phase 2 Requests for

24   Production of Documents and Things (Nos. 1-68).  <u>Id</u>.

25          The documents responsive to this request are clearly relevant and

26   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

27   and fail to justify Mattel's failure to produce all responsive documents.  As to

28   overbreadth, Mattel provides no explanation, let alone the required particularity, as

1   to **why** these requests are supposedly overly broad, nor can it do so.  This objection

2   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

3   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

4   request is narrowly tailored to seek documents concerning Mattel's claims of trade

5   secret misappropriation and evidence proving MGA's affirmative defenses to those

6   claims.  Finally, the request is only as broad as Mattel's trade secret

7   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

8   were misappropriated, MGA is entitled to seek that information in the form of this

9   request.

10          As to burden, Mattel has not attempted to demonstrate why responding to

11   these requests and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

16   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

17   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

18   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

19   party failed to particularize its basis for the objection); Seff v. General Outdoor

20   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

21   burdensome" objection because value of information to plaintiff clearly outweighed

22   any annoyance or expense involved in disclosure by defendant); Capacchione v.

23   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

24   ("Requiring a responding party to perform extensive research or to compile

25   substantial amounts of data and information does not automatically constitute an

26   undue burden….  Imposing such a burden is particularly proper where, as here, the

27   information sought is crucial to the ultimate determination of a crucial issue….").

28   To the extent that there is any burden at all, it is from Mattel's having filed broad-

1    based and unwarranted attacks on MGA's conduct in three countries.  The need for

2    this information to defend against Mattel's claims clearly outweighs any potential

3    burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

4    cannot complain that requests are unduly burdensome when the request "merely

5    seeks information regarding the extent of" a party's claim.  Order No. 17, dated

6    April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

7    infringed numerous products, Mattel has the right to discover the scope of the

8    alleged claims.  Accordingly, the objections are overruled.").

9        Mattel also makes a number of other improper objections, none of which is

10   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

11   to part of a request must specify the part and permit inspection of the rest."  Fed. R.

12   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

13   with specificity are routinely rejected in the Central District.  See A. Farber and

14   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

15   boilerplate objections such as 'overly burdensome and harassing' are improper –

16   especially when a party fails to submit any evidentiary declarations supporting such

17   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

18   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

19   tantamount to not making any objection at all").

20       For example, this request does not seek information protected by the

21   attorney-client privilege, the attorney work product doctrine, or any other

22   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

23   secret theft by Vargas.  Further, Mattel has failed to provide a privilege log, thus

24   waiving this objection as to any allegedly privileged documents.

25       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

26   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

27   or no requests for discovery are premature at this point…." Judge Larson agreed,

28   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

1    case at all.").

2         Mattel's expert disclosure objection is also without support.  The fact that

3    expert testimony may ultimately bear on some of the subjects of the request does

4    not excuse Mattel from its obligation to provide full and complete responses based

5    on the information Mattel presently has and to produce those responsive

6    documents.

7         In addition, Mattel's bare assertion that MGA has "failed to produce

8    witnesses for deposition and [is] withholding information and documents requested

9    in violation of orders of the Discovery Master and the Court" is not only

10   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

11   obligation to fully respond to the requests would be unaffected.

12        Also, this request does not seek information violative of any third-party's

13   rights of privacy.  The facts, persons, and documents responsive to this request are

14   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

15   itself previously has argued, any privacy issues are fully addressed by the Protective

16   Order in this case.

17        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

18   information or documents that are in the possession, custody and control of

19   independent parties over whom Mattel has no control" is nonsensical – Mattel is

20   obligated to provide all information in its possession, custody, or control that is

21   responsive to the request.

22        In short, Mattel's objections are uniformly without merit and frivolous.  The

23   Discovery Master should order Mattel to provide a substantive response to Request

24   No. 21 without objection and order Mattel to produce the computers.

25

26

27

28

1

<u>REQUEST FOR PRODUCTION NO. 22:</u>

2

3

All DOCUMENTS REFLECTING that any documents allegedly taken by

4

VARGAS from MATTEL, including, without limitation, any of the documents

5

identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

6

Responses and Objections to MGA's First Set of Interrogatories, gave MGA

7

MEXICO an "unfair competitive advantage," as referenced on page 32, lines 25

8

through 27, of MATTEL's Supplemental Responses and Objections to MGA's First

9

Set of Interrogatories.

10

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 22:</u>

11

12

Mattel incorporates by reference the above-stated general objections as if

13

fully set forth herein.  Mattel also specifically objects to the use of the term

14

"REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to

15

this Request on the ground and to the extent it seeks trade secret, proprietary or

16

otherwise confidential information of Mattel or third parties.  Any such documents

17

that are produced, if any, will be produced only pursuant to and in reliance upon the

18

Protective Order entered in this case.  Mattel further objects that this Request is

19

premature because Defendants have not complied with their discovery obligations.

20

They have failed to produce witnesses for deposition and are withholding

21

information and documents requested in violation of orders of the Discovery Master

22

and the Court.  Mattel further objects to this Request on the ground that it is

23

premature because the subject matter of this Request will be the subject of expert

24

testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

25

expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

26

experts and make related disclosures in accordance with the Court's orders and

27

applicable rules.  Mattel further objects to this Request to the extent that it calls for

28

the disclosure of information subject to the attorney-client privilege, the attorney

1    work-product doctrine and other applicable privileges.  Mattel also objects to this

2    Request to the extent it seeks documents that are in the possession, custody and

3    control of a foreign subsidiary of a party.  MGA has objected that such documents

4    are not within the scope of requests to a domestic party.  Mattel further objects to

5    this Request to the extent that it may seek documents already produced by Mattel,

6    including documents stolen by MGA and other defendants.  Such documents will

7    not be produced again.  Mattel also objects to this Request because it seeks

8    documents that are in the MGA Parties' exclusive possession, custody and control.

9

10       FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

11       REQUEST FOR PRODUCTION NO. 22 SHOULD BE COMPELLED AND

12       DOCUMENTS SHOULD BE PRODUCED

13

14       During meet and confer discussions with Mattel, Mattel advised that it did

15   not agree to produce responsive documents to this request because Mattel claims

16   that the documents are in the exclusive possession of MGA.  See Mankey Decl.,

17   Ex. D.  MGA explained that this response differed from Mattel's responses to

18   Requests 11 and 31.  Id.  Mattel then asserted that it did not have responsive

19   documents.  Id.  Thus, Mattel had agreed to confirm that Mattel neither has nor had

20   responsive documents to this Request.  Id.  Despite that agreement, however, Mattel

21   has not confirmed there are no responsive documents to this request.  Chaudoir

22   Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this

23   and all other disputes related to MGA's First Set of Phase 2 Requests for

24   Production of Documents and Things (Nos. 1-68).  Id.

25       The documents responsive to this request are clearly relevant and

26   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

27   and fail to justify Mattel's failure to produce all responsive documents.  As to

28   overbreadth, Mattel provides no explanation, let alone the required particularity, as

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1    to **why** these requests are supposedly overly broad, nor can it do so.  This objection

2    is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

3    objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

4    request is narrowly tailored to seek documents concerning Mattel's claims of trade

5    secret misappropriation and evidence proving MGA's affirmative defenses to those

6    claims.  Finally, the request is only as broad as Mattel's trade secret

7    misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

8    were misappropriated, MGA is entitled to seek that information in the form of this

9    request.

10         As to burden, Mattel has not attempted to demonstrate why responding to

11   these requests and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

16   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

17   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

18   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

19   party failed to particularize its basis for the objection); Seff v. General Outdoor

20   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

21   burdensome" objection because value of information to plaintiff clearly outweighed

22   any annoyance or expense involved in disclosure by defendant); Capacchione v.

23   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

24   ("Requiring a responding party to perform extensive research or to compile

25   substantial amounts of data and information does not automatically constitute an

26   undue burden….  Imposing such a burden is particularly proper where, as here, the

27   information sought is crucial to the ultimate determination of a crucial issue….").

28   To the extent that there is any burden at all, it is from Mattel's having filed broad-

1   based and unwarranted attacks on MGA's conduct in three countries. The need for

2   this information to defend against Mattel's claims clearly outweighs any potential

3   burden to Mattel. Indeed, the Discovery Master has already ruled that a party

4   cannot complain that requests are unduly burdensome when the request "merely

5   seeks information regarding the extent of" a party's claim. Order No. 17, dated

6   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

7   infringed numerous products, Mattel has the right to discover the scope of the

8   alleged claims. Accordingly, the objections are overruled.").

9          Mattel also makes a number of other improper objections, none of which is

10  substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

11  to part of a request must specify the part and permit inspection of the rest." Fed. R.

12  Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

13  with specificity are routinely rejected in the Central District. See A. Farber and

14  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

15  boilerplate objections such as 'overly burdensome and harassing' are improper –

16  especially when a party fails to submit any evidentiary declarations supporting such

17  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

18  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

19  tantamount to not making any objection at all").

20         For example, this request does not seek information protected by the

21  attorney-client privilege, the attorney work product doctrine, or any other

22  applicable privilege. Rather, it seeks documents related to Mattel's claim of trade

23  secret theft by Vargas. Further, Mattel has failed to provide a privilege log, thus

24  waiving this objection as to any allegedly privileged documents.

25         Moreover, this request is not premature. See Tr. of Feb. 11, 2009 Hearing, at

26  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

27  or no requests for discovery are premature at this point…." Judge Larson agreed,

28  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

1    case at all.").

2         Mattel's expert disclosure objection is also without support.  The fact that

3    expert testimony may ultimately bear on some of the subjects of the request does

4    not excuse Mattel from its obligation to provide full and complete responses based

5    on the information Mattel presently has and to produce those responsive

6    documents.

7         In addition, Mattel's bare assertion that MGA has "failed to produce

8    witnesses for deposition and [is] withholding information and documents requested

9    in violation of orders of the Discovery Master and the Court" is not only

10   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

11   obligation to fully respond to the requests would be unaffected.

12        Also, this request does not seek information violative of any third-party's

13   rights of privacy.  The facts, persons, and documents responsive to this request are

14   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

15   itself previously has argued, any privacy issues are fully addressed by the Protective

16   Order in this case.

17        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

18   information or documents that are in the possession, custody and control of

19   independent parties over whom Mattel has no control" is nonsensical – Mattel is

20   obligated to provide all information in its possession, custody, or control that is

21   responsive to the request.

22        In short, Mattel's objections are uniformly without merit and frivolous.  The

23   Discovery Master should order Mattel to provide a substantive response to Request

24   No. 22 without objection and order Mattel to produce the computers.

25

26

27

28

1    REQUEST FOR PRODUCTION NO. 23:

2

3        DOCUMENTS sufficient to identify any computers assigned by MATTEL to

4    MACHADO for use during his employment with MATTEL.

5        RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

6        Mattel incorporates by reference the above-stated general objections as if

7    fully set forth herein.  Mattel also specifically objects to this Request on the ground

8    that it is premature because the subject matter of this Request will be the subject of

9    expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

10   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

11   identify its experts and make related disclosures in accordance with the Court's

12   orders and applicable rules.  Mattel further objects that this Request is premature

13   because Defendants have not complied with their discovery obligations.  They have

14   failed to produce witnesses for deposition and are withholding information and

15   documents requested in violation of orders of the Discovery Master and the Court.

16   Mattel also objects to this Request to the extent that it seeks information not

17   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

18   discovery of admissible evidence.  Mattel further objects to this Request to the

19   extent that it calls for the disclosure of information subject to the attorney-client

20   privilege, the attorney work-product doctrine and other applicable privileges.

21   Mattel also objects to this Request to the extent it seeks documents that are in the

22   possession, custody and control of a foreign subsidiary of a party.  MGA has

23   objected that such documents are not within the scope of requests to a domestic

24   party.  Mattel further objects to this Request to the extent that it may seek

25   documents already produced by Mattel, including documents stolen by MGA and

26   other defendants.  Such documents will not be produced again.

27        Subject to the foregoing objections, Mattel responds as follows: At a

28   mutually agreeable time and place, Mattel will produce non-privileged documents,

1   if any, that Mattel has been able to locate after a diligent search and reasonable

2   inquiry, to the extent not previously produced, that are sufficient to identify the

3   computer assigned to Machado at the time that he resigned.

4

5   <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

6   <u>REQUEST FOR PRODUCTION NO. 23 SHOULD BE COMPELLED AND</u>

7   <u>DOCUMENTS SHOULD BE PRODUCED</u>

8

9          As set forth in MGA's Memorandum of Points and Authorities in Support of

10  its motion to Compel, Mattel had agreed to produce documents sufficient to

11  identify the personal computer assigned to Vargas at the time he resigned from

12  Mattel but has failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Mattel

13  also took the unreasonable position that any other computers assigned to Vargas are

14  not relevant to the pending litigation because Mattel is not claiming Vargas took

15  and gave to MGA any Mattel trade secrets from any other computer.  Mankey

16  Decl., Ex. D.

17         First, Mattel has failed to produce even the documents it has agreed to

18  produce that are responsive to this request.  Instead,  Mattel has ceased

19  communicating with MGA concerning these and all other disputes related to

20  MGA's First Set of Phase 2 Requests for Production of Documents and Things

21  (Nos. 1-68).  For example, MGA provided Mattel with a proposed protocol for the

22  imaging and production of documents from the hard drive contained in the

23  computer that Mattel agreed to produce on July 16, 2009 and Mattel has ignored

24  that proposal.

25         Second, Mattel's assertion that other Machado computers are not relevant is

26  without merit.  MGA is entitled to any information in Mattel's custody or control

27  that may lead to the discovery of admissible evidence.  Information on Machado's

28  other Mattel computers falls squarely within this standard.  Among other reasons,

1    computers that Mattel assigned to Machado other than the single computer it is

2    willing to produce will lead to admissible evidence concerning Mattel's own use of

3    purported trade secrets and forms created by other companies, which Machado

4    and/or others may have lawfully taken from their prior employment, including

5    forms, contact lists, price points, etc.  Likewise, the other computers may reveal

6    that Mattel fails to make any effort to protect the information it is claiming are trade

7    secrets.  Thus, the other computers contain information likely to lead to admissible

8    evidence and must be produced.

9          Finally, Mattel's remaining objections are generic, inapplicable and fail to

10   justify Mattel's failure to produce all responsive documents.  As to overbreadth,

11   Mattel provides no explanation, let alone the required particularity, as to **why** these

12   requests are supposedly overly broad, nor can it do so.  This objection is therefore

13   improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not

14   stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

15   narrowly tailored to seek documents concerning Mattel's claims of trade secret

16   misappropriation and evidence proving MGA's affirmative defenses to those

17   claims.  Finally, the request is only as broad as Mattel's trade secret

18   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

19   were misappropriated, MGA is entitled to seek that information in the form of this

20   request.

21         As to burden, Mattel has not attempted to demonstrate why responding to

22   these requests and/or producing responsive documents presents any burden.  This

23   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25   request is unduly burdensome must allege specific facts which indicate the nature

26   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

27   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

28   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

1   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

2   party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

3   <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

4   burdensome" objection because value of information to plaintiff clearly outweighed

5   any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

6   <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

7   ("Requiring a responding party to perform extensive research or to compile

8   substantial amounts of data and information does not automatically constitute an

9   undue burden…. Imposing such a burden is particularly proper where, as here, the

10  information sought is crucial to the ultimate determination of a crucial issue….").

11  To the extent that there is any burden at all, it is from Mattel's having filed broad-

12  based and unwarranted attacks on MGA's conduct in three countries. The need for

13  this information to defend against Mattel's claims clearly outweighs any potential

14  burden to Mattel. Indeed, the Discovery Master has already ruled that a party

15  cannot complain that requests are unduly burdensome when the request "merely

16  seeks information regarding the extent of" a party's claim. Order No. 17, dated

17  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

18  infringed numerous products, Mattel has the right to discover the scope of the

19  alleged claims. Accordingly, the objections are overruled.").

20          Mattel also makes a number of other improper objections, none of which is

21  substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

22  to part of a request must specify the part and permit inspection of the rest." Fed. R.

23  Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

24  with specificity are routinely rejected in the Central District. <u>See</u> <u>A. Farber and</u>

25  <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

26  boilerplate objections such as 'overly burdensome and harassing' are improper –

27  especially when a party fails to submit any evidentiary declarations supporting such

28  objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

1   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

2   tantamount to not making any objection at all").

3        For example, this request does not seek information protected by the

4   attorney-client privilege, the attorney work product doctrine, or any other

5   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

6   secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus

7   waiving this objection as to any allegedly privileged documents.

8        Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

9   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

10  or no requests for discovery are premature at this point…."  Judge Larson agreed,

11  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

12  case at all.").

13       Mattel's expert disclosure objection is also without support.  The fact that

14  expert testimony may ultimately bear on some of the subjects of the request does

15  not excuse Mattel from its obligation to provide full and complete responses based

16  on the information Mattel presently has and to produce those responsive

17  documents.

18       In addition, Mattel's bare assertion that MGA has "failed to produce

19  witnesses for deposition and [is] withholding information and documents requested

20  in violation of orders of the Discovery Master and the Court" is not only

21  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

22  obligation to fully respond to the requests would be unaffected.

23       Also, this request does not seek information violative of any third-party's

24  rights of privacy.  The facts, persons, and documents responsive to this request are

25  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

26  itself previously has argued, any privacy issues are fully addressed by the Protective

27  Order in this case.

28       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1    information or documents that are in the possession, custody and control of

2    independent parties over whom Mattel has no control" is nonsensical – Mattel is

3    obligated to provide all information in its possession, custody, or control that is

4    responsive to the request.

5          In short, Mattel's objections are uniformly without merit and frivolous.  The

6    Discovery Master should order Mattel to provide a substantive response to Request

7    No. 23 without objection and order Mattel to produce all documents responsive to

8    this request.

9

10   REQUEST FOR PRODUCTION NO. 24:

11

12         The original damaged hard drive from MACHADO's computer at MATTEL,

13   as described in lines 3-9 on page 28 of MATTEL's Supplemental Responses and

     Objections to MGA's First Set of Interrogatories.

14

15   RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

16

17         Mattel incorporates by reference the above-stated general objections as if

18   fully set forth herein.  Mattel further objects that this Request is premature because

19   Defendants have not complied with their discovery obligations.  They have failed to

20   produce witnesses for deposition and are withholding information and documents

21   requested in violation of orders of the Discovery Master and the Court.  Defendants

22   also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel

23   further objects that this Request is vague and ambiguous.  Mattel further objects to

24   the Request on the grounds that it seeks documents that are not relevant to this

25   action or likely to lead to the discovery of admissible evidence.  Mattel further

26   objects to this Request on the grounds that it seeks confidential, proprietary and

27   trade secret information, including such information that has no bearing on the

28   claims or defenses in this case.  Mattel also objects to this Request to the extent it

1   seeks documents that are in the possession, custody and control of a foreign

2   subsidiary of a party.  MGA has objected that such documents are not within the

3   scope of requests to a domestic party.

4

5   <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

6   <u>REQUEST FOR PRODUCTION NO. 24 SHOULD BE COMPELLED AND</u>

7   <u>DOCUMENTS SHOULD BE PRODUCED</u>

8

9       As with the above, Mattel had agreed to produce the hard drive of the

10  personal computer assigned to Trueba at the time she resigned from Mattel but has

11  failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Instead, Mattel has

12  ceased communicating with MGA concerning this and all other disputes related to

13  MGA's First Set of Phase 2 Requests for Production of Documents and Things

14  (Nos. 1-68).  Chaudoir Decl., ¶ 9.  To foster the production of the hard drive, MGA

15  provided Mattel with a proposed protocol for the imaging and production of

16  documents from the hard drive contained in the computer that Mattel agreed to

17  produce on July 16, 2009.  <u>Id</u>., Ex. 4.  As with MGA's efforts to meet and confer on

18  the response themselves, Mattel has ignored that proposal.

19       Second, Mattel's assertion that other Machado computers are not relevant is

20  without merit.  MGA is entitled to any information in Mattel's custody or control

21  that may lead to the discovery of admissible evidence.  Information on Machado's

22  other Mattel computers that may have been assigned to him within the last year of

23  his employment falls squarely within this standard.  Among other reasons,

24  computers that Mattel assigned to Machado other than the single computer it is

25  willing to produce will lead to admissible evidence concerning Mattel's own use of

26  purported trade secrets and forms created by other companies, which Machado

27  and/or others could have lawfully taken from their prior employment, including

28  forms, contact lists, price points, etc.  Likewise, the other computers may reveal

1  that Mattel fails to make any effort to protect the information it is claiming are trade

2  secrets.  Thus, the other computers contain information likely to lead to admissible

3  evidence and must be produced.

4         Finally, Mattel's remaining objections are generic, inapplicable and fail to

5  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

6  Mattel provides no explanation, let alone the required particularity, as to **why** these

7  requests are supposedly overly broad, nor can it do so.  This objection is therefore

8  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not

9  stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

10  narrowly tailored to seek documents concerning Mattel's claims of trade secret

11  misappropriation and evidence proving MGA's affirmative defenses to those

12  claims.  Finally, the request is only as broad as Mattel's trade secret

13  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

14  were misappropriated, MGA is entitled to seek that information in the form of this

15  request.

16         As to burden, Mattel has not attempted to demonstrate why responding to

17  these requests and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

19  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

22  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

23  at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D.

24  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

25  party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

26  <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

27  burdensome" objection because value of information to plaintiff clearly outweighed

28  any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

1   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

2   ("Requiring a responding party to perform extensive research or to compile

3   substantial amounts of data and information does not automatically constitute an

4   undue burden….  Imposing such a burden is particularly proper where, as here, the

5   information sought is crucial to the ultimate determination of a crucial issue….").

6   To the extent that there is any burden at all, it is from Mattel's having filed broad-

7   based and unwarranted attacks on MGA's conduct in three countries.  The need for

8   this information to defend against Mattel's claims clearly outweighs any potential

9   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

10  cannot complain that requests are unduly burdensome when the request "merely

11  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

12  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

13  infringed numerous products, Mattel has the right to discover the scope of the

14  alleged claims.  Accordingly, the objections are overruled.").

15      Mattel also makes a number of other improper objections, none of which is

16  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

17  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

18  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

19  with specificity are routinely rejected in the Central District.  See A. Farber and

20  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

21  boilerplate objections such as 'overly burdensome and harassing' are improper –

22  especially when a party fails to submit any evidentiary declarations supporting such

23  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

24  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

25  tantamount to not making any objection at all").

26      For example, this request does not seek information protected by the

27  attorney-client privilege, the attorney work product doctrine, or any other

28  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

1  secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus

2  waiving this objection as to any allegedly privileged documents.

3      Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

4  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

5  or no requests for discovery are premature at this point…."  Judge Larson agreed,

6  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

7  case at all.").

8      Mattel's expert disclosure objection is also without support.  The fact that

9  expert testimony may ultimately bear on some of the subjects of the request does

10  not excuse Mattel from its obligation to provide full and complete responses based

11  on the information Mattel presently has and to produce those responsive

12  documents.

13      In addition, Mattel's bare assertion that MGA has "failed to produce

14  witnesses for deposition and [is] withholding information and documents requested

15  in violation of orders of the Discovery Master and the Court" is not only

16  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

17  obligation to fully respond to the requests would be unaffected.

18      Also, this request does not seek information violative of any third-party's

19  rights of privacy.  The facts, persons, and documents responsive to this request are

20  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

21  itself previously has argued, any privacy issues are fully addressed by the Protective

22  Order in this case.

23      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

24  information or documents that are in the possession, custody and control of

25  independent parties over whom Mattel has no control" is nonsensical – Mattel is

26  obligated to provide all information in its possession, custody, or control that is

27  responsive to the request.

28      In short, Mattel's objections are uniformly without merit and frivolous.  The

1   Discovery Master should order Mattel to provide a substantive response to Request

2   No. 24 without objection and order Mattel to produce the computers.

3

4   <u>REQUEST FOR PRODUCTION NO. 25:</u>

5

6   The hard drive(s) or any mirror image thereof (including but not limited to

    any mirror image on any server or storage device) from any and all computers

7   assigned by MATTEL to MACHADO for use during the last year of his

8   employment with MATTEL.

9

10  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 25:</u>

11

12  Mattel incorporates by reference the above-stated general objections as if

13  fully set forth herein.  Mattel further objects that this Request is premature because

14  Defendants have not complied with their discovery obligations.  They have failed to

15  produce witnesses for deposition and are withholding information and documents

16  requested in violation of orders of the Discovery Master and the Court.  Defendants

17  also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel also

18  objects to this Request to the extent that it seeks information not relevant to the

19  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

20  admissible evidence.  Mattel further objects that this Request is vague and

21  ambiguous.  Mattel further objects to the Request on the grounds that it seeks

22  documents that are not relevant to this action or likely to lead to the discovery of

23  admissible evidence.  Mattel further objects to this Request on the grounds that it

24  seeks confidential, proprietary and trade secret information, including such

25  information that has no bearing on the claims or defenses in this case.  Mattel also

26  objects to this Request to the extent it seeks documents that are in the possession,

27  custody and control of a foreign subsidiary of a party.  MGA has objected that such

28  documents are not within the scope of requests to a domestic party.

1   <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

2   <u>REQUEST FOR PRODUCTION NO. 25 SHOULD BE COMPELLED AND</u>

3   <u>DOCUMENTS SHOULD BE PRODUCED</u>

4

5          As with the above, Mattel had agreed to produce the hard drive of the

6   personal computer assigned to Trueba at the time she resigned from Mattel but has

7   failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Instead, Mattel has

8   ceased communicating with MGA concerning this and all other disputes related to

9   MGA's First Set of Phase 2 Requests for Production of Documents and Things

10  (Nos. 1-68).  Chaudoir Decl., ¶ 9.  To foster the production of the hard drive, MGA

11  provided Mattel with a proposed protocol for the imaging and production of

12  documents from the hard drive contained in the computer that Mattel agreed to

13  produce on July 16, 2009.  <u>Id</u>., Ex. 4.  As with MGA's efforts to meet and confer on

14  the response themselves, Mattel has ignored that proposal.

15          Second, Mattel's assertion that other Machado computers are not relevant is

16  without merit.  MGA is entitled to any information in Mattel's custody or control

17  that may lead to the discovery of admissible evidence.  Information on Machado's

18  other Mattel computers that may have been assigned to him within the last year of

19  his employment falls squarely within this standard.  Among other reasons,

20  computers that Mattel assigned to Machado other than the single computer it is

21  willing to produce will lead to admissible evidence concerning Mattel's own use of

22  purported trade secrets and forms created by other companies, which Machado

23  and/or others could have lawfully taken from their prior employment, including

24  forms, contact lists, price points, etc.  Likewise, the other computers may reveal

25  that Mattel fails to make any effort to protect the information it is claiming are trade

26  secrets.  Thus, the other computers contain information likely to lead to admissible

27  evidence and must be produced.

28          Finally, Mattel's remaining objections are generic, inapplicable and fail to

1    justify Mattel's failure to produce all responsive documents.  As to overbreadth,

2    Mattel provides no explanation, let alone the required particularity, as to *why* these

3    requests are supposedly overly broad, nor can it do so.  This objection is therefore

4    improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not

5    stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

6    narrowly tailored to seek documents concerning Mattel's claims of trade secret

7    misappropriation and evidence proving MGA's affirmative defenses to those

8    claims.  Finally, the request is only as broad as Mattel's trade secret

9    misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

10   were misappropriated, MGA is entitled to seek that information in the form of this

11   request.

12        As to burden, Mattel has not attempted to demonstrate why responding to

13   these requests and/or producing responsive documents presents any burden.  This

14   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16   request is unduly burdensome must allege specific facts which indicate the nature

17   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

18   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

19   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

20   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

21   party failed to particularize its basis for the objection); Seff v. General Outdoor

22   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

23   burdensome" objection because value of information to plaintiff clearly outweighed

24   any annoyance or expense involved in disclosure by defendant); Capacchione v.

25   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

26   ("Requiring a responding party to perform extensive research or to compile

27   substantial amounts of data and information does not automatically constitute an

28   undue burden…. Imposing such a burden is particularly proper where, as here, the

1   information sought is crucial to the ultimate determination of a crucial issue….").

2   To the extent that there is any burden at all, it is from Mattel's having filed broad-

3   based and unwarranted attacks on MGA's conduct in three countries.  The need for

4   this information to defend against Mattel's claims clearly outweighs any potential

5   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

6   cannot complain that requests are unduly burdensome when the request "merely

7   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

8   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

9   infringed numerous products, Mattel has the right to discover the scope of the

10   alleged claims.  Accordingly, the objections are overruled.").

11          Mattel also makes a number of other improper objections, none of which is

12   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

13   to part of a request must specify the part and permit inspection of the rest."  Fed. R.

14   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

15   with specificity are routinely rejected in the Central District.  See A. Farber and

16   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

17   boilerplate objections such as 'overly burdensome and harassing' are improper –

18   especially when a party fails to submit any evidentiary declarations supporting such

19   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

20   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

21   tantamount to not making any objection at all").

22          For example, this request does not seek information protected by the

23   attorney-client privilege, the attorney work product doctrine, or any other

24   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

25   secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus

26   waiving this objection as to any allegedly privileged documents.

27          Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

28   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

1  or no requests for discovery are premature at this point…."  Judge Larson agreed,
2  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
3  case at all.").

4        Mattel's expert disclosure objection is also without support.  The fact that
5  expert testimony may ultimately bear on some of the subjects of the request does
6  not excuse Mattel from its obligation to provide full and complete responses based
7  on the information Mattel presently has and to produce those responsive
8  documents.

9        In addition, Mattel's bare assertion that MGA has "failed to produce
10  witnesses for deposition and [is] withholding information and documents requested
11  in violation of orders of the Discovery Master and the Court" is not only
12  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
13  obligation to fully respond to the requests would be unaffected.

14        Also, this request does not seek information violative of any third-party's
15  rights of privacy.  The facts, persons, and documents responsive to this request are
16  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel
17  itself previously has argued, any privacy issues are fully addressed by the Protective
18  Order in this case.

19        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of
20  information or documents that are in the possession, custody and control of
21  independent parties over whom Mattel has no control" is nonsensical – Mattel is
22  obligated to provide all information in its possession, custody, or control that is
23  responsive to the request.

24        In short, Mattel's objections are uniformly without merit and frivolous.  The
25  Discovery Master should order Mattel to provide a substantive response to Request
26  No. 25 without objection and order Mattel to produce the computers.

27

28

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1    <u>REQUEST FOR PRODUCTION NO. 26:</u>

2

3      All DOCUMENTS REFLECTING that MACHADO took from MATTEL

4 any of the documents identified in page 31, line 12, through page 32, line 24 of

5 MATTEL's Supplemental Responses and Objections to MGA's First Set of

6 Interrogatories.

7

8    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 26:</u>

9      Mattel incorporates by reference the above-stated general objections as if

10 fully set forth herein.  Mattel also specifically objects to this Request on the ground

11 that it is premature because the subject matter of this Request will be the subject of

12 expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

13 limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

14 identify its experts and make related disclosures in accordance with the Court's

15 orders and applicable rules.  Mattel further objects that this Request is premature

16 because Defendants have not complied with their discovery obligations.  They have

17 failed to produce witnesses for deposition and are withholding information and

18 documents requested in violation of orders of the Discovery Master and the Court.

19 Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

20 overbroad.  Mattel further objects to this Request to the extent that it calls for the

21 disclosure of information subject to the attorney-client privilege, the attorney work-

22 product doctrine and other applicable privileges.  Mattel further objects to this

23 Request on the ground and to the extent it seeks trade secret, proprietary or

24 otherwise confidential information of Mattel or third parties.  Any such documents

25 that are produced, if any, will be produced only pursuant to and in reliance upon the

26 Protective Order entered in this case.  Mattel also objects to this Request to the

27 extent it seeks documents that are in the possession, custody and control of a

28 foreign subsidiary of a party.  MGA has objected that such documents are not

1   within the scope of requests to a domestic party.  Mattel further objects to this

2   Request to the extent that it may seek documents already produced by Mattel,

3   including documents stolen by MGA and other defendants.  Such documents will

4   not be produced again.

5        Subject to the foregoing objections, Mattel responds as follows: At a

6   mutually agreeable time and place, Mattel will produce the non-privileged

7   documents, if any, that Mattel has been able to locate after a diligent search and

8   reasonable inquiry, to the extent not previously produced, that (a) Machado took

9   from Mattel and, (b) that show the theft of those documents.

10

11       FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

12       REQUEST FOR PRODUCTION NO. 26 SHOULD BE COMPELLED AND

13       DOCUMENTS SHOULD BE PRODUCED

14

15       As set forth in MGA's Memorandum of Points and Authorities in Support of

16  its motion to Compel, Mattel had agreed to produce documents responsive to this

17  request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.

18  Despite that agreement, however, Mattel has neither produced documents nor

19  informed MGA that all responsive documents have already been produced.

20  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

21  concerning this and all other disputes related to MGA's First Set of Phase 2

22  Requests for Production of Documents and Things (Nos. 1-68).  Id.

23       The documents responsive to this request are clearly relevant and

24  discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

25  and fail to justify Mattel's failure to produce all responsive documents.  As to

26  overbreadth, Mattel provides no explanation, let alone the required particularity, as

27  to *why* these requests are supposedly overly broad, nor can it do so.  This objection

28  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

1   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

2   request is narrowly tailored to seek documents concerning Mattel's claims of trade

3   secret misappropriation and evidence proving MGA's affirmative defenses to those

4   claims.  Finally, the request is only as broad as Mattel's trade secret

5   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

6   were misappropriated, MGA is entitled to seek that information in the form of this

7   request.

8       As to burden, Mattel has not attempted to demonstrate why responding to

9   these requests and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

11  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

14  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

15  at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D.

16  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

17  party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

18  <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

19  burdensome" objection because value of information to plaintiff clearly outweighed

20  any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

21  <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

22  ("Requiring a responding party to perform extensive research or to compile

23  substantial amounts of data and information does not automatically constitute an

24  undue burden….  Imposing such a burden is particularly proper where, as here, the

25  information sought is crucial to the ultimate determination of a crucial issue….").

26  To the extent that there is any burden at all, it is from Mattel's having filed broad-

27  based and unwarranted attacks on MGA's conduct in three countries.  The need for

28  this information to defend against Mattel's claims clearly outweighs any potential

1    burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

2    cannot complain that requests are unduly burdensome when the request "merely

3    seeks information regarding the extent of" a party's claim.  Order No. 17, dated

4    April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

5    infringed numerous products, Mattel has the right to discover the scope of the

6    alleged claims.  Accordingly, the objections are overruled.").

7            Mattel also makes a number of other improper objections, none of which is

8    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

9    to part of a request must specify the part and permit inspection of the rest."  Fed. R.

10   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

11   with specificity are routinely rejected in the Central District.  See A. Farber and

12   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

13   boilerplate objections such as 'overly burdensome and harassing' are improper –

14   especially when a party fails to submit any evidentiary declarations supporting such

15   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

16   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

17   tantamount to not making any objection at all").

18           For example, this request does not seek information protected by the

19   attorney-client privilege, the attorney work product doctrine, or any other

20   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

21   secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus

22   waiving this objection as to any allegedly privileged documents.

23           Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

24   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

25   or no requests for discovery are premature at this point…." Judge Larson agreed,

26   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

27   case at all.").

28

1    Mattel's expert disclosure objection is also without support.  The fact that

2  expert testimony may ultimately bear on some of the subjects of the request does

3  not excuse Mattel from its obligation to provide full and complete responses based

4  on the information Mattel presently has and to produce those responsive

5  documents.

6    In addition, Mattel's bare assertion that MGA has "failed to produce

7  witnesses for deposition and [is] withholding information and documents requested

8  in violation of orders of the Discovery Master and the Court" is not only

9  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

10  obligation to fully respond to the requests would be unaffected.

11    Also, this request does not seek information violative of any third-party's

12  rights of privacy.  The facts, persons, and documents responsive to this request are

13  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

14  itself previously has argued, any privacy issues are fully addressed by the Protective

15  Order in this case.

16    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

17  information or documents that are in the possession, custody and control of

18  independent parties over whom Mattel has no control" is nonsensical – Mattel is

19  obligated to provide all information in its possession, custody, or control that is

20  responsive to the request.

21    In short, Mattel's objections are uniformly without merit and frivolous.  The

22  Discovery Master should order Mattel to provide a substantive response to Request

23  No. 26 without objection and order Mattel to produce the computers.

24

25    REQUEST FOR PRODUCTION NO. 27:

26

27    All DOCUMENTS REFLECTING that any documents allegedly taken by

28  MACHADO from MATTEL, including, without limitation, any of the documents

1   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

2   Responses and Objections to MGA's First Set of Interrogatories, were given to

3   MGA by MACHADO.

4   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 27:</u>

5

6   Mattel incorporates by reference the above-stated general objections as if

    fully set forth herein.  Mattel also specifically objects to this Request on the ground

7   that it is premature because the subject matter of this Request will be the subject of

8   expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

9   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

10  identify its experts and make related disclosures in accordance with the Court's

11  orders and applicable rules.  Mattel further objects that this Request is premature

12  because Defendants have not complied with their discovery obligations.  They have

13  failed to produce witnesses for deposition and are withholding information and

14  documents requested in violation of orders of the Discovery Master and the Court.

15  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

16  overbroad.  Mattel further objects to this Request to the extent that it calls for the

17  disclosure of information subject to the attorney-client privilege, the attorney work-

18  product doctrine and other applicable privileges.  Mattel further objects to this

19  Request on the ground and to the extent it seeks trade secret, proprietary or

20  otherwise confidential information of Mattel or third parties.  Any such documents

21  that are produced, if any, will be produced only pursuant to and in reliance upon the

22  Protective Order entered in this case.  Mattel also objects to this Request to the

23  extent it seeks documents that are in the possession, custody and control of a

24  foreign subsidiary of a party.  MGA has objected that such documents are not

25  within the scope of requests to a domestic party.  Mattel further objects to this

26  Request to the extent that it may seek documents already produced by Mattel,

27

28

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1    including documents stolen by MGA and other defendants.  Such documents will

2    not be produced again.

3         Subject to the foregoing objections, Mattel responds as follows: At a

4    mutually agreeable time and place, Mattel will produce the non-privileged

5    documents, if any, that Mattel has been able to locate after a diligent search and

6    reasonable inquiry, to the extent not previously produced, that (a) Machado took

7    from Mattel and, (b) that show the theft of those documents.

8

9    <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

10   REQUEST FOR PRODUCTION NO. 27 SHOULD BE COMPELLED AND

11   DOCUMENTS SHOULD BE PRODUCED</u>

12

13        As set forth in MGA's Memorandum of Points and Authorities in Support of

14   its motion to Compel, Mattel had agreed to produce documents responsive to this

15   request.  <u>See</u>, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.

16   Despite that agreement, however, Mattel has neither produced documents nor

17   informed MGA that all responsive documents have already been produced.

18   Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

19   concerning this and all other disputes related to MGA's First Set of Phase 2

20   Requests for Production of Documents and Things (Nos. 1-68).  <u>Id</u>.

21        The documents responsive to this request are clearly relevant and

22   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

23   and fail to justify Mattel's failure to produce all responsive documents.  As to

24   overbreadth, Mattel provides no explanation, let alone the required particularity, as

25   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

26   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

27   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

28   request is narrowly tailored to seek documents concerning Mattel's claims of trade

1    secret misappropriation and evidence proving MGA's affirmative defenses to those

2    claims.  Finally, the request is only as broad as Mattel's trade secret

3    misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

4    were misappropriated, MGA is entitled to seek that information in the form of this

5    request.

6           As to burden, Mattel has not attempted to demonstrate why responding to

7    these requests and/or producing responsive documents presents any burden.  This

8    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10   request is unduly burdensome must allege specific facts which indicate the nature

11   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

12   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

13   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

14   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

15   party failed to particularize its basis for the objection); Seff v. General Outdoor

16   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

17   burdensome" objection because value of information to plaintiff clearly outweighed

18   any annoyance or expense involved in disclosure by defendant); Capacchione v.

19   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

20   ("Requiring a responding party to perform extensive research or to compile

21   substantial amounts of data and information does not automatically constitute an

22   undue burden….  Imposing such a burden is particularly proper where, as here, the

23   information sought is crucial to the ultimate determination of a crucial issue….").

24   To the extent that there is any burden at all, it is from Mattel's having filed broad-

25   based and unwarranted attacks on MGA's conduct in three countries.  The need for

26   this information to defend against Mattel's claims clearly outweighs any potential

27   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

28   cannot complain that requests are unduly burdensome when the request "merely

1    seeks information regarding the extent of" a party's claim.  Order No. 17, dated

2    April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

3    infringed numerous products, Mattel has the right to discover the scope of the

4    alleged claims.  Accordingly, the objections are overruled.").

5        Mattel also makes a number of other improper objections, none of which is

6    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

7    to part of a request must specify the part and permit inspection of the rest."  Fed. R.

8    Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

9    with specificity are routinely rejected in the Central District.  See A. Farber and

10   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

11   boilerplate objections such as 'overly burdensome and harassing' are improper –

12   especially when a party fails to submit any evidentiary declarations supporting such

13   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

14   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

15   tantamount to not making any objection at all").

16       For example, this request does not seek information protected by the

17   attorney-client privilege, the attorney work product doctrine, or any other

18   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

19   secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus

20   waiving this objection as to any allegedly privileged documents.

21       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

22   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

23   or no requests for discovery are premature at this point…."  Judge Larson agreed,

24   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

25   case at all.").

26       Mattel's expert disclosure objection is also without support.  The fact that

27   expert testimony may ultimately bear on some of the subjects of the request does

28   not excuse Mattel from its obligation to provide full and complete responses based

1   on the information Mattel presently has and to produce those responsive

2   documents.

3       In addition, Mattel's bare assertion that MGA has "failed to produce

4   witnesses for deposition and [is] withholding information and documents requested

5   in violation of orders of the Discovery Master and the Court" is not only

6   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

7   obligation to fully respond to the requests would be unaffected.

8       Also, this request does not seek information violative of any third-party's

9   rights of privacy.  The facts, persons, and documents responsive to this request are

10  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

11  itself previously has argued, any privacy issues are fully addressed by the Protective

12  Order in this case.

13      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

14  information or documents that are in the possession, custody and control of

15  independent parties over whom Mattel has no control" is nonsensical – Mattel is

16  obligated to provide all information in its possession, custody, or control that is

17  responsive to the request.

18      In short, Mattel's objections are uniformly without merit and frivolous.  The

19  Discovery Master should order Mattel to provide a substantive response to Request

20  No. 27 without objection and order Mattel to produce the computers.

21

22  <u>REQUEST FOR PRODUCTION NO. 28:</u>

23

24      All DOCUMENTS REFLECTING that any documents allegedly taken by

    MACHADO from MATTEL, including, without limitation, any of the documents

25  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

26  Responses and Objections to MGA's First Set of Interrogatories, were given to

27  MGA HK by MACHADO.

28

1    <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 28:</u>

2

3        Mattel incorporates by reference the above-stated general objections as if

4    fully set forth herein.  Mattel also specifically objects to this Request on the ground

5    that it is premature because the subject matter of this Request will be the subject of

6    expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

7    limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

8    identify its experts and make related disclosures in accordance with the Court's

9    orders and applicable rules.  Mattel further objects that this Request is premature

10   because Defendants have not complied with their discovery obligations.  They have

11   failed to produce witnesses for deposition and are withholding information and

12   documents requested in violation of orders of the Discovery Master and the Court.

13   Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

14   overbroad.  Mattel further objects to this Request to the extent that it calls for the

15   disclosure of information subject to the attorney-client privilege, the attorney work-

16   product doctrine and other applicable privileges.  Mattel further objects to this

17   Request on the ground and to the extent it seeks trade secret, proprietary or

18   otherwise confidential information of Mattel or third parties.  Any such documents

19   that are produced, if any, will be produced only pursuant to and in reliance upon the

20   Protective Order entered in this case.  Mattel also objects to this Request to the

21   extent it seeks documents that are in the possession, custody and control of a

22   foreign subsidiary of a party.  MGA has objected that such documents are not

23   within the scope of requests to a domestic party.  Mattel further objects to this

24   Request to the extent that it may seek documents already produced by Mattel,

25   including documents stolen by MGA and other defendants.  Such documents will

26   not be produced again.

27        Subject to the foregoing objections, Mattel responds as follows: At a

28   mutually agreeable time and place, Mattel will produce the non-privileged

1   documents, if any, that Mattel has been able to locate after a diligent search and

2   reasonable inquiry, to the extent not previously produced, that (a) Machado took

3   from Mattel and, (b) that show the theft of those documents.

4

5   <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

6   <u>REQUEST FOR PRODUCTION NO. 28 SHOULD BE COMPELLED AND</u>

7   <u>DOCUMENTS SHOULD BE PRODUCED</u>

8

9         As set forth in MGA's Memorandum of Points and Authorities in Support of

10   its motion to Compel, Mattel had agreed to produce documents responsive to this

11   request.  <u>See</u>, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.

12   Despite that agreement, however, Mattel has neither produced documents nor

13   informed MGA that all responsive documents have already been produced.

14   Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

15   concerning this and all other disputes related to MGA's First Set of Phase 2

16   Requests for Production of Documents and Things (Nos. 1-68).  <u>Id</u>.

17         The documents responsive to this request are clearly relevant and

18   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

19   and fail to justify Mattel's failure to produce all responsive documents.  As to

20   overbreadth, Mattel provides no explanation, let alone the required particularity, as

21   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

22   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

23   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

24   request is narrowly tailored to seek documents concerning Mattel's claims of trade

25   secret misappropriation and evidence proving MGA's affirmative defenses to those

26   claims.  Finally, the request is only as broad as Mattel's trade secret

27   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

28   were misappropriated, MGA is entitled to seek that information in the form of this

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1    request.

2            As to burden, Mattel has not attempted to demonstrate why responding to

3    these requests and/or producing responsive documents presents any burden.  This

4    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

5    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

6    request is unduly burdensome must allege specific facts which indicate the nature

7    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

8    Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

9    at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

10   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

11   party failed to particularize its basis for the objection); Seff v. General Outdoor

12   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

13   burdensome" objection because value of information to plaintiff clearly outweighed

14   any annoyance or expense involved in disclosure by defendant); Capacchione v.

15   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

16   ("Requiring a responding party to perform extensive research or to compile

17   substantial amounts of data and information does not automatically constitute an

18   undue burden….  Imposing such a burden is particularly proper where, as here, the

19   information sought is crucial to the ultimate determination of a crucial issue….").

20   To the extent that there is any burden at all, it is from Mattel's having filed broad-

21   based and unwarranted attacks on MGA's conduct in three countries.  The need for

22   this information to defend against Mattel's claims clearly outweighs any potential

23   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

24   cannot complain that requests are unduly burdensome when the request "merely

25   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

26   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

27   infringed numerous products, Mattel has the right to discover the scope of the

28   alleged claims.  Accordingly, the objections are overruled.").

1   Mattel also makes a number of other improper objections, none of which is

2   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

3   to part of a request must specify the part and permit inspection of the rest."  Fed. R.

4   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

5   with specificity are routinely rejected in the Central District.  See A. Farber and

6   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

7   boilerplate objections such as 'overly burdensome and harassing' are improper –

8   especially when a party fails to submit any evidentiary declarations supporting such

9   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

10   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

11   tantamount to not making any objection at all").

12   For example, this request does not seek information protected by the

13   attorney-client privilege, the attorney work product doctrine, or any other

14   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

15   secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus

16   waiving this objection as to any allegedly privileged documents.

17   Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

18   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

19   or no requests for discovery are premature at this point…." Judge Larson agreed,

20   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

21   case at all.").

22   Mattel's expert disclosure objection is also without support.  The fact that

23   expert testimony may ultimately bear on some of the subjects of the request does

24   not excuse Mattel from its obligation to provide full and complete responses based

25   on the information Mattel presently has and to produce those responsive

26   documents.

27   In addition, Mattel's bare assertion that MGA has "failed to produce

28   witnesses for deposition and [is] withholding information and documents requested

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1   in violation of orders of the Discovery Master and the Court" is not only

2   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

3   obligation to fully respond to the requests would be unaffected.

4          Also, this request does not seek information violative of any third-party's

5   rights of privacy.  The facts, persons, and documents responsive to this request are

6   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

7   itself previously has argued, any privacy issues are fully addressed by the Protective

8   Order in this case.

9          Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

10   information or documents that are in the possession, custody and control of

11   independent parties over whom Mattel has no control" is nonsensical – Mattel is

12   obligated to provide all information in its possession, custody, or control that is

13   responsive to the request.

14          In short, Mattel's objections are uniformly without merit and frivolous.  The

15   Discovery Master should order Mattel to provide a substantive response to Request

16   No. 28 without objection and order Mattel to produce the computers.

17

18          <u>REQUEST FOR PRODUCTION NO. 29:</u>

19

20          All DOCUMENTS REFLECTING that any documents allegedly taken by

     MACHADO from MATTEL, including, without limitation, any of the documents

21   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

22   Responses and Objections to MGA's First Set of Interrogatories, were given to

23   MGA MEXICO by MACHADO.

24          <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 29:</u>

25

26          Mattel incorporates by reference the above-stated general objections as if

27   fully set forth herein.  Mattel also specifically objects to this Request on the ground

28   that it is premature because the subject matter of this Request will be the subject of

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1    expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

2    limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

3    identify its experts and make related disclosures in accordance with the Court's

4    orders and applicable rules.  Mattel further objects that this Request is premature

5    because Defendants have not complied with their discovery obligations.  They have

6    failed to produce witnesses for deposition and are withholding information and

7    documents requested in violation of orders of the Discovery Master and the Court.

8    Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

9    overbroad.  Mattel further objects to this Request to the extent that it calls for the

10   disclosure of information subject to the attorney-client privilege, the attorney work-

11   product doctrine and other applicable privileges.  Mattel further objects to this

12   Request on the ground and to the extent it seeks trade secret, proprietary or

13   otherwise confidential information of Mattel or third parties.  Any such documents

14   that are produced, if any, will be produced only pursuant to and in reliance upon the

15   Protective Order entered in this case.  Mattel also objects to this Request to the

16   extent it seeks documents that are in the possession, custody and control of a

17   foreign subsidiary of a party.  MGA has objected that such documents are not

18   within the scope of requests to a domestic party.  Mattel further objects to this

19   Request to the extent that it may seek documents already produced by Mattel,

20   including documents stolen by MGA and other defendants.  Such documents will

21   not be produced again.

22        Subject to the foregoing objections, Mattel responds as follows: At a

23   mutually agreeable time and place, Mattel will produce the non-privileged

24   documents, if any, that Mattel has been able to locate after a diligent search and

25   reasonable inquiry, to the extent not previously produced that show that Machado

26   gave to MGA and its subsidiaries and agents documents stolen from Mattel.

27

28

<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 29 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>

As set forth in MGA's Memorandum of Points and Authorities in Support of its motion to Compel, Mattel had agreed to produce documents responsive to this request.  <u>See</u>, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2. Despite that agreement, however, Mattel has neither produced documents nor informed MGA that all responsive documents have already been produced. Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  <u>Id</u>.

The documents responsive to this request are clearly relevant and discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims.  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.</u>,

1   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

4   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

5   at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D.

6   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

7   party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

8   <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

9   burdensome" objection because value of information to plaintiff clearly outweighed

10  any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

11  <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

12  ("Requiring a responding party to perform extensive research or to compile

13  substantial amounts of data and information does not automatically constitute an

14  undue burden…. Imposing such a burden is particularly proper where, as here, the

15  information sought is crucial to the ultimate determination of a crucial issue….").

16  To the extent that there is any burden at all, it is from Mattel's having filed broad-

17  based and unwarranted attacks on MGA's conduct in three countries. The need for

18  this information to defend against Mattel's claims clearly outweighs any potential

19  burden to Mattel. Indeed, the Discovery Master has already ruled that a party

20  cannot complain that requests are unduly burdensome when the request "merely

21  seeks information regarding the extent of" a party's claim. Order No. 17, dated

22  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

23  infringed numerous products, Mattel has the right to discover the scope of the

24  alleged claims. Accordingly, the objections are overruled.").

25          Mattel also makes a number of other improper objections, none of which is

26  substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

27  to part of a request must specify the part and permit inspection of the rest." Fed. R.

28  Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

1   with specificity are routinely rejected in the Central District.  See A. Farber and

2   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

3   boilerplate objections such as 'overly burdensome and harassing' are improper –

4   especially when a party fails to submit any evidentiary declarations supporting such

5   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

6   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

7   tantamount to not making any objection at all").

8        For example, this request does not seek information protected by the

9   attorney-client privilege, the attorney work product doctrine, or any other

10  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

11  secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus

12  waiving this objection as to any allegedly privileged documents.

13       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

14  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

15  or no requests for discovery are premature at this point…." Judge Larson agreed,

16  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

17  case at all.").

18       Mattel's expert disclosure objection is also without support.  The fact that

19  expert testimony may ultimately bear on some of the subjects of the request does

20  not excuse Mattel from its obligation to provide full and complete responses based

21  on the information Mattel presently has and to produce those responsive

22  documents.

23       In addition, Mattel's bare assertion that MGA has "failed to produce

24  witnesses for deposition and [is] withholding information and documents requested

25  in violation of orders of the Discovery Master and the Court" is not only

26  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

27  obligation to fully respond to the requests would be unaffected.

28       Also, this request does not seek information violative of any third-party's

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1    rights of privacy.  The facts, persons, and documents responsive to this request are

2    in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

3    itself previously has argued, any privacy issues are fully addressed by the Protective

4    Order in this case.

5         Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

6    information or documents that are in the possession, custody and control of

7    independent parties over whom Mattel has no control" is nonsensical – Mattel is

8    obligated to provide all information in its possession, custody, or control that is

9    responsive to the request.

10        In short, Mattel's objections are uniformly without merit and frivolous.  The

11   Discovery Master should order Mattel to provide a substantive response to Request

12   No. 29 without objection and order Mattel to produce the computers.

13   <u>REQUEST FOR PRODUCTION NO. 30:</u>

14

15        All DOCUMENTS REFLECTING that any documents allegedly taken by

16   MACHADO from MATTEL, including, without limitation, any of the documents

17   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

18   Responses and Objections to MGA's First Set of Interrogatories, were given to

19   LARIAN by MACHADO.

20   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 30:</u>

21

22        Mattel incorporates by reference the above-stated general objections as if

23   fully set forth herein.  Mattel also specifically objects to this Request on the ground

24   that it is premature because the subject matter of this Request will be the subject of

25   expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

26   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

27   identify its experts and make related disclosures in accordance with the Court's

28   orders and applicable rules.  Mattel further objects that this Request is premature

1   because Defendants have not complied with their discovery obligations.  They have

2   failed to produce witnesses for deposition and are withholding information and

3   documents requested in violation of orders of the Discovery Master and the Court.

4   Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

5   overbroad.  Mattel further objects to this Request to the extent that it calls for the

6   disclosure of information subject to the attorney-client privilege, the attorney work-

7   product doctrine and other applicable privileges.  Mattel further objects to this

8   Request on the ground and to the extent it seeks trade secret, proprietary or

9   otherwise confidential information of Mattel or third parties.  Any such documents

10  that are produced, if any, will be produced only pursuant to and in reliance upon the

11  Protective Order entered in this case.  Mattel also objects to this Request to the

12  extent it seeks documents that are in the possession, custody and control of a

13  foreign subsidiary of a party.  MGA has objected that such documents are not

14  within the scope of requests to a domestic party.  Mattel further objects to this

15  Request to the extent that it may seek documents already produced by Mattel,

16  including documents stolen by MGA and other defendants.  Such documents will

17  not be produced again.

18        Subject to the foregoing objections, Mattel responds as follows: At a

19  mutually agreeable time and place, Mattel will produce the non-privileged

20  documents, if any, that Mattel has been able to locate after a diligent search and

21  reasonable inquiry, to the extent not previously produced that show that Machado

22  gave to MGA and its subsidiaries and agents documents stolen from Mattel.

23

24  <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

25  <u>REQUEST FOR PRODUCTION NO. 30 SHOULD BE COMPELLED AND</u>

26  <u>DOCUMENTS SHOULD BE PRODUCED</u>

27

28        As set forth in MGA's Memorandum of Points and Authorities in Support of

1  its motion to Compel, Mattel had agreed to produce documents responsive to this

2  request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.

3  Despite that agreement, however, Mattel has neither produced documents nor

4  informed MGA that all responsive documents have already been produced.

5  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

6  concerning this and all other disputes related to MGA's First Set of Phase 2

7  Requests for Production of Documents and Things (Nos. 1-68).  Id.

8        The documents responsive to this request are clearly relevant and

9  discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

10  and fail to justify Mattel's failure to produce all responsive documents.  As to

11  overbreadth, Mattel provides no explanation, let alone the required particularity, as

12  to *why* these requests are supposedly overly broad, nor can it do so.  This objection

13  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

14  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

15  request is narrowly tailored to seek documents concerning Mattel's claims of trade

16  secret misappropriation and evidence proving MGA's affirmative defenses to those

17  claims.  Finally, the request is only as broad as Mattel's trade secret

18  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

19  were misappropriated, MGA is entitled to seek that information in the form of this

20  request.

21        As to burden, Mattel has not attempted to demonstrate why responding to

22  these requests and/or producing responsive documents presents any burden.  This

23  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25  request is unduly burdensome must allege specific facts which indicate the nature

26  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

27  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

28  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

1   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

2   party failed to particularize its basis for the objection); Seff v. General Outdoor

3   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

4   burdensome" objection because value of information to plaintiff clearly outweighed

5   any annoyance or expense involved in disclosure by defendant); Capacchione v.

6   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

7   ("Requiring a responding party to perform extensive research or to compile

8   substantial amounts of data and information does not automatically constitute an

9   undue burden…. Imposing such a burden is particularly proper where, as here, the

10  information sought is crucial to the ultimate determination of a crucial issue….").

11  To the extent that there is any burden at all, it is from Mattel's having filed broad-

12  based and unwarranted attacks on MGA's conduct in three countries. The need for

13  this information to defend against Mattel's claims clearly outweighs any potential

14  burden to Mattel. Indeed, the Discovery Master has already ruled that a party

15  cannot complain that requests are unduly burdensome when the request "merely

16  seeks information regarding the extent of" a party's claim. Order No. 17, dated

17  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

18  infringed numerous products, Mattel has the right to discover the scope of the

19  alleged claims. Accordingly, the objections are overruled.").

20        Mattel also makes a number of other improper objections, none of which is

21  substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

22  to part of a request must specify the part and permit inspection of the rest." Fed. R.

23  Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

24  with specificity are routinely rejected in the Central District. See A. Farber and

25  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

26  boilerplate objections such as 'overly burdensome and harassing' are improper –

27  especially when a party fails to submit any evidentiary declarations supporting such

28  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

1    587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

2    tantamount to not making any objection at all").

3         For example, this request does not seek information protected by the

4    attorney-client privilege, the attorney work product doctrine, or any other

5    applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

6    secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus

7    waiving this objection as to any allegedly privileged documents.

8         Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

9    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

10   or no requests for discovery are premature at this point…."  Judge Larson agreed,

11   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

12   case at all.").

13        Mattel's expert disclosure objection is also without support.  The fact that

14   expert testimony may ultimately bear on some of the subjects of the request does

15   not excuse Mattel from its obligation to provide full and complete responses based

16   on the information Mattel presently has and to produce those responsive

17   documents.

18        In addition, Mattel's bare assertion that MGA has "failed to produce

19   witnesses for deposition and [is] withholding information and documents requested

20   in violation of orders of the Discovery Master and the Court" is not only

21   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

22   obligation to fully respond to the requests would be unaffected.

23        Also, this request does not seek information violative of any third-party's

24   rights of privacy.  The facts, persons, and documents responsive to this request are

25   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

26   itself previously has argued, any privacy issues are fully addressed by the Protective

27   Order in this case.

28        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

1    information or documents that are in the possession, custody and control of

2    independent parties over whom Mattel has no control" is nonsensical – Mattel is

3    obligated to provide all information in its possession, custody, or control that is

4    responsive to the request.

5         In short, Mattel's objections are uniformly without merit and frivolous.  The

6    Discovery Master should order Mattel to provide a substantive response to Request

7    No. 30 without objection and order Mattel to produce the computers.

8

9         REQUEST FOR PRODUCTION NO. 32:

10

11        All DOCUMENTS REFLECTING that any documents allegedly taken by

12   MACHADO from MATTEL, including, without limitation, any of the documents

13   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

14   Responses and Objections to MGA's First Set of Interrogatories, gave MGA HK an

15   "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of

16   MATTEL's Supplemental Responses and Objections to MGA's First Set of

17   Interrogatories.

18

19        RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

20        Mattel incorporates by reference the above-stated general objections as if

21   fully set forth herein.  Mattel also specifically objects to the use of the term

22   "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to

23   this Request on the ground and to the extent it seeks trade secret, proprietary or

24   otherwise confidential information of Mattel or third parties.  Any such documents

25   that are produced, if any, will be produced only pursuant to and in reliance upon the

26   Protective Order entered in this case.  Mattel further objects that this Request is

27   premature because Defendants have not complied with their discovery obligations.

28   They have failed to produce witnesses for deposition and are withholding

1   information and documents requested in violation of orders of the Discovery Master

2   and the Court.  Mattel further objects to this Request on the ground that it is

3   premature because the subject matter of this Request will be the subject of expert

4   testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

5   expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

6   experts and make related disclosures in accordance with the Court's orders and

7   applicable rules.  Mattel further objects to this Request to the extent that it calls for

8   the disclosure of information subject to the attorney-client privilege, the attorney

9   work-product doctrine and other applicable privileges.  Mattel also objects to this

10  Request to the extent it seeks documents that are in the possession, custody and

11  control of a foreign subsidiary of a party.  MGA has objected that such documents

12  are not within the scope of requests to a domestic party.  Mattel further objects to

13  this Request to the extent that it may seek documents already produced by Mattel,

14  including documents stolen by MGA and other defendants.  Such documents will

15  not be produced again.  Mattel also objects to this Request because it seeks

16  documents that are in the MGA Parties' exclusive possession, custody and control.

17

18      FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

19      REQUEST FOR PRODUCTION NO. 32 SHOULD BE COMPELLED AND

20      DOCUMENTS SHOULD BE PRODUCED

21

22          During meet and confer discussions with Mattel, Mattel advised that it did

23  not agree to produce responsive documents to this request because Mattel claims

24  that the documents are in the exclusive possession of MGA.  See Mankey Decl.,

25  Ex. D.  MGA explained that this response differed from Mattel's responses to

26  Requests 11 and 31.  Id.  Mattel then asserted that it did not have responsive

27  documents.  Id.  Thus, Mattel had agreed to confirm that Mattel neither has nor had

28  responsive documents to this Request.  Id.  Despite that agreement, however, Mattel

1    has not confirmed there are no responsive documents to this request.  Chaudoir

2    Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this

3    and all other disputes related to MGA's First Set of Phase 2 Requests for

4    Production of Documents and Things (Nos. 1-68).  Id.

5         The documents responsive to this request are clearly relevant and

6    discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

7    and fail to justify Mattel's failure to produce all responsive documents.  As to

8    overbreadth, Mattel provides no explanation, let alone the required particularity, as

9    to *why* these requests are supposedly overly broad, nor can it do so.  This objection

10   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

11   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

12   request is narrowly tailored to seek documents concerning Mattel's claims of trade

13   secret misappropriation and evidence proving MGA's affirmative defenses to those

14   claims.  Finally, the request is only as broad as Mattel's trade secret

15   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

16   were misappropriated, MGA is entitled to seek that information in the form of this

17   request.

18        As to burden, Mattel has not attempted to demonstrate why responding to

19   these requests and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

24   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

25   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

26   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

27   party failed to particularize its basis for the objection); Seff v. General Outdoor

28   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden…. Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue…."). To the extent that there is any burden at all, it is from Mattel's having filed broad-based and unwarranted attacks on MGA's conduct in three countries. The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel. Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim. Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims. Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the

1   attorney-client privilege, the attorney work product doctrine, or any other

2   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

3   secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus

4   waiving this objection as to any allegedly privileged documents.

5   Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

6   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

7   or no requests for discovery are premature at this point…."  Judge Larson agreed,

8   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

9   case at all.").

10   Mattel's expert disclosure objection is also without support.  The fact that

11   expert testimony may ultimately bear on some of the subjects of the request does

12   not excuse Mattel from its obligation to provide full and complete responses based

13   on the information Mattel presently has and to produce those responsive

14   documents.

15   In addition, Mattel's bare assertion that MGA has "failed to produce

16   witnesses for deposition and [is] withholding information and documents requested

17   in violation of orders of the Discovery Master and the Court" is not only

18   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

19   obligation to fully respond to the requests would be unaffected.

20   Also, this request does not seek information violative of any third-party's

21   rights of privacy.  The facts, persons, and documents responsive to this request are

22   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

23   itself previously has argued, any privacy issues are fully addressed by the Protective

24   Order in this case.

25   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

26   information or documents that are in the possession, custody and control of

27   independent parties over whom Mattel has no control" is nonsensical – Mattel is

28   obligated to provide all information in its possession, custody, or control that is

1    responsive to the request.

2        In short, Mattel's objections are uniformly without merit and frivolous.  The

3    Discovery Master should order Mattel to provide a substantive response to Request

4    No. 32 without objection and order Mattel to produce the computers.

5

6        REQUEST FOR PRODUCTION NO. 33:

7

8        All DOCUMENTS REFLECTING that any documents allegedly taken by

     MACHADO from MATTEL, including, without limitation, any of the documents

9    identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

10   Responses and Objections to MGA's First Set of Interrogatories, gave MGA

11   MEXICO an "unfair competitive advantage," as referenced on page 32, lines 25

12   through 27, of MATTEL's Supplemental Responses and Objections to MGA's First

13   Set of Interrogatories.

14

15       RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

16

17       Mattel incorporates by reference the above-stated general objections as if

18   fully set forth herein.  Mattel also specifically objects to the use of the term

19   "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to

20   this Request on the ground and to the extent it seeks trade secret, proprietary or

21   otherwise confidential information of Mattel or third parties.  Any such documents

22   that are produced, if any, will be produced only pursuant to and in reliance upon the

23   Protective Order entered in this case.  Mattel further objects that this Request is

24   premature because Defendants have not complied with their discovery obligations.

25   They have failed to produce witnesses for deposition and are withholding

26   information and documents requested in violation of orders of the Discovery Master

27   and the Court.  Mattel further objects to this Request on the ground that it is

28   premature because the subject matter of this Request will be the subject of expert

testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.  Mattel also objects to this Request because it seeks documents that are in the MGA Parties' exclusive possession, custody and control.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 33 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

During meet and confer discussions with Mattel, Mattel advised that it did not agree to produce responsive documents to this request because Mattel claims that the documents are in the exclusive possession of MGA.  See Mankey Decl., Ex. D.  MGA explained that this response differed from Mattel's responses to Requests 11 and 31.  Id.  Mattel then asserted that it did not have responsive documents.  Id.  Thus, Mattel had agreed to confirm that Mattel neither has nor had responsive documents to this Request.  Id.  Despite that agreement, however, Mattel has not confirmed there are no responsive documents to this request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for

1   Production of Documents and Things (Nos. 1-68).  Id.

2          The documents responsive to this request are clearly relevant and

3   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

4   and fail to justify Mattel's failure to produce all responsive documents.  As to

5   overbreadth, Mattel provides no explanation, let alone the required particularity, as

6   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

7   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

8   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

9   request is narrowly tailored to seek documents concerning Mattel's claims of trade

10  secret misappropriation and evidence proving MGA's affirmative defenses to those

11  claims.  Finally, the request is only as broad as Mattel's trade secret

12  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

13  were misappropriated, MGA is entitled to seek that information in the form of this

14  request.

15         As to burden, Mattel has not attempted to demonstrate why responding to

16  these requests and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

21  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

22  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

23  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

24  party failed to particularize its basis for the objection); Seff v. General Outdoor

25  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

26  burdensome" objection because value of information to plaintiff clearly outweighed

27  any annoyance or expense involved in disclosure by defendant); Capacchione v.

28  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

1   ("Requiring a responding party to perform extensive research or to compile

2   substantial amounts of data and information does not automatically constitute an

3   undue burden….  Imposing such a burden is particularly proper where, as here, the

4   information sought is crucial to the ultimate determination of a crucial issue….").

5   To the extent that there is any burden at all, it is from Mattel's having filed broad-

6   based and unwarranted attacks on MGA's conduct in three countries.  The need for

7   this information to defend against Mattel's claims clearly outweighs any potential

8   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

9   cannot complain that requests are unduly burdensome when the request "merely

10  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

11  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

12  infringed numerous products, Mattel has the right to discover the scope of the

13  alleged claims.  Accordingly, the objections are overruled.").

14       Mattel also makes a number of other improper objections, none of which is

15  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

16  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

17  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

18  with specificity are routinely rejected in the Central District.  See A. Farber and

19  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

20  boilerplate objections such as 'overly burdensome and harassing' are improper –

21  especially when a party fails to submit any evidentiary declarations supporting such

22  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

23  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

24  tantamount to not making any objection at all").

25       For example, this request does not seek information protected by the

26  attorney-client privilege, the attorney work product doctrine, or any other

27  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

28  secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus

1    waiving this objection as to any allegedly privileged documents.

2        Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

3    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

4    or no requests for discovery are premature at this point…."  Judge Larson agreed,

5    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

6    case at all.").

7        Mattel's expert disclosure objection is also without support.  The fact that

8    expert testimony may ultimately bear on some of the subjects of the request does

9    not excuse Mattel from its obligation to provide full and complete responses based

10   on the information Mattel presently has and to produce those responsive

11   documents.

12       In addition, Mattel's bare assertion that MGA has "failed to produce

13   witnesses for deposition and [is] withholding information and documents requested

14   in violation of orders of the Discovery Master and the Court" is not only

15   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

16   obligation to fully respond to the requests would be unaffected.

17       Also, this request does not seek information violative of any third-party's

18   rights of privacy.  The facts, persons, and documents responsive to this request are

19   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

20   itself previously has argued, any privacy issues are fully addressed by the Protective

21   Order in this case.

22       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

23   information or documents that are in the possession, custody and control of

24   independent parties over whom Mattel has no control" is nonsensical – Mattel is

25   obligated to provide all information in its possession, custody, or control that is

26   responsive to the request.

27       In short, Mattel's objections are uniformly without merit and frivolous.  The

28   Discovery Master should order Mattel to provide a substantive response to Request

SEPARATE STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1    No. 33 without objection and order Mattel to produce the computers.

2

3        REQUEST FOR PRODUCTION NO. 34:

4        All DOCUMENTS REFLECTING that MACHADO, TRUEBA or

5    VARGAS delivered an "internal line list to LARIAN or another MGA officer

6    during their negotiations with MGA," as set forth in lines 7-8 on page 33 of

7    MATTEL's Supplemental Responses and Objections to MGA's First Set of

8    Interrogatories.

9

10       RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

11       Mattel incorporates by reference the above-stated general objections as if

12   fully set forth herein.  Mattel also specifically objects to this Request on the ground

13   that it is premature because the subject matter of this Request will be the subject of

14   expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

15   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

16   identify its experts and make related disclosures in accordance with the Court's

17   orders and applicable rules.  Mattel further objects that this Request is premature

18   because Defendants have not complied with their discovery obligations.  They have

19   failed to produce witnesses for deposition and are withholding information and

20   documents requested in violation of orders of the Discovery Master and the Court.

21   Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

22   overbroad.  Mattel further objects to this Request to the extent that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney work-

24   product doctrine and other applicable privileges.  Mattel further objects to this

25   Request on the ground and to the extent it seeks trade secret, proprietary or

26   otherwise confidential information of Mattel or third parties.  Any such documents

27   that are produced, if any, will be produced only pursuant to and in reliance upon the

28   Protective Order entered in this case.  Mattel also objects to this Request to the

1   extent it seeks documents that are in the possession, custody and control of a

2   foreign subsidiary of a party.  MGA has objected that such documents are not

3   within the scope of requests to a domestic party.  Mattel further objects to this

4   Request to the extent that it may seek documents already produced by Mattel,

5   including documents stolen by MGA and other defendants.  Such documents will

6   not be produced again.

7        Subject to the foregoing objections, Mattel responds as follows: At a

8   mutually agreeable time and place, Mattel will produce the non-privileged

9   documents, if any, that Mattel has been able to locate after a diligent search and

10  reasonable inquiry, to the extent not previously produced that show that Machado,

11  Trueba, and Vargas delivered a Mattel internal line list to MGA or an officer of

12  MGA.

13

14  <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

15  <u>REQUEST FOR PRODUCTION NO. 34 SHOULD BE COMPELLED AND</u>

16  <u>DOCUMENTS SHOULD BE PRODUCED</u>

17

18       Mattel has agreed to produce responsive documents in its response and has

19  confirmed its agreement to produce documents in various meet and confer

20  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

21  produced a single responsive document to this request.  <u>Id</u>.; Chaudoir Decl., ¶ 9.

22  Moreover, Mattel has ceased communicating with MGA concerning these and all

23  other disputes related to MGA's First Set of Phase 2 Requests for Production of

24  Documents and Things (Nos. 1-68).  <u>Id</u>.  Mattel must be compelled to produce

25  responsive documents by a date certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.  As to

28  overbreadth, Mattel provides no explanation, let alone the required particularity, as

1   to **why** these requests are supposedly overly broad, nor can it do so.  This objection

2   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

3   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

4   request is narrowly tailored to seek documents concerning Mattel's claims of trade

5   secret misappropriation and evidence proving MGA's affirmative defenses to those

6   claims.  Finally, the request is only as broad as Mattel's trade secret

7   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

8   were misappropriated, MGA is entitled to seek that information in the form of this

9   request.

10          As to burden, Mattel has not attempted to demonstrate why responding to

11  these requests and/or producing responsive documents presents any burden.  This

12  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14  request is unduly burdensome must allege specific facts which indicate the nature

15  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

16  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

17  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

18  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

19  party failed to particularize its basis for the objection); Seff v. General Outdoor

20  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

21  burdensome" objection because value of information to plaintiff clearly outweighed

22  any annoyance or expense involved in disclosure by defendant); Capacchione v.

23  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

24  ("Requiring a responding party to perform extensive research or to compile

25  substantial amounts of data and information does not automatically constitute an

26  undue burden….  Imposing such a burden is particularly proper where, as here, the

27  information sought is crucial to the ultimate determination of a crucial issue….").

28  To the extent that there is any burden at all, it is from Mattel's having filed broad-

1   based and unwarranted attacks on MGA's conduct in three countries.  The need for

2   this information to defend against Mattel's claims clearly outweighs any potential

3   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

4   cannot complain that requests are unduly burdensome when the request "merely

5   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

6   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

7   infringed numerous products, Mattel has the right to discover the scope of the

8   alleged claims.  Accordingly, the objections are overruled.").

9       Mattel also makes a number of other improper objections, none of which is

10  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

11  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

12  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

13  with specificity are routinely rejected in the Central District.  See A. Farber and

14  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

15  boilerplate objections such as 'overly burdensome and harassing' are improper –

16  especially when a party fails to submit any evidentiary declarations supporting such

17  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

18  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

19  tantamount to not making any objection at all").

20      For example, this request does not seek information protected by the

21  attorney-client privilege, the attorney work product doctrine, or any other

22  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

23  secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus

24  waiving this objection as to any allegedly privileged documents.

25      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

26  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

27  or no requests for discovery are premature at this point…."  Judge Larson agreed,

28  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

1   case at all.").

2          Mattel's expert disclosure objection is also without support.  The fact that

3   expert testimony may ultimately bear on some of the subjects of the request does

4   not excuse Mattel from its obligation to provide full and complete responses based

5   on the information Mattel presently has and to produce those responsive

6   documents.

7          In addition, Mattel's bare assertion that MGA has "failed to produce

8   witnesses for deposition and [is] withholding information and documents requested

9   in violation of orders of the Discovery Master and the Court" is not only

10  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

11  obligation to fully respond to the requests would be unaffected.

12         Also, this request does not seek information violative of any third-party's

13  rights of privacy.  The facts, persons, and documents responsive to this request are

14  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

15  itself previously has argued, any privacy issues are fully addressed by the Protective

16  Order in this case.

17         Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

18  information or documents that are in the possession, custody and control of

19  independent parties over whom Mattel has no control" is nonsensical – Mattel is

20  obligated to provide all information in its possession, custody, or control that is

21  responsive to the request.

22         In short, Mattel's objections are uniformly without merit and frivolous.  The

23  Discovery Master should order Mattel to provide a substantive response to Request

24  No. 34 without objection and order Mattel to produce all documents responsive to

25  this request.

26

27

28

1    REQUEST FOR PRODUCTION NO. 35:

2

3        All DOCUMENTS REFLECTING that MGA's alleged access to

4    MATTEL's confidential business plans or methods caused MGA to increase its

5    market share in Mexico.

6

7        RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

8        Mattel incorporates by reference the above-stated general objections as if

9    fully set forth herein.  Mattel also specifically objects to this Request on the ground

10   that it is premature because the subject matter of this Request will be the subject of

11   expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

12   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

13   identify its experts and make related disclosures in accordance with the Court's

14   orders and applicable rules.  Mattel further objects that this Request is premature

15   because Defendants have not complied with their discovery obligations.  They have

16   failed to produce witnesses for deposition and are withholding information and

17   documents requested in violation of orders of the Discovery Master and the Court.

18   Defendant MGA Mexico also has not produced many relevant documents relating

19   to this Request.  Mattel objects to the use of the terms "REFLECTING" and

20   "MGA" as vague, ambiguous, and overbroad.  Mattel further objects to this

21   Request to the extent that it calls for the disclosure of information subject to the

22   attorney-client privilege, the attorney work-product doctrine and other applicable

23   privileges.  Mattel further objects to this Request on the ground and to the extent it

24   seeks trade secret, proprietary or otherwise confidential information of Mattel or

25   third parties.  Any such documents that are produced, if any, will be produced only

26   pursuant to and in reliance upon the Protective Order entered in this case.  Mattel

27   also objects to this Request to the extent it seeks documents that are in the

28   possession, custody and control of a foreign subsidiary of a party.  MGA has

1    objected that such documents are not within the scope of requests to a domestic

2    party.  Mattel further objects to this Request to the extent that it may seek

3    documents already produced by Mattel, including documents stolen by MGA and

4    other defendants.  Such documents will not be produced again.

5

6    FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

7    REQUEST FOR PRODUCTION NO. 35 SHOULD BE COMPELLED AND

8    DOCUMENTS SHOULD BE PRODUCED

9

10       During meet and confer discussions with Mattel, Mattel advised that it did

11   not agree to produce responsive documents to this request because Mattel claims

12   that the documents are in the exclusive possession of MGA.  Mankey Decl., Ex. D.

13   Mattel further agreed to confirm that Mattel neither has nor had responsive

14   documents to this Request.  Id.  Despite that agreement, however, Mattel has not

15   confirmed there are no responsive documents to this request.  Chaudoir Decl., ¶ 9.

16   Instead, Mattel has ceased communicating with MGA concerning this and all other

17   disputes related to MGA's First Set of Phase 2 Requests for Production of

18   Documents and Things (Nos. 1-68).  Id.

19       The documents responsive to this request are clearly relevant and

20   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

21   and fail to justify Mattel's failure to produce all responsive documents.  As to

22   overbreadth, Mattel provides no explanation, let alone the required particularity, as

23   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

24   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

25   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

26   request is narrowly tailored to seek documents concerning Mattel's claims of trade

27   secret misappropriation and evidence proving MGA's affirmative defenses to those

28   claims.  Finally, the request is only as broad as Mattel's trade secret

1    misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

2    were misappropriated, MGA is entitled to seek that information in the form of this

3    request.

4          As to burden, Mattel has not attempted to demonstrate why responding to

5    these requests and/or producing responsive documents presents any burden.  This

6    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8    request is unduly burdensome must allege specific facts which indicate the nature

9    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

10   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

11   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

12   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

13   party failed to particularize its basis for the objection); Seff v. General Outdoor

14   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

15   burdensome" objection because value of information to plaintiff clearly outweighed

16   any annoyance or expense involved in disclosure by defendant); Capacchione v.

17   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

18   ("Requiring a responding party to perform extensive research or to compile

19   substantial amounts of data and information does not automatically constitute an

20   undue burden….  Imposing such a burden is particularly proper where, as here, the

21   information sought is crucial to the ultimate determination of a crucial issue….").

22   To the extent that there is any burden at all, it is from Mattel's having filed broad-

23   based and unwarranted attacks on MGA's conduct in three countries.  The need for

24   this information to defend against Mattel's claims clearly outweighs any potential

25   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

26   cannot complain that requests are unduly burdensome when the request "merely

27   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

28   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

1   infringed numerous products, Mattel has the right to discover the scope of the

2   alleged claims.  Accordingly, the objections are overruled.").

3          Mattel also makes a number of other improper objections, none of which is

4   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

5   to part of a request must specify the part and permit inspection of the rest."  Fed. R.

6   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

7   with specificity are routinely rejected in the Central District.  See A. Farber and

8   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

9   boilerplate objections such as 'overly burdensome and harassing' are improper –

10  especially when a party fails to submit any evidentiary declarations supporting such

11  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

12  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

13  tantamount to not making any objection at all").

14         For example, this request does not seek information protected by the

15  attorney-client privilege, the attorney work product doctrine, or any other

16  applicable privilege.  Further, Mattel has failed to provide a privilege log, thus

17  waiving this objection as to any allegedly privileged documents.

18         Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

19  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

20  or no requests for discovery are premature at this point…."  Judge Larson agreed,

21  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

22  case at all.").

23         Mattel's expert disclosure objection is also without support.  The fact that

24  expert testimony may ultimately bear on some of the subjects of the request does

25  not excuse Mattel from its obligation to provide full and complete responses based

26  on the information Mattel presently has and to produce those responsive

27  documents.

28         In addition, Mattel's bare assertion that MGA has "failed to produce

1  witnesses for deposition and [is] withholding information and documents requested

2  in violation of orders of the Discovery Master and the Court" is not only

3  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

4  obligation to fully respond to the requests would be unaffected.

5  Also, this request does not seek information violative of any third-party's

6  rights of privacy.  The facts, persons, and documents responsive to this request are

7  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

8  itself previously has argued, any privacy issues are fully addressed by the Protective

9  Order in this case.

10  Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

11  information or documents that are in the possession, custody and control of

12  independent parties over whom Mattel has no control" is nonsensical – Mattel is

13  obligated to provide all information in its possession, custody, or control that is

14  responsive to the request.

15  In short, Mattel's objections are uniformly without merit and frivolous.  The

16  Discovery Master should order Mattel to provide a substantive response to Request

17  No. 35 without objection and order Mattel to produce the computers.

18

19  REQUEST FOR PRODUCTION NO. 36:

20

21  All DOCUMENTS REFLECTING that MGA's alleged access to

22  MATTEL's confidential business plans or methods caused MGA MEXICO to

increase its market share in Mexico.

23

24  RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

25

26  Mattel incorporates by reference the above-stated general objections as if

27  fully set forth herein.  Mattel also specifically objects to this Request on the ground

28  that it is premature because the subject matter of this Request will be the subject of

1  expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

2  limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

3  identify its experts and make related disclosures in accordance with the Court's

4  orders and applicable rules.  Mattel further objects that this Request is premature

5  because Defendants have not complied with their discovery obligations.  They have

6  failed to produce witnesses for deposition and are withholding information and

7  documents requested in violation of orders of the Discovery Master and the Court.

8  Defendant MGA Mexico also has not produced many relevant documents relating

9  to this Request.  Mattel objects to the use of the terms "REFLECTING" and

10 "MGA" as vague, ambiguous, and overbroad.  Mattel further objects to this

11 Request to the extent that it calls for the disclosure of information subject to the

12 attorney-client privilege, the attorney work-product doctrine and other applicable

13 privileges.  Mattel further objects to this Request on the ground and to the extent it

14 seeks trade secret, proprietary or otherwise confidential information of Mattel or

15 third parties.  Any such documents that are produced, if any, will be produced only

16 pursuant to and in reliance upon the Protective Order entered in this case.  Mattel

17 also objects to this Request to the extent it seeks documents that are in the

18 possession, custody and control of a foreign subsidiary of a party.  MGA has

19 objected that such documents are not within the scope of requests to a domestic

20 party.  Mattel further objects to this Request to the extent that it may seek

21 documents already produced by Mattel, including documents stolen by MGA and

22 other defendants.  Such documents will not be produced again.

23

24  <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

25  <u>REQUEST FOR PRODUCTION NO. 36 SHOULD BE COMPELLED AND</u>

26  <u>DOCUMENTS SHOULD BE PRODUCED</u>

27

28      During meet and confer discussions with Mattel, Mattel advised that it did

1  not agree to produce responsive documents to this request because Mattel claims

2  that the documents are in the exclusive possession of MGA.  Mankey Decl., Ex. D.

3  Mattel further agreed to confirm that Mattel neither has nor had responsive

4  documents to this Request.  Id.  Despite that agreement, however, Mattel has not

5  confirmed there are no responsive documents to this request.  Chaudoir Decl., ¶ 9.

6  Instead, Mattel has ceased communicating with MGA concerning this and all other

7  disputes related to MGA's First Set of Phase 2 Requests for Production of

8  Documents and Things (Nos. 1-68).  Id.

9      The documents responsive to this request are clearly relevant and

10  discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

11  and fail to justify Mattel's failure to produce all responsive documents.  As to

12  overbreadth, Mattel provides no explanation, let alone the required particularity, as

13  to *why* these requests are supposedly overly broad, nor can it do so.  This objection

14  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

15  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

16  request is narrowly tailored to seek documents concerning Mattel's claims of trade

17  secret misappropriation and evidence proving MGA's affirmative defenses to those

18  claims.  Finally, the request is only as broad as Mattel's trade secret

19  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

20  were misappropriated, MGA is entitled to seek that information in the form of this

21  request.

22      As to burden, Mattel has not attempted to demonstrate why responding to

23  these requests and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

28  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

1  at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D.
2  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting
3  party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>
4  <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly
5  burdensome" objection because value of information to plaintiff clearly outweighed
6  any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>
7  <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)
8  ("Requiring a responding party to perform extensive research or to compile
9  substantial amounts of data and information does not automatically constitute an
10  undue burden…. Imposing such a burden is particularly proper where, as here, the
11  information sought is crucial to the ultimate determination of a crucial issue….").
12  To the extent that there is any burden at all, it is from Mattel's having filed broad-
13  based and unwarranted attacks on MGA's conduct in three countries. The need for
14  this information to defend against Mattel's claims clearly outweighs any potential
15  burden to Mattel. Indeed, the Discovery Master has already ruled that a party
16  cannot complain that requests are unduly burdensome when the request "merely
17  seeks information regarding the extent of" a party's claim. Order No. 17, dated
18  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel
19  infringed numerous products, Mattel has the right to discover the scope of the
20  alleged claims. Accordingly, the objections are overruled.").
21      Mattel also makes a number of other improper objections, none of which is
22  substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection
23  to part of a request must specify the part and permit inspection of the rest." Fed. R.
24  Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection
25  with specificity are routinely rejected in the Central District. <u>See A. Farber and</u>
26  <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
27  boilerplate objections such as 'overly burdensome and harassing' are improper –
28  especially when a party fails to submit any evidentiary declarations supporting such

1  objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

2  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

3  tantamount to not making any objection at all").

4       For example, this request does not seek information protected by the

5  attorney-client privilege, the attorney work product doctrine, or any other

6  applicable privilege.  Further, Mattel has failed to provide a privilege log, thus

7  waiving this objection as to any allegedly privileged documents.

8       Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

9  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

10  or no requests for discovery are premature at this point…."  Judge Larson agreed,

11  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

12  case at all.").

13       Mattel's expert disclosure objection is also without support.  The fact that

14  expert testimony may ultimately bear on some of the subjects of the request does

15  not excuse Mattel from its obligation to provide full and complete responses based

16  on the information Mattel presently has and to produce those responsive

17  documents.

18       In addition, Mattel's bare assertion that MGA has "failed to produce

19  witnesses for deposition and [is] withholding information and documents requested

20  in violation of orders of the Discovery Master and the Court" is not only

21  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

22  obligation to fully respond to the requests would be unaffected.

23       Also, this request does not seek information violative of any third-party's

24  rights of privacy.  The facts, persons, and documents responsive to this request are

25  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

26  itself previously has argued, any privacy issues are fully addressed by the Protective

27  Order in this case.

28       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

1    information or documents that are in the possession, custody and control of

2    independent parties over whom Mattel has no control" is nonsensical – Mattel is

3    obligated to provide all information in its possession, custody, or control that is

4    responsive to the request.

5         In short, Mattel's objections are uniformly without merit and frivolous.  The

6    Discovery Master should order Mattel to provide a substantive response to Request

7    No. 36 without objection and order Mattel to produce the computers.

8

9    REQUEST FOR PRODUCTION NO. 37:

10        All DOCUMENTS REFLECTING that Mexican authorities seized from

11   MGA's offices electronic and paper copies of a large number of MATTEL trade

12   secrets, as alleged in lines 14-20 of page 33 of MATTEL's Supplemental

13   Responses and Objections to MGA's First Set of Interrogatories.

14

15   RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

16        Mattel incorporates by reference the above-stated general objections as if

17   fully set forth herein.  Mattel further objects that this Request is premature because

18   Defendants have not complied with their discovery obligations.  They have failed to

19   produce witnesses for deposition and are withholding information and documents

20   requested in violation of orders of the Discovery Master and the Court.  Mattel

21   objects to the use of the term "REFLECTING" as vague, ambiguous, and

22   overbroad.  Mattel further objects to this Request to the extent that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney work-

24   product doctrine and other applicable privileges.  Mattel also objects to this Request

25   to the extent it seeks documents that are in the possession, custody and control of a

26   foreign subsidiary of a party.  MGA has objected that such documents are not

27   within the scope of requests to a domestic party.  Mattel further objects to this

28   Request to the extent that it may seek documents already produced by Mattel,

1  including documents stolen by MGA and other defendants.  Such documents will

2  not be produced again.

3      Subject to the foregoing objections, Mattel responds as follows: At a

4  mutually agreeable time and place, Mattel will produce the non-privileged

5  documents, if any, that Mattel has been able to locate after a diligent search and

6  reasonable inquiry, to the extent not previously produced showing that Mexico law

7  enforcement officials executed a search warrant on the main office of the Mexican

8  subsidiary of MGA and seized electronic and physical documents authored by

9  Mattel and that contain Mattel trade secrets and other confidential and proprietary

10  information.

11

12  FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

13  REQUEST FOR PRODUCTION NO. 37 SHOULD BE COMPELLED AND

14  DOCUMENTS SHOULD BE PRODUCED

15

16      Mattel has agreed to produce responsive documents in its response and has

17  confirmed its agreement to produce documents in various meet and confer

18  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

19  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

20  Moreover, Mattel has ceased communicating with MGA concerning these and all

21  other disputes related to MGA's First Set of Phase 2 Requests for Production of

22  Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

23  responsive documents by a date certain.

24      To the extent that Mattel is relying on its blanket objections, they are not

25  sustainable and do not justify Mattel's failure to produce documents.  As to

26  overbreadth, Mattel provides no explanation, let alone the required particularity, as

27  to **why** these requests are supposedly overly broad, nor can it do so.  This objection

28  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

1   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

2   request is narrowly tailored to seek documents concerning Mattel's claims of trade

3   secret misappropriation and evidence proving MGA's affirmative defenses to those

4   claims.  Finally, the request is only as broad as Mattel's trade secret

5   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

6   were misappropriated, MGA is entitled to seek that information in the form of this

7   request.

8            As to burden, Mattel has not attempted to demonstrate why responding to

9   these requests and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

11  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

14  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

15  at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D.

16  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

17  party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

18  <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

19  burdensome" objection because value of information to plaintiff clearly outweighed

20  any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

21  <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

22  ("Requiring a responding party to perform extensive research or to compile

23  substantial amounts of data and information does not automatically constitute an

24  undue burden….  Imposing such a burden is particularly proper where, as here, the

25  information sought is crucial to the ultimate determination of a crucial issue….").

26  To the extent that there is any burden at all, it is from Mattel's having filed broad-

27  based and unwarranted attacks on MGA's conduct in three countries.  The need for

28  this information to defend against Mattel's claims clearly outweighs any potential

1    burden to Mattel.  Indeed, the Discovery Master has already ruled that a party
2    cannot complain that requests are unduly burdensome when the request "merely
3    seeks information regarding the extent of" a party's claim.  Order No. 17, dated
4    April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel
5    infringed numerous products, Mattel has the right to discover the scope of the
6    alleged claims.  Accordingly, the objections are overruled.").

7         Mattel also makes a number of other improper objections, none of which is
8    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection
9    to part of a request must specify the part and permit inspection of the rest."  Fed. R.
10   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection
11   with specificity are routinely rejected in the Central District.  See A. Farber and
12   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
13   boilerplate objections such as 'overly burdensome and harassing' are improper –
14   especially when a party fails to submit any evidentiary declarations supporting such
15   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,
16   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and
17   tantamount to not making any objection at all").

18        For example, this request does not seek information protected by the
19   attorney-client privilege, the attorney work product doctrine, or any other
20   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade
21   secret theft by former Mattel employees.  Further, Mattel has failed to provide a
22   privilege log, thus waiving this objection as to any allegedly privileged documents.

23        Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at
24   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues
25   or no requests for discovery are premature at this point…."  Judge Larson agreed,
26   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
27   case at all.").

28

1    Mattel's expert disclosure objection is also without support.  The fact that

2    expert testimony may ultimately bear on some of the subjects of the request does

3    not excuse Mattel from its obligation to provide full and complete responses based

4    on the information Mattel presently has and to produce those responsive

5    documents.

6    In addition, Mattel's bare assertion that MGA has "failed to produce

7    witnesses for deposition and [is] withholding information and documents requested

8    in violation of orders of the Discovery Master and the Court" is not only

9    unsupported and false, but immaterial – if this were true (and it is not), Mattel's

10   obligation to fully respond to the requests would be unaffected.

11   Also, this request does not seek information violative of any third-party's

12   rights of privacy.  The facts, persons, and documents responsive to this request are

13   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

14   itself previously has argued, any privacy issues are fully addressed by the Protective

15   Order in this case.

16   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

17   information or documents that are in the possession, custody and control of

18   independent parties over whom Mattel has no control" is nonsensical – Mattel is

19   obligated to provide all information in its possession, custody, or control that is

20   responsive to the request.

21   In short, Mattel's objections are uniformly without merit and frivolous.  The

22   Discovery Master should order Mattel to provide a substantive response to Request

23   No. 37 without objection and order Mattel to produce all documents responsive to

24   this request.

25
26   REQUEST FOR PRODUCTION NO. 38:

27   All DOCUMENTS REFLECTING that Ron BRAWER "removed

28   proprietary and trade secret information from MATTEL that he did not return," as

1    alleged in lines 9-10 on page 35 of MATTEL's Supplemental Responses and

2    Objections to MGA's First Set of Interrogatories.

3

4            RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

5            Mattel incorporates by reference the above-stated general objections as if

6    fully set forth herein.  Mattel further objects that this Request is premature because

7    Defendants have not complied with their discovery obligations.  They have failed to

8    produce witnesses for deposition and are withholding information and documents

9    requested in violation of orders of the Discovery Master and the Court.  Mattel

10   objects to the use of the term "REFLECTING" as vague, ambiguous, and

11   overbroad.  Mattel further objects to this Request to the extent that it calls for the

12   disclosure of information subject to the attorney-client privilege, the attorney work-

13   product doctrine and other applicable privileges.  Mattel also objects to this Request

14   to the extent it seeks documents that are in the possession, custody and control of a

15   foreign subsidiary of a party.  MGA has objected that such documents are not

16   within the scope of requests to a domestic party.  Mattel further objects to this

17   Request to the extent that it may seek documents already produced by Mattel,

18   including documents stolen by MGA and other defendants.  Such documents will

19   not be produced again.

20           Subject to the foregoing objections, Mattel responds as follows: At a

21   mutually agreeable time and place, Mattel will produce non-privileged documents

22   responsive to this Request, if any, that Mattel has been able to locate after a diligent

23   search and reasonable inquiry, to the extent not previously produced.

24

25

26

27

28

1   <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

2   <u>REQUEST FOR PRODUCTION NO. 38 SHOULD BE COMPELLED AND</u>

3   <u>DOCUMENTS SHOULD BE PRODUCED</u>

4

5        Mattel has agreed to produce responsive documents in its response and has

6   confirmed its agreement to produce documents in various meet and confer

7   discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

8   produced a single responsive document to this request.  <u>Id</u>.; Chaudoir Decl., ¶ 9.

9   Moreover, Mattel has ceased communicating with MGA concerning these and all

10  other disputes related to MGA's First Set of Phase 2 Requests for Production of

11  Documents and Things (Nos. 1-68).  <u>Id</u>.  Mattel must be compelled to produce

12  responsive documents by a date certain.

13       To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.  As to

15  overbreadth, Mattel provides no explanation, let alone the required particularity, as

16  to *why* these requests are supposedly overly broad, nor can it do so.  This objection

17  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

18  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

19  request is narrowly tailored to seek documents concerning Mattel's claims of trade

20  secret misappropriation and evidence proving MGA's affirmative defenses to those

21  claims.  Finally, the request is only as broad as Mattel's trade secret

22  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

23  were misappropriated, MGA is entitled to seek that information in the form of this

24  request.

25       As to burden, Mattel has not attempted to demonstrate why responding to

26  these requests and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  <u>See</u> Jackson v. Montgomery Ward & Co.,

28  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

3    Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

4    at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

5    94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

6    party failed to particularize its basis for the objection); Seff v. General Outdoor

7    Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

8    burdensome" objection because value of information to plaintiff clearly outweighed

9    any annoyance or expense involved in disclosure by defendant); Capacchione v.

10   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

11   ("Requiring a responding party to perform extensive research or to compile

12   substantial amounts of data and information does not automatically constitute an

13   undue burden…. Imposing such a burden is particularly proper where, as here, the

14   information sought is crucial to the ultimate determination of a crucial issue….").

15   To the extent that there is any burden at all, it is from Mattel's having filed broad-

16   based and unwarranted attacks on MGA's conduct in three countries. The need for

17   this information to defend against Mattel's claims clearly outweighs any potential

18   burden to Mattel. Indeed, the Discovery Master has already ruled that a party

19   cannot complain that requests are unduly burdensome when the request "merely

20   seeks information regarding the extent of" a party's claim. Order No. 17, dated

21   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

22   infringed numerous products, Mattel has the right to discover the scope of the

23   alleged claims. Accordingly, the objections are overruled.").

24        Mattel also makes a number of other improper objections, none of which is

25   substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

26   to part of a request must specify the part and permit inspection of the rest." Fed. R.

27   Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

28   with specificity are routinely rejected in the Central District. See A. Farber and

1   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

2   boilerplate objections such as 'overly burdensome and harassing' are improper –

3   especially when a party fails to submit any evidentiary declarations supporting such

4   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

5   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

6   tantamount to not making any objection at all").

7       For example, this request does not seek information protected by the

8   attorney-client privilege, the attorney work product doctrine, or any other

9   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

10  secret theft by former Mattel employees.  Further, Mattel has failed to provide a

11  privilege log, thus waiving this objection as to any allegedly privileged documents.

12      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

13  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

14  or no requests for discovery are premature at this point…."  Judge Larson agreed,

15  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

16  case at all.").

17      Mattel's expert disclosure objection is also without support.  The fact that

18  expert testimony may ultimately bear on some of the subjects of the request does

19  not excuse Mattel from its obligation to provide full and complete responses based

20  on the information Mattel presently has and to produce those responsive

21  documents.

22      In addition, Mattel's bare assertion that MGA has "failed to produce

23  witnesses for deposition and [is] withholding information and documents requested

24  in violation of orders of the Discovery Master and the Court" is not only

25  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

26  obligation to fully respond to the requests would be unaffected.

27      Also, this request does not seek information violative of any third-party's

28  rights of privacy.  The facts, persons, and documents responsive to this request are

SEPARATE STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

2  itself previously has argued, any privacy issues are fully addressed by the Protective

3  Order in this case.

4  Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

5  information or documents that are in the possession, custody and control of

6  independent parties over whom Mattel has no control" is nonsensical – Mattel is

7  obligated to provide all information in its possession, custody, or control that is

8  responsive to the request.

9  In short, Mattel's objections are uniformly without merit and frivolous.  The

10  Discovery Master should order Mattel to provide a substantive response to Request

11  No. 38 without objection and order Mattel to produce all documents responsive to

12  this request.

13

14  REQUEST FOR PRODUCTION NO. 39:

15  All DOCUMENTS REFLECTING that Ron BRAWER "has targeted certain

16  MATTEL employees who have broad access to MATTEL proprietary information

17  in an effort to induce and encourage them to join MGA and to steal or otherwise

18  wrongfully misappropriate MATTEL confidential information and secrets," as

19  alleged in lines 17-21 on page 35 of MATTEL's Supplemental Responses and

20  Objections to MGA's First Set of Interrogatories.

21

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

23  Mattel incorporates by reference the above-stated general objections as if

24  fully set forth herein.  Mattel further objects that this Request is premature because

25  Defendants have not complied with their discovery obligations.  They have failed to

26  produce witnesses for deposition and are withholding information and documents

27  requested in violation of orders of the Discovery Master and the Court.  Mattel

28  objects to the use of the term "REFLECTING" as vague, ambiguous, and

1   overbroad.  Mattel further objects to this Request on the grounds that it seeks

2   documents equally or more available to, or already in the possession, custody or

3   control of MGA.  Mattel further objects to this Request to the extent that it calls for

4   the disclosure of information subject to the attorney-client privilege, the attorney

5   work-product doctrine and other applicable privileges.  Mattel also objects to this

6   Request to the extent it seeks documents that are in the possession, custody and

7   control of a foreign subsidiary of a party.  MGA has objected that such documents

8   are not within the scope of requests to a domestic party.  Mattel further objects to

9   this Request to the extent that it may seek documents already produced by Mattel,

10  including documents stolen by MGA and other defendants.  Such documents will

11  not be produced again.

12      Subject to the foregoing objections, Mattel responds as follows: At a

13  mutually agreeable time and place, Mattel will produce non-privileged documents

14  responsive to this Request, if any, that Mattel has been able to locate after a diligent

15  search and reasonable inquiry, to the extent not previously produced.

16

17  FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

18  REQUEST FOR PRODUCTION NO. 39 SHOULD BE COMPELLED AND

19  DOCUMENTS SHOULD BE PRODUCED

20

21      Mattel has agreed to produce responsive documents in its response and has

22  confirmed its agreement to produce documents in various meet and confer

23  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

24  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

25  Moreover, Mattel has ceased communicating with MGA concerning these and all

26  other disputes related to MGA's First Set of Phase 2 Requests for Production of

27  Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

28  responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims.  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an

1   undue burden…. Imposing such a burden is particularly proper where, as here, the

2   information sought is crucial to the ultimate determination of a crucial issue….").

3   To the extent that there is any burden at all, it is from Mattel's having filed broad-

4   based and unwarranted attacks on MGA's conduct in three countries.  The need for

5   this information to defend against Mattel's claims clearly outweighs any potential

6   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

7   cannot complain that requests are unduly burdensome when the request "merely

8   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

9   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

10  infringed numerous products, Mattel has the right to discover the scope of the

11  alleged claims.  Accordingly, the objections are overruled.").

12          Mattel also makes a number of other improper objections, none of which is

13  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

14  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

15  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

16  with specificity are routinely rejected in the Central District.  See A. Farber and

17  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

18  boilerplate objections such as 'overly burdensome and harassing' are improper –

19  especially when a party fails to submit any evidentiary declarations supporting such

20  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

21  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

22  tantamount to not making any objection at all").

23          For example, this request does not seek information protected by the

24  attorney-client privilege, the attorney work product doctrine, or any other

25  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

26  secret theft by former Mattel employees.  Further, Mattel has failed to provide a

27  privilege log, thus waiving this objection as to any allegedly privileged documents.

28          Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

1    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues
2    or no requests for discovery are premature at this point…." Judge Larson agreed,
3    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
4    case at all.").

5         Mattel's expert disclosure objection is also without support. The fact that
6    expert testimony may ultimately bear on some of the subjects of the request does
7    not excuse Mattel from its obligation to provide full and complete responses based
8    on the information Mattel presently has and to produce those responsive
9    documents.

10        In addition, Mattel's bare assertion that MGA has "failed to produce
11   witnesses for deposition and [is] withholding information and documents requested
12   in violation of orders of the Discovery Master and the Court" is not only
13   unsupported and false, but immaterial – if this were true (and it is not), Mattel's
14   obligation to fully respond to the requests would be unaffected.

15        Also, this request does not seek information violative of any third-party's
16   rights of privacy. The facts, persons, and documents responsive to this request are
17   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel
18   itself previously has argued, any privacy issues are fully addressed by the Protective
19   Order in this case.

20        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of
21   information or documents that are in the possession, custody and control of
22   independent parties over whom Mattel has no control" is nonsensical – Mattel is
23   obligated to provide all information in its possession, custody, or control that is
24   responsive to the request.

25        In short, Mattel's objections are uniformly without merit and frivolous. The
26   Discovery Master should order Mattel to provide a substantive response to Request
27   No. 39 without objection and order Mattel to produce all documents responsive to
28   this request.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS REFLECTING that MGA made an effort to induce or encourage BRISBOIS to steal MATTEL confidential information and trade secrets, as alleged in lines 2-6 on page 36 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  Defendants have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Defendants have also refused to produce Brisbois or an MGA Canada representative for deposition or to produce documents on their behalf.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this Request on the grounds that it seeks documents equally or more available to, or already in the possession, custody or control of MGA.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

1   Subject to the foregoing objections, Mattel responds as follows: At a
2   mutually agreeable time and place, Mattel will produce the non-privileged
3   documents responsive to this Request, if any, that Mattel has been able to locate
4   after a diligent search and reasonable inquiry, to the extent not previously produced,
5   showing MGA's inducement of Brisbois to steal Mattel trade secrets and
6   confidential information.

7

8   <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>
9   <u>REQUEST FOR PRODUCTION NO. 40 SHOULD BE COMPELLED AND</u>
10  <u>DOCUMENTS SHOULD BE PRODUCED</u>

11

12  Mattel has agreed to produce responsive documents in its response and has
13  confirmed its agreement to produce documents in various meet and confer
14  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not
15  produced a single responsive document to this request.  <u>Id</u>.; Chaudoir Decl., ¶ 9.
16  Moreover, Mattel has ceased communicating with MGA concerning these and all
17  other disputes related to MGA's First Set of Phase 2 Requests for Production of
18  Documents and Things (Nos. 1-68).  <u>Id</u>.  Mattel must be compelled to produce
19  responsive documents by a date certain.
20  To the extent that Mattel is relying on its blanket objections, they are not
21  sustainable and do not justify Mattel's failure to produce documents.  As to
22  overbreadth, Mattel provides no explanation, let alone the required particularity, as
23  to ***why*** these requests are supposedly overly broad, nor can it do so.  This objection
24  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling
25  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the
26  request is narrowly tailored to seek documents concerning Mattel's claims of trade
27  secret misappropriation and evidence proving MGA's affirmative defenses to those
28  claims.  Finally, the request is only as broad as Mattel's trade secret

1   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

2   were misappropriated, MGA is entitled to seek that information in the form of this

3   request.

4            As to burden, Mattel has not attempted to demonstrate why responding to

5   these requests and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

10  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

11  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

12  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

13  party failed to particularize its basis for the objection); Seff v. General Outdoor

14  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

15  burdensome" objection because value of information to plaintiff clearly outweighed

16  any annoyance or expense involved in disclosure by defendant); Capacchione v.

17  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

18  ("Requiring a responding party to perform extensive research or to compile

19  substantial amounts of data and information does not automatically constitute an

20  undue burden….  Imposing such a burden is particularly proper where, as here, the

21  information sought is crucial to the ultimate determination of a crucial issue….").

22  To the extent that there is any burden at all, it is from Mattel's having filed broad-

23  based and unwarranted attacks on MGA's conduct in three countries.  The need for

24  this information to defend against Mattel's claims clearly outweighs any potential

25  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

26  cannot complain that requests are unduly burdensome when the request "merely

27  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

28  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

1    infringed numerous products, Mattel has the right to discover the scope of the

2    alleged claims.  Accordingly, the objections are overruled.").

3         Mattel also makes a number of other improper objections, none of which is

4    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

5    to part of a request must specify the part and permit inspection of the rest."  Fed. R.

6    Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

7    with specificity are routinely rejected in the Central District.  See A. Farber and

8    Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

9    boilerplate objections such as 'overly burdensome and harassing' are improper –

10   especially when a party fails to submit any evidentiary declarations supporting such

11   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

12   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

13   tantamount to not making any objection at all").

14        For example, this request does not seek information protected by the

15   attorney-client privilege, the attorney work product doctrine, or any other

16   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

17   secret theft by former Mattel employees.  Further, Mattel has failed to provide a

18   privilege log, thus waiving this objection as to any allegedly privileged documents.

19        Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

20   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

21   or no requests for discovery are premature at this point…." Judge Larson agreed,

22   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

23   case at all.").

24        Mattel's expert disclosure objection is also without support.  The fact that

25   expert testimony may ultimately bear on some of the subjects of the request does

26   not excuse Mattel from its obligation to provide full and complete responses based

27   on the information Mattel presently has and to produce those responsive

28   documents.

1     In addition, Mattel's bare assertion that MGA has "failed to produce

2   witnesses for deposition and [is] withholding information and documents requested

3   in violation of orders of the Discovery Master and the Court" is not only

4   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

5   obligation to fully respond to the requests would be unaffected.

6     Also, this request does not seek information violative of any third-party's

7   rights of privacy.  The facts, persons, and documents responsive to this request are

8   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

9   itself previously has argued, any privacy issues are fully addressed by the Protective

10   Order in this case.

11     Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

12   information or documents that are in the possession, custody and control of

13   independent parties over whom Mattel has no control" is nonsensical – Mattel is

14   obligated to provide all information in its possession, custody, or control that is

15   responsive to the request.

16     In short, Mattel's objections are uniformly without merit and frivolous.  The

17   Discovery Master should order Mattel to provide a substantive response to Request

18   No. 40 without objection and order Mattel to produce all documents responsive to

19   this request.

20

21   REQUEST FOR PRODUCTION NO. 41:

22

23     All DOCUMENTS REFLECTING that BRISBOIS took from MATTEL the

24   documents listed on page 37, line 5 through page 38, line 5 of MATTEL's

25   Supplemental Responses and Objections to MGA's First Set of Interrogatories.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 41:</u>

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendants have also refused to produce Brisbois or an MGA Canada representative for deposition or to produce documents on their behalf.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

- 187 -

1    Subject to the foregoing objections, Mattel responds as follows: At a

2  mutually agreeable time and place, Mattel will produce the non-privileged

3  documents, if any, that Mattel has been able to locate after a diligent search and

4  reasonable inquiry, to the extent not previously produced, that (a) Brisbois took

5  from Mattel and, (b) that show the theft of those documents.

6

7    FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

8    REQUEST FOR PRODUCTION NO. 41 SHOULD BE COMPELLED AND

9    DOCUMENTS SHOULD BE PRODUCED

10

11    As set forth in MGA's Memorandum of Points and Authorities in Support of

12  its motion to Compel, Mattel had agreed to produce documents responsive to this

13  request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.

14  Despite that agreement, however, Mattel has neither produced documents nor

15  informed MGA that all responsive documents have already been produced.

16  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

17  concerning this and all other disputes related to MGA's First Set of Phase 2

18  Requests for Production of Documents and Things (Nos. 1-68).  Id.

19    The documents responsive to this request are clearly relevant and

20  discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

21  and fail to justify Mattel's failure to produce all responsive documents.  As to

22  overbreadth, Mattel provides no explanation, let alone the required particularity, as

23  to *why* these requests are supposedly overly broad, nor can it do so.  This objection

24  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

25  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

26  request is narrowly tailored to seek documents concerning Mattel's claims of trade

27  secret misappropriation and evidence proving MGA's affirmative defenses to those

28  claims.  Finally, the request is only as broad as Mattel's trade secret

1    misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

2    were misappropriated, MGA is entitled to seek that information in the form of this

3    request.

4         As to burden, Mattel has not attempted to demonstrate why responding to

5    these requests and/or producing responsive documents presents any burden.  This

6    objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

7    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8    request is unduly burdensome must allege specific facts which indicate the nature

9    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

10   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

11   at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D.

12   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

13   party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

14   <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

15   burdensome" objection because value of information to plaintiff clearly outweighed

16   any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

17   <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

18   ("Requiring a responding party to perform extensive research or to compile

19   substantial amounts of data and information does not automatically constitute an

20   undue burden….  Imposing such a burden is particularly proper where, as here, the

21   information sought is crucial to the ultimate determination of a crucial issue….").

22   To the extent that there is any burden at all, it is from Mattel's having filed broad-

23   based and unwarranted attacks on MGA's conduct in three countries.  The need for

24   this information to defend against Mattel's claims clearly outweighs any potential

25   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

26   cannot complain that requests are unduly burdensome when the request "merely

27   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

28   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

1   infringed numerous products, Mattel has the right to discover the scope of the

2   alleged claims.  Accordingly, the objections are overruled.").

3        Mattel also makes a number of other improper objections, none of which is

4   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

5   to part of a request must specify the part and permit inspection of the rest."  Fed. R.

6   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

7   with specificity are routinely rejected in the Central District.  See A. Farber and

8   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

9   boilerplate objections such as 'overly burdensome and harassing' are improper –

10  especially when a party fails to submit any evidentiary declarations supporting such

11  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

12  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

13  tantamount to not making any objection at all").

14       For example, this request does not seek information protected by the

15  attorney-client privilege, the attorney work product doctrine, or any other

16  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

17  secret theft by Brisbois.  Further, Mattel has failed to provide a privilege log, thus

18  waiving this objection as to any allegedly privileged documents.

19       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

20  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

21  or no requests for discovery are premature at this point…." Judge Larson agreed,

22  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

23  case at all.").

24       Mattel's expert disclosure objection is also without support.  The fact that

25  expert testimony may ultimately bear on some of the subjects of the request does

26  not excuse Mattel from its obligation to provide full and complete responses based

27  on the information Mattel presently has and to produce those responsive

28  documents.

1    In addition, Mattel's bare assertion that MGA has "failed to produce

2    witnesses for deposition and [is] withholding information and documents requested

3    in violation of orders of the Discovery Master and the Court" is not only

4    unsupported and false, but immaterial – if this were true (and it is not), Mattel's

5    obligation to fully respond to the requests would be unaffected.

6    Also, this request does not seek information violative of any third-party's

7    rights of privacy.  The facts, persons, and documents responsive to this request are

8    in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

9    itself previously has argued, any privacy issues are fully addressed by the Protective

10   Order in this case.

11   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

12   information or documents that are in the possession, custody and control of

13   independent parties over whom Mattel has no control" is nonsensical – Mattel is

14   obligated to provide all information in its possession, custody, or control that is

15   responsive to the request.

16   In short, Mattel's objections are uniformly without merit and frivolous.  The

17   Discovery Master should order Mattel to provide a substantive response to Request

18   No. 41 without objection and order Mattel to produce the computers.

19

20   REQUEST FOR PRODUCTION NO. 42:

21   All DOCUMENTS REFLECTING that BRISBOIS and/or MGA used trade

22   secrets stolen from MATTEL for MGA's benefit, as alleged in lines 12-14 on page

23   38 of MATTEL's Supplemental Responses and Objections to MGA's First Set of

24   Interrogatories.

25

26   RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

27   Mattel incorporates by reference the above-stated general objections as if

28   fully set forth herein.  Mattel also specifically objects to this Request on the ground

1    that it is premature because the subject matter of this Request will be the subject of

2    expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

3    limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

4    identify its experts and make related disclosures in accordance with the Court's

5    orders and applicable rules.  Mattel further objects that this Request is premature

6    because Defendants have not complied with their discovery obligations.  They have

7    failed to produce witnesses for deposition and are withholding information and

8    documents requested in violation of orders of the Discovery Master and the Court.

9    Defendants have also refused to produce Brisbois or an MGA Canada

10   representative for deposition or to produce documents on their behalf.  Mattel

11   objects to the use of the term "REFLECTING" as vague, ambiguous, and

12   overbroad.  Mattel further objects to this Request to the extent that it calls for the

13   disclosure of information subject to the attorney-client privilege, the attorney work-

14   product doctrine and other applicable privileges.  Mattel further objects to this

15   Request on the ground and to the extent it seeks trade secret, proprietary or

16   otherwise confidential information of Mattel or third parties.  Any such documents

17   that are produced, if any, will be produced only pursuant to and in reliance upon the

18   Protective Order entered in this case.  Mattel also objects to this Request to the

19   extent it seeks documents that are in the possession, custody and control of a

20   foreign subsidiary of a party.  MGA has objected that such documents are not

21   within the scope of requests to a domestic party.  Mattel further objects to this

22   Request to the extent that it may seek documents already produced by Mattel,

23   including documents stolen by MGA and other defendants.  Such documents will

24   not be produced again.

25          Subject to the foregoing objections, Mattel responds as follows: At a

26   mutually agreeable time and place, Mattel will produce non-privileged documents

27   responsive to this Request, if any, that Mattel has been able to locate after a diligent

28   search and reasonable inquiry, to the extent not previously produced.

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1  FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

2  REQUEST FOR PRODUCTION NO. 42 SHOULD BE COMPELLED AND

3  DOCUMENTS SHOULD BE PRODUCED

4

5       Mattel has agreed to produce responsive documents in its response and has

6  confirmed its agreement to produce documents in various meet and confer

7  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

8  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

9  Moreover, Mattel has ceased communicating with MGA concerning these and all

10  other disputes related to MGA's First Set of Phase 2 Requests for Production of

11  Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

12  responsive documents by a date certain.

13       To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.  As to

15  overbreadth, Mattel provides no explanation, let alone the required particularity, as

16  to *why* these requests are supposedly overly broad, nor can it do so.  This objection

17  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

18  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

19  request is narrowly tailored to seek documents concerning Mattel's claims of trade

20  secret misappropriation and evidence proving MGA's affirmative defenses to those

21  claims.  Finally, the request is only as broad as Mattel's trade secret

22  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

23  were misappropriated, MGA is entitled to seek that information in the form of this

24  request.

25       As to burden, Mattel has not attempted to demonstrate why responding to

26  these requests and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

3   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

4   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

5   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

6   party failed to particularize its basis for the objection); Seff v. General Outdoor

7   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

8   burdensome" objection because value of information to plaintiff clearly outweighed

9   any annoyance or expense involved in disclosure by defendant); Capacchione v.

10  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

11  ("Requiring a responding party to perform extensive research or to compile

12  substantial amounts of data and information does not automatically constitute an

13  undue burden.…  Imposing such a burden is particularly proper where, as here, the

14  information sought is crucial to the ultimate determination of a crucial issue.…").

15  To the extent that there is any burden at all, it is from Mattel's having filed broad-

16  based and unwarranted attacks on MGA's conduct in three countries.  The need for

17  this information to defend against Mattel's claims clearly outweighs any potential

18  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

19  cannot complain that requests are unduly burdensome when the request "merely

20  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

21  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

22  infringed numerous products, Mattel has the right to discover the scope of the

23  alleged claims.  Accordingly, the objections are overruled.").

24       Mattel also makes a number of other improper objections, none of which is

25  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

26  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

27  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

28  with specificity are routinely rejected in the Central District.  See A. Farber and

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1    Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

2    boilerplate objections such as 'overly burdensome and harassing' are improper –

3    especially when a party fails to submit any evidentiary declarations supporting such

4    objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

5    587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

6    tantamount to not making any objection at all").

7         For example, this request does not seek information protected by the

8    attorney-client privilege, the attorney work product doctrine, or any other

9    applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

10   secret theft by former Mattel employees.  Further, Mattel has failed to provide a

11   privilege log, thus waiving this objection as to any allegedly privileged documents.

12        Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

13   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

14   or no requests for discovery are premature at this point…."  Judge Larson agreed,

15   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

16   case at all.").

17        Mattel's expert disclosure objection is also without support.  The fact that

18   expert testimony may ultimately bear on some of the subjects of the request does

19   not excuse Mattel from its obligation to provide full and complete responses based

20   on the information Mattel presently has and to produce those responsive

21   documents.

22        In addition, Mattel's bare assertion that MGA has "failed to produce

23   witnesses for deposition and [is] withholding information and documents requested

24   in violation of orders of the Discovery Master and the Court" is not only

25   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

26   obligation to fully respond to the requests would be unaffected.

27        Also, this request does not seek information violative of any third-party's

28   rights of privacy.  The facts, persons, and documents responsive to this request are

1   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

2   itself previously has argued, any privacy issues are fully addressed by the Protective

3   Order in this case.

4   　　　Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

5   information or documents that are in the possession, custody and control of

6   independent parties over whom Mattel has no control" is nonsensical – Mattel is

7   obligated to provide all information in its possession, custody, or control that is

8   responsive to the request.

9   　　　In short, Mattel's objections are uniformly without merit and frivolous.  The

10   Discovery Master should order Mattel to provide a substantive response to Request

11   No. 42 without objection and order Mattel to produce all documents responsive to

12   this request.

13
14   REQUEST FOR PRODUCTION NO. 43:

15   　　　All DOCUMENTS REFLECTING that any documents allegedly taken by

16   BRISBOIS from MATTEL were given to MGA by BRISBOIS.

17
18   RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

19   　　　Mattel incorporates by reference the above-stated general objections as if

20   fully set forth herein.  Mattel also specifically objects to this Request on the ground

21   that it is premature because the subject matter of this Request will be the subject of

22   expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

23   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

24   identify its experts and make related disclosures in accordance with the Court's

25   orders and applicable rules.  Mattel further objects that this Request is premature

26   because Defendants have not complied with their discovery obligations.  They have

27   failed to produce witnesses for deposition and are withholding information and

28   documents requested in violation of orders of the Discovery Master and the Court.

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1   Defendants have also refused to produce Brisbois or an MGA Canada

2   representative for deposition or to produce documents on their behalf.  Mattel

3   objects to the use of the term "REFLECTING" as vague, ambiguous, and

4   overbroad.  Mattel further objects to this Request to the extent that it calls for the

5   disclosure of information subject to the attorney-client privilege, the attorney work-

6   product doctrine and other applicable privileges.  Mattel further objects to this

7   Request on the ground and to the extent it seeks trade secret, proprietary or

8   otherwise confidential information of Mattel or third parties.  Any such documents

9   that are produced, if any, will be produced only pursuant to and in reliance upon the

10  Protective Order entered in this case.  Mattel also objects to this Request to the

11  extent it seeks documents that are in the possession, custody and control of a

12  foreign subsidiary of a party.  MGA has objected that such documents are not

13  within the scope of requests to a domestic party.  Mattel further objects to this

14  Request to the extent that it may seek documents already produced by Mattel,

15  including documents stolen by MGA and other defendants.  Such documents will

16  not be produced again.

17      Subject to the foregoing objections, Mattel responds as follows: At a

18  mutually agreeable time and place, Mattel will produce the non-privileged

19  documents, if any, that Mattel has been able to locate after a diligent search and

20  reasonable inquiry, to the extent not previously produced that show that Brisbois

21  gave to MGA and its subsidiaries and agents documents stolen from Mattel.

22

23      FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

24      REQUEST FOR PRODUCTION NO. 43 SHOULD BE COMPELLED AND

25      DOCUMENTS SHOULD BE PRODUCED

26

27      Mattel has agreed to produce responsive documents in its response and has

28  confirmed its agreement to produce documents in various meet and confer

1   discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

2   produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

3   Moreover, Mattel has ceased communicating with MGA concerning these and all

4   other disputes related to MGA's First Set of Phase 2 Requests for Production of

5   Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

6   responsive documents by a date certain.

7          To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.  As to

9   overbreadth, Mattel provides no explanation, let alone the required particularity, as

10  to *why* these requests are supposedly overly broad, nor can it do so.  This objection

11  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

12  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

13  request is narrowly tailored to seek documents concerning Mattel's claims of trade

14  secret misappropriation and evidence proving MGA's affirmative defenses to those

15  claims.  Finally, the request is only as broad as Mattel's trade secret

16  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

17  were misappropriated, MGA is entitled to seek that information in the form of this

18  request.

19         As to burden, Mattel has not attempted to demonstrate why responding to

20  these requests and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

25  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

26  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

27  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

28  party failed to particularize its basis for the objection); Seff v. General Outdoor

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

2   burdensome" objection because value of information to plaintiff clearly outweighed

3   any annoyance or expense involved in disclosure by defendant); Capacchione v.

4   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

5   ("Requiring a responding party to perform extensive research or to compile

6   substantial amounts of data and information does not automatically constitute an

7   undue burden….  Imposing such a burden is particularly proper where, as here, the

8   information sought is crucial to the ultimate determination of a crucial issue….").

9   To the extent that there is any burden at all, it is from Mattel's having filed broad-

10  based and unwarranted attacks on MGA's conduct in three countries.  The need for

11  this information to defend against Mattel's claims clearly outweighs any potential

12  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

13  cannot complain that requests are unduly burdensome when the request "merely

14  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

15  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

16  infringed numerous products, Mattel has the right to discover the scope of the

17  alleged claims.  Accordingly, the objections are overruled.").

18       Mattel also makes a number of other improper objections, none of which is

19  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

20  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

21  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

22  with specificity are routinely rejected in the Central District.  See A. Farber and

23  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

24  boilerplate objections such as 'overly burdensome and harassing' are improper –

25  especially when a party fails to submit any evidentiary declarations supporting such

26  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

27  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

28  tantamount to not making any objection at all").

1    For example, this request does not seek information protected by the

2   attorney-client privilege, the attorney work product doctrine, or any other

3   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

4   secret theft by former Mattel employees.  Further, Mattel has failed to provide a

5   privilege log, thus waiving this objection as to any allegedly privileged documents.

6    Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

7   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

8   or no requests for discovery are premature at this point…."  Judge Larson agreed,

9   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

10  case at all.").

11   Mattel's expert disclosure objection is also without support.  The fact that

12  expert testimony may ultimately bear on some of the subjects of the request does

13  not excuse Mattel from its obligation to provide full and complete responses based

14  on the information Mattel presently has and to produce those responsive

15  documents.

16   In addition, Mattel's bare assertion that MGA has "failed to produce

17  witnesses for deposition and [is] withholding information and documents requested

18  in violation of orders of the Discovery Master and the Court" is not only

19  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

20  obligation to fully respond to the requests would be unaffected.

21   Also, this request does not seek information violative of any third-party's

22  rights of privacy.  The facts, persons, and documents responsive to this request are

23  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

24  itself previously has argued, any privacy issues are fully addressed by the Protective

25  Order in this case.

26   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

27  information or documents that are in the possession, custody and control of

28  independent parties over whom Mattel has no control" is nonsensical – Mattel is

1   obligated to provide all information in its possession, custody, or control that is

2   responsive to the request.

3          In short, Mattel's objections are uniformly without merit and frivolous.  The

4   Discovery Master should order Mattel to provide a substantive response to Request

5   No. 43 without objection and order Mattel to produce all documents responsive to

6   this request.

7

8          REQUEST FOR PRODUCTION NO. 44:

9          All DOCUMENTS REFLECTING that any documents allegedly taken by

10  BRISBOIS from MATTEL were given to MGA HK by BRISBOIS.

11

12         RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

13         Mattel incorporates by reference the above-stated general objections as if

14  fully set forth herein.  Mattel also specifically objects to this Request on the ground

15  that it is premature because the subject matter of this Request will be the subject of

16  expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

17  limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

18  identify its experts and make related disclosures in accordance with the Court's

19  orders and applicable rules.  Mattel further objects that this Request is premature

20  because Defendants have not complied with their discovery obligations.  They have

21  failed to produce witnesses for deposition and are withholding information and

22  documents requested in violation of orders of the Discovery Master and the Court.

23  Defendants have also refused to produce Brisbois or an MGA Canada

24  representative for deposition or to produce documents on their behalf.  Mattel

25  objects to the use of the term "REFLECTING" as vague, ambiguous, and

26  overbroad.  Mattel further objects to this Request to the extent that it calls for the

27  disclosure of information subject to the attorney-client privilege, the attorney work-

28  product doctrine and other applicable privileges.  Mattel further objects to this

1   Request on the ground and to the extent it seeks trade secret, proprietary or

2   otherwise confidential information of Mattel or third parties.  Any such documents

3   that are produced, if any, will be produced only pursuant to and in reliance upon the

4   Protective Order entered in this case.  Mattel also objects to this Request to the

5   extent it seeks documents that are in the possession, custody and control of a

6   foreign subsidiary of a party.  MGA has objected that such documents are not

7   within the scope of requests to a domestic party.  Mattel further objects to this

8   Request to the extent that it may seek documents already produced by Mattel,

9   including documents stolen by MGA and other defendants.  Such documents will

10  not be produced again.

11          Subject to the foregoing objections, Mattel responds as follows: At a

12  mutually agreeable time and place, Mattel will produce the non-privileged

13  documents, if any, that Mattel has been able to locate after a diligent search and

14  reasonable inquiry, to the extent not previously produced that show that Brisbois

15  gave to MGA and its subsidiaries and agents documents stolen from Mattel.

16

17      <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

18      <u>REQUEST FOR PRODUCTION NO. 44 SHOULD BE COMPELLED AND</u>

19      <u>DOCUMENTS SHOULD BE PRODUCED</u>

20

21          Mattel has agreed to produce responsive documents in its response and has

22  confirmed its agreement to produce documents in various meet and confer

23  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

24  produced a single responsive document to this request.  <u>Id.</u>; Chaudoir Decl., ¶ 9.

25  Moreover, Mattel has ceased communicating with MGA concerning these and all

26  other disputes related to MGA's First Set of Phase 2 Requests for Production of

27  Documents and Things (Nos. 1-68).  <u>Id.</u>  Mattel must be compelled to produce

28  responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims.  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an

- 203 -

1    undue burden…. Imposing such a burden is particularly proper where, as here, the

2    information sought is crucial to the ultimate determination of a crucial issue….").

3    To the extent that there is any burden at all, it is from Mattel's having filed broad-

4    based and unwarranted attacks on MGA's conduct in three countries.  The need for

5    this information to defend against Mattel's claims clearly outweighs any potential

6    burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

7    cannot complain that requests are unduly burdensome when the request "merely

8    seeks information regarding the extent of" a party's claim.  Order No. 17, dated

9    April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

10   infringed numerous products, Mattel has the right to discover the scope of the

11   alleged claims.  Accordingly, the objections are overruled.").

12       Mattel also makes a number of other improper objections, none of which is

13   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

14   to part of a request must specify the part and permit inspection of the rest."  Fed. R.

15   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

16   with specificity are routinely rejected in the Central District.  See A. Farber and

17   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

18   boilerplate objections such as 'overly burdensome and harassing' are improper –

19   especially when a party fails to submit any evidentiary declarations supporting such

20   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

21   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

22   tantamount to not making any objection at all").

23       For example, this request does not seek information protected by the

24   attorney-client privilege, the attorney work product doctrine, or any other

25   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

26   secret theft by former Mattel employees.  Further, Mattel has failed to provide a

27   privilege log, thus waiving this objection as to any allegedly privileged documents.

28       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

1   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

2   or no requests for discovery are premature at this point…." Judge Larson agreed,

3   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

4   case at all.").

5          Mattel's expert disclosure objection is also without support. The fact that

6   expert testimony may ultimately bear on some of the subjects of the request does

7   not excuse Mattel from its obligation to provide full and complete responses based

8   on the information Mattel presently has and to produce those responsive

9   documents.

10          In addition, Mattel's bare assertion that MGA has "failed to produce

11  witnesses for deposition and [is] withholding information and documents requested

12  in violation of orders of the Discovery Master and the Court" is not only

13  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

14  obligation to fully respond to the requests would be unaffected.

15          Also, this request does not seek information violative of any third-party's

16  rights of privacy. The facts, persons, and documents responsive to this request are

17  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

18  itself previously has argued, any privacy issues are fully addressed by the Protective

19  Order in this case.

20          Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

21  information or documents that are in the possession, custody and control of

22  independent parties over whom Mattel has no control" is nonsensical – Mattel is

23  obligated to provide all information in its possession, custody, or control that is

24  responsive to the request.

25          In short, Mattel's objections are uniformly without merit and frivolous. The

26  Discovery Master should order Mattel to provide a substantive response to Request

27  No. 44 without objection and order Mattel to produce all documents responsive to

28  this request.

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1

<u>REQUEST FOR PRODUCTION NO. 45:</u>

2

3

All DOCUMENTS REFLECTING that any documents allegedly taken by

4

BRISBOIS from MATTEL were given to MGA MEXICO by BRISBOIS.

5

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 45:</u>

6

7

Mattel incorporates by reference the above-stated general objections as if

8

fully set forth herein.  Mattel also specifically objects to this Request on the ground

9

that it is premature because the subject matter of this Request will be the subject of

10

expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

11

limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

12

identify its experts and make related disclosures in accordance with the Court's

13

orders and applicable rules.  Mattel further objects that this Request is premature

14

because Defendants have not complied with their discovery obligations.  They have

15

failed to produce witnesses for deposition and are withholding information and

16

documents requested in violation of orders of the Discovery Master and the Court.

17

Defendants have also refused to produce Brisbois or an MGA Canada

18

representative for deposition or to produce documents on their behalf.  Mattel

19

objects to the use of the term "REFLECTING" as vague, ambiguous, and

20

overbroad.  Mattel further objects to this Request to the extent that it calls for the

21

disclosure of information subject to the attorney-client privilege, the attorney work-

22

product doctrine and other applicable privileges.  Mattel further objects to this

23

Request on the ground and to the extent it seeks trade secret, proprietary or

24

otherwise confidential information of Mattel or third parties.  Any such documents

25

that are produced, if any, will be produced only pursuant to and in reliance upon the

26

Protective Order entered in this case.  Mattel also objects to this Request to the

27

extent it seeks documents that are in the possession, custody and control of a

28

foreign subsidiary of a party.  MGA has objected that such documents are not

1    within the scope of requests to a domestic party.  Mattel further objects to this

2    Request to the extent that it may seek documents already produced by Mattel,

3    including documents stolen by MGA and other defendants.  Such documents will

4    not be produced again.

5         Subject to the foregoing objections, Mattel responds as follows: At a

6    mutually agreeable time and place, Mattel will produce the non-privileged

7    documents, if any, that Mattel has been able to locate after a diligent search and

8    reasonable inquiry, to the extent not previously produced that show that Brisbois

9    gave to MGA and its subsidiaries and agents documents stolen from Mattel.

10

11        FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

12        REQUEST FOR PRODUCTION NO. 45 SHOULD BE COMPELLED AND

13        DOCUMENTS SHOULD BE PRODUCED

14

15        Mattel has agreed to produce responsive documents in its response and has

16   confirmed its agreement to produce documents in various meet and confer

17   discussions with MGA.  Mankey Decl.", ¶ 4, 5.  To date, however, Mattel has not

18   produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

19   Moreover, Mattel has ceased communicating with MGA concerning these and all

20   other disputes related to MGA's First Set of Phase 2 Requests for Production of

21   Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

22   responsive documents by a date certain.

23        To the extent that Mattel is relying on its blanket objections, they are not

24   sustainable and do not justify Mattel's failure to produce documents.  As to

25   overbreadth, Mattel provides no explanation, let alone the required particularity, as

26   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

27   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

28   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

1  request is narrowly tailored to seek documents concerning Mattel's claims of trade

2  secret misappropriation and evidence proving MGA's affirmative defenses to those

3  claims.  Finally, the request is only as broad as Mattel's trade secret

4  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

5  were misappropriated, MGA is entitled to seek that information in the form of this

6  request.

7        As to burden, Mattel has not attempted to demonstrate why responding to

8  these requests and/or producing responsive documents presents any burden.  This

9  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

13  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

14  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

15  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

16  party failed to particularize its basis for the objection); Seff v. General Outdoor

17  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

18  burdensome" objection because value of information to plaintiff clearly outweighed

19  any annoyance or expense involved in disclosure by defendant); Capacchione v.

20  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

21  ("Requiring a responding party to perform extensive research or to compile

22  substantial amounts of data and information does not automatically constitute an

23  undue burden….  Imposing such a burden is particularly proper where, as here, the

24  information sought is crucial to the ultimate determination of a crucial issue….").

25  To the extent that there is any burden at all, it is from Mattel's having filed broad-

26  based and unwarranted attacks on MGA's conduct in three countries.  The need for

27  this information to defend against Mattel's claims clearly outweighs any potential

28  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

1   cannot complain that requests are unduly burdensome when the request "merely

2   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

3   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

4   infringed numerous products, Mattel has the right to discover the scope of the

5   alleged claims.  Accordingly, the objections are overruled.").

6        Mattel also makes a number of other improper objections, none of which is

7   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

8   to part of a request must specify the part and permit inspection of the rest."  Fed. R.

9   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

10  with specificity are routinely rejected in the Central District.  See A. Farber and

11  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

12  boilerplate objections such as 'overly burdensome and harassing' are improper –

13  especially when a party fails to submit any evidentiary declarations supporting such

14  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

15  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

16  tantamount to not making any objection at all").

17       For example, this request does not seek information protected by the

18  attorney-client privilege, the attorney work product doctrine, or any other

19  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

20  secret theft by former Mattel employees.  Further, Mattel has failed to provide a

21  privilege log, thus waiving this objection as to any allegedly privileged documents.

22       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

23  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

24  or no requests for discovery are premature at this point…."  Judge Larson agreed,

25  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

26  case at all.").

27       Mattel's expert disclosure objection is also without support.  The fact that

28  expert testimony may ultimately bear on some of the subjects of the request does

1    not excuse Mattel from its obligation to provide full and complete responses based

2    on the information Mattel presently has and to produce those responsive

3    documents.

4         In addition, Mattel's bare assertion that MGA has "failed to produce

5    witnesses for deposition and [is] withholding information and documents requested

6    in violation of orders of the Discovery Master and the Court" is not only

7    unsupported and false, but immaterial – if this were true (and it is not), Mattel's

8    obligation to fully respond to the requests would be unaffected.

9         Also, this request does not seek information violative of any third-party's

10   rights of privacy.  The facts, persons, and documents responsive to this request are

11   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

12   itself previously has argued, any privacy issues are fully addressed by the Protective

13   Order in this case.

14        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

15   information or documents that are in the possession, custody and control of

16   independent parties over whom Mattel has no control" is nonsensical – Mattel is

17   obligated to provide all information in its possession, custody, or control that is

18   responsive to the request.

19        In short, Mattel's objections are uniformly without merit and frivolous.  The

20   Discovery Master should order Mattel to provide a substantive response to Request

21   No. 45 without objection and order Mattel to produce all documents responsive to

22   this request.

23   REQUEST FOR PRODUCTION NO. 46:

24

25        All DOCUMENTS REFLECTING that any documents allegedly taken by

26   BRISBOIS from MATTEL were given to LARIAN by BRISBOIS.

27

28

1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

2

3        Mattel incorporates by reference the above-stated general objections as if

4   fully set forth herein.  Mattel also specifically objects to this Request on the ground

    that it is premature because the subject matter of this Request will be the subject of

5   expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

6   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

7   identify its experts and make related disclosures in accordance with the Court's

8   orders and applicable rules.  Mattel further objects that this Request is premature

9   because Defendants have not complied with their discovery obligations.  They have

10  failed to produce witnesses for deposition and are withholding information and

11  documents requested in violation of orders of the Discovery Master and the Court.

12  Defendants have also refused to produce Brisbois or an MGA Canada

13  representative for deposition or to produce documents on their behalf.  Mattel

14  objects to the use of the term "REFLECTING" as vague, ambiguous, and

15  overbroad.  Mattel further objects to this Request to the extent that it calls for the

16  disclosure of information subject to the attorney-client privilege, the attorney work-

17  product doctrine and other applicable privileges.  Mattel further objects to this

18  Request on the ground and to the extent it seeks trade secret, proprietary or

19  otherwise confidential information of Mattel or third parties.  Any such documents

20  that are produced, if any, will be produced only pursuant to and in reliance upon the

21  Protective Order entered in this case.  Mattel also objects to this Request to the

22  extent it seeks documents that are in the possession, custody and control of a

23  foreign subsidiary of a party.  MGA has objected that such documents are not

24  within the scope of requests to a domestic party.  Mattel further objects to this

25  Request to the extent that it may seek documents already produced by Mattel,

26  including documents stolen by MGA and other defendants.  Such documents will

27  not be produced again.

28

1         Subject to the foregoing objections, Mattel responds as follows: At a

2   mutually agreeable time and place, Mattel will produce the non-privileged

3   documents, if any, that Mattel has been able to locate after a diligent search and

4   reasonable inquiry, to the extent not previously produced that show that Brisbois

5   gave to MGA and its subsidiaries and agents documents stolen from Mattel.

6

7         <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

8         <u>REQUEST FOR PRODUCTION NO. 46 SHOULD BE COMPELLED AND</u>

9         <u>DOCUMENTS SHOULD BE PRODUCED</u>

10

11         Mattel has agreed to produce responsive documents in its response and has

12   confirmed its agreement to produce documents in various meet and confer

13   discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

14   produced a single responsive document to this request.  <u>Id</u>.; Chaudoir Decl., ¶ 9.

15   Moreover, Mattel has ceased communicating with MGA concerning these and all

16   other disputes related to MGA's First Set of Phase 2 Requests for Production of

17   Documents and Things (Nos. 1-68).  <u>Id</u>.  Mattel must be compelled to produce

18   responsive documents by a date certain.

19         To the extent that Mattel is relying on its blanket objections, they are not

20   sustainable and do not justify Mattel's failure to produce documents.  As to

21   overbreadth, Mattel provides no explanation, let alone the required particularity, as

22   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

23   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

24   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

25   request is narrowly tailored to seek documents concerning Mattel's claims of trade

26   secret misappropriation and evidence proving MGA's affirmative defenses to those

27   claims.  Finally, the request is only as broad as Mattel's trade secret

28   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1    were misappropriated, MGA is entitled to seek that information in the form of this

2    request.

3           As to burden, Mattel has not attempted to demonstrate why responding to

4    these requests and/or producing responsive documents presents any burden.  This

5    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7    request is unduly burdensome must allege specific facts which indicate the nature

8    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

9    Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

10   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

11   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

12   party failed to particularize its basis for the objection); Seff v. General Outdoor

13   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

14   burdensome" objection because value of information to plaintiff clearly outweighed

15   any annoyance or expense involved in disclosure by defendant); Capacchione v.

16   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

17   ("Requiring a responding party to perform extensive research or to compile

18   substantial amounts of data and information does not automatically constitute an

19   undue burden….  Imposing such a burden is particularly proper where, as here, the

20   information sought is crucial to the ultimate determination of a crucial issue….").

21   To the extent that there is any burden at all, it is from Mattel's having filed broad-

22   based and unwarranted attacks on MGA's conduct in three countries.  The need for

23   this information to defend against Mattel's claims clearly outweighs any potential

24   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

25   cannot complain that requests are unduly burdensome when the request "merely

26   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

27   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

28   infringed numerous products, Mattel has the right to discover the scope of the

1    alleged claims.  Accordingly, the objections are overruled.").

2          Mattel also makes a number of other improper objections, none of which is

3    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

4    to part of a request must specify the part and permit inspection of the rest."  Fed. R.

5    Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

6    with specificity are routinely rejected in the Central District.  See A. Farber and

7    Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

8    boilerplate objections such as 'overly burdensome and harassing' are improper –

9    especially when a party fails to submit any evidentiary declarations supporting such

10   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

11   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

12   tantamount to not making any objection at all").

13         For example, this request does not seek information protected by the

14   attorney-client privilege, the attorney work product doctrine, or any other

15   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

16   secret theft by former Mattel employees.  Further, Mattel has failed to provide a

17   privilege log, thus waiving this objection as to any allegedly privileged documents.

18         Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

19   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

20   or no requests for discovery are premature at this point…."  Judge Larson agreed,

21   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

22   case at all.").

23         Mattel's expert disclosure objection is also without support.  The fact that

24   expert testimony may ultimately bear on some of the subjects of the request does

25   not excuse Mattel from its obligation to provide full and complete responses based

26   on the information Mattel presently has and to produce those responsive

27   documents.

28         In addition, Mattel's bare assertion that MGA has "failed to produce

witnesses for deposition and [is] withholding information and documents requested
in violation of orders of the Discovery Master and the Court" is not only
unsupported and false, but immaterial – if this were true (and it is not), Mattel's
obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's
rights of privacy.  The facts, persons, and documents responsive to this request are
in the possession, custody, control, or knowledge of Mattel itself, and as Mattel
itself previously has argued, any privacy issues are fully addressed by the Protective
Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of
information or documents that are in the possession, custody and control of
independent parties over whom Mattel has no control" is nonsensical – Mattel is
obligated to provide all information in its possession, custody, or control that is
responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The
Discovery Master should order Mattel to provide a substantive response to Request
No. 46 without objection and order Mattel to produce all documents responsive to
this request.

REQUEST FOR PRODUCTION NO. 47:

DOCUMENTS sufficient to identify any computers assigned by MATTEL to
BRISBOIS for use during her employment with MATTEL.

RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Mattel incorporates by reference the above-stated general objections as if
fully set forth herein.  Mattel also specifically objects to this Request on the ground
that it is premature because the subject matter of this Request will be the subject of

1    expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

2    limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

3    identify its experts and make related disclosures in accordance with the Court's

4    orders and applicable rules.  Mattel further objects that this Request is premature

5    because Defendants have not complied with their discovery obligations.  They have

6    failed to produce witnesses for deposition and are withholding information and

7    documents requested in violation of orders of the Discovery Master and the Court.

8    Defendants have also refused to produce Brisbois or an MGA Canada

9    representative for deposition or to produce documents on their behalf.  Mattel also

10   objects to this Request to the extent that it seeks information not relevant to the

11   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

12   admissible evidence.  Mattel further objects to this Request to the extent that it calls

13   for the disclosure of information subject to the attorney-client privilege, the

14   attorney work-product doctrine and other applicable privileges.  Mattel also objects

15   to this Request to the extent it seeks documents that are in the possession, custody

16   and control of a foreign subsidiary of a party.  MGA has objected that such

17   documents are not within the scope of requests to a domestic party.  Mattel further

18   objects to this Request to the extent that it may seek documents already produced

19   by Mattel, including documents stolen by MGA and other defendants.  Such

20   documents will not be produced again.

21        Subject to the foregoing objections, Mattel responds as follows: At a

22   mutually agreeable time and place, Mattel will produce non-privileged documents,

23   if any, that Mattel has been able to locate after a diligent search and reasonable

24   inquiry, to the extent not previously produced, that are sufficient to identify the

25   personal computer assigned to Brisbois at the time that she resigned.

26

27

28

1    <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

2    <u>REQUEST FOR PRODUCTION NO. 47 SHOULD BE COMPELLED AND</u>

3    <u>DOCUMENTS SHOULD BE PRODUCED</u>

4

5         As set forth in MGA's Memorandum of Points and Authorities in Support of

6    its motion to Compel, Mattel had agreed to produce documents sufficient to

7    identify the personal computer assigned to Vargas at the time he resigned from

8    Mattel but has failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Mattel

9    also took the unreasonable position that any other computers assigned to Vargas are

10   not relevant to the pending litigation because Mattel is not claiming Vargas took

11   and gave to MGA any Mattel trade secrets from any other computer.  Mankey

12   Decl., Ex. D.

13        First, Mattel has failed to produce even the documents it has agreed to

14   produce that are responsive to this request.  Instead, Mattel has ceased

15   communicating with MGA concerning these and all other disputes related to

16   MGA's First Set of Phase 2 Requests for Production of Documents and Things

17   (Nos. 1-68).  For example, MGA provided Mattel with a proposed protocol for the

18   imaging and production of documents from the hard drive contained in the

19   computer that Mattel agreed to produce on July 16, 2009 and Mattel has ignored

20   that proposal.

21        Second, Mattel's assertion that other Brisbois computers are not relevant is

22   without merit.  MGA is entitled to any information in Mattel's custody or control

23   that may lead to the discovery of admissible evidence.  Information on Brisbois'

24   other Mattel computers falls squarely within this standard.  Among other reasons,

25   computers that Mattel assigned to Brisbois other than the single computer it is

26   willing to produce will lead to admissible evidence concerning Mattel's own use of

27   purported trade secrets and forms created by other companies, which Brisbois

28   and/or others may have lawfully taken from their prior employment, including

1  forms, contact lists, price points, etc.  Likewise, the other computers may reveal

2  that Mattel fails to make any effort to protect the information it is claiming are trade

3  secrets.  Thus, the other computers contain information likely to lead to admissible

4  evidence and must be produced.

5        Finally, Mattel's remaining objections are generic, inapplicable and fail to

6  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

7  Mattel provides no explanation, let alone the required particularity, as to ***why*** these

8  requests are supposedly overly broad, nor can it do so.  This objection is therefore

9  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not

10  stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

11  narrowly tailored to seek documents concerning Mattel's claims of trade secret

12  misappropriation and evidence proving MGA's affirmative defenses to those

13  claims.  Finally, the request is only as broad as Mattel's trade secret

14  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

15  were misappropriated, MGA is entitled to seek that information in the form of this

16  request.

17        As to burden, Mattel has not attempted to demonstrate why responding to

18  these requests and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

20  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

23  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

24  at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D.

25  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

26  party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

27  <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

28  burdensome" objection because value of information to plaintiff clearly outweighed

1   any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

2   <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

3   ("Requiring a responding party to perform extensive research or to compile

4   substantial amounts of data and information does not automatically constitute an

5   undue burden…. Imposing such a burden is particularly proper where, as here, the

6   information sought is crucial to the ultimate determination of a crucial issue….").

7   To the extent that there is any burden at all, it is from Mattel's having filed broad-

8   based and unwarranted attacks on MGA's conduct in three countries. The need for

9   this information to defend against Mattel's claims clearly outweighs any potential

10  burden to Mattel. Indeed, the Discovery Master has already ruled that a party

11  cannot complain that requests are unduly burdensome when the request "merely

12  seeks information regarding the extent of" a party's claim. Order No. 17, dated

13  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

14  infringed numerous products, Mattel has the right to discover the scope of the

15  alleged claims. Accordingly, the objections are overruled.").

16       Mattel also makes a number of other improper objections, none of which is

17  substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

18  to part of a request must specify the part and permit inspection of the rest." Fed. R.

19  Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

20  with specificity are routinely rejected in the Central District. <u>See</u> <u>A. Farber and</u>

21  <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

22  boilerplate objections such as 'overly burdensome and harassing' are improper –

23  especially when a party fails to submit any evidentiary declarations supporting such

24  objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

25  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

26  tantamount to not making any objection at all").

27       For example, this request does not seek information protected by the

28  attorney-client privilege, the attorney work product doctrine, or any other

1   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

2   secret theft by Brisbois.  Further, Mattel has failed to provide a privilege log, thus

3   waiving this objection as to any allegedly privileged documents.

4         Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

5   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

6   or no requests for discovery are premature at this point…."  Judge Larson agreed,

7   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

8   case at all.").

9         Mattel's expert disclosure objection is also without support.  The fact that

10   expert testimony may ultimately bear on some of the subjects of the request does

11   not excuse Mattel from its obligation to provide full and complete responses based

12   on the information Mattel presently has and to produce those responsive

13   documents.

14         In addition, Mattel's bare assertion that MGA has "failed to produce

15   witnesses for deposition and [is] withholding information and documents requested

16   in violation of orders of the Discovery Master and the Court" is not only

17   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

18   obligation to fully respond to the requests would be unaffected.

19         Also, this request does not seek information violative of any third-party's

20   rights of privacy.  The facts, persons, and documents responsive to this request are

21   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

22   itself previously has argued, any privacy issues are fully addressed by the Protective

23   Order in this case.

24         Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

25   information or documents that are in the possession, custody and control of

26   independent parties over whom Mattel has no control" is nonsensical – Mattel is

27   obligated to provide all information in its possession, custody, or control that is

28   responsive to the request.

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1    In short, Mattel's objections are uniformly without merit and frivolous.  The

2    Discovery Master should order Mattel to provide a substantive response to Request

3    No. 47 without objection and order Mattel to produce all documents responsive to

4    this request.

5

6    REQUEST FOR PRODUCTION NO. 48:

7

8    The hard drive(s) or any mirror image thereof (including but not limited to

9    any mirror image on any server or storage device) from any and all computers

10   assigned by MATTEL to BRISBOIS for use during the last year of her employment

11   with MATTEL.

12

13   RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

14   Mattel incorporates by reference the above-stated general objections as if

15   fully set forth herein.  Mattel further objects that this Request is premature because

16   Defendants have not complied with their discovery obligations.  They have failed to

17   produce witnesses for deposition and are withholding information and documents

18   requested in violation of orders of the Discovery Master and the Court.  Defendants

19   have also refused to produce Brisbois or an MGA Canada representative for

20   deposition or to produce documents on their behalf.  Defendants also refuse to

21   produce hard drives or mirror images thereof to Mattel.  Mattel also objects to this

22   Request to the extent that it seeks information not relevant to the subject matter of

23   this lawsuit or reasonably calculated to lead to the discovery of admissible

24   evidence.  Mattel further objects that this Request is vague and ambiguous.  Mattel

25   further objects to the Request on the grounds that it seeks documents that are not

26   relevant to this action or likely to lead to the discovery of admissible evidence.

27   Mattel further objects to this Request on the grounds that it seeks confidential,

28   proprietary and trade secret information, including such information that has no

1    bearing on the claims or defenses in this case.  Mattel also objects to this Request to

2    the extent it seeks documents that are in the possession, custody and control of a

3    foreign subsidiary of a party.  MGA has objected that such documents are not

4    within the scope of requests to a domestic party.

5

6    <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

7    <u>REQUEST FOR PRODUCTION NO. 48 SHOULD BE COMPELLED AND</u>

8    <u>DOCUMENTS SHOULD BE PRODUCED</u>

9

10        As with the above, Mattel had agreed to produce the hard drive of the

11   personal computer assigned to Trueba at the time she resigned from Mattel but has

12   failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Instead, Mattel has

13   ceased communicating with MGA concerning this and all other disputes related to

14   MGA's First Set of Phase 2 Requests for Production of Documents and Things

15   (Nos. 1-68).  Chaudoir Decl., ¶ 9.  To foster the production of the hard drive, MGA

16   provided Mattel with a proposed protocol for the imaging and production of

17   documents from the hard drive contained in the computer that Mattel agreed to

18   produce on July 16, 2009.  <u>Id</u>., Ex. 4.  As with MGA's efforts to meet and confer on

19   the response themselves, Mattel has ignored that proposal.

20        Second, Mattel's assertion that other Brisbois computers are not relevant is

21   without merit.  MGA is entitled to any information in Mattel's custody or control

22   that may lead to the discovery of admissible evidence.  Information on Brisbois'

23   other Mattel computers that may have been assigned to her within the last year of

24   his employment falls squarely within this standard.  Among other reasons,

25   computers that Mattel assigned to Brisbois other than the single computer it is

26   willing to produce will lead to admissible evidence concerning Mattel's own use of

27   purported trade secrets and forms created by other companies, which Brisbois

28   and/or others could have lawfully taken from their prior employment, including

1  forms, contact lists, price points, etc.  Likewise, the other computers may reveal

2  that Mattel fails to make any effort to protect the information it is claiming are trade

3  secrets.  Thus, the other computers contain information likely to lead to admissible

4  evidence and must be produced.

5  Finally, Mattel's remaining objections are generic, inapplicable and fail to

6  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

7  Mattel provides no explanation, let alone the required particularity, as to **why** these

8  requests are supposedly overly broad, nor can it do so.  This objection is therefore

9  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not

10  stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

11  narrowly tailored to seek documents concerning Mattel's claims of trade secret

12  misappropriation and evidence proving MGA's affirmative defenses to those

13  claims.  Finally, the request is only as broad as Mattel's trade secret

14  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

15  were misappropriated, MGA is entitled to seek that information in the form of this

16  request.

17  As to burden, Mattel has not attempted to demonstrate why responding to

18  these requests and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

23  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

24  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

25  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

26  party failed to particularize its basis for the objection); Seff v. General Outdoor

27  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

28  burdensome" objection because value of information to plaintiff clearly outweighed

1    any annoyance or expense involved in disclosure by defendant); Capacchione v.

2    Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

3    ("Requiring a responding party to perform extensive research or to compile

4    substantial amounts of data and information does not automatically constitute an

5    undue burden…. Imposing such a burden is particularly proper where, as here, the

6    information sought is crucial to the ultimate determination of a crucial issue….").

7    To the extent that there is any burden at all, it is from Mattel's having filed broad-

8    based and unwarranted attacks on MGA's conduct in three countries. The need for

9    this information to defend against Mattel's claims clearly outweighs any potential

10   burden to Mattel. Indeed, the Discovery Master has already ruled that a party

11   cannot complain that requests are unduly burdensome when the request "merely

12   seeks information regarding the extent of" a party's claim. Order No. 17, dated

13   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

14   infringed numerous products, Mattel has the right to discover the scope of the

15   alleged claims. Accordingly, the objections are overruled.").

16        Mattel also makes a number of other improper objections, none of which is

17   substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

18   to part of a request must specify the part and permit inspection of the rest." Fed. R.

19   Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

20   with specificity are routinely rejected in the Central District. See A. Farber and

21   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

22   boilerplate objections such as 'overly burdensome and harassing' are improper –

23   especially when a party fails to submit any evidentiary declarations supporting such

24   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

25   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

26   tantamount to not making any objection at all").

27        For example, this request does not seek information protected by the

28   attorney-client privilege, the attorney work product doctrine, or any other

1    applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

2    secret theft by Brisbois.  Further, Mattel has failed to provide a privilege log, thus

3    waiving this objection as to any allegedly privileged documents.

4         Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

5    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

6    or no requests for discovery are premature at this point…."  Judge Larson agreed,

7    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

8    case at all.").

9         Mattel's expert disclosure objection is also without support.  The fact that

10   expert testimony may ultimately bear on some of the subjects of the request does

11   not excuse Mattel from its obligation to provide full and complete responses based

12   on the information Mattel presently has and to produce those responsive

13   documents.

14        In addition, Mattel's bare assertion that MGA has "failed to produce

15   witnesses for deposition and [is] withholding information and documents requested

16   in violation of orders of the Discovery Master and the Court" is not only

17   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

18   obligation to fully respond to the requests would be unaffected.

19        Also, this request does not seek information violative of any third-party's

20   rights of privacy.  The facts, persons, and documents responsive to this request are

21   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

22   itself previously has argued, any privacy issues are fully addressed by the Protective

23   Order in this case.

24        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

25   information or documents that are in the possession, custody and control of

26   independent parties over whom Mattel has no control" is nonsensical – Mattel is

27   obligated to provide all information in its possession, custody, or control that is

28   responsive to the request.

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1    In short, Mattel's objections are uniformly without merit and frivolous.  The

2    Discovery Master should order Mattel to provide a substantive response to Request

3    No. 48 without objection and order Mattel to produce the computers.

4

5    REQUEST FOR PRODUCTION NO. 49:

6

7    DOCUMENTS sufficient to identify any computers assigned by MATTEL to

     CASTILLA for use during his employment with MATTEL.

8    RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

9

10   Mattel incorporates by reference the above-stated general objections as if

11   fully set forth herein.  Mattel also specifically objects to this Request on the ground

12   that it is premature because the subject matter of this Request will be the subject of

13   expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

14   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

15   identify its experts and make related disclosures in accordance with the Court's

16   orders and applicable rules.  Mattel further objects that this Request is premature

17   because Defendants have not complied with their discovery obligations.  They have

18   failed to produce witnesses for deposition and are withholding information and

19   documents requested in violation of orders of the Discovery Master and the Court.

20   Mattel also objects to this Request to the extent that it seeks information not

21   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22   discovery of admissible evidence.  Mattel further objects to this Request to the

23   extent that it calls for the disclosure of information subject to the attorney-client

24   privilege, the attorney work-product doctrine and other applicable privileges.

25   Mattel further objects to this Request to the extent that it may seek documents

26   already produced by Mattel, including documents stolen by MGA and other

27   defendants.  Such documents will not be produced again.

28

1    Subject to the foregoing objections, Mattel responds as follows: At a

2    mutually agreeable time and place, Mattel will produce non-privileged documents,

3    if any, that Mattel has been able to locate after a diligent search and reasonable

4    inquiry, to the extent not previously produced, that identify the personal computer

5    assigned to Castilla at the time that he resigned.

6

7    FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

8    REQUEST FOR PRODUCTION NO. 49 SHOULD BE COMPELLED AND

9    DOCUMENTS SHOULD BE PRODUCED

10

11    As set forth in MGA's Memorandum of Points and Authorities in Support of

12    its motion to Compel, Mattel had agreed to produce documents sufficient to

13    identify the personal computer assigned to Vargas at the time he resigned from

14    Mattel but has failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Mattel

15    also took the unreasonable position that any other computers assigned to Vargas are

16    not relevant to the pending litigation because Mattel is not claiming Vargas took

17    and gave to MGA any Mattel trade secrets from any other computer.  Mankey

18    Decl., Ex. D.

19    First, Mattel has failed to produce even the documents it has agreed to

20    produce that are responsive to this request.  Instead,  Mattel has ceased

21    communicating with MGA concerning these and all other disputes related to

22    MGA's First Set of Phase 2 Requests for Production of Documents and Things

23    (Nos. 1-68).  For example, MGA provided Mattel with a proposed protocol for the

24    imaging and production of documents from the hard drive contained in the

25    computer that Mattel agreed to produce on July 16, 2009 and Mattel has ignored

26    that proposal.

27    Second, Mattel's assertion that other Castilla computers are not relevant is

28    without merit.  MGA is entitled to any information in Mattel's custody or control

1   that may lead to the discovery of admissible evidence.  Information on Castilla's

2   other Mattel computers falls squarely within this standard.  Among other reasons,

3   computers that Mattel assigned to Castilla other than the single computer it is

4   willing to produce will lead to admissible evidence concerning Mattel's own use of

5   purported trade secrets and forms created by other companies, which Castilla and/or

6   others may have lawfully taken from their prior employment, including forms,

7   contact lists, price points, etc.  Likewise, the other computers may reveal that

8   Mattel fails to make any effort to protect the information it is claiming are trade

9   secrets.  Thus, the other computers contain information likely to lead to admissible

10   evidence and must be produced.

11        Finally, Mattel's remaining objections are generic, inapplicable and fail to

12   justify Mattel's failure to produce all responsive documents.  As to overbreadth,

13   Mattel provides no explanation, let alone the required particularity, as to **why** these

14   requests are supposedly overly broad, nor can it do so.  This objection is therefore

15   improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not

16   stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

17   narrowly tailored to seek documents concerning Mattel's claims of trade secret

18   misappropriation and evidence proving MGA's affirmative defenses to those

19   claims.  Finally, the request is only as broad as Mattel's trade secret

20   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

21   were misappropriated, MGA is entitled to seek that information in the form of this

22   request.

23        As to burden, Mattel has not attempted to demonstrate why responding to

24   these requests and/or producing responsive documents presents any burden.  This

25   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

26   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27   request is unduly burdensome must allege specific facts which indicate the nature

28   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

1   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

2   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

3   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

4   party failed to particularize its basis for the objection); Seff v. General Outdoor

5   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

6   burdensome" objection because value of information to plaintiff clearly outweighed

7   any annoyance or expense involved in disclosure by defendant); Capacchione v.

8   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

9   ("Requiring a responding party to perform extensive research or to compile

10  substantial amounts of data and information does not automatically constitute an

11  undue burden…. Imposing such a burden is particularly proper where, as here, the

12  information sought is crucial to the ultimate determination of a crucial issue….").

13  To the extent that there is any burden at all, it is from Mattel's having filed broad-

14  based and unwarranted attacks on MGA's conduct in three countries. The need for

15  this information to defend against Mattel's claims clearly outweighs any potential

16  burden to Mattel. Indeed, the Discovery Master has already ruled that a party

17  cannot complain that requests are unduly burdensome when the request "merely

18  seeks information regarding the extent of" a party's claim. Order No. 17, dated

19  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

20  infringed numerous products, Mattel has the right to discover the scope of the

21  alleged claims. Accordingly, the objections are overruled.").

22          Mattel also makes a number of other improper objections, none of which is

23  substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

24  to part of a request must specify the part and permit inspection of the rest." Fed. R.

25  Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

26  with specificity are routinely rejected in the Central District. See A. Farber and

27  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

28  boilerplate objections such as 'overly burdensome and harassing' are improper –

1   especially when a party fails to submit any evidentiary declarations supporting such

2   objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

3   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

4   tantamount to not making any objection at all").

5          For example, this request does not seek information protected by the

6   attorney-client privilege, the attorney work product doctrine, or any other

7   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

8   secret theft by Castilla.  Further, Mattel has failed to provide a privilege log, thus

9   waiving this objection as to any allegedly privileged documents.

10         Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

11  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

12  or no requests for discovery are premature at this point…."  Judge Larson agreed,

13  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

14  case at all.").

15         Mattel's expert disclosure objection is also without support.  The fact that

16  expert testimony may ultimately bear on some of the subjects of the request does

17  not excuse Mattel from its obligation to provide full and complete responses based

18  on the information Mattel presently has and to produce those responsive

19  documents.

20         In addition, Mattel's bare assertion that MGA has "failed to produce

21  witnesses for deposition and [is] withholding information and documents requested

22  in violation of orders of the Discovery Master and the Court" is not only

23  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

24  obligation to fully respond to the requests would be unaffected.

25         Also, this request does not seek information violative of any third-party's

26  rights of privacy.  The facts, persons, and documents responsive to this request are

27  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

28  itself previously has argued, any privacy issues are fully addressed by the Protective

1   Order in this case.

2        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

3   information or documents that are in the possession, custody and control of

4   independent parties over whom Mattel has no control" is nonsensical – Mattel is

5   obligated to provide all information in its possession, custody, or control that is

6   responsive to the request.

7        In short, Mattel's objections are uniformly without merit and frivolous.  The

8   Discovery Master should order Mattel to provide a substantive response to Request

9   No. 49 without objection and order Mattel to produce all documents responsive to

10  this request.

11

12       REQUEST FOR PRODUCTION NO. 50:

13

14       The hard drive(s) or any mirror image thereof (including but not limited to

15  any mirror image on any server or storage device) from any and all computers

16  assigned by MATTEL to CASTILLA for use during the last year of his

17  employment with MATTEL.

18       RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

19

20       Mattel incorporates by reference the above-stated general objections as if

21  fully set forth herein.  Mattel further objects that this Request is premature because

22  Defendants have not complied with their discovery obligations.  They have failed to

23  produce witnesses for deposition and are withholding information and documents

24  requested in violation of orders of the Discovery Master and the Court.  Defendants

25  also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel also

26  objects to this Request to the extent that it seeks information not relevant to the

27  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

28  admissible evidence.  Mattel further objects that this Request is vague and

1   ambiguous.  Mattel further objects to the Request on the grounds that it seeks

2   documents that are not relevant to this action or likely to lead to the discovery of

3   admissible evidence.  Mattel further objects to this Request on the grounds that it

4   seeks confidential, proprietary and trade secret information, including such

5   information that has no bearing on the claims or defenses in this case.  Mattel also

6   objects to this Request to the extent it seeks documents that are in the possession,

7   custody and control of a foreign subsidiary of a party.  MGA has objected that such

8   documents are not within the scope of requests to a domestic party.  Subject to the

9   foregoing objections, Mattel responds as follows: On April 13, 2009, Mattel

10  produced to MGA a forensic image of the Castilla-specific electronic media

11  pursuant to the Discovery Master's Order No.  6 compelling Mattel to produce

12  copies of its "communications with law enforcement authorities" and "copies of

13  any documents that it has provided to law enforcement authorities."

14

15      FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

16      REQUEST FOR PRODUCTION NO. 50 SHOULD BE COMPELLED AND

17      DOCUMENTS SHOULD BE PRODUCED

18

19      During meet and confer discussions with Mattel, Mattel advised that on

20  April 13, 2009 it had produced to MGA a "forensic image of the Castilla-specific

21  electronic media."  Mankey Decl., Ex. D.  Mattel further agreed to confirm that this

22  meant that Mattel has already produced a mirror image of the hard drive of any

23  computer assigned by Mattel to Castilla during the year preceding his resignation

24  from Mattel.  Id.  Despite that agreement, however, Mattel has not confirmed there

25  are no additional documents or computers that are responsive to this Request.

26  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

27  concerning this and all other disputes related to MGA's First Set of Phase 2

28  Requests for Production of Documents and Things (Nos. 1-68).  Id.

1    The documents responsive to this request are clearly relevant and

2  discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

3  and fail to justify Mattel's failure to produce all responsive documents.  As to

4  overbreadth, Mattel provides no explanation, let alone the required particularity, as

5  to *why* these requests are supposedly overly broad, nor can it do so.  This objection

6  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

7  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

8  request is narrowly tailored to seek documents concerning Mattel's claims of trade

9  secret misappropriation and evidence proving MGA's affirmative defenses to those

10  claims.  Finally, the request is only as broad as Mattel's trade secret

11  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

12  were misappropriated, MGA is entitled to seek that information in the form of this

13  request.

14    As to burden, Mattel has not attempted to demonstrate why responding to

15  these requests and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

20  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

21  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

22  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

23  party failed to particularize its basis for the objection); Seff v. General Outdoor

24  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

25  burdensome" objection because value of information to plaintiff clearly outweighed

26  any annoyance or expense involved in disclosure by defendant); Capacchione v.

27  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

28  ("Requiring a responding party to perform extensive research or to compile

1    substantial amounts of data and information does not automatically constitute an

2    undue burden…. Imposing such a burden is particularly proper where, as here, the

3    information sought is crucial to the ultimate determination of a crucial issue….").

4    To the extent that there is any burden at all, it is from Mattel's having filed broad-

5    based and unwarranted attacks on MGA's conduct in three countries. The need for

6    this information to defend against Mattel's claims clearly outweighs any potential

7    burden to Mattel. Indeed, the Discovery Master has already ruled that a party

8    cannot complain that requests are unduly burdensome when the request "merely

9    seeks information regarding the extent of" a party's claim. Order No. 17, dated

10   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

11   infringed numerous products, Mattel has the right to discover the scope of the

12   alleged claims. Accordingly, the objections are overruled.").

13           Mattel also makes a number of other improper objections, none of which is

14   substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

15   to part of a request must specify the part and permit inspection of the rest." Fed. R.

16   Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

17   with specificity are routinely rejected in the Central District. See A. Farber and

18   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

19   boilerplate objections such as 'overly burdensome and harassing' are improper –

20   especially when a party fails to submit any evidentiary declarations supporting such

21   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

22   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

23   tantamount to not making any objection at all").

24           For example, this request does not seek information protected by the

25   attorney-client privilege, the attorney work product doctrine, or any other

26   applicable privilege. Rather, it seeks documents related to Mattel's claim of trade

27   secret theft by Castilla. Further, Mattel has failed to provide a privilege log, thus

28   waiving this objection as to any allegedly privileged documents.

1        Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

2    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

3    or no requests for discovery are premature at this point…."  Judge Larson agreed,

4    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

5    case at all.").

6        Mattel's expert disclosure objection is also without support.  The fact that

7    expert testimony may ultimately bear on some of the subjects of the request does

8    not excuse Mattel from its obligation to provide full and complete responses based

9    on the information Mattel presently has and to produce those responsive

10   documents.

11       In addition, Mattel's bare assertion that MGA has "failed to produce

12   witnesses for deposition and [is] withholding information and documents requested

13   in violation of orders of the Discovery Master and the Court" is not only

14   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

15   obligation to fully respond to the requests would be unaffected.

16       Also, this request does not seek information violative of any third-party's

17   rights of privacy.  The facts, persons, and documents responsive to this request are

18   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

19   itself previously has argued, any privacy issues are fully addressed by the Protective

20   Order in this case.

21       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

22   information or documents that are in the possession, custody and control of

23   independent parties over whom Mattel has no control" is nonsensical – Mattel is

24   obligated to provide all information in its possession, custody, or control that is

25   responsive to the request.

26       In short, Mattel's objections are uniformly without merit and frivolous.  The

27   Discovery Master should order Mattel to provide a substantive response to Request

28   No. 50 without objection and order Mattel to produce the computers.

1    REQUEST FOR PRODUCTION NO. 51:

2

3        All DOCUMENTS REFLECTING that CASTILLA took from MATTEL the

4    documents listed on page 42, line 6 through page 43, line 17 of MATTEL's

5    Supplemental Responses and Objections to MGA's First Set of Interrogatories.

6

7    RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

8        Mattel incorporates by reference the above-stated general objections as if

9    fully set forth herein.  Mattel also specifically objects to this Request on the ground

10   that it is premature because the subject matter of this Request will be the subject of

11   expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

12   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

13   identify its experts and make related disclosures in accordance with the Court's

14   orders and applicable rules.  Mattel further objects that this Request is premature

15   because Defendants have not complied with their discovery obligations.  They have

16   failed to produce witnesses for deposition and are withholding information and

17   documents requested in violation of orders of the Discovery Master and the Court.

18   Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

19   overbroad.  Mattel further objects to this Request to the extent that it calls for the

20   disclosure of information subject to the attorney-client privilege, the attorney work-

21   product doctrine and other applicable privileges.  Mattel further objects to this

22   Request on the ground and to the extent it seeks trade secret, proprietary or

23   otherwise confidential information of Mattel or third parties.  Any such documents

24   that are produced, if any, will be produced only pursuant to and in reliance upon the

25   Protective Order entered in this case.  Mattel also objects to this Request to the

26   extent it seeks documents that are in the possession, custody and control of a

27   foreign subsidiary of a party.  MGA has objected that such documents are not

28   within the scope of requests to a domestic party.  Mattel further objects to this

1    Request to the extent that it may seek documents already produced by Mattel,

2    including documents stolen by MGA and other defendants.  Such documents will

3    not be produced again.

4         Subject to the foregoing objections, Mattel responds as follows: At a

5    mutually agreeable time and place, Mattel will produce the non-privileged

6    documents, if any, that Mattel has been able to locate after a diligent search and

7    reasonable inquiry, to the extent not previously produced, that (a) Castilla took

8    from Mattel and, (b) that show the theft of those documents.

9

10   <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

11   <u>REQUEST FOR PRODUCTION NO. 51 SHOULD BE COMPELLED AND</u>

12   <u>DOCUMENTS SHOULD BE PRODUCED</u>

13

14        As set forth in MGA's Memorandum of Points and Authorities in Support of

15   its motion to Compel, Mattel had agreed to produce documents responsive to this

16   request.  <u>See</u>, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.

17   Despite that agreement, however, Mattel has neither produced documents nor

18   informed MGA that all responsive documents have already been produced.

19   Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

20   concerning this and all other disputes related to MGA's First Set of Phase 2

21   Requests for Production of Documents and Things (Nos. 1-68).  <u>Id</u>.

22        The documents responsive to this request are clearly relevant and

23   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

24   and fail to justify Mattel's failure to produce all responsive documents.  As to

25   overbreadth, Mattel provides no explanation, let alone the required particularity, as

26   to **why** these requests are supposedly overly broad, nor can it do so.  This objection

27   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

28   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

1   request is narrowly tailored to seek documents concerning Mattel's claims of trade

2   secret misappropriation and evidence proving MGA's affirmative defenses to those

3   claims.  Finally, the request is only as broad as Mattel's trade secret

4   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

5   were misappropriated, MGA is entitled to seek that information in the form of this

6   request.

7          As to burden, Mattel has not attempted to demonstrate why responding to

8   these requests and/or producing responsive documents presents any burden.  This

9   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

13  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

14  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

15  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

16  party failed to particularize its basis for the objection); Seff v. General Outdoor

17  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

18  burdensome" objection because value of information to plaintiff clearly outweighed

19  any annoyance or expense involved in disclosure by defendant); Capacchione v.

20  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

21  ("Requiring a responding party to perform extensive research or to compile

22  substantial amounts of data and information does not automatically constitute an

23  undue burden….  Imposing such a burden is particularly proper where, as here, the

24  information sought is crucial to the ultimate determination of a crucial issue….").

25  To the extent that there is any burden at all, it is from Mattel's having filed broad-

26  based and unwarranted attacks on MGA's conduct in three countries.  The need for

27  this information to defend against Mattel's claims clearly outweighs any potential

28  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

1    cannot complain that requests are unduly burdensome when the request "merely

2    seeks information regarding the extent of" a party's claim.  Order No. 17, dated

3    April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

4    infringed numerous products, Mattel has the right to discover the scope of the

5    alleged claims.  Accordingly, the objections are overruled.").

6        Mattel also makes a number of other improper objections, none of which is

7    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

8    to part of a request must specify the part and permit inspection of the rest."  Fed. R.

9    Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

10   with specificity are routinely rejected in the Central District.  See A. Farber and

11   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

12   boilerplate objections such as 'overly burdensome and harassing' are improper –

13   especially when a party fails to submit any evidentiary declarations supporting such

14   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

15   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

16   tantamount to not making any objection at all").

17       For example, this request does not seek information protected by the

18   attorney-client privilege, the attorney work product doctrine, or any other

19   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

20   secret theft by Castilla.  Further, Mattel has failed to provide a privilege log, thus

21   waiving this objection as to any allegedly privileged documents.

22       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

23   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

24   or no requests for discovery are premature at this point…."  Judge Larson agreed,

25   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

26   case at all.").

27       Mattel's expert disclosure objection is also without support.  The fact that

28   expert testimony may ultimately bear on some of the subjects of the request does

1   not excuse Mattel from its obligation to provide full and complete responses based

2   on the information Mattel presently has and to produce those responsive

3   documents.

4        In addition, Mattel's bare assertion that MGA has "failed to produce

5   witnesses for deposition and [is] withholding information and documents requested

6   in violation of orders of the Discovery Master and the Court" is not only

7   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

8   obligation to fully respond to the requests would be unaffected.

9        Also, this request does not seek information violative of any third-party's

10  rights of privacy.  The facts, persons, and documents responsive to this request are

11  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

12  itself previously has argued, any privacy issues are fully addressed by the Protective

13  Order in this case.

14       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

15  information or documents that are in the possession, custody and control of

16  independent parties over whom Mattel has no control" is nonsensical – Mattel is

17  obligated to provide all information in its possession, custody, or control that is

18  responsive to the request.

19       In short, Mattel's objections are uniformly without merit and frivolous.  The

20  Discovery Master should order Mattel to provide a substantive response to Request

21  No. 51 without objection and order Mattel to produce the computers.

22

23       REQUEST FOR PRODUCTION NO. 52:

24

25       All DOCUMENTS REFLECTING that CASTILLA has used proprietary and

26  confidential information taken from MATTEL to improve MGA's sales forecasting

27  and inventory planning, as alleged in lines 1-3 on page 44 of MATTEL's

28  Supplemental Responses and Objections to MGA's First Set of Interrogatories.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendants have also refused to produce Brisbois or an MGA Canada representative for deposition or to produce documents on their behalf.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

- 241 -

1    Subject to the foregoing objections, Mattel responds as follows: At a

2    mutually agreeable time and place, Mattel will produce non-privileged documents

3    responsive to this Request, if any, that Mattel has been able to locate after a diligent

4    search and reasonable inquiry, to the extent not previously produced.

5

6    FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

7    REQUEST FOR PRODUCTION NO. 52 SHOULD BE COMPELLED AND

8    DOCUMENTS SHOULD BE PRODUCED

9

10    Mattel has agreed to produce responsive documents in its response and has

11    confirmed its agreement to produce documents in various meet and confer

12    discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

13    produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

14    Moreover, Mattel has ceased communicating with MGA concerning these and all

15    other disputes related to MGA's First Set of Phase 2 Requests for Production of

16    Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

17    responsive documents by a date certain.

18    To the extent that Mattel is relying on its blanket objections, they are not

19    sustainable and do not justify Mattel's failure to produce documents.  As to

20    overbreadth, Mattel provides no explanation, let alone the required particularity, as

21    to *why* these requests are supposedly overly broad, nor can it do so.  This objection

22    is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

23    objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

24    request is narrowly tailored to seek documents concerning Mattel's claims of trade

25    secret misappropriation and evidence proving MGA's affirmative defenses to those

26    claims.  Finally, the request is only as broad as Mattel's trade secret

27    misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

28    were misappropriated, MGA is entitled to seek that information in the form of this

1  request.

2         As to burden, Mattel has not attempted to demonstrate why responding to

3  these requests and/or producing responsive documents presents any burden.  This

4  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

5  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

6  request is unduly burdensome must allege specific facts which indicate the nature

7  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

8  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

9  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

10  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

11  party failed to particularize its basis for the objection); Seff v. General Outdoor

12  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

13  burdensome" objection because value of information to plaintiff clearly outweighed

14  any annoyance or expense involved in disclosure by defendant); Capacchione v.

15  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

16  ("Requiring a responding party to perform extensive research or to compile

17  substantial amounts of data and information does not automatically constitute an

18  undue burden….  Imposing such a burden is particularly proper where, as here, the

19  information sought is crucial to the ultimate determination of a crucial issue….").

20  To the extent that there is any burden at all, it is from Mattel's having filed broad-

21  based and unwarranted attacks on MGA's conduct in three countries.  The need for

22  this information to defend against Mattel's claims clearly outweighs any potential

23  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

24  cannot complain that requests are unduly burdensome when the request "merely

25  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

26  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

27  infringed numerous products, Mattel has the right to discover the scope of the

28  alleged claims.  Accordingly, the objections are overruled.").

1    Mattel also makes a number of other improper objections, none of which is

2    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

3    to part of a request must specify the part and permit inspection of the rest."  Fed. R.

4    Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

5    with specificity are routinely rejected in the Central District.  See A. Farber and

6    Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

7    boilerplate objections such as 'overly burdensome and harassing' are improper –

8    especially when a party fails to submit any evidentiary declarations supporting such

9    objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

10   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

11   tantamount to not making any objection at all").

12   For example, this request does not seek information protected by the

13   attorney-client privilege, the attorney work product doctrine, or any other

14   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

15   secret theft by former Mattel employees.  Further, Mattel has failed to provide a

16   privilege log, thus waiving this objection as to any allegedly privileged documents.

17   Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

18   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

19   or no requests for discovery are premature at this point…."  Judge Larson agreed,

20   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

21   case at all.").

22   Mattel's expert disclosure objection is also without support.  The fact that

23   expert testimony may ultimately bear on some of the subjects of the request does

24   not excuse Mattel from its obligation to provide full and complete responses based

25   on the information Mattel presently has and to produce those responsive

26   documents.

27   In addition, Mattel's bare assertion that MGA has "failed to produce

28   witnesses for deposition and [is] withholding information and documents requested

1   in violation of orders of the Discovery Master and the Court" is not only

2   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

3   obligation to fully respond to the requests would be unaffected.

4        Also, this request does not seek information violative of any third-party's

5   rights of privacy.  The facts, persons, and documents responsive to this request are

6   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

7   itself previously has argued, any privacy issues are fully addressed by the Protective

8   Order in this case.

9        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

10  information or documents that are in the possession, custody and control of

11  independent parties over whom Mattel has no control" is nonsensical – Mattel is

12  obligated to provide all information in its possession, custody, or control that is

13  responsive to the request.

14       In short, Mattel's objections are uniformly without merit and frivolous.  The

15  Discovery Master should order Mattel to provide a substantive response to Request

16  No. 52 without objection and order Mattel to produce all documents responsive to

17  this request.

18

19  REQUEST FOR PRODUCTION NO. 53:

20

21       All DOCUMENTS REFLECTING that any documents allegedly taken by

22  CASTILLA from MATTEL were given to MGA by CASTILLA.

23

    RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

24

25       Mattel incorporates by reference the above-stated general objections as if

26  fully set forth herein.  Mattel also specifically objects to this Request on the ground

27  that it is premature because the subject matter of this Request will be the subject of

28  expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

1  limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

2  identify its experts and make related disclosures in accordance with the Court's

3  orders and applicable rules.  Mattel further objects that this Request is premature

4  because Defendants have not complied with their discovery obligations.  They have

5  failed to produce witnesses for deposition and are withholding information and

6  documents requested in violation of orders of the Discovery Master and the Court.

7  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

8  overbroad.  Mattel further objects to this Request to the extent that it calls for the

9  disclosure of information subject to the attorney-client privilege, the attorney work-

10  product doctrine and other applicable privileges.  Mattel further objects to this

11  Request on the ground and to the extent it seeks trade secret, proprietary or

12  otherwise confidential information of Mattel or third parties.  Any such documents

13  that are produced, if any, will be produced only pursuant to and in reliance upon the

14  Protective Order entered in this case.  Mattel also objects to this Request to the

15  extent it seeks documents that are in the possession, custody and control of a

16  foreign subsidiary of a party.  MGA has objected that such documents are not

17  within the scope of requests to a domestic party.  Mattel further objects to this

18  Request to the extent that it may seek documents already produced by Mattel,

19  including documents stolen by MGA and other defendants.  Such documents will

20  not be produced again.

21      Subject to the foregoing objections, Mattel responds as follows: At a

22  mutually agreeable time and place, Mattel will produce the non-privileged

23  documents, if any, that Mattel has been able to locate after a diligent search and

24  reasonable inquiry, to the extent not previously produced that show that Castilla

25  gave to MGA and its subsidiaries and agents documents stolen from Mattel.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>
<u>REQUEST FOR PRODUCTION NO. 53 SHOULD BE COMPELLED AND</u>
<u>DOCUMENTS SHOULD BE PRODUCED</u>

Mattel has agreed to produce responsive documents in its response and confirmed that will produce documents in various meet and confer discussions with MGA.  To date, however, Mattel has not produced a single responsive document to this request.  Moreover, Mattel has ceased communicating with MGA concerning these and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Mattel must be compelled to produce responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims.  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

2   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

3   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

4   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

5   party failed to particularize its basis for the objection); Seff v. General Outdoor

6   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

7   burdensome" objection because value of information to plaintiff clearly outweighed

8   any annoyance or expense involved in disclosure by defendant); Capacchione v.

9   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

10  ("Requiring a responding party to perform extensive research or to compile

11  substantial amounts of data and information does not automatically constitute an

12  undue burden…. Imposing such a burden is particularly proper where, as here, the

13  information sought is crucial to the ultimate determination of a crucial issue….").

14  To the extent that there is any burden at all, it is from Mattel's having filed broad-

15  based and unwarranted attacks on MGA's conduct in three countries. The need for

16  this information to defend against Mattel's claims clearly outweighs any potential

17  burden to Mattel. Indeed, the Discovery Master has already ruled that a party

18  cannot complain that requests are unduly burdensome when the request "merely

19  seeks information regarding the extent of" a party's claim. Order No. 17, dated

20  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

21  infringed numerous products, Mattel has the right to discover the scope of the

22  alleged claims. Accordingly, the objections are overruled.").

23       Mattel also makes a number of other improper objections, none of which is

24  substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

25  to part of a request must specify the part and permit inspection of the rest." Fed. R.

26  Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

27  with specificity are routinely rejected in the Central District. See A. Farber and

28  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

1   boilerplate objections such as 'overly burdensome and harassing' are improper –

2   especially when a party fails to submit any evidentiary declarations supporting such

3   objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

4   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

5   tantamount to not making any objection at all").

6        For example, this request does not seek information protected by the

7   attorney-client privilege, the attorney work product doctrine, or any other

8   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

9   secret theft by former Mattel employees.  Further, Mattel has failed to provide a

10   privilege log, thus waiving this objection as to any allegedly privileged documents.

11        Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

12   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

13   or no requests for discovery are premature at this point…." Judge Larson agreed,

14   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

15   case at all.").

16        Mattel's expert disclosure objection is also without support.  The fact that

17   expert testimony may ultimately bear on some of the subjects of the request does

18   not excuse Mattel from its obligation to provide full and complete responses based

19   on the information Mattel presently has and to produce those responsive

20   documents.

21        In addition, Mattel's bare assertion that MGA has "failed to produce

22   witnesses for deposition and [is] withholding information and documents requested

23   in violation of orders of the Discovery Master and the Court" is not only

24   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

25   obligation to fully respond to the requests would be unaffected.

26        Also, this request does not seek information violative of any third-party's

27   rights of privacy.  The facts, persons, and documents responsive to this request are

28   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous. The Discovery Master should order Mattel to provide a substantive response to Request No. 53 without objection and order Mattel to produce all documents responsive to this request.

REQUEST FOR PRODUCTION NO. 54:

All DOCUMENTS REFLECTING that any documents allegedly taken by CASTILLA from MATTEL were given to MGA HK by CASTILLA.

RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.

1   Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

2   overbroad.  Mattel further objects to this Request to the extent that it calls for the

3   disclosure of information subject to the attorney-client privilege, the attorney work-

4   product doctrine and other applicable privileges.  Mattel further objects to this

5   Request on the ground and to the extent it seeks trade secret, proprietary or

6   otherwise confidential information of Mattel or third parties.  Any such documents

7   that are produced, if any, will be produced only pursuant to and in reliance upon the

8   Protective Order entered in this case.  Mattel also objects to this Request to the

9   extent it seeks documents that are in the possession, custody and control of a

10  foreign subsidiary of a party.  MGA has objected that such documents are not

11  within the scope of requests to a domestic party.  Mattel further objects to this

12  Request to the extent that it may seek documents already produced by Mattel,

13  including documents stolen by MGA and other defendants.  Such documents will

14  not be produced again.

15      Subject to the foregoing objections, Mattel responds as follows: At a

16  mutually agreeable time and place, Mattel will produce the non-privileged

17  documents, if any, that Mattel has been able to locate after a diligent search and

18  reasonable inquiry, to the extent not previously produced that show that Castilla

19  gave to MGA and its subsidiaries and agents documents stolen from Mattel.

20

21      FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

22      REQUEST FOR PRODUCTION NO. 54 SHOULD BE COMPELLED AND

23      DOCUMENTS SHOULD BE PRODUCED

24

25      Mattel has agreed to produce responsive documents in its response and has

26  confirmed its agreement to produce documents in various meet and confer

27  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

28  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

1   Moreover, Mattel has ceased communicating with MGA concerning these and all

2   other disputes related to MGA's First Set of Phase 2 Requests for Production of

3   Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

4   responsive documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.  As to

7   overbreadth, Mattel provides no explanation, let alone the required particularity, as

8   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

9   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

10  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

11  request is narrowly tailored to seek documents concerning Mattel's claims of trade

12  secret misappropriation and evidence proving MGA's affirmative defenses to those

13  claims.  Finally, the request is only as broad as Mattel's trade secret

14  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

15  were misappropriated, MGA is entitled to seek that information in the form of this

16  request.

17       As to burden, Mattel has not attempted to demonstrate why responding to

18  these requests and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

23  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

24  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

25  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

26  party failed to particularize its basis for the objection); Seff v. General Outdoor

27  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

28  burdensome" objection because value of information to plaintiff clearly outweighed

1   any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

2   <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

3   ("Requiring a responding party to perform extensive research or to compile

4   substantial amounts of data and information does not automatically constitute an

5   undue burden…. Imposing such a burden is particularly proper where, as here, the

6   information sought is crucial to the ultimate determination of a crucial issue….").

7   To the extent that there is any burden at all, it is from Mattel's having filed broad-

8   based and unwarranted attacks on MGA's conduct in three countries. The need for

9   this information to defend against Mattel's claims clearly outweighs any potential

10  burden to Mattel. Indeed, the Discovery Master has already ruled that a party

11  cannot complain that requests are unduly burdensome when the request "merely

12  seeks information regarding the extent of" a party's claim. Order No. 17, dated

13  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

14  infringed numerous products, Mattel has the right to discover the scope of the

15  alleged claims. Accordingly, the objections are overruled.").

16       Mattel also makes a number of other improper objections, none of which is

17  substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

18  to part of a request must specify the part and permit inspection of the rest." Fed. R.

19  Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

20  with specificity are routinely rejected in the Central District. <u>See</u> <u>A. Farber and</u>

21  <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

22  boilerplate objections such as 'overly burdensome and harassing' are improper –

23  especially when a party fails to submit any evidentiary declarations supporting such

24  objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

25  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

26  tantamount to not making any objection at all").

27       For example, this request does not seek information protected by the

28  attorney-client privilege, the attorney work product doctrine, or any other

1   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

2   secret theft by former Mattel employees.  Further, Mattel has failed to provide a

3   privilege log, thus waiving this objection as to any allegedly privileged documents.

4       Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

5   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

6   or no requests for discovery are premature at this point…."  Judge Larson agreed,

7   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

8   case at all.").

9       Mattel's expert disclosure objection is also without support.  The fact that

10  expert testimony may ultimately bear on some of the subjects of the request does

11  not excuse Mattel from its obligation to provide full and complete responses based

12  on the information Mattel presently has and to produce those responsive

13  documents.

14      In addition, Mattel's bare assertion that MGA has "failed to produce

15  witnesses for deposition and [is] withholding information and documents requested

16  in violation of orders of the Discovery Master and the Court" is not only

17  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

18  obligation to fully respond to the requests would be unaffected.

19      Also, this request does not seek information violative of any third-party's

20  rights of privacy.  The facts, persons, and documents responsive to this request are

21  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

22  itself previously has argued, any privacy issues are fully addressed by the Protective

23  Order in this case.

24      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

25  information or documents that are in the possession, custody and control of

26  independent parties over whom Mattel has no control" is nonsensical – Mattel is

27  obligated to provide all information in its possession, custody, or control that is

28  responsive to the request.

1   In short, Mattel's objections are uniformly without merit and frivolous.  The

2   Discovery Master should order Mattel to provide a substantive response to Request

3   No. 54 without objection and order Mattel to produce all documents responsive to

4   this request.

5

6   <u>REQUEST FOR PRODUCTION NO. 55:</u>

7

8   All DOCUMENTS REFLECTING that any documents allegedly taken by

    CASTILLA from MATTEL were given to MGA MEXICO by CASTILLA.

9

10  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 55:</u>

11

12  Mattel incorporates by reference the above-stated general objections as if

13  fully set forth herein.  Mattel also specifically objects to this Request on the ground

14  that it is premature because the subject matter of this Request will be the subject of

15  expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

16  limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

17  identify its experts and make related disclosures in accordance with the Court's

18  orders and applicable rules.  Mattel further objects that this Request is premature

19  because Defendants have not complied with their discovery obligations.  They have

20  failed to produce witnesses for deposition and are withholding information and

21  documents requested in violation of orders of the Discovery Master and the Court.

22  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

23  overbroad.  Mattel further objects to this Request to the extent that it calls for the

24  disclosure of information subject to the attorney-client privilege, the attorney work-

25  product doctrine and other applicable privileges.  Mattel further objects to this

26  Request on the ground and to the extent it seeks trade secret, proprietary or

27  otherwise confidential information of Mattel or third parties.  Any such documents

28  that are produced, if any, will be produced only pursuant to and in reliance upon the

1   Protective Order entered in this case.  Mattel also objects to this Request to the

2   extent it seeks documents that are in the possession, custody and control of a

3   foreign subsidiary of a party.  MGA has objected that such documents are not

4   within the scope of requests to a domestic party.  Mattel further objects to this

5   Request to the extent that it may seek documents already produced by Mattel,

6   including documents stolen by MGA and other defendants.  Such documents will

7   not be produced again.

8        Subject to the foregoing objections, Mattel responds as follows: At a

9   mutually agreeable time and place, Mattel will produce the non-privileged

10  documents, if any, that Mattel has been able to locate after a diligent search and

11  reasonable inquiry, to the extent not previously produced that show that Castilla

12  gave to MGA and its subsidiaries and agents documents stolen from Mattel.

13

14  <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

15  <u>REQUEST FOR PRODUCTION NO. 55 SHOULD BE COMPELLED AND</u>

16  <u>DOCUMENTS SHOULD BE PRODUCED</u>

17

18       Mattel has agreed to produce responsive documents in its response and has

19  confirmed its agreement to produce documents in various meet and confer

20  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

21  produced a single responsive document to this request.  <u>Id</u>.; Chaudoir Decl., ¶ 9.

22  Moreover, Mattel has ceased communicating with MGA concerning these and all

23  other disputes related to MGA's First Set of Phase 2 Requests for Production of

24  Documents and Things (Nos. 1-68).  <u>Id</u>.  Mattel must be compelled to produce

25  responsive documents by a date certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.  As to

28  overbreadth, Mattel provides no explanation, let alone the required particularity, as

1   to **why** these requests are supposedly overly broad, nor can it do so.  This objection

2   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

3   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

4   request is narrowly tailored to seek documents concerning Mattel's claims of trade

5   secret misappropriation and evidence proving MGA's affirmative defenses to those

6   claims.  Finally, the request is only as broad as Mattel's trade secret

7   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

8   were misappropriated, MGA is entitled to seek that information in the form of this

9   request.

10       As to burden, Mattel has not attempted to demonstrate why responding to

11   these requests and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

16   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

17   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

18   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

19   party failed to particularize its basis for the objection); Seff v. General Outdoor

20   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

21   burdensome" objection because value of information to plaintiff clearly outweighed

22   any annoyance or expense involved in disclosure by defendant); Capacchione v.

23   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

24   ("Requiring a responding party to perform extensive research or to compile

25   substantial amounts of data and information does not automatically constitute an

26   undue burden….  Imposing such a burden is particularly proper where, as here, the

27   information sought is crucial to the ultimate determination of a crucial issue….").

28   To the extent that there is any burden at all, it is from Mattel's having filed broad-

1   based and unwarranted attacks on MGA's conduct in three countries.  The need for

2   this information to defend against Mattel's claims clearly outweighs any potential

3   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

4   cannot complain that requests are unduly burdensome when the request "merely

5   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

6   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

7   infringed numerous products, Mattel has the right to discover the scope of the

8   alleged claims.  Accordingly, the objections are overruled.").

9        Mattel also makes a number of other improper objections, none of which is

10  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

11  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

12  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

13  with specificity are routinely rejected in the Central District.  See A. Farber and

14  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

15  boilerplate objections such as 'overly burdensome and harassing' are improper –

16  especially when a party fails to submit any evidentiary declarations supporting such

17  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

18  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

19  tantamount to not making any objection at all").

20       For example, this request does not seek information protected by the

21  attorney-client privilege, the attorney work product doctrine, or any other

22  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

23  secret theft by former Mattel employees.  Further, Mattel has failed to provide a

24  privilege log, thus waiving this objection as to any allegedly privileged documents.

25       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

26  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

27  or no requests for discovery are premature at this point…."  Judge Larson agreed,

28  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

1   case at all.").

2          Mattel's expert disclosure objection is also without support.  The fact that

3   expert testimony may ultimately bear on some of the subjects of the request does

4   not excuse Mattel from its obligation to provide full and complete responses based

5   on the information Mattel presently has and to produce those responsive

6   documents.

7          In addition, Mattel's bare assertion that MGA has "failed to produce

8   witnesses for deposition and [is] withholding information and documents requested

9   in violation of orders of the Discovery Master and the Court" is not only

10  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

11  obligation to fully respond to the requests would be unaffected.

12         Also, this request does not seek information violative of any third-party's

13  rights of privacy.  The facts, persons, and documents responsive to this request are

14  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

15  itself previously has argued, any privacy issues are fully addressed by the Protective

16  Order in this case.

17         Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

18  information or documents that are in the possession, custody and control of

19  independent parties over whom Mattel has no control" is nonsensical – Mattel is

20  obligated to provide all information in its possession, custody, or control that is

21  responsive to the request.

22         In short, Mattel's objections are uniformly without merit and frivolous.  The

23  Discovery Master should order Mattel to provide a substantive response to Request

24  No. 55 without objection and order Mattel to produce all documents responsive to

25  this request.

26

27

28

REQUEST FOR PRODUCTION NO. 56:

All DOCUMENTS REFLECTING that any documents allegedly taken by CASTILLA from MATTEL were given to LARIAN by CASTILLA.

RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party. MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel,

1  including documents stolen by MGA and other defendants.  Such documents will
2  not be produced again.

3        Subject to the foregoing objections, Mattel responds as follows: At a
4  mutually agreeable time and place, Mattel will produce the non-privileged
5  documents, if any, that Mattel has been able to locate after a diligent search and
6  reasonable inquiry, to the extent not previously produced that show that Castilla
7  gave to MGA and its subsidiaries and agents documents stolen from Mattel.

8

9   FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
10  REQUEST FOR PRODUCTION NO. 56 SHOULD BE COMPELLED AND
11  DOCUMENTS SHOULD BE PRODUCED

12

13        Mattel has agreed to produce responsive documents in its response and has
14  confirmed its agreement to produce documents in various meet and confer
15  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not
16  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.
17  Moreover, Mattel has ceased communicating with MGA concerning these and all
18  other disputes related to MGA's First Set of Phase 2 Requests for Production of
19  Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce
20  responsive documents by a date certain.
21        To the extent that Mattel is relying on its blanket objections, they are not
22  sustainable and do not justify Mattel's failure to produce documents. As to
23  overbreadth, Mattel provides no explanation, let alone the required particularity, as
24  to *why* these requests are supposedly overly broad, nor can it do so.  This objection
25  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling
26  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the
27  request is narrowly tailored to seek documents concerning Mattel's claims of trade
28  secret misappropriation and evidence proving MGA's affirmative defenses to those

1    claims.  Finally, the request is only as broad as Mattel's trade secret

2    misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

3    were misappropriated, MGA is entitled to seek that information in the form of this

4    request.

5            As to burden, Mattel has not attempted to demonstrate why responding to

6    these requests and/or producing responsive documents presents any burden.  This

7    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9    request is unduly burdensome must allege specific facts which indicate the nature

10   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

11   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

12   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

13   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

14   party failed to particularize its basis for the objection); Seff v. General Outdoor

15   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

16   burdensome" objection because value of information to plaintiff clearly outweighed

17   any annoyance or expense involved in disclosure by defendant); Capacchione v.

18   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

19   ("Requiring a responding party to perform extensive research or to compile

20   substantial amounts of data and information does not automatically constitute an

21   undue burden….  Imposing such a burden is particularly proper where, as here, the

22   information sought is crucial to the ultimate determination of a crucial issue….").

23   To the extent that there is any burden at all, it is from Mattel's having filed broad-

24   based and unwarranted attacks on MGA's conduct in three countries.  The need for

25   this information to defend against Mattel's claims clearly outweighs any potential

26   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

27   cannot complain that requests are unduly burdensome when the request "merely

28   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

1   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

2   infringed numerous products, Mattel has the right to discover the scope of the

3   alleged claims.  Accordingly, the objections are overruled.").

4       Mattel also makes a number of other improper objections, none of which is

5   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

6   to part of a request must specify the part and permit inspection of the rest."  Fed. R.

7   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

8   with specificity are routinely rejected in the Central District.  See A. Farber and

9   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

10  boilerplate objections such as 'overly burdensome and harassing' are improper –

11  especially when a party fails to submit any evidentiary declarations supporting such

12  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

13  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

14  tantamount to not making any objection at all").

15      For example, this request does not seek information protected by the

16  attorney-client privilege, the attorney work product doctrine, or any other

17  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

18  secret theft by former Mattel employees.  Further, Mattel has failed to provide a

19  privilege log, thus waiving this objection as to any allegedly privileged documents.

20      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

21  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

22  or no requests for discovery are premature at this point…."  Judge Larson agreed,

23  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

24  case at all.").

25      Mattel's expert disclosure objection is also without support.  The fact that

26  expert testimony may ultimately bear on some of the subjects of the request does

27  not excuse Mattel from its obligation to provide full and complete responses based

28

- 263 -

1   on the information Mattel presently has and to produce those responsive

2   documents.

3       In addition, Mattel's bare assertion that MGA has "failed to produce

4   witnesses for deposition and [is] withholding information and documents requested

5   in violation of orders of the Discovery Master and the Court" is not only

6   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

7   obligation to fully respond to the requests would be unaffected.

8       Also, this request does not seek information violative of any third-party's

9   rights of privacy.  The facts, persons, and documents responsive to this request are

10   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

11   itself previously has argued, any privacy issues are fully addressed by the Protective

12   Order in this case.

13       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

14   information or documents that are in the possession, custody and control of

15   independent parties over whom Mattel has no control" is nonsensical – Mattel is

16   obligated to provide all information in its possession, custody, or control that is

17   responsive to the request.

18       In short, Mattel's objections are uniformly without merit and frivolous.  The

19   Discovery Master should order Mattel to provide a substantive response to Request

20   No. 56 without objection and order Mattel to produce all documents responsive to

21   this request.

22

23       <u>REQUEST FOR PRODUCTION NO. 57:</u>

24

25       All DOCUMENTS REFLECTING that MGA used any alleged trade secrets

26   owned by MATTEL, except for any BRATZ INJUNCTION EXHIBITS, for any

27   purpose.

28

1

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 57:</u>

2

3        Mattel incorporates by reference the above-stated general objections as if

4   fully set forth herein.  Mattel also specifically objects to this Request on the ground

5   that it is premature because the subject matter of this Request will be the subject of

6   expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

7   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

8   identify its experts and make related disclosures in accordance with the Court's

9   orders and applicable rules.  Mattel further objects that this Request is premature

10  because Defendants have not complied with their discovery obligations.  They have

11  failed to produce witnesses for deposition and are withholding information and

12  documents requested in violation of orders of the Discovery Master and the Court.

13  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

14  overbroad.  Mattel further objects to this Request on the ground that it is irrelevant

15  and overbroad in that it is not limited to the trade secrets that Mattel alleges were

16  stolen.  Mattel also objects to this Request because it is an interrogatory and not a

17  proper document request.  Mattel further objects to this Request to the extent that it

18  calls for the disclosure of information subject to the attorney-client privilege, the

19  attorney work product doctrine and other applicable privileges.  Mattel further

20  objects to this Request on the ground and to the extent it seeks trade secret,

21  proprietary or otherwise confidential information of Mattel or third parties.  Any

22  such documents that are produced, if any, will be produced only pursuant to and in

23  reliance upon the Protective Order entered in this case.  Mattel also objects to this

24  Request to the extent it seeks documents that are in the possession, custody and

25  control of a foreign subsidiary of a party.  MGA has objected that such documents

26  are not within the scope of requests to a domestic party.  Mattel further objects to

27  this Request to the extent that it may seek documents already produced by Mattel,

28

1   including documents stolen by MGA and other defendants.  Such documents will

2   not be produced again.

3       Subject to the foregoing objections, Mattel responds as follows: At a

4   mutually agreeable time and place, Mattel will produce non-privileged documents

5   responsive to this Request, if any, that Mattel has been able to locate after a diligent

6   search and reasonable inquiry, to the extent not previously produced.

7

8   <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

9   <u>REQUEST FOR PRODUCTION NO. 57 SHOULD BE COMPELLED AND</u>

10  <u>DOCUMENTS SHOULD BE PRODUCED</u>

11

12      Mattel has agreed to produce responsive documents in its response and has

13  confirmed its agreement to produce documents in various meet and confer

14  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

15  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

16  Moreover, Mattel has ceased communicating with MGA concerning these and all

17  other disputes related to MGA's First Set of Phase 2 Requests for Production of

18  Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

19  responsive documents by a date certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.  As to

22  overbreadth, Mattel provides no explanation, let alone the required particularity, as

23  to **why** these requests are supposedly overly broad, nor can it do so.  This objection

24  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

25  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

26  request is narrowly tailored to seek documents concerning Mattel's claims of trade

27  secret misappropriation and evidence proving MGA's affirmative defenses to those

28  claims.  Finally, the request is only as broad as Mattel's trade secret

1    misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

2    were misappropriated, MGA is entitled to seek that information in the form of this

3    request.

4         As to burden, Mattel has not attempted to demonstrate why responding to

5    these requests and/or producing responsive documents presents any burden.  This

6    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8    request is unduly burdensome must allege specific facts which indicate the nature

9    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

10   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

11   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

12   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

13   party failed to particularize its basis for the objection); Seff v. General Outdoor

14   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

15   burdensome" objection because value of information to plaintiff clearly outweighed

16   any annoyance or expense involved in disclosure by defendant); Capacchione v.

17   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

18   ("Requiring a responding party to perform extensive research or to compile

19   substantial amounts of data and information does not automatically constitute an

20   undue burden….  Imposing such a burden is particularly proper where, as here, the

21   information sought is crucial to the ultimate determination of a crucial issue….").

22   To the extent that there is any burden at all, it is from Mattel's having filed broad-

23   based and unwarranted attacks on MGA's conduct in three countries.  The need for

24   this information to defend against Mattel's claims clearly outweighs any potential

25   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

26   cannot complain that requests are unduly burdensome when the request "merely

27   seeks information regarding the extent of" a party's claim.  Order No. 17, dated

28   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

1    infringed numerous products, Mattel has the right to discover the scope of the

2    alleged claims.  Accordingly, the objections are overruled.").

3        Mattel also makes a number of other improper objections, none of which is

4    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

5    to part of a request must specify the part and permit inspection of the rest."  Fed. R.

6    Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

7    with specificity are routinely rejected in the Central District.  See A. Farber and

8    Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

9    boilerplate objections such as 'overly burdensome and harassing' are improper –

10   especially when a party fails to submit any evidentiary declarations supporting such

11   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

12   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

13   tantamount to not making any objection at all").

14       For example, this request does not seek information protected by the

15   attorney-client privilege, the attorney work product doctrine, or any other

16   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

17   secret theft by former Mattel employees.  Further, Mattel has failed to provide a

18   privilege log, thus waiving this objection as to any allegedly privileged documents.

19       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

20   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

21   or no requests for discovery are premature at this point…."  Judge Larson agreed,

22   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

23   case at all.").

24       Mattel's expert disclosure objection is also without support.  The fact that

25   expert testimony may ultimately bear on some of the subjects of the request does

26   not excuse Mattel from its obligation to provide full and complete responses based

27   on the information Mattel presently has and to produce those responsive

28   documents.

1   In addition, Mattel's bare assertion that MGA has "failed to produce

2   witnesses for deposition and [is] withholding information and documents requested

3   in violation of orders of the Discovery Master and the Court" is not only

4   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

5   obligation to fully respond to the requests would be unaffected.

6   Also, this request does not seek information violative of any third-party's

7   rights of privacy.  The facts, persons, and documents responsive to this request are

8   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

9   itself previously has argued, any privacy issues are fully addressed by the Protective

10   Order in this case.

11   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

12   information or documents that are in the possession, custody and control of

13   independent parties over whom Mattel has no control" is nonsensical – Mattel is

14   obligated to provide all information in its possession, custody, or control that is

15   responsive to the request.

16   In short, Mattel's objections are uniformly without merit and frivolous.  The

17   Discovery Master should order Mattel to provide a substantive response to Request

18   No. 57 without objection and order Mattel to produce all documents responsive to

19   this request.

20

21   REQUEST FOR PRODUCTION NO. 58:

22

23   All DOCUMENTS REFLECTING that MGA HK used any alleged trade

24   secrets owned by MATTEL, except for any BRATZ INJUNCTION EXHIBITS, for

     any purpose.

25

26

27

28

1

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 58:</u>

2

3        Mattel incorporates by reference the above-stated general objections as if

4   fully set forth herein.  Mattel also specifically objects to this Request on the ground

5   that it is premature because the subject matter of this Request will be the subject of

6   expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

7   limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

8   identify its experts and make related disclosures in accordance with the Court's

9   orders and applicable rules.  Mattel further objects that this Request is premature

10  because Defendants have not complied with their discovery obligations.  They have

11  failed to produce witnesses for deposition and are withholding information and

12  documents requested in violation of orders of the Discovery Master and the Court.

13  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

14  overbroad.  Mattel further objects to this Request on the ground that it is irrelevant

15  and overbroad in that it is not limited to the trade secrets that Mattel alleges were

16  stolen.  Mattel also objects to this Request because it is an interrogatory and not a

17  proper document request.  Mattel further objects to this Request to the extent that it

18  calls for the disclosure of information subject to the attorney-client privilege, the

19  attorney work- product doctrine and other applicable privileges.  Mattel further

20  objects to this Request on the ground and to the extent it seeks trade secret,

21  proprietary or otherwise confidential information of Mattel or third parties.  Any

22  such documents that are produced, if any, will be produced only pursuant to and in

23  reliance upon the Protective Order entered in this case.  Mattel also objects to this

24  Request to the extent it seeks documents that are in the possession, custody and

25  control of a foreign subsidiary of a party.  MGA has objected that such documents

26  are not within the scope of requests to a domestic party.  Mattel further objects to

27  this Request to the extent that it may seek documents already produced by Mattel,

28

1  including documents stolen by MGA and other defendants.  Such documents will

2  not be produced again.

3       Subject to the foregoing objections, Mattel responds as follows: At a

4  mutually agreeable time and place, Mattel will produce non-privileged documents

5  responsive to this Request, if any, that Mattel has been able to locate after a diligent

6  search and reasonable inquiry, to the extent not previously produced.

7

8       FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

9       REQUEST FOR PRODUCTION NO. 58 SHOULD BE COMPELLED AND

10      DOCUMENTS SHOULD BE PRODUCED

11

12      Mattel has agreed to produce responsive documents in its response and has

13  confirmed its agreement to produce documents in various meet and confer

14  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

15  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

16  Moreover, Mattel has ceased communicating with MGA concerning these and all

17  other disputes related to MGA's First Set of Phase 2 Requests for Production of

18  Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

19  responsive documents by a date certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.  As to

22  overbreadth, Mattel provides no explanation, let alone the required particularity, as

23  to *why* these requests are supposedly overly broad, nor can it do so.  This objection

24  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

25  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

26  request is narrowly tailored to seek documents concerning Mattel's claims of trade

27  secret misappropriation and evidence proving MGA's affirmative defenses to those

28  claims.  Finally, the request is only as broad as Mattel's trade secret

1   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

2   were misappropriated, MGA is entitled to seek that information in the form of this

3   request.

4          As to burden, Mattel has not attempted to demonstrate why responding to

5   these requests and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

10  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

11  at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

12  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

13  party failed to particularize its basis for the objection); Seff v. General Outdoor

14  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

15  burdensome" objection because value of information to plaintiff clearly outweighed

16  any annoyance or expense involved in disclosure by defendant); Capacchione v.

17  Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

18  ("Requiring a responding party to perform extensive research or to compile

19  substantial amounts of data and information does not automatically constitute an

20  undue burden….  Imposing such a burden is particularly proper where, as here, the

21  information sought is crucial to the ultimate determination of a crucial issue….").

22  To the extent that there is any burden at all, it is from Mattel's having filed broad-

23  based and unwarranted attacks on MGA's conduct in three countries.  The need for

24  this information to defend against Mattel's claims clearly outweighs any potential

25  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

26  cannot complain that requests are unduly burdensome when the request "merely

27  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

28  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

1    infringed numerous products, Mattel has the right to discover the scope of the
2    alleged claims.  Accordingly, the objections are overruled.").

3        Mattel also makes a number of other improper objections, none of which is
4    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection
5    to part of a request must specify the part and permit inspection of the rest."  Fed. R.
6    Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection
7    with specificity are routinely rejected in the Central District.  See A. Farber and
8    Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
9    boilerplate objections such as 'overly burdensome and harassing' are improper –
10   especially when a party fails to submit any evidentiary declarations supporting such
11   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,
12   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and
13   tantamount to not making any objection at all").

14       For example, this request does not seek information protected by the
15   attorney-client privilege, the attorney work product doctrine, or any other
16   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade
17   secret theft by former Mattel employees.  Further, Mattel has failed to provide a
18   privilege log, thus waiving this objection as to any allegedly privileged documents.

19       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at
20   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues
21   or no requests for discovery are premature at this point…." Judge Larson agreed,
22   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
23   case at all.").

24       Mattel's expert disclosure objection is also without support.  The fact that
25   expert testimony may ultimately bear on some of the subjects of the request does
26   not excuse Mattel from its obligation to provide full and complete responses based
27   on the information Mattel presently has and to produce those responsive
28   documents.

1    In addition, Mattel's bare assertion that MGA has "failed to produce

2    witnesses for deposition and [is] withholding information and documents requested

3    in violation of orders of the Discovery Master and the Court" is not only

4    unsupported and false, but immaterial – if this were true (and it is not), Mattel's

5    obligation to fully respond to the requests would be unaffected.

6    Also, this request does not seek information violative of any third-party's

7    rights of privacy.  The facts, persons, and documents responsive to this request are

8    in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

9    itself previously has argued, any privacy issues are fully addressed by the Protective

10   Order in this case.

11   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

12   information or documents that are in the possession, custody and control of

13   independent parties over whom Mattel has no control" is nonsensical – Mattel is

14   obligated to provide all information in its possession, custody, or control that is

15   responsive to the request.

16   In short, Mattel's objections are uniformly without merit and frivolous.  The

17   Discovery Master should order Mattel to provide a substantive response to Request

18   No. 58 without objection and order Mattel to produce all documents responsive to

19   this request.

20

21   REQUEST FOR PRODUCTION NO. 59:

22   All DOCUMENTS REFLECTING that MGA MEXICO used any alleged

23   trade secrets owned by MATTEL, except for any BRATZ INJUNCTION

24   EXHIBITS, for any purpose.

25

26

27

28

1

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 59:</u>

2

3          Mattel incorporates by reference the above-stated general objections as if

4    fully set forth herein.  Mattel also specifically objects to this Request on the ground

5    that it is premature because the subject matter of this Request will be the subject of

6    expert testimony at trial.  Mattel objects to this Request to the extent it seeks to

7    limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will

8    identify its experts and make related disclosures in accordance with the Court's

9    orders and applicable rules.  Mattel further objects that this Request is premature

10   because Defendants have not complied with their discovery obligations.  They have

11   failed to produce witnesses for deposition and are withholding information and

12   documents requested in violation of orders of the Discovery Master and the Court.

13   Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and

14   overbroad.  Mattel further objects to this Request on the ground that it is irrelevant

15   and overbroad in that it is not limited to the trade secrets that Mattel alleges were

16   stolen.  Mattel also objects to this Request because it is an interrogatory and not a

17   proper document request.  Mattel further objects to this Request to the extent that it

18   calls for the disclosure of information subject to the attorney-client privilege, the

19   attorney work- product doctrine and other applicable privileges.  Mattel further

20   objects to this Request on the ground and to the extent it seeks trade secret,

21   proprietary or otherwise confidential information of Mattel or third parties.  Any

22   such documents that are produced, if any, will be produced only pursuant to and in

23   reliance upon the Protective Order entered in this case.  Mattel also objects to this

24   Request to the extent it seeks documents that are in the possession, custody and

25   control of a foreign subsidiary of a party.  MGA has objected that such documents

26   are not within the scope of requests to a domestic party.  Mattel further objects to

27   this Request to the extent that it may seek documents already produced by Mattel,

28

1   including documents stolen by MGA and other defendants.  Such documents will

2   not be produced again.

3       Subject to the foregoing objections, Mattel responds as follows: At a

4   mutually agreeable time and place, Mattel will produce non-privileged documents

5   responsive to this Request, if any, that Mattel has been able to locate after a diligent

6   search and reasonable inquiry, to the extent not previously produced.

7

8   <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

9   <u>REQUEST FOR PRODUCTION NO. 59 SHOULD BE COMPELLED AND</u>

10  <u>DOCUMENTS SHOULD BE PRODUCED</u>

11

12      Mattel has agreed to produce responsive documents in its response and has

13  confirmed its agreement to produce documents in various meet and confer

14  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

15  produced a single responsive document to this request.  <u>Id</u>.; Chaudoir Decl., ¶ 9.

16  Moreover, Mattel has ceased communicating with MGA concerning these and all

17  other disputes related to MGA's First Set of Phase 2 Requests for Production of

18  Documents and Things (Nos. 1-68).  <u>Id</u>.  Mattel must be compelled to produce

19  responsive documents by a date certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.  As to

22  overbreadth, Mattel provides no explanation, let alone the required particularity, as

23  to **why** these requests are supposedly overly broad, nor can it do so.  This objection

24  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

25  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

26  request is narrowly tailored to seek documents concerning Mattel's claims of trade

27  secret misappropriation and evidence proving MGA's affirmative defenses to those

28  claims.  Finally, the request is only as broad as Mattel's trade secret

1   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

2   were misappropriated, MGA is entitled to seek that information in the form of this

3   request.

4          As to burden, Mattel has not attempted to demonstrate why responding to

5   these requests and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

7   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

10  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

11  at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D.

12  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

13  party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

14  <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

15  burdensome" objection because value of information to plaintiff clearly outweighed

16  any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

17  <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

18  ("Requiring a responding party to perform extensive research or to compile

19  substantial amounts of data and information does not automatically constitute an

20  undue burden….  Imposing such a burden is particularly proper where, as here, the

21  information sought is crucial to the ultimate determination of a crucial issue….").

22  To the extent that there is any burden at all, it is from Mattel's having filed broad-

23  based and unwarranted attacks on MGA's conduct in three countries.  The need for

24  this information to defend against Mattel's claims clearly outweighs any potential

25  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

26  cannot complain that requests are unduly burdensome when the request "merely

27  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

28  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

1    infringed numerous products, Mattel has the right to discover the scope of the

2    alleged claims.  Accordingly, the objections are overruled.").

3        Mattel also makes a number of other improper objections, none of which is

4    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

5    to part of a request must specify the part and permit inspection of the rest."  Fed. R.

6    Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

7    with specificity are routinely rejected in the Central District.  See A. Farber and

8    Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

9    boilerplate objections such as 'overly burdensome and harassing' are improper –

10   especially when a party fails to submit any evidentiary declarations supporting such

11   objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

12   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

13   tantamount to not making any objection at all").

14       For example, this request does not seek information protected by the

15   attorney-client privilege, the attorney work product doctrine, or any other

16   applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

17   secret theft by former Mattel employees.  Further, Mattel has failed to provide a

18   privilege log, thus waiving this objection as to any allegedly privileged documents.

19       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

20   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

21   or no requests for discovery are premature at this point…."  Judge Larson agreed,

22   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

23   case at all.").

24       Mattel's expert disclosure objection is also without support.  The fact that

25   expert testimony may ultimately bear on some of the subjects of the request does

26   not excuse Mattel from its obligation to provide full and complete responses based

27   on the information Mattel presently has and to produce those responsive

28   documents.

1    In addition, Mattel's bare assertion that MGA has "failed to produce

2    witnesses for deposition and [is] withholding information and documents requested

3    in violation of orders of the Discovery Master and the Court" is not only

4    unsupported and false, but immaterial – if this were true (and it is not), Mattel's

5    obligation to fully respond to the requests would be unaffected.

6    Also, this request does not seek information violative of any third-party's

7    rights of privacy.  The facts, persons, and documents responsive to this request are

8    in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

9    itself previously has argued, any privacy issues are fully addressed by the Protective

10   Order in this case.

11   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

12   information or documents that are in the possession, custody and control of

13   independent parties over whom Mattel has no control" is nonsensical – Mattel is

14   obligated to provide all information in its possession, custody, or control that is

15   responsive to the request.

16   In short, Mattel's objections are uniformly without merit and frivolous.  The

17   Discovery Master should order Mattel to provide a substantive response to Request

18   No. 59 without objection and order Mattel to produce all documents responsive to

19   this request.

20

21   REQUEST FOR PRODUCTION NO. 60:

22

23   All DOCUMENTS REFLECTING that LARIAN used any alleged trade

24   secrets owned by MATTEL, except for any BRATZ INJUNCTION EXHIBITS, for

25   any purpose.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request on the ground that it is irrelevant and overbroad in that it is not limited to the trade secrets that Mattel alleges were stolen. Mattel also objects to this Request because it is an interrogatory and not a proper document request. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party. MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel,

1  including documents stolen by MGA and other defendants.  Such documents will

2  not be produced again.

3       Subject to the foregoing objections, Mattel responds as follows: At a

4  mutually agreeable time and place, Mattel will produce non-privileged documents

5  responsive to this Request, if any, that Mattel has been able to locate after a diligent

6  search and reasonable inquiry, to the extent not previously produced.

7

8  <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

9  <u>REQUEST FOR PRODUCTION NO. 60 SHOULD BE COMPELLED AND</u>

10  <u>DOCUMENTS SHOULD BE PRODUCED</u>

11

12       Mattel has agreed to produce responsive documents in its response and has

13  confirmed its agreement to produce documents in various meet and confer

14  discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

15  produced a single responsive document to this request.  <u>Id</u>.; Chaudoir Decl., ¶ 9.

16  Moreover, Mattel has ceased communicating with MGA concerning these and all

17  other disputes related to MGA's First Set of Phase 2 Requests for Production of

18  Documents and Things (Nos. 1-68).  <u>Id</u>.  Mattel must be compelled to produce

19  responsive documents by a date certain.

20       To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.  As to

22  overbreadth, Mattel provides no explanation, let alone the required particularity, as

23  to ***why*** these requests are supposedly overly broad, nor can it do so.  This objection

24  is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

25  objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

26  request is narrowly tailored to seek documents concerning Mattel's claims of trade

27  secret misappropriation and evidence proving MGA's affirmative defenses to those

28  claims.  Finally, the request is only as broad as Mattel's trade secret

1  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

2  were misappropriated, MGA is entitled to seek that information in the form of this

3  request.

4        As to burden, Mattel has not attempted to demonstrate why responding to

5  these requests and/or producing responsive documents presents any burden.  This

6  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

10 Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

11 at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

12 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

13 party failed to particularize its basis for the objection); Seff v. General Outdoor

14 Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

15 burdensome" objection because value of information to plaintiff clearly outweighed

16 any annoyance or expense involved in disclosure by defendant); Capacchione v.

17 Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

18 ("Requiring a responding party to perform extensive research or to compile

19 substantial amounts of data and information does not automatically constitute an

20 undue burden….  Imposing such a burden is particularly proper where, as here, the

21 information sought is crucial to the ultimate determination of a crucial issue….").

22 To the extent that there is any burden at all, it is from Mattel's having filed broad-

23 based and unwarranted attacks on MGA's conduct in three countries.  The need for

24 this information to defend against Mattel's claims clearly outweighs any potential

25 burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

26 cannot complain that requests are unduly burdensome when the request "merely

27 seeks information regarding the extent of" a party's claim.  Order No. 17, dated

28 April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

1  infringed numerous products, Mattel has the right to discover the scope of the

2  alleged claims.  Accordingly, the objections are overruled.").

3        Mattel also makes a number of other improper objections, none of which is

4  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

5  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

6  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

7  with specificity are routinely rejected in the Central District.  See A. Farber and

8  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

9  boilerplate objections such as 'overly burdensome and harassing' are improper –

10  especially when a party fails to submit any evidentiary declarations supporting such

11  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

12  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

13  tantamount to not making any objection at all").

14        For example, this request does not seek information protected by the

15  attorney-client privilege, the attorney work product doctrine, or any other

16  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

17  secret theft by former Mattel employees.  Further, Mattel has failed to provide a

18  privilege log, thus waiving this objection as to any allegedly privileged documents.

19        Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

20  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

21  or no requests for discovery are premature at this point…." Judge Larson agreed,

22  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

23  case at all.").

24        Mattel's expert disclosure objection is also without support.  The fact that

25  expert testimony may ultimately bear on some of the subjects of the request does

26  not excuse Mattel from its obligation to provide full and complete responses based

27  on the information Mattel presently has and to produce those responsive

28  documents.

1   In addition, Mattel's bare assertion that MGA has "failed to produce

2   witnesses for deposition and [is] withholding information and documents requested

3   in violation of orders of the Discovery Master and the Court" is not only

4   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

5   obligation to fully respond to the requests would be unaffected.

6   Also, this request does not seek information violative of any third-party's

7   rights of privacy.  The facts, persons, and documents responsive to this request are

8   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

9   itself previously has argued, any privacy issues are fully addressed by the Protective

10   Order in this case.

11   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

12   information or documents that are in the possession, custody and control of

13   independent parties over whom Mattel has no control" is nonsensical – Mattel is

14   obligated to provide all information in its possession, custody, or control that is

15   responsive to the request.

16   In short, Mattel's objections are uniformly without merit and frivolous.  The

17   Discovery Master should order Mattel to provide a substantive response to Request

18   No. 60 without objection and order Mattel to produce all documents responsive to

19   this request.

20

21   <u>REQUEST FOR PRODUCTION NO. 64:</u>

22

23   DOCUMENTS sufficient to identify with specificity any alleged trade secret

24   owned by MATTEL that YOU contend was misappropriated by or on behalf of

25   MGA, except for any BRATZ INJUNCTION EXHIBITS.

26

27

28

- 284 -

1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

2

3       Mattel incorporates by reference the above-stated general objections as if

4   fully set forth herein.  Mattel also specifically objects to this Request because it is

5   an interrogatory and not a proper document request.  Mattel further objects to this

6   Request on the grounds that it is vague, ambiguous, and overbroad.  Mattel also

7   specifically objects to this Request on the ground that it is premature because the

8   subject matter of this Request will be the subject of expert testimony at trial.  Mattel

9   objects to this Request to the extent it seeks to limit the expert testimony that Mattel

10  may seek to introduce at trial.  Mattel will identify its experts and make related

11  disclosures in accordance with the Court's orders and applicable rules.  Mattel

12  further objects that this Request is premature because Defendants have not

13  complied with their discovery obligations.  They have failed to produce witnesses

14  for deposition and are withholding information and documents requested in

15  violation of orders of the Discovery Master and the Court.  Mattel further objects to

16  this Request to the extent that it calls for the disclosure of information subject to the

17  attorney-client privilege, the attorney work-product doctrine and other applicable

18  privileges.  Mattel further objects to this Request on the ground and to the extent it

19  seeks trade secret, proprietary or otherwise confidential information of Mattel or

20  third parties.  Any such documents that are produced, if any, will be produced only

21  pursuant to and in reliance upon the Protective Order entered in this case.  Mattel

22  also objects to this Request to the extent it seeks documents that are in the

23  possession, custody and control of a foreign subsidiary of a party.  MGA has

24  objected that such documents are not within the scope of requests to a domestic

25  party.  Mattel further objects to this Request to the extent that it may seek

26  documents already produced by Mattel, including documents stolen by MGA and

27  other defendants.  Such documents will not be produced again.

28

1        Subject to the foregoing objections, Mattel responds as follows: At a

2    mutually agreeable time and place, Mattel will produce non-privileged documents,

3    if any, that Mattel has been able to locate and identify after a diligent search and

4    reasonable inquiry, to the extent not previously produced, that were

5    misappropriated from Mattel for or on behalf of MGA.

6

7        <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

8        <u>REQUEST FOR PRODUCTION NO. 64 SHOULD BE COMPELLED AND</u>

9        <u>DOCUMENTS SHOULD BE PRODUCED</u>

10

11       Mattel has agreed to produce responsive documents in its response and has

12   confirmed its agreement to produce documents in various meet and confer

13   discussions with MGA.  Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

14   produced a single responsive document to this request.  <u>Id</u>.; Chaudoir Decl., ¶ 9.

15   Moreover, Mattel has ceased communicating with MGA concerning these and all

16   other disputes related to MGA's First Set of Phase 2 Requests for Production of

17   Documents and Things (Nos. 1-68).  <u>Id</u>.  Mattel must be compelled to produce

18   responsive documents by a date certain.

19       To the extent that Mattel is relying on its blanket objections, they are not

20   sustainable and do not justify Mattel's failure to produce documents.  As to

21   overbreadth, Mattel provides no explanation, let alone the required particularity, as

22   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

23   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

24   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

25   request is narrowly tailored to seek documents concerning Mattel's claims of trade

26   secret misappropriation and evidence proving MGA's affirmative defenses to those

27   claims.  Finally, the request is only as broad as Mattel's trade secret

28   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

1  were misappropriated, MGA is entitled to seek that information in the form of this
2  request.

3          As to burden, Mattel has not attempted to demonstrate why responding to
4  these requests and/or producing responsive documents presents any burden.  This
5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
6  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
7  request is unduly burdensome must allege specific facts which indicate the nature
8  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in
9  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,
10 at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.
11 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting
12 party failed to particularize its basis for the objection); Seff v. General Outdoor
13 Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly
14 burdensome" objection because value of information to plaintiff clearly outweighed
15 any annoyance or expense involved in disclosure by defendant); Capacchione v.
16 Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)
17 ("Requiring a responding party to perform extensive research or to compile
18 substantial amounts of data and information does not automatically constitute an
19 undue burden….  Imposing such a burden is particularly proper where, as here, the
20 information sought is crucial to the ultimate determination of a crucial issue….").
21 To the extent that there is any burden at all, it is from Mattel's having filed broad-
22 based and unwarranted attacks on MGA's conduct in three countries.  The need for
23 this information to defend against Mattel's claims clearly outweighs any potential
24 burden to Mattel.  Indeed, the Discovery Master has already ruled that a party
25 cannot complain that requests are unduly burdensome when the request "merely
26 seeks information regarding the extent of" a party's claim.  Order No. 17, dated
27 April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel
28 infringed numerous products, Mattel has the right to discover the scope of the

1  alleged claims.  Accordingly, the objections are overruled.").

2      Mattel also makes a number of other improper objections, none of which is

3  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

4  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

5  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

6  with specificity are routinely rejected in the Central District.  See A. Farber and

7  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

8  boilerplate objections such as 'overly burdensome and harassing' are improper –

9  especially when a party fails to submit any evidentiary declarations supporting such

10  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

11  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

12  tantamount to not making any objection at all").

13      For example, this request does not seek information protected by the

14  attorney-client privilege, the attorney work product doctrine, or any other

15  applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade

16  secret theft by former Mattel employees.  Further, Mattel has failed to provide a

17  privilege log, thus waiving this objection as to any allegedly privileged documents.

18      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

19  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

20  or no requests for discovery are premature at this point…."  Judge Larson agreed,

21  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

22  case at all.").

23      Mattel's expert disclosure objection is also without support.  The fact that

24  expert testimony may ultimately bear on some of the subjects of the request does

25  not excuse Mattel from its obligation to provide full and complete responses based

26  on the information Mattel presently has and to produce those responsive

27  documents.

28      In addition, Mattel's bare assertion that MGA has "failed to produce

1    witnesses for deposition and [is] withholding information and documents requested

2    in violation of orders of the Discovery Master and the Court" is not only

3    unsupported and false, but immaterial – if this were true (and it is not), Mattel's

4    obligation to fully respond to the requests would be unaffected.

5         Also, this request does not seek information violative of any third-party's

6    rights of privacy.  The facts, persons, and documents responsive to this request are

7    in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

8    itself previously has argued, any privacy issues are fully addressed by the Protective

9    Order in this case.

10        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

11   information or documents that are in the possession, custody and control of

12   independent parties over whom Mattel has no control" is nonsensical – Mattel is

13   obligated to provide all information in its possession, custody, or control that is

14   responsive to the request.

15        In short, Mattel's objections are uniformly without merit and frivolous.  The

16   Discovery Master should order Mattel to provide a substantive response to Request

17   No. 64 without objection and order Mattel to produce all documents responsive to

18   this request.

19

20        REQUEST FOR PRODUCTION NO. 65:

21

22        DOCUMENTS sufficient to identify with specificity each alleged trade

23   secret owned by MATTEL that YOU contend was used by MGA, except for any

24   BRATZ INJUNCTION EXHIBITS.

25

26

27

28

1

RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

2

3          Mattel incorporates by reference the above-stated general objections as if

4    fully set forth herein.  Mattel also specifically objects to this Request because it is

5    an interrogatory and not a proper document request.  Mattel further objects to this

6    Request on the grounds that it is vague, ambiguous, and overbroad.  Mattel also

7    specifically objects to this Request on the ground that it is premature because the

8    subject matter of this Request will be the subject of expert testimony at trial.  Mattel

9    objects to this Request to the extent it seeks to limit the expert testimony that Mattel

10   may seek to introduce at trial.  Mattel will identify its experts and make related

11   disclosures in accordance with the Court's orders and applicable rules.  Mattel

12   further objects that this Request is premature because Defendants have not

13   complied with their discovery obligations.  They have failed to produce witnesses

14   for deposition and are withholding information and documents requested in

15   violation of orders of the Discovery Master and the Court.  Mattel further objects to

16   this Request to the extent that it calls for the disclosure of information subject to the

17   attorney-client privilege, the attorney work-product doctrine and other applicable

18   privileges.  Mattel further objects to this Request on the ground and to the extent it

19   seeks trade secret, proprietary or otherwise confidential information of Mattel or

20   third parties.  Any such documents that are produced, if any, will be produced only

21   pursuant to and in reliance upon the Protective Order entered in this case.  Mattel

22   also objects to this Request to the extent it seeks documents that are in the

23   possession, custody and control of a foreign subsidiary of a party.  MGA has

24   objected that such documents are not within the scope of requests to a domestic

25   party.  Mattel further objects to this Request to the extent that it may seek

26   documents already produced by Mattel, including documents stolen by MGA and

27   other defendants.  Such documents will not be produced again.

28

1    Subject to the foregoing objections, Mattel responds as follows: At a

2    mutually agreeable time and place, Mattel will produce non-privileged documents,

3    if any, that Mattel has been able to locate and identify after a diligent search and

4    reasonable inquiry, to the extent not previously produced, that were

5    misappropriated from Mattel for or on behalf of MGA.

6

7    FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

8    REQUEST FOR PRODUCTION NO. 65 SHOULD BE COMPELLED AND

9    DOCUMENTS SHOULD BE PRODUCED

10

11    During meet and confer discussions with Mattel, Mattel advised that it would

12    only produce documents "that were misappropriated from Mattel for or on behalf of

13    MGA."  Mankey Decl., Ex. D.  Mattel also agreed to consider supplementing the

14    response to this Request.  Id.  Despite that agreement, however, Mattel has neither

15    agreed to supplement the request nor produce responsive documents to the request.

16    Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA

17    concerning this and all other disputes related to MGA's First Set of Phase 2

18    Requests for Production of Documents and Things (Nos. 1-68).  Id.

19    The documents responsive to this request are clearly relevant and

20    discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

21    and fail to justify Mattel's failure to produce all responsive documents.  As to

22    overbreadth, Mattel provides no explanation, let alone the required particularity, as

23    to **why** these requests are supposedly overly broad, nor can it do so.  This objection

24    is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

25    objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

26    request is narrowly tailored to seek documents concerning Mattel's claims of trade

27    secret misappropriation and evidence proving MGA's affirmative defenses to those

28    claims.  Finally, the request is only as broad as Mattel's trade secret

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)

1   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

2   were misappropriated, MGA is entitled to seek that information in the form of this

3   request.

4          As to burden, Mattel has not attempted to demonstrate why responding to

5   these requests and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  <u>See Jackson v. Montgomery Ward & Co.,</u>

7   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

10  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

11  at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D.

12  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

13  party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

14  <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

15  burdensome" objection because value of information to plaintiff clearly outweighed

16  any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

17  <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

18  ("Requiring a responding party to perform extensive research or to compile

19  substantial amounts of data and information does not automatically constitute an

20  undue burden….  Imposing such a burden is particularly proper where, as here, the

21  information sought is crucial to the ultimate determination of a crucial issue….").

22  To the extent that there is any burden at all, it is from Mattel's having filed broad-

23  based and unwarranted attacks on MGA's conduct in three countries.  The need for

24  this information to defend against Mattel's claims clearly outweighs any potential

25  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

26  cannot complain that requests are unduly burdensome when the request "merely

27  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

28  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

1   infringed numerous products, Mattel has the right to discover the scope of the

2   alleged claims.  Accordingly, the objections are overruled.").

3        Mattel also makes a number of other improper objections, none of which is

4   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

5   to part of a request must specify the part and permit inspection of the rest."  Fed. R.

6   Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

7   with specificity are routinely rejected in the Central District.  See A. Farber and

8   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

9   boilerplate objections such as 'overly burdensome and harassing' are improper –

10  especially when a party fails to submit any evidentiary declarations supporting such

11  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

12  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

13  tantamount to not making any objection at all").

14       For example, this request does not seek information protected by the

15  attorney-client privilege, the attorney work product doctrine, or any other

16  applicable privilege.  Further, Mattel has failed to provide a privilege log, thus

17  waiving this objection as to any allegedly privileged documents.

18       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

19  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

20  or no requests for discovery are premature at this point…."  Judge Larson agreed,

21  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

22  case at all.").

23       Mattel's expert disclosure objection is also without support.  The fact that

24  expert testimony may ultimately bear on some of the subjects of the request does

25  not excuse Mattel from its obligation to provide full and complete responses based

26  on the information Mattel presently has and to produce those responsive

27  documents.

28       In addition, Mattel's bare assertion that MGA has "failed to produce

witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 65 without objection and order Mattel to produce the computers.


REQUEST FOR PRODUCTION NO. 66:

All DOCUMENTS REFLECTING any damage, loss or injury caused to MATTEL by reason of any alleged misappropriation by MGA of any of MATTEL'S alleged trade secrets, except for any BRATZ INJUNCTION EXHIBITS, that YOU allege in YOUR COUNTERCLAIMS.


RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the

grounds that it is vague and ambiguous.  Mattel objects to the use of the term "REFLECTING" as being vague, ambiguous, and overbroad.  Mattel further objects to the Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations by failing to produce witnesses for deposition and withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel further objects that this Request is premature in that Mattel has not yet calculated its damages, nor is Mattel required to elect a damages theory at this point.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

1       <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

2       <u>REQUEST FOR PRODUCTION NO. 66 SHOULD BE COMPELLED AND</u>

3       <u>DOCUMENTS SHOULD BE PRODUCED</u>

4

5          During meet and confer discussions with Mattel, Mattel agreed to

6 supplement its response to this request. Mankey Decl., Ex. D. Despite that

7 agreement, however, Mattel has neither agreed to supplement the request nor

8 produce responsive documents to the request. Chaudoir Decl., ¶ 9. Instead, Mattel

9 has ceased communicating with MGA concerning this and all other disputes related

10 to MGA's First Set of Phase 2 Requests for Production of Documents and Things

11 (Nos. 1-68). <u>Id</u>.

12          The documents responsive to this request are clearly relevant and

13 discoverable. Additionally, Mattel's remaining objections are generic, inapplicable

14 and fail to justify Mattel's failure to produce all responsive documents. As to

15 overbreadth, Mattel provides no explanation, let alone the required particularity, as

16 to *why* these requests are supposedly overly broad, nor can it do so. This objection

17 is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling

18 objections not stated with specificity), Chaudoir Decl., Ex. 10. To the contrary, the

19 request is narrowly tailored to seek documents concerning Mattel's claims of trade

20 secret misappropriation and evidence proving MGA's affirmative defenses to those

21 claims. Finally, the request is only as broad as Mattel's trade secret

22 misappropriation claim. Since Mattel has yet to identify the trade secrets it claims

23 were misappropriated, MGA is entitled to seek that information in the form of this

24 request.

25          As to burden, Mattel has not attempted to demonstrate why responding to

26 these requests and/or producing responsive documents presents any burden. This

27 objection must therefore be rejected. <u>See</u> Jackson v. Montgomery Ward & Co.,

28 <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

3    Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

4    at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

5    94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

6    party failed to particularize its basis for the objection); Seff v. General Outdoor

7    Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

8    burdensome" objection because value of information to plaintiff clearly outweighed

9    any annoyance or expense involved in disclosure by defendant); Capacchione v.

10   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

11   ("Requiring a responding party to perform extensive research or to compile

12   substantial amounts of data and information does not automatically constitute an

13   undue burden…. Imposing such a burden is particularly proper where, as here, the

14   information sought is crucial to the ultimate determination of a crucial issue….").

15   To the extent that there is any burden at all, it is from Mattel's having filed broad-

16   based and unwarranted attacks on MGA's conduct in three countries. The need for

17   this information to defend against Mattel's claims clearly outweighs any potential

18   burden to Mattel. Indeed, the Discovery Master has already ruled that a party

19   cannot complain that requests are unduly burdensome when the request "merely

20   seeks information regarding the extent of" a party's claim. Order No. 17, dated

21   April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

22   infringed numerous products, Mattel has the right to discover the scope of the

23   alleged claims. Accordingly, the objections are overruled.").

24         Mattel also makes a number of other improper objections, none of which is

25   substantiated (or valid). Under the Federal Rules of Civil Procedure, "an objection

26   to part of a request must specify the part and permit inspection of the rest." Fed. R.

27   Civ. P. 33(b)(2). Generic objections that fail to explain the basis for an objection

28   with specificity are routinely rejected in the Central District. See A. Farber and

1   <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

2   boilerplate objections such as 'overly burdensome and harassing' are improper –

3   especially when a party fails to submit any evidentiary declarations supporting such

4   objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584,

5   587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

6   tantamount to not making any objection at all").

7        For example, this request does not seek information protected by the

8   attorney-client privilege, the attorney work product doctrine, or any other

9   applicable privilege.  Further, Mattel has failed to provide a privilege log, thus

10  waiving this objection as to any allegedly privileged documents.

11       Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

12  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

13  or no requests for discovery are premature at this point…."  Judge Larson agreed,

14  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

15  case at all.").

16       Mattel's expert disclosure objection is also without support.  The fact that

17  expert testimony may ultimately bear on some of the subjects of the request does

18  not excuse Mattel from its obligation to provide full and complete responses based

19  on the information Mattel presently has and to produce those responsive

20  documents.

21       In addition, Mattel's bare assertion that MGA has "failed to produce

22  witnesses for deposition and [is] withholding information and documents requested

23  in violation of orders of the Discovery Master and the Court" is not only

24  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

25  obligation to fully respond to the requests would be unaffected.

26       Also, this request does not seek information violative of any third-party's

27  rights of privacy.  The facts, persons, and documents responsive to this request are

28  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

1   itself previously has argued, any privacy issues are fully addressed by the Protective

2   Order in this case.

3       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

4   information or documents that are in the possession, custody and control of

5   independent parties over whom Mattel has no control" is nonsensical – Mattel is

6   obligated to provide all information in its possession, custody, or control that is

7   responsive to the request.

8       In short, Mattel's objections are uniformly without merit and frivolous.  The

9   Discovery Master should order Mattel to provide a substantive response to Request

10  No. 66 without objection and order Mattel to produce the computers.

11

12      REQUEST FOR PRODUCTION NO. 67:

13

14  All DOCUMENTS REFLECTING any damage, loss or injury caused to

15  MATTEL by reason of any violation of the Racketeer Influenced and Corrupt

16  Organization Act that YOU allege in the Second Counterclaim of YOUR

17  COUNTERCLAIMS.

18      RESPONSE TO REQUEST FOR PRODUCTION NO. 67:

19

20      Mattel incorporates by reference the above-stated general objections as if

21  fully set forth herein.  Mattel also specifically objects to this Request on the

22  grounds that it is vague and ambiguous.  Mattel objects to the use of the term

23  "REFLECTING" as being vague, ambiguous, and overbroad.  Mattel further

24  objects to the Request on the ground that it is premature because the subject matter

25  of this Request will be the subject of expert testimony at trial.  Mattel objects to this

26  Request to the extent it seeks to limit the expert testimony that Mattel may seek to

27  introduce at trial.  Mattel will identify its experts and make related disclosures in

28  accordance with the Court's orders and applicable rules.  Mattel further objects that

1   this Request is premature because Defendants have not complied with their

2   discovery obligations by failing to produce witnesses for deposition and

3   withholding information and documents requested in violation of orders of the

4   Discovery Master and the Court.  Mattel further objects that this Request is

5   premature in that Mattel has not yet calculated its damages, nor is Mattel required

6   to elect a damages theory at this point.  Mattel further objects to this Request to the

7   extent that it calls for the disclosure of information subject to the attorney-client

8   privilege, the attorney work-product doctrine and other applicable privileges.

9   Mattel further objects to this Request on the ground and to the extent it seeks trade

10  secret, proprietary or otherwise confidential information of Mattel or third parties.

11  Any such documents that are produced, if any, will be produced only pursuant to

12  and in reliance upon the Protective Order entered in this case.  Mattel also objects

13  to this Request to the extent it seeks documents that are in the possession, custody

14  and control of a foreign subsidiary of a party.  MGA has objected that such

15  documents are not within the scope of requests to a domestic party.  Mattel further

16  objects to this Request to the extent that it may seek documents already produced

17  by Mattel, including documents stolen by MGA and other defendants.  Such

18  documents will not be produced again.

19

20         FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

21         REQUEST FOR PRODUCTION NO. 67 SHOULD BE COMPELLED AND

22         DOCUMENTS SHOULD BE PRODUCED

23

24         During meet and confer discussions with Mattel, Mattel agreed to

25  supplement its response to this request.  Mankey Decl., Ex. D.  Despite that

26  agreement, however, Mattel has neither agreed to supplement the request nor

27  produce responsive documents to the request.  Chaudoir Decl., ¶ 9.  Instead, Mattel

28  has ceased communicating with MGA concerning this and all other disputes related

1    to MGA's First Set of Phase 2 Requests for Production of Documents and Things

2    (Nos. 1-68).  Id.

3           The documents responsive to this request are clearly relevant and

4    discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

5    and fail to justify Mattel's failure to produce all responsive documents.  As to

6    overbreadth, Mattel provides no explanation, let alone the required particularity, as

7    to *why* these requests are supposedly overly broad, nor can it do so.  This objection

8    is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

9    objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

10   request is narrowly tailored to seek documents concerning Mattel's claims of trade

11   secret misappropriation and evidence proving MGA's affirmative defenses to those

12   claims.  Finally, the request is only as broad as Mattel's trade secret

13   misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

14   were misappropriated, MGA is entitled to seek that information in the form of this

15   request.

16          As to burden, Mattel has not attempted to demonstrate why responding to

17   these requests and/or producing responsive documents presents any burden.  This

18   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20   request is unduly burdensome must allege specific facts which indicate the nature

21   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

22   Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

23   at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D.

24   94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

25   party failed to particularize its basis for the objection); Seff v. General Outdoor

26   Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

27   burdensome" objection because value of information to plaintiff clearly outweighed

28   any annoyance or expense involved in disclosure by defendant); Capacchione v.

1   Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

2   ("Requiring a responding party to perform extensive research or to compile

3   substantial amounts of data and information does not automatically constitute an

4   undue burden….  Imposing such a burden is particularly proper where, as here, the

5   information sought is crucial to the ultimate determination of a crucial issue….").

6   To the extent that there is any burden at all, it is from Mattel's having filed broad-

7   based and unwarranted attacks on MGA's conduct in three countries.  The need for

8   this information to defend against Mattel's claims clearly outweighs any potential

9   burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

10  cannot complain that requests are unduly burdensome when the request "merely

11  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

12  April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel

13  infringed numerous products, Mattel has the right to discover the scope of the

14  alleged claims.  Accordingly, the objections are overruled.").

15      Mattel also makes a number of other improper objections, none of which is

16  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection

17  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

18  Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection

19  with specificity are routinely rejected in the Central District.  See A. Farber and

20  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

21  boilerplate objections such as 'overly burdensome and harassing' are improper –

22  especially when a party fails to submit any evidentiary declarations supporting such

23  objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

24  587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and

25  tantamount to not making any objection at all").

26      For example, this request does not seek information protected by the

27  attorney-client privilege, the attorney work product doctrine, or any other

28  applicable privilege.  Further, Mattel has failed to provide a privilege log, thus

1    waiving this objection as to any allegedly privileged documents.

2          Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

3    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues

4    or no requests for discovery are premature at this point…."  Judge Larson agreed,

5    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

6    case at all.").

7          Mattel's expert disclosure objection is also without support.  The fact that

8    expert testimony may ultimately bear on some of the subjects of the request does

9    not excuse Mattel from its obligation to provide full and complete responses based

10   on the information Mattel presently has and to produce those responsive

11   documents.

12         In addition, Mattel's bare assertion that MGA has "failed to produce

13   witnesses for deposition and [is] withholding information and documents requested

14   in violation of orders of the Discovery Master and the Court" is not only

15   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

16   obligation to fully respond to the requests would be unaffected.

17         Also, this request does not seek information violative of any third-party's

18   rights of privacy.  The facts, persons, and documents responsive to this request are

19   in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

20   itself previously has argued, any privacy issues are fully addressed by the Protective

21   Order in this case.

22         Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

23   information or documents that are in the possession, custody and control of

24   independent parties over whom Mattel has no control" is nonsensical – Mattel is

25   obligated to provide all information in its possession, custody, or control that is

26   responsive to the request.

27         In short, Mattel's objections are uniformly without merit and frivolous.  The

28   Discovery Master should order Mattel to provide a substantive response to Request

1  No. 67 without objection and order Mattel to produce the computers.

2  <u>REQUEST FOR PRODUCTION NO. 68:</u>

3

4  All DOCUMENTS REFLECTING any other damage, loss or injury caused

5  to MATTEL by reason of any act or omission alleged in those of MATTEL'S

6  COUNTERCLAIMS being tried in PHASE 2.

7  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 68:</u>

8

9  Mattel incorporates by reference the above-stated general objections as if

10  fully set forth herein.  Mattel also specifically objects to this Request on the

11  grounds that it is vague and ambiguous.  Mattel objects to the use of the term

12  "REFLECTING" as being vague, ambiguous, and overbroad.  Mattel further

13  objects to the Request on the ground that it is premature because the subject matter

14  of this Request will be the subject of expert testimony at trial.  Mattel objects to this

15  Request to the extent it seeks to limit the expert testimony that Mattel may seek to

16  introduce at trial.  Mattel will identify its experts and make related disclosures in

17  accordance with the Court's orders and applicable rules.  Mattel further objects that

18  this Request is premature because Defendants have not complied with their

19  discovery obligations by failing to produce witnesses for deposition and

20  withholding information and documents requested in violation of orders of the

21  Discovery Master and the Court.  Mattel further objects that this Request is

22  premature in that Mattel has not yet calculated its damages, nor is Mattel required

23  to elect a damages theory at this point.  Mattel further objects to this Request to the

24  extent that it calls for the disclosure of information subject to the attorney-client

25  privilege, the attorney work-product doctrine and other applicable privileges.

26  Mattel further objects to this Request on the ground and to the extent it seeks trade

27  secret, proprietary or otherwise confidential information of Mattel or third parties.

28  Any such documents that are produced, if any, will be produced only pursuant to

1    and in reliance upon the Protective Order entered in this case.  Mattel also objects

2    to this Request to the extent it seeks documents that are in the possession, custody

3    and control of a foreign subsidiary of a party.  MGA has objected that such

4    documents are not within the scope of requests to a domestic party.  Mattel further

5    objects to this Request to the extent that it may seek documents already produced

6    by Mattel, including documents stolen by MGA and other defendants.  Such

7    documents will not be produced again.

8

9        <u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>

10       <u>REQUEST FOR PRODUCTION NO. 68 SHOULD BE COMPELLED AND</u>

11       <u>DOCUMENTS SHOULD BE PRODUCED</u>

12

13       During meet and confer discussions with Mattel, Mattel agreed to

14   supplement its response to this request.  Mankey Decl., Ex. D.  Despite that

15   agreement, however, Mattel has neither agreed to supplement the request nor

16   produce responsive documents to the request.  Chaudoir Decl., ¶ 9.  Instead, Mattel

17   has ceased communicating with MGA concerning this and all other disputes related

18   to MGA's First Set of Phase 2 Requests for Production of Documents and Things

19   (Nos. 1-68).  <u>Id</u>.

20       The documents responsive to this request are clearly relevant and

21   discoverable.  Additionally, Mattel's remaining objections are generic, inapplicable

22   and fail to justify Mattel's failure to produce all responsive documents.  As to

23   overbreadth, Mattel provides no explanation, let alone the required particularity, as

24   to *why* these requests are supposedly overly broad, nor can it do so.  This objection

25   is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

26   objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the

27   request is narrowly tailored to seek documents concerning Mattel's claims of trade

28   secret misappropriation and evidence proving MGA's affirmative defenses to those

1  claims.  Finally, the request is only as broad as Mattel's trade secret

2  misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims

3  were misappropriated, MGA is entitled to seek that information in the form of this

4  request.

5          As to burden, Mattel has not attempted to demonstrate why responding to

6  these requests and/or producing responsive documents presents any burden.  This

7  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

8  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9  request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

11  Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17,

12  at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D.

13  94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting

14  party failed to particularize its basis for the objection); <u>Seff v. General Outdoor</u>

15  <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

16  burdensome" objection because value of information to plaintiff clearly outweighed

17  any annoyance or expense involved in disclosure by defendant); <u>Capacchione v.</u>

18  <u>Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998)

19  ("Requiring a responding party to perform extensive research or to compile

20  substantial amounts of data and information does not automatically constitute an

21  undue burden….  Imposing such a burden is particularly proper where, as here, the

22  information sought is crucial to the ultimate determination of a crucial issue….").

23  To the extent that there is any burden at all, it is from Mattel's having filed broad-

24  based and unwarranted attacks on MGA's conduct in three countries.  The need for

25  this information to defend against Mattel's claims clearly outweighs any potential

26  burden to Mattel.  Indeed, the Discovery Master has already ruled that a party

27  cannot complain that requests are unduly burdensome when the request "merely

28  seeks information regarding the extent of" a party's claim.  Order No. 17, dated

April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point…." Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

1    In addition, Mattel's bare assertion that MGA has "failed to produce

2  witnesses for deposition and [is] withholding information and documents requested

3  in violation of orders of the Discovery Master and the Court" is not only

4  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

5  obligation to fully respond to the requests would be unaffected.

6    Also, this request does not seek information violative of any third-party's

7  rights of privacy.  The facts, persons, and documents responsive to this request are

8  in the possession, custody, control, or knowledge of Mattel itself, and as Mattel

9  itself previously has argued, any privacy issues are fully addressed by the Protective

10  Order in this case.

11    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

12  information or documents that are in the possession, custody and control of

13  independent parties over whom Mattel has no control" is nonsensical – Mattel is

14  obligated to provide all information in its possession, custody, or control that is

15  responsive to the request.

16    In short, Mattel's objections are uniformly without merit and frivolous.  The

17  Discovery Master should order Mattel to provide a substantive response to Request

18  No. 68 without objection and order Mattel to produce the computers.

19

20  Dated:  July 31, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

21

22                  By:  _____/s/ William A. Molinski_____

23                      William A. Molinski
                    Attorneys for MGA ENTERTAINMENT, INC.,
24                  MGA ENTERTAINMENT HK, LTD., MGA de
                    MEXICO, S.R.L. de C.V., and ISAAC LARIAN

25

26

27

28

SEPARATE  STATEMENT IN SUPPORT OF MGA'S MOTION TO
COMPEL FURTHER RESPONSES
CV 04-9049 SGL (RNBx)