MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148008)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-SGL (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard by Discovery Master Robert O'Brien]**<br><br>**DECLARATION OF CAROLINE H. MANKEY IN SUPPORT OF MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2 REQUESTS FOR PRODUCTION AND FOR PRODUCTION OF DOCUMENTS**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: TBD<br>**Phase 2**<br>Discovery Cutoff: December 11, 2009<br>Pretrial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

OHS West:260703575.1

## DECLARATION OF CAROLINE H. MANKEY

I, Caroline H. Mankey, hereby declare that:

1.     I am an attorney at law, duly licensed to practice before all Courts of the State of California, and am a partner of the law firm of Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP, former Phase 2 attorneys of record herein for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V.  I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2.     On June 24, 2009, I sent a detailed meet and confer letter to Jon Corey, counsel for Mattel, Inc. ("Mattel"), regarding Mattel's responses (the "Responses") to MGA's First Set of Phase 2 Requests for Production of Documents and Things (the "Requests").  Attached hereto as Exhibit A is a true and correct copy of my June 24 letter.

3.     On June 30, 2009, I received a response from Marshall Searcy, counsel for Mattel, to my June 24 letter to Jon Corey.  Among other things, Mr. Searcy asked for a clarification of which of Mattel's Responses MGA believed to be unsatisfactory. Attached hereto as Exhibit B is a true and correct copy of Mr. Searcy's letter.

4.     On July 1, 2009, I sent Mr. Searcy a response to his June 30 letter, in which I identified the specific Responses regarding which I wanted to meet and confer.  I also indicated that *all* of the Responses were inadequate because Mattel had as yet produced no responsive documents, despite representing that it would do so. Attached hereto as Exhibit C is a true and correct copy of my July 1 letter.

5.     Later on July 1, 2009, I had a telephonic meet and confer with Mr. Searcy and his colleague, Bridget Hauler, during which we discussed almost all of the Requests and Responses.  On July 7, 2009, I sent Mr. Searcy a letter confirming the outcome of the telephonic conference.  I also proposed July 15, 2009, as the date for Mattel to produce any responsive documents.  Attached hereto as Exhibit D is a true and correct copy of my July 7 letter.

6.      On July 8, 2009, I participated in a further telephonic conference with Mr. Searcy and Ms. Hauler to meet and confer about the Responses.  At the time of this call, the law firm of Orrick, Herrington & Sutcliffe, LLP ("Orrick") had substituted in for my firm as counsel of record for MGA in this action, so Chris Chaudoir of Orrick also participated in the July 8 call.  During that call, we discussed, among other things, my July 7 letter to Mr. Searcy.  Mr. Searcy confirmed that it accurately reflected the discussions held during our July 1 telephone conference.  However, he did not confirm his agreement to produce documents on July 15, 2009.  We also discussed the protocol for Mattel's production of certain computer hard drives.  Mr. Searcy initially offered to send a written proposal for a protocol to Mr. Chaudoir within the next few days, but then suggested that Mr. Chaudoir instead send Mr. Searcy a proposed protocol.  That telephone conference concluded my involvement in the meet and confer efforts regarding Mattel's Responses.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 29th day of July, 2009, in Los Angeles, California.

Caroline H. Mankey

# EXHIBIT A

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

June 24, 2009

ⱦⱦⱦ MERITAS LAW FIRMS WORLDWIDE

<u>VIA E-MAIL & FACSIMILE</u>

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

      Re:    *Bryant v. Mattel, Inc., and consolidated actions*

Dear Mr. Corey:

     I am writing to request a meet and confer pursuant to paragraph 5 of the Discovery Master Order and Local Rule 37-1 in connection with Mattel's responses to MGA's First Set of Phase 2 Requests for Production of Documents and Things (the "Requests").

## General Objections

     Mattel's general objections are all non-specific, unsupported boilerplate objections.  As such, all are without merit.  Federal Rule of Civil Procedure 34 requires an objection to set forth the specifics of the objection and how the objection relates to the documents requested.  Generic, non-specific objections are improper. *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections."); *Walker v. Lakewood Condominium Owners Ass'n.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

     Mattel's general objections are also improper for additional reasons, including, without limitation, the following:

675897

**EXHIBIT A  Page 3**

Jon D. Corey, Esq.
June 24, 2009
Page 2

### Privilege Objections

Mattel objects to the Requests on the grounds that they seek documents protected by the attorney client privilege, work product doctrine, right to privacy or other laws or privileges. To the extent that Mattel is withholding documents on the basis of any privilege, it must promptly provide MGA with a privilege log that sufficiently describes those documents so that MGA may adequately evaluate Mattel's claims of privilege. Federal Rule of Civil Procedure 26(b)(5); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived privilege objections by failing to provide privilege log within thirty days of serving its responses).

### Overly Broad, Unduly Burdensome, Oppressive or Unreasonably Cumulative

Mattel has asserted conclusory objections to the Requests on the grounds that they are overly broad, unduly burdensome, oppressive or unreasonably cumulative. Such conclusory objections are insufficient to defeat Mattel's obligation to provide responsive documents. Rather, it is Mattel's burden to prove, for example, that such production would be unduly burdensome. *E.g., Goodman v. U.S.*, 369 F.2d 166, 169 (9th Cir. 1966). However, Mattel has not provided any factual or other support for these objections.

### Relevance

Mattel objects to the Requests on the ground and to the extent that they seek information that is not relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Such an objection is so completely lacking in basis or merit that it can only have been asserted in bad faith. Each of the Requests seeks documents central to the claims and defenses currently pending in this action, including, but not limited to, documents supporting or negating Mattel's allegations of trade secret theft and violation of the Racketeer Influenced and Corrupt Organization Act, the purported facts asserted in Mattel's Supplemental Responses and Objections to MGA's First Set of Interrogatories (propounded during Phase 1 of the proceedings) and Mattel's purported damages.

Moreover, it is Mattel's burden to show that the allegedly irrelevant discovery should not be allowed. *Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 618 (C.D. Cal. 2007). Mattel has failed even to attempt to make such a showing.

### Trade Secret, Proprietary or Confidential Information Objection

Mattel objects to the Requests on the ground that they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties. This is not a legitimate objection. It has been well established in this case that the stipulated Protective Order entered by the Court

671042

**EXHIBIT A   Page 4**

Jon D. Corey, Esq.
June 24, 2009
Page 3

is sufficient to protect Mattel's trade secrets and proprietary or confidential information. *See, e.g.,* Phase 2 Discovery Matter Order No. 22 at p. 8, lines 9-14.

<u>Objection that Documents Are in Possession, Custody and Control of Foreign Subsidiary</u>

Mattel objects to the Requests "to the extent they seek documents in the possession, custody or control of a foreign subsidiary of a party." This objection attempts to impose improper limitations on Mattel's discovery. Federal Rule of Civil Procedure 34 clearly states that Mattel must turn over relevant, non-privileged documents within its custody, possession or control. Mattel thus has an obligation to produce documents regardless of whether those documents are outside of the United States, so long as they are in the possession, custody or control of a foreign subsidiary of Mattel over whom Mattel has control.

<u>Time, Place and Manner Objection</u>

Mattel objects to the time, place and manner of production required by the Requests and failed to produce them on the specified date for production. Instead, Mattel has indicated that it will produce responsive documents "at a mutually agreeable time and place" and "at a time and place and in a manner that is reasonable, convenient and mutually agreed upon by the parties."

Mattel, however, has set forth no basis for objecting to the timing for the production that was specified by MGA in the Requests, namely, April 27, 2009, which was 31 days after the Requests were personally served on March 27, 2009. Moreover, there is no basis for Mattel to object to the place for production, namely, my firm's offices, nor is there any basis for Mattel to object to the manner of production, which is not specified in the Requests, but which is the subject of a letter agreement between the parties dated March 29, 2007. Above all, there is no legitimate basis for Mattel's wholesale failure to produce any responsive documents now three months after service of the Requests, even despite the brief stay of discovery.

**Specific Objections**

<u>Prematurity</u>

Mattel objects to every one of the Requests on the ground that they are premature because "Defendants" have not complied with their discovery obligations. A party is obliged to produce all specified relevant and nonprivileged documents or other things which are in his or her "possession, custody, or control" on the date and place specified in the request. Fed. Rule of Civ. Proc. 34(a)(1). This obligation is not dependent upon any other party's satisfaction of its own obligation. Instead, any party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its

671042

Jon D. Corey, Esq.
June 24, 2009
Page 4

objections. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) (citing *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990)).

Thus, even if MGA had failed to comply with its discovery obligations (which it has not),[1] such failure would have no effect on Mattel's own obligation to comply with its discovery obligations.  If you have any authority to the contrary, please provide it to us.

<u>Objection to the Term "REFERRING OR RELATING TO"</u>

Mattel objects to MGA's use of the terms "REFERRING OR RELATING TO" and "REFLECTING" as being "vague, ambiguous, and overbroad." However, Mattel fails to identify any way in which the terms are vague, ambiguous or overbroad.  Indeed, Mattel has used the similar term "REFER OR RELATE TO" in its own discovery requests and made reference in its own meet and confer letters to prior orders in this case rejecting such objections. *See, e.g.*, April 2, 2009 letter from Marshall M. Searcy III to Amman Khan at p. 4.  Thus, these objections are unsupported and improper.

<u>Objection that Documents Are in Possession, Custody and Control of Foreign Subsidiary</u>

This specific objection to each of the Requests lacks merit for the same reasons (set forth above) that it lacks merit as a general objection.

<u>Privilege Objection</u>

This specific objection to each of the Requests lacks merit for the same reasons (set forth above) that it lacks merit as a general objection.

---

[1] As noted in Jean Nogues' letter to Marshall Searcy dated May 21, 2009, "MGA has produced millions of pages of documents, has responded to over 70 interrogatories, over 4500 requests for admission and over 2800 document requests, has made 30(b)(6) witnesses available on nearly 300 separate topics, and has produced dozens of witnesses for deposition."

671042

Jon D. Corey, Esq.
June 24, 2009
Page 5


Please let me know when in the next five court days you or other counsel for Mattel are available to meet and confer regarding Mattel's responses to these Requests and production of documents. Absent Mattel's agreement to produce immediately all documents responsive to the Requests that are in Mattel's possession, custody or control, along with a privilege log identifying with specificity every responsive document that Mattel is withholding, we anticipate promptly filing a motion with the Discovery Master for an order compelling the immediate production of documents and a detailed privilege log and imposing monetary sanctions on Mattel for its wholesale refusal to produce documents central to the matters at issue in this litigation.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS,
HOWARD & SHAPIRO, LLP


cc:    Patricia Benson, Esq.
       Joel Klevens, Esq.
       Amman Khan, Esq.


671042

**EXHIBIT A   Page 7**

# EXHIBIT B

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 30, 2009

<u>VIA ELECTRONIC MAIL</u>

Caroline H. Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067

Re:     <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Counsel:

I write in response to your letter of June 24, 2009, regarding Mattel's Responses to MGA's First Set of Phase 2 Requests for Production of Documents and Things (the "Requests").

As you know, Mattel indicated in its Responses that it will produce responsive documents to many of the Requests. However, your letter does not set out the particular Responses that MGA believes to be unsatisfactory. Without knowing those Responses, it is difficult for us to discuss MGA's concerns about Mattel's objections.

In any event, I am available to meet and confer regarding the Responses tomorrow afternoon . To assist with the call, could you please clarify which Responses MGA takes issue with?

I look forward to hearing from you.

Best regards,

Marshall M. Searcy III

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL 181-3-5561-1711 FAX 181-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

07975/2987337.2

**EXHIBIT B   Page 8**

# EXHIBIT C

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

July 1, 2009

ttt MERITAS LAW FIRMS WORLDWIDE

### VIA E-MAIL and FACSIMILE

Marshall M. Searcy, III, Esq.
QUINN, EMANUEL, URQUHART,
   OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:   Bryant v. Mattel, Inc. and consolidated actions

Dear Counsel:

This responds to your letter dated June 30, 2009.  I am available to meet and confer with you regarding Mattel's responses to MGA's first set of Phase 2 requests for production of documents (the "Requests") at 4:00 p.m. on July 1, 2009.

Your letter indicates that my June 24 letter failed to set out the particular responses that MGA believes to be unsatisfactory.  As Mattel has failed to produce any documents responsive to the Requests, despite representing that it would produce certain responsive documents, *all* of the responses are presently unsatisfactory.  Additionally, I would like to confer regarding specific deficiencies and/or what appear to be limitations on the documents that Mattel has agreed to produce in response to the following Requests: 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 35, 36, 41, 47, 48, 49, 50, 51, 65, 66, 67 and 68.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

CHM:lde
Enclosures
cc:   Joel Klevens, Esq.
      Jean Nogues, Esq.

681012

**EXHIBIT C   Page 9**

# EXHIBIT D

LAW OFFICES

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

July 7, 2009

ⲦⲦ MERITAS LAW FIRMS WORLDWIDE

**VIA E-MAIL and FACSIMILE**

Marshall M. Searcy, III, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:   <u>Bryant v. Mattel, Inc. and consolidated actions</u>

Dear Marshall:

     This confirms the following results of our telephonic meet and confer on July 1, 2009, regarding Mattel's responses to MGA's first set of Phase 2 requests for production of documents (the "Requests"):

     In response to my concern that Mattel has failed to produce any documents responsive to the Requests, despite representing that it would produce certain responsive documents, you indicated that you believe that Mattel has already produced all or most of the responsive documents in its possession, custody or control.  Please confirm that Mattel has produced, or is producing, all documents responsive to the Requests and that it is not withholding any documents on the basis of any objection, except for any documents that it has identified, or will identify, on a privilege log.

     With respect to Requests Nos. 3, 13, 23, 47 and 49, Mattel has agreed to produce documents sufficient to identify the personal computers assigned to Trueba, Vargas, Machado, Brisbois and Castilla at the time they resigned from Mattel.  It is Mattel's position that any computers assigned to these individuals prior to their resignation from Mattel are not relevant to the pending litigation because Mattel is not claiming that these individuals stole and gave to MGA any Mattel trade secrets taken from any computers other than those assigned to them at the time of their respective resignations.

     MGA's Request Nos. 5, 15, 26, 27, 28, 41 and 51 seek documents reflecting that certain individuals "took" certain documents from Mattel.  In response to these Requests, Mattel has agreed to produce documents that each of the subject individuals took from Mattel *and* "that show the theft of those documents."  You indicated that the use of the quoted language by Mattel was not intended to limit or narrow the language of these Requests and, therefore, that Mattel is not withholding any documents on the basis of any purported or perceived distinction between

681012

Marshall M. Searcy, III, Esq.
July 7, 2009
Page 2

documents that certain individuals "took" from Mattel and documents that "show the theft of those documents."

Similarly, MGA's Requests Nos. 6, 7, 8, 9, 16, 17, 18, 19, 29 and 30 seek documents "allegedly taken" by the subject individuals from Mattel. Mattel responds that it will produce documents "stolen" by those individuals. You indicated during our call that, by the use of this language, Mattel did not intend to limit, narrow or change the scope of the documents that it would produce in response to the Requests and that it used the word "stolen" in a manner intended to be interchangeable with the word "taken."

You also indicated that Mattel agrees to produce mirrored images of the hard drives contained in the computers assigned to Trueba, Vargas, Machado, Brisbois and Castilla at the time of their resignation from Mattel in response to Request Nos. 4, 14, 24, 25 and 48, subject to a protocol to be agreed upon by MGA and Mattel similar to the protocol that the parties agreed upon for use in connection with the production of Isaac Larian's hard drives. We both agreed that we would each review the protocol agreed upon for the production of the Larian hard drives and revisit this issue by telephone conference at 3:00 p.m. on July 7, 2009.

In response to Request Nos. 10, 12, 20, 21, 22, 32 and 33, Mattel did not agree to produce responsive documents. You indicated during our call that this is because these Requests seek documents reflecting the "unfair competitive advantage" that MGA allegedly gained over Mattel, which information would, according to Mattel, be in the exclusive possession of MGA. However, in response to Requests 11 and 31, which also seek documents reflecting the "unfair competitive advantage" that MGA allegedly gained over Mattel, Mattel responded that it "does not possess documents regarding how MGA obtained an unfair competitive advantage." You agreed to find out whether Mattel has or had documents responsive to Request Nos. 10, 12, 20, 21, 22, 32 and 33 and, if not, to confirm that Mattel does not possess any such documents.

Mattel also did not agree to produce documents responsive to Request Nos. 35 and 36, which seek documents reflecting that MGA's and MGA Mexico's alleged access to Mattel's confidential business plans or methods caused MGA or MGA Mexico to increase its market share in Mexico. You again indicated that the reason Mattel did not agree to produce documents responsive to these Requests is that such documents would likely be in the exclusive possession of MGA. Therefore, you have also agreed to find out whether Mattel has or had documents responsive to Request Nos. 35 and 36 and, if not, to confirm that Mattel does not possess any such documents.

In response to Request No. 50, which seeks the hard drive or mirror image of any hard drive from any and all computers assigned by Mattel to Castilla for use during the last year of his employment with Mattel, Mattel responded that, on April 13, 2009, it had produced to MGA a "forensic image of the Castilla-specific electronic media." You agreed to confirm that this means that Mattel has already produced a mirror image of the hard drive of any computer assigned by Mattel to Castilla during the year preceding his resignation from Mattel.

681012

**EXHIBIT D  Page 11**

Marshall M. Searcy, III, Esq.
July 7, 2009
Page 3

     In response to Request No. 65, which seeks documents "sufficient to identify with specificity each alleged trade secret owned by MATTEL that YOU contend was used by MGA," Mattel stated that it would produce only documents "that were misappropriated from Mattel for or on behalf of MGA."  You agreed during our call to consider supplementing Mattel's response to this Request.

     Finally, Mattel has agreed to supplement its responses to Request Nos. 66, 67 and 68.

     Given that the Requests have been outstanding since March 27, 2009, please confirm that Mattel will provide all of the agreed upon supplemental responses and responsive documents by Wednesday, July 15, 2009.

     Thank you for your attention to this matter.

          Very truly yours,

          Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

CHM:lde
cc:    Joel Klevens, Esq.
       Jean Nogues, Esq.

681012

**EXHIBIT D  Page 12**