# EXHIBIT 1

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@ glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
    & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
   Facsimile:  310-556-2920
6
7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:  310-312-3100
11 Attorneys for the MGA Parties For Phase Two
12
13            UNITED STATES DISTRICT COURT
14            CENTRAL DISTRICT OF CALIFORNIA
15                   EASTERN DIVISION
16 CARTER BRYANT, an individual      )  CASE NO. CV 04-9049 SGL (RNBx)
                                      )
17          Plaintiff,               )  Consolidated with Case No. 04-9059
                                      )  and Case No. 05-2727
18 v.                                 )
                                      )  **DISCOVERY MATTER**
19 MATTEL, INC., a Delaware          )
   Corporation                        )  **MGA ENTERTAINMENT, INC.'S**
20                                    )  **FIRST SET OF (PHASE 2)**
            Defendant.               )  **REQUESTS FOR PRODUCTION**
21                                    )  **OF DOCUMENTS AND THINGS**
   ─────────────────────────────     )
22                                    )  **Phase 2:**
                                      )  Discovery Cut-Off:    December 11,
23 **AND CONSOLIDATED ACTIONS**      )                        2009
                                      )  Pre-Trial Conference: March 1, 2010
24                                    )  Trial Date:           March 23, 2010
                                      )
25                                    )
                                      )
26                                    )
27
28

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  **PROPOUNDING PARTY:**      **MGA ENTERTAINMENT, INC.  ("MGA")**

2  **RESPONDING PARTY:**       **MATTEL, INC.**

3  **SET NUMBER:**             **ONE (PHASE 2)**

4  **NOS.**                    **1 - 33**

5

6       **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

7       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA

8  Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("MATTEL")

9  produce all DOCUMENTS and tangible things described, in accordance with the

10  Definitions and Instructions set forth below, at 9:00 a.m. on April 27, 2009, at the

11  offices of Glaser, Weil, Fink, Jacobs & Shapiro, LLP, 10250 Constellation

12  Boulevard, 19th Floor, Los Angeles, California 90067.

13

14                          **DEFINITIONS**

15       As used in these Requests:

16       1.      "ACTION" shall mean this action now consolidated under Case No. 04-

17  9049 before the Hon. Stephen Larson and formerly <u>Mattel v. Bryant, Inc.</u>, first filed

18  in Los Angeles County Superior Court; <u>Bryant v. Mattel, Inc.</u>; and <u>MGA</u>

19  <u>Entertainment, Inc. v. Mattel, Inc.</u>; and all counterclaims, cross-claims and defenses

20  therein.

21       2.      "BRATZ INJUNCTION EXHIBITS" means Exhibits 1-12 referenced

22  in the Order Granting Mattel, Inc.'s Motion for Permanent Injunction issued in Case

23  No. CV 04-9049, Consolidated with Case Nos. CV 04-09059 and CV 05-2727, and

24  dated December 3, 2008.

25       3.      "BRAWER" means Ron Brawer individually.

26       4.      "BRISBOIS" means Janine Brisbois individually.

27       5.      "CASTILLA" means Jorge Castilla individually.

28       6.      "COMMUNICATION[S]" means any transmission of information from

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  one person or entity to another, including, without limitation, by personal meeting,

2  conversation, letter, telephone, facsimile or electronic mail.  Each request that

3  encompasses information relating in any way to communications to, from or within a

4  business or corporate entity is hereby designated to mean, and should be construed to

5  include, all communications by and between representatives, employees, agents or

6  servants of the business or corporate entity.

7       7.      "COUNTERCLAIMS" or "COUNTERCLAIM" means MATTEL,

8  Inc.'s Second Amended Answer and Counterclaims for: 1. Copyright Infringement;

9  2. Violation of the Racketeer Influenced and Corrupt Organizations Act; 3.

10  Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act; 4.

11  Misappropriation of Trade Secrets; 5. Breach of Contract; 6. Intentional Interference

12  with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and Abetting Breach of

13  Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and Abetting Breach of

14  Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and 13. Declaratory Relief

15  filed July 12, 2007, in MGA v. Mattel, Inc., CV 05-02727, including any amendment

16  or supplement thereto.

17       8.      "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

18  Civil Procedure 34, and shall be construed in the broadest sense to mean any and all

19  writings, tangible things and property, of any kind, that are now or that have been in

20  YOUR actual or constructive possession, custody or control, including, but not

21  limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

22  punched, copied, recorded, transcribed, graphic or photographic matter of any kin f

23  or nature, in, through, or from which information may be embodied, translated,

24  conveyed or stored, whether an original, a draft or copy, however produced or

25  reproduced, whether sent or received or neither, including, but not limited to, notes,

26  memoranda, correspondence, letters, facsimiles, and facsimile transmittals, reports,

27  inter- and intra-office COMMUNICATIONS, work papers, work sheets, work

28  records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

2

1  estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,

2  telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders,

3  estimates, recordings, transcripts of recordings, records, books, pamphlets,

4  periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital

5  recordings, television commercials, story boards, website or other spot

6  advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

7  charts, drawings, sketches, messages, photographs and data contained in or

8  accessible through any electronic data processing system, including but not limited

9  to, computer databases, data sheets, data processing cars, computer files and tapes,

10  computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic

11  mail, website and web pages and transcriptions thereof and all other

12  memorializations of any conversations, meetings and conferences, by telephone or

13  otherwise.  The term DOCUMENT also means every copy of a DOCUMENT, where

14  such copy is not an identical duplicate of the original, whether because of deletions,

15  underlinings, showing of blind copies, initialing, signatures, receipt stamps,

16  comments, notations, differences in stationery or any other difference or

17  modification of any kind.

18      9.      "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

19      10.      "MACHADO" means Carlos Gustavo Machado Gomez individually.

20      11.      "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any

21  of its past or present officers, directors, employees, parents, subsidiaries, divisions,

22  affiliates, predecessors-in-interest, and joint venture partners.

23      12.      "MATTEL LITIGATION" shall mean the action now pending in the

24  U.S. District Court for the Central District of California (Eastern District),

25  consolidated under Case No. 04-9049 SGL (RNBx) before the Hon. Stephen Larson

26  and formerly Mattel v. Bryant, Inc., first filed in Los Angeles County Superior

27  Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all

28  counterclaims, cross-claims and defenses therein.

3

EXHIBIT 1 Page 7

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

13.   "MGA" means MGA Entertainment, Inc.

14.   "MGA HK" means MGA Entertainment (HK) Limited.

15.   "MGA MEXICO" means MGAE de Mexico, S.R.L. de C.V.

16.   "PERSON[S]" means any or all entities, including but not limited to, any or all individuals, single proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

17.   "REFERRING OR RELATING TO" and "REFLECTING" should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussions, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

18.   "THIS ACTION" refers to the MATTEL LITIGATION, including *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 (SGL (RNBx), filed on April 27, 2004 and all cases consolidated or coordinated therewith.

19.   "TRUEBA" means Mariana Trueba Almada individually.

20.   "VARGAS" means Pablo Vargas San Jose individually.

21.   The singular form includes the plural, and vice versa.

22.   The terms "any" and "all" are interchangeable.

23.   The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

## INSTRUCTIONS

1.   YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter,

4

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1 YOU have the ability, upon request, to obtain possession of the DOCUMENT or a

2 copy thereof from another person or entity who has physical possession of the

3 DOCUMENT.

4      2.     YOU are instructed to produce all non-privileged DOCUMENTS

5 responsive to these Requests to the extent YOU have not previously produced them

6 to MGA.

7      3.     If any DOCUMENT or category of DOCUMENTS is not produced in

8 full, please state with particularity the reason or reasons it is not being produced in

9 full.

10      4.     Each DOCUMENT is to be produced as it is kept in the usual course of

11 business, including all file folders, binders, notebooks, and other devices by which

12 such DOCUMENTS may be organized, separated, or identified.

13      5.     Each DOCUMENT maintained or stored electronically in native,

14 electronic format is to be produced with all relevant metadata intact and in an

15 appropriate and useable electronic manner.

16      6.     Unless otherwise noted, these Requests seek DOCUMENTS from

17 January 1, 1995, to the present.

18      7.     These Requests impose a continuing obligation subsequent to your

19 initial production to the full extent provided for in Rule 26(e) of the Federal Rules of

20 Civil Procedure.

21     **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

22

23 **REQUEST NO. 1**

24     All DOCUMENTS REFERRING OR RELATING TO any efforts by

25 MACHADO to damage the hard drive of his MATTEL personal computer as

26 described in lines 24-25 on page 28 of MATTEL's Supplemental Responses and

27 Objections to MGA's First Set of Interrogatories.

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

**REQUEST NO. 2**

All DOCUMENTS REFERRING OR RELATING TO any directions allegedly given by LARIAN or MGA to MACHADO, TRUEBA or VARGAS to steal confidential and proprietary information from MATTEL and bring it with them to MGA, as described in lines 20-23 on page 29 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

**REQUEST NO. 3**

DOCUMENTS sufficient to identify any computers assigned by MATTEL to TRUEBA for use during her employment with MATTEL.

**REQUEST NO. 4**

The hard drive(s) or any mirror image thereof (including but not limited to any mirror image on any server or storage device) from any and all computers assigned by MATTEL to TRUEBA for use during the last year of her employment with MATTEL.

**REQUEST NO. 5**

All DOCUMENTS REFLECTING that TRUEBA took from MATTEL any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

**REQUEST NO. 6**

All DOCUMENTS REFLECTING that any documents allegedly taken by TRUEBA from MATTEL, including, without limitation, any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories, were given to MGA by TRUEBA.

1

2 **REQUEST NO. 7**

3      All DOCUMENTS REFLECTING that any documents allegedly taken by

4 TRUEBA from MATTEL, including, without limitation, any of the documents

5 identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

6 Responses and Objections to MGA's First Set of Interrogatories, were given to MGA

7 HK by TRUEBA.

8

9 **REQUEST NO. 8**

10      All DOCUMENTS REFLECTING that any documents allegedly taken by

11 TRUEBA from MATTEL, including, without limitation, any of the documents

12 identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

13 Responses and Objections to MGA's First Set of Interrogatories, were given to MGA

14 MEXICO by TRUEBA.

15

16 **REQUEST NO. 9**

17      All DOCUMENTS REFLECTING that any documents allegedly taken by

18 TRUEBA from MATTEL, including, without limitation, any of the documents

19 identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

20 Responses and Objections to MGA's First Set of Interrogatories, were given to

21 LARIAN by TRUEBA.

22

23 **REQUEST NO. 10**

24      All DOCUMENTS REFLECTING that any documents allegedly taken by

25 TRUEBA from MATTEL, including, without limitation, any of the documents

26 identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

27 Responses and Objections to MGA's First Set of Interrogatories, gave MGA an

28 "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

7

1    MATTEL's Supplemental Responses and Objections to MGA's First Set of

2    Interrogatories.

3

4    **REQUEST NO. 11**

5        All DOCUMENTS REFLECTING that any documents allegedly taken by

6    TRUEBA from MATTEL, including, without limitation, any of the documents

7    identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

8    Responses and Objections to MGA's First Set of Interrogatories, gave MGA HK an

9    "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of

10   MATTEL's Supplemental Responses and Objections to MGA's First Set of

11   Interrogatories.

12

13   **REQUEST NO. 12**

14       All DOCUMENTS REFLECTING that any documents allegedly taken by

15   TRUEBA from MATTEL, including, without limitation, any of the documents

16   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

17   Responses and Objections to MGA's First Set of Interrogatories, gave MGA

18   MEXICO an "unfair competitive advantage," as referenced on page 32, lines 25

19   through 27, of MATTEL's Supplemental Responses and Objections to MGA's First

20   Set of Interrogatories.

21

22   **REQUEST NO. 13**

23       DOCUMENTS sufficient to identify any computers assigned by MATTEL to

24   VARGAS for use during his employment with MATTEL.

25

26   **REQUEST NO. 14**

27       The  hard drive(s) or any mirror image thereof (including but not limited to

28   any mirror image on any server or storage device) from any and all computers

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1 | assigned by MATTEL to VARGAS for use during the last year of his employment
2 | with MATTEL.

3

4 | **REQUEST NO. 15**

5 | All DOCUMENTS REFLECTING that VARGAS took from MATTEL any of
6 | the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's
7 | Supplemental Responses and Objections to MGA's First Set of Interrogatories.

8

9 | **REQUEST NO. 16**

10 | All DOCUMENTS REFLECTING that any documents allegedly taken by
11 | VARGAS from MATTEL, including, without limitation, any of the documents
12 | identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental
13 | Responses and Objections to MGA's First Set of Interrogatories, were given to MGA
14 | by VARGAS.

15

16 | **REQUEST NO. 17**

17 | All DOCUMENTS REFLECTING that any documents allegedly taken by
18 | VARGAS from MATTEL, including, without limitation, any of the documents
19 | identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental
20 | Responses and Objections to MGA's First Set of Interrogatories, were given to MGA
21 | HK by VARGAS.

22

23 | **REQUEST NO. 18**

24 | All DOCUMENTS REFLECTING that any documents allegedly taken by
25 | VARGAS from MATTEL, including, without limitation, any of the documents
26 | identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental
27 | Responses and Objections to MGA's First Set of Interrogatories, were given to MGA
28 | MEXICO by VARGAS.

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

**REQUEST NO. 19**

All DOCUMENTS REFLECTING that any documents allegedly taken by VARGAS from MATTEL, including, without limitation, any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories, were given to LARIAN by VARGAS.

**REQUEST NO. 20**

All DOCUMENTS REFLECTING that any documents allegedly taken by VARGAS from MATTEL, including, without limitation, any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories, gave MGA an "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

**REQUEST NO. 21**

All DOCUMENTS REFLECTING that any documents allegedly taken by VARGAS from MATTEL, including, without limitation, any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories, gave MGA HK an "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

**REQUEST NO. 22**

All DOCUMENTS REFLECTING that any documents allegedly taken by

1  VARGAS from MATTEL, including, without limitation, any of the documents

2  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

3  Responses and Objections to MGA's First Set of Interrogatories, gave MGA

4  MEXICO an "unfair competitive advantage," as referenced on page 32, lines 25

5  through 27, of MATTEL's Supplemental Responses and Objections to MGA's First

6  Set of Interrogatories.

7

8  **REQUEST NO. 23**

9      DOCUMENTS sufficient to identify any computers assigned by MATTEL to

10  MACHADO for use during his employment with MATTEL.

11

12  **REQUEST NO. 24**

13      The original damaged hard drive from MACHADO's computer at MATTEL,

14  as described in lines 3-9 on page 28 of MATTEL's Supplemental Responses and

15  Objections to MGA's First Set of Interrogatories.

16

17  **REQUEST NO. 25**

18      The  hard drive(s) or any mirror image thereof (including but not limited to

19  any mirror image on any server or storage device) from any and all computers

20  assigned by MATTEL to MACHADO for use during the last year of his employment

21  with MATTEL.

22

23  **REQUEST NO. 26**

24      All DOCUMENTS REFLECTING that MACHADO took from MATTEL any

25  of the documents identified in page 31, line 12, through page 32, line 24 of

26  MATTEL's Supplemental Responses and Objections to MGA's First Set of

27  Interrogatories.

28

670010  MGA'S 1st SET OF (PHASE 2) REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**EXHIBIT 1  Page 15**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

**REQUEST NO. 27**

All DOCUMENTS REFLECTING that any documents allegedly taken by MACHADO from MATTEL, including, without limitation, any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories, were given to MGA by MACHADO.

**REQUEST NO. 28**

All DOCUMENTS REFLECTING that any documents allegedly taken by MACHADO from MATTEL, including, without limitation, any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories, were given to MGA HK by MACHADO.

**REQUEST NO. 29**

All DOCUMENTS REFLECTING that any documents allegedly taken by MACHADO from MATTEL, including, without limitation, any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories, were given to MGA MEXICO by MACHADO.

**REQUEST NO. 30**

All DOCUMENTS REFLECTING that any documents allegedly taken by MACHADO from MATTEL, including, without limitation, any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories, were given to LARIAN by MACHADO.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1 | **REQUEST NO. 31**

2 |     All DOCUMENTS REFLECTING that any documents allegedly taken by

3 | MACHADO from MATTEL, including, without limitation, any of the documents

4 | identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

5 | Responses and Objections to MGA's First Set of Interrogatories, gave MGA an

6 | "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of

7 | MATTEL's Supplemental Responses and Objections to MGA's First Set of

8 | Interrogatories.

9 |

10 | **REQUEST NO. 32**

11 |     All DOCUMENTS REFLECTING that any documents allegedly taken by

12 | MACHADO from MATTEL, including, without limitation, any of the documents

13 | identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

14 | Responses and Objections to MGA's First Set of Interrogatories, gave MGA HK an

15 | "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of

16 | MATTEL's Supplemental Responses and Objections to MGA's First Set of

17 | Interrogatories.

18 |

19 | **REQUEST NO. 33**

20 |     All DOCUMENTS REFLECTING that any documents allegedly taken by

21 | MACHADO from MATTEL, including, without limitation, any of the documents

22 | identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

23 | Responses and Objections to MGA's First Set of Interrogatories, gave MGA

24 | MEXICO an "unfair competitive advantage," as referenced on page 32, lines 25

25 | through 27, of MATTEL's Supplemental Responses and Objections to MGA's First

26 | Set of Interrogatories.

27 |

28 |

**REQUEST NO. 34**

All DOCUMENTS REFLECTING that MACHADO, TRUEBA or VARGAS delivered an "internal line list to LARIAN or another MGA officer during their negotiations with MGA," as set forth in lines 7-8 on page 33 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

**REQUEST NO. 35**

All DOCUMENTS REFLECTING that MGA's alleged access to MATTEL's confidential business plans or methods caused MGA to increase its market share in Mexico.

**REQUEST NO. 36**

All DOCUMENTS REFLECTING that MGA's alleged access to MATTEL's confidential business plans or methods caused MGA MEXICO to increase its market share in Mexico.

**REQUEST NO. 37**

All DOCUMENTS REFLECTING that Mexican authorities seized from MGA's offices electronic and paper copies of a large number of MATTEL trade secrets, as alleged in lines 14-20 of page 33 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

**REQUEST NO. 38**

All DOCUMENTS REFLECTING that Ron BRAWER "removed proprietary and trade secret information from MATTEL that he did not return," as alleged in lines 9-10 on page 35 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

14

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

1  **REQUEST NO. 39**

2      All DOCUMENTS REFLECTING that Ron BRAWER "has targeted certain

3  MATTEL employees who have broad access to MATTEL proprietary information in

4  an effort to induce and encourage them to join MGA and to steal or otherwise

5  wrongfully misappropriate MATTEL confidential information and secrets," as

6  alleged in lines 17-21 on page 35 of MATTEL's Supplemental Responses and

7  Objections to MGA's First Set of Interrogatories.

8

9  **REQUEST NO. 40**

10      All DOCUMENTS REFLECTING that MGA made an effort to induce or

11  encourage BRISBOIS to steal MATTEL confidential information and trade secrets,

12  as alleged in lines 2-6 on page 36 of MATTEL's Supplemental Responses and

13  Objections to MGA's First Set of Interrogatories.

14

15  **REQUEST NO. 41**

16      All DOCUMENTS REFLECTING that BRISBOIS took from MATTEL the

17  documents listed on page 37, line 5 through page 38, line 5 of MATTEL's

18  Supplemental Responses and Objections to MGA's First Set of Interrogatories.

19

20  **REQUEST NO. 42**

21      All DOCUMENTS REFLECTING that BRISBOIS and/or MGA used trade

22  secrets stolen from MATTEL for MGA's benefit, as alleged in lines 12-14 on page

23  38 of MATTEL's Supplemental Responses and Objections to MGA's First Set of

24  Interrogatories.

25

26  **REQUEST NO. 43**

27      All DOCUMENTS REFLECTING that any documents allegedly taken by

28  BRISBOIS from MATTEL were given to MGA by BRISBOIS.

15

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

**REQUEST NO. 44**

All DOCUMENTS REFLECTING that any documents allegedly taken by BRISBOIS from MATTEL were given to MGA HK by BRISBOIS.

**REQUEST NO. 45**

All DOCUMENTS REFLECTING that any documents allegedly taken by BRISBOIS from MATTEL were given to MGA MEXICO by BRISBOIS.

**REQUEST NO. 46**

All DOCUMENTS REFLECTING that any documents allegedly taken by BRISBOIS from MATTEL were given to LARIAN by BRISBOIS.

**REQUEST NO. 47**

DOCUMENTS sufficient to identify any computers assigned by MATTEL to BRISBOIS for use during her employment with MATTEL.

**REQUEST NO. 48**

The hard drive(s) or any mirror image thereof (including but not limited to any mirror image on any server or storage device) from any and all computers assigned by MATTEL to BRISBOIS for use during the last year of her employment with MATTEL.

**REQUEST NO. 49**

DOCUMENTS sufficient to identify any computers assigned by MATTEL to CASTILLA for use during his employment with MATTEL.

16

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

## REQUEST NO. 50

The hard drive(s) or any mirror image thereof (including but not limited to any mirror image on any server or storage device) from any and all computers assigned by MATTEL to CASTILLA for use during the last year of his employment with MATTEL.

## REQUEST NO. 51

All DOCUMENTS REFLECTING that CASTILLA took from MATTEL the documents listed on page 42, line 6 through page 43, line17 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

## REQUEST NO. 52

All DOCUMENTS REFLECTING that CASTILLA has used proprietary and confidential information taken from MATTEL to improve MGA's sales forecasting and inventory planning, as alleged in lines 1-3 on page 44 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

## REQUEST NO. 53

All DOCUMENTS REFLECTING that any documents allegedly taken by CASTILLA from MATTEL were given to MGA by CASTILLA.

## REQUEST NO. 54

All DOCUMENTS REFLECTING that any documents allegedly taken by CASTILLA from MATTEL were given to MGA HK by CASTILLA.

## REQUEST NO. 55

All DOCUMENTS REFLECTING that any documents allegedly taken by CASTILLA from MATTEL were given to MGA MEXICO by CASTILLA.

17

1

2 **REQUEST NO. 56**

3     All DOCUMENTS REFLECTING that any documents allegedly taken by

4 CASTILLA from MATTEL were given to LARIAN by CASTILLA.

5

6 **REQUEST NO. 57**

7     All DOCUMENTS REFLECTING that MGA used any alleged trade secrets

8 owned by MATTEL, except for any BRATZ INJUNCTION EXHIBITS, for any

9 purpose.

10

11 **REQUEST NO. 58**

12     All DOCUMENTS REFLECTING that MGA HK used any alleged trade

13 secrets owned by MATTEL, except for any BRATZ INJUNCTION EXHIBITS, for

14 any purpose.

15

16 **REQUEST NO. 59**

17     All DOCUMENTS REFLECTING that MGA MEXICO used any alleged

18 trade secrets owned by MATTEL, except for any BRATZ INJUNCTION

19 EXHIBITS, for any purpose.

20

21 **REQUEST NO. 60**

22     All DOCUMENTS REFLECTING that LARIAN used any alleged trade

23 secrets owned by MATTEL, except for any BRATZ INJUNCTION EXHIBITS, for

24 any purpose.

25

26 **REQUEST NO. 61**

27     All DOCUMENTS REFLECTING, REFERRING OR RELATING TO any

28 payment by MATTEL to any government or law enforcement authorities in any

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

18

1  country in connection with any actual, requested or proposed investigation and/or

2  prosecution of the alleged theft of MATTEL's trade secrets by BRISBOIS,

3  CASTILLA, VARGAS, TRUEBA and/or MACHADO.

4

5  **REQUEST NO. 62**

6       All DOCUMENTS REFLECTING, REFERRING OR RELATING TO any

7  gifts given by MATTEL to any government or law enforcement authorities in any

8  country in connection with any actual, requested or proposed investigation and/or

9  prosecution of the alleged theft of MATTEL's trade secrets by BRISBOIS,

10  CASTILLA, VARGAS, TRUEBA and/or MACHADO.

11

12  **REQUEST NO. 63**

13       All DOCUMENTS REFLECTING, REFERRING OR RELATING TO any

14  compensation, monetary or non-monetary, given by MATTEL to any government or

15  law enforcement authorities in any country in connection with any actual, requested

16  or proposed investigation and/or prosecution of the alleged theft of MATTEL's trade

17  secrets by BRISBOIS, CASTILLA, VARGAS, TRUEBA and/or MACHADO.

18

19  **REQUEST NO. 64**

20       DOCUMENTS sufficient to identify with specificity any alleged trade secret

21  owned by MATTEL that YOU contend was misappropriated by or on behalf of

22  MGA, except for any BRATZ INJUNCTION EXHIBITS.

23

24  **REQUEST NO. 65**

25       DOCUMENTS sufficient to identify with specificity each alleged trade secret

26  owned by MATTEL that YOU contend was used by MGA, except for any BRATZ

27  INJUNCTION EXHIBITS.

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

670010  MGA'S 1st SET OF (PHASE 2) REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**EXHIBIT 1 Page 23**

**REQUEST NO. 66**

All DOCUMENTS REFLECTING any damage, loss or injury caused to MATTEL by reason of any alleged misappropriation by MGA of any of MATTEL'S alleged trade secrets, except for any BRATZ INJUNCTION EXHIBITS, that YOU allege in YOUR COUNTERCLAIMS.

**REQUEST NO. 67**

All DOCUMENTS REFLECTING any damage, loss or injury caused to MATTEL by reason of any violation of the Racketeer Influenced and Corrupt Organization Act that YOU allege in the Second Counterclaim of YOUR COUNTERCLAIMS.

**REQUEST NO. 68**

All DOCUMENTS REFLECTING any other damage, loss or injury caused to MATTEL by reason of any act or omission alleged in those of MATTEL'S COUNTERCLAIMS being tried in PHASE 2.

Dated: March 27, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
  & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: _____
         Caroline H. Mankey
Attorneys for the MGA Parties for Phase Two

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On March 27, 2009, I served the foregoing document described as:

## MGA ENTERTAINMENT, INC.'S FIRST SET OF (PHASE 2) REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 27th day of March, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Lucille E. Young_
LUCILLE E. YOUNG

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

670010   MGA'S 1st SET OF (PHASE 2) REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 1   Page 25

1

## SERVICE LIST

2

3 John Quinn, Esq.
(johnquinn@quinnemanuel.com)
4 Jon D. Corey, Esq.
(joncorey@quinnemanuel.com)
5 Michael T. Zeller, Esq.
(michaelzeller@quinnemanuel.com)
6 Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
7 Los Angeles, CA 90017-2543
**[By Personal Service]**

8 Russell J. Frackman, Esq.
(rjf@msk.com)
9 Patricia H. Benson, Esq.
(phb@msk.com)
10 Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
11 Los Angeles, CA 90067
(310) 312-2000
12 **[By Email Service]**

13 Thomas J. Nolan, Esq.
(tnolan@skadden.com)
14 Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)
15 Jason D. Russell, Esq.
(Jason.russell@skadden.com)
16 Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
17 Los Angeles, CA 90071-3144
(213) 687-5000
18 **[By Email Service]**

19 Mark E. Overland, Esq.
moverland@obsklaw.com
20 Alexander H. Cote, Esq.
acote@obsklaw.com
21 Overland Borenstein Scheper & Kim LLP
601 W. 5th Street, 12th Floor
22 Los Angeles, CA 90017
**[By Email Service]**

23

24

25

26

27

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

22