# EXHIBIT 4



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CALIFORNIA 90017-5855

tel +1-213-629-2020
fax +1-213-612-2499

WWW.ORRICK.COM

July 16, 2009

Christopher J. Chaudoir
(213) 612-2299
cchaudoir@orrick.com

Marshall M. Searcy, III, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017-25433

Re: Bryant v. Mattel, Inc. and consolidated actions

Dear Mr. Searcy:

Further to our discussion of Wednesday July 8, 2009, we propose the following protocol for the production of the personal computers assigned to Trueba, Vargas, Machado, Brisbois and Castilla.

1. On a mutually agreeable date no later than July 16, 2009, Quinn Emanuel ("Quinn") will make available the Mattel computers assigned to Trueba, Vargas, Machado, Brisbois and Castilla at the time of their resignation from Mattel (the "Mattel Computers").[1]

2. Specifically, Mattel's consultant, 42 LLC, shall allow MGA's consultant, Stroz Friedberg, LLC ("Stroz") to make forensic duplicate images of the Mattel Computers (the "Forensic Images") at Stroz' offices located at 1925 Century Park East, Suite 1350, Los Angeles, California 90067. 42 LLC shall verify the Forensic Images at the time of their creation. The Mattel Computers shall remain at all times in the custody and control of 42 LLC. The Forensic Images shall remain in the possession of Stroz for the duration of the work outlined in this protocol. Stroz will return the Forensic Images to Mattel, Quinn, or 42 LLC upon completion of that work.

3. Stroz may inspect the Forensic Images in their entirety, including but not limited to link files, registry files, system volume information, logs and log files, recycle bin info2 records, application files, metadata for all files (allocated and unallocated), page/swap files, deleted/unallocated data, all files and folders, file system, e-mail trash or deleted files, unallocated space (volume slack, unused disk space, unallocated clusters), file slack, recycle bin/recycler, and active files.

4. 42 LLC shall be allowed to observe the inspection of the Forensic Images, but shall not be allowed to record or view the search parameters or methodologies used by Stroz in performing its analysis. At no time shall 42 LLC interfere with or otherwise hinder the inspection.

---

[1] We understand that Mattel will only produce for inspection the computers that Mattel assigned to these individuals at the time of their respective resignations from Mattel. We understand that Mattel has limited its production in this way because Mattel does not claim that these individuals removed from any other Mattel media and gave to MGA any Mattel trade secrets. If our understandings are incorrect, please notify us immediately.

OHS West:260694501.1

EXHIBIT 4  Page 116


ORRICK

Marshall M. Searcy, III, Esq.
July 16, 2009
Page 2

5. Pursuant to instructions from counsel for MGA, Stroz shall identify and produce to 42 LLC (who in turn shall provide to Quinn) file listings of presumptively responsive files or information from the Forensic Images so that Quinn may identify privileged information, if any, and prepare a privilege log. If required for review because the file listings do not contain sufficient information about the content of the files, Stroz shall, at the request of Quinn, identify and produce to 42 LLC the full contents of presumptively responsive files or information from the Forensic Images, such as Microsoft Word documents, Microsoft Excel spreadsheets, or e-mails. Every production by Stroz shall include an inventory of all files or information produced and shall be identified by media source (i.e., Trueba, Vargas, Machado, Brisbois and Castilla).

6. Stroz may provide to MGA any non-content information about the Mattel Computers, including but not limited to technical or system usage information, a directory and/or index of all files or programs contained on the Mattel Computers, and associated metadata ("Usage Information"). This Usage Information may be provided to MGA at any time and is not subject to the provisions of paragraph 5.

7. Within seven (7) days of when Stroz provides a production of data pursuant to paragraph 5, Quinn will serve MGA a privilege log identifying the specific files or information, if any, to be withheld on the basis of an evidentiary privilege, as well as a basis for that privilege, and notify Stroz that it may release the non-privileged information to MGA. Stroz will not release to MGA any information deemed privileged by Quinn unless clearly instructed to do so pursuant to a jointly agreed upon or court ordered resolution of any disputed assertions of privilege.

8. MGA reserves its rights to seek inspection of the original Mattel Computers and an additional opportunity to analyze the Forensic Images, if either need should later arise in this matter.

9. The parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on the Forensic Images, or (b) the conduct, notes, searches, search terms, analysis, communications or any other act performed by any consultant or attorney in connection with this protocol.



**ORRICK**

Marshall M. Searcy, III, Esq.
July 16, 2009
Page 3

Please confirm your agreement to the above protocol no later than Friday, July 17, 2009.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Christopher J. Chaudoir

cc: Annette Hurst
    William A. Molinski
    Warrington Parker

OHS West:260694501.1

EXHIBIT 4  Page 118