# EXHIBIT 8

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13        Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 14        vs. | **DISCOVERY MATTER** |
| 15  MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert O'Brien]** |
| 16        Defendant. | **[REDACTED] MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE ORDER COMPELLING MGA TO PROVIDE DISCOVERY, TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES BY MGA AND FOR SANCTIONS; AND** |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | |
| 19 | |
| 20 | |
| 21 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 22 | [Declaration of Scott Watson and Separate Statement filed concurrently] |
| 23 | |
| 24 | Date:   TBD |
| 25 | Time:   TBD<br>Place:  TBD |
| 26 | **Phase 2** |
| 27 | Discovery December 11: 2009<br>Pre-trial Conference:  March 1, 2010 |
| 28 | Trial Date:  March 23. 2010 |

00505.07975/2823053.1

MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

EXHIBIT 8  Page 175

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that at time and place of hearing to be set by

3    Discovery Master Robert O'Brien, Mattel, Inc. ("Mattel") will, and hereby does,

4    move the Discovery Master for an order:

5         (1) enforcing the prior Discovery Master's Order compelling MGA

6    Entertainment, Inc. ("MGA") to answer Interrogatory Nos. 43 and 44 of Mattel's

7    Amended Fourth Set of Interrogatories;

8         (2) compelling MGA to provide full and complete responses to Mattel's

9    Interrogatories seeking MGA's contentions regarding its claims against Mattel,

10   specifically Interrogatory Nos. 43 and 44 of Mattel's Amended Fourth Set of

11   Interrogatories and Interrogatory Nos. and 51 through 55 and 64 of Mattel's

12   Supplemental Interrogatories;

13        (3) overruling all MGA objections to these interrogatories; and

14        (4) imposing sanctions in the amount of $4515.

15       This Motion is made pursuant to Federal Rules of Civil Procedure

16   33(b)(5) and 37(a) on the grounds that Mattel's requests seek discoverable

17   information, MGA's objections lack merit and MGA is in violation of a prior Court

18   Order to provide responses.

19       This Motion is based on this Notice of Motion and Motion, the

20   accompanying Memorandum of Points and Authorities, the Declaration of Scott L.

21   Watson and Separate Statement filed concurrently, the records and files of this

22   Court, and all other matters of which the Court may take judicial notice.

23

24

25

26

27

28

-2-

EXHIBIT 8  Page 176



1

<u>**Statement of Rule 37-1 Compliance**</u>

2        The parties met and conferred regarding this Motion on February 6,

3   2009 and times thereafter.

4

5   DATED:  March 6, 2009              QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
6

7                                   By /s/ Scott L. Watson
                                      Scott L. Watson
8                                     Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

EXHIBIT 8  Page 177

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT.................................................................................1

STATEMENT OF FACTS .....................................................................................2

ARGUMENT ........................................................................................................9

I.   MGA IS IN VIOLATION OF THE PRIOR ORDER COMPELLING
     IT TO SUPPLEMENT INTERROGATORY NOS. 43 AND 44 ...................9

     A.   The Discovery Master Should Enforce the Prior Order And
          Compel MGA to Supplement Its Responses to Interrogatory Nos.
          43 and 44 .................................................................................9

     B.   The Discovery Master Should Impose Sanctions on MGA For Its
          Refusal to Comply With The Prior Discovery Master's Order ...........10

II.  THE DISCOVERY MASTER SHOULD COMPEL MGA TO
     PROVIDE FULL AND COMPLETE RESPONSES TO
     INTERROGATORY NOS. 51 THROUGH 55 AND 64...............................12

     A.   MGA Admits That Mattel's Interrogatories Seek Relevant,
          Discoverable Phase 2 Information ......................................... 12

     B.   MGA's Unilateral Limits to Mattel's Definitions Should be
          Overruled................................................................................ 13

     C.   MGA's Remaining Objections Should Be Overruled ..................... 16

          1.   The Discovery Master Should Overrule MGA's Objections
               That Mattel's Interrogatories Seek Information That May
               Be The Subject of Expert Witness Analysis............................. 16

          2.   The Discovery Master Should Overrule MGA's Objections
               That Mattel's Interrogatories Seek Information That Is
               Better Known to Mattel....................................................... 17

          3.   The Discovery Master Should Overrule MGA's
               Compound Objections........................................................... 18

          4.   The Discovery Master Should Overrule MGA's Objection
               That Mattel's Interrogatories Are Duplicative ..................... 19

          5.   The Discovery Master Should Overrule MGA's Undue
               Burden Objections................................................................ 20

               (a)   Interrogatory No. 51 is not Unduly Burdensome ........... 20

               (b)   Interrogatory No. 52 is Not Unduly Burdensome .......... 21

00505.07975/2823053.1

EXHIBIT 8  Page 178

(c)     Interrogatory No. 53 is Not Unduly Burdensome ........... 23

(d)     Interrogatory No. 64 is Not Unduly Burdensome .......... 24

6.     The Discovery Master Should Overrule MGA's
Boilerplate Privilege Objections ................................................ 25

CONCLUSION ............................................................................ 26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/2823053.1

MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

EXHIBIT 8  Page 179

1

## TABLE OF AUTHORITIES

2                                                                    **Page**

3                                    **Cases**

4  Am. Oil Co. v. Penn. Petro. Co.,
5     23 F.R.D. 680 (D.R.I. 1959) ...................................................20

6  Braley v. Campbell,
      832 F.2d 1504 (10th Cir. 1987) ...........................................11

7  Burton Mechanical Contractors, Inc. v. Foreman,
8     148 F.R.D. 230 (N.D. Ind. 1992) ..........................................21

9  Capacchione v. Charlotte-Mecklenburg Schools,
      182 F.R.D. 486 (W.D.N.C. 1998) ......................................23, 24

10 Chapman v. California Dept. of Educ.,
11    2002 WL 32854376 (N.D. Cal. February 6, 2002) ................14

12 Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,
13    1989 WL 92038 (E.D.N.Y. 1988) .........................................25

14 Hyde & Drath v. Baker,
      24 F.3d 1162 (9th Cir. 1994) ................................................11

15 Jackson v. Montgomery Ward & Co., Inc.,
16    173 F.R.D. 524 (D. Nev. 1997) ............................................21

17 King v. E.F. Hutton & Co., Inc.,
      117 F.R.D. 2 (D.D.C. 1987) ............................................16, 25

18 King v. Georgia Power Co.,
19    50 F.R.D. 134 (N.D. Ga. 1970) ........................................22, 24

20 Nagele v. Electronic Data Systems Corp.,
      193 F.R.D. 94 (W.D.N.Y. 2000) .......................................14, 20

21 Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh,
22    2005 WL 318811 (N.D. Cal. January 5, 2005) ......................18

23 RTC v. Dabney,
      73 F.3d 262 (10th Cir. 1995) ................................................11

24 Roberts v. Heim,
25    130 F.R.D. 424 (N.D. Cal. 1989) .........................................17

26 Seff v. General Outdoor Advertising Co.,
27    11 F.R.D. 597 (N.D. Ohio 1951) ......................................23, 24

28

-iii-

EXHIBIT 8  Page 180

1   <u>Swackhammer v. Sprint Corp. PCS,</u>
2       225 F.R.D. 658 (D. Kan. 2004).............................................18

3                           <u>**Statutes**</u>

4   28 U.S.C. § 1927 ...............................................................11

5   <u>Fed. R. Civ. P.</u> 33(a)(2) .......................................... 18, 23, 25

6   <u>Fed. R. Civ. P.</u> 33(b)(4) ...............................................14, 20

7   <u>Fed. R. Civ. P.</u> 37(a)(4) ...............................................10, 11

8   <u>Fed. R. Civ. P.</u> 37(b)(2)(C) .................................................11

9   <u>Fed. R. Civ. P</u> 72(a) ............................................................9

10

11                       <u>**Miscellaneous**</u>

12  8A <u>Federal Practice & Procedure</u> § 2167...............................20

13  Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2168.1 at 261)...........................18

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 8  Page 181

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA asserted claims against Mattel in April 2005, accusing Mattel of unfair competition.   Almost four years later, MGA still has yet to respond to Mattel's interrogatories seeking such basic information as what Mattel products MGA claims that Mattel infringes.   Mattel propounded interrogatories to discover the basis for MGA's trade dress claims, facts related to the defense of those claims, and facts related to Mattel's own claims of unfair competition and misappropriation of trade secrets.   MGA has refused and continues to refuse to respond.   Indeed, MGA is currently in violation of the prior Discovery Master's order compelling MGA to provide supplemental responses to Interrogatory Nos. 43 and 44 (an order that they did not challenge).   The MGA Parties have admitted that all of this information is directly relevant to Phase 2.  Mattel is entitled to it.

The MGA Parties, however, continue their efforts to delay revealing the basis for the claims.  Indeed, in direct contravention of the Court's Order lifting the Phase 2 Stay and its unequivocal statements at the February 11, 2009 hearing that "there is no stay on discovery.  Period," the MGA Parties have asked the Discovery Master to ignore those orders and to issue a protective order staying all discovery regarding MGA's trade dress claims.   On the basis of that improper motion, MGA is refusing to comply with an existing Discovery Master Order compelling responses to two of these interrogatories.

Each of MGA's objections to these interrogatories is without merit. The MGA Parties recognize as much, as the only objection they pursue in their motion for protective order is a frivolous undue burden objection.  For example, MGA asserts that it is unduly burdensome for it to identify to Mattel which Mattel products, designs, or packaging that *MGA claims* are infringing because it "does not have a complete listing of every single Mattel product which copied or infringed

-1-

EXHIBIT 8  Page 182

1   MGA's trade dress" and "attempting to compile such information presents another

2   herculean task."[1]   MGA is the master of its claims, and its self-serving

3   proclamations of burden are solely the result of MGA's own contentions. If it

4   contends that hundreds of Mattel products allegedly infringe, then it must be

5   prepared to provide discovery related to hundreds of products. Indeed, it will be

6   required to do so at trial. Moreover, it is inconceivable that that almost four years

7   after MGA asserted these claims, MGA cannot identify each of the Mattel products

8   it bases its trade dress claims on and therefore is suing on.

9          For the reasons set forth below and in Mattel's concurrently filed

10   Opposition to the MGA Parties' Motion for Protective Order Staying Discovery on

11   Trade Dress claims, the Discovery Master should enforce the prior Discovery

12   Master Order and compel MGA to provide promptly full and complete responses to

13   these interrogatories.

14                    **Statement of Facts**

15          MGA's Complaint. In April 2005, MGA filed a lawsuit against Mattel

16   alleging unfair competition claims.[2] In its complaint, MGA asserts that Mattel has

17   engaged in "serial copycatting" of Bratz dolls, Bratz Petz and other Bratz products,

18   Bratz television commercials, Bratz packaging, MGA's "4-Ever-Best-Friends"

19   dolls, MGA's "Mommy's Little Patient" dolls and MGA's "AlienRacers" toy racing

20   vehicles.[3] MGA's complaint also asserted various other unfair competition claims,

21   including trade dress dilution, and alleges unjust enrichment.[4]

22

23

24

25   [1]   See MGA Parties' Motion for Protective Order Staying Discovery on Trade
26   Dress Claims, dated February 27, 2009, at 14.
     [2]   MGA Entertainment, Inc.'s Complaint in Case no. 05-02727, Watson Dec.,
27   Exh. 24.
     [3]   Id. at, e.g., ¶¶ 7, 33, 41, 59.
28   [4]   Id. at ¶¶ 101-125.

00505.07975/2823053.1

EXHIBIT 8   Page 183

1        <u>Mattel's Second Amended Answer.</u>  In July 2007, Mattel filed its

2 Second Amended Answer and Counterclaims.[5]  Mattel alleges in its Second

3 Amended Answer that:

4        •    Over the course of several years, MGA stole massive amounts of

5 Mattel trade secrets in the U.S., Mexico and Canada, including Mattel's forward-

6 looking, international business plans that MGA then used illegally to damage Mattel

7 in the U.S. and global marketplaces.  The trade secret theft included luring away

8 Mattel executives employees to work for MGA and exploiting their access to

9 sensitive Mattel information to steal Mattel trade secrets.[6]

10       •    By encouraging Mattel employees to join MGA and steal

11 Mattel's confidential information on their way out, MGA has unlawfully obtained

12 valuable trade secrets relating to Mattel's business in the United States and

13 worldwide.[7]

14       •    MGA bribed then-Mattel employees (in addition to Bryant) to

15 secretly provide services to MGA while they were still employed by Mattel, in

16 violation of contractual and fiduciary obligations and in violation of duties of

17 loyalty, and otherwise interfered with Mattel's contractual relationships.[8]

18       •    MGA is in violation of the RICO statute by virtue of its

19 participation in an on-going enterprise that has engaged in numerous predicate acts,

20 including without limitation acts of mail and wire fraud, conspiracy to commit

21 perjury, commercial bribery, trade secret theft and criminal copyright infringement

22 in violation of the RICO statute.[9]

23

24

25    [5]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-

26 Claims, dated July 12, 2007, Watson Dec., Exh. 25.
   [6]  Id. at ¶¶ 37-77.

27    [7]  Id. at ¶¶ 37-77.
   [8]  Id. at ¶¶ 55-69.

28    [9]  Id. at ¶¶ 88-105.

EXHIBIT 8  Page 184

1       These allegations also comprise part of Mattel's defense to MGA's

2 claims. Contrary to MGA's allegations that Mattel has imitated aspects of Bratz

3 dolls and other MGA products, such as alleged MGA "themes,"[10] many of the

4 claimed MGA product attributes were in fact first conceived by Mattel and

5 implemented by MGA only after MGA had stolen that information from Mattel.

6 For this reason, as the former Discovery Master recognized, MGA misconduct that

7 is the subject of Mattel's claims also serves as a defense to MGA's claims.[11]

8       <u>Mattel's Amended Fourth Set of Interrogatories</u>. On October 23, 2007,

9 Mattel served its Amended Fourth Set of Interrogatories on MGA.[12] Interrogatories

10 Nos. 43 and 44 of the Amended Fourth Set ask MGA to identify, for each design,

11 product and packaging that MGA contends Mattel copied, the date of conception

12 and the date it was first fixed in a tangible medium.[13] MGA responded on

13 November 15, 2007, providing only objections and a response that MGA was

14 willing to meet and confer with Mattel regarding the interrogatories.[14] On

15 November 30, 2007, MGA supplemented its responses.[15] For its responses to

16 Interrogatory No. 43, MGA added that "██████████████████████████

17 ████████████████████████████████████████████████████████████

18 ████████████████████████████,"[16] For its response to Interrogatory

19 No. 44, MGA added that "████████████████████████████████████

20 ████████████████████████████████████████████████████████████

21

22   [10] MGA Complaint at, <u>e.g.</u>, ¶¶ 33-73, Watson Dec., Exh. 24.

23   [11] <u>See</u> Order of January 25, 2007, at 14:13-17, ("Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition claims."), Watson Dec., Exh. 39.

24   [12] Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007, Watson Dec., Exh. 1.

25   [13] <u>Id.</u> at 7-8 (Nos. 43 and 44).

26   [14] MGA Entertainment Inc.'s Objections and Responses to Mattel Inc's Amended Fourth Set of Interrogatories, dated November 15, 2007, Watson Dec., Exh. 2.

27   [15] MGA Entertainment Inc.'s Supplemental Responses to Mattel Inc.'s Amended Fourth Set of Interrogatories, dated November 30, 2007, Watson Dec., Exh. 3.

28   [16] <u>Id.</u>

-4-

EXHIBIT 8  Page 185

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[17]

3       On December 20, 2007, Mattel moved to compel on Interrogatory Nos.

4 43 and 44.[18]  The MGA Parties filed an opposition on December 31, 2007.[19]  On

5 January 7, 2008, MGA supplemented its responses yet again, but did not change its

6 responses to Interrogatory Nos. 43 and 44.[20]  MGA supplemented its responses for a

7 third time on January 28, 2008, but again failed to change its previous responses to

8 Interrogatory Nos. 43 and 44.[21]

9       The prior Discovery Master granted Mattel's motion to compel on

10 February 15, 2008, ordering the MGA Parties to provide further responses to

11 Interrogatory Nos. 43 and 44 because the "requested information is relevant to

12 Mattel's defense against the MGA parties' claims that their products have been

13 copied or infringed by certain Mattel products."[22]  The Discovery Master ruled that

14 the MGA Parties' existing supplemental *and* second supplemental responses were

15 insufficient: "Although the MGA parties served supplemental responses after filing

16 their opposition brief, the supplemental responses do not include the requested

17 information.  The MGA parties have failed to establish that the interrogatories are

18 unduly burdensome."[23]

19

20

21  [17] Id.
    [18]  Mattel, Inc.'s Motion to Compel Responses to Interrogatory Nos. 27–44 and

22 46–50 by the MGA Parties, dated December 20, 2007, Watson Dec., Exh. 4.
    [19]  MGA Entertainment Inc.'s Opposition to Mattel, Inc.'s Motion to Compel

23 Responses to Interrogatory Nos. 27–44 and 46–50 by the MGA Parties, dated
    December 31, 2007, Watson Dec., Exh. 5.

24  [20]  MGA's Second Supplemental Responses to Mattel Inc.'s Amended Fourth Set
    of Interrogatories, dated January 7, 2008, Watson Dec., Exh. 6.

25  [21]  MGA Entertainment, Inc.'s Third Supplemental Responses to Mattel, Inc.'s
    Amended Fourth Set of Interrogatories, dated January 28, 2008, Watson Dec., Exh.

26 7.  [22]  Order Granting in Part and Denying in Part Mattel's Motion to Compel
    Responses to Interrogatory Nos. 27–44 and 46–50 by the MGA Parties, dated

27 February 15, 2008, Watson Dec., Exh. 8.
    [23] Id.

28

00505.07975/2823053.1

EXHIBIT 8  Page 186

1        On March 3, 2008, MGA supplemented its responses for a fourth

2  time.[24]  MGA refused once again to respond to the interrogatories, objecting that

3  they related to Phase 2 and were therefore stayed pursuant to the Phase 2 discovery

4  stay.[25]  On April 22, 2008, the Discovery Master stayed the MGA Parties' obligation

5  to supplement their responses to Interrogatory Nos. 43 and 44, until further the

6  Phase 2 discovery stay was lifted.[26]

7        <u>Mattel's Supplemental Interrogatories</u>.   On January 9, 2008, Mattel

8  served Supplemental Interrogatories on MGA.[27]  These interrogatories seek basic

9  discovery regarding MGA's allegations that Mattel copied, infringed, or diluted

10  MGA products.[28]  MGA responded on February 8, 2008, providing only objections

11  to the majority of the Supplemental Interrogatories on the grounds that Phase 2

12  discovery was stayed until further order of the Court.[29]

13        <u>The Court Lifts the Stay on Phase 2 Discovery</u>.  On January 6, 2009,

14  the Court vacated the stay on Phase 2 discovery.[30]  On January 20, Mattel wrote to

15  counsel for MGA to ask when MGA planned to serve the supplemental responses to

16  Mattel's Amended Fourth Set of Interrogatories ordered by the Discovery Master

17

18

19    [24]   MGA Entertainment, Inc.'s Fourth Supplemental Responses to Interrogatory

20  Nos. 43-44 of Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated March 3, 2008, Watson Dec., Exh. 9.

21    [25]   Id.
    [26]   Order Granting MGA Parties' Motion for Clarification Regarding Portions of

22  February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties,

23  dated April 22, 2008, Watson Dec., Exh. 10.
    [27]   Mattel's Supplemental Interrogatories, dated January 9, 2008, Watson Dec.,

24  Exh. 11.
    [28]   Id.

25    [29]   MGA's Objections and Responses to Mattel's Supplemental Set of
  Interrogatories, dated February 8, 2008 (Nos. 56-63, 67-69) ("Pursuant to Judge

26  Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court.  Accordingly, MGA will not respond to this interrogatory until the stay

27  of Phase Two discovery is lifted by the Court"), Watson Dec., Exh. 12.
    [30]   Order Appointing Discovery Master, dated January 6, 2009, at 2, Watson

28  Dec., Exh. 13.

-6-

MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

EXHIBIT 8  Page 187

1    eleven months earlier.[31]  Mattel also wrote to MGA on January 28, 2009, requesting

2    that the parties meet and confer regarding MGA's responses to Mattel's

3    Supplemental Interrogatories.[32]

4            Mattel's Anticipated Motion for Summary Judgment.  On January 8,

5    Mattel informed the MGA Parties of its intent to file a summary judgment motion

6    on MGA's trade dress and other claims relating to Bratz.[33]  In short, a key basis for

7    the anticipated motion is that, as a result of the Phase 1 proceedings (once they are

8    finalized by the Court), MGA does not and cannot own trade dress or any other

9    rights in Bratz as a matter of law, since Bratz is Mattel's intellectual property.[34]

10           The Parties Meet and Conferred.  The parties met and conferred on

11   February 6, 2009 regarding Mattel's discovery requests.[35]  During the conference,

12   MGA acknowledged that its objections to Mattel's interrogatories based on the

13   Phase 2 discovery stay were no longer viable.[36]  MGA proposed providing responses

14   to Mattel's Interrogatories 43, 44, 51 through 55, and 64, "not later than 30 days

15   after the Court decides the trade dress summary judgment motion which Mattel has

16   indicated it will be bringing."[37]  MGA refused to discuss its specific objections to

17   these interrogatories or whether it would be standing on its remaining objections

18

19

20

21

22   [31]   Letter from Jon Corey to Jason Russell and Robert J. Herrington, dated
23   January 20, 2009, Watson Dec., Exh. 14.
     [32]   Letter from Scott Watson to Thomas Nolan and Jason Russell, dated January
24   28, 2009, Watson Dec., Exh. 15.
     [33]   Letter from Michael T. Zeller to Thomas Nolan, dated January 8, 2009,
25   Watson Dec., Exh. 16.
     [34]   Id.
26   [35]   Watson Dec., at ¶ 18; see also Letter from Scott Watson to Amman Khan,
     dated February 6, 2009, Watson Dec., Exh. 17.
27   [36]   Id.
     [37]   Letter from Jean Pierre Nogues to Jon Corey, dated February 6, 2009, Watson
28   Dec., Exh. 18.

EXHIBIT 8  Page 188

1   when it did provide responses.[38]  Mattel informed MGA that this proposal was not

2   acceptable.[39]

3          <u>The Court Sets The Phase 2 Trial Schedule And Reiterates That There</u>

4   <u>Is No Stay On Discovery.</u>  At a hearing on February 11, 2009, the Court set Phase 2

5   discovery cut-off for December 11, 2009 and Phase 2 trial for March 23, 2010.[40]

6   The Court also stated:  "I will instruct the Discovery Master this afternoon, in no

7   uncertain terms, that there is no stay on any discovery related to this case at all.

8   There's no longer a Phase 1/Phase 2 distinction.  As I indicated, I thought that I

9   made this clear before.  If it's not, it will be expressly set forth in the minutes

10  coming out of today's hearing.  *There is no stay on discovery.  Period.*"[41]  As the

11  Court later reiterated, "there is nothing from this Court which is precluding any

12  discovery that is properly sought for the trial that is scheduled."[42]

13         <u>MGA Continues Its Refusal to Respond to Discovery Regarding Its</u>

14  <u>Trade Dress Claims.</u>  On February 12, 2009, in light of the Court's remarks on the

15  record, Mattel asked MGA to confirm whether MGA would provide complete

16  responses to Mattel's interrogatories regarding MGA's trade dress claims against

17  Mattel.[43]  The next day, counsel for MGA responded that it was premature to

18  respond to the February 12 letter until after the scheduled meet and confer

19  concerning Mattel's intended motion for summary judgment on MGA's trade dress

20  claims.[44]

21

22

---

23  [38]  Watson Dec., at ¶ 18.
    [39]  Letter from Jon Corey to Amman Khan, dated February 8, 2009, Watson

24  Dec., Exh. 19.
    [40]  Hearing Transcript, dated February 11, 2009, at 94:25-95:7, Watson Dec.,

25  Exh. 20.
    [41]  Id. at 97:8-14 (emphasis added).

26  [42]  Id. at 101:21-24.
    [43]  Letter from Jon Corey to Jean Pierre Nogues, dated February 12, 2009,

27  Watson Dec., Exh. 21.
    [44]  Letter from Jean Pierre Nogues to Jon Corey, dated February 13, 2009,

28  Watson Dec., Exh. 22.

-8-

EXHIBIT 8  Page 189

1        On February 18, the parties met and conferred regarding the trade dress
2    motion for summary judgment and the trade dress interrogatories.[45]  The next day,
3    MGA informed Mattel that it would not agree to provide supplemental responses to
4    Interrogatory Nos. 43 and 44 or respond to Interrogatory Nos. 51 through 55 and 64
5    by February 27, 2009.[46]  Instead, MGA stated that it would only respond to these
6    interrogatories: (1) if their planned protective order is denied; or (2) if the protective
7    order is granted, 21 days after the Court decides Mattel's summary judgment
8    motion, to the extent any trade dress claims remain after that decision.[47]   On
9    February 26, the MGA Parties moved for a protective order to stay discovery on
10   MGA's trade dress claims.

## Argument

11   
12   **I.   MGA IS IN VIOLATION OF THE PRIOR ORDER COMPELLING IT**
13       **TO SUPPLEMENT INTERROGATORY NOS. 43 AND 44**
14       **A.   The Discovery Master Should Enforce the Prior Order And**
15           **Compel MGA to Supplement Its Responses to Interrogatory Nos.**
16           **43 and 44**

17       MGA is in violation of the Order compelling it to supplement its
18   responses to Interrogatory Nos. 43 and 44.[48]  MGA did not challenge that order, and
19   it became an order of the Court.  Fed. R. Civ. P 72(a); Discovery Master Order ¶ 6
20   (treating Discovery Masters orders as rulings of Magistrate Judges), Watson Dec.,
21   Exh. 38.   Although the prior Discovery Master stayed MGA's obligation to
22   supplement its responses until the District Court vacated the stay on Phase 2
23   
24   

25   [45]   See Letter from Jean Pierre Nogues to Jon Corey, dated February 19, 2009,
    Watson Dec., Exh. 23.
26   [46]   Id.
27   [47]   Id.
    [48]   Order Granting in Part and Denying in Part Mattel's Motion to Compel
    Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated
28   February 15, 2008, Watson Dec., Exh. 8.

1  discovery,[49] the District Court vacated the stay two months ago.[50]  MGA's
2  continuing refusal to provide the compelled responses is in direct violation of the
3  Order. The Discovery Master should enforce the prior Discovery Master's order and
4  compel MGA to provide responses to these interrogatories without further delay.

5          Interrogatory No. 43 asks MGA to state, for each product MGA
6  contends Mattel copied or infringed, the date the product was conceived.[51]
7  Interrogatory No. 44 seeks the date each product was first fixed in any tangible
8  medium of expression.[52]  As the prior Discovery Master held, these interrogatories
9  are directly "relevant to Mattel's defense against the MGA parties' claims that their
10 products have been copied or infringed by certain Mattel products."[53]  In the face of
11 this ruling, MGA continues to assert its frivolous relevance objections.[54]  The dates
12 MGA conceived or fixed in a tangible medium of expression its products,
13 packaging, and concepts that it contends Mattel copied are clearly relevant. It could
14 reveal that Mattel was the first to conceive the concepts MGA contends Mattel
15 copied, and thus, that it was MGA, and not Mattel, that copied.  The Discovery
16 Master should reject MGA's rehashed, and improper, relevance objections and
17 compel an immediate response.

18      **B.     The Discovery Master Should Impose Sanctions on MGA For Its**
19              **Refusal to Comply With The Prior Discovery Master's Order**
20          Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that a
21 party forced to bring a motion to compel is entitled to the "reasonable expenses
22

23  [49] Id.
24  [50] Order Appointing Discovery Master, dated January 6, 2009, at 2, Watson Dec., Exh. 13.
    [51] Mattel's Amended Fourth Set of Interrogatories (No. 43), Watson Dec., Exh.
25  1.
    [52] Id. (No. 44).
26  [53] Id.
27  [54] MGA's Fourth Supplemental Responses to Interrogatory Nos. 43-44 of
    Mattel's Amended Fourth Set of Interrogatories, dated March 3, 2008, Watson Dec.,
28  Exh. 9.

**EXHIBIT 8  Page 191**

1  incurred in making the motion, including attorney's fees, unless the court finds that

2  the motion was filed without the movant's first making a good faith effort to obtain

3  the disclosure or discovery without court action, or that the opposing party's

4  nondisclosure, response or objection was substantially justified, or that other

5  circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4).

6  Likewise, fees may be awarded for a party's violation of a Court Order. Fed. R. Civ.

7  P. 37(b)(2)(C). The burden of establishing substantial justification is on the party

8  being sanctioned. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

9  Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides

10 that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably

11 and vexatiously may be required by the court to satisfy personally the excess costs,

12 expenses, and attorneys' fees reasonably incurred because of such conduct."

13 Sanctions under this section are appropriate "for conduct that, viewed objectively,

14 manifests either intentional or reckless disregard of the attorney's duties to the

15 court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995) (citing Braley v.

16 Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987)).

17         Here, the Discovery Master should impose sanctions on MGA for its

18 failure to comply with the prior Discovery Master's Order. The stay on Phase 2

19 discovery was lifted two months ago, and there is no justification for MGA's

20 stonewalling. Mattel therefore requests that MGA be ordered to pay $4515 as

21 partial reimbursement for the fees and costs that Mattel has incurred in bringing this

22 motion.

23

24

25

26

27

28

EXHIBIT 8  Page 192

## II.   THE DISCOVERY MASTER SHOULD COMPEL MGA TO PROVIDE FULL AND COMPLETE RESPONSES TO INTERROGATORY NOS. 51 THROUGH 55 AND 64

### A.   MGA Admits That Mattel's Interrogatories Seek Relevant, Discoverable Phase 2 Information

MGA concedes that Interrogatory Nos. 51 through 55 and 64 are relevant to MGA's Phase 2 trade dress claims.[55]   In fact, the sole reason MGA provides for its refusal to respond to these interrogatories until after the Court decides Mattel's summary judgment motion regarding MGA's trade dress claims is that all of these interrogatories *"deal with MGA's trade dress claims."*[56]   As discussed more fully in Mattel's Opposition to the MGA Parties' Motion for a Protective Order Staying Discovery of Trade Dress Claims filed concurrently, MGA's refusal to respond to these interrogatories due to a summary judgment motion on MGA's Bratz-based trade dress claims that Mattel has not even filed is untenable.   That is all the more so in light of Judge Larson's repeated rejections of MGA's contentions that Phase 2 discovery was, has been or should be stayed in some manner.   At the February 11, 2009 hearing, and even though by then MGA was fully aware of Mattel's intent to bring a Phase 2 summary judgment motion at some point, MGA made no suggestion to Judge Larson that Mattel's contemplated motion should have any effect on the schedule.   To the contrary, *MGA* advocated that Phase 2 discovery and trial should be completed in short order.   And, at the March 4, 2009 hearing, the Court made clear that there was no stay and that, indeed, stay requests were not properly directed to the Discovery Master.

---

[55]   Letter from Jean Pierre Nogues to Jon Corey, dated February 6, 2009 (proposing to delay response to Interrogatory Nos. 43, 44, 51-55, and 64 because they all "deal with MGA's trade dress claims"), Watson Dec., Exh. 18.
[56]   Id. (emphasis added).

1       Not only is MGA's position groundless on its face, but it fails to even

2   arguably explain MGA's refusal to answer the interrogatories.  These interrogatories

3   are also relevant to MGA's *non*-Bratz based claims,[57] such as its claims that Mattel

4   has copied or infringed its "4-Ever-Best-Friends" fashion dolls and packaging,

5   "Mommy's Little..." line of dolls and "Alien Racers" toy racing vehicles.[58]  Mattel's

6   contemplated (and unfiled) Phase 2 motion for summary judgment has nothing to do

7   with those matters.

8       These interrogatories are also relevant to Mattel's Phase 2 claims.  For

9   example, Interrogatory No. 52 asks MGA to identify, for each trade dress that MGA

10   contends Mattel copied, the number of units and profits for each product that

11   incorporates such trade dress.[59]  This information is key to Mattel's claims that

12   MGA used stolen Mattel trade secrets to market and sell MGA's products.[60]  The

13   revenues and profits MGA received for its products are therefore relevant to Mattel's

14   damages theories.  MGA's groundless objections should be overruled.[61]

15   **B.**   **MGA's Unilateral Limits to Mattel's Definitions Should be**

16       **Overruled**

17       In its responses to Mattel's Supplemental Interrogatories, MGA objects

18   that each of the defined terms "SOLD," "SELL," "SALE" and "MATTEL," are

19   vague, ambiguous, overly broad and unduly burdensome.[62]  Even MGA does not

20   believe these objections have merit.  MGA made the same objections to

21   Supplemental Interrogatory Nos. 56-63 and 67-69, which are the subject of Mattel's

22

23   [57]  See, e.g., Mattel's Supplemental Interrogatories (No. 52), Watson Dec., Exh.
      11.[58]

24   [58]  MGA Entertainment, Inc.'s Complaint in Case No. 05-02727, dated April 13,
      2005, at, e.g., ¶¶ 7, 33, 41, 59, Watson Dec., Exh. 24.

25   [59]  Mattel's Supplemental Interrogatories (No. 52), Watson Dec., Exh. 11.

26   [60]  E.g., Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and
      Counter-Claims, at 52-53 (discussing My Scene My Bling Bling), Watson Dec.,
      Exh. 25.

27   [61]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories
      (No. 52), Watson Dec., Exh. 12.

28

**EXHIBIT 8  Page 194**

1   pending motion to compel.[63]  Mattel specifically asked the Discovery Master to

2   overrule these objections and MGA's unilaterally imposed counter-definitions in its

3   pending motion, and MGA did not defend them.[64]  MGA, however still has not

4   withdrawn its improper objections and counter-definitions.

5          Moreover, MGA has offered no evidence that responding to

6   interrogatories with these defined terms would be unduly burdensome, and the

7   definitions are not vague.  MGA's boilerplate objections to Mattel's defined terms

8   should be overruled for this reason.  <u>Fed. R. Civ. P.</u> 33(b)(4) (grounds for objecting

9   to an interrogatory must be stated "with specificity"); <u>Nagele v. Electronic Data</u>

10   <u>Systems Corp.</u>, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome"

11   objections because objecting party failed to particularize basis for objection).

12          For each of these terms, MGA interjects its own, more limited

13   definitions, so that any response would provide Mattel only a portion of the

14   information Mattel is entitled to and allow MGA to cherry-pick discovery.  This is

15   improper.  <u>Chapman v. California Dept. of Educ.</u>, 2002 WL 32854376, at * 3 (N.D.

16   Cal. February 6, 2002) ("The proponent of discovery is the master of its terms.  So

17   long as the information sought is within the broad bounds of relevancy as set forth

18   in Rule 26 and is otherwise properly discoverable, the respondent may not

19   unilaterally reshape or rephrase the discovery request.").[65]

20

21

22

23   [62] <u>Id.</u>
24   [63] <u>Id.</u>; <u>see also</u> Mattel, Inc.'s Motion to Compel Responses to Interrogatories and Production of Documents by MGA Entertainment, Inc., and Isaac Larian, dated February 10, 2009, Watson Dec., Exh. 26.

25   [64] <u>Id.</u> at 14-16; <u>see also</u> MGA Entertainment, Inc. and Isaac Larian's Opposition to Mattel, Inc.'s 2/10/09 Motion to Compel Responses to Interrogatories and Production of Documents, dated February 18, 2009, Watson Dec., Exh. 27 (not opposing Mattel's motion to overrule MGA's and Larian's unilateral definitions).

26   [65] As discussed above, Mattel's interrogatories seek information that is directly relevant to the party's claims and defenses in this case.

27

28

EXHIBIT 8  Page 195

1       MGA complains that Mattel's definitions of the terms "SOLD," "SELL,"

2   and "SALE" include concepts such as distribution, licensing, and marketing.[66]

3   Thus, they assert that any response they provide will "███████████████████████

4   ███████████████████████████."[67]  This contention

5   is both speculative and baseless, as even MGA does not dispute that Mattel is

6   entitled to discover information relating to the distribution, licensing, and marketing

7   of the MGA products at issue.  Moreover, MGA has not explained why using the

8   terms as Mattel has defined them would render their responses vague, ambiguous, or

9   unduly burdensome.  If anything, MGA's unilateral interpretation of the terms are

10  more likely to render their responses vague and ambiguous, as MGA's definition

11  provides zero specificity.

12      MGA also objects to Mattel's definition of the term "MATTEL."[68]

13  MGA asserts that it will interpret the term "████████████████████████████████

14  ████████████████████████████████████████████

15  ██████████."[69]  This interpretation excludes, without justification, anyone who

16  has held themselves out to be Mattel directors, representatives, attorneys, parents,

17  "AFFILIATES, predecessors-in-interest, successors-in-interest, and any other

18  PERSON acting on Mattel's behalf, pursuant to its authority or subject to its

19  control."[70]  There is no legitimate basis for such a limit.  To the contrary, as noted

20  above, given that Mattel's requests clearly seek discoverable information, the law

21  precludes MGA from cherry-picking the discovery it will disclose and from

22  unilaterally reshaping or rephrasing Mattel's discovery requests.  MGA's objections

23  and limitations to Mattel's defined terms should be overruled.

24

25  [66] MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at
26  7 and No. 52, Watson Dec., Exh. 12.
    [67] Id. at 7.
    [68] Id. at Nos. 51-55.
27  [69] Id. at 8.
    [70] Mattel's Supplemental Interrogatories, at 2, Watson Dec., Exh. 11.
28

00505.07915/2823053.1

-15-

EXHIBIT 8  Page 196

C.    **MGA's Remaining Objections Should Be Overruled**

1.    **The Discovery Master Should Overrule MGA's Objections**
       **That Mattel's Interrogatories Seek Information That May Be**
       **The Subject of Expert Witness Analysis**

MGA's objection that Interrogatory Nos. 51, and 53 seek information

that "███████████████████████████████████"[71] is without merit

and has been rejected by the Court previously. The interrogatories properly seek the

factual basis on which MGA bases its claims and defenses. Interrogatory No. 51,

for example, asks MGA to identify every concept, design, product, or packaging of

Mattel that MGA contends is a copy of, infringes or dilutes MGA's concepts,

designs, products, or packaging.[72]    MGA cannot be permitted to withhold this

factual information merely based on its unilateral suggestion that an expert may also

testify about such matters.   Indeed, if that were a sufficient basis for MGA to

stonewall discovery, then it would never have to provide discovery until it deigned

to make expert disclosures. Yes, as the law makes clear, interrogatories requesting

factual information are not objectionable even on the basis that the responding party

would need to consult with an expert to clarify relevant facts.   See King v. E.F.

Hutton & Co., Inc., 117 F.R.D. 2, 5 (D.D.C. 1987) ("while an expert on stockbroker

operations and investments may be necessary to refine the evidence of their losses,

the plaintiffs must have had some factual basis for concluding they had sustained

losses at the time the complaint was filed . . . It is no answer for plaintiffs to assert

that they will need . . . to consult with an expert to determine their losses.  They

should have answered the interrogatories with such information as they then

possessed, and pursuant to Rule 26(e) . . . supplement their answers . . . to reflect

refinements or corrections to the factual representations as to their asserted losses");

---

[71]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories
(Nos. 51, 53), Watson Dec., Exh. 12.

MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

**EXHIBIT 8  Page 197**

1  Roberts v. Heim, 130 F.R.D. 424, 429-30 (N.D. Cal. 1989) (plaintiffs' response to

2  defendants' interrogatory, in which plaintiffs objected to the interrogatory on the

3  ground that the response was dependent, in part, on expert testimony, required

4  plaintiffs to answer the interrogatory and state whether the answer to the

5  interrogatory contained all the factual information in the plaintiffs' possession

6  independent of that to be provided by plaintiffs' experts and also required plaintiffs

7  to provide any other factual information independent of that to be provided by their

8  expert).  In fact, in this case, Judge Larson held that this very objection by MGA

9  was not a proper basis for withholding discovery.[73]

10         MGA's objections on this basis should be rejected.[74]

11        **2.**   **The Discovery Master Should Overrule MGA's Objections**

12             **That Mattel's Interrogatories Seek Information That Is**

13             **Better Known to Mattel**

14         MGA objects to Interrogatory Nos. 51 and 54 on the basis that they

15  seek information that is uniquely or better known to Mattel.[75]  This objection is also

16  without merit.  These interrogatories seek the factual basis for *MGA's* own

17  contentions regarding which Mattel products copied MGA's products and whether

18

---

19    [72]  Mattel's Supplemental Interrogatories (No. 51), Watson Dec., Exh. 11.
20    [73]  Civil Minutes, dated July 2, 2007, at 5 ("That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the
21  Court -- does not render it an improper subject for a Rule 30(b)(6)"), Watson Dec., Exh. 41.
  [74]  MGA also objects to Interrogatory Nos. 43-44 of Mattel's Amended Fourth
22  Set because "the invention, creation, conception, or reduction to practice of Bratz"
will be the subject of expert testimony.  MGA's Fourth Supplemental Responses to
23  Interrogatory Nos. 43-44 of Mattel's Amended Fourth Set of Interrogatories at 11,
Watson Dec., Exh. 9.  The Court should also overrule these objections because they
24  are no longer applicable, as the invention of Bratz was adjudicated in Phase 1.
Moreover, these interrogatories are not limited to MGA's Bratz-based claims.  They
25  also seek to discover the dates of conception for the other products MGA contends
Mattel copied or infringed, including MGA's "4-Ever Best Friends," "Mommy's
26  Little Patient," and "AlienRacers."  MGA Entertainment, Inc.'s Complaint in Case
No. 05-02727, dated April 13, 2005, at 24-26, Watson Dec., Exh. 24.
27    [75]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories
28  (Nos. 51 and 54), Watson Dec., Exh. 12.

**EXHIBIT 8  Page 198**

1  such copying was willful.[76]    Mattel cannot be expected to divine MGA's

2  contentions.  This information is almost exclusively in MGA's possession.  Only it

3  knows which Mattel products it contends infringe MGA's claimed intellectual

4  property and the basis for its contention that such infringement was willful.  In any

5  event, a key purpose of discovery is to avoid trial by ambush and surprise.  MGA

6  should be required to disclose the factual bases for its contentions.  See Fed. R. Civ.

7  P. 33(a)(2).

8          3.    The Discovery Master Should Overrule MGA's Compound

9                Objections

10         MGA objects that Interrogatory Nos. 51 and 52 are compound.

11  However, each of these interrogatories refers to only one common theme and thus,

12  counts only as one interrogatory.    See Swackhammer v. Sprint Corp. PCS, 225

13  F.R.D. 658, 664 (D. Kan. 2004) ("[A]n interrogatory containing subparts directed at

14  eliciting details concerning a 'common theme' should generally be considered a

15  single question."); Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh,

16  2005 WL 318811, at * 7 (N.D. Cal. January 5, 2005) (interrogatory that asked the

17  "same question regarding a common group of people" was not compound) (citing

18  Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2168.1 at 261).

19         Here, Interrogatory No. 51 asks details about one common group:

20  MGA products, concepts, and designs that MGA contends Mattel infringed, and

21  Interrogatory No. 52 asks for sales information for those products.[77]  Neither of

22  these interrogatories is compound.

23

24

25

26

27  [76]  Id.

28  [77]  Mattel's Supplemental Interrogatories (Nos. 51, 52), Watson Dec., Exh. 11.

### 4.    The Discovery Master Should Overrule MGA's Objection That Mattel's Interrogatories Are Duplicative

MGA's objection that Interrogatory No. 52 is duplicative of No. 45 in Mattel's Sixth Set of Interrogatories is also without merit.  Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories asks MGA to identify each Bratz product that MGA or its licensees have sold, and to identify the profits, costs, and revenue associated with each such product.[78]  Interrogatory No. 52, however, seeks this information with respect to each trade dress MGA contends Mattel copied, infringed, or diluted.[79]  While MGA may contend that Mattel copied, infringed, or diluted certain Bratz products, it needs to identify which Bratz products it contends Mattel copied in response to Interrogatory No. 52.  Moreover, MGA has also alleged that Mattel has copied, infringed, and diluted other MGA products, such as MGA's 4-Ever Best Friends, Mommy's Little Patient, and AlienRacers.[80]  Interrogatory No. 52 covers these products, while 45 does not.[81]

[78]   Mattel, Inc.'s Sixth Set of Interrogatories, dated October 23, 2007, Watson Dec., Exh. 28.
[79]   Mattel's Supplemental Interrogatories (No. 52), Watson Dec., Exh. 11.
[80]   MGA's Complaint in Case No. 05-02727, dated April 13, 2005 at 24-26, Watson Dec., Exh. 24.
[81]   MGA further objects that Interrogatory No. 51 is duplicative of Interrogatory No. 6 in Mattel's First Set of Interrogatories Re Unfair Competition and Interrogatory No. 49 in Mattel's Seventh Set of Interrogatories.  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (No. 51), Watson Dec., Exh. 12.  Although Interrogatory Nos. 6 and 49 also address the facts regarding MGA's trade dress claims, MGA has yet to identify each of the Mattel products it contends copied, infringed, or diluted MGA's products by SKU number, as requested by Interrogatory No. 51.  See MGA's Supplemental Responses to Mattel, Inc.'s Seventh Set of Interrogatories, dated November 30, 2007 at 14-16, Watson Dec., Exh. 29; MGA's Second Supplemental Responses to Mattel's First Set of Interrogatories Re Claims of Unfair Competition at 32-37, dated March 6, 2007, Watson Dec., Exh. 30.

EXHIBIT 8  Page 200

5.   **The Discovery Master Should Overrule MGA's Undue Burden Objections**

(a)   **Interrogatory No. 51 is not Unduly Burdensome**

MGA objects that Interrogatory Nos. 51-53 and 64 are unduly burdensome.[82] These objections are without merit. At the outset, MGA provided no explanation as to why Interrogatory No. 51 is unduly burdensome. This objection should be overruled for this reason alone. Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity"); Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize basis for objection). Now, MGA asserts in its Motion for Protective Order that Interrogatory No. 51 is unduly burdensome because MGA "does not have a complete listing of every single Mattel product which copied or infringed MGA's trade dress" and "attempting to compile such information presents another herculean task."[83] MGA is the master of its claims. If it contends that hundreds of Mattel products or more allegedly infringe, then a consequence of that claim is discovery related to hundreds of products or more. The burden claim is completely created by and under the control of MGA. As courts have recognized, there can be no undue burden in requiring a party to identify its own claims. See 8A Federal Practice & Procedure § 2167 (citing Am. Oil Co. v. Penn. Petro. Co., 23 F.R.D. 680, 683 (D.R.I. 1959) ("Since the information sought here will undoubtedly be assembled by the defendant prior to trial in the preparation of its defenses, it cannot be said that these interrogatories are objectionable as being burdensome.")).

---

[82]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 51-53, 64), Watson Dec., Exh. 12.
[83]   See MGA Parties' Motion for Protective Order Staying Discovery on Trade Dress Claims, dated February 27, 2009, at 14.

-20-

EXHIBIT 8  Page 201

1         Moreover, it is inconceivable that that almost four years after MGA

2  asserted these claims, MGA does not have a list of each of the Mattel products it

3  bases its trade dress claims on.  Indeed, MGA is unable to provide any proof to

4  support its assertion, as the law requires and the former Discovery Master has ruled.

5  Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-9 (D. Nev. 1997)

6  ("The party claiming that a discovery request is unduly burdensome must allege

7  specific facts which indicate the nature and extent of the burden, usually by affidavit

8  or other reliable evidence.") (citing Burton Mechanical Contractors, Inc. v.

9  Foreman, 148 F.R.D. 230, 233 (N.D. Ind. 1992)); Order Granting Mattel's Motion to

10  Compel Production of Documents and Interrogatory Responses by MGA, dated

11  May 15, 2007, at 14 ("Once again, MGA has failed to substantiate any of its

12  objections with supporting declarations or legal authorities.   Accordingly, all

13  objections are overruled and MGA is ordered to provide a full response to

14  Interrogatory No. 11), Watson Dec., Exh. 37.  Even if MGA did not have a list of

15  the Mattel products it claims copied MGA's trade dress, it would not be unduly

16  burdensome for it to compile such a list.

17         Mattel is entitled to know MGA's claims, and it is MGA's duty to

18  provide that information.  The Discovery Master should reject MGA's burden

19  objections to Interrogatory No. 51.

20         **(b)**   **Interrogatory No. 52 is Not Unduly Burdensome**

21         MGA next complains that Interrogatory No. 52 is unduly burdensome

22  because "████████████████████████████████████████

23  ████████████████████.["][84]  MGA cites in its Motion for Protective Order the

24  Wing declaration,[85] but Mr. Wing's statements are contradicted by MGA's own Rule

25

26  [84]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories
27  (Nos. 52), Watson Dec., Exh. 12.
     [85]  See MGA Parties' Motion for Protective Order Staying Discovery on Trade
28  Dress Claims, dated February 27, 2009, at 14.

EXHIBIT 8  Page 202

1  30(b)(6) witness and by documents produced by MGA in this action. MGA's <u>Rule</u>

2  30(b)(6) designee has previously testified that MGA regularly maintains reports

3  containing revenue, profit, and cost information on a product-by-product basis,[86] and

4  MGA has previously produced such reports.   In fact, in the midst of trial, MGA

5  produced this type of information for the month ending June 2008 in mid-July

6  2008.[87]  MGA cannot substantiate any credible complaints of burden, as even the

7  little evidence it provided is belied by MGA's own <u>Rule</u> 30(b)(6) designee and

8  MGA's document production in this case.

9             Even if (contrary to fact) MGA truly lacks readily available financial

10  information on a product-by-product basis, it would not render this interrogatory

11  unduly burdensome.   As discussed above, this information is highly relevant to

12  Mattel's Phase 2 claims and defenses against MGA.  MGA itself has asserted that

13  the Phase 2 claims are worth "billions."[88]  The burden of compiling this financial

14  information is not undue in light of the stakes and the scale of claims in this

15  litigation and the importance this information holds to the claims at issue in Phase 2.

16  See <u>King v. Georgia Power Co.</u>, 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling

17  defendant's objection that interrogatory was burdensome and oppressive, even

18  though preparation of answer would be time-consuming and costly, because

19

20  [86]  Deposition of Lisa Tonnu, dated January 17, 2008 ("Tonnu Depo."), Watson
21  Dec., Exh. 31, at 747:9-15 (in preparation for her deposition, Tonnu reviewed
    documents regarding Bratz sales broken down by product SKU numbers generated
22  by MGA employee), 871:17-874:11 (sales information on a product-by-product
    basis can be obtained from MGA's accounting system); 750:2-22 (Tonnu reviewed
23  reports on cost of sales by product SKU number generated by MGA employee);
    878:19-879:23 (MGA tracks as a matter of course the number of products invoiced
24  to customers by product SKU number); 893:20-894:17 (Tonnu reviewed reports on
    returns broken down by product SKU number); 900:23-902:1 (MGA calculates cost
25  of sales by product SKU number); 902:21-903:6 (MGA calculates royalty expenses
    by product SKU number).
26  [87]  See E-mail from Ryan Weinstein to Jon Corey, dated July 22, 2008, Watson
    Dec., Exh. 32; see also MGA 3896239, Watson Dec., Exh. 42; Letter from
27  Weinstein to Corey, dated July 31, 2008, Watson Dec., Exh. 33.
    [88]  Transcript from "Nightline," dated December 22, 2006, at 5, Watson Dec.,
28  Exh. 40.

EXHIBIT 8  Page 203

1  information was crucial to the issues of the suit and in exclusive custody of
2  defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.
3  Ohio 1951) (overruling "overly burdensome" objection because value of
4  information to plaintiff clearly outweighed any annoyance or expense involved in
5  disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182
6  F.R.D. 486, 491 (W.D.N.C. 1998) ("Requiring a responding party to perform
7  extensive research or to compile substantial amounts of data and information does
8  not automatically constitute an undue burden ... Imposing such a burden is
9  particularly proper where, as here, the information sought is crucial to the ultimate
10 determination of a crucial issue and where the location of the documents is best
11 known by the responding party.").

12                    (c)    **Interrogatory No. 53 is Not Unduly Burdensome**

13          MGA's complaint that Interrogatory No. 53 is unduly burdensome is
14 likewise without merit.  This interrogatory asks MGA to state all facts that support
15 its contention that Mattel's products were likely to cause confusion as to their origin,
16 including the facts that support MGA's contention, if it so contends, that any of the
17 well-known Sleekcraft likelihood of confusion factors weighs against Mattel.[89]
18 MGA asserts that this interrogatory is unduly burdensome because it "███████████
19 ████████████████████████████████████████████████████████████
20 ████████████"[90]  However, Mattel is entitled to ask interrogatories that require
21 the application of law to fact.  Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not
22 objectionable merely because it asks for an opinion or contention that relates to . . .
23 the application of law to fact.").[91]  Mattel is also entitled to discover the factual basis

24

---

25  [89] Mattel's Supplemental Interrogatories (No. 53), Watson Dec., Exh. 11.
    [90] MGA's Objections and Responses to Mattel's Supplemental Interrogatories
26  (No. 53), Watson Dec., Exh. 12.
       [91] See also Order Granting Mattel's Motion to Compel MGA to Answer
27  Requests for Admission, dated August 20, 2007 at 7 (overruling legal conclusion
    objections in the context of RFAs), Watson Dec., Exh. 34.
28

1  for MGA's contention that Mattel products caused confusion.  The fact that a false

2  designation of origin claim consists of several factors, and the fact that MGA has

3  alleged that several Mattel products caused confusion, do not render this

4  interrogatory unduly burdensome.  Any burden imposed by this interrogatory is

5  warranted by the nature of MGA's claims in this litigation.  See King, 50 F.R.D. at

6  136; Seff, 11 F.R.D. at 598; Capacchione, 182 F.R.D. at 491.

7                 **(d)     Interrogatory No. 64 is Not Unduly Burdensome**

8          Last, MGA asserts that Interrogatory No. 64 is overly broad, unduly

9  burdensome and "█████████████."[92]  Interrogatory No. 64 asks MGA to state

10  all facts which support its claims against Mattel in this action, and identify all

11  persons with knowledge of such facts and all documents that refer or relate to such

12  facts, to the extent MGA has not previously disclosed such information to Mattel in

13  a prior interrogatory response.[93]  MGA's burden objection is without merit, as

14  Defendants have propounded numerous comparable interrogatories to Mattel,[94] to

15  which Mattel has provided responses to.[95]  Furthermore, MGA clearly must know

16  what other facts and witnesses ostensibly support its claims.  MGA should not be

17  allowed to withhold that information in order to sandbag Mattel, but instead should

18  be required to disclose that information to Mattel.

19

20

21

22

---

23     [92]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories

24  (No. 64), Watson Dec., Exh. 12.
   [93]  Mattel's Supplemental Interrogatories (No. 64), Watson Dec., Exh. 11.

25     [94]  See, e.g., MGA's First Set of Interrogatories to Mattel, dated February 4, 2005 (No. 1) ("State all facts, with particularity, and IDENTIFY all DOCUMENTS

26  that support YOUR contention, if YOU so contend, that YOU have suffered harm as a result of any act or omission of MGA."), Watson Dec., Exh. 35.

27     [95]  Indeed, Mattel's response to this interrogatory was 62 pages long. Supplemental Responses to MGA's First Set of Interrogatories to Mattel, dated

28  December 12, 2007, at 4-66, Watson Dec., Exh. 36.

EXHIBIT 8  Page 205

### 6.   The Discovery Master Should Overrule MGA's Boilerplate Privilege Objections

Finally, MGA objects to Interrogatory Nos. 52, 53, 55, and 64 on the grounds that they "████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████."[96] This boilerplate objection is improper.

Most of the interrogatories at issue here are contention interrogatories. Parties are required to answer interrogatories that ask them to state their contentions about facts or the application of law to facts.  Fed. R. Civ. P. 33(a)(2).  Mattel is entitled to learn the facts in defendants' possession which they believe support their own contentions.  Mattel is also entitled to learn which documents and persons relate to or are knowledgeable about such facts.  The law is clear that a party cannot avoid responding to contention interrogatories by claiming that they call for a legal conclusion or by invoking the attorney-client privilege or the work product doctrine. Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and documents which support a particular allegation in a complaint violates neither the attorney-client or work product privileges."); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (interrogatories seeking the factual specifics which a party contends supports a contention do not implicate the attorney work product doctrine: "If this elementary principle were not applicable, contention interrogatories would not exist.  As the Advisory Committee Note reflects, as to requests for even opinions or contentions that call for the application of law to fact, they are permissible and can be most

---

[96] MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 52, 53, 55, 64), Watson Dec., Exh. 12.

MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

00505.07975/2823053.1

EXHIBIT 8  Page 206

1  useful in narrowing and sharpening the issues, which is the major purpose of

2  discovery.").

3     Each of MGA's objections should be overruled, and MGA should be

4  compelled to respond to Mattel's interrogatories in full.[97]

5  **Conclusion**

6    For the foregoing reasons, Mattel respectfully requests that the

7  Discovery Master enforce the prior Discovery Master's Order, overrule each of

8  MGA's objections and compel MGA to respond to Nos. 43-44 of Mattel's Amended

9  Fourth Set of Interrogatories and Nos. 51-55 and 64 of Mattel's Supplemental

10  Interrogatories.   In addition, Mattel requests that the Discovery Master impose

11  sanctions in the amount of $4515 to reimburse Mattel for at least a portion of the

12  fees it has been forced to incur to obtain discovery that the Discovery Master

13  already ruled that Mattel entitled to.

14

15  DATED: March 6, 2009     QUINN EMANUEL URQUHART OLIVER &

16             HEDGES, LLP

17

18           By/s/ Scott L. Watson

19            Scott L. Watson

          Attorneys for Mattel, Inc.

20

21

22

23

24

25

26   [97] MGA also asserts the same privilege objections to Interrogatory Nos. 43 and
44. MGA's Fourth Supplemental Responses to Interrogatory Nos. 43-44 of Mattel's

27  Amended Fourth Set of Interrogatories (Nos. 43-44), Watson Dec., Exh. 9. Those
objections should be overruled for the same reasons.

28

-26-

**EXHIBIT 8  Page 207**