# EXHIBIT 9

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                         EASTERN DIVISION

12  CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)

13             Plaintiff,              Consolidated with Case Nos. CV 04-
                                       09059 and CV 05-02727
14        vs.
                                       DISCOVERY MATTER
15  MATTEL, INC., a Delaware           [To Be Heard By Discovery Master
    corporation,                       Robert O'Brien]
16
               Defendant.              REPLY IN SUPPORT OF MATTEL,
17                                     INC.'S MOTION TO ENFORCE
                                       ORDER COMPELLING MGA TO
18  AND CONSOLIDATED ACTIONS           PROVIDE DISCOVERY, TO COMPEL
                                       RESPONSES TO CONTENTION
19                                     INTERROGATORIES BY MGA AND
                                       FOR SANCTIONS
20
                                       [Supplemental Declaration of Scott
21                                     Watson filed concurrently]

22                                     Date:   TBD
                                       Time:   TBD
23  PUBLIC REDACTED                    Place:  TBD

24                                     Phase 2
                                       Discovery December 11, 2009
25                                     Pre-trial Conference: March 1, 2010
                                       Trial Date: March 23, 2010
26

27

28

07975/2840467.1

                                       REPLY ISO MOTION TO COMPEL

EXHIBIT 9  Page 208

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ............................................................................................................ 2

I.   MGA IS IN VIOLATION OF THE PRIOR DISCOVERY MASTER'S
     ORDER AND SHOULD BE SANCTIONED ............................................... 2

     A.   MGA Was In Violation Of The Order Both Before And After
          The Stay ............................................................................................ 2

     B.   MGA Should Be Sanctioned .............................................................. 3

II.  THE DISCOVERY MASTER SHOULD COMPEL MGA TO
     PROVIDE FULL AND COMPLETE RESPONSES TO
     INTERROGATORY NOS. 51 THROUGH 55 AND 64 ............................... 4

     A.   Mattel's Motion Is Not Moot .............................................................. 4

     B.   Mattel Properly Met and Conferred with MGA Regarding
          Interrogatory Nos. 51-55 and 64 Before It Filed Its Motion ............. 5

     C.   The Court Should Overrule Each of MGA's Objections ..................... 7

          1.   MGA Admits That Mattel's Interrogatories Seek Relevant,
               Discoverable Phase 2 Information .............................................. 7

          2.   MGA Cannot Substitute Its Own Definitions For Mattel's
               Definitions ................................................................................. 7

     D.   MGA Cannot Withhold Information Simply Because It May Be
          The Subject Of Expert Witness Analysis ........................................... 10

     E.   MGA's Objections That Information Is Better Known To Mattel
          Should Be Overruled ........................................................................ 11

     F.   Mattel's Interrogatories Are Not Compound And Must Be
          Answered .......................................................................................... 11

     G.   Mattel's Interrogatories Are Not Duplicative ................................... 13

     H.   Mattel's Interrogatories Are Not Unduly Burdensome ..................... 13

     I.   MGA's Boilerplate Privilege Objections Should Be Overruled .......... 15

CONCLUSION ........................................................................................................ 16

EXHIBIT 9  Page 209

# TABLE OF AUTHORITIES

**Page**

## Cases

Adidas-Saloman AG v. Target Corp.,
228 F. Supp. 2d 1192 (D. Or. 2002) ............................................... 9

Am. Oil Co. v. Penn. Petro. Co.,
23 F.R.D. 680 (D.R.I. 1959) ......................................................... 14

Avery Dennison Corp. v. Sumpton,
189 F.3d 868 (9th Cir. 1999) ........................................................ 9

Burton Mechanical Contractors, Inc. v. Foreman,
148 F.R.D. 230 (N.D. Ind. 1992) .................................................. 13

Chapman v. California Dept. of Educ.,
2002 WL 32854376 (N.D. Cal. Feb. 6, 2002) ................................ 8

Collaboration Properties, Inc. v. Polycom, Inc.,
224 F.R.D. 473 (N.D. Cal. 2004) ................................................. 12

Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,
1989 WL 92038 (E.D.N.Y. 1988) ................................................ 15

Durney v. WaveCrest Laboratories, LLC,
441 F. Supp. 2d 1055 (N.D. Cal. 2005) ........................................ 12

eMachines, Inc. v. Ready Access Memory, Inc.,
2001 WL 456404 (C.D. Cal. Mar. 5, 2001) ................................. 10

Jackson v. Montgomery Ward & Co., Inc.,
173 F.R.D. 524 (D. Nev. 1997) .................................................... 13

Jada Toys v. Mattel, Inc.,
518 F.3d 628 (9th Cir. 2008) ....................................................... 12

King v. E.F. Hutton & Co., Inc.,
117 F.R.D. 2 (D.D.C. 1987) .................................................. 11, 15

Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh,
2005 WL 318811 (N.D. Cal. Jan. 5, 2005) ................................... 12

Roberts v. Heim,
130 F.R.D. 424 (N.D. Cal. 1989) ................................................. 11

Swackhammer v. Sprint Corp. PCS,
225 F.R.D. 658 (D. Kan. 2004) .................................................... 12

Vision Sports v. Melville Corp.,
888 F.2d 609 (9th Cir. 1989) ........................................................ 9

-ii-

EXHIBIT 9  Page 210

**Statutes/Rules**

15 U.S.C. § 1055.................................................................10

F.R.C.P. Rule 26.............................................................5, 8

**Other Authorities**

Wright & Miller 8A _Federal Practice & Procedure_ § 2167.......................14

Wright & Miller 8A _Federal Practice & Procedure_ 2d § 2168.1.....................12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-iii-

**EXHIBIT 9  Page 211**

## Preliminary Statement

MGA's Opposition spends more time attacking Mattel and its counsel than addressing the substance of Mattel's motion.  Yet, this smoke screen cannot hide that MGA is in violation of a prior Order as to two of the interrogatories at issue and has asserted only baseless objections as to the others.

Mattel's motion is not "unnecessary," "procedurally improper" or sanctionable.  It is undisputed that, two months after the Phase 2 stay was lifted, MGA has not provided its required responses.  That MGA is seeking to stay its discovery obligations does not allow MGA to unilaterally ignore its overdue obligations to comply with a Court Order and does not preclude Mattel from seeking an Order requiring them to provide long-overdue interrogatory answers (for the second time, as to two interrogatories).  Indeed, not only is it more efficient to consider all issues related to these interrogatories together, but it avoids yet more months of delay by MGA in providing the information that Mattel is entitled to—including information the Discovery Master ruled a year ago MGA must provide.

MGA also attacks Mattel for purportedly failing to meet and confer.  But the record is clear—Mattel identified the interrogatories in a letter to MGA's counsel, and multiple discussions about these interrogatories between counsel followed, with no agreement being reached.  Mattel fully complied with its meet and confer obligations.

The merits are equally straightforward.  MGA has never provided the information sought by Interrogatory Nos. 43 and 44, and the Discovery Master already compelled MGA to fully respond to them.  The remaining interrogatories are simple contention interrogatories pertaining to MGA's own claims.  MGA does not even attempt to dispute their relevance, and MGA's boilerplate objections serve as no excuse for MGA's refusal to disclose information about it own alleged claims.

Finally, MGA should be sanctioned for refusing to supplement its responses to Interrogatories 43 and 44.  The Discovery Master already ordered them to do so.

-1-

EXHIBIT 9  Page 212

1    Nothing has relieved MGA of that obligation.  MGA is in violation of the prior

2    Order, and sanctions are appropriate to ensure compliance, deter future refusals to

3    comply with valid Court Orders and to reimburse Mattel for a part of its costs in

4    having to move twice to obtain the information the Discovery Master already ruled

5    Mattel is entitled to.

6                                 **Argument**

7    **I.    MGA IS IN VIOLATION OF THE PRIOR DISCOVERY MASTER'S**

8          **ORDER AND SHOULD BE SANCTIONED**

9          **A.    MGA Was In Violation Of The Order Both Before And After The**

10          **Stay**

11         MGA has long been in violation of the Discovery Master's February 15, 2008

12    Order which required that MGA provide amended interrogatory responses no later

13    than February 26, 2008 -- *within 11 days* of its entry.[1]  As Mattel has shown at

14    length in its Opposition to MGA's stay motion,[2] MGA was *already in violation* of

15    the Order when it filed a motion for "clarification" that it did not have to comply

16    with the February 15 Order's terms.[3]  When, almost two months later, the Discovery

17    Master granted MGA a temporary reprieve, the Discovery Master expressly stated

18

19       [1]    This Order required MGA to fully answer Interrogatories 43 and 44, which are

20    contention interrogatories seeking basic information as to the dates that MGA products directly at issue in this litigation were conceived and committed to tangible form.  This

21    information is indispensable to Mattel's Phase 2 defenses and Mattel's claims of unfair

22    competition and misappropriation of trade secrets.  They are essential for important aspects of Phase 2 discovery to even proceed, and until answered, Mattel's ability to take

23    depositions and conduct other follow-up discovery is thwarted.

24       [2]    Mattel's Opposition to MGA's Motion for Protective Order, dated March 6, 2009. To avoid burdening the Discovery Master with unnecessary repetition, Mattel respectfully

25    directs the Discovery Master to its Opposition and incorporates that Opposition herein by

26    this reference.

          [3]    Motion Of MGA Parties For Clarification Regarding Portions Of February 15, 2008

27    Order Granting In Part And Denying In Part Mattel's Motion To Compel Response To

28    Interrogatory Nos. 27-44 And 46-50 By MGA Parties, Supp. Watson Dec., Exh. 1.

-2-

REPLY ISO MOTION TO COMPEL

EXHIBIT 9  Page 213

1   *when* MGA's compliance with the Order would again be due: "The MGA Parties'
2   obligation to supplement their responses . . . are hereby stayed *until further order of*
3   *the district court lifting the stay on Phase 2 discovery.*"[4]  This language could not
4   be more clear.  Once the Phase 2 stay was lifted, MGA's obligation to supplement
5   was no longer stayed, and its already overdue obligation resumed.

6        There is simply nothing in the April 22, 2008 Order, or any other order,
7   supporting MGA's baseless position that there is no deadline for compliance or that
8   there is some ambiguity excusing its refusals to answer these interrogatories.

9        **B.   MGA Should Be Sanctioned**

10       MGA is willfully violating the Discovery Master's Order, and should be
11   sanctioned.  Indeed, MGA was previously sanctioned in this case for refusing to
12   comply with an existing discovery Order once a stay was lifted.[5]  The Court
13   previously held that once a discovery stay is lifted prior orders requiring compliance
14   become effective again; MGA was sanctioned for not producing Mr. Larian within
15   20 days once a prior stay was lifted.[6]  The Discovery Master should again sanction
16   MGA for its failure to comply with the prior Discovery Master's Order.

17       MGA asserts that it should not be sanctioned because it has moved for a stay
18   of discovery relating to MGA's trade dress claims, but that does not justify its
19   refusal to comply with the Discovery Master's previous Order.  As Mattel has shown
20   elsewhere: (1) under the law and under prior Orders in this litigation, a party is
21   *required* to comply with a Court Order absent an actual stay from the Court
22   excusing compliance; (2) Judge Larson has already rejected MGA's repeated

---

[4]   Order Granting MGA Parties' Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated April 22, 2008, Watson Dec., Exh. 10 (emphasis added).
[5]   Civil Minutes - General Re: Mattel's Motion to Enforce the Court's Order on March 23, 2005 and for Sanctions, dated June 16, 2006, Supp. Watson Dec., Exh. 2.
[6]   Id.

-3-

1 | arguments for staying Phase 2 and explicitly stated that discovery is to proceed; (3)
2 | the Discovery Master lacks the power to alter the Scheduling Order or impose a
3 | discovery stay, as the Discovery Master has recognized; (4) MGA not only waited
4 | seven weeks to seek its purported stay, but it knew about Mattel's contemplated
5 | partial summary judgment motion at the Scheduling Conference when it insisted
6 | that discovery and trial be completed this year; and (5) the stay request lacks any
7 | merit, including because it suffers from the exact same flaws Judge Larson
8 | previously identified in refusing MGA's earlier requests for partial discovery stays.[7]

9 |     MGA's assertion that Mattel should be sanctioned for moving to compel
10 | responses to Interrogatory Nos. 51-55 and 64 is groundless. (Opp. at 13-16). It is
11 | not duplicitous of Mattel to attempt to resolve all outstanding issues regarding these
12 | interrogatories at once by opposing MGA's stay motion, filing a Motion for an
13 | Order to Show Cause, and moving to compel full and complete responses to these
14 | interrogatories. If anything, Mattel's approach saves judicial resources by allowing
15 | the Discovery Master decide all issues regarding these interrogatories at the same
16 | time. It is MGA, not Mattel, that should be sanctioned for its continued defiance of
17 | the Discovery Master's Order and its improper delay tactics.

18 | **II.**    **THE DISCOVERY MASTER SHOULD COMPEL MGA TO PROVIDE**
19 |     **FULL AND COMPLETE RESPONSES TO INTERROGATORY NOS.**
20 |     **51 THROUGH 55 AND 64**
21 |     **A.**    **Mattel's Motion Is Not Moot**
22 |     MGA argues that Mattel's Motion is unnecessary because MGA has stated
23 | that it will provide responses to Interrogatory Nos. 51-55 and 64. (Opp. at 16). This
24 |
25 | _____
26 | [7]  See Mattel, Inc.'s Opposition to the MGA Parties' Motion for Protective Order Staying Discovery on Trade Dress Claims, dated March 6, 2009; see also Mattel, Inc.'s Ex
27 | Parte Application for an Order to Show Cause Re: MGA Entertainment, Inc.'s Failure to Comply with Court Order, dated March 10, 2009.
28 |

-4-

EXHIBIT 9  Page 215

1   mischaracterizes the parties' dispute.  Not only does MGA refuse to commit to

2   providing responses in a timely fashion, but it also refuses to withdraw its improper

3   objections when it does finally provide responses to these interrogatories.  Mattel is

4   entitled to responses to these Interrogatories that are not limited by MGA's improper

5   objections.

6        Moreover, MGA's statement that it will provide responses sometime in the

7   future is not binding, and Mattel cannot rely on it.  As the prior Discovery Master

8   has ruled, absent a binding stipulation among the parties, the prior statements of

9   intent by the parties will not be enforced or considered as a basis for a later ruling.

10  "Because the parties did not execute a binding stipulation, there is no legal basis to

11  enforce the terms contained in the draft stipulation. Therefore, Mattel's right to the

12  discovery it seeks in the instant motion to compel is governed by the familiar

13  guidelines set forth in Rule 26 of the Federal Rules of Civil Procedure."[8]  Mattel's

14  Motion is not moot.

15     **B.    Mattel Properly Met and Conferred with MGA Regarding**

16         **Interrogatory Nos. 51-55 and 64 Before It Filed Its Motion**

17        It is undisputed that Mattel sent a meet and confer letter and had multiple

18  phone calls with MGA's counsel about these interrogatories.[9]  Still, MGA argues

19  this was insufficient.  This argument is unavailing.  MGA does not claim that it was,

20  in fact, willing to withdraw its objections to these interrogatories.  Mattel correctly

21  understood MGA's refusal to discuss its specific objections to these interrogatories

22

23

---

24     [8]   Order Granting Mattel's Motion to Compel Production of Documents, dated January
25   25, 2007, at 10-11, Supp. Watson Dec., Exh. 5.
       [9]   Letter from Scott Watson to Thomas Nolan, dated January 28, 2009, Watson Dec.,
26   Exh. 15; see also Watson Dec., at ¶18; Letter from Scott Watson to Amman Khan, dated
27   February 6, 2009, Watson Dec., Exh 17 (referencing the parties' February 6, 2009 call and
     the parties' anticipated call on February 9, 2009).
28

                                          -5-

EXHIBIT 9  Page 216

1  for what it was—a refusal to withdraw its improper objections and to fully answer

2  the substance of the interrogatories.

3       More specifically, Mattel asked MGA on January 28, 2009, whether MGA

4  intended to limit its responses to Interrogatory Nos. 51-64 based on **any** of its

5  objections and informed MGA that if the parties could not resolve the matter during

6  meet and confer, Mattel would move to compel complete responses to these

7  interrogatories.[10]  The parties met and conferred on February 6, 2009.[11]  During the

8  meet and confer, Mattel again asked MGA whether it would stand on its objections,

9  and MGA declined to agree to withdraw its objections with respect to Interrogatory

10  Nos. 51-55 and 64.[12]  That *MGA* refused to attempt to defend those objections

11  during the meet and confer does not and cannot impair *Mattel's* discovery rights.  At

12  that point, under the express terms of the Discovery Master Stipulation and Order,

13  Mattel was entitled to move to compel, as far more than five court days had already

14  passed since Mattel sent its meet and confer letter.[13]

15

16

17

18

19

20

---

[10]  Letter from Scott Watson to Thomas Nolan, dated January 28, 2009, Watson Dec., Exh. 15 ("If MGA or Larian intends to limit their responses based on these *or any other objections*, please let me know when you are available to meet and confer regarding these interrogatories.  If we cannot resolve this matter during meet and confer, Mattel will move to compel.") (emphasis added).

[11]  Watson Dec., ¶ 18, Exh. 17.

[12]  Watson Dec., ¶ 18.

[13]  See Stipulation for Appointment of Discovery Master, dated December 6, 2006, at 4, Watson Dec., Exh. 38 ("If the dispute has not been resolved within five court days after such service, the moving party may seek relief from the Discovery Master by formal motion"); see also Order No. 1, Regarding Procedure Governing Motions, dated February 12, 2009, Supp. Watson Dec., Exh. 3.

-6-

EXHIBIT 9  Page 217

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C.   The Court Should Overrule Each of MGA's Objections**

    **1.   MGA Admits That Mattel's Interrogatories Seek Relevant,
Discoverable Phase 2 Information**

    MGA never disputes, and thus concedes, that each of the interrogatories at issue here seeks relevant Phase 2 information.  (Mot. at 12-13).  The Court should therefore overrule ███████████████████████████████████████

███████████████████████████████[15]

    **2.   MGA Cannot Substitute Its Own Definitions For Mattel's
Definitions**

    MGA's complaint that the term "MATTEL" is vague and ambiguous is unfounded.[16]  The prior Discovery Master has repeatedly compelled MGA to produce discovery using this definition.[17]  And, MGA itself has used this and comparable definitions in its own discovery.[18]

---

[14]   MGA's Responses to Mattel's Supplemental interrogatories at 2, Watson Dec., Exh. 12.

[15]   Id. at No. 52.

[16]   As Mattel pointed out in its Motion, even MGA recognizes that these objections do not have merit.  (Mot. at 13-14).  Mattel specifically asked the Discovery Master to overrule these same objections in its pending motion to compel responses to Interrogatory Nos. 56-63 and 67-69, and MGA did not defend them.  Id.

[17]   E.g., Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February 15, 2008 (granting motion to compel on various interrogatories which include the definition of MATTEL), Watson Dec., Exh. 8; see also Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007, Watson Dec., Exh. 1 (Interrogatory Nos. 43 and 44 use the defined term MATTEL which MGA now objects to).

[18]   MGA's First Set of Interrogatories to Mattel, Inc., dated February 4, 2005, at 6, Supp. Watson Dec., Exh. 6 (defining "MATTEL" as any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control."); MGA's Second Set of Interrogatories to Mattel, Inc., dated December 4, 2007, Supp. Watson Dec., Exh. 7
(footnote continued)

REPLY ISO MOTION TO COMPEL

EXHIBIT 9  Page 218

1    Furthermore, as Mattel explained in its Motion, there is no merit to MGA's

2    contention. (Mot. at 15). MGA asserts that it will interpret the term "MATTEL" ███

3    ████████████████████████████████████████████████████████████████████████

4    ████████████████████████████████████████[19] This interpretation

5    excludes, without justification, anyone who has held themselves out to be Mattel

6    directors, representatives, attorneys, parents, "AFFILIATES, predecessors-in-

7    interest, successors-in-interest, and any other PERSON acting on Mattel's behalf,

8    pursuant to its authority or subject to its control."[20]  MGA is perfectly capable of

9    identifying entities and persons that MGA believed or knew to be acting on Mattel's

10   behalf, pursuant to its authority or subject to its control.  MGA has no grounds for

11   excluding some of these persons or entities from its interrogatory responses.

12   MGA's suggestion that the definition of MATTEL would encompass "thousands" of

13   entities and individuals is clearly mere hyperbole.   Such unsupported assertions

14   cannot be used to deny Mattel discovery or to substitute MGA's definition for

15   Mattel's.  Chapman v. California Dept. of Educ., 2002 WL 32854376, at * 3 (N.D.

16   Cal. February 6, 2002) ("The proponent of discovery is the master of its terms. So

17   long as the information sought is within the broad bounds of relevancy as set forth

18   in Rule 26 and is otherwise properly discoverable, the respondent may not

19   unilaterally reshape or rephrase the discovery request.").

20       Nor are the terms "sold," "sell" or "sale" vague and ambiguous.  MGA does

21   not dispute that its unilateral, substitute definition of "sale" -- meaning its use in the

22   "ordinary sense of the word" -- provides no specificity whatsoever and would

23   improperly allow MGA to interject whatever definition it sees fit.  MGA also does

---

25   (defining "MATTEL" as "any of its past or present officers, directors, employees, parents,
     subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.").

26   [19]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at 8 and

27   No. 52, Watson Dec., Exh. 12.
     [20]  Mattel's Supplemental Interrogatories, at 2, Watson Dec., Exh. 11.

28

-8-

EXHIBIT 9  Page 219

1  not dispute that Mattel is entitled to discover information relating to the distribution,

2  licensing and marketing of the MGA products at issue. Indeed, even MGA

3  recognizes its objections to this definition have no merit. ████████████

4  ████████████████████████████████████████████████████████

5  ████████████████████████████.[21]  Mattel specifically asked the

6  Discovery Master to overrule this objection and MGA's unilaterally imposed

7  counter-definitions in its pending motion, and MGA did not defend them.[22]

8      As to Interrogatory No. 52, MGA's argument that the term "sales" must be

9  limited to the "transfer of title for compensation" is mistaken and seeks to exclude

10 plainly discoverable information. Mattel needs to know the alleged extent and

11 nature of the use of MGA's purported trade dress because "use" is a specific factor

12 in both secondary meaning and likelihood of confusion analysis for infringement

13 claims and a specific factor in determining the element of alleged fame for dilution

14 claims. See, e.g., Vision Sports v. Melville Corp., 888 F.2d 609, 615-616 (9th Cir.

15 1989) (factors to be assessed in determining secondary meaning include the degree

16 and manner of the use of the trade dress); Adidas-Saloman AG v. Target Corp., 228

17 F. Supp. 2d 1192 (D. Or. 2002) (factors for likelihood of confusion include the

18 strength of the mark, the marketing channels used, and the likelihood of expansion

19 of the product lines); Avery Dennison Corp. v. Sumpton, 189 F.3d 868, 875-76 (9th

20 Cir. 1999) (fame for a dilution cause of action is determined by the "duration and

21 extent of use of the mark in connection with the goods or services with which the

22 mark is used," "the duration and extent of advertising and publicity of the mark,"

23

24  [21] Mattel, Inc.'s Motion to Compel Responses to Interrogatories and Production of Documents by MGA Entertainment, Inc., and Isaac Larian, dated February 10, 2009,

25  Watson Dec., Exh. 26.
    [22] Id. at 14-16; see also MGA Entertainment, Inc. and Isaac Larian's Opposition to

26  Mattel, Inc.'s 2/10/09 Motion to Compel Responses to Interrogatories and Production of Documents, dated February 18, 2009, Watson Dec., Exh. 27 (not opposing Mattel's motion

27  to overrule MGA's and Larian's unilateral definitions).

28

REPLY ISO MOTION TO COMPEL

EXHIBIT 9  Page 220

1   "the geographical extent of trading area in which the mark is used," and "the

2   channels of trade for the goods or services with which the mark is used," among

3   other factors).  None of these authorities limit these key inquiries into the extent and

4   nature of use to only sales involving "transfer of title for compensation," and MGA

5   cites no authority suggesting that use is so limited or that would otherwise allow it

6   to exclude legally relevant information about the use of MGA's alleged trade dress.[23]

7   MGA's objections to Mattel's defined terms should be overruled.

8   **D.   MGA Cannot Withhold Information Simply Because It May Be**

9   **The Subject Of Expert Witness Analysis**

10   MGA objects to Interrogatories 51 and 53 on the grounds ██████████████

11   ████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████[24]   In its

14   Opposition, however, MGA now asserts that it was merely trying to "preserve its

15   right to rely on expert testimony." (Opp. at 21).  But the intent of MGA's general

16   and specific objection was clearly much broader, and any attempt to withhold

17   information as "premature" should be overruled.   MGA cites no authority

18   supporting a contention that it can withhold factual information on the basis that it

19   might be the topic of expert testimony. (Opp. at 20-21).  To the contrary, the law is

20

21   [23]   Further underscoring the point that trade dress rights do not accrue only upon the

22   satisfaction of MGA's artificial, unsupported "transfer of title for compensation" definition
      and that adopting MGA's constrained view would deny Mattel legally relevant information

23   it is entitled to, the Lanham Act provides that a licensee's use inures to the licensor's
      benefit -- without any reference to transfer to title or any similar limitation at all.  15

24   U.S.C. § 1055 ("Where a registered mark . . . is or may be used legitimately by related

25   companies, such use shall inure to the benefit of the registrant . . . and such use shall not
      affect the validity of such mark . . . "); eMachines, Inc. v. Ready Access Memory, Inc.,

26   2001 WL 456404, at * 8 (C.D. Cal. March 5, 2001) ("a license to use a mark is evidence of

27   use of the mark by the mark's registrant").
      [24]   Watson Dec., Exh. 12, at 3-4, 15, 18.

28

-10-

EXHIBIT 9  Page 221

1  clear that interrogatories requesting factual information are not objectionable even

2  on the basis that the responding party would need to consult with an expert to clarify

3  relevant facts.  (Mot. at 16-17) (citing King v. E.F. Hutton & Co., Inc., 117 F.R.D.

4  2, 5 (D.D.C. 1987); Roberts v. Heim, 130 F.R.D. 424, 429-30 (N.D. Cal. 1989)).

5  Thus, even if at some point MGA obtains expert information, MGA's proper course

6  would be to *supplement* its response.  What MGA cannot do is assert this objection

7  as a basis to further delay answering Mattel's interrogatories with the information

8  that is now available to it.

9      E.      **MGA's Objections That Information Is Better Known To Mattel**

10             **Should Be Overruled**

11        Interrogatories 51 and 54 seek information about the factual basis of MGA's

12  own contentions and ask MGA to identify Mattel's purportedly infringing products

13  *with specificity*.  It is not unreasonable for Mattel to require MGA to specifically

14  identify the allegedly infringing products so that Mattel can understand the basis for

15  MGA's allegations.  Such specific identification is well within MGA's knowledge

16  and not within Mattel's.  Indeed, without such specific identification, Mattel cannot

17  fully identify the products that are the subject of MGA's claims.  Furthermore,

18  MGA cannot withhold information on the theory that Mattel better knows which

19  people have knowledge of Mattel's purported copying of MGA's intellectual

20  property.  Once again, Mattel seeks information regarding the factual basis of

21  MGA's own claims and is entitled to the information.

22      F.      **Mattel's Interrogatories Are Not Compound And Must Be**

23             **Answered**

24        Interrogatories 51, 52 and 53 inquire into the factual basis for MGA's claims

25  that Mattel infringed MGA's intellectual property.  These interrogatories each seek

26

27

28

REPLY ISO MOTION TO COMPEL

**EXHIBIT 9  Page 222**

1    information on a common theme and about a common group.[25]  For example,

2    Interrogatory 51 asks that for the allegedly infringed MGA products, concepts or

3    designs, MGA identify with specificity the alleged infringement.[26]  Interrogatory 52

4    asks for sales information for MGA's allegedly infringed products.[27]  Neither of

5    these interrogatories is compound.  Similarly, Interrogatory 53 is not compound.  It

6    asks that for each instance where MGA claims likelihood of confusion between

7    Mattel and MGA marks, MGA identify the witnesses, facts and documents

8    supporting that contention.[28]  As the Discovery Master has previously ruled in this

9    case, such interrogatories with "subparts seeking facts supporting a contention, the

10   identity of persons with knowledge, and documents are not counted separately for

11

12   [25]  MGA does not even attempt to distinguish Mattel's authorities.  See Mot. at 18

13   (citing Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D. Kan. 2004) ("[A]n

14   interrogatory containing subparts directed at eliciting details concerning a 'common theme'
     should generally be considered a single question."); Pacific Lumber Co. v. National Union

15   Fire Ins. Co. of Pittsburgh, 2005 WL 318811, at * 7 (N.D. Cal. January 5, 2005)

16   (interrogatory that asked the "same question regarding a common group of people" was not
     compound) (citing Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2168.1 at 261)).

17   [26]  In other words, this interrogatory asks MGA to identify specifically which Mattel
     products infringed specifically what MGA intellectual property.  Contrary to what MGA

18   suggests, simply requiring that MGA provide specificity in its description of the alleged

19   infringement (by identifying the allegedly infringed elements, and by specifically
     identifying the allegedly infringing Mattel products) does not make the interrogatory

20   compound.

21   [27]  Each of the authorities MGA relies on to support its contention that Mattel's
     interrogatories are compound are inapposite.  In Collaboration Properties, Inc. v. Polycom,

22   Inc., 224 F.R.D. 473, 475 (N.D. Cal. 2004), the plaintiff had identified the products that
     formed the basis of its own claims and was propounding interrogatories to defendant about

23   those products.  By contrast, here, Mattel asks MGA to identify the products that are the
     subject of MGA's own contentions.  Jada Toys v. Mattel, Inc., 518 F.3d 628 (9th Cir.

24   2008), and Durney v. WaveCrest Laboratories, LLC, 441 F. Supp. 2d 1055 (N.D. Cal.

25   2005), are also inapposite.  These cases do not even relate to discovery, let alone discuss
     what constitutes a compound interrogatory.  See Opp., at 22, fn. 20.

26   [28]  By requiring MGA to identify the Sleekcraft factors supporting MGA's contentions,

27   the interrogatory simply identifies the level of specificity with which MGA must answer
     the interrogatory.

28

-12-

EXHIBIT 9  Page 223

1  the purposes of applying the ... interrogatory limit."[29]  MGA cites no authority to

2  the contrary.

3  ### G.  Mattel's Interrogatories Are Not Duplicative

4  Interrogatory 52 does not duplicate Interrogatory 45.  Interrogatory 52 seeks

5  MGA profits, costs and revenue associated with each trade dress Mattel allegedly

6  infringed, while Interrogatory 45 seeks similar information with respect to each

7  Bratz product.  Thus, Interrogatory 52 encompasses products not covered by

8  Interrogatory 45 and also requires MGA to identify which of the Bratz products and

9  associated trade dress MGA alleges Mattel infringed.[30]

10  ### H.  Mattel's Interrogatories Are Not Unduly Burdensome

11  MGA does not dispute that it has failed to provide any proof to support its

12  burden assertions.  The Court should therefore overrule each of MGA's

13  unsubstantiated burden objections.[31]  Indeed, although Mattel drew attention to this

14  deficit in its Motion, MGA has not even attempted to cure this deficiency.  Nor does

15  MGA dispute, for example, that it regularly maintains reports containing revenue,

16  profit, and cost information on a product-by-product basis, which is precisely the

17

18  [29]  Order Granting Joint Motion for Protective Order Regarding Mattel's
19  Interrogatories, dated September 5, 2007, at 5-7, Supp. Watson Dec., Exh. 4.
      [30]  Contrary to MGA's assertion, Mattel also challenges MGA's objection that
20  Interrogatory 51 is duplicative.  (Mot. at 19, fn. 81) (explaining that in answer to
      Interrogatories 6 and 49 MGA has not provided all the information requested in
21  Interrogatory 51).
      [31]  See Mot. at 20-22; see also Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D.
22  524, 528-9 (D. Nev. 1997) ("The party claiming that a discovery request is unduly
23  burdensome must allege specific facts which indicate the nature and extent of the burden,
      usually by affidavit or other reliable evidence.") (citing Burton Mechanical
24  Contractors, Inc. v. Foreman, 148 F.R.D. 230, 233 (N.D. Ind. 1992)).  The former
      Discovery Master also ruled that MGA must substantiate its burden objections with
25  supporting proof.  See Order Granting Mattel's Motion to Compel Production of
26  Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14 ("Once
      again, MGA has failed to substantiate any of its objections with supporting declarations or
27  legal authorities).

28

-13-

REPLY ISO MOTION TO COMPEL

EXHIBIT 9  Page 224

1   information sought by Interrogatory No. 52. Thus, providing a response to this

2   interrogatory will not impose an undue burden. (Mot. at 21-22).

3      As Mattel explained in its Motion, MGA cannot complain that Mattel's

4   interrogatories are unduly burdensome when Mattel simply seeks information

5   regarding MGA's own claims and allegations.[32] If MGA contends that Mattel has

6   infringed vast amounts of MGA's intellectual property, Mattel has the right to seek

7   and obtain discovery as to each of MGA's contentions. For this reason, courts hold

8   there can be no undue burden in requiring a party to identify its own claims and the

9   factual basis for them. See 8A Federal Practice & Procedure § 2167 (citing Am. Oil

10   Co. v. Penn. Petro. Co., 23 F.R.D. 680, 683 (D.R.I. 1959) ("Since the information

11   sought here will undoubtedly be assembled by the defendant prior to trial in the

12   preparation of its defenses, it cannot be said that these interrogatories are

13   objectionable as being burdensome.")).

14      MGA's only complaint is that the interrogatories are unduly burdensome

15   because Mattel requests information about all alleged infringement of MGA

16   intellectual property, whether that property is tangible or intangible. (Opp. at 24).

17   But as explained above, Mattel is entitled to information regarding all of MGA's

18   claims and allegations, and interrogatories seeking such information are not unduly

19   burdensome.

20      Similarly, MGA complains that Interrogatory 53 and 64 are unduly

21   burdensome -- 53 because it requires MGA to identify the Sleekcraft factors

22   supporting each of MGA's alleged claims, and 64 because it requires MGA to

23   identify the facts, witnesses and documents pertaining to its claims.[33]  Again,

24

25   [32] (Mot. at 20-24). In such circumstances, the burden of responding is created by and
    under the control of MGA.

26   [33] See Opp. at 25. Note that MGA states that it objects to Interrogatory 52 because it

27   requires identification of Sleekcraft factors. Interrogatory 52 does not mention Sleekcraft
    factors but rather seeks information about revenue, profit and cost. Mattel therefore

28   (footnote continued)

REPLY ISO MOTION TO COMPEL

EXHIBIT 9  Page 225

1   however, these objections are unavailing because the interrogatories seek

2   information regarding the details of MGA's own allegations against Mattel.  The

3   Court should overrule MGA's meritless burden objections.

4       I.    **MGA's Boilerplate Privilege Objections Should Be Overruled**

5       As Mattel explained in its Motion, MGA's privilege objections are improper.

6   (Mot. at 25-26).  MGA now asserts that it was simply trying to make clear that "it

7   was not waiving attorney-client privilege and would not produce any privileged

8   information or documents." (Opp. at 25).  MGA's privilege objections are much

9   broader than this, however.[34]  In fact, MGA objects to Interrogatory Nos. 52, 53, 55,

10  and 64 on the grounds that they ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14  ▮▮▮▮▮▮▮▮   Such broad assertions of privilege cannot be sustained in the context

15  of contention interrogatories where the law makes clear that a party cannot avoid

16  responding by claiming that the interrogatories call for a legal conclusion or by

17  invoking the attorney-client privilege or the work product doctrine.[35]  To the extent

18  MGA is merely asserting that it is not waiving attorney-client privilege and that it

19  will not produce any documents protected by the attorney-client privilege, then the

20  Court should overrule the remainder of MGA's objection regarding the ▮▮▮▮▮

21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

22  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23  

24  assumes MGA meant to object to Interrogatory 53, which does require the identification of

25  Sleekcraft factors.

   [34]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos.

26  52, 53, 55, 64), Watson Dec., Exh. 12.

   [35]  Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at

27  *1 (E.D.N.Y. 1988); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 n.3 (D.D.C. 1987).

28  

REPLY ISO MOTION TO COMPEL

**EXHIBIT 9  Page 226**

1 ████████████████ which MGA does not even attempt to defend. Mattel is

2 entitled to full, complete information about MGA's own claims in this case, and

3 MGA should not be permitted to further withhold that information from Mattel

4 through such limitations.

**Conclusion**

5

6 For the foregoing reasons, Mattel respectfully requests that the Discovery

7 Master enforce the prior Discovery Master's Order, overrule each of MGA's

8 objections and compel MGA to respond to Nos. 43-44 of Mattel's Amended Fourth

9 Set of Interrogatories and Nos. 51-55 and 64 of Mattel's Supplemental

10 Interrogatories, and impose sanctions in the amount of $4,515.

11

12 DATED: March 18, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

13

14

15                              By /s/ Scott L. Watson

16                                  Scott L. Watson
                                    Attorneys for Mattel, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

-16-

REPLY ISO MOTION TO COMPEL

EXHIBIT 9  Page 227