1  MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
5  405 Howard Street
San Francisco, CA 94105
6  Telephone:  +1-415-773-5700
Facsimile:  +1-415-773-5759
7
WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
Facsimile:  +1-213-612-2499
11
Attorneys for MGA Parties
12

13                 UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                      EASTERN DIVISION

16  | CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
| | Consolidated with Case No. CV 04-9059 |
17  | Plaintiff, | And Case No. CV 05-2727 |
| | |
18  | v. | **DISCOVERY MATTER** |
| | **[To Be Heard By Discovery Master** |
19  | MATTEL, INC., a Delaware | **Robert C. O'Brien]** |
| Corporation | |
20  | | **MGA'S OPPOSITION TO MATTEL'S** |
| Defendant. | **MOTION (1) TO ENFORCE ORDER** |
21  | | **COMPELLING THE OMNI PARTIES** |
| | **TO PRODUCE DOCUMENTS, (2) TO** |
22  | | **STRIKE OBJECTIONS, (3) FOR** |
| AND CONSOLIDATED ACTIONS | **SANCTIONS** |
23  | | |
| | Date:       TBD |
24  | | Time:       TBD |
| | Place:      Arent Fox LLP |
25  | | **Phase 2** |
| | Discovery Cutoff:    December 11, 2009 |
26  | | Pretrial Conference: March 1, 2010 |
| | Trial Date:  March 23, 2010 |
27
                        **Public Version**
28

                              OPPOSITION TO MATTEL'S MTN  (1) TO ENFORCE ORDER
                              COMPELLING THE OMNI PARTIES TO PROD DOCS
                              CV-04-0049 SGL (RNBX)

**INTRODUCTION**

Mattel's request that the Court strike certain objections should be denied. The request is based on a distorted interpretation of the Court's rulings and is, in any event, wholly unsupported by law or fact.

**BACKGROUND**

On May 6, 2009, the Discovery Master issued a ruling on Mattel's motion to compel the firm Bingham McCutchen to produce certain documents responsive to a subpoena. The relevant portion of that Order states as follows:



Declaration of Michael Zeller filed in support of Mattel's Motion (Zeller Dec.") Ex. 8.

On July 9, 2009, the Court reviewed this Order and remanded the motion for further reconsideration. The relevant portion of that Order was as follows:

/ / /

/ / /

OPPOSITION TO MATTEL'S MTN (1) TO ENFORCE ORDER
COMPELLING THE OMNI PARTIES TO PROD DOCS
CV-04-0049 SGL (RNBx)

1    Notwithstanding the remand of DM Order No. 27, one

2    issue raised by Mattel requires further consideration by

3    the Court.  At page 25 of DM Order No. 27, the

4    Discovery Master appears to impose a blanket prohibition

5    on discovery of materials that <u>are in the possession of a</u>

6    <u>subpoena recipient, but that are related to a non-party over</u>

7    <u>whom the Court has not been shown to have jurisdiction</u>.

8    The Discovery Master cites no legal authority for such a

9    blanket prohibition, and the Court, in its own research,

10   has found none.  Such a blanket prohibition precludes the

11   application of the balancing test that applies almost

12   universally to discovery motions; accordingly, and

13   because this blanket prohibition is unprecedented, the

14   Court finds that it is contrary to law.  As to this narrow

15   issue, the Court **GRANTS** Mattel's Motion.  The issue of

16   discovery of materials related to Lexington is

17   **REMANDED** to the Discovery Master for

18   reconsideration in light of this ruling and in light of the

19   filing of the TAAC.

20   Zeller Dec. Ex. 4.

21        On July 13, 2009, Mattel wrote to MGA demanding that MGA confirm, in

22   light of this ruling, "that no documents either compelled by Order or that were

23   agreed to be produced have been withheld on the basis of such a jurisdictional

24   contention, given that it has been rejected by Judge Larson."  Declaration of

25   William A. Molinski (Molinski Dec.") Ex. A.

26        On July 16, 2009, MGA wrote back to Mattel to inform Mattel that MGA

27   disagreed with Mattel's interpretation of Judge Larson's ruling, and explaining

28   why.  Molinski Dec. Ex. B.  MGA pointed out to Mattel that Judge Larson did not,

1  as Mattel suggests, reject all jurisdictional challenges to subpoenas, not to mention

2  all discovery requests.

3        On July 21, 2009, Mattel again wrote to MGA demanding the confirmation

4  described in its July 13, 2009 letter or threatening a motion.  Molinski Dec. Ex. C.

5        On July 23, 2009, while MGA did not believe it was under any obligation to

6  respond to Mattel's irrational threats, but to avoid unnecessarily burdening the

7  Court with motions practice, MGA wrote a letter to Mattel confirming exactly what

8  Mattel had asked.  Molinski Dec. Ex. D.

9        On July 23, 2009, evidencing the fact that no good deed goes unpunished and

10  that Mattel was simply searching for a reason to harass MGA with another motion,

11  Mattel demanded more – – this time asking MGA to reevaluate all of its prior

12  responses and withdraw certain objections.  Molinski Dec. Ex. E.

13        Mattel filed this motion the next day, without waiting to hear back from

14  MGA on its new demand of the day before.

15                                    **ARGUMENT**

16        Mattel's efforts to distort both the Discovery Master and Court's rulings

17  should be rejected.  MGA will not address the aspect of Mattel's motion concerning

18  its request to Order the Omni Parties to provide further information, except to say

19  that Mattel's Motion is replete with misstatements of the record concerning that

20  discovery.  MGA presumes the Omni Parties will address these misstatements.

21        MGA, however, opposes Mattel's Motion to strike objections contained

22  within MGA's document responses for at least three reasons.

23        First, Mattel mischaracterizes the Court's order in suggesting a broader

24  proclamation by the Court than was intended.  Judge Larson did not, as Mattel

25  suggests, reject all objections based on the assertion of jurisdictional challenges.

26  Quite the opposite: Judge Larson said that there would be no blanket prohibition on

27  discovery related to non-parties and that each request and objection should be

28  evaluated on their own under a standard balancing test.  Mattel makes no effort to

OHS West:260704307.1                          - 3 -

1    analyze or address the individual requests in which MGA asserted its objections so

2    as to allow the Court to determine if those objections were valid as applied to the

3    requests at issue.  Certainly Mattel makes no effort to apply the balancing test

4    described by Judge Larson.

5            Second, nothing in Judge Larson's opinion suggests that the parties are now

6    required to go back, re-evaluate every document request and objection, and confirm

7    that no documents have been withheld that are inconsistent with this ruling.  It

8    would set a dangerous precedent if a party could take rulings addressing a single,

9    specific request (here regarding Lexington) and extrapolate that ruling into an

10   obligation to revisit and amend all prior responses.  If MGA is required to do so,

11   then Mattel should be required to review every Court and Discovery Master ruling

12   and confirm that Mattel's prior responses are all consistent with such rulings.

13           Finally, the objections that Mattel references as "examples" that it would like

14   struck are not even the same objections that were at issue in the orders of the

15   Discovery Master or Court.  The Discovery Master and the Court were addressing

16   objections by a law firm who held documents provided to it by a non-party over

17   whom there was no jurisdiction.  The objections Mattel seeks to strike are

18   objections by parties, not law firm, concerning conduct occurring outside of the

19   country in which they reside.  Indeed, one objection Mattel seeks to strike is by

20   MGA (HK) in which it objects to providing information related to business

21   activities it may conduct outside of Hong Kong or China.  Zeller Dec. Ex. 16, Gen.

22   Obj. No. 15.  This has no relation to the issues before the Discovery Master or

23   Court in the orders cited by Mattel.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

OHS West:260704307.1                              - 4 -

OPPOSITION TO MATTEL'S MTN  (1) TO ENFORCE ORDER
COMPELLING THE OMNI PARTIES TO PROD DOCS
CV-04-0049 SGL (RNBx)

**CONCLUSION**

Mattel's Motion to Strike Objections should be denied.  Moreover, Mattel should be sanctioned in the amount $3,000, which represents a portion of the amount spent in defending against this frivolous motion.


Dated:     July 29, 2009                          Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  /s/ William A. Molinski
                    William A. Molinski
                    Attorneys for MGA Parties