QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-02727 |
| vs. | **DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert O'Brien]** |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | MATTEL, INC.'S STATEMENT OF POSITION AND CROSS-MOTION REGARDING THE MGA PARTIES' MOTION TO COMPEL PREVIOUSLY COLLECTED CUSTODIAN INFORMATION FOR PRODUCED DOCUMENTS AND TO REQUIRE FUTURE COLLECTION AND PRODUCTION OF CUSTODIAL DATA |
| AND CONSOLIDATED ACTIONS | |
| | [Declarations of Marshall M. Searcy III and Dylan Proctor filed concurrently herewith] |
| | Date:   TBA<br>Time:   TBA<br>Place:  TBA |
| | **Phase 2**<br>Discovery Cut-off:      Dec. 11, 2009<br>Pre-trial Conference:  Mar. 1, 2010<br>Trial Date:                Mar. 23, 2010 |

07975/3030066.3

STATEMENT OF POSITION AND CROSS MOTION RE MOTION TO COMPEL CUSTODIAN INFORMATION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a time and place of hearing to be set by Discovery Master Robert O'Brien, Mattel, Inc. ("Mattel") will, and hereby does cross-move the Discovery Master for an order:

(1) compelling MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGA de Mexico, S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Parties") to produce custodial information and metadata for all documents they have produced up to the present or, if the MGA Parties no longer possess such information, a declaration signed under oath stating

(a) precisely what information was destroyed,

(b) when the destruction occurred, and the circumstances surrounding the destruction, and

(c) the individuals and parties involved in the destruction;

(2) requiring the MGA Parties to collect and produce custodial information and metadata for all documents they produce in the future; and

(3) imposing sanctions in the amount of $2500.

This motion is made pursuant to Federal Rules of Civil Procedure 26, 34(b) and 37(a) on the grounds that, to the extent that the MGA Parties are entitled to production of custodial information and metadata, Mattel is entitled to the same.

This cross-motion is based on this Notice of Cross-Motion and Cross-Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Marshall M. Searcy III and Dylan Proctor filed concurrently herewith, the MGA Parties' Motion to Compel Previously Collected Custodian Information, the records and files of this Court, and all other matters of which the Court may take judicial notice.

1

## Certificate of Compliance

2          The parties exchanged letters on these issues on July 15, 22, and 23,

3   2009.  The parties met and conferred telephonically on July 23, 2009.  The MGA

4   Parties filed their Motion the following day, preempting further attempts to meet

5   and confer, though the parties exchanged further letters on August 1, 2009.

6

7   DATED:  August 3, 2009               QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP
8

9                                        By /s/ Marshall M. Searcy III
                                         _____
10                                           Marshall M. Searcy III
                                             Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/3030066.3
                                        -2-
STATEMENT OF POSITION AND CROSS MOTION RE MOTION TO COMPEL CUSTODIAN INFORMATION

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................1

PRELIMINARY STATEMENT.............................................................................1

ARGUMENT ........................................................................................................4

I.    BECAUSE MATTEL HAS REPEATEDLY REQUESTED THE
      INFORMATION AND MGA CONCEDES ITS RELEVANCE, MGA
      SHOULD BE COMPELLED TO PRODUCE CUSTODIAL
      METADATA ...................................................................................................4

      A.    Mattel Has Properly Requested the Custodial Information ..................4

      B.    Under The Federal Rules, And As A Matter Of Simple Fairness,
            Discovery Obligations Should Be Reciprocal ......................................6

II.   MGA SHOULD BE SANCTIONED FOR FILING ITS MOTION
      DESPITE MATTEL'S REPEATED REPRESENTATIONS THAT IT
      WOULD EXCHANGE INFORMATION ......................................................9

CONCLUSION ................................................................10

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

### <u>Cases</u>

4

<u>Hickman v. Taylor</u>,
    329 U.S. 495 (1947)) (emphasis provided ...........................................................7

5

6

<u>Roberts v. Heim</u>,
    130 F.R.D. 430 (N.D. Cal. 1990) ........................................................................7

7

8

### <u>Statutes</u>

9

<u>Fed. R. Civ. P.</u> 37(a)(5)(A) ...........................................................................................9

10

<u>Fed. R. Civ. P.</u> 37(a)(5)(A)(i) .....................................................................................9

11

12

13

### <u>Other Authorities</u>

14

<u>6 Moore's Federal Practice 3d</u>, § 26.03 .......................................................................7

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATEMENT OF POSITION AND CROSS MOTION RE MOTION TO COMPEL CUSTODIAN INFORMATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Under normal circumstances, this cross-motion and MGA's motion to compel custodial information would never have come before the Discovery Master. MGA proposed a reciprocal exchange of custodial information. In response, Mattel stated that it would agree to such an exchange.

These, however, are not normal circumstances. MGA reneged on the deal after itself proposing the reciprocal exchange, claiming that Mattel had not requested such information. Nor would MGA disclose what custodial information it possessed, or even confirm that it had maintained the information.

Based on MGA's conduct – and MGA's own statements suggesting this possibility – Mattel suspects that MGA has destroyed at least some of its own custodial information after this litigation commenced. Thus, by filing its motion to compel and simultaneously ignoring Mattel's requests, MGA is baldly seeking to obtain Mattel's information while avoiding any reciprocal obligations for itself. The Discovery Master should deny these efforts to tilt the playing field in MGA's favor. If the Discovery Master finds that there is a discovery obligation to provide custodial information, then both sides are under that obligation and should be ordered to act accordingly.

### Background

MGA Proposes An Exchange of Custodial Information. On July 15, 2009, MGA approached Mattel and expressed interest in obtaining custodial information for Mattel's past productions. MGA stated that it understood such obligations had to be reciprocal and offered to provide Mattel with its own custodial information for past MGA productions, but stated that it would first have to consult with other outside MGA counsel to determine how much of this information had been preserved. MGA's new counsel, who made the proposal, specifically stated that while MGA at one point had custodial information for all productions except

possibly the very earliest ones, she was concerned that MGA's other counsel, Skadden Arps, may not have adequately preserved such information.  Mattel responded that it would consider the matter.[1]

MGA Refuses to Discuss an Exchange of Custodial Information.  On July 22, Mattel sent MGA a letter seeking to "confirm whether the MGA parties are willing and able to provide reciprocal custodian information for their production to date," and reminding MGA that "when we spoke on July 15, 2009, you stated that while Skadden at one point had custodian information for the documents that had been previously produced, you were uncertain whether it retained that information."[2] When the parties discussed the matter the next day, Mattel reiterated its interest in a reciprocal exchange of information.  In an about face, however, MGA refused to even discuss an exchange, claiming that it did not need to provide custodial information to Mattel because Mattel supposedly had not requested the information. When Mattel stated that it had requested custodial information previously, and was now requesting it on the call, MGA's counsel claimed not to understand the request.[3]

In line with MGA's reversal of position, counsel for MGA seemed intent on raising *ad hominem* issues rather than discussing custodial information. When asked whether MGA had custodial information to exchange, counsel for MGA told Mattel's counsel to "grow up" and asked "where were you raised?"[4]

---

[1]  Declaration of B. Dylan Proctor in Support of Mattel, Inc.'s Statement of Position and Cross-Motion Regarding the MGA Parties' Motion to Compel Previously Collected Custodian Information ("Proctor Dec."), ¶ 2.

[2]  Letter from Dylan Proctor to Annette Hurst, dated July 22, 2009, Proctor Dec., Exh. 1.

[3]  Declaration of Marshall M. Searcy III in Support of Mattel, Inc.'s Statement of Position and Cross-Motion Regarding the MGA Parties' Motion to Compel Previously Collected Custodian Information ("Searcy Dec."), ¶ 2.

[4]  Searcy Dec., ¶ 2; see also Letter from Annette Hurst to Marshall Searcy, dated July 23, 2009, Declaration of Annette L. Hurst ISO MGA Entertainment's Motion to (footnote continued)

When Mattel's counsel observed that it appeared as though MGA did not know whether it had custodial information, MGA's counsel replied, "stop trying to bait me."[5]  MGA subsequently announced that Mattel should expect a motion and terminated the conference.

MGA Attempts to Mischaracterize the Parties' Conference.  Shortly after the parties' call, MGA sent Mattel a follow-up letter purporting to confirm that Mattel had refused to exchange custodial information.[6]  Yet again, Mattel confirmed, in writing, that it "*is* interested in a reciprocal exchange of custodian of records information."[7]  Mattel also requested that MGA produce its own custodial information.  In order to take into account MGA's purported difficulties with Mattel's request, Mattel incorporated the same language used by MGA in its own request.[8]  Nonetheless, MGA refused to respond to this request or to agree to produce the same information it sought from Mattel (or even confirm that it still had such information), saying only that by its letter Mattel had "confirm[ed] the relevance of custodial data."[9]

MGA Continues to Refuse to Disclose What Custodial Data It Still Has.  Eight days later, on August 1, counsel for MGA declared that the parties had not met and conferred on Mattel's request for custodial data and that Mattel still had

Compel Custodian Information ("Hurst Dec."), Exh. P at 1 (claiming that Mattel's counsel's comments during the conference were "abusive and childish.")

  [5]  Searcy Dec., ¶ 2; see also Letter from Annette Hurst to Marshall Searcy, dated July 23, 2009, Searcy Dec., Exh. P at 1 (claiming that Mattel's counsel's comments during the conference were "apparently intended to bait.").

  [6]  Letter from Annette Hurst to Marshall Searcy, dated July 23, 2009, Hurst Dec., Exh. N.

  [7]  Letter from Marshall Searcy to Annette Hurst, dated July 23, 2009, Hurst Dec., Exh. O (emphasis provided).

  [8]  Id.

  [9]  Letter from Annette Hurst to Marshall Searcy, dated July 23, 2009, Hurst Dec., Exh. P.

not supported that request.[10]   Mattel explained in response that Mattel had thoroughly discussed MGA's failure to produce custodial information and that Mattel had in fact propounded requests for custodial metadata to MGA.[11]   Ignoring that information, MGA claimed in its response email that Mattel still had not identified any pre-existing request for custodial data.[12]

## Argument

## I.   BECAUSE MATTEL HAS REPEATEDLY REQUESTED THE INFORMATION AND MGA CONCEDES ITS RELEVANCE, MGA SHOULD BE COMPELLED TO PRODUCE CUSTODIAL METADATA

During the meet and confer process, MGA has refused to provide custodial information based on the frivolous arguments that Mattel has not requested this information.  MGA's argument is demonstrably false.

### A.   Mattel Has Properly Requested the Custodial Information

In fact, Mattel has repeatedly requested custodial information.  On December 18, 2006, Mattel propounded its First Set of Requests for Documents and Things Re Claims of Unfair Competition to MGA Entertainment, Inc..  The instructions to those Requests request that:

> DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT **and the PERSON for whom or department, division**

---

[10]   Letter from Annette Hurst to Marshall Searcy, dated August 1, 2009, Searcy Dec., Exh. 1.

[11]   Letter from Marshall Searcy to Annette Hurst, dated August 1, 2009, Searcy Dec., Exh. 2.

[12]   Email from Annette Hurst to Marshall Searcy, dated August 2, 2009, Searcy Dec., Exh. 3.

*or office for which the DOCUMENT or file folder is maintained shall be identified*.[13]

Since then, every set of Requests for Production Mattel has propounded to an MGA Party, a total of 20 sets, has included an identical or nearly identical instruction.[14] Notably, this instruction requires custodial data with far more specificity than the MGA Request language that MGA claims requires such data.  See MGA Motion at 5:17-20 (arguing Mattel must produce custodial metadata merely because MGA

_____

[13]   Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair Competition to MGA Entertainment, Inc., Searcy Dec., Exh. 4 at 13.

[14]   See Searcy Dec., Exh. 5, attaching excerpts from (1) Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair Competition to MGA Entertainment, Inc.;  (2) Mattel, Inc.'s Second Set of Requests to MGA Entertainment, Inc. for Documents and Things Re Claims of Unfair Competition; (3) Mattel, Inc.'s First Set of Requests for Documents and Things to MGA Entertainment (HK) Limited;  (4) Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA Entertainment, Inc.;  (5) Mattel, Inc.'s First Set of Requests for Documents and Things to Isaac Larian;  (6) Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment, Inc.;  (7) Mattel, Inc.'s Fourth Set of Requests for Documents and Things to MGA Entertainment, Inc.;  (8) Mattel, Inc.'s First Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.;  (9) Mattel, Inc.'s Fifth Set of Requests for Documents and Things to MGA Entertainment, Inc.;  (10) Mattel, Inc.'s Sixth Set of Requests for Documents and Things to MGA Entertainment, Inc.;  (11) Mattel, Inc.'s Second Set of Requests for Documents and Things to Isaac Larian;  (12) Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA Entertainment (HK) Limited;  (13) Mattel, Inc.'s Second Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.;  (14) Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA Entertainment, Inc.;  (15) Mattel's Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L de C.V.;  (16) Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian;  (17) Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK) Limited;  (18) Mattel, Inc.'s First Set of Requests for Documents and Things to Isaac Larian (Phase 2);  (19) Mattel, Inc.'s First Set of Requests for Documents and Things to MGA Entertainment, Inc. (Phase 2);  and (20) Mattel, Inc.'s First Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V. (Phase 2).

asked that each document produced be "produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated"). In fact, while Mattel's Requests clearly *do* request custodial information, MGA's Requests, by their plain language, do not -- and according to MGA itself, Rule 26 "does not require the production of [custodial] data until requested."[15]

In any case, Mattel has also propounded to both MGA and Isaac Larian requests specifically seeking "[t]he metadata for each DOCUMENT that YOU have produced in this action, or that is responsive to these Requests, that is or was created, prepared, generated, maintained or transmitted in digital form."[16] Thus, unlike MGA, Mattel has repeatedly and properly requested custodial information.[17]

### B. Under The Federal Rules, And As A Matter Of Simple Fairness, Discovery Obligations Should Be Reciprocal

MGA now contends that all of Mattel's custodial information is relevant. To the extent that is true,[18] the same is true of MGA's information.

---

[15] Email from Annette Hurst to Marshall Searcy, dated August 2, 2009, Searcy Dec., Exh. 3.

[16] Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc., March 14, 2005, Searcy Dec., Exh. 6 at Request, No. 94; Mattel, Inc.'s First Set of Requests for Documents and Things to Isaac Larian, June 13, 2007, Searcy Dec., Exh. 6 at Request No. 275.

[17] Mattel also requested the custodial information during conferences on July 22 and 23, and memorialized these requests again on July 23. As set forth in Mattel's request: "Mattel requests that MGA supplement its prior production of documents with custodian of records information and that MGA, on a going-forward basis, provide such information for each document produced in the future. We request that you provide the data concerning past productions in electronic tabular form." Letter from Marshall Searcy to Annette Hurst, dated July 23, 2009, Hurst Dec., Exh. O.

[18] MGA itself previously took the exact opposite position. When Mattel sought metadata from MGA in 2008, MGA objected and refused to produce any responsive information. MGA's Opposition to Mattel, Inc.'s Motion to Compel Production of (footnote continued)

1    Under the <u>Federal Rules</u>, discovery obligations generally are reciprocal.

2  <u>See</u> 6 <u>Moore's Federal Practice 3d</u>, § 26.03 ("The civil discovery rules are

3  'available…at the behest of *any party*, individual or corporate, plaintiff or

4  defendant.'") (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947)) (emphasis

5  provided).  The Discovery Master should not impose an obligation on Mattel as to

6  custodial information that it does not also impose on MGA; simple fairness counsels

7  that litigants be treated equally in discovery.  <u>Roberts v. Heim</u>, 130 F.R.D. 430, 438

8  (N.D. Cal. 1990) (granting cross motion for discovery, stating that "it would be

9  unfair and inequitable to permit HEIM and the corporations to take discovery of

10  Plaintiffs pursuant to the Federal Rules of Civil Procedure while prohibiting

11  Plaintiffs from taking such discovery of them.").

12    This basic tenet is complicated in this matter, however, by MGA's

13  likely destruction of relevant evidence.  MGA itself highlighted the prospect of

14  evidence destruction, stating that custodial information had been preserved and may

15

16  _____

17  Metadata, Searcy Dec, Exh. 7 at 4-5, 9.  Then, in response to Mattel's motion to

18  compel specific metadata for 163 emails attached to its counterclaims as predicate

19  acts for its RICO claims, MGA urged that such information was irrelevant, claiming

    that Mattel had "not even come close" to demonstrating its discoverability.  <u>Id.</u> at

20  5:13.  At argument MGA admitted that it had already collected metadata for about

21  80 of the emails Mattel sought.  January 3, 2008 Hearing Tr., Searcy Dec., Exh. 8 at

    12:11-15.  However, contradicting its current position that Mattel should be required

22  to produce custodial information for millions of pages, MGA also argued that it had

23  "not been able to come up with any readily available, quickly affordable…method

    of [collecting metadata for the remaining 80 or so emails]."  <u>Id.</u> at 12:17-19.

24  Balancing this alleged burden against Mattel's need for the metadata to prove its

25  counterclaims, the prior Discovery Master granted Mattel's motion (and imposed

    sanctions) as to metadata that MGA had already collected but ruled that MGA did

26  not have to produce the metadata it had not collected.  <u>Id.</u> at 15:1-22; January 9,

27  2008 Order Regarding Mattel, Inc.'s Motion to Compel Production of Metadata,

    Searcy Dec., Exh. 9 at 1.

28

have been lost by counsel.[19]  Given MGA's current position that such information is relevant, and given that any such destruction would force unfair burden on Mattel,[20] this would be no small issue -- perhaps even warranting spoliation sanctions or other relief.  If, as Mattel suspects, MGA has failed to preserve custodial information for past productions which it once had, MGA should be compelled to provide details under oath on (1) precisely what information was destroyed, (2) when that happened, and the circumstances surrounding the destruction, and (3) the individuals

---

[19]  Proctor Dec., ¶ 2; <u>see also</u> Hurst Dec., ¶ 14 (stating that MGA was "prepared to provide [custodial information], but was "in the process of confirming the availability of MGA's custodial information."); Letter from Dylan Proctor to Annette Hurst, dated July 22, 2009, Proctor Dec., Exh. 1 ("As you will recall, when we spoke on July 15, 2009, you stated that while Skadden at one point had custodian information for the documents that had been previously produced, *you were uncertain whether it retained that information*.") (emphasis provided).

[20]   For instance, during the Phase 1 trial, MGA's General Counsel testified that he had no recollection of documents from MGA litigation in Honk Kong and Mattel was forced to rely on the testimony of third-party witnesses from Hong Kong.  <u>See, e.g.</u>, August 5, 2008 Trial Tr., Searcy Dec., Exh. 10 at 5864:16-5865:1, and August 6, 2008 Trial Tr., Searcy Dec., Exh. 11 at 5999:11-22.  Defendants have already made plain their intentions to keep to these tactics.  For instance, despite the relevance of MGA Mexico's possession of documents containing Mattel's trade secrets and other documents, MGA Mexico has refused to produce such documents on the grounds that the MGA *Parties* have already produced numerous documents, and also refused to stipulate that the documents were in its possession, custody or control.  <u>See</u> Mattel, Inc.'s Motion to Compel MGA Mexico to Produce Documents and Things in Response to Mattel's First, Second and Third Sets of Production, Searcy Dec., Exh. 12 at 4:4-6, 10:11-13.  Instead, according to MGA (in a brief filed by its new counsel), Mattel should establish MGA Mexico's possession of documents by searching its own databases: "[n]ot only is it clear that the document belongs to MGA Mexico if it is written in Spanish, other documents…, which list the authors and recipients, provide information sufficient for Mattel to determine whether the documents were in MGA Mexico's possession."  MGA Parties' Opposition to Motion to Compel MGA Mexico to Produce Documents and Things in Response to Mattel's First, Second and Third Sets of Requests, Searcy Dec., Exh. 13 at 7:4-8.

1    and parties involved in the destruction.  In no event, however, should MGA be

2    allowed to benefit from shoddy or destructive document collection practices.  The

3    Discovery Master should reject MGA's efforts to avoid reciprocity.

4    **II.    <u>MGA SHOULD BE SANCTIONED FOR FILING ITS MOTION</u>**

5    **<u>DESPITE MATTEL'S REPEATED REPRESENTATIONS THAT IT</u>**

6    **<u>WOULD EXCHANGE INFORMATION</u>**

7             MGA's Motion requests sanctions under <u>Rule</u> 37(a)(5)(A).  This <u>Rule</u>

8    affirmatively refutes MGA's request.  <u>Rule</u> 37 proscribes sanctions where "the

9    movant filed the motion before attempting in good faith to obtain the disclosure or

10   discovery without court action."  <u>Fed. R. Civ. P.</u> 37(a)(5)(A)(i).  MGA filed its

11   motion in the face of repeated and consistent representations by Mattel that it would

12   be willing to conduct a reciprocal exchange of information.  Moreover, as described

13   above, it appears that MGA abandoned discussions and filed its motion because it

14   learned that it did not have custodial information to exchange with Mattel.  It then

15   claimed it did not understand Mattel's simple requests despite having filed its own

16   motion to compel the same type of information.  MGA refused to meet and confer in

17   good faith.  Accordingly, Mattel respectfully requests that sanctions be imposed on

18   MGA in the amount of $2500 to compensate Mattel for a portion of its fees and

19   costs in responding to MGA's Motion.

20

21

22

23

24

25

26

27

28

## <u>Conclusion</u>

1

2      For the foregoing reasons, Mattel respectfully requests that MGA be

3 ordered to produce custodial information for its past productions and for all future

4 productions of documents, and that sanctions in the amount of $2500 be imposed on

5 MGA for its unsupported refusal to produce relevant and discoverable information

6 and for its unwarranted motion.

7

8 DATED:  August 3, 2009          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
9

10                               By /s/ Marshall M. Searcy III
                                    Marshall M. Searcy III
11                                  Attorneys for Mattel, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28