# EXHIBIT 1



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

August 1, 2009

Annette L. Hurst
(415) 773-4585
ahurst@orrick.com

*VIA ELECTRONIC MAIL: MARSHALLSEARCY@QUINNEMANUEL.COM*
*AND VIA FACSIMILE: (213) 443-3100*

Marshall M. Searcy, III, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 19th Floor
Los Angeles, CA 90017

Re:     Carter Bryant v. Mattel, Inc. and consolidated actions

Dear Marshall:

In the second letter I sent you on July 23, I requested that Mattel identify any outstanding obligation that it believed required any of the MGA Parties to produce custodial data. To my knowledge, this request has never been answered. If Mattel ever provides a basis for its demand for custodial data, we are prepared to meet and confer promptly regarding such a request. Since I have not heard back from you, it appears that Mattel is unable to identify any basis for its demand for custodial data. Mattel's threat to file a cross-motion on the issue remains patently baseless, and if it does so, we are prepared to seek sanctions for Mattel's blatant refusal to engage in any semblance of good faith meet and confer.

Sincerely yours,

*Annette L. Hurst*

Annette L. Hurst

cc:     Mike Zeller, Esq.

**EXHIBIT 1**
**PAGE 5**

# EXHIBIT 2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

August 1, 2009

VIA E-MAIL

Annette Hurst, Esq.
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

Re:    Mattel v. MGA

Dear Annette:

Thank you for your letter of August 1.

As an initial matter, I note that MGA's non-response to my letter comes after the 5-day deadline
imposed by the Discovery Master's rules.  Putting aside this issue, however, we have thoroughly
discussed MGA's failure to produce its custodial information, although to no avail since MGA
previously refused to produce the same custodial information it demands from Mattel and indeed
refused to reveal whether or not it had destroyed it while in Skadden's possession after the
litigation had commenced. It is now obvious from the tone and content of your letter that MGA
has improperly destroyed some or all of its custodial information.  Furthermore, not only did
Mattel's Requests for Production plainly ask for such information, but your own letter from July
15 states that Rule 26 calls for production of custodial data.  For MGA now to contend that it is
not aware of the authority that requires it to produce such data is disingenuous.  We can only

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois  60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, ████████████ -1711 FAX ████ 5561-1712

EXHIBIT ___2___
PAGE _____6_____

assume that MGA would engage in such games in an attempt to hide its misconduct.  If our assumption is wrong, then please tell us what custodial data MGA has and when we will receive it.

I look forward to hearing from you.

Very truly yours,

/s/ Marshall M. Searcy III

Marshall M. Searcy III

07975/3035612.1

07975/3035612.1                                    2

EXHIBIT 2
PAGE 1

# EXHIBIT 3

## Donna Kleinman

| | |
|---|---|
| **From:** | Hurst, Annette [ahurst@orrick.com] |
| **Sent:** | Sunday, August 02, 2009 1:53 PM |
| **To:** | Marshall Searcy |
| **Cc:** | Curran Walker; Kieckhefer, L. Kieran |
| **Subject:** | RE: Mattel v. MGA |

Marshall:

Your letter yesterday yet again fails to identify any pre-existing request by Mattel for custodial data. As we have noted, Rule 26 expressly makes such data relevant--it does not require the production of such data until requested. If and when you ever supply me with evidence that Mattel has requested such data by citing to the relevant requests, then we will promptly respond regarding MGA's plans to produce it. In the meantime, Mattel has no basis to demand the information.

My letter yesterday simply repeated the request that I have previously made on at least two occasions, and now three, that Mattel provide the basis for its request for custodial data. Until you supply that information, MGA has no obligation at all to respond--within five days or otherwise--because you have completely failed to supply the basis for any contemplated motion. I sent the additional letter in a last-ditch attempt to head off further motion practice which is entirely unnecessary.

Your assertion that MGA has spoliated custodial data is meritless. Mattel has absolutely no basis for that assertion. If you repeat it in a pleading, MGA will seek sanctions. If you file a motion on this issue, MGA will seek sanctions as a result of your blatant failure to satisfy any notion of good faith meet and confer.

Finally, Mattel's opposition to MGA's motion to compel custodial data is late. It was due Friday, since the motion was served by ECF notice the Friday before and included no sealed documents. MGA does not intend to relieve Mattel of that default.

Annette

---

**From:** Curran Walker [mailto:curranwalker@quinnemanuel.com]
**Sent:** Saturday, August 01, 2009 9:33 PM
**To:** Hurst, Annette
**Cc:** Searcy, Marshall
**Subject:** Mattel v. MGA

Please see attached correspondence from Marshall Searcy.

Best regards,

**Curran Walker**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3702 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
curranwalker@quinnemanuel.com
www.quinnemanuel.com

EXHIBIT __3__
PAGE __8__

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

```
"EMF <orrick.com>" made the following annotations.
------------------------------------------------------------
============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.




============================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
============================================================
============================================================
```

EXHIBIT 3
PAGE 9

8/3/2009

# EXHIBIT 4

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 |   John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
3 |   Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
4 |   Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
5 |   Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
6 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
7 | Telephone: (213) 443-3000
Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|       Plaintiff, | Consolidated with |
|     v. | Case No. CV 04-09059 |
| | Case No. CV 05-02727 |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS RE CLAIMS OF UNFAIR COMPETITION TO MGA ENTERTAINMENT, INC. |
|       Defendant. | |
| AND CONSOLIDATED CASES. | |

21         Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,

22 Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these

23 document requests ("Requests") and make available for inspection and copying

24 originals of the following documents within 30 days of service at the offices of

25 Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

26 floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement responses to

27 these requests at such times and to the extent required by Rule 26(e) of the Federal

28 Rules of Civil Procedure.

EXHIBIT   __4__

PAGE   __10__

12-18

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

## I.   **DEFINITIONS**

For purposes of these Requests, the following definitions apply:

A.   The terms "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc. and any individual or entity acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

B.   The term "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

C.   "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of communication or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such DOCUMENTS, in the possession, custody, or control of YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

D.   The term "COMMUNICATION," in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and

1        C.    DOCUMENTS shall be produced in their original file folders, or
2  in lieu thereof, any writing on the file folder from which each such DOCUMENT is
3  taken shall be copied and appended to such DOCUMENT and the PERSON for
4  whom or department, division or office for which the DOCUMENT or the file
5  folder is maintained shall be identified.

6        D.    The DOCUMENTS should be produced in their complete and
7  unaltered form.  Attachments to DOCUMENTS should not be removed.  The
8  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for
9  any reason, including alleged nonrelevance.  If emails are produced that had
10  attachments, the attachments shall be attached when produced.

11        E.    DOCUMENTS in electronic form shall be produced in that form.

12        F.    In the event that any DOCUMENT called for by these requests
13  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

14          1.      the date and type of the DOCUMENT, the author(s) and
15                  all recipients;

16          2.      the DOCUMENT's date, subject matter, number of pages,
17                  and attachments or appendices;

18          3.       the date of destruction or discard, manner of destruction
19                  or discard, and reason for destruction or discard;

20          4.      the PERSONS who were authorized to carry out such
21                  destruction or discard;

22          5.      the PERSONS who have knowledge of the content,
23                  origins, distribution and destruction of the DOCUMENT;
24                  and

25          6.      whether any copies of the document exist and, if so, the
26                  name of the custodian of each copy.

27

28

EXHIBIT __4__
PAGE ___12___

-13-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1   REQUEST FOR PRODUCTION NO. 166:

2          To the extent not produced in response to any other Request for

3   Production, all DOCUMENTS and tangible things upon which YOU intend to rely

4   upon in this action.

5

6   DATED:  December 18, 2006          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
7

8

9                                      By
                                          Timothy L. Alger
10                                        Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              EXHIBIT   4

28                                              PAGE   13

07975/1928319.2                          -47-
                     MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On December 18, 2006, I true copies of the following document(s) described as:

### MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS RE CLAIMS OF UNFAIR COMPETITION TO MGA ENTERTAINMENT, INC.

on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA  90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 | Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA  90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 |

[√ ]     [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 18, 2006 at Los Angeles, California.

David Quintana

EXHIBIT __4__
PAGE __14__

# EXHIBIT 5

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2      (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
7    Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                     EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13  Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14  v. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | MATTEL, INC.'S FIRST SET OF<br>REQUESTS FOR DOCUMENTS AND |
| 16 | THINGS RE CLAIMS OF UNFAIR<br>COMPETITION TO MGA |
| 17  Defendant. | ENTERTAINMENT, INC. |
| 18  AND CONSOLIDATED CASES. | |

19

20

21          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,

22  Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these

23  document requests ("Requests") and make available for inspection and copying

24  originals of the following documents within 30 days of service at the offices of

25  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

26  floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement responses to

27  these requests at such times and to the extent required by Rule 26(e) of the Federal

28  Rules of Civil Procedure.    EXHIBIT ___5___
                                  PAGE ___15___            12-18

07975/1928319.2

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  **I.    DEFINITIONS**

2          For purposes of these Requests, the following definitions apply:

3          A.    The terms "YOU," "YOUR" and "MGA" mean MGA

4  Entertainment, Inc. and any individual or entity acting directly or indirectly by,

5  through, under or on behalf of MGA Entertainment, Inc., including but not limited

6  to current or former directors, officers, employees, agents, contractors, attorneys,

7  accountants, or representatives of MGA Entertainment, Inc. and any corporation,

8  partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-

9  interest and successor-in-interest, and any other PERSON acting on its behalf.

10         B.    The term "MATTEL" means Mattel, Inc. and all current or

11 former directors, officers, employees, agents, contractors, attorneys, accountants,

12 representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and

13 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

14 authority or subject to its control.

15         C.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

16 "recordings" as those terms are defined in Rule 1001 of the Federal Rules of

17 Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all

18 writings, including but not limited to handwriting, typewriting, printing, image,

19 photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

20 to) electronic mail (including instant messages and text messages) or facsimile,

21 video and audio recordings, and every other means of recording upon any tangible

22 thing, any form of communication or representation, and any record thereby created,

23 regardless of the manner in which the record has been stored, and all non-identical

24 copies of such DOCUMENTS, in the possession, custody, or control of YOU,

25 YOUR counsel, or any other PERSON acting on YOUR behalf.

26         D.    The term "COMMUNICATION," in the plural as well as the

27 singular, means any transmittal and/or receipt of information, whether such was oral

28 or written, and whether such was by chance, prearranged, formal or informal, and

07975/1928319.2

**EXHIBIT** ___5___

**PAGE** ___16___

-2-
<u>MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)</u>

1        C.     DOCUMENTS shall be produced in their original file folders, or

2  in lieu thereof, any writing on the file folder from which each such DOCUMENT is

3  taken shall be copied and appended to such DOCUMENT and the PERSON for

4  whom or department, division or office for which the DOCUMENT or the file

5  folder is maintained shall be identified.

6        D.     The DOCUMENTS should be produced in their complete and

7  unaltered form.  Attachments to DOCUMENTS should not be removed.  The

8  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

9  any reason, including alleged nonrelevance.  If emails are produced that had

10  attachments, the attachments shall be attached when produced.

11        E.     DOCUMENTS in electronic form shall be produced in that form.

12        F.     In the event that any DOCUMENT called for by these requests

13  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

14          1.         the date and type of the DOCUMENT, the author(s) and

15                  all recipients;

16          2.         the DOCUMENT's date, subject matter, number of pages,

17                  and attachments or appendices;

18          3.         the date of destruction or discard, manner of destruction

19                  or discard, and reason for destruction or discard;

20          4.         the PERSONS who were authorized to carry out such

21                  destruction or discard;

22          5.         the PERSONS who have knowledge of the content,

23                  origins, distribution and destruction of the DOCUMENT;

24                  and

25          6.         whether any copies of the document exist and, if so, the

26                  name of the custodian of each copy.

27

28

EXHIBIT __5__

PAGE __17__

-13-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1  REQUEST FOR PRODUCTION NO. 166:

2          To the extent not produced in response to any other Request for

3  Production, all DOCUMENTS and tangible things upon which YOU intend to rely

4  upon in this action.

5

6  DATED:  December 18, 2006          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
7

8                                      By
9                                         Timothy L. Alger
10                                        Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                EXHIBIT  5
28                                PAGE  18

07975/1928319.2

-47-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

13                 Plaintiff,              Consolidated with
                                           Case No. CV 04-09059
14        v.                               Case No. CV 05-02727

15  MATTEL, INC., a Delaware               MATTEL, INC.'S SECOND SET OF
    corporation,                           REQUESTS TO MGA
16                                         ENTERTAINMENT, INC. FOR
                   Defendant.              DOCUMENTS AND THINGS RE
17                                         CLAIMS OF UNFAIR
                                           COMPETITION
18  AND CONSOLIDATED CASES.

19

20

21          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,

22  Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these

23  document requests ("Requests") and make available for inspection and copying

24  originals of the following documents within 30 days of service at the offices of

25  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

26  floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement responses to

27  these requests at such times and to the extent required by Rule 26(e) of the Federal

28  Rules of Civil Procedure.

07975/2117623.3

EXHIBIT __5__
PAGE __19__

# I.    DEFINITIONS

For purposes of these Requests, the following definitions apply:

A.    The terms "YOU," "YOUR" AND "MGA" mean MGA Entertainment, Inc. AND ANY individual OR entity acting directly OR indirectly by, through, under OR on behalf of MGA Entertainment, Inc., including but not limited to current OR former directors, officers, employees, agents, contractors, attorneys, accountants, OR representatives of MGA Entertainment, Inc. AND ANY corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest AND successor-in-interest, AND ANY other PERSON acting on its behalf.

B.    The term "MATTEL" means Mattel, Inc. AND ALL current OR former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest AND successors-in-interest, AND ANY other PERSON acting on its behalf, pursuant to its authority OR subject to its control.

C.    "DOCUMENT" OR "DOCUMENTS" means ALL "writings" AND "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence AND Rule 34 of the Federal Rules of Civil Procedure AND shall include ALL writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of ANY kind, transmittal by (OR as an attachment to) electronic mail (including instant messages AND text messages) OR facsimile, video AND audio recordings, AND every other means of recording upon ANY tangible thing, ANY form of communication OR representation, AND ANY record thereby created, regardless of the manner in which the record has been stored, AND ALL non-identical copies of such DOCUMENTS, in the possession, custody, OR control of YOU, YOUR counsel, OR ANY other PERSON acting on YOUR behalf.

EXHIBIT __5__
PAGE __20__

07975/2117623.3

-2-

MATTEL'S SECOND SET OF REQUESTS TO MGA FOR DOCUMENTS RE UNFAIR COMPETITION

1      5.      the identity of the current custodian of the original of the
2    DOCUMENT.

3          D.      DOCUMENTS shall be produced in their original file folders,
4    OR in lieu thereof, ANY writing on the file folder from which each such
5    DOCUMENT is taken shall be copied and appended to such DOCUMENT and the
6    PERSON for whom OR department, division OR office for which the DOCUMENT
7    OR the file folder is maintained shall be identified.

8          E.      The DOCUMENTS should be produced in their complete AND
9    unaltered form.  Attachments to DOCUMENTS should not be removed.  The
10   DOCUMENTS should not be cut-up, pasted over, redacted OR altered in ANY way
11   for ANY reason, including alleged nonrelevance.  If emails are produced that had
12   attachments, the attachments shall be attached when produced.

13         F.      DOCUMENTS in electronic form shall be produced in that form.

14         G.      Responsive documents should be produced in a Concordance or
15   Summation load file(s) or as a single page TIFF files with accompanying control file
16   or control files in Opticon format or equivalent (.dat, .dii, .csv, .opt, or .lfp).  Any
17   corresponding optical character recognition versions of these files that you have
18   already generated or to which you have access should be produced concurrently.
19   Both paths and file names of images must exactly match their text files (except for
20   the file extensions), including case sensitivity.  DOCUMENTS should be organized
21   by Document Request number and clearly labeled and organized (with documents
22   that are responsive to multiple requests clearly labeled as such).

23         H.      In the event that ANY DOCUMENT called for by these requests
24   has been destroyed OR discarded, that DOCUMENT is to be identified by stating:

25         1.      the date and type of the DOCUMENT, the author(s) and
26   ALL recipients;

27         2.      the DOCUMENT's date, subject matter, number of pages,
28   and attachments OR appendices;

EXHIBIT __5__
PAGE __21__

MATTEL'S SECOND SET OF REQUESTS TO MGA FOR DOCUMENTS RE UNFAIR COMPETITION

07975/2117623.3

1   REQUEST FOR PRODUCTION NO. 199:

2           ALL DOCUMENTS sufficient to show the current physical location of

3   YOUR COMPUTER servers, including, but not limited to, ELECTRONIC MAIL,

4   ELECTRONIC DATA OR application servers, from January 1, 1998 to present.

5

6   DATED:  May 14, 2007             QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
7

8

9                                    By _Jon D. Corey_ /by HSR

10                                      Jon D. Corey
                                        Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                  EXHIBIT _5_
28                                  PAGE _22_

07975/2117623.3

                                    -18-
MATTEL'S SECOND SET OF REQUESTS TO MGA FOR DOCUMENTS RE UNFAIR COMPETITION

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
2       johnquinn@quinnemanuel.com
       Michael T. Zeller (Bar No. 196417)
3       (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4       (joncorey@quinnemanuel.com)
       Timothy L. Alger (Bar No. 160303)
5       (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
7    Facsimile: (213) 443-3100

8    Attorneys for Mattel, Inc.

9

10                 UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13   CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

14            Plaintiff,                     Consolidated with
                                            Case No. CV 04-09059
15        vs.                                Case No. CV 05-02727

16   MATTEL, INC., a Delaware               MATTEL, INC.'S FIRST SET OF
     corporation,                           REQUESTS FOR DOCUMENTS AND
17                                          THINGS TO MGA
              Defendant.                     ENTERTAINMENT (HK) LIMITED
18

19   AND CONSOLIDATED CASES

20

21

22        Pursuant to <u>Rule 34</u> of the <u>Federal Rules of Civil Procedure</u>,

23   Mattel, Inc. hereby requests that MGA Entertainment (HK) Limited respond to these

24   document requests ("Requests") and make available for inspection and copying

25   originals of the following documents within 30 days of service at the offices of

26   Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

27   floor, Los Angeles, CA 90017. MGA Entertainment (HK) Limited shall be

28

EXHIBIT __5__
PAGE __23__

07209/2137142.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO MGA ENTERTAINMENT (HK) LIMITED
                                                    04/04/07

1   obligated to supplement responses to these requests at such times and to the extent

2   required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure</u>.

3  **I.**    **<u>DEFINITIONS</u>**

4           For purposes of these Requests, the following definitions apply:

5           A.    "YOU" and "YOUR" means MGA Entertainment (HK) Limited,

6   any of its parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest

7   and successors-in-interest.  Without limiting the foregoing, MGA Entertainment

8   (HK) Limited includes the entities known as Krisson Limited and Micro Games Far

9   East (HK) Limited.

10          B.    "AFFILIATES" means any and all corporations, proprietorships,

11   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

12   indirectly, in whole or in part, own or control, are under common ownership or

13   control with, or are owned or controlled by a PERSON, party or entity, including

14   without limitation each parent, subsidiary and joint venture of such PERSON, party

15   or entity.

16          C.    "PERSON" or "PERSONS" means all natural persons,

17   partnerships, corporations, joint ventures and any kind of business, legal or public

18   entity or organization, as well as its, his or her agents, representatives, employees,

19   officers and directors and any one else acting on its, his or her behalf, pursuant to

20   its, his or her authority or subject to its, his or her control.

21          D.    "BRATZ" means any project, product, doll or DESIGN ever

22   known by that name (whether in whole or in part and regardless of what such

23   project, product or doll is or has been also, previously or subsequently called) and

24   any product, doll or DESIGN or any portion thereof that is now or has ever been

25   known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

26   in part and regardless of what such product, doll or DESIGN or portion thereof is or

27   has been also, previously or subsequently called) or that is now or has ever been

28   sold or marketed as part of the "Bratz" line, and each version or iteration of such

EXHIBIT 4
PAGE 24
072092137142.1

1  protection that YOU are not prepared to waive, identify each such DOCUMENT
2  and provide the following information:

3        1.   the date and type of the DOCUMENT, the author(s) and all
4            recipients;

5        2.   the privilege or protection that YOU claim permits YOU to
6            withhold the DOCUMENT;

7        3.   the title and subject matter of the DOCUMENT;

8        4.   any additional facts on which YOU base YOUR claim of
9            privilege or protection; and

10       5.   the identity of the current custodian of the original of the
11           DOCUMENT.

12       C.   DOCUMENTS shall be produced in their original file folders, or
13 in lieu thereof, any writing on the file folder from which each such DOCUMENT is
14 taken shall be copied and appended to such DOCUMENT and the PERSON for
15 whom or department, division or office for which the DOCUMENT or the file
16 folder is maintained shall be identified.

17       D.   The DOCUMENTS should be produced in their complete and
18 unaltered form.  Attachments to DOCUMENTS should not be removed.  The
19 DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for
20 any reason, including alleged nonrelevance.  If emails are produced that had
21 attachments, the attachments shall be attached when produced.

22       E.   DOCUMENTS in electronic form shall be produced in that form.

23       F.   In the event that any DOCUMENT called for by these requests
24 has been destroyed or discarded, that DOCUMENT is to be identified by stating:

25       1.   the date and type of the DOCUMENT, the author(s) and all
26           recipients;

27       2.   the DOCUMENT's date, subject matter, number of pages, and
28           attachments or appendices;

EXHIBIT **5**
PAGE **25**

-6-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO MGA ENTERTAINMENT (HK) LIMITED

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I am employed in the County of Los Angeles, State of California.  I am over the age |
| 3 | of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543. |
| 4 | On June 6, 2007, I served true copies of the following document(s) described as |
| 5 | **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT (HK) LIMITED** on the parties in this action as follows: |
| 6 | John W. Keker                                          Patricia Glaser, Esq. |
| 7 | **Keker & Van Nest, LLP**                      **Christensen, Glaser, Fink, Jacobs,** 710 Sansome Street                              **Weil & Shapiro, LLP** |
| 8 | San Francisco, CA 94111                         10250 Constellation Blvd., 19th Floor Los Angeles, CA  90067 |
| 9 | **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, |
| 10 | and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid. |
| 11 | I declare that I am employed in the office of a member of the bar of this Court at |
| 12 | whose direction the service was made. |
| 13 | Executed on June 6, 2007, at Los Angeles, California. |
| 14 | |
| 15 | Helen Lim |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

07209/2134423.1

EXHIBIT  5
PAGE  21

1 | REQUEST FOR PRODUCTION NO. 46:

2        All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3 | the BRATZ DOLL's share of the fashion doll market including, without limitation,

4 | the extent to which Bratz has been or is gaining or losing market share in the fashion

5 | doll market.

6 | DATED:  June 6, 2007

7                              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8

9                              By _____

10                              Scott B. Kidman
                                  Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                   EXHIBIT **5**

28                                   PAGE **27**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. |
| Defendant. | |
| AND CONSOLIDATED CASES | |

Pursuant to <u>Rule 34</u> of the <u>Federal Rules of Civil Procedure,</u> Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these document requests ("Requests") and make available for inspection and copying originals of the following documents within 30 days of service at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

07209/2132825.2

EXHIBIT __5__
PAGE __28__

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA
06 06 c 7

1 | responses to these requests at such times and to the extent required by <u>Rule 26(e)</u> of

2 | the <u>Federal Rules of Civil Procedure.</u>

3 | **I.   DEFINITIONS**

4 |       For purposes of these Requests, the following definitions apply:

5 |       A.   "YOU," "YOUR" and "MGA" means MGA Entertainment, Inc.,

6 | any of its parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest

7 | and successors-in-interest.  Without limiting the foregoing, MGA Entertainment,

8 | Inc. includes the entities known as ABC International Traders or ABC International

9 | Traders, Inc.

10 |       B.   "AFFILIATES" means any and all corporations, proprietorships,

11 | d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

12 | indirectly, in whole or in part, own or control, are under common ownership or

13 | control with, or are owned or controlled by a PERSON, party or entity, including

14 | without limitation each parent, subsidiary and joint venture of such PERSON, party

15 | or entity.

16 |       C.   "PERSON" or "PERSONS" means all natural persons,

17 | partnerships, corporations, joint ventures and any kind of business, legal or public

18 | entity or organization, as well as its, his or her agents, representatives, employees,

19 | officers and directors and any one else acting on its, his or her behalf, pursuant to

20 | its, his or her authority or subject to its, his or her control.

21 |       D.   "BRATZ" means any project, product, doll or DESIGN ever

22 | known by that name (whether in whole or in part and regardless of what such

23 | project, product or doll is or has been also, previously or subsequently called) and

24 | any product, doll or DESIGN or any portion thereof that is now or has ever been

25 | known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

26 | in part and regardless of what such product, doll or DESIGN or portion thereof is or

27 | has been also, previously or subsequently called) or that is now or has ever been

28 | sold or marketed as part of the "Bratz" line, and each version or iteration of such

1   protection that YOU are not prepared to waive, identify each such DOCUMENT

2   and provide the following information:

3          1.    the date and type of the DOCUMENT, the author(s) and all

4              recipients;

5          2.    the privilege or protection that YOU claim permits YOU to

6              withhold the DOCUMENT;

7          3.    the title and subject matter of the DOCUMENT;

8          4.    any additional facts on which YOU base YOUR claim of

9              privilege or protection; and

10         5.    the identity of the current custodian of the original of the

11             DOCUMENT.

12         C.    DOCUMENTS shall be produced in their original file folders, or

13  in lieu thereof, any writing on the file folder from which each such DOCUMENT is

14  taken shall be copied and appended to such DOCUMENT and the PERSON for

15  whom or department, division or office for which the DOCUMENT or the file

16  folder is maintained shall be identified.

17         D.    The DOCUMENTS should be produced in their complete and

18  unaltered form.  Attachments to DOCUMENTS should not be removed.  The

19  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

20  any reason, including alleged nonrelevance.  If emails are produced that had

21  attachments, the attachments shall be attached when produced.

22         E.    DOCUMENTS in electronic form shall be produced in that form.

23         F.    In the event that any DOCUMENT called for by these requests

24  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

25         1.    the date and type of the DOCUMENT, the author(s) and all

26             recipients;

27         2.    the DOCUMENT's date, subject matter, number of pages, and

28             attachments or appendices;

EXHIBIT __5__

PAGE __30__

-6-

1  REQUEST FOR PRODUCTION NO. 46:

2          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3  the BRATZ DOLL's share of the fashion doll market including, without limitation,

4  the extent to which Bratz has been or is gaining or losing market share in the fashion

5  doll market.

6  DATED:  June 6, 2007

7                                    QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
8

9                              By _____

10                                   Scott B. Kidman
                                     Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                              EXHIBIT ___5___

28                              PAGE ___31___

07209/2132825.2

                                   -14-

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 90378)
2      (johnquinn@quinnemanuel.com)
       Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
       Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13           Plaintiff,                  Consolidated with
                                         Case No. CV 04-09059
14       v.                              Case No. CV 05-02727

15  MATTEL, INC., a Delaware             MATTEL, INC.'S FIRST SET OF
    corporation,                         REQUESTS FOR DOCUMENTS AND
16                                       THINGS TO ISAAC LARIAN
             Defendant.
17

18  AND CONSOLIDATED CASES.

19

20

21

22

23

24

25

26                              EXHIBIT ___5___
27                              PAGE ___82___
28
                                     C4|13|c7
07209/2142932.1

1      Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, Mattel,

2    Inc. hereby requests that defendant Isaac Larian ("Larian") respond to these

3    document requests ("Requests") and make available for inspection and copying

4    originals of the following documents within 30 days of service at the offices of

5    Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6    floor, Los Angeles, CA 90017.  Larian shall be obligated to supplement the

7    responses to these Requests at such times and to the extent required by <u>Rule</u> 26(e) of

8    the <u>Federal Rules of Civil Procedure</u>.

9

10   I.     **DEFINITIONS**

11

12      For purposes of these Requests, the following definitions apply:

13         A.     "YOU," "YOUR" and "LARIAN" mean Isaac Larian and any

14   individual or entity acting directly or indirectly by, through, under or on behalf of

15   Isaac Larian, including but not limited to current or former directors, officers,

16   agents, attorneys, employees, partners, joint venturers, contractors, accountants, or

17   representatives of Isaac Larian or any entity under the control or direction of Isaac

18   Larian (including but not limited to MGA), and any corporation, partnership,

19   association, trust, predecessor-in-interest and successor-in-interest, and any other

20   PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to

21   his control.

22         B.     "MGA" means MGA Entertainment, Inc. and all current or

23   former directors, officers, employees, agents, contractors, attorneys, accountants,

24   representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

25   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

26   authority or subject to its control.

27         C.     "MATTEL" means Mattel, Inc. and all current or former

28   directors, officers, employees, agents, contractors, attorneys, accountants,

07209/2142932.1

EXHIBIT ___5___

PAGE ___33___

1    2.    the privilege or protection that YOU claim permits YOU
2          to withhold the DOCUMENT;
3    3.    the title and subject matter of the DOCUMENT;
4    4.    any additional facts on which YOU base YOUR claim of
5          privilege or protection; and
6    5.    the identity of the current custodian of the original of the
7          DOCUMENT.
8    C.    DOCUMENTS shall be produced in their original file folders, or
9    in lieu thereof, any writing on the file folder from which each such DOCUMENT is
10   taken shall be copied and appended to such DOCUMENT and the PERSON for
11   whom or department, division or office for which the DOCUMENT or the file
12   folder is maintained shall be identified.
13   D.    The DOCUMENTS should be produced in their complete and
14   unaltered form.  Attachments to DOCUMENTS should not be removed.  The
15   DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for
16   any reason, including alleged nonrelevance.  If emails are produced that had
17   attachments, the attachments shall be attached when produced.
18   E.    DOCUMENTS in electronic form shall be produced in that form.
19   F.    In the event that any DOCUMENT called for by these requests
20   has been destroyed or discarded, that DOCUMENT is to be identified by stating:
21   1.    the date and type of the DOCUMENT, the author(s) and
22          all recipients;
23   2.    the DOCUMENT's date, subject matter, number of pages,
24          and attachments or appendices;
25   3.    the date of destruction or discard, manner of destruction
26          or discard, and reason for destruction or discard;
27   4.    the PERSONS who were authorized to carry out such
28          destruction or discard;

1 | REQUEST FOR PRODUCTION NO. 273:

2 |     All DOCUMENTS RELATING TO the ownership of MGAE de

3 | Mexico, S.r.l. de C.V.

4 |

5 | REQUEST FOR PRODUCTION NO. 274:

6 |     An electronic copy of each DOCUMENT that YOU have produced in

7 | this action, or that is responsive to these Requests, that is or was created, prepared,

8 | generated, maintained or transmitted in digital form.

9 |

10 | REQUEST FOR PRODUCTION NO. 275:

11 |     The metadata for each DOCUMENT that YOU have produced in this

12 | action, or that is responsive to these Requests, that is or was created, prepared,

13 | generated, maintained or transmitted in digital form.

14 |

15 | REQUEST FOR PRODUCTION NO. 276:

16 |     To the extent not produced in response to any other Request for

17 | Production, all DOCUMENTS and tangible things upon which YOU intend to rely

18 | in this ACTION.

19 |

20 | DATED: June 13, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

21 |

22 |

23 |                By *Michael T. Zeller* /

24 |                  Michael T. Zeller

25 |                  Attorneys for Mattel, Inc.

26 |

27 | EXHIBIT 5

28 | PAGE 35

07209/2142932.1

-64-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN** on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christa M. Anderson, Esq.
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, California 94111

**BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s) addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 13, 2007, at Los Angeles, California.

*Elaine Chavarria*
Elaine Chavarria

EXHIBIT ___5___
PAGE ___36___

09819/2143538.1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10            UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA

12              EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14        Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 15      vs. | Case No. CV 05-02727 |
| 16  MATTEL, INC., a Delaware<br>corporation, | MATTEL, INC.'S THIRD SET OF<br>REQUESTS FOR DOCUMENTS AND<br>THINGS TO MGA |
| 17 | ENTERTAINMENT, INC. |
|       Defendant. | |
| 18 | |
| 19  AND CONSOLIDATED CASES | |
| 20 | |

21

22

23

24

25

26

27                           EXHIBIT 5

28                           PAGE 37

10-24

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

1         Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2 Mattel, Inc. hereby requests that MGA Entertainment, Inc. respond to these

3 document requests ("Requests") and make available for inspection and copying

4 originals of the following documents within 30 days of service at the offices of

5 Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6 floor, Los Angeles, CA 90017.  MGA Entertainment, Inc. shall be obligated to

7 supplement responses to these requests at such times and to the extent required by

8 <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure.</u>

9

10 **I.    DEFINITIONS**

11

12         For purposes of these Requests, the following definitions apply:

13         A.    "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc.

14 and all of its current or former directors, officers, employees, agents, contractors,

15 attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES,

16 predecessors-in-interest and successors-in-interest, and any other PERSON acting

17 on its behalf, pursuant to its authority or subject to its control.

18         B.    "MATTEL" means Mattel, Inc. and all of its current or former

19 directors, officers, employees, agents, contractors, attorneys, accountants,

20 representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

21 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

22 authority or subject to its control.

23         C.    "AFFILIATES" means any and all corporations, proprietorships,

24 d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

25 indirectly, in whole or in part, own or control, are under common ownership or

26 control with, or are owned or controlled by a PERSON, party or entity, including

27 without limitation each parent, subsidiary and joint venture of such PERSON, party

28 or entity.

EXHIBIT ___5___

PAGE ___38___

-2-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

## II.   __INSTRUCTIONS__

      A.   YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

      B.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, identify each such DOCUMENT and provide the following information:

          1.   the date and type of the DOCUMENT, the author(s) and all recipients;

          2.   the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

          3.   the title and subject matter of the DOCUMENT;

          4.   any additional facts on which YOU base YOUR claim of privilege or protection; and

          5.   the identity of the current custodian of the original of the DOCUMENT.

      C.   DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

      D.   The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that have or had attachments, the attachments shall be attached when produced.

      E.   DOCUMENTS in electronic form shall be produced in that form.

EXHIBIT __5__

PAGE __39__

-9-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

07209/2261215.1

REQUEST FOR PRODUCTION NO. 84:

All personnel and vendor files for Wendy Ragsdale.

REQUEST FOR PRODUCTION NO. 85:

All personnel and vendor files for Billy Ragsdale.

REQUEST FOR PRODUCTION NO. 86:

All personnel and vendor files for Sarah Halpern.

REQUEST FOR PRODUCTION NO. 87:

To the extent not produced in response to any other Request for Production, all personnel and vendor files for each person identified in Exhibit 664 (bearing Bates numbers MGA 0868630-31).

REQUEST FOR PRODUCTION NO. 88:

To the extent not produced in response to any other Request for Production, all personnel and vendor files for each person who has worked as an employee of or vendor for YOU and who also has been at any time an employee of or vendor for MATTEL.

DATED:  October 24, 2007

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

By_____
Michael T. Zeller
Attorneys for Mattel, Inc.

EXHIBIT __5__
PAGE __40__

07209/2261215.1

-25-

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FOURTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. |
| Defendant. | |
| AND CONSOLIDATED CASES | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA Entertainment, Inc. ("MGA") is required to make available for inspection and copying, the following documents within 30 days of service, at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017. MGA shall be obligated to supplement responses to these requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

EXHIBIT 6
PAGE 41

10-26

07209/2175380.1

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

## I.   DEFINITIONS

For purposes of these Requests, the following definitions apply:

A.   "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc. and any PERSON acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

B.   "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

C.   "BRAWER" means Ron Brawer, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

D.   "BRISBOIS" means Janine Brisbois, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control.

E.   "CASTILLA" means Jorge Castilla, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-

EXHIBIT __6__
PAGE __42__

1            1.     the date and type of the DOCUMENT, the author(s) and all

2                  recipients;

3            2.     the privilege or protection that YOU claim permits YOU to

4                  withhold the DOCUMENT;

5            3.     the title and subject matter of the DOCUMENT;

6            4.     any additional facts on which YOU base YOUR claim of

7                  privilege or protection; and

8            5.     the identity of the current custodian of the original of the

9                  DOCUMENT.

10         C.     DOCUMENTS shall be produced in their original file folders, or

11 in lieu thereof, any writing on the file folder from which each such DOCUMENT is

12 taken shall be copied and appended to such DOCUMENT and the PERSON for

13 whom or department, division or office for which the DOCUMENT or the file

14 folder is maintained shall be identified. ·

15         D.     The DOCUMENTS should be produced in their complete and

16 unaltered form.  Attachments to DOCUMENTS should not be removed.  The

17 DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

18 any reason, including alleged nonrelevance.  If emails are produced that had

19 attachments, the attachments shall be attached when produced.

20         E.     DOCUMENTS in electronic form shall be produced in that form.

21         F.     In the event that any DOCUMENT called for by these requests

22 has been destroyed or discarded, that DOCUMENT is to be identified by stating:

23            1.     the date and type of the DOCUMENT, the author(s) and all

24                  recipients;

25            2.     the DOCUMENT's date, subject matter, number of pages, and

26                  attachments or appendices;

27            3.     the date of destruction or discard, manner of destruction or

28                  discard, and reason for destruction or discard;

1 lists for such time period and all DOCUMENTS that REFER OR RELATE TO

2 changes or amendments or contemplated or proposed changes or amendments

3 thereto.

4

5 <u>REQUEST FOR PRODUCTION NO. 106:</u>

6       All DOCUMENTS that REFER OR RELATE TO any dispute,

7 disagreement or controversy relating to THIS ACTION between, on the one hand,

8 MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand,

9 O'MELVENY and/or CHRISTENSEN, including but not limited to any and all

10 disputes which were or have been asserted as a basis for, or which underlie,

11 contributed to or were a factor in, the withdrawal, termination and/or substitution of

12 O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION.

13

14 <u>REQUEST FOR PRODUCTION NO. 107:</u>

15       All DOCUMENTS that REFER OR RELATE TO YOUR corporate

16 formation and administration, including but not limited to by-laws, article of

17 incorporations, stock certificates, cancelled or void stock certificates, stock ledgers,

18 stock transfer ledgers or records, stockholder or shareholder agreements, voting

19 agreements or any other agreement that REFERS OR RELATES TO YOUR

20 stockholders or shareholders.

21

22

23

24 DATED:  October 25, 2007     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

25

26           By_____ Jon Corey _____

27             Jon Corey
            Attorneys for Mattel, Inc.

28

07209/2175380.1

**EXHIBIT 6**

**PAGE 44**

-33-

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:   (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                 UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14            Plaintiff, | Consolidated with |
| 15       vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 16  MATTEL, INC., a Delaware<br>corporation, | MATTEL, INC.'S FIRST SET OF<br>REQUESTS FOR DOCUMENTS AND |
| 17            Defendant. | THINGS TO MGAE DE MEXICO,<br>S.R.L. DE C.V. |
| 18 | |
| 19  AND CONSOLIDATED CASES | |
| 20 | |

21

22          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGAE de

23  Mexico, S.R.L. de C.V. ("MGA Mexico") is required to make available for

24  inspection and copying, the following documents within 30 days of service, at the

25  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

26  Street, 10th Floor, Los Angeles, CA 90017.  MGA Mexico shall be obligated to

27  supplement responses to these requests at such times and to the extent required by

28  Rule 26(e) of the Federal Rules of Civil Procedure.

EXHIBIT __5__
PAGE __45__

07975/2278530.3

II - 21

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO MGAE DE MEXICO, S.R.L. DE C.V.

1  **I.   DEFINITIONS**

2              For purposes of these Requests, the following definitions apply:

3              A.    "YOU," "YOUR" and "MGA" mean MGAE de Mexico, S.R.L.

4  de C.V., and any PERSON acting directly or indirectly by, through, under or on

5  behalf of MGAE de Mexico, S.R.L. de C.V., including but not limited to current or

6  former directors, officers, employees, agents, contractors, attorneys, accountants, or

7  representatives of MGAE de Mexico, S.R.L. de C.V. and any corporation,

8  partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-

9  interest and successor-in-interest, and any other PERSON acting on its behalf.

10             B.    "MATTEL" means Mattel, Inc. and all current or former

11  directors, officers, employees, agents, contractors, attorneys, accountants,

12  representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and

13  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

14  authority or subject to its control.

15             C.    "BRATZ" means any project, product, doll or DESIGN ever

16  known by that name (whether in whole or in part and regardless of what such

17  project, product or doll is or has been also, previously or subsequently called) and

18  any product, doll or DESIGN or any portion thereof that is now or has ever been

19  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

20  in part and regardless of what such product, doll or DESIGN or portion thereof is or

21  has been also, previously or subsequently called) or that is now or has ever been

22  sold or marketed as part of the "Bratz" line, and each version or iteration of such

23  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

24  DESIGNS or any portion thereof" also includes without limitation any names,

25  fashions, accessories, artwork, packaging or any other works, materials, matters or

26  items included or associated therewith.  Without limiting the generality of the

27  foregoing, the term "BRATZ" does not and shall not require that there be a doll

28

EXHIBIT __5__

PAGE __46__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO MGAE DE MEXICO, S.R.L. DE C.V.

1        1.   the date and type of the DOCUMENT, the author(s) and all
2           recipients;
3        2.   the privilege or protection that YOU claim permits YOU to
4           withhold the DOCUMENT;
5        3.   the title and subject matter of the DOCUMENT;
6        4.   any additional facts on which YOU base YOUR claim of
7           privilege or protection; and
8        5.   the identity of the current custodian of the original of the
9           DOCUMENT.
10       C.   DOCUMENTS shall be produced in their original file folders, or
11  in lieu thereof, any writing on the file folder from which each such DOCUMENT is
12  taken shall be copied and appended to such DOCUMENT and the PERSON for
13  whom or department, division or office for which the DOCUMENT or the file
14  folder is maintained shall be identified.
15       D.   The DOCUMENTS should be produced in their complete and
16  unaltered form.  Attachments to DOCUMENTS should not be removed.  The
17  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for
18  any reason, including alleged nonrelevance.  If emails are produced that had
19  attachments, the attachments shall be attached when produced.
20       E.   DOCUMENTS in electronic form shall be produced in that form.
21       F.   In the event that any DOCUMENT called for by these requests
22  has been destroyed or discarded, that DOCUMENT is to be identified by stating:
23       1.   the date and type of the DOCUMENT, the author(s) and all
24          recipients;
25       2.   the DOCUMENT's date, subject matter, number of pages, and
26          attachments or appendices;
27       3.   the date of destruction or discard, manner of destruction or
28          discard, and reason for destruction or discard;

1   REQUEST FOR PRODUCTION NO. 145:

2            All DOCUMENTS that REFER OR RELATE TO Machado's

3   citizenship or residency status in Mexico after January 1, 2004.

4

5   REQUEST FOR PRODUCTION NO. 146:

6            All COMMUNICATIONS between any FORMER MATTEL

7   EMPLOYEE and YOUR customers, distributors, advertisers, advertising agencies,

8   marketing consultants, or public relations firms before January 1, 2006.

9

10  REQUEST FOR PRODUCTION NO. 147:

11           All DOCUMENTS that REFER OR RELATE TO

12  COMMUNICATIONS between any FORMER MATTEL EMPLOYEE and YOUR

13  customers, distributors, advertisers, advertising agencies, marketing consultants, or

14  public relations firms before January 1, 2006.

15

16  REQUEST FOR PRODUCTION NO. 148:

17           All COMMUNICATIONS between YOU and YOUR customers,

18  distributors, advertisers, advertising agencies, marketing consultants, or public

19  relations firms that REFER OR RELATE TO MATTEL.

20

21  DATED:  November 21, 2007          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
22

23                                     By_____

24                                       Jon Corey
                                         Attorneys for Mattel, Inc.
25

26

27                                     EXHIBIT __5__
28                                     PAGE __48__

07975/2278530.3
                                        -40-
            MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO MGAE DE MEXICO, S.R.L. DE C.V.

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                  EASTERN DIVISION

13  | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
14  | Plaintiff, | Consolidated with |
15  | vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
16  | MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND |
17  | | THINGS TO MGA |
18  | Defendant. | ENTERTAINMENT, INC. |
19  | AND CONSOLIDATED CASES | |
20

21

22

23

24

25

26

27                    EXHIBIT ___5___
28                    PAGE ___49___

07209/2302419.1

                         11-27

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

1         Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>,

2  Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to

3  these document requests ("Requests") and make available for inspection and

4  copying originals of the following documents within 30 days of service at the

5  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6  Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

7  responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of

8  the <u>Federal Rules of Civil Procedure</u>.

9

10  **I.**    **<u>DEFINITIONS</u>**

11         A.    "YOU," "YOUR" and "MGA" means MGA Entertainment, Inc.

12  and all current or former subsidiaries, divisions, AFFILIATES, predecessors-in-

13  interest and successors-in-interest.  Without limiting the foregoing, MGA

14  Entertainment, Inc. includes ABC International Traders and ABC International

15  Traders, Inc.

16         B.    "LARIAN" means Isaac Larian, any FAMILY MEMBER of

17  Isaac Larian, and any trust of which Isaac Larian is a trustee or of which any

18  FAMILY MEMBER of Isaac Larian is a beneficiary including, without limitation,

19  the Isaac and Angela Larian Trust and the Isaac Larian Annuity Trust.

20         B.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

21  "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>

22  <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all

23  writings, including but not limited to handwriting, typewriting, printing, image,

24  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

25  to) electronic mail (including instant messages and text messages) or facsimile,

26  video and audio recordings, and every other means of recording upon any tangible

27  thing, any form of communication or representation, and any record thereby created,

28  regardless of the manner in which the record has been stored, and all non-identical

1        C.     DOCUMENTS shall be produced in their original file folders, or

2  in lieu thereof, any writing on the file folder from which each such DOCUMENT is

3  taken shall be copied and appended to such DOCUMENT and the PERSON for

4  whom or department, division or office for which the DOCUMENT or the file

5  folder is maintained shall be identified.

6        D.     The DOCUMENTS should be produced in their complete and

7  unaltered form.  Attachments to DOCUMENTS should not be removed.  The

8  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

9  any reason, including alleged nonrelevance.  If emails are produced that had

10  attachments, the attachments shall be attached when produced.

11        E.     DOCUMENTS in electronic form shall be produced in that form.

12        F.     In the event that any DOCUMENT called for by these requests

13  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

14          1.    the date and type of the DOCUMENT, the author(s) and all

15               recipients;

16          2.    the DOCUMENT's date, subject matter, number of pages, and

17               attachments or appendices;

18          3.    the date of destruction or discard, manner of destruction or

19               discard, and reason for destruction or discard;

20          4.    the PERSONS who were authorized to carry out such destruction

21               or discard;

22          5.    the PERSONS who have knowledge of the content, origins,

23               distribution and destruction of the DOCUMENT; and

24          6.    whether any copies of the document exist and, if so, the name of

25               the custodian of each copy.

26

27

28

EXHIBIT _5_
PAGE _51_

-5-

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

1    <u>REQUEST FOR PRODUCTION NO. 46:</u>

2          DOCUMENTS sufficient to show any and all obligations of MGA

3    guaranteed or cosigned by any officer, director, shareholder or employee of MGA,

4    including the IDENTITY of the PERSON who guaranteed or cosigned the

5    obligation, the identity of the creditor or lender, the nature and amount of the

6    obligation, the date the obligation was guaranteed or cosigned, whether the

7    obligation has been satisfied and, if so, by whom.

8

9    <u>REQUEST FOR PRODUCTION NO. 47:</u>

10         For each account maintained in the name of MGA at any bank or other

11    financial institution, a copy of each and every monthly statement from the date of

12    YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY

13    each PERSON authorized to sign checks on or access the account.

14

15    DATED:  November 27, 2007

16                  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

17

18                  By _____

19                     Scott B. Kidman
                      Attorneys for Mattel, Inc.

20

21

22

23

24

25

26

27                      EXHIBIT __5__

28                      PAGE __52__

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                     EASTERN DIVISION

13  CARTER BRYANT, an individual,       CASE NO. CV 04-9049 SGL (RNBx)

14          Plaintiff,                  Consolidated with
                                        Case No. CV 04-09059
15      vs.                             Case No. CV 05-02727

16  MATTEL, INC., a Delaware            MATTEL, INC.'S SIXTH SET OF
    corporation,                        REQUESTS FOR DOCUMENTS AND
17                                      THINGS TO MGA
            Defendant.                  ENTERTAINMENT, INC.
18

19  AND CONSOLIDATED CASES

20

21

22

23

24

25

26

27                                      EXHIBIT ___5___
28                                      PAGE ___53___

07209/2323969.1                         12·18

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>,

2    Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to

3    these document requests ("Requests") and make available for inspection and

4    copying originals of the following documents within 30 days of service at the

5    offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6    Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

7    responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of

8    the <u>Federal Rules of Civil Procedure</u>.

9

10   **I.    DEFINITIONS**

11          A.    ""YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc.

12   and any PERSON acting directly or indirectly by, through, under or on behalf of

13   MGA Entertainment, Inc., including but not limited to, current or former directors,

14   officers, employees, agents, contractors, attorneys, accountants, or representatives of

15   MGA Entertainment, Inc., and any current or former corporation, partnership,

16   association, trust, parent, subsidiary, division, AFFILIATE, predecessor-in-interest

17   and successor-in-interest of MGA Entertainment, Inc., and any other PERSON

18   acting on its behalf.

19          B.    "MATTEL" means Mattel, Inc. and all current or former

20   directors, officers, employees, agents, contractors, attorneys, accountants,

21   representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

22   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

23   authority or subject to its control.

24          C.    "NICKELODEON" means Nickelodeon, Inc., the cable

25   television network carried on cable and satellite television systems, and any

26   PERSON acting directly or indirectly by, through, under or on behalf of

27   Nickelodeon, Inc., including but not limited to, current or former directors, officers,

28   employees, agents, contractors, attorneys, accountants, or representatives of

## II.   INSTRUCTIONS

A.    YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT and provide the following information:

1.   the date and type of the DOCUMENT, the author(s) and all recipients;

2.   the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3.   the title and subject matter of the DOCUMENT;

4.   any additional facts on which YOU base YOUR claim of privilege or protection; and

5.   the IDENTITY of the current custodian of the original of the DOCUMENT.

C.    DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.    The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E.    DOCUMENTS in electronic form shall be produced in that form.

EXHIBIT 5
PAGE 55

-7-

1  COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

2  increased expense, lost revenue or profits, or any other damage that MATTEL'S

3  alleged "unclean hands and wrongful hands" caused to YOU.

4

5  REQUEST FOR PRODUCTION NO. 418:

6           All DOCUMENTS, including but not limited to all

7  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

8  efforts to portray MATTEL negatively or unfavorably.

9

10 REQUEST FOR PRODUCTION NO. 419:

11          All DOCUMENTS, including but not limited to all

12 COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

13 successfully portraying MATTEL negatively or unfavorably.

14

15 REQUEST FOR PRODUCTION NO. 420:

16          All DOCUMENTS, including but not limited to all

17 COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

18 successfully portraying MATTEL products negatively or unfavorably by any means

19 or methods, other than by or through funding or commissioning market research or

20 studies.

21

22 DATED: December 12, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

23

24                                  By 𝒬ᴍ D. Corey /by 11SP

25                                     Jon D. Corey
                                       Attorneys for Mattel, Inc.

26

27                                  EXHIBIT 5

28                                  PAGE 56

07209/2323969.1

-98-

MATTEL, INC.'S SIXTH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | EASTERN DIVISION

| 13 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 14 | Plaintiff, | Consolidated with Case No. CV 04-09059 |
| 15 | vs. | Case No. CV 05-02727 |
| 16 | MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN |
| 17 | | |
| 18 | Defendant. | |
| 19 | AND CONSOLIDATED CASES | |
| 20 | | |

21

22

23

24

25

26

27      EXHIBIT __5__

28      PAGE __57__

07209/2323978.1

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2    Mattel, Inc. hereby requests that Isaac Larian ("Larian") respond to these document

3    requests ("Requests") and make available for inspection and copying originals of the

4    following documents within 30 days of service at the offices of Quinn Emanuel

5    Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor,

6    Los Angeles, CA 90017.  Larian shall be obligated to supplement responses to these

7    requests at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules</u>

8    <u>of Civil Procedure.</u>

9

10   **I.    DEFINITIONS**

11         A.    ""YOU," "YOUR" and "LARIAN" mean Isaac Larian and any

12   individual or entity acting directly or indirectly by, through, under or on behalf of

13   Isaac Larian, including but not limited to current or former directors, officers,

14   agents, attorneys, employees, partners, joint venturers, contractors, accountants, or

15   representatives of Isaac Larian or any entity under the control or direction of Isaac

16   Larian (including but not limited to MGA), and any corporation, partnership,

17   association, trust, predecessor-in-interest and successor-in-interest, and any other

18   PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to

19   his control.

20         B.    "MGA" means MGA Entertainment, Inc. and any PERSON

21   acting directly or indirectly by, through, under or on behalf of MGA Entertainment,

22   Inc., including but not limited to, current or former directors, officers, employees,

23   agents, contractors, attorneys, accountants, or representatives of MGA

24   Entertainment, Inc., and any current or former corporation, partnership, association,

25   trust, parent, subsidiary, division, AFFILIATE, predecessor-in-interest and

26   successor-in-interest of MGA Entertainment, Inc., and any other PERSON acting on

27   its behalf.

EXHIBIT __5__

PAGE __58__

28

07209/2323978.1

1         P.     The singular form of a noun or pronoun includes within its

2 meaning the plural form of the noun or pronoun so used, and vice versa; the use of

3 the masculine form of a pronoun also includes within its meaning the feminine form

4 of the pronoun so used, and vice versa; the use of any tense of any verb includes

5 also within its meaning all other tenses of the verb so used, whenever such

6 construction results in a broader request for information; and "and" includes "or"

7 and vice versa, whenever such construction results in a broader disclosure of

8 documents or information.

9

10 **II.**   **INSTRUCTIONS**

11         A.     YOU are to produce all requested DOCUMENTS in YOUR

12 possession, custody or control.

13         B.     If YOU contend that YOU are not required to produce certain

14 DOCUMENTS called for by these Requests on the grounds of a privilege or

15 protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT

16 and provide the following information:

17           1.     the date and type of the DOCUMENT, the author(s) and all

18                recipients;

19           2.     the privilege or protection that YOU claim permits YOU to

20                withhold the DOCUMENT;

21           3.     the title and subject matter of the DOCUMENT;

22           4.     any additional facts on which YOU base YOUR claim of

23                privilege or protection; and

24           5.     the IDENTITY of the current custodian of the original of the

25                DOCUMENT.

26         C.     DOCUMENTS shall be produced in their original file folders, or

27 in lieu thereof, any writing on the file folder from which each such DOCUMENT is

28 taken shall be copied and appended to such DOCUMENT and the PERSON for

1  whom or department, division or office for which the DOCUMENT or the file

2  folder is maintained shall be identified.

3        D.    The DOCUMENTS should be produced in their complete and

4  unaltered form.  Attachments to DOCUMENTS should not be removed.  The

5  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

6  any reason, including alleged nonrelevance.  If emails are produced that had

7  attachments, the attachments shall be attached when produced.

8        E.    DOCUMENTS in electronic form shall be produced in that form.

9        F.    In the event that any DOCUMENT called for by these requests

10  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

11        1.    the date and type of the DOCUMENT, the author(s) and all

12              recipients;

13        2.    the DOCUMENT's date, subject matter, number of pages, and

14              attachments or appendices;

15        3.    the date of destruction or discard, manner of destruction or

16              discard, and reason for destruction or discard;

17        4.    the PERSONS who were authorized to carry out such destruction

18              or discard;

19        5.    the PERSONS who have knowledge of the content, origins,

20              distribution and destruction of the DOCUMENT; and

21        6.    whether any copies of the DOCUMENT exist and, if so, the

22              name of the custodian of each copy.

23

24

25

26

27        EXHIBIT __5__

28        PAGE __60__

07209/2323978.1

-8-

1  COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

2  increased expense, lost revenue or profits, or any other damage that MATTEL'S

3  alleged "unclean hands and wrongful hands" caused to YOU.

4

5  REQUEST FOR PRODUCTION NO. 418:

6          All DOCUMENTS, including but not limited to all

7  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

8  efforts to portray MATTEL negatively or unfavorably.

9

10  REQUEST FOR PRODUCTION NO. 419:

11          All DOCUMENTS, including but not limited to all

12  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

13  successfully portraying MATTEL negatively or unfavorably.

14

15  REQUEST FOR PRODUCTION NO. 420:

16          All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

18  successfully portraying MATTEL products negatively or unfavorably by any means

19  or methods, other than by or through funding or commissioning market research or

20  studies.

21

22  DATED:  December 12, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

23

24                                     By ___Jon D. Corey / by HSA_____

25                                        Jon D. Corey
                                           Attorneys for Mattel, Inc.

26

27                                     EXHIBIT __5__

28                                     PAGE __61__

07209/2323978.1

-98-

MATTEL, INC.'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                       EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14             Plaintiff,                Consolidated with
                                         Case No. CV 04-09059
15        vs.                            Case No. CV 05-02727

16  MATTEL, INC., a Delaware             MATTEL, INC.'S SECOND SET OF
    corporation,                         REQUESTS FOR DOCUMENTS AND
17                                        THINGS TO MGA
             Defendant.                  ENTERTAINMENT (HK) LIMITED
18

19  AND CONSOLIDATED CASES

20

21

22

23

24

25

26

27                                       EXHIBIT __5__
                                         PAGE __62__
28

07209/2323992.1

MATTEL, INC.'S SECOND SET OF REQS. FOR DOCS. AND THINGS TO MGA ENTERTAINMENT (HK) LTD.

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2  Mattel, Inc. hereby requests that MGA Entertainment (HK) Limited ("MGA (HK)")

3  respond to these document requests ("Requests") and make available for inspection

4  and copying originals of the following documents within 30 days of service at the

5  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6  Street, 10th floor, Los Angeles, CA 90017.  MGA (HK) shall be obligated to

7  supplement responses to these requests at such times and to the extent required by

8  <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure.</u>

9

10 **I.    DEFINITIONS**

11        A.    ""YOU" and "YOUR" and means MGA Entertainment (HK)

12 Limited, any of its parents, subsidiaries, divisions, AFFILIATES, predecessors-in-

13 interest and successors-in-interest.  Without limiting the foregoing, MGA

14 Entertainment (HK) Limited includes the entities known as Krisson Limited and

15 Micro Games Far East (HK) Limited.

16        B.    "MGA" means MGA Entertainment, Inc. and any PERSON

17 acting directly or indirectly by, through, under or on behalf of MGA Entertainment,

18 Inc., including but not limited to, current or former directors, officers, employees,

19 agents, contractors, attorneys, accountants, or representatives of MGA

20 Entertainment, Inc., and any current or former corporation, partnership, association,

21 trust, parent, subsidiary, division, AFFILIATE, predecessor-in-interest and

22 successor-in-interest of MGA Entertainment, Inc., and any other PERSON acting on

23 its behalf.

24        C.    "MATTEL" means Mattel, Inc. and all current or former

25 directors, officers, employees, agents, contractors, attorneys, accountants,

26 representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

27 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

28 authority or subject to its control.

EXHIBIT __5__

PAGE __63__

07209/2323992.1

-2-

1  construction results in a broader request for information; and "and" includes "or"
2  and vice versa, whenever such construction results in a broader disclosure of
3  documents or information.

4

5  **II.   INSTRUCTIONS**

6         A.    YOU are to produce all requested DOCUMENTS in YOUR
7  possession, custody or control.

8         B.    If YOU contend that YOU are not required to produce certain
9  DOCUMENTS called for by these Requests on the grounds of a privilege or
10 protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT
11 and provide the following information:

12              1.    the date and type of the DOCUMENT, the author(s) and all
13                    recipients;
14              2.    the privilege or protection that YOU claim permits YOU to
15                    withhold the DOCUMENT;
16              3.    the title and subject matter of the DOCUMENT;
17              4.    any additional facts on which YOU base YOUR claim of
18                    privilege or protection; and
19              5.    the IDENTITY of the current custodian of the original of the
20                    DOCUMENT.

21        C.    DOCUMENTS shall be produced in their original file folders, or
22 in lieu thereof, any writing on the file folder from which each such DOCUMENT is
23 taken shall be copied and appended to such DOCUMENT and the PERSON for
24 whom or department, division or office for which the DOCUMENT or the file
25 folder is maintained shall be identified.

26        D.    The DOCUMENTS should be produced in their complete and
27 unaltered form.  Attachments to DOCUMENTS should not be removed.  The
28 DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

EXHIBIT 5
PAGE 64
-7-
MATTEL, INC.'S SECOND SET OF REQS. FOR DOCS. AND THINGS TO MGA ENTERTAINMENT (HK) LTD.

1   COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

2   increased expense, lost revenue or profits, or any other damage that MATTEL'S

3   alleged "unclean hands and wrongful hands" caused to YOU.

4

5   REQUEST FOR PRODUCTION NO. 418:

6           All DOCUMENTS, including but not limited to all

7   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

8   efforts to portray MATTEL negatively or unfavorably.

9

10  REQUEST FOR PRODUCTION NO. 419:

11          All DOCUMENTS, including but not limited to all

12  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

13  successfully portraying MATTEL negatively or unfavorably.

14

15  REQUEST FOR PRODUCTION NO. 420:

16          All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

18  successfully portraying MATTEL products negatively or unfavorably by any means

19  or methods, other than by or through funding or commissioning market research or

20  studies.

21

22  DATED:  December 12, 2007        QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
23

24                          By  _Jon D-Corey /by HSP_

25                              Jon D. Corey
                                Attorneys for Mattel, Inc.
26

27                                      EXHIBIT __5__

28                                      PAGE __65__

07209/2323992.1
                                            -98-

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,                 Consolidated with
                                           Case No. CV 04-09059
15        vs.                              Case No. CV 05-02727

16  MATTEL, INC., a Delaware               MATTEL, INC.'S SECOND SET OF
    corporation,                           REQUESTS FOR DOCUMENTS AND
17                                         THINGS TO MGAE DE MEXICO,
              Defendant.                   S.R.L. DE C.V.
18

19  AND CONSOLIDATED CASES

20

21

22

23

24

25

26                                   EXHIBIT ___5___
27                                   PAGE ___66___
28

07209/2324007.1

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGAE DE MEXICO, S.R.L. DE C.V.

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2   Mattel, Inc. hereby requests that MGAE de Mexico, S.R.L. de C.V. ("MGA

3   Mexico") respond to these document requests ("Requests") and make available for

4   inspection and copying originals of the following documents within 30 days of

5   service at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South

6   Figueroa Street, 10th floor, Los Angeles, CA 90017.  MGA Mexico shall be

7   obligated to supplement responses to these requests at such times and to the extent

8   required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure.</u>

9

10   **I.   DEFINITIONS**

11        A.   ""YOU" and "YOUR" mean MGAE de Mexico, S.R.L. de C.V.,

12   and any PERSON acting directly or indirectly by, through, under or on behalf of

13   MGAE de Mexico, S.R.L. de C.V., including but not limited to current or former

14   directors, officers, employees, agents, contractors, attorneys, accountants, or

15   representatives of MGAE de Mexico, S.R.L. de C.V. and any corporation,

16   partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-

17   interest and successor-in-interest, and any other PERSON acting on its behalf.

18        B.   "MGA" means MGA Entertainment, Inc. and any PERSON

19   acting directly or indirectly by, through, under or on behalf of MGA Entertainment,

20   Inc., including but not limited to, current or former directors, officers, employees,

21   agents, contractors, attorneys, accountants, or representatives of MGA

22   Entertainment, Inc., and any current or former corporation, partnership, association,

23   trust, parent, subsidiary, division, AFFILIATE, predecessor-in-interest and

24   successor-in-interest of MGA Entertainment, Inc., and any other PERSON acting on

25   its behalf.

26        C.   "MATTEL" means Mattel, Inc. and all current or former

27   directors, officers, employees, agents, contractors, attorneys, accountants,

28   representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

EXHIBIT 5
PAGE 67
07209/2924607.1

-2-

1   of the pronoun so used, and vice versa; the use of any tense of any verb includes

2   also within its meaning all other tenses of the verb so used, whenever such

3   construction results in a broader request for information; and "and" includes "or"

4   and vice versa, whenever such construction results in a broader disclosure of

5   documents or information.

6

7   **II.    INSTRUCTIONS**

8          A.    YOU are to produce all requested DOCUMENTS in YOUR

9   possession, custody or control.

10          B.    If YOU contend that YOU are not required to produce certain

11   DOCUMENTS called for by these Requests on the grounds of a privilege or

12   protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT

13   and provide the following information:

14          1.    the date and type of the DOCUMENT, the author(s) and all

15                recipients;

16          2.    the privilege or protection that YOU claim permits YOU to

17                withhold the DOCUMENT;

18          3.    the title and subject matter of the DOCUMENT;

19          4.    any additional facts on which YOU base YOUR claim of

20                privilege or protection; and

21          5.    the IDENTITY of the current custodian of the original of the

22                DOCUMENT.

23          C.    DOCUMENTS shall be produced in their original file folders, or

24   in lieu thereof, any writing on the file folder from which each such DOCUMENT is

25   taken shall be copied and appended to such DOCUMENT and the PERSON for

26   whom or department, division or office for which the DOCUMENT or the file

27   folder is maintained shall be identified.

28

EXHIBIT __5__
PAGE __68__

07209/2324007.1

-7-

1   COMMUNICATIONS with any PERSON, RELATING to any loss, harm, injury,

2   increased expense, lost revenue or profits, or any other damage that MATTEL'S

3   alleged "unclean hands and wrongful hands" caused to YOU.

4

5   REQUEST FOR PRODUCTION NO. 418:

6            All DOCUMENTS, including but not limited to all

7   COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR

8   efforts to portray MATTEL negatively or unfavorably.

9

10  REQUEST FOR PRODUCTION NO. 419:

11           All DOCUMENTS, including but not limited to all

12  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

13  successfully portraying MATTEL negatively or unfavorably.

14

15  REQUEST FOR PRODUCTION NO. 420:

16           All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOU

18  successfully portraying MATTEL products negatively or unfavorably by any means

19  or methods, other than by or through funding or commissioning market research or

20  studies.

21

22  DATED:  December 12, 2007        QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
23

24                           By _Jon D. Corey /by HSA_

25                              Jon D. Corey
                                Attorneys for Mattel, Inc.
26

27                              EXHIBIT __5__
28                              PAGE __69__

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10               UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                     EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14          Plaintiff, | Consolidated with |
| 15      vs. | Case No. CV 04-09059 |
| | Case No. CV 05-02727 |
| 16  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SEVENTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA |
| 17 | ENTERTAINMENT, INC. |
| 18          Defendant. | |
| 19  AND CONSOLIDATED CASES | |
| 20 | |

21

22  PROPOUNDING PARTY: MATTEL, INC.

23  RESPONDING PARTY:   MGA ENTERTAINMENT, INC.

24  SET NO.:            SEVEN (7)

25

26                            EXHIBIT  5

27                            PAGE  70

28

07209/2362382.1                    1-22

1               Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>,

2   Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to

3   these document requests ("Requests") and make available for inspection and

4   copying originals of the following documents within 30 days of service at the

5   offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6   Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

7   responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of

8   the <u>Federal Rules of Civil Procedure</u>.

9

10  **I.    DEFINITIONS**

11         A.    "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc.

12  and any PERSON acting directly or indirectly by, through, under or on behalf of

13  MGA Entertainment, Inc., including but not limited to, current or former directors,

14  officers, employees, agents, contractors, attorneys, accountants, or representatives of

15  MGA Entertainment, Inc., and any current or former corporation, partnership,

16  association, trust, parent, subsidiary, division, AFFILIATE, predecessor-in-interest

17  and successor-in-interest of MGA Entertainment, Inc., and any other PERSON

18  acting on its behalf.

19         B.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

20  "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>

21  <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all

22  writings, including but not limited to, handwriting, typewriting, printing, image,

23  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

24  to) electronic mail (including instant messages and text messages) or facsimile,

25  video and audio recordings, and every other means of recording upon any tangible

26  thing, any form of COMMUNICATION or representation, and any record thereby

27  created, regardless of the manner in which the record has been stored, and all non-

28

EXHIBIT __5__

PAGE __71__

07209/2362382.1

-2-

MATTEL, INC.'S 7TH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1 | protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT
2 | and provide the following information:

3 |        1.    the date and type of the DOCUMENT, the author(s) and all
4 |            recipients;

5 |        2.    the privilege or protection that YOU claim permits YOU to
6 |            withhold the DOCUMENT;

7 |        3.    the title and subject matter of the DOCUMENT;

8 |        4.    any additional facts on which YOU base YOUR claim of
9 |            privilege or protection; and

10 |        5.    the IDENTITY of the current custodian of the original of the
11 |            DOCUMENT.

12 |     C.    DOCUMENTS shall be produced in their original file folders, or
13 | other native format.  If the DOCUMENTS are in their original file folders, in lieu
14 | thereof, any writing on the file folder from which each such DOCUMENT is taken
15 | shall be copied and appended to such DOCUMENT and the PERSON for whom or
16 | department, division or office for which the DOCUMENT or the file folder is
17 | maintained shall be identified.

18 |     D.    The DOCUMENTS should be produced in their complete and
19 | unaltered form.  Attachments to DOCUMENTS should not be removed.  The
20 | DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for
21 | any reason, including alleged nonrelevance.  If emails are produced that had
22 | attachments, the attachments shall be attached when produced.

23 |     E.    DOCUMENTS in electronic form shall be produced in that form.

24 |     F.    In the event that any DOCUMENT called for by these requests
25 | has been destroyed or discarded, that DOCUMENT is to be identified by stating:

26 |        1.    the date and type of the DOCUMENT, the author(s) and all
27 |            recipients;

28 |

EXHIBIT __5__
PAGE __72__

1  REQUEST FOR PRODUCTION NO. 4.:

2          Each log, record, index, file or other DOCUMENT IDENTIFYING or

3  listing MGA's AFFILIATES' DOCUMENTS or any tangible things stored at the

4  OFFSITE STORAGE FACILITIES since 1995.

5

6  REQUEST FOR PRODUCTION NO. 5.:

7          Each log, record, index, file or other DOCUMENT IDENTIFYING or

8  listing MGA DOCUMENTS or any tangible things that have been sent to or

9  received from the OFFSITE STORAGE FACILITIES since 1995, including when

10  the DOCUMENTS or any tangible things were sent and/or received.

11

12  REQUEST FOR PRODUCTION NO. 6.:

13          Each log, record, index, file or other DOCUMENT IDENTIFYING or

14  listing MGA's AFFILIATES' DOCUMENTS or any tangible things that have been

15  sent to or received from the OFFSITE STORAGE FACILITIES since 1995,

16  including when the DOCUMENTS or any tangible things were sent and/or received.

17

18  DATED:  January 22, 2008          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
19

20                                    By_____
                                         Jon D. Corey
21                                       Attorneys for Mattel, Inc.

22

23

24

25

26

27                                    EXHIBIT ___5___
28                                    PAGE ___73___

07209/2362382.1
                                    -7-
MATTEL, INC.'S 7TH SET OF REQS. FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13   CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14           Plaintiff,                    Consolidated with
                                           Case No. CV 04-09059
15      vs.                                Case No. CV 05-02727

16   MATTEL, INC., a Delaware             MATTEL, INC.'S THIRD SET OF
     corporation,                         REQUESTS FOR DOCUMENTS AND
17                                         THINGS TO MGAE DE MEXICO,
             Defendant.                    S.R.L. DE C.V.
18

19   AND CONSOLIDATED CASES

20

21

22   PROPOUNDING PARTY:  MATTEL, INC.

23   RESPONDING PARTY:    MGAE DE MEXICO, S.R.L. DE C.V.

24   SET NO.:             THIRD (3)

25

26

27                                         EXHIBIT __5__
28                                         PAGE __74__

                              1-22

07209/2363463.1

MATTEL, INC.'S 3RD SET OF REQS. FOR DOCS. & THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel, Inc. hereby requests that MGAE De Mexico, S.R.L. DE C.V. ("MGAE") respond to these document requests ("Requests") and make available for inspection and copying originals of the following documents within 30 days of service at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor, Los Angeles, CA 90017. MGAE shall be obligated to supplement responses to these requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

## I. DEFINITIONS

A. "YOU" and "YOUR" mean MGAE de Mexico, S.R.L. de C.V., and any PERSON acting directly or indirectly by, through, under or on behalf of MGAE de Mexico, S.R.L. de C.V., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGAE de Mexico, S.R.L. de C.V. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

B. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to, handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of COMMUNICATION or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such DOCUMENTS, in the possession, custody, or control of YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

1.  the date and type of the DOCUMENT, the author(s) and all recipients;

2.  the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3.  the title and subject matter of the DOCUMENT;

4.  any additional facts on which YOU base YOUR claim of privilege or protection; and

5.  the IDENTITY of the current custodian of the original of the DOCUMENT.

C.  DOCUMENTS shall be produced in their original file folders, or other native format. If the DOCUMENTS are in their original file folders, in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.  The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E.  DOCUMENTS in electronic form shall be produced in that form.

F.  In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.  the date and type of the DOCUMENT, the author(s) and all recipients;

2.  the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

EXHIBIT __5__
PAGE __76__

07209/2362463.1

-5-

MATTEL, INC.'S 3RD SET OF REQS. FOR DOCS. & THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

1  REQUEST FOR PRODUCTION NO. 5.:

2          Each log, record, index, file or other DOCUMENT IDENTIFYING or

3  listing YOUR DOCUMENTS or any tangible things that have been sent to or

4  received from the OFFSITE STORAGE FACILITIES since 1995, including when

5  the DOCUMENTS or any tangible things were sent and/or received.

6

7  REQUEST FOR PRODUCTION NO. 6.:

8          Each log, record, index, file or other DOCUMENT IDENTIFYING or

9  listing YOUR AFFILIATES' DOCUMENTS or any tangible things that have been

10  sent to or received from the OFFSITE STORAGE FACILITIES since 1995,

11  including when the DOCUMENTS or any tangible things were sent and/or received.

12

13  DATED:  January 22, 2008         QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
14

15                                   By  Jon D. Corey

16                                      Jon D. Corey
                                        Attorneys for Mattel, Inc.
17

18

19

20

21

22

23

24

25

26

27                                   EXHIBIT  5

28                                   PAGE  77

07209/2362463.1

-7-
MATTEL, INC.'S 3RD SET OF REQS. FOR DOCS. & THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN |
| Defendant. | |
| AND CONSOLIDATED CASES | |

PROPOUNDING PARTY: MATTEL, INC.

RESPONDING PARTY: ISAAC LARIAN

SET NO.: THREE (3)

EXHIBIT __5__
PAGE __78__

07209/2362454.1

/-22

1            Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2    Mattel, Inc. hereby requests that Isaac Larian respond to these document requests

3    ("Requests") and make available for inspection and copying originals of the

4    following documents within 30 days of service at the offices of Quinn Emanuel

5    Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor,

6    Los Angeles, CA 90017.  Mr. Larian shall be obligated to supplement responses to

7    these requests at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal</u>

8    <u>Rules of Civil Procedure</u>.

9

10    **I.    DEFINITIONS**

11            A.    "YOU," "YOUR" and "LARIAN" mean Isaac Larian and any

12    individual or entity acting directly or indirectly by, through, under or on behalf of

13    Isaac Larian, including but not limited to current or former directors, officers,

14    agents, attorneys, employees, partners, joint venturers, contractors, accountants, or

15    representatives of Isaac Larian or any entity under the control or direction of Isaac

16    Larian (including but not limited to MGA), and any corporation, partnership,

17    association, trust, predecessor-in-interest and successor-in-interest, and any other

18    PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to

19    his control.

20            B.    "MGA" means MGA Entertainment, Inc. and any PERSON

21    acting directly or indirectly by, through, under or on behalf of MGA Entertainment,

22    Inc., including but not limited to, current or former directors, officers, employees,

23    agents, contractors, attorneys, accountants, or representatives of MGA

24    Entertainment, Inc., and any current or former corporation, partnership, association,

25    trust, parent, subsidiary, division, AFFILIATE, predecessor-in-interest and

26    successor-in-interest of MGA Entertainment, Inc., and any other PERSON acting on

27    its behalf.

EXHIBIT __5__

PAGE __79__

1   also within its meaning all other tenses of the verb so used, whenever such

2   construction results in a broader request for information; and "and" includes "or"

3   and vice versa, whenever such construction results in a broader disclosure of

4   documents or information.

5

6   **II.    INSTRUCTIONS**

7           A.      YOU are to produce all requested DOCUMENTS in YOUR

8   possession, custody or control.

9           B.      If YOU contend that YOU are not required to produce certain

10  DOCUMENTS called for by these Requests on the grounds of a privilege or

11  protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT

12  and provide the following information:

13                  1.      the date and type of the DOCUMENT, the author(s) and all

14                          recipients;

15                  2.      the privilege or protection that YOU claim permits YOU to

16                          withhold the DOCUMENT;

17                  3.      the title and subject matter of the DOCUMENT;

18                  4.      any additional facts on which YOU base YOUR claim of

19                          privilege or protection; and

20                  5.      the IDENTITY of the current custodian of the original of the

21                          DOCUMENT.

22          C.      DOCUMENTS shall be produced in their original file folders, or

23  other native format.  If the DOCUMENTS are in their original file folders, in lieu

24  thereof, any writing on the file folder from which each such DOCUMENT is taken

25  shall be copied and appended to such DOCUMENT and the PERSON for whom or

26  department, division or office for which the DOCUMENT or the file folder is

27  maintained shall be identified.

28

EXHIBIT __5__
PAGE __80__

-5-

1 | <u>REQUEST FOR PRODUCTION NO. 6.</u>:

2 |     Each log, record, index, file or other DOCUMENT IDENTIFYING or

3 | listing YOUR AFFILIATES' DOCUMENTS or any tangible things that have been

4 | sent to or received from the OFFSITE STORAGE FACILITIES since 1995,

5 | including when the DOCUMENTS or any tangible things were sent and/or received.

6 |

7 | DATED: January 22, 2008        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8 |

9 |                         By _Jon D. Corey_

10 |                         Jon D. Corey
    |                         Attorneys for Mattel, Inc.

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |                                 EXHIBIT ___5___

28 |                                 PAGE ___81___

07209/2362454.1

-8-

MATTEL, INC.'S THIRD SET OF REQS. FOR DOCUMENTS AND THINGS TO ISAAC LARIAN

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
     Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                         EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14         Plaintiff, | Consolidated with |
| 15       vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 16  MATTEL, INC., a Delaware<br>corporation, | MATTEL, INC.'S THIRD SET OF<br>REQUESTS FOR DOCUMENTS AND |
| 17 | THINGS TO MGA |
| 18         Defendant. | ENTERTAINMENT (HK) LIMITED |
| 19  AND CONSOLIDATED CASES | |
| 20 | |

21

22  PROPOUNDING PARTY:  MATTEL, INC.

23  RESPONDING PARTY:     MGA ENTERTAINMENT (HK) LIMITED

24  SET NO.:                        THIRD (3)

25

26

27  EXHIBIT __5__

28  PAGE __82__

07209/2362458.1

                              *1-22*

MATTEL, INC.'S 3RD SET OF REQS. FOR DOCS. & THINGS TO MGA ENTERTAINMENT (HK) LIMITED

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2  Mattel, Inc. hereby requests that MGA Entertainment (HK) Limited ("MGA HK")

3  respond to these document requests ("Requests") and make available for inspection

4  and copying originals of the following documents within 30 days of service at the

5  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6  Street, 10th floor, Los Angeles, CA 90017.  MGA HK shall be obligated to

7  supplement responses to these requests at such times and to the extent required by

8  <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure.</u>

9

10  **I.    DEFINITIONS**

11         A.    "YOU" and "YOUR" and means MGA Entertainment (HK)

12  Limited, any of its parents, subsidiaries, divisions, AFFILIATES, predecessors-in-

13  interest and successors-in-interest.  Without limiting the foregoing, MGA

14  Entertainment (HK) Limited includes the entities known as Krisson Limited and

15  Micro Games Far East (HK) Limited.

16         B.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

17  "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>

18  <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all

19  writings, including but not limited to, handwriting, typewriting, printing, image,

20  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

21  to) electronic mail (including instant messages and text messages) or facsimile,

22  video and audio recordings, and every other means of recording upon any tangible

23  thing, any form of COMMUNICATION or representation, and any record thereby

24  created, regardless of the manner in which the record has been stored, and all non-

25  identical copies of such DOCUMENTS, in the possession, custody, or control of

26  YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

27         C.    "AFFILIATES" means any and all corporations, proprietorships,

28  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

1        2.     the privilege or protection that YOU claim permits YOU to

2                withhold the DOCUMENT;

3        3.     the title and subject matter of the DOCUMENT;

4        4.     any additional facts on which YOU base YOUR claim of

5                privilege or protection; and

6        5.     the IDENTITY of the current custodian of the original of the

7                DOCUMENT.

8        C.     DOCUMENTS shall be produced in their original file folders, or

9 other native format. If the DOCUMENTS are in their original file folders, in lieu

10 thereof, any writing on the file folder from which each such DOCUMENT is taken

11 shall be copied and appended to such DOCUMENT and the PERSON for whom or

12 department, division or office for which the DOCUMENT or the file folder is

13 maintained shall be identified.

14        D.     The DOCUMENTS should be produced in their complete and

15 unaltered form. Attachments to DOCUMENTS should not be removed. The

16 DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

17 any reason, including alleged nonrelevance. If emails are produced that had

18 attachments, the attachments shall be attached when produced.

19        E.     DOCUMENTS in electronic form shall be produced in that form.

20        F.     In the event that any DOCUMENT called for by these requests

21 has been destroyed or discarded, that DOCUMENT is to be identified by stating:

22        1.     the date and type of the DOCUMENT, the author(s) and all

23                recipients;

24        2.     the DOCUMENT's date, subject matter, number of pages, and

25                attachments or appendices;

26        3.     the date of destruction or discard, manner of destruction or

27                discard, and reason for destruction or discard;

28

EXHIBIT __5__

PAGE __84__

-5-

MATTEL, INC.'S 3RD SET OF REQS. FOR DOCS. & THINGS TO MGA ENTERTAINMENT (HK) LIMITED

1    REQUEST FOR PRODUCTION NO. 5.:

2             Each log, record, index, file or other DOCUMENT IDENTIFYING or

3    listing YOUR DOCUMENTS or any tangible things that have been sent to or

4    received from the OFFSITE STORAGE FACILITIES since 1995, including when

5    the DOCUMENTS or any tangible things were sent and/or received.

6

7    REQUEST FOR PRODUCTION NO. 6.:

8             Each log, record, index, file or other DOCUMENT IDENTIFYING or

9    listing YOUR AFFILIATES' DOCUMENTS or any tangible things that have been

10   sent to or received from the OFFSITE STORAGE FACILITIES since 1995,

11   including when the DOCUMENTS or any tangible things were sent and/or received.

12

13   DATED:  January 22, 2008        QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
14

15                            By____Jon D. Corey_____

16                            Jon D. Corey
                              Attorneys for Mattel, Inc.
17

18

19

20

21

22

23

24

25

26

27
                                        EXHIBIT ___5___
28                                      PAGE ___85___

07209/2362458.1

1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5     Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6     Facsimile: (213) 443-3100

7    Attorneys for Mattel, Inc.

8

9            UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA

11             EASTERN DIVISION

| | |
|---|---|
| 12   CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13        Plaintiff, | Consolidated with |
| 14       vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15   MATTEL, INC., a Delaware<br>corporation, | MATTEL, INC.'S FIRST SET OF<br>REQUESTS FOR DOCUMENTS AND |
| 16 | THINGS TO ISAAC LARIAN<br>(PHASE 2) |
| 17        Defendant. | |
| 18   AND CONSOLIDATED CASES | |
| 19 | |

20

21   PROPOUNDING PARTY: MATTEL, INC.

22   RESPONDING PARTY:   ISAAC LARIAN

23   SET NO.:            FIRST (PHASE 2)

24

25

26

27                         EXHIBIT _5_

28                         PAGE _86_

07209/2753498.1                _01-08-09_

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2    Mattel, Inc. hereby requests that Isaac Larian ("Larian") respond to these document

3    requests ("Requests") and make available for inspection and copying originals of the

4    following documents within 30 days of service at the offices of Quinn Emanuel

5    Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor,

6    Los Angeles, CA 90017.  Larian shall be obligated to supplement responses to these

7    requests at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules</u>

8    <u>of Civil Procedure.</u>

9

10   **I.    DEFINITIONS**

11        A.    "YOU," "YOUR," "ISAAC LARIAN" or "LARIAN" means

12   Isaac Larian and any individual or entity acting directly or indirectly by, through,

13   under or on behalf of Isaac Larian, including but not limited to current or former

14   directors, officers, agents, attorneys, employees, partners, joint venturers,

15   contractors, accountants, or representatives of Isaac Larian or any entity under the

16   control or direction of Isaac Larian (including but not limited to MGA), and any

17   corporation, partnership, association, limited liability company, trust, predecessor-

18   in-interest and successor-in-interest, and any other PERSON acting on behalf of

19   Isaac Larian or pursuant to his authority or subject to his control..

20        B.    "MGA" means MGA Entertainment, Inc. and any PERSON

21   acting directly or indirectly by, through, under or on behalf of MGA Entertainment,

22   Inc., including but not limited to, current or former directors, officers, agents,

23   attorneys, employees, partners, joint venturers, contractors, accountants, or

24   representatives of MGA Entertainment, Inc., and any current or former corporation,

25   partnership, association, trust, parent, subsidiary, division, AFFILIATE,

26   predecessor-in-interest and successor-in-interest of MGA Entertainment, Inc., and

27   any other PERSON acting on its behalf

28

EXHIBIT __5__
PAGE __87__

-2-

1       C.    DOCUMENTS shall be produced in their original file folders, or

2   other native format. If the DOCUMENTS are in their original file folders, in lieu

3   thereof, any writing on the file folder from which each such DOCUMENT is taken

4   shall be copied and appended to such DOCUMENT and the PERSON for whom or

5   department, division or office for which the DOCUMENT or the file folder is

6   maintained shall be identified.

7       D.    The DOCUMENTS should be produced in their complete and

8   unaltered form. Attachments to DOCUMENTS should not be removed. The

9   DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

10  any reason, including alleged nonrelevance. If emails are produced that had

11  attachments, the attachments shall be attached when produced.

12      E.    DOCUMENTS in electronic form shall be produced in that form.

13      F.    In the event that any DOCUMENT called for by these requests

14  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

15      1.    the date and type of the DOCUMENT, the author(s) and all

16          recipients;

17      2.    the DOCUMENT's date, subject matter, number of pages, and

18          attachments or appendices;

19      3.    the date of destruction or discard, manner of destruction or

20          discard, and reason for destruction or discard;

21      4.    the PERSONS who were authorized to carry out such destruction

22          or discard;

23      5.    the PERSONS who have knowledge of the content, origins,

24          distribution and destruction of the DOCUMENT; and

25      6.    whether any copies of the DOCUMENT exist and, if so, the

26          name of the custodian of each copy.

27

28

EXHIBIT __5__
PAGE __88__

-8-

1 | <u>REQUEST FOR PRODUCTION NO. 56:</u>

2 |       All COMMUNICATIONS with any Trademark Office or governmental

3 | entity REFERRING OR RELATING TO any registration, or application for

4 | registration, for any trademark or service mark that constitutes, includes or

5 | incorporates in any manner the term "BRATZ."

6 |

7 | <u>REQUEST FOR PRODUCTION NO. 57:</u>

8 |       All COMMUNICATIONS with any Trademark Office or governmental

9 | entity REFERRING OR RELATING TO any registration, or application for

10 | registration, for any trademark or service mark that constitutes, includes or

11 | incorporates in any manner the term "Jade."

12 |

13 |

14 | DATED:  January 7, 2009       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

15 |

16 |       By _Jon D Corey_____

17 |       Jon D. Corey
      Attorneys for Mattel, Inc.

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

EXHIBIT **5**
PAGE **89**

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

07209/2753498.1

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. (PHASE 2) |
| Defendant. | |
| AND CONSOLIDATED CASES | |

PROPOUNDING PARTY:  MATTEL, INC.

RESPONDING PARTY:    MGA ENTERTAINMENT, INC.

SET NO.:                      FIRST (PHASE 2)

EXHIBIT __5__
PAGE __90__

_01·08·09_

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>
2  Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to
3  these document requests ("Requests") and make available for inspection and
4  copying originals of the following documents within 30 days of service at the
5  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa
6  Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement
7  responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of
8  the <u>Federal Rules of Civil Procedure</u>.
9
10  **I.    DEFINITIONS**
11         A.    "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc.
12  and any PERSON acting directly or indirectly by, through, under or on behalf of
13  MGA Entertainment, Inc., including but not limited to, current or former directors,
14  officers, agents, attorneys, employees, partners, joint venturers, contractors,
15  accountants, or representatives of MGA Entertainment, Inc., and any current or
16  former corporation, partnership, association, trust, parent, subsidiary, division,
17  AFFILIATE, predecessor-in-interest and successor-in-interest of MGA
18  Entertainment, Inc., and any other PERSON acting on its behalf.
19         B.    "ISAAC LARIAN" or "LARIAN" means Isaac Larian and any
20  individual or entity acting directly or indirectly by, through, under or on behalf of
21  Isaac Larian, including but not limited to current or former directors, officers,
22  agents, attorneys, employees, partners, joint venturers, contractors, accountants, or
23  representatives of Isaac Larian or any entity under the control or direction of Isaac
24  Larian (including but not limited to MGA), and any corporation, partnership,
25  association, limited liability company, trust, predecessor-in-interest and successor-
26  in-interest, and any other PERSON acting on behalf of Isaac Larian or pursuant to
27  his authority or subject to his control.
28

EXHIBIT __5__
PAGE __91__

2752004.1

-2-

1        C.    DOCUMENTS shall be produced in their original file folders, or

2    other native format. If the DOCUMENTS are in their original file folders, in lieu

3    thereof, any writing on the file folder from which each such DOCUMENT is taken

4    shall be copied and appended to such DOCUMENT and the PERSON for whom or

5    department, division or office for which the DOCUMENT or the file folder is

6    maintained shall be identified.

7        D.    The DOCUMENTS should be produced in their complete and

8    unaltered form. Attachments to DOCUMENTS should not be removed. The

9    DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

10   any reason, including alleged nonrelevance. If emails are produced that had

11   attachments, the attachments shall be attached when produced.

12       E.    DOCUMENTS in electronic form shall be produced in that form.

13       F.    In the event that any DOCUMENT called for by these requests

14   has been destroyed or discarded, that DOCUMENT is to be identified by stating:

15       1.    the date and type of the DOCUMENT, the author(s) and all

16           recipients;

17       2.    the DOCUMENT's date, subject matter, number of pages, and

18           attachments or appendices;

19       3.    the date of destruction or discard, manner of destruction or

20           discard, and reason for destruction or discard;

21       4.    the PERSONS who were authorized to carry out such destruction

22           or discard;

23       5.    the PERSONS who have knowledge of the content, origins,

24           distribution and destruction of the DOCUMENT; and

25       6.    whether any copies of the DOCUMENT exist and, if so, the

26           name of the custodian of each copy.

27

28

EXHIBIT __5__
PAGE __92__

2752004 1

1  REQUEST FOR PRODUCTION NO. 56:

2          All COMMUNICATIONS with any Trademark Office or governmental

3  entity REFERRING OR RELATING TO any registration, or application for

4  registration, for any trademark or service mark that constitutes, includes or

5  incorporates in any manner the term "BRATZ."

6

7  REQUEST FOR PRODUCTION NO. 57:

8          All COMMUNICATIONS with any Trademark Office or governmental

9  entity REFERRING OR RELATING TO any registration, or application for

10 registration, for any trademark or service mark that constitutes, includes or

11 incorporates in any manner the term "Jade."

12

13

14 DATED:  January 7, 2009              QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
15

16                                      By_____
                                           Jon D. Corey
17                                         Attorneys for Mattel, Inc.

18

19

20

21

22

23

24

25

26

27                                      EXHIBIT ___5___
28                                      PAGE ___93___

2752004.1

-20-
MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (Phase 2)

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V. (PHASE 2)** |

PROPOUNDING PARTY: MATTEL, INC.

RESPONDING PARTY:   MGAE DE MEXICO, S.R.L. DE C.V.

SET NO.:               ONE (PHASE 2)

EXHIBIT __5__
PAGE __94__

07975/2872464.2

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGAE DE MEXICO (Phase 2)

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>,

2  Mattel, Inc. hereby requests that MGAE De Mexico, S.R.L. De C.V. respond to

3  these document requests ("Requests") and make available for inspection and

4  copying originals of the following documents within 30 days of service at the

5  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6  Street, 10th floor, Los Angeles, CA 90017.  MGAE De Mexico, S.R.L. De C.V.

7  shall be obligated to supplement responses to these requests at such times and to the

8  extent required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure</u>.

9

10 **I.    DEFINITIONS**

11    A.    "YOU," "YOUR" and "MGA MEXICO" mean MGAE De

12 Mexico, S.R.L. De C.V. and any PERSON acting directly or indirectly by, through,

13 under or on behalf of MGA Entertainment, Inc., including but not limited to, current

14 or former directors, officers, agents, attorneys, employees, partners, joint venturers,

15 contractors, accountants, or representatives of MGAE De Mexico, S.R.L. De C.V.,

16 and any current or former corporation, partnership, association, trust, parent,

17 subsidiary, division, AFFILIATE, predecessor-in-interest and successor-in-interest

18 of MGAE De Mexico, S.R.L. De C.V., and any other PERSON acting on its behalf.

19    B.    "TRUEBA" means Mariana Trueba Almada.

20    C.    "VARGAS" means Pablo Vargas San Jose.

21    D.    "THIS ACTION" refers to <u>Mattel, Inc. v. Bryant</u>, Case No. CV

22 04-9059 SGL (RNBx), filed on April 27, 2004, and the cases consolidated

23 therewith.

24    E.    "ITEM OF VALUE," in the plural as well as the singular, means

25 any and all articles, units, goods, commodities, property, products, services,

26 assistance, shares, stocks, bonds, financial instruments, indebtedness, credit, capital,

27 and currency, in any form, or any other tangible or intangible matter that have

28 current, past or future material worth, monetary worth or use, of any type and in any

EXHIBIT 5
PAGE 45

07975/2872464.2

-2-

1    4.    any additional facts on which YOU base YOUR claim of

2          privilege or protection; and

3    5.    the IDENTITY of the current custodian of the original of the

4          DOCUMENT.

5    C.    DOCUMENTS shall be produced in their original file folders, or

6    other native format. If the DOCUMENTS are in their original file folders, in lieu

7    thereof, any writing on the file folder from which each such DOCUMENT is taken

8    shall be copied and appended to such DOCUMENT and the PERSON for whom or

9    department, division or office for which the DOCUMENT or the file folder is

10   maintained shall be identified.

11   D.    The DOCUMENTS should be produced in their complete and

12   unaltered form. Attachments to DOCUMENTS should not be removed. The

13   DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

14   any reason, including alleged nonrelevance. If emails are produced that had

15   attachments, the attachments shall be attached when produced.

16   E.    DOCUMENTS in electronic form shall be produced in that form.

17   F.    In the event that any DOCUMENT called for by these requests

18   has been destroyed or discarded, that DOCUMENT is to be identified by stating:

19   1.    the date and type of the DOCUMENT, the author(s) and all

20         recipients;

21   2.    the DOCUMENT's date, subject matter, number of pages, and

22         attachments or appendices;

23   3.    the date of destruction or discard, manner of destruction or

24         discard, and reason for destruction or discard;

25   4.    the PERSONS who were authorized to carry out such destruction

26         or discard;

27   5.    the PERSONS who have knowledge of the content, origins,

28         distribution and destruction of the DOCUMENT; and

EXHIBIT 5
PAGE 96

-6-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGAE DE MEXICO (Phase 2)

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3  Street, 10th Floor, Los Angeles, California 90017-2543.

4      On April 16, 2009, I served true copies of the following document(s) described as
**MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**
5  **MGAE DE MEXICO, S.R.L. DE C.V. (PHASE 2)**  on the parties in this action as follows:

6      Overland Borenstein Scheper & Kim LLP
         Mark E. Overland, Esq.
7         Alexander H. Cote, Esq.
        601 W. 5th Street, 12th Floor
8      Los Angeles, CA 90017
        *Attorneys for Carlos Gustavo Machado*
9      *Gomez*

10 **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with
11 postage thereon fully prepaid.

12      I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

13
      Executed on April 16, 2009, at Los Angeles, California.
14

15

16      Yalonda J. Dekle

17

18

19

20

21

22

23

24

25

26

27

28

07975/2888473.1

EXHIBIT ___5___
PAGE ___97___

1   REQUEST FOR PRODUCTION NO. 83:

2           DOCUMENTS sufficient to show any and all loans from YOU to

3   VARGAS or TRUEBA, on or after March 1, 2007.

4

5

6

7   DATED:  April 16, 2009          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
8

9                                   By _Michael Zeller (CSN)_____

10                                     Michael T. Zeller
                                       Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                  EXHIBIT __5__

27                                  PAGE __98__

28

07975/2872464.2
                                         -24-
              MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGAE DE MEXICO  (Phase 2)