# EXHIBIT 6

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
      Shane H. McKenzie (Bar No. 228978)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
4   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
5
    Attorneys for Plaintiff and Counter-Defendant
6   Mattel, Inc.

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11

12   MATTEL, INC., a Delaware corporation,    )  Case No. CV 04-09059 NM (RNBx)
                                              )
13                         Plaintiff,         )
                                              )  MATTEL, INC.'S FIRST SET OF
14          v.                                )  REQUESTS FOR PRODUCTION
                                              )  OF DOCUMENTS AND
15   CARTER BRYANT, an individual             )  TANGIBLE THINGS TO MGA
                                              )  ENTERTAINMENT INC.
16                         Defendant.         )
                                              )
17   _____ )
                                              )
18   CARTER BRYANT, on behalf of himself,     )
     all present and former employees of      )
19   Mattel, Inc., and the general public,    )
                                              )
20                         Counterclaimant,   )
                                              )
21          v.                                )
                                              )
22   MATTEL, INC., a Delaware corporation,    )
                                              )
23                         Counter-defendant. )
                                              )
24

25

26

27                                     EXHIBIT __6__

28                                     PAGE __100__

07209/642197.1

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff
2  and Counter-Defendant Mattel, Inc. hereby requests that MGA Entertainment Inc.
3  make available for inspection and copying the following documents and things
4  within thirty days of the service of these Requests, at the offices of Quinn Emanuel
5  Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los
6  Angeles, California 90036.
7    These Requests shall be deemed to be continuing, and MGA
8  Entertainment Inc. shall be obligated to supplement its responses to these requests
9  at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil
10  Procedure.
11
12    ## DEFINITIONS
13
14    For purposes of this Request for Production of Documents:
15    A.    "YOU" or "YOUR" means MGA Entertainment Inc. and any of
16  its current or former employees, officers, directors, agents, representatives,
17  attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and
18  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
19  authority or subject to its control.
20    B.    "MATTEL" means Mattel, Inc. and any of its current or former
21  employees, officers, directors, agents, representatives, attorneys, subsidiaries,
22  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any
23  other PERSON acting on its behalf, pursuant to its authority or subject to its
24  control.
25    C.    "DOCUMENT" or "DOCUMENTS" means all "writings" and
26  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
27  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not
28  limited to, all writings and records of every type and description including, but not

REQUEST FOR PRODUCTION NO. 93:

An electronic copy of each DOCUMENT that YOU have produced in this action, or that is responsive to these Requests, that is or was created, prepared, generated, maintained or transmitted in digital form.

REQUEST FOR PRODUCTION NO. 94:

The metadata for each DOCUMENT that YOU have produced in this action, or that is responsive to these Requests, that is or was created, prepared, generated, maintained or transmitted in digital form.

REQUEST FOR PRODUCTION NO. 95:

All DOCUMENTS that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

REQUEST FOR PRODUCTION NO. 96:

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 97:

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to January 1, 2001 that REFER OR RELATE TO ANGEL.

REQUEST FOR PRODUCTION NO. 98:

All doll heads, sculpts, prototypes, models, samples and tangible items that Anna Rhee painted, whether in whole or in part, for or with YOU or on YOUR behalf or for or on behalf of BRYANT prior to January 1, 2001.

07209/642197.1

EXHIBIT __6__

PAGE __102__

-25-

FIRST REQUEST FOR PRODUCTION TO MGA

1 | REQUEST FOR PRODUCTION NO. 99:

2 |        All doll heads, sculpts, prototypes, models, samples and tangible

3 | items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys

4 | that BRYANT produced, created, authored, conceived of or reduced to practice,

5 | whether alone or jointly with others, prior to January 1, 2001.

6 |

7 | REQUEST FOR PRODUCTION NO. 100:

8 |        All doll heads, sculpts, prototypes, models, samples and tangible

9 | items that support, refute or otherwise REFER OR RELATE TO any facts

10 | underlying YOUR Affirmative Defenses in this action.

11 |

12 | DATED:  March 14, 2005

13 |

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By _____
    Shane Heather McKenzie
    Attorneys for Plaintiff/Counter-defendant
    Mattel, Inc.

EXHIBIT __6__

PAGE __103__

07209/642197.1

-26-

FIRST REQUEST FOR PRODUCTION TO MGA

1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5   (timalger@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
6 Los Angeles, California 90017-2543
  Telephone: (213) 443-3000
7 Facsimile: (213) 443-3100

8 Attorneys for Mattel, Inc.

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13                Plaintiff, | Consolidated with |
| 14        v. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | MATTEL, INC.'S FIRST SET OF<br>REQUESTS FOR DOCUMENTS AND<br>THINGS TO ISAAC LARIAN |
| 16 | |
| 17                Defendant. | |
| 18  AND CONSOLIDATED CASES. | |

19

20

21

22

23

24

25

26 EXHIBIT **6**

27 PAGE **104**

28

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1       Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, Mattel,

2   Inc. hereby requests that defendant Isaac Larian ("Larian") respond to these

3   document requests ("Requests") and make available for inspection and copying

4   originals of the following documents within 30 days of service at the offices of

5   Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6   floor, Los Angeles, CA 90017.  Larian shall be obligated to supplement the

7   responses to these Requests at such times and to the extent required by <u>Rule</u> 26(e) of

8   the <u>Federal Rules of Civil Procedure</u>.

9

10  **I.      DEFINITIONS**

11

12      For purposes of these Requests, the following definitions apply:

13      A.      "YOU," "YOUR" and "LARIAN" mean Isaac Larian and any

14  individual or entity acting directly or indirectly by, through, under or on behalf of

15  Isaac Larian, including but not limited to current or former directors, officers,

16  agents, attorneys, employees, partners, joint venturers, contractors, accountants, or

17  representatives of Isaac Larian or any entity under the control or direction of Isaac

18  Larian (including but not limited to MGA), and any corporation, partnership,

19  association, trust, predecessor-in-interest and successor-in-interest, and any other

20  PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to

21  his control.

22      B.      "MGA" means MGA Entertainment, Inc. and all current or

23  former directors, officers, employees, agents, contractors, attorneys, accountants,

24  representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

25  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

26  authority or subject to its control.

27      C.      "MATTEL" means Mattel, Inc. and all current or former

28  directors, officers, employees, agents, contractors, attorneys, accountants,

1   REQUEST FOR PRODUCTION NO. 273:

2          All DOCUMENTS RELATING TO the ownership of MGAE de

3   Mexico, S.r.l. de C.V.

4

5   REQUEST FOR PRODUCTION NO. 274:

6          An electronic copy of each DOCUMENT that YOU have produced in

7   this action, or that is responsive to these Requests, that is or was created, prepared,

8   generated, maintained or transmitted in digital form.

9

10  REQUEST FOR PRODUCTION NO. 275:

11         The metadata for each DOCUMENT that YOU have produced in this

12  action, or that is responsive to these Requests, that is or was created, prepared,

13  generated, maintained or transmitted in digital form.

14

15  REQUEST FOR PRODUCTION NO. 276:

16         To the extent not produced in response to any other Request for

17  Production, all DOCUMENTS and tangible things upon which YOU intend to rely

18  in this ACTION.

19

20  DATED:  June 13, 2007          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
21

22

23         By  _Michael T. Zeller_/

24             Michael T. Zeller
               Attorneys for Mattel, Inc.
25

26

27                                 EXHIBIT  **6**

28                                 PAGE  **106**

07209/2142932.1

-64-

# EXHIBIT 7

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:   tnolan@skadden.com

5
   RAOUL D. KENNEDY (Bar No. 40892)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Embarcadero Center, 38th Floor
7  San Francisco, CA 94111-5974
   Telephone:  (415) 984-6400
8  Facsimile:  (415) 984-2698
   Email:    rkennedy@skadden.com
9

10 Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited,
11 MGAE De Mexico, S.R.L. DE C.V., and
   Isaac Larian
12
                    UNITED STATES DISTRICT COURT
13
                   CENTRAL DISTRICT OF CALIFORNIA
14
                          EASTERN DIVISION
15 CARTER BRYANT, an individual      )  CASE NO. CV 04-9049 SGL (RNBx)
                                     )
16            Plaintiff,             )  Consolidated with Case No. 04-9059
                                     )  and Case No. 05-2727
17        v.                         )
                                     )  **DISCOVERY MATTER**
18 MATTEL, INC., a Delaware          )
   corporation                       )  **[To be heard by Discovery Master**
19                                   )  **Hon. Edward A. Infante (Ret.)]**
              Defendant.             )
20                                   )  **MGA'S OPPOSITION TO**
   _____)  **MATTEL, INC.'S MOTION TO**
21 Consolidated with MATTEL, INC. v. )  **COMPEL PRODUCTION OF**
   BRYANT and MGA                    )  **METADATA**
22 ENTERTAINMENT, INC. v.            )
   MATTEL, INC.                      )  **[Declarations Of Amy S. Park**
23                                   )  **and Amir Suman Filed Under**
                                     )  **Separate Cover]**
24                                   )
                                     )  Hearing Date:  TBD
25                                   )  Time:           TBD
                                     )  Place:          TBD
26                                   )
27                                   )  EXHIBIT __7__
                                     )  PAGE __107__
28                                   )

                              11-30
   OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF METADATA

## TABLE OF CONTENT

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 1 |
| | A. | MGA Engages In Good Faith Meet And Confer Discussions Regarding The Production Of Emails In Their Native Format. | 1 |
| | B. | MGA Produces Exemplar Metadata Information, As Agreed. | 2 |
| | C. | The Court Temporarily Stays All Discovery Obligations. | 3 |
| | D. | Mattel Precipitously Files This Motion. | 3 |
| III. | ARGUMENT | | 4 |
| | A. | Mattel Has Not Made The Required Particularized Showing That It Needs The Requested Metadata. | 4 |
| | B. | If MGA Is Ordered To Produce The Metadata, Mattel Should Pay The Costs Of Production. | 6 |
| | C. | MGA Should Not Be Sanctioned. | 8 |
| IV. | CONCLUSION | | 9 |

EXHIBIT __7__
PAGE __108__

i

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF METADATA

# TABLE OF AUTHORIT. 3

**CASES**                                                                                    Page

Anti-Monopoly, Inc. v. Hasbro, Inc.,
No. 94 Civ. 2120 (LMM) (AJP),
1996 WL 22976 (S.D.N.Y. Jan 23, 1996) ........................................ 6

Fryer v. Brown,
Case No. C04-5481 FDB,
2005 U.S. Dist. LEXIS 20830 (W.D. Wash. July 15, 2005) ........................... 9

Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing,
Civil Action No. 05-138-WOB,
2006 U.S. Dist. LEXIS 92028 (E.D. Ky. Dec. 18, 2006) ...................... 4, 5, 6

Michigan First Credit Union v. Cumis Ins. Soc., Inc.,
Civil Action No. 05-74423,
2007 U.S. Dist. LEXIS 84842 (E.D. Mich. Nov. 16, 2007) ........................... 5

Murphy Oil USA, Inc. v. Fluor Daniel, Inc.,
No. Civ. A, 99-3564, 2002 WL 246439 (E.D. La. 2002) .............................. 7

OpenTV v. Liberate Techs.,
291 F.R.D. 474 (N.D. Cal. 2003) ............................................... 7

Oppenheimer Fund, Inc. v. Sanders,
437 U.S. 340 (1978) .......................................................... 8

Playboy Enters., Inc. v. Welles,
60 F. Supp. 2d 1050 (S.D. Cal. 1999) ......................................... 6

Rivera v. NIBCO, Inc.,
364 F.3d 1057 (9th Cir. 2004) ................................................ 5

Rowe Entm't, Inc. v. William Morris Agency, Inc.,
205 F.R.D. 421 (S.D.N.Y. 2002) ............................................. 6, 7

Simon Prop. Group v. mySimon, Inc.,
194 F.R.D. 639 (S.D. Ind. 2000) .............................................. 6

Williams v. Sprint/United Management Co.,
230 F.R.D. 640 (D. Ka. 2005) ............................................... 5, 6

Wyeth v. Impax Labs., Inc.,
Civil Action No. 06-222-JJF,
2006 U.S. Dist. LEXIS 79761 (D. Del. Oct. 26, 2006) ......................... 4, 5, 6

Zubulake v. UBS Warburg LLC,
217 F.R.D. 309 (S.D.N.Y. 2003) .............................................. 6

**STATUTES**

Fed. R. Civ. P. 37(a)(4)(A) ................................................... 9

EXHIBIT ___7___
PAGE ___109___

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF METADATA

## I.   INTRODUCTION

Mattel, Inc.'s ("Mattel") motion to compel production of email files in their native electronic format should be denied.

On the same day that Mattel filed this motion, the parties conducted a meet-and-confer regarding Mattel's request for 163 email files in their native format.  In that meeting, MGA told Mattel that MGA had located and would be willing produce some of the native files and that MGA would be willing to produce the remaining native files to the extent they are in MGA's possession, custody or control and could be located and collected without undue burden.  MGA explained, however, that it was encountering difficulties in researching the remaining files.  MGA stated, therefore, that it needed additional time to ascertain what would be required to obtain the data, and promised to get back to Mattel in short order.

Within hours of the meet-and-confer, without awaiting MGA's promised follow-up, Mattel precipitously filed its motion to compel, and by so doing, rejected MGA's efforts and offer to cooperate.  In the rush to file its motion, Mattel has failed to make the threshold showing of "particularized need" that is required to justify the intrusive discovery it seeks.  Mattel's failure is fatal to its motion, and the motion should therefore be denied.

## II.   FACTUAL BACKGROUND

### A.   MGA Engages In Good Faith Meet And Confer Discussions Regarding The Production Of Emails In Their Native Format.

On August 21, 2007, Mattel requested that MGA produce copies of 168 emails "in their native format, including all metadata and the full e-mail header information," and requested an immediate "meet and confer" on the issue. Declaration of B. Dylan Proctor ("Proctor Decl.") Ex. 1.  While many of the emails for which Mattel seeks native information were produced by MGA, several others

EXHIBIT __7__
PAGE __110__

1

1  were produced by Mattel.  Id.[1]  Mattel did not suggest, let alone articulate, a theory

2  of relevancy or any specific need with respect to any of the metadata it sought.  Id.

3      The next day the parties conferred by email.  Mattel clarified that it had

4  requested five emails that it did not want.  Id.  MGA agreed to research the

5  remaining 163 emails and get back to Mattel.  Id.

6      On August 29, 2007, the parties met and conferred again.  MGA informed

7  Mattel that obtaining metadata information for the 163 emails may be unduly

8  burdensome.  Id. Ex. 4.  MGA also stated that some of the information was not likely

9  in MGA's possession, custody or control.  Id.  The parties discussed the possibility

10  of MGA making an initial production of exemplar native file information so that

11  Mattel could determine what specific metadata fields it wanted.  Id. Ex. 4.  At that

12  time, Mattel stated that it needed to determine whether its vendor could access the

13  files in the format in which MGA's vendors kept them.  Id.  Accordingly, the parties

14  agreed to convene a further meet-and-confer at a later date to continue discussion of

15  the matter.  Id.

16  **B.      MGA Produces Exemplar Metadata Information, As Agreed.**

17      On September 14, 2007, the parties convened another meet-and-confer during

18  which Mattel agreed to review exemplars of MGA's native file information so that it

19  could advise MGA "with more specificity than it already has as to specifically what

20  metadata information it requires for such emails."  Id. Ex. 6.

21      On October 3, 2007, MGA provided Mattel with a chart containing native file

22  information for a number of emails.  Id. Ex. 7.  The next day, after an initial review

23  of the information, Mattel stated that it would review the chart further and "make

24  further inquiries on [][its] end" to "see if it contains the information we require."  Id.

25  Ex. 8.  Mattel purported to reserve the right to demand production of the email files

26

27  [1]  Mattel admits that it already has the native files for the emails it produced and
claims to have provided those files to MGA.  Proctor Decl. ¶ 7; Declaration of

28  Amy S. Park ("Park Decl.") Ex. C.

2

1  in their native electronic format – to the extent they were accessible – "if Mattel so

2  requires." Id.  Thereafter, on October 8, 2007, Mattel asked MGA to advise Mattel

3  how long it would take to produce the native format emails "to the extent MGA

4  possesses the files or they are within MGA's custody or control." Id. Ex. 9.[2]

5       **C.    The Court Temporarily Stays All Discovery Obligations.**

6       On October 12, 2007, MGA's prior counsel withdrew from the case, and

7  MGA's new counsel substituted in. Id. Ex. 10.  On October 14, 2007, Mattel sent

8  MGA's new counsel an email enumerating a list of nearly 30 items that MGA had

9  purportedly "agreed it currently owes Mattel." Id. Ex. 11.  Buried in this list was a

10  reference to "Requested Metadata for certain emails (overdue)." Id.  MGA's counsel

11  agreed to look into the various matters. Id. Ex. 12.

12       The next day, the Court imposed a stay on responding to discovery from

13  October 15 to October 31, 2007.  On October 31, the Court imposed a further stay on

14  *all* discovery from November 1, 2007 through November 14, 2007.

15       **D.    Mattel Precipitously Files This Motion.**

16       On November 16, 2007, the day after the stay was lifted, the parties conducted

17  an in-person meet-and-confer to discuss various pending discovery motions and

18  other open discovery issues, including Mattel's request for the 163 native email files.

19  Park Decl. ¶ 2.  During the conference, MGA advised Mattel that MGA could locate

20  some of the native email files in short order.  MGA explained, however, that due to

21  the manner in which the remaining emails were originally harvested and produced,

22  MGA was investigating whether it could obtain the remaining native files and, if so,

23  what burden that might entail. Id. ¶ 3.  MGA agreed to continue its investigation

24

25

---

26  [2]  Mattel asserts that MGA promised, but failed to produce the native files by

27  October 1.  Motion at 3.  But that assertion is belied by the fact that Mattel agreed
    first to review exemplar information, which MGA provided, and as of October 4,

28  Mattel was continuing its review.  Proctor Decl. Exs. 7 & 8.

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF METADATA

EXHIBIT ___7___

PAGE ___112___

1   and give Mattel a further report on the issue at a continued meet-and-confer that the

2   parties scheduled for November 21, 2007. Id.

3        On November 21, the parties resumed their meet-and-confer discussions by

4   phone. Id. ¶ 4.   At or about the time the parties were commencing their call, Mattel

5   sent MGA a letter purporting to (i) memorialize the parties' meet and confer

6   discussions from November 16 and (ii) identify follow-up work to be performed by

7   MGA regarding open discovery items. Id. Ex. A.  Significantly, however, the letter

8   failed to mention the production of native email files or MGA's efforts regarding

9   them. Id.

10       During the November 21 call, MGA stated that it was willing to produce the

11  approximately 20 native email files that it had collected to date. Park Decl. ¶ 5.

12  MGA also stated that: (i) it was willing in principle to produce the remaining native

13  files to the extent that they are in MGA's possession, custody or control and could be

14  located and collected, and (ii) MGA was continuing to investigate whether and to

15  what extent that would be possible and what burden that would entail. Id. Ex. B.

16  MGA promised to circle back with Mattel in short order. Id.  Later that day,

17  ignoring MGA's representations from the call that morning and without awaiting

18  MGA's promised follow-up, Mattel precipitously filed its motion to compel. By its

19  actions, Mattel has rejected MGA's offer to produce the 20 native files and has

20  demonstrated its unwillingness to amicably resolve this matter.

21  **III.   ARGUMENT**

22       **A.   Mattel Has Not Made The Required Particularized Showing That It
           Needs The Requested Metadata.**

23

24       Mattel's motion is premised on the assumption that metadata is automatically

25  discoverable.  Not so.  "'Emerging standards of electronic discovery appear to

26  articulate a general presumption *against* the production of metadata[.]'"  Wyeth v.

27  Impax Labs., Inc., Civil Action No. 06-222-JJF, 2006 U.S. Dist. LEXIS 79761, *4

28  (D. Del. Oct. 26, 2006) (citations omitted; emphasis added); see Kentucky Speedway,

4

EXHIBIT ___7___
PAGE ___113___

1 | LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc., Civil Action No. 05-138-WOB,
2 | 2006 U.S. Dist. LEXIS 92028, *22-24 (E.D. Ky. Dec. 18, 2006) (noting the strong
3 | presumption against metadata production and holding that "[i]n most cases and for
4 | most documents, metadata does not provide relevant information"). "Most metadata
5 | is of limited evidentiary value, and reviewing it can waste litigation resources."
6 | Wyeth, 2006 U.S. Dist. LEXIS, at *4 (citation omitted). As a result, a party
7 | requesting metadata must demonstrate a "particularized need." Id. at *5; Kentucky
8 | Speedway, 2006 U.S. Dist. LEXIS 92028, at *22-23 ("Plaintiff has not made any
9 | showing of a particularized need for the metadata"); Michigan First Credit Union v.
10 | Cumis Ins. Soc., Inc., Civil Action No. 05-74423, 2007 U.S. Dist. LEXIS 84842, *8
11 | (E.D. Mich. Nov. 16, 2007) (refusing to compel production of metadata since it
12 | would be "overly burdensome with no corresponding evidentiary value").

13 | Mattel has not even come close to demonstrating a particularized need for the
14 | requested metadata. Mattel baldly asserts that the metadata could have relevance to
15 | Mattel's RICO cause of action because it may show that certain emails were
16 | "communicated over state or international borders." Motion at 5-6. This is woefully
17 | inadequate. Wyeth, 2006 U.S. Dist. LEXIS 79761, at **5-6. Mattel does not attach
18 | to its motion even one of the emails in question. Nor has it otherwise demonstrated
19 | with particularity how or why the metadata is necessary for any, much less all, of the
20 | 163 emails at issue. Moreover, Mattel has failed to make any showing that the
21 | information it seeks is not available through other means. Kentucky Speedway,
22 | 2006 U.S. Dist. LEXIS 92028, at *24. As a result, there is no basis to compel this
23 | discovery. Mattel's demand for native email files is nothing more than an
24 | impermissible "fishing expedition." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072
25 | (9th Cir. 2004).

26 | Mattel's reliance on Williams v. Sprint/United Management Co., 230 F.R.D.
27 | 640 (D. Ka. 2005) is misplaced. Motion at 6. In Williams, unlike here, the question
28 | was whether it was proper for the defendant to destroy Excel spreadsheet metadata

1   *prior* to the production of images of those spreadsheets, when the defendant knew

2   such information was specifically relevant to the unique employment discrimination

3   issues therein.  Id. at 645, 654.  Further, the metadata information at issue in

4   Williams was very basic – "file names, dates of the file, authors of the file,

5   recipients . . . ."  Id. at 644.  The emails at issue here already convey all of this

6   information and Mattel does not dispute that.  Moreover, other courts have

7   specifically disapproved of Williams.  In Kentucky Speedway the court held that

8   "[i]n the rapidly evolving world of electronic discovery, the holding of the Williams

9   case is not persuasive."  2006 U.S. Dist. LEXIS 92028, at *22.  See also Wyeth,

10  2006 U.S. Dist. LEXIS 79761, at **4-6.  The remaining cases cited by Mattel

11  (Motion at 6-7) are inapposite since none specifically addresses the discovery of

12  metadata.  See Zubulake v. UBS Warburg LLC, 217 F.R.D. 309 (SDNY 2003);

13  Playboy Enters., Inc. v. Welles, 60 F. Supp. 2d 1050, 1053 (S.D. Cal. 1999); Simon

14  Prop. Group v. mySimon, Inc., 194 F.R.D. 639, 640 (S.D. Ind. 2000).

15      **B.    If MGA Is Ordered To Produce The Metadata, Mattel Should Pay
            The Costs Of Production.**
16

17      If MGA is ordered to produce the native email files notwithstanding Mattel's

18  failure to meet its burden of showing a particularized need, Mattel – not MGA –

19  should bear the costs of production.  A court may protect the responding party from

20  "undue burden or expense" by shifting some or all of the costs of production to the

21  requesting party.  Rowe Entm't, Inc. v. William Morris Agency, Inc., 205 F.R.D. 421,

22  428-29 (S.D.N.Y. 2002); see Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120

23  (LMM) (AJP), 1996 WL 22976, at *2 (S.D.N.Y. Jan. 23, 1996) (requiring the

24  plaintiff to pay all costs incurred by defendants in extracting requested electronic

25  files from their computer systems).  Courts have considered several factors in

26  determining whether the costs of discovery should be shifted, including:  the relative

27  benefit to the parties of obtaining the information; the availability of such

28  information from other sources; the likelihood of discovering critical information;

6

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF METADATA

EXHIBIT ___7___
PAGE ___1/5___

1  the purposes for which the responding party maintains the requested data; the
2  relative ability of each party to control costs and its incentive to do so; the total cost
3  associated with production; and the resources available to each party.  See Rowe,
4  205 F.R.D. at 429; OpenTV v. Liberate Techs., 219 F.R.D. 474, 479 (N.D. Cal. 2003)
5  (shifting costs to party requesting discovery); Murphy Oil USA, Inc. v. Fluor Daniel,
6  Inc., No. Civ. A, 99-3564, 2002 WL 246439, at **3-6 (E.D. La. 2002) (same).

7        These factors weigh in favor of cost-shifting here:

8        *Relative Benefit to the Parties*:  Where the responding party will derive
9  little, if any, benefit from the requested production, cost shifting is appropriate.  See
10  Rowe, 205 F.R.D. at 431.  Here, there is no evidence that MGA will obtain any
11  benefit from producing the native email files.

12        *Availability of Such Information from Other Sources*:  Mattel asserts
13  that it is seeking the native email files to show the geographic locations from which
14  the subject emails were sent or received.  Motion at 5-6.  That information is
15  obtainable from sources other than the native files, including through the depositions
16  of the parties to the email communications.

17        *Likelihood of Discovering Critical Information*:  Mattel has not made a
18  particularized showing that the native formats of all 163 emails are "critical" to this
19  case.  Indeed, the value of those native files appears marginal at best given that the
20  very same metadata information that Mattel hopes to obtain could be sought in the
21  first instance from other sources, including depositions.

22        *Purposes for which the Responding Party Maintains the Requested
23  Data*:  Mattel has not demonstrated that MGA collects or uses metadata in the
24  ordinary course of its business or that MGA would produce this information in the
25  absence of a litigation demand or court order.  This factor therefore also weighs in
26  favor of cost-shifting.  Rowe, 205 F.R.D. at 431.

27        *Relative Ability of Each Party to Control Costs*:  To obtain native email
28  files, MGA would rely on its electronic discovery vendor and/or harvest vendor.

7

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF METADATA

EXHIBIT __7__
PAGE __116__

1  These vendors have their own pricing that is not subject to MGA's direct control.

2  Moreover, MGA has learned that those vendors cannot provide the native files for a

3  significant number of the requested emails. Park Decl. ¶ 9. As a result, MGA would

4  have to devote significant time and resources in an effort to produce those files, if it

5  could be done at all.[3] Declaration of Amir Suman (Suman Decl. ¶¶ 3-4.)

6        *Total cost Associated with Production:* Based on the number of native

7  files requested, the costs of production could easily exceed $10,000, which is a

8  substantial amount. Park Decl. ¶¶ 7-8; <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S.

9  340, 361-62 (1978) ("[T]he test in this respect normally should be whether the cost is

10  substantial; not whether it is 'modest' in relation to ability to pay. In the context of a

11  lawsuit in which the defendants [with assets over $500 million] deny all liability, the

12  imposition on them of a threshold expense of $16,000 . . . can hardly be viewed as an

13  insubstantial burden.").

14        *Resources Available to Each Party:* Upon information and belief,

15  Mattel has ample resources to pay the costs associated with the production of the

16  emails in their native format.

17        If MGA is forced to incur the burden and expense of responding to Mattel's

18  requests for the production of native email files, Mattel, not MGA, should bear the

19  costs.

20      **C.**    **MGA Should Not Be Sanctioned.**

21        The party who prevails on a motion to compel is entitled to its reasonable

22  expenses, including attorney's fees, unless the court finds that the losing party's

23  position is "substantially justified, or [] other circumstances make an award of

24

25  _____

26  [3] Mattel's assertion that producing the native email files will not impose an undue burden because MGA has preserved its emails (Opp'n at 8) is misguided. The fact

27  that material has been preserved does not mean that the material can be located and produced without undue burden. Suman Decl. ¶¶ 3-5.

28

EXHIBIT ___7___
PAGE ___117___

1   expenses unjust." Fed. R. Civ. P. 37(a)(4)(A).  See also Fryer v. Brown, Case No.

2   C04-5481 FDB, 2005 U.S. Dist. LEXIS 20830, **21-22 (W.D. Wash. July 15, 2005).

3        MGA met and conferred in good faith regarding the production of the

4   requested native email files, offered to produce that portion of the files it had

5   collected, and promised to investigate the possibility of producing the rest and get

6   back to Mattel in short order.  Rather than making "a good faith effort to obtain the

7   disclosure or discovery without court action" (Fed. R. Civ. P. 37(a)(4)(A)), Mattel

8   rushed to file this motion without awaiting MGA's production – and largely ignoring

9   – MGA's representations.  Thus, it is Mattel – not MGA – that should be sanctioned.

10  Mattel should be ordered to pay $2,500 as partial reimbursement for the fees that

11  MGA has incurred in defending this unnecessary motion.

12  **IV.   CONCLUSION**

13        For the foregoing reasons, Mattel's motion to compel should be denied in its

14  entirety, and Mattel should be ordered to pay sanctions.

15  DATED:    November 30, 2007

16

17                        SKADDEN, ARPS, SLATE, MEAGHER &

18                        FLOM, LLP

19

20                        Thomas J. Nolan

21                        Attorneys for Counter-Defendants, MGA
                          ENTERTAINMENT, INC., ISAAC LARIAN,

22                        MGA ENTERTAINMENT (HK) LIMITED,
                          AND MGAE de MEXICO S.R.L. de C.V.

23

24

25

26

27

28

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF METADATA

EXHIBIT ___7___

PAGE ___118___

# EXHIBIT 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an
individual,

        Plaintiff,

    vs.

MATTEL, INC., a Delaware
corporation,

        Defendants.

No. CV 04-9049 SGL
(RNBx)

CERTIFIED
COPY

_____

Consolidated with MATTEL, INC. v.
BRYANT and MGA ENTERTAINMENT, INC.
v. MATTEL, INC.

HEARING BEFORE THE HONORABLE EDWARD A. INFANTE

San Francisco, California

Thursday, January 3, 2008

Reported by:
DANA M. FREED
CSR No. 10602

JOB No. 79867

EXHIBIT __8__
PAGE __119__

1               UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
2                    EASTERN DIVISION

3    CARTER BRYANT, an
     individual,
4
               Plaintiff,
5
          vs.                        No. CV 04-9049 SGL
6                                       (RNBx)
     MATTEL, INC., a Delaware
7    corporation,

8               Defendants.

9

10   _____
     Consolidated with MATTEL, INC. v.
11   BRYANT and MGA ENTERTAINMENT, INC.
     v. MATTEL, INC.
12   _____

13

14               Hearing before the Honorable EDWARD A. INFANTE,

15   at JAMS, Two Embarcadero Center, Suite 1500, San Francisco,

16   California, beginning at 1:30 p.m. and ending at 4:05 p.m.

17   on Thursday, January 3, 2008, before DANA M. FREED,

18   Certified Shorthand Reporter No. 10602.

19

20

21

22

23

24                        EXHIBIT __8__

25                        PAGE __120__

```
1    APPEARANCES:

2

3    For the Plaintiff CARTER BRYANT, an individual:

4          KEKER & VAN NEST LLP
           BY:   MATTHEW M. WERDEGAR
5                JOHN TRINIDAD
           Attorneys at Law
6          710 Sansome Street
           San Francisco, California 94111-1704
7          415.391.5400

8    For the Defendant MATTEL, INC., a Delaware
     corporation:
9
           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
10         BY:   JON COREY
                 TIMOTHY L. ALGER
11               B. DYLAN PROCTOR
           Attorneys at Law
12         865 Figueroa Street, 10th Floor
           Los Angeles, California 90017
13         213.443.3000

14   For the Defendants MGA Entertainment, Inc., MGA
     Entertainment (HK) Limited, and Isaac Larian:
15
           SKADDEN ARPS SLATE MEAGHER & FLOM LLP
16         BY:   RAOUL D. KENNEDY
                 AMY S. PARK
17         Attorneys at Law
           Four Embarcadero Center, 38th Floor
18         San Francisco, California 94111-5974
           415.984.6400
19
     Also Present:
20
           MAUREEN McCUAIG
21

22

23
                              EXHIBIT   8
24
                              PAGE   121
25
```

EXHIBIT __8__
PAGE __121__

3

1   each and every predicate act.  That is the position

2   which they have taken previously.

3            JUDGE INFANTE:  That's not correct.

4            Okay.  Anything further?

5            MR. PROCTOR:  No, Your Honor.

6            JUDGE INFANTE:  Okay.  You may proceed.

7            MR. KENNEDY:  Thank you, Your Honor.  And let

8   me not try to reconstruct what's happened at all of

9   the meet and confers.  I don't think we need to get

10  into that.  I'd like to offer a very pragmatic

11  suggestion or proposal.

12           We asserted the particularized need because

13  of this demand for all 163.  The 163 fall into

14  three buckets, Your Honor.  One consists of about

15  20 documents that our vendor EED was able to retrieve

16  fairly readily.  And as we explained in the papers, we

17  offered those up before.

18           I would offer those up again now.  We've been

19  through them and there may be, and I'm sure there are,

20  people who are smarter about this than I am.  But of

21  those 20, there's only one that has anything that

22  would help show interstate commerce.  The metadata

23  there shows that it was once on a Japanese server.

24           On the other hand, the e-mail itself says,

25  I'm transmitting a document from a guy in Tokyo.  So

EXHIBIT _8_

PAGE _122_

1    it wasn't really too revolutionary.  But we would be

2    willing to offer those up.

3            In addition, we've gone -- there's a second

4    bucket, I would call them the Stroh's, like the beer,

5    for another vendor.  And we've paid $12,000 and

6    they've retrieved 60 other metadatas or metadatum,

7    whenever the plural is.  And we would also be willing

8    to offer those up, and we can argue about whether we

9    ought to get half our cost back for having done that

10   or not.

11           We have not been through those completely to

12   know how beneficial they are going to be.  But in any

13   event, there are approximately 80, about half of them

14   that are available could be turned over, as I

15   understand it, by Monday or Tuesday of next week.

16           As to the third bucket, at least at this

17   point, we have not been able to come up with any

18   readily available, quickly affordable, even in the

19   sense of $12,000 for 60 of them, method of doing it.

20   And I would propose that the Court defer any ruling on

21   the other 100 until Mattel has had a chance to go

22   through the 80 and come back and show just what kind

23   of a cost benefit analysis is coming out and how much

24   more they're going to need with regard to this issue.

25           JUDGE INFANTE:  Well, there's also a motion

EXHIBIT 8
PAGE 123

**HEARING**                                          01/03/08

1    for costs of this motion, namely monetary sanctions,

2    in which they point out that MGA's prior counsel

3    agreed to produce this information on multiple

4    occasions and never produced it.

5                MR. KENNEDY:  I'm not in a position to refute

6    their side of that story.  As a mitigating factor,

7    at least since we've been in the case, we've said

8    we've got the 20 that we've retrieved.  Why don't you

9    go take a look at those before you go file a motion to

10   compel?

11               And as so often happens in this case, they

12   decide to punt on second down and go ahead and file a

13   motion without even looking at the 20.  But beyond

14   that, I'm prepared to submit, Your Honor.

15               JUDGE INFANTE:  Thank you.

16               Mr. Proctor.

17               MR. PROCTOR:  Thank you, Judge.  As to that

18   last point, we couldn't look at the 20, because they

19   never came.  To this day, they still haven't come.

20   All the e-mails, which MGA has said in fact are

21   readily available and they could just send over to us,

22   have never been delivered.

23               The only other point I would add is, under

24   Rule 26B2B, there are new provisions, limitations on

25   electronically stored information.  EXHIBIT __8__

PAGE __124__

13

1          JUDGE INFANTE:  That's really what I was

2     referring to.  This multifactor test which the Court

3     should balance, and that's why I challenged your

4     absolute statement.

5          MR. PROCTOR:  And I appreciate that, Judge.

6          The rule in my view makes clear that even if

7     MGA establishes undue burden -- and I'm not sure they

8     have, I don't believe they have -- but even if MGA

9     does establish undue burden, Mattel only need show

10    good cause, good cause for the production of the

11    discovery.  And in this case what I would suggest is

12    when it comes time for summary judgment or it comes

13    time for post-trial motions, or whatever the case may

14    be, MGA is clearly going to attack Mattel's burden of

15    proof in any way it can.  And it has previously

16    attempted to assert that.  I believe well more than

17    half of these e-mails are simply irrelevant, because

18    they post-date Carter Bryant's employment.

19         I don't know which are the 80 e-mails which

20    I'm now hearing we can have.  I don't know what the

21    time frame is of these e-mails.  But given these are

22    all claimed, they're all alleged predicate acts, I do

23    believe that we should be granted an order compelling

24    metadata as to all of them.

25         JUDGE INFANTE:  Okay.  Thank you very much.

EXHIBIT 8
PAGE 125

1          I have considered the motion.  The

2   opposition, the reply, and your comments here this

3   morning.  I've applied the -- the rules, specifically

4   Rule 26, as well as Rule 26B and the balancing

5   required under that rule, as well as Rule 34.

6          And after balancing all considerations,

7   I grant your motion in part.  MGA shall produce 80 of

8   the specified e-mails that have been requested, that's

9   8-0, in their native electronic format sufficient to

10  show from where the e-mail was sent and to where the

11  e-mail was sent.

12         The order shall be complied with by

13  January 10th.  The Court has discretion to shift some

14  of the costs to the discovering party.  I've

15  considered that.  Many decisions the courts shift cost

16  at least partially or in whole.

17         I have decided, in lieu of awarding monetary

18  sanctions in your favor, I am leaving the costs to the

19  producing party and not shifting any costs,

20  whatsoever.

21         The motion is denied as to the full 163

22  specified e-mails without prejudice.  And those

23  80 e-mails are e-mails selected by the responding

24  party.  You've identified 20 and 60, that totals 80.

25         Any questions regarding the ruling?

EXHIBIT __8__
PAGE __126__

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

1   All right.  Mr. Proctor, prepare the order.

2           MR. KENNEDY:  Your Honor, just one point.

3   The 20 and the 80 are approximations.  I think one may

4   be 22, one may be 76.

5           JUDGE INFANTE:  That's fine.

6           MR. KENNEDY:  It is approximately.  But we

7   will produce all them.  And if there happen to be more

8   than 80, they will get more than 80.  But it's in that

9   range.

10          JUDGE INFANTE:  Very good.

11          As you can see, I'm not going to give you the

12  luxury of a written lengthy opinion on each discovery

13  dispute, because your discovery cutoff date is looming

14  and there are many, many motions to be resolved.  So

15  I'm going to try to resolve them correctly and fairly

16  but without a lot of writing.

17          Prepare the order, Mr. Proctor.

18          MR. PROCTOR:  I will.

19          JUDGE INFANTE:  The next motion is Mattel's

20  motion to enforce the Court's August 20th, 2007 Order

21  Requiring Carter Bryant to Answer Requests For

22  Admissions.  This motion was filed November 27th.  The

23  opposition was received December 4th.  The reply was

24  received December 7th.

25          You may argue your motion.

EXHIBIT __8__
PAGE __127__

1          I, the undersigned, a Certified Shorthand

2   Reporter of the State of California, do hereby certify:

3          That the foregoing proceedings were taken

4   before me at the time and place herein set forth; that

5   any witnesses in the foregoing proceedings, prior to

6   testifying, were duly sworn; that a record of the

7   proceedings was made by me using machine shorthand

8   which was thereafter transcribed under my direction;

9   that the foregoing transcript is a true record of the

10  testimony given.

11         Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [   ] was [   ] was not requested.

15         I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18         IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated:    JAN - 4 2008

22

23                     _Dana M Freed_

24                     DANA M. FREED
                       CSR No. 10602

25

EXHIBIT __8__
PAGE __128__

# EXHIBIT 9

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an                | CASE NO. CV 04-9049 SGL (RNBx)
    individual,
14                                    | Consolidated with Case Nos. CV 04-09059
                   Plaintiff,         | and CV 05-02727
15
          vs.                         | **DISCOVERY MATTER**
16
    MATTEL, INC., a Delaware          | **[To Be Heard By Discovery Master Hon.**
17  corporation,                      | **Edward Infante (Ret.) Pursuant To The**
                                      | **Court's Order of December 6, 2006]**
18                 Defendant.
                                      | [PROPOSED] ORDER REGARDING
19  ───────────────────────           | MATTEL, INC.'S MOTION TO COMPEL
    AND CONSOLIDATED                  | PRODUCTION OF METADATA
20  ACTIONS

21

22

23

24

25

26

27                                      EXHIBIT ___9___
28                                      PAGE ___129___

07209/2345470.29/2341173
2.1                              1-9

                                              [PROPOSED] ORDER

## [Proposed] Order

The Court having received the motion of Mattel, Inc. ("Mattel") to compel the production of metadata for specified emails by MGA Entertainment, Inc. ("MGA"), which was filed and served on November 21, 2007 (the "Motion"), and having considered the Motion and all papers in support and opposition thereto, the Court hereby ORDERS:

1.   The Motion is GRANTED IN PART.  MGA shall produce to Mattel, on or before January 10, 2008, the approximately 80 native format emails requested by Mattel in its Motion and identified by MGA at argument on January 3, 2008 as the emails MGA's vendors have been able to locate in native electronic format to date.  The emails shall be produced in their native electronic format sufficient to show from where the email was sent and to where the email traveled.

2.   Mattel's Motion as to the remaining emails is DENIED WITHOUT PREJUDICE because Mattel need not prove that each and every email communication crossed commerce lines.

3.   The Court finds that monetary sanctions against MGA are appropriate and that some shifting of the costs of this production is also appropriate.  However, in lieu of awarding monetary sanctions against MGA, the Court ORDERS that there shall be no cost shifting associated with this Motion and/or the production that is ordered herein.

IT IS SO ORDERED.

DATED: January 9, 2008     By _____
Hon. Edward A. Infante (Ret.)
Special Discovery Master

EXHIBIT 9
PAGE 130

07209/2345470.207209/23
45470.2345470.107209/23
45470.17209/2341732.1

-1-

[PROPOSED] ORDER

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 9, 2008, I served the attached: (1) ORDER REGARDING MATTEL, INC.'S MOTION TO ENFORCE COURT'S AUGUST 20, 2007 ORDER REQUIRING CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION; and (2) ORDER REGARDING MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF METADATA in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on January 9, 2008, at San Francisco, California.

_____
Sandra Chan

EXHIBIT __9__
PAGE __131__

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc

(RNBx), AO279, DISCOVERY, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Proctor, Brett on 1/10/2008 at 11:35 AM PST and filed on 1/10/2008

**Case Name:**        Carter Bryant v. Mattel Inc
**Case Number:**      2:04-cv-9049
**Filer:**            Mattel Inc
**Document Number:** 1506

**Docket Text:**
Order Regarding Mattel, Inc.'s Motion to Compel Production of Metadata filed by Defendant Mattel Inc re: MOTION to Compel Metadata MOTION to Produce Metadata[1138] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson   canderson@kvn.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Alan Neil Goldberg    agoldberg@sgattys.com

Emil W Herich    eherich@kmwlaw.com

John W Keker    jkeker@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

EXHIBIT 9
PAGE 132

Thomas J Nolan     tnolan@skadden.com

Mark E Overland     moverland@obsklaw.com

Michael H Page     mhp@kvn.com

Brett Dylan Proctor     dylanproctor@quinnemanuel.com

John B Quinn     johnquinn@quinnemanuel.com

David C Scheper     dscheper@obsklaw.com, feseroma@obsklaw.com

Kien C Tiet     ktiet@sgattys.com

John Elliot Trinidad     jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock     awaltonhadlock@kvn.com

Matthew M Werdegar     mmw@kvn.com

Michael T Zeller     michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Order re Metadata.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/10/2008] [FileNumber=5179148-0]
[5bf3b923060ecd5eeed87063cb36cb16d30354a53076d14842f4747dc93f1d6c8203
2ea82378bae7fd2fef0e47ca1a6b1cd94e302415cd74ef2207ed3f7e52c1]]

EXHIBIT ___9___
PAGE ___133___

# EXHIBIT 10

1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                        - - -

4        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

5                        - - -

6   MATTEL, INC.,                :   PAGES 5815 - 5964
                                  :
7            PLAINTIFF,           :
                                  :
8       VS.                       :   NO. ED CV04-09049-SGL
                                  :   [CONSOLIDATED WITH
9   MGA ENTERTAINMENT, INC.,      :   CV04-9059 & CV05-2727]
    ET AL.,                       :
10                                :
             DEFENDANTS.          :
11  _____:

12

13

14

15           REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            TUESDAY, AUGUST 5, 2008

18             JURY TRIAL - DAY 29

19             AFTERNOON SESSION

20

21

22                              MARK SCHWEITZER, CSR, RPR, CRR
                                OFFICIAL COURT REPORTER
23                              UNITED STATES DISTRICT COURT
    CERTIFIED COPY              181-H ROYBAL FEDERAL BUILDING
24                              255 EAST TEMPLE STREET
                                LOS ANGELES, CALIFORNIA 90012
25                              (213) 663-3494

EXHIBIT __10__
PAGE __134__

```
 1   Appearances of Counsel:

 2

 3   On Behalf of Mattel:

 4        Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
          By John B. Quinn, Esq.
 5           B. Dylan Proctor, Esq.
             Michael T. Zeller, Esq.
 6           Harry Olivar, Esq.
             John Corey, Esq.
 7           Diane Hutnyan, Esq.
             William Price, Esq.
 8        855 South Figueroa Street
          10th Floor
 9        Los Angeles, CA 90017
          (213) 624-7707

10

11

12   On Behalf of MGA Entertainment:

13        Skadden, Arps, Slate, Meagher & Flom LLP
          By Thomas J. Nolan, Esq.
14           Carl Alan Roth, Esq.
             Jason Russell, Esq.
15           Lauren Aguiar, Esq.
             David Hansen, Esq.
16           Matthew Sloan, Esq.
             Robert Herrington, Esq.
17        300 South Grand Avenue
          Los Angeles, CA 90071-3144
18        (213) 687-5000

19

20

21

22

23

24

25
```

EXHIBIT __10__
PAGE __135__

1   Double Grand.  Do you remember that there was a case brought

2   against a company called Double Grand?

3   A.   Name's familiar.

4   Q.   Let me just see if you could perhaps help us identify --

5   if we could first take a look at Exhibit 13862.  That's in

6   Volume 3.  13862.

7   A.   All right.

8   Q.   And this is another complaint filed in Hong Kong by MGA

9   against Double Grand Corporation.  Do you see that?  While

10  you were chief counsel, and filed by William Fan.

11  A.   I wasn't chief counsel then.

12  Q.   Were you with the company then?

13  A.   I was with the company then.

14  Q.   And William Fan was -- I think you've already indicated

15  he was MGA's Hong Kong lawyer?

16  A.   Correct.

17  Q.   This appeared to be a copy of the complaint filed

18  against Double Grand?

19  A.   It appears to be a copy of a complaint.  It looks like a

20  complaint, or as they say, statement of claim, I guess.

21            MR. QUINN:   We'd offer Exhibit 13862, your Honor.

22            MR. NOLAN:   Your Honor, subject to the same

23  procedures.

24            THE COURT:   Very well.

25            (Exhibit 13862 received.)

EXHIBIT __10__
PAGE __136__

1  Q.  BY MR. QUINN:  If we could publish the first page so the

2  jury can see what we're referring to here.  And on page dash

3  5 of the complaint, paragraph 4, we have the allegation that

4  the defendants are selling fashion dolls known as Trendy

5  Teenz dolls, mini Trendy Teenz dolls, RockerHeads, bobble

6  head fashion dolls, and RockerHeads fashion doll, bobble pens

7  which are reproductions of or a reproduction of a substantial

8  part of said artistic works.

9        Do you see that?

10  A.  Yes.

11  Q.  And the artistic works referred to paragraph 3, page

12  dash 2, identifies the artistic works.  And we have the same

13  list that we just looked at, the models, silicone, rubber

14  molds, et cetera?

15  A.  Absolutely.

16  Q.  I want to see if you can help us identify what these

17  products were that were the occasion for this lawsuit.  If

18  you'd take a look at -- if you could look at 13862 --

19  Exhibit 13561.

20  A.  That's Volume 1?

21  Q.  Yes.  13561.

22  A.  Okay.

23  Q.  And dash 194.  Can you identify those images there of

24  mini Trendy Teenz as being products that you were suing on

25  here, Trendy Teenz?

EXHIBIT __10__
PAGE __137__

```
 1   A.    I have no recollection of these at all.

 2   Q.    How about dash 208?  If you could just thumb forward a

 3   few pages.

 4   A.    I definitely have no recollection of this pen.  It's

 5   quite amusing, but I have no recollection of that.

 6   Q.    How about 210?

 7   A.    Wow.  I like bobble heads.  I don't think I -- I've

 8   never physically seen any bobble head like this.  Wow.  No.

 9   Q.    But these are copies of the products that were included

10   in MGA's filings with the court in Hong Kong?

11   A.    I guess.  Is that what this big document is?

12   Q.    Yes.

13   A.    Wow.

14   Q.    Could you take a look at page 124 and see if that rings

15   a bell?

16   A.    No.

17   Q.    Don't recognize it?

18   A.    No, I'm sorry.  Don't recognize it.  Can I ask a quick

19   question out of curiosity?

20           THE COURT:  Let's not --

21           THE WITNESS:  I'm sorry.  I shouldn't be curious.

22   Q.    BY MR. QUINN:  You just don't remember what these

23   particular articles or dolls were that were the subject of

24   the Double Grand case.  Is that true?

25   A.    Yeah, they don't look like anything that crossed my
```

EXHIBIT __10__
PAGE __138__

1        THE COURT:  Let's be here at 8:00.  This financial

2   issue may take some time.  And I'd also like to hear what

3   success you've had with Hong Kong.  So let's see you here

4   tomorrow morning at 8:00.

5

6            (Proceedings concluded at 5:37 P.M.)

7

8                  C E R T I F I C A T E

9

10

11        I hereby certify that pursuant to Title 28,

12   Section 753 United States Code, the foregoing is a true and

13   correct transcript of the stenographically reported

14   proceedings in the above matter.

15        Certified on August 5, 2008.

16

17

18        MARK SCHWEITZER, CSR, RPR, CRR
         Official Court Reporter
19        License No. 10514

20

21

22

23

24

25

EXHIBIT __16__
PAGE __139__

# EXHIBIT 11

1              UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

3                   EASTERN DIVISION

4                     - - -

5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                     - - -

7    MATTEL, INC.,                    )
                                      )
8                    PLAINTIFF,       )
                                      )
9          VS.                        )    NO. CV 04-09049
                                      )
10   MGA ENTERTAINMENT, INC., ET. AL.,)
                                      )
11                   DEFENDANTS.      )    TRIAL DAY 30
     _____)    MORNING SESSION
12   AND CONSOLIDATED ACTIONS,        )    PAGES 5965-6047
     _____)

13

14

15      REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16               RIVERSIDE, CALIFORNIA

17              WEDNESDAY, AUGUST 6, 2008

18                   8:31 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
            FEDERAL OFFICIAL COURT REPORTER
24              3470 12TH STREET, RM. 134
            RIVERSIDE, CALIFORNIA  92501
25                  951-274-0844
              WWW.THERESALANZA.COM

CERTIFIED COPY

EXHIBIT  11
PAGE  140

```
 1   APPEARANCES:

 2
     ON BEHALF OF MATTEL, INC.:
 3
                          QUINN EMANUEL
 4                        BY:  JOHN QUINN
                               JON COREY
 5                             MICHAEL T. ZELLER
                               HARRY OLIVAR
 6                             TIMOTHY ALGER
                          865 S. FIGUEROA STREET,
 7                        10TH FLOOR
                          LOS ANGELES, CALIFORNIA  90017
 8

 9

10   ON BEHALF OF MGA ENTERTAINMENT:

11                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:  THOMAS J. NOLAN
12                             JASON RUSSELL
                               RAOUL KENNEDY
13                             LAUREN AGUIAR
                               CARL ROTH
14                        300 SOUTH GRAND AVENUE
                          LOS ANGELES, CALIFORNIA  90071-3144
15                        213-687-5000

16
     ALSO PRESENT:        MARY SO,
17                        CANTONESE INTERPRETER

18

19

20

21

22

23

24
                                        EXHIBIT __11__
25                                      PAGE __141__
```

WEDNESDAY, AUGUST 6, 2008                    TRIAL DAY 30, MORNING SESSION

BY MR. QUINN:

Q    THAT'S WHAT I WAS GOING TO ASK YOU, SIR.

        I'VE SHOWN YOU EXHIBIT 13703.

        THE NAME ON IT IS "TRENDY TEENS"; CORRECT?

A    YES.

Q    BUT IS THAT A DOLL THAT DOUBLE GRAND MADE, THAT EXHIBIT?

A    NO.

Q    DO YOU KNOW WHETHER OR NOT MGA EVER SUED ANYONE BASED ON
THIS DOLL, EXHIBIT 13703?

        MR. HANSEN:  OBJECTION TO THE FORM.  SPECULATION AS
TO ANYONE.  ALSO FOUNDATION.

        THE COURT:  SUSTAINED.

        LAY FURTHER FOUNDATION.

BY MR. QUINN:

Q    WELL, CERTAINLY, DOUBLE GRAND WAS NEVER SUED ON THIS DOLL,
WITH RESPECT TO THIS DOLL; IS THAT TRUE?

        MR. HANSEN:  OBJECTION, YOUR HONOR.  LEADING.

        THE COURT:  REPHRASE, COUNSEL.  YOU NEED TO GET BACK
TO FOUNDATION.

        MR. QUINN:  RIGHT.

BY MR. QUINN:

Q    DID IT EVER COME TO YOUR ATTENTION, IN THE COURSE OF THE
TRENDY TEENS LITIGATION THAT DOUBLE GRAND WAS INVOLVED IN, THAT
MGA HAD SUED SOME OTHER PARTY ON A DOLL CALLED "TRENDY TEENZ,"
WHICH DOUBLE GRAND DID NOT MAKE?

EXHIBIT __11__
PAGE __142__

1    **MR. KENNEDY:** OBJECTION TO THE FORM, YOUR HONOR.

2  FOUNDATION AND HEARSAY.

3    **THE COURT:** SUSTAINED.

4  **BY MR. QUINN:**

5  Q    LET'S LOOK AT THE DOUBLE GRAND PRODUCTS THAT YOU KNOW MGA

6  DID SUE ON.

7    AND I WOULD ASK YOU, PLEASE, TO -- YOU'VE GOT SOME

8  BLACK BINDERS THERE, AND IN VOLUME -- IT SHOULD BE VOLUME I --

9  PLEASE TURN TO EXHIBIT 13561.  IF YOU WOULD LOOK AT 13561-0002,

10  PLEASE.

11    CAN YOU IDENTIFY THIS EXHIBIT, 13561, AS BEING AN

12  AFFIDAVIT OF RAYMOND DAVID BLACK THAT WAS FILED IN THE MGA

13  VERSUS DOUBLE GRAND LITIGATION?

14  A    YES.

15  Q    IS THAT AN AFFIDAVIT THAT WAS FILED BY MGA IN THAT CASE?

16  A    YES.

17    **MR. QUINN:** WE'D OFFER EXHIBIT 13561, YOUR HONOR.

18    **THE COURT:** ANY OBJECTION?

19    **MR. HANSEN:** NO, YOUR HONOR.

20    **THE COURT:** IT'S ADMITTED.

21    YOU MAY PUBLISH.

22    (EXHIBIT 13561 RECEIVED.)

23    **MR. QUINN:** PUT ON THE SCREEN JUST THE DASH TWO, TO

24  SHOW THE CAPTION.

25  **BY MR. QUINN:**

EXHIBIT 11
PAGE 143

```
 1    Q    IF YOU COULD TURN, PLEASE, TO PAGES 153 AND 166.

 2              MR. QUINN:  AND IF WE COULD PUT ON THE SCREEN 154,

 3    PLEASE.

 4              THE WITNESS:  WHAT'S THE NUMBER, AGAIN?

 5    BY MR. QUINN:

 6    Q    IT STARTS WITH 154, THROUGH 166.  IT'S 154 THROUGH 166,

 7    ALL WITHIN EXHIBIT 13561.

 8              MR. QUINN:  YOUR HONOR, I ASSUME WE'RE GOING TO

 9    FOLLOW THE SAME PROCEDURE WITH THESE DOCUMENTS AS YESTERDAY,

10    THAT ONLY WHAT'S GOING TO BE ADMITTED IN THESE LENGTHY

11    DOCUMENTS IS WHAT'S ACTUALLY SHOWN OR CALLED TO THE ATTENTION

12    OF THE WITNESS.

13              THE COURT:  EXACTLY.

14              MR. NOLAN:  THANK YOU, YOUR HONOR.

15              THE COURT:  VERY WELL.

16    BY MR. QUINN:

17    Q    IF YOU WOULD LOOK THERE AT PAGE 154, WHICH WE HAVE ON THE

18    SCREEN, MR. LEUNG, AND THE FOLLOWING PAGES, 155, 156, 157.

19              CAN YOU TELL US, WHAT WAS YOUR UNDERSTANDING AS TO

20    WHAT THESE DRAWINGS WERE?

21    A    THESE ARE THE DRAWINGS OF THEIR DESIGNER, CARTER BRYANT.

22    Q    AND IF WE LOOK, THEN, WITHIN THE SAME DOCUMENT AT 194, CAN

23    YOU IDENTIFY WHAT THIS IS A PHOTOGRAPH OF.

24    A    THIS WAS A PRODUCT THAT MY COMPANY HAD MANUFACTURED, BUT I

25    WAS SUED BY MGA ON.
```

EXHIBIT __11__

PAGE __144__

6047

1

2                                        CERTIFICATE

3

4      I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
       STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
5      THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE
       ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
6      CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
       THE UNITED STATES.

7

8

9      THERESA A. LANZA, RPR, CSR                    8-20-08
       OFFICIAL COURT REPORTER                          DATE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                              EXHIBIT __11__
                                                PAGE __145__

# EXHIBIT 12

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13         Plaintiff,                     Consolidated with Case Nos. CV 04-
                                          9059 and CV 05-02727
14       vs.
                                          **DISCOVERY MATTER**
15  MATTEL, INC., a Delaware             **[To Be Heard By Discovery Master**
    corporation,                          **Robert O'Brien]**
16
           Defendant.                     MATTEL, INC.'S NOTICE OF
17  _____           MOTION AND MOTION TO
                                          COMPEL MGA MEXICO TO
18  AND CONSOLIDATED ACTIONS              PRODUCE DOCUMENTS AND
                                          THINGS IN RESPONSE TO
19  _____           MATTEL'S FIRST, SECOND AND
                                          THIRD SETS OF REQUESTS FOR
20                                        PRODUCTION TO MGA MEXICO;
                                          AND
21
                                          MEMORANDUM OF POINTS AND
22                                        AUTHORITIES

23                                        [Declaration of Marshall M. Searcy III
                                          filed concurrently herewith]
24
                                          Date:   TBA
25                                        Time:   TBA
                                          Place:  TBA
26
                                          **Phase 2**
27  EXHIBIT 12                            Discovery Cut-off:      Dec. 11, 2009
                                          Pre-trial Conference:   Mar. 1, 2010
28  PAGE 146                              Trial Date:             Mar. 23, 2010

07975/3008831.2

1

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: ·

3          PLEASE TAKE NOTICE that at a time and place of hearing to be set

4  by Discovery Master Robert O'Brien, Mattel, Inc. ("Mattel") will, and hereby does

5  move the Discovery Master for an order:

6          (1) compelling MGA de Mexico, S.R.L. de C.V. ("MGA Mexico") to

7  produce all relevant, non-privileged documents in MGA Mexico's custody,

8  possession or control which are responsive to Mattel's First, Second, and Third Sets

9  of Requests for Documents and Things to MGA Mexico ("Requests");

10          (2) compelling MGA Mexico to provide Mattel with a privilege log

11  sufficient for Mattel to assess the validity of MGA Mexico's privilege claims with

12  respect to all documents withheld on privilege grounds;

13          (3) overruling all of MGA Mexico's objections to the Requests; and

14          (4) imposing sanctions in the amount of $5000.

15          This motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 26,

16  34(b) and 37(a) on the grounds that Mattel's Requests seek discoverable information

17  and MGA Mexico's objections lack merit.

18          This motion is based on this Notice of Motion and Motion, the

19  accompanying Memorandum of Points and Authorities, the Declaration of Marshall

20  M. Searcy III filed concurrently herewith, the records and files of this Court, and all

21  other matters of which the Court may take judicial notice.

22

23

24

25

26

27

28

EXHIBIT ___12___
PAGE ___147___

07975/3008831.2

-2-

MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

1

2               **Certificate of Compliance**

3           On April 2, 2009 and again on April 10, 2009, Mattel sent a letter

4 pursuant to Paragraph 5 of the Discovery Master Stipulation requesting that MGA

5 Mexico meet and confer.  On April 23, Mattel and MGA Mexico met and conferred

6 but did not reach agreement.

7

8 DATED:  July 15, 2009             QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP

9

10                        By/s/ Marshall M. Searcy III

11                          Marshall M. Searcy III
                         Attorneys for Mattel, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        EXHIBIT  12

28                                        PAGE  148

07975/3008831.2

-3-

# **TABLE OF CONTENTS**

                                                                                                          **Page**

PRELIMINARY STATEMENT............................................................................1

BACKGROUND................................................................................................2

ARGUMENT .....................................................................................................4

I.    MATTEL IS ENTITLED TO A COMPLETE PRODUCTION FROM
      MGA MEXICO............................................................................................4

      A.    MGA Mexico's Boilerplate Objections Are Improper And
            Should Be Overruled ........................................................................5

            1.    MGA Mexico's Relevance Objections Are Conclusory
                  And Should Be Overruled ......................................................6

            2.    MGA Mexico May Not Avoid Producing Documents In
                  Its "Custody, Possession, Or Control" By Requiring Mattel
                  To Seek Documents From Other Sources .................................7

            3.    Mattel's Requests Describe The Categories Of Documents
                  To Be Produced With "Reasonable Particularity" ......................8

            4.    The Protective Order In This Action Is Sufficient To
                  Protect Commercially Sensitive Information And Privacy
                  Rights ....................................................................................9

      B.    Production of Documents By Other Parties Does Not Relieve
            MGA Mexico Of Its Discovery Obligations .......................................10

      C.    MGA Mexico's Improper General Objections Do Not Provide A
            Basis To Withhold Documents .........................................................11

      D.    MGA Mexico's Mere Agreement To Produce Documents Does
            Not Foreclose An Order Compelling Production ................................13

      E.    MGA Mexico's Definitional Objections Are Improper .......................14

            1.    "YOU," "YOUR," and "MGA"...................................................15

            2.    "MATTEL" .............................................................................15

            3.    "BRATZ" ...............................................................................16

            4.    "MACHADO," TRUEBA," And "VARGAS" ...........................16

            5.    "FORMER MATTEL EMPLOYEE".........................................16

            6.    "MATTEL DOCUMENTS" ....................................................17

            7.    "REFER OR RELATE TO"......................................................17

EXHIBIT 12

PAGE 149

07049/3003831.2                                    -i-
                      MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

1              8.     "SYSTEM" And "SYSTEMS" .................................................. 17

2        F.    Mattel's Requests Are Relevant to Phase 2 Claims and Defenses ....... 18

3            1.     Requests Relating to MGA's Theft of Mattel's Trade Secret and Confidential Information ........................................... 18

5            2.     Requests Relating to MGA's "Copycatting" and Other Unfair Competition Claims ...................................................... 21

6            3.     Requests Relating to MGA's "Unclean Hands" Defense ........... 24

7            4.     Requests Relating the Scope of MGA Mexico's Search for Responsive Documents ............................................................. 30

9            5.     Requests Relating to MGA's Defenses and to Information on Which MGA Intends to Rely in This Action ......................... 31

10   II.    MGA MEXICO SHOULD BE SANCTIONED FOR ITS WILLFUL REFUSAL TO COMPLY WITH ITS DISCOVERY OBLIGATIONS ........ 31

11   CONCLUSION ........................................................................... 32

EXHIBIT __12__

PAGE __150__

# TABLE OF AUTHORITIES

**Page**

## Cases

A. Farber and Partners, Inc. v. Garber,
    234 F.R.D. 186 (C.D. Cal. 2006) .................................................................. 5, 9, 14

In re Bankers Trust Co.,
    61 F.3d 465 (6th Cir. 1995) .................................................................. 5, 12

Bible v. Rio Properties, Inc.,
    246 F.R.D. 614 (C.D. Cal. 2007) .......................................................... 7

Braley v. Campbell,
    832 F.2d 1504 (10th Cir. 1987) ............................................................ 32

Buckminster v. Prudential Financial, Inc.,
    2008 WL 624532 (D. Neb. March 3, 2008) .......................................... 6

Chapman v. California Dept. of Educ.,
    2002 WL 32854376 (N.D. Cal. February 6, 2002).......................... 14, 15, 16, 17

Goodman v. U.S.,
    369 F.2d 166 (9th Cir. 1966) ................................................................ 8

In re Heritage Bond Litigation,
    2004 WL 1970058 (C.D. Cal. 2004)...................................................... 9

Hyde & Drath v. Baker,
    24 F.3d 1162 (9th Cir. 1994) ................................................................ 31

Keith H. v. Long Beach Unified School Dist.,
    228 F.R.D. 652 (C.D. Cal. 2005) .......................................................... 9

Lamoureux v. Genesis Pharmacy Services, Inc.,
    226 F.R.D. 154 (D. Conn. 2004).......................................................... 13, 14

Mintz v. Dietz & Watson, Inc.,
    2008 WL 5147234 (S.D. Cal. Dec. 5, 2008) ........................................ 13

Oakes v. Halvorsen Marine, Ltd.,
    179 F.R.D. 281, Rule 34 ........................................................................ 5

Panola Land Buyers Ass'n v. Shuman,
    762 F.2d 1550 (11th Cir. 1985) ............................................................ 5

Putnam v. Eli Lilly and Co.,
    508 F. Supp. 2d 812 (C.D. Cal. 2007)................................................... 9

EXHIBIT 12

PAGE 151

RTC v. Dabney,
  73 F.3d 262 (10th Cir. 1995) ............................................................ 32

Ramirez v. Nicholson,
  2007 WL 2990283 (S.D. Cal. 2007) ................................................ 5

Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.,
  576 F. Supp. 511 (W.D. Pa 1983) .................................................. 5

Streck, Inc. v. Research & Diagnostic Systems, Inc.,
  250 F.R.D. 426 (D. Neb. 2008).................................................. 13

Sullivan v. Prudential Ins. Co. of America,
  233 F.R.D. 573 (C.D. Cal. 2005) .................................................. 7

Walker v. Lakewood Condominium Owners Ass'n,
  186 F.R.D. 584 (C.D. Cal. 1999) .............................................. 5, 14

**Statutes**

Fed. R. Civ. P. 26(b)(1) ...................................................... 4, 30

Fed. R. Civ. P. 34(a) ............................................................ 11

Fed. R. Civ. P. 34(a)(1) .......................................................... 7

Fed. R. Civ. P. 34(b)(1)(A)........................................................ 8

Fed. R. Civ. P. 34(b)(2)(E) ...................................................... 11

Fed. R. Civ. P. 37(a)(5) ......................................................... 31

EXHIBIT 12
PAGE 152

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel has propounded three Sets of Requests for Production of Documents and Things to MGA Mexico seeking information pertinent to Mattel's and MGA's Phase Two claims, including Mattel's trade secret and other misappropriation claims and MGA's unfair competition claims.  Mattel's Requests cover, among other things:

- confidential documents taken from Mattel by those working for MGA;
- MGA Mexico's efforts to recruit employees and contractors from Mattel;
- MGA Mexico's product line offerings for 2004-2007;
- financial information relating to MGA Mexico's sale and licensing of Bratz dolls, including market share;
- MGA Mexico's knowledge of Mattel designs that were never brought to market.

MGA Mexico refuses to comply with Mattel's Requests.  Indeed, MGA Mexico appears to have <u>never</u> produced any responsive documents -- not even documents supporting MGA's own claims and defenses, which are what Mattel seeks through many of these requests.  Instead, along with a series of generic, boilerplate objections, MGA Mexico has suggested it should be excused from producing documents because <u>other</u> MGA parties have produced some responsive documents.  MGA Mexico has also suggested that some documents contained in the productions of other MGA parties might actually belong to MGA Mexico, but admits these documents are not marked or identified in any way and refuses to identify any of the documents it might possibly have produced.  Nor will MGA Mexico stipulate even that the documents produced by MGA may be deemed to have been in MGA Mexico's possession, custody or control.

An order compelling production by MGA Mexico should issue.  Moreover, because MGA Mexico has willfully refused to satisfy its discovery

EXHIBIT 12

PAGE 153

1   obligations, requiring Mattel to file this motion in order to get even a single

2   document in response to three sets of Requests, sanctions should be imposed to

3   compensate Mattel for a portion of its costs in bringing this motion.

4                              **Background**

5            **Mattel's First Set of Requests for Production to MGA Mexico.**   Mattel

6   served its First Set of Requests for Documents and Things to MGAE de Mexico,

7   S.R.L. de C.V. on November 21, 2007.  These Requests seek information primarily

8   relating to MGA Mexico's theft of Mattel's trade secrets and to MGA's unfair

9   competition claims.[1]  Rather than respond, MGA Mexico served a series of

10  boilerplate objections on December 21, 2007.  MGA Mexico did not agree to

11  produce documents responsive to any of the Requests in Mattel's First Set.[2]

12           **Mattel's Second Set of Requests for Production to MGA Mexico.**  On

13  December 12, 2007, Mattel served its Second Set of Requests for Documents and

14  Things to MGAE de Mexico, S.R.L. de C.V.  These requests seek information

15  related to MGA's "unclean hands" affirmative defense.  MGA Mexico served its

16  response on January 11, 2008.  MGA Mexico's response once again asserted a series

17  of boilerplate objections in response to each request, but this time MGA Mexico

18  agreed to produce documents in response to certain requests seeking documents that

19  support MGA's claims.[3]  MGA Mexico did not agree to produce documents

20  _____

21        [1]  Mattel, Inc.'s First Set of Requests for Documents and Things to MGAE de
22  Mexico, S.R.L. de C.V. ("First Set of Requests"), Declaration of Marshall M. Searcy
23  III in Support of Mattel, Inc.'s Motion to Compel MGA Mexico to Produce
    Documents and Things in Response to Mattel's First, Second and Third Sets of
24  Requests for Production to MGA Mexico ("Searcy Dec."), Exh. 1.
25        [2]  MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel, Inc.'s
    First Set of Requests for Documents and Things ("Response to First Set of
26  Requests"), Searcy Dec., Exh. 2 at Request Nos. 1-148.
27        [3]  See Mattel, Inc.'s Second Set of Requests for Documents and Things to
    MGAE de Mexico, S.R.L. de C.V., ("Second Set of Requests") Searcy Dec., Exh. 3
28        (footnote continued)

1   responsive to any Requests other than those seeking documents supporting MGA's

2   own claims.[4]  Nor, for that matter, did MGA Mexico ever actually produce even the

3   documents supporting its own claims as it had agreed.

4          <u>Mattel's Third Set of Requests for Production to MGA Mexico.</u>  Mattel

5   served its Third Set of Requests for Documents and Things to MGAE de Mexico,

6   S.R.L. de C.V. on January 22, 2008.  These requests seek information related

7   primarily to MGA Mexico's offsite storage of documents, as pertinent to Mattel's

8   claims for theft of trade secrets.  MGA Mexico served objections to Mattel's

9   Requests on February 21, 2008, refusing to produce any responsive documents.[5]

10         <u>Mattel Attempts to Meet and Confer.</u>  On April 2, Mattel contacted

11  MGA Mexico to request that MGA Mexico produce its withheld documents.[6]

12  Rather than agree to meet and confer, MGA Mexico claimed it had already

13  produced documents responsive to Mattel's requests and asked Mattel to "identify

14  with specificity the requests for production to which MGA Mexico has not allegedly

15  produced responsive documents."[7]  Mattel advised that it has not received *any*

16

17  _____

    at Request Nos. 1-8, 13-22, 25-35, 42-45, 54-58, 61, 71-85, 89-96, 101-104, 106,
18  117-147, 151-167, 174-175, 177-179, 181-192, 194-199, 201-219, 221-222, 227-
19  248, 253-268, 277-299, 302-316, 329-342, 345-385, 387-397, 400-410, 412-417.
    [4]  Response to Mattel, Inc.'s Second Set of Requests for Documents and Things
20  to MGAE de Mexico, S.R.L. de C.V. ("Response to Second Set of Requests"),
    Searcy Dec., Exh. 4 at Request Nos. 9-12, 23-24, 36-41, 46-53, 59-60, 62-70, 86-88,
21  97-100, 105, 107-116, 148-150, 168-173, 176, 180, 193, 200, 220, 223-226, 249-
22  252, 269-276, 300-301, 317-328, 343-344, 386, 398-399, 411, 418-420.
    [5]  Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE de
23  Mexico, S.R.L. de C.V. ("Third Set of Requests"), Searcy Dec., Exh. 5; Response to
24  Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE de
    Mexico, S.R.L. de C.V. ("Response to Third Set of Requests"), Searcy Dec., Exh. 6.
25  [6]  Letter from Marshall Searcy to Amman Khan, dated April 2, 2009, Searcy
26  Dec., Exh. 7.
    [7]  Letter from Amman Khan to Marshall Searcy, dated April 9, 2009, Searcy
27  Dec., Exh. 8.
28

EXHIBIT 12
PAGE 155

07975/3008831.2

-3-

Case 2:04-cv-09049-DOC-RNB   Document 6158-5   Filed 08/03/09   Page 64 of 119   Page ID
#:204548
Case 2:04-cv-09049-SGL-RNB      Document 5971      Filed 07/15/2009      Page 11 of 40

1  documents from MGA Mexico.[8]  MGA Mexico still refused to meet and confer,

2  instead sending a letter repeating its earlier suggestion that it had already responded

3  to Mattel's Requests.[9]

4          Mattel then requested that MGA Mexico stipulate that the documents

5  produced by other MGA parties be deemed to have been in MGA Mexico's

6  possession, custody or control.[10]  MGA Mexico rejected any such stipulation.[11]

7  Because MGA Mexico stated that it might provide further responses if Mattel would

8  provide it with a list of Requests for which MGA Mexico had refused to produce

9  documents, Mattel provided the requested list even though such information was

10 readily accessible to MGA Mexico.[12]  MGA Mexico, however, failed to respond.[13]

11                          **Argument**

12 **I.    MATTEL IS ENTITLED TO A COMPLETE PRODUCTION FROM**

13        **MGA MEXICO**

14         MGA Mexico's refusal to respond to Mattel's Requests is contrary to

15 both the Federal Rules of Civil Procedure and case law.  Under Rule 26(b),

16 "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant

17 to the claim or defense of any party. . . .  Relevant information need not be

18 admissible at trial if the discovery appears reasonably calculated to lead to the

19 discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 26(b) is liberally

20 interpreted to allow "wide-ranging discovery of information necessary for parties to

21 _____

22   [8]  Letter from Marshall Searcy to Amman Khan, dated April 10, 2009, Searcy
   Dec., Exh. 9.
23   [9]  Letter from Amman Khan to Marshall Searcy, dated April 14, 2009, Searcy
24   Dec., Exh. 10.
     [10]  Letter from Marshall Searcy to Amman Khan, dated Aril 23, 2009, Searcy
25   Dec., Exh. 11.
26   [11]  Id.
     [12]  Id.
27   [13]  Searcy Dec., ¶ 13.

EXHIBIT 12
PAGE 156

MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

1 | evaluate and resolve their dispute." Ramirez v. Nicholson, 2007 WL 2990283, at *2

2 | (S.D. Cal. 2007) (citing Oakes v. Halvorsen Marine, Ltd., 179 F.R.D. 281, 283

3 | (C.D. Cal. 1995)).

4 |    Rule 34 allows a party to propound requests for production of

5 | documents and things.  In responding to Rule 34 requests, the responding party is

6 | obliged to produce all specified discoverable documents and things which are in his

7 | or her "possession, custody, or control." Rockwell Int'l Corp. v. H. Wolfe Iron &

8 | Metal Co., 576 F. Supp. 511, 512 (W.D. Pa 1983).  Since the "custody, possession,

9 | or control" requirement is in the disjunctive, actual possession of a document or

10 | thing is not required. See In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995).

11 |   A. **MGA Mexico's Boilerplate Objections Are Improper And Should**

12 |     **Be Overruled**

13 |    MGA Mexico has asserted a litany of generic, boilerplate objections in

14 | response to each of Mattel's Requests.  Sometimes repeating the same objection

15 | verbatim in response to every single Request in a set, MGA Mexico variously

16 | objects that Mattel's Requests seek irrelevant information, privileged information,

17 | private and commercially sensitive information, information that is otherwise

18 | available to Mattel, and information insufficiently limited in time and geographic

19 | scope.  MGA Mexico does not explain why each of these conclusory assertions

20 | applies to the allegedly objectionable Requests.

21 |    Boilerplate objections such as these are improper.  See A. Farber and

22 | Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or

23 | boilerplate objections such as 'overly burdensome and harassing' are improper—

24 | especially when a party fails to submit any evidentiary declarations supporting such

25 | objections."); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584,

26 | 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and

27 | tantamount to not making any objection at all."). See also Panola Land Buyers

28 | Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding that court did not

1  have discretion to limit discovery on the basis of boilerplate objections).

2  Accordingly, these objections should all be overruled.[14]

3    **1.    MGA Mexico's Relevance Objections Are Conclusory And**

4         **Should Be Overruled**

5         Ignoring the broad standard for relevance set by Rule 26, MGA Mexico

6  claims that every single Request in Mattel's First and Third Sets of Requests is

7  irrelevant, and that many of the Requests in Mattel's Second Set of Requests are

8  irrelevant.[15]   MGA Mexico has  provided no explanation to support its assertions.

9  Instead, it merely recites the boilerplate objection that Mattel's Requests seek

10  "documents not relevant to the claims or defenses in this action and not reasonably

11  calculated to lead to the discovery of admissible evidence.  Mattel has not

12  demonstrated how '*all* DOCUMENTS [related to this request]' could be relevant to

13  the claims and defenses in this action."[16]

14         These objections are improper and should be overruled.  First, the

15  specific grounds for relevance objections must be stated.  "It is insufficient for the

16  party objecting to discovery based on relevance to simply make conclusory

17  allegations that the request is irrelevant."  Buckminster v. Prudential Financial, Inc.,

18  2008 WL 624532, *2 (D. Neb. March 3, 2008) (overruling relevance objections and

19  granting motion to compel).  MGA has done nothing more than state conclusory

20  _____

21    [14]   Because MGA Mexico has asserted virtually the same litany of objections to

22  every Request, Mattel has not included a separate statement with this Motion, which

23  it believes would not aid the Discovery Master in the resolution of this Motion since

    it would consist of lengthy, unhelpful repetitions of the same MGA Mexico

24  objections over and over again.

25    [15]   See Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 1-

26  148; Response to Second Set of Requests, Searcy Dec., Exh. 4 at Requests Nos. 11,
    276, 317-328, 343-344, 393-395, 399, 418-420; Response to Third Set of Requests,

27  Searcy Dec., Exh. 6 at Request Nos. 1-6.

    [16]   Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 1-148.

28

EXHIBIT  12
PAGE  158

1  relevance objections in response to nearly every one of Mattel's Requests.

2  Moreover, Mattel need not preemptively demonstrate that its Requests are relevant.

3  Given the broad reach of discovery under Rule 26, the burden to show why

4  discovery should not be allowed is on the party resisting discovery. Bible v. Rio

5  Properties, Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007); Sullivan v. Prudential Ins.

6  Co. of America, 233 F.R.D. 573, 575 (C.D. Cal. 2005). In all events, as discussed in

7  detail in Section F below, all of Mattel's requests seek discoverable information.

8          **2.**      **MGA Mexico May Not Avoid Producing Documents In Its**

9                  **"Custody, Possession, Or Control" By Requiring Mattel To**

10                 **Seek Documents From Other Sources**

11        Rule 34 requires that a party respond to a request for production by

12 producing all non-privileged, relevant documents in the party's "custody, possession,

13 or control." Fed. R. Civ. P. 34(a)(1). MGA Mexico seeks to withhold non-

14 privileged, relevant documents in its custody, possession, or control because such

15 documents allegedly "are already in Mattel's possession or are readily accessible to

16 Mattel."[17] MGA Mexico has made no showing, however, that all or any relevant

17 documents it possesses are somehow already available to Mattel. Moreover, the

18 Discovery Master has previously overruled the objection that MGA may withhold

19 information because it is better known by Mattel.[18]

20

21 _____

22   [17]   Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 1-40,

23 42-46, 51-148; Response to Second Set of Requests, Searcy Dec., Exh. 4 at

Requests Nos. 1-88, 91-306, 309-312, 314-420; Response to Third Set of Requests,

24 Searcy Dec., Exh. 6 at Request Nos. 1-6.

25   [18]   See Phase Two Discovery Matter Order No. 17, Searcy Dec., Exh. 15 at

21:10-18 ("MGA cannot withhold information on the ground that Mattel knows

26 which people have knowledge of Mattel's purported copying of MGA's intellectual

27 property. Mattel is entitled to discover the information MGA possesses and the

factual bases of its trade dress claims.").

28

EXHIBIT 12
PAGE 159

1     This objection is especially inappropriate here.  In addition to obtaining

2   relevant documents, Mattel seeks through its requests to establish that MGA

3   Mexico, a named defendant, is in possession of certain documents.  Among its other

4   Phase Two claims, Mattel has alleged that MGA Mexico stole proprietary and

5   confidential trade secret information from Mattel.[19]  If MGA Mexico possesses

6   protected Mattel information and produces it as required, the fact of the production

7   itself is powerful evidence.  According to MGA Mexico's logic, it is free to withhold

8   from Mattel the very documents and information that MGA Mexico is accused of

9   misappropriating and that production would show that it possesses.  That

10  nonsensical position should be rejected.

11             **3.      Mattel's Requests Describe The Categories Of Documents To**

12                      **Be Produced With "Reasonable Particularity"**

13            Another boilerplate objection MGA Mexico asserts is that Mattel's

14  Requests are not limited in time and "geographic scope."[20]  Rule 34 only requires

15  that the party propounding requests for production describe each category of

16  documents "with reasonable particularity."  Fed. R. Civ. P. 34(b)(1)(A).  There is no

17  requirement that Mattel's Requests be limited in time or "geographic scope."  If

18  MGA Mexico contends that the "reasonable particularity" requirement has not been

19  met, it must describe with specificity the reasons each request is not reasonably

20  particular, which it has not done and cannot do.  See Goodman v. U.S., 369 F.2d

21  166, 169 (9th Cir. 1966) (objecting party bears the burden of proving undue burden

22

23  _____

24    [19]   Mattel's Third Amended Answer and Counterclaims ("TAAC"), dated May
25  22, 2009, Searcy Dec., Exh. 16 at ¶¶ 44-61.
      [20]   Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 1-19,
26  21-40, 42-148; Response to Second Set of Requests, Searcy Dec., Exh. 4 at
    Requests Nos. 1-10, 12-69, 71-160, 165-167, 172-284, 286-361, 363-420; Response
27  to Third Set of Requests, Searcy Dec., Exh. 6 at Request Nos. 1-6.

28

07975/3008831.2

EXHIBIT __12__

PAGE __160__

-8-

MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

1 | by "specific and compelling" proof; conclusory assertions are insufficient). This

2 | boilerplate objection is unsupported and should be overruled.

3 |         **4.**    **The Protective Order In This Action Is Sufficient To Protect**

4 |              **Commercially Sensitive Information And Privacy Rights**

5 |         MGA Mexico has objected to many of Mattel's Requests on the

6 | grounds that they purportedly "violate[] the privacy rights of third parties to their

7 | private, confidential, proprietary or trade secret information."[21] MGA Mexico

8 | similarly claims that many of Mattel's Requests "seek[] confidential, proprietary or

9 | commercially sensitive information...."[22] The Court has entered a Protective Order

10 | in this action, which defeats MGA Mexico's professed concerns about

11 | confidentiality.[23] Indeed, the Court, the current Discovery Master, and the former

12 | Discovery Master have all ruled that the Protective Order is sufficient to address

13 |

14 | _____

15 | [21]   Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 3, 5-
35, 38-46, 51, 55-58, 61-75, 77-78, 84-88, 93-96, 101-105, 111-113, 122, 125-129,

16 | 131, 138-140, 144-148; Response to Second Set of Requests, Searcy Dec., Exh. 4 at
Requests Nos. 1-420.

17 | [22]   Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 1, 3,

18 | 5-8, 13-51, 55-148; Response to Second Set of Requests, Searcy Dec., Exh. 4 at
Requests Nos. 1-420.

19 | [23]   See, e.g., Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal.

20 | 2007) (protective order "can strike the appropriate balance between the need for the
information and the privacy concerns" of the party opposing production of

21 | information); Keith H. v. Long Beach Unified School Dist., 228 F.R.D. 652, 658

22 | (C.D. Cal. 2005) (compelling production of student records because slight
redactions and a protective order would "minimize any invasion of the students'

23 | privacy rights"); In re Heritage Bond Litigation, 2004 WL 1970058 at *5, n.12

24 | (C.D. Cal. 2004) ("Any privacy concerns...defendants have in their bank records
and related financial statements are adequately protected by the protective order, and

25 | are not sufficient to prevent production in this matter"); A. Farber and Partners, Inc.,

26 | 234 F.R.D. at 191-192 (plaintiff's need for defendant's financial information
outweighed defendant's privacy claim, especially because a protective order could

27 | protect against disclosure of the information).   EXHIBIT __12__

28 |   PAGE __161__

07975/3008831.2

1   confidentiality concerns.[24]  Moreover, the parties have already produced large

2   numbers of "confidential, proprietary, or commercially sensitive" documents in this

3   action under the designation "Attorneys' Eyes Only" as provided in the Protective

4   Order.  MGA Mexico's wholesale withholding of documents cannot be justified by

5   purported concerns about privacy or confidentiality.

6   **B.**     **Production of Documents By Other Parties Does Not Relieve MGA**

7          **Mexico Of Its Discovery Obligations**

8          Besides its boilerplate objections, MGA Mexico refuses to produce

9   documents based on the apparent assertion that, because other MGA parties have

10  produced documents, MGA Mexico need not produce any documents of its own.

11  Thus, MGA Mexico claims it has complied with its obligations to respond to the

12  Requests because "[t]he *MGA Parties* have produced over 4.2 million pages of

13  responsive documents."[25]  MGA Mexico objected to *every one* of Mattel's First Set

14  of Requests, and the great majority of Mattel's Second Set of Requests, as

15  "cumulative, duplicative, and unduly burdensome to the extent [they seek]

16  documents previously requested by Mattel and/or produced in response to Mattel's

17  document requests."[26]  MGA Mexico also objected to all of the Requests in Mattel's

18  Third Set as "cumulative, duplicative, and unduly burdensome to the extent [they

19

20

---

21  [24]  See May 15, 2007 Order, Searcy Dec., Exh. 12 at 11; July 2, 2007 Order,

22  Searcy Dec., Exh. 13 at 3; Phase 2 Discovery Matter Order No. 6, Searcy Dec., Exh. 14 at 7.

23  [25]  April 9, 2009 Letter from Amman Khan to Marshall Searcy, Searcy Dec.,

24  Exh. 8 at 1 (emphasis supplied).

25  [26]  Response to First Set of Requests, Searcy Dec., Exh. 2, at Request Nos. 1-148; Response to Second Set of Requests, Searcy Dec., Exh. 4, at Request Nos. 1-8,

26  13-22, 25-35, 42-46, 54-65, 71-85, 89-96, 101-147, 151-179, 181-192, 194-219,

27  221-222, 227-250, 253-260, 262-268, 277-299, 302-316, 329-342, 345-385, 387-397, 400-410, 412-417.

28

EXHIBIT _12_

PAGE _162_

07975/3008831.2

MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

Case 2:04-cv-09049-DOC-RNB   Document 6158-5   Filed 08/03/09   Page 71 of 119   Page ID
#:204555
Case 2:04-cv-09049-SGL-RNB     Document 5971     Filed 07/15/2009     Page 18 of 40

1   seek] documents previously requested by Mattel or produced by MGA (or any of its

2   affiliates) in response to Mattel's document requests."[27]

3          MGA Mexico is a separate party to this lawsuit and has its own

4   discovery obligations. <u>Fed. R. Civ. P.</u> 34(a) ("A party may serve on any other party

5   a request…"); <u>Fed. R. Civ. P.</u> 34(b)(2)(E) ("A *party* must produce documents…")

6   (emphasis supplied).  MGA Mexico is not relieved of its duty to respond to

7   discovery simply because other parties in this lawsuit have produced some

8   documents in response to other requests.  MGA Mexico *itself* appears not to have

9   produced a single page of documents in this litigation.[28]  Indeed, in three sets of

10  objections and two letters responding to Mattel's attempts to meet and confer, MGA

11  Mexico has not specifically identified a single document it claims to have produced,

12  nor has it specifically identified a single Request for which it claims to have

13  produced any, let alone all, responsive documents.[29]  And indeed its written

14  responses to Mattel's Requests reflect wholesale <u>refusals</u> to produce.  Furthermore,

15  as explained previously, <u>MGA Mexico's</u> possession of documents is itself a relevant,

16  operative fact in this litigation.

17    C.    <u>MGA Mexico's Improper General Objections Do Not Provide A</u>

18          <u>Basis To Withhold Documents</u>

19          In its General Objections to Mattel's First Set of Requests, MGA

20  Mexico states that it will search for responsive documents in its possession, custody,

21

22

_____

23    [27]   Response to Third Set of Requests, Searcy Dec., Exh. 6, at Request Nos. 1-6.
24    [28]   Searcy Dec., ¶ 22.
      [29]   <u>See</u> Response to First Set of Requests, Searcy Dec., Exh. 2, <u>passim</u>; Response
25    Second Set of Requests, Searcy Dec., Exh. 4, <u>passim</u>; Response to Third Set of
26    Requests, Searcy Dec., Exh. 6, <u>passim</u>; April 9, 2009 Letter from Amman Khan to
      Marshall Searcy, Searcy Dec., Exh. 8, <u>passim</u>; April 14, 2009 Letter from Amman
27    Khan to Marshall Searcy, Searcy Dec., Exh. 10, <u>passim</u>.       EXHIBIT __12__
28                                                                        PAGE __163__

1   or control "and located at MGA Mexico's offices."[30]  This objection attempts to

2   impose limitations on MGA Mexico's obligations inconsistent with the <u>Federal</u>

3   <u>Rules</u>.  Because the "custody, possession, or control" requirement is in the

4   disjunctive, MGA Mexico is obligated to produce documents whether or not those

5   documents are in MGA Mexico's actual physical possession or happen to be in its

6   (undefined) "offices."  <u>In re Bankers Trust Co.</u>, 61 F.3d at 465.  For example,

7   documents stored off-site by MGA Mexico would be in MGA Mexico's control, yet

8   MGA Mexico's suggested limitation would allow it to withhold such documents

9   merely because they are not "located at MGA Mexico's offices."  This objection is at

10  odds with MGA Mexico's obligations under the <u>Federal Rules</u>.

11         In its General Objections to Mattel's First and Second Sets of Requests,

12  MGA Mexico also refuses to produce any "information relating to the activities or

13  conduct of other entities or non-parties."[31]  Such a refusal contravenes <u>Rule</u> 34's

14  requirement that MGA Mexico produce non-privileged, relevant documents in its

15  custody, possession, or control.  Information about "other entities or non-parties"

16  can be highly relevant to Mattel's claims.  For example, the "activities or conduct" of

17  Carlos Gustavo Machado Gomez, Mariana Trueba Almada, and Pablo Vargas San

18  Jose go directly to the counterclaims in Mattel's Third Amended Answer and

19  Counterclaims.[32]  MGA Mexico may not arbitrarily withhold highly relevant

20  information simply because it supposedly relates to the "activities or conduct" of

21  others.

22         MGA Mexico's refusal to produce information that "relate[s] to

23  activities or conduct in foreign countries" is similarly meritless and arbitrary.  Not

24

_____

25  [30]  Response to First Set of Requests, Searcy Dec., Exh. 2 at 3:22-25.
26  [31]  <u>Id.</u> at 4:22-23; Response to Second Set of Requests, Searcy Dec., Exh. 4 at
    4:20-21.
27  [32]  TAAC, Searcy Dec., Exh. 16 at ¶¶ 44-61.

28

EXHIBIT _12_
PAGE _164_

07975/3008831.2

-12-

MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

1   only do the claims in this lawsuit involve activities and conduct in three separate

2   countries – the United States, Mexico, and Canada[33] – but the great majority of

3   MGA Mexico's documents are likely to relate to activities and conduct in Mexico.

4   This objection would thus allow MGA Mexico to withhold large amounts of highly

5   relevant information about its own activities.  The Discovery Master should overrule

6   this and all of MGA Mexico's other general objections.

7       **D.**   **MGA Mexico's Mere Agreement To Produce Documents Does Not**

8            **Foreclose An Order Compelling Production**

9            Despite its failure to produce any documents, MGA Mexico has

10   claimed it adequately responded to Mattel's Requests because it "agreed to produce

11   non-privileged documents responsive to many of the Requests..."[34]  In fact, MGA

12   Mexico agreed only to produce documents supporting its own contentions.[35]  But in

13   any case, merely agreeing to produce documents does not render a motion to compel

14   and an order compelling production unnecessary.  "Either information has been

15   disclosed or it has not been disclosed.  If it has not been disclosed, then, plainly, it

16   remains to be compelled."  Lamoureux v. Genesis Pharmacy Services, Inc., 226

17   F.R.D. 154, 159 (D. Conn. 2004).  See also Mintz v. Dietz & Watson, Inc., 2008

18   WL 5147234 (S.D. Cal. Dec. 5, 2008) (granting motion to compel and awarding

19   sanctions where defendant agreed to produce invoices, but did not produce all

20   invoices as agreed); Streck, Inc. v. Research & Diagnostic Systems, Inc., 250 F.R.D.

21   426, 435 (D. Neb. 2008) (granting motion to compel plaintiff's requests for

22

23   [33]  See, e.g., id. at ¶¶ 28-43, 62-76, 77-87 (United States), 44-61 (Mexico), 88-94 (Canada).

24   [34]  April 9, 2009 Letter from Amman Khan to Marshall Searcy, Searcy Dec.,
25   Exh. 8.
     [35]  Response to Second Set of Requests, Searcy Dec., Exh. 4 at Request Nos. 1-
26   8, 13-22, 25-35, 42-45, 54-58, 61, 71-85, 89-96, 101-104, 106, 117-147, 151-167,
     174-175, 177-179, 181-192, 194-199, 201-219, 221-222, 227-248, 253-268, 277-
27   299, 302-316, 329-342, 345-385, 387-397, 400-410, 412-417.

28

EXHIBIT  _12_

PAGE _165_

07975/3008831.2

-13-

1  documents within twenty days where "defendants ha[d] agreed to the production,

2  but later refused" to comply).

3          At this point, Mattel is entitled to a date certain by which MGA will

4  produce.  MGA Mexico has had ample time in which it could have collected

5  documents for production pursuant to its agreement to respond.  Yet Mattel still has

6  not received any documents from MGA Mexico.  The information Mattel seeks

7  from MGA Mexico "has not been disclosed" and "plainly, it remains to be

8  compelled."  Lamoureux, 226 F.R.D. at 159.   Furthermore, even if MGA Mexico

9  had, in fact, produced the documents it agreed to (which it has not), MGA Mexico

10  has expressly refused to produce documents responsive to the vast majority of

11  Mattel's requests.[36]  MGA Mexico should be compelled to produce documents

12  responsive to all of Mattel's Requests, both where it expressly refuses and where it

13  nominally has agreed to comply but has not done so.

14      **E.**      **MGA Mexico's Definitional Objections Are Improper**

15          MGA Mexico serially objects to many of Mattel's defined terms.

16  MGA Mexico may not arbitrarily limit its obligation to respond to discovery by

17  unilaterally redefining terms for which Mattel has provided a definition.  Chapman

18  v. California Dept. of Educ., 2002 WL 32854376, at * 3 (N.D. Cal. February 6,

19  2002) ("The proponent of discovery is the master of its terms.  So long as the

20  information sought is within the broad bounds of relevancy as set forth in Rule 26

21  and is otherwise properly discoverable, the respondent may not unilaterally reshape

22  or rephrase the discovery request.").  Moreover, MGA offers no support for its

23  _____

24      [36]   Response to First Set of Requests, Searcy Dec., Exh. 2 at Request Nos. 1-

25  148; Response to Second Set of Requests, Searcy Dec., Exh. 4 at Requests Nos. 9-
    12, 23-24, 37-41, 46-53, 59-60, 62-70, 86-88, 97-100, 105, 107-116, 148-150, 168-

26  173, 176, 180, 193-193, 200, 220, 223-226, 249-252, 269-276, 300-301, 317-328,
    343-344, 386, 398-399, 411, 418-420; Response to Third Set of Requests, Searcy

27  Dec., Exh. 6 at Request Nos. 1-6.

28

EXHIBIT __12__

PAGE __166__

MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

1   purported re-definitions of Mattel's terms; the objections are boilerplate, and

2   improper. See A. Farber and Partners, 234 F.R.D. at 188 ("general or boilerplate

3   objections such as 'overly burdensome and harrassing' are improper—especially

4   when a party fails to submit any evidentiary declarations supporting such

5   objections."); Walker, 186 F.R.D. at 587 (boilerplate objections are "tantamount to

6   not making any objection at all.").   The limitations MGA Mexico purports to

7   unilaterally impose on its discovery obligations by redefining Mattel's terms should

8   be rejected.

9                  **1.     "YOU," "YOUR," and "MGA"**

10                  MGA Mexico objects to Mattel's definitions of "YOU," "YOUR" and

11  "MGA" and purports to limit Mattel's requests to "persons or entities who hold

12  themselves out to MGA Mexico as officers, employees, agents, subsidiaries or

13  divisions of MGA Mexico."[37] This limitation is unintelligible, and MGA Mexico

14  offers no support for it.  MGA Mexico must respond pursuant to the terms as

15  defined by Mattel. Chapman, 2002 WL 32854376, at *3.

16                 **2.     "MATTEL"**

17                  MGA Mexico's objection to the definition of "MATTEL" is likewise

18  meritless. It claims the term is "overbroad" and "vague and ambiguous," but it does

19  not explain why this is allegedly so.  Indeed, the Discovery Master has previously

20  overruled MGA's objection based on the definition of the term "MATTEL."[38]

21  _____

22  [37] Response to First Set of Requests, Searcy Dec., Exh. 2 at 5:20-21; Response to
23  Third Set of Requests, Searcy Dec., Exh. 6 at 5:8-7. See also Response to Second
     Set of Requests, Searcy Dec., Exh. 4 at 5:17-21 ("MGA Mexico will interpret the
24  terms "YOU" and "YOUR" and "MGA" to refer to all persons or entities who held
25  themselves out to MGA Mexico as directors, officers, employees, agents,
     contractors, subsidiaries, parents, partners, predecessors-in-interest or successors-in-
26  interest of MGA Mexico.").
27  [38]  See Phase 2 Discovery Matter Order No. 17, Searcy Dec., Exh. 15 at 20:4-26
     ("[T]he Discovery Master is not persuaded that MGA is unable to understand the
28         (footnote continued)

EXHIBIT __12__

PAGE __167__

1          **3.    "BRATZ"**

2          MGA Mexico's limitation of the definition of "BRATZ" to "the line of

3 dolls introduced to the market for sale in May or June of 2001 and subsequent dolls,

4 accessories and other products known as Bratz or associated with the Bratz line of

5 dolls" is also improper. Chapman, 2002 WL 32854376, at * 3. Such a restriction

6 would allow MGA Mexico to withhold documents relating to the design,

7 conception, and creation of Bratz, topics which are all highly relevant to this

8 lawsuit. The Discovery Master has already rejected the limitation posited by MGA

9 and compelled discovery that used Mattel's definition of "BRATZ." [39]

10          **4.    "MACHADO," TRUEBA," And "VARGAS"**

11          Mattel clearly defines "MACHADO," "TRUEBA" and "VARGAS" to

12 mean these individuals and persons acting on their behalf, pursuant to their authority

13 or subject to their control.[40] MGA Mexico's attempt to redefine these terms to mean

14 only "the individuals Carlos Gustavo Machado Gomez, Mariana Trueba Almada,

15 and Pablo Vargas San Jose" is unjustified. Chapman, 2002 WL 32854376, at * 3.

16          **5.    "FORMER MATTEL EMPLOYEE"**

17          Likewise, MGA Mexico's objection to the term "FORMER MATTEL

18 EMPLOYEE" on the grounds that it is "overbroad" and "vague and ambiguous" is

19 improper. MGA Mexico's attempt to limit the term "join" – where Mattel has

20

21 terms MATTEL and SALES. Accordingly, the definitional objections are

22 overruled.").

23 [39]   Phase 2 Discovery Matter Amended Order No. 11, Searcy Dec., Exh. 19 at 1-10 (compelling production of documents in response to Requests which used the

24 terms "BRATZ DOLL" and "BRATZ PRODUCT"); id. at n.4 (noting the definition of "BRATZ PRODUCT," which incorporates the term "BRATZ."). See also Order

25 Granting Mattel's Motion to Compel Production of Documents, dated January 26,

26 2007, Searcy Dec. Exh. 20 at 3, 8-9 (rejecting Bryant's attempt to limit the definition

27 of Bratz to the first generation dolls).

28 [40]   See First Set of Requests, Searcy Dec., Exh. 1 at 4:13-27.

EXHIBIT 12
PAGE 168

1   defined the term "FORMER MATTEL EMPLOYEE" to mean any employee "who

2   left MATTEL to join YOU" – to mean "work as a full time, salaried employee for"

3   is similarly improper and indefensible. <u>Chapman</u>, 2002 WL 32854376, at * 3. The

4   plain meaning of "join" is much broader. For example, "join" could also mean

5   "work as a full-time, hourly employee for," or "work as a part-time employee for."

### 6.   "MATTEL DOCUMENTS"

7        Mattel's definition of the term "MATTEL DOCUMENTS" clearly

8   indicates that the definition is not limited to the documents listed by Bates number

9   in the definition. MGA Mexico may not unilaterally limit the definition to the

10  documents listed in contravention of the clear language of the definition. <u>Chapman</u>,

11  2002 WL 32854376, at * 3. The Discovery Master recently rejected MGA's efforts

12  to withhold relevant information based on an almost identical objection.[41]

### 7.   "REFER OR RELATE TO"

14       MGA Mexico's objection that the term "REFER OR RELATE TO" is

15  "overbroad, unduly burdensome, and/or is vague and ambiguous" is improper.

16  MGA Mexico does not identify any way in which the term is overbroad,

17  burdensome, or vague and ambiguous. This objection should be overruled.

### 8.   "SYSTEM" And "SYSTEMS"

19       It is improper for MGA Mexico to limit the terms "SYSTEM" and

20  "SYSTEMS" to the examples listed in the definition, in spite of its clear language to

21  the contrary. MGA Mexico may not ignore the clear language of the definition in

22  order to limit its obligation to respond to discovery. <u>Chapman</u>, 2002 WL 32854376,

23  at * 3.

24

25

26

27  _____
    [41]  Phase 2 Discovery Matter Order No. 17, Searcy Dec., Exh. 15 at 20.

28

EXHIBIT 12
PAGE 169

-17-

**F.    Mattel's Requests Are Relevant to Phase 2 Claims and Defenses**

Each of Mattel's Requests is reasonably calculated to lead to the discovery of admissible evidence, as discussed below.

**1.    Requests Relating to MGA's Theft of Mattel's Trade Secret and Confidential Information**

Request Nos. 2-78, 126-137, and 144-148 from Mattel's First Set of Requests, and Request Nos. 223-224 (the "Trade Secret Requests") from Mattel's Second Set of Requests, are relevant to the trade secret and related claims in Mattel's Third Amended Answer and Counterclaims.  Mattel has alleged that MGA Mexico, along with the other MGA parties, engaged in an enterprise designed to steal confidential, trade secret, and proprietary information from Mattel and to disrupt Mattel's contractual and legal relations with its employees.[42]  In furtherance of this enterprise, the MGA parties, including MGA Mexico, poached employees from Mattel and persuaded them to steal Mattel confidential, trade secret and proprietary information before leaving the employ of Mattel to work for MGA.[43]  The MGA Parties then used the stolen information to compete unfairly with Mattel.  Indeed, in 2005, the year after Machado, Vargas and Trueba left Mattel for MGA Mexico, MGA Mexico increased its market share 90 percent over the previous year.[44]  This gain came at the expense of Mattel, which lost market share and was forced to increase advertising and promotional spending to offset further losses.[45]  Based on the MGA Parties' misconduct, Mattel has stated claims for (1) Intentional Interference with Contract, (2) Aiding and Abetting Breach of Fiduciary Duty, (3) Aiding and Abetting Breach of Duty of Loyalty, (4) Violation of the RICO Act, (5)

---

[42] See TAAC, Searcy Dec., Exh. 16 at ¶¶ 44-94.
[43] Id.
[44] Id. at ¶ 57.
[45] Id.

EXHIBIT _12_
PAGE _170_

1   Conspiracy to Violate the RICO Act, (6) Misappropriation of Trade Secrets, (7)

2   Conversion, and (8) Unfair Competition.

3             To support these claims, the Trade Secret Requests seek information

4   related to MGA's scheme to poach Mattel employees and steal Mattel's trade secrets.

5   For instance, the Trade Secret Requests seek information relating to:

6   • MGA Mexico's efforts to hire employees away from Mattel and its knowledge

7     of the legal and contractual duties those employees owed to Mattel;[46]

8   • removal of documents and information from Mattel by former Mattel

9     employees, the transmission of Mattel documents and information to MGA

10    Mexico, and MGA Mexico's possession of Mattel documents and

11    information;[47]

12

13

14

15   [46]   See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 78 ("All
     DOCUMENTS that REFER OR RELATE TO any effort by YOU to recruit
16   employees or contractors who have been or are employed by or who have worked
     for MATTEL since January 1, 1999, including but not limited to advertising, media
17   releases, brochures, articles, catalogs, handbooks, and public relations material.");
     Request No. 77 ("To the extent not covered by other Requests, all DOCUMENTS,
18   including without limitation all COMMUNICATIONS between YOU and any
19   PERSON, that REFER OR RELATE TO any agreement or contract between
20   MATTEL, on the one hand, and any former employee of MATTEL who has been
     hired, considered, solicited or interviewed for any position or potential position or
21   employment by YOU."). See also id. at Request Nos. 15-17, 19, 20-35, 76, 127, and
22   144-145.

23   [47]   See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 2 ("All
     DOCUMENTS or tangible things that any of the FORMER MATTEL
24   EMPLOYEES removed, sent or transferred from MATTEL or removed, deleted,
25   copied, reproduced or transferred from any MATTEL computer or electronic
     storage device."); Request No. 14 ("All DOCUMENTS given, sent or transmitted to
26   or shared with YOU from or by, whether directly or indirectly, any of the FORMER
27   MATTEL EMPLOYEES prior to April 20, 2004."). See also id. at Request Nos. 3-
     13, 18, 36-39, 53, 62, 65-69, 126, and 128-131.

28

EXHIBIT _12_

PAGE _171_

07975/3008831.2

-19-

1   • the elements of Mattel's claim for Misappropriation of Trade Secrets, such as

2   that the information derived independent economic value from not being

3   generally known, and MGA Mexico's own defenses to this claim;[48]

4   • MGA Mexico's use of Mattel's confidential and trade secret information to

5   compete unfairly with Mattel;[49]

6   • MGA Mexico's attempts to conceal its activities by destroying evidence.[50]

7

8   ───────────────

9   [48]   See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 58 ("All DOCUMENTS that YOU contend prove or that YOU will rely on in this ACTION

10  to prove that the information in the MATTEL DOCUMENTS does not derive

11  independent economic value from not being generally known to the public or other persons who can obtain economic value from its use."); Request No. 60

12  ("DOCUMENTS sufficient to IDENTIFY any MATTEL DOCUMENT in YOUR possession, custody or control that YOU contend does not contain information from

13  which PERSONS can obtain economic value from its disclosure and use."). See

14  also id. at Request Nos. 47-50, 55-57, 59-61 and 70-71.

15  [49]   See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 43 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS, that REFER

16  OR RELATE TO YOUR market planning or product development prepared,

17  created, sent or transmitted, whether in whole or in part, by MACHADO at any time prior to April 30, 2005."); Request No. 44 ("All DOCUMENTS, including but not

18  limited to all COMMUNICATIONS, that REFER OR RELATE TO YOUR market

19  planning or product development prepared, created, sent or transmitted, whether in whole or in part, by TRUEBA at any time prior to April 30, 2005."); Request No. 45

20  ("All DOCUMENTS, including but not limited to all COMMUNICATIONS, that

21  REFER OR RELATE TO YOUR promotional spending and activities prepared, created, sent or transmitted, whether in whole or in part, by VARGAS at any time

22  prior to April 30, 2005."). See also id. at Request Nos. 41, 46, 63-64, 72-75, and

23  146-148; Second Set of Requests, Searcy Dec., Exh. 3, at Request Nos. 223-224.

24  [50]   See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 132 ("All COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE

25  TO the retention or destruction of DOCUMENTS or DIGITAL INFORMATION between January 1, 1999 and the present."); Request No. 133 ("All DOCUMENTS

26  that REFER OR RELATE TO the retention or destruction policies, procedures and

27  practices for YOUR DOCUMENTS and DIGITAL INFORMATION that REFER OR RELATE TO BRATZ since January 1, 2003, including without limitation the

28  (footnote continued)

EXHIBIT __12__
PAGE __172__

MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

1   The Trade Secret Requests relate directly to claims and defenses in this case.  If, for

2   example, MGA Mexico possesses documents showing it has destroyed evidence to

3   conceal its wrongdoing, Mattel is clearly entitled to obtain such documents.

4   Likewise, if MGA Mexico possesses documents showing that it covertly

5   communicated with Mattel employees to convince them to steal Mattel trade secrets

6   and to work for MGA, Mattel is entitled to discover this information.  Mattel is

7   similarly entitled to discover documents showing that MGA Mexico used trade

8   secrets stolen from Mattel to compete unfairly with Mattel.  MGA Mexico's refusal

9   to produce such documents is indefensible.

10              2.    **Requests Relating to MGA's "Copycatting" and Other**

11                    **Unfair Competition Claims**

12              MGA has alleged that Mattel has "engaged in tortious, illegal and

13   unethical behavior [intended] to disrupt, if not destroy, MGA,"[51] including "serial

14   copycatting" of Bratz.[52]  MGA has further alleged that, as a result:

15          MGA has suffered…lost sales, lost licensing fees, lost contracts, lost

16          relationships, lost business opportunities and other damages and

17          harm…Its ability to enter new markets and product lines has been

18          hampered and delayed.  Its production costs have increased, its

19          reputation and relationships with important players in the industry

20          have been negatively impacted, the value of its business has been

21

22   ─────────────────

23   retention or destruction of DOCUMENTS and DIGITAL INFORMATION when (a)
     hardware is replaced, modified or upgraded and (b) when PERSONS leave YOUR

24   employ."); Request Nos. 134-135 (seeking information relating to "preservation,
     collection, destruction, removal, transfer, loss or impairment of MGA Mexico

25   documents and digital information).  See also id. at Request Nos. 40, 51-52.

26   [51]   Complaint for False Designation of Origin, dated April 13, 2005
     ("Complaint"), Searcy Dec., Exh. 17 at ¶ 98.

27   [52]   Id. at ¶ 33.

28

EXHIBIT _12_
PAGE _173_

Case 2:04-cv-09049-DOC-RNB   Document 6158-5   Filed 08/03/09   Page 82 of 119   Page ID
#:204566
Case 2:04-cv-09049-SGL-RNB   Document 5971   Filed 07/15/2009   Page 29 of 40

1   diminished, and its ability to attract, hire and retain employees has
2   been affected.[53]

3        Based on its allegation that Mattel has engaged in "serial copycatting"
4   of Bratz, MGA brought claims against Mattel for (1) False Designation of Origin or
5   Affiliation,[54] (2) Dilution,[55] and (3) Unjust Enrichment.[56]  MGA also brought a
6   claim against Mattel for Unfair Competition and Unfair Business Practices based on
7   allegations that Mattel has engaged in tortious acts intended to "disrupt, if not
8   destroy, MGA."[57]  Request Nos. 1 and 79-125 in Mattel's First Set of Requests (the
9   "MGA Claims Requests") are relevant to these allegations and these claims.

10        The MGA Claims Requests seek information to refute MGA's
11   allegations.  The Requests thus seek information about the "unique and inherently
12   distinctive look"[58] of Bratz that Mattel allegedly copied.[59]  The Requests also seek
13   information relating to MGA's damages allegations.  In particular, the Requests seek
14   information relating to MGA's allegations that it has suffered "lost sales, lost
15   licensing fees, lost contracts, lost relationships, lost business opportunities," and that
16   "[i]ts production costs have increased, its reputation and relationships with
17   important players in the industry have been negatively impacted, [and] the value of
18   its business has been diminished," because of Mattel's alleged unlawful conduct.[60]
19   For example, the MGA Claims Requests seek information regarding:

20

21   [53]  Id. at ¶ 100.
22   [54]  Id. at ¶ 101-108.
23   [55]  Id. at ¶ 119-123.
     [56]  Id. at ¶ 124-125.
24   [57]  Id. at ¶¶ 109-118.
     [58]  Id. at ¶ 36.
25   [59]  See First Set of Requests, Searcy Dec., Exh. 1, at Request No. 1 ("A sample
26   of each BRATZ PRODUCT including, without limitation, each BRATZ DOLL,
     sold by YOU or YOUR licensees.").
27   [60]  Complaint, Searcy Dec., Exh. 17 at ¶ 100.

28                                                        EXHIBIT _12_
                                                          PAGE _174_

07975/3008831.2
                                   -22-

1  • Bratz licensing fees;[61]

2  • sales of Bratz products;[62]

3  • revenue derived from Bratz;[63]

4  • costs related to Bratz;[64]

5  • profits from Bratz;[65]

6

7

8  _____

9  [61]  See First Set of Requests, Searcy Dec., Exh. 1, at Request No. 79
10  ("DOCUMENTS sufficient to IDENTIFY every PERSON who has entered into a BRATZ LICENSE with YOU or anyone acting on YOUR behalf.").

11  [62]  See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 80
12  ("DOCUMENTS sufficient to IDENTIFY by product name, product number and SKU each BRATZ PRODUCT including, without limitation, each BRATZ DOLL,
13  sold by YOU or YOUR licensees."); Request No. 81 ("DOCUMENTS sufficient to show the number of units of each BRATZ DOLL sold by YOU or YOUR
14  licensees."). See also id. at Request Nos. 90, 94, 97-98, 108, 114, 118 and 120.

15  [63]  See, e.g., First Set of Requests, Searcy Dec., Exh. 1, at Request No. 82
16  ("DOCUMENTS sufficient to show the revenue received by YOU from the sale of each BRATZ DOLL sold by YOU or YOUR licensees."); Request No. 91
17  ("DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each BRATZ DOLL sold by YOU or YOUR
18  licensees."). See also id. at Request Nos. 95, 97, 99, 109, 114-116, 118 and 121.

19  [64]  See, e.g., First Set of Requests, Searcy Dec., Exh. 1 at Request No. 83
20  ("DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU or YOUR licensees."); Request No. 92
21  ("DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU or
22  YOUR licensees."). See also id. at Request Nos. 97, 100, 110, 114, 117 and 118-
23  120.

   [65]  See, e.g., First Set of Requests, Searcy Dec., Exh. 1 at Request No. 84 ("All
24  DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR profits from the sale of each BRATZ DOLL sold by YOU or YOUR licensees."); Request
25  No. 93 ("All DOCUMENTS that evidence, reflect or REFER OR RELATE TO
26  YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL
27  sold by YOU or YOUR licensees."). See also id. at Request Nos. 96, 97, 101, 111, 114-116 and 118-121.

28

EXHIBIT _12_

PAGE _175_

MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

1    • MGA Mexico's relationship with and reputation among its Bratz business

2       partners;[66]

3    • the value of MGA Mexico's business and of the Bratz brand.[67]

4    The MGA Claims Requests relate directly to MGA's claims, and MGA Mexico

5    undoubtedly possesses documents relating to its Bratz sales, revenue, costs, profits

6    and so on.  Mattel is entitled to discover this information so that it can contest

7    MGA's claims.

8              **3.       Requests Relating to MGA's "Unclean Hands" Defense**

9              In its Amended Answer, MGA asserted "unclean hands" as an

10   affirmative defense.[68]  In support of this defense, MGA accuses Mattel of a long list

11   of bad behaviors.[69]  Request Nos. 1-420 from Mattel's Second Set of Requests (the

12   "Unclean Hands Requests") relate to these "unclean hands" allegations as follows:

13

14

15

16

---

17   [66]  See, e.g., First Set of Requests, Searcy Dec., Exh. 1 at Request No. 85 ("For

18   each customer to whom YOU or YOUR licensees have ever sold any BRATZ
     DOLL, DOCUMENTS sufficient to show the number of units of each such BRATZ

19   DOLL sold by YOU or YOUR licensees to that customer."); Request No. 86 ("For

20   each customer to whom YOU or YOUR licensees have ever sold any BRATZ
     DOLL, DOCUMENTS sufficient to show the revenue received by YOU from each

21   such BRATZ DOLL sold by YOU or YOUR licensees to that customer.").  See also

22   id. at Request Nos. 87-89, 102-107 and 112-113.

23   [67]  See, e.g., First Set of Requests, Searcy Dec., Exh. 1 at Request No. 122 ("All
     DOCUMENTS that REFER OR RELATE TO the value of the BRATZ brand.");

24   Request No. 123 ("DOCUMENTS sufficient to calculate YOUR net worth on a

25   yearly basis for each year from 2002 to the present.").  See also id. at Request Nos.
     124-125.

26   [68]  MGA Parties' Answer and Affirmative Defenses to Mattel Inc.'s Third

27   Amended Answer and Counterclaims, Searcy Dec., Exh. 18 at 21-22.
     [69]  Id.

28

EXHIBIT __12__

PAGE __176__

1    • Request Nos. 1-12 and 418-420 relate to MGA's allegation that Mattel
2    engaged in "efforts to undermine MGA's business and 'kill' Bratz at any
3    cost";[70]
4    • Request Nos. 13-24 relate to MGA's allegation that Mattel engaged in "efforts
5    to create negative publicity or press about MGA";[71]
6    • Request Nos. 25-41 relate to MGA's allegation that Mattel engaged in "efforts
7    to fund or commission market research or studies that portray Bratz or MGA
8    products negatively";[72]
9    • Request Nos. 42-70 relate to MGA's allegation that Mattel engaged in "efforts
10    to interfere with MGA's acquisition of or investment in [ZAPF]";[73]
11    • Request Nos. 71-88 relate to MGA's allegation that Mattel engaged in "efforts
12    to include negative references to MGA or Bratz on Mattel's 'We Believe in
13    Girls' website";[74]

14

15 ─────────────────

16    [70]    See, e.g., Second Set of Requests, Searcy Dec., Exh. 3 at Request No. 1 ("All
17 DOCUMENTS, including but not limited to all COMMUNICATIONS with any
PERSON, that REFER OR RELATE TO YOUR allegation that MATTEL engaged
18 in 'efforts to undermine MGA's business and to 'kill' Bratz at any cost.'").
19    [71]    See, e.g., id. at Request No. 13 ("All DOCUMENTS, including but not
limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
20 TO YOUR allegation that MATTEL engaged in 'efforts to create negative publicity
or press about MGA, MGA products, Bryant, Larian, or MGA employees.'").
21    [72]    See, e.g., id. at Request No. 25 ("All DOCUMENTS, including but not
22 limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
TO YOUR allegation that MATTEL engaged in 'efforts to fund or commission
23 market research or studies that portray Bratz or MGA products negatively.'").
24    [73]    See, e.g., id. at Request No. 42 ("All DOCUMENTS, including but not
25 limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
TO YOUR allegation that MATTEL engaged in 'efforts to interfere with MGA's
26 acquisition of or investment in [ZAPF].'").
27    [74]    See, e.g., id. at Request No. 71 ("All DOCUMENTS, including but not
28 limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
    (footnote continued)

EXHIBIT 12
PAGE 177

-25-
MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

1  • Request Nos. 89-90 relate to MGA's contention that Mattel's alleged acts are

2     not protected conduct;[75]

3  • Request Nos. 91-116 relate to MGA's allegation that Mattel engaged in

4     "efforts or inten[ded] to interfere with business dealings or contractual

5     relations between MGA and [SMOBY]";[76]

6  • Request Nos. 117-180 relate to MGA's allegation that Mattel "influenc[ed]

7     Nickelodeon to reject MGA advertisements or to limit time slots for

8     advertisements";[77]

9  • Request Nos. 181-200 relate to MGA's allegation that Mattel "assist[ed]

10    parties in lawsuits against MGA";[78]

11 • Request Nos. 201-226 relate to MGA's allegation that Mattel "monitor[ed],

12    'sp[ied] on' or gain[ed] knowledge of MGA's trade secrets, non-public

13 ———————————

14 TO YOUR allegation that MATTEL engaged in 'efforts to include negative
   references to MGA or Bratz on Mattel's 'We Believe in Girls' website.'").
15 [75]  Id. at Request No. 89 ("All DOCUMENTS that support any contention by
16 YOU that MATTEL'S acts that are the subject of any alleged defense of YOURS,
   including without limitation, YOUR alleged "unclean hands" defense, is not barred,
17 in whole or in part, by the Communications Decency Act."); Request No. 90 ("All
18 DOCUMENTS that support any contention by YOU that MATTEL'S acts that are
   the subject of any alleged defense of YOURS, including without limitation, YOUR
19 alleged "unclean hands" defense, is not barred, in whole or in part, by the First
20 Amendment to the United States Constitution.").
21 [76]  See, e.g., id. at Request No. 91 ("All DOCUMENTS, including but not
   limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
22 TO YOUR allegation that MATTEL engaged in 'efforts or inten[ded] to interfere
23 with business dealings or contractual relations between MGA and [SMOBY].'").
   [77]  See, e.g., id. at Request No. 117 ("All DOCUMENTS, including but not
24 limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
25 TO YOUR allegation that MATTEL 'influenc[ed] Nickelodeon to reject MGA
   advertisements or to limit time slots for advertisements.'").
26 [78]  See, e.g., id. at Request No. 181 ("All DOCUMENTS, including but not
27 limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
   TO YOUR allegation that MATTEL 'assist[ed] parties in lawsuits against MGA.'").
28

EXHIBIT  12

PAGE  178

1    information, non-public activities, unreleased products, and product

2    development";[79]

3    • Request Nos. 227-252 relate to MGA's allegation that Mattel "gain[ed]

4    access, or attempt[ed] to gain access, to MGA showrooms, Plan-o-Grams,

5    merchandising displays [and] Toy Fair displays on false pretenses";[80]

6    • Request Nos. 253-276 relate to MGA's allegation that Mattel "wrongfully

7    obtain[ed] MGA's costs and sales information through Mattel-employed

8    category managers at retailers";[81]

9    • Request Nos. 277-301 relate to MGA's allegation that Mattel "induc[ed] non-

10    party customers to breach confidentiality agreements with MGA and divulge

11    non-public information about MGA's unreleased products";[82]

12    • Request Nos. 302-327 relate to MGA's allegation that Mattel "covertly

13    investigat[ed] MGA, its officers and employees, and their family members";[83]

14

---

15    [79] See, e.g., id. at Request No. 201 ("All DOCUMENTS, including but not

16    limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

17    TO YOUR allegation that MATTEL 'monitor[ed], 'sp[ied] on' or gain[ed]
knowledge of MGA's trade secrets, non-public information, non-public activities,

18    unreleased products, and product development.'").

19    [80] See, e.g., id. at Request No. 227 ("All DOCUMENTS, including but not
limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

20    TO YOUR allegation that MATTEL 'gain[ed] access, or attemp[ed] to gain access,

21    to MGA showrooms, Plan-o-Grams, merchandising displays [and] Toy Fair displays
on false pretenses.'").

22    [81] See, e.g., id. at Request No. 253 ("All DOCUMENTS, including but not
limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

23    TO YOUR allegation that MATTEL 'wrongfully obtain[ed] MGA's costs and sales

24    information through Mattel-employed category managers at retailers.'").

25    [82] See, e.g., id. at Request No. 277 ("All DOCUMENTS, including but not
limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

26    TO YOUR allegation that MATTEL 'induc[ed] non-party customers to breach

27    confidentiality agreements with MGA and divulge non-public information about
MGA's unreleased products.'").

28

EXHIBIT 12
PAGE 179

1    • Request Nos. 329-344 relate to MGA's allegation that Mattel "contact[ed]
2        persons under false pretenses in order to interrogate them about Bratz and this
3        litigation";[84]
4    • Request Nos. 345-364 relate to MGA's allegation that Mattel "coerc[ed] its
5        employees to accept restrictive covenants (right before a massive layoff) and
6        non-compete clauses and other efforts to prevent prospective MGA
7        employees from accepting offers of employment";[85]
8    • Request Nos. 365-368 relate to MGA's allegation that Mattel "delay[ed] in
9        suing Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify in an
10       unrelated Mattel case";[86]
11   • Request Nos. 369-386 relate to MGA's allegation that Mattel "falsely
12       inflat[ed] its Barbie sales figures in an effort to mislead the public and
13       retailers";[87]

14   _____

15   [83]   See, e.g., id. at Request No. 302 ("All DOCUMENTS, including but not
16   limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
17   TO YOUR allegation that MATTEL 'covertly investigat[ed] MGA, its officers and
     employees, and their family members.'").
18   [84]   See, e.g., id. at Request No. 329 ("All DOCUMENTS, including but not
19   limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
     TO YOUR allegation that MATTEL 'contact[ed] persons under false pretense in
20   order to interrogate them about Bratz and this litigation.'").
21   [85]   See, e.g., id. at Request No. 345 ("All DOCUMENTS, including but not
     limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
22   TO YOUR allegation that MATTEL 'coerc[ed] its employees to accept restrictive
     covenants (right before a massive layoff) and non-compete clauses and other efforts
23   to prevent prospective MGA employees from accepting offers of employment.'").
24   [86]   See, e.g., id. at Request No. 365 ("All DOCUMENTS, including but not
     limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
25   TO YOUR allegation that MATTEL 'delay[ed] in suing Carter Bryant because, *inter
26   alia*, Mattel wanted Bryant to testify in an unrelated Mattel case.'").
27   [87]   See, e.g., id. at Request No. 369 ("All DOCUMENTS, including but not
     limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
28       (footnote continued)

EXHIBIT 12
PAGE 180

-28-
MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

1    • Request Nos. 328 and 387-399 relate to MGA's allegation that Mattel "[took]
2       all measures to conceal its bad acts, including the willful non-retention and
3       destruction of documents";[88]

4    • Request Nos. 400-403 relate to MGA's allegation that Mattel "believed from
5       the time that Carter Bryant left Mattel's employ that he was going to perform
6       work for a Mattel competitor";[89]

7    • Request Nos. 404-411 relate to MGA's allegation that Mattel "began
8       investigating Bryant and MGA Defendants, including Bryant's role in the
9       creation and development of Bratz, at least as early as March 2002";[90]

10    • Request Nos. 412-417 relate to MGA's allegation that "Mattel's counterclaims
11      are barred in whole or in part by Mattel unclean hands and wrongful hands."[91]

12

13

14

15     TO YOUR allegation that MATTEL 'falsely inflat[ed] its Barbie sales figures in an effort to mislead the public and retailers.'").

16     [88]  See, e.g., id. at Request No. 387 ("All DOCUMENTS, including but not
17     limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
18     TO YOUR allegation that MATTEL '[took] all measures to conceal its bad acts, including the willful non-retention and destruction of documents.'").

19     [89]  See, e.g., id. at Request No. 400 ("All DOCUMENTS, including but not
20     limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE
21     TO YOUR allegation that MATTEL 'believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor.'").

22     [90]  See, e.g., id. at Request No. 404 ("All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE

23     TO YOUR allegation that MATTEL 'began investigating Bryant and MGA
24     Defendants, including Bryant's role in the creation and development of Bratz, at least as early as March 2002.'").

25     [91]  See, e.g., id. at Request No. 412 ("To the extent not produced in response to
26     any other Request for Production, all DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, that REFER OR RELATE TO YOUR
27     allegation that 'Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful hands.'").

28

EXHIBIT __12__

PAGE ___181___

07975/3008831.2

1    These Requests seek to discover evidence relating to the MGA Parties'
2   own claimed defenses and allegations.  The Requests also seek information relating
3   to whether MGA Mexico has itself engaged in any of the conduct it accuses Mattel
4   of, though MGA Mexico has refused to produce documents responsive to such
5   Requests.[92]  This is all information that Mattel is entitled to discover based on the
6   allegations in MGA's "unclean hands" defense.

7        **4.    Requests Relating the Scope of MGA Mexico's Search for**
8             **Responsive Documents**

9    Request Nos. 137-139 and 141 in Mattel's First Set of Requests and
10  Request Nos. 1-6 in Mattel's Third Set of Requests seek information regarding the
11  scope of MGA Mexico's search for documents and whether it has been reasonably
12  calculated to located responsive documents.  For instance, Request No. 139 in
13  Mattel's First Set of Requests seeks information about MGA Mexico's electronic
14  message systems, which will provide relevant information about the existence and
15  location of discoverable information and allow Mattel to evaluate whether MGA
16  Mexico has conducted a sufficiently thorough search for documents relating to
17  MGA Mexico's communications with Mattel employees and theft of confidential
18  Mattel information.  Under the Federal Rules, information relating to the location of
19  MGA Mexico information and the scope of MGA Mexico's search for documents is
20  discoverable.  See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery
21  regarding…the existence, description, nature, custody, condition, and location of
22  any documents or other tangible things…").  Request Nos. 1-6 in Mattel's Third Set
23  of Requests seek information relating to the identity, location, and contents of MGA
24  Mexico's document storage facilities, which constitutes discoverable information for
25  the same reason.

26
27   [92]   See, e.g., Response to Second Set of Requests, Searcy Dec., Exh. 4 at
28  Request Nos. 9-12, 38-41, 111-114, 148, 249-252, and 321-327.


EXHIBIT 12

PAGE 182

-30-

5.  **Requests Relating to MGA's Defenses and to Information on**
    **Which MGA Intends to Rely in This Action**

Request No. 140 in Mattel's First Set of Requests is relevant to MGA
Mexico's Phase 2 defenses.  It seeks "All DOCUMENTS and tangible things
REFERRING OR RELATING TO YOUR defenses in this ACTION."  If a
documents relates to MGA Mexico's defenses in this action, it is clearly relevant
information which Mattel is entitled to discover.  MGA Mexico has nevertheless
objected to this Request on the grounds that "it seeks documents not relevant to the
claims or defenses in this action...."[93]  Such an objection cannot be sustained.

Similarly, Request Nos. 142 and 142 in Mattel's First Set of Requests
seek "all DOCUMENTS and tangible things upon which YOU intend to rely to
support YOUR defenses in this ACTION" and "all DOCUMENTS and tangible
things upon which YOU intend to rely in this ACTION."  By definition, these
Requests seek only relevant information.  Again, however, MGA Mexico has
refused to produce such documents, claiming that the Requests seek "documents not
relevant to the claims or defenses in this action...."[94]  MGA Mexico's frivolous
objections should be overruled and MGA Mexico should be compelled to produce
these documents.

II.  **MGA MEXICO SHOULD BE SANCTIONED FOR ITS WILLFUL**
     **REFUSAL TO COMPLY WITH ITS DISCOVERY OBLIGATIONS**

Under the Federal Rules, a party bringing a motion to compel is entitled
to the "reasonable expenses incurred in making the motion, including attorney's
fees," unless the court finds that the motion was filed without the movant's first
making a good faith effort to obtain the discovery without court action, or "that the
opposing party's nondisclosure, response or objection was substantially justified," or

---

[93] Response to First Set of Requests, Searcy Dec., Exh. 2 at Request No. 140.
[94] Id. at Request Nos. 142-143.

EXHIBIT _12_
PAGE _183_

1   that "other circumstances make an award of expenses unjust." <u>Fed. R. Civ. P.</u>

2   37(a)(5).  The burden of establishing substantial justification is on the party being

3   sanctioned.  <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1171 (9th Cir. 1994).

4   Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides

5   that "[a]ny attorney...who so multiplies the proceedings in any case unreasonably

6   and vexatiously may be required by the court to satisfy personally the excess costs,

7   expenses, and attorney's fees reasonably incurred because of such conduct."

8   Sanctions under this section are appropriate "for conduct that, viewed objectively,

9   manifests either intentional or reckless disregard of the attorney's duties to the

10   court." <u>RTC v. Dabney</u>, 73 F.3d 262, 265 (10th Cir. 1995) (citing <u>Braley v.</u>

11   <u>Campbell</u>, 832 F.2d 1504, 1512 (10th Cir. 1987)).

12          MGA Mexico has not only refused to respond to discovery, it has

13   apparently failed to produce documents in response to *any* of Mattel's Requests --

14   withholding even documents supporting its own claims and defenses.  MGA Mexico

15   thus bears the burden of justifying a total failure to respond to discovery, yet it has

16   not provided any justification other than generic, boilerplate objections.

17   Furthermore, MGA Mexico has attempted to further delay its production of

18   documents with its spurious request that *Mattel* identify the Requests for which

19   MGA Mexico has failed to produce documents, which has the burden exactly

20   backwards.  Mattel respectfully requests that MGA Mexico be ordered to pay $5000

21   as partial reimbursement for the fees and costs Mattel has incurred in brining this

22   motion.

### Conclusion

24          For the foregoing reasons, Mattel respectfully requests that the

25   Discovery Master (1) compel MGA Mexico to produce all non-privileged

26   documents in MGA Mexico's custody, possession, or control that are responsive to

27   Mattel's First, Second, and Third Sets of Requests for Production to MGA Mexico ,

28   (2) compel MGA Mexico to provide Mattel with a privilege log sufficient for Mattel

EXHIBIT 12
PAGE 184

-32-

1    to assess the validity of MGA Mexico's privilege claims with respect to all

2    documents withheld on privilege grounds, (3) overrule all of MGA Mexico's

3    objections to the Requests, and (4) impose sanctions in the amount of $5000.

4

5    DATED:  July 15, 2009                    QUINN EMANUEL URQUHART OLIVER &
                                             HEDGES, LLP
6

7                                            By/s/ Marshall M. Searcy III
8                                                 Marshall M. Searcy III
                                                 Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                           EXHIBIT _12_

28                                           PAGE __185__

07975/3008831.2

-33-

MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS

# EXHIBIT 13

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:  +1-415-773-5700
    Facsimile:  +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:  +1-213-612-2499
11
    Attorneys for MGA Parties
12

13                    UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15                          EASTERN DIVISION

16  | CARTER BRYANT, an individual, | Case No. CV 04-9049 SGL (RNBx) |

17  | Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |

18  | v. | |

19  | MATTEL, INC., a Delaware Corporation, | **DISCOVERY MATTER** [To Be Heard By Discovery Master Robert C. O'Brien] |

20  | | |

21  | Defendant. | **MGA PARTIES' OPPOSITION TO MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS IN RESPONSE TO MATTEL'S FIRST, SECOND, AND THIRD SETS OF REQUESTS FOR PRODUCTION TO MGA MEXICO** |

22  | | |

23  | AND CONSOLIDATED ACTIONS | |

24  | | |

25  | | Date:      TBD |

26  | | Time:      TBD Place:     Arent Fox LLP |

27  | | **Phase 2:** Disc. Cut-off:   Dec. 11, 2009 |

28  | | Pre-trial Con.:  Mar. 1, 2010 Trial Date:  Mar. 23, 2010 |

EXHIBIT   13
PAGE   186

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................... 1
II.   STATEMENT OF FACTS........................................................ 2
III.  MATTEL'S MOTION SHOULD BE DENIED IN ITS ENTIRETY ........... 4
      A.    Mattel's Motion to Compel is Unreasonable and Improper ................. 4
      B.    Mattel's Motion Is Procedurally Defective............................................ 7
      C.    Mattel's Requests Are Improper.......................................................... 8
            1.    Mattel's Defined Terms Are Objectionable .............................. 9
            2.    Mattel's Requests Seek Irrelevant Information ...................... 12
            3.    Mattel's Requests Are Overbroad and Unduly
                  Burdensome ...................................................................... 14
      D.    MGA Mexico's Objections To The Requests Are Proper................. 16
IV.   MATTEL SHOULD BE SANCTIONED.................................... 17
V.    CONCLUSION ............................................................... 19

EXHIBIT __13__
PAGE __187__

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE - THREE)
CV-04-0049 SGL (RNBX)

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Davis v. Kissinger*,
   2009 U.S. Dist. LEXIS 2828 (E.D. Cal. Jan. 8, 2009) ......................................14

*Epstein v. MCA, Inc.*,
   54 F.3d 1422 (9th Cir. 1995) ..........................................................................12

*Equal Rights Ctr. v. Archstone-Smith Trust*,
   251 F.R.D. 168 (D. Md. 2008) ..........................................................................5

*Estate of Young v. Holmes*,
   134 F.R.D. 291 (D. Nev. 1991) .......................................................................16

*Haensel v. Chrysler Corp.*,
   1997 U.S. Dist. LEXIS 13160 (E.D. La. Aug. 22, 1997)...............................17

*Kilgore v. Mandeville*,
   2009 U.S. Dist. LEXIS 29203 (E.D. Cal. Mar. 26, 2009)................................8

*O'Brien v. Maui County*,
   2002 U.S. App. LEXIS 10835 (9th Cir. May 6, 2002) ....................................14

*United States v. International Union of Petroleum & Indus. Workers*,
   870 F.2d 1450 (9th Cir. 1989) ...........................................................................9

*Westhemeco, Ltd. v. New Hampshire Ins. Co.*,
   82 F.R.D. 702 (S.D.N.Y. 1979)........................................................................14

## RULES

Fed. R. Civ. P.
   26 ........................................................................................................................8
   26(b)(1) ..............................................................................................................8
   26(b)(2)(C)(i)......................................................................................................5
   34 ........................................................................................................................8
   34(a) ...................................................................................................................8

EXHIBIT ___13___
PAGE ___188___

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

1   Plaintiff and Counter-Defendant MGA Entertainment, Inc. and

2   Counter-Defendants MGA Entertainment HK, Ltd., MGAE de Mexico S.R.L. de

3   C.V., and Isaac Larian ("MGA Parties") respectfully submit this Opposition to

4   Defendant Mattel, Inc.'s ("Mattel") Motion to Compel the Production of

5   Documents and Things responsive to Mattel's First, Second and Third Sets of

6   Requests for Production.

7   **I.   INTRODUCTION**

8   Mattel is currently seeking to compel production of documents by

9   MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico") in response to more than

10   650 document requests,[1] including nearly 600 separate document requests in this

11   motion alone.

12   More than 4.2 million pages of documents have already been produced

13   by the MGA Parties.  With this amount of production, it is hard to imagine how

14   each and every one of the almost 600 requests at issue in this motion is not

15   duplicative of earlier discovery.  Moreover, by not eliminating even one single

16   request or agreeing to any limitation of the language therein, Mattel apparently

17   believes it has written almost 600 requests that are relevant, narrowly tailored and

18   not unnecessarily burdensome.

19   Moreover, Mattel cannot make any such showing of relevance by

20   simply asserting that hundreds of requests are relevant to broad issues in the case.

21   Mattel has made no effort to justify the relevance of any particular requests, as the

22   law requires.  Instead, Mattel hopes that if the Court finds its requests overbroad,

23   the court will rewrite Mattel's requests so that the requests require the production

24

25   ――――――――――
[1] On July 15, 2009, Mattel filed two separate motions to compel production by MGA Mexico. Docket Document Nos. 5791 and 5792.  The instant motion to compel seeks production of documents in response to each and every document request included in its First, Second and Third sets of requests for production, for a total of 574 requests.  The second motion to compel seeks production of documents in response to each and every document request included in Mattel's First Set of "Phase Two" requests for production, including 83 requests.  Together, the motions seek to compel production in response to 657 separate requests.

OHS West:260697810.1                    - 1 -         OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                                                      BY MGA MEXICO (SETS ONE – THREE)
                                                      CV-04-0049-SGL (RNBx)

EXHIBIT 13
PAGE 189

1    only of relevant information.  The Court should not do Mattel's work, and, instead

2    should deny this Motion.  At this juncture, Mattel should be required to examine its

3    requests and the documents already available to it (either publicly or through the

4    MGA Parties' numerous productions) and identify which of its requests are relevant

5    to the remaining claims and defenses in this case and have not already received a

6    response.  Alternatively, Mattel should be required to re-propound more narrowed

7    requests that seek only discoverable information.  To force MGA Mexico to

8    produce documents in response to each of the almost 600 requests at issue here

9    would be unfair and wasteful, and would require MGA Mexico to expend

10   innumerable hours to reproduce documents that have already been produced and are

11   available to Mattel.

12   **II.    STATEMENT OF FACTS**

13          Discovery in this case has been ongoing for years.  Mattel has

14   propounded nearly 3,000 requests for production to the MGA Parties.  In response,

15   the MGA Parties have produced more than 4.2 million documents.  However,

16   Mattel wants to use the reopening of Phase 2 discovery as an opportunity to badger

17   MGA Mexico into reproducing thousands of documents already produced in this

18   action, either by MGA Mexico or by another MGA party.

19          Specifically, Mattel seeks to compel the production of documents by

20   MGA Mexico for each and every request for production included in its First,

21   Second and Third Requests for Production of Documents.  Mattel's First Set of

22   Requests includes 148 documents.  Mattel's Second Set of Requests includes

23   420 separate requests.  Mattel's Third Set of Requests includes six requests.  Each

24   of the document requests included in the Second and Third Set of Requests was

25   also served on MGA Entertainment.[2]  MGA Mexico served timely and detailed

26   ───────────────────────

27   [2] *Compare* Mattel, Inc.'s Second Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., Declaration of Marshall M. Searcy III in Support of Mattel, Inc.'s Motion to Compel MGA Mexico to Produce Documents

28   and Things Responsive to Mattel's First, Second and Third Sets of Requests for Production to MGA Mexico ("Searcy Dec."), Ex. 3, *and* Mattel, Inc.'s Third Set of

OHS West:260697810.3

EXHIBIT __13__   - 2 -

PAGE __190__

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBX)

1    objections to each of these sets of requests. MGA Mexico also agreed to produce

2    documents in response to 309 separate requests.

3            In April 2, 2009, Mattel sent a letter to MGA Mexico demanding the

4    production of all documents responsive to each of the 574 document requests

5    included in the three sets.[3] Mattel's letter asserted that not a single one of MGA

6    Mexico's objections was well-received. Moreover, Mattel asserted that MGA

7    Mexico had not yet produced a single document in this case.

8            During the meet-and-confer process, MGA Mexico explained that

9    Mattel was incorrect.[4] First, MGA Mexico explained that it had agreed to produce

10   documents in response to 309 of the requests at issue. Moreover, MGA Mexico

11   explained that documents from MGA Mexico had, in fact, been previously

12   produced in the action and were available to Mattel. Still not satisfied, Mattel

13   insisted that MGA Mexico identify each and every document within the more than

14   4 million pages of MGA's production that MGA Mexico had individually

15   produced.[5]

16           Moreover, with respect to the remaining 165 requests, where MGA

17   Mexico had previously refused to produce documents, MGA Mexico indicated that

18   it would consider a compromise with Mattel.[6] MGA Mexico asked Mattel to

19
20   Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., Searcy
     Dec., Ex. 5, *with* Mattel, Inc.'s Sixth Set of Request for Documents and Things to
     MGA Entertainment, Inc., Declaration of William A. Molinski in Support of MGA
21   Parties' Opposition to Mattel, Inc.'s Motion to Compel MGA Mexico to Produce
     Documents and Things Responsive to Mattel's First, Second and Third Sets of
22   Requests for Production to MGA Mexico ("Molinski Dec."), Ex. A *and* Mattel,
     Inc.'s Seventh Set of Request for Documents and Things to MGA Entertainment,
23   Inc., Molinski Dec., Ex. B.

24   [3] Letter from Marshall Searcy to Amman Khan, dated April 2, 2009, Searcy Dec.,
     Ex. 7.
25   [4] Letter from Amman Khan to Marshall Searcy, dated April 9, 2009, Searcy Dec.,
     Ex. 8.
26   [5] Letter from Marshall Searcy to Amman Khan, dated April 10, 2009, Searcy Dec.,
     Ex. 9; letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy
27   Dec., Ex. 11.
     [6] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy Dec.,
28   Ex. 11.

1   identify which of those remaining requests Mattel still considered to be relevant and

2   not within the documents produced by the MGA Parties. Rather than make any

3   similar gesture of compromise, Mattel simply demanded production in response to

4   each and every one of the 165 remaining requests.[7] Mattel's motion also illustrates

5   its unwillingness to compromise, as it includes not only the 165 remaining requests,

6   but also the 309 requests to which MGM Mexico had previously agreed.

7   **III.   MATTEL'S MOTION SHOULD BE DENIED IN ITS ENTIRETY.**

8          **A.   Mattel's Motion to Compel is Unreasonable and Improper.**

9                The fact that Mattel is seeking to compel production with respect to

10  almost 600 document requests in this single motion demonstrates the burden that

11  Mattel is attempting to place on MGA Mexico. Add to this the fact that Mattel has

12  refused to narrow or limit even a single one of these requests, and the bravado of

13  Mattel's motion becomes too much.

14               First, MGA Mexico has served more than 1,000 pages of detailed

15  objections to the 574 requests.[8] However, Mattel's meet-and-confer efforts and its

16  motion wholly disregard them. Rather than respond to any of MGA Mexico's

17  objections in context, Mattel argues that each and every objection asserted by MGA

18  Mexico is improper. Not only is this unpersuasive where the text of the request

19  itself is absent, it is remarkable that Mattel believes that each and every one of its

20  574 requests at issue is wholly unobjectionable.

21               Second, there has been significant disclosure already made with

22  respect to the requests at issue. Importantly, MGA Mexico has agreed to produce

23  documents in response to more than 300 of the requests at issue.[9] Additionally,

24  _____

   [7] *Id.*

25  [8] MGA Mexico's Objections and Responses to Mattel Inc.'s First Set of Requests
    for Documents and Things, Searcy Dec., Ex. 2; MGA Mexico's Response to
26  Mattel, Inc.'s Second Set of Requests for Documents and Things, Searcy Dec.,
    Ex. 4; MGA Mexico's Response to Mattel, Inc.'s Third Set of Requests for
27  Documents and Things, Searcy Dec., Ex. 6.
    [9] Accordingly, the motion is moot with respect to those 309 requests (Mattel, Inc.'s
28  Second Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de

EXHIBIT __13__

PAGE __192__

1    many of the discovery requests at issue are duplicative of those served on other

2    MGA Parties.[10] The MGA Parties have produced more than 4.2 million pages of

3    documents in response to these and other requests for production propounded by

4    Mattel.[11] However, Mattel wants to wholly disregard this production, including the

5    documents it knows have already been produced, and require MGA Mexico to

6    reproduce the documents.[12] For example, Mattel insists that MGA Mexico has not

7    produced any documents in this action, even though Mattel has previously

8    acknowledged that it has received a "CD contain[ing] the documents seized by

9    Mexican authorities from MGA's office in Mexico."[13] This admission is even more

10   significant given the fact that Mattel is seeking to compel production of documents

11   "seized by Mexican authorities from [MGA Mexico's] office."[14] Additionally,

12   Mattel has refused to conduct simple searches in the documents already produced,

13   which would demonstrate that MGA Mexico documents have been produced.[15]

14   Accordingly, Mattel's insistence on duplicative production by MGA Mexico should

15   be denied because "the discovery sought is unreasonably cumulative or

16   duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i); *Equal Rights Ctr. v. Archstone-Smith*

17

18   C.V. ("Second Set of Requests"), Nos. 1-8, 13-22, 25, 42-25, 54-58, 61, 71-85, 89-
     96, 101-104, 106, 117-147, 151-167, 174-175, 177-179, 181-192, 195-199, 201-
19   219, 221-222, 227-248, 253-267, 277-299, 302-316, 329-343, 345-385, 387-398,
     400-410, 412-418). The only requests properly at issue are Mattel, Inc.'s First Set
20   of Requests for Documents and Things to MGAE de Mexico. S.R.L. de C.V. ("First
     Set of Requests"), Nos. 1-148; Second Set of Requests, Nos. 9-12, 23-24, 26-41,
21   46-53, 59-60, 62-70, 86-88, 97-100, 105, 107-116, 148-150, 168-173, 176, 180,
     193-94, 200, 220, 223-226, 249-252, 268-276, 300-301, 317-328, 344, 386, 399,
22   411, 419-420, and Mattel, Inc.'s Third Set of Requests for Documents and Things
     to MGAE de Mexico. S.R.L. de C.V. ("Third Set of Requests"), Nos. 1-6.
23   [10] *See* footnote 2, *supra.*
     [11] Letter from Amman Khan to Marshall Searcy, dated April 9, 2009, Searcy Dec..
24   Ex. 8.
     [12] Letter from Marshall Searcy to Amman Khan, dated April 2, 2009, Searcy Dec.,
25   Ex. 7.
     [13] Letter from Jon Corey to Andrew Temkin, dated February 4, 2008, Molinski
26   Dec., Ex. C.
     [14] First Set of Requests, No. 6.
27   [15] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy Dec.,
28   Ex. 11.

EXHIBIT __13__

PAGE __193__

1    *Trust*, 251 F.R.D. 168, 172 (D. Md. 2008) (denying motion to compel because

2    burden was unjustified where the requesting party already had information or it

3    could be obtained through a less burdensome and expensive method).

4            Despite this background, Mattel insists that MGA Mexico's production

5    of documents in response to the 574 requests is necessary and neither unreasonably

6    duplicative nor unduly burdensome. Given the volume of documents already

7    produced, it is clear that Mattel has not given any consideration to whether the

8    specific requests at issue are still relevant or necessary. At best, Mattel seeks to

9    justify relevance of the general topic or subject matter of the request.[16] However,

10   the propriety of a request is not judged by whether the request relates to a relevant

11   topic, but whether the request, as worded, seeks only relevant information. Mattel

12   should not be allowed to continue to badger all of the MGA Parties to produce

13   documents that have already been produced in this action.

14           Mattel's argument that MGA Mexico's possession of documents holds

15   specific importance is insufficient to support each one of the almost 600 requests.

16   In almost every instance, it is irrelevant if an MGA-created document is in the

17   possession of MGA Mexico. Additionally, MGA Mexico's possession of non-

18   MGA created documents does not have significance for all claims in this action.

19   For example, Mattel's motion argues that 420 requests relate to the MGA Parties'

20   affirmative defense of unclean hands. This defense relates to actions taken by

21   Mattel, not MGA, and thus, the possession of any documents relating to Mattel's

22   impermissible actions is of no importance. Whether MGA Mexico or MGA

23   Enterprises is in possession of the evidence relating to Mattel's impermissible

24   conduct is immaterial; the important fact is Mattel's action. Given the limited

25   relevance of possession, it is an insufficient basis for Mattel's argument that MGA

26

---

27   [16] *See* Memorandum of Points and Authorities in Support of Mattel Inc.'s Motion to Compel MGA Mexico to Produce Documents and Things in Response to Mattel's

28   First, Second, and Third Sets of Requests for Production to MGA Mexico ("Mattel's Motion to Compel"), pp. 18-31.

OHS West:260697810.3

EXHIBIT **13**    - 6 -

PAGE **194**

1   Mexico must reproduce documents in response to all 574 document requests at

2   issue here.

3          Moreover, it is clear from the face of many documents produced

4   whether it was in the possession of MGA Mexico.[17]  Not only is it clear that the

5   document belongs to MGA Mexico if it is written in Spanish, other documents,

6   such as e-mails and memoranda, which list the authors and recipients, provide

7   information sufficient for Mattel to determine whether the documents were in MGA

8   Mexico's possession.  Alternatively, Mattel may serve other discovery requests,

9   such as interrogatories, to verify whether MGA Mexico had possession of any

10  particular document.

11         Mattel's representation that more than 400 requests are relevant to the

12  issue of unclean hands is also demonstrative of the absurdity of its position.  If

13  Mattel is to be believed that more than 400 requests are properly aimed at this

14  specific affirmative defense, it would be reasonable to extrapolate from that

15  representation that Mattel believes it should be permitted to propound more than

16  14,000 requests for production in relation to the 35 affirmative defenses asserted by

17  the MGA Parties alone, to say nothing of the affirmative claims of any party.

18  (Moreover, according to Mattel's motion, it should be permitted to serve all of the

19  14,000 requests on each of the MGA Parties individually and require separate

20  productions by each MGA party.)  Such posturing should make it clear that

21  Mattel's requests and this motion to compel are wholly unreasonable and amount to

22  an attempt to harass MGA Mexico.

23      **B.    Mattel's Motion Is Procedurally Defective.**

24         Mattel's motion should be denied because it has not provided the

25  necessary information for each of the 574 requests.  It is Mattel's "burden to

26  inform[] the court which discovery requests are the subject of [its] motion to

27  ─────────────────────────
[17] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy Dec.,

28  Ex. 11.

OHS West:260697810.3                    - 7 -          OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                                                       BY MGA MEXICO (SETS ONE - THREE)
                                                       CV-04-0049 SGL (RNBx)

EXHIBIT __13__
PAGE __195__

1    compel, which of defendants' responses are disputed, why [it] believes defendants'

2    responses are deficient, why defendants' objections are not justified, and why the

3    information [it] seeks through discovery is relevant to the prosecution of this

4    action." *Kilgore v. Mandeville*, 2009 U.S. Dist. LEXIS 29203, at *5-*6 (E.D. Cal.

5    Mar. 26, 2009).  It simply is not enough for Mattel to broadly categorize its requests

6    and summarily dismiss each of MGA Mexico's detailed objections and responses to

7    the requests.  Moreover, Mattel has not presented any information to demonstrate

8    the insufficiency of documents produced in response to its demands.  At this stage

9    in the case, with more than 4.2 million pages of documents at its disposal, Mattel

10   should be required to specifically justify each of the 574 requests at issue.

11          The lack of information provided by Mattel and the burden imposed by

12   Mattel's motion is demonstrated by Mattel's lack of a separate statement.  Mattel

13   buries in a footnote the fact that it has intentionally opted not to prepare a separate

14   statement.[18]  The fact that Mattel declined to present a separate statement speaks

15   volumes about the unreasonableness of its position that production in response to

16   each of the requests is not unduly burdensome.  If it is too burdensome for Mattel to

17   even type each of the requests (and MGA Mexico's detailed objections), Mattel

18   cannot argue in good faith that the production that it is requesting is not unduly

19   burdensome.

20          C.    **Mattel's Requests Are Improper.**

21          Mattel argues that it is the master of its demands; however, its

22   demands are limited by the bounds of Federal Rules of Civil Procedure, including

23   Rules 26 and 34.  Under these rules, Mattel may only ask for relevant, non-

24   privileged documents.  Fed. R. Civ. P. 26(b)(1).  Additionally, Mattel may only ask

25   MGA Mexico to produce documents that are within MGA Mexico's "possession,

26   custody, or control."  Fed. R. Civ. P. 34(a).  Courts have interpreted this to mean

27

28   ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
     [18] Mattel's Motion to Compel, fn. 14.

EXHIBIT __13__

PAGE __196__

1   that the responding party must have "legal authority" over the requested documents.

2   *United States v. International Union of Petroleum & Indus. Workers*, 870 F.2d

3   1450, 1452 (9th Cir. 1989). The burden is on Mattel to demonstrate that its requests

4   are, in fact, so limited. *Id.* (explaining that "the party seeking production of the

5   documents has the burden of proving that the opposing party has such control").

6   Where Mattel's requests go beyond these bounds, MGA Mexico has the right to

7   object to the requests and has done so.[19]

8             **1.**   **Mattel's Defined Terms Are Objectionable**.

9           Mattel may not use defined terms to expand beyond the discovery

10   limitations imposed by the Federal Rules of Civil Procedure. Because Mattel's

11   defined terms do just that, MGA Mexico has properly objected to them.

12           The definitions of "MACHADO", "TRUEBA" and "VARGAS" are

13   impermissibly overbroad.[20] The definitions of "MACHADO", "TRUEBA" and

14   "VARGAS" include "all of [his/her] current and former employees, agents,

15   representatives, attorneys, accountants, vendors, consultants, independent

16   contractors, predecessors-in-interest and successors-in-interest, and any other

17   PERSON acting on their behalf, pursuant to their authority, or subject to their

18   control." Even assuming that MGA Mexico does have the power to require

19   production by these individuals, it does not have the legal authority to demand

20   production from the individuals "acting on their behalf, pursuant to their authority,

21   or subject to their control." To obtain such documents, Mattel must direct their

22   requests to Machado, Trueba and Vargas themselves, who would have the legal

23   authority to request production from persons "acting on their benefit, pursuant to

24   their authority, or subject to their control."

25

26   [19] Nothing in this opposition should be deemed a waiver of any of MGA Mexico's objections included in it's objections and responses to the production requests at

27   issue. The requests identified herein are meant to be examples only and not exhaustive lists of objectionable requests.

28   [20] First Set of Requests, Searcy Dec., Ex. 1 at p. 7.

EXHIBIT __13__   - 9 -

PAGE __197__

1    Mattel's proposed definitions of "YOU", "YOUR" and "MGA" are

2  similarly impermissible.[21]  Mattel's definition of these terms includes, without

3  limitation, "current or former directors, officers, employees, agents, contractors,

4  attorneys, accountants, or representatives of [MGA Mexico] and any corporation,

5  partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-

6  interest and successor-in-interest, and any other PERSON acting on its behalf."

7  Not only does this definition make it difficult for MGA Mexico to determine the

8  limits of its obligation, it goes beyond the permissible scope of requests.  Absent an

9  objection, this definition would require that MGA Mexico produce documents in

10  the possession and control of MGA Entertainment or MGA Entertainment (HK)

11  Limited.  Considering that both of these entities are parties to this action, and there

12  is no justification for requiring MGA Mexico to produce documents held by any

13  related company (and Mattel has also propounded hundreds of document requests

14  on those entities), it is unreasonable to define MGA Mexico so as to require

15  production of documents outside of MGA Mexico's specific control.  Mattel has no

16  justification for making the requests so arduous, especially where Mattel has the

17  ability to request production by each MGA entity relevant to the dispute (and, in

18  fact, has done so).  Additionally, the definition would lead to some absurd results as

19  used.  For example, Mattel is demanding production of "YOUR phone records from

20  January 1, 2002 through the present."[22]  If Mattel's request is granted, with Mattel's

21  definition of "YOUR" still controlling, then MGA Mexico will arguably be

22  required to provide the personal telephone records of its "current or former

23  directors, officers, employees, agents, contractors, attorneys, accountants, or

24  representatives . . . and any corporation, partnership, association, trust, parent,

25  subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and

26

27  [21] First Set of Requests, Searcy Dec., Ex. 1 at p. 5; Second Set of Requests, Searcy
   Dec., Ex. 3 at p. 273; Third Set of Requests, Searcy Dec., Ex. 5 at p. 1066.
28  [22] First Set of Requests, No. 35, Searcy Dec., Ex. 1.

OHS West:260697810.3                                                     - 10 -

EXHIBIT __13__
PAGE __198__

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBX)

1    any other PERSON acting on its behalf" from 2002 to the present.[23]

2           Mattel's definition of "BRATZ" is impermissible.[24]  The definition is

3    almost fifteen lines long and includes such broad language as "includes without

4    limitation any names, fashions, accessories, artwork, packaging, or any other

5    works, materials, matters, or items included or associated therewith."  By trying to

6    include every possible related issue, Mattel has caused the defined word to lose any

7    defined boundary.

8           Mattel's definition of "FORMER MATTEL EMPLOYEE" includes

9    any Mattel employee who left Mattel to "join" MGA Mexico.  Mattel does not

10   define the term "join" as used in this request.  MGA Mexico's objections define

11   this term to prevent argument over who in fact is within the scope of the requests.

12          The definition of "MATTEL DOCUMENTS" includes any document

13   "taken from MATTEL" without any requirement that the document be authored by

14   Mattel.  Accordingly, this definition includes any document, even if a publicly

15   available document with no relation to Mattel (such as a newspaper or magazine

16   that had been at Mattel).  Absent an identifiable limitation, "MATTEL

17   DOCUMENTS" includes numerous irrelevant documents.

18          Mattel's definition of "REFER OR RELATE TO" is impermissibly

19   broad.  Not only does the definition include "refer to, discuss, constitute, evidence,

20   pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear

21   on, touch on, contain, embody, reflect, identify, state, deal with, concern, comment

22   on, summarize, respond to, relate to, or describe", it also includes any *synonyms* of

23   those terms.[25]  As a result, Mattel's definition would require the production of

24

---

[23] Even if MGA Mexico's proposed definition of "YOU/YOUR" is accepted, this request is still overbroad as it would arguably require the production of telephone records of any current or previous employee.

[24] First Set of Requests, Searcy Dec., Ex. 1 at pp. 5-6; Second Set of Requests, Searcy Dec., Ex. 3 at p. 275.

[25] First Set of Requests, Searcy Dec., Ex. 1 at p. 11; Second Set of Requests, Searcy Dec., Ex. 3 at p. 277; Third Set of Requests, Searcy Dec., Ex. 5 at p. 1067.

OHS West:260697810.3                    - 11 -

EXHIBIT __13__

PAGE ___199___

1    documents that have no material relation whatsoever to the specific request for

2    production itself, not to mention the issues and claims remaining in this action.

3                **2.    Mattel's Requests Seek Irrelevant Information.**

4         Mattel may only seek information relevant to the Phase Two claims or

5    defenses. *See Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423-24 (9th Cir. 1995)

6    (reversing grant of motion to compel where document requests sought information

7    not relevant to any claims). Mattel's motion to compel states that it is has complied

8    with this requirement for each of the 574 requests at issue by generally grouping its

9    requests into categories. However, with the volume of discovery already available,

10   it is not sufficient for Mattel to make broad unsupported statements speculating

11   how hundreds of its requests "relate to" general issues in this case.

12        For example,[26] Mattel states that all of the 420 requests in its third set of

13   document requests "relate to" its unclean hands defense. As explained above, the

14   claim that Mattel needs more than 420 requests to explore the unclean hands

15   defense is striking. Moreover, many of the requests are overbroad or do not in fact

16   "relate" to MGA Mexico's affirmative defense of unclean hands.[27] For example,

17   Mattel asks for documents relating to communications between MGA Mexico (or

18   its affiliates) and "any regulatory body or agency, including but not limited to,

19   government regulators, with responsibility or oversight authority for the acquisition

20   of or investment in ZAPF."[28] This request is not limited in time or subject matter.

21   Accordingly, any communication had with the "regulatory body or agency"

22   ────────────────────────────────────────────
     [26] Given the breadth of Mattel's motion to compel, MGA Mexico will not list each
23   request that asks for irrelevant information. MGA Mexico's relevance objections
     are included in its objections and responses to the First, Second, and Third Set of
24   Requests. *See* MGA Mexico's Objections and Responses to Mattel Inc.'s First Set
     of Requests for Documents and Things, Searcy Dec., Ex. 2; MGA Mexico's
25   Response to Mattel, Inc.'s Second Set of Requests for Documents and Things,
     Searcy Dec., Ex. 4; MGA Mexico's Response to Mattel, Inc.'s Third Set of
26   Requests for Documents and Things, Searcy Dec., Ex. 6.
     [27] *See, e.g.*, Requests 9-12, 23-24, 26-41, 46-53, 59-60, 62-70, 86-88, 97-100, 105,
27   107-116, 148-150, 168-173, 176, 180, 193-94, 200, 220, 223-226, 249-252,
     268 276, 300-301, 317-328, 344, 386, 399, 411, 419-420.
28   [28] Third Set of Requests, No. 52.

EXHIBIT **13**

PAGE **200**

- 12 -

1    referenced would be responsive.  Such information is not relevant to MGA

2    Mexico's affirmative defense that Mattel engaged in impermissible conduct.

3                    Additionally, each of the requests relating to MGA Mexico's storage

4    facilities are not relevant to the affirmative claims and defenses in Phase 2.[29]  The

5    requests relate to "any OFFSITE STORAGE FACILITIES",[30] used by MGA

6    Mexico or its "AFFILIATES",[31] and seek information relating to "all tangible

7    things".[32]  No documents responsive to these requests, from documents identifying

8    off-site storage to documents recording tangible things that have been sent or

9    received from such sites, are relevant to any of the claims or issues in Phase 2.

10   Mattel's assertion that these requests are proper because they could relate to MGA

11   Mexico's document production procedures is simply a red herring.  To investigate

12   MGA Mexico's document production, to the extent any such investigation is

13   permitted, Mattel may ask interrogatories regarding MGA Mexico's document

14   procedures or ask for documents relating to the document collection itself.  Mattel's

15   assertion that such documents are relevant to its Phase 2 allegations rings hollow

16   when the date range of the requests is examined.[33]  The requests seek information

17   relating to off-site storage beginning in 1995.  However, Mattel alleges in its

18   counterclaims that MGA decided to establish in "late 2003 or early 2004".[34]  Given

19   this inconsistency, it is apparent that Mattel has not crafted appropriate requests

20   with respect to storage issues, and MGA Mexico should not be compelled to

21   respond.

22

---

23   [29] *Id.*, Nos. 1-6.

24   [30] *Id.*, Nos. 1, 3, 5.
     [31] *Id.*, Nos. 2, 4, 6.

25   [32] *Id.*, Nos. 3-6.
     [33] Most of Mattel's requests have no time limitation.  For those that do have a time

26   limitation, many ask for documents well beyond the "late 2003 or early 2004" time
     frame. *See, e.g.*, First Set of Requests, Nos. 35, 76, 118, 124, 127-130, 132-133,

27   136-139.
     [34] Mattel, Inc.'s Third Amended Answer in Case No. 05-2727 and Counterclaims,

28   Searcy Dec., Ex. 16, p. 1238.

OHS West 260697810.3          EXHIBIT __13__ - 13 -          OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                              PAGE __201__                  BY MGA MEXICO (SETS ONE – THREE)
                                                            CV-04-0049 SGL (RNBx)

1      **3.    Mattel's Requests Are Overbroad and Unduly Burdensome**.

2          Mattel's requests are also overly broad and unduly burdensome.

3   *O'Brien v. Maui County*, 2002 U.S. App. LEXIS 10835, at *9 (9th Cir. May 6,

4   2002) (upholding denial of motion to compel where requests were "irrelevant,

5   overbroad, and unduly burdensome"); *Davis v. Kissinger*, 2009 U.S. Dist. LEXIS

6   2828, at *10 (E.D. Cal. Jan. 8, 2009) (denying motion to compel because the

7   requests were overbroad, burdensome and not reasonably calculated to lead to the

8   discovery of admissible evidence). Especially considering "the wealth of material

9   already made available in this case", Mattel should not be allowed to compel

10  responses where the requests are overly broad and unduly burdensome.

11  *Westhemeco, Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

12          For example, close to half of Mattel's requests ask for all documents

13  that "REFER OR RELATE TO" the subject matter of the request.[35] With the

14  "REFER OR RELATE TO" extrapolation included, the requests quickly become

15  overbroad. For example, Mattel asks for all DOCUMENTS that REFER OR

16  RELATE TO the electronic messaging SYSTEMS used by YOUR employees

17  within the scope of their employment . . . including but not limited to electronic

18  mail, instant messenger, telephone or voicemail . . . ."[36] All messages sent via these

19  systems arguably "relate to" the systems themselves. Accordingly, such a request

20  goes beyond those issues remaining for Phase 2 of this litigation.

21          Other requests encompass all documents ever provided by MGA to a

22  "FORMER MATTEL EMPLOYEE" or vice versa.[37] For example, Mattel asks for

23

24  ─────────────
    [35] First Set of Requests, Nos. 5, 7-10, 12, 16-34, 36-46, 48, 50-52, 62, 68, 72-78,
25  84, 93, 101, 111, 122, 125, 127-130, 132-135, 137, 139-140, 144-148; Second Set
    of Requests, Nos. 1, 3, 9-13, 22-25, 31, 35-42, 46, 49-50, 62-71, 86-88, 91, 96, 99,
26  104, 108-117, 136-160, 165-167, 169, 172-173, 175, 179, 181, 192-193, 197-199,
    201, 208, 220-222, 224-227, 243, 245, 247-248, 250, 252-253, 260, 269-275, 277,
27  285-287, 298-299, 317-329, 337, 345, 356, 359, 361, 365, 369, 387, 400, 404,
    408-410, 418-420.
    [36] First Set of Requests, No. 139.
28  [37] *See, e.g., id.*, Nos. 3, 13, 14, 15, 18, 21, 26, 27, 28, 29, 30, 146, 147.

OHS West:260697810.3          EXHIBIT **13**   - 14 -

PAGE **202**

1    "[a]ll DOCUMENTS given, sent, or transmitted from or shared by YOU to any

2    FORMER MATTEL EMPLOYEE prior to April 20, 2004"[38] and for "[a]ll

3    DOCUMENTS given, sent or transmitted to or shared with YOU from or by

4    whether directly or indirectly, any of the FORMER MATTEL EMPLOYEES prior

5    to April 20, 2004."[39] These requests include each and every document exchanged

6    between MGA Mexico and any of the FORMER MATTEL EMPLOYEES.

7    However, Mattel's counterclaims are not so broad as to include aspects of MGA

8    Mexico's business that are unrelated to Mattel.  If Mattel's motion to compel is

9    granted with respect to this category, MGA Mexico will be required to produce all

10   documents and correspondence, regardless of subject matter, in response—*even*

11   *birthday cards*. Mattel is not entitled to such broad discovery.  Another example is

12   "All DOCUMENTS which YOU contend were prepared by any FORMER

13   MATTEL EMPLOYEE for the benefit of YOU at any time prior to April 20,

14   2004"[40] would include any and all documents created by a former Mattel employee

15   during his or her employment at MGA Mexico, including each and every e-mail

16   that person ever sent.  Even an e-mail notifying someone at the company of an issue

17   as trivial as a lightbulb that needed to be changed would be a document that was

18   "prepared" "for the benefit of" MGA Mexico.

19           Some requests go even farther afield.  Mattel asks for "[a]ll

20   DOCUMENTS that REFER OR RELATE TO YOUR product or product line

21   offerings, or contemplated or proposed product or product line offerings . . . and all

22   DOCUMENTS that REFER OR RELATE TO changes or amendments or

23   contemplated or proposed changes or amendments thereto" for the years 2004

24   through 2007.[41]  Arguably almost any MGA Mexico document could in some

25   manner "relate to" the "contemplated", "proposed" or actual "product line

26   _____

[38] *Id.*, No. 13.

27   [39] *Id.*, No. 14.

[40] *Id.*, No. 3.

28   [41] *Id.*, Nos. 72-75.

EXHIBIT **13**  - 15 -

PAGE **203**

1  offerings".

2      Moreover, Mattel's motion impermissibly demands that MGA Mexico

3  produce documents that are readily accessible to Mattel through public sources.

4  *See Estate of Young v. Holmes*, 134 F.R.D. 291, 294 (D. Nev. 1991) (finding that a

5  party was not required to produce documents that the requesting party had equal

6  ability to obtain through public sources).  For example, Mattel seeks "all

7  DOCUMENTS served, transmitted, received or filed in any lawsuit that MATTEL

8  allegedly assisted in against MGA . . . ."[42]  Each document request that seeks

9  production of documents that are readily accessible to Mattel through public

10  sources is unreasonable given the volume of production and the number of requests

11  issued in this action.

12      **D.**   **MGA Mexico's Objections To The Requests Are Proper**.

13      MGA Mexico's objections to Mattel's discovery requests are proper.

14  MGA Mexico's objections to Mattel's requests for production are not "boilerplate"

15  objections and have been specifically tailored to each request.  For example, MGA

16  Mexico lists each of the defined terms that it contends makes the request improper.

17  Additionally, MGA Mexico specifies, where possible, the portion of the request

18  that it contends makes it overbroad and unduly burdensome, including, but not

19  limited to, italicizing the portion of the request that MGA Mexico contends is

20  objectionable  In essence, MGA Mexico's objections provide Mattel helpful

21  information about what MGA Mexico thinks is wrong with the request.  Such

22  detailed information is not properly labeled "boilerplate."

23      Mattel's argument that MGA's objections are boilerplate appears to be

24  based on the fact that MGA's objections are thorough.  However, thorough

25  objections are not boilerplate.  First, as discussed above, Mattel's requests

26  themselves are vague and overbroad.  Without objections, MGA Mexico would be

27

28  ---
[42] Second Set of Requests, No. 199.

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE - THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT **13**
PAGE **204**

1  required to produce thousands (if not millions) of pages of unnecessary documents

2  in response to the requests. Second, given the parties' competition in the toy

3  industry, MGA Mexico is entitled to object to requests that necessarily relate to its

4  business in such a manner as to protect its interest in its business to the extent

5  permissible under the discovery rules. Finally, and perhaps most importantly, given

6  Mattel's broad interpretation of its right to discovery and its repeated refusal to

7  accept any limitation of discovery requests based upon the responding party's

8  arguments of what is reasonable, it is wholly reasonable for MGA Mexico to have

9  included all possible objections to each and every request for production

10 propounded by Mattel. In fact, Mattel's motion itself, which seeks production of

11 "all responsive, non-privileged documents" responsive to each and every one of the

12 574 requests included in its first, second and third sets of requests without any

13 limitation whatsoever, serves to illustrate why MGA Mexico's thorough and

14 detailed objections are not only reasonable but necessary.

15       Given that Mattel's requests are improper and MGA Mexico has

16 properly objected to them, the Discovery Master should deny Mattel's motion in its

17 entirety. The Discovery Master should not rewrite Mattel's irrelevant and

18 overbroad requests, so that they are narrowly tailored and proper. *See, e.g.,*

19 *Haensel v. Chrysler Corp.,* 1997 U.S. Dist. LEXIS 13160, *6 (E.D. La. Aug. 22,

20 1997) (refusing to "rewrite these requests for the plaintiffs in order to transform

21 them into narrow, specific inquiries"). That burden is properly placed on Mattel.

22 **IV.  MATTEL SHOULD BE SANCTIONED.**

23       Not only should Mattel's motion for sanctions against MGA Mexico

24 be denied, Mattel itself should be sanctioned for its use of an omnibus motion to

25 compel. Mattel's motion is particularly egregious for several reasons.

26       First, Mattel has moved to compel production for more than

27 300 documents requests to which MGA Mexico has agreed to provide documents in

28 response. Mattel then baldly asserts that MGA Mexico "appears not to have

OHS West 260697810.3

- 17 -

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE - THREE)
CV-04-0049 SGL (RNBX)

EXHIBIT __13__
PAGE __205__

1   produced a single page of documents in this litigation."[43]  However, Mattel knows

2   that this statement is false.  This is contrary to Mattel's understanding of the MGA

3   Parties document production, as reflected in its meet-and-confer correspondence,

4   where Mattel suggested that MGA Mexico should identify each of the documents it

5   had produced in the MGA Parties' production.[44]  Additionally, Mattel has

6   previously acknowledged its receipt of MGA Mexico documents, including a "CD

7   contain[ing] the documents seized by Mexican authorities from MGA's office in

8   Mexico."[45]  In essence, Mattel refuses to review the documents previously provided

9   by the MGA Parties and instead has impermissibly attempted to shift the burden to

10  MGA Mexico to reproduce all documents previously produced by itself (or other

11  MGA Parties).  MGA Mattel's opposition to such a request is reasonable.

12          Second, Mattel's motion includes each and every request in its First,

13  Second and Third set of requests for production issued to MGA Mexico with no

14  limitations whatsoever.  At no point in the meet-and-confer process did Mattel offer

15  to eliminate or even narrow any of the 657 requests now at issue.  This is blatantly

16  apparent in Mattel's response to MGA Mexico's offer to compromise regarding the

17  165 requests where the MGA Mexico had previously not agreed to produce

18  documents.  Mattel did nothing more than relist all 165 requests in response to

19  MGA Mexico's good-faith offer to compromise.  Again, where MGA Mexico has

20  attempted to discuss legitimate limitations to the requests that would allow

21  production, Mattel should not be awarded sanctions for refusing to meaningfully

22  engage in the meet-and-confer process.

23          In fact, it is Mattel's hard-line position that has resulted in unnecessary

24  motion practice.  It is Mattel's behavior, if anything, that should be sanctioned.

25

26  [43] Motion to Compel, p. 11.

27  [44] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy Dec., Ex. 11.

28  [45] Letter from Jon Corey to Andrew Temkin, dated February 4, 2008, Molinski Dec., Ex. C.

V.    **CONCLUSION**

1
2            The MGA Parties request that Mattel's motion be denied in its entirety
3     and that the MGA Parties be awarded sanctions against Mattel for its omnibus
4     motion to compel.
5     Dated:    July 22, 2009              ORRICK, HERRINGTON & SUTCLIFFE LLP
6
7                                         By:  _____/s/ William A. Molinski_____
                                                   William A. Molinski
8                                         Attorneys for MGA ENTERTAINMENT, INC.,
                                          MGA ENTERTAINMENT HK, LTD., MGA de
9                                         MEXICO, S.R.L. de C.V., and ISAAC LARIAN
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT _13_   
PAGE _207_

### CERTIFICATE OF SERVICE

I, Maria Mercado-Navarro, declare:

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017-5855.

I hereby certify that on July 22, 2009, I electronically filed the following documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed below:

**MGA PARTIES' OPPOSITION TO MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS IN RESPONSE TO MATTEL'S FIRST, SECOND, AND THIRD SETS OF REQUESTS FOR PRODUCTION TO MGA MEXICO**

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 22, 2009, at Los Angeles, California.

/s/
Maria Mercado-Navarro

OHS West 260698887.1

- 1 -

EXHIBIT 13
PAGE 208

1

## PHASE 2 SERVICE LIST

2

<u>Counsel for Mattel. Inc.</u>

3

John B. Quinn, Esq.
johnquinn@quinnemanuel.com

4

Michael T. Zeller, Esq.

5

michaelzeller@quinnemanuel.com
Jon D. Corey, Esq.

6

Joncorey@quinnemanuel.com

7

Brett D. Proctor

8

dylanproctor@quinnemanuel.com
QUINN EMANUÉL URQUHART OLIVER & HEDGES, LLP

9

865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

10

Telephone: (213) 443-3000

11

Facsimile:  (213) 443-3100

12

<u>Counsel for Carlos Gustavo Machado Gomez</u>

13

Mark E. Overland, Esq.

14

moverland@ scheperkim.com
Alexander H. Cote, Esq.

15

acote@ scheperkim.com

16

SCHEPER KIM & OVERLAND LLP
601 W. 5th Street, 12th Floor

17

Los Angeles, CA  90017

18

Telephone:  (213) 613-4655
Facsimile:   (213) 613-4656

19

20

Leah Chava Gershon, Esq.
leah@spertuslaw.com

21

JAMES W. SPERTUS LAW OFFICES

22

1990 S. Bundy Drive, Suite 705
Los Angeles, CA  90025

23

Telephone:  (310) 584-7671

24

Facsimile:   (310) 826-4711

25

26

27

28

EXHIBIT  13
PAGE  209

1

Counsel for Limited Intervenor, Omni 808 Investors LLC

2

Todd E. Gordinier, Esq.
todd.gordinier@bingham.com

3

BINGHAM MCCUTCHEN LLP

4

600 Anton Blvd., 18th Floor
Costa Mesa, CA  92626

5

Telephone:  (714) 830-0600

6

Facsimile:  (714) 830-0700

7

Additional Counsel:

8

Thomas J. Nolan, Esq.
thomas.nolan@skadden.com

9

Raoul D. Kennedy, Esq.
raoul.kennedy@skadden.com

10

Jason D. Russell, Esq.
jason.russell@skadden.com

11

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue

12

Suite 3400
Los Angeles, CA 90071-3144

13

Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West 260698887.1

- 2 -

EXHIBIT 13
PAGE 210