QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Robert C. O'Brien pursuant to the Court's Orders of December 6, 2006 and January 6, 2009]**<br><br>REPLY IN SUPPORT OF MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST FOR VARGAS AND TRUEBA<br><br>Date:    TBD<br>Time:    TBD<br>Place:   Arent Fox LLP<br><br>**Phase 2:**<br>Disc. Cut-off:      Dec. 11, 2009<br>Pre-trial Con.:     Mar. 1, 2010<br>Trial Date:         Mar. 23, 2010 |

07975/3035598.1

REPLY ISO MATTEL'S MOTION FOR LETTER OF REQUEST

**Argument**

The MGA Parties concede that a Letter of Request should issue. Mattel therefore asks the Discovery Master to recommend that it be signed and issued.

Defendants also ask, without making a proper motion or even submitting any actual Letter of Request, that they permitted to add a topic to Mattel's Letter of Request and conduct their own examination of these individuals. While in theory Mattel would have been amenable to adding a proper topic as part of any mutually agreeable and orderly process, granting defendants' after-thought request would be inappropriate under the particular circumstances here.

First, defendants have not provided a proper topic for the Letter of Request or at least have provided one that threatens to improperly infect Mattel's Letter of Request. An improper topic can delay approval or even result in the denial of a deposition. Currently, defendants propose to insert a vague topic consisting of conduct "described in MGA's complaint against Mattel." The Letter of Request must contain information necessary to permit the foreign judicial authority to understand the evidence being sought. See Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters, Article 3. Defendants' ill-defined topic, which broadly references a complaint not available to the foreign judicial authority, violates this provision, and could be asserted as grounds for Mexico (or the witnesses or others) to object to Mattel's Letter, further delaying or hindering discovery in this case. Id. at Article 5. The Discovery Master should not permit defendants' vague and potentially unacceptable topic to delay depositions Mattel has been attempting to take for nearly seven months. At a minimum, if defendants are allowed to proceed with their topic, it should not be part of Mattel's Letter of Request.

1      Second, each side may take only ten depositions under the <u>Federal</u>
2  <u>Rules</u>.  Mattel has proposed that the deposition limit be expanded to 25 per side, but
3  defendants have rejected such an increase.[1]  If defendants wish to depose Vargas
4  and Trueba, the depositions should be counted against both Mattel's deposition
5  limits and defendants'.  The counting of these depositions could also be split, so that
6  each side is only charged with one deposition.  Under no circumstances, however,
7  should defendants be permitted to circumvent the mutual limits on deposition by
8  conducting "free" depositions of witnesses after they have been noticed by Mattel.

9      Finally, defendants request that the Discovery Master "extend the seven
10 hour limit to allow for questioning by MGA."  (Non-Opposition at 2.)  This request
11 too is inappropriate because it assumes, without basis or support, that the
12 depositions are governed by the <u>Federal Rule</u>'s seven-hour time limit.  As noted in
13 the Letter, the deposition is to be taken "under the Federal Rules of Civil Procedure
14 of the United States of America, *except to the extent such procedure is*
15 *incompatible with the internal laws of Mexico*."  Deposition procedure will be
16 determined by the Mexican judicial authorities.  Applying the seven-hour limit
17 applicable to depositions taken under the <u>Federal Rules</u> would be unjust here,
18 particularly given the delays that may be caused by the use of translators as well as
19 the requirements of Mexican procedure.  Indeed, MGA Mexico previously objected,
20 successfully, to Mattel taking these depositions pursuant to the <u>Federal Rules</u>,
21 claiming that the witnesses were not subject to deposition under the <u>Rules</u>.
22 Defendants must take the bitter with the sweet.  Having urged that these witnesses
23 cannot be deposed by a notice under the <u>Rules</u>, defendants should not be permitted
24 to selectively claim that the <u>Rules</u>' terms apply whenever it suits them.

---

[1] <u>See</u> Declaration of B. Dylan Proctor, filed concurrently herewith, at Exhs. 1-2 & ¶ 3.

DATED: August 3, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
 Michael T. Zeller
 Attorneys for Mattel, Inc.