MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>MGA PARTIES' REPLY IN SUPPORT OF CROSS-MOTION FOR PROTECTIVE ORDER LIMITING THE SCOPE OF EXAMINATION AT FURTHER DEPOSITION OF MR. LARIAN |

**[Public Redacted Version]**

- 1 -

REPLY TO CROSS-MOTION REGARDING ADDITIONAL LARIAN DEPOSITION
CV-04-0049 SGL (RNBx)

# ARGUMENT

## I. MGAE AND LARIAN'S CROSS-MOTION TO LIMIT THE SCOPE OF FURTHER EXAMINATION SHOULD BE GRANTED.

Mattel makes six points in opposition to the Cross-Motion in support of its argument why the subject matter of its further examination of Mr. Larian should not be limited: (a) it's not really a burden to sit for another 21 hours; (b) Mattel won Phase 1; (c) Mattel submitted lots of evidence to support its TAAC; (d) Larian committed perjury; (e) Larian and MGA are flouting the Court's orders; (f) Larian is pursuing claims against Mattel (Reply at 22); and (g) Mattel didn't know about Wachovia and IGWT until April so their request for 10 hours in January should not be considered. None of these points is well taken.

***It's not really a burden (point a).*** It's a burden for any CEO to try to run a business and participate in litigation, as Mattel recognized when it refused to produce its CEO to sit for deposition for more than a couple of hours—[redacted]

[redacted] The burden is not ameliorated by Mattel's generous offer to allow Mr. Larian to sit on different occasions—in fact, that just makes the situation worse. Each time Mr. Larian would be forced to prepare anew on every potential subject of examination, which is precisely the evil this Cross-Motion is designed to prevent. Not to mention that Mattel's generous offer is designed primarily to give it fourteen bites at the apple with which to prepare and try to generate inconsistencies in Mr. Larian's testimony that they will then blow up into a purported RICO predicate.

Moreover, Mattel makes no effort to proportion the burden to the testimony it has already taken. As demonstrated by the rest of its points in opposition to the Cross-Motion, Mattel already has plenty of evidence. Indeed,

1  since "Mattel submitted an 'unprecedented' amount of evidence substantiating its
2  Phase 2 claims," (Reply at 22), we're not clear at all as to why Mattel could not
3  start trial today on its Phase 2 claims. Since Mattel claims that it already can prove
4  Mr. Larian "committed perjury" (Mot. at 22), it requires no further deposition to
5  establish any of this. Mattel's argument that there is no burden is particularly
6  absurd when compared to its vociferous claims that it can already prove its case.
7  The burden is apparent and the scope of the examination should be limited to the
8  new transactions.

9     *Mattel is winning the case (points b, c and d).* This has absolutely
10 nothing to do with whether the deposition is unduly burdensome. To the extent
11 these points are pertinent at all, they support MGA's position. Since Mattel is so
12 confident that it is already winning the case based on the discovery it has taken,
13 Mattel obviously requires no further deposition of Mr. Larian except on brand new
14 topics—precisely MGAE and Mr. Larian's position.

15    *Flouting injunctive relief.* It's not clear what this argument even
16 means given Mattel's habit of pushing every citation into a cryptic footnote with no
17 parenthetical explanation. If Mattel has a contempt motion, it should file it and
18 request discovery if appropriate. Otherwise the scope of the case is defined by the
19 pleadings. Fed. R. Civ. P. 26. This cryptic unsubstantiated allegation should be
20 disregarded entirely.

21    *Larian is pursuing claims against Mattel.* This is inaccurate. Larian
22 has not personally filed a claim against Mattel in this lawsuit. MGAE is the sole
23 entity amongst the MGA Parties which has pending claims against Mattel. As set
24 out in the Opposition, Mr. Larian was deposed about those claims at length during
25 his second deposition. Mattel had its bite at that apple.

26    *Mattel didn't know about Wachovia and IGWT until April so its*
27 *request for 10 hours in January shouldn't be held against it.* Again, this is
28 misleading and we really cannot understand how Mattel can make this assertion.

1  The motion to amend with the proposed pleading was filed in January. Mattel was
2  investigating Wachovia throughout the period it was seeking a receivership. And,
3  the ████████████████████████████████████████████████████████
4  ████████████ so Mattel's continued reliance on them as the basis for 21 hours
5  of deposition on numerous other topics is absurd. We've agreed to four hours on
6  these non-fraudulent transactions and that is plenty—and exactly what the
7  Discovery Master should order as the amount of time and topics for the final
8  session of Mr. Larian's deposition.

## CONCLUSION

MGAE and Mr. Larian's Cross-Motion to Limit Subject of Examination at Further Deposition of Mr. Larian should be granted.

Dated: August 4, 2009

Respectfully submitted,

ANNETTE L. HURST
Orrick, Herrington & Sutcliffe LLP


By: /s/ Annette L. Hurst
    ANNETTE L. HURST
    Attorneys for Plaintiff