QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual,<br><br>                Plaintiff,<br><br>       vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Robert C. O'Brien]**<br><br>SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL'S MOTION FOR PROTECTIVE ORDER REGARDING MGA'S FIRST SET OF PHASE 2 INTERROGATORIES<br><br>Date:   August 6, 2009<br>Time:   10:00 a.m.<br>Place:  Arent Fox LLP<br>        555 West Fifth St.<br>        48th Floor<br>        Los Angeles, CA  90013<br><br>**Phase 2**<br>Discovery Cut-off:      Dec. 11, 2008<br>Pre-Trial Conference:   March 1, 2009<br>Trial Date:             March 23, 2009 |

07975/3036065.1

-1-

SUPPLEMENTAL PROCTOR DECLARATION

## **DECLARATION OF B. DYLAN PROCTOR**

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I submit this declaration in further support of Mattel's Motion For Protective Order Regarding MGA's First Set of Phase 2 Interrogatories (the "Motion"), which the Discovery Master has scheduled to hear on August 6, 2009, and to apprise the Discovery Master of recent developments pertaining thereto.

3. As the Discovery Master knows from MGA's opposition to Mattel's Motion, MGA has taken the position that each party, rather than each side, should be entitled to 25 interrogatories apiece for Phase 2 -- meaning that MGA Entertainment, Inc., MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico"), Isaac Larian and Carlos Gustavo Machado Gomez could collectively serve 125 unique interrogatories on Mattel, while Mattel could serve only 25 unique interrogatories on all five defendants. As Mattel explained in its reply, this argument should be immaterial here since all the interrogatories at issue (which total more than 25) were served by MGA Entertainment, Inc. To the extent the Discovery Master addresses this issue, however, recent discovery propounded by defendants is informative.

4. Specifically, interrogatories served last week by MGA Mexico and MGA Hong Kong illustrate the precise concerns voiced by Mattel. In addition to the interrogatories previously served by MGA Entertainment, MGA Mexico has now served 11 additional numbered interrogatories and MGA Hong Kong has served 25 additional numbered interrogatories, for a total of 36 additional numbered interrogatories. See MGA Mexico's Interrogatory Nos. 1-11 to Mattel, Inc., dated July 29, 2009, a true and correct copy of which is attached hereto as Exhibit 1; see

07975/3036065.1

-2-

SUPPLEMENTAL PROCTOR DECLARATION

also MGA Hong Kong's Interrogatory Nos. 1-25 to Mattel, Inc., dated July 29, 2009, a true and correct copy of which is attached hereto as Exhibit 2.

5.   Defendants may attempt to justify these several sets of interrogatories by pointing out that unique parties are serving them. But the interrogatories themselves show why that argument is problematic.

6.   Of the 11 numbered interrogatories propounded by MGA Mexico, only 2 interrogatories even arguably relate specifically to MGA Mexico. See Ex. 1 at Interrogatory Nos. 8 & 10. The rest -- Interrogatory Nos. 1-7, 9, and 11 -- are either wholly party-generic (relating to, for example, Mattel's allegations "upon information and belief" generally, see No. 11), or ask about "MGA" -- which is broadly defined to encompass MGA Entertainment, MGA Mexico, MGA Hong Kong *and* Isaac Larian. See Ex. 1 at Definitions ¶ 3. For example, MGA Mexico asks Mattel to identify trade secrets misappropriated by "MGA," to state facts "on a document-by-document basis" supporting the contention that "MGA" obtained and used these trade secrets improperly and that the trade secrets have independent economic value and were not known to the public and were the subject of efforts to maintain their secrecy, and to identify every communication over an 8-year span between Mattel and any governmental agency relating to misconduct by "MGA" -- all interrogatories for defendants' benefit generally, not MGA Mexico's benefit specifically.

7.   Similarly, of the 25 interrogatories propounded by MGA Hong Kong, only 1 interrogatory relates specifically to MGA Hong Kong. See Ex. 2 at Interrogatory No. 3. As with MGA Mexico's interrogatories, nearly all of MGA Hong Kong's interrogatories relate to Mattel's claims as they apply generally, to all "defendants" or "MGA." See, e.g., Nos. 1, 4-17, 19, 22, 24, 25. Other interrogatories are not even that related to MGA Hong Kong -- instead, they relate *specifically* to Isaac Larian and not the party that has served the interrogatories. See, e.g., Nos. 2 ("State all facts regarding Isaac Larian's conducting or participating,

directly or indirectly, in the conduct of affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC)."), 18 (misrepresentations by Larian), 23 (Larian's sale of MGA inventory to himself).

8. Such abuses as this, Mattel submits, is what prompted both the Court and the previous Discovery Master, each time they considered the issue, to reject defendants' earlier attempts in this litigation to argue for a per party limit on interrogatories. See Scheduling Conference, dated February 12, 2007, at 23:12-24:12, attached as Exhibit 5 to the Supplemental Declaration of Marshall M. Searcy, III ("Supp. Searcy Dec."), dated July 13, 2009; Order Denying Mattel's Motion to Compel Interrogatory Responses ("Sept. 5 Order"), dated September 5, 2007, at 7:11-12, 9:4-8, attached as Exhibit 29 to the Declaration of Marshall M. Searcy In Support Of Mattel's Motion for Protective Order ("Searcy Dec."), dated June 29, 2009. Likewise, other courts have imposed "per side" limitations on interrogatories where parties, like the defendants here, have aligned litigation interests. See, e.g., Vinton v. Adam Aircraft Industries, Inc., 232 F.R.D. 650, 664 (D. Colo. 2005) (limiting interrogatories to 25 per side); Zito v. Leasecomm Corp., 233 F.R.D. 395, 399 (S.D.N.Y. 2006); Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 at 261 (2d ed. 1994).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 5, 2009, at Los Angeles, California.

/s/ B. Dylan Proctor
B. Dylan Proctor