# EXHIBIT 1

1　MELINDA HAAG (State Bar No. 132612)
　　mhaag@orrick.com
2　ANNETTE L. HURST (State Bar No. 148738)
　　ahurst@orrick.com
3　WARRINGTON S. PARKER III (State Bar No. 148008)
　　wparker@orrick.com
4　ORRICK, HERRINGTON & SUTCLIFFE LLP
　　The Orrick Building
5　405 Howard Street
　　San Francisco, CA 94105-2669
6　Telephone: +1-415-773-5700
　　Facsimile: +1-415-773-5759
7
　　WILLIAM A. MOLINSKI (State Bar No. 145186)
8　wmolinski@orrick.com
　　ORRICK, HERRINGTON & SUTCLIFFE LLP
9　777 South Figueroa Street, Suite 3200
　　Los Angeles, CA 90017
10　Telephone: +1-213-629-2020
　　Facsimile: +1-213-612-2499
11
　　Attorneys for MGA Parties for Phase 2
12

13　　　　　　　　UNITED STATES DISTRICT COURT

14　　　　　　　CENTRAL DISTRICT OF CALIFORNIA

15　　　　　　　　　　EASTERN DIVISION

| 16 | CARTER BRYANT, an individual, | Case No. CV 04-9049-SGL (RNBx) |
|---|---|---|
| 17 | Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18 | v. | |
| 19 | MATTEL, INC., a Delaware corporation, | Honorable Stephen G. Larson |
| 20 | | **MGAE DE MEXICO'S INTERROGATORY NOS. 1-11 TO MATTEL INC.** |
| 21 | Defendant. | |
| 22 | AND CONSOLIDATED ACTIONS | |
| 23 | | |
| 24 | PROPOUNDING PARTY: | MGAE DE MEXICO, S.R.L. DE C.V. |
| 25 | RESPONDING PARTY: | MATTEL, INC. |
| 26 | SET NUMBER: | NOS. 1-11 |

27

28

OHS West:260701220.1

EXHIBIT ___1___
PAGE ___5___

1    Counter-Defendant MGAE de Mexico, S.R.L. de C.V., hereby requests that

2    Plaintiff, Mattel Inc. ("Mattel") answer the following Interrogatories separately,

3    fully, and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure,

4    within thirty (30) days of service, in accordance with the definitions and

5    instructions set forth herein.

6                                    **DEFINITIONS**

7        1.      "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

8    Civil Procedure 24, and shall be construed in the broadest sense to mean any and all

9    writings, tangible things and property, of any kind, that are now or that have been in

10   YOUR actual or constructive possession, custody or control, including, but not

11   limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

12   punched, copied, recorded, transcribed, graphic or photographic matter of any kind

13   or nature, in, through, or from which information may be embodied, translated,

14   conveyed or stored, whether an original, a draft or copy, however produced or

15   reproduced, whether sent or received or neither, including, but not limited to, notes,

16   memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,

17   inter- and intra-office COMMUNICATIONS, work papers, work sheets, work

18   records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,

19   estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,

20   telephone records, telegrams, telexes, literature, invoices, contracts, purchase

21   orders, estimates, recordings, transcriptions of recordings, records, books,

22   pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio

23   and digital recordings, television commercials, story boards, website or other spot

24   advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

25   charts, drawings, sketches, messages, photographs and data contained in or

26   accessible through any electronic data processing system, including, but not limited

27   to, computer databases, data sheets, data processing cards, computer files and tapes,

28   computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic

EXHIBIT ___1___
PAGE ___6___

1   mail, website and web pages and transcriptions thereof and all other
2   memorializations of any conversations, meetings and conference, by telephone or
3   otherwise. The term DOCUMENT also means every copy of a DOCUMENT,
4   where such copy is not an identical duplicate of the original, whether because of
5   deletions, underlinings, showing of blind copies, initialing, signatures, receipt
6   stamps, comments, notations, differences in stationery or any other difference or
7   modification of any kind.
8       2.     "MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff
9   MATTEL, Inc. and any of its past or present officers, directors, agents, employees,
10  representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,
11  predecessors-in-interest and successors-in-interest, entities and persons acting in
12  joint venture or partnership relationships with YOU and any others acting on
13  YOUR behalf, pursuant to YOUR authority or subject to YOUR control.
14      3.     "MGA" means MGA Entertainment, Inc., MGAE de Mexico, S.R.L.
15  de C.V., MGA Entertainment (HK) Limited and any of their past or present
16  officers, directors, agents, employees, representatives, consultants, attorneys,
17  parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-
18  in-interest, entities and persons acting in joint venture or partnership relationships
19  with MGA and any others acting on MGA's behalf, pursuant to its authority or
20  subject to its control.
21      4.     "PERSON" or "PERSONS" means all natural persons, partnerships,
22  corporations, joint ventures and any kind of business, legal or public entity or
23  organization, as well as its, his or her agents, representatives, employees, officers
24  and directors and any one else acting on its, his or her behalf, pursuant to its, his or
25  her authority or subject to its, his or her control.
26      5.     "TAAC' means the Third Amended Answer ad Counterclaim filed in
27  this action by Mattel.
28      6.     The singular form includes the plural, and vice versa.

OHS West:260701220.1                - 2 -

EXHIBIT ____1
PAGE ____7

1      7.     The terms "any" and "all" are interchangeable.

2      8.     The terms "and" and "or" shall be construed disjunctively and

3  conjunctively, and each shall include the other whenever such dual construction

4  will serve to bring within the scope of any interrogatory, information that would

5  otherwise not be within its scope.

6      9.     As used herein, the terms "RELATING TO" and "REFERRING TO"

7  should each be construed in the broadest possible sense to mean concerning,

8  consisting of, referring to, describing, discussing, constituting, evidencing,

9  containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or

10  bearing any logical or factual connection with the matter discussed.

11                   **INSTRUCTIONS**

12      1.     Mattel is instructed to serve written responses to these Interrogatories

13  upon MGA's counsel at Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa

14  Street, #3200, Los Angeles, California 90017.

15      2.     These Interrogatories are deemed to be continuing in nature. If, after

16  responding, Mattel discovers additional information responsive to any

17  Interrogatory, or part thereof, MGA requests that Mattel provide such information

18  to MGA within thirty days after acquiring knowledge of its existence or advise

19  MGA in writing as to why such additional information cannot be provided within

20  the specified period.

21      3.     For any information withheld based on any ground, including

22  privilege, provide a written statement setting forth: (a) the identity of all person(s)

23  from and to whom the information has been communicated; (b) the names and

24  organization position, if any, of each such person; (c) a brief description of the

25  subject matter of the information; and (d) the legal ground upon which you rely in

26  withholding the information; and (e) if work product is asserted, the proceeding for

27  or during which the information was obtained or created.

28

EXHIBIT __1__

PAGE __8__

1    4.   Whenever in these Interrogatories there is a request to "IDENTIFY" a
2    COMMUNICATION, the answering party shall state the date of the
3    COMMUNICATION, the places of origin and reception of the
4    COMMUNICATION, the persons present during any portion of the
5    COMMUNICATION if oral, the type of COMMUNICATION (i.e. letter, facsimile,
6    face-to-face conversation, telephone, etc.), the substance of the
7    COMMUNICATION and the DOCUMENT(S), if any, that constitute, record, show
8    or refer to the COMMUNICATION.

9    5.   Whenever in these Interrogatories there is a request to IDENTIFY a
10   PERSON, the answering party shall set forth the person's name, present or last
11   known business address, residence address and telephone numbers, dates of
12   employment, job capacity, title, status, position, rank or classification or, with
13   respect to a non-natural person, the name and address of the principal office or
14   place of business, all names under which it is doing business or ever has done
15   business, the nature of the venture (i.e. sole proprietorship, partnership ,
16   corporation, etc.), and the identities of its officers, directors, partners or
17   administrators.

18   6.   Whenever in these Interrogatories there is a request to IDENTIFY a
19   DOCUMENT, the answering party shall identify, by name, all authors and
20   recipients of the DOCUMENT, the date of the DOCUMENT, the person or entity
21   who currently has possession, custody and control of the DOCUMENT, and
22   describe the DOCUMENT in a manner sufficient for MGA to draft a discovery
23   demand requesting production of the DOCUMENT.

24                          **INTERROGATORIES**

25   **INTERROGATORY NO. 1:**

26   IDENTIFY by bates number all DOCUMENTS that contain the trade secrets
27   YOU claim were misappropriated by MGA and IDENTIFY with particularity on a
28   document-by-document basis the information contained within each such

OHS West:260701220.1                    - 4 -

EXHIBIT ____I____
PAGE ____9____

1    DOCUMENT that YOU claim constitutes the trade secrets that were
2    misappropriated by MGA.
3    **INTERROGATORY NO. 2:**
4         State all facts, on a document-by-document basis by bates number, which
5    support your contention that MGA obtained through improper means any MATTEL
6    DOCUMENT containing MATTEL trade secrets identified in response to Request
7    No. 1, above, and IDENTIFY all PERSONS with knowledge of such facts and all
8    DOCUMENTS that REFER OR RELATE to such facts.
9    **INTERROGATORY NO. 3:**
10        State all facts, on a document-by-document basis by bates number, which
11   support YOUR contention that MGA used or disclosed without the consent of
12   MATTEL any of the MATTEL trade secrets identified in response to Request No.
13   1, above, and IDENTIFY all PERSONS with knowledge of such facts and all
14   DOCUMENTS that REFER OR RELATE to such facts.
15   **INTERROGATORY NO. 4:**
16        State all facts, on a document-by-document basis by bates number, which
17   support YOUR contention that MGA acquired any of the MATTEL trade secrets
18   identified in response to Request No. 1 above, from a person that MGA knew or
19   had reason to know that the trade secret was acquired by improper means, and
20   IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that
21   REFER OR RELATE to such facts.
22   **INTERROGATORY NO. 5:**
23        State all facts, on a document-by-document basis by bates number, which
24   support YOUR contention that the trade secrets identified in response to Request
25   No. 1, above, derived independent economic value from not being generally known
26   to the public or other persons who can obtain economic value from its disclosure or
27   use, and IDENTIFY all PERSONS with knowledge of such facts and all
28   DOCUMENTS that REFER OR RELATE to such facts.

OHS West:260701220.1                          - 5 -

EXHIBIT __1__
PAGE __10__

1 **INTERROGATORY NO. 6:**

2      State all facts on a document-by-document basis by bates number, which

3 support YOUR contention that the trade secrets identified in responses to Request

4 No. 1, above, was not known to the public or to PERSONS who can obtain

5 economic value from its disclosure or use, and IDENTIFY all PERSONS with

6 knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such

7 facts.

8 **INTERROGATORY NO. 7:**

9      State all facts, on a document-by-document basis by bates number, that

10 support YOUR contention that the trade secrets identified in response to Request

11 No. 1, above, were the subject of efforts that are reasonable under the

12 circumstances to maintain its secrecy, and IDENTIFY all PERSONS with

13 knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such

14 facts.

15 **INTERROGATORY NO. 8:**

16      State all facts regarding MGAE de Mexico, S.R.L. de C.V.'s conducting or

17 participating, directly or indirectly, in the conduct of the affairs of a RICO

18 enterprise through a pattern of racketeering activity (as alleged in the Counterclaims

19 of the TAAC).

20 **INTERROGATORY NO. 9:**

21      IDENTIFY all communications since January 1, 2001, between MATTEL

22 and government entities (federal, state or local, domestic or foreign) regarding

23 alleged misconduct by MGA (or its subsidiaries, affiliates, agents, or employees),

24 and/or alleged misconduct by former MATTEL employees who worked for MGA,

25 including but not limited to the predicate acts and patterns of racketeering alleged in

26 the Second and Third Counterclaims of the TAAC.

27

28

OHS West:260701220.1       - 6 -

EXHIBIT __l__

PAGE ____ll____

1  **INTERROGATORY NO. 10:**

2      With respect to the allegation in paragraphs 44- 61 of the Counterclaims of

3  the TAAC, that the defendants stole MATTEL trade secrets in Mexico, state all

4  facts regarding:

5          (a)    every RICO predicate act committed through that conduct;

6          (b)    which PERSONS employed by or associated with which RICO

7  enterprises committed those predicate acts;

8          (c)    the injuries to MATTEL's business or property proximately

9  caused by those predicate acts;

10         (d)    how MATTEL has calculated or estimated the dollar value of

11  those injuries (and if it has not, why not); and

12         (e)    IDENTIFY all PERSONS MATTEL believes have knowledge

13  of the information requested in this Interrogatory.

14  **INTERROGATORY NO. 11:**

15      As to each allegation upon information and belief as alleged in the

16  Counterclaims of the TAAC, state all facts regarding the sources of the information

17  alleged, when the information was acquired from each source, and all inferences or

18  conclusions you have drawn that support the stated belief.

19

20  Dated:    July 29, 2009              ORRICK, HERRINGTON & SUTCLIFFE LLP

21

22                                       By: _____ /s/ William A. Molinski _____
                                                      William A. Molinski
23                                       Attorneys for MGA ENTERTAINMENT, INC.,
                                         MGA ENTERTAINMENT HK, LTD., MGA de
24                                       MEXICO, S.R.L. de C.V., and ISAAC LARIAN

25

26

27

28

OHS West:260701220.1                    - 7 -

EXHIBIT ___1___
PAGE ___12___

**PROOF OF SERVICE**

I, Maggie St. Germain, declare:

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017-5855.

**MGAE DE MEXICO'S INTERROGATORY NOS. 1-11 | TO MATTEL INC.**

On July 29, 2009, I served the following document:

☐     By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐     By depositing a true and correct copy of the document(s) listed above with Fed Ex in Los Angeles, California, enclosed in a sealed envelope.

☒     (by Electronic Mail), I caused such documents to be transmitted by electronic mal to the offices of the addressee.

SEE ATTACHED SERVICE LIST

I am employed in the county from which the mailing occurred.  On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above.  I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2009, at Los Angeles, California.

Maggie St. Germain

EXHIBIT 1
PAGE 13

**PHASE 2 DISCOVERY SERVICE LIST**

Counsel for Mattel. Inc.
John B. Quinn, Esq.
johnquinn@quinnemanuel.com
Michael T. Zeller, Esq.
michaelzeller@quinnemanuel.com
Jon D. Corey, Esq.
Joncorey@quinnemanuel.com
Brett D. Proctor
dylanproctor@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
Telephone: (213) 443-3000
Facsimile:  (213) 443-3100

Counsel for Carlos Gustavo Machado Gomez
Mark E. Overland, Esq.
moverland@scheperkim.com
Alexander H. Cote, Esq.
acote@scheperkim.com
SCHEPER KIM & OVERLAND LLP
601 W. 5th Street, 12th Floor
Los Angeles, CA  90017
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

Counsel for Carlos Gustavo Machado Gomez
Leah Chava Gershon, Esq.
leah@spertuslaw.com
JAMES W. SPERTUS LAW OFFICES
1990 South Bundy Drive, Suite 705
Los Angeles, CA  90025
Telephone:  (310) 584-7671
Facsimile:   (310) 826-4711

OHS West:260690921.1

- 2 -

EXHIBIT ___1___
PAGE ___14___

1   <u>Counsel for Limited Intervenor, Omni 808 Investors LLC</u>
    Todd E. Gordinier, Esq.
2   todd.gordinier@bingham.com
    BINGHAM MCCUTCHEN LLP
3   600 Anton Blvd., 18th Floor
    Costa Mesa, CA 92626
4   Telephone: (714) 830-0600
    Facsimile: (714) 830-0700
5
    Thomas J. Nolan, Esq.
6   thomas.nolan@skadden.com
    Raoul D. Kennedy, Esq.
7   raoul.kennedy@skadden.com
    Jason D. Russell, Esq.
8   jason.russell@skadden.com
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
9   300 South Grand Ave., Suite 3400
    Los Angeles, CA 90071-3144
10  Telephone: (213) 687-5000
    Facsimile: (213) 687-5600
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260690921.1                              - 3 -

EXHIBIT ___1___
PAGE ___15___

# EXHIBIT 2

MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148008)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  +1-415-773-5700
Facsimile:  +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  +1-213-629-2020
Facsimile:  +1-213-612-2499

Attorneys for MGA Parties for Phase 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 04-9049-SGL (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>Honorable Stephen G. Larson<br><br>**MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25 TO MATTEL, INC.** |
| AND CONSOLIDATED ACTIONS | |

PROPOUNDING PARTY:     MGA ENTERTAINMENT (HK) LIMITED.

RESPONDING PARTY:     MATTEL, INC.

SET NUMBER:     NOS. 1-25

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

EXHIBIT ___2___
PAGE ___16___

1   Defendants-In-Intervention, MGA Entertainment Inc., MGAE de Mexico,
2   S.R.L. de C.V., MGA Entertainment (HK) Limited ("MGA"), hereby requests that
3   Plaintiff, Mattel Inc. ("Mattel") answer the following Interrogatories separately,
4   fully, and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure,
5   within thirty (30) days of service, in accordance with the definitions and
6   instructions set forth herein.

7                                    **DEFINITIONS**

8        1.     "DOCUMENT[S]" incorporates the full meaning of Federal Rule of
9   Civil Procedure 24, and shall be construed in the broadest sense to mean any and all
10   writings, tangible things and property, of any kind, that are now or that have been in
11   YOUR actual or constructive possession, custody or control, including, but not
12   limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,
13   punched, copied, recorded, transcribed, graphic or photographic matter of any kind
14   or nature, in, through, or from which information may be embodied, translated,
15   conveyed or stored, whether an original, a draft or copy, however produced or
16   reproduced, whether sent or received or neither, including, but not limited to, notes,
17   memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,
18   inter- and intra-office COMMUNICATIONS, work papers, work sheets, work
19   records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,
20   estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,
21   telephone records, telegrams, telexes, literature, invoices, contracts, purchase
22   orders, estimates, recordings, transcriptions of recordings, records, books,
23   pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio
24   and digital recordings, television commercials, story boards, website or other spot
25   advertisements, movies, movie trailers, prototypes, products, diaries, calendars,
26   charts, drawings, sketches, messages, photographs and data contained in or
27   accessible through any electronic data processing system, including, but not limited
28   to, computer databases, data sheets, data processing cards, computer files and tapes,

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

EXHIBIT ___2___
PAGE ___17___

1    computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic

2    mail, website and web pages and transcriptions thereof and all other

3    memorializations of any conversations, meetings and conference, by telephone or

4    otherwise. The term DOCUMENT also means every copy of a DOCUMENT,

5    where such copy is not an identical duplicate of the original, whether because of

6    deletions, underlinings, showing of blind copies, initialing, signatures, receipt

7    stamps, comments, notations, differences in stationery or any other difference or

8    modification of any kind.

9         2.     "MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff

10   MATTEL, Inc. and any of its past or present officers, directors, agents, employees,

11   representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,

12   predecessors-in-interest and successors-in-interest, entities and persons acting in

13   joint venture or partnership relationships with YOU and any others acting on

14   YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

15        3.     "MGA" means MGA Entertainment, Inc., MGAE de Mexico, S.R.L.

16   de C.V., MGA Entertainment (HK) Limited and any of their past or present

17   officers, directors, agents, employees, representatives, consultants, attorneys,

18   parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-

19   in-interest, entities and persons acting in joint venture or partnership relationships

20   with MGA and any others acting on MGA's behalf, pursuant to its authority or

21   subject to its control.

22        4.     "PERSON" or "PERSONS" means all natural persons, partnerships,

23   corporations, joint ventures and any kind of business, legal or public entity or

24   organization, as well as its, his or her agents, representatives, employees, officers

25   and directors and any one else acting on its, his or her behalf, pursuant to its, his or

26   her authority or subject to its, his or her control.

27        5.     "TACC" means the Third Amended Answer and Counterclaim filed in

28   this action by Mattel.

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

EXHIBIT ___2___
PAGE ___18___

1      6.      The singular form includes the plural, and vice versa.

2      7.      The terms "any" and "all" are interchangeable.

3      8.      The terms "and" and "or" shall be construed disjunctively and

4    conjunctively, and each shall include the other whenever such dual construction

5    will serve to bring within the scope of any interrogatory, information that would

6    otherwise not be within its scope.

7      8.      As used herein, the terms "RELATING TO" and "REFERRING TO"

8    should each be construed in the broadest possible sense to mean concerning,

9    consisting of, referring to, describing, discussing, constituting, evidencing,

10   containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or

11   bearing any logical or factual connection with the matter discussed.

12                               **INSTRUCTIONS**

13     1.      Mattel is instructed to serve written responses to these Interrogatories

14   upon MGA's counsel at Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa

15   Street, #3200, Los Angeles, California 90017.

16     2.      These Interrogatories are deemed to be continuing in nature. If, after

17   responding, Mattel discovers additional information responsive to any

18   Interrogatory, or part thereof, MGA requests that Mattel provide such information

19   to MGA within thirty days after acquiring knowledge of its existence or advise

20   MGA in writing as to why such additional information cannot be provided within

21   the specified period.

22     3.      For any information withheld based on any ground, including

23   privilege, provide a written statement setting forth: (a) the identity of all person(s)

24   from and to whom the information has been communicated; (b) the names and

25   organization position, if any, of each such person; (c) a brief description of the

26   subject matter of the information; and (d) the legal ground upon which you rely in

27   withholding the information; and (e) if work product is asserted, the proceeding for

28   or during which the information was obtained or created.

OHS West:260696645.2                    - 3 -          MGA ENTERTAINMENT (HK) LIMITED'S
                                                       INTERROGATORY NOS. 1-25 TO MATTEL, INC.
                                                       CV 04-9049 SGL (RNBx)

EXHIBIT ___2___

PAGE ___19___

1      4.     Whenever in these Interrogatories there is a request to "IDENTIFY" a

2  COMMUNICATION, the answering party shall state the date of the

3  COMMUNICATION, the places of origin and reception of the

4  COMMUNICATION, the persons present during any portion of the

5  COMMUNICATION if oral, the type of COMMUNICATION (i.e. letter, facsimile,

6  face-to-face conversation, telephone, etc.), the substance of the

7  COMMUNICATION and the DOCUMENT(S), if any, that constitute, record, show

8  or refer to the COMMUNICATION.

9      5.     Whenever in these Interrogatories there is a request to "IDENTIFY" a

10  PERSON, the answering party shall set forth the person's name, present or last

11  known business address, residence address and telephone numbers, dates of

12  employment, job capacity, title, status, position, rank or classification or, with

13  respect to a non-natural person, the name and address of the principal office or

14  place of business, all names under which it is doing business or ever has done

15  business, the nature of the venture (i.e. sole proprietorship, partnership ,

16  corporation, etc.), and the identities of its officers, directors, partners or

17  administrators.

18      6.     Whenever in these Interrogatories there is a request to "IDENTIFY" a

19  DOCUMENT, the answering party shall identify, by name, all authors and

20  recipients of the DOCUMENT, the date of the DOCUMENT, the person or entity

21  who currently has possession, custody and control of the DOCUMENT, and

22  describe the DOCUMENT in a manner sufficient for MGA to draft a discovery

23  demand requesting production of the DOCUMENT.

24      7.     Whenever in these Interrogatories there is a request to "IDENTIFY" an

25  action or act it means to state all facts known by YOU concerning that act or action,

26  including when that act occurred, the PERSON or PERSONS who engaged in that

27  act, and all facts known to YOU concerning that act.

28

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

EXHIBIT  __2__

PAGE  __20__

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

As to each occasion on which Mattel contends a RICO predicate was committed as alleged in the Second and Third Counterclaims of the TAAC:

(a)   IDENTIFY the RICO predicate act (by statute) and state all facts regarding the acts and omissions establishing that RICO predicate act. (If you contend the same acts and omissions established the commission of more than one RICO predicate act, IDENTIFY all of those RICO predicate acts.);

(b)   IDENTIFY which PERSONS employed by or associated with which RICO enterprise(s) committed that RICO predicate act;

(c)   state all facts which you contend demonstrate that Isaac Larian knew of, participated in, or directed the commission of that RICO predicate act;

(d)   state all facts regarding how that RICO predicate act proximately caused injury(s) to Mattel's business or property;

(e)   state all facts regarding how Mattel has calculated or estimated the monetary damages for each type of injury to its business or property proximately caused by that RICO predicate act (and if it has not, why not); and

(f)   IDENTIFY all PERSONS Mattel believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 2:**

State all facts regarding Isaac Larian's conducting or participating, directly or indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC).

**INTERROGATORY NO. 3:**

State all facts regarding MGA Entertainment (HK) Limited's conducting or participating, directly or indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC).

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)



EXHIBIT   2
PAGE   21

1    **INTERROGATORY NO. 4:**

2        As to each injury to its business or property which MATTEL claims was

3    proximately caused by the actions and/or omissions alleged in the Second and Third

4    Counterclaims of the TAAC:

5        (a)    state all facts regarding the precise nature and type of that injury;

6        (b)    state all facts regarding the RICO predicate act(s) and/or pattern of

7    racketeering that proximately caused that injury;

8        (c)    IDENTIFY which PERSONS employed by or associated with which

9    RICO enterprises committed the RICO predicate act(s) and/or pattern of

10   racketeering that proximately caused that injury;

11       (d)    state all facts regarding how MATTEL has calculated or estimated the

12   monetary damages for that injury (and if it has not, why not); and

13       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

14   information requested in this Interrogatory.

15   **INTERROGATORY NO. 5:**

16       As to each separate scheme or artifice to defraud underlying the Second

17   Counterclaim's allegations of mail and/or wire fraud (*see, e.g.*, ¶¶137-39,

18   141(a),(b)), state all facts regarding:

19       (a)    the duration and goals of the scheme or artifice to defraud;

20       (b)    which PERSONS employed by or associated with which RICO

21   enterprises committed the mail and/or wire fraud;

22       (c)    to whom the scheme or artifice to defraud was directed;

23       (d)    the uses of the mails and/or wires that furthered the fraud;

24       (e)    the injuries to MATTEL's business or property proximately caused by

25   the scheme or artifice to defraud;

26       (f)    how MATTEL has calculated or estimated the dollar value of those

27   injuries to MATTEL's business or property (and if it has not, why not); and

28

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

EXHIBIT ___2___

PAGE ___22___

1      (g)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

2  information requested in this Interrogatory.

3  **INTERROGATORY NO. 6:**

4      As to each misrepresentation or concealment underlying the Second

5  Counterclaim's allegations of mail and/or wire fraud (*see, e.g.*, ¶¶137-39,

6  141(a),(b)), state all facts regarding:

7      (a)    the duration and goals of the mail and/or wire fraud based on that

8  misrepresentation or concealment;

9      (b)    which PERSONS employed by or associated with which RICO

10  enterprises committed that mail and/or wire fraud;

11      (c)    what facts or information were misrepresented or concealed;

12      (d)    when the facts or information were misrepresented or concealed;

13      (e)    who misrepresented or concealed the facts or information;

14      (f)    the factual and legal basis of the duties, if any, to disclose the facts or

15  information;

16      (g)    to whom the misrepresentation or concealment was directed;

17      (h)    who, if anyone, relied upon the misrepresentation or concealment;

18      (i)    the uses of the mails and/or wires that furthered the mail and/or wire

19  fraud based on that misrepresentation or concealment;

20      (j)    the injuries to MATTEL's business or property proximately caused by

21  the misrepresentation or concealment and/or the mail and/or wire fraud based on

22  that misrepresentation or concealment;

23      (k)    how MATTEL has calculated or estimated the dollar value of those

24  injuries to MATTEL's business or property (and if it has not, why not); and

25      (l)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

26  information requested in this Interrogatory.

27

28

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

EXHIBIT __2__
PAGE __23__

1  **INTERROGATORY NO. 7:**

2      As to each RICO enterprise alleged in the Counterclaims of the TAAC, state

3  all facts regarding:

4      (a)    the purposes and goals of the enterprise;

5      (b)    the RICO predicate acts committed by the enterprise;

6      (c)    the duration of the enterprise; and

7      (d)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

8  information requested in this Interrogatory.

9  **INTERROGATORY NO. 8:**

10      As to each RICO conspiracy alleged in the Third Counterclaim of the TAAC,

11  state all facts regarding:

12      (a)    the co-conspirators of the conspiracy;

13      (b)    the purposes and goals of the conspiracy;

14      (c)    the overt acts committed in furtherance of the conspiracy;

15      (d)    when and how the co-conspirators demonstrated their agreement to join

16  the conspiracy; and

17      (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

18  information requested in this Interrogatory.

19  **INTERROGATORY NO. 9:**

20      IDENTIFY each PERSON that aided and abetted a predicate act committed

21  against MATTEL (as alleged in the Counterclaims of the TAAC, *e.g.*, ¶¶141, 151),

22  and IDENTIFY:

23      (a)    the predicate act that person aided and abetted;

24      (b)    the perpetrators whom that person aided and abetted;

25      (c)    the acts or omissions that constituted the aiding and abetting by

26  that person; and

27      (d)    IDENTIFY all PERSONS MATTEL believes have knowledge

28  of the information requested in this Interrogatory

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

EXHIBIT __2__

PAGE __24__

1    **INTERROGATORY NO. 10:**

2         With respect to the allegation in paragraphs 28 - 43 of the Counterclaims of

3    the TAAC, that the defendants stole a new line of fashion dolls from MATTEL,

4    state all facts regarding:

5         (a)    every RICO predicate act committed through that conduct;

6         (b)    which PERSONS employed by or associated with which RICO

7    enterprises committed those predicate acts;

8         (c)    the injuries to MATTEL's business or property proximately caused by

9    those predicate acts;

10        (d)    how MATTEL has calculated or estimated the dollar value of those

11   injuries (and if it has not, why not); and

12        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

13   information requested in this Interrogatory.

14   **INTERROGATORY NO. 11:**

15        With respect to the allegation in paragraphs 44- 61 of the Counterclaims of

16   the TAAC, that the defendants stole MATTEL trade secrets in Mexico, state all

17   facts regarding:

18        (a)    every RICO predicate act committed through that conduct;

19        (b)    which PERSONS employed by or associated with which RICO

20   enterprises committed those predicate acts;

21        (c)    the injuries to MATTEL's business or property proximately caused by

22   those predicate acts;

23        (d)    how MATTEL has calculated or estimated the dollar value of those

24   injuries (and if it has not, why not); and

25        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

26   information requested in this Interrogatory.

27

28

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

EXHIBIT ___2___

PAGE ___25___

1    **INTERROGATORY NO. 12:**

2        With respect to the allegation in paragraphs 62 – 76 of the Counterclaims of

3 the TAAC, that the defendants hired Ron Brawer to facilitate the theft and use of

4 MATTEL business methods and practices, state all facts regarding:

5        (a)    every RICO predicate act committed through that conduct;

6        (b)    which PERSONS employed by or associated with which RICO

7 enterprises committed those predicate acts;

8        (c)    the injuries to MATTEL's business or property proximately caused by

9 those predicate acts;

10       (d)    how MATTEL has calculated or estimated the dollar value of those

11 injuries (and if it has not, why not); and

12       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

13 information requested in this Interrogatory.

14    **INTERROGATORY NO. 13:**

15        With respect to the allegation in paragraphs 77 – 87 of the Counterclaims of

16 the TAAC, that the defendants hired Jorge Castilla to obtain trade secret and highly

17 confidential information about MATTEL's forecasting and inventory management

18 systems, state all facts regarding:

19       (a)    every RICO predicate act(s) committed through that conduct;

20       (b)    which PERSONS employed by or associated with which RICO

21 enterprises committed those predicate acts;

22       (c)    the injuries to MATTEL's business or property proximately caused by

23 those predicate acts;

24       (d)    how MATTEL has calculated or estimated the dollar value of those

25 injuries (and if it has not, why not); and

26       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

27 information requested in this Interrogatory.

28

EXHIBIT __2__

PAGE __26__

1    **INTERROGATORY NO. 14:**

2      With respect to the allegation in paragraphs 88 – 94 of the Counterclaims of

3    the TAAC, that the defendants hired Janine Brisbois and stole trade secrets of

4    MATTEL in Canada, state all facts regarding:

5      (a)    every RICO predicate act committed through that conduct;

6      (b)    which PERSONS employed by or associated with which RICO

7    enterprises committed those predicate acts;

8      (c)    the injuries to MATTEL's business or property proximately caused by

9    those predicate acts;

10      (d)    how MATTEL has calculated or estimated the dollar value of those

11    injuries (and if it has not, why not); and

12      (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

13    information requested in this Interrogatory.

14    **INTERROGATORY NO. 15:**

15      With respect to the allegation in paragraphs 95 - 96 of the Counterclaims of

16    the TAAC, that MATTEL employees other than Carter Bryant secretly worked on

17    Bratz, state all facts regarding:

18      (a)    every RICO predicate act committed through that conduct;

19      (b)    which PERSONS employed by or associated with which RICO

20    enterprises committed those predicate acts;

21      (c)    the injuries to MATTEL's business or property proximately caused by

22    those predicate acts;

23      (d)    how MATTEL has calculated or estimated the dollar value of those

24    injuries (and if it has not, why not);

25      (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

26    information requested in this Interrogatory.

27

28

EXHIBIT    2

PAGE    27

1 | **INTERROGATORY NO. 16:**

2 |     With respect to the allegation in paragraph 97 of the Counterclaims of the

3 | TAAC, that MATTEL employees were paid in cash, using false names and false

4 | social security numbers while working for MGA, state all facts regarding:

5 |     (a)    every RICO predicate act committed through that conduct;

6 |     (b)    which PERSONS employed by or associated with which RICO

7 | enterprises committed those predicate acts;

8 |     (c)    the injuries to MATTEL's business or property proximately caused by

9 | those predicate acts;

10 |     (d)    how MATTEL has calculated or estimated the dollar value of every

11 | direct, concrete injury to MATTEL's business or property which was proximately

12 | caused by those predicate acts (and if it has not, why not); and

13 |     (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

14 | information requested in this Interrogatory.

15 | **INTERROGATORY NO. 17:**

16 |     With respect to the allegation in paragraph 98 of the Counterclaims of the

17 | TAAC, that MGA has hired other MATTEL employees or induced them to secretly

18 | work for MGA while they were employed by MATTEL, and persuaded them to

19 | misappropriate MATTEL trade secrets, state all facts regarding:

20 |     (a)    IDENTIFY those other MATTEL employees;

21 |     (b)    the dates each ended employment at MATTEL, the date each began

22 | employment at MGA, and the period during which each secretly worked for MGA

23 | while still employed by MATTEL;

24 |     (c)    every RICO predicate act committed through that conduct;

25 |     (d)    which PERSONS employed by or associated with which RICO

26 | enterprises committed those predicate acts;

27 |     (e)    the injuries to MATTEL's business or property proximately caused by

28 | those predicate acts;

EXHIBIT __2__

PAGE __28__

1    (f)    how MATTEL has calculated or estimated the dollar value of those

2    injuries (and if it has not, why not); and

3    (g)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

4    information requested in this Interrogatory.

5    **INTERROGATORY NO. 18:**

6    With respect to the allegation in paragraphs 99 - 102 of the Counterclaims of

7    the TAAC, that Isaac Larian made misrepresentations to retailers and in press

8    releases and in the market place, state all facts regarding:

9    (a)    every RICO predicate act committed through that conduct;

10    (b)    the RICO enterprises that Mr. Larian was employed by or associated

11    with when he committed those predicate acts;

12    (c)    the injuries to MATTEL's business or property proximately caused by

13    those predicate acts;

14    (d)    how MATTEL has calculated or estimated the dollar value of those

15    injuries (and if it has not, why not); and

16    (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

17    information requested in this Interrogatory.

18    **INTERROGATORY NO. 19:**

19    With respect to the allegation in paragraphs 103 - 104 of the Counterclaims

20    of the TAAC, regarding destruction of documents, perjury, conspiracy to commit

21    perjury, and obstruction of justice, state all facts regarding:

22    (a)    every RICO predicate act committed through that conduct;

23    (b)    which PERSONS employed by or associated with which RICO

24    enterprises committed those predicate acts;

25    (c)    the injuries to MATTEL's business or property proximately caused by

26    those predicate acts;

27    (d)    how MATTEL has calculated or estimated the dollar value of those

28    injuries (and if it has not, why not); and

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

EXHIBIT __2__

PAGE __29__

1         (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

2    information requested in this Interrogatory.

3    **INTERROGATORY NO. 20:**

4         With respect to the allegation in paragraphs 108 - 112 and 120 of the

5    Counterclaims of the TAAC, that Isaac Larian and MGA created various shell and

6    off-shore entities to either transfer or assist in the transfer of proceeds generated by

7    unlawful conduct and criminal enterprises, state all facts regarding:

8         (a)    every RICO predicate act committed through that conduct;

9         (b)    which PERSONS employed by or associated with which RICO

10   enterprises committed those predicate acts;

11        (c)    the injuries to MATTEL's business or property proximately caused by

12   those predicate acts;

13        (d)    how MATTEL has calculated or estimated the dollar value of those

14   injuries (and if it has not, why not); and

15        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

16   information requested in this Interrogatory.

17   **INTERROGATORY NO. 21:**

18        With respect to the allegation in paragraphs 113 - 120 of the Counterclaims

19   of the TAAC, that Isaac Larian and MGA wrongfully acquired $313 million of debt

20   that MGA owed Wachovia, state all facts regarding:

21        (a)    every RICO predicate act committed through that conduct;

22        (b)    which PERSONS employed by or associated with which RICO

23   enterprises committed those predicate acts;

24        (c)    the injuries to MATTEL's business or property proximately caused by

25   those predicate acts;

26        (d)    how MATTEL has calculated or estimated the dollar value of those

27   injuries (and if it has not, why not); and

28

EXHIBIT ___2___

PAGE ___30___

1       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

2  information requested in this Interrogatory.

3  **INTERROGATORY NO. 22:**

4        With respect to the allegation in paragraph 121 of the Counterclaims of the

5  TAAC, regarding various loans to MGA and MGA Entertainment (HK), state all

6  facts regarding:

7       (a)    every RICO predicate act committed through that conduct;

8       (b)    which PERSONS employed by or associated with which RICO

9  enterprises committed those predicate acts;

10       (c)    the injuries to MATTEL's business or property proximately caused by

11  those predicate acts;

12       (d)    how MATTEL has calculated or estimated the dollar value of those

13  injuries (and if it has not, why not; and

14       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

15  information requested in this Interrogatory.

16  **INTERROGATORY NO. 23:**

17        With respect to the allegation in paragraphs 122 - 126 of the Counterclaims

18  of the TAAC, that Isaac Larian sold MGA inventory to himself at fire sale prices,

19  state all facts regarding:

20       (a)    every RICO predicate act committed through that conduct;

21       (b)    which PERSONS employed by or associated with which RICO

22  enterprises committed those predicate acts;

23       (c)    the injuries to MATTEL's business or property proximately caused by

24  those predicate acts;

25       (d)    how MATTEL has calculated or estimated the dollar value of those

26  injuries (and if it has not, why not); and

27       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

28  information requested in this Interrogatory.

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGI. (RNBx)

EXHIBIT ___2___

PAGE ___31___

1 | **INTERROGATORY NO. 24:**

2    If MATTEL claims that the predicate acts and/or pattern of racketeering as

3 alleged in the Counterclaims of the TAAC caused it to lose sales of Barbie

4 products, state all facts regarding:

5    (a)    the number of sales of each product lost each year, and how MATTEL

6 calculated or estimated that figure;

7    (b)    the gross revenue lost each year from those lost sales, and how

8 MATTEL calculated or estimated that figure;

9    (c)    the net profit lost each year from those lost sales, and how MATTEL

10 calculated or estimated that figure;

11    (d)    how the RICO predicate act(s) and/or pattern of racketeering alleged in

12 the Counterclaims (as opposed to other factors) proximately caused the sales lost

13 each year;

14    (e)    which PERSONS employed by or associated with which RICO

15 enterprises committed those predicate acts and/or pattern of racketeering; and

16    (f)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

17 information requested in this Interrogatory.

18 | **INTERROGATORY NO. 25:**

19    With respect to the allegations in paragraph 140 of the Counterclaims of the

20 TAAC, that the MGA, Bratz, and IGWT Criminal Enterprises are continuing

21 operations and threaten to continue their wrongful conduct:

22    (a)    state all facts regarding those continuing operations and/or the threat of

23 continued wrongful conduct;

24    (b)    IDENTIFY each predicate acts and/or patterns of racketeering which

25 MATTEL believes are continuing or threatened;

26    (c)    IDENTIFY which PERSONS employed by or associated with which

27 RICO enterprise(s) are committing or threatening to commit each RICO predicate

28 act;

EXHIBIT __2__
PAGE __32__

1    (d)    state all facts regarding the injuries to its business or property that

2  MATTEL believes will be proximately caused by those predicate acts and/or

3  patterns of racketeering;

4    (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

5  information requested in this Interrogatory.

6  Dated:    July 29, 2009            ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8                                     By:    _____/s/ William A. Molinski_____

9                                            William A. Molinski
                                             Attorneys for MGA ENTERTAINMENT, INC.,
10                                           MGA ENTERTAINMENT HK, LTD., MGA de
                                             MEXICO, S.R.L. de C.V., and ISAAC LARIAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT    2
PAGE    33

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, Maggie St. Germain, declare: |
| 3 | I am more than eighteen years old and not a party to this action.  My business |
| 4 | address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite |
| 5 | 3200, Los Angeles, California 90017-5855. |
| 6 | **MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25 TO MATTEL, INC.** |
| 7 | On July 29, 2009, I served the following document: |
| 8 9 | ☐    By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. |
| 10 11 | ☐    By depositing a true and correct copy of the document(s) listed above with Fed Ex in Los Angeles, California, enclosed in a sealed envelope. |
| 12 13 | ☒    (by Electronic Mail), I caused such documents to be transmitted by electronic mal to the offices of the addressee. |
| 14 15 | SEE ATTACHED SERVICE LIST |
| 16 | I am employed in the county from which the mailing occurred.  On the |
| 17 | date indicated above, I placed the sealed envelope(s) for collection and mailing at |
| 18 | this firm's office business address indicated above.  I am readily familiar with this |
| 19 | firm's practice for the collection and processing of correspondence for mailing with |
| 20 | the United States Postal Service.  Under that practice, the firm's correspondence |
| 21 | would be deposited with the United States Postal Service on this same date with |
| 22 | postage thereon fully prepaid in the ordinary course of business. |
| 23 | I declare under penalty of perjury that the foregoing is true and correct. |
| 24 | Executed on July 29, 2009, at Los Angeles, California. |
| 25 | |
| 26 | |
| 27 | Maggie St. Germain |
| 28 | |

OHS West:260690921.1                                  - 1 -

EXHIBIT  2
PAGE  34

1

## PHASE 2 DISCOVERY SERVICE LIST

2

Counsel for Mattel. Inc.

3  John B. Quinn, Esq.
   johnquinn@quinnemanuel.com
4  Michael T. Zeller, Esq.
5  michaelzeller@quinnemanuel.com
   Jon D. Corey, Esq.
6  Joncorey@quinnemanuel.com
7  Brett D. Proctor
   dylanproctor@quinnemanuel.com
8  QUINN EMANUÉL URQUHART OLIVER & HEDGES, LLP
9  865 South Figueroa Street, 10th Floor
   Los Angeles, CA  90017-2543
10 Telephone: (213) 443-3000
11 Facsimile:  (213) 443-3100

12
   Counsel for Carlos Gustavo Machado Gomez
13 Mark E. Overland, Esq.
   moverland@scheperkim.com
14 Alexander H. Cote, Esq.
15 acote@scheperkim.com
   SCHEPER KIM & OVERLAND LLP
16 601 W. 5th Street, 12th Floor
17 Los Angeles, CA  90017
   Telephone: (213) 613-4655
18 Facsimile:  (213) 613-4656
19
   Counsel for Carlos Gustavo Machado Gomez
20 Leah Chava Gershon, Esq.
21 leah@spertuslaw.com
   JAMES W. SPERTUS LAW OFFICES
22 1990 South Bundy Drive, Suite 705
23 Los Angeles, CA  90025
   Telephone:  (310) 584-7671
24 Facsimile:  (310) 826-4711
25

26

27

28

EXHIBIT   2
PAGE   35

1   Counsel for Limited Intervenor, Omni 808 Investors LLC
    Todd E. Gordinier, Esq.
2   todd.gordinier@bingham.com
    BINGHAM MCCUTCHEN LLP
3   600 Anton Blvd., 18th Floor
    Costa Mesa, CA 92626
4   Telephone:  (714) 830-0600
    Facsimile:  (714) 830-0700
5
    Thomas J. Nolan, Esq.
6   thomas.nolan@skadden.com
    Raoul D. Kennedy, Esq.
7   raoul.kennedy@skadden.com
    Jason D. Russell, Esq.
8   jason.russell@skadden.com
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
9   300 South Grand Ave., Suite 3400
    Los Angeles, CA 90071-3144
10  Telephone:  (213) 687-5000
    Facsimile:  (213) 687-5600
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OHS West:260690921.1                        - 3 -

EXHIBIT __2__
PAGE __36__