MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  +1-415-773-5700
Facsimile:  +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  +1-213-629-2020
Facsimile:  +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>OBJECTION AND RESPONSE TO SUPPLEMENTAL "DECLARATION" OF PROCTOR IN SUPPORT OF MATTEL'S MOTION FOR PROTECTIVE ORDER REGARDING MGA'S FIRST SET OF PHASE 2 INTERROGATORIES<br><br>Date: August 6, 2009<br>Time: 10:00 a.m.<br>Place: Arent Fox LLP |

**MGA PARTIES' OBJECTION AND RESPONSE TO SUPPLEMENTAL PROCTOR "DECLARATION"**

Objections

The MGA Parties object to consideration of the entirety of ¶¶3-8 of the Supplemental Declaration of B. Dylan Proctor in Support of Mattel's Motion for Protective Order Regarding MGA's First Set of Phase 2 Interrogatories. The grounds for the objection are as follows. First, the Supplemental Declaration consists almost entirely of legal argument rather than factual material; hence, the declaration is argumentative and improper. Second, the Supplemental Declaration is an improper attempt to raise new issues at the last minute prior to hearing on the Motion, and is unfair and prejudicial to the MGA Parties. This is the second time in the last month that Mr. Proctor has filed a supplemental declaration the day before a hearing on a motion. This practice should be discouraged.

Response

To the extent that the Discovery Master is inclined to consider the Supplemental Declaration, the MGA Parties offer this brief response.

Mr. Proctor argues in his Declaration that the trade secret interrogatories do not concern MGA de Mexico. This argument is absurd. Three of the five employees identified in the TAAC as having allegedly misappropriated trade secrets, including named defendants Mr. Machado, worked for MGA de Mexico. There is no requirement that interrogatories be limited by entity-specific subject matter—indeed, that is wholly improper as it would in essence force the MGA Parties to propound multiple interrogatories on the same topic (*e.g.*, "identify your trade secrets" sent four times instead of one).

Mr. Proctor next argues that the RICO interrogatories served by MGA de Mexico and MGA HK are somehow improper because the subject matter does not exclusively concern MGA de Mexico and MGA HK. The entire premise of this argument is faulty. These two entities are named in the TAAC as part of two

1  separate racketeering enterprises, the so-called "MGA Criminal Enterprise" (TAAC
2  ¶134) (naming both MGA HK and MGA de Mexico) and the so-called "Bratz
3  Criminal Enterprise" (TAAC ¶135) (naming MGA HK).  The discovery served by
4  these two enterprises goes to the heart of the racketeering claims against them.  The
5  fact that it also concerns other entities and persons is by definition necessary, since
6  they are also alleged to have been part of these purported racketeering enterprises.
7  As each entity is sought to be held accountable by Mattel for the actions of the
8  other purported participants in these so-called enterprises, of course each one is
9  entitled to propound interrogatories on those subjects.
10             Nowhere in Mr. Proctor's argument does he make any argument that
11 these interrogatories are irrelevant or unnecessary, nor could he.  They go to the
12 heart of Mattel's case, and are entirely proper and necessary.  There is no basis for
13 application of a "per-side" limitation here.  Phase 1 was limited to all claims
14 concerning the discrete issue of when Carter Bryant conceived and reduced to
15 practice the Bratz drawings.  In contrast, Phase 2 is a grab-bag of claims by Mattel
16 encompassing many subjects.  The drafters of the Federal Rules of Civil Procedure
17 knew how to limit discovery to sides when they thought it appropriate, as evidenced
18 by Rule 30.  Rule 33 does not contain such a limitation, and it would be
19 inappropriate here.
20             If Mattel really needs more than 25 interrogatories to prepare its Phase
21 2 case, the Discovery Master will undoubtedly oblige as indicated at the hearing on
22 July 8.  Its theoretical concern that it might not get as many as the MGA Parties and
23 Mr. Machado, however, is no basis for limiting the discovery under consideration
24 in the Motion or the subsequent discovery recently propounded by the MGA
25 Parties.
26             The discovery cutoff in this action is December 11.  We need these
27 answers to prepare for depositions and keep this case moving.  Enough is enough.
28 The MGA Parties respectfully request that Mattel be ordered to answer fully,

completely and promptly all of MGA's outstanding written discovery concerning Phase 2 issues.

Dated: August 4, 2009

Respectfully submitted,

ANNETTE L. HURST
Orrick, Herrington & Sutcliffe LLP

By: _____
ANNETTE L. HURST
Attorneys for Plaintiff