# EXHIBIT 1

**This Exhibit Filed Under Seal Pursuant to Protective Order**

# EXHIBIT 2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 11, 2009

**VIA FEDERAL EXPRESS**

Peter N. Villar, Esq.
Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA 92626-1924

Re:     Bryant v. Mattel, Inc. and Consolidated Actions,
        Case No. CV04-09049

Dear Mr. Villar:

We are in receipt of Mr. Mashian's declaration and your declaration professing no knowledge of an entity called "Lexington Financial, LLC" and asserting that the proper entity name is "Lexington Financial Limited, A Nevis Company" ("Lexington Financial Limited").

Although it is obvious that you and your clients have been well aware of what entity was being referenced, and out of an abundance of caution to obviate the dubious, at best technical contention you and your clients raised for the first time many weeks after the subpoenas were served, we are enclosing corrected, updated requests for the subpoenas to your clients that address this contention, but whose contents are otherwise identical.

As for Lexington Financial, LLC, we will serve the corrected subpoena on Mr. Mashian. Please let us know by the close of business tomorrow, if you would prefer to accept service on his behalf.

Best regards,

*Jon D Corey*

Jon D. Corey

EXHIBIT ___2___
PAGE ___31___

**quinn emanuel urquhart oliver & hedges, llp**

Encl.

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL                              CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: CV 04-9049 SGL (RNBx)
Consolidated with cases 04-9059
and 05-2727

TO: Bingham McCutchen, LLP
    355 South Grand Avenue, Suite 4400
    Los Angeles, CA 90071-3106

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 | February 26, 2009<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiff, Mattel, Inc. | February 12, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael T. Zeller, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT ___2___
PAGE ___32___

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
| DATE | | SIGNATURE OF SERVER |

| | | ADDRESS OF SERVER |

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT  2**
**PAGE  33**

## ATTACHMENT A

1.      All documents referring or relating to any fee agreement or fee arrangement referring or relating to Bingham McCutchen LLP's ("Bingham") representation of Vision Capital, LLC ("Vision Capital") and/or Omni 808 Investors, LLC ("Omni 808"), and any amendments or modifications thereto, and any communications referring or relating to any such agreements or arrangements.

2.      Documents sufficient to identify each and every person or entity billed for, liable to pay, responsible for payment of, or who has paid or promised to pay, whether directly or indirectly, Bingham's fees in connection with Bingham's representation of Omni 808 or Vision Capital.

3.      All documents referring or relating to the formation, governance, ownership, capitalization and/or funding of, or credit for, Omni 808, Vision Capital and/or Lexington Financial Limited, A Nevis Company ("Lexington Financial Limited"), including the source(s) and terms of such capitalization, funding and/or credit.

4.      All documents identifying any member, managing member, shareholder, holder of any ownership interest in, officer, director, employee and/or agent of, or investor in, Omni 808, Vision Capital and/or Lexington Financial Limited.

5.      All contracts and agreements, and proposed or offered contracts or agreements, referring or relating to Omni 808, Vision Capital and/or Lexington Financial Limited, including without limitation all drafts thereof disclosed to, shared with, exchanged with or received from Wachovia, MGA Entertainment, Inc., Fred Mashian, Leon Neman, Isaac Larian and/or any other person or entity other than Omni 808.

6.      All communications referring or relating to Omni 808, Vision Capital and/or Lexington Financial Limited.  For purposes of this Request, Bingham may exclude (a) privileged communications with its client Omni 808 after its attorney-client relationship arose; (b) privileged communications with its client Vision Capital after its attorney-client relationship arose; and (c) communications with Mattel's counsel or the Court in the matter of <u>Carter Bryant v. Mattel</u>, No. CV 04-9059, and consolidated cases.

7.      Documents sufficient to identify any instances in which Bingham has represented MGA Entertainment, Inc., any affiliate of MGA Entertainment, Inc., Fred Mashian, Leon Neman, any entity associated with Leon Neman, Yoel Neman, Monia Neman (aka Monia Mashian), Angela Larian, Farhad Larian, Isaac Larian and/or any entity associated with Isaac Larian at any time since June 1, 2001.

EXHIBIT __2__
PAGE __34__

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL                                   CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: CV 04-9049 SGL (RNBx)
Consolidated with cases 04-9059
and 05-2727

TO: Leon Neman
803 Foothill Road
Beverly Hills, CA 90210

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | February 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff, Mattel, Inc. | February 6, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael T. Zeller, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number

EXHIBIT 2
PAGE 35

AO-88

AO88  (Rev   12/07) Subpoena in a Civil Case (Page 2)

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

---

**Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:**

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA
  (1) Avoiding Undue Burden or Expense; Sanctions  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena  The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply
  (2) Command to Produce Materials or Permit Inspection
    (A) Appearance Not Required  A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial
    (B) Objections  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served  If an objection is made, the following rules apply
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance
  (3) Quashing or Modifying a Subpoena
    (A) When Required  On timely motion, the issuing court must quash or modify a subpoena that
      (i) fails to allow a reasonable time to comply,
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held,
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
      (iv) subjects a person to undue burden
    (B) When Permitted  To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires
      (i) disclosing a trade secret or other confidential research, development, or commercial information,
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party, or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative  In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and
      (ii) ensures that the subpoenaed person will be reasonably compensated
(d) DUTIES IN RESPONDING TO A SUBPOENA
  (1) Producing Documents or Electronically Stored Information  These procedures apply to producing documents or electronically stored information
    (A) Documents  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand
    (B) Form for Producing Electronically Stored Information  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms
    (C) Electronically Stored Information Produced in Only One Form  The person responding need not produce the same electronically stored information in more than one form
    (D) Inaccessible Electronically Stored Information  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost  On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)  The court may specify conditions for the discovery
  (2) Claiming Privilege or Protection
    (A) Information Withheld  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must
      (i) expressly make the claim, and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim
    (B) Information Produced  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information to the court under seal for a determination of the claim  The person who produced the information must preserve the information until the claim is resolved

(e) CONTEMPT
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)

EXHIBIT ___2___<br>PAGE ___36___

## ATTACHMENT A

1.     All documents referring or relating to agreements, contracts or transactions between Leon Neman, Firoozeh Neman, or any company, trust or business entity which Leon Neman or Firoozeh Neman owns, has an interest in or controls (hereinafter, collectively, "Neman"), and MGA Entertainment, Inc. or any subsidiary or affiliate of MGA Entertainment, Inc. (hereinafter, collectively, "MGA") in effect at any time after January 1, 2004, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

2.     All documents referring or relating to agreements, contracts or transactions relating to Vision Capital, LLC or any subsidiary or affiliate of Vision Capital, LLC (hereinafter, collectively, "Vision Capital"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

3.     All documents referring or relating to agreements, contracts or transactions relating to Lexington Financial Limited, A Nevis Company, or any subsidiary or affiliate of Lexington Financial Limited, A Nevis Company (hereinafter, collectively, "Lexington Financial Limited"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.     All documents referring or relating to agreements, contracts or transactions relating to Omni 808 Investors, LLC or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

5.     All documents referring or relating to agreements, contracts or transactions relating to OmniNet Capital, LLC or any subsidiary or affiliate of OmniNet Capital, LLC (hereinafter, collectively, "OmniNet"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

6.     All documents referring or relating to agreements, contracts or transactions relating to IGWT 826 Investments, LLC, IGWT Group, LLC or any subsidiary or affiliate of IGWT 826 Investments, LLC or IGWT Group, LLC (hereinafter, collectively, "IGWT"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

7.     All documents containing financial information, including but not limited to historical and prospective financial performance, relating to MGA since January 1, 2004.

8.     Documents sufficient to identify (a) each corporation, company, partnership, trust or other business entity in which Neman is or has been an officer, director,

07975/2826612.1

EXHIBIT __2__
PAGE __37__

member, managing member, shareholder, trustee or holder of any ownership interest at any time after January 1, 2004, and (b) the dates of such affiliation by Neman.

9. All documents referring or relating to the formation, governance, ownership or capitalization of Vision Capital, OmniNet, Omni 808, Lexington Financial Limited and/or IGWT.

10. All documents referring or relating to Neman's control over, involvement with, role in, ownership of or other interest in Vision Capital, OmniNet, Omni 808, Lexington Financial Limited and/or IGWT, whether direct or indirect.

11. All documents detailing or setting forth the relationship between Neman and Vision Capital, OmniNet, Omni 808, Lexington Financial Limited and/or IGWT, if any.

12. All documents detailing or setting forth the relationship between Neman and MGA, if any, at any time after January 1, 2004.

13. All documents referring or relating to the source of funding or credit to, for or from Vision Capital, Lexington Financial Limited, Omni 808, OmniNet and/or IGWT.

14. All documents referring or relating to the source of funding or credit to, for or from MGA at any time after January 1, 2004.

15. All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to OmniNet, Omni 808, Vision Capital, Lexington Financial Limited or IGWT.

16. All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to MGA, Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi at any time after January 1, 2004.

17. All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid to, from or by OmniNet, Omni 808, Vision Capital, Lexington Financial Limited or IGWT, whether directly or indirectly.

18. All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by or to MGA, Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi at any time after January 1, 2004.

19. All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid to Neman by MGA, Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi at any time after January 1, 2004.

EXHIBIT __2__
PAGE __38__

20. All communications referring or relating to Mattel at any time after January 1, 2004.

21. All communications referring or relating to Omni 808, OmniNet, Lexington Financial Limited, Vision Capital, IGWT and/or Bratz.

22. All communications to, from or by Fred Mashian referring or relating to Omni 808, OmniNet, Lexington Financial Limited, Vision Capital, IGWT, Mattel, MGA, Isaac Larian, Angela Larian, Farhad Larian, Monia Neman (aka Monia Mashian) and/or Bratz.

23. All documents, including communications, referring or relating to Delaware Corporations LLC and/or Robin Brooks.

24. All documents, including communications, referring or relating to Trust Services (Nevis) Limited and/or Nicoya Hanley.

25. All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest(s) allegedly reflected therein, including but not limited to any documents setting forth or detailing the reason for Vision Capital's use of the address 1525 South Broadway, Los Angeles, CA 90015.

26. Documents sufficient to show, at any time after January 1, 2004, each and every entity or business in which Neman has an interest or role or over which Neman has control and in which Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi have any interest or role or over which any of them have control.

27. All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi, or any entity or business which any of them control, own or have an interest in and that also involves Neman or any entity or business that Neman controls, owns or has an interest in.

07975/2826612.1

EXHIBIT __2__
PAGE __39__

# EXHIBIT 1

EXHIBIT _2_
PAGE _40_

**UCC FINANCING STATEMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
FRED MASHIAN
3102747001

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230930402
FILING NUMBER: 08-7170410100
FILING DATE: 08/26/2008 14:30
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 3525 SOUTH BROADWAY | | LOS ANGELES | CA | 90015 | USA |
| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any | ☐ NONE |
| | | LLC | DE | 4699295 | |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 33-35 DAWS LANE | | LONDON | | NW7 4SD | UK |

4. This FINANCING STATEMENT covers the following collateral:
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200821610026.

5. ALT. DESIGNATION: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Attach Addendum [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)
[ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY

EXHIBIT __2__
PAGE __41__

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
District of      Delaware

CARTER BRYANT, an individual;

v.

MATTEL, INC., a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number: C.D.Cal. CV 04-9049 SGL(RNBx)
consolidated with cases CV 04-9059
and 05-2727

TO: Vision Capital, LLC
800 Delaware Avenue
Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE National Legal Process Servers, Inc. Attn: Kim Ryan 2009 Pennsylvania Ave., Ste. 207 Wilmington, DE 19806 | DATE AND TIME January 27, 2009 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Jon Corey /CH Attorney for Plaintiff, Mattel, Inc. | DATE January 13, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

¹) If action is pending in district other than district of issuance, state district under case number.

AO-88

1-13-09

EXHIBIT 2
PAGE 42

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | January 13, 2009 2:22 pm | VISION CAPITAL, LLC |
| SUBPOENA RE DEPOSITION | | 800 Delaware Avenue, 10th Floor |
| | | Wilmington, DE 19801 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Susan Yeatman, Managing Agent | personal | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel Newcomb | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    January 22, 2009
DATE

SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nevertheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



EXHIBIT 2
PAGE 43

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.      All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and Lexington Financial Limited, A Nevis Company, (hereinafter "Lexington Financial Limited") or any subsidiary or affiliate of Lexington Financial Limited, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3.      All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

4.      All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, since January 1, 2007.

5.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Vision Capital, LLC and (b) the dates of such person's affiliation with Vision Capital, LLC.

6.      All documents referring or relating to the formation and governance of Vision Capital, LLC.

7.      All documents detailing or setting forth the relationship between Vision Capital, LLC and OmniNet Capital, LLC, if any.

8.      All documents detailing or setting forth the relationship between Vision Capital, LLC and Omni 808 Investors, LLC, if any.

9.      All documents detailing or setting forth the relationship between Vision Capital, LLC and Lexington Financial Limited, if any.

10.     All documents detailing or setting forth the relationship between Vision Capital, LLC and MGA Entertainment, Inc., if any.

07975/2826509.1

1

EXHIBIT _2_
PAGE _44_

11.   All documents detailing or setting forth the relationship between Vision Capital, LLC and Isaac Larian or his family members, if any.

12.   All documents referring or relating to the source of funding or credit for Lexington Financial Limited.

13.   All documents referring or relating to the source of funding or credit for Omni 808 Investors, LLC.

14.   All documents referring or relating to the source of funding or credit for MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

15.   All documents referring or relating to all contributions, loans and any sources of funding for Vision Capital, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

16.   All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, LLC, Lexington Financial Limited or any subsidiary or affiliate of the foregoing, or to Isaac Larian or his family members.

17.   All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Vision Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

18.   Any and all records that substantiate transfers of assets by Vision Capital, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

19.   All communications referring or relating to Omni 808 Investors, LLC, Lexington Financial Limited, Mattel, Inc., MGA Entertainment, Inc., Isaac Larian, Fred Mashian and/or Bratz.

20.   All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest(s) allegedly reflected therein.

EXHIBIT 2
PAGE 45

# EXHIBIT 1

EXHIBIT __2__
PAGE __46__

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
FRED MASHIAN
3102747601

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 650
LOS ANGELES, CA 90009
USA

DOCUMENT NUMBER: 18230430002
FILING NUMBER: 06-7170451000
FILING DATE: 03/28/2008 14:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| 1a. ORGANIZATION'S NAME  VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS  1525 SOUTH BROADWAY | CITY  LOS ANGELES | STATE  CA | POSTAL CODE  90015 | COUNTRY  USA |
| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION  LLC | 1f. JURISDICTION OF ORGANIZATION  DE | 1g. ORGANIZATIONAL ID#, if any  4588295  ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any  ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| | | | |
|---|---|---|---|
| 3a. ORGANIZATION'S NAME  LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS  33-35 DAWS LANE | CITY  LONDON | STATE | POSTAL CODE  NW7 4SD | COUNTRY  GBR |

4. This FINANCING STATEMENT covers the following collateral:
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200812560026.

| 5. ALT DESIGNATION: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING |
|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS  Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA |

FILING OFFICE COPY

EXHIBIT __2__
PAGE __47__

AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL | CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and 05-2727

TO: Fred Mashian
2776 Casiano Drive
Los Angeles, CA 90077

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | February 16, 2009 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /m Attorney for Plaintiff, Mattel, Inc. | January 30, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT __2__
PAGE __48__

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
      (A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena.
      (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information;
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
         (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
      (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.
(d) DUTIES IN RESPONDING TO A SUBPOENA.
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
      (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
      (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
      (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
   The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT   2

PAGE   49

## ATTACHMENT A

1.     All documents referring or relating to agreements, contracts or transactions between Lexington Financial Limited, A Nevis Company, or any subsidiary or affiliate of Lexington Financial Limited, A Nevis Company (hereinafter, collectively, "Lexington Financial Limited"), and MGA Entertainment, Inc., and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

2.     All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, True Vision Capital Management, LLC, or any subsidiary or affiliate of Vision Capital, LLC and/or True Vision Capital Management, LLC (hereinafter, collectively, "Vision Capital"), and Lexington Financial Limited, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

3.     All documents referring or relating to agreements, contracts or transactions between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and Lexington Financial Limited, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.     All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Lexington Financial Limited or Vision Capital since January 1, 2007.

5.     Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Lexington Financial Limited and (b) the dates of such person's affiliation with Lexington Financial Limited.

6.     Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Vision Capital and (b) the dates of such person's affiliation with Vision Capital.

7.     All documents referring or relating to the formation and governance of Lexington Financial Limited, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Trust Services (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or engaging or who otherwise communicated with the office that Lexington Financial Limited purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a) and/or (b).

8.     All documents referring or relating to the formation and governance of Vision

07975/2826624.1

1

EXHIBIT __2__
PAGE ___50___

Capital, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Delaware Corporations LLC, and (b) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a).

9.     All documents detailing or setting forth the relationship between Lexington Financial Limited and OmniNet Capital, LLC, if any.

10.     All documents detailing or setting forth the relationship between Lexington Financial Limited and Omni 808 or Vision Capital, if any.

11.     All documents detailing or setting forth the relationship between Lexington Financial Limited and MGA Entertainment, Inc. or any subsidiary or affiliate of MGA Entertainment, Inc., if any.

12.     All documents detailing or setting forth the relationship between Lexington Financial Limited and Isaac Larian or his family members, if any.  As used in these Requests, "family members" of Isaac Larian include without limitation Farhad Larian, Angela Larian (formerly Neman), Morad Zarabi, any other member of the Larian, Neman or Zarabi families or any entities or businesses that any of the foregoing own, have an interest in or control.

13.     All documents referring or relating to the source of funding or credit for Vision Capital.

14.     All documents detailing or setting forth the relationship between Vision Capital and Isaac Larian or his family members.

15.     All documents referring or relating to the source of funding or credit for Omni 808.

16.     All documents detailing or setting forth the relationship between Omni 808 and Isaac Larian or his family members.

17.     All documents referring or relating to the source of funding or credit for MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

18.     All documents referring or relating to all contributions, loans and any sources of funding for Lexington Financial Limited during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

19.     All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, Vision Capital, Lexington Financial Limited, Isaac Larian or his family members.

07975/2826624.1

2

EXHIBIT ___2___
PAGE ___51___

20. All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Lexington Financial Limited to Isaac Larian, his family members, or any other related party, including MGA Entertainment, Inc.

21. Any and all records that substantiate transfers of assets by Lexington Financial Limited to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

22. All documents referring or relating to any contract, transaction or relationship between, on the one hand, Omni 808 Investors, OmniNet Capital, LLC, Vision Capital and/or Lexington Financial Limited, and, on the other hand, Isaac Larian or his family members.

23. All communications referring or relating to Lexington Financial Limited, Omni 808 Investors, Vision Capital, Mattel, MGA, Isaac Larian and/or Bratz.

24. All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest allegedly reflected therein.

25. Documents sufficient to show each and every entity or business in which you have an interest or role or over which you have control and in which Isaac Larian, or his family members, have any interest or role or over which Isaac Larian, or his family members, have control.

26. All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members and that also involves you, or any entity or business that you own or control.

27. To the extent not produced in response to any other Request, documents sufficient to show the nature, extent and timing of your relationship to or with Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members.

07975/2826624.1

3

EXHIBIT 2
PAGE 52

**EXHIBIT 1**

EXHIBIT _2_
PAGE _53_

**UCC FINANCING STATEMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
FRED MASHIAN
3102742001

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
FRED MASHIAN
8255 SUNSET BOULEVARD
SUITE 650
LOS ANGELES, CA 90069
USA
```

DOCUMENT NUMBER: 30730400002
FILING NUMBER: 09-7120419109
FILING DATE: 02/20/2006 16:00
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME
VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY

OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1925 SOUTH BROADWAY | LOS ANGELES | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | LLC | DE | 4082296 | □ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | □ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY

OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 33-35 DAWS LANE | LONDON | | NW7 4ND | UK UK |

4. THIS FINANCING STATEMENT covers the following collateral:
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200512610026.

5. ALT DESIGNATION: □ LESSEE/LESSOR □ CONSIGNEE/CONSIGNOR □ BAILEE/BAILOR □ SELLER/BUYER □ AG. LIEN □ NON-UCC FILING

6. □ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable)

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] □ All Debtors □ Debtor 1 □ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY

EXHIBIT 2
PAGE 54

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL                          CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: OmniNet Capital, LLC
9420 Wilshire Blvd. Suite 400
Beverly Hills, CA 90212

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff, Mattel, Inc. | January 9, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT __2__
PAGE __55__

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT  2
PAGE  56

<u>ATTACHMENT A</u>

1.     All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.     All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3.     All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, since January 1, 2007.

4.     Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of OmniNet Capital, LLC since January 1, 2005 and (b) the dates of such person's affiliation with OmniNet Capital, LLC.

5.     All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and OmniNet Capital, LLC, if any.

6.     All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Vision Capital, LLC, if any.

7.     All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Lexington Financial Limited, A Nevis Company (hereinafter "Lexington Financial Limited"), if any.

8.     All documents detailing or setting forth the relationship between OmniNet Capital, LLC and MGA Entertainment, Inc., if any.

9.     All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Isaac Larian or his family members, if any.

10.     All documents referring or relating to the source of funding for Lexington Financial Limited.

11.     All documents referring or relating to the source of funding for Omni 808 Investors, LLC.

12.     All documents referring or relating to the source of funding for Vision Capital,

07975/2826523.1

1

EXHIBIT ___2___
PAGE ___57___

LLC.

      13.    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by OmniNet Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

      14.    All communications referring or relating to Vision Capital, LLC, Lexington Financial Limited, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

      15.    All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

07975/2826523.1

2

EXHIBIT 2
PAGE 58

# EXHIBIT 1

EXHIBIT __2__
PAGE __59__

06-7090318014

10/30/2006  16:46

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

10214638002  UCC 1 FILING

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
  Ann Jones, Paralegal (404) 881-7563
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

    ⌐                                                    ¬
    CT Corporation System~
    2295 Gateway Oaks Drive
    Ste 185
    Sacramento CA 95833
    ⌐                                                    ¬

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |
| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |
| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | ☐ Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |
| File with California Secretary of State | | MN0670894S-3 | | | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
   Gardner 19513/315438

EXHIBIT  **2**
PAGE  **60**

1021463B0002

**Exhibit A**

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

(i)     all Accounts;

(ii)    all Inventory;

(iii)   all Documents relating to Inventory;

(iv)    all books and records pertaining to any property described in this definition;

(v)     all Supporting Obligations pertaining to any property described in this definition; and

(vi)    to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

LEGAL02/30132296v3

A- 1

EXHIBIT   2
PAGE   61

■■■■■■■■■■■
■■■■■■■■■■■
■■■■■■■■■■■

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

08-71714105
09/09/2008 16:03

FILED
CALIFORNIA
SECRETARY OF STATE

18335690083   UCC 5 FILING

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

M-0003-659-2

**CL@S**
INFORMATION
SERVICES
WWW.CLASINFO.COM
2816 BAILEY AVE, SUITE 360
SACRAMENTO, CA 95814
TEL 916.576.5915 / 916.576.5615
FAX 916.576.5700

account number   1036AMIRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE # 08-7090318014      10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed (for record) (or recorded) in the
    □ REAL ESTATE RECORDS.

2. □ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. □ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. X ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects □ Debtor or □ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
□ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.     □ DELETE name: Give record name to be deleted in item 6a or 6b.     □ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:
6a. ORGANIZATION'S NAME

OR

6b. INDIVIDUAL'S LAST NAME                                    FIRST NAME                    MIDDLE NAME             SUFFIX

7. CHANGED (NEW) OR ADDED INFORMATION:
7a. ORGANIZATION'S NAME
**OMNI 808 Investors LLC, as Agent**

OR

7b. INDIVIDUAL'S LAST NAME                                    FIRST NAME                    MIDDLE NAME             SUFFIX

7c. MAILING ADDRESS                                           CITY                          STATE   POSTAL CODE      COUNTRY
9420 Wilshire Blvd., Suite 400                               Beverly Hills                 CA      90212            USA

7d. TAX ID #: SSN or EIN | ADD'L INFO RE | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATION ID #, if any
                           ORGANIZATION    Limited Liability Company   California
                           DEBTOR                                                                        □ NONE

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral □ deleted or □ added, or give entire □ restated collateral description, or describe collateral □ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here □ and enter name of DEBTOR authorizing this Amendment.
9a. ORGANIZATION'S NAME
**Wachovia Bank, National Association, as Agent**

OR

9b. INDIVIDUAL'S LAST NAME                                    FIRST NAME                    MIDDLE NAME             SUFFIX

10. OPTIONAL FILER REFERENCE DATA
**Debtor: MGA Entertainment Inc.**

CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

N72646913.1/0001762-0000308275

EXHIBIT ___2___
PAGE ___62___

06-7090318135

10/30/2006 16:46

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

10214840002   UCC 1 01LING

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| MGA Entertainment Inc. | | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 16360 Roscoe Blvd., Suite 200 | Van Nuys | | CA | 91406 | USA |
| 1d. TAX ID #  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID #  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent. | | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| One South Broad Street, PA 4830 | Philadelphia | | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |
| File with California Secretary of State | | | MN6768P45-5 | | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT   2
PAGE   63

10214840082

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a) all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b) all payments due or to become due to Debtor in respect of any of the foregoing;

(d) all of Debtor's claims, rights, powers, privileges, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e) all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f) all certificates and instruments representing or evidencing any of the foregoing;

(g) all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h) all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

EXHIBIT 2
PAGE 64

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT 2
PAGE 65

## SCHEDULE 1

### MGA Entertainment Inc
#### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

EXHIBIT ___2___
PAGE ___66___

07~71137423
05/14/2007 11:35

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

12549550004   UCC 3 FILING

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER (optional)
Ann Jones, Paralegal (404) 881-7563
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

┌ UCC Direct Services
  1232 Q St
  Sacramento CA 95814
  Account 10010537
└ CDD

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090318135 filed 10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address   ☐ DELETE name   ☐ ADD name

6. CURRENT RECORD INFORMATION:
6a. ORGANIZATION'S NAME

OR  6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7. CHANGED (NEW) OR ADDED INFORMATION:
7a. ORGANIZATION'S NAME

OR  7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

7d. TAX ID # | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any ☐ NONE

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.
9a. ORGANIZATION'S NAME
Wachovia Bank, National Association, as Agent

OR  9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.   6926488 90   JBM

FILING OFFICE COPY— NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT 2
PAGE 67

1264955004

**Exhibit A**

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)    all Equity Interests now or hereafter acquired or held by Debtor in the Issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)    all payments due or to become due to Debtor in respect of any of the foregoing;

(c)    all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)    all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)    all certificates and instruments representing or evidencing any of the foregoing;

(f)    all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)    all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2005, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL02/30236856v2

EXHIBIT 2
PAGE 68

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT 2
PAGE 69

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A. | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARI. | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

LEGAL02/30236856v2

EXHIBIT 2
PAGE 10

08-71714106
09/09/2008 16:03

FILED
CALIFORNIA
SECRETARY OF STATE
50S

16335690004   UCC 3 FILING

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

F6-0000-059-7

CL@S
INFORMATION
SERVICES
WWW.CLASINFO.COM
7110 OUTLEY AVE, SUITE 534
SACRAMENTO, CA 95833
TEL(916)444-7467 / 800)331-3191
TEL(916)444-7700

account number 1036AMIRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE # 06-709031B135   10/30/06   1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in Item 7a or 7b and address of assignee in Item 7c; and also give name of assignor in Item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in Items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in Item 6a or 6b; also give new name (if name change) in Item 7a or 7b and/or new address (if address change) in Item 7c.

☐ DELETE name: Give record name to be deleted in Item 6a or 6b.

☐ ADD name: Complete Item 7a or 7b, and also Item 7c; also complete Items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR OMNI 808 Investors LLC, as Agent | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADDL INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR Wachovia Bank, National Association, as Agent | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Debtor: MGA Entertainment Inc.                                    CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

EXHIBIT _2_
PAGE _71_

**06-7090317861**

**10/30/2006 16:46**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

10214810002   UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

| |
|---|
| CT Corporation System 2295 Gateway Oaks Drive Ste 185 Sacramento CA 95833 |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 16330 Roscoe Blvd., Suite 200 | Van Nuys | | CA | 91406 | USA |
| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
| 20-0998523 | | Corporation | California | CA C2643976 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| One South Broad Street, PA 4830 | Philadelphia | | PA | 19107 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State                    MN6716804.5-1

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT ___2___
PAGE ___72___

**Exhibit A**

Debtor:
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

LEGAL02/30133146v1

A - 1

EXHIBIT 2
PAGE 73

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A-2

EXHIBIT 2
PAGE 74

## SCHEDULE 1

**MGA Entertainment (Mexico), Inc.**
**Pledged Equity Interests**

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

EXHIBIT 2
PAGE 75

**FILING OFFICER STATEMENT**

**INTERNAL USE ONLY**

1. Identification of the Record to which this FILING OFFICER STATEMENT relates.

   1a. INITIAL FINANCING STATEMENT #: 067090317861

   1b. RECORD TO WHICH THIS STATEMENT RELATES:

> DOCUMENT NUMBER: 10268190001
> FILING NUMBER: 0670908369
> FILE DATE/TIME: 11/3/2006 1:34:00 PM
>
> THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2. Describe the inaccuracy or mistake on the part of the file office:

- ☒ Debtor     ☐ Secured Party
- ☐ Name and Address not indexed.
- ☒ Name indexed incorrectly
- ☐ Address indexed incorrectly

- ☐ File Date entered incorrectly
- ☐ Wrong Action type entered
- ☐ Wrong Filing Type entered
- ☐ Filed in Error
- ☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

- ☐ Added Name:
- ☐ Address:
- ☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
- ☒ To: MGA ENTERTAINMENT (MEXICO), INC.
- ☐ Corrected Address from:
- ☐ To:
- ☐ Corrected File Date from    to
- ☐ Re-entered the UCC3    as a
- ☐ Changed the Filing Type from    to
- ☐ Document Deleted
- ☐ Other:

4. Additional Explanation (if applicable):

11/03/2006 13:34 .

1

EXHIBIT 2
PAGE 76

**UCC FINANCING STATEMENT AMENDMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

> UCC Direct Services
> 1232 Q St
> Sacramento CA 95814
> Account I0010537
> CDD

```
07-71137422
05/14/2007 11:35

        FILED
        CALIFORNIA
        SECRETARY OF STATE
SOS

12849850003   UCC 3 FILING
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090317851 filed 10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGES): check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAB de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.   6892648850
JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Carlsen 19513/315458

EXHIBIT __2__
PAGE __11__

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in Issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

A - 1

LEGAL02/10237046v2

EXHIBIT 2
PAGE 78

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranty of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT  2
PAGE  79

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

LEGAL02/30237046v2

EXHIBIT  2

PAGE  80

# EXHIBIT 3

CONFORMED COPY
LODGED                    FILED

2007 MAY 16  PM 1:59   2007 MAY 16  PM 2:00

CLERK U.S. DISTRICT COURT  CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.    CENTRAL DIST. OF CALIF.
       RIVERSIDE                 RIVERSIDE
BY _____

1  | Hon. Edward A. Infante (Ret.)
2  | JAMS
   | Two Embarcadero Center
3  | Suite 1500
   | San Francisco, California  94111
4  | Telephone:   (415) 774-2611
   | Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                          EASTERN DIVISION

10

11  | CARTER BRYANT, an individual,        | CASE NO. C 04-09049 SGL (RNBx)
    |                                      | JAMS Reference No. 1100049530
12  |            Plaintiff,                |
    |                                      |
13  |       v.                             | Consolidated with
    |                                      | Case No. CV 04-09059
14  | MATTEL, INC., a Delaware corporation,| Case No. CV 05-2727
    |                                      |
15  |            Defendant.                | **ORDER GRANTING MATTEL'S**
    |                                      | **MOTION TO COMPEL PRODUCTION**
16  |                                      | **OF DOCUMENTS AND**
    |                                      | **INTERROGATORY RESPONSES BY**
17  | CONSOLIDATED WITH                    | **MGA**
    | MATTEL, INC. v. BRYANT and           |
18  | MGA ENTERTAINMENT, INC. v. MATTEL,   |
    | INC.                                 |
19  |                                      |

20

21                          I. INTRODUCTION

22       On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production

23  of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA").  On February

24  20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a

25  reply brief.  The matter was heard on March 5, 2007.  Thereafter the motion was taken under

26  submission pending the parties' submission of a proposed protective order, which was received

27

28

Bryant v. Mattel, Inc.,                                                              1
CV-04-09049 SGL (RNBx)

EXHIBIT  3
PAGE     81

1    on April 23, 2007. Having considered the motion papers and comments of counsel at the hearing,

2    Mattel's motion to compel is granted.

## II. BACKGROUND

A. Requests for Documents

5        In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6    became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7    categories of documents, to be produced in ten days. MGA filed a motion to quash, which the

8    court granted because of the short amount of time provided for compliance with the subpoena.

9    The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10   some of Mattel's requests. In particular, the parties agreed to limit production to the "first

11   generation" Bratz dolls. On August 12, 2004, MGA produced documents.

12       In 2005, the parties stipulated to supplementing their document productions on May 16,

13   2005. Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14       In September of 2006, MGA made a supplemental production of documents. On February

15   5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16   with legibility problems. On February 20, 2007, MGA produced an additional 224 pages of

17   documents to replace earlier produced documents with legibility problems.

18       Mattel now moves to compel MGA to produce documents responsive to its requests. As a

19   preliminary matter, Mattel contends that MGA's production is deficient because it contains

20   redactions and cut-off text. Further, Mattel contends that MGA's production is incomplete with

21   respect to essentially five categories of documents. First, Mattel contends that MGA is

22   withholding documents relating to the origins of Bratz and Bryant's work for MGA. Mattel

23   believes that MGA's production is incomplete based upon its review of documents that have been

24   produced by third party Steven Linker. According to Mattel, Linker's documents from October

25   of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26   previously represented. Mattel also contends that MGA's responses to the document requests

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                              2

     EXHIBIT __3__
     PAGE __82__

1   contain inappropriate limitations, such as MGA's statement that it will produce "relevant and
2   responsive non-objectionable documents" or only that it will produce documents "sufficient" to
3   show when certain dates relating to Bratz occurred.  Mattel contends that these "carve outs
4   purport to allow MGA to cherry-pick what it will and will not produce to Mattel."  Mattel's
5   Separate Statement at 17:11-13.  Mattel also contends that the carve-outs fail to provide notice of
6   what is or is not being withheld.  Mattel also contends that MGA's objections based upon its
7   confidentiality concerns or the privacy rights of third parties are unwarranted in light of the
8   protective order in place.  In addition, Mattel contends that MGA's objection to producing
9   documents relating to activities or conduct in foreign countries is wholly improper because those
10  documents may contain information relevant to Mattel's claims.

11          Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether
12  such documents relate to the "first generation" Bratz dolls.  Mattel argues that whether the work
13  ultimately resulted in Bratz dolls that were released at a particular time does not matter for
14  discovery purposes.  Mattel contends that the works created by Bryant during his Mattel
15  employment are highly relevant because Mattel owns them, regardless of whether they resulted in
16  a Bratz doll released at a particular time.[1]

17          Mattel next contends that MGA is improperly withholding documents about designs
18  Bryant created on Bratz dolls that were released after June 2001, even though such designs may
19  be derivative of work he did when employed by Mattel.  Mattel contends that it is entitled to
20  explore whether such works and the profits from Bratz dolls other than the "first generation"
21  Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability
22  and damages.  Furthermore, Mattel asserts that the "first generation" limitation on discovery is
23  improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary
24  information as well as MGA's unfair competition claims.

25  _____

26          [1]  Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion
    to compel Bryant to produce documents.

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                                  3

EXHIBIT __3__
PAGE __83__

1    Mattel also asserts that MGA is improperly withholding documents relating to products,

2    services and matters other than those relating to "dolls." According to Mattel, it has evidence that

3    Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by

4    Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the

5    Inventions Agreement.

6    Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just

7    payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant

8    because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;

9    (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual

10   damages; and (3) payments may show when and what trade secret information Bryant and other

11   defendants allegedly misappropriated from Mattel.

12   Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel

13   contends that all agreements between Bryant and MGA are relevant, not just the original

14   September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all

15   documents relating to MGA and Bryant's alleged joint defense agreement because such

16   information would be relevant to demonstrate bias and lack of credibility.

17   Fifth, Mattel seeks production of all declarations, affidavits and other sworn written

18   statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such

19   information may reveal relevant information about the date of creation of Bryant's Bratz

20   drawings.

21   In response, MGA denies withholding responsive documents and asserts that it has

22   produced volumes of documents responsive to Mattel's requests. In particular, MGA represents

23   that it has produced all responsive and relevant documents that it was able to locate in response to

24   request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even

25   before the motion was filed, it had agreed to address the vast majority of the issues raised in this

26   motion. In particular, MGA represents that it is diligently working to produce documents related

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4



EXHIBIT   3
PAGE   84

1   to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2   49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100. MGA represents that it informed

3   Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4   have been released on the market. In addition, MGA represents that it has agreed to produce

5   documents relevant to Bratz or Prayer Angels that it received from Union Bank. More

6   specifically, MGA represents that it agreed to review and produce documents provided to it by

7   Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8   Bratz or Prayer Angels. MGA also represents that it has agreed to produce royalty statements.

9   Therefore, MGA views the motion as unnecessary.

10       MGA next contends that Mattel's motion should be denied for the following additional

11   reasons. First, MGA contends that Mattel is not entitled to MGA's product design documents for

12   unreleased products. MGA asserts that its product design documents for its unreleased toy

13   concepts are among its most highly valuable trade secrets. Furthermore, MGA contends that

14   designs and drawings for products currently under development, over six years after Bryant first

15   created his original Bratz drawings, have no relevance to any of Mattel's claims. In the event that

16   documents relating to unreleased products are ordered produced, MGA requests a protective order

17   under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18   than the current protective order provides. In the alternative, MGA requests that any order

19   compelling production of documents relating to unreleased products should essentially be stayed

20   until after MGA's products are publicly released.

21       Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22   attorneys' fees because the information is privileged. Furthermore, MGA contends that the

23   information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5



EXHIBIT ___3___
PAGE ___85___

1   in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2   Opposition at 24:9-12.[2]

3       Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4   and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5   refused to produce similar types of documents.  More significantly, MGA contends that Mattel's

6   requests for non-public witness statements are "a blatant attempt to avoid the discovery

7   limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8   imposed by this Court."  MGA's Opposition at 25:6-7.  MGA explains its position as follows.

9   MGA is involved in litigation against a number of counterfeiters and infringers in Asia.  In 2003,

10   Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11   attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12   abandoned its claims based upon "Toon Teens" in this court.  Thereafter, those defendants took

13   the position that MGA did not own, and therefore could not enforce, the rights to Bratz.  MGA

14   was thus forced to litigate the issue of ownership.  MGA contends that "[i]n effect, by prompting

15   foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16   a situation in which MGA has been forced to give testimony and provide evidence related to

17   issues in this case that Mattel now seeks to obtain wholesale."  MGA's Opposition at 25:5-24.

18       Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19   dispute between MGA's chief executive officer and his brother because such documents are in no

20   way relevant to this lawsuit.  MGA explains that the brothers were involved in an arbitration

21   proceeding relating to MGA's CEO's purchase of his brother's interest in MGA.  Moreover,

22   MGA contends that the brothers were bound by a protective order prohibiting the use of any

23   documents or testimony for any purpose other than the arbitration.

24

25

26      [2] Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the request.

27

28

EXHIBIT 3
PAGE 86

1    Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel

2  files because they contain confidential information and are not relevant to the lawsuit.  Sixth,

3  MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are

4  in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd.  Lastly,

5  MGA objects to producing documents relating to any testing performed to determine the date that

6  Bratz documents were created.  MGA contends that such discovery is premature and should not

7  proceed until experts are designated.

8    B. Interrogatories

9    On April 28, 2005, Mattel served its Second Set of Interrogatories.  On May 20, 2005,

10  however, the district court stayed the action.  On May 17, 2006, the district court lifted the stay.

11  On May 30, 2006, MGA responded to the interrogatories.

12    Mattel contends that MGA's responses to the interrogatories were untimely.  Further,

13  Mattel contends that the interrogatory responses to numbers five through eleven are deficient

14  because they lack substantive information and consist almost entirely of objections.  MGA

15  responds that the motion is moot because it is prepared to provide supplemental responses to its

16  interrogatories.  MGA does not otherwise assert any additional grounds for opposing Mattel's

17  motion to compel responses to interrogatories.

18                              III. DISCUSSION

19    A. Rule 26 of the Federal Rules of Civil Procedure

20    Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

21  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

22  party." Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

23  discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

24  Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is

25  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

26  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT 3
PAGE 87

1 | opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2 | expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3 | the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4 | the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5 | 26(b)(2).

6       B. <u>Document Requests</u>

7           1. <u>Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,</u>

8           <u>34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100</u>

9       The requests above seek discoverable information regarding the origins of Bratz and

10 | Bryant's work for MGA. MGA represents that it has produced all responsive documents in

11 | response to request nos. 6, 26, 27, 32, 33, 34, 35, 55,and 69 (MGA's Opposition at 13:4-5), and is

12 | "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13 | and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14 | 14:1-4 and note 39). MGA does, however, object to producing design documents for unreleased

15 | products and documents from MGA Hong Kong.

16       As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17 | its production to "relevant and responsive non-objectionable documents" or documents

18 | "sufficient" to show when events relating to Bratz occurred. These restrictions suggest that MGA

19 | might be excluding documents that are responsive to the request based upon its unilateral

20 | determination of what is "relevant" or "sufficient." Mattel shall provide the responses to

21 | document requests ordered herein without these restrictions.

<u>Design Documents for Unreleased Products</u>

23       MGA's design documents for unreleased products are relevant to Mattel's claims and

24 | defenses and must be produced. <u>See</u> Order Modifying Protective Order. On April 23, 2007, the

25 | parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26 | design documents for unreleased products that constitute trade secret information. <u>See</u> Stipulation

EXHIBIT __3__
PAGE __88__

1   to Modify Protective Order; And Proposed Order Thereon ("stipulation").  The parties' stipulation

2   has been approved and entered as an order of the court.  MGA is ordered to produce design

3   documents for unreleased products that are responsive to Mattel's document requests in

4   accordance with the terms of the stipulation and order.

5                               Documents from MGA Hong Kong

6         Documents relating to activities or conduct in foreign countries are relevant and

7   discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with

8   Bratz.  Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel

9   provides reciprocal discovery from its subsidiaries.

10         Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in

11   the context of this motion, and therefore is not addressed herein.  MGA is ordered to produce

12   documents from MGA Hong Kong.

13         Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,

14   64, 69, 96, 97, 98, 99, 100.

15            2. Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,

16                61, 63, 66, 67, 70, 88, 90, 91

17         Mattel contends that MGA is improperly limiting its document production to the "first

18   generation" Bratz dolls.  MGA represents, however, that it has agreed to produce subsequent

19   generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design

20   documents for yet unreleased products.

21         As stated previously, design documents for yet unreleased products are relevant and

22   discoverable.  See Order Modifying Protective Order.  Accordingly, MGA is ordered to produce

23   all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,

24   59, 61, 63, 66, 67, 70, 88, 90, and 91.

25      //

26      //

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT ___3___
PAGE ___89___

1        3. MGA's Payments to Bryant (Nos.43, 45)

2      MGA represents that it has already agreed to produce documents related to Bratz, without

3  limiting its production to "first generation" Bratz. MGA's motion at 13:7-14:3. Nevertheless,

4  Mattel is entitled to an order compelling production of such documents by a date certain. Mattel's

5  motion is granted with respect to request nos. 43 and 45.

6        4. MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)

7      MGA represents that it has already agreed to produce non-privileged documents

8  responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not

9  relevant (MGA's motion at 13:7-14:3). These requests seek documents relating to fee or

10  indemnity agreements between MGA and Bryant .

11      Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility.

12  Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50. Any

13  responsive documents withheld on the basis of a privilege must be properly identified in a

14  privilege log.

15        5. Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40,

16        41,

17      In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits,

18  and other sworn written statements from cases that refer or relate to Bratz or Angel. Mattel

19  anticipates that these documents could provide evidence relating to the conception date for Bratz.

20      Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception

21  date for Bratz. MGA admits in its opposition brief that this issue was litigated in its suits against

22  alleged counterfeiters and infringers.[3] The issue also appears to have been raised in the

23  arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother

24  Farhad Larian. In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

25

26      [3]  Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority that prohibits Mattel's conduct.

27

28

EXHIBIT 3
PAGE 90

1   that MGA was developing Bratz by early 2000.  Nevertheless, MGA objects to producing

2   documents from the Larians' arbitration on the grounds that the arbitration was governed by a

3   protective order that prohibits the use of any documents or testimony for any purpose other than

4   the arbitration.  MGA, however, has not provided any evidence of the protective order.

5   Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6            6. Documents Regarding Date-Testing (Request No. 92)

7       Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling

8   from any documents that refer or relate to Bratz or Bryant, including without limitation any such

9   testing or sampling in connection with ink, paper or chemical analysis to date any such documents

10   and including without limitation all results and reports relating thereto."  MGA contends that the

11   request is premature, and should proceed in the course of expert discovery.

12       The request calls for relevant discovery and there is no basis for delaying production of

13   responsive documents, other than expert reports.  The timing of expert reports is governed by

14   Rule 26(a)(2)(C), Fed.R.Civ.P.  Accordingly, Mattel's motion is granted as to request no. 92.

15       C. Interrogatories

16       Mattel contends that MGA's responses to interrogatories were untimely, and therefore

17   MGA has waived its objections to the interrogatories.  Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,

18   responses to interrogatories are due thirty days after service.  In this case, Mattel served its

19   interrogatories on April 28, 2005, and responses were initially due May 31, 2005.  The district

20   court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were

21   served.  The district court lifted the stay on May 17, 2006.

22

23

24

25        [4]  In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's

26   personnel file based upon privacy grounds.  The personnel file may have documents relevant to Bratz, and therefore should be produced.  The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

27

28

EXHIBIT __3__
PAGE __91__

1      Neither party has cited to any caselaw governing the calculation of the 30-day period

2  when there is an intervening stay in discovery.  In the absence of any caselaw, MGA's responses

3  will be treated as timely in order to preserve any valid objections MGA may have asserted.

4      Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5  conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6  tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7  before December 31, 2001, including a description of each person's role and the start and end

8  dates of each person's involvement.  In response, MGA asserted numerous objections, but did

9  provide the names of five individuals.

10      The interrogatory clearly seeks information relevant to the claims at issue.  MGA's

11  objections are without merit.  The interrogatory is not vague, ambiguous, compound or overbroad.

12  Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13  for confidential, proprietary or commercially sensitive information, or seeks information

14  protected by the attorney-client privilege.  Furthermore, MGA's response is incomplete insofar as

15  it fails to provide the description of each person's role and the start and end dates of each person's

16  involvement.  Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17  5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18      Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19  embodiment of Angel.  MGA is ordered to provide a complete response to Interrogatory No. 6 for

20  the reasons previously discussed in connection with Interrogatory No. 5.

21      Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22  December 31, 2001.  In response, MGA asserted numerous objections and did not provide any

23  substantive information.

24      MGA's objections are without merit.  The interrogatory clearly seeks information relevant

25  to establishing when Bryant first conceived Bratz.  The interrogatory is not vague, ambiguous,

26  compound or overbroad.  Nor has MGA carried its burden of establishing that the interrogatory is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT ___3___
PAGE ___92___

1   unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2   seeks information protected by the attorney-client privilege.  Accordingly, MG is ordered to

3   provide a complete response to Interrogatory No. 7.

4       Interrogatory No.8 asks MGA to identify each and every embodiment of Angel.  MGA is

5   ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6   discussed in connection with Interrogatory No. 7.

7       Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8   or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9   or painting of Bratz.  In response, MGA asserted numerous objections and did not provide any

10   substantive information.

11       The interrogatory seeks information relevant to establishing when Bryant first conceived

12   Bratz.  Furthermore, MGA's boiler-plate objections are unsubstantiated.  Accordingly, MGA is

13   ordered to provide a complete response to Interrogatory No. 9.

14       Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15   was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16   which each such instance occurred, the location of each show or exhibit, and the identity of

17   persons with knowledge of the shows or exhibits.  In response, MGA asserted numerous

18   objections and provided the following information:  Hong Kong Toy Fair in Hong Kong in or

19   about January 2001 and New York Toy Fair, New York, in or about February 2001.

20       Once again, MGA's boiler-plate objections are unsubstantiated.  The information is

21   potentially relevant to establish when Bryant conceived Bratz.  Further, the response is

22   incomplete insofar as it fails to identify any persons with knowledge.  Therefore, MGA is ordered

23   to provide a complete response to Interrogatory No. 10.

24       Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25   including without limitation each office, home and cell phone number, in the name of, for the

26   benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT _3_
PAGE _93_

1    January 1, 1998 through the present, and IDENTIFY each and every carrier (including without

2    limitation any long-distance carrier) for each such number.  In response, MGA asserted numerous

3    boiler-plate objections.

4        Once again, MGA has failed to substantiate any of its objections with supporting

5    declarations or legal authorities.  Accordingly, all objections are overruled and MGA is ordered to

6    provide a full response to Interrogatory No. 11.

7                        IV. CONCLUSION

8        For the reasons set forth above, Mattel's motion to compel production of documents is

9    granted.  MGA shall produce all non-privileged documents that are responsive to the requests

10    identified in this Order.  Further, MGA shall produce all documents in un-redacted form, except

11    for redactions that are justified by the attorney-client privilege or work product doctrine.  Mattel's

12    motion to compel interrogatory answers is also granted.  MGA shall produce documents and

13    provide responses to interrogatories consistent with this Order, and produce a privilege log in

14    compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007.  Mattel's request for

15    sanctions is denied.

16        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

17    Master, Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20

21    Dated: May /5, 2007

22                    HON. EDWARD A. INFANTE (Ret.)

23                        Discovery Master

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14

EXHIBIT __3__
PAGE __94__

## <u>PROOF OF SERVICE BY E-MAIL</u>

I, Anthony Sales, not a party to the within action, hereby declare that on May 15, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT ___3___
PAGE ___95___

# EXHIBIT 4

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**

**& ENTERED**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                    Date:  July 2, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
                AND CONSOLIDATED ACTIONS

===============================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                       Theresa Lanza
Courtroom Deputy Clerk                           Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                          John B. Quinn
                                       Brett Dylan Proctor
                                       Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser



```
ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY
```

```
DOCKETED ON CM

JUL - 5 2007

BY            164
```

PROCEEDINGS:   MINUTE ORDER

        As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)    The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)    The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                     Initials of Deputy Clerk _Jh_
CIVIL – GEN                          1              Time: 01/15

EXHIBIT __4__
PAGE __96__

regarding date of production of documents (docket #545); and

(4)    The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)    The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)    Motion re Trial Structure (docket #462)

    Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

    Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL**, as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)    MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)    MGA's Ex Parte Application regarding date of production of documents (docket #545).

    The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

    The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

    The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

    MGA acknowledges that it has raised an argument before the Court that was not raised

EXHIBIT __4__
PAGE __97__

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT     4
PAGE     98

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)    MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

MINUTES FORM 90
CIVIL – GEN

4

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT ___4___
PAGE ___99___

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)     Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT __4__
PAGE __100__