QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Protective Order of January 6, 2009]

**MATTEL, INC.'S (1) RESPONSE TO MGA'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION NOS. 530 AND 531 AND (2) CROSS-MOTION TO COMPEL AND MOTION FOR LIMITED RECONSIDERATION OF ORDER NO. 11**

**[PUBLIC REDACTED]**

[Declaration of Scott L. Watson and Separate Statement filed concurrently herewith]

Hearing Date: TBD
Time: TBD
Place: Arent Fox LLP

**Phase 2:**
Discovery Cut-off: Dec. 11, 2009
Pre-trial Conference: Mar. 1, 2010
Trial Date: Mar. 23. 2010

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a hearing before the Discovery Master Robert C. O'Brien, which will occur on a date and time to be set by the Discovery Master, Mattel, Inc. ("Mattel") will, and hereby does, move for limited reconsideration of Phase 2 Discovery Matter Amended Order No. 11, dated March 31, 2009 ("Order No. 11"), to the extent it denies Mattel discovery requested in Interrogatory No. 67.

This Motion is made pursuant to Federal Rules of Civil Procedure 26 and Local Rule 7-18, on the grounds that Order No. 11, which denied Mattel the discovery sought in Interrogatory No. 67, was based on MGA's objections that such discovery was irrelevant and overbroad, a position that MGA now has reversed in its Motion to Compel Documents Responsive to Requests for Production Nos. 530 and 531, dated July 29, 2009 ("Mot."). MGA's Motion seeks even broader fee information from Mattel and thus concedes such information is relevant and discoverable. Accordingly, to the extent that Mattel is compelled to produce such discovery, MGA should be compelled to do likewise.

This Motion is based on this Motion and Notice of Motion, the concurrently filed Separate Statement and Declaration of Scott L. Watson, the records on file in this action and any such matters of which the Court may properly take judicial notice.

**Conference of Counsel**

As set forth more fully in the accompanying Watson Declaration, counsel for Mattel conferred regarding these matters on July 20, 2009.

DATED: August 5, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

Bv/s/ Michaerl T. Zeller
Michael T. Zeller
Attornevs for Mattel. Inc.

## TABLE OF CONTENTS


**Page**

PRELIMINARY STATEMENT ....... 1

BACKGROUND ....... 2

ARGUMENT ....... 5

I. MGA'S RFP NO. 530 IS BARRED BY THE DISCOVERY MASTER'S HOLDING IN ORDER NO. 11 ....... 5

II. THE DISCOVERY MASTER SHOULD RECONSIDER ORDER NO. 11 AND ORDER BOTH PARTIES TO PRODUCE INFORMATION REGARDING PAYMENTS TO WITNESSES, INCLUDING FEES ....... 8

III. MGA'S REQUEST FOR MATTEL'S FEE ARRANGEMENTS WITH QUINN EMANUEL SHOULD BE REJECTED ....... 9

IV. MGA'S REQUEST FOR SANCTIONS IS MERITLESS ....... 13

CONCLUSION ....... 14

# TABLE OF AUTHORITIES

Page

## Cases


Adams v. Gateway, Inc., 2005 WL 4705885 (D. Utah Nov. 2, 2005) .......... 10

Grimes v. United Parcel Services, 2007 WL 2891411 (N.D. Cal. Sept. 28, 2007) .......... 12

Hickman v. Taylor, 329 U.S. 495 (1947) .......... 9

In re Horn, 976 F.2d 1314 (9th Cir. 1992) .......... 9, 11

Huber v. Zethros Ship Agent and Brokers, 2000 WL 145364 (E.D. La. Feb. 9, 2000) .......... 13

King v. Georgia Power Co., 50 F.R.D. 13 (N.D. Ga. 1970) .......... 7

Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851 (3rd Cir. 1994) .......... 12

Roberts v. Heim, 130 F.R.D. 430 (N.D. Cal. 1990) .......... 9

Svindland v. Nemours Foundation, 2009 WL 1407749 (E.D. Pa. May 18, 2009) .......... 12

U.S. v. Petters, 2009 WL 1922320 (D. Minn. June 30, 2009) .......... 12

U.S. v. Waage, 2008 WL 4492596 (S.D. Cal. Sept. 30, 2008) .......... 12

United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772 (9th Cir. 2009) .......... 7

Wagner v. Professional Engineers in Cal. Gov't, 354 F.3d 1036 (9th Cir. 2004) .......... 7

Woodard v. Diamond Offshore Drilling, Inc., 2000 WL 275797 (E.D. La. Mar. 9, 2000) .......... 13


## Statutes


C.D. Cal. L.R. 7-18(a) .......... 9


## Other Authorities


Moore's Federal Practice 3d, § 26.03 .......... 9

## Preliminary Statement

MGA professes to want nothing more than "[redacted]."[1] Yet, while it seeks to compel Mattel to produce information regarding payment of legal fees in connection with this case, MGA previously successfully argued that Mattel's similar, but even narrower, interrogatory asking for information regarding the payment of legal fees for witnesses sought irrelevant information and was impermissibly overbroad. Now, while demanding an even broader array of fee information from Mattel, MGA still refuses to produce that same information in response to Mattel's requests. That is neither level nor fair.

Mattel certainly has urged that information regarding both parties' payments to potential witnesses is relevant and should be produced. That is why Mattel sought it in the first instance and moved to compel it. That also is why, when MGA did an about-face on the relevance of such information and said that it intended to bring this motion, Mattel proposed to MGA that both sides produce it. Rather than engage Mattel on this proposal, MGA filed this motion. Mattel does not object to providing a reasonable set of documents responsive to MGA's Request No. 530 regarding payment of legal fees, provided that MGA is compelled to do so as well. The Discovery Master should reconsider the prior Order denying Mattel such discovery and compel MGA to produce the same information. What is good for the gander, is good for the goose. Otherwise, MGA's motion on Request No. 530 should be rejected.

MGA's other Request, No. 531, which seeks Mattel's fee arrangements with Quinn Emanuel, is patently objectionable because it seeks information that has no relevance here, is unduly burdensome and plainly seeks privileged information. The Discovery Master has rejected similar requests before and should do the same here.

---

[1] Mot. at 1.

**Background**

MGA's background summary omits discussion of several key matters relevant to the proper consideration of the issues. Most significantly, while MGA notes that Mattel has previously sought discovery related to legal fees, MGA's gloss ignores that MGA opposed—successfully—the same information about legal fees it now demands Mattel produce but that MGA itself refused to provide.

Mattel's Prior Interrogatories. On January 9, 2008, Mattel served a series of supplemental interrogatories on MGA that related (inter alia) to core Phase 2 issues, including MGA's improper payments of Mattel employees and Mattel's claims of commercial bribery.[2]

Three of those interrogatories—Nos. 67, 68 and 69—are relevant to the issues raised here. While MGA's motion refers to Mattel's Interrogatories Nos. 68 and 69, it omits all discussion of Interrogatory No. 67. For the convenience of the Discovery Master, Mattel sets forth the full text of all three:

- **Interrogatory No. 67**: IDENTIFY fully and separately each and every payment of money or other item of value that YOU have made or given, or any promise, agreement, proposal [o]r offer by YOU to pay money or given any item of value, to or on behalf of any PERSON identified in the any of the parties' initial disclosures in this ACTION at any time when such a person was not an employee of MGA, including without limitation, with respect to legal fees incurred by or on behalf of such PERSON.

- **Interrogatory No. 68**: To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully and

[2] See Mattel's Supplemental Interrogatories, Nos. 67-69, dated January 9, 2008, Watson Decl., Ex. 1.

separately each and every payment of money or other item of value that MGA has made, or any promise, agreement, proposal or offer by MGA to pay money or give any item of value, to or on behalf of any of the FORMER MATTEL EMPLOYEES, including without limitation with respect to legal fees incurred by or on behalf of any of the FORMER MATTEL EMPLOYEES.

- **Interrogatory No. 69**: To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully and separately each and every payment of money or other item of value that YOU have made, or any promise, agreement, proposal or offer by YOU to pay money or give any item of value, since January 1, 1998 to or on behalf of any PERSON who has been employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON while an MGA employee), including without limitation with respect to legal fees incurred by or on behalf of such PERSON and bonuses paid to such PERSON.

MGA refused to answer any of these three interrogatories.[3]

Discovery Matter Order No. 11. On January 6, 2009, the Court vacated the stay on Phase 2 discovery. After MGA again refused to substantively answer the interrogatories, Mattel moved to compel responses to these interrogatories (as well as other discovery requests).[4] Those requests were ultimately the subject of Discovery Matter Amended Order No. 11, dated March 31, 2009, in which the Discovery Master

---

[3] See MGA's Objections and Responses to Mattel's Supplemental Set of Interrogatories, dated February 8, 2008 (Nos. 67-69), Watson Decl., Ex. 2.

[4] See Mattel's Motion to Compel Responses to Interrogatories and Production of Documents by MGA, dated February 10, 2009 ("Mattel's Mot."), Watson Decl., Ex. 3.

ordered MGA to answer Interrogatories Nos. 68 and 69 (an Order, not incidentally, that MGA is in violation of).[5]

As to Interrogatory No. 67, however, **MGA argued that the scope of the interrogatory was overbroad because it sought fee information for all witnesses in this case, not just Mattel's former employees**.[6] Mattel argued that payments, including for legal fees, as to all potential witnesses (not only Mattel's former employees) are relevant as to issues of credibility.[7] Based on MGA's argument, Discovery Matter Order No. 11 held that credibility alone is not sufficient grounds for disclosure in this context and declined to order MGA to provide such fee information:

> While payment to a potential witness could be relevant to the issue of bias and, therefore, discoverable , the SAAC merely alleges that the MGA Parties bribed former Mattel employees—not every single witness in the case. In the absence of an allegation suggesting that other witnesses may have been bribed, Interrogatory No. 67 is overly broad ***and not relevant*** at this time. Accordingly, Mattel's motion to compel a response to Interrogatory No. 67 is denied at this time.[8]

---

[5] See Phase 2 Discovery Matter Amended Order No. 11, dated March 31, 2009 ("Order No. 11"), at 25, Watson Decl., Ex. 4. MGA's failure to comply with that motion is set out more fully in Mattel's pending motion to enforce. See Motion to Enforce Prior Court Orders and to Compel Re: Interrogatory Nos. 68 and 69, dated July 22, 2009, at 8-11 ("Mattel's Motion to Enforce"), Watson Decl., Ex. 6; see also supra note 19.

[6] See MGA's Opposition to Mattel's 2/10/09 Motion to Compel Responses to Interrogatories and Production of Documents, dated February 18, 2009 ("MGA's Opp."), at 12, Watson Decl., Ex. 5 ("But Mattel did not ask these questions or limit its questions to current of [sic] former employees. Instead it asked for personal, financial information concerning hundreds of people.").

[7] See Mattel's Mot. at 12 (discussing relevance to both Mattel's commercial bribery claims *and* as to credibility of potential witnesses).

[8] Order No. 11 at 24 (emphasis added; citation omitted).

The Meet and Confer. After MGA requested to meet and confer regarding its requests, Mattel advised MGA that its Request No. 530—which seeks the same and even broader fee information as Mattel's Interrogatory No. 67—was contrary MGA's own prior position and to the Discovery Master's ruling in Order No. 11.[9] Nevertheless, Mattel stated that if MGA now believed that payment of legal fees for potential witnesses was relevant and discoverable, Mattel would certainly agree to a mutual exchange of such information. Although MGA indicated that it would consider such an exchange and would respond to Mattel's proposal, it instead filed its motion to compel and chose to ignore Order No. 11 in its motion.[10]

## Argument

### I. MGA'S RFP NO. 530 IS BARRED BY THE DISCOVERY MASTER'S HOLDING IN ORDER NO. 11

Unless Order No. 11 is reconsidered and MGA too is compelled to answer Interrogatory No. 67, MGA's motion to compel must be rejected. The Discovery Master's ruling in Order No. 11 was clear: although, as a general matter, payments of legal fees are relevant to show bias of a potential witness, a party seeking such information must still show the relevance of the individual whose credibility is at issue. Based on MGA's arguments, the Discovery Master declined to compel Interrogatory No. 67 as to all potential witnesses in the parties' initial disclosures but did so as to "former Mattel employees."[11]

Now, in an about-face, MGA seeks an even broader set of information from Mattel than it previously argued was overbroad and irrelevant. MGA now seeks:

---

9 See Watson Decl. ¶¶ 2-4.

10 See Watson Decl. ¶ 5.

11 See Order No. 11 at 24 n. 20 ("To the extent Interrogatory No. 67 seeks such information [regarding former employees], it is plainly relevant to Mattel's Phase 2 claims."); see also MGA's Opposition at 12-13 (arguing that Interrogatory No. 67 was overly broad). Although MGA also raised procedural arguments regarding the format of Mattel's interrogatories, these were summarily dismissed by the Discovery Master as "not persuasive." Order No. 11 at 23.

[REDACTED].[12]

This was the same, but even narrower, category of information that Mattel had sought in its Interrogatory No. 67 and that MGA successfully argued was irrelevant and overbroad: the "payment of money . . . to or on behalf of any person . . . with respect to legal fees incurred by or on behalf of such person."[13]

Indeed, the only real difference between the two is that Mattel's discovery was more narrowly framed. While Mattel's interrogatory was limited to potential witnesses identified in the parties' initial disclosures, MGA's request has no such limitation and instead more broadly seeks information regarding payment of legal fees to "[REDACTED],"[14] whether identified as a potential witness or not. Moreover, because MGA's discovery request is a document request—seeking "all documents" that "refer[] or relate[]" to the payment of legal fees—it is inherently broader and more burdensome than Mattel's interrogatory, which only required MGA to identify those payments.

The information sought by Mattel was also far more relevant to Mattel's claims and defenses than the information MGA now demands is to MGA's. As the Discovery Master noted in Order No. 11, "[w]hether an undue burden exists . . . depends on, among other things, the value of the information sought versus the burden alleged by the responding party."[15] Mattel has pleaded claims of commercial bribery;

---

[12] RFP 530 (emphasis added); see also Mot. at 1.

[13] Interrogatory No. 67.

[14] Mot. at 1 (emphasis added).

[15] Order No. 11 at 16 (citing King v. Georgia Power Co., 50 F.R.D. 13, 136 (N.D. Ga. 1970).

information regarding MGA's payments is unquestionably relevant.[16] MGA has asserted no such claims. The ***only*** grounds of relevance advanced by MGA here is that the information it seeks may "[REDACTED]."[17] Mattel made exactly this same point in support of Interrogatory No. 67,[18] but MGA argued otherwise and prevailed. If this was not a sufficient reason to compel MGA's response then, it cannot be sufficient to compel Mattel's compliance now.[19]

Accordingly, only one of two outcomes could be proper here: either MGA's Request No. 530 must be rejected as barred by Order No. 11 and the doctrine of judicial estoppel,[20] or else Order No. 11 should be reconsidered and MGA should be

---

[16] See TAAC ¶¶ 6, 95-97, 141, 173, 215; see also Order No. 11 at 24 n. 20 (noting that "to the extent Interrogatory No. 67 seeks such information [regarding payments to Mattel employees], it is plainly relevant to Mattel's Phase 2 claims").

[17] See Mot. at 5 (citation omitted).

[18] See Mattel's Mot. at 10-11, Watson Decl., Ex. 3 ("[REDACTED].").

[19] MGA claims that it "[REDACTED]." (Mot. at 6.) However, as noted, MGA in fact successfully opposed discovery of witness fee information. Moreover, as set forth more fully in Mattel's pending Motion to enforce compliance with Order No. 11, MGA's claim is demonstrably false. In fact, MGA's responses failed to include **any information** regarding payments to former Mattel employees Carter Bryant, Veronica Marlow, Margaret Leahy and others, when evidence and trial testimony shows that MGA undisputedly paid these employees legal fees. See Mattel's Motion to Enforce at 8-11.

[20] Having successfully advocated this position, MGA is now judicially estopped from advocating otherwise. See United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 778 (9th Cir. 2009) (doctrine of judicial estoppel prevents a party from "'playing fast and loose' with the courts by taking one position, gaining advantage from that position, then seeking a second advantage by later taking an incompatible position."); Wagner v. Professional Engineers in Cal. Gov't, 354 F.3d 1036, 1044 (9th Cir. 2004) ("Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position.");

compelled to answer Interrogatory No. 67. MGA cannot have it both ways as its motion seeks.

## II. THE DISCOVERY MASTER SHOULD RECONSIDER ORDER NO. 11 AND ORDER BOTH PARTIES TO PRODUCE INFORMATION REGARDING PAYMENTS TO WITNESSES, INCLUDING FEES

Mattel submits that the information sought in both Mattel's Interrogatory No. 67 and MGA's Request No. 530 is relevant and should be produced. However, Mattel believes—as, apparently, does MGA—that the parties should be obligated to "[redacted]."[21] And that is why, during the conferences preceding MGA's cross-motion, Mattel stated that it would be agreeable to a mutual exchange of this type of information.[22] While MGA suggests that the parties were "[redacted]" any agreement on this issue,[23] in fact, MGA failed to provide its promised answer to Mattel's offer that would have all such information disclosed and instead filed its motion to compel.[24]

Mattel therefore respectfully requests limited reconsideration of the Discovery Master's Order No. 11 with respect to Mattel's Interrogatory No. 67. Mattel submits that this information is relevant both to Mattel's claims and defenses (as the Discovery Master agreed in part), as well as the broader issue of credibility as to potential witnesses (the Discovery Master agreed but still denied the discovery absent a specific showing of relevance). Because MGA now necessarily concedes Mattel's earlier argument on relevance and has reversed its position from that which it advanced to the Discovery Master, there is no longer any basis for denying Mattel the information it has sought by that Interrogatory. Limited reconsideration is therefore appropriate.

---

21 Mot. at 7.

22 See Watson Decl. ¶ 5.

23 Mot. at 3.

24 See Watson Decl. ¶ 5.

See C.D. Cal. L.R. 7-18(a) (grounds for reconsideration include "a material difference in fact or law from that presented to the Court").

Moreover, under the Federal Rules, discovery obligations generally are reciprocal. See 6 Moore's Federal Practice 3d, § 26.03 ("The civil discovery rules are 'available . . . at the behest of *any party*, individual or corporate, plaintiff or defendant.'") (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)) (emphasis added). The Discovery Master should not impose an obligation on Mattel as to payment of legal fees that it does not also impose on MGA; simple fairness counsels that litigants be treated equally in discovery. See Roberts v. Heim, 130 F.R.D. 430, 438 (N.D. Cal. 1990) (granting cross motion for discovery, stating that "it would be unfair and inequitable to permit HEIM and the corporations to take discovery of Plaintiffs pursuant to the Federal Rules of Civil Procedure while prohibiting Plaintiffs from taking such discovery of them.").

## III. MGA'S REQUEST FOR MATTEL'S FEE ARRANGEMENTS WITH QUINN EMANUEL SHOULD BE REJECTED

MGA's Request No. 531,[25] which seeks documents regarding Mattel's fee arrangement with its counsel, Quinn Emanuel, presents a far different situation. The Request is patently objectionable because *Mattel's* fee arrangement with its own trial counsel is wholly irrelevant to this action. Moreover, MGA's request is overbroad and seeks documents that "knows in advance are beyond its reach."[26]

Although a party's fee arrangement may be discoverable in some circumstances, MGA must first demonstrate some basis as to why it is relevant here. Adams v. Gateway, Inc., 2005 WL 4705885, at *2 (D. Utah Nov. 2, 2005) (denying

[25] MGA's request seeks " [redacted] ." Mot. at 2-3.

[26] In re Horn, 976 F.2d 1314, 1319 (9th Cir. 1992).

discovery and noting "[w]hile it is true that fee arrangements are not privileged, the argument fails to properly consider that nothing is discoverable unless 'relevant to the claim or defense of any party.'") (citation omitted). MGA has not done so.

Unlike the prior instances in this case where fee arrangements have been disclosed—generally because relevant to bias and credibility of a witness—a party's fee arrangement with its trial counsel is not relevant to that party's credibility. For this reason, courts have denied discovery requests or otherwise excluded evidence of fee arrangements between parties and their counsel where it is simply not relevant to the litigation. See id. at *2-3 (noting that "inquiry into counsel's fee arrangements," "**[u]nless necessary, this should be avoided**" because such inquiries have "the inevitable effect of being a personal attack on opposing counsel" and a "tendency to divert the attention and focus of the case, creating a risk of 'unfair prejudice, confusion of the issues, or misleading the jury, or [causing] undue delay, [or] waste of time.'") (emphasis added; citation omitted).

Despite vague references to credibility, MGA does not show how its request about Mattel's fee arrangement with Quinn Emanuel is relevant. As the Discovery Master has previously ruled, simply stating that credibility evidence is discoverable does not satisfy the party's burden to demonstrate that the particular discovery at issue is reasonably calculated to lead to the discovery of such evidence.[27] MGA does nothing to satisfy that burden. Indeed, MGA's motion to compel does not advance a single argument as to how this request is tailored to reveal non-privileged information that is relevant to this litigation. MGA has speculated that Mattel's fee arrangement could show payment of legal fees on behalf of "[REDACTED]"—but that is exactly the subject of the prior Request No. 530 ("[REDACTED]"). Because Request No. 531 unquestionably seeks to intrude into Mattel's relationship with its trial counsel

[27] See, e.g., Discovery Matter Order No. 3, dated March 10, 2009, at 21, Watson Decl., Ex. 7.

for no legitimate purpose and any relevant information encompassed by this broad and prejudicial request is duplicative of Request No. 530, it should be denied.[28]

MGA readily admits that the scope the request is impermissibly broad and would encompass privileged information.[29] Fully cognizant that its overbroad request seeks information and documents that it "knows in advance are beyond its reach,"[30] MGA glibly attempts, ex-post, to narrow the scope of what it seeks: "[REDACTED]," but argues that "[REDACTED]."[31] That does not render MGA's request any less objectionable. While redactions may be used for documents that "contain both discoverable and privileged information" it is only "appropriate, **if not too burdensome**, to redact them." Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 864 (3rd Cir. 1994) (emphasis added). This is a massively complex cases that has stretched on for five years—not surprisingly, Quinn Emanuel's billing records are voluminous.[32] [REDACTED].[33] To require—needlessly—the review and redaction of tens (if not hundreds) of thousands of litigation counsel time entries contained on those thousands of pages is the essence of undue burden. A recent case from the Southern District of California, United States v. Waage, is instructive. In Waage, which involved a subpoena of a law firm's billing records to determine the identity of its clients, the Court noted that while "the identity of a client, the amount of fees, the identification of payment" and the like are "usually items not protected from

---

[28] See, e.g., Order No. 11 at 20 n. 24 (noting that while Mattel's Interrogatory No. 67 could reveal some relevant information, it would be denied "in its entirety because the [information] is duplicative of Interrogatory Nos. 68 and/or 69").

[29] See Mot. at 9 ("[REDACTED]").

[30] In re Horn, 976 F.2d at 1319.

[31] Mot. at 9.

[32] See Watson Decl. ¶ 15.

[33] See id.

disclosure by the attorney-client privilege," even routine billing documents such as "bills, ledgers, statements, and time records" commonly "reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law" and are therefore privileged. U.S. v. Waage, 2008 WL 4492596, at *2 (S.D. Cal. Sept. 30, 2008). In denying the requested discovery, the Waage court held that although such privileged information could, theoretically, be redacted, "it would be unduly burdensome . . . to redact the billing statements to remove the attorney-client privileged materials." Id. at * 3. For this reason, courts frequently deny similar discovery requests where the required redactions would impose an undue burden.[34]

The same is true here. Moreover, the relative benefit and burden is only compounded by the fact that the very information MGA speculates might be obtained from such redacted invoices—Mattel's payment of legal fees for non-party witnesses—is the **same information** that it would obtain from non-billing records responsive to

---

[34] See, e.g., Grimes v. United Parcel Services, 2007 WL 2891411, at *5 (N.D. Cal. Sept. 28, 2007) (finding discovery requests that would require review of hundreds of files and manual redaction to be unduly burdensome); see also U.S. v. Petters, 2009 WL 1922320, at *2 (D. Minn. June 30, 2009) (noting that "disclosure of redacted billing statements would . . . be burdensome given the complexity of the case"); Svindland v. Nemours Foundation, 2009 WL 1407749, at *10 (E.D. Pa. May 18, 2009) (denying discovery because "even if the plaintiffs are willing to pay for the time and effort required to gather, redact, produce" requested information, "the probative value of this data is disproportionately small in comparison with the burden"); Huber v. Zethros Ship Agent and Brokers, 2000 WL 145364, 5 (E.D. La. Feb. 9, 2000) ("[t]he Court will not require counsel to review the aforementioned attorney-client correspondence to redact protected materials [because] [s]uch a procedure would be unduly burdensome"). However, to the extent that Mattel were required to produce such redacted invoices, the costs should be borne by MGA. See, e.g., Woodard v. Diamond Offshore Drilling, Inc., 2000 WL 275797, at *2 (E.D. La. Mar. 9, 2000) (where request sought relevant information regarding an attorney's billing records, but would require substantial undertaking to review, party seeking discovery was properly charged with the "reasonable hourly billing rate for the time involved in gathering the information").

Request No. 530. The Discovery Master should deny this unduly burdensome (and utterly needless) request.[35]

## IV. MGA'S REQUEST FOR SANCTIONS IS MERITLESS

MGA's sanctions request is frivolous. Indeed, MGA's current demand that Mattel produce documents responsive to Request No. 530 is directly contrary to MGA's own prior espoused positions to the Discovery Master and to Order No. 11. MGA scarcely acknowledges the point. Even though MGA had painted itself into a corner through its contradictory position, Mattel nevertheless proposed that the parties provide their respective witness fee arrangement information—a resolution that would have avoided all of the issues on the parties' motions here. MGA failed to respond to Mattel's proposal, as promised, and instead brought a motion that seeks to compel from Mattel information that MGA itself has refused to produce and successfully argued was irrelevant and overly broad. By simultaneously refusing to produce discovery on fee arrangements that MGA now is attempting to force Mattel to produce, MGA's motion is nonsensical; its request for sanctions is only more so.

---

[35] Further, to the extent that MGA's Request No. 531 requires Mattel to "[REDACTED]" (a request that is set out in MGA's point heading but is never repeated or discussed in the body of MGA's motion), this Request is unduly burdensome given the obvious high percentage of privileged documents that would need to be specifically identified—again, for no legitimate reason. In such circumstances, the prior Discovery Master has noted that a document-by-document privilege log may be unduly burdensome. See Phase 1 Discovery Master's Order re Mattel's Motion to Compel, dated January 25, 2008, at 19, Watson Decl., Ex. 8 (law firm raised "legitimate objection" to having to provide a "document-by-document" privilege log). Furthermore, because the parties have already agreed that the parties' post-litigation privileged documents generally need not be logged, MGA's request runs afoul of its own prior agreement, without explanation or justification. See Phase 1 Discovery Master Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008, at 2, Watson Decl., Ex. 9.

**Conclusion**

For the foregoing reasons, Mattel respectfully submits that the Discovery Master deny MGA's motion in its entirety as to Request No. 531. Mattel further respectfully requests that the Discovery Master either (1) deny MGA's motion as to Request No. 530 or (2) if MGA's motion is granted as to request No. 531, also grant limited reconsideration of Order No. 11 and compel MGA to fully and completely answer Mattel's Interrogatory No. 67.

DATED: August 5, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

By/s/ Michael T. Zeller
Michael T. Zeller
Attornevs for Mattel. Inc.