# EXHIBIT 1

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
3 | Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
4 | Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
5 | Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
6 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
7 | Telephone: (213) 443-3000
Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | MATTEL, INC.'S SUPPLEMENTAL INTERROGATORIES |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

PROPOUNDING PARTY:     Mattel, Inc.

RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez

SET NO.:     SUPPLEMENTAL

EXHIBIT 1
PAGE 4

MATTEL'S SUPPLEMENTAL INTERROGATORIES

9/2239571.2

1          Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5  individually answer the following Interrogatories separately and fully, in writing and

6  under oath, within 30 days after service hereof.  The Responding Parties shall be

7  obligated to supplement their responses to the Interrogatories at such times and to

8  the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10                              **Definitions**

11          1.      "YOU" and "YOUR" mean each of the Responding Parties.

12          2.      "MGA" means MGA Entertainment, Inc., any of its current or

13  former employees, officers, directors, agents, representatives, attorneys, experts,

14  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

15  other PERSON acting on its behalf, pursuant to its authority or subject to its control.

16  Without limiting the foregoing, "MGA" includes the entities known as ABC

17  International Traders or ABC International Traders, Inc.  For purposes of the these

18  Interrogatories, "MGA" does not include BRYANT.

19          3.      "MATTEL" means Mattel, Inc., its current employees, officers,

20  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

21  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

22  PERSON acting on its behalf, pursuant to its authority or subject to its control.

23          4.      "AFFILIATES" means any and all corporations, proprietorships,

24  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

25  indirectly, in whole or in part, own or control, are under common ownership or control

26  with, or are owned or controlled by a PERSON, party or entity, including without

27  limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

28

EXHIBIT 1

PAGE 5

9/2239571.2

-2-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1         5.    "PERSON" or "PERSONS" means all natural persons, partnerships,

2    corporations, joint ventures and any kind of business, legal or public entity or

3    organization, as well as its, his or her agents, representatives, employees, officers and

4    directors and any one else acting on its, his or her behalf, pursuant to its, his or her

5    authority or subject to its, his or her control.

6         6.    "DESIGN" or "DESIGNS" means any and all representations,

7    whether two-dimensional or three-dimensional, and whether in tangible, digital,

8    electronic or other form, including but not limited to all works, designs, artwork,

9    sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

10   diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

11   practice, developments, inventions and/or improvements, as well as all other items,

12   things and DOCUMENTS in which any of the foregoing are or have been expressed,

13   embodied, contained, fixed or reflected in any manner, whether in whole or in part.

14        7.    "BRATZ" means any project, product, doll or DESIGN ever known

15   by that name (whether in whole or in part and regardless of what such project, product

16   or doll is or has been also, previously or subsequently called) and any product, doll or

17   DESIGN or any portion thereof that is now or has ever been known as, or sold or

18   marketed under, the name or term "Bratz" (whether in whole or in part and regardless

19   of what such product, doll or DESIGN or portion thereof is or has been also, previously

20   or subsequently called) or that is now or has ever been sold or marketed as part of the

21   "Bratz" line, and each version or iteration of such product, doll or DESIGN or any

22   portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also

23   includes without limitation any names, fashions, accessories, artwork, packaging or any

24   other works, materials, matters or items included or associated therewith.  Without

25   limiting the generality of the foregoing, the term "BRATZ" does not and shall not

26   require that there be a doll existing at the time of the event, incident or occurrence that

27   is the subject of, or otherwise relevant or responsive to, the Interrogatories.

28

EXHIBIT   1

PAGE   6

9/2239571.2

-3-

8.    "SOLD," "SELL" or "SALE" means to distribute, market, license, sell, offer to sell, or convey or transfer in any way for compensation.

9.    "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

10.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

11.    "MACHADO" means Carlos Gustavo Machado Gomez, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-

EXHIBIT __1__

PAGE __7__

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1  in-interest, and any other PERSON acting on his behalf, pursuant to his authority or
2  subject to his control.

3         12.    "TRUEBA" means Mariana Trueba Almada, and all of her current
4  or former employees, agents, representatives, attorneys, accountants, vendors,
5  consultants, independent contractors, predecessors-in-interest and successors-in-
6  interest, and any other PERSON acting on her behalf, pursuant to her authority or
7  subject to her control.

8         13.    "VARGAS" means Pablo Vargas San Jose, and all of his current or
9  former employees, agents, representatives, attorneys, accountants, vendors, consultants,
10 independent contractors, predecessors-in-interest and successors-in-interest, and any
11 other PERSON acting on his behalf, pursuant to his authority or subject to his control.

12        14.    "BRAWER" means Ron Brawer, and all of his current or former
13 employees, agents, representatives, attorneys, accountants, vendors, consultants,
14 independent contractors, predecessors-in-interest and successors-in-interest, and any
15 other PERSON acting on his behalf, pursuant to his authority or subject to his control.

16        15.    "CASTILLA" means Jorge Castilla, and all of his current or former
17 employees, agents, representatives, attorneys, accountants, vendors, consultants,
18 independent contractors, predecessors-in-interest and successors-in-interest, and any
19 other PERSON acting on his behalf, pursuant to his authority or subject to his control.

20        16.    "COONEY" means Dan Cooney, and all of his current or former
21 employees, agents, representatives, attorneys, accountants, vendors, consultants,
22 independent contractors, predecessors-in-interest and successors-in-interest, and any
23 other PERSON acting on his behalf, pursuant to his authority or subject to his control.

24        17.    "BRISBOIS" means Janine Brisbois, and all of her current or former
25 employees, agents, representatives, attorneys, accountants, vendors, consultants,
26 independent contractors, predecessors-in-interest and successors-in-interest, and any
27 other PERSON acting on her behalf, pursuant to her authority or subject to her control.

28

EXHIBIT ___1___
PAGE ___8___

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1    18.    "RAE" means Ron Rae, and all of his current or former employees,
2  agents, representatives, attorneys, accountants, vendors, consultants, independent
3  contractors, predecessors-in-interest and successors-in-interest, and any other PERSON
4  acting on her behalf, pursuant to her authority or subject to his control.

5    19.    "CONTRERAS" means Nick Contreras, and all of his current or
6  former employees, agents, representatives, attorneys, accountants, vendors, consultants,
7  independent contractors, predecessors-in-interest and successors-in-interest, and any
8  other PERSON acting on her behalf, pursuant to her authority or subject to his control.

9    20.    "ABUNDIS" means Ricardo Abundis, and all of his current or
10  former employees, agents, representatives, attorneys, accountants, vendors, consultants,
11  independent contractors, predecessors-in-interest and successors-in-interest, and any
12  other PERSON acting on her behalf, pursuant to her authority or subject to his control.

13    21.    The "FORMER MATTEL EMPLOYEES" means MACHADO,
14  TRUEBA, VARGAS, BRAWER, CASTILLA, COONEY, BRISBOIS, CONTRERAS,
15  RAE, ABUNDIS, and any other former Mattel employee or contractor who
16  misappropriated Mattel trade secrets or violated his or her obligations to maintain the
17  confidentiality of Mattel's trade secrets.

18    22.    "REFER OR RELATE TO" a given subject matter means relate to,
19  refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,
20  state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,
21  or in any way pertain to that subject matter, either directly or indirectly.

22    23.    "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-
23  9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated
24  therewith.

25    24.    "SLEEKCRAFT FACTORS" means those factors enumerated in
26  AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979), and includes specifically:
27  (1) strength of the mark; (2) similarity of the marks; (3) relatedness of the goods; (4)
28  marketing channels; (5) type of goods and purchaser's likely degree of care; (6)

9/2239571.2                    EXHIBIT ___1___        -6-
                               PAGE ___9___                MATTEL'S SUPPLEMENTAL INTERROGATORIES

1 | evidence of actual confusion; (7) likelihood of expansion of the product lines; and (8)
2 | defendant's intent in selecting the mark.

3 |     25.   "MATTEL DOCUMENTS" means any and all DOCUMENTS
4 | stolen, obtained or taken from MATTEL by any PERSON, including but not limited to
5 | the DOCUMENTS identified as Bates Numbers M 0019162-M 0019365, M 0019375-
6 | M 0019491, M 0019492-M 0019586, M 0030576, M 0019587-M 0022008, M
7 | 0022009-M 0026076, M 0026077-M 0029024, M 0029025-M 0029042, M 0029043-M
8 | 0029044, M 0029045-M 0029050, M 0029051-M 0029053, M 0031471-M 0031473, M
9 | 0029054-M 0029255, M 0031474-M 0031485, M 0029226-M 0030163, M 0030164-M
10 | 0030173, M 0030174-M 0030183, M0030261-M 0030268, M 0030269-M 0030278, M
11 | 0030440-M 0030441, M 0030505-M 0030575, M 0030577-M 0030608, M 0019366-M
12 | 0019374, M 0030184-M 0030240, M 0030254-M 0030260, M 0030279-M 0030439, M
13 | 0030442-M 0030470, M 0030471-M 0030501, M 0030609, M 0030610-M 0030625, M
14 | 0030626-M 0030674, M 0030241-M 0030253, M 0030502-M 0030504, M 0030675-M
15 | 0030754, M 0030755-M 0030756, M 0030770-M 0030782, M 0030757-M 0030769, M
16 | 0030783-M 0030788, M 0030789-M 0030799, M 0030800-M 0030834, M 0030835, M
17 | 0030836-M 0030838, M 0030839-M 0030841, M 0030842-M 0030845, M 0030846-M
18 | 0030850, M 0030851- M 0030959, M 0030960-M 0030972, M 0030973-M 0031141,
19 | M 0031142-M 0031153, M 0031154-M 0031162, M 0031163-M 0031172, M 0031173,
20 | M 0031174-M 0031206, M 0031207-M 0031223, M 0031224-M 0031229, M
21 | 0031230-M 0031247, M 0031248-M 0031258, M 0031259-M 0031262, M 0031263-M
22 | 0031264, M 0031265, M 0031266, M 0031267, M 0031268, M 0031269, M 0031270-
23 | M 0031278, M 0031279-M 0031280, M 0031281-M 0031282, M 0031283-M 0031291,
24 | M 0031292-M 0031470, M 0032318, M 0031486-M 0031503, M 0031504-M 0031612,
25 | M 0031613-M 0031860, M 0031863-M 0031864, M 0031865-M 0031919, M
26 | 0031861-M 0031862, M 0031925-M 0032000, M 0031920-M 0031924, M 0032001-M
27 | 0032009, M 0032010-M 0032057, M 0032058, M 0032059-M 0032070, M 0032071-M
28 | 0032288, M 0032289, M 0032290-M 0032317, M 0059836-M 0059837, M 0075253-M

EXHIBIT   1

PAGE    6

-7-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1  0075260, M 0075261-M 0075277, M 0075278-M 0075289, M 0075290-M 0075307, M
2  0075308-M 0075309, M 0075310-M 0075315, M 0075316-M 0075317, M 0075318-M
3  0075322, M 0075323-M 0075324, M 0075325, M 0075326-M 0075328, M 0075329-M
4  0075333, M 0075334-M 0075375, M 0075376-M 0075378, M 0075379-M 0075380, M
5  0075381-M 0075384, M 0075385, M 0075386-M 0075388, M 0075389, M 0075390,
6  M 0075391, M 0075392-M 0075398, M 0075399-M 0075400, M 0075401-M 0075407,
7  M 0075408, M 0075409-M 0075416, M 0075417-M 0075420, M 0075421, M
8  0075422-M 0075469, M 0075470-M 0075490, M 0075491-M 0075494, M 0075495-M
9  0075515, M 0075516-M 0075531, M 0075532-M 0075552, M 0075553-M 0075572, M
10  0075573, M 0075574-M 0075594, M 0075595-M 0075616, M 0075617, M 0075618-M
11  0075619, M 0075620-M 0075635, M 0075636-M 0075654, M 0075655-M 0075661, M
12  0075662-M 0075699, M 0075700-M 0075709, M 0075710-M 0075713, M 0075714-M
13  0075775, M 0075776-M 0075780, M 0075781-M 0075798, M 0075799-M 0075842, M
14  0075843-M 0075906, M 0075907-M 0075949, M 0075950-M 0076018, M 0076019, M
15  0076020-M 0076132, M 0076133-M 0076143, M 0076144-M 0076145, M 0076146-M
16  0076148, M 0076149-M 0076155, M 0076156-M 0076169, M 0076170-M 0076171, M
17  0076172-M 0076196, M 0076197-M 0076215, M 0076216-M 0076250, M 0076251-M
18  0076264, M 0076265-M 0076279, M 0076280, M 0076281-M 0076311, M 0076312-M
19  0076362, M 0076363-M 0076370, M 0076371, M 0076372-M 0076425, M 0076426-M
20  0076427, M 0076428-M 0076431, M 0076432- M 0076442, M 0076443-M 0076446,
21  M 0100646-M 0100653, M 0098687-M 0098688, M 0098689-M 0098697, M
22  0098698-M 0098723, M 0098724-M 0098771, M 0098772-M 0098832, M 0098833-M
23  0098846, M 0098847-M 0098865, M 0098866-M 0098879, M 0098880-M 0098883, M
24  0098884-M 0098933, M 0098934-M 0098936, M 0098937-M 0098971, M 0098972-M
25  0099436, M 0099437-M 0099439, M 0099440-M 0099448, M 0099449-M 0099461, M
26  0099462-M 0099471, M 0099472-M 0099476, M 0099477-M 0099493, M 0099494-M
27  0099529, M 0099530-M 0099594, M 0099595-M 0099597, M 0099598-M 0099601, M
28  0099602-M 0099618, M 0099619-M 0099628, M 0099629-M 0099656, M 0099657-M

EXHIBIT ___I___

PAGE ___11___

-8-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1    0099665, M 0099666-M 0099725, M 0099726-M 0100622, M 0100623-M 0100645, M

2    0100646-M 0100653, M 0100654-M 0100695, M 0100696-M 0100698, M 0100699-M

3    0100700, M 0100701-M 0100735, M 0100736-M 0100741, M 0100742-M 0100774, M

4    0100775-M 0100778, M 0100779-M 0100780, M 0100781, M 0100782, M 0100783-M

5    0100789, M 0100790-M 0100795, M 0100796-M 0100858, M 0100859-M 0100868, M

6    0100869-M 0100878, M 0100879-M 0100891, M 0100892-M 0100905, M 0100906-M

7    0100918, M 0100919-M 0100932, M 0100933-M 0100941, M 0100942-M 0100952, M

8    0100953, M 0100954-M 0100955, M 0100956-M 0100983, M 0100984-M 0101013, M

9    0101014-M 0101064, M 0101065 and M 0101069-M 0101128.

10         26.     "DIGITAL INFORMATION" means any information created or

11    stored digitally, including but not limited to electronically, magnetically or optically.

12         27.     "STORAGE DEVICE" means any computer hard drive, memory,

13    USB device, tape, storage array or any other device or medium that allows a user,

14    whether permanently, temporarily or otherwise, to create, generate, transmit, copy,

15    retain, store or maintain DIGITAL INFORMATION.

16         28.     "SOURCE OF INFORMATION" means any medium containing

17    DOCUMENTS or other information, whether in paper, electronic or other form,

18    including but not limited to any STORAGE DEVICE, file, file cabinet or other any

19    other source of information or DOCUMENTS.

20         29.     "COLLECT," "COLLECTED" or "COLLECTION," with reference

21    to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for,

22    analyze or in any other way collect or review or attempt to collect or review such

23    DOCUMENTS in connection with YOUR search for, review of and/or production of

24    DOCUMENTS in this ACTION.

25         30.     "IDENTIFY" or "IDENTITY" means the following:

26         (a)     with reference to an individual or individuals, means to state,

27    fully and separately as to each, such individual's full name, any known business title,

28    current or last known business affiliation, current or last known residential address,

1   current or last known business address, current or last known relationship to MGA, and
2   current or last known telephone number.

3            (b)   with reference to an entity or entities, means to state, fully and
4   separately as to each, such entity's full name, state (or country) of incorporation or
5   organization, present or last known address, and present or last known telephone
6   number.

7            (c)   with reference to a SOURCE OF INFORMATION, means
8   to describe and state, fully and separately as to each, the SOURCE OF
9   INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION
10   and differentiate each such SOURCE OF INFORMATION from all other SOURCES
11   OF INFORMATION, including without limitation by stating its nature (e.g., USB
12   drive, computer hard drive, file cabinet, etc.), and any unique identifier information
13   (such as hard drive serial number); the physical location(s), including full address
14   information and full identifying computer network drive information if applicable, of
15   each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of
16   DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such
17   DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the
18   IDENTITY of each natural person or individual who is, was or has been associated
19   with each such SOURCE OF INFORMATION; the date(s) on which YOU
20   COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in
21   connection with this ACTION; and the IDENTITY of any DOCUMENTS, by Bates
22   number, that YOU have produced from each such SOURCE OF INFORMATION to
23   Mattel in this ACTION.

24            (d)   with reference to any other DOCUMENT or DOCUMENTS,
25   means to describe each DOCUMENT by Bates number. In the event that a
26   DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
27   such DOCUMENT, to provide a complete description of it such that it may be the
28   subject of a request for the production of documents, including by stating the date,

EXHIBIT ___1___

PAGE ___13___

-10-

1  identity of the author, addressee(s), signatories, parties, or other PERSONS identified
2  therein, its present location or custodian and a description of its contents.

3        (e)    with reference to the payment of money or other item of
4  value, or any promise, agreement, proposal or offer to pay money or any item of value,
5  means to state the amount of the payment or the value of the item, the IDENTITY of
6  the payor, the IDENTITY of the payee, the IDENTITY of the PERSON on whose
7  behalf it is being made, the IDENTITY of the PERSON on whose behalf it is being
8  received, the date(s) on which such payment or item of value was paid, promised,
9  agreed to be paid, proposed or offered, the nature of the method of payment (e.g., cash,
10 check) and any identifying information accompanying such payment (e.g., check
11 number), and the IDENTITY of each bank or financial institution involved therein.

12        31.    "Any" as used in these interrogatories includes the word "all," and
13 the word "all" as used in these interrogatories includes the word "any."

14        32.    The singular form of a noun or pronoun includes within its meaning
15 the plural form of the noun or pronoun so used, and vice versa; the use of the masculine
16 form of a pronoun also includes within its meaning the feminine form of the pronoun so
17 used, and vice versa; the use of any tense of any verb includes also within its meaning
18 all other tenses of the verb so used, whenever such construction results in a broader
19 request for information; and "and" includes "or" and vice versa, whenever such
20 construction results in a broader disclosure of documents or information.

21

22                         **Instructions**

23        A.    When    an    interrogatory    requests    disclosure    of    a
24 COMMUNICATION or other information as to which YOU claim any privilege or
25 protection as a ground for nondisclosure, identify each PERSON who participated in or
26 had knowledge of the COMMUNICATION or other information and provide the
27 following:

28        (i)    the privilege or protection that YOU claim precludes disclosure;

EXHIBIT ___/___

PAGE ___14___

-11-

1      (ii)   the subject matter of the COMMUNICATION or information

2            (without revealing the content as to which the privilege is claimed);

3            and

4      (iii)   any additional facts or grounds on which YOU base YOUR claim

5            of privilege or protection.

6      B.   When an interrogatory requests that YOU provide information,

7 YOU are required to supply all information known by or available to YOU or YOUR

8 employees, officers, directors, agents, representatives, attorneys and experts. If YOU

9 cannot completely answer the interrogatory after making diligent efforts to do so,

10 please so state. Then describe in detail all efforts made to answer the interrogatory;

11 identify every PERSON involved in such efforts; and state the additional information

12 YOU need, if any, to respond completely to the interrogatory.

13

14 **Interrogatories**

15

16 INTERROGATORY NO. 51:

17      For each concept, design, product, product packaging or other matter that

18 YOU contend MATTEL has copied, infringed or diluted, including but not limited to

19 those identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re

20 Claims of Unfair Competition, Response to Interrogatory No. 2 (and any Supplemental

21 Responses to such Interrogatory), describe, fully and separately, each and every

22 concept, design, product, product packaging or other matter of or by MATTEL that

23 YOU contend is a copy of, infringes or dilutes YOUR alleged concept(s), design(s),

24 product(s), product packaging or other matter. Your answer should describe the Mattel

25 concept, design, product, product packaging or other matter with specificity and in

26 detail (including without limitation by product name, product number, SKU, or bar

27 code number), and specify those elements or attributes of YOUR claimed concept,

28

1 design, product, product packaging or other matter that YOU contend were copied,
2 infringed or diluted by MATTEL.

3

4 INTERROGATORY NO. 52:

5       For each trade dress that YOU contend MATTEL copied, infringed or
6 diluted, separately IDENTIFY each product sold by YOU or YOUR licensees that
7 incorporates such trade dress and, for each such product, separately state (a) the number
8 of units, by year, of each such product sold by YOU or YOUR licensees; (b) revenue
9 received by YOU from such SALES of each such product; (c) all costs YOU have
10 incurred in connection with each product, including but not limited to YOUR cost of
11 good sold, and (d) YOUR gross and net profits from each such product.

12

13 INTERROGATORY NO. 53:

14       For each MATTEL concept, design, product, product packaging or other
15 matter that YOU contend is likely to cause confusion, to cause mistake, or to deceive as
16 to affiliation, connection, or association, or as to origin, sponsorship, or approval,
17 separately state all facts that support YOUR contention of such, including but not
18 limited to all facts that support YOUR contention, if YOU so contend, that any of the
19 SLEEKCRAFT FACTORS weighs against MATTEL, and IDENTIFY all PERSONS
20 with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
21 such facts.

22

23 INTERROGATORY NO. 54:

24       For each concept, design, product, product packaging or other matter that
25 YOU contend MATTEL copied, infringed or diluted, state all facts that support
26 contention, if YOU so contend, that such copying or infringement was intentional or
27 willful, and IDENTIFY all PERSONS with knowledge of such facts and all
28 DOCUMENTS that REFER OR RELATE TO such facts.

EXHIBIT _____
PAGE _____ 14

-13-

1

2 INTERROGATORY NO. 55:

3       State all facts which support the allegation in Paragraph 120 of YOUR

4 COMPLAINT that MATTEL has "caused and continues to cause blurring and dilution

5 of the distinctive look of MGA's products and trade dress," and IDENTIFY all

6 PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

7 RELATE TO such facts.

8

9 INTERROGATORY NO. 56:

10       IDENTIFY all MATTEL DOCUMENTS that MGA has obtained,

11 received, reviewed, copied, reproduced, transmitted, requested or used at any time since

12 January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

13 DOCUMENTS that REFER OR RELATE TO such MATTEL DOCUMENTS.

14

15 INTERROGATORY NO. 57:

16       IDENTIFY all DOCUMENTS that REFER OR RELATE TO any

17 MATTEL product or plan that any of the FORMER MATTEL EMPLOYEES

18 provided, transmitted or disclosed to, shared with or used on behalf of MGA at any

19 time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such

20 facts.

21

22 INTERROGATORY NO. 58:

23       State all facts which support YOUR contention, if YOU so contend, that

24 YOU and/or MGA did not obtain any MATTEL DOCUMENTS through improper

25 means, and IDENTIFY all PERSONS with knowledge of such facts and all

26 DOCUMENTS that REFER OR RELATE TO such facts.

27

28

EXHIBIT ___1___

PAGE ___17___

MATTEL'S SUPPLEMENTAL INTERROGATORIES

09/2239571.2

1 INTERROGATORY NO. 59:

2      State all facts which support YOUR contention, if YOU so contend, that
3 any information in the MATTEL DOCUMENTS does not and/or did not derive
4 independent economic value from not being generally known to the public or other
5 PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY
6 all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
7 RELATE TO such facts.

8

9 INTERROGATORY NO. 60:

10      State all facts which support YOUR contention, if YOU so contend, that
11 any information in the MATTEL DOCUMENTS was known to the public or to
12 PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY
13 all PERSONS with knowledge of the foregoing and all DOCUMENTS that REFER OR
14 RELATE TO the foregoing.

15

16 INTERROGATORY NO. 61:

17      State all facts which support YOUR contention, if YOU so contend, that
18 YOU and/or MGA independently developed, or did not otherwise use or disclose, any
19 information in the MATTEL DOCUMENTS, and IDENTIFY all PERSONS with
20 knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such
21 facts.

22

23 INTERROGATORY NO. 62:

24      State all facts which support YOUR contention that YOUR use or
25 disclosure of information in the MATTEL DOCUMENTS neither benefited YOU nor
26 MGA nor harmed MATTEL, and IDENTIFY all PERSONS with knowledge of such
27 facts and all DOCUMENTS that REFER OR RELATE TO such facts.

28

EXHIBIT _1_

PAGE _18_

39/2239571.2

-15-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1  INTERROGATORY NO. 63:

2          State all facts which support YOUR contention, if YOU so contend, that

3  YOU and/or MGA had, has or have any right to copy, possess, use or disclose any

4  MATTEL DOCUMENT, and IDENTIFY all PERSONS with knowledge of such facts

5  and all DOCUMENTS that REFER OR RELATE TO such facts.

6

7  INTERROGATORY NO. 64:

8          To the extent YOU have not previously disclosed such information in a

9  prior interrogatory response YOU provided to Mattel, state all facts which support

10  YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with

11  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

12  facts.

13

14  INTERROGATORY NO. 65:

15          Describe in detail each and every action YOU have taken, or directed be

16  taken, to locate, maintain or preserve evidence which is, might be or could be relevant

17  or potentially relevant to THIS ACTION.

18

19  INTERROGATORY NO. 66:

20          IDENTIFY each and every SOURCE OF INFORMATION from which

21  YOU have COLLECTED DOCUMENTS for responsiveness and potential production

22  in THIS ACTION.

23

24  INTERROGATORY NO. 67:

25          IDENTIFY fully and separately each and every payment of money or

26  other item of value that YOU have made or given, or any promise, agreement, proposal

27  or offer by YOU to pay money or give any item of value, to or on behalf of any

28  PERSON identified in any of the parties' initial disclosures in this ACTION at any time

09/2239571.2

EXHIBIT ___1___

PAGE ___19___

-16-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1  when such PERSON was not an employee of MGA, including without limitation with
2  respect to legal fees incurred by or on behalf of such PERSON.

3

4  INTERROGATORY NO. 68:

5        To the extent not disclosed in response to prior Interrogatories, IDENTIFY
6  fully and separately each and every payment of money or other item of value that MGA
7  has made, or any promise, agreement, proposal or offer by MGA to pay money or give
8  any item of value, to or on behalf of any of the FORMER MATTEL EMPLOYEES,
9  including without limitation with respect to legal fees incurred by or on behalf of any of
10  the FORMER MATTEL EMPLOYEES.

11

12  INTERROGATORY NO. 69:

13        To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully
14  and separately each and every payment of money or other item of value that YOU have
15  made, or any promise, agreement, proposal or offer by YOU to pay money or give any
16  item of value, since January 1, 1998 to or on behalf of any PERSON who has been
17  employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON
18  while an MGA employee), including without limitation with respect to legal fees
19  incurred by or on behalf of such PERSON and bonuses paid to such PERSON.

20

21

22  DATED: January 9, 2008     QUINN EMANUEL URQUHART OLIVER &
23                             HEDGES, LLP

24                        By _____
25                        Michael T. Zeller
26                        Attorneys for Mattel, Inc.

27

28  EXHIBIT 1
    PAGE 20

1  **PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California. I am over

3  the age of eighteen years and not a party to the within action; my business address is

4  NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5  California 90026.

6      On January 9, 2008, I served true copies of the following documents

7  described as:

8      **MATTEL, INC.'S SUPPLEMENTAL INTERROGATORIES**

9  on the parties in this action as follows:

| | |
|---|---|
| 10 Skadden, Arps, Slate, Meagher & Flom LLP<br>11   Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>12 Los Angeles, CA 90071<br>Telephone: 213.687.5000<br>13 Facsimile: 213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| 14 Overland Borenstein Scheper & Kim, LLP<br>15   Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>16   Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>17 Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>18 Facsimile: 213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |
| 19 Keker & Van Nest, LLP<br>  John W. Keker, Esq.<br>20   Michael H. Page, Esq.<br>  Christa M. Anderson, Esq.<br>21 710 Sansome Street<br>San Francisco, CA 94111<br>22 Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | **Attorneys for *Carter Bryant*** |

23

24      [√ ]  **[PERSONAL]** by personally delivering the document listed above to

25  the person(s) at the address(es) set forth above.

26

27

28  EXHIBIT ___

    PAGE ___

09/2347614.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

1    I declare that I am employed in the office of a member of the bar of this court

2    at whose direction the service was made

3        Executed on January 9, 2008, at Los Angeles, California.

4

5                                    _David Quintana_

6                                    David Quintana

·7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    EXHIBIT _/_
      PAGE _22_

09/2347614.1                                    Case No. CV 04-9049 SGL (RNBx)
                                                      PROOF OF SERVICE

EXHIBIT 2

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 3

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**