1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4  300 South Grand Avenue, Suite 3400
   Los Angeles, CA 90071-3144
5  Tel.: (213) 687-5000
6  Fax: (213) 687-5600

7  Attorneys for The MGA Parties

8

9  JOHN B. QUINN (Bar No. 090378)
   (johnquinn@quinnemanuel.com)
10 MICHAEL T. ZELLER (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
11 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   865 South Figueroa Street, 10th Floor
12 Los Angeles, California 90017-2543
13 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
14
15 Attorneys for Mattel, Inc.

16                    UNITED STATED DISTRICT COURT
17                   CENTRAL DISTRICT OF CALIFORNIA
                            EASTERN DIVISION
18

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | Honorable Stephen G. Larson |
| MATTEL, INC., a Delaware corporation, | **STIPULATION REGARDING MONITOR'S ACCESS TO MGA INFORMATION** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS. | **Lodged under separate cover:** [PROPOSED] ORDER |

07975/3038484.1

**WHEREAS**, the Monitor Patrick A. Fraioli, Jr. has taken the position that he needs and is entitled to have access to data stored by MGA Entertainment, Inc.'s ("MGA") enterprise resource planning software to perform his monitoring, supervisory and oversight duties as defined in this Court's May 21, 2009 Order;

**WHEREAS**, MGA, MGA Entertainment (HK) Ltd., MGAE de Mexico S.RL. de C.V. and Isaac Larian (collectively, the "MGA Parties") hereby represent that if the Monitor is given access to data stored by MGA's enterprise resource planning software, he may be exposed to information and materials as to which the MGA Parties assert attorney-client privilege and work product protections;

**WHEREAS**, the MGA Parties further hereby represent that there is no reasonable means to segregate information as to which the MGA Parties assert attorney-client privilege or work product protections that is stored in MGA's enterprise resource planning software from the data the Monitor desires to review to perform such duties, which representation Mattel, Inc. ("Mattel") does not have independent knowledge of and has not investigated but accepts solely and exclusively for purposes of this stipulation; and

**WHEREAS**, in light of the foregoing, Mattel has agreed that it will not argue that the MGA Parties have waived the attorney-client privilege or work product protection solely by virtue of their providing the Monitor with access to data stored by MGA's enterprise resource planning software;

**NOW, THEREFORE**, Mattel, on the one hand, and the MGA Parties, on the other hand, by and through their counsel of record and subject to Court approval, hereby stipulate that:

1. Mattel agrees that it will not argue that the MGA Parties have waived the attorney-client privilege or work product protection solely by virtue of their providing the Monitor with access to data stored by MGA's enterprise resource planning software.

2. Mattel does not oppose the entry of an order under Rule 502(d) of the Federal Rules of Evidence providing (a) that granting the Monitor access to MGA's enterprise

resource planning software shall not be deemed a waiver of the attorney-client privilege or work product protection asserted by MGA, provided that such Order as it applies to Mattel is limited by the terms of this Stipulation and (b) barring anyone from asserting a waiver of such privileges and protections in this or any future proceedings by virtue of providing the Monitor with access to data stored by MGA's enterprise resource planning software.

3.       Without enlarging the limited agreement set forth in Paragraphs 1 and 2, but solely to eliminate any doubt, nothing in this stipulation shall be construed to grant, limit, diminish, compromise or waive Mattel's right or ability to argue that any data, information or materials, including without limitation any data, information or materials stored on MGA's enterprise resource planning software, are not privileged or protected by the work product doctrine or that attorney-client privilege or work product protection has been waived for any reason other than to the extent that Mattel agrees that it will not argue that the MGA Parties have waived attorney-client privilege or work product protection solely by virtue of their providing the Monitor with access to data, information or materials stored on MGA's enterprise resource planning software.  Furthermore, nothing in this stipulation shall be construed to grant, limit, diminish, compromise or waive Mattel's right or ability to argue that it should be entitled to access, production or disclosure of any data, information or materials, including without limitation such data, information or materials relied upon by the MGA Parties or the Monitor, for any reason in connection with this or any other litigation.

**IT IS SO STIPULATED.**

DATED:   August 7, 2009        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: ___/s/ Thomas J. Nolan___
Thomas J. Nolan
Attorneys for the MGA Parties

DATED:   August 7, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: ___/s/ authorized for signature___
Michael T. Zeller
Attorneys for Mattel, Inc.