# EXHIBIT 1

**THE EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 2

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12                                              CASE NO. CV 04-09049 SGL (RNBx)
    CARTER BRYANT, an individual,              JAMS Reference No. 1100049530
13
              Plaintiff,
14                                             Consolidated with
         v.                                    Case No. CV 04-09059
15                                             Case No. CV 05-2727
    MATTEL, INC., a Delaware corporation,
16                                             ORDER GRANTING IN PART AND
              Defendant.                       DENYING IN PART MATTEL'S
17                                             MOTION TO COMPEL RESPONSES
                                               TO INTERROGATORY NOS. 27-44
18                                             AND 46-50 BY THE MGA PARTIES

19
    CONSOLIDATED WITH
20  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
21  INC.

22                        I. INTRODUCTION

23        On December 20, 2007, Mattel, Inc. ("Mattel") submitted a Motion to Compel Responses

24  to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties.  MGA Entertainment, Inc., MGA

25  Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and Isaac Larian (collectively

26  referred to as "MGA parties") submitted an opposition on December 31, 2007.  Mattel submitted

27  a reply on January 7, 2008.  On February 8, 2008, the MGA parties submitted their second

28  Bryant v. Mattel, Inc.,                                                              1
    CV-04-09049 SGL (RNBx)

EXHIBIT 2
PAGE 66

2·15·08

1 | supplemental responses and third supplemental responses to the interrogatories at issue. The

2 | matter was heard on February 11, 2008.

3 | II. BACKGROUND

4 | Mattel served its Revised Third Set of Interrogatories on the MGA parties on September

5 | 21, 2007, asking each of them the same fifteen questions (Nos. 27-41). Mattel served its Fourth

6 | Set of Interrogatories on the MGA parties on October 12, 2007, propounding four additional

7 | interrogatories (Nos. 42-45). Mattel served an Amended Fourth Set on October 23, 2007,

8 | removing No. 45, but retaining Nos. 42-44. Mattel served its Fifth Set of Interrogatories on

9 | October 19, 2007, which consisted of two additional questions (Nos. 46-47). On October 23,

10 | 2007, Mattel served its Sixth Set of Interrogatories, which consisted of Interrogatory No. 45 to

11 | replace the previously withdrawn interrogatory. On October 25, 2007, Mattel served its Seventh

12 | Set of Interrogatories, which consisted of Nos. 48-50.

13 | In November of 2007, the MGA parties served responses and objections to Mattel's

14 | interrogatories, and in some instances supplemental responses. For the most part, the answers of

15 | each of the MGA parties are substantially similar. However, in several instances where MGA

16 | Entertainment, Inc. provides a response, either MGA Entertainment (HK), MGAE de Mexico

17 | S.R.L. de C.V. and/or Larian do not, asserting that the interrogatory "appears directed at another

18 | party."

19 | The parties met and conferred on December 10 and 12, 2007 regarding the supplemental

20 | responses. The MGA parties offered to provide supplemental responses by January 7, 2008.

21 | Mattel contends, however, that the scope of the MGA parties' proposed supplemental responses

22 | was inadequate. Therefore, Mattel filed the instant motion on December 20, 2007.[1]

23 | Mattel contends that the interrogatories at issue seek information relevant to central issues

24 | in the case, such as: MGA's contentions regarding which Bratz inventions were created before,

25 |

26 |

27 | [1] One of the issues raised in the motions papers --whether the interrogatories exceed the 50 interrogatory per side limit -- has been rendered moot by Judge Larson's Order Granting in Part and Denying in Part Mattel's Motion for Leave to Take Additional Discovery, dated January 7, 2008.

28 |

EXHIBIT __2__
PAGE __67__

1   during and after Carter Bryant's ("Bryant") employment with Mattel; the identity of electronic
2   storage devices MGA used prior to 2002 for digital information related to Bratz; the identity of
3   the sources of information from which MGA has collected documents in this litigation which
4   relate to Bratz and the time period prior to February 28, 2001; the facts allegedly supporting
5   MGA's contention that the Bratz dolls are not based on designs Bryant created while employed
6   by Mattel; MGA's contentions regarding Mattel's claims against MGA, Bryant and others,
7   including how Bryant's Inventions Agreement with Mattel and his assignment of rights to Bratz
8   inventions to MGA and services with or for MGA while employed by Mattel affect who owns the
9   rights to Bratz inventions, and the alleged basis for MGA's claims that it purportedly acted with
10  innocent intent; the identity of MGA's bank or financial accounts; the identity of former Mattel
11  employees that have been employed by MGA; non-privileged facts concerning the dispute
12  leading to the withdrawal of MGA's prior counsel that relate to MGA's handling of discovery in
13  this case; the facts supporting MGA's claims against Mattel, including MGA's contentions that
14  Mattel has copied, infringed or diluted MGA's trade dress; and the relevant dates regarding the
15  products MGA asserts MGA has copied or infringed. Mattel's Motion at pp. 2-3.

16      Mattel contends that although it has received responses to all of the interrogatories except
17  Nos. 39, 46 and 47, all of the responses are deficient. As an initial matter, Mattel contends that
18  the MGA parties' "boilerplate" objections – that the interrogatories are vague and ambiguous,
19  overbroad, unduly burdensome and oppressive, seek information not in the possession, custody or
20  control of MGA, seek information protected by the attorney-client privilege, work product or joint
21  defense privileges, and call for a legal conclusion – are without merit. Mattel contends that the
22  MGA parties fail to specify how the questions are overbroad, unduly burdensome or oppressive.
23  Mattel also contends that its interrogatories do not require the disclosure of privileged information
24  or work product, but rather require the MGA parties to state their contentions about facts or the
25  application of law to facts.

26      Mattel further contends that some of the MGA parties' responses are deficient in that they
27  merely lay out the "basic facts" (instead of "all facts") on which they intend to rely, without any

28

                                                                          3

EXHIBIT __2__
PAGE __68__

1   details. Mattel contends that its contention interrogatories, including the purportedly "negative"

2   interrogatories asking for every fact which supports the denial of a statement or allegation, are

3   commonly used and well accepted to elucidate facts regarding a party's contentions, absent a

4   showing of undue burden. Indeed, Mattel points to decisions by the district judge which it

5   contends supports its use of the contention interrogatories at issue. Mattel also points out that it

6   provided the MGA parties with the details supporting its contentions in a one hundred-ten page

7   supplemental interrogatory response, and contends that the MGA parties ought to provide

8   comparable details to Mattel.

9       Mattel also contends that the MGA parties have unilaterally limited many of their

10   responses by disregarding Mattel's definitions of terms and phrases used in the interrogatories.

11   Further, Mattel contends that the MGA parties have failed to identify with specificity documents

12   they intend to rely upon, as requested by some of the interrogatories.

13       Mattel acknowledges that fully responding to the interrogatories will require some effort.

14   However, Mattel contends that the interrogatories are not unduly burdensome in this high stakes

15   litigation. Mattel contends that its need to discover MGA's key contentions outweighs any effort

16   the MGA parties will be required to undertake to disclose the requested information.

17   Accordingly, Mattel seeks an order overruling all of the MGA parties' objections and compelling

18   the MGA parties to provide complete responses to Interrogatory Nos. 27-44 and 46-50.

19       The MGA parties contend that their current responses comply with Rule 33 of the Federal

20   Rules of Civil Procedure and that Mattel is not entitled to any additional information for a number

21   of reasons. The MGA parties raise four main arguments in opposition to Mattel's motion. First,

22   the MGA parties contend that Mattel is not entitled to information about MGA's substitution of

23   counsel because such information is protected by the attorney-client privilege or the work product

24   doctrine. Second, the MGA parties contend that Mattel is not entitled to the sweeping financial

25   data that has been requested. Third, the MGA parties contend that Mattel's contention

26   interrogatories contain misleading and unfair definitions and are unduly burdensome in that they

27   require a recitation of all facts supporting the MGA parties' contentions. Fourth, the MGA parties

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                          4

1  contend that Rule 33 does not require a response to a contention interrogatory to set forth more

2  than the principal factual and legal bases for the response.

### III. STANDARDS

4      Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

5  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

6  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

7  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

8  2004) ("District courts need not condone the use of discovery to engage in 'fishing

9  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

10  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

11  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

12  the phrase "subject matter involved in the pending action," were intended to prevent discovery

13  that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

14  litigate the issues presented by the pleadings but to develop new claims or defenses.).

15      Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

16  extent of use of the discovery methods if the court determines that (i) the discovery sought is

17  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

18  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

19  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

20  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

21  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

22  the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.

23  26(b)(2)(C).

24      Rule 33 of the Federal Rules of Civil Procedure allows a party to propound

25  interrogatories, for which the responding party is required to furnish such information as is

26  available to the party after conducting a reasonable inquiry. "Each interrogatory must, to the

27  extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT __2__
PAGE __70__

1  33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity."

2  Fed.R.Civ.P. 33(b)(4).

3  IV. DISCUSSION

4  A. Interrogatories About the Identity of Bratz Inventions (Nos. 27, 28 and 29)

5      Interrogatory Nos. 27-29 request information relating to Bratz inventions created during

6  three different time periods, namely before, during and after Bryant's employment with Mattel:

7      **Interrogatory No. 27:** IDENTIFY each and every BRATZ INVENTION YOU
   contend was CREATED, in whole or in part, prior to January 4, 1999, and for
8  each BRATZ INVENTION so identified state all FACTS that support YOUR
   contention that such BRATZ INVENTION (or aspects or portions thereof) was
9  CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with
   knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO
10 such facts.

11

12     **Interrogatory No. 28:** IDENTIFY each and every BRATZ INVENTION YOU
   contend was CREATED, in whole or in part, after October 19, 2000 and before
13 June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS
   that support YOUR contention that such BRATZ INVENTION (or aspects or
14 portions thereof) was CREATED after October 19, 2000 and before June 1, 2001,
   and IDENTIFY all PERSONS with knowledge of such facts and all
15 DOCUMENTS which REFER OR RELATE TO such facts.

16

17     **Interrogatory No. 29:** IDENTIFY each and every BRATZ INVENTION that
   was CREATED, in whole or in part, after January 3, 1999 and before October 21,
18 2000, and for each BRATZ INVENTION so identified state all FACTS that
   REFER OR RELATE TO the timing of the creating of such BRATZ
19 INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all
   DOCUMENTS which REFER OR RELATE TO such facts.

20

21 Mattel contends that these interrogatories seek information that is plainly relevant and

22 discoverable, and that the MGA parties do not contend otherwise. Mattel further contends that

23 the partial response given using the MGA parties' definition, not Mattel's definition, of BRATZ

24 INVENTION is inadequate. Mattel also contends that the MGA parties have failed to carry their

25 burden of showing that the interrogatories are burdensome or oppressive, particularly given the

26 importance of the information sought. Mattel emphasizes that the information sought will prove

27 liability as to a number of its claims. Moreover, Mattel contends that knowing which inventions

28 <span style="font-size:smaller">Bryant v. Mattel, Inc.,<br>CV-04-09049 SGL (RNBx)</span>         6

EXHIBIT   2
PAGE   71

1   MGA claims were created before and just after Bryant's second period of employment at Mattel
2   is essential so that Mattel can avoid unfair surprise at trial and impeach the defendants'
3   chronology of Bratz design and development.

4       The MGA parties contend that Mattel is using misleading and unfair definitions to create
5   jury confusion. In particular, the MGA parties object to Mattel's definition of "BRATZ
6   INVENTION," which they contend contains separate component parts ("representation, idea,
7   concept, work, process, procedure, plan, improvement, DESIGN or other development"), and
8   Mattel's definition of "DESIGN," which they contend adds at least another 21 elements ("all
9   works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints,
10  schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
11  practice, developments, inventions and/or improvements"). The MGA parties contend that
12  including all of these concepts in the definition "improperly conflates distinct issues of patent law,
13  copyright protection, trade secret law and the common law protecting original ideas, many of
14  which have no place in the ordinary usage of the term 'invention.'" MGA Parties' Opposition at
15  2:11-13. The MGA parties emphasize that these distinctions are important because Mattel lays
16  claim to Bratz under a January 4, 1999 "Employee Confidential Information and Inventions
17  Agreement." Further, the MGA parties accuse Mattel of using the contention interrogatories to
18  elicit a misleading "sound bite" it can read to the jury to argue that the MGA parties concede that
19  Bryant "invented" Bratz while employed by Mattel. The MGA parties contend that they have
20  provided adequate responses to the interrogatories using the common and ordinary meaning of the
21  term "invention," and should not be required to provide anything further.

22      Next, the MGA parties contend that they have given Mattel the principal factual and legal
23  bases for their contentions, and Rule 33 does not require them to provide anything further. The
24  MGA parties contend that requiring a narrative response setting forth all evidence in support of
25  their contentions would render the interrogatories unduly burdensome and "inherently improper."
26  See e.g. Clean Earth Remediation & Constr. Servs. v. Am. Int'l Group, 245 F.R.D. 137, 141 (S.D.
27  N.Y. 2007) ("[A] number of cases have held that interrogatories seeking identification of all facts
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)
    7

EXHIBIT  2
PAGE  72

1   supporting a particular allegation are *inherently improper*.").

2       Mattel's motion to compel further responses to Interrogatory Nos. 27-29 is denied because

3   the interrogatories are overbroad and unduly burdensome. The definition of "Bratz Invention" is

4   extremely broad, encompassing numerous intellectual property concepts. Mattel has not shown

5   how each and every concept embedded in its multi-faceted definition of "Bratz Invention" is

6   relevant to interpreting the term "invention" for purposes of enforcing the "Employee

7   Confidential Information and Inventions Agreement," signed by Bryant. The breadth and undue

8   burden of Interrogatory Nos. 27-29 are also compounded by the fact that Mattel is employing an

9   extremely broad definition of "Bratz Invention" in a contention interrogatory seeking all facts

10  supporting the MGA parties' contentions, the identities of all persons knowledgeable, and all

11  supporting documents. Not all contention interrogatories requiring a recitation of all facts,

12  documents and witness are objectionable. See e.g. Tatum v. Schwartz, 2007 WL 2220977 at *1

13  (E.D. Cal. Aug. 2, 2007) (noting that contention interrogatories can impose undue burdens, but

14  that "courts have otherwise approved of them when they are limited to discrete, narrow factual

15  events"); Roberts v. Heim, 130 F.R.D. 424, 427 (N.D. Cal. 1989) (recognizing a broad spectrum

16  of contention interrogatories, and noting that it is not possible to announce a hard and fast rule as

17  to the exact amount of detail a party has to supply in response to a contention interrogatory). In

18  the instant case, however, Mattel's contention interrogatories would force the MGA parties to

19  review the nearly 4 million pages of documents produced in this action and more than 50 days of

20  deposition testimony in search of information relating to "any representation, idea, concept, work,

21  process, procedure, plan, improvement, design or other development" that refers or relates to

22  Bratz, including "all works, designs, artwork, sketches, drawings, illustrations, representations,

23  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

24  rotocasts, reductions to practice, developments, inventions and/or improvements" that refer or

25  relate to Bratz. It is not the MGA parties' responsibility to re-write the interrogatories in a

26  manner that will yield Mattel the most amount of information to support Mattel's claims and

27  defenses. On balance, the burden of responding further to Interrogatory Nos. 27-29, as written,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT __2__
PAGE __73__

1  outweighs the likely benefit of the interrogatories, taking into account the needs of the case, the
2  amount in controversy, the parties' resources, the importance of the issues at stake in the
3  litigation, and the importance of the proposed discovery in resolving the issues.

4         In any event, the MGA parties' responses are adequate under the circumstances. Faced
5  with overbroad and unduly burdensome interrogatories, the MGA parties provide facts supporting
6  the contentions identified in the interrogatories, identify persons with knowledge of those facts,
7  and identify the principal documents or categories of documents that support each contention.
8  See e.g. Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006). For example, in response to
9  Interrogatory No. 27, the MGA parties set forth their contention that the concept for a new line of
10  fashion dolls envisioned by Bryant in August and/or September of 1998 could not have been
11  patented as a utility patent because fashion dolls were in the public domain for the purposes of
12  utility patent protection. However, the MGA parties contend that Bryant's idea of a line of
13  fashion dolls he called Bratz was sufficiently novel and original to be protected under California
14  law as a confidential novel idea under Desny v. Wilder, 46 Cal.2d 715 (1956) and its progeny.

15         The MGA parties' supplemental responses to Interrogatory No. 27 also include the MGA
16  parties' contention that Bryant's pre-1999 drawings were never reduced to practice; that design
17  patents are not available for drawings or two-dimensional flat art of the sort that Bryant sketched
18  in 1998; that Bryant was not a sculptor and any effort to translate his pre-1999 two-dimensional
19  flat art into a three-dimensional form for use as a fashion doll sculpt would have produced shapes
20  that were different from the actual shape of the final three-dimensional Bratz sculpt used in
21  manufacturing the first generation of Bratz dolls released on the market by MGA in or about June
22  2001; that the final physical shape of the first generation of Bratz dolls released on the market by
23  MGA in or about June 2001 was conceived by Margaret Leahy; and that Bryant's drawings used
24  standard fashion model poses, and thus were not novel or original. Further, the MGA parties'
25  supplemental responses to Interrogatory No. 27 include the MGA parties' contention that the
26  drawings Bryant completed in August and September of 1998 contained original expression
27  covered by copyright, but that subsequent modifications and versions of the drawings made by
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT 2
PAGE 74

1  Bryant in 1999 and 2000 did not contain original expression. The MGA parties also identify

2  numerous individuals having knowledge of the facts supporting their contentions, and identify

3  documents that are relevant to the MGA parties' contentions.

4  B. Interrogatory About the Identity of Former Mattel Employees Hired by MGA (No. 41)

5       Interrogatory No. 41 asks the MGA parties to "IDENTIFY" all former Mattel employees

6  "who are now or have been employed" by MGA since January 1, 1999. More specifically,

7  Interrogatory No. 41 asks the MGA parties to:

8       IDENTIFY all PERSONS who at any time have been employed by or under
         contract with MATTEL who are now or have been employed by or under contract
9       with YOU since January 1, 1999, and, for each such PERSON, state his or her
         name, date of hire or effective date of contract, the date on which YOU first had
10      contact with such PERSON regarding potential employment or contracting, the
         date(s) on which such PERSON was interviewed for possible employment or
11      contracting, each title (if any) such PERSON has held while employed by or
         under contract with YOU, and the date of termination (if applicable).
12
   In their supplemental response, the MGA parties assert numerous objections, but also provide a
13
   list of well over a hundred individuals with their position title and employment dates.
14
        Mattel contends that the MGA parties' response is incomplete because it does not contain
15
   the date of first contact regarding potential employment or contracting, as well as the interview
16
   date for potential employment or contracting.
17
        The MGA parties contend that during the meet and confer process, they agreed to
18
   investigate whether the additional requested information was reasonably available. The MGA
19
   parties represent that they are in the process of looking for the requested information, and that
20
   they will supplement their response if the information is reasonably available without undue
21
   burden.
22
        Mattel's motion to compel a further response to Interrogatory No. 41 is granted in part.
23
   The requested information is clearly relevant to Mattel's claims, and the MGA parties do not
24
   contend otherwise. In particular, the date of first contact, interview date, start date and end date
25
   for Bryant's employment are highly relevant, but are conspicuously absent from the MGA
26
   parties' response. The MGA parties shall provide the missing information for Bryant. In
27

28
   Bryant v. Mattel, Inc.,                                                          10
   CV-04-09049 SGL (RNBx)

EXHIBIT __2__
PAGE __75__

1   addition, the MGA parties shall provide the interview dates for each of the individuals identified

2   in their supplemental responses. The interview dates are potentially relevant to Mattel's claim

3   that the MGA parties induced former Mattel employees to abscond with Mattel's trade secrets.

4   However, the MGA parties are not required to provide the date of first contact for each individual

5   because the burden of producing such information outweighs its likely benefit, taking into

6   account the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

7   C. Interrogatories re Allegedly Copied or Infringed Products (Nos. 43-44)

8         Interrogatory Nos. 43 and 44 request dates on which each "concept, design, product,

9   product packaging or other matter that YOU contend Mattel copied or infringed" was (1)

10   "conceived" and (2) "first fixed in any tangible medium of expression," and the identity of

11   persons with knowledge and documents that refer or relate to the foregoing. In the responses, the

12   MGA parties state numerous objections, but also refer Mattel to MGA's response to Interrogatory

13   No. 3 of Mattel's First Set of Interrogatories re Claims of Unfair Competition. The MGA parties

14   also respond that, in general, at MGA, product development is completed 7-8 months before the

15   first invoice date, although that time period could be reduced in certain situations to 5-6 months.

16         Mattel contends that the information it seeks is relevant to its defense against MGA's

17   claims that Mattel copied or infringed MGA's products. One of Mattel's defenses is that "Mattel

18   was the one who came up with relevant matters first – before MGA – and that MGA was the one

19   who copied or stole from Mattel." Mattel's Motion at p.23. Mattel contends that the MGA

20   parties' responses to Interrogatory Nos. 43 and 44 are inadequate because the referenced

21   Interrogatory No. 3 requested different information, namely the dates on which the products were

22   first "disclosed to any PERSON not employed by MGA" and first "made available for sale."

23         In response to the instant motion to compel, the MGA parties represent that they are

24   assessing whether they can provide more specific information without undue hardship, and will

25   supplement their responses if such information is available. MGA's Opposition at p.29.

26         Mattel's motion to compel further responses to Interrogatory Nos. 43 and 44 is granted.

27   The requested information is relevant to Mattel's defense against the MGA parties' claims that

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

          11

EXHIBIT __2__
PAGE __76__

1  their products have been copied or infringed by certain Mattel products. Although the MGA

2  parties served supplemental responses after filing their opposition brief, the supplemental

3  responses do not include the requested information. The MGA parties have failed to establish

4  that the interrogatories are unduly burdensome.

5  D. Interrogatories About the Trade Dress MGA Claims Mattel Products Infringe (Nos. 48-50)

6      Interrogatory Nos. 48-50 are directed to the MGA parties' trade dress claims:

7      **Interrogatory No. 48:** Separately IDENTIFY each trade dress that YOU
       contend MATTEL has copied, infringed or diluted or that is otherwise the
8      subject of YOUR claims, defenses or allegations in THIS ACTION.

9      **Interrogatory No. 49:** For each trade dress identified in response to
       Interrogatory No. 48, separately and fully IDENTIFY each and every MATTEL
10     product, packaging or other matter that YOU contend copies, infringes or dilutes
       such trade dress, including without limitation by describing fully and separately,
11     for each such MATTEL product, packaging or other matter, each and every
       element of the claimed trade dress that YOU contend MATTEL has copied,
12     infringed or diluted.

13     **Interrogatory No. 50:** For each trade dress identified in response to
       Interrogatory No. 48, separately and completely IDENTIFY all facts that support
14     YOUR contention that such trade dress is protectible, all DOCUMENTS that
       REFER OR RELATE to the foregoing and all PERSONS with knowledge of the
15     foregoing.

16     Mattel contends that these interrogatories seek core contentions underlying the MGA

17  parties' trade dress infringement claims and that the partial responses provided are inadequate

18  because they set forth only the "basic facts" without identifying a single product that MGA

19  alleges was infringed or any other details. Mattel also contends that the responses are improper

20  insofar as the MGA parties state that their responses "may be incomplete" as the subject matter of

21  this interrogatory will be the source of expert testimony and an expert may identify additional

22  facts that support MGA's contentions. Mattel contends that such a limitation would allow MGA

23  to sandbag Mattel by introducing new products into the litigation after fact discovery has closed.

24     As a preliminary matter, the MGA parties contend that Interrogatory Nos. 48-50 are

25  directed to a Phase 2 issue, and therefore, they reserve their right to supplement the responses in

26  Phase 2. Nevertheless, the MGA parties contend that their responses provide Mattel with the

27  principal facts supporting their contentions in compliance with Rule 33.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                12

EXHIBIT ___2___
PAGE ___77___

1    Mattel's motion to compel further responses to Interrogatory Nos. 48-50 is denied. The

2  MGA parties are in substantial compliance with Rule 33, having identified numerous elements of

3  trade dress they contend Mattel has infringed. More specifically, the MGA parties' responses

4  identify Mattel's "My Scene" fashion dolls and pet dolls as the Mattel products that infringe their

5  trade dress. The MGA parties also set forth the principal facts supporting their contention that

6  their trade dress is protectible under the applicable trade dress legal principles, including that the

7  trade dress is aesthetic and non-functional, inherently distinctive, and has acquired secondary

8  meaning. That the interrogatory responses include a reservation of rights to supplement during

9  expert discovery does not render the responses inherently improper or inadequate. Mattel does

10  not contest that the identification of the elements and products subject to trade dress infringement

11  will be a subject of expert testimony.

12  E. Interrogatory About the Identity of MGA's Bank Accounts (No. 39)

13    Interrogatory No. 39 asks MGA to "IDENTIFY each and every bank or financial

14  institution account that REFERS OR RELATES TO YOU, including accounts in YOUR name or

15  for YOUR benefit, since January 1, 1999." The MGA parties objected to this interrogatory as

16  seeking information "not relevant to the claims or defenses of any party to the action and not

17  reasonably calculated to lead to the discovery of admissible evidence.

18    Mattel contends that the information sought is discoverable because it may lead to direct

19  evidence of liability regarding Mattel's allegations of commercial bribery against MGA and

20  Larian. More specifically, Mattel contends that the timing and amounts of payments made to

21  Bryant and to other then-Mattel employees from MGA's bank accounts would establish

22  commercial bribery and other tortious conduct. Mattel also contends that the timing of such

23  payments would also be indicative of the timing of Bryant's first involvement with MGA.

24  Further, Mattel contends that the requested information is relevant to establish net worth for

25  purposes of calculating punitive damages. Mattel also contends that the MGA parties' objection

26  based upon Rule 69(a), Fed.R.Civ.P., is without merit because the requested information is

27  independently relevant to many issues in the liability phase of trial, and is not just directed at

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                        13

EXHIBIT ___2___
PAGE ___78___

1   seeking discovery in aid of a judgment or execution.

2       The MGA parties contend that Mattel is not entitled to the sweeping financial data sought
3   in Interrogatory No. 39. The MGA parties are particularly concerned that Mattel will use the
4   information it obtains pursuant to Interrogatory No. 39 to launch abusive third-party discovery for
5   even more private financial information. Further, the MGA parties contend that Mattel has
6   already received substantial financial information from MGA Entertainment, Inc. directly, and
7   has not shown how that information is insufficient. More specifically, the MGA parties point out
8   that Mattel already has audited and unaudited quarterly and annual profit and loss statements;
9   audited and unaudited quarterly and annual statements; annual reports; various MGA financial
10  reports; various financial documents relating to Veronica Marlow; documents showing royalty
11  payments to Bryant; documents showing MGA's sales, returns and costs of good sold for each
12  month, by SKU, since 2001; documents showing MGA's promotional advertising and media
13  expenditures, including MGA's internal allocation of those expenditures by brand and/or product;
14  documents showing MGA's amortization and depreciation of certain capital assets and
15  expenditures; documents showing MGA's monthly general ledger entries aggregated by account,
16  including income and expense accounts, reserves and liabilities; and documents sufficient to
17  explain MGA's various accounts as presently and historically maintained in MGA's books and
18  records, as well as various nomenclature assigned to items, products, brands, sub-brands, and
19  profit centers. MGA's Opposition at pp. 10-11. Further, the MGA parties contend that MGA's
20  witness, Lisa Tonnu, has testified regarding payments to Mr. Bryant.

21      Mattel's motion to compel a further response to Interrogatory No. 39 is denied on the
22  grounds that the financial information sought is cumulative of other discovery already sought and
23  obtained by Mattel, as outlined above by the MGA parties. Mattel has also sought and obtained
24  documents sufficient to identify each of Mr. Larian's bank accounts or financial institutions and
25  other banking relationships since January 1, 1999. See Order Granting in Part and Denying in
26  Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for
27  Sanctions (Document Request No. 207). Further, as Mattel acknowledges, Mattel has sought and

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                        14

EXHIBIT ___2___
PAGE ___79___

1  obtained deposition testimony regarding payments to Mr. Larian, including the account to which

2  such payments were made. See Order Granting in Part and Denying in Part Mattel's Motion to

3  Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6).

4  In light of the financial information discovery Mattel has already obtained, Interrogatory No. 39 is

5  unjustified, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

6  F. Contention Interrogatories (Nos. 30-38 and 42)

7      Mattel served several contention interrogatories on several additional topics. The

8  remaining contention interrogatories at issue are set forth below.

9      **Interrogatory No. 30:** State all facts that support YOUR contention, if YOU so
10     contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION
       to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to
       priority over and/or has superior rights to MATTEL as to such BRATZ
11     INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and
       all DOCUMENTS that REFER OR RELATE TO such facts.
12

13     **Interrogatory No. 31:** State all facts that support YOUR contention, if YOU so
       contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and
       IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS
14     that REFER OR RELATE TO such facts.

15     **Interrogatory No. 32:** State all facts that support YOUR contention, if YOU so
       contend, that MATTEL is not or would not be entitled to injunctive relief as
16     requested in its COMPLAINT and/or COUNTERCLAIMS if it is not ultimately
       determined that MATTEL owns one or more BRATZ INVENTIONS, and
17     IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS
       that REFER OR RELATE TO such facts.
18

19     **Interrogatory No. 33:** State all facts that support YOUR contention, if YOU so
       contend, that MATTEL is not entitled to an award of punitive or exemplary
20     damages against YOU, and IDENTIFY all PERSONS with knowledge of such
       facts and all DOCUMENTS that REFER OR RELATE TO such facts.

21     **Interrogatory No. 34:** State all facts that support YOUR contention, if YOU so
       contend, that YOU did not intentionally interfere with the INVENTIONS
22     AGREEMENT when BRYANT purported to TRANSFER and MGA purported
       to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge
23     of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

24     **Interrogatory No. 35:** State all facts that support YOUR contention, if YOU so
       contend, that YOU did not aid or abet any breach of fiduciary duty or duty of
25     loyalty owed by BRYANT to MATTEL when BRYANT performed work or
       services with or for MGA while BRYANT was employed by MATTEL, and
26     IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS
       that REFER OR RELATE TO such facts.
27

28     **Interrogatory No. 36:** State all facts that support YOUR contention, if YOU so

Bryant v. Mattel, Inc.,                                                    15
CV-04-09049 SGL (RNBx)

EXHIBIT __2__
PAGE __80__

1   contend, that YOU acted with an innocent state of mind or reasonably believed
2   that MATTEL did not own any rights in any BRATZ INVENTION when Bryant
    purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ,
3   and IDENTIFY all PERSONS with knowledge of such facts and all
    DOCUMENTS that REFER OR RELATE TO such facts.

4   **Interrogatory No. 37:** State all facts that support YOUR contention, if YOU so
    contend, that BRYANT did not breach the INVENTIONS AGREEMENT when
5   BRYANT purported to TRANSFER right to BRATZ to MGA, and IDENTIFY
    all PERSONS with knowledge of such facts and all DOCUMENTS that REFER
6   OR RELATE TO such facts.

7   **Interrogatory No. 38:** State all facts that support YOUR contention, if YOU so
    contend, that BRYANT did not breach BRYANT's duty of loyalty or fiduciary
8   duties to MATTEL when BRYANT performed work or services with or for
    MGA while BRYANT was employed by MATTEL, and IDENTIFY all
9   PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
    RELATE TO such facts.
10
    **Interrogatory No. 42:** State all facts that support YOUR contention, if YOU so
11  contend, that any BRATZ DOLLS are not BASED ON BRATZ DESIGNS
    created by BRYANT on or before October 19, 2000, and IDENTIFY all
12  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
    RELATE TO such facts.
13

14
    Mattel contends that each of these interrogatories seeks facts relating to key issues in this case,
15
    including MGA's contentions, if any, regarding the priority of Mattel's rights in Bratz vis-à-vis
16
    MGA; how Bryant's Inventions Agreement with Mattel, Bryant's assignment of rights to Bratz
17
    inventions to MGA, and Bryant's services with or for MGA while employed by Mattel affect who
18
    owns the rights to Bratz inventions; Mattel's alleged entitlement to punitive damages and other
19
    relief; MGA's purported innocent state of mind; MGA's alleged intentional interference with the
20
    Inventions Agreement; MGA's alleged aiding and abetting of Bryant's breach of fiduciary duty
21
    and duty of loyalty to Mattel; why the Bratz dolls purportedly are not based on designs Bryant
22
    created during his Mattel employment; and why the trade dress MGA contends Mattel infringed is
23
    protectible. Mattel contends that the MGA parties cannot show burden sufficient to outweigh
24
    Mattel's need for the information sought.
25
        In addition to the objections discussed in connection with Interrogatory Nos. 27-29, the
26
    MGA parties contend that they have given sufficient responses to Interrogatory Nos. 30 and 42.
27

28

EXHIBIT  2
PAGE  81

1  As for Interrogatory Nos. 31-38, the MGA parties contend that the interrogatories improperly
2  assume that Mattel owns Bryant's original idea for Bratz and ask the MGA parties to explain why
3  they should not be punished for developing Bryant's ideas. Nevertheless, the MGA parties
4  represent that they responded to the interrogatories in good faith by providing the principal facts
5  supporting their contentions, and therefore are in compliance with Rule 33.

6      Mattel's motion to compel a further response to Interrogatory No. 30 is denied. Like
7  Interrogatory Nos. 27-29, the definition of "Bratz Invention" in No. 30, combined with the
8  request for all facts, the identity of all persons and all supporting documents, render the
9  interrogatory overbroad and unduly burdensome. In any event, the MGA parties have provided a
10 reasonably sufficient response. The MGA parties' supplemental response includes their
11 contention that the "Inventions Agreement" did not apply to design patent rights. Further, the
12 MGA parties contend that (a) the pre-October 21, 2000 drawings of characters that Bryant named
13 Bratz were never reduced to practice; (b) under 35 U.S.C. §171, design patents are available for
14 three-dimensional objections, not drawings or two-dimensional flat art of the sort that Bryant
15 sketched in 1998; (c) Bryant was not a sculptor, and any direct translation of his pre-October 21,
16 2000 two-dimensional flat art into a three-dimensional form for use as a fashion doll sculpt would
17 have produced shapes that were different from the actual shape of the final three-dimensional
18 Bratz sculpt used in manufacturing the first generation of Bratz dolls released on the market by
19 MGA in or about June 2001; (d) the final physical shape of the first generation of Bratz dolls,
20 released on the market by MGA in or about June 2001 was "conceived of" and "reduced to
21 practice" by Margaret Leahy, working on behalf of MGA, after October 20, 2000 and before June
22 1, 2001, along with other MGA agents and employees; (e) Bryant's drawings used standard
23 fashion model poses, and thus were not novel or original; and (f) the "dummy" brought by Bryant
24 to his meeting with MGA on September 1, 2000, was merely an assemblage of random pre-
25 existing doll parts that was never intended to, and did not, provide an accurate representation of
26 what became the Bratz sculpt. Based on the foregoing, the MGA parties contend that, assuming
27 arguendo that both Bryant assigned his 1998 drawings to Mattel and that such drawings were the
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

17

EXHIBIT ___2___
PAGE ___82___

1   conception of what could have been developed into a tangible item that would have qualified for

2   protection under a design patent, such conception would not have covered the shape of the final

3   Bratz sculpt utilized in the first generation of Bratz dolls released to market in or about June 2001,

4   nor any subsequent three-dimensional Bratz shape. The MGA parties' supplemental responses to

5   Interrogatory No. 30 also address copyright protection and trademark protection, and identify

6   persons with knowledge and documents relevant to the MGA parties' contentions.

7       Mattel's motion to compel further responses to Interrogatory Nos. 31-37 and 42 is denied.

8   The MGA parties are in substantial compliance with Rule 33, having set forth sufficient facts,

9   identified persons with knowledge, and identified documents to support their contentions. To

10   require any further information would be unduly burdensome, taking into consideration all of the

11   factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

12.      Mattel's motion to compel a further response to Interrogatory No. 38 is granted, however,

13   because the supplemental response does not identify supporting documents.

14   G. Interrogatories About MGA's Searches for Documents (40 and 47)

15       Mattel has propounded two interrogatories to the MGA parties about their searches for

16   documents and storage devices containing evidence of early work on Bratz:

17       **Interrogatory No. 40:** IDENTIFY each and every STORAGE DEVICE that
         YOU have used for any purpose which contains or contained DIGITAL
18       INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL prior
         to January 1, 2002.
·19
         **Interrogatory No. 47:** IDENTIFY each and every SOURCE OF
20       INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS
         ACTION that REFER OR RELATE TO BRATZ and that also REFER OR
21       RELATE TO the time period prior to February 28, 2001 (regardless of when such
         DOCUMENT was, in whole or part, created, drafted, generated, sent, received or
22       transmitted).

23   In response to Interrogatory No. 40, the MGA parties described the computer systems that existed

24   worldwide at MGA prior to January 1, 2002. The MGA parties did not provide any substantive

25   response to No. 47.

26       Mattel contends that the interrogatories are designed to test MGA's productions in this

27   litigation and obtain additional responsive documents and information. Further, Mattel contends

28   Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                    18



EXHIBIT __2__
PAGE __83__

1  that there is legal precedent allowing access to a party's information storage systems where the
2  party is shown to have improperly withheld relevant documents or information. Mattel contends
3  that Interrogatory No. 40 seeks legitimate discovery regarding the identification of MGA's
4  storage devices because Mattel may have a right to access such storage devices. In particular,
5  Mattel contends that it is entitled to, but the MGA parties have failed to provide, an identification
6  of specific storage devices, the individuals who have used them, the persons who currently
7  possess them, and the dates on which they were destroyed or copied, if any. Mattel contends that
8  the information requested in Interrogatory No. 40 is necessary to determine whether MGA has
9  withheld responsive documents and to enable Mattel to obtain such documents.

10  Similarly, Mattel contends that Interrogatory No. 47 seeks relevant information regarding
11  the sources of information – i.e. the media – from which the MGA parties have collected
12  documents relating to Bratz and the period prior to February 28, 2001. Mattel contends that the
13  information it seeks will enable it to determine what sources the MGA parties have examined and
14  have not examined to produce documents in the case.

15  During the meet and confer process, the MGA parties proposed that the parties exchange
16  "source logs" regarding the entirety of their productions in lieu of MGA's responses to Nos. 40
17  and 47. The "source logs" would provide each document's Bates number, the identity of the
18  individual associated with or who maintained the document and the location where the document
19  was found. Mattel contends that the "source log" proposal is unnecessary because Mattel is only
20  seeking information about key early Bratz documents, not every document produced in the case.
21  Mattel also contends that the "source log" proposal is unacceptable because the "source log,"
22  would not reveal sources that contain early Bratz documents that MGA has not produced
23  documents from, or where MGA looked for documents, as well as where MGA failed to look.

24  The MGA parties contend that the interrogatories assume, without any factual support,
25  that the MGA parties are aware of the existence of Bratz documents on their computer systems
26  that relate to the time period prior to January 1, 2002, and have not produced those documents.
27  The MGA parties contend that Mattel's speculation is not a basis to compel further responses to
28


EXHIBIT 2
PAGE 84

1  Interrogatory Nos. 40 and 47. The MGA parties emphasize that they have already produced more

2  than 3.7 million pages of documents, whereas Mattel has only produced a few hundred thousand

3  pages of documents. Furthermore, the MGA parties contend that these interrogatories are

4  cumulative of deposition testimony Mattel has previously sought and obtained regarding the

5  collection of documents produced in this action. The MGA parties also represent that they have

6  agreed to provide additional testimony on this topic.

7       Mattel's motion to compel further responses to Interrogatory Nos. 40 and 47 is granted.

8  The interrogatories seek relevant information about the identity of each storage device that

9  contains or contained information referring or relating to Bratz prior to January 1, 2002, and other

10  sources of information from which the MGA parties collected documents in this action that refer

11  or relate to Bratz and the time period prior to February 28, 2001. The "source log" information is

12  not a reasonable substitute for the information requested in the interrogatories because it would

13  not necessarily identify all storage devices used by the MGA parties during the relevant period.

14  The interrogatories are narrowly tailored to a key subject, namely early Bratz documents and

15  other information. The MGA parties have failed to establish that the interrogatories are unduly

16  burdensome. Nor are the interrogatories cumulative of other discovery propounded by Mattel.

17  Interrogatory Nos. 40 and 47 have the potential of imparting more detailed information than a

18  witness might be able to recall in the course of a deposition. Furthermore, the information sought

19  in Interrogatory Nos. 40 and 47 will enable Mattel to question MGA's witnesses more effectively.

20  H. Interrogatory Regarding MGA's Substitution of Counsel (No. 46)

21       Interrogatory No. 46 seeks facts regarding MGA's substitution of counsel as follows:

22       **Interrogatory No. 46:** Without disclosing the content of communications which
    are protected by the attorney-client privilege, state fully and in detail all facts
23       which REFER OR RELATE TO any dispute regarding THIS ACTION between,
    on the one hand, MGA, LARIAN, BRYANT and/or MACHADO and, on the
24       other hand, O'MELVENY and/or CHRISTENSEN, including but not limited to
    any and all disputes which were or have been asserted as a basis for, or which
25       underlie, contributed to or were a factor in, the withdrawal, termination and/or
    substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in this
26       ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all
    DOCUMENTS that REFER OR RELATE TO such facts.

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                          - 20 -

EXHIBIT ___2___
PAGE ___85___

1   Mattel contends that the interrogatory is limited to facts, and does not require the disclosure of
2   information protected by either the attorney-client privilege or the work product doctrine.
3   Further, Mattel contends that the requested facts are relevant and discoverable.  Mattel reasons
4   that O'Melveny cited to California Rule of Professional Conduct 3-700(c) as the basis for its
5   motion to withdraw, and that Rule 3-700(c) sets forth several grounds for withdrawal that could
6   be relevant to the case.  For example, Mattel contends that O'Melveny may have withdrawn
7   because MGA sought to provide false testimony, or was seeking "to pursue an illegal course of
8   conduct" or "insist[ed] that counsel pursue a course of conduct that is illegal or prohibited under
9   the State Bar Act."  Mattel's Motion at p. 38.

10      The MGA parties contend that Interrogatory No. 46 is predicated upon an imagined
11   "dispute" with former counsel, and moreover, that the information sought is protected by the
12   work product doctrine and/or attorney-client privilege.  The MGA parties reason that even if
13   Mattel is correct that there was some sort of dispute, either (1) the dispute does not relate to the
14   claims and defenses in this action, and therefore the requested information is irrelevant and
15   outside the proper scope of discovery, or (2) the dispute does relate to the claims or defenses in
16   this action, such that revelation of the substance of the dispute would necessarily reveal the
17   thought processes of trial counsel and the communication of those thought processes to the MGA
18   parties.

19      Mattel's motion to compel is denied as to Request No. 46.  The interrogatory is not
20   tethered to any particular claim or defense.  Nor is the interrogatory directed at uncovering the
21   factual events giving rise to any claim or defense.  Instead, the interrogatory assumes that there
22   was a "dispute" with former counsel involving false testimony, illegal conduct, or attorney
23   misconduct; that this "dispute" led to the withdrawal, termination and/or substitution of counsel;
24   and that this "dispute" potentially relates to a claim or defense in this suit.  There is no evidence,
25   however, to substantiate such a series of assumptions.  Although the publicly available
26   information suggests that there was a breakdown of the attorney-client relationship, this evidence,
27   without more, is insufficient to justify Interrogatory No. 46 because the burden or expense of the
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                21

EXHIBIT  2
PAGE  86

1  proposed discovery outweighs its likely benefit under Rule 26(b)(2)(C), Fed.R.Civ.P.

2  Furthermore, the interrogatory is grossly overbroad in seeking information about "any and all

3  disputes" with former counsel, regardless of whether such disputes relate to a claim or defense in

4  the case.

5       The interrogatory is also objectionable because it intrudes upon MGA's relationship with

6  former counsel, and thus necessarily intrudes upon the protections afforded by the attorney-client

7  privilege and work product doctrine. Mattel's rank speculation that there were attorney-client

8  discussions of wrongdoing is insufficient to vitiate the attorney-client privilege. See e.g. In re

9  Napster, Inc. Copyright Litig., 479 F.3d 1078, 1090 (9th Cir. 2007). Nor have the MGA parties

10  waived the attorney-client privilege. Although the MGA parties discussed the reasons for their

11  substitution of counsel with the press, there has been no showing that the information they

12  disclosed revealed the substance of an attorney-client privileged communication.

13                              V. CONCLUSION

14       For the reasons set forth above, it is hereby ordered as follows:

15       1. Mattel's motion to compel is granted as to Interrogatory Nos. 38, 40, 41 (as narrowed),

16  43-44 and 47. The MGA parties shall serve supplemental responses to said interrogatories no

17  later than February 26, 2008.

18       2. Mattel's motion to compel is denied as to Interrogatory Nos. 27-37, 39, 42, 46 and 48-

19  50.

20  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master,

21  Mattel shall file this Order with the Clerk of Court forthwith.

22

23  Dated: February 15, 2008

HON. EDWARD A. INFANTE (Ret.)
24                                          Discovery Master

25

26

27

28
Bryant v. Mattel, Inc.,                                          22
CV-04-09049 SGL (RNBx)

EXHIBIT 2
PAGE 87

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on February 15, 2008, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA PARTIES in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on February 15, 2008, at San Francisco, California.

Sandra Chan

EXHIBIT 2
PAGE 88

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc

(RNBx), AO279, DISCOVERY, PROTORD, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Proctor, Brett on 2/19/2008 at 2:56 PM PST and filed on 2/19/2008

**Case Name:**    Carter Bryant v. Mattel Inc

**Case Number:**    2:04-cv-9049

**Filer:**    Mattel Inc

**Document Number:** 2266

**Docket Text:**

Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties filed by Defendant Mattel Inc re: MOTION to Compel Responses to Interrogatories by the MGA Parties *(Nos. 27-44 and 46-50)*[1317] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Juan Pablo Alban    juanpabloalban@quinnemanuel.com

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Linda M Burrow    burrow@caldwell-leslie.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Alan Neil Goldberg    agoldberg@sgattys.com

Melissa Grant .    melissagrant@quinnemanuel.com

Emil W Herich    eherich@kmwlaw.com

Diane C Hutnyan    dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

EXHIBIT 2

PAGE 89

John W Keker    jkeker@kvn.com, DRoberts@kvn.com, efiling@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Order re Motion to Compel.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/19/2008] [FileNumber=5381686-0]
[643f3427701adad1bfb3880576efb3c91150eb5f693240ae485529023da3f2864add
e9800830a44a4c86425534ead16e2d9b58cbceeb1aba019aa1836347bcbd]]

https://ecf.cacd.uscourts.gov/cgi-bin/Dispatch.pl?245598662032311                    2/19/2008

EXHIBIT __2__
PAGE __90__

# EXHIBIT 3

**THE EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 4

**THE EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 5

RECEIVED

SEP 2 1 2007
B2 L 2:02 PM

1  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
2  JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
3  Los Angeles, CA 90067
   Telephone: (310) 553-3000
4  Facsimile: (310) 557-9815

5  DALE M. CENDALI (admitted *pro hac vice*)
   O'MELVENY & MYERS LLP
6  400 South Hope Street
   Los Angeles, CA 90071-2899
7  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
8

9  Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited, MGAE
10 de Mexico S.R.L. de C.V., and Isaac Larian

11

12              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
13                     EASTERN DISTRICT

14 CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-2727)
15            Plaintiff,

          v.                            **MGA ENTERTAINMENT, INC.'S**
16                                      **SUPPLEMENTAL DISCLOSURES**
   MATTEL, INC., a Delaware             **AND MGA ENTERTAINMENT (HK)**
17 Corporation,                         **LIMITED, MGAE DE MEXICO**
                                        **S.R.L. DE C.V., AND LARIAN'S**
18            Defendant.                **INITIAL DISCLOSURES UNDER**
                                        **RULE 26(a)(1)**
19
                                        Judge: Hon. Stephen G. Larson
20 CONSOLIDATED WITH
   MATTEL, INC. v. BRYANT and           Discovery Cut-Off:    March 3, 2008
21 MGA ENTERTAINMENT, INC. v.
   MATTEL, INC.
22

23

24

25

26

27

28

EXHIBIT    5
PAGE    113

1      MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited

2   ("MGA Hong Kong"), MGAE de Mexico S.R.L. de C.V. ("MGA Mexico"), and

3   Isaac Larian ("Larian") (collectively the "MGA Parties") hereby submit the

4   following initial disclosures to Mattel, Inc. ("Mattel"), pursuant to Rule 26(a) of the

5   Federal Rules of Civil Procedure. The MGA Parties make these initial disclosures

6   based upon information reasonably available to them and reserve the right to

7   identify additional documents and witnesses hereafter, and otherwise to provide

8   supplemental disclosures as appropriate or necessary. To the extent prior initial

9   disclosures have been made by one or more of the MGA Parties, the instant

10  disclosures serve to incorporate and supplement any such prior disclosures.

11  **Witnesses**

12      The MGA Parties' initial disclosure of the identities of potential witnesses is

13  based solely upon such information discovered thus far, as well as the MGA

14  Parties' present analysis of the case, and shall not, in any way, be deemed to be a

15  representation that additional witnesses do not exist. Accordingly, this disclosure is

16  subject to the MGA Parties' identification of additional individuals with knowledge

17  of facts supporting any of the material allegations, claims or in the Consolidated

18  Action. By indicating the general subject matter or information these individuals

19  may possess, the MGA Parties are in no way limiting their right to call any

20  individual listed herein to testify concerning other subjects.

21      Subject to the foregoing, individuals who will likely have discoverable

22  information relevant to the disputed facts alleged in the pleadings and the subject

23  matter of the information are as follows:

24      1.      Arnold Artavia. MGA believes that Mr. Artavia is a current

25  Mattel employee. Mr. Artavia was deposed on September 21, 2006 and possesses

26  the information set forth in his deposition testimony.

27      2.      Erika Ashbrook. MGA believes that Ms. Ashbrook is a current

28  Mattel employee. Ms. Ashbrook may possess information relevant to Mattel's

EXHIBIT ___5___

PAGE ___1/4___

- 1 -

1    efforts to obtain undisclosed product information from MGA and to Mattel's

2    manipulation of MGA's retail displays.

3        3.      Schuyler Bacon. Ms. Bacon is responsible for MGA's

4    recruiting activities. Ms. Bacon may possess knowledge of facts in support of

5    MGA's defenses to Mattel's RICO and trade secret counterclaims. Ms. Bacon may

6    be contacted through MGA's counsel of record.

7        4.      Manmohan Bhuller. Mr. Bhuller is a former Mattel employee

8    and may possess knowledge of facts in support of MGA's claims of unfair

9    competition.

10        5.      Kevin Bloomfield. Mr. Bloomfield is a Games Manager at

11    MGA. Mr. Bloomfield may possess knowledge of the creation and design of

12    MGA's Alien Racers product line. Mr. Bloomfield may be contacted through

13    MGA's counsel of record.

14        6.      Matthew Bousquette. MGA believes that Mr. Bousquette is a

15    former President of Mattel Brands. Mr. Bousquette may possess knowledge of

16    Mattel's serial copying of MGA's distinctive trade dress, trademarks, product

17    packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous

18    marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to

19    and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and

20    former employees and freelancers; Mattel's improper influence of standard-setting

21    and industry organization; Mattel's manipulation of MGA's retail displays and

22    other aspects of Mattel's unclean hands.

23        7.      Ron Brawer. Mr. Brawer is MGA's President of Global Sales

24    and Planning. Mr. Brawer may possess information relevant to some aspect or

25    aspects of MGA's sales and marketing of its products (including, without

26    limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover Head,"

27    "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers"). Mr.

28    Brawer also has knowledge of facts in support of MGA's defenses to Mattel's

EXHIBIT    5

PAGE    115

- 2 -

1  RICO and trade secret counterclaims, Mattel's unfair competition and Mattel's

2  unclean hands. Mr. Brawer may be contacted through MGA's counsel of record.

3      8.   Janine Brisbois. Ms. Brisbois is an employee of MGA Canada.

4  Ms. Brisbois has knowledge of facts in support of MGA's defenses to Mattel's

5  RICO and trade secret counterclaims. Ms. Brisbois may be contacted through

6  MGA's counsel of record.

7      9.   Kerri Brode. Ms. Brode was deposed on January 19, 2007 and

8  August 15, 2007 and possesses the information set forth in her deposition

9  testimony. Ms. Brode may be contacted through MGA's counsel of record.

10     10.  Charnayne Brooks. Ms. Brooks is an employee of MGA. Ms.

11 Brooks was deposed on March 2, 2007 and possesses the information set forth in

12 her deposition testimony. Ms. Brooks may be contacted through MGA's counsel of

13 record.

14     11.  Carter Bryant. Carter Bryant possesses information relevant to

15 the creation of the original "Bratz" drawings, and, to some extent, of the creation

16 and design by MGA of the first generation of "Bratz" dolls and timing thereof; the

17 nature and scope of his employment at Mattel; the nature and scope of his work for

18 and with MGA; and information relevant to his own defenses in this matter, as well

19 as knowledge of facts in support of MGA's defenses to Mattel's counterclaims.

20 Mr. Bryant may be contacted through his counsel of record.

21     12.  Janet Bryant. Ms. Bryant may be contacted through Carter

22 Bryant's counsel of record. Ms. Bryant possesses information concerning, among

23 other things, Mr. Bryant's general skills and talents as a designer and his

24 conception, creation, design and development of various matters when he was not

25 employed by Mattel.

26     13.  Tom Bryant. Tom Bryant may be contacted through Carter

27 Bryant's counsel of record. Tom Bryant possesses information concerning, among

28 other things, Mr. Bryant's general skills and talents as a designer and his

EXHIBIT  5

PAGE  116

- 3 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1    conception, creation, design and development of various matters when he was not
2    employed by Mattel.

3         14.    Yuval Caspi. Mr. Caspi is MGA's Vice President, Boys Toys.
4    Mr. Caspi may possess knowledge of the creation and design of MGA's Alien
5    Racers product line, logo and advertising, Mattel's copying of same, and Mattel's
6    efforts to tamper with MGA retail displays. Mr. Caspi may be contacted through
7    MGA's counsel of record.

8         15.    Jorge Castilla. Mr. Castilla is an employee of MGA. Mr.
9    Castilla may possess knowledge of facts in support of MGA's defenses to Mattel's
10   RICO and trade secret counterclaims. Mr. Castilla may be contacted through
11   MGA's counsel of record.

12        16.    Elise Cloonan. Ms. Cloonan is a former Mattel employee and
13   may possess information relevant to the timing of the conception and creation of the
14   original "Bratz" artwork by Carter Bryant prior to MGA's acquisition of rights
15   therein. Ms. Cloonan may be contacted through her counsel, Larry McFarland.

16        17.    Dan Cooney. Mr. Cooney is MGA's Vice President of Sales,
17   National Accounts. Mr. Cooney may possess information about consumer
18   confusion between Mattel products. Mr. Cooney may be contacted through MGA's
19   counsel of record.

20        18.    Jamie Cygielman. MGA believes that Ms. Cygielman is a
21   former Mattel employee. Ms. Cygielman may possess information relevant to
22   Mattel's unfair competition and unclean hands.

23        19.    Richard De Anda. MGA believes that Mr. De Anda currently is
24   Mattel's V.P. of Worldwide Security and may possess information relevant to
25   Mattel's investigations of MGA, Bryant, Larian and "Bratz."

26        20.    Thomas Debrowski. MGA believes that Mr. Debrowski is a
27   current Mattel employee. Mr. Debrowski may possess information relevant to
28   Mattel's unfair competition and unclean hands.

EXHIBIT _S_
PAGE _117_

- 4 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1

2   Dated:      September 21 2007          O'MELVENY & MYERS LLP

3

4   By

5                                         Attorneys for MGA Entertainment, Inc.,
                                          MGA Entertainment (HK) Limited,
6                                         MGAE de Mexico S.R.L. de C.V.,  and
                                          Isaac Larian
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT ___5___
PAGE ___118___

## PROOF OF SERVICE

I, Marie G. Lewis, am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 400 South Hope Street, Los Angeles, California 90071-2899. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service.

On September 21, 2007, I had the following document served by special messenger:

**MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL DISCLOSURES AND MGA ENTERTAINMENT (HK) LIMITED, MGAE DE MEXICO S.R.L. DE C.V., AND LARIAN'S INITIAL DISCLOSURES UNDER RULE 26(a)(1)**

upon counsel named below:

> Michael T. Zeller, Esq.
> Timothy Alger, Esq.
> Quinn Emanuel Urquhart Oliver & Hedges, LLP
> 865 South Figueroa Street, 19th Floor
> Los Angeles, CA 90017
> > michaelzeller@quinnemanuel.com
> > talger@quinnemanuel.com
> *(Attorneys for Mattel)*

A courtesy copy was sent via electronic mail.

On September 21, 2007, I served said document by putting true and correct copies thereof in sealed envelopes, with postage fully prepaid, and placing the envelopes for collection and mailing today with the United States

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT __5__
PAGE __119__

PROOF OF SERVICE
CASE NO. CV 04-9049 SGL (RNBX)

1  Postal Service in accordance with the firm's ordinary business practices, as
2  addressed below:

3

4  James W. Spertus, Esq.                    Michael H. Page, Esq.
   Law Offices of James W. Spertus          Keker & Van Nest LLP
5  12100 Wilshire Boulevard, Suite 620       710 Sansome Street
6  Los Angeles, CA 90025                     San Francisco, CA 94111

7  *(Attorneys for Carlos Gustavo*          *(Attorneys for Carter Bryant)*
   *Machado Gomez)*
8

9  Patricia Glaser, Esq.
   Christensen, Glaser, Fink, Jacobs,
10 Weil & Shapiro, LLP
11 10250 Constellation Blvd., 19th Floor
   Los Angeles, CA 90067
12

13 *(Attorneys for MGA)*

14

15      I declare under penalty of perjury that the foregoing is true and

16 correct. Executed at Los Angeles, California, this 21st day of September,

17 2007.

18

19

20                                          ————————————————
                                            Marie G. Lewis
21

22

23

24

25

26

27

28

EXHIBIT ___5___
PAGE __120__

                                   -2-        PROOF OF SERVICE
                                              CASE NO. CV 04-9049 SGL (RNBX)

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT 6

**THE EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 7

**THE EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 8

**THE EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 9

**THE EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 10

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | NOTICE OF DEPOSITION OF RON BRAWER |
| Defendant. | Date:   July 25, 2007<br>Time:   9:30 a.m.<br>Place.: 865 South Figueroa Street, 10th<br>  Floor<br>  Los Angeles, CA 90017 |
| AND CONSOLIDATED CASES | |
| | Discovery Cut-Off:<br>Pre-Trial Conference:<br>Trial Date: |

07209/2119074.1

NOTICE OF DEPOSITION OF RON BRAWER

EXHIBIT  10
PAGE  146

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that Mattel, Inc. ("Mattel") will take the

3    deposition of Ron Brawer on July 25, 2007 beginning at 9:30 a.m., at the offices of

4    Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa Street, 10th Floor,

5    Los Angeles, California 90017.

6         PLEASE TAKE FURTHER NOTICE that the deposition will take

7    place upon oral examination before a duly authorized notary public or other officer

8    authorized to administer oaths at depositions, and will continue from day to day,

9    Sundays, Saturdays and legal holidays excepted, until completed.

10        PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

11   P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

12   Livenote or other technology for real-time transcription of the testimony.

13

14   DATED: June 4, 2007          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
15

16                               By_____
                                    Michael T. Zeller
17                                  Attorneys for Mattel, Inc.

18

19

20

21

22

23

24

25

26

27

28

-2-

EXHIBIT _10_
PAGE _147_

# EXHIBIT 11

Received: 6/13/07 2: ?M;                    -> OUT    EMANUEL; Page 1
JUN-13-2007 14:22        OMEVENY and MYERS LLP                                          P.01/02

# O

## O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

## FAX TRANSMITTAL

| DATE & TIME: | | TOTAL NUMBER OF PAGES: |
|---|---|---|
| Wednesday, 06/13/07, 11:07 AM | | 2 |

| TO: | FAX NUMBER: | TELEPHONE NUMBER: |
|---|---|---|
| Michael Zeller - Quinn Emanuel Urquhart Oliver & Hedges, LLP | (213) 443-3100 | (213) 443-3000 |
| Michael Page - Keker & Van Nest | (415) 397-7188 | (415) 391-5400 |
| James Spertus | (310) 826-4711 | (310) 826-4700 |

| FROM: | RETURN FAX NUMBER: | TELEPHONE NUMBER: |
|---|---|---|
| David I. Hurwitz | (213) 430-6407 | (213) 430-6284 |

## MESSAGE

Letter re notices of depositions.

IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL Cecelia Rolland AT (213) 430-6558, OR OUR FAX DEPARTMENT AT (213) 430-6357.

| FILE NO.: | 527,436-004 | RETURN ORIGINAL TO: | C. Rolland |
|---|---|---|---|
| USER NO.: | 09364 | EXTENSION: | 6558 |
| RESPONSIBLE ATTY NAME: | David I. Hurwitz | LOCATION: | 14S-25 |
| SPECIAL INSTRUCTIONS: | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

EXHIBIT __11__
PAGE __148__

Received:    6/13/07  2:   'M;                                    -> QUI'   EMANUEL;  Page 2
JUN-13-2007  14:22        OMEVENY, and MYERS LLP                                        P.02/02



# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 400 South Hope Street | NEW YORK |
| BRUSSELS | Los Angeles, California 90071-2899 | SAN FRANCISCO |
| CENTURY CITY | TELEPHONE (213) 430-6000 | SHANGHAI |
| HONG KONG | FACSIMILE (213) 430-6407 | SILICON VALLEY |
| LONDON | www.omm.com | TOKYO |
| NEWPORT BEACH | | WASHINGTON, D.C. |

OUR FILE NUMBER
527436-4

June 13, 2007

WRITER'S DIRECT DIAL
(213) 430-6284

### VIA FACSIMILE (213/443-3100) AND MAIL

WRITER'S E-MAIL ADDRESS
dhurwitz@omm.com

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

Re:    *Bryant v. Mattel Depositions*

Dear Mr. Zeller:

We received the notices of depositions recently served by Mattel for Ron Brawer, Kerri Brode, Sarah Chui, Carlos Gustavo Machado Gomez, Dave Malacrida, MGA Entertainment (HK) Ltd. pursuant to FRCP 30(b)(6), and the Third Notice of MGA Entertainment pursuant to FRCP 30(b)(6). We cannot go forward with these depositions on the dates noticed but will be in contact with you to schedule mutually agreeable dates for these depositions.

Very truly yours,

David I. Hurwitz
for O'MELVENY & MYERS LLP

cc:    Michael Page
       Patricia Glaser
       James Spertus

LA2:834159.1

EXHIBIT __11__
PAGE ___149___

# EXHIBIT 12

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street. 10th Floor. Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 26, 2007

**VIA FACSIMILE AND U.S. MAIL**

Diana M. Torres
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, CA 90071

Re:     **Mattel adv. MGA/Bryant**

Dear Diana:

I am writing to request a meet and confer pursuant to the Discovery Master Stipulation.

Mattel served deposition notices for MGA Hong Kong, Kerri Brode, Cecilia Kwok, Dave
Malacrida, Sarah Chui, Ron Brawer and Gustavo Machado and a Third Notice of Deposition of
MGA. Although your office responded as a blanket matter that the witnesses were not available
on noticed dates, we have yet to receive any proposed dates for these witnesses. Nor has MGA
or MGA Hong Kong identified its designees in response to these Rule 30(b)(6) notices.

Please provide us with proposed dates and, for the corporate deponents, the identification of the
designees. Otherwise, please let us know when MGA and MGA Hong Kong are prepared to
meet and confer. In the event that MGA and MGA Hong Kong do not provide dates and, where
applicable, designees, Mattel contemplates bringing a motion to compel and for sanctions.

I look forward to hearing from you.

Very truly yours,

*Mike T. Zeller*

Michael T. Zeller

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT __12__
PAGE ___150___

MATCOR022523

# EXHIBIT 13

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

July 3, 2007

**VIA FACSIMILE AND U.S. MAIL**

Diana M. Torres
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, CA 90071

Re:     **Mattel adv. MGA/Bryant**

Dear Diana:

I am writing further to my letter of June 26, 2007, to which I have received no response from MGA.

In my letter, Mattel requested that MGA meet and confer pursuant to the Discovery Master Stipulation as a consequence of MGA's failure to provide any proposed dates and, where applicable, designees in connection with Mattel's notices of deposition for MGA Hong Kong, Kerri Brode, Cecilia Kwok, Dave Malacrida, Sarah Chui, Ron Brawer and Gustavo Machado and its same failures in connection with the third notice of deposition of MGA.

It has unfortunately become MGA's habit to ignore Mattel's meet and confer requests and only respond once Mattel has been forced to chase MGA to comply with its obligations under the Discovery Master Stipulation. MGA has done the same with my June 26 letter and ignored it.

MGA's time to meet and confer expires today. Please let me know if MGA intends to comply with the Discovery Master Stipulation and, if so, when it will be available to meet and confer today.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue. 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT __13__
PAGE __151__

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller
Michael T. Zeller

07209/2159111.1

07209/2159111.1                                    2

EXHIBIT _13_
PAGE __152__

# EXHIBIT 14

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

July 19, 2007

**VIA FACSIMILE AND U.S. MAIL**

James P. Jenal, Esq.                    William J. Charron
O'Melveny & Myers LLP                   O'Melveny & Myers LLP
400 South Hope Street                   1999 Avenue of the Stars
Los Angeles, CA 90071                   7th Floor
                                        Los Angeles, CA 90067

Re:     Mattel, Inc. v. MGA Entertainment, Inc.

Dear Counsel:

I am writing in connection with the scheduling of certain depositions, including further to my letter of July 6, 2007 and in response to Jim Jenal's letter of July 13, 2007 and our subsequent emails.

First, Mattel confirms that it will take the depositions of Dave Malacrida on August 14, 2007, Kerri Brode on August 15, 2007 and Skylar Bacon on August 22, 2007.

Second, we have not received from MGA any proposed dates for Char Brooks, MGA's designee on Topics 15 and 16 of Mattel's Third Notice. Nor have we received proposed dates for Ron Brawer's deposition. Indeed, with respect to Mr. Brawer, even though we have been requesting dates for his deposition for some time and even though MGA promised at the July 5 meet and confer to provide proposed dates for Mr. Brawer by July 13, Jim's letter of July 13 does not address Mr. Brawer's deposition at all. Please provide proposed dates for Ms. Brooks and Mr. Brawer promptly or we will file a motion to compel.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL. 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL. 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL. 650-801-5000 FAX 650-801-5100

EXHIBIT __14__
PAGE __153__

Finally, we also had discussed at the July 5 meet and confer MGA Hong Kong's failure to designate or produce witnesses in response to Mattel's Rule 30(b)(6) Notice to MGA Hong Kong and its failure to provide dates for the deposition of Sarah Chui. When we met and conferred, MGA's counsel promised proposed dates for Ms. Chui by July 13, but we have heard nothing further on that score. In addition, MGA's counsel stated at the July 5 meet and confer that I would receive more information regarding MGA Hong Kong's designees by July 13, including any translation needs. However, I have not heard from MGA's counsel on those matters since the July 5 meet and confer either. Please let me know promptly when I can expect the promised response.

I look forward to hearing from you.

Very truly yours,

*Micha T. 3 —*

Michael T. Zeller

07209/2172541.1

07209/2172541.1                                                                    2

EXHIBIT __14__
PAGE ___15 4___

# EXHIBIT 15

**From:**       Jon Corey
**Sent:**       Tuesday, September 11, 2007 5:55 PM
**To:**         Michael T Zeller; Tamar Buchakjian; Jon Arnett
**Subject:**    Fw: MGA -- Kuemmerle Deposition (and others)


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA   90017

Direct:  (213) 443-3130
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  joncorey@quinnemanuel.com
Web:     www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.


----- Original Message -----
From: Shallman, Dan <dshallman@omm.com>
To: Jon Corey
Cc: Michael T Zeller; Olson, Steve <solson@OMM.com>
Sent: Fri Sep 07 17:12:30 2007
Subject: RE: MGA -- Kuemmerle Deposition (and others)

Jon-
In light of our co-counsel's proposal for a meet and confer on all outstanding deposition
scheduling matters, MGA will discuss dates for Mr. Brawer's deposition at that time.  I
think that's a sensible approach to arrive at a global deposition schedule, to avoid your
having to negotiate with multiple lawyers from our side, and to ensure we avoid further
litigation on these issues.  To be clear, we have not ruled out deposition dates in
October or November for Mr. Brawer (either in L.A. or London), but feel it's prudent to
discuss these in the context of an overall discussion of the deposition schedule.  Thanks,
-Dan


From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Friday, September 07, 2007 4:54 PM
To: Shallman, Dan
Cc: Michael T Zeller; Olson, Steve
Subject: RE: MGA -- Kuemmerle Deposition (and others)


Dan,

I am not trying to manufacture a dispute.  I am trying to get reasonable dates for Mr.
Brawer, which I have not received.  As you may or may not be aware, when Mattel has
attempted to depose principal witnesses in this case (of which Mr. Brawer is one), MGA has
produced those witnesses only after forcing Mattel to obtain multiple court orders.  I do
not expect that to be the case with you, but, with that history, you must understand

1

EXHIBIT _15_
PAGE _155_

Mattel's reluctance to agree to schedule Mr. Brawer some six month after his deposition was originally noticed, particularly when Mattel is willing to accommodate his schedule in the next seven or eight weeks. I look forward to dates for Mr. Brawer before the end of October.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:   (213) 443-3100
E-mail: joncorey@quinnemanuel.com <blocked::mailto:username@quinnemanuel.com>
Web:    www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

From: Shallman, Dan [mailto:dshallman@omm.com]
Sent: Friday, September 07, 2007 12:35 AM
To: Jon Corey
Cc: Michael T Zeller; Olson, Steve
Subject: RE: MGA -- Kuemmerle Deposition (and others)

I really think you're trying to manufacture a dispute here when I have for some time tried to work with you on a reasonable and cordial basis to schedule this deposition. As you know, I had been trying to reach you by phone for weeks, beginning in July, to schedule a convenient time for Mr. Brawer's deposition. After an epic game of phone tag, you sent me an email asking for us to propose dates in writing. You did not indicate that the deposition had to take place by the end of October and you expressed no urgency about it whatsoever. I got back to you right away with three dates in December that work the best for him. You did not respond for almost two weeks (again, no sense of urgency), until I sent you another e-mail about Susana Kuemmerle's deposition. You then asked for an explanation as to why Brawer would not be available until December. I told you. That's when your arbitrary October deadline emerged.

All that being said, as I mentioned earlier today, I'm trying to get dates and locations for you before December. We appreciate your willingness to travel to do that and will try to work that out. I'm pretty sure I can get you early November (October is extremely difficult for Ron from a business standpoint). Again, December in LA is still on the table and far preferable for us from a cost and efficiency standpoint.

-----Original Message-----
From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Thu 9/6/2007 11:02 PM
To: Shallman, Dan
Cc: Michael T Zeller; Olson, Steve
Subject: RE: MGA -- Kuemmerle Deposition (and others)

Dan,

2

EXHIBIT __15__
PAGE __156__

The point is no more complicated than this.  MGA cannot insist that Mattel provide dates for over 80 deposition topics within 48 hours from one side of its mouth, while refusing to provide reasonable dates or to confirm deposition dates that Mattel has either sought or had noticed for months from the other side.  MGA also recently noticed depositions of Mattel senior executives for the last week in September, without any prior request about their availability.

In contrast, Mattel is attempting to accommodate Mr. Brawer's schedule and location to depose him in September and October.  MGA has known since June that Mattel sought Mr. Brawer's deposition.  It is inconceivable that Mr. Brawer has not had a single date available for his deposition between July 25 and sometime in December, regardless of how busy or senior he may be.  Mattel has been more than reasonable in cooperating with the scheduling for Mr. Brawer's deposition and expects dates and locations by the end of October.  We are attempting to cooperate and schedule a deposition at his convenience.  I doubt that Judge Infante will be so accommodating.  I look forward to receiving dates and locations for Mr. Brawer's deposition tomorrow.  If you would like to discuss this, I will be in the office tomorrow afternoon.

Best regards,

From: Shallman, Dan [mailto:dshallman@omm.com]
Sent: Thursday, September 06, 2007 7:49 PM
To: Jon Corey
Cc: Michael T Zeller; Olson, Steve
Subject: RE: MGA -- Kuemmerle Deposition (and others)

Jon-

I looked at the 9/5 letter you reference.  Unless I'm missing something, it doesn't address my question on Brawer.  Perhaps you can enlighten me?  Is there a discovery cutoff on the counterclaims in October that I am not aware of?  Some other way in which Mattel will be prejudiced by a delay?

As for Bacon, I was not aware of the prior continuance.  Thanks for letting me know.  It still doesn't solve our problem, but given your unwillingness to accommodate this unique scheduling situation that has arisen for Steve and me, we'll keep the current date with another OMM attorney.

Best regards,

-Dan

From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Thursday, September 06, 2007 6:03 PM
To: Shallman, Dan
Cc: Michael T Zeller; Olson, Steve
Subject: RE: MGA -- Kuemmerle Deposition (and others)

Dan,

Take a look at the Christensen Glaser letter of September 5, 2007, which should address your question of the need for Mr. Brawer's deposition before the end of October.  Further, Mr. Brawer is identified in Mattel's counterclaims.  Mattel noticed his deposition in early June for a date in late July.  MGA has known that Mattel intended to depose Mr. Brawer for months.  As I indicated before, to accommodate Mr. Brawer's schedule, Mattel is willing to travel to wherever he is stationed to take his deposition.  Alternatively, we are willing to take Mr. Brawer's deposition on a Saturday or Sunday when he returns to Los Angeles.  Please let me know by the close of business tomorrow when and where he will be available before the end of October.  If I do not have a firm date by then, Mattel will

3

EXHIBIT  _15_
PAGE  _157_

seek an order compelling MGA to produce Mr. Brawer by the end of October.

Separately, Mattel will not agree to move the Bacon deposition. Mattel agreed to continue her deposition once already to allow MGA time to produce the documents related to her expected testimony which Judge Infante ordered MGA to produce. Mattel expects that those documents will be produced on September 17, and that Ms. Bacon will appear for deposition on September 27.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com <blocked::mailto:username@quinnemanuel.com>
Web: www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


From: Shallman, Dan [mailto:dshallman@omm.com]
Sent: Thursday, September 06, 2007 5:15 PM
To: Jon Corey
Cc: Michael T Zeller; Olson, Steve
Subject: RE: MGA -- Kuemmerle Deposition (and others)


Thanks, Jon. I'm waiting for some dates for Brawer before December and will let you know as soon as possible. Is there some urgency to getting him done before December? He's a senior exec with a lot on his plate and that would really be the most convenient for him (and us) as he will be in Los Angeles with time to prepare for and attend a deposition.

One other depo scheduling issue I wanted to raise. We have Schuyler Bacon currently set for September 27th and wanted to explore moving that into October. Steve Olson was originally planning to defend, but he has learned that he must be in Judge Carter's courtroom that day in Santa Ana for a trial. Likewise, I will be in Europe on vacation and cannot do it. We're trying to get some alternate dates from Ms. Bacon, but I was thinking the week of October 15th if that works for you.

Many thanks for your courtesy on this. Happy to talk live if you prefer.

-Dan

Daniel N. Shallman
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071-2899
(213) 430-6143
(213) 430-6407 (Fax)

4

EXHIBIT _15_

PAGE _158_

(310) 497-2312 (Cell)
dshallman@omm.com
-----------------------------------------
This message and any attached documents contain information from the law firm of O'Melveny
& Myers LLP that may be confidential and/or privileged. If you are not the intended
recipient, you may not read, copy, distribute, or use this information. If you have
received this transmission in error, please notify the sender immediately by reply e-mail
and then delete this message.


From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Tuesday, September 04, 2007 7:02 PM
To: Shallman, Dan
Cc: Michael T Zeller
Subject: RE: MGA -- Kuemmerle Deposition

Dan,

We will agree to depose Ms. Kuemmerle on October 24, 2007 in my office in Los Angeles.

We are not willing to wait until December to depose Mr. Brawer, however.  Please let me
know what country Mr. Brawer resides in so that we can make arrangements to depose him
there and, let me know, what dates he has available for a deposition during the month of
October.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone:  (213) 443-3000
Main Fax:    (213) 443-3100
E-mail:  joncorey@quinnemanuel.com <blocked::mailto:username@quinnemanuel.com>
Web:  www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.


From: Shallman, Dan [mailto:dshallman@omm.com]
Sent: Tuesday, September 04, 2007 10:16 AM
To: Jon Corey
Cc: Michael T Zeller
Subject: RE: MGA -- Kuemmerle Deposition

Jon-
Sorry for the delay, I'm just catching up after being on vacation.  We'll see if Susana
has anything earlier, but scheduling is difficult for her as she lives in Mexico City.  As

5

EXHIBIT __15__
PAGE __159__

for Mr. Brawer, he is stationed overseas on business and that week in December is the only week he can be available in the U.S. with time for a deposition. Happy to discuss further, if necessary. Best,
-Dan

From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Wednesday, August 29, 2007 4:24 PM
To: Shallman, Dan
Cc: Michael T Zeller
Subject: RE: MGA -- Kuemmerle Deposition

Dan,

She does not have anything earlier in October? And, in a voice-mail message that you left for me earlier, you said that there was an explanation as to whey why Ron Brawer has no dates available before December. Can you let me know what that it? I will be in the office tomorrow if you would like to discuss.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:   (213) 443-3100
E-mail:  joncorey@quinnemanuel.com <blocked::mailto:username@quinnemanuel.com>
Web:  www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.




From: Shallman, Dan [mailto:dshallman@omm.com]
Sent: Tuesday, August 28, 2007 4:51 PM
To: Jon Corey
Cc: Inda, Cynthia G.
Subject: MGA -- Kuemmerle Deposition


Jon-
We wanted to propose a few dates for the Susana Kuemmerle deposition, which you've noticed for September 26, 2007. Here are a few dates that would work for us: October 24 or December 6, 7, 11 or 12. Please let me us know if any of these work for you. Regards,

-Dan Shallman

Daniel N. Shallman
O'Melveny & Myers LLP
400 South Hope Street

6

EXHIBIT __15__
PAGE ___160___

Los Angeles, CA  90071-2899
(213)  430-6143
(213)  430-6407  (Fax)
(310)  497-2312  (Cell)
dshallman@omm.com
------------------------------------

This message and any attached documents contain information from the law firm of O'Melveny
& Myers LLP that may be confidential and/or privileged. If you are not the intended
recipient, you may not read, copy, distribute, or use this information. If you have
received this transmission in error, please notify the sender immediately by reply e-mail
and then delete this message.

7

EXHIBIT __15__
PAGE __161__