# EXHIBIT 16

COPY

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

FILED
2007 SEP 13 PM 3:44
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

**DISCOVERY MATTER**

**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RON BRAWER; AND

MEMORANDUM OF POINTS AND AUTHORITIES

[Declaration of Jon D. Corey filed concurrently herewith]

Hearing Date: TBA
Time: TBA
Place: Telephonic Hearing

Discovery Cut-off: March 3, 2008
Pre-trial Conference: June 2, 2008
Trial Date: July 1, 2008

EXHIBIT 16
PAGE 162

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.), which will occur at a time to be set by Judge Infante, Mattel, Inc. will, and hereby does, move the Discovery Master, pursuant to Federal Rules of Civil Procedure 30 and 37, for an order compelling the deposition of Ron Brawer in Los Angeles, California on or before October 31, 2007.

This Motion is made on the ground that Mattel noticed Brawer's deposition for July 25, 2007, and, despite repeated requests by Mattel, MGA has refused to produce Brawer within any reasonable time frame.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jon D. Corey, the records and files of this Court, and all other matters of which the Discovery Master may take judicial notice.

**Statement of Rule 37-1 Compliance**

The parties met and conferred regarding this motion on July 5, 2007 and times thereafter.

DATED: September 12, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By Jon D. Corey
Jon D. Corey
Attorneys for Mattel, Inc.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS .......... 2

ARGUMENT .......... 4

CONCLUSION .......... 8

EXHIBIT 16

PAGE 164

# TABLE OF AUTHORITIES

Page

## Cases

George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551 (2d Cir. 1977) .......... 5

Struthers Scientific & International Corp. v. General Foods Corp., 290 F. Supp. 122 (S.D. Tex. 1968) .......... 5

## Statutes

Federal Rules of Civil Procedure
Fed. R. Civ. P. 26(d) .......... 5
Fed. R. Civ. P. 30(a)(1) .......... 4
Fed. R. Civ. P. 37(d) .......... 6

## Other Authorities

Schwarzer, Tashima, and Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 11:1390 (Rutters) .......... 5

EXHIBIT 16
PAGE 165

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

In early June 2007, Mattel served a notice of deposition for Ron Brawer, a current MGA executive who Mattel specifically identified by name in its counterclaims as having participated in the theft of Mattel trade secrets and other misconduct by MGA. Mattel noticed Mr. Brawer's deposition for July 25, 2007. MGA did not produce Mr. Brawer on that date. Despite Mattel's repeated requests, MGA also has refused to produce Mr. Brawer for deposition within any reasonable time frame, claiming that he would be out of the country working and was otherwise too busy to be deposed until late December -- some seven months after Mattel first began seeking his deposition. Mattel repeatedly asked for earlier dates, which MGA's counsel promised to look into. That was, at least, until last week, when MGA offered a new excuse for refusing to schedule Mr. Brawer's deposition and began claiming that it would not proceed unless Mattel agreed to MGA's new, extraneous conditions regarding other depositions.

There can be no plausible dispute that Mattel is entitled to Mr. Brawer's deposition. Nor does MGA have even a colorable basis for not producing him. MGA's initial refusals to produce him for almost seven months then morphed into an apparent refusal to ever schedule him unless Mattel agreed to conditions that have nothing to do with the Brawer deposition which Mattel has been patiently working to set for months. It is a tactic that is contrary to the Federal Rules, which expressly make clear that Mattel's discovery is not dependent on or tied to MGA's requests for discovery. It is also one that defendants asserted, unsuccessfully, to the Discovery Master months ago as their excuses for withholding key documents in this case relating to the origins of Bratz and for refusing to produce witnesses for deposition. Thus, MGA's latest rehash of this same tactic to stonewall Brawer's deposition is not only groundless, but nothing more than the latest episode of its well-documented history of foot-dragging and

obstructionism, particularly when it comes to deposition. Indeed, MGA has yet to produce in this case a single witness who was not either compelled by Court Order (and sometimes not even then) or the subject of a Mattel motion to compel. MGA should be compelled to produce Mr. Brawer for deposition, no later than October 31, 2007.

**Statement of Facts**

On June 4, 2007, Mattel served its Notice of Deposition for Ron Brawer.[1] Mr. Brawer is a former Mattel executive who left to work for MGA. There is no question that he has discoverable knowledge pertinent to both Mattel's claims and defenses and to MGA's claims. Mattel's counterclaims, for example, specifically allege that Mr. Brawer participated in MGA's trade secret thefts from Mattel that are a basis of Mattel claims in this suit. Indeed, he is the subject of 16 detailed paragraphs in Mattel's Second Amended Answer and Counterclaims.[2] He also is identified, by name, in Mattel's Second Claim for Relief for MGA's violations of RICO, its Third Claim for Relief for MGA's conspiracy to violate RICO and its Sixth Claim for Relief for MGA's tortious interference with contract.[3] And, as the Discovery Master has recognized, these issues of MGA's trade secret theft from Mattel are also relevant to Mattel's defenses to MGA's claims. For its part, MGA named Mr. Brawer in its responses to Mattel's First Set of Interrogatories for its claims in the Unfair Competition Action that it filed against Mattel.[4]

---

[1] Declaration of Jon D. Corey, dated September 11, 2007 and filed concurrently herewith ("Corey Dec."), ¶ 3, Exh. 2.

[2] Second Amended Answer and Counterclaims, ¶¶ 55-70, 77, attached as Exhibit 11 to the Corey Dec.

[3] Id., ¶¶ 88-97, 98-105, 122-128.

[4] MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition, dated January 19, 2007, Corey Dec., Exh. 12.

Not having heard from MGA in connection with Mattel's deposition notice for Mr. Brawer, Mattel followed up by contacting MGA by letter, requesting that MGA either propose a date for Mr. Brawer's deposition or meet and confer with Mattel regarding the matter.[5] MGA met and conferred with Mattel on July 5, 2007, and made clear that it was neither posing any objection to Mr. Brawer's deposition nor planning to move for a protective order barring it.[6] MGA also represented that it was working actively to obtain a date for the deposition and would propose a date within a week.[7] By July 19, 2007, however, MGA had still not proposed a date for Mr. Brawer's deposition.[8] On that day, Mattel made yet another good faith effort to resolve this issue by reminding MGA of its promise to set a date for Mr. Brawer's deposition and stating that it would have no alternative but to file a motion to compel if MGA did not comply with its obligation to make Mr. Brawer available within a reasonable time.[9]

Having received further assurances by MGA that it would comply with its promise at the July 5, 2007 meeting, Mattel followed up by contacting MGA by telephone.[10] After several exchanges of voicemails, Mattel sent an email that again requested MGA provide proposed dates for Mr. Brawer.[11] MGA eventually, in an August 9, 2007 email, offered Mr. Brawer for deposition on December 19, 20, and 21.[12] When pressed to explain why Mr. Brawer would supposedly not be available for almost six months after Mattel had started seeking his deposition, MGA stated that Mr. Brawer

---

[5] Corey Dec. Exh. 8.

[6] Corey Dec. Exh. 9.

[7] Corey Dec. Exh. 9.

[8] Corey Dec. Exh. 10.

[9] Corey Dec. Exh. 10.

[10] Corey Dec. ¶ 4.

[11] Corey Dec. Exh. 1.

[12] Id.

is currently working outside the country for MGA and purportedly would not be returning to the United States until late December.[13]

In its response email, Mattel explained that such a lengthy delay was not reasonable and offered to facilitate the process of deposing Mr. Brawer within a reasonable time period.[14] In particular, Mattel offered to take the deposition in whatever location Mr. Brawer is currently working and offered to take the deposition at any time during the month of October.[15] In a September 6, 2007 email, counsel for MGA at first stated that he was waiting for dates for Brawer before December and would let Mattel know as soon as possible.[16] Later that day, however, counsel for MGA did an about-face and informed that MGA would only discuss dates for Mr. Brawer's deposition on the condition that it was at a meet and confer on all outstanding deposition scheduling matters.[17]

## Argument

MGA cannot plausibly dispute that Mr. Brawer is a percipient, and even important, witness in this case, both on Mattel's claims and MGA's claims. Nor can MGA dispute that Mattel properly noticed his deposition back in June. Fed. R. Civ. P. 30(a)(1). Despite repeated efforts by Mattel to obtain Mr. Brawer's deposition, and after considerable foot-dragging by MGA, MGA at first refused to produce him until late December but then said it would check into earlier dates. MGA then, just last week, reneged on even that promise and made clear that it has no intention of producing Mr. Brawer unless Mattel agreed to MGA's last-minute demands and conditions with respect to other depositions.

---

13 Id.

14 Id.

15 Id.

16 Id.

17 Id.

EXHIBIT 16
PAGE 169

The Discovery Master will recall that MGA and Bryant, months ago, similarly sought to justify their withholding of key documents and witnesses on the grounds that Mattel would not agree to extraneous conditions that defendants sought to impose with respect to their own discovery requests.[18] It was through this tactic that defendants sought to obstruct the truth-finding function of this proceeding and deliberately turned discovery into a pretzel by refusing to do anything unless Mattel agreed to their unilateral demands about other discovery issues. Those tactics were not only rejected by the Discovery Master long ago, but they are contrary to the Federal Rules. As Rule 26(d) expressly provides, "the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery." Fed. R. Civ. P. 26(d). Accord Schwarzer, Tashima, and Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 11:1390 (Rutters) ("The fact one party is conducting discovery (by deposition or otherwise) does not operate to delay another party's right to discovery."); George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 556 n. 5 (2d Cir. 1977) (stating that parties' respective rights to discovery are "concurrent" with one another); Struthers Scientific & International Corp. v. General Foods Corp., 290 F. Supp. 122, 128 (S.D. Tex. 1968) ("the failure to answer plaintiff's interrogatories provides no grounds for vacating or staying defendant's notice of taking of depositions"). MGA's conduct in this case illustrates the rationale for this very rule. Were it otherwise, a party

---

[18] See e.g., Bryant's Opposition to Mattel's Motion to Enforce Stipulation and Compel Bryant to Make Original Documents Available and for Sanctions, dated January 29, 2007, at 2, 3-6; Order Granting Mattel's Motion to Enforce Stipulation to Make Original Documents Available, dated February 14, 2007, at 6; See also MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Production of Documents and Interrogatory Answers, dated February 20, 2007, at 16, 19, 24-25; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 9.

could just unilaterally tie up discovery by demanding the other party agree to whatever conditions it could contrive.

Nor does MGA's other excuse for foot-dragging deserve credence. It is implausible, to say the least, that Mr. Brawer is wholly unavailable for an almost entire seven month period. Mattel also should not have to wait for such an unreasonable period for Mr. Brawer's deposition. Mattel is entitled to Mr. Brawer's deposition with sufficient time to propound and obtain follow-up discovery on Mr. Brawer's testimony, which will have material bearing on the shape of this litigation. MGA's refusal to produce him for almost seven full months from the time that Mattel began seeking his deposition is neither proper nor fair. MGA should be compelled to produce him. Fed. R. Civ. P. 37(d).

MGA's protean positions regarding Mr. Brawer's deposition are especially troubling, and an Order compelling his deposition is especially appropriate, given that they now mirror MGA's documented history of "delay and then cancel" tactics with respect to virtually every MGA deposition in this case to date. Defendants refused to produce Carter Bryant, Isaac Larian, or Paula Garcia voluntarily for deposition, even though each of them is indisputably a central witnesses in this case. Rather, defendants engaged in months of scheduling delays and repeatedly cancelled depositions, only to then turn around and ultimately refuse to produce the witnesses altogether. Mr. Bryant's counsel went so far as to give their "representation as counsel" that he would appear for deposition on a date certain, only to renege at the last minute.[19] Mattel then had to obtain two Court Orders compelling Mr. Bryant to sit for deposition before he eventually appeared, more than six months after Mattel began seeking his

---

[19] Jacoby letter to Zeller dated July 14, 2004, Corey Dec., Exh. 13; Zeller letter to Jacoby dated July 14, 2004, Corey Dec., Exh. 14; Millman letter to Quinn dated August 13, 2004, Corey Dec., Exh. 15.

EXHIBIT 16
PAGE 171

deposition.[20] Even after all of that, as the Discovery Master found, defendants' counsel obstructed his deposition.[21] Similarly, Mr. Larian refused to appear for deposition until after the Court entered two Orders compelling his attendance and had imposed sanctions.[22] Ms. Garcia likewise was not produced until after months of delay and a Court Order, and still, MGA proceeded to obstruct her deposition too with improper limitations and blanket instructions not to answer. The Court had to yet again order her to sit for deposition, this time by the end of September.[23]

MGA engaged in the same pattern with respect to its corporate Rule 30(b)(6) designees, alternating between promises to produce those witnesses that were, after extensive foot-dragging, followed by refusals to produce.[24] Then, MGA did so, even after the Discovery Master's May 16 Order compelling MGA's Rule 30(b)(6) deposition, and even after Judge Larson rejected MGA's appeal. Thus, on August 14, 2007, the Discovery Master imposed sanctions against MGA based on his findings that

---

[20] Order Compelling Carter Bryant's Deposition dated October 5, 2004, Corey Dec., Exh. 16; Order Compelling Carter Bryant's Deposition dated October 20, 2004, Corey Dec., Exh. 17.

[21] Order Granting In Part and Denying In Part Mattel's Motion to Overrule Instructions Not To Answer During the Deposition of Carter Bryant, dated March 7, 2002, Corey Dec., Exh. 18.

[22] Orders compelling Isaac Larian's deposition and awarding sanctions against MGA, dated March 23, 2005 and June 16, 2006, Corey Dec. Exhs. 3 and 4.

[23] Order dated August 14, 2007 Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee, Corey Dec. Exh. 6.

[24] Order dated May 16, 2007 Granting Mattel, Inc.'s Motion To Compel MGA To Produce Witnesses For Deposition Pursuant To Rule 30(b)(6), Corey Dec. Exh. 5.

"MGA clearly violated" the May 16 Order, that MGA's violations were "egregious" and that MGA's non-compliance with the Order "was willful and inexcusable."[25]

Mattel is entitled to take Mr. Brawer's deposition, and there is no basis for months of yet more delay by MGA, particularly given MGA's past tactics. MGA should be ordered to produce Mr. Brawer for deposition in Los Angeles no later than October 31, 2007.

## Conclusion

For the foregoing reasons, the Discovery Master should compel MGA to produce Ron Brawer for deposition.

DATED: September 12, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By [signature]
Jon D. Corey
Attorney for Mattel, Inc.

[25] Order dated August 14, 2007 Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), and Granting Request for Sanctions, Corey Dec. Exh. 7.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On September 12, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RON BRAWER** on the parties in this action as follows:

Diana M. Torres, Esq.
**O'MELVENY & MEYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071

Patricia Glaser, Esq.
**CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP**
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 12, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On September 12, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF RON BRAWER** on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

James W. Spertus, Esq.
**Law Offices of James W. Spertus**
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

**BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 12, 2007, at Los Angeles, California.

Charlene Ho

# EXHIBIT 17



Patricia Glaser, State Bar No. 55668
Amman A. Khan, State Bar No. 196217
Scott E. Gizer, State Bar No. 221962
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Dale M. Cendali (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Attorneys for Plaintiff MGA Entertainment, Inc.

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CARTER BRYANT, an individual

Plaintiff,

v.

MATTEL, INC., a Delaware corporation

Defendant.

AND CONSOLIDATED ACTIONS

Case No. 04. CV 04-09049 SGL (RNBx)
(consolidated with CV 04-9059 & 05-2727)

**MGA ENTERTAINMENT, INC.'S OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION OF MGA EXECUTIVE VICE-PRESIDENT RON BRAWER; DECLARATION OF SCOTT E. GIZER**

**Date: TBA**
**Time: TBA**
**Place: Telephonic Hearing**

**[DISCOVERY MATTER TO BE HEARD BY THE HON. EDWARD INFANTE]**

9-27

606154

MGA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S MOTION TO COMPEL DEPOSITION OF RON BRAWER

EXHIBIT 17
PAGE 176

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

## I. INTRODUCTION AND STATEMENT OF FACTS

Mattel's September 12, 2007 Motion to Compel MGA's Executive Vice-President Ron Brawer, who heads MGA's European operations, should be denied for two reasons: (1) The Motion is premature. Mattel's counsel, Michael Zeller, ignored MGA's repeated requests to meet and confer concerning Brawer's deposition and other depositions prior to the time Mattel's Motion was filed. This violates the meet and confer requirements under the Federal Rules of Civil Procedure; and (2) The parties are currently working out an omnibus deposition schedule and during this process have set Mr. Brawer's deposition for October 25, 2007. There are more depositions noticed by MGA that must be scheduled as part of that process. Any depositions that are not set during this process will lead to motion practice, and they should all be dealt with together, including, if necessary, any motion concerning Mr. Brawer's deposition.

Accordingly, Mattel's Motion to Compel the Deposition of Ron Brawer should be denied.[1]

### A. MGA Sought to Schedule Ron Brawer's Deposition Prior to the Filing of this Motion, but Mattel Rejected these Efforts

Mattel asserts it requires Mr. Brawer's deposition in connection with the claims added in its recently filed Amended Answer and Counter-Claims, including inter alia, RICO causes of action and Theft of Trade Secrets causes of action. But, Mattel fails to disclose that MGA sought to meet and confer with Mattel to set an omnibus deposition schedule in this case that would include the remaining 27+ depositions for Phase 1, including Mr. Brawer's deposition. Mattel's counsel ignored that request, then rejected those overtures until he was instructed to do so in a telephonic hearing before the Special Master on September 17, 2007.

[1] In their meet and confers, counsel for Mattel agreed to extend the time within which MGA would oppose this Motion up to and including September 27, 2007. Gizer Dec., ¶14.

EXHIBIT 17
PAGE 177

As is evidenced by Mattel's own exhibits, prior to the filing of this motion, MGA had offered dates for Ron Brawer's deposition in December and was working on obtaining early dates to accommodate Mattel's request for a date in October or November.[2] It had been difficult to obtain dates for Mr. Brawer because he relocated to the United Kingdom over the summer and has been extremely busy in his relatively new role. Despite these facts, MGA continued its efforts to find dates more satisfactory to Mattel, even though the bulk of Mr. Brawer's deposition will be geared toward subject matters that will not be tried until the last phase of the trial.[3]

On September 5, 2007, Amman Khan of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro ("Christensen Glaser"), counsel for MGA, sought to meet and confer with Michael Zeller, counsel for Mattel, to set an overall deposition schedule, including Mr. Brawer's deposition.[4] Mr. Khan also called Mr. Zeller on September 6, 2007 to set up a conference call for discussing a global deposition schedule and left him a voice mail message to that effect. However, despite being in his office, Mr. Zeller refused to respond to Mr. Khan's phone call requesting a meet and confer and took the position that Mattel would refuse to meet and confer concerning an omnibus deposition schedule. Mr. Zeller has never provided any explanation for this, even though he later admitted to being in the office and available to talk for several days thereafter.[5] Mr. Khan also made additional written requests to Mr. Zeller on September 7, 10 and 11, 2007 to schedule deposition dates, but Mr. Zeller refused.[6]

In addition, just five days before Mattel filed this motion, Dan Shallman of O'Melveny & Myers, MGA's co-counsel, sent an e-mail to Mattel's counsel informing

---

[2] See September 7, 2007 e-mail from Dan Shallman to Jon Corey attached as Exhibit "1" to Mattel's Motion to Compel.

[3] See Exhibit "1" to Mattel's Motion to Compel. Notably, Mattel fails to disclose that most of the claims will not be tried in Spring 2008 in Phase 1 of this proceeding because they do not relate to Mattel's claims against Carter Bryant. Thus, they are not subject to the January 14, 2008 Phase 1 discovery cut-off and there is no particular urgency for setting this deposition.

[4] See Exhibit "A" to Declaration of Scott E. Gizer ("Gizer Dec.").

[5] See Gizer Dec., ¶¶9 and 10.

[6] See Exhibits "B," "C," and "D" to Gizer Dec. and Gizer Dec., ¶11.

LAW OFFICES CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 (310) 553-3000



EXHIBIT 17
PAGE 178

LAW OFFICES CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 (310) 553-3000

them that Mr. Brawer's deposition could be set in October or November.[7] But, Mr. Shallman suggested Mr. Brawer's deposition dates be discussed along with a list of other depositions that needed to be set as part of a global deposition schedule being spearheaded by Mr. Khan.[8] This is a concept that was endorsed by the Special Master on September 17, 2007 during a conference call with all parties. The Special Master instructed the parties to meet and confer on a global deposition schedule.[9]

Mattel apparently disagreed with this logical concept, but never informed MGA's counsel of its disagreement. Indeed, there was no response to Mr. Shallman's e-mail of September 7, 2007. Rather, Mattel quietly filed this motion to compel, unnecessarily wasting both the Court's and the parties' time and resources.

### B. <u>MGA's Sought to Schedule Ron Brawer's Deposition Following the Filing of this Motion, and Mattel Rejected those Efforts</u>

Immediately upon receipt of this motion, Mr. Shallman sent an e-mail to Mattel's counsel indicating his surprise and disappointment that Mattel chose to file a motion instead of meeting and conferring as it is required to do.[10] Mattel's counsel responded that if a deposition date for Mr. Brawer was provided in October 2007, Mattel would take the motion off-calendar.[11] MGA offered October 25, 2007, but Mattel has refused to take the motion off-calendar despite its prior representations.[12]

Further to the Special Master's instructions, all parties participated in a conference call on September 18, 2007 in an effort to create a global deposition schedule. During that call, MGA informed Mattel that Mr. Brawer was available for deposition on October 25, 2007 in Los Angeles. Mattel was agreeable to this date,

---

[7] See September 7, 2007 e-mail from Dan Shallman to Jon Corey attached as Exhibit "1" to Mattel's Motion to Compel.
[8] See September 7, 2007 e-mail from Dan Shallman to Jon Corey attached as Exhibit "1" to Mattel's Motion to Compel.
[9] See Gizer Dec., 12.¶
[10] See September 12, 2007 e-mail from Dan Shallman to Jon Corey attached as Exhibit "E" to Gizer Dec.
[11] See September 12, 2007 e-mail from Jon Corey to Dan Shallman attached as Exhibit "E" to Gizer Dec.
[12] Gizer Dec., ¶12-14.

EXHIBIT 17
PAGE 179

LAW OFFICES CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 (310) 553-3000

and in light of this fact, MGA requested that Mattel's motion to compel be taken-off calendar.[13] But instead of honoring their prior representations, counsel for Mattel made a new demand that the parties enter into a stipulation and order regarding Mr. Brawer's deposition.[14]

MGA could not agree to such a stipulation because Mr. Brawer has to fly internationally for this deposition and if an emergency arose that prevented the deposition from going forward, MGA would need the flexibility to reschedule this deposition without violating a court order. MGA informed Mattel that it could not agree to a stipulation and order, but would still offer Mr. Brawer for deposition on October 25, 2007.[15] Mattel rejected this request and continued its demand for a stipulation and order, evidencing it intent not to honor its prior representation.[16]

## II. MATTEL FAILED TO PROPERLY MEET AND CONFER BEFORE FILING THIS MOTION WHEN IT REJECTED MGA'S GOOD FAITH EFFORTS TO SCHEDULE MR. BRAWER'S DEPOSITION

Counsel are required to "confer" in an effort to resolve discovery disputes before bringing motions to compel. The moving papers must include a certification that the movant has "in good faith conferred or attempted to confer" with the other party in an attempt to resolve the dispute without court action. FRCP Rule 37(a)(2)(A),(B); see Robinson v. Potter (8th Cir. 2006) 453 F.3d 990, 995 (motion to compel properly denied where moving party did not show parties had attempted to confer in good faith to resolve discovery dispute before filing motion); Soto v. City of Concord (ND CA 1995) 162 F.R.D. 603, 623 (must attempt to have a live exchange of ideas and opinions); Tri-Star Pictures, Inc. v. Unger (SD NY 1997) 171 F.R.D. 94, 99 (movant must detail efforts to confer and explain why they proved useless).

[13] See Gizer Dec., 13 and 14.¶

[14] See Gizer Dec., 15.¶

[15] See September 25, 2007 e-mail from Scott Gizer to Jon Corey attached as Exhibit "F" to Gizer Dec.

[16] See exchange of e-mails between Scott Gizer and Jon Corey on September 26, 2007 attached as Exhibit "F" to Gizer Dec.

EXHIBIT 17
PAGE 180

While Mattel certifies in its moving papers that it met and conferred in good faith before filing the instant motion, the evidence proves to the contrary. Exhibit 1 to Mattel's motion is an e-mail exchange between Mattel's counsel and MGA's counsel at O'Melveny & Myers, which conclusively shows that the parties were still meeting and conferring regarding deposition dates for Mr. Brawer. MGA had already offered dates in December, but was working on obtaining earlier dates. There is nothing in this e-mail exchange that suggests further discussions would prove useless or that MGA had refused to provide October or November deposition dates.

In addition, Mattel was well aware that MGA was vigorously attempting to schedule a meet and confer session to create a omnibus deposition schedule that would include Mr. Brawer's deposition. However, rather than embracing such a rationale concept, Mattel rebuffed MGA's requests. Instead, Mattel chose to file this motion rather than continuing to meet and confer with MGA. Such conduct on the part of Mattel is patently in bad faith and in violation of the Federal Rules of Civil Procedure.

As a result, MGA was forced to raise the issue with the Special Master and he instructed the parties to meet and confer on an omnibus deposition schedule. Since that time, the parties have participated in two conference calls during which multiple depositions have been tentatively set, including Mr. Brawer's deposition. The parties have another conference call scheduled for Friday, September 27, 2007, which will hopefully address the remaining depositions. Mattel omitted all of these crucial facts from its motion. Thus, it is clear that Mattel is talking out of both sides of its mouth. On the one side, Mattel and MGA have been continuously and consistently meeting and conferring on deposition dates, including dates for Mr. Brawer, and on the other side, Mattel claims that MGA has failed to meet and confer, and stonewalled the deposition of Mr. Brawer. Mattel cannot ignore meet and confer sessions that it has participated in order to manufacture a motion.

Accordingly, Mattel's motion to compel should be denied for failing to meet and confer in good faith. Mattel's motion should further be denied because MGA has proposed a deposition date for Mr. Brawer of October 25, 2007. If the Court is inclined to grant Mattel's motion, it is requested that the Court reserve ruling until after October 25, 2007 when Mr. Brawer's deposition is scheduled to proceed. If the deposition goes forward as scheduled, there is no need to grant the instant motion.

## III. CONCLUSION

Based on the foregoing reasons, Mattel's Motion to Compel the Deposition of Ron Brawer should be denied.

Dated: September __, 2007

Patricia Glaser
Amman A. Khan
Scott E. Gizer
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

By: ______________________
Scott E. Gizer
Attorneys for Plaintiff
MGA Entertainment, Inc.

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT 17
PAGE 182

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

**DECLARATION OF SCOTT E. GIZER**

I, Scott E. Gizer, declare and state as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am an Attorney with the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP, attorneys of record herein for MGA Entertainment, Inc.. I make this declaration in support of MGA ENTERTAINMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION OF MGA EXECUTIVE VICE-PRESIDENT RON BRAWER. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. Attached hereto as Exhibit "A" is a true and correct copy of a September 5, 2007 letter sent by Amman Khan to Michael Zeller.

3. Attached hereto as Exhibit "B" is a true and correct copy of a September 7, 2007 e-mail sent by Amman Khan to Michael Zeller.

4. Attached hereto as Exhibit "C" is a true and correct copy of a September 10, 2007 letter sent by Amman Khan to Michael Zeller.

5. Attached hereto as Exhibit "D" is a true and correct copy of a September 11, 2007 letter sent by Amman Khan to Michael Zeller.

6. Attached hereto as Exhibit "E" is a true and correct copy of an exchange of e-mails between Dan Shallman, Michael Zeller, and Jon Corey, dating from September 12 through September 18, 2007.

7. Attached hereto as Exhibit "F" is a true and correct copy of an exchange of e-mails between Jon Corey and I, dating from September 25, 2007 to September 26, 2007.

8. On September 5, 2007, our office spearheaded an effort to create a global deposition schedule, which included scheduling Mr. Brawer's deposition.

9. On September 6, 2007, Mr. Khan called Mr. Zeller to set up a conference call for discussing a global deposition schedule and left him a voice mail message to that effect, but Mr. Zeller never returned the call.

10. Mr. Zeller has never provided any explanation for this, even though he later admitted to being in the office and available to talk for several days thereafter.

11. Mr. Khan also made additional written requests to Mr. Zeller on September 7, 10 and 11, 2007 to schedule deposition dates, but Mr. Zeller refused.

12. Setting a global deposition schedule is concept that was endorsed by Judge Infante on September 17, 2007 during a conference call with all parties. Judge Infante instructed the parties to meet and confer on a global deposition schedule at the conclusion of this conference call.

13. As a result, all parties participated in a conference call on September 18, 2007 in an effort to create a global deposition schedule. During that call, we informed Mattel's counsel that Mr. Brawer was available for deposition on October 25, 2007 in Los Angeles.

14. Mattel's counsel was agreeable to this date, and in light of this fact, we requested that Mattel's motion to compel be taken-off calendar. In their meet and confers, counsel for Mattel also agreed to extend the time within which MGA would oppose this Motion up to and including September 27, 2007.

15. In response, counsel for Mattel made a new demand that the parties enter into a stipulation and order regarding Mr. Brawer's deposition.

Executed on September 27 2007, at Los Angeles, California.

SCOTT E. GIZER

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT 17
PAGE 184

**EXHIBIT A**

EXHIBIT 17
PAGE 185

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7898
EMAIL: AKHAN@CHRISMILL.COM

September 5, 2007

MERITAS LAW FIRMS WORLDWIDE

**VIA U.S. MAIL**
Michael T. Zeller, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re: Carter Bryant v. Mattel, Inc. (and consolidated cases)
Case No. CV 04-9049 SGL (RNBx)

Dear Mr. Zeller:

Enclosed please find the following MGA Entertainment Inc. deposition notices: (1) Notice of Deposition of Mattel, Inc. pursuant to FRCP 30(b)(6) and (2) Various notices of depositions for specific individuals and entities.

We anticipate that these deposition notices, along with MGA and Mattel's other outstanding deposition notices and subpoenas in these consolidated cases, shall result in a very large number of depositions being taken over the next 3 to 4 months prior to the discovery cut-off.

In order schedule these depositions in an orderly fashion, avoid a log jam and avoid prejudice to MGA's trial preparation, we ask that you meet and confer with Patricia L. Glaser of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP at (310) 282-6217 and Diana Torres of O'Melveny & Meyers at (213) 430-6556 at 3:30 p.m. on September 7, 2007.

Please be advised that if we are unable to work out a satisfactory deposition schedule at that telephonic conference, we shall ask Discovery Master Infante to impose a deposition schedule for both sides.

Very truly yours,

Amman A. Khan
for CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

cc: Patricia L. Glaser, Esq.
Diana M. Torres, Esq.

603923

**EXHIBIT B**

EXHIBIT 17
PAGE 187

**Amman Khan**

**From:** Amman Khan
**Sent:** Friday, September 07, 2007 4:32 PM
**To:** 'michaelzeller@quinnemanuel.com'
**Cc:** Patricia Glaser; 'Torres, Diana'; Cendali, Dale; 'Christa Anderson'; Michael Page
**Subject:** MGA/Mattel Litigation -- Meet and Confer Re: Deposition Scheduling

Dear Michael:

This responds to your September 7, 2007 letter. You state that under the "Rules" [which you did not identify] it is improper to demand that Mattel start scheduling depositions in response to MGA's FRCP 30(b)(6) notice served on September 5, 2007. I'm disappointed. You are missing the point. I want to meet and confer on scheduling all the depositions that have been noticed by both sides in this case. This is a good opportunity to work cooperatively to create an orderly schedule of depositions, avoid a log jam and the motion practice that comes with it. I know of no "Rule" that prohibits a meet and confer for that purpose, do you?

As you are aware, this is a very large case. Both Mattel and MGA have noticed the depositions of roughly 35 witnesses, plus multi-topic FRCP 30(b)(6) notices. I expect all the deposition notices will result in the depositions of a very large number of people, likely more than 35. These depositions will need to take place over the next three months. That is very little time when one considers the Thanksgiving and Christmas holidays during that period. Like any large case, where there are a large number of depositions to be taken within a short time frame, the parties should get together and agree to a omnibus deposition schedule. Given the January 15, 2008 discovery cutoff in this matter, we need to do so now. Thus, I don't understand your reluctance to meet and confer regarding scheduling all the outstanding depositions.

Please be advised that no deposition set for a date that either my firm or O'Melveny & Myers hasn't agreed to in advance will go forward until we have established a mutually agreeable deposition schedule. Again, if I do not hear from you by Monday, I will seek the involvement of the Discovery Referee to ensure such a schedule is put in place.

Amman

Amman A. Khan, Esq.
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP 10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
T: (310) 553-3000
F: (310) 556-2920
E-mail:
This message and any attached documents may contain information from the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message. Thank you.

EXHIBIT C

EXHIBIT 17
PAGE 189

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7885
EMAIL: AKHAN@CHRISGLASE.COM

September 10, 2007

VERITAS LAW FIRMS WORLDWIDE

VIA FACSIMILE

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

Re: Carter Bryant, v. Mattel, Inc. (and Consolidated Cases)
Case No. CV-04-09049 SGL (RNBx)

Dear Judge Infante:

MGA Entertainment, Inc. seeks a telephonic conference with you and Mattel's counsel to assist the parties with scheduling more than 27 depositions that have been noticed by both sides so far, plus other depositions to be noticed, so that those depositions can be completed within the next three months. So far, Mattel's counsel has rebuffed our attempts to meet and confer. We request your intervention to help the parties craft and enforce an omnibus deposition schedule.

MGA, Carter Bryant and Mattel have noticed the depositions of roughly 25 witnesses, plus multi-topic FRCP 30(b)(6) deposition notices to Mattel and MGA. We expect all the deposition notices will result in the depositions of a very large number of people, likely more than 27. We also expect more depositions to be noticed in the coming months. These depositions will need to take place over the next three months due to the discovery cutoff of January 14, 2008. That is very little time when one considers the Thanksgiving and Christmas holidays during that period.

In a case of this size and magnitude, where there are a large number of depositions to be taken within a short time, the parties must get together and agree to an omnibus deposition schedule. It is a good opportunity to work cooperatively to create an orderly schedule of depositions, avoid a logjam and the motion practice that comes with it, and avoid prejudice to the parties' trial preparation. Inexplicably, Mattel's counsel has not agreed to work out a mutually convenient omnibus deposition schedule.

Since September 5, 2007, we made multiple attempts to meet and confer with Mattel via e-mail, letter and phone. Mattel has initially rejected our request to meet and confer by letter

dated September 7, 2007. I sent a responsive e-mail, a copy of which is enclosed with this letter, but Mattel has not responded. In fact, Mattel's counsel continues to insist on scheduling individual depositions piece-meal and threatened to file several motions related to deposition scheduling. We anticipate that a deposition scheduling procedure with your involvement will avoid such wastefulness.

There is no rational reason to avoid a mutually agreed upon omnibus deposition schedule. In fact, it is recommended that when scheduling depositions, everyone's calendar should be taken into consideration. *See Rutter Guide, Federal Rules of Civil Procedure Before Trial*, Chapter 11:1438. For example, the local rules for the Northern District of the United States District Court of California require the parties to confer before scheduling a deposition. See Local Rule 30-1. Moreover, FRCP 16(c)(12) empowers the Court to implement special procedures for managing difficult and complex actions. Further to this Rule, MGA respectfully requests that you schedule a telephonic conference so that the parties may, with your assistance, set a deposition schedule for the 37-plus depositions in this case prior to the discovery cut-off.

Very truly yours,

Amman A. Khan
Of CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

AAK/seg

cc: Patricia L. Glaser, Esq.
John Keker, Esq.
Michael T. Zeller, Esq.

**EXHIBIT D**

EXHIBIT 17
PAGE 192

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7869
EMAIL: AKHAN@CHRISMILL.COM

September 11, 2007

MERITAS LAW FIRMS WORLDWIDE

VIA FACSIMILE AND U.S. MAIL

Michael T. Zeller, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re: Carter Bryant v. Mattel, Inc. (and consolidated cases)
Case No. CV 04-9049 SGL (RNBx)

Dear Mr. Zeller:

This responds to your letter dated September 10, 2007, which was sent after our fax room had closed.

I seek to work cooperatively to create an orderly schedule of the 27 plus depositions that are outstanding in this case. This will expedite discovery, remove uncertainty, avoid a log jam and the motion practice that comes with it, and avoid prejudice to the parties' trial preparation. Contrary to your assertions, this does not violate any rule of which I am aware.

Instead of doing me the courtesy of returning my telephone call on this subject, your September 10, 2007 letter attributes positions to me that I never took and tries to put words in my mouth. You offer five fallacious reasons for refusing to cooperatively set up an omnibus deposition schedule for this case now.

First, you state that I required an immediate response and agreement to set dates for MGA's FRCP 30(b)(6) deposition of Mattel, which was served September 5, 2007, because the discovery cutoff is looming for all topics set forth therein. That is incorrect. As I have tried to tell you by telephone, email and letter, I seek to meet and confer and cooperatively set a deposition schedule for all outstanding depositions noticed by both parties.

Second, you assert the January 15, 2008 discovery cutoff for Phase 1 has no application here and instead the relevant cutoff is the March 2008 cutoff established for what you style as "the unfair competition case." That is not correct. MGA's depositions are necessary to prepare for the Phase 1 trial. Those depositions will also touch upon topics to be dealt with in subsequent phases, as do some of the topics set forth in MGA's FRCP 30(b)(6) notice of Mattel,

604458

EXHIBIT 17
PAGE 193

but to be sure the depositions that MGA has noticed are crucial for its trial preparation for Phase 1. Thus, we have less than three months to schedule more than 27 depositions.

Third, you claim that it is not important to cooperatively set an omnibus deposition schedule now because supposedly MGA Mexico, MGA Hong Kong, Isaac Larian and Carlos Gustavo Machado have yet to serve their initial disclosures. That is not relevant for two reasons: (1) Mattel sought to proceed with the depositions it has noticed without these documents; (2) I understand that you agreed the initial disclosures of those Parties could take place at a later date, on September 17, 2007. The timing of those initial disclosures has no bearing on whether or not there should be an omnibus deposition schedule. We have very little time left to take so many depositions.

Fourth, you assert that I plan to violate court orders requiring MGA to produce certain witnesses for deposition. That is completely untrue. I am trying to expedite those depositions by cooperatively creating an omnibus deposition schedule in advance, with Judge Infante's guidance and direction. I wrote to you and called you to meet and confer on all deposition scheduling, which would include scheduling the deposition of Paula Garcia, among other depositions noticed by Mattel. I have yet to receive a call back.

Finally, you assert you are open to discussing an overall deposition schedule in "due course" for MGA's depositions. You contrast that with Mattel's depositions, for which you demand immediate dates. A deposition notice is a deposition notice. There is no basis for discriminating against MGA's deposition notices and giving them short shrift while giving Mattel's deposition notices super-priority. In fact, Mattel has yet to comply with Carter Bryant's FRCP 30 (b)(6) deposition notice, which was served almost three years ago.[1]

Mr. Zeller, it is time to stop playing games and litigating by letter. Call me and let's cooperatively set up an omnibus deposition schedule with Judge Infante's assistance and guidance.

Very truly yours,

Amman A. Khan
for CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

cc: Patricia L. Glaser, Esq.
Diana M. Torres, Esq.
Christa Anderson, Esq.

---

[1] Your September 10, 2007 letter refers to two FRCP 30(b)(6) Notices of Mattel by MGA. You are confused. One was served by Carter Bryant. The other was served by MGA.

604458

**EXHIBIT E**

EXHIBIT 17
PAGE 195

**Amman Khan**

**From:** Shallman, Dan [dshallman@omm.com]
**Sent:** Tuesday, September 18, 2007 11:26 AM
**To:** Amman Khan
**Subject:** FW: Mattel v. MGA (Brawer Deposition)

FYI.

---

**From:** Shallman, Dan
**Sent:** Tuesday, September 18, 2007 9:49 AM
**To:** Shallman, Dan; Jon Corey; Michael T Zeller
**Cc:** Olson, Steve; Charron, William; Jenal, Jim
**Subject:** RE: Mattel v. MGA (Brawer Deposition)

Jon-
I left you a voice-mail yesterday on this as well, but have heard no response to that or the e-mail below (or to my e-mail from last week offering to talk yesterday). Where do we stand? Do we really need to waste Judge Infante's time with this motion when we've agreed to the relief you seek (a deposition in October)? Please advise.
-Dan Shallman

---

**From:** Shallman, Dan
**Sent:** Monday, September 17, 2007 2:35 PM
**To:** Jon Corey; Michael T Zeller
**Cc:** Olson, Steve; Charron, William; Jenal, Jim
**Subject:** RE: Mattel v. MGA (Brawer Deposition)

Jon-
I understand that our co-counsel has offered dates for Mr. Brawer's deposition in October. I assume this takes the issue (and your motion) off the table. Please confirm. Many thanks,
-Dan Shallman

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Wednesday, September 12, 2007 8:07 PM
**To:** Shallman, Dan; Michael T Zeller
**Cc:** Olson, Steve; Charron, William; Jenal, Jim
**Subject:** RE: Mattel v. MGA (Brawer Deposition)

Dan,

Mattel has been more than patient with MGA's promises--and has met and conferred. MGA can easily take this issue off the table by providing dates for Mr. Brawer's deposition, particularly if, as you suggest, he is available in October. If you would like to schedule Mr. Brawer's deposition face-to-face, I will be in your office tomorrow afternoon. Other than dates for his deposition, however, I am not sure what else we have to discuss.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor

Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Shallman, Dan [mailto:dshallman@omm.com]
**Sent:** Wednesday, September 12, 2007 7:17 PM
**To:** Michael T Zeller; Jon Corey
**Cc:** Olson, Steve; Charron, William; Jenal, Jim
**Subject:** RE: Mattel v. MGA (Brawer Deposition)

I understand your position, Mike. It's wrong. We gave you dates. You didn't like them. We agreed to give you more dates in the context of a meet and confer on all outstanding deposition dates. Without ever attempting to meet with me or even call me to let me know you were going to file a motion and asking us to change our position, you go ahead and file a motion. I do not consider this a good faith attempt to comply with the local rules. You appear to think you've technically complied (apparently because of a prior meeting rendered moot by subsequent discussions). So be it. But the spirit of the rule would seem to require more than a cute way of giving the illusion of compliance with it. Perhaps I've come to expect (or hope) for too much from my professional colleagues.

What I find especially odd is that you file the motion after I expressly told you in an email that we would still consider dates in October, which is the relief you are seeking from the magistrate.

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Wednesday, September 12, 2007 5:50 PM
**To:** Shallman, Dan; Jon Corey
**Cc:** Olson, Steve; Charron, William; Jenal, Jim
**Subject:** RE: Mattel v. MGA (Brawer Deposition)

Dan, your information is incorrect. It is well documented, including in writing, that we requested a meet and confer and indeed had one with Jim Jenal and Bill Charron on the Brawer deposition. During the meet and confer, they promised starting back in July to provide dates. MGA failed to honor those promises from the meet and confer and, when you and Mr. Khan later got involved, engaged in further delay by providing assurances that dates would be forthcoming, then eventually offering dates seven months from the time we had started asking for Brawer's deposition and ultimately reneging entirely. You would be better served by making sure that you have investigated the facts before making erroneous accusations.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180

Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Shallman, Dan [mailto:dshallman@omm.com]
**Sent:** Wednesday, September 12, 2007 4:51 PM
**To:** Jon Corey
**Cc:** Olson, Steve; Michael T Zeller
**Subject:** Mattel v. MGA (Brawer Deposition)

Jon-

I'm disappointed that you would file a motion to compel without an opportunity to meet and confer, nor even a request for one (while apparently rebuffing co-counsel's request for a meet and confer). Worse, you falsely suggest in your declaration that you initiated communications regarding the deposition, when you know that I was the one who initiated contact (indeed, you would not have even been aware that I was involved in the case but for my repeated attempts to reach you on the Brawer deposition). I trust you will clear that up with Judge Infante.

-Dan Shallman

**Daniel N. Shallman**
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899
(213) 430-6143
(213) 430-6407 (Fax)
(310) 497-2312 (Cell)
dshallman@omm.com

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**EXHIBIT F**

EXHIBIT 17
PAGE 199

**Scott Gizer**

**From:** Scott Gizer
**Sent:** Thursday, September 27, 2007 10:55 AM
**To:** 'Jon Corey'
**Cc:** Patricia Glaser; Joel Klevens; Amman Khan; Torres, Diana; Michael T Zeller; Dylan Proctor; Shalman, Dan
**Subject:** RE: Mattel's Motion to Compel re Ron Brawer

Jon,

We have no reasonable to believe the deposition will not go forward on October 25 as part of the parties' agreement to create a global deposition schedule. However, as you know, Mr. Brawer has to fly internationally for this deposition, and if an emergency arose that prevented the deposition from going forward, MGA would need the liberty to reschedule this deposition without violating a court order. That is the reluctance and it is more than reasonable.

Scott

Scott E. Gizer
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
T: (310) 556-7852
F: (310) 556-2920
This message and any attached documents may contain information from the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Thursday, September 27, 2007 9:30 AM
**To:** Scott Gizer
**Cc:** Patricia Glaser; Joel Klevens; Amman Khan; Torres, Diana; Michael T Zeller; Dylan Proctor; Shalman, Dan
**Subject:** RE: Mattel's Motion to Compel re Ron Brawer

Scott,

If MGA is confident that Mr. Brawer will appear, and given his significance and unique circumstances, then entering into a stipulation that he will appear on the date that MGA has offered him, which Judge Infante can "so order," should not be an issue. I frankly do not understand MGA's reluctance, particularly when what Mattel asks is the same relief that it will get when the motion is granted. I look forward to your explanation.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com

Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Scott Gizer [mailto:sgizer@chrisglase.com]
**Sent:** Thursday, September 27, 2007 9:12 AM
**To:** Jon Corey
**Cc:** Patricia Glaser; Joel Klevens; Amman Khan; Torres, Diana; Michael T Zeller; Dylan Proctor; Shallman, Dan
**Subject:** RE: Mattel's Motion to Compel re Ron Brawer

Jon,

Your position is disappointing, especially considering the fact you represented to Dan Shallman that the motion would be taken off-calendar as soon as a date was provided in October. I have pasted your e-mail of September 12, 2007 to Dan Shallman below as a reminder. We will certainly point this out to Judge Infante in our opposition.

Scott

Scott E. Gizer
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
T: (310) 556-7852
F: (310) 556-2920
This message and any attached documents may contain information from the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

Dan,

Mattel has been more than patient with MGA's promises--and has met and conferred. MGA can easily take this issue off the table by providing dates for Mr. Brawer's deposition, particularly if, as you suggest, he is available in October. If you would like to schedule Mr. Brawer's deposition face-to-face, I will be in your office tomorrow afternoon. Other than dates for his deposition, however, I am not sure what else we have to discuss.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Thursday, September 27, 2007 9:02 AM
**To:** Scott Gizer
**Cc:** Patricia Glaser; Joel Klevens; Amman Khan; Torres, Diana; Michael T Zeller; Dylan Proctor
**Subject:** RE: Mattel's Motion to Compel re Ron Brawer

Mr. Gizer,

Absent a stipulation and order, Mattel will not agree to take the motion off calendar. MGA has posted Mr. Brawer Mr. Brawer overseas. Mattel has had some difficulty in scheduling Mr. Brawer's deposition, with MGA offering reasonable dates only after Mattel filed its motion. In light of those facts, and what will inevitably be the difficulty in rescheduling Mr. Brawer's deposition if he does not appear, a stipulated order is appropriate in these circumstances. If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Scott Gizer [mailto:sgizer@chrisglase.com]
**Sent:** Wednesday, September 26, 2007 2:06 PM
**To:** Jon Corey
**Cc:** Patricia Glaser; Joel Klevens; Amman Khan; Torres, Diana
**Subject:** Mattel's Motion to Compel re Ron Brawer

Jon,

MGA will not execute a stipulation and order regarding Ron Brawer's deposition, but will agree to produce him for deposition, as previously discussed, on October 25, 2007. Having agreed to a date for his deposition, please advise by 6:00 p.m. today whether Mattel will be taking its motion to compel off-calendar. MGA's deadline to file an opposition is tomorrow pursuant to agreement.

Scott E. Gizer
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
T: (310) 556-7852
F: (310) 556-2920
This message and any attached documents may contain information from the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On September 27, 2007, I served the foregoing document(s) described as:

**MGA ENTERTAINMENT, INC.'S OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DEPOSITION OF MGA EXECUTIVE VICE-PRESIDENT RON BRAWER; DECLARATION OF SCOTT E. GIZER**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[x] (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

[x] (BY E-MAIL) Pursuant to agreement between the parties in this case, I served this document via e-mail in pdf format, to the following e-mail addresses:

**SEE ATTACHED SERVICE LIST**

[ ] (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

[ ] (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

[ ] (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the facsimile numbers listed above.

Executed this 27th day of September, 2007, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Adele T. Johnson

ADELE T. JOHNSON

LAW OFFICES
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart
Oliver & Hedges, Llp
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Fax No: (213) 443-3100
johnquinn@quinnemanuel.com

Diana Torres, Esq.
Dan Shallman, Esq.
O'Melveny & Myers
400 South Hope Street
Los Angeles, California 90071-2899
Fax No. (310) 430-6407
dtorres&omm.com

John W. Keker, Esq.
Michael H. Page, Esq.
Christa M. Anderson, Esq.
Keker, VanNest, Esq.
710 Sansome Street
San Francisco, California 94111
Fax: (415) 397-7188
jkeker@kvn.com

# EXHIBIT 18



**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

November 26, 2007

VIA FACSIMILE AND U.S. MAIL

Raoul Kennedy, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Embarcadero Center Suite 3800
San Francisco, California 94111

Re: Mattel v. Bryant

Dear Raoul:

I write to follow up on our discussion regarding the deposition of Ron Brawer. As you will recall, at the status conference before Judge Infante, I informed him that he should not focus on the motion to compel the deposition of Mr. Brawer. Also, when you and I spoke, I informed you that Mattel would be withdrawing that motion without prejudice. On November 16, 2007, however, you offered to make Mr. Brawer available for deposition for one day on December 18, 19, 20 or December 24 or 25.

MGA has pointed out that Mattel has six remaining depositions under the 24-deposition limit. Based on our current information, Mr. Brawer would not be a witness testifying in Phase 1, and Mattel is reserving most of its remaining depositions for witnesses testifying in Phase I, including for example Bryant's recently disclosed witness, Jeanne Galvano. That said, Mattel would prefer to take Mr. Brawer's deposition on December 20, but before Mattel will agree to do so, there would need to be an agreement with MGA that this deposition will not count against the current 24-deposition limit. In its motion for leave to take additional discovery, Mattel has made its showing of why Mattel should be given leave above and beyond the 24-deposition limit to take Mr. Brawer's deposition. Absent MGA's agreement in this regard, Mattel will await a ruling on the motion for leave to take additional discovery, and will notice Mr. Brawer's deposition when it has been granted leave. I look forward to your prompt confirmation as to whether the deposition can proceed on December 20. If that is agreeable, then I will provide you with a stipulation reflecting that agreement.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2303551.1

EXHIBIT 18
PAGE 206

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon D Corey

Jon D. Corey

cc: Christa Anderson, Esq.

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:** November 26, 2007

**NUMBER OF PAGES, INCLUDING COVER:** 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Raoul Kennedy, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 650.4700.4500 | 650.470.4570 |

**FROM:** Jon Corey

**RE:** Mattel, Inc. v. Carter Bryant, et al.

FAXED
NOV 26 2007

**MESSAGE:**

Please see attached.

07209/2293764.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Johanna Lopez | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | Priscilla | CONFIRMED? | ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 18
PAGE 208

11/26/2007 14:55 FAX 12134433100 QEUOH-LAO 001

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                2653
RECIPIENT ADDRESS       8643#7209#16504704570
DESTINATION ID
ST. TIME                11/26 14:54
TIME USE                00'57
PAGES SENT                3
RESULT                  OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** November 26, 2007

**NUMBER OF PAGES, INCLUDING COVER:** 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Raoul Kennedy, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | 650.4700.4500 | 650.470.4570 |

**FROM:** Jon Corey

**RE:** Mattel, Inc. v. Carter Bryant, et al.

**MESSAGE:**

Please see attached.

EXHIBIT 18
PAGE 209

# EXHIBIT 19

CONFORMED

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR LEAVE TO TAKE ADDITIONAL DISCOVERY AND OBJECTIONS TO DISCOVERY MASTER ORDER OF SEPTEMBER 28, 2007; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of B. Dylan Proctor filed concurrently]<br><br>Hearing Date: January 7, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1<br><br>**Phase 1:**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

EXHIBIT 19
PAGE 210

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc. will, and hereby does, move the Court, pursuant to Federal Rule of Civil Procedure 26(b) and the Court's February 12, 2007 Scheduling Order, for an order granting Mattel leave to take additional depositions, including Rule 30(b)(6) depositions of defendants MGA Entertainment, Inc., and MGAE de Mexico S.R.L. de C.V., beyond the current limit set by the Court and to serve additional interrogatories on defendants. Pursuant to 28 U.S.C. § 636(b)(1), Mattel also seeks an additional 12 hours to depose Carter Bryant, in addition to the seven hours already permitted by Discovery Master Infante.

Mattel makes this Motion on the grounds that the breadth and complexity of this case warrant more than the 24 depositions and 50 interrogatories permitted by the Court's Scheduling Order. Mattel further makes this Motion on the grounds that, given Bryant's central role in the hundreds of products that MGA has sued upon in this case, and because both the parties and third-parties have produced many millions of pages of documents since Mr. Bryant's deposition in 2005, seven hours is not enough time to fully depose Mr. Bryant.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Statement of Local Rule 7-3 Compliance**

The parties met and conferred pursuant to Local Rule 7-3 on October 3, 2007, and times thereafter, but were not able to resolve this motion.

DATED: November 19, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By____________________
Jon Corey
Attorneys for Mattel, Inc.

EXHIBIT 19
PAGE 212

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 3

ARGUMENT ........ 6

I. THE RULES CONTEMPLATE ADDITIONAL DISCOVERY ........ 6

A. Each Category of Claims Warrants More Depositions ........ 8

1. The Bratz Claims Require Additional Depositions ........ 8

2. Mattel's Trade Secret and RICO Claims and MGA's Unfair Competition Claims Require Additional Depositions ........ 12

B. Mattel Needs Additional Depositions Because the Integrity of MGA's and Bryant's Preservation of Documents Is At Issue ........ 14

C. Mattel Seeks Leave to Take 30(b)(6) Depositions On Non-Duplicative Topics ........ 15

D. Mattel Meets The Requirements for Additional Discovery ........ 15

II. THE COURT SHOULD GRANT LEAVE WITH RESPECT TO MATTEL'S INTERROGATORIES ........ 16

III. THE COURT SHOULD ALLOW ADDITIONAL TIME FOR THE BRYANT DEPOSITION ........ 20

CONCLUSION ........ 25

EXHIBIT 19
PAGE 213

# TABLE OF AUTHORITIES

**Page**

## Cases

Andamiro v. Konami Amusement of Am., 2001 WL 535667 (C.D. Cal. April 26, 2001) .......... 8

Bahn v. NME Hosps., Inc., 929 F.2d 1404 (9th Cir. 1991) .......... 22

Bromgard v. Montana, 2007 WL 1101179 (D. Mont. April 11, 2007) .......... 11, 18

Collaboration Prop. v. Polycom, Inc., 224 F.R.D. 473 (N.D. Cal. 2004) .......... 8

Fresenius Med. Care Hldgs, Inc. v. Roxane Labs., Inc., 2007 WL 764302 Proctor Dec., Ex. 43 .......... 23

Rx USA Wholesale, Inc. v. McKesson Corp., 2007 WL 1827335 (E.D.N.Y. June 25, 2007) .......... 7, 11, 19

Whittingham v. Amherst Coll., 163 F.R.D. 170 (D. Mass. 1995) .......... 7

## Statutes

Cal. Civ. Code § 3426.1 .......... 20

Fed. R. Civ. P. 26(b) .......... 8, 20

Fed. R. Civ. P. 30(a)(2)(A) .......... 7, 20

Fed. R. Civ. P. 33 .......... 7, 8, 20

Local Rule 7-3 .......... 3

Fed. R. Civ. P. 30(b)(6) .......... 9, 14, 16, 17

Fed. R. Civ. P. 53(e) .......... 21

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

In its Scheduling Order, the Court limited each side to 50 interrogatories and 24 fact depositions. The Court recognized, however, that the case's complexity could require additional depositions or interrogatories and invited motions for additional discovery, if necessary: "I don't want to say they are soft limits [on the number of depositions], but they are limits which the Court would certainly understand or would invite counsel to submit a motion to expand if there's reason to. But I just want to have some parameters placed on this at the outset." Likewise, with respect to the interrogatory limit, the Court stated: "[L]et's try and work within the confines of the 50 interrogatories, and if you need more, again, the Court is going to be forthcoming, if there's a need for it."[1] Mattel respectfully submits that time has come.

Under the Federal Rules, leave to take additional discovery "shall be granted" to the extent consistent with the principles set forth in Rule 26(b)(2). Fed. R. Civ. P. 30(a)(2)(A) & 33(a). The additional discovery Mattel seeks is appropriate under that framework. It is not duplicative of prior discovery, Mattel has not had an adequate opportunity to take discovery on these matters, and the substantial benefits of discovery on these central issues outweigh any burden. MGA has identified many dozens of witnesses with knowledge of the parties' claims or defenses. Mattel has sued MGA for inducing several Mattel employees to misappropriate many thousands of pages of documents containing Mattel trade secrets over an extended period of time. For its part, MGA has accused over 400 Mattel products of infringing the trade dress of more than 200 MGA products. As MGA has proclaimed, it will be seeking "billions" of dollars from Mattel on its claims alone. Additional depositions are warranted given the breadth and complexity of the claims and defenses in this case and the stakes involved.

[1] February 12, 2007 Scheduling Conference Tr. at 22:12-15 and 24:5-7, Exhibit 7 to the Declaration of B. Dylan Proctor, dated November 19, 2007 ("Proctor Dec.").

To date, Mattel has taken 18 depositions, which leaves Mattel with six remaining. Mattel has been able to take only one deposition on its counterclaims or defenses to MGA's unfair competition claims, and as of yet, Mattel has been unable to depose any of the individuals actively involved in the theft of Mattel's trade secrets. The specific individuals who Mattel seeks to depose are identified below, along with the justification for each. In addition, Mattel cannot obtain without the Court's leave the corporate testimony of MGA or MGAE de Mexico on the facts related to either MGA's unfair competition claims or Mattel's counterclaims. Mattel seeks leave to serve the First Notice of Deposition of MGAE de Mexico, attached as Exhibit A, and an additional Notice of Deposition of MGA, attached as Exhibit B, on those subjects.

Mattel also seeks leave to serve defendants with additional interrogatories. Mattel has served interrogatories seeking MGA's contentions with respect to the creation of Bratz and MGA's unfair competition claims. Mattel's proposed interrogatories, which are attached as Exhibit C, seek information related to Mattel's counterclaims and to MGA's claims against Mattel for alleged unfair competition, as well as certain of defendants' defenses.[2]

Finally, Mattel seeks additional time to depose Mr. Bryant. Although Bryant was deposed in 2004, since that time MGA and Bryant have produced millions of pages of documents that they had long withheld until compelled by the Court, and the scope of the claims in these consolidated cases has increased dramatically. Only after Bryant's deposition occurred, MGA asserted its broad unfair competition claims against Mattel. Only after Bryant's deposition occurred, Mattel asserted its counterclaims, including its copyright infringement and RICO counterclaims, against Bryant and other defendants. And, despite the fact that Mattel sought documents relating to the origins of Bratz

[2] Because defendants refuse to answer Mattel's previously served interrogatories based on spurious claims that they exceed the 50 limit, Mattel seeks leave as to them to avoid defendants' further quarreling over the counting of interrogatories and thereby obtain obvious information about defendants' own contentions and other critical subjects.

EXHIBIT 19
PAGE 216

before Bryant's initial deposition, both MGA and Bryant were, unbeknownst to Mattel, withholding such documents at the time of the deposition – this was discovered only after multiple motions to compel brought by Mattel were granted. Judge Infante recognized that Bryant is the "most knowledge witness with respect to virtually all of the factual issues" and claims in these matters.[3] Judge Infante nevertheless gave Mattel only seven additional hours for Bryant's deposition (on top of two hours previously granted due to Bryant's and his counsel's improper conduct during the prior deposition). That simply is not enough to depose Bryant on MGA's claims, Mattel's counterclaims and all the newly produced evidence that post-dates the 2004 deposition. Mattel therefore requests that this Court grant additional time of another 12 hours for a total of 21 additional hours to question Bryant.

**Statement of Facts**

Mattel's Original Complaint. Mattel filed its initial Complaint on April 27, 2004, alleging that Carter Bryant breached his duties to Mattel by working with and assisting a Mattel competitor, MGA, while he was employed by Mattel.[4] While at Mattel, Bryant worked on the "Bratz" project.[5] On December 7, 2004, MGA filed an answer in intervention claiming that the action put at issue MGA's rights to Bratz.[6]

MGA's Complaint. MGA filed a complaint against Mattel on April 13, 2005 alleging that Mattel engaged in "serial copycatting" of the Bratz dolls.[7] Mattel's action and MGA's action were later consolidated along with a declaratory relief action filed by Bryant, which was later dismissed.[8]

Mattel's Counterclaims. On November 19, 2006, Mattel moved for leave to amend its complaint. The Court granted Mattel's motion, allowing Mattel's new claims

---

[3] 9/27/07 Hearing Tr. at 24:24-25:2, Proctor Dec., Ex 85.
[4] Proctor Dec., Ex. 1.
[5] Id. ¶¶ 12-13.
[6] Proctor Dec., Ex. 2.
[7] Proctor Dec., Ex. 3.
[8] Minute Order Re Consolidation (June 19, 2006), Proctor Dec., Ex. 4.

to be alleged as counterclaims to MGA's complaint.[9] Mattel filed its Second Amended Answer and Counterclaims on July 12, 2007. Mattel's counterclaims against MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. include claims for copyright infringement, violation of RICO, conspiracy to violate RICO, misappropriation of trade secrets, intentional interference with contract, aiding and abetting breach of fiduciary duty, aiding and abetting breach of duty of loyalty, conversion and unfair competition.[10] MGA's current amended answer to Mattel's counterclaims asserts twenty-two affirmative defenses.[11]

Scheduling Conference. At the February 12, 2007, and as reflected in a Minute Order, the Court limited depositions to 24 per side and interrogatories to 50 per side.[12] The Court recognized that the parties might need more depositions or interrogatories:

> I don't want to say they are soft limits [on the number of depositions], but they are limits which the Court would certainly understand or would invite counsel to submit a motion to expand if there's reason to. But I just want to have some parameters placed on this at the outset.
>
> . . .
>
> [L]et's try and work within the confines of the 50 interrogatories, and if you need more, again, the Court is going to be forthcoming, if there's a need for it.[13]

Mattel's Interrogatories. To date, Mattel has propounded 50 interrogatories.[14] In June 2007, Mattel propounded 19 interrogatories on MGA, MGA Hong Kong, Larian

---

[9] 1/11/07 Order Re Mattel's Motion for Leave to Amend, Proctor Dec., Ex. 5.

[10] See Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims, dated July 12, 2007 ("Mattel's Counterclaims"), Proctor Dec., Ex. 16.

[11] See MGA's Amended Answer and Affirmative Defenses ("MGA's Amended Answer"), Proctor Dec., Ex. 46. MGA had filed its original answer on August 13, 2007. Proctor Dec., Ex. 17. After meeting and conferring, MGA acknowledged deficiencies in its defenses and served its amended answer on September 19, 2007.

[12] 2/12/07 Scheduling Order, at 1, Proctor Dec., Ex. 6.

[13] 2/12/07 Scheduling Conference Tr., at 22:12-15 and 24:5-7, Proctor Dec., Ex. 7.

[14] See Proctor Dec., Exs. 8-12, 15, 64-68.

EXHIBIT 19
PAGE 218

and Bryant, seeking information about Bratz development, their affirmative defenses to Mattel's claims, defendants' contentions regarding unfair competition claims and MGA's benefit from Bratz.[15] Defendants claimed they exceeded the interrogatory limit, and on September 5, 2007, Judge Infante ruled that identical interrogatories served on multiple parties, as well as interrogatories asking defendants to "state all facts" supporting a particular contention, "identify all persons with knowledge of such facts," and "identify all documents" relevant to such facts, would each count as only one interrogatory.[16] However, an interrogatory asking a party to state facts supporting different affirmative defenses would count as a different interrogatory per defense.[17] In accordance with that ruling, on September 21, 2007, Mattel served revised sets of fifteen interrogatories.[18] Defendants nevertheless still refuse to substantively answer these interrogatories, including because they allegedly exceed the number permitted.[19]

Mattel Depositions. To date, Mattel has taken 18 depositions. Mattel has had good cause for each of those depositions. They include:

- Carter Bryant – defendant
- Victoria O'Connor – former MGA executive with knowledge of MGA's and Larian's spoliation of evidence
- Jaqueline Prince – witness allegedly supporting Bryant's Bratz creation story
- Isaac Larian – defendant
- Steve Linker – third party with knowledge of work on Bratz before Bryant left Mattel
- Paula Garcia – Bratz project manager from the start who worked on Bratz with Bryant before he left Mattel
- Brooke Gilbert – Bryant's niece with knowledge of Bryant's computer on which Bryant installed and used "Evidence Eliminator"

15 Proctor Dec., Ex. 13.
16 9/5/07 Order Re Mattel's Interrogatories, at 5-6, Proctor Dec., Ex. 14.
17 See id. at 7.
18 Proctor Dec., Ex. 45.
19 See Proctor Dec., Exs. 73-74.

EXHIBIT 19
PAGE 219

- Kerri Brode – MGA employee with knowledge of Bryant's work on Bratz while at Mattel
- Dave Malacrida – MGA public relations employee with knowledge regarding early Bratz design and marketing
- Janet Bryant – Bryant's mother and relied upon by Bryant to establish alleged date of Bratz creation
- Thomas Bryant – Bryant's father and relied upon by Bryant to establish alleged date of Bratz creation
- Sarah Chui – worked on Bratz in 2000 for MGA Hong Kong
- Richard Irmen – Bryant's partner and relied upon by Bryant to establish alleged date of Bratz creation
- Maureen Tkacik – *Wall Street Journal* reporter to whom Larian stated, in an interview, that he chose Mr. Bryant's idea for the Bratz over several others after holding "a sort of fashion-doll design contest in late 1999" -- a time during which Bryant was employed by Mattel and months before MGA and Bryant now say they first were introduced
- MGA Entertainment, Inc. – defendant
- MGA Entertainment (HK) Limited – defendant
- Schyler Bacon – MGA employee who recruited Mattel employees who stole trade secrets
- Denise O'Neal – *Chicago Sun Times* reporter to whom Larian made prior inconsistent statements, including that MGA's creative team decided to use the "Brats" name but to change the "s" to a "z"

**Argument**

## I. THE RULES CONTEMPLATE ADDITIONAL DISCOVERY

The Federal Rules require that a party obtain leave before serving interrogatories or taking depositions beyond the limits established by the Court. See Fed. R. Civ. P. 33(a) (interrogatories); id. 30(a)(2)(A) (depositions). The purpose of these limits is to allow the Court to "maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of [w]ide ranging discovery". Rx USA Wholesale, Inc. v. McKesson Corp., 2007 WL 1827335, at *2-3 (E.D.N.Y. June 25, 2007) (quoting Whittingham v. Amherst Coll., 163 F.R.D. 170, 171-72 (D. Mass. 1995)). The limits, however, are not intended to "prevent needed discovery," and courts have "broad[] discretion" to allow

EXHIBIT 19
PAGE 220

additional discovery "based on the complexity" of the case at hand. Notes of the Advisory Committee (1993) to Fed. R. Civ. P. 26(b) & 33. Leave to take additional discovery "shall be granted" to the extent consistent with the principles set forth in Rule 26(b)(2). Fed. R. Civ. P. 30(a)(2)(A), & 33(a). Courts permit additional interrogatories or depositions after considering whether:

> (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has [had] ample opportunity obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, and the importance of the proposed discovery in resolving the issues.

Andamiro v. Konami Amusement of Am., 2001 WL 535667, at *2 (C.D. Cal. April 26, 2001) (depositions); see also Collaboration Prop. v. Polycom, Inc., 224 F.R.D. 473, 475 (N.D. Cal. 2004) (interrogatories).

## II. MATTEL SHOULD BE GRANTED ADDITIONAL DEPOSITIONS

Mattel should be permitted to take more than 24 depositions in these consolidated cases. This action contains three broad categories of significant claims, each of which necessitates additional depositions: Mattel's Bratz-related claims, MGA's unfair competition claims, and Mattel's trade secret theft and RICO claims. MGA's supplemental initial disclosures identified 86 witnesses with knowledge of MGA's claims and defenses, 62 of whom are not Mattel employees.[20] Mattel's supplemental disclosures contain nearly double the number of witnesses with knowledge, only 43 of whom are Mattel employees.[21] Based on the million-and-a-half pages that MGA has recently produced, Mattel is preparing third supplemental

---

[20] See MGA Entertainment, Inc.'s Supplemental Disclosures and MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V. and Larian's Initial Disclosures Under Rule 26(a)(1), dated September 21, 2007, at 1-16, Proctor Dec., Ex. 18.

[21] See Proctor Dec., Ex. 19, at 3-19.

disclosures which will name additional witnesses. Mattel can rely on Rule 30(b)(6) to obtain some information, but Mattel cannot effectively prosecute or defend these cases with only 24 depositions.

**A. Each Category of Claims Warrants More Depositions**

**1. The Bratz Claims Require Additional Depositions**

The number of witnesses involved with the creation of Bratz or with knowledge of Bryant's purported story about when he created – and the inconsistent stories that MGA spun in the media – justify additional depositions. For example, Bryant claims that he created Bratz when he was not a Mattel employee.[22] He initially identified three people who he claimed could corroborate this story: Tom and Janet Bryant (his parents) and Richard Irmen (his partner). Bryant's mother for the first time in this case recently identified a fourth: her friend, Jeanne Galvano. Bryant will introduce their testimony to vouch for his story, so Mattel obviously needs and is entitled to depose them. Similarly, Isaac Larian has repeatedly made conflicting, inconsistent statements about Bratz's creation to the press, among others.[23] Mattel thus far has deposed two of the journalists who wrote those stories – depositions where Mattel's questioning lasted far less than an hour. Bryant's "alibi" witnesses and the reporters alone use up one-third of Mattel's originally allotted 24 depositions.

In addition, at the time of the Scheduling Order, Bryant and MGA had said only a handful of people worked directly on Bratz prior to 2002: Bryant, Anna Rhee, Mercedeh Ward, Margaret Leahy, Paula Garcia and unidentified people in Hong Kong.[24] In a recent supplemental interrogatory response, MGA identified 11 more people who worked on the first Bratz dolls, including Sarah Halpern, Veronica Marlow,

[22] Bryant Dep. Tr. at 140:9-141:8, Proctor Dec., Ex. 20.

[23] Proctor Dec., Ex. 21.

[24] See Bryant's Objections and Responses to Second Set of Interrogatories Propounded by Mattel, Inc., at 4, Proctor Dec., Ex. 22; MGA's Response to Mattel's Second Set of Interrogatories, at 4:17-20, Proctor Dec., Ex. 23.

EXHIBIT 19
PAGE 222

Cecilia Kwok, David Dees, Stephen Tarmichael, Edmond Lee, Franki Tsang, Samuel Wong, Stephen Lee, William Ragsdale and Wendy Ragsdale (and Mattel now knows that even this list is incomplete).[25] This list does not include anyone involved in early sales, marketing, product testing or advertising of Bratz.

When a deponent possesses unique information, courts generally grant leave for additional depositions because they do not undermine the key purpose of the limits – preventing duplicative discovery. See, e.g., Bromgard v. Montana, 2007 WL 1101179, at *2 (D. Mont. April 11, 2007). Courts deny additional depositions when deponents are likely to have common, interchangeable information. And, even in such instances, courts may allow a limited number or sequential depositions to proceed. See, e.g., Rx USA, 2007 WL 1827335, at *3 (allowing additional deposition testimony on one but not both individuals with generalized information).

Here, Mattel seeks depositions of witnesses who each have specific, unique personal knowledge of the Bratz claims as well as about other claims in the case. All of them are third parties:

- Sarah Halpern – worked on the patterns for the first Bratz dolls
- Margaret Leahy – sculpted the first Bratz dolls and 4-Ever Best Friends
- Veronica Marlow – worked on the first Bratz doll fashions as well on products at issue in MGA's claims
- Elise Cloonan – worked with Bryant on his Bratz pitch to MGA while both were employed by Mattel
- Jesse Ramirez – worked on molds for Bratz
- Jeanne Galvano – alleged witness Bryant's mother recently claimed can verify facts relating to Bratz's creation
- Stephen Lee – Managing Director of MGA Hong Kong during development of Bratz and other products at issue

[25] MGA's Third Supplemental Responses to Mattel's Second Set of Interrogatories, at 4:1-6:3, Proctor Dec., Ex. 24; see Linker Dep. Tr. at 59:22-64:9, Proctor Dec., Ex. 25 (testifying that Paula (Treantafelles) Garcia and Bryant approached him and his partner, Liz Hogan, before Bryant left Mattel to work on Bratz).

EXHIBIT 19
PAGE 223

- Cecilia Kwok – MGA Hong Kong employee principally involved with first Bratz dolls
- Farhad Larian – brother of Isaac Larian, who sued Isaac Larian and alleged, inter alia, that MGA was working on Bratz by early 2000 (months before MGA and Bryant claim to have met) when he was a part owner of MGA[26]
- Certain as yet unidentified attorneys who represented parties to disputes between Isaac Larian and Farhad Larian in which the creation of and value of Bratz was at issue
- Sandra Bilotto – sculptor who worked on Prayer Angel dolls at issue[27]
- Anne Wang – represented Bryant in negotiations with MGA while he was a Mattel employee that led to the agreement dated "as of September 18, 2000"[28]
- David Rosenbaum – represented MGA in negotiations with Bryant's first agreement with MGA[29]
- Christensen Glaser LLP – firm to which Victoria O'Connor faxed the MGA/Bryant agreement that Isaac Larian had ordered her to alter[30]
- Lucy Arant – lawyer with knowledge of MGA's first use of Bratz
- Mitchell Kamarck – former MGA counsel who responsible for patent applications, including those in which Isaac Larian had claimed to be the inventor of Bratz features that Bryant has since testified he created[31]
- Carol Witschell – lawyer who worked on MGA trademark applications and other trademark matters at issue
- Nana Ashong – former MGA employee who stated Bratz was created during Bryant's employment by Mattel[32]
- Larry McFarland – wrote MGA copyright registrations that stated the Bratz dolls were created during 2000 and that, after this suit was filed, MGA claimed were incorrect
- Eric Yip – MGA Hong Kong Sales Administrator in 2000 and 2001, when Bratz were created and first shipped to Bandai in Spain[33]

---

26 See Larian Dep. Tr. at 159:17-160:14, Proctor Dec. Ex. 54.

27 Brode Dep. Tr. at 303:9-316:16, Proctor Dec. Ex. 55; Dep. Exhs. 607, 608, 609, Proctor Dec., Ex. 56.

28 See Bryant Tr. at 39:6-42:18, Proctor Dec. Ex. 60.

29 See O'Connor Dep. Tr. at 94:1-95:21, Proctor Dec., Ex. 61.

30 See O'Connor Tr. 17:3-19:19, Proctor Dec., Ex 75.

31 See Armstrong Dep. Tr. at 10:7-12, 26:16-23, 244:18-21, Proctor Dec. Ex. 62.

32 See Brode Tr. at 87:13-88:11, Proctor Dec., Ex. 55.

33 See Harris Dep. Tr. at 121:16-122:17, Proctor Dec. Ex. 63.

EXHIBIT 19
PAGE 224

- Gentle Giant Studios – created relevant moldings and casts while Bryant was still employed at Mattel[34]
- Christopher Palmeri – *Business Week* reporter who wrote that Larian purportedly "got the idea for Bratz after seeing his own kids run around in navel-bearing tops and hip-huggers"[35]
- Jeff Weiss – *San Fernando Valley Business Journal* reporter who quoted another inconsistent Larian statement concerning the origin of Bratz[36]
- Kickapoo High School – where Bryant allegedly found inspiration for Bratz and author of documents refuting that claim
- LA Focus – conducted Bratz focus groups, including focus groups that MGA denies occured
- Joyce Ng – independent contractor who moderated Bratz focus groups
- Rachel Harris – former MGA employee who worked on initial Bratz packaging as well as on other packaging which MGA's claims rest on
- Peter Marlow – spouse of Veronica Marlow who negotiated millions of dollars in payments for Bratz from Bryant on her behalf
- Andreas Koch – former MGA manager who has knowledge of Bryant's initial contacts with MGA
- Kami Gillmour – former Mattel and MGA employee who has knowledge regarding Paula Garcia's employment with MGA, confidential information taken from Mattel and MGA's projects at issue
- Mercedeh Ward – engineer on initial Bratz dolls and author of emails reflecting the use of Mattel property in its creation
- Moss Adams – accounting firm with knowledge of MGA's profits and distributions thereof to Larian (who owns 90% of MGA's shares)
- Wachovia Bank – bank identified as being involved in early Bratz financing and knowledgeable about MGA's net worth or value
- Amy Myers – formerly with MGA and has knowledge of Prayer Angels project that MGA has raised as a defense
- Two or three parties MGA sued for infringement of Bratz and whose identities are not yet known to Mattel – they will have knowledge of the dolls and other properties MGA has sued on in the past, which is relevant to refuting MGA's current claims that earlier iterations of Bratz products look nothing like subsequent iteration of Bratz products

---

[34] See Proctor Dec., Ex 72.

[35] Proctor Dec. Ex. 52.

[36] Proctor Dec. Ex. 53.

EXHIBIT 19

PAGE 225

Further, many of these same witnesses are also knowledgeable as to MGA's claims of unfair competition and Mattel's trade secret and RICO claims, as they continued to work with MGA in later years. For example, MGA has already identified Halpern, Kwok, Leahy, Marlow, Lee, Ward and Yip as individuals involved with the products at issue.[37] Likewise, Ramirez continued working on molds for subsequent Bratz dolls through at least 2005,[38] while Kamarck,[39] Witschell,[40] Arant, and McFarland[41] were involved in subsequent Bratz-related intellectual property matters. As such, testimony from these witnesses is essential for both phases of trial.

**2. Mattel's Trade Secret and RICO Claims and MGA's Unfair Competition Claims Require Additional Depositions**

Mattel has sued MGA for misappropriating Mattel trade secrets and RICO violations by, among other things, stealing thousands of pages of Mattel confidential information in the United States, Canada and Mexico.[42] Mattel identified Ron Brawer, Janine Brisbois, Gustavo Machado, Mariana Trueba Almada and Pablo Vargas as individuals who misappropriated Mattel trade secrets. The only person Mattel has been able to depose on its counterclaims is Ms. Bacon, who coordinated MGA's recruiting of

---

[37] See MGA's Fourth Supp. Response to Interrogatory No. 1 of Mattel's First Set of Interrogatories Re Claims of Unfair Competition, at 10-12, 18, 19, Proctor Dec., Ex. 27.

[38] See, e.g., Proctor Dec., Ex. 69 (showing various Bratz-related work in 2005).

[39] See, e.g., Armstrong Tr. 26:5-23, Proctor Dec., Ex. 62 (discussing involvement in Bratz-related patent applications through 2004).

[40] See, e.g., Proctor Dec., Ex. 70 (discussing involvement with Bratz registrations).

[41] See, e.g., Proctor Dec., Ex. 71 (discussing involvement with Bratz licensing).

[42] Mattel's Counterclaims ¶¶ 37-54, 70-76, Proctor Dec., Ex 16.

Mattel employees.[43] Accordingly, Mattel seeks leave to take the depositions of the following witnesses on such claims:[44]

- Ron Brawer – has knowledge of stolen Mattel trade secrets in the U.S.
- Janine Brisbois – former Mattel employee who stole Mattel trade secrets
- Gustavo Machado – former Mattel employee who stole Mattel trade secrets
- Mariana Trueba – former Mattel employee who stole Mattel trade secrets
- Pablo Vargas – former Mattel employee who stole Mattel trade secrets
- Ricardo Abundis – has knowledge of stolen Mattel trade secrets in Mexico
- Jorge Castilla – believed to have stolen Mattel trade secrets in the U.S.
- Nic Contreras – believed to have knowledge of stolen Mattel trade secrets
- Dan Cooney – believed to have knowledge of stolen Mattel trade secrets
- Susan Kuemmerle – believed to have knowledge regarding stolen Mattel trade secrets in Mexico
- Shirin Salemnia – believed to have knowledge of stolen Mattel trade secrets
- MGAE de Mexico – defendant to trade secret theft and RICO claims
- MGA Entertainment, Inc. – defendant

Further, MGA has accused Mattel of trade dress infringement and dilution and unfair competition in connection with more than 440 products.[45] MGA has identified

[43] Bacon Dep. Tr. at 12:12-13, 51:22-52:17, 86:8-12, and 114:19-116:9, Proctor Dec., Ex. 28. And even with respect to Ms. Bacon's deposition, MGA attempted to prevent her from testifying on the grounds that Mattel had not noticed her deposition individually, but only as a Rule 30(b)(6) designee. See Proctor Dec., Ex. 29.

[44] These are those who Mattel has identified to date. Mattel anticipates that there may be more who will need to be deposed in connection with MGA's unfair competition claims and Mattel's counterclaims because (a) it continues to review the over one-and-a-half million pages of documents that MGA produced in the past month and (b) MGA, to date, has failed to identify how it anticipates defending Mattel's counterclaims or which documents or witnesses it will rely upon to do so, including by its ongoing failures to answer Mattel contention interrogatories related to its defenses to Mattel's counterclaims.

[45] MGA's Supp. Response to Interrogatory No. 2 Of Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition, at 5-19, Proctor Dec., Ex. 26.

117 witnesses with knowledge of the creation or promotion of those products,[46] including many of the persons listed above. Mattel has taken the depositions of only six of those 117 named individuals, and has not yet been able to depose two of them, Bryant or Larian, regarding the unfair competition allegations.

**B. Mattel Needs Additional Depositions Because the Integrity of MGA's and Bryant's Preservation of Documents Is At Issue**

Mattel also is entitled to inquire about MGA's and Bryant's preservation and production of evidence. For example, as MGA's designee on document preservation testified, MGA had only obtained off-site documents as of the summer of 2007 and had searched none of these documents for responsive documents, even though the Court had ordered MGA to produce them and MGA had previously represented that its production was complete.[47] Further, MGA's designee on MGA's electronic document preservation and collection testified that MGA's only search of such information was a single search of Isaac Larian's e-mails in 2005, nothing more.[48] MGA's designee repeatedly testified that Joe Tiongco, who Mattel seeks to depose, has more knowledge.[49] In the same vein, Mattel seeks to depose Daphne Gronich, who provided the preservation declaration on MGA's behalf.[50] In addition, there are serious issues about Bryant's hard drives, including because of Bryant's prior counsel's conflicting representations about their collection and preservation – and indeed even their existence. Mattel therefore seeks testimony on these subjects.[51] Bryant's belated revelation that he installed and used the "Evidence Eliminator" program on these drives

---

[46] MGA's Fourth Supp. Resp. Unfair Comp. No. 1, at 5-16, Proctor Dec., Ex. 27.

[47] 9/24/07 Stip. and Order, Proctor Dec., Ex. 30; Tonnu Dep. Tr. at 612:13-612:15, 620:14-621:21, Proctor Dec., Ex. 31; 8/13/07 Order, at 14:18-22, Proctor Dec., Ex. 32.

[48] See Lockhart Deposition Tr. at 265:1-11, Proctor Dec., Ex. 33.

[49] Id. at 116:2-14, 150:25-151:5, 158:10-15, 258:17-259:9, 265:1-11, 266:12-267:5.

[50] See Dec. of Daphne Gronich in Response to Court's Request for Information Regarding Document Preservation, dated September 10, 2007, Proctor Dec., Ex. 34.

[51] Notice of Deposition of Littler Mendelson Pursuant to Federal Rule of Procedure 30(b)(6), dated September 6, 2007, Proctor Dec., Ex. 35.

underscores all the more the legitimacy of full and fair discovery into the integrity of his drives.

**C. Mattel Seeks Leave to Take 30(b)(6) Depositions On Non-Duplicative Topics**

MGA objected, and the Discovery Master has ruled, that a corporate party who has been deposed pursuant to a Rule 30(b)(6) notice cannot be deposed pursuant to a subsequent notice absent Court leave.[52] Mattel has not propounded a Rule 30(b)(6) Notice of Deposition on MGA or MGAE de Mexico related to either MGA's unfair competition claims or Mattel's counterclaims. Mattel's Notices of Deposition—attached as Exhibits A and B—contain topics of testimony which relate to those claims.[53] Mattel has not previously served any Rule 30(b)(6) Notice on MGAE de Mexico at all, and the topics in the additional Notice to MGA are not duplicative of those in Mattel's prior Notices to MGA.[54] Mattel respectfully submits that it should be granted leave to proceed with those depositions.

**D. Mattel Meets The Requirements for Additional Discovery**

When a deponent possess unique information, courts will generally allow leave for additional depositions because they do not undermine the key purpose of the

[52] 9/25/07 Order Re Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under 30(b)(6), Proctor Dec., Ex. 36.

[53] See Exhibits A & B. Mattel's Fourth Notice of Deposition is far less than burdensome compared to MGA's recently served Notice of Deposition, which contains more than 80 topics, each of which has many sub-parts. See MGA Entertainment, Inc.'s Notice of Deposition of Mattel, dated September 5, 2007, Proctor Dec., Ex. 40.

[54] Mattel's First Notice of Deposition was narrowly tailored to obtain information related to MGA's contentions that Bryant and Anna Rhee had worked on Prayer Angels, not Bratz, while Bryant employed by Mattel. Proctor Dec., Ex. 37. Mattel's Second Notice sought information related to Bratz, including Bratz revenues, costs and profits, and evidence preservation and collection. Proctor Dec., Ex. 38. Mattel's Third Notice sought follow-up information on matters that had arisen in discovery, including with respect to specific electronic evidence, specific individuals who worked on the first Bratz dolls, payments made to witnesses or parties, and statements to reporters related to Bratz's creation and inspiration. Proctor Dec., Ex. 39.

EXHIBIT 19
PAGE 229

limits—preventing duplicative discovery. See, e.g., Bromgard, 2007 WL 1101179, at *2 (D. Mont. April 11, 2007). As explained above, Mattel seeks depositions of individuals who each have specific, unique knowledge of the underlying events.

Without additional depositions, Mattel cannot discover the full extent of MGA's wrongdoing or adequately prepare to defend against MGA's claims. Mattel seeks a declaration of ownership of Bratz works that Bryant created during his Mattel employment and their derivatives – property that MGA and Bryant have claimed are worth hundreds of millions of dollars and perhaps more. Mattel has accused MGA of stealing thousands of pages of Mattel's most valuable trade secrets, including product lines, and strategic plans. MGA has accused Mattel of infringing hundreds of MGA products, alleging "billions" of dollars in damages. In light of the magnitude of this case, the burden or additional expense of these depositions pales in comparison to Mattel's need to fully prepare to try this case. As set forth above, the depositions that Mattel seeks by this motion are not collateral, but go to the heart of its claims and defenses. See, e.g., Rx USA, 2007 WL 1827335, at *2-3 (additional depositions warranted in a dispute between large corporations, given the complexity of the issues and the parties' resources).

## III. THE COURT SHOULD GRANT LEAVE WITH RESPECT TO MATTEL'S INTERROGATORIES

Two categories of interrogatories are involved here: first, Mattel's proposed additional interrogatories that it seeks leave to serve; and, second, interrogatories which Mattel has already served on defendants.

### A. Mattel Should Be Allowed To Propound Additional Interrogatories

Mattel seeks leave to propound additional interrogatories related to MGA's unfair competition claims and Mattel's counterclaims, and MGA's evidence collection and preservation. To properly prepare for trial, Mattel seeks leave to serve interrogatories requiring defendants to identify the facts, documents and witnesses it will use to prove its claims, defenses and damages. Mattel's proposed interrogatories thus seek to

EXHIBIT 19
PAGE 230

identify which specific Mattel designs or products defendants allege infringe on defendants' designs[55] and trade dress[56] and the facts supporting those legal claims.[57] Additionally, Mattel seeks to determine defendants' position regarding their misappropriation of Mattel documents, including whether defendants contend that no such documents were obtained improperly,[58] that the information contained therein has no value as a trade secret,[59] that the information had been publicly disclosed,[60] that defendants did not use or disclose such information,[61] that any such disclosure neither benefited defendants nor harmed Mattel,[62] and that defendants have a right to possess, use or disclose any such documents in their possession.[63] These are essential elements of the trade secret theft claim. See Cal. Civ. Code § 3426.1. Finally, Mattel seeks information related to MGA's efforts to collect and preserve evidence relevant or potentially relevant to this action.[64]

The proposed interrogatories are consistent with the factors set out in Rule 26(b) and should be permitted. They seek disclosure of specific relevant facts regarding topics which have not been the subject of prior interrogatories. The majority of Mattel's prior interrogatories focused on issues related to creation and ownership of Bratz.[65] Only Mattel's set of interrogatories relating to MGA's unfair competition claims could

[55] See Mattel's Proposed Interrogatory No. 51.

[56] See Mattel's Proposed Interrogatory No. 52.

[57] See Mattel's Proposed Interrogatories Nos. 53, 54, 55.

[58] See Mattel's Proposed Interrogatory No. 56.

[59] See Mattel's Proposed Interrogatory No. 57.

[60] See Mattel's Proposed Interrogatory No. 58.

[61] See Mattel's Proposed Interrogatory No. 59.

[62] See Mattel's Proposed Interrogatory No. 60.

[63] See Mattel's Proposed Interrogatory No. 61.

[64] See Mattel's Proposed Interrogatories Nos. 63-64.

[65] See First Set to Bryant, Proctor Dec., Ex 8; First Set to MGA, Proctor Dec., Ex. 9; Second Set to Bryant, Proctor Dec., Ex. 11; Second Set to MGA, Proctor Dec., Ex. 10; Third Set Revised, Proctor Dec., Ex. 45.

conceivably overlap with the proposed interrogatories.[66] However, the interrogatories already propounded focused on issues distinct from the proposed interrogatories—specifically, facts relating to MGA employees involved with certain MGA products,[67] MGA's alleged injuries,[68] MGA's allegations regarding Mattel's conduct with certain third-parties in the industry[69] and MGA's allegations of product confusion.[70] These are not duplicated in the interrogatories which Mattel is proposing.

Finally, the benefits of the proposed interrogatories outweigh any added burden, as these type of facts are properly revealed through interrogatories, and the information sought by the interrogatories will advance this litigation and avoid surprise at trial.

**B. The Court Should Grant Leave With Respect To Mattel's Outstanding Interrogatories That Defendants Will Not Answer**

To date, Mattel has served 50 interrogatories on the defendants. Yet, by objecting to some of those previously served interrogatories served as being compound, defendants refuse to answer on the purported ground that they exceed the Court's limit.[71] Although defendants are wrong, the Court should eliminate further delay and quarreling by defendants by simply granting Mattel leave to serve them regardless of how they are counted.

Mattel has been seeking answers to these basic interrogatories for over five months now. To justify their wholesale refusal to answer them, defendants claimed they exceeded the Court's limit on the number of interrogatories. Mattel moved to compel, defendants moved for a protective order, and in a September 5, 2007 Order Judge Infante provided guidance on the counting of the interrogatories. Mattel then

---

[66] See First Set Re Unfair Comp., Proctor Dec., Ex. 12.
[67] See id. No. 1.
[68] See id. No. 4.
[69] See id. Nos. 5, 8, 9, and 10.
[70] See id. No. 7.
[71] See Bryant's Objections to Revised Third Set, Proctor Dec., Ex. 73; Bryant's Objections to Amended Fourth Set, Proctor Dec., Ex. 74.

EXHIBIT 19
PAGE 232

propounded revised interrogatories that were consistent with the Discovery Master's Order.

Defendants nevertheless claim, once again, that Mattel exceeds its 50 allotted interrogatories. Not only is this without merit,[72] but it is clear that defendants rehash this objection for no other reason than to obstruct. Bryant refuses to answer any interrogatory past No. 27 because "Mattel has propounded more than 50 interrogatories."[73] And, even the minimal answers he gave to others amply confirms that he continues to stonewall on even basic discovery in this case. MGA makes essentially the same objection.[74] Accordingly, through nothing more than creatively

---

[72] The essence of the defendants' objection is that Mattel's revised interrogatories are compound interrogatories because they improperly require them to respond to individual interrogatories with "different and distinct facts." See Bryant's Objections to Revised Third Set, at 18; Bryant's Objections to Amended Fourth Set, at 4. For example, defendants frivolously object to having to identify both the name of a product and its corresponding product number. But Judge Infante ruled on this matter, explaining that interrogatories "'containing subparts directed at eliciting details concerning [a] common theme should be considered a single question,'" while interrogatories on "discrete issues" should be treated as multiple interrogatories. Order re Mattel's Interrogs., at 5 (quoting 8A Wright & Miller, Federal Practice & Procedure § 2168.1 (2d ed. 1994)); see also id. at 7. The scope of Mattel's revised interrogatories is no different than those which Judge Infante ruled were permissible, as in both instances the "subparts are related and directed to the underlying details of a specifically identified" subject. See id. Judge Infante specifically observed that under the Advisory Committee notes, interrogatories which required distinct factual answers relating to the same subject—e.g., the time, place, persons present, and contents of a particular communication—should be treated as a single interrogatory. See id. Mattel's revised interrogatories are not compound, and defendants' arguments to the contrary are groundless: the fact that an interrogatory answer requires *different facts* does not convert it into a compound interrogatory on *different issues*.

[73] Bryant's Objections to Revised Third Set, at 7. Bryant then makes the same objection to the remaining 23 interrogatories.

[74] See MGA's Objections to Revised Third Set, at 8, Proctor Dec., Ex. 76; MGA (HK) Ltd.'s Objections to Revised Third Set, at 17, Proctor Dec., Ex. 77; MGAE de Mexico's Objections to Revised Third Set, at 8, Proctor Dec., Ex. 78; Larian's Objections to Revised Third, at 8, Proctor Dec., Ex. 79; MGA's Objections Amended Fourth Set, at 7, Proctor Dec., Ex. 80; MGA (HK) Ltd.'S Objections to Amended Fourth Set, at 7-8, Proctor Dec., Ex. 81; MGAE de Mexico's Objections to Amended Fourth Set, at 8, Proctor Dec., Ex. 82; Larian's Objections to Amended Fourth Set, at 7, Proctor Dec., Ex. 83.

EXHIBIT 19
PAGE 233

counting a few interrogatories as a multitude, defendants manufacture grounds to delay yet more and refuse obviously appropriate discovery. To the extent that defendants have substantive objections to specific interrogatories, these issues may be properly heard before the Discovery Master. But defendants should not be permitted to serially raise the same objection to a few specific interrogatories in order to delay for yet more months in responding to the bulk of Mattel's interrogatories. Mattel requests that this Court cut through this issue by granting Mattel leave, to the extent needed, to serve each of the interrogatories that have been served to date regardless of how they are counted.

## IV. THE COURT SHOULD ALLOW ADDITIONAL TIME FOR THE BRYANT DEPOSITION

On September 28, 2007, the Discovery Master issued an Order Granting in Part Mattel's Motion for Additional Time to Depose Carter Bryant for All Purposes, granting Mattel seven additional hours to depose Bryant (in addition to 2 hours previously granted based on counsel's dozens of improper instructions not to answer at the Bryant deposition), but denying Mattel the 21 hours that it sought.[75] Mattel respectfully submits that the facts, as determined by the Discovery Master, justify far more than seven additional hours, and the Court should grant additional time.

Mattel does not contest the Discovery Master's factual findings in any way. To the contrary, the underlying factual findings were plainly correct. As Judge Infante noted, Mattel's deposition of Bryant in 2004 took place before MGA even brought its unfair competition claims and before Mattel filed its counterclaims, and Mattel had no opportunity to depose Bryant on either.[76] Thus, as Judge Infante justifiably found:

- The new claims and defenses that were added to the case after Bryant's deposition justify additional deposition time. . . . Without question,

---

[75] Order Granting in Part Mattel's Motion for Additional Time to Depose Carter Bryant for All Purposes (Sept. 28, 2007) ("Order re Additional Time"), at 8:7-13, Proctor Dec., Ex. 43.

[76] Id. at 5:2-10.

Bryant is a critical witness regarding MGA's unfair competition claims and Mattel has not had an opportunity to depose him on such claims.[77]

- In addition, Mattel filed a counterclaim against Bryant, MGA, and other defendants in 2007, asserting thirteen different claims . . . . Bryant filed an answer asserting over twenty affirmative defenses. Mattel has not had an opportunity to depose Bryant on any of these claims or defenses.[78]

- Bryant is the central figure in this litigation and arguably the most important witness *for virtually every claim in the case.* No other witness in the case has his depth and breadth of relevant information.[79]

Bryant and MGA cannot dispute any of this. In interrogatory responses, MGA lists Bryant as a person directly involved with and knowledgeable about the allegedly infringed MGA products that MGA has put at issue.[80] MGA's responses to Mattel's interrogatories also state that the entire Bratz line is the subject of MGA's claims, and an MGA witness has declared that there are more than 200 Bratz products.[81] Moreover, Paula Garcia, MGA's Vice President of Product Design and Development, has declared that she and Bryant are "the *only* people who know what the concept is and who see the early product drawings" with respect to many Bratz products.[82] That is particularly important because many of both Mattel's *and* MGA's claims will turn on the source and timing of these products at issue. As the Court knows, Mattel's defenses to MGA's infringement claims rest, in part, on the fact that it was MGA which stole and copied Mattel products through its trade secret thefts. Testimony on the origins of those MGA products and when they were created is indispensable.

---

[77] Id. at 5:4-5.

[78] Id. at 5:6-10.

[79] Id. at 5:15-17 (emphasis added).

[80] MGA's Responses to Mattel's First Set of Interrogatories Re Claims of Unfair Competition, dated January 19, 2007, Response No. 1, at 6:9, Proctor Dec., Ex. 57.

[81] See Declaration of Patricia Perrier in Support of MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz Ownership in Phase One, dated May 25, 2007, at ¶ 2, Proctor Dec., Ex. 58; MGA Sup. Resp. Unfair Comp. No. 2, Proctor Dec., Ex. 26.

[82] Declaration of Paula Garcia in Support of MGA's Opposition to Mattel's Motion to Compel, dated February 9, 2007, ¶ 6 (emphasis in original), Proctor Dec., Ex. 59.

Bryant is also obviously a crucial witness on Mattel's copyright infringement, RICO and other counterclaims, which raise a host of new issues Bryant has not been deposed on. According to MGA, Mattel's copyright infringement claim against Bryant alone relates to "*hundreds* of products."[83] Bryant was also personally involved, either as sender or recipient, in approximately 100 of the predicate acts of mail and wire fraud alleged by Mattel.[84] Mattel is entitled to question Bryant about these and all the other issues presented for the first time by Mattel's counterclaims and Bryant's answer.

Moreover, as Judge Infante found, "new evidence justifies additional time to depose Bryant."[85] Judge Infante noted that Bryant's deposition took place before "98 percent of Bryant's and MGA's collective document production took place"[86] – and that did not even reflect the more than a million-and-a-half pages, that MGA has produced in recent weeks.[87] In truth, *99.9%* of defendants' production in this case has occurred only after Bryant's 2004 deposition. Thus, Mattel has had no opportunity to examine Bryant on the vast bulk of the evidence, whether relevant to new claims or the original ones. This includes, for example:

- Bryant's fee agreements with MGA, which reflect that MGA is paying Bryant's legal fees at its discretion, and which were withheld by Bryant even in the face of prior court orders;
- Bratz design drawings produced by Bryant for the first time this year, only after being ordered, which bear handwritten dates of September 19, 1999, at time when Bryant was employed by Mattel;
- Bryant's desktop hard drive, which reveals his use of "Evidence Eliminator" software, which was not produced until compelled this year.

---

[83] See MGA's Opposition to Mattel's Motion to Try All Claims Related to Bratz Ownership in Phase One at 3:12-19.

[84] See Mattel's Second Amended Answer & Counterclaims, Exhibit C.

[85] Order re Additional Time at 5:20 (font altered), Proctor Dec., Ex. 43.

[86] Id. at 5:24-27, Proctor Dec., Ex. 43. Notably, Judge Infante calculated the 98 percent number based on MGA's production of 157,000 pages of documents as of the close of briefing in late August. Since that time MGA has produced over a million-and-a-half pages of documents. See Proctor Dec. ¶ 45.

[87] See Proctor Dec. ¶ 45.

EXHIBIT 19
PAGE 236

- Original Bratz drawings, which Bryant did not make available for inspection until this summer, after being ordered to do so, notwithstanding his promise that he would produce such documents at the 2004 deposition.

- A fax from Bryant to David Rosenbaum, outside counsel for MGA, dated September 14, 2000, wherein Bryant stated that he could not ask Mattel's Human Resources any more questions about his contract with Mattel "without risking suspicion."

- October 10, 2000 e-mails between Isaac Larian, Victoria O'Connor and Paula Garcia (formerly Treantafelles), reflecting that Bryant worked on Bratz with MGA "on average about 4 hours a day," starting at least six weeks before he left Mattel.

- Invoices showing that Veronica Marlow, a key third party, billed MGA for 169 hours of development services on Bratz that were performed before Bryant left Mattel.

The list of new evidence that was requested by Mattel before Bryant's deposition but first produced by defendants only later literally goes on and on. As Judge Infante ruled, "a witness may be re-deposed with respect to . . . new developments" in a case, including new documents such as these, as well as new claims.[88]

Despite his factual findings, Judge Infante ruled that Mattel is only entitled to an additional seven hours of deposition. Previously Judge Infante had gave Mattel two additional hours as a result of the improper instructions and objections by counsel at Bryant's deposition.[89] So, under Judge Infante's ruling, Mattel has been limited to only seven hours to depose Bryant – the "most important witness for virtually every claim in the case"[90] – on MGA's claims, Mattel's counterclaims, the hundreds of MGA and Mattel products now at issue about which Bryant has unique knowledge, and the vast amounts of recently produced new evidence. This is unfair. The ruling that Mattel be

[88] Order re Additional Time at 4:20-24 (quoting Fresenius Med. Care Hldgs. Inc. v. Roxane Labs., Inc., 2007 WL 764302 (S.D. Ohio 2007)), Proctor Dec., Ex. 43.

[89] Order re Additional Time at 7:24-25, Proctor Dec., Ex. 43; see Order Granting In Part And Denying In Part Mattel's Motion To Overrule Instructions Not To Answer During The Deposition Of Carter Bryant (March 7, 2007), Proctor Dec., Ex. 44.

[90] Id. at 5:15-17.

granted only seven additional hours is clearly erroneous given Bryant's singular importance, the magnitude of this case and the tectonic shift of claims.

Also, based on Rule 30's "presumptive one day, seven-hour limitation on depositions," Judge Infante awarded Mattel a total of 7 hours to depose Bryant on all of MGA's claims and all of Mattel's counterclaims.[91] It is simply impossible to conduct a deposition on those claims – which had not even been filed when Bryant was first deposed – in that amount of time. Judge Infante apparently awarded Mattel no additional time based on new evidence, even though 99.9% of defendants' production has taken place since the 2004 deposition. That effectively punishes Mattel for defendants' discovery misconduct. Mattel requested defendants' documents before the deposition took place; defendants withheld them at their own peril, not at Mattel's.[92] Mattel is entitled to a fair amount of time to depose the key witness in the case on the new claims and evidence he has not been deposed on. The Court should afford that, and grant Mattel a total of 21 hours for the deposition.[93]

---

[91] Id. at 8:10-13.

[92] See, e.g., Fresenius Medical Care Holdings, Inc. v. Roxane Laboratories, Inc., 2007 WL 764302, at *2 (S.D. Ohio 2007) (originally cited by Bryant to Judge Infante) (allowing second deposition because defendant failed to produce requested documents prior to first deposition); Robins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1036 (D. Or. 1996) ("the second set of depositions of these individuals was necessary because they had to be questioned about additional documents that Defendant produced after the first set of depositions"); Ritchie v. U.S., 2004 WL 1161171, at *3 (N.D. Cal. 2004) ("when further evidence linking [witness to the project in dispute] subsequently came to light this court permitted plaintiff to depose [the witness] a second time").

[93] In the alternative, the Court should excercise its discretion to enlarge Mattel's time to depose Bryant. The Court previously extended MGA's deadlines to produce documents that it was compelled to produce even though Judge Infante had specifically *rejected* MGA's request for additional time to comply and despite MGA's failure to show there was any error in that ruling. Here, there can be no dispute that the Court has the right to ensure that the parties receive fair discovery, proportionate to the magnitude and complexity of the case, and that trial in this matter is conducted without undue surprises which will cause prejudice and waste the time of the Court and the jury.

EXHIBIT 19
PAGE 238

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant Mattel's motion for leave.

DATED: November 19, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By Jon Corey /s/
Jon Corey
Attorneys for Mattel, Inc.

07209/2299353.1

-25-

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

EXHIBIT 19
PAGE 239

# EXHIBIT 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No. CV 04-09049 SGL(RNBx) Date: January 7, 2008

Title: CARTER BRYANT -v- MATTEL, INC. AND CONSOLIDATED ACTIONS

=========================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes
Courtroom Deputy Clerk

Theresa Lanza
Court Reporter

ATTORNEYS PRESENT FOR CARTER BRYANT: **Christa Martine Anderson**

ATTORNEYS PRESENT FOR MATTEL: **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:
**Thomas J. Nolan**
**Carl A. Roth**
**Anna Park**

ATTORNEY PRESENT FOR CARLOS GUSTAVO MACHADO GOMEZ: **Mark E. Overland**

ATTORNEY PRESENT FOR NON-PARTY STERN & GOLDBERG: **Kien C. Tiet**

ATTORNEY PRESENT FOR NON-PARTIES ANA ELISE CLOONAN, MARGARET HATCH-LEHY, AND VERONICA MARLOW: **Larry W. McFarland**

ATTORNEY PRESENT FOR NON-PARTY KAYE SCHOLER, LLP: **Bryant S. Delgadillo**

PROCEEDINGS: **ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)**

**ORDER GRANTING MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR SANCTIONS (DOCKET #1143)**

EXHIBIT 20
PAGE 240

**ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)**

**ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)**

These matters were heard on January 7, 2008. The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible. As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

**MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)**

This motion is **GRANTED IN PART.** Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel. Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13). Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C. Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes. Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant. The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

**MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)**

This motion is **GRANTED**. The Court's order clearly applied to "all parties." No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language. Machado must file an affidavit that complies with the

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

**MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)**

This motion is **DENIED.** The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

**DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)**

Carter Bryant and the MGA defendants may depose the ten individuals set

forth in their moving papers. The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl). To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008. However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.



EXHIBIT 20
PAGE 244

# EXHIBIT 21

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 04-09049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>STIPULATION RE: THE DEPOSITION OF RON BRAWER;<br><br>[[Proposed] Order filed concurrently herewith] |
| AND CONSOLIDATED CASES | **Phase 1:**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

1-26

EXHIBIT 21
PAGE 245

**STIPULATION**

WHEREAS, by Order dated January 7, 2008, the Court granted Mattel, Inc.'s Motion for Additional Discovery, including with respect to Ron Brawer; and

WHEREAS, Mattel noticed the deposition of Ron Brawer on January 10, 2008 for January 24, 2008.

NOW, THEREFORE, Mr. Brawer and the parties agree as follows, subject to the Court's approval:

1. Ron Brawer shall appear for deposition on February 5, 2008, beginning at 9:30 a.m. at 40 Front Street, Canary Wharf, London, England.

///

///

///

///

///

///

///

///

///

///

///

///

2. A motion to compel pursuant to F.R.C.P. Rule 37(a)(2)(B) or pursuant to F.R.C.P. Rules 30(a)(1) and 45 with respect to Mr. Brawer's deposition will be considered timely even if brought after the Phase 1 discovery cut-off date and notwithstanding the Court's Order of January 7, 2008.

IT IS SO STIPULATED.

DATED: January __, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By Jack DiCanio /tmb
Jack P. DiCanio
Attorneys for Ron Brawer

DATED: January 24, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By Dominic Surprenant
Dominic Surprenant
Attorneys for Mattel, Inc.

DATED: January __, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By Thomas Nolan /ds
Thomas Nolan
Attorneys for MGA Entertainment, Inc., MGAE de Mexico, S.R.L. de C.V., MGA Entertainment (HK) Limited, and Isaac Larian

EXHIBIT 21
PAGE 247

DATED: January 28, 2008

KEKER & VAN NEST, LLP

By /s/ Michael Page /aes
Michael Page
Attorneys for Carter Bryant

DATED: January 28, 2008

OVERLAND BORENSTEIN SCHEPER & KIM LLP

By /s/ Mark E. Overland
Mark E. Overland
Attorneys for Carlos Gustavo Machado Gomez

EXHIBIT 21
PAGE 248

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br>Plaintiff,<br>vs.<br>MATTEL, INC., a Delaware corporation,<br>Defendant. | Case No. CV 04-09049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br>Hon. Stephen G. Larson<br>[PROPOSED] ORDER ON STIPULATION RE: THE DEPOSITION OF RON BRAWER |
| AND CONSOLIDATED CASES | |

**[PROPOSED] ORDER**

The parties and Ron Brawer having so stipulated, and finding good cause hereto, IT IS HEREBY ORDERED THAT:

1. Ron Brawer shall appear for deposition on February 5, 2008, beginning at 9:30 a.m. at 40 Front Street, Canary Wharf, London, England.

2. A motion to compel pursuant to F.R.C.P. Rule 37(a)(2)(B) or pursuant to F.R.C.P. Rules 30(a)(1) and 45 with respect to Mr. Brawer's deposition will be considered timely even if brought after the Phase 1 discovery cut-off date and notwithstanding the Court's Order of January 7, 2008.

DATED:________________, 2008

______________________________
HON. STEPHEN G. LARSON
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT 21
PAGE 250

# EXHIBIT 22

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE
PALO ALTO, CALIFORNIA 94301-1908

TEL: (650) 470-4500
FAX: (650) 470-4570
www.skadden.com

RECEIVED
JAN 29 2008

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
RESTON
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(650) 470-4624
EMAIL ADDRESS
ATEMKIN@SKADDEN.COM

January 29, 2008

**Via Hand Delivery**

Scott B. Kidman, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE: Mattel v. Bryant: Production of Documents

Dear Scott:

Pursuant to our letter dated January 28, 2008, enclosed is a replacement hard drive containing single page TIFFs with Concordance load files for documents Bates numbered MGA 4050591 - MGA 4377063. These documents replace those that were produced yesterday without Bates numbers or confidentiality designations. Please note that documents stored on the hard drive are designated CONFIDENTIAL – ATTORNEYS' EYES ONLY under the protective order.

Please return the hard drive that we sent yesterday and confirm that you have destroyed all hard copies and deleted from your or your vendor's computer systems all data and other materials retrieved from that hard drive.

Very truly yours,

Andrew C. Temkin

Enclosure

EXHIBIT 22
PAGE 251

BRY-269

MGA 4050591 - MGA 4377063

January 29, 2008

EXHIBIT 22
PAGE 252