# EXHIBIT A

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>[PUBLIC REDACTED] MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC., AND ISAAC LARIAN;<br><br>AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Scott Watson and Separate Statement filed concurrently]<br><br>Date: TBA<br>Time: TBA<br>Place: TBA<br><br>Discovery Cut-off:<br>Pre-trial Conference:<br>Trial Date: |

00505.07975/2791147.4

Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S MOTION TO COMPEL DISCOVERY RESPONSES

1  stealing its trade secrets is specifically alleged in Mattel's claims.[52] Mattel alleges
2  that MGA paid former Mattel employees to leave Mattel and work for MGA and, in
3  the process, steal Mattel trade secrets and other property and deliver them to
4  MGA.[53]

5  Mattel has expressly alleged claims for commercial bribery against
6  Larian and MGA.[54] Interrogatory No. 67 asks Defendants to identify every payment
7  MGA or Larian have given to any person identified in any of the parties' initial
8  disclosures when that person was not an employee of MGA.[55] Interrogatory No. 69
9  asks Defendants to identify each payment MGA or Larian have made since January
10 1, 1998 to any person who has been employed by Mattel, excluding ordinary salary
11 and benefits paid to such person while an MGA employee.[56] Payments made to
12 then-Mattel employees establish commercial bribery and other tortious conduct that
13 are the subject of Mattel's claims by Larian or MGA. The timing and amounts of
14 payments made to former Mattel employees with whom Larian and MGA are
15 accused of conspiring are critical evidence supporting Mattel's claims.[57] The
16 discovery Mattel seeks is clearly relevant.

17        Additionally, persons identified in the parties' initial disclosures are
18 potential witnesses in this case, and evidence of payments to witnesses are
19 obviously relevant to issues of bias. United States v. Abel, 469 U.S. 45, 51 (1984)
20 (evidence of bias is admissible to impeach witness); Oakes v. Halvorsen Marine

---

[52] Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.
[53] Id. at ¶¶ 37-76.
[54] Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers ¶ 12, Watson Dec., Exh. 23.
[55] Mattel's Supplemental Interrogatories (No. 67), Watson Dec., Exh. 13.
[56] Id.
[57] See Order of January 25, 2007, at 14:13-17, ("payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation. Payments could show when and what trade secret information Bryant and other defendants allegedly misappropriated from Mattel. Any proof of trade secret theft is
(footnote continued)

MGA and Larian will be required to undertake, particularly because the volume of documents involved is due to the wholesale nature of Defendants' misappropriation.[91]  The objection should be overruled, and MGA should be compelled to answer Mattel's Interrogatories as written.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master: (1) compel MGA and Larian to supplement their production of financial information responsive to Request Nos. 4-37 and 40-45 in Mattel's Second Set of Requests for Documents and Things to MGA and Request Nos. 207, 208 and 269 in Mattel's First Set of Requests for Production of Documents and Things to Isaac Larian; (2) compel MGA to answer Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories, and Interrogatory Nos. 56-63, and 67-69 of Mattel's Supplemental interrogatories, (3) compel Larian to answer Interrogatory Nos. 56-63 and 67-69 of Mattel's Supplemental Interrogatories, and (4) to overrule all of Defendants' objections to Mattel's Supplemental Interrogatories.

DATED: February 10, 2009     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By/s/ Scott L. Watson
Scott L. Watson
Attorneys for Mattel, Inc.

---

[90] Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.
[91] Defendants also assert that Mattel's interrogatories are unduly burdensome because they have several discrete subparts (Nos. 51-53) or require responses regarding too many former Mattel employees and other individuals (Nos. 67-69). Fully responding to Mattel's interrogatories will undoubtedly require some effort, but there is nothing "undue" about that burden.  Mattel's interrogatories address both parties' contentions and defenses on central issues, and Mattel is entitled to full discovery of such information.