# EXHIBIT B

```
 1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
 2    johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
 3    (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
 4    (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
 5  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
 6  Facsimile: (213) 443-3100

 7  Attorneys for Plaintiff Mattel, Inc.

 8
 9                   UNITED STATES DISTRICT COURT
10                  CENTRAL DISTRICT OF CALIFORNIA
11                         EASTERN DIVISION
```

|  |  |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien Pursuant]**<br><br>[PUBLIC REDACTED] MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC., AND ISAAC LARIAN<br><br>Date: TBA<br>Time: TBA<br>Place: Telephonic Hearing<br><br>**Phase 2**<br>Discovery Cut-off:    TBD<br>Pre-trial Conference: TBD<br>Trial Date:          TBD |

1  MATTEL" is unbound by any time restriction. It is impossible for Larian to know
2  each and every person who, in their lifetime, has ever been employed with
3  MATTEL. Mattel's interrogatory is overly broad and unduly burdensome because
4  it, in effect, requires Larian to somehow determine whether any of the people he has
5  ever given any item of value, including customary business gifts, has ever worked
6  for Mattel in his or her lifetime. Larian objects on the grounds that the burden and
7  expense of the proposed discovery outweighs its likely benefit, considering the
8  needs of the case, the parties' resources, and the importance of the discovery in
9  resolving the issues at stake in the action.

10       The instant interrogatory is an improper catch-all fishing expedition.
11  Larian thus objects that the interrogatory seeks information not relevant to the
12  claims or defenses of any party to this action and is not reasonably calculated to lead
13  to the discovery of admissible evidence.

14       Pursuant to Judge Larson's February 4, 2008 Order, Phase Two
15  discovery is stayed until further order of the Court. Accordingly, Larian will not
16  respond to this interrogatory until the stay of Phase Two discovery is lifted by the
17  Court.

### ARGUMENT

Interrogatory Nos. 67-69 request information regarding MGA's payments to former Mattel employees and individuals identified in the parties' initial disclosures.[42] Defendants do not dispute that Interrogatory No. 68 seeks relevant information.[43] They do, however object to the relevance of Interrogatory Nos. 67-

---

[42] Mattel, Inc.'s Supplemental Interrogatories (Interrogatory Nos. 67-69), Watson Dec., Exh. 13.
[43] MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Responses to Interrogatory Nos. 68), Watson Dec., Exh. 14.

69. Their objections are without merit. Interrogatory No. 67 asks Defendants to identify every payment MGA or Larian have given to any person identified in any of the parties' initial disclosures when that person was not an employee of MGA.[44] Interrogatory No. 69 asks Defendants to identify each payment MGA or Larian have made since January 1, 1998 to any person who has been employed by Mattel, excluding ordinary salary and benefits paid to such person while an MGA employee.[45] Mattel has explicit claims for commercial bribery against Larian and MGA.[46] Payments made to then-Mattel employees establish such commercial bribery and other tortious conduct that are the subject of Mattel's claims by Larian or MGA. The timing and amounts of payments made to former Mattel employees who Larian and MGA are accused of conspiring with to steal Mattel trade secrets would be critical evidence to Mattel's claims.[47]

       Additionally, the people identified in the parties' initial disclosures are potential witnesses in this case, and evidence of payments to witnesses are obviously relevant to issues of bias. United States v. Abel, 469 U.S. 45, 51 (1984) (evidence of bias is admissible to impeach witness); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.Cal. 1998) (Rule 26 permits discovery of information which may simply relate to the credibility of a witness or other evidence in the case); Wright & Miller, Federal Practice & Procedure: Federal Rules of

---

[44] Mattel's Supplemental Interrogatories (No. 67), Watson Dec., Exh. 13.
[45] Mattel's Supplemental Interrogatories (No. 69), Watson Dec., Exh. 13.
[46] Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers ¶ 12, Watson Dec., Exh. 23.
[47] See Order of January 25, 2007, at 14:13-17, ("payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation. Payments could show when and what trade secret information Bryant and other defendants allegedly misappropriated from Mattel. Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition claims."), Watson Dec., Exh. 25.

Evidence § 6095 (bias is a "particularly favored basis for attacking credibility," and "circumstantial evidence of bias" may include evidence of the "payment of bribes or fees"). Indeed, the former Discovery Master in this case previously so ruled.[48]

Furthermore, these Interrogatories are relevant to MGA's own claims. MGA has accused Mattel of copying Bratz and other designs, as well as advertising, packaging, themes and the like. It is Mattel's position that MGA copied or utilized Mattel projects in development and other confidential, internal information, which is not only trade secret theft but a defense to MGA's claims. This, too, has been previously recognized by the Discovery Master.[49] Knowing when MGA paid Mattel employees and how much will yield evidence showing MGA's access to Mattel's internal information and additionally bear on critical issues of timing and which company was developing which product or product element at issue first. Without doubt, these interrogatories are likely to lead to the discovery of admissible evidence bearing on these issues.

MGA's remaining objections to these interrogatories should also be overruled. For each of these requests, MGA interjects its own, more limited definitions for Mattel's defined terms, so that any response would provide Mattel only a portion of the information Mattel is entitled to. This is improper. Chapman v. California Dept. of Educ., 2002 WL 32854376, at * 3 (N.D. Cal. February 6, 2002) ("The proponent of discovery is the master of its terms. So long as the

---

[48] Order Granting in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007 at 11 (MGA payments to individuals "may also show possible bias and be used for impeachment purposes), Watson Dec., Exh. 28.

[49] Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007, at 14 ("payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation. . . Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition), Watson Dec., Exh. 24.