1  information sought is within the broad bounds of relevancy as set forth in Rule 26
2  and is otherwise properly discoverable, the respondent may not unilaterally reshape
3  or rephrase the discovery request.").[50]
4      For example, Defendants object to Mattel's definition of "MGA" for
5  including "any of its current or former employees, officers, directors, agents,
6  representatives, attorneys, experts, divisions, AFFILIATES, predecessors-in-interest
7  and successors-in-interest, and any other PERSON acting on its behalf, pursuant to
8  its authority or subject to its control."[51] Defendants assert that they will instead
9  "interpret the term 'MGA' to refer to MGA Entertainment, Inc. and any
10 predecessors-in-interest."[52] In limiting the term "MGA" in this way, Defendants
11 effectively refuse to provide Mattel information regarding MGA's current or former
12 employees, officers, directors, agents, representatives, attorneys, experts, divisions,
13 affiliates, successors-in-interest, and any other person acting on its behalf. Mattel is
14 clearly entitled to discover this information, and Defendants offer no explanation to
15 the contrary.
16     Defendants interject a similar limit to the term "MATTEL."
17 Defendants assert that they will interpret the term "to refer to all persons or entities
18 who held themselves out to MGA as officers, employees, agents, subsidiaries or
19 divisions of Mattel, Inc."[53] Defendants' interpretation excludes, without
20 justification, any one who has held themselves out to be Mattel directors,
21 representatives, attorneys, parents, "AFFILIATES, predecessors-in-interest,

---

[50] As discussed above, Mattel's interrogatories seek information that is directly relevant to the party's claims and defenses in this case.
[51] Id. at 7-8.
[52] MGA's Objections and Responses to Mattel's Supplemental Interrogatories at 7-8, Watson Dec., Exh. 14.
[53] Id. at 8.

1. successors-in-interest, and any other PERSON acting on Mattel's behalf, pursuant to
2. its authority or subject to its control."[54]
3.     MGA's efforts to limit to the terms "MACHADO," "TRUEBA,"
4. "VARGAS," "BRAWER," "CASTILLA," "COONEY," "BRISBOIS,"
5. "CONTRERAS," "ABUNDIS" to refer only to those people as individuals are also
6. improper. Defendants do not dispute that Mattel is entitled to discover information
7. regarding each of these individuals' "current or former employees, agents,
8. representatives, attorneys, accountants, vendors, consultants, independent
9. contractors, predecessors-in-interest and successors-in-interest, and any other
10. PERSON acting on [their] behalf, pursuant to [their] authority or subject to t[their]
11. control."[55] Rather, Defendants claim merely that it is impossible for them to know
12. whether a person is affiliated with each of these individuals, <u>unless</u> they have "held
13. himself or herself out" as such.[56] This does not justify Defendants' limitation, which
14. excludes from their responses even those people who have held themselves out to
15. have such affiliations.
16.     Finally, Defendants object to the definition of "FORMER MATTEL
17. EMPLOYEES" on the grounds that the definition requires them to "make a
18. conclusion as to an ultimate issue in the case" and because they cannot determine
19. whether and which former Mattel employees violated any obligations to Mattel.[57]
20. Based on this objection, MGA and Larian unilaterally limit the definition to refer
21. only to "Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas
22. San Jose, Ron Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick

---

[54] Mattel's Supplemental Interrogatories, at 2, Watson Dec., Exh. 13.
[55] MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at 9-13, Watson Dec., Exh. 14.
[56] Id.
[57] See MGA's Responses to Mattel's Supplemental interrogatories at 13, Watson Dec., Exh. 14.

Contreas and Ricardo Abundis."[58] This limitation is also meritless. As discussed above, to the extent this definition requires a legal conclusion at all, it merely requires an application of law to fact. Moreover, MGA and Larian are certainly in a position to determine which Mattel employees other than those specifically identified have provided them with Mattel trade secrets. Indeed, they have an obligation to investigate whether that is the case.

Each of Defendants' objections and limitations to Mattel's defined terms should be overruled, and Defendants should be compelled to respond to Mattel's interrogatories in full.

Defendants object to each of the interrogatories regarding "MATTEL DOCUMENTS" on the grounds that they "seek information that is not subject to disclosure under any applicable privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory, or decisional law of the United States of America, the State of California, or any other applicable jurisdiction."[59] This boilerplate objection is improper. Most of the interrogatories at issue here are contention interrogatories. Parties are required to answer interrogatories that ask them to state their contentions about facts or the application of law to facts. Fed. R. Civ. P. 33(c). Mattel is entitled to learn the facts in Defendants' possession which they believe support their own contentions. Mattel is also entitled to learn which documents and persons relate to or are knowledgeable about such facts. The law is clear that a party cannot avoid responding to contention interrogatories by claiming that they call for a legal conclusion or by invoking the attorney-client privilege or the work product doctrine. Convergent Business

---

[58] Id. at 14.
[59] MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 67-69), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 67-69). Watson Dec., Exh. 15.

00505.07975/2791132.3

-100-

Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S SEPARATE STATEMENT ISO MOTION TO COMPEL

EXHIBIT B
PAGE 12

Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and documents which support a particular allegation in a complaint violates neither the attorney-client or work product privileges."); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (interrogatories seeking the factual specifics which a party contends supports a contention do not implicate the attorney work product doctrine: "If this elementary principle were not applicable, contention interrogatories would not exist. As the Advisory Committee Note reflects, as to requests for even opinions or contentions that call for the application of law to fact, they are permissible and can be most useful in narrowing and sharpening the issues, which is the major purpose of discovery.").

Finally, the Court should overrule Defendants' undue burden objections.[60] For example, Defendants object that interrogatories regarding "MATTEL DOCUMENTS" are unduly burdensome because Mattel has listed at least 8 banker boxes of documents that MGA allegedly improperly obtained.[61] However, to determine whether an interrogatory imposes an "undue burden," courts have adopted a "proportionality approach that balances the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory." 8A Wright & Miller, Federal Practice & Procedure: Federal Rules of Civil Procedure § 2174; see also King v. Georgia Power Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); Seff v. General Outdoor

---

[60] MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 67-69), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 67-69), Watson Dec., Exh. 15.

00505.07975/2791132.3
-101-
Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S SEPARATE STATEMENT ISO MOTION TO COMPEL

EXHIBIT B
PAGE 13

Case 2:04-cv-09049-DOC-RNB   Document 6233-4   Filed 08/10/09   Page 5 of 5   Page ID #:206016

Case 2:04-cv-09049-SGL-RNB   Document 4817-22   Filed 02/11/2009   Page 106 of 106

Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant).

Here, as discussed above, information regarding the details of MGA's appropriation of Mattel's documents clearly goes to the core of Mattel's misappropriation of trade secrets claim.[62] This information is almost exclusively in defendants' possession, as they know better than Mattel which documents they misappropriated and when. Mattel's need to discover this information clearly outweighs any efforts MGA and Larian will be required to undertake, particularly because the volume of documents involved is due to the pervasiveness of Defendants' misappropriation.[63]

DATED: February 10, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By/s/ Scott L. Watson
    Scott L. Watson
    Attorneys for Mattel, Inc.

---

[61] See, e.g., MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 59-63), Watson Dec., Exh. 14.

[62] Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.

[63] Defendants also assert that Mattel's interrogatories are unduly burdensome because they have several discrete subparts (Nos. 51-53) or require responses regarding too many former Mattel employees and other individuals (Nos. 67-69). Fully responding to Mattel's interrogatories will undoubtedly require some effort, but there is nothing "undue" about that burden. Mattel's interrogatories address both parties' contentions and defenses on central issues, and Mattel is entitled to full discovery of such information.

00505.07975/2791132.3                    -102-                    Case No. CV 04-9049 SGL (RNBx)
                                                                  MATTEL INC.'S SEPARATE STATEMENT ISO
                                                                              MOTION TO COMPEL
                                                                                      EXHIBIT B
                                                                                      PAGE 14