# EXHIBIT D

Case 2:04-cv-09049-SGL-RNB   Document 4871   Filed 02/18/2009   Page 1 of 41

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
    & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone: 310-553-3000
6  Facsimile: 310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone: 310-312-2000
10 Facsimile: 310-312-3100

11 Attorneys for the MGA Parties For Phase Two

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-09059 and Case No. 05-02727<br><br>**DISCOVERY MATTER**<br><br>**MGA'S OPPOSITION TO SEPARATE STATEMENT IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC., AND ISAAC LARIAN**<br><br>Date: TBA<br>Time: TBA<br>Place: TBA |

667145v1

1  Here, as discussed above, information regarding the details of MGA's
2  appropriation of Mattel's documents clearly goes to the core of Mattel's
3  misappropriation of trade secrets claim.[68] This information is almost exclusively in
4  defendants' possession, as they know better than Mattel which documents they
5  misappropriated and when. Mattel's need to discover this information clearly
6  outweighs any efforts MGA and Larian will be required to undertake, particularly
7  because the volume of documents involved is due to the pervasiveness of Defendants'
8  misappropriation.[69]

## MGA'S OPPOSITION TO MATTEL'S REASONS WHY A RESPONSES TO SUPPLEMENTAL INTERROGATORY NOS. 67-69 (TO MGA AND LARIAN) SHOULD BE COMPELLED

Mattel insists it is only trying to get at information to support its claims that MGA "poached" Mattel employees for the purposes of stealing its trade secrets. Mattel states that "knowing when MGA paid employees and how much will yield evidence showing MGA's access to Mattel's internal information and additionally bear on critical issues of timing which company was developing which product or product element at issue first." (Mattel Motion 13:12-15.) But Mattel did not ask these questions or limit its questions to current of former Mattel employees. Instead it asked for personal, financial information concerning hundreds of people. Specifically, Interrogatory No. 67 asks MGA to:

> IDENTIFY fully and separately each and every payment of
> money or other item of value that YOU have made or given, or

---

[68] Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers I 12, 13, Watson Dec., Exh. 23.
[69] Defendants also assert that Mattel's interrogatories are unduly burdensome because they have several discrete subparts (Nos. 51-53) or require responses regarding too many former Mattel employees and other individuals (Nos. 67-69). Fully responding to Mattel's interrogatories will undoubtedly require some effort, but there is nothing "undue" about that burden. Mattel's interrogatories address both parties' contentions and defenses on central issues, and Mattel is entitled to full discovery of such information.

667145v1

| | |
|---|---|
| 1 | any promise, agreement, proposal Or offer by YOU to pay |
| 2 | money or give any item of value, to or on behalf |
| 3 | of any PERSON identified in any of the parties' initial |
| 4 | disclosures in this ACTION at any time when such PERSON |
| 5 | was not an employee of MGA, including without limitation |
| 6 | with respect to legal fees incurred by or on behalf of such |
| 7 | PERSON. |

(Ex. 13 to Mattel's Motion at pp. 16-17.)

Further, this interrogatory is overbroad to the extent it requires MGA to tabulate all payments ever made to *"any PERSON identified in any of the parties' initial disclosures in this ACTION at any time,"* and to produce a report after determining whether any of these individuals ever worked for Mattel in the past.

Interrogatory No. 69 seeks the same information, but with respect *"to or on behalf of any PERSON who has been employed by MATTEL."* Both interrogatories are overbroad. The burden and expense of determining whether each individual contemplated by these interrogatories was ever paid by MGA, somehow determining whether they ever worked for Mattel in the past, and then generating reports of every payment for each individual far outweighs the interrogatories' likely benefit.

The definition of "FORMER MATTEL EMPLOYEES" incorporated in RFP No. 68 is also overly broad, to the extent it identifies ten specific individuals, as well as each individual's "current or former employees, agents, representatives, attorneys accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other Person acting on [his or her] behalf, pursuant to [his or her] authority or subject to [his or her] control." It is impossible for MGA to know whether a particular person or entity comes within these overly broad definitions. This definition is further overbroad as it encompasses "any other former Mattel employee or contractor who misappropriated Mattel trade secrets or violated

667145v1

1. his or her obligations to maintain the confidentiality of Mattel's trade secrets." (See
2. Ex. 13 attached to Mattel's Motion at p. 6.)
3.     Interrogatory No. 68 asks MGA to identify each and every payment of money
4. MGA made to "FORMER MATTEL EMPLOYEES." Because of the overbreadth of
5. this definition, it would be unduly burdensome for MGA to comply given the
6. enormous number of potential individuals implicated by Mattel's definition.
7.     Further, Interrogatory Nos. 67-69 contain innumerable sub-parts because they
8. ask MGA to identify payments, agreements, and anything of value given to hundreds
9. of MGA employees, vendors and former employees identified in the parties' initial
10. disclosures, among others.

Dated: February 18, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
  & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: _____
Amman Khan
Attorneys for the MGA Parties
for Phase Two

667145v1