1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105-2669
6  Telephone: +1-415-773-5700
   Facsimile: +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017
10 Telephone: +1-213-629-2020
   Facsimile: +1-213-612-2499
11
   Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA
15                    EASTERN DIVISION

16 | CARTER BRYANT, an individual,          | Case No. CV 04-9049-SGL (RNBx)
17 |        Plaintiff,                       | Consolidated with: Case No. CV 04-9059
                                             | and Case No. CV 05-2727
18 |   v.                                    |
                                             | **DISCOVERY MATTER**
19 | MATTEL, INC., a Delaware corporation,   | [To Be Heard by Discovery Master
20 |                                         | Robert O'Brien]
   |        Defendant.                       |
21 |                                         | **MGA'S REPLY TO OPPOSITION TO
22 | AND CONSOLIDATED ACTIONS                | MOTION TO COMPEL DOCUMENTS
                                             | RESPONSIVE TO REQUESTS FOR
23 |                                         | PRODUCTION NOS. 530 AND 531 OF
                                             | MGA'S FIFTH SET OF REQUESTS
                                             | FOR PRODUCTION**

Date:      TBD
Time:      TBD
Place:     Arent Fox LLP
**Phase 2**
Discovery Cutoff: December 11, 2009
Pretrial Conference: March 1, 2010
Trial Date: March 23, 2010

**PUBLIC VERSION**

OHS West:260709221.1

MGA'S REPLY TO OPPOS MTN TO COMPEL DOCS
RESPONSIVE TO REQS FOR PROD NOS. 530 & 531
CV 04-9049 SGL (RNBx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Mattel argues that it should not have to produce documents that it already agreed to produce in response to Requests for Production Nos. 530 and 531 because of an order issued by the Court on one of Mattel's interrogatories. That order addressed separate and distinct issues and does not support Mattel's position. This memorandum will respond to Mattel's opposition to producing documents responsive to Requests Nos. 530 and 531. MGA will address in a separate opposition Mattel's procedurally defective motion for reconsideration of Order No. 11 as it relates to Mattel's Interrogatory No. 67.

With respect to Request No. 530, Mattel's only excuse for not producing documents showing the payment of legal fees to witnesses is that it is barred by Order No. 11. The problem with this argument, however, is that the Discovery Master expressly noted in Order No. 11 *that he was not resolving the issue of the discoverability of legal payments*. Instead, he was resolving the issue of the discoverability of direct payments made to former employees and other witnesses as potential bribes. The Court's ruling on Interrogatory No. 67 has no bearing on Mattel's obligation to produce documents responsive to Request No. 530. There are, however, rulings directly on point in this case that compel the production of the documents sought by Request No. 530. Three separate rulings having found that the payment of fees by a party for a witness are relevant to bias and prejudice and are therefore discoverable. MGA has already been required to produce such information; so should Mattel.

With respect to Request No. 531, which asks for information concerning Mattel's fee arrangement with Quinn Emmanuel. Contrary to Mattel's position, there is no immunity for discovery of such fee arrangements because it relates to fees paid by a party. Indeed, Mattel has sought and received fee arrangements between Bryant and his counsel. As stated in MGA's Motion, however, MGA only

seeks such information as it relates to services rendered by Quinn Emmanuel in representing third party witnesses, including former Mattel employees. Mattel should not be allowed to avoid disclosure of the very same information it has obtained from MGA simply because it has cleverly hidden that information in its own legal bills.

## BACKGROUND

The significant facts supporting MGA's Motion to Compel further responses to Requests Nos. 530 and 531 are set forth in MGA's Motion. The following additional facts, however, bear mention here:

<u>First</u>, with respect to Mattel's motion to compel responses to Interrogatory No. 67, Mattel argued only for the disclosure of payments made *to* a witness. Mattel abandoned in that motion its request in Interrogatory No. 67 for information related to the payment of legal fees *on behalf of* a witness. Supplemental Declaration of William A. Molinski ("Supp. Molinski Dec."), Exhs. A-E. As a result, the Discovery Master expressly stated that he was not resolving or addressing the discoverability of such information. Molinski Dec. Ex. K (Order No. 11, fn. 21) (The history of Mattel's intentional abandonment of its claim for information related to fee payments under Interrogatory No. 67 is addressed in more detail in MGA's Opposition to Mattel's procedurally defective "Cross-Motion" for Reconsideration of Order No. 11.)

<u>Second</u>, where Order No. 11 expressly states that it is not resolving the issue of discovery as to payments of legal fees, three other orders in this case do address that issue and find such information to be relevant and discoverable. Molinski Dec. Exhs. I, J and L. Mattel ignores those three orders in its Opposition, instead inexplicably choosing to address only the inapposite Order No. 11.

<u>Third</u>, both during the meet and confer over Request No. 531 and in MGA's Motion, MGA expressly agreed to limit that request to only documents reflecting payments of fees by Mattel on behalf of third party witnesses. Molinski Dec. ¶ 8.

# ARGUMENT

## A. Mattel Has Waived Any Objection Based On Overbreadth

Mattel's claim that Request for Production No. 530 was overbroad might have had some merit had Mattel objected and refused to answer on that ground. But Mattel did not do so: it said it would produce all responsive non-privileged documents. Molinski Dec. Ex. B. It is now apparent, however, that while Mattel said it was producing all responsive documents, it actually had produced nothing.

Mattel should be required to do what it said it would do. Having agreed to produce all responsive documents, Mattel cannot now attempt to resurrect an objection based on overbreadth.

## B. Order No. 11 Does Not Bar Request for Production No. 530

The issue addressed in Order No. 11 was the payment of fees, *i.e.* potential bribes to certain individuals, not the payment of attorneys' fees on behalf of a witness. Molinski Dec. Ex. K. Neither party addressed in their papers the payment of fees on behalf of a witness, which involves an entirely different analysis than the discoverability of potential bribes to a witness. Supp. Molinski Dec. Exhs. A-E.

When seeking to Compel responses to Interrogatory No. 67, Mattel makes no mention of its request for the payment of legal fees, instead focusing solely on payments made to individuals. Indeed, Mattel omits entirely the aspect of its request pertaining to fees paid on behalf of certain witnesses when it describes its own request:

> Mattel has expressly alleged claims for commercial bribery against Larian and MGA. Interrogatory No. 67 asks Defendants to identify every payment MGA or Larian have given *to* any person identified in any of the parties initial disclosures when that person was not an employee of MGA. (emphasis added).

Supp. Molinski Dec. Ex. A. *See also*, Supp. Molinski Dec. Exhs. B-E.

1  Having addressed its motion solely to the request for payments *to* individuals
2  as potential bribes, and not the payment of legal fees *on behalf of* a witness in this
3  cases, MGA responded in kind, addressing the information sought by Mattel. Supp.
4  Molinski Dec. Exhs. C and D.
5  Unlike payments made by a party to a witness, the payment of legal fees on
6  behalf of a witness involves the balancing of the relevance of such payments to
7  issues of bias and lack credibility with the attorney-client privilege. It is this
8  balancing that the Discovery Master first addressed in a May 15, 2007 Order and
9  more recently in Order No. 27 on May 6, 2009. Molinski Dec. Exhs. I, J and L. In
10 that later Order, the Discovery Master undertook that balancing and found that
11 certain fee information was discoverable (*i.e.* who was paying a witness' fees, how
12 much was paid and the manner of payment). *Id.* Ex. K. This analysis was entirely
13 different than the analysis the Court undertook in Order No. 11 when addressing
14 payments of potential bribes as requested by Interrogatory No. 67. Compare
15 Molinski Dec. Ex. K with Ex. L. **Indeed, the Court expressly said it was not**
16 **ruling on the propriety of requests for legal fees paid for employees since the**
17 **parties had not briefed that issue.** Molinski Dec. Ex. K, fn. 21.
18 So what Mattel would like the Court to do in ruling on requests specifically
19 calling for documents on the payment of legal fees is to ignore three rulings directly
20 on point on the need to produce such information, and instead apply a ruling on a
21 different issue where the Discovery Master expressly says he *is not* resolving the
22 issue of the discoverability of legal fees. The Discovery Master's ruling on
23 Interrogatory No. 67 in no way bars Mattel from producing the documents it agreed
24 long ago it would produce.

25 C.  **Mattel Should Be Compelled to Provide Documents Responsive to Request No. 531**
26

27 Mattel asserts two objections to producing documents related to Mattel's fee
28 arrangement with Quinn Emanuel: that the requests do not seek relevant

1  information and that they are overbroad. Neither of these objections are valid in
2  light of MGA's express willingness to limit these requests to only information
3  evidencing payments of fees by Mattel for the representation of third party
4  witnesses. Molinski Dec. ¶ 8.
5        To the extent Quinn Emanuel has been paid to represent former Mattel
6  employees, vendors, customers or other third party witnesses, such documents are
7  relevant to the same extent as information Mattel seeks on MGA's payment of
8  witness fees. None of the cases cited by Mattel suggests that fee arrangements with
9  a party are not discoverable, only that there must be some relevance to the
10  information. As noted in MGA's Motion, there have been three separate rulings in
11  this case finding that fees paid for a witness are relevant to the issue of bias and
12  prejudice. Motion p. 5-7. Two of these rulings specifically addressed – – and
13  allowed – – the production of fee agreements between a party and its counsel:
14  Molinski Dec. Ex. I and J.
15        Mattel's claim of burden also disappears in light of MGA's limitation on
16  what is being sought. MGA seeks only those documents reflecting Mattel's
17  payment of fees for third party witnesses. Mattel cannot possibly claim a burden of
18  that request when it has sought payments by MGA for and to dozens of former
19  Mattel employees over a 10 year period in a similar effort to establish witness bias.
20        Further, the declaration of Scott Watson falls woefully short of satisfying
21  Mattel's burden of demonstrating that the request – – as narrowed – – would be
22  overly burdensome. [REDACTED]
23  [REDACTED] There is no
24  indication as to how those invoices are organized, how they would need to be
25  searched, or whether the relevant information concerning payments for fees
26  representing witnesses is even within those pages. For all we know, Quinn
27  Emanuel separately invoices Mattel for those services. [REDACTED]
28  [REDACTED]

Having to redact even all of those pages is certainly not unduly burdensome in light of the breadth of Mattel's claims against MGA.

Finally, any burden is Mattel's own doing. If Mattel and Quinn Emanuel decided that services for third payment witnesses would be lumped together with services to Mattel, Mattel should not now be able to avoid disclosure of relevant information because of that disclosure. Quinn Emanuel was presumably aware of the potential for discovery into fees paid for representing third party witnesses. Mattel should not be able to avoid producing relevant information simply because it combined that information with information that is not relevant.

## **CONCLUSION**

Mattel has provided no good reason for refusing to produce documents responsive to Requests Nos. 530 and 531, and, thus should be compelled to do so. Mattel should also be sanctioned for its obstructionist positions in refusing production of the very information it has obtained from MGA.

Dated: August 10, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

By: ___/s/ William A. Molinski___
William A. Molinski
Attorneys for MGA Parties