# EXHIBIT 16

1  Robert C. O'Brien (SBN 154372)
   ARENT FOX LLP
2  555 West Fifth Street, 48th Floor
   Los Angeles, CA 90013-1065
3  Telephone: 213.629.7400
   Facsimile:  213.629.7401
4  obrien.robert@arentfox.com

5  Discovery Master

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | Case No.  CV 04-09049 SGL (RNBx) |
| 13                Plaintiff, | |
| 14                   v. | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | **PHASE 2 DISCOVERY MATTER** |
| 16                Defendant. | **ORDER NO. 43, REGARDING:** |
| 17 | **DEPOSITIONS OF NEIL<br>KADISHA AND LEON NEMAN** |
| 18 | |
| 19 | |
| 20  CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v.<br>MATTEL, INC. | |
| 21 | |
| 22 | |

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                    ORDER NO. 43
                    [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 10
PAGE 382

1    As part of Order No. 33, the Discovery Master ordered Neil Kadisha and

2    Leon Neman to sit for their depositions "before the end of July." (Letter from Peter

3    Villar to Robert C. O'Brien dated July 24, 2009, p. 1).  Prior to the expiration of

4    this deadline, Messrs. Kadisha and Neman requested that the Discovery Master

5    extend it to September, 2009. (*Id.*, p. 2; Letter from Todd Gordinier to Robert C.

6    O'Brien dated July 29, 2009, p. 1).  They claim a continuance of their depositions is

7    justified for two reasons.

8        First, they assert that "efficiency, judicial economy and fundamental

9    fairness" warrant an extension because they may have to be re-deposed again in the

10   future. (Letter from Peter Villar to Robert C. O'Brien dated July 24, 2009, p. 1).

11   Put another way, they argue that other pending discovery disputes and the

12   possibility that Mattel, Inc. ("Mattel") may seek leave to file a Fourth Amended

13   Answer and Counterclaim "have the potential to require the production of

14   additional information or documents or otherwise alter the scope of the

15   depositions." (*Id.*; Letter from Todd Gordinier to Robert C. O'Brien dated July 29,

16   2009, p. 1).  These arguments are unsupported by any legal authority.  Federal Rule

17   of Civil Procedure 26(d)(2) makes clear that "methods of discovery may be used in

18   any sequence" by a party, including Mattel.  Therefore, Mattel may proceed with

19   the depositions at a time of its choosing, not when Messrs. Kadisha and Neman

20   believe that all pending discovery matters have been resolved to their satisfaction.

21   A rule to the contrary would create discovery gridlock.  The Discovery Master and

22   Court in this action will not allow multiple depositions of the same individual

23   without good cause, so if Mattel seeks to re-depose these witnesses at some future

24   point, the witnesses are free to seek a protective order.

25       Second, Messrs. Kadisha and Neman argue that "there are a number of . . .

26   scheduling problems that unfortunately require flexibility on the part of all parties

27   in scheduling these depositions," including Mr. Neman's unavailability due to an

28   unspecified medical issue involving his mother and scheduling conflicts in July and

EXHIBIT \\(\)

PAGE 383

1     August for Mr. Kadisha, Todd Gordinier and MGA's counsel. (Letter from Peter

2     Villar to Robert C. O'Brien dated July 24, 2009, p. 1). While the Discovery Master

3     is sympathetic to any legitimate medical issue involving Mr. Neman's mother, the

4     mere assertion of a "serious medical condition" without specifying what days her

5     situation would render Mr. Neman unavailable is insufficient to allow proper

6     evaluation of the issue and set a date for his deposition. Further, with respect to

7     Mr. Kadisha's schedule as well as that of his counsel, the Discovery Master ordered

8     his deposition to proceed on May 18, 2009 and granted him forty-five days in

9     which to appear. This amount of time should have been more than sufficient for

10     any scheduling conflicts to have been avoided. Of course, counsel on both sides are

11     requested to work together in good faith to avoid undue burdens to each others' and

12     the witnesses' schedules.

13         Accordingly, the Discovery Master **ORDERS** as follows:

14     1.     Neil Kadisha shall sit for his deposition within ten (10) court days of

15     this Order and comply with Order No. 33 in all other respects. Counsel for Neil

16     Kadisha shall immediately meet and confer with Mattel's counsel to determine a

17     mutually agreeable date within the foregoing period for Mr. Kadisha's deposition.

18     If no such agreement can be reached, Mattel may seek *ex parte* relief from the

19     Discovery Master, who will then set a date for the deposition.

20     2.     Counsel for Leon Neman shall immediately meet and confer with

21     Mattel's counsel to determine a mutually agreeable date for Mr. Neman's

22     deposition. If no such agreement can be reached, Mattel may seek *ex parte* relief

23     from the Discovery Master, who will then set a date for the deposition.

24     Dated:     July 30, 2009

25

26                               By:       /s/ Robert C. O'Brien

27                                       ROBERT C. O'BRIEN
                                          Discovery Master

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ORDER NO. 43
[Case No. CV 04-09049 SGL (RNBx)]


EXHIBIT __\\0__
PAGE __38 9/__

# EXHIBIT 17

# BINGHΛM

Todd E. Gordinier
Direct Phone: 714.830.0622
Direct Fax: 714.830.0717
todd.gordinier@bingham.com

August 3, 2009

**Via E-mail And U.S. Mail**

Discovery Master Robert C. O'Brien
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Re: <u>Mattel, Inc. v. MGA Entertainment, Inc., et al.</u>

Dear Mr. O'Brien:

Your Order No. 43 dated July 30, 2009 instructed counsel for Messrs. Kadisha
and Neman to immediately meet and confer to schedule a deposition for Mr.
Kadisha within 10 court days (August 13) and for Mr. Neman on a mutually
agreeable date. Upon receipt of your Order, the parties scheduled a meet and
confer phone conference on July 31, and we reached out to our clients to inform
them of the Order.

Although your Order did not specify a time period for Mr. Neman's deposition,
Mr. Neman offered to sit for his deposition on Tuesday, August 4, Friday August
14 or any time the week of August 17 in order to ensure that his deposition is
taken in a timely manner. Mattel's counsel chose to take Mr. Neman's deposition
on August 14. Therefore, Mr. Neman's deposition is set.

We learned that Mr. Kadisha is on a family vacation in Israel and will not be
returning to the United States until Saturday, August 22, which is 6 court days
after the deadline in your Order. While we were aware that he had scheduling
issues (as set forth in our prior letters to you) we were not aware that he would be
out of the country for this entire period.

We notified Mattel's counsel of this situation on July 31 and asked if they would
be willing to stipulate to a brief extension until the week of August 24. We also
offered to schedule Mr. Neman's deposition for August 4 (even though it would
be difficult for him) so that at least one of the depositions still would occur within
the 10-day period. We have had additional discussions with Mattel's and MGA's
counsel since Friday. Earlier this morning, Mattel's counsel indicated that they
were not willing to stipulate due to MGA's apparent unwillingness to stipulate to
an extension of the Court's Scheduling Order and current discovery cut-off date
of December 11, 2009.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/73109540.1

EXHIBIT 17
PAGE 385

Discovery Master Robert C. O'Brien
August 3, 2009
Page 2

While we understand and accept the Discovery Master's need to avoid discovery gridlock, we ask for limited reconsideration of your prior Order in light of these circumstances. We do not believe that delaying Mr. Kadisha's deposition by one week will prejudice Mattel, particularly given that both Mr. Neman's and Mr. Kadisha's depositions will still occur before the end of this month and well before the current discovery deadline that is more than four months away (of course, Mattel has a motion pending to extend that deadline by several months).

Mattel's counsel has informed us that they are available to take Mr. Kadisha's deposition during the week of August 24. Accordingly, we respectfully ask the Discovery Master to issue a modified Order so that Mr. Kadisha may sit for his deposition during that week and thereby have it completed before the end of August 2009.

Thank you for your consideration.

Very truly yours,

Todd E. Gordinier

cc:  Michael Zeller, Esq.
     Peter Villar, Esq.
     Jason Russell, Esq.
     Annette Hurst, Esq.
     Thomas McConville, Esq.
     Drew Hansen, Esq.

EXHIBIT __17__
PAGE __386__

# EXHIBIT 18

1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA  90013-1065
3   Telephone:  213.629.7400
    Facsimile:   213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12   CARTER BRYANT, an individual,        Case No.  CV 04-09049 SGL (RNBx)

13                    Plaintiff,
                                          Consolidated with
14              v.                        Case No. CV 04-09059
                                          Case No. CV 05-2727
15   MATTEL, INC., a Delaware
     corporation,                         **PHASE 2 DISCOVERY MATTER**
16
                     Defendant.           **ORDER NO. 44, REGARDING:**
17
                                              **(1) DEPOSITION OF NEIL
18                                            KADISHA; and**

19                                            **(2) EXTENSION OF TIME FOR
                                              MATTEL, INC. TO FILE ITS
20                                            OPPOSITION TO MGA'S
                                              MOTION TO COMPEL FURTHER
21                                            RESPONSES TO MGA'S FIRST
                                              SET OF PHASE 2
22                                            INTERROGATORIES AND
                                              SECOND SET OF PHASE 2
23                                            REQUESTS FOR PRODUCTION**

24

25   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
26   MGA ENTERTAINMENT, INC. v.
     MATTEL, INC.
27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                                    ORDER NO. 44
                                      [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __18__
PAGE __387__

## I.    THE DEPOSITION OF NEIL KADISHA

As part of Order No. 43, the Discovery Master ordered Neil Kadisha to sit for deposition within ten court days of July 30, 2009. Because he is out of the country until Saturday, August 22, 2009, Mr. Kadisha requests an extension of this deadline by approximately ten days. (Letter from Todd Gordinier to Robert C. O'Brien dated August 3, 2009, pp. 1 and 2).

Mattel, Inc. ("Mattel") opposes this request on the grounds that (1) Mr. Kadisha has been compelled to sit for his deposition on two prior occasions, (2) Mattel has sought Mr. Kadisha's deposition for several months, (3) Mr. Kadisha has been aware that he must be deposed for a substantial period of time, (4) Mr. Kadisha had ample time to resolve any scheduling issues, (5) any hardship imposed on Mr. Kadisha is one of his own making and (6) Mattel will be prejudiced by any additional delay. (Letter from Michael Zeller to Robert C. O'Brien dated August 3, 2009, pp. 1 – 3). Mattel further requests that the Discovery Master issue an Order to Show Cause why coercive sanctions should not be imposed and why Mr. Kadisha should not be sanctioned in the amount of $10,000 for each day he fails to appear beyond the current deadline of August 13, 2009. (*Id.*, pp. 3 and 4).

The Discovery Master finds that good cause exists to extend Mr. Kadisha's deadline to sit for his deposition to the week of August 24, 2009 and that Mattel will not suffer any irreparable harm by this short delay. Counsel for Neil Kadisha shall immediately meet and confer with Mattel's counsel to determine a mutually agreeable date within the week of August 24, 2009 for Mr. Kadisha's deposition. If no such agreement can be reached, Mattel may select a date between August 24, 2009 and August 28, 2009 on which it wishes to proceed with the deposition. Absent extraordinary circumstances, Mr. Kadisha will be sanctioned if he fails to appear for his deposition as required by this Order. In addition, Mr. Kadisha is ordered to review his deposition testimony and make any changes thereto within ten court days of receiving the deposition transcript.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

ORDER NO. 44
[Case No. CV-04-09049 SGL (RNBx)]

EXHIBIT ___16___

PAGE ___388___

1   **II.    EXTENSION OF TIME FOR MATTEL TO OPPOSE MGA'S**
2          **MOTION TO COMPEL**

3          On August 3, 2009, Mattel requested an extension of three court days in

4   which to file its opposition to MGA Entertainment, Inc.'s ("MGA") Motion to

5   Compel Further Responses to MGA's First Set of Phase 2 Interrogatories and

6   Second Set of Requests for Production ("Opposition"). (Letter from Michael Zeller

7   to Robert C. O'Brien dated August 3, 2009, pp. 1 and 3). Mattel admits that the

8   deadline to file its Opposition has passed but claims that a calendaring error

9   accounts for the mistake. (*Id.*, p. 1). It further argues that an extension is warranted

10  because it needs the time to obtain declarations supporting its Opposition. (*Id.*).

11         MGA opposes the request for an extension because, among other things,

12  (1) it was made after the Opposition was due, (2) it is difficult to fathom that a

13  calendaring error occurred, (3) MGA needs the information sought by the motion to

14  compel, and (4) Mattel has refused to grant extensions to MGA when desperately

15  needed, including with respect to some documents that must be produced for *in*

16  *camera* review today (i.e., August 4). (Letter from Annette Hurst to Robert C.

17  O'Brien dated August 3, 2009, pp. 1 – 3).

18         The Discovery Master finds that good cause exists to extend Mattel's

19  deadline to file the Opposition to August 5, 2009 and that MGA will not suffer any

20  irreparable harm by this short delay.  The Discovery Master also reminds MGA

21  that if additional time is warranted for it to comply with any discovery issues or

22  discovery orders, including with respect to producing documents for *in camera*

23  review today (i.e., August 4), it may seek relief from the Discovery Master.

24  Dated:     August 4, 2009

25

26                                    By:_____ /s/ Robert C. O'Brien

27                                           ROBERT C. O'BRIEN
                                             Discovery Master
28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                    - 2 -                    ORDER NO. 44
                                                    [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___
PAGE ___

# EXHIBIT 19

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California 90017-2543
     Telephone:   (213) 443-3000
6    Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                     UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                           EASTERN DIVISION

| | |
|---|---|
| 12 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13     Plaintiff, | Consolidated with |
| 14     vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15 MATTEL, INC., a Delaware<br>corporation, | NOTICE OF DEPOSITION OF<br>PATRICK MA |
| 16     Defendant. | |
| 17 | Date:  August 11, 2009<br>Time:  9:00 a.m. |
| 18 AND CONSOLIDATED CASES | Place.:  Bird & Bird<br>       33/F Three Pacific Place |
| 19 |        1 Queen's Road East<br>       Hong Kong |

20

21

22

23

24

25

26

27

28

07975/3028001.1

NOTICE OF DEPOSITION OF PATRICK MA

EXHIBIT 19

PAGE 390

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3    Patrick Ma on August 11, 2009 beginning at 9:00 a.m., at the offices of Bird & Bird,

4    33/F Three Pacific Place, 1 Queen's Road East, Hong Kong.

5         PLEASE TAKE FURTHER NOTICE that the deposition will take

6    place upon oral examination before a duly authorized notary public or other officer

7    authorized to administer oaths at depositions, and will continue from day to day,

8    Sundays, Saturdays and legal holidays excepted, until completed.

9         PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ.</u>

10   <u>P.</u> 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

11   Livenote or other technology for real-time transcription of the testimony.

12

13   DATED:  July 28, 2009           QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
14

15                                   By  _Michael T. Zeller_
16                                       Michael T. Zeller
                                         Attorneys for Mattel, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __19__
PAGE __391__

07975/3028001.1                           -2-
                                              NOTICE OF DEPOSITION OF PATRICK MA

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On July 28, 2009, I served true copies of the following document(s) described as **NOTICE OF DEPOSITION OF PATRICK MA** on the parties in this action as follows:

William A. Molinski
Orrick, Herrington & Sutcliffe, LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017

[ X ]  **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 28, 2009, at Los Angeles, California.

Dave Quintana - NOW Legal Services, Inc.

07975/3028160.1

EXHIBIT 19
PAGE 392

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On July 28, 2009, I served true copies of the following document(s) described as **NOTICE OF DEPOSITION OF PATRICK MA** on the parties in this action as follows:

Mark E. Overland, Esq.                    Thomas J. Nolan, Esq.
Alexand H. Cote, Esq.                     Jason D. Russell, Esq.
Overland Borenstein Scheper & Kim         Skadden Arps Slate Meagher & Flom
LLP                                       300 S. Grand Avenue, Suite 3400
601 West Fifth Street, 125th Floor        Los Angeles, CA 90071
Los Angeles, CA 90071


Melinda Haag                              Todd E. Gordinier
Annette L. Hurst                          Bingham McCutchen LLP
Warrington S. Parker III                  600 Anton Boulevard, 18th Floor
Orrick, Herrington & Sutcliffe, LLP       Costa Mesa, CA 92626
The Orrick Building
405 Howard Street
San Francisco, CA 94105


Byron Z. Moldo, Esq.
Ervin Cohen & Jessup LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974


[ X ]  **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 28, 2009, at Los Angeles, California.


_Tiffany V. Garcia_
Tiffany V. Garcia

EXHIBIT __19__
PAGE __393__

# EXHIBIT 20

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California 90017-2543
     Telephone:  (213) 443-3000
6    Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                  UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13            Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14       vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | NOTICE OF DEPOSITION OF YOON<br>JUNG KIM AKA SUSAN JUNG KIM |
| 16 | |
| 17            Defendant. | Date:    November 11, 2009<br>Time:   9:30 a.m. |
| 18  AND CONSOLIDATED CASES | Place.:  Boston Marriott Cambridge<br>         2 Cambridge Center<br>         Cambridge, MA 02142 |
| 19 | |
| 20 | **Phase 2**<br>Discovery Cut-off:  December 11, 2009 |
| 21 | Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

22

23

24

25

26

27                                      EXHIBIT 20
28                                      PAGE 394

07975/3035139.1

                    8·5    -1-
        NOTICE OF DEPOSITION OF YOON JUNG KIM AKA SUSAN JUNG KIM

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3    Yoon Jung Kim aka Susan Jung Kim, on November 11, 2009, beginning at

4    9:30 a.m., at the Boston Marriott Cambridge, 2 Cambridge Center, Cambridge,

5    Massachusetts 02142.

6          PLEASE TAKE FURTHER NOTICE that the deposition will take

7    place upon oral examination before a duly authorized notary public or other officer

8    authorized to administer oaths at depositions, and will continue from day to day,

9    Sundays, Saturdays and legal holidays excepted, until completed.

10          PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

11   P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

12   Livenote or other technology for real-time transcription of the testimony.

13

14   DATED:  August 5, 2009          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
15

16                                   By  B. Dylan Proctor/TB
17                                       B. Dylan Proctor
                                         Attorneys for Plaintiff Mattel, Inc.
18

19

20

21

22

23

24

25

26

27

28                                   EXHIBIT 20
                                     PAGE 395

07975/3035139.1

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Massachusetts

| | |
|---|---|
| CARTER BRYANT, an Individual | ) |
| *Plaintiff* | ) |
| v. | ) |
| MATTEL, INC., a Delaware Corporation | ) |
| *Defendant* | ) |

Civil Action No.   Misc. CV 04-9049 SGL (RNBx)

(If the action is pending in another district, state where:

Central District Of California

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Yoon Jung Kim aka Susan Jung Kim c/o Ryan G. Baker, Esq. Baker Marquart Crone & Hawkhurst, LLP,
10990 Wilshire Blvd., 4th Floor, Los Angeles, CA 90024

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a
deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate
one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf
about the following matters, or those set forth in an attachment:

| Place:  Boston Marriott Cambridge 2 Cambridge Center Cambridge, MA 02142 | Date and Time: 11/11/2009 9:30 am |
|---|---|

The deposition will be recorded by this method:   Real time transcription and video tape.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents,
electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:  8/5/09

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
        MATTEL INC., a Delaware Corporation                     , who issues or requests this subpoena, are:
B. Dylan Proctor, Esq. QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017
213-443-3112 dylanproctor@quinnemanuel.com



EXHIBIT 20
PAGE 390

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.  Misc. CV 04-9049 SGL (RNBx)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____  on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ . for travel and $ _____ . for services, for a total of $  0.00  .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*


                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc:


EXHIBIT 20
PAGE 397

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



EXHIBIT 20
PAGE 398

# EXHIBIT 21

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**NOTICE OF DEPOSITION OF JANINE BRISBOIS**<br><br>Date:    November 13, 2007<br>Time:    9:30 a.m.<br>Place.:  Quinn Emanuel Urquhart Oliver<br>         & Hedges, LLP<br>         865 South Figueroa Street, 10th<br>         Floor<br>         Los Angeles, CA 90017<br><br>Discovery Cut-Off: January 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date:  April 29, 2008 |

EXHIBIT 21
PAGE 300

NOTICE OF DEPOSITION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of Janine Brisbois on November 8, 2007 beginning at 9:30 a.m., at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

PLEASE TAKE FURTHER NOTICE that the deposition will take place upon oral examination before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ. P.</u> 30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED: September 14, 2007  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Jon Corey
Attorneys for Mattel, Inc.

EXHIBIT _2__
PAGE _400_   NOTICE OF DEPOSITION

07209/2218704.1

1

## PROOF OF SERVICE

2   I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action. My business address is Now Legal Services,
3   1301 West 2nd Street, Suite 206, Los Angeles, CA 90026.

4   On September 14, 2007, I served true copies of the following document(s)
described as: **NOTICE OF DEPOSITION OF JANINE BRISBOIS** on the
5   parties in this action as follows:

6   Diana M. Torres, Esq.
**O'Melveny & Myers**
7   400 So. Hope Street
Los Angeles, CA  90071
8

9

10
**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
11  being served.

12
   I declare that I am employed in the office of a member of the bar of this Court at whose
13  direction the service was made.

14

15   Executed on September 14, 2007, at Los Angeles, California.
16

17

18                                        _____
                                          Now Legal Services-Dave Quintana
19

20

21

22

23

24

25

26

27

28

07209/2218704 1

EXHIBIT 2 1
PAGE 40 1                    NOTICE OF DEPOSITION

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California.

On September 14, 2007, I served true copies of the following document(s) described as: **NOTICE OF DEPOSITION OF JANINE BRISBOIS** on the parties in this action as follows:

| | |
|---|---|
| John W. Keker | Patricia Glaser, Esq. |
| Michael H. Page | **Christensen, Glaser, Fink,** |
| Christa M. Anderson | **Jacobs, Weil** |
| Keker & Van Nest, LLP | **& Shapiro, LLP** |
| 710 Sansome STreet | 10250 Constellation Blvd., 19th |
| San Francisco, CA 94111-1704 | Floor |
| | Los Angeles, CA  90067 |

James W. Spertus, Esq.
**LAW OFFICES OF JAMES W.**
**SPERTUS**
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

[√] **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

Executed on September 14, 2007, at Los Angeles, California.

Albert Villamil

07209/2218704.1

EXHIBIT 21
PAGE 902

NOTICE OF DEPOSITION

# EXHIBIT 22

1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013-1065
3   Telephone: 213.629.7400
    Facsimile: 213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8                    UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | Case No.  CV 04-09049 SGL (RNBx) |
| 13             Plaintiff, | Consolidated with |
| 14             v. | Case No. CV 04-09059 <br> Case No. CV 05-2727 |
| 15  MATTEL, INC., a Delaware <br> corporation, | **PHASE 2 DISCOVERY MATTER** |
| 16             Defendant. | **ORDER NO. 35, REGARDING:** |
| 17 | **DISCOVERY MASTER'S <br> RECOMMENDATION THAT THE <br> COURT EXECUTE A LETTER OF <br> REQUEST ON BEHALF OF <br> MATTEL** |
| 18 | |
| 19 | |
| 20  CONSOLIDATED WITH <br> MATTEL, INC. v. BRYANT and <br> MGA ENTERTAINMENT, INC. v. <br> MATTEL, INC. | |
| 21 | |
| 22 | |

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                        ORDER NO. 35
                          [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 72
PAGE 403

1    Having reviewed Mattel, Inc.'s Motion for Issuance of a Letter of Request,

2    and all other papers submitted in support of an in opposition thereto, and having

3    conducted oral argument thereon, the Discovery Master finds that good cause exists

4    to **RECOMMEND** that the Court execute the Letter of Request attached hereto as

5    Exhibit A.

6

7    Dated:        May 21, 2009

8

9                                            By:        /s/ Robert C. O'Brien

10                                                      ROBERT C. O'BRIEN
                                                        Discovery Master.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

ORDER NO. 35
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 22
PAGE 404

# EXHIBIT A

EXHIBIT 22
PAGE 405

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10                         EASTERN DIVISION
11

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 13 | Plaintiff, | Consolidated with |
| 14 | .vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15 | MATTEL, INC., a Delaware<br>corporation,, | **[PROPOSED] REQUEST FOR<br>JUDICIAL ASSISTANCE (LETTER<br>OF REQUEST) BY THE UNITED<br>STATES DISTRICT COURT FOR<br>THE CENTRAL DISTRICT OF<br>CALIFORNIA** |
| 16 | | |
| 17 | Defendant. | |
| 18 | AND CONSOLIDATED ACTIONS | |

19
20
21
22
23
24
25
26
27
28

07975/2938972.1

REQUEST FOR JUDICIAL ASSISTANCE

EXHIBIT 22
PAGE 406

1

## **TABLE OF CONTENTS**

2
                                                                                            **Page**
3

4   I.    NATURE OF PROCEEDINGS ............................................................... 2

5         A.    Names and Addresses of the Parties and Their Representatives ........... 2

6         B.    Nature and Purpose of the Proceedings and Summary of the
7               Alleged Facts ........................................................................... 2

8               1.    Procedural Background ............................................... 2

9               2.    Knowledge of Person to be Examined ........................... 4

10                    (a)    Janine Brisbois ............................................... 4

11                    (b)    MGA Entertainment Canada ............................ 6

12  II.   CANADIAN EVIDENCE SOUGHT ............................................... 6

13        A.    Janine Brisbois ....................................................................... 7

14        B.    MGA Entertainment Canada's Person Most Knowledgeable ............... 9

15              1.    Subject Matter About Which The Deponents Are To Be
                      Examined .................................................................. 10

16              2.    Special Methods or Procedures to be Followed ....................... 10

17              3.    Fees and Costs ........................................................... 10

18              4.    Conclusion ................................................................ 10

19  III.  REQUEST FOR JUDICIAL ASSISTANCE ................................... 11

20  IV.   RECIPROCITY ...................................................................... 14

21  V.    CONCLUSION ...................................................................... 14

22  SCHEDULE A ................................................................................. 15

23  SCHEDULE B ................................................................................. 16

24  SCHEDULE C ................................................................................. 20

25  SCHEDULE D ................................................................................. 21

26  SCHEDULE E .................................................................................. 25

27

28

07975/2938972.1                                        -i-



EXHIBIT 22
PAGE 407

1  **TO THE ONTARIO SUPERIOR COURT OF JUSTICE:**

2      The United States District Court for the Central District of California presents

3  its compliments to the Ontario Superior Court of Justice, and requests international

4  judicial assistance to obtain the following: (1) the production of documents and oral

5  examination, under oath, from Janine Brisbois, as set forth in Schedule B and C,

6  respectively; (2) the production of documents from MGA Entertainment Canada, as

7  set forth in Schedule D; and (3) the oral examination, under oath, from MGA

8  Entertainment Canada on the topics set forth in Schedule E.

9      This request is made pursuant to 28 U.S.C. § 1781 and the Canada Evidence

10  Act, Revised Statutes of Canada, 1970, c. E-10. This Court, the United States

11  District Court for the Central District of California, Eastern Division, is a

12  competent court of law and equity which properly has jurisdiction over this

13  proceeding, and has the power to compel the attendance of witnesses and production

14  of documents both within and outside its jurisdiction. On information and belief,

15  Ms. Brisbois resides in Canada. The testimony of Ms. Brisbois and the production

16  of documents by her is intended for use at trial. Further, on information and belief,

17  the person most knowledgeable on the topics set forth in Schedule E is employed by

18  MGA Entertainment Canada and resides in Ontario, Canada. The testimony of this

19  witness and the production of documents by MGA Canada is intended for use at

20  trial.

21      This request is made with the understanding that it will in no way require the

22  person described below to commit any offense, nor will it require the person

23  described below to undergo a broader form of inquiry than they would if the

24  litigation were conducted in Canada. In the proper exercise of its authority, this

25  Court has determined that the testimony of Janine Brisbois on the topics set forth in

26  Schedule C and the documents described in Schedule B can not be secured except

27  by the intervention of the Ontario Superior Court of Justice. This Court has further

28  determined that the testimony of the person most knowledgeable on the topics set

1

REQUEST FOR JUDICIAL ASSISTANCE

EXHIBIT 22
PAGE 408

1 │ forth in Schedule E and the documents described in Schedule D can not be secured
2 │ except by intervention of the Ontario Superior Court of Justice.
3 │ **I.     NATURE OF PROCEEDINGS**
4 │     **A.     Names and Addresses of the Parties and Their Representatives**
5 │       The evidence requested relates to the action entitled <u>Bryant v. Mattel, Inc.</u>,
6 │ Case No. CV 04-9049 SGL (RNBx), which consists of three actions that have been
7 │ consolidated before the requesting judicial authority: <u>Mattel, Inc. v. Bryant</u>, Case
8 │ No. CV 04-9049 SGL (RNBx) (the "Bryant Case"); <u>Bryant v. Mattel, Inc.</u>, Case
9 │ No. CV 04-9049 SGL (RNBx) (the "Declaratory Relief Case"), and <u>MGA v.</u>
10 │ <u>Mattel, Inc.</u>, Case No. CV05-2727 SGL (RNBx) (the "Unfair Competition Case").
11 │ The parties and their representatives are listed in Schedule A attached hereto.  The
12 │ applicant for this letter of request is defendant and cross-plaintiff Mattel, Inc.
13 │ ("Mattel").
14 │     **B.     Nature and Purpose of the Proceedings and Summary of the**
15 │        **Alleged Facts**
16 │       **1.     Procedural Background**
17 │     <u>Mattel's Original Complaint</u>.  Mattel learned in November 2003 that Carter
18 │ Bryant, a former Mattel doll designer, had contracted to provide and provided
19 │ services to MGA Entertainment, Inc. while he was a Mattel employee.  Mattel
20 │ originally filed suit against Bryant for breach of contract, breach of fiduciary duty,
21 │ breach of the duty of loyalty, unjust enrichment and conversion in April 2004.  In its
22 │ Complaint, Mattel alleged its claim to ownership of all inventions and works created
23 │ by Bryant during his Mattel employment and seeks to recover all benefits obtained
24 │ as a result of his breach of duties.  As of January 2005, Bryant claimed he had
25 │ earned more than $10 million from his relationship with MGA.  MGA intervened in
26 │ Mattel's case against Bryant in December 2004 to defend the rights it claims in the
27 │ Bratz properties, which Bryant created while, Mattel alleges, he was a Mattel doll
28 │ designer.

EXHIBIT 22
PAGE 469

1    Bryant's Counterclaims.  Bryant initially challenged the assignment
2 provisions in the Inventions Agreement between he and Mattel in four
3 Counterclaims, alleging unconscionability, mistake, duress, fraud, Labor Code
4 violations, Business and Professions Code violations, unfair competition and other
5 claims.  Bryant sought rescission of the Inventions Agreement and a declaration that
6 the Inventions Agreement is unenforceable.  The Court dismissed all of Bryant's
7 Counterclaims in an 18-page Order.  The Court rejected Bryant's arguments that the
8 Inventions Agreement is not enforceable, holding that, even construing Bryant's
9 allegations in the light most favorable to him, "Bryant cannot prove any set of facts
10 in support of the claims that would entitle him to relief."

11    In addition to his Counterclaims, Bryant sued Mattel in November 2004 for a
12 declaratory judgment that he had not infringed the copyrights in a Mattel project
13 known as "Toon Teens."  Like his Counterclaims, the Court dismissed Bryant's
14 declaratory judgment complaint on the pleadings.

15    Consolidation.  After the Court lifted a discovery stay imposed while the
16 Ninth Circuit Court of Appeal resolved an appeal regarding subject matter
17 jurisdiction issues, the Court consolidated Mattel's case against Bryant, Bryant's
18 declaratory relief case and a case that MGA had filed against Mattel alleging trade
19 dress infringement, delusion and unfair competition, among others, for all purposes.

20    Mattel's Second Amended Counterclaims.  Mattel filed its Second Amended
21 Answer and Counterclaims on July 12, 2007, asserting thirteen counterclaims
22 against six named defendants, MGA Entertainment, Inc., Isaac Larian, MGA
23 Entertainment (HK) Ltd., MGAE de Mexico S.R.L. de C.V., Carlos Gustavo
24 Machado Gomez, and Carter Bryant.  Mattel's counterclaims included claims for
25 copyright infringement, misappropriation of trade secrets, violation of and
26 conspiracy to violate the Racketeer Influenced and Corrupt Organizations ("RICO")
27 Act, breach of contract, intentional interference with contract, breach of fiduciary
28 duty, aiding and abetting breach of fiduciary duty, breach of duty of loyalty, aiding

REQUEST FOR JUDICIAL ASSISTANCE

EXHIBIT _22_
PAGE _410_

1 | and abetting breach of duty of loyalty, conversion, unfair competition, and
2 | declaratory relief.

3 | In its Second Amended Counterclaims, Mattel alleges that MGA and other
4 | defendants have engaged in the systematic theft of Mattel's trade secrets, which
5 | MGA used to unfairly compete against Mattel.[1] It is alleged that MGA hired
6 | directly from Mattel at least 25 employees, ranging from the Senior Vice-President
7 | level to lower level employees.[2] Mattel further alleged that MGA specifically
8 | targeted and recruited many of these employees based on the Mattel confidential and
9 | proprietary information the Mattel employees could access and bring to MGA.[3]
10 | Janine Brisbois was one of these Mattel employees.

11 | ### 2.   Knowledge of Person to be Examined

12 | #### (a)   Janine Brisbois

13 | Mattel has alleged that Janine Brisbois was one of the principal actors in
14 | MGA's scheme to steal and profit from Mattel's trade secrets and confidential and
15 | proprietary information. MGA recruited Janine Brisbois in 2005. In 2005,
16 | Ms. Brisbois was a Director of Sales for Mattel's Girls Division in Canada and
17 | responsible for Mattel's accounts with Toys 'R Us and Wal-Mart.[4] When
18 | Ms. Brisbois joined MGA Entertainment Canada, MGA gave her responsibility for
19 | those same accounts.[5]

20 | Mattel alleges that Ms. Brisbois spoke with Isaac Larian, the President and
21 | CEO of MGA, prior to her departure from Mattel, and four days before she
22 | resigned, copied approximately 45 Mattel documents containing Mattel proprietary

23 |

24 | [1]   The allegations set forth in this section are from Mattel's Second Amended
25 | Counterclaims dated July 12, 2007. Id. at ¶ 37.
26 | [2]   Id. at ¶ 77.
26 | [3]   Id.
27 | [4]   Id. at ¶ 71.
27 | [5]   Id. at ¶ 73.
28 |

07975/2938972.1

4

1  advertising, project, sales, customer and strategy information (for both Canada and

2  the United States) onto a USB drive.[6]  While Ms. Brisbois was working as a Vice

3  President of Sales at MGA Entertainment Canada, Brisbois accessed and used a

4  number of these Mattel documents.[7]  Mattel further alleges that Ms. Brisbois and

5  MGA subsequently used these stolen trade secrets to improperly benefit MGA

6  Entertainment, Inc., including its management of MGA's Toys 'R Us and Wal-Mart

7  accounts.[8]  Ms. Brisbois' testimony regarding her participation in this alleged

8  scheme with MGA and anyone acting on MGA's behalf is, therefore, both relevant

9  to and essential for Mattel's prosecution of its Counterclaims.[9]

10      Mattel's document requests also seek highly relevant documents.  Mattel

11  requests documents containing communications between Ms. Brisbois and MGA

12  prior to her resignation from Mattel.  Such documents will prove that Ms. Brisbois,

13  acting in concert with MGA, planned and subsequently stole Mattel's trade secret, or

14  otherwise confidential and propriety information.  These documents are also

15  relevant and necessary to support Mattel's Counterclaims for misappropriation of

16  trade secrets, among others.[10]  Similarly, documents regarding Mattel's proprietary

17  information received by MGA from Ms. Brisbois (either directly or indirectly) will

18  show the same and such documents are necessary in order for Mattel to adequately

19  prosecute its Counterclaims.

20      Mattel has previously sought to depose Ms. Brisbois.  Mattel noticed her

21  deposition and requested, through MGA's counsel, that she voluntarily appear for

22

23

24

25  [6]  Id. at ¶ 74.
    [7]  Id. at ¶¶ 70-76.
26  [8]  Id. at ¶ 97.
    [9]  Id. at ¶¶ 88-97; 98-105, 106-115.
27  [10]  Id. at ¶¶ 88-97; 98-105, 106-115.

28

5

REQUEST FOR JUDICIAL ASSISTANCE
EXHIBIT 22
PAGE 412

1  deposition and produce the requested documents. MGA's counsel, on behalf of
2  Ms. Brisbois, refused.[11]
3              **(b)    MGA Entertainment Canada**
4        Through this Letter of Request, Mattel seeks discovery in the form of
5  deposition testimony and documents regarding how MGA Entertainment Canada
6  used Mattel's trade secrets, confidential and proprietary information to the benefit of
7  MGA Entertainment in the United States. This discoverable information requires
8  that Mattel understand the manner in which MGA Entertainment Canada accesses,
9  stores, reproduces, disseminates, and/or reviews the documents and information
10  stolen by Ms. Brisbois from Mattel. Accordingly, Mattel seeks the deposition of
11  MGA Entertainment Canada's person most knowledgeable on the topics set forth in
12  Schedule E.
13  **II.    CANADIAN EVIDENCE SOUGHT**
14        The evidence to be obtained consists of testimony for use in the trial of the
15  actions that have been consolidated as part of Bryant v. Mattel, Inc., Case No. 04-
16  9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727). It
17  is requested that a Canadian judicial authority compel Janine Brisbois to appear and
18  to be deposed, under oath, as to her knowledge of the topics set forth in Schedule C.
19  Additionally, Mattel requests the production of documents, as set forth in Schedule
20  B. It is further requested that a Canadian judicial authority compel MGA
21  Entertainment Canada to identify a designee and to appear and to be deposed, under
22  oath, as to his or her knowledge of the topics set forth in Schedule E, and compel
23  MGA Entertainment Canada to produce the documents described in Schedule D.
24
25
26
27  [11]  See generally Declaration of Jon D. Corey dated January 28, 2008 and
      Exhibits A-O attached thereto.
28

REQUEST FOR JUDICIAL ASSISTANCE

EXHIBIT 22
PAGE 413

1       **A.    Janine Brisbois**

2           Ms. Brisbois resides in your jurisdiction at 3130 Cole Road, RR # 2,

3   Queensville, Ontario, Canada L0GR0. As detailed in section I.B.2, *supra*, it is

4   alleged that Ms. Brisbois was one of the principal actors engaged in MGA's scheme

5   of wrongdoing underlying Mattel's Counterclaims in that she stole and subsequently

6   assisted MGA in profiting from Mattel's trade secrets, or otherwise confidential or

7   proprietary information. Mattel has alleged:

8               In 2005, MGA needed help in Canada. So MGA, again

9               operating from its Southern California headquarters,

10             hired Janine Brisbois from Mattel. At that time,

11             Ms. Brisbois was responsible for Mattel's account with

12             Toys 'R Us ("TRU") and Wal-Mart. MGA gave her

13             responsibility for those same accounts, and she took from

14             Mattel documents containing proprietary advertising,

15             project, sales, customer and strategy information for not

16             only Canada, but for the United States. Eliminating any

17             doubt that MGA then proceeded to use those stolen

18             materials, Brisbois subsequently accessed and modified

19             certain of those Mattel documents while employed by

20             MGA.[12]

21                        *     *     *

22             Mattel subsequently learned that on the same day that she

23             spoke with Mr. Larian and four days before she resigned,

24             Brisbois copied approximately 45 Mattel documents on

25             to a USB or "thumb" drive with the volume label

26             "BACKPACK." On information and belief, Brisbois

27

28

07975/2938972.1

REQUEST FOR JUDICIAL ASSISTANCE

EXHIBIT 22
PAGE 414

1   removed the thumb drive from Mattel Canada's office by
2   concealing it in her backpack or gym bag the last time
3   that she left that office.  These documents contained
4   Mattel trade secret and proprietary information, and
5   included:
6       •    a document containing the price, cost, sales plan
7   and quantity of every Mattel product ordered by every
8   Mattel customer in 2005 and 2006;
9       •    the BARBIE television advertising strategy and
10  information concerning sales increases generated by
11  television advertisements;
12      •    competitive analysis of Mattel vis-à-vis its
13  competitors in Canada;
14      •    an analysis of Mattel's girls business sales
15  beginning in 2003 and forecasts through 2006;
16      •    profit and loss reviews for Mattel's products being
17  sold in Wal-Mart, including margins and profit in not
18  only Canada, but in the United States and Mexico; and a
19  document containing the product launch dates and related
20  advertising for all Mattel new products between Fall
21  2005 and Spring 2006.[13]
22                  *        *        *
23  After Mattel discovered that Brisbois had copied these
24  sensitive documents to a thumb drive, Mattel notified
25  Canadian law enforcement authorities.  Canadian law
26
27  [12]  Id. at ¶ 4.
28  [13]  Id. at ¶ 74.

REQUEST FOR JUDICIAL ASSISTANCE

EXHIBIT  22
PAGE  4/5

1       enforcement authorities recovered from Brisbois a thumb

2       drive with the volume label "BACKPACK" containing

3       the documents that Brisbois had copied from Mattel's

4       computer system. Mattel later learned that while she was

5       working as a Vice President of Sales at MGA, Brisbois

6       accessed and modified documents on that thumb drive.[14]

7       These allegations, and others, underlie Mattel's claims for misappropriation of

8  trade secrets and RICO violations.[15]  These allegations are also relevant to Mattel's

9  claims in that they will bear on and Mattel believes will evidence MGA's theft and

10  use of Mattel's trade secrets. Moreover, they are relevant to MGA's unfair

11  competition claims because such information will prove that it was MGA that had

12  prior access to Mattel's business plans and strategies and that MGA was the one

13  copying Mattel—not the other way around as MGA alleges.

14       Because Ms. Brisbois has unique and personal knowledge of the matters at

15  issue in the consolidated litigation proceedings, it will further the interests of justice

16  if she is deposed, under oath, as to her knowledge of the facts which are relevant to

17  the issues of these cases and produce the documents set forth in Schedule B.

18       **B.     MGA Entertainment Canada's Person Most Knowledgeable**

19       MGA Entertainment Canada resides in your jurisdiction at 7100 Woodbine

20  Avenue, Suite #202, Markham, Ontario, Canada, L3R 5J2. MGA Entertainment

21  Canada's designee on the topics set forth in Schedule E has unique and personal

22  knowledge regarding the manner in which MGA Entertainment Canada accessed,

23  used, reproduced, disseminated and/or transferred Mattel's trade secrets, confidential

24  and proprietary information stolen by Ms. Brisbois. Therefore, it will further the

25  interests of justice if MGA Entertainment Canada designee is deposed, under oath,

26

27    [14]   Id. at ¶ 75.
      [15]   Id. at ¶¶ 88-115.

28

EXHIBIT 22
PAGE 411

1 | as to his or her knowledge of the facts which are relevant to the issues of these cases
2 | and produce the documents set forth in Schedule D.

3 |       **1.**    **Subject Matter About Which The Deponents Are To Be**
4 |               **Examined**

5 |       The subject matter about which Ms Brisbois is to be examined is set forth in
6 | Schedule C. The subject matter about which MGA Entertainment Canada designee
7 | is to be examined is set forth in Schedule E.

8 |       **2.**    **Special Methods or Procedures to be Followed**

9 |       The examinations shall be taken under the Federal Rules of Civil Procedure
10 | of the United States of America, except to the extent such procedure is incompatible
11 | with the internal laws of Canada.

12 |       The examination shall be taken before a commercial stenographer and a
13 | verbatim transcript shall be produced. The deposition shall also be videotaped.

14 |       **3.**    **Fees and Costs**

15 |       Any fees and costs incurred by Ms. Brisbois or MGA Entertainment Canada
16 | in conjunction with their respective depositions and production of documents will be
17 | paid by Defendant Mattel, Inc, through its counsel of record: Jon D. Corey, Quinn
18 | Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor,
19 | Los Angeles, CA 90017. Mattel's payment of any such fees and costs is without
20 | prejudice to its making a subsequent request to be reimbursed for these costs by
21 | other parties in this consolidated proceeding.

22 |       **4.**    **Conclusion**

23 |       Based on the foregoing and the Court's review of the pleadings, the
24 | Declaration of Jon D. Corey filed concurrently with the Letter of Request, this Court
25 | has concluded that Janine Brisbois has information, including both personal
26 | knowledge and documents, about the transactions that are the subject of the civil
27 | action against MGA and Carter Bryant, including but not limited to her knowledge
28 | of the alleged theft of Mattel's propriety advertising, project, sales, customer and

EXHIBIT 22
PAGE 417

1  strategy information and her knowledge of communications with MGA, or anyone

2  acting on MGA's behalf, on or before September 27, 2005, regarding her resignation

3  from Mattel; compensation, money or anything of value paid by MGA to

4  Ms. Brisbois.

5       Further, this Court has concluded that MGA Entertainment Canada has

6  information, including both personal information and documents, about the

7  transactions which are the subject of the civil action against MGA and Carter

8  Bryant, including but not limited to the manner in which MGA Entertainment

9  Canada accessed, used, reproduced, disseminated and/or transferred Mattel's trade

10  secrets, confidential and proprietary information stolen by Ms. Brisbois.

11      Accordingly, in the interests of justice and to assure a complete record, it is

12  necessary for: (1) Janine Brisbois to produce the documents set forth in Schedule B;

13  (2) Janine Brisbois to be examined under oath on the topics set forth in Schedule C;

14  (3) MGA Entertainment Canada to produce the documents set forth in Schedule D;

15  and (4) MGA Entertainment Canada to produce a designee knowledgeable about the

16  topics set forth in Schedule E to be examined under oath.

17  **III.   REQUEST FOR JUDICIAL ASSISTANCE**

18      The evidence sought cannot be obtained other than from Janine Brisbois or

19  MGA Entertainment Canada, through deposition and document production, and

20  such evidence will be useful to this Court in determining the validity of the claims

21  and defenses in this case. The evidence sought is necessary for trial in this matter

22  and will be adduced at trial, if admissible and appropriate.

23      Therefore, after having thoroughly reviewed the pleadings in this matter and

24  the exhibits attached to the concurrently filed Declaration of Jon D. Corey, this

25  Court requests the following as to Janine Brisbois:

26      (1)   You cause, by your proper and usual process, Janine Brisbois to be

27  summoned to appear before you or some competent office authorized by you, on a

28  date mutually agreed upon by the deponent and the parties or at a time and/or place

EXHIBIT 22
PAGE 418

1   to be determined by you, to give testimony under oath by questions and answers
2   upon oral deposition, such deposition to continue day to day until completion and
3   conducted in accordance with the Federal Rules of Civil Procedure or as permitted
4   by you. In the event that the Law of Canada does not permit the swearing of an oath
5   by a particular witness, the duly appointed officer shall make inquiry of such
6   witness to ensure that he/she understands the gravity of the procedure and affirms
7   that his/her statement will be true and correct in all respects.

8          (2)      You permit Janine Brisbois to be examined under oath by counsel for
9   all parties in this matter, allowing full examination and cross-examination on the
10  subject matter of this case, including the topics delineated in Schedule C to this
11  Letter of Request.

12         (3)      You order Janine Brisbois to produce documents at the offices of
13  Heenan Blaikie LLP, Attn: George Karayannides, Suite 2600, 200 Bay Street, Royal
14  Bank Plaza, South Tower, Toronto, Ontario M5J 2J4 in accordance with Schedule B
15  to this Letter of Request and not later than 5 court days prior to the date of
16  Ms. Brisbois' deposition.

17         (4)      You order Janine Brisbois to produce, at or immediately after the oral
18  examination, specific documents relevant to the subject matter of this case, the
19  existence of which becomes known during the course of the examination and which
20  are requested by counsel.

21         (5)      You cause a verbatim transcript of the testimony of the witness to be
22  taken and reduced to writing.  The deposition shall also be videotaped.

23         (6)      You order, pursuant to Ontario Rule of Civil Procedure 30.1, that the
24  oral and documentary evidence produced pursuant to your enforcement of this
25  Letter of Request shall not be used by anyone in any manner or proceeding other
26  than in this matter, Bryant v. Mattel, Inc., Case No. 04-9049 SGL (RNBx)
27  (Consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United
28

07975/2938972.1

12

REQUEST FOR JUDICIAL ASSISTANCE
EXHIBIT  22
PAGE  419

1  States District Court for the Central District of California.  A Protective Order was
2  entered in this action on January 4, 2005 (Attachment A hereto).

3          This Court further requests the following as to MGA Entertainment Canada:
4          (1)      You cause, by your proper and usual process, MGA Entertainment
5  Canada to produce a designee with knowledge of the topics set forth in Schedule E
6  to be summoned to appear before you or some competent office authorized by you,
7  on a date mutually agreed upon by the deponent and the parties or at a time and/or
8  place to be determined by you, to give testimony under oath by questions and
9  answers upon oral deposition, such deposition to continue day to day until
10  completion and conducted in accordance with the Federal Rules of Civil Procedure ·
11  or as permitted by you.  In the event that the Law of Canada does not permit the
12  swearing of an oath by a particular witness, the duly appointed officer shall make
13  inquiry of such witness to ensure that he/she understands the gravity of the
14  procedure and affirms that his/her statement will be true and correct in all respects.

15          (2)      You permit MGA Entertainment Canada's knowledgeable designee to
16  be examined under oath by counsel for all parties in this matter, allowing full
17  examination and cross-examination on the subject matter of this case, including the
18  topics delineated in Schedule E to this Letter of Request.

19          (3)      You order MGA Entertainment Canada to produce documents at the
20  offices of Heenan Blaikie LLP, Attn: George Karayannides, Suite 2600, 200 Bay
21  Street, Royal Bank Plaza, South Tower, Toronto, Ontario M5J 2J4 in accordance
22  with Schedule D to this Letter of Request and not later than 5 court days prior to the
23  date of MGA Entertainment Canada's person most knowledgeable deposition.

24          (4)      You order MGA Entertainment Canada to produce, at or immediately
25  after the oral examination, specific documents relevant to the subject matter of this
26  case, the existence of which becomes known during the course of the examination
27  and which are requested by counsel.

28

EXHIBIT  22
PAGE  420

1       (5)    You cause a verbatim transcript of the testimony of the witness to be

2   taken and reduced to writing. The deposition shall also be videotaped.

3       (6)    You order, pursuant to <u>Ontario Rule of Civil Procedure</u> 30.1, that the

4   oral and documentary evidence produced pursuant to your enforcement of this

5   Letter of Request shall not be used by anyone in any manner or proceeding other

6   than in this matter, <u>Bryant v. Mattel, Inc.</u>, Case No. 04-9049 SGL (RNBx)

7   (Consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United

8   States District Court for the Central District of California. A Protective Order was

9   entered in this action on January 4, 2005 (Attachment 1 hereto).

10  **IV.**    **RECIPROCITY**

11      This Court expresses its sincere willingness to provide similar assistance to

12  the Ontario Superior Court of Justice if future circumstances should require.

13  **V.**    **CONCLUSION**

14      In the spirit of comity and reciprocity, this Court hereby requests international

15  judicial assistance in the form of this Letter of Request to compel: (1) Janine

16  Brisbois to produce the documents set forth in Schedule B; (2) Janine Brisbois to be

17  examined under oath on the topics set forth in Schedule C; (3) MGA Entertainment

18  Canada to produce the documents set forth in Schedule D; and (4) MGA

19  Entertainment Canada to produce a knowledgeable designee on the topics set forth

20  in Schedule E to be examined under oath.

21  DATED: _____, 2009

22

23  By_____

24      THE HONORABLE STEPHEN G. LARSON
    United States District Judge

25      SHERRI R. CARTER, Clerk of the Court

26

27  By_____
    Deputy Clerk_____

28

14

REQUEST FOR JUDICIAL ASSISTANCE

EXHIBIT 22
PAGE 421

1

## SCHEDULE A [REVISED]

2

### NAMES AND ADDRESSES OF THE PARTIES

3

### AND THEIR REPRESENTATIVES

4

| | |
|---|---|
| 5 6 7 8   Skadden, Arps, Slate, Meagher & Flom LLP<br>   Thomas J. Nolan, Esq.<br>   Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>   tnolan@skadden.com<br>   jrussell@skadden.com | **Attorneys for *the MGA Parties*** |
| Glaser, Weil, Fink, Jacobs, & Shapiro, LLP<br>   Patricia L. Glaser, Esq.<br>10250 Constellation Blvd 19th Floor<br>Los Angeles, CA 90067<br>   pglaser@glaserweil.com | **Attorneys for *the MGA Parties*** |
| Mitchell, Silberberg, & Knupp, LLP<br>   Russell J. Frackman, Esq.<br>11377 W. Olympic Blvd.<br>Los Angeles, CA 90064<br>   rjf@msk.com | **Attorneys for *the MGA Parties*** |
| Overland Borenstein Scheper & Kim, LLP<br>   Mark E. Overland, Esq.<br>   Alexander H. Cote, Esq.<br>601 West Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>   moverland@obsklaw.com<br>   acote@obsklaw.com | **Attorneys for *Carlos Gustavo Machado Gomez*** |
| Peter H. Bonis Law Offices<br>   Peter Bonis<br>1990 N. California Blvd.<br>8th Floor<br>Walnut Creek, CA 94596<br>   peter@bonislaw.com | **Attorney for *Carter Bryant*** |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

01975/2938972.1

REQUEST FOR JUDICIAL ASSISTANCE

EXHIBIT 22
PAGE 422

1                           **SCHEDULE B**

2          For purpose of construing the below-listed Requested Documents, the

3   following definitions and instructions apply:

4   **I.    DEFINITIONS**

5              For purposes of these Requests, the following definitions apply:

6          A.    The terms "YOU" and "YOUR" shall mean Janine Brisbois, her

7   attorneys, accountants, agents, and all persons acting under her, or by her direction

8   or control, or on her behalf.

9          B.    "MGA" means MGA Entertainment, Inc. and any individual or entity

10  acting directly or indirectly by, through, under or on behalf of MGA

11  Entertainment, Inc., including but not limited to current or former directors, officers,

12  employees, agents, contractors, attorneys, accountants, or representatives of MGA

13  Entertainment, Inc. and any corporation, partnership, association, trust, parent,

14  subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and

15  any other PERSON acting on its behalf.

16         C.    The term "MATTEL" means Mattel, Inc. and all current or former

17  directors, officers, employees, agents, contractors, attorneys, accountants,

18  representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and

19  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

20  authority or subject to its control.

21         D.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

22  "recordings" as those terms are defined in Rule 1001 of the <u>Federal Rules of</u>

23  <u>Evidence</u> and Rule 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all

24  writings, including but not limited to handwriting, typewriting, printing, image,

25  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

26  to) electronic mail (including instant messages and text messages) or facsimile,

27  video and audio recordings, and every other means of recording upon any tangible

28  thing, any form of communication or representation, and any record thereby created,

                                  16

REQUEST FOR JUDICIAL ASSISTANCE



EXHIBIT  22
PAGE  423

1 regardless of the manner in which the record has been stored, and all non-identical

2 copies of such DOCUMENTS, in the possession, custody, or control of YOU,

3 YOUR counsel, or any other PERSON acting on YOUR behalf.

4   E. The term "COMMUNICATION," in the plural as well as the singular,

5 means any transmittal and/or receipt of information, whether such was oral or

6 written, and whether such was by chance, prearranged, formal or informal, and

7 specifically includes, but is not limited to, conversations in person, telephone

8 conversations, electronic mail (including instant messages and text messages),

9 voicemail, letters, memoranda, statements, media releases, magazine and newspaper

10 articles, and video and audio transmissions.

11   F. "BRATZ PRODUCT" means any product, whether two-dimensional or

12 three-dimensional, and whether in tangible, digital, electronic or other form: (i) that

13 is or has ever been distributed, marketed or sold under the name "Bratz" or as part of

14 the "Bratz" line; (ii) that depicts, incorporates, embodies, consists of or REFERS

15 OR RELATES TO BRATZ; and/or (iii) that is or has ever been distributed,

16 marketed or sold in any packaging that includes the name "Bratz" or depicts,

17 incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ.

18   G. The term "PERSON," in the plural as well as the singular, means any

19 natural person, association, partnership, corporation, joint venture, government

20 entity, organization, trust, institution, proprietorship, or any other entity recognized

21 as having an existence under the laws in United States or any other nation.

22   H. The terms "RELATE TO" and "RELATING TO" means any and all of

23 the following terms and their synonyms: refer to, discuss, constitute, evidence,

24 pertain to, mention, support, contradict, negate, bear on, touch on, contain, embody,

25 reflect, identify, state, deal with, concern, comment on, respond to, relevant to, or

26 describe.

27

28

07975/2938972.1

17

## II.     REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between MGA, Isaac Larian and Ron Brawer, on the one hand, and Janine Brisbois, on the other, ("Brisbois") prior to September 27, 2005.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO COMMUNICATIONS between MGA, Isaac Larian and Ron Brawer, on the one hand, and Brisbois, on the other, prior to September 27, 2005, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation from Mattel.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Brisbois, whether directly or indirectly, by MGA between January 2005 and the present.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS received by MGA, directly or indirectly, from Brisbois RELATING TO any MATTEL product or plan.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO MGA's receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Brisbois.

18

REQUEST FOR JUDICIAL ASSISTANCE

07975/2938972.1


EXHIBIT 22
PAGE 425

1  **REQUEST FOR PRODUCTION NO. 7:**

2       A copy of each personnel file maintained or created by MGA

3  RELATING TO Brisbois, excluding any portions solely related to medical or health

4  care information, and excluding social security numbers, tax identification numbers,

5  dates of birth, indications of sexual orientation, bank account numbers and checking

6  account numbers.

7  **REQUEST FOR PRODUCTION NO. 8:**

8       All DOCUMENTS taken by Brisbois from Mattel Canada, Inc.,

9  including but not limited to the 45 Mattel documents contained on a USB or

10  "thumb" drive with the volume label "BACKPACK" from Mattel's Canada, Inc.'s

11  office.

12  **REQUEST FOR PRODUCTION NO. 9:**

13       All DOCUMENTS RELATING TO COMMUNICATIONS between

14  Brisbois, on the one hand, and Toys 'R Us or Wal-Mart on the other, or anyone

15  acting on behalf of Toys 'R Us or Wal-Mart, between September 27, 2005, and

16  January 1, 2007, including but not limited to her COMMUNICATIONS with Toys

17  'R Us or Wal-Mart about promotions of MGA products.

18  **REQUEST FOR PRODUCTION NO. 10:**

19       All DOCUMENTS, including but not limited to all

20  COMMUNICATIONS with any PERSON, created by Brisbois while employed by

21  MGA RELATED TO MGA's marketing of products that compete with Mattel's

22  products, recruiting or attempting to recruit Mattel's employees, or the theft of

23  Mattel trade secrets, confidential or proprietary information.

24

25

26

27

28

REQUEST FOR JUDICIAL ASSISTANCE



EXHIBIT   22
PAGE    426

1                     **SCHEDULE C**

2    SUBJECT MATTER ABOUT WHICH MS. BRISBOIS IS TO BE EXAMINED

3  1.    Theft of Mattel documents containing proprietary advertising, project, sales,

4       customer and strategy information by anyone, including Ms. Brisbois.

5  2.    Theft by Ms. Brisbois of approximately 45 Mattel documents contained on a

6       USB or "thumb" drive with the volume label "BACKPACK" from Mattel's

7       Canada office.

8  3.    Ms. Brisbois' communications with MGA, or anyone acting on MGA's behalf,

9       on or before September 27, 2005, including but not limited to

10      communications regarding Ms. Brisbois' resignation from Mattel;

11      compensation, money or anything of value paid by MGA to Ms. Brisbois.

12  4.   Ms. Brisbois' receipt, access, use, reproduction, copying, storage,

13      transmission, transfer, disclosure, retention, destruction, deletion or use of any

14      documents, data and/or information, that were prepared, made, created,

15      generated, assembled or compiled by or for MATTEL and that MGA

16      received, directly or indirectly from Brisbois.

17  5.   Ms. Brisbois' access, use, dissemination or disclosure of Mattel's trade secrets,

18      or otherwise confidential or proprietary information, while employed by

19      MGA, including but not limited to Mattel's information regarding advertising

20      strategy and in-store promotions at retailers.

21  6.   Ms. Brisbois' communications with MGA, including but not limited to Isaac

22      Larian or Ron Brawer, relating to her decision to join MGA and other matters

23      at issue in this Action.

24

25

26

27

28

REQUEST FOR JUDICIAL ASSISTANCE

EXHIBIT __22__

PAGE __427__

1

## SCHEDULE D

2        For purpose of construing the below-listed Requested Documents, the

3  following definitions and instructions apply:

4  **I.    DEFINITIONS**

5          For purposes of these Requests, the following definitions apply:

6      I.    The terms "YOU" and "YOUR" shall mean MGA Entertainment

7  Canada, its attorneys, accountants, agents, and all persons acting under its direction

8  or control, or on its behalf.

9      J.    "MGA" means MGA Entertainment, Inc. and any individual or entity

10  acting directly or indirectly by, through, under or on behalf of MGA

11  Entertainment, Inc., including but not limited to current or former directors, officers,

12  employees, agents, contractors, attorneys, accountants, or representatives of MGA

13  Entertainment, Inc. and any corporation, partnership, association, trust, parent,

14  subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and

15  any other PERSON acting on its behalf.

16      K.    The term "MATTEL" means Mattel, Inc. and all current or former

17  directors, officers, employees, agents, contractors, attorneys, accountants,

18  representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and

19  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

20  authority or subject to its control.

21      L.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

22  "recordings" as those terms are defined in Rule 1001 of the Federal Rules of

23  Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all

24  writings, including but not limited to handwriting, typewriting, printing, image,

25  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

26  to) electronic mail (including instant messages and text messages) or facsimile,

27  video and audio recordings, and every other means of recording upon any tangible

28  thing, any form of communication or representation, and any record thereby created,

21

1  regardless of the manner in which the record has been stored, and all non-identical
2  copies of such DOCUMENTS, in the possession, custody, or control of YOU,
3  YOUR counsel, or any other PERSON acting on YOUR behalf.
4      M.      The term "COMMUNICATION," in the plural as well as the singular,
5  means any transmittal and/or receipt of information, whether such was oral or
6  written, and whether such was by chance, prearranged, formal or informal, and
7  specifically includes, but is not limited to, conversations in person, telephone
8  conversations, electronic mail (including instant messages and text messages),
9  voicemail, letters, memoranda, statements, media releases, magazine and newspaper
10 articles, and video and audio transmissions.
11     N.      "BRATZ PRODUCT" means any product, whether two-dimensional or
12 three-dimensional, and whether in tangible, digital, electronic or other form: (i) that
13 is or has ever been distributed, marketed or sold under the name "Bratz" or as part of
14 the "Bratz" line; (ii) that depicts, incorporates, embodies, consists of or REFERS
15 OR RELATES TO BRATZ; and/or (iii) that is or has ever been distributed,
16 marketed or sold in any packaging that includes the name "Bratz" or depicts,
17 incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ.
18     O.      The term "PERSON," in the plural as well as the singular, means any
19 natural person, association, partnership, corporation, joint venture, government
20 entity, organization, trust, institution, proprietorship, or any other entity recognized
21 as having an existence under the laws in United States or any other nation.
22     P.      The terms "RELATE TO" and "RELATING TO" means any and all of
23 the following terms and their synonyms: refer to, discuss, constitute, evidence,
24 pertain to, mention, support, contradict, negate, bear on, touch on, contain, embody,
25 reflect, identify, state, deal with, concern, comment on, respond to, relevant to, or
26 describe.
27
28

07975/2938972.1

22

REQUEST FOR JUDICIAL ASSISTANCE

EXHIBIT 22
PAGE 424

## II.    REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and Janine Brisbois

("Brisbois") prior to September 27, 2005.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO COMMUNICATIONS between

YOU and Brisbois prior to September 27, 2005, including but not limited to all

calendar entries, phone logs, phone records and notes reflecting such

COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including but not limited to all

COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation

from Mattel.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS, including but not limited to all

COMMUNICATIONS with any PERSON, RELATING TO compensation, money

or any other item of value paid to Brisbois, whether directly or indirectly, by MGA

between January 2005 and the present.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS received by YOU, directly or indirectly, from

Brisbois RELATING TO any MATTEL product or plan.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO YOUR receipt, access, use,

reproduction, copying, storage, transmission, transfer, disclosure, retention,

destruction, deletion or use of any DOCUMENTS, data and/or information, that

were prepared, made, created, generated, assembled or compiled by or for MATTEL

and that MGA received, directly or indirectly from Brisbois.

23

REQUEST FOR JUDICIAL ASSISTANCE

EXHIBIT 22

PAGE 430

1  **REQUEST FOR PRODUCTION NO. 7:**

2          A copy of each personnel file maintained or created by YOU

3  RELATING TO Brisbois, excluding any portions solely related to medical or health

4  care information, and excluding social security numbers, tax identification numbers,

5  dates of birth, indications of sexual orientation, bank account numbers and checking

6  account numbers.

7  **REQUEST FOR PRODUCTION NO. 8:**

8          All DOCUMENTS taken by Brisbois from Mattel Canada, Inc.,

9  including but not limited to the 45 Mattel documents contained on a USB or

10  "thumb" drive with the volume label "BACKPACK" from Mattel's Canada, Inc.'s

11  office.

12  **REQUEST FOR PRODUCTION NO. 9:**

13          All DOCUMENTS RELATING TO COMMUNICATIONS between

14  YOU, on the one hand, and Toys 'R Us or Wal-Mart on the other, or anyone acting

15  on behalf of Toys 'R Us or Wal-Mart, between September 27, 2005 and January 1,

16  2007, regarding Ms. Brisbois or Ms. Brisbois' responsibility for the Toys 'R Us and

17  Wal-Mart accounts with MGA, and COMMUNICATIONS with Toys 'R Us or Wal-

18  Mart about promotions or advertising for MGA products.

19  **REQUEST FOR PRODUCTION NO. 10:**

20          All DOCUMENTS, including but not limited to all

21  COMMUNICATIONS with any PERSON, created by Brisbois while employed by

22  MGA RELATED TO MGA's marketing of products that compete with Mattel's

23  products, recruitment or attempted recruitment of Mattel's employees, or the theft of

24  Mattel trade secrets or confidential or proprietary information.

25

26

27

28

07975/2938972.1

REQUEST FOR JUDICIAL ASSISTANCE

EXHIBIT  22
PAGE   4/31

## SCHEDULE E

### SUBJECT MATTER ABOUT WHICH PERSON MOST KNOWLEDGEABLE IS TO BE EXAMINED

1.    Knowledge of MGA Entertainment Canada's methods and procedures regarding the access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Janine Brisbois.

2.    Knowledge of MGA Entertainment Canada's methods and procedures regarding the access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information regarding MGA Entertainment Canada's advertising, project, sales, customer and strategy information related to any Bratz Product, regardless of whether such information was received directly or indirectly from Janine Brisbois.

07975/2938972.1

25

EXHIBIT  22
PAGE  432