MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
| Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| v. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
| Defendant. | **OPPOSITION TO CROSS-MOTION TO COMPEL AND MOTION FOR LIMITED RECONSIDERATION OF ORDER NO. 11** |
| AND CONSOLIDATED ACTIONS | Date:        TBD |
| | Time:       TBD |
| | Place:      Arent Fox LLP |
| | **Phase 2** |
| | Discovery Cutoff:     December 11, 2009 |
| | Pretrial Conference: March 1, 2010 |
| | Trial Date:   March 23, 2010 |

1

**PRELIMINARY STATEMENT**

2          Mattel's Cross-Motion for Reconsideration of Order No. 11 (the "Cross-

3   Motion") should be denied for several reasons.

4          <u>First</u>, Mattel failed to comply with the Court's December 6, 2006 Order

5   requiring the moving party to first identify the dispute and the basis for relief in a

6   letter sent to all counsel.  Indeed, Mattel only raised its concerns as to Interrogatory

7   No. 67 in a meet and confer ***initiated by MGA on separate responses***, and at no

8   time did Mattel send a meet and confer letter as required by Court Order.  Indeed,

9   Mattel has taken the position that a party is required to send a meet and confer letter

10  as a condition to bringing a motion.  Mattel should be required to live by its own

11  edicts.  Mattel's Cross-Motion should be struck as procedurally defective.

12         <u>Second</u>, Mattel has waived the right to seek to expand Interrogatory No. 67

13  to include legal fees paid on behalf of a witness.  When Mattel moved to compel on

14  Interrogatory No. 67, it only sought information concerning payments ***to*** certain

15  witnesses and abandoned its request for legal fees ***on behalf of*** witnesses.

16         <u>Third</u>, the Discovery Master properly ruled that Interrogatory No. 67 is over

17  broad.  There is no justification for revisiting that issue.

18

**BACKGROUND**

19         On February 9, 2009, Mattel moved to compel responses to Interrogatory

20  No. 67 (as well as No. 68 and 69).  Declaration of William A. Molinski ("Molinski

21  Dec."), Ex. A.  Interrogatory No. 67 is addressed to two distinct issues:  (1)

22  payments of money ***to*** the individuals in the Rule 26 disclosure and (2) payments of

23  legal fees ***on behalf of*** such persons.  In its Motion to Compel Responses to these

24  interrogatories, however, Mattel asked the Court only to compel responses as to

25  payments made to these witnesses.  In its moving papers, Mattel repeatedly

26  requested only the payments made ***to*** these witnesses as is clear from how ***Mattel***

27  describes its request in its motion:

28

1         Interrogatory No. 67 asks Defendant to identify every payment MGA

2         or Larian have given **to any person**, identified in any of the parties'

3         initial disclosures when that person was not an employee of MGA.

4         (emphasis added).

5   Molinski Dec., Ex. A (Motion, p. 12, lns. 6-8.)

6         Interrogatory Nos. 67-78 . . . request[s] information regarding MGA's

7         payments **to** former Mattel employees and individuals identified in the

8         parties' initial disclosures.  (emphasis added).

9   *Id.*, Ex. B (Mattel's Separate Statement, p. 95:20-22.)

10        Interrogatory No. 67 asks Defendants to identify the payment MGA or

11        Larian made **to** any person identified in the parties' initial disclosures

12        when that person was not an employee of MGA.  (emphasis added).

13  *Id.*, Ex. E (Mattel's Reply, p. 20:19-21:1.)

14        Mattel wholly abandoned its request in Interrogatory No. 67 for any

15  information responsive to that request related to the payment of legal fees **on behalf**

16  **of** a witness.  Indeed, Mattel's motion to compel responses to Interrogatory No. 67

17  makes no mention of legal payments paid on behalf of witnesses and makes no

18  effort to justify any such request.  Molinski Dec., Exhs. A, B & E.

19        MGA, in response, opposed Mattel's request for payments made to those

20  witnesses, recognizing that Mattel was no longer seeking payment of fees on behalf

21  of witnesses – – at least under Interrogatory No. 67.[1]  Molinski Dec., Exhs. C & D.

22        In ruling on Mattel's motion, the Court, in Order No. 11, recognized that the

23  parties were not seeking information related to fee payments and expressly stated

24  that it was not addressing that issue in its Order No. 11.  Molinski Dec., Ex. F,

25  fn. 21.

26

27  _____

[1] That is not to say that Mattel has not sought information related to fee payments

28  **on behalf of** witnesses, but have done so under Interrogatories 68 and 69, which are limited to only such information paid on behalf of former Mattel employees.

OHS West:260708443.1     - 2 -     OPPOS TO CROSS-MOTION TO COMPEL & MOTION FOR LIMITED RECONSIDERATION OF ORDER NO. 11
CV 04-9049 SGL (RNBx)

**MEET AND CONFER**

On July 13, 2009, Mattel's counsel, requested a meet and confer over Mattel's Interrogatories Nos. 68 and 69 and various document requests that Mattel claimed called for the production of documents related to the payment of legal fees by MGA for certain witnesses.  Mattel did not request a meeting over Interrogatory No. 67, which the Court had refused to compel.  Molinski Dec., Ex. G.

In response, MGA's counsel said they would meet with Mattel on these requests, but that the meeting should also include MGA's requests for documents related to Mattel's payment of legal fees for witnesses.  Molinski Dec., Ex**. H.** Mattel's counsel quipped in response:

> If you believe that Mattel has somehow failed to comply with its own
> obligations . . . . *then you need to send a meet and confer letter as*
> *required by the Discovery Master Stipulation and Order*.  Those
> claims, however, do not excuse MGA's non-compliance [with Mattel's
> interrogatories and document requests].  (emphasis added).

Molinski Dec., Ex. I.

MGA complied with Mattel's demand sending a meet and confer letter on Requests Nos. 530 and 531 on July 20, 2009.  Molinski Dec. Ex. J.

During the meet and confer on MGA's Requests Nos. 530 and 531, Mattel's counsel – – the same counsel who just days prior said that meet and confers could only be initiated with a formal letter as required by the Discovery Master Stipulation and Order – – said that Mattel might seek to revisit the ruling on Mattel's Interrogatory No. 67.  Mattel made no further effort to meet on Interrogatory No. 67 and at no time sent a meet and confer letter, as required by the Discovery Master Stipulation and Order.  Molinski Dec., ¶ 10.  Apparently Mattel believes that the Discovery Master Stipulation and Order applies only to MGA.

On August 5, 2009, with no prior notice to MGA, Mattel filed its "Cross-Motion to Compel and Motion for Limited Reconsideration of Order No. 11."  In

1    that unannounced Cross-Motion, Mattel claimed that its compliance with MGA's

2    Request Nos. 530 and 531 was excused because of MGA's purported non-

3    compliance with Interrogatory No. 67, which the Court had refused to compel.

4                                **ARGUMENT**

5    **A.    Mattel Failed To Comply With The Discovery Master Stipulation And**
         **Order**

6

7          Mattel does not dispute that the first – – and only – – time it raised the issue

8    of revisiting Interrogatory No. 67 on July 20, 2009 was orally in a call that was

9    initiated to discuss other discovery requests.  Mattel concedes that it did not send

10   the meet and confer letter required by the Discovery Master Stipulation and Order.

11   Moreover, just three days prior, Mattel asserted that merely raising an issue in a

12   meet and confer over other issues ***did not*** comply with the Discovery Master

13   Stipulation and Order and that meet and confer was ineffective without the requisite

14   letter initiating that meet and confer.  Molinski Dec. Ex. H.

15         If the Discovery Master Stipulation and Order means anything, the Court

16   must refuse to consider Mattel's procedurally defective Cross-Motion.  Mattel

17   cannot be permitted to speak out of both sides of its mouth – – forcing compliance

18   with the Discovery Master Stipulation and Order by MGA, and then ignoring the

19   very same requirements it said were necessary as a condition to bringing a motion.

20   As Mattel is quick to quip "what is good for the gander, is good for the goose."

21   Mattel's procedurally defective Cross-Motion should be denied.

22   **B.    Mattel Has Waived Any Right To Seek Information Related to Legal**
         **Payments Under Interrogatory No. 67**

23

24         In moving to compel on Interrogatory No. 67, Mattel abandoned any effort to

25   obtain legal fees paid ***on behalf of*** witnesses on the parties' disclosures, instead

26   opting for only payments made ***to*** these individuals.  Mattel, instead, sought and

27   received information for payment of legal fees under Interrogatories Nos. 68 and

28   69, which relate only to former Mattel employees instead of the broader request

under Interrogatory No. 67.  Mattel cannot now be permitted to resurrect its request for legal payments under Interrogatory No. 67 that it long since waived.

Indeed, MGA agreed to produce information related to legal fees paid to former Mattel employees under Interrogatories 68 and 69 in reliance on the more narrowed request related only to former Mattel employees.  Molinski Dec., ¶ 13, Ex. J.  MGA produced this information even though the requests would arguably not require such production.  Having received information as to the narrowed universe of former Mattel employees, Mattel should not now be permitted to expand that universe to what it had previously abandoned.

**C.**   **The Court Properly Ruled That Interrogatory No. 67 Is Vastly Overbroad**

Interrogatory No. 67 does not simply request legal fees paid by Mattel on behalf of individuals or the parties disclosures, but also seeks all payments of any kind to those individuals.  This request would require MGA to identify every individual who previously worked for Mattel and generate a report for all payments made to those individuals.  For individuals employed as independent contractors, this would arguably require information on every payment made for services rendered, which cannot possibly evidence bias or prejudice.  This request would, as MGA pointed out, require, for example, disclosure of every time Isaac Larian gave his brother a birthday present since Isaac's brother is on the witness list.  Moreover, since Mattel was only claiming bribery as to former Mattel witnesses, it would require discovery wholly unrelated to Mattel's claims.  Finally, this interrogatory will require the invasion of privacy of numerous individuals whose personal financial information was being sought.  The Discovery Master correctly denied Mattel's motion to compel responses to this interrogatory and should do so again.

1

2

Dated:    August 12, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

3

4          By: _____/s/ William A. Molinski_____
                        William A. Molinski
5          Attorneys for MGA ENTERTAINMENT, INC.,
           MGA ENTERTAINMENT HK, LTD., MGA de
6          MEXICO, S.R.L. de C.V., and ISAAC LARIAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOS TO CROSS-MOTION TO COMPEL & MOTION
FOR LIMITED RECONSIDERATION OF ORDER NO. 11
CV 04-9049 SGL (RNBx)