# EXHIBIT A

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Plaintiff Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  CARTER BRYANT, an           CASE NO. CV 04-9049 SGL (RNBx)
    individual,
13                              Consolidated with Case Nos. CV 04-09059
               Plaintiff,       and CV 05-02727
14
         vs.                    **DISCOVERY MATTER**
15
    MATTEL, INC., a Delaware    **[To Be Heard By Discovery Master Robert
16  corporation,               O'Brien]**

17             Defendant.       [PUBLIC REDACTED] MATTEL, INC.'S
                                NOTICE OF MOTION AND MOTION TO
18  ───────────────────────     COMPEL RESPONSES TO
    AND CONSOLIDATED            INTERROGATORIES AND PRODUCTION
19  ACTIONS                     OF DOCUMENTS BY MGA
                                ENTERTAINMENT, INC., AND ISAAC
20  ───────────────────────     LARIAN;

21                              AND MEMORANDUM OF POINTS AND
                                AUTHORITIES
22
                                [Declaration of Scott Watson and Separate
23                              Statement filed concurrently]

24                              Date:  TBA
                                Time:  TBA
25                              Place: TBA

26                              Discovery Cut-off:
                                Pre-trial Conference:
27                              Trial Date:

28

1    stealing its trade secrets is specifically alleged in Mattel's claims.[52]   Mattel alleges

2    that MGA paid former Mattel employees to leave Mattel and work for MGA and, in

3    the process, steal Mattel trade secrets and other property and deliver them to

4    MGA.[53]

5    Mattel has expressly alleged claims for commercial bribery against

6    Larian and MGA.[54]   Interrogatory No. 67 asks Defendants to identify every payment

7    MGA or Larian have given to any person identified in any of the parties' initial

8    disclosures when that person was not an employee of MGA.[55]   Interrogatory No. 69

9    asks Defendants to identify each payment MGA or Larian have made since January

10   1, 1998 to any person who has been employed by Mattel, excluding ordinary salary

11   and benefits paid to such person while an MGA employee.[56]   Payments made to

12   then-Mattel employees establish commercial bribery and other tortious conduct that

13   are the subject of Mattel's claims by Larian or MGA.   The timing and amounts of

14   payments made to former Mattel employees with whom Larian and MGA are

15   accused of conspiring are critical evidence supporting Mattel's claims.[57]   The

16   discovery Mattel seeks is clearly relevant.

17          Additionally, persons identified in the parties' initial disclosures are

18   potential witnesses in this case, and evidence of payments to witnesses are

19   obviously relevant to issues of bias.   United States v. Abel, 469 U.S. 45, 51 (1984)

20   (evidence of bias is admissible to impeach witness); Oakes v. Halvorsen Marine

21   _____

22   [52]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
       Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.
23   [53]   Id. at ¶¶ 37-76.
       [54]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
24   Claims, Prayers ¶ 12, Watson Dec., Exh. 23.
       [55]   Mattel's Supplemental Interrogatories (No. 67), Watson Dec., Exh. 13.
25   [56]   Id.
       [57]   See Order of January 25, 2007, at 14:13-17, ("payments to Bryant are
26   relevant to Mattel's recently added claims for trade secret misappropriation.
       Payments could show when and what trade secret information Bryant and other
27   defendants allegedly misappropriated from Mattel.  Any proof of trade secret theft is
       (footnote continued)

28

EXHIBIT A
PAGE 5

1    MGA and Larian will be required to undertake, particularly because the volume of

2    documents    involved    is    due    to    the    wholesale    nature    of    Defendants'

3    misappropriation.[91]    The objection should be overruled, and MGA should be

4    compelled to answer Mattel's Interrogatories as written.

5                                        **Conclusion**

6                For the foregoing reasons, Mattel respectfully requests that the

7    Discovery Master: (1) compel MGA and Larian to supplement their production of

8    financial information responsive to Request Nos. 4-37 and 40-45 in Mattel's Second

9    Set of Requests for Documents and Things to MGA and Request Nos. 207, 208 and

10   269 in Mattel's First Set of Requests for Production of Documents and Things to

11   Isaac Larian; (2) compel MGA to answer Interrogatory No. 45 of Mattel's Sixth Set

12   of Interrogatories, and Interrogatory Nos. 56-63, and 67-69 of Mattel's Supplemental

13   interrogatories, (3) compel Larian to answer Interrogatory Nos. 56-63 and 67-69 of

14   Mattel's    Supplemental    Interrogatories,    and    (4)    to    overrule    all    of    Defendants'

15   objections to Mattel's Supplemental Interrogatories.

16   DATED:  February 10, 2009          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
17

18

19                                      By /s/ Scott L. Watson
                                        _____
20                                          Scott L. Watson
                                            Attorneys for Mattel, Inc.
21

22

23   _____

     [90]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
24   Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.
     [91]   Defendants also assert that Mattel's interrogatories are unduly burdensome
25   because they have several discrete subparts (Nos. 51-53) or require responses
     regarding too many former Mattel employees and other individuals (Nos. 67-69).
26   Fully responding to Mattel's interrogatories will undoubtedly require some effort,
     but there is nothing "undue" about that burden.  Mattel's interrogatories address both
27   parties' contentions and defenses on central issues, and Mattel is entitled to full
     discovery of such information.
28

00505.07975/2791147.4

EXHIBIT A
PAGE 6