MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-SGL (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>**MGA ENTERTAINMENT INC.'S SEPARATE STATEMENT IN OPPOSITION TO MATTEL'S CROSS-MOTION TO COMPEL AND FOR LIMITED RECONSIDERATION OF ORDER NO. 11**<br><br>**Phase 2**<br>Discovery Cutoff:   December 11, 2009<br>Pretrial Conference: March 1, 2010<br>Trial Date:   March 23, 2010 |

# MGA'S SEPARATE STATEMENT

For the Discovery Master's convenience, MGA Entertainment Inc. ("MGA") hereby submits this Separate Statement in Opposition to Mattel's Cross-Motion to Compel and Motion for Limited Reconsideration of Order No. 11.

## I. MATTEL'S SPECIAL INTERROGATORY NO. 67

### A. The Interrogatory

IDENTIFY fully and separately each and every payment of money or other time of value that YOU have made or given, or any promise, agreement, proposal or offer by YOU to pay money or give any item of value, to or on behalf of any PERSON identified in any of the parties' initial disclosures in this ACTION at any time when such PERSON was not an employee of MGA, including without limitation with respect to legal fees incurred by or on behalf of such PERSON.

### B. MGA's Objections and Response

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 14-15 (regarding Definitions), including without limitation its objections to the term "IDENTIFY." MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction, MGA further objects to this interrogatory as overly broad, unduly burdensome, and seeks information that is not relevant to the claims and defenses in this action and is not reasonably calculated to lead to the discovery of admissible evidence in that (i) the interrogatory is completely unbounded by any time limitation and (ii) Mattel's fishing expedition through each and every payment from MGA to all freelancers

and anyone else listed on the initial disclosures since the formation of MGA is harassing and completely untied to the claims and defenses in this action. By MGA's count, the individuals listed in the parties' initial disclosures number 199. The burden and expense of determining whether each individual listed on those disclosures was ever paid by MGA, then generating reports of every payment for each such individual far outweighs the interrogatory's likely benefit, considering the needs of the case, the parties' resources, and the importance of the discovery in resolving the issues.

Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court. Accordingly, MGA will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court.

### C.  **Reasons Why Mattel's Cross-Motion To Compel Should Be Denied**

#### 1.  **Mattel's Cross-Motion Is Procedurally Defective**

Mattel has not properly met and conferred regarding its cross-motion. On July 13, 2009, Mattel's counsel requested a meet and confer over Interrogatories Nos. 68 and 69, as well as various document requests that Mattel claimed were related to the payment of legal fees by MGA for certain witnesses. However, Mattel did not request a meet and confer over Interrogatory No. 67, which the Court had previously refused to compel.

In response, MGA's counsel said they would confer with Mattel on Mattel's requests, but that the meeting should also include a discussion of MGA's Request Nos. 530 and 531, which seek documents related to Mattel's payment of legal fees on behalf of its witnesses. Mattel's counsel quipped in response:

> If you believe that Mattel has somehow failed to comply with its own obligations . . . . ***then you need to send a meet and confer letter as required by the Discovery Master Stipulation and Order***. Those claims, however, do not excuse MGA's non-compliance [with Mattel's interrogatories and document requests]. (emphasis added).

1  Molinski Dec. ¶ 12, Ex. I.  MGA complied with Mattel's demand by sending a
2  meet and confer letter on July 20, 2009.  Molinski Dec. Ex. J.
3      During the meet and confer, Mattel's counsel – – the same counsel who just
4  days prior said that meet and confers could only be initiated with a formal letter that
5  complies with the Discovery Master Stipulation and Order – – said that Mattel
6  might seek to revisit the ruling on Mattel's Interrogatory No. 67.  Mattel made no
7  further effort to meet and confer on Interrogatory No. 67 and at no time sent a meet
8  and confer letter, as required by the Discovery Master Stipulation and Order.
9  Apparently, Mattel believes that the Discovery Master Stipulation and Order
10 applies only to MGA.
11     On August 5, 2009, with no prior notice to MGA, Mattel filed its Cross-
12 Motion to Compel and Motion for Limited Reconsideration of Order No. 11.  In
13 that unannounced Cross-Motion, Mattel claimed that its compliance with MGA's
14 Request Nos. 530 and 531 was somehow excused because of MGA's purported
15 non-compliance with Mattel's Interrogatory No. 67, which the Court had previously
16 refused to compel.  One has nothing to do with the other, and Mattel's motion to
17 compel should be rejected for the simple reason that it never sent a meet and confer
18 letter prior to bringing its motion.

### 2. **Mattel Has Waived Its Rights As To Interrogatory No. 67**

20 On February 9, 2009, Mattel moved to compel responses to Phase 1
21 Interrogatory No. 67.  In that motion, Mattel asked the Court to compel MGA to
22 provide information concerning payments that were made **to** individuals identified
23 in MGA's Rule 26 disclosure.  Mattel did not move to compel as to the payment of
24 attorneys fees that were made **on behalf of** these individuals.  This is clear from
25 Mattel's description of the interrogatory in its motion papers.  For example:
26     "Interrogatory No. 67 asks Defendant to identify every payment MGA
27     or Larian have given ***to any person***, identified in any of the parties'

>initial disclosures when that person was not an employee of MGA."
>(emphasis added).

Motion, p. 12, lns. 6-8.

>"Interrogatory Nos. 67-78 . . . request[s] information regarding MGA's payments *to* former Mattel employees and individuals identified in the parties' initial disclosures." (emphasis added).

Mattel's Separate Statement, p. 95:20-22.

>"Interrogatory No. 67 asks Defendants to identify the payment MGA or Larian made *to* any person identified in the parties' initial disclosures when that person was not an employee of MGA."
>(emphasis added).

Mattel's Reply, p. 20:19-21:1.

In this manner, Mattel has wholly abandoned its request for information concerning the payment of legal fees *on behalf of* MGA's witnesses. Mattel's prior motion made no mention of such payments and made no effort to justify any such request. Indeed, in ruling on Mattel's motion, the Discovery Master expressly recognized that the parties were not seeking information related to fee payments on behalf of individuals in Interrogatory No. 67, and further stated that he would not address that issue in Order No. 11. Molinski Decl., Ex. F.

### 3. Interrogatory No. 67 Is Overbroad

As written, Interrogatory No. 67 seeks an incredible amount of payment information regarding a overbroad number of individuals without any temporal limitation. For example, Interrogatory No. 67 includes not only the payment of money for legal fees incurred in connection with this litigation, but also the payment of money for any reason at any time. Consequently, Interrogatory No. 67 would require MGA to disclose any money that Isaac Larian ever gave money to his brother, whether or not it had anything to do with this case.


Further, Mattel's interrogatory seeks information not just about the payment of money, but also about the payment of "any item of value" to the witnesses identified on MGA's Rule 26 disclosure. Again, this would require MGA to disclose whether or not Isaac Larian ever gave a birthday present or any "item of value" to his brother—again whether or not it had anything to do with this case.

Finally, Mattel's bribery allegations in this case have been limited to former Mattel witnesses. Mattel has not alleged bribery as to all of the individuals in the Rule 26 disclosures, and there is no reason that Mattel's interrogatory should exceed the scope of the allegations in Mattel's own cross-complaint. Such an inquiry would involve discovery wholly unrelated to Mattel's claims and is not appropriate. For these reasons, Mattel's motion to compel a further response to Interrogatory No. 67 should be denied.

Dated: August 12, 2009         ORRICK, HERRINGTON & SUTCLIFFE LLP

By: ___/s/ William A. Molinski___
William A. Molinski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN