1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone: +1-415-773-5700
   Facsimile: +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017
10 Telephone: +1-213-629-2020
   Facsimile: +1-213-612-2499
11
   Attorneys for MGA Parties
12

13                 UNITED STATES DISTRICT COURT
14                CENTRAL DISTRICT OF CALIFORNIA
15                        EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual, | Case No. CV 04-9049 SGL (RNBx) |
| 17          Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18  v. | **DISCOVERY MATTER** |
| 19  MATTEL, INC., a Delaware Corporation, | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
| 21          Defendant. | **[CORRECTED] DECLARATION OF WILLIAM A. MOLINSKI IN SUPPORT OF OPPOSITION TO CROSS-MOTION TO COMPEL AND FOR LIMITED RECONSIDERATION OF ORDER NO. 11** |
| 23  AND CONSOLIDATED ACTIONS | Date: TBD<br>Time: TBD<br>Place: Arent Fox LLP |
| | **Phase 2**<br>Discovery Cutoff: December 11, 2009<br>Pretrial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

I, William A. Molinski, declare as follows:

1. I am an attorney at the law firm of Orrick, Herrington & Sutcliffe LLP, attorneys of record for Plaintiff and Counter-Defendant MGA Entertainment, Inc. and Counter-Defendants MGA Entertainment HK, Ltd., MGAE de Mexico S.R.L. de C.V., and Isaac Larian ("MGA Parties"). Based on this representation, I am familiar with the events, pleadings, and discovery in this action and, if called upon as a witness, I could and would testify competently to the matters stated herein of my own personal knowledge. I make this declaration in support of MGA's Opposition To Cross-Motion To Compel And Motion For Limited Reconsideration Of Order No. 11.

2. Attached hereto as **Exhibit A** is a excerpt of a true and correct copy of Mattel, Inc.'s Notice of Motion and Motion to Compel Responses to Interrogatories and Production of Documents by MGA Entertainment, Inc., and Isaac Larian.

3. Attached hereto as **Exhibit B** is a excerpt of a true and correct copy of Mattel Inc.'s Separate Statement in Support of Its Motion to Compel Responses to Interrogatories and Production of Documents by MGA Entertainment, Inc., and Isaac Larian.

4. Attached hereto as **Exhibit C** is a excerpt of a true and correct copy of MGA Entertainment, Inc. and Isaac Larian's Opposition to Mattel, Inc.'s 2/10/09 Motion to Compel Responses to Interrogatories and Production of Documents.

5. Attached hereto as **Exhibit D** is a excerpt of a true and correct copy of MGA's Opposition to Separate Statement in Support of Mattel, Inc.'s Motion to Compel Responses to Interrogatories and Production of Documents by MGA Entertainment, Inc., and Isaac Larian.

6. Attached hereto as **Exhibit E** is a excerpt of a true and correct copy of Mattel, Inc.'s Reply in Support of Its Motion to Compel Responses to

1  Interrogatories and Production of Documents by MGA Entertainment, Inc., and
2  Isaac Larian.
3      7.   Attached hereto as **Exhibit F** is a true and correct copy of the
4  Discovery Master's Amended Order No. 11, dated March 31, 2009.
5      8.   The first – – and only– – time that Mattel raised the issue of
6  Mattel's Interrogatory No. 67 was in the meet and confer we were conducting on
7  MGA's Requests Nos. 530 and 531 on July 20, 2009. In that call, Scott Watson of
8  Quinn Emanuel, suggested that if Mattel had to provide documents responsive to
9  Request Nos. 530 and 531, MGA should have to respond to Mattel's Interrogatory
10 No. 67. Mr. Watson made no mention in that call about making a motion to
11 reconsider Order No. 11 or to compel responses to Interrogatory No. 67.
12     9.   Mattel made no further effort to meet and confer over
13 Interrogatory No. 67 or a request for reconsideration of Order No. 11. At no point
14 did I or anyone at my firm receive a letter from Mattel asking for a meet and confer
15 over Interrogatory No. 67, as required by the Discovery Master Stipulation and
16 Order.
17     10.  Attached hereto as **Exhibit G** is a true and correct copy of a
18 letter sent by Mattel's counsel on July 13, 2009, asking for a meet and confer over
19 Mattel's Interrogatories Nos. 68 and 69, and various Requests for Production.
20     11.  Attached hereto as **Exhibit H** is an email I sent to Mr. Watson
21 asking that any meet and confer on Mattel's Interrogatories Nos. 68 and 69 also
22 include a discussion of MGA's request for documents related to Mattel's payment
23 of legal fees for witnesses in this case.
24     12.  Attached as **Exhibit I** is a true and correct copy of an email
25 between Mr. Watson and me where Mr. Watson insists that a meet and confer can
26 only take place if properly initiated by a letter that complies with the Discovery
27 Master Stipulation and Order.
28

OHS West:260710581.1     - 2 -     [CORRECTED] DECLARATION OF WILLIAM A. MOLINSKI
                                   CV-04-0049 SGL (RNBx)

1       13.    Attached as **Exhibit J** is a copy of my email to Mr. Watson adhering to his demand that I send a meet and confer letter, as required by the Discovery Master Stipulation and Order, before we could meet on discovery issues.

      14.    In response to Interrogatory No. 68, MGA provided detailed information reflecting the payment of legal fees by MGA on behalf of various witnesses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed this 10th day of August, 2009, at Los Angeles, California.

                                  /s/ William A. Molinski
                                     William A. Molinski