# EXHIBIT C

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
     & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
6  Facsimile:  310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:  310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12                UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14                      EASTERN DIVISION

15

| | |
|---|---|
| CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. 04-09059<br>Case No. 05-02727 |
| v. | |
| MATTEL, INC., a Delaware Corporation | **DISCOVERY MATTER** |
| Defendant. | **MGA ENTERTAINMENT, INC. AND ISAAC LARIAN'S OPPOSITION TO MATTEL, INC.'S 2/10/09 MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS** |
| AND CONSOLIDATED ACTIONS | |
| | [Declaration of Amman Khan; Declaration of Brian Wing; Opposition to Separate Statement filed concurrently herewith] |
| | Date:   To be set<br>Time:   To be set<br>Place:  To be set |

1. obtained all the financial information it sought relevant to Phase 1, thus there is no
2. basis for requiring Larian or MGA to provide updated financial information.
3. For the same reason (lack of relevance to Phase 2), MGA should not be
4. required to provide supplemental information identifying each Bratz product that
5. MGA or MGA's licensees have sold, or provide other Bratz related financial
6. information in response to Interrogatory No. 45 (Sixth Set). Such information relates
7. solely to Phase 1, and Judge Larson made it abundantly clear at the February 11, 2009
8. hearing that discovery on Phase 1 issues is over.
9. Finally, Mattel's supplemental interrogatories Nos. 56-63 and 67-69 to both
10. MGA and Larian are improper for a variety of reasons. First, they are worded in such
11. a way that, in order to answer them, the MGA Parties must acknowledge the existence
12. of facts that the MGA Parties flatly deny. Second, the interrogatories are
13. impermissibly compound, thereby violating the limitation on the number of
14. interrogatories Mattel is allowed to propound. Third, the interrogatories ask MGA
15. and Larian to provide facts that establish a negative proposition, thereby making the
16. interrogatories logically unanswerable and legally improper.
17. For the reasons set forth below, the MGA Parties' objections should be
18. sustained and Mattel's Motion should be denied in its entirety.

### Argument

**I. MATTEL'S REQUESTS FOR SUPPLEMENTAL FINANCIAL INFORMATION FROM MGA AND LARIAN (RFP NOS. 4-37 AND 40-45 (SECOND SET TO MGA); AND RFP NOS. 207, 208 AND 269 (FIRST SET TO LARIAN)) MUST BE DENIED**

   A. **The Motion Violates Local Rule 37-1 Because Mattel Breached Its Own Agreement To Further Meet And Confer.**

26. On February 9, 2009, Mattel sent a meet and confer letter inviting MGA to
27. further meet and confer *on February 11, 2009* concerning RFPs 4-37 and 40-45 to
28. MGA, and RFPs 207, 208 and 269 to Mr. Larian. (Declaration of Amman Khan filed

1. (D. Kan. 1996) (holding that interrogatories asking for facts in support of a negative
2. proposition were unduly burdensome and oppressive)).
3.     The cases cited by Mattel in its Motion are inapposite. Mattel's reliance on
4. Dang v. Cross, 2002 WL 432197 (C.D. Cal. 2002) is misplaced and misleading. In
5. Dang, plaintiff brought an action against the City of Compton and police officers who
6. allegedly used excessive force to arrest him. Id. at *1. However, Dang was a case
7. that had an exponentially smaller universe of facts, allegations, and discovery than the
8. ongoing complex litigation between MGA and Mattel, a fact recognized by the court
9. when it explicitly limited its ruling to the facts of the case. Id. at *4. Mattel now
10. improperly seeks to extend this inapposite ruling to the case at hand.
11.     Mattel's reliance on Tennison v. City & County of San Francisco, 226 F.R.D.
12. 615 (N.D. Cal. 2005), is equally inapplicable. In Tennison, the plaintiff was asked to
13. state all facts supporting his previous denials. Importantly, the interrogatory at issue
14. in Tennison was found by the court to be not burdensome because *the plaintiff there*
15. *had already told the defendant that he had easy access to documents* containing
16. responsive facts. That is certainly not the case here.
17.     **E.    Interrogatory Nos. 67-69 Are Overly Broad**
18.     Mattel insists it is only trying to get at information to support its claims that
19. MGA "poached" Mattel employees for the purposes of stealing its trade secrets.
20. Mattel states that "knowing when MGA paid employees and how much will yield
21. evidence showing MGA's access to Mattel's internal information and additionally
22. bear on critical issues of timing which company was developing which product or
23. product element at issue first." (Mattel Motion 13:12-15.) But Mattel did not ask
24. these questions or limit its questions to current of former Mattel employees. Instead it
25. asked for personal, financial information concerning hundreds of people.
26. Specifically, Interrogatory No. 67 asks MGA to:
27.     IDENTIFY fully and separately each and every payment of
28.     money or other item of value that YOU have made or given, or

>   any promise, agreement, proposal or offer by YOU to pay money or give any item of value, to or on behalf of any PERSON identified in any of the parties' initial disclosures in this ACTION at any time when such PERSON was not an employee of MGA, including without limitation with respect to legal fees incurred by or on behalf of such PERSON.

(Ex. 13 to Mattel's Motion at pp. 16-17.)

Further, this interrogatory is overbroad to the extent it requires MGA to tabulate all payments ever made to *"any PERSON identified in any of the parties' initial disclosures in this ACTION at any time,"* and to produce a report after determining whether any of these individuals ever worked for Mattel in the past.

Interrogatory No. 69 seeks the same information, but with respect *"to or on behalf of any PERSON who has been employed by MATTEL."* Both interrogatories are overbroad. The burden and expense of determining whether each individual contemplated by these interrogatories was ever paid by MGA, somehow determining whether they ever worked for Mattel in the past, and then generating reports of every payment for each individual far outweighs the interrogatories' likely benefit.

The definition of "FORMER MATTEL EMPLOYEES" incorporated in RFP No. 68 is also overly broad, to the extent it identifies ten specific individuals, as well as each individual's "current or former employees, agents, representatives, attorneys accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other Person acting on [his or her] behalf, pursuant to [his or her] authority or subject to [his or her] control." It is impossible for MGA to know whether a particular person or entity comes within these overly broad definitions. This definition is further overbroad as it encompasses "any other former Mattel employee or contractor who misappropriated Mattel trade secrets or violated

1  his or her obligations to maintain the confidentiality of Mattel's trade secrets." (See
2  Ex. 13 attached to Mattel's Motion at p. 6.)
3  Interrogatory No. 68 asks MGA to identify each and every payment of money
4  MGA made to "FORMER MATTEL EMPLOYEES." Because of the overbreadth of
5  this definition, it would be unduly burdensome for MGA to comply given the
6  enormous number of potential individuals implicated.

### Conclusion

8  Based on the foregoing, the MGA Parties respectfully request that Mattel's
9  February 10, 2009 Motion be denied in its entirety.

12  Dated: February 18, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: _____
Amman Khan
Attorneys for the MGA Parties
for Phase Two