# EXHIBIT E

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Plaintiff Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                          EASTERN DIVISION

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx)
13 | Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727
14 | vs. | **DISCOVERY MATTER**
15 | MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert O'Brien]**
16 | |
17 | Defendant. | MATTEL, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC., AND ISAAC LARIAN;
18 | AND CONSOLIDATED ACTIONS |

Date:  March 19, 2009
Time:  10:00 a.m.
Place: Arent Fox LLP
       Gas Company Tower
       555 West Fifth Street, 48th Floor
       Los Angeles, CA

Discovery Cut-off: December 11, 2009
Pre-trial Conference: March 1, 2010
Trial Date: March 23, 2010

Id. at 663 (internal citations omitted). Defendants offer no authority or evidentiary support for concluding that these interrogatories, which go directly to critical issues in the case, are unduly burdensome.[45]

The Court should overrule defendants' objections and compel full and complete responses.

### C. Mattel Is Entitled to Complete Responses to Supplemental Interrogatory Nos. 67-69

Defendants concede that Mattel is entitled to discover information to support its claims that MGA poached Mattel employees for the purposes of stealing its trade secrets. (Mot. at 12-13). They also concede that these interrogatories are designed to obtain precisely this information. Id. The only objection Defendants have to Interrogatories Nos. 68-69 is that the burden and expense of determining whether a former Mattel employee was ever paid by MGA or whether someone was a former Mattel employee is somehow too great.[46] (Opp. at 13). Again, however, Defendants provide no evidence to support their objection, which alone is fatal to their assertion. See Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14, Supplemental Watson Dec., Exh. 3; Jackson, 173 F.R.D. at 528-9. Nor do they even argue that MGA cannot readily ascertain the dates on which made payments to such persons or that it does not already have reports regarding the payments they

---

[45] Defendants' objections are disingenuous, as they have propounded far broader interrogatories to Mattel. See, e.g., MGA's Second Set of Interrogatories to Mattel, Inc., dated December 4, 2007 (No. 28) ("Describe in detail the complete factual basis for YOUR COUNTERCLAIMS, including, without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS"), Supp. Watson Dec., Exh. 14; see also MGA's First Set of Interrogatories to Mattel, dated February 4, 2005 (No. 1) ("State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU have suffered harm as a result of any act or omission of MGA."), Supp. Watson Dec., Exh. 15.

1  make to various individuals or reports regarding which current MGA employees
2  were former Mattel employees. Defendants' bald assertions of burden are
3  insufficient to sustain their objections.
4       In fact, affirmatively refuting Defendants' unproven claims, documents
5  that MGA produced in Phase 1 indicate that MGA routinely generates reports
6  regarding the payments it makes as well as which of its current employees are
7  former Mattel employees from which they could compile responses to these
8  interrogatories.[47] And, even if Defendants did not maintain information regarding
9  payments made to then-Mattel employees, such information is crucial to Mattel's
10 claims of commercial bribery and other tortious conduct against Defendants,[48] and
11 MGA and Larian are certainly in a better position than Mattel is to provide
12 information about who they secretly paid to provide MGA with Mattel trade secrets.
13 Indeed, they have an obligation to investigate this information.
14       Defendants' only complaint about Interrogatory No. 67 is that it is
15 overbroad because it is not limited to former Mattel employees. (Opp. at 13).
16 However, Mattel is also entitled to discover whether MGA and Larian have paid
17 potential witnesses in this case, as that is relevant to issues of bias. (Mot. at 12-13)
18 (citing United States v. Abel, 469 U.S. 45, 51 (1984); Oakes v. Halvorsen Marine
19 Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998)). ==Interrogatory No. 67 asks Defendants==
20 ==to identify the payments MGA or Larian have made to any person identified in the==

---

[46] Defendants also contend that Interrogatory Nos. 67-69 are compound. (Opp. at 10). However, as discussed above, each of these interrogatories seeks information relating a common theme and is thus, not compound.
[47] See, e.g., MGA 0014230-14232, Supplemental Watson Dec., Exh. 5; see also TX 1932 (excel spreadsheet produced by MGA listing former Mattel employees), Supplemental Watson Dec., Exh. 6. Lisa Tonnu also testified that MGA generates reports of payments they make to various individuals. See Tonnu Depo. at 754:16-755:22, Supp. Watson Dec., Exh. 7.
[48] See Order of January 25, 2007, at 14:13-17 ("payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation. Payments could show when and what trade secret information Bryant and other defendants allegedly
   (footnote continued)

00505.07975/2802240.3
-20-
Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES

EXHIBIT E
PAGE 27

==parties' initial disclosures when that person was not an employee of MGA.[49]== The response to this interrogatory will undoubtedly reveal whether the potential witnesses in this case are biased, information which Defendants do not dispute Mattel is entitled to. Indeed, the prior Discovery Master has ruled that payments made to or on behalf of potential witnesses are relevant and discoverable.[50]

The Court should overrule Defendants' objections and compel them to provide complete responses to Supplemental Interrogatory Nos. 56-63 and 67-69.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master: (1) compel MGA and Larian to supplement their production of financial information responsive to Request Nos. 4-37 and 40-45 in Mattel's Second Set of Requests for Documents and Things to MGA and Request Nos. 207, 208 and 269 in Mattel's First Set of Requests for Production of Documents and Things to Isaac Larian; (2) compel MGA to answer Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories, and Interrogatory Nos. 56-63, and 67-69 of Mattel's Supplemental interrogatories, (3) compel Larian to answer Interrogatory Nos. 56-63 and 67-69 of Mattel's Supplemental Interrogatories, and (4) to overrule all of Defendants' objections to Mattel's Supplemental Interrogatories.

DATED: February 24, 2009   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By   /s/ Scott L. Watson
   Scott L. Watson
   Attorneys for Mattel, Inc.

---

misappropriated from Mattel. Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition claims."), Watson Dec., Exh. 24.
[49]
[50] Mattel's Supplemental Interrogatories (No. 67), Watson Dec., Exh. 13.
Order Granting in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007 at 11, Watson Dec., Exh. 28.