QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF CROSS-MOTION REGARDING THE MGA PARTIES' MOTION TO COMPEL PREVIOUSLY COLLECTED CUSTODIAN INFORMATION FOR PRODUCED DOCUMENTS AND TO REQUIRE FUTURE COLLECTION AND PRODUCTION OF CUSTODIAL DATA<br><br>Date: TBA<br>Time: TBA<br>Place: TBA<br><br>**Phase 2**<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-trial Conference: Mar. 1, 2010<br>Trial Date: Mar. 23, 2010 |

07975/3051345.2

REPLY IN SUPPORT OF CROSS MOTION RE MOTION TO COMPEL CUSTODIAN INFORMATION

**Preliminary Statement**

MGA offers no substantive opposition to Mattel's Cross-Motion for custodial data. It concedes that the information Mattel seeks is relevant and discoverable. MGA argues instead -- in the face of copious written correspondence showing otherwise -- that Mattel has failed to meet and confer. Its now commonplace claim that the motion should be denied so it can be renewed again after further meet and confers -- a transparent delay tactic -- is without merit and should be rejected.

Having conceded that it is obligated to produce all custodial data it has gathered to date, MGA goes on to claim that Mattel may not seek custodial data that MGA chose not to collect because Mattel's motion is purportedly untimely. MGA's position is untenable. There is not even a colorable timeliness issue here, and MGA has made no burden showing. MGA should be compelled to produce custodial data for all of its past productions.

**Argument**

**I. MGA DOES NOT SUBSTANTIVELY OPPOSE THE MAJORITY OF MATTEL'S CROSS MOTION**

**A. Mattel's Numerous Attempts to Meet and Confer on This Issue Were More Than Sufficient**

In opposition to Mattel's basic request for custodial information, MGA argues that Mattel failed to meet and confer. As the many letters exchanged by the parties on this issue show, Mattel made its position abundantly clear to MGA and repeatedly sought to resolve this dispute without involving the Discovery Master. Mattel addressed the possible mutual exchange of custodial information during a

meeting of counsel on July 15.[1] Mattel confirmed its willingness to exchange custodial information in a letter dated July 22.[2] On July 23, Mattel again stated during a meet and confer that it was willing to exchange custodial information, and again confirmed this position in a letter sent later the same day -- explicitly requesting that MGA provide custodial information for its past productions.[3] MGA continued to protest that Mattel had not adequately met and conferred because Mattel purportedly had not identified the basis of its request for custodial data, so Mattel sent yet another letter, informing MGA that its "Requests for Production plainly ask for such information"[4] and noting that "<u>Rule</u> 26 calls for the production of custodial data"[5] as MGA itself had asserted in its July 15 letter to Mattel.[6] All told, the parties discussed this issue in two meetings, nine letters and an email.

---

[1] Mattel, Inc.'s Statement of Position and Cross-Motion Regarding the MGA Parties' Motion to Compel Previously Collected Custodian Information ("Cross-Motion") at 2:2-3.

[2] Letter from Dylan Proctor to Annette Hurst, dated July 22 2009, attached as Exhibit 1 to the Declaration of B. Dylan Proctor in Support of Mattel, Inc.'s Cross-Motion Regarding the MGA Parties' Motion to Compel Previously Collected Custodian Information ("Proctor Dec.").

[3] Declaration of Marshall M. Searcy III in Support of Mattel, Inc.'s Cross-Motion Regarding the MGA Parties' Motion to Compel Previously Collected Custodian Information ("Searcy Dec."), ¶ 2; Letter from Marshall Searcy to Annette Hurst, dated July 23, 2009, attached as Exhibit O to the Declaration of Annette Hurst in Support of the MGA Parties' Motion for Previously Collected Custodian Information ("Hurst Dec.").

[4] Letter from Marshall Searcy to Annette Hurst, dated August 1, 2009, Searcy Dec., Exh. 2.

[5] Letter from Marshall Searcy to Annette Hurst, dated August 1, 2009, Searcy Dec., Exh. 2.

[6] Letter from Annette Hurst to Marshall Searcy, dated July 15, 2009, Hurst Dec., Exh. M ("As you know, the relevance of custodial information is specifically contemplated by Rule 26….").

MGA cannot plausibly claim on this record that Mattel has failed to meet and confer.

MGA faults Mattel for purportedly failing to identify the basis for its motion in prior correspondence.  But Mattel expressly advised MGA that each of its Requests seek custodial information,[7] and MGA itself, in its correspondence, never identified the specific language it now cites as the basis of its Motion (the sin of which Mattel is allegedly guilty).  MGA's meet and confer arguments are unavailing.

### B. MGA Admits that Custodial Data Is Discoverable

Nor does MGA offer any meaningful substantive reason why it should not be compelled to produce custodial data.  As Mattel showed in its motion, MGA's obligation to produce custodial data is based on (aside from the Federal Rules) both the language of each of its sets of requests and a stand alone request for production that expressly seeks metadata.[8]  MGA has not even attempted to dispute this showing, thus conceding it.  Local Rule 7-9 (opposition briefs "shall contain a statement of *all the reasons* in opposition" to a motion) (emphasis provided).  See also Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (defendant waived objection where it failed to raise arguments in response to motion to compel); DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677, 681 n.8 (D. Kan. 2004) ("[O]bjections asserted in a party's initial response to discovery requests but not reasserted in response to a motion to compel are waived and deemed abandoned"); City of Wichita, Ks. v. Aero Holdings, Inc., 2000 WL 1480499, at *2 (D. Kan. May 23, 2000) (party waived its rights concerning discovery requests where the opposition brief contained no arguments against them); Eidukonis v.

---

[7] Letter from Marshall Searcy to Annette Hurst, dated August 1, 2009, Searcy Dec., Exh. 2.
[8] Cross-Motion at 4-5.

-3-
REPLY IN SUPPORT OF CROSS MOTION RE MOTION TO COMPEL CUSTODIAN INFORMATION

Southeastern Pennsylvania Transp. Authority, 1987 WL 16321, at *5 (E.D. Pa. August 27, 1987) (party's failure to raise an objection in opposing a prior motion on the same documents "constitutes a waiver of an objection" and compelling production).

In fact, MGA's Third Brief expressly announces that "MGA Was And Is Willing to Produce All Custodial Data To Which It Has Access."[9] Likewise, MGA's counsel states in her declaration that "[i]f at any time Mattel had provided me with any citation to the formal document requests previously served that they believed entitled them to the previously collected custodial data, I would have responded with an agreement to produce."[10] MGA offers no substantive opposition to Mattel's Cross-Motion; it should be required, at a minimum, to do what it claims it is ready and willing to do -- to produce all custodial data which was previously gathered or collected by MGA, at any point in time, for any of its productions, and to continue to provide such data for future productions.

## II. MGA SHOULD BE COMPELLED TO PRODUCE CUSTODIAL DATA FOR ALL OF ITS PAST PRODUCTIONS

### A. Mattel Has Not Waived Its Right to Seek Custodial Data

MGA should also be required to produce custodial data in its possession, custody or control for past productions where it now claims such data was not previously gathered. MGA urges that Mattel's request for such information is untimely and has been waived, but the authority on which it primarily relies does not stand for that proposition. MGA quotes Autotech Techs. Ltd. Partnership v. Automationdirect.com, 248 F.R.D. 556, 559 (N.D. Ill. 2008), as saying "[i]t seems a

---

[9] MGA Entertainment's Third Brief on Cross-Motions Regarding Production and Collection of Custodial Data ("Third Brief") at 4:3-4.
[10] Second Declaration of Annette L. Hurst Regarding Custodial Data Motions ("Second Hurst Dec."), ¶ 8.

little late to ask for metadata after documents responsive to a request have been produced in both paper and electronic format." But MGA fails to include the following sentence, which reads, "Ordinarily, courts will not compel the production of metadata *when a party did not make that a part of its request*." Id. (emphasis added). Thus, the production there was not barred because the motion to compel was untimely; it was barred because the party seeking metadata did not ask for it in its discovery requests (as MGA concedes Mattel did here). Contrary to MGA's unsupported contentions, the Federal Rules do not impose a time limit on motions to compel, nor does a party "waive" its rights by not immediately moving to compel upon receipt of objections. Kendrick v. Heckler, 778 F.2d 253, 258 (5th Cir. 1985) (vacating order denying motion to compel filed eight months after deposition was adjourned); Jetnet Corp. v. Macfield Texturing, Inc., 111 F.R.D. 68, 71 (M.D.N.C. 1986) (overruling timeliness objection to motion to compel and stating that "substantial delay" does not bar party from seeking an order compelling discovery).

### B. MGA Has Not Shown that It Will Be Unduly Burdened

MGA claims in conclusory terms that collecting the custodial data that has not yet been collected will be "extremely burdensome."[11] But, if MGA is to be believed, it will only need to collect custodial information for a small relative fraction of the documents it has produced. MGA claims that its production databases currently contain custodial information for 90% of its previously produced data.[12] MGA also claims its production logs indicate that custodial data exists for additional documents, bringing the total to over 90%.[13] MGA has not shown that collecting custodial information for the remaining documents would present an undue burden. MGA's non-specific allegations that its task will be "extremely

---

[11] Third Brief at 6:7.
[12] Second Hurst Dec., ¶ 4.
[13] Second Hurst Dec., ¶ 5.

burdensome" and cause it to expend "substantial time and money" do not properly raise a burden objection, as the Discovery Master has repeatedly held. See, e.g., Phase 2 Discovery Matter Amended Order No. 11, dated March 31, 2009, Proctor Reply Dec., Exh. 1 at 18-19 (MGA did not meet its burden of showing undue burden because it failed to provide specific details regarding time, cost, volume of responsive materials, and number of people who have knowledge of the issue). See also July 9, 2009 Order, Proctor Reply Dec., Exh. 2 at 4 (party resisting discovery bears burden of proof once movant shows the discovery seeks relevant information (i.e., that it is reasonably calculated to lead to the discovery of admissible evidence)); Goodman v. U.S., 369 F.2d 166, 169 (9th Cir. 1966) (objecting party bears the burden of proving undue burden by "specific and compelling" proof; conclusory assertions are insufficient).

Moreover, MGA itself has argued that custodial information is crucial in this case. MGA urges that custodial data is the "most effective means of preparing for depositions in a case with a document production of this size and nature"[14] and asserts that using custodial data "may be the only efficient method of handling a case of this type."[15] This avowed strong need for custodial data outweighs the non-existent showing of burden made by MGA as to the relatively small percentage of its productions where it has not already collected custodial data.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that MGA be ordered to produce custodial information for its past productions and for all future productions of documents, and that sanctions in the amount of $2500 be imposed on

---

[14] MGA Parties' Motion to Compel Previously Collected Custodian Information ("Motion") at 6:3-4.
[15] Motion at 6:6-7.

1  MGA for its unsupported refusal to produce relevant and discoverable information
2  and for its unwarranted motion.

4  DATED: August 13, 2009         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                   By /s/ B. Dylan Proctor
                                   B. Dylan Proctor
                                   Attorneys for Mattel, Inc.