1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105-2669
6   Telephone: +1-415-773-5700
    Facsimile: +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA 90017
10  Telephone: +1-213-629-2020
    Facsimile: +1-213-612-2499
11
    Attorneys for MGA Parties

12

13                          UNITED STATES DISTRICT COURT

14                         CENTRAL DISTRICT OF CALIFORNIA

15                                 EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 17         Plaintiff, | |
| 18  v. | **DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert C. O'Brien]** |
| 19  MATTEL, INC., a Delaware Corporation | |
| 20 | **[PUBLIC VERSION]**<br>**DECLARATION OF WILLIAM A. MOLINSKI IN SUPPORT OF MGA PARTIES' RESPONSE AND OPPOSITION TO MATTEL'S MOTION TO COMPEL FURTHER DEPOSITION OF RONALD BRAWER AND TO OVERRULE INSTRUCTIONS NOT TO ANSWER** |
| 21         Defendant. | |
| 22 | |
| 23  AND CONSOLIDATED ACTIONS. | |
| 24 | |
| 25 | Date:     TBD<br>Time:    TBD |
| 26 | Place:    Arent Fox, LLP<br>555 West Fifth Street |
| 27 | 48th Floor<br>Los Angeles, CA 90013 |

28

I, William A. Molinski, declare as follows:

1. I am an attorney at the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel of record for MGA Entertainment, Inc. in the above-captioned action. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and if called as a witness, I could and would testify competently to such facts under oath.

2. Attached hereto as **Exhibit A** is a true and correct copy of relevant excerpts of the deposition of Ronald Brawer, dated February 5, 2008.

3. Attached hereto as **Exhibit B** is a true and correct copy of a letter from Jon D. Corey to Raoul Kennedy dated November 26, 2007.

4. Attached hereto as **Exhibit C** is a true and correct copy of a letter from Jack DiCanio to Dominic Surprenant dated January 22, 2008.

5. Attached hereto as **Exhibit D** is a true and correct copy of a letter from Andrew C. Tempkin to Scott B. Kidman dated January 28, 2008.

6. Attached hereto as **Exhibit E** is a true and correct copy of Civil Minutes—General in Case No. CV 04-9059, dated March 23, 2005.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of August, 2009, at Los Angeles, California.

_____
William A. Molinski

**EXHIBIT A**

# PROVISIONALLY FILED UNDER SEAL

OHS West:260521636.1

# EXHIBIT B

11-26-07  04:14pm  From-SKADDEN, ARPS PALO ALTO    16504704576    T-284  P.01/03  F-173

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 82nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** November 26, 2007

**NUMBER OF PAGES, INCLUDING COVER:** 2

**NAME/COMPANY**
Raoul Kennedy, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP

**PHONE NO.** 650.4700.4500

**FAX NO.** 650.470.4570

**FROM:** Jon Corey

**RE:** Mattel, Inc. v. Carter Bryant, et al.

**MESSAGE:**

Please see attached.

RECEIVED
NOV 2 6 2007
SKADDEN, ARPS, SLATE, MEAGHER & FLOM L.L.P.

07208/2293764.1

| CLIENT # | 7209 | ROUTE/RETURN TO: | Johanna Lopez | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
| OPERATOR | Priscilla | | CONFIRMED? | ☐ No ☐ Yes: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

11-26-07   04:14pm   From-SKADDEN, ARPS PALO ALTO            16504704576         T-294   P.02/03   F-173

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

November 26, 2007

**VIA FACSIMILE AND U.S. MAIL**

Raoul Kennedy, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Embarcadero Center Suite 3800
San Francisco, California 94111

Re:   Mattel v. Bryant

Dear Raoul:

I write to follow up on our discussion regarding the deposition of Ron Brawer. As you will recall, at the status conference before Judge Infante, I informed him that he should not focus on the motion to compel the deposition of Mr. Brawer. Also, when you and I spoke, I informed you that Mattel would be withdrawing that motion without prejudice. On November 16, 2007, however, you offered to make Mr. Brawer available for deposition for one day on December 18, 19, 20 or December 24 or 25.

MGA has pointed out that Mattel has six remaining depositions under the 24-deposition limit. Based on our current information, Mr. Brawer would not be a witness testifying in Phase 1, and Mattel is reserving most of its remaining depositions for witnesses testifying in Phase 1, including for example Bryant's recently disclosed witness, Jeanne Galvano. That said, Mattel would prefer to take Mr. Brawer's deposition on December 20, but before Mattel will agree to do so, there would need to be an agreement with MGA that this deposition will not count against the current 24-deposition limit. In its motion for leave to take additional discovery, Mattel has made its showing of why Mattel should be given leave above and beyond the 24-deposition limit to take Mr. Brawer's deposition. Absent MGA's agreement in this regard, Mattel will await a ruling on the motion for leave to take additional discovery, and will notice Mr. Brawer's deposition when it has been granted leave. I look forward to your prompt confirmation as to whether the deposition can proceed on December 20. If that is agreeable, then I will provide you with a stipulation reflecting that agreement.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2303551.1

EXHIBIT B
PAGE 43

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

*Jon D Corey*

Jon D. Corey

cc:   Christa Anderson, Esq.

07209/2303551.1

# EXHIBIT C

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5430
DIRECT FAX
(213) 621-5430
EMAIL ADDRESS
JDiCANIO@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 22, 2008

VIA FACSIMILE & E-MAIL

Dominic Surprenant, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE: *Mattel v. Bryant*

Dear Dominic:

I am writing with respect to the deposition of Ron Brawer that Mattel has noticed for January 28, 2008. As you are aware, Mattel withdrew its deposition notice over a month ago, by letter dated November 26, 2007, from Jon Corey, and only re-noticed his deposition on January 10, 2008, following Judge Larson's January 7, 2008 Order.

In the time between the withdrawal and re-notice of Mr. Brawer's deposition, Mattel notified us that it was in possession of a "box," which we later learned was three boxes, of documents that were purportedly "returned by Mr. Brawer." (1/5/08 Ltr. from Diane Hutnyan.) We were allowed to inspect these documents on January 14-15, 2008, in boxes labeled "Brawer – NY Apartment," "Brawer – From Car Bin – 1 of 2 Boxes," and "Brawer – From Car Bin – 2 of 2 Boxes," but were precluded from making any copies or scans.[1]

Moreover, Mattel has refused our reasonable inquiries into where these documents came from and what tests it proposes to run on them. I understand that Mattel has not responded to our letter last week raising some of these issues. (1/18/08 Ltr. from Marcus Mumford.) Accordingly, Mattel has documents in its possession relating to Mr. Brawer that we have been prevented from obtaining in

---

[1] Ms. Hutnyan's letters of January 5 and 12, 2008, set forth restrictive measures for our review and precluded any copying or scanning. In fact, I understand that Quinn attorneys observed and video-recorded our inspection of those materials.

EXHIBIT C
PAGE 45

Dominic Surprenant, Esq.
January 22, 2008
Page 2

advance of Mr. Brawer's deposition, and we have been denied an opportunity to review these documents with him. We also have substantial concerns about the authenticity of these documents which have not been addressed.

    We cannot proceed with the deposition under these circumstances. We therefore ask that you immediately produce the above-referenced documents, and provide substantive responses to our letter dated January 18, 2008 to Diane Hutnyan. Once we have received the documents and the above-requested responses, we will promptly schedule Mr. Brawer's deposition.

                                    Respectfully,

                                      Jack DiCanio

EXHIBIT C
PAGE 46

# EXHIBIT D

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301-1908

———

TEL: (650) 470-4500
FAX: (650) 470-4570
www.skadden.com

DIRECT DIAL
(650) 470-4624
EMAIL ADDRESS
ATEMKIN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
RESTON
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 28, 2008

**Via Hand Delivery**

Scott B. Kidman, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE: <u>Mattel v. Bryant; Production of Documents</u>

Dear Scott:

  Enclosed is a hard drive containing single page TIFFs with Concordance load files for documents that will be Bates numbered MGA 4050591 - MGA 4377063.

  We have been advised by our electronic discovery vendor that they have had major technical difficulties with this production, including network crashes, which have precluded them from being able to provide us these documents today with Bates numbers and confidentiality designations affixed.

  Accordingly, we are presently producing these documents in their current form without Bates numbers or confidentiality designations, and advise you that the documents are designated CONFIDENTIAL – ATTORNEYS' EYES ONLY.

  We have been assured that our vendor is working diligently to correct this problem, and we anticipate replacing today's production with the endorsed images by Wednesday.

  Once we produce the Bates-stamped versions of these documents, we ask that you return the enclosed hard drive, and destroy any non-Bates-stamped images retrieved from that hard drive.

Scott B. Kidman, Esq.
January 28, 2008
Page 2

        Please let me know if you have any questions.

                Very truly yours,

                Andrew C. Temkin

Enclosure

# EXHIBIT E

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. **CV 04-9059-NM (RNBx)**  Date: **March 23, 2005**

Title: **Mattel, Inc. v. Carter Bryant, et al.**

## DOCKET ENTRY

PRESENT:

### HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE

Marsha Eugene  
Deputy Clerk

n/a  
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  
None present

ATTORNEYS PRESENT FOR DEFENDANTS:  
None present

**PROCEEDINGS: (IN CHAMBERS)**

Having reviewed Judge Manella's ruling on the remand motion and conferred with Judge Manella, the Court has concluded that Judge Manella's ruling sufficiently changes the posture of this case to warrant the Court requiring counsel to meet and confer further with respect to the following pending discovery motions:

1. **Mattel's Motion to Compel Production of Documents**

2. **MGA's Motion to Compel the Declassification of Certain Documents Produced by Mattel as "Confidential-Attorneys' Eyes Only"**

3. **Mattel's Motion to Compel Inspection of Original Documents and Tangible Things**

4. **Bryant's Motion to Compel Further Deposition Testimony from Ann Driskill and Alan Kaye and for the Appointment of a Special Master**

Further, the Court has concluded that it cannot rely on counsel to meet and confer in good faith with respect to the foregoing motions on their own. Accordingly, **lead counsel of record for Mattel, Bryant and MGA** are ORDERED to appear before the Court in person on April 26, 2005 at 9:30 a.m. in Courtroom 540 of the Roybal Building, for the purpose of meeting and conferring under the Court's auspices. If and

MINUTES FORM 11  
CIVIL-GEN

Initials of Deputy Clerk ___

EXHIBIT 7  
PAGE 85

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.:  CV 04-9059-NM (RNBx)  　　　　　　　　　　　　　March 23, 2005
　　　　　　Mattel, Inc. v. Carter Bryant, et al.　　　　　　　　　　　　　Page 2

---

when the Court is satisfied that counsel indeed have made a good faith effort to eliminate the necessity for hearing these Motions and/or to eliminate as many of the disputes as possible, the Court will determine whether to (a) allow counsel to orally supplement their written submissions, and then rule on the Motions, or (b) require counsel to submit further briefing.

With respect to Mattel's just-filed **Motion to Compel Deposition of Isaac Larian**, the Court has concluded after reviewing the parties' respective contentions in the Joint Stipulation and their respective Supplemental Memoranda that oral argument will not be of material assistance in determining the Motion. Accordingly, the hearing currently set for April 5, 2005 is ORDERED off calendar (see Local Rule 7-15), and the Court now rules as follows.

The Court does not find the authorities cited by MGA to be particularly persuasive. Further, MGA's purported concern about the possibility of Mr. Larian being subjected to multiple and repeated depositions is a complete red herring. Federal Rule 30(d)(2) limits the deposition to one day of seven hours, unless otherwise authorized by the Court or stipulated to by the parties. If Mattel later seeks to redepose Mr. Larian on the basis of additional information developed in subsequent discovery, the Court will take into account the fact that Mattel persisted in going forward with Mr. Larian's deposition at the outset of discovery. The Motion therefore is GRANTED, and MGA is ORDERED to produce Mr. Larian for a deposition on a date mutually convenient to the parties within 20 days of the date of this ruling.

MGA's request that the Court impose in advance "strict limits on the length and scope of the deposition" is DENIED without prejudice to MGA availing itself of the procedures specified in Federal Rule 30(d)(4) if MGA truly believes that the deposition is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party. Of course, if MGA does suspend the deposition for the purpose of seeking protective relief, and the Court then finds that MGA's position was not well taken, Mr. Larian will end up being subjected to another deposition session.

With respect to the sanctions issue, the Court has concluded that notwithstanding

MINUTES FORM 11　　　　　　　　　　　　　　　　　Initials of Deputy Clerk _____ for ME
CIVIL-GEN
　　　　　　　　　　　　　　　　　　　　　　　　　EXHIBIT __7__
　　　　　　　　　　　　　　　　　　　　　　　　　PAGE __86__

Case 2:04-cv-09049-DOC-RNB   Document 6288   Filed 08/14/09   Page 18 of 18   Page ID
#:207364
Case 2:04-cv-09049-SGL-RNB   Document 5977-2   Filed 07/18/2009   Page 89 of 122

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

| | | |
|---|---|---|
| Case No.: | CV 04-9059-NM (RNBx) | March 23, 2005 |
| | Mattel, Inc. v. Carter Bryant, et al. | Page 3 |

MGA's failure to convince the Court of the merits of its position, MGA's objection to the taking of the Larian deposition at the outset of discovery was substantially justified and/or that the totality of the circumstances here make an award of expenses to Mattel unjust. Accordingly, each side is ORDERED to bear its own expenses incurred in connection with this Motion.

Finally, as to the issue raised by MGA concerning Mattel's alleged practice of serving its portion of the Joint Stipulations with citations to declarations that are not served concurrently but rather are merely referenced with blank spaces for the paragraph citations, the Court concurs with MGA that the "better practice" is for the moving party to serve its portion(s) of the Joint Stipulation with all citations filled in and to serve concurrently with its portion(s) of the Joint Stipulation all referenced declarations and exhibits. The Court will expect all the parties to conform with this "better practice" henceforth.

cc:  Judge Manella

MINUTES FORM 11
CIVIL-GEN

EXHIBIT 7
PAGE 87

Initials of Deputy Clerk ___ for ME