1　MELINDA HAAG (State Bar No. 132612)
　　mhaag@orrick.com
2　ANNETTE L. HURST (State Bar No. 148738)
　　ahurst@orrick.com
3　WARRINGTON S. PARKER III (State Bar No. 148003)
　　wparker@orrick.com
4　ORRICK, HERRINGTON & SUTCLIFFE LLP
　　The Orrick Building
5　405 Howard Street
　　San Francisco, CA  94105-2669
6　Telephone:  +1-415-773-5700
　　Facsimile:  +1-415-773-5759
7
　　WILLIAM A. MOLINSKI (State Bar No. 145186)
8　wmolinski@orrick.com
　　ORRICK, HERRINGTON & SUTCLIFFE LLP
9　777 South Figueroa Street, Suite 3200
　　Los Angeles, CA  90017
10　Telephone:  +1-213-629-2020
　　Facsimile:  +1-213-612-2499
11
12　Attorneys for MGA Parties

13　　　　　UNITED STATES DISTRICT COURT

14　　　　　CENTRAL DISTRICT OF CALIFORNIA

15　　　　　　　EASTERN DIVISION

| | |
|---|---|
| 16　CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
| 17　　　　　Plaintiff, | Consolidated with: |
| 18　　　v. | Case No. CV 04-9059<br>Case No. CV 05-2727 |
| 19　MATTEL, INC., a Delaware<br>corporation, | Honorable Stephen G. Larson |
| 20　　　　　Defendant. | **APPLICATION TO FILE UNDER SEAL** |
| 21 | |
| 22　AND CONSOLIDATED ACTIONS | |
| 23 | |
| 24 | |

25

26

27

28

Pursuant to Civil Local Rule 79-5.1, the MGA Parties hereby submit this application for an order to file under seal the following document:

1. *EX PARTE* APPLICATION FOR STAY OF ORDER NO. 42 PENDING A FINAL DECISION ADJUDICATING THE PRIVILEGE ISSUES RAISED IN THE ORDER

MGA's *Ex Parte* Application for Stay discusses the content of Discovery Master O'Brien's Order No. 42 and the evidence related thereto. Order No. 42 was designated "Attorneys' Eyes Only" by the Discovery Master pursuant to a protective order entered in this Court on January 4, 2005. *See* Case 2:04-cv-09059-SGL-RNB Docket No. 54, attached hereto as Exhibit 1. It is so designated because it contains discussion of attorney-client privileged, work product and other confidential information that the parties believe in good faith will result in harm if disclosed without restriction upon use or further disclosure.

For the foregoing reasons, the MGA Parties respectfully request that the Court enter the concurrently filed [Proposed] Order granting this request to file the document under seal.

Dated:     August 13, 2009        ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
          Annette L. Hurst
         Attorneys for MGA Parties



ORIGINAL

LODGED

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
      Jon D. Corey (Bar No. 185066)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
4   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
5
    Attorneys for Plaintiff and Counter-Defendant
6   Mattel, Inc.
7
8                   UNITED STATES DISTRICT COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
10
11  MATTEL, INC., a Delaware            CASE NO. CV 04-9059 NM (RNBx)
    Corporation,
12                                      STIPULATED PROTECTIVE
                  Plaintiff,            ORDER; AND
13
          v.                            [PROPOSED] ORDER
14
    CARTER BRYANT, an individual; and   [Discovery Matter]
15  DOES 1 through 10, inclusive,
16                Defendants.
17
    CARTER BRYANT, on behalf of
18  himself, all present and former
    employees of Mattel, Inc., and the
19  general public,
20                Counter-Claimant,
21        v.
22  MATTEL, INC., a Delaware
    Corporation,
23
                  Counter-Defendant.
24
25
26
27
28

FILED
CLERK, U.S. DISTRICT COURT
JAN - 4 2005
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

DOCKETED ON CM
JAN - 5 2005
006
BY

54

# GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)    Personnel files and other private or confidential employment, contractor or vendor information;

1    (2) The specific terms of agreements with, and information received

2 from, third parties that a Party is required to disclose only under conditions of

3 confidentiality;

4    (3) Personal or private financial information, and confidential

5 financial data that is not known generally to the trade or to competitors, including

6 financial data relating to specific sales, cost and profit information for specific

7 products and product lines; and

8    (4) Business plans and product information that are not known

9 generally to the trade or to competitors, including non-public information relating to

10 product development and design.

11

12    WHEREFORE, believing that good cause exists, the Parties HEREBY

13 STIPULATE that, subject to the Court's approval, the following procedures shall be

14 followed in this Action to facilitate the orderly and efficient discovery of relevant

15 information while minimizing the potential for unauthorized disclosure or use of

16 confidential or proprietary information:

17

18        <u>SCOPE OF THIS ORDER</u>

19

20  1. This Protective Order shall apply to trade secret, confidential and

21 proprietary information, documents and things that are produced or disclosed in any

22 form during the course of the Action by any Party or any nonparty:

23    (a) through discovery;

24    (b) in any pleading, document or other writing; or

25    (c) in testimony given at a deposition.

26 (The foregoing information, documents and things shall be referred to hereinafter

27 collectively as "Litigation Materials.")

28

07272/625581.2        -3-

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

1

2

3          2.    Any Party or nonparty producing or disclosing Litigation

4   Materials in this Action may designate such information as "CONFIDENTIAL" or

5   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner

6   set forth in paragraph 3 below.   The designation of Litigation Materials as

7   "CONFIDENTIAL" shall be limited to information which the disclosing Party or

8   nonparty believes in good faith contains, constitutes or reveals confidential design,

9   engineering or development information, confidential commercial information, non-

10  public financial information, confidential or private information about current or

11  former employees, contractors or vendors (including employee, contractor and vendor

12  personnel records), or other information of a confidential, proprietary, private or

13  personal nature.   The designation of information as "CONFIDENTIAL --

14  ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential

15  commercial information, including without limitation non-public designs and

16  drawings, which the disclosing Party or nonparty in good faith believes will result in

17  competitive disadvantage or harm if disclosed to another Party to this Action without

18  restriction upon use or further disclosure.   Information designated as

19  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only

20  be used and disclosed as provided in this Protective Order.

21

22          ## MANNER OF DESIGNATION OF MATERIALS

23

24          3.    A Party or nonparty may designate Litigation Materials as

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the

26  following manner:

27                   (a)   Documents or Things.   "CONFIDENTIAL" or

28  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

07272/625581.2

PROTECTIVE ORDER

Exhibit 1 - Page 5

1   obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL –

2   ATTORNEYS' EYES ONLY" on the particular document or thing.

3         (b)   Interrogatory Answers and Responses to Requests for

4   Admissions. In answering any interrogatory or request for admission, or any

5   part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or

6   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by affixing thereto the

7   legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

8   ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'

9   EYES ONLY" answers shall be made on separate pages from any other

10   answers or portions thereof that are not designated as "CONFIDENTIAL" or

11   "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12         (c)   Deposition Testimony. Any Party or nonparty giving

13   deposition testimony in this Action may obtain "CONFIDENTIAL" or

14   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment therefor by

15   designating, during the course of that testimony, for which "CONFIDENTIAL"

16   or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment is desired,

17   the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL

18   – ATTORNEYS' EYES ONLY," or alternatively by designating the entire

19   testimony to be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'

20   EYES ONLY," subject to a good faith obligation to identify any non-

21   confidential portions of the testimony (and/or any lesser "CONFIDENTIAL"

22   portions in the event that the entire testimony is designated "CONFIDENTIAL

23   – ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after

24   receipt of the transcript of the testimony. The reporter shall separately

25   transcribe and bind the testimony so designated as "CONFIDENTIAL" and

26   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall mark the face

27   of the separate bound transcript containing such testimony with the term

28   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1   A Party or nonparty also may make the above-referenced designation of
2   confidentiality in writing and within fourteen (14) calendar days of the receipt
3   by said Party or nonparty of the transcript of said testimony. In that event, said
4   portion of the transcript will be treated as "CONFIDENTIAL" or
5   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of
6   this Protective Order, except that it will not be separately bound. If, during the
7   course of deposition testimony, any Party or nonparty reasonably believes that
8   the answer to a question will result in the disclosure of "CONFIDENTIAL" or
9   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons
10  other than those persons entitled to receive such information pursuant to
11  paragraphs 5 and 6 hereof shall be excluded from the room in which the
12  deposition testimony is given.   Unless previously designated as
13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"
14  all transcripts of deposition testimony and any related exhibits, and all
15  information adduced in deposition, shall, in their entirety, be treated as
16  "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of
17  the transcript by counsel for the designating Party or nonparty. The Party or
18  nonparty designating the testimony or information as "CONFIDENTIAL" or
19  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen
20  (14) calendar day period described above, specifically designate information
21  contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or
22  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously
23  designated as such, by notifying all Parties in writing of the portions of the
24  transcript or exhibit which contains such information. Each Party shall attach
25  a copy of such written statement to the face page of the transcript or exhibit
26  and to each copy in its or his possession, custody or control. Thereafter, these
27  portions of the transcript or exhibits designated as "CONFIDENTIAL" or
28  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

1  accordance with the terms of this Protective Order. In addition, the provisions

2  of Paragraph 3(e) for later designating transcripts or exhibits shall apply after

3  the expiration of the fourteen (14) calendar day period described in this

4  Paragraph 3(c).

5        (d)    Typing or stamping the legend "CONFIDENTIAL" or

6  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a

7  collection of Litigation Materials which are bound together shall have the

8  effect of designating such collection in its entirety as "CONFIDENTIAL" or

9  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  In the case of disks,

10  tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling,

11  stamping or marking the outside of such disk, tape, CD-ROM, DVD or other

12  medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL

13  -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire

14  contents of such disk, tape, CD-ROM, DVD or other medium or device, and

15  all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL --

16  ATTORNEYS' EYES ONLY," as the case may be.

17        (e)    Except as otherwise provided in Paragraph 3(c) of this

18  Protective Order, the receiving Party shall not reveal any information produced

19  for a period of seven (7) calendar days following receipt. Failure to designate

20  a document, thing or other information as CONFIDENTIAL" or

21  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this

22  Protective Order shall not preclude any Party or nonparty desiring to so

23  designate the document, thing or information from so designating thereafter;

24  provided that the Party or nonparty proceeds promptly after discovery of any

25  omission of marking, in good faith marks the document, thing or other

26  information and requests, in writing, that each receiving Party so mark and

27  treat the document, thing or other information in accordance with this

28  Protective Order. Thereafter, the document, thing or other information shall

1  be fully subject to this Protective Order. No Party shall incur liability for any

2  disclosures made prior to notice of such designation, except to the extent that

3  any such disclosures occurred prior to the seven (7) day period described above

4  or prior to such other time periods as are provided by this Protective Order,

5  including without limitation such time periods as are provided in Paragraph

6  3(c) above.

7

8  ## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

9

10      4.    Any Litigation Materials produced or disclosed in this Action,

11  whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL —

12  ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such

13  information for purposes of litigation and not for any other purpose, including

14  without limitation for any business or trade purpose. As used herein, the term

15  "litigation" shall mean preparation for, participation in and prosecution and defense

16  of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in

17  connection with any mediation or other alternative dispute resolution procedure that

18  this or any other court may order or that the Parties may agree to.

19      5.    Subject to Paragraph 7 herein, and unless as otherwise ordered by

20  the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be

21  disclosed to any person other than:

22      (a)    the attorneys for the Parties and their partners, shareholders,

23  associates, document clerks and paralegals who are necessary to assist such

24  attorneys;

25      (b)    secretaries, stenographers and other office or clerical

26  personnel employed by said attorneys and who are necessary to assist such

27  attorneys;

28

07272/625581.2

-8-

(c)     a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)     such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)     non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

6. Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

  (a) the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

  (b) secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

  (c) the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

  (d) such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

  (e) outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

  (f) independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

1          (g)   professional court reporters engaged to transcribe

2 deposition testimony, professional videographers engaged to videotape

3 deposition testimony and translators.

4       7.    None of the following is bound by or obligated under this Order

5 in any respect and specifically are not bound or obligated to treat information

6 designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

7 ONLY" in any particular manner: The Court hearing this Action (including the Court

8 having jurisdiction of any appeal), Court personnel, court reporters working for the

9 Court, translators working for the Court, or any jury impaneled in this Action.

10      8.    Other than those identified in Paragraph 7 above, each person to

11 whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL –

12 ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13 Protective Order and agree to be bound by it before disclosure to such persons of any

14 such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15 not have access to either "CONFIDENTIAL" or "CONFIDENTIAL –

16 ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17 certified that they have read this Protective Order and have manifested their assent

18 to be bound thereby by signing a copy of the Assurance of Compliance attached

19 hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20 it shall not be necessary for that person to sign a separate Assurance of Compliance

21 each time that person is subsequently given access to confidential material. Any

22 person who signed an Assurance of Compliance in connection with the Stipulation

23 for Protection of Confidential Information and Protective Order filed September 16,

24 2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County

25 Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26 shall, by virtue of his or her prior signature, be deemed to have signed the attached

27 Assurance of Compliance.

28

9. The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10. If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the <u>Local Rules</u>. Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11. Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12. The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

07272/625581.2

-12-

1    13.    If a Party or nonparty through inadvertence produces or provides

2    discovery that it, he or she believes is subject to a claim of attorney-client privilege

3    or work product immunity, the producing Party or nonparty may give written notice

4    to the receiving Party that the document is subject to a claim of attorney-client

5    privilege or work product immunity and request that the document be returned to the

6    producing Party or nonparty.  The receiving Party shall promptly return to the

7    producing Party or nonparty the inadvertently disclosed document and all copies of

8    such document.  Return of the document by the receiving Party shall not constitute

9    an admission or concession, or permit any inference, that the returned document is,

10    in fact, properly subject to a claim of attorney-client privilege or work product

11    immunity, nor shall it foreclose any Party from moving the Court for an Order that

12    such document has been improperly designated or should be producible for reasons

13    other than a waiver caused by the inadvertent production.

14    14.    Nothing contained in this Protective Order shall affect the right

15    of any Party or nonparty to make any objection, claim any privilege, or otherwise

16    contest any request for production of documents, interrogatory, request for admission,

17    or question at a deposition or to seek further relief or protective orders from the Court

18    in accordance with the Federal Rules of Civil Procedure and the Local Rules.

19    Nothing in this Protective Order shall constitute an admission or waiver of any claim

20    or defense by any Party.

21

22                    FILING AND USE IN COURT OF DESIGNATED MATERIALS

23

24    15.    Except when the filing under seal is otherwise authorized by

25    statute or federal rule, the Parties shall seek the Court's prior approval for the filing

26    under seal of pleadings and other documents containing properly designated

27    "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

28    information in accordance with the procedures set forth in Local Rule 79-5.1, as such

PROTECTIVE ORDER
Exhibit 1 - Page 14

1  Rule may be amended from time to time.  Prior to the time that a Party receiving the

2  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3  information from any other Party files with the Court an application and the other

4  materials required by Local Rule 79-5.1, as such Rule may be amended from time to

5  time, to seal the producing Party's confidential information, the receiving Party shall

6  consult with the producing Party's attorney to determine whether the producing Party

7  will re-designate the previously designated confidential information so as to avoid the

8  need for the request to file such information under the seal.  Upon the default of a

9  Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11  Party may subsequently seek the approval of the Court to file that document under

12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule

13  may be amended from time to time.

14

15              THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

16

17              16.   If any Party or nonparty receives a subpoena or document request

18  from a third party which purports to require the production of materials in that Party's

19  possession which have previously been designated as "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21  the Party or nonparty receiving such subpoena or document request (a) shall object

22  and refuse to produce documents absent a Court Order or the consent of the Party or

23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27  and (c) shall not oppose any effort by the Party or nonparty which designated the

28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

1 ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2 material.

3

### DISCOVERY FROM NONPARTIES

5

6      17.    Discovery of nonparties may involve receipt of information,

7 documents, things or testimony which include or contain "CONFIDENTIAL" or

8 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information. A

9 nonparty producing such material in this case may designate as "CONFIDENTIAL"

10 or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11 produces in the same manner provided for in this Protective Order with respect to

12 material furnished by or on behalf of the Parties. Any Party may also designate as

13 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14 materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15 or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16 Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17 nonparty has also so designated. In addition, a nonparty may also designate as

18 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19 materials or information produced by a Party that constitute "CONFIDENTIAL" or

20 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21 nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22 producing Party has also so designated. In either such an event, the designation

23 providing for the greater level of protection for the material information shall control,

24 subject to Paragraph 10 of this Protective Order. Nonparty materials designated

25 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26 nonparty or Party shall be governed by the terms of this Protective Order.

27

28

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4   **IT IS SO STIPULATED.**

5

6   DATED: December 22, 2004          QUINN EMANUEL URQUHART
                                       OLIVER & HEDGES, LLP
7

8                                      By _____
9                                         Jon Corey
                                          Attorneys for Plaintiff
10                                        Mattel, Inc.

11

12  DATED: December __, 2004          LITTLER MENDELSON

13                                     By _____
14                                        Douglas A. Wickham
                                          Attorneys for Defendant
15                                        Carter Bryant

16  DATED: December __, 2004          O'MELVENY & MEYERS, LLP

17

18                                     By _____
                                          Diana M. Torres
19                                        Attorneys for Intervenor-Defendant
                                          MGA Entertainment, Inc.

20

21

22  **IT IS SO ORDERED.**

23  DATED: ___1/4/05___

24                                     THE HONORABLE ROBERT N. BLOCK
                                          United States Magistrate Judge
25

26

27

28

07272/625581.2                         -17-



Stipulation and Protective Order pursuant to a motion brought in accordance with the rules of the Court.

**IT IS SO STIPULATED.**

DATED: December ___, 2004          QUINN EMANUEL URQUHART
                                    OLIVER & HEDGES, LLP

                                    By _____
                                        Jon Corey
                                        Attorneys for Plaintiff
                                        Mattel, Inc.

DATED: December _21_, 2004          LITTLER MENDELSON

                                    By _____
                                        Douglas A. Wickham
                                        Attorneys for Defendant
                                        Carter Bryant

DATED: December ___, 2004          O'MELVENY & MEYERS, LLP

                                    By _____
                                        Diana M. Torres
                                        Attorneys for Intervenor-Defendant
                                        MGA Entertainment, Inc.

**IT IS SO ORDERED.**

DATED: _____

                                    THE HONORABLE ROBERT N. BLOCK
                                    United States Magistrate Judge

07272/825581.2                          -17-

                                                        PROTECTIVE ORDER

Exhibit 1 - Page 19

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the
2   rules of the Court.

3

4        IT IS SO STIPULATED.

5

6   DATED: December ___, 2004        QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP
7

8                                    By
9                                       Jon Corey
                                        Attorneys for Plaintiff
10                                      Mattel, Inc.

11  DATED: December ___, 2004        LITTLER MENDELSON
12

13                                   By
14                                      Douglas A. Wickham
                                        Attorneys for Defendant
                                        Carter Bryant
15

16  DATED: December ___, 2004        O'MELVENY & MEYERS, LLP
17

18                                   By
                                        Diana M. Torres
                                        Attorneys for Intervenor-Defendant
19                                      MGA Entertainment, Inc.

20

21        IT IS SO ORDERED.
22

23  DATED: _____
24                                   THE HONORABLE ROBERT N. BLOCK
                                     United States Magistrate Judge
25

26

27

28

07272/625581.2                        -17-
                                                          PROTECTIVE ORDER

Exhibit 1 - Page 20

1

## EXHIBIT A

2

3

## ASSURANCE OF COMPLIANCE

4

5          I, _____, under penalty of perjury under the laws of the

6   United States of America, declare and state as follows:

7          I reside at _____, in the City/County of _____ and

8   State/Country of _____;

9          I have read the annexed Stipulated Protective Order, ("Protective Order")

10   dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant*,

11   Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States

12   District Court for the Central District of California; that I am fully familiar with and

13   agree to comply with and be bound by the provisions of that Protective Order;

14          I will not divulge to persons other than those specifically authorized by the

15   Protective Order, and will not copy or use any Litigation Materials designated as

16   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except

17   solely as permitted by the Protective Order; and

18          I consent to the jurisdiction of the United States District Court for the

19   Central District of California for the purpose of enforcing said Protective Order,

20   enjoining any violation or threatened violation of the Protective Order or seeking

21   damages for the breach of said Protective Order.

22

23                                      _____

24                                           (Signature)

25

26

27

28

07272/625581.2   _____