MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>**DECLARATION OF ANNETTE L. HURST IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>Date: August 31, 2009<br>Time: 10:00 A.M.<br>Courtroom: 1<br>Judge: Stephen G. Larson |

**PUBLIC REDACTED VERSION**

1    I, Annette L. Hurst, declare as follows:

2    1.    I am a member of the Bar of the State of California and admitted to practice before this Court, and a partner with the law firm of Orrick, Herrington & Sutcliffe LLP, lead counsel for Phase 2 to MGA Entertainment, Inc. ("MGAE"), MGA Entertainment HK, Ltd. ("MGA HK"), MGAE De Mexico, S.R.L. De C.V. ("MGAE Mexico"), and Isaac Larian (collectively, the "MGA parties"). I make this declaration in support of the MGA Parties' Opposition to Mattel's Motion to Modify Scheduling Order. I have personal knowledge of the facts set forth in this Declaration unless stated as to information and belief, in which case I am informed and believe it to be true. If called as a witness, I could and would testify competently to such facts under oath.

2.    Neither we nor predecessor counsel have refused to produce documents from MGA de Mexico and MGA Canada. Rather, from our review of documents produced, production logs, and discussions with prior counsel, we have confirmed that documents were collected from those entities and produced as part of MGAE's production in prior productions. MGAE collected from MGA de Mexico and MGA Canada pursuant to Mattel's broad entity definitions of MGAE, and interrogatory answers including answers with information from each of those entities were also provided, including interrogatory answers served as recently as July 2009 concerning Mattel's trade secret claims. Additional documents have been collected from MGA de Mexico and are in the process of being reviewed and produced.

3.    I assisted MGAE with instructions regarding document retention in connection its most recent round of layoffs, and on that basis I am informed and believe and state that Pablo Vargas and Marianna Trueba were laid off by MGAE Mexico in July 2009.

4.    Based upon the correspondence and production logs, ███ ███roduced approximately 100,000 pages of documents. Attached hereto as

1 | **Exhibit 1** are true and correct copies of letters dated April 9, 15, and 17, 2009 and
2 | May 6, 2009 covering the production to Quinn Emanuel of documents numbered
3 | ███████████████████████████████████████████████████████████
4 |      5.    In April and June 2009, ████████████████████
5 | ████ produced over 10,000 pages of documents to Mattel. Attached hereto as
6 | **Exhibit 2** is a true and correct copy of the Declaration of Peter N. Villar in Support
7 | of Bingham McCutchen LLP's Supplemental Memorandum Regarding Portion of
8 | Discovery Master Order No. 27 Remanded by Court for Further Consideration.
9 |      6.    The Larian supplemental hard drive inspection was tendered in the
10 | first week of August. All of the drives required to be inspected by Discovery
11 | Master O'Brien's Order No. 34 have been collected, imaged and are ready for
12 | inspection. During the first week of August, we requested that Mattel agree it
13 | would abide by the April 2008 protocol for inspection of hard drives. Mattel
14 | initially refused to do so. As a result of that refusal, the parties undertook
15 | additional negotiations regarding the terms under which the inspection would be
16 | made. While those negotiations were ongoing, we learned for the first time that the
17 | April 2008 protocol Mattel had identified in its Motion for Preclusive Relief
18 | (currently pending for hearing before the Court on the same day as this Motion)
19 | was not in fact the stipulated protocol between the parties that governed the original
20 | inspection of the Larian hard drives. Rather, we learned that MGAE had in fact
21 | rejected that proposed protocol, and the parties had agreed to a different protocol in
22 | May 2008. As soon as we are able to confirm an agreement to the procedures that
23 | apply pursuant to Discovery Master O'Brien's Order No. 34 (or failing such an
24 | agreement, return to Discovery Master O'Brien for guidance), the hard drives will
25 | be produced for inspection.
26 |      7.    Answers to Mattel's interrogatories concerning trade dress
27 | identification were served in June.
28 |      8.    There have been several motions both by Mattel and by MGAE

concerning the issues of payments to former employees and witnesses. Most recently there have been at least three motions implicating these issues. Those three motions have all been fully briefed and will be argued before the Discovery Master in the first week of September.

9. MGA's recent substitution of counsel has resulted in no material delay in any case event. Since Orrick became counsel of record, MGA has opposed or filed without extension dozens of discovery motions, filed its Ninth Circuit brief on the date due, has responded to or initiated meet and confer on hundreds of discovery requests and numerous other discovery issues, has served discovery and answered discovery, produced documents, and conducted an entire re-review of numerous privileged documents in order to narrow what was necessary for *in camera* inspection. Although this latter act necessitated a one-week extension of the deadline for the *in camera* review, it in fact *speeded* the case because it reduced the overall burden on Discovery Master O'Brien in conducting the review.

10. The only event for which Orrick has sought a material amount of time since coming into the case is to seasonably supplement its response to the December 3, 2007 Court-ordered interrogatory requiring that all facts be detailed in support of MGA's thirteen new affirmative defenses. That extension was necessitated at least in part because Mattel had not yet served its interrogatory answer setting forth the complete basis for all of its counterclaims in response to Interrogatory No. 28. That interrogatory had not been answered prior to the Phase 2 discovery stay, and was ordered by Discovery Master O'Brien to be answered by July 31, 2008. Thus, MGA's response regarding affirmative defenses will be served exactly one month after Mattel's answer regarding its counterclaims.

11. Mattel has sought approximately the same number of extensions on various deadlines as has MGA during the period of time since Orrick came into the case.

12. Mattel unilaterally decided not to show up and has refused to propose

any dates for deposition in response to MGA's 30(b)(6) Notice served on July 27, 2009. For the two witnesses whose deposition have been noticed by Mattel since Orrick's substitution, Edmund Lee and Patrick Ma, MGA agreed to bring them from Hong Kong to be deposed in Los Angeles and offered to produce them after the first week of September. Mattel has not yet indicated upon which dates it is available to depose them in light of that proposal.

13. Mattel first raised the issue of an extension of case deadlines with me during my discussion with Mr. Proctor regarding other discovery and case management issues on or about July 15, 2009. I asked Mr. Proctor how long of an extension Mattel sought, and he stated that Mattel would like "six or seven months." I stated that I did not know whether MGA would agree to any trial continuance, but even if we did not agree to a trial continuance, if minor modifications needed to be made to other case deadlines in order to get everything completed, I was sure we could accommodate those requests. After considering the request, MGA indicated that it was unwilling to agree to any trial continuance unless the Phase 2 proceedings were stayed pending the outcome of the appeal presently pending before the Ninth Circuit. MGA remains willing to reasonably extend deadlines on a case-by-case basis to accommodate the demands of the case.

14. Attached hereto as **Exhibit 3** is a true and correct copy of the cover page, excerpted pages 223 and 224, and the Reporter's Certificate from the deposition of Ronald Brawer, taken February 5, 2008.

15. Attached hereto as **Exhibit 4** is a true and correct copy of the cover page, excerpted testimony from pages 122:22-124:9 as well as Exhibit 2302, and the Reporter's Certificate from the deposition of Robert Eckert, taken January 28, 2008.

16. [redacted]

1  ████████████████████████████████████████
2  ████████████████████████████████████████
3  ████████████████████████

4      17.    Mattel produced this e-mail in response to Document Requests Nos. 526 and 528, in response to which Discovery Master O'Brien ordered production on March 13, 2009. I have personally reviewed the entire production made by Mattel in April 2009 in response to that request, and have obtained the assistance of one of our associates fluent in Spanish where necessary to understand the nature and general content of the documents. ████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

18    ████ Attached hereto as **Exhibit 6** is a true and correct copy of a one-page letter from me to Michael Zeller, Esq., dated August 16, 2009.

1  18. ███████████████████████████████████
2  ███████████████████████████████████████
3  ███████████████████████████████████████
4  ███████████████████████████████████████
5  ███████████████████████████████████████
6  ███████████████████████████████████████
7  ████████

8     I declare under penalty of perjury that the foregoing is true and correct and
9  that this Declaration was executed this 17th day of August, 2009, at San Francisco,
10 California.



Annette L. Hurst