# EXHIBIT

# A

1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213-612-2499
11
   Attorneys for MGA Parties
12

13                UNITED STATES DISTRICT COURT

14                CENTRAL DISTRICT OF CALIFORNIA

15                     EASTERN DIVISION

| | |
|---|---|
| 16 CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
| 17          Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18          v. | |
| 19 MATTEL, INC., a Delaware corporation, | **[PROPOSED] REQUEST FOR JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** |
| 20 | |
| 21          Defendant. | |
| 22 | |
| 23 AND CONSOLIDATED ACTIONS | Date: Time: |
| 24 | Courtroom: Judge:      Hon. Stephen G. Larson |
| 25 | |
| 26 | |

27

28

REQUEST FOR JUDICIAL ASSISTANCE
CV 04-9049 SGL (RNBx)

# TABLE OF CONTENTS

**Page**

LETTER OF REQUEST ........................................................................................................ 2

I.      NATURE OF PROCEEDINGS ................................................................... 3

    A.    Names and Addresses of the Parties and Their Representatives (Article 3(b)) ................................................................ 3

    B.    Nature and Purpose of the Proceedings and Summary of the Alleged Facts (Article 3(c)) ................................................. 3

        1.    Nature of the Proceedings............................................. 3

        2.    Procedural Background ................................................. 4

        3.    Knowledge Of Persons To Be Examined..................... 6

II.     EVIDENCE SOUGHT (ARTICLE 3(D)) ................................................. 8

    A.    Pablo Vargas San Jose .............................................................. 8

    B.    Mariana Trueba Almada ........................................................... 9

    C.    Subject Matter About Which The Deponents Are To Be Examined  (Article 3(f))........................................................ 10

    D.    Requirement That The Evidence Be Given on Oath or Affirmation  and Specific Form to Be Used (Article 3(h)) ............... 10

    E.    Special Methods or Procedures to be Followed (Article 3(i) and 9) ........................................................................................... 10

    F.    Fees and Costs.......................................................................... 11

    G.    Notification of Court and Parties (Article 7) ..................... 11

    H.    Conclusion .............................................................................. 11

III.    REQUEST FOR JUDICIAL ASSISTANCE............................................. 12

IV.    RECIPROCITY ...................................................................................... 13

V.     CONCLUSION ...................................................................................... 13

EXHIBIT A
PAGE 4

1    TO THE SUPERIOR COURT OF JUSTICE FOR THE FEDERAL DISTRICT:

2        The United States District Court for the Central District of California

3    presents its compliments to the Superior Court of Justice for the Federal District,

4    and requests international judicial assistance to obtain the following: (1) the

5    examination, under oath, of Pablo Vargas San Jose, as set forth in Schedule B; and

6    (2) the examination, under oath, of Mariana Trueba Almada, as set forth in

7    Schedule C.  The testimony of these witnesses is intended for use at trial, and will

8    be relevant to numerous claims and defenses in the case.  A trial on this matter is

9    scheduled for March 23, 2010 in Riverside, California, United States of America.

10       This request is made pursuant to the Hague Convention of 18 March 1970 on

11   the Taking of Evidence Abroad in Civil or Commercial Matters, as adopted and

12   implemented at 28 U.S.C. § 1781 and the Executive Order published in the Federal

13   Official Gazette dated February 12, 1990.  This Court, the United States District

14   Court for the Central District of California, Eastern Division, is a competent court

15   of law and equity which properly has jurisdiction over this proceeding, has the

16   power to compel the attendance of witnesses within its jurisdiction, and has the

17   authority to seek the assistance of foreign governments in compelling the

18   attendance of witnesses outside its jurisdiction.

19       This request is made with the understanding that it will in no way require the

20   person described below to commit any offense, nor will it require the person

21   described below to undergo a broader form of inquiry than they would if the

22   litigation were conducted in Mexico.

23

24

25

26

27

28

- 1 -

EXHIBIT A
PAGE 5

# Letter of Request

**1.    Sender/Requesting Authority (Article 3(a))**

Hon. Stephen G. Larson
United States District Judge
United States District Court for the Central District of California
Room 260
3470 Twelfth Street
Riverside, CA 92501
Tel: (951) 328-4464

**2.    Authority of the Requested State (Article 3(a))**

Superior Court of Justice for the Federal District
Niños Heroes No. 132, Planta Baja, Colonia Doctores,
Delegación Cuauthemoc, Código Postal 06720
Mexico City, Mexico
Tel: 51 34 11 00

**3.    Person to whom the executed request is to be returned**

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000

**4.    Persons designated to act in connection with the Letter of Request**

The parties and their representatives listed in Schedule A attached hereto

**5.    Persons designated to carry out formalities on behalf of the requesting party:**

Jointly or individually: Hector Geronimo Calatayud - Izquierdo, Ricardo Luis Hernandez - Garfias, Victor Manuel Rivero - Montiel, Hector Leonel Rivera - Muñoz, Enrique Valdespino - Pastrana and/or Arturo Aguirre -Arias,

Paseo de los Tamarindos No. 400 "A", Colonia Bosques de las Lomas, Delegación Cuajimalpa, Código Postal 05120,
Mexico City, Mexico

**6.    Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

---

- 2 -

As soon as reasonably practicable consistent with the Court's calendar.

**7.     Identity and address of those to be examined (Article 3(e))**

Pablo Vargas San Jose 135 Loma de Guadalupe Alvaro Obregon
Mexico D.F. 1720
Mariana Trueba Almada
Paseo del Pedregal 1110 Casa 10
Jardines Del Pedregal
Alvaro Obregon
Mexico, D.F. 01900

**I.     NATURE OF PROCEEDINGS**

**A.     Names and Addresses of the Parties and Their Representatives (Article 3(b))**

The evidence requested relates to the action entitled <u>Bryant v. Mattel, Inc.</u>, Case No. CV 04-9049 SGL (RNBx), which consists of three actions that have been consolidated before the requesting judicial authority: <u>Mattel, Inc. v. Bryant</u>, Case No. CV 04-9049 SGL (RNBx) (the "Bryant Case"); <u>Bryant v. Mattel, Inc.</u>, Case No. CV 04-9049 SGL (RNBx) (the "Declaratory Relief Case"), and <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>, Case No. CV05-2727 SGL (RNBx) (the "Unfair Competition Case").  The parties and their representatives are listed in Schedule A attached hereto.  The applicant for this letter of request is defendant and cross-plaintiff Mattel, Inc. ("Mattel").

**B.     Nature and Purpose of the Proceedings and Summary of the Alleged Facts (Article 3(c))**

**1.     Nature of the Proceedings**

This proceeding is a civil lawsuit alleging copyright infringement, dilution trade dress infringement, misappropriation of trade secrets, violation and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, breach of contract, intentional interference with contract, breach and aiding and abetting breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty, conversion, unfair competition, unjust enrichment, avoidance of intentional and

constructive fraudulent transfers under the Uniform Fraudulent Transfer Act, and declaratory relief.

## 2.   Procedural Background

**Mattel's Original Complaint.**  Mattel originally filed suit against Bryant for breach of contract, breach of fiduciary duty, breach of the duty of loyalty, unjust enrichment and conversion in April 2004.  In its Complaint, Mattel alleged its claim to ownership of all inventions and works created by Bryant during his Mattel employment and seeks to recover all benefits obtained as a result of his breach of duties.  MGA intervened in Mattel's case against Bryant in December 2004 to defend the rights it claims in the Bratz properties.

Bryant's Counterclaims.  Bryant initially challenged the assignment provisions in the Inventions Agreement between he and Mattel in four Counterclaims, alleging unconscionability, mistake, duress, fraud, Labor Code violations, Business and Professions Code violations, unfair competition and other claims.  Bryant sought rescission of the Inventions Agreement and a declaration that the Inventions Agreement is unenforceable.  The Court dismissed all of Bryant's Counterclaims in an 18-page Order.

In addition to his Counterclaims, Bryant sued Mattel in November 2004 for a declaratory judgment that he had not infringed the copyrights in a Mattel project known as "Toon Teens." The Court dismissed Bryant's declaratory judgment complaint on the pleadings.

MGA's Complaint Against Mattel:  On April 13, 2004, MGA filed a complaint against Mattel for false designation of origin, affiliation, association or sponsorship, unfair competition and dilution for Mattel's habitual and unfair tactics of competition-by-intimidation and serial copycatting of MGA's products, which MGA alleges Mattel has used in an effort to cause confusion in the marketplace and eliminate MGA as a competitor in the toy and fashion doll market.  MGA has also

- 4 -

1   alleged that Mattel has intimidated, coerced and threatened retailers, licensees,

2   suppliers, and others in the toy industry in order to stifle MGA's ability to compete.

3       <u>Consolidation</u>.  After the Court lifted a discovery stay imposed while the

4   Ninth Circuit Court of Appeal resolved an appeal regarding subject matter

5   jurisdiction issues, the Court consolidated Mattel's case against Bryant, Bryant's

6   declaratory relief case and MGA's case against Mattel, for all purposes.

7       <u>Mattel's Second Amended Counterclaims</u>.  Mattel filed its Second Amended

8   Answer and Counterclaims on July 12, 2007, asserting thirteen counterclaims

9   against six named defendants, MGA Entertainment, Inc., Isaac Larian, MGA

10  Entertainment (HK) Ltd., MGA's Hong Kong subsidiary, MGAE de Mexico S.R.L.

11  de C.V., MGA's Mexican subsidiary, Carlos Gustavo Machado Gomez, and Carter

12  Bryant.  Mattel's counterclaims included claims for copyright infringement,

13  misappropriation of trade secrets, violation of and conspiracy to violate the

14  Racketeer Influenced and Corrupt Organizations ("RICO") Act, breach of contract,

15  intentional interference with contract, breach of fiduciary duty, aiding and abetting

16  breach of fiduciary duty, breach of duty of loyalty, aiding and abetting breach of

17  duty of loyalty, conversion, unfair competition, and declaratory relief.

18      In its Second Amended Counterclaims, Mattel alleged that MGA and other

19  defendants, including MGA's Mexican subsidiary, MGAE de Mexico, Isaac Larian,

20  MGA Entertainment, Inc.'s CEO, and former CEO of MGAE de Mexico, and

21  Carlos Gustavo Machado Gomez (collectively the "MGA Defendants"), have

22  engaged in the systematic theft of Mattel's trade secrets, which the MGA

23  Defendants used to unfairly compete against Mattel.[1]  It is alleged that the MGA

24  Defendants hired directly from Mattel numerous employees, including at least three

25  in Mexico, and including the two that Mattel seeks to examine.[2]  Mattel further

26  alleged that the MGA Defendants specifically targeted and recruited many of these

27

28

---

[1] <u>See</u> Mattel's Second Amended Counterclaims dated July 12, 2007 at ¶ 37.
[2] <u>Id</u>. at ¶ 77.

EXHIBIT A
PAGE 9

1    employees based on the Mattel confidential and proprietary information the Mattel

2    employees could access and bring to MGA.[3]  Mattel alleges that Mr. Vargas and

3    Ms. Trueba were two of these Mattel employees.

4         On February 21, 2007, this Court bifurcated these consolidated cases into

5    two phases.  Phase 1 focused on ownership of the works Carter Bryant created

6    while he was a Mattel employee, including Bratz, Mattel's claims of copyright

7    infringement stemming from that ownership and Bryant's work with MGA while

8    he was a Mattel employee.

9         During the summer of 2008, the parties tried the Phase 1 issues, resulting in

10   jury verdicts in Mattel's favor.

11        <u>Mattel's Third Amended Counterclaims</u>.  On May 22, 2009, Mattel, Inc. filed

12   its Third Amended Answer and Counterclaims.  These counterclaims included the

13   claims of the Second Amended Answer and Counterclaims identified above, and

14   added an additional claim for avoidance of intentional and constructive fraudulent

15   transfers under the Uniform Fraudulent Transfer Act.  Mattel alleges that, after

16   Phase 1 trial, MGA and Larian created several shell corporations and used them to

17   divert MGA profits to Isaac Larian and his friends and family, and did so to defraud

18   Mattel.  Mattel also alleged thefts of Mattel trade secrets by additional employees,

19   and additional predicate acts to its RICO claims, including the conduct noted above,

20   perjury and obstruction of justice by Isaac Larian, destruction of evidence, and

21   commercial bribery as a result of the hiring of three additional Mattel employees to

22   work for MGA while still employed by Mattel.

23        **3.    <u>Knowledge Of Persons To Be Examined</u>**

24        Mattel has alleged that Mr. Vargas and Ms. Trueba are two principal actors

25   in the MGA Defendants' scheme to steal and profit from Mattel's trade secrets and

26   confidential and proprietary information.[4]  Ms. Trueba was the Senior Marketing

27   _____

28   [3] <u>Id</u>.
     [4] The allegations set forth in this section are from Mattel's Third Amended

REQUEST FOR JUDICIAL ASSISTANCE
CV 04-9049 SGL (RNBx)

EXHIBIT A
PAGE 10

1   Manager, Girls Division, for Mattel Mexico.[5]  Mr. Vargas was a Senior Trade

2   Marketing Manager with Mattel Mexico.[6]  Mattel alleges that the MGA Defendants

3   recruited Mr. Vargas and Ms. Trueba, along with a third Mattel employee, Carlos

4   Gustavo Machado Gomez, beginning in late 2003 or early 2004.  Mattel alleges that

5   in connection with that plan to join MGA, and with the encouragement of MGA's

6   CEO, Isaac Larian, and other MGA officers operating in the United States, they

7   began accessing, copying and collecting Mattel trade secrets and confidential and

8   proprietary information.  On April 19, 2004, Mr. Machado, Ms. Trueba and Mr.

9   Vargas each resigned their positions with Mattel, effective immediately.[7]

10          Mattel alleges that, starting on April 12, 2004, Mr. Vargas copied a host of

11  trade secrets, confidential and proprietary materials to a portable USB storage

12  device, including sales plans, sales projections and customer profiles.[8]  On April 16,

13  2004, Ms. Trueba also copied Mattel trade secrets, confidential and proprietary

14  information to a portable USB storage device connected to her Mattel computer.[9]

15  In total, Mattel alleges the three employees stole virtually every type of document a

16  competitor would need to enter the Mexican market and to unlawfully compete

17  with Mattel in Mexico, in the United States, and elsewhere.  Mattel alleged that

18  they stole global internal future line lists that detailed anticipated future products,

19  production and shipping costs for Mattel products; daily sales data for Mattel

20  products; customer data; sales estimates and projections; marketing projections;

21  documents analyzing changes in sales performance from 2003 to 2004; budgets for

22  advertising and promotional expenses; strategic research reflecting consumer

23  responses to products in development; media plans; consumer comments regarding

24  existing Mattel products customer discounts and terms of sale; customer inventory

25  _____
    Counterclaims, dated May 22, 2009.

26  [5] Id. at ¶ 46.
    [6] Id. at ¶ 47.

27  [7] Id. at ¶ 48.
    [8] Id. at ¶ 52.

28  [9] Id. at ¶ 53.

level data; assessments of promotional campaign success; market size historical data and projections; marketing plans and strategies; merchandising plans; retail pricing and marketing strategies; and other similar materials.[10]

MGA believes that Mr. Vargas and Ms. Trueba would also have knowledge of MGA's claims against Mattel for, *inter alia*, unfair competiton and trade dress infringement.  Specifically, MGA believes that since these individuals were previously employed by Mattel, they can and would testify to Mattel's efforts to muscle MGA out of the business with intimidation and threats to retailers, licensees, suppliers, employees and others in the industry.  MGA believes these individuals will be able to testify to Mattel's copy-catting of MGA's products, trade dress, packaging and advertising.

## II.   EVIDENCE SOUGHT (ARTICLE 3(D))

The evidence to be obtained consists of testimony for use in the Phase 2 trial of the consolidated actions that have been captioned Bryant v. Mattel, Inc., Case No. 04-9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727).  It is requested that a Mexican judicial authority compel Pablo Vargas San Jose to appear and to be examined, under oath, as to his knowledge of the topics set forth in Schedule B.  It is further requested that a Mexican judicial authority compel Mariana Trueba Almada to appear and to be examined, under oath, as to his knowledge of the topics set forth in Schedule C.

### A.   Pablo Vargas San Jose

Mr. Vargas is a Mexican national and resides in your jurisdiction at 135 Loma de Guadalupe, Alvaro Obregon, Mexico D.F. 1720.  As detailed above, it is alleged by Mattel that Mr. Vargas was one of the principal actors engaged in the MGA Defendants' scheme of wrongdoing underlying Mattel's Counterclaims in that he stole and subsequently assisted the MGA Defendants in profiting from Mattel's trade secrets, or otherwise confidential or proprietary information.

---

[10] Id. at ¶ 55.

1    Mr. Vargas was also previously a Mattel employee so he can testify to Mattel's acts

2    of unfair competition through intimidation, coercion and other unfair acts intended

3    to prevent MGA from lawfully competing with Mattel.

4         **B.    Mariana Trueba Almada**

5         Ms. Trueba is a Mexican national and resides in your jurisdiction at Paseo del

6    Pedregal 1110 Casa 10, Jardines Del Pedregal, Alvaro Obregon, Mexico, D.F.

7    01900.  As detailed above, it is alleged by Mattel that Ms. Trueba was one of the

8    principal actors engaged in the MGA Defendants' scheme of wrongdoing

9    underlying Mattel's Counterclaims in that Mattel claims she stole and subsequently

10   assisted the MGA Defendants in profiting from Mattel's trade secrets, or otherwise

11   confidential or proprietary information.  Ms. Trueba was also previously a Mattel

12   employee, so she can testify to Mattel's acts of unfair competition through

13   intimidation, coercion and other unfair acts intended to prevent MGA from lawfully

14   competing with Mattel.

15        These allegations, and others, underlie MGA's claims of unfair competition

16   and trade dress infringement and Mattel's claims for misappropriation of trade

17   secrets and RICO violations.[11]  These allegations are also relevant to Mattel's

18   claims in that Mattel believes they will evidence these individuals' and the MGA

19   Defendants' theft and use of Mattel's trade secrets.  Moreover, they are relevant to

20   Mattel's defense against MGA's unfair competition claims because Mattel alleges

21   such information will prove that it was MGA that had prior access to Mattel's

22   business plans and strategies and that MGA was the one copying Mattel's

23   intellectual property and ideas—not the other way around as MGA alleges.  MGA

24   expects these individuals will also have first-hand knowledge of Mattel's unfair

25   practices intended to drive MGA out of business.

26        Because Mr. Vargas and Ms. Trueba have unique and personal knowledge of

27   the matters at issue in the consolidated litigation proceedings, it will further the

28   ───────────────
     [11] Id. at ¶¶ 146-165.

EXHIBIT A
PAGE 13

1  interests of justice if they are examined, under oath, as to their knowledge of the

2  facts which are relevant to the claims and defenses of these consolidated cases.

3  **C.    Subject Matter About Which The Deponents Are To Be Examined**

4  **(Article 3(f))**

5  The subject matter about which Mr. Vargas is to be examined is set forth in

6  Schedule B.  The subject matter about which Ms. Trueba is to be examined is set

7  forth in Schedule C.

8  **D.    Requirement That The Evidence Be Given on Oath or Affirmation**

9  **and Specific Form to Be Used (Article 3(h))**

10  The examinations of Mr. Vargas and Ms. Trueba shall be taken under oath

11  before the appropriate Mexican judicial authority and empowered to administer

12  oaths and take testimony.

13  This Court further requests that you require that the testimony given during

14  the examinations be given under the following oath: "I [name of deponent] swear

15  that the testimony that I am about to give is the truth, the whole truth and nothing

16  but the truth, so help me God."

17  In the event that the Law of the United Mexican States does not permit the

18  swearing of an oath by a particular witness, the duly appointed officer shall make

19  inquiry of such witness to ensure that he/she understands the gravity of the

20  procedure and affirms that his/her statement will be true and correct in all respects.

21  **E.    Special Methods or Procedures to be Followed (Article 3(i) and 9)**

22  The examinations shall be taken under the Federal Rules of Civil Procedure

23  of the United States of America, except to the extent such procedure is

24  incompatible with the internal laws of Mexico.

25  Considering that the parties' representatives are not fluent in Spanish, the

26  examination and cross-examination shall be taken in English, and therefore, a duly

27  authorized expert translator will be timely appointed by the requesting party

28  ("Mattel").

EXHIBIT A
PAGE 14

1   The examinations shall be taken before a commercial stenographer and a

2   verbatim transcript shall be produced.  The examinations shall also be videotaped.

3   The equipment needed to obtain the verbatim transcript and the videotape, as

4   well as the persons needed to operate such equipment, will be provided by the

5   requesting party ("Mattel").

6   **F.     Fees and Costs**

7   Any fees and costs incurred by Mr. Vargas and Ms. Trueba in conjunction

8   with their respective examinations will be paid by Defendant Mattel, Inc, through

9   its counsel of record: Michael T. Zeller, Quinn Emanuel Urquhart Oliver & Hedges,

10  LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017.  Mattel's

11  payment of any such fees and costs is without prejudice to its making a subsequent

12  request to be reimbursed for these costs by other parties in these consolidated

13  actions.

14  **G.     Notification of Court and Parties (Article 7)**

15  Pursuant to Article 7 of the Hague Convention on the Taking of Evidence

16  Abroad, the Court requests that counsel for the parties in this action, listed in

17  Schedule A, be informed of the time when, and the place where, the proceedings

18  will take place, in order that they may be present.

19  **H.     Conclusion**

20  Based on the foregoing and the Court's review of the pleadings, this Court

21  has concluded that Mr. Vargas and Ms. Trueba have information about the claims

22  and defenses that are the subject of the civil action against the MGA Defendants

23  and Carter Bryant.

24  Accordingly, in the interests of justice and to assure a complete record, it is

25  necessary for: (1) Mr. Vargas to be examined under oath on the topics set forth in

26  Schedule B; and (2) Ms. Trueba to be examined under oath on the topics set forth in

27  Schedule C.

28

REQUEST FOR JUDICIAL ASSISTANCE
CV 04-9049 SGL (RNBx)

## III.   **REQUEST FOR JUDICIAL ASSISTANCE**

The evidence sought cannot be obtained other than from Mr. Vargas and Ms. Trueba through examination, and such evidence will be useful to this Court in determining the validity of the claims and defenses in this case.  The evidence sought is necessary for trial in this matter and will be adduced at trial, if admissible and appropriate.

Therefore, after having thoroughly reviewed the pleadings in this matter, this Court requests the following as to Mr. Vargas and Ms. Trueba:

(1)    You cause, by your proper and usual process, Mr. Vargas and Ms. Trueba to be summoned, at their addresses set forth herein, or at any other domiciles which are provided to you by the individuals authorized by the requesting party, to appear before you or some competent official authorized by you, on a date mutually agreed upon by the deponent and the parties or at a time and/or place to be determined by you, to give testimony under oath by questions and answers upon oral examination, such examination to continue day to day until completion and conducted in accordance with the <u>Federal Rules of Civil Procedure</u> or as permitted by you.  Mr. Vargas and Ms. Trueba shall be summoned under official warning to apply against them the most effective enforcement measures allowed by law, to achieve their appearance at the hearing scheduled for them to give their testimony. In the event that the Law of the United Mexican States does not permit the swearing of an oath by a particular witness, the duly appointed officer shall make inquiry of such witness to ensure that he/she understands the gravity of the procedure and affirms that his/her statement will be true and correct in all respects.

(2)    You permit Mr. Vargas and Ms. Trueba to be examined under oath by counsel for all parties in this matter, allowing full examination and cross-examination on the subject matter of this case, including the topics delineated in Schedules B and C to this Letter of Request.

(3)     You cause a verbatim transcript of the testimony of the witnesses to be taken and reduced to writing.  The examinations shall also be videotaped.

(4)     You order that the oral evidence produced pursuant to your enforcement of this Letter of Request shall not be used by anyone in any manner or proceeding other than in this matter, <u>Bryant v. Mattel, Inc.</u>, Case No. 04-9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United States District Court for the Central District of California.  A Protective Order was entered in this action on January 4, 2005 (Attachment 1 hereto).

(5)     You notify counsel for the parties in this action, listed in Schedule A, of the time when, and the place where, the proceedings will take place, in order that they may be present.

## IV.    <u>RECIPROCITY</u>

This Court expresses its sincere willingness to provide similar assistance to the Central Authority of the United Mexican States if future circumstances should require.

## V.    <u>CONCLUSION</u>

In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance in the form of this Letter of Request to compel: (1) Mr. Vargas to be examined under oath on the topics set forth in Schedule B; and (2) Ms. Trueba to be examined under oath on the topics set forth in Schedule C.

DATED: _____, 2009

By_____
THE HONORABLE STEPHEN G. LARSON
United States District Judge

Authentication of Signature by Clerk of the Court:

---

OHS West:260711469.2

- 13 -

1

TERRY NAFISI, Clerk of the Court

2

3          By_____

4              Deputy Clerk_____

5

6     Court's Authentication that the Clerk of Court is the Clerk of Court:

7

8          By_____

              THE HONORABLE STEPHEN G. LARSON

9              United States District Judge

10    Authentication of Signature by Clerk of the Court:

11

12         TERRY NAFISI, Clerk of the Court

13

14         By_____

              Deputy Clerk_____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SCHEDULE A

## NAMES AND ADDRESSES OF THE PARTIES

### AND THEIR REPRESENTATIVES

| | |
|---|---|
| John B. Quinn, Esq.<br>Michael T. Zeller, Esq.<br>Jon D. Corey, Esq.<br>**QUINN EMANUEL URQUHART**<br>**OLIVER & HEDGES, LLP**<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br><br>***Attorneys for Mattel, Inc.*** | Mark E. Overland, Esq. David C.<br>Scheper, Esq. Alexander H. Cote, Esq.<br>**OVERLAND, BORENSTEIN,**<br>**SCHEPER & KIM, LLP**<br>300 S. Grand Avenue, Suite 2750 Los<br>Angeles, CA 90071<br><br>***Attorneys for Carlos Gustavo Machado***<br>***Gomez*** |
| Melinda Haag, Esq.<br>Annette L. Hurst, Esq.<br>Warrington S. Parker III, Esq.<br>**ORRICK, HERRINGTON &**<br>**SUTCLIFFE LLP**<br>The Orrick Building,<br>405 Howard Street<br>San Francisco, CA 94104 | Todd E. Gordinier, Esq.<br>Peter N. Villar, Esq.<br>Craig A. Taggart, Esq.<br>**BINGHAM MCCUTCHEN LLP**<br>600 Anton Blvd., 18th Floor<br>Costa Mesa, CA 92626<br><br>***Attorneys for Omni 808 Investors, LLC*** |
| William A. Molinski, Esq.<br>**ORRICK, HERRINGTON &**<br>**SUTCLIFFE LLP**<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017 | |
| Thomas J. Nolan, Esq.<br>Jason Russell, Esq.<br>**SKADDEN, ARPS, SLATE,**<br>**MEAGHER & FLOM LLP**<br>300 South Grand Ave., Suite 3400 Los<br>Angeles, CA 90071<br><br>***Attorneys for MGA Entertainment,***<br>***Inc.; MGAE de Mexico, S.R.L. de C.***<br>***V.; MGA Entertainment (HK) Limited;***<br>***and Isaac Larian*** | |

**SCHEDULE B**

SUBJECT MATTER ABOUT WHICH MR. VARGAS IS TO BE EXAMINED

1.     Theft of documents that contain proprietary and trade secret information, physical or electronic, from Mattel, Inc., Mattel de Mexico, S.A. de C.V. or Mattel Servicios, S.A. de C.V., by anyone, including Mr. Vargas.

2.     Mr. Vargas' communications with the MGA Defendants, or anyone acting on the MGA Defendants' behalf, on or before April 19, 2004, including but not limited to communications regarding Mr. Vargas' resignation from Mattel.

3.     Compensation, money or anything of value paid by the MGA Defendants to Mr. Vargas, including bonuses.

4.     Mr. Vargas' receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for Mattel and that the MGA Defendants received, directly or indirectly from Mr. Vargas.

5.     Mr. Vargas' access, use, dissemination or disclosure of Mattel's trade secrets, or otherwise confidential or proprietary information, while employed by the MGA Defendants.

6.     Mr. Vargas' communications with MGA, including but not limited to Isaac Larian, Thomas Park or Susanna Kuemmerle, relating to his decision to join MGAE de Mexico and other matters at issue in this Action.

7.     Mr. Vargas' role in establishing MGAE de Mexico, including communications related thereto.

8.     Mr. Vargas' title(s), role(s), and responsibilities at MGAE de Mexico.

**SCHEDULE C**

SUBJECT MATTER ABOUT WHICH MS. TRUEBA IS TO BE EXAMINED

1.     Theft of documents that contain proprietary and trade secret information, physical or electronic, from Mattel, Inc., Mattel de Mexico, S.A. de C.V. or Mattel Servicios, S.A. de C.V., by anyone, including Ms. Trueba.

2.     Ms. Trueba's communications with the MGA Defendants, or anyone acting on the MGA Defendants' behalf, on or before April 19, 2004, including but not limited to communications regarding Ms. Trueba's resignation from Mattel.

3.     Compensation, money or anything of value paid by the MGA Defendants to Ms. Trueba, including bonuses.

4.     Ms. Trueba's receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for Mattel and that the MGA Defendants received, directly or indirectly from Ms. Trueba.

5.     Ms. Trueba's access, use, dissemination or disclosure of Mattel's trade secrets, or otherwise confidential or proprietary information, while employed by the MGA Defendants.

6.     Ms. Trueba's communications with MGA, including but not limited to Isaac Larian, Thomas Park or Susanna Kuemmerle, relating to her decision to join MGAE de Mexico and other matters at issue in this Action.

7.     Ms. Trueba's role in establishing MGAE de Mexico, including communications related thereto.

8.     Ms. Trueba's title(s), role(s), and responsibilities at MGAE de Mexico.

9.     Mattel's intimidation, coercion and threats of retailers, licensees, suppliers and others in the toy industry.

EXHIBIT A
PAGE 21

1      10.    Mattel's efforts to inhibit and stifle MGA's ability to compete with Mattel

2           and to prevent MGA from obtaining licensees, contracts and supplies for its

3           production.

4      11.    Mattel's intimidation of the look of MGA products, trade dress, trademarks,

5           themes, ideas, advertising and packaging, including for the "BRATZ" line

6           dolls.

7      12.    Mattel's intimidation and threats made to employees intended to prevent

8           MGA from hiring and/or retaining employees.

9      13.    Mattel's efforts to hinder or delay employees from seeking better

10          employment through one-sided and oppressive agreements and other unfair

11          practices.

12

13  Dated:     _____, 2009        ORRICK, HERRINGTON & SUTCLIFFE LLP

14

15                                  By:       /s/ William A. Molinski

16                                        William A. Molinski
                                   Attorneys for MGA ENTERTAINMENT, INC.,

17                               MGA ENTERTAINMENT HK, LTD., MGA de
                                 MEXICO, S.R.L. de C.V., and ISAAC LARIAN

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A
PAGE 22