QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order of January 6, 2009]<br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF CROSS-MOTION TO COMPEL AND MOTION FOR LIMITED RECONSIDERATION OF ORDER NO. 11**<br><br>[Supplemental Declaration of Scott L. Watson]<br><br>Hearing Date:     September 3, 2009<br>Time:                  10:00 a.m.<br>Place:                 Arent Fox LLP<br><br>**Phase 2:**<br>Discovery Cut-off:     Dec. 11, 2009<br>Pre-trial Conference:  Mar. 1, 2010<br>Trial Date:                Mar. 23, 2010 |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ............................................................................................................. 2

I.    MATTEL ADEQUATELY MET AND CONFERRED ................................. 2

II.   MATTEL DID NOT WAIVE ITS REQUEST FOR INFORMATION REGARDING LEGAL FEES ........................................................................... 3

III.  IF MGA'S MOTION AS TO REQUEST 530 IS GRANTED, THE DISCOVERY MASTER SHOULD ORDER MGA TO RESPOND TO INTERROGATORY NO. 67 ........................................................................... 6

CONCLUSION .......................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**Cases**

A. Farber & Partners, Inc. v. Garber,
  234 F.R.D. 186 (C.D. Cal. 2006)........................................................................8

Calderon v. Presidio Valley Farmers Ass'n,
  863 F.2d 384 (5th Cir. 1989).............................................................................5

City of Wichita, Ks. v. Aero Holdings, Inc.,
  2000 WL 1480499 (D. Kan. 2000)....................................................................5

Diapulse Corp. of America v. Curtis Publishing Co.,
  374 F.2d 442 (2d Cir. 1967)..............................................................................5

Eidukonis v. Southeastern Pennsylvania Transp. Authority,
  1987 WL 16321 (E.D. Pa. 1987).......................................................................6

Fleet Systems, Inc. v. Federal Coach, LLC,
  2007 WL 2264618 (D. Neb. 2007)....................................................................5

In re Heritage Bond Litig.,
  2004 WL 1970058 (C.D. Cal. 2004) .................................................................8

Keith H. v. Long Beach Unified School Dist.,
  228 F.R.D. 652 (C.D. Cal. 2005).......................................................................8

Putnam v. Eli Lilly & Co.,
  508 F. Supp. 2d 812 (C.D. Cal. 2007)...............................................................8

Reese v. Wal-Mart Stores, Inc., ,
  1996 WL 780558 (D. Me. 1996).......................................................................6

Richmark Corp. v. Timber Falling Consultants,
  959 F.2d 1468 (9th Cir. 1992)...........................................................................5

United States v. Park Place Associates, Ltd.,
  563 F.3d 907 (9th Cir. 2009).............................................................................5

United States v. Jacobo Castillo,
  496 F.3d 947 (9th Cir. 2007).............................................................................5

United States v. Olano,
  507 U.S. 725, 733 (1993) ..................................................................................5

**Preliminary Statement**

Mattel's position is simple. Either both sides should disclose payments of legal fees to third parties, or neither should. MGA, having previously prevailed on its argument that Mattel is *not* entitled to this information, argues that nonetheless MGA is entitled to it. A fundamental requirement of discovery practice is fairness, and MGA cannot have it both ways. Indeed, if Order No. 11 is not reconsidered, then MGA's motion fails on the basis of that Order and judicial estoppel.

Confirming the weakness of MGA's position, MGA's primary argument is that Mattel allegedly did not meet and confer adequately. It is undisputed that the parties met and conferred repeatedly on MGA's request for production, and met and conferred and engaged in motion practice as to Mattel's interrogatory. And, as MGA admits, Mattel raised the issue of its interrogatory and Order No. 11 in a conversation as recently as late July. The parties discussed Mattel's views prior to the filing of MGA's motion on Request No. 530, and MGA's procedural argument is without merit.

MGA's argument that Mattel narrowed the scope of its interrogatory by summarizing it in briefing is both unsupported and unsupportable. A party is not required to set forth a discovery request in full and at length every single time it discusses it in a brief, and MGA cites no authority to establish its position. That Mattel used shorthand or summary terms in its memorandum does not somehow narrow the relief sought in the Notice of Motion and Separate Statement, each of which clearly sought to compel a response to the interrogatory as served and in accordance with its terms.

MGA's final argument, that Mattel's interrogatory was overbroad, is unavailing and inconsistent with MGA's other arguments. It cannot be reasonably disputed that MGA's request is broader than Mattel's interrogatory. Indeed, MGA asks for fee information for persons never even identified as potential—let alone actual—witnesses in this case. If, as MGA asserts, Mattel's interrogatory was overbroad, then MGA's own request is as well.

# Argument

## I. MATTEL ADEQUATELY MET AND CONFERRED

MGA's lead argument is that Mattel failed to adequately meet and confer prior to bringing its limited motion for reconsideration. MGA admits, however, that Mattel and MGA discussed Mattel's view that a motion to compel on MGA's Request for Production No. 530 would be inconsistent with Order No. 11 denying Mattel's Interrogatory No. 67.[1] Indeed, the parties have been meeting and conferring on the issues regarding Mattel's interrogatories since January, when Mattel began sending meet and confer letters about MGA's refusals to answer them. Thus, on January 28, 2009, Mattel sent a letter seeking to meet and confer regarding defendants' responses to Interrogatory No. 67.[2] Mattel sent a second letter on February 6, 2009.[3] On February 10, Mattel filed a motion to compel on Interrogatory No. 67.[4] The parties also met and conferred extensively as to MGA's request on this motion, and even discussed the connection between the Discovery Master's disposition of Mattel's Interrogatories and MGA's Request No. 530 specifically, by telephone, last month.[5] All total, Mattel's Interrogatory No. 67 and MGA's Request No. 530 have been the subject of at least three meet and confer letters and three discussions between counsel.[6]

Under the Discovery Master's Order No. 6, that is more than sufficient. During Phase 1 Mattel had sought to compel MGA to respond to certain requests, some of which were denied by the prior Discovery Master because they were not relevant to

---

[1] See Watson Decl. ¶¶ 3-5; Molinski Decl. ¶ 8.
[2] Supplemental Declaration of Scott L. Watson ("Watson Supp. Decl.") filed concurrently at Ex. 1 (January 28, 2009 Letter from Scott Watson to Thomas Nolan and Jason Russell).
[3] Id. at Ex. 2 (February 6, 2009 Letter from Scott Watson to Amman Kahn).
[4] Watson Decl. Ex. 3.
[5] See Watson Decl. ¶¶ 3-5.
[6] See Watson Decl. ¶¶ 3-5; Watson Supp. Decl. ¶ 3 & Exs. 1-2; Molinski Decl. Ex. J.

Phase 1.  When Mattel later "renewed" its motion as to Phase 2, MGA objected that Mattel had failed to meet and confer again in Phase 2.  The Discovery Master rejected this argument in Order No. 6, stating that "Mattel met and conferred once before filing its motion to compel and that is all that is required."[7]  The Discovery Master's ruling in Order No. 6 was plainly correct and also applies to defeat MGA's contrary argument here.

## II. MATTEL DID NOT WAIVE ITS REQUEST FOR INFORMATION REGARDING LEGAL FEES

MGA claims that Mattel's Interrogatory No. 67 "is addressed to two distinct issues" and that Mattel "abandoned" any request for information regarding payment of legal fees *on behalf* of others by its summary description of the interrogatory in its motion.  The argument is factually and legally meritless.

First, Mattel's interrogatory was not "addressed to two distinct issues" and, even if it were, both parts still asked for the very information MGA is fighting so hard not to disclose while simultaneously insisting Mattel make even broader disclosures. Without actually quoting it, MGA thus tries to recast Mattel's interrogatory as broken into two parts, but the language of the interrogatory makes clear that it is not bifurcated into payments *to* individuals and payments *on behalf of* individuals:

> **Interrogatory No. 67**: IDENTIFY fully and separately each and every payment of money or other item of value that YOU have made or given,

---

[7] Discovery Matter Order No. 6, dated March 13, 2009 ("Order No. 6"), at 3:11-13, Watson Supp. Decl. Ex. 4.  Claiming that it is only holding Mattel to its own standard, MGA strategically misquotes an email which purportedly shows Mattel insisting that MGA set forth in a letter a topic the parties were already meeting and conferring on.  In fact, as the full sentence reveals, Mattel was responding to MGA's "vague suggestions" that Mattel had failed to respond properly on other issues.  "If you believe that Mattel has somehow failed to comply with its own obligations, *as you have vaguely suggested,* then you need to send a meet and confer letter as required by the Discovery Master Stipulation and Order." Compare Opp. at 3:11-13 with Molinski Decl. Ex. I.

or any promise, agreement, proposal [o]r offer by YOU to pay money or given any item of value, to or *on behalf of* any PERSON identified in the any of the parties' initial disclosures in this ACTION at any time when such a person was not an employee of MGA, *including without limitation, with respect to legal fees incurred by or on behalf of* such PERSON.[8]

Indeed, MGA understood that the interrogatory was not "addressed to two distinct issues" because in its responses MGA did not even object to the interrogatory as compound.[9]

Second, Mattel did not somehow rewrite the interrogatory (and proceed to waive as to the "on behalf of" parts) by summarizing the interrogatory in its memorandum. To the contrary, Mattel's Notice of Motion clearly recited that Mattel was moving to compel on the entirety of Interrogatory No. 67.[10] So did Mattel's separate statement, which set forth the interrogatory by its terms (although MGA omits that portion from the excerpt of the separate statement it filed with the Discovery Master).[11] Summarizing the interrogatory in the memorandum of points and authorities does not constitute an "abandonment" of the actual language of the interrogatory. MGA cites no authority to support such an absurd result. No court, to the best of counsel's knowledge, has ever accepted the argument MGA offers to the Discovery

---

[8] Mattel's Supplemental Set of Interrogatories, dated February 8, 2008 (No. 67) Watson Decl. Ex. 1 at 19-20 (emphasis added).

[9] See Watson Decl. Ex. 2 at 37 (MGA's objections to Interrogatory No. 67). When MGA later sought to make this argument in its opposition brief, the Discovery Master found (properly) that such an objection had been waived. See Order No. 11 at 23, Watson Decl. Ex. 4.

[10] Watson Decl. Ex. 3 at 43 (Mattel's Notice of Motion).

[11] Compare Watson Supp. Decl. Ex. 3 with Molinski Decl. Ex. B (omitting portion of the Separate Statement setting forth Interrogatory No. 67).

Master, and it hard to imagine why any would.[12]  And, if it matters, MGA itself is barred from even making this argument now by not raising it earlier in opposing Mattel's prior motion on the interrogatory.[13]  See, e.g., Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442, 445 (2d Cir. 1967) (same); Fleet Systems, Inc. v. Federal Coach, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) (same); City of Wichita, Ks. v. Aero Holdings, Inc., 2000 WL 1480499, *2 (D. Kan. 2000) (same); Reese v. Wal-Mart Stores, Inc.,

---

[12]  Indeed, MGA does not even make clear what legal doctrine it is supposedly relying on for its contention here, variously and inconsistently characterizing its argument as abandonment and waiver.  Opp. at 2:14-16, 4:22-5:9.  Waiver is "the intentional relinquishment or abandonment of a known right." United States v. Jacobo Castillo, 496 F.3d 947, 952 n. 1 (9th Cir. 2007) (en banc) (quoting United States v. Olano, 507 U.S. 725, 733 (1993)).  Abandonment is not a recognized basis for deprivation of litigation rights (as opposed to property rights), so presumably MGA's reference to abandonment is either an erroneous invocation of waiver or else intended to raise the doctrine of forfeiture, which is distinct from waiver and is "the failure to make the timely assertion of [that] right." United States v. Park Place Associates, Ltd., 563 F.3d 907, 921 n.10 (9th Cir. 2009) (distinguishing waiver from doctrine of forfeiture) (quotation marks omitted; alteration in original).  Even though it bears the burden of proof on such matters, MGA does not even attempt to show how any of the elements of these doctrines have been satisfied here.

[13]  Watson Decl. Ex. 5 at 128-130 (MGA's Opposition to Mattel's February 10, 2009 Motion to Compel).  Further, even if the Request were bifurcated, which it is not, and even if Mattel did waive as to half, which it did not, it *still* would not matter.  MGA's singular reliance on the distinction between payments "to" and "on behalf of" an individual is ultimately meaningless.  Even if the "on behalf of" language is omitted, the interrogatory expressly seeks "every payment of money or other item of value that YOU have made or given to any PERSON . . *including without limitation, with respect to legal fees incurred by . . . such PERSON."* So even accepting every flawed premise of MGA's flawed argument, Interrogatory No. 67 would still call for disclosure of legal fee payments (albeit by slightly less artful language).

1996 WL 780558, *3 (D. Me. 1996) (same); Eidukonis v. Southeastern Pennsylvania Transp. Authority, 1987 WL 16321, *5 (E.D. Pa. 1987) (same).

### III. IF MGA'S MOTION AS TO REQUEST 530 IS GRANTED, THE DISCOVERY MASTER SHOULD ORDER MGA TO RESPOND TO INTERROGATORY NO. 67

As Mattel set forth in its moving papers, the Discovery Master denied Mattel's motion to compel as to Interrogatory No. 67 based on MGA's argument that it was not limited to former Mattel employees and not limited to those who were *actual* witnesses to the case.[14] By Request No. 530, MGA has sought a far broader universe of information. While Mattel's interrogatory was at least limited to those identified as witnesses in this action in the Rule 26 disclosure, MGA does not even limit its request in this manner and instead seeks information regarding *any person* (whether ever identified as a witness or not) who has had fees paid in connection with the action. Order No. 11—which by its terms deems this information irrelevant—clearly bars MGA's request. Thus, if Order No. 11 is not reconsidered, MGA's motion must be denied.[15]

Without addressing the fact that it is judicially estopped from arguing entitlement to the fee information sought by Request No. 530 based on its own

---

[14] Watson Decl. Ex. 4 at 98 (Order No. 11 at 24). Indeed, MGA's opposition papers set forth the text of Interrogatory 67 in full. Watson Decl. Ex. 5 at 128-129.

[15] MGA asserts that that in footnote 21 the Discovery Master recognized that Mattel was not seeking information related to fee payments. (Opp. at 2:22-25). This is simply wrong—the Discovery Master simply recognized that "[w]hile Interrogatory Nos. 68 and 69 both seek information regarding payments made by the MGA Parties to former Mattel employees for 'legal fees,' the MGA Parties **did not argue in their opposition or at oral argument** that such a request is improper for that specific reason, but instead merely relied on the definitional argument discussed above. Accordingly, the Discovery Master does not need to resolve that particular issue." (Watson Decl. Ex. 4. at 54 (Order No. 11 at 25, n.21). In other words, Mattel was clearly seeking information related to fees; MGA waived any arguments related to Mattel's request for legal fee information.

1  positions in procuring Order No. 11, MGA asserts in its Opposition that Interrogatory
2  No. 67 was overbroad in other ways. But the Discovery Master already rejected these
3  arguments in Order No. 11. MGA raised the same overbreadth objections to all three
4  interrogatories (Nos. 67, 68 and 69) related to payments that were at issue in Order No.
5  11.[16] The Discovery Master denied Mattel's motion as to No. 67 only on the basis of
6  the relevance objections which MGA has now disavowed by seeking the same
7  discovery. And, indeed, it cannot be reasonably disputed that MGA's request is
8  broader than Mattel's interrogatory. MGA asks for fee information for persons never
9  even identified as potential—let alone actual—witnesses in this case. If, as MGA
10 asserts, Mattel's interrogatory was overbroad, then MGA's own request is as well.

11           As to the other two interrogatories, the Discovery Master properly rejected
12 MGA's objections, which have no more force here. Once again, MGA makes the same
13 type of undue burden argument, while "provid[ing] no evidence to support such a
14 claim" as it did before.[17] Likewise, MGA's vague and unsubstantiated "privacy"
15 objection has been repeatedly found to be lacking given the protections of the
16 protective order and in any event is not a proper objection to federal discovery.[18]

---

[16] See Order No. 11 at 24:2-3 ("The MGA Parties' second argument regarding Interrogatory Nos. 67-69 is that they are overly broad."), Watson Decl. Ex. 4.

[17] See Order No. 11 at 24:19-20 (citation omitted), Watson Decl. Ex. 4. See also July 9, 2009 Order, at 4 (party asserting undue burden argument to resist discovery bears burden of proving it).

[18] See, e.g., Order No. 6 at 7:5-8:9, Watson Supp. Decl. Ex. 4 (overruling privacy objection and noting that "the privacy concerns raised by MGA Entertainment have no applicability" because of protective order); Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007, at 14 ("The protective order filed on January 4, 2005, is sufficient to address any confidentiality concerns raised by Bryant . . . . Accordingly, Bryant is ordered to produce, without redactions all nonprivileged documents responsive to [the Requests at issue]."), Watson Supp. Decl. Ex. 5; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 11, n.4 ("The Protective Order is sufficient to alleviate Mr. Isaac
    (footnote continued)

By this motion, Mattel has made it clear that it simply seeks the same information that MGA receives. If MGA's request for even broader fee information seeks relevant information and is not overbroad, Mattel's interrogatory is likewise proper and should be compelled.

### Conclusion

For the foregoing reasons, the Discovery Master should deny MGA's motion as to Request 530 unless Mattel's motion for limited reconsideration of Order No. 11 is granted and MGA is compelled to respond to Mattel's Interrogatory No. 67.

DATED:  August 17, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

---

Larian's privacy concerns."), Watson Supp. Decl. Ex. 6; Order dated July 2, 2007, at 3 (District Court approved finding that the entry of a protective order justified compelling production of even "sensitive documents" to MGA's "fierce competitor."), Watson Supp. Decl. Ex. 7.  See also Putnam v. Eli Lilly & Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (finding that a protective order "can strike the appropriate balance between the need for the information and the privacy concerns" of the party opposing production's employees); Keith H. v. Long Beach Unified School Dist., 228 F.R.D. 652, 658 (C.D. Cal. 2005) (compelling production of student records because of slight redactions and "a protective order to minimize any invasion of the students' privacy rights"); In re Heritage Bond Litig., 2004 WL 1970058 at *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns . . . defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter"); A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 191-92 (C.D. Cal. 2006) ("[P]laintiff's need for defendant Garber's financial documents outweighs defendant Garber's claim of privacy, especially when the 'impact' of the disclosure of the information can be protected by a 'carefully drafted' protective order").