# EXHIBIT 51

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 52





UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

CERTIFIED COPY

MATTEL, INC., Plaintiff,

vs. No. CV 04-09049

MGA ENTERTAINMENT, INC., ET. AL., Defendants.

AND CONSOLIDATED ACTIONS, Motions

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Riverside, California

Wednesday, February 11, 2009

10:03 A.M.

THERESA A. LANZA, RPR, CSR
Federal Official Court Reporter
3470 12th Street, Rm. 134
Riverside, California 92501
951-274-0844
WWW.THERESALANZA.COM

APPEARANCES:

ON BEHALF OF MATTEL, INC.:

QUINN EMANUEL
By: JOHN QUINN
DYLAN PROCTOR
MICHAEL T. ZELLER
865 S. FIGUEROA STREET,
10TH FLOOR
LOS ANGELES, California 90017
213-624-7707

ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
(Outgoing)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
BY: THOMAS J. NOLAN
JASON RUSSELL
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144
213-687-5000

ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
(Incoming)

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
BY: JOEL KLEVENS
10250 Constellation Boulevard
Los Angeles, California 90067
310-553-3000

MITCHELL, SILBERBERG & KNUPP LLP
BY: RUSSELL J. FRACKMAN
11377 West Olympic Boulevard,
Los Angeles, California 90064-1683
310-312-2000

ON BEHALF OF DEFENDANT GUSTAVO MACHADO:

OVERLAND BORENSTEIN SCHEPER & KIM LLP
BY: ALEXANDER H. COTE
601 West Fifth Street,
12th Floor
Los Angeles, California 90071
213-613-4660

/ / /

I N D E X (Continued)

APPEARANCES (continued):

On behalf of OMNI 808:

BINGHAM McCUTCHEN LLP
BY: Todd E. Gordinier
600 Anton Boulevard
Costa Mesa, CA 92626-1924
714-830-0622









I N D E X


| | Page |
|---|---|
| Motions.................................... | 4 |

Riverside, California; Wednesday, February 11, 2009; 10:03 A.M.

-oOo-

**THE CLERK:** Calling calendar item one, in the matter of Mattel Incorporated versus MGA Entertainment Incorporated, Case Number CV 04-9049. 00:03

Counsel, please state your appearances for the record.

**MR. QUINN:** John Quinn, Mike Zeller, Dylan Proctor for Mattel.

**MR. NOLAN:** Tom Nolan, Jason Russell, 00:03 Jennifer del Castillo on MGA and Isaac Larian's post trial chamber on motions and motion for remittitur on Phase 1.

**MR. COTE:** Alexander Cote on behalf of Gustavo Machado. I'll be sitting back in the gallery.

**MR. KLEVENS:** Joel Klevens of Glaser Weil for the MGA 00:03 defendants.

**MR. FRACKMAN:** Russell Frackman of Mitchell, Silberberg & Knupp for the MGA defendants.

**MR. GORDINIER:** Todd Gordinier for Omni 808.

**THE COURT:** Counsel, good morning. 00:04

We have several matters on calendar this morning to take up. I have the judgment as a matter of law by Mattel; I have a motion for judgment as a matter of law from MGA; I have MGA's motion for remittitur; I have the ex-parte application by Omni 808 to intervene for limited purpose; I have MGA's request 00:04



EXHIBIT 52
PAGE 1093

Because, otherwise, the Court is creating, I mean, truly very, very pragmatic problems. And that's just even on the settlement front. There are others I can talk about, in terms of the complication of the proceedings.

If we now have yet another party, and particularly one who we do not really know who it is, floating around in this case, asserting rights -- and whatever it is that Omni 808 claims to have, namely this credit interest, can be fully protected by Local Rule 66 procedures. 01:44

In fact, if that's all they're really trying to do, to intervene on that basis, that's coextensive with Local Rule 66. So there is nothing to be gained, and huge amounts to be potentially lost, by allowing them in. 01:44

**THE COURT:** Thank you, Counsel.

Mr. Gordinier, do you wish to respond? 01:44

**MR. GORDINIER:** Yes. The last point first.

The last thing I want to do is sit at a settlement table with these gentlemen, no offense to either of them, who I know well. We are entitled as a matter of right to intervene, to protect our interests. These unprovoked and unwarranted personal attacks are just inappropriate. 01:44

I said as far as I know because I wasn't involved in the actual funding of the deal. But it's my understanding that many millions of dollars went to Wachovia, for which Wachovia transferred its interest in the debt. And that was an arm's 01:45

length deal, and it was a straightforward negotiation, and Davis Polk represented Wachovia. There is no reason for the kind of repeated personal --

**THE COURT:** And who represented --

**MR. GORDINIER:** My partner in San Francisco, Bingham. 01:45

**THE COURT:** Bingham.

**MR. GORDINIER:** It's a fine firm, Your Honor.

Bingham represented Omni 808 in this transaction.

**THE COURT:** Your representation, then, is that based on your information and belief, the proceeds for that were not 01:45 proceeds -- I said MGA, but MGA, Isaac Larian, any other MGA entity.

**MR. GORDINIER:** As far as I know, Your Honor, this was structured by Mr. Kadisha and the monies went to Wachovia.

**THE COURT:** I know that part. The question is where 01:46 the monies came from.

**MR. GORDINIER:** I know at least $50 million came from Mr. Kadisha and his immediate -- that's -- it's serious money, Your Honor. This was an arm's length transaction.

The focus of the receiver motion should be, and I 01:46 know is, from the Court's perspective, on MGA. And Mr. Durkin, when he finishes his process, or in the middle of his process -- I'd be happy to talk to him about how this transaction was structured.

**THE COURT:** Very good. 01:46

**MR. GORDINIER:** We are not intending to hold up or obstruct. We've moved with the drift of this case as it's gone for the ten days I've been involved in it. We're not going to hold the case up. But we do believe we're entitled to be heard on the receiver issue. 01:47

**THE COURT:** Very good.

We're going to take a very brief five-minute break for the court reporter. I'll come back and rule on these matters, and then we'll proceed with the hearing.

(Whereupon, a brief recess was held.) 01:47

**THE COURT:** We're back on the record.

Regarding the receivership and everything, there's actually three matters that are related. First of all, there is the ex-parte application for receivership which was being held in abeyance by the Court; I have the ex-parte application 02:07 by Omni 808 for intervention for this limited purpose; and then I have a request for a briefing schedule on the appointment of a receiver.

For the record, the Court wishes to disclose that last evening, or yesterday afternoon, the Court held a meeting 02:07 with the forensic auditor, Mr. Durkin, and his staff, as well as certain judicial officers of the court and certain other nonjudicial individuals assisting the Court. All have been expressly ordered not to disclose the contents of the interim report pending further order of this Court, and the Court did 02:08

we'll go from there.

**MR. ZELLER:** Thank you.

**THE COURT:** Anything further?

Thank you. Good day.

CERTIFICATE

I hereby certify that pursuant to section 753, title 28, United States Code, the foregoing is a true and correct transcript of the stenographically recorded proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Theresa A. Lanza 2-13-09

THERESA A. LANZA, CSR, RPR
Federal Official Court Reporter

Date

# EXHIBIT 53

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendants.

No. CV 04-9049 SGL (RNBx)
Consolidated with
Nos. CV 04-9405 and
05-2727

CERTIFIED COPY

AND CONSOLIDATED ACTIONS.

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Wednesday, March 4, 2009

Volume 1

Reported by:
CHERYL R. KAMALSKI
CSR No. 7113

Job No. 106479

EXHIBIT 53

PAGE 1098

877.955.3855
www.sarnoffcourtreporters.com
Irvine • Los Angeles • San Francisco • Las Vegas • San Diego

SARNOFF
Court Reporters and Legal Technologies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an individual,

vs.

MATTEL, INC., a Delaware corporation,

Defendants.

No. CV 04-9049 SGL (RNBx)
Consolidated with
Nos. CV 04-9405 and
05-2727

AND CONSOLIDATED ACTIONS.

REPORTER'S TRANSCRIPT OF PROCEEDINGS, Volume 1, taken at 555 West Fifth Street, 48th Floor, Los Angeles, California, beginning at 10:08 a.m. and ending at 12:12 p.m. on Wednesday, March 4, 2009, before CHERYL R. KAMALSKI, Certified Shorthand Reporter No. 7113.

APPEARANCES:

Discovery Master:

ROBERT C. O'BRIEN
Attorney at Law
555 West Fifth Street, Suite 4800
Los Angeles, California 90013-1065
(213) 629-7400

For Defendant Mattel, Inc.:

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
BY: MICHAEL T. ZELLER
BY: JON COREY
Attorneys at Law
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 624-7707

MATTEL, INC.
BY: JILL E. THOMAS
Assistant General Counsel
333 Continental Boulevard
El Segundo, California 90245-5012
(310) 252-2000

For Defendants MGA and Isaac Larian:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
BY: JASON D. RUSSELL
BY: JENNIFER K. DEL CASTILLO
Attorneys at Law
300 South Grand Avenue
Los Angeles, California 90071
(213) 687-5000

For Defendant IGWT Group and IGWT 826 Investments:

VALLE & ASSOCIATES
BY: JEFFREY B. VALLE
BY: ILAN WISNIA
Attorneys at Law
11911 San Vicente Boulevard, Suite 324
Los Angeles, California 90049
(310) 476-0300



EXHIBIT 53

PAGE 1100

APPEARANCES (Continued):

For 808 Investors, LLC, Vision Capital, LLC, and OmniNet Capital, LLC:

BINGHAM McCUTCHEN LLP
BY: TODD E. GORDINIER
BY: PETER VILLAR
Attorneys at Law
600 Anton Boulevard, 18th Floor
Costa Mesa, California 92626-1924
(714) 830-0622

Also Present:

STEPHEN HAUSS
CRAIG HOLDEN



EXHIBIT 53



PAGE 1101

Los Angeles, California, Wednesday, March 4, 2009

10:08 a.m. - 12:12 p.m.

MR. O'BRIEN: On the record.

Thanks for coming up.

By the way, in the future, if there's anything that you need here at the office, logisticwise, if you get here early, we can make conference rooms and that sort of thing available to you. These will be discovery disputes primarily -- well, they will all be discovery disputes, I don't know if there's a need for graphics or projections of that sort of thing, but we can certainly make all those tools available to you, as well, if they're useful to you in your presentations.

My name's Robert O'Brien, for those of us that haven't met. I'm sure we'll get to know each other given the number of motions pending at this point.

Maybe, before I make a few introductory comments, we can go through and get appearances stated for the record. Start here, Jason, and just work around the table that way, in no particular preference.

MR. RUSSELL: Okay. Jason Russell, appearing for the MGA parties.

MS. DEL CASTILLO: Jennifer del Castillo for the MGA parties.

MR. GORDINIER: Todd Gordinier and Peter Villar for the Omni and Vision parties.

MR. HOLDEN: Craig Holden, in-house for MGA.

MR. VALLE: Jeff Valle for IGWT Group & Investments.

MR. ZELLER: Then for Mattel you have Mike Zeller. Good morning. John Corey, Jill Thomas and Stephen Hauss.

MR. O'BRIEN: Okay. Who will be making the -- everyone can argue when we get to that time, so there's plenty of time, and certainly everyone will have a chance. I don't mind if you divide up motions and that sort of thing. But if people are going to be arguing, I wouldn't mind getting a couple of business cards, only because I don't want to appear to be favoring those of you who I know and don't know, and I'll get those -- Mike, of course -- if you can send those up, that will be great.

I spoke with Judge Larson shortly after the appointment and he wanted me to convey a couple of points to you. I think he made some of those clear. I saw the transcript from the last hearing -- if you don't have a card, don't worry about it -- number 1, he wants all of the discovery issues coming to me in the first instance. When I say in the first instance, I'm merely an appendage of the Court, so everyone will have an opportunity, if you



EXHIBIT 53



PAGE 1103

compel is improper and should be denied for both serious substantive and procedural reasons. If we're going to have these rules, they have a purpose, they have to be followed. And the Court's very order, the Court's standing order says if this isn't done, it won't be considered. They now are walking away from these other orders and they want to rely on the discovery stipulation and order which, of course, I had no knowledge of when we were having this discussion. As you're well aware of, they didn't even comply with that. Perhaps if they had, and set out, as they're required to do in writing, what it is they want, why they want it, let's talk about it, let's sit down and discuss it, we could, perhaps, have narrowed it. In fact, both I and my colleague told Mr. Corey we were pretty sure we could satisfy himself with respect to the bona fides of the transaction. That was rejected.

MR. O'BRIEN: Let me ask you this question. You've said the discovery's overbroad. What narrow request could Mattel make that you believe would be proper under the circumstances here? In other words, what kind of request do you think would be, as a third party? I mean, I understand you don't want to respond to anything, it's a burden. But assuming there's always a burden in responding to discovery, what narrow request, based on your understanding of the issues in phase 2, would be

proper for your -- that you wouldn't come in here and file a motion to quash?

MR. GORDINIER: What documents do we have that show that either Mr. Larian or MGA paid money into this to purchase this debt? I can tell you there are none. This is a ready, fire, aim situation. The allegations that were made and were made publicly are unconscionable and can't be undone.

MR. O'BRIEN: What other areas? For example, would the payment history with respect to the debt from MGA to 808, assuming there is one, I don't know if this is a balloon payment or that sort of thing --

MR. GORDINIER: I assume that's in MGA's financial statements, but -- I mean, I assume that they've made payments. I don't know the answer to that, that's reflected on their financial statements, which I'm assuming have been exchanged, but I don't know that.

MR. O'BRIEN: Mr. Russell said that there was discovery that was taken of Wachovia in phase 1. I was not involved in the case. I don't know what discovery was taken of Wachovia. But, presumably -- but it sounds like, and I'll let Mr. Zeller answer this and Mr. Russell address it as well, but if there was discovery in phase 1 that was proper as to Wachovia in establishing the debt and looking at the payment terms, and all that sort of



EXHIBIT 53
PAGE 1105

thing, would that same sort of discovery be proper vis-a-vis 808 --

MR. GORDINIER: We absolutely offered -- we offered, without knowing any of this, to give them the deal documents. Absolutely. I don't know that it's proper. I think it's overbroad and I think it's premature, but I'll just tell you, we offered to give them the deal documents. There's no secret there. We did buy the debt at a discount. You've read the transcript. I told Judge Larson my client wants to make money at this, and so he made a business decision that -- you know, Wachovia has its own reasons for doing what it's doing that we all can kind of guess -- but I don't know. My client had his own reasons for doing what he's doing. The only thing that seems to relate to all this is do they have -- are there any documents that show the disgorgement thing, or whatever he's trying to argue, and I'm not familiar with the phase 2 -- but I have no problem conceptually giving them the deal documents. None at all. But that doesn't entitle them to look at all records that reflect all my nonparty entities, all documents detailing or setting forth. Read through them; they're overbroad and they're improper.

MR. O'BRIEN: What about performance, the performance of the loan.



EXHIBIT 53
PAGE 1106

specific when it's talking about the theft of property and trade secret information.

And just so we're clear, when I make the timing point, it's not as if Mattel filed this counterclaim with the RICO allegations six years ago. They filed it in 2007. They asked for leave in November of 2006, I think it was formally filed with the court in 2007. They certainly had plenty of opportunity and notice at that point to make these allegations about shifting of funds and all these kinds of things if they wanted to craft their claim that way. They didn't. They chose to do what they did and they should be held to the contours of their claim.

And as the Asdourian case, A-s-d-o-u-r-i-a-n, makes clear, this is their case, they've got to show an interrelationship between the acts, the existence of a pattern that's established by proof of temporal proximity or common goals.

Their entire RICO claim is, as he says, the theft of the ideas with Mr. Bratz (sic), allegedly, and then the stealing of the machinery, if you will, to sell Bratz. And that is really focused on MGA Mexico and foreign operations. That's what they're talking about. It has nothing to do with the transfer in or out of funds from MGA. And I didn't hear him respond, and I think it's



EXHIBIT 53

PAGE 1107

clear that he can't respond, on the Omni point. How is it relevant who purchased the Wachovia debt? He didn't tell you, and he had a chance to, that the Wachovia debt's not valid. It is. So why does it matter, whether he wants to walk from what he said or not, why does it matter who purchased Wachovia's debt? He can get everything he needs, without any burden on a third party, from MGA. If it is, in fact, relevant, I don't contend that it is, if it is, in fact, relevant that MGA was paying on that note, he can get that from MGA. There's no question about that.

I will point out when he says that the fact that Wachovia was subpoenaed proves relevance in phase 2; far from it. What happened was -- and the reason why they weren't -- prevented from getting the discovery on Wachovia until that time was they hadn't shown any right to it. It's not as if -- this is even more true in phase 2 than it was in phase 1. In phase 1 there were apportionment theories and they had punitive damages that were allowed to go to the jury. It was only in the middle of trial that the judge said, okay, I'm going to let you have punitive damage-type discovery. Very similar to how it'd work in State court under Civil Code 3295. And I would submit the same should apply here. We don't get a general relevance standard for financial condition of a company at the beginning of the process. It's at the end.



EXHIBIT 53

PAGE 1108

While 3295 doesn't apply in Federal court, the same rationale can apply, and you have discretion, and I would urge you to apply that discretion to limit them now. If, in fact, they can show that their claims, as opposed to their damages theories, their claims have merits to the point that they can survive motions, then we can talk about the intrusive financial discovery that they want. But they cannot tie, and Mr. Zeller has failed, in my opinion, to tie the Omni, in particular, discovery to any claims. There's no nexus temporally or even reading the pleadings as broadly as you would like to the claims. And that ends the analysis. They are not entitled to that discovery from Omni because it doesn't relate to any claims. Financial condition is not a basis for financial -- for discovery at this stage of the case. And I think it's just as simple as that.

With respect to IGWT, again, your Honor -- I've done it now, too -- Mr. O' Brien -- 1 for 1. It was inevitable.

MR. O'BRIEN: I'm getting promoted.

MR. RUSSELL: You've got my vote. Maybe I should hold it --

MR. GORDINIER: We'll have to get him a robe.

MR. RUSSELL: That's right.

Again, with respect to IGWT, I think the same

I, the undersigned, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were duly sworn; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [ ] was [ ] was not requested.

I further certify I am neither financially interested in the action nor a relative or employee of any attorney or party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: MAR 09 2009

Cheryl R. Kamalski
CHERYL R. KAMALSKI
CSR No. 7113

EXHIBIT 53

PAGE 1110

# EXHIBIT 54

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br>Plaintiff,<br>vs.<br>MATTEL, INC., a Delaware corporation,<br>Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case No. CV 04-09059 Case No. CV 05-02727<br>MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN (PHASE 2) |
| AND CONSOLIDATED CASES | |

PROPOUNDING PARTY: MATTEL, INC.

RESPONDING PARTY: ISAAC LARIAN

SET NO.: FIRST (PHASE 2)

01-08-09

07209/2753498.1



EXHIBIT 54

1111

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel, Inc. hereby requests that Isaac Larian ("Larian") respond to these document requests ("Requests") and make available for inspection and copying originals of the following documents within 30 days of service at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor, Los Angeles, CA 90017. Larian shall be obligated to supplement responses to these requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

## I. DEFINITIONS

A. "YOU," "YOUR," "ISAAC LARIAN" or "LARIAN" means Isaac Larian and any individual or entity acting directly or indirectly by, through, under or on behalf of Isaac Larian, including but not limited to current or former directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives of Isaac Larian or any entity under the control or direction of Isaac Larian (including but not limited to MGA), and any corporation, partnership, association, limited liability company, trust, predecessor-in-interest and successor-in-interest, and any other PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to his control..

B. "MGA" means MGA Entertainment, Inc. and any PERSON acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to, current or former directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives of MGA Entertainment, Inc., and any current or former corporation, partnership, association, trust, parent, subsidiary, division, AFFILIATE, predecessor-in-interest and successor-in-interest of MGA Entertainment, Inc., and any other PERSON acting on its behalf



EXHIBIT 54 OF 1112

C. "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

D. "MASHIAN" means Fred Mashian and any individual or entity acting directly or indirectly by, through, under or on behalf of Fred Mashian, including but not limited to current or former directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives of Fred Mashian or any entity under the control or direction of Fred Mashian, and any corporation, partnership, association, limited liability company, trust, predecessor-in-interest and successor-in-interest, and any other PERSON acting on behalf of Fred Mashian or pursuant to his authority or subject to his control.

E. "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll, product or three-dimensional embodiment existing at the time of the event, incident

or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

F. "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

G. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to, handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of COMMUNICATION or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such DOCUMENTS, in the possession, custody, or control of YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

H. "AFFILIATES" means any and all corporations, limited liability companies, associations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation, each parent, subsidiary and joint venture of such PERSON, party or entity.

I. "REFERRING OR RELATING TO," "REFER OR RELATE TO," "RELATING," "RELATING TO" or "REFERS TO" means any and all of the following terms and their synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear on, amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with, concern, comment on, summarize, respond to, relate to, or describe.

J. "PERSON," in the plural as well as the singular, means any natural person, association, partnership, corporation, joint venture, government entity, organization, limited liability company, trust, institution, proprietorship, or any other entity recognized as having an existence under the laws in the United States or any other nation.

K. "ITEM OF VALUE," in the plural as well as the singular, means any and all articles, units, goods, commodities, property, products, services, assistance, shares, stocks, bonds, financial instruments, indebtedness, credit, capital, and currency, in any form, or any other tangible or intangible matter that have current, past or future material worth, monetary worth or use, of any type and in any amount. Gifts of individual units of manufactured MGA products that are not intended for re-transfer, that were not and have not been re-transferred and that do not exceed $500 in retail value in total may be excluded from this Definition.

L. "IDENTIFY," "IDENTIFYING" OR "IDENTITY" means the following:

(a) With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b) With reference to an entity or entities, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

(c) With reference to any other DOCUMENT or DOCUMENTS, means the date, identity of the author, addressee(s), signatories, parties, or other PERSONS identified therein, its present location or custodian and a description of its contents.

(d) With reference to an account with a bank or financial institution, means the name and address of the bank or financial institution, the account number(s) for or otherwise associated with such account and the name of each holder, including without limitation, each beneficial holder, of each such account.

M. "OMNI 808 INVESTORS, LLC" means OMNI 808 INVESTORS, LLC and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

N. "VISION CAPITAL, LLC" means VISION CAPITAL, LLC and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

O. "LEXINGTON INVESTORS, LLC" means LEXINGTON INVESTORS, LLC and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

P. "COMMUNICATION," in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages),

voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

Q. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## II. INSTRUCTIONS

A. YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

B. If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT and provide the following information:

1. the date and type of the DOCUMENT, the author(s) and all recipients;
2. the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;
3. the title and subject matter of the DOCUMENT;
4. any additional facts on which YOU base YOUR claim of privilege or protection; and
5. the IDENTITY of the current custodian of the original of the DOCUMENT.

C. DOCUMENTS shall be produced in their original file folders, or other native format. If the DOCUMENTS are in their original file folders, in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D. The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E. DOCUMENTS in electronic form shall be produced in that form.

F. In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1. the date and type of the DOCUMENT, the author(s) and all recipients;
2. the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;
3. the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;
4. the PERSONS who were authorized to carry out such destruction or discard;
5. the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and
6. whether any copies of the DOCUMENT exist and, if so, the name of the custodian of each copy.

## III. REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All YOUR audited and unaudited monthly, quarterly and annual financial statements covering or RELATING TO any period on or after January 1, 2007, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

REQUEST FOR PRODUCTION NO. 2:

All agreements and contracts with any lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered into on or after January 1, 2007, including without limitation loan agreements, credit agreements, financing agreements, lines of credit and promissory notes, and any amendments or modifications thereto, and any notices of default and COMMUNICATIONS REFERRING OR RELATING TO any such agreements and contracts.

REQUEST FOR PRODUCTION NO. 3:

To the extent not produced in response to any other Request, DOCUMENTS sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited, requested, obtained, received or were denied credit, financing or funding on or after January 1, 2007 and sufficient to show the amount(s) and terms involved.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).



EXHIBIT 54

PAGE 1119

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS REFERRING OR RELATING TO any representation or statement made by YOU about YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS REFERRING OR RELATING TO YOUR net worth for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN's net worth for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Spring 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Fall 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS REFERRING OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family, since January 1, 2007.

REQUEST FOR PRODUCTION NO. 11:

All COMMUNICATIONS between YOU and any third-party, including without limitation any retailer or distributor but excluding MATTEL and any Court, REFERRING OR RELATING TO YOUR *ex parte* application for stay pending appeal, filed December 11, 2008, including without limitation any declaration, whether final, draft, proposed or requested, in connection therewith and copies of all draft declarations in connection therewith.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS REFERRING OR RELATING TO capital contributions to MGA since January 1, 2007.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS showing MGA's projected revenue, costs, profits or financial performance for any period since January 1, 2007.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS REFERRING OR RELATING TO any transfer of any ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN, any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly by ISAAC LARIAN, or any PERSON controlled, directly or indirectly, by any ISAAC LARIAN family member since January 1, 2007.

REQUEST FOR PRODUCTION NO. 15:

All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family member since January 1, 2007.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or transfer by MGA of BRATZ products having a retail value greater than $50,000 other than to retailers in the ordinary course of business since January 1, 2007.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group, LLC.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008, including without limitation all audits or other valuations performed in connection with such product, any opinions RELATING TO the fairness or unfairness of such transfer, all MGA corporate or director resolutions or approvals of such transfer, all bids received or solicited in connection with the purported sale or offering for sale of such product, the terms of such bids and any other and all COMMUNICATIONS relating to any of the foregoing.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of BRATZ products and the transfer or disposition of such revenue.

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts, transactions, sales, shipments or transfers of any ITEM OF VALUE between MGA and IGWT 826 Investments, LLC.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of BRATZ products and the transfer or disposition of such revenue.

REQUEST FOR PRODUCTION NO. 22:

All agreements, contracts and written COMMUNICATIONS between MGA and Wachovia since January 1, 2007.

REQUEST FOR PRODUCTION NO. 23:

All agreements and contracts REFERRING OR RELATING TO any indebtedness owed to Wachovia or any credit extended by Wachovia since January 1, 2007, and any amendments or modifications thereto, and any COMMUNICATIONS RELATED TO any such agreements or contracts.

REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and

any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS containing financial information, including but not limited to YOUR historical and prospective financial performance, provided by YOU to OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON FINANCIAL, LLC since January 1, 2008.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

REQUEST FOR PRODUCTION NO. 28:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC.

REQUEST FOR PRODUCTION NO. 29:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

REQUEST FOR PRODUCTION NO. 30:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of OMNI 808 INVESTORS, LLC.

REQUEST FOR PRODUCTION NO. 31:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of VISION CAPITAL, LLC.

REQUEST FOR PRODUCTION NO. 32:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of LEXINGTON FINANCIAL, LLC.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL, LLC to YOU or LARIAN.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE to or from, or any extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

REQUEST FOR PRODUCTION NO. 35:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC.

REQUEST FOR PRODUCTION NO. 36:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

REQUEST FOR PRODUCTION NO. 37:

DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since January 1, 2007.

REQUEST FOR PRODUCTION NO. 38:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which Isaac Larian has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 39:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 40:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 41:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 42:

All COMMUNICATIONS between or among YOU, IGWT 826 Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or BRATZ.

REQUEST FOR PRODUCTION NO. 43:

All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

REQUEST FOR PRODUCTION NO. 44:

All COMMUNICATIONS between YOU and MASHIAN REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

REQUEST FOR PRODUCTION NO. 45:

All COMMUNICATIONS between YOU and Neil Kadisha REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

REQUEST FOR PRODUCTION NO. 46:

All COMMUNICATIONS between YOU and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

REQUEST FOR PRODUCTION NO. 47:

All COMMUNICATIONS REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC.

REQUEST FOR PRODUCTION NO. 48:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which VISION CAPITAL, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 49:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 50:

DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ product since January 1, 2007.

REQUEST FOR PRODUCTION NO. 51:

DOCUMENTS sufficient to show the amount of payments made to YOU by each licensee of any BRATZ product since January 1, 2007.

REQUEST FOR PRODUCTION NO. 52:

A sample of each BRATZ product manufactured, sold, offered for sale, marketed or distributed by YOU since January 1, 2008.

REQUEST FOR PRODUCTION NO. 53:

To the extent not produced in response to any other Request, a sample of each core BRATZ female fashion doll manufactured, sold, offered for sale, marketed or distributed by YOU since January 1, 2008.

REQUEST FOR PRODUCTION NO. 54:

All registrations, and applications for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "BRATZ."

REQUEST FOR PRODUCTION NO. 55:

All registrations, and applications for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "Jade."

REQUEST FOR PRODUCTION NO. 56:

All COMMUNICATIONS with any Trademark Office or governmental entity REFERRING OR RELATING TO any registration, or application for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "BRATZ."

REQUEST FOR PRODUCTION NO. 57:

All COMMUNICATIONS with any Trademark Office or governmental entity REFERRING OR RELATING TO any registration, or application for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "Jade."

DATED: January 7, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By [signature]
Jon D. Corey
Attorneys for Mattel, Inc.

# EXHIBIT 55

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br>Plaintiff,<br>vs.<br>MATTEL, INC., a Delaware corporation,<br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. (PHASE 2) |

PROPOUNDING PARTY: MATTEL, INC.

RESPONDING PARTY: MGA ENTERTAINMENT, INC.

SET NO.: FIRST (PHASE 2)

01-08-09

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these document requests ("Requests") and make available for inspection and copying originals of the following documents within 30 days of service at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor, Los Angeles, CA 90017. MGA shall be obligated to supplement responses to these requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

## I. DEFINITIONS

A. "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc. and any PERSON acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to, current or former directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives of MGA Entertainment, Inc., and any current or former corporation, partnership, association, trust, parent, subsidiary, division, AFFILIATE, predecessor-in-interest and successor-in-interest of MGA Entertainment, Inc., and any other PERSON acting on its behalf.

B. "ISAAC LARIAN" or "LARIAN" means Isaac Larian and any individual or entity acting directly or indirectly by, through, under or on behalf of Isaac Larian, including but not limited to current or former directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives of Isaac Larian or any entity under the control or direction of Isaac Larian (including but not limited to MGA), and any corporation, partnership, association, limited liability company, trust, predecessor-in-interest and successor-in-interest, and any other PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to his control.

C. "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

D. "MASHIAN" means Fred Mashian and any individual or entity acting directly or indirectly by, through, under or on behalf of Fred Mashian, including but not limited to current or former directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives of Fred Mashian or any entity under the control or direction of Fred Mashian, and any corporation, partnership, association, limited liability company, trust, predecessor-in-interest and successor-in-interest, and any other PERSON acting on behalf of Fred Mashian or pursuant to his authority or subject to his control.

E. "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll, product or three-dimensional embodiment existing at the time of the event, incident

or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

F. "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

G. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to, handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of COMMUNICATION or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such DOCUMENTS, in the possession, custody, or control of YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

H. "AFFILIATES" means any and all corporations, limited liability companies, associations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation, each parent, subsidiary and joint venture of such PERSON, party or entity.

I. "REFERRING OR RELATING TO," "REFER OR RELATE TO," "RELATING," "RELATING TO" or "REFERS TO" means any and all of the following terms and their synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear on, amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with, concern, comment on, summarize, respond to, relate to, or describe.

J. "PERSON," in the plural as well as the singular, means any natural person, association, partnership, corporation, joint venture, government entity, organization, limited liability company, trust, institution, proprietorship, or any other entity recognized as having an existence under the laws in the United States or any other nation.

K. "ITEM OF VALUE," in the plural as well as the singular, means any and all articles, units, goods, commodities, property, products, services, assistance, shares, stocks, bonds, financial instruments, indebtedness, credit, capital, and currency, in any form, or any other tangible or intangible matter that have current, past or future material worth, monetary worth or use, of any type and in any amount. Gifts of individual units of manufactured MGA products that are not intended for re-transfer, that were not and have not been re-transferred and that do not exceed $500 in retail value in total may be excluded from this Definition.

L. "IDENTIFY," "IDENTIFYING" OR "IDENTITY" means the following:

(a) With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b) With reference to an entity or entities, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

(c) With reference to any other DOCUMENT or DOCUMENTS, means the date, identity of the author, addressee(s), signatories, parties, or other PERSONS identified therein, its present location or custodian and a description of its contents.

(d) With reference to an account with a bank or financial institution, means the name and address of the bank or financial institution, the account number(s) for or otherwise associated with such account and the name of each holder, including without limitation, each beneficial holder, of each such account.

M. "OMNI 808 INVESTORS, LLC" means OMNI 808 INVESTORS, LLC and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

N. "VISION CAPITAL, LLC" means VISION CAPITAL, LLC and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

O. "LEXINGTON INVESTORS, LLC" means LEXINGTON INVESTORS, LLC and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

P. "COMMUNICATION," in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages),

voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

Q. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## II. INSTRUCTIONS

A. YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

B. If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT and provide the following information:

1. the date and type of the DOCUMENT, the author(s) and all recipients;
2. the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;
3. the title and subject matter of the DOCUMENT;
4. any additional facts on which YOU base YOUR claim of privilege or protection; and
5. the IDENTITY of the current custodian of the original of the DOCUMENT.

C. DOCUMENTS shall be produced in their original file folders, or other native format. If the DOCUMENTS are in their original file folders, in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D. The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E. DOCUMENTS in electronic form shall be produced in that form.

F. In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1. the date and type of the DOCUMENT, the author(s) and all recipients;
2. the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;
3. the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;
4. the PERSONS who were authorized to carry out such destruction or discard;
5. the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and
6. whether any copies of the DOCUMENT exist and, if so, the name of the custodian of each copy.

**III. REQUESTS FOR DOCUMENTS AND THINGS**

REQUEST FOR PRODUCTION NO. 1:

All YOUR audited and unaudited monthly, quarterly and annual financial statements covering or RELATING TO any period on or after January 1, 2007, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

REQUEST FOR PRODUCTION NO. 2:

All agreements and contracts with any lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered into on or after January 1, 2007, including without limitation loan agreements, credit agreements, financing agreements, lines of credit and promissory notes, and any amendments or modifications thereto, and any notices of default and COMMUNICATIONS REFERRING OR RELATING TO any such agreements and contracts.

REQUEST FOR PRODUCTION NO. 3:

To the extent not produced in response to any other Request, DOCUMENTS sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited, requested, obtained, received or were denied credit, financing or funding on or after January 1, 2007 and sufficient to show the amount(s) and terms involved.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS REFERRING OR RELATING TO any representation or statement made by YOU about YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS REFERRING OR RELATING TO YOUR net worth for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN's net worth for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Spring 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Fall 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS REFERRING OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family, since January 1, 2007.

REQUEST FOR PRODUCTION NO. 11:

All COMMUNICATIONS between YOU and any third-party, including without limitation any retailer or distributor but excluding MATTEL and any Court, REFERRING OR RELATING TO YOUR *ex parte* application for stay pending appeal, filed December 11, 2008, including without limitation any declaration, whether final, draft, proposed or requested, in connection therewith and copies of all draft declarations in connection therewith.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS REFERRING OR RELATING TO capital contributions to MGA since January 1, 2007.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS showing MGA's projected revenue, costs, profits or financial performance for any period since January 1, 2007.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS REFERRING OR RELATING TO any transfer of any ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN, any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly by ISAAC LARIAN, or any PERSON controlled, directly or indirectly, by any ISAAC LARIAN family member since January 1, 2007.

REQUEST FOR PRODUCTION NO. 15:

All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family member since January 1, 2007.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or transfer by MGA of BRATZ products having a retail value greater than $50,000 other than to retailers in the ordinary course of business since January 1, 2007.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group, LLC.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008, including without limitation all audits or other valuations performed in connection with such product, any opinions RELATING TO the fairness or unfairness of such transfer, all MGA corporate or director resolutions or approvals of such transfer, all bids received or solicited in connection with the purported sale or offering for sale of such product, the terms of such bids and any other and all COMMUNICATIONS relating to any of the foregoing.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of BRATZ products and the transfer or disposition of such revenue.

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts, transactions, sales, shipments or transfers of any ITEM OF VALUE between MGA and IGWT 826 Investments, LLC.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of BRATZ products and the transfer or disposition of such revenue.

REQUEST FOR PRODUCTION NO. 22:

All agreements, contracts and written COMMUNICATIONS between MGA and Wachovia since January 1, 2007.

REQUEST FOR PRODUCTION NO. 23:

All agreements and contracts REFERRING OR RELATING TO any indebtedness owed to Wachovia or any credit extended by Wachovia since January 1, 2007, and any amendments or modifications thereto, and any COMMUNICATIONS RELATED TO any such agreements or contracts.

REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and

any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS containing financial information, including but not limited to YOUR historical and prospective financial performance, provided by YOU to OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON FINANCIAL, LLC since January 1, 2008.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

REQUEST FOR PRODUCTION NO. 28:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC.

REQUEST FOR PRODUCTION NO. 29:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

REQUEST FOR PRODUCTION NO. 30:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of OMNI 808 INVESTORS, LLC.

REQUEST FOR PRODUCTION NO. 31:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of VISION CAPITAL, LLC.

REQUEST FOR PRODUCTION NO. 32:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of LEXINGTON FINANCIAL, LLC.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL, LLC to YOU or LARIAN.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE to or from, or any extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

REQUEST FOR PRODUCTION NO. 35:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC.

REQUEST FOR PRODUCTION NO. 36:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

REQUEST FOR PRODUCTION NO. 37:

DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since January 1, 2007.

REQUEST FOR PRODUCTION NO. 38:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which Isaac Larian has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 39:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 40:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 41:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 42:

All COMMUNICATIONS between or among YOU, IGWT 826 Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or BRATZ.

REQUEST FOR PRODUCTION NO. 43:

All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

REQUEST FOR PRODUCTION NO. 44:

All COMMUNICATIONS between YOU and MASHIAN REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

REQUEST FOR PRODUCTION NO. 45:

All COMMUNICATIONS between YOU and Neil Kadisha REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

REQUEST FOR PRODUCTION NO. 46:

All COMMUNICATIONS between YOU and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

REQUEST FOR PRODUCTION NO. 47:

All COMMUNICATIONS REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC.

REQUEST FOR PRODUCTION NO. 48:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which VISION CAPITAL, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 49:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 50:

DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ product since January 1, 2007.

REQUEST FOR PRODUCTION NO. 51:

DOCUMENTS sufficient to show the amount of payments made to YOU by each licensee of any BRATZ product since January 1, 2007.

REQUEST FOR PRODUCTION NO. 52:

A sample of each BRATZ product manufactured, sold, offered for sale, marketed or distributed by YOU since January 1, 2008.

REQUEST FOR PRODUCTION NO. 53:

To the extent not produced in response to any other Request, a sample of each core BRATZ female fashion doll manufactured, sold, offered for sale, marketed or distributed by YOU since January 1, 2008.

REQUEST FOR PRODUCTION NO. 54:

All registrations, and applications for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "BRATZ."

REQUEST FOR PRODUCTION NO. 55:

All registrations, and applications for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "Jade."

REQUEST FOR PRODUCTION NO. 56:

All COMMUNICATIONS with any Trademark Office or governmental entity REFERRING OR RELATING TO any registration, or application for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "BRATZ."

REQUEST FOR PRODUCTION NO. 57:

All COMMUNICATIONS with any Trademark Office or governmental entity REFERRING OR RELATING TO any registration, or application for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "Jade."

DATED: January 7, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By Jon D Corey
Jon D. Corey
Attorneys for Mattel, Inc.

# EXHIBIT 57

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 56

RECEIVED

FEB 06 2009

Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@ glaserweil.com
GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: 310-553-3000
Facsimile: 310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: 310-312-2000
Facsimile: 310-312-3100

Attorneys for the MGA Parties For Phase Two

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant. | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. 04-09059<br>Case No. 05-02727<br><br>**RESPONSES TO REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. (PHASE 2)** |
| AND CONSOLIDATED ACTIONS | |

EXHIBIT 56

PAGE 1151

665960v

2-6-09

The General Response set forth herein applies to all responses that MGA is providing in response to these requests for production (the "Requests") or may in the future provide in response to any discovery request in this action. The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA's discovery regarding the information that Mattel seeks. Discovery for Phase Two and other investigation or research concerning this litigation are continuing. It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead MGA to discover other information responsive to these Requests. MGA therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence. MGA does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained in the Requests or any particular request therein, even where MGA has not otherwise objected to a particular request, or has agreed to provide information responsive to a particular request.

No incidental or implied admissions are intended by this Response. These responses should not be taken as an admission that MGA accepts or admits the existence of any facts set forth or assumed by any instruction, definition or request.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## GENERAL OBJECTIONS

MGA responds to these Requests subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1. MGA objects to these Requests to the extent they seek information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

2. MGA objects to these Requests to the extent they seek information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

3. MGA objects to these Requests to the extent they seek information which by reason of public filing or otherwise is already in Mattel's possession or is readily accessible to Mattel.

4. MGA objects to these Requests to the extent they seek the disclosure of information (1) not currently within its possession, custody or control; (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to MGA.

5. MGA objects to these Requests to the extent they are overbroad and unduly burdensome.

6. MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

7. MGA objects to the following definitions in these Requests:

(a) MGA objects to the definition of the term "BRATZ" (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact. The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term 'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been marketed as part of the 'Bratz' line, and each version or iteration of such product, doll or DESIGN or any portion thereof," and it goes on. By incorporating the definition of DESIGN, the overly broad definition of BRATZ includes two-dimensional and three-dimensional representations, including "works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements . . . ." (Definitions, ¶ E, F.) These convoluted and multi-part definitions combine to render the requests vague, ambiguous and overly broad, and to include within the term BRATZ things that do not fairly represent the Bratz line of dolls, accessories and related products that are the subject of this case. In responding to these requests, MGA will interpret the term BRATZ to mean the line of dolls introduced by MGA to the market for sale in May or June of 2001 and subsequent dolls, accessories and other products known as Bratz or associated by MGA with the Bratz line of dolls.

(b) MGA objects to the terms "any" and "REFER OR RELATE TO" (Definitions ¶ I) on the grounds and to the extent that they are overbroad, unduly burdensome or are vague and ambiguous in the context of the requests as written and as those requests would be plainly understood absent Mattel's definitions.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

(c) MGA objects to the terms "IDENTIFY" or "IDENTITY" (Definitions ¶ L) as overbroad, unduly burdensome, vague, ambiguous, and oppressive. Mattel's definition of these terms inherently call for answers to multiple discrete questions or subparts to questions. For example, when those terms are used to reference any individual, the use of those terms requests at least 7 different and distinct facts: (a) such individual's name; (b) such individual's current or last known business title; (c) such individual's current or last known business affiliation; (d) such individual's current or last known relationship to MGA; (e) such individual's current or last known residential address; (f) such individual's current or last known business address; (g) such individual's current or last known telephone number. When those terms are used to reference any business entity, the use of those terms requests at least 4 different and distinct facts: (a) such entity's full name; (b) state (or country) of incorporation or organization; (c) such entity's present or last known address; (d) such entity's present or last known telephone number. Therefore, any request that includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and should be posed as separate requests.

8. MGA objects to these request to the extent that they may unfairly seek to restrict the facts on which MGA may rely at trial. Discovery has not been completed and MGA is not yet necessarily in possession of all the facts and documents upon which MGA intends to rely. All of the responses submitted herewith are tendered to Mattel with the reservation that the responses are submitted without limiting the evidence on which MGA may rely to support the contentions and defenses that MGA may assert at the trial of this action and to rebut or impeach the contentions, assertions and evidence that Mattel may present. MGA reserves the right to supplement or amend these responses at a future date.

9. MGA objects to each request to the extent that it seeks information that will be the subject of expert witness testimony and that is therefore premature.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

10. MGA objects to each request to the extent that it seeks the disclosure of confidential, proprietary, or trade-secret information.

11. MGA objects to each request to the extent that it calls for a legal conclusion.

12. MGA reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter of these request.

13. The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any request. MGA reserves all objections, including without limitation objections as to competency, relevance, materiality, privilege, authenticity, or admissibility.

14. In responding to these Requests, MGA has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure and any applicable local rule.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1**

All YOUR audited and unaudited monthly, quarterly and annual financial statements covering or RELATING TO any period on or after January 1, 2007, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent

rights. MGA further objects to this request on the ground that the terms DOCUMENTS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 17**

All DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending

litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to any agreements, transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group, LLC, without regard to whether such documents are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "agreements," "transactions," "sales," "shipments," and "transfer." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, REFERRING OR RELATING TO, and ITEM OF VALUE render

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 18**

All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008, including without limitation all audits or other valuations performed in connection with such product, any opinions RELATING TO the fairness or unfairness of such transfer, all MGA corporate or director resolutions or approvals of such transfer, all bids received or solicited in connection with the purported sale or offering for sale of such product, the terms of such bids and any other and all COMMUNICATIONS relating to any of the foregoing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7,

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to agreements, contracts or transactions between MGA and

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

LEXINGTON FINANCIAL, LLC, and any amendments or modifications thereto, without regard to whether such documents and communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication that any of its hundreds of employees may have had with anyone at LEXINGTON FINANCIAL, LLC or any other person referring or relating to agreements, contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or any other person, and any amendments or modifications thereto. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "agreements, contracts or transactions" and "amendments or modifications." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 27**

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

EXHIBIT 56

PAGE 1162

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at VISION CAPITAL, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to agreements, contracts or transactions between MGA and VISION CAPITAL, LLC, and any amendments or modifications thereto, without regard to whether such documents and communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication that any of its hundreds of employees may have had with anyone at VISION CAPITAL, LLC or any other person referring or relating to agreements, contracts or transactions between VISION CAPITAL, LLC and MGA or any other person, and any amendments or modifications thereto. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "agreements, contracts or transactions" and "amendments or modifications." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 28**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 29**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 30**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of OMNI 808 INVESTORS, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 31**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of VISION CAPITAL, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member,

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

Dated: 2/6/, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: ______________________
Amman Khan
Attorneys for the MGA Parties for Phase Two

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

# EXHIBIT 57

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER