Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for OMNI 808 INVESTORS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br>C/W Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**To be heard by Discovery** Master **Robert C. O'Brien**<br><br>**OMNI 808 INVESTORS, LLC'S OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS; AND REQUEST FOR SANCTIONS**<br><br>[DECLARATION OF PETER N. VILLAR FILED CONCURRENTLY]<br><br>Date:   TBD<br>Time:   TBD<br>Place:  TBD<br><br>**Phase 2**:<br>Discovery Cut-off:      Dec. 11, 2009<br>Pre-trial Conference:   March 1, 2010<br>Trial Date:             March 23, 2010 |

A/73121466.1/3009108-0000337036

## I. INTRODUCTION

The first time that Omni became aware of Mattel's motion for leave to take additional depositions of Omni, each of its members, and its attorneys was <u>after</u> Mattel filed and served its papers on August 11. Mattel did not meet or confer <u>at all</u> with Omni or its counsel before (or even after) filing its motion, which is consistent with Mattel's practice in this case and at least the third time in the last few months that Mattel has failed to meet and confer at all prior to filing a discovery motion involving the Omni parties. When Omni informed Mattel's counsel that Mattel had failed to include Omni or its counsel in any discussions relating to the motion, Mattel's counsel unapologetically asserted that Omni has no "right or standing to oppose or otherwise weigh in on these issue of leave."

Mattel's position is specious because, as it is well aware, the Stipulation and Order for Appointment of a Discovery Master dated December 6, 2006 ("Discovery Master Order") **expressly requires the parties and non-parties to meet and confer under specific procedures prior to filing any discovery-related motion.** Indeed, even before Omni intervened as a party in this case, Mattel successfully argued to the Discovery Master that Omni and all other non-parties were bound by the Discovery Master Order. Therefore, Mattel's assertion that Omni is not entitled to "weigh in" on a contemplated motion to take many additional depositions of Omni, each of its members and its attorneys is contrary to Mattel's repeated arguments in this case, any reasonable interpretation of the Discovery Master Order, and the Discovery Master's rulings in this case binding Omni and all other parties and non-parties to that Order.

The Omni parties, of course, have multiple other issues with Mattel's motion beyond its unwillingness to meet and confer. However, it would be premature and unnecessary to raise these issues at this time since Mattel failed to satisfy its most fundamental obligations under the Discovery Master Order.

## II. MATTEL FAILED TO MEET AND CONFER IN VIOLATION OF THE DISCOVERY MASTER ORDER

The Discovery Master Order provides in pertinent part that "All discovery disputes shall be resolved by motion ... The moving party shall first identify each dispute, state the relief sought, and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties ... The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute. If the dispute has not been resolved within five court days after such service, the moving party may seek relief from the Discovery Master ...." (Villar Decl., Ex. A, Discovery Master Order, ¶ 5.) It further provides that "All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order." (Id. at ¶ 15.)

Here, Mattel concedes that it did not follow any of the meet and confer procedures set forth in the Discovery Master Order with respect to Omni or its counsel. Mattel's argument purports to be that it has no obligation to meet and confer with Omni before filing discovery motions affecting the interests of Omni, its members and its attorneys since Omni is a party "for limited purposes" in this action. (Villar Decl., ¶¶ 2-3, Ex. B.) Mattel's argument is unavailing for many reasons.

First, the Discovery Master Order, on its face, is not limited to discovery disputes involving only parties "for all purposes." It expressly includes all "**parties**" and "**third parties**." (Discovery Master Order at ¶¶ 5, 15.) Mattel's argument is particularly disingenuous since its motion appears to be based in part on the fact that "Omni 808 requested leave to intervene **as a party** on February 3, 2009 and was granted such relief on a limited basis on April 27, 2009." (Mattel Mot., p. 10, fn 36.) Mattel has repeatedly used Omni's status as a party to compel discovery from Omni and its members. In fact, based on Mattel's repeated

arguments, the Discovery Master determined that "**Because its request to intervene as a party was recently granted, Omni 808 is no longer entitled to any heightened protection as a non-party.**" (Discovery Master Order No. 27, p. 11:17-19.) This is yet another example of Mattel's proclivity to take diametrically contrary positions to suit the particular motion that it is trying to win.

Moreover, even before Omni was a party for limited purposes, Mattel argued that it was bound by the Discovery Master Order since the Order provides that "All **third parties** subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order." (Id. at ¶ 15, emphasis added.) Despite Omni's objections to being bound by a stipulation between Mattel and MGA, the Discovery Master has ruled that "**Because the Discovery Master Order provides that 'all third parties subject to discovery disputes ... in this litigation shall be bound by the terms of this Stipulation and Order, (Discovery Master Order, p. 6),' that order applies to the Financing Entities as well as the Transferee Entities, and its procedures replace those set forth in Local Rule 37.**" (Discovery Master Order No. 3, p. 7:25-8:4.) Mattel cannot have it both ways.

Accordingly, since Mattel has failed to satisfy its meet and confer obligations under the Discovery Master Order, its motion should be denied in its entirety.[1]

### III. MATTEL SHOULD BE SANCTIONED FOR WILLFULLY FAILIING TO MEET AND CONFER AT ALL

"Absent substantial justification or some special circumstance, an Order for the recovery of costs incurred to oppose an unnecessary discovery motion is

---

[1] Mattel's counsel also suggested that their purported discussions with MGA's counsel regarding these additional depositions were sufficient to satisfy their meet and confer obligations with respect to Omni's counsel. That is nonsense and unsupported by any authority.

appropriate, and is in fact mandated... ." *Cram v. Electronic Data Systems Corp.*, 2008 U.S. Dist. Case No. 07cv1842-LAB (NLS) LEXIS 5703, *8 (Jan. 25, 2008) (ordering the party who brought an unsuccessful motion to compel to pay the opposing party's attorneys fees and costs) (citing *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982). Here, there is plainly no justification -- let alone substantial justification -- for Mattel's failure to meet and confer at all with Omni or its counsel before filing a motion to take additional depositions of Omni, each of its members, and its attorneys.[2] Moreover, Mattel cannot claim that this was an oversight given that it has unabashedly asserted that Omni has no "right or standing to oppose or otherwise weigh in on these issue."

Therefore, in addition to denying Mattel's motion, the Discovery Master should order Mattel to compensate Omni for a portion of its costs of opposing this motion in the sum of $1,650. (Villar Decl., ¶ 6.)

## IV. CONCLUSION

For the foregoing reasons, Omni respectfully requests that the Discovery Master deny Mattel's motion in its entirety, compel Mattel to properly meet and confer before filing any such motion, and order Mattel to pay monetary sanctions to Omni in the sum of $1,650.

DATED: August 18, 2009          Bingham McCutchen LLP

By: /s/ Peter N. Villar
Peter N. Villar
Attorneys for OMNI 808 INVESTORS, LLC

---

[2] Nor is this the first time that Mattel has failed to meet and confer at all prior to filing a discovery motion against the Omni parties. *See, e.g.*, Discovery Master Order No. 3, p. 12 ("Mattel arguably did not even begin the meet and confer process with OmniNet Capital, LLC prior to filing its motion to compel."); *see also* Opposition to Mattel, Inc.'s Motion to Enforce Order Compelling Omni Parties to Produce Documents, p. 12.