Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for OMNI 808 INVESTORS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br>C/W Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**To be heard by Discovery Master Robert C. O'Brien**<br><br>**DECLARATION OF PETER N. VILLAR IN SUPPORT OF OMNI 808 INVESTORS, LLC'S OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS; AND REQUEST FOR SANCTIONS**<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 2**:<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

A/73122221.1

I, Peter N. Villar, hereby declare as follows:

1. I am a partner at the law firm of Bingham McCutchen LLP and counsel of record for Omni 808 Investors, LLC ("Omni"). I make this Declaration in Support of Omni's Opposition to Mattel, Inc.'s Motion for Leave to Take Additional Depositions; and Request for Sanctions. I have personal knowledge of the matters stated herein, and if called upon could and would testify competently to them.

2. The first time that we became aware of Mattel's motion for leave to take additional depositions of Omni, its members and attorneys was after Mattel filed and served its papers on August 11. Mattel's counsel did not meet and confer with us at all before (or even after) filing its motion.

3. Upon receipt of Mattel's motion, I sent an email to Mattel's counsel, Michael Zeller, stating that we were not included in any "meet and confer" discussions relating to Mattel's motion which directly implicates the interests of our clients which, in turn, is a violation of the Stipulation and Order for Appointment of a Discovery Master dated December 6, 2006 ("Discovery Master Order"). Mr. Zeller responded that Omni has no "right or standing to oppose or otherwise weigh in on these issue of leave."

4. A true and correct copy of the Discovery Master Order is attached hereto as Exhibit A.

5. A true and correct copy of my email correspondence with Mr. Zeller on August 12 following our receipt of Mattel's motion is attached hereto as Exhibit B.

6. I have spent in excess of 3 hours preparing Omni's opposition papers in connection with Mattel's motion. My hourly billing rate is $550. Therefore, Omni has incurred in excess of $1,650 in connection with Mattel's motion, not

A/73122221.1

1

| | |
|---|---|
| 1 | including the costs of any additional briefing and attending the hearing. |
| 2 | |
| 3 |       I declare under penalty of perjury under the laws of the United States that |
| 4 | the foregoing is true and correct. Executed on August 18, 2009. |

_____<br>
Peter N. Villar

# EXHIBIT A

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemnauel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100
7  Attorneys for Mattel, Inc.
8  [Additional counsel listed on following page]
9
10                    UNITED STATES DISTRICT COURT
11                   CENTRAL DISTRICT OF CALIFORNIA
12 CARTER BRYANT, an individual,      )  Case No. CV 04-09049 SGL (RNBx)
13              Plaintiff,            )  Consolidated with
                                      )  Case No. CV 04-09059
14      v.                            )  Case No. CV 05-02727
15 MATTEL, INC., a Delaware           )  STIPULATION FOR APPOINTMENT
   corporation,                       )  OF A DISCOVERY MASTER; AND
16                                    )
                Defendant.            )  [PROPOSED] ORDER
17                                    )
                                      )  Discovery Cutoff Date: Not Set
18                                       Trial Date: Not Set

EXHIBIT A
PAGE 3

Case No CV 04-09049 SGL (RNBx)
STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1  LITTLER MENDELSON
     Robert F. Millman (Bar No. 062152)
2    Douglas A. Wickham (Bar No. 127268)
     Keith A. Jacoby (Bar No. 150233)
3  2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4  Telephone: (310) 553-0308
   Facsimile: (310) 553-5583
5
   Attorneys for Carter Bryant
6
   O'MELVENY & MYERS LLP
7    Diana M. Torres (Bar No. 162284)
   400 S. Hope Street
8  Los Angeles, California 90017
   Telephone: (213) 430-6000
9  Facsimile: (213) 430-6407

10 O'MELVENY & MYERS LLP
     Dale Cendali
11 Times Square Tower
   7 Times Square
12 New York, NY 10036

13 CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
     Patricia Glaser (Bar No. 55668)
14 10250 Constellation Boulevard - 19th Floor
   Los Angeles, CA 90067
15 Telephone: (310) 553-3000
   Facsimile: (310) 556-2920
16
   Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT** H
**PAGE** 4

1  WHEREAS, the parties are in agreement that a discovery master should be
2  appointed in this matter to resolve any discovery disputes and to minimize the
3  burden on the Court; and
4  WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante
5  (Ret.), and he has agreed to serve as a discovery master in this matter;
6  NOW, THEREFORE, to facilitate the fair and efficient completion of pre-
7  trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,
8  Inc., by and through their respective counsel of record, hereby stipulate and agree as
9  follows:
10  1.  The Discovery Master shall be appointed to assure and provide cost-
11  effective discovery and to minimize the burden of discovery disputes upon the
12  Court. Any and all discovery motions and other discovery disputes in the above
13  captioned action shall be decided by a master ("Discovery Master") pursuant to
14  Federal Rule of Civil Procedure 53. Any motions currently pending before
15  Magistrate Judge Block shall be transferred to the Discovery Master. The moving
16  party shall provide to the Discovery Master all papers associated with each pending
17  motion.
18  2.  The Discovery Master shall be Hon. Edward A. Infante (Ret.). His
19  business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA
20  94111.
21  3.  Judge Infante shall serve as the Discovery Master until all issues herein
22  have been finally disposed of or determined, or until he shall withdraw in
23  accordance with applicable law. If at any time he becomes unable to serve as the
24  Discovery Master, the parties shall confer to present an alternative agreed-upon
25  designee to the Court. In the event that the parties cannot agree to an alternate
26  designee, then the Court shall appoint a Discovery Master.
27  4.  The Discovery Master shall have the authority to set the date, time, and
28  place for all hearings determined by the Discovery Master to be necessary; to

EXHIBIT A
PAGE 5

1  preside over hearings (whether telephonic or in-person); to take evidence in
2  connection with discovery disputes; to issue orders resolving discovery motions
3  submitted to the Discovery Master; to conduct telephonic conferences to resolve
4  discovery disputes arising during depositions; to issue orders awarding non-
5  contempt sanctions, including, without limitation, the award of attorney's fees, as
6  provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7  recommendations, as appropriate.

8      5.   All discovery disputes shall be resolved by motion (except those arising
9  during a deposition which the Discovery Master determines can be resolved by
10 telephonic conference during the deposition). The moving party shall first identify
11 each dispute, state the relief sought, and identify the authority supporting the
12 requested relief in a meet and confer letter that shall be served on all parties by
13 facsimile or electronic mail. The parties shall have five court days from the date of
14 service of that letter to conduct an in-person conference to attempt to resolve the
15 dispute. If the dispute has not been resolved within five court days after such
16 service, the moving party may seek relief from the Discovery Master by formal
17 motion or letter brief, at the moving party's option. The opposing party shall have
18 five court days from the date of service of the motion or letter brief to submit a
19 formal opposition or response. Any reply brief or letter brief shall be served within
20 three court days from the date of service of a formal opposition or response. The
21 hearing on the motion shall take place within five court days of the service of any
22 reply brief or letter unless (a) the parties agree to another hearing date or agree that
23 no hearing is necessary; (b) the Discovery Master determines that no hearing is
24 necessary; or (c) the Discovery Master is not available, in which case the hearing
25 shall take place on the Discovery Master's first available date. The foregoing shall
26 not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27 seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28 dispute upon shortened time upon a showing of good cause why a party would be

1  prejudiced absent prompt resolution. Service of any document by fax or electronic
2  mail prior to 6:00 p.m. shall constitute service on that day.
3      6.   The Discovery Master's orders resolving discovery disputes, reports, or
4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a
5  Magistrate Judge of the United States District Court. The Discovery Master shall
6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve
7  the parties within five court days of his/her decision on a matter.
8      7.   A court reporter shall transcribe any hearing or other proceeding before
9  the Discovery Master.
10     8.   The cost of any proceeding before the Discovery Master, including the
11 fees of the Discovery Master, the fees of court reporters who transcribe hearings or
12 other proceedings before the Discovery Master, and the fees of any other person
13 necessary to the efficient administration of the proceeding before the Discovery
14 Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,
15 Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,
16 the Discovery Master Orders otherwise. By agreeing to share costs among the
17 parties, no party waives its right to seek recovery or reimbursement for such costs
18 from any other party.
19     9.   The Discovery Master shall be compensated according to his regular
20 hourly rate of $750.
21     10.  Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery
22 Master shall proceed with all reasonable diligence.
23     11.  Based on an affidavit filed by Hon. Edward A. Infante pursuant to
24 28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not
25 aware that he has a relationship to the parties, to counsel, to the action, or to the
26 Court that would require disqualification of a judge under 28 U.S.C. § 455, and
27 based thereon the parties expressly waive any ground for disqualification disclosed
28 therein of Hon. Edward A. Infante to serve as master in these proceedings.

EXHIBIT A
PAGE 7

STIPULATION FOR APPOI
MASTE

- 5 -

12. The Discovery Master shall not have ex parte communications with ~~the Court~~, a party or counsel.

13. The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports, and recommendations issued by the Discovery Master. These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities, and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

14. The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective Order. The Discovery Master agrees to be bound by the January 4, 2005 Order.

15. All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

Dated: November __, 2006

O'MELVENY & MYERS LLP

By: _____
Diana Torres
Attorneys for MGA Entertainment, Inc.

Dated: November 29, 2006

LITTLER MENDELSON

By: _____
Douglas A. Wickham
Attorneys for Carter Bryant

1 | Dated: ~~November~~ December 4, 2006     QUINN EMANUEL URQUHART
2 |                                                      OLIVER & HEDGES, LLP
3 |                                                      By: _/s/ Jon D. Corey_
4 |                                                               Jon D. Corey
5 |                                                               Attorneys for Mattel, Inc.

## ORDER

The foregoing Stipulation for Appointment of a Discovery Master is SO ORDERED _as modified_.

Dated: **12-6-06**

_/s/ S.G. Larson_
Hon. Stephen G. Larson
United States District Court Judge

## CONSENT OF DISCOVERY MASTER

If appointed by the Court, I, the undersigned, consent to serve as Discovery Master in the above referenced proceeding consistent with this Order.

Dated: **12-5-06**

_/s/ Edward A. Infante_
Hon. Edward A. Infante (Ret.)

EXHIBIT A
PAGE 9

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

-7-

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

| | |
|---|---|
| Keith A. Jacoby, Esq.<br>Douglas Wickham, Esq.<br>Littler Mendelson<br>**A Professional Corporation**<br>2049 Century Park East, 5th Floor<br>Los Angeles, California 90067-3107<br>Phone: 310-553-0308<br>**Fax: 310-553-5583** | Diana M. Torres, Esq.<br>O'Melveney & Meyers<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>Phone: 213-430-6000<br>**Fax: 213-430-6407** |

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on December 5, 2006, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Cheri Hatch
Print Name                                Signature

EXHIBIT
PAGE 10

EXHIBIT B

## Villar, Peter N.

| | |
|---|---|
| **From:** | Villar, Peter N. |
| **Sent:** | Wednesday, August 12, 2009 11:16 AM |
| **To:** | 'Michael T Zeller' |
| **Cc:** | 'Hurst, Annette'; McConville, Thomas; Gordinier, Todd E. |
| **Subject:** | Mattel v. MGA |

Michael: We have received a copy of Mattel's motion for leave to take additional depositions filed yesterday. We were not included in any "meet and confer" discussions relating to your motion which directly implicates the interests of our clients, which, in turn, is a violation of the Discovery Master's Order. Your motion seeks to take the depositions of each of the members of Omni 808 and other non-parties including, without limitation, the PMKs of Omni 808 and Vision Capital. In addition to other problems with your motion, as you know, Leon Neman is the principal of Vision Capital and Mr. Kadisha is a principal of Omni 808. Their depositions are scheduled for August 14 and August 28, respectively. As we previously advised you and is implicit in the Discovery Master's latest Order, they are to be deposed only one time. If you have a different position it is incumbent on you to seek such relief from the Discovery Master now before these presently scheduled depositions go forward.

Assuming the deposition of Mr. Neman and Mr. Kadisha will be going forward on August 14 and August 28, please confirm the time and place for these depositions.

Regards, Peter

BINGHAM
Peter N. Villar |
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |

EXHIBIT B
PAGE 11

## Villar, Peter N.

**From:** Michael T Zeller [michaelzeller@quinnemanuel.com]
**Sent:** Wednesday, August 12, 2009 12:17 PM
**To:** Villar, Peter N.
**Cc:** 'Hurst, Annette'; 'McConville, Thomas'; Gordinier, Todd E.
**Subject:** RE: Mattel v. MGA

We have previously and now repeatedly confirmed that the Neman and Kadisha depositions -- which have been repeatedly compelled by the Discovery Master -- will take place on August 14 and August 28 respectively at our offices, where they were noticed. If you need it confirmed yet again, please consider this such confirmation.

The remainder of your email lacks merits. You cite no authority to support the assertion that Omni 808, whose intervention was for a limited purpose, has any right or standing to oppose or otherwise weigh in on these issue of leave. If you have such authority, please provide it. Furthermore, MGA refused to agree to any of these depositions. Because MGA thereby forced motion practice regardless, nothing about Omni's perspective -- which you notably do not say is any different from MGA's -- could and would have avoided it. Finally, your unsupported argument about one deposition and Mattel's request for leave on 30(b)(6) depositions confuses different concepts and is contrary to prior rulings in this case. They also are irrelevant to the Orders compelling Neman and Kadisha to appear individually and to Mattel's motion for leave.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Villar, Peter N. [mailto:peter.villar@bingham.com]
**Sent:** Wednesday, August 12, 2009 11:16 AM
**To:** Michael T Zeller
**Cc:** 'Hurst, Annette'; McConville, Thomas; Gordinier, Todd E.
**Subject:** Mattel v. MGA

Michael: We have received a copy of Mattel's motion for leave to take additional depositions filed yesterday. We were not included in any "meet and confer" discussions relating to your motion which directly implicates the interests of our clients, which, in turn, is a violation of the Discovery Master's Order. Your motion seeks to take the depositions of each of the members of Omni 808 and other non-parties including, without limitation, the PMKs of Omni 808 and Vision Capital. In addition to other problems with your motion, as you know, Leon Neman is the principal of Vision Capital and Mr. Kadisha is a principal of Omni 808. Their depositions are scheduled for August 14 and August 28, respectively. As we previously advised you and is implicit in the Discovery Master's latest Order, they are to be deposed only one time. If you have a different position it is incumbent on you to seek such

EXHIBIT B
PAGE 12

8/17/2009

relief from the Discovery Master now before these presently scheduled depositions go forward.

Assuming the deposition of Mr. Neman and Mr. Kadisha will be going forward on August 14 and August 28, please confirm the time and place for these depositions.

Regards, Peter

**BINGHAM**
Peter N. Villar |
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

EXHIBIT 3
PAGE 13

8/17/2009

# Villar, Peter N.

| | |
|---|---|
| **From:** | Villar, Peter N. |
| **Sent:** | Wednesday, August 12, 2009 2:09 PM |
| **To:** | 'Michael T Zeller' |
| **Cc:** | 'Hurst, Annette'; 'McConville, Thomas'; Gordinier, Todd E. |
| **Subject:** | RE: Mattel v. MGA |

As far as authority, I will refer you to the Discovery Master's Order, paragraph 5, as well as the Central District Local Rules and Federal Rules of Civil Procedure relating to discovery motions, of which you are well aware. Your purported discussions with MGA's counsel (which appear to also have been inadequate) do not relieve you of your obligations to meet and confer with us regarding our clients. As far as your comments regarding the distinction between 30b6 depositions, you are on notice that Mr. Neman and Mr. Kadisha are the PMKs of Vision Capital and Omni 808. We will oppose any effort by Mattel to take their depositions twice. Finally, you have now confirmed the place for the depositions, but you still have not confirmed the time. We will be at your office at 9:30 a.m.

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Wednesday, August 12, 2009 12:17 PM
**To:** Villar, Peter N.
**Cc:** 'Hurst, Annette'; 'McConville, Thomas'; Gordinier, Todd E.
**Subject:** RE: Mattel v. MGA

We have previously and now repeatedly confirmed that the Neman and Kadisha depositions -- which have been repeatedly compelled by the Discovery Master -- will take place on August 14 and August 28 respectively at our offices, where they were noticed. If you need it confirmed yet again, please consider this such confirmation.

The remainder of your email lacks merits. You cite no authority to support the assertion that Omni 808, whose intervention was for a limited purpose, has any right or standing to oppose or otherwise weigh in on these issue of leave. If you have such authority, please provide it. Furthermore, MGA refused to agree to any of these depositions. Because MGA thereby forced motion practice regardless, nothing about Omni's perspective -- which you notably do not say is any different from MGA's -- could and would have avoided it. Finally, your unsupported argument about one deposition and Mattel's request for leave on 30(b)(6) depositions confuses different concepts and is contrary to prior rulings in this case. They also are irrelevant to the Orders compelling Neman and Kadisha to appear individually and to Mattel's motion for leave.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 3
PAGE 14

8/17/2009

**From:** Villar, Peter N. [mailto:peter.villar@bingham.com]
**Sent:** Wednesday, August 12, 2009 11:16 AM
**To:** Michael T Zeller
**Cc:** 'Hurst, Annette'; McConville, Thomas; Gordinier, Todd E.
**Subject:** Mattel v. MGA

Michael: We have received a copy of Mattel's motion for leave to take additional depositions filed yesterday. We were not included in any "meet and confer" discussions relating to your motion which directly implicates the interests of our clients, which, in turn, is a violation of the Discovery Master's Order. Your motion seeks to take the depositions of each of the members of Omni 808 and other non-parties including, without limitation, the PMKs of Omni 808 and Vision Capital. In addition to other problems with your motion, as you know, Leon Neman is the principal of Vision Capital and Mr. Kadisha is a principal of Omni 808. Their depositions are scheduled for August 14 and August 28, respectively. As we previously advised you and is implicit in the Discovery Master's latest Order, they are to be deposed only one time. If you have a different position it is incumbent on you to seek such relief from the Discovery Master now before these presently scheduled depositions go forward.

Assuming the deposition of Mr. Neman and Mr. Kadisha will be going forward on August 14 and August 28, please confirm the time and place for these depositions.

Regards, Peter


BINGHAM
Peter N. Villar |
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.



EXHIBIT B
PAGE 15

8/17/2009