QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Robert C. O'Brien pursuant to the Court's Orders of December 6, 2006 and January 6, 2009]**<br><br>MATTEL, INC.'S OBJECTIONS TO THE SUPPLEMENTAL DECLARATION OF WILLIAM A. MOLINSKI IN RESPONSE TO MOTION FOR ISSUANCE OF LETTERS OF REQUEST FOR VARGAS AND TRUEBA AND REQUEST FOR AMENDMENT OF LETTERS<br><br>Date:  TBD<br>Time:  TBD<br>Place: Arent Fox LLP<br><br>**Phase 2:**<br>Disc. Cut-off:   Dec. 11, 2009<br>Pre-trial Con.:  Mar. 1, 2010<br>Trial Date:      Mar. 23, 2010 |

07975/3058804.3

Mattel, Inc. ("Mattel") respectfully submits the following Objections to the Supplemental Declaration of William A. Molinski, served on August 17, 2009 in Response to Motion For Issuance of Letters of Request For Vargas and Trueba and Request For Amendment of Letters.[1]

1.   MGA's proposed Letter of Request is improper because MGA has filed no motion seeking the issuance of its proposed Letter nor otherwise complied with the requirements of <u>Local</u> <u>Rules</u> 7-3 through 7-5.  If MGA wishes to depose its own employees in Mexico pursuant to a Letter of Request, then it must follow the appropriate steps to seek one.

2.   MGA's proposed Letter of Request was served yesterday—almost three weeks after MGA's opposition was due, two weeks after Mattel's reply and only after the Discovery Master's Order taking the hearing on Mattel's request off-calendar and thus deeming the matter submitted.  MGA's proposed Letter of Request nevertheless purports to make numerous deletions, add numerous topics and interpose other modifications to Mattel's Letter of Request that were never raised in MGA's Opposition or otherwise asserted prior to the due date for MGA's response.[2]

---

[1]   Because MGA does not clearly disclose, let alone explain or defend, the changes its proposed Letter of Request has purported to unilaterally make to Mattel's Letter of Request, Mattel is attaching hereto a redline showing those purported changes.

[2]   More specifically, as illustrated in the redline, MGA *deletes* text it apparently objects to.  No mention of any objections to the text of Mattel's Letter of Request were made anywhere in MGA's Opposition.  Thus, for example, MGA deletes the entirety of the discussion of the jury's verdict in Phase 1.  <u>See</u> Exhibit 1 at 8.  It also deletes any mention of the search of MGA Mexico's facilities, or the current criminal investigation of Vargas and Trueba by Mexican authorities.  <u>Id.</u> at 10-11.  MGA provides no explanation for why it could not have objected to such text before, and indeed does not even give any indication it has made such changes here.  Furthermore, as discussed below, the provisions that MGA belatedly attempts to excise were previously approved by the Discovery Master in connection with Mattel's Letters of Request to the Canadian Courts.

Accordingly, they are untimely and have been waived.[3]  They also constitute improper sur-reply that do not even respond to Mattel's reply.[4]

      3.    MGA's proposed Letter of Request is inconsistent with prior Orders. Language MGA has purported to delete, such as descriptions of the Court's rulings on summary judgment, and other language regarding Mattel's allegations relating to Carter Bryant, have already been *approved* by the Discovery Master.  They were part of the Letter of Request issued to Canada regarding the deposition of Janine Brisbois and MGA Canada.  Compare Exhibit 1 at 6 with Canadian Letter of Request at 2-3, Searcy Dec., Exh. 5.  MGA's belated effort to delete them thus is not only waived, but without substantive merit.

---

[3] See, e.g., Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (party waived objections it failed to make in opposition to motion to compel); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (party waived claim it failed to raise in opposition to discovery motion); Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442, 445 (2d Cir. 1967) (same); Fleet Systems, Inc. v. Federal Coach, LLC, 2007 WL 2264618, *3 (D. Neb. 2007) (same); City of Wichita, Ks. v. Aero Holdings, Inc., 2000 WL 1480499, *2 (D. Kan. 2000) (same); Reese v. Wal-Mart Stores, Inc., 1996 WL 780558, *3 (D. Me. 1996) (same); Eidukonis v. Southeastern Pennsylvania Transp. Authority, 1987 WL 16321, *5 (E.D. Pa. 1987) (same).

[4] MGA claims that the Supplemental Declaration "responds to new arguments raised in Mattel's Reply, and, thus is entirely proper."  (Email from William Molinski to Discovery Master O'Brien, dated August 17, 2009.)  That representation is wrong.  MGA's response to Mattel's motion proposed to insert a single, vague topic seeking information about conduct "described in MGA's complaint against Mattel."  Mattel's statement in reply that MGA's lone proposed topic was defective—which MGA apparently now concedes—was strictly limited to issues raised by MGA's opposition.  There was no "new" argument here that would permit MGA to rewrite Mattel's proposal in any way it sees fit, especially at this late date.  Even in its opposition, MGA did not raise the topics and issues now raised in MGA's proposed Letter of Request.  Having failed to do so, MGA has waived any of the modifications it now supposedly has to Mattel's Letter of Request.

4. MGA's proposed Letter of Request includes argumentative additions. Mattel's Letter of Request, the form of which was substantially approved previously by the Discovery Master, makes clear that Mattel's Phase 2 claims are allegations. In contrast, the modifications proposed by MGA are not even portrayed as allegations. For example, as shown on page 12 of the redline, MGA purports to insert the following argumentative phrase: "Mr. Vargas was also previously a Mattel employee so he can testify to Mattel's acts of unfair competition through intimidation, coercion and other unfair acts intended to prevent MGA from lawfully competing with Mattel." Other similar, argumentative phrasing appears in MGA's proposed Letter of Request.

5. MGA adds topics that are similarly argumentatively phrased, as shown on pages 12-13 of the redline. The added topics are also impermissibly vague, and MGA fails to carry its burden to show that they are consistent with the Hague Convention or Mexican law. As Mattel pointed out in its reply, and as MGA does not dispute, Letters of Request must conform to the Hague Convention, and to the laws of Mexico, or Mexico may object and refuse to accept them.[5] An improper topic accordingly can delay approval or even result in the denial of a deposition. MGA's ill-defined, argumentative topics threaten to thus delay or even prevent Mattel's ability to take the depositions because they could be asserted as grounds for Mexico (or the witnesses or others) to object to Mattel's Letter of Request. The Discovery Master should not permit MGA's potentially unacceptable topics to potentially infect Mattel's Letter of Request and imperil the depositions Mattel has been attempting to take for nearly seven months.

6. Mattel objects to MGA's proposed Letter of Request in that it purports to require Mattel to pay for MGA's deposition of MGA's own employees. Despite

---

[5] See Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters, Articles 5, 9.

other, belated alterations to Mattel's Letter of Request, one section MGA left untouched was that which states that "[a]ny fees and costs incurred by Mr. Vargas and Ms. Trueba in conjunction with their respective examinations will be paid by Defendant Mattel, Inc., through its counsel of record." (Exhibit 1 at 14.) MGA has nearly doubled the number of topics for Ms. Trueba from 8 to 13. There is no basis for Mattel to pay the entirety of the costs for the depositions sought by MGA's proposed Letter of Request, and MGA cites none.

7. Mattel objects to MGA's proposed Letter of Request, and to MGA's counsel's arguments of yesterday, on the basis that the delay sought by MGA to the issuance of Mattel's Letter of Request is inappropriate and unsupported. Mattel first noticed the depositions of these witnesses in September *2007*. It recommended motion practice on their depositions promptly since the Phase 2 discovery stay was lifted earlier this year. The discovery cut-off—which MGA has refused to agree to extend—expires in less than four months. Discovery through a Letter of Request can already take months. Mattel has still not obtained the discovery sought in its Letter of Request to Canada that was signed three months ago. MGA's request for further delay is essentially a request that these depositions not be taken at all. Mattel objects to any such delay. Furthermore, contrary to MGA's unsubstantiated and unexplained request of yesterday,[6] there is no legal or factual basis for delaying the issuance of Mattel's Letter of Request so that MGA can seek to file its own motion for its own Letter. MGA is free to pursue its own request for the issuance of Letters,

---

[6] In his email of yesterday to the Discovery Master, MGA's counsel explicitly sought to use *MGA's* tardy proposed Letter of Request to delay yet further *Mattel's* long pending Letter of Request, asserting that the Discovery Master should continue "the decision on Mattel's motion for the issuance of letters requests . . . until we can make a formal motion to amend Mattel's requested letters to include topics, and a description, of MGA's claims against Mattel."

1 | but that is not and cannot serve as a basis for delaying or hindering the issuance of
2 | Mattel's Letter of Request that Mattel has been seeking through a proper motion.
3
4 | DATED:  August 18, 2009        QUINN EMANUEL URQUHART OLIVER &
5 |                                                         HEDGES, LLP
6
7 |                                             By /s/ Michael T. Zeller
8 |                                                 Michael T. Zeller
                                                Attorneys for Mattel, Inc.