# Exhibit 1

MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
w arker@orrick.com
OWMK HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    ~~vs.~~v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant. | ~~CASE NO.~~ Case No. CV 04-9049 -SGL (RNBx)<br><br>Consolidated with<br>~~Case No.~~: Case No. CV 04-~~09059~~ 9059 and Case No. CV 05-~~027272~~2727<br><br>[PROPOSED] REQUEST FOR JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |
| AND CONSOLIDATED ACTIONS | Date:<br>Time:<br>Courtroom:<br>Judge:   Hon. Stephen G. Larson |

Exhibit 1
Page 6

REQUEST FOR JUDICIAL ASSISTANCE

# TABLE OF CONTENTS

**Page**

LETTER OF REQUEST ................................................................................................ 2

I.    NATURE OF PROCEEDINGS ................................................................................ 3

    A.   Names and Addresses of the Parties and Their Representatives (Article 3(b)) ................................................................................................ 3

    B.   Nature and Purpose of the Proceedings and Summary of the Alleged Facts (Article 3(c)) ............................................................................ 3

        1.   Nature of the Proceedings ............................................................ 3

        2.   Procedural Background ................................................................ 4

        3.   Knowledge Of Persons To Be Examined .................................... 7

II.   EVIDENCE SOUGHT (ARTICLE 3(D)) ............................................................... 9

    A.   Pablo Vargas San Jose ........................................................................... 9

    B.   Mariana Trueba Almada ....................................................................... 10

    C.   Subject Matter About Which The Deponents Are To Be Examined (Article 3(f)) ........................................................................ 10

    D.   Requirement That The Evidence Be Given on Oath or Affirmation and Specific Form to Be Used (Article 3(h)) .................. 11

    E.   Special Methods or Procedures to be Followed (Article 3(i) and 9) .................................................................................................... 11

    F.   Fees and Costs ....................................................................................... 12

    G.   Notification of Court and Parties (Article 7) ....................................... 12

    H.   Conclusion ............................................................................................ 12

III.  REQUEST FOR JUDICIAL ASSISTANCE ........................................................ 13

IV.   RECIPROCITY .................................................................................................... 14

V.    CONCLUSION ..................................................................................................... 15

SCHEDULE A ................................................................................................................ 16

SCHEDULE B ................................................................................................................ 17

SCHEDULE C ................................................................................................................ 18

07975/2866400.2

REQUEST FOR JUDICIAL ASSISTANCE

Exhibit 1
Page 7

TO THE SUPERIOR COURT OF JUSTICE FOR THE FEDERAL DISTRICT:

The United States District Court for the Central District of California presents its compliments to the Superior Court of Justice for the Federal District, and requests international judicial assistance to obtain the following: (1) the examination, under oath, of Pablo Vargas San Jose, as set forth in Schedule B; and (2) the examination, under oath, of Mariana Trueba Almada, as set forth in Schedule C.  The testimony of these witnesses is intended for use at trial, and will be relevant to numerous claims and defenses in the case. A trial on this matter is scheduled for March 23, 2010 in Riverside, California, United States of America.

This request is made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, as adopted and implemented at 28 U.S.C. § 1781 and the Executive Order published in the Federal Official Gazette dated February 12, 1990.  This Court, the United States District Court for the Central District of California, Eastern Division, is a competent court of law and equity which properly has jurisdiction over this proceeding, has the power to compel the attendance of witnesses within its jurisdiction, and has the authority to seek the assistance of foreign governments in compelling the attendance of witnesses outside its jurisdiction.

This request is made with the understanding that it will in no way require the person described below to commit any offense, nor will it require the person described below to undergo a broader form of inquiry than they would if the litigation were conducted in Mexico.

Exhibit 1
Page 8

**Letter of Request**

**1.**      **Sender/Requesting Authority (Article 3(a))**

Hon. Stephen G. Larson
United States District Judge
United States District Court for the Central District of California
Room 260
3470 Twelfth Street
Riverside, CA 92501
Tel: (951) 328-4464

**2.**      **Authority of the Requested State (Article 3(a))**

Superior Court of Justice for the Federal District
~~Niños~~Ninos Heroes No. 132, Planta Baja, Colonia Doctores,
Delegación Cuauthemoc,~~,~~ Código Postal 06720
Mexico City, Mexico
Tel: 51 34 11 00

**3.**      **Person to whom the executed request is to be returned**

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000

**4.**      **Persons designated to act in connection with the Letter of Request**

The parties and their representatives listed in Schedule A attached hereto

**5.**      **Persons designated to carry out  formalities on behalf of the requesting party:**

Jointly or individually: Hector Geronimo Calatayud - Izquierdo, Ricardo Luis Hernandez - Garfias, Victor Manuel Rivero - Montiel, Hector Leonel Rivera - ~~Muñoz~~Mufioz, Enrique Valdespino - Pastrana and/or Arturo Aguirre -Arias,

Paseo de los Tamarindos No. 400 "A", Colonia Bosques de las Lomas, Delegación Cuajimalpa, Código Postal 05120, Mexico City, Mexico

**6.**      **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

As soon as reasonably practicable consistent with the Court's calendar.

**7.**      **Identity and address of those to be examined (Article 3(e))**

Pablo Vargas San Jose 135 Loma de Guadalupe Alvaro Obregon
Mexico D.F. 1720
Mariana Trueba Almada

07975/2866400.2

Exhibit 1
Page 9

Paseo del Pedregal 1110 Casa 10
Jardines Del Pedregal
Alvaro Obregon
Mexico, D.F. 01900

## I.   NATURE OF PROCEEDINGS

### A.   Names and Addresses of the Parties and Their Representatives (Article 3(b))

The evidence requested relates to the action entitled Bryant v. Mattel, Inc., Case No. CV 04-9049 SGL (RNBx), which consists of three actions that have been consolidated before the requesting judicial authority:  Mattel, Inc. v. Bryant, Case No. CV 04-9049 SGL (RNBx) (the "Bryant Case"); Bryant v. Mattel, Inc., Case No. CV 04-9049 SGL (RNBx) (the "Declaratory Relief Case"), and MGA Entertainment, Inc. v. Mattel, Inc., Case No. CV05-2727 SGL (RNBx) (the "Unfair Competition Case").  The parties and their representatives are listed in Schedule A attached hereto.  The applicant for this letter of request is defendant and cross-plaintiff Mattel, Inc.  ("Mattel").

### B.   Nature and Purpose of the Proceedings and Summary of the Alleged Facts (Article 3(c))

#### 1.   Nature of the Proceedings

This proceeding is a civil lawsuit alleging copyright infringement, dilution trade dress infringement, misappropriation of trade secrets, violation and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, breach of contract, intentional interference with contract, breach and aiding and abetting breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty, conversion, unfair competition, unjust enrichment, avoidance of intentional and constructive fraudulent transfers under the Uniform Fraudulent Transfer Act, and declaratory relief.

## 2.   **Procedural Background**

**Mattel's Original Complaint.** ~~Mattel learned in November 2003 that Carter Bryant, a former Mattel doll designer, had contracted to provide and provided services to MGA Entertainment, Inc. while he was a Mattel employee.~~ Mattel originally filed suit against Bryant for breach of contract, breach of fiduciary duty, breach of the duty of loyalty, unjust enrichment and conversion in April 2004.  In its Complaint, Mattel alleged its claim to ownership of all inventions and works created by Bryant during his Mattel employment and seeks to recover all benefits obtained as a result of his breach of duties. ~~As of January 2005, Bryant claimed he had earned more than $10 million from his relationship with MGA.~~ MGA intervened in Mattel's case against Bryant in December 2004 to defend the rights it claims in the Bratz properties~~, which Bryant created while, Mattel alleges, he was a Mattel doll designer~~.

**Bryant's Counterclaims.**  Bryant initially challenged the assignment provisions in the Inventions Agreement between he and Mattel in four Counterclaims, alleging unconscionability, mistake, duress, fraud, Labor Code violations, Business and Professions Code violations, unfair competition and other claims.  Bryant sought rescission of the Inventions Agreement and a declaration that the Inventions Agreement is unenforceable.  The Court dismissed all of Bryant's Counterclaims in an 18-page Order. ~~The Court rejected Bryant's arguments that the Inventions Agreement is not enforceable, holding that, even construing Bryant's allegations in the light most favorable to him, "Bryant cannot prove any set of facts in support of the claims that would entitle him to relief."~~

In addition to his Counterclaims, Bryant sued Mattel in November 2004 for a declaratory judgment that he had not infringed the copyrights in a Mattel project known as "Toon Teens." ~~Like his Counterclaims, the~~The Court dismissed Bryant's declaratory judgment complaint on the pleadings.

MGA's Complaint Against Mattel: On April 13, 2004, MGA filed a complaint against Mattel for false designation of origin, affiliation, association or sponsorship, unfair competition and dilution for Mattel's habitual and unfair tactics of competition-by-intimidation and serial copycatting of MGA's products, which MGA alleges Mattel has used in an effort to cause confusion in the marketplace and eliminate MGA as a competitor in the toy and fashion doll market. MGA has also alleged that Mattel has intimidated, coerced and threatened retailers, licensees, suppliers, and others in the toy industry in order to stifle MGA's ability to compete.

Consolidation.  After the Court lifted a discovery stay imposed while the Ninth Circuit Court of Appeal resolved an appeal regarding subject matter jurisdiction issues, the Court consolidated Mattel's case against Bryant, Bryant's declaratory relief case and a MGA's case that MGA had filed against Mattel alleging trade dress infringement, delusion and unfair competition, among others, for all purposes.

Mattel's Second Amended Counterclaims.  Mattel filed its Second Amended Answer and Counterclaims on July 12, 2007, asserting thirteen counterclaims against six named defendants, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Ltd., MGA's Hong Kong subsidiary, MGAE de Mexico S.R.L. de C.V., MGA's Mexican subsidiary, Carlos Gustavo Machado Gomez, and Carter Bryant.  Mattel's counterclaims included claims for copyright infringement, misappropriation of trade secrets, violation of and conspiracy to violate the Racketeer Influenced and Corrupt Organizations ("RICO") Act, breach of contract, intentional interference with contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of duty of loyalty, aiding and abetting breach of duty of loyalty, conversion, unfair competition, and declaratory relief.

In its Second Amended Counterclaims, Mattel alleged that MGA and other defendants, including MGA's Mexican subsidiary, MGAE de Mexico, Isaac Larian, MGA Entertainment, Inc.'s CEO, and former CEO of MGAE de Mexico, and

1  Carlos Gustavo Machado Gomez (collectively the "MGA Defendants"), have

2  engaged in the systematic theft of Mattel's trade secrets, which the MGA

3  Defendants used to unfairly compete against Mattel.[1]  It is alleged that the MGA

4  Defendants hired directly from Mattel numerous employees, including at least three

5  in Mexico, and including the two that Mattel seeks to examine.[2]  Mattel further

6  alleged that the MGA Defendants specifically targeted and recruited many of these

7  employees based on the Mattel confidential and proprietary information the Mattel

8  employees could access and bring to MGA.[3] Mattel alleges that Mr. Vargas and Ms.

9  Trueba were two of these Mattel employees.

10      On February 21, 2007, this Court bifurcated these consolidated cases into two

11  phases.  Phase 1 focused on ownership of the works Carter Bryant created while he

12  was a Mattel employee, including Bratz, Mattel's claims of copyright infringement

13  stemming from that ownership and Bryant's work with MGA while he was a Mattel

14  employee, including the illegal payments MGA made or offered to him while he

15  was a Mattel employee.

16      During the summer of 2008, the parties tried the Phase 1 issues, resulting in

17  jury verdicts in Mattel's favor. The jury found that Bryant had created or conceived

18  of the Bratz characters, the Bratz name and virtually all of the Bratz drawings,

19  sculpts and prototypes at issue during the time he was a Mattel employee.  Such

20  Bratz-related inventions therefore were owned by Mattel, and not Bryant or MGA,

21  under Bryant's Inventions Agreement with Mattel.  The jury also found MGA, its

22  Hong Kong affiliate and its CEO, Isaac Larian, liable on Mattel's claims for

23  copyright infringement and for several intentional torts and awarded $100 million in

24  damages against these defendants.

25

26  _____

27  [1]  See Mattel's Second Amended Counterclaims dated July 12, 2007 at ¶ 37.
    [2]  Id. at ¶ 77.

28  [3]  Id.

Exhibit 1
Page 13

1   <u>Mattel's Third Amended Counterclaims</u>.  On May 22, 2009, Mattel, Inc. filed
2   its Third Amended Answer and Counterclaims.  These counterclaims included the
3   claims of the Second Amended Answer and Counterclaims identified above, and
4   added an additional claim for avoidance of intentional and constructive fraudulent
5   transfers under the Uniform Fraudulent Transfer Act.  Mattel alleges that, after
6   Phase 1 trial, MGA and Larian created several shell corporations and used them to
7   divert MGA profits to Isaac Larian and his friends and family, and did so to defraud
8   Mattel.  Mattel also alleged thefts of Mattel trade secrets by additional employees,
9   and additional predicate acts to its RICO claims, including the conduct noted above,
10  perjury and obstruction of justice by Isaac Larian, destruction of evidence, and
11  commercial bribery as a result of the hiring of three additional Mattel employees to
12  work for MGA while still employed by Mattel.

13  ### 3.    <u>Knowledge Of Persons To Be Examined</u>

14      Mattel has alleged that Mr. Vargas and Ms. Trueba are two principal actors in
15  the MGA Defendants' scheme to steal and profit from Mattel's trade secrets and
16  confidential and proprietary information.[4]  Ms. Trueba was the Senior Marketing
17  Manager, Girls Division, for Mattel Mexico.[5]  Mr. Vargas was a Senior Trade
18  Marketing Manager with Mattel Mexico.[6]  Mattel alleges that the MGA Defendants
19  recruited Mr. Vargas and Ms. Trueba, along with a third Mattel employee, Carlos
20  Gustavo Machado Gomez, beginning in late 2003 or early 2004.  Mattel alleges that
21  in connection with that plan to join MGA, and with the encouragement of MGA's
22  CEO, Isaac Larian, and other MGA officers operating in the United States, they
23  began accessing, copying and collecting Mattel trade secrets and confidential and

24

25

---

26  [4]   The allegations set forth in this section are from Mattel's Third Amended
    Counterclaims, dated May 22, 2009.
27  [5]   <u>Id.</u> at ¶ 46.
28  [6]   <u>Id.</u> at ¶ 47.

07975/2866400.2

Exhibit 1
Page 14

REQUEST FOR JUDICIAL ASSISTANCE

1  proprietary information.  On April 19, 2004, Mr. Machado, Ms. Trueba and Mr.

2  Vargas each resigned their positions with Mattel, effective immediately.[7]

3      Mattel alleges that, starting on April 12, 2004, Mr. Vargas copied a host of

4  trade secrets, confidential and proprietary materials to a portable USB storage

5  device, including sales plans, sales projections and customer profiles.[8]  On April 16,

6  2004, Ms. Trueba also copied Mattel trade secrets, confidential and proprietary

7  information to a portable USB storage device connected to her Mattel computer.[9]

8      In total, Mattel alleges the three employees stole virtually every type of

9  document a competitor would need to enter the Mexican market and to unlawfully

10  compete with Mattel in Mexico, in the United States, and elsewhere.  Mattel alleged

11  that they stole global internal future line lists that detailed anticipated future

12  products, production and shipping costs for Mattel products; daily sales data for

13  Mattel products; customer data; sales estimates and projections; marketing

14  projections; documents analyzing changes in sales performance from 2003 to 2004;

15  budgets for advertising and promotional expenses; strategic research reflecting

16  consumer responses to products in development; media plans; consumer comments

17  regarding existing Mattel products customer discounts and terms of sale; customer

18  inventory level data; assessments of promotional campaign success; market size

19  historical data and projections; marketing plans and strategies; merchandising plans;

20  retail pricing and marketing strategies; and other similar materials.[10]

21  Mattel notified Mexican authorities about the theft of its trade secret and

22  confidential information.  On October 27, 2005, the Mexican Attorney General

23  Office obtained a search warrant from the Mexican Federal Criminal Courts for the

24  offices and facilities of MGAE de Mexico in Mexico City.  In that search, the

25

26  [7]  Id. at ¶ 48.

    [8]  Id. at ¶ 52.

27  [9]  Id. at ¶ 53.

28  [10]  Id. at ¶ 55.

Exhibit 1
Page 15

1   ~~Mexican authorities found and seized from the offices of MGAE de Mexico both~~

2   ~~electronic and paper copies of hundreds of documents containing Mattel trade~~

3   ~~secrets, including those that Mattel alleges it discovered through its forensic~~

4   ~~investigations, plus many others that Mattel had not known had been stolen.[11]  On~~

5   ~~September 2006, Mr. Vargas and Ms. Trueba were prosecuted by the Federal~~

6   ~~Attorney General Office, and now they are subject to a criminal trial (cause~~

7   ~~130/2006) with the 10th District Court in Federal Criminal Process for the Federal~~

8   ~~District, for the crime of misappropriation of trade secrets.~~

9   ~~Mattel has previously sought to depose Mr. Vargas and Ms. Trueba.  Mattel~~

10  ~~noticed their deposition, but MGA refused to produce Mr. Vargas and Ms. Trueba~~

11  ~~for deposition in the United States or in Mexico.~~

12  MGA believes that Mr. Vargas and Ms. Trueba would also have knowledge

13  of MGA's claims against Mattel for, *inter alia*, unfair competiton and trade dress

14  infringement. Specifically, MGA believes that since these individuals were

15  previously employed by Mattel, they can and would testify to Mattel's efforts to

16  muscle MGA out of the business with intimidation and threats to retailers, licensees,

17  suppliers, employees and others in the industry. MGA believes these individuals

18  will be able to testify to Mattel's copy-catting of MGA's products, trade dress,

19  packaging and advertising.

20  **II.     EVIDENCE SOUGHT (ARTICLE 3(D))**

21  The evidence to be obtained consists of testimony for use in the Phase 2 trial

22  of the consolidated actions that have been captioned Bryant v. Mattel, Inc., Case No.

23  04-9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-

24  2727).  It is requested that a Mexican judicial authority compel Pablo Vargas San

25  Jose to appear and to be examined, under oath, as to his knowledge of the topics set

26  forth in Schedule B.  It is further requested that a Mexican judicial authority compel

27

28  ~~[11]  Id. at ¶ 60.~~

Exhibit 1
Page 16

1   Mariana Trueba Almada to appear and to be examined, under oath, as to his

2   knowledge of the topics set forth in Schedule C.

3        **A.    <u>Pablo Vargas San Jose</u>**

4        Mr. Vargas is a Mexican national and resides in your jurisdiction at 135 Loma

5   de Guadalupe, Alvaro Obregon, Mexico D.F. 1720.  As detailed above, it is alleged

6   by Mattel that Mr. Vargas was one of the principal actors engaged in the MGA

7   Defendants' scheme of wrongdoing underlying Mattel's Counterclaims in that he

8   stole and subsequently assisted the MGA Defendants in profiting from Mattel's

9   trade secrets, or otherwise confidential or proprietary information.

10       Mr. Vargas was also previously a Mattel employee so he can testify to

11  Mattel's acts of unfair competition through intimidation, coercion and other unfair

12  acts intended to prevent MGA from lawfully competing with Mattel.

13       **B.    <u>Mariana Trueba Almada</u>**

14       Ms. Trueba is a Mexican national and resides in your jurisdiction at Paseo del

15  Pedregal 1110 Casa 10, Jardines Del Pedregal, Alvaro Obregon, Mexico, D.F.

16  01900.  As detailed above, it is alleged by Mattel that Ms. Trueba was one of the

17  principal actors engaged in the MGA Defendants' scheme of wrongdoing

18  underlying Mattel's Counterclaims in that Mattel claims she stole and subsequently

19  assisted the MGA Defendants in profiting from Mattel's trade secrets, or otherwise

20  confidential or proprietary information. Ms. Trueba was also previously a Mattel

21  employee, so she can testify to Mattel's acts of unfair competition through

22  intimidation, coercion and other unfair acts intended to prevent MGA from lawfully

23  competing with Mattel.

24       These allegations, and others, underlie MGA's claims of unfair competition

25  and trade dress infringement and Mattel's claims for misappropriation of trade

26  secrets and RICO violations.[12][11]  These allegations are also relevant to Mattel's

27

28  _____
    [12][11]  <u>Id.</u> at ¶¶ 146-165.

Exhibit 1
Page 17

1   claims in that ~~they will bear on and~~ Mattel believes they will evidence these

2   individuals' and the MGA Defendants' theft and use of Mattel's trade secrets.

3   Moreover, they are relevant to Mattel's defense against MGA's unfair competition

4   claims because Mattel alleges such information will prove that it was MGA that had

5   prior access to Mattel's business plans and strategies and that MGA was the one

6   copying Mattel's intellectual property and ideas—not the other way around as MGA

7   alleges. MGA expects these individuals will also have first-hand knowledge of

8   Mattel's unfair practices intended to drive MGA out of business.

9        Because Mr. Vargas and Ms. Trueba have unique and personal knowledge of

10   the matters at issue in the consolidated litigation proceedings, it will further the

11   interests of justice if they are examined, under oath, as to their knowledge of the

12   facts which are relevant to the claims and defenses of these consolidated cases.

13       **C.**    **Subject Matter About Which The Deponents Are To Be Examined**

14             **(Article 3(f))**

15        The subject matter about which Mr. Vargas is to be examined is set forth in

16   Schedule B.  The subject matter about which Ms. Trueba is to be examined is set

17   forth in Schedule C.

18       **D.**    **Requirement That The Evidence Be Given on Oath or Affirmation**

19             **and Specific Form to Be Used (Article 3(h))**

20        The examinations of Mr. Vargas and Ms. Trueba shall be taken under oath

21   before the appropriate Mexican judicial authority and empowered to administer

22   oaths and take testimony.

23        This Court further requests that you require that the testimony given during

24   the examinations be given under the following oath: "I [name of deponent] swear

25   that the testimony that I am about to give is the truth, the whole truth and nothing

26   but the truth, so help me God."

27        In the event that the Law of the United Mexican States does not permit the

28   swearing of an oath by a particular witness, the duly appointed officer shall make

1  inquiry of such witness to ensure that he/she understands the gravity of the

2  procedure and affirms that his/her statement will be true and correct in all respects.

3      **E.**    **Special Methods or Procedures to be Followed (Article 3(i) and 9)**

4      The examinations shall be taken under the <u>Federal Rules of Civil Procedure</u>

5  of the United States of America, except to the extent such procedure is incompatible

6  with the internal laws of Mexico.

7      Considering that the parties' representatives are not fluent in Spanish, the

8  examination and cross-examination shall be taken in English, and therefore, a duly

9  authorized expert translator will be timely appointed by the requesting party

10  ("Mattel").

11      The examinations shall be taken before a commercial stenographer and a

12  verbatim transcript shall be produced.  The examinations shall also be videotaped.

13      The equipment needed to obtain the verbatim transcript and the videotape, as

14  well as the persons needed to operate such equipment, will be provided by the

15  requesting party ("Mattel").

16      **F.**    **Fees and Costs**

17      Any fees and costs incurred by Mr. Vargas and Ms. Trueba in conjunction

18  with their respective examinations will be paid by Defendant Mattel, Inc, through its

19  counsel of record:  Michael T. Zeller, Quinn Emanuel Urquhart Oliver & Hedges,

20  LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, CA  90017.  Mattel's

21  payment of any such fees and costs is without prejudice to its making a subsequent

22  request to be reimbursed for these costs by other parties in these consolidated

23  actions.

24      **G.**    **Notification of Court and Parties (Article 7)**

25      Pursuant to Article 7 of the Hague Convention on the Taking of Evidence

26  Abroad, the Court requests that counsel for the parties in this action, listed in

27  Schedule A, be informed of the time when, and the place where, the proceedings

28  will take place, in order that they may be present.

Exhibit 1
Page 19

**H.**   **Conclusion**

Based on the foregoing and the Court's review of the pleadings, this Court has concluded that Mr. Vargas and Ms. Trueba have information about the claims and defenses that are the subject of the civil action against the MGA Defendants and Carter Bryant ~~, including but not limited to their knowledge of the alleged theft of Mattel's trade secrets; the subsequent distribution and use of those trade secrets to harm Mattel, and their knowledge of communications with MGA, or anyone acting on MGA's behalf, on or before April 19, 2004, regarding their resignation from Mattel; compensation, money or anything of value paid by the MGA Defendants to Mr. Vargas and Ms. Trueba~~.

Accordingly, in the interests of justice and to assure a complete record, it is necessary for: (1) Mr. Vargas to be examined under oath on the topics set forth in Schedule B; and (2) Ms. Trueba to be examined under oath on the topics set forth in Schedule C.

**III.**   **REQUEST FOR JUDICIAL ASSISTANCE**

The evidence sought cannot be obtained other than from Mr. Vargas and Ms. Trueba through examination, and such evidence will be useful to this Court in determining the validity of the claims and defenses in this case.  The evidence sought is necessary for trial in this matter and will be adduced at trial, if admissible and appropriate.

Therefore, after having thoroughly reviewed the pleadings in this matter, this Court requests the following as to Mr. Vargas and Ms. Trueba:

(1)   You cause, by your proper and usual process, Mr. Vargas and Ms. Trueba to be summoned, at their addresses set forth herein, or at any other domiciles which are provided to you by the individuals authorized by the requesting party, to appear before you or some competent official authorized by you, on a date mutually agreed upon by the deponent and the parties or at a time and/or place to be determined by you, to give testimony under oath by questions and answers upon oral

1   examination, such examination to continue day to day until completion and

2   conducted in accordance with the Federal Rules of Civil Procedure or as permitted

3   by you.  Mr. Vargas and Ms. Trueba shall be summoned under official warning to

4   apply against them the most effective enforcement measures allowed by law, to

5   achieve their appearance at the hearing scheduled for them to give their testimony.

6   In the event that the Law of the United Mexican States does not permit the swearing

7   of an oath by a particular witness, the duly appointed officer shall make inquiry of

8   such witness to ensure that he/she understands the gravity of the procedure and

9   affirms that his/her statement will be true and correct in all respects.

10         (2)     You permit Mr. Vargas and Ms. Trueba to be examined under oath by

11   counsel for all parties in this matter, allowing full examination and cross-

12   examination on the subject matter of this case, including the topics delineated in

13   Schedules B and C to this Letter of Request.

14         (3)     You cause a verbatim transcript of the testimony of the witnesses to be

15   taken and reduced to writing.  The examinations shall also be videotaped.

16         (4)     You order that the oral evidence produced pursuant to your

17   enforcement of this Letter of Request shall not be used by anyone in any manner or

18   proceeding other than in this matter, Bryant v. Mattel, Inc., Case No. 04-9049 SGL

19   (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727), pending in

20   the United States District Court for the Central District of California.  A Protective

21   Order was entered in this action on January 4, 2005 (Attachment 1 hereto).

22         (5)     You notify counsel for the parties in this action, listed in Schedule A, of

23   the time when, and the place where, the proceedings will take place, in order that

24   they may be present.

25   **IV.     <u>RECIPROCITY</u>**

26         This Court expresses its sincere willingness to provide similar assistance to

27   the Central Authority of the United Mexican States if future circumstances should

28   require.

Exhibit 1
Page 21

1     #
2     #
3     #
4     #
5     #
6     #
7     #
8     #
9     #
10    #
11    #
12    #
13    #
14    **V.      CONCLUSION**

15          In the spirit of comity and reciprocity, this Court hereby requests international

16    judicial assistance in the form of this Letter of Request to compel:

17          (1)      Mr. Vargas to be examined under oath on the topics set forth in

18    Schedule B; and

19          (2)      Ms. Trueba to be examined under oath on the topics set forth in

20    Schedule C.

21

22

23    DATED: _____,

24    2009

                                      B
                                      y
25

26          By: _____          _____

27                                      THE HONORABLE STEPHEN G. LARSON
                                        United States District Judge

28    Authentication of Signature by Clerk of the Court:

Exhibit 1
Page 22

07975/2866400.2

1

2   TERRY NAFISI, Clerk of the Court

3

4   ~~By~~

5   By: _____

6   Deputy   ~~Deputy Clerk~~
    Clerk

7

8   Court's Authentication that the Clerk of Court is the Clerk of Court:

9

10  ~~By~~

11  By: _____

    THE HONORABLE STEPHEN G. LARSON

12  United States District Judge

13  Authentication of Signature by Clerk of the Court:

14

15  TERRY NAFISI, Clerk of the Court

16

17  ~~By~~

18  By: _____

19  Deputy   ~~Deputy Clerk~~
    Clerk

20

21

22

23

24

25

26

27

28

Exhibit 1
Page 23

-18-

REQUEST FOR JUDICIAL ASSISTANCE

07975/2866400.2



**SCHEDULE A**

<u>NAMES AND ADDRESSES OF THE PARTIES</u>

<u>AND THEIR REPRESENTATIVES</u>

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
**QUINN EMANUEL URQUHART**
**OLIVER & HEDGES, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

*Attorneys for Mattel, Inc.*

Melinda Haag, Esq.
Annette L. Hurst, Esq.
Warrington S. Parker III, Esq.
**ORRICK, HERRINGTON &**
**SUTCLIFFE LLP**
The Orrick Building,
405 Howard Street
San Francisco, CA 94104

~~William A. Molinski, Esq.~~
~~**ORRICK, HERRINGTON &**~~
~~**SUTCLIFFE LLP**~~
~~777 South Figueroa Street, Suite 3200~~
~~Los Angeles, CA 90017~~

~~Thomas J. Nolan, Esq.~~
~~Jason Russell, Esq.~~
~~**SKADDEN, ARPS, SLATE, MEAGHER**~~
~~**& FLOM LLP**~~
~~300 South Grand Ave., Suite 3400~~
~~Los Angeles, CA 90071~~

~~*Attorneys for MGA Entertainment, Inc.;*~~
~~*MGAE de Mexico, S.R.L. de C.V.; MGA*~~
~~*Entertainment (HK) Limited; and Isaac*~~
~~*Larian*~~

<u>William A. Molinski, Esq.</u>
**<u>ORRICK, HERRINGTON &</u>**
**<u>SUTCLIFFE LLP</u>**
<u>777 South Figueroa Street, Suite 3200</u>
<u>Los Angeles, CA 90017</u>

<u>Thomas J. Nolan, Esq.</u>
<u>Jason Russell, Esq.</u>
**<u>SKADDEN. ARPS. SLATE.</u>**
**<u>MEAGHER & FLOM LLP</u>**

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote, Esq.
**OVERLAND, BORENSTEIN,**
**SCHEPER & KIM, LLP**
300 S. Grand Avenue, Suite 2750
LosAngeles, CA 90071

*Attorneys for Carlos Gustavo*
*MachadoGomez*

Todd E. Gordinier, Esq.
Peter N. Villar, Esq.
Craig A. Taggart, Esq.
**BINGHAM MCCUTCHEN LLP**
600 Anton Blvd., 18th Floor
Costa Mesa, CA 92626

*Attorneys for Omni 808 Investors, LLC*

Exhibit 1
Page 24

REQUEST FOR JUDICIAL ASSISTANCE

07975/2866400.2

1   300 South Grand Ave.. Suite 3400 Los Angeles. CA 90071

2   ***Attorneys for MGA Entertainment,***
3   ***Inc.; MGAE de Mexico, S.R.L. de C.***
    ***V.; MGA Entertainment (HK) Limited;***
4   ***and Isaac Larian***

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1
Page 25

07975/2866400.2

REQUEST FOR JUDICIAL ASSISTANCE

# SCHEDULE B

**SUBJECT MATTER ABOUT WHICH MR. VARGAS IS TO BE EXAMINED**

1.  Theft of documents that contain proprietary and trade secret information, physical or electronic, from Mattel, Inc., Mattel de Mexico, S.A. de C.V. or Mattel Servicios, S.A. de C.V., by anyone, including Mr. Vargas.

2.  Mr. Vargas' communications with the MGA Defendants, or anyone acting on the MGA Defendants' behalf, on or before April 19, 2004, including but not limited to communications regarding Mr. Vargas' resignation from Mattel.

3.  Compensation, money or anything of value paid by the MGA Defendants to Mr. Vargas, including bonuses.

4.  Mr. Vargas' receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for Mattel and that the MGA Defendants received, directly or indirectly from Mr. Vargas.

5.  Mr. Vargas' access, use, dissemination or disclosure of Mattel's trade secrets, or otherwise confidential or proprietary information, while employed by the MGA Defendants.

6.  Mr. Vargas' communications with MGA, including but not limited to Isaac Larian, Thomas Park or Susanna Kuemmerle, relating to his decision to join MGAE de Mexico and other matters at issue in this Action.

7.  Mr. Vargas' role in establishing MGAE de Mexico, including communications related thereto.

8.  Mr. Vargas' title(s), role(s), and responsibilities at MGAE de Mexico.

Exhibit 1
Page 26

-21-

REQUEST FOR JUDICIAL ASSISTANCE

07975/2866400.2

**SCHEDULE C**

SUBJECT MATTER ABOUT WHICH MS. TRUEBA IS TO BE EXAMINED

1.     Theft of documents that contain proprietary and trade secret information, physical or electronic, from Mattel, Inc., Mattel de Mexico, S.A. de C.V. or Mattel Servicios, S.A. de C.V., by anyone, including Ms. Trueba.

2.     Ms. Trueba's communications with the MGA Defendants, or anyone acting on the MGA Defendants' behalf, on or before April 19, 2004, including but not limited to communications regarding Ms. Trueba's resignation from Mattel.

3.     Compensation, money or anything of value paid by the MGA Defendants to Ms. Trueba, including bonuses.

4.     Ms. Trueba's receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for Mattel and that the MGA Defendants received, directly or indirectly from Ms. Trueba.

5.     Ms. Trueba's access, use, dissemination or disclosure of Mattel's trade secrets, or otherwise confidential or proprietary information, while employed by the MGA Defendants.

6.     Ms. Trueba's communications with MGA, including but not limited to Isaac Larian, Thomas Park or Susanna Kuemmerle, relating to her decision to join MGAE de Mexico and other matters at issue in this Action.

7.     Ms. Trueba's role in establishing MGAE de Mexico, including communications related thereto.

8.     Ms. Trueba's title(s), role(s), and responsibilities at MGAE de Mexico.

9.     Mattel's intimidation, coercion and threats of retailers, licensees, suppliers and others in the toy industry.

07975/2866400.2

-22-

REQUEST FOR JUDICIAL ASSISTANCE

Exhibit 1
Page 27

10.    Mattel's efforts to inhibit and stifle MGA's ability to compete with Mattel and to prevent MGA from obtaining licensees, contracts and supplies for its production.

11.    Mattel's intimidation of the look of MGA products, trade dress, trademarks, themes, ideas, advertising and packaging, including for the "BRATZ" line dolls.

12.    Mattel's intimidation and threats made to employees intended to prevent MGA from hiring and/or retaining employees.

13.    Mattel's efforts to hinder or delay employees from seeking better employment through one-sided and oppressive agreements and other unfair practices.

Dated:                  , 2009

                        By:   /s/ William A. Molinski
                              William A. Molinski
                              Attorneys for MGA ENTERTAINMENT, INC.,
                              MGA ENTERTAINMENT HK, LTD., MGA de
                              MEXICO, S.R.L. de C.V., and ISAAC LARIAN

Exhibit 1
Page 28

Document comparison by Workshare Professional on Monday, August 17, 2009 11:42:39 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://QELA-DMS/QuinnEmanuel/2866400/2 |
| Description | #2866400v2<QuinnEmanuel> - Proposed Letter of Request for Vargas and Trueba |
| Document 2 ID | file://C:/Documents and Settings/sonyabryant/Desktop/[revised]6305-2 from pdf.doc |
| Description | [revised]6305-2 from pdf |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 77 |
| Deletions | 83 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 160 |

Exhibit 1
Page 29

1

## **PROOF OF SERVICE**

2       I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3   Street, 10th Floor, Los Angeles, California 90017-2543.

4   On August 18, 2009, I served true copies of the following document(s) described as **MATTEL, INC.'S OBJECTIONS TO THE SUPPLEMENTAL DECLARATION OF WILLIAM A.**

5   **MOLINSKI IN RESPONSE TO MOTION FOR ISSUANCE OF LETTERS OF REQUEST FOR VARGAS AND TRUEBA AND REQUEST FOR AMENDMENT OF LETTERS** on the

6   parties in this action as follows:

7       Thomas J. Nolan, Esq.                    Melinda Haag
         Jason D. Russell, Esq.                    Annette L. Hurst
8       Skadden Arps Slate Meagher & Flom          Warrington S. Parker III
         300 S. Grand Avenue, Suite 3400            Orrick, Herrington & Sutcliffe, LLP
9       Los Angeles, CA 90071                      The Orrick Building
         thomas.nolan@skadden.com                   405 Howard Street
10      jason.russell@skadden.com                  San Francisco, CA 94105
                                                     mhaag@orrick.com
11                                                   ahurst@orrick.com
                                                     wparker@orrick.com
12
         William A. Molinski                        Mark E. Overland, Esq.
13      Orrick, Herrington & Sutcliffe, LLP        Alexand H. Cote, Esq.
         777 South Figueroa Street                  Overland Borenstein Scheper & Kim
14      Suite 3200                                 LLP
         Los Angeles, CA 90017                      601 West Fifth Street, 125th Floor
15      wmolinski@orrick.com                       Los Angeles, CA 90071
                                                     moverland@scheperkim.com
16                                                   acote@scheperkim.com

17
         Todd E. Gordinier
18      Bingham McCutchen LLP
         600 Anton Boulevard, 18th Floor
19      Costa Mesa, CA 92626
         todd.gordinier@bingham.com
20
     **BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from
21   cyrusnaim@quinnemanuel.com on August 18, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es).  The
22   document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.
23
         I declare that I am employed in the office of a member of the bar of this Court at whose
24   direction the service was made.

25      Executed on August 18, 2009, at Los Angeles, California.

26

27        /s/ Cyrus Naim
         Cyrus Naim
28

07209/2996794.1