1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2 |   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3 |   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4 |   (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
|       Plaintiff, | |
|    vs. | DISCOVERY MATTER |
| MATTEL, INC., a Delaware corporation, | MATTEL INC.'S RESPONSE TO MGA ENTERTAINMENT, INC.'S SEPARATE STATEMENT RE MOTION TO COMPEL FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2 REQUESTS FOR PRODUCTION AND FOR PRODUCTION OF DOCUMENTS |
|       Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| | Discovery Cut-off: December 11, 2009 Pre-trial Conference: March 1, 2010 Trial Date: March 23, 2010 |

PROPOUNDING PARTY:    MGA ENTERTAINMENT, INC.

RESPONDING PARTY:     MATTEL, INC.

SET NO.:                ONE (PHASE 2)

NOS.:                  1-10, 12-30, 32-60, 64-68

VOL.:                  1 OF 2 (1-10, 12-30, 32-34)

Mattel, Inc. ("Mattel") submits this Response to MGA Entertainment, Inc.'s ("MGA's") Separate Statement of items in dispute regarding MGA's Motion to Compel Further Responses to MGA's First Set of Phase 2 Requests for Production ("Motion to Compel").

# I.   MGA'S FIRST SET OF PHASE 2 REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE AND RESPONSES

MGA moves to compel further responses to certain requests for production in MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68) and for the production of responsive documents. In particular, Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45,46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 64, 65, 66, 67 and 68 ("Requests").

## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS REFERRING OR RELATING TO any efforts by MACHADO to damage the hard drive of his MATTEL personal computer as described in lines 24-25 on page 28 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel

-1-

objects to the use of the terms "REFERRING OR RELATING TO" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, that show efforts by Defendant Machado to damage the electronic media or hard drive of the computer assigned to him.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 1 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

Mattel has agreed to produce responsive documents in its response and has confirmed its agreement to produce documents in various meet and confer discussions with MGA. See Declaration of Caroline H.  Mankey in Support of MGA's Motion to Compel Further Responses to MGA's First Set of Phase 2 Requests for Production and to Produce Responsive Documents ("Mankey Decl.") ¶ 4, 5.  To date, however, Mattel has not produced a single responsive document to this request. Id.; see also, Declaration of Christopher J. Chaudoir in Support of MGA's Motion to Compel Further Responses to MGA's First Set of Phase 2 Requests for Production and to Produce Responsive Documents ("Chaudoir Decl.") ¶ 9.  Moreover, Mattel has ceased communicating with MGA concerning these and all other disputes related to

1  MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos.

2  1-68).  Id.  Mattel must be compelled to produce responsive documents by a date

3  certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5  sustainable and do not justify Mattel's failure to produce documents.  As to

6  overbreadth, Mattel provides no explanation, let alone the required particularity, as to

7  *why* these requests are supposedly overly broad, nor can it do so.  This objection is

8  therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections

9  not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

10  narrowly tailored to seek documents concerning Mattel's claims of trade secret

11  misappropriation and evidence proving MGA's affirmative defenses to those claims.

12  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

13  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

14  MGA is entitled to seek that information in the form of this request.

15       As to burden, Mattel has not attempted to demonstrate why responding to these

16  requests and/or producing responsive documents presents any burden.  This objection

17  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

18  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

19  unduly burdensome must allege specific facts which indicate the nature and extent of

20  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

21  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

22  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

23  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

24  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

25  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

26  because value of information to plaintiff clearly outweighed any annoyance or

27  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

28  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

-3-

1   perform extensive research or to compile substantial amounts of data and information

2   does not automatically constitute an undue burden....  Imposing such a burden is

3   particularly proper where, as here, the information sought is crucial to the ultimate

4   determination of a crucial issue....").  To the extent that there is any burden at all, it is

5   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

6   in three countries.  The need for this information to defend against Mattel's claims

7   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

8   already ruled that a party cannot complain that requests are unduly burdensome when

9   the request "merely seeks information regarding the extent of" a party's claim.  Order

10  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

11  Mattel infringed numerous products, Mattel has the right to discover the scope of the

12  alleged claims.  Accordingly, the objections are overruled.").

13       Mattel also makes a number of other improper objections, none of which is

14  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

15  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

16  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

17  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

18  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

19  objections such as 'overly burdensome and harassing' are improper – especially when

20  a party fails to submit any evidentiary declarations supporting such objections");

21  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

22  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

23  making any objection at all").

24       For example, this request does not seek information protected by the attorney-

25  client privilege, the attorney work product doctrine, or any other applicable privilege.

26  Rather, it seeks documents related to Mattel's claim of trade secret theft by Machado.

27  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

28  any allegedly privileged documents.

-4-

1   Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at
2   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or
3   no requests for discovery are premature at this point...."  Judge Larson agreed,
4   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
5   case at all.").

6   Mattel's expert disclosure objection is also without support.  The fact that
7   expert testimony may ultimately bear on some of the subjects of the request does not
8   excuse Mattel from its obligation to provide full and complete responses based on the
9   information Mattel presently has and to produce those responsive documents.

10   In addition, Mattel's bare assertion that MGA has "failed to produce witnesses
11   for deposition and [is] withholding information and documents requested in violation
12   of orders of the Discovery Master and the Court" is not only unsupported and false,
13   but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to
14   the requests would be unaffected.

15   Also, this request does not seek information violative of any third-party's rights
16   of privacy.  The facts, persons, and documents responsive to this request are in the
17   possession, custody, control, or knowledge of Mattel itself, and as Mattel itself
18   previously has argued, any privacy issues are fully addressed by the Protective Order
19   in this case.

20   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of
21   information or documents that are in the possession, custody and control of
22   independent parties over whom Mattel has no control" is nonsensical – Mattel is
23   obligated to provide all information in its possession, custody, or control that is
24   responsive to the request.

25   In short, Mattel's objections are uniformly without merit and frivolous.  The
26   Discovery Master should order Mattel to provide a substantive response to Request
27   No. 1 without objection and order Mattel to produce all documents responsive to this
28   request.

**<u>FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 1 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>**

As a preliminary matter, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  <u>See</u> <u>Local Rule</u> 37-1 ("Prior to the filing of any motion relating to discovery pursuant to <u>Fed. R. Civ. P.</u> 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.").  MGA's original meet and confer letter did not identify which responses MGA contended were insufficient.[1]  When Mattel asked MGA to identify the requests at issue, as required by <u>Local Rule</u> 37-1, MGA did not identify this request.  Indeed, at no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[2]  Thus, MGA's claim that Mattel has "ceased communicating" about this Request is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Nor is there anything to compel in any event.  Mattel agreed in its original response to produce responsive, non-privileged documents located pursuant to diligent search and reasonable inquiry, to the extent not previously produced.  Had MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and, to the extent

---

[1]   <u>See</u> Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

[2]   <u>See</u> Opposition at 2:8-3:16.

1  any additional nonprivileged documents have been located, they will be produced before

2  this motion is heard.[3]  MGA's motion is totally unnecessary.

3       There is no basis for overruling Mattel's privilege objection.  Apart from the fact

4  that MGA never raised this objection in any meet and confer, MGA's assertion that this

5  Request does not seek information protected by the attorney-client privilege, the attorney

6  work product doctrine, or any other applicable privilege because "it seeks documents

7  related to Mattel's claim of trade secret theft by Machado" has no merit.  Documents

8  related to one of Mattel's *claims in this action* could very well be subject to a claim of

9  privilege or work product protection.  MGA's waiver argument is also without merit.

10  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[4]

11  Moreover, as MGA has itself argued, the parties have agreed that "all privileged

12  documents would be logged except for documents created after this action was filed on

13  April 27, 2004."[5]  Thus, to the extent privileged documents fall within the post lawsuit

14  time period, they need not be included on Mattel's log.

15       Mattel also properly reserved its right to supplement its production subject to

16  expert discovery.  See <u>New Haven Temple SDA Church v. Consolidated Edison Corp.</u>,

17  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

18  because "[t]o the extent that the theories of damages applicable to these claims may be

19  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

20  <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

21  motion to compel interrogatory responses but noting that "this Court does not expect

22  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

23  later date" and "since experts have not been either retained or deposed, much of the

24  remaining discovery is also premature.").

25

26

27    [3] <u>See</u> Searcy Dec., ¶ 2.

  [4] <u>See</u> Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

28

FURTHER RESPONSES AND OBJECTIONS

1  **REQUEST FOR PRODUCTION NO. 2:**

2    All DOCUMENTS REFERRING OR RELATING TO any directions allegedly

3  given by LARIAN or MGA to MACHADO, TRUEBA or VARGAS to steal

4  confidential and proprietary information from MATTEL and bring it with them to

5  MGA, as described in lines 20-23 on page 29 of MATTEL's Supplemental Responses

6  and Objections to MGA's First Set of Interrogatories.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

8    Mattel incorporates by reference the above-stated general objections as if fully

9  set forth herein.  Mattel also specifically objects that this Request is premature

10  because Defendants have not complied with their discovery obligations.  Defendants

11  have failed to produce witnesses for deposition and are withholding information and

12  documents requested in violation of orders of the Discovery Master and the Court.

13  Mattel objects to the use of the terms "REFERRING OR RELATING TO" as vague,

14  ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it

15  calls for the disclosure of information subject to the attorney-client privilege, the

16  attorney work-product doctrine and other applicable privileges.  Mattel also objects to

17  this Request to the extent it seeks documents that are in the possession, custody and

18  control of a foreign subsidiary of a party.  MGA has objected that such documents are

19  not within the scope of requests to a domestic party.  Mattel further objects to this

20  Request to the extent that it may seek documents already produced by Mattel,

21  including documents stolen by MGA and other defendants.  Such documents will not

22  be produced again.

23    Subject to the foregoing objections, Mattel responds as follows:  At a mutually

24  agreeable time and place, Mattel will produce non-privileged documents responsive

25

26  _____

27   [5]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal
Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

1 | to this Request, if any, that Mattel has been able to locate after a diligent search and

2 | reasonable inquiry, to the extent not previously produced.

3 | **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

4 | **REQUEST FOR PRODUCTION NO. 2 SHOULD BE COMPELLED AND**

5 | **DOCUMENTS SHOULD BE PRODUCED**

6 |      Mattel has agreed to produce responsive documents in its response and has

7 | confirmed its agreement to produce documents in various meet and confer

8 | discussions with MGA. <u>See</u> Mankey Decl. ¶ 4, 5. To date, however, Mattel has not

9 | produced a single responsive document to this request. <u>Id.</u>; <u>see</u> <u>also</u>, Chaudoir Decl. ¶

10 | 9. Moreover, Mattel has ceased communicating with MGA concerning these and all

11 | other disputes related to MGA's First Set of Phase 2 Requests for Production of

12 | Documents and Things (Nos. 1-68). <u>Id.</u> Mattel must be compelled to produce

13 | responsive documents by a date certain.

14 |      To the extent that Mattel is relying on its blanket objections, they are not

15 | sustainable and do not justify Mattel's failure to produce documents. As to

16 | overbreadth, Mattel provides no explanation, let alone the required particularity, as to

17 | *why* these requests are supposedly overly broad, nor can it do so. This objection is

18 | therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections

19 | not stated with specificity), Chaudoir Decl., Ex. 10. To the contrary, the request is

20 | narrowly tailored to seek documents concerning Mattel's claims of trade secret

21 | misappropriation and evidence proving MGA's affirmative defenses to those claims.

22 | Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

23 | Since Mattel has yet to identify the trade secrets it claims were misappropriated,

24 | MGA is entitled to seek that information in the form of this request.

25 |      As to burden, Mattel has not attempted to demonstrate why responding to these

26 | requests and/or producing responsive documents presents any burden. This objection

27 | must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173

28 | F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

1  unduly burdensome must allege specific facts which indicate the nature and extent of

2  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

3  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

4  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

5  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

6  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

7  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

8  because value of information to plaintiff clearly outweighed any annoyance or

9  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

10 Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

11 perform extensive research or to compile substantial amounts of data and information

12 does not automatically constitute an undue burden....  Imposing such a burden is

13 particularly proper where, as here, the information sought is crucial to the ultimate

14 determination of a crucial issue...."). To the extent that there is any burden at all, it is

15 from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

16 in three countries.  The need for this information to defend against Mattel's claims

17 clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

18 already ruled that a party cannot complain that requests are unduly burdensome when

19 the request "merely seeks information regarding the extent of" a party's claim.  Order

20 No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

21 Mattel infringed numerous products, Mattel has the right to discover the scope of the

22 alleged claims.  Accordingly, the objections are overruled.").

23      Mattel also makes a number of other improper objections, none of which is

24 substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

25 part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

26 P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

27 specificity are routinely rejected in the Central District.  See A. Farber and Partners,

28 Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

1  previously has argued, any privacy issues are fully addressed by the Protective Order

2  in this case.

3        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

4  information or documents that are in the possession, custody and control of

5  independent parties over whom Mattel has no control" is nonsensical – Mattel is

6  obligated to provide all information in its possession, custody, or control that is

7  responsive to the request.

8        In short, Mattel's objections are uniformly without merit and frivolous.  The

9  Discovery Master should order Mattel to provide a substantive response to Request

10  No. 2 without objection and order Mattel to produce all documents responsive to this

11  request.

12  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

13  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 2 SHOULD**

14  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

15        As a preliminary matter, MGA failed to meet and confer at all, much less in good

16  faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to

17  the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel

18  for the parties shall confer in a good faith effort to eliminate the necessity for hearing the

19  motion or to eliminate as many of the disputes as possible.").  MGA's original meet and

20  confer letter did not identify which responses MGA contended were insufficient.[6] When

21  Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-1,

22  MGA did not identify this request.  Indeed, at no point during the meet and confer

23

24  _____

25    [6]  See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer]
     shall identify each issue and/or discovery request in dispute, shall state briefly with
26   respect to each such issue/request that moving party's position (and provide any legal
     authority which the moving party believes is dispositive of the dispute as to that
27   issue/request), and specify the terms of the discovery order to be sought.").

28

1   process did the parties discuss this Request or Mattel's response to it.[7]   Thus, MGA's

2   claim that Mattel has "ceased communicating" about this Request is simply not true;

3   MGA never initiated any dialogue about this Request or Mattel's response in the first

4   place.  The Discovery Master should deny MGA's motion with respect to this Request

5   on that grounds alone.

6          Nor is there anything to compel in any event.  Mattel agreed in its original

7   response to produce responsive, non-privileged documents located pursuant to diligent

8   search and reasonable inquiry, to the extent not previously produced.  Had MGA

9   complied with its meet and confer obligations, Mattel would have informed MGA that

10  Mattel has conducted a good faith search for responsive documents and has found no

11  documents responsive to this request that have not either been produced already or noted

12  on a privilege log.[8]  MGA's motion is totally unnecessary.

13         There is no basis for overruling Mattel's privilege objection.  Apart from the fact

14  that MGA never raised this objection in any meet and confer, MGA's assertion that this

15  Request does not seek information protected by the attorney-client privilege, the attorney

16  work product doctrine, or any other applicable privilege because "it seeks documents

17  related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.

18  Documents related to one of Mattel's *claims in this action* could very well be subject to a

19  claim of privilege or work product protection.  MGA's waiver argument is also without

20  merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

21  action.[9]  Moreover, as MGA has itself argued, the parties have agreed that "all privileged

22  documents would be logged except for documents created after this action was filed on

23

24

25

26   [7]  See Opposition at 2:8-3:16.

27   [8]  See Searcy Dec., ¶ 2.
     [9]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

28

April 27, 2004."[10]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to identify any computers assigned by MATTEL to TRUEBA for use during her employment with MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to

---

[10]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1   produce witnesses for deposition and are withholding information and documents

2   requested in violation of orders of the Discovery Master and the Court.  Mattel also

3   objects to this Request to the extent that it seeks information not relevant to the

4   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

5   admissible evidence.  Mattel further objects to this Request to the extent that it calls

6   for the disclosure of information subject to the attorney-client privilege, the attorney

7   work-product doctrine and other applicable privileges.  Mattel also objects to this

8   Request to the extent it seeks documents that are in the possession, custody and

9   control of a foreign subsidiary of a party.  MGA has objected that such documents are

10  not within the scope of requests to a domestic party.  Mattel further objects to this

11  Request to the extent that it may seek documents already produced by Mattel,

12  including documents stolen by MGA and other defendants.  Such documents will not

13  be produced again.

14        Subject to the foregoing objections, Mattel responds as follows:  At a mutually

15  agreeable time and place, Mattel will produce non-privileged documents, if any, that

16  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

17  extent not previously produced, that may be sufficient to identify the personal

18  computer assigned to Trueba at the time that she resigned.

19  **<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>**

20  **<u>REQUEST FOR PRODUCTION NO. 3 SHOULD BE COMPELLED AND</u>**

21  **<u>DOCUMENTS SHOULD BE PRODUCED</u>**

22        Mattel had agreed to produce documents sufficient to identify the personal

23  computer assigned to Trueba at the time she resigned from Mattel, but has failed to

24  do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Mattel also took the unreasonable

25  position that any other computers assigned to Trueba while she was employed at

26  Mattel are not relevant to the pending litigation because Mattel is not claiming

27  Trueba took and gave to MGA any Mattel trade secrets from any other computer.

28  Mankey Decl., Ex. D.

-15-

First, Mattel has failed to produce the documents that it has agreed to produce that are responsive to this request. Chaudoir Decl., ¶ 9. Instead, Mattel has ceased communicating with MGA concerning these and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68). Id. Despite a request that Mattel provide a written response concerning the outstanding issues related to the Requests, Mattel did not do so. Chaudoir Decl., Ex. 3. Likewise, while MGA provided Mattel with a proposed protocol for the imaging and production of documents from hard drives of these individual former employees, Mattel has ignored the proposal and has not made the hard drives available for imaging. Chaudoir Decl., Ex. 4.

Second, Mattel's assertion that other Trueba computers are not relevant is without merit. MGA is entitled to any information in Mattel's custody or control that may lead to the discovery of admissible evidence. Information on other computers assigned to Trueba by Mattel falls squarely within this standard. Among other reasons, computers that Mattel assigned to Trueba other than the single computer it is willing to produce will lead to admissible evidence concerning Mattel's own use of purported trade secrets, Mattel's own theft of trade secret information from other companies, and information on whether Trueba and/or others may have lawfully taken information from their employers prior to Mattel, including forms, contact lists, price points, etc. Likewise, the other computers may reveal that Mattel fails to make any effort to protect the information it claims are trade secrets. Thus, the other computers contain information likely to lead to admissible evidence and must be produced.

Finally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents. As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486,491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when

the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by Trueba. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not

-18-

excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 3 without objection and order Mattel to produce all documents responsive to this request.

## FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 3 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

In its original response, Mattel stated that it would produce non-privileged documents,  located after a diligent search and reasonable inquiry and to the extent not already produced, sufficient to identify the computer "assigned to Trueba at the time she resigned" from Mattel.  The parties agreed to the same during the meet and confer.  As

confirmed in MGA's own letter, "Mattel has agreed to produce documents sufficient to identify the personal computers assigned to Trueba, Vargas, Machado, Brisbois and Castilla at the time they resigned from Mattel."[11]  Mattel is prepared to produce such documents, to the extent they have not already been produced.

However, MGA now asserts that Mattel should be required to produce documents regarding any computer assigned to Trueba at any time during her employment at Mattel. MGA did not indicate during the parties' conferences that it intended to move for such broad discovery.  Under the <u>Federal Rules,</u> MGA has a duty to meet and confer in "good faith", and under the Discovery Master Order, MGA is required to identify for Mattel "each dispute" prior to moving to compel discovery.  <u>Fed. R. Civ. P.</u> 37(a); December 6, 2006 Discovery Master Order, Searcy Dec., Exh. 4 at 4.

Apparently, MGA's new counsel was dissatisfied with the agreement reached by prior counsel.  Such undisclosed dissatisfaction with a compromise does not excuse MGA's meet and confer obligations under the either <u>Federal Rules</u> or the Discovery Master Order.   A motion that not only was never the subject of a meet and confer, but stands in direct contravention of the agreement reached by the parties during their conference, violates both the letter and the spirit of these requirements.   <u>See, e.g.,</u> <u>Robinson v. Potter</u>, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of motion to compel where movant failed to show the parties met and conferred in good faith); <u>Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.</u>, 339 F.3d 180, 186-87 (3d Cir. 2003) (motion to compel was properly denied where movant's counsel "failed to make a good faith effort to resolve discovery disputes prior to invoking court intervention."). MGA's motion should be denied.

MGA's argument that it is entitled to documents sufficient to identify every computer assigned to Trueba fails on the merits in any event.  MGA must establish that

---

[11]   <u>See</u> Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

FURTHER RESPONSES AND OBJECTIONS

1  its discovery meets the relevance requirements of <u>Rule</u> 26(b)(1).[12]  In seeking production

2  of <u>all</u> computers assigned to Trueba by Mattel, MGA argues that it "is entitled to any

3  information in Mattel's custody or control that may lead to the discovery of admissible

4  evidence."  This is not the standard for relevance.  <u>Rule</u> 26(b)(1) clearly states that

5  discovery must be "reasonably calculated to lead to the discovery of admissible

6  evidence."  Moreover, MGA's statement that all computers assigned to Trueba "may"

7  lead to admissible evidence is bald speculation.  MGA has not attempted to explain how

8  all of Trueba's computers are related to the claims and defenses in the case, and has not

9  even cited particular allegations to which all of Trueba's computers purportedly relate.

10  "A trial court has a duty, of special significance in lengthy and complex cases where the

11  possibility of abuse is always present, to supervise and limit discovery to protect parties

12  and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D.

13  661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World</u>

14  <u>Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v.</u>

15  <u>Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

16  Discovery Master has held, a party may not propound document requests as part of a

17  fishing expedition or to discover new claims.[13]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057,

18  1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in

19  'fishing expeditions.'").  Indeed, Rule 26(b)(1) was amended in 2000 to state that

20  discovery was only available as to matters "relevant to the claim or defense of any

21  party."  This amendment was designed to restrict overreaching discovery that goes

22  outside the claims and defenses asserted in the pleadings.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(1),

23

24  [12]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

25  Order No. 27, Searcy Dec., Exh. 5 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1

26  (S.D. Cal. 2009).

27  [13]  <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Proctor Dec., Exh. 18.

28

Advisory Committee Notes to 2000 Amendments ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings."). See also Bernstein v. Travelers Ins. Co., 447 F. Supp. 1100, 1102 (N.D. Cal. 2006) (citing Committee Notes to Rule); In re Ashworth, Inc. Securities Litigation, 2002 WL 33009225, *2 (S.D. Cal. 2002) (same).

There is no basis for overruling Mattel's privilege objection.  MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Trueba" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[14]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[15]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

## REQUEST FOR PRODUCTION NO. 4:

The hard drive(s) or any mirror image thereof (including but not limited to any mirror image on any server or storage device) from any and all computers assigned by MATTEL to TRUEBA for use during the last year of her employment with MATTEL.

---

[14]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.
[15]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendants also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel also objects to this Request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects that this Request is vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendants also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel also objects to this Request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of

admissible evidence.  Mattel further objects that this Request is vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place and in a manner that will protect Mattel's privileged information, Mattel will produce forensic images of any electronic storage media assigned to Trueba at the time of her resignation from Mattel that are in Mattel's possession, custody or control, excluding any privileged information contained therein.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 4 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As with the above, Mattel had agreed to produce the hard drive of the personal computer assigned to Trueba at the time she resigned from Mattel but has failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Chaudoir Decl., ¶ 9.  To foster the production of the hard drive, MGA provided Mattel with a proposed protocol for the imaging and production of documents from the hard drive contained in the computer that Mattel agreed to produce on July 16, 2009.  Id., Ex. 4.  As with MGA's efforts to meet and confer on the response themselves, Mattel has ignored that proposal.

Second, Mattel's assertion that other Trueba computers are not relevant is without merit.  MGA is entitled to any information in Mattel's custody or control that may lead to the discovery of admissible evidence.  Information on Trueba's other Mattel computers that may have been assigned to her within the last year of her employment falls squarely within this standard.  Among other reasons, computers that Mattel assigned to Trueba other than the single computer it is willing to produce will lead to admissible evidence concerning Mattel's own use of purported trade secrets and forms created by other companies, which Trueba and/or others could have lawfully taken from their prior employment, including forms, contact lists, price points, etc.  Likewise, the other computers may reveal that Mattel fails to make any effort to protect the information it is claiming are trade secrets.  Thus, the other computers contain information likely to lead to admissible evidence and must be produced.

Finally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims.  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486,491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by Trueba. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11.  (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

1  previously has argued, any privacy issues are fully addressed by the Protective Order

2  in this case.

3      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

4  information or documents that are in the possession, custody and control of

5  independent parties over whom Mattel has no control" is nonsensical – Mattel is

6  obligated to provide all information in its possession, custody, or control that is

7  responsive to the request.

8      In short, Mattel's objections are uniformly without merit and frivolous.  The

9  Discovery Master should order Mattel to provide a substantive response to Request

10  No. 4 without objection and order Mattel to produce the computers.

11  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

12  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 4 SHOULD**

13  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

14      During the meet and confer, the parties agreed that Mattel would produce a

15  forensic image of the hard drive of the computer assigned to Trueba at the time of her

16  resignation from Mattel, subject to an appropriate protocol to protect Mattel's privileged

17  information.[16]  As MGA confirmed in its own letter, "Mattel agrees to produce mirror

18  images of the hard drives contained in the computers assigned to Trueba, Vargas,

19  Machado, Brisbois and Castilla at the time of their resignation from Mattel."[17]  The only

20  reason that has not yet happened is that MGA filed the instant motion.[18]

21

22  [16]  See Mattel's Supplemental Responses to MGA's 1st Set of Phase 2 RFPs, Searcy

23  Dec., Exh. 14.

    [17]  Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey

24  Dec., Exh. D.

25  [18]  In an effort to justify its motion, MGA claims that Mattel then "ceased

26  communicating."  In fact, Mattel did not receive any proposed protocol from MGA until

it filed its motion.  See Searcy Dec. ¶ 3.  When Mattel attempted to engage MGA in a

27  dialogue about its proposed protocol, it is MGA who refused to communicate.  See

Opposition at 4.

28

MGA now asserts that Mattel should be required to produce every computer assigned to Trueba at any time during her employment at Mattel.  <u>See</u> Motion at 4:16-17.[19]  MGA did not indicate during the parties' conferences that it intended to move for such broad discovery.  Under the <u>Federal Rules,</u> MGA has a duty to meet and confer in "good faith", and under the Discovery Master Order, MGA is required to identify for Mattel "each dispute" prior to moving to compel discovery.  <u>Fed. R. Civ. P.</u> 37(a); December 6, 2006 Discovery Master Order, Searcy Dec., Exh. 4 at 4.

Apparently, MGA's new counsel was dissatisfied with the agreement reached by prior counsel with Mattel.  Such undisclosed dissatisfaction with a compromise does not excuse MGA's meet and confer obligations under the either <u>Federal Rules</u> or the Discovery Master Order.   A motion that not only was never the subject of a meet and confer, but stands in direct contravention of the agreement reached by the parties during their conference, violates both the letter and the spirit of these requirements. <u>See, e.g.,</u> <u>Robinson v. Potter</u>, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of motion to compel where movant failed to show the parties met and conferred in good faith); <u>Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.</u>, 339 F.3d 180, 186-87 (3d Cir. 2003) (motion to compel was properly denied where movant's counsel "failed to make a good faith effort to resolve discovery disputes prior to invoking court intervention.").  MGA's motion should be denied.

In any event, MGA's argument that it is entitled to every computer assigned to Trueba fails on the merits.  MGA must establish that its discovery meets the relevance requirements of <u>Rule</u> 26(b)(1).[20]  In seeking production of <u>all</u> computers assigned to

---

[19]   MGA's Motion and Separate Statement are inconsistent in that in the Separate Statement MGA purports to seek computers assigned during the last year of employment.  Even this Request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

[20]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Searcy Dec., Exh. 5 at 4 (as the moving party, "Mattel bears an initial (footnote continued)

FURTHER RESPONSES AND OBJECTIONS

Trueba by Mattel, MGA argues that it "is entitled to any information in Mattel's custody or control that may lead to the discovery of admissible evidence." This is not the standard for relevance. <u>Rule</u> 26(b)(1) clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence." Moreover, MGA's statement that all computers assigned to Trueba "may" lead to admissible evidence is bald speculation. MGA has not attempted to explain how all of Trueba's computers are related to the claims and defenses in the case, and has not even cited particular allegations to which all of Trueba's computers purportedly relate. "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same). As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[21] <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). Indeed, Rule 26(b)(1) was amended in 2000 to state that discovery was only available as to matters "relevant to the claim or defense of any party." This amendment was designed to restrict overreaching discovery that goes outside the claims and defenses asserted in the pleadings. <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(1), Advisory Committee Notes to 2000 Amendments ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not

_____

burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

1   identified in the pleadings."). <u>See also</u> <u>Bernstein v. Travelers Ins. Co.</u>, 447 F. Supp.

2   1100, 1102 (N.D. Cal. 2006) (citing Committee Notes to Rule); <u>In re Ashworth, Inc.</u>

3   <u>Securities Litigation</u>, 2002 WL 33009225, *2 (S.D. Cal. 2002) (same).

4          Nor is there any basis for overruling Mattel's privilege objection.  Certainly, to the

5   extent the hard drive includes any of Mattel's privileged information, there is no reason

6   why Mattel should be required to disclose it.  Indeed, protecting such information is one

7   of the  purpose of the protocol the parties have employed with respect to other computer

8   hard drives produced in this lawsuit.  Nor is there any basis for claiming that Mattel has

9   waived it right to protect any such privileged information.

10

11  **REQUEST FOR PRODUCTION NO. 5:**

12         All DOCUMENTS REFLECTING that TRUEBA took from MATTEL any of

13  the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's

14  Supplemental Responses and Objections to MGA's First Set of Interrogatories.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16         Mattel incorporates by reference the above-stated general objections as if fully

17  set forth herein.  Mattel also specifically objects to this Request on the ground that it

18  is premature because the subject matter of this Request will be the subject of expert

19  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

20  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

21  experts and make related disclosures in accordance with the Court's orders and

22  applicable rules.  Mattel further objects that this Request is premature because

23  Defendants have not complied with their discovery obligations.  They have failed to

24  produce witnesses for deposition and are withholding information and documents

25  requested in violation of orders of the Discovery Master and the Court.  Mattel

26  _____

27  [21]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for Protective
     Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Proctor Dec., Exh. 18.

28

objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, that (a) Trueba took from Mattel and (b) that show the theft of those documents.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 5 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As set forth in MGA's Memorandum of Points and Authorities in Support of its motion to Compel, Mattel had agreed to produce documents responsive to this request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite that agreement, however, Mattel has neither produced documents nor informed MGA that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9. Instead, Mattel has ceased communicating with MGA concerning this and all other

1   disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

2   and Things (Nos. 1-68).  Id.

3        The documents responsive to this request are clearly relevant and discoverable.

4   Additionally, Mattel's remaining objections are generic, inapplicable and fail to

5   justify Mattel's failure to produce all responsive documents.  As to overbreadth,

6   Mattel provides no explanation, let alone the required particularity, as to *why* these

7   requests are supposedly overly broad, nor can it do so.  This objection is therefore

8   improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

9   with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

10  tailored to seek documents concerning Mattel's claims of trade secret

11  misappropriation and evidence proving MGA's affirmative defenses to those claims.

12  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

13  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

14  MGA is entitled to seek that information in the form of this request.

15       As to burden, Mattel has not attempted to demonstrate why responding to these

16  requests and/or producing responsive documents presents any burden.  This objection

17  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

18  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

19  unduly burdensome must allege specific facts which indicate the nature and extent of

20  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

21  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

22  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

23  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

24  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

25  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

26  because value of information to plaintiff clearly outweighed any annoyance or

27  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

28  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

-33-

1    perform extensive research or to compile substantial amounts of data and information

2    does not automatically constitute an undue burden....  Imposing such a burden is

3    particularly proper where, as here, the information sought is crucial to the ultimate

4    determination of a crucial issue....").  To the extent that there is any burden at all, it is

5    from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

6    in three countries.  The need for this information to defend against Mattel's claims

7    clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

8    already ruled that a party cannot complain that requests are unduly burdensome when

9    the request "merely seeks information regarding the extent of" a party's claim.  Order

10   No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

11   Mattel infringed numerous products, Mattel has the right to discover the scope of the

12   alleged claims.  Accordingly, the objections are overruled.").

13        Mattel also makes a number of other improper objections, none of which is

14   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

15   part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

16   P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

17   specificity are routinely rejected in the Central District.  See A. Farber and Partners,

18   Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

19   objections such as 'overly burdensome and harassing' are improper – especially when

20   a party fails to submit any evidentiary declarations supporting such objections");

21   Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

22   1999) ("boilerplate, generalized objections are inadequate and tantamount to not

23   making any objection at all").

24        For example, this request does not seek information protected by the attorney-

25   client privilege, the attorney work product doctrine, or any other applicable privilege.

26   Rather, it seeks documents related to Mattel's claim of trade secret theft by Trueba.

27   Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

28   any allegedly privileged documents.

1    Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at
2    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or
3    no requests for discovery are premature at this point...."  Judge Larson agreed,
4    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
5    case at all.").

6    Mattel's expert disclosure objection is also without support.  The fact that
7    expert testimony may ultimately bear on some of the subjects of the request does not
8    excuse Mattel from its obligation to provide full and complete responses based on the
9    information Mattel presently has and to produce those responsive documents.

10    In addition, Mattel's bare assertion that MGA has "failed to produce witnesses
11    for deposition and [is] withholding information and documents requested in violation
12    of orders of the Discovery Master and the Court" is not only unsupported and false,
13    but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to
14    the requests would be unaffected.

15    Also, this request does not seek information violative of any third-party's rights
16    of privacy.  The facts, persons, and documents responsive to this request are in the
17    possession, custody, control, or knowledge of Mattel itself, and as Mattel itself
18    previously has argued, any privacy issues are fully addressed by the Protective Order
19    in this case.

20    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of
21    information or documents that are in the possession, custody and control of
22    independent parties over whom Mattel has no control" is nonsensical – Mattel is
23    obligated to provide all information in its possession, custody, or control that is
24    responsive to the request.

25    In short, Mattel's objections are uniformly without merit and frivolous.  The
26    Discovery Master should order Mattel to provide a substantive response to Request
27    No. 5 without objection and order Mattel to produce the computers.

28

## **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 5 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

There is nothing to compel.  As Mattel informed MGA during the meet and confer process, Mattel has received nearly identical requests in the past, has searched repeatedly in good faith and produced non-privileged, responsive documents in its possession, custody or control.  Nonetheless, Mattel agreed to search yet again to determine whether it had any responsive documents that had not already been produced or listed on a privilege log.[22]  Any additional non-privileged, responsive documents located pursuant to that search will be produced before this motion is even heard.[23]  MGA's motion is totally unnecessary and could have been avoided altogether had MGA met and conferred in good faith.

There is no basis for overruling Mattel's privilege objection.  MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Trueba" has no merit.  Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[24]  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action

---

[22]  <u>See</u> Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

[23]  <u>See</u> Searcy Dec., ¶ 3.

[24]  <u>See</u> Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

1   was filed on April 27, 2004."[25]  Thus, to the extent  privileged documents fall within the

2   post lawsuit time period, they need not be included on Mattel's log.

3          Mattel also properly reserved its right to supplement its production subject to

4   expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

5   1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

6   because "[t]o the extent that the theories of damages applicable to these claims may be

7   related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

8   Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

9   motion to compel interrogatory responses but noting that "this Court does not expect

10  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

11  later date" and "since experts have not been either retained or deposed, much of the

12  remaining discovery is also premature.").

13

14  **REQUEST FOR PRODUCTION NO. 6:**

15         All DOCUMENTS REFLECTING that any documents allegedly taken by

16  TRUEBA from MATTEL, including, without limitation, any of the documents

17  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

18  Responses and Objections to MGA's First Set of Interrogatories, were given to MGA

19  by TRUEBA.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

21         Mattel incorporates by reference the above-stated general objections as if fully

22  set forth herein.  Mattel also specifically objects to this Request on the ground that it

23  is premature because the subject matter of this Request will be the subject of expert

24  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

25  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

26  _____

27  [25]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal
    Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

1   experts and make related disclosures in accordance with the Court's orders and

2   applicable rules.  Mattel further objects that this Request is premature because

3   Defendants have not complied with their discovery obligations.  They have failed to

4   produce witnesses for deposition and are withholding information and documents

5   requested in violation of orders of the Discovery Master and the Court.  Mattel

6   objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.

7   Mattel further objects to this Request to the extent that it calls for the disclosure of

8   information subject to the attorney-client privilege, the attorney work- product

9   doctrine and other applicable privileges.  Mattel further objects to this Request on the

10  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

11  information of Mattel or third parties.  Any such documents that are produced, if any,

12  will be produced only pursuant to and in reliance upon the Protective Order entered in

13  this case.  Mattel also objects to this Request to the extent it seeks documents that are

14  in the possession, custody and control of a foreign subsidiary of a party.  MGA has

15  objected that such documents are not within the scope of requests to a domestic party.

16  Mattel further objects to this Request to the extent that it may seek documents already

17  produced by Mattel, including documents stolen by MGA and other defendants.

18  Such documents will not be produced again.

19        Subject to the foregoing objections, Mattel responds as follows:  At a mutually

20  agreeable time and place, Mattel will produce the non-privileged documents, if any,

21  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

22  the extent not previously produced that show that Trueba gave to MGA and its

23  subsidiaries and agents documents stolen from Mattel.

24  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

25  **REQUEST FOR PRODUCTION NO. 6 SHOULD BE COMPELLED AND**

26  **DOCUMENTS SHOULD BE PRODUCED**

27        As set forth in MGA's Memorandum of Points and Authorities in Support of its

28  motion to Compel, Mattel had agreed to produce documents responsive to this

1    request.  <u>See,</u> Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

2    that agreement, however, Mattel has neither produced documents nor informed MGA

3    that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

4    Instead, Mattel has ceased communicating with MGA concerning this and all other

5    disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

6    and Things (Nos. 1-68).  <u>Id.</u>

7         The documents responsive to this request are clearly relevant and discoverable.

8    Additionally, Mattel's remaining objections are generic, inapplicable and fail to

9    justify Mattel's failure to produce all responsive documents.  As to overbreadth,

10   Mattel provides no explanation, let alone the required particularity, as to ***why*** these

11   requests are supposedly overly broad, nor can it do so.  This objection is therefore

12   improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

13   with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

14   tailored to seek documents concerning Mattel's claims of trade secret

15   misappropriation and evidence proving MGA's affirmative defenses to those claims.

16   Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

17   Since Mattel has yet to identify the trade secrets it claims were misappropriated,

18   MGA is entitled to seek that information in the form of this request.

19         As to burden, Mattel has not attempted to demonstrate why responding to these

20   requests and/or producing responsive documents presents any burden.  This objection

21   must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173

22   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

23   unduly burdensome must allege specific facts which indicate the nature and extent of

24   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

25   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

26   Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D. 94, 109

27   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

28   to particularize its basis for the objection); <u>Seff v. General Outdoor Advertising Co.</u>,

FURTHER RESPONSES AND OBJECTIONS

1   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

2   because value of information to plaintiff clearly outweighed any annoyance or

3   expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg</u>

4   <u>Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

5   perform extensive research or to compile substantial amounts of data and information

6   does not automatically constitute an undue burden....  Imposing such a burden is

7   particularly proper where, as here, the information sought is crucial to the ultimate

8   determination of a crucial issue...."). To the extent that there is any burden at all, it is

9   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

10  in three countries.  The need for this information to defend against Mattel's claims

11  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

12  already ruled that a party cannot complain that requests are unduly burdensome when

13  the request "merely seeks information regarding the extent of" a party's claim.  Order

14  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

15  Mattel infringed numerous products, Mattel has the right to discover the scope of the

16  alleged claims.  Accordingly, the objections are overruled.").

17        Mattel also makes a number of other improper objections, none of which is

18  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

19  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

20  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

21  specificity are routinely rejected in the Central District.  See <u>A. Farber and Partners,</u>

22  <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

23  objections such as 'overly burdensome and harassing' are improper – especially when

24  a party fails to submit any evidentiary declarations supporting such objections");

25  <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal.

26  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

27  making any objection at all").

28

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by Trueba. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature. See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...." Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support. The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy. The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is

1  obligated to provide all information in its possession, custody, or control that is

2  responsive to the request.

3      In short, Mattel's objections are uniformly without merit and frivolous.  The

4  Discovery Master should order Mattel to provide a substantive response to Request

5  No. 6 without objection and order Mattel to produce the computers.

6  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

7  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 6 SHOULD**

8  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

9      There is nothing to compel.  As Mattel informed MGA during the meet and confer

10  process, Mattel has received nearly identical requests in the past, has searched repeatedly

11  in good faith and produced non-privileged, responsive documents in its possession,

12  custody or control.  Nonetheless, as to this request and others where MGA identified

13  Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

14  determine whether it had any responsive documents that had not already been produced

15  or listed on a privilege log.[26]  Any additional non-privileged, responsive documents

16  located pursuant to that search will be produced before this motion is even heard.[27]

17  MGA's motion is totally unnecessary and could have been avoided altogether had MGA

18  met and conferred in good faith.

19      There is no basis for overruling Mattel's privilege objection.  MGA's assertion that

20  this Request does not seek information protected by the attorney-client privilege, the

21  attorney work product doctrine, or any other applicable privilege because "it seeks

22  documents related to Mattel's claim of trade secret theft by Trueba" has no merit.

23  Documents related to one of Mattel's *claims in this action* could very well be subject to a

24  claim of privilege or work product protection.  MGA's waiver argument is also without

25

26  [26]  See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

27  [27]  See Searcy Dec., ¶ 3.

28

1    merit. Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

2    action.[28]   Moreover, as MGA has itself argued, the parties have agreed that "all

3    privileged documents would be logged except for documents created after this action

4    was filed on April 27, 2004."[29] Thus, to the extent privileged documents fall within the

5    post lawsuit time period, they need not be included on Mattel's log.

6           Mattel also properly reserved its right to supplement its production subject to

7    expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

8    1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

9    because "[t]o the extent that the theories of damages applicable to these claims may be

10   related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

11   Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

12   motion to compel interrogatory responses but noting that "this Court does not expect

13   Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

14   later date" and "since experts have not been either retained or deposed, much of the

15   remaining discovery is also premature.").

16

17   **REQUEST FOR PRODUCTION NO. 7:**

18          All DOCUMENTS REFLECTING that any documents allegedly taken by

19   TRUEBA from MATTEL, including, without limitation, any of the documents

20   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

21   Responses and Objections to MGA's First Set of Interrogatories, were given to MGA

22   HK by TRUEBA.

23

24

25

26      [28]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27      [29]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal
     Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to

1  the extent not previously produced that show that Trueba gave to MGA and its

2  subsidiaries and agents documents stolen from Mattel.

3  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

4  **REQUEST FOR PRODUCTION NO. 7 SHOULD BE COMPELLED AND**

5  **DOCUMENTS SHOULD BE PRODUCED**

6       As set forth in MGA's Memorandum of Points and Authorities in Support of its

7  motion to Compel, Mattel had agreed to produce documents responsive to this

8  request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

9  that agreement, however, Mattel has neither produced documents nor informed MGA

10 that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

11 Instead, Mattel has ceased communicating with MGA concerning this and all other

12 disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

13 and Things (Nos. 1-68).  Id.

14      The documents responsive to this request are clearly relevant and discoverable.

15 Additionally, Mattel's remaining objections are generic, inapplicable and fail to

16 justify Mattel's failure to produce all responsive documents.  As to overbreadth,

17 Mattel provides no explanation, let alone the required particularity, as to *why* these

18 requests are supposedly overly broad, nor can it do so.  This objection is therefore

19 improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

20 with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

21 tailored to seek documents concerning Mattel's claims of trade secret

22 misappropriation and evidence proving MGA's affirmative defenses to those claims.

23 Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

24 Since Mattel has yet to identify the trade secrets it claims were misappropriated,

25 MGA is entitled to seek that information in the form of this request.

26      As to burden, Mattel has not attempted to demonstrate why responding to these

27 requests and/or producing responsive documents presents any burden.  This objection

28 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners,

1  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate
2  objections such as 'overly burdensome and harassing' are improper – especially when
3  a party fails to submit any evidentiary declarations supporting such objections");
4  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.
5  1999) ("boilerplate, generalized objections are inadequate and tantamount to not
6  making any objection at all").

7      For example, this request does not seek information protected by the attorney-
8  client privilege, the attorney work product doctrine, or any other applicable privilege.
9  Rather, it seeks documents related to Mattel's claim of trade secret theft by Trueba.
10  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to
11  any allegedly privileged documents.

12      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at
13  97:5-10, Chaudoir Decl., Ex. 11.  (Mattel's counsel argued that "no discovery issues
14  or no requests for discovery are premature at this point...."  Judge Larson agreed,
15  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
16  case at all.").

17      Mattel's expert disclosure objection is also without support.  The fact that
18  expert testimony may ultimately bear on some of the subjects of the request does not
19  excuse Mattel from its obligation to provide full and complete responses based on the
20  information Mattel presently has and to produce those responsive documents.

21      In addition, Mattel's bare assertion that MGA has "failed to produce witnesses
22  for deposition and [is] withholding information and documents requested in violation
23  of orders of the Discovery Master and the Court" is not only unsupported and false,
24  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to
25  the requests would be unaffected.

26      Also, this request does not seek information violative of any third-party's rights
27  of privacy.  The facts, persons, and documents responsive to this request are in the
28  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

1    previously has argued, any privacy issues are fully addressed by the Protective Order

2    in this case.

3         Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

4    information or documents that are in the possession, custody and control of

5    independent parties over whom Mattel has no control" is nonsensical – Mattel is

6    obligated to provide all information in its possession, custody, or control that is

7    responsive to the request.

8         In short, Mattel's objections are uniformly without merit and frivolous.  The

9    Discovery Master should order Mattel to provide a substantive response to Request

10   No. 7 without objection and order Mattel to produce the computers.

11   **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

12   **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 7 SHOULD**

13   **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

14        There is nothing to compel.  As Mattel informed MGA during the meet and confer

15   process, Mattel has received nearly identical requests in the past, has searched repeatedly

16   in good faith and produced non-privileged, responsive documents in its possession,

17   custody or control.  Nonetheless, as to this request and others where MGA identified

18   Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

19   determine whether it had any responsive documents that had not already been produced

20   or listed on a privilege log.[30]  Any additional non-privileged, responsive documents

21   located pursuant to that search will be produced before this motion is even heard.[31]

22   MGA's motion is totally unnecessary and could have been avoided altogether had MGA

23   met and conferred in good faith.

24

25

26   [30]  See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey
     Dec., Exh. D.

27   [31]  See Searcy Dec., ¶ 3.

28

                                                        FURTHER RESPONSES AND OBJECTIONS

There is no basis for overruling Mattel's privilege objection.  MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Trueba" has no merit.  Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[32]  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[33]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

---

[32]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.
[33]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1  **REQUEST FOR PRODUCTION NO. 8:**

2       All DOCUMENTS REFLECTING that any documents allegedly taken by

3  TRUEBA from MATTEL, including, without limitation, any of the documents

4  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

5  Responses and Objections to MGA's First Set of Interrogatories, were given to MGA

6  MEXICO by TRUEBA.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

8       Mattel incorporates by reference the above-stated general objections as if fully

9  set forth herein.  Mattel also specifically objects to this Request on the ground that it

10  is premature because the subject matter of this Request will be the subject of expert

11  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

12  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

13  experts and make related disclosures in accordance with the Court's orders and

14  applicable rules.  Mattel further objects that this Request is premature because

15  Defendants have not complied with their discovery obligations.  They have failed to

16  produce witnesses for deposition and are withholding information and documents

17  requested in violation of orders of the Discovery Master and the Court.  Mattel

18  objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.

19  Mattel further objects to this Request to the extent that it calls for the disclosure of

20  information subject to the attorney-client privilege, the attorney work- product

21  doctrine and other applicable privileges.  Mattel further objects to this Request on the

22  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

23  information of Mattel or third parties.  Any such documents that are produced, if any,

24  will be produced only pursuant to and in reliance upon the Protective Order entered in

25  this case.  Mattel also objects to this Request to the extent it seeks documents that are

26  in the possession, custody and control of a foreign subsidiary of a party.  MGA has

27  objected that such documents are not within the scope of requests to a domestic party.

28  Mattel further objects to this Request to the extent that it may seek documents already

1  produced by Mattel, including documents stolen by MGA and other defendants.

2  Such documents will not be produced again.

3      Subject to the foregoing objections, Mattel responds as follows:  At a mutually

4  agreeable time and place, Mattel will produce the non-privileged documents, if any,

5  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

6  the extent not previously produced that show that Trueba gave to MGA and its

7  subsidiaries and agents documents stolen from Mattel.

8  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

9  **REQUEST FOR PRODUCTION NO. 8 SHOULD BE COMPELLED AND**

10 **DOCUMENTS SHOULD BE PRODUCED**

11     As set forth in MGA's Memorandum of Points and Authorities in Support of its

12 motion to Compel, Mattel had agreed to produce documents responsive to this

13 request.  <u>See,</u> Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

14 that agreement, however, Mattel has neither produced documents nor informed MGA

15 that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

16 Instead, Mattel has ceased communicating with MGA concerning this and all other

17 disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

18 and Things (Nos. 1-68).  <u>Id.</u>

19     The documents responsive to this request are clearly relevant and discoverable.

20 Additionally, Mattel's remaining objections are generic, inapplicable and fail to

21 justify Mattel's failure to produce all responsive documents.  As to overbreadth,

22 Mattel provides no explanation, let alone the required particularity, as to ***why*** these

23 requests are supposedly overly broad, nor can it do so.  This objection is therefore

24 improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

25 with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

26 tailored to seek documents concerning Mattel's claims of trade secret

27 misappropriation and evidence proving MGA's affirmative defenses to those claims.

28 Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

1  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

2  MGA is entitled to seek that information in the form of this request.

3       As to burden, Mattel has not attempted to demonstrate why responding to these

4  requests and/or producing responsive documents presents any burden.  This objection

5  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7  unduly burdensome must allege specific facts which indicate the nature and extent of

8  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

9  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

10 Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

11 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

12 to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

13 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

14 because value of information to plaintiff clearly outweighed any annoyance or

15 expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

16 Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

17 perform extensive research or to compile substantial amounts of data and information

18 does not automatically constitute an undue burden....  Imposing such a burden is

19 particularly proper where, as here, the information sought is crucial to the ultimate

20 determination of a crucial issue....").  To the extent that there is any burden at all, it is

21 from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

22 in three countries.  The need for this information to defend against Mattel's claims

23 clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

24 already ruled that a party cannot complain that requests are unduly burdensome when

25 the request "merely seeks information regarding the extent of" a party's claim.  Order

26 No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

27 Mattel infringed numerous products, Mattel has the right to discover the scope of the

28 alleged claims.  Accordingly, the objections are overruled.").

1    Mattel also makes a number of other improper objections, none of which is

2  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

3  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

4  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

5  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

6  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

7  objections such as 'overly burdensome and harassing' are improper – especially when

8  a party fails to submit any evidentiary declarations supporting such objections");

9  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

10  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

11  making any objection at all").

12    For example, this request does not seek information protected by the attorney-

13  client privilege, the attorney work product doctrine, or any other applicable privilege.

14  Rather, it seeks documents related to Mattel's claim of trade secret theft by Trueba.

15  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

16  any allegedly privileged documents.

17    Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

18  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

19  no requests for discovery are premature at this point...."  Judge Larson agreed,

20  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

21  case at all.").

22    Mattel's expert disclosure objection is also without support.  The fact that

23  expert testimony may ultimately bear on some of the subjects of the request does not

24  excuse Mattel from its obligation to provide full and complete responses based on the

25  information Mattel presently has and to produce those responsive documents.

26    In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

27  for deposition and [is] withholding information and documents requested in violation

28  of orders of the Discovery Master and the Court" is not only unsupported and false,

-53-

1   but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

2   the requests would be unaffected.

3        Also, this request does not seek information violative of any third-party's rights

4   of privacy.  The facts, persons, and documents responsive to this request are in the

5   possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

6   previously has argued, any privacy issues are fully addressed by the Protective Order

7   in this case.

8        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

9   information or documents that are in the possession, custody and control of

10  independent parties over whom Mattel has no control" is nonsensical – Mattel is

11  obligated to provide all information in its possession, custody, or control that is

12  responsive to the request.

13       In short, Mattel's objections are uniformly without merit and frivolous.  The

14  Discovery Master should order Mattel to provide a substantive response to Request

15  No. 8 without objection and order Mattel to produce the computers.

16  **<u>FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY</u>**

17  **<u>FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 8 SHOULD</u>**

18  **<u>BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>**

19       There is nothing to compel.  As Mattel informed MGA during the meet and confer

20  process, Mattel has received nearly identical requests in the past, has searched repeatedly

21  in good faith and produced non-privileged, responsive documents in its possession,

22  custody or control.  Nonetheless, as to this request and others where MGA identified

23  Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

24  determine whether it had any responsive documents that had not already been produced

25  or listed on a privilege log.[34]  Any additional non-privileged, responsive documents

26  _____

27  [34]  <u>See</u> Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

28

located pursuant to that search will be produced before this motion is even heard.[35] MGA's motion is totally unnecessary and could have been avoided altogether had MGA met and conferred in good faith.

There is no basis for overruling Mattel's privilege objection.  MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Trueba" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[36]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[37] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

---

[35]   See Searcy Dec., ¶ 3.
[36]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

1  **REQUEST FOR PRODUCTION NO. 9:**

2        All DOCUMENTS REFLECTING that any documents allegedly taken by

3  TRUEBA from MATTEL, including, without limitation, any of the documents

4  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

5  Responses and Objections to MGA's First Set of Interrogatories, were given to

6  LARIAN by TRUEBA.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

8        Mattel incorporates by reference the above-stated general objections as if fully

9  set forth herein.  Mattel also specifically objects to this Request on the ground that it

10  is premature because the subject matter of this Request will be the subject of expert

11  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

12  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

13  experts and make related disclosures in accordance with the Court's orders and

14  applicable rules.  Mattel further objects that this Request is premature because

15  Defendants have not complied with their discovery obligations.  They have failed to

16  produce witnesses for deposition and are withholding information and documents

17  requested in violation of orders of the Discovery Master and the Court.  Mattel

18  objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.

19  Mattel further objects to this Request to the extent that it calls for the disclosure of

20  information subject to the attorney-client privilege, the attorney work- product

21  doctrine and other applicable privileges.  Mattel further objects to this Request on the

22  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

23  information of Mattel or third parties.  Any such documents that are produced, if any,

24  will be produced only pursuant to and in reliance upon the Protective Order entered in

25  this case.  Mattel also objects to this Request to the extent it seeks documents that are

26  _____

27  [37]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

-56-

FURTHER RESPONSES AND OBJECTIONS

1  in the possession, custody and control of a foreign subsidiary of a party.  MGA has

2  objected that such documents are not within the scope of requests to a domestic party.

3  Mattel further objects to this Request to the extent that it may seek documents already

4  produced by Mattel, including documents stolen by MGA and other defendants.

5  Such documents will not be produced again.

6     Subject to the foregoing objections, Mattel responds as follows:  At a mutually

7  agreeable time and place, Mattel will produce the non-privileged documents, if any,

8  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

9  the extent not previously produced that show that Trueba gave to MGA and its

10 subsidiaries and agents documents stolen from Mattel.

11 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

12 **REQUEST FOR PRODUCTION NO. 9 SHOULD BE COMPELLED AND**

13 **DOCUMENTS SHOULD BE PRODUCED**

14    As set forth in MGA's Memorandum of Points and Authorities in Support of its

15 motion to Compel, Mattel had agreed to produce documents responsive to this

16 request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

17 that agreement, however, Mattel has neither produced documents nor informed MGA

18 that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

19 Instead, Mattel has ceased communicating with MGA concerning this and all other

20 disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

21 and Things (Nos. 1-68).  Id.

22    The documents responsive to this request are clearly relevant and discoverable.

23 Additionally, Mattel's remaining objections are generic, inapplicable and fail to

24 justify Mattel's failure to produce all responsive documents.  As to overbreadth,

25 Mattel provides no explanation, let alone the required particularity, as to **why** these

26 requests are supposedly overly broad, nor can it do so.  This objection is therefore

27 improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

28 with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

1    tailored to seek documents concerning Mattel's claims of trade secret

2    misappropriation and evidence proving MGA's affirmative defenses to those claims.

3    Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

4    Since Mattel has yet to identify the trade secrets it claims were misappropriated,

5    MGA is entitled to seek that information in the form of this request.

6         As to burden, Mattel has not attempted to demonstrate why responding to these

7    requests and/or producing responsive documents presents any burden.  This objection

8    must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

9    F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

10   unduly burdensome must allege specific facts which indicate the nature and extent of

11   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

12   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

13   Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

14   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

15   to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

16   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

17   because value of information to plaintiff clearly outweighed any annoyance or

18   expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

19   Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

20   perform extensive research or to compile substantial amounts of data and information

21   does not automatically constitute an undue burden....  Imposing such a burden is

22   particularly proper where, as here, the information sought is crucial to the ultimate

23   determination of a crucial issue....").  To the extent that there is any burden at all, it is

24   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

25   in three countries.  The need for this information to defend against Mattel's claims

26   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

27   already ruled that a party cannot complain that requests are unduly burdensome when

28   the request "merely seeks information regarding the extent of" a party's claim.  Order

No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by Trueba. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 9 without objection and order Mattel to produce the computers.

**<u>FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 9 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>**

There is nothing to compel.  As Mattel informed MGA during the meet and confer process, Mattel has received nearly identical requests in the past, has searched repeatedly in good faith and produced non-privileged, responsive documents in its possession, custody or control.  Nonetheless, as to this request and others where MGA identified Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

1    determine whether it had any responsive documents that had not already been produced

2    or listed on a privilege log.[38]   Any additional non-privileged, responsive documents

3    located pursuant to that search will be produced before this motion is even heard.[39]

4    MGA's motion is totally unnecessary and could have been avoided altogether had MGA

5    met and conferred in good faith.

6          There is no basis for overruling Mattel's privilege objection.  MGA's assertion that

7    this Request does not seek information protected by the attorney-client privilege, the

8    attorney work product doctrine, or any other applicable privilege because "it seeks

9    documents related to Mattel's claim of trade secret theft by Trueba" has no merit.

10   Documents related to one of Mattel's *claims in this action* could very well be subject to a

11   claim of privilege or work product protection.  MGA's waiver argument is also without

12   merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

13   action.[40]   Moreover, as MGA has itself argued, the parties have agreed that "all

14   privileged documents would be logged except for documents created after this action

15   was filed on April 27, 2004."[41]  Thus, to the extent privileged documents fall within the

16   post lawsuit time period, they need not be included on Mattel's log.

17         Mattel also properly reserved its right to supplement its production subject to

18   expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

19   1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

20   because "[t]o the extent that the theories of damages applicable to these claims may be

21   related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

22   Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

23

24   [38]  See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey
     Dec., Exh. D.

25   [39]  See Searcy Dec., ¶ 3.

26   [40]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27   [41]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal
     Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

1  motion to compel interrogatory responses but noting that "this Court does not expect

2  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

3  later date" and "since experts have not been either retained or deposed, much of the

4  remaining discovery is also premature.").

5

6  **REQUEST FOR PRODUCTION NO. 10:**

7      All DOCUMENTS REFLECTING that any documents allegedly taken by

8  TRUEBA from MATTEL, including, without limitation, any of the documents

9  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

10  Responses and Objections to MGA's First Set of Interrogatories, gave MGA an

11  "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of

12  MATTEL's Supplemental Responses and Objections to MGA's First Set of

13  Interrogatories.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

15      Mattel incorporates by reference the above-stated general objections as if fully

16  set forth herein.  Mattel also specifically objects to the use of the term

17  "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

18  Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

19  confidential information of Mattel or third parties.  Any such documents that are

20  produced, if any, will be produced only pursuant to and in reliance upon the

21  Protective Order entered in this case.  Mattel further objects that this Request is

22  premature because Defendants have not complied with their discovery obligations.

23  They have failed to produce witnesses for deposition and are withholding information

24  and documents requested in violation of orders of the Discovery Master and the

25  Court.  Mattel further objects to this Request on the ground that it is premature

26  because the subject matter of this Request will be the subject of expert testimony at

27  trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony

28  that Mattel may seek to introduce at trial.  Mattel will identify its experts and make

related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again. Mattel also objects to this Request because it seeks documents that are in the MGA Parties' exclusive possession, custody and control.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel further objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel

further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again. Mattel also objects to this Request because it seeks documents that are in the MGA Parties' exclusive possession, custody and control.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents in its possession, custody or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, that show that documents taken from Mattel by Trueba gave MGA an unfair competitive advantage.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 10 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

During meet and confer discussions with Mattel, Mattel advised that it did not agree to produce responsive documents to this request because Mattel claims that the documents are in the exclusive possession of MGA. See Mankey Decl., Ex. D. MGA explained that this response differed from Mattel's responses to Requests 11 and 31. Id.  Mattel then asserted that it did not have responsive documents.  Id.  Thus, Mattel had agreed to confirm that Mattel neither has nor had responsive documents to this Request.  Id.  Despite that agreement, however, Mattel has not confirmed there are no responsive documents to this request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to

1  MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos.

2  1-68).  Id.

3       The documents responsive to this request are clearly relevant and discoverable.

4  Additionally, Mattel's remaining objections are generic, inapplicable and fail to

5  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

6  Mattel provides no explanation, let alone the required particularity, as to **why** these

7  requests are supposedly overly broad, nor can it do so.  This objection is therefore

8  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

9  with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

10 tailored to seek documents concerning Mattel's claims of trade secret

11 misappropriation and evidence proving MGA's affirmative defenses to those claims.

12 Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

13 Since Mattel has yet to identify the trade secrets it claims were misappropriated,

14 MGA is entitled to seek that information in the form of this request.

15      As to burden, Mattel has not attempted to demonstrate why responding to these

16 requests and/or producing responsive documents presents any burden.  This objection

17 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

18 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

19 unduly burdensome must allege specific facts which indicate the nature and extent of

20 the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

21 dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

22 Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

23 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

24 to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

25 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

26 because value of information to plaintiff clearly outweighed any annoyance or

27 expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

28 Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

1  perform extensive research or to compile substantial amounts of data and information
2  does not automatically constitute an undue burden....  Imposing such a burden is
3  particularly proper where, as here, the information sought is crucial to the ultimate
4  determination of a crucial issue....").  To the extent that there is any burden at all, it is
5  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct
6  in three countries.  The need for this information to defend against Mattel's claims
7  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has
8  already ruled that a party cannot complain that requests are unduly burdensome when
9  the request "merely seeks information regarding the extent of" a party's claim.  Order
10  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends
11  Mattel infringed numerous products, Mattel has the right to discover the scope of the
12  alleged claims.  Accordingly, the objections are overruled.").

13  Mattel also makes a number of other improper objections, none of which is
14  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to
15  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.
16  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with
17  specificity are routinely rejected in the Central District.  See A. Farber and Partners,
18  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate
19  objections such as 'overly burdensome and harassing' are improper – especially when
20  a party fails to submit any evidentiary declarations supporting such objections");
21  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.
22  1999) ("boilerplate, generalized objections are inadequate and tantamount to not
23  making any objection at all").

24  For example, this request does not seek information protected by the attorney-
25  client privilege, the attorney work product doctrine, or any other applicable privilege.
26  Rather, it seeks documents related to Mattel's claim of trade secret theft by Trueba.
27  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to
28  any allegedly privileged documents.

1   Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

2   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

3   no requests for discovery are premature at this point...."  Judge Larson agreed,

4   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

5   case at all.").

6   Mattel's expert disclosure objection is also without support.  The fact that

7   expert testimony may ultimately bear on some of the subjects of the request does not

8   excuse Mattel from its obligation to provide full and complete responses based on the

9   information Mattel presently has and to produce those responsive documents.

10   In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

11   for deposition and [is] withholding information and documents requested in violation

12   of orders of the Discovery Master and the Court" is not only unsupported and false,

13   but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

14   the requests would be unaffected.

15   Also, this request does not seek information violative of any third-party's rights

16   of privacy.  The facts, persons, and documents responsive to this request are in the

17   possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

18   previously has argued, any privacy issues are fully addressed by the Protective Order

19   in this case.

20   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

21   information or documents that are in the possession, custody and control of

22   independent parties over whom Mattel has no control" is nonsensical – Mattel is

23   obligated to provide all information in its possession, custody, or control that is

24   responsive to the request.

25   In short, Mattel's objections are uniformly without merit and frivolous.  The

26   Discovery Master should order Mattel to provide a substantive response to Request

27   No. 10 without objection and order Mattel to produce the computers.

28

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 10 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

There is nothing for the Discovery Master to compel.  During the parties' July 1, 2009 conference on this issue, Mattel represented to MGA that to the extent Mattel had located nonprivileged, responsive documents, it had produced them, and that documents responsive to this request were in the possession of MGA and related parties, not Mattel.[42]   At MGA's insistence, however, Mattel agreed to search for additional nonprivileged, responsive documents and produce any it was able to locate after a reasonable search.   Mattel is conducting this search and will produce additional nonprivileged, responsive documents, if any, before this motion is even heard.

There is no basis for overruling Mattel's privilege objection.  Apart from the fact that MGA never raised this objection in any meet and confer, MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Trueba" has no merit.  Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit. Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[43]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[44]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

---

[42]   Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

[43]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

[44]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

The Discovery Master should also uphold Mattel's objection that the term "REFLECTING" as used in the Request is vague, ambiguous and overbroad. The Request puported to seek "All DOCUMENTS REFLECTING" that the stolen documents gave MGA an "unfair competitive advantage." MGA stated that "'REFLECTING' should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussions, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed."[45] Even if one uses the dictionary definition of the word "reflecting"[46] much less employs MGA's "broadest possible" definition, the request is impermissibly vague and overbroad.

In addition, Mattel properly reserved its right to supplement its production subject to expert discovery. <u>New Haven Temple SDA Church v. Consolidated Edison Corp.</u>, 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect

---

[45]   <u>See</u> MGA's First Set of Phase 2 Requests for Production at 4:9-13.

[46]   <u>See</u> Merriam-Webster Dictionary webpage <http://www.merriam-webster.com/dictionary/reflect>, as accessed on August 7, 2009 (transitive verb:  1 *archaic*: to turn into or away from a course: deflect; 2: to prevent passage of an cause to change direction <a mirror *reflects* light>; 3: to bend or fold back; 4: to give back or exhibit as an image, likeness, or outline: mirror <the clouds were *reflected* in the water>; 5: to bring or cast as a result <his attitude *reflects* little credit on his judgment>; 6: to make manifest or apparent: show <the painting *reflects* his artistic vision< >the pulse *reflects* the condition of the heart>; 7: realize, consider; intransitive verb: 1: to throw back light or sound; 2a: to think quietly and calmly, b: to express a thought or opinion resulting from reflection; 3a: to tend to bring reproach or discredit <an investigation that *reflects* on all members of the department> b: to bring about a specified appearance or characterization <an act which *reflects* well on her> c: to have a bearing or influence) (emphasis in original).

1   Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

2   later date" and "since experts have not been either retained or deposed, much of the

3   remaining discovery is also premature.").

4       Mattel also validly objected to this Request to the extent MGA's and related

5   parties' stonewalling has limited Mattel's ability to fully investigate its claims.  Mattel

6   provided numerous examples of MGA's and related parties' obstructionism in its

7   Opposition To MGA's Motion To Compel Further Responses To MGA's First Set of

8   Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, which it

9   incorporates here by reference.[47]

10

11  **REQUEST FOR PRODUCTION NO. 12:**

12      All DOCUMENTS REFLECTING that any documents allegedly taken by

13  TRUEBA from MATTEL, including, without limitation, any of the documents

14  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

15  Responses and Objections to MGA's First Set of Interrogatories, gave MGA

16  MEXICO an "unfair competitive advantage," as referenced on page 32, lines 25

17  through 27, of MATTEL's Supplemental Responses and Objections to MGA's First

18  Set of Interrogatories.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

20      Mattel incorporates by reference the above-stated general objections as if fully

21  set forth herein.  Mattel also specifically objects to the use of the term

22  "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

23  Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

24  confidential information of Mattel or third parties.  Any such documents that are

25

26      [47]   See Mattel's Opposition To MGA's Motion To Compel Further Responses To
27  MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for
    Production, dated August 5, 2009, at 24:5-27:14.

28

1   produced, if any, will be produced only pursuant to and in reliance upon the

2   Protective Order entered in this case.  Mattel further objects that this Request is

3   premature because Defendants have not complied with their discovery obligations.

4   They have failed to produce witnesses for deposition and are withholding information

5   and documents requested in violation of orders of the Discovery Master and the

6   Court.  Mattel further objects to this Request on the ground that it is premature

7   because the subject matter of this Request will be the subject of expert testimony at

8   trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony

9   that Mattel may seek to introduce at trial.  Mattel will identify its experts and make

10  related disclosures in accordance with the Court's orders and applicable rules.  Mattel

11  further objects to this Request to the extent that it calls for the disclosure of

12  information subject to the attorney-client privilege, the attorney work-product

13  doctrine and other applicable privileges.  Mattel also objects to this Request to the

14  extent it seeks documents that are in the possession, custody and control of a foreign

15  subsidiary of a party.  MGA has objected that such documents are not within the

16  scope of requests to a domestic party.  Mattel further objects to this Request to the

17  extent that it may seek documents already produced by Mattel, including documents

18  stolen by MGA and other defendants.  Such documents will not be produced again.

19  Mattel also objects to this Request because it seeks documents that are in the MGA

20  Parties' exclusive possession, custody and control.

21  **FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION**

22  **NO. 12:**

23          Mattel incorporates by reference the above-stated general objections as if

24  fully set forth herein.  Mattel also specifically objects to the use of the term

25  "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

26  Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

27  confidential information of Mattel or third parties.  Any such documents that are

28  produced, if any, will be produced only pursuant to and in reliance upon the

1  Protective Order entered in this case.  Mattel further objects that this Request is

2  premature because Defendants have not complied with their discovery obligations.

3  They have failed to produce witnesses for deposition and are withholding information

4  and documents requested in violation of orders of the Discovery Master and the

5  Court.  Mattel further objects to this Request on the ground that it is premature

6  because the subject matter of this Request will be the subject of expert testimony at

7  trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony

8  that Mattel may seek to introduce at trial.  Mattel will identify its experts and make

9  related disclosures in accordance with the Court's orders and applicable rules.  Mattel

10  further objects to this Request to the extent that it calls for the disclosure of

11  information subject to the attorney-client privilege, the attorney work-product

12  doctrine and other applicable privileges.  Mattel also objects to this Request to the

13  extent it seeks documents that are in the possession, custody and control of a foreign

14  subsidiary of a party.  MGA has objected that such documents are not within the

15  scope of requests to a domestic party.  Mattel further objects to this Request to the

16  extent that it may seek documents already produced by Mattel, including documents

17  stolen by MGA and other defendants.  Such documents will not be produced again.

18  Mattel also objects to this Request because it seeks documents that are in the MGA

19  Parties' exclusive possession, custody and control.

20         Subject to the foregoing objections, Mattel responds as follows:  At a

21  mutually agreeable time and place, Mattel will produce the non-privileged documents

22  in its possession, custody or control, if any, that Mattel has been able to locate after a

23  diligent search and reasonable inquiry, to the extent not previously produced, that

24  show that documents taken from Mattel by Trueba gave MGA Mexico an unfair

25  competitive advantage.

26

27

28

-72-

1  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

2  **REQUEST FOR PRODUCTION NO. 12 SHOULD BE COMPELLED AND**

3  **DOCUMENTS SHOULD BE PRODUCED**

4          During meet and confer discussions with Mattel, Mattel advised that it did not

5  agree to produce responsive documents to this request because Mattel claims that the

6  documents are in the exclusive possession of MGA. <u>See</u> Mankey Decl., Ex. D. MGA

7  explained that this response differed from Mattel's responses to Requests 11 and 31.

8  <u>Id.</u>  Mattel then asserted that it did not have responsive documents.  <u>Id.</u>  Thus, Mattel

9  had agreed to confirm that Mattel neither has nor had responsive documents to this

10  Request.  <u>Id.</u>  Despite that agreement, however, Mattel has not confirmed there are no

11  responsive documents to this request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has

12  ceased communicating with MGA concerning this and all other disputes related to

13  MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos.

14  1-68).  <u>Id.</u>

15          The documents responsive to this request are clearly relevant and discoverable.

16  Additionally, Mattel's remaining objections are generic, inapplicable and fail to

17  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

18  Mattel provides no explanation, let alone the required particularity, as to ***why*** these

19  requests are supposedly overly broad, nor can it do so.  This objection is therefore

20  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

21  with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

22  tailored to seek documents concerning Mattel's claims of trade secret

23  misappropriation and evidence proving MGA's affirmative defenses to those claims.

24  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

25  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

26  MGA is entitled to seek that information in the form of this request.

27          As to burden, Mattel has not attempted to demonstrate why responding to these

28  requests and/or producing responsive documents presents any burden.  This objection

1    must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

2    F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

3    unduly burdensome must allege specific facts which indicate the nature and extent of

4    the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

5    dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

6    Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

7    (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

8    to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

9    11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

10   because value of information to plaintiff clearly outweighed any annoyance or

11   expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

12   Schools, 182 F.R.D. 486,491 (W.D. N.C. 1998) ("Requiring a responding party to

13   perform extensive research or to compile substantial amounts of data and information

14   does not automatically constitute an undue burden....  Imposing such a burden is

15   particularly proper where, as here, the information sought is crucial to the ultimate

16   determination of a crucial issue....").  To the extent that there is any burden at all, it is

17   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

18   in three countries.  The need for this information to defend against Mattel's claims

19   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

20   already ruled that a party cannot complain that requests are unduly burdensome when

21   the request "merely seeks information regarding the extent of" a party's claim.  Order

22   No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

23   Mattel infringed numerous products, Mattel has the right to discover the scope of the

24   alleged claims.  Accordingly, the objections are overruled.").

25          Mattel also makes a number of other improper objections, none of which is

26   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

27   part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

28   P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by Trueba. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the

possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous. The Discovery Master should order Mattel to provide a substantive response to Request No. 12 without objection and order Mattel to produce the computers.

## FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 12 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

There is nothing for the Discovery Master to compel. During the parties' July 1, 2009 conference on this issue, Mattel represented to MGA that to the extent Mattel had located nonprivileged, responsive documents, it had produced them, and that documents responsive to this request were in the possession of MGA and related parties, not Mattel.[48]   At MGA's insistence, however, Mattel agreed to search for additional nonprivileged, responsive documents and produce any it was able to locate after a reasonable search.   Mattel is conducting this search and will produce additional nonprivileged, responsive documents, if any, before this motion is even heard.

There is no basis for overruling Mattel's privilege objection.  Apart from the fact that MGA never raised this objection in any meet and confer, MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney

---

[48]   Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

FURTHER RESPONSES AND OBJECTIONS

work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Trueba" has no merit.  Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[49]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[50]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

The Discovery Master should also uphold Mattel's objection that the term "REFLECTING" as used in the Request is vague, ambiguous and overbroad.  The Request puported to seek "All DOCUMENTS REFLECTING" that the stolen documents gave MGA an "unfair competitive advantage."  MGA stated that "'REFLECTING' should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussions, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed."[51]  Even if one uses the dictionary definition of the word "reflecting"[52] much less employs MGA's "broadest possible" definition, the request is impermissibly vague and overbroad.

---

[49]   <u>See</u> Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

[50]   <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

[51]   <u>See</u> MGA's First Set of Phase 2 Requests for Production at 4:9-13.

[52]   <u>See</u> Merriam-Webster Dictionary webpage <http://www.merriam-webster.com/dictionary/reflect>, as accessed on August 7, 2009 (transitive verb:  1 *archaic*: to turn into or away from a course: deflect; 2: to prevent passage of an cause to change direction <a mirror *reflects* light>; 3: to bend or fold back; 4: to give back or exhibit as an image, likeness, or outline: mirror <the clouds were *reflected* in the water>; 5: to bring or cast as a result <his attitude *reflects* little credit on his judgment>; 6: to make manifest or apparent: show <the painting *reflects* his artistic (footnote continued)

FURTHER RESPONSES AND OBJECTIONS

In addition, Mattel properly reserved its right to supplement its production subject to expert discovery.  New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

Mattel also validly objected to this Request to the extent MGA's and related parties' stonewalling has limited Mattel's ability to fully investigate its claims.  Mattel provided numerous examples of MGA's and related parties' obstructionism in its Opposition To MGA's Motion To Compel Further Responses To MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, which it incorporates here by reference.[53]

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to identify any computers assigned by MATTEL to VARGAS for use during his employment with MATTEL.

---

vision< >the pulse *reflects* the condition of the heart>; 7: realize, consider; intransitive verb: 1: to throw back light or sound; 2a: to think quietly and calmly, b: to express a thought or opinion resulting from reflection; 3a: to tend to bring reproach or discredit <an investigation that *reflects* on all members of the department> b: to bring about a specified appearance or characterization <an act which *reflects* well on her> c: to have a bearing or influence) (emphasis in original).

[53]   See Mattel's Opposition To MGA's Motion To Compel Further Responses To MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated August 5, 2009, at 24:5-27:14.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel also objects to this Request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the

1  extent not previously produced, that may be sufficient to identify the personal

2  computer assigned to Vargas at the time that he resigned.

3  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

4  **REQUEST FOR PRODUCTION NO. 13 SHOULD BE COMPELLED AND**

5  **DOCUMENTS SHOULD BE PRODUCED**

6      As set forth in MGA's Memorandum of Points and Authorities in Support of its

7  motion to Compel, Mattel had agreed to produce documents sufficient to identify the

8  personal computer assigned to Vargas at the time he resigned from Mattel but has

9  failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Mattel also took the

10  unreasonable position that any other computers assigned to Vargas are not relevant to

11  the pending litigation because Mattel is not claiming Vargas took and gave to MGA

12  any Mattel trade secrets from any other computer.  Mankey Decl., Ex. D.

13      First, Mattel has failed to produce even the documents it has agreed to produce

14  that are responsive to this request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased

15  communicating with MGA concerning these and all other disputes related to MGA's

16  First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).

17  Id.  For example, MGA provided Mattel with a proposed protocol for the imaging and

18  production of documents from the hard drive contained in the computer that Mattel

19  agreed to produce on July 16, 2009 and Mattel has ignored that proposal.  Chaudoir

20  Decl., ¶ 4.

21      Second, Mattel's assertion that other Vargas computers are not relevant is

22  without merit.  MGA is entitled to any information in Mattel's custody or control that

23  may lead to the discovery of admissible evidence.  Information on Vargas' other

24  Mattel computers falls squarely within this standard.  Among other reasons,

25  computers that Mattel assigned to Vargas other than the single computer it is willing

26  to produce will lead to admissible evidence concerning Mattel's own use of purported

27  trade secrets and forms created by other companies, which Vargas and/or others may

28  have lawfully taken from their prior employment, including forms, contact lists, price

1  points, etc.  Likewise, the other computers may reveal that Mattel fails to make any

2  effort to protect the information it is claiming are trade secrets.  Thus, the other

3  computers contain information likely to lead to admissible evidence and must be

4  produced.

5        Finally, Mattel's remaining objections are generic, inapplicable and fail to

6  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

7  Mattel provides no explanation, let alone the required particularity, as to **why** these

8  requests are supposedly overly broad, nor can it do so.  This objection is therefore

9  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

10  with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

11  tailored to seek documents concerning Mattel's claims of trade secret

12  misappropriation and evidence proving MGA's affirmative defenses to those claims.

13  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

14  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

15  MGA is entitled to seek that information in the form of this request.

16        As to burden, Mattel has not attempted to demonstrate why responding to these

17  requests and/or producing responsive documents presents any burden.  This objection

18  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

19  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

20  unduly burdensome must allege specific facts which indicate the nature and extent of

21  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

22  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

23  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

24  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

25  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

26  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

27  because value of information to plaintiff clearly outweighed any annoyance or

28  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

1   Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

2   perform extensive research or to compile substantial amounts of data and information

3   does not automatically constitute an undue burden....  Imposing such a burden is

4   particularly proper where, as here, the information sought is crucial to the ultimate

5   determination of a crucial issue...."):  To the extent that there is any burden at all, it is

6   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

7   in three countries.  The need for this information to defend against Mattel's claims

8   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

9   already ruled that a party cannot complain that requests are unduly burdensome when

10  the request "merely seeks information regarding the extent of" a party's claim.  Order

11  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

12  Mattel infringed numerous products, Mattel has the right to discover the scope of the

13  alleged claims.  Accordingly, the objections are overruled.").

14          Mattel also makes a number of other improper objections, none of which is

15  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

16  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

17  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

18  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

19  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

20  objections such as 'overly burdensome and harassing' are improper – especially when

21  a party fails to submit any evidentiary declarations supporting such objections");

22  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

23  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

24  making any objection at all").

25          For example, this request does not seek information protected by the attorney-

26  client privilege, the attorney work product doctrine, or any other applicable privilege.

27  Rather, it seeks documents related to Mattel's claim of trade secret theft by Vargas.

28

1   Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

2   any allegedly privileged documents.

3        Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

4   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

5   no requests for discovery are premature at this point...."  Judge Larson agreed,

6   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

7   case at all.").

8        Mattel's expert disclosure objection is also without support.  The fact that

9   expert testimony may ultimately bear on some of the subjects of the request does not

10  excuse Mattel from its obligation to provide full and complete responses based on the

11  information Mattel presently has and to produce those responsive documents.

12       In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

13  for deposition and [is] withholding information and documents requested in violation

14  of orders of the Discovery Master and the Court" is not only unsupported and false,

15  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

16  the requests would be unaffected.

17       Also, this request does not seek information violative of any third-party's rights

18  of privacy.  The facts, persons, and documents responsive to this request are in the

19  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

20  previously has argued, any privacy issues are fully addressed by the Protective Order

21  in this case.

22       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

23  information or documents that are in the possession, custody and control of

24  independent parties over whom Mattel has no control" is nonsensical – Mattel is

25  obligated to provide all information in its possession, custody, or control that is

26  responsive to the request.

27       In short, Mattel's objections are uniformly without merit and frivolous.  The

28  Discovery Master should order Mattel to provide a substantive response to Request

No. 13 without objection and order Mattel to produce all documents responsive to this request.

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 13 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

In its original response, Mattel stated that it would produce non-privileged documents, located after a diligent search and reasonable inquiry and to the extent not already produced, sufficient to identify the computer "assigned to Vargas at the time he resigned" from Mattel. The parties agreed to the same during the meet and confer. As confirmed in MGA's own letter, "Mattel has agreed to produce documents sufficient to identify the personal computers assigned to Trueba, Vargas, Machado, Brisbois and Castilla at the time they resigned from Mattel."[54] Mattel is prepared to produce such documents, to the extent they have not already been produced.

However, MGA now asserts that Mattel should be required to produce documents regarding any computer assigned to Vargas at any time during his employment at Mattel. MGA did not indicate during the parties' conferences that it intended to move for such broad discovery. Under the Federal Rules, MGA has a duty to meet and confer in "good faith", and under the Discovery Master Order, MGA is required to identify for Mattel "each dispute" prior to moving to compel discovery. Fed. R. Civ. P. 37(a); December 6, 2006 Discovery Master Order, Searcy Dec., Exh. 4 at 4.

Apparently, MGA's new counsel was dissatisfied with the agreement reached by prior counsel. Such undisclosed dissatisfaction with a compromise does not excuse MGA's meet and confer obligations under the either Federal Rules or the Discovery Master Order. A motion that not only was never the subject of a meet and confer, but stands in direct contravention of the agreement reached by the parties during their

---

[54] See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

1   conference, violates both the letter and the spirit of these requirements.   See, e.g.,

2   Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of motion to

3   compel where movant failed to show the parties met and conferred in good faith);

4   Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186-87 (3d Cir.

5   2003) (motion to compel was properly denied where movant's counsel "failed to make a

6   good faith effort to resolve discovery disputes prior to invoking court intervention.").

7   MGA's motion should be denied.

8       MGA's argument that it is entitled to documents sufficient to identify every

9   computer assigned to Vargas fails on the merits in any event.  MGA must establish that

10   its discovery meets the relevance requirements of Rule 26(b)(1).[55]  In seeking production

11   of all computers assigned to Vargas by Mattel, MGA argues that it "is entitled to any

12   information in Mattel's custody or control that may lead to the discovery of admissible

13   evidence."  This is not the standard for relevance.  Rule 26(b)(1) clearly states that

14   discovery must be "reasonably calculated to lead to the discovery of admissible

15   evidence."  Moreover, MGA's statement that all computers assigned to Vargas "may"

16   lead to admissible evidence is bald speculation.  MGA has not attempted to explain how

17   all of Vargas' computers are related to the claims and defenses in the case, and has not

18   even cited particular allegations to which all of Vargas' computers purportedly relate.

19   "A trial court has a duty, of special significance in lengthy and complex cases where the

20   possibility of abuse is always present, to supervise and limit discovery to protect parties

21   and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D.

22   661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World

23   Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.

24   Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

---

25   [55]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26   Order No. 27, Searcy Dec., Exh. 5 at 4 (as the moving party, "Mattel bears an initial

27   (footnote continued)

28

1    Discovery Master has held, a party may not propound document requests as part of a

2    fishing expedition or to discover new claims.[56]  Rivera v. NIBCO, Inc., 364 F.3d 1057,

3    1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in

4    'fishing expeditions.'").   Indeed, Rule 26(b)(1) was amended in 2000 to state that

5    discovery was only available as to matters "relevant to the claim or defense of any

6    party."   This amendment was designed to restrict overreaching discovery that goes

7    outside the claims and defenses asserted in the pleadings.  See Fed. R. Civ. P. 26(b)(1),

8    Advisory Committee Notes to 2000 Amendments ("The rule change signals to the court

9    that it has the authority to confine discovery to the claims and defenses asserted in the

10   pleadings, and signals to the parties that they have no entitlement to discovery to develop

11   new claims or defenses that are not identified in the pleadings.").  See also Bernstein v.

12   Travelers Ins. Co., 447 F. Supp. 1100, 1102 (N.D. Cal. 2006) (citing Committee Notes to

13   Rule); In re Ashworth, Inc. Securities Litigation, 2002 WL 33009225, *2 (S.D. Cal.

14   2002) (same).

15          There is no basis for overruling Mattel's privilege objection.  MGA's assertion that

16   this Request does not seek information protected by the attorney-client privilege, the

17   attorney work product doctrine, or any other applicable privilege because "it seeks

18   documents related to Mattel's claim of trade secret theft by Vargas" has no merit.

19   Documents related to one of Mattel's *claims in this action* could very well be subject to a

20   claim of privilege or work product protection.  MGA's waiver argument is also without

21   merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

22   action.[57]   Moreover, as MGA has itself argued, the parties have agreed that "all

23   privileged documents would be logged except for documents created after this action

24   _____

25   burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
     (S.D. Cal. 2009).

26   [56]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective
     Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Proctor Dec., Exh. 18.

27   [57]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

28

was filed on April 27, 2004."[58] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

**REQUEST FOR PRODUCTION NO. 14:**

The hard drive(s) or any mirror image thereof (including but not limited to any mirror image on any server or storage device) from any and all computers assigned by MATTEL to VARGAS for using during the last year of his employment with MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Defendants also refuse to produce hard drives or mirror images thereof to Mattel. Mattel also objects to this Request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects that this Request is vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession,

---

[58] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1  custody and control of a foreign subsidiary of a party.  MGA has objected that such

2  documents are not within the scope of requests to a domestic party.

3  **FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION**

4  **NO. 14:**

5        Mattel incorporates by reference the above-stated general objections as if

6  fully set forth herein.  Mattel further objects that this Request is premature because

7  Defendants have not complied with their discovery obligations.  They have failed to

8  produce witnesses for deposition and are withholding information and documents

9  requested in violation of orders of the Discovery Master and the Court.  Defendants

10 also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel also

11 objects to this Request to the extent that it seeks information not relevant to the

12 subject matter of this lawsuit or reasonably calculated to lead to the discovery of

13 admissible evidence.  Mattel further objects that this Request is vague and

14 ambiguous.  Mattel further objects to the Request on the grounds that it seeks

15 documents that are not relevant to this action or likely to lead to the discovery of

16 admissible evidence.  Mattel further objects to this Request on the grounds that it

17 seeks confidential, proprietary and trade secret information, including such

18 information that has no bearing on the claims or defenses in this case.  Mattel also

19 objects to this Request to the extent it seeks documents that are in the possession,

20 custody and control of a foreign subsidiary of a party.  MGA has objected that such

21 documents are not within the scope of requests to a domestic party.

22       Subject to the foregoing objections, Mattel responds as follows:  At a

23 mutually agreeable time and place and in a manner that will protect Mattel's

24 privileged information, Mattel will produce forensic images of any electronic storage

25 media assigned to Vargas at the time of his resignation from Mattel that are in

26 Mattel's possession, custody or control, excluding any privileged information

27 contained therein.

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 14 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As with the above, Mattel had agreed to produce the hard drive of the personal computer assigned to Trueba at the time she resigned from Mattel but has failed to do so. Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9. Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68). Chaudoir Decl., ¶ 9. To foster the production of the hard drive, MGA provided Mattel with a proposed protocol for the imaging and production of documents from the hard drive contained in the computer that Mattel agreed to produce on July 16, 2009. Id., Ex. 4. As with MGA's efforts to meet and confer on the response themselves, Mattel has ignored that proposal.

Second, Mattel's assertion that other Vargas computers are not relevant is without merit. MGA is entitled to any information in Mattel's custody or control that may lead to the discovery of admissible evidence. Information on Vargas' other Mattel computers that may have been assigned to him within the last year of his employment falls squarely within this standard. Among other reasons, computers that Mattel assigned to Vargas other than the single computer it is willing to produce will lead to admissible evidence concerning Mattel's own use of purported trade secrets and forms created by other companies, which Vargas and/or others could have lawfully taken from their prior employment, including forms, contact lists, price points, etc. Likewise, the other computers may reveal that Mattel fails to make any effort to protect the information it is claiming are trade secrets. Thus, the other computers contain information likely to lead to admissible evidence and must be produced.

Finally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents. As to overbreadth,

-89-

1   Mattel provides no explanation, let alone the required particularity, as to **why** these

2   requests are supposedly overly broad, nor can it do so.  This objection is therefore

3   improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

4   with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

5   tailored to seek documents concerning Mattel's claims of trade secret

6   misappropriation and evidence proving MGA's affirmative defenses to those claims.

7   Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

8   Since Mattel has yet to identify the trade secrets it claims were misappropriated,

9   MGA is entitled to seek that information in the form of this request.

10       As to burden, Mattel has not attempted to demonstrate why responding to these

11   requests and/or producing responsive documents presents any burden.  This objection

12   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

13   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

14   unduly burdensome must allege specific facts which indicate the nature and extent of

15   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

16   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

17   Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

18   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

19   to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

20   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

21   because value of information to plaintiff clearly outweighed any annoyance or

22   expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

23   Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

24   perform extensive research or to compile substantial amounts of data and information

25   does not automatically constitute an undue burden....  Imposing such a burden is

26   particularly proper where, as here, the information sought is crucial to the ultimate

27   determination of a crucial issue....").  To the extent that there is any burden at all, it is

28   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

-90-

FURTHER RESPONSES AND OBJECTIONS

1   in three countries.  The need for this information to defend against Mattel's claims

2   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

3   already ruled that a party cannot complain that requests are unduly burdensome when

4   the request "merely seeks information regarding the extent of" a party's claim.  Order

5   No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

6   Mattel infringed numerous products, Mattel has the right to discover the scope of the

7   alleged claims.  Accordingly, the objections are overruled.").

8        Mattel also makes a number of other improper objections, none of which is

9   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

10  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

11  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

12  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

13  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

14  objections such as 'overly burdensome and harassing' are improper – especially when

15  a party fails to submit any evidentiary declarations supporting such objections");

16  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

17  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

18  making any objection at all").

19       For example, this request does not seek information protected by the attorney-

20  client privilege, the attorney work product doctrine, or any other applicable privilege.

21  Rather, it seeks documents related to Mattel's claim of trade secret theft by Vargas.

22  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

23  any allegedly privileged documents.

24       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

25  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

26  no requests for discovery are premature at this point...."  Judge Larson agreed,

27  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

28  case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 14 without objection and order Mattel to produce the computers.

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 14 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

During the meet and confer, the parties agreed that Mattel would produce a forensic image of the hard drive of the computer assigned to Vargas at the time of his resignation from Mattel, subject to an appropriate protocol to protect Mattel's privileged

1   information.[59]  As MGA confirmed in its own letter, "Mattel agrees to produce mirror

2   images of the hard drives contained in the computers assigned to Trueba, Vargas,

3   Machado, Brisbois and Castilla at the time of their resignation from Mattel."[60]  The only

4   reason that has not yet happened is that MGA filed the instant motion.[61]

5        MGA now asserts that Mattel should be required to produce every computer

6   assigned to Vargas at any time during his employment at Mattel.  See Motion at 4:16-

7   17.[62]  MGA did not indicate during the parties' conferences that it intended to move

8   for such broad discovery.  Under the Federal Rules, MGA has a duty to meet and

9   confer in "good faith", and under the Discovery Master Order, MGA is required to

10  identify for Mattel "each dispute" prior to moving to compel discovery.  Fed. R. Civ.

11  P. 37(a); December 6, 2006 Discovery Master Order, Searcy Dec., Exh. 4 at 4.

12       Apparently, MGA's new counsel was dissatisfied with the agreement reached

13  by prior counsel with Mattel.  Such undisclosed dissatisfaction with a compromise

14  does not excuse MGA's meet and confer obligations under the either Federal Rules or

15  the Discovery Master Order.   A motion that not only was never the subject of a meet

16  and confer, but stands in direct contravention of the agreement reached by the parties

17  during their conference, violates both the letter and the spirit of these requirements.

18  See, e.g., Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of

19

20  [59]  See Mattel's Supplemental Responses to MGA's 1st Set of Phase 2 RFPs, Searcy
    Dec., Exh. 14.

21  [60]  Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey
    Dec., Exh. D.

22  [61]  In an effort to justify its motion, MGA claims that Mattel then "ceased

23  communicating."  In fact, Mattel did not receive any proposed protocol from MGA until
    it filed its motion.  See Searcy Dec. ¶ 3.  When Mattel attempted to engage MGA in a

24  dialogue about its proposed protocol, it is MGA who refused to communicate.  See
    Opposition at 4.

25  [62]  MGA's Motion and Separate Statement are inconsistent in that in the Separate

26  Statement MGA purports to seek computers assigned during the last year of

27  (footnote continued)

28

1   motion to compel where movant failed to show the parties met and conferred in good

2   faith); Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186-87

3   (3d Cir. 2003) (motion to compel was properly denied where movant's counsel "failed

4   to make a good faith effort to resolve discovery disputes prior to invoking court

5   intervention.").   MGA's motion should be denied.

6         In any event, MGA's argument that it is entitled to every computer assigned to

7   Vargas fails on the merits.   MGA must establish that its discovery meets the relevance

8   requirements of Rule 26(b)(1).[63]   In seeking production of all computers assigned to

9   Vargas by Mattel, MGA argues that it "is entitled to any information in Mattel's custody

10  or control that may lead to the discovery of admissible evidence."   This is not the

11  standard for relevance.   Rule 26(b)(1) clearly states that discovery must be "reasonably

12  calculated to lead to the discovery of admissible evidence."   Moreover, MGA's statement

13  that all computers assigned to Vargas "may" lead to admissible evidence is bald

14  speculation.   MGA has not attempted to explain how all of Varga's computers are related

15  to the claims and defenses in the case, and has not even cited particular allegations to

16  which all of Varga's computers purportedly relate.   "A trial court has a duty, of special

17  significance in lengthy and complex cases where the possibility of abuse is always

18  present, to supervise and limit discovery to protect parties and witnesses from annoyance

19  and excessive expense."   Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see

20  also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36

21  (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1

22  (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a party may not

23

24  employment.   Even this Request is overbroad and not reasonably calculated to lead to the
    discovery of admissible evidence.

25      [63]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
26  Order No. 27, Searcy Dec., Exh. 5 at 4 (as the moving party, "Mattel bears an initial
    burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1
27  (S.D. Cal. 2009).

28

1  propound document requests as part of a fishing expedition or to discover new claims.[64]

2  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not

3  condone the use of discovery to engage in 'fishing expeditions.'").  Indeed, Rule 26(b)(1)

4  was amended in 2000 to state that discovery was only available as to matters "relevant to

5  the claim or defense of any party."   This amendment was designed to restrict

6  overreaching discovery that goes outside the claims and defenses asserted in the

7  pleadings.   <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(1), Advisory Committee Notes to 2000

8  Amendments ("The rule change signals to the court that it has the authority to confine

9  discovery to the claims and defenses asserted in the pleadings, and signals to the parties

10  that they have no entitlement to discovery to develop new claims or defenses that are not

11  identified in the pleadings.").   <u>See also</u> <u>Bernstein v. Travelers Ins. Co.</u>, 447 F. Supp.

12  1100, 1102 (N.D. Cal. 2006) (citing Committee Notes to Rule); <u>In re Ashworth, Inc.</u>

13  <u>Securities Litigation</u>, 2002 WL 33009225, *2 (S.D. Cal. 2002) (same).

14       Nor is there any basis for overruling Mattel's privilege objection.  Certainly, to the

15  extent the hard drive includes any of Mattel's privileged information, there is no reason

16  why Mattel should be required to disclose it.  Indeed, protecting such information is one

17  of the  purpose of the protocol the parties have employed with respect to other computer

18  hard drives produced in this lawsuit.  Nor is there any basis for claiming that Mattel has

19  waived it right to protect any such privileged information.

20

21  **REQUEST FOR PRODUCTION NO. 15:**

22       All DOCUMENTS REFLECTING that VARGAS took from MATTEL any of

23  the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's

24  Supplemental Responses and Objections to MGA's First Set of Interrogatories.

25

26  _____

27  [64]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Proctor Dec., Exh. 18.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to

1  the extent not previously produced, that (a) Vargas took from Mattel and, (b) that

2  show the theft of those documents.

3  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

4  **REQUEST FOR PRODUCTION NO. 15 SHOULD BE COMPELLED AND**

5  **DOCUMENTS SHOULD BE PRODUCED**

6       As set forth in MGA's Memorandum of Points and Authorities in Support of its

7  motion to Compel, Mattel had agreed to produce documents responsive to this

8  request.  <u>See,</u> Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

9  that agreement, however, Mattel has neither produced documents nor informed MGA

10  that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

11  Instead, Mattel has ceased communicating with MGA concerning this and all other

12  disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

13  and Things (Nos. 1-68).  <u>Id.</u>

14       The documents responsive to this request are clearly relevant and discoverable.

15  Additionally, Mattel's remaining objections are generic, inapplicable and fail to

16  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

17  Mattel provides no explanation, let alone the required particularity, as to **why** these

18  requests are supposedly overly broad, nor can it do so.  This objection is therefore

19  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

20  with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

21  tailored to seek documents concerning Mattel's claims of trade secret

22  misappropriation and evidence proving MGA's affirmative defenses to those claims.

23  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

24  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

25  MGA is entitled to seek that information in the form of this request.

26       As to burden, Mattel has not attempted to demonstrate why responding to these

27  requests and/or producing responsive documents presents any burden.  This objection

28  must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173

F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue...."best").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners,

1   Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

2   objections such as 'overly burdensome and harassing' are improper – especially when

3   a party fails to submit any evidentiary declarations supporting such objections");

4   Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

5   1999) ("boilerplate, generalized objections are inadequate and tantamount to not

6   making any objection at all").

7        For example, this request does not seek information protected by the attorney-

8   client privilege, the attorney work product doctrine, or any other applicable privilege.

9   Rather, it seeks documents related to Mattel's claim of trade secret theft by Vargas.

10  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

11  any allegedly privileged documents.

12       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

13  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

14  no requests for discovery are premature at this point...."  Judge Larson agreed,

15  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

16  case at all.").

17       Mattel's expert disclosure objection is also without support.  The fact that

18  expert testimony may ultimately bear on some of the subjects of the request does not

19  excuse Mattel from its obligation to provide full and complete responses based on the

20  information Mattel presently has and to produce those responsive documents.

21       In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

22  for deposition and [is] withholding information and documents requested in violation

23  of orders of the Discovery Master and the Court" is not only unsupported and false,

24  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

25  the requests would be unaffected.

26       Also, this request does not seek information violative of any third-party's rights

27  of privacy.  The facts, persons, and documents responsive to this request are in the

28  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

FURTHER RESPONSES AND OBJECTIONS

1  previously has argued, any privacy issues are fully addressed by the Protective Order

2  in this case.

3      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

4  information or documents that are in the possession, custody and control of

5  independent parties over whom Mattel has no control" is nonsensical – Mattel is

6  obligated to provide all information in its possession, custody, or control that is

7  responsive to the request.

8      In short, Mattel's objections are uniformly without merit and frivolous.  The

9  Discovery Master should order Mattel to provide a substantive response to Request

10 No. 15 without objection and order Mattel to produce the computers.

11 **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

12 **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 15 SHOULD**

13 **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

14     There is nothing to compel.  As Mattel informed MGA during the meet and confer

15 process, Mattel has received nearly identical requests in the past, has searched repeatedly

16 in good faith and produced non-privileged, responsive documents in its possession,

17 custody or control.   Nonetheless, as to this request and others where MGA identified

18 Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

19 determine whether it had any responsive documents that had not already been produced

20 or listed on a privilege log.[65]   Any additional non-privileged, responsive documents

21 located pursuant to that search will be produced before this motion is even heard.[66]

22 MGA's motion is totally unnecessary and could have been avoided altogether had MGA

23 met and conferred in good faith.

24

25

26 [65]  See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey
   Dec., Exh. D.

27 [66]  See Searcy Dec., ¶ 3.

28

There is no basis for overruling Mattel's privilege objection.  MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Vargas" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[67]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[68]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

---

[67]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.
[68]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS REFLECTING that any documents allegedly taken by VARGAS from MATTEL, including, without limitation, any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories, were given to MGA by VARGAS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party. MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already

1  produced by Mattel, including documents stolen by MGA and other defendants.

2  Such documents will not be produced again.

3      Subject to the foregoing objections, Mattel responds as follows:  At a mutually

4  agreeable time and place, Mattel will produce the non-privileged documents, if any,

5  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

6  the extent not previously produced that show that Vargas gave to MGA and its

7  subsidiaries and agents documents stolen from Mattel.

8  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

9  **REQUEST FOR PRODUCTION NO. 16 SHOULD BE COMPELLED AND**

10 **DOCUMENTS SHOULD BE PRODUCED**

11     As set forth in MGA's Memorandum of Points and Authorities in Support of its

12 motion to Compel, Mattel had agreed to produce documents responsive to this

13 request.  <u>See,</u> Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

14 that agreement, however, Mattel has neither produced documents nor informed MGA

15 that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

16 Instead, Mattel has ceased communicating with MGA concerning this and all other

17 disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

18 and Things (Nos. 1-68).  <u>Id.</u>

19     The documents responsive to this request are clearly relevant and discoverable.

20 Additionally, Mattel's remaining objections are generic, inapplicable and fail to

21 justify Mattel's failure to produce all responsive documents.  As to overbreadth,

22 Mattel provides no explanation, let alone the required particularity, as to ***why*** these

23 requests are supposedly overly broad, nor can it do so.  This objection is therefore

24 improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

25 with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

26 tailored to seek documents concerning Mattel's claims of trade secret

27 misappropriation and evidence proving MGA's affirmative defenses to those claims.

28 Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

1    Since Mattel has yet to identify the trade secrets it claims were misappropriated,

2    MGA is entitled to seek that information in the form of this request.

3          As to burden, Mattel has not attempted to demonstrate why responding to these

4    requests and/or producing responsive documents presents any burden.  This objection

5    must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

6    F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7    unduly burdensome must allege specific facts which indicate the nature and extent of

8    the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

9    dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

10   Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

11   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

12   to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

13   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

14   because value of information to plaintiff clearly outweighed any annoyance or

15   expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

16   Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

17   perform extensive research or to compile substantial amounts of data and information

18   does not automatically constitute an undue burden....  Imposing such a burden is

19   particularly proper where, as here, the information sought is crucial to the ultimate

20   determination of a crucial issue....").  To the extent that there is any burden at all, it is

21   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

22   in three countries.  The need for this information to defend against Mattel's claims

23   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

24   already ruled that a party cannot complain that requests are unduly burdensome when

25   the request "merely seeks information regarding the extent of" a party's claim.  Order

26   No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

27   Mattel infringed numerous products, Mattel has the right to discover the scope of the

28   alleged claims.  Accordingly, the objections are overruled.").

1    Mattel also makes a number of other improper objections, none of which is

2  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

3  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

4  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

5  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

6  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

7  objections such as 'overly burdensome and harassing' are improper – especially when

8  a party fails to submit any evidentiary declarations supporting such objections");

9  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

10  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

11  making any objection at all").

12    For example, this request does not seek information protected by the attorney-

13  client privilege, the attorney work product doctrine, or any other applicable privilege.

14  Rather, it seeks documents related to Mattel's claim of trade secret theft by Vargas.

15  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

16  any allegedly privileged documents.

17    Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

18  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

19  no requests for discovery are premature at this point...."  Judge Larson agreed,

20  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

21  case at all.").

22    Mattel's expert disclosure objection is also without support.  The fact that

23  expert testimony may ultimately bear on some of the subjects of the request does not

24  excuse Mattel from its obligation to provide full and complete responses based on the

25  information Mattel presently has and to produce those responsive documents.

26    In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

27  for deposition and [is] withholding information and documents requested in violation

28  of orders of the Discovery Master and the Court" is not only unsupported and false,

-105-

FURTHER RESPONSES AND OBJECTIONS

but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 16 without objection and order Mattel to produce the computers.

### FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 16 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

There is nothing to compel.  As Mattel informed MGA during the meet and confer process, Mattel has received nearly identical requests in the past, has searched repeatedly in good faith and produced non-privileged, responsive documents in its possession, custody or control.  Nonetheless, as to this request and others where MGA identified Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to determine whether it had any responsive documents that had not already been produced or listed on a privilege log.[69]  Any additional non-privileged, responsive documents

---

[69]  See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

located pursuant to that search will be produced before this motion is even heard.[70] MGA's motion is totally unnecessary and could have been avoided altogether had MGA met and conferred in good faith.

There is no basis for overruling Mattel's privilege objection.  MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Vargas" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[71]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[72] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

---

[70]   See Searcy Dec., ¶ 3.
[71]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS REFLECTING that any documents allegedly taken by VARGAS from MATTEL, including, without limitation, any of the documents identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories, were given to MGA HK by VARGAS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are

---

[72]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

FURTHER RESPONSES AND OBJECTIONS

in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced that show that Vargas gave to MGA and its subsidiaries and agents documents stolen from Mattel.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 17 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As set forth in MGA's Memorandum of Points and Authorities in Support of its motion to Compel, Mattel had agreed to produce documents responsive to this request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite that agreement, however, Mattel has neither produced documents nor informed MGA that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9. Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Id.

The documents responsive to this request are clearly relevant and discoverable. Additionally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order

No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by Vargas. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

1    In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

2  for deposition and [is] withholding information and documents requested in violation

3  of orders of the Discovery Master and the Court" is not only unsupported and false,

4  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

5  the requests would be unaffected.

6    Also, this request does not seek information violative of any third-party's rights

7  of privacy.  The facts, persons, and documents responsive to this request are in the

8  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

9  previously has argued, any privacy issues are fully addressed by the Protective Order

10  in this case.

11    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

12  information or documents that are in the possession, custody and control of

13  independent parties over whom Mattel has no control" is nonsensical – Mattel is

14  obligated to provide all information in its possession, custody, or control that is

15  responsive to the request.

16    In short, Mattel's objections are uniformly without merit and frivolous.  The

17  Discovery Master should order Mattel to provide a substantive response to Request

18  No. 17 without objection and order Mattel to produce the computers.

19  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

20  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 17 SHOULD**

21  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

22    There is nothing to compel.  As Mattel informed MGA during the meet and confer

23  process, Mattel has received nearly identical requests in the past, has searched repeatedly

24  in good faith and produced non-privileged, responsive documents in its possession,

25  custody or control.  Nonetheless, as to this request and others where MGA identified

26  Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

27

28

FURTHER RESPONSES AND OBJECTIONS

1  determine whether it had any responsive documents that had not already been produced

2  or listed on a privilege log.[73]   Any additional non-privileged, responsive documents

3  located pursuant to that search will be produced before this motion is even heard.[74]

4  MGA's motion is totally unnecessary and could have been avoided altogether had MGA

5  met and conferred in good faith.

6       There is no basis for overruling Mattel's privilege objection.  MGA's assertion that

7  this Request does not seek information protected by the attorney-client privilege, the

8  attorney work product doctrine, or any other applicable privilege because "it seeks

9  documents related to Mattel's claim of trade secret theft by Vargas" has no merit.

10 Documents related to one of Mattel's *claims in this action* could very well be subject to a

11 claim of privilege or work product protection.  MGA's waiver argument is also without

12 merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

13 action.[75]   Moreover, as MGA has itself argued, the parties have agreed that "all

14 privileged documents would be logged except for documents created after this action

15 was filed on April 27, 2004."[76] Thus, to the extent privileged documents fall within the

16 post lawsuit time period, they need not be included on Mattel's log.

17       Mattel also properly reserved its right to supplement its production subject to

18 expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

19 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

20 because "[t]o the extent that the theories of damages applicable to these claims may be

21 related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

22 Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

23

24      [73]  See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey
        Dec., Exh. D.

25      [74]  See Searcy Dec., ¶ 3.

26      [75]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27      [76]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal
        Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

1  motion to compel interrogatory responses but noting that "this Court does not expect
2  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a
3  later date" and "since experts have not been either retained or deposed, much of the
4  remaining discovery is also premature.").

5

6  **REQUEST FOR PRODUCTION NO. 18:**

7       All DOCUMENTS REFLECTING that any documents allegedly taken by
8  VARGAS from MATTEL, including, without limitation, any of the documents
9  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental
10  Responses and Objections to MGA's First Set of Interrogatories, were given to MGA
11  MEXICO by VARGAS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

13       Mattel incorporates by reference the above-stated general objections as if fully
14  set forth herein.  Mattel also specifically objects to this Request on the ground that it
15  is premature because the subject matter of this Request will be the subject of expert
16  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the
17  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its
18  experts and make related disclosures in accordance with the Court's orders and
19  applicable rules.  Mattel further objects that this Request is premature because
20  Defendants have not complied with their discovery obligations.  They have failed to
21  produce witnesses for deposition and are withholding information and documents
22  requested in violation of orders of the Discovery Master and the Court.  Mattel
23  objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.
24  Mattel further objects to this Request to the extent that it calls for the disclosure of
25  information subject to the attorney-client privilege, the attorney work- product
26  doctrine and other applicable privileges.  Mattel further objects to this Request on the
27  ground and to the extent it seeks trade secret, proprietary or otherwise confidential
28  information of Mattel or third parties.  Any such documents that are produced, if any,

1   will be produced only pursuant to and in reliance upon the Protective Order entered in

2   this case.  Mattel also objects to this Request to the extent it seeks documents that are

3   in the possession, custody and control of a foreign subsidiary of a party.  MGA has

4   objected that such documents are not within the scope of requests to a domestic party.

5   Mattel further objects to this Request to the extent that it may seek documents already

6   produced by Mattel, including documents stolen by MGA and other defendants.

7   Such documents will not be produced again.

8        Subject to the foregoing objections, Mattel responds as follows:  At a mutually

9   agreeable time and place, Mattel will produce the non-privileged documents, if any,

10  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

11  the extent not previously produced that show that Vargas gave to MGA and its

12  subsidiaries and agents documents stolen from Mattel.

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

14  **REQUEST FOR PRODUCTION NO. 18 SHOULD BE COMPELLED AND**

15  **DOCUMENTS SHOULD BE PRODUCED**

16       As set forth in MGA's Memorandum of Points and Authorities in Support of its

17  motion to Compel, Mattel had agreed to produce documents responsive to this

18  request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

19  that agreement, however, Mattel has neither produced documents nor informed MGA

20  that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

21  Instead, Mattel has ceased communicating with MGA concerning this and all other

22  disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

23  and Things (Nos. 1-68).  Id.

24       The documents responsive to this request are clearly relevant and discoverable.

25  Additionally, Mattel's remaining objections are generic, inapplicable and fail to

26  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

27  Mattel provides no explanation, let alone the required particularity, as to *why* these

28  requests are supposedly overly broad, nor can it do so.  This objection is therefore

1  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

2  with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

3  tailored to seek documents concerning Mattel's claims of trade secret

4  misappropriation and evidence proving MGA's affirmative defenses to those claims.

5  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

6  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

7  MGA is entitled to seek that information in the form of this request.

8      As to burden, Mattel has not attempted to demonstrate why responding to these

9  requests and/or producing responsive documents presents any burden.  This objection

10  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

11  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

12  unduly burdensome must allege specific facts which indicate the nature and extent of

13  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

14  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

15  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

16  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

17  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

18  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

19  because value of information to plaintiff clearly outweighed any annoyance or

20  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

21  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

22  perform extensive research or to compile substantial amounts of data and information

23  does not automatically constitute an undue burden....  Imposing such a burden is

24  particularly proper where, as here, the information sought is crucial to the ultimate

25  determination of a crucial issue....").  To the extent that there is any burden at all, it is

26  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

27  in three countries.  The need for this information to defend against Mattel's claims

28  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

-116-

FURTHER RESPONSES AND OBJECTIONS

1    already ruled that a party cannot complain that requests are unduly burdensome when

2    the request "merely seeks information regarding the extent of" a party's claim.  Order

3    No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

4    Mattel infringed numerous products, Mattel has the right to discover the scope of the

5    alleged claims.  Accordingly, the objections are overruled.").

6         Mattel also makes a number of other improper objections, none of which is

7    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

8    part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

9    P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

10   specificity are routinely rejected in the Central District.  See A. Farber and Partners,

11   Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

12   objections such as 'overly burdensome and harassing' are improper – especially when

13   a party fails to submit any evidentiary declarations supporting such objections");

14   Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

15   1999) ("boilerplate, generalized objections are inadequate and tantamount to not

16   making any objection at all").

17        For example, this request does not seek information protected by the attorney-

18   client privilege, the attorney work product doctrine, or any other applicable privilege.

19   Rather, it seeks documents related to Mattel's claim of trade secret theft by Vargas.

20   Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

21   any allegedly privileged documents.

22        Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

23   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

24   no requests for discovery are premature at this point...."  Judge Larson agreed,

25   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

26   case at all.").

27        Mattel's expert disclosure objection is also without support.  The fact that

28   expert testimony may ultimately bear on some of the subjects of the request does not

1  excuse Mattel from its obligation to provide full and complete responses based on the

2  information Mattel presently has and to produce those responsive documents.

3      In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

4  for deposition and [is] withholding information and documents requested in violation

5  of orders of the Discovery Master and the Court" is not only unsupported and false,

6  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

7  the requests would be unaffected.

8      Also, this request does not seek information violative of any third-party's rights

9  of privacy.  The facts, persons, and documents responsive to this request are in the

10  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

11  previously has argued, any privacy issues are fully addressed by the Protective Order

12  in this case.

13      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

14  information or documents that are in the possession, custody and control of

15  independent parties over whom Mattel has no control" is nonsensical – Mattel is

16  obligated to provide all information in its possession, custody, or control that is

17  responsive to the request.

18      In short, Mattel's objections are uniformly without merit and frivolous.  The

19  Discovery Master should order Mattel to provide a substantive response to Request

20  No. 18 without objection and order Mattel to produce the computers.

21  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

22  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 18 SHOULD**

23  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

24      There is nothing to compel.  As Mattel informed MGA during the meet and confer

25  process, Mattel has received nearly identical requests in the past, has searched repeatedly

26  in good faith and produced non-privileged, responsive documents in its possession,

27  custody or control.  Nonetheless, as to this request and others where MGA identified

28  Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

1   determine whether it had any responsive documents that had not already been produced

2   or listed on a privilege log.[77]   Any additional non-privileged, responsive documents

3   located pursuant to that search will be produced before this motion is even heard.[78]

4   MGA's motion is totally unnecessary and could have been avoided altogether had MGA

5   met and conferred in good faith.

6            There is no basis for overruling Mattel's privilege objection.  MGA's assertion that

7   this Request does not seek information protected by the attorney-client privilege, the

8   attorney work product doctrine, or any other applicable privilege because "it seeks

9   documents related to Mattel's claim of trade secret theft by Vargas" has no merit.

10  Documents related to one of Mattel's *claims in this action* could very well be subject to a

11  claim of privilege or work product protection.  MGA's waiver argument is also without

12  merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

13  action.[79]   Moreover, as MGA has itself argued, the parties have agreed that "all

14  privileged documents would be logged except for documents created after this action

15  was filed on April 27, 2004."[80] Thus, to the extent privileged documents fall within the

16  post lawsuit time period, they need not be included on Mattel's log.

17           Mattel also properly reserved its right to supplement its production subject to

18  expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

19  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

20  because "[t]o the extent that the theories of damages applicable to these claims may be

21  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

22  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

23

24     [77]   See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey
       Dec., Exh. D.

25     [78]   See Searcy Dec., ¶ 3.

26     [79]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27     [80]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal
       Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

FURTHER RESPONSES AND OBJECTIONS

1  motion to compel interrogatory responses but noting that "this Court does not expect
2  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a
3  later date" and "since experts have not been either retained or deposed, much of the
4  remaining discovery is also premature.").

5
6  **REQUEST FOR PRODUCTION NO. 19:**

7       All DOCUMENTS REFLECTING that any documents allegedly taken by
8  VARGAS from MATTEL, including, without limitation, any of the documents
9  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental
10 Responses and Objections to MGA's First Set of Interrogatories, were given to
11 LARIAN by VARGAS.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

13      Mattel incorporates by reference the above-stated general objections as if fully
14 set forth herein.  Mattel also specifically objects to this Request on the ground that it
15 is premature because the subject matter of this Request will be the subject of expert
16 testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the
17 expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its
18 experts and make related disclosures in accordance with the Court's orders and
19 applicable rules.  Mattel further objects that this Request is premature because
20 Defendants have not complied with their discovery obligations.  They have failed to
21 produce witnesses for deposition and are withholding information and documents
22 requested in violation of orders of the Discovery Master and the Court.  Mattel
23 objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.
24 Mattel further objects to this Request to the extent that it calls for the disclosure of
25 information subject to the attorney-client privilege, the attorney work- product
26 doctrine and other applicable privileges.  Mattel further objects to this Request on the
27 ground and to the extent it seeks trade secret, proprietary or otherwise confidential
28 information of Mattel or third parties.  Any such documents that are produced, if any,

1  will be produced only pursuant to and in reliance upon the Protective Order entered in

2  this case.  Mattel also objects to this Request to the extent it seeks documents that are

3  in the possession, custody and control of a foreign subsidiary of a party.  MGA has

4  objected that such documents are not within the scope of requests to a domestic party.

5  Mattel further objects to this Request to the extent that it may seek documents already

6  produced by Mattel, including documents stolen by MGA and other defendants.

7  Such documents will not be produced again.

8  　　　Subject to the foregoing objections, Mattel responds as follows:  At a mutually

9  agreeable time and place, Mattel will produce the non-privileged documents, if any,

10  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

11  the extent not previously produced that show that Vargas gave to MGA and its

12  subsidiaries and agents documents stolen from Mattel.

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

14  **REQUEST FOR PRODUCTION NO. 19 SHOULD BE COMPELLED AND**

15  **DOCUMENTS SHOULD BE PRODUCED**

16  　　　As set forth in MGA's Memorandum of Points and Authorities in Support of its

17  motion to Compel, Mattel had agreed to produce documents responsive to this

18  request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

19  that agreement, however, Mattel has neither produced documents nor informed MGA

20  that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

21  Instead, Mattel has ceased communicating with MGA concerning this and all other

22  disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

23  and Things (Nos. 1-68).  Id.

24  　　　The documents responsive to this request are clearly relevant and discoverable.

25  Additionally, Mattel's remaining objections are generic, inapplicable and fail to

26  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

27  Mattel provides no explanation, let alone the required particularity, as to **why** these

28  requests are supposedly overly broad, nor can it do so.  This objection is therefore

1   improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

2   with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

3   tailored to seek documents concerning Mattel's claims of trade secret

4   misappropriation and evidence proving MGA's affirmative defenses to those claims.

5   Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

6   Since Mattel has yet to identify the trade secrets it claims were misappropriated,

7   MGA is entitled to seek that information in the form of this request.

8           As to burden, Mattel has not attempted to demonstrate why responding to these

9   requests and/or producing responsive documents presents any burden.  This objection

10  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

11  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

12  unduly burdensome must allege specific facts which indicate the nature and extent of

13  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

14  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

15  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

16  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

17  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

18  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

19  because value of information to plaintiff clearly outweighed any annoyance or

20  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

21  Schools, 182 F.R.D. 486,491 (W.D. N.C. 1998) ("Requiring a responding party to

22  perform extensive research or to compile substantial amounts of data and information

23  does not automatically constitute an undue burden....  Imposing such a burden is

24  particularly proper where, as here, the information sought is crucial to the ultimate

25  determination of a crucial issue....").  To the extent that there is any burden at all, it is

26  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

27  in three countries.  The need for this information to defend against Mattel's claims

28  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade secret theft by Vargas.  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not

1  excuse Mattel from its obligation to provide full and complete responses based on the

2  information Mattel presently has and to produce those responsive documents.

3      In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

4  for deposition and [is] withholding information and documents requested in violation

5  of orders of the Discovery Master and the Court" is not only unsupported and false,

6  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

7  the requests would be unaffected.

8      Also, this request does not seek information violative of any third-party's rights

9  of privacy.  The facts, persons, and documents responsive to this request are in the

10  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

11  previously has argued, any privacy issues are fully addressed by the Protective Order

12  in this case.

13      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

14  information or documents that are in the possession, custody and control of

15  independent parties over whom Mattel has no control" is nonsensical – Mattel is

16  obligated to provide all information in its possession, custody, or control that is

17  responsive to the request.

18      In short, Mattel's objections are uniformly without merit and frivolous.  The

19  Discovery Master should order Mattel to provide a substantive response to Request

20  No. 19 without objection and order Mattel to produce the computers.

21  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

22  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 19 SHOULD**

23  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

24      There is nothing to compel.  As Mattel informed MGA during the meet and confer

25  process, Mattel has received nearly identical requests in the past, has searched repeatedly

26  in good faith and produced non-privileged, responsive documents in its possession,

27  custody or control.  Nonetheless, as to this request and others where MGA identified

28  Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

1   determine whether it had any responsive documents that had not already been produced

2   or listed on a privilege log.[81]   Any additional non-privileged, responsive documents

3   located pursuant to that search will be produced before this motion is even heard.[82]

4   MGA's motion is totally unnecessary and could have been avoided altogether had MGA

5   met and conferred in good faith.

6       There is no basis for overruling Mattel's privilege objection.  MGA's assertion that

7   this Request does not seek information protected by the attorney-client privilege, the

8   attorney work product doctrine, or any other applicable privilege because "it seeks

9   documents related to Mattel's claim of trade secret theft by Vargas" has no merit.

10   Documents related to one of Mattel's *claims in this action* could very well be subject to a

11   claim of privilege or work product protection.  MGA's waiver argument is also without

12   merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

13   action.[83]   Moreover, as MGA has itself argued, the parties have agreed that "all

14   privileged documents would be logged except for documents created after this action

15   was filed on April 27, 2004."[84] Thus, to the extent privileged documents fall within the

16   post lawsuit time period, they need not be included on Mattel's log.

17       Mattel also properly reserved its right to supplement its production subject to

18   expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

19   1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

20   because "[t]o the extent that the theories of damages applicable to these claims may be

21   related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

22   Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

23

24   [81]   See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

25   [82]   See Searcy Dec., ¶ 3.

26   [83]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27   [84]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

1   motion to compel interrogatory responses but noting that "this Court does not expect

2   Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

3   later date" and "since experts have not been either retained or deposed, much of the

4   remaining discovery is also premature.").

5

6   **REQUEST FOR PRODUCTION NO. 20:**

7       All DOCUMENTS REFLECTING that any documents allegedly taken by

8   VARGAS from MATTEL, including, without limitation, any of the documents

9   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

10  Responses and Objections to MGA's First Set of Interrogatories, gave MGA an

11  "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of

12  MATTEL's Supplemental Responses and Objections to MGA's First Set of

13  Interrogatories.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

15      Mattel incorporates by reference the above-stated general objections as if fully

16  set forth herein.  Mattel also specifically objects to the use of the term

17  "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

18  Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

19  confidential information of Mattel or third parties.  Any such documents that are

20  produced, if any, will be produced only pursuant to and in reliance upon the

21  Protective Order entered in this case.  Mattel further objects that this Request is

22  premature because Defendants have not complied with their discovery obligations.

23  They have failed to produce witnesses for deposition and are withholding information

24  and documents requested in violation of orders of the Discovery Master and the

25  Court.  Mattel further objects to this Request on the ground that it is premature

26  because the subject matter of this Request will be the subject of expert testimony at

27  trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony

28  that Mattel may seek to introduce at trial.  Mattel will identify its experts and make

-126-

FURTHER RESPONSES AND OBJECTIONS

1   related disclosures in accordance with the Court's orders and applicable rules.  Mattel

2   further objects to this Request to the extent that it calls for the disclosure of

3   information subject to the attorney-client privilege, the attorney work-product

4   doctrine and other applicable privileges.  Mattel also objects to this Request to the

5   extent it seeks documents that are in the possession, custody and control of a foreign

6   subsidiary of a party.  MGA has objected that such documents are not within the

7   scope of requests to a domestic party.  Mattel further objects to this Request to the

8   extent that it may seek documents already produced by Mattel, including documents

9   stolen by MGA and other defendants.  Such documents will not be produced again.

10  Mattel also objects to this Request because it seeks documents that are in the MGA

11  Parties' exclusive possession, custody and control.

12  **FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

14          Mattel incorporates by reference the above-stated general objections as if

15  fully set forth herein.  Mattel also specifically objects to the use of the term

16  "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

17  Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

18  confidential information of Mattel or third parties.  Any such documents that are

19  produced, if any, will be produced only pursuant to and in reliance upon the

20  Protective Order entered in this case.  Mattel further objects that this Request is

21  premature because Defendants have not complied with their discovery obligations.

22  They have failed to produce witnesses for deposition and are withholding information

23  and documents requested in violation of orders of the Discovery Master and the

24  Court.  Mattel further objects to this Request on the ground that it is premature

25  because the subject matter of this Request will be the subject of expert testimony at

26  trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony

27  that Mattel may seek to introduce at trial.  Mattel will identify its experts and make

28  related disclosures in accordance with the Court's orders and applicable rules.  Mattel

further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again. Mattel also objects to this Request because it seeks documents that are in the MGA Parties' exclusive possession, custody and control.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents in its possession, custody or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, that show that documents taken from Mattel by Vargas gave MGA an unfair competitive advantage.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 20 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

During meet and confer discussions with Mattel, Mattel advised that it did not agree to produce responsive documents to this request because Mattel claims that the documents are in the exclusive possession of MGA. See Mankey Decl., Ex. D. MGA explained that this response differed from Mattel's responses to Requests 11 and 31. Id.  Mattel then asserted that it did not have responsive documents.  Id.  Thus, Mattel had agreed to confirm that Mattel neither has nor had responsive documents to this Request.  Id.  Despite that agreement, however, Mattel has not confirmed there are no responsive documents to this request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to

1  MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos.

2  1-68).  Id.

3          The documents responsive to this request are clearly relevant and discoverable.

4  Additionally, Mattel's remaining objections are generic, inapplicable and fail to

5  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

6  Mattel provides no explanation, let alone the required particularity, as to **why** these

7  requests are supposedly overly broad, nor can it do so.  This objection is therefore

8  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

9  with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

10 tailored to seek documents concerning Mattel's claims of trade secret

11 misappropriation and evidence proving MGA's affirmative defenses to those claims.

12 Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

13 Since Mattel has yet to identify the trade secrets it claims were misappropriated,

14 MGA is entitled to seek that information in the form of this request.

15         As to burden, Mattel has not attempted to demonstrate why responding to these

16 requests and/or producing responsive documents presents any burden.  This objection

17 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

18 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

19 unduly burdensome must allege specific facts which indicate the nature and extent of

20 the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

21 dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

22 Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

23 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

24 to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

25 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

26 because value of information to plaintiff clearly outweighed any annoyance or

27 expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

28 Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

1  perform extensive research or to compile substantial amounts of data and information
2  does not automatically constitute an undue burden....  Imposing such a burden is
3  particularly proper where, as here, the information sought is crucial to the ultimate
4  determination of a crucial issue....").  To the extent that there is any burden at all, it is
5  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct
6  in three countries.  The need for this information to defend against Mattel's claims
7  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has
8  already ruled that a party cannot complain that requests are unduly burdensome when
9  the request "merely seeks information regarding the extent of" a party's claim.  Order
10  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends
11  Mattel infringed numerous products, Mattel has the right to discover the scope of the
12  alleged claims.  Accordingly, the objections are overruled.").

13       Mattel also makes a number of other improper objections, none of which is
14  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to
15  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.
16  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with
17  specificity are routinely rejected in the Central District.  See <u>A. Farber and Partners,</u>
18  <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate
19  objections such as 'overly burdensome and harassing' are improper – especially when
20  a party fails to submit any evidentiary declarations supporting such objections");
21  <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal.
22  1999) ("boilerplate, generalized objections are inadequate and tantamount to not
23  making any objection at all").

24       For example, this request does not seek information protected by the attorney-
25  client privilege, the attorney work product doctrine, or any other applicable privilege.
26  Rather, it seeks documents related to Mattel's claim of trade secret theft by Vargas.
27  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to
28  any allegedly privileged documents.

1   Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

2   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

3   no requests for discovery are premature at this point...."  Judge Larson agreed,

4   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

5   case at all.").

6   Mattel's expert disclosure objection is also without support.  The fact that

7   expert testimony may ultimately bear on some of the subjects of the request does not

8   excuse Mattel from its obligation to provide full and complete responses based on the

9   information Mattel presently has and to produce those responsive documents.

10   In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

11   for deposition and [is] withholding information and documents requested in violation

12   of orders of the Discovery Master and the Court" is not only unsupported and false,

13   but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

14   the requests would be unaffected.

15   Also, this request does not seek information violative of any third-party's rights

16   of privacy.  The facts, persons, and documents responsive to this request are in the

17   possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

18   previously has argued, any privacy issues are fully addressed by the Protective Order

19   in this case.

20   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

21   information or documents that are in the possession, custody and control of

22   independent parties over whom Mattel has no control" is nonsensical – Mattel is

23   obligated to provide all information in its possession, custody, or control that is

24   responsive to the request.

25   In short, Mattel's objections are uniformly without merit and frivolous.  The

26   Discovery Master should order Mattel to provide a substantive response to Request

27   No. 20 without objection and order Mattel to produce the computers.

28

1 **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

2 **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 20 SHOULD**

3 **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

4   There is nothing for the Discovery Master to compel. During the parties' July 1,

5 2009 conference on this issue, Mattel represented to MGA that to the extent Mattel had

6 located nonprivileged, responsive documents, it had produced them, and that documents

7 responsive to this request were in the possession of MGA and related parties, not

8 Mattel.[85]   At MGA's insistence, however, Mattel agreed to search for additional

9 nonprivileged, responsive documents and produce any it was able to locate after a

10 reasonable search.   Mattel is conducting this search and will produce additional

11 nonprivileged, responsive documents, if any, before this motion is even heard.

12   There is no basis for overruling Mattel's privilege objection. Apart from the fact

13 that MGA never raised this objection in any meet and confer, MGA's assertion that this

14 Request does not seek information protected by the attorney-client privilege, the attorney

15 work product doctrine, or any other applicable privilege because "it seeks documents

16 related to Mattel's claim of trade secret theft by Vargas" has no merit.  Documents

17 related to one of Mattel's *claims in this action* could very well be subject to a claim of

18 privilege or work product protection.  MGA's waiver argument is also without merit.

19 Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

20 action.[86]   Moreover, as MGA has itself argued, the parties have agreed that "all

21 privileged documents would be logged except for documents created after this action

22 was filed on April 27, 2004."[87]  Thus, to the extent privileged documents fall within the

23 post lawsuit time period, they need not be included on Mattel's log.

24

25  [85]   Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

26  [86]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27  [87]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

07975/3037452.2

FURTHER RESPONSES AND OBJECTIONS

The Discovery Master should also uphold Mattel's objection that the term "REFLECTING" as used in the Request is vague, ambiguous and overbroad. The Request puported to seek "All DOCUMENTS REFLECTING" that the stolen documents gave MGA an "unfair competitive advantage." MGA stated that "'REFLECTING' should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussions, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed."[88] Even if one uses the dictionary definition of the word "reflecting"[89] much less employs MGA's "broadest possible" definition, the request is impermissibly vague and overbroad.

In addition, Mattel properly reserved its right to supplement its production subject to expert discovery. New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect

---

[88]   See MGA's First Set of Phase 2 Requests for Production at 4:9-13.
[89]   See Merriam-Webster Dictionary webpage <http://www.merriam-webster.com/dictionary/reflect>, as accessed on August 7, 2009 (transitive verb:  1 *archaic*: to turn into or away from a course: deflect; 2: to prevent passage of an cause to change direction <a mirror *reflects* light>; 3: to bend or fold back; 4: to give back or exhibit as an image, likeness, or outline: mirror <the clouds were *reflected* in the water>; 5: to bring or cast as a result <his attitude *reflects* little credit on his judgment>; 6: to make manifest or apparent: show <the painting *reflects* his artistic vision< >the pulse *reflects* the condition of the heart>; 7: realize, consider; intransitive verb: 1: to throw back light or sound; 2a: to think quietly and calmly, b: to express a thought or opinion resulting from reflection; 3a: to tend to bring reproach or discredit <an investigation that *reflects* on all members of the department> b: to bring about a specified appearance or characterization <an act which *reflects* well on her> c: to have a bearing or influence) (emphasis in original).

-133-

FURTHER RESPONSES AND OBJECTIONS

1   Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

2   later date" and "since experts have not been either retained or deposed, much of the

3   remaining discovery is also premature.").

4        Mattel also validly objected to this Request to the extent MGA's and related

5   parties' stonewalling has limited Mattel's ability to fully investigate its claims.  Mattel

6   provided numerous examples of MGA's and related parties' obstructionism in its

7   Opposition To MGA's Motion To Compel Further Responses To MGA's First Set of

8   Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, which it

9   incorporates here by reference.[90]

10

11   **REQUEST FOR PRODUCTION NO. 21:**

12        All DOCUMENTS REFLECTING that any documents allegedly taken by

13   VARGAS from MATTEL, including, without limitation, any of the documents

14   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

15   Responses and Objections to MGA's First Set of Interrogatories, gave MGA HK an

16   "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of

17   MATTEL's Supplemental Responses and Objections to MGA's First Set of

18   Interrogatories.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

20        Mattel incorporates by reference the above-stated general objections as if fully

21   set forth herein.  Mattel also specifically objects to the use of the term

22   "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

23   Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

24   confidential information of Mattel or third parties.  Any such documents that are

25

26      [90]  See Mattel's Opposition To MGA's Motion To Compel Further Responses To
27   MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for
       Production, dated August 5, 2009, at 24:5-27:14.
28

1   produced, if any, will be produced only pursuant to and in reliance upon the

2   Protective Order entered in this case.  Mattel further objects that this Request is

3   premature because Defendants have not complied with their discovery obligations.

4   They have failed to produce witnesses for deposition and are withholding information

5   and documents requested in violation of orders of the Discovery Master and the

6   Court.  Mattel further objects to this Request on the ground that it is premature

7   because the subject matter of this Request will be the subject of expert testimony at

8   trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony

9   that Mattel may seek to introduce at trial.  Mattel will identify its experts and make

10  related disclosures in accordance with the Court's orders and applicable rules.  Mattel

11  further objects to this Request to the extent that it calls for the disclosure of

12  information subject to the attorney-client privilege, the attorney work-product

13  doctrine and other applicable privileges.  Mattel also objects to this Request to the

14  extent it seeks documents that are in the possession, custody and control of a foreign

15  subsidiary of a party.  MGA has objected that such documents are not within the

16  scope of requests to a domestic party.  Mattel further objects to this Request to the

17  extent that it may seek documents already produced by Mattel, including documents

18  stolen by MGA and other defendants.  Such documents will not be produced again.

19  Mattel also objects to this Request because it seeks documents that are in the MGA

20  Parties' exclusive possession, custody and control.

21  **FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION**

22  **NO. 21:**

23          Mattel incorporates by reference the above-stated general objections as if

24  fully set forth herein.  Mattel also specifically objects to the use of the term

25  "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

26  Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

27  confidential information of Mattel or third parties.  Any such documents that are

28  produced, if any, will be produced only pursuant to and in reliance upon the

1 Protective Order entered in this case.  Mattel further objects that this Request is

2 premature because Defendants have not complied with their discovery obligations.

3 They have failed to produce witnesses for deposition and are withholding information

4 and documents requested in violation of orders of the Discovery Master and the

5 Court.  Mattel further objects to this Request on the ground that it is premature

6 because the subject matter of this Request will be the subject of expert testimony at

7 trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony

8 that Mattel may seek to introduce at trial.  Mattel will identify its experts and make

9 related disclosures in accordance with the Court's orders and applicable rules.  Mattel

10 further objects to this Request to the extent that it calls for the disclosure of

11 information subject to the attorney-client privilege, the attorney work-product

12 doctrine and other applicable privileges.  Mattel also objects to this Request to the

13 extent it seeks documents that are in the possession, custody and control of a foreign

14 subsidiary of a party.  MGA has objected that such documents are not within the

15 scope of requests to a domestic party.  Mattel further objects to this Request to the

16 extent that it may seek documents already produced by Mattel, including documents

17 stolen by MGA and other defendants.  Such documents will not be produced again.

18 Mattel also objects to this Request because it seeks documents that are in the MGA

19 Parties' exclusive possession, custody and control.

20      Subject to the foregoing objections, Mattel responds as follows:  At a mutually

21 agreeable time and place, Mattel will produce the non-privileged documents in its

22 possession, custody or control, if any, that Mattel has been able to locate after a

23 diligent search and reasonable inquiry, to the extent not previously produced, that

24 show that documents taken from Mattel by Vargas gave MGA HK an unfair

25 competitive advantage.

26

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 21 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

During meet and confer discussions with Mattel, Mattel advised that it did not agree to produce responsive documents to this request because Mattel claims that the documents are in the exclusive possession of MGA. <u>See</u> Mankey Decl., Ex. D. MGA explained that this response differed from Mattel's responses to Requests 11 and 31. <u>Id.</u> Mattel then asserted that it did not have responsive documents. <u>Id.</u> Thus, Mattel had agreed to confirm that Mattel neither has nor had responsive documents to this Request. <u>Id.</u> Despite that agreement, however, Mattel has not confirmed there are no responsive documents to this request. Chaudoir Decl., ¶ 9. Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68). <u>Id.</u>

The documents responsive to this request are clearly relevant and discoverable. Additionally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents. As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to ***why*** these requests are supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10. To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden. This objection

1   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

2   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

3   unduly burdensome must allege specific facts which indicate the nature and extent of

4   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

5   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

6   Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

7   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

8   to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

9   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

10  because value of information to plaintiff clearly outweighed any annoyance or

11  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

12  Schools, 182 F.R.D. 486, 491 (W.D. N. C. 1998) ("Requiring a responding party to

13  perform extensive research or to compile substantial amounts of data and information

14  does not automatically constitute an undue burden....  Imposing such a burden is

15  particularly proper where, as here, the information sought is crucial to the ultimate

16  determination of a crucial issue....").  To the extent that there is any burden at all, it is

17  from Mattel's having filed broad based and unwarranted attacks on MGA's conduct in

18  three countries.  The need for this information to defend against Mattel's claims

19  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

20  already ruled that a party cannot complain that requests are unduly burdensome when

21  the request "merely seeks information regarding the extent of" a party's claim.  Order

22  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

23  Mattel infringed numerous products, Mattel has the right to discover the scope of the

24  alleged claims.  Accordingly, the objections are overruled.").

25        Mattel also makes a number of other improper objections, none of which is

26  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

27  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

28  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by Vargas. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the

1  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

2  previously has argued, any privacy issues are fully addressed by the Protective Order

3  in this case.

4       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

5  information or documents that are in the possession, custody and control of

6  independent parties over whom Mattel has no control" is nonsensical – Mattel is

7  obligated to provide all information in its possession, custody, or control that is

8  responsive to the request.

9       In short, Mattel's objections are uniformly without merit and frivolous.  The

10  Discovery Master should order Mattel to provide a substantive response to Request

11  No. 21 without objection and order Mattel to produce the computers.

12  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

13  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 21 SHOULD**

14  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

15       There is nothing for the Discovery Master to compel.  During the parties' July 1,

16  2009 conference on this issue, Mattel represented to MGA that to the extent Mattel had

17  located nonprivileged, responsive documents, it had produced them, and that documents

18  responsive to this request were in the possession of MGA and related parties, not

19  Mattel.[91]   At MGA's insistence, however, Mattel agreed to search for additional

20  nonprivileged, responsive documents and produce any it was able to locate after a

21  reasonable search.   Mattel is conducting this search and will produce additional

22  nonprivileged, responsive documents, if any, before this motion is even heard.

23       There is no basis for overruling Mattel's privilege objection.  Apart from the fact

24  that MGA never raised this objection in any meet and confer, MGA's assertion that this

25  Request does not seek information protected by the attorney-client privilege, the attorney

26  _____

27  [91]   Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

28

-140-

FURTHER RESPONSES AND OBJECTIONS

work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Vargas" has no merit.  Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit. Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[92]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[93]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

The Discovery Master should also uphold Mattel's objection that the term "REFLECTING" as used in the Request is vague, ambiguous and overbroad.  The Request puported to seek "All DOCUMENTS REFLECTING" that the stolen documents gave MGA an "unfair competitive advantage."  MGA stated that "'REFLECTING' should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussions, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed."[94]  Even if one uses the dictionary definition of the word "reflecting"[95] much less employs MGA's "broadest possible" definition, the request is impermissibly vague and overbroad.

---

[92]   <u>See</u> Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

[93]   <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

[94]   <u>See</u> MGA's First Set of Phase 2 Requests for Production at 4:9-13.

[95]   <u>See</u> Merriam-Webster Dictionary webpage <http://www.merriam-webster.com/dictionary/reflect>, as accessed on August 7, 2009 (transitive verb:  1 *archaic*: to turn into or away from a course: deflect; 2: to prevent passage of an cause to change direction <a mirror *reflects* light>; 3: to bend or fold back; 4: to give back or exhibit as an image, likeness, or outline: mirror <the clouds were *reflected* in the water>; 5: to bring or cast as a result <his attitude *reflects* little credit on his judgment>; 6: to make manifest or apparent: show <the painting *reflects* his artistic (footnote continued)

1   In addition, Mattel properly reserved its right to supplement its production subject

2   to expert discovery.  <u>New Haven Temple SDA Church v. Consolidated Edison Corp.</u>,

3   1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

4   because "[t]o the extent that the theories of damages applicable to these claims may be

5   related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

6   <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

7   motion to compel interrogatory responses but noting that "this Court does not expect

8   Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

9   later date" and "since experts have not been either retained or deposed, much of the

10  remaining discovery is also premature.").

11  Mattel also validly objected to this Request to the extent MGA's and related

12  parties' stonewalling has limited Mattel's ability to fully investigate its claims.  Mattel

13  provided numerous examples of MGA's and related parties' obstructionism in its

14  Opposition To MGA's Motion To Compel Further Responses To MGA's First Set of

15  Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, which it

16  incorporates here by reference.[96]

17

18  **REQUEST FOR PRODUCTION NO. 22:**

19  All DOCUMENTS REFLECTING that any documents allegedly taken by

20  VARGAS from MATTEL, including, without limitation, any of the documents

21

22  vision< >the pulse *reflects* the condition of the heart>; 7: realize, consider;
    intransitive verb: 1: to throw back light or sound; 2a: to think quietly and calmly, b:

23  to express a thought or opinion resulting from reflection; 3a: to tend to bring reproach

24  or discredit <an investigation that *reflects* on all members of the department> b: to
    bring about a specified appearance or characterization <an act which *reflects* well on

25  her> c: to have a bearing or influence) (emphasis in original).

26  [96]   <u>See</u> Mattel's Opposition To MGA's Motion To Compel Further Responses To
    MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for

27  Production, dated August 5, 2009, at 24:5-27:14.

28

FURTHER RESPONSES AND OBJECTIONS

1  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

2  Responses and Objections to MGA's First Set of Interrogatories, gave MGA

3  MEXICO an "unfair competitive advantage," as referenced on page 32, lines 25

4  through 27, of MATTEL's Supplemental Responses and Objections to MGA's First

5  Set of Interrogatories.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

7          Mattel incorporates by reference the above-stated general objections as if fully

8  set forth herein.  Mattel also specifically objects to the use of the term

9  "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

10  Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

11  confidential information of Mattel or third parties.  Any such documents that are

12  produced, if any, will be produced only pursuant to and in reliance upon the

13  Protective Order entered in this case.  Mattel further objects that this Request is

14  premature because Defendants have not complied with their discovery obligations.

15  They have failed to produce witnesses for deposition and are withholding information

16  and documents requested in violation of orders of the Discovery Master and the

17  Court.  Mattel further objects to this Request on the ground that it is premature

18  because the subject matter of this Request will be the subject of expert testimony at

19  trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony

20  that Mattel may seek to introduce at trial.  Mattel will identify its experts and make

21  related disclosures in accordance with the Court's orders and applicable rules.  Mattel

22  further objects to this Request to the extent that it calls for the disclosure of

23  information subject to the attorney-client privilege, the attorney work-product

24  doctrine and other applicable privileges.  Mattel also objects to this Request to the

25  extent it seeks documents that are in the possession, custody and control of a foreign

26  subsidiary of a party.  MGA has objected that such documents are not within the

27  scope of requests to a domestic party.  Mattel further objects to this Request to the

28  extent that it may seek documents already produced by Mattel, including documents

1  stolen by MGA and other defendants.  Such documents will not be produced again.

2  Mattel also objects to this Request because it seeks documents that are in the MGA

3  Parties' exclusive possession, custody and control.

4  **FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION**

5  **NO. 22:**

6      Mattel incorporates by reference the above-stated general objections as if fully

7  set forth herein.  Mattel also specifically objects to the use of the term

8  "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

9  Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

10 confidential information of Mattel or third parties.  Any such documents that are

11 produced, if any, will be produced only pursuant to and in reliance upon the

12 Protective Order entered in this case.  Mattel further objects that this Request is

13 premature because Defendants have not complied with their discovery obligations.

14 They have failed to produce witnesses for deposition and are withholding information

15 and documents requested in violation of orders of the Discovery Master and the

16 Court.  Mattel further objects to this Request on the ground that it is premature

17 because the subject matter of this Request will be the subject of expert testimony at

18 trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony

19 that Mattel may seek to introduce at trial.  Mattel will identify its experts and make

20 related disclosures in accordance with the Court's orders and applicable rules.  Mattel

21 further objects to this Request to the extent that it calls for the disclosure of

22 information subject to the attorney-client privilege, the attorney work-product

23 doctrine and other applicable privileges.  Mattel also objects to this Request to the

24 extent it seeks documents that are in the possession, custody and control of a foreign

25 subsidiary of a party.  MGA has objected that such documents are not within the

26 scope of requests to a domestic party.  Mattel further objects to this Request to the

27 extent that it may seek documents already produced by Mattel, including documents

28 stolen by MGA and other defendants.  Such documents will not be produced again.

1  Mattel also objects to this Request because it seeks documents that are in the MGA

2  Parties' exclusive possession, custody and control.

3      Subject to the foregoing objections, Mattel responds as follows:  At a mutually

4  agreeable time and place, Mattel will produce the non-privileged documents in its

5  possession, custody or control, if any, that Mattel has been able to locate after a

6  diligent search and reasonable inquiry, to the extent not previously produced, that

7  show that documents taken from Mattel by Vargas gave MGA Mexico an unfair

8  competitive advantage.

9  <u>**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**</u>

10 <u>**REQUEST FOR PRODUCTION NO. 22 SHOULD BE COMPELLED AND**</u>

11 <u>**DOCUMENTS SHOULD BE PRODUCED**</u>

12      During meet and confer discussions with Mattel, Mattel advised that it did not

13 agree to produce responsive documents to this request because Mattel claims that the

14 documents are in the exclusive possession of MGA. <u>See</u> Mankey Decl., Ex. D. MGA

15 explained that this response differed from Mattel's responses to Requests 11 and 31.

16 <u>Id.</u>  Mattel then asserted that it did not have responsive documents.  <u>Id.</u>  Thus, Mattel

17 had agreed to confirm that Mattel neither has nor had responsive documents to this

18 Request.  <u>Id.</u>  Despite that agreement, however, Mattel has not confirmed there are no

19 responsive documents to this request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has

20 ceased communicating with MGA concerning this and all other disputes related to

21 MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos.

22 1-68). <u>Id.</u>

23      The documents responsive to this request are clearly relevant and discoverable.

24 Additionally, Mattel's remaining objections are generic, inapplicable and fail to

25 justify Mattel's failure to produce all responsive documents.  As to overbreadth,

26 Mattel provides no explanation, let alone the required particularity, as to ***why*** these

27 requests are supposedly overly broad, nor can it do so.  This objection is therefore

28 improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

-145-

1    with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

2    tailored to seek documents concerning Mattel's claims of trade secret

3    misappropriation and evidence proving MGA's affirmative defenses to those claims.

4    Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

5    Since Mattel has yet to identify the trade secrets it claims were misappropriated,

6    MGA is entitled to seek that information in the form of this request.

7         As to burden, Mattel has not attempted to demonstrate why responding to these

8    requests and/or producing responsive documents presents any burden.  This objection

9    must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

10   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

11   unduly burdensome must allege specific facts which indicate the nature and extent of

12   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

13   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

14   Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

15   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

16   to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

17   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

18   because value of information to plaintiff clearly outweighed any annoyance or

19   expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

20   Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

21   perform extensive research or to compile substantial amounts of data and information

22   does not automatically constitute an undue burden....  Imposing such a burden is

23   particularly proper where, as here, the information sought is crucial to the ultimate

24   determination of a crucial issue....").  To the extent that there is any burden at all, it is

25   from Mattel's having filed broad-based and unwarranted attacks on MGA's conduct in

26   three countries.  The need for this information to defend against Mattel's claims

27   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

28   already ruled that a party cannot complain that requests are unduly burdensome when

1 the request "merely seeks information regarding the extent of" a party's claim.  Order

2 No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

3 Mattel infringed numerous products, Mattel has the right to discover the scope of the

4 alleged claims.  Accordingly, the objections are overruled.").

5       Mattel also makes a number of other improper objections, none of which is

6 substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

7 part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

8 P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

9 specificity are routinely rejected in the Central District.  See A. Farber and Partners,

10 Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

11 objections such as 'overly burdensome and harassing' are improper – especially when

12 a party fails to submit any evidentiary declarations supporting such objections");

13 Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

14 1999) ("boilerplate, generalized objections are inadequate and tantamount to not

15 making any objection at all").

16       For example, this request does not seek information protected by the attorney-

17 client privilege, the attorney work product doctrine, or any other applicable privilege.

18 Rather, it seeks documents related to Mattel's claim of trade secret theft by Vargas.

19 Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

20 any allegedly privileged documents.

21       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

22 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

23 no requests for discovery are premature at this point...."  Judge Larson agreed,

24 clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

25 case at all.").

26       Mattel's expert disclosure objection is also without support.  The fact that

27 expert testimony may ultimately bear on some of the subjects of the request does not

28

excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy. The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous. The Discovery Master should order Mattel to provide a substantive response to Request No. 22 without objection and order Mattel to produce the computers.

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 22 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

There is nothing for the Discovery Master to compel. During the parties' July 1, 2009 conference on this issue, Mattel represented to MGA that to the extent Mattel had located nonprivileged, responsive documents, it had produced them, and that documents

responsive to this request were in the possession of MGA and related parties, not Mattel.[97]   At MGA's insistence, however, Mattel agreed to search for additional nonprivileged, responsive documents and produce any it was able to locate after a reasonable search.   Mattel is conducting this search and will produce additional nonprivileged, responsive documents, if any, before this motion is even heard.

There is no basis for overruling Mattel's privilege objection.  Apart from the fact that MGA never raised this objection in any meet and confer, MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Vargas" has no merit.   Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.   MGA's waiver argument is also without merit. Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[98]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[99]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

The Discovery Master should also uphold Mattel's objection that the term "REFLECTING" as used in the Request is vague, ambiguous and overbroad.   The Request puported to seek "All DOCUMENTS REFLECTING" that the stolen documents gave MGA an "unfair competitive advantage."   MGA stated that "'REFLECTING' should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussions, constituting, evidencing, containing,

---

[97]   Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

[98]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

[99]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed."[100]   Even if one uses the dictionary definition of the word "reflecting"[101] much less employs MGA's "broadest possible" definition, the request is impermissibly vague and overbroad.

In addition, Mattel properly reserved its right to supplement its production subject to expert discovery.  New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

Mattel also validly objected to this Request to the extent MGA's and related parties' stonewalling has limited Mattel's ability to fully investigate its claims.  Mattel provided numerous examples of MGA's and related parties' obstructionism in its

---

[100]   See MGA's First Set of Phase 2 Requests for Production at 4:9-13.

[101]   See Merriam-Webster Dictionary webpage <http://www.merriam-webster.com/dictionary/reflect>, as accessed on August 7, 2009 (transitive verb:  1 *archaic*: to turn into or away from a course: deflect; 2: to prevent passage of an cause to change direction <a mirror *reflects* light>; 3: to bend or fold back; 4: to give back or exhibit as an image, likeness, or outline: mirror <the clouds were *reflected* in the water>; 5: to bring or cast as a result <his attitude *reflects* little credit on his judgment>; 6: to make manifest or apparent: show <the painting *reflects* his artistic vision< >the pulse *reflects* the condition of the heart>; 7: realize, consider; intransitive verb: 1: to throw back light or sound; 2a: to think quietly and calmly, b: to express a thought or opinion resulting from reflection; 3a: to tend to bring reproach or discredit <an investigation that *reflects* on all members of the department> b: to bring about a specified appearance or characterization <an act which *reflects* well on her> c: to have a bearing or influence) (emphasis in original).

1  Opposition To MGA's Motion To Compel Further Responses To MGA's First Set of

2  Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, which it

3  incorporates here by reference.[102]

4

5  **REQUEST FOR PRODUCTION NO. 23:**

6       DOCUMENTS sufficient to identify any computers assigned by MATTEL to

7  MACHADO for use during his employment with MATTEL.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

9       Mattel incorporates by reference the above-stated general objections as if fully

10  set forth herein.  Mattel also specifically objects to this Request on the ground that it

11  is premature because the subject matter of this Request will be the subject of expert

12  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

13  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

14  experts and make related disclosures in accordance with the Court's orders and

15  applicable rules.  Mattel further objects that this Request is premature because

16  Defendants have not complied with their discovery obligations.  They have failed to

17  produce witnesses for deposition and are withholding information and documents

18  requested in violation of orders of the Discovery Master and the Court.  Mattel also

19  objects to this Request to the extent that it seeks information not relevant to the

20  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21  admissible evidence.  Mattel further objects to this Request to the extent that it calls

22  for the disclosure of information subject to the attorney-client privilege, the attorney

23  work-product doctrine and other applicable privileges.  Mattel also objects to this

24  Request to the extent it seeks documents that are in the possession, custody and

25

26  _____
    [102]  <u>See</u> Mattel's Opposition To MGA's Motion To Compel Further Responses To
27  MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for
    Production, dated August 5, 2009, at 24:5-27:14.
28

FURTHER RESPONSES AND OBJECTIONS

1  control of a foreign subsidiary of a party.  MGA has objected that such documents are

2  not within the scope of requests to a domestic party.  Mattel further objects to this

3  Request to the extent that it may seek documents already produced by Mattel,

4  including documents stolen by MGA and other defendants.  Such documents will not

5  be produced again.

6       Subject to the foregoing objections, Mattel responds as follows:  At a mutually

7  agreeable time and place, Mattel will produce non-privileged documents, if any, that

8  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

9  extent not previously produced, that are sufficient to identify the computer assigned

10  to Machado at the time that he resigned.

11  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

12  **REQUEST FOR PRODUCTION NO. 23 SHOULD BE COMPELLED AND**

13  **DOCUMENTS SHOULD BE PRODUCED**

14       As set forth in MGA's Memorandum of Points and Authorities in Support of its

15  motion to Compel, Mattel had agreed to produce documents sufficient to identify the

16  personal computer assigned to Vargas at the time he resigned from Mattel but has

17  failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Mattel also took the

18  unreasonable position that any other computers assigned to Vargas are not relevant to

19  the pending litigation because Mattel is not claiming Vargas took and gave to MGA

20  any Mattel trade secrets from any other computer.  Mankey Decl., Ex. D.

21       First, Mattel has failed to produce even the documents it has agreed to produce

22  that are responsive to this request.  Instead, Mattel has ceased communicating with

23  MGA concerning these and all other disputes related to MGA's First Set of Phase 2

24  Requests for Production of Documents and Things (Nos. 1-68).  For example, MGA

25  provided Mattel with a proposed protocol for the imaging and production of

26  documents from the hard drive contained in the computer that Mattel agreed to

27  produce on July 16, 2009 and Mattel has ignored that proposal.

28

1   Second, Mattel's assertion that other Machado computers are not relevant is

2   without merit.  MGA is entitled to any information in Mattel's custody or control that

3   may lead to the discovery of admissible evidence.  Information on Machado's other

4   Mattel computers falls squarely within this standard.  Among other reasons,

5   computers that Mattel assigned to Machado other than the single computer it is

6   willing to produce will lead to admissible evidence concerning Mattel's own use of

7   purported trade secrets and forms created by other companies, which Machado and/or

8   others may have lawfully taken from their prior employment, including forms,

9   contact lists, price points, etc.  Likewise, the other computers may reveal that Mattel

10  fails to make any effort to protect the information it is claiming are trade secrets.

11  Thus, the other computers contain information likely to lead to admissible evidence

12  and must be produced.

13   Finally, Mattel's remaining objections are generic, inapplicable and fail to

14  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

15  Mattel provides no explanation, let alone the required particularity, as to *why* these

16  requests are supposedly overly broad, nor can it do so.  This objection is therefore

17  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

18  with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

19  tailored to seek documents concerning Mattel's claims of trade secret

20  misappropriation and evidence proving MGA's affirmative defenses to those claims.

21  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

22  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

23  MGA is entitled to seek that information in the form of this request.

24   As to burden, Mattel has not attempted to demonstrate why responding to these

25  requests and/or producing responsive documents presents any burden.  This objection

26  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

27  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

28  unduly burdensome must allege specific facts which indicate the nature and extent of

1   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

2   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

3   Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D. 94, 109

4   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

5   to particularize its basis for the objection); <u>Seff v. General Outdoor Advertising Co.</u>,

6   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

7   because value of information to plaintiff clearly outweighed any annoyance or

8   expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg</u>

9   <u>Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

10  perform extensive research or to compile substantial amounts of data and information

11  does not automatically constitute an undue burden....  Imposing such a burden is

12  particularly proper where, as here, the information sought is crucial to the ultimate

13  determination of a crucial issue....").  To the extent that there is any burden at all, it is

14  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

15  in three countries.  The need for this information to defend against Mattel's claims

16  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

17  already ruled that a party cannot complain that requests are unduly burdensome when

18  the request "merely seeks information regarding the extent of" a party's claim.  Order

19  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

20  Mattel infringed numerous products, Mattel has the right to discover the scope of the

21  alleged claims.  Accordingly, the objections are overruled.").

22          Mattel also makes a number of other improper objections, none of which is

23  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

24  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

25  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

26  specificity are routinely rejected in the Central District.  See <u>A. Farber and Partners,</u>

27  <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

28  objections such as 'overly burdensome and harassing' are improper – especially when

07975/3037452.2

-154-

FURTHER RESPONSES AND OBJECTIONS

a party fails to submit any evidentiary declarations supporting such objections");
Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by Machado. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

1    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

2  information or documents that are in the possession, custody and control of

3  independent parties over whom Mattel has no control" is nonsensical – Mattel is

4  obligated to provide all information in its possession, custody, or control that is

5  responsive to the request.

6    In short, Mattel's objections are uniformly without merit and frivolous.  The

7  Discovery Master should order Mattel to provide a substantive response to Request

8  No. 23 without objection and order Mattel to produce all documents responsive to

9  this request.

10 **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

11 **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 23 SHOULD**

12 **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

13    In its original response, Mattel stated that it would produce non-privileged

14 documents,  located after a diligent search and reasonable inquiry and to the extent not

15 already produced, sufficient to identify the computer "assigned to Machado at the time

16 she resigned" from Mattel.  The parties agreed to the same during the meet and confer.

17 As confirmed in MGA's own letter, "Mattel has agreed to produce documents sufficient

18 to identify the personal computers assigned to Trueba, Vargas, Machado, Brisbois and

19 Castilla at the time they resigned from Mattel."[103]  Mattel is prepared to produce such

20 documents, to the extent they have not already been produced.

21    However, MGA now asserts that Mattel should be required to produce documents

22 regarding any computer assigned to Machado at any time during his employment at

23 Mattel.  MGA did not indicate during the parties' conferences that it intended to move for

24 such broad discovery.  Under the <u>Federal Rules,</u> MGA has a duty to meet and confer in

25 "good faith", and under the Discovery Master Order, MGA is required to identify for

26 _____

27 [103]   <u>See</u> Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009,
   Mankey Dec., Exh. D.

28

Mattel "each dispute" prior to moving to compel discovery.  Fed. R. Civ. P. 37(a); December 6, 2006 Discovery Master Order, Searcy Dec., Exh. 4 at 4.

Apparently, MGA's new counsel was dissatisfied with the agreement reached by prior counsel.  Such undisclosed dissatisfaction with a compromise does not excuse MGA's meet and confer obligations under the either Federal Rules or the Discovery Master Order.  A motion that not only was never the subject of a meet and confer, but stands in direct contravention of the agreement reached by the parties during their conference, violates both the letter and the spirit of these requirements.  See, e.g., Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of motion to compel where movant failed to show the parties met and conferred in good faith); Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186-87 (3d Cir. 2003) (motion to compel was properly denied where movant's counsel "failed to make a good faith effort to resolve discovery disputes prior to invoking court intervention.").  MGA's motion should be denied.

MGA's argument that it is entitled to documents sufficient to identify every computer assigned to Machado fails on the merits in any event.  MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1).[104]  In seeking production of all computers assigned to Machado by Mattel, MGA argues that it "is entitled to any information in Mattel's custody or control that may lead to the discovery of admissible evidence."  This is not the standard for relevance.  Rule 26(b)(1) clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence."  Moreover, MGA's statement that all computers assigned to Machado "may" lead to admissible evidence is bald speculation.  MGA has not attempted to explain how all of Machado's computers are related to the claims and

---

[104]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Searcy Dec., Exh. 5 at 4 (as the moving party, "Mattel bears an initial (footnote continued)

FURTHER RESPONSES AND OBJECTIONS

defenses in the case, and has not even cited particular allegations to which all of Machado's computers purportedly relate.   "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).   As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[105] <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").   Indeed, Rule 26(b)(1) was amended in 2000 to state that discovery was only available as to matters "relevant to the claim or defense of any party."   This amendment was designed to restrict overreaching discovery that goes outside the claims and defenses asserted in the pleadings.   <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(1), Advisory Committee Notes to 2000 Amendments ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings.").   <u>See also</u> <u>Bernstein v. Travelers Ins. Co.</u>, 447 F. Supp. 1100, 1102 (N.D. Cal. 2006) (citing Committee Notes to Rule); <u>In re Ashworth, Inc. Securities Litigation</u>, 2002 WL 33009225, *2 (S.D. Cal. 2002) (same).

There is no basis for overruling Mattel's privilege objection.   MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks

---

burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

FURTHER RESPONSES AND OBJECTIONS

documents related to Mattel's claim of trade secret theft by Machado" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[106]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[107]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

## REQUEST FOR PRODUCTION NO. 24:

The original damaged hard drive from MACHADO's computer at MATTEL, as described in lines 3-9 on page 28 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendants also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel further objects that this Request is vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this

---

[105]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Proctor Dec., Exh. 18.

[106]   <u>See</u> Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

[107]   <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1  Request on the grounds that it seeks confidential, proprietary and trade secret

2  information, including such information that has no bearing on the claims or defenses

3  in this case.  Mattel also objects to this Request to the extent it seeks documents that

4  are in the possession, custody and control of a foreign subsidiary of a party.  MGA

5  has objected that such documents are not within the scope of requests to a domestic

6  party.

7  **FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION**

8  **NO. 24:**

9          Mattel incorporates by reference the above-stated general objections as if

10  fully set forth herein.  Mattel further objects that this Request is premature because

11  Defendants have not complied with their discovery obligations.  They have failed to

12  produce witnesses for deposition and are withholding information and documents

13  requested in violation of orders of the Discovery Master and the Court.  Defendants

14  also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel further

15  objects that this Request is vague and ambiguous.  Mattel further objects to the

16  Request on the grounds that it seeks documents that are not relevant to this action or

17  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

18  Request on the grounds that it seeks confidential, proprietary and trade secret

19  information, including such information that has no bearing on the claims or defenses

20  in this case.  Mattel also objects to this Request to the extent it seeks documents that

21  are in the possession, custody and control of a foreign subsidiary of a party.  MGA

22  has objected that such documents are not within the scope of requests to a domestic

23  party.

24          Subject to the foregoing objections, Mattel responds as follows:  At a mutually

25  agreeable time and place and in a manner that will protect Mattel's privileged

26  information, Mattel will produce a forensic image of the damaged hard drive from the

27  computer assigned to Machado at the time of his resignation, excluding any

28  privileged information contained therein.  Mattel will make the original damaged

1  hard drive available, excluding any privileged information contained therein, in the

2  event that Mattel is able to resolve with the MGA Parties technical issues relating to

3  the drive.

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5  **REQUEST FOR PRODUCTION NO. 24 SHOULD BE COMPELLED AND**

6  **DOCUMENTS SHOULD BE PRODUCED**

7      As with the above, Mattel had agreed to produce the hard drive of the personal

8  computer assigned to Trueba at the time she resigned from Mattel but has failed to do

9  so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased

10  communicating with MGA concerning this and all other disputes related to MGA's

11  First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).

12  Chaudoir Decl., ¶ 9.  To foster the production of the hard drive, MGA provided

13  Mattel with a proposed protocol for the imaging and production of documents from

14  the hard drive contained in the computer that Mattel agreed to produce on July 16,

15  2009.  Id., Ex. 4.  As with MGA's efforts to meet and confer on the response

16  themselves, Mattel has ignored that proposal.

17      Second, Mattel's assertion that other Machado computers are not relevant is

18  without merit.  MGA is entitled to any information in Mattel's custody or control that

19  may lead to the discovery of admissible evidence.  Information on Machado's other

20  Mattel computers that may have been assigned to him within the last year of his

21  employment falls squarely within this standard.  Among other reasons, computers

22  that Mattel assigned to Machado other than the single computer it is willing to

23  produce will lead to admissible evidence concerning Mattel's own use of purported

24  trade secrets and forms created by other companies, which Machado and/or others

25  could have lawfully taken from their prior employment, including forms, contact lists,

26  price points, etc.  Likewise, the other computers may reveal that Mattel fails to make

27  any effort to protect the information it is claiming are trade secrets.  Thus, the other

28

computers contain information likely to lead to admissible evidence and must be produced.

Finally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims.  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486,491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information

1   does not automatically constitute an undue burden....  Imposing such a burden is

2   particularly proper where, as here, the information sought is crucial to the ultimate

3   determination of a crucial issue....").  To the extent that there is any burden at all, it is

4   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

5   in three countries.  The need for this information to defend against Mattel's claims

6   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

7   already ruled that a party cannot complain that requests are unduly burdensome when

8   the request "merely seeks information regarding the extent of" a party's claim.  Order

9   No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

10  Mattel infringed numerous products, Mattel has the right to discover the scope of the

11  alleged claims.  Accordingly, the objections are overruled.").

12          Mattel also makes a number of other improper objections, none of which is

13  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

14  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

15  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

16  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

17  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

18  objections such as 'overly burdensome and harassing' are improper – especially when

19  a party fails to submit any evidentiary declarations supporting such objections");

20  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

21  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

22  making any objection at all").

23          For example, this request does not seek information protected by the attorney-

24  client privilege, the attorney work product doctrine, or any other applicable privilege.

25  Rather, it seeks documents related to Mattel's claim of trade secret theft by Machado.

26  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

27  any allegedly privileged documents.

28

-163-

FURTHER RESPONSES AND OBJECTIONS

1      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

2   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

3   no requests for discovery are premature at this point...."  Judge Larson agreed,

4   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

5   case at all.").

6      Mattel's expert disclosure objection is also without support.  The fact that

7   expert testimony may ultimately bear on some of the subjects of the request does not

8   excuse Mattel from its obligation to provide full and complete responses based on the

9   information Mattel presently has and to produce those responsive documents.

10      In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

11   for deposition and [is] withholding information and documents requested in violation

12   of orders of the Discovery Master and the Court" is not only unsupported and false,

13   but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

14   the requests would be unaffected.

15      Also, this request does not seek information violative of any third-party's rights

16   of privacy.  The facts, persons, and documents responsive to this request are in the

17   possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

18   previously has argued, any privacy issues are fully addressed by the Protective Order

19   in this case.

20      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

21   information or documents that are in the possession, custody and control of

22   independent parties over whom Mattel has no control" is nonsensical – Mattel is

23   obligated to provide all information in its possession, custody, or control that is

24   responsive to the request.

25      In short, Mattel's objections are uniformly without merit and frivolous.  The

26   Discovery Master should order Mattel to provide a substantive response to Request

27   No. 24 without objection and order Mattel to produce the computers.

28

-164-

1    **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

2    **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 24 SHOULD**

3    **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

4        During the parties' July 1 conference, the parties agreed that Mattel would

5 produce a forensic image of the computer assigned to Machado at the time of his

6 resignation from Mattel, subject to an appropriate protocol to protect Mattel's

7 privileged information[108]  As MGA confirmed in its own letter, "Mattel agrees to

8 produce mirror images of the hard drives contained in the computers assigned to

9 Trueba, Vargas, Machado, Brisbois and Castilla at the time of their resignation from

10 Mattel."[109]  The only reason that has not yet happened is that MGA filed the instant

11 motion.[110]

12        MGA's argument regarding this Request is nonsensical as it (a) discusses Trueba

13 who is nowhere mentioned in this Request and (b) references drives for *all* of Machado's

14 personal Mattel computers assigned to him, even though the Request specifically only

15 references one specific drive.  <u>See</u> Motion at 4:16-17.[111]  To the extent MGA now

16 purports to seek production of <u>all</u> computers assigned to Machado by Mattel, its motion

17 should be denied.  MGA did not indicate during the parties' conferences that it intended

18 to move for such broad discovery.  Under the <u>Federal Rules,</u> MGA has a duty to meet

19

20       [108]   Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D at 2.

21       [109]   Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

22       [110]    In an effort to justify its motion, MGA claims that Mattel then "ceased

23 communicating."  In fact, Mattel did not receive any proposed protocol from MGA until it filed its motion.  <u>See</u> Searcy Dec. ¶ 3.  When Mattel attempted to engage MGA in a

24 dialogue about its proposed protocol, it is MGA who refused to communicate.  <u>See</u> Opposition at 4.

25       [111]   MGA's Motion and Separate Statement are inconsistent in that in the Separate

26 Statement MGA purports to seek computers assigned during the last year of

27 (footnote continued)

28

1  and confer in "good faith", and under the Discovery Master Order, MGA is required to

2  identify for Mattel "each dispute" prior to moving to compel discovery.  Fed. R. Civ. P.

3  37(a); December 6, 2006 Discovery Master Order, Searcy Dec., Exh. 4 at 4.

4       Apparently, MGA's new counsel was dissatisfied with the agreement reached

5  by prior counsel with Mattel.  Such undisclosed dissatisfaction with a compromise

6  does not excuse MGA's meet and confer obligations under the either Federal Rules or

7  the Discovery Master Order.   A motion that not only was never the subject of a meet

8  and confer, but stands in direct contravention of the agreement reached by the parties

9  during their conference, violates both the letter and the spirit of these requirements.

10  See, e.g., Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of

11  motion to compel where movant failed to show the parties met and conferred in good

12  faith); Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186-87

13  (3d Cir. 2003) (motion to compel was properly denied where movant's counsel "failed

14  to make a good faith effort to resolve discovery disputes prior to invoking court

15  intervention.").  MGA's motion should be denied.

16       In any event, MGA's argument that it is entitled to every computer assigned to

17  Machado fails on the merits.  MGA must establish that its discovery meets the relevance

18  requirements of Rule 26(b)(1).[112]  In seeking production of all computers assigned to

19  Machado by Mattel, MGA argues that it "is entitled to any information in Mattel's

20  custody or control that may lead to the discovery of admissible evidence."  This is not

21  the standard for relevance.   Rule 26(b)(1) clearly states that discovery must be

22  "reasonably calculated to lead to the discovery of admissible evidence."  Moreover,

23

24  employment.  Even this Request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

25  [112]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Searcy Dec., Exh. 5 at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

28

FURTHER RESPONSES AND OBJECTIONS

MGA's statement that all computers assigned to Machado "may" lead to admissible evidence is bald speculation.  MGA has not attempted to explain how all of Machado's computers are related to the claims and defenses in the case, and has not even cited particular allegations to which all of Machado's computers purportedly relate.  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[113] Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").  Indeed, Rule 26(b)(1) was amended in 2000 to state that discovery was only available as to matters "relevant to the claim or defense of any party."  This amendment was designed to restrict overreaching discovery that goes outside the claims and defenses asserted in the pleadings.  See Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes to 2000 Amendments ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings.").  See also Bernstein v. Travelers Ins. Co., 447 F. Supp. 1100, 1102 (N.D. Cal. 2006) (citing Committee Notes to Rule); In re Ashworth, Inc. Securities Litigation, 2002 WL 33009225, *2 (S.D. Cal. 2002) (same).

---

[113]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Proctor Dec., Exh. 18.

1       Nor is there any basis for overruling Mattel's privilege objection.  Certainly, to the

2   extent the hard drive includes any of Mattel's privileged information, there is no reason

3   why Mattel should be required to disclose it.  Indeed, protecting such information is one

4   of the purposes of the protocol the parties have employed with respect to other computer

5   hard drives produced in this lawsuit.  Nor is there any basis for claiming that Mattel has

6   waived its right to protect any such privileged information.

7

8   **REQUEST FOR PRODUCTION NO. 25:**

9       The hard drive(s) or any mirror image thereof (including but not limited to any

10  mirror image on any server or storage device) from any and all computers assigned

11  by MATTEL to MACHADO for use during the last year of his employment with

12  MATTEL.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

14      Mattel incorporates by reference the above-stated general objections as if fully

15  set forth herein.  Mattel further objects that this Request is premature because

16  Defendants have not complied with their discovery obligations.  They have failed to

17  produce witnesses for deposition and are withholding information and documents

18  requested in violation of orders of the Discovery Master and the Court.  Defendants

19  also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel also

20  objects to this Request to the extent that it seeks information not relevant to the

21  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

22  admissible evidence.  Mattel further objects that this Request is vague and

23  ambiguous.  Mattel further objects to the Request on the grounds that it seeks

24  documents that are not relevant to this action or likely to lead to the discovery of

25  admissible evidence.  Mattel further objects to this Request on the grounds that it

26  seeks confidential, proprietary and trade secret information, including such

27  information that has no bearing on the claims or defenses in this case.  Mattel also

28  objects to this Request to the extent it seeks documents that are in the possession,

1 | custody and control of a foreign subsidiary of a party.  MGA has objected that such

2 | documents are not within the scope of requests to a domestic party.

3 | **FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION**

4 | **NO. 25:**

5 |      Mattel incorporates by reference the above-stated general objections as if

6 | fully set forth herein.  Mattel further objects that this Request is premature because

7 | Defendants have not complied with their discovery obligations.  They have failed to

8 | produce witnesses for deposition and are withholding information and documents

9 | requested in violation of orders of the Discovery Master and the Court.  Defendants

10 | also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel also

11 | objects to this Request to the extent that it seeks information not relevant to the

12 | subject matter of this lawsuit or reasonably calculated to lead to the discovery of

13 | admissible evidence.  Mattel further objects that this Request is vague and

14 | ambiguous.  Mattel further objects to the Request on the grounds that it seeks

15 | documents that are not relevant to this action or likely to lead to the discovery of

16 | admissible evidence.  Mattel further objects to this Request on the grounds that it

17 | seeks confidential, proprietary and trade secret information, including such

18 | information that has no bearing on the claims or defenses in this case.  Mattel also

19 | objects to this Request to the extent it seeks documents that are in the possession,

20 | custody and control of a foreign subsidiary of a party.  MGA has objected that such

21 | documents are not within the scope of requests to a domestic party.

22 |     Subject to the foregoing objections, Mattel responds as follows:  At a mutually

23 | agreeable time and place and in a manner that will protect Mattel's privileged

24 | information, Mattel will produce forensic images of any electronic storage media

25 | assigned to Machado at the time of his resignation from Mattel that are in Mattel's

26 | possession, custody or control, excluding any privileged information contained

27 | therein.

28 |

-169-

1 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

2 **REQUEST FOR PRODUCTION NO. 25 SHOULD BE COMPELLED AND**

3 **DOCUMENTS SHOULD BE PRODUCED**

4      As with the above, Mattel had agreed to produce the hard drive of the personal

5 computer assigned to Trueba at the time she resigned from Mattel but has failed to do

6 so. Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9. Instead, Mattel has ceased

7 communicating with MGA concerning this and all other disputes related to MGA's

8 First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).

9 Chaudoir Decl., ¶ 9. To foster the production of the hard drive, MGA provided

10 Mattel with a proposed protocol for the imaging and production of documents from

11 the hard drive contained in the computer that Mattel agreed to produce on July 16,

12 2009. Id., Ex. 4. As with MGA's efforts to meet and confer on the response

13 themselves, Mattel has ignored that proposal.

14      Second, Mattel's assertion that other Machado computers are not relevant is

15 without merit. MGA is entitled to any information in Mattel's custody or control that

16 may lead to the discovery of admissible evidence. Information on Machado's other

17 Mattel computers that may have been assigned to him within the last year of his

18 employment falls squarely within this standard. Among other reasons, computers

19 that Mattel assigned to Machado other than the single computer it is willing to

20 produce will lead to admissible evidence concerning Mattel's own use of purported

21 trade secrets and forms created by other companies, which Machado and/or others

22 could have lawfully taken from their prior employment, including forms, contact lists,

23 price points, etc. Likewise, the other computers may reveal that Mattel fails to make

24 any effort to protect the information it is claiming are trade secrets. Thus, the other

25 computers contain information likely to lead to admissible evidence and must be

26 produced.

27      Finally, Mattel's remaining objections are generic, inapplicable and fail to

28 justify Mattel's failure to produce all responsive documents. As to overbreadth,

1    Mattel provides no explanation, let alone the required particularity, as to ***why*** these

2    requests are supposedly overly broad, nor can it do so.  This objection is therefore

3    improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

4    with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

5    tailored to seek documents concerning Mattel's claims of trade secret

6    misappropriation and evidence proving MGA's affirmative defenses to those claims.

7    Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

8    Since Mattel has yet to identify the trade secrets it claims were misappropriated,

9    MGA is entitled to seek that information in the form of this request.

10           As to burden, Mattel has not attempted to demonstrate why responding to these

11   requests and/or producing responsive documents presents any burden.  This objection

12   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

13   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

14   unduly burdensome must allege specific facts which indicate the nature and extent of

15   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

16   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

17   Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

18   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

19   to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

20   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

21   because value of information to plaintiff clearly outweighed any annoyance or

22   expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

23   Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

24   perform extensive research or to compile substantial amounts of data and information

25   does not automatically constitute an undue burden....  Imposing such a burden is

26   particularly proper where, as here, the information sought is crucial to the ultimate

27   determination of a crucial issue....").  To the extent that there is any burden at all, it is

28   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

1  in three countries.  The need for this information to defend against Mattel's claims

2  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

3  already ruled that a party cannot complain that requests are unduly burdensome when

4  the request "merely seeks information regarding the extent of" a party's claim.  Order

5  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

6  Mattel infringed numerous products, Mattel has the right to discover the scope of the

7  alleged claims.  Accordingly, the objections are overruled.").

8  Mattel also makes a number of other improper objections, none of which is

9  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

10  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

11  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

12  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

13  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

14  objections such as 'overly burdensome and harassing' are improper – especially when

15  a party fails to submit any evidentiary declarations supporting such objections");

16  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

17  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

18  making any objection at all").

19  For example, this request does not seek information protected by the attorney-

20  client privilege, the attorney work product doctrine, or any other applicable privilege.

21  Rather, it seeks documents related to Mattel's claim of trade secret theft by Machado.

22  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

23  any allegedly privileged documents.

24  Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

25  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

26  no requests for discovery are premature at this point...."  Judge Larson agreed,

27  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

28  case at all.").

1    Mattel's expert disclosure objection is also without support.  The fact that

2  expert testimony may ultimately bear on some of the subjects of the request does not

3  excuse Mattel from its obligation to provide full and complete responses based on the

4  information Mattel presently has and to produce those responsive documents.

5    In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

6  for deposition and [is] withholding information and documents requested in violation

7  of orders of the Discovery Master and the Court" is not only unsupported and false,

8  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

9  the requests would be unaffected.

10    Also, this request does not seek information violative of any third-party's rights

11  of privacy.  The facts, persons, and documents responsive to this request are in the

12  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

13  previously has argued, any privacy issues are fully addressed by the Protective Order

14  in this case.

15    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

16  information or documents that are in the possession, custody and control of

17  independent parties over whom Mattel has no control" is nonsensical – Mattel is

18  obligated to provide all information in its possession, custody, or control that is

19  responsive to the request.

20    In short, Mattel's objections are uniformly without merit and frivolous.  The

21  Discovery Master should order Mattel to provide a substantive response to Request

22  No. 25 without objection and order Mattel to produce the computers.

23  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

24  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 25 SHOULD**

25  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

26    During the meet and confer, the parties agreed that Mattel would produce a

27  forensic image of the hard drive of the computer assigned to Machado at the time of his

28  resignation from Mattel, subject to an appropriate protocol to protect Mattel's privileged

information.[114]  As MGA confirmed in its own letter, "Mattel agrees to produce mirror images of the hard drives contained in the computers assigned to Trueba, Vargas, Machado, Brisbois and Castilla at the time of their resignation from Mattel."[115]  The only reason that has not yet happened is that MGA filed the instant motion.[116]

MGA now asserts that Mattel should be required to produce every computer assigned to Machado at any time during his employment at Mattel.  See Motion at 4:16-17.[117]  MGA did not indicate during the parties' conferences that it intended to move for such broad discovery.  Under the Federal Rules, MGA has a duty to meet and confer in "good faith", and under the Discovery Master Order, MGA is required to identify for Mattel "each dispute" prior to moving to compel discovery.  Fed. R. Civ. P. 37(a); December 6, 2006 Discovery Master Order, Searcy Dec., Exh. 4 at 4.

Apparently, MGA's new counsel was dissatisfied with the agreement reached by prior counsel with Mattel.  Such undisclosed dissatisfaction with a compromise does not excuse MGA's meet and confer obligations under the either Federal Rules or the Discovery Master Order.   A motion that not only was never the subject of a meet and confer, but stands in direct contravention of the agreement reached by the parties during their conference, violates both the letter and the spirit of these requirements.  See, e.g., Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of

---

[114]  See Mattel's Supplemental Responses to MGA's 1st Set of Phase 2 RFPs, Searcy Dec., Exh. 14.

[115]  Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

[116]  In an effort to justify its motion, MGA claims that Mattel then "ceased communicating."  In fact, Mattel did not receive any proposed protocol from MGA until it filed its motion.  See Searcy Dec. ¶ 3.  When Mattel attempted to engage MGA in a dialogue about its proposed protocol, it is MGA who refused to communicate.  See Opposition at 4.

[117]  MGA's Motion and Separate Statement are inconsistent in that in the Separate Statement MGA purports to seek computers assigned during the last year of (footnote continued)

FURTHER RESPONSES AND OBJECTIONS

1   motion to compel where movant failed to show the parties met and conferred in good

2   faith); <u>Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.</u>, 339 F.3d 180, 186-87

3   (3d Cir. 2003) (motion to compel was properly denied where movant's counsel "failed

4   to make a good faith effort to resolve discovery disputes prior to invoking court

5   intervention.").  MGA's motion should be denied.

6       In any event, MGA's argument that it is entitled to every computer assigned to

7   Machado fails on the merits.  MGA must establish that its discovery meets the relevance

8   requirements of <u>Rule</u> 26(b)(1).[118]  In seeking production of <u>all</u> computers assigned to

9   Machado by Mattel, MGA argues that it "is entitled to any information in Mattel's

10  custody or control that may lead to the discovery of admissible evidence."  This is not

11  the standard for relevance.  <u>Rule</u> 26(b)(1) clearly states that discovery must be

12  "reasonably calculated to lead to the discovery of admissible evidence."  Moreover,

13  MGA's statement that all computers assigned to Machado "may" lead to admissible

14  evidence is bald speculation.  MGA has not attempted to explain how all of Machado's

15  computers are related to the claims and defenses in the case, and has not even cited

16  particular allegations to which all of Machado's computers purportedly relate.  "A trial

17  court has a duty, of special significance in lengthy and complex cases where the

18  possibility of abuse is always present, to supervise and limit discovery to protect parties

19  and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D.

20  661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World</u>

21  <u>Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v.</u>

22  <u>Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

23  _____

24  employment.  Even this Request is overbroad and not reasonably calculated to lead to the
    discovery of admissible evidence.

25  [118]  <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master

26  Order No. 27, Searcy Dec., Exh. 5 at 4 (as the moving party, "Mattel bears an initial

27  burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1
    (S.D. Cal. 2009).

28

-175-

FURTHER RESPONSES AND OBJECTIONS

Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[119]   Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").   Indeed, Rule 26(b)(1) was amended in 2000 to state that discovery was only available as to matters "relevant to the claim or defense of any party."   This amendment was designed to restrict overreaching discovery that goes outside the claims and defenses asserted in the pleadings.   See Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes to 2000 Amendments ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings.").   See also Bernstein v. Travelers Ins. Co., 447 F. Supp. 1100, 1102 (N.D. Cal. 2006) (citing Committee Notes to Rule); In re Ashworth, Inc. Securities Litigation, 2002 WL 33009225, *2 (S.D. Cal. 2002) (same).

Nor is there any basis for overruling Mattel's privilege objection.   Certainly, to the extent the hard drive includes any of Mattel's privileged information, there is no reason why Mattel should be required to disclose it.   Indeed, protecting such information is one of the  purpose of the protocol the parties have employed with respect to other computer hard drives produced in this lawsuit.   Nor is there any basis for claiming that Mattel has waived it right to protect any such privileged information.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS REFLECTING that MACHADO took from MATTEL any of the documents identified in page 31, line 12, through page 32, line 24 of

---

[119]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Proctor Dec., Exh. 18.

1  MATTEL's Supplemental Responses and Objections to MGA's First Set of

2  Interrogatories.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

4       Mattel incorporates by reference the above-stated general objections as if fully

5  set forth herein.  Mattel also specifically objects to this Request on the ground that it

6  is premature because the subject matter of this Request will be the subject of expert

7  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

8  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

9  experts and make related disclosures in accordance with the Court's orders and

10 applicable rules.  Mattel further objects that this Request is premature because

11 Defendants have not complied with their discovery obligations.  They have failed to

12 produce witnesses for deposition and are withholding information and documents

13 requested in violation of orders of the Discovery Master and the Court.  Mattel

14 objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.

15 Mattel further objects to this Request to the extent that it calls for the disclosure of

16 information subject to the attorney-client privilege, the attorney work- product

17 doctrine and other applicable privileges.  Mattel further objects to this Request on the

18 ground and to the extent it seeks trade secret, proprietary or otherwise confidential

19 information of Mattel or third parties.  Any such documents that are produced, if any,

20 will be produced only pursuant to and in reliance upon the Protective Order entered in

21 this case.  Mattel also objects to this Request to the extent it seeks documents that are

22 in the possession, custody and control of a foreign subsidiary of a party.  MGA has

23 objected that such documents are not within the scope of requests to a domestic party.

24 Mattel further objects to this Request to the extent that it may seek documents already

25 produced by Mattel, including documents stolen by MGA and other defendants.

26 Such documents will not be produced again.

27       Subject to the foregoing objections, Mattel responds as follows:  At a mutually

28 agreeable time and place, Mattel will produce the non-privileged documents, if any,

-177-

1  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

2  the extent not previously produced, that (a) Machado took from Mattel and, (b) that

3  show the theft of those documents.

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5  **REQUEST FOR PRODUCTION NO. 26 SHOULD BE COMPELLED AND**

6  **DOCUMENTS SHOULD BE PRODUCED**

7        As set forth in MGA's Memorandum of Points and Authorities in Support of its

8  motion to Compel, Mattel had agreed to produce documents responsive to this

9  request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

10 that agreement, however, Mattel has neither produced documents nor informed MGA

11 that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

12 Instead, Mattel has ceased communicating with MGA concerning this and all other

13 disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

14 and Things (Nos. 1-68).  Id.

15       The documents responsive to this request are clearly relevant and discoverable.

16 Additionally, Mattel's remaining objections are generic, inapplicable and fail to

17 justify Mattel's failure to produce all responsive documents.  As to overbreadth,

18 Mattel provides no explanation, let alone the required particularity, as to *why* these

19 requests are supposedly overly broad, nor can it do so.  This objection is therefore

20 improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

21 with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

22 tailored to seek documents concerning Mattel's claims of trade secret

23 misappropriation and evidence proving MGA's affirmative defenses to those claims.

24 Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

25 Since Mattel has yet to identify the trade secrets it claims were misappropriated,

26 MGA is entitled to seek that information in the form of this request.

27       As to burden, Mattel has not attempted to demonstrate why responding to these

28 requests and/or producing responsive documents presents any burden.  This objection

1   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

2   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

3   unduly burdensome must allege specific facts which indicate the nature and extent of

4   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

5   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

6   Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

7   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

8   to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

9   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

10  because value of information to plaintiff clearly outweighed any annoyance or

11  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

12  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

13  perform extensive research or to compile substantial amounts of data and information

14  does not automatically constitute an undue burden....  Imposing such a burden is

15  particularly proper where, as here, the information sought is crucial to the ultimate

16  determination of a crucial issue....").  To the extent that there is any burden at all, it is

17  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

18  in three countries.  The need for this information to defend against Mattel's claims

19  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

20  already ruled that a party cannot complain that requests are unduly burdensome when

21  the request "merely seeks information regarding the extent of" a party's claim.  Order

22  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

23  Mattel infringed numerous products, Mattel has the right to discover the scope of the

24  alleged claims.  Accordingly, the objections are overruled.").

25          Mattel also makes a number of other improper objections, none of which is

26  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

27  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

28  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

1  specificity are routinely rejected in the Central District.  See A. Farber and Partners,
2  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate
3  objections such as 'overly burdensome and harassing' are improper – especially when
4  a party fails to submit any evidentiary declarations supporting such objections");
5  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.
6  1999) ("boilerplate, generalized objections are inadequate and tantamount to not
7  making any objection at all").

8       For example, this request does not seek information protected by the attorney-
9  client privilege, the attorney work product doctrine, or any other applicable privilege.
10  Rather, it seeks documents related to Mattel's claim of trade secret theft by Machado.
11  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to
12  any allegedly privileged documents.

13      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at
14  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or
15  no requests for discovery are premature at this point...."  Judge Larson agreed,
16  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
17  case at all.").

18      Mattel's expert disclosure objection is also without support.  The fact that
19  expert testimony may ultimately bear on some of the subjects of the request does not
20  excuse Mattel from its obligation to provide full and complete responses based on the
21  information Mattel presently has and to produce those responsive documents.

22      In addition, Mattel's bare assertion that MGA has "failed to produce witnesses
23  for deposition and [is] withholding information and documents requested in violation
24  of orders of the Discovery Master and the Court" is not only unsupported and false,
25  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to
26  the requests would be unaffected.

27      Also, this request does not seek information violative of any third-party's rights
28  of privacy.  The facts, persons, and documents responsive to this request are in the

-180-
FURTHER RESPONSES AND OBJECTIONS

1  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

2  previously has argued, any privacy issues are fully addressed by the Protective Order

3  in this case.

4      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

5  information or documents that are in the possession, custody and control of

6  independent parties over whom Mattel has no control" is nonsensical – Mattel is

7  obligated to provide all information in its possession, custody, or control that is

8  responsive to the request.

9      In short, Mattel's objections are uniformly without merit and frivolous.  The

10  Discovery Master should order Mattel to provide a substantive response to Request

11  No. 26 without objection and order Mattel to produce the computers.

12  **<u>FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY</u>**

13  **<u>FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 26 SHOULD</u>**

14  **<u>BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>**

15      There is nothing to compel.  As Mattel informed MGA during the meet and confer

16  process, Mattel has received nearly identical requests in the past, has searched repeatedly

17  in good faith and produced non-privileged, responsive documents in its possession,

18  custody or control.  Nonetheless, as to this request and others where MGA identified

19  Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

20  determine whether it had any responsive documents that had not already been produced

21  or listed on a privilege log.[120]  Any additional non-privileged, responsive documents

22  located pursuant to that search will be produced before this motion is even heard.[121]

23  MGA's motion is totally unnecessary and could have been avoided altogether had MGA

24  met and conferred in good faith.

25

26  [120]  <u>See</u> Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009,

27  Mankey Dec., Exh. D.
   [121]  <u>See</u> Searcy Dec., ¶ 3.

28

1       There is no basis for overruling Mattel's privilege objection.  MGA's assertion that

2   this Request does not seek information protected by the attorney-client privilege, the

3   attorney work product doctrine, or any other applicable privilege because "it seeks

4   documents related to Mattel's claim of trade secret theft by Machado" has no merit.

5   Documents related to one of Mattel's *claims in this action* could very well be subject to a

6   claim of privilege or work product protection.  MGA's waiver argument is also without

7   merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

8   action.[122]   Moreover, as MGA has itself argued, the parties have agreed that "all

9   privileged documents would be logged except for documents created after this action

10  was filed on April 27, 2004."[123]  Thus, to the extent privileged documents fall within the

11  post lawsuit time period, they need not be included on Mattel's log.

12      Mattel also properly reserved its right to supplement its production subject to

13  expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

14  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

15  because "[t]o the extent that the theories of damages applicable to these claims may be

16  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

17  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

18  motion to compel interrogatory responses but noting that "this Court does not expect

19  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

20  later date" and "since experts have not been either retained or deposed, much of the

21  remaining discovery is also premature.").

22

23

24

25

26  [122]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27  [123]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

1   **REQUEST FOR PRODUCTION NO. 27:**

2       All DOCUMENTS REFLECTING that any documents allegedly taken by

3   MACHADO from MATTEL, including, without limitation, any of the documents

4   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

5   Responses and Objections to MGA's First Set of Interrogatories, were given to MGA

6   by MACHADO.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

8       Mattel incorporates by reference the above-stated general objections as if fully

9   set forth herein.  Mattel also specifically objects to this Request on the ground that it

10   is premature because the subject matter of this Request will be the subject of expert

11   testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

12   expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

13   experts and make related disclosures in accordance with the Court's orders and

14   applicable rules.  Mattel further objects that this Request is premature because

15   Defendants have not complied with their discovery obligations.  They have failed to

16   produce witnesses for deposition and are withholding information and documents

17   requested in violation of orders of the Discovery Master and the Court.  Mattel

18   objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.

19   Mattel further objects to this Request to the extent that it calls for the disclosure of

20   information subject to the attorney-client privilege, the attorney work- product

21   doctrine and other applicable privileges.  Mattel further objects to this Request on the

22   ground and to the extent it seeks trade secret, proprietary or otherwise confidential

23   information of Mattel or third parties.  Any such documents that are produced, if any,

24   will be produced only pursuant to and in reliance upon the Protective Order entered in

25   this case.  Mattel also objects to this Request to the extent it seeks documents that are

26   in the possession, custody and control of a foreign subsidiary of a party.  MGA has

27   objected that such documents are not within the scope of requests to a domestic party.

28   Mattel further objects to this Request to the extent that it may seek documents already

1   produced by Mattel, including documents stolen by MGA and other defendants.

2   Such documents will not be produced again.

3          Subject to the foregoing objections, Mattel responds as follows:  At a mutually

4   agreeable time and place, Mattel will produce the non-privileged documents, if any,

5   that Mattel has been able to locate after a diligent search and reasonable inquiry, to

6   the extent not previously produced, that (a) Machado took from Mattel and, (b) that

7   show the theft of those documents.

8   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

9   **REQUEST FOR PRODUCTION NO. 27 SHOULD BE COMPELLED AND**

10  **DOCUMENTS SHOULD BE PRODUCED**

11         As set forth in MGA's Memorandum of Points and Authorities in Support of its

12  motion to Compel, Mattel had agreed to produce documents responsive to this

13  request.  <u>See,</u> Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

14  that agreement, however, Mattel has neither produced documents nor informed MGA

15  that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

16  Instead, Mattel has ceased communicating with MGA concerning this and all other

17  disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

18  and Things (Nos. 1-68).  <u>Id.</u>

19         The documents responsive to this request are clearly relevant and discoverable.

20  Additionally, Mattel's remaining objections are generic, inapplicable and fail to

21  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

22  Mattel provides no explanation, let alone the required particularity, as to ***why*** these

23  requests are supposedly overly broad, nor can it do so.  This objection is therefore

24  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

25  with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

26  tailored to seek documents concerning Mattel's claims of trade secret

27  misappropriation and evidence proving MGA's affirmative defenses to those claims.

28  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

1  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

2  MGA is entitled to seek that information in the form of this request.

3        As to burden, Mattel has not attempted to demonstrate why responding to these

4  requests and/or producing responsive documents presents any burden.  This objection

5  must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173

6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7  unduly burdensome must allege specific facts which indicate the nature and extent of

8  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

9  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

10  Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D. 94, 109

11  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

12  to particularize its basis for the objection); <u>Seff v. General Outdoor Advertising Co.</u>,

13  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

14  because value of information to plaintiff clearly outweighed any annoyance or

15  expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg</u>

16  <u>Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

17  perform extensive research or to compile substantial amounts of data and information

18  does not automatically constitute an undue burden....  Imposing such a burden is

19  particularly proper where, as here, the information sought is crucial to the ultimate

20  determination of a crucial issue...").  To the extent that there is any burden at all, it is

21  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

22  in three countries.  The need for this information to defend against Mattel's claims

23  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

24  already ruled that a party cannot complain that requests are unduly burdensome when

25  the request "merely seeks information regarding the extent of" a party's claim.  Order

26  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

27  Mattel infringed numerous products, Mattel has the right to discover the scope of the

28  alleged claims.  Accordingly, the objections are overruled.").

1    Mattel also makes a number of other improper objections, none of which is

2    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

3    part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

4    P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

5    specificity are routinely rejected in the Central District.  See A. Farber and Partners,

6    Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

7    objections such as 'overly burdensome and harassing' are improper – especially when

8    a party fails to submit any evidentiary declarations supporting such objections");

9    Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

10   1999) ("boilerplate, generalized objections are inadequate and tantamount to not

11   making any objection at all").

12   For example, this request does not seek information protected by the attorney-

13   client privilege, the attorney work product doctrine, or any other applicable privilege.

14   Rather, it seeks documents related to Mattel's claim of trade secret theft by Machado.

15   Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

16   any allegedly privileged documents.

17   Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

18   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

19   no requests for discovery are premature at this point...."  Judge Larson agreed,

20   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

21   case at all.").

22   Mattel's expert disclosure objection is also without support.  The fact that

23   expert testimony may ultimately bear on some of the subjects of the request does not

24   excuse Mattel from its obligation to provide full and complete responses based on the

25   information Mattel presently has and to produce those responsive documents.

26   In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

27   for deposition and [is] withholding information and documents requested in violation

28   of orders of the Discovery Master and the Court" is not only unsupported and false,

1  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

2  the requests would be unaffected.

3      Also, this request does not seek information violative of any third-party's rights

4  of privacy.  The facts, persons, and documents responsive to this request are in the

5  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

6  previously has argued, any privacy issues are fully addressed by the Protective Order

7  in this case.

8      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

9  information or documents that are in the possession, custody and control of

10  independent parties over whom Mattel has no control" is nonsensical – Mattel is

11  obligated to provide all information in its possession, custody, or control that is

12  responsive to the request.

13      In short, Mattel's objections are uniformly without merit and frivolous.  The

14  Discovery Master should order Mattel to provide a substantive response to Request

15  No. 27 without objection and order Mattel to produce the computers.

16  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

17  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 27 SHOULD**

18  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

19      There is nothing to compel.  As Mattel informed MGA during the meet and confer

20  process, Mattel has received nearly identical requests in the past, has searched repeatedly

21  in good faith and produced non-privileged, responsive documents in its possession,

22  custody or control.  Nonetheless, as to this request and others where MGA identified

23  Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

24  determine whether it had any responsive documents that had not already been produced

25  or listed on a privilege log.[124]  Any additional non-privileged, responsive documents

26  _____

27  [124]   See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

28

07975/3037452.2

FURTHER RESPONSES AND OBJECTIONS

located pursuant to that search will be produced before this motion is even heard.[125] MGA's motion is totally unnecessary and could have been avoided altogether had MGA met and conferred in good faith.

There is no basis for overruling Mattel's privilege objection.  MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Machado" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[126]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[127] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

---

[125]   See Searcy Dec., ¶ 3.
[126]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

1 **REQUEST FOR PRODUCTION NO. 28:**

2      All DOCUMENTS REFLECTING that any documents allegedly taken by

3 MACHADO from MATTEL, including, without limitation, any of the documents

4 identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

5 Responses and Objections to MGA's First Set of Interrogatories, were given to MGA

6 HK by MACHADO.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

8      Mattel incorporates by reference the above-stated general objections as if fully

9 set forth herein.  Mattel also specifically objects to this Request on the ground that it

10 is premature because the subject matter of this Request will be the subject of expert

11 testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

12 expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

13 experts and make related disclosures in accordance with the Court's orders and

14 applicable rules.  Mattel further objects that this Request is premature because

15 Defendants have not complied with their discovery obligations.  They have failed to

16 produce witnesses for deposition and are withholding information and documents

17 requested in violation of orders of the Discovery Master and the Court.  Mattel

18 objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.

19 Mattel further objects to this Request to the extent that it calls for the disclosure of

20 information subject to the attorney-client privilege, the attorney work- product

21 doctrine and other applicable privileges.  Mattel further objects to this Request on the

22 ground and to the extent it seeks trade secret, proprietary or otherwise confidential

23 information of Mattel or third parties.  Any such documents that are produced, if any,

24 will be produced only pursuant to and in reliance upon the Protective Order entered in

25 this case.  Mattel also objects to this Request to the extent it seeks documents that are

26 _____

27 [127]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

-189-

1    in the possession, custody and control of a foreign subsidiary of a party.  MGA has

2    objected that such documents are not within the scope of requests to a domestic party.

3    Mattel further objects to this Request to the extent that it may seek documents already

4    produced by Mattel, including documents stolen by MGA and other defendants.

5    Such documents will not be produced again.

6         Subject to the foregoing objections, Mattel responds as follows:  At a mutually

7    agreeable time and place, Mattel will produce the non-privileged documents, if any,

8    that Mattel has been able to locate after a diligent search and reasonable inquiry, to

9    the extent not previously produced, that (a) Machado took from Mattel and, (b) that

10   show the theft of those documents.

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

12   **REQUEST FOR PRODUCTION NO. 28 SHOULD BE COMPELLED AND**

13   **DOCUMENTS SHOULD BE PRODUCED**

14        As set forth in MGA's Memorandum of Points and Authorities in Support of its

15   motion to Compel, Mattel had agreed to produce documents responsive to this

16   request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

17   that agreement, however, Mattel has neither produced documents nor informed MGA

18   that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

19   Instead, Mattel has ceased communicating with MGA concerning this and all other

20   disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

21   and Things (Nos. 1-68).  Id.

22        The documents responsive to this request are clearly relevant and discoverable.

23   Additionally, Mattel's remaining objections are generic, inapplicable and fail to

24   justify Mattel's failure to produce all responsive documents.  As to overbreadth,

25   Mattel provides no explanation, let alone the required particularity, as to **why** these

26   requests are supposedly overly broad, nor can it do so.  This objection is therefore

27   improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

28   with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

1  tailored to seek documents concerning Mattel's claims of trade secret

2  misappropriation and evidence proving MGA's affirmative defenses to those claims.

3  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

4  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

5  MGA is entitled to seek that information in the form of this request.

6       As to burden, Mattel has not attempted to demonstrate why responding to these

7  requests and/or producing responsive documents presents any burden.  This objection

8  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

9  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

10  unduly burdensome must allege specific facts which indicate the nature and extent of

11  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

12  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

13  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

14  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

15  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

16  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

17  because value of information to plaintiff clearly outweighed any annoyance or

18  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

19  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

20  perform extensive research or to compile substantial amounts of data and information

21  does not automatically constitute an undue burden....  Imposing such a burden is

22  particularly proper where, as here, the information sought is crucial to the ultimate

23  determination of a crucial issue....").  To the extent that there is any burden at all, it is

24  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

25  in three countries.  The need for this information to defend against Mattel's claims

26  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

27  already ruled that a party cannot complain that requests are unduly burdensome when

28  the request "merely seeks information regarding the extent of" a party's claim.  Order

-191-

FURTHER RESPONSES AND OBJECTIONS

No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 28 without objection and order Mattel to produce the computers.

**<u>FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 28 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>**

There is nothing to compel.  As Mattel informed MGA during the meet and confer process, Mattel has received nearly identical requests in the past, has searched repeatedly in good faith and produced non-privileged, responsive documents in its possession, custody or control.  Nonetheless, as to this request and others where MGA identified Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

determine whether it had any responsive documents that had not already been produced or listed on a privilege log.[128]   Any additional non-privileged, responsive documents located pursuant to that search will be produced before this motion is even heard.[129] MGA's motion is totally unnecessary and could have been avoided altogether had MGA met and conferred in good faith.

There is no basis for overruling Mattel's privilege objection.  MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Machado" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[130]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[131]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

---

[128]   See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

[129]   See Searcy Dec., ¶ 3.

[130]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

[131]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1  motion to compel interrogatory responses but noting that "this Court does not expect
2  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a
3  later date" and "since experts have not been either retained or deposed, much of the
4  remaining discovery is also premature.").

5

6  **REQUEST FOR PRODUCTION NO. 29:**

7       All DOCUMENTS REFLECTING that any documents allegedly taken by
8  MACHADO from MATTEL, including, without limitation, any of the documents
9  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental
10 Responses and Objections to MGA's First Set of Interrogatories, were given to MGA
11 MEXICO by MACHADO.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

13      Mattel incorporates by reference the above-stated general objections as if fully
14 set forth herein.  Mattel also specifically objects to this Request on the ground that it
15 is premature because the subject matter of this Request will be the subject of expert
16 testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the
17 expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its
18 experts and make related disclosures in accordance with the Court's orders and
19 applicable rules.  Mattel further objects that this Request is premature because
20 Defendants have not complied with their discovery obligations.  They have failed to
21 produce witnesses for deposition and are withholding information and documents
22 requested in violation of orders of the Discovery Master and the Court.  Mattel
23 objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.
24 Mattel further objects to this Request to the extent that it calls for the disclosure of
25 information subject to the attorney-client privilege, the attorney work- product
26 doctrine and other applicable privileges.  Mattel further objects to this Request on the
27 ground and to the extent it seeks trade secret, proprietary or otherwise confidential
28 information of Mattel or third parties.  Any such documents that are produced, if any,

-195-

FURTHER RESPONSES AND OBJECTIONS

1  will be produced only pursuant to and in reliance upon the Protective Order entered in

2  this case.  Mattel also objects to this Request to the extent it seeks documents that are

3  in the possession, custody and control of a foreign subsidiary of a party.  MGA has

4  objected that such documents are not within the scope of requests to a domestic party.

5  Mattel further objects to this Request to the extent that it may seek documents already

6  produced by Mattel, including documents stolen by MGA and other defendants.

7  Such documents will not be produced again.

8  　　　Subject to the foregoing objections, Mattel responds as follows:  At a mutually

9  agreeable time and place, Mattel will produce the non-privileged documents, if any,

10  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

11  the extent not previously produced that show that Machado gave to MGA and its

12  subsidiaries and agents documents stolen from Mattel.

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

14  **REQUEST FOR PRODUCTION NO. 29 SHOULD BE COMPELLED AND**

15  **DOCUMENTS SHOULD BE PRODUCED**

16  　　　As set forth in MGA's Memorandum of Points and Authorities in Support of its

17  motion to Compel, Mattel had agreed to produce documents responsive to this

18  request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

19  that agreement, however, Mattel has neither produced documents nor informed MGA

20  that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

21  Instead, Mattel has ceased communicating with MGA concerning this and all other

22  disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

23  and Things (Nos. 1-68).  Id.

24  　　　The documents responsive to this request are clearly relevant and discoverable.

25  Additionally, Mattel's remaining objections are generic, inapplicable and fail to

26  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

27  Mattel provides no explanation, let alone the required particularity, as to **why** these

28  requests are supposedly overly broad, nor can it do so.  This objection is therefore

improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade secret theft by Machado.  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not

FURTHER RESPONSES AND OBJECTIONS

1  excuse Mattel from its obligation to provide full and complete responses based on the

2  information Mattel presently has and to produce those responsive documents.

3       In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

4  for deposition and [is] withholding information and documents requested in violation

5  of orders of the Discovery Master and the Court" is not only unsupported and false,

6  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

7  the requests would be unaffected.

8       Also, this request does not seek information violative of any third-party's rights

9  of privacy.  The facts, persons, and documents responsive to this request are in the

10  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

11  previously has argued, any privacy issues are fully addressed by the Protective Order

12  in this case.

13       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

14  information or documents that are in the possession, custody and control of

15  independent parties over whom Mattel has no control" is nonsensical – Mattel is

16  obligated to provide all information in its possession, custody, or control that is

17  responsive to the request.

18       In short, Mattel's objections are uniformly without merit and frivolous.  The

19  Discovery Master should order Mattel to provide a substantive response to Request

20  No. 29 without objection and order Mattel to produce the computers.

21  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

22  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 29 SHOULD**

23  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

24       There is nothing to compel.  As Mattel informed MGA during the meet and confer

25  process, Mattel has received nearly identical requests in the past, has searched repeatedly

26  in good faith and produced non-privileged, responsive documents in its possession,

27  custody or control.  Nonetheless, as to this request and others where MGA identified

28  Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

determine whether it had any responsive documents that had not already been produced or listed on a privilege log.[132]   Any additional non-privileged, responsive documents located pursuant to that search will be produced before this motion is even heard.[133] MGA's motion is totally unnecessary and could have been avoided altogether had MGA met and conferred in good faith.

There is no basis for overruling Mattel's privilege objection.  MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Machado" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[134]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[135] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

---

[132]   See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

[133]   See Searcy Dec., ¶ 3.

[134]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

[135]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1  motion to compel interrogatory responses but noting that "this Court does not expect

2  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

3  later date" and "since experts have not been either retained or deposed, much of the

4  remaining discovery is also premature.").

5

6  **REQUEST FOR PRODUCTION NO. 30:**

7       All DOCUMENTS REFLECTING that any documents allegedly taken by

8  MACHADO from MATTEL, including, without limitation, any of the documents

9  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

10 Responses and Objections to MGA's First Set of Interrogatories, were given to

11 LARIAN by MACHADO.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

13      Mattel incorporates by reference the above-stated general objections as if fully

14 set forth herein.  Mattel also specifically objects to this Request on the ground that it

15 is premature because the subject matter of this Request will be the subject of expert

16 testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

17 expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

18 experts and make related disclosures in accordance with the Court's orders and

19 applicable rules.  Mattel further objects that this Request is premature because

20 Defendants have not complied with their discovery obligations.  They have failed to

21 produce witnesses for deposition and are withholding information and documents

22 requested in violation of orders of the Discovery Master and the Court.  Mattel

23 objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.

24 Mattel further objects to this Request to the extent that it calls for the disclosure of

25 information subject to the attorney-client privilege, the attorney work- product

26 doctrine and other applicable privileges.  Mattel further objects to this Request on the

27 ground and to the extent it seeks trade secret, proprietary or otherwise confidential

28 information of Mattel or third parties.  Any such documents that are produced, if any,

1   will be produced only pursuant to and in reliance upon the Protective Order entered in

2   this case.  Mattel also objects to this Request to the extent it seeks documents that are

3   in the possession, custody and control of a foreign subsidiary of a party.  MGA has

4   objected that such documents are not within the scope of requests to a domestic party.

5   Mattel further objects to this Request to the extent that it may seek documents already

6   produced by Mattel, including documents stolen by MGA and other defendants.

7   Such documents will not be produced again.

8        Subject to the foregoing objections, Mattel responds as follows:  At a mutually

9   agreeable time and place, Mattel will produce the non-privileged documents, if any,

10  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

11  the extent not previously produced that show that Machado gave to MGA and its

12  subsidiaries and agents documents stolen from Mattel.

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

14  **REQUEST FOR PRODUCTION NO. 30 SHOULD BE COMPELLED AND**

15  **DOCUMENTS SHOULD BE PRODUCED**

16       As set forth in MGA's Memorandum of Points and Authorities in Support of its

17  motion to Compel, Mattel had agreed to produce documents responsive to this

18  request.  <u>See,</u> Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

19  that agreement, however, Mattel has neither produced documents nor informed MGA

20  that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

21  Instead, Mattel has ceased communicating with MGA concerning this and all other

22  disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

23  and Things (Nos. 1-68).  <u>Id.</u>

24       The documents responsive to this request are clearly relevant and discoverable.

25  Additionally, Mattel's remaining objections are generic, inapplicable and fail to

26  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

27  Mattel provides no explanation, let alone the required particularity, as to **_why_** these

28  requests are supposedly overly broad, nor can it do so.  This objection is therefore

improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

     As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

1    already ruled that a party cannot complain that requests are unduly burdensome when

2    the request "merely seeks information regarding the extent of" a party's claim.  Order

3    No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

4    Mattel infringed numerous products, Mattel has the right to discover the scope of the

5    alleged claims.  Accordingly, the objections are overruled.").

6          Mattel also makes a number of other improper objections, none of which is

7    substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

8    part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

9    P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

10   specificity are routinely rejected in the Central District.  See A. Farber and Partners,

11   Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

12   objections such as 'overly burdensome and harassing' are improper – especially when

13   a party fails to submit any evidentiary declarations supporting such objections");

14   Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

15   1999) ("boilerplate, generalized objections are inadequate and tantamount to not

16   making any objection at all").

17         For example, this request does not seek information protected by the attorney-

18   client privilege, the attorney work product doctrine, or any other applicable privilege.

19   Rather, it seeks documents related to Mattel's claim of trade secret theft by Machado.

20   Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

21   any allegedly privileged documents.

22         Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

23   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

24   no requests for discovery are premature at this point...."  Judge Larson agreed,

25   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

26   case at all.").

27         Mattel's expert disclosure objection is also without support.  The fact that

28   expert testimony may ultimately bear on some of the subjects of the request does not

                                                                    FURTHER RESPONSES AND OBJECTIONS

1   excuse Mattel from its obligation to provide full and complete responses based on the

2   information Mattel presently has and to produce those responsive documents.

3       In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

4   for deposition and [is] withholding information and documents requested in violation

5   of orders of the Discovery Master and the Court" is not only unsupported and false,

6   but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

7   the requests would be unaffected.

8       Also, this request does not seek information violative of any third-party's rights

9   of privacy.  The facts, persons, and documents responsive to this request are in the

10  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

11  previously has argued, any privacy issues are fully addressed by the Protective Order

12  in this case.

13      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

14  information or documents that are in the possession, custody and control of

15  independent parties over whom Mattel has no control" is nonsensical – Mattel is

16  obligated to provide all information in its possession, custody, or control that is

17  responsive to the request.

18      In short, Mattel's objections are uniformly without merit and frivolous.  The

19  Discovery Master should order Mattel to provide a substantive response to Request

20  No. 30 without objection and order Mattel to produce the computers.

21  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

22  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 30 SHOULD**

23  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

24      There is nothing to compel.  As Mattel informed MGA during the meet and confer

25  process, Mattel has received nearly identical requests in the past, has searched repeatedly

26  in good faith and produced non-privileged, responsive documents in its possession,

27  custody or control.  Nonetheless, as to this request and others where MGA identified

28  Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

1    determine whether it had any responsive documents that had not already been produced

2    or listed on a privilege log.[136]   Any additional non-privileged, responsive documents

3    located pursuant to that search will be produced before this motion is even heard.[137]

4    MGA's motion is totally unnecessary and could have been avoided altogether had MGA

5    met and conferred in good faith.

6         There is no basis for overruling Mattel's privilege objection.  MGA's assertion that

7    this Request does not seek information protected by the attorney-client privilege, the

8    attorney work product doctrine, or any other applicable privilege because "it seeks

9    documents related to Mattel's claim of trade secret theft by Machado" has no merit.

10   Documents related to one of Mattel's *claims in this action* could very well be subject to a

11   claim of privilege or work product protection.  MGA's waiver argument is also without

12   merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

13   action.[138]   Moreover, as MGA has itself argued, the parties have agreed that "all

14   privileged documents would be logged except for documents created after this action

15   was filed on April 27, 2004."[139]  Thus, to the extent privileged documents fall within the

16   post lawsuit time period, they need not be included on Mattel's log.

17        Mattel also properly reserved its right to supplement its production subject to

18   expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

19   1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

20   because "[t]o the extent that the theories of damages applicable to these claims may be

21   related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

22   Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

23

24   [136]   See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009,
     Mankey Dec., Exh. D.

25   [137]   See Searcy Dec., ¶ 3.

26   [138]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27   [139]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal
     Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

1   motion to compel interrogatory responses but noting that "this Court does not expect

2   Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

3   later date" and "since experts have not been either retained or deposed, much of the

4   remaining discovery is also premature.").

5

6   **REQUEST FOR PRODUCTION NO. 32:**

7       All DOCUMENTS REFLECTING that any documents allegedly taken by

8   MACHADO from MATTEL, including, without limitation, any of the documents

9   identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

10   Responses and Objections to MGA's First Set of Interrogatories, gave MGA HK an

11   "unfair competitive advantage," as referenced on page 32, lines 25 through 27, of

12   MATTEL's Supplemental Responses and Objections to MGA's First Set of

13   Interrogatories.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

15       Mattel incorporates by reference the above-stated general objections as if fully

16   set forth herein.  Mattel also specifically objects to the use of the term

17   "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

18   Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

19   confidential information of Mattel or third parties.  Any such documents that are

20   produced, if any, will be produced only pursuant to and in reliance upon the

21   Protective Order entered in this case.  Mattel further objects that this Request is

22   premature because Defendants have not complied with their discovery obligations.

23   They have failed to produce witnesses for deposition and are withholding information

24   and documents requested in violation of orders of the Discovery Master and the

25   Court.  Mattel further objects to this Request on the ground that it is premature

26   because the subject matter of this Request will be the subject of expert testimony at

27   trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony

28   that Mattel may seek to introduce at trial.  Mattel will identify its experts and make

1   related disclosures in accordance with the Court's orders and applicable rules.  Mattel

2   further objects to this Request to the extent that it calls for the disclosure of

3   information subject to the attorney-client privilege, the attorney work-product

4   doctrine and other applicable privileges.  Mattel also objects to this Request to the

5   extent it seeks documents that are in the possession, custody and control of a foreign

6   subsidiary of a party.  MGA has objected that such documents are not within the

7   scope of requests to a domestic party.  Mattel further objects to this Request to the

8   extent that it may seek documents already produced by Mattel, including documents

9   stolen by MGA and other defendants.  Such documents will not be produced again.

10  Mattel also objects to this Request because it seeks documents that are in the MGA

11  Parties' exclusive possession, custody and control.

12  **FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION**

13  **NO. 32**:

14          Mattel incorporates by reference the above-stated general objections as if

15  fully set forth herein.  Mattel also specifically objects to the use of the term

16  "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

17  Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

18  confidential information of Mattel or third parties.  Any such documents that are

19  produced, if any, will be produced only pursuant to and in reliance upon the

20  Protective Order entered in this case.  Mattel further objects that this Request is

21  premature because Defendants have not complied with their discovery obligations.

22  They have failed to produce witnesses for deposition and are withholding information

23  and documents requested in violation of orders of the Discovery Master and the

24  Court.  Mattel further objects to this Request on the ground that it is premature

25  because the subject matter of this Request will be the subject of expert testimony at

26  trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony

27  that Mattel may seek to introduce at trial.  Mattel will identify its experts and make

28  related disclosures in accordance with the Court's orders and applicable rules.  Mattel

further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again. Mattel also objects to this Request because it seeks documents that are in the MGA Parties' exclusive possession, custody and control.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents in its possession, custody or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, that show that documents taken from Mattel by Machado gave MGA HK an unfair competitive advantage.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 32 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

During meet and confer discussions with Mattel, Mattel advised that it did not agree to produce responsive documents to this request because Mattel claims that the documents are in the exclusive possession of MGA. See Mankey Decl., Ex. D. MGA explained that this response differed from Mattel's responses to Requests 11 and 31. Id.  Mattel then asserted that it did not have responsive documents.  Id.  Thus, Mattel had agreed to confirm that Mattel neither has nor had responsive documents to this Request.  Id.  Despite that agreement, however, Mattel has not confirmed there are no responsive documents to this request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to

1    MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos.

2    1-68).  Id.

3         The documents responsive to this request are clearly relevant and discoverable.

4    Additionally, Mattel's remaining objections are generic, inapplicable and fail to

5    justify Mattel's failure to produce all responsive documents.  As to overbreadth,

6    Mattel provides no explanation, let alone the required particularity, as to **why** these

7    requests are supposedly overly broad, nor can it do so.  This objection is therefore

8    improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

9    with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

10   tailored to seek documents concerning Mattel's claims of trade secret

11   misappropriation and evidence proving MGA's affirmative defenses to those claims.

12   Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

13   Since Mattel has yet to identify the trade secrets it claims were misappropriated,

14   MGA is entitled to seek that information in the form of this request.

15        As to burden, Mattel has not attempted to demonstrate why responding to these

16   requests and/or producing responsive documents presents any burden.  This objection

17   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

18   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

19   unduly burdensome must allege specific facts which indicate the nature and extent of

20   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

21   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

22   Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

23   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

24   to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

25   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

26   because value of information to plaintiff clearly outweighed any annoyance or

27   expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

28   Schools, 182 F.R.D. 486,491 (W.D. N.C. 1998) ("Requiring a responding party to

FURTHER RESPONSES AND OBJECTIONS

1   perform extensive research or to compile substantial amounts of data and information

2   does not automatically constitute an undue burden....  Imposing such a burden is

3   particularly proper where, as here, the information sought is crucial to the ultimate

4   determination of a crucial issue....").  To the extent that there is any burden at all, it is

5   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

6   in three countries.  The need for this information to defend against Mattel's claims

7   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

8   already ruled that a party cannot complain that requests are unduly burdensome when

9   the request "merely seeks information regarding the extent of" a party's claim.  Order

10  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

11  Mattel infringed numerous products, Mattel has the right to discover the scope of the

12  alleged claims.  Accordingly, the objections are overruled.").

13      Mattel also makes a number of other improper objections, none of which is

14  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

15  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

16  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

17  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

18  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

19  objections such as 'overly burdensome and harassing' are improper – especially when

20  a party fails to submit any evidentiary declarations supporting such objections");

21  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

22  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

23  making any objection at all").

24      For example, this request does not seek information protected by the attorney-

25  client privilege, the attorney work product doctrine, or any other applicable privilege.

26  Rather, it seeks documents related to Mattel's claim of trade secret theft by Machado.

27  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

28  any allegedly privileged documents.

FURTHER RESPONSES AND OBJECTIONS

1    Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

2    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

3    no requests for discovery are premature at this point...."  Judge Larson agreed,

4    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

5    case at all.").

6    Mattel's expert disclosure objection is also without support.  The fact that

7    expert testimony may ultimately bear on some of the subjects of the request does not

8    excuse Mattel from its obligation to provide full and complete responses based on the

9    information Mattel presently has and to produce those responsive documents.

10   In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

11   for deposition and [is] withholding information and documents requested in violation

12   of orders of the Discovery Master and the Court" is not only unsupported and false,

13   but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

14   the requests would be unaffected.

15   Also, this request does not seek information violative of any third-party's rights

16   of privacy.  The facts, persons, and documents responsive to this request are in the

17   possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

18   previously has argued, any privacy issues are fully addressed by the Protective Order

19   in this case.

20   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

21   information or documents that are in the possession, custody and control of

22   independent parties over whom Mattel has no control" is nonsensical – Mattel is

23   obligated to provide all information in its possession, custody, or control that is

24   responsive to the request.

25   In short, Mattel's objections are uniformly without merit and frivolous.  The

26   Discovery Master should order Mattel to provide a substantive response to Request

27   No. 32 without objection and order Mattel to produce the computers.

28

1    **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

2    **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 32 SHOULD**

3    **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

4         There is nothing for the Discovery Master to compel.  During the parties' July 1,

5   2009 conference on this issue, Mattel represented to MGA that to the extent Mattel had

6   located nonprivileged, responsive documents, it had produced them, and that documents

7   responsive to this request were in the possession of MGA and related parties, not

8   Mattel.[140]  At MGA's insistence, however, Mattel agreed to search for additional

9   nonprivileged, responsive documents and produce any it was able to locate after a

10   reasonable search.  Mattel is conducting this search and will produce additional

11   nonprivileged, responsive documents, if any, before this motion is even heard.

12         There is no basis for overruling Mattel's privilege objection.  Apart from the fact

13   that MGA never raised this objection in any meet and confer, MGA's assertion that this

14   Request does not seek information protected by the attorney-client privilege, the attorney

15   work product doctrine, or any other applicable privilege because "it seeks documents

16   related to Mattel's claim of trade secret theft by Machado" has no merit.  Documents

17   related to one of Mattel's *claims in this action* could very well be subject to a claim of

18   privilege or work product protection.  MGA's waiver argument is also without merit.

19   Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

20   action.[141]  Moreover, as MGA has itself argued, the parties have agreed that "all

21   privileged documents would be logged except for documents created after this action

22   was filed on April 27, 2004."[142]  Thus, to the extent privileged documents fall within the

23   post lawsuit time period, they need not be included on Mattel's log.

---

25   [140]   Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

26   [141]   <u>See</u> Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27   [142]   <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

The Discovery Master should also uphold Mattel's objection that the term "REFLECTING" as used in the Request is vague, ambiguous and overbroad.   The Request puported to seek "All DOCUMENTS REFLECTING" that the stolen documents gave MGA an "unfair competitive advantage."   MGA stated that "'REFLECTING' should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussions, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed."[143]   Even if one uses the dictionary definition of the word "reflecting"[144] much less employs MGA's "broadest possible" definition, the request is impermissibly vague and overbroad.

In addition, Mattel properly reserved its right to supplement its production subject to expert discovery.   New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").   Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect

---

[143]   See MGA's First Set of Phase 2 Requests for Production at 4:9-13.
[144]   See Merriam-Webster Dictionary webpage <http://www.merriam-webster.com/dictionary/reflect>, as accessed on August 7, 2009 (transitive verb:  1 *archaic*: to turn into or away from a course: deflect; 2: to prevent passage of an cause to change direction <a mirror *reflects* light>; 3: to bend or fold back; 4: to give back or exhibit as an image, likeness, or outline: mirror <the clouds were *reflected* in the water>; 5: to bring or cast as a result <his attitude *reflects* little credit on his judgment>; 6: to make manifest or apparent: show <the painting *reflects* his artistic vision< >the pulse *reflects* the condition of the heart>; 7: realize, consider; intransitive verb: 1: to throw back light or sound; 2a: to think quietly and calmly, b: to express a thought or opinion resulting from reflection; 3a: to tend to bring reproach or discredit <an investigation that *reflects* on all members of the department> b: to bring about a specified appearance or characterization <an act which *reflects* well on her> c: to have a bearing or influence) (emphasis in original).

1   Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

2   later date" and "since experts have not been either retained or deposed, much of the

3   remaining discovery is also premature.").

4       Mattel also validly objected to this Request to the extent MGA's and related

5   parties' stonewalling has limited Mattel's ability to fully investigate its claims.  Mattel

6   provided numerous examples of MGA's and related parties' obstructionism in its

7   Opposition To MGA's Motion To Compel Further Responses To MGA's First Set of

8   Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, which it

9   incorporates here by reference.[145]

10

11  **REQUEST FOR PRODUCTION NO. 33:**

12      All DOCUMENTS REFLECTING that any documents allegedly taken by

13  MACHADO from MATTEL, including, without limitation, any of the documents

14  identified in page 31, line 12, through page 32, line 24 of MATTEL's Supplemental

15  Responses and Objections to MGA's First Set of Interrogatories, gave MGA

16  MEXICO an "unfair competitive advantage," as referenced on page 32, lines 25

17  through 27, of MATTEL's Supplemental Responses and Objections to MGA's First

18  Set of Interrogatories.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

20      Mattel incorporates by reference the above-stated general objections as if fully

21  set forth herein.  Mattel also specifically objects to the use of the term

22  "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

23  Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

24  confidential information of Mattel or third parties.  Any such documents that are

25

26  _____

    [145]  See Mattel's Opposition To MGA's Motion To Compel Further Responses To
27  MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for
    Production, dated August 5, 2009, at 24:5-27:14.

28

1  produced, if any, will be produced only pursuant to and in reliance upon the

2  Protective Order entered in this case.  Mattel further objects that this Request is

3  premature because Defendants have not complied with their discovery obligations.

4  They have failed to produce witnesses for deposition and are withholding information

5  and documents requested in violation of orders of the Discovery Master and the

6  Court.  Mattel further objects to this Request on the ground that it is premature

7  because the subject matter of this Request will be the subject of expert testimony at

8  trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony

9  that Mattel may seek to introduce at trial.  Mattel will identify its experts and make

10 related disclosures in accordance with the Court's orders and applicable rules.  Mattel

11 further objects to this Request to the extent that it calls for the disclosure of

12 information subject to the attorney-client privilege, the attorney work-product

13 doctrine and other applicable privileges.  Mattel also objects to this Request to the

14 extent it seeks documents that are in the possession, custody and control of a foreign

15 subsidiary of a party.  MGA has objected that such documents are not within the

16 scope of requests to a domestic party.  Mattel further objects to this Request to the

17 extent that it may seek documents already produced by Mattel, including documents

18 stolen by MGA and other defendants.  Such documents will not be produced again.

19 Mattel also objects to this Request because it seeks documents that are in the MGA

20 Parties' exclusive possession, custody and control.

21 **FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION**

22 **NO. 33:**

23            Mattel incorporates by reference the above-stated general objections as if

24 fully set forth herein.  Mattel also specifically objects to the use of the term

25 "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this

26 Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

27 confidential information of Mattel or third parties.  Any such documents that are

28 produced, if any, will be produced only pursuant to and in reliance upon the

Protective Order entered in this case.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel further objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again. Mattel also objects to this Request because it seeks documents that are in the MGA Parties' exclusive possession, custody and control.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents in its possession, custody or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, that show that documents taken from Mattel by Machado gave MGA Mexico an unfair competitive advantage.

1 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

2 **REQUEST FOR PRODUCTION NO. 33 SHOULD BE COMPELLED AND**

3 **DOCUMENTS SHOULD BE PRODUCED**

4    During meet and confer discussions with Mattel, Mattel advised that it did not

5 agree to produce responsive documents to this request because Mattel claims that the

6 documents are in the exclusive possession of MGA. <u>See</u> Mankey Decl., Ex. D. MGA

7 explained that this response differed from Mattel's responses to Requests 11 and 31.

8 <u>Id.</u>  Mattel then asserted that it did not have responsive documents. <u>Id.</u>  Thus, Mattel

9 had agreed to confirm that Mattel neither has nor had responsive documents to this

10 Request. <u>Id.</u>  Despite that agreement, however, Mattel has not confirmed there are no

11 responsive documents to this request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has

12 ceased communicating with MGA concerning this and all other disputes related to

13 MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos.

14 1-68). <u>Id.</u>

15    The documents responsive to this request are clearly relevant and discoverable.

16 Additionally, Mattel's remaining objections are generic, inapplicable and fail to

17 justify Mattel's failure to produce all responsive documents.  As to overbreadth,

18 Mattel provides no explanation, let alone the required particularity, as to **why** these

19 requests are supposedly overly broad, nor can it do so.  This objection is therefore

20 improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

21 with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

22 tailored to seek documents concerning Mattel's claims of trade secret

23 misappropriation and evidence proving MGA's affirmative defenses to those claims.

24 Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

25 Since Mattel has yet to identify the trade secrets it claims were misappropriated,

26 MGA is entitled to seek that information in the form of this request.

27    As to burden, Mattel has not attempted to demonstrate why responding to these

28 requests and/or producing responsive documents presents any burden.  This objection

-218-

1   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

2   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

3   unduly burdensome must allege specific facts which indicate the nature and extent of

4   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

5   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

6   Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

7   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

8   to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

9   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

10  because value of information to plaintiff clearly outweighed any annoyance or

11  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

12  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

13  perform extensive research or to compile substantial amounts of data and information

14  does not automatically constitute an undue burden....  Imposing such a burden is

15  particularly proper where, as here, the information sought is crucial to the ultimate

16  determination of a crucial issue....").  To the extent that there is any burden at all, it is

17  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

18  in three countries.  The need for this information to defend against Mattel's claims

19  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

20  already ruled that a party cannot complain that requests are unduly burdensome when

21  the request "merely seeks information regarding the extent of" a party's claim.  Order

22  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

23  Mattel infringed numerous products, Mattel has the right to discover the scope of the

24  alleged claims.  Accordingly, the objections are overruled.").

25       Mattel also makes a number of other improper objections, none of which is

26  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

27  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

28  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

1   specificity are routinely rejected in the Central District.  See A. Farber and Partners,

2   Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

3   objections such as 'overly burdensome and harassing' are improper – especially when

4   a party fails to submit any evidentiary declarations supporting such objections");

5   Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

6   1999) ("boilerplate, generalized objections are inadequate and tantamount to not

7   making any objection at all").

8       For example, this request does not seek information protected by the attorney-

9   client privilege, the attorney work product doctrine, or any other applicable privilege.

10  Rather, it seeks documents related to Mattel's claim of trade secret theft by Machado.

11  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

12  any allegedly privileged documents.

13      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

14  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

15  no requests for discovery are premature at this point...."  Judge Larson agreed,

16  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

17  case at all.").

18      Mattel's expert disclosure objection is also without support.  The fact that

19  expert testimony may ultimately bear on some of the subjects of the request does not

20  excuse Mattel from its obligation to provide full and complete responses based on the

21  information Mattel presently has and to produce those responsive documents.

22      In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

23  for deposition and [is] withholding information and documents requested in violation

24  of orders of the Discovery Master and the Court" is not only unsupported and false,

25  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

26  the requests would be unaffected.

27      Also, this request does not seek information violative of any third-party's rights

28  of privacy.  The facts, persons, and documents responsive to this request are in the

1  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

2  previously has argued, any privacy issues are fully addressed by the Protective Order

3  in this case.

4       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

5  information or documents that are in the possession, custody and control of

6  independent parties over whom Mattel has no control" is nonsensical – Mattel is

7  obligated to provide all information in its possession, custody, or control that is

8  responsive to the request.

9       In short, Mattel's objections are uniformly without merit and frivolous.  The

10  Discovery Master should order Mattel to provide a substantive response to Request

11  No. 33 without objection and order Mattel to produce the computers.

12  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

13  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 33 SHOULD**

14  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

15       There is nothing for the Discovery Master to compel.  During the parties' July 1,

16  2009 conference on this issue, Mattel represented to MGA that to the extent Mattel had

17  located nonprivileged, responsive documents, it had produced them, and that documents

18  responsive to this request were in the possession of MGA and related parties, not

19  Mattel.[146]   At MGA's insistence, however, Mattel agreed to search for additional

20  nonprivileged, responsive documents and produce any it was able to locate after a

21  reasonable search.   Mattel is conducting this search and will produce additional

22  nonprivileged, responsive documents, if any, before this motion is even heard.

23       There is no basis for overruling Mattel's privilege objection.  Apart from the fact

24  that MGA never raised this objection in any meet and confer, MGA's assertion that this

25  Request does not seek information protected by the attorney-client privilege, the attorney

26  _____

27  [146]   Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

28

-221-

FURTHER RESPONSES AND OBJECTIONS

1    work product doctrine, or any other applicable privilege because "it seeks documents
2    related to Mattel's claim of trade secret theft by Machado" has no merit.  Documents
3    related to one of Mattel's *claims in this action* could very well be subject to a claim of
4    privilege or work product protection.  MGA's waiver argument is also without merit.
5    Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this
6    action.[147]   Moreover, as MGA has itself argued, the parties have agreed that "all
7    privileged documents would be logged except for documents created after this action
8    was filed on April 27, 2004."[148]  Thus, to the extent privileged documents fall within the
9    post lawsuit time period, they need not be included on Mattel's log.

10        The Discovery Master should also uphold Mattel's objection that the term
11   "REFLECTING" as used in the Request is vague, ambiguous and overbroad.  The
12   Request puported to seek "All DOCUMENTS REFLECTING" that the stolen documents
13   gave MGA an "unfair competitive advantage."  MGA stated that "'REFLECTING'
14   should be construed in the broadest possible sense to mean concerning, consisting of,
15   referring to, relating to, describing, discussions, constituting, evidencing, containing,
16   reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any
17   logical or factual connection with the matter discussed."[149]  Even if one uses the
18   dictionary definition of the word "reflecting"[150] much less employs MGA's "broadest
19   possible" definition, the request is impermissibly vague and overbroad.

20   -----------------------

21   [147]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.
22   [148]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.
23   [149]   See MGA's First Set of Phase 2 Requests for Production at 4:9-13.
     [150]   See Merriam-Webster Dictionary webpage <http://www.merriam-
24   webster.com/dictionary/reflect>, as accessed on August 7, 2009 (transitive verb:  1
25   *archaic*: to turn into or away from a course: deflect; 2: to prevent passage of an cause to change direction <a mirror *reflects* light>; 3: to bend or fold back; 4: to give back
26   or exhibit as an image, likeness, or outline: mirror <the clouds were *reflected* in the
27   water>; 5: to bring or cast as a result <his attitude *reflects* little credit on his judgment>; 6: to make manifest or apparent: show <the painting *reflects* his artistic
28   (footnote continued)

FURTHER RESPONSES AND OBJECTIONS

In addition, Mattel properly reserved its right to supplement its production subject to expert discovery.  <u>New Haven Temple SDA Church v. Consolidated Edison Corp.</u>, 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

Mattel also validly objected to this Request to the extent MGA's and related parties' stonewalling has limited Mattel's ability to fully investigate its claims.  Mattel provided numerous examples of MGA's and related parties' obstructionism in its Opposition To MGA's Motion To Compel Further Responses To MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, which it incorporates here by reference.[151]

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS REFLECTING that MACHADO, TRUEBA or VARGAS delivered an "internal line list to LARIAN or another MGA officer during their

---

vision< >the pulse *reflects* the condition of the heart>; 7: realize, consider; intransitive verb: 1: to throw back light or sound; 2a: to think quietly and calmly, b: to express a thought or opinion resulting from reflection; 3a: to tend to bring reproach or discredit <an investigation that *reflects* on all members of the department> b: to bring about a specified appearance or characterization <an act which *reflects* well on her> c: to have a bearing or influence) (emphasis in original).

[151]  <u>See</u> Mattel's Opposition To MGA's Motion To Compel Further Responses To MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated August 5, 2009, at 24:5-27:14.

1   negotiations with MGA," as set forth in lines 7-8 on page 33 of MATTEL's

2   Supplemental Responses and Objections to MGA's First Set of Interrogatories.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

4        Mattel incorporates by reference the above-stated general objections as if fully

5   set forth herein.  Mattel also specifically objects to this Request on the ground that it

6   is premature because the subject matter of this Request will be the subject of expert

7   testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

8   expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

9   experts and make related disclosures in accordance with the Court's orders and

10  applicable rules.  Mattel further objects that this Request is premature because

11  Defendants have not complied with their discovery obligations.  They have failed to

12  produce witnesses for deposition and are withholding information and documents

13  requested in violation of orders of the Discovery Master and the Court.  Mattel

14  objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.

15  Mattel further objects to this Request to the extent that it calls for the disclosure of

16  information subject to the attorney-client privilege, the attorney work- product

17  doctrine and other applicable privileges.  Mattel further objects to this Request on the

18  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

19  information of Mattel or third parties.  Any such documents that are produced, if any,

20  will be produced only pursuant to and in reliance upon the Protective Order entered in

21  this case.  Mattel also objects to this Request to the extent it seeks documents that are

22  in the possession, custody and control of a foreign subsidiary of a party.  MGA has

23  objected that such documents are not within the scope of requests to a domestic party.

24  Mattel further objects to this Request to the extent that it may seek documents already

25  produced by Mattel, including documents stolen by MGA and other defendants.

26  Such documents will not be produced again.

27        Subject to the foregoing objections, Mattel responds as follows:  At a mutually

28  agreeable time and place, Mattel will produce the non-privileged documents, if any,

1  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

2  the extent not previously produced that show that Machado, Trueba, and Vargas

3  delivered a Mattel internal line list to MGA or an officer of MGA.

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5  **REQUEST FOR PRODUCTION NO. 34 SHOULD BE COMPELLED AND**

6  **DOCUMENTS SHOULD BE PRODUCED**

7         Mattel has agreed to produce responsive documents in its response and has

8  confirmed its agreement to produce documents in various meet and confer

9  discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

10  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

11  Moreover, Mattel has ceased communicating with MGA concerning these and all

12  other disputes related to MGA's First Set of Phase 2 Requests for Production of

13  Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

14  responsive documents by a date certain.

15         To the extent that Mattel is relying on its blanket objections, they are not

16  sustainable and do not justify Mattel's failure to produce documents.  As to

17  overbreadth, Mattel provides no explanation, let alone the required particularity, as to

18  *why* these requests are supposedly overly broad, nor can it do so.  This objection is

19  therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections

20  not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

21  narrowly tailored to seek documents concerning Mattel's claims of trade secret

22  misappropriation and evidence proving MGA's affirmative defenses to those claims.

23  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

24  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

25  MGA is entitled to seek that information in the form of this request.

26         As to burden, Mattel has not attempted to demonstrate why responding to these

27  requests and/or producing responsive documents presents any burden.  This objection

28  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad-based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners,

1  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

2  objections such as 'overly burdensome and harassing' are improper – especially when

3  a party fails to submit any evidentiary declarations supporting such objections");

4  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

5  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

6  making any objection at all").

7       For example, this request does not seek information protected by the attorney-

8  client privilege, the attorney work product doctrine, or any other applicable privilege.

9  Rather, it seeks documents related to Mattel's claim of trade secret theft by Machado.

10 Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

11 any allegedly privileged documents.

12      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

13 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

14 no requests for discovery are premature at this point...."  Judge Larson agreed,

15 clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

16 case at all.").

17      Mattel's expert disclosure objection is also without support.  The fact that

18 expert testimony may ultimately bear on some of the subjects of the request does not

19 excuse Mattel from its obligation to provide full and complete responses based on the

20 information Mattel presently has and to produce those responsive documents.

21      In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

22 for deposition and [is] withholding information and documents requested in violation

23 of orders of the Discovery Master and the Court" is not only unsupported and false,

24 but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

25 the requests would be unaffected.

26      Also, this request does not seek information violative of any third-party's rights

27 of privacy.  The facts, persons, and documents responsive to this request are in the

28 possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

-227-

FURTHER RESPONSES AND OBJECTIONS

1  previously has argued, any privacy issues are fully addressed by the Protective Order

2  in this case.

3       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

4  information or documents that are in the possession, custody and control of

5  independent parties over whom Mattel has no control" is nonsensical – Mattel is

6  obligated to provide all information in its possession, custody, or control that is

7  responsive to the request.

8       In short, Mattel's objections are uniformly without merit and frivolous.  The

9  Discovery Master should order Mattel to provide a substantive response to Request

10  No. 34 without objection and order Mattel to produce all documents responsive to

11  this request.

12  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

13  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 34 SHOULD**

14  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

15       As a preliminary matter, MGA failed to meet and confer at all, much less in good

16  faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to

17  the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel

18  for the parties shall confer in a good faith effort to eliminate the necessity for hearing the

19  motion or to eliminate as many of the disputes as possible.").  MGA's original meet and

20  confer letter did not identify which responses MGA contended were insufficient.[152]

21  When Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-

22  1, MGA did not identify this request.  Indeed, at no point during the meet and confer

23

24  _____

25  [152]  See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer]
shall identify each issue and/or discovery request in dispute, shall state briefly with

26  respect to each such issue/request that moving party's position (and provide any legal

27  authority which the moving party believes is dispositive of the dispute as to that
issue/request), and specify the terms of the discovery order to be sought.").

28

1    process did the parties discuss this Request or Mattel's response to it.[153]  Thus, MGA's

2    claim that Mattel has "ceased communicating" about this Request is simply not true;

3    MGA never initiated any dialogue about this Request or Mattel's response in the first

4    place.  The Discovery Master should deny MGA's motion with respect to this Request

5    on that grounds alone.

6         Nor is there anything to compel in any event.  Mattel agreed in its original

7    response to produce responsive, non-privileged documents located pursuant to diligent

8    search and reasonable inquiry, to the extent not previously produced.  Had MGA

9    complied with its meet and confer obligations, Mattel would have informed MGA that

10   Mattel has conducted a good faith search for responsive documents and has found no

11   documents responsive to this request that have not either been produced already or noted

12   on a privilege log.[154]  MGA's motion is totally unnecessary.

13        There is no basis for overruling Mattel's privilege objection.  Apart from the fact

14   that MGA never raised this objection in any meet and confer, MGA's assertion that this

15   Request does not seek information protected by the attorney-client privilege, the attorney

16   work product doctrine, or any other applicable privilege because "it seeks documents

17   related to Mattel's claim of trade secret theft by Machado" has no merit.  Documents

18   related to one of Mattel's *claims in this action* could very well be subject to a claim of

19   privilege or work product protection.  MGA's waiver argument is also without merit.

20   Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

21   action.[155]  Moreover, as MGA has itself argued, the parties have agreed that "all

22   privileged documents would be logged except for documents created after this action

23

24

25

---

26   [153] <u>See</u> Opposition at 2:8-3:16.

27   [154] <u>See</u> Searcy Dec., ¶ 2.
     [155] <u>See</u> Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

28

FURTHER RESPONSES AND OBJECTIONS

1  was filed on April 27, 2004."[156] Thus, to the extent privileged documents fall within the

2  post lawsuit time period, they need not be included on Mattel's log.

3        Mattel also properly reserved its right to supplement its production subject to

4  expert discovery. <u>See</u> <u>New Haven Temple SDA Church v. Consolidated Edison Corp.</u>,

5  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

6  because "[t]o the extent that the theories of damages applicable to these claims may be

7  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

8  <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

9  motion to compel interrogatory responses but noting that "this Court does not expect

10  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

11  later date" and "since experts have not been either retained or deposed, much of the

12  remaining discovery is also premature.").

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    [156] <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

07975/3037452.2

-230-

FURTHER RESPONSES AND OBJECTIONS