1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2 |   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3 |   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4 |   (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5 | Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6 | Facsimile:  (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 |

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12 |

| | |
|---|---|
| 13 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 14     Plaintiff, | |
| 15     vs. | DISCOVERY MATTER |
| 16 MATTEL, INC., a Delaware corporation, | MATTEL INC.'S RESPONSE TO MGA ENTERTAINMENT, INC.'S |
| 17     Defendant. | SEPARATE STATEMENT RE MOTION TO COMPEL FURTHER |
| 18 | RESPONSES TO MGA'S FIRST SET OF PHASE 2 REQUESTS FOR |
| 19 AND CONSOLIDATED ACTIONS | PRODUCTION AND FOR PRODUCTION OF DOCUMENTS |
| 20 | Discovery Cut-off:  December 11, 2009 |
| 21 | Pre-trial Conference:  March 1, 2010 Trial Date:  March 23, 2010 |
| 22 | |

23 |

24 | PROPOUNDING PARTY:    MGA ENTERTAINMENT, INC.

25 | RESPONDING PARTY:    MATTEL, INC.

26 | NOS.:    1-10, 12-30, 32-60, 64-68

27 | VOL.:    2 OF 2 (Nos. 35-60, 64-68)

28 |

07975/3043916.3

FURTHER RESPONSES AND OBJECTIONS

1  **REQUEST FOR PRODUCTION NO. 35:**

2      All DOCUMENTS REFLECTING that MGA's alleged access to MATTEL's

3  confidential business plans or methods caused MGA to increase its market share in

4  Mexico.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

6      Mattel incorporates by reference the above-stated general objections as if fully

7  set forth herein.  Mattel also specifically objects to this Request on the ground that it

8  is premature because the subject matter of this Request will be the subject of expert

9  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

10  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

11  experts and make related disclosures in accordance with the Court's orders and

12  applicable rules.  Mattel further objects that this Request is premature because

13  Defendants have not complied with their discovery obligations.  They have failed to

14  produce witnesses for deposition and are withholding information and documents

15  requested in violation of orders of the Discovery Master and the Court.  Defendant

16  MGA Mexico also has not produced many relevant documents relating to this

17  Request.  Mattel objects to the use of the terms "REFLECTING" and "MGA" as

18  vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent

19  that it calls for the disclosure of information subject to the attorney-client privilege,

20  the attorney work-product doctrine and other applicable privileges.  Mattel further

21  objects to this Request on the ground and to the extent it seeks trade secret,

22  proprietary or otherwise confidential information of Mattel or third parties.  Any such

23  documents that are produced, if any, will be produced only pursuant to and in reliance

24  upon the Protective Order entered in this case.  Mattel also objects to this Request to

25  the extent it seeks documents that are in the possession, custody and control of a

26  foreign subsidiary of a party.  MGA has objected that such documents are not within

27  the scope of requests to a domestic party.  Mattel further objects to this Request to the

28

extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendant MGA Mexico also has not produced many relevant documents relating to this Request.  Mattel objects to the use of the terms "REFLECTING" and "MGA" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents in its possession, custody or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, that show that MGA's access to Mattel's confidential business plans or methods caused MGA to increase its market share in Mexico.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 35 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

During meet and confer discussions with Mattel, Mattel advised that it did not agree to produce responsive documents to this request because Mattel claims that the documents are in the exclusive possession of MGA. Mankey Decl., Ex. D. Mattel further agreed to confirm that Mattel neither has nor had responsive documents to this Request.  Id.  Despite that agreement, however, Mattel has not confirmed there are no responsive documents to this request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Id.

The documents responsive to this request are clearly relevant and discoverable. Additionally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

1   Since Mattel has yet to identify the trade secrets it claims were misappropriated,

2   MGA is entitled to seek that information in the form of this request.

3           As to burden, Mattel has not attempted to demonstrate why responding to these

4   requests and/or producing responsive documents presents any burden.  This objection

5   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

6   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7   unduly burdensome must allege specific facts which indicate the nature and extent of

8   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

9   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

10  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

11  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

12  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

13  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

14  because value of information to plaintiff clearly outweighed any annoyance or

15  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

16  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

17  perform extensive research or to compile substantial amounts of data and information

18  does not automatically constitute an undue burden....  Imposing such a burden is

19  particularly proper where, as here, the information sought is crucial to the ultimate

20  determination of a crucial issue....").  To the extent that there is any burden at all, it is

21  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

22  in three countries.  The need for this information to defend against Mattel's claims

23  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

24  already ruled that a party cannot complain that requests are unduly burdensome when

25  the request "merely seeks information regarding the extent of" a party's claim.  Order

26  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

27  Mattel infringed numerous products, Mattel has the right to discover the scope of the

28  alleged claims.  Accordingly, the objections are overruled.").

-4-

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false,

but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 35 without objection and order Mattel to produce the computers.

**<u>FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 35 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>**

There is nothing for the Discovery Master to compel.  During the parties' July 1, 2009 conference on this issue, Mattel represented to MGA that to the extent Mattel had located nonprivileged, responsive documents, it had produced them, and that documents responsive to this request were in the possession of MGA and related parties, not Mattel.[1]   At MGA's insistence, however, Mattel agreed to search for additional nonprivileged, responsive documents and produce any it was able to locate after a

---

[1]   Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

1   reasonable search.   Mattel is conducting this search and will produce additional

2   nonprivileged, responsive documents, if any, before this motion is even heard.

3          There is no basis for overruling Mattel's privilege objection.  Apart from the fact

4   that MGA never raised this objection in any meet and confer, MGA's conclusory

5   assertion that this Request does not seek information protected by the attorney-client

6   privilege, the attorney work product doctrine, or any other applicable privilege has no

7   merit.  Documents related to one of Mattel's *claims in this action* could very well be

8   subject to a claim of privilege or work product protection.  MGA's waiver argument is

9   also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a

10  privilege log in this action.[2]  Moreover, as MGA has itself argued, the parties have

11  agreed that "all privileged documents would be logged except for documents created

12  after this action was filed on April 27, 2004."[3]  Thus, to the extent privileged documents

13  fall within the post lawsuit time period, they need not be included on Mattel's log.

14         The Discovery Master should also uphold Mattel's objection that the term

15  "REFLECTING" as used in the Request is vague, ambiguous and overbroad.   The

16  Request puported to seek "All DOCUMENTS REFLECTING" that the stolen documents

17  gave MGA an "unfair competitive advantage."   MGA stated that "'REFLECTING'

18  should be construed in the broadest possible sense to mean concerning, consisting of,

19  referring to, relating to, describing, discussions, constituting, evidencing, containing,

20  reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any

21  logical or factual connection with the matter discussed."[4]  Even if one uses the dictionary

22

23

24

25         [2]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

26         [3]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal
     Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

27         [4]   See MGA's First Set of Phase 2 Requests for Production at 4:9-13.

28

1   definition of the word "reflecting"[5] much less employs MGA's "broadest possible"

2   definition, the request is impermissibly vague and overbroad.

3        In addition, Mattel properly reserved its right to supplement its production subject

4   to expert discovery.  New Haven Temple SDA Church v. Consolidated Edison Corp.,

5   1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

6   because "[t]o the extent that the theories of damages applicable to these claims may be

7   related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

8   Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

9   motion to compel interrogatory responses but noting that "this Court does not expect

10  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

11  later date" and "since experts have not been either retained or deposed, much of the

12  remaining discovery is also premature.").

13       Mattel also validly objected to this Request to the extent MGA's and related

14  parties' stonewalling has limited Mattel's ability to fully investigate its claims.  Mattel

15  provided numerous examples of MGA's and related parties' obstructionism in its

16  Opposition To MGA's Motion To Compel Further Responses To MGA's First Set of

17

18

19       [5]   See Merriam-Webster Dictionary webpage <http://www.merriam-

20  webster.com/dictionary/reflect>, as accessed on August 7, 2009 (transitive verb:  1

21  *archaic*: to turn into or away from a course: deflect; 2: to prevent passage of an cause

    to change direction <a mirror *reflects* light>; 3: to bend or fold back; 4: to give back

22  or exhibit as an image, likeness, or outline: mirror <the clouds were *reflected* in the

23  water>; 5: to bring or cast as a result <his attitude *reflects* little credit on his

    judgment>; 6: to make manifest or apparent: show <the painting *reflects* his artistic

24  vision< >the pulse *reflects* the condition of the heart>; 7: realize, consider;

25  intransitive verb: 1: to throw back light or sound; 2a: to think quietly and calmly, b:

    to express a thought or opinion resulting from reflection; 3a: to tend to bring reproach

26  or discredit <an investigation that *reflects* on all members of the department> b: to

27  bring about a specified appearance or characterization <an act which *reflects* well on

    her> c: to have a bearing or influence) (emphasis in original).

28

1  Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, which it
2  incorporates here by reference.[6]

3

4  **REQUEST FOR PRODUCTION NO. 36:**

5      All DOCUMENTS REFLECTING that MGA's alleged access to MATTEL's
6  confidential business plans or methods caused MGA MEXICO to increase its market
7  share in Mexico.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

9      Mattel incorporates by reference the above-stated general objections as if fully
10  set forth herein.  Mattel also specifically objects to this Request on the ground that it
11  is premature because the subject matter of this Request will be the subject of expert
12  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the
13  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its
14  experts and make related disclosures in accordance with the Court's orders and
15  applicable rules.  Mattel further objects that this Request is premature because
16  Defendants have not complied with their discovery obligations.  They have failed to
17  produce witnesses for deposition and are withholding information and documents
18  requested in violation of orders of the Discovery Master and the Court.  Defendant
19  MGA Mexico also has not produced many relevant documents relating to this
20  Request.  Mattel objects to the use of the terms "REFLECTING" and "MGA" as
21  vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent
22  that it calls for the disclosure of information subject to the attorney-client privilege,
23  the attorney work-product doctrine and other applicable privileges.  Mattel further
24  objects to this Request on the ground and to the extent it seeks trade secret,

25

26  [6]  See Mattel's Opposition To MGA's Motion To Compel Further Responses To
27  MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated August 5, 2009, at 24:5-27:14.

28

07975/3043916.3

-9-

FURTHER RESPONSES AND OBJECTIONS

proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendant MGA Mexico also has not produced many relevant documents relating to this Request.  Mattel objects to the use of the terms "REFLECTING" and "MGA" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance

upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party. MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows: At a mutually agreeable time and place, Mattel will produce the non-privileged documents in its possession, custody or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, that show that MGA's access to Mattel's confidential business plans or methods caused MGA Mexico to increase its market share in Mexico.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 36 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

During meet and confer discussions with Mattel, Mattel advised that it did not agree to produce responsive documents to this request because Mattel claims that the documents are in the exclusive possession of MGA. Mankey Decl., Ex. D. Mattel further agreed to confirm that Mattel neither has nor had responsive documents to this Request. Id. Despite that agreement, however, Mattel has not confirmed there are no responsive documents to this request. Chaudoir Decl., ¶ 9. Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68). Id.

The documents responsive to this request are clearly relevant and discoverable. Additionally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents. As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** these

1   requests are supposedly overly broad, nor can it do so.  This objection is therefore

2   improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

3   with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

4   tailored to seek documents concerning Mattel's claims of trade secret

5   misappropriation and evidence proving MGA's affirmative defenses to those claims.

6   Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

7   Since Mattel has yet to identify the trade secrets it claims were misappropriated,

8   MGA is entitled to seek that information in the form of this request.

9       As to burden, Mattel has not attempted to demonstrate why responding to these

10  requests and/or producing responsive documents presents any burden.  This objection

11  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

12  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

13  unduly burdensome must allege specific facts which indicate the nature and extent of

14  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

15  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

16  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

17  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

18  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

19  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

20  because value of information to plaintiff clearly outweighed any annoyance or

21  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

22  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

23  perform extensive research or to compile substantial amounts of data and information

24  does not automatically constitute an undue burden....  Imposing such a burden is

25  particularly proper where, as here, the information sought is crucial to the ultimate

26  determination of a crucial issue....").  To the extent that there is any burden at all, it is

27  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

28  in three countries.  The need for this information to defend against Mattel's claims

clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not

-13-

FURTHER RESPONSES AND OBJECTIONS

excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 36 without objection and order Mattel to produce the computers.

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 36 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

There is nothing for the Discovery Master to compel.  During the parties' July 1, 2009 conference on this issue, Mattel represented to MGA that to the extent Mattel had located nonprivileged, responsive documents, it had produced them, and that documents

1  responsive to this request were in the possession of MGA and related parties, not

2  Mattel.[7]   At MGA's insistence, however, Mattel agreed to search for additional

3  nonprivileged, responsive documents and produce any it was able to locate after a

4  reasonable search.   Mattel is conducting this search and will produce additional

5  nonprivileged, responsive documents, if any, before this motion is even heard.

6        There is no basis for overruling Mattel's privilege objection.  Apart from the fact

7  that MGA never raised this objection in any meet and confer, MGA's conclusory

8  assertion that this Request does not seek information protected by the attorney-client

9  privilege, the attorney work product doctrine, or any other applicable privilege has no

10  merit.  Documents related to one of Mattel's *claims in this action* could very well be

11  subject to a claim of privilege or work product protection.  MGA's waiver argument is

12  also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a

13  privilege log in this action.[8]  Moreover, as MGA has itself argued, the parties have

14  agreed that "all privileged documents would be logged except for documents created

15  after this action was filed on April 27, 2004."[9] Thus, to the extent privileged documents

16  fall within the post lawsuit time period, they need not be included on Mattel's log.

17        The Discovery Master should also uphold Mattel's objection that the term

18  "REFLECTING" as used in the Request is vague, ambiguous and overbroad.  The

19  Request puported to seek "All DOCUMENTS REFLECTING" that the stolen documents

20  gave MGA an "unfair competitive advantage."  MGA stated that "'REFLECTING'

21  should be construed in the broadest possible sense to mean concerning, consisting of,

22  referring to, relating to, describing, discussions, constituting, evidencing, containing,

23  reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any

---

7    Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

8    See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

9    See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1  logical or factual connection with the matter discussed."[10]  Even if one uses the

2  dictionary definition of the word "reflecting"[11] much less employs MGA's "broadest

3  possible" definition, the request is impermissibly vague and overbroad.

4       In addition, Mattel properly reserved its right to supplement its production subject

5  to expert discovery.  New Haven Temple SDA Church v. Consolidated Edison Corp.,

6  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

7  because "[t]o the extent that the theories of damages applicable to these claims may be

8  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

9  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

10  motion to compel interrogatory responses but noting that "this Court does not expect

11  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

12  later date" and "since experts have not been either retained or deposed, much of the

13  remaining discovery is also premature.").

14       Mattel also validly objected to this Request to the extent MGA's and related

15  parties' stonewalling has limited Mattel's ability to fully investigate its claims.  Mattel

16  provided numerous examples of MGA's and related parties' obstructionism in its

17  Opposition To MGA's Motion To Compel Further Responses To MGA's First Set of

18  _____

19  [10]  See MGA's First Set of Phase 2 Requests for Production at 4:9-13.
    [11]  See Merriam-Webster Dictionary webpage <http://www.merriam-

20  webster.com/dictionary/reflect>, as accessed on August 7, 2009 (transitive verb:  1

21  archaic: to turn into or away from a course: deflect; 2: to prevent passage of an cause
    to change direction <a mirror reflects light>; 3: to bend or fold back; 4: to give back

22  or exhibit as an image, likeness, or outline: mirror <the clouds were reflected in the

23  water>; 5: to bring or cast as a result <his attitude reflects little credit on his
    judgment>; 6: to make manifest or apparent: show <the painting reflects his artistic

24  vision< >the pulse reflects the condition of the heart>; 7: realize, consider;
    intransitive verb: 1: to throw back light or sound; 2a: to think quietly and calmly, b:

25  to express a thought or opinion resulting from reflection; 3a: to tend to bring reproach

26  or discredit <an investigation that reflects on all members of the department> b: to
    bring about a specified appearance or characterization <an act which reflects well on

27  her> c: to have a bearing or influence) (emphasis in original).

28

-16-

Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, which it incorporates here by reference.[12]

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS REFLECTING that Mexican authorities seized from MGA's offices electronic and paper copies of a large number of MATTEL trade secrets, as alleged in lines 14-20 of page 33 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

---

[12]   See Mattel's Opposition To MGA's Motion To Compel Further Responses To MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, dated August 5, 2009, at 24:5-27:14.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced showing that Mexico law enforcement officials executed a search warrant on the main office of the Mexican subsidiary of MGA and seized electronic and physical documents authored by Mattel and that contain Mattel trade secrets and other confidential and proprietary information.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 37 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

Mattel has agreed to produce responsive documents in its response and has confirmed its agreement to produce documents in various meet and confer discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9. Moreover, Mattel has ceased communicating with MGA concerning these and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

1   Since Mattel has yet to identify the trade secrets it claims were misappropriated,

2   MGA is entitled to seek that information in the form of this request.

3         As to burden, Mattel has not attempted to demonstrate why responding to these

4   requests and/or producing responsive documents presents any burden.  This objection

5   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

6   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7   unduly burdensome must allege specific facts which indicate the nature and extent of

8   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

9   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

10  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

11  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

12  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

13  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

14  because value of information to plaintiff clearly outweighed any annoyance or

15  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

16  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

17  perform extensive research or to compile substantial amounts of data and information

18  does not automatically constitute an undue burden....  Imposing such a burden is

19  particularly proper where, as here, the information sought is crucial to the ultimate

20  determination of a crucial issue....").  To the extent that there is any burden at all, it is

21  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

22  in three countries.  The need for this information to defend against Mattel's claims

23  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

24  already ruled that a party cannot complain that requests are unduly burdensome when

25  the request "merely seeks information regarding the extent of" a party's claim.  Order

26  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

27  Mattel infringed numerous products, Mattel has the right to discover the scope of the

28  alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false,

1  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

2  the requests would be unaffected.

3  Also, this request does not seek information violative of any third-party's rights

4  of privacy.  The facts, persons, and documents responsive to this request are in the

5  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

6  previously has argued, any privacy issues are fully addressed by the Protective Order

7  in this case.

8  Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

9  information or documents that are in the possession, custody and control of

10  independent parties over whom Mattel has no control" is nonsensical – Mattel is

11  obligated to provide all information in its possession, custody, or control that is

12  responsive to the request.

13  In short, Mattel's objections are uniformly without merit and frivolous.  The

14  Discovery Master should order Mattel to provide a substantive response to Request

15  No. 37 without objection and order Mattel to produce all documents responsive to

16  this request.

17  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

18  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 37 SHOULD**

19  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

20  As a preliminary matter, MGA failed to meet and confer at all, much less in good

21  faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to

22  the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel

23  for the parties shall confer in a good faith effort to eliminate the necessity for hearing the

24  motion or to eliminate as many of the disputes as possible.").  MGA's original meet and

25  confer letter did not identify which responses MGA contended were insufficient.[13]

26

27  [13]  See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with

28  (footnote continued)

When Mattel asked MGA to identify the requests at issue, as required by <u>Local Rule</u> 37-1, MGA did not identify this request.  Indeed, at no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[14]  Thus, MGA's claim that Mattel has "ceased communicating" about this Request is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Nor is there anything to compel in any event.  Mattel agreed in its original response to produce responsive, non-privileged documents located pursuant to diligent search and reasonable inquiry, to the extent not previously produced.  Had MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and has found no documents responsive to this request that have not either been produced already or noted on a privilege log.[15]  MGA's motion is totally unnecessary.

There is no basis for overruling Mattel's privilege objection.  Apart from the fact that MGA never raised this objection in any meet and confer, MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.  Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

---

respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

[14]   <u>See</u> Opposition at 2:8-3:16.

[15]   <u>See</u> Searcy Dec., ¶ 2.

FURTHER RESPONSES AND OBJECTIONS

1   action.[16]   Moreover, as MGA has itself argued, the parties have agreed that "all

2   privileged documents would be logged except for documents created after this action

3   was filed on April 27, 2004."[17] Thus, to the extent privileged documents fall within the

4   post lawsuit time period, they need not be included on Mattel's log.

5       Mattel also properly reserved its right to supplement its production subject to

6   expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

7   1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

8   because "[t]o the extent that the theories of damages applicable to these claims may be

9   related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

10  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

11  motion to compel interrogatory responses but noting that "this Court does not expect

12  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

13  later date" and "since experts have not been either retained or deposed, much of the

14  remaining discovery is also premature.").

15

16  **REQUEST FOR PRODUCTION NO. 38:**

17      All DOCUMENTS REFLECTING that Ron BRAWER "removed proprietary

18  and trade secret information from MATTEL that he did not return," as alleged in lines

19  9-10 on page 35 of MATTEL's Supplemental Responses and Objections to MGA's

20  First Set of Interrogatories.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

22      Mattel incorporates by reference the above-stated general objections as if fully

23  set forth herein.  Mattel further objects that this Request is premature because

24  Defendants have not complied with their discovery obligations.  They have failed to

25

26  [16]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27  [17]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal
Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce non-privileged documents responsive to this Request, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 38 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

Mattel has agreed to produce responsive documents in its response and has confirmed its agreement to produce documents in various meet and confer discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9. Moreover, Mattel has ceased communicating with MGA concerning these and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.  As to

1   overbreadth, Mattel provides no explanation, let alone the required particularity, as to

2   *why* these requests are supposedly overly broad, nor can it do so.  This objection is

3   therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections

4   not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

5   narrowly tailored to seek documents concerning Mattel's claims of trade secret

6   misappropriation and evidence proving MGA's affirmative defenses to those claims.

7   Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

8   Since Mattel has yet to identify the trade secrets it claims were misappropriated,

9   MGA is entitled to seek that information in the form of this request.

10          As to burden, Mattel has not attempted to demonstrate why responding to these

11   requests and/or producing responsive documents presents any burden.  This objection

12   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

13   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

14   unduly burdensome must allege specific facts which indicate the nature and extent of

15   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

16   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

17   Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

18   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

19   to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

20   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

21   because value of information to plaintiff clearly outweighed any annoyance or

22   expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

23   Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

24   perform extensive research or to compile substantial amounts of data and information

25   does not automatically constitute an undue burden....  Imposing such a burden is

26   particularly proper where, as here, the information sought is crucial to the ultimate

27   determination of a crucial issue....").  To the extent that there is any burden at all, it is

28   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 38 without objection and order Mattel to produce all documents responsive to this request.

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 38 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As a preliminary matter, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to

the filing of any motion relating to discovery pursuant to <u>Fed. R. Civ. P.</u> 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible."). MGA's original meet and confer letter did not identify which responses MGA contended were insufficient.[18] When Mattel asked MGA to identify the requests at issue, as required by <u>Local Rule</u> 37-1, MGA did not identify this request. Indeed, at no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[19] Thus, MGA's claim that Mattel has "ceased communicating" about this Request is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Nor is there anything to compel in any event. Mattel agreed in its original response to produce responsive, non-privileged documents located pursuant to diligent search and reasonable inquiry, to the extent not previously produced. Had MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and, to the extent any additional nonprivileged documents have been located, they will be produced before this motion is heard.[20] MGA's motion is totally unnecessary.

There is no basis for overruling Mattel's privilege objection. Apart from the fact that MGA never raised this objection in any meet and confer, MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents

---

[18]   <u>See</u> Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

[19]   <u>See</u> Opposition at 2:8-3:16.

related to Mattel's claim of trade secret theft by former Mattel employees" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection. MGA's waiver argument is also without merit. Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[21]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[22] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery. See <u>New Haven Temple SDA Church v. Consolidated Edison Corp.</u>, 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS REFLECTING that Ron BRAWER "has targeted certain MATTEL employees who have broad access to MATTEL proprietary information in an effort to induce and encourage them to join MGA and to steal or otherwise wrongfully misappropriate MATTEL confidential information and secrets," as

---

[20]   <u>See</u> Searcy Dec., ¶ 2.
[21]   <u>See</u> Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

1  alleged in lines 17-21 on page 35 of MATTEL's Supplemental Responses and

2  Objections to MGA's First Set of Interrogatories.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

4       Mattel incorporates by reference the above-stated general objections as if fully

5  set forth herein.  Mattel further objects that this Request is premature because

6  Defendants have not complied with their discovery obligations.  They have failed to

7  produce witnesses for deposition and are withholding information and documents

8  requested in violation of orders of the Discovery Master and the Court.  Mattel

9  objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.

10  Mattel further objects to this Request on the grounds that it seeks documents equally

11  or more available to, or already in the possession, custody or control of MGA. Mattel

12  further objects to this Request to the extent that it calls for the disclosure of

13  information subject to the attorney-client privilege, the attorney work-product

14  doctrine and other applicable privileges.  Mattel also objects to this Request to the

15  extent it seeks documents that are in the possession, custody and control of a foreign

16  subsidiary of a party.  MGA has objected that such documents are not within the

17  scope of requests to a domestic party.  Mattel further objects to this Request to the

18  extent that it may seek documents already produced by Mattel, including documents

19  stolen by MGA and other defendants.  Such documents will not be produced again.

20       Subject to the foregoing objections, Mattel responds as follows:  At a mutually

21  agreeable time and place, Mattel will produce non-privileged documents responsive

22  to this Request, if any, that Mattel has been able to locate after a diligent search and

23  reasonable inquiry, to the extent not previously produced.

24

25

26

27       [22]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

1  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
2  **REQUEST FOR PRODUCTION NO. 39 SHOULD BE COMPELLED AND**
3  **DOCUMENTS SHOULD BE PRODUCED**

4       Mattel has agreed to produce responsive documents in its response and has
5  confirmed its agreement to produce documents in various meet and confer
6  discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not
7  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.
8  Moreover, Mattel has ceased communicating with MGA concerning these and all
9  other disputes related to MGA's First Set of Phase 2 Requests for Production of
10 Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce
11 responsive documents by a date certain.

12      To the extent that Mattel is relying on its blanket objections, they are not
13 sustainable and do not justify Mattel's failure to produce documents.  As to
14 overbreadth, Mattel provides no explanation, let alone the required particularity, as to
15 *why* these requests are supposedly overly broad, nor can it do so.  This objection is
16 therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections
17 not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is
18 narrowly tailored to seek documents concerning Mattel's claims of trade secret
19 misappropriation and evidence proving MGA's affirmative defenses to those claims.
20 Finally, the request is only as broad as Mattel's trade secret misappropriation claim.
21 Since Mattel has yet to identify the trade secrets it claims were misappropriated,
22 MGA is entitled to seek that information in the form of this request.

23      As to burden, Mattel has not attempted to demonstrate why responding to these
24 requests and/or producing responsive documents presents any burden.  This objection
25 must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173
26 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27 unduly burdensome must allege specific facts which indicate the nature and extent of
28 the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue...."). To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections");

FURTHER RESPONSES AND OBJECTIONS

1  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

2  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

3  making any objection at all").

4      For example, this request does not seek information protected by the attorney-

5  client privilege, the attorney work product doctrine, or any other applicable privilege.

6  Rather, it seeks documents related to Mattel's claim of trade secret theft by former

7  Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

8  this objection as to any allegedly privileged documents.

9      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

10  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

11  no requests for discovery are premature at this point...."  Judge Larson agreed,

12  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

13  case at all.").

14      Mattel's expert disclosure objection is also without support.  The fact that

15  expert testimony may ultimately bear on some of the subjects of the request does not

16  excuse Mattel from its obligation to provide full and complete responses based on the

17  information Mattel presently has and to produce those responsive documents.

18      In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

19  for deposition and [is] withholding information and documents requested in violation

20  of orders of the Discovery Master and the Court" is not only unsupported and false,

21  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

22  the requests would be unaffected.

23      Also, this request does not seek information violative of any third-party's rights

24  of privacy.  The facts, persons, and documents responsive to this request are in the

25  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

26  previously has argued, any privacy issues are fully addressed by the Protective Order

27  in this case.

28

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous. The Discovery Master should order Mattel to provide a substantive response to Request No. 39 without objection and order Mattel to produce all documents responsive to this request.

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 39 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As a preliminary matter, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.").  MGA's original meet and confer letter did not identify which responses MGA contended were insufficient.[23] When Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-1, MGA did not identify this request.  Indeed, at no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[24]  Thus, MGA's claim that Mattel has "ceased communicating" about this Request is simply not true;

---

[23]   See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

[24]   See Opposition at 2:8-3:16.

MGA never initiated any dialogue about this Request or Mattel's response in the first place.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Nor is there anything to compel in any event.  Mattel agreed in its original response to produce responsive, non-privileged documents located pursuant to diligent search and reasonable inquiry, to the extent not previously produced.  Had MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and, to the extent any additional nonprivileged documents have been located, they will be produced before this motion is heard.[25]  MGA's motion is totally unnecessary.

There is no basis for overruling Mattel's privilege objection.  Apart from the fact that MGA never raised this objection in any meet and confer, MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.  Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[26]  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[27]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

---

[25]  See Searcy Dec., ¶ 2.
[26]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

-35-

1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS REFLECTING that MGA made an effort to induce or encourage BRISBOIS to steal MATTEL confidential information and trade secrets, as alleged in lines 2-6 on page 36 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  Defendants have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Defendants have also refused to produce Brisbois or an MGA Canada representative for deposition or to produce documents on their behalf.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this Request on the grounds that it seeks documents equally or more available to, or already in the possession, custody or control of MGA. Mattel further

---

[27]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party. MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows: At a mutually agreeable time and place, Mattel will produce the non-privileged documents responsive to this Request, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, showing MGA's inducement of Brisbois to steal Mattel trade secrets and confidential information.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 40 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

Mattel has agreed to produce responsive documents in its response and has confirmed its agreement to produce documents in various meet and confer discussions with MGA. Mankey Decl., ¶ 4, 5. To date, however, Mattel has not produced a single responsive document to this request. Id.; Chaudoir Decl., ¶ 9. Moreover, Mattel has ceased communicating with MGA concerning these and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68). Id. Mattel must be compelled to produce responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents. As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** these requests are supposedly overly broad, nor can it do so. This objection is

therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

-38-

FURTHER RESPONSES AND OBJECTIONS

1  already ruled that a party cannot complain that requests are unduly burdensome when

2  the request "merely seeks information regarding the extent of" a party's claim.  Order

3  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

4  Mattel infringed numerous products, Mattel has the right to discover the scope of the

5  alleged claims.  Accordingly, the objections are overruled.").

6       Mattel also makes a number of other improper objections, none of which is

7  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

8  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

9  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

10  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

11  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

12  objections such as 'overly burdensome and harassing' are improper – especially when

13  a party fails to submit any evidentiary declarations supporting such objections");

14  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

15  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

16  making any objection at all").

17       For example, this request does not seek information protected by the attorney-

18  client privilege, the attorney work product doctrine, or any other applicable privilege.

19  Rather, it seeks documents related to Mattel's claim of trade secret theft by former

20  Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

21  this objection as to any allegedly privileged documents.

22       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

23  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

24  no requests for discovery are premature at this point...."  Judge Larson agreed,

25  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

26  case at all.").

27       Mattel's expert disclosure objection is also without support.  The fact that

28  expert testimony may ultimately bear on some of the subjects of the request does not

1   excuse Mattel from its obligation to provide full and complete responses based on the

2   information Mattel presently has and to produce those responsive documents.

3       In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

4   for deposition and [is] withholding information and documents requested in violation

5   of orders of the Discovery Master and the Court" is not only unsupported and false,

6   but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

7   the requests would be unaffected.

8       Also, this request does not seek information violative of any third-party's rights

9   of privacy.  The facts, persons, and documents responsive to this request are in the

10  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

11  previously has argued, any privacy issues are fully addressed by the Protective Order

12  in this case.

13      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

14  information or documents that are in the possession, custody and control of

15  independent parties over whom Mattel has no control" is nonsensical – Mattel is

16  obligated to provide all information in its possession, custody, or control that is

17  responsive to the request.

18      In short, Mattel's objections are uniformly without merit and frivolous.  The

19  Discovery Master should order Mattel to provide a substantive response to Request

20  No. 40 without objection and order Mattel to produce all documents responsive to

21  this request.

22  **<u>FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY</u>**

23  **<u>FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 40 SHOULD</u>**

24  **<u>BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>**

25      As a preliminary matter, MGA failed to meet and confer at all, much less in good

26  faith, regarding this Request prior to filing its Motion.  <u>See</u> <u>Local Rule</u> 37-1 ("Prior to

27  the filing of any motion relating to discovery pursuant to <u>Fed. R. Civ. P.</u> 26-37, counsel

28  for the parties shall confer in a good faith effort to eliminate the necessity for hearing the

motion or to eliminate as many of the disputes as possible."). MGA's original meet and confer letter did not identify which responses MGA contended were insufficient.[28] When Mattel asked MGA to identify the requests at issue, as required by <u>Local Rule</u> 37-1, MGA did not identify this request. Indeed, at no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[29] Thus, MGA's claim that Mattel has "ceased communicating" about this Request is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Nor is there anything to compel in any event. Mattel agreed in its original response to produce responsive, non-privileged documents located pursuant to diligent search and reasonable inquiry, to the extent not previously produced. Had MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and has found no documents responsive to this request that have not either been produced already or noted on a privilege log.[30] MGA's motion is totally unnecessary.

There is no basis for overruling Mattel's privilege objection. Apart from the fact that MGA never raised this objection in any meet and confer, MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a

---

[28]   <u>See</u> Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

[29]   <u>See</u> Opposition at 2:8-3:16.

07975/3043916.3

FURTHER RESPONSES AND OBJECTIONS

claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[31]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[32]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

Mattel's Privilege Objection Is Legitimate And Not Waived. -- MGA argues that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees."  But of course, certain documents related to one of Mattel's *claims in this action* would very well be protected by privilege.  MGA offers no

---

[30]   See Searcy Dec., ¶ 2.

[31]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

[32]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1  support for the notion that privilege and work product protection would not apply

2  here, and there is none.  Mattel's privilege objections are valid.

3          MGA then argues that Mattel has waived any privilege or work product

4  protection by not providing a privilege log.  First of all, this is false.  Mattel *has*

5  produced a privilege log in this action.[33]  Moreover, as MGA has previously argued,

6  the parties in this matter have long agreed that "all privileged documents would be

7  logged except for documents created after this action was filed on April 27, 2004."[34]

8  To the extent the privileged documents fall within that category, Mattel need not

9  provide a log at all.

10          Mattel's Other Objections Are Valid And Should Be Sustained. -- For

11  example, Mattel's burdensome objection is valid and should be sustained.  Per Fed.

12  R. Civ. P. 26(b)(2)(C), the Discovery Master may limit discovery "otherwise

13  permitted" under the Federal Rules if the Discovery Master determines that "the

14  discovery sought is unreasonably cumulative or duplicative" or if "the party seeking

15  discovery has had ample opportunity by discovery in the action to obtain the

16  information sought."  This request is burdensome in that it is cumulative of previous

17  discovery, as illustrated by the numerous trade secret documents identified by Mattel

18  Bates-number in response to various interrogatories.[35]

19          In addition, Mattel properly reserved its right to supplement its

20  production subject to expert discovery.  New Haven Temple SDA Church v.

21  Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995)

22  (sustaining objections to interrogatory because "[t]o the extent that the theories of

23  damages applicable to these claims may be related to the damages sought by

24

25  [33]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. __.

26  [34]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Proctor Dec., Exh. 20.

27  [35]  See, e.g., Mattel's First Supplemental Response to RFP No. 22, Proctor Dec., Exh. 3.

28

1   plaintiff's fourth claim, the interrogatory is premature"). <u>Ziemack v. Centel Corp.</u>,

2   1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel

3   interrogatory responses but noting that "this Court does not expect Plaintiffs to

4   address the issues that will be more appropriately dealt with by experts, at a later

5   date" and "since experts have not been either retained or deposed, much of the

6   remaining discovery is also premature.").

7              Mattel also validly objected to this Request to the extent MGA's and

8   related parties' stonewalling has limited Mattel's ability to fully investigate its claims.

9   Mattel provided numerous examples of MGA's and related parties' obstructionism in

10  its Opposition To MGA's Motion To Compel Further Responses To MGA's First Set

11  of Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production, which

12  it incorporates here by reference.[36]

13  **REQUEST FOR PRODUCTION NO. 41:**

14              All DOCUMENTS REFLECTING that BRISBOIS took from MATTEL the

15  documents listed on page 37, line 5 through page 38, line 5 of MATTEL's

16  Supplemental Responses and Objections to MGA's First Set of Interrogatories.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

18              Mattel incorporates by reference the above-stated general objections as if fully

19  set forth herein.  Mattel also specifically objects to this Request on the ground that it

20  is premature because the subject matter of this Request will be the subject of expert

21  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

22  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

23  experts and make related disclosures in accordance with the Court's orders and

24  applicable rules.  Mattel further objects that this Request is premature because

25  

26  ---

    [36]   <u>See</u> Mattel's Opposition To MGA's Motion To Compel Further Responses To

27  MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2 Requests for
    Production, dated August 5, 2009, at 24:5-27:14.

28

Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendants have also refused to produce Brisbois or an MGA Canada representative for deposition or to produce documents on their behalf.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, that (a) Brisbois took from Mattel and, (b) that show the theft of those documents.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 41 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As set forth in MGA's Memorandum of Points and Authorities in Support of its motion to Compel, Mattel had agreed to produce documents responsive to this

1    request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite

2    that agreement, however, Mattel has neither produced documents nor informed MGA

3    that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

4    Instead, Mattel has ceased communicating with MGA concerning this and all other

5    disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

6    and Things (Nos. 1-68).  Id.

7         The documents responsive to this request are clearly relevant and discoverable.

8    Additionally, Mattel's remaining objections are generic, inapplicable and fail to

9    justify Mattel's failure to produce all responsive documents.  As to overbreadth,

10   Mattel provides no explanation, let alone the required particularity, as to **why** these

11   requests are supposedly overly broad, nor can it do so.  This objection is therefore

12   improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

13   with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

14   tailored to seek documents concerning Mattel's claims of trade secret

15   misappropriation and evidence proving MGA's affirmative defenses to those claims.

16   Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

17   Since Mattel has yet to identify the trade secrets it claims were misappropriated,

18   MGA is entitled to seek that information in the form of this request.

19        As to burden, Mattel has not attempted to demonstrate why responding to these

20   requests and/or producing responsive documents presents any burden.  This objection

21   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

22   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

23   unduly burdensome must allege specific facts which indicate the nature and extent of

24   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

25   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

26   Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

27   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

28   to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

1  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

2  because value of information to plaintiff clearly outweighed any annoyance or

3  expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg</u>

4  <u>Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

5  perform extensive research or to compile substantial amounts of data and information

6  does not automatically constitute an undue burden....  Imposing such a burden is

7  particularly proper where, as here, the information sought is crucial to the ultimate

8  determination of a crucial issue....").  To the extent that there is any burden at all, it is

9  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

10  in three countries.  The need for this information to defend against Mattel's claims

11  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

12  already ruled that a party cannot complain that requests are unduly burdensome when

13  the request "merely seeks information regarding the extent of" a party's claim.  Order

14  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

15  Mattel infringed numerous products, Mattel has the right to discover the scope of the

16  alleged claims.  Accordingly, the objections are overruled.").

17       Mattel also makes a number of other improper objections, none of which is

18  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

19  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

20  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

21  specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners,</u>

22  <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

23  objections such as 'overly burdensome and harassing' are improper – especially when

24  a party fails to submit any evidentiary declarations supporting such objections");

25  <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal.

26  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

27  making any objection at all").

28

-47-

FURTHER RESPONSES AND OBJECTIONS

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by Brisbois. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature. <u>See</u> Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...." Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support. The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy. The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is

07975/3043916.3

-48-

obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 41 without objection and order Mattel to produce the computers.

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 41 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

There is nothing to compel.  As Mattel informed MGA during the meet and confer process, Mattel has received nearly identical requests in the past, has searched repeatedly in good faith and produced non-privileged, responsive documents in its possession, custody or control.  Nonetheless, as to this request and others where MGA identified Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to determine whether it had any responsive documents that had not already been produced or listed on a privilege log.[37]  Mattel did as it promised and found no additional documents to produce.[38]  MGA's motion is totally unnecessary and could have been avoided altogether had MGA met and conferred in good faith.

There is no basis for overruling Mattel's privilege objection.  MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Brisbois" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

---

[37]  <u>See</u> Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

[38]  <u>See</u> Searcy Dec., ¶ 3.

action.[39]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[40] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS REFLECTING that BRISBOIS and/or MGA used trade secrets stolen from MATTEL for MGA's benefit, as alleged in lines 12-14 on page 38 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert

---

[39]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.
[40]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendants have also refused to produce Brisbois or an MGA Canada representative for deposition or to produce documents on their behalf.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce non-privileged documents responsive to this Request, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 42 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

Mattel has agreed to produce responsive documents in its response and has confirmed its agreement to produce documents in various meet and confer discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9. Moreover, Mattel has ceased communicating with MGA concerning these and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

1    dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

2    Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

3    (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

4    to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

5    11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

6    because value of information to plaintiff clearly outweighed any annoyance or

7    expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

8    Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

9    perform extensive research or to compile substantial amounts of data and information

10   does not automatically constitute an undue burden....  Imposing such a burden is

11   particularly proper where, as here, the information sought is crucial to the ultimate

12   determination of a crucial issue...").  To the extent that there is any burden at all, it is

13   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

14   in three countries.  The need for this information to defend against Mattel's claims

15   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

16   already ruled that a party cannot complain that requests are unduly burdensome when

17   the request "merely seeks information regarding the extent of" a party's claim.  Order

18   No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

19   Mattel infringed numerous products, Mattel has the right to discover the scope of the

20   alleged claims.  Accordingly, the objections are overruled.").

21          Mattel also makes a number of other improper objections, none of which is

22   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

23   part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

24   P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

25   specificity are routinely rejected in the Central District.  See A. Farber and Partners,

26   Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

27   objections such as 'overly burdensome and harassing' are improper – especially when

28   a party fails to submit any evidentiary declarations supporting such objections");

1    Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

2    1999) ("boilerplate, generalized objections are inadequate and tantamount to not

3    making any objection at all").

4         For example, this request does not seek information protected by the attorney-

5    client privilege, the attorney work product doctrine, or any other applicable privilege.

6    Rather, it seeks documents related to Mattel's claim of trade secret theft by former

7    Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

8    this objection as to any allegedly privileged documents.

9         Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

10   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

11   no requests for discovery are premature at this point...."  Judge Larson agreed,

12   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

13   case at all.").

14        Mattel's expert disclosure objection is also without support.  The fact that

15   expert testimony may ultimately bear on some of the subjects of the request does not

16   excuse Mattel from its obligation to provide full and complete responses based on the

17   information Mattel presently has and to produce those responsive documents.

18        In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

19   for deposition and [is] withholding information and documents requested in violation

20   of orders of the Discovery Master and the Court" is not only unsupported and false,

21   but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

22   the requests would be unaffected.

23        Also, this request does not seek information violative of any third-party's rights

24   of privacy.  The facts, persons, and documents responsive to this request are in the

25   possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

26   previously has argued, any privacy issues are fully addressed by the Protective Order

27   in this case.

28

1    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of
2    information or documents that are in the possession, custody and control of
3    independent parties over whom Mattel has no control" is nonsensical – Mattel is
4    obligated to provide all information in its possession, custody, or control that is
5    responsive to the request.

6    In short, Mattel's objections are uniformly without merit and frivolous.  The
7    Discovery Master should order Mattel to provide a substantive response to Request
8    No. 42 without objection and order Mattel to produce all documents responsive to
9    this request.

10   **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**
11   **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 42 SHOULD**
12   **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

13   As a preliminary matter, MGA failed to meet and confer at all, much less in good
14   faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to
15   the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel
16   for the parties shall confer in a good faith effort to eliminate the necessity for hearing the
17   motion or to eliminate as many of the disputes as possible.").  MGA's original meet and
18   confer letter did not identify which responses MGA contended were insufficient.[41]
19   When Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-
20   1, MGA did not identify this request.  Indeed, at no point during the meet and confer
21   process did the parties discuss this Request or Mattel's response to it.[42]  Thus, MGA's
22   claim that Mattel has "ceased communicating" about this Request is simply not true;

23

---

24   [41]   See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer]
25   shall identify each issue and/or discovery request in dispute, shall state briefly with
     respect to each such issue/request that moving party's position (and provide any legal
26   authority which the moving party believes is dispositive of the dispute as to that
     issue/request), and specify the terms of the discovery order to be sought.").
27   [42]   See Opposition at 2:8-3:16.

28

MGA never initiated any dialogue about this Request or Mattel's response in the first place.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Nor is there anything to compel in any event.  Mattel agreed in its original response to produce responsive, non-privileged documents located pursuant to diligent search and reasonable inquiry, to the extent not previously produced.  Had MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and, to the extent any additional nonprivileged documents have been located, they will be produced before this motion is heard.[43]  MGA's motion is totally unnecessary.

There is no basis for overruling Mattel's privilege objection.  Apart from the fact that MGA never raised this objection in any meet and confer, MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.  Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[44]  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[45]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

---

[43]   See Searcy Dec., ¶ 2.
[44]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

1  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

2  because "[t]o the extent that the theories of damages applicable to these claims may be

3  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

4  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

5  motion to compel interrogatory responses but noting that "this Court does not expect

6  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

7  later date" and "since experts have not been either retained or deposed, much of the

8  remaining discovery is also premature.").

9

10 **REQUEST FOR PRODUCTION NO. 43:**

11      All DOCUMENTS REFLECTING that any documents allegedly taken by

12 BRISBOIS from MATTEL were given to MGA by BRISBOIS.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

14      Mattel incorporates by reference the above-stated general objections as if fully

15 set forth herein.  Mattel also specifically objects to this Request on the ground that it

16 is premature because the subject matter of this Request will be the subject of expert

17 testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

18 expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

19 experts and make related disclosures in accordance with the Court's orders and

20 applicable rules.  Mattel further objects that this Request is premature because

21 Defendants have not complied with their discovery obligations.  They have failed to

22 produce witnesses for deposition and are withholding information and documents

23 requested in violation of orders of the Discovery Master and the Court.  Defendants

24 have also refused to produce Brisbois or an MGA Canada representative for

25 deposition or to produce documents on their behalf.  Mattel objects to the use of the

26 ───────────────

27  [45]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal
Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced that show that Brisbois gave to MGA and its subsidiaries and agents documents stolen from Mattel.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 43 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

Mattel has agreed to produce responsive documents in its response and has confirmed its agreement to produce documents in various meet and confer discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9. Moreover, Mattel has ceased communicating with MGA concerning these and all other disputes related to MGA's First Set of Phase 2 Requests for Production of

1   Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

2   responsive documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.  As to

5   overbreadth, Mattel provides no explanation, let alone the required particularity, as to

6   *why* these requests are supposedly overly broad, nor can it do so.  This objection is

7   therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections

8   not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

9   narrowly tailored to seek documents concerning Mattel's claims of trade secret

10  misappropriation and evidence proving MGA's affirmative defenses to those claims.

11  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

12  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

13  MGA is entitled to seek that information in the form of this request.

14         As to burden, Mattel has not attempted to demonstrate why responding to these

15  requests and/or producing responsive documents presents any burden.  This objection

16  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

17  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

18  unduly burdensome must allege specific facts which indicate the nature and extent of

19  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

20  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

21  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

22  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

23  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

24  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

25  because value of information to plaintiff clearly outweighed any annoyance or

26  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

27  Schools, 182 F.R.D. 486,491 (W.D. N.C. 1998) ("Requiring a responding party to

28  perform extensive research or to compile substantial amounts of data and information

1  does not automatically constitute an undue burden....  Imposing such a burden is

2  particularly proper where, as here, the information sought is crucial to the ultimate

3  determination of a crucial issue...."). To the extent that there is any burden at all, it is

4  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

5  in three countries.  The need for this information to defend against Mattel's claims

6  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

7  already ruled that a party cannot complain that requests are unduly burdensome when

8  the request "merely seeks information regarding the extent of" a party's claim.  Order

9  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

10  Mattel infringed numerous products, Mattel has the right to discover the scope of the

11  alleged claims.  Accordingly, the objections are overruled.").

12       Mattel also makes a number of other improper objections, none of which is

13  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

14  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

15  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

16  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

17  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

18  objections such as 'overly burdensome and harassing' are improper – especially when

19  a party fails to submit any evidentiary declarations supporting such objections");

20  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

21  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

22  making any objection at all").

23       For example, this request does not seek information protected by the attorney-

24  client privilege, the attorney work product doctrine, or any other applicable privilege.

25  Rather, it seeks documents related to Mattel's claim of trade secret theft by former

26  Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

27  this objection as to any allegedly privileged documents.

28

-60-

1    Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

2   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

3   no requests for discovery are premature at this point...."  Judge Larson agreed,

4   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

5   case at all.").

6    Mattel's expert disclosure objection is also without support.  The fact that

7   expert testimony may ultimately bear on some of the subjects of the request does not

8   excuse Mattel from its obligation to provide full and complete responses based on the

9   information Mattel presently has and to produce those responsive documents.

10    In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

11   for deposition and [is] withholding information and documents requested in violation

12   of orders of the Discovery Master and the Court" is not only unsupported and false,

13   but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

14   the requests would be unaffected.

15    Also, this request does not seek information violative of any third-party's rights

16   of privacy.  The facts, persons, and documents responsive to this request are in the

17   possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

18   previously has argued, any privacy issues are fully addressed by the Protective Order

19   in this case.

20    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

21   information or documents that are in the possession, custody and control of

22   independent parties over whom Mattel has no control" is nonsensical – Mattel is

23   obligated to provide all information in its possession, custody, or control that is

24   responsive to the request.

25    In short, Mattel's objections are uniformly without merit and frivolous.  The

26   Discovery Master should order Mattel to provide a substantive response to Request

27   No. 43 without objection and order Mattel to produce all documents responsive to

28   this request.

## FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 43 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

As a preliminary matter, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.").  MGA's original meet and confer letter did not identify which responses MGA contended were insufficient.[46] When Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-1, MGA did not identify this request.  Indeed, at no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[47]  Thus, MGA's claim that Mattel has "ceased communicating" about this Request is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Nor is there anything to compel in any event.  Mattel agreed in its original response to produce responsive, non-privileged documents located pursuant to diligent search and reasonable inquiry, to the extent not previously produced.  Had MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and has found no

---

[46]   See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

[47]   See Opposition at 2:8-3:16.

1  documents responsive to this request that have not either been produced already or noted

2  on a privilege log.[48]  MGA's motion is totally unnecessary.

3       There is no basis for overruling Mattel's privilege objection.  Apart from the fact

4  that MGA never raised this objection in any meet and confer, MGA's assertion that this

5  Request does not seek information protected by the attorney-client privilege, the attorney

6  work product doctrine, or any other applicable privilege because "it seeks documents

7  related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.

8  Documents related to one of Mattel's *claims in this action* could very well be subject to a

9  claim of privilege or work product protection.  MGA's waiver argument is also without

10  merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

11  action.[49]  Moreover, as MGA has itself argued, the parties have agreed that "all

12  privileged documents would be logged except for documents created after this action

13  was filed on April 27, 2004."[50]  Thus, to the extent privileged documents fall within the

14  post lawsuit time period, they need not be included on Mattel's log.

15       Mattel also properly reserved its right to supplement its production subject to

16  expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

17  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

18  because "[t]o the extent that the theories of damages applicable to these claims may be

19  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

20  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

21  motion to compel interrogatory responses but noting that "this Court does not expect

22  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

23  later date" and "since experts have not been either retained or deposed, much of the

24  remaining discovery is also premature.").

25

26                 

   [48]  See Searcy Dec., ¶ 2.

27     [49]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

28

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS REFLECTING that any documents allegedly taken by BRISBOIS from MATTEL were given to MGA HK by BRISBOIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendants have also refused to produce Brisbois or an MGA Canada representative for deposition or to produce documents on their behalf.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such

---

[50]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1   documents are not within the scope of requests to a domestic party.  Mattel further

2   objects to this Request to the extent that it may seek documents already produced by

3   Mattel, including documents stolen by MGA and other defendants.  Such documents

4   will not be produced again.

5           Subject to the foregoing objections, Mattel responds as follows:  At a mutually

6   agreeable time and place, Mattel will produce the non-privileged documents, if any,

7   that Mattel has been able to locate after a diligent search and reasonable inquiry, to

8   the extent not previously produced that show that Brisbois gave to MGA and its

9   subsidiaries and agents documents stolen from Mattel.

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

11  **REQUEST FOR PRODUCTION NO. 44 SHOULD BE COMPELLED AND**

12  **DOCUMENTS SHOULD BE PRODUCED**

13          Mattel has agreed to produce responsive documents in its response and has

14  confirmed its agreement to produce documents in various meet and confer

15  discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

16  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

17  Moreover, Mattel has ceased communicating with MGA concerning these and all

18  other disputes related to MGA's First Set of Phase 2 Requests for Production of

19  Documents and Things (Nos. 1-68). Id.  Mattel must be compelled to produce

20  responsive documents by a date certain.

21          To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.  As to

23  overbreadth, Mattel provides no explanation, let alone the required particularity, as to

24  *why* these requests are supposedly overly broad, nor can it do so.  This objection is

25  therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections

26  not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

27  narrowly tailored to seek documents concerning Mattel's claims of trade secret

28  misappropriation and evidence proving MGA's affirmative defenses to those claims.

1   Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

2   Since Mattel has yet to identify the trade secrets it claims were misappropriated,

3   MGA is entitled to seek that information in the form of this request.

4   As to burden, Mattel has not attempted to demonstrate why responding to these

5   requests and/or producing responsive documents presents any burden.  This objection

6   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

7   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

8   unduly burdensome must allege specific facts which indicate the nature and extent of

9   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

10  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

11  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

12  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

13  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

14  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

15  because value of information to plaintiff clearly outweighed any annoyance or

16  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

17  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

18  perform extensive research or to compile substantial amounts of data and information

19  does not automatically constitute an undue burden....  Imposing such a burden is

20  particularly proper where, as here, the information sought is crucial to the ultimate

21  determination of a crucial issue....").  To the extent that there is any burden at all, it is

22  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

23  in three countries.  The need for this information to defend against Mattel's claims

24  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

25  already ruled that a party cannot complain that requests are unduly burdensome when

26  the request "merely seeks information regarding the extent of" a party's claim.  Order

27  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

28

1  Mattel infringed numerous products, Mattel has the right to discover the scope of the

2  alleged claims.  Accordingly, the objections are overruled.").

3       Mattel also makes a number of other improper objections, none of which is

4  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

5  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

6  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

7  specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners,</u>

8  <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

9  objections such as 'overly burdensome and harassing' are improper – especially when

10  a party fails to submit any evidentiary declarations supporting such objections");

11  <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal.

12  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

13  making any objection at all").

14       For example, this request does not seek information protected by the attorney-

15  client privilege, the attorney work product doctrine, or any other applicable privilege.

16  Rather, it seeks documents related to Mattel's claim of trade secret theft by former

17  Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

18  this objection as to any allegedly privileged documents.

19       Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

20  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

21  no requests for discovery are premature at this point...."  Judge Larson agreed,

22  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

23  case at all.").

24       Mattel's expert disclosure objection is also without support.  The fact that

25  expert testimony may ultimately bear on some of the subjects of the request does not

26  excuse Mattel from its obligation to provide full and complete responses based on the

27  information Mattel presently has and to produce those responsive documents.

28

07975/3043916.3

FURTHER RESPONSES AND OBJECTIONS

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 44 without objection and order Mattel to produce all documents responsive to this request.

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 44 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As a preliminary matter, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the

motion or to eliminate as many of the disputes as possible."). MGA's original meet and confer letter did not identify which responses MGA contended were insufficient.[51] When Mattel asked MGA to identify the requests at issue, as required by <u>Local Rule</u> 37-1, MGA did not identify this request. Indeed, at no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[52] Thus, MGA's claim that Mattel has "ceased communicating" about this Request is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Nor is there anything to compel in any event. Mattel agreed in its original response to produce responsive, non-privileged documents located pursuant to diligent search and reasonable inquiry, to the extent not previously produced. Had MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and has found no documents responsive to this request that have not either been produced already or noted on a privilege log.[53] MGA's motion is totally unnecessary.

There is no basis for overruling Mattel's privilege objection. Apart from the fact that MGA never raised this objection in any meet and confer, MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a

---

[51]   <u>See</u> Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

[52]   <u>See</u> Opposition at 2:8-3:16.

claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[54]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[55]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS REFLECTING that any documents allegedly taken by BRISBOIS from MATTEL were given to MGA MEXICO by BRISBOIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert

---

[53]   See Searcy Dec., ¶ 2.
[54]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendants have also refused to produce Brisbois or an MGA Canada representative for deposition or to produce documents on their behalf.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to

---

[55]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1  the extent not previously produced that show that Brisbois gave to MGA and its

2  subsidiaries and agents documents stolen from Mattel.

3  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

4  **REQUEST FOR PRODUCTION NO. 45 SHOULD BE COMPELLED AND**

5  **DOCUMENTS SHOULD BE PRODUCED**

6        Mattel has agreed to produce responsive documents in its response and has

7  confirmed its agreement to produce documents in various meet and confer

8  discussions with MGA. Mankey Decl.", ¶ 4, 5.  To date, however, Mattel has not

9  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

10  Moreover, Mattel has ceased communicating with MGA concerning these and all

11  other disputes related to MGA's First Set of Phase 2 Requests for Production of

12  Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

13  responsive documents by a date certain.

14        To the extent that Mattel is relying on its blanket objections, they are not

15  sustainable and do not justify Mattel's failure to produce documents.  As to

16  overbreadth, Mattel provides no explanation, let alone the required particularity, as to

17  *why* these requests are supposedly overly broad, nor can it do so.  This objection is

18  therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections

19  not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

20  narrowly tailored to seek documents concerning Mattel's claims of trade secret

21  misappropriation and evidence proving MGA's affirmative defenses to those claims.

22  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

23  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

24  MGA is entitled to seek that information in the form of this request.

25        As to burden, Mattel has not attempted to demonstrate why responding to these

26  requests and/or producing responsive documents presents any burden.  This objection

27  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

28  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature. See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...." Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support. The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy. The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 45 without objection and order Mattel to produce all documents responsive to this request.

## FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 45 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

As a preliminary matter, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.").  MGA's original meet and confer letter did not identify which responses MGA contended were insufficient.[56] When Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-1, MGA did not identify this request.  Indeed, at no point during the meet and confer

---

[56]   See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

process did the parties discuss this Request or Mattel's response to it.[57]  Thus, MGA's claim that Mattel has "ceased communicating" about this Request is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Nor is there anything to compel in any event.  Mattel agreed in its original response to produce responsive, non-privileged documents located pursuant to diligent search and reasonable inquiry, to the extent not previously produced.  Had MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and has found no documents responsive to this request that have not either been produced already or noted on a privilege log.[58]  MGA's motion is totally unnecessary.

There is no basis for overruling Mattel's privilege objection.  Apart from the fact that MGA never raised this objection in any meet and confer, MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.  Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[59]  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action

---

[57]  <u>See</u> Opposition at 2:8-3:16.
[58]  <u>See</u> Searcy Dec., ¶ 2.
[59]  <u>See</u> Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

1   was filed on April 27, 2004."[60]  Thus, to the extent privileged documents fall within the

2   post lawsuit time period, they need not be included on Mattel's log.

3          Mattel also properly reserved its right to supplement its production subject to

4   expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

5   1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

6   because "[t]o the extent that the theories of damages applicable to these claims may be

7   related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

8   Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

9   motion to compel interrogatory responses but noting that "this Court does not expect

10  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

11  later date" and "since experts have not been either retained or deposed, much of the

12  remaining discovery is also premature.").

13

14  **REQUEST FOR PRODUCTION NO. 46:**

15         All DOCUMENTS REFLECTING that any documents allegedly taken by

16  BRISBOIS from MATTEL were given to LARIAN by BRISBOIS.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

18         Mattel incorporates by reference the above-stated general objections as if fully

19  set forth herein.  Mattel also specifically objects to this Request on the ground that it

20  is premature because the subject matter of this Request will be the subject of expert

21  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

22  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

23  experts and make related disclosures in accordance with the Court's orders and

24  applicable rules.  Mattel further objects that this Request is premature because

25  Defendants have not complied with their discovery obligations.  They have failed to

26  ⎯⎯⎯⎯⎯⎯⎯⎯

27      [60]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal
        Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

1   produce witnesses for deposition and are withholding information and documents
2   requested in violation of orders of the Discovery Master and the Court.  Defendants
3   have also refused to produce Brisbois or an MGA Canada representative for
4   deposition or to produce documents on their behalf.  Mattel objects to the use of the
5   term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to
6   this Request to the extent that it calls for the disclosure of information subject to the
7   attorney-client privilege, the attorney work- product doctrine and other applicable
8   privileges.  Mattel further objects to this Request on the ground and to the extent it
9   seeks trade secret, proprietary or otherwise confidential information of Mattel or third
10  parties.  Any such documents that are produced, if any, will be produced only
11  pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also
12  objects to this Request to the extent it seeks documents that are in the possession,
13  custody and control of a foreign subsidiary of a party.  MGA has objected that such
14  documents are not within the scope of requests to a domestic party.  Mattel further
15  objects to this Request to the extent that it may seek documents already produced by
16  Mattel, including documents stolen by MGA and other defendants.  Such documents
17  will not be produced again.

18      Subject to the foregoing objections, Mattel responds as follows:  At a mutually
19  agreeable time and place, Mattel will produce the non-privileged documents, if any,
20  that Mattel has been able to locate after a diligent search and reasonable inquiry, to
21  the extent not previously produced that show that Brisbois gave to MGA and its
22  subsidiaries and agents documents stolen from Mattel.

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
24  **REQUEST FOR PRODUCTION NO. 46 SHOULD BE COMPELLED AND**
25  **DOCUMENTS SHOULD BE PRODUCED**

26      Mattel has agreed to produce responsive documents in its response and has
27  confirmed its agreement to produce documents in various meet and confer
28  discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

1   produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

2   Moreover, Mattel has ceased communicating with MGA concerning these and all

3   other disputes related to MGA's First Set of Phase 2 Requests for Production of

4   Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

5   responsive documents by a date certain.

6          To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.  As to

8   overbreadth, Mattel provides no explanation, let alone the required particularity, as to

9   *why* these requests are supposedly overly broad, nor can it do so.  This objection is

10  therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections

11  not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

12  narrowly tailored to seek documents concerning Mattel's claims of trade secret

13  misappropriation and evidence proving MGA's affirmative defenses to those claims.

14  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

15  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

16  MGA is entitled to seek that information in the form of this request.

17         As to burden, Mattel has not attempted to demonstrate why responding to these

18  requests and/or producing responsive documents presents any burden.  This objection

19  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

20  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

21  unduly burdensome must allege specific facts which indicate the nature and extent of

22  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

23  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

24  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

25  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

26  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

27  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

28  because value of information to plaintiff clearly outweighed any annoyance or

expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue...."). To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade secret theft by former

1 | Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

2 | this objection as to any allegedly privileged documents.

3 |     Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

4 | 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

5 | no requests for discovery are premature at this point...."  Judge Larson agreed,

6 | clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

7 | case at all.").

8 |     Mattel's expert disclosure objection is also without support.  The fact that

9 | expert testimony may ultimately bear on some of the subjects of the request does not

10 | excuse Mattel from its obligation to provide full and complete responses based on the

11 | information Mattel presently has and to produce those responsive documents.

12 |     In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

13 | for deposition and [is] withholding information and documents requested in violation

14 | of orders of the Discovery Master and the Court" is not only unsupported and false,

15 | but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

16 | the requests would be unaffected.

17 |     Also, this request does not seek information violative of any third-party's rights

18 | of privacy.  The facts, persons, and documents responsive to this request are in the

19 | possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

20 | previously has argued, any privacy issues are fully addressed by the Protective Order

21 | in this case.

22 |     Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

23 | information or documents that are in the possession, custody and control of

24 | independent parties over whom Mattel has no control" is nonsensical – Mattel is

25 | obligated to provide all information in its possession, custody, or control that is

26 | responsive to the request.

27 |     In short, Mattel's objections are uniformly without merit and frivolous.  The

28 | Discovery Master should order Mattel to provide a substantive response to Request

-81-

No. 46 without objection and order Mattel to produce all documents responsive to this request.

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 46 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As a preliminary matter, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.").  MGA's original meet and confer letter did not identify which responses MGA contended were insufficient.[61] When Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-1, MGA did not identify this request.  Indeed, at no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[62]  Thus, MGA's claim that Mattel has "ceased communicating" about this Request is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Nor is there anything to compel in any event.  Mattel agreed in its original response to produce responsive, non-privileged documents located pursuant to diligent search and reasonable inquiry, to the extent not previously produced.  Had MGA complied with its meet and confer obligations, Mattel would have informed MGA that

---

[61]   See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

[62]   See Opposition at 2:8-3:16.

1   Mattel has conducted a good faith search for responsive documents and has found no
2   documents responsive to this request that have not either been produced already or noted
3   on a privilege log.[63]  MGA's motion is totally unnecessary.

4          There is no basis for overruling Mattel's privilege objection.  Apart from the fact
5   that MGA never raised this objection in any meet and confer, MGA's assertion that this
6   Request does not seek information protected by the attorney-client privilege, the attorney
7   work product doctrine, or any other applicable privilege because "it seeks documents
8   related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.
9   Documents related to one of Mattel's *claims in this action* could very well be subject to a
10  claim of privilege or work product protection.  MGA's waiver argument is also without
11  merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this
12  action.[64]   Moreover, as MGA has itself argued, the parties have agreed that "all
13  privileged documents would be logged except for documents created after this action
14  was filed on April 27, 2004."[65]  Thus, to the extent privileged documents fall within the
15  post lawsuit time period, they need not be included on Mattel's log.

16         Mattel also properly reserved its right to supplement its production subject to
17  expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,
18  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory
19  because "[t]o the extent that the theories of damages applicable to these claims may be
20  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").
21  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting
22  motion to compel interrogatory responses but noting that "this Court does not expect
23  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a
24
25      [63]   See Searcy Dec., ¶ 2.
26      [64]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.
27      [65]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal
        Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.
28

1 later date" and "since experts have not been either retained or deposed, much of the

2 remaining discovery is also premature.").

3

4 **REQUEST FOR PRODUCTION NO. 47:**

5         DOCUMENTS sufficient to identify any computers assigned by MATTEL to

6 BRISBOIS for use during her employment with MATTEL.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

8         Mattel incorporates by reference the above-stated general objections as if fully

9 set forth herein.  Mattel also specifically objects to this Request on the ground that it

10 is premature because the subject matter of this Request will be the subject of expert

11 testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

12 expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

13 experts and make related disclosures in accordance with the Court's orders and

14 applicable rules.  Mattel further objects that this Request is premature because

15 Defendants have not complied with their discovery obligations.  They have failed to

16 produce witnesses for deposition and are withholding information and documents

17 requested in violation of orders of the Discovery Master and the Court.  Defendants

18 have also refused to produce Brisbois or an MGA Canada representative for

19 deposition or to produce documents on their behalf.  Mattel also objects to this

20 Request to the extent that it seeks information not relevant to the subject matter of

21 this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

22 Mattel further objects to this Request to the extent that it calls for the disclosure of

23 information subject to the attorney-client privilege, the attorney work-product

24 doctrine and other applicable privileges.  Mattel also objects to this Request to the

25 extent it seeks documents that are in the possession, custody and control of a foreign

26 subsidiary of a party.  MGA has objected that such documents are not within the

27 scope of requests to a domestic party.  Mattel further objects to this Request to the

28

1  extent that it may seek documents already produced by Mattel, including documents
2  stolen by MGA and other defendants.  Such documents will not be produced again.

3        Subject to the foregoing objections, Mattel responds as follows:  At a mutually
4  agreeable time and place, Mattel will produce non-privileged documents, if any, that
5  Mattel has been able to locate after a diligent search and reasonable inquiry, to the
6  extent not previously produced, that are sufficient to identify the personal computer
7  assigned to Brisbois at the time that she resigned.

8  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
9  **REQUEST FOR PRODUCTION NO. 47 SHOULD BE COMPELLED AND**
10  **DOCUMENTS SHOULD BE PRODUCED**

11        As set forth in MGA's Memorandum of Points and Authorities in Support of its
12  motion to Compel, Mattel had agreed to produce documents sufficient to identify the
13  personal computer assigned to Vargas at the time he resigned from Mattel but has
14  failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Mattel also took the
15  unreasonable position that any other computers assigned to Vargas are not relevant to
16  the pending litigation because Mattel is not claiming Vargas took and gave to MGA
17  any Mattel trade secrets from any other computer.  Mankey Decl., Ex. D.

18        First, Mattel has failed to produce even the documents it has agreed to produce
19  that are responsive to this request.  Instead, Mattel has ceased communicating with
20  MGA concerning these and all other disputes related to MGA's First Set of Phase 2
21  Requests for Production of Documents and Things (Nos. 1-68).  For example, MGA
22  provided Mattel with a proposed protocol for the imaging and production of
23  documents from the hard drive contained in the computer that Mattel agreed to
24  produce on July 16, 2009 and Mattel has ignored that proposal.

25        Second, Mattel's assertion that other Brisbois computers are not relevant is
26  without merit.  MGA is entitled to any information in Mattel's custody or control that
27  may lead to the discovery of admissible evidence.  Information on Brisbois' other
28  Mattel computers falls squarely within this standard.  Among other reasons,

-85-

computers that Mattel assigned to Brisbois other than the single computer it is willing to produce will lead to admissible evidence concerning Mattel's own use of purported trade secrets and forms created by other companies, which Brisbois and/or others may have lawfully taken from their prior employment, including forms, contact lists, price points, etc.  Likewise, the other computers may reveal that Mattel fails to make any effort to protect the information it is claiming are trade secrets.  Thus, the other computers contain information likely to lead to admissible evidence and must be produced.

Finally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims.  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

1  to particularize its basis for the objection); <u>Seff v. General Outdoor Advertising Co.</u>,

2  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

3  because value of information to plaintiff clearly outweighed any annoyance or

4  expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg</u>

5  <u>Schools</u>, 182 F.R.D. 486,491 (W.D. N.C. 1998) ("Requiring a responding party to

6  perform extensive research or to compile substantial amounts of data and information

7  does not automatically constitute an undue burden....  Imposing such a burden is

8  particularly proper where, as here, the information sought is crucial to the ultimate

9  determination of a crucial issue...."). To the extent that there is any burden at all, it is

10 from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

11 in three countries.  The need for this information to defend against Mattel's claims

12 clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

13 already ruled that a party cannot complain that requests are unduly burdensome when

14 the request "merely seeks information regarding the extent of" a party's claim.  Order

15 No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

16 Mattel infringed numerous products, Mattel has the right to discover the scope of the

17 alleged claims.  Accordingly, the objections are overruled.").

18      Mattel also makes a number of other improper objections, none of which is

19 substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

20 part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

21 P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

22 specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners,</u>

23 <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

24 objections such as 'overly burdensome and harassing' are improper – especially when

25 a party fails to submit any evidentiary declarations supporting such objections");

26 <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal.

27 1999) ("boilerplate, generalized objections are inadequate and tantamount to not

28 making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by Brisbois. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature. See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...." Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support. The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy. The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is

1  obligated to provide all information in its possession, custody, or control that is

2  responsive to the request.

3       In short, Mattel's objections are uniformly without merit and frivolous.  The

4  Discovery Master should order Mattel to provide a substantive response to Request

5  No. 47 without objection and order Mattel to produce all documents responsive to

6  this request.

7  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

8  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 47 SHOULD**

9  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

10      In its original response, Mattel stated that it would produce non-privileged

11  documents,  located after a diligent search and reasonable inquiry and to the extent not

12  already produced, sufficient to identify the computer "assigned to Brisbois at the time

13  she resigned" from Mattel.  The parties agreed to the same during the meet and confer.

14  As confirmed in MGA's own letter, "Mattel has agreed to produce documents sufficient

15  to identify the personal computers assigned to Trueba, Vargas, Machado, Brisbois and

16  Castilla at the time they resigned from Mattel."[66]  Mattel is prepared to produce such

17  documents, to the extent they have not already been produced.

18      However, MGA now asserts that Mattel should be required to produce documents

19  regarding any computer assigned to Brisbois at any time during her employment at

20  Mattel.  MGA did not indicate during the parties' conferences that it intended to move for

21  such broad discovery.  Under the <u>Federal Rules,</u> MGA has a duty to meet and confer in

22  "good faith", and under the Discovery Master Order, MGA is required to identify for

23  Mattel "each dispute" prior to moving to compel discovery.  <u>Fed. R. Civ. P.</u> 37(a);

24  December 6, 2006 Discovery Master Order, Searcy Dec., Exh. 4 at 4.

25

26  _____

27  [66]  <u>See</u> Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

28

Apparently, MGA's new counsel was dissatisfied with the agreement reached by prior counsel.  Such undisclosed dissatisfaction with a compromise does not excuse MGA's meet and confer obligations under the either <u>Federal Rules</u> or the Discovery Master Order.   A motion that not only was never the subject of a meet and confer, but stands in direct contravention of the agreement reached by the parties during their conference, violates both the letter and the spirit of these requirements.   <u>See, e.g.</u>, <u>Robinson v. Potter</u>, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of motion to compel where movant failed to show the parties met and conferred in good faith); <u>Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.</u>, 339 F.3d 180, 186-87 (3d Cir. 2003) (motion to compel was properly denied where movant's counsel "failed to make a good faith effort to resolve discovery disputes prior to invoking court intervention."). MGA's motion should be denied.

MGA's argument that it is entitled to documents sufficient to identify every computer assigned to Brisbois fails on the merits in any event.  MGA must establish that its discovery meets the relevance requirements of <u>Rule</u> 26(b)(1).[67]  In seeking production of <u>all</u> computers assigned to Brisbois by Mattel, MGA argues that it "is entitled to any information in Mattel's custody or control that may lead to the discovery of admissible evidence."  This is not the standard for relevance.  <u>Rule</u> 26(b)(1) clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence."  Moreover, MGA's statement that all computers assigned to Brisbois "may" lead to admissible evidence is bald speculation.  MGA has not attempted to explain how all of Brisbois's computers are related to the claims and defenses in the case, and has not even cited particular allegations to which all of Brisbois's computers purportedly relate. "A trial court has a duty, of special significance in lengthy and complex cases where the

---

[67]   <u>See</u> July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Searcy Dec., Exh. 5 at 4 (as the moving party, "Mattel bears an initial (footnote continued)

possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[68]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").   Indeed, Rule 26(b)(1) was amended in 2000 to state that discovery was only available as to matters "relevant to the claim or defense of any party."   This amendment was designed to restrict overreaching discovery that goes outside the claims and defenses asserted in the pleadings.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(1), Advisory Committee Notes to 2000 Amendments ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings.").  <u>See also</u> <u>Bernstein v. Travelers Ins. Co.</u>, 447 F. Supp. 1100, 1102 (N.D. Cal. 2006) (citing Committee Notes to Rule); <u>In re Ashworth, Inc. Securities Litigation</u>, 2002 WL 33009225, *2 (S.D. Cal. 2002) (same).

There is no basis for overruling Mattel's privilege objection.  MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Brisbois" has no merit.  Documents related to one of Mattel's *claims in this action* could very well be subject to a

_____

burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[69]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[70]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

**REQUEST FOR PRODUCTION NO. 48:**

The hard drive(s) or any mirror image thereof (including but not limited to any mirror image on any server or storage device) from any and all computers assigned by MATTEL to BRISBOIS for use during the last year of her employment with MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendants have also refused to produce Brisbois or an MGA Canada representative for deposition or to produce documents on their behalf.  Defendants also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel also objects to this Request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

---

[68]   See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Proctor Dec., Exh. 18.

[69]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

[70]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

FURTHER RESPONSES AND OBJECTIONS

1   Mattel further objects that this Request is vague and ambiguous.  Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant to

3   this action or likely to lead to the discovery of admissible evidence.  Mattel further

4   objects to this Request on the grounds that it seeks confidential, proprietary and trade

5   secret information, including such information that has no bearing on the claims or

6   defenses in this case.  Mattel also objects to this Request to the extent it seeks

7   documents that are in the possession, custody and control of a foreign subsidiary of a

8   party.  MGA has objected that such documents are not within the scope of requests to

9   a domestic party.

10   **FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION**

11   **NO. 48:**

12         Mattel incorporates by reference the above-stated general objections as if

13   fully set forth herein.  Mattel further objects that this Request is premature because

14   Defendants have not complied with their discovery obligations.  They have failed to

15   produce witnesses for deposition and are withholding information and documents

16   requested in violation of orders of the Discovery Master and the Court.  Defendants

17   have also refused to produce Brisbois or an MGA Canada representative for

18   deposition or to produce documents on their behalf.  Defendants also refuse to

19   produce hard drives or mirror images thereof to Mattel.  Mattel also objects to this

20   Request to the extent that it seeks information not relevant to the subject matter of

21   this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

22   Mattel further objects that this Request is vague and ambiguous.  Mattel further

23   objects to the Request on the grounds that it seeks documents that are not relevant to

24   this action or likely to lead to the discovery of admissible evidence.  Mattel further

25   objects to this Request on the grounds that it seeks confidential, proprietary and trade

26   secret information, including such information that has no bearing on the claims or

27   defenses in this case.  Mattel also objects to this Request to the extent it seeks

28   documents that are in the possession, custody and control of a foreign subsidiary of a

party.  MGA has objected that such documents are not within the scope of requests to a domestic party.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place and in a manner that will protect Mattel's privileged information, Mattel will produce forensic images of any electronic storage media assigned to Brisbois at the time of his resignation from Mattel that are in Mattel's possession, custody or control, excluding any privileged information contained therein.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 48 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As with the above, Mattel had agreed to produce the hard drive of the personal computer assigned to Trueba at the time she resigned from Mattel but has failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Chaudoir Decl., ¶ 9.  To foster the production of the hard drive, MGA provided Mattel with a proposed protocol for the imaging and production of documents from the hard drive contained in the computer that Mattel agreed to produce on July 16, 2009.  Id., Ex. 4.  As with MGA's efforts to meet and confer on the response themselves, Mattel has ignored that proposal.

Second, Mattel's assertion that other Brisbois computers are not relevant is without merit.  MGA is entitled to any information in Mattel's custody or control that may lead to the discovery of admissible evidence.  Information on Brisbois' other Mattel computers that may have been assigned to her within the last year of his employment falls squarely within this standard.  Among other reasons, computers that Mattel assigned to Brisbois other than the single computer it is willing to produce will lead to admissible evidence concerning Mattel's own use of purported trade

1  secrets and forms created by other companies, which Brisbois and/or others could

2  have lawfully taken from their prior employment, including forms, contact lists, price

3  points, etc.  Likewise, the other computers may reveal that Mattel fails to make any

4  effort to protect the information it is claiming are trade secrets.  Thus, the other

5  computers contain information likely to lead to admissible evidence and must be

6  produced.

7          Finally, Mattel's remaining objections are generic, inapplicable and fail to

8  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

9  Mattel provides no explanation, let alone the required particularity, as to **why** these

10  requests are supposedly overly broad, nor can it do so.  This objection is therefore

11  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

12  with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

13  tailored to seek documents concerning Mattel's claims of trade secret

14  misappropriation and evidence proving MGA's affirmative defenses to those claims.

15  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

16  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

17  MGA is entitled to seek that information in the form of this request.

18          As to burden, Mattel has not attempted to demonstrate why responding to these

19  requests and/or producing responsive documents presents any burden.  This objection

20  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

21  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

22  unduly burdensome must allege specific facts which indicate the nature and extent of

23  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

24  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

25  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

26  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

27  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

28  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

1   because value of information to plaintiff clearly outweighed any annoyance or

2   expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

3   Schools, 182 F.R.D. 486,491 (W.D. N.C. 1998) ("Requiring a responding party to

4   perform extensive research or to compile substantial amounts of data and information

5   does not automatically constitute an undue burden....  Imposing such a burden is

6   particularly proper where, as here, the information sought is crucial to the ultimate

7   determination of a crucial issue....").  To the extent that there is any burden at all, it is

8   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

9   in three countries.  The need for this information to defend against Mattel's claims

10  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

11  already ruled that a party cannot complain that requests are unduly burdensome when

12  the request "merely seeks information regarding the extent of" a party's claim.  Order

13  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

14  Mattel infringed numerous products, Mattel has the right to discover the scope of the

15  alleged claims.  Accordingly, the objections are overruled.").

16      Mattel also makes a number of other improper objections, none of which is

17  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

18  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

19  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

20  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

21  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

22  objections such as 'overly burdensome and harassing' are improper – especially when

23  a party fails to submit any evidentiary declarations supporting such objections");

24  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

25  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

26  making any objection at all").

27      For example, this request does not seek information protected by the attorney-

28  client privilege, the attorney work product doctrine, or any other applicable privilege.

1   Rather, it seeks documents related to Mattel's claim of trade secret theft by Brisbois.

2   Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

3   any allegedly privileged documents.

4        Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

5   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

6   no requests for discovery are premature at this point...."  Judge Larson agreed,

7   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

8   case at all.").

9        Mattel's expert disclosure objection is also without support.  The fact that

10  expert testimony may ultimately bear on some of the subjects of the request does not

11  excuse Mattel from its obligation to provide full and complete responses based on the

12  information Mattel presently has and to produce those responsive documents.

13       In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

14  for deposition and [is] withholding information and documents requested in violation

15  of orders of the Discovery Master and the Court" is not only unsupported and false,

16  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

17  the requests would be unaffected.

18       Also, this request does not seek information violative of any third-party's rights

19  of privacy.  The facts, persons, and documents responsive to this request are in the

20  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

21  previously has argued, any privacy issues are fully addressed by the Protective Order

22  in this case.

23       Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

24  information or documents that are in the possession, custody and control of

25  independent parties over whom Mattel has no control" is nonsensical – Mattel is

26  obligated to provide all information in its possession, custody, or control that is

27  responsive to the request.

28

-97-

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 48 without objection and order Mattel to produce the computers.

## FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 48 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

During the meet and confer, the parties agreed that Mattel would produce a forensic image of the hard drive of the computer assigned to Brisbois at the time of her resignation from Mattel, subject to an appropriate protocol to protect Mattel's privileged information.[71]  As MGA confirmed in its own letter, "Mattel agrees to produce mirror images of the hard drives contained in the computers assigned to Trueba, Vargas, Machado, Brisbois and Castilla at the time of their resignation from Mattel."[72]  The only reason that has not yet happened is that MGA filed the instant motion.[73]

MGA now asserts that Mattel should be required to produce every computer assigned to Brisbois at any time during her employment at Mattel.  See Motion at 4:16-17.[74]  MGA did not indicate during the parties' conferences that it intended to move for such broad discovery.  Under the Federal Rules, MGA has a duty to meet and confer in "good faith", and under the Discovery Master Order, MGA is required

---

[71]  See Mattel's Supplemental Responses to MGA's 1st Set of Phase 2 RFPs, Searcy Dec., Exh. 14.

[72]  Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

[73]  In an effort to justify its motion, MGA claims that Mattel then "ceased communicating."  In fact, Mattel did not receive any proposed protocol from MGA until it filed its motion.  See Searcy Dec. ¶ 3.  When Mattel attempted to engage MGA in a dialogue about its proposed protocol, it is MGA who refused to communicate.  See Opposition at 4.

[74]  MGA's Motion and Separate Statement are inconsistent in that in the Separate Statement MGA purports to seek computers assigned during the last year of (footnote continued)

to identify for Mattel "each dispute" prior to moving to compel discovery.  Fed. R. Civ. P. 37(a); December 6, 2006 Discovery Master Order, Searcy Dec., Exh. 4 at 4.

Apparently, MGA's new counsel was dissatisfied with the agreement reached by prior counsel with Mattel.  Such undisclosed dissatisfaction with a compromise does not excuse MGA's meet and confer obligations under the either Federal Rules or the Discovery Master Order.   A motion that not only was never the subject of a meet and confer, but stands in direct contravention of the agreement reached by the parties during their conference, violates both the letter and the spirit of these requirements. See, e.g., Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of motion to compel where movant failed to show the parties met and conferred in good faith); Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186-87 (3d Cir. 2003) (motion to compel was properly denied where movant's counsel "failed to make a good faith effort to resolve discovery disputes prior to invoking court intervention.").  MGA's motion should be denied.

In any event, MGA's argument that it is entitled to every computer assigned to Brisbois fails on the merits.  MGA must establish that its discovery meets the relevance requirements of Rule 26(b)(1).[75]  In seeking production of all computers assigned to Brisbois by Mattel, MGA argues that it "is entitled to any information in Mattel's custody or control that may lead to the discovery of admissible evidence."  This is not the standard for relevance.  Rule 26(b)(1) clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence."  Moreover, MGA's statement that all computers assigned to Brisbois "may" lead to admissible evidence is bald

---

employment.  Even this Request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

[75]  See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master Order No. 27, Searcy Dec., Exh. 5 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

FURTHER RESPONSES AND OBJECTIONS

speculation.  MGA has not attempted to explain how all of Brisbois' computers are related to the claims and defenses in the case, and has not even cited particular allegations to which all of Brisbois' computers purportedly relate.  "A trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[76]  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").  Indeed, Rule 26(b)(1) was amended in 2000 to state that discovery was only available as to matters "relevant to the claim or defense of any party."  This amendment was designed to restrict overreaching discovery that goes outside the claims and defenses asserted in the pleadings.  See Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes to 2000 Amendments ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings.").  See also Bernstein v. Travelers Ins. Co., 447 F. Supp. 1100, 1102 (N.D. Cal. 2006) (citing Committee Notes to Rule); In re Ashworth, Inc. Securities Litigation, 2002 WL 33009225, *2 (S.D. Cal. 2002) (same).

Nor is there any basis for overruling Mattel's privilege objection.  Certainly, to the extent the hard drive includes any of Mattel's privileged information, there is no reason why Mattel should be required to disclose it.  Indeed, protecting such information is one

---

[76]  See Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Proctor Dec., Exh. 18.

of the  purpose of the protocol the parties have employed with respect to other computer hard drives produced in this lawsuit.  Nor is there any basis for claiming that Mattel has waived it right to protect any such privileged information.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS sufficient to identify any computers assigned by MATTEL to CASTILLA for use during his employment with MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel also objects to this Request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce non-privileged documents, if any, that

1  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

2  extent not previously produced, that identify the personal computer assigned to

3  Castilla at the time that he resigned.

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5  **REQUEST FOR PRODUCTION NO. 49 SHOULD BE COMPELLED AND**

6  **DOCUMENTS SHOULD BE PRODUCED**

7  As set forth in MGA's Memorandum of Points and Authorities in Support of its

8  motion to Compel, Mattel had agreed to produce documents sufficient to identify the

9  personal computer assigned to Vargas at the time he resigned from Mattel but has

10  failed to do so.  Mankey Decl., Ex. D; Chaudoir Decl., ¶ 9.  Mattel also took the

11  unreasonable position that any other computers assigned to Vargas are not relevant to

12  the pending litigation because Mattel is not claiming Vargas took and gave to MGA

13  any Mattel trade secrets from any other computer.  Mankey Decl., Ex. D.

14  First, Mattel has failed to produce even the documents it has agreed to produce

15  that are responsive to this request.  Instead, Mattel has ceased communicating with

16  MGA concerning these and all other disputes related to MGA's First Set of Phase 2

17  Requests for Production of Documents and Things (Nos. 1-68).  For example, MGA

18  provided Mattel with a proposed protocol for the imaging and production of

19  documents from the hard drive contained in the computer that Mattel agreed to

20  produce on July 16, 2009 and Mattel has ignored that proposal.

21  Second, Mattel's assertion that other Castilla computers are not relevant is

22  without merit.  MGA is entitled to any information in Mattel's custody or control that

23  may lead to the discovery of admissible evidence.  Information on Castilla's other

24  Mattel computers falls squarely within this standard.  Among other reasons,

25  computers that Mattel assigned to Castilla other than the single computer it is willing

26  to produce will lead to admissible evidence concerning Mattel's own use of purported

27  trade secrets and forms created by other companies, which Castilla and/or others may

28  have lawfully taken from their prior employment, including forms, contact lists, price

points, etc.  Likewise, the other computers may reveal that Mattel fails to make any effort to protect the information it is claiming are trade secrets.  Thus, the other computers contain information likely to lead to admissible evidence and must be produced.

Finally, Mattel's remaining objections are generic, inapplicable and fail to justify Mattel's failure to produce all responsive documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

-103-

FURTHER RESPONSES AND OBJECTIONS

Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade secret theft by Castilla.

-104-

1   Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

2   any allegedly privileged documents.

3          Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

4   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

5   no requests for discovery are premature at this point...."  Judge Larson agreed,

6   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

7   case at all.").

8          Mattel's expert disclosure objection is also without support.  The fact that

9   expert testimony may ultimately bear on some of the subjects of the request does not

10  excuse Mattel from its obligation to provide full and complete responses based on the

11  information Mattel presently has and to produce those responsive documents.

12         In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

13  for deposition and [is] withholding information and documents requested in violation

14  of orders of the Discovery Master and the Court" is not only unsupported and false,

15  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

16  the requests would be unaffected.

17         Also, this request does not seek information violative of any third-party's rights

18  of privacy.  The facts, persons, and documents responsive to this request are in the

19  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

20  previously has argued, any privacy issues are fully addressed by the Protective Order

21  in this case.

22         Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

23  information or documents that are in the possession, custody and control of

24  independent parties over whom Mattel has no control" is nonsensical – Mattel is

25  obligated to provide all information in its possession, custody, or control that is

26  responsive to the request.

27         In short, Mattel's objections are uniformly without merit and frivolous.  The

28  Discovery Master should order Mattel to provide a substantive response to Request

No. 49 without objection and order Mattel to produce all documents responsive to this request.

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 49 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

In its original response, Mattel stated that it would produce non-privileged documents, located after a diligent search and reasonable inquiry and to the extent not already produced, sufficient to identify the computer "assigned to Castilla at the time he resigned" from Mattel. The parties agreed to the same during the meet and confer. As confirmed in MGA's own letter, "Mattel has agreed to produce documents sufficient to identify the personal computers assigned to Trueba, Vargas, Machado, Brisbois and Castilla at the time they resigned from Mattel."[77] Mattel is prepared to produce such documents, to the extent they have not already been produced.

However, MGA now asserts that Mattel should be required to produce documents regarding any computer assigned to Castilla at any time during his employment at Mattel. MGA did not indicate during the parties' conferences that it intended to move for such broad discovery. Under the Federal Rules, MGA has a duty to meet and confer in "good faith", and under the Discovery Master Order, MGA is required to identify for Mattel "each dispute" prior to moving to compel discovery. Fed. R. Civ. P. 37(a); December 6, 2006 Discovery Master Order, Searcy Dec., Exh. 4 at 4.

Apparently, MGA's new counsel was dissatisfied with the agreement reached by prior counsel. Such undisclosed dissatisfaction with a compromise does not excuse MGA's meet and confer obligations under the either Federal Rules or the Discovery Master Order. A motion that not only was never the subject of a meet and confer, but stands in direct contravention of the agreement reached by the parties during their

---

[77] See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey Dec., Exh. D.

1  conference, violates both the letter and the spirit of these requirements.    See, e.g.,

2  Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of motion to

3  compel where movant failed to show the parties met and conferred in good faith);

4  Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186-87 (3d Cir.

5  2003) (motion to compel was properly denied where movant's counsel "failed to make a

6  good faith effort to resolve discovery disputes prior to invoking court intervention.").

7  MGA's motion should be denied.

8        MGA's argument that it is entitled to documents sufficient to identify every

9  computer assigned to Castilla fails on the merits in any event.  MGA must establish that

10  its discovery meets the relevance requirements of Rule 26(b)(1).[78]  In seeking production

11  of all computers assigned to Castilla by Mattel, MGA argues that it "is entitled to any

12  information in Mattel's custody or control that may lead to the discovery of admissible

13  evidence."  This is not the standard for relevance.  Rule 26(b)(1) clearly states that

14  discovery must be "reasonably calculated to lead to the discovery of admissible

15  evidence."  Moreover, MGA's statement that all computers assigned to Castilla "may"

16  lead to admissible evidence is bald speculation.  MGA has not attempted to explain how

17  all of Castilla's computers are related to the claims and defenses in the case, and has not

18  even cited particular allegations to which all of Castilla's computers purportedly relate.

19  "A trial court has a duty, of special significance in lengthy and complex cases where the

20  possibility of abuse is always present, to supervise and limit discovery to protect parties

21  and witnesses from annoyance and excessive expense." Dolgow v. Anderson, 53 F.R.D.

22  661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan American World

23  Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); Mr. Frank, Inc. v.

24  Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous

25  _____

26  [78]   See July 9, 2009 Order granting in Part Mattel's Motion re Discovery Master
    Order No. 27, Searcy Dec., Exh. 5 at 4 (as the moving party, "Mattel bears an initial

27  (footnote continued)

28

Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[79]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").   Indeed, Rule 26(b)(1) was amended in 2000 to state that discovery was only available as to matters "relevant to the claim or defense of any party."   This amendment was designed to restrict overreaching discovery that goes outside the claims and defenses asserted in the pleadings.  <u>See Fed. R. Civ. P.</u> 26(b)(1), Advisory Committee Notes to 2000 Amendments ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings.").  <u>See also</u> <u>Bernstein v. Travelers Ins. Co.</u>, 447 F. Supp. 1100, 1102 (N.D. Cal. 2006) (citing Committee Notes to Rule); <u>In re Ashworth, Inc. Securities Litigation</u>, 2002 WL 33009225, *2 (S.D. Cal. 2002) (same).

There is no basis for overruling Mattel's privilege objection.  MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by Castilla" has no merit.  Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[80]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action

_____

burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

[79]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Proctor Dec., Exh. 18.

[80]   <u>See</u> Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

was filed on April 27, 2004."[81]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

**REQUEST FOR PRODUCTION NO. 50:**

The hard drive(s) or any mirror image thereof (including but not limited to any mirror image on any server or storage device) from any and all computers assigned by MATTEL to CASTILLA for use during the last year of his employment with MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendants also refuse to produce hard drives or mirror images thereof to Mattel.  Mattel also objects to this Request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects that this Request is vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such

---

[81]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1   documents are not within the scope of requests to a domestic party.  Subject to the

2   foregoing objections, Mattel responds as follows:  On April 13, 2009, Mattel

3   produced to MGA a forensic image of the Castilla-specific electronic media pursuant

4   to the Discovery Master's Order No. 6 compelling Mattel to produce copies of its

5   "communications with law enforcement authorities" and "copies of any documents

6   that it has provided to law enforcement authorities."

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

8   **REQUEST FOR PRODUCTION NO. 50 SHOULD BE COMPELLED AND**

9   **DOCUMENTS SHOULD BE PRODUCED**

10   During meet and confer discussions with Mattel, Mattel advised that on April

11   13, 2009 it had produced to MGA a "forensic image of the Castilla-specific electronic

12   media."  Mankey Decl., Ex. D. Mattel further agreed to confirm that this meant that

13   Mattel has already produced a mirror image of the hard drive of any computer

14   assigned by Mattel to Castilla during the year preceding his resignation from Mattel.

15   Id.  Despite that agreement, however, Mattel has not confirmed there are no

16   additional documents or computers that are responsive to this Request.  Chaudoir

17   Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA concerning this and

18   all other disputes related to MGA's First Set of Phase 2 Requests for Production of

19   Documents and Things (Nos. 1-68).  Id.

20   The documents responsive to this request are clearly relevant and discoverable.

21   Additionally, Mattel's remaining objections are generic, inapplicable and fail to

22   justify Mattel's failure to produce all responsive documents.  As to overbreadth,

23   Mattel provides no explanation, let alone the required particularity, as to **why** these

24   requests are supposedly overly broad, nor can it do so.  This objection is therefore

25   improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

26   with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

27   tailored to seek documents concerning Mattel's claims of trade secret

28   misappropriation and evidence proving MGA's affirmative defenses to those claims.

1    Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

2    Since Mattel has yet to identify the trade secrets it claims were misappropriated,

3    MGA is entitled to seek that information in the form of this request.

4            As to burden, Mattel has not attempted to demonstrate why responding to these

5    requests and/or producing responsive documents presents any burden.  This objection

6    must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

7    F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

8    unduly burdensome must allege specific facts which indicate the nature and extent of

9    the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

10   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

11   Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

12   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

13   to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

14   11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

15   because value of information to plaintiff clearly outweighed any annoyance or

16   expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

17   Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

18   perform extensive research or to compile substantial amounts of data and information

19   does not automatically constitute an undue burden....  Imposing such a burden is

20   particularly proper where, as here, the information sought is crucial to the ultimate

21   determination of a crucial issue....").  To the extent that there is any burden at all, it is

22   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

23   in three countries.  The need for this information to defend against Mattel's claims

24   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

25   already ruled that a party cannot complain that requests are unduly burdensome when

26   the request "merely seeks information regarding the extent of" a party's claim.  Order

27   No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

28

-111-

FURTHER RESPONSES AND OBJECTIONS

1  Mattel infringed numerous products, Mattel has the right to discover the scope of the

2  alleged claims.  Accordingly, the objections are overruled.").

3      Mattel also makes a number of other improper objections, none of which is

4  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

5  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

6  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

7  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

8  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

9  objections such as 'overly burdensome and harassing' are improper – especially when

10  a party fails to submit any evidentiary declarations supporting such objections");

11  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

12  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

13  making any objection at all").

14      For example, this request does not seek information protected by the attorney-

15  client privilege, the attorney work product doctrine, or any other applicable privilege.

16  Rather, it seeks documents related to Mattel's claim of trade secret theft by Castilla.

17  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

18  any allegedly privileged documents.

19      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

20  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

21  no requests for discovery are premature at this point...."  Judge Larson agreed,

22  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

23  case at all.").

24      Mattel's expert disclosure objection is also without support.  The fact that

25  expert testimony may ultimately bear on some of the subjects of the request does not

26  excuse Mattel from its obligation to provide full and complete responses based on the

27  information Mattel presently has and to produce those responsive documents.

28

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 50 without objection and order Mattel to produce the computers.

## FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 50 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

During the parties' July 1 conference, Mattel confirmed that it already had produced a mirrored image of the hard drive of the computer assigned to Castilla at the time of his reservation from Mattel.[82]  Because Mattel has alleged that Castilla stole trade secrets from Mattel immediately before resigning to work for MGA,

---

[82]   See Searcy Dec., ¶ 2.

computers other than the one assigned to Castilla immediately prior to his resignation are not relevant to the claims or defenses in this action.

In seeking production of <u>all</u> computers assigned to Castilla by Mattel, MGA argues that it "is entitled to any information in Mattel's custody or control that may lead to the discovery of admissible evidence."  This is not the standard for relevance.  <u>Rule</u> 26(b)(1) clearly states that discovery must be "reasonably calculated to lead to the discovery of admissible evidence."  Moreover, MGA's statement that all computers assigned to Castilla "may" lead to admissible evidence is bald speculation.  In fact, "[a] trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense."  <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); <u>see also</u> <u>Laker Airways Ltd. v. Pan American World Airways</u>, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same); <u>Mr. Frank, Inc. v. Waste Management, Inc.</u>, 1983 WL 1859, *1 (N.D. Ill. 1983) (same).  As the previous Discovery Master has held, a party may not propound document requests as part of a fishing expedition or to discover new claims.[83]  <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'").  Indeed, Rule 26(b)(1) was amended in 2000 to state that discovery was only available as to matters "relevant to the claim or defense of any party."  This amendment was designed to restrict overreaching discovery that goes outside the claims and defenses asserted in the pleadings.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(1), Advisory Committee Notes to 2000 Amendments ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses

_____

[83]   <u>See</u> Order Granting In Part and Denying In Part Mattel's Motion for Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Proctor Dec., Exh. 18.

-114-

FURTHER RESPONSES AND OBJECTIONS

1  that are not identified in the pleadings.").  See also Bernstein v. Travelers Ins. Co.,

2  447 F. Supp. 1100, 1102 (N.D. Cal. 2006) (citing Committee Notes to Rule); In re

3  Ashworth, Inc. Securities Litigation, 2002 WL 33009225, *2 (S.D. Cal. 2002)

4  (same).

5           MGA has not explained in any way how all of Castilla's computers are

6  related to the claims and defenses in the case, and has not even cited particular

7  allegations to which all of Castilla's computers purportedly relate.  Accordingly,

8  MGA's motion should be denied.

9           Nor is there any basis for overruling Mattel's privilege objection.

10  Certainly, to the extent the hard drive includes any of Mattel's privileged

11  communications, there is no reason why Mattel should be required to disclose it.

12  Indeed, protecting such information is one of the purposes of the protocol the parties

13  have employed with respect to other computer hard drives produced in this lawsuit.

14  Nor is there any basis for claiming that Mattel has waived its right to protect any such

15  privileged information.

16

17  **REQUEST FOR PRODUCTION NO. 51:**

18           All DOCUMENTS REFLECTING that CASTILLA took from MATTEL the

19  documents listed on page 42, line 6 through page 43, line 17 of MATTEL's

20  Supplemental Responses and Objections to MGA's First Set of Interrogatories.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

22           Mattel incorporates by reference the above-stated general objections as if fully

23  set forth herein.  Mattel also specifically objects to this Request on the ground that it

24  is premature because the subject matter of this Request will be the subject of expert

25  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

26  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

27  experts and make related disclosures in accordance with the Court's orders and

28  applicable rules.  Mattel further objects that this Request is premature because

FURTHER RESPONSES AND OBJECTIONS

Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced, that (a) Castilla took from Mattel and, (b) that show the theft of those documents.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 51 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As set forth in MGA's Memorandum of Points and Authorities in Support of its motion to Compel, Mattel had agreed to produce documents responsive to this request.  See, Motion, pgs. 1-3; Mankey Decl., Ex. D; Chaudoir Decl., Ex. 2.  Despite that agreement, however, Mattel has neither produced documents nor informed MGA

-116-

1   that all responsive documents have already been produced.  Chaudoir Decl., ¶ 9.

2   Instead, Mattel has ceased communicating with MGA concerning this and all other

3   disputes related to MGA's First Set of Phase 2 Requests for Production of Documents

4   and Things (Nos. 1-68).  Id.

5       The documents responsive to this request are clearly relevant and discoverable.

6   Additionally, Mattel's remaining objections are generic, inapplicable and fail to

7   justify Mattel's failure to produce all responsive documents.  As to overbreadth,

8   Mattel provides no explanation, let alone the required particularity, as to **why** these

9   requests are supposedly overly broad, nor can it do so.  This objection is therefore

10  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

11  with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

12  tailored to seek documents concerning Mattel's claims of trade secret

13  misappropriation and evidence proving MGA's affirmative defenses to those claims.

14  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

15  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

16  MGA is entitled to seek that information in the form of this request.

17      As to burden, Mattel has not attempted to demonstrate why responding to these

18  requests and/or producing responsive documents presents any burden.  This objection

19  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

20  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

21  unduly burdensome must allege specific facts which indicate the nature and extent of

22  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

23  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

24  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

25  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

26  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

27  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

28  because value of information to plaintiff clearly outweighed any annoyance or

expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue...."). To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Rather, it seeks documents related to Mattel's claim of trade secret theft by Castilla.

1 | Further, Mattel has failed to provide a privilege log, thus waiving this objection as to
2 | any allegedly privileged documents.

3 |     Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at
4 | 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or
5 | no requests for discovery are premature at this point...."  Judge Larson agreed,
6 | clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
7 | case at all.").

8 |     Mattel's expert disclosure objection is also without support.  The fact that
9 | expert testimony may ultimately bear on some of the subjects of the request does not
10 | excuse Mattel from its obligation to provide full and complete responses based on the
11 | information Mattel presently has and to produce those responsive documents.

12 |     In addition, Mattel's bare assertion that MGA has "failed to produce witnesses
13 | for deposition and [is] withholding information and documents requested in violation
14 | of orders of the Discovery Master and the Court" is not only unsupported and false,
15 | but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to
16 | the requests would be unaffected.

17 |     Also, this request does not seek information violative of any third-party's rights
18 | of privacy.  The facts, persons, and documents responsive to this request are in the
19 | possession, custody, control, or knowledge of Mattel itself, and as Mattel itself
20 | previously has argued, any privacy issues are fully addressed by the Protective Order
21 | in this case.

22 |     Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of
23 | information or documents that are in the possession, custody and control of
24 | independent parties over whom Mattel has no control" is nonsensical – Mattel is
25 | obligated to provide all information in its possession, custody, or control that is
26 | responsive to the request.

27
28

FURTHER RESPONSES AND OBJECTIONS

1    In short, Mattel's objections are uniformly without merit and frivolous.  The

2    Discovery Master should order Mattel to provide a substantive response to Request

3    No. 51 without objection and order Mattel to produce the computers.

4    **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

5    **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 51 SHOULD**

6    **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

7    There is nothing to compel.  As Mattel informed MGA during the meet and confer

8    process, Mattel has received nearly identical requests in the past, has searched repeatedly

9    in good faith and produced non-privileged, responsive documents in its possession,

10   custody or control.   Nonetheless, as to this request and others where MGA identified

11   Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to

12   determine whether it had any responsive documents that had not already been produced

13   or listed on a privilege log.[84]  Any additional non-privileged, responsive documents

14   located pursuant to that search will be produced before this motion is even heard.[85]

15   MGA's motion is totally unnecessary and could have been avoided altogether had MGA

16   met and conferred in good faith.

17   There is no basis for overruling Mattel's privilege objection.  MGA's assertion that

18   this Request does not seek information protected by the attorney-client privilege, the

19   attorney work product doctrine, or any other applicable privilege because "it seeks

20   documents related to Mattel's claim of trade secret theft by Castilla" has no merit.

21   Documents related to one of Mattel's *claims in this action* could very well be subject to a

22   claim of privilege or work product protection.  MGA's waiver argument is also without

23   merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

24

25

---

26   [84]  See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009, Mankey
27   Dec., Exh. D.
     [85]  See Searcy Dec., ¶ 3.

28

1  action.[86]   Moreover, as MGA has itself argued, the parties have agreed that "all

2  privileged documents would be logged except for documents created after this action

3  was filed on April 27, 2004."[87] Thus, to the extent privileged documents fall within the

4  post lawsuit time period, they need not be included on Mattel's log.

5       Mattel also properly reserved its right to supplement its production subject to

6  expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

7  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

8  because "[t]o the extent that the theories of damages applicable to these claims may be

9  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

10  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

11  motion to compel interrogatory responses but noting that "this Court does not expect

12  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

13  later date" and "since experts have not been either retained or deposed, much of the

14  remaining discovery is also premature.").

15

16  **REQUEST FOR PRODUCTION NO. 52:**

17       All DOCUMENTS REFLECTING that CASTILLA has used proprietary and

18  confidential information taken from MATTEL to improve MGA's sales forecasting

19  and inventory planning, as alleged in lines 1-3 on page 44 of MATTEL's

20  Supplemental Responses and Objections to MGA's First Set of Interrogatories.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

22       Mattel incorporates by reference the above-stated general objections as if fully

23  set forth herein.  Mattel also specifically objects to this Request on the ground that it

24  is premature because the subject matter of this Request will be the subject of expert

25

26  [86]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27  [87]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Defendants have also refused to produce Brisbois or an MGA Canada representative for deposition or to produce documents on their behalf.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce non-privileged documents responsive to this Request, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 52 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

Mattel has agreed to produce responsive documents in its response and has confirmed its agreement to produce documents in various meet and confer discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9. Moreover, Mattel has ceased communicating with MGA concerning these and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

1  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

2  Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D. 94, 109

3  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

4  to particularize its basis for the objection); <u>Seff v. General Outdoor Advertising Co.</u>,

5  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

6  because value of information to plaintiff clearly outweighed any annoyance or

7  expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg</u>

8  <u>Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

9  perform extensive research or to compile substantial amounts of data and information

10  does not automatically constitute an undue burden....  Imposing such a burden is

11  particularly proper where, as here, the information sought is crucial to the ultimate

12  determination of a crucial issue...."). To the extent that there is any burden at all, it is

13  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

14  in three countries.  The need for this information to defend against Mattel's claims

15  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

16  already ruled that a party cannot complain that requests are unduly burdensome when

17  the request "merely seeks information regarding the extent of" a party's claim.  Order

18  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

19  Mattel infringed numerous products, Mattel has the right to discover the scope of the

20  alleged claims.  Accordingly, the objections are overruled.").

21       Mattel also makes a number of other improper objections, none of which is

22  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

23  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

24  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

25  specificity are routinely rejected in the Central District.  <u>See A. Farber and Partners,</u>

26  <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

27  objections such as 'overly burdensome and harassing' are improper – especially when

28  a party fails to submit any evidentiary declarations supporting such objections");

1   <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal.

2   1999) ("boilerplate, generalized objections are inadequate and tantamount to not

3   making any objection at all").

4       For example, this request does not seek information protected by the attorney-

5   client privilege, the attorney work product doctrine, or any other applicable privilege.

6   Rather, it seeks documents related to Mattel's claim of trade secret theft by former

7   Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

8   this objection as to any allegedly privileged documents.

9       Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

10  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

11  no requests for discovery are premature at this point...."  Judge Larson agreed,

12  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

13  case at all.").

14      Mattel's expert disclosure objection is also without support.  The fact that

15  expert testimony may ultimately bear on some of the subjects of the request does not

16  excuse Mattel from its obligation to provide full and complete responses based on the

17  information Mattel presently has and to produce those responsive documents.

18      In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

19  for deposition and [is] withholding information and documents requested in violation

20  of orders of the Discovery Master and the Court" is not only unsupported and false,

21  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

22  the requests would be unaffected.

23      Also, this request does not seek information violative of any third-party's rights

24  of privacy.  The facts, persons, and documents responsive to this request are in the

25  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

26  previously has argued, any privacy issues are fully addressed by the Protective Order

27  in this case.

28

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous. The Discovery Master should order Mattel to provide a substantive response to Request No. 52 without objection and order Mattel to produce all documents responsive to this request.

## FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 52 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

As a preliminary matter, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.").  MGA's original meet and confer letter did not identify which responses MGA contended were insufficient.[88] When Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-1, MGA did not identify this request.  Indeed, at no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[89]  Thus, MGA's claim that Mattel has "ceased communicating" about this Request is simply not true;

---

[88]   See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

[89]   See Opposition at 2:8-3:16.

-126-

1  MGA never initiated any dialogue about this Request or Mattel's response in the first

2  place.  The Discovery Master should deny MGA's motion with respect to this Request

3  on that grounds alone.

4      Nor is there anything to compel in any event.  Mattel agreed in its original

5  response to produce responsive, non-privileged documents located pursuant to diligent

6  search and reasonable inquiry, to the extent not previously produced.  Had MGA

7  complied with its meet and confer obligations, Mattel would have informed MGA that

8  Mattel has conducted a good faith search for responsive documents and has found no

9  documents responsive to this request that have not either been produced already or noted

10 on a privilege log.[90]  MGA's motion is totally unnecessary.

11     There is no basis for overruling Mattel's privilege objection.  Apart from the fact

12 that MGA never raised this objection in any meet and confer, MGA's assertion that this

13 Request does not seek information protected by the attorney-client privilege, the attorney

14 work product doctrine, or any other applicable privilege because "it seeks documents

15 related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.

16 Documents related to one of Mattel's *claims in this action* could very well be subject to a

17 claim of privilege or work product protection.  MGA's waiver argument is also without

18 merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

19 action.[91]   Moreover, as MGA has itself argued, the parties have agreed that "all

20 privileged documents would be logged except for documents created after this action

21 was filed on April 27, 2004."[92]  Thus, to the extent privileged documents fall within the

22 post lawsuit time period, they need not be included on Mattel's log.

23     Mattel also properly reserved its right to supplement its production subject to

24 expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

---

90  See Searcy Dec., ¶ 2.

91  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

1  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

2  because "[t]o the extent that the theories of damages applicable to these claims may be

3  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

4  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

5  motion to compel interrogatory responses but noting that "this Court does not expect

6  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

7  later date" and "since experts have not been either retained or deposed, much of the

8  remaining discovery is also premature.").

9

10  **REQUEST FOR PRODUCTION NO. 53:**

11      All DOCUMENTS REFLECTING that any documents allegedly taken by

12  CASTILLA from MATTEL were given to MGA by CASTILLA.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

14      Mattel incorporates by reference the above-stated general objections as if fully

15  set forth herein.  Mattel also specifically objects to this Request on the ground that it

16  is premature because the subject matter of this Request will be the subject of expert

17  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

18  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

19  experts and make related disclosures in accordance with the Court's orders and

20  applicable rules.  Mattel further objects that this Request is premature because

21  Defendants have not complied with their discovery obligations.  They have failed to

22  produce witnesses for deposition and are withholding information and documents

23  requested in violation of orders of the Discovery Master and the Court.  Mattel

24  objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.

25  Mattel further objects to this Request to the extent that it calls for the disclosure of

26  _____

27  [92]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

FURTHER RESPONSES AND OBJECTIONS

1  information subject to the attorney-client privilege, the attorney work- product

2  doctrine and other applicable privileges.  Mattel further objects to this Request on the

3  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

4  information of Mattel or third parties.  Any such documents that are produced, if any,

5  will be produced only pursuant to and in reliance upon the Protective Order entered in

6  this case.  Mattel also objects to this Request to the extent it seeks documents that are

7  in the possession, custody and control of a foreign subsidiary of a party.  MGA has

8  objected that such documents are not within the scope of requests to a domestic party.

9  Mattel further objects to this Request to the extent that it may seek documents already

10 produced by Mattel, including documents stolen by MGA and other defendants.

11 Such documents will not be produced again.

12      Subject to the foregoing objections, Mattel responds as follows:  At a mutually

13 agreeable time and place, Mattel will produce the non-privileged documents, if any,

14 that Mattel has been able to locate after a diligent search and reasonable inquiry, to

15 the extent not previously produced that show that Castilla gave to MGA and its

16 subsidiaries and agents documents stolen from Mattel.

17 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

18 **REQUEST FOR PRODUCTION NO. 53 SHOULD BE COMPELLED AND**

19 **DOCUMENTS SHOULD BE PRODUCED**

20      Mattel has agreed to produce responsive documents in its response and

21 confirmed that will produce documents in various meet and confer discussions with

22 MGA. To date, however, Mattel has not produced a single responsive document to

23 this request.  Moreover, Mattel has ceased communicating with MGA concerning

24 these and all other disputes related to MGA's First Set of Phase 2 Requests for

25 Production of Documents and Things (Nos. 1-68).  Mattel must be compelled to

26 produce responsive documents by a date certain.

27      To the extent that Mattel is relying on its blanket objections, they are not

28 sustainable and do not justify Mattel's failure to produce documents.  As to

-129-

FURTHER RESPONSES AND OBJECTIONS

overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims.  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.  Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

1  in three countries.  The need for this information to defend against Mattel's claims

2  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

3  already ruled that a party cannot complain that requests are unduly burdensome when

4  the request "merely seeks information regarding the extent of" a party's claim.  Order

5  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

6  Mattel infringed numerous products, Mattel has the right to discover the scope of the

7  alleged claims.  Accordingly, the objections are overruled.").

8      Mattel also makes a number of other improper objections, none of which is

9  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

10  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

11  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

12  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

13  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

14  objections such as 'overly burdensome and harassing' are improper – especially when

15  a party fails to submit any evidentiary declarations supporting such objections");

16  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

17  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

18  making any objection at all").

19      For example, this request does not seek information protected by the attorney-

20  client privilege, the attorney work product doctrine, or any other applicable privilege.

21  Rather, it seeks documents related to Mattel's claim of trade secret theft by former

22  Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

23  this objection as to any allegedly privileged documents.

24      Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

25  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

26  no requests for discovery are premature at this point...."  Judge Larson agreed,

27  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

28  case at all.").

1    Mattel's expert disclosure objection is also without support.  The fact that

2    expert testimony may ultimately bear on some of the subjects of the request does not

3    excuse Mattel from its obligation to provide full and complete responses based on the

4    information Mattel presently has and to produce those responsive documents.

5    In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

6    for deposition and [is] withholding information and documents requested in violation

7    of orders of the Discovery Master and the Court" is not only unsupported and false,

8    but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

9    the requests would be unaffected.

10   Also, this request does not seek information violative of any third-party's rights

11   of privacy.  The facts, persons, and documents responsive to this request are in the

12   possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

13   previously has argued, any privacy issues are fully addressed by the Protective Order

14   in this case.

15   Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

16   information or documents that are in the possession, custody and control of

17   independent parties over whom Mattel has no control" is nonsensical – Mattel is

18   obligated to provide all information in its possession, custody, or control that is

19   responsive to the request.

20   In short, Mattel's objections are uniformly without merit and frivolous.  The

21   Discovery Master should order Mattel to provide a substantive response to Request

22   No. 53 without objection and order Mattel to produce all documents responsive to

23   this request.

24   **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

25   **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 53 SHOULD**

26   **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

27   As a preliminary matter, MGA failed to meet and confer at all, much less in good

28   faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to

1  the filing of any motion relating to discovery pursuant to <u>Fed. R. Civ. P.</u> 26-37, counsel

2  for the parties shall confer in a good faith effort to eliminate the necessity for hearing the

3  motion or to eliminate as many of the disputes as possible."). MGA's original meet and

4  confer letter did not identify which responses MGA contended were insufficient.[93]

5  When Mattel asked MGA to identify the requests at issue, as required by <u>Local Rule</u> 37-

6  1, MGA did not identify this request. Indeed, at no point during the meet and confer

7  process did the parties discuss this Request or Mattel's response to it.[94] Thus, MGA's

8  claim that Mattel has "ceased communicating" about this Request is simply not true;

9  MGA never initiated any dialogue about this Request or Mattel's response in the first

10 place. The Discovery Master should deny MGA's motion with respect to this Request

11 on that grounds alone.

12      Nor is there anything to compel in any event. Mattel agreed in its original

13 response to produce responsive, non-privileged documents located pursuant to diligent

14 search and reasonable inquiry, to the extent not previously produced. Had MGA

15 complied with its meet and confer obligations, Mattel would have informed MGA that

16 Mattel has conducted a good faith search for responsive documents and has found no

17 documents responsive to this request that have not either been produced already or noted

18 on a privilege log.[95] MGA's motion is totally unnecessary.

19      There is no basis for overruling Mattel's privilege objection. Apart from the fact

20 that MGA never raised this objection in any meet and confer, MGA's assertion that this

21 Request does not seek information protected by the attorney-client privilege, the attorney

22 work product doctrine, or any other applicable privilege because "it seeks documents

---

23 [93]  <u>See</u> Local Rule 37-1 ("The moving party's letter [requesting a meet and confer]

24 shall identify each issue and/or discovery request in dispute, shall state briefly with

25 respect to each such issue/request that moving party's position (and provide any legal

26 authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

27 [94]  <u>See</u> Opposition at 2:8-3:16.

28

1  related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.

2  Documents related to one of Mattel's *claims in this action* could very well be subject to a

3  claim of privilege or work product protection.  MGA's waiver argument is also without

4  merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

5  action.[96]   Moreover, as MGA has itself argued, the parties have agreed that "all

6  privileged documents would be logged except for documents created after this action

7  was filed on April 27, 2004."[97]  Thus, to the extent privileged documents fall within the

8  post lawsuit time period, they need not be included on Mattel's log.

9         Mattel also properly reserved its right to supplement its production subject to

10  expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

11  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

12  because "[t]o the extent that the theories of damages applicable to these claims may be

13  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

14  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

15  motion to compel interrogatory responses but noting that "this Court does not expect

16  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

17  later date" and "since experts have not been either retained or deposed, much of the

18  remaining discovery is also premature.").

19

20  **REQUEST FOR PRODUCTION NO. 54:**

21         All DOCUMENTS REFLECTING that any documents allegedly taken by

22  CASTILLA from MATTEL were given to MGA HK by CASTILLA.

23

24

25     [95]   See Searcy Dec., ¶ 2.

26     [96]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27     [97]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to

the extent not previously produced that show that Castilla gave to MGA and its subsidiaries and agents documents stolen from Mattel.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 54 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

Mattel has agreed to produce responsive documents in its response and has confirmed its agreement to produce documents in various meet and confer discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9. Moreover, Mattel has ceased communicating with MGA concerning these and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486,491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

1   objections such as 'overly burdensome and harassing' are improper – especially when

2   a party fails to submit any evidentiary declarations supporting such objections");

3   Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

4   1999) ("boilerplate, generalized objections are inadequate and tantamount to not

5   making any objection at all").

6        For example, this request does not seek information protected by the attorney-

7   client privilege, the attorney work product doctrine, or any other applicable privilege.

8   Rather, it seeks documents related to Mattel's claim of trade secret theft by former

9   Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

10  this objection as to any allegedly privileged documents.

11       Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

12  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

13  no requests for discovery are premature at this point...."  Judge Larson agreed,

14  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

15  case at all.").

16       Mattel's expert disclosure objection is also without support.  The fact that

17  expert testimony may ultimately bear on some of the subjects of the request does not

18  excuse Mattel from its obligation to provide full and complete responses based on the

19  information Mattel presently has and to produce those responsive documents.

20       In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

21  for deposition and [is] withholding information and documents requested in violation

22  of orders of the Discovery Master and the Court" is not only unsupported and false,

23  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

24  the requests would be unaffected.

25       Also, this request does not seek information violative of any third-party's rights

26  of privacy.  The facts, persons, and documents responsive to this request are in the

27  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

28

previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 54 without objection and order Mattel to produce all documents responsive to this request.

## FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 54 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

As a preliminary matter, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  <u>See</u> <u>Local Rule</u> 37-1 ("Prior to the filing of any motion relating to discovery pursuant to <u>Fed. R. Civ. P.</u> 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.").  MGA's original meet and confer letter did not identify which responses MGA contended were insufficient.[98] When Mattel asked MGA to identify the requests at issue, as required by <u>Local Rule</u> 37-1, MGA did not identify this request.  Indeed, at no point during the meet and confer

_____

[98]    <u>See</u> Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

1   process did the parties discuss this Request or Mattel's response to it.[99]   Thus, MGA's
2   claim that Mattel has "ceased communicating" about this Request is simply not true;
3   MGA never initiated any dialogue about this Request or Mattel's response in the first
4   place.  The Discovery Master should deny MGA's motion with respect to this Request
5   on that grounds alone.

6          Nor is there anything to compel in any event.  Mattel agreed in its original
7   response to produce responsive, non-privileged documents located pursuant to diligent
8   search and reasonable inquiry, to the extent not previously produced.   Had MGA
9   complied with its meet and confer obligations, Mattel would have informed MGA that
10  Mattel has conducted a good faith search for responsive documents and has found no
11  documents responsive to this request that have not either been produced already or noted
12  on a privilege log.[100]   MGA's motion is totally unnecessary.

13         There is no basis for overruling Mattel's privilege objection.  Apart from the fact
14  that MGA never raised this objection in any meet and confer, MGA's assertion that this
15  Request does not seek information protected by the attorney-client privilege, the attorney
16  work product doctrine, or any other applicable privilege because "it seeks documents
17  related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.
18  Documents related to one of Mattel's *claims in this action* could very well be subject to a
19  claim of privilege or work product protection.  MGA's waiver argument is also without
20  merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this
21  action.[101]   Moreover, as MGA has itself argued, the parties have agreed that "all
22  privileged documents would be logged except for documents created after this action

23
24
25

26  [99]   See Opposition at 2:8-3:16.
27  [100]  See Searcy Dec., ¶ 2.
    [101]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.
28

FURTHER RESPONSES AND OBJECTIONS

1  was filed on April 27, 2004."[102]  Thus, to the extent privileged documents fall within the

2  post lawsuit time period, they need not be included on Mattel's log.

3       Mattel also properly reserved its right to supplement its production subject to

4  expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

5  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

6  because "[t]o the extent that the theories of damages applicable to these claims may be

7  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

8  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

9  motion to compel interrogatory responses but noting that "this Court does not expect

10 Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

11 later date" and "since experts have not been either retained or deposed, much of the

12 remaining discovery is also premature.").

13

14 **REQUEST FOR PRODUCTION NO. 55:**

15      All DOCUMENTS REFLECTING that any documents allegedly taken by

16 CASTILLA from MATTEL were given to MGA MEXICO by CASTILLA.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

18      Mattel incorporates by reference the above-stated general objections as if fully

19 set forth herein.  Mattel also specifically objects to this Request on the ground that it

20 is premature because the subject matter of this Request will be the subject of expert

21 testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

22 expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

23 experts and make related disclosures in accordance with the Court's orders and

24 applicable rules.  Mattel further objects that this Request is premature because

25 Defendants have not complied with their discovery obligations.  They have failed to

26 _____

27 [102]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

FURTHER RESPONSES AND OBJECTIONS

produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce the non-privileged documents, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced that show that Castilla gave to MGA and its subsidiaries and agents documents stolen from Mattel.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 55 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

Mattel has agreed to produce responsive documents in its response and has confirmed its agreement to produce documents in various meet and confer discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9. Moreover, Mattel has ceased communicating with MGA concerning these and all

other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

1   perform extensive research or to compile substantial amounts of data and information

2   does not automatically constitute an undue burden....  Imposing such a burden is

3   particularly proper where, as here, the information sought is crucial to the ultimate

4   determination of a crucial issue....").  To the extent that there is any burden at all, it is

5   from Mattel's having filed broad-based and unwarranted attacks on MGA's conduct in

6   three countries.  The need for this information to defend against Mattel's claims

7   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

8   already ruled that a party cannot complain that requests are unduly burdensome when

9   the request "merely seeks information regarding the extent of" a party's claim.  Order

10  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

11  Mattel infringed numerous products, Mattel has the right to discover the scope of the

12  alleged claims.  Accordingly, the objections are overruled.").

13         Mattel also makes a number of other improper objections, none of which is

14  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

15  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

16  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

17  specificity are routinely rejected in the Central District.  See <u>A. Farber and Partners,</u>

18  <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

19  objections such as 'overly burdensome and harassing' are improper – especially when

20  a party fails to submit any evidentiary declarations supporting such objections");

21  <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal.

22  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

23  making any objection at all").

24         For example, this request does not seek information protected by the attorney-

25  client privilege, the attorney work product doctrine, or any other applicable privilege.

26  Rather, it seeks documents related to Mattel's claim of trade secret theft by former

27  Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

28  this objection as to any allegedly privileged documents.

1      Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

2   97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

3   no requests for discovery are premature at this point...."  Judge Larson agreed,

4   clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

5   case at all.").

6      Mattel's expert disclosure objection is also without support.  The fact that

7   expert testimony may ultimately bear on some of the subjects of the request does not

8   excuse Mattel from its obligation to provide full and complete responses based on the

9   information Mattel presently has and to produce those responsive documents.

10      In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

11   for deposition and [is] withholding information and documents requested in violation

12   of orders of the Discovery Master and the Court" is not only unsupported and false,

13   but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

14   the requests would be unaffected.

15      Also, this request does not seek information violative of any third-party's rights

16   of privacy.  The facts, persons, and documents responsive to this request are in the

17   possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

18   previously has argued, any privacy issues are fully addressed by the Protective Order

19   in this case.

20      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

21   information or documents that are in the possession, custody and control of

22   independent parties over whom Mattel has no control" is nonsensical – Mattel is

23   obligated to provide all information in its possession, custody, or control that is

24   responsive to the request.

25      In short, Mattel's objections are uniformly without merit and frivolous.  The

26   Discovery Master should order Mattel to provide a substantive response to Request

27   No. 55 without objection and order Mattel to produce all documents responsive to

28   this request.

FURTHER RESPONSES AND OBJECTIONS

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 55 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As a preliminary matter, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.").  MGA's original meet and confer letter did not identify which responses MGA contended were insufficient.[103] When Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-1, MGA did not identify this request.  Indeed, at no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[104]  Thus, MGA's claim that Mattel has "ceased communicating" about this Request is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Nor is there anything to compel in any event.  Mattel agreed in its original response to produce responsive, non-privileged documents located pursuant to diligent search and reasonable inquiry, to the extent not previously produced.  Had MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and has found no

---

[103]   See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

[104]   See Opposition at 2:8-3:16.

FURTHER RESPONSES AND OBJECTIONS

1  documents responsive to this request that have not either been produced already or noted

2  on a privilege log.[105]  MGA's motion is totally unnecessary.

3       There is no basis for overruling Mattel's privilege objection.  Apart from the fact

4  that MGA never raised this objection in any meet and confer, MGA's assertion that this

5  Request does not seek information protected by the attorney-client privilege, the attorney

6  work product doctrine, or any other applicable privilege because "it seeks documents

7  related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.

8  Documents related to one of Mattel's *claims in this action* could very well be subject to a

9  claim of privilege or work product protection.  MGA's waiver argument is also without

10  merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

11  action.[106]   Moreover, as MGA has itself argued, the parties have agreed that "all

12  privileged documents would be logged except for documents created after this action

13  was filed on April 27, 2004."[107] Thus, to the extent privileged documents fall within the

14  post lawsuit time period, they need not be included on Mattel's log.

15       Mattel also properly reserved its right to supplement its production subject to

16  expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

17  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

18  because "[t]o the extent that the theories of damages applicable to these claims may be

19  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

20  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

21  motion to compel interrogatory responses but noting that "this Court does not expect

22  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

23  later date" and "since experts have not been either retained or deposed, much of the

24  remaining discovery is also premature.").

25

26

27  [105]  See Searcy Dec., ¶ 2.

   [106]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

28

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS REFLECTING that any documents allegedly taken by CASTILLA from MATTEL were given to LARIAN by CASTILLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work- product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case. Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party. MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already

---

[107] <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1   produced by Mattel, including documents stolen by MGA and other defendants.

2   Such documents will not be produced again.

3        Subject to the foregoing objections, Mattel responds as follows:  At a mutually

4   agreeable time and place, Mattel will produce the non-privileged documents, if any,

5   that Mattel has been able to locate after a diligent search and reasonable inquiry, to

6   the extent not previously produced that show that Castilla gave to MGA and its

7   subsidiaries and agents documents stolen from Mattel.

8   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

9   **REQUEST FOR PRODUCTION NO. 56 SHOULD BE COMPELLED AND**

10  **DOCUMENTS SHOULD BE PRODUCED**

11       Mattel has agreed to produce responsive documents in its response and has

12  confirmed its agreement to produce documents in various meet and confer

13  discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

14  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

15  Moreover, Mattel has ceased communicating with MGA concerning these and all

16  other disputes related to MGA's First Set of Phase 2 Requests for Production of

17  Documents and Things (Nos. 1-68). Id.  Mattel must be compelled to produce

18  responsive documents by a date certain.

19       To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.  As to

21  overbreadth, Mattel provides no explanation, let alone the required particularity, as to

22  *why* these requests are supposedly overly broad, nor can it do so.  This objection is

23  therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections

24  not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

25  narrowly tailored to seek documents concerning Mattel's claims of trade secret

26  misappropriation and evidence proving MGA's affirmative defenses to those claims.

27  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

28

1   Since Mattel has yet to identify the trade secrets it claims were misappropriated,

2   MGA is entitled to seek that information in the form of this request.

3        As to burden, Mattel has not attempted to demonstrate why responding to these

4   requests and/or producing responsive documents presents any burden.  This objection

5   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

6   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7   unduly burdensome must allege specific facts which indicate the nature and extent of

8   the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

9   dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

10  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

11  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

12  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

13  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

14  because value of information to plaintiff clearly outweighed any annoyance or

15  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

16  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

17  perform extensive research or to compile substantial amounts of data and information

18  does not automatically constitute an undue burden....  Imposing such a burden is

19  particularly proper where, as here, the information sought is crucial to the ultimate

20  determination of a crucial issue....").  To the extent that there is any burden at all, it is

21  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

22  in three countries.  The need for this information to defend against Mattel's claims

23  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

24  already ruled that a party cannot complain that requests are unduly burdensome when

25  the request "merely seeks information regarding the extent of" a party's claim.  Order

26  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

27  Mattel infringed numerous products, Mattel has the right to discover the scope of the

28  alleged claims.  Accordingly, the objections are overruled.").

1    Mattel also makes a number of other improper objections, none of which is

2  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

3  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

4  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

5  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

6  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

7  objections such as 'overly burdensome and harassing' are improper – especially when

8  a party fails to submit any evidentiary declarations supporting such objections");

9  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

10 1999) ("boilerplate, generalized objections are inadequate and tantamount to not

11 making any objection at all").

12   For example, this request does not seek information protected by the attorney-

13 client privilege, the attorney work product doctrine, or any other applicable privilege.

14 Rather, it seeks documents related to Mattel's claim of trade secret theft by former

15 Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

16 this objection as to any allegedly privileged documents.

17   Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

18 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

19 no requests for discovery are premature at this point...."  Judge Larson agreed,

20 clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

21 case at all.").

22   Mattel's expert disclosure objection is also without support.  The fact that

23 expert testimony may ultimately bear on some of the subjects of the request does not

24 excuse Mattel from its obligation to provide full and complete responses based on the

25 information Mattel presently has and to produce those responsive documents.

26   In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

27 for deposition and [is] withholding information and documents requested in violation

28 of orders of the Discovery Master and the Court" is not only unsupported and false,

07975/3043916.3

-151-

1  but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

2  the requests would be unaffected.

3      Also, this request does not seek information violative of any third-party's rights

4  of privacy.  The facts, persons, and documents responsive to this request are in the

5  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

6  previously has argued, any privacy issues are fully addressed by the Protective Order

7  in this case.

8      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

9  information or documents that are in the possession, custody and control of

10  independent parties over whom Mattel has no control" is nonsensical – Mattel is

11  obligated to provide all information in its possession, custody, or control that is

12  responsive to the request.

13      In short, Mattel's objections are uniformly without merit and frivolous.  The

14  Discovery Master should order Mattel to provide a substantive response to Request

15  No. 56 without objection and order Mattel to produce all documents responsive to

16  this request.

17  **<u>FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY</u>**

18  **<u>FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 56 SHOULD</u>**

19  **<u>BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED</u>**

20      As a preliminary matter, MGA failed to meet and confer at all, much less in good

21  faith, regarding this Request prior to filing its Motion.  See <u>Local Rule</u> 37-1 ("Prior to

22  the filing of any motion relating to discovery pursuant to <u>Fed. R. Civ. P.</u> 26-37, counsel

23  for the parties shall confer in a good faith effort to eliminate the necessity for hearing the

24  motion or to eliminate as many of the disputes as possible.").  MGA's original meet and

25  confer letter did not identify which responses MGA contended were insufficient.[108]

26  _____

27  [108]  <u>See</u> Local Rule 37-1 ("The moving party's letter [requesting a meet and confer]

28  shall identify each issue and/or discovery request in dispute, shall state briefly with
    (footnote continued)

1   When Mattel asked MGA to identify the requests at issue, as required by <u>Local Rule</u> 37-

2   1, MGA did not identify this request.  Indeed, at no point during the meet and confer

3   process did the parties discuss this Request or Mattel's response to it.[109]  Thus, MGA's

4   claim that Mattel has "ceased communicating" about this Request is simply not true;

5   MGA never initiated any dialogue about this Request or Mattel's response in the first

6   place.  The Discovery Master should deny MGA's motion with respect to this Request

7   on that grounds alone.

8       Nor is there anything to compel in any event.  Mattel agreed in its original

9   response to produce responsive, non-privileged documents located pursuant to diligent

10   search and reasonable inquiry, to the extent not previously produced.  Had MGA

11   complied with its meet and confer obligations, Mattel would have informed MGA that

12   Mattel has conducted a good faith search for responsive documents and has found no

13   documents responsive to this request that have not either been produced already or noted

14   on a privilege log.[110]  MGA's motion is totally unnecessary.

15       There is no basis for overruling Mattel's privilege objection.  Apart from the fact

16   that MGA never raised this objection in any meet and confer, MGA's assertion that this

17   Request does not seek information protected by the attorney-client privilege, the attorney

18   work product doctrine, or any other applicable privilege because "it seeks documents

19   related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.

20   Documents related to one of Mattel's *claims in this action* could very well be subject to a

21   claim of privilege or work product protection.  MGA's waiver argument is also without

22   merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

23

24   _____

25   respect to each such issue/request that moving party's position (and provide any legal

26   authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

27   [109]  <u>See</u> Opposition at 2:8-3:16.

     [110]  <u>See</u> Searcy Dec., ¶ 2.

28

07975/3043916.3

-153-

1  action.[111]   Moreover, as MGA has itself argued, the parties have agreed that "all

2  privileged documents would be logged except for documents created after this action

3  was filed on April 27, 2004."[112]  Thus, to the extent privileged documents fall within the

4  post lawsuit time period, they need not be included on Mattel's log.

5  Mattel also properly reserved its right to supplement its production subject to

6  expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

7  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

8  because "[t]o the extent that the theories of damages applicable to these claims may be

9  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

10  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

11  motion to compel interrogatory responses but noting that "this Court does not expect

12  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

13  later date" and "since experts have not been either retained or deposed, much of the

14  remaining discovery is also premature.").

15

16  **REQUEST FOR PRODUCTION NO. 57:**

17  All DOCUMENTS REFLECTING that MGA used any alleged trade secrets

18  owned by MATTEL, except for any BRATZ INJUNCTION EXHIBITS, for any

19  purpose.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

21  Mattel incorporates by reference the above-stated general objections as if fully

22  set forth herein.  Mattel also specifically objects to this Request on the ground that it

23  is premature because the subject matter of this Request will be the subject of expert

24  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

25

26  [111]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27  [112]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

                                             FURTHER RESPONSES AND OBJECTIONS

expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request on the ground that it is irrelevant and overbroad in that it is not limited to the trade secrets that Mattel alleges were stolen.  Mattel also objects to this Request because it is an interrogatory and not a proper document request.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce non-privileged documents responsive to this Request, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

1  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

2  **REQUEST FOR PRODUCTION NO. 57 SHOULD BE COMPELLED AND**

3  **DOCUMENTS SHOULD BE PRODUCED**

4       Mattel has agreed to produce responsive documents in its response and has

5  confirmed its agreement to produce documents in various meet and confer

6  discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

7  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

8  Moreover, Mattel has ceased communicating with MGA concerning these and all

9  other disputes related to MGA's First Set of Phase 2 Requests for Production of

10  Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

11  responsive documents by a date certain.

12       To the extent that Mattel is relying on its blanket objections, they are not

13  sustainable and do not justify Mattel's failure to produce documents.  As to

14  overbreadth, Mattel provides no explanation, let alone the required particularity, as to

15  *why* these requests are supposedly overly broad, nor can it do so.  This objection is

16  therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections

17  not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

18  narrowly tailored to seek documents concerning Mattel's claims of trade secret

19  misappropriation and evidence proving MGA's affirmative defenses to those claims.

20  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

21  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

22  MGA is entitled to seek that information in the form of this request.

23       As to burden, Mattel has not attempted to demonstrate why responding to these

24  requests and/or producing responsive documents presents any burden.  This objection

25  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

26  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

27  unduly burdensome must allege specific facts which indicate the nature and extent of

28  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue...."). To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

        Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections");

1  <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal.
2  1999) ("boilerplate, generalized objections are inadequate and tantamount to not
3  making any objection at all").

4      For example, this request does not seek information protected by the attorney-
5  client privilege, the attorney work product doctrine, or any other applicable privilege.
6  Rather, it seeks documents related to Mattel's claim of trade secret theft by former
7  Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving
8  this objection as to any allegedly privileged documents.

9      Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at
10 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or
11 no requests for discovery are premature at this point...."  Judge Larson agreed,
12 clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
13 case at all.").

14     Mattel's expert disclosure objection is also without support.  The fact that
15 expert testimony may ultimately bear on some of the subjects of the request does not
16 excuse Mattel from its obligation to provide full and complete responses based on the
17 information Mattel presently has and to produce those responsive documents.

18     In addition, Mattel's bare assertion that MGA has "failed to produce witnesses
19 for deposition and [is] withholding information and documents requested in violation
20 of orders of the Discovery Master and the Court" is not only unsupported and false,
21 but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to
22 the requests would be unaffected.

23     Also, this request does not seek information violative of any third-party's rights
24 of privacy.  The facts, persons, and documents responsive to this request are in the
25 possession, custody, control, or knowledge of Mattel itself, and as Mattel itself
26 previously has argued, any privacy issues are fully addressed by the Protective Order
27 in this case.

28

07975/3043916.3

FURTHER RESPONSES AND OBJECTIONS

1    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

2  information or documents that are in the possession, custody and control of

3  independent parties over whom Mattel has no control" is nonsensical – Mattel is

4  obligated to provide all information in its possession, custody, or control that is

5  responsive to the request.

6    In short, Mattel's objections are uniformly without merit and frivolous.  The

7  Discovery Master should order Mattel to provide a substantive response to Request

8  No. 57 without objection and order Mattel to produce all documents responsive to

9  this request.

10  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

11  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 57 SHOULD**

12  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

13    As a preliminary matter, MGA failed to meet and confer at all, much less in good

14  faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to

15  the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel

16  for the parties shall confer in a good faith effort to eliminate the necessity for hearing the

17  motion or to eliminate as many of the disputes as possible.").  MGA's original meet and

18  confer letter did not identify which responses MGA contended were insufficient.[113]

19  When Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-

20  1, MGA did not identify this request.  Indeed, at no point during the meet and confer

21  process did the parties discuss this Request or Mattel's response to it.[114]  Thus, MGA's

22  claim that Mattel has "ceased communicating" about this Request is simply not true;

23

---

24  [113]   See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

25

26

27  [114]   See Opposition at 2:8-3:16.

28

1   MGA never initiated any dialogue about this Request or Mattel's response in the first

2   place.  The Discovery Master should deny MGA's motion with respect to this Request

3   on that grounds alone.

4        Nor is there anything to compel in any event.  Mattel agreed in its original

5   response to produce responsive, non-privileged documents located pursuant to diligent

6   search and reasonable inquiry, to the extent not previously produced.  Had MGA

7   complied with its meet and confer obligations, Mattel would have informed MGA that

8   Mattel has conducted a good faith search for responsive documents and has found no

9   documents responsive to this request that have not either been produced already or noted

10  on a privilege log.[115]  MGA's motion is totally unnecessary.

11       There is no basis for overruling Mattel's privilege objection.  Apart from the fact

12  that MGA never raised this objection in any meet and confer, MGA's assertion that this

13  Request does not seek information protected by the attorney-client privilege, the attorney

14  work product doctrine, or any other applicable privilege because "it seeks documents

15  related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.

16  Documents related to one of Mattel's *claims in this action* could very well be subject to a

17  claim of privilege or work product protection.  MGA's waiver argument is also without

18  merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

19  action.[116]  Moreover, as MGA has itself argued, the parties have agreed that "all

20  privileged documents would be logged except for documents created after this action

21  was filed on April 27, 2004."[117]  Thus, to the extent privileged documents fall within the

22  post lawsuit time period, they need not be included on Mattel's log.

23       Mattel also properly reserved its right to supplement its production subject to

24  expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

---

25  [115]  See Searcy Dec., ¶ 2.
26  [116]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

27

28

FURTHER RESPONSES AND OBJECTIONS

1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS REFLECTING that MGA HK used any alleged trade secrets owned by MATTEL, except for any BRATZ INJUNCTION EXHIBITS, for any purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.

---

[117] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1   Mattel further objects to this Request on the ground that it is irrelevant and overbroad

2   in that it is not limited to the trade secrets that Mattel alleges were stolen.  Mattel also

3   objects to this Request because it is an interrogatory and not a proper document

4   request.  Mattel further objects to this Request to the extent that it calls for the

5   disclosure of information subject to the attorney-client privilege, the attorney work-

6   product doctrine and other applicable privileges.  Mattel further objects to this

7   Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

8   confidential information of Mattel or third parties.  Any such documents that are

9   produced, if any, will be produced only pursuant to and in reliance upon the

10  Protective Order entered in this case.  Mattel also objects to this Request to the extent

11  it seeks documents that are in the possession, custody and control of a foreign

12  subsidiary of a party.  MGA has objected that such documents are not within the

13  scope of requests to a domestic party.  Mattel further objects to this Request to the

14  extent that it may seek documents already produced by Mattel, including documents

15  stolen by MGA and other defendants.  Such documents will not be produced again.

16      Subject to the foregoing objections, Mattel responds as follows:  At a mutually

17  agreeable time and place, Mattel will produce non-privileged documents responsive

18  to this Request, if any, that Mattel has been able to locate after a diligent search and

19  reasonable inquiry, to the extent not previously produced.

20  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

21  **REQUEST FOR PRODUCTION NO. 58 SHOULD BE COMPELLED AND**

22  **DOCUMENTS SHOULD BE PRODUCED**

23      Mattel has agreed to produce responsive documents in its response and has

24  confirmed its agreement to produce documents in various meet and confer

25  discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

26  produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

27  Moreover, Mattel has ceased communicating with MGA concerning these and all

28  other disputes related to MGA's First Set of Phase 2 Requests for Production of

07975/3043916.3

-162-

FURTHER RESPONSES AND OBJECTIONS

1   Documents and Things (Nos. 1-68).  <u>Id.</u>  Mattel must be compelled to produce

2   responsive documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.  As to

5   overbreadth, Mattel provides no explanation, let alone the required particularity, as to

6   *why* these requests are supposedly overly broad, nor can it do so.  This objection is

7   therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections

8   not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

9   narrowly tailored to seek documents concerning Mattel's claims of trade secret

10  misappropriation and evidence proving MGA's affirmative defenses to those claims.

11  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

12  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

13  MGA is entitled to seek that information in the form of this request.

14         As to burden, Mattel has not attempted to demonstrate why responding to these

15  requests and/or producing responsive documents presents any burden.  This objection

16  must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173

17  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

18  unduly burdensome must allege specific facts which indicate the nature and extent of

19  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

20  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

21  Decl., Ex. 10); <u>Nagele v. Electronic Data Systems Corp</u>, 193 F.R.D. 94, 109

22  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

23  to particularize its basis for the objection); <u>Seff v. General Outdoor Advertising Co.</u>,

24  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

25  because value of information to plaintiff clearly outweighed any annoyance or

26  expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg</u>

27  <u>Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

28  perform extensive research or to compile substantial amounts of data and information

-163-

1  does not automatically constitute an undue burden....  Imposing such a burden is

2  particularly proper where, as here, the information sought is crucial to the ultimate

3  determination of a crucial issue...").  To the extent that there is any burden at all, it is

4  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

5  in three countries.  The need for this information to defend against Mattel's claims

6  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

7  already ruled that a party cannot complain that requests are unduly burdensome when

8  the request "merely seeks information regarding the extent of" a party's claim.  Order

9  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

10  Mattel infringed numerous products, Mattel has the right to discover the scope of the

11  alleged claims.  Accordingly, the objections are overruled.").

12       Mattel also makes a number of other improper objections, none of which is

13  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

14  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

15  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

16  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

17  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

18  objections such as 'overly burdensome and harassing' are improper – especially when

19  a party fails to submit any evidentiary declarations supporting such objections");

20  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

21  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

22  making any objection at all").

23       For example, this request does not seek information protected by the attorney-

24  client privilege, the attorney work product doctrine, or any other applicable privilege.

25  Rather, it seeks documents related to Mattel's claim of trade secret theft by former

26  Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

27  this objection as to any allegedly privileged documents.

28

FURTHER RESPONSES AND OBJECTIONS

1    Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

2    97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

3    no requests for discovery are premature at this point...."  Judge Larson agreed,

4    clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

5    case at all.").

6    Mattel's expert disclosure objection is also without support.  The fact that

7    expert testimony may ultimately bear on some of the subjects of the request does not

8    excuse Mattel from its obligation to provide full and complete responses based on the

9    information Mattel presently has and to produce those responsive documents.

10    In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

11    for deposition and [is] withholding information and documents requested in violation

12    of orders of the Discovery Master and the Court" is not only unsupported and false,

13    but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

14    the requests would be unaffected.

15    Also, this request does not seek information violative of any third-party's rights

16    of privacy.  The facts, persons, and documents responsive to this request are in the

17    possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

18    previously has argued, any privacy issues are fully addressed by the Protective Order

19    in this case.

20    Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

21    information or documents that are in the possession, custody and control of

22    independent parties over whom Mattel has no control" is nonsensical – Mattel is

23    obligated to provide all information in its possession, custody, or control that is

24    responsive to the request.

25    In short, Mattel's objections are uniformly without merit and frivolous.  The

26    Discovery Master should order Mattel to provide a substantive response to Request

27    No. 58 without objection and order Mattel to produce all documents responsive to

28    this request.

1 **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**
2 **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 58 SHOULD**
3 **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

4      As a preliminary matter, MGA failed to meet and confer at all, much less in good

5 faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to

6 the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel

7 for the parties shall confer in a good faith effort to eliminate the necessity for hearing the

8 motion or to eliminate as many of the disputes as possible.").  MGA's original meet and

9 confer letter did not identify which responses MGA contended were insufficient.[118]

10 When Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-

11 1, MGA did not identify this request.  Indeed, at no point during the meet and confer

12 process did the parties discuss this Request or Mattel's response to it.[119]  Thus, MGA's

13 claim that Mattel has "ceased communicating" about this Request is simply not true;

14 MGA never initiated any dialogue about this Request or Mattel's response in the first

15 place.  The Discovery Master should deny MGA's motion with respect to this Request

16 on that grounds alone.

17      Nor is there anything to compel in any event.  Mattel agreed in its original

18 response to produce responsive, non-privileged documents located pursuant to diligent

19 search and reasonable inquiry, to the extent not previously produced.  Had MGA

20 complied with its meet and confer obligations, Mattel would have informed MGA that

21 Mattel has conducted a good faith search for responsive documents and has found no

22

23

---

24 [118]  See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer]
25 shall identify each issue and/or discovery request in dispute, shall state briefly with
26 respect to each such issue/request that moving party's position (and provide any legal
27 authority which the moving party believes is dispositive of the dispute as to that
issue/request), and specify the terms of the discovery order to be sought.").
[119]  See Opposition at 2:8-3:16.

28

1  documents responsive to this request that have not either been produced already or noted

2  on a privilege log.[120]  MGA's motion is totally unnecessary.

3      There is no basis for overruling Mattel's privilege objection.  Apart from the fact

4  that MGA never raised this objection in any meet and confer, MGA's assertion that this

5  Request does not seek information protected by the attorney-client privilege, the attorney

6  work product doctrine, or any other applicable privilege because "it seeks documents

7  related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.

8  Documents related to one of Mattel's *claims in this action* could very well be subject to a

9  claim of privilege or work product protection.  MGA's waiver argument is also without

10  merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this

11  action.[121]  Moreover, as MGA has itself argued, the parties have agreed that "all

12  privileged documents would be logged except for documents created after this action

13  was filed on April 27, 2004."[122]  Thus, to the extent privileged documents fall within the

14  post lawsuit time period, they need not be included on Mattel's log.

15      Mattel also properly reserved its right to supplement its production subject to

16  expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

17  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

18  because "[t]o the extent that the theories of damages applicable to these claims may be

19  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

20  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

21  motion to compel interrogatory responses but noting that "this Court does not expect

22  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

23  later date" and "since experts have not been either retained or deposed, much of the

24  remaining discovery is also premature.").

25

26

---

[120]  See Searcy Dec., ¶ 2.

27  [121]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

28

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS REFLECTING that MGA MEXICO used any alleged trade secrets owned by MATTEL, except for any BRATZ INJUNCTION EXHIBITS, for any purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel also specifically objects to this Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad. Mattel further objects to this Request on the ground that it is irrelevant and overbroad in that it is not limited to the trade secrets that Mattel alleges were stolen. Mattel also objects to this Request because it is an interrogatory and not a proper document request. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the

---

[122] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants.  Such documents will not be produced again.

Subject to the foregoing objections, Mattel responds as follows:  At a mutually agreeable time and place, Mattel will produce non-privileged documents responsive to this Request, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 59 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

Mattel has agreed to produce responsive documents in its response and has confirmed its agreement to produce documents in various meet and confer discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9. Moreover, Mattel has ceased communicating with MGA concerning these and all other disputes related to MGA's First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.  As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* these requests are supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret

-169-

FURTHER RESPONSES AND OBJECTIONS

1   misappropriation and evidence proving MGA's affirmative defenses to those claims.

2   Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

3   Since Mattel has yet to identify the trade secrets it claims were misappropriated,

4   MGA is entitled to seek that information in the form of this request.

5          As to burden, Mattel has not attempted to demonstrate why responding to these

6   requests and/or producing responsive documents presents any burden.  This objection

7   must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

8   F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

9   unduly burdensome must allege specific facts which indicate the nature and extent of

10  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

11  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

12  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

13  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

14  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

15  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

16  because value of information to plaintiff clearly outweighed any annoyance or

17  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

18  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

19  perform extensive research or to compile substantial amounts of data and information

20  does not automatically constitute an undue burden....  Imposing such a burden is

21  particularly proper where, as here, the information sought is crucial to the ultimate

22  determination of a crucial issue....").  To the extent that there is any burden at all, it is

23  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

24  in three countries.  The need for this information to defend against Mattel's claims

25  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

26  already ruled that a party cannot complain that requests are unduly burdensome when

27  the request "merely seeks information regarding the extent of" a party's claim.  Order

28  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

1  Mattel infringed numerous products, Mattel has the right to discover the scope of the

2  alleged claims.  Accordingly, the objections are overruled.").

3        Mattel also makes a number of other improper objections, none of which is

4  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

5  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

6  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

7  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

8  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

9  objections such as 'overly burdensome and harassing' are improper – especially when

10  a party fails to submit any evidentiary declarations supporting such objections");

11  Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

12  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

13  making any objection at all").

14        For example, this request does not seek information protected by the attorney-

15  client privilege, the attorney work product doctrine, or any other applicable privilege.

16  Rather, it seeks documents related to Mattel's claim of trade secret theft by former

17  Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

18  this objection as to any allegedly privileged documents.

19        Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at

20  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

21  no requests for discovery are premature at this point...."  Judge Larson agreed,

22  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

23  case at all.").

24        Mattel's expert disclosure objection is also without support.  The fact that

25  expert testimony may ultimately bear on some of the subjects of the request does not

26  excuse Mattel from its obligation to provide full and complete responses based on the

27  information Mattel presently has and to produce those responsive documents.

28

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 59 without objection and order Mattel to produce all documents responsive to this request.

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 59 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

As a preliminary matter, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the

-172-

motion or to eliminate as many of the disputes as possible."). MGA's original meet and confer letter did not identify which responses MGA contended were insufficient.[123] When Mattel asked MGA to identify the requests at issue, as required by <u>Local Rule</u> 37-1, MGA did not identify this request. Indeed, at no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[124] Thus, MGA's claim that Mattel has "ceased communicating" about this Request is simply not true; MGA never initiated any dialogue about this Request or Mattel's response in the first place. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

Nor is there anything to compel in any event. Mattel agreed in its original response to produce responsive, non-privileged documents located pursuant to diligent search and reasonable inquiry, to the extent not previously produced. Had MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and, to the extent any additional nonprivileged documents have been located, they will be produced before this motion is heard.[125] MGA's motion is totally unnecessary.

There is no basis for overruling Mattel's privilege objection. Apart from the fact that MGA never raised this objection in any meet and confer, MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a

---

[123] <u>See</u> Local Rule 37-1 ("The moving party's letter [requesting a meet and confer] shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request that moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.").

[124] <u>See</u> Opposition at 2:8-3:16.

FURTHER RESPONSES AND OBJECTIONS

claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[126]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[127]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS REFLECTING that LARIAN used any alleged trade secrets owned by MATTEL, except for any BRATZ INJUNCTION EXHIBITS, for any purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the ground that it

---

[125]  See Searcy Dec., ¶ 2.
[126]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

1  is premature because the subject matter of this Request will be the subject of expert

2  testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the

3  expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its

4  experts and make related disclosures in accordance with the Court's orders and

5  applicable rules.  Mattel further objects that this Request is premature because

6  Defendants have not complied with their discovery obligations.  They have failed to

7  produce witnesses for deposition and are withholding information and documents

8  requested in violation of orders of the Discovery Master and the Court.  Mattel

9  objects to the use of the term "REFLECTING" as vague, ambiguous, and overbroad.

10  Mattel further objects to this Request on the ground that it is irrelevant and overbroad

11  in that it is not limited to the trade secrets that Mattel alleges were stolen.  Mattel also

12  objects to this Request because it is an interrogatory and not a proper document

13  request.  Mattel further objects to this Request to the extent that it calls for the

14  disclosure of information subject to the attorney-client privilege, the attorney work-

15  product doctrine and other applicable privileges.  Mattel further objects to this

16  Request on the ground and to the extent it seeks trade secret, proprietary or otherwise

17  confidential information of Mattel or third parties.  Any such documents that are

18  produced, if any, will be produced only pursuant to and in reliance upon the

19  Protective Order entered in this case.  Mattel also objects to this Request to the extent

20  it seeks documents that are in the possession, custody and control of a foreign

21  subsidiary of a party.  MGA has objected that such documents are not within the

22  scope of requests to a domestic party.  Mattel further objects to this Request to the

23  extent that it may seek documents already produced by Mattel, including documents

24  stolen by MGA and other defendants.  Such documents will not be produced again.

25

26

27  [127]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

1    Subject to the foregoing objections, Mattel responds as follows:  At a mutually

2  agreeable time and place, Mattel will produce non-privileged documents responsive

3  to this Request, if any, that Mattel has been able to locate after a diligent search and

4  reasonable inquiry, to the extent not previously produced.

5  **<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>**

6  **<u>REQUEST FOR PRODUCTION NO. 60 SHOULD BE COMPELLED AND</u>**

7  **<u>DOCUMENTS SHOULD BE PRODUCED</u>**

8    Mattel has agreed to produce responsive documents in its response and has

9  confirmed its agreement to produce documents in various meet and confer

10  discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

11  produced a single responsive document to this request.  <u>Id.</u>; Chaudoir Decl., ¶ 9.

12  Moreover, Mattel has ceased communicating with MGA concerning these and all

13  other disputes related to MGA's First Set of Phase 2 Requests for Production of

14  Documents and Things (Nos. 1-68). <u>Id.</u>  Mattel must be compelled to produce

15  responsive documents by a date certain.

16    To the extent that Mattel is relying on its blanket objections, they are not

17  sustainable and do not justify Mattel's failure to produce documents.  As to

18  overbreadth, Mattel provides no explanation, let alone the required particularity, as to

19  ***why*** these requests are supposedly overly broad, nor can it do so.  This objection is

20  therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections

21  not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

22  narrowly tailored to seek documents concerning Mattel's claims of trade secret

23  misappropriation and evidence proving MGA's affirmative defenses to those claims.

24  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

25  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

26  MGA is entitled to seek that information in the form of this request.

27    As to burden, Mattel has not attempted to demonstrate why responding to these

28  requests and/or producing responsive documents presents any burden.  This objection

1  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

2  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

3  unduly burdensome must allege specific facts which indicate the nature and extent of

4  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

5  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

6  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

7  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

8  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

9  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

10  because value of information to plaintiff clearly outweighed any annoyance or

11  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

12  Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

13  perform extensive research or to compile substantial amounts of data and information

14  does not automatically constitute an undue burden....  Imposing such a burden is

15  particularly proper where, as here, the information sought is crucial to the ultimate

16  determination of a crucial issue....").  To the extent that there is any burden at all, it is

17  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

18  in three countries.  The need for this information to defend against Mattel's claims

19  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

20  already ruled that a party cannot complain that requests are unduly burdensome when

21  the request "merely seeks information regarding the extent of" a party's claim.  Order

22  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

23  Mattel infringed numerous products, Mattel has the right to discover the scope of the

24  alleged claims.  Accordingly, the objections are overruled.").

25        Mattel also makes a number of other improper objections, none of which is

26  substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

27  part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

28  P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Rather, it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the

-178-

1  possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

2  previously has argued, any privacy issues are fully addressed by the Protective Order

3  in this case.

4        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

5  information or documents that are in the possession, custody and control of

6  independent parties over whom Mattel has no control" is nonsensical – Mattel is

7  obligated to provide all information in its possession, custody, or control that is

8  responsive to the request.

9        In short, Mattel's objections are uniformly without merit and frivolous.  The

10  Discovery Master should order Mattel to provide a substantive response to Request

11  No. 60 without objection and order Mattel to produce all documents responsive to

12  this request.

13  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

14  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 60 SHOULD**

15  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

16        As a preliminary matter, MGA failed to meet and confer at all, much less in good

17  faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to

18  the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel

19  for the parties shall confer in a good faith effort to eliminate the necessity for hearing the

20  motion or to eliminate as many of the disputes as possible.").  MGA's original meet and

21  confer letter did not identify which responses MGA contended were insufficient.[128]

22  When Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-

23  1, MGA did not identify this request.  Indeed, at no point during the meet and confer

24  _____

25  [128]  See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer]

26  shall identify each issue and/or discovery request in dispute, shall state briefly with

27  respect to each such issue/request that moving party's position (and provide any legal

   authority which the moving party believes is dispositive of the dispute as to that

   issue/request), and specify the terms of the discovery order to be sought.").

28

1  process did the parties discuss this Request or Mattel's response to it.[129]  Thus, MGA's
2  claim that Mattel has "ceased communicating" about this Request is simply not true;
3  MGA never initiated any dialogue about this Request or Mattel's response in the first
4  place.  The Discovery Master should deny MGA's motion with respect to this Request
5  on that grounds alone.

6      Nor is there anything to compel in any event.  Mattel agreed in its original
7  response to produce responsive, non-privileged documents located pursuant to diligent
8  search and reasonable inquiry, to the extent not previously produced.  Had MGA
9  complied with its meet and confer obligations, Mattel would have informed MGA that
10 Mattel has conducted a good faith search for responsive documents and, to the extent
11 any additional nonprivileged documents have been located, they will be produced before
12 this motion is heard.[130]  MGA's motion is totally unnecessary.

13     There is no basis for overruling Mattel's privilege objection.  Apart from the fact
14 that MGA never raised this objection in any meet and confer, MGA's assertion that this
15 Request does not seek information protected by the attorney-client privilege, the attorney
16 work product doctrine, or any other applicable privilege because "it seeks documents
17 related to Mattel's claim of trade secret theft by former Mattel employees" has no merit.
18 Documents related to one of Mattel's *claims in this action* could very well be subject to a
19 claim of privilege or work product protection.  MGA's waiver argument is also without
20 merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this
21 action.[131]  Moreover, as MGA has itself argued, the parties have agreed that "all
22 privileged documents would be logged except for documents created after this action

23
24
25

---

26  [129]  See Opposition at 2:8-3:16.
27  [130]  See Searcy Dec., ¶ 2.
    [131]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.
28

                                                        FURTHER RESPONSES AND OBJECTIONS

1  was filed on April 27, 2004."[132]  Thus, to the extent privileged documents fall within the

2  post lawsuit time period, they need not be included on Mattel's log.

3        Mattel also properly reserved its right to supplement its production subject to

4  expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

5  1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

6  because "[t]o the extent that the theories of damages applicable to these claims may be

7  related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").

8  Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting

9  motion to compel interrogatory responses but noting that "this Court does not expect

10  Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

11  later date" and "since experts have not been either retained or deposed, much of the

12  remaining discovery is also premature.").

13

14  **REQUEST FOR PRODUCTION NO. 64:**

15        DOCUMENTS sufficient to identify with specificity any alleged trade secret

16  owned by MATTEL that YOU contend was misappropriated by or on behalf of

17  MGA, except for any BRATZ INJUNCTION EXHIBITS.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

19        Mattel incorporates by reference the above-stated general objections as if fully

20  set forth herein.  Mattel also specifically objects to this Request because it is an

21  interrogatory and not a proper document request.  Mattel further objects to this

22  Request on the grounds that it is vague, ambiguous, and overbroad.  Mattel also

23  specifically objects to this Request on the ground that it is premature because the

24  subject matter of this Request will be the subject of expert testimony at trial.  Mattel

25  objects to this Request to the extent it seeks to limit the expert testimony that Mattel

26

27    [132]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

28

1  may seek to introduce at trial.  Mattel will identify its experts and make related

2  disclosures in accordance with the Court's orders and applicable rules.  Mattel further

3  objects that this Request is premature because Defendants have not complied with

4  their discovery obligations.  They have failed to produce witnesses for deposition and

5  are withholding information and documents requested in violation of orders of the

6  Discovery Master and the Court.  Mattel further objects to this Request to the extent

7  that it calls for the disclosure of information subject to the attorney-client privilege,

8  the attorney work-product doctrine and other applicable privileges.  Mattel further

9  objects to this Request on the ground and to the extent it seeks trade secret,

10  proprietary or otherwise confidential information of Mattel or third parties.  Any such

11  documents that are produced, if any, will be produced only pursuant to and in reliance

12  upon the Protective Order entered in this case.  Mattel also objects to this Request to

13  the extent it seeks documents that are in the possession, custody and control of a

14  foreign subsidiary of a party.  MGA has objected that such documents are not within

15  the scope of requests to a domestic party.  Mattel further objects to this Request to the

16  extent that it may seek documents already produced by Mattel, including documents

17  stolen by MGA and other defendants.  Such documents will not be produced again.

18       Subject to the foregoing objections, Mattel responds as follows:  At a mutually

19  agreeable time and place, Mattel will produce non-privileged documents, if any, that

20  Mattel has been able to locate and identify after a diligent search and reasonable

21  inquiry, to the extent not previously produced, that were

22       misappropriated from Mattel for or on behalf of MGA.

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

24  **REQUEST FOR PRODUCTION NO. 64 SHOULD BE COMPELLED AND**

25  **DOCUMENTS SHOULD BE PRODUCED**

26       Mattel has agreed to produce responsive documents in its response and has

27  confirmed its agreement to produce documents in various meet and confer

28  discussions with MGA. Mankey Decl., ¶ 4, 5.  To date, however, Mattel has not

1   produced a single responsive document to this request.  Id.; Chaudoir Decl., ¶ 9.

2   Moreover, Mattel has ceased communicating with MGA concerning these and all

3   other disputes related to MGA's First Set of Phase 2 Requests for Production of

4   Documents and Things (Nos. 1-68).  Id.  Mattel must be compelled to produce

5   responsive documents by a date certain.

6        To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.  As to

8   overbreadth, Mattel provides no explanation, let alone the required particularity, as to

9   *why* these requests are supposedly overly broad, nor can it do so.  This objection is

10  therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections

11  not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is

12  narrowly tailored to seek documents concerning Mattel's claims of trade secret

13  misappropriation and evidence proving MGA's affirmative defenses to those claims.

14  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

15  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

16  MGA is entitled to seek that information in the form of this request.

17        As to burden, Mattel has not attempted to demonstrate why responding to these

18  requests and/or producing responsive documents presents any burden.  This objection

19  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

20  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

21  unduly burdensome must allege specific facts which indicate the nature and extent of

22  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

23  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

24  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

25  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

26  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

27  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

28  because value of information to plaintiff clearly outweighed any annoyance or

-183-

FURTHER RESPONSES AND OBJECTIONS

1   expense involved in disclosure by defendant); <u>Capacchione v. Charlotte-Mecklenburg</u>

2   <u>Schools</u>, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to

3   perform extensive research or to compile substantial amounts of data and information

4   does not automatically constitute an undue burden....  Imposing such a burden is

5   particularly proper where, as here, the information sought is crucial to the ultimate

6   determination of a crucial issue...."). To the extent that there is any burden at all, it is

7   from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

8   in three countries.  The need for this information to defend against Mattel's claims

9   clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

10   already ruled that a party cannot complain that requests are unduly burdensome when

11   the request "merely seeks information regarding the extent of" a party's claim.  Order

12   No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

13   Mattel infringed numerous products, Mattel has the right to discover the scope of the

14   alleged claims.  Accordingly, the objections are overruled.").

15        Mattel also makes a number of other improper objections, none of which is

16   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

17   part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

18   P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

19   specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners,</u>

20   <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

21   objections such as 'overly burdensome and harassing' are improper – especially when

22   a party fails to submit any evidentiary declarations supporting such objections");

23   <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal.

24   1999) ("boilerplate, generalized objections are inadequate and tantamount to not

25   making any objection at all").

26        For example, this request does not seek information protected by the attorney-

27   client privilege, the attorney work product doctrine, or any other applicable privilege.

28   Rather, it seeks documents related to Mattel's claim of trade secret theft by former

FURTHER RESPONSES AND OBJECTIONS

1  Mattel employees.  Further, Mattel has failed to provide a privilege log, thus waiving

2  this objection as to any allegedly privileged documents.

3       Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

4  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

5  no requests for discovery are premature at this point...."  Judge Larson agreed,

6  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

7  case at all.").

8       Mattel's expert disclosure objection is also without support.  The fact that

9  expert testimony may ultimately bear on some of the subjects of the request does not

10 excuse Mattel from its obligation to provide full and complete responses based on the

11 information Mattel presently has and to produce those responsive documents.

12      In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

13 for deposition and [is] withholding information and documents requested in violation

14 of orders of the Discovery Master and the Court" is not only unsupported and false,

15 but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

16 the requests would be unaffected.

17      Also, this request does not seek information violative of any third-party's rights

18 of privacy.  The facts, persons, and documents responsive to this request are in the

19 possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

20 previously has argued, any privacy issues are fully addressed by the Protective Order

21 in this case.

22      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

23 information or documents that are in the possession, custody and control of

24 independent parties over whom Mattel has no control" is nonsensical – Mattel is

25 obligated to provide all information in its possession, custody, or control that is

26 responsive to the request.

27      In short, Mattel's objections are uniformly without merit and frivolous.  The

28 Discovery Master should order Mattel to provide a substantive response to Request

07975/3043916.3

-185-

FURTHER RESPONSES AND OBJECTIONS

1  No. 64 without objection and order Mattel to produce all documents responsive to

2  this request.

3  **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

4  **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 64 SHOULD**

5  **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

6          As a preliminary matter, MGA failed to meet and confer at all, much less in good

7  faith, regarding this Request prior to filing its Motion.  See Local Rule 37-1 ("Prior to

8  the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26-37, counsel

9  for the parties shall confer in a good faith effort to eliminate the necessity for hearing the

10  motion or to eliminate as many of the disputes as possible.").  MGA's original meet and

11  confer letter did not identify which responses MGA contended were insufficient.[133]

12  When Mattel asked MGA to identify the requests at issue, as required by Local Rule 37-

13  1, MGA did not identify this request.  Indeed, at no point during the meet and confer

14  process did the parties discuss this Request or Mattel's response to it.[134]  Thus, MGA's

15  claim that Mattel has "ceased communicating" about this Request is simply not true;

16  MGA never initiated any dialogue about this Request or Mattel's response in the first

17  place.  The Discovery Master should deny MGA's motion with respect to this Request

18  on that grounds alone.

19          Nor is there anything to compel in any event.  Mattel agreed in its original

20  response to produce responsive, non-privileged documents located pursuant to diligent

21  search and reasonable inquiry, to the extent not previously produced.  Had MGA

22  complied with its meet and confer obligations, Mattel would have informed MGA that

23  ────────────

24      [133]   See Local Rule 37-1 ("The moving party's letter [requesting a meet and confer]

25  shall identify each issue and/or discovery request in dispute, shall state briefly with
respect to each such issue/request that moving party's position (and provide any legal

26  authority which the moving party believes is dispositive of the dispute as to that

27  issue/request), and specify the terms of the discovery order to be sought.").

      [134]   See Opposition at 2:8-3:16.

28

                                          FURTHER RESPONSES AND OBJECTIONS

Mattel has conducted a good faith search for responsive documents and has found no documents responsive to this request that have not either been produced already or noted on a privilege log.[135]   MGA's motion is totally unnecessary.

There is no basis for overruling Mattel's privilege objection.  Apart from the fact that MGA never raised this objection in any meet and confer, MGA's assertion that this Request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege because "it seeks documents related to Mattel's claim of trade secret theft by former Mattel employees" has no merit. Documents related to one of Mattel's *claims in this action* could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[136]   Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[137]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a

---

[135]   See Searcy Dec., ¶ 2.
[136]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.
[137]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.

1  later date" and "since experts have not been either retained or deposed, much of the

2  remaining discovery is also premature.").

3

4  **REQUEST FOR PRODUCTION NO. 65:**

5      DOCUMENTS sufficient to identify with specificity each alleged trade secret

6  owned by MATTEL that YOU contend was used by MGA, except for any BRATZ

7  INJUNCTION EXHIBITS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

9      Mattel incorporates by reference the above-stated general objections as if fully

10  set forth herein.  Mattel also specifically objects to this Request because it is an

11  interrogatory and not a proper document request.  Mattel further objects to this

12  Request on the grounds that it is vague, ambiguous, and overbroad.  Mattel also

13  specifically objects to this Request on the ground that it is premature because the

14  subject matter of this Request will be the subject of expert testimony at trial.  Mattel

15  objects to this Request to the extent it seeks to limit the expert testimony that Mattel

16  may seek to introduce at trial.  Mattel will identify its experts and make related

17  disclosures in accordance with the Court's orders and applicable rules.  Mattel further

18  objects that this Request is premature because Defendants have not complied with

19  their discovery obligations.  They have failed to produce witnesses for deposition and

20  are withholding information and documents requested in violation of orders of the

21  Discovery Master and the Court.  Mattel further objects to this Request to the extent

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.  Mattel further

24  objects to this Request on the ground and to the extent it seeks trade secret,

25  proprietary or otherwise confidential information of Mattel or third parties.  Any such

26  documents that are produced, if any, will be produced only pursuant to and in reliance

27  upon the Protective Order entered in this case.  Mattel also objects to this Request to

28  the extent it seeks documents that are in the possession, custody and control of a

-188-

FURTHER RESPONSES AND OBJECTIONS

1  foreign subsidiary of a party.  MGA has objected that such documents are not within
2  the scope of requests to a domestic party.  Mattel further objects to this Request to the
3  extent that it may seek documents already produced by Mattel, including documents
4  stolen by MGA and other defendants.  Such documents will not be produced again.

5      Subject to the foregoing objections, Mattel responds as follows:  At a mutually
6  agreeable time and place, Mattel will produce non-privileged documents, if any, that
7  Mattel has been able to locate and identify after a diligent search and reasonable
8  inquiry, to the extent not previously produced, that were misappropriated from Mattel
9  for or on behalf of MGA.

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
11  **REQUEST FOR PRODUCTION NO. 65 SHOULD BE COMPELLED AND**
12  **DOCUMENTS SHOULD BE PRODUCED**

13      During meet and confer discussions with Mattel, Mattel advised that it would
14  only produce documents "that were misappropriated from Mattel for or on behalf of
15  MGA."  Mankey Decl., Ex. D. Mattel also agreed to consider supplementing the
16  response to this Request.  Id.  Despite that agreement, however, Mattel has neither
17  agreed to supplement the request nor produce responsive documents to the request.
18  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased communicating with MGA
19  concerning this and all other disputes related to MGA's First Set of Phase 2 Requests
20  for Production of Documents and Things (Nos. 1-68).  Id.

21      The documents responsive to this request are clearly relevant and discoverable.
22  Additionally, Mattel's remaining objections are generic, inapplicable and fail to
23  justify Mattel's failure to produce all responsive documents.  As to overbreadth,
24  Mattel provides no explanation, let alone the required particularity, as to **why** these
25  requests are supposedly overly broad, nor can it do so.  This objection is therefore
26  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated
27  with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly
28  tailored to seek documents concerning Mattel's claims of trade secret

-189-

misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue...."). To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries. The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel. Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim. Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

1   Mattel infringed numerous products, Mattel has the right to discover the scope of the

2   alleged claims.  Accordingly, the objections are overruled.").

3        Mattel also makes a number of other improper objections, none of which is

4   substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to

5   part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ.

6   P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with

7   specificity are routinely rejected in the Central District.  See <u>A. Farber and Partners,</u>

8   <u>Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

9   objections such as 'overly burdensome and harassing' are improper – especially when

10  a party fails to submit any evidentiary declarations supporting such objections");

11  <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal.

12  1999) ("boilerplate, generalized objections are inadequate and tantamount to not

13  making any objection at all").

14       For example, this request does not seek information protected by the attorney-

15  client privilege, the attorney work product doctrine, or any other applicable privilege.

16  Further, Mattel has failed to provide a privilege log, thus waiving this objection as to

17  any allegedly privileged documents.

18       Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at

19  97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or

20  no requests for discovery are premature at this point...."  Judge Larson agreed,

21  clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this

22  case at all.").

23       Mattel's expert disclosure objection is also without support.  The fact that

24  expert testimony may ultimately bear on some of the subjects of the request does not

25  excuse Mattel from its obligation to provide full and complete responses based on the

26  information Mattel presently has and to produce those responsive documents.

27       In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

28  for deposition and [is] withholding information and documents requested in violation

of orders of the Discovery Master and the Court" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 65 without objection and order Mattel to produce the computers.

**FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 65 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

There is nothing to compel.  As Mattel informed MGA during the meet and confer process, Mattel has received nearly identical requests in the past, has searched repeatedly in good faith and produced non-privileged, responsive documents in its possession, custody or control.  Nonetheless, as to this request and others where MGA identified Mattel's response as deficient in the meet and confer, Mattel agreed to search yet again to determine whether it had any responsive documents that had not already been produced

1 or listed on a privilege log.[138]  Mattel did as it promised and found no additional
2 documents to produce.[139]  MGA's motion is totally unnecessary and could have been
3 avoided altogether had MGA met and conferred in good faith.

4          There is no basis for overruling Mattel's privilege objection.  MGA asserts without
5 any evidentiary support or explanation that this Request does not seek information
6 protected by the attorney-client privilege, the attorney work product doctrine, or any
7 other applicable privilege.  But documents related to one of Mattel's *claims in this action*
8 could very well be subject to a claim of privilege or work product protection.  MGA's
9 waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has*
10 produced a privilege log in this action.[140]  Moreover, as MGA has itself argued, the
11 parties have agreed that "all privileged documents would be logged except for documents
12 created after this action was filed on April 27, 2004."[141]  Thus, to the extent  privileged
13 documents fall within the post lawsuit time period, they need not be included on Mattel's
14 log.

15          Mattel also properly reserved its right to supplement its production subject to
16 expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,
17 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory
18 because "[t]o the extent that the theories of damages applicable to these claims may be
19 related to the damages sought by plaintiff's fourth claim, the interrogatory is premature").
20 Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting
21 motion to compel interrogatory responses but noting that "this Court does not expect
22 Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a
23

---

24   [138]   See Letter from Caroline Mankey to Marshall Searcy, dated July 7, 2009,
25 Mankey Dec., Exh. D.
     [139]   See Searcy Dec., ¶ 3.
26   [140]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.
27   [141]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal
   Scope of its Privilege Log, dated May 6, 2008 at 2:22-25, Searcy Dec., Exh. 11.
28

later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS REFLECTING any damage, loss or injury caused to MATTEL by reason of any alleged misappropriation by MGA of any of MATTEL'S alleged trade secrets, except for any BRATZ INJUNCTION EXHIBITS, that YOU allege in YOUR COUNTERCLAIMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein. Mattel also specifically objects to this Request on the grounds that it is vague and ambiguous. Mattel objects to the use of the term "REFLECTING" as being vague, ambiguous, and overbroad. Mattel further objects to the Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial. Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial. Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations by failing to produce witnesses for deposition and withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects that this Request is premature in that Mattel has not yet calculated its damages, nor is Mattel required to elect a damages theory at this point. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties. Any such documents that are produced, if any, will be

FURTHER RESPONSES AND OBJECTIONS

1   produced only pursuant to and in reliance upon the Protective Order entered in this

2   case.  Mattel also objects to this Request to the extent it seeks documents that are in

3   the possession, custody and control of a foreign subsidiary of a party.  MGA has

4   objected that such documents are not within the scope of requests to a domestic party.

5   Mattel further objects to this Request to the extent that it may seek documents already

6   produced by Mattel, including documents stolen by MGA and other defendants.

7   Such documents will not be produced again.

8   **FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION**

9   **NO. 66:**

10              Mattel incorporates by reference the above-stated general objections as if

11   fully set forth herein.  Mattel also specifically objects to this Request on the grounds

12   that it is vague and ambiguous.  Mattel objects to the use of the term

13   "REFLECTING" as being vague, ambiguous, and overbroad.  Mattel further objects

14   to the Request on the ground that it is premature because the subject matter of this

15   Request will be the subject of expert testimony at trial.  Mattel objects to this Request

16   to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at

17   trial.  Mattel will identify its experts and make related disclosures in accordance with

18   the Court's orders and applicable rules.  Mattel further objects that this Request is

19   premature because Defendants have not complied with their discovery obligations by

20   failing to produce witnesses for deposition and withholding information and

21   documents requested in violation of orders of the Discovery Master and the Court.

22   Mattel further objects that this Request is premature in that Mattel has not yet

23   calculated its damages, nor is Mattel required to elect a damages theory at this point.

24   Mattel further objects to this Request to the extent that it calls for the disclosure of

25   information subject to the attorney-client privilege, the attorney work-product

26   doctrine and other applicable privileges.  Mattel further objects to this Request on the

27   ground and to the extent it seeks trade secret, proprietary or otherwise confidential

28   information of Mattel or third parties.  Any such documents that are produced, if any,

1   will be produced only pursuant to and in reliance upon the Protective Order entered in

2   this case.  Mattel also objects to this Request to the extent it seeks documents that are

3   in the possession, custody and control of a foreign subsidiary of a party.  MGA has

4   objected that such documents are not within the scope of requests to a domestic party.

5   Mattel further objects to this Request to the extent that it may seek documents already

6   produced by Mattel, including documents stolen by MGA and other defendants.

7   Such documents will not be produced again.

8        Subject to the foregoing objections, Mattel responds as follows:  At a mutually

9   agreeable time and place, Mattel will produce the non-privileged documents in its

10  possession, custody or control, if any, that Mattel has been able to locate after a

11  diligent search and reasonable inquiry, to the extent not previously produced, that

12  show damage, loss or injury to Mattel as a result of MGA's misappropriation of

13  Mattel's trade secrets, except for Bratz Injunction Exhibits.

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

15  **REQUEST FOR PRODUCTION NO. 66 SHOULD BE COMPELLED AND**

16  **DOCUMENTS SHOULD BE PRODUCED**

17       During meet and confer discussions with Mattel, Mattel agreed to supplement

18  its response to this request.  Mankey Decl., Ex. D. Despite that agreement, however,

19  Mattel has neither agreed to supplement the request nor produce responsive

20  documents to the request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased

21  communicating with MGA concerning this and all other disputes related to MGA's

22  First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).

23  Id.

24       The documents responsive to this request are clearly relevant and discoverable.

25  Additionally, Mattel's remaining objections are generic, inapplicable and fail to

26  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

27  Mattel provides no explanation, let alone the required particularity, as to **why** these

28  requests are supposedly overly broad, nor can it do so.  This objection is therefore

improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's claims of trade secret misappropriation and evidence proving MGA's affirmative defenses to those claims. Finally, the request is only as broad as Mattel's trade secret misappropriation claim. Since Mattel has yet to identify the trade secrets it claims were misappropriated, MGA is entitled to seek that information in the form of this request.

As to burden, Mattel has not attempted to demonstrate why responding to these requests and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11, dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue....").  To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

-197-

FURTHER RESPONSES AND OBJECTIONS

already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not

1    excuse Mattel from its obligation to provide full and complete responses based on the

2    information Mattel presently has and to produce those responsive documents.

3         In addition, Mattel's bare assertion that MGA has "failed to produce witnesses

4    for deposition and [is] withholding information and documents requested in violation

5    of orders of the Discovery Master and the Court" is not only unsupported and false,

6    but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to

7    the requests would be unaffected.

8         Also, this request does not seek information violative of any third-party's rights

9    of privacy.  The facts, persons, and documents responsive to this request are in the

10   possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

11   previously has argued, any privacy issues are fully addressed by the Protective Order

12   in this case.

13        Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of

14   information or documents that are in the possession, custody and control of

15   independent parties over whom Mattel has no control" is nonsensical – Mattel is

16   obligated to provide all information in its possession, custody, or control that is

17   responsive to the request.

18        In short, Mattel's objections are uniformly without merit and frivolous.  The

19   Discovery Master should order Mattel to provide a substantive response to Request

20   No. 66 without objection and order Mattel to produce the computers.

21   **FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY**

22   **FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 66 SHOULD**

23   **BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED**

24        There is nothing for the Discovery Master to compel.  During the meet and

25   confer, Mattel agreed to provide a supplemental response and to search yet again for

26   any responsive, non-privileged documents that it had not already produced.  Mattel

27   has provided a supplemental response and, is performing a good faith search, but,

28   thus far, has not located any responsive documents that had not already been

1    produced or listed on a privilege log.[142]  Mattel will produce any nonprivileged,

2    responsive documents that it is able to locate after a reasonable search.

3         There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion

4    that "this request does not seek information protected by the attorney-client privilege, the

5    attorney work product doctrine, or any other applicable privilege" has no merit.

6    Documents discussing the nature and scope of Mattel's damages in this lawsuit could

7    very well be subject to a claim of privilege or work product protection.  MGA's waiver

8    argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has*

9    produced a privilege log in this action.[143]  Moreover, as MGA has itself argued, the

10   parties have agreed that "all privileged documents would be logged except for documents

11   created after this action was filed on April 27, 2004."[144]  Thus, to the extent  privileged

12   documents fall within the post lawsuit time period, they need not be included on Mattel's

13   log.

14        The Discovery Master should also uphold Mattel's objection that the term

15   "REFLECTING" as used in the Request is vague, ambiguous and overbroad.   The

16   Request puports to seek "All DOCUMENTS REFLECTING any damage, loss or injury

17   caused to Mattel".   MGA stated that "'REFLECTING' should be construed in the

18   broadest possible sense to mean concerning, consisting of, referring to, relating to,

19   describing, discussions, constituting, evidencing, containing, reflecting, mentioning,

20   pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection

21   with the matter discussed."[145]  Even if one uses the dictionary definition of the word

---

[142]   See Searcy Dec., ¶ 2.

[143]   See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

[144]   See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Searcy Dec., Exh. 11.

[145]   See MGA's First Set of Phase 2 Requests for Production at 4:9-13.

"reflecting"[146] much less employs MGA's "broadest possible" definition, the request is impermissibly vague and overbroad.

Mattel also properly reserved its right to supplement its production subject to expert discovery. See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS REFLECTING any damage, loss or injury caused to MATTEL by reason of any violation of the Racketeer Influenced and Corrupt Organization Act that YOU allege in the Second Counterclaim of YOUR COUNTERCLAIMS.

---

[146] See Merriam-Webster Dictionary webpage <http://www.merriam-webster.com/dictionary/reflect>, as accessed on August 7, 2009 (transitive verb:  1 *archaic*: to turn into or away from a course: deflect; 2: to prevent passage of an cause to change direction <a mirror *reflects* light>; 3: to bend or fold back; 4: to give back or exhibit as an image, likeness, or outline: mirror <the clouds were *reflected* in the water>; 5: to bring or cast as a result <his attitude *reflects* little credit on his judgment>; 6: to make manifest or apparent: show <the painting *reflects* his artistic vision< >the pulse *reflects* the condition of the heart>; 7: realize, consider; intransitive verb: 1: to throw back light or sound; 2a: to think quietly and calmly, b: to express a thought or opinion resulting from reflection; 3a: to tend to bring reproach or discredit <an investigation that *reflects* on all members of the department> b: to (footnote continued)

07975/3043916.3

FURTHER RESPONSES AND OBJECTIONS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the grounds that it is vague and ambiguous.  Mattel objects to the use of the term "REFLECTING" as being vague, ambiguous, and overbroad.  Mattel further objects to the Request on the ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations by failing to produce witnesses for deposition and withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel further objects that this Request is premature in that Mattel has not yet calculated its damages, nor is Mattel required to elect a damages theory at this point.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party.  Mattel further objects to this Request to the extent that it may seek documents already

---

bring about a specified appearance or characterization <an act which *reflects* well on her> c: to have a bearing or influence) (emphasis in original).

-202-

1   produced by Mattel, including documents stolen by MGA and other defendants.

2   Such documents will not be produced again.

3   **FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION**

4   **NO. 67:**

5            Mattel incorporates by reference the above-stated general objections as if

6   fully set forth herein.  Mattel also specifically objects to this Request on the grounds

7   that it is vague and ambiguous.  Mattel objects to the use of the term

8   "REFLECTING" as being vague, ambiguous, and overbroad.  Mattel further objects

9   to the Request on the ground that it is premature because the subject matter of this

10  Request will be the subject of expert testimony at trial.  Mattel objects to this Request

11  to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at

12  trial.  Mattel will identify its experts and make related disclosures in accordance with

13  the Court's orders and applicable rules.  Mattel further objects that this Request is

14  premature because Defendants have not complied with their discovery obligations by

15  failing to produce witnesses for deposition and withholding information and

16  documents requested in violation of orders of the Discovery Master and the Court.

17  Mattel further objects that this Request is premature in that Mattel has not yet

18  calculated its damages, nor is Mattel required to elect a damages theory at this point.

19  Mattel further objects to this Request to the extent that it calls for the disclosure of

20  information subject to the attorney-client privilege, the attorney work-product

21  doctrine and other applicable privileges.  Mattel further objects to this Request on the

22  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

23  information of Mattel or third parties.  Any such documents that are produced, if any,

24  will be produced only pursuant to and in reliance upon the Protective Order entered in

25  this case.  Mattel also objects to this Request to the extent it seeks documents that are

26  in the possession, custody and control of a foreign subsidiary of a party.  MGA has

27  objected that such documents are not within the scope of requests to a domestic party.

28  Mattel further objects to this Request to the extent that it may seek documents already

1  produced by Mattel, including documents stolen by MGA and other defendants.

2  Such documents will not be produced again.

3      Subject to the foregoing objections, Mattel responds as follows:  At a mutually

4  agreeable time and place, Mattel will produce the non-privileged documents in its

5  possession, custody or control, if any, that Mattel has been able to locate after a

6  diligent search and reasonable inquiry, to the extent not previously produced, that

7  show damage, loss or injury to Mattel from violations of the Racketeer Influenced

8  and Corrupt Organizations Act alleged in Mattel's Counterclaims.

9  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

10  **REQUEST FOR PRODUCTION NO. 67 SHOULD BE COMPELLED AND**

11  **DOCUMENTS SHOULD BE PRODUCED**

12      During meet and confer discussions with Mattel, Mattel agreed to supplement

13  its response to this request.  Mankey Decl., Ex. D. Despite that agreement, however,

14  Mattel has neither agreed to supplement the request nor produce responsive

15  documents to the request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased

16  communicating with MGA concerning this and all other disputes related to MGA's

17  First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).

18  Id.

19      The documents responsive to this request are clearly relevant and discoverable.

20  Additionally, Mattel's remaining objections are generic, inapplicable and fail to

21  justify Mattel's failure to produce all responsive documents.  As to overbreadth,

22  Mattel provides no explanation, let alone the required particularity, as to ***why*** these

23  requests are supposedly overly broad, nor can it do so.  This objection is therefore

24  improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

25  with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly

26  tailored to seek documents concerning Mattel's claims of trade secret

27  misappropriation and evidence proving MGA's affirmative defenses to those claims.

28  Finally, the request is only as broad as Mattel's trade secret misappropriation claim.

-204-

1  Since Mattel has yet to identify the trade secrets it claims were misappropriated,

2  MGA is entitled to seek that information in the form of this request.

3        As to burden, Mattel has not attempted to demonstrate why responding to these

4  requests and/or producing responsive documents presents any burden.  This objection

5  must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173

6  F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is

7  unduly burdensome must allege specific facts which indicate the nature and extent of

8  the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

9  dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir

10  Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109

11  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed

12  to particularize its basis for the objection); Seff v. General Outdoor Advertising Co.,

13  11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection

14  because value of information to plaintiff clearly outweighed any annoyance or

15  expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg

16  Schools, 182 F.R.D. 486,491 (W.D. N.C. 1998) ("Requiring a responding party to

17  perform extensive research or to compile substantial amounts of data and information

18  does not automatically constitute an undue burden....  Imposing such a burden is

19  particularly proper where, as here, the information sought is crucial to the ultimate

20  determination of a crucial issue....").  To the extent that there is any burden at all, it is

21  from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct

22  in three countries.  The need for this information to defend against Mattel's claims

23  clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has

24  already ruled that a party cannot complain that requests are unduly burdensome when

25  the request "merely seeks information regarding the extent of" a party's claim.  Order

26  No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends

27  Mattel infringed numerous products, Mattel has the right to discover the scope of the

28  alleged claims.  Accordingly, the objections are overruled.").

07975/3043916.3

FURTHER RESPONSES AND OBJECTIONS

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").

For example, this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Further, Mattel has failed to provide a privilege log, thus waiving this objection as to any allegedly privileged documents.

Moreover, this request is not premature.  See Tr. of Feb. 11, 2009 Hearing, at 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or no requests for discovery are premature at this point...."  Judge Larson agreed, clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this case at all.").

Mattel's expert disclosure objection is also without support.  The fact that expert testimony may ultimately bear on some of the subjects of the request does not excuse Mattel from its obligation to provide full and complete responses based on the information Mattel presently has and to produce those responsive documents.

In addition, Mattel's bare assertion that MGA has "failed to produce witnesses for deposition and [is] withholding information and documents requested in violation of orders of the Discovery Master and the Court" is not only unsupported and false,

-206-

FURTHER RESPONSES AND OBJECTIONS

but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the requests would be unaffected.

Also, this request does not seek information violative of any third-party's rights of privacy.  The facts, persons, and documents responsive to this request are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order in this case.

Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 67 without objection and order Mattel to produce the computers.

## FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 67 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

There is nothing for the Discovery Master to compel.  During the meet and confer, Mattel agreed to provide a supplemental response and to search yet again for any responsive, non-privileged documents that it had not already produced.  Mattel has provided a supplemental response and, is performing a good faith search, but, thus far, has not located any responsive documents that had not already been produced or listed on a privilege log.[147]  Mattel will produce any nonprivileged, responsive documents that it is able to locate after a reasonable search.

---

[147]  See Searcy Dec., ¶ 2.

FURTHER RESPONSES AND OBJECTIONS

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege" has no merit. Documents discussing the nature and scope of Mattel's damages in this lawsuit could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[148]  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[149]  Thus, to the extent  privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

The Discovery Master should also uphold Mattel's objection that the term "REFLECTING" as used in the Request is vague, ambiguous and overbroad.  The Request puports to seek "All DOCUMENTS REFLECTING any damage, loss or injury caused to Mattel".  MGA stated that "'REFLECTING' should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussions, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed."[150]  Even if one uses the dictionary definition of the word "reflecting"[151] much less employs MGA's "broadest possible" definition, the request is impermissibly vague and overbroad.

---

[148]   <u>See</u> Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.
[149]   <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Searcy Dec., Exh. 11.
[150]   <u>See</u> MGA's First Set of Phase 2 Requests for Production at 4:9-13.
[151]   <u>See</u> Merriam-Webster Dictionary webpage <http://www.merriam-webster.com/dictionary/reflect>, as accessed on August 7, 2009 (transitive verb:  1 *archaic*: to turn into or away from a course: deflect; 2: to prevent passage of an cause to change direction <a mirror *reflects* light>; 3: to bend or fold back; 4: to give back (footnote continued)

-208-

FURTHER RESPONSES AND OBJECTIONS

Mattel also properly reserved its right to supplement its production subject to expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS REFLECTING any other damage, loss or injury caused to MATTEL by reason of any act or omission alleged in those of MATTEL'S COUNTERCLAIMS being tried in PHASE 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the grounds that it is vague and ambiguous.  Mattel objects to the use of the term "REFLECTING" as being vague, ambiguous, and overbroad.  Mattel further objects to the Request on the

---

or exhibit as an image, likeness, or outline: mirror <the clouds were *reflected* in the water>; 5: to bring or cast as a result <his attitude *reflects* little credit on his judgment>; 6: to make manifest or apparent: show <the painting *reflects* his artistic vision< >the pulse *reflects* the condition of the heart>; 7: realize, consider; intransitive verb: 1: to throw back light or sound; 2a: to think quietly and calmly, b: to express a thought or opinion resulting from reflection; 3a: to tend to bring reproach or discredit <an investigation that *reflects* on all members of the department> b: to bring about a specified appearance or characterization <an act which *reflects* well on her> c: to have a bearing or influence) (emphasis in original).

-209-

FURTHER RESPONSES AND OBJECTIONS

ground that it is premature because the subject matter of this Request will be the subject of expert testimony at trial.  Mattel objects to this Request to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at trial.  Mattel will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.  Mattel further objects that this Request is premature because Defendants have not complied with their discovery obligations by failing to produce witnesses for deposition and withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel further objects that this Request is premature in that Mattel has not yet calculated its damages, nor is Mattel required to elect a damages theory at this point.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information of Mattel or third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.  Mattel also objects to this Request to the extent it seeks documents that are in the possession, custody and control of a foreign subsidiary of a party.  MGA has objected that such documents are not within the scope of requests to a domestic party. Mattel further objects to this Request to the extent that it may seek documents already produced by Mattel, including documents stolen by MGA and other defendants. Such documents will not be produced again.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Mattel incorporates by reference the above-stated general objections as if fully set forth herein.  Mattel also specifically objects to this Request on the grounds that it is vague and ambiguous.  Mattel objects to the use of the term "REFLECTING" as being vague, ambiguous, and overbroad.  Mattel further objects

FURTHER RESPONSES AND OBJECTIONS

1  to the Request on the ground that it is premature because the subject matter of this

2  Request will be the subject of expert testimony at trial.  Mattel objects to this Request

3  to the extent it seeks to limit the expert testimony that Mattel may seek to introduce at

4  trial.  Mattel will identify its experts and make related disclosures in accordance with

5  the Court's orders and applicable rules.  Mattel further objects that this Request is

6  premature because Defendants have not complied with their discovery obligations by

7  failing to produce witnesses for deposition and withholding information and

8  documents requested in violation of orders of the Discovery Master and the Court.

9  Mattel further objects that this Request is premature in that Mattel has not yet

10  calculated its damages, nor is Mattel required to elect a damages theory at this point.

11  Mattel further objects to this Request to the extent that it calls for the disclosure of

12  information subject to the attorney-client privilege, the attorney work-product

13  doctrine and other applicable privileges.  Mattel further objects to this Request on the

14  ground and to the extent it seeks trade secret, proprietary or otherwise confidential

15  information of Mattel or third parties.  Any such documents that are produced, if any,

16  will be produced only pursuant to and in reliance upon the Protective Order entered in

17  this case.  Mattel also objects to this Request to the extent it seeks documents that are

18  in the possession, custody and control of a foreign subsidiary of a party.  MGA has

19  objected that such documents are not within the scope of requests to a domestic party.

20  Mattel further objects to this Request to the extent that it may seek documents already

21  produced by Mattel, including documents stolen by MGA and other defendants.

22  Such documents will not be produced again.

23      Subject to the foregoing objections, Mattel responds as follows:  At a mutually

24  agreeable time and place, Mattel will produce the non-privileged documents in its

25  possession, custody or control, if any, that Mattel has been able to locate after a

26  diligent search and reasonable inquiry, to the extent not previously produced, that

27  show damage, loss or injury to Mattel from acts or omissions alleged in Mattel's

28  Counterclaims which are being tried in Phase 2.

1  **<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>**
2  **<u>REQUEST FOR PRODUCTION NO. 68 SHOULD BE COMPELLED AND</u>**
3  **<u>DOCUMENTS SHOULD BE PRODUCED</u>**

4        During meet and confer discussions with Mattel, Mattel agreed to supplement
5  its response to this request.  Mankey Decl., Ex. D. Despite that agreement, however,
6  Mattel has neither agreed to supplement the request nor produce responsive
7  documents to the request.  Chaudoir Decl., ¶ 9.  Instead, Mattel has ceased
8  communicating with MGA concerning this and all other disputes related to MGA's
9  First Set of Phase 2 Requests for Production of Documents and Things (Nos. 1-68).
10 <u>Id.</u>

11       The documents responsive to this request are clearly relevant and discoverable.
12 Additionally, Mattel's remaining objections are generic, inapplicable and fail to
13 justify Mattel's failure to produce all responsive documents.  As to overbreadth,
14 Mattel provides no explanation, let alone the required particularity, as to **_why_** these
15 requests are supposedly overly broad, nor can it do so.  This objection is therefore
16 improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated
17 with specificity), Chaudoir Decl., Ex. 10.  To the contrary, the request is narrowly
18 tailored to seek documents concerning Mattel's claims of trade secret
19 misappropriation and evidence proving MGA's affirmative defenses to those claims.
20 Finally, the request is only as broad as Mattel's trade secret misappropriation claim.
21 Since Mattel has yet to identify the trade secrets it claims were misappropriated,
22 MGA is entitled to seek that information in the form of this request.

23       As to burden, Mattel has not attempted to demonstrate why responding to these
24 requests and/or producing responsive documents presents any burden.  This objection
25 must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173
26 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is
27 unduly burdensome must allege specific facts which indicate the nature and extent of
28 the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11,

dated March 30, 2009, at 19, Chaudoir Decl., Ex. 12; Order No. 17, at 23, Chaudoir Decl., Ex. 10); Nagele v. Electronic Data Systems Corp, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D. N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden....  Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue...."). To the extent that there is any burden at all, it is from Mattel's having filed broad- based and unwarranted attacks on MGA's conduct in three countries.  The need for this information to defend against Mattel's claims clearly outweighs any potential burden to Mattel.  Indeed, the Discovery Master has already ruled that a party cannot complain that requests are unduly burdensome when the request "merely seeks information regarding the extent of" a party's claim.  Order No. 17, dated April 14, 2009, at 23:9-13, Chaudoir Decl., Ex 10 ("If MGA contends Mattel infringed numerous products, Mattel has the right to discover the scope of the alleged claims.  Accordingly, the objections are overruled.").

Mattel also makes a number of other improper objections, none of which is substantiated (or valid).  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 33(b)(2).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections");

1 | <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal.
2 | 1999) ("boilerplate, generalized objections are inadequate and tantamount to not
3 | making any objection at all").

4 |      For example, this request does not seek information protected by the attorney-
5 | client privilege, the attorney work product doctrine, or any other applicable privilege.
6 | Further, Mattel has failed to provide a privilege log, thus waiving this objection as to
7 | any allegedly privileged documents.

8 |      Moreover, this request is not premature.  <u>See</u> Tr. of Feb. 11, 2009 Hearing, at
9 | 97:5-10, Chaudoir Decl., Ex. 11 (Mattel's counsel argued that "no discovery issues or
10 | no requests for discovery are premature at this point...."  Judge Larson agreed,
11 | clarifying, "in no uncertain terms, [] there is no stay on any discovery related to this
12 | case at all.").

13 |      Mattel's expert disclosure objection is also without support.  The fact that
14 | expert testimony may ultimately bear on some of the subjects of the request does not
15 | excuse Mattel from its obligation to provide full and complete responses based on the
16 | information Mattel presently has and to produce those responsive documents.

17 |      In addition, Mattel's bare assertion that MGA has "failed to produce witnesses
18 | for deposition and [is] withholding information and documents requested in violation
19 | of orders of the Discovery Master and the Court" is not only unsupported and false,
20 | but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to
21 | the requests would be unaffected.

22 |      Also, this request does not seek information violative of any third-party's rights
23 | of privacy.  The facts, persons, and documents responsive to this request are in the
24 | possession, custody, control, or knowledge of Mattel itself, and as Mattel itself
25 | previously has argued, any privacy issues are fully addressed by the Protective Order
26 | in this case.

27 |      Finally, Mattel's objection that this Interrogatory "seek[s] the disclosure of
28 | information or documents that are in the possession, custody and control of

-214-

independent parties over whom Mattel has no control" is nonsensical – Mattel is obligated to provide all information in its possession, custody, or control that is responsive to the request.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Request No. 68 without objection and order Mattel to produce the computers.

## FURTHER RESPONSES TO THE FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 68 SHOULD BE COMPELLED AND DOCUMENTS SHOULD BE PRODUCED

There is nothing for the Discovery Master to compel.  During the meet and confer, Mattel agreed to provide a supplemental response and to search yet again for any responsive, non-privileged documents that it had not already produced.  Mattel has provided a supplemental response and, is performing a good faith search, but, thus far, has not located any responsive documents that had not already been produced or listed on a privilege log.[152]  Mattel will produce any nonprivileged, responsive documents that it is able to locate after a reasonable search.

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege" has no merit. Documents discussing the nature and scope of Mattel's damages in this lawsuit could very well be subject to a claim of privilege or work product protection.  MGA's waiver argument is also without merit.  Despite MGA's claim to the contrary, Mattel *has* produced a privilege log in this action.[153]  Moreover, as MGA has itself argued, the parties have agreed that "all privileged documents would be logged except for documents

---

[152]  See Searcy Dec., ¶ 2.
[153]  See Mattel's Privilege Log, dated March 7, 2009, Searcy Dec., Exh. 14.

1    created after this action was filed on April 27, 2004."[154]  Thus, to the extent privileged

2    documents fall within the post lawsuit time period, they need not be included on Mattel's

3    log.

4         The Discovery Master should also uphold Mattel's objection that the term

5    "REFLECTING" as used in the Request is vague, ambiguous and overbroad.  The

6    Request puports to seek "All DOCUMENTS REFLECTING any damage, loss or injury

7    caused to Mattel".  MGA stated that "'REFLECTING' should be construed in the

8    broadest possible sense to mean concerning, consisting of, referring to, relating to,

9    describing, discussions, constituting, evidencing, containing, reflecting, mentioning,

10   pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection

11   with the matter discussed."[155]  Even if one uses the dictionary definition of the word

12   "reflecting"[156] much less employs MGA's "broadest possible" definition, the request is

13   impermissibly vague and overbroad.

14        Mattel also properly reserved its right to supplement its production subject to

15   expert discovery.  See New Haven Temple SDA Church v. Consolidated Edison Corp.,

16   1995 WL 358788, at *5 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory

---

17   [154]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal

18   Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Searcy Dec., Exh. 11.

19   [155]  See MGA's First Set of Phase 2 Requests for Production at 4:9-13.

20   [156]  See Merriam-Webster Dictionary webpage <http://www.merriam-webster.com/dictionary/reflect>, as accessed on August 7, 2009 (transitive verb:  1

21   *archaic*: to turn into or away from a course: deflect; 2: to prevent passage of an cause

22   to change direction <a mirror *reflects* light>; 3: to bend or fold back; 4: to give back

23   or exhibit as an image, likeness, or outline: mirror <the clouds were *reflected* in the

24   water>; 5: to bring or cast as a result <his attitude *reflects* little credit on his

25   judgment>; 6: to make manifest or apparent: show <the painting *reflects* his artistic

26   vision< >the pulse *reflects* the condition of the heart>; 7: realize, consider;

27   intransitive verb: 1: to throw back light or sound; 2a: to think quietly and calmly, b:

28   to express a thought or opinion resulting from reflection; 3a: to tend to bring reproach

29   or discredit <an investigation that *reflects* on all members of the department> b: to

30   (footnote continued)

because "[t]o the extent that the theories of damages applicable to these claims may be related to the damages sought by plaintiff's fourth claim, the interrogatory is premature"). <u>Ziemack v. Centel Corp.</u>, 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting motion to compel interrogatory responses but noting that "this Court does not expect Plaintiffs to address the issues that will be more appropriately dealt with by experts, at a later date" and "since experts have not been either retained or deposed, much of the remaining discovery is also premature.").

DATED:   August 17, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                  By /s/ Marshall M. Searcy, III
                                     Marshall M. Searcy, III
                                     Attorneys for Mattel, Inc.

bring about a specified appearance or characterization <an act which *reflects* well on her> c: to have a bearing or influence) (emphasis in original).