QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>DECLARATION OF MARSHALL M. SEARCY III IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2 REQUESTS FOR PRODUCTION AND FOR PRODUCTION OF DOCUMENTS<br><br>Hearing Date: Sept. 10, 2009<br>Time: 10 a.m.<br>Place: Arent Fox LLP<br>555 West Fifth St.<br>48th Floor<br>Los Angeles, CA 90013<br><br>**Phase 2**<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-trial Conference: Mar. 1, 2010<br>Trial Date: Mar. 23, 2010 |

07975/3044155.1

SEARCY DECLARATION.

# DECLARATION OF MARSHALL M. SEARCY III

I, Marshall M. Searcy, III, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. On July 1, 2009, Bridget Hauler and I met with Caroline Mankey by telephone. During this conference, I informed Ms. Mankey that Mattel had already produced nonprivileged documents in Mattel's possession, custody or control responsive to the MGA requests that she identified in her letter of the same date. I also agreed that Mattel would conduct a further search to ensure that no additional responsive documents exist. I further confirmed that Mattel had already produced a mirrored image of the hard drive assigned to Castilla at the time of his resignation from Mattel. On July 8, 2009, Bridget Hauler and I met further with Caroline Mankey, and two of MGA's new counsel, Christopher Chaudoir and Frank Rorie, regarding the requests identified in Caroline Mankey's letter, and I offered to search for and provide any additional documents responsive to the requests at issue. I also confirmed that we had produced the one hard drive responsive to Request No. 50 pursuant to the Discovery Master's order regarding communications with law enforcement. Mr. Chaudoir represented that he would send me a draft protocol for the other hard drives at issue in the Requests.

3. After these conferences, I and other attorneys searched for additional documents responsive to the Requests. In addition, we have supplemented Mattel's Responses to the Requests, and are confirming that Mattel has already produced the responsive documents in its custody, possession or control, with the exception of the hard drives assigned to Vargas, Trueba, Machado, Brisbois and Castilla at the time of their resignations from Mattel. To date, Mattel has completed its

1. search for nonprivileged documents responsive to Request Nos. 2, 34, 37, 40, 41, 43-46, 50, 52-58, 64 and 65, finding no additional documents to produce. Prior to September 10, Mattel will complete its search for any additional nonprivileged, responsive documents to the remaining requests.

4. Following the July 1 and July 8 conferences, I heard nothing further from MGA's counsel on this matter until MGA filed its motion. I saw Mr. Chaudoir's letters, which bear a July 16 date, for the first time upon receipt of Mr. Chaudoir's declaration in connection with MGA's motion. I did not receive these letters by email or by facsimile, and Mr. Chaudoir did not contact me in any way to determine whether I had received these letters.

5. I have conducted a brief review of the activity that would be required to place on a privilege log all documents which are both (a) privileged and (b) created after the filing of the present case. Due to the length and nature of this case, it is apparent that to log documents just from the files of Mattel's inside and outside counsel, Mattel and its attorneys would have to collect and log in excess of hundreds of thousands of documents. This logging effort would likely cost millions of dollars.

6. Attached hereto as Exhibit 1 is a true and correct copy of an email I sent to Christopher Chaudoir, dated July 31, 2009.

7. Attached hereto as Exhibit 2 is a true and correct copy of an email I received from Christopher Chaudoir, dated August 5, 2009.

8. Attached hereto as Exhibit 3 is a true and correct copy of a letter I sent to Christopher Chaudoir, dated August 6, 2009.

9. Attached hereto as Exhibit 4 is a true and correct copy of the Stipulation and Order dated December 6, 2006.

10. Attached hereto as Exhibit 5 is a true and correct copy of the July 9, 2009 Order Granting in Part Mattel's Motion re Discovery Master Order No. 27.

11. Attached hereto as Exhibit 6 is a true and correct copy of Volume 1 of Mattel's [Public Redacted] Third Amended Answer and Counterclaims.

12. Attached hereto as Exhibit 7 is a true and correct copy of Phase 2 Discovery Matter Order No. 34, dated May 18, 2009.

13. Attached hereto as Exhibit 8 is a true and correct copy of Phase 2 Discovery Matter Order No. 45, dated August 5, 2009.

14. Attached hereto as Exhibit 9 is a true and correct copy of MGA's [Public Redacted] Opposition to Mattel, Inc.'s Motion to Compel Production of Hard Drives from Computers Used by Isaac Larian after February 27, 2008, dated May 1, 2009.

15. Attached hereto as Exhibit 10 is a true and correct copy of the MGA Parties' Opposition to Mattel, Inc.'s Motion for Preclusive Relief or, in the Alternative, Access to Active Files on the Larian Hard Drives, dated July 27, 2009.

16. Attached hereto as Exhibit 11 is a true and correct copy of the Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of Its Privilege Log, dated May 7, 2008.

17. Attached hereto as Exhibit 12 is a true and correct copy of excerpts from the December 14, 2007 Hearing Transcript.

18. Attached hereto as Exhibit 13 is a true and correct copy of excerpts from the January 25, 2007 Hearing Transcript.

19. Attached hereto as Exhibit 14 is a true and correct copy of Mattel's Privilege Log, dated March 7, 2009.

20. Attached hereto as Exhibit 15 is a true and correct copy of the Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February 15, 2008.

1  21. Attached hereto as Exhibit 16 is a true and correct copy of Mattel's
2  Supplemental Responses to MGA's First Set of Phase 2 Requests for Production, dated
3  August 18, 2009.

5  I declare under penalty of perjury under the laws of the United States of
6  America that the foregoing is true and correct.
7  Executed this 18th day of August 2009, at Los Angeles, California.

        /s/ Marshall M. Searcy III
        Marshall M. Searcy III