EXHIBIT 1

# Debbie Yeh

| | |
|---|---|
| **From:** | Marshall Searcy |
| **Sent:** | Friday, August 07, 2009 11:51 AM |
| **To:** | 'Chaudoir, Christopher' |
| **Cc:** | Michael T Zeller; 'Molinski, William' |

**Subject:** RE: Re:

Thanks, Chris.  This is agreeable to us.

---

**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Friday, August 07, 2009 11:37 AM
**To:** Marshall Searcy
**Cc:** Michael T Zeller; Molinski, William
**Subject:** Re:

Marshall,
Thank you for you email. We are in agreement with the below, provided that you also agree that our reply, if
necessary, will be due on Wednesday, August 19. With respect to the further discussion, please advise if Monday
at 1:30 pm is acceptable.
Chris
------------------------
Sent from my BlackBerry Wireless Device

---

**From:** Marshall Searcy <marshallsearcy@quinnemanuel.com>
**To:** Chaudoir, Christopher
**Cc:** Michael T Zeller <michaelzeller@quinnemanuel.com>
**Sent:** Fri Aug 07 11:08:23 2009
**Subject:**

Dear Chris,

I am writing to follow up on the voice-mail you left this morning.  We agree that it would be fruitful to further
discuss the protocol, as well as the other issues raised in MGA's motion to compel.  I understand that you are in
meetings most of the day, so perhaps we could discuss these issues on Monday or Tuesday of next week.  We
also agree with your suggestion that the parties extend the time for opposition and reply on the motion.  I propose
that we move the opposition date to Wednesday, August 12, with the reply due on Monday, August 17.   Let me
know if these dates work for you.

I look forward to hearing from you.

```
"EMF <orrick.com>" made the following annotations.
------------------------------------------------------------------------
=================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
```

**EXHIBIT** 1
**PAGE** 4

addressed herein.

===========================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
===========================================================
==================================================================

EXHIBIT 2

## Debbie Yeh

| | |
|---|---|
| **From:** | Curran Walker |
| **Sent:** | Friday, August 07, 2009 7:49 PM |
| **To:** | obrien.robert@arentfox.com |
| **Cc:** | cchaudoir@orrick.com; Marshall Searcy |
| **Subject:** | Mattel v. MGA |

Dear Mr. O'Brien,

I write to inform you of an agreement reached by the parties today regarding MGA's Motion to Compel Further Responses to MGA's First Set of Phase 2 Requests for Production and for Production of Documents. The parties have agreed to conduct further discussions on Monday August 10 regarding the issue of an inspection protocol for certain hard drives which are addressed in MGA's Motion. In order to accommodate this discussion, the parties have also agreed that Mattel may file its Opposition, which was originally due today, on Wednesday August 12, and that MGA's Reply will be due on Wednesday August 19.

Best regards,

**Curran M. Walker | Quinn Emanuel Urquhart Oliver & Hedges, LLP** | 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017
Direct: +1.213.443.3702 | Main Phone: +1.213.443.3000 | Main Fax: +1.213.443.3100 | E-mail: curranwalker@quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 2
PAGE 1

EXHIBIT 3

**From:** Chaudoir, Christopher <cchaudoir@orrick.com>
**To:** Dylan Proctor
**Cc:** Molinski, William <wmolinski@orrick.com>; Hurst, Annette <ahurst@orrick.com>
**Sent:** Mon Aug 10 22:58:02 2009
**Subject:** MGA v. Mattel

Dylan,

Please see the attached correspondence.

Thank you.

Chris



O R R I C K

**CHRISTOPHER J. CHAUDOIR**
*Senior Associate*
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

8/18/2009

EXHIBIT _3_
PAGE _7_

*tel* 213-612-2299
*fax* 213-612-2499
cchaudoir@orrick.com

www.orrick.com

"EMF <orrick.com>" made the following annotations.
--------------------------------------------------------------------------
============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


============================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
============================================================
============================================================

EXHIBIT 3
PAGE 4



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CALIFORNIA 90017

*tel* +1-213-629-2020
*fax* +1-213-612-2499

WWW.ORRICK.COM

August 10, 2009

Christopher J. Chaudoir
(213) 612-2299
cchaudoir@orrick.com

*VIA E-MAIL*

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017
Facsimile No. 213 443 3100

Re:     MGA v. Mattel Inc.

Dear Dylan:

1.      On a mutually agreeable date no later than August 21, 2009, Quinn Emanuel Urquhart Oliver & Hedges ("Quinn") will make available the personal computers assigned to Traebe, Vargas, Machado, Brisbois and Castillo assigned to them at the time of their resignation from Mattel (the "Personal Computers").

2.      The hard drives from the Personal Computers will be made available to MGA's consultant, Stroz Friedberg ("Stroz"), located at 1925 Century Park East, Suite 1350, Los Angeles, California 90067.

3.      Mattel's consultant 42, LLC ("42") shall make forensically sound images of the hard drives (the "Hard Drive Images") in the presence of Stroz at Stroz's offices. The hard drives and the Hard Drive Images shall remain in the possession of 42 at all times. 42, however, shall make the Hard Drive Images available to Stroz for inspection at a mutually convenient time at Stroz's offices. Within ten (10) days of completion of the analyses authorized by this agreement, 42 shall return to Quinn its client's Personal Computers. 42 shall maintain a copy of the Hard Drive Images until final resolution of the *Bryant v. Mattel* case and the cases consolidated therewith and Quinn shall preserve the Personal Computers in their forensically intact form for the same duration. "Final resolution" shall mean entry of a non-appealable judgment or order dismissing all of the consolidated cases or thirty-days after the time to appeal or to seek relief from any judgment or order resolving the consolidated cases has lapsed and no appeal is taken or relief sought. At the time of final resolution, MGA, its counsel and Stroz shall comply with the terms of the Protective Order for destruction of any Hard Drive Information (as defined below), or other information regarding the hard drives or their contents, that remain in their possession.

4.      42 shall be allowed to observe every aspect of the inspection of the Hard Drive Images. At no time shall 42 interfere with or otherwise hinder the inspection, and if at any time Stroz

EXHIBIT 3
PAGE 9



ORRICK

B. Dylan Proctor, Esq.
August 10, 2009
Page 2

representatives are not present and an automated search or inspection process is being run (such as overnight), then 42 shall not take any steps to interfere with, affect, inspect, access or use the hardware or software running such process. Nothing herein shall limit in any way the ability of 42 to take steps necessary to prevent any unauthorized inspection by Stroz, including, among other things, any attempt by Stroz to gain access to the user-generated content on the Hard Drive Images other than as permitted herein. Should there be a disagreement between Stroz and 42 as to the propriety of any action taken by either of them, then all then-pending analyses shall cease immediately until the disagreement is resolved by counsel for Mattel and counsel for MGA, and/or the Court.

5.     With respect to the Hard Drive Images, Stroz may inspect them for any and all agreed-upon information (the "Hard Drive Information"). Stroz agrees not to access the content of any user-created data, except with respect to data residing in unallocated space which the parties agree cannot be inspected otherwise, and except as set forth herein.

   (a)   Hard Drive Information available for inspection shall include:

      (i)   information relating to the manufacture date and first use of each hard drive;

      (ii)   all available metadata and file information about recoverable deleted documents or files for which there remains an entry in the File System, including without limitation:

         (A)   whether, when and by whom any such information was deleted, destroyed, written over, lost, exported, moved, transferred or otherwise rendered inaccessible or unreadable;

         (B)   whether, when and by whom any attempts were made to delete, destroy, write over, export, move, transfer, or otherwise render inaccessible or unreadable any such information on the hard drives;

         (C)   the current or past presence or use of any hardware or software tool to accomplish any of the actions identified above;

         (D)   whether any information deleted, destroyed, written over, lost, exported, moved, transferred or otherwise rendered inaccessible or unreadable may be recovered; and

      (iii)   data residing in unallocated space.

OHS West:260708890.1

EXHIBIT 3
PAGE 10



ORRICK

B. Dylan Proctor, Esq.
August 10, 2009
Page 3

(b)     Stroz shall inspect the Hard Drive Images for Hard Drive Information using search terms and parameters that MGA will provide them. The parties anticipate that these terms and parameters will be specifically designed to identify the universe of Hard Drive Information only. Stroz will act in good faith to avoid inspection of any data other than Hard Drive Information, and specifically, with respect to data residing in unallocated space, will only inspect to the extent necessary to give content on either side of any search term hit. Except for such Hard Drive Information returned to Stroz under Section 6(d) below, Stroz shall not reveal to anyone (including MGA or its counsel) any user-generated content, other than such Hard Drive Information that Stroz is permitted under the terms of this agreement to reveal to MGA or its counsel, that it may view during the course of its inspection(s) of the Hard Drive Images. Notwithstanding the foregoing, non-user generated content relating to the Hard Drive Images may be shared with counsel for MGA without prior review by Quinn unless the consultants cannot agree whether specific information is non-user generated content. In that circumstance, counsel shall meet and confer in good faith to agree whether the disputed information is non-user generated or user-generated content.

(c)     Stroz shall provide to Quinn in electronic native format all recovered user-generated Hard Drive Information so that Quinn may identify non-responsive and privileged information, if any, and prepare a redaction or privilege log if necessary. With respect to Hard Drive Information comprised of data residing in unallocated space, Stroz will provide every byte of data surrounding a search term hit that was inspected for context.

(d)     Within ten (10) days of the time that Quinn receives the recovered Hard Drive Information in electronic native format – a time frame that shall be extended for a reasonable length of time upon request depending on the volume of recovered Hard Drive Information – Quinn will return to Stroz any responsive, non-privileged Hard Drive Information recovered from the Hard Drive Images. At that time, Quinn shall serve MGA with a redaction or privilege log identifying any recovered Hard Drive Information withheld as privileged.

6.     If any issue or question arises regarding the authenticity, correctness, integrity or completeness of the Hard Drive Information, then the parties shall meet and confer to resolve the issue and/or discuss whether any additional inspection is necessary. To the extent the parties are unable to resolve any issue or question, or to agree upon whether and the extent to which additional inspection is necessary, the parties reserve their rights to petition the Court to resolve the dispute. Nothing herein shall be deemed a consent or acquiescence by Mattel to any inspection by MGA beyond the terms of this agreement. Nor shall anything herein be deemed an acknowledgement by Mattel that the hard drives or any information contained therein are responsive to any discovery requests or subpoenas in the *Bryant v. Mattel* litigation.

EXHIBIT 3
PAGE 11



ORRICK

B. Dylan Proctor, Esq.
August 10, 2009
Page 4

7.      The Parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on any hard drive, or (b) the conduct, notes, searches, search terms, communications or any other act performed by any consultant or attorney in connection with the Hard Drive Images.

Should you have any questions regarding the foregoing, please do not hesitate to call.

Very truly yours,

/s/ Chris Chaudoir

Christopher J. Chaudoir


cc:     Annette Hurst
        William Molinski

EXHIBIT 3
PAGE 12

EXHIBIT 4

**From:** Dylan Proctor
**Sent:** Tuesday, August 11, 2009 5:13 PM
**To:** 'wmolinski@orrick.com'; 'cchaudoir@orrick.com'
**Cc:** Michael T Zeller
**Subject:** hard drive protocol

Bill and Chris, I've left vmails for you about the protocol you sent late last night.  I have some confidence that we're going to be able to work this issue out, but we need some more time to discuss with our client, consultants, etc.  Are you agreeable to putting off the opp and reply by another day so we can continue the meet and confer on this issue?  Please let me know as soon as you can.  Also, perhaps we can set up a time for tomorrow afternoon to have another discussion about the protocol.  Best--


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the

EXHIBIT  4
PAGE  13

recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT  4
PAGE  14

EXHIBIT 5

## Debbie Yeh

| From: | Dylan Proctor |
|---|---|
| Sent: | Wednesday, August 12, 2009 10:47 PM |
| To: | 'Molinski, William'; 'cchaudoir@orrick.com' |
| Cc: | Curran Walker |
| Subject: | protocol |
| Attachments: | 3051795_Ltr to Molinski re Proposed Inspection Protocol.DOC |

Bill and Chris, please see the attached which represents at least a first cut at a protocol that I believe is consistent with our conversation earlier today.  You'll see there is a blank for the specified drives, which we can add later -- I didn't want to hold up sending this to you for that info.  Please let me know your thoughts tomorrow if you can given our time constraints.  Best--


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com


The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 5
PAGE 15

August 12, 2009

<u>Via E-Mail</u>

William Molinski, Esq.
Christopher Chaudoir, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017

Re:     Mattel v. MGA

Dear Bill and Chris:

I write further to on our ongoing discussions regarding the inspection protocol for specified Mattel hard drive information. If the below is acceptable, please let us know and a formal stipulation can be prepared.

1.      On a mutually agreeable date, Mattel, Inc. ("Mattel") will make images of the following hard drives available to Stroz Friedburg ("Stroz"), MGA Entertainment, Inc.'s ("MGA") consultant:  [LIST OF DRIVES TO BE ADDED]

The parties acknowledge that, pursuant to the protocol set forth herein, the drives set forth above and the information contained therein shall be deemed to have been made available for inspection pursuant to the Federal Rules of Civil Procedure.

2.      The images will be made available for inspection at 42 LLC, 2596 Mission Street, Suite 203, San Marino, CA 91108 ("42 LLC"), which is a consultant identified by Mattel.

07975/3051795.1

**EXHIBIT** 5
**PAGE** 16

3.     At a time that is mutually convenient for both consultants, Mattel's consultant shall make the images available to Stroz so that it may perform an analysis of the images. Mattel's consultant shall provide essentials for the analysis to occur, such as electrical power, lighting, reasonable work space, and internet access. MGA's consultant shall provide any hardware necessary for the inspection. MGA's consultant shall not, however, remove any such hardware from 42 LLC until after the inspection has been completed and 42 LLC has inspected the hardware to ensure no privileged or confidential information is inadvertently removed from 42 LLC's possession. At no time shall the images be removed from 42 LLC's possession.

4.     42 LLC shall be allowed to observe the inspection of the images. At no time shall 42 LLC interfere with or otherwise hinder the inspection. If MGA's consultant is not present and a search or inspection is being run at any time, such as overnight, then 42 LLC shall not take any steps to interfere with, affect, inspect, access or use the hardware or software running any search.

5.     In order to determine whether any information on the hard drives was moved, copied, exported or otherwise transferred from the hard drives, MGA's consultant may, under the supervision of 42 LLC, inspect the images of the hard drives in their entirety.

       (a)     So that Mattel may identify privileged and/or confidential documents, if any, and prepare a privilege log and/or appropriately designate documents under the Protective Order, MGA's consultant shall export to drives in 42 LLC's possession all information it has inspected, identified or otherwise relied upon in conducting its analysis or reaching its conclusions (the "Information"). MGA's consultant shall not remove the Information from 42 LLC and shall not disclose any Information to the MGA Parties or their attorneys.

       (b)     Once MGA's consultant has concluded its inspection and exported the Information to 42 LLC, 42 LLC will promptly provide the Information to Mattel for review. Within twenty (20) days of the time that Mattel receives the Information, Mattel will provide MGA with all such Information, except for any such Information for which privilege is asserted. Mattel will also serve MGA with a privilege log identifying the Information, if any, withheld on privilege grounds.

       (c)     Prior to disclosing the Information to MGA, Mattel will designate the Information, where appropriate, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as provided in Paragraph 2 of the Protective Order.

6.     The Parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on any hard drive, or (b) the conduct, notes, searches, search terms, communications or any other act performed by any consultant or attorney in connection with these hard drives.


Very truly yours,
/s/
B. Dylan Proctor

EXHIBIT 5
PAGE 17

EXHIBIT 6

## Debbie Yeh

| | |
|---|---|
| **From:** | Chaudoir, Christopher [cchaudoir@orrick.com] |
| **Sent:** | Thursday, August 13, 2009 5:24 PM |
| **To:** | Dylan Proctor |
| **Cc:** | Curran Walker; Molinski, William |
| **Subject:** | RE: protocol |
| **Attachments:** | 3051795_Ltr to Molinski re Proposed Inspection Protocol.DOC |

Dylan,

Attached please find our proposed changes to the inspection protocol, which are consistent with our telephone call this afternoon. I have made the changes in the word document itself in track changes. If the revisions are acceptable, the only outstanding issue is whether 42 LLC will provide the analysis machines for use by Stroz. As I mention in the revisions, I have been informed that Stroz extended this same courtesy to 42 LLC. Please let us know.

Thanks.

Chris

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Wednesday, August 12, 2009 10:47 PM
**To:** Molinski, William; Chaudoir, Christopher
**Cc:** Curran Walker
**Subject:** protocol

Bill and Chris, please see the attached which represents at least a first cut at a protocol that I believe is consistent with our conversation earlier today. You'll see there is a blank for the specified drives, which we can add later -- I didn't want to hold up sending this to you for that info. Please let me know your thoughts tomorrow if you can given our time constraints. Best--

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**EXHIBIT U
PAGE 18**

"EMF <orrick.com>" made the following annotations.
------------------------------------------------------------------------
==========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


==========================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
=========================================================
================================================================================

EXHIBIT V
PAGE 14

August 12, 2009

<u>VIA E-MAIL</u>

William Molinski, Esq.
Christopher Chaudoir, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017

Re:   <u>Mattel v. MGA</u>

Dear Bill and Chris:

I write further to on our ongoing discussions regarding the inspection protocol for specified Mattel hard drive information.  If the below is acceptable, please let us know and a formal stipulation can be prepared.

1.      On a mutually agreeable date, Mattel, Inc. ("Mattel") will make <u>forensic duplicate</u> images of the following hard drives available to Stroz Friedburg ("Stroz"), MGA Entertainment, Inc.'s ("MGA") consultant:  [LIST OF DRIVES TO BE ADDED]

The parties acknowledge that, pursuant to the protocol set forth herein, the drives set forth above and the information contained therein shall be deemed to have been made available for inspection pursuant to the Federal Rules of Civil Procedure.

2.      The images will be made available for inspection at 42 LLC, 2596 Mission Street, Suite 203, San Marino, CA 91108 ("42 LLC"), which is a consultant identified by Mattel.

07975/3051795.1

EXHIBIT ⸦
PAGE 20

3.     At a time that is mutually convenient for both consultants and no later than August 28, 2009, Mattel's consultant shall make the images available to Stroz so that it may perform an analysis of the images. Mattel's consultant shall provide essentials for the analysis to occur, such as electrical power, lighting, reasonable work space, and internet access. MGA's consultant shall provide any hardware necessary for the inspection. [Please inquire of 42 LLC whether they will provide the necessary machines. I have been told that Stroz extended this courtesy to 42 LLC with respect to the Larian review and we would appreciate the same] MGA's consultant shall not, however, remove any such hardware from 42 LLC until after the inspection has been completed and 42 LLC has inspected the hardware to ensure no privileged or confidential information is inadvertently removed from 42 LLC's possession. At no time shall the images be removed from 42 LLC's possession.

4.     42 LLC shall be allowed to observe the inspection of the images. At no time shall 42 LLC interfere with or otherwise hinder the inspection. If MGA's consultant is not present and a search or inspection is being run at any time, such as overnight, then 42 LLC shall not take any steps to interfere with, affect, inspect, access or use the hardware or software running any search.

5.     In order to determine whether any information on the hard drives was moved, copied, exported or otherwise transferred from the hard drives, MGA's consultant may, under the supervision of 42 LLC, inspect the images of the hard drives in their entirety.

        (a)     So that Mattel may identify privileged and/or confidential documents, if any, and prepare a privilege log and/or appropriately designate documents under the Protective Order, MGA's consultant shall export to drives in 42 LLC's possession all user-generated information in its electronic native format that it has inspected, identified or otherwise relied upon in conducting its analysis or reaching its conclusions (the "Information"). MGA's consultant shall not remove the Information from 42 LLC and shall not disclose any Information to the MGA Parties or their attorneys. Notwithstanding the foregoing, non-user generated content may be shared with counsel for MGA without prior review by Quinn unless the consultants cannot agree whether specific information is non-user generated content. In that circumstance, counsel shall meet and confer in good faith to agree whether the dispute information is non-user generated or user-generated content.

        (b)     Once MGA's consultant has concluded its inspection and exported the Information to 42 LLC, 42 LLC will promptly provide the Information to Mattel for review. Within twenty (20) days of the time that Mattel receives the Information, Mattel will provide MGA with all such Information, except for any such Information for which privilege is asserted. Mattel will also serve MGA with a privilege log identifying the Information, if any, withheld on privilege grounds.

        (c)     Prior to disclosing the Information to MGA, Mattel will designate the Information, where appropriate, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as provided in Paragraph 2 of the Protective Order.

6.     The Parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on

EXHIBIT U
PAGE 21

any hard drive, or (b) the conduct, notes, searches, search terms, communications or any other act performed by any consultant or attorney in connection with these hard drives.

Very truly yours,
/s/
B. Dylan Proctor

3

EXHIBIT ___
PAGE ___

EXHIBIT 7

## Debbie Yeh

| | |
|---|---|
| **From:** | Dylan Proctor |
| **Sent:** | Saturday, August 15, 2009 11:29 AM |
| **To:** | 'Molinski, William'; 'cchaudoir@orrick.com' |
| **Cc:** | Curran Walker |
| **Subject:** | protocol |
| **Attachments:** | 3055389_Counter Proposal re Inspection Protocol.DOC.DOC |

Well, I think we're getting close. here is the latest of this on our end.  As for 42 supplying the hardware, they said they would have to purchase new systems to do so so don't think that's going to work.  Otherwise, please let me know if you all are good with this.  It would be great if we could get this resolved this weekend (if it's going to take to monday, we should push the briefing out by one more day since the opp is now due monday).  regards--

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

August 12, 2009

<u>VIA E-MAIL</u>

William Molinski, Esq.
Christopher Chaudoir, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017

Re:     <u>Mattel v. MGA</u>

Dear Bill and Chris:

I write further to on our ongoing discussions regarding the inspection protocol for specified Mattel hard drive information.  If the below is acceptable, please let us know and a formal stipulation can be prepared.

1.      On a mutually agreeable date, Mattel, Inc. ("Mattel") will make forensic duplicate images of the following hard drives available to Stroz Friedburg ("Stroz"), MGA Entertainment, Inc.'s ("MGA") consultant:  ~~[LIST OF DRIVES TO BE ADDED]~~<u>Mattel-050704-002, Mattel-050704-003, Mattel-050704-004, MattelBrisbois-102605, 30809405, 30809406, 30809407 and 30809408.</u>

The parties acknowledge that, pursuant to the protocol set forth herein, the drives set forth above and the information contained therein shall be deemed to have been made available for inspection pursuant to the Federal Rules of Civil Procedure.

2.      The images will be made available for inspection at 42 LLC, 2596 Mission Street, Suite 203, San Marino, CA 91108 ("42 LLC"), which is a consultant identified by Mattel.  <u>Stroz shall</u>

EXHIBIT 7
PAGE 24

adhere to the terms of the Protective Order in this action governing the use of information produced in discovery.

3.     At a time that is mutually convenient for both consultants and no later than August 28, 2009, Mattel's consultant shall make the images available to Stroz so that it may perform an analysis of the images.  Mattel's consultant shall provide essentials for the analysis to occur, such as electrical power, lighting, reasonable work space, and internet access.  MGA's consultant shall provide any hardware necessary for the inspection.  [Please inquire of 42 LLC whether they will provide the necessary machines.  I have been told that Stroz extended this courtesy to 42 LLC with respect to the Larian review and we would appreciate the same]  MGA's consultant shall not, however, remove any such hardware from 42 LLC until after the inspection has been completed and 42 LLC has inspected the hardware to ensure no privileged or confidential information is inadvertently removed from 42 LLC's possession.  At no time shall the images be removed from 42 LLC's possession.

4.     42 LLC shall be allowed to observe the inspection of the images.  At no time shall 42 LLC interfere with or otherwise hinder the inspection.  If MGA's consultant is not present and a search or inspection is being run at any time, such as overnight, then 42 LLC shall not take any steps to interfere with, affect, inspect, access or use the hardware or software running any search.

5.     In order to determine whether any information on the hard drives was moved, copied, exported or otherwise transferred from the hard drives, MGA's consultant may, under the supervision of 42 LLC, inspect the images of the hard drives in their entirety.

        (a)     So that Mattel may identify privileged and/or confidential documents, if any, and prepare a privilege log and/or appropriately designate documents under the Protective Order, MGA's consultant shall export to drives in 42 LLC's possession all user-generated information in its electronic native format that it has inspected, identified or otherwise relied upon in conducting its analysis or reaching its conclusions (the "Information").  MGA's consultant shall not remove the Information from 42 LLC and shall not disclose any Information to anyone, including but not limited to the MGA Parties and their attorneys, other than 42 LLCthe MGA Parties or their attorneys.

        Notwithstanding the foregoing, non-user generated content may be shared with counsel for MGA without prior review by Quinn unless the consultants cannot agree whether specific information is non-user generated content.  In that circumstance, counsel shall meet and confer in good faith to agree whether the dispute information is non-user generated or user-generated content.

        (bb)     Once MGA's consultant has concluded its inspection and exported the Information to 42 LLC, 42 LLC will promptly provide the Information to Quinn Emanuel, on behalf of Mattel, for review.  Within twenty (20) days of the time that Mattel receives the Information, Mattel will provide MGA with all such Information, except for any such Information for which privilege is asserted.  Mattel will also serve MGA with a privilege log identifying the Information, if any, withheld on privilege grounds.

EXHIBIT  1
PAGE  25

(ce)   Prior to disclosing the Information to MGA, Mattel will designate the Information, where appropriate, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as provided in Paragraph 2 of the Protective Order.

(d)   Notwithstanding the foregoing, non-user generated content may, subject to the terms below, be disclosed by Stroz to outside counsel for MGA without prior review by Quinn Emanuel. All such Information shall be, and hereby is, designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by Mattel as provided in Paragraph 2 of the Protective Order. Without exception, Stroz may provide non-user generated content to outside counsel for MGA only after (1) the Information has been provided to 42 LLC, and (2) 42 LLC has reviewed such content to ensure that it is non-user generated. If the consultants cannot agree whether specific information is non-user generated content, counsel shall meet and confer in good faith to agree whether the disputed information is non-user generated or user-generated content. No Information shall be provided by Stroz to MGA without the prior written approval of either 42 LLC or counsel for Mattel.

6.   The Parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on any hard drive, or (b) the conduct, notes, searches, search terms, communications or any other act performed by any consultant or attorney in connection with these hard drives.

Very truly yours,
/s/
B. Dylan Proctor
07975/3055389.1

EXHIBIT 7
PAGE 70

EXHIBIT 8

**From:** Dylan Proctor
**Sent:** Monday, August 17, 2009 11:31 AM
**To:** 'cchaudoir@orrick.com'
**Subject:** confirming

that, to continue our meet and confer on the protocol, we've pushed off the opp to MGA's RFPs due today until
tomorrow, with the reply due next tuesday.  best-


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have

EXHIBIT  8
PAGE  31

received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT  8
PAGE  28

EXHIBIT 9

## Debbie Yeh

| | |
|---|---|
| **From:** | Chaudoir, Christopher [cchaudoir@orrick.com] |
| **Sent:** | Monday, August 17, 2009 1:12 PM |
| **To:** | Dylan Proctor; Molinski, William |
| **Cc:** | Curran Walker |
| **Subject:** | RE: protocol |
| **Attachments:** | 260712005_1.DOC |

Dylan,

In furtherance of our telephone discussion this morning, attached please find a slightly revised protocol. I have incorporated language to address your concern that Mattel's consultant be allowed to review non-user generated content prior to disclosure by MGA's consultant to MGA.

Assuming this is acceptable, please incorporate the revisions into your letter and provide us with the final copy.

Chris

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Saturday, August 15, 2009 11:29 AM
**To:** Molinski, William; Chaudoir, Christopher
**Cc:** Curran Walker
**Subject:** protocol

Well, I think we're getting close. here is the latest of this on our end. As for 42 supplying the hardware, they said they would have to purchase new systems to do so so don't think that's going to work. Otherwise, please let me know if you all are good with this. It would be great if we could get this resolved this weekend (if it's going to take to monday, we should push the briefing out by one more day since the opp is now due monday). regards--


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


"EMF <orrick.com>" made the following annotations.
-----------------------------------------------------------------------------

EXHIBIT 9
PAGE 71

============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


============================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
============================================================
================================================================================

EXHIBIT  9
PAGE  30

August 12, 2009

<u>VIA E-MAIL</u>

William Molinski, Esq.
Christopher Chaudoir, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017


Re:    Mattel v. MGA


Dear Bill and Chris:

I write further to on our ongoing discussions regarding the inspection protocol for specified
Mattel hard drive information.  If the below is acceptable, please let us know and a formal
stipulation can be prepared.

1.      On a mutually agreeable date, Mattel, Inc. ("Mattel") will make forensic duplicate
images of the following hard drives available to Stroz Friedburg ("Stroz"), MGA Entertainment,
Inc.'s ("MGA") consultant:  [LIST OF DRIVES TO BE ADDED]Mattel-050704-002, Mattel-
050704-003, Mattel-050704-004, MattelBrisbois-102605, 30809405, 30809406, 30809407 and
30809408.


07975/3055389.107975/3051795.1


OHS West:260712005.1

EXHIBIT 9
PAGE 31

The parties acknowledge that, pursuant to the protocol set forth herein, the drives set forth above and the information contained therein shall be deemed to have been made available for inspection pursuant to the Federal Rules of Civil Procedure.

2.      The images will be made available for inspection at 42 LLC, 2596 Mission Street, Suite 203, San Marino, CA 91108 ("42 LLC"), which is a consultant identified by Mattel. Stroz shall adhere to the terms of the Protective Order in this action governing the use of information produced in discovery.

3.      At a time that is mutually convenient for both consultants and no later than August 28, 2009, Mattel's consultant shall make the images available to Stroz so that it may perform an analysis of the images. Mattel's consultant shall provide essentials for the analysis to occur, such as electrical power, lighting, reasonable work space, and internet access. MGA's consultant shall provide any hardware necessary for the inspection. [Please inquire of 42 LLC whether they will provide the necessary machines. I have been told that Stroz extended this courtesy to 42 LLC with respect to the Larian review and we would appreciate the same] MGA's consultant shall not, however, remove any such hardware from 42 LLC until after the inspection has been completed and 42 LLC has inspected the hardware to ensure no privileged or confidential information is inadvertently removed from 42 LLC's possession. At no time shall the images be removed from 42 LLC's possession.

4.      42 LLC shall be allowed to observe the inspection of the images. At no time shall 42 LLC interfere with or otherwise hinder the inspection. If MGA's consultant is not present and a search or inspection is being run at any time, such as overnight, then 42 LLC shall not take any steps to interfere with, affect, inspect, access or use the hardware or software running any search.

5.      In order to determine whether any information on the hard drives was moved, copied, exported or otherwise transferred from the hard drives, MGA's consultant may, under the supervision of 42 LLC, inspect the images of the hard drives in their entirety.

        (a)      So that Mattel may identify privileged and/or confidential documents, if any, and prepare a privilege log and/or appropriately designate documents under the Protective Order, MGA's consultant shall export to drives in 42 LLC's possession all user-generated user generated information in its electronic native format that it has inspected, identified or otherwise relied upon in conducting its analysis or reaching its conclusions (the "Information"). MGA's consultant shall not remove the Information from 42 LLC and shall not disclose any Information to anyone, including but not limited to the MGA Parties and their attorneys, other than 42 LLCthe MGA Parties or their attorneys.

        Notwithstanding the foregoing, non-user generated content may be shared with counsel for MGA without prior review by Quinn unless the consultants cannot agree whether specific information is non-user generated content. In that circumstance, counsel shall meet and confer in good faith to agree whether the dispute information is non-user generated or user-generated content.

        (bb)      Once MGA's consultant has concluded its inspection and exported the Information to 42 LLC, 42 LLC will promptly provide the Information to Quinn Emanuel, on

EXHIBIT 9
PAGE 32

behalf of Mattel, for review.  Within twenty (20) days of the time that Mattel receives the Information, Mattel will provide MGA with all such Information, except for any such Information for which privilege is asserted.  Mattel will also serve MGA with a privilege log identifying the Information, if any, withheld on privilege grounds.

(ce)     Prior to disclosing the Information to MGA, Mattel will designate the Information, where appropriate, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as provided in Paragraph 2 of the Protective Order.

_____(d)     Notwithstanding the foregoing, non-user generated content may, subject to the terms below, be disclosed by Stroz to outside counsel for MGA without prior review by Quinn Emanuel.  All such Information shall be, and hereby is, designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by Mattel as provided in Paragraph 2 of the Protective Order. Before disclosure to outside counsel for MGA, MGA's consultant shall allow 42 LLC to inspect any ~~Without exception, Stroz may provide~~ non-user generated information to verify within two days that the information is in fact non-user generated content.~~content to outside counsel for MGA only after (1) the Information has been provided to 42 LLC, and (2) 42 LLC has reviewed such content to ensure that it is non-user generated.~~ If the consultants cannot agree whether specific information is non-user generated content, counsel shall meet and confer in good faith to agree whether the disputed information is non-user generated or user-generated content. ~~No Information shall be provided by Stroz to MGA without the prior written approval of either 42 LLC or counsel for Mattel.~~

6.     The Parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on any hard drive, or (b) the conduct, notes, searches, search terms, communications or any other act performed by any consultant or attorney in connection with these hard drives.


Very truly yours,

/s/

B. Dylan Proctor

07975/3055389.1

EXHIBIT 9
PAGE 33

EXHIBIT 10

**From:** Dylan Proctor
**Sent:** Monday, August 17, 2009 8:45 PM
**To:** 'Chaudoir, Christopher'; 'Molinski, William'
**Cc:** Curran Walker
**Subject:** RE: protocol

Chris, attached is our responsive proposal, showing the changes from the draft you sent to day.  Let us know if
this works.  I've added back the last sentence as you'll see.


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com    .

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible

EXHIBIT 10
PAGE 31

for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Monday, August 17, 2009 1:12 PM
**To:** Dylan Proctor; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Dylan,

In furtherance of our telephone discussion this morning, attached please find a slightly revised protocol. I have
incorporated language to address your concern that Mattel's consultant be allowed to review non-user generated
content prior to disclosure by MGA's consultant to MGA.

Assuming this is acceptable, please incorporate the revisions into your letter and provide us with the final copy.

Chris

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Saturday, August 15, 2009 11:29 AM
**To:** Molinski, William; Chaudoir, Christopher
**Cc:** Curran Walker
**Subject:** protocol

Well, I think we're getting close. here is the latest of this on our end. As for 42 supplying the hardware, they said
they would have to purchase new systems to do so so don't think that's going to work. Otherwise, please let me
know if you all are good with this. It would be great if we could get this resolved this weekend (if it's going to take
to monday, we should push the briefing out by one more day since the opp is now due monday). regards--

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above. This message may be an attorney-client communication and/or work product and as
such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

"EMF <orrick.com>" made the following annotations.

EXHIBIT __10__
PAGE __35__

------------------------------------------------------------------------
========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


========================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
========================================================
========================================================================

EXHIBIT 10
PAGE 30

August 127, 2009

**VIA E-MAIL**

William Molinski, Esq.
Christopher Chaudoir, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017

Re:     Mattel v. MGA

Dear Bill and Chris:

I write further to on our ongoing discussions regarding the inspection protocol for specified
Mattel hard drive information.  If the below is acceptable, please let us know and a formal
stipulation can be prepared.

1.        On a mutually agreeable date, Mattel, Inc. ("Mattel") will make forensic duplicate
images of the following hard drives available to Stroz Friedburg ("Stroz"), MGA Entertainment,
Inc.'s ("MGA") consultant:  Mattel-050704-002, Mattel-050704-003, Mattel-050704-004,
MattelBrisbois-102605, 30809405, 30809406, 30809407 and 30809408.

07209/3058616.1

OHS West:260712005.1

**EXHIBIT** 10
**PAGE** 37

The parties acknowledge that, pursuant to the protocol set forth herein, the drives set forth above and the information contained therein shall be deemed to have been made available for inspection pursuant to the Federal Rules of Civil Procedure.

2.      The images will be made available for inspection at 42 LLC, 2596 Mission Street, Suite 203, San Marino, CA 91108 ("42 LLC"), which is a consultant identified by Mattel. Stroz shall adhere to the terms of the Protective Order in this action governing the use of information produced in discovery.

3.      At a time that is mutually convenient for both consultants and no later than August 28, 2009, Mattel's consultant shall make the images available to Stroz so that it may perform an analysis of the images. Mattel's consultant shall provide essentials for the analysis to occur, such as electrical power, lighting, reasonable work space, and internet access. MGA's consultant shall provide any hardware necessary for the inspection. MGA's consultant shall not, however, remove any such hardware from 42 LLC until after the inspection has been completed and 42 LLC has inspected the hardware to ensure no privileged or confidential information is inadvertently removed from 42 LLC's possession. At no time shall the images be removed from 42 LLC's possession.

4.      42 LLC shall be allowed to observe the inspection of the images. At no time shall 42 LLC interfere with or otherwise hinder the inspection. If MGA's consultant is not present and a search or inspection is being run at any time, such as overnight, then 42 LLC shall not take any steps to interfere with, affect, inspect, access or use the hardware or software running any search.

5.      In order to determine whether any information on the hard drives was moved, copied, exported or otherwise transferred from the hard drives, MGA's consultant may, under the supervision of 42 LLC, inspect the images of the hard drives in their entirety.

        (a)     So that Mattel may identify privileged and/or confidential documents, if any, and prepare a privilege log and/or appropriately designate documents under the Protective Order, MGA's consultant shall export to drives in 42 LLC's possession all user-generated information in its electronic native format that it has inspected, identified or otherwise relied upon in conducting its analysis or reaching its conclusions (the "Information"). MGA's consultant shall not remove the Information from 42 LLC and shall not disclose any Information to anyone, including but not limited to the MGA Parties and their attorneys, other than 42 LLC.

        (b)     Once MGA's consultant has concluded its inspection and exported the Information to 42 LLC, 42 LLC will promptly designate the Information to Quinn Emanuel, on behalf of Mattel, for review. Within twenty (20) days of the time that Mattel receives the Information, Mattel will provide MGA with all such Information, except for any such Information for which privilege is asserted. Mattel will also serve MGA with a privilege log identifying the Information, if any, withheld on privilege grounds.

        (c)     Prior to disclosing the Information to MGA, Mattel will designate the Information, where appropriate, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as provided in Paragraph 2 of the Protective Order.

EXHIBIT 10
PAGE 36

(d)      Notwithstanding the foregoing, non-user generated content may, subject to the terms below, be disclosed by Stroz to outside counsel for MGA without prior review by Quinn Emanuel.  All such iInformation shall be, and hereby is, designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by Mattel as provided in Paragraph 2 of the Protective Order. Before disclosure to outside counsel for MGA, MGA's consultant shall allow 42 LLC to inspect any non-user generated information which Stroz intends to disclose to verify, within two five days, that the information is in fact non-user generated content.  If the consultants cannot agree whether specific information is non-user generated content, counsel shall meet and confer in good faith to agree whether the disputed information is non-user generated or user-generated content.  No iInformation shall be provided by Stroz to MGA without the prior written approval of 42 LLC or counsel for Mattel.

6.      The Parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on any hard drive, or (b) the conduct, notes, searches, search terms, communications or any other act performed by any consultant or attorney in connection with these hard drives.


Very truly yours,
/s/
B. Dylan Proctor
07209/3058616.1

EXHIBIT  10
PAGE  39

EXHIBIT 11

**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Tuesday, August 18, 2009 10:54 AM
**To:** Dylan Proctor; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Dylan,

I've revised the last sentence in paragraph 5(d).  As revised, it still protects Mattel from
the unintentional disclosure of privileged information, which I understand to be your primary concern, while
allowing for the disclosure of the non-user generated information without the need for written approval.

Chris

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Monday, August 17, 2009 8:45 PM
**To:** Chaudoir, Christopher; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Chris, attached is our responsive proposal, showing the changes from the draft you sent to day.  Let us know if
this works.  I've added back the last sentence as you'll see.

EXHIBIT  ||
PAGE  40

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Monday, August 17, 2009 1:12 PM
**To:** Dylan Proctor; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Dylan,

In furtherance of our telephone discussion this morning, attached please find a slightly revised protocol.  I have
incorporated language to address your concern that Mattel's consultant be allowed to review non-user generated
content prior to disclosure by MGA's consultant to MGA.

Assuming this is acceptable, please incorporate the revisions into your letter and provide us with the final copy.

Chris

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Saturday, August 15, 2009 11:29 AM
**To:** Molinski, William; Chaudoir, Christopher
**Cc:** Curran Walker
**Subject:** protocol

Well, I think we're getting close.  here is the latest of this on our end.  As for 42 supplying the hardware, they said
they would have to purchase new systems to do so so don't think that's going to work.  Otherwise, please let me
know if you all are good with this.  It would be great if we could get this resolved this weekend (if it's going to take
to monday, we should push the briefing out by one more day since the opp is now due monday).  regards--

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000

EXHIBIT __11__
PAGE __41__

Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above. This message may be an attorney-client communication and/or work product and as
such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.


"EMF <orrick.com>" made the following annotations.
-------------------------------------------------------------------
===========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


===========================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
===========================================================
===============================================================

EXHIBIT  ll
PAGE  42

August 12 7, 2009

**VIA E-MAIL**

William Molinski, Esq.
Christopher Chaudoir, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017

Re:   Mattel v. MGA

Dear Bill and Chris:

I write further to on our ongoing discussions regarding the inspection protocol for specified Mattel hard drive information.  If the below is acceptable, please let us know and a formal stipulation can be prepared.

1.        On a mutually agreeable date, Mattel, Inc. ("Mattel") will make forensic duplicate images of the following hard drives available to Stroz Friedburg ("Stroz"), MGA Entertainment, Inc.'s ("MGA") consultant:  Mattel-050704-002, Mattel-050704-003, Mattel-050704-004, MattelBrisbois-102605, 30809405, 30809406, 30809407 and 30809408.

07209/3058616.1

OHS West:260712005.1

EXHIBIT  11
PAGE  43

The parties acknowledge that, pursuant to the protocol set forth herein, the drives set forth above and the information contained therein shall be deemed to have been made available for inspection pursuant to the Federal Rules of Civil Procedure.

2.      The images will be made available for inspection at 42 LLC, 2596 Mission Street, Suite 203, San Marino, CA 91108 ("42 LLC"), which is a consultant identified by Mattel.  Stroz shall adhere to the terms of the Protective Order in this action governing the use of information produced in discovery.

3.      At a time that is mutually convenient for both consultants and no later than August 28, 2009, Mattel's consultant shall make the images available to Stroz so that it may perform an analysis of the images.  Mattel's consultant shall provide essentials for the analysis to occur, such as electrical power, lighting, reasonable work space, and internet access.  MGA's consultant shall provide any hardware necessary for the inspection.  MGA's consultant shall not, however, remove any such hardware from 42 LLC until after the inspection has been completed and 42 LLC has inspected the hardware to ensure no privileged or confidential information is inadvertently removed from 42 LLC's possession.  At no time shall the images be removed from 42 LLC's possession.

4.      42 LLC shall be allowed to observe the inspection of the images.  At no time shall 42 LLC interfere with or otherwise hinder the inspection.  If MGA's consultant is not present and a search or inspection is being run at any time, such as overnight, then 42 LLC shall not take any steps to interfere with, affect, inspect, access or use the hardware or software running any search.

5.      In order to determine whether any information on the hard drives was moved, copied, exported or otherwise transferred from the hard drives, MGA's consultant may, under the supervision of 42 LLC, inspect the images of the hard drives in their entirety.

        (a)     So that Mattel may identify privileged and/or confidential documents, if any, and prepare a privilege log and/or appropriately designate documents under the Protective Order, MGA's consultant shall export to drives in 42 LLC's possession all user-generated information in its electronic native format that it has inspected, identified or otherwise relied upon in conducting its analysis or reaching its conclusions (the "Information").  MGA's consultant shall not remove the Information from 42 LLC and shall not disclose any Information to anyone, including but not limited to the MGA Parties and their attorneys, other than 42 LLC.

        (b)     Once MGA's consultant has concluded its inspection and exported the Information to 42 LLC, 42 LLC will promptly provide the Information to Quinn Emanuel, on behalf of Mattel, for review.  Within twenty (20) days of the time that Mattel receives the Information, Mattel will provide MGA with all such Information, except for any such Information for which privilege is asserted.  Mattel will also serve MGA with a privilege log identifying the Information, if any, withheld on privilege grounds.

        (c)     Prior to disclosing the Information to MGA, Mattel will designate the Information, where appropriate, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as provided in Paragraph 2 of the Protective Order.

EXHIBIT   ll
PAGE   44

(d)     Notwithstanding the foregoing, non-user generated content may, subject to the terms below, be disclosed by Stroz to outside counsel for MGA without prior review by Quinn Emanuel. All such iInformation shall be, and hereby is, designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by Mattel as provided in Paragraph 2 of the Protective Order. Before disclosure to outside counsel for MGA, MGA's consultant shall allow 42 LLC to inspect any non-user generated information which Stroz intends to disclose to verify, within two five days, that the information is in fact non-user generated content. If the consultants cannot agree whether specific information is non-user generated content, counsel shall meet and confer in good faith to agree whether the disputed information is non-user generated or user-generated content.  In the event that Mattel claims that information that Stroz asserts is non-user generated contains privileged information, that information shall not No iInformation shall be provided by Stroz to MGA without the prior written approval of 42 LLC or counsel for Mattel or by order of the Court.

6.     The Parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on any hard drive, or (b) the conduct, notes, searches, search terms, communications or any other act performed by any consultant or attorney in connection with these hard drives.


Very truly yours,
/s/
B. Dylan Proctor
07209/3058616.1

EXHIBIT  11
PAGE  45

EXHIBIT 12

**From:** Dylan Proctor
**Sent:** Tuesday, August 18, 2009 11:06 AM
**To:** 'Chaudoir, Christopher'; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Chris, this change doesn't work.  The whole point of the procedure we've been talking about is so that 42 can review certain information without conducting a privilege review, which Quinn needs to do.  So how can they say whether privileged information is at issue?


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com


The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible

EXHIBIT  12
PAGE  46

for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Tuesday, August 18, 2009 10:54 AM
**To:** Dylan Proctor; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Dylan,

I've revised the last sentence in paragraph 5(d).  As revised, it still protects Mattel from
the unintentional disclosure of privileged information, which I understand to be your primary concern, while
allowing for the disclosure of the non-user generated information without the need for written approval.

Chris

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Monday, August 17, 2009 8:45 PM
**To:** Chaudoir, Christopher; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Chris, attached is our responsive proposal, showing the changes from the draft you sent to day.  Let us know if
this works.  I've added back the last sentence as you'll see.


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com


The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.


---

**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Monday, August 17, 2009 1:12 PM
**To:** Dylan Proctor; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

EXHIBIT 12
PAGE 47

Dylan,

In furtherance of our telephone discussion this morning, attached please find a slightly revised protocol.  I have incorporated language to address your concern that Mattel's consultant be allowed to review non-user generated content prior to disclosure by MGA's consultant to MGA.

Assuming this is acceptable, please incorporate the revisions into your letter and provide us with the final copy.

Chris

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Saturday, August 15, 2009 11:29 AM
**To:** Molinski, William; Chaudoir, Christopher
**Cc:** Curran Walker
**Subject:** protocol

Well, I think we're getting close.  here is the latest of this on our end.  As for 42 supplying the hardware, they said they would have to purchase new systems to do so so don't think that's going to work.  Otherwise, please let me know if you all are good with this.  It would be great if we could get this resolved this weekend (if it's going to take to monday, we should push the briefing out by one more day since the opp is now due monday).  regards--

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

```
"EMF <orrick.com>" made the following annotations.
-----------------------------------------------------------------------------
=============================================================
```

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.

EXHIBIT 12
PAGE 48

============================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
=======================================================
=============================================================================

EXHIBIT __12
PAGE __49

EXHIBIT 13

**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Tuesday, August 18, 2009 11:31 AM
**To:** Dylan Proctor; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Dylan,

Per our telephone discussion, please find a revised protocol.

Chris

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Tuesday, August 18, 2009 11:06 AM
**To:** Chaudoir, Christopher; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Chris, this change doesn't work.  The whole point of the procedure we've been talking about is so that 42 can review certain information without conducting a privilege review, which Quinn needs to do.  So how can they say whether privileged information is at issue?

EXHIBIT 13
PAGE 50

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Tuesday, August 18, 2009 10:54 AM
**To:** Dylan Proctor; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Dylan,

I've revised the last sentence in paragraph 5(d).  As revised, it still protects Mattel from the unintentional disclosure of privileged information, which I understand to be your primary concern, while allowing for the disclosure of the non-user generated information without the need for written approval.

Chris

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Monday, August 17, 2009 8:45 PM
**To:** Chaudoir, Christopher; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Chris, attached is our responsive proposal, showing the changes from the draft you sent to day.  Let us know if this works.  I've added back the last sentence as you'll see.

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

EXHIBIT 13
PAGE 31

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Monday, August 17, 2009 1:12 PM
**To:** Dylan Proctor; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Dylan,

In furtherance of our telephone discussion this morning, attached please find a slightly revised protocol.  I have
incorporated language to address your concern that Mattel's consultant be allowed to review non-user generated
content prior to disclosure by MGA's consultant to MGA.

Assuming this is acceptable, please incorporate the revisions into your letter and provide us with the final copy.

Chris

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Saturday, August 15, 2009 11:29 AM
**To:** Molinski, William; Chaudoir, Christopher
**Cc:** Curran Walker
**Subject:** protocol

Well, I think we're getting close.  here is the latest of this on our end.  As for 42 supplying the hardware, they said
they would have to purchase new systems to do so so don't think that's going to work.  Otherwise, please let me
know if you all are good with this.  It would be great if we could get this resolved this weekend (if it's going to take
to monday, we should push the briefing out by one more day since the opp is now due monday).  regards--

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 13
PAGE 62

"EMF <orrick.com>" made the following annotations.
-------------------------------------------------------------------------
==========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.

==========================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
==========================================================
==============================================================================

EXHIBIT 13
PAGE 53

August 12, 2009

<u>**VIA E-MAIL**</u>

William Molinski, Esq.
Christopher Chaudoir, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017


Re:     <u>Mattel v. MGA</u>

Dear Bill and Chris:

I write further to on our ongoing discussions regarding the inspection protocol for specified Mattel hard drive information.  If the below is acceptable, please let us know and a formal stipulation can be prepared.

1.      On a mutually agreeable date, Mattel, Inc. ("Mattel") will make forensic duplicate images of the following hard drives available to Stroz Friedburg ("Stroz"), MGA Entertainment, Inc.'s ("MGA") consultant:  Mattel-050704-002, Mattel-050704-003, Mattel-050704-004, MattelBrisbois-102605, 30809405, 30809406, 30809407 and 30809408.


07209/3058616.1

EXHIBIT 13
PAGE 54

The parties acknowledge that, pursuant to the protocol set forth herein, the drives set forth above and the information contained therein shall be deemed to have been made available for inspection pursuant to the Federal Rules of Civil Procedure.

2.     The images will be made available for inspection at 42 LLC, 2596 Mission Street, Suite 203, San Marino, CA 91108 ("42 LLC"), which is a consultant identified by Mattel. Stroz shall adhere to the terms of the Protective Order in this action governing the use of information produced in discovery.

3.     At a time that is mutually convenient for both consultants and no later than August 28, 2009, Mattel's consultant shall make the images available to Stroz so that it may perform an analysis of the images. Mattel's consultant shall provide essentials for the analysis to occur, such as electrical power, lighting, reasonable work space, and internet access. MGA's consultant shall provide any hardware necessary for the inspection. MGA's consultant shall not, however, remove any such hardware from 42 LLC until after the inspection has been completed and 42 LLC has inspected the hardware to ensure no privileged or confidential information is inadvertently removed from 42 LLC's possession. At no time shall the images be removed from 42 LLC's possession.

4.     42 LLC shall be allowed to observe the inspection of the images. At no time shall 42 LLC interfere with or otherwise hinder the inspection. If MGA's consultant is not present and a search or inspection is being run at any time, such as overnight, then 42 LLC shall not take any steps to interfere with, affect, inspect, access or use the hardware or software running any search.

5.     In order to determine whether any information on the hard drives was moved, copied, exported or otherwise transferred from the hard drives, MGA's consultant may, under the supervision of 42 LLC, inspect the images of the hard drives in their entirety.

        (a)     So that Mattel may identify privileged and/or confidential documents, if any, and prepare a privilege log and/or appropriately designate documents under the Protective Order, MGA's consultant shall export to drives in 42 LLC's possession all user-generated information in its electronic native format that it has inspected, identified or otherwise relied upon in conducting its analysis or reaching its conclusions (the "Information"). MGA's consultant shall not remove the Information from 42 LLC and shall not disclose any Information to anyone, including but not limited to the MGA Parties and their attorneys, other than 42 LLC.

        (b)     Once MGA's consultant has concluded its inspection and exported the Information to 42 LLC, 42 LLC will promptly provide the Information to Quinn Emanuel, on behalf of Mattel, for review. Within twenty (20) days of the time that Mattel receives the Information, Mattel will provide MGA with all such Information, except for any such Information for which privilege is asserted. Mattel will also serve MGA with a privilege log identifying the Information, if any, withheld on privilege grounds.

        (c)     Prior to disclosing the Information to MGA, Mattel will designate the Information, where appropriate, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as provided in Paragraph 2 of the Protective Order.

EXHIBIT 13
PAGE 55

(d)    Notwithstanding the foregoing, non-user generated content may, subject to the terms below, be disclosed by Stroz to outside counsel for MGA without prior review by Quinn Emanuel.  All such iInformation shall be, and hereby is, designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by Mattel as provided in Paragraph 2 of the Protective Order.  Before disclosure to outside counsel for MGA, MGA's consultant shall allow 42 LLC to inspect any non-user generated information which Stroz intends to disclose to verify, within two five days, that the information is in fact non-user generated content.  If the consultants cannot agree whether specific information is non-user generated content, counsel shall meet and confer in good faith to agree whether the disputed information is non-user generated or user-generated content.  No iInformation shall be provided by Stroz to MGA without the prior written approval of 42 LLC or counsel for Mattel, which approval shall be provided within seven days of 42 LLC's inspection and which shall only be withheld if 42 LLC, in good faith, asserts that the information is user-generated.

6.    The Parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on any hard drive, or (b) the conduct, notes, searches, search terms, communications or any other act performed by any consultant or attorney in connection with these hard drives.


Very truly yours,
/s/
B. Dylan Proctor
07209/3058616.1

EXHIBIT 13
PAGE 36

EXHIBIT 14

**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Tuesday, August 18, 2009 3:18 PM
**To:** Dylan Proctor; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Thanks Dylan.  Countersigning a clean version works for us.

Chris

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Tuesday, August 18, 2009 12:25 PM
**To:** Chaudoir, Christopher; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

I'm ok with this revised language.  How do you want to document this -- do you want to just countersign clean versions of this, or want to do it as a stip and order?


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor

EXHIBIT 14
PAGE 57

Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Tuesday, August 18, 2009 11:31 AM
**To:** Dylan Proctor; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Dylan,

Per our telephone discussion, please find a revised protocol.

Chris

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Tuesday, August 18, 2009 11:06 AM
**To:** Chaudoir, Christopher; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Chris, this change doesn't work. The whole point of the procedure we've been talking about is so that 42 can review certain information without conducting a privilege review, which Quinn needs to do. So how can they say whether privileged information is at issue?

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 14
PAGE 58

**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Tuesday, August 18, 2009 10:54 AM
**To:** Dylan Proctor; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Dylan,

I've revised the last sentence in paragraph 5(d).  As revised, it still protects Mattel from the unintentional disclosure of privileged information, which I understand to be your primary concern, while allowing for the disclosure of the non-user generated information without the need for written approval.

Chris

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Monday, August 17, 2009 8:45 PM
**To:** Chaudoir, Christopher; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Chris, attached is our responsive proposal, showing the changes from the draft you sent to day.  Let us know if this works.  I've added back the last sentence as you'll see.


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com


The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Chaudoir, Christopher [mailto:cchaudoir@orrick.com]
**Sent:** Monday, August 17, 2009 1:12 PM
**To:** Dylan Proctor; Molinski, William
**Cc:** Curran Walker
**Subject:** RE: protocol

Dylan,

In furtherance of our telephone discussion this morning, attached please find a slightly revised protocol.  I have

**EXHIBIT 14**
**PAGE 59**

incorporated language to address your concern that Mattel's consultant be allowed to review non-user generated content prior to disclosure by MGA's consultant to MGA.

Assuming this is acceptable, please incorporate the revisions into your letter and provide us with the final copy.

Chris

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Saturday, August 15, 2009 11:29 AM
**To:** Molinski, William; Chaudoir, Christopher
**Cc:** Curran Walker
**Subject:** protocol

Well, I think we're getting close. here is the latest of this on our end. As for 42 supplying the hardware, they said they would have to purchase new systems to do so so don't think that's going to work. Otherwise, please let me know if you all are good with this. It would be great if we could get this resolved this weekend (if it's going to take to monday, we should push the briefing out by one more day since the opp is now due monday). regards--

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

```
"EMF <orrick.com>" made the following annotations.
--------------------------------------------------------------------------
==========================================================
```

```
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.
```

```
==========================================================
```

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE

**EXHIBIT** 14
**PAGE** 120

INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.   IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.   PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
========================================================
==========================================================================

EXHIBIT 14
PAGE 101