QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO SET HEARING DATE<br><br>**Phase 2**<br>Discovery Cut-off:  December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |
|---|---|

Mattel's *ex parte* raises a straightforward scheduling issue. That MGA has chosen to fight it tooth and nail -- here, by attempting to play "gotcha" with dates -- only serves to underscore the substantial obstacles Mattel confronts as it seeks to discover and detail the full scope of MGA's wrongdoing encompassed by the Phase 2 claims.

Beyond gamesmanship, MGA can offer no legitimate basis for this opposition. The Court has set September 11, 2009 as the deadline for amending the pleadings. The Order does not specify whether a motion for leave must be filed or heard by that date. Out of prudence, Mattel sent MGA a meet and confer letter regarding its amendment on July 28, 2009, 45 days before the deadline, and filed its motion on August 17, 2009, 25 days before the deadline (and thus more than the 21 days required by the Local Rules). Mattel now asks simply that its motion either be (1) advanced so that it may be actually heard before the deadline, since the Court's calendar is closed several weeks out, or (2) heard on the noticed date, providing MGA with three weeks for its opposition, so long as the deadline for amendments will be deemed satisfied. MGA's opposition to this scheduling application is not based on any claimed need for more time (three weeks must be enough) or the unavailability of counsel. It is, instead, expressly designed to manipulate scheduling for tactical gain so as to raise the standard applicable to pleading amendments and thereby prejudice Mattel, notwithstanding the burden it now places on this Court. MGA's arguments fail.

First, MGA urges the September 11, 2009 deadline for amending the pleadings is unambiguous because "a pleading cutoff means that a party has to accomplish the act by the deadline, not simply file a motion to accomplish the act." (Opp. at 1.) MGA cites no authority for this purportedly self-evident proposition,[1]

---

[1] MGA cites the Advisory Committee Notes, but the cited Note merely comments that the purpose of amending Rule 16 to require the issuance of a scheduling order was, in part,
(footnote continued)

nor does it explain why a deadline for the parties would depend on "accomplishing an act" which can only be accomplished by Court Order, the timing of which is beyond Mattel's control.  In fact, the law provides, contrary to MGA's assertions, that the date of *filing a request for leave* to amend, and *not* the date that leave is granted or an amendment is actually filed, governs for statute of limitations purposes, including because a party has done everything in its power to accomplish the acts over which it has control by filing a request for leave.[2]  Thus, just as a statue of limitations deadline (or, to take another example, a summary judgment cutoff) is understood to be the deadline by which motions must be filed, not heard or decided, Mattel could reasonably assume -- and even more reasonably, seek assurances -- that filing by that deadline would suffice.

Acting out of an abundance of caution, Mattel nevertheless filed its motion for leave 25 days in advance of the September 11, 2009 date set forth in the Court's

---

to provide some point in time at which the pleadings will be fixed, subject to amendments pursuant to Rule 16. Fed. R. Civ. P. 16, Ad. Comm. Notes (1983).  The Note in no way states or suggests that an order setting a cutoff means that the amended pleading, and not a motion for leave, must be filed by the cutoff.

[2] See, e.g., Moore v. State of Ind., 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion."); Mayes v. AT & T Information Sys., Inc., 867 F.2d 1172, 1173 (8th Cir. 1989) ("A number of courts have addressed the situation where the petition for leave to amend the complaint has been filed prior to expiration of the statute of limitations, while the entry of the court order and the filing of the amended complaint have occurred after the limitations period has expired. In such cases, the amended complaint is deemed filed within the limitations period.") (listing cases); Godlewska v. HAD, 2006 WL 1422410, at *14 (E.D.N.Y. May 18, 2006) (statute of limitations was tolled by the filing of the motion to amend, "thus, the Second Amended Complaint will be deemed filed for statute of limitations purposes on that date"); Kwang I. Lee v. City Of Leawood, 2009 WL 2106104, at *3 (D. Kan. July 16, 2009) ("Plaintiff correctly notes that an amended complaint is deemed filed on the date plaintiff seeks leave to amend.").

Order -- more than the 21 days required by <u>Local Rule</u> 6-1 -- and sent a pre-filing conference letter 20 days before that pursuant to <u>Local Rule</u> 7-3.  The issue is not whether Mattel filed in time to qualify for a hearing date by September 11, 2009 under the <u>Rules</u> -- it did -- but whether there will actually be an available hearing date in the Court's calendar between now and then, given the press of other matters as well as the Labor Day holiday.  MGA cites no authority for its claim that the vagaries of hearing schedules should trump statutory rules, much less that deadlines should depend not on matters within the parties' control (and for which they can fairly be disciplined) but on the fortuity of what hearing days are available at the time of filing or how long it takes for such motions to be decided.  Its position cannot be right.

Second, while concededly seeking tactical advantage from a later hearing date, MGA opposes Mattel's alternative request to advance the hearing date claiming it requires more time to prepare an opposition.  The relief Mattel seeks will afford MGA at least the standard seven days afforded under the <u>Local</u> <u>Rules</u>, while enabling the motion to be heard by the September 11 date.  To the extent MGA claims to need more time, Mattel has no objection to a September 21, 2009 hearing date -- but MGA's claimed need for more time than allotted under the Rules certainly cannot deprive Mattel of substantive rights, as MGA now demands.[3]

Last, MGA's argument that Mattel cannot show good cause to amend the scheduling order itself -- aside from clearly being irrelevant on this application regarding a simple scheduling matter -- is belied by a vast array of evidence showing the delays and outright refusals of the MGA Parties and their affiliates such

---

[3] MGA claims to need additional time because Mattel purportedly refused to meet and confer.  In fact, Mattel repeatedly invited MGA to engage in meet and confer discussions; MGA declined to do so and simply ignored Mattel's last email on the subject.

1 the Omni Parties to provide discovery, even in the face of Orders.[4]  In any case,
2 there is no need right now to amend the scheduling order with respect to the
3 amendment of pleadings since Mattel has more than complied with the September
4 11, 2009 deadline.

5 Mattel respectfully requests that the Court set the hearing on Mattel's
6 motion for leave to amend on or before September 11, 2009, to the extent the
7 motion must be heard by that date.  Alternatively, Mattel has no objection to a
8 September 21, 2009 hearing date, should that date be deemed to satisfy the deadline
9 for the amendment of pleadings under the scheduling order.

11 DATED:  August 19, 2009         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

---

[4]  If the Court wishes to review a sampling of the evidence in this regard, Mattel respectfully refers the Court to the briefing on its Motion to Modify the Scheduling Order.