1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  1-415-773-5700
    Facsimile:   1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  1-213-629-2020
    Facsimile:   1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

16  | CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
    |---|---|
17  | Plaintiff, | Consolidated with: |
    | | No. CV 04-9059 |
18  | v. | No. CV 05-2727 |
19  | MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
20  | Defendant. | **[To Be Heard by Discovery Master Robert C. O'Brien]** |
21  | | **MGA'S MOTIONS (1) TO COMPEL** |
22  | AND CONSOLIDATED ACTIONS | **MATTEL'S ATTENDANCE AT 30(b)(6) DEPOSITION; (2) FOR** |
23  | | **PROTECTIVE ORDER REQUIRING ADVANCE DESIGNATION OF** |
24  | | **30(b)(6) WITNESSES; (3) TO DE-DESIGNATE DOCUMENT UNDER** |
25  | **PUBLIC REDACTED VERSION** | **PROTECTIVE ORDER RELATED TO SUBJECT MATTER OF** |
26  | | **REQUESTED 30(b)(6) TESTIMONY; AND (4) FOR SANCTIONS** |
27  | | [Declaration of Annette L. Hurst] |
28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT on a date and time to be determined by the Discovery Master, MGA Entertainment, Inc. ("MGA") will, and hereby does, move for the following orders:  (1) pursuant to Rule 37(a)(3)(B)(i), (ii), to compel designation of a witness or witnesses and for that witness to answer questions at a deposition noticed pursuant to Rule 30(b)(6); (2) for a protective order pursuant to Rules 16, 26(b)(1), 30(b)(6), 37(a)(3)(B)(ii) and the inherent authority of the Court requiring all parties to provide the identity of witnesses designated to testify upon each noticed 30(b)(6) topic three business days in advance of the date noticed for deposition; (3) to remove the confidentiality designation on an e-mail related to the topics noticed for the deposition sought to be compelled in this Motion; and (4) pursuant to Rule 37, for sanctions against both Mattel and its attorneys Quinn Emanuel Urquhart Oliver & Hedges LLP for Mattel's failure to designate a witness and appear at a properly noticed deposition.

The grounds for these Motions are as follows.  MGA properly noticed a deposition of Mattel requiring it to produce one or more officers, directors, managing agents or other persons who consent to testify on its behalf regarding various topics related to Mattel's communications with governmental entities concerning the matters alleged in this suit, its expenditures in connection therewith, the persons and entities to whom such payments were made, its collection of documents pertinent thereto, and Mattel's business objectives in making such expenditures.  These topics have been previously found by the Discovery Master to be relevant, non-privileged subject matter for inquiry in this suit.  Mattel refused to designate a witness to testify, unilaterally failed to show up for the deposition simply on the basis of serving objections and without having made a motion for protective order, and has since refused to provide any dates for the deposition. MGA is entitled to an order compelling this deposition on relevant, non-privileged

MGA MTC 30B6 DEPOSITION
CV 04-9049 SGL (RNBx)

1   subject matter.

2          MGA also requested that the identity of the designated witness or

3   witnesses be provided in advance of the deposition.  This is a reasonable request

4   designed to enhance efficient preparation for depositions and to avoid surprise.

5   MGA is also perfectly willing to provide this type of information, as it indicated in

6   meet and confer.  MGA therefore requests that the Discovery Master enter a

7   protective order requiring that advance identification of designees be provided by

8   all parties in connection with Rule 30(b)(6) depositions.

9          MGA further seeks an order removing the Attorneys' Eyes Only

10  confidentiality restriction on an e-mail related to the subject matter of the noticed

11  deposition.  The e-mail shows that Mattel ████████████████████

12  ████████████████.  There is no basis for designation of this e-mail under

13  the Protective Order.  The document should be de-designated so that MGA can use

14  it to freely examine witnesses, use it at a public trial of these proceedings, use it to

15  pursue investigation of Mattel's ████████████████████████

16  ████████████████████████████████████████

17  ████████████████████████████████

18  ████████████████.

19         Finally, MGA seeks an order for sanctions based upon Mattel's failure

20  to designate a witness and testify.  Mattel is not entitled to unilaterally refuse to

21  show up for deposition.  This is not merely a scheduling issue, as Mattel has

22  refused to provide any dates for a witness at all.  Moreover, at least one of the

23  objections Mattel made to the deposition notice was on a ground that has already

24  been overruled by the Discovery Master in Order No. 33.  If Mattel sought to avoid

25  a deposition altogether based on any objection, it was incumbent upon Mattel to

26  seek a protective order prior to the deposition.  Mattel did not do so, and it should

27  be sanctioned for its refusal to designate a witness or witnesses and answer

28  questions.

1    These Motions are based upon this Notice, the Memorandum of Points

2  and Authorities following herein, the Declaration of Annette L. Hurst and Exhibits

3  attached hereto and filed herewith, the pleadings and papers on file in this action

4  including particularly Discovery Master Order No. 33, and such other papers and

5  argument that are submitted prior to or at the hearing of this Motion

6                          **CERTIFICATE OF COMPLIANCE**

7    Counsel for MGA sought repeatedly to resolve the issues in this

8  Motion by inquiring in advance of the deposition and inquiring after the deposition

9  as to when witnesses would be identified and produced for deposition.  Mattel

10  refused to provide any dates.  Counsel for MGA requested de-designation of the

11  document at issue on the ground that it was not competitively sensitive business

12  information, but the parties were unable to agree.

13  Dated: August 18, 2009              Respectfully submitted,

14                                      ORRICK, HERRINGTON & SUTCLIFFE LLP

15

16                             By:  _____

17                                            Annette L. Hurst
                                          Attorneys for MGA Parties

18

19

20

21

22

23

24

25

26

27

28

MGA MTC 30B6 DEPOSITION
CV 04-9049 SGL (RNBx)

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION AND SUMMARY OF ARGUMENT

Despite all of its unsupported rhetoric about how MGA is obstructing discovery in these Phase 2 proceedings, in fact it is Mattel who is blocking MGA's efforts to take depositions. MGA noticed a Rule 30(b)(6) deposition, and Mattel did not attend, obtain an agreement to adjourn, or file a motion for protective order. Mattel refuses to produce the witness(es) to testify as to any of the topics included in the notice. Mattel has not since moved for a protective order. Mattel's service of objections instead of producing a witness or seeking a protective order is explicitly prohibited by Rules 30, 37 and governing case law. Attendance at the deposition should be compelled *immediately*. Part I, *infra*.

Mattel's refusal to identify its Rule 30(b)(6) witnesses in advance of deposition also is unreasonable, since such practice promotes efficiency in the taking of depositions and avoidance of unfair surprise. A protective order should be entered requiring all parties to identify Rule 30(b)(6) witnesses in advance of depositions. Part II, *infra*.

Mattel also refused to withdraw the confidentiality designation of an email it produced ███████████████████████████████████████. Mattel cannot demonstrate the email is entitled to any level of protection under the terms of the Stipulated Protective Order entered in this action. MGA respectfully seeks an order removing any confidentiality designation from the email discussed below. Part III, *infra*.

Finally, Mattel and its counsel should be sanctioned in an amount sufficient to compensate MGA for expenses incurred in bringing this motion to compel, as required by Rule 37. Part IV, *infra*.

**STATEMENT OF FACTS**

On February 6, 2009, MGA moved to compel production of documents in response to its Requests Nos. 526 and 528 seeking all documents constituting Mattel's communications with law enforcement authorities.  On March 13, the Discovery Master granted that Motion, overruling Mattel's objections and requiring production.  Order No. 6.  In April, Mattel produced documents.  Hurst Decl. ¶ 2.  Those documents included an e-mail from a Canadian police officer saying how much he enjoyed meeting Mattel's Chief of Security Richard De Anda and thanking De Anda for the gifts Mattel had sent to the Canadian police officers investigating Mattel's allegations of theft by an MGA employee in Canada.  *Id.* Ex. A.  The documents also included other communications with the Canadian officers, as well as e-mails and letters with U.S. prosecutors, including several lengthy presentations made by Mattel regarding their claims of trade secret theft.  *Id.* Ex. A at pp. 14-15.  Notably absent from the production, however, were any e-mails or letters with Mexican authorities.  Instead, the Mexican documents all appear to be pleadings and other filings ██████████████████████.  *Id.* ¶ 2.

On July 27, 2009, MGA served a Notice of Deposition of Mattel, Inc.  *Id.* Ex. B.  The Notice requested testimony on Mattel's communications with governmental authorities regarding the various trade secret allegations and investigations it has made against MGA and its employees.  *Id.* Ex. B at .  The Notice also requested that Mattel testify regarding the total amount of money it has spent pursuing such matters and to whom it had been provided, its collection and production of documents regarding Requests Nos. 526 and 528, and Mattel's business objectives in spending the identified sums.  *Id.* Ex. B.  The Notice set the deposition for Tuesday, August 11, 2009 and requested identification of the designated testifying witness(es) three business days in advance.  *Id.* Ex. B. at 17  On Friday August 7, when MGA had received no communication regarding the deposition, counsel for MGA inquired whether Mattel would be providing an

- 5 -

advance identification of the witness(es). *Id.* Ex. C at 26.  Mattel's cryptic response was that it "would be serving objections to the notice." *Id.* Ex. C at 26.  In response, counsel for MGA inquired, "does this mean you won't be producing a witness *at all*?" *Id.* Ex. C at 26 (emphasis added).  Later that day, Mattel served objections. *Id.* ¶ 6 & Ex. D.

In reviewing the objections, MGA noted that many were similar arguments and objections that had been previously overruled or otherwise inconsistent with the Discovery Master's May 15, 2007 Order, March 13, 2009 Order No. 6, March 31, 2009 Amended Order No. 11, May 6 2009 Order No. 27, as well as the Court's orders reported at 573 F. Supp. 2d 1254, 1274 (C.D. Cal. 2007). On Monday, August 10, MGA requested dates for the deposition, indicating that it preferred to proceed despite the objections and litigate any issues upon a full record. *Id.* Ex. E.  Despite several more requests, Mattel refused to provide any dates for the deposition at all. *Id.* ¶ 7 & Ex. E.

## ARGUMENT

### I.   MATTEL MUST PRODUCE A WITNESS ON THE NOTICED TOPICS.

MGA properly noticed Mattel's deposition pursuant to Rule 30.  Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court"); Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party may name as the deponent a public or private corporation . . .").  Mattel failed to produce a witness and instead simply served objections to the noticed topics.  MGA did not agree to adjourn the deposition, and Mattel has refused to provide any date for the deposition to take place.

Rule 37 specifically explains that failing to attend a properly noticed deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Rule 37(d)(2).  "[T]here is no provision in the rules which

1   provides for a party whose deposition is noticed to serve objections so as to be able

2   to avoid providing the requested discovery until an order compelling discovery is

3   issued." *New England Carpenters Health Benefits Fund v. First Databank, Inc.,*

4   242 F.R.D. 164, 166 (D. Mass. 2007). "[I]n the absence of an agreement, a party

5   cannot decide on its own to ignore the notice." *Id.*

6          If Mattel wished to challenge the topics, it was Mattel's burden to seek

7   a protective order in advance of the deposition. "What is not proper practice is to

8   refuse to comply with the notice, put the burden on the party noticing the deposition

9   to file a motion to compel, and then seek to justify non-compliance in opposition to

10  the motion to compel. Put simply and clearly, absent agreement, a party who for

11  one reason or another does not wish to comply with a notice of deposition must

12  seek a protective order." *Id.*; *see also U.S. E.E.O.C. v. ABM Indus. Inc.,* 2008 WL

13  2872407, *2 (E.D.Cal. July 24, 2008) (a properly noticed party "may not fail to

14  appear at the deposition by filing objections absent a court order.").

15         Mattel should be ordered to produce a witness immediately to testify

16  on the noticed topics.

17  **II.   THE DISCOVERY MASTER SHOULD ENTER AN ORDER**
        **REQUIRING ADVANCE IDENTIFICATION OF DESIGNATED 30B6**
18      **WITNESSES.**

19         The Notice also requested that Mattel identify its designated

20  witness(es) three business days in advance. 30b6 depositions work much better

21  when the examining party has had an opportunity to prepare using the documents

22  that actually come from the files the designated witness. Advance identification

23  also avoids unfair surprise, which is one of the hallmark objectives of the Federal

24  Rules of Civil Procedure. MGA is perfectly willing to identify its Rule 30(b)(6)

25  witnesses a reasonable amount of time in advance of their depositions. Pursuant to

26  Rules 16, 26, 30 and 37 and the inherent authority of the Court, the Discovery

27  Master should enter the proposed protective order requiring this salutary practice.

28

III.   **THE E-MAIL REFLECTING** ██████████████████ **SHOULD BE DE-DESIGNATED UNDER THE PROTECTIVE ORDER.**

One of the documents about which MGA intends to examine Mattel's Rule 30(b)(6) witness is an e-mail ████████████████████ ████████████████████████. Mattel designated the evidence of this unbelievably improper act as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the email bearing production numbers M0925945-46 ███████████. MGA seeks an order declaring that the ████████ is not properly subject to any level of confidentiality designation under the terms of the January 4, 2005 Stipulated Protective Order entered in this action. D.E. 54.

In the Stipulated Protective Order, the parties agreed they were likely to disclose in the litigation "information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party." D.E. 54 at 2. By its terms, the Stipulated Protective Order "appl[ies] to trade secret, confidential and proprietary information" produced in the course of this litigation. *Id.* at 3, ¶ 1.

MGA and Mattel agreed in the Stipulated Protective order that the highest level of protection, CONFIDENTIAL – ATTORNEYS' EYES ONLY, would apply only to trade secret or other information that could cause competitive harm if disclosed to the public or to competitors. Specifically, the CONFIDENTIAL – ATTORNEYS' EYES ONLY designation

> shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action with out restriction upon use or further disclosure.

*Id.* at 4, ¶ 2.

1



The [redacted] records an exchange between [redacted]

2

3

4

5

6

7

8

9

10

11

12

13

14   Whatever Mattel's explanation for this communication, Mattel cannot

15   show it contains "trade secrets or other confidential commercial information"

16   Mattel "in good faith believes will result in competitive disadvantage or harm if

17   disclosed to another Party to this Action with out restriction upon use or further

18   disclosure." D.E. 54 at 4, ¶ 2. The email contains no indication that it was sent in

19   confidence, as it does not even include the common "Confidential" footer contained

20   in many corporate email messages. The burden is on Mattel to sustain its AEO

21   designation, and that it cannot possibly do.

22   Accordingly, MGA respectfully requests an order removing the

23   "CONFIDENTIAL ATTORNEYS' EYES ONLY" designation from the Mattel

24   Gifts Email.

25   **IV.   MATTEL SHOULD BE SANCTIONED FOR ITS FAILURE TO**

26   **DESIGNATE A WITNESS AND ANSWER QUESTIONS AT DEPOSITION.**

27   Mattel unilaterally refused to appear for the noticed deposition, serving

28   only objections. In addition to the sanctions described in Rule 37(b)(2)(A)(i)-(vi),

1   Rule 37 requires the imposition of sanctions when a party, as Mattel has done here,

2   fails to appear for a properly noticed deposition.  Rule 37(d)(3).  "[T]the court must

3   require the party failing to act, the attorney advising that party, or both to pay the

4   reasonable expenses, including attorney's fees, caused by the failure, unless the

5   failure was substantially justified or other circumstances make an award of

6   expenses unjust." *Id.*

7          Imposition of sanctions on both Mattel and its counsel are warranted.

8   There is no authority supporting Mattel's failure to appear for deposition, and

9   Mattel made no effort to explain why it did not appear on the noticed date or ask for

10  adjournment or rescheduling.  Mattel's action (or inaction) is specifically prohibited

11  by Rule 37.  Rule 37(d)(2) ("Unacceptable Excuse for Failing to Act.  A failure

12  described in Rule 37(d)(1)(A) is not excused on the ground that the discovery

13  sought was objectionable, unless the party failing to act has a pending motion under

14  Rule 26(c).").  No "substantial justification other circumstances mak[ing] an award

15  of expenses unjust" exist.

16         Mattel's baseless refusal to honor its discovery obligations forced

17  MGA to incur the costs associated with bringing this motion to compel.  Mattel

18  should be sanctioned in an amount sufficient to compensate MGA for these costs,

19  in an amount to be stated subject to proof upon the filing of a further declaration in

20  advance of the hearing of these Motions.

21                          **CONCLUSION**

22         For all of the foregoing reasons, these Motions should be granted in

23  their entirety.

24  Dated: August 18, 2009          Respectfully submitted,

25                                  ORRICK, HERRINGTON & SUTCLIFFE LLP

26

27                                  By: _____

28                                      Annette L. Hurst
                                        Attorneys for MGA Parties

MGA MTC 30B6 DEPOSITION
CV 04-9049 SGL (RNBx)

## DECLARATION OF ANNETTE L. HURST

I, Annette L. Hurst, declare as follows:

1.      I am a member of the Bar of the State of California and admitted to practice before this Court, and a partner with the law firm of Orrick, Herrington & Sutcliffe LLP, lead counsel for Phase 2 to MGA Entertainment, Inc. ("MGAE"), MGA Entertainment HK, Ltd. ("MGA HK"), MGAE De Mexico, S.R.L. De C.V. ("MGAE Mexico"), and Isaac Larian (collectively, the "MGA parties").  I make this declaration in support of the MGA Parties' Motion (1) To Compel Mattel's Attendance At 30B6 Deposition; (2)  For Protective Order Requiring Advance Designation of 30B6 Witnesses; (3) To De-Designate Document Under Protective Order Related To Subject Matter Of Requested 30B6 Testimony; And (4) For Sanctions.  I have personal knowledge of the facts set forth in this Declaration unless stated as to information and belief, in which case I am informed and believe it to be true.  If called as a witness, I could and would testify competently to such facts under oath.

2.      Attached hereto as **Exhibit A [Filed Under Seal]** is a true and correct copy of an email I sent to Mr. Zeller requesting a meet and confer regarding the de-designation of Mattel production number M0925945-46.  Mattel produced Mattel production number M0925945-46 in response to Document Requests Nos. 526 and 528, in response to which Discovery Master O'Brien ordered production on March 13, 2009.  I have personally reviewed the entire production made by Mattel in April 2009 in response to that request, and have obtained the assistance of one of our associates fluent in Spanish where necessary to understand the nature and general content of the documents.  While the production contains e-mails and other forms of correspondence (including presentations) between Mattel and its representatives, on the one hand, and ███████████████████████████, on the other, there appear to be no such communications in the production between Mattel's representatives and the Mexican police, investigators or prosecutors.  Rather, it

- 11 -

1    appears that the ██████████████████████████████████████████

2    ██████████████████████████ Accordingly, I have sent a letter to Mr.

3    Zeller requesting that Mattel explain the absence of such communications from its

4    production which were present in both other cases.

5         3.      On August 18, 2009 I spoke with James Webster of Quinn Emmanuel

6    regarding de-designation of Mattel production numbers M0925945-46.  We were

7    unable to reach a satisfactory resolution of MGA's request that Mattel remove the

8    confidentiality designation on Mattel production numbers M0925945-46.

9         4.      Attached hereto as **Exhibit B [Filed Under Seal]** is a true and correct

10   copy of the July 27, 2009 Notice of Deposition of Mattel, Inc.

11        5.      Attached hereto as **Exhibit C** is a true and correct copy of August 7,

12   2009 correspondence between me and Mr. Zeller, counsel for Mattel.

13        6.      Attached hereto as **Exhibit D [Filed Under Seal]** is a true and correct

14   copy of an August 7, 2009 email from Mr. Zeller's office containing Mattel, Inc.'s

15   Objections to MGA Parties Notice of Deposition of Mattel Inc. and Proof of

16   Service.

17        7.      Attached hereto as **Exhibit E** is a true and correct copy of further

18   correspondence between me and Mr. Zeller occurring between August 10 and

19   August 14, 2009, reflecting my unsuccessful efforts to secure Mattel's compliance

20   with the noticed Rule 30(b)(6) deposition.  Mattel has refused to provide any dates

21   for the deposition.

22        I declare under penalty of perjury that the foregoing is true and correct

23   and that this Declaration was executed this 18th day of August, 2009, at San

24   Francisco, California.

25

26                                          _Annette L. Hurst_
                                            Annette L. Hurst

27

28

MGA MTC 30B6 DEPOSITION
CV 04-9049 SGL (RNBx)

# Exhibit A

## Confidential--Attorney's Eyes Only Filed Under Seal Pursuant to Protective Order

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) | |
| v. | |
| DEFENDANT(S). | **NOTICE OF MANUAL FILING** |

PLEASE TAKE NOTICE:

      The above-mentioned cause of action has been designated as an electronically filed case. In accordance with General Order 08-02 and Local Rule 5-4 the following document(s) or item(s) will be manually filed. **List Documents:**

**Document Description:**

☐    Administrative Record

☐    Exhibits

☐    Ex Parte Application for authorization of investigative, expert or other services pursuant to the Criminal Justice Act [see Local Civil Rule 79-5.4, Documents to be excluded, (h)]

☐    Other

**Reason:**

☐    Under Seal

☐    Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)

☐    Electronic versions are not available to filer

☐    Per Court order dated _____

☐    Manual Filing required (*reason*):

_____
Date

_____
Attorney Name

_____
Party Represented

Note:  File one Notice in each case, each time you manually file document(s).

# Exhibit B

**Confidential--Attorney's Eyes Only Filed Under Seal Pursuant to Protective Order**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) | |
| v. | |
| DEFENDANT(S). | **NOTICE OF MANUAL FILING** |

PLEASE TAKE NOTICE:

The above-mentioned cause of action has been designated as an electronically filed case. In accordance with General Order 08-02 and Local Rule 5-4 the following document(s) or item(s) will be manually filed. **List Documents:**

**Document Description:**

☐     Administrative Record

☐     Exhibits

☐     Ex Parte Application for authorization of investigative, expert or other services pursuant to the Criminal Justice Act [see Local Civil Rule 79-5.4, Documents to be excluded, (h)]

☐     Other

**Reason:**

☐     Under Seal

☐     Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)

☐     Electronic versions are not available to filer

☐     Per Court order dated _____

☐     Manual Filing required (*reason*):

_____
Date

_____
Attorney Name

_____
Party Represented

Note:   File one Notice in each case, each time you manually file document(s).

           **NOTICE OF MANUAL FILING**

# Exhibit C

**Hurst, Annette**

| From: | Hurst, Annette |
|---|---|
| Sent: | Friday, August 07, 2009 12:28 PM |
| To: | Michael T Zeller |
| Cc: | Molinski, William; Dylan Proctor |
| Subject: | RE: Carter Bryant v. Mattel Inc. and consolidated actions |

Mike:  I've been in a meeting and I'm just seeing this.  Does this mean Mattel is not showing up for the deposition at all?

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Friday, August 07, 2009 10:01 AM
**To:** Hurst, Annette
**Cc:** Molinski, William; Dylan Proctor
**Subject:** Re: Carter Bryant v. Mattel Inc. and consolidated actions

We will be objecting to the notice in due course.

**From:** Hurst, Annette <ahurst@orrick.com>
**To:** Michael T Zeller
**Cc:** Molinski, William <wmolinski@orrick.com>; Dylan Proctor
**Sent:** Fri Aug 07 09:57:02 2009
**Subject:** Carter Bryant v. Mattel Inc. and consolidated actions

Mike:

In our 30b6 Notice set for Tuesday we requested that Mattel identify its designated witnesses for each topic 3 business days in advance.  That was yesterday, but unfortunately we do not seem to have received any designation.  Is Mattel willing to provide this information in advance of 30b6 deposition as reasonably requested in the Notice?

Annette



O R R I C K

**ANNETTE L. HURST**
*Partner*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
SAN FRANCISCO

*tel* (415) 773-4585
*fax* (415) 773-5759
ahurst@orrick.com

www.orrick.com

Exhibit C - Page 26

"EMF <orrick.com>" made the following annotations.
-----------------------------------------------------------------------------
=========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


=========================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
=========================================================
=========================================================

# Exhibit D

**Confidential--Attorney's Eyes Only Filed Under Seal Pursuant to Protective Order**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) | |
| v. | |
| DEFENDANT(S). | **NOTICE OF MANUAL FILING** |

PLEASE TAKE NOTICE:

The above-mentioned cause of action has been designated as an electronically filed case. In accordance with General Order 08-02 and Local Rule 5-4 the following document(s) or item(s) will be manually filed. **List Documents:**

**Document Description:**

☐ Administrative Record

☐ Exhibits

☐ Ex Parte Application for authorization of investigative, expert or other services pursuant to the Criminal Justice Act [see Local Civil Rule 79-5.4, Documents to be excluded, (h)]

☐ Other

**Reason:**

☐ Under Seal

☐ Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)

☐ Electronic versions are not available to filer

☐ Per Court order dated _____

☐ Manual Filing required (*reason*):

_____
Date

_____
Attorney Name

_____
Party Represented

Note:   File one Notice in each case, each time you manually file document(s).

# Exhibit E

## Hurst, Annette

| | |
|---|---|
| **From:** | Hurst, Annette |
| **Sent:** | Friday, August 14, 2009 5:20 PM |
| **To:** | Michael T Zeller |
| **Cc:** | 'Jason.Russell@skadden.com'; 'moverland@scheperkim.com'; 'acote@scheperkim.com'; 'todd.gordinier@bingham.com'; 'peter.villar@bingham.com'; Molinski, William |
| **Subject:** | RE: Mattel v. MGA Entertainment |

Mike:

Last Friday I requested you to confirm that Mattel would designate its witness(es) as requested for a deposition noticed for Tuesday of this week. At that time, you informed me there would be objections. I then responded and inquired whether Mattel would produce any witness, and you responded not on the noticed dates. Later that day, Mattel served objections. Over the weekend I reviewed the objections, and sent an e-mail on Monday making clear that we still requested a witness and I requested dates for the deposition. You simply ignored that request.

Mattel was unjustified in failing to show up for the noticed deposition. If it had objections, it should have produced a witness subject to those objections or moved for protective order. It did neither. In fact, you did not even meet and confer about not showing up. The burden was on Mattel to seek relief, not on MGA. Instead, Mattel refused to designate its witnesses as requested, served last-minute objections, refused to show up without our consent to adjournment, and has refused to give dates since. No more meet and confer is required of MGA in these circumstances.

If you wish to indicate that you will provide the dates for deposition, please let me know. We do not intend to delay examination of witnesses on these issues any further.

Annette

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Friday, August 14, 2009 5:09 PM
**To:** Hurst, Annette
**Cc:** 'Jason.Russell@skadden.com'; 'moverland@scheperkim.com'; 'acote@scheperkim.com'; 'todd.gordinier@bingham.com'; 'peter.villar@bingham.com'; Molinski, William
**Subject:** Re: Mattel v. MGA Entertainment

Annette, you have not in fact sent a meet and confer request. Your email neither requested one nor addressed even generally MGA's alleged grounds for a motion to compel on the topics, including the topics' purported relevance. Please send me a request that contains sufficient information about MGA's position and authorities for us to meet and confer and we can schedule a time to meet and confer.

**From:** Hurst, Annette <ahurst@orrick.com>
**To:** Hurst, Annette <ahurst@orrick.com>; Michael T Zeller
**Cc:** Russell, Jason D <Jason.Russell@skadden.com>; moverland@scheperkim.com <moverland@scheperkim.com>; acote@scheperkim.com <acote@scheperkim.com>; Gordinier, Todd E. <todd.gordinier@bingham.com>; Villar, Peter N. <peter.villar@bingham.com>; Molinski, William <wmolinski@orrick.com>
**Sent:** Fri Aug 14 16:06:46 2009
**Subject:** RE: Mattel v. MGA Entertainment

Mike:

It has now been a week since I initiated meet and confer on MGA's 30b6 Notice.  Is Mattel going to provide dates for testimony or should MGA proceed with a motion to compel?

Annette

---

**From:** Hurst, Annette
**Sent:** Monday, August 10, 2009 1:57 PM
**To:** Michael T Zeller
**Cc:** 'Russell, Jason D'; 'moverland@scheperkim.com'; 'acote@scheperkim.com'; Gordinier, Todd E.; 'Villar, Peter N.'; Molinski, William
**Subject:** FW: Mattel v. MGA Entertainment

Mike:

On Friday you let me know for the first time that Mattel would not produce any witness at all tomorrow.  I suppose had I not inquired I would be sitting there tomorrow morning waiting for you to show up.  In all events, I don't propose to litigate these objections in advance, nor does MGA waive any position it may presently have.  When will you produce the witness or witnesses so we can ask our questions, make our record, and the move to compel on that record to the extent we disagree with the objections once the witness has testified?

Annette

---

**From:** Andrea Hoeven [mailto:andreahoeven@quinnemanuel.com]
**Sent:** Friday, August 07, 2009 4:35 PM
**To:** Molinski, William; Hurst, Annette; tnolan@skadden.com; jrussell@skadden.com; moverland@obsklaw.com; acote@obsklaw.com; todd.gordinier@bingham.com
**Subject:** Mattel v. MGA Entertainment

Dear Counsel,

Please see attached Mattel, Inc.'s Objections to MGA Parties' Notice of Deposition of Mattel, Inc. and Proof of Service.

Thank you,
Andrea Hoeven
Assistant to Diane Hutnyan, Bridget Hauler and Crystal Nix-Hines
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct Phone: (213) 443-3316
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
Email:  AndreaHoeven@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

"EMF <orrick.com>" made the following annotations.
----------------------------------------------------------------------------
============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.



============================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
============================================================
============================================================