QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
| Defendant. | [PUBLIC REDACTED] REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL FURTHER DEPOSITION OF RONALD BRAWER, AND TO OVERRULE INSTRUCTIONS NOT TO ANSWER |
| AND CONSOLIDATED ACTIONS | [Supplemental Declaration of Scott L. Watson filed concurrently herewith] |
| | Hearing Date:  TBD<br>Time:  TBD<br>Place:  Arent Fox, LLP<br>555 West Fifth Street<br>48th Floor<br>LA, CA 90013 |
| | **Phase 2:**<br>Disc. Cut-off:  December 11, 2009<br>Pre-trial Conf.:  March 1, 2010<br>Trial Date:  March 23, 2010 |

00505.07975/3062796.1

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL RONALD BRAWER

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................... 1

ARGUMENT ................................................................................................ 1

I.   FURTHER TIME IS WARRANTED FOR A FAIR EXAMINATION OF MR. BRAWER ..................................................................................... 1

    A.   Seven Hours Was Insufficient To Fully And Fairly Question Mr. Brawer ............................................................................................ 2

    B.   Mattel Has Not Had The Opportunity To Question Mr. Brawer On The 300,000 Plus Pages Of Documents Produced Before His Deposition ....................................................................................... 5

    C.   MGA Does Not Dispute That Mattel Has Not Had The Opportunity To Question Mr. Brawer On Documents Produced *After* His Deposition ............................................................... 7

    D.   Mr. Brawer Improperly Refused To Answer Questions Based On Legal Conclusion Objections By MGA Counsel .................................. 11

    E.   Mattel's Separate Declaratory Action Against Mr. Brawer -- Which Was Voluntarily Dismissed *Without Prejudice* Because Mr. Brawer Conceded It -- Has No Bearing On His Importance In This Action ................................................................................... 12

II.  MGA BEARS THE BURDEN OF PROOF UNDER RULE 26(B)(2), AND HAS NOT CARRIED ITS BURDEN ............................................... 14

III. THE DISCOVERY MASTER SHOULD COMPEL MR. BRAWER TO PROVIDE ANSWERS TO QUESTIONS COUNSEL IMPROPERLY INSTRUCTED HIM NOT TO ANSWER ............................ 16

CONCLUSION .......................................................................................... 17

# **TABLE OF AUTHORITIES**

**Page**

### Cases

A. Farber and Partners, Inc. v. Garber,
234 F.R.D. 186 (C.D. Cal. 2006) ............................................................... 5

AMCO Ins. Co. v. Madera Quality Nut LLC,
2006 WL 931437 (E.D. Cal. April 11, 2006) ....................................... 17

Boston Edison Co. v. U.S.,
75 Fed. Cl. 557 (Fed. Cl. 2007) ............................................................... 14

Burrows v. Redbud Community Hosp. Dist.,
187 F.R.D. 606 (N.D. Cal. 1998) ...................................................... 2, 11

Collins v. International Dairy Queen,
189 F.R.D. 496 (M.D. Ga. 1999) ...................................................... 2, 14

Egyptian Chamois Co. v. Evergreen Marine Corp.,
2001 WL 1737458 (C.D. Cal. Jan. 25, 2001) ......................................... 5

In re Enron Corp.,
349 B.R. 115 (Bankr. S.D.N.Y. 2006) .................................................... 14

Garcia v. City of El Centro,
214 F.R.D. 587 (S.D. Cal. 2003) .............................................................. 17

Judicial Watch, Inc. v. U.S. Dept. of Commerce,
34 F. Supp. 2d 47 (D.D.C. 1998) ............................................................. 14

Keck v. Union Bank of Switzerland,
1997 WL 411931 (S.D.N.Y. July 22, 1997) ............................................. 2

Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of Equifax Services, Inc.,
120 F.R.D. 504 (W.D. La. 1988) .............................................................. 17

Resolution Trust Corp. v. Dabney,
73 F.3d 262 (10th Cir. 1995) ................................................................... 17

Robins v. Scholastic Book Fairs,
928 F. Supp. 1027 (D. Or. 1996) ............................................................... 8

Smith v. Simmons,
2009 WL 1312930 (E.D.Cal. May 12, 2009) ............................................ 5

Stempler v. Collect America, Ltd.,
2000 WL 288377 (E.D. La. 2000) ..................................................... 2, 11

Tillery v. Darby-Rogers Co.,
2006 WL 2735162 (M.D. Fla. 2006) ......................................................... 2

Wilkerson v. Vollans Automotive, Inc.,
  2009 WL 1373678 (W.D. Wash. May 15, 2009) (Fed.R.Civ.P. 26(b)(1) ............. 5

Zamora v. D'Arrigo Bro. Co. of Cal.,
  2006 WL 3227870 (N.D. Cal. Nov. 7, 2006) ...................................................... 14

**Statutes**

Fed. R. Civ. P. 26(b)(2) ........................................................................................ 14

Fed. R. Civ. P. 30(d) ............................................................................................. 11

Fed. R. Civ. P. 30(d)(1)  ....................................................................................... 14

**Other**

7 James W. Moore et al., Moore's Federal Practice-Civil § 30.05[1][c] .................. 14

**Preliminary Statement**

MGA does not dispute that Ron Brawer is a critical Phase 2 witness. MGA also cannot dispute that the filing of Mattel's Third Amended Answer and Counterclaims ("TAAC") "dramatically" expanded the scope of this case.  MGA does not dispute the complexity of the financial transactions that are at the heart of the TAAC's new allegations, nor does it contest Mr. Brawer's role in them or that Mattel did not have the opportunity to question Mr. Brawer about the transactions that occurred after Mr. Brawer's deposition.   MGA does not dispute that immediately prior to and then after Mr. Brawer's deposition, MGA produced vast amounts of evidence, which Mattel did not have an opportunity to question Mr. Brawer about.  Under the case law and prior Discovery Master's rulings,  which MGA simply ignores, all of this weighs in favor of granting far more than seven hours for examining Mr. Brawer.

**Argument**

**I.   FURTHER TIME IS WARRANTED FOR A FAIR EXAMINATION OF MR. BRAWER**

As Mattel has shown, there are several independent reasons why Mr. Brawer's deposition should be resumed and why Mattel should be granted additional time to question him:  (1) his centrality to the litigation, as evidenced by, among other things, the sheer volume of documents that Mr. Brawer's name appears on, which under even the best of circumstances would require more than seven hours of examination; (2) the evidence produced immediately before Mr. Brawer's deposition, which Mattel did not have sufficient time to review, as was as the evidence produced afterwards, which Mattel has never had the opportunity to question Mr. Brawer on; (3) the new claims and parties added to this case, including such matters that occurred only after Mr. Brawer's deposition; and (4) defense counsel's coaching of Mr. Brawer and Mr. Brawer's improper refusal to answer

1 | questions based on legal conclusion objections -- which obstructed the deposition
2 | and prevented a fair examination.

3 |       Each of these reasons independently justifies additional deposition
4 | time, even in an ordinary case involving an ordinary witness.   New evidence
5 | justifies reopening a deposition,[1] as do new claims.[2]   And, improper deposition
6 | conduct justifies additional deposition time.[3]

### A.   Seven Hours Was Insufficient To Fully And Fairly Question Mr. Brawer

9 |       MGA does not dispute that seven days before Mr. Brawer's deposition,
10 | it produced over 300,000 pages of documents.[4]  (Opp. at 7-8).   Instead, MGA
11 | implies that *Mattel* somehow could have avoided the problem of not having

---

[1]   See, e.g., See, e.g., Keck v. Union Bank of Switzerland, 1997 WL 411931, at *2 (S.D.N.Y. July 22, 1997) (permitting plaintiff to reopen depositions of witnesses because "the request to reopen the questioning is based on new information").

[2]   See e.g., Collins v. International Dairy Queen, 189 F.R.D. 496, 498 (M.D. Ga. 1999) (granting defendants' request to reopen depositions based on new claims in amended complaint: "Because of the time that has elapsed, the addition of new claims, and the evident knowledge of the witnesses in particular areas, re-examination of the two witnesses is likely to provide additional information not obtainable at the first depositions."); Tillery v. Darby-Rogers Co., 2006 WL 2735162, at *5 (M.D. Fla. 2006) (same).

[3]   See, e.g., Burrows v. Redbud Community Hosp. Dist., 187 F.R.D. 606, 613 (N.D. Cal. 1998) ("allow[ing] plaintiffs to complete the deposition because defendants' counsel impermissibly coached [the witness]"); Stempler v. Collect America, Ltd., 2000 WL 288377, at *1 (E.D. La. 2000) (same).

[4]   MGA represents that it produced the documents on January 28, 2008. However, as MGA's own exhibit reveals, that production was laden with "major technical difficulties . . . including network crashes," and as a result was given to Mattel without any identification numbers or confidentiality designations. Molinski Dec. Exh. D. MGA actually produced the documents with bates numbers and confidentiality designations on January 29, 2008 -- a mere 7 days before Mr. Brawer's deposition -- and asked that the production on January 28, 2008 be returned to MGA and all hard copies destroyed.  See Watson Dec. Exh. 22.

1  sufficient time to review the documents by "request[ing] to reschedule the
2  deposition." (Opp. at 8).  This argument ignores the facts and logic and indeed was
3  rejected by the prior Discovery Master.  Moreover, it confirms that the 300,000
4  pages of documents were relevant to Mr. Brawer's examination and Mattel was
5  prevented from fully and fairly examining him.[5]

6          More specifically, Mattel had no obligation to reschedule the
7  deposition it had been seeking for nearly 8 months.[6]  It was only by Court Order that
8  Mattel was able to obtain Mr. Brawer's deposition in the first place, despite his
9  obvious centrality as a witness.  On January 7, 2008 (only 21 days before the phase
10  1 discovery cutoff), the Court granted in part Mattel's motion for leave to take
11  additional discovery, including the deposition of Mr. Brawer.[7]  The Court ordered
12  that the phase 1 depositions be completed by January 28, 2008, and all phase 2
13  deposition be completed no later than February 2008.[8]  Thereafter, Mattel noticed
14  the deposition Mr. Brawer for January 24, 2008.  Counsel for Brawer represented
15  that Ron Brawer was available on January 28, 2008 for deposition, and Mattel
16  accepted MGA's offer to depose Mr. Brawer on that date.[9]  Even then, MGA

17

18

19  _____

20      [5]   Mattel has not used the words "documents" and "pages" interchangeably as
21  MGA misrepresents.  (Opp. at 9).  MGA produced over 300,000 *pages* prior to
     Brawer's deposition.  There have been over 234,000 *documents* produced since Mr.
22  Brawer's deposition.  800 of these *documents* mention Brawer by name.  When you
23  add them up, Mr. Brawer's name appears on over 30,000 *documents*, which amount
     to over 200,000 *pages*.  There is no "ambiguity" nor any "misused labels."
24      [6]   Watson Dec. Exh. 10.
25      [7]   Watson Dec. Exh. 20.
        [8]   Id.
26      [9]   E-mail from Jon Corey to Paul Eckles, dated January 21, 2008, with
27  attachment, Supp. Watson Dec. Exh. 28; E-mail from Dominic Surprenant to Jack
     DiCanio, dated January 22, 2008, Supp. Watson Dec. Exh. 19.
28

1  unilaterally canceled the deposition scheduled for January 28, 2008.[10]  It was only

2  after Mattel insisted, and MGA agreed to stipulate, that Brawer finally appeared for

3  deposition on February 5, 2008.[11]  Given MGA's considerable delay and then

4  pending deadlines, Mattel was not obligated to postpone his deposition any further

5  — thereby encouraging MGA's strategy of delay and stonewalling.

6          Not only does MGA's argument ask that it be rewarded for its own

7  discovery delays, but the prior Discovery Master rejected this exact same contention

8  by MGA when he granted Mattel's motion for additional deposition time with MGA

9  executive Paula Garcia.[12]  There, too, MGA "offered" to delay Ms. Garcia's

10  scheduled deposition in light of MGA's production of over 7,600 pages of

11  documents just days before.  In opposing Mattel's subsequent motion for additional

12  deposition time with Ms. Garcia, MGA claimed that because Mattel declined to

13  accept MGA's "offer" of postponement, Mattel could not rely on the production as a

14  basis for more deposition time with Ms. Garcia.[13]  The Discovery Master squarely

15  rejected that argument and ordered Ms. Garcia to appear for additional deposition

16  time, holding that "[r]egardless of where the fault lies for the belated document

17  production, Mattel is entitled to a fair examination of the deponent regarding these

18  7,600 pages of documents."[14]

19

20

21  [10]  Letter from Jack DiCanio to Dominic Surprenant, dated January 22, 2008,

22  Supp. Watson Dec. Exh. 20.

23  [11]  Stipulation Re: The Deposition of Ron Brawer, dated January 7, 2008, Supp.
Watson Dec. Exh. 7.

24  [12]  Watson Dec. Exh. 40.

25  [13]  Watson Dec. Exh. 40, at 3 (MGA argued "by proceeding with the deposition
as scheduled, Mattel was 'choosing to do so at the risk that later discovery (including

26  the [7,600 pages of documents] may be relevant to her deposition and will not be
entitled to call her back for that reason.").

27  [14]  Watson Dec. Exh. 40, at 12.

28

1           MGA's argument is also unavailing for another reason.  Even if Mattel

2 had postponed the deposition to another date, seven hours was not enough time to

3 question Mr. Brawer.  Mr. Brawer is a critical phase 2 witness who has vast personal

4 knowledge about Mattel's phase 2 claims and about MGA's claims.  His name

5 appears on over 200,000 pages of produced documents.  There are of course vast

6 quantities of documents his name does not appear on, but which are relevant to

7 Mattel's trade secret claims.[15]  Mattel is entitled to fully question Mr. Brawer about

8 his knowledge, discover the facts and avoid being sandbagged at trial.[16]

9       **B.**     **Mattel Has Not Had The Opportunity To Question Mr. Brawer On**

10            **The 300,000 Plus Pages Of Documents Produced Before His**

11            **Deposition**

12           MGA's additional argument that "Mattel has never suggested the

13 January 28, 2008 production was 'late'" (Opp. at 7) is incorrect[17] and irrelevant.

14 Mattel was forced to bring multiple motions to compel and subsequent motions to

15 enforce orders compelling relevant documents.[18]  MGA produced these documents

16 on the day <u>after</u> the discovery cutoff, seven days prior to Mr. Brawer's deposition

17 _____

18    [15]    <u>See e.g.</u>, MGA 4050634, MGA 4369366, MGA 4369500-501, 4369409,

19 MGA 4375726-27, Supp. Watson Dec. Exhs. 1-3, 5 & 6.

   [16]    <u>Wilkerson v. Vollans Automotive, Inc.</u>, 2009 WL 1373678, at *1 (W.D.

20 Wash. May 15, 2009) (<u>Fed.R.Civ.P.</u> 26(b)(1) "is liberally construed so that parties

21 may conduct the wide-ranging discovery necessary to avoid surprise at trial and

properly evaluate and resolve their dispute.") (citing <u>A. Farber and Partners, Inc. v.</u>

22 <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)); <u>Smith v. Simmons</u>, 2009 WL

23 1312930, at *1 (E.D.Cal. May 12, 2009) ("The purpose of discovery is to make trial

'less a game of blind man's bluff and more a fair contest with the basic issues and

24 facts disclosed to the fullest practicable extent possible.'") (citing <u>United States v.</u>

25 <u>Procter & Gamble</u>, 356 U.S. 677, 683 (1958)); <u>Egyptian Chamois Co. v. Evergreen</u>

<u>Marine Corp.</u>, 2001 WL 1737458, at *6 (C.D. Cal. Jan. 25, 2001) ("The discovery

26 rules were specifically intended to prevent the trial by ambush").

27    [17]    Watson Dec. Exh. 25; Brawer Depo. at 245:14-19, Watson Dec. Exh. 41

   [18]    <u>See e.g.</u>, Supp. Watson Dec. Exhs. 22-25.

28

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL RONALD BRAWER

(which was held after the cutoff by court order).[19]  In any event, even if Mattel had time to review those documents in time for Mr. Brawer's deposition, there were still far too many of them to be able to fully question him about them in merely seven hours.[20]

MGA implies that there are no documents among the 300,000 pages of documents produced just prior to Mr. Brawer's deposition that are "relevant to any of Mattel's or MGA's claims or defenses." (Opp. at 8).  This is simply wrong.  The documents produced by MGA on January 29, 2008 contain relevant information on numerous topics that Mattel is entitled to fully question Mr. Brawer about.  These include, to select just a few of many possible examples:

- <u>MGA's copying and theft of Mattel's doll concepts in 2006 while Mr. Brawer was an executive at MGA.</u> 

---

[19]  Far from suggesting MGA's production was irrelevant as MGA suggests (Opp. at 7), Mattel's attorney made clear at the deposition that Mattel needed additional time with Mr. Brawer based on the newly produced documents.  Brawer Depo, at 245:13-246:5, Watson Dec. Exh. 41.  Contrary to MGA's puzzling suggestion here, that Mattel's counsel chose to raise the matter in a cordial way instead of engaging in vituperative rhetoric in describing the episode is scarcely a waiver.

[20]  MGA accuses Mattel of not making *any* effort to review the belated produced documents.  Not so.  300,000 pages is a staggering number.  Review of that volume of pages in time for a deposition in London a week later is difficult under any circumstance.  But it was impossible here, in light of the fact that from January 28, 2008 through February 5, 2008 (Mr. Brawer's deposition), there were 14 depositions taken and approximately 50 briefs filed in this case.  Supp. Watson Dec. ¶ 9. MGA's contention about Mattel having enough lawyers to review these pages is both pure speculation and wrong, given the significant other activities going on in the litigation.

1 ████████████████████████████████████

2 ████████████████████████████████ [21]

3 • <u>MGA's theft of Mattel's concept for the Scooter Shannen doll.</u> █

4 ████████████████████████████████████

5 ████████████████████████████████████

6 ████████████████████████████████████

7 ████████████████████████████████████

8 ████████████████████████ [22]   Mattel should be able to

9 question Mr. Brawer about this -- given that his first contact with

10 MGA was around the same time, March 9, 2001. [23]

11 • <u>MGA's poaching of Mattel employees.</u> For example, MGA's

12 ██████████████████████████████ reflected in emails

13 produced for the first time on January 29, 2008. [24]

14   **C.**   **MGA Does Not Dispute That Mattel Has Not Had The**

15      **Opportunity To Question Mr. Brawer On Documents Produced**

16      ***After* His Deposition**

17      MGA fails to even acknowledge the authority holding that additional

18 deposition time is proper to permit questioning on new evidence. (Motion at 9-10).

19 MGA also fails to provide any authority to support its argument that Mr. Brawer

20 should not be deposed on the evidence in this case. MGA summarily dismisses the

21 examples of new information contained in the 234,000 documents produced after

22 Mr. Brawer's deposition as irrelevant and insufficient to warrant additional

23 deposition. A party's failure to produce requested evidence prior to its deposition is

24 ────────────────────

25 [21]  MGA 4050634, Supp. Watson Dec. Exh. 1.

26 [22]  MGA 4369366, Supp. Watson Dec. Exh. 2.
   [23]  Watson Dec. Exh. 7.

27

28

00505.07975/3062796.1

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL RONALD BRAWER

1 | "good cause" for resuming that deposition.  <u>See, e.g., Robins v. Scholastic Book</u>

2 | <u>Fairs</u>, 928 F. Supp. 1027, 1036 (D. Or. 1996) ("the second set of depositions of these

3 | individuals was necessary because they had to be questioned about additional

4 | documents that Defendant produced after the first set of depositions").  The prior

5 | Discovery Master has so ruled as well, holding that production of documents after a

6 | witness' deposition is "justification for resuming [the witness'] deposition."[25]  Mattel

7 | is entitled to question Mr. Brawer on documents produced after his deposition.

8 |         MGA claims that "Mattel's motion does not identify a single MGA

9 | document relevant to" ██████████████████████████████████████

10 | ██  That is inaccurate.  ████████████████████████████████████

11 | █████████████████████████████████████████████████████████████

12 | █████████████████████████████████████████████████████████████

13 | █████████████████████████████████████████████████████████████

14 | █████████████████████████████████████████████████████████████

15 | █████████████████████████████████████████████████████████████

16 | █████████████████████████████████████████████████████████████

17 | █████████████████████████████████████████████████████████████

18 | Mattel is entitled to question him about it, and MGA makes no argument otherwise

19 | apart from misstating Mattel's evidence submitted on this motion.

20 |         MGA claims that the ██████████████████████████████████

21 | █████████████████████████████████████████████████████████████

22 | █████████████████████████████  (Opp. at 10).  Far from being

---

24 |   [24]  MGA 4369500-501, MGA 4369409, MGA 4375726-27, Supp. Watson Dec.

25 | Exhs. 3-6.
  [25]  <u>See</u> Watson Dec. Exh. 40, at 12, n. 6.

26 |   [26]  MGA2 0048906, Watson Dec. Exh. 24; Mattel's First Supplemental

27 | Objections and Responses, at 113, 253; Watson Dec. Exh. 23.
  [27]  Waston Dec. Exh. 1, at ¶¶ 133-155.

28 |

1   irrelevant, this newly produced document ████████████████████████████

2   stealing Mattel ideas and trade secrets for the benefit of MGA -- claims that are

3   indisputably alleged in the TAAC[28] and that, as the prior Discovery Master

4   recognized, also serve as a defense to MGA's own claims.[29]

5

6

7

8

9

10

11

12

13

14

15

16          MGA argues that ███████████████████████████ not sufficient

17   to warrant additional deposition time.  The contention fails.  As Judge Larson has

18   observed, the TAAC "dramatically" expanded the scope of this case, and that the

19   addition of the financial transactions would "exceedingly complicate an already

20   _____

21   [28]   Watson Dec. Exh. 1, at ¶¶ 62-76, 98, 156-165, 172-73.

22   [29]   Watson Dec. Exh. 2. at 11-12.

        [30]   See e.g., M 0166359, Supp. Watson Dec. Exh. 27.

23   [31]

24

25

26

27   (footnote continued)

28

1 | complicated case."[32]   For its part, ███████████████████

2 | ████████████████████████████████████████████████

3 | ████████████████████████████████████████████████

4 | ████████████████████████████████████████████████

5 | ████████████████████████

6 | ████████ MGA does not contest that ███████████████████

7 | ████████████████████████████████████████████████

8 | ████████████████████████████████████████████████

9 | ████████████████████████████████████████████████

10 | ████████████████████████████████████████████████

11 | ████████████████████████████████████████████████

12 | ████████████████████████████████████████

13 | ████████   In any event, the documents cited by Mattel are examples, and in no

14 | way represent the entirety of documents establishing knowledge of new claims in

15 | Mattel's TAAC. ███████████████████████████████

16 | ████████████████████████████████████████████████

17 | ████████████████████████████████████████████████

18 |

19 |

20 | _____

21 | ████████████████████████████████████████████

22 | [32]   Hearing Transcript, dated May 18, 2009 at 19:24-20:3, Supp. Watson Dec. 8.

23 | [33]   MGA Parties' Opposition to Mattel, Inc.'s Motion for Leave to File Third Amended Answer and Counterclaims, dated April 27, 2009 at 5-10, Supp. Watson

24 | Dec., Exh. 9.

25 | [34]   Order No. 3, at 27, 28-30, Supp. Watson Dec. Exh. 21; Order No. 27, at 4-13, 39-40, Supp. Watson Dec. Exh. 26.

26 | [35]   Judge Larson's Omnibus Order, dated July 9, 2009 at 4, Supp. Watson Dec.,

27 | Exh. 10.

28 | [36]   Supp. Watson Dec. ¶ 23.

1   ███████████████████████████████████████

2   ███████████████████████████████████████

3   ███████████████████████████████████████

4   ███████████████████████████████████████

5   ███████████████████████████████████████

6   ███████████████████████████████████████

7   ████████████

8       **D.**    **Mr. Brawer Improperly Refused To Answer Questions Based On**

9           **Legal Conclusion Objections By MGA Counsel**

10         As set forth in Mattel's motion, MGA engaged in coaching and

11   obstructionist tactics at Mr. Brawer's deposition, preventing a full and fair

12   examination.  (Motion at 12-16).  MGA does not dispute that such conduct by

13   counsel at deposition is grounds for extra deposition time.  See, e.g., Burrows v.

14   Redbud Community Hosp. Dist., 187 F.R.D. 606, 613 (N.D. Cal. 1998) ("allow[ing]

15   plaintiffs to complete the deposition because defendants' counsel impermissibly

16   coached [the witness]"); Stempler v. Collect America, Ltd., 2000 WL 288377, at *1

17   (E.D. La. 2000) (same); Advisory Committee Notes on the 2000 Amendments to

18   Fed. R. Civ. P. 30(d) ("if deponent or another person impedes or delays the

19   examination, the court *must* authorize extra time") (emphasis added).  The

20   Discovery Master should do so here.

---

[37]   IGWT 14430--14433 █████████████████████████████
), Supp. Watson Dec. Exh. 11.

[38]   IGWT 14486-14487, Supp. Watson Dec. Exh. 12.

[39]   Watson Dec. Exh. 1, at ¶¶ 122-126.

[40]   Order No. 3, at 27, 28-30, Supp. Watson Dec. Exh. 21; Order No. 27, at 4-13, 39-40, Supp. Watson Dec. Exh. 26.

1    MGA does not dispute that Mr. Brawer improperly refused to answer

2    questions at his deposition.[41]  As Mattel explained in its Motion, ███████████

3    ██████████████████████████████████████████████████████████████████

4    ██████████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████ as to each

6    element, including confidentiality, is highly relevant to Mattel's trade secret claims.

7    He should be compelled to answer such questions.

8    **E.    Mattel's Separate Declaratory Action Against Mr. Brawer --**

9    **Which Was Voluntarily Dismissed *Without Prejudice* Because Mr.**

10   **Brawer Conceded It -- Has No Bearing On His Importance In This**

11   **Action**

12   MGA argues that Mr. Brawer's relevance to *this* action is somehow

13   diminished by Mattel's voluntary dismissal of a separate declaratory relief action

14   against Mr. Brawer relating to his contractual obligations to Mattel and to which

15   MGA was not even a party.  At the outset, such a contention cannot serve as a basis

16   for denying discovery in the face of the existing claims under the TAAC.  If MGA

17   believes that its argument bars Mattel's action against MGA here on res judicata or

18   similar grounds, then it must make such a motion to the Court.  That MGA has

19   never done so -- even though it has had months and years to do so -- speaks

20   volumes.

21   Moreover, MGA simply misstates the facts.  It incorrectly claims that

22   Mattel's action was dismissed "with prejudice when Mattel could not provide any

23   ────────────────────────

24   [41]  Brawer Depo. at 120:11-121:15, 148:2-8, 149:2-8, 158:2-17, 169:11-17,

25   170:2-13, 175:6-18, 175:20-176:3, 180:16-21, 185:23-186:5, 186:18-24, 189:10-17, 204:3-23, Watson Dec. Exh. 41.

26   [42]  Brawer Depo. at 154:5-11, 154:22-155:13, 158:2-17, 169:11-17, 170:2-13,

27   175:6-18, 175:20-176:3, 180:16-21, 185:23-186:5, 186:18-24, 189:10-17, Watson Dec. Exh. 41.

28

1 │ evidentiary support for the claims against him." (Opp. at 2, 14 emphasis in

2 │ original). In fact, the case against Mr. Brawer was dismissed without prejudice[43]

3 │ because Mr. Brawer conceded that he in fact owed to Mattel the contractual

4 │ obligations that Mattel has sought a declaration for in the action.

5 │         More specifically, when Mr. Brawer left Mattel to join MGA, he

6 │ refused to acknowledge that he was bound by Mattel's Code of Conduct, which

7 │ requires employees to maintain the confidentiality of Mattel's proprietary

8 │ information. Mattel made a number of efforts to get Mr. Brawer to acknowledge his

9 │ obligations to protect Mattel's proprietary information post-employment. After Mr.

10 │ Brawer repeatedly refused, Mattel sought a Court's intervention to declare the extent

11 │ to which Mr. Brawer was required to keep Mattel's information confidential after his

12 │ employment with Mattel ended.[44] No money damages were sought by Mattel

13 │ against Mr. Brawer.[45] When Mr. Brawer finally admitted that he is bound by

14 │ Mattel's Code of Conduct, Mattel voluntarily dismissed the action, because its

15 │ primary objective was achieved.[46] This in no way diminishes Mr. Brawer's

16 │ importance here. To the contrary, if anything, it shows that Mr. Brawer owed

17 │ Mattel the duties that Mattel alleges MGA interfered with.

18 │

19 │

20 │

21 │ ──────────────────

22 │ [43]   Request for Dismissal in <u>Mattel v. Brawer</u>, Case No. BC323381, dated

23 │ September 22, 2006, Supp. Watson Dec. Exh. 13; <u>see also</u> Notice of Entry of Order
   │ dated November 6, 2006, Supp. Watson Dec. Exh. 14; Complaint for Declaratory

24 │ Relief dated October 21, 2004, Supp. Watson Dec. Exh. 15.

25 │ [44]   <u>See</u> <u>Mattel v. Brawer</u>, Case No. BC323381, Supp. Watson Dec. 15.
   │ [45]   <u>Id.</u>

26 │ [46]   <u>See e.g.</u>, Defendant Ronald Brawer's Response to Plaintiff's Special

27 │ Interrogatories -- Set One in Case No. BC323381, dated December 1, 2004, at
   │ Response Nos. 9, 12, 31 & 32, Supp. Watson Dec. Exh. 16.

28 │

## II.   MGA BEARS THE BURDEN OF PROOF UNDER RULE 26(B)(2), AND HAS NOT CARRIED ITS BURDEN

As shown above, Mattel has shown good cause for additional deposition time.  However, the standard is not even that high.  "Leave to conduct a second deposition should ordinarily be granted."  Boston Edison Co. v. U.S., 75 Fed. Cl. 557, 566 (Fed. Cl. 2007); see also Judicial Watch, Inc. v. U.S. Dept. of Commerce, 34 F. Supp. 2d 47, 54 (D.D.C. 1998) (same).  Indeed, the burden falls on MGA to show that additional time should not be granted under Fed. R. Civ. P. 26(b)(2), which

> requires the party opposing the second deposition to demonstrate that:
> (1) the [second deposition] sought is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (2) the party seeking [second deposition] has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed [second deposition] outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

7 James W. Moore et al., Moore's Federal Practice-Civil § 30.05[1][c]; see Zamora v. D'Arrigo Bro. Co. of Cal., 2006 WL 3227870, at *1 (N.D. Cal. Nov. 7, 2006) (accord); In re Enron Corp., 349 B.R. 115, 128-129 (Bankr. S.D.N.Y. 2006) (same); Collins v. International Dairy Queen, 189 F.R.D. 496, 498  (M.D. Ga. 1999) (allowing second depositions because party opposing discovery failed to satisfy factors enumerated in Rule 26(b)(2)).  MGA has not met its burden.[47]

---

[47]   The Rule 26(b)(2) standard applies because, under Rule 30(d)(1), "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance, impedes or delays the examination."

1    The prior Discovery Master ruled that Mattel was entitled to an
2 additional 14 hours (on top of the 14 it had already been granted) to question MGA
3 executive Paula Garcia because she is "one of the most important witnesses in this
4 case" and because MGA produced approximately 7,600 pages of documents just
5 two days prior to her deposition (among other reasons).[48]  Here, these factors weigh
6 even more heavily in favor of Mattel.  Mr. Brawer is one of the most important
7 witnesses in phase 2, and defendants have produced more than 234,000 pages of
8 documents since his deposition.[49]  Mattel should be granted the full 21 hours of
9 additional time it requests.
10    Mr. Brawer's knowledge about relevant matters is vast and unique.
11 Deposing him on the new claims in this case, and on old claims based on new
12 evidence, would be far from duplicative or cumulative.  Indeed, MGA hardly even
13 suggests otherwise.  MGA does not assert that the discovery Mattel now seeks is
14 obtainable from another source that is more convenient, less burdensome or less
15 expensive.  There is no other source for this discovery.  In fact, ███████████████
16 ████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████
18 ████████████████████████████████████████████████
19 ██████████████████████ thoroughly preventing Mattel from obtaining
20 discoverable information.[51]  Nor has Mattel had "ample opportunity" to obtain the
21 discovery sought here for the simple reason that certain claims had not yet been filed
22
23 ────────────────────────
24    [48]  See Waston Dec. Exh. 40 at IV(A).
25    [49]  Watson Dec. ¶ 23.
      [50]  See e.g., Deposition of Carlos Gustavo Machado, dated October 14, 2008,
26 Supp. Watson Dec. Exh. 17.
      [51]  See e.g., Deposition of Jorge Castilla, dated October 22, 2008, Supp. Watson
27 Dec. Exh. 18.
28

1  (and in some cases arisen) and documents had not been produced when Mr.
2  Brawer's deposition was taken.

3       MGA does not dispute that Mr. Brawer is one of the most important
4  phase 2 witnesses in this case.  This strongly favors Mattel's request for additional
5  time.  Mattel needs this testimony and cannot obtain it from any other source,
6  especially given ███████████████████████████████████
7  ████████████  Defendants have themselves asserted that the amount in controversy
8  here on their claims alone is in the "billions" of dollars.[52]

9       In contrast, the burden or expense of the proposed discovery is slight.
10  Clearly, the amount in controversy, the needs of the case and the importance of the
11  proposed discovery far outweigh any purported burden or expense.

12  **III.**   **THE DISCOVERY MASTER SHOULD COMPEL MR. BRAWER TO**
13     **PROVIDE ANSWERS TO QUESTIONS COUNSEL IMPROPERLY**
14     **INSTRUCTED HIM NOT TO ANSWER**

15       MGA has not met its burden of supporting its privilege assertions.
16  MGA instructed Mr. Brawer not to answer questions that did not call for the
17  substance of attorney-client communications.[53] ██████████████████████
18  ████████████████████████████████████████████████████████████
19  ███████████████████████████████ does not invade the attorney-client
20  privilege and is not protected by the work-product doctrine.  Such facts are not
21  privileged.
22       MGA claims █████████████████████████████████████
23  █████████████████████████████████ Not only is this not credible, it also
24  makes no difference.  The prior Discovery Master rejected exactly the type of

25  —————————————————

26  [52] See Watson Dec. Exh. 43.
27  [53] Brawer Depo. at 145:23-146:23, Watson Dec. Exh. 41.
28  [54] Brawer Depo. at 144:21- 146:13, Watson Dec. Exh. 41.

instruction interposed here and ruled that a witness's understanding of facts, events and information are discoverable, even if they were conveyed by a lawyer.[55]  "[I]t is only the communications that are subject to attorney-client privilege, and not the foundational facts concerning the communication, or the underlying, independent facts."  AMCO Ins. Co. v. Madera Quality Nut LLC, 2006 WL 931437, at *18 (E.D. Cal. April 11, 2006).[56]  The instructions to Mr. Brawer should be overruled and Mr. Brawer further should be ordered to answer the other questions he unilaterally refused to answer.[57]

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master should allow Mattel an additional 21 hours of deposition time with Mr. Brawer.  The Discovery Master should also compel Mr. Brawer to answer

---

[55]  Watson Dec. Exh. 39 at ¶ 1; see also Watson Dec. Exh. 40, at 12:20-22 (holding that the attorney-client privilege protection "does not extend to the facts underlying privileged communications.").

[56]  MGA makes no effort to distinguish the previous Discovery Master's ruling, nor the authority cited by Mattel.  See Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995) ("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product"); Garcia v. City of El Centro, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (same); Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of Equifax Services, Inc., 120 F.R.D. 504, 509 (W.D. La. 1988) ("The courts have consistently held that the work-product concept furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts. . .") (citing 8 Wright & Miller, Fed. Practice and Procedure § 2023 (1970) (emphasis in the original)).

[57]  See e.g., Brawer Depo. at 120:11-121:15, 148:2-8, 149:2-8, 154:5-11, 154:22-155:13, 158:2-17, 169:11-17, 170:2-13, 175:6-18, 175:20-176:3, 180:16-21, 185:23-186:5, 186:18-24, 189:10-17, 204:3-23, Watson Dec. Exh. 41.

1   those questions counsel improperly instructed him not to answer and the questions

2   Mr. Brawer improperly refused to answer when his deposition resumes.

3   DATED:  August 19, 2009                QUINN EMANUEL URQUHART OLIVER &
                                           HEDGES, LLP
4

5
                                           By /s/ Michael T. Zeller
6                                            Michael T. Zeller
                                             Attorneys for Mattel, Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28