# EXHIBIT 22

COPY

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
7    Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13              Plaintiff, | Consolidated with |
| 14       vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | **DISCOVERY MATTER** |
| 16              Defendant. | **[To Be Heard By Discovery Master Hon.**<br>**Edward Infante (Ret.) Pursuant To The** |
| 17 | **Court's Order Of December 6, 2006]** |
| 18  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION<br>AND MOTION TO COMPEL |
| 19 | PRODUCTION OF DOCUMENTS BY<br>MGA ENTERTAINMENT, INC. AND |
| 20 | FOR AWARD OF MONETARY<br>SANCTIONS; AND |
| 21 | MEMORANDUM OF POINTS AND |
| 22 | AUTHORITIES |
| 23 | [Separate Statement and Declaration of<br>Scott B. Kidman filed concurrently |
| 24 | herewith] |
| 25 | Hearing Date: TBA<br>Time:  TBA |
| 26 | Place:  TBA |
| 27 | Discovery Cut-off:  March 3, 2008<br>Pre-trial Conference: June 2, 2008 |
| 28 | Trial Date: July 1, 2008 |

EXHIBIT  22
PAGE  204

06/27/07

07209/2136494.2

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |      PLEASE TAKE NOTICE that at a telephonic conference before
3 | Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time
4 | to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby
5 | does, move the Court:

6 |      (1)    to compel MGA Entertainment, Inc. ("MGA") to produce
7 | documents responsive to Mattel, Inc.'s First Set of Requests for Documents and
8 | Things Re Unfair Competition Claims including, without limitation, Request Nos. 1,
9 | 3-10, 12-13, 16-18, 19-20, 26-27, 29-30, 32-40, 42-43, 45, 48-52, 54-56, 58-60, 65-
10 | 119, 137-140, 157-161, 164 and 166; and

11 |      (2)    for an award of sanctions against MGA in the amount of
12 | $4,500.00, which represents a portion of the costs incurred by Mattel in bringing this
13 | Motion.

14 |      This Motion is made pursuant to Federal Rules of Civil Procedure 34
15 | and 37 on the grounds that Mattel's Requests seek discoverable information and
16 | MGA's objections lack merit and its refusal to produce responsive documents is
17 | improper.

18 |      This Motion is based on this Notice of Motion and Motion, the
19 | accompanying Memorandum of Points and Authorities, the Declaration of Scott B.
20 | Kidman filed concurrently herewith, the Separate Statement filed concurrently
21 | herewith, the records and files of this Court, and all other matters of which the Court
22 | may take judicial notice.

23

24

25

26

27

28

07209/2136494.2

EXHIBIT __∂∂__
PAGE __∂0⊆__

-1-

1               **<u>Statement of Rule 37-1 Compliance</u>**

2

3           The parties met and conferred regarding this motion on February 6,

4 2007 and times thereafter.

5

6 DATED:   June 26, 2007         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8                     By_____

9                      Scott B. Kidman
                        Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                    EXHIBIT __22__

28                    PAGE __206__

MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

07209/2136494.2

# TABLE OF CONTENTS

**Page**

Preliminary Statement ............................................................................................... 1

Background ................................................................................................................. 2

Argument .................................................................................................................... 9

I.   THE COURT SHOULD COMPEL MGA TO PRODUCE ALL DOCUMENTS RESPONSIVE TO THE REQUESTS TO WHICH MGA HAS SERVED ONLY OBJECTIONS.................................................... 9

II.  THE COURT SHOULD STRIKE MGA'S IMPROPER RESTRICTIONS ON REQUEST NOS. 1, 3-4, 13, 18, 29, 49, 52 AND 137 AND COMPEL MGA TO PRODUCE ALL RESPONSIVE DOCUMENTS ................................................................................. 10

III. MGA SHOULD BE SANCTIONED............................................................. 12

Conclusion ............................................................................................................... 13

EXHIBIT 22

PAGE 207

-i-

MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

1

# TABLE OF AUTHORITIES

2

3                                                                                          **Page**

4

## Cases

5

Braley v. Campbell,
6    832 F.2d 1504 (10th Cir. 1987)............................................................................. 12

7    Hyde & Drath v. Baker,
     24 F.3d 1162 (9th Cir. 1994)................................................................................ 12
8
     RTC v. Dabney,
9    73 F.3d 262 (10th Cir. 1995)................................................................................ 12

10

## Statutes

11
     28 U.S.C. § 1927................................................................................................... 12
12
     Fed. R. Civ. P. 26............................................................................................... 1, 5
13
     Fed. R. Civ. P. 26(a) ............................................................................................. 5
14
     Fed. R. Civ. P. 37(a)(4) ........................................................................................ 12
15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/213439

EXHIBIT  22
PAGE  208

1

2

# MEMORANDUM OF POINTS AND AUTHORITIES

3

## Preliminary Statement

4

5       Two years ago, MGA filed an expansive and detailed complaint against

6   Mattel alleging broad claims for unfair competition which, according to MGA,

7   entitles it to "billions" of dollars in damages.  This motion to compel is the product

8   of MGA's latest attempt to prevent Mattel from obtaining the basic discovery it

9   needs to defend against those claims.  The Discovery Master has already found that

10  MGA's initial disclosures--served more than 20 months after the complaint was

11  filed--to be woefully "deficient," but pointed to the document requests at issue here

12  as a more efficient means at this stage of the litigation for Mattel to obtain the

13  discovery to which it is entitled.

14       Unfortunately, MGA's responses to these document requests are no

15  better than its initial disclosures.  In response to nearly two-thirds of the 166

16  requests, MGA served only objections without agreeing to produce *any* responsive

17  documents.  Given the nature of the requests, MGA's responses demonstrate a lack

18  of good faith and a disregard for its discovery obligations.  Indeed, many of these

19  requests seek discoverable information regarding MGA's theft of Mattel's trade

20  secrets, a subject which the Discovery Master has already found to be relevant to

21  Mattel's defenses to MGA's unfair competition claims.  Remarkably, included

22  among the requests to which MGA flatly objected are many of the requests that

23  MGA itself pointed to as part of its effort to persuade the Discovery Master to deny

24  Mattel's motion to compel Rule 26 disclosures.

25       Furthermore, in response to each of the remaining requests, MGA

26  originally stated that, subject to its general and specific objections, it would produce

27  only *"relevant and non-objectionable"* documents.  However, as the Discovery

28  Master subsequently found in granting another motion to compel that Mattel was

EXHIBIT __22__

PAGE __209__

-1-

1 forced to bring against MGA, such responses are wholly inadequate and permit
2 MGA to withhold entire categories of responsive documents it unilaterally deems to
3 be not "relevant" or otherwise "objectionable" without giving Mattel any indication
4 as to what has been withheld. Only after the Discovery Master made this ruling in
5 connection with Mattel's prior motion to compel did MGA finally relent and agree
6 to withdraw its improper limitation to "relevant and non-objectionable documents."
7 However, as to many of these requests, MGA's supplemental response continues to
8 impose other improper restrictions that allow MGA to withhold responsive
9 documents that are clearly relevant to the claims and defenses in this lawsuit.

10          Mattel needs to complete discovery regarding MGA's "billion" dollar
11 unfair competition claims within the deadlines set by the Court. MGA's strategy of
12 obstruction and delay is interfering with Mattel's ability to do so. The Court should
13 compel MGA to produce all responsive, non-privileged documents forthwith along
14 with a log identifying any documents withheld on purported privilege grounds.

15

16                              **Background**

17

18          The Consolidated Cases. Mattel filed its original Complaint on
19 April 27, 2004, alleging that a former employee, Carter Bryant ("Bryant"), breached
20 his duties to Mattel by working with and assisting a Mattel competitor, MGA, while
21 employed by Mattel.[1] On December 3, 2004, MGA voluntarily intervened as a
22 defendant in Mattel's suit, pursuant to a stipulation of the parties.[2] Later, in April
23 2005, MGA filed a broad unfair competition complaint against Mattel, targeting a

24

25     [1] See Mattel's Complaint in Case No. 04-9059 SGL (RNBx) dated April 27,
       2004, attached as Exhibit 1 to the Declaration of Scott B. Kidman, dated June 26,
26     2007 and filed concurrently herewith ("Kidman Dec.").
       [2] See Stipulation Permitting MGA Entertainment to Intervene in Case No. 04-
27     9059, dated December 3, 2004, Kidman Dec., Exh. 2.

28

1  number of alleged Mattel business practices worldwide.[3]  Among other things,
2  MGA alleged that Mattel engaged in "serial copycatting" of MGA products,
3  packaging and advertising, including Bratz dolls and other Bratz products, Bratz
4  packaging and Bratz television commercials.  MGA also alleged improper behavior
5  by Mattel in dealing with retailers, licensees, employees and industry organizations.
6  MGA recently announced that it would be seeking "billions" of dollars in damages
7  in connection with these claims.[4]  The Court subsequently consolidated the parties'
8  actions.[5]

9        Mattel then sought leave to file an amended complaint to add MGA and
10 four other defendants as named defendants and to add nine legal claims, including
11 claims for copyright infringement, violation of RICO, conspiracy to violate RICO,
12 misappropriation of trade secrets and unfair competition.  Among other things,
13 Mattel's proposed amended complaint alleged that MGA has engaged in an ongoing,
14 widespread pattern of illegal acts, including inducing Mattel employees to steal
15 Mattel's trade secrets, confidential information and other property and take it with
16 them to MGA to further MGA's business interests and to harm Mattel.

17        Mattel's amended claims also alleged that Bryant conceived, created
18 and developed Bratz designs while he was employed by Mattel as a designer, that he
19 wrongfully concealed his Bratz work from Mattel and wrongfully sold Bratz to
20 MGA while he was a Mattel employee and that as the rightful owner of those Bratz
21 designs Mattel is entitled to damages arising from MGA's repeated infringement of
22 copyrights in those designs.

23

24

25   [3]  See MGA's Complaint in Case No. CV 05-2727, dated April 13, 2005,
     Kidman Dec., Exh. 3
26   [4]  See "Nightline" transcript at 5, Kidman Dec., Exh. 4.
27   [5]  See Court's Order consolidating Case Nos. CV 04-9049, CV-9059 and CV 05-
     2727, dated June 19, 2006, Kidman Dec., Exh. 5.
28

EXHIBIT 22
PAGE 211

1          On January 11, 2007, the Court granted Mattel leave to file its proposed

2  amendments in the form of an amended answer and counterclaims in the case MGA

3  filed against Mattel.[6] Mattel filed its amended answer and counterclaims the next

4  day.[7]

5          Mattel's Requests for Production of Documents. On December 18,

6  2006, Mattel propounded its First Set of Requests for Production of Documents and

7  Things Re Claims for Unfair Competition to MGA Entertainment, Inc. (the

8  "Request for Production"). The Request for Production consists of 166 requests

9  which seek discoverable information that goes to MGA's broad claims for unfair

10  competition and Mattel's defenses thereto.[8]

11          MGA's Deficient Initial Disclosures. On January 5, 2007, more than 20

12  months after MGA filed its unfair competition complaint and more than seven

13  months after the discovery stay was lifted, MGA served its initial disclosures related

14  to its unfair competition claims, and then only when faced with a proposed motion

15  to compel by Mattel. When MGA finally made its disclosures, it identified only

16  three individual witnesses and two categories of potential witnesses described only

17  as "various present or former employees and contractors of MGA and Mattel." As

18  for documents, MGA failed to identify any documents to support the allegations of

19  its complaint. Instead, MGA listed three broad and non-specific categories of

20  documents and tangible items "relating to MGA's products and product packaging,"

21  relating to the strength and fame of MGA's trade dress in its 'Bratz' line" and "other

22

23    [6] See Court's Order allowing Mattel to file an Amended Answer and
Counterclaims in Case No. CV 05-2727, dated January 11, 2007, Kidman Dec.,
24  Exh. 6.
     [7] See Mattel, Inc.'s Amended Answer And Counterclaims In Case No. 05-2727
25  filed January 12, 2007, Kidman Dec., Exh. 7.
26    [8] Mattel, Inc.'s First Set of Requests for Production of Documents and Things
    Re Claims for Unfair Competition, dated December 18, 2006 ("Requests"), Kidman
27  Dec., Exh. 8.

28

EXHIBIT 22
PAGE 212

1 | documents."[9]  The deficiencies in MGA's initial disclosures were particularly
2 | striking given the breadth and gravity of MGA's unfair competition claims and the
3 | fact that nearly two years had passed since MGA's unfair competition complaint
4 | was filed.

5 |         On January 18, 2007, following an unsuccessful meet and confer,
6 | Mattel filed a motion to compel MGA to provide initial disclosures in compliance
7 | with Rule 26 of the Federal Rules of Civil Procedure.  After the motion was fully
8 | briefed, the Discovery Master issued an order finding that:

9 |         MGA's initial disclosures are deficient for many, if not all
10 |         of the reasons cited by Mattel.  The initial disclosures
11 |         contain a paltry amount of information, identifying only
12 |         seven witnesses by name and only three broad categories
13 |         of documents.  It is not reasonable to believe that MGA
14 |         filed such a high stakes suit against Mattel asserting
15 |         numerous unfair business practices armed with only the
16 |         names of seven witnesses and three broad categories of
17 |         documents.  As Mattel pointed out, MGA's complaint is
18 |         expansive and contains a considerable amount of
19 |         detail . . . .  Yet, MGA's initial disclosures fail to identify
20 |         any documents to support any of these allegations.[10]
21 |         Nonetheless, the Discovery Master denied Mattel's motion to compel,
22 | observing that Mattel had "already undertaken the burden and expense of
23 | propounding its First Set of Document Requests, totaling 166 requests . . . to
24 |

25 |     [9]  MGA's Rule 26(a) Disclosures, dated January 5, 2007 ("Disclosures"),
26 | Kidman Dec., Exh. 9.
27 |     [10]  Discovery Master's Order Denying Mattel's Motion to Compel Rule 26(a)
    Disclosures, dated February 13, 2007, at pp. 7-8, Kidman Dec., Exh. 10.
28 |

EXHIBIT 22
PAGE 213

)7209/2136494.2

-5-

1 | discover the bases of MGA's unfair competition claims." The Discovery Master
2 | further noted that "[i]f after the meet and confer process Mattel continues to believe
3 | MGA has not complied with its discovery obligations, Mattel may file a motion to
4 | compel responses to its . . . First Set of Document Requests."[11]

5 |                <u>MGA's Response to Mattel's Request for Production</u>. MGA was no
6 | more forthcoming in its response to Mattel's Request for Production than it was in
7 | its initial disclosures. In response to nearly two-thirds of Mattel's document
8 | requests, MGA flatly objected and refused to produce documents.[12] As to the
9 | remaining requests, MGA responded that, subject to its general and specific
10 | objections, it would produce only **"relevant and non-objectionable documents,"** a
11 | meaningless response that permitted MGA to withhold entire categories of
12 | responsive documents MGA unilaterally deemed to be not "relevant" or otherwise
13 | "objectionable" without providing Mattel any notice as to what those documents
14 | might be.[13]

15 |                <u>The Meet and Confer On This Motion</u>. As for those requests to which
16 | MGA responded that it would produce "relevant and non-objectionable documents,"
17 | counsel for Mattel asked counsel for MGA to withdraw this improper limitation and
18 | to provide a supplemental response confirming that MGA would produce all

19 | ――――――――――

20 |   [11]  <u>Id.</u> at 9.
21 |   [12]  <u>See</u> MGA Entertainment Inc.'s Response to Mattel, Inc.'s First Set of
Requests for Documents and Things Re Claims for Unfair Competition, dated
22 | January 17, 2007 ("Responses"), Request Nos. 5-10, 12, 16, 17, 19, 20, 26, 27, 30,
23 | 32-43, 45, 48, 50-52, 54-60, 65-119, 138-140, 157-161, 164 and 166, Kidman Dec.,
Exh. 11.
24 |   [13]  <u>Id.</u>, Request Nos. 1-4, 11, 13-15, 18, 21-25, 28, 29, 31, 44, 46, 47, 49, 53, 61-
25 | 64, 121-137, 141-156, 162, 163 and 165. In certain instances discussed below and
in Mattel's accompanying Separate Statement in Support of Mattel's Motion to
26 | Compel Production of Documents By MGA Entertainment, Inc., MGA's response
27 | imposes additional improper limitations on the scope of the documents that it will
purportedly produce.
28 |

EXHIBIT 22
PAGE 214

J7209/2136494.2

-6-

MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

1  responsive, non-privileged documents.[14]  MGA's counsel refused to do so, resorting

2  instead to further obfuscation by claiming that MGA's response was appropriate

3  because MGA has no obligation to produce "irrelevant" documents and the term

4  "non-objectionable" refers to "any relevant, responsive and non-privileged

5  documents not within the scope of [MGA's] general and specific objections."[15]

6    As to 10 of the 104 requests to which MGA flat out objected, MGA's

7  counsel initially agreed in the meet and confer to produce non-privileged,

8  *responsive* documents.[16]  However, in a move confirming that MGA was relying on

9  its "relevant" documents limitation to unilaterally withhold undisclosed documents,

10  MGA's counsel later backtracked, stating instead that in response to these 10

11  requests (and one additional request) MGA would produce non-privileged, *relevant*

12  documents.[17]  As to virtually all of the remaining requests, MGA stated that it was

13  standing on its objections and refused to produce any responsive documents.[18]

14  MGA's counsel also refused to say when it would provide the documents, if any,

15  MGA intended to produce, instead stating only that "we anticipate producing

16  documents on a rolling basis soon."[19]

17    <u>The Court's May 15, 2007 Order Granting Mattel's Motion to Compel.</u>

18  On February 2, 2007, Mattel filed a motion to compel MGA to fully answer

19  interrogatories and to produce documents responsive to other Mattel document

20  requests served in 2005 before the discovery stay.  Among to other things, MGA's

21

22   [14] Letter dated January 30, 2007 from Michael T. Zeller to Diana M. Torres,

23  Kidman Dec., Exh. 12.
 [15] Letter dated February 7, 2007 from Scott B. Kidman to Alicia Meyer,

24  Kidman Dec., Exh. 13; Letter dated February 9, 2007 from Alicia Meyer to Scott B.

25  Kidman, Kidman Dec., Exh. 14.
 [16] Kidman Dec., Exh. 13.

26   [17] Kidman Dec., Exh. 14.

27   [18] Kidman Dec., Exh. 14.
 [19] Kidman Dec., Exh. 14.

28

EXHIBIT __22__

PAGE __215__

-7-

1  responses to the document requests included the limitation that MGA would
2  produce only "relevant and responsive non-objectionable documents." In an Order
3  dated May 15, 2007, the Discovery Master granted Mattel's motion to compel. In
4  that order, the Discovery Master expressly ruled that MGA's restriction to "relevant
5  and responsive non-objectionable documents" was improper:

6          As a threshold matter, MGA's responses are inadequate to
7          the extent MGA has restricted its production to "relevant
8          and responsive non-objectionable documents" or
9          documents "sufficient" to show when events relating to
10         Bratz occurred. These restrictions suggest that MGA
11         might be excluding documents that are responsive to the
12         request based upon its unilateral determination of what is
13         "relevant" or "sufficient." [MGA] shall provide the
14         responses to document requests ordered herein without
15         these restrictions.[20]

16         Only after the Discovery Master issued this order did MGA finally
17  agree to withdraw its improper restriction to "relevant and non-objectionable
18  documents" in its responses to the Request for Production that is the subject of this
19  motion to compel and agree to serve supplemental responses.[21] Nevertheless, as to
20  many of these requests, MGA's supplemental responses continue to impose other
21  improper restrictions that allow MGA to withhold responsive documents that are
22  clearly relevant to the claims and defenses in this lawsuit.

23

24

25  [20]  Order Granting Mattel's Motion to Compel Production of Documents and
     Interrogatory Responses By MGA, dated May 15, 2007, Kidman Dec., Exh. 15.
26  [21]  See MGA Entertainment, Inc.'s Supplemental Response to Mattel, Inc.'s First
     Set of Requests For Documents and Things Re Claims of Unfair Competition, dated
27  May 31, 2007 ("MGA's Supplemental Responses"), Kidman Dec., Exh. 16.

28

1

**Argument**

2

3  **I.   THE COURT SHOULD COMPEL MGA TO PRODUCE ALL**

4  **DOCUMENTS RESPONSIVE TO THE REQUESTS TO WHICH MGA**

5  **HAS SERVED ONLY OBJECTIONS**

6              In response to nearly two-thirds of Mattel's Requests for Production,

7  MGA served only objections, without agreeing to produce **any** responsive

8  documents.  The requested documents MGA has refused to produce are discussed in

9  detail in Mattel's accompanying Separate Statement.  They include the following

10  categories:

11         •     Documents relating to the creation, origin, timing and ownership of the

12               contested MGA products and packaging, including the contested Bratz

13               products and packaging.[22]

14         •     Documents relating to MGA's theft of Mattel's trade secrets and

15               confidential information by, among other things, targeting and

16               recruiting current and former Mattel employees.[23]

17         •     Documents relating to damages.[24]

18         •     Documents relating to the facts MGA contends support its unfair

19               competition claims.[25]

20              MGA has no legitimate basis for refusing to produce these documents.

21  The Discovery Master has already found that "[a]ny proof of trade secret theft is

22

23  [22]   Request Nos. 5-8, 16, 17, 19, 20, 38, 39 and 48 and MGA's Supplemental
       Responses, Kidman Dec., Exhs. 8 & 16.

24  [23]   Request Nos. 42, 59, 60, 65-117, 138, -140, 160, 161 and 164 and MGA's

25  Supplemental Responses, Kidman Dec., Exhs. 8 & 16.
    [24]   Request Nos. 27, 30 and 157-159  and MGA's Supplemental Responses,

26  Kidman Dec., Exhs. 8 & 16.

27  [25]   Request Nos. 45, 119 and 166 and MGA's Supplemental Responses, Kidman
       Dec., Exhs. 8 & 16.

28

EXHIBIT   22
PAGE   217

1  also relevant to Mattel's defenses against MGA's unfair competition claims."[26]

2  Moreover, documents regarding the creation, origin, timing and ownership of the

3  contested MGA products and packaging, including Bratz, are clearly relevant to the

4  claims and defenses in this lawsuit. Indeed, as the Discovery Motion observed in a

5  prior order compelling Bryant to produce documents, "[a]t the heart of this lawsuit

6  is a dispute over the rights to 'Bratz' dolls."[27]  In addition, such documents go

7  directly to MGA's claims of serial copying and could show, for example, that

8  Mattel's products and packaging were first in time and that MGA in fact copied

9  Mattel, including as a result of MGA's trade secret theft.  MGA even objected to,

10  and refused to produce documents in response to, requests seeking the documents

11  MGA relies upon in this case and thus should have already produced as part of its

12  initial disclosure obligations.[28]

13          MGA should be compelled to produce all responsive documents

14  without further delay.

15  **II.**      **THE COURT SHOULD STRIKE MGA'S IMPROPER**

16          **RESTRICTIONS ON REQUEST NOS. 1, 3-4, 13, 18, 29, 49, 52 AND 137**

17          **AND COMPEL MGA TO PRODUCE ALL RESPONSIVE**

18          **DOCUMENTS**

19          MGA eventually withdrew its improper restriction to "relevant and

20  non-objectionable documents" in response to more than 60 requests, but only after

21  the Discovery Master found that restriction to be improper in an order granting

22  another motion to compel against MGA. However, as set forth in detail in Mattel's

23  accompanying Separate Statement, in response to many of these requests, MGA's

24

25  [26]  Discovery Master's Order Granting Mattel's Motion To Compel Production of
      Documents by Carter Bryant, dated January 25, 2007, at 14, Kidman Dec., Exh. 17.

26  [27]  Id. at 2, Kidman Dec., Exh. 17.

27  [28]  Request No. 119 and MGA's Supplemental Response, Kidman Dec.,
      Exhs. 8 & 16.

28

EXHIBIT __22__

PAGE __218__

-10-

07209/2136494.2

MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA

1    supplemental responses continue to impose other improper restrictions that allow
2    MGA to withhold clearly relevant documents.[29]  For example, Request No. 1 seeks a
3    sample of each of the CONTESTED MGA PRODUCTS together with each such
4    product's packaging, instructions, promotional materials and other associated
5    packaging materials.  MGA restricted its response to responsive documents "visible
6    to the consuming public at the point of purchase."[30]  Of course, the requested items
7    are relevant to MGA's claim of "serial copying" whether or not they are seen they
8    are seen by the consuming public "at the point of purchase."  They also bear directly
9    on any claim by MGA of "post-sale confusion."

10            Request No. 49 seeks documents relating to any similarities or
11   dissimilarities between the CONTESTED MGA PRODUCTS and the products of
12   others including, but not limited to Mattel.  MGA restricted its response to
13   documents relating to similarities or dissimilarities between "MGA's products at
14   issue in this litigation and Mattel's products at issue in this litigation."[31]  This
15   restriction is improper.  Documents relating to similarities and dissimilarities
16   between the CONTESTED MGA PRODUCTS and the products of others go
17   directly to MGA's claim that its products are "unique and distinctive," "inherently
18   distinctive" and have "acquired distinction" and thus are entitled to trade dress
19   protection.[32]  Moreover, admissions by MGA regarding similarities between its
20   products and **other** Mattel products--particularly those that MGA does not deem to

21

22

23      [29]  See Mattel's Separate Statement, Section II A-D.
24      [30]  Request No. 1 and MGA's Supplemental Response, Kidman Dec., Exhs. 8 &
25   16.
        [31]  Request No. 49 and MGA's Supplemental Response, Kidman Dec., Exhs. 8 &
26   16.
        [32]  MGA's Unfair Competition Complaint, ¶¶ 34, 36 and 102, Kidman Dec.,
27   Exh. 3.
28

1  be "at issue in this litigation"--would undercut MGA's claim of "copying" by Mattel
2  and, indeed, could show that MGA copies Mattel.

3          As set forth in Mattel's accompanying Separate Statement, MGA's
4  restrictions on Requests Nos. 1, 3, 4, 13, 18, 29, 49, 52 and 137 are improper.  MGA
5  should be ordered to produce all responsive documents.

6  **III.    MGA SHOULD BE SANCTIONED**

7          Under the Federal Rules, a party bringing a motion to compel is entitled
8  to the "reasonable expenses incurred in making the motion, including attorney's fees,
9  unless the court finds that the motion was filed without the movant's first making a
10 good faith effort to obtain the disclosure or discovery without court action, or that
11 the opposing party's nondisclosure, response or objection was substantially justified,
12 or that other circumstances make an award of expenses unjust." Fed. R. Civ. P.
13 37(a)(4).  The burden of establishing substantial justification is on the party being
14 sanctioned. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).
15 Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides
16 that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably
17 and vexatiously may be required by the court to satisfy personally the excess costs,
18 expenses, and attorneys' fees reasonably incurred because of such conduct."
19 Sanctions under this section are appropriate "for conduct that, viewed objectively,
20 manifests either intentional or reckless disregard of the attorney's duties to the
21 court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995), citing Braley v.
22 Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).

23         Sanctions are called for here.  The requests at issue go the heart of
24 MGA's "billion" dollar unfair competition claims.  In response to more than two-
25 thirds of the requests, MGA served only objections and refused to produce *any*
26 responsive documents.  Included among them were requests seeking information
27 that goes directly to Mattel's claims of trade secret misappropriation, which the
28 Discovery Master has already held to be relevant to Mattel's defenses to MGA's

EXHIBIT ___22___

PAGE ___220___

1  unfair competition claims. MGA's refusal to withdraw its improper limitation to
2  "relevant and non-objectionable documents" in response to the remaining requests
3  until after the Court specifically ordered MGA to withdraw this same improper
4  limitation in its responses to other requests further highlights MGA's lack of good
5  faith.

6         MGA's responses are part of a pattern of unreasonable and vexatious
7  conduct, and MGA and its counsel should be sanctioned for at least a portion of the
8  fees Mattel has been forced to incur in connection with this motion. Mattel
9  therefore requests that MGA and its counsel be ordered to pay $4,500.00 as partial
10 reimbursement for the fees Mattel has incurred on this Motion.

11

12                              **Conclusion**

13

14        For the foregoing reasons, Mattel's motion to compel should be granted
15 in its entirety and monetary sanctions should be awarded against MGA and its
16 counsel in the amount of $4,500.00.

17

18 DATED: June 26, 2007            QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
19

20                         By
21                            Scott B. Kidman
                              Attorneys for Mattel, Inc.
22

23

24

25

26

27

28

172209/2136494.2

EXHIBIT  22
PAGE  221

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California. I am over the age
of eighteen years and not a party to the within action; my business address is 865 South
3 Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

4       On June 26, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL**
5 **PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC. AND FOR
AWARD OF MONETARY SANCTIONS; MEMORANDUM OF POINTS AND**
6 **AUTHORITIES** on the parties in this action as follows:

7       John W. Keker                     Patricia Glaser, Esq.
      **Keker & Van Nest, LLP**         **Christensen, Glaser, Fink, Jacobs,**
8       710 Sansome Street             **Weil & Shapiro, LLP**
      San Francisco, CA 94111        10250 Constellation Blvd., 19th Floor
9                                         Los Angeles, CA 90067

10 **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above,
and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was
11 mailed with postage thereon fully prepaid.

12       I declare that I am employed in the office of a member of the bar of this Court at
whose direction the service was made.
13

      Executed on June 26, 2007, at Los Angeles, California.
14

15

16                                 Helen Lim

17

18

19

20

21

22

23

24

25

26

27

28

07209/2135142 EXHIBIT 22

PAGE 222

1                              **PROOF OF SERVICE**

2         I am employed in the County of Los Angeles, State of California. I am over the age

of eighteen years and not a party to the within action; my business address is Now Legal

3  Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4         On June 26, 2007, I served true copies of the following document(s) described as

**MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL**

5  **PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC. AND FOR**

**AWARD OF MONETARY SANCTIONS; MEMORANDUM OF POINTS AND**

6  **AUTHORITIES** on the parties in this action as follows:

7       Diana M. Torres, Esq.

**O'MELVENY & MYERS, LLP**

8       400 S. Hope Street

Los Angeles, CA 90071

9

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the

10  person(s) being served.

11        I declare that I am employed in the office of a member of the bar of this Court at

whose direction the service was made.

12

       Executed on June 26, 2007, at Los Angeles, California.

13

14

15                 David Quintana

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2134409.1

EXHIBIT _22_

PAGE _223_

# EXHIBIT 23

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
6 | Facsimile:   (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 |                    UNITED STATES DISTRICT COURT

9 |                    CENTRAL DISTRICT OF CALIFORNIA

10 |                            EASTERN DIVISION

| | |
|---|---|
| 11   CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12                 Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| 13         vs. | **DISCOVERY MATTER** |
| 14   MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| 15                 Defendant. | |
| 16 | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO (1) ENFORCE THE |
| 17   AND CONSOLIDATED ACTIONS | COURT'S AUGUST 13, 2007 ORDER AND TO COMPEL; AND (2) FOR |
| 18 | AWARD OF MONETARY SANCTIONS; AND MEMORANDUM OF POINTS AND |
| 19 | AUTHORITIES |
| 20 | [Declaration of Jon D. Corey and [Proposed] Order filed concurrently |
| 21 | herewith] |
| 22 | |
| 23 | Hearing Date:     February 8, 2008 Time:              9:30 a.m. Place:             Telephonic |
| 24 | |
| 25 | **Phase 1** Discovery Cut-off:      January 28, 2008 |
| 26 | Pre-trial Conference:   May 5, 2008 Trial Date:              May 27, 2008 |
| 27 | |
| 28 | |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that on February 8, 2008 at 9:30 a.m., or as

3  soon thereafter as counsel may be heard at a telephonic conference before Discovery

4  Master Hon. Edward Infante (Ret.) Mattel, Inc. ("Mattel") will, and hereby does,

5  move the Discovery Master:

6         (1)    for an order enforcing the Discovery Master's August 13, 2007

7  Order and compelling MGA Entertainment, Inc. ("MGA") to produce Mattel-

8  authored documents in its, or its previous counsel's possession, responsive to Mattel,

9  Inc.'s First Set of Requests for Documents and Things Re Unfair Competition

10 Claims No. 65 and a privilege log identifying all documents withheld based on any

11 claimed privilege, to permit Mattel to inspect the CD, or any media, on which

12 Mattel-authored documents are maintained, and to produce a forensically sound

13 copy of the CD, or any other media containing Mattel-authored documents; and

14        (2)    for an award of sanctions against MGA in the amount of

15 $1,200.00, which represents a portion of the fees incurred by Mattel in bringing this

16 Motion.

17        This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34

18 and 37 on the grounds that Mattel's Requests seek discoverable information, that

19 MGA was ordered to produce documents responsive to the above request by no later

20 than August 30, 2007, that MGA agreed to produce all responsive documents in

21 their native form, and that MGA has improperly failed to produce the documents as

22 ordered.

23        This Motion is based on this Notice of Motion and Motion, the

24 accompanying Memorandum of Points and Authorities, the Declaration of Jon D.

25 Corey filed concurrently herewith, the records and files of this Court, and all other

26 matters of which the Court may take judicial notice.

27

28

1    **Statement of Rule 37-1 Compliance**

2    On November 2, 2007, Mattel contacted MGA to request the

3    information at issue in this Motion.  MGA did not respond.  On January 8, 2008,

4    Mattel again requested the documents, or alternatively, requested a meeting of

5    counsel.  Despite Mattel's meet and confer efforts, MGA did not produce the

6    information and failed to meet and confer.

7

8    DATED:  January 22, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
9

10                                     By
11                                        Jon D. Corey
                                          Attorneys for Mattel, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2363226.1

EXHIBIT 23
PAGE 226

-3-

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

In September 2005, Mexican law enforcement executed a search warrant on the offices of defendant MGAE De Mexico, S.R.L. De C.V. to search for and collect documents and files that three former Mattel employees stole and took to MGA. The law enforcement officials found proprietary Mattel documents and files there. Mattel requested, and the Discovery Master compelled MGA to produce all Mattel-authored documents in its possession. MGA produced some, but an MGA designee testified that MGA delivered to its counsel a CD containing electronic versions of stolen Mattel documents. The CD has not been produced, despite repeated requests that MGA allow Mattel to inspect it and to make a forensically sound copy of it to preserve the date, time and location of the creation of the CD and the files it contains. That should be compelled now.

### Statement of Facts

Mattel's Requests for Production of Documents. On December 18, 2006, Mattel propounded its First Set of Requests for Production of Documents and Things Re Claims for Unfair Competition to MGA Entertainment, Inc. (the "Request for Production"). Request For Production No. 65 seeks the following information:

> Copies of all DOCUMENTS that were seized by Mexican authorities from MGA's office in Mexico City, Mexico.[1]

MGA initially refused to produce documents responsive to Request No. 65 because of its then-pending motion in front of Judge Larson to dismiss Mattel's trade secret claims.[2]

---

[1]   Mattel, Inc.'s First Set of Requests for Production of Documents and Things Re Claims for Unfair Competition, dated December 18, 2006 ("Requests"), Declaration of Jon Corey, dated January 22, 2008 ("Corey Dec."), Exh. 4.

07209/2363226.1

EXHIBIT ___23___
PAGE ___227___

-1-

1         The Court Orders MGA To Produce All Non-Privileged Documents

2 Responsive to Request No. 65. As a result of MGA's refusal to produce any

3 documents in response to Request No. 65, Mattel moved to compel the production

4 of responsive documents.  Subsequently, Judge Larson denied MGA's motion to

5 dismiss.  Then, in response to Mattel's Motion, MGA represented to the Discovery

6 Master that: "[s]o as to further avoid burdening the Court, MGA agrees to produce

7 any remaining responsive documents to Request Nos. 65-117, 199."[3]  The

8 Discovery Master subsequently ordered MGA to produce, in response to Request

9 No. 65, among other Requests, "without limitation, all non-privileged documents . . .

10 no later than August 30, 2007."[4]

11         MGA's Rule 30(b)(6) Designee Discloses that MGA Possesses Mattel

12 Documents Seized by the Mexican Authorities from MGA's Mexico City Office But

13 Which MGA Did Not Produce to Mattel.  MGA designated Lisa Tonnu to testify on

14 Topic No. 40 of Mattel's Second Notice of Deposition to MGA, which relates to

15 Mattel-authored documents in MGA's possession.  Topic No. 40 reads:

16         **Topic No. 40:**  The preservation, collection, destruction,
removal, transfer, loss or impairment of YOUR

17 DOCUMENTS and DIGITAL INFORMATION since
January 1, 1999 that REFER OR RELATE TO MATTEL

18 (including without limitation to any MATTEL product,
plan or information) that YOU received in any manner

19 from any PERSON who was at the time an employee of

20

21

22 _____

23 [2]  Order Granting in Part and Denying in Part Mattel's Motion to Compel
Production of Documents by MGA; Denying Request for Monetary Sanctions, dated

24 August 13, 2007 (the "Order"), 5:3-7, Corey Dec., Exh. 6.

25 [3]  MGA Entertainment, Inc.'s Opposition to Mattel, Inc's Motion to Compel
Production of Documents by MGA Entertainment, Inc. and for Award of Monetary

26 Sanctions, dated July 3, 2007, 6:14-15 (emphasis added), attached to the Corey
Dec., Exh. 5.

27 [4]  Order, 12:9-12, 14:18-22 (emphasis added), attached to the Corey Dec., Exh.

28 6.

EXHIBIT 23

PAGE 228

1    MATTEL or who had previously been an employee of
     MATTEL.[5]
2

3    During the July 19, 2007 deposition of Ms. Tonnu, she confirmed that electronic

4    documents existed that are responsive to Request No. 65, but that had not been

5    produced:

6            Q    You spoke with Ms. Kuemmerle yesterday?

7            A    Yes.

8                 . . .

9            Q    Where is Ms. Kuemmerle located?

10           A    She's located in Mexico.

11           Q    What's -- What's her title there?

12           A    Her title is Vice President of Mexico and Latin
                  America Sales.
13

14                . . .

             A    Okay.  As I discussed earlier, I was -- I asked her
15                about her under -- her knowledge of any documentation
                  that may have been a Mattel documentation.
16
             Q    Any -- Any documentation that she may have that
17                may be Mattel documentation?

18           A    Any -- any knowledge that she may have about any
                  documentation that was Mattel documentation that's in the
19                possession of MGA Mexico.

20           Q    And what did she tell you?

21           A    She told me of an incident in Mexico where the
                  federal authorities came with the search warrant and
22                located one C.D. and several loose paper documents.

23           Q    Did she tell you what those loose paper documents
                  were?
24
             A    No.
25

26
     ─────────────────
27   [5]  Mattel, Inc.'s Second Notice of Deposition of MGA Entertainment, Inc.
          Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated February 1, 2007,
28        attached to the Corey Dec., Exh. 3.

EXHIBIT 23

PAGE 229

-3-
MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1        Q    Did she tell you what was on the C.D.?

2        A    She didn't tell me specifically what was on versus
3        the other.  She did indicate -- tell me -- state to me that the
material was marketing related.

4        Q    Did she tell you where the materials came from?

5        A    No.

6        Q    What -- what did -- what did she tell you?

7        A    She told me that the materials were located in the
offices of MGA Mexico.

8
9        Q    Did she tell you whose office in particular or
offices?

10       A    No.

11       . . .

12        Q    A search warrant.  What did she tell you about the
13        execution of the search warrant?

14        A    She said it was a search warrant made by the federal
authorities, and the search warrant was on behalf of
15        Mattel and the documents and the C.D. that was located.[6]

16 Ms. Tonnu stated that the documents and a CD containing Mattel-authored

17 documents were in the possession of MGA's former counsel, O'Melveny & Myers:

18        The Witness: And to clarify on that, that in the three
incidents that we discussed earlier, where they were ex-
19        Mattel employees that had certain documentation, that
those documentations were not destroyed by MGA.  For
20        example, Ron Brawer, the contact list, the contact list still
is in existence.  For Janine Brisbois, what we discussed
21        earlier, the thumbdrive, it's being held by a third party,
K.P.M.G.  And in the instance in Mexico, I believe that the
22        federal authorities have a copy.  And then the -- there's
another copy that's being held by legal counsel.

23
By Mr. Corey:
24
25        Q    There's a copy of the materials -- just let me make
sure I'm clear.  There's a copy of the materials that were

26

27    [6]   Transcript of the Deposition of Lisa Tonnu, dated July 19, 2007 ("Tonnu
28 Tr."), 24:18-27:16, attached to the Corey Dec., Exh. 1.

EXHIBIT 23

PAGE 230

-4-

1   collected as a result of the search warrant that are being
    held by legal counsel?

2

3   A    Yes.

    Q    Excuse me.  Let me be clearer.  A copy of the
4   documents that were collected by the search warrant
    executed by the Mexican officials in Mexico that are being
5   held by counsel?

6   A    Correct.

7   Q    Is that counsel in the United States or is that counsel
    in Mexico?

8
    A    I believe that counsel is in the United States.
9
    Q    Is it Mr. Jenal's firm [O'Melveny & Myers, LLP]?
10
    A    I believe so.[7]
11

12         Subsequent to the Court's Order, the CD remained in MGA's counsel's

13   possession and was not produced to Mattel.  Ms. Tonnu, as MGA's Rule 30(b)(6)

14   designee for certain topics, testified on September 25, 2007 (almost a month after

15   the Court ordered deadline for production) as follows:

16         Q.    And now I'm specifically talking about MGA's
           possession of documents that originated at Mattel.  I'm
17         trying to be much more specific now.

18         Ms. Morgenthaler-Lever:  Objection.  Vague and
           ambiguous.  Calls for speculation.
19
           The Deponent:  I was advised that a CD, I believe, related
20         to my discussion with Ms. Kuemmerle was given to your
           firm.[8]
21
           By Mr. Corey:
22
           Q.    And do you know where that -- do you know where
23         that CD came from?

24         Ms. Morgenthaler-Lever:  Objection.  Calls for attorney-
           client communications.  Vague and ambiguous.  Calls for
25         speculation.  You can answer.

26
    ---
    [7]   Tonnu Tr. 197:19-198:24 (emphasis added), attached to the Corey Dec., Exh.
27  1.

28  [8]   To Mattel's knowledge, neither it nor its counsel received such a CD.

07209/2363226.1

1    The Deponent: I believe it came from O'Melveny.

2    By Mr. Corey:

3    Q.    Actually, I should have asked a couple questions
     before.  The CD that you're referring to is a CD containing
4    documents that were obtained when Mexican officials
     executed a search warrant on MGA Mexico's offices?  Is
5    that what you're referring to?

6    A.    I believe so.

7    Q.    Okay.  And were there documents that were also
     discovered with that -- when that search warrant was
8    executed?

9    Ms. Morgenthaler-Lever: Objection.  Vague and
     ambiguous.  Asked and answered.  Misstates the witness's
10   testimony.

11   The Deponent: I believe, if I recall, it was a CD and
     maybe some loose documents.
12
     By Mr. Corey:
13
     Q.    Have you seen any of those documents?
14
     Ms. Morgenthaler-Lever: Vague and ambiguous.  Which
15   documents?

16   Mr. Corey: The loose documents.

17   The Deponent: No.

18   By Mr. Corey:

19   Q.    Have you seen any documents that were on the CD?

20   A.    No.

21   Q.    Who gave the CD to O'Melveny & Meyers?

22   Ms. Morgenthaler-Lever: Objection.  Asked and
     answered.  Calls for speculation.  Lack of foundation.
23
     The Deponent: I don't recall exactly.  It may have been
24   Ms. Kuemmerle gave it -- sent it to the attorneys after I -- I
     can't recall.
25
     By Mr. Corey:
26
     Ms. Morgenthaler-Lever: I'll just caution the witness not
27   to guess or speculate.

28   By Mr. Corey:

1   Q.   Do you know when that was sent to O'Melveny & Meyers and -- do you know when the CD and the loose
2   documents -- strike that.  Were both the CD and the loose documents given to O'Melveny & Myers?

3   Ms. Morgenthaler-Lever:  If you know.  Calls for
4   speculation.  Lack of foundation.

5   The Deponent:  I don't recall.

6   By Mr. Corey:

7   Q.   But the CD was?

8   A.   I believe so, but I can't really recall for sure.

9   Q.   Do you know when the CD was given to O'Melveny & Meyers?

10   A.   I don't recall.

11
12   Q.   Do you know how Ms. Kuemmerle obtained a copy of the CD?

13   Ms. Morgenthaler-Lever:  Objection.  Vague and
14   ambiguous as to the term "CD."

15   By Mr. Corey:

16   Q.   The CD that we've been talking about.

17   Ms. Morgenthaler-Lever:  Calls for speculation.  Lack of
18   foundation.

18   The Deponent:  I can't recall exactly.

19                   . . .

20   By Mr. Corey:

21   Q.   Do you know whether it was sent to O'Melveny & Meyers from Mexico or from the Van Nuys campus?

22   Ms. Morgenthaler-Lever:  Objection.  Vague and
23   ambiguous.  Calls for speculation.  Lack of foundation.

24   The Deponent:  I believe it was Mexico.

25   By Mr. Corey:

26   Q.   It was sent from Mexico?

27

28

07209/2363226.1

EXHIBIT   23
PAGE   235

-7-

1       A.   I believe so.[9]

2 MGA, however, never produced the CD to Mattel, and did not confirm that the CD

3 was produced.

4       <u>Mattel Requests That MGA Permit Mattel to Inspect the CD, or Any</u>

5 <u>Other Media, Containing Mattel-Authored Documents, Or Alternatively, Meet and</u>

6 <u>Confer to Resolve the Issue, But MGA Fails to Do Either</u>. After learning of the

7 existence of additional Mattel electronic documents in MGA's possession, Mattel

8 asked MGA to permit Mattel to inspect the CD (or any other media) containing

9 Mattel-authored documents and when Mattel could obtain a forensically sound

10 image of such media.[10] MGA failed to respond. On January 8, 2008, Mattel

11 renewed its request of MGA to produce a forensically sound copy of the CD, or

12 alternatively, to consider the letter a request to meet and confer.[11] MGA responded

13 by requesting an explanation of what Mattel meant by "forensically sound."[12]

14 Mattel explained that it requests that MGA permit Mattel to inspect the CD and

15 either make its own copy or an Encase image. Mattel also requested that MGA

16 promptly apprise it of when Mattel may do so.[13] MGA failed to respond to Mattel's

17 request and did not meet and confer. This motion followed.

18

19

20

21

---

22   [9]   Deposition Transcript of Lisa Tonnu, dated September 25, 2007 ("9/25 Tonnu

23 Tr."), 664:2-669:16, attached to the Corey Dec., Exh. 2.
  [10]   Letter from Jon Corey to Thomas Nolan and Carl Roth, dated November 2,

24 2007, attached to the Corey Dec., Exh. 7.

25   [11]   Letter from Jon Corey to Thomas Nolan and Carl Roth, dated January 8,
2008, attached to the Corey Dec., Exh. 8.

26   [12]   Letter from Andrew Temkin to Jon Corey, dated January 16, 2008, attached

27 to the Corey Dec., Exh. 9.
  [13]   Letter from Jon Corey to Andrew Temkin, dated January 17, 2008, attached

28 to the Corey Dec., Exh. 10.

1      **Argument**

2

3   **I.    MGA HAS NO JUSTIFICATION FOR ITS FAILURE TO PRODUCE**

4        **FOR INSPECTION MATTEL-AUTHORED DOCUMENTS**

5        **RESPONSIVE TO THE AUGUST 13, 2007 ORDER**

6              MGA has refused to comply with the Order.  The Order specifically

7   required MGA to produce, <u>without limitation</u>, all non-privileged documents in

8   response to Request No. 65 (which MGA represented to the Court that it would

9   produce), no later than August 30, 2007.  Almost 5 months later, MGA failed to

10  bring itself into compliance with the Order by refusing to produce, or make

11  available for inspection, the CD containing Mattel-authored documents seized by

12  the Mexican authorities.

13             Mattel seeks the production of a specific CD and any media containing

14  Mattel-authored or originated documents seized by the Mexican authorities in

15  MGA's Mexico City office, and any other such Mattel documents in MGA's

16  possession, custody or control.[14]  Mattel also seeks to inspect the CD, and any other

17  media, containing Mattel documents to determine the time, date and place of

18  creation of the files on the CD or other media.  This information falls squarely

19  within Request No. 65.  Almost 5 months past the Court ordered deadline, MGA has

20  refused to produce the same.

21             By its admission,[15] MGA, or its counsel, possesses this CD.  MGA fails

22  to articulate <u>any</u> basis for refusing to produce it to Mattel, or to permit Mattel to

23

24  _____

25  [14]   The parties have an agreement that all documents be produced in their native
    format.  Accordingly, Mattel requests that the documents be produced in such a
26  format.  As discussed above, Mattel also seeks a forensically sound copy of the CD
    and requests that it be permitted to inspect the CD in MGA's possession and either
27  make its own copy or an Encase image.
28  [15]   <u>See</u> 9/25 Tonnu Tr., 664:2-669:16, attached to the Corey Dec., Exh. 2.

EXHIBIT __23__

PAGE __235__

                                    -9-

1  inspect or copy it.[16] Accordingly, MGA remains in violation of the Order. MGA

2  should, again, be compelled to produce all documents, without limitation, in

3  response to Request No. 65; Mattel should be permitted to inspect the CD (or any

4  other media) containing Mattel-authored documents; and MGA should provide

5  Mattel with a forensically sound copy of the CD containing the Mattel documents

6  seized by the Mexican authorities.

7

8  **II.    MGA SHOULD BE SANCTIONED**

9          MGA should be sanctioned. Under the Federal Rules, a party bringing

10  a motion to compel is entitled to the "reasonable expenses incurred in making the

11  motion, including attorney's fees. But the court must not order this payment if: (i)

12  the movant filed the motion before attempting in good faith to obtain the disclosure

13  or discovery without court action; (ii) the opposing party's nondisclosure, response,

14  or objection was substantially justified; or (iii) other circumstances make an award

15  of expenses unjust." Fed. R. Civ. P. 37(a)(5). The burden of establishing

16  substantial justification is on the party being sanctioned. Hyde & Drath v. Baker, 24

17  F.3d 1162, 1171 (9th Cir. 1994). Independently, sanctions may be imposed under

18  28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the

19  proceedings in any case unreasonably and vexatiously may be required by the court

20  to satisfy personally the excess costs, expenses, and attorneys' fees reasonably

21  incurred because of such conduct." Sanctions under this section are appropriate "for

22  conduct that, viewed objectively, manifests either intentional or reckless disregard

23  of the attorney's duties to the court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir.

24  1995), citing Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).

25

26

27  [16]  Based on a review of MGA's privilege logs as provided to Mattel, MGA did

28  not list the CD as a document it was withholding based on privilege.

EXHIBIT 23

PAGE 236

-10-

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

1          Sanctions are called for here. MGA has already been ordered to

2  produce the documents at issue. Further, the documents go to the heart of MGA's

3  "billion" dollar unfair competition claims. Notwithstanding the Court's Order, MGA

4  failed to produce a CD containing the Mattel-authored documents seized by the

5  Mexican authorities. MGA's responses are part of a pattern of unreasonable and

6  vexatious conduct, and MGA and its counsel should be sanctioned.

7          Mattel also respectfully submits that this request for sanctions should

8  be considered in the context of the prior motion practice and the prior Court Order

9  concerning the Requests, which have now spanned over six months. "The Court

10  may, in deciding whether to grant a motion for sanctions, 'properly consider all of a

11  party's discovery misconduct.'" In re Heritage Bond Litigation, 223 F.R.D. 527, 530

12  (C.D. Cal. 2004) (citations omitted). Here, again, an Order from the Discovery

13  Master is apparently insufficient deterrence to MGA's stonewalling on discovery.

14  Mattel therefore requests that MGA and its counsel be ordered to pay $1,200.00 as

15  partial reimbursement for the fees Mattel has incurred on this Motion.

16                   **Conclusion**

17          For the foregoing reasons, Mattel's motion to compel should be granted

18  in its entirety and monetary sanctions should be awarded against MGA in the

19  amount of $1,200.

20

21  DATED: January 22, 2008      QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP

22

23                     By_____

24                       Jon D. Corey
                       Attorneys for Mattel, Inc.

25

26

27

28

EXHIBIT __23__

PAGE __237__

-11-

# EXHIBIT 24

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

| 11 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|----|-------------------------------|--------------------------------|
| 12 | Plaintiff, | Consolidated with Case Nos. CV 04-09059 & CV 05-02727 |
| 13 | vs. | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE THE |
| 14 | MATTEL, INC., a Delaware corporation, | COURT'S ORDER OF AUGUST 27, 2007 AND COMPEL CARTER BRYANT |
| 15 | | AND CARLOS GUSTAVO MACHADO |
| 16 | Defendant. | GOMEZ TO PROVIDE PRESERVATION AFFIDAVITS, AND FOR SANCTIONS; AND |
| 17 | AND CONSOLIDATED ACTIONS | MEMORANDUM OF POINT AND |
| 18 | | AUTHORITIES |
| 19 | | [Declarations of B. Dylan Proctor and Michael T. Zeller filed concurrently] |
| 20 | | |
| 21 | | Date:    January 7, 2008 Time:    10:00 a.m. Place:   Courtroom 1 |
| 22 | | |
| 23 | | **Phase 1** Discovery Cut-Off:          January 28, 2008 |
| 24 | | Pre-Trial Conference:   May 5, 2008 Trial Date:                 May 27, 2008 |
| 25 | | |
| 26 | | |

27

EXHIBIT  24
PAGE  238
07209/2258302.4

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |        PLEASE TAKE NOTICE that on January 7, 2008, at 10:00 a.m., or as
3 | soon thereafter as the matter may be heard, in the courtroom of Honorable
4 | Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California, 92501,
5 | Mattel, Inc. will, and hereby does, move the Court: (1) to enforce the Court's
6 | August 27, 2007 Order requiring "all parties" to provide affidavits setting forth their
7 | evidence preservation efforts and policies with respect to the present litigation
8 | against defendants Carter Bryant and Carlos Gustavo Machado Gomez; and (2) for
9 | sanctions against these defendants, including monetary sanctions to obtain said
10 | defendants' compliance with the August 27, 2007 Order (the "Order").

11 |        This Motion is made on the grounds that defendants Carter Bryant and
12 | Carlos Gustavo Machado Gomez have failed and refused to serve the required
13 | preservation affidavits, despite the Court's Order requiring that "all parties" do so by
14 | September 10, 2007.

15 |        This Motion is based on this Notice of Motion and Motion, the
16 | accompanying Memorandum of Points and Authorities, the Declarations of Michael
17 | T. Zeller and B. Dylan Proctor filed concurrently herewith, the records and files of
18 | this Court, and all other matters of which the Court may take judicial notice.

19 | **Statement of Rule 7-3 Compliance**

20 |        The parties conferred on September 21, 2007 and times thereafter in
21 | connection with the issues raised by this motion.

22 |

23 | DATED: November 26, 2007      QUINN EMANUEL URQUHART
| | OLIVER & HEDGES, LLP

24 |

25 |       By _James Webster /CH_

26 |       James J. Webster
| | Attorneys for Plaintiff
27 | Mattel, Inc.

28 |

EXHIBIT 24
PAGE 239

07209/2258302.4

-2-

1

# TABLE OF CONTENTS

2

**Page**

3

4  PRELIMINARY STATEMENT ................................................................................. 1

5  STATEMENT OF FACTS ....................................................................................... 2

6  ARGUMENT............................................................................................................ 5

7  I.   THE COURT SHOULD ENFORCE ITS AUGUST 27, 2007 ORDER
     AND REQUIRE THE NON-COMPLYING DEFENDANTS TO
8    PROVIDE PRESERVATION AFFIDAVITS ................................................. 5

9  II.  THE NON-COMPLYING DEFENDANTS SHOULD BE
     SANCTIONED ............................................................................................... 10
10
   CONCLUSION....................................................................................................... 11
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

EXHIBIT 24
PAGE 240

07209/2258302.4

MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007

# TABLE OF AUTHORITIES

**Page**

## Cases

*Communications Center, Inc. v. Hewitt,*
  2005 WL. 3277983 (E.D. Cal. 2005) ..................................................................... 9

*Grimes v. San Francisco,*
  951 F.2d 236 (9th Cir. 1991) .............................................................................. 10

*RTC v. Dabney,*
  73 F.3d 262 (10th Cir. 1995) .............................................................................. 10

## Statutes

28 U.S.C. § 1927........................................................................................................ 10

Federal Rule of Civil Procedure 37(b)(2)................................................................. 10

EXHIBIT 24
PAGE 291

07209/2258302.4

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The Court's August 27, 2007 Order directed "*all parties* to set forth in affidavit" form their respective preservation efforts in connection with the present litigation on or before September 10, 2007. (Emphasis added.) The Court's Order followed the hearing on MGA's and Bryant's joint motion for terminating sanctions, which the Court denied. On September 10, 2007, Mattel complied with the Order by filing and serving an affidavit addressing its evidentiary preservation efforts and policies. MGA Entertainment, Inc. likewise submitted an affidavit addressing those issues on that same date. And, as part of the pre-filing conference process for this motion, defendants MGAE de Mexico S.R.L. de C.V., MGA Entertainment (HK) Ltd, and Isaac Larian recently promised to file the required affidavits by December 7, 2007 at the latest. Despite Mattel's repeated requests, however, defendants Carter Bryant and Gustavo Machado have failed to comply.[1]

The Court's Order is unequivocal in its requirement that "all parties" must provide the required affidavit. Defendant Gustavo Machado, however, has failed to do so, even though he appears to concede he must and has said he is "working on" one. He also has given no commitment as to when he intends to submit one. Machado instead claimed he cannot comply because the criminal prosecution against him for his theft of Mattel's trade secrets has restricted his ability to travel from Mexico. Of course, Machado need not be physically present in the United States to provide the ordered affidavit, so that in no way legally or practically justifies his failure to provide it. For his part, Carter Bryant flatly refuses to comply. Indeed, even though he was himself a party to the motion that gave rise

---

[1]   Based on their representations and the assumption that they will fulfill their promises, Mattel is not moving against defendants MGAE de Mexico S.R.L. de C.V., MGA Entertainment (HK) Ltd, and Isaac Larian at this time.

EXHIBIT 24
PAGE 242

1   to the August 27, 2007 Order, Bryant is the only party who has claimed to be
2   exempt from the Order's plain mandate.

3           Bryant and Machado should be ordered to comply with the Court's
4   August 27, 2007 Order. They also should be sanctioned for their willful violation of
5   the Order.

6                               **Statement of Facts**

7           The Court's August 27, 2007 Order Required "All Parties" To Provide
8   Preservation Affidavits, And Mattel And MGA Entertainment, Inc. Did So. On
9   August 27, 2007, the Court heard argument and testimony on MGA's and Bryant's
10  joint motion for terminating sanctions, based on Mattel's purported failure to
11  preserve evidence. Mattel pointed out in its opposition, among other things, that
12  MGA and Bryant had failed to preserve evidence and, indeed, that Bryant had used
13  a program called "Evidence Eliminator" on his relevant computer hard drives. At
14  the hearing as well, issues were raised as to what efforts *defendants* had made to
15  preserve evidence, including emails.[2]

16          By written Order of that same date, the Court denied MGA's and
17  Bryant's joint motion.[3] The Court concluded that their motion was based on mere
18  "speculation" and that "[a]lthough counsel impressed upon the Court MGA's
19  conviction of the righteousness of its cause, such overzealous conviction as
20  witnessed by the Court at the hearing is no substitute for proof."[4] The Court also
21  ordered "all parties" to provide affidavits setting forth their preservation efforts and
22  policies with respect to the present litigation no later than September 10, 2007.[5]

23
24

25  [2]  Transcript of Hearing on August 27, 2007 ("Hearing Tr.") at, e.g., 61:18-63:8,
    Declaration of B. Dylan Proctor, dated November 26, 2007 ("Proctor Dec."), Exh. 6.
26  [3]  Court's Order, dated August 27, 2007 (the "Order"), at 3, Proctor Dec., Exh. 1.
27  [4]  Id., at 4.
    [5]  Id., at 5.
28

1    On September 10, 2007, Mattel timely complied with the Order and
2  filed an affidavit of Michael Moore, its Senior Legal Counsel who also testified at
3  the hearing, that detailed Mattel's preservation efforts and policies with respect to
4  the litigation.[6]   MGA Entertainment, Inc., through its former General Counsel
5  Daphne Gronich, also filed an affidavit the same day setting forth information
6  regarding document preservation.[7]

7    Carter Bryant Refuses To Comply With The Order, And Machado Has
8  Failed To Comply Despite His Promises.   The defendants other than MGA
9  Entertainment, Inc. did not provide any affidavits by September 10, 2007 as
10  required by the Order, however.  Mattel accordingly wrote to counsel for the non-
11  complying defendants, attaching a copy of the Order and noting that, although "all
12  parties" were required to comply, only Mattel and MGA Entertainment, Inc. had
13  done so.[8]

14    Subsequently, counsel for defendants MGAE de Mexico S.R.L. de
15  C.V., MGA Entertainment (HK) Ltd and Isaac Larian represented at a November
16  21, 2007 conference of counsel that they intend to file the required affidavits by
17  November 30, 2007 and promised to do so by December 7, 2007 at the latest.[9]

18    Defendant Carter Bryant, on the other hand, refused to submit any
19  preservation affidavit.  In a letter dated September 25, 2007, Bryant's counsel
20  asserted that "there is no Court Order requiring Carter Bryant to provide a
21  declaration regarding preservation efforts."[10]  Bryant's view was based, apparently,

22

23    [6]  Proctor Dec., ¶ 3.
24    [7]  Proctor Dec., ¶ 4.
25    [8]  Letter from B. Dylan Proctor to Michael Page, James W. Spertus, and Diana
     Torres, dated September 21, 2007, Proctor Dec., Exh. 2.
26    [9]  Proctor Dec., ¶ 12.
27    [10]  Letter from John Trinidad to B. Dylan Proctor, dated September 25, 2007,
     Proctor Dec., Exh. 3.
28

07209/2258302.4

EXHIBIT __24__

PAGE __244__

-3-

1  on the Court's earlier oral statement at the August 27 hearing that MGA and Mattel
2  would be required to provide declarations.    On September 26, 2007, Mattel
3  responded that the Court's subsequent written Order was unequivocal in its
4  application to *all* parties.[11]    In later discussions, Bryant's counsel confirmed his
5  position that the Order nevertheless does not apply to Bryant, and that information
6  about his preservation efforts should instead be obtained through deposition
7  testimony.[12]  No preservation affidavit has been filed or served by Bryant to date.[13]

8          On October 17, 2007, Mattel conferred with counsel for defendant
9  Gustavo Machado, who indicated that he was considering providing the affidavit.[14]
10 His counsel also indicated that he was intending to assert his Fifth Amendment
11 rights against self-incrimination in this action and may not provide any information
12 in the affidavit other than to assert those rights.[15]   Later, on October 25, 2007,
13 Machado's counsel agreed to provide the required affidavit and stated he "was
14 working on" one, but would not commit to any deadline because Machado is
15 restricted from leaving Mexico as a result of the criminal prosecution against him
16 for the theft of Mattel's trade secrets.[16]   Mattel responded that Machado's travel
17 restrictions do not excuse his failure to comply with the Court's Order, as nothing
18 requires him to travel to the United States to review and approve the declaration and
19
20
21

22    [11]  Letter from B. Dylan Proctor to John Trinidad, dated September 26, 2007,
23 Proctor Dec., Exh. 4.
      [12]  Proctor Dec., ¶ 8.
24    [13]  Proctor Dec., ¶ 8.
      [14]  Proctor Dec., ¶ 9.
25    [15]  Id.
26    [16]  Letter from Stephen Hauss to Alexander Cote, dated October 25, 2007,
27 Proctor Dec., Exh. 5.

28

1  he undoubtedly has access to computers and fax machines in Mexico.[17]   No

2  preservation affidavit has been filed or served by Machado to date.[18]

3                                  **Argument**

4  **I.     THE COURT SHOULD ENFORCE ITS AUGUST 27, 2007 ORDER**

5  **AND REQUIRE THE NON-COMPLYING DEFENDANTS TO**

6  **PROVIDE PRESERVATION AFFIDAVITS**

7              As set forth above, the Court's written Order unambiguously requires

8  that *all* parties provide preservation affidavits.   The Order was made after an

9  evidentiary hearing concerning the preservation of evidence.   The Court noted at

10  that hearing that it intended to "issue a minute order directing further proceedings in

11  this matter," and then did so in its August 27 Order.   The Order does not exempt any

12  party from compliance with the preservation affidavit requirement, but to the

13  contrary expressly applies to "all parties."[19]

14              Machado does not dispute that he is required to comply.   He instead has

15  claimed that he cannot provide the affidavit because the criminal prosecution against

16  him by Mexican authorities has limited his ability to travel out of Mexico.   That

17  excuse is inadequate.   There undoubtedly are any number of telephones, fax

18  machines and computers he can use to communicate with his counsel, and if a face-

19  to-face meeting were somehow needed his counsel could travel to him.   Machado

20  has now had many weeks to abide by the Order, but has failed to do so without

21

22

23

24  [17]  Id.

25  [18]  Proctor Dec., ¶ 10.
   [19]  Although the Court initially stated at the hearing that "what I want from both
26  parties is two singular declarations, under penalty of perjury, setting forth exactly
   the preservation policies" (Hearing Tr. at 119), the Court's final Order was
27  unequivocal in its application to "all parties."

28

07209/2258302.4  EXHIBIT  24                              -5-

PAGE  246

1   justification.  Moreover, Machado is also unwilling to sit for deposition, making it
2   impossible for Mattel to obtain any relevant information from him.[20]

3          Carter Bryant's excuse -- that at the hearing the Court only seemingly
4   referred to Mattel and MGA Entertainment -- is no excuse at all.  The subsequent
5   written Order that the Court issued is plain that "all parties" must comply.  Nor
6   would there be any reason to exempt Bryant from the Order's requirements.  Bryant
7   himself joined MGA on the motion that gave rise to the August 27, 2007 Order.
8   Furthermore, as articulated by the Court, the purpose of requiring the affidavits was
9   to ensure that there was a complete record of preservation efforts made.[21]  That
10  cannot be accomplished without Bryant's affidavit.  While Bryant has argued that
11  Mattel should obtain this information through deposition, that is simply no
12  substitute.  For instance, a deposition would not yield complete information about
13  what Bryant's *counsel* has done, if anything, to preserve evidence.

14         Filling that gaping hole in the record is especially important with
15  respect to Bryant, given his counsel's contradictory representations as to the
16  handling and preservation of evidence.  Bryant's hard drives are a case in point.
17  Rejecting Bryant's many months of refusals and failures to produce key discovery in
18  this case -- including documents relating to the origins of Bratz -- the Discovery
19  Master granted a Mattel motion to compel by Order dated January 25, 2007.[22]
20  Among other things, that Order required Bryant to produce his computer hard drives

21

22

---

23   [20]   Mattel's currently pending Motion to Compel (1) Deposition of Carlos
24  Gustavo Machado Gomez and (2) Consent to Production of Electronic Mail
25  Messages, filed November 16, 2007.
      [21]   Hearing Tr. 20:3-20:12, Proctor Dec., Exh. 6.
26   [22]   Order of the Discovery Master Hon. Edward Infante (Ret.), dated January 25,
27  2007, attached as Exhibit 1 to the Declaration of Michael T. Zeller, dated November
28  26, 2007 ("Zeller Dec.").

EXHIBIT   24

PAGE   247

-6-

MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007

1   no later than February 23, 2007.[23]  One such hard drive was the desktop computer

2   that Bryant had purchased in October 2000 (the "Desktop") -- the same month

3   Bryant left Mattel's employment.[24]  Previously, in opposing Mattel's motions to

4   compel his hard drives, Bryant's counsel had represented to the Court that they had

5   "tirelessly searched for and inspected" that computer "for relevant information," but

6   found none.[25]  They also claimed -- first in early 2005 and then in early 2007 -- that

7   the *only* computer of Bryant's they had located was the Desktop.[26]

8            However, once production of the computer was actually compelled, the

9   story changed.  First, Bryant requested, and Mattel agreed, to extend the date for

10  Bryant's compliance with the Discovery Master's January 25, 2007 Order up to and

11  including March 13, 2007.[27]  Within two days of Mattel's accommodation, however,

12  Bryant began giving a series of conflicting accounts about the Desktop hard drive,

13  including assertions that were at odds with counsel's claims to the Court about the

14  alleged preservation and review of it.[28]  Most troubling, on April 4, 2007, Bryant's

15  counsel suggested for the first time that they in fact did not know the whereabouts of

16  the compelled Desktop hard drive at all.[29]  They stated that either the representations

17

---

18    [23]  Id., at 17.

19    [24]  Circuit City receipt dated October 21, 2000, Zeller Dec., Exh. 2.
      [25]  [Redacted] Declaration of Keith A. Jacoby in Support of Defendant and

20  Cross-Claimant Carter Bryant's Portion of Joint Stipulation (excerpted and without

21  exhibits) at ¶¶ 22, 23, Zeller Dec., Exh 3.
      [26]  Separate Statement of Carter Bryant in Opposition to Mattel's Motion to

22  Compel, filed on January 11, 2007, at 39, Zeller Dec., Exh. 4.

23    [27]  Stipulation and Order re: Request to Extend Deadline Within Which Carter
    Bryant Must Comply with the Discovery Master's January 25, 2007 Order Granting

24  Mattel's Motion to Compel Production of Documents, dated February 23, 2007,

25  Zeller Dec., Exh. 5.
      [28]  E-mail from Douglas Wickham to John Quinn and Michael Zeller, dated

26  February 27, 2007, Zeller Dec., Exh. 6.

27    [29]  Letter from Michael Zeller to Douglas Wickham, dated April 6, 2007, Zeller
    Dec., Exh. 7.

28

1    Bryant and his counsel had earlier made to the Court and Mattel were "wrong" --
2    and that the drive had never been retrieved or reviewed as previously claimed -- or
3    that they simply were "not sure" about their accuracy.[30]

4         After the January 25, 2007 Order, Bryant also admitted that he had
5    been withholding -- since almost the beginning of this suit -- the hard drive from a
6    laptop computer (the "Laptop") that he had purchased and used.[31]  This was the first
7    time Bryant's counsel disclosed that he in fact had this hard drive in his possession,
8    let alone that he had been withholding it from Mattel since 2004.  Indeed, this
9    revelation was contrary to counsel's prior representations to the Court and the
10   Discovery Master that he had located *only* the Desktop.[32]  Nor could this oversight
11   be attributed to counsel's ignorance of the Laptop's existence, since it also came to
12   light that Bryant's counsel had the Laptop hard drive imaged in the summer of
13   2004[33] -- well before Bryant's counsel represented to the Court that *only* the Desktop
14   had been found.[34]

15        Over the course of more than two weeks, both orally and in letters,
16   Mattel's counsel repeatedly asked for clarification about the status of the Desktop
17   hard drive and requested that Bryant either produce the drive as ordered or else
18   explain the factual particulars regarding its non-production.[35]  Having received
19   neither the Desktop hard drive nor a substantive response from Bryant to these
20   requests for further information, Mattel filed a motion to enforce the January 25,

21   _____

22   [30]  Id.
23   [31]  Id.
     [32]  Separate Statement of Carter Bryant in Opposition to Mattel's Motion to
24   Compel, filed on January 11, 2007, at 39, Zeller Dec., Exh. 4.
25   [33]  Letter from Michael Zeller to Douglas Wickham, dated April 6, 2007, Zeller
     Dec., Exh. 7.
26   [34]  Separate Statement of Carter Bryant in Opposition to Mattel's Motion to
27   Compel, filed on January 11, 2007, at 39, Zeller Dec., Exh. 4.
     [35]  Zeller Dec. ¶ 9.
28

1  2007 Order and for other relief on April 11, 2007.[36]  After that, another two weeks

2  passed with nothing further from Bryant in connection with the Desktop hard

3  drive.[37]  Finally, the day before Bryant's response to Mattel's motion to enforce was

4  due, Bryant's counsel sent a letter belatedly offering to make the Desktop hard drive

5  available to Mattel[38] -- some five weeks after the Order's deadline for Bryant to do

6  so and three months after the Discovery Master's January 25, 2007 Order.  Bryant

7  also subsequently produced the Laptop.  Both drives turned out to have a program

8  called "Evidence Eliminator" on them.[39]  The only purpose of this program, as both

9  courts and the program's developers acknowledge, is to permanently destroy data to

10  prevent its use in legal proceedings.  <u>See, e.g.</u>, <u>Communications Center, Inc. v.</u>

11  <u>Hewitt</u>, 2005 WL 3277983, at *2 (E.D. Cal. 2005) (finding use of Evidence

12  Eliminator on hard drives was willful and in bad faith, and intended to destroy

13  discoverable evidence).

14          Bryant is the only defendant who has asserted that the Court's August

15  27 Order does not apply to him, apparently because he thinks there is no reason why

16  an individual should need to disclose his preservation efforts.  His premise is false --

17  there is ample reason why this should be, and was, ordered.  Neither Bryant nor

18  Machado has any legitimate basis for his failure to submit the preservation affidavits

19  required by the Court's August 27, 2007 Order.  They should be compelled to

20  provide them without further delay.

21

22

23      [36]  Mattel's Motion For an Order to Enforce Court's January 25, 2007 Order

24  Compelling Bryant to Produce Desktop Computer Hard Drive, filed April 11, 2007,
    Zeller Dec., Exh. 8.

25      [37]  Zeller Dec., ¶ 11.

26      [38]  Letter from Keith A. Jacoby to Michael Zeller, dated April 23, 2007, Zeller
    Dec., Exh. 9.

27      [39]  Zeller Dec., ¶ 13.

28

07209/2258302.4  EXHIBIT  24
              PAGE  250

-9-

**II.     THE NON-COMPLYING DEFENDANTS SHOULD BE SANCTIONED**

Mattel respectfully submits that defendants' willful non-compliance with the August 27, 2007 Order should not go unpunished. Under Federal Rule of Civil Procedure 37(b)(2), the Court "may make such orders in regard to the failure [to comply with the Court's Order] as are just," including monetary sanctions. See also Grimes v. San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991) (courts "may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even"). Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under this section are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995) (citation omitted).

Sanctions are justified here as a deterrent and to obtain compliance. Mattel respectfully requests that the non-complying defendants be ordered to pay $3,500 as partial reimbursement for the fees and costs that Mattel has incurred in bringing this motion.[40]  Mattel also requests that those defendants be fined $5,000 a day in prospective sanctions for every day they continue to fail to provide the affidavits to ensure prompt compliance and avoid still further motion practice on this issue.  See Grimes, 951 F.2d at 241 (upholding imposition of prospective monetary sanctions under Rule 37 to obtain compliance with Court order).

---

[40]  Proctor Dec., ¶ 13.

1

## Conclusion

2        For the foregoing reasons, the Court should again order defendants

3  Carter Bryant and Carlos Gustavo Machado Gomez to comply with the August 27,

4  2007 Order and immediately provide the required affidavits, impose sanctions in the

5  amount of $3,500 to reimburse Mattel for a portion of its attorney's fees incurred in

6  connection with this motion, and impose prospective sanctions until these

7  defendants comply with the Order.

8

9  DATED: November 26, 2007     QUINN EMANUEL URQUHART
                             OLIVER & HEDGES, LLP

10

11                        By _James Webster/SH_____

12                         James J. Webster
                         Attorneys for Plaintiff

13                         Mattel, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2258390.1

EXHIBIT __24__

PAGE __252__

-11-

# EXHIBIT 25

FILED

2007 SEP 10 PM 3: 38

CLERK U. S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE CALIF.

BY _____

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

| | |
|---|---|
| 11  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12          Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 13     vs. | Case No. CV 05-02727 |
| 14  MATTEL, INC., a Delaware<br>corporation, | **DISCOVERY MATTER** |
| 15          Defendant. | **[To Be Heard By Discovery Master<br>Hon. Edward Infante (Ret.)]** |
| 16 | |
| 17  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF<br>MOTION AND MOTION TO<br>ENFORCE THE COURT'S ORDER |
| 18 | OF MAY 15, 2007, TO COMPEL<br>MGA TO PRODUCE COMPELLED |
| 19 | DOCUMENTS IN UN-REDACTED<br>FORM, AND FOR SANCTIONS; AND |
| 20 | |
| 21 | MEMORANDUM OF POINTS AND<br>AUTHORITIES |
| 22 | Date:   TBA |
| 23 | Time:   TBA<br>Place:  Telephonic |
| 24 | **Phase 1** |
| 25 | Discovery Cut-Off:     January 14, 2008<br>Pre-Trial Conference: April 7, 2008 |
| 26 | Trial Date:             April 29, 2008 |
| 27 | **Phase 2**<br>Discovery Cut-Off:     March 3, 2008 |
| 28 | Pre-Trial Conference: June 2, 2008<br>Trial Date:             July 1, 2008 |

COPY

07209/2213124.4

MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007 AND FOR SANCTIONS

EXHIBIT 25
PAGE 253

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, at a telephonic conference before Discovery
3  Master Hon. Edward Infante (Ret.), that will occur at a time to be set by Judge
4  Infante, Mattel, Inc. will, and hereby does, move the Court: (1) to enforce the
5  Court's May 15, 2007 Order Granting Mattel, Inc.'s motion to compel MGA to
6  produce documents in un-redacted form; and (2) for sanctions against MGA,
7  including prospective monetary sanctions to obtain MGA's compliance with the
8  May 15, 2007 Order.

9    This Motion is made on the grounds that MGA has failed and refused to
10  produce compelled documents in un-redacted form as ordered by the Court and has
11  continued to redact its compelled documents in willful violation of the Court's
12  Order.

13    This Motion is based on this Notice of Motion and Motion, the accompanying
14  Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed
15  concurrently herewith, the Declaration of Michael T. Zeller filed concurrently
16  herewith, the records and files of this Court, and all other matters of which the Court
17  may take judicial notice.

18

19          **Statement of Rule 37-1 Compliance**

20    The parties met and conferred on August 10, 2007, and times thereafter,
21  regarding MGA's failure and refusal to produce documents compelled by the May
22  15, 2007 Order in un-redacted form.

23

24  DATED:  September 7, 2007    QUINN EMANUEL URQUHART OLIVER &
                  HEDGES, LLP

25

26                 By _____

27                  B. Dylan Proctor
                Attorneys for Plaintiff

28                  Mattel, Inc.

-2-

MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007 AND FOR SANCTIONS

EXHIBIT  25
PAGE  254

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS .................................................................................... 3

    A.    The Discovery Master Rejects MGA's Improper Redactions ............... 3

    B.    MGA's Failure to Comply with the Court's May 15, 2007 Order Compelling MGA to Produce Documents in Un-Redacted Form.......... 4

    C.    Mattel's Meet and Confer Efforts to Obtain MGA's Compliance .......... 7

ARGUMENT ....................................................................................................... 10

I.    THE COURT SHOULD ENFORCE ITS MAY 15 ORDER AND REQUIRE MGA TO PRODUCE ITS DOCUMENTS IN UN-REDACTED FORM ....................................................................................... 10

    A.    Even After the May 15 Order, MGA Has Continued to Produce Compelled Documents with Redactions Based on Grounds Other Than Privilege ....................................................................................... 10

    B.    MGA Has Also Failed to Produce Un-Redacted Copies of Documents That MGA Had Improperly Produced in Redacted Form Prior to the May 15 Order ........................................................... 11

II.    MGA'S FAILURE TO COMPLY WITH THE MAY 15 ORDER HAS BEEN WILLFUL, AND IT SHOULD BE SANCTIONED ........................... 12

CONCLUSION ................................................................................................... 14

07209/2213124.4

-i-

EXHIBIT __25__
PAGE __255__

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

Grimes v. City and County of San Francisco,
951 F.2d 236 (9th Cir. 1991)........................................................................ 13, 14

RTC v. Dabney,
73 F.3d 262 (10th Cir. 1995)............................................................................ 14

U.S. v. Westinghouse Electric Corp.,
648 F.2d 642 (9th Cir. 1981)............................................................................ 13

## **Statutes**

28 U.S.C. § 1927.................................................................................................. 13

Federal Rule of Civil Procedure 37(b)(2)............................................................. 13

EXHIBIT __25__
PAGE __256__

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The Discovery Master's May 15, 2007 Order compelling MGA to produce documents was unequivocal: MGA was required to "produce all documents in un-redacted form, except for redactions that are justified by the attorney-client privilege or work product doctrine."[1] Directly flouting the Order, MGA continues to improperly redact non-privileged information from its documents, including the key Bratz-related documents it was compelled to produce no later than July 31, 2007. Not only is MGA thus in deliberate violation of the May 15 Order's plain language, but now -- more than a month after the Court imposed deadline for its production of these critical documents -- MGA still has not produced compelled documents in an intelligible form, thereby subverting the May 15 Order and depriving Mattel of information that the Discovery Master ruled Mattel is entitled to long ago.

For example, on August 3, 2007, after the Court-ordered production deadline had passed, MGA produced a copy of Isaac Larian's calendar from September 2000 -- a crucial time period in this litigation -- virtually entirely redacted.  Also on August 3, 2007, MGA produced the deposition transcript of Mr. Larian in the <u>Art Attacks v. MGA</u> case, with over 100 pages of Mr. Larian's testimony heavily or entirely redacted.  The redacted testimony appears to include information regarding critical matters such as MGA's revenues from Bratz, the conception date of Bratz, and MGA's purported acquisition of Bratz -- information that is highly relevant to liability and damages issues in this case and that MGA was indisputably ordered not to redact.  MGA has gone so far as to even redact the word indices of compelled

---

[1]   Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA dated May 15, 2007 ("May 15 Order") at 14:10-11, attached as Exhibit 1 to the concurrently filed Declaration of Michael T. Zeller ("Zeller Dec.").

07209/2213124.4

EXHIBIT __25__
PAGE __257__

1   deposition transcripts, apparently to hinder Mattel from being able to search the
2   deposition transcripts by key words. Examples of other improperly redacted
3   documents (though by no means all, or even most of them) are included as exhibits.[2]

4   MGA's defiance of the May 15 Order also extends to documents that MGA
5   had produced in redacted form prior to May 15, 2007. Mattel's motion to compel
6   specifically challenged those redactions, which in many instances made the
7   documents unintelligible, and the May 15 Order required MGA to produce in un-
8   redacted form all documents that MGA had previously produced with redactions
9   that were not based on privilege. Nonetheless, MGA has still failed to produce un-
10  redacted versions of many of these documents as well.

11  MGA has no excuse for these violations of the May 15 Order. Mattel has
12  been actively pursuing motion practice for over eight months now simply to obtain
13  un-redacted copies of key documents relating to Bratz. The issue of MGA's
14  improper document redactions was litigated on Mattel's original motion to compel in
15  February 2007. The Discovery Master advised MGA at the hearing in early March
16  2007 -- six months ago -- that he would be granting Mattel's motion. The Discovery
17  Master then issued his written Order compelling MGA to produce its documents in
18  un-redacted form on May 15, 2007 -- nearly four months ago. Even though the
19  deadline for MGA's compliance itself passed more than a month ago, MGA still has
20  not complied.

21  This is no accident. To the contrary, MGA's redactions represent intentional
22  and willful violations of the Court's Order. Mattel has repeatedly met and conferred
23  with MGA regarding these issues to avoid this motion, but MGA simply dragged its
24  feet and undertook no commitment to comply and, in other instances, refused to

25  _____

26
27  [2]  See Zeller Dec. Exhs. 3-43, Declaration of B. Dylan Proctor, filed
    concurrently herewith ("Proctor Dec."), Exhs. 2, 4 and 6.
28

EXHIBIT  25

PAGE  258

1  abide by the Order. For example, Mattel advised MGA, after meeting and
2  conferring for weeks, that its redactions to MGA's financial records from Union
3  Bank, which MGA only produced in *any* form weeks after the Court-ordered
4  deadline, were improper under the May 15 Order: "MGA has been compelled to
5  produce its documents with no redactions other than those needed to assert a claim
6  of privilege, which these are not."[3] MGA simply ignored this letter and numerous
7  other attempts by Mattel to obtain compliance. The Discovery Master should
8  compel MGA to comply once again and should sanction MGA for its willful
9  disregard of the Order, including by imposing prospective monetary sanctions to
10  obtain compliance with the Order.

11                                    **Statement of Facts**

12       **A.    The Discovery Master Rejects MGA's Production of Improper**
13              **Redactions**

14       On February 2, 2007, Mattel moved to compel MGA to, among other things,
15  produce its documents in un-redacted form. On that motion, Mattel provided
16  hundreds of pages of examples from MGA's thin, deficient production which had
17  been redacted, and summarized them:

18       MGA's production contains numerous inappropriate redactions that do
19       not appear to be based on privilege, such that more than half of
20       MGA's production consists of pages that are entirely redacted. Pages
21       with text are frequently so heavily redacted as to be unintelligible.
22       For instance, multiple emails produced by MGA have everything but
23       the "To," "From" and "Subject" header information redacted. Other
24       pages include illegible text or images and/or have text or other
25       information cut-off. Other pages reference attachments to emails and

26

27       [3]    Proctor Dec. Exh. 5.

28

EXHIBIT  25
PAGE     259

1   other documents, but the attachments are missing.   In addition,
2   invoices are produced for which no corresponding check stubs,
3   purchase orders or requisitions were produced.   In some cases, the
4   identifying information necessary to match invoices with other
5   financial documents may have been redacted.   Many other pages are
6   even redacted in their entirety.[4]

7   MGA opposed, in part, on grounds that the redacted information was irrelevant
8   and/or contained trade secrets.[5]

9       The Discovery Master heard the matter on March 5, 2007 and, as part of the
10  proceedings, advised MGA that he would grant Mattel's motion.[6]   On May 15, 2007,
11  the Discovery Master issued his written Order granting Mattel's motion to compel.[7]
12  In doing so, the Discovery Master specifically directed MGA to "produce all
13  documents in un-redacted form, except for redactions that are justified by the
14  attorney-client privilege or work product doctrine."[8]   The Discovery Master
15  overruled MGA's unilateral limitations and objections.[9]

16      **B.    MGA's Failure to Comply with the Court's May 15, 2007 Order**
17      **Compelling MGA to Produce Documents in Un-Redacted Form**

18      MGA filed with the District Court objections to portions of the May 15 Order,
19  but did not object to the Discovery Master's ruling that it must produce all
20
21
22

23  [4]   Mattel's Motion to Compel Production of Documents and Interrogatory
    Answers by MGA, dated February 2, 2007, at 3:14-4:6 (cites omitted).
24  [5]   See MGA's Opposition to Mattel's Motion to Compel Production of
    Documents and Interrogatories, dated February 20, 2007.
25  [6]   Zeller Dec. ¶ 2.
26  [7]   May 15 Order, Zeller Dec. Exh. 1.
27  [8]   Id. at 14:10-11.
    [9]   See id.
28

EXHIBIT  25
PAGE  260

1   compelled documents in un-redacted form.[10]   The District Court rejected all the

2   objections MGA did make and upheld the Discovery Master's May 15 Order, but

3   allowed MGA until July 31, 2007 to produce the documents compelled by the

4   May 15 Order.[11]

5       Although the deadline for MGA's compliance passed five weeks ago, MGA's

6   productions nevertheless still contain numerous inappropriate redactions that do not

7   appear to be based on privilege, in violation of the May 15 Order.[12]   Indeed, even

8   the compelled documents produced by MGA for the first time *after* the May 15

9   Order contain improper redactions.  For example:

10      • Dozens of compelled purchase orders and payment voucher forms are

11      redacted, with "unit cost," "amount," "amount paid," "discount," "write-off,"

12      "net," "date requested," "date promised," and/or "total value" fields

13      blanked out.[13]

14      • Bratz-related e-mails are partially or even entirely redacted.[14]

15      • Isaac Larian's September 2000 calendar is virtually entirely redacted.[15]

16      • Dozens of sworn statements and transcripts of proceedings in other  matters

17      are redacted so heavily that hundreds of pages were produced blank.[16]  For

18      example, Isaac Larian's deposition transcript in the Art Attacks, Inc. v.

19      MGA Entertainment, Inc. case had over 100 pages of Mr. Larian's testimony

20

21   _____

22   [10]  See MGA Entertainment's Memorandum of Points and Authorities in Support
     of Motion Objecting to Portions of the Discovery Master's May 15, 2007 Order,
23   dated May 30, 2007, Zeller Dec. ¶ 3.
24   [11]  See July 2, 2007 Order, at 2-4, Zeller Dec. Exh. 2.
     [12]  See, e.g., Zeller Dec. Exhs. 3-43, Proctor Dec Exhs. 2, 4, and 6.
25   [13]  See, e.g., Zeller Dec. Exhs. 20-40.
26   [14]  See, e.g., Zeller Dec. Exhs. 41-42.
     [15]  Zeller Dec. Exh. 43.
27   [16]  See, e.g., Zeller Dec. Exhs. 10-19.
28

EXHIBIT   25
PAGE   261

1    heavily or entirely redacted.[17]   The redacted testimony appears to include

2    information regarding: (i) MGA's licensing and royalty revenues from Bratz;

3    (ii) compensation that MGA paid to Carter Bryant for Bratz; (iii) Larian's

4    communications with Bryant regarding creation and development of the Bratz

5    line; and (iv) dates that MGA first started work on Bratz -- all topics directly

6    relevant to liability and damages issues in this case, as the Discovery Master

7    has found.[18]   Even the indices of compelled deposition transcripts are entirely

8    redacted.[19]

9    • MGA's August 21, 2007 production of Union Bank statements (already

10    three weeks late) was so heavily redacted as to be unintelligible.[20]   More than

11    half of the pages contained illegible text and information and/or had text or

12    information cut-off.[21]   After Mattel threatened motion practice, MGA re-

13    produced many of these documents on August 27, 2007 (and then again on

14    August 29, 2007), but even the newly produced versions still contain

15    redactions that are not privilege-related.[22]   MGA continues to redact bank

16    account numbers, information about its subsidiary accounts, and other

17    financial data from the documents.[23]

18  None of these redactions appear to be based on privilege.

19    Pursuant to the May 15 Order, MGA was also required to provide Mattel with

20  un-redacted copies of the documents MGA had previously produced in redacted

21

22

23    [17]  Zeller Dec. ¶ 5, Exh. 10.

24    [18]  See id.

25    [19]  See, e.g., Zeller Dec. Exh. 12.
       [20]  Proctor Dec. Exh. 2.

26    [21]  See id.

27    [22]  Proctor Dec. ¶¶ 4, 6 & Exs. 4, 6.
       [23]  Proctor Dec. Exh. 6.

28

EXHIBIT  25
PAGE  262

1 | form.[24]   MGA has not met this obligation either.   Rather, there are numerous
2 | documents that MGA produced before May 15 that Mattel has never received in
3 | un-redacted form.  For example, some emails that were redacted in their entirety
4 | have never been produced in un-redacted form.[25]  Other MGA documents that were
5 | produced pre-May 15 have financial information redacted.[26]   None of these
6 | redactions are based on privilege.

7 |     **C.**    **Mattel's Meet and Confer Efforts to Obtain MGA's Compliance**

8 |     On August 3, 2007, Mattel sent a letter requesting that MGA meet and confer
9 | regarding MGA's continued production of improperly redacted documents in
10 | violation of the May 15 Order.[27]   MGA failed to respond.[28]   Accordingly, on
11 | August 10, 2007, Mattel sent a follow-up letter reiterating its request.[29]  Later that
12 | day, the parties met and conferred.  During the meet and confer, Mattel's counsel
13 | gave several specific examples of MGA's improper redactions and Diana Torres,
14 | MGA's counsel, assured Mattel that she would "look into" the issue and get back to
15 | Mattel.[30]

16 |     On or about August 17, 2007, the parties again met and conferred.[31]  During
17 | that meet and confer, Mattel provided MGA with yet more examples of MGA's
18 | improper redactions.[32]   Without disputing that MGA had no right to redact
19 | documents compelled by the May 15 Order (except for privilege), MGA's counsel
20 |
21 |
22 | [24]  Zeller Dec. Exh. 1.
23 | [25]  See, e.g., Zeller Dec. Exhs. 3-5.
   | [26]  See, e.g., Zeller Dec. Exhs. 7-9.
24 | [27]  Zeller Dec. ¶ 9, Exh. 44.
25 | [28]  Zeller Dec. ¶ 10.
   | [29]  Zeller Dec. ¶ 10, Exh. 45.
26 | [30]  Zeller Dec. ¶ 11.
27 | [31]  Zeller Dec. ¶ 12.
   | [32]  Id.
28 |

07209/2213124.4

-7-

EXHIBIT  25
PAGE  263

1  again said that she would investigate MGA's production and get back to Mattel.[33]
2  On August 21, 2007, the parties again spoke, and MGA's counsel again assured
3  Mattel that she was still "looking into it" and would respond promptly.[34]  She did
4  not.[35]

5         Having heard nothing further from MGA's counsel, Mattel sent MGA a
6  follow-up letter on September 3, 2007, stating that Mattel would have no choice but
7  to file a motion if MGA failed to rectify its improper redactions.[36]  The parties
8  conferred yet again on September 5, 2007.[37]  During that discussion, Mattel
9  reiterated that MGA had had over a month since Mattel sent its first meet and confer
10 letter to comply with the May 15 Order, yet there had been no progress
11 whatsoever.[38]  Mattel provided MGA with numerous additional examples of the host
12 of improper redactions not based on privilege that MGA made to documents that
13 were compelled by the May 15 Order.[39]  These examples included prior sworn
14 testimony (including witness statements and transcripts), emails, notes and
15 calendars.[40]  Mattel sent a confirming e-mail to MGA that same day and again made
16 clear its view that MGA was in violation of the May 15 Order as a result of its
17 improper redactions.[41]  To date, MGA has neither produced its redacted documents
18 in un-redacted form nor given Mattel any commitment that it would do so.[42]

19
20
21  [33]  Id.
22  [34]  Id.
23  [35]  Id. ¶ 13.
    [36]  Id., Exh. 47.
24  [37]  Id. ¶ 14.
25  [38]  Id.
    [39]  Id.
26  [40]  Id.
27  [41]  Id., Exh. 48.
    [42]  Zeller Dec. ¶ 14.
28

EXHIBIT  25
PAGE  264

1      The parties also separately met and conferred on August 17, 2007, regarding

2 MGA's failure to produce the documents it had received from Union Bank, as

3 required by the May 15 Order.[43]  During the meet and confer, MGA acknowledged

4 that it had not yet produced all responsive documents from Union Bank, though it

5 was required to do so by July 31, 2007.[44]  MGA then promised to produce all Union

6 Bank statements by August 21, 2007, but stated that it intended to redact these

7 documents.[45]  Mattel explained by letter that same day that MGA was *not* entitled to

8 redact these documents and reiterated that the May 15 Order specifically compelled

9 MGA to produce its compelled documents in un-redacted form, except for

10 redactions justified by the attorney-client privilege or work-product doctrine.[46]

11      Nonetheless, MGA's August 21 production of Union Bank documents -- in

12 addition to being nearly three weeks late -- was so heavily redacted as to be

13 unintelligible.  Many pages were *entirely* redacted.[47]  Though MGA promised

14 Mattel that it would provide these same documents with MGA's "final" redactions

15 by August 23, 2007, MGA failed to do so, and then avoided Mattel's follow-up

16 efforts.  When MGA finally re-produced these documents on August 27, 2007 (and

17 then again, with minor modifications, on August 29, 2007), the re-produced versions

18 still had bank account numbers, information about subsidiaries, and other financial

19 data improperly redacted.[48]  None of this information is privileged.  Mattel wrote to

20

21

22

23   [43]  Proctor Dec. ¶ 2.

24   [44]  Id.

25   [45]  Id.

      [46]  Id., Exh. 1.

26   [47]  Id. ¶ 3, Exh. 2.

27   [48]  Id. ¶ 4, Ex. 4 and 6.

28

EXHIBIT  25

PAGE  265

1   MGA on August 28, 2007, stating that its redactions violate the May 15 Order.[49]

2   MGA still has not produced the Union Bank statements in un-redacted form.[50]

3                                      **Argument**

4   I.   **THE COURT SHOULD ENFORCE ITS MAY 15 ORDER AND**

5        **REQUIRE MGA TO PRODUCE ITS COMPELLED DOCUMENTS IN**

6        **UN-REDACTED FORM**

7        A.   **Even After the May 15 Order, MGA Has Continued to Produce**

8             **Compelled Documents with Redactions Based on Grounds Other**

9             **Than Privilege**

10       The May 15 Order requires MGA to "produce all documents in un-redacted

11  form, except for redactions that are justified by the attorney-client privilege or work

12  product doctrine."[51]   MGA has repeatedly violated this Order and produced, even

13  after May 15, 2007, hundreds of compelled documents with improper redactions,

14  including purchase orders, payment vouchers, e-mails, transcripts and sworn

15  statements.[52]

16       For example, numerous of the compelled sworn statements and transcripts of

17  proceedings in other matters are redacted so heavily that *hundreds of pages* were

18  produced blank.[53]   The testimony of one MGA witness in the MGA v. Ubi Soft

19  arbitration, Luc Vahal, was produced entirely redacted.[54]   Isaac Larian's deposition

20  transcript in the Art Attacks Inc., LLC v. MGA Entertainment, Inc. case has over

21  100 pages of Mr. Larian's testimony heavily or entirely redacted.[55]   The redacted

22

_____

23   [49]   Id., Exh. 5.

24   [50]   Id. ¶ 6.

25   [51]   Zeller Dec. Exh. 1 at 14:10-11.
     [52]   See, e.g., Zeller Dec. Exhs. 3-43, Proctor Dec. Exs. 2, 4, 6.

26   [53]   See, e.g., Zeller Dec. Exhs. 10-19.

27   [54]   Zeller Dec. Exh. 11.
     [55]   Zeller Dec. Exh. 10

28

07209/2213124.4

EXHIBIT __25__

PAGE __266__

1 testimony appears to include information regarding: (i) MGA's licensing and royalty
2 revenues from Bratz; (ii) compensation that MGA paid to Carter Bryant for Bratz;
3 (iii) Larian's communications with Bryant regarding creation and development of
4 the Bratz line; and (iv) dates that MGA first started work on Bratz -- all key issues
5 and information that MGA was indisputably ordered to produce without redactions
6 by the May 15 Order.[56]

7     Many compelled purchase orders and payment vouchers are also redacted,
8 with "unit cost," "amount," "amount paid," "discount," "write-off," "net," "date
9 requested," "date promised" and/or "total value" fields blanked out.[57]  Similarly,
10 more than half of the pages in MGA's Union Bank production contain redactions
11 that violate the May 15 Order, and hinder Mattel from gleaning pertinent
12 information from the documents. For instance, identifying information necessary to
13 match the bank statements with other financial documents appears to have been
14 redacted.[58]

15     Despite numerous meet and confers on the subject, MGA has failed to comply
16 with the May 15 Order.

17     **B.**    **MGA Has Also Failed to Produce Un-Redacted Copies of**
18           **Documents That MGA Had Improperly Produced in Redacted**
19           **Form Prior to the May 15 Order**

20     The May 15 Order also required MGA to provide Mattel with un-redacted
21 copies of those documents that MGA previously produced in redacted form, unless
22 such redactions were based on privilege or attorney work product doctrine.[59]
23 However, MGA has not complied with this obligation either.  Many emails
24

25   [56]  See id.
26   [57]  See, e.g., Zeller Dec. Exhs. 20-40.
27   [58]  Proctor Dec. Exh. 6.
  [59]  Zeller Dec. Exh. 1.
28

EXHIBIT 25
PAGE 267

1  produced by MGA prior to May 15, 2007 had their content redacted in their
2  entirety.[60]  Other documents produced prior to May 15 were redacted to conceal
3  financial information.[61]  These redactions are not based on privilege, yet many of
4  these documents were never re-produced by MGA in un-redacted form.[62]

5        Prior to May 15, 2007, MGA also produced multiple versions of the same
6  documents with merely different redactions.  For example, in May 2005, MGA
7  produced two versions of the same accounting chart.  One version was heavily
8  redacted -- leaving only one column of the chart in the document.[63]  The other
9  version was less redacted, but still had much information blanked out.[64]  MGA is
10  obligated to produce its documents, such as the chart, with *no* redactions. but has
11  failed to do so.  MGA is not entitled to ignore the plain language of the May 15
12  Order.

13  **II.**  **MGA'S FAILURE TO COMPLY WITH THE MAY 15 ORDER HAS**
14       **BEEN WILLFUL, AND IT SHOULD BE SANCTIONED**

15        MGA's continuing failure to comply with the May 15 Order has been willful
16  and flagrant.  MGA has intentionally violated the Court's Order to delay and
17  obstruct Mattel's ability to obtain information it is plainly entitled to and hinder its
18  ability to take follow-up discovery before the discovery cut-off date in January.[65]

19        It is no coincidence that the documents MGA continues to redact also are of
20  critical importance.  For example, MGA has redacted Mr. Larian's sworn testimony
21  regarding MGA's revenues from Bratz, compensation paid to Bryant for Bratz, and

22

23

24    [60]  See, e.g., Zeller Dec. Exhs. 3-5.
25    [61]  See, e.g., Zeller Dex. Exhs. 7-9.
      [62]  Zeller Dec. ¶ 4.
26    [63]  Zeller Dec. Exh. 7.
27    [64]  Zeller Dec. Exh. 8.
      [65]  The discovery cut-off date for Phase One is January 14, 2008.
28

-12-

EXHIBIT   25
PAGE    268

1 the conception date of Bratz.[66] *Hundreds of pages* of testimony by MGA witnesses
2 regarding these and other key subjects are blanked out.[67] Phase One discovery in
3 this case is set to close in only five months. By delaying compliance and stringing
4 Mattel along in the process, MGA is trying to cut-off or narrow Mattel's opportunity
5 to question witnesses at deposition and to conduct follow up discovery once Mattel
6 finally gets the documents MGA was ordered to produce long ago.

7 Mattel gave MGA notice of its intention to file this motion if MGA failed to
8 rectify its improper redactions more than a month ago.[68] Since then, Mattel has sent
9 MGA no fewer than five letters, and participated in repeated meet and confers to
10 attempt to obtain compliance.[69] Instead of complying with the Order or even trying
11 to, MGA dragged out the meet and confer process for over a month, to cause further
12 delay.[70]

13 MGA's willful non-compliance with the May 15 Order should not be
14 tolerated. Sanctions are justified. The Discovery Master has broad authority to
15 sanction MGA for its disobedience of the May 15 Order. Under Federal Rule of
16 Civil Procedure 37(b)(2), the Court "may make such orders in regard to the failure
17 [to comply with the Court's Order] as are just." See also U.S. v. Westinghouse
18 Electric Corp., 648 F.2d 642, 651 (9th Cir. 1981) ("The choice of discovery
19 sanctions is left to the discretion of the district court."); accord Grimes v. City and
20 County of San Francisco, 951 F.2d 236, 240-241 (9th Cir. 1991) (courts "may,
21 within reason, use as many and as varied sanctions as are necessary to hold the
22 scales of justice even."). Independently, sanctions may be imposed under 28 U.S.C.
23 § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in

24

---

25 [66] Zeller Dec. Exh. 10.
26 [67] Zeller Dec. Exhs. 10-19.
[68] Zeller Dec. Exh. 44.
27 [69] Zeller Dec. Exs. 44-45, 47; Proctor Dec. Exs. 1, 5.
28

EXHIBIT  25
PAGE  269

1   any case unreasonably and vexatiously may be required by the court to satisfy
2   personally the excess costs, expenses, and attorneys' fees reasonably incurred
3   because of such conduct." Sanctions under this section are appropriate "for conduct
4   that, viewed objectively, manifests either intentional or reckless disregard of the
5   attorney's duties to the court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995).

6       Sanctions are needed here as a deterrent, and to coerce compliance. Mattel
7   respectfully requests that MGA be ordered to pay $3,500 as partial reimbursement
8   for the fees and costs that Mattel has incurred in bringing this motion.[71] Mattel also
9   requests that MGA be fined $5,000 for every day that it fails to produce its
10  documents in un-redacted form, so as to ensure compliance and prevent still further
11  motion practice on this matter. See Grimes, 951 F.2d at 241 ("magistrates may
12  impose prospective sanctions pursuant to Rule 37 where such sanctions are
13  necessary to enforce compliance with a valid discovery order").

14                                  **Conclusion**

15      For the foregoing reasons, the Discovery Master should enforce his May 15,
16  2007 Order and (1) again require MGA to produce documents in un-redacted form,
17  (2) impose sanctions on MGA in the amount of $3,500 to reimburse Mattel for at
18  least part of its attorney's fees, and (3) impose prospective sanctions until MGA
19  fully complies with the May 15 Order.

20

21  DATED: September 7, 2007          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
22

23                                  By _____

24                                      B. Dylan Proctor
                                        Attorneys for Plaintiff
25                                      Mattel, Inc.

26

27  [70]  Zeller Dec. ¶¶ 9-14.
    [71]  See Zeller Dec. ¶ 15.
28

07209/2213124.4

-14-

MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007 AND FOR SANCTIONS

EXHIBIT  25

PAGE  270

# EXHIBIT 26

This exhibit is filed
under seal
pursuant
to
protective order

# EXHIBIT 27

This exhibit is filed
under seal
pursuant
to
protective order

# EXHIBIT 28

| From: | Jon Corey |
|---|---|
| Sent: | Monday, January 21, 2008 12:27 AM |
| To: | 'Eckles, Paul M' |
| Cc: | 'Michael Page'; Michael T Zeller; Dylan Proctor |
| Subject: | Bryant v. Mattel |
| Attachments: | 2362192_Confirmed Depositions -.DOC |

Paul,

Attached is a list identifying the confirmed depositions from our perspective. I am sure that we will have more to add tomorrow. To be clear, this is not a list of each person that Mattel has served.

We have not heard from Ms. Gronich. Can you tell me whether you represent her, or any other of the served parties.

I have also included on this list those subpoenaed witnesses who have asked that their depositions be taken in February. I will circulate a stipulation to be presented to Judge Larson with respect to those witnesses (and perhaps others) shortly. Please give me a call if you have any questions.

Best regards,

EXHIBIT  28
PAGE  3/3

2/4/2008

**Confirmed Depositions – 1/20/08**

**January 21, 2008**

Hoi Hoffman-Briggs (Skadden LA)

**January 22, 2008**

Rebecca Harris (QE LA)

**January 23, 2008**

Theresa Newcomb (Skadden LA)
Samir Khare (QE LA)
Carter Bryant (QE SF)

**January 24, 2008**

Carter Bryant (QE SF)
Shelia Kyaw (Skadden LA)
Jean Gomez (Skadden LA)
Ana Cabrera (Doubletree El Segundo)
Lisa Tonnu (QE LA)

**January 25, 2008**

Beatriz Morales (Doubletree El Segundo)
Malacrida (QE LA)
Milt Zablow (NY)
Tim Kilpin (Skadden LA)
David Rosenbaum (QE LA)
Mel Woods (QE LA)

**January 28, 2008**

Ron Brawer
Robert Eckert (Doubletree El Segundo)
Kevin Farr
Maureen Tafoya (Skadden LA)
Daniel Cooney (NJ)
Nic Contreras (QE LA)
Susanna Kuemmerle (QE LA)
Anne Wang (QE-LA)

**January 29, 2008**

EXHIBIT 28
PAGE 3/4

Farhad Larian

**Requested Depositions after January 28, 2008**

1.   Jorge Castilla
2.   Wachovia
3.   Mitchell Karmack
4.   Joyce Ng
5.   Gentle Giant
6.   Moss Adams

EXHIBIT __28__
PAGE __3/5__