1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                   EASTERN DIVISION

16  CARTER BRYANT, an individual,      Case No. CV 04-9049 SGL (RNBx)
                                       Consolidated with: Case No. CV 04-9059
17              Plaintiff,             and Case No. CV 05-2727
                                       **DISCOVERY MATTER**
18  v.                                 **[To Be Heard By Discovery Master
                                       Robert C. O'Brien]**
19  MATTEL, INC., a Delaware           **SUPPLEMENTAL DECLARATION
    Corporation,                       OF WILLIAM A. MOLINSKI IN
20                                     OPPOSITION TO MATTEL, INC.'S
                Defendant.             MOTION TO COMPEL MGA
21                                     MEXICO TO PRODUCE
                                       DOCUMENTS AND THINGS IN
22                                     RESPONSE TO MATTEL'S FIRST,
                                       SECOND AND THIRD SETS OF
23  _____        REQUESTS FOR PRODUCTION TO
                                       MGA MEXICO**
24  AND CONSOLIDATED ACTIONS
                                       Date:      TBD
25                                     Time:      TBD
                                       Place:     Arent Fox LLP
26                                     **Phase 2**
                                       Discovery Cutoff:    December 11, 2009
27                                     Pretrial Conference: March 1, 2010
                                       Trial Date:  March 23, 2010
28

1    I, William A. Molinski, declare as follows:

2         1.    I am an attorney at the law firm of Orrick, Herrington & Sutcliffe

3    LLP, attorneys of record for Plaintiff and Counter-Defendant MGA Entertainment,

4    Inc. and Counter-Defendants MGA Entertainment HK, Ltd., MGAE de Mexico

5    S.R.L. de C.V., and Isaac Larian ("MGA Parties").  Based on this representation, I

6    am familiar with the events, pleadings, and discovery in this action and, if called

7    upon as a witness, I could and would testify competently to the matters stated

8    herein of my own personal knowledge.  I make this supplemental declaration in

9    opposition to Mattel's Motion to Compel MGA Mexico to Produce Documents and

10   Things in Response to Mattel's First, Second and Third Sets of Requests for

11   Production to MGA Mexico.

12        2.    I include this declaration to alert the Discovery Master to the

13   inconsistent positions Mattel is taking on discovery that relate to the pending

14   motions.

15        3.    As indicated in our Opposition, Mattel made no effort to justify

16   the relevance or lack or over breadth of any of the particular requests, of the

17   roughly 600 requests they have placed at issue in this motion.  During the meet and

18   confer process, in fact, Mattel justified the purported relevance of its hundreds of

19   requests to MGA de Mexico with a single sentence, and then sought to shift the

20   burden to MGA to explain why the requests were not relevant.  Mattel's counsel

21   wrote in its letter requesting a meet and confer.

22        The Requests are clearly relevant to the claims and

23        defenses as alleged in MGA's April 13, 2005 Complaint

24        and Mattel's July 12, 2007 Second Amended Answer and

25        Counterclaims.  If MGA Mexico believes certain requests

26        are irrelevant, it must articulate why each purportedly

27        irrelevant request is, in fact, irrelevant.

28   Declaration of M. Searcy filed in Support of Mattel's Motion, Ex. 7.

4.      In its Motion to Compel, Mattel lumps its requests into a handful of categories and seeks to justify the relevance, not of any request, but of the category it falls within.  Indeed, Mattel did not even provide a Separate Statement, which the Discovery Master indicated he would prefer be submitted when moving to compel on multiple requests.  *See*, Order No. 3, fn. 10 ("The Discovery Master notes that where there are numerous discovery requests in dispute, he would prefer for a separate statement to be submitted by the moving party.")  Mattel ignored this request.

5.      The Discovery Master should be aware, that the parties are meeting and conferring this week on MGA's request that Mattel supplement a number of requests for production relevant to Phase 2 issues.  During that meet and confer process, Mattel has refused to discuss a single request ***unless and until MGA first explains the relevance of each request***, even for requests where Mattel did not raise a relevance objection.  This, of course, is the direct opposite position Mattel took with respect to the pending motion to compel where it said the burden was on the responding party to explain why a request was not relevant.  Attached as **Exhibit A** are a series of emails between Michael Zeller of Quinn Emanuel and me on this issue.  Attached as **Exhibit B** is my most recent confirmation of our meet and confer on this issue, wherein I confirm that Mattel refused to discuss any document requests until MGA first explained the relevance of each request.

6.      The inconsistency in Mattel's positions is so apparent that I believed it needed to be brought to the Discovery Master's attention.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed this 20th day of August, 2009, at Los Angeles, California.

William A. Molinski

# EXHIBIT

# A

**From:** Michael T Zeller
**Sent:** Tuesday, August 18, 2009 2:24 PM
**To:** 'Molinski, William'; 'Hurst, Annette'; James Webster; 'Rutowski, Diana'
**Cc:** Robert Dart; 'Lock, Cynthia'
**Subject:** RE: RE:

Your claims here, including of abandonment, are wrong and rejected and merit no further discussion.


Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above. This message may be an attorney-client communication and/or work product and as
such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error

8/18/2009

and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Molinski, William [mailto:wmolinski@orrick.com]
**Sent:** Tuesday, August 18, 2009 2:22 PM
**To:** Michael T Zeller; Hurst, Annette; James Webster; Rutowski, Diana
**Cc:** Robert Dart; Lock, Cynthia
**Subject:** RE: RE:

I notice that you carefully avoid mention of Mr. Searcy's April 2 letter to Amman Khan. In that letter, Mattel takes the following position:

"Mattel does not have an obligation to preemptively demonstrate the relevance of its requests. If MGA Mexico believes certain requests
are irrelevant, it should articulate why each purportedly irrelevant request is, in fact, irrelevant."

Based on the below email chain, Mattel appears to be abandoning that position, now that the shoe is on the other foot. It would inform our conversation tomorrow to know whether the above is still your view of the law, or if that is no longer Mattel's position. I look forward to our conversation.



O R R I C K

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855
*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, August 18, 2009 1:16 PM
**To:** Molinski, William; Hurst, Annette; James Webster; Rutowski, Diana
**Cc:** Robert Dart; Lock, Cynthia
**Subject:** RE: RE:

The assertions here about the correspondence are incorrect, as a review of the letters makes clear. For example, Marshall's letter of 6/18 is a response letter, not a meet and confer letter, and merely asks for MGA to be prepared to discuss an issue at the actual meet and confer. Nowhere does it insist on a written answer to Mattel's position in advance; nor does it impose pre-conditions in response to a meet and confer letter of the type MGA has been purporting to impose. At bottom, your reference to these letters cannot obviate the fact that MGA refuses to abide by the plain language of paragraph 5 of the Discovery Master Stipulation and the Local Rules in its meet and confer conduct. Far from denying it, Annette earlier tried to justify MGA's non-compliance by

EXHIBIT A
PAGE 4

claiming the terms of these governing provisions are arbitrary, but that is not a justification for disregarding them since MGA's counsel is not free to pick and choose what Orders and Rules to follow. In any event, it is evident at this point that MGA's erroneous rehash of any number of other discovery issues is well off-point at this juncture. We won't be responding on those irrelevant claims further but will simply note for the record that we disagree with you.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Molinski, William [mailto:wmolinski@orrick.com]
**Sent:** Tuesday, August 18, 2009 10:12 AM
**To:** Michael T Zeller; Hurst, Annette; James Webster; Rutowski, Diana
**Cc:** Robert Dart; Lock, Cynthia
**Subject:** RE: RE:

Mike, I direct your attention to Marshall Searcy's letter dated June 18, 2009; his non-response to Glaser Weil's letter of June 25; and his letter dated April 2, 2009, where he seeks to justify the relevance of several hundred requests with a single sentence, and to then shift the burden to MGA to explain why the document requests are irrelevant. If you would like to send us a letter setting forth why each request is *not* relevant, we are happy to take that approach instead of the meet and confer we have suggested. If not, we will talk to you tomorrow at 3.



ORRICK

**BILL A. MOLINSKI**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

8/18/2009

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, August 18, 2009 9:59 AM
**To:** Molinski, William; Hurst, Annette; James Webster; Rutowski, Diana
**Cc:** Robert Dart; Lock, Cynthia
**Subject:** Re: RE:

Bill, this is wrong and shown to be wrong by the parties' respective meet and confer letters.


**From:** Molinski, William <wmolinski@orrick.com>
**To:** Michael T Zeller; Hurst, Annette <ahurst@orrick.com>; James Webster; Rutowski, Diana <drutowski@orrick.com>
**Cc:** Robert Dart; Lock, Cynthia <clock@Orrick.com>
**Sent:** Tue Aug 18 09:48:38 2009
**Subject:** RE: RE:

Mike
Let me also add that when you have asked for meet and confers on an equal number or more of document requests you have made no effort to justify the relevance of each request before, or even during the meet and confer process, instead lumping the requests into broad categories that you claim to be relevant. Unlike Mattel, we have offered to explain the relevance of each request we are seeking to compel in advance of a motion. We believe the most efficient method of meeting on these requests is to have an actual discussion, as contemplated by the Local Rules and Court Order. In that discussion, we are willing to listen and consider any suggestions that any of the particular requests are overbroad, and, if we agree, we will agree to narrow the request to accommodate those concerns. This is an approach that, we believe, would work best in a discussion, not in a series of letters. Your demand that we provide a letter setting forth the relevance of each request in advance of the call is consistent with our view that Mattel does not truly want to meet and confer in an effort to reach some agreement on the scope of the demands, but to use the meet and confer process to impose an added level of busy work on MGA.
Bill




ORRICK

BILL A. MOLINSKI
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855
tel 213-612-2256
fax 213-612-2499
mobile 310 502 7580
wmolinski@orrick.com
www.orrick.com


8/18/2009

EXHIBIT A
PAGE 6

# EXHIBIT

# B

**To:**    Mercado-Navarro, Maria

**Subject:** FW: Meet and Confer

**From:** Molinski, William
**Sent:** Wednesday, August 19, 2009 3:56 PM
**To:** James Webster
**Cc:** Rutowski, Diana; Hurst, Annette
**Subject:** Meet and Confer

James:

This will confirm that we just completed a meet and confer on the document requests. This will confirm what was discussed:

First, you agreed that you would go back and confirm that Mattel is not withholding any documents that it was compelled by order to produce that are the subject of this meet and confer, on any basis other than privilege. We agreed to provide you with a list of the document requests that were subject to court order and you agreed to then confirm the above as to those requests.

Next, we then sought to engage you on the remaining requests that were the subject of our letter. You refused to discuss any of those requests until we first explained the relevance of the request. As I indicated, this position is directly contrary to the position Mattel has taken, e.g. in Marshall Searcy's letter dated April 2, where he wrote:

    **Mattel does not have an obligation to preemptively demonstrate the relevance of its requests. If MGA Mexico believes certain requests**
    **are irrelevant, it should articulate why each purportedly irrelevant request is, in fact, irrelevant**.
Just yesterday, your partner Mike Zeller confirmed in an email to me that this was still Mattel's position as to how the meet and confer process should occur (Specifically, he said that Mattel was not abandoning that position). Nonetheless, when I asked if you would identify any requests that were not relevant, as Mr.. Searcy's letter says you should do, you refused to do so. You also confirmed that you did not believe you had the obligation to do what Mr.. Searcy, and apparently Mr. Zeller, said Mattel would have an obligation to do. Mattel's constant reversal of its position on this issue is truly dizzying. I indicated to you that we were perfectly willing to identify the relevance of each request if you would let us know what requests Mattel believed was not relevant. You refused, saying that if we identified the relevance of a request, you would "get back to us."

Even where I sought simply to get further clarification on objections made to obviously relevant requests, you said you would not discuss or clarify those objections until we first explained the relevance of the request. Then, when I accommodated your request and explained why the request was relevant, you still would not clarify or even discuss the objections, except to say you would "get back to us."

Even though Mattel has taken the position that we need not identify the relevance of any request until Mattel first says whether a request is not relevant, and in an effort to move this process forward, we relented and began explaining to you, on a request by request basis, why each request was relevant and what claim that request related to. However, it became apparent after the first few requests that you had no interest in discussing these issues in good faith. After explaining the relevance of a request, you refused to say whether you agreed that it was relevant or whether you believed it was not relevant. You simply said you would "get back to me."  You would not even commit to a time to get back to us except to say that you would tell us by tomorrow when you would get back to us.

James, we were prepared to discuss the relevance of each request, and would have done so if you were simply willing to discuss these issues or even tell us in response if you agreed or disagreed, as is contemplated by the meet and confer requirements. Instead, you treated the conversation as simply a one-way flow of information, with no obligation on Mattel's part to actually confer on any particular request. I can't say I am surprised, since even since our recent arrival into this case it has become clear to us that Mattel does not view the meet and confer process as a way of reaching resolution, but as a way to extract concessions when it is not willing to do the same, and to get information for motions that it has no interest in avoiding.

I am sorry our meet and confer could not be more productive.

Regards,
Bill



ORRICK

**BILL A. MOLINSKI**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

EXHIBIT B
PAGE 8