```
 1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
 2    johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
 3    (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
 4    (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
 5  Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
 6  Facsimile:   (213) 443-3100
 7  Attorneys for Mattel. Inc.
 8
 9              UNITED STATES DISTRICT COURT
10              CENTRAL DISTRICT OF CALIFORNIA
11                    EASTERN DIVISION
```

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | **[To Be Heard By Discovery Master Robert O'Brien]** |
| AND CONSOLIDATED ACTIONS | SUPPLEMENTAL DECLARATION OF MARSHALL M. SEARCY III IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS IN RESPONSE TO MATTEL'S FIRST, SECOND AND THIRD SETS OF REQUEST FOR PRODUCTION TO MGA MEXICO |
| | Date:   TBD<br>Time:   TBD<br>Place:  Arent Fox LLP<br>          555 West Fifth St.<br>          48th Floor<br>          Los Angeles, CA 90013 |
| | **Phase 2:**<br>Discovery Cut-off:    Dec. 11, 2009<br>Pre-trial Conf.:       Mar. 1, 2010<br>Trial Date:            Mar. 23, 2010 |

NEWMMS/3065149.1

DECLARATION OF MARSHALL M. SEARCY

I, Marshall M. Searcy, III, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. I submit this declaration in response to the Supplemental Declaration of William Molinski dated August 20, 2009 In Opposition to Mattel's Motion To Compel MGA Mexico To Produce Documents And Things In Response To Mattel's First, Second And Third Sets Of Request For Production To MGA Mexico (the "Declaration"). Mattel regrets having to burden the Discovery Master with a response, but because MGA already creates considerable expense with its quarrels about meet and confer issues on all or virtually all motions, Mattel believes it is necessary to correct the erroneous record that the Declaration attempts to create.

3. Mattel's position on the relative burdens of proof in discovery disputes has been a consistent one and is the one that Mattel suggested and that the Discovery Court articulated in its July 9 Order: the party that propounded the discovery bears the burden of proving its relevance, and the party resisting discovery thereafter bears the burden of proving the discovery should not be had.

4. The Declaration nevertheless cites to my letter dated April 2, 2009 to erroneously claim that Mattel "sought to shift the burden to MGA to explain why requests were not relevant." The Declaration mischaracterizes the letter and distorts the record because it fails to disclose that not only did Mattel establish the relevance of the Requests, but that relevance of the vast bulk of the Requests at issue on the motions had already been conceded since MGA Mexico had previously agreed to produce the documents but failed to do so or because MGA Mexico had admitted to the Discovery Master that the information sought was relevant.

5. In particular, as may be seen from the text of Mattel's April 2 letter, it discusses over the course of more than 11 single-spaced pages each of the

1  boilerplate objections made by MGA in its Responses to Mattel's Requests, and why
2  those objections were deficient.  (The April 2 letter is attached as Exhibit 7 to my
3  July 15, 2009 Declaration In Support Of Mattel Inc.'s Motion To Compel MGA
4  Mexico To Produce Documents And Things In Response To Mattel's First, Second
5  And Third Sets Of Request For Production To MGA Mexico.)  In the portion of the
6  April 2 letter that is partially quoted by the Declaration out-of-context, I stated that
7  MGA's relevance *objections* were deficient on their face because they did not
8  provide any reasoning behind them; rather, MGA's objections stated only that
9  Mattel's Requests were not relevant to the present case.  Thus, my letter was
10 discussing deficiencies in MGA's *objections*, not the issue of who bore the burden of
11 proving what.

12      6.    Furthermore, as may be seen in the subsequent letters between
13 the parties that the Declaration omits discussion of, relevance was not an issue
14 during the parties' discussions.  (The subsequent letters are attached as Exhibits 8-11
15 to my July 15, 2009 Declaration).  To the contrary, MGA Mexico conceded the
16 relevance of the majority of the Requests by agreeing that MGA Mexico would
17 eventually produce documents in response to other Mattel requests (see April 14,
18 2009 letter from Amman Khan, at 1, attached as Exhibit 10 to my July 15, 2009
19 Declaration) or by asserting that other parties might have produced documents
20 originating from MGA Mexico (see April 9, 2009 letter from Amman Khan, at 1,
21 attached as Exhibit 8 to my July 15, 2009 Declaration).  However, because MGA
22 Mexico could not identify any document that it had actually produced in the
23 litigation, nor did it ever produce any documents, Mattel moved to compel.
24 Likewise, MGA Mexico conceded the relevance of the Requests pertaining to
25 Trueba, Vargas and law enforcement communications because the MGA Parties
26 themselves had argued and won on those subjects.  So, again, relevance was not the
27 issue on the majority of the Requests involved.
28

7. In contrast, many of the document requests at issue in the correspondence listed as Exhibits A and B to the Declaration involve MGA document requests from Phase 1 where relevance is an issue -- and indeed where MGA previously had moved to compel and had its motions denied. Attached as Exhibit A hereto is a letter to Mr. Molinski from James Webster of our firm, which the Declaration fails to disclose to the Discovery Master. In that letter, Mr. Webster confirmed that he had provided a list of orders denying MGA motions on the requests from Phase 1 that MGA was again attempting to raise and that Mr. Molinski was not aware of these orders or how they impacted the Requests listed in Mr. Molinski's prior letters. During his call with Mr. Webster, and despite Mattel's requests, Mr. Molinski refused to explain--other than for 8 document requests--why he believed the hundreds of documents requests merely listed by number in his letter were relevant or proper or why MGA believed that Mattel might have additional documents responsive to these Phase 1 Requests. Accordingly, this series of discussions bears no resemblance to the meet and confers on the MGA Mexico requests because relevance is very much an issue (especially given the prior Orders denying MGA the discovery it again seeks), whereas relevance on the majority of requests to MGA Mexico was conceded by MGA Mexico itself.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of August 2009, at Los Angeles, California.

/s/ Marshall M. Searcy III
Marshall M. Searcy III