# Exhibit A

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3132**

WRITER'S INTERNET ADDRESS
**jameswebster@quinnemanuel.com**

August 20, 2009

**VIA E-MAIL AND U.S. MAIL**

William A. Molinski, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
wmolinski@orrick.com

Re:   Mattel, Inc. v. MGA Entertainment, Inc., et. al.

Dear Mr. Molinksi:

I am writing in response to your email of August 19, 2009.

We respectfully disagree with your characterization of yesterday's call. In the end, you terminated the call because I told you that I would need to consider your showings as to the relevance of the Phase 1 Requests for Production before joining issue with them. We were ready to continue with a discussion of the approximately 450 Requests, but you chose not to do so.

You also informed Mattel that you had misidentified and omitted at least four Requests for Production from your initial letter – sent over three weeks ago, on July 28, 2009 – yet had failed to inform Mattel of these inaccuracies until the call yesterday. Given the timing of this disclosure, we had no opportunity to review those Requests before the call. We ask again that you please confirm that each of the Requests you previously identified are in fact the Requests that you wish to meet and confer on.

You also insisted that I state whether we have or will produce responsive documents that we were previously ordered to produce. I stated that Mattel had conducted reasonable, good faith searches for all documents ordered produced and was not withholding such documents on any

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

Exhibit A
Page 4

basis other than privilege and work product or except to the extent Mattel's objections were not overruled by the Discovery Master. I also asked that, to the extent you wanted further specifics, you identify the Requests to which you were referring in a list so that we could appropriately follow-up. This is a courtesy I extended to you when I provided you a list of Orders that you were apparently not aware of denying motions to compel on the very Requests you now seek to meet and confer on. Yet, you informed me that you would not do so.

You also raised for the first time during the call whether Mattel was withholding documents based on objections asserted during Phase 1. I explained to you that this could only be meaningfully discussed if MGA identified which Requests it was raising in this regard. Indeed, some objections in Phase 1 were sustained or otherwise never challenged by MGA. It was not clear from our call whether MGA now intends to specify which Requests it was inquiring about.

We asked during the call if MGA was prepared to explain how it believed the Requests that MGA is seeking to discuss were relevant. My understanding was that this was a purpose of yesterday's call, given that MGA has refused to articulate any showing of relevance in writing. You nevertheless were unwilling or unable during our call to discuss the alleged relevance of the vast majority of the Requests listed in your July 28, 2009 letter. Instead, you mentioned only eight Requests for which you sought clarification of Mattel's objections. You also stated that you were prepared to discuss relevance only as to these eight Requests. However, in articulating the alleged relevance of these few Requests, you only asserted in conclusory fashion that they "relate to MY SCENE" or "relate to Bratz." You declined to elaborate further, even though I pointed out that such vague explanations were not sufficient, particularly in light of the fact that the prior Discovery Master had rejected earlier MGA demands that Mattel produce all documents on such vague, overbroad topics as "Bratz."

As we have said, not only does common courtesy dictate that MGA explain why it believes the Requests it wishes to discuss are relevant -- it will have to do so on a motion in any event -- but paragraph 5 of the Discovery Master Stipulation requires it. I had reluctantly agreed to have the call with you despite your refusals to provide the required information in writing, in the expectation that MGA would articulate the bases for the demanded discovery during our call. Unfortunately, you declined to do so, either at all as to virtually all of the Requests or in any meaningful fashion as to a few of the Requests.

In sum, Mattel should not be forced to do the work that MGA is apparently unwilling to do, especially since many of the Requests were the subject of extensive motion practice during Phase 1 and MGA's generalized attempt to rehash the same issues is not appropriate. At a minimum, perhaps we would have a more productive discussion if MGA would disclose to us which of the Requests it now concedes are no longer at issue based upon your review of the prior Discovery Master Orders that we identified for you.

I look forward to hearing from you.

Best regards,

/s/ James J. Webster

James J. Webster

JJW
07975/3062915.1

3

Exhibit A
Page 6