1   MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
5   405 Howard Street
San Francisco, CA 94105
6   Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

7
WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
10  Telephone:   +1-213-629-2020
Facsimile:   +1-213-612-2499

11
Attorneys for MGA Parties

12

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15                       EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
| 17          Plaintiff, | Consolidated with:<br>CV 04-9059<br>CV 05-2727 |
| 18  v. | |
| 19  MATTEL, INC., a Delaware | **DISCOVERY MATTER** |
| 20  Corporation | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
| 21          Defendant. | DECLARATION OF ANNETTE L. HURST ISO MGA PARTIES' |
| 22 | OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO TAKE |
| 23  AND CONSOLIDATED ACTIONS | ADDITIONAL DEPOSITIONS AND CROSS-MOTION FOR PROTECTIVE |
| 24 | ORDER ALTERING DEPOSITION LIMITS TO SET AN OVERALL |
| 25 | HOURS LIMIT |

26

27

28

1    I, Annette L. Hurst, declare:

2    1.  I am a member of the Bar of the State of California and admitted to

3    practice before this Court, and a partner with the law firm of Orrick, Herrington &

4    Sutcliffe LLP, lead counsel for Phase 2 to MGA Entertainment, Inc. ("MGAE"),

5    MGA Entertainment HK, Ltd. ("MGA HK"), MGAE De Mexico, S.R.L. De C.V.

6    ("MGAE Mexico"), and Isaac Larian (collectively, the "MGA parties").  I make

7    this declaration in support of the MGA Parties' Opposition to Mattel's Motion to

8    for Leave to Take Additional Declarations and in support of the MGA Parties'

9    Cross-Motion for a Protective Order Altering Deposition Limits To Set An Overall

10   Hours Limit.  I have personal knowledge of the facts set forth in this Declaration

11   unless stated as to information and belief, in which case I am informed and believe

12   it to be true.  If called as a witness, I could and would testify competently to such

13   facts under oath.

14   2.  On July 15, 2009, I had a telephone conference with Dylan Proctor

15   regarding numerous outstanding discovery issues raised by both sides.  During that

16   telephone conference, one of the subjects that we discussed was discovery limits,

17   including limits on interrogatories and limits on depositions.  During the telephone

18   conference, Mr. Proctor proposed that each side have a limit of twenty-five, rather

19   than ten depositions.  When I inquired as to how Mattel proposed that 30(b)(6)

20   witnesses would count against this limit, Mr. Proctor stated that Mattel proposed

21   that there be no limit on 30(b)(6) witnesses—that any number of designees on any

22   number of topics set forth in any number of notices would all count as a single

23   deposition.  I explained that I agreed that more than ten persons per side were likely

24   necessary to be deposed, but the concept of an unlimited number of 30(b)(6)

25   depositions struck me as problematic.  Additionally, I did not see any basis at that

26   point for picking the number 25, as there was no way to know whether that was a

27   reasonable or necessary number until the parties actually identified witnesses and

28   began taking depositions to see what information could be efficiently learned.

- 1 -

1    3.    After further consideration, I communicated to Mr. Proctor that I felt it

2  was too soon to agree to any specific number of depositions and that it would be

3  best to proceed by exchanging lists of deponents for scheduling purposes.  Attached

4  hereto as **Exhibit A** is a true and correct copy of my e-mail to that effect.  I offered

5  to engage in reasonable cooperation as to deposition limits.  Mattel apparently took

6  the request to exchange lists for scheduling as an invitation to provide a list of

7  witnesses to alter the limit.  Although that was not my intention, I nonetheless

8  forwarded the list to client representatives for discussion and consideration to see

9  whether some agreement could be reached.  Before I was ready to make a response,

10  Mattel filed this Motion.

11    4.    On July 8 28, 2009, Mattel served Notices of Deposition for Edmund

12  Lee and Patrick Ma.  True and correct copies of those Notices are attached hereto as

13  **Exhibits B** and **C**.  The Notices requested their depositions in Hong Kong on two

14  weeks' notice.  Since Mr. Lee had already been deposed for three days during

15  Phase 1, the Notice to him was served in violation of Rule 30(d)(1).  MGA

16  indicated it was prepared to file a motion for protective order regarding both

17  witnesses, but also offered to bring Mr. Ma to Los Angeles for deposition at a

18  mutually convenient time.  After additional consideration of the issue, MGA also

19  offered to bring Mr. Lee to Los Angeles for one additional day of deposition, even

20  though he had already been deposed for three days, provided that both depositions

21  counted against the deposition limit.  MGA offered a time frame for deposition in

22  light of these proposals, and Mattel responded with its availability.  Thus, the

23  parties have exchanged scheduling information with a view to scheduling the

24  depositions towards the end of September.

25    5.    Non-party Peter Carson was subpoenaed for deposition on August 25,

26  2009.  He is not represented by MGA's counsel and MGA is unaware whether any

27  further scheduling discussions have occurred regarding his deposition.

28

HURST DECL. ISO MGA PARTIES OPPOSITION AND CROSS-
MOTION FOR PROTECTIVE ORDER
CV-04-9049 SGL (RNBx)

1    6.  Non-party Fred Mashian is not represented by MGA's counsel. I am

2 informed by Mr. Villar that his counsel have offered dates for deposition and Mattel

3 has not yet responded.

4    7.  On August 14, after Mattel filed its Motion, I called Mr. Proctor with a

5 view to further meeting and conferring to try to resolve the deposition limits issue.

6 I proposed to alter Rule 30 to provide an hours-based limit for depositions, with

7 each side entitled to the same number of hours. I proposed 110 hours per side,

8 more than would be necessary to take ten depositions under the existing limits, in

9 an effort to take into account Mattel's request for more than ten depositions. I also

10 explained to Mr. Proctor that I believed this proposal would obviate further

11 counting disputes such as the one that Mattel raised with regard to the letters of

12 request for witnesses Vargas and Trueba. On August 15, 2009, Mr. Proctor

13 responded by e-mail that Mattel had considered my proposal and would reject it,

14 primarily on the grounds that it would allow MGA to take an indefinite number of

15 depositions. I responded by e-mail pointing out that an indefinite number of

16 depositions was what Mattel had already proposed, but that this assertion was

17 nonetheless inaccurate and that the hours limit would solve a lot of problems. I

18 offered to lower the limit to 70 hours per side in light of Mattel's stated concern. A

19 true and correct copy of that e-mail exchange is attached hereto as **Exhibit D**.

20 Mattel made no further response.

21    8.  An hours-based limit is a tool that has been used in cases in which I

22 have been involved both for efficiently managing trials and for efficiently managing

23 depositions. Based upon my discussions with opposing counsel in other cases, my

24 colleagues and other practitioners, I believe an hours-based limit is also a tool

25 regularly used in complex intellectual property litigation. There appear to be no

26 published case on the subject (as one would expect since scheduling orders rarely

27 provoke published opinions), but using Stanford's Lexmachina database of

28 intellectual property cases for a short period of time (approximately 20 minutes)

HURST DECL. ISO MGA PARTIES OPPOSITION AND CROSS-
MOTION FOR PROTECTIVE ORDER
CV-04-9049 SGL (RNBx)

1   this morning, I was able to find two examples of hours-based limits used in

2   seemingly complex cases from another jurisdiction.  Attached hereto as **Exhibits E**

3   and **F** are minute orders reflecting those two examples.  I believe there are likely a

4   number of other examples of such orders entered by courts around the country, but

5   have not yet had time to search further for them by the time of this filing.

6          I declare under penalty of perjury under the laws of the United States that the

7   foregoing is true and correct.

8          Executed this 21st day of August, 2009, in Los Angeles, California.

9

10                                                     Annette L. Hurst

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28