**From:** Hurst, Annette
**Sent:** Tuesday, August 18, 2009 2:06 PM
**To:** Raouf, Yas
**Subject:** FW: deposition limits

---

**From:** Hurst, Annette
**Sent:** Saturday, August 15, 2009 12:16 PM
**To:** Dylan Proctor
**Cc:** 'Jason.Russell@skadden.com'; 'moverland@scheperkim.com'; 'acote@scheperkim.com'; Molinski, William
**Subject:** RE: deposition limits

Dylan:

Thank you for your response.  I find these assertions remarkable since it was Mattel whose conduct in designating multiple unprepared witnesses to waste MGA's time resulted in several orders regarding 30b6 depositions.  Moreover, it was apparent at the deposition of Mr. Neman on Friday that Mattel is the party here wasting time and abusing the discovery process.

Far from encouraging abuse, the proposal made by MGA encourages efficient preparation of the case for trial because it forces the parties to focus on what they really care about instead of arbitrarily spending seven hours with each witness who may or may not have relevant information.  The hours-based proposal also completely resolves the problem Mattel recently raised in connection with the Vargas and Trueba depositions as to whether each side would have to count the deposition against its limit.  It also resolves lingering issues regarding the counting of 30b6 witnesses that are not resolved by either the Rule or Mattel's motion.  Given the number of third party witnesses likely outside the range of trial subpoena, and the importance of 30b6 witnesses, this is the most sensible means of doing things.  We offered more than the seventy hours implied by Rule 30 in an effort to meet Mattel's concerns that it required many more than ten witnesses (it's request for at least 30 witnesses without any time limitation at each deposition would imply 210 hours), but MGA is perfectly willing to live with seventy hours total (excluding experts).

Since Mattel has made no effort to efficiently obtain information from any of its list of witnesses in order to obviate the need for an excessive number of depositions, it has not demonstrated good cause.  Rule 30 has an exhaustion requirement.  Far from efficiently exhausting its ten depositions, Mattel has set out on a path of wasting everyone's time.

Accordingly, we will proceed to oppose Mattel's motion.  And, MGA will make a cross-motion pursuant to Rule 26 to limit the total hours taken by each side in deposition of non-expert witnesses to 70 hours, with a limit for any single witness of 7 hours unless such person has been designated as a 30b6 witness.  If you wish to meet and confer further on this issue, please do not hesitate to give me a call.

Regards,
Annette

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Saturday, August 15, 2009 11:57 AM
**To:** Hurst, Annette
**Subject:** deposition limits

Annette, we have considered your proposal regarding depositions.  As I understand it, the proposal is that each side get 110 hours of deposition time to use with as many witnesses as it wishes.  We do not agree with this approach.  First, it is unworkable in our view.  MGA and its affiliates have repeatedly delayed and prolonged depositions throughout this case to attempt to run out the clock on depositions; an hourly-based limit will just encourage such misconduct.  Moreover, we do not think either party should have the ability, or has a need, to

depose an indefinite number of people without any showing of cause or justification, as your proposal invites.  If you want to discuss again a per side limit on the number of individuals that may be deposed, that is something we will still consider; if you want to go forward with the current regime where depositions beyond ten need to be justified by a showing of cause, that is fine as well; but a total number of hours to be used with as many witnesses as one wants and in whatever way one wants strikes us as subject to abuse.  Please let me know if you want to discuss this further.

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  dylanproctor@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.