MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  +1-415-773-5700
Facsimile:  +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  +1-213-629-2020
Facsimile:  +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No.  CV 04-9049-SGL (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>Honorable  Stephen G. Larson<br><br>**SECOND SUPPLEMENTAL DECLARATION OF WILLIAM A. MOLINSKI IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION TO COMPEL MGA MEXICO TO PRODUCE DOCUMENTS AND THINGS IN RESPONSE TO MATTEL'S FIRST, SECOND AND THIRD SETS OF REQUESTS FOR PRODUCTION TO MGA MEXICO** |
| AND CONSOLIDATED ACTIONS | |

OHS West:260714986.1

SECOND SUPPLEMENTAL DECLARATION
CV 04-9049 SGL (RNBx)

I, William A. Molinski, declare as follows:

1. I am an attorney at the law firm of Orrick, Herrington & Sutcliffe LLP, attorneys of record for Plaintiff and Counter-Defendant MGA Entertainment, Inc. and Counter-Defendants MGA Entertainment HK, Ltd., MGAE de Mexico S.R.L. de C.V., and Isaac Larian ("MGA Parties"). Based on this representation, I am familiar with the events, pleadings, and discovery in this action and, if called upon as a witness, I could and would testify competently to the matters stated herein of my own personal knowledge.

2. I submit this declaration in response to the Supplemental Declaration of Marshall Searcy in Support of Mattel Inc.'s Motion to compel MGA Mexico to Produce Documents And Things in Response to Mattel's First, Second and Third Sets of Requests for Production to MGA Mexico (the "Motion"). I submit this to correct certain statements by Mr. Searcy.

3. In his declaration, Mr. Searcy asserts that MGA Mexico did not contest the relevance of the vast majority of the Requests at issue in the Motion. It is true, as MGA states in its Opposition, that MGA Mexico agreed to produce documents responsive to 309 of the 474 requests to the extent not already produced. With respect to those 309 requests, MGA only opposed re-producing documents already produced by MGA. There, the only issue was how to avoid the unnecessary burden of sifting through what had and had not been produced in response to requests directed at MGA (as opposed to MGA Mexico). Mattel made this mess when it defined "MGA" *to include MGA Mexico* in requests it propounded to MGA. Having chosen to broadly define MGA, and with Mattel claiming that a party need not provide custodian information, Mattel received exactly what it requested: a large production of documents that are not segregated by custodian. The requests at issue on the current Motion largely repeat the same requests already made to MGA (as defined to include MGA Mexico). Mattel now seeks to use its duplication of hundreds of requests that it now requests from MGA

OHS West:260714986.1     - 1 -     SECOND SUPPLEMENTAL DECLARATION
CV 04-9049 SGL (RNBx)

1  Mexico to force MGA to separate out for Mattel what came from what entity.
2  Whether any party should have to separate out documents by custodian is the
3  subject of a separate motion. But by re-propounding the same requests on MGA
4  Mexico, Mattel should not be allowed to force MGA to separate out its productions
5  by custodian, any more than MGA could seek to have Mattel do that by
6  re-propounding the same hundreds of document requests served on Mattel on every
7  Mattel employee. Had Mattel thought it was significant what documents were
8  maintained by MGA Mexico, it should not have broadly defined MGA to include
9  that entity.

10     4.    In addition to these 309 requests, there are, however, 165
11 requests that MGA Mexico did object to on grounds of relevance. *See, e.g.,* letter
12 dated August 9, 2009 from Amman Khan articulating why these requests, were not
13 relevant. (Exhibit C to Mr. Searcy's original declaration in support of this Motion.)
14 Mattel has made no effort to explain the relevance of any of these requests. By
15 Mr. Searcy's theory, this means that the Discovery Master should refuse to compel
16 those 165 requests since Mattel concedes it has the burden of showing why these
17 requests are relevant. Searcy Decl., ¶ 3.

18     5.    This also means that the Discovery Master should deny entirely
19 Mattel's sister Motion to Compel on its 2009 document request to Mattel Mexico
20 (the Motion to Compel Production of Documents and Things in Response to Mattel
21 Inc.'s First Request for Production (Phase 2)). MGA offered to produce relevant
22 documents responsive to these requests, but Mattel insisted on production of all
23 documents responsive to those requests, with no effort to support the relevance of
24 the requests.

25     6.    With respect to Mr. Searcy's description of the meet and confer
26 on MGA's document requests, suffice it to say that his description of our meeting is
27 inaccurate. I will leave my refutation of that to the inevitable Motion to Compel by
28 MGA. However, on one issue I will correct the record: at no time did I refuse to

1 | identify the relevance of any request. We came to this meeting prepared to identify
2 | the relevance of each request. It became clear, however, after the first few minutes
3 | that Mattel's counsel was not willing to engage in any reciprocal discussion.

4 |       7.    I hope this focuses better the discussion on these rather lengthy
5 | motions. I apologize for the supplemental filings, but in light of the contrary
6 | positions Mattel is taking, our goal is only to ensure an even-handed application of
7 | the rules.

Dated: _____, 2009         ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____/s/ William A. Molinski_____
William A. Molinski
Attorneys for MGA ENTERTAINMENT, INC.,
MGA ENTERTAINMENT HK, LTD., MGA de
MEXICO, S.R.L. de C.V., and ISAAC LARIAN