Lodge order

ORIGINAL

MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148008)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for MGA Parties

```
                       FILED
            CLERK, U.S. DISTRICT COURT

                  AUG 21 2009

            CENTRAL DISTRICT OF CALIFORNIA
            EASTERN DIVISION        BY DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>       Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>       Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-SGL (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**APPLICATION TO FILE UNDER SEAL**<br><br>Judge:     Hon. Stephen G. Larson |

Pursuant to Civil Local Rule 79-5.1, the MGA Parties hereby submit this
application for an order to file under seal the following documents:

    **1.**    **MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION
FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS;
NOTICE AND CROSS-MOTION FOR PROTECTIVE ORDER
SETTING AN HOURS LIMIT ON DEPOSITIONS**

    **2.**    **EXHIBITS C, D, E to the DECLARATION OF YAS RAOUF IN
SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL,
INC.'S MOTION FOR LEAVE TO TAKE ADDITIONAL
DEPOSITIONS; NOTICE AND CROSS-MOTION FOR
PROTECTIVE ORDER SETTING AN HOURS LIMIT ON
DEPOSITIONS**

The Raouf Declaration attaches transcripts from the March 26, 2008
deposition of Isaac Larian as **Exhibit C** thereto, excerpts from the August 14, 2009
deposition of Leon Neman as **Exhibit D** thereto, and excerpts from the February 5,
2008 deposition of Ronald Brawer as **Exhibit E**.  These transcripts are designated
"Attorneys' Eyes Only" pursuant to a protective order entered in this Court on
January 4, 2005.  *See* Case 2:04-cv-09059-SGL-RNB Docket No. 54.  They are so
designated because they contain trade secrets and other confidential information
that the MGA Parties believe in good faith will result in competitive disadvantage
or harm if disclosed to another party to this action without restriction upon use or
further disclosure.  The MGA Parties' Opposition and Cross-Motion discuss the
information contained in Exhibits C and D.  Accordingly, the MGA Parties believe
that the foregoing documents should be filed under seal in order to maintain the
confidentiality of the information contained therein and abide by the terms of the
Court's order.

1    For the foregoing reasons, the MGA Parties respectfully request that the

2    Court enter the concurrently filed [Proposed] Order granting this request to file the

3    documents under seal.

4

5    Dated:    August 21, 2009         ORRICK, HERRINGTON & SUTCLIFFE LLP

6                                                                        BY : (VR)

7                                        By: _Annette L. Hurst_____

8                                              Annette L. Hurst
                                               Attorneys for MGA Parties

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



ORIGINAL

LODGED

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2005

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

SCANNED

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware Corporation,

        Plaintiff,

  v.

CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,

        Defendants.

CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public,

        Counter-Claimant,

  v.

MATTEL, INC., a Delaware Corporation,

        Counter-Defendant.

CASE NO. CV 04-9059 NM (RNBx)

STIPULATED PROTECTIVE ORDER; AND

[PROPOSED] ORDER

[Discovery Matter]

DOCKETED ON CM

JAN -5 2005

BY ____ 006

07272/625581.2

PROTECTIVE ORDER

Exhibit 1 - Page 3

# GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)   Personnel files and other private or confidential employment, contractor or vendor information;

07272/625581.2

-2-

1       (2)    The specific terms of agreements with, and information received

2 from, third parties that a Party is required to disclose only under conditions of

3 confidentiality;

4       (3)    Personal or private financial information, and confidential

5 financial data that is not known generally to the trade or to competitors, including

6 financial data relating to specific sales, cost and profit information for specific

7 products and product lines; and

8       (4) ˙ Business plans and product information that are not known

9 generally to the trade or to competitors, including non-public information relating to

10 product development and design.

11

12       WHEREFORE, believing that good cause exists, the Parties HEREBY

13 STIPULATE that, subject to the Court's approval, the following procedures shall be

14 followed in this Action to facilitate the orderly and efficient discovery of relevant

15 information while minimizing the potential for unauthorized disclosure or use of

16 confidential or proprietary information:

17

18       <u>SCOPE OF THIS ORDER</u>

19

20       1.    This Protective Order shall apply to trade secret, confidential and

21 proprietary information, documents and things that are produced or disclosed in any

22 form during the course of the Action by any Party or any nonparty:

23       (a)    through discovery;

24       (b)    in any pleading, document or other writing; or

25       (c)    in testimony given at a deposition.

26 (The foregoing information, documents and things shall be referred to hereinafter

27 collectively as "Litigation Materials.")

28

07272/625581.2

-3-

PROTECTIVE ORDER

Exhibit 1 - Page 5

CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2.    Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.  The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.  The designation of information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.  Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

MANNER OF DESIGNATION OF MATERIALS

3.    A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the following manner:

(a)    Documents or Things.  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment may be

PROTECTIVE ORDER

Exhibit 1 - Page 6

1   obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL --

2   ATTORNEYS' EYES ONLY" on the particular document or thing.

3        (b)   Interrogatory Answers and Responses to Requests for

4   Admissions.  In answering any interrogatory or request for admission, or any

5   part thereof, a Party may designate its or his answer "CONFIDENTIAL" or

6   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the

7   legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

8   ONLY."  Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

9   EYES ONLY" answers shall be made on separate pages from any other

10   answers or portions thereof that are not designated as "CONFIDENTIAL" or

11   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

12        (c)   Deposition Testimony.  Any Party or nonparty giving

13   deposition testimony in this Action may obtain "CONFIDENTIAL" or

14   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by

15   designating, during the course of that testimony, for which "CONFIDENTIAL"

16   or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired,

17   the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL

18   -- ATTORNEYS' EYES ONLY,"  or alternatively by designating the entire

19   testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

20   EYES ONLY," subject to a good faith obligation to identify any non-

21   confidential portions of the testimony (and/or any lesser "CONFIDENTIAL"

22   portions in the event that the entire testimony is designated "CONFIDENTIAL

23   -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after

24   receipt of the transcript of the testimony.  The reporter shall separately

25   transcribe and bind the testimony so designated as "CONFIDENTIAL" and

26   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face

27   of the separate bound transcript containing such testimony with the term

28   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

1    A Party or nonparty also may make the above-referenced designation of

2    confidentiality in writing and within fourteen (14) calendar days of the receipt

3    by said Party or nonparty of the transcript of said testimony. In that event, said

4    portion of the transcript will be treated as "CONFIDENTIAL" or

5    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of

6    this Protective Order, except that it will not be separately bound. If, during the

7    course of deposition testimony, any Party or nonparty reasonably believes that

8    the answer to a question will result in the disclosure of "CONFIDENTIAL" or

9    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons

10   other than those persons entitled to receive such information pursuant to

11   paragraphs 5 and 6 hereof shall be excluded from the room in which the

12   deposition testimony is given.     Unless previously designated as

13   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"

14   all transcripts of deposition testimony and any related exhibits, and all

15   information adduced in deposition, shall, in their entirety, be treated as

16   "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of

17   the transcript by counsel for the designating Party or nonparty. The Party or

18   nonparty designating the testimony or information as "CONFIDENTIAL" or

19   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen

20   (14) calendar day period described above, specifically designate information

21   contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or

22   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously

23   designated as such, by notifying all Parties in writing of the portions of the

24   transcript or exhibit which contains such information. Each Party shall attach

25   a copy of such written statement to the face page of the transcript or exhibit

26   and to each copy in its or his possession, custody or control. Thereafter, these

27   portions of the transcript or exhibits designated as "CONFIDENTIAL" or

28   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)     Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)     Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

1  be fully subject to this Protective Order. No Party shall incur liability for any
2  disclosures made prior to notice of such designation, except to the extent that
3  any such disclosures occurred prior to the seven (7) day period described above
4  or prior to such other time periods as.are provided by this Protective Order,
5  including without limitation such time periods as are provided in Paragraph
6  3(c) above.
7
8  <u>RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS</u>
9
10      4.    Any Litigation Materials produced or disclosed in this Action,
11 whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL --
12 ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such
13 information for purposes of litigation and not for any other purpose, including
14 without limitation for any business or trade purpose.  As used herein, the term
15 "litigation" shall mean preparation for, participation in and prosecution and defense
16 of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in
17 connection with any mediation or other alternative dispute resolution procedure that
18 this or any other court may order or that the Parties may agree to.
19      5.    Subject to Paragraph 7 herein, and unless as otherwise ordered by
20 the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be
21 disclosed to any person other than:
22          (a)   the attorneys for the Parties and their partners, shareholders,
23 associates, document clerks and paralegals who are necessary to assist such
24 attorneys;
25          (b)   secretaries, stenographers and other office or clerical
26 personnel employed by said attorneys and who are necessary to assist such
27 attorneys;
28

07272/625581.2

-8-

PROTECTIVE ORDER

Exhibit 1 - Page 10

(c)    a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)    the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)    such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)    outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)    professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)    independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)    non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

07272/625581.2

-9-

1       6.     Subject to paragraph 7 herein, and unless as otherwise ordered by
2  the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS'
3  EYES ONLY" shall not be disclosed to any person other than:

4           (a)     the attorneys for the Parties (but not including in-house
5  counsel for the Parties or any attorney who is an officer, director, shareholder
6  or employee of any Party or its corporate affiliates) and their partners,
7  shareholders, associates, document clerks and paralegals who are assigned to
8  and necessary to assist such attorneys. For the purposes of this subparagraph,
9  "affiliate" shall mean any corporate parent or subsidiary of any Party, or any
10  other entity that is under common control with any Party or corporate parent
11  or subsidiary of any Party, or any of their successors or predecessors in
12  interest;

13           (b)     secretaries, stenographers and other office or clerical
14  personnel employed by said attorneys and who assist them with respect to
15  litigation;

16           (c)     the authors, senders, addressees and designated copy
17  recipients of any document or thing which has been designated as
18  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

19           (d)     such other persons as may be consented to by the Party
20  designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES
21  ONLY" information;

22           (e)     outside litigation support vendors, including commercial
23  photocopying vendors, scanning services vendors, coders and keyboard
24  operators;

25           (f)     independent outside consultants or experts retained by the
26  attorneys to the extent deemed necessary by said attorneys for the purposes of
27  litigation; and

28

07272/625581.2

-10-

1             (g)    professional court reporters engaged to transcribe

2   deposition testimony, professional videographers engaged to videotape

3   deposition testimony and translators.

4          7.    None of the following is bound by or obligated under this Order

5   in any respect and specifically are not bound or obligated to treat information

6   designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

7   ONLY" in any particular manner: The Court hearing this Action (including the Court

8   having jurisdiction of any appeal), Court personnel, court reporters working for the

9   Court, translators working for the Court, or any jury impaneled in this Action.

10         8.    Other than those identified in Paragraph 7 above, each person to

11   whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL –

12   ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13   Protective Order and agree to be bound by it before disclosure to such persons of any

14   such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15   not have access to either "CONFIDENTIAL" or "CONFIDENTIAL –

16   ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17   certified that they have read this Protective Order and have manifested their assent

18   to be bound thereby by signing a copy of the Assurance of Compliance attached

19   hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20   it shall not be necessary for that person to sign a separate Assurance of Compliance

21   each time that person is subsequently given access to confidential material. Any

22   person who signed an Assurance of Compliance in connection with the Stipulation

23   for Protection of Confidential Information and Protective Order filed September 16,

24   2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County

25   Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26   shall, by virtue of his or her prior signature, be deemed to have signed the attached

27   Assurance of Compliance.

28

9. The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10. If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the Local Rules. Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11. Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12. The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

07272/625581.2

-12-

1    13.    If a Party or nonparty through inadvertence produces or provides

2    discovery that it, he or she believes is subject to a claim of attorney-client privilege

3    or work product immunity, the producing Party or nonparty may give written notice

4    to the receiving Party that the document is subject to a claim of attorney-client

5    privilege or work product immunity and request that the document be returned to the

6    producing Party or nonparty.   The receiving Party shall promptly return to the

7    producing Party or nonparty the inadvertedly disclosed document and all copies of

8    such document. Return of the document by the receiving Party shall not constitute

9    an admission or concession, or permit any inference, that the returned document is,

10    in fact, properly subject to a claim of attorney-client privilege or work product

11    immunity, nor shall it foreclose any Party from moving the Court for an Order that

12    such document has been improperly designated or should be producible for reasons

13    other than a waiver caused by the inadvertent production.

14    14.    Nothing contained in this Protective Order shall affect the right

15    of any Party or nonparty to make any objection, claim any privilege, or otherwise

16    contest any request for production of documents, interrogatory, request for admission,

17    or question at a deposition or to seek further relief or protective orders from the Court

18    in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>.

19    Nothing in this Protective Order shall constitute an admission or waiver of any claim

20    or defense by any Party.

21

22    <u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

23

24    15.    Except when the filing under seal is otherwise authorized by

25    statute or federal rule, the Parties shall seek the Court's prior approval for the filing

26    under seal of pleadings and other documents containing properly designated

27    "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

28    information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

07272/625581.2

-13-

PROTECTIVE ORDER

Exhibit 1 - Page 15

1   Rule may be amended from time to time. Prior to the time that a Party receiving the

2   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3   information from any other Party files with the Court an application and the other

4   materials required by Local Rule 79-5.1, as such Rule may be amended from time to

5   time, to seal the producing Party's confidential information, the receiving Party shall

6   consult with the producing Party's attorney to determine whether the producing Party

7   will re-designate the previously designated confidential information so as to avoid the

8   need for the request to file such information under the seal.  Upon the default of a

9   Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10   or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11   Party may subsequently seek the approval of the Court to file that document under

12   seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule

13   may be amended from time to time.

14

15           THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

16

17           16.    If any Party or nonparty receives a subpoena or document request

18   from a third party which purports to require the production of materials in that Party's

19   possession which have previously been designated as "CONFIDENTIAL" or

20   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21   the Party or nonparty receiving such subpoena or document request (a) shall object

22   and refuse to produce documents absent a Court Order or the consent of the Party or

23   nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24   -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25   designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26   ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27   and (c) shall not oppose any effort by the Party or nonparty which designated the

28   material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

07272/625581.2

-14-

1  ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2  material.

3

4  ## DISCOVERY FROM NONPARTIES

5

6      17.    Discovery of nonparties may involve receipt of information,

7  documents, things or testimony which include or contain "CONFIDENTIAL" or

8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A

9  nonparty producing such material in this case may designate as "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11  produces in the same manner provided for in this Protective Order with respect to

12  material furnished by or on behalf of the Parties.  Any Party may also designate as

13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17  nonparty has also so designated.  In addition, a nonparty may also designate as

18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19  materials or information produced by a Party that constitute "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22  producing Party has also so designated.  In either such an event, the designation

23  providing for the greater level of protection for the material information shall control,

24  subject to Paragraph 10 of this Protective Order.  Nonparty materials designated

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

## CONCLUSION OF LITIGATION

18.   Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.   The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

-16-



1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4  **IT IS SO STIPULATED.**

5

6  DATED: December 22, 2004          QUINN EMANUEL URQUHART
                                      OLIVER & HEDGES, LLP
7

8                                     By
9                                        Jon Corey
                                         Attorneys for Plaintiff
10                                       Mattel, Inc.

11  DATED: December __, 2004          LITTLER MENDELSON
12

13                                    By
                                         Douglas A. Wickham
14                                       Attorneys for Defendant
                                         Carter Bryant
15

16  DATED: December __, 2004          O'MELVENY & MEYERS, LLP
17

18                                    By
                                         Diana M. Torres
19                                       Attorneys for Intervenor-Defendant
                                         MGA Entertainment, Inc.
20

21

22  **IT IS SO ORDERED.**

23  DATED:    1/4/05
24                                    THE HONORABLE ROBERT N. BLOCK
                                      United States Magistrate Judge
25

26

27

28

07272/625581.2                             -17-

PROTECTIVE ORDER

Exhibit 1 - Page 19

1 | Stipulation and Protective Order pursuant to a motion brought in accordance with the
2 | rules of the Court.
3 |
4 |     IT IS SO STIPULATED.
5 |
6 | DATED: December ___, 2004     QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
7 |
8 |
9 |     By _____
    Jon Corey
    Attorneys for Plaintiff
10 |     Mattel, Inc.
11 | DATED: December 2_, 2004     LITTLER MENDELSON
12 |
13 |     By _____
14 |     Douglas A. Wickham
    Attorneys for Defendant
    Carter Bryant
15 |
16 | DATED: December ___, 2004     O'MELVENY & MEYERS, LLP
17 |
18 |     By _____
    Diana M. Torres
    Attorneys for Intervenor-Defendant
19 |     MGA Entertainment, Inc.
20 |
21 |     IT IS SO ORDERED.
22 |
23 |
24 | DATED: _____     _____
    THE HONORABLE ROBERT N. BLOCK
    United States Magistrate Judge
25 |
26 |
27 |
28 |

07272/825581.2

-17-

PROTECTIVE ORDER

Exhibit 1 - Page 20

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4        **IT IS SO STIPULATED.**

5

6   DATED: December __, 2004        QUINN EMANUEL URQUHART
                                    OLIVER & HEDGES, LLP
7

8                                   By
9                                      Jon Corey
                                       Attorneys for Plaintiff
10                                     Mattel, Inc.

11  DATED: December __, 2004        LITTLER MENDELSON

12

13                                  By
                                       Douglas A. Wickham
14                                     Attorneys for Defendant
                                       Carter Bryant
15

16  DATED: December __, 2004        O'MELVENY & MEYERS, LLP

17

18                                  By
                                       Diana M. Torres
19                                     Attorneys for Intervenor-Defendant
                                       MGA Entertainment, Inc.

20

21       **IT IS SO ORDERED.**

22

23  DATED: _____

24                                  THE HONORABLE ROBERT N. BLOCK
                                    United States Magistrate Judge
25

26

27

28

07272/625381.2                      -17-

                                                        PROTECTIVE ORDER

Exhibit 1 - Page 21

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

1

2

3

4

5       I, _____, under penalty of perjury under the laws of the

6  United States of America, declare and state as follows:

7       I reside at _____, in the City/County of _____ and

8  State/Country of _____;

9       I have read the annexed Stipulated Protective Order, ("Protective Order")

10  dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant*,

11  Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States

12  District Court for the Central District of California; that I am fully familiar with and

13  agree to comply with and be bound by the provisions of that Protective Order;

14       I will not divulge to persons other than those specifically authorized by the

15  Protective Order, and will not copy or use any Litigation Materials designated as

16  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except

17  solely as permitted by the Protective Order; and

18       I consent to the jurisdiction of the United States District Court for the

19  Central District of California for the purpose of enforcing said Protective Order,

20  enjoining any violation or threatened violation of the Protective Order or seeking

21  damages for the breach of said Protective Order.

22

23                     _____

24                          (Signature)

25

26

27

28