QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S *EX PARTE* APPLICATION FOR LEAVE TO FILE FIFTEEN PAGE REPLY BRIEF IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER<br><br>Hearing Date: TBD<br>Time:　　　　　TBD<br>Place:　　　　 TBD<br><br>**Phase 2**<br>Discovery Cut-off:  December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

07975/3068281.2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Local Rule 7-19, Mattel, Inc. ("Mattel") respectfully submits this *ex parte* application for leave to file a 15-page reply brief in support of its Motion to Modify the Scheduling Order.  Mattel makes this application on the grounds that the MGA Parties purported to cross-moved for a stay on all Phase 2 discovery and to assert an incorrect legal standard.  A few additional pages will allow Mattel to properly respond and demonstrate the inaccuracy of defendants' contentions.

Pursuant to Local Rule 7-19, Mattel gave notice of this *ex parte* application to counsel for the MGA parties, Annette Hurst, Orrick, Herrington & Sutcliffe LLP (telephone: 415-773-5700; address: The Orrick Building, 405 Howard Street, San Francisco, CA 94104).  The MGA parties have informed Mattel that they oppose this application.

This Application is based on this Application and the accompanying memorandum of points and authorities, Mattel's concurrently filed Reply in Support of its Motion to Modify Scheduling Order, the Supplemental Declaration of Michael T. Zeller in support thereof, and all other matters of which the Court may take judicial notice.

DATED:  August 24, 2009           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

Mattel requests that the Court grant it leave to file a reply brief in support of its motion to modify the scheduling order that is 15 pages in length.  The MGA Parties' opposition was not limited to addressing the issues in Mattel's motion.  It also purports to cross-move for a stay on all of Phase 2 litigation.  Mattel thus has to not only support to its own motion, but also oppose MGA's request, within the same twelve page limit.  Given the multiple issues that needed to be addressed, Mattel respectfully submits that a few additional pages is appropriate here.

Mattel asked the MGA Parties to stipulate to Mattel's request, but they refused.  Defendants claimed that because their stay argument was only one page in length, it should not require additional space to oppose.  Yet, the conclusory, undeveloped nature of defendants' argument is the very problem:  In making their request for a stay, defendants did not provide the Court with the requisite legal standard or indeed with any legal analysis on the issue at all.  Had they done so, Mattel could have more quickly addressed their claims, and demonstrated why a stay is inappropriate here.  Instead, Mattel was forced to spend time in its reply brief laying out the appropriate standards and case law.  Furthermore, while defendants did not apply any test at all to their own request, they also applied the wrong test to Mattel's, citing inapposite legal authority to imply Mattel must meet a higher standard for modification of trial dates.  Again, Mattel was forced to spend time addressing this faulty standard.

Given these issues, twelve pages is not sufficient.  A modest increase in the length of Mattel's reply (less than three pages) will nevertheless permit Mattel to adequately address the issues.

DATED:  August 24, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

07975/3068281.2

-1-
EX PARTE APPLICATION FOR LEAVE TO FILE FIFTEEN PAGE REPLY