QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | **REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO MODIFY SCHEDULING ORDER** |
| AND CONSOLIDATED ACTIONS | Date: August 31, 2009<br>Time: 1:30 p.m.<br>Place: Courtroom One |
| **PUBLIC REDACTED VERSION** | **Phase 2:**<br>Disc. Cut-off: Dec. 11, 2009<br>Pre-trial Con.: Mar. 1, 2010<br>Trial Date: Mar. 23, 2010 |

22588/3068130.1

# TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 3 |
| I. MATTEL HAS MET THE APPROPRIATE STANDARD | 3 |
| II. MATTEL HAS MET ANY STANDARD THAT COULD BE APPLIED | 5 |
|     A. MGA and Its Related Parties Are Still Withholding Documents Central to Phase 2 | 6 |
|     B. Exactly One Phase Two Deposition Has Been Conducted Since Mattel's Motion Because of Intentional Delay by Defendants | 10 |
|     C. Much Discovery Remains Outstanding | 11 |
|     D. Mattel Has Met MGA's Standard In Any Case | 13 |
| III. THE COURT SHOULD NOT STAY PHASE 2 | 13 |
| CONCLUSION | 15 |

# TABLE OF AUTHORITIES

Page

### Cases

Armant v. Marquez,
   772 F.2d 552 (9th Cir. 1985) ........................................................................... 3

Axcess Broadcast Servs., Inc. v. Donnini Films,
   2006 WL 1042334 (N.D. Tex. April 19, 2006) ................................................ 4

Buckley v. Donohue Industries Inc.,
   100 Fed. Appx. 275, 278 (5th Cir. 2004) .......................................................... 4

Hardin v. Wal-Mart Stores, Inc.,
   2009 WL 973012 (E.D. Cal. Apr. 8, 2009) ....................................................... 4

Hostnut.Com, Inc. v. Go Daddy Software, Inc.,
   2006 WL 1042335 (D. Ariz. April 19, 2006) .................................................... 4

Johnson v. Mammoth Recreations, Inc.,
   975 F.2d 604 (9th Cir. 1992) ............................................................................ 3

Leyva v. Certified Grocers of California, Ltd.,
   593 F.2d 857 (9th Cir. 1979) .......................................................................... 14

Lacombe v. Bullhead City Hosp. Corp.,
   2009 WL 1706002 (D. Ariz. June 9, 2009) .................................................... 13

Lockyer v. Mirant Corp,
   398 F.3d 1098 (9th Cir. 2005) ........................................................................ 14

Martinez v. Scribner,
   2009 WL 2423100 (C.D. Cal. August 4, 2009) ................................................ 3

Noyes v. Kelly Services,
   488 F.3d 1163 (9th Cir. 2007) .......................................................................... 4

In re Papst Licensing GmbH,
   2006 WL 4017753 (E.D. La. Oct. 23, 2006) .................................................. 15

Redos v. Union Pacific R. Co.,
   2009 WL 1940440 (E.D. Cal. July 2, 2009) ..................................................... 4

Thein v. Feather River Community College,
   2007 WL 926568 (E.D. Cal. Mar. 27, 2007) .................................................... 4

Topalian v. Ehrman,
   1996 WL 248995 (5th Cir. 1996) ..................................................................... 8

UC Restaurant, LLC v. Maricopa County,
   2007 WL 473681 (D. Ariz. Feb. 8, 2007) ......................................................... 4

United States v. 2.61 Acres of Land,
   791 F.2d 666 (9th Cir. 1986) ............................................................................ 3

United States v. Flynt,
  756 F.2d 1352 (9th Cir. 1985) ..................................................................................3

United States v. Mejia,
  69 F.3d 309 (9th Cir. 1995) .....................................................................................3

## Preliminary Statement

MGA devotes barely a page of its 18-page diatribe to the issue presented by Mattel's motion: whether good cause exists to extend the discovery cut-off. It cites not a single fact nor a single case in that one page, arguing instead that the parties have "engaged in constant activity"—as if that is a substitute for depositions (only one has been taken since the Phase 2 discovery stay was lifted despite now multiple Orders compelling them); or for knowing who or what Lexington Financial is (Mattel has yet to be actually told); or for deposing the other principals of the Omni entities (neither Mr. Kadisha nor Mr. Mashian has been deposed); or for the production of rudimentary financial documents supporting transactions worth tens of millions of dollars, documents which MGA expresses surprise that Mattel assumes must exist; or for a named defendant such as MGA Mexico producing documents from its files.

Instead of meaningfully disputing that good cause exists to modify the schedule, MGA's opposition consists of ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ and demanding a speedy trial to purportedly "clear its name." Apart from being either wholly unsupported by evidence or merely the product of self-serving MGA proclamations, MGA's assertions are inconsistent with the jury's findings in Mattel's favor as well as this Court's rulings that found the MGA Parties have engaged in serious misconduct. In any event, MGA's smear tactics cannot justify denial of Mattel's motion. MGA argues that there is no "substantial prejudice" here that requires postponing an imminent trial. Unlike the only case relied upon by MGA, however, Mattel is not seeking to postpone trial the day before it is to begin. The wrong standard may provide MGA with a convenient package for its irrelevant and inaccurate accusations against Mattel (Opp. 11-15), but it is still the wrong standard. "Good cause" clearly warrants modification of the scheduling order; and, even if a stricter standard were applied (and the law is clear that it should be "good cause") Mattel could

1  make the required showing given the obstacles here, and what remains to be done.
2      MGA attempts to rely on an earlier, good faith belief by Mattel that the TAAC
3  would not unduly expand the litigation, but MGA—███████████████
4  █████████████████████████████████████████████
5  █████████████—vigorously argued otherwise. And, as MGA ignores, the Court
6  specifically agreed with MGA, recognizing that the amendments were a major and
7  dramatic expansion, albeit, as the Court ruled, a justified one. █████████████
8  █████████████████████████████████████████████
9  █████████████████████████████████████████████
10 █████████████████████████████████████████████
11 █████████████████████████████████████████████
12 █████████████████████████████████████████████
13 █████████████████████████████, it would not be possible to
14 complete discovery by December 11.
15     Indeed, while MGA's opposition is replete with irrelevant and erroneous
16 assertions that cannot all be corrected in these limited pages,[1] the one argument MGA
17 never makes—because it cannot—is that all the relevant entities have been disclosed,
18 all the relevant documents have been produced, all the financial records made available

---

[1] 

See Hurst Dec., Exh. 4.

or all witnesses have been deposed as required. Mattel has catalogued, in an accompanying declaration, the further delays occasioned by defendants and their affiliates since Mattel's motion here was filed. Perhaps what appears to be a strategy of running out the clock to avoid even more damaging disclosures is something else. But MGA's boast that it is "ready, willing, and able" to go to trial, offered as if it were the ultimate trump card (see Opp. at 2), is a reflection not of MGA's greater commitment to completing discovery but of its success in shielding the facts to date. This is a case involving allegations of a widespread pattern of theft and concealment. The less discovery Mattel gets, the sooner the case is set for trial, the more Mattel will be forced to do so in the dark. Defendants seeking to hide their wrongdoing always want as little light shed on their activities as possible, but Mattel is entitled to discover the true facts bearing on its claims. It should be afforded significant additional time to do so.

### Argument

### I. MATTEL HAS MET THE APPROPRIATE STANDARD

MGA argues that Mattel has failed to meet a standard that does not apply. Seeking to restyle Mattel's motion as a "TRIAL CONTINUANCE" (Opp. at 11), MGA misapplies the Ninth Circuit's decision in United States v. 2.61 Acres of Land, 791 F.2d 666, 671 (9th Cir. 1986). That decision applied a stricter test to a request to continue a trial that was scheduled to start *the next day*. Id. at 667. Of course a heightened showing is required on the day before trial, when witnesses have been lined up, the court's calendar cleared and pretrial preparations fully completed. "Orders entered before the final pretrial conference may be modified upon a showing of 'good cause,' but orders 'following a final pretrial conference shall be modified only to prevent manifest injustice.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).[2] Where good cause exists to extend the discovery cut-off—the

---

[2] Every case Mattel has found applying the stricter standard advocated by MGA involved a request to continue a trial or hearing date within days of—or even *during*—the trial or hearing itself. See, e.g., United States v. Mejia, 69 F.3d 309, 313 (9th Cir. 1995) (request to continue made on day of hearing); United States v. Flynt, 756 F.2d 1352, 1356 (9th Cir. 1985) (footnote continued)

clear standard to extend such a deadline—no greater showing is required to adjust the deadlines that follow from that extension.[3] Contrary to MGA's argument, the Phase 2 final pretrial conference has not occurred, and good cause, which "focuses on the reasonable diligence of the moving party,"[4] is sufficient to modify the scheduling order.

As for MGA's suggestion that Mattel "exhaust" its efforts to obtain discovery and *then* seek more time if necessary (Opp. at 14), MGA has it backwards. Courts consider a late request as evidencing *lack* of diligence. See, e.g., Buckley v. Donohue Industries Inc., 100 Fed. Appx. 275, 278 (5th Cir. 2004) (affirming finding of no good cause where "Appellants' counsel did not seek an extension of time until after the scheduling deadline had passed."); Axcess Broadcast Servs., Inc. v. Donnini Films, 2006 WL 1042334, *2 (N.D. Tex. April 19, 2006) ("Defendants have failed to explain to the court's satisfaction, however, why they did not . . . timely seek an extension of the discovery deadline prior to its expiration."); Hostnut.Com, Inc. v. Go Daddy Software, Inc., 2006 WL 1042335, *1 (D. Ariz. April 19, 2006) (denying motion to extend deadlines where "the discovery deadline passed without a motion to extend or a showing of good cause"); UC Restaurant, LLC v. Maricopa County, 2007 WL 473681, *3 (D. Ariz. Feb. 8, 2007) (no good cause where "the Plaintiff did not seek . . . to extend the Rule 16 deadline, but rather permitted the deadline to expire more than two weeks later"). The fact that Mattel has promptly moved for an extension shows

---

(same); Armant v. Marquez, 772 F.2d 552, 555 (9th Cir. 1985) (day of trial); Martinez v. Scribner, 2009 WL 2423100, *11 (C.D. Cal. August 4, 2009) (during closing arguments).

[3] Redos v. Union Pacific R. Co., 2009 WL 1940440, at *1 (E.D. Cal. July 2, 2009) ("Good cause having been shown, Plaintiffs' Motion to Amend the PTSO (Docket NO. 21) is GRANTED. Since the *modification of the discovery dates in this case necessarily requires modification of all scheduling dates*, the Court will issue an Amended Pretrial Scheduling Order . . . .") (emphasis added); Hardin v. Wal-Mart Stores, Inc., 2009 WL 973012, at *1 (E.D. Cal. Apr. 8, 2009) (vacating scheduling order, including trial date, in its entirety upon showing of good cause); Thein v. Feather River Community College, 2007 WL 926568, at *1 (E.D. Cal. Mar. 27, 2007) (granting motion to modify and modifying all dates in scheduling order upon showing of good cause, noting that "*extension of the discovery period necessitates extension of all other pretrial and trial dates* in order to maintain the court's desired intervals between pretrial events and ultimately trial and considering the court's trial schedule generally") (emphasis added).

[4] See Noyes v. Kelly Services, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007).

1 diligence and favors granting relief.

## II. MATTEL HAS MET ANY STANDARD THAT COULD BE APPLIED

Defendants do not address the bulk of Mattel's motion demonstrating its diligence. They do not cite a *single case* denying an extension under similar circumstances and ignore the numerous cases cited by Mattel granting extensions on lesser showings. (Motion at 11, 13-14.) They concede that the Phase 2 stay was instituted at their request. They do not dispute that their separate, unilaterally imposed "stays" obstructed for months any discovery relating to "receiver issues" or to their trade dress claim in violation of Discovery Master Orders. (Motion at 6-7.) They openly admit that they are withholding responsive documents, yet argue that the sheer volume of *other* discovery on *other* issues to date—5.2 million pages of documents produced by the parties combined, and 174 depositions taken—must mean that Mattel has everything to which it is entitled. It does not.

Just since Mattel filed its motion to modify the scheduling order in this case, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.[7] These instances of additional delay, and more, are documented in the concurrently filed Declaration and exhibits. The purpose is not to engage in blame games, but to establish that Mattel has indeed been diligent, that critical information remains to be discovered, and that the purposes of discovery would be frustrated absent

---

[5] See Supp. Zeller Dec. at ¶¶ 22-33 & Exhs. 15-22.
[6] See Supp. Zeller Dec. at ¶¶ 12-21 & Exhs. 7-14; infra, nn. 13-15.
[7] See Supp. Zeller Dec. at ¶¶ 3-11 & Exhs. 1-6.

1  an extension. It may well be, as counsel so vigorously claims, that "MGA's recent
2  substitution of counsel has resulted in no material delay in *any* case event." (Opp. at 9.)
3  Mattel certainly appreciates the pledges of diligence by new counsel in addressing a
4  complicated case. But prompt attendance to motion practice whose effect, if not its
5  purpose, is to delay the disclosure of responsive and relevant documents and
6  information cannot justify denial of Mattel's motion.

   **A.   MGA and Related Parties Are Still Withholding Key Documents**

8  No one could fairly describe the document production of MGA and its related
9  parties as to Phase 2 issues as "copious." (Opp. at 6.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮▮▮. (Motion at 21.)
14  MGA makes much of the cumulative numbers, but the vast majority of the
15 documents and depositions during Phase 1 related to ownership of Bratz, and none
16 could address the complex, far-ranging events that came later. While Mattel, notably,
17 did make substantial productions relating to MGA's Phase 2 claims, MGA sought and
18 secured the Phase 2 discovery stay precisely because it could not do the same even as to
19 the Phase 2 claims raised by Mattel's earlier complaint. (Motion at 5.) Since the lifting
20 of the Phase 2 stay, defendants have objected to each and every document request
21 propounded by Mattel, and have not produced *a single page* relating to ▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.
23 (Motion at 21.) The Opposition filed here, far from responding to the obvious
24 inadequacies identified by Mattel's motion, instead confirms that MGA and its related
25 parties continue even now, to withhold critical documents.
26  Omni Parties' Withholding Documents. Defendants seek to excuse their own

---

[8] Zeller Dec., ¶ 5.
[9] Id.

1  production failures by pointing to the number of pages produced by the Omni parties,
2  emphasizing that as recently as July 2009 Omni and Vision Capital produced
3  documents in response to "additional requests by Mattel." (Opp. at 8.) There were no
4  "additional requests": ███████████████████████
5  ████████████████████████████████████████████████
6  ████████████████████████████████████████████████
7  ████████████████████████████████████████████[10]
8  But even the additional documents were inadequate, ████████
9  ████████████████████████████████████████████████
10 ████████████████████████████████████████████████
11 ██████████████████.[11] Contrary to MGA's claim ("Mattel does not claim, nor
12 can it, that Omni 808 has not fully complied with its discovery obligations," Opp. at 8),
13 Mattel has brought motions to enforce against Omni 808 *and* Vision in order to obtain
14 compliance with the prior Orders.[12] ███████████████████
15 ████████████████████████████████████████████████
16 ████████████████████████████████████████████████
17 ████████████████████████████████████████████████
18 ████████████████████████████████████████████████
19 ████████████████████████████████████████████████
20 ████████████████████████████████████████████████
21 ████████████████████████████████████████████████
22 ████████████████████████████████████████████████.

---

[10] See Phase 2 Discovery Matter Order No. 27, dated May 6, 2009, at 7, Supp. Zeller Dec., Exh. 17.
[11] See Supp. Zeller Dec., Exh. 22 (Omni document production).
[12] See Mattel, Inc.'s Notice of Motion and Motion: (1) To Enforce Order Compelling the Omni Parties to Produce Documents, (2) to Strike Objections, and (3) For Sanctions, dated July 24, 2009, Supp. Zeller Dec., Exh. 15.
[13] August 6, 2009 Hearing Tr. at 20:3-21:1 (emphasis added), Supp. Zeller Dec., Exh. 16.
[14] Phase 2 Discovery Matter Order No. 27, Supp. Zeller Dec., Exh. 17.

<u>MGA Mexico's Withholding of Documents</u>. MGA offers two responses to Mattel's rather obvious point that a case in which a central, named party has yet to produce a single document is not a case in which discovery is substantially complete. For the first time after months of litigating this very issue, MGA claims that ███████████████████████████████████████████████████████████████████████████████. (Opp. at 6.) MGA's belated assertion is both unsupported by any evidence and contradicted even by its own memorandum. ████████████████████████████████████████████████████████████████████████████████████████████████████." (Opp. at 7 (emphasis added).) Such a "relevance" restriction also ignores that the Discovery Master rejected this very MGA position as improper as far back as 2007[15]—Mattel has the right to all responsive documents, not just documents cherry-picked by MGA as being "relevant" in its view. That MGA Mexico is even now withholding what MGA Mexico *admits* are relevant documents (an even narrower category), much less rehashing an argument defendants lost two years ago, is reason enough to recognize that discovery in this case will take far, far longer than even its complexity requires.[16]

<u>MGA's Withholding of Documents</u>. MGA admits that it too is intentionally withholding information it has already twice been compelled to produce. As Mattel noted in its motion, it is still trying—as it has since Phase 1—████████

---

[15] Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses By MGA, dated May 15, 2007 ("These restrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'"), Supp. Zeller Dec., Exh. 43.

[16] In any case, even if MGA had already produced all of MGA Mexico's documents (it clearly has not), this kind of commingling of documents into a single production that fails to identify where the documents came from is not permitted precisely because whose possession the documents were in can make a substantive difference when proving liability. See <u>Topalian v. Ehrman</u>, 1996 WL 248995, *3 (5th Cir. 1996) (affirming imposition of sanctions against party in part for making document productions commingling documents by separate plaintiffs). This is particularly so in this case, where MGA Mexico's possession of documents such as Mattel's trade secrets would itself be an operative fact of liability—at a minimum, who has which documents is material information.

1  ███████████████████████████████████████████████, an issue that has become all
2  the more relevant in Phase 2. Rather than address these facts, MGA merely states that
3  the issues "have all been fully briefed and will be argued before the Discovery Master."
4  (Opp. at 9.) What MGA omits is that the brief it filed with the Discovery Master
5  *admits* it is in violation of both Orders, and that it will continue to withhold information
6  until ordered again: "████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████████████
9  █████████████████████."[17]
10         MGA is also still withholding ████████████████████████████████████
11 ████████████████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████████████
16 ███████████████████████████.[19]
17         Finally, MGA has also delayed production of documents critical to establishing
18 Isaac Larian's perjury. ████████████████████████████████████████████
19 ████████████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████████████

---

[17] MGA Parties' Opposition to Mattel, Inc.'s Motion to Enforce Prior Court Orders and to Compel Re: Interrogatory Nos. 68 and 69 and RFPs 75, 85, 95, 105, and 115 of Mattel's First Set of Requests Re Unfair Competition, dated July 29, 2009, at 9 n.5, Supp. Zeller Dec., Exh. 44; see also id. at 5 n.2 (refusing to discuss failure to produce documents).

[18] See Supp. Zeller Dec., ¶¶ 12-21 & Exhs. 7-14.

[19] Phase 2 Discovery Matter Order No. 34, dated May 18, 2009, at 7-8 ("Larian has not cited any legal authority, and the Discovery Master is aware of none, supporting the proposition that a party need not supplement its discovery responses based upon an order that simply requires the production of data for inspection without referencing Rule 26."), Zeller Dec., Exh. 20; Phase 2 Discovery Matter Amended Order No. 11, dated March 31, 2009, at 4, Supp. Zeller Dec., Exh. 13.

1 ███████████████████████████████████████," [20]

## B. Exactly One Phase Two Deposition Has Been Conducted Since Mattel's Motion Because of Intentional Delay by Defendants

As noted in Mattel's motion, the Discovery Master Ordered Neil Kadisha and Leon Neman to appear for deposition by the end of July 2009. He rejected their request to delay their depositions, and ordered them *again* to appear for deposition by August 13, 2009—two weeks after the original deadline.[21] Mr. Neman finally appeared on August 14, 2009, ████████████████████████████████████████████████████████████████████████████████.[22] As for Mr. Kadisha, he is scheduled to appear on August 31—three weeks *after* the *second* ordered date to appear—because after the Discovery Master rejected his request for a month-long extension, Kadisha's counsel stated that he was on vacation out of the country until the end of August and simply could not appear.[23]

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. A motion remains pending on that subject,[24] as does a motion for ████████████

---

[20] Supp. Zeller Dec., ¶¶ 44-46 & Exhs. 30-32.
[21] Supp. Zeller Dec., ¶ 4 & Exh. 1.
[22] In a telephonic conference with the Discovery Master, Mr. Gordinier represented that Mr. Zeller was asking egregiously personal questions, and that his conduct was "as unprofessional a conduct of litigation as I have seen in 31 years." Supp. Zeller Dec., ¶ 7 & Exh. 4 at 32:25-33:1. Without addressing the substance, the Discovery Master ordered that neither side would be permitted to use the information in the deposition for any purpose—even to subpoena witnesses whose names were learned at the deposition—to give Omni's counsel time to file a motion to strike. Supp. Zeller Dec., ¶ 8 & Exh. 4 at 40:10-50:21. Of course, there was no basis for counsel's latest spate of personal attacks on Mattel's counsel, and no motion was even filed—but it was not until a week later that the Discovery Master formally lifted the restrictions on use of the deposition. Supp. Zeller Dec., ¶¶ 9-10 & Exhs. 5-6.
[23] Supp. Zeller Dec., ¶¶ 5-6 & Exhs. 2-3.
[24] See Mattel, Inc.'s Notice of Motion and Motion to Compel Further Deposition of Ronald Brawer, and to Overrule Instructions Not to Answer, dated August 7, 2009, Supp. Zeller Dec., Exh. 45.

1  ▮.[25] Also pending is Mattel's motion for the issuance of Letters of Request for
2  the depositions of Vargas and Trueba because MGA has attempted to delay and
3  sabotage this process.[26] Mattel also has still not obtained the discovery sought in its
4  Letter of Request to Canada that was signed three months ago because MGA Canada
5  and Brisbois have failed to produce a single page of documents or appear for deposition
6  and have now delayed Mattel's motion to enforce compliance in Canada until
7  September.[27]

8      **C.**    **Much Discovery Remains Outstanding**

9      Mattel has filed a motion ▮
10 ▮
11 ▮.[28] Defendants do not even know how many depositions they wish to take,
12 but have now asked the Discovery Master to give them blanket authorization to take
13 110 hours of deposition with as many witnesses as they wish.[29] Defendants have
14 asserted that they have a right ▮

---

[25] See Mattel, Inc.'s Notice of Motion and Motion for Additional Time to Conduct the Deposition of Isaac Larian, dated July 17, 2009, Supp. Zeller Dec., Exh. 46.

[26] MGA claims that "[a]s soon as a motion for letters of request was filed, MGA promptly filed a notice of non-opposition and agreed that their depositions should be taken." (Opp. at 7.) Yet, MGA fails to mention that its "statement of non-opposition" tried to add its own defective topic for defendants' deposition of MGA Mexico's employees to Mattel's Letter, risking its rejection by Mexico. Supp. Zeller Dec., ¶¶ 48-49 & Exhs. 33-34. Then, two weeks after Mattel filed its Reply noting this deficiency, MGA filed a "supplemental declaration" providing its own alternative proposed letter of request, without any explanation of the changes it made or its reason for making them, and used its belated filing to argue that ruling on *Mattel's* Letter should "be continued until we [MGA] can make a formal motion to amend Mattel's requested letters to include topics, and a description, of MGA's claims against Mattel." Supp. Zeller Dec., ¶¶ 49-52 & Exhs. 34-37.

[27] Supp. Zeller Dec., ¶ 56 & Exh. 40.

[28] Mattel, Inc.'s Notice of Motion and Motion for Leave to Take Additional Depositions, dated August 11, 2009, Supp. Zeller Dec., Exh. 51.

[29] Declaration of Annette L. Hurst ISO MGA Parties' Opposition to Mattel, Inc.'s Motion for Leave to Take Additional Depositions and Cross-Motion for Protective Order Altering Deposition Limits to Set an Overall Hours Limit, dated August 21, 2009, at ¶ 7, Supp. Zeller Dec., Exh. 49.

[REDACTED].[30] Defendants say [REDACTED].[31] Even if Mattel propounded follow-up discovery the very next day, defendants would not have to provide any responses under the Federal Rules for another 30 days, making them due October 1. Assuming they provide nothing but objections (as they have done for all Phase 2 discovery to date), Mattel will need to resort to motion practice. After accounting for meet and confer requirements, briefing schedules, the Discovery Master's time to issue a ruling and the time given to defendants for compliance, Mattel would not receive responses until December. And that is a first step in the process—follow-up discovery will have to be taken based on the responses and other information defendants will, presumably, eventually produce.[32]

At bottom, there can be no real dispute that vast amounts of discovery remain to be conducted. MGA's opposition is tactical, not based on even a claim, let alone a showing, that discovery is substantially complete or could be three months hence.[33]

---

[30] MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion For Protective Order Regarding MGA's First Set of Phase 2 Interrogatories, dated July 7, 2009, Zeller Dec., Exh. 71.

[31] Defendants now claim they needed the delay because Mattel had not served responses to other MGA interrogatories. (Opp. at 9.) But they never raised that issue as a basis for their delay or told Mattel that they could provide responses more quickly if Mattel provided earlier responses. To the contrary, they suggested that new counsel's appearance necessitated the additional time and represented that the soonest it could expect their responses would be "the end of August," without conditioning it on receipt of any information from Mattel. See letter from Jon Corey to Warrington Parker, dated July 24, 2009, Zeller Dec., Exh. 4.

[32] Nor are these the only issues preventing Mattel from taking discovery. IGWT is represented by new counsel, which has resulted in further delay. See Supp. Zeller Dec., ¶¶ 53-55 & Exhs. 38-39. Issues surrounding MGA's privilege log remain to be resolved. See Supp. Zeller Dec., ¶¶ 34-43 & Exhs. 23-29. [REDACTED]

[33] MGA also offers no specific objection to the eight months proposed by Mattel except to say that it is longer than the six or seven months Mattel initially proposed in meet and confer. That is certainly true. Suffice it to say that nothing that occurred in that meet and confer contradicts the need for at least an additional month, and much has happened since then to show that eight months is amply warranted.

### D. Mattel Has Met MGA's Standard In Any Case

MGA claims it will be prejudiced because it "is entitled to get to trial as quickly as possible in order to clear its name." (Opp. at 15.) Yet MGA asks the Court in the very next breath to stay *all* of Phase 2—including the Phase 2 trial it claims to urgently need to "clear its name"—for an indeterminate amount of time, presumably after which there will be further delay as discovery is resumed. Such a stay would be much longer than the extension sought by Mattel; MGA cannot claim it will be prejudiced by delay when delay is exactly what it seeks. Indeed, this is at least the *fourth* Phase 2 stay request that MGA has made since January 2009 alone, further contradicting MGA's sweeping assertion it needs an immediate trial to avoid prejudice. By contrast, Mattel will be prejudiced absent a stay because it will be forced to go to trial lacking critical information.[34]

## III. THE COURT SHOULD NOT STAY PHASE 2

MGA argues that if the schedule is modified, the Court should stay all of Phase 2 pending the Ninth Circuit's resolution of the injunction appeal. The Ninth Circuit has specifically held that stays of this nature—that depend on other proceedings that will not necessarily be concluded promptly—constitute harm to the non-moving party and should be denied. See Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."); Lockyer v. Mirant Corp, 398 F.3d 1098, 1111 (9th Cir. 2005) (same). Additionally, the Ninth Circuit has indicated that such stays are not

---

[34] MGA also claims it will be prejudiced because its legal fees will increase. The costs MGA will incur in litigating this action are not properly considered prejudice. See Lacombe v. Bullhead City Hosp. Corp., 2009 WL 1706002, at *6 (D. Ariz. June 9, 2009) ("[C]osts of litigation [are not] a sufficient basis for finding actual prejudice. . . . Such costs are simply the 'realities of the system.'"). Nor would its fees be so high if defendants had not engaged in wholesale obstruction of discovery. In any case, ████████████████████████████████████████████████████████████████████, MGA has obstructed discovery into this as well). By contrast, Mattel will be prejudiced absent a stay because it will be forced to go to trial lacking critical information, solely from defendants' wrongdoing.

1 appropriate where the plaintiff seeks injunctive relief for ongoing and future harm. <u>Id.</u>
2 at 1110-12 (stay was inappropriate where plaintiff sought injunctive relief against
3 ongoing harm and defendant did not make a "clear case of hardship or inequity").
4 Mattel seeks injunctive relief for ███████████████████████████████
5 ████████████████████████████████████████████████████████
6 ████████████████████████████████████████████████████████
7 ████.[35] A stay of Phase 2 will allow defendants to continue their wrongdoing,
8 further benefit from their theft and compound the harm Mattel has already suffered,
9 ████████████████████████████████████. Moreover, discovery in this
10 case has already been stayed cumulatively for well over a year. Each further delay
11 increases the risks that documents will be lost and destroyed, and important events
12 forgotten.
13 　　　　Ultimately, the only reason MGA offers for a stay is that the Phase 1 issues they
14 have appealed overlap with claims left to be tried in Phase 2. (Opp. at 16-17.) Mattel
15 initially opposed bifurcation precisely because of this overlap.[36] MGA knew of this
16 overlap and successfully urged bifurcation in any event; it cannot now change its mind.
17 In any event, MGA's economy argument depends solely on the Court's Phase 1C
18 Orders being overturned on appeal, a position that cannot be credited or support a stay
19 given the Ninth Circuit's and this Court's explicit denials of a stay of the very same
20 Orders on the grounds that MGA has not shown a likelihood of prevailing on the merits

---

[35] TAAC at ¶¶ 113, 135, 147, 166, Zeller Dec., Exh. 35.
[36] Transcript of January 8, 2007 Hearing Re Mattel's Motion for Leave to Amend Complaint ("1/8/07 Hr. Tr.") at 8:18-9:17 (counsel for Mattel argued that Mattel's claims regarding MGA's and Bryant's theft of Bratz from Mattel should not be bifurcated from its claims regarding MGA's theft of other Mattel trade secrets, including the theft in Mexico and Canada, because each of these acts evidences a pattern of racketeering activity and thus relates to Mattel's RICO claims), Supp. Zeller Dec., Exh. 47. Mattel also recognized the substantial overlap between the two phases in the Rule 54(b) statement it submitted to the Court. Memorandum of Mattel, Inc. Regarding Entry of Judgment Pursuant to Rule 54(b) and Phase 1, dated February 13, 2009, Supp. Zeller Dec., Exh. 48.

1 | of its appeal.[37]

2 | Finally, MGA's stay request fails because, while the overlap might justify at
3 | most waiting to start Phase 2 *trial*, it provides not even a colorable basis for staying
4 | Phase 2 *discovery*. There is no scenario in which the current appeal could obviate
5 | Mattel's Phase 2 claims, let alone all of them, and Phase 2 discovery will have to be
6 | taken regardless of the appeal's outcome. Far from justifying a Phase 2 discovery stay,
7 | MGA's arguments only serve to confirm that Mattel's motion to extend the schedule
8 | should be granted, so that this discovery, which will be required in any case, can be
9 | completed.

## Conclusion

11 | For the foregoing reasons, Mattel respectfully requests that the Court modify the
12 | Scheduling Order in this action to extend all deadlines by eight months.

13 | DATED: August 24, 2009           QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP

16 |                                  By /s/ Michael T. Zeller
                                          Michael T. Zeller
17 |                                       Attorneys for Mattel, Inc.

---

[37] See Ninth Circuit's Order dated June 10, 2009, at 3, Supp. Zeller Dec., Exh. 50. See also In re Papst Licensing GmbH, 2006 WL 4017753, at *2 (E.D. La. Oct. 23, 2006) (denying stay because "[t]he stay's proponent's concerns about wasted time and money are surely genuine, but they are contingent upon the decision being overturned on appeal. This contingency is insufficient to make out a clear case of hardship or inequity in proceeding before this Court").