EXHIBIT 1



1    Robert C. O'Brien (SBN 154372)
     ARENT FOX LLP
2    555 West Fifth Street, 48th Floor
     Los Angeles, CA 90013-1065
3    Telephone: 213.629.7400
     Facsimile: 213.629.7401
4    obrien.robert@arentfox.com

5    Discovery Master

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12   CARTER BRYANT, an individual,      Case No. CV 04-09049 SGL (RNBx)

13              Plaintiff,

14        v.                            Consolidated with
                                        Case No. CV 04-09059
15   MATTEL, INC., a Delaware           Case No. CV 05-2727
     corporation,
16                                      **PHASE 2 DISCOVERY MATTER**
              Defendant.
17                                      **ORDER NO. 43, REGARDING:**

18                                         **DEPOSITIONS OF NEIL
                                           KADISHA AND LEON NEMAN**
19

20   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
21   MGA ENTERTAINMENT, INC. v.
     MATTEL, INC.
22

23

24

25

26

27

28

ORDER NO. 43
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 1
Page 20

1    As part of Order No. 33, the Discovery Master ordered Neil Kadisha and

2    Leon Neman to sit for their depositions "before the end of July." (Letter from Peter

3    Villar to Robert C. O'Brien dated July 24, 2009, p. 1).   Prior to the expiration of

4    this deadline, Messrs. Kadisha and Neman requested that the Discovery Master

5    extend it to September, 2009. (*Id.*, p. 2; Letter from Todd Gordinier to Robert C.

6    O'Brien dated July 29, 2009, p. 1).   They claim a continuance of their depositions is

7    justified for two reasons.

8    First, they assert that "efficiency, judicial economy and fundamental

9    fairness" warrant an extension because they may have to be re-deposed again in the

10   future. (Letter from Peter Villar to Robert C. O'Brien dated July 24, 2009, p. 1).

11   Put another way, they argue that other pending discovery disputes and the

12   possibility that Mattel, Inc. ("Mattel") may seek leave to file a Fourth Amended

13   Answer and Counterclaim "have the potential to require the production of

14   additional information or documents or otherwise alter the scope of the

15   depositions." (*Id.*; Letter from Todd Gordinier to Robert C. O'Brien dated July 29,

16   2009, p. 1).   These arguments are unsupported by any legal authority.  Federal Rule

17   of Civil Procedure 26(d)(2) makes clear that "methods of discovery may be used in

18   any sequence" by a party, including Mattel.  Therefore, Mattel may proceed with

19   the depositions at a time of its choosing, not when Messrs. Kadisha and Neman

20   believe that all pending discovery matters have been resolved to their satisfaction.

21   A rule to the contrary would create discovery gridlock.  The Discovery Master and

22   Court in this action will not allow multiple depositions of the same individual

23   without good cause, so if Mattel seeks to re-depose these witnesses at some future

24   point, the witnesses are free to seek a protective order.

25   Second, Messrs. Kadisha and Neman argue that "there are a number of . . .

26   scheduling problems that unfortunately require flexibility on the part of all parties

27   in scheduling these depositions," including Mr. Neman's unavailability due to an

28   unspecified medical issue involving his mother and scheduling conflicts in July and

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

ORDER NO. 43
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 1
Page 21

1   August for Mr. Kadisha, Todd Gordinier and MGA's counsel. (Letter from Peter

2   Villar to Robert C. O'Brien dated July 24, 2009, p. 1). While the Discovery Master

3   is sympathetic to any legitimate medical issue involving Mr. Neman's mother, the

4   mere assertion of a "serious medical condition" without specifying what days her

5   situation would render Mr. Neman unavailable is insufficient to allow proper

6   evaluation of the issue and set a date for his deposition. Further, with respect to

7   Mr. Kadisha's schedule as well as that of his counsel, the Discovery Master ordered

8   his deposition to proceed on May 18, 2009 and granted him forty-five days in

9   which to appear. This amount of time should have been more than sufficient for

10  any scheduling conflicts to have been avoided. Of course, counsel on both sides are

11  requested to work together in good faith to avoid undue burdens to each others' and

12  the witnesses' schedules.

13          Accordingly, the Discovery Master **ORDERS** as follows:

14          1.      Neil Kadisha shall sit for his deposition within ten (10) court days of

15  this Order and comply with Order No. 33 in all other respects.  Counsel for Neil

16  Kadisha shall immediately meet and confer with Mattel's counsel to determine a

17  mutually agreeable date within the foregoing period for Mr. Kadisha's deposition.

18  If no such agreement can be reached, Mattel may seek *ex parte* relief from the

19  Discovery Master, who will then set a date for the deposition.

20          2.      Counsel for Leon Neman shall immediately meet and confer with

21  Mattel's counsel to determine a mutually agreeable date for Mr. Neman's

22  deposition.  If no such agreement can be reached, Mattel may seek *ex parte* relief

23  from the Discovery Master, who will then set a date for the deposition.

24  Dated:      July 30, 2009

25

26                                      By:_____/s/ Robert C. O'Brien_____

27                                              ROBERT C. O'BRIEN
                                                Discovery Master

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

**Tiffany Garcia**

| | |
|---|---|
| **From:** | Curran Walker |
| **Sent:** | Thursday, July 30, 2009 9:32 AM |
| **To:** | Michael T Zeller; MGA / Bryant Team; Mattel-MGA Paralegals |
| **Subject:** | RE: Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Miscellaneous Document |

**Attachments:** Phase 2 Discover Master Order No. 43.pdf

---

**From:** Michael T Zeller
**Sent:** Thursday, July 30, 2009 9:30 AM
**To:** MGA / Bryant Team; Mattel-MGA Paralegals
**Subject:** Fw: Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Miscellaneous Document

Please circulate pdf

---

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**To:** ecfnef@cacd.uscourts.gov <ecfnef@cacd.uscourts.gov>
**Sent:** Thu Jul 30 09:28:06 2009
**Subject:** Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Miscellaneous Document

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Hansen, Drew on 7/30/2009 at 9:28 AM PDT and filed on 7/30/2009
**Case Name:**     Carter Bryant v. Mattel Inc
**Case Number:**   2:04-cv-9049
**Filer:**         Robert C O'Brien
**Document Number:** 6103

**Docket Text:**
**PHASE 2 DISCOVERY MASTER - ORDER NO. 43 Re Depositions of Neil Kadisha and Leon Neman filed by Special Master Robert C O'Brien (Hansen, Drew)**

Exhibit 1
Page 23

**2:04-cv-9049 Notice has been electronically mailed to:**

Alexander H Cote    acote@scheperkim.com, feseroma@scheperkim.com

Alisa M Morgenthaler    amorgenthaler@glaserweil.com

Annette L Hurst    ahurst@orrick.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com, westonreid@quinnemanuel.com

Byron Z Moldo    bmoldo@ecjlaw.com

Christian C Dowell    cdowell@kmwlaw.com

Craig A Taggart    craig.taggart@bingham.com, lan.ly@bingham.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

David C Scheper    dscheper@scheperkim.com, feseroma@scheperkim.com

David M Stern    dstern@ktbslaw.com

David W Foster    david.foster@skadden.com

David W Hansen    dhansen@skadden.com

Diane C Hutnyan    dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

Douglas Andrew Winthrop    dwinthrop@howardrice.com

Frank D Rorie , Jr    frorie@orrick.com

Ilan Wisnia    iwisnia@valleassociates.com

James I Stang    jstang@pszjlaw.com

Jason D Russell    jrussell@skadden.com, allison.velkes@skadden.com

Jeffrey B Valle    jvalle@valleassociates.com

Jennifer A Lopez    jennifer.lopez@bingham.com

John B Quinn    johnquinn@quinnemanuel.com

Jon D Corey    joncorey@quinnemanuel.com

Joseph C Sarles    josephsarles@quinnemanuel.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Exhibit 1
Page 24

7/30/2009

Kevin E Deenihan     kdeenihan@ktbslaw.com

L Kieran Kieckhefer     kkieckhefer@orrick.com

Larry W McFarland     lmcfarland@kmwlaw.com

Leah Chava Gershon     leah@spertuslaw.com

Linda M Burrow     burrow@caldwell-leslie.com, popescu@caldwell-leslie.com, wilson@caldwell-leslie.com

Marina Vladimir Bogorad     marina.bogorad@skadden.com

Mark E Overland     moverland@scheperkim.com, jhibino@scheperkim.com

Matthew C Bousquette     caldwell@caldwell-leslie.com

Matthew C Heyn     mheyn@ktbslaw.com

Melinda L Haag     mhaag@orrick.com

Michael P Kelly     mikelly@skadden.com

Michael T Zeller     michaelzeller@quinnemanuel.com

Nicole S Pelletier     npelletier@glaserweil.com

Patrick A Fraioli , Jr     pfraioli@ecjlaw.com

Patrick J. Fraioli, Jr.     pdavidson@ecjlaw.com

Peter A Davidson     pdavidson@ecjlaw.com

Peter N Villar     peter.villar@bingham.com, paul.mcconnell@bingham.com

Randa A F Osman     randaosman@quinnemanuel.com

Richard M Pachulski     jstang@pszjlaw.com

Robert C O'Brien     obrien.robert@arentfox.com

Robyn Aronson     robynaronson@dwt.com, frankromero@dwt.com

Rory S Miller     rorymiller@quinnemanuel.com, shawnaallison@quinnemanuel.com, westonreid@quinnemanuel.com

Sandra L Tholen     tholen@caldwell-leslie.com, mejia@caldwell-leslie.com, wilson@caldwell-leslie.com

Sanford I Weisburst     sandyweisburst@quinnemanuel.com

Exhibit 1
Page 25

7/30/2009

Stan Karas    stankaras@quinnemanuel.com, westonreid@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Thomas P Lambert    tpl@msk.com

Todd E Gordinier    todd.gordinier@bingham.com, craig.taggart@bingham.com,
julie.valenzuela@bingham.com, karina.ward@bingham.com, lan.ly@bingham.com,
michael.mortenson@bingham.com

William A Molinski    wmolinski@orrick.com, mm7@orrick.com

Yas Raouf    yraouf@orrick.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Cheryl Plambeck
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

Peter H Bonis
Peter H. Bonis Law Offices
1990 N. California Blvd, 8th Floor
Walnut Creek, CA 94596

Warrington S Parker , III
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\westg\Desktop\Order 43.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=7/30/2009] [FileNumber=8193364-0]
[b73e7d9ebd6f4df7ee279c21937bdd22371bccb9d8e83c03d245f1dfb51ffcf0a649
924093de9f9622226ebdb326c755e90d5329b97674893ff4cc486bd4477d]]

Exhibit 1
Page 26

7/30/2009

EXHIBIT 2

# BINGHAM

Todd E. Gordinier
Direct Phone:   714.830.0622
Direct Fax:    714.830.0717
todd.gordinier@bingham.com

August 3, 2009

**Via E-mail And U.S. Mail**

Discovery Master Robert C. O'Brien
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Re:  **Mattel, Inc. v. MGA Entertainment, Inc., et al.**

Dear Mr. O'Brien:

Your Order No. 43 dated July 30, 2009 instructed counsel for Messrs. Kadisha and Neman to immediately meet and confer to schedule a deposition for Mr. Kadisha within 10 court days (August 13) and for Mr. Neman on a mutually agreeable date. Upon receipt of your Order, the parties scheduled a meet and confer phone conference on July 31, and we reached out to our clients to inform them of the Order.

Although your Order did not specify a time period for Mr. Neman's deposition, Mr. Neman offered to sit for his deposition on Tuesday, August 4, Friday August 14 or any time the week of August 17 in order to ensure that his deposition is taken in a timely manner. Mattel's counsel chose to take Mr. Neman's deposition on August 14. Therefore, Mr. Neman's deposition is set.

We learned that Mr. Kadisha is on a family vacation in Israel and will not be returning to the United States until Saturday, August 22, which is 6 court days after the deadline in your Order. While we were aware that he had scheduling issues (as set forth in our prior letters to you) we were not aware that he would be out of the country for this entire period.

We notified Mattel's counsel of this situation on July 31 and asked if they would be willing to stipulate to a brief extension until the week of August 24. We also offered to schedule Mr. Neman's deposition for August 4 (even though it would be difficult for him) so that at least one of the depositions still would occur within the 10-day period. We have had additional discussions with Mattel's and MGA's counsel since Friday. Earlier this morning, Mattel's counsel indicated that they were not willing to stipulate due to MGA's apparent unwillingness to stipulate to an extension of the Court's Scheduling Order and current discovery cut-off date of December 11, 2009.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/73109540.1

Exhibit 2
Page 27

Discovery Master Robert C. O'Brien
August 3, 2009
Page 2

While we understand and accept the Discovery Master's need to avoid discovery gridlock, we ask for limited reconsideration of your prior Order in light of these circumstances. We do not believe that delaying Mr. Kadisha's deposition by one week will prejudice Mattel, particularly given that both Mr. Neman's and Mr. Kadisha's depositions will still occur before the end of this month and well before the current discovery deadline that is more than four months away (of course, Mattel has a motion pending to extend that deadline by several months).

Mattel's counsel has informed us that they are available to take Mr. Kadisha's deposition during the week of August 24. Accordingly, we respectfully ask the Discovery Master to issue a modified Order so that Mr. Kadisha may sit for his deposition during that week and thereby have it completed before the end of August 2009.

Thank you for your consideration.

Very truly yours,

Todd E. Gordinier

cc: Michael Zeller, Esq.
    Peter Villar, Esq.
    Jason Russell, Esq.
    Annette Hurst, Esq.
    Thomas McConville, Esq.
    Drew Hansen, Esq.

## Tiffany Garcia

| | |
|---|---|
| **From:** | Valenzuela, Julie M. [julie.valenzuela@bingham.com] |
| **Sent:** | Monday, August 03, 2009 12:33 PM |
| **To:** | 'obrien.robert@arentfox.com' |
| **Cc:** | Michael T Zeller; 'jrussell@skadden.com'; 'ahurst@orrick.com'; 'tmcconville@orrick.com'; 'hansen.drew@arentfox.com'; Villar, Peter N. |
| **Subject:** | Mattel, Inc. v. MGA Entertainment, Inc., et al. |

**Attachments:** 2628_001.PDF

Please see the attached letter from Mr. Gordinier.

B I N G H A M
Julie M. Valenzuela |
Legal Secretary to Todd E. Gordinier, Edward S. Kim and Jennifer A. Lopez
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0608 | F 714.830.0700

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered
confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure,
distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient.
If you have received this email in error, please notify me immediately by reply email, delete this
email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we
inform you that any U.S. federal tax advice contained in this communication is not intended or
written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal
tax penalties. Any legal advice expressed in this message is being delivered to you solely for your
use in connection with the matters addressed herein and may not be relied upon by any other
person or entity or used for any other purpose without our prior written consent.

EXHIBIT 3

Robert C. O'Brien (SBN 154372)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
obrien.robert@arentfox.com

Discovery Master

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**PHASE 2 DISCOVERY MATTER**<br><br>**ORDER NO. 44, REGARDING:**<br><br>**(1) DEPOSITION OF NEIL KADISHA; and**<br><br>**(2) EXTENSION OF TIME FOR MATTEL, INC. TO FILE ITS OPPOSITION TO MGA'S MOTION TO COMPEL FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2 INTERROGATORIES AND SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION** |

ORDER NO. 44
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 3
Page 30

## I.   THE DEPOSITION OF NEIL KADISHA

As part of Order No. 43, the Discovery Master ordered Neil Kadisha to sit for deposition within ten court days of July 30, 2009. Because he is out of the country until Saturday, August 22, 2009, Mr. Kadisha requests an extension of this deadline by approximately ten days. (Letter from Todd Gordinier to Robert C. O'Brien dated August 3, 2009, pp. 1 and 2).

Mattel, Inc. ("Mattel") opposes this request on the grounds that (1) Mr. Kadisha has been compelled to sit for his deposition on two prior occasions, (2) Mattel has sought Mr. Kadisha's deposition for several months, (3) Mr. Kadisha has been aware that he must be deposed for a substantial period of time, (4) Mr. Kadisha had ample time to resolve any scheduling issues, (5) any hardship imposed on Mr. Kadisha is one of his own making and (6) Mattel will be prejudiced by any additional delay. (Letter from Michael Zeller to Robert C. O'Brien dated August 3, 2009, pp. 1 – 3). Mattel further requests that the Discovery Master issue an Order to Show Cause why coercive sanctions should not be imposed and why Mr. Kadisha should not be sanctioned in the amount of $10,000 for each day he fails to appear beyond the current deadline of August 13, 2009. (*Id.*, pp. 3 and 4).

The Discovery Master finds that good cause exists to extend Mr. Kadisha's deadline to sit for his deposition to the week of August 24, 2009 and that Mattel will not suffer any irreparable harm by this short delay. Counsel for Neil Kadisha shall immediately meet and confer with Mattel's counsel to determine a mutually agreeable date within the week of August 24, 2009 for Mr. Kadisha's deposition. If no such agreement can be reached, Mattel may select a date between August 24, 2009 and August 28, 2009 on which it wishes to proceed with the deposition. Absent extraordinary circumstances, Mr. Kadisha will be sanctioned if he fails to appear for his deposition as required by this Order. In addition, Mr. Kadisha is ordered to review his deposition testimony and make any changes thereto within ten court days of receiving the deposition transcript.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

ORDER NO. 44
[Case No. CV 04-09049 SGL (RNBx)]

Exhibit 3
Page 31

## II.   EXTENSION OF TIME FOR MATTEL TO OPPOSE MGA'S MOTION TO COMPEL

On August 3, 2009, Mattel requested an extension of three court days in which to file its opposition to MGA Entertainment, Inc.'s ("MGA") Motion to Compel Further Responses to MGA's First Set of Phase 2 Interrogatories and Second Set of Requests for Production ("Opposition"). (Letter from Michael Zeller to Robert C. O'Brien dated August 3, 2009, pp. 1 and 3). Mattel admits that the deadline to file its Opposition has passed but claims that a calendaring error accounts for the mistake. (*Id.*, p. 1). It further argues that an extension is warranted because it needs the time to obtain declarations supporting its Opposition. (*Id.*).

MGA opposes the request for an extension because, among other things, (1) it was made after the Opposition was due, (2) it is difficult to fathom that a calendaring error occurred, (3) MGA needs the information sought by the motion to compel, and (4) Mattel has refused to grant extensions to MGA when desperately needed, including with respect to some documents that must be produced for *in camera* review today (i.e., August 4). (Letter from Annette Hurst to Robert C. O'Brien dated August 3, 2009, pp. 1 – 3).

The Discovery Master finds that good cause exists to extend Mattel's deadline to file the Opposition to August 5, 2009 and that MGA will not suffer any irreparable harm by this short delay. The Discovery Master also reminds MGA that if additional time is warranted for it to comply with any discovery issues or discovery orders, including with respect to producing documents for *in camera* review today (i.e., August 4), it may seek relief from the Discovery Master.

Dated:     August 4, 2009

By:       /s/ Robert C. O'Brien
          ROBERT C. O'BRIEN
          Discovery Master

EXHIBIT 4

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 5

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3180**

WRITER'S INTERNET ADDRESS
**michaelzeller@quinnemanuel.com**

August 19, 2009

**BY EMAIL**

Discovery Master Robert C. O'Brien, Esq.
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Re:    Mattel, Inc. adv. MGA Entertainment

Dear Mr. O'Brien:

I am writing to further to the telephonic hearing that took place last Friday, August 14, 2009 during the Court-ordered deposition of Leon Neman.

As you recall, I initiated the call to seek the Discovery Master's direction regarding Mr. Neman's counsel's instructions during the deposition not to answer questions on purported grounds other than privilege or work product. You indicated that the deposition should proceed, subject to the protective order in the case, that Mr. Neman's counsel should limit instructions not to answer to those based on privilege or work product and that at the deposition's conclusion Mr. Neman should file a motion as to any questions believed to be improper. You required Mr. Neman to serve any such motion by no later than this morning and that Mattel respond by Monday, August 24, 2009 and set the matter for hearing on Tuesday, August 25, 2009. The Discovery Master directed that no party could use the deposition for any purpose pending resolution.

As of 2:00 p.m. this afternoon, however, Mattel had not received any such motion from Mr. Neman. Accordingly, I sent an email to his counsel advising them that Mattel had not received any motion and asking when Mattel could expect to receive it. (A copy of my email to Mr. Gordinier and Mr. Villar is attached.) As of this writing Wednesday evening, I have received no response to my email, and Mattel has not received any motion from Mr. Neman regarding the deposition.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100

CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL 60606 | TEL (312) 463-2961 FAX (312) 463-2962

LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100

TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

Exhibit 5
Page 301

Given that the deadline for Mr. Neman's motion has passed and no motion has been served, and to avoid any dispute or controversy regarding the subsequent use of the deposition, we request the Discovery Master's confirmation that Mattel is entitled to use the deposition for any purpose, consistent with an appropriate designation of the testimony under the protective order in this case.

Thank you for your continuing attention to this matter.

Very truly yours,

Michael T. Zeller

cc:    Annette L. Hurst, Esq.
       Jason Russell, Esq.
       Peter N. Villar, Esq.
       Drew Hansen, Esq.

07975/2995442.2

2

Exhibit 5
Page 302

**Michael T Zeller**

| | |
|---|---|
| **From:** | Michael T Zeller |
| **Sent:** | Wednesday, August 19, 2009 2:09 PM |
| **To:** | 'Gordinier, Todd E.'; 'Villar, Peter N.' |
| **Cc:** | 'Hurst, Annette'; 'Russell, Jason D'; Tamar Buchakjian; John Quinn |
| **Subject:** | Mattel adv. MGA |

Dear counsel, Mr. O'Brien directed that your service of any protective order motion or motion to strike in connection with Mr. Neman's deposition be served no later than this morning today. We have not yet received such a motion, however. Please let me know when we can expect it. Thanks in advance.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit 5
Page 303

EXHIBIT 6

----- Original Message -----
From: O'Brien, Robert <obrien.robert@arentfox.com>
To: Michael T Zeller; Hansen, Drew <hansen.drew@arentfox.com>
Cc: 'todd.gordinier@bingham.com' <todd.gordinier@bingham.com>; 'Hurst, Annette'
<ahurst@orrick.com>; 'peter.villar@bingham.com' <peter.villar@bingham.com>; 'Russell,
Jason D' <Jason.Russell@skadden.com>
Sent: Thu Aug 20 18:19:37 2009
Subject: RE: Mattel adv. MGA

Dear Counsel:

During the telephonic hearing conducted last Friday, I ordered Leon Neman to file and
serve a motion regarding any deposition questions that he believed were improper by August
19, 2009.  Because I have not received any such motion, Mattel is entitled to use the
deposition testimony of Mr. Neman in any manner consistent with the Protective Order
entered in this case and, of course, the FRCP, Local Rules and other orders in this case.

Best,
Robert C. O'Brien


Robert C. O'Brien
Partner

Arent Fox LLP | Attorneys at Law
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
213.629.7400 Direct 213.629.7401 Fax
obrien.robert@arentfox.com | www.arentfox.com


CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and
confidential use of the intended recipient. If you received this in error, please do not
read, distribute, or take action in reliance upon this message. Instead, please notify us
immediately by return e-mail and promptly delete this message and its attachments from
your computer system. We do not waive attorney-client or work product privilege by the
transmission of this message.

From: Michael T Zeller [michaelzeller@quinnemanuel.com]
Sent: Wednesday, August 19, 2009 10:30 PM
To: O'Brien, Robert; Hansen, Drew
Cc: 'todd.gordinier@bingham.com'; 'Hurst, Annette'; 'peter.villar@bingham.com'; 'Russell,
Jason D'
Subject: Mattel adv. MGA

Please see the attached correspondence.  Best regards.


Michael T. Zeller

1

Exhibit 6
Page 304

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com<mailto:michaelzeller@quinnemanuel.com>
Web:  www.quinnemanuel.com<blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.


IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we
inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained
in this communication (including any attachments) is not intended or written to be used,
and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue
Code or (ii) promoting, marketing or recommending to another party any transaction or
matter addressed herein.

Exhibit 6
Page 305

EXHIBIT 7

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**CHICAGO**
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**TOKYO**
Akasaka Twin Tower Main Bldg., 6th Fl.
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   July 30, 2009

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Annette Hurst<br>Orrick, Herrington & Sutcliffe LLP | (415) 773-5700 | (415) 773-5759 |

**FROM:**   Debbie Yeh

**RE:**   Mattel v. MGA

**MESSAGE:**

Please see the attached letter from Marshall M. Searcy III.

| CLIENT # | 07975 | ROUTE/<br>RETURN TO: | Debbie Yeh | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | Priscilla | CONFIRMED? | ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

Exhibit 7
Page 306

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street. 10th Floor, Los Angeles, California  90017 | TEL: (213) 443-3000  FAX: (213) 443-3100

July 30, 2009

VIA FACSIMILE AND E-MAIL

Annette Hurst, Esq.
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

Re:     Mattel v. MGA

Dear Annette:

Under the Discovery Master's Order No. 34, MGA was obligated to provide Issac Larian's hard drives for supplemental inspection by no later than July 28.  We have yet to receive these drives. Please let us know if we will be receiving them today, or if instead, MGA intends to continue violating the Discovery Master's Order.

Very truly yours,

/s/ Marshall M. Searcy III

Marshall M. Searcy III

07975/3031778.1

**quinn emanuel urquhart oliver & hedges, llp**
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY  10010 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA  94111 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA  94065 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL  60606 | TEL (312) 463-2961  FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711  FAX +81 3 5561-1712

Exhibit 7
Page 307

EXHIBIT 8



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

July 31, 2009

Theresa A. Sutton
(650) 614-7307
tsutton@orrick.com

*VIA ELECTRONIC MAIL: MARSHALLSEARCY@QUINNEMANUEL.COM
AND VIA FACSIMILE: (213) 443-3100*

Marshall M. Searcy, III, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 19th Floor
Los Angeles, CA 90017

Re:   Carter Bryant v. Mattel, Inc. and consolidated actions

Dear Marshall:

I am writing in response to your July 30, 2009, letter regarding the supplemental production of Mr. Larian's hard drives, pursuant to the Discovery Master's Order No. 34. Thank you for bringing this matter to our attention. We are working as quickly as possible to bring MGA and Mr. Larian into compliance with the Order, and expect to be able to make the responsive images available to Mattel's consultant for inspection no later than Friday, August 8, 2009, at the offices of Stroz Friedberg. The inspection shall be governed by Order No. 34, and the parties' April 22, 2008, stipulated protocol. Please confirm in writing that Mattel will adhere to the stipulated protocol.

If you have any questions, please call me.

Sincerely yours,

Theresa A. Sutton

cc:   Annette Hurst, Esq.
      Mike Zeller, Esq.

Exhibit 8
Page 308

EXHIBIT 9

**Cyrus Naim**

| | |
|---|---|
| **From:** | Hurst, Annette [ahurst@orrick.com] |
| **Sent:** | Monday, August 10, 2009 5:37 PM |
| **To:** | Marshall Searcy |
| **Cc:** | Sutton, Theresa A.; Michael T Zeller |
| **Subject:** | RE: Larian Hard Drive Supplemental Production |

Mr. Searcy:

Allow me to make one more attempt at this in an effort to avoid further motion practice on this issue. As we've stated, we are ready to make the supplemental production of the Larian hard drives, and have been since the middle of last week. Because you have refused to agree that the stipulated protocol applies, we have some concern whether the parties are on the same page regarding the manner in which this inspection will be conducted. We understand that it will be conducted in the same fashion as the prior inspection, and that Order No. 34 incorporates the key elements of the prior stipulated protocol in that it requires the following:

1.   That 42 LLC's representatives shall inspect the drives on the premises designed by the MGA Parties for inspection (and shall not seek to remove them);

2.   That 42 LLC's representatives shall provide any materials that it wishes to copy to us first for a privilege and privacy review;

Additionally, we view it as quite reasonable and necessary

3.   That 42 Consulting agree (as it must have with the protective order) to be bound to a court order in order that we may ensure its independent compliance, so that the MGA Parties are not limited in any fashion to seeking relief against Mattel. In that vein, please provide 42 Consulting's signed express acknowledgement to be bound by the protective order as well.

Please let us know if you disagree.

Further, as to your contention that any objection to 42 LLC is waived, we disagree. We are continuing to evaluate that issue, and reserve all rights in that regard.

Sincerely,
Annette Hurst

---

**From:** Marshall Searcy [mailto:marshallsearcy@quinnemanuel.com]
**Sent:** Thursday, August 06, 2009 6:08 PM
**To:** Hurst, Annette
**Cc:** Sutton, Theresa A.; Michael T Zeller
**Subject:** RE: Larian Hard Drive Supplemental Production

Dear Ms. Hurst,

As with the prior inspection, our consultant 42, LLC, will conduct the supplemental Larian hard drive inspection. As to the additional conditions MGA would seek to place on 42, they are not called for by Order No. 34 and are inappropriate. Indeed, considering that 42 conducted the first inspection of Mr. Larian's hard drives, the time for MGA to object to Mattel's designation of 42 lapsed long ago.

---

**From:** Hurst, Annette [mailto:ahurst@orrick.com]
**Sent:** Thursday, August 06, 2009 9:13 AM
**To:** Marshall Searcy
**Cc:** Sutton, Theresa A.; Michael T Zeller
**Subject:** Larian Hard Drive Supplemental Production

Exhibit 9
Page 309

Mr. Searcy:

Please identify the name of the consultant whom Mattel proposes will conduct the inspection pursuant to Order No. 34, as required by paragraph 2 on page 12 of the Order. We also request that you provide an undertaking by the consultant acknowledging the terms of and agreeing independently to be bound by the terms of that Order. Once we have been provided the undertaking and confirmed that there is no objection to the consultant, we are prepared to proceed pursuant to the terms of Order No. 34.

Sincerely yours,
Annette Hurst



ORRICK

**ANNETTE L. HURST**
*Partner*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
SAN FRANCISCO

*tel* (415) 773-4585
*fax* (415) 773-5759
ahurst@orrick.com

www.orrick.com

"EMF <orrick.com>" made the following annotations.
----------------------------------------------------------------------
======================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


======================================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
======================================================================

Exhibit 9
Page 310

EXHIBIT 10

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

August 11, 2009

<u>VIA E-MAIL AND FACSIMILE</u>

Annette Hurst, Esq.
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Annette:

I write in response to your August 10 email to Marshall Searcy regarding MGA's failure to produce hard drives for inspection as ordered by Phase 2 Discovery Matter Order No. 34.

As you know, MGA is out of compliance with Order No. 34, and has been so since July 28. MGA's attempts to belatedly impose conditions on its production of Mr. Larian's hard drives do not excuse MGA's ongoing non-compliance with a Court Order.

Nevertheless, in an effort to avoid further delays in MGA's compliance with its ordered obligations, we address each of MGA's three purported conditions on compliance below.

Condition 1: "That 42 LLC's representatives shall inspect the drives on the premises designated by the MGA Parties for inspection (and shall not seek to remove them)". Order No. 34 provides that "[t]he inspection may take place at a location of Larian's choosing in this District, so long as the minimum requirements necessary to inspect and create a forensically sound image of the produced hard drives" are provided. We have always expected this to be the case as the language of the Order provides and have never suggested otherwise. Likewise, we have never

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

07975/3049328.1

Exhibit 10
Page 311

asserted that 42 LLC would remove the drives from the location chosen by Larian, nor would 42 LLC remove them absent further Court Order or agreement of the parties. Accordingly, these are and always were non-issues.

Condition 2:   "That 42 LLC's representatives shall provide any materials that it wishes to copy to us first for a privilege and privacy review". We have no objection to MGA reviewing the materials for privilege before they are turned over to Mattel. Pursuant to the terms of the prior protocol, following 42 LLC's review of the hard drives, 42 LLC shall provide to MGA print outs of all recovered files containing user-generated content so that MGA may identify privileged documents, if any, and prepare a privilege log. However, nothing in the Order, or in the protocol that was in place previously, permits MGA to conduct any "privacy" review. MGA's belated addition of this extraneous condition is improper and unacceptable. Indeed, Judge Larson, the current Discovery Master and the prior Discovery Master all have repeatedly rejected MGA's efforts to withhold discovery based on purported "privacy" claims.

Condition 3:   "That 42 Consulting agree (as it must have with the protective order) to be bound to a court order in order that we may ensure its independent compliance, so that the MGA Parties are not limited in any fashion to seeking relief against Mattel. In that vein, please provide 42 Consulting's signed express acknowledgement to be bound by the protective order as well." Previously, MGA had demanded that 42 LLC provide an "undertaking" in this regard as well. These conditions are -- as you acknowledge -- neither within the scope of the Order nor contained within the prior protocol which MGA has insisted governs. Nevertheless, to avoid further disputes and further prolonging MGA's production we are willing to consider this proposal, but we frankly do not understand it. What exactly does MGA want 42 LLC to agree to?

As we have stated before, we obviously intend to, and will, comply with the Court's Orders regarding the inspection. To be clear, however, as you know we do not agree with the ruling prohibiting Mattel from reviewing active files, and that issue is presently before Judge Larson. To the extent MGA is asking Mattel to agree to waive any rights it may have regarding such a review, including the right to continue to pursue such a review, we of course are not willing to so agree.

I am hopeful that we can resolve this matter promptly and obtain a prompt (if overdue) production of the drives. I look forward to hearing from you soon to finalize this matter. Please understand, however, that Mattel cannot await MGA's ordered production indefinitely, and will take measures to obtain additional relief from the Court if we cannot resolve this matter promptly.

Very truly yours,

B. Dylan Proctor

EXHIBIT 11

**From:** Dylan Proctor
**To:** 'ahurst@orrick.com' <ahurst@orrick.com>
**Cc:** Michael T Zeller; Marshall Searcy; 'wmolinski@orrick.com' <wmolinski@orrick.com>; 'tsutton@orrick.com'
<tsutton@orrick.com>; 'cchaudoir@orrick.com' <cchaudoir@orrick.com>
**Sent:** Mon Aug 17 20:03:53 2009
**Subject:** Re: Larian hard drive supplemental production

Annette,

In my letter of August 11, I confirmed that Mattel's expert will agree to be bound by the terms of Discovery Order No. 34, unless modified by the Court, so the issue raised in your e-mail really seems to be a red herring. MGA is out of compliance with the Order, and should have already produced the hard drives that were ordered to be produced weeks ago.

Indeed, MGA has raised this issue more than 2 weeks after the July 28 deadline by which it was to provide Mr. Larian's hard drives for inspection, and MGA's questions about the briefing on Mattel's motion to preclude seem aimed at creating further unnecessary delay. Mattel sought to preclude MGA from criticizing Mattel's expert for not reviewing active user files which, at MGA's insistence, he was not allowed to review. Alternatively, we requested that the Court overrule Discovery Order No. 34 insomuch as our expert should be allowed to review active user files. We were not asking the Court to modify the May protocol, so neither party discussed it.

In any event, to prevent any further delay or purported confusion on MGA's part, we hereby confirm that Mattel's expert will abide by the May protocol between the parties, with the proviso that, if the Court overrules Discovery Order No. 34 and orders that Mattel's expert is allowed to review active user files, then Mattel's expert will expect to review such files. Please send the "undertaking," promised almost a week ago, so that our expert may begin to review the hard drives which you say are now ready for inspection.

Best regards--

Exhibit 11
Page 313

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Hurst, Annette <ahurst@orrick.com>
**To:** Dylan Proctor
**Cc:** Michael T Zeller; Marshall Searcy; Molinski, William <wmolinski@orrick.com>; Sutton, Theresa A. <tsutton@orrick.com>; Chaudoir, Christopher <cchaudoir@orrick.com>
**Sent:** Sun Aug 16 20:17:57 2009
**Subject:** Larian hard drive supplemental production

Dylan:

You sent a letter the other day following up on the Larian hard drive supplemental inspection, and we appreciate the clarification and had drafted an undertaking as you suggested. In the meantime we discovered the May protocol, which as you know has also been under discussion in connection with other matters. It is now our understanding that the April 2008 protocol was a proposal rejected by MGA, and that the May 2008 protocol was what was agreed between the parties and ultimately applied to govern the actual inspection of the Larian hard drives.

We're confused about why the May protocol wasn't mentioned in the Larian hard drive motion currently pending in front of Judge Larson, and also are confused about whether Mattel agrees that it applies under Discovery Master Order No. 34 to govern the manner of the supplemental production for inspection. This is not a stall, the hard drives are ready to go as soon as we get this all cleared up. We are just genuinely concerned in light of the course of events that this is one instance where our status as new counsel coming into a case with a lot of history may have caused us to overlook something relevant (and significant, given the subject matter).

Would you please explain how Mattel views the applicability of the May 2008 protocol as the proper steps to be followed?

Would Mattel also provide an explanation as to why it included only the April proposal and not the May stipulated protocol in its Motion? If there was an oversight by both parties, then I do think we should correct this with the Court so it has all of the relevant information in connection with the hearing on August 31.

We're happy to discuss these issues further at your convenience.

Thanks.

Annette



O R R I C K

ANNETTE L. HURST
*Partner*

ORRICK, HERRINGTON & SUTCLIFFE LLP
SAN FRANCISCO

Exhibit 11
Page 314

*tel* (415) 773-4585
*fax* (415) 773-5759
ahursi@orrick.com
www.orrick.com


"EMF <orrick.com>" made the following annotations.
-------------------------------------------------------------------------
=========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


=========================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
=========================================================
=================================================================

Exhibit 11
Page 315

EXHIBIT 12

Page 1 of 4

**From:** Sutton, Theresa A. <tsutton@orrick.com>
**To:** Dylan Proctor
**Cc:** Michael T Zeller; Marshall Searcy; Molinski, William <wmolinski@orrick.com>; Chaudoir, Christopher <cchaudoir@orrick.com>; Hurst, Annette <ahurst@orrick.com>
**Sent:** Wed Aug 19 15:37:54 2009
**Subject:** RE: Larian hard drive supplemental production

Dylan-

I have attached an undertaking for 42 LLC to sign prior to its inspection pursuant to Order No. 34.

Once 42 LLC executes the attached, please have 42 LLC contact Steve Kim at Stroz Friedberg to arrange a time to begin the inspection.  His phone number is 310.623.3306.

Theresa



**O R R I C K**

*Theresa A. Sutton*
*Orrick, Herrington & Sutcliffe LLP*

8/23/2009

Exhibit 12
Page 316

Page 2 of 4

*Silicon Valley Office*
*1000 Marsh Road, Menlo Park, CA 94025*
*650.614.7307 (Voice)*
*650.614.7401 (Fax)*
*tsutton@orrick.com*
*www.orrick.com*

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Monday, August 17, 2009 8:04 PM
**To:** Hurst, Annette
**Cc:** Michael T Zeller; Searcy, Marshall; Molinski, William; Sutton, Theresa A.; Chaudoir, Christopher
**Subject:** Re: Larian hard drive supplemental production

Annette,

In my letter of August 11, I confirmed that Mattel's expert will agree to be bound by the terms of Discovery Order No. 34, unless modified by the Court, so the issue raised in your e-mail really seems to be a red herring. MGA is out of compliance with the Order, and should have already produced the hard drives that were ordered to be produced weeks ago.

Indeed, MGA has raised this issue more than 2 weeks after the July 28 deadline by which it was to provide Mr. Larian's hard drives for inspection, and MGA's questions about the briefing on Mattel's motion to preclude seem aimed at creating further unnecessary delay. Mattel sought to preclude MGA from criticizing Mattel's expert for not reviewing active user files which, at MGA's insistence, he was not allowed to review. Alternatively, we requested that the Court overrule Discovery Order No. 34 insomuch as our expert should be allowed to review active user files. We were not asking the Court to modify the May protocol, so neither party discussed it.

In any event, to prevent any further delay or purported confusion on MGA's part, we hereby confirm that Mattel's expert will abide by the May protocol between the parties, with the proviso that, if the Court overrules Discovery Order No. 34 and orders that Mattel's expert is allowed to review active user files, then Mattel's expert will expect to review such files. Please send the "undertaking," promised almost a week ago, so that our expert may begin to review the hard drives which you say are now ready for inspection.

Best regards--

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Hurst, Annette <ahurst@orrick.com>
**To:** Dylan Proctor
**Cc:** Michael T Zeller; Marshall Searcy; Molinski, William <wmolinski@orrick.com> ; Sutton, Theresa A. <tsutton@orrick.com> ; Chaudoir, Christopher <cchaudoir@orrick.com>

8/23/2009

Exhibit 12
Page 317

**Sent:** Sun Aug 16 20:17:57 2009
**Subject:** Larian hard drive supplemental production

Dylan:

You sent a letter the other day following up on the Larian hard drive supplemental inspection, and we appreciate the clarification and had drafted an undertaking as you suggested. In the meantime we discovered the May protocol, which as you know has also been under discussion in connection with other matters. It is now our understanding that the April 2008 protocol was a proposal rejected by MGA, and that the May 2008 protocol was what was agreed between the parties and ultimately applied to govern the actual inspection of the Larian hard drives.

We're confused about why the May protocol wasn't mentioned in the Larian hard drive motion currently pending in front of Judge Larson, and also are confused about whether Mattel agrees that it applies under Discovery Master Order No. 34 to govern the manner of the supplemental production for inspection. This is not a stall, the hard drives are ready to go as soon as we get this all cleared up. We are just genuinely concerned in light of the course of events that this is one instance where our status as new counsel coming into a case with a lot of history may have caused us to overlook something relevant (and significant, given the subject matter).

Would you please explain how Mattel views the applicability of the May 2008 protocol as the proper steps to be followed?

Would Mattel also provide an explanation as to why it included only the April proposal and not the May stipulated protocol in its Motion? If there was an oversight by both parties, then I do think we should correct this with the Court so it has all of the relevant information in connection with the hearing on August 31.

We're happy to discuss these issues further at your convenience.

Thanks.

Annette



O R R I C K

**ANNETTE L. HURST**
*Partner*
ORRICK, HERRINGTON & SUTCLIFFE LLP
SAN FRANCISCO
*tel* (415) 773-4585
*fax* (415) 773-5759
ahurst@orrick.com

www.orrick.com

"EMF <orrick.com>" made the following annotations.
--------------------------------------------------------------------------
==========================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.

8/23/2009

Exhibit 12
Page 318

Page 4 of 4

===========================================================

NOTICE TO RECIPIENT:   THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.   IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.   PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
===========================================================
==================================================================

## AGREEMENT TO BE BOUND
## BY ORDER NO. 34 AND SUBSEQUENT ORDERS RELATED TO THE
## INSPECTION OF HARD DRIVES USED BY ISAAC LARIAN

WHEREAS, the Discovery Master has issued Order No. 34 in *Carter Bryant v. Mattel, Inc.* and consolidated cases, Case No. CV 04-09049 SGL (RNBx) (the "Litigation"), requiring the supplemental inspection of hard drives used by Isaac Larian any time from February 28, 2008 to May 18, 2009;

WHEREAS, the parties to the Litigation have entered into a May 12, 2008 Stipulated Protocol governing the inspection of hard drives used by Mr. Larian;

WHEREAS, Mattel, Inc. has engaged 42 LLC to perform the inspection permitted by Order No. 34 and governed by the Protocol;

WHEREAS, 42 LLC is not a party to the Litigation;

42 LLC agrees as follows:

a) 42 LLC is bound by Order No. 34 and the Protocol. A copy of the Protocol is attached hereto as Exhibit A.

b) 42 LLC is bound by any further order issued by the Court in the Litigation or any Discovery Master appointed therein.

c) 42 LLC will execute Exhibit A – Assurance of Compliance to the parties' Stipulated Protective Order and abide by the terms therein governing the use and disclosure of Confidential -- Attorneys' Eyes Only information. A copy of the Protective Order is attached hereto as Exhibit B.

d) Any person engaged or otherwise retained by 42 LLC to perform work pursuant to Order No. 34, the Protocol or any related subsequent orders will consent in writing to be bound by this Agreement, prior to beginning his or her inspection of hard drives used by Isaac Larian.

e) 42 LLC and any other person who executes this Agreement pursuant to subsection (d) consent to the exclusive jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Agreement, enjoining any violation or threatened violation of this Agreement, or seeking damages for the breach of said Agreement.

Dated:_____          _____
                                          42 LLC

Exhibit 12
Page 320

# Exhibit A

OHS West:260138169.1

Exhibit 12
Page 321

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

May 12, 2008

<u>VIA FASCIMILE AND U.S. MAIL</u>

Lance A. Etcheverry
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, California 90071-3144

Re:    <u>Bryant vs. Mattel, Inc.</u>

Dear Lance:

I write regarding Mr. Isaac Larian's hard drives. I have set forth below what I believe to be the agreement that we reached.

1.       On a mutually agreeable date no later than May 9, 2008, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") will make available those hard drives responsive to the Court's Order compelling production of Isaac Larian's hard drives.

2.       The hard drives will be made available to Mattel's consultant, 42, LLC ("42") at the offices of Skadden's consultant, Stroz Friedberg LLC ("Stroz"), located at 1925 Century Park East, Suite 1350, Los Angeles, California 90067.

3.       Prior to commencing any work with respect to the hard drives, 42 and Stroz shall execute and agree to be bound by the Protective Order in the *Bryant v. Mattel* litigation. Stroz shall make forensically sound images of the hard drives (the "Hard Drive Images") in the presence of 42. The hard drives and the Hard Drive Images shall remain in the possession of Stroz at all times. Stroz, however, shall make the Hard Drive Images available to 42 for inspection at a mutually convenient time. Within ten (10) days of completion of the analyses authorized by this agreement, Stroz shall return to Skadden its client's hard drives. Stroz shall maintain a copy of the Hard Drive Images until final resolution of the *Bryant v. Mattel* case and the cases

quinn emanuel urquhart oliver & hedges, llp

07209/2500970.17209/2499079.1 | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Exhibit 12
Page 322

consolidated therewith and Skadden shall preserve the hard drives in their forensically intact form for the same duration. "Final resolution" shall mean entry of a non-appealable judgment or order dismissing all of the consolidated cases or thirty-days after the time to appeal or to seek relief from any judgment or order resolving the consolidated cases has lapsed and no appeal is taken or relief sought. At the time of final resolution, Mattel, its counsel and 42 shall comply with the terms of the Protective Order for destruction of any Hard Drive Information (as defined below), or other information regarding the hard drives or their contents, that remains in their possession.

4.      Stroz shall be allowed to observe every aspect of the inspection of the Hard Drive Images . At no time shall Stroz interfere with or otherwise hinder the inspection, and if at any time 42 representatives are not present and an automated search or inspection process is being run (such as overnight), then Stroz shall not take any steps to interfere with, affect, inspect, access or use the hardware or software running such process. Nothing herein shall limit in any way the ability of Stroz to take steps necessary to prevent any unauthorized inspection by 42, including, among other things, any attempt by 42 to gain access to the user-generated content on the Hard Drive Images other than as permitted herein. Should there be a disagreement between Stroz and 42 as to the propriety of any action taken by either of them, then all then-pending analyses shall cease immediately until the disagreement is resolved by counsel for Mattel and counsel for MGA, and/or the Court.

5.      With respect to the Hard Drive Images, 42 may inspect them for any and all agreed-upon information (the "Hard Drive Information"). 42 agrees not to access the content of any user-created data, except with respect to data residing in unallocated space which the parties agree cannot be inspected otherwise, and except as set forth herein.

(a)      Hard Drive Information available for inspection shall include:

(i)      information relating to the manufacture date and first use of each hard drive;

(ii)      all available metadata and file information about recoverable deleted documents or files for which there remains an entry in the File System that refer or relate to Bratz, Angel or Carter Bryant., including without limitation:

(A)      whether, when and by whom any such information was deleted, destroyed, written over, lost, exported, moved, or otherwise rendered inaccessible or unreadable;

(B)      whether, when and by whom any attempts were made to delete, destroy, write over, export, move or otherwise render inaccessible or unreadable any such information on the hard drives;

(C)      the current or past presence or use of any hardware or software tool to accomplish any of the actions identified above; and

(D)      whether any information deleted, destroyed, written over, lost, exported, moved or otherwise rendered inaccessible or unreadable may be recovered; and

Exhibit 12
Page 323

(iii)    data residing in unallocated space that refers or relates to Bratz, Angel or Carter Bryant.

(b)    42 shall inspect the Hard Drive Images for Hard Drive Information using search terms and parameters that Mattel will provide them. The parties anticipate that these terms and parameters will be specifically designed to identify the universe of Hard Drive Information only. 42 will act in good faith to avoid inspection of any data other than Hard Drive Information, and specifically, with respect to data residing in unallocated space, will only inspect to the extent necessary to give context on either side of any search term hit. Except for such Hard Drive Information returned to 42 under Section 6(d) below, 42 shall not reveal to anyone (including Mattel or its counsel) any user-generated content, other than such Hard Drive Information that 42 is permitted under the terms of this agreement to reveal to Mattel or its counsel, that it may view during the course of its inspection(s) of the Hard Drive Images. Notwithstanding the foregoing, non-user generated content relating to the Hard Drive Images may be shared with counsel for Mattel without prior review by Skadden unless the consultants cannot agree whether specific information is non-user generated content. In that circumstance, counsel shall meet and confer in good faith to agree whether the disputed information is non-user generated or user-generated content.

(c)    42 shall then provide to Skadden in electronic native format all recovered user-generated Hard Drive Information so that Skadden may identify non-responsive and privileged information, if any, and prepare a redaction or privilege log if necessary. With respect to Hard Drive Information comprised of data residing in unallocated space, 42 will provide every byte of data surrounding a search term hit that was inspected for context.

(d)    Within ten (10) days of the time that Skadden receives the recovered Hard Drive Information in electronic native format – a time frame that shall be extended for a reasonable length of time upon request depending on the volume of recovered Hard Drive Information – Skadden will return to 42 any responsive, non-privileged Hard Drive Information recovered from the Hard Drive Images. At that time, Skadden shall serve Mattel with a redaction or privilege log identifying any recovered Hard Drive Information withheld as privileged.

6.    If any issue or question arises regarding the authenticity, correctness, integrity or completeness of the Hard Drive Information, then the parties shall meet and confer to resolve the issue and/or discuss whether any additional inspection is necessary. To the extent the parties are unable to resolve any issue or question, or to agree upon whether and the extent to which additional inspection is necessary, the parties reserve their rights to petition the Court to resolve the dispute. Nothing herein shall be deemed a consent or acquiescence by MGA or Isaac Larian to any inspection by Mattel beyond the terms of this agreement. Nor shall anything herein be deemed an acknowledgment by MGA or Isaac Larian that the hard drives or any information contained therein are responsive to any discovery requests or subpoenas in the *Bryant v. Mattel* litigation.

7.    The Parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on

any hard drive, or (b) the conduct, notes, searches, search terms, communications or any other act performed by any consultant or attorney in connection with the Hard Drive Images.

Should you have any questions regarding the foregoing, please do not hesitate to call.

Sincerely,

Jon Corey

4

Exhibit 12
Page 325

# Exhibit B

Exhibit 12
Page 326

OHS West:260138169.1

ORIGINAL

LODGED

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 90378)
Michael T. Zeller (Bar No. 196417)
3 | Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
4 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
5
6 | Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.
7

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2005

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

8 | UNITED STATES DISTRICT COURT
9 | CENTRAL DISTRICT OF CALIFORNIA
10
11 | MATTEL, INC., a Delaware
Corporation,
12
Plaintiff,
13
v.
14
15 | CARTER BRYANT, an individual; and
DOES 1 through 10, inclusive,
16
Defendants.
17
18 | CARTER BRYANT, on behalf of
himself, all present and former
19 | employees of Mattel, Inc., and the
general public,
20
Counter-Claimant,
21
v.
22 | MATTEL, INC., a Delaware
Corporation,
23
Counter-Defendant.
24
25
26
27
28

CASE NO. CV 04-9059 NM (RNBx)

STIPULATED PROTECTIVE ORDER; AND

[PROPOSED] ORDER

[Discovery Matter]

DOCKETED ON CM

JAN - 5 2005

BY ____ 006



Exhibit 12
Page 327

# GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)   Personnel files and other private or confidential employment, contractor or vendor information;

Exhibit 12
Page 328

1      (2)    The specific terms of agreements with, and information received

2 from, third parties that a Party is required to disclose only under conditions of

3 confidentiality;

4      (3)    Personal or private financial information, and confidential

5 financial data that is not known generally to the trade or to competitors, including

6 financial data relating to specific sales, cost and profit information for specific

7 products and product lines; and

8      (4)  ·  Business plans and product information that are not known

9 generally to the trade or to competitors, including non-public information relating to

10 product development and design.

11

12      WHEREFORE, believing that good cause exists, the Parties HEREBY

13 STIPULATE that, subject to the Court's approval, the following procedures shall be

14 followed in this Action to facilitate the orderly and efficient discovery of relevant

15 information while minimizing the potential for unauthorized disclosure or use of

16 confidential or proprietary information:

17

18                __SCOPE OF THIS ORDER__

19

20      1.    This Protective Order shall apply to trade secret, confidential and

21 proprietary information, documents and things that are produced or disclosed in any

22 form during the course of the Action by any Party or any nonparty:

23      (a)    through discovery;

24      (b)    in any pleading, document or other writing; or

25      (c)    in testimony given at a deposition.

26 (The foregoing information, documents and things shall be referred to hereinafter

27 collectively as "Litigation Materials.")

28

Exhibit 12
Page 329

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2.     Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

3.     A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)     Documents or Things.     "CONFIDENTIAL"   or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

Exhibit 12
Page 330

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b) <u>Interrogatory Answers and Responses to Requests for Admissions.</u> In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c) <u>Deposition Testimony.</u>  Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony.  The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

Exhibit 12
Page 331

A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL". or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given. Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

Exhibit 12
Page 332

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)     Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)     Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

Exhibit 12
Page 333

1  be fully subject to this Protective Order. No Party shall incur liability for any

2  disclosures made prior to notice of such designation, except to the extent that

3  any such disclosures occurred prior to the seven (7) day period described above

4  or prior to such other time periods as are provided by this Protective Order,

5  including without limitation such time periods as are provided in Paragraph

6  3(c) above.

7

8  <u>RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS</u>

9

10      4.    Any Litigation Materials produced or disclosed in this Action,

11  whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL --

12  ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such

13  information for purposes of litigation and not for any other purpose, including

14  without limitation for any business or trade purpose. As used herein, the term

15  "litigation" shall mean preparation for, participation in and prosecution and defense

16  of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in

17  connection with any mediation or other alternative dispute resolution procedure that

18  this or any other court may order or that the Parties may agree to.

19      5.    Subject to Paragraph 7 herein, and unless as otherwise ordered by

20  the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be

21  disclosed to any person other than:

22      (a)    the attorneys for the Parties and their partners, shareholders,

23  associates, document clerks and paralegals who are necessary to assist such

24  attorneys;

25      (b)    secretaries, stenographers and other office or clerical

26  personnel employed by said attorneys and who are necessary to assist such

27  attorneys;

28

Exhibit 12
Page 334

1          (c)    a named Party or officers or employees of a named Party,

2    to the extent deemed necessary by their respective attorneys for purposes

3    assisting in litigation;

4          (d)    the authors, senders, addressees and designated copy

5    recipients of any document or thing which has been designated as

6    "CONFIDENTIAL" information;

7          (e)    such other persons as may be consented to by the Party or

8    nonparty designating such information as "CONFIDENTIAL" information;

9          (f)    outside litigation support vendors, including commercial

10    photocopying vendors, scanning services vendors, coders and keyboard

11    operators;

12          (g)    professional court reporters engaged to transcribe

13    deposition testimony, professional videographers engaged to videotape

14    deposition testimony and translators;

15          (h)    independent outside consultants or experts retained by the

16    attorneys to the extent deemed necessary by said attorneys for purposes of

17    litigation; and

18          (i)    non-party fact witnesses in a deposition, provided, however,

19    that such persons may not retain such "CONFIDENTIAL" information unless

20    otherwise authorized to receive it. If the attendance of a non-party fact witness

21    at a deposition can only be obtained through compulsory process, the witness

22    need not execute an Assurance of Compliance in the form attached as Exhibit

23    A, provided that: (1) the witness acknowledges his obligation to maintain the

24    confidentiality of "CONFIDENTIAL" information under oath; and (2) such

25    "CONFIDENTIAL" information may only be shown to the witness during the

26    deposition.

27

28

Exhibit 12
Page 335

6.      Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)      the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)      secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)      the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)      such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)      outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)      independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

Exhibit 12
Page 336

1    (g)    professional court reporters engaged to transcribe

2    deposition testimony, professional videographers engaged to videotape

3    deposition testimony and translators.

4    7.    None of the following is bound by or obligated under this Order

5    in any respect and specifically are not bound or obligated to treat information

6    designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7    ONLY" in any particular manner: The Court hearing this Action (including the Court

8    having jurisdiction of any appeal), Court personnel, court reporters working for the

9    Court, translators working for the Court, or any jury impaneled in this Action.

10    8.    Other than those identified in Paragraph 7 above, each person to

11    whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --

12    ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13    Protective Order and agree to be bound by it before disclosure to such persons of any

14    such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15    not have access to either "CONFIDENTIAL" or "CONFIDENTIAL --

16    ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17    certified that they have read this Protective Order and have manifested their assent

18    to be bound thereby by signing a copy of the Assurance of Compliance attached

19    hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20    it shall not be necessary for that person to sign a separate Assurance of Compliance

21    each time that person is subsequently given access to confidential material. Any

22    person who signed an Assurance of Compliance in connection with the Stipulation

23    for Protection of Confidential Information and Protective Order filed September 16,

24    2004 in <u>Mattel Inc. v. Bryant</u>, Case No. BC 314398, pending in Los Angeles County

25    Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26    shall, by virtue of his or her prior signature, be deemed to have signed the attached

27    Assurance of Compliance.

28

Exhibit 12
Page 337

9.     The failure of any Party to object to the designation  of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

- 10.    If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the Local Rules.  Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11.    Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12.    The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate  to  restore  the  confidentiality  of  the  "CONFIDENTIAL"  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

Exhibit 12
Page 338

13.     If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty.  The receiving Party shall promptly return to the producing Party or nonparty the inadvertently disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14.     Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

<u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

15.     Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

Exhibit 12
Page 339

1  Rule may be amended from time to time.  Prior to the time that a Party receiving the
2  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"
3  information from any other Party files with the Court an application and the other
4  materials required by Local Rule 79-5.1, as such Rule may be amended from time to
5  time, to seal the producing Party's confidential information, the receiving Party shall
6  consult with the producing Party's attorney to determine whether the producing Party
7  will re-designate the previously designated confidential information so as to avoid the
8  need for the request to file such information under the seal.  Upon the default of a
9  Party to seek the Court's approval to file a document containing "CONFIDENTIAL"
10 or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any
11 Party may subsequently seek the approval of the Court to file that document under
12 seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule
13 may be amended from time to time.
14
15            <u>THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS</u>
16
17            16.    If any Party or nonparty receives a subpoena or document request
18 from a third party which purports to require the production of materials in that Party's
19 possession which have previously been designated as "CONFIDENTIAL" or
20 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,
21 the Party or nonparty receiving such subpoena or document request (a) shall object
22 and refuse to produce documents absent a Court Order or the consent of the Party or
23 nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL
24 -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who
25 designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --
26 ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,
27 and (c) shall not oppose any effort by the Party or nonparty which designated the
28 material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

Exhibit 12
Page 340

1  ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2  material.

3

## DISCOVERY FROM NONPARTIES

5

6      17.    Discovery of nonparties may involve receipt of information,

7  documents, things or testimony which include or contain "CONFIDENTIAL" or

8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A

9  nonparty producing such material in this case may designate as "CONFIDENTIAL"

10 or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11 produces in the same manner provided for in this Protective Order with respect to

12 material furnished by or on behalf of the Parties.  Any Party may also designate as

13 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14 materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15 or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16 Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17 nonparty has also so designated.  In addition, a nonparty may also designate as

18 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19 materials or information produced by a Party that constitute "CONFIDENTIAL" or

20 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21 nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22 producing Party has also so designated.  In either such an event, the designation

23 providing for the greater level of protection for the material information shall control,

24 subject to Paragraph 10 of this Protective Order.  Nonparty materials designated

25 "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26 nonparty or Party shall be governed by the terms of this Protective Order.

27

28

Exhibit 12
Page 341

CONCLUSION OF LITIGATION

18.    Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

AMENDMENT OF THIS AGREEMENT

19.    The provisions of this Stipulation and Protective Order may be  modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

Exhibit 12<br>Page 342

1 | Stipulation and Protective Order pursuant to a motion brought in accordance with the
2 | rules of the Court.

3

4 | **IT IS SO STIPULATED.**

5

6 | DATED: December 22, 2004     QUINN EMANUEL URQUHART
7 |     OLIVER & HEDGES, LLP

8
9 | By _____
    Jon Corey
10 |     Attorneys for Plaintiff
    Mattel, Inc.

11
12 | DATED: December ___, 2004     LITTLER MENDELSON

13 | By _____
14 |     Douglas A. Wickham
    Attorneys for Defendant
15 |     Carter Bryant

16 | DATED: December ___, 2004     O'MELVENY & MEYERS, LLP

17
18 | By _____
    Diana M. Torres
19 |     Attorneys for Intervenor-Defendant
    MGA Entertainment, Inc.

20

21 | **IT IS SO ORDERED.**
22

23 | DATED: ___1|4|05___

24 | THE HONORABLE ROBERT N. BLOCK
    United States Magistrate Judge
25

26

27

28

Exhibit 12
Page 343

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4   **IT IS SO STIPULATED.**

5

6   DATED: December ___, 2004            QUINN EMANUEL URQUHART
                                          OLIVER & HEDGES, LLP
7

8

9   By _____
                                          Jon Corey
10                                        Attorneys for Plaintiff
                                          Mattel, Inc.
11

12  DATED: December 21, 2004             LITTLER MENDELSON

13                                       By _____
                                          Douglas A. Wickham
14                                        Attorneys for Defendant
                                          Carter Bryant
15

16  DATED: December ___, 2004            O'MELVENY & MEYERS, LLP

17

18                                       By _____
                                          Diana M. Torres
19                                        Attorneys for Interventor-Defendant
                                          MGA Entertainment, Inc.
20

21

22  **IT IS SO ORDERED.**

23

24  DATED: _____              _____
                                          THE HONORABLE ROBERT N. BLOCK
25                                        United States Magistrate Judge

26

27

28

07272/625581.2                          -17-

                                        **PROTECTIVE ORDER**

                                        Exhibit 12
                                        Page 344

1 | Stipulation and Protective Order pursuant to a motion brought in accordance with the

2 | rules of the Court.

3

4 | **IT IS SO STIPULATED.**

5

6 | DATED: December ___, 2004          QUINN EMANUEL URQUHART
                                      OLIVER & HEDGES, LLP
7

8

9 | By_____
                                      Jon Corey
10 |                                  Attorneys for Plaintiff
                                      Mattel, Inc.
11

12 | DATED: December ___, 2004          LITTLER MENDELSON

13 | By_____
                                      Douglas A. Wickham
14 |                                  Attorneys for Defendant
                                      Carter Bryant
15

16 | DATED: December ___, 2004          O'MELVENY & MEYERS, LLP

17 | By_____
18 |                                  Diana M. Torres
                                      Attorneys for Interventor-Defendant
19 |                                  MGA Entertainment, Inc.

20

21 | **IT IS SO ORDERED.**

22

23 | DATED: _____

24 |                                  THE HONORABLE ROBERT N. BLOCK
                                      United States Magistrate Judge
25

26

27

28

07272/625581.2                        -17-
                                      PROTECTIVE ORDER

Exhibit 12
Page 345

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant*, Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

Exhibit 12
Page 346

1

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2
**STATE OF CALIFORNIA**                    )
**COUNTY OF LOS ANGELES**          )

3

4      I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

5      On December 22, 2004, I served the foregoing document described as

6      **STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

7      on  all interested parties in this action:

8                          **SEE ATTACHED SERVICE LIST**

9
[ ]      By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

10

11     [ ]     **BY MAIL**

12     [ ]     I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

13     [ ]     As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16
[X]     **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

17

18     Executed on December 22, 2004, at Los Angeles, California.

19     [X]     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21     Ivana Maiorano
       Print Name                                      Signature

22

23

24

25

26

27

28

Exhibit 12
Page 347

1  Robert F. Millman, Esq.
   Douglas A. Wickham, Esq.
2  Keith A. Jacoby, Esq.
   Littler Mendelson
3  A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, California 90067-3107
   Phone: 310-553-0308
5  Fax: 310-553-5583

6  Diana M. Torres, Esq.
   O'Melveney & Meyers
7  400 S. Hope Street
   Los Angeles, CA 90071
8  Phone: 213-430-6000
   Fax: 213-430-6407

9

10 Daniel J. Warren, Esq.
   Sutherland, Asbill & Brennan
11 999 Peachtree Street NE
   Atlanta, GA  30309-3996
12 Phone: 404-853-8698
   Fax: 404-853-8806

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 12
Page 348