EXHIBIT 28

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065-2139
(650) 801-5000
Facsimile: (650) 801-5100

**CHICAGO**
250 South Wacker Drive, Suite 230
Chicago, IL 60606-6301
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG  United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**TOKYO**
Akasaka Twin Tower Main Bldg., 6th Fl.
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052  Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   July 17, 2009          **NUMBER OF PAGES, INCLUDING COVER:** 22

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Cynthia A. Lock<br>Orrick Herrington & Sutcliffe LLP | | Fax: (949) 567-6710 |

**FROM:**   Zachary Krug

**RE:**   Mattel v. MGA Entertainment, Inc., et al.

**MESSAGE:**

Please see attached

JUL 1 7 2009

| CLIENT # | 07975 | ROUTE/<br>RETURN TO: | Shawna Allison | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | PRISCILLA | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 28
Page 582

07/17/2009 15:20 FAX 12134433100          QEUOH-LAO-2                                    ☒001

```
                    *********************
                *** TX REPORT ***
                    *********************


        TRANSMISSION OK

        TX/RX NO                 2825
        RECIPIENT ADDRESS        76706#7975#19495676710
        DESTINATION ID
        ST. TIME                 07/17 15:10
        TIME USE                 10'26
        PAGES SENT               33
        RESULT                   OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065-2139
(650) 801-5000
Facsimile: (650) 801-5100

**CHICAGO**
250 South Wacker Drive, Suite 230
Chicago, IL 60606-6301
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG , United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**TOKYO**
Akasaka Twin Tower Main Bldg., 6th Fl.
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 ,Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

DATE:     July 17, 2009               NUMBER OF PAGES, INCLUDING COVER: 32

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Cynthia A. Lock<br>Orrick Herrington & Sutcliffe LLP | | Fax: (949) 567-6710 |

FROM:     Zachary Krug

RE:       Mattel v. MGA Entertainment, Inc., et al.

MESSAGE:

Please see attached

Exhibit 28
Page 583

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

July 17, 2009

VIA FACSIMILE AND U.S. MAIL

Cynthia A. Lock
Orrick Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614
Fax: (949) 567-6710

Re:     Mattel v. MGA Entertainment, Inc., et al.

Dear Cynthia:

Since February of this year, Caroline Mankey, at the Glaser firm, and I have been engaged in an ongoing meet and confer regarding certain entries on MGA's and Isaac Larian's privilege logs.[1]

I refer you to letters dated February 8, 2009, March 3, 2009, March 4, 2009, March 10, 2009, March 12, 2009, April 3, 2009, April 9, 2009, April 17, 2009, May 7, 2009, June 16, 2009 and June 22, 2009, which I have enclosed.

As you can see, Mattel has already extensively met and conferred with MGA on a variety of issues relating to its logs, without adequate resolution to date.  MGA previously agreed to review the

---

[1]     The logs in question here are MGA's Supplemental Privilege Log – August 14, 2007, revised March 20, 2008 and April 17, 2009 ("Rev. Aug. Log"), MGA's Supplemental Privilege Log – September 5, 2007, revised March 20, 2008 and May 5, 2009 ("Rev. Sept. Log"), Isaac Larian's Privilege Log – January 15, 2008 ("Jan. 15 Log"), MGA's Privilege Log – January 23, 2008, revised February 5, 2008 and April 9, 2009 ("Rev. Jan. 23 Log"), MGA's Privilege Log – January 28, 2008, revised February 8, 2008 ("Rev. Jan. 28 Log") and Isaac Larian's Privilege Log – January 30, 2008, revised April 9, 2009 ("Rev. Jan. 30 Log").

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL 481-3-5561-1711 FAX 481-3-5561-1712

Exhibit 28
Page 584

entries cited by Mattel and to revise its logs or provide descriptions to substantiate its claims of privilege and to correct other problems in the logs. See March 3, 2009 Letter from B. Dylan Proctor to C. Mankey; March 4, 2009 Letter from C. Mankey to B. Dylan Proctor.

In April 2009, after MGA had been given months to review the entries identified by Mattel, it began producing revised logs.[2] In some cases, MGA's revised logs indicated that it was withdrawing its privilege claims, while for other entries, MGA indicated that it was still in the process of reviewing its privilege claims.[3]

Although MGA's revised logs provide sufficient detail to support its withholding as to some entries, the majority of entries, even as revised, present the same problems that prompted Mattel's initial inquiry. These deficiencies are set forth in great detail in Mattel's prior letters. However, given that this process has already taken months, and to avoid further delay arising from MGA's substitution, of course, I will again set forth the specific entries identified and the substance of Mattel's objections.

### Handwritten Notes

In early February of this year, Mattel indentified hundreds of entries on MGA's logs involving "handwritten notes" for which neither the author/recipient of the note nor a description of its subject matter were provided. As set forth in Mattel's prior letters, by failing to indicate who authored these notes, much less how they involved legal advice, MGA has not carried its "burden of proving every element applicable to the attorney-client privilege." Federal Election Com'n v. Christian Coalition, 178 F.R.D. 61, 70 (E.D. Va. 1998) (log entries deficient where they did not identify author of handwritten notes); Fidelity & Deposit Co. of Maryland v. McCulloch, 168 F.R.D. 516, 523 (E.D. Pa. 1996). ("[W]here no author is listed, [the party claiming privilege] must describe the content of the documents [handwritten notes] such that [the party seeking discovery] and this Court may better assess the applicability of the privilege.").

MGA agreed to review its claims of privilege as to these "handwritten notes" and provide revised descriptions. See March 3, 2009 Letter from B. Dylan Proctor to C. Mankey; March 4, 2009 Letter from C. Mankey to B. Dylan Proctor.

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries containing "handwritten notes" (without prejudice to Mattel's right to litigate the

---

[2]   As set forth in Mattel's June 16, 2009 Letter, MGA's review was incomplete in several respects. While some of these issues have since been remedied, MGA still has not completed its review of Isaac Larian's January 15, 2008 Log or provided a newly revised January 28, 2008 Log.

[3]   Mattel previously requested that MGA provide a date when this review would be complete, but has not yet received a response. The entries that MGA marked for "further review" are as follows: Rev. Aug. Log Nos. 132, 602.15, 653; Rev. Sept. Log Nos. 930.1, 1421.4, 1577.4, 1635, 1636, 1821.3, 1822.2, 2417; Rev. Jan. 23 Log Nos. 782, 784, 920, 923, 965, 966, 1023, 1606, 2029, 2126, 2127, 2128, 2129, 2130; Rev. Jan. 30 Log Nos. 30, 244, 245, 246, 247, 269, 282.

Exhibit 28
Page 585

propriety of withholding these entries at a later time, which is reserved): <u>Rev. Aug. Log No.</u> 333.3; · <u>Rev. Sept. Log No.</u> 1421.1, 1822.1, 2422.2; <u>Rev. Jan. 23 Log Nos.</u> 181, 234, 235, 389, 391, 402.

However, for the vast majority of the entries identified by Mattel, MGA did not provide the author/recipient or provide revised adequate revised descriptions.

Instead, MGA's revised descriptions now state that the handwritten notes are "related" to the underlying document or communication, without providing any further detail as to the author or the recipient of the notes themselves. <u>See Rev. Aug. Log Nos.</u> 259.4, 346, 429.3, 457, 483, 508, 554, 557, 560, 570, 602.2, 602.15r, 604, 605.2, 607.2, 609, 613, 618.2, 621, 622, 623.1, 626.3, 630, 634, 638, 641.1, 641.2; <u>Rev. Sept. Log Nos.</u> 869, 870, 877.1, 896.1, 1074.1, 1084.1, 1084.2, 1259, 1268, 1269, 1271, 1399, 1402, 1659.1., 1666, 1672.1, 1672.2, 1672.3, 1691.1, 1691.2, 1839.1, 2068, 2076.1, 2191, 2194, 2199, 2200, 2319, 2325, 2326.1, 2369.1, 2369.7, 2405, 2409, 2410, 2411, 2412, 2413.1, 2414, 2417, 2422.1, 2423, 2437.2, 2449, 2457, 2462.1, 2464, 2466, 2470, 2530.1, 2630.1, 2814, 2822, 2829.1, 2853, 2854.1, 2857.2r.

Other descriptions now simply state that the document or communication at issue "[c]ontains non-substantive handwritten notes." <u>See Rev. Aug. Log No.</u> 127, 129.1, 131, 172, 196, 259.1, 299, 307.1, 310, 343.11, 343.16, 393, 394, 431.1, 437, 447, 475.1, 507.1, 555, 558, 564, 565, 567, 587, 591, 592, 602.1, 605.1, 607.1, 614.1, 615, 629, 643, 644; <u>Rev. Sept. Log Nos.</u> 699.1, 708.1, 708.2, 804, 830.1, 891.1, 1063.1, 1363, 1364.1, 1446.1r, 1455, 1633.1, 1683.1, 1829.2, 1844.1, 1981.1, 2023, 2150.1, 2174, 2182.1, 2195, 2196, 2201, 2202, 2327, 2347.1, 2377.1r, 2407, 2408, 2462.2, 2607, 2614.1, 2677, 2831.2, 2855.1.

As set forth in Mattel's prior letters, neither of these revisions addresses Mattel's concerns that non-privileged information is being improperly withheld. Describing the handwritten notes as being "related" to the communication or document at issue provides no more information than the original descriptions. Notably, MGA still has not identified the authors or the recipients of the notes, showing they are not properly withheld. <u>See, e.g.</u>, <u>Baxter Healthcare Corp. v. Fresenius Med. Care, Inc.</u>, 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008) (ordering documents produced from privilege log because party "failed provide sufficient identification" of communications' authors).

Likewise, "non-substantive" notes that are not privileged may be withheld no more than substantive, non-privileged notes. <u>See U.S. v. Weisman</u>, 1995 WL 244522, at *8 (S.D.N.Y. 1995) (it "is not the proper function of [the withholding party] to determine whether documents would in fact be useful to establish [the other party's] case").

As to several other entries, specific issues remain despite MGA's revisions:

- <u>Rev. Aug. Log No.</u> 431.1, as revised, now indicates that the handwritten notes at issue were "from Alan C. Rose" and unidentified "others." Those other individuals should be identified in order to assess whether the notes are, in fact, privileged.

- <u>Rev. Aug. Log Nos.</u> 585.2 and 585.3, as revised, now indicate that these entries are photos with handwritten notes "sent to outside counsel." Despite its revisions, MGA still has not identified the specific sender or recipient. Moreover, as discussed separately in this letter,

3

Exhibit 28
Page 586

photographs transmitted to counsel generally are not themselves privileged. Accordingly, both the photographs and, at least absent an identification of the specific individuals involved, the notes should be produced.

- Rev. Aug. Log No. 614.3, as revised, now indicates that that the handwritten notes relate to a draft license agreement. However, MGA has still not indentified either the author or recipient of these notes.

- Rev. Aug. Log No. 65 3 has not been revised in any manner, and MGA still has not identified the author of the notes at issue.

- Rev. Sept. Log Nos. 2630.1, 2630.6, 2630.7 and 2835.2, were originally described as drawings or photographs which Mattel identified as being improperly withheld. The revised descriptions now state that the documents contain "handwritten notes" but do not indentify the author or recipient of the notes.

- Rev. Sept. Log Nos. 2856.1r, 2856.14r, 2856.433r, 2856.41r, 2857.3r, 2857.4r and 2857.5r, as revised, are "notes reflecting and for the purpose of rendering legal advice." Please confirm that the notes were authored by or sent to an attorney.

- Rev. Jan. 23 Log No. 312, as revised, indicates this document contains notes reflecting a conversation between an MGA attorney and a potential witness. Because this document is not an attorney-client communication, there appears to be no basis for it being withheld as such. Further, as explained previously, MGA cannot belatedly assert new claims of work product privilege in order to bolster the inadequacies of its original log.

- Rev. Jan. 23 Log Nos. 782, 784 and 1023, as revised, indicate these documents contain handwritten notes, but fail to indicate the notes' authors or recipients.

- Rev. Jan. 23 Log No. 920, as revised, indicates this document is a transcription of a meeting, but does not indicate the participants or purpose of that meeting.

- Rev. Jan. 23 Log No. 2079 has not been revised and is marked for "further review." Please confirm whether any of the individuals listed in the privilege log are attorneys or whether the subject of the note relates to legal advice. Please also identify whose address is "dincdesign@mindspring.com."

- Rev. Jan. 23 Log Nos. 2126 and 2127, as revised, are now described as "[h]andwritten notes" that are "from counsel," but fail to identify either the attorney allegedly involved or the recipient. Additionally, the revised logs improperly assert additional claims of privilege.

- Rev. Jan. 23 Log Nos. 2128 and 2130, as revised, are now described as "[h]andwritten notes," but fail to identify either the author or the recipient.

- Rev. Jan. 23 Log No. 2129, previously described as an email, is now described as "[h]andwritten notes." Please confirm that the attorneys previously listed as author and recipient of the email are, in fact, the author and recipient of this "note."

Exhibit 28
Page 587

Finally, because MGA's review of the *Revised* January 28, 2008 log is incomplete, please confirm whether MGA continues to assert a claim of privilege with regard to the "handwritten notes" described on that log. See Rev. Jan. 28 Log Nos. 128,170.

## *Fax Cover Sheets*

In early February of this year, Mattel identified dozens of entries that, based on the logs descriptions, appeared to be "fax cover sheets." As set forth in Mattel's prior letters, such documents are not generally privileged, in and of themselves, because correspondence that "merely transmit[s] documents to or from an attorney, even at the attorney's request for purposes of rendering legal advice to a client, are neither privileged nor attorney work-product." American Med. Sys., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Inc., 1999 WL 970341, at *5 (E.D. La. Oct. 22, 1999) (ordering production of fax cover sheets). Thus, while the underlying communication may be privileged, the fax cover sheets are not unless they also transmit confidential information.

MGA agreed to review its claims of privilege as to these "fax cover sheets" and provide revised descriptions. See March 3, 2009 Letter from B. Dylan Proctor to C. Mankey; March 4, 2009 Letter from C. Mankey to B. Dylan Proctor.

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries described as "fax cover sheets" (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved): Rev. Aug. Log No. 333.3; Rev. Sept. Log Nos. 1021.3, 1021.4, 1072.1, 1072.4.

However, despite the revised descriptions, MGA still fails to provide any basis for the withholding of numerous other fax cover sheets. In particular, a number of the revised descriptions now merely state that the fax cover sheets contain "confidential" information. See Rev. Aug. Log Nos. 101.1, 101.2, 129.1, 502.11, 526.1, 562.1, 573.1, 574.1, 578.1, 583.1, 584, 585.1, 586.1; Rev. Sept. Log Nos. 255.7, 740.1, 891.1, 896.1, 1000.4, 1013.1, 1013.8, 1036.4, 1058.1, 1058.4, 1058.5, 1063.1, 1081.2, 1107.1, 1107.4, 1134.1, 1134.4, 1421.1, 1661.1, 1981.1, 2071.1, 2369.7; Rev. Jan. 23 Log Nos. 923, 924, 965, 966. Stating that the fax cover sheets contain "confidential" information does not mean that they contain information protected by the attorney-client privilege. See, e.g., Hynix Semiconductor Inc. v. Rambus Inc., 2008 WL 350641, at *4 (N.D. Cal. 2008) (holding that "[w]hile the [document] was obviously confidential, it is not privileged").

Please let me know whether MGA will continue to assert claims of privilege with regard to these "fax cover sheets."

## *Other Non-Privileged Documents*

In early February of this year, Mattel identified dozens of entries on MGA's logs which, based on their descriptions, did not appear to be privileged. These documents included non-legal material such as photographs and drawings, documents from the public sphere such as websites or press releases, documents relating to legal bills, as well as other documents that were so vaguely described that it was impossible to assess MGA's claims of privilege.

5

Exhibit 28
Page 588

MGA agreed to review its claims of privilege as to these entries and provide revised descriptions. See March 3, 2009 Letter from B. Dylan Proctor to C. Mankey; March 4, 2009 Letter from C. Mankey to B. Dylan Proctor.

Despite MGA's revised descriptions, certain entries remain problematic.

### *Photographs & Drawings*

MGA continues to withhold various drawings of logos and the like for which there are no grounds for the assertion of privilege. See Rev. Sept. Log Nos. 217.2, 1193.4, 1193.5, 1193.6, 1193.7, 1193.8, 1193.9, 1193.0, 11931.11, 1798.3, 1801.3, 1812.3, 1815.2. MGA also continues to withhold as privileged various photographs that were taken by a "private investigator conducting surveillance at the direction of counsel," "sent to outside counsel" or attached to other communications claimed as privileged. See Rev. Aug. Log Nos. 585.2, 585.3; Rev. Sept. Log Nos. 2630.1, 2630.2, 2630.3, 2630.4, 2630.5, 2630.6, 2630.7, 2630.8, 2630.9, 2630.10, 2630.11, 2835.3, 2835.4, 2839.3, 2839.4; Rev. Jan. 23 Log Nos. 6, 7, 196, 197, 198, 1348, 1421, 1618, 1874, 1875, 1881, 1882, 1884, 1885, 2100, 2101, 2102.

None of the revised descriptions provide a basis to justify such continued withholdings. See Clavo v. Zarrabian, 2003 WL 24272641, at *1 (C.D. Cal. 2003) ("The mere transmission of the photographs to counsel does not by itself justify privilege protection."). Please produce such materials or be prepared to explain why MGA believes these documents are properly withheld.

Finally, because MGA's review of the *Revised* January 28, 2008 log is incomplete, please confirm whether MGA continues to assert a claim of privilege with regard to the "photographs," "designs" or "drawings" described on that log. See Rev. Jan. 28 Log Nos. 289, 290, 325, 326, 327.

### *Public Records*

While MGA agreed to produce most of the "public records" indentified in Mattel's letter, the revised logs indicate that MGA continues to assert a claim of privilege over "webpages" without any indication of how such an assertion is proper. See Rev. Sept. Log: 1047.6, 1047.9, 1047.10, 1047.11, 1819.12. Please explain this continued withholding.

### *Documents from Legal Proceedings*

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved): Rev. Jan. 23 Log Nos. 102, 297, 1715, 1939, 2131, 2132, 2133, 2134, 2135, 2136, 2137.

However, Entry No. 1849, as revised, appears to be an operative complaint, not a draft, that is described as having Isaac Larian's "notes and comments." The log does not indicate the date of such "note and comments" or whether these comments were ever transmitted to an attorney. As

6

Exhibit 28
Page 589

such MGA has failed to substantiate that these notes, in fact, reflect an attorney-client communication.

*Legal Fees*

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entry (without prejudice to Mattel's right to litigate the propriety of withholding this entry at a later time, which is reserved): Rev. Aug. Log No. 295.2.

However, as to the remaining entries, MGA's revised descriptions provide no further support for withholding than the original log descriptions.

- Rev. Aug. Log No. 241.2, as revised, indicates this document is a "schedule of rates" which has been withheld under the attorney-client privilege. Such information is not privileged.

- Rev. Sept. Log Nos. 1821.3 and 1822.2, which have not been revised, appear to be non-privileged communications about legal invoices and payment. They should be produced.

- Rev. Jan. 30 Log Nos. 269 and 282 appear to be non-privileged communications about legal invoices and payment. They should be produced.

Further, according to the revised descriptions many entries appear to be "check stub[s]," "wire transfer record[s]," "invoice[s]," "purchase order[s]" and other "accounting documentation" which were "collected and analyzed" by counsel for the Larian v. Larian litigation. See Rev. Jan. 23 Log Nos. 335, 336, 337, 338, 339, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 1066, 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1074, 1075, 1076, 1077, 1078.

These documents are currently being withheld as attorney-work product. Please confirm whether the underlying documents themselves—*i.e.*, the checks or wire transfer records—have otherwise been produced in this matter. If they have not, and absent some further showing, they should be produced; as you know, documents are not shielded from disclosure merely because they were later collected by an attorney.

Finally, because MGA's review of the January 15, 2008 and *Revised* January 28, 2008 logs is incomplete, please confirm whether Isaac Larian and MGA continue to assert claims of privilege with regard to these "legal bills" or "invoices" as described on these logs. See Jan. 15 Log Nos. 145, 182, 208; Rev. Jan. 28 Log Nos. 167, 215.

*Other Vaguely Described Entries*

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved): Rev. Jan. 30 Log No. 208, 1939.

7

Exhibit 28
Page 590

However, MGA's revised descriptions for the remaining entries do not support their continued withholding.

- <u>Rev. Jan. 23 Log No.</u> 1606, as revised, is a "[d]raft agenda for meeting with distributor" regarding "contract negotiations." Unless legal matters predominate, this document should be produced, at least in redacted form.

- <u>Rev. Jan. 23 Log Nos.</u> 578, 579, 580, 581, 600, 601, 602, 603 and 604, as revised, are "spreadsheets" purportedly created by counsel over which MGA now asserts a claim of work-product. However, the entries indicate that the documents were authored by Isaac Larian and do not identify any counsel's involvement. Moreover, if these "spreadsheets" and the like were not properly withheld as attorney-client communications, MGA cannot now simply revise its log and claim they are work product.[4]

Further, because MGA's review of the *Revised* January 28, 2008 log is incomplete, please be prepared to provide further detail on the vaguely described on that log. See <u>Rev. Jan. 28 Log Nos.</u> 96, 117, 130, 140, 190, 198, 211, 237, 253, 258.

## <u>*Withdrawn Claims*</u>

Finally, MGA's revised logs show that, after further review, MGA determined to withdraw its claims as to some entries. These entries include: <u>Rev. Aug. Log Nos.</u> 101.8, 312.1, 502.1, 502.12, 521, 529.4r, 562.3, 562.12, 563, 625, 635, 636, 637, 639, 640, 642; <u>Rev. Sept. Log Nos.</u> 124r, 1401.1r, 264.1r, 329.1r, 597.1r, 608.1r, 608.2r, 874.2, 932.1, 933.1, 1912.1, 2377.1r, 2803.1, 2816.5, 2818.6, 2819.5, 2821.2, 2831.1, 2832.5, 2836.415, 2839.5, 2839.6; <u>Rev. Jan. 23 Log Nos.</u> 783, 1153, 1414, 1421, 1650, 1988, 2123, 2150; <u>Rev. Jan. 30 Log Nos.</u> 126, 152, 153, 154, 155, 156, 157, 158, 208.1, 211, 228, 252, 290, 291, 301.

Mattel previously requested that MGA provide a date when it would be producing these documents, if it has not already done so, and provide the appropriate bates-ranges so these documents can be identified. Mattel has received no response to date.

As the record shows, Mattel has been very patient in attempting to informally resolve these concerns over a period of months. We need to resolve these matters soon or we will be forced to seek relief.

---

[4]   As set forth in Mattel's prior letters, MGA cannot "re-engineer [its] privilege logs to align [its] privilege assertions with [its] legal arguments." <u>In re Honeywell Int'l Inc. Sec. Litig.</u>, 230 F.R.D. 293, 299 (S.D.N.Y. 2003); <u>see also</u> <u>AAIpharma Inc. v. Kremers Urban Dev. Co.</u>, 2006 WL 3096026, at *6 (S.D.N.Y. 2006) (finding sanctions warranted where party "add[ed] a claim of privilege that had not been asserted initially" or by "revis[ed] the claim of privilege . . . either adding then deleting a basis, or vice-versa"). We expect such additional claims will be withdrawn.

Exhibit 28
Page 591

Please let me know when you are available to discuss these concerns.  I look forward to hearing from you promptly.

Very truly yours,

B. Dylan Proctor /2DK

B. Dylan Proctor
07209/3001889.2

9

Exhibit 28
Page 592

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 8, 2009

VIA FACSIMILE AND U.S. MAIL

Patricia Glaser, Esq.                    Mark E. Overland, Esq.
Amman Khan, Esq.                         Alexander H. Cote, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP Overland, Borenstein, Scheper & Kim LLP
10250 Constellation Boulevard, 19th Floor 601 West 5th Street
Los Angeles, CA 90067                    Los Angeles, CA 90017

Russell J. Frackman, Esq.
Jean P. Nogues, Esq.
Mitchell Silberberg & Knupp LLP
1377 West Olympic Boulevard
Los Angeles, CA 90064

Re:    Mattel v. MGA Entertainment, Inc., et al.

Dear Counsel:

Pursuant to the Local Rules and the Discovery Master Stipulation, I write to request a meet and confer regarding certain entries on the privilege logs produced by MGA and Isaac Larian.[1]

---

[1]    The logs in question are MGA's Supplemental Privilege Log – August 14, 2007, revised March 20, 2008 ("Rev. Aug. Log"), MGA's Supplemental Privilege Log – September 5, 2007, revised March 20, 2008 ("Rev. Sept. Log"), MGA's Privilege Log for MGA's October 17, and October 19, 2007 Document Production, dated November 16, 2008 ("Oct. Log"), Isaac Larian's Privilege Log, dated January 15, 2008 ("Jan. 15 Log"), MGA's Supplemental Privilege Log for MGA's October 2007 Document Production, dated January 22, 2008 ("Supp. Oct. Log"), MGA's Privilige Log – January 23, 2008, revised February 5, 2008 ("Rev. Jan. 23 Log"), MGA's Privilege Log – January 28, 2008, revised February 8, 2008 ("Rev. Jan. 28 Log"), Isaac (footnote continued)

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

Exhibit 28
Page 593

Based on the descriptions provided by MGA in its logs, many entries currently withheld do not appear to be privileged, while other entries provide so little detail that it is impossible to assess MGA's claims of privilege. The parties previously conducted an entry-by-entry discussion of certain withheld communications, which helped to narrow the scope of the parties' eventual motion practice. In advance of such a continued conference, I have detailed below the entries for which MGA has not adequately met its burden to justify withholding. For convenience, I have grouped these into categories, though many entries from MGA's logs reflect deficiencies on multiple grounds.

### *Communications Between Non-Lawyers and Non-Legal Communications*

Numerous entries on MGA's logs reflect communications that do not involve counsel. For example, Entry No. 1986 on MGA's January 23 Log is an 2006 email between Schuyler Bacon and Isaac Larian described as an "Email chain regarding employment issues." Neither Ms. Bacon nor Mr. Larian is an attorney and nowhere does the description suggest that the communication reflects a lawyer's advice. Furthermore, as MGA and Larian themselves have argued, even if the emails repeat some privileged communication, the remainder of the email should be produced with any supposedly privileged portions redacted. MGA's blanket withholding of this email chaing is improper.

Other entries, while they involve counsel, do not appear to reflect any legal advice but rather involve purely business or other non-legal issues. For example, Entry No. 2074 on MGA's January 23 Log is a 2005 email from Pablo Vargas and Eric Villete and Isaac Larian which copies a large group—including one lawyer—regarding "sales strategy." Nevertheless it has been withheld on the purported grounds of attorney-client privilege.

Please be prepared to discuss MGA's claims of privilege regarding the following entries which exhibit these deficiencies. Absent a showing of their privileged nature, Mattel expects these documents to be produced in their entirety or, if any portions do reflect privileged communications, in redacted form.

- Rev. Aug. Log: 135, 457, 561.1, 561.2, 606, 651r, 653, 661, 662, 664r, 669, 690r, 692, 712, 713, 716r, 719, 730, 732, 733, 735, 744, 764, 767, 773, 775, 777, 790, 852, 853, 866, 867, 869r, 874, 883r, 894r, 900, 912r, 931r, 933, 934r, 961r, 962, 963r, 965, 966, 967, 968, 980r, 981r, 983, 984, 985, 990, 1037, 1040, 1042r, 1043, 1047, 1055r, 1056r, 1057, 1058, 1060r, 1061, 1062, 1077, 1078, 1079, 1080, 1081, 1082, 1088, 1089, 1090, 1091, 1095, 1097, 1098, 1101, 1103, 1105, 1106, 1107, 1110r, 1112, 1113r, 1132r.

- Rev. Sept. Log: 264.1r, 1022, 1903.

---

Larian's Privilege Log — January 30, 2008 ("Jan. 30 Log"), and MGA's April 30, 2008 Privilege Log ("April 30 Log").

2

Exhibit 28
Page 594

- <u>Oct. Log</u>: 3, 8, 39, 71, 134, 135, 175, 261, 267, 539, 546, 824, 1036, 1046, 1047, 1068, 1123, 1124, 1406, 1462, 1463, 1466, 1467, 1481, 1482, 1506, 1514, 1761, 1780, 1781, 1782, 1784, 1941, 1942, 2063, 2073, 2074, 2090, 2101, 2117, 2259, 2260, 2263, 2267, 2269, 2271, 2274, 2672, 2677, 2694, 2724, 2728, 2732, 2765, 2775, 2786, 2787, 2802, 2807, 2814, 2815, 2830, 2833, 2845, 2848, 2849, 2851, 2852, 2853, 3213, 3299, 3360, 3367, 3368.

- <u>Jan. 15 Log</u>: 29, 30 32, 33, 34, 35, 38, 40, 41, 44, 48, 51, 52, 53, 56, 57, 58, 59, 61, 62, 63, 64, 68, 89, 98, 107.

- <u>Supp. Oct. Log</u>: 44, 55, 89, 90, 98, 99, 106, 114, 115, 116, 123, 125, 126, 127, 128, 129, 130, 131, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150.

- <u>Rev. Jan. 23 Log</u>: 3, 8, 20, 31, 32, 52, 57, 58, 59, 68, 70, 79, 96, 97, 103, 106, 107, 108, 110, 111, 114, 115, 118, 133, 150, 151, 152, 153, 154, 155, 156, 157, 158, 182, 205, 209, 232, 233, 245, 253, 255, 262, 267, 287, 296, 371, 372, 373, 376, 381, 536, 544, 545, 546, 547, 548, 551, 557, 577, 578, 579, 580, 581, 584, 585, 588, 589, 591, 592, 593, 594, 595, 596, 597, 598, 599, 600, 601, 602, 603, 604, 609, 610, 611, 612, 614, 655, 656, 672, 683, 666, 667, 684, 693, 749, 759, 762, 764, 765, 767, 769, 771, 773, 782, 1083, 1172, 1173, 1178, 1179, 1254, 1262, 1275, 1277, 1281, 1285, 1287, 1292, 1301, 1302, 1306, 1309, 1318, 1322, 1324, 1356, 1360, 1364, 1365, 1366, 1367, 1374, 1399, 1413, 1418, 1420, 1424, 1435, 1437, 1438, 1439, 1440, 1460, 1463, 1465, 1468, 1471, 1473, 1474, 1475, 1476, 1509, 1525, 1529, 1536, 1587, 1603, 1606, 1622, 1623, 1624, 1625, 1627, 1635, 1641, 1655, 1662, 1701, 1702, 1703, 1704, 1705, 1706, 1708, 1709, 1710, 1711, 1712, 1713, 1716, 1718, 1719, 1720, 1721, 1722, 1724, 1727, 1728, 1729, 1730, 1731, 1732, 1734, 1735, 1736, 1737, 1767, 1773, 1774, 1775, 1779, 1783, 1788, 1821, 1824, 1890, 1896, 1898, 1899, 1903, 1904, 1917, 1919, 1920, 1968, 1969, 1970, 1977, 1986, 1998, 2011, 2016, 2025, 2039, 2042, 2043, 2046, 2060, 2064, 2071, 2074, 2080, 2082, 2084, 2144, 2147, 2148, 2149.

- <u>Rev. Jan. 28 Log</u>: 3, 5, 9, 12, 16, 18, 28, 31, 36, 37, 38, 39, 40, 43, 44, 47, 51, 52, 61, 65, 67, 75, 77, 91, 92, 97, 98, 99, 113, 124, 127, 132, 136, 137, 140, 141, 158, 160, 161, 163, 166, 203, 214, 219, 262, 264, 272, 274, 275, 276, 280, 281, 286, 287, 291, 292, 310, 311, 212, 313, 314, 316, 317, 319, 328, 331, 332, 333, 334, 335, 336, 343, 238, 364, 371, 372, 382, 384, 385, 386, 387, 388, 392, 414, 420, 442, 443, 446.

- <u>Jan. 30 Log</u>: 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 64, 66, 122, 124, 126, 218, 225, 226, 244, 245, 246, 257, 260, 282, 294, 295, 296, 297, 298, 299, 300.

- <u>April 30 Log</u>: 8, 9, 10, 17, 18.

Additionally, a handful of entries provide no basis for privilege other than the fact that an attorney or paralegal has been "blind carbon copied." <u>See</u> Jan. 15 Log No. 188, Jan. 23 Log Nos. 1650, 1988; Jan. 30 Log No. 30. Documents or communications transmitted to an attorney as

3

Exhibit 28
Page 595

"blind carbon copies" generally are not protected attorney-client communications.  See, e.g., U.S. v. Davis, 132 F.R.D. 12, 17 (S.D.N.Y. 1990).  Accordingly, these entries should be produced as well.

*Handwritten Notes*

Hundreds of entries on MGA's logs involve "handwritten notes" for which neither the author of the note nor a description of its subject matter is provided.  By failing to indicate who authored these notes, much less that they involved legal advice, MGA has not carried its "burden of proving every element applicable to the attorney-client privilege." Federal Election Com'n v. Christian Coalition, 178 F.R.D. 61, 70 (E.D. Va. 1998) (log entries deficient where they did not identify author of handwritten notes).[2]

Further, while some of these notes appear to be written on hardcopies of emails between lawyers or otherwise privileged documents—and therefore indicate such authors in the logs—MGA's logs do not indicate whether there is any independent basis to withhold these handwritten notes. "[W]here no author is listed, [the party claiming privilege] must describe the content of the documents [handwritten notes] such that [the party seeking discovery] and this Court may better assess the applicability of the privilege." Fidelity and Deposit Co. of Maryland v. McCulloch, 168 F.R.D. 516, 523 (E.D. Pa. 1996).

Accordingly, please be prepared to identify the author of the notes on the following documents and provide a sufficient description of the subject matter of the notes to permit the claim of privilege to be assessed.

- Rev. August Log:  127, 129.1, 131, 132, 172, 196, 259.1, 259.4, 299, 307.1, 310, 333.3, 343.11, 343.16. 346. 393. 394, 429.3, 431.1, 434.1, 437, 447, 457, 460.1r, 475.1, 483, 502.4, 507.1, 508, 521, 429.3r, 554, 555, 557, 558, 560, 562.2r, 562.3, 563r, 564, 565, 567, 570, 585.2, 585.3, 587, 591, 592, 602.1, 602.2, 604, 605.1, 605.2, 607.1, 607.2, 609, 613, 614.1, 614.3, 615, 618.2, 621, 622, 623.1, 625r, 626.3, 629, 630, 633, 634, 625r, 636r, 637r, 638, 639r, 640r, 641.1, 641.2, 642r, 643, 644, 653.

- Rev. Sept. Log:  40.2, 43.2, 124r, 139, 140.1r, 264.1r, 329.1r, 597.1r, 603, 608.1r, 608.2r, 699.1, 701, 702.1, 708, 804, 830.1, 869, 870, 877.1, 896.1, 932.1, 933.1, 1074.1, 1084.1, 1084.2, 1259, 1268, 1269, 1271, 1363, 1364.1, 1399, 1402, 1421.1, 1446.1r, 1455, 1633.1, 1659.1, 1666, 1672.1, 1672.2, 1672.3, 1683.1, 1691.1, 1692.1, 1822.1, 1829.2, 1839.1, 1839.7, 1844.1, 2023, 2068, 2076.1, 2150.1, 2174, 2182.1, 2191. 2194, 2195, 2196, 2199, 2200, 2201, 2202, 2319, 2325, 2326.1, 2327, 2347.1, 2369.1, 2369.5, 2377.1r, 2405, 2407, 2408, 2409, 2410, 2411, 2412, 2413.1, 2414, 2417, 2422.1, 2422.2, 2423, 2437.2, 2449, 2457, 2452.1, 2462.2, 2464, 2449, 2457, 2452.1, 2462.2, 2464, 2466,

---

[2]   Clearly, when MGA believed the notes were an "attorney's notes," it so indicated.  See, e.g., Rev. Jan. 23 Log Nos. 794, 984, 988,1115. These entries, by contrast, have no indication that the notes even are an attorney's or reflect an attorney's legal advice.

4

Exhibit 28
Page 596

2470, 2530.1, 2607, 2614.1, 2630.1, 2677, 2814, 2822, 2829.1, 2831.2, 2853, 2854.1, 2855.1, 2856.1r, 2856.3r, 2856.4r, 2856.5r, 2857.2r, 2857.3r, 2857.4r, 2857.5r.

- <u>Rev. Jan. 23 Log</u>: 181, 234, 235, 312, 389, 392, 402, 920, 2079, 2127, 2150.

- <u>Rev. Jan. 28 Log</u>: 128, 170.

### *Fax Cover Sheets*

MGA's privilege logs indicate that it has withheld numerous fax cover sheets. Such documents are not generally privileged, in and of themselves, because correspondence that "merely transmit[s] documents to or from an attorney, even at the attorney's request for purposes of rendering legal advice to a client, are neither privileged nor attorney work-product." <u>American Med. Systems, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Inc.</u>, 1999 WL 970341, at *5 (E.D. La. Oct. 22, 1999) (ordering production of fax cover sheets). Thus, while the underlying communication may be privileged, the fax cover sheets are not unless they also transmit confidential information.

Please be prepared to discuss whether MGA continues to assert its claim of privilege regarding these documents described as fax cover sheets.

- <u>Rev. Aug. Log</u> Nos. 101.1, 101.6, 129.1, 312.1, 526.1, 562.1, 562.12, 573.1, 574.1, 578.1, 583.1, 584, 585.1, 586.1.

- <u>Rev. Sept. Log</u> Nos. 255.7, 740.1, 891.1, 896.1, 1000.3, 1013.1, 1013.7, 1021.1, 1021.2, 1036.4, 1036.6, 1058.1, 1058.3, 1058.4, 1063.1, 1072.1, 1072.3, 1081.2, 1107.1, 1107.3, 1134.1, 1134.3, 1421.1, 1661.1, 1912.1, 1981.1, 2071.1, 2369.5, 2803.1, 2816.3, 2818.4, 1819.3, 2821.2, 2831.1, 2832.3, 2836.4, 2839.5, 2839.6;

- <u>Rev. Jan. 23 Log</u> Nos. 923, 924, 965, 966.

- <u>Jan. 30 Log</u> No. 208.

### *Other Non-Privileged Documents*

Finally, MGA has listed various documents such as photographs and public records on its privilege log that are not generally privileged.

First, there are various entries for "photo[s]," "design/drawing[s]," and "pictoral presentation[s]." Given that these documents are not "communications" between an attorney and client, the application of the attorney-client privilege does not appear well-founded. <u>See Clavo v. Zarrabian</u>, 2003 WL 24272641, at *1 (C.D. Cal. Sept. 24, 2003) ("The mere transmission of the photographs to counsel does not by itself justify privilege protection."). While some of these entries also assert the work-product privilege, the descriptions offer little basis to determine that these documents were prepared in anticipation of litigation.

5

Exhibit 28
Page 597

- Rev. Aug. Log: 585.2, 585.3.

- Rev. Sept. Log: 202.2, 203.2, 209.2, 210.2, 217.2, 218.2, 874.2, 1193.2, 1193.3, 1193.4, 1193.5, 1193.6, 1193.7, 1193.8, 1193.9, 1424.2, 1798.3, 1801.3, 1812.3, 1815.2, 2630.1, 2630.2, 2630.3, 2630.4, 2630.5, 2630.6, 2630.7, 2630.8, 2630.9, 2630.10, 2630.11, 2835.3, 2835.4, 2839.3, 2839.4.

- Rev. Jan. 23 Log: 6, 7, 196, 197, 198, 1153, 1348, 1414, 1421, 1618, 1874, 1875, 1881, 1882, 1884, 1885, 2100, 2101, 2102.

- Rev. Jan. 28 Log: 289, 290, 325, 326, 327.

Second, MGA's logs have numerous entries showing that MGA has improperly sought to claim privilege over documents from the public record, including such categories as press releases, advertisements, webpages, excerpts from periodicals, general company policies, and governmental documents.

- Rev. Sept. Log: 1047.3, 1047.6, 1047.7, 1047.8.

- Jan. 30 Log: 126, 152, 153, 154, 155, 156, 157, 158, 211, 228, 244, 245, 246, 247, 252, 290, 291, 301.

Third, the logs contain a number of documents from various legal proceedings. From the descriptions given, these documents do not appear to be internal drafts, but rather operative legal documents such as subpoenas, complaints, declarations and the like. These documents "on their face, are not privileged" and should be produced. Mount Vernon Fire Ins. Co. v. Try 3 Bldg. Servs., Inc., 1998 WL 729735, at *2 (S.D.N.Y. Oct. 16, 1998).

- Rev. Jan. 23 Log: 102, 297, 782, 783, 784, 1023, 1715, 1718, 1849, 1939, 2123, 2126, 2128, 2129, 2130, 2131, 2132, 2133, 2134, 2135, 2136, 2137.

Fourth, a number of the entries relate to communications regarding legal fees or invoices, vouchers, and other documents memorializing such payments. While bills and other documents regarding legal fees may contain both privileged and non-privileged information, the logs suggest that these documents have been withheld in their entirety. These documents should be produced in whole or, to the extent that they contain some privileged information, produced in redacted form.

- Rev. Aug. Log: 295.2.

- Rev. Sept. Log: 930.1, 932.1, 1421.4, 1577.2, 1635, 1636, 1821.3, 1822.2.

- Jan. 15 Log: 145, 182, 208.

6

Exhibit 28
Page 598

- **Rev. Jan. 23 Log**: 335, 336, 337, 338, 339, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 1066, 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1074, 1075, 1076, 1077, 1078.

- **Rev. Jan. 28 Log**: 167, 215.

- **Jan. 30 Log**: 269, 282.

Finally, some of the descriptions on the logs are so vague that it is impossible to tell the subject matter of the document or communication, much less determine whether the privilege has been appropriately claimed. Specifically, a number of entries on the logs either lack description or are simply described as "spreadsheet[s]" or "chronolog[ies]" used "for the purposes of requesting legal advice," but give no indication as the type of information contained within, its purpose, or the attorneys involved. Please be prepared to discuss MGA's basis for its privilege assertions as to these documents.

- **Rev. Aug. Log**: 241.2.

- **Rev. Jan. 23 Log**: 578, 579, 580, 581, 600, 601, 602, 603, 604, 1606, 1939.

- **Rev. Jan. 28 Log**: 96, 117, 130, 140, 190, 198, 211, 237, 253, 258.

- **Jan. 30 Log**: 208.

Given these many deficiencies, it is incumbent on MGA to justify its claims or produce these documents. Pursuant to paragraph 5 of the Discovery Master Order and Local Rule 37, Mattel hereby requests a meet and confer on these deficiencies in MGA's privilege logs.

I look forward to hearing from you.

Best regards,

Jon Corey

7

Exhibit 28
Page 599

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

March 3, 2009

VIA FACSIMILE AND U.S. MAIL

Caroline Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:     Mattel v. MGA Entertainment, Inc., et al.

Dear Caroline:

I write further to our discussion last week regarding MGA's privilege logs.

As to the first category of entries set forth in our February 8, 2009 letter – communications between non-lawyers and non-legal communications - you stated that, in MGA's view, the Court ruled on this issue in Phase 1, precluding consideration of the privilege issues now. Hence, based on the prior ruling, MGA is not willing to analyze the underlying documents to determine whether MGA's claims of privilege are well-founded and/or to produce any non-privileged ones, in whole or in part.

As to the remaining categories set forth in the letter, you agreed to review the underlying documents to determine whether MGA would continue to stand by its claims of privilege. You agreed to either provide a supplemental privilege log that will show the privileged nature of the documents or produce the documents, in whole or in part, in the next two weeks. We look forward to receiving MGA's supplemental logs and/or any documents that MGA acknowledges were improperly withheld on March 10, 2009, as agreed.

Best regards,

Dylan Proctor

B. Dylan Proctor

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

Exhibit 28
Page 600

RECEIVED

MAR 0 5 2009

LAW OFFICES

**GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP**

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CHANKEY@GLASERWEIL.COM

March 4, 2009

Ⅲ MERITAS LAW FIRMS WORLDWIDE

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:    MGA v. Mattel

Dear Dylan:

This responds to your letter dated March 3, 2009, regarding our conference last week regarding MGA's privilege logs. To clarify, I agreed that MGA would review the privileged documents in all of the categories referenced in your letter other than the first category (purported communications between non-lawyers and purportedly non-legal communications) as soon as possible. You agreed to give us two weeks, until March 10, 2009, before filing a motion to compel the production. I did not, however, unconditionally agree to provide a supplemental privilege log or produce documents by March 10, 2009. In fact, I expressly stated that I did not believe that the review and supplementation could be completed in two weeks and instead asked you for at least 30 days in which to undertake a review and supplementation, which you refused.

Although we are doing everything we can to complete our review of the underlying documents as quickly as possible, it is my continued belief that we will not be able to complete a review and supplementation by March 10, 2009. Therefore, I reiterate my request for additional time in which to review the documents and supplement the privilege log in an effort to eliminate or at least narrow the scope of any motion practice on this subject. Please let me know if you would be willing to further defer the filing of any motion to compel production of these documents until March 30, 2009.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

CHM:ldc
669066

Exhibit 28
Page 601

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 553-7574
EMAIL: CMANKEY@GLASERWEIL.COM

March 10, 2009

MERITAS LAW FIRMS WORLDWIDE

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:   MGA v. Mattel

Dear Dylan:

This is in follow up to my letter to you dated March 4, 2009, regarding MGA's agreement to review hundreds of privileged documents identified in your meet and confer letter dated February 8, 2009, and potentially supplement its extensive privilege logs with respect to those documents. Consistent with the concern that I indicated to you during our telephonic meet and confer and in my letter to you, we have not been able to complete the review of those documents and any appropriate supplementation of MGA's privilege logs in the two week period that you agreed to extend to us. Thus, I reiterate the request I made in my March 4 letter for additional time in which to review the documents and potentially supplement the privilege log, to which I have not yet received a response. Please let me know if you would be willing to further defer the filing of any motion to compel production of these documents until at least March 30, 2009.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP.

CHM:lde
cc:   Craig Holden, Esq.
Joel Klevens, Esq.
Amman Khan, Esq.
Pat Benson, Esq.

669066

Exhibit 28
Page 602

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

March 12, 2009

VIA FACSIMILE AND U.S. MAIL

Caroline Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Re:   Mattel v. MGA Entertainment, Inc., et al.

Dear Caroline:

Thank you for your letters of March 4 and 10 regarding MGA's review of its privilege logs.

Based on your representations that MGA will review the withheld documents at issue in good faith (i.e., those corresponding with each entry listed in my letter of February 8 other than those falling in the first category) and either produce the withheld documents or serve revised privilege logs that show the privileged nature of the documents, and in the hopes that we may be able to narrow our dispute before engaging in motion practice if it turns out to be necessary, Mattel is willing to further defer the filing of its motion until March 30, as requested. That involves, of course, a delay of nearly two months since we first contacted your firm about this matter on February 8. We trust that MGA will fully live up to its commitment to produce withheld documents and revised privilege logs as appropriate by that date given the delays that have occurred already.

Please let me know if you have any questions or concerns.

Very truly yours,

B. Dylan Proctor

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712.

Exhibit 28
Page 603

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

April 3, 2009

☷ MERITAS LAW FIRMS WORLDWIDE

### VIA E-MAIL

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:    MGA v. Mattel

Dear Dylan:

Enclosed please find a redlined version of MGA's January 23, 2008, privilege log that has been revised to provide further detail about certain of the entries addressed in Jon Corey's letter to counsel for MGA dated February 8, 2009. As with the revised January 28 and January 30 logs, we have also added a column identifying in some instances the basis for Mattel's objection to the entry for reference purposes and a column reflecting which of the entries we are further reviewing for possible production or other response. We have also identified certain documents that we will be producing to you. We are still assembling and preparing for production those documents that we will agree to produce and we will continue to provide you with updated and revised versions of the privilege logs addressed in Mr. Corey's letter, all of which will be provided to you on a rolling basis.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

Enclosures
CHM:lde
cc:    Joel Klevens, Esq.
       Amman Khan, Esq.
       Pat Benson, Esq.

669066

Exhibit 28
Page 604

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 553-7874
EMAIL: CMANKEY@GLASERWEIL.COM

April 9, 2009

⚏ MERITAS LAW FIRMS WORLDWIDE

### VIA E-MAIL

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
    OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

                    Re:    MGA v. Mattel

Dear Dylan:

        Enclosed please find further redlined versions of MGA's January 23, 28 and 30, 2008, privilege logs that have been revised to reflect further documents that MGA agrees to produce.

        Thank you for your attention to this matter.

                                Very truly yours,

                                Caroline H. Mankey
            of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

Enclosures
CHM:lde
cc:    Joel Klevens, Esq.
        Amman Khan, Esq.
        Pat Benson, Esq.

669066

Exhibit 28
Page 605

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR.
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7674
EMAIL: CMANKEY@GLASERWEIL.COM

April 17, 2009

OF MERITAS LAW FIRMS WORLDWIDE

## VIA E-MAIL

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
   OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:   MGA v. Mattel

Dear Dylan:

Attached please find a revised version of MGA's August 14, 2007, privilege log, redlined to show the additional detail added and noting which documents MGA agrees to produce and which documents require further evaluation by MGA.

Please contact me if you have questions.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

Attachment
CHM:lde
cc:   Joel Klevens, Esq.
      Patricia H. Benson, Esq.
      Amman Khan, Esq.

674477

Exhibit 28
Page 606

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

May 7, 2009

Ⅲ MERITAS LAW FIRMS WORLDWIDE

### VIA E-MAIL

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
    OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:    MGA v. Mattel

Dear Dylan:

Attached please find a revised version of MGA's September 2007 privilege log, redlined to show the additional detail added and noting which documents MGA agrees to produce and which documents require further evaluation by MGA.

Please contact me if you have questions.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

Attachment
CHM:lde
cc:    Joel Klevens, Esq.
    Patricia H. Benson, Esq.
    Amman Khan, Esq.

674477

Exhibit 28
Page 607

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

June 16, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Caroline Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:     <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Caroline:

Now that the discovery stay has been lifted, I write regarding your letters regarding MGA's privilege logs and the revised MGA privilege logs transmitted therewith.

There are several global issues which I will address initially.  First, MGA's review appears to be incomplete in several respects:

- We have not received any newly revised versions of Isaac Larian's January 15 Log.

- The newly revised version of the Revised January 23, 2008 Log, transmitted with your April 17 letter, has only has 1558 entries, while the prior revised version had a total of 2155 entries.  The additional entries appear not to have been reviewed or revised.

- The newly revised version of the Revised September Log, transmitted with your May 7 letter, has only 1659 entries, while the prior revised version had a total of 2868 entries.  The additional entries appear not to have been reviewed or revised.

- The newly revised version of MGA's Revised January 28, 2008 Log appears to be a revision of the original January 28, 2008 log rather than the "revised January 28, 2008 log" which MGA produced on February 8, 2008.  For this reason, the entries problematic Mattel identified in many cases do not correspond with the entries you reviewed.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

Exhibit 28
Page 608

> The revised logs you have produced indicate that certain entries have been marked for "further review." See Rev. Aug. Log Nos. 132, 602.15, 653; Rev. Sept. Log Nos. 930.1, 1421.4, 1577.4, 1635, 1636; Rev. Jan. 23 Log Nos. 782, 784, 920, 923, 965, 966, 1023; Jan. 30 Log Nos. 30, 244, 245, 246, 247, 269, 282.

I understand MGA's review is ongoing, but it has been ongoing for quite a while. Please let me know when you expect it to be completed.

Second, MGA's revised logs indicate as to several entries that, after further review, MGA agrees the documents should be produced, either in full or in redacted (or further redacted) form. These entries include: Rev. Aug. Log Nos. 101.8, 312.1, 502.1, 502.12, 521, 529.4r, 562.3, 562.12, 563, 625, 635, 636, 637, 639, 640, 642; Rev. Sept. Log Nos. 124r, 1401.1r, 264.1r, 329.1r, 597.1r, 608.1r, 608.2r, 874.2, 932.1, 933.1; Rev. Jan. 23 Log Nos. 783, 1153, 1414, 1421; Jan. 30 Log Nos. 126, 152, 153, 154, 155, 156, 157, 158, 208.1, 211, 228, 252, 290, 291, 301. Please let me know when MGA will be producing those documents, if it has not already done so, and provide the appropriate bates-ranges so these documents can be identified.

Third, for certain entries, MGA appears to be asserting additional claims of privilege—for example, asserting for the first time that a particular document or communication is properly withheld under the work product doctrine. That is improper. MGA cannot simply "re-engineer [its] privilege logs to align [its] privilege assertions with [its] legal arguments." In re Honeywell Int'l Inc. Sec. Litig., 230 F.R.D. 293, 299 (S.D.N.Y. 2003); see also AAIpharma Inc. v. Kremers Urban Dev. Co., 2006 WL 3096026, at *6 (S.D.N.Y. 2006) (finding sanctions warranted where party "add[ed] a claim of privilege that had not been asserted initially" or by "revis[ed] the claim of privilege . . . either adding then deleting a basis, or vice-versa"). We expect such additional claims to be withdrawn. If MGA refuses to do so, please be prepared to address this issue when we next speak.

Regarding the specific entries that MGA has revised, I will address these with reference to the categories set forth in Mattel's February 8, 2008 letter.

### Handwritten Notes

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved). See Rev. Aug. Log No. 333.3; Rev. Sept. Log No. 1421.1, Rev. Jan. 23 Log Nos. 181, 234, 235, 389, 391, 402.

As to the remaining entries, many of the revised descriptions now simply state that the document or communication at issue "[c]ontains non-substantive handwritten notes." See Rev. Aug. Log No. 127, 129.1, 131, 172, 196, 259.1, 299, 307.1, 310, 343.11, 343.16, 393, 394, 431.1, 437, 447, 475.1, 507.1, 555, 558, 564, 565, 567, 587, 591, 592, 602.1, 605.1, 607.1, 614.1, 615, 629, 643, 644; Rev. Sept. Log Nos. 699.1, 708.1, 708.2, 804, 830.1, 891.1, 1063.1, 1363, 1364.1, 1446.1r, 1455, 1633.1. Other revised descriptions state that the "handwritten notes related" to the document or communication at issue, without providing any further detail as to the author or the recipient of the notes themselves. See Rev. Aug. Log Nos. 259.4, 346, 429.3, 457, 483, 508, 554, 557, 560, 570, 602.2, 602.15r, 604, 605.2, 607.2, 609, 613, 618.2, 621, 622, 623.1, 626.3, 630, 634, 638, 641.1,

2

Exhibit 28
Page 609

641.2; Rev. Sept. Log Nos. 869, 870, 877.1, 896.1, 1074.1, 1084.1, 1084.2, 1259, 1268, 1269, 1271, 1399, 1402, 1659.1.

Neither of these revisions addresses Mattel's concerns that non-privileged information is being improperly withheld. "Non-substantive" notes that are not privileged may be withheld no more than substantive, non-privileged notes. See U.S. v. Weisman, 1995 WL 244522, at *8 (S.D.N.Y. 1995) (it "is not the proper function of [the withholding party] to determine whether documents would in fact be useful to establish [the other party's] case"). Likewise, describing the handwritten notes as being "related" to the communication or document at issue provides no more information than the original descriptions. Notably, MGA still has not identified the authors or the recipients of the notes, showing they are not properly withheld. See, e.g., Baxter Healthcare Corp. v. Fresenius Med. Care, Inc., 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008) (ordering documents produced from privilege log because party "failed provide sufficient identification" of communications' authors).

There are also several specific issues as to the withheld notes:

- Rev. Aug. Log No. 431.1, as revised, now indicates that the handwritten notes at issue were "from Alan C. Rose" and unidentified "others." Those other individuals should be identified in order to assess whether the notes are, in fact, privileged.

- Rev. Aug. Log Nos. 585.2 & 585.3, as revised, now indicate that these entries are photos with handwritten notes "sent to outside counsel." Despite its revisions, MGA still has not identified the specific sender or recipient. Moreover, as discussed separately in this letter, photographs transmitted to counsel generally are not themselves privileged. Accordingly, both the photographs and, at least absent an identification of the specific individuals involved, the notes should be produced.

- Rev. Aug. Log No. 614.3, as revised, now indicates that that the handwritten notes relate to a draft license agreement. However, MGA has still not indentified either the author or recipient of these notes.

- Rev. Aug. Log No. 653 has not been revised in any manner, and MGA still has not identified the author of the notes at issue.

- Rev. Jan. 23 Log No. 312, as revised, indicates these are notes reflecting a conversation between an MGA attorney and a potential witness. Because this document is not an attorney-client communication, there appears to be no basis for it being withheld as such. Further, as explained previously, MGA cannot belatedly assert new claims of work product privilege in order to bolster the inadequacies of its original log.

- Rev. Jan. 23 Log No. 782, 784 and 1023 were originally included in Mattel's letter as documents from legal proceedings. As revised, your descriptions indicate that the basis of the withholding are the handwritten notes on the documents; however, your revised descriptions fail to indicate the notes' authors or recipients.

3

Exhibit 28
Page 610

- Rev. Jan. 23 Log No. 920, as revised, indicates this document is a transcription of a meeting, but does not indicate the participants at that meeting.

Finally, entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following:

- Rev. Sept. Log Nos. 1666, 1672.1, 1672.2, 1672.3, 1683.1, 1691.1, 1692.1, 1822.1, 1829.2, 1839.1, 1839.7, 1844.1, 2023, 2068, 2076.1, 2150.1, 2174, 2182.1, 2191, 2194, 2195, 2196, 2199, 2200, 2201, 2202, 2319, 2325, 2326.1, 2327, 2347.1, 2369.1, 2369.5, 2377.1r, 2405, 2407, 2408, 2409, 2410, 2411, 2412, 2413.1, 2414, 2417, 2422.1, 2422.2, 2423, 2437.2, 2449, 2457, 2452.1, 2462.2, 2464, 2449, 2457, 2452.1, 2462.2, 2464, 2466, 2470, 2530.1, 2607, 2614.1, 2630.1, 2677, 2814, 2822, 2829.1, 2831.2, 2853, 2854.1, 2855.1, 2856.1r, 2856.3r, 2856.4r, 2856.5r, 2857.2r, 2857.3r, 2857.4r, 2857.5r.

- Rev. Jan. 23 Log Nos. 2079, 2127, 2150.

- Rev. Jan. 28 Log Nos. 128, 170.

*Fax Cover Sheets*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved). See Rev. Aug. Log No. 333.3; Rev. Sept. Log Nos. 1021.3, 1021.4, 1072.1, 1072.4.

However, despite the revised descriptions, MGA still fails to provide any basis for the withholding of numerous other fax cover sheets. In particular, a number of the revised descriptions now merely state that the fax cover sheets contain "confidential" information. See Rev. Aug. Log Nos. 101.1, 101.2, 129.1, 502.11, 526.1, 562.1, 573.1, 574.1, 578.1, 583.1, 584, 585.1, 586.1; Rev. Sept. Log Nos. 255.7, 740.1, 891.1, 896.1, 1000.4, 1013.1, 1013.8, 1036.4, 1058.1, 1058.4, 1058.5, 1063.1, 1081.2, 1107.1, 1107.4, 1134.1, 1134.4, 1421.1; Rev. Jan. 23 Log Nos. 923, 924, 965, 966. Stating that the fax cover sheets contains "confidential" information does not mean that they contain information protected by the attorney-client privilege. See, e.g., Hynix Semiconductor Inc. v. Rambus Inc., 2008 WL 350641, at *4 (N.D. Cal. 2008) (holding that "[w]hile the [document] was obviously confidential, it is not privileged").

Entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following: Rev. Sept. Log Nos. 1661.1, 1912.1, 1981.1, 2071.1, 2369.5, 2803.1, 2816.3, 2818.4, 1819.3, 2821.2, 2831.1, 2832.3, 2836.4, 2839.5, 2839.6.

*Other Non-Privileged Documents*

*Photographs & Drawings*

Your log indicates that MGA is continuing to withhold various drawings of logos and the like which do not appear to be privileged. Rev. Sept. Log Nos. 217.2, 1193.4, 1193.5, 1193.6, 1193.7,

4

Exhibit 28
Page 611

1193.8, 1193.9, 1193.0, 11931.11. The revised descriptions also indicate that MGA continues to withhold as privileged various photographs that were taken by a "private investigator conducting surveillance at the direction of counsel," "sent to outside counsel" or attached to other communications claimed as privileged. Rev. Aug. Log Nos. 585.2, 585.3.; Rev. Jan. 23 Log Nos. 6, 7, 196, 197, 198, 1348, 1421. The revised descriptions provide no basis to justify such continued withholdings. See Clavo v. Zarrabian, 2003 WL 24272641, at *1 (C.D. Cal. 2003) ("The mere transmission of the photographs to counsel does not by itself justify privilege protection."). Please produce such materials or be prepared to explain why MGA believes these documents are properly withheld.

Entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following:

- Rev. Sept. Log Nos. 1798.3, 1801.3, 1812.3, 1815.2, 2630.1, 2630.2, 2630.3, 2630.4, 2630.5, 2630.6, 2630.7, 2630.8, 2630.9, 2630.10, 2630.11, 2835.3, 2835.4, 2839.3, 2839.4.

- Rev. Jan. 23 Log Nos. 1618, 1874, 1875, 1881, 1882, 1884, 1885, 2100, 2101, 2102.

- Rev. Jan. 28 Log Nos. 289, 290, 325, 326, 327.

*Public Records*

With regard the press releases and other public records, your revised logs indicate that you have agreed to produce the vast majority of the entries raised by Mattel. However, you continue to maintain that MGA may assert a claim of privilege over "webpages" without any indication of how such an assertion is proper. Rev. Sept. Log: 1047.6, 1047.9, 1047.10, 1047.11. Please explain this continued withholding.

*Documents from Legal Proceedings*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved). Rev. Jan. 23 Log Nos. 102, 297.

Entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following: Rev. Jan. 23 Log Nos. 1715, 1718, 1849, 1939, 2123, 2126, 2128, 2129, 2130, 2131, 2132, 2133, 2134, 2135, 2136, 2137.

*Legal Fees*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entry (without prejudice to Mattel's right to litigate the propriety of withholding this entry at a later time, which is reserved).  See Rev. Aug. Log No. 295.2.

However, as to the remaining entries, MGA's revised descriptions provide no further support for withholding than the original log descriptions.

5

Exhibit 28
Page 612

- Rev. Aug. Log No. 241.2, as revised, indicates this document is a "schedule of rates" which has been withheld under the attorney-client privilege. Such information is not privileged.

- Jan. 30 Log Nos. 269 and 282 appear to be non-privileged communications about legal invoices and payment. They should be produced.

Further, according to the revised descriptions many entries appear to be "check stub[s]," "wire transfer record[s]," "invoice[s]," "purchase order[s]" and other "accounting documentation" which were "collected and analyzed" by counsel for the Larian v. Larian litigation.

- Rev. Jan. 23 Log Nos. 335, 336, 337, 338, 339, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 1066, 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1074, 1075, 1076, 1077, 1078.

These documents are currently being withheld as attorney-work product. Please confirm whether the underlying documents themselves—i.e., the checks or wire records—have otherwise been produced in this matter. If they have not, and absent some further showing, they should be produced; in general, documents are not shielded from disclosure merely because they were later collected by an attorney.

Finally, entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following:

- Rev. Sept. Log Nos. 1821.3, 1822.2.

- Rev. Jan. 28 Log Nos. 167, 215.

*Other Vaguely Described Entries*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entry (without prejudice to Mattel's right to litigate the propriety of withholding this entry at a later time, which is reserved). See Rev. Jan. 30 Log No. 208.

However, MGA's revised descriptions for many of these entries are further examples of impermissible re-engineering of MGA's logs. See Rev. Jan. 23 Log: 578, 579, 580, 581, 600, 601, 602, 603, 604, 1606, 1939. If these "spreadsheets" and the like were not properly withheld as attorney-client communications, MGA cannot now simply claim they are work product. See e.g., AAIpharma, 2006 WL 3096026, at *6.

Finally, entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following:

- Rev. Jan. 23 Log Nos. 1606, 1939.

- Rev. Jan. 28 Log Nos. 96, 117, 130, 140, 190, 198, 211, 237, 253, 258.

6

Exhibit 28
Page 613

Please let me know when you are available to discuss the specific concerns I have raised in this letter and when you plan to complete your review of the remaining logs.

I look forward to promptly hearing from you.

Very truly yours,

*B. Dylan Proctor /SDK*

B. Dylan Proctor

07975/2888984.5

7

Exhibit 28
Page 614

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CHANKEY@GLASERWEIL.COM

June 22, 2009

☷ MERITAS LAW FIRMS WORLDWIDE

<u>VIA E-MAIL</u>

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
    OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:    Bryant v. Mattel, Inc. and consolidated actions

Dear Dylan:

This responds in part to your letter dated June 16, 2009, regarding MGA's revised privilege logs. Upon receiving your letter, I checked the versions of the revised January 23, 2008 and September 2007 privilege logs and determined that, previously unbeknownst to us, both copies were missing numerous pages. Enclosed please find full copies of both of those revised logs. I apologize for any inconvenience.

Now that the stay has been lifted, we will resume our review of the documents that we indicated would be subject to our further review. In the meantime, we will produce to you under separate cover copies of the documents that MGA has already agreed to produce. I understand that it will take several days to isolate them and prepare them for production in the agreed-upon format.

Please let me know if you have any questions.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

CHM:lde
Enclosures
cc:    Joel N. Klevens, Esq.
    Jason Russell, Esq.
    Patricia Benson, Esq.

680241

Exhibit 28
Page 615

EXHIBIT 29

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

MATTEL, INC., )
                              )
                PLAINTIFF,    )
                              )
        VS.                   )   NO. ED CV 04-09049
                              )   (LEAD LOW NUMBER)
MGA ENTERTAINMENT, INC., ET. AL., )
                              )
                DEFENDANTS.   )   MOTION HEARING
                              )
AND CONSOLIDATED ACTIONS,     )
                              )

**CERTIFIED COPY**

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

MONDAY , JUNE 2 , 2008

1:33 P.M.

THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA  92501
951-274-0844
WWW.THERESALANZA.COM

2

1    APPEARANCES:

2

3

4    ON BEHALF OF MATTEL:

5              QUINN EMANUEL
               BY:   HARRY A. OLIVAR
6              BY:   JON COREY
               BY:   DYLAN PROCTOR
7              865 S. FIGUEROA STREET,
               10TH FLOOR
8              LOS ANGELES, CALIFORNIA   90017
               213-624-7707

9

10   ON BEHALF OF MGA ENTERTAINMENT:

11

12             SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
               BY:   JASON RUSSELL
               BY:   JOSE ALLAN
13             300 SOUTH GRAND AVENUE
               LOS ANGELES, CALIFORNIA   90071-3144
14             213-687-5000

15

16

17

18

19

20

21

22

23

24

25

MONDAY, JUNE 2, 2008

Exhibit 29
Page 617

MOTIONS HEARING



3

1

2

I N D E X

3   MOTIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   PAGE

4                                                                          4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MONDAY, JUNE 2, 2008

MOTIONS HEARING

Exhibit 29
Page 618

4

RIVERSIDE, CALIFORNIA; MONDAY, JUNE 2, 2008; 1:33 P.M.

-oOo-

THE CLERK:   CALLING CALENDAR ITEM NINE, MATTEL INC. VERSUS MGA ENTERTAINMENT INC., AND RELATED ACTIONS, CV 04-9059.

MAY WE HAVE COUNSEL PLEASE COME FORWARD AND STATE YOUR APPEARANCES FOR THE RECORD.

MR. COREY:   JON COREY, HARRY OLIVAR, AND DYLAN PROCTOR FOR MATTEL.

MR. RUSSELL:   JASON RUSSELL AND JOSE ALLAN FOR MGA.

THE COURT:   GOOD AFTERNOON TO YOU ALL.

WE'RE ON CALENDAR FOR A SERIES OF MOTIONS THAT HAD NOT BEEN ADDRESSED BY THE DISCOVERY MASTER BUT ARE RELATED TO PHASE ONE OR SUBMITTED TO THE COURT AS BEING RELATED TO PHASE ONE, WHICH I WANTED TO RULE ON BEFORE THE TRIAL WENT ANY FURTHER.

THE COURT HAS RECEIVED AND REVIEWED THE DOCUMENTS SUBMITTED IN SUPPORT AND OPPOSITION TO THESE MOTIONS AND IS PREPARED TO HEAR FURTHER ARGUMENT AT THIS TIME AND MAKE RULINGS ON EACH OF THEM.

THE FIRST MOTION I HAVE BEFORE ME -- AND I'LL GO THROUGH THEM IN THE ORDER THAT THEY WERE PRESENTED, UNLESS THERE IS --

MR. RUSSELL:   I APOLOGIZE, BUT WE HAVE COUNSEL FOR THIRD PARTY, MS. ANNE WONG'S COUNSEL IS HERE; THAT'S MOTION SIX; I THOUGHT, JUST AS A COURTESY TO HER, WE COULD LET HER --

Exhibit 29
Page 619

MONDAY, JUNE 2, 2008

MOTIONS HEARING

26

1    MET.

2         THE COURT:  WHAT KIND OF EVIDENCE ARE YOU LOOKING

3    FOR?  THAT'S SOMETHING ELSE YOU SAY AS WELL, BUT I AM NOT SURE

4    WHAT YOU ARE LOOKING FOR.

5         MR. OLIVAR:  SOME TESTIMONY FROM A PERCIPIENT WITNESS       02:08

6    THAT BANDAI AND ACCLAIM GAMES HAVE AN IDENTICAL LEGAL ISSUE; IT

7    PUTS IT CLOSE TO IDENTICAL WITH MGA IN DEFENDING AGAINST THE

8    CLAIMS OF THIS LAWSUIT.

9         THE COURT:  SO YOU'RE LOOKING FOR A DECLARATION OR

10   SOMETHING TO THAT EFFECT.

11        MR. OLIVAR:  WE HAVE THAT, BUT IT REALLY SAYS NOTHING       02:08

12   AT ALL.  IT SAYS WE WORK WITH BANDAI CLOSELY, THEY HAVE VARIOUS

13   ROLES, THEY HAVE INTERESTS IN THE SALE OF BRATZ.  WE ACCEPT

14   THEY HAVE ECONOMIC INTERESTS AS A LICENSEE.  BUT THE CASE LAW

15   IS CLEAR THAT JUST BECAUSE SOMEONE IS INTERESTED IN THE SALES    02:08

16   OF BRATZ CONTINUING IN A COMMERCIAL SENSE, THAT DOES NOT COUNT

17   AS AN IDENTICAL OR MERELY AN IDENTICAL LEGAL INTEREST.

18        THERE'S NO EVIDENCE THAT BANDAI HAS BEEN WORKING WITH

19   MGA ON A COORDINATED LEGAL STRATEGY OR THAT ANY OF THESE

20   DOCUMENTS IN ANY WAY FIT INTO THAT STRATEGY.  THEY JUST HAVE

21   DOCUMENTS INVOLVING PRODUCT SALES OR INVOICES OR TRADEMARKS AND  02:09

22   THEY SAY PURSUANT TO COMMON INTEREST, AND THERE'S NO EVIDENCE

23   TO SATISFY ANY OF THE LEGAL TESTS AS TO THESE DOCUMENTS.

24        THE ONE DECLARATION THEY PUT IN, MR. KHARI, SAYS

25   NOTHING THAT WOULD SATISFY THE LEGAL TESTS.                      02:09

Exhibit 29
Page 620

MONDAY, JUNE 2, 2008                    MOTIONS HEARING

27

1    SO THAT ONE I THINK IS SUSCEPTIBLE TO A CLEAR RULING.

2  WE HIT A STONE WALL DURING MEET AND CONFER TRYING TO GET

3  PRODUCTION OF THOSE DOCUMENTS.

4        THE COURT:  VERY GOOD.

5        MR. ALLAN, LET ME HEAR FROM YOU ON THIS.

6        MR. ALLAN:  GOOD AFTERNOON, YOUR HONOR.                02:09

7        JOSE ALLAN.  I'M FROM THE SKADDEN ARPS OFFICE IN SAN

8  FRANCISCO.

9        THE COURT:  WELCOME, COUNSEL.

10        MR. ALLAN:  I'VE SPENT QUITE A BIT OF TIME FOCUSED

11  JUST ON THESE PRIVILEGED LOG ISSUES, YOUR HONOR, AND THEY DO    02:10

12  BREAK DOWN INTO THREE GENERAL CATEGORIES; THOSE THAT THE CLAIM

13  IS MADE THAT THIS JUST REFLECTS COMMUNICATIONS AMONG IN-HOUSE

14  PERSONNEL AND NO LAWYER IS INVOLVED; THE SO-CALLED TRADEMARK

15  SEARCH RESULTS; AND THEN THE THIRD-PARTY COMMUNICATIONS.

16        LET'S DEAL WITH THE FIRST CATEGORY FIRST, BECAUSE I      02:10

17  HAVE HAD QUITE EXTENSIVE COMMUNICATIONS WITH THE QUINN FIRM

18  CONCERNING THE NATURE OF THE DOCUMENTS.

19        WHEN THIS ISSUE FIRST CAME UP, WE WENT BACK THROUGH

20  THE PRIVILEGED LOGS AND IDENTIFIED THE DOCUMENTS WHICH WE

21  BELIEVED COULD BE REDACTED AND PRODUCED IN PART WHERE THERE WAS  02:10

22  NONPRIVILEGED COMMUNICATIONS INVOLVED.  THE DOCUMENTS THAT

23  REMAINED ON THE LOG WERE DOCUMENTS IN WHICH INTERNAL MGA

24  PERSONNEL WERE DISCUSSING ADVICE RECEIVED FROM COUNSEL

25  CONCERNING A BROAD ARRAY OF MATTERS.  THOSE ARE THE DOCUMENTS   02:11

28

1   THAT WE'VE TOLD THEM WE HAVE DECIDED SHOULD NOT BE PRODUCED.

2   THEY WERE NOT SUSCEPTIBLE OF BEING PRODUCED IN REDACTED FORM.

3   BUT WE COMMITTED AND WE DID GO THROUGH AND REVIEW EVERY

4   DOCUMENT THAT THEY IDENTIFIED IN THEIR LETTER THAT THEY HAD

5   RAISED A QUESTION ABOUT, AND WE ASSURED OURSELVES THAT THE ONES        02:11

6   THAT WERE NOT BEING PRODUCED IN REDACTED FORM WERE

7   APPROPRIATELY WITHHELD ON THE GROUNDS OF PRIVILEGED LOGS.

8           THE COURT:   LET ME STOP YOU THERE.

9           CAN YOU REPRESENT THEN TO THE COURT YOU'VE DONE THAT

10.  FOR NOT ONLY THE ONES THEY HAVE RAISED PERHAPS IN A LETTER OR         02:11

11   YOUR COMMUNICATIONS, BUT ALL OF THE ONES IDENTIFIED IN THIS

12   FIRST MOTION?

13           MR. ALLAN:   YES.

14           ONE OF THE PROBLEMS IS WE'VE HAD A MOVING TARGET

15   HERE.  I SAID, 'LOOK, I'M GOING TO GIVE YOU A REVISED LOG WHICH        02:11

16   IDENTIFIES DOCUMENTS WHICH HAVE BEEN PRODUCED IN REDACTED FORM

17   AND DOCUMENTS WHICH HAVE BEEN WITHHELD IN PART.'

18           THE COURT:   VERY WELL.

19           MR. ALLAN:   WE GAVE THEM THOSE LOGS.  AND I SAID,

20   'LOOK, ONCE YOU GET THOSE LOGS, I'D LIKE YOU TO GO THROUGH            02:12

21   THOSE NEW REVISED LOGS AND TELL ME WHICH DOCUMENTS YOU STILL

22   HAVE A PROBLEM WITH, THAT YOU'VE GOT SOME CONCERNS ABOUT.'

23           I GOT THAT LETTER.  I WENT BACK AND WENT THROUGH

24   THOSE DOCUMENTS AND WE IDENTIFIED THE ONES THAT WE BELIEVED ARE

25   APPROPRIATELY WITHHELD IN WHOLE; SO WE'VE BEEN THROUGH THAT            02:12

Exhibit 29
Page 622

MONDAY, JUNE 2, 2008                              MOTIONS HEARING

29

1  EXERCISE.

2       THE COURT:   WHAT ABOUT THE TRADEMARK SEARCH RESULTS
3  AND REQUESTS?

4       MR. ALLAN:   YOUR HONOR, YOU HIT THE NAIL RIGHT ON THE
5  HEAD WITH REGARD TO THE TRADEMARK SEARCH RESULTS.   WE HAVE NOT
6  WITHHELD FROM PRODUCTION DOCUMENTS WHERE SOMEBODY DID A
7  TRADEMARK SEARCH RESULT AND GOT A PRINTOUT BACK IDENTIFYING
8  WHAT OTHER MARKS WERE OUT THERE.

9       WHAT WE HAVE WITHHELD ARE DOCUMENTS IN WHICH COUNSEL
10  FOR MGA HAS SAID, 'LOOK, I'VE CONDUCTED A TRADEMARK SEARCH
11  RESULT AND THIS IS WHAT I DISCOVERED AND HERE'S MY ADVICE TO
12  YOU AS TO WHAT YOUR NEXT STEPS OUGHT TO BE.'

13       NOW, MR. OLIVAR HAS AGREED THAT THOSE TYPES OF
14  COMMUNICATIONS WOULD BE PRIVILEGED AND THAT THEY ARE NOT
15  SEEKING PRODUCTION OF THAT TYPE OF COMMUNICATIONS.

16       THE COURT:   LET ME STOP YOU THERE.

17       I DON'T KNOW WHETHER HE DOES OR NOT.   I DON'T KNOW IF
18  I AGREE.

19       THE FIRST SENTENCE THAT YOU SAID THERE, IN YOUR
20  HYPOTHETICAL LETTER, 'I HAVE CONDUCTED A TRADEMARK SEARCH AND
21  THIS IS MY ADVICE TO YOU,' I AGREE THAT EVERYTHING AFTER 'THIS
22  IS MY ADVICE TO YOU...' IS REDACTED AND PROTECTED BY PRIVILEGE.
23  BUT THE FACT HE CONDUCTED OR SHE CONDUCTED A TRADEMARK SEARCH
24  RESULT, THAT FIRST PORTION, THAT IS NOT PROTECTED, UNDER MY
25  READING OF THE LAW.

02:12
02:13
02:13
02:13
02:13
02:13

Exhibit 29
Page 623

MONDAY, JUNE 2, 2008

MOTIONS HEARING

30

1        MR. ALLAN:  I UNDERSTAND THAT, YOUR HONOR.

2        BUT WE HAVE THE PRIVILEGED LOG THAT IDENTIFIES THE

3   SENDER OF THE LETTER, THE RECIPIENT OF THE LETTER, AND THAT IT

4   RELATES TO A TRADEMARK SEARCH OR COPYRIGHT MATTER.

5        THE COURT:  BUT COUNSEL POINTS IN HIS BRIEF THAT YOU          02:14

6   DON'T SPECIFY WHICH TRADEMARK SEARCH RESULTS YOU'RE REFERRING

7   TO.

8        IS THAT CORRECT?

9        MR. ALLAN:  THAT'S CORRECT.  WE DO NOT, IN ALL

10  INSTANCES, SPECIFY WHAT TRADEMARKS -- BECAUSE, YOUR HONOR, IT'S    02:14

11  A COMMUNICATION THAT'S PRIVILEGED.  WHAT WE WOULD END UP WITH

12  IS A LETTER THAT HAS AN ADDRESSEE ON IT, A DATE, AND A RE:

13  LINE, AND THEN THE ENTIRETY OF THE DOCUMENT IS REDACTED FROM

14  THERE ON OUT.

15       OUR SUBMISSION HAS BEEN, GIVEN THE DEMANDS OF THIS

16  CASE -- WE JUST DON'T SEE HOW THAT INFORMATION PROVIDES           02:14

17  ANYTHING OF BENEFIT TO MATTEL.  AND WE NOTE THAT MATTEL

18  CERTAINLY HAS NOT DONE THAT WITH RESPECT TO THE DOCUMENTS THEY

19  HAVE GIVEN US.  AND WE'RE NOT AWARE OF ANY CASE LAW THAT SAYS

20  THAT'S THE WAY YOU PARSE THROUGH THE REDACTIONS WHERE IT'S THE    02:15

21  DATE OF THE RECIPIENT, WHICH IS ALREADY ON THE PRIVILEGED LOGS,

22  THE RE:  LINE, AND THEN REMAINDER OF THE DOCUMENT IS THEN

23  REDACTED.

24       THE COURT:  THE CONCERN I THINK IS IN PART THAT

25  MATTEL DOES NOT HAVE A FULL ACCOUNTING FOR ALL OF THE TRADEMARK   02:15

Exhibit 29
Page 624

MONDAY, JUNE 2, 2008

MOTIONS HEARING

34

1    ONE OF THOSE TWO CATEGORIES?   THAT ALL OF THE DOCUMENTS THAT

2    HAVE NOT BEEN BASED ON THIS COMMON INTEREST PRIVILEGE FALL INTO

3    ONE OF THOSE TWO CATEGORIES?

4            MR. ALLAN:   YES, YOUR HONOR.   AND I'LL. DO YOU ONE

5    BETTER AND I'LL GO BACK AND DOUBLE CONFIRM THAT.   BUT THAT HAS

6    BEEN THE STANDARD THAT WE USED.

7            THE COURT:   VERY WELL.   THANK YOU, COUNSEL.

8            I'D LIKE TO HEAR FROM MATTEL ON THE SECOND ISSUE, AND

9    THAT'S ON MY CONCERN ABOUT CUMULATIVE EVIDENCE.   BECAUSE,

10   CERTAINLY, IF THERE WAS A TRADEMARK SEARCH OR IF MGA RECEIVED A

11   TRADEMARK SEARCH RESULT, WE DON'T NEED FIVE DOCUMENTS REFERRING

12   TO THAT PARTICULAR SEARCH OR THAT PARTICULAR SEARCH RESULT,

13   PROVIDED THAT YOU HAVE IT.

14           WOULD YOU AGREE?

15           MR. OLIVAR:   THIS WAS A MOTION ABOUT DOCUMENTS

16   CLAIMED TO BE PRIVILEGE.   THE ARGUMENT IS NOW THEY ARE NOT

17   PRIVILEGED, BUT WE DON'T NEED WHAT WE'RE SEEKING.

18           THE COURT:   I UNDERSTAND THAT, BELIEVE ME.

19           MR. OLIVAR:   TAKING COUNSEL'S REPRESENTATION THEY MAY

20   NOT BE PRIVILEGED -- YES, WE DO NEED THE INFORMATION WE'RE

21   SEEKING AS TO FIRST USES OF BRATZ AND OTHER TRADEMARKS.

22           THE COURT:   FAIR ENOUGH.

23           MR. OLIVAR:   THIS IS WHAT I DISCOVERED, COUNSEL IS

24   SAYING; THAT'S NOT PRIVILEGED ON A TRADEMARK SEARCH.

25           THE COURT:   I AGREE.

02:20

02:20

02:20

02:21

02:21

Exhibit 29
Page 625

MONDAY, JUNE 2, 2008                              MOTIONS HEARING

35

1      IS THERE A CUMULATIVE DIMENSION?  DOES THERE COME A

2  POINT WHEN IT BECOMES OBVIOUS THAT --

3      MR. OLIVAR:  YOU HAVE TO SEE THE DOCUMENTS.

4      WITH ALL DUE RESPECT, WE DON'T ACCEPT MGA'S

5  REPRESENTATION THAT THERE IS NOTHING OF BENEFIT TO US IN THESE          02:21

6  DOCUMENTS.  I DON'T THINK IN THIS CASE WE OUGHT TO HAVE TO

7  ACCEPT THAT.

8      ONE FINAL THING, MR. ALLAN MADE REPRESENTATIONS ON

9  ONE AND THREE.  THERE ARE SOME DOCUMENTS THAT WE THINK ARE SO

10  CRITICAL THAT WE DON'T WANT TO TAKE COUNSEL'S REPRESENTATION IN          02:21

11  COURT THAT THEY ARE NOT PRIVILEGED.  WE WOULD SUBMIT A SMALL

12  NUMBER TO YOUR HONOR, LESS THAN 50, IN THE CRITICAL TIME

13  PERIOD, SUCH AS THE CONSULTING AGREEMENT IN AUGUST OF 2000 BY A

14  NONLAWYER THAT THEY SAY IS PRIVILEGED, FOR SOME REASON, FOR

15  YOUR HONOR'S REVIEW.  WE REQUESTED THE ABILITY TO DO THAT, LESS          02:22

16  THAN 50 DOCUMENTS, SO WE DON'T HAVE TO ACCEPT COUNSEL'S

17  REPRESENTATION THAT LOG ENTRIES THAT APPEAR TO BE IMPROPER ARE

18  REALLY PRIVILEGED.

19      WITH THAT, I'LL SUBMIT, YOUR HONOR.

20      THE COURT:  ALL RIGHT.

21      THE COURT IS GOING TO GRANT IN PART AND DENY IN PART          02:22

22  ALL THREE OF THESE MOTIONS.

23      I'M GOING TO DENY THE FIRST MOTION, BASED ON THE

24  REPRESENTATIONS MADE BY MR. ALLAN HERE BEFORE THE COURT TODAY

25  THAT ALL OF THE DOCUMENTS THAT HAVE BEEN REPRESENTED AS          02:22

Exhibit 29
Page 626

MONDAY, JUNE 2, 2008                          MOTIONS HEARING

36

1   COMMUNICATIONS BETWEEN NONLAWYERS ARE, IN FACT, PRIVILEGED AND

2   THAT MR. ALLAN HAS PERSONALLY ASSURED THE COURT THAT THOSE HAVE

3   BEEN REVIEWED AND, IN FACT, TO THE EXTENT THAT THEY ARE

4   PARTIALLY NONPRIVILEGED, THAT THEY HAVE BEEN PRODUCED IN

5   REDACTED FORM.   TO THE EXTENT THAT THEY HAVE NOT BEEN PRODUCED,   02:23

6   THAT IS BECAUSE THEY ARE FULLY PRIVILEGED.  HERE'S JUST SIMPLY

7   NOT A BASES FOR ANY PARTICULAR DOCUMENT OR ANY GROUP OF

8   DOCUMENTS FOR THE COURT TO ORDER A PRODUCTION AT THIS POINT.  I

9   DO ACCEPT MR. ALLAN'S REPRESENTATION.  SO THE FIRST MOTION I

10  WILL DENY; THAT'S THE MOTION TO COMPEL PRODUCTION OF PREVIOUSLY   02:23

11  WITHHELD DOCUMENTS, ONLY PORTIONS OF WHICH ARE ALLEGEDLY

12  PRIVILEGED.

13          WITH RESPECT TO THE SECOND MOTION IN THIS GROUPING

14  RELATED TO THE TRADEMARK SEARCH RESULTS, I'M GOING TO GRANT

15  THIS IN PART BY ORDERING THAT ALL DOCUMENTS WHICH REVEAL         02:23

16  TRADEMARK SEARCH RESULTS AND REQUESTS AND/OR TRADEMARK DATES OF

17  FIRST USE BE PRODUCED SUBJECT TO REDACTION FOR ANY PRIVILEGED

18  COMMUNICATIONS.

19          SO IF THE DOCUMENT MAKES A REFERENCE, TO USE AN

20  EXAMPLE, LIKE MR. ALLAN USED -- I CONDUCTED A TRADEMARK SEARCH   02:24

21  ON SUCH AND SUCH A DATE, THIS IS MY ADVICE; THE FORMER PART

22  WOULD BE PRODUCED, THE LATTER PART WOULD BE REDACTED.

23          WITH RESPECT TO THE THIRD MOTION CONCERNING THE

24  SO-CALLED BANDAI DOCUMENTS, THIS IS THE COMMON INTEREST

25  PRIVILEGE, THE COURT IS SETTING FORTH ITS FINDINGS AND ITS       02:24

Exhibit 29
Page 627

MONDAY, JUNE 2, 2008                     MOTIONS HEARING

37

1   LEGAL CONCLUSIONS THAT THE COMMON INTEREST PRIVILEGE ATTACHES

2   ONLY WHERE THE PARTIES SHARE IDENTICAL OR NEARLY IDENTICAL

3   LEGAL INTERESTS; AND TWO, THE COMMUNICATIONS ARE MADE AS PART

4   OF A COORDINATED LEGAL STRATEGY.

5           I'M CONFIDENT IN MR. ALLAN'S EXPLANATION OF HIS

6   REVIEW, BUT I AM GOING TO REQUIRE THAT BASED ON SOME DEGREE OF          02:24

7   UNCERTAINTY OR A DESIRE TO DOUBLE CHECK, THAT HE MAKE A

8   COMPREHENSIVE REVIEW OF THE SO-CALLED BANDAI DOCUMENTS AND THAT

9   IS TO INCLUDE THE ACCLAIM GAME OR ANY OTHER THIRD-PARTY TO

10  WHICH THESE DOCUMENTS WERE DISCLOSED, AND SUBMIT APPROPRIATE

11  EVIDENCE TO THE COURT IN THE FORM OF A SWORN DECLARATION OF THE          02:25

12  REVIEW THAT WAS MADE, WHAT WAS DONE TO ENSURE THOSE HAVE BEEN

13  PROPERLY DESIGNATED ON THE PRIVILEGED LOGS.

14          MR. ALLAN:   ONE INQUIRY WITH REGARD TO THE SECOND

15  MOTION, AND THAT IS, WOULD THE COURT CONSIDER A DATE LIMITATION

16  WITH RESPECT TO THOSE TRADEMARK SEARCH RESULTS?   BECAUSE THERE          02:25

17  ARE A NUMBER OF DOCUMENTS THAT ARE 2002, 2003, WELL BEYOND THE

18  PERIOD THAT THEY WOULD REALLY HAVE ANY BEARING ON THE ISSUES

19  THAT ARE TEED UP FOR PHASE 1-A.

20          THE COURT:   COUNSEL?

21          MR. OLIVAR:   FIRST DATES OF FIRST USE ARE CRITICAL NO           02:26

22  MATTER WHEN THEY APPEAR.   IF IT'S A 2004 SEARCH FOR BRATZ, AND

23  IT'S REPRESENTED TO THE LAWYER BRATZ WAS FIRST USED IN AUGUST

24  OF 2000, THAT'S A DOCUMENT WE WANT; AT LEAST THE PART ABOUT THE

25  DATE OF FIRST USE.

                                                                            02:26

58

1   ASKING THE COURT TO ENTERTAIN A MOTION TO ALLOW THAT EXPERT TO

2   TESTIFY AND TO HAVE MGA CONSIDER THAT REPORT.

3           MR. RUSSELL:  YOUR HONOR, I RECEIVED NOTICE OF THIS

4   FROM MR. COREY APPROXIMATELY AN HOUR BEFORE I SHOWED UP IN

5   COURT.  IT'S DIFFICULT TO, WITH ANY CERTAINTY, RESPOND TO IT.          02:53

6           I GUESS WHAT I'D ASK IS I CAN TELL YOU NOW, MGA IS

7   GOING TO OBJECT, BECAUSE WE BELIEVE THEY HAVE HAD THE

8   OPPORTUNITY TO HAVE THIS REPORT LONG BEFORE THE EXPERT PROCESS

9   COMMENCED; SO IF IT'S THEIR INTENT TO USE THIS REPORT, I'D ASK

10  THEY BE GIVEN A DATE TO FILE THIS MOTION, LET'S SET UP A                02:54

11  BRIEFING SCHEDULE.  BECAUSE, IN OUR VIEW, THIS IS CLEARLY

12  UNTIMELY, INAPPROPRIATE, AND WE STRONGLY OBJECT.

13          THE COURT:  SINCE YOU'VE ONLY HAD AN HOUR TO THINK

14  ABOUT THIS, LET'S TALK ABOUT IT TOMORROW MORNING, AND WE'LL SEE

15  IF BRIEFING IS APPROPRIATE.                                            02:54

16          MR. RUSSELL:  THANK YOU, YOUR HONOR.

17          MR. COREY:  THANK YOU, JUDGE.

18                       CERTIFICATE

19

20  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE
    ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.
23

24

25  THERESA A. LANZA, RPR, CSR           6-3-08
    FEDERAL OFFICIAL COURT REPORTER        DATE

Exhibit 29
Page 629
MONDAY, JUNE 2, 2008
MOTIONS HEARING

EXHIBIT 30

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 31

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 32

1  Robert C. O'Brien (SBN 154372)
   ARENT FOX LLP
2  555 West Fifth Street, 48th Floor
   Los Angeles, CA 90013-1065
3  Telephone: 213.629.7400
   Facsimile: 213.629.7401
4  obrien.robert@arentfox.com

5  Discovery Master

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11

12  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

13              Plaintiff,

14         v.                             Consolidated with
                                          Case No. CV 04-09059
15  MATTEL, INC., a Delaware             Case No. CV 05-2727
    corporation,
16                                        **PHASE 2 DISCOVERY MATTER**
              Defendant.
17                                        **ORDER NO. 48, REGARDING:**

18                                        *EX PARTE* **APPLICATION OF
                                          MGA ENTERTAINMENT, INC.
19                                        AND ISAAC LARIAN FOR AN
                                          ORDER STAYING THE
20                                        ENFORCEMENT OF ORDER NO.
                                          42 PENDING A FINAL DECISION
21                                        ADJUDICATING THE
                                          PRIVILEGE ISSUES RAISED IN
22                                        THE ORDER**

23  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
24  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                          Exhibit 32
                                          ORDER NO. 48
                                          Page 667
                                          [Case No. CV 04-09049 SGL (RNBx)]

1    The Discovery Master, having reviewed (1) the *ex parte* application of MGA

2    Entertainment, Inc. and Isaac Larian (collectively, "MGA Parties") for a stay of

3    Order No. 42 pending a final decision adjudicating the privilege issues raised

4    therein (the "Application"), as well as (2) the Opposition to the Application filed by

5    Mattel, Inc., hereby **ORDERS** as follows:

6        1.    The MGA Parties have no obligation to produce the documents

7    required to be submitted for *in camera* review pursuant to Order No. 42 until their

8    recently filed Motion for Reconsideration is resolved by the Discovery Master.

9        2.    Notwithstanding the foregoing, the MGA Parties shall take all steps

10   necessary to ensure that the documents can be promptly delivered to the Discovery

11   Master for *in camera* review in the event their Motion for Reconsideration is

12   denied.

13   Dated:  August 14, 2009

14

15

16                                        By:     /s/ Robert C. O'Brien

17                                                ROBERT C. O'BRIEN

18                                                Discovery Master

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

Exhibit 32
Page 668

ORDER NO. 48
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 33

1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone: +1-415-773-5700
   Facsimile: +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017
10 Telephone: +1-213-629-2020
   Facsimile: +1-213-612-2499
11
12 Attorneys for MGA Parties

13              UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15                   EASTERN DIVISION

16 | CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx)
17 |              Plaintiff,        | Consolidated with:
18 | v.                            | CV 04-9059
                                     CV 05-2727
19 | MATTEL, INC., a Delaware      | **DISCOVERY MATTER**
      Corporation
20 |              Defendant.        | **[To Be Heard By Discovery Master
21 |                                | Robert C. O'Brien]**
22 |                                | **NON-OPPOSITION TO MATTEL'S
23 | AND CONSOLIDATED ACTIONS      | MOTION FOR ISSUANCE OF
                                     LETTERS OF REQUEST FOR
                                     VARGAS AND TRUEBA AND
24 |                                | REQUEST FOR AMENDMENT OF
                                     LETTERS**
25 |                                | Date:      TBD
26 |                                | Time:      TBD
                                     Place:     Arent Fox LLP
27 |                                | **Phase 2**
                                     Discovery Cutoff:    December 11, 2009
28 |                                | Pretrial Conference: March 1, 2010
                                     Trial Date: March 23, 2010

OHS West:260701627.1

NON-OPPOSITION TO MATTEL'S MOTION FOR ISSUANCE
OF LETTERS OF REQUEST FOR VARGAS & TRUEBA
CV-04-9049 SGL (RNBx)

Exhibit 33
Page 669

1    MGA Entertainment, Inc. ("MGA") does not oppose Mattel's Motion for

2    Issuance of Letters of Request for Vargas and Trueba.  MGA, in fact, would

3    welcome these witnesses testifying at depositions so that they can confirm what

4    they have stated in sworn declarations: *that at no point did they use or disclose*

5    *any Mattel confidential information while at MGA.*  This would prevent Mattel

6    from insinuating, as Mattel does throughout its Third Amended Answer and

7    Counterclaim (TACC) that these witnesses must have stolen Mattel's trade secret

8    because they are being investigated in Mexico for such alleged theft – in an

9    investigation that Mattel convinced Mexican authorities to undertake!

10    Mattel, in fact, ideally would like these witnesses to assert their right to

11    remain silent, due to the risk of self-incrimination in the Mattel-orchestrated

12    criminal proceedings in Mexico.  That way Mattel can say, as it does with respect to

13    Machado, that these witnesses "refused to answer questions about [other]

14    misconduct and instead revoked the Fifth Amendment over 100 times."  TACC,

15    ¶ 61.  So having created a situation in Mexico where these witnesses are forced to

16    assert their right against self-incrimination, Mattel then seeks to have adverse, albeit

17    not supportable, inferences drawn from that silence.  MGA, therefore, would like to

18    have these witnesses testify so that Mattel could not seek to rely on improper

19    inferences of wrongdoing.

20    In the event these witnesses testify in Mexico, however, MGA requests that

21    an additional topic be added to the Letters to allow for questioning by MGA on

22    MGA's claims and defenses against Mattel.  That topic is:

23    •    Mattel's tortious, unfair and anti-competitive practices to banish MGA

24         from the market as described in MGA's complaint against Mattel.

25    Both Vargas and Trueba are former employees of Mattel.  As such, they are likely

26    to have discoverable information concerning the unfair and anticompetitive

27    practices described in MGA's complaint.  They could know, for example, of

28    Mattel's efforts in the market to "kill Bratz," through any means possible.  They

OHS West:260701627.1                        - 1 -        NON-OPPOSITION TO MATTEL'S MOTION FOR ISSUANCE
                                                         OF LETTERS OF REQUEST FOR VARGAS & TRUEBA
                                                         CV-04-9049 SGL-RNBx)

Exhibit 33

Page 670

1   would also have first hand knowledge of being required to execute onerous and
2   one-sided documents before receiving their final pay checks in an effort to prevent
3   them from seeking better employment from a competitor.

4        Further, in the event the witnesses are deposed and testify, MGA requests
5   that the Court extend the seven hour limit to allow for questioning by MGA. With
6   a seven hour limit, MGA expects Mattel to use all or most of that time for its
7   questioning, leaving little time for MGA to examine these witnesses. Sine these
8   individuals are no longer employed by MGA, MGA will need to conduct its own
9   examination to preserve their testimony for trial.

11   Dated:    July 29, 2009              Respectfully submitted,

12                                       ORRICK, HERRINGTON & SUTCLIFFE
                                         LLP
13

14

15                                       By: /s/ William A. Molinski
                                             William A. Molinski
16                                           Attorneys for MGA Parties

Exhibit 33
Page 671

EXHIBIT 34

1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11

| | |
|---|---|
| 12 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13          Plaintiff, | Consolidated with Case No. CV 04-09039 Case No. CV 05-02727 |
| 14     vs. | **DISCOVERY MATTER** |
| 15 MATTEL, INC., a Delaware corporation, | **[To be heard by Discovery Master Robert C. O'Brien pursuant to the Court's Orders of December 6, 2006 and January 6, 2009]** |
| 16          Defendant. | |
| 17 | |
| 18 AND CONSOLIDATED ACTIONS | REPLY IN SUPPORT OF MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST FOR VARGAS AND TRUEBA |
| 19 | |
| 20 | Date:   TBD Time:   TBD Place:  Arent Fox LLP |
| 21 | |
| 22 | **Phase 2:** Disc. Cut-off:   Dec. 11, 2009 Pre-trial Con.:   Mar. 1, 2010 Trial Date:   Mar. 23, 2010 |
| 23 | |
| 24 | |

25

26

27

28
                                              Exhibit 34
                                              Page 672

1

**Argument**

2          The MGA Parties concede that a Letter of Request should issue.  Mattel

3   therefore asks the Discovery Master to recommend that it be signed and issued.

4          Defendants also ask, without making a proper motion or even

5   submitting any actual Letter of Request, that they permitted to add a topic to

6   Mattel's Letter of Request and conduct their own examination of these individuals.

7   While in theory Mattel would have been amenable to adding a proper topic as part

8   of any mutually agreeable and orderly process, granting defendants' after-thought

9   request would be inappropriate under the particular circumstances here.

10          First, defendants have not provided a proper topic for the Letter of

11   Request or at least have provided one that threatens to improperly infect Mattel's

12   Letter of Request.  An improper topic can delay approval or even result in the denial

13   of a deposition.  Currently, defendants propose to insert a vague topic consisting of

14   conduct "described in MGA's complaint against Mattel."  The Letter of Request

15   must contain information necessary to permit the foreign judicial authority to

16   understand the evidence being sought.  See Hague Convention on Taking of

17   Evidence Abroad in Civil or Commercial Matters, Article 3.  Defendants' ill-defined

18   topic, which broadly references a complaint not available to the foreign judicial

19   authority, violates this provision, and could be asserted as grounds for Mexico (or

20   the witnesses or others) to object to Mattel's Letter, further delaying or hindering

21   discovery in this case.  Id. at Article 5.  The Discovery Master should not permit

22   defendants' vague and potentially unacceptable topic to delay depositions Mattel has

23   been attempting to take for nearly seven months.  At a minimum, if defendants are

24   allowed to proceed with their topic, it should not be part of Mattel's Letter of

25   Request.

26

27

28

1    Second, each side may take only ten depositions under the <u>Federal</u>
2  <u>Rules</u>. Mattel has proposed that the deposition limit be expanded to 25 per side, but
3  defendants have rejected such an increase.[1] If defendants wish to depose Vargas
4  and Trueba, the depositions should be counted against both Mattel's deposition
5  limits and defendants'. The counting of these depositions could also be split, so that
6  each side is only charged with one deposition. Under no circumstances, however,
7  should defendants be permitted to circumvent the mutual limits on deposition by
8  conducting "free" depositions of witnesses after they have been noticed by Mattel.

9    Finally, defendants request that the Discovery Master "extend the seven
10  hour limit to allow for questioning by MGA." (Non-Opposition at 2.) This request
11  too is inappropriate because it assumes, without basis or support, that the
12  depositions are governed by the <u>Federal Rule</u>'s seven-hour time limit. As noted in
13  the Letter, the deposition is to be taken "under the Federal Rules of Civil Procedure
14  of the United States of America, ***except to the extent such procedure is***
15  ***incompatible with the internal laws of Mexico***." Deposition procedure will be
16  determined by the Mexican judicial authorities. Applying the seven-hour limit
17  applicable to depositions taken under the <u>Federal Rules</u> would be unjust here,
18  particularly given the delays that may be caused by the use of translators as well as
19  the requirements of Mexican procedure. Indeed, MGA Mexico previously objected,
20  successfully, to Mattel taking these depositions pursuant to the <u>Federal Rules</u>,
21  claiming that the witnesses were not subject to deposition under the <u>Rules</u>.
22  Defendants must take the bitter with the sweet. Having urged that these witnesses
23  cannot be deposed by a notice under the <u>Rules</u>, defendants should not be permitted
24  to selectively claim that the <u>Rules</u>' terms apply whenever it suits them.

25
26

27    [1]  <u>See</u> Declaration of B. Dylan Proctor, filed concurrently herewith, at Exhs. 1-2
    & ¶ 3.
28

07975/3035598.1

Exhibit 34
Page 674

-2-

1  DATED:  August 3, 2009                QUINN EMANUEL URQUHART OLIVER &
2                                        HEDGES, LLP
3
4                                        By /s/ Michael T. Zeller
                                            Michael T. Zeller
5                                           Attorneys for Mattel, Inc.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 35

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                   EASTERN DIVISION

16  CARTER BRYANT, an individual,          Case No. CV 04-9049 SGL (RNBx)

17              Plaintiff,                 Consolidated with: Case No. CV 04-9059
                                           and Case No. CV 05-2727
18  v.
                                           **DISCOVERY MATTER**
19  MATTEL, INC., a Delaware               **[To Be Heard By Discovery Master**
    Corporation,                           **Robert C. O'Brien]**
20
21              Defendant.                 **SUPPLEMENTAL DECLARATION**
                                           **OF WILLIAM A. MOLINSKI IN**
22                                         **RESPONSE TO MOTION FOR**
                                           **ISSUANCE OF LETTERS OF**
23                                         **REQUEST FOR VARGAS AND**
    ─────────────────────────────         **TRUEBA AND REQUEST FOR**
24  AND CONSOLIDATED ACTIONS               **AMENDMENT OF LETTERS**

25                                         Date:      TBD
                                           Time:      TBD
26                                         Place:     Arent Fox LLP

27                                         **Phase 2**
                                           Discovery Cutoff:    December 11, 2009
28                                         Pretrial Conference: March 1, 2010
                                           Trial Date:  March 23, 2010

1          I, William A. Molinski, declare as follows:

2          1.      I am an attorney at the law firm of Orrick, Herrington & Sutcliffe

3    LLP, attorneys of record for Plaintiff and Counter-Defendant MGA Entertainment,

4    Inc. and Counter-Defendants MGA Entertainment HK, Ltd., MGAE de Mexico

5    S.R.L. de C.V., and Isaac Larian ("MGA Parties").  Based on this representation, I

6    am familiar with the events, pleadings, and discovery in this action and, if called

7    upon as a witness, I could and would testify competently to the matters stated

8    herein of my own personal knowledge.  I make this supplemental declaration in

9    response to Mattel's motion for issuance of letters of request for Vargas and

10   Trueba.

11         2.      On July 29, 2009, MGA filed a Non-Opposition to Mattel's

12   Motion for the Issuance of Letters of Request for Vargas and Trueba And Request

13   For Amendment Of Letters.  In that Non-Opposition, MGA indicated that it did not

14   oppose the depositions of Vargas and Trueba, but did object to the one-sided

15   Letters of Request that Mattel sought to have issued by the Court.

16         3.      Mattel responded objecting to MGA's response for, *inter alia*,

17   failing to attach a form of Letters of Request that would include a more balanced

18   approach to the Requests.

19         4.      Attached hereto as **Exhibit A** is a Proposed Letter of Request

20   that contains a more balanced description of the procedural background and

21   includes topics that would include the claims asserted by MGA against Mattel, for,

22   *inter alia*, unfair competition and trade dress infringement.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

Exhibit 35

1        I declare under penalty of perjury under the laws of the United States

2   that the foregoing is true and correct, and that this declaration was executed this

3   17th day of August, 2009, at Los Angeles, California.

4

5

6                    William A. Molinski

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT

# A

Exhibit 35
Page 679

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:  +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:  +1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15                   EASTERN DIVISION

16  CARTER BRYANT, an individual,      Case No. CV 04-9049-SGL (RNBx)

17            Plaintiff,               Consolidated with: Case No. CV 04-9059
                                       and Case No. CV 05-2727
18       v.

19  MATTEL, INC., a Delaware           [PROPOSED] REQUEST FOR
    corporation,                       JUDICIAL ASSISTANCE (LETTER
20                                      OF REQUEST) BY THE UNITED
            Defendant.                  STATES DISTRICT COURT FOR
21                                      THE CENTRAL DISTRICT OF
                                        CALIFORNIA
22
    AND CONSOLIDATED ACTIONS
23                                      Date:
                                        Time:
24                                      Courtroom:
                                        Judge:      Hon. Stephen G. Larson
25

26

27

28

OHS West:260711469.2                            REQUEST FOR JUDICIAL ASSISTANCE
                                                CV 04-9049-SGL (RNBx)

Exhibit 35
Page 680

EXHIBIT A
PAGE 3

1

2

## TABLE OF CONTENTS

**Page**

3  LETTER OF REQUEST ........................................................................ 2

4  I.   NATURE OF PROCEEDINGS .................................................. 3

5       A.   Names and Addresses of the Parties and Their Representatives (Article 3(b)) ................................................ 3

6       B.   Nature and Purpose of the Proceedings and Summary of the Alleged Facts (Article 3(c)) ............................................... 3

7            1.   Nature of the Proceedings................................... 3

8            2.   Procedural Background ....................................... 4

9            3.   Knowledge Of Persons To Be Examined ............ 6

    II.  EVIDENCE SOUGHT (ARTICLE 3(D)) ................................. 8

10       A.   Pablo Vargas San Jose .................................................. 8

11       B.   Mariana Trueba Almada ................................................ 9

12       C.   Subject Matter About Which The Deponents Are To Be Examined  (Article 3(f))................................................. 10

13       D.   Requirement That The Evidence Be Given on Oath or Affirmation  and Specific Form to Be Used (Article 3(h)) ............... 10

14       E.   Special Methods or Procedures to be Followed (Article 3(i) and 9) ............................................................................. 10

15       F.   Fees and Costs............................................................... 11

16       G.   Notification of Court and Parties (Article 7) .................... 11

17       H.   Conclusion .................................................................... 11

    III.  REQUEST FOR JUDICIAL ASSISTANCE............................. 12

18  IV.  RECIPROCITY ........................................................................ 13

19  V.   CONCLUSION ......................................................................... 13

20

21

22

23

24

25

26

27

28

Exhibit 35
Page 681

EXHIBIT A
PAGE 4

1   TO THE SUPERIOR COURT OF JUSTICE FOR THE FEDERAL DISTRICT:

2        The United States District Court for the Central District of California

3   presents its compliments to the Superior Court of Justice for the Federal District,

4   and requests international judicial assistance to obtain the following: (1) the

5   examination, under oath, of Pablo Vargas San Jose, as set forth in Schedule B; and

6   (2) the examination, under oath, of Mariana Trueba Almada, as set forth in

7   Schedule C.  The testimony of these witnesses is intended for use at trial, and will

8   be relevant to numerous claims and defenses in the case.  A trial on this matter is

9   scheduled for March 23, 2010 in Riverside, California, United States of America.

10       This request is made pursuant to the Hague Convention of 18 March 1970 on

11  the Taking of Evidence Abroad in Civil or Commercial Matters, as adopted and

12  implemented at 28 U.S.C. § 1781 and the Executive Order published in the Federal

13  Official Gazette dated February 12, 1990.  This Court, the United States District

14  Court for the Central District of California, Eastern Division, is a competent court

15  of law and equity which properly has jurisdiction over this proceeding, has the

16  power to compel the attendance of witnesses within its jurisdiction, and has the

17  authority to seek the assistance of foreign governments in compelling the

18  attendance of witnesses outside its jurisdiction.

19       This request is made with the understanding that it will in no way require the

20  person described below to commit any offense, nor will it require the person

21  described below to undergo a broader form of inquiry than they would if the

22  litigation were conducted in Mexico.

23

24

25

26

27

28

Exhibit 35

EXHIBIT A
PAGE 5

## Letter of Request

1.  **Sender/Requesting Authority (Article 3(a))**

    Hon. Stephen G. Larson
    United States District Judge
    United States District Court for the Central District of California
    Room 260
    3470 Twelfth Street
    Riverside, CA 92501
    Tel: (951) 328-4464

2.  **Authority of the Requested State (Article 3(a))**

    Superior Court of Justice for the Federal District
    Niños Heroes No. 132, Planta Baja, Colonia Doctores,
    Delegación Cuauthemoc, Código Postal 06720
    Mexico City, Mexico
    Tel: 51 34 11 00

3.  **Person to whom the executed request is to be returned**

    Michael T. Zeller
    Quinn Emanuel Urquhart Oliver & Hedges, LLP
    865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    Tel: (213) 443-3000

4.  **Persons designated to act in connection with the Letter of Request**

    The parties and their representatives listed in Schedule A attached hereto

5.  **Persons designated to carry out formalities on behalf of the requesting party:**

    Jointly or individually: Hector Geronimo Calatayud - Izquierdo, Ricardo Luis Hernandez - Garfias, Victor Manuel Rivero - Montiel, Hector Leonel Rivera - Muñoz, Enrique Valdespino - Pastrana and/or Arturo Aguirre -Arias,

    Paseo de los Tamarindos No. 400 "A", Colonia Bosques de las Lomas,
    Delegación Cuajimalpa, Código Postal 05120,
    Mexico City, Mexico

6.  **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

Exhibit 35
REQUEST FOR JUDICIAL ASSISTANCE
CV 04-9049 SGL (RNBx)
PAGE 688

EXHIBIT A
PAGE 6

1    As soon as reasonably practicable consistent with the Court's calendar.

2    **7.    Identity and address of those to be examined (Article 3(e))**

3    Pablo Vargas San Jose 135 Loma de Guadalupe Alvaro Obregon
4    Mexico D.F. 1720
     Mariana Trueba Almada
5    Paseo del Pedregal 1110 Casa 10
6    Jardines Del Pedregal
     Alvaro Obregon
7    Mexico, D.F. 01900

8    **I.    NATURE OF PROCEEDINGS**

9        **A.    Names and Addresses of the Parties and Their Representatives**
10              **(Article 3(b))**

11       The evidence requested relates to the action entitled Bryant v. Mattel, Inc.,

12   Case No. CV 04-9049 SGL (RNBx), which consists of three actions that have been

13   consolidated before the requesting judicial authority: Mattel, Inc. v. Bryant, Case

14   No. CV 04-9049 SGL (RNBx) (the "Bryant Case"); Bryant v. Mattel, Inc., Case

15   No. CV 04-9049 SGL (RNBx) (the "Declaratory Relief Case"), and MGA

16   Entertainment, Inc. v. Mattel, Inc., Case No. CV05-2727 SGL (RNBx) (the "Unfair

17   Competition Case"). The parties and their representatives are listed in Schedule A

18   attached hereto. The applicant for this letter of request is defendant and cross-

19   plaintiff Mattel, Inc. ("Mattel").

20       **B.    Nature and Purpose of the Proceedings and Summary of the**
21              **Alleged Facts (Article 3(c))**

22              **1.    Nature of the Proceedings**

23       This proceeding is a civil lawsuit alleging copyright infringement, dilution

24   trade dress infringement, misappropriation of trade secrets, violation and conspiracy

25   to violate the Racketeer Influenced and Corrupt Organizations Act, breach of

26   contract, intentional interference with contract, breach and aiding and abetting

27   breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty,

28   conversion, unfair competition, unjust enrichment, avoidance of intentional and

OHS West:260711469.2                    - 3 -                    REQUEST FOR JUDICIAL ASSISTANCE
                                                                                CV 04-9049 SGL (RNBx)

Exhibit 35
PAGE 684

EXHIBIT A
PAGE 7

1    constructive fraudulent transfers under the Uniform Fraudulent Transfer Act, and
2    declaratory relief.

### 2.    **Procedural Background**

4        Mattel's Original Complaint.  Mattel originally filed suit against Bryant for
5    breach of contract, breach of fiduciary duty, breach of the duty of loyalty, unjust
6    enrichment and conversion in April 2004.  In its Complaint, Mattel alleged its claim
7    to ownership of all inventions and works created by Bryant during his Mattel
8    employment and seeks to recover all benefits obtained as a result of his breach of
9    duties.  MGA intervened in Mattel's case against Bryant in December 2004 to
10   defend the rights it claims in the Bratz properties.

11       Bryant's Counterclaims.  Bryant initially challenged the assignment
12   provisions in the Inventions Agreement between he and Mattel in four
13   Counterclaims, alleging unconscionability, mistake, duress, fraud, Labor Code
14   violations, Business and Professions Code violations, unfair competition and other
15   claims.  Bryant sought rescission of the Inventions Agreement and a declaration
16   that the Inventions Agreement is unenforceable.  The Court dismissed all of
17   Bryant's Counterclaims in an 18-page Order.

18       In addition to his Counterclaims, Bryant sued Mattel in November 2004 for a
19   declaratory judgment that he had not infringed the copyrights in a Mattel project
20   known as "Toon Teens." The Court dismissed Bryant's declaratory judgment
21   complaint on the pleadings.

22       MGA's Complaint Against Mattel:  On April 13, 2004, MGA filed a
23   complaint against Mattel for false designation of origin, affiliation, association or
24   sponsorship, unfair competition and dilution for Mattel's habitual and unfair tactics
25   of competition-by-intimidation and serial copycatting of MGA's products, which
26   MGA alleges Mattel has used in an effort to cause confusion in the marketplace and
27   eliminate MGA as a competitor in the toy and fashion doll market.  MGA has also

28

Exhibit 35

REQUEST FOR JUDICIAL ASSISTANCE
PAGE 668
CV 04-9049 SGL (RNBx)

EXHIBIT A
PAGE 8

1  alleged that Mattel has intimidated, coerced and threatened retailers, licensees,

2  suppliers, and others in the toy industry in order to stifle MGA's ability to compete.

3     Consolidation.  After the Court lifted a discovery stay imposed while the

4  Ninth Circuit Court of Appeal resolved an appeal regarding subject matter

5  jurisdiction issues, the Court consolidated Mattel's case against Bryant, Bryant's

6  declaratory relief case and MGA's case against Mattel, for all purposes.

7     Mattel's Second Amended Counterclaims.  Mattel filed its Second Amended

8  Answer and Counterclaims on July 12, 2007, asserting thirteen counterclaims

9  against six named defendants, MGA Entertainment, Inc., Isaac Larian, MGA

10  Entertainment (HK) Ltd., MGA's Hong Kong subsidiary, MGAE de Mexico S.R.L.

11  de C.V., MGA's Mexican subsidiary, Carlos Gustavo Machado Gomez, and Carter

12  Bryant.  Mattel's counterclaims included claims for copyright infringement,

13  misappropriation of trade secrets, violation of and conspiracy to violate the

14  Racketeer Influenced and Corrupt Organizations ("RICO") Act, breach of contract,

15  intentional interference with contract, breach of fiduciary duty, aiding and abetting

16  breach of fiduciary duty, breach of duty of loyalty, aiding and abetting breach of

17  duty of loyalty, conversion, unfair competition, and declaratory relief.

18     In its Second Amended Counterclaims, Mattel alleged that MGA and other

19  defendants, including MGA's Mexican subsidiary, MGAE de Mexico, Isaac Larian,

20  MGA Entertainment, Inc.'s CEO, and former CEO of MGAE de Mexico, and

21  Carlos Gustavo Machado Gomez (collectively the "MGA Defendants"), have

22  engaged in the systematic theft of Mattel's trade secrets, which the MGA

23  Defendants used to unfairly compete against Mattel.[1]  It is alleged that the MGA

24  Defendants hired directly from Mattel numerous employees, including at least three

25  in Mexico, and including the two that Mattel seeks to examine.[2]  Mattel further

26  alleged that the MGA Defendants specifically targeted and recruited many of these

27

28  [1] See Mattel's Second Amended Counterclaims dated July 12, 2007 at ¶ 37.
  [2] Id. at ¶ 77.

1   employees based on the Mattel confidential and proprietary information the Mattel

2   employees could access and bring to MGA.[3]  Mattel alleges that Mr. Vargas and

3   Ms. Trueba were two of these Mattel employees.

4          On February 21, 2007, this Court bifurcated these consolidated cases into

5   two phases.  Phase 1 focused on ownership of the works Carter Bryant created

6   while he was a Mattel employee, including Bratz, Mattel's claims of copyright

7   infringement stemming from that ownership and Bryant's work with MGA while

8   he was a Mattel employee.

9          During the summer of 2008, the parties tried the Phase 1 issues, resulting in

10  jury verdicts in Mattel's favor.

11         <u>Mattel's Third Amended Counterclaims</u>.  On May 22, 2009, Mattel, Inc. filed

12  its Third Amended Answer and Counterclaims.  These counterclaims included the

13  claims of the Second Amended Answer and Counterclaims identified above, and

14  added an additional claim for avoidance of intentional and constructive fraudulent

15  transfers under the Uniform Fraudulent Transfer Act.  Mattel alleges that, after

16  Phase 1 trial, MGA and Larian created several shell corporations and used them to

17  divert MGA profits to Isaac Larian and his friends and family, and did so to defraud

18  Mattel.  Mattel also alleged thefts of Mattel trade secrets by additional employees,

19  and additional predicate acts to its RICO claims, including the conduct noted above,

20  perjury and obstruction of justice by Isaac Larian, destruction of evidence, and

21  commercial bribery as a result of the hiring of three additional Mattel employees to

22  work for MGA while still employed by Mattel.

23                **3.    Knowledge Of Persons To Be Examined**

24         Mattel has alleged that Mr. Vargas and Ms. Trueba are two principal actors

25  in the MGA Defendants' scheme to steal and profit from Mattel's trade secrets and

26  confidential and proprietary information.[4]  Ms. Trueba was the Senior Marketing

27  _____

28  [3] <u>Id.</u>
    [4] The allegations set forth in this section are from Mattel's Third Amended

Exhibit 35

EXHIBIT A
PAGE 10

1   Manager, Girls Division, for Mattel Mexico.[5]  Mr. Vargas was a Senior Trade

2   Marketing Manager with Mattel Mexico.[6]  Mattel alleges that the MGA Defendants

3   recruited Mr. Vargas and Ms. Trueba, along with a third Mattel employee, Carlos

4   Gustavo Machado Gomez, beginning in late 2003 or early 2004.  Mattel alleges that

5   in connection with that plan to join MGA, and with the encouragement of MGA's

6   CEO, Isaac Larian, and other MGA officers operating in the United States, they

7   began accessing, copying and collecting Mattel trade secrets and confidential and

8   proprietary information.  On April 19, 2004, Mr. Machado, Ms. Trueba and Mr.

9   Vargas each resigned their positions with Mattel, effective immediately.[7]

10       Mattel alleges that, starting on April 12, 2004, Mr. Vargas copied a host of

11   trade secrets, confidential and proprietary materials to a portable USB storage

12   device, including sales plans, sales projections and customer profiles.[8]  On April 16,

13   2004, Ms. Trueba also copied Mattel trade secrets, confidential and proprietary

14   information to a portable USB storage device connected to her Mattel computer.[9]

15   In total, Mattel alleges the three employees stole virtually every type of document a

16   competitor would need to enter the Mexican market and to unlawfully compete

17   with Mattel in Mexico, in the United States, and elsewhere.  Mattel alleged that

18   they stole global internal future line lists that detailed anticipated future products,

19   production and shipping costs for Mattel products; daily sales data for Mattel

20   products; customer data; sales estimates and projections; marketing projections;

21   documents analyzing changes in sales performance from 2003 to 2004; budgets for

22   advertising and promotional expenses; strategic research reflecting consumer

23   responses to products in development; media plans; consumer comments regarding

24   existing Mattel products customer discounts and terms of sale; customer inventory

25   Counterclaims, dated May 22, 2009.

26   [5] Id. at ¶ 46.
     [6] Id. at ¶ 47.

27   [7] Id. at ¶ 48.
     [8] Id. at ¶ 52.

28   [9] Id. at ¶ 53.

Exhibit 35

1  level data; assessments of promotional campaign success; market size historical

2  data and projections; marketing plans and strategies; merchandising plans; retail

3  pricing and marketing strategies; and other similar materials.[10]

4      MGA believes that Mr. Vargas and Ms. Trueba would also have knowledge

5  of MGA's claims against Mattel for, *inter alia*, unfair competiton and trade dress

6  infringement.  Specifically, MGA believes that since these individuals were

7  previously employed by Mattel, they can and would testify to Mattel's efforts to

8  muscle MGA out of the business with intimidation and threats to retailers,

9  licensees, suppliers, employees and others in the industry.  MGA believes these

10  individuals will be able to testify to Mattel's copy-catting of MGA's products, trade

11  dress, packaging and advertising.

12  **II.    EVIDENCE SOUGHT (ARTICLE 3(D))**

13      The evidence to be obtained consists of testimony for use in the Phase 2 trial

14  of the consolidated actions that have been captioned Bryant v. Mattel, Inc., Case

15  No. 04-9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-

16  2727).  It is requested that a Mexican judicial authority compel Pablo Vargas San

17  Jose to appear and to be examined, under oath, as to his knowledge of the topics set

18  forth in Schedule B.  It is further requested that a Mexican judicial authority compel

19  Mariana Trueba Almada to appear and to be examined, under oath, as to his

20  knowledge of the topics set forth in Schedule C.

21  **A.    Pablo Vargas San Jose**

22      Mr. Vargas is a Mexican national and resides in your jurisdiction at 135

23  Loma de Guadalupe, Alvaro Obregon, Mexico D.F. 1720.  As detailed above, it is

24  alleged by Mattel that Mr. Vargas was one of the principal actors engaged in the

25  MGA Defendants' scheme of wrongdoing underlying Mattel's Counterclaims in

26  that he stole and subsequently assisted the MGA Defendants in profiting from

27  Mattel's trade secrets, or otherwise confidential or proprietary information.

28  [10] Id. at ¶ 55.

REQUEST FOR JUDICIAL ASSISTANCE
CV 04-9049 SGL (RNBx)

Exhibit 35
PAGE 589

EXHIBIT A
PAGE 12

1   Mr. Vargas was also previously a Mattel employee so he can testify to Mattel's acts

2   of unfair competition through intimidation, coercion and other unfair acts intended

3   to prevent MGA from lawfully competing with Mattel.

4       **B.   Mariana Trueba Almada**

5       Ms. Trueba is a Mexican national and resides in your jurisdiction at Paseo del

6   Pedregal 1110 Casa 10, Jardines Del Pedregal, Alvaro Obregon, Mexico, D.F.

7   01900. As detailed above, it is alleged by Mattel that Ms. Trueba was one of the

8   principal actors engaged in the MGA Defendants' scheme of wrongdoing

9   underlying Mattel's Counterclaims in that Mattel claims she stole and subsequently

10  assisted the MGA Defendants in profiting from Mattel's trade secrets, or otherwise

11  confidential or proprietary information. Ms. Trueba was also previously a Mattel

12  employee, so she can testify to Mattel's acts of unfair competition through

13  intimidation, coercion and other unfair acts intended to prevent MGA from lawfully

14  competing with Mattel.

15      These allegations, and others, underlie MGA's claims of unfair competition

16  and trade dress infringement and Mattel's claims for misappropriation of trade

17  secrets and RICO violations.[11] These allegations are also relevant to Mattel's

18  claims in that Mattel believes they will evidence these individuals' and the MGA

19  Defendants' theft and use of Mattel's trade secrets. Moreover, they are relevant to

20  Mattel's defense against MGA's unfair competition claims because Mattel alleges

21  such information will prove that it was MGA that had prior access to Mattel's

22  business plans and strategies and that MGA was the one copying Mattel's

23  intellectual property and ideas—not the other way around as MGA alleges. MGA

24  expects these individuals will also have first-hand knowledge of Mattel's unfair

25  practices intended to drive MGA out of business.

26      Because Mr. Vargas and Ms. Trueba have unique and personal knowledge of

27  the matters at issue in the consolidated litigation proceedings, it will further the

28  [11] Id. at ¶¶ 146-165.

1   interests of justice if they are examined, under oath, as to their knowledge of the

2   facts which are relevant to the claims and defenses of these consolidated cases.

3   **C.      Subject Matter About Which The Deponents Are To Be Examined**

4   **(Article 3(f))**

5   The subject matter about which Mr. Vargas is to be examined is set forth in

6   Schedule B.  The subject matter about which Ms. Trueba is to be examined is set

7   forth in Schedule C.

8   **D.      Requirement That The Evidence Be Given on Oath or Affirmation**

9   **and Specific Form to Be Used (Article 3(h))**

10   The examinations of Mr. Vargas and Ms. Trueba shall be taken under oath

11   before the appropriate Mexican judicial authority and empowered to administer

12   oaths and take testimony.

13   This Court further requests that you require that the testimony given during

14   the examinations be given under the following oath: "I [name of deponent] swear

15   that the testimony that I am about to give is the truth, the whole truth and nothing

16   but the truth, so help me God."

17   In the event that the Law of the United Mexican States does not permit the

18   swearing of an oath by a particular witness, the duly appointed officer shall make

19   inquiry of such witness to ensure that he/she understands the gravity of the

20   procedure and affirms that his/her statement will be true and correct in all respects.

21   **E.      Special Methods or Procedures to be Followed (Article 3(i) and 9)**

22   The examinations shall be taken under the Federal Rules of Civil Procedure

23   of the United States of America, except to the extent such procedure is

24   incompatible with the internal laws of Mexico.

25   Considering that the parties' representatives are not fluent in Spanish, the

26   examination and cross-examination shall be taken in English, and therefore, a duly

27   authorized expert translator will be timely appointed by the requesting party

28   ("Mattel").

1    The examinations shall be taken before a commercial stenographer and a

2  verbatim transcript shall be produced.  The examinations shall also be videotaped.

3    The equipment needed to obtain the verbatim transcript and the videotape, as

4  well as the persons needed to operate such equipment, will be provided by the

5  requesting party ("Mattel").

6  **F.    Fees and Costs**

7    Any fees and costs incurred by Mr. Vargas and Ms. Trueba in conjunction

8  with their respective examinations will be paid by Defendant Mattel, Inc, through

9  its counsel of record: Michael T. Zeller, Quinn Emanuel Urquhart Oliver & Hedges,

10  LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017.  Mattel's

11  payment of any such fees and costs is without prejudice to its making a subsequent

12  request to be reimbursed for these costs by other parties in these consolidated

13  actions.

14  **G.    Notification of Court and Parties (Article 7)**

15    Pursuant to Article 7 of the Hague Convention on the Taking of Evidence

16  Abroad, the Court requests that counsel for the parties in this action, listed in

17  Schedule A, be informed of the time when, and the place where, the proceedings

18  will take place, in order that they may be present.

19  **H.    Conclusion**

20    Based on the foregoing and the Court's review of the pleadings, this Court

21  has concluded that Mr. Vargas and Ms. Trueba have information about the claims

22  and defenses that are the subject of the civil action against the MGA Defendants

23  and Carter Bryant.

24    Accordingly, in the interests of justice and to assure a complete record, it is

25  necessary for: (1) Mr. Vargas to be examined under oath on the topics set forth in

26  Schedule B; and (2) Ms. Trueba to be examined under oath on the topics set forth in

27  Schedule C.

28

Exhibit 35

EXHIBIT A
PAGE 15

## III. <u>REQUEST FOR JUDICIAL ASSISTANCE</u>

The evidence sought cannot be obtained other than from Mr. Vargas and Ms. Trueba through examination, and such evidence will be useful to this Court in determining the validity of the claims and defenses in this case. The evidence sought is necessary for trial in this matter and will be adduced at trial, if admissible and appropriate.

Therefore, after having thoroughly reviewed the pleadings in this matter, this Court requests the following as to Mr. Vargas and Ms. Trueba:

(1)     You cause, by your proper and usual process, Mr. Vargas and Ms. Trueba to be summoned, at their addresses set forth herein, or at any other domiciles which are provided to you by the individuals authorized by the requesting party, to appear before you or some competent official authorized by you, on a date mutually agreed upon by the deponent and the parties or at a time and/or place to be determined by you, to give testimony under oath by questions and answers upon oral examination, such examination to continue day to day until completion and conducted in accordance with the <u>Federal Rules of Civil Procedure</u> or as permitted by you. Mr. Vargas and Ms. Trueba shall be summoned under official warning to apply against them the most effective enforcement measures allowed by law, to achieve their appearance at the hearing scheduled for them to give their testimony. In the event that the Law of the United Mexican States does not permit the swearing of an oath by a particular witness, the duly appointed officer shall make inquiry of such witness to ensure that he/she understands the gravity of the procedure and affirms that his/her statement will be true and correct in all respects.

(2)     You permit Mr. Vargas and Ms. Trueba to be examined under oath by counsel for all parties in this matter, allowing full examination and cross-examination on the subject matter of this case, including the topics delineated in Schedules B and C to this Letter of Request.

1      (3)    You cause a verbatim transcript of the testimony of the witnesses to be
2  taken and reduced to writing.  The examinations shall also be videotaped.

3      (4)    You order that the oral evidence produced pursuant to your
4  enforcement of this Letter of Request shall not be used by anyone in any manner or
5  proceeding other than in this matter, <u>Bryant v. Mattel, Inc.</u>, Case No. 04-9049 SGL
6  (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727), pending in
7  the United States District Court for the Central District of California.  A Protective
8  Order was entered in this action on January 4, 2005 (Attachment 1 hereto).

9      (5)    You notify counsel for the parties in this action, listed in Schedule A,
10  of the time when, and the place where, the proceedings will take place, in order that
11  they may be present.

12  **IV.    RECIPROCITY**

13      This Court expresses its sincere willingness to provide similar assistance to
14  the Central Authority of the United Mexican States if future circumstances should
15  require.

16  **V.    CONCLUSION**

17      In the spirit of comity and reciprocity, this Court hereby requests
18  international judicial assistance in the form of this Letter of Request to compel:
19  (1) Mr. Vargas to be examined under oath on the topics set forth in Schedule B; and
20  (2) Ms. Trueba to be examined under oath on the topics set forth in Schedule C.

21

22  DATED: _____, 2009

23

24         By_____
25           THE HONORABLE STEPHEN G. LARSON
             United States District Judge
26

27  Authentication of Signature by Clerk of the Court:

28

Exhibit 35
PAGE 691

EXHIBIT A
PAGE 17

1                 TERRY NAFISI, Clerk of the Court

2

3           By_____

4               Deputy Clerk_____

5

6  Court's Authentication that the Clerk of Court is the Clerk of Court:

7

8           By_____
               THE HONORABLE STEPHEN G. LARSON

9               United States District Judge

10  Authentication of Signature by Clerk of the Court:

11

12              TERRY NAFISI, Clerk of the Court

13

14           By_____
               Deputy Clerk_____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260711469.2          - 14 -        Exhibit 35
                             REQUEST FOR JUDICIAL ASSISTANCE
                             CV 04-9049 SGL (RNBx)

EXHIBIT A
PAGE 18

1

## SCHEDULE A

2

### NAMES AND ADDRESSES OF THE PARTIES

3

### AND THEIR REPRESENTATIVES

4   John B. Quinn, Esq.                Mark E. Overland, Esq. David C.
    Michael T. Zeller, Esq.            Scheper, Esq. Alexander H. Cote, Esq.
5   Jon D. Corey, Esq.                 **OVERLAND, BORENSTEIN,**
6   **QUINN EMANUEL URQUHART**         **SCHEPER & KIM, LLP**
    **OLIVER & HEDGES, LLP**          300 S. Grand Avenue, Suite 2750 Los
7   865 South Figueroa Street, 10th Floor   Angeles, CA 90071
8   Los Angeles, CA 90017
                                       *Attorneys for Carlos Gustavo Machado*
9   *Attorneys for Mattel, Inc.*       *Gomez*

10

11  Melinda Haag, Esq.                 Todd E. Gordinier, Esq.
    Annette L. Hurst, Esq.             Peter N. Villar, Esq.
12  Warrington S. Parker III, Esq.     Craig A. Taggart, Esq.
13  **ORRICK, HERRINGTON &**           **BINGHAM MCCUTCHEN LLP**
    **SUTCLIFFE LLP**                 600 Anton Blvd., 18th Floor
14  The Orrick Building,               Costa Mesa, CA 92626
15  405 Howard Street
16  San Francisco, CA 94104            *Attorneys for Omni 808 Investors, LLC*

17  William A. Molinski, Esq.
18  **ORRICK, HERRINGTON &**
    **SUTCLIFFE LLP**
19  777 South Figueroa Street, Suite 3200
20  Los Angeles, CA 90017

21  Thomas J. Nolan, Esq.
22  Jason Russell, Esq.
    **SKADDEN, ARPS, SLATE,**
23  **MEAGHER & FLOM LLP**
24  300 South Grand Ave., Suite 3400 Los
    Angeles, CA 90071
25
26  *Attorneys for MGA Entertainment,*
    *Inc.; MGAE de Mexico, S.R.L. de C.*
27  *V.; MGA Entertainment (HK) Limited;*
28  *and Isaac Larian*

Exhibit 35

EXHIBIT A
PAGE 19

1     **SCHEDULE B**

2     SUBJECT MATTER ABOUT WHICH MR. VARGAS IS TO BE EXAMINED

3     1.    Theft of documents that contain proprietary and trade secret information,

4           physical or electronic, from Mattel, Inc., Mattel de Mexico, S.A. de C.V. or

5           Mattel Servicios, S.A. de C.V., by anyone, including Mr. Vargas.

6     2.    Mr. Vargas' communications with the MGA Defendants, or anyone acting on

7           the MGA Defendants' behalf, on or before April 19, 2004, including but not

8           limited to communications regarding Mr. Vargas' resignation from Mattel.

9     3.    Compensation, money or anything of value paid by the MGA Defendants to

10          Mr. Vargas, including bonuses.

11    4.    Mr. Vargas' receipt, access, use, reproduction, copying, storage,

12          transmission, transfer, disclosure, retention, destruction, deletion or use of

13          any documents, data and/or information, that were prepared, made, created,

14          generated, assembled or compiled by or for Mattel and that the MGA

15          Defendants received, directly or indirectly from Mr. Vargas.

16    5.    Mr. Vargas' access, use, dissemination or disclosure of Mattel's trade secrets,

17          or otherwise confidential or proprietary information, while employed by the

18          MGA Defendants.

19    6.    Mr. Vargas' communications with MGA, including but not limited to Isaac

20          Larian, Thomas Park or Susanna Kuemmerle, relating to his decision to join

21          MGAE de Mexico and other matters at issue in this Action.

22    7.    Mr. Vargas' role in establishing MGAE de Mexico, including

23          communications related thereto.

24    8.    Mr. Vargas' title(s), role(s), and responsibilities at MGAE de Mexico.

25

26

27

28

## SCHEDULE C

### SUBJECT MATTER ABOUT WHICH MS. TRUEBA IS TO BE EXAMINED

1.  Theft of documents that contain proprietary and trade secret information, physical or electronic, from Mattel, Inc., Mattel de Mexico, S.A. de C.V. or Mattel Servicios, S.A. de C.V., by anyone, including Ms. Trueba.

2.  Ms. Trueba's communications with the MGA Defendants, or anyone acting on the MGA Defendants' behalf, on or before April 19, 2004, including but not limited to communications regarding Ms. Trueba's resignation from Mattel.

3.  Compensation, money or anything of value paid by the MGA Defendants to Ms. Trueba, including bonuses.

4.  Ms. Trueba's receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for Mattel and that the MGA Defendants received, directly or indirectly from Ms. Trueba.

5.  Ms. Trueba's access, use, dissemination or disclosure of Mattel's trade secrets, or otherwise confidential or proprietary information, while employed by the MGA Defendants.

6.  Ms. Trueba's communications with MGA, including but not limited to Isaac Larian, Thomas Park or Susanna Kuemmerle, relating to her decision to join MGAE de Mexico and other matters at issue in this Action.

7.  Ms. Trueba's role in establishing MGAE de Mexico, including communications related thereto.

8.  Ms. Trueba's title(s), role(s), and responsibilities at MGAE de Mexico.

9.  Mattel's intimidation, coercion and threats of retailers, licensees, suppliers and others in the toy industry.

OHS West:260711469.2                                        - 17 -

REQUEST FOR JUDICIAL ASSISTANCE
CV 04-9049 SGL (RNBx)

Exhibit 35
1088

EXHIBIT A
PAGE 21

1    10.   Mattel's efforts to inhibit and stifle MGA's ability to compete with Mattel
2          and to prevent MGA from obtaining licensees, contracts and supplies for its
3          production.
4    11.   Mattel's intimidation of the look of MGA products, trade dress, trademarks,
5          themes, ideas, advertising and packaging, including for the "BRATZ" line
6          dolls.
7    12.   Mattel's intimidation and threats made to employees intended to prevent
8          MGA from hiring and/or retaining employees.
9    13.   Mattel's efforts to hinder or delay employees from seeking better
10         employment through one-sided and oppressive agreements and other unfair
11         practices.
12
13   Dated: _____, 2009             ORRICK, HERRINGTON & SUTCLIFFE LLP
14
15                                     By: _____ /s/ William A. Molinski _____
16                                          William A. Molinski
                                       Attorneys for MGA ENTERTAINMENT, INC.,
17                                     MGA ENTERTAINMENT HK, LTD., MGA de
                                       MEXICO, S.R.L. de C.V., and ISAAC LARIAN
18
19
20
21
22
23
24
25
26
27
28

Exhibit 35

EXHIBIT A
PAGE 22