MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148008)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>           Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>           Defendant.<br><br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-SGL (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master Robert O'Brien]<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2 REQUESTS FOR PRODUCTION AND FOR PRODUCTION OF DOCUMENTS**<br><br>Date:         Sept. 10, 2009<br>Time:         10:00 a.m.<br>Place:        Arent Fox LLP<br><br>**Phase 2**<br>Discovery Cutoff:    December 11, 2009<br>Pretrial Conference: March 1, 2010<br>Trial Date:          March 23, 2010 |

## I.   **INTRODUCTION**

Mattel's Opposition takes the unbelievable position that it should be rewarded for its delay and abject failure to comply with its own promises and discovery obligations.  According to Mattel, it should be permitted to disregard MGA's efforts to meet and confer, delay supplementing its deficient responses and delay producing responsive documents for months, with impunity.  Mattel's argument ignores its blatant discovery abuse and ongoing failure to actually produce documents responsive to MGA's requests.

Despite assurance that it would respond to issues raised during several meet and confer sessions on MGA's First Set of Phase 2 Requests for Production of Documents and Things (the "Requests") in writing, within a "couple of days" of July 8, 2009, Mattel fell silent.  A week later, MGA reminded Mattel of its promise, to provide a written response to MGA's meet and confer efforts, but Mattel still did nothing.  MGA had no choice but to compel further responses and production of documents.

Now, Mattel disingenuously argues that MGA is a fault because it did not remind Mattel a second time of its discovery obligations before filing the instant motion.  Mattel also claims that its service of supplemental responses on the same day it filed its opposition and its assurance that it will produce responsive documents by the time this motion is heard should moot the motion.  As well documented by Mattel in its litany of motions to compel, however, "broken promises do not moot a motion to compel" and "in order…to have full and complete discovery responses that [] can [be] rel[ied] upon to prepare for trial and at trial, this Court must actually overrule…meritless objections…."  See Reply to Mattel Inc.'s [Public Redacted] Reply In Support of Motion To Compel MGA Mexico To Produce Documents And Things In Response To Mattel's First, Second and Third Sets of Requests For Production To MGA Mexico, at 1:20-21,

1   Supplemental Declaration of Christopher J. Chaudoir In Support of Motion to
2   Compel ("Supplemental Chaudoir Decl."), Ex 1, page 7 and [Corrected] Reply In
3   Support Of Mattel, Inc's Motion to Compel Responses To Interrogatories (Nos. 27,
4   28, 29, 30, 31, 32, 33, 36, 37, 38, 39, 40, 42 and 47) By Carter Bryant, at 1:24-26,
5   Supplemental Chaudoir Decl., Ex. 2, page 28.

6        Mattel's supplemental responses continue to assert meritless objections that
7   should be overruled.  Moreover, though Mattel has had over four months to respond
8   to the Requests and produce responsive documents, Mattel has still apparently
9   failed to complete its review of documents.  Opposition, 5:8-16.  Likewise, Mattel
10  has not agreed to a date certain on which it will produce responsive documents,
11  only vaguely suggesting in its Opposition that it will produce documents "before a
12  hearing on this motion."  Id., 5:15-16.  Moreover, this argument did not come about
13  until after MGA was forced to file this motion.  As of the date of this Reply, no
14  documents have been produced.

15       Mattel's discovery gamesmanship must not be rewarded.  MGA should not
16  have to waste unnecessary time, energy and money preparing a motion to compel
17  each time it seeks what it is entitled to from Mattel.  Mattel must be ordered to
18  provide supplemental responses to the Requests without objections, produce all
19  responsive documents or confirm that documents have already been produced or do
20  not exist and be sanctioned for its bad faith conduct.

21  **II.**    **MATTEL IGNORES MGA'S MEET AND CONFER EFFORTS AND**
22        **FAILS TO HONOR ITS PROMISES.**

23       While Mattel's Opposition focuses on several meet and confer sessions
24  concerning MGA's Requests, Mattel ignores the key issue—Mattel defied its
25  promises and discovery obligations to produce responsive documents and
26  supplement its responses until MGA filed this motion.  MGA met and conferred
27  with Mattel concerning the substance of Mattel's deficient responses and failure to
28  produce documents beginning in late June 2009.  Mankey Decl., ¶ 2, Ex. A.

1    Despite Mattel's argument otherwise, during meet and confer discussions on July 1,

2    2009, MGA explained that *all* of the responses to the Requests were inadequate

3    because Mattel had failed to produce responsive documents despite representing it

4    would do so.  Mankey Decl., ¶ 4, Ex. C.  MGA also advised Mattel that many of the

5    objections contained in the responses to the Requests lacked merit and should be

6    withdrawn.  Id., ¶ 2, Ex. A.  In a telephone conference, MGA and Mattel further

7    discussed individual responses, with MGA confirming the substance of those

8    discussions in a July 7, 2009 letter.  Id., Ex. D.  While the letter detailed the nature

9    of the discussions, the possible resolution of each dispute and sought the production

10   of responsive documents by July 15, 2009, Mattel indicated that it would prepare a

11   written response to MGA's letter within "a couple of days."  Chaudoir Decl., ¶ 4.

12   A written response was never received.  Id., ¶ 8. Neither responsive documents nor

13   supplemental responses produced by July 15, 2009.  Id.

14          Indeed, even after MGA reminded Mattel of its promise to provide a written

15   response on July 16, 2009, Mattel remained silent.  Id., ¶¶ 6 – 9.  Having no

16   assurance that Mattel would comply with its discovery obligations, supplement its

17   responses and produce all responsive documents, MGA was left with no choice but

18   to file the instant motion.  Moreover, given Mattel's silence, MGA rightfully

19   believed that Mattel did not intend to comply in any manner and that Mattel would

20   stand on its meritless objections, MGA's motion sought to compel production of *all*

21   *responsive documents* to each of the Requests without objection.

22          Rather than dispute its failure to provide MGA with the promised written

23   meet and confer response, Mattel argues only that it did not receive MGA's July 16,

24   2009 reminder.  Opposition, 4:5-10.  This letter, was in fact sent.  Supplemental

25   Chaudoir Decl., ¶ 5.  Moreover, MGA's reminder letter was sent only as a courtesy

26   and did not excuse Mattel from responding or honoring its promise—something

27   MGA made clear to Mattel in subsequent communications.  Declaration of

28   Marshall M. Searcy III In Support of Mattel, Inc.'s Opposition to MGA

1  Entertainment, Inc.'s Motion to Compel Further Responses to MGA's First Set of

2  Phase 2 Requests for Production And For Production of Documents ("Searcy

3  Decl."), Ex. 2.  Additionally, while Mattel and MGA continued to meet and confer

4  on a protocol for the review of certain hard drives responsive to MGA's Requests,

5  rather than address the balance of MGA's Motion to Compel, or respond to the

6  July 7, 2009 letter in writing as previously promised, Mattel simply opposed the

7  motion on August 18, 2009 and served supplemental responses that same day.  The

8  supplemental responses, however, continue to assert needless, boilerplate

9  objections, which should be overruled.

10 **III.    MATTEL'S RESPONSES STILL CONTAIN BOILERPLATE**

11 **        OBJECTIONS THAT SHOULD BE OVERRULED.**

12         On the same day Mattel filed is Opposition, Mattel served Mattel, Inc.'s First

13 Supplemental Responses and Objections to MGA Entertainment, Inc.'s First Set of

14 (Phase 2) Requests for Production of Documents and Things ("Supplemental

15 Responses").  In total, Mattel supplemented 19 of the 68 Requests, finally agreeing

16 to produce responsive documents to requests that it had previously only objected to.

17 As with Mattel's original responses, however, the Supplemental Responses include

18 frivolous general and inapplicable objections, even while stating that it will produce

19 documents, leaving it unclear what Mattel is agreeing to produce.  For example,

20 Mattel continues to object on the basis that the Requests are "vague and

21 ambiguous" and "not relevant to the subject matter of this lawsuit or reasonably

22 calculated to lead to the discovery of admissible evidence."  See Mattel's

23 Supplemental Responses, *passim*, Searcy Decl., Ex 16.  The objections defy reason.

24 The requests seek documents directly related to Mattel's claims of trade secret

25 misappropriation and are specifically detailed to seek all documents that could

26 support Mattel's claim.  Likewise, the other boilerplate objections in Mattel's

27 Supplemental Responses are meritless for the same reasons detailed in MGA's

28 motion and concurrently filed Separate Statement.  Thus, the objections should be

- 4 -

1   overruled.

2   **IV.   MATTEL MUST BE ORDERED TO PRODUCE DOCUMENTS BY A**

3   **DATE CERTAIN.**

4   Mattel's opposition promises that it will produce responsive documents by

5   the time this motion is heard.  While MGA appreciates that Mattel may finally

6   comply with its discovery obligations, Mattel's statement is still problematic for

7   three reasons.  First, Mattel has defied its promises in the past.  While Mattel

8   indicated that it would respond to MGA's meet and confer efforts on the Requests

9   that are subject to this motion in "a couple of days," Mattel simply stopped

10  communicating with MGA.  Given the opportunity, Mattel will continue to stall the

11  production of responsive documents.  Indeed, Mattel concedes that it has yet to

12  complete a review of its own documents to determine whether it has responsive

13  documents, despite having some four months to do so.  Mattel, Inc.'s Opposition to

14  MGA Entertainment, Inc.'s Motion to Compel Further Responses to MGA's First

15  Set of Phase 2 Requests for Production And For Production of Documents

16  ("Opposition") 5:15-16.

17  Second, Mattel's suggestion that it will produce responsive documents before

18  the hearing just proves that Mattel will only comply with its discovery obligations

19  when faced with a motion to compel.  This is blatant discovery abuse.  Such

20  gamesmanship is unwarranted and a complete waste of time and money.  Thus, to

21  the extent that Mattel has failed to produce documents, the Discovery Master

22  should order production by a date certain.  Additionally, the Discovery Master

23  should order Mattel to verify that all responsive documents have either been

24  produced or that no responsive documents exist by a date certain.

25  Third, Mattel continues to assert objections even as to the requests where it

26  says it will produce documents, and makes its responses "subject to" these

27  objections.  It is wholly unclear, therefore, what Mattel is agreeing to produce and

28  whether Mattel is withholding responsive documents based on these objections.

## V.   SANCTIONS ARE WARRANTED AGAINST MATTEL.

Mattel's continued defiance of its discovery obligations under the Federal Rules mandate an award of monetary sanctions.  Rule 37(a)(5) provides that the Court "must" require the party whose conduct necessitates a motion to compel to pay for the movant's reasonable expenses incurred in making the motion, including attorney's fees.  That Mattel required MGA to file a motion to compel before it would agree to comply with its discovery obligation makes the award of sanctions particularly appropriate here.  Indeed, the Discovery Master has previously cautioned that a party should not have to file a motion to compel, simply to obtain documents to which that party is already entitled.  August 13, 2009 Hearing Transcript before Discovery Master Obrien, 13:4 – 14:3; 18:24 – 19:2, Supplemental Chaudoir Decl., Ex 3, pages 48-49 and 50-51.  That is exactly what happened here and sanctions should therefore be awarded.

Mattel argues that sanctions are not warranted because, had MGA "merely inquired as to the results of Mattel's searches before filing its motion, Mattel would have informed MGA that it has already produced the responsive documents in its custody, possession or control."  Opppsition, 16:2-5.  Mattel's argument is illogical and unreasonable.  First, MGA did provide Mattel with a courtesy reminder of Mattel's promise to provide a written response to MGA's meet and confer letters.  Mattel did not respond.  Second, Mattel did not comply with its independent discovery obligation to supplement its deficient responses in a timely manner or produce responsive documents.  Indeed, Mattel did not serve the Supplemental Responses until the day its opposition to this motion was due.  Third, Mattel could not have told MGA that it had produced all responsive documents, if, as Mattel claims in its Opposition, it "expects to concludes its searches and produce any further documents it may locate prior to the hearing on this matter."  Opposition, 5:15-16.  At bottom, it is Mattel that failed to comply with its discovery obligations, doing so only after MGA's motion was on file.  Mattel must be sanctioned to cure

1    its discovery abuse and deter such inaction in the future.

2    **VI.    <u>CONCLUSION</u>**

3          For the foregoing reasons, MGA's motion to compel and request for

4    sanctions should be granted.  Mattel's objections in its responses and supplemental

5    responses to the Requests should be overruled, Mattel should be ordered to produce

6    all responsive documents, verify that no responsive documents exist or that all

7    responsive documents have been produced, and be sanctioned for its failure to

8    comply with its discovery obligations.

9    Dated:  August 25, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

10

11                                     By:  _____/s/ William A. Molinski_____

12                                          William A. Molinski
                                          Attorneys for MGA ENTERTAINMENT, INC.,
13                                     MGA ENTERTAINMENT HK, LTD., MGA de
                                     MEXICO, S.R.L. de C.V., and ISAAC LARIAN
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28