1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     michaelzeller@quinnemanuel.com
     Jon D. Corey (Bar No. 185066)
4     joncorey@quinnemanuel.com
      865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13            Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 14       vs. | **DISCOVERY MATTER** |
| 15  MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert O'Brien]** |
| 16            Defendant. | MATTEL, INC.'S OPPOSITION TO MGA'S MOTIONS (1) TO COMPEL MATTEL'S ATTENDANCE AT 30(B)(6) DEPOSITIONS; (2) FOR PROTECTIVE ORDER REQUIRING ADVANCE DESIGNATION OF 30(B)(6) WITNESSES; (3) TO DE-DESIGNATE DOCUMENT UNDER PROTECTIVE ORDER RELATED TO SUBJECT MATTER OF REQUESTED 30(B)(6) TESTIMONY; AND (4) FOR SANCTIONS |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | |
| 19 | |
| 20  **PUBLIC REDACTED VERSION** | |
| 21 | |
| 22 | |
| 23 | [Declarations of Michael T. Zeller, James Webster, and Michael Moore filed concurrently] |
| 24 | |
| 25 | Date:   TBD |
|    | Time:   TBD |
| 26 | |
| 27 | **Phase 2** |
|    | Discovery December 11, 2009 |
|    | Pre-trial Conference:  March 1, 2010 |
| 28 | Trial Date:  March 23. 2010 |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................. 1

FACTUAL BACKGROUND.................................................................... 3

ARGUMENT ........................................................................................ 5

I.    THE COURT AND THE DISCOVERY MASTER HAVE RULED
      THAT PROPERLY SERVED OBJECTIONS ARE A SUFFICIENT
      RESPONSE TO MGA'S IMPROPER DEPOSITION NOTICE ..................... 5

      A.    MGA's Argument Is Contrary To Prior Court Rulings And The
            MGA Parties' Own Practice ................................................... 5

      B.    Case Law Does Not Require A Protective Order for Parties Who
            Do Not Appear at Deposition.................................................. 7

II.   MGA'S NOTICED TOPICS ARE OVERBROAD, UNDULY
      BURDENSOME, SEEK PRIVILEGED INFORMATION, AND ARE
      NOT LIKELY TO LEAD TO THE DISCOVERY OF ADMISSIBLE
      EVIDENCE ....................................................................................... 9

      A.    Topic 1 Is Overbroad, Unduly Burdensome, And Seeks
            Irrelevant, Privileged Information............................................ 9

      B.    Topic 2, 3, And 4 Are Overbroad, Unduly Burdensome And
            Seek Irrelevant, Privileged Information.................................. 14

      C.    Topic 5 Improperly Calls For Irrelevant, Privileged Information ........ 16

III.  MGA FAILED TO EVEN REQUEST, LET ALONE CONDUCT, A
      MEET AND CONFER PRIOR TO ITS MOTION ........................................ 17

IV.   ███████████████████████████████████████
      ████████████████████████.................................................. 18

      A.    Under The Discovery Master's Rulings And The Parties' Prior
            Practice, The Email Is Confidential ........................................ 19

      B.    ██████████████████████████████████
            ████████████████████████████.............................. 21

V.    MGA, NOT MATTEL, SHOULD BE SANCTIONED ................................. 23

CONCLUSION....................................................................................... 23

# TABLE OF AUTHORITIES

**Page**

## Cases

Aikens v. Deluxe Fin. Servs., Inc.,
  217 F.R.D. 533 (D. Kan. 2003) ................................................................ 8

In re Bankers Trust Co.,
  61 F.3d 465 (6th Cir. 1995) ................................................................ 10

Bryant v. Ochoa,
  2009 WL 1390794 (S.D. Cal. May 14, 2009) ........................................ 9

In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,
  2008 WL 4191780 (N.D. Cal. Sep. 10, 2008) ...................................... 22

Foltz v. State Farm Mutual Automobile Ins. Co.,
  331 F.3d 1122 (9th Cir. 2003) ............................................................. 22

Higgins v. Shenango Pottery Co.,
  99 F. Supp. 522 (D. C. Pa. 1951) ......................................................... 11

New England Carpenters Health Benefits Fund v. First DataBank, Inc.,
  242 F.R.D. 164 (D. Mass. 2007) ............................................................ 7

S. Music Publ'g Co. v. Seeco Records, Inc.,
  704 F. Supp. 704 (S.D.N.Y. 1960) ....................................................... 11

Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.,
  2007 WL 2333356 (D. Kan. Aug. 15, 2007) .......................................... 8

U.S. E.E.O.C. v. ABM Indus. Inc.,
  2008 WL 2872407 (E.D. Cal. July 24, 2008) .......................................... 8

United States v. Waage,
  2008 WL 4492596 (S.D. Cal. Sept. 30, 2008) ...................................... 15

## Statutes

Fed. R. Civ. Proc. 37(d) ............................................................................. 17

1    **Preliminary Statement**

2            It is undisputed that prior to MGA's unilaterally noticed deposition
3    date, Mattel properly served objections to the notice and informed MGA that it
4    would not be appearing on the noticed date. MGA flatly refused to discuss Mattel's
5    objections or the noticed topics. Instead of even asking for (let alone conducting)
6    the required meet and confer or discussing the proper scope of the deposition, MGA
7    brought this Motion, apparently requesting that Mattel be ordered to produce a
8    witness on 40 different topics immediately, without even addressing Mattel's
9    objections. MGA's notice is specifically designed to elicit irrelevant and privileged
10   testimony, is grossly overbroad, and should be denied.

11           MGA's Motion also fails on the merits. MGA nowhere even attempts
12   to carry its burden of proving relevance – a fatal omission under prior rulings in this
13   case. Ignoring this defect, MGA asserts that the mere service of a deposition notice
14   *required* Mattel to show up for deposition unless it moved for a protective order, no
15   matter how objectionable the notice may be. The Court has previously rejected the
16   exact argument MGA raises here: that Mattel was obligated to move for a protective
17   order or else produce a witness for deposition notwithstanding its objections to the
18   deposition notice. Indeed, the Court refused to compel the witness to appear,
19   holding that Mattel was justified in not appearing because MGA had "failed to
20   convince the Court" that the testimony "likely would be relevant." That ruling
21   controls here. Nor is MGA's argument consistent with its own conduct over the past
22   five years of this litigation. Time after time in this case, the MGA Parties simply
23   refused to produce witnesses for deposition without ever seeking a protective order
24   and forced Mattel to move to compel the deponent's appearance (and then usually
25   forced Mattel to move to enforce the order compelling appearance).

26           MGA makes no effort to defend the propriety of the topics in its notice
27   either. Nor could it. MGA's topics sweep far beyond the relevance the Discovery
28   Master found with respect to Request for Production Nos. 526 and 528.



1

2

3

4

5

6

7     . The topics are irrelevant, patently

8 overbroad and improperly targeted to seek privileged and work product information.

9 In any event, MGA's failure to even attempt to explain their relevance in its Motion

10 is fatal under the Court's prior rulings, and the Motion must therefore be denied.

11       MGA also requests that

12

13

14

15     . In order to avoid unnecessary motion practice, Mattel offered to reduce the

16 designation from "CONFIDENTIAL – ATTORNEYS EYES ONLY" to

17 "CONFIDENTIAL," but MGA refused

18

19

20     . Mattel's designation of its communication with

21 law enforcement was proper, and the e-mail should not be de-designated to serve

22 MGA's collateral purposes.

23       The Discovery Master should deny MGA's Motion in all respects, and

24 sanction MGA for its refusal to meet and confer concerning the deposition at issue.

25

26

27

28

1                                              **Factual Background**

2                <u>MGA Serves An Improper Deposition Notice</u>.  On July 27, 2009, MGA

3 served a notice of <u>Rule</u> 30(b)(6) deposition of Mattel, Inc. (the "Notice").  Without

4 consulting Mattel, MGA unilaterally set the deposition for August 11, 2009, at

5 MGA's counsel's offices, and listed 40 sweeping topics, such as ▮▮▮▮▮▮▮▮▮▮

6 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮.[1]

13                <u>Mattel Serves Objections</u>.  On August 7, 2009, Mattel served written

14 objections to the Notice, informed MGA that it would not produce a witness on

15 MGA's unilaterally noticed date and time, and requested a meet and confer

16 concerning the noticed topics.[2]  MGA refused to meet and confer and instead

17 insisted that Mattel produce a witness on all topics without discussion.[3]

18 Specifically, MGA stated that it refused to "litigate [Mattel's] objections in advance"

19 and demanded that a witness be produced on all topics.[4]  Again, Mattel requested a

20

21

22     [1] Notice of Deposition of Mattel, Inc., dated July 27, 2009.  Declaration of Michael T. Zeller, filed concurrently ("Zeller Decl."), Exh. 1.

23     [2] <u>See</u> email correspondence between Michael Zeller and Annette Hurst, dated August 7, 2009.  Zeller Decl., Exh. 2.  MGA's Motion and Ms. Hurst's supporting

24 declaration deceptively omit an email from Mr. Zeller to Ms. Hurst, sent *two minutes* after the final e-mail included in Ms. Hurst's declaration, in which Mr.

25 Zeller requests a meet and confer concerning the noticed topics.  <u>Id.</u>; <u>see</u> Declaration of Annette L. Hurst, Exh. C.

26     [3] <u>See</u> Mattel's Objections to MGA Parties' Notice of Deposition of Mattel, Inc., dated August 7, 2009, Zeller Decl., Exh. 3; email correspondence between Michael

27 Zeller and Annette Hurst, dated August 10, 2009, Zeller Decl., Exh. 4.
    [4] Email correspondence between Michael Zeller and Annette Hurst, dated

28 August 10, 2009, Zeller Decl., Exh. 4.

1 | meet and confer.[5]  Despite the fact that no meet and confer had taken place, MGA

2 | responded that "no more meet and confer is required" and filed this Motion.[6]

3 | <u>MGA  Demands  That  Mattel's  Confidential  Communications ███</u>

4 | ████████████████████████████████████████████.  Pursuant

5 | to Discovery Master Order No. 6, Mattel produced certain communications with law

6 | enforcement agencies. ████████████████████████████

7 | ████████████████████████████████████████████

8 | ████████████████████████████████████████████

9 | ████████████████████████████████████████████

10 | ████████████████████████████████████████████

11 | █████████████████.[8]  As Mattel pointed out during the meet and confer,

12 | the Discovery Master has previously held that such communications are worthy of at

13 | least a "CONFIDENTIAL" designation.[9] █████████████████████

14 | ████████████████████████████████████████████

15 | ████████████████████████████████████████████

16 | ████████████████████████████████████████████

17 | ████████████████████████████████████████████

18 | ████████.[10]

[5] Id.
[6] Id.
[7] Declaration of James Webster, filed concurrently ("Webster Decl."), ¶ 2.
[8] Webster Decl., ¶ 4, and Exh. 1.
[9] See Phase 2 Discover Matter Order No. 33, dated May 18, 2009, at 23.  Zeller Decl., Exh. 5.
[10] Webster Decl., ¶ 3.

1                                               **Argument**

## I.  THE COURT AND THE DISCOVERY MASTER HAVE RULED THAT PROPERLY SERVED OBJECTIONS ARE A SUFFICIENT RESPONSE TO MGA'S IMPROPER DEPOSITION NOTICE

### A.  MGA's Argument Is Contrary To Prior Court Rulings And The MGA Parties' Own Practice

Ignoring it s obligations to demonstrate the relevance of the topics, MGA argues that it is somehow automatically entitled to a deposition because Mattel did not file a motion for protective order.  But in considering numerous motions to compel depositions in this case, both the Court and the Discovery Master have repeatedly held that a party noticing a deposition bears an initial burden of showing the relevance of its discovery before discovery will be compelled.  Also under these rulings, a party need not file a motion for protective order if it properly objects to a notice of deposition.

Specifically, in 2005, defendant Carter Bryant filed a motion before Magistrate Judge Block to compel the deposition of Lily Martinez, who Mattel had objected to producing.[11]  In the motion, Bryant argued that Mattel was required to file a motion for protective order and that this was the only way Mattel could "avoid the notice."[12]  Judge Block rejected this argument, denying Bryant's motion to compel and finding that Mattel was substantially justified in refusing to appear for the deposition because of Bryant's "failure to convince the Court that Martinez's deposition testimony likely would be relevant".[13]  Similarly, in January 2007, the prior Discovery Master denied the bulk of MGA's motion to compel <u>Rule</u> 30(b)(6) depositions on 64 topics, to which Mattel had objected and declined to produce a

---

[11]  <u>See</u> Defendant and Cross-Claimant Carter Bryant's Memorandum of Points and Authorities in Support of His *Ex Parte* Application for an Order Compelling the Deposition of Lily Martinez, dated Jan. 20, 2005.  Zeller Decl., Exh. 6.
[12]  <u>Id.</u> at 6.

1  witness, finding nothing improper with Mattel relying on objections rather than a

2  motion for protective order.[14]

3        Judge Larson also has specifically ruled that a party should bring a

4  motion to compel in response to objections to a deposition notice. In August 2007,

5  MGA moved for sanctions against Mattel, in part based on Mattel's supposed failure

6  to produce Rule 30(b)(6) witnesses. In his August 27, 2007 Order denying MGA's

7  motion, Judge Larson rejected MGA's complaints concerning Rule 30(b)(6)

8  witnesses on the grounds that "*[n]o motions to compel were brought to compel these*

9  *witnesses's depositions at earlier times.*"[15]

10        Indeed, in a classic instance of "do as I say, not as I do," MGA has

11  never obeyed the purported obligation to move for protective order or else appear

12  for deposition that it now seeks to impose on Mattel. Over the past five years of

13  litigation, defendants have repeatedly refused to produce witnesses in response to

14  deposition notices without moving for a protective order, resulting in dozens of

15  motions to compel depositions by Mattel. For example, Mattel noticed Isaac

16  Larian's deposition, but Mr. Larian refused to appear, and indeed did not appear

17  until ordered twice by Judge Block to do so and sanctions were imposed.[16]  Mr.

18  Larian never filed a motion for protective order to justify his non-appearances.

19        As another example, in May 2007, the prior Discovery Master granted

20  Mattel's motion to compel MGA to produce Rule 30(b)(6) witnesses in response to

21

22

23

_____

24  [13]  Order, dated January 25, 2005. Zeller Decl., Exh. 7.
25  [14]  Order, dated January 30, 2007, at 1 (Zeller Decl., Exh. 8); Opposition of
Mattel, Inc. to Motion to Compel Production of Documents and Deposition of
26  30(b)(6) Witnesses, dated Jan. 18, 2007 (Zeller Decl., Exh. 9).
[15]  August 27, 2007 Order at 4.  Zeller Decl., Exh. 10.
27  [16]  See Notice of Deposition of Isaac Larian, dated December 15, 2004, Zeller
Decl., Exh. 11; Order, dated March 23, 2005, at 2-3, Zeller Decl., Exh. 12; Order,
28  dated June 16, 2006, at 1-2. Zeller Decl., Exh. 13.

1 | two separate notices from Mattel.[17]  Notably, MGA had refused to designate or
2 | produce any witness in response to any topic in Mattel's second notice.[18]  MGA
3 | refused to comply with the Court's May 16, 2007 Order, refusing yet again to
4 | designate witnesses in response to Mattel's Rule 30(b)(6) notice.[19]  Yet at no time
5 | did MGA file a motion for protective order.

6 |        In litigating these motions, neither the Discovery Master nor the Court
7 | have ever imposed a requirement that parties must file a motion for protective order;
8 | instead, parties have properly relied on objections.  MGA's purported rule is
9 | contrary to the established practice in this case.

10 |        **B.**     **Case Law Does Not Require A Protective Order for Parties Who**
11 |                **Do Not Appear at Deposition.**

12 |        Because they are not consistent with prior rulings or the parties' long
13 | practice in this litigation, the cases cited by MGA are irrelevant.  Nor, in any event,
14 | are the non-binding decisions MGA relies on apposite or persuasive.  In New
15 | England Carpenters Health Benefits Fund v. First DataBank, Inc., 242 F.R.D. 164,
16 | 166 (D. Mass. 2007), the parties apparently met and conferred concerning the
17 | dispute, but the plaintiff refused to appear, claiming its document production
18 | obviated the need for a deposition.  Here, MGA refused to meet and confer, in
19 | violation of this Court's Orders and the Federal and Local Rules, thus preventing
20 | Mattel from being able to properly designate a witness in response to properly
21 | defined topics or move for a protective order.

22

23 | [17]  May 16, 2007 Order, at 1. Zeller Decl., Exh. 14.  Judge Larson affirmed this
24 | Order on July 2, 2007, again not mentioning the lack of a protective order motion
    | from MGA.  See July 5, 2007 Order at 4-5.  Zeller Decl., Exh. 15.
25 | [18]  Mattel, Inc.'s [Corrected] Notice of Motion and Motion to Compel MGA to
    | Produce Witnesses for Deposition Pursuant to Rule 30(b)(6) and for Sanctions,
26 | dated April 25, 2007, at 77-79.  Zeller Decl., Exh. 16.
    | [19]  See Order Granting in Part Mattel's Motion to Enforce the Court's Order of
27 | May 16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to
    | Rule 30(b)(6), and Granting Sanctions., dated August 15, 2007.  Zeller Decl., Exh.
28 | 26.

1          MGA's other case, U.S. E.E.O.C. v. ABM Indus. Inc., 2008 WL
2   2872407, *2 (E.D. Cal. July 24, 2008), is completely inapposite. That case involved
3   the deposition of an individual party pursuant to Rule 30(b)(1), and apparently no
4   deposition notices had even been issued. Id. Instead, the sexual harassment
5   plaintiffs there moved for a protective order to prevent the defendant from taking
6   their depositions. The case has no bearing on the question of whether a party may
7   unilaterally notice a Rule 30(b)(6) deposition, refuse to meet and confer concerning
8   its scope, and then move to compel the party to appear notwithstanding its properly
9   served objections.

10         Conversely, other cases – not mentioned by MGA – have specifically
11  rejected the notion that "the only way to limit the scope of a 30(b)(6) deposition is to
12  seek a protective order." Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.,
13  2007 WL 2333356, at *2 (D. Kan. Aug. 15, 2007) (holding that because a protective
14  order cannot adjudicate objections such as relevance, privilege, and overbreadth, a
15  motion to compel was the proper procedure for such objections); Aikens v. Deluxe
16  Fin. Servs., Inc., 217 F.R.D. 533, 534-35 (D. Kan. 2003) ("While a party may object
17  to providing discovery on the basis of privilege or on the basis that the request is not
18  calculated to lead to the discovery of admissible evidence, the Court may only rule
19  on the validity of such an objection in the context of a motion to compel. Such an
20  objection is not a basis upon which the Court may enter a Rule 26(c) protective
21  order.").

22         In sum, the rule throughout this case – which MGA has continually
23  exploited to its advantage – has correctly been that a party may object to a
24  deposition notice, meet and confer concerning its scope, and respond to a motion to
25  compel if disagreements remain. Here, Mattel properly objected and invited meet
26  and confer, but MGA categorically refused. It is MGA, not Mattel, who has acted
27  improperly.

28

**II.  MGA'S NOTICED TOPICS ARE OVERBROAD, UNDULY BURDENSOME, SEEK PRIVILEGED INFORMATION, AND ARE NOT LIKELY TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE**

MGA has made no attempt to establish or explain the relevance of its sweeping 40-topic Notice. As Judge Larson has held, MGA, as the propounding party, "bears an initial burden of establishing relevancy". July 9, 2009 Order, at 4 (citing Bryant v. Ochoa, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) ("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirements of Rule 26(b)(1).").[20] MGA has made no attempt to carry its burden, an omission that alone is fatal to its Motion.[21] Regardless, Mattel's objections are valid and should be sustained.[22] Indeed, MGA does not even argue otherwise.

**A.  Topic 1 Is Overbroad, Unduly Burdensome, And Seeks Irrelevant, Privileged Information**

MGA's first topic and its 18 sub-topics are impermissibly overbroad, designed to seek irrelevant and privileged information. These topics extend far beyond MGA's Request for Production Nos. 526 and 528, as to which the Discovery Master found that Mattel was obligated to produce communications in its possession, custody, and control with law enforcement authorities in the United States, Canada, and Mexico concerning MGA or Mattel's allegations in this case.[23]

Here, Topic 1, particularly with its definitions, ███████████████

███████████████████████████████████████████

---

[20] Zeller Decl., Exh. 17.
[21] Id.; Order dated January 25, 2005. Zeller Decl., Exh. 7.
[22] See Mattel, Inc.'s Objections to MGA Parties' Notice of Deposition of Mattel, Inc., Zeller Decl., Exh. 3.
[23] Discovery Master Order No. 6, dated March 13, 2009, at 10. Zeller Decl, Exh. 18.

1 

2 

3 

4 

5 

6 

7 

8 

9 

10 

11 

12 

13 

14 ███████████████████████ which is contrary to well-established law that

15 defines "possession, custody and control" for purposes of the <u>Rules</u> as actual or legal

16 control.  <u>In re Bankers Trust Co.</u>, 61 F.3d 465, 469 (6th Cir. 1995).  Mere payment

17 for any reason over the past nine years far exceeds those bounds.

18 

19 

20 

21 

22 

23 

24 ████████████████████████,[25] and the relevance of such

25 matters would be marginal at best, if not wholly irrelevant.  The vast majority of the

26 

27  [24]  Notice at 3.  Zeller Decl., Exh. 1.
28  [25]  Declaration of Michael Moore, filed concurrently, at ¶ 10.

1  payments to these individuals and entities also would have nothing to do with any of

2  the matters at issue in this litigation, including, for example, for outside janitorial

3  services, waste disposal, office supplies, food services and routine expense

4  reimbursement and or for work relating to the many thousands of individual toys

5  and games Mattel has made over the years that have no relation to this lawsuit.[26]

6           Besides including many thousands of irrelevant third parties in its

7  definition of "Mattel," Topic 1 also sweeps far beyond the geography of its Requests

8  for Production, ███████████████████████████████████████████

9  ███████████████████████████████████████████████████████

10  ████████████████████████████████████.[27]  Topic 1 goes even further,

11  however, and asks for ██████████████████████████████████

12  ███████████████████████████████████████████████████████

13  ███████████████████████████████████████████████████████

14  ███████████████████████████████████████████████████████

15  ███████████████████████████████████████████████████████

16  ███████████████████████████████████████████████████████

17  ████████████████.[28]  Such matters are grossly overbroad and not remotely relevant

18  to any issue in this case,[29] and MGA refuses to explain its supposed relevance or

19  limit it in any way.

20

21

---

22  [26]  Id.
23  [27]  Id.
     [28]  Id. at Topic 1(r).
24  [29]  Mattel speculates that the MGA Parties are seeking this information on the grounds that it relates to Mattel's purported "motives" in this litigation. That
25  information is irrelevant as a matter of law. See S. Music Publ'g Co. v. Seeco Records, Inc. 704 F. Supp. 704, 705 (S.D.N.Y. 1960) ("[I]f plaintiff has a valid
26  cause of action, what its purpose is in pursing it is of no moment in this proceeding."); Higgins v. Shenango Pottery Co., 99 F. Supp. 522, 525 (D. C. Pa.
27  1951) ("The trial of the motives of parties in a civil action has no proper place in a judicial forum.") (quoting Johnson v. King Richardson Co., 36 F.2d 675 (1st Cir.
28  1930).

1    Balanced against its nonexistent relevance, the extraordinary burden
2 that preparing a witness or witnesses on Topic 1, with its unbounded geographic and
3 temporal scope and unlimited subject matter, would place on Mattel is even more
4 reason to reject them.   Mattel has affiliates and subsidiaries in 43 countries
5 throughout the world, and sells toys and dolls in approximately 150 countries.[30]
6 Mattel has 30,000 employees worldwide, over 5,000 of whom are in the United
7 States.[31]

8

9

10

11

12

13

14

15

16                                                                        .[32]

17

18

19                                   .[33]   It would be impossible for Mattel to
20 reconstruct

21

22

23                       .   Mattel would have to locate and review

24

25 _____

26  [30]  Moore Decl., at ¶ 4.
27  [31]  Id.
    [32]  Id. at ¶ 5.
28  [33]  Id. at ¶ 6; Zeller Decl., ¶ 3.

1　████████████████████████████.[34]   It also would have to contact ████████
2　████████████████████████████████████████████████████████████████
3　████████████████████████████████████████████████████████████████
4　████████████████████████.   Furthermore, even after the information was obtained, non-
5　U.S. matters may not be in English, but in the native language of the respective
6　country in which the events took place.  In addition to the time these tasks would
7　take, there would be many costs associated with pulling the records from storage
8　and translating them.[35]   The enormous burden that such an undertaking would
9　impose would be magnified by the fact that many, if not most, of such
10　communications will be among and between Mattel attorneys and those working for
11　them and therefore will have to be reviewed for privilege and work product.[36]
12　████████████████████████████████████████████████████████████████
13　████████████████████████████████████████████████████████████████
14　████████████████████████████████████████████████████████████████
15　██████.[37]
16　　　　　　　In essence, Topic 1 purports ████████████████████████████
17　████████████████████████████████████████████████████████████████
18　████████████████████████████████████████████████████████████████
19　████████████████████████████████████████████████████████████████
20　██████.   The patent overbreadth and obvious burdens on Mattel imposed by
21　Topic 1 are reason enough to reject it; that MGA refuses to attempt to defend it is all
22　the more telling.
23
24
25

26　[34] Moore Decl., ¶ 6.
　　[35] Id.
27　[36] Id.
　　[37] Id.
28

**B.**  **Topic 2, 3, And 4 Are Overbroad, Unduly Burdensome And Seek Irrelevant, Privileged Information**

Topic 2 and its 22 sub-topics seek testimony regarding █████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████. Again, the Topic ██████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████.[38]  Topic 2 is overbroad, and plainly designed to seek irrelevant and privileged information and improperly burden Mattel.

Specifically, Topic 2 requires testimony concerning █████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████.[40]  Moreover, Topic 2 defines █████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████.

Topic 2's attempt to ██████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████.[42]  Redacting that information would be extremely burdensome and

---

[38] Notice at Topic 2.
[39] Id. at Topic 2(a).
[40] Id. at Topic 2(b).
[41] Id. at 5.
[42] Zeller Decl., ¶ 2.

1  costly.[43]  See United States v. Waage, 2008 WL 4492596, at *2 (S.D. Cal. Sept. 30,

2  2008) (holding that billing documents commonly protected information such as "the

3  motive of the client in seeking representation, litigation strategy, or the specific

4  nature of the services provided," and that "it would be unduly burdensome . . . to

5  redact the billing statements to remove the attorney-client privileged materials.")

6  More fundamentally, the remaining information is irrelevant, and MGA does not

7  even argue to the contrary. ███████████████████████

8  ████████████████████████████████████

9  ████████████████████████████████████

10 ██████████████████████.

11          Moreover, Mattel's in-house counsel has similarly expended enormous

12 amounts of time and money investigating Mattel's claims in this matter. ██████

13 ████████████████████████████████████

14 ████████████████████████████████████

15 ████████████████████████████████████

16 ████████████████████████████████████

17 ████████████████████████████████████

18 ████████████████████████████████████

19 ████████████████████████[45]

20          All of this would be reason enough to reject Topic 2, but it goes further

21 still. ██████████████████████████████

22 ████████████████████████████████████

23 ████████████████████████████████████

24 ████████████████████████████████.[46]

25 _____

26 [43] Id.
   [44] Moore Decl., ¶ 7.
27 [45] Id.
   [46] Notice, at Topic 2(m).

28

1   MGA has not attempted to explain the possible relevance of, for example, ███████

2   ████████████████████████████████████████████████████████████

3   ███████████████.    Nor could it; information about such items as ███████

4   ███████████ has absolutely nothing to do with this case. In any event, it would be

5   enormously burdensome for Mattel to even attempt to collect such information.[47]

6         Topic 3 seeks testimony concerning ████████████████████████

7   ██████████████████████████████ described in response to Topic 2, and is

8   objectionable for all the same reasons. The same is true of Topic 4, which seeks

9   information concerning ████████████████████████████████████████████

10   ██████████████████ described in Topic 2.

11        **C.**     **Topic 5 Improperly Calls For Irrelevant, Privileged Information**

12         Topic 5 is specifically aimed at work product, ████████████████

13   ████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████

16   █████████████████████████████████████████.

17         Among other things, this definition would seem to require testimony

18   concerning the ████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████

22

23   _____

24   [47]   Moore Decl., ¶ 9. For example, Mattel does not keep records of its

25   employees' campaign or political contributions. <u>Id.</u> Thus, it would require Mattel to request that information individually from each of its 30,000 employees (since it is

26   not information within Mattel's control). <u>Id.</u> Requesting this information from 30,000 employees, to say nothing of the thousands of former employees over the

27   past nine years, is not only impractical but would severely disrupt Mattel's business operations and would have a detrimental effect on Mattel's relationship with its

28   employees. <u>Id.</u>

1    ██████████████████████████████████████████[48]   All of these

2    communications ██████████████████████████

3    ████████████████████████,[49] and MGA has not even attempted to

4    satisfy the requirements of gaining access to such information.  MGA has provided

5    no reason why Mattel should be compelled to testify concerning its litigation

6    strategy and positions in this case, because there is none.

7

8    **III.   MGA FAILED TO EVEN REQUEST, LET ALONE CONDUCT, A**

9    **MEET AND CONFER PRIOR TO ITS MOTION**

10        Even in hotly litigated cases such as this one, it is a basic rule of

11   discovery practice that parties are supposed to try to work out disputes before

12   making them the subject of motion practice.  Under the Orders and Rules applicable

13   to this case, MGA was obligated to meet and confer with Mattel before bringing this

14   Motion.[50]

15        Despite these obligations, MGA did not even *request* a meet and confer

16   on the deposition notice before it filed.  To the contrary, MGA affirmatively refused

17   Mattel's specific request to meet and confer concerning the topics in the Notice and

18   simply announced it will not "litigate these objections in advance."[51]   Apparently

19   MGA's view is that only after Mattel's witness appeared and was sitting in a chair

20   would MGA *then* begin discussions on its 40-topic deposition notice.  Nothing in

21   _____

22   [48]  See Zeller Decl., ¶ 4; Moore Decl., ¶ 11.
      [49]  Id.
23   [50]  The December 6, 2006 Discovery Master Order states that prior to filing a

24   motion with the Discovery Master, "[t]he moving party shall first identify each
      dispute, state the relief sought, and identify the authority supporting the requested

25   relief in a meet and confer letter that shall be served on all parties by facsimile or
      electronic mail."  See Stipulation for Appointment of a Discovery Master and Order,

26   dated Dec. 6, 2006, at ¶ 5.  Zeller Decl., Exh. 22.  Moreover, the Federal and Local
      Rules plainly require a good faith meet and confer prior to any discovery motion.

27   Fed. R. Civ. Proc. 37(d); Local Rule 37-1.
      [51]  See email correspondence between Michael Zeller and Annette Hurst, dated

28   August 10, 2009.  Zeller Decl., Exh. 4.

1  the <u>Rules</u> supports MGA's insistence that Mattel provide a witness to appear for
2  deposition as a condition to discussing Mattel's objections; it would lead to
3  countless objections, colloquy on the record, and calls to the Discovery Master.
4  Neither the parties nor the witnesses are well served by such a contentious
5  procedure.  To the contrary, parties are to meet and confer *in advance* to iron out
6  their differences, so that depositions may proceed more smoothly and
7  productively.[52]   Because MGA refused to meet and confer to discuss Mattel's
8  objections, its Motion should be denied.

10  **IV.**  ███████████████████████████████████████

11  ███████████████████████████████████████████████

12  ████████████████████████

13       MGA seeks to de-designate ███████████████████████

14  ███████████████████████████████████████████████

15  ███████████████████████████████████████.  MGA's stated reason

16  for this request is so that ██████████████████████████████████

17  ███████████████████████████████████████████████

18  ████████████████.[53]   The email was properly designated "CONFIDENTIAL –

19  ATTORNEYS' EYES ONLY" ("AEO"),[54] however, and should remain under seal.

20       As MGA acknowledges, under the Stipulated Protective Order, the

21  AEO designation applies "to trade secrets *or other confidential commercial*

---

[52]   MGA also requests that the parties be ordered to designate 30(b)(6) witnesses at least three business days in advance of the deposition date.  Mattel does not object to this requirement in principle if both parties are so required, and Mattel would have so informed MGA had it met and conferred.

[53]   Webster Decl., ¶ 4; Motion at 2.

[54]   MGA asserts that this is the "highest level of protection." (MGA's Mot. to Compel, p. 8).  While this may be true under the Stipulated Protective Order itself, it ignores the fact the parties have stipulated to a higher level – HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY ("RAEO") – in a (footnote continued)

1  *information* . . . which the disclosing Party or nonparty in good faith believes will

2  result in competitive disadvantage *or harm* if disclosed to another Party to this

3  Action without restriction upon use or further disclosure."[55]  The email in question

4  ███████████████████████████████████████████████████

5  ███████████, and fits well within those parameters.  ████████████

6  ███████████████████████████████████████████████████

7  █████████████████████████████, which, if divulged, could prevent

8  Mattel from being able to sufficiently protect its proprietary secrets.

9      **A.**    **Under The Discovery Master's Rulings And The Parties' Prior**

10          **Practice, The Email Is Confidential**

11          To avoid MGA's bringing this matter before the Discovery Master,

12  Mattel offered to reduce the designation to CONFIDENTIAL during the meet and

13  confer process – an offer which MGA rejected and fails even to note in its Motion.[56]

14  The Stipulated Protective Order provides that the CONFIDENTIAL designation

15  applies:

16          to information which the disclosing Party or nonparty

17          believes in good faith contains, constitutes, or reveals
           confidential   design,   engineering   or   development

18          information, confidential commercial information, non-

19          public financial information, confidential or private

20          information  about  current  or  former  employees,
           contractors or vendors (including employee, contractor

21          and vendor personnel records), or other information of a

22          confidential proprietary private or personal nature.[57]

23

24

25

26  subsequent Stipulated Order.  See Stipulation to Modify Protective Order and Order
   Thereon, dated May 16, 2007, Zeller Decl., Exh. 23.

27  [55]  (emphasis added).
   [56]  See Webster Decl., ¶ 4.

28  [57]  See Stipulated Protective Order.  Zeller Decl., Exh. 22.

00505.07975/3071053.2

MATTEL'S OPPOSITION TO MGA PARTIES' MOTIONS RE 30(B)(6) DEPOSITION

1     The email in question falls squarely within both the "confidential or
2   private information about current or former employees" and "other information of a
3   confidential proprietary private or personal nature" categories. ████████████

4   ████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████

7   ██████████. The Discovery Master has already ruled that such information should be
8   afforded at the very least a CONFIDENTIAL designation, holding that ██████████

9   ████████████████████████████████████████████████████████████

10  ████████████████████████████████████████   In so ruling, the Discovery
11  Master reasoned that:

12  ████████████████████████████████████████████

13  ████████████████████████████████████████████

14  ████████████████████████████████████████████

15  ████████████████████████████████████████████

16  ████████████████████████████████████████████

17  ████████████████████████████████████████ [59]

18

19     Moreover, MGA itself has taken the position that such documents are
20  categorically "CONFIDENTIAL."  Specifically, MGA asserted that documents were
21  properly filed under seal in part because they ██████████████████████

22  ████████████."[60]  Further, in the case of ████████████████████

23  ████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████

25

26  [58]  See Discover Matter Order No. 33 at 23.  Zeller Decl., Exh. 5.
    [59]  Id.
27  [60]  See MGA Parties' Opposition to Mattel's 4/17/09 Motion to De-Designate, at
28  5. Zeller Decl., Exh. 24.

1

2

3

4

5

6

7

8          ███████████████████████████████████████.[63]

9         If this type of testimony is "CONFIDENTIAL" as MGA has asserted,

10 then so ████████████████████████████████.[64]

11      **B.**     **MGA Cannot Circumvent Canadian Authorities By Sharing**

12              **Discovery From This Case With A Non-Party Who Refuses To**

13              **Sign The Protective Order**

14         Moreover, MGA's stated purpose for de-designating the email is

15 improper. ███████████████████████████████████

16 ████████████████████████████████████████████

17 ████████████████████████████████████████████

18 ████████████████████████████████████████████

19

20

21     [61]  Kuemmerle Depo. Tr., dated Jan. 28, 2008, at 121:15-125:5. Zeller Decl.,

22 Exh. 25.

     [62]  Id. at 140:20-144:10.

23      [63]  Id. at 227:9-23.

     [64]  Mattel has filed concurrently a Motion to Amend the Protective Order, which

24 in relevant part seeks the amendment of the definition of covered documents to include ██████████

25 ████████," or, in the alternative, "Confidential." Thus, to the extent the Discovery Master is inclined to grant the relief sought by MGA in relation to such

26 communications on the instant Motion, Mattel respectfully submits that the concurrently filed Motion to Amend the Protective Order should be granted to

27 ensure ongoing protection of these (and other) communications with law enforcement officials.

28      [65]  MGA's Motion to Compel at 8.

1 ████████████████████████████████████████████████████

2 ████████████████████████████.

3      In fact, in U.S. federal proceedings, to gain access to such discovery

4 third parties are required to intervene in the action and move to modify the

5 protective order, demonstrating "the relevance of the protected discovery to the

6 collateral proceedings and its general discoverability therein." <u>Foltz v. State Farm</u>

7 <u>Mutual Automobile Ins. Co.</u>, 331 F. 3d 1122, 1132 (9th Cir. 2003).[66] ████████

8 ████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████████████████████████████████████████. <u>See</u> <u>In</u>

12 <u>re Dynamic Random Access Memory (DRAM) Antitrust Litigation</u>, 2008 WL

13 4191780 at *1 (N.D. Cal. Sep. 10, 2008) ("[A] collateral movant's request for

14 intervention and modification should generally be granted only 'where reasonable

15 restrictions on collateral disclosure will continue to protect an affected party's

16 legitimate interests in privacy.'") (quoting <u>Foltz</u>, 331 F.3d at 1132).

17      In sum, MGA ████████████████████████

18 ████████████████████████████████████████. This attempt is

19 completely inconsistent with the terms of the Protective Order, the Discovery

20 Master's prior interpretation of that Order, MGA's prior positions, and the legal

21 standards governing such requests. Indeed, it is not even consistent with MGA's

22 prior positions that ████████████████

23

24   [66] "Requiring a showing of relevance prevents collateral litigants from gaining

25 access to discovery materials merely to subvert limitations on discovery in another proceeding." <u>Id.</u> "Of course, before deciding to modify the protective order, the

26 court that issued it must consider other factors in addition to the relevance of the protected discovery to the collateral litigation," which includes "weigh[ing] the

27 countervailing reliance interest of the party opposing the modification against the policy of avoiding duplicative discovery." <u>Id.</u> at 1133.

28   [67] <u>See</u> Webster Dec., ¶ 3.

1 ███████████. MGA's efforts to obtain discovery for use
2 in Canada on behalf of someone whom MGA conveniently claimed not to control in
3 order to evade discovery in this case is improper and should be rejected.

4

5 **V.    MGA, NOT MATTEL, SHOULD BE SANCTIONED**

6 MGA's assertion that there is "no authority" for Mattel's service of
7 objections and insistence on a meet and confer prior to producing its Rule 30(b)(6)
8 witness is meritless. Judge Larson, Judge Block, and the prior Discovery Master
9 have rejected MGA's argument that Mattel was required to move for a protective
10 order or else appear for deposition, and MGA itself has long failed to follow the
11 same rule it now seeks to impose on Mattel. Instead, MGA has repeatedly refused
12 to produce witnesses without moving for a protective order and thus forced Mattel
13 to move to compel.

14 In contrast, MGA's refusal to meet and confer regarding Mattel's
15 objections to its deposition notice prior to this Motion violates the Discovery Master
16 Order and the Rules requiring meet and confer. The Discovery Master should
17 accordingly sanction MGA in the amount of $3000 in partial compensation for the
18 costs Mattel incurred in opposing this Motion.

19 **Conclusion**

20 Mattel respectfully requests that MGA's Motion be denied in entirety,
21 and that the Discovery Master sanction MGA.

22

23 DATED: August 26, 2009          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
24

25

26 By /s/ Michael T. Zeller
                                   Michael T. Zeller
27                                 Attorneys for Mattel, Inc.

28