# EXHIBIT 16

CONFORMED

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
13       vs.                             Case No. CV 05-02727

14  MATTEL, INC., a Delaware             **DISCOVERY MATTER**
    corporation,
15                                       **[To Be Heard By Discovery Master
                Defendant.               Hon. Edward Infante (Ret.) Pursuant
16                                       To The Court's Order of December 6,
17                                       2006]**

18  AND CONSOLIDATED ACTIONS            MATTEL, INC.'S [CORRECTED]
                                         NOTICE OF MOTION AND MOTION
19                                       TO COMPEL MGA TO PRODUCE
                                         WITNESSES FOR DEPOSITION
20                                       PURSUANT TO  RULE 30(B)(6) AND
                                         FOR SANCTIONS
21
                                         [Declarations of Michael T. Zeller and
22                                       Jon D. Corey filed concurrently
                                         herewith]
23
                                         Hearing Date:  TBA
24                                       Time:  TBA
                                         Place:  TBA
25
                                         Discovery cutoff:  October 22, 2007
26                                       PTC Date:  January 14, 2008
                                         Trial Date:  February 12, 2008
27
                                         EXHIBIT 16
28
                                         PAGE 187    C4125

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that, at a telephonic conference before

3  Discovery Master Hon. Edward Infante (Ret.), that will occur at a time to be set by

4  Judge Infante, Mattel, Inc. will, and hereby does, move the Court, pursuant to <u>Federal</u>

5  <u>Rules of Civil Procedure</u> 30(b)(6) and 37, for an order compelling MGA Entertainment

6  Inc. ("MGA") to designate and produce witnesses to testify on topics identified in

7  Mattel's Notice of Deposition of MGA Entertainment Inc. (the "First Notice") and in

8  Mattel's Second Notice of Deposition of MGA Entertainment, Inc. (the "Second

9  Notice").

10          This Motion is made on the grounds that MGA has produced no witness to

11  testify on Topics 1-3 and 6-8 of the First Notice and has produced no witnesses to

12  testify on any of the Topics in the Second Notice.

13          This Motion is based on this Notice of Motion and Motion, the

14  accompanying Memorandum of Points and Authorities and Declarations of Jon D.

15  Corey and Michael T. Zeller filed concurrently herewith, the records and files of this

16  Court, and all other matters of which the Court may take judicial notice.

17

18          <u>**Statement of Rule 37-1 Compliance**</u>

19          The parties met and conferred regarding Mattel's Second Notice on March

20  15, 2007 and 16, 2007. The parties also met and conferred on MGA's failure to provide

21  witnesses in response to Topics 1-3 and 6-8 in the First Notice on March 15, 2007 and

22  March 16, 2007, among other times.

23  DATED:  April 13, 2007          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
24

25
                                By   *Mike T. Ze—*
26                                   Michael T. Zeller
                                     Attorneys for Plaintiff and Cross-Defendant
27                                   Mattel, Inc.

28                                   EXHIBIT *16*

                                     PAGE *188*

J7209/2091594.4

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

Preliminary Statement ................................................................................. 1

Statement of Facts.......................................................................................3

Argument ............................................................................................... 15

I.  The Court Should Compel MGA To Produce Witnesses In Response To The Remaining Six Topics In Mattel's First Notice. ................................ 15

II. The Court Should Compel MGA To Produce Witnesses In Response To Mattel's Second Notice. .......................................................................... 16

    A.  MGA Has Failed To Produce Witnesses To Testify About The Origins, Creation, Design And Development Of Bratz........................ 17

        1.  The Relevant Mattel Topics And MGA's Responses Thereto.......................................................................... 17

        2.  MGA Should Be Compelled To Produce Witnesses To Testify In Response To Topic Nos. 1-3, 8-9, 11-15, 17, 21, 33 And 34. .................................................................................29

    B.  MGA Has Not Produced Witnesses To Testify About Bryant's Work During Relevant Time Periods, Including On Bratz. ................35

        1.  Mattel's Relevant Topics And MGA's Responses Thereto. .......35

        2.  MGA Should Be Compelled To Produce Witnesses To Testify On Topics 4-7 And 16....................................................40

    C.  MGA Has Failed To Produce Witnesses To Testify Regarding Relevant Contracts And MGA's Knowledge Of Bryant's Breaches.................................................................................41

        1.  Mattel's Relevant Topics And MGA's Responses Thereto. .......41

        2.  MGA Should Be Compelled To Produce Witnesses In Response To Topic Nos. 18-20, 24 And 31-32..........................46

    D.  MGA Has Failed To Produce Witnesses To Testify About The Third Parties Who Worked On, Or Have Apparent Knowledge About, Bratz. ..................................................................................50

        1.  Mattel's Relevant Topics And MGA's Responses Thereto. .......50

        2.  MGA Should Be Compelled To Designate And Produce Witnesses In Response To Topic Nos. 10, 27-30, 35 And 36. ................................................................................56

J7209/2091594.4

-i-

EXHIBIT _16_

PAGE _189_

| | | | |
|---|---|---|---|
| E. | | MGA Refuses To Designate And Produce A Witness To Testify Regarding Payments Made To Bryant And On Other Relevant Financial Information...........................................................................58 | |
| | 1. | Mattel's Relevant Topics And MGA's Response Thereto..........58 | |
| | 2. | MGA Should Be Compelled To Designate And Produce A Witness In Response To Topic Nos. 22-23 And 25-26..............62 | |
| F. | | MGA Has Failed To Produce Witnesses In Response To Topics Relating To Defendants' Potential Spoliation Of Evidence Relating to Bratz And MGA's Destruction And Retention Of Documents. ..............................................................................65 | |
| | 1. | Mattel's Relevant Topics And MGA's Responses Thereto. ........65 | |
| | 2. | MGA Should Be Compelled To Designate And Produce Witnesses To Testify In Response To Topic Nos. 38-46...........74 | |
| G. | | MGA Has Failed To Produce Witnesses To Testify About MGA's Corporate Structure. .................................................................75 | |
| | 1. | Mattel's Relevant Topic And MGA's Response Thereto. ..........75 | |
| | 2. | MGA Should Be Compelled To Designate And Produce Witnesses In Response To Topic No. 37. ...................................76 | |
| III. | | The Court Should Sanction MGA For Its Unwarranted Delays In Producing Witnesses ................................................................................77 | |
| IV. | | Conclusion.................................................................................................80 | |

EXHIBIT 16

PAGE 190

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

07209/2091594.4

1

## TABLE OF AUTHORITIES

2

**Page**

3

### Cases

Bendt v. G.D. Searle & Co.,
1990 WL 299926 (D. Minn. 1990) ..................................................................... 32

Bohannon v. Honda Motor Co., Ltd., et al.,
127 F.R.D. 536 (D. Kan. 1989) ......................................................................... 31

Braley v. Campbell,
832 F.2d 1504 (10th Cir. 1987) ......................................................................... 78

Bulow by Auersperg v. von Bulow,
811 F.2d 136 (2d Cir. 1987) ............................................................................. 48

Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.,
175 F.R.D. 646 (C.D. Cal. 1997) ...................................................................... 49

Clarke v. American Commerce Nat'l Bank,
974 F.2d 127 (9th Cir. 1992) ............................................................................ 49

Computer Economics, Inc. v. Gartner Group, Inc.,
50 F. Supp. 2d 980 (S.D. Cal. 1999) ................................................................ 33

Erie R.R. v. Tompkins,
304 U.S. 64 (1938) ..................................................................................... 33, 34

Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.,
2007 WL 273949 (E.D. Cal. 2007) .............................................................. 33, 34

Gasperini v. Center for Humanities, Inc.,
518 U.S. 415 (1996) ........................................................................................ 34

In re Grand Jury Subpoenas,
803 F.2d 493 (9th Cir. 1986) ............................................................................ 49

Hanna v. Plumer,
380 U.S. 460 (1965) ........................................................................................ 34

Hansen v. Allen Memorial Hosp.,
141 F.R.D. 115 (S.D. Iowa 1992) ..................................................................... 48

Humphreys v. Regents of University of California,
2006 WL 1140907 (N.D. Cal. 2006) ................................................................. 78

Hyde & Drath v. Baker,
24 F.3d 1162 (9th Cir. 1994) ............................................................................ 77

Ierardi v. Lorillard, Inc.,
1991 WL 158911 (E.D. Pa. 1991) ..................................................................... 32

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7209/2091594.4

EXHIBIT _16_

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

PAGE ___/71

Marker v. Union Fidelity Life Ins. Co.,
125 F.R.D. 121 (M.D.N.C. 1989)..................................................................32

Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority,
93 F.R.D. 62 (D.P.R. 1981)..........................................................................31

Oakes v. Halvorsen Marine Ltd.,
179 F.R.D. 281 (C.D. Cal. 1998) ................................................................64

Perrignon v. Bergen Brunswig Corp.,
77 F.R.D. 455 (N.D. Cal. 1978)..................................................................48

Pham v. Jones,
2006 WL. 1342826 (S.D. Tex. 2006)..........................................................63

RTC v. Dabney,
73 F.3d 262 (10th Cir. 1995)......................................................................78

Santana v. Holiday Inns, Inc.,
686 F.2d 736 (9th Cir. 1982)......................................................................34

Smith v. Alice Peck Day Memorial Hosp.,
148 F.R.D. 51 (D.N.H. 1993)......................................................................48

Snead v. Metropolitan Property & Cas. Ins. Co.,
237 F.3d 1080 (9th Cir. 2001)....................................................................34

U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,
2000 WL. 307470 (C.D. Cal. 2000)............................................................64

United States v. Abel,
469 U.S. 45 (1984) ......................................................................................49

United States v. Blackman,
72 F.3d 1418 (9th Cir. 1995)......................................................................49

United States v. Zolin,
491 U.S. 554 (1989) ....................................................................................48

Wm. T. Thompson Co. v. General Nutrition Corp.,
671 F.2d 100 (3d Cir. 1982)......................................................................48

**Statutes**

17 U.S.C. § 504(b)..........................................................................................63

28 U.S.C. § 1927..............................................................................................78

Cal. Bus. & Prof. Code § 6149......................................................................48

Cal. Civ. Proc. Code § 2019.210 ..........................................................Passim

Fed. R. Civ. P. 26............................................................................................33

EXHIBIT 16
PAGE 192

| | | |
|---|---|---|
| 1 | Fed. R. Civ. P. 26(a) | 57 |
| 2 | Fed. R. Civ. P. 26(a)(5) | 31 |
| 3 | Fed. R. Civ. P. 26(b) | 64 |
| 4 | Fed. R. Civ. P. 26(d) | 31, 34 |
| 5 | Fed. R. Civ. P. 30(b)(6) | Passim |
| 6 | Fed. R. Civ. P. 30(d)(3) | 77 |
| 7 | Fed. R. Civ. P. 37-1 | 2 |
| 8 | Fed. R. Civ. P. 37(a)(4) | 77 |
| 9 | Fed. R. Evid. 501 | 48 |
| 10 | Local Rule 37-1 | 8, 11 |

11

**Other Authorities**

12

Federal Practice & Procedure: Federal Rules of Evidence § 6095 ........................... 49

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT _16_

27

PAGE _193_

28

07209/2091594.4

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA continues with its failures and refusals to produce plainly relevant -- even critical -- witnesses for deposition unless ordered by the Court to do so. Mattel has served two <u>Rule</u> 30(b)(6) Notices on MGA. Mattel served its first <u>Rule</u> 30(b)(6) Notice some two years ago (the "First Notice"). The Topics relate to MGA's own contentions about the chronology of Bratz design and development. After ignoring repeated Mattel requests for these witnesses, MGA represented to the Discovery Master on December 19, 2007 -- some four months ago -- that it would designate and produce its witnesses on the First Notice. When MGA finally followed up in January, MGA designated Bratz project manager Paula Garcia on six of the eight Topics in the First Notice, but claimed that she was wholly unavailable until mid-March 2007 for reasons MGA refused to explain. Then, even after that excessive delay on MGA's part, when the date for Ms. Garcia's March deposition approached, MGA unilaterally cancelled the deposition. To this day, MGA has not produced any designee on these six Topics in the First Notice.

At this point, it is not even clear who MGA's designee is on these six Topics in the First Notice. After MGA cancelled Ms. Garcia's scheduled March deposition, MGA offered -- and Mattel accepted -- April 12, 2007 as the date for her deposition. At the same time, however, MGA began suggesting that it would no longer be designating Ms. Garcia as a <u>Rule</u> 30(b)(6) designee on the remaining six Topics in the First Notice and that she would be produced in her individual capacity. MGA nevertheless still has not designated anyone in Ms. Garcia's stead, and then late last week sent a letter unilaterally canceling her April 12, 2007 deposition altogether. Thus, although Mattel has repeatedly sought MGA's designees on the Topics in the First Notice as well as Ms. Garcia's deposition in one form or another, MGA has provided little more than broken promises.

EXHIBIT _16_

PAGE _193_

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

1    Nor has MGA produced a single witness to testify on Mattel's Second
2  Notice of Deposition of MGA Entertainment, Inc. Pursuant to <u>Federal Rule of Civil</u>
3  <u>Procedure</u> 30(b)(6) (the "Second Notice"). The Topics in Mattel's Second Notice seek
4  information from MGA about key issues in this case, including most importantly the
5  origins, design and development of Bratz and Bryant's work with MGA during relevant
6  time periods. Thus, for example:

7    • Topic Nos. 1, 2, 8, and 11-15, among others, seek MGA testimony
8    about the origin, creation, design and development of Bratz prior to June
9    30, 2001.

10    • Topic Nos. 3-7 request MGA testimony identifying the work that
11    Carter Bryant performed with or for MGA prior to June 30, 2001 and the
12    uses of that work.

13    • Topic Nos. 9 and 36 asks for MGA testimony regarding specifically
14    identified Bratz design drawings that are centrally at issue in this case.

15    • Topic Nos. 18, 19 and 24 seek MGA testimony about relevant
16    contracts concerning Bryant and Bratz.

17    • Topic Nos. 10, 27-30 and 35 request information about third parties
18    who were involved in or otherwise have knowledge of the creation, design
19    and development of Bratz.

20    • Topic No. 41 asks for MGA testimony regarding defendants'
21    handling of key Bratz design documents in this case.

22    • Topic Nos. 22, 23, 25 and 26 ask for MGA testimony on payments
23    made to Bryant and other financial information relating to Bratz.

24  There can be no serious dispute that Mattel is entitled to MGA witnesses on these
25  subjects. As the Discovery Master has previously found, "[a]t the heart of this lawsuit

26
27    EXHIBIT _16_
28    PAGE _194_

07209/2091594.4

-2-

1   is a dispute over the rights to the Bratz dolls."[1]  Indeed, the Topics seek information

2   that the Discovery Master already found was relevant and discoverable in this case

3   when he granted Mattel's motion to compel Bryant to produce basic documents about

4   the origins of Bratz that he had long been withholding. Furthermore, Topic No. 41 and

5   a number of other Topics in the Second Notice request MGA testimony on issues of

6   potential spoliation of evidence by defendants in this case. As Judge Larson has stated

7   in connection with defendants' unauthorized destructive testing of Bratz design

8   drawings that they conducted after this suit was filed: "That there are serious questions

9   concerning the handling of these critical documents certainly causes the Court much

10  concern about whether the truth seeking functions of the adversarial system have been

11  fundamentally compromised in this case."[2]  Nevertheless, MGA has not produced any

12  witness to address these or any of the other Topics in Mattel's Notice.

13          Mattel respectfully requests that the Discovery Master compel MGA to

14  produce witnesses on the Second Notice and on Topics 1-3 and 6-8 in the First Notice

15  and to sanction MGA to discourage such behavior in future.

16

17                          **Statement of Facts**

18  **A.      Mattel's First Rule 30(b)(6) Notice to MGA.**

19          *MGA and Bryant's Claims About The Timing Of Bratz.*   As the

20  Discovery Master has recognized, important issues in this case involve the nature and

21  timing of work that defendants performed on Bratz.[3]  Among other evidence bearing on

22  that subject, in February 2005, Bryant took the deposition of a face painter, Anna Rhee,

23  _____

24  [1]   Discovery Master's Order Granting Mattel's Motion to Compel Production of
      Documents ("Discovery Master's January 25 Order") at 2, attached as Exh. 1 to the
25  Declaration of Michael T. Zeller, dated February 2, 2007 and filed concurrently
      herewith ("Zeller Dec.").
26  [2]   Court's Order Denying Appointment of Expert Witness dated August 11, 2007
27  at 11:10-11:13, Zeller Dec., Exh. 26.

EXHIBIT 16

28

07209/2091594.4

PAGE 195

-3-

1  who MGA and Bryant concede worked on the first Bratz dolls. Ms. Rhee testified that

2  several months before Mr. Bryant left Mattel, Mr. Bryant told her he had a "secret"

3  project that he wanted her to work on.[4] According to her testimony, in June 2000, Mr.

4  Bryant introduced Ms. Rhee to MGA[5] and had her paint the faces of three-dimensional

5  "Bratz" doll heads.[6]  She submitted an invoice to MGA dated June 12, 2000 for that

6  work.[7]  Ms. Rhee further testified that when she first began working on this "secret"

7  project, she did not know the project by the name "Bratz," but that Mr. Bryant initially

8  instead had called it "Angel,"[8] which is what she wrote on her invoice to MGA as well

9  as on other invoices for her work on Bratz in September 2000.[9]  Thus, as she stated at

10  deposition: "Q. Well, do you have a specific recollection that in preparing this invoice

11  that Mr. Bryant told you to put down 'Angel Face' on this invoice when in fact you were

12  doing work on Bratz? . . . A. Yes."[10]  Ms. Rhee testified that the heads she began

13  painting in June 2000 were of the dolls that she later learned were called "Bratz."[11]

14         Ms. Rhee's testimony is material for at least two reasons. First, it goes to

15  Mr. Bryant's and MGA's liability in this case.  The work on Bratz that Ms. Rhee

16  described was performed during a time period when Mr. Bryant was employed by

17  Mattel. Indeed, June 2000 was more than four months before he left Mattel on October

18  20, 2000.[12] If, as Ms. Rhee has testified, Mr. Bryant was working on Bratz dolls during

19  his Mattel employment, such evidence tends to show that Mattel is the owner of that

20

---

[3]  Discovery Master's January 25 Order at 12-13, Zeller Dec., Exh. 1.

[4]  Deposition of Anna Rhee ("Rhee Depo.) at 107:16-108:3, Zeller Dec., Exh. 2.

[5]  Rhee Depo. at 107:4-6, Zeller Dec., Exh. 2.

[6]  Rhee Depo. at 113:24-114:15 and 202-204, Zeller Dec., Exh. 2.

[7]  Rhee Depo. at 107:4-108:6, Zeller Dec. Exh. 2.

[8]  Rhee Depo. at 109:20-25, Zeller Dec., Exh. 2.

[9]  Rhee Depo. at 109:5-25, 138:9-22 and Exh. 201, Zeller Dec., Exh. 2.

[10]  Rhee Depo. at 142:16-143:10, Zeller Dec., Exh. 2.

[11]  Rhee Depo. at 108:8-10, 127:8-14, 132:25-133:2, Zeller Dec., Exh. 2.

[12]  Order Granting Mattel's Motion to Compel, dated January 25, 2007, at 2,
Zeller Dec., Exh. 1.

EXHIBIT 16

PAGE 196

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

07209/2091594.4

1  work because, pursuant to its agreements with Mr. Bryant, Mattel owns relevant
2  creative works that Mr. Bryant made while a Mattel employee.[13]  Second, the testimony
3  impeaches aspects of the account that Mr. Bryant and MGA have given about when
4  Bratz was designed and developed.  As just one example of this, Mr. Bryant claimed at
5  deposition that he had no contact with MGA prior to August 2000 and that he had never
6  even *heard* of MGA prior to July 2000.[14]

7         ***Defendants' Belated Production of Rhee-Related Documents.***  MGA and
8  Bryant's position is that Ms. Rhee is mistaken and that she worked not on "Bratz" in
9  June 2000, but on an ostensibly separate MGA doll project called "Prayer Angel."  For
10  her part, in response to questions posed by Bryant's counsel, Ms. Rhee testified that
11  defendants are wrong in that claim and that she began her work on dolls in the "Prayer
12  Angels" product line only later:

13         Q.    Are you familiar with the doll project that was called Prayer Angel?
14         A.    Yes.
15         . . .
16         Q.    Okay.  When did you work on the production model of this doll?
17         A.    Let me think.  Like a year ago or two.
18         . . .
19         Q.    Okay.  So sometime in 2004 or earlier?
20         A.    '3 or '4.  '3 or '4.
21         Q.    '3 or '4 what?
22         A.    2003 or 2004.[15]
23         . . .

24  ─────────────
   [13]  Id., at 2, 12-13.
25  [14]  Deposition of Carter Bryant ("Bryant Depo.") at 8:15-10:12, Zeller Dec.,
26  Exh. 3.
   [15]  Rhee Depo. at 194:6-195:9, Zeller Dec., Exh. 2.
27                                                          EXHIBIT 16
28                                                          PAGE 197

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

1    A.    Okay. Let's go to page 1 of Exhibit 201.  Could this invoice dated

2          June 12, 2000, relate to your work on the doll that ultimately came to

3          market as Prayer Angels?

4          . . .

5          THE WITNESS:    There's no way.[16]

6                In their first attempt to attack her testimony, defendants asserted that MGA

7    still had in its possession at the time of Ms. Rhee's deposition an original "Prayer

8    Angel" doll head painted by Ms. Rhee: "Q.  Okay.  So if MGA has your work, doll

9    heads, that are part of the Prayer Angel project that were submitted to MGA in June of

10   2000 . . . you're saying that would be an impossibility?  A.  It's impossible."[17]  Not only

11   did Ms. Rhee reject defendants' suggestion, but defendants subsequently admitted that

12   MGA in fact did not have such a "Prayer Angel" head[18] after Mattel pointed out in a

13   letter that no such head had been produced.[19]

14               As defendants' other effort to challenge Ms. Rhee's testimony, MGA

15   produced documents that purported to identify a project that Ms. Rhee had worked on

16   in June 2000 as "Prayer Angel."  These alleged internal MGA vendor-related materials

17   consisted of purchase orders and requisition forms.[20]

18         ***Mattel's First Rule 30(b)(6) Notice.***  Shortly after defendants' counsel

19   unilaterally adjourned Ms. Rhee's deposition and after MGA produced its ostensible

20   ──────────────────

21   [16]  Rhee Depo. at 197:6-12, Zeller Dec., Exh. 2.
     [17]  Rhee Depo. at 197:16-22, Zeller Dec., Exh. 2; see also Zeller letter to
22   Bryant's counsel, Zeller Dec., Exh. 4.
     [18]  MGA's Responses to Mattel's First Set of Requests for Admission, Zeller
23   Dec., Exh. 5.
     [19]  Zeller Dec., Exh. 4.
24   [20]  E.g., Zeller Dec., Exh. 6 (documents produced by MGA bearing Bates Nos.
25   MGA 000706-08, MGA000710-12, MGA000714-16, MGA000718-20,
26   MGA000724-28 and MGA000734).

27                                        EXHIBIT _14_

28                                        PAGE _198_

J7209/2091594.4                          -6-

internal MGA vendor-related "Prayer Angels" documents,[21] Mattel propounded a <u>Rule</u> <u>30(b)(6)</u> Notice to MGA (the "First Notice") on February 16, 2005.  In that Notice, Mattel identified eight Topics of testimony it sought from MGA.  Each will inform the date of creation of the Bratz works at issue, including in that each bears on MGA's and Bryant's own contentions that Ms. Rhee was working not on "Bratz," but instead the supposedly separate "Prayer Angels" project, in June 2000:

- Topic 1:  The identity of each person involved in the MGA Projects,[22] and the nature and time period(s) of each such person's involvement therein.

- Topic 2:  The conception, design and development of the MGA Projects, including without limitation the chronology thereof.

- Topic 3:  The identity of, and the design, development and first sale of, any products resulting from the MGA Projects.

- Topic 4:   The source, meaning and authenticity of the Subject Documents,[23] including of handwritten notations thereon.

- Topic 5:  The identity of any computer or computer system by or from which the Subject Documents were created or generated or in which they have been maintained, and the identity of the computer programming or software used in connection therewith.

- Topic 6:  The identity of documents and tangible items that relate to the MGA Projects.

- Topic 7:  The identity, source and current location of each head that was provided by, for or on behalf of MGA or any of its representatives to Anna Rhee for painting prior to October 21, 2000.

---

[21]  Zeller Dec., ¶ 8.
[22]  Defined in the Notice as "those projects, sometimes called 'Angel Faces' and/or 'Prayer Angels,' that are the subject of MGA 000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734."  Copies of these documents are attached as Exh. 6 to the Zeller Dec.
[23]  Defined in the Notice as "each of the following:  MGA000706-08, MGA000710-12 MGA000714-16, MGA0007018-20, MGA000724-26, MGA000724-28, and MGA000734."

EXHIBIT _16_
PAGE _199_

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

- • Topic 8: The identity of each person involved in the conception, design, development, production, sculpting, rotocasting, molding, modeling or prototyping of each head that was provided by, for or on behalf of MGA or any of its representatives to Anna Rhee for painting prior to October 21, 2000.

*Mattel Seeks MGA's Witnesses On The First Notice For Months, But MGA Fails And Refuses To Produce Them.* On February 24, 2005, MGA served objections to Mattel's First Notice.[24] On March 10, 2005, having not heard from MGA about the production of its witnesses in response to the First Notice, and in accordance with Local Rule 37-1, Mattel sent MGA a letter requesting a meet and confer on, among other things, MGA's failure to identify or produce its Rule 30(b)(6) witnesses on the First Notice.[25] The meet and confer took place on March 15, 2005, and Mattel again requested the names of testifying witnesses and proposed dates for deposition.[26] After more delay by MGA, MGA sent a letter dated May 16, 2005 that named Paula Garcia and Charnayne Brooks as witnesses who would testify on the Topics in Mattel's First Notice.[27] Four days after the letter, the Court stayed discovery while the parties litigated an interlocutory appeal on subject matter jurisdiction issues.[28]

*After The Discovery Stay Is Lifted, MGA Ignores Mattel's Requests And, Despite Its Promises To The Discovery Master, Further Delays In Providing Dates On The First Notice.* The Court lifted the discovery stay on May 17, 2006, and shortly thereafter, consolidated the cases.[29] Once the stay was lifted, Mattel repeatedly asked

---

[24]  MGA's Objections to the First Notice of Declaration of MGA Entertainment, Inc., Declaration of Jon D. Corey, dated February 2, 2007 and filed concurrently herewith ("Corey Dec."), Exh. 1.
[25]  Zeller letter to Torres and Ambrosini dated March 10, 2005, Corey Dec., Exh. 2.
[26]  Corey Dec., ¶ 4.
[27]  Ambrosini's letter to Zeller dated May 16, 2005, Corey Dec., Exh. 3.
[28]  Court's Order Staying Discovery, Corey Dec., Exh. 4.
[29]  Court's Order Lifting Discovery Stay, Corey Dec., Exh. 5.

EXHIBIT _16_

PAGE _200_

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

07209/2091594.4

1   MGA for dates when its designees on the First Notice would testify.[30]  MGA initially
2   ignored Mattel's requests and, then when it did eventually respond, refused to produce
3   witnesses unless Mattel produced yet more witnesses to testify on topics in a separate
4   <u>Rule</u> 30(b)(6) notice propounded by Bryant (not MGA).[31]

5          After the Court "so ordered" the Discovery Master Stipulation in
6   December 2006,[32] Mattel's counsel sent James Jenal, counsel for MGA, a letter
7   requesting a meet and confer on MGA's failure to produce witnesses to address the
8   topics identified in Mattel's First Notice.[33]  Even though the Discovery Master
9   Stipulation required MGA to meet and confer within five court days, MGA never
10  responded to that letter or to Mattel's follow-up efforts.[34]

11         During a telephone conference before Judge Infante on December 19,
12  2006, counsel for MGA represented that MGA would provide Mattel with dates for the
13  deposition of its designees.[35]  Counsel for Mattel welcomed that representation, and
14  followed up with a letter on December 26, 2006.[36]

15         ***MGA Belatedly Provides Dates For Its Designees On The First Notice.***
16  On January 5, 2007, MGA identified two witnesses it said were its designees in
17  response to the First Notice.[37]  MGA asserted, however, that it would not produce its

---

[30]   Letters from Corey to opposing counsel dated December 11, 13, & 26, 2007, Corey Dec., Exh. 8.

[31]   E-mail message from Jenal to Corey dated December 5, 2006, Corey Dec., Exh. 7.

[32]   Stipulation and Order for Appointment of a Discovery Master, Corey Dec., Exh. 8.

[33]   Corey letter to Torres dated January 9, 2007, Corey Dec., Exh. 6.

[34]   Corey letters to opposing counsel, Corey Dec., Exh. 6.

[35]   Corey Dec., ¶ 11.

[36]   Corey letter to Cendali and Jenal dated December 26, 2006, Corey Dec., Exh. 6.

[37]   Jenal letter to Corey dated January 5, 2007, Corey Dec., Exh. 9.

EXHIBIT _16_

PAGE _201_

-9-

J7209/2091594.4

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

1   designee on six of the eight Topics, Paula Garcia, for over two months.[38]  Although
2   Mattel asked MGA for an explanation as to why Ms. Garcia was unavailable for that
3   entire period of time,[39] MGA never provided one.[40]  The other designee MGA
4   identified was Kerri Brode, who was formerly known as Kerri Legg.[41]   Mattel
5   immediately accepted a date for her deposition that MGA itself had offered,[42] only to
6   be told by MGA that she would not then appear.[43] Mattel accordingly then accepted the
7   date unilaterally dictated by MGA, which was January 19, 2007.[44]

8          ***MGA Obstructs The Brode Deposition And Forces Mattel To File A***
9   ***Motion To Compel.***  At the Brode deposition on January 19, 2007, after asking about
10  her employment background, Mattel began questioning Ms. Brode about MGA's
11  internal processes for vendors and the categories of documents that MGA generated as
12  a result of that process.[45]  Ms. Brode made clear that she was intimately familiar with
13  these matters during the 2000 and early 2001 time period.  Not only was she the MGA
14  employee who principally carried out the internal vendor processes, she formulated
15  MGA's vendor policies.[46]   As part of the questioning, Mattel marked and showed the
16  witness Exhibit 306, which was a Carter Bryant vendor-related e-mail that Ms. Brode

17
18  [38]   Id. Ms. Garcia, who is formerly known as Paula Treantafelles, has been
       MGA's project manager on Bratz apparently from the start and, according to Bryant,
19     was the first MGA employee who he met with about Bratz.
       [39]   Corey letter to Jenal dated February 10, 2007, Corey Dec., Exh. 12.
20     [40]   Corey Dec., ¶ 17.
       [41]   Jenal letter to Corey, Corey Dec., Exh. 9.
21     [42]   Corey letter to Jenal dated January 8, 2007, Corey Dec., Exh. 10.
22     [43]   Jenal e-mail message to Corey, Wickham and Jacoby dated January 9, 2007,
       Corey Dec., Exh. 11.
23     [44]   Corey letter to Jenal, Corey Dec., Exh. 12.
24     [45]   Deposition of Kerri Brode ("Brode Depo.") at 31:6-45:7, Zeller Dec., Exh. 7.
25     [46]   Brode Depo. at 41:19-42:5, Zeller Dec., Exh. 7.
26
27
28                                              EXHIBIT 16
07209/2091594.4                                 PAGE 202
                              -10-
              MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

1  wrote in September 2000.[47]  MGA's counsel did not instruct on, nor even object to,

2  many of these types of questions as being outside the scope of the Notice.[48]

3          Mattel then marked and showed the witness Exhibit 367.[49]  This Exhibit

4  was another Brode e-mail from the year 2000 relating to an MGA vendor who worked

5  on the Bratz project.[50]  It also was, in substance, largely the same type of email as

6  Exhibit 306.  Nevertheless, MGA's counsel interrupted the examination to declare that

7  he was putting Mattel's counsel on "a real short leash" as to the inquiries about the

8  document that could be made of the witness and then began to flatly instruct her not to

9  answer *any* questions whatsoever about the document.[51]  Shortly thereafter, MGA's

10  counsel then announced a *blanket* instruction that the witness would not answer *any*

11  questions about *any* documents other than certain ones listed by Bates numbers.[52]

12  MGA's counsel refused Mattel's requests to withdraw the instructions,[53] and Mattel

13  adjourned the deposition to obtain a ruling from the Discovery Master on MGA's

14  conduct and MGA's unilateral restrictions on Mattel's examination.[54]

15          On January 19, 2007, Mattel sent a meet and confer letter pursuant to

16  Local Rule 37-1.[55]  In a response letter, MGA claimed that it was entitled to give the

17  instructions, but cited no legal authority for its position.[56]  The parties met and

---

[47]  Brode Depo. at 53:4-14, Zeller Dec., Exh. 7; Brode Depo. Exh. 306, Zeller Dec., Exh. 8.

[48]  Brode Depo. at 53:4-55:3, Zeller Dec., Exh. 7.

[49]  Brode Depo. at 55:4-56:16, Zeller Dec., Exh. 7; Brode Depo. Exh. 367, Zeller Dec., Exh. 9.

[50]  Zeller Dec., ¶¶ 11, 14 & Exhs. 9, 12.

[51]  Brode Depo. at 55:4-57:9, Zeller Dec., Exh. 7.

[52]  Brode Depo. at 58:2-12, Zeller Dec., Exh. 7.

[53]  Brode Depo. at 62:4-6, Zeller Dec., Exh. 7.

[54]  Brode Depo. at 61:14-62:8, Zeller Dec., Exh. 7.

[55]  Zeller letter to Jenal dated January 19, 2007, Zeller Dec., Exh. 10.

[56]  Meyer letter to Zeller dated January 23, 2007, Zeller Dec., Exh. 11.

EXHIBIT _16_

PAGE _203_

1   conferred on January 25, 2007.[57]  At the meet and confer, MGA refused to withdraw

2   any instructions and refused to produce Ms. Brode or any other <u>Rule</u> 30(b)(6) witness

3   on Topics 4 or 5 of the First Notice "without an order of the Court."[58]

4        Mattel brought a motion to compel and to overrule MGA's instructions not

5   to answer on February 2, 2007.[59]  MGA then retreated from its position, and the parties

6   entered into a stipulation that MGA would produce Charnayne Brooks to provide

7   additional testimony on Topics 4 and 5; MGA would withdraw the instructions not to

8   answer asserted at the deposition of Ms. Brode and not reassert them at the deposition

9   of Ms. Brooks; and Mattel would take its motion off-calendar.[60]  Mattel deposed Ms.

10  Brooks with respect to Topics 4 and 5 of the First Notice on March 2, 2007.

11        *MGA Unilaterally Delays 30(b)(6) Testimony On Six Of The Eight*

12  *Topics In The First Notice.*  As noted, during the December 19, 2006 conference call,

13  MGA promised the Discovery Master that it would identify and provide dates for its

14  designees on the First Notice.  To date, MGA has failed to honor that promise as to

15  most of the Topics.  MGA represented in early January 2007 that Ms. Garcia, its

16  designee on Topics 1-3 and 6-8 of the First Notice, was unavailable for deposition until

17  mid-March.  Although Mattel never received an explanation as to why Ms. Garcia was

18  unavailable for that entire period of time, Mattel agreed to depose Ms. Garcia on March

19  19 and 20, 2007 -- one day in her individual capacity and the second day as MGA's

20  designee on the six Topics from the First Notice.  Mattel confirmed these dates,

21

22  [57]  Zeller Dec., ¶ 14.
    [58]  Zeller Dec., ¶14.
23  [59]  Zeller Dec., ¶ 16.
    [60]  Stipulated Order Regarding MGA's 30(b)(6) Witness (the "Stipulation"),
24  dated February 21, 2007, Zeller Dec., Exh. 14.

25

26

27                              EXHIBIT 16

28                              PAGE 204

-12-
                              MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

1  including by email as late as February 22, 2007.[61]  Nevertheless, MGA unilaterally
2  cancelled these two dates without explanation in early March.[62]

3       About the time that MGA cancelled Ms. Garcia's scheduled March
4  deposition, MGA then offered -- and Mattel accepted -- April 12, 2007 as a substitute
5  date for her deposition.[63]  At the same time, however, MGA began suggesting that it
6  would no longer be designating Ms. Garcia as a Rule 30(b)(6) designee on the
7  remaining six Topics in the First Notice and that she would be produced in her
8  individual capacity.[64]  MGA nevertheless still has not designated anyone in Ms.
9  Garcia's stead on the First Notice, and then late last week sent a letter unilaterally
10 canceling her April 12, 2007 deposition altogether.  Thus, despite MGA's promises to
11 the Discovery Master in December 2006, and although Mattel has repeatedly sought
12 MGA's designees on the Topics in the First Notice, MGA has offered no date for
13 deposition, and no definitively identified designee, on Topics 1-3 and 6-8 of the First
14 Notice.[65]

15       **B.    Mattel's Second Rule 30(b)(6) Notice.**

16       In the meantime, on February 1, 2007, Mattel also served a Second Notice
17 of Deposition of MGA.[66]  The Second Notice includes well-defined topics that are set
18 forth *verbatim* below and are relevant to claims and defenses in this litigation, including
19 most importantly to the origins, creation, design and development of Bratz.  In response
20 to the Second Notice, MGA served objections on February 14, 2007, in which it flatly

21
22 [61]  E-mail message from Mr. Zeller to Ms. Torres dated February 22, 2007,
    Zeller Dec., Exh. 15.
23 [62]  Zeller letter to Garcia dated April 3, 2007, Zeller Dec., Exh. 16.
    [63]  Zeller letter to Torres dated March 26, 2007, Zeller Dec., Exh. 19.
24 [64]  Zeller letter to Garcia, Zeller Dec., Exh. 16.
25 [65]  Id.
    [66]  Mattel, Inc.'s Second Notice of Deposition of MGA Entertainment, Inc. (the
26 "Second Notice") dated February 1, 2007, Zeller Dec. Exh. 17.
27
28

07209/2091594.4

EXHIBIT 16
PAGE 205

-13-

1   refused to designate witnesses in response to 20 Topics in the Second Notice and

2   impermissibly narrowed others.[67]

3          Mattel requested a meet and confer regarding MGA's failure to designate

4   or provide dates for any witnesses in response to Mattel's Second Notice.[68]  Through

5   the meet and confer, the parties reached apparent agreement regarding the scope of

6   many of the Topics in the Second Notice, and MGA represented that it would provide

7   designee dates and names by March 23, 2007.[69]  At the meet and confer, the parties

8   were unable to reach agreement on Topic Nos. 24, 26, 28, 31, 37, 40 and 41 and

9   reached only partial agreement with respect to Topic Nos. 23, 27, 42, 43, 44 and 45.[70]

10         However, even as to the Topics on which there was evident agreement,

11  and even as to those Topics MGA had stated in its response that it would produce

12  witnesses to testify on, the March 23, 2007 date came and went without any designation

13  by MGA.[71]  Finally, after more follow-up by Mattel,[72] MGA sent a letter on April 13,

14  2007 that for the first time identified MGA designees for any of the Topics in the

15  Second Notice.[73]  Even then, MGA still offered no proposed dates for the depositions of

16  three of the four designees.[74]  Nor did MGA provide any designees for Topics 19, 21,

17

18  [67]  MGA Entertainment, Inc.'s Objections to Mattel, Inc.'s Second Notice of
    Deposition of MGA Entertainment, Inc. (the "Objections") dated February 14, 2007,

19  Zeller Dec., Exh. 18.
    [68]  Zeller letter to Torres dated March 9, 2007, Zeller Dec., Exh. 19.

20  [69]  Zeller Dec., ¶ 22.
    [70]  Zeller Dec., ¶ 22.

21  [71]  Zeller letter to Garcia, Zeller Dec., Exh. 16.

22  [72]  Zeller letter to Garcia, Zeller Dec., Exh. 16.

23  [73]  Torres letter to Zeller, Zeller Dec., Exh. 28.  Although MGA's April 13, 2007
    letter is oddly phrased to suggest that the identification of designees for Topics in

24  the Second Notice had occurred earlier, it had not.

25  [74]  Moreover, even as to the one designee on certain Topics in the Second Notice
    for whom MGA has offered any dates, namely, Paula Garcia, MGA has purported to

26  raise additional issues about her deposition.  At a meet and confer on April 12, 2007

27  regarding MGA's most recent cancellation of the Paula Garcia deposition that was to
    (footnote continued)

28

EXHIBIT _16_

PAGE _206_

07209/2091594.4

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

1   24-28, 31-34 or 41 of the Second Notice or on any of the remaining Topics in the First

2   Notice, and gave only yet more promises that they would be forthcoming.[75]  Indeed, as

3   to these additional Topics in the Second Notice, MGA did not commit to actually

4   designate anyone, but instead said that they would let Mattel know "*whether* we will be

5   designating anyone on topics 19, 21, 24-28, 31-34, 37 and 41" of the Second Notice.[76]

6

7   **Argument**

8

9   I.   **THE COURT SHOULD COMPEL MGA TO PRODUCE WITNESSES**

10       **IN RESPONSE TO THE REMAINING SIX TOPICS IN MATTEL'S**

11       **FIRST NOTICE.**

12

13          Mattel's First Notice specifically identified eight topics upon which MGA

14   witnesses would be deposed.  As shown above, each of the Topics pertains to issues

15   that MGA and Bryant themselves have raised about the chronology of Bratz's creation

16   and development.

17          MGA has no good faith basis for defying its discovery obligations in

18   response to the First Notice, and it should be compelled to produce any and all

19   remaining designees.  Contrary to MGA's representations to the Discovery Master on

20   December 19, 2006, MGA has failed to produce any witness to testify on Topics 1-3

21   and 6-8 of the First Notice.  As detailed previously, MGA instead has dragged its feet

22   _____

be taken in her *individual* capacity on April 12, 2007, MGA proposed dates for her

23  deposition.  Of course, this is the same witness for whom Mattel twice had accepted

24  dates, only to have MGA later unilaterally cancel her deposition as discussed above.
    At the April 12, 2007 conference, although Mattel again accepted dates among those

25  proposed for Ms. Garcia, MGA still has yet to definitively confirm her deposition.

26  Zeller letter to Torres, Zeller Dec., Exh. 29.
    [75]   Torres letter to Zeller, Zeller Dec., Exh. 28.

27  [76]   Torres letter to Zeller, Zeller Dec., Exh. 28.     EXHIBIT _16_

28                                                            PAGE _207_

07209/2091594.4                              -15-

1 | with promises to produce its designee on these Topics, Ms. Garcia, that it then broke.[77]
2 | As matters currently stand, MGA has *no* proffered date for any witness to testify on
3 | these six of the eight Topics in the First Notice.  Indeed, in March when it unilaterally
4 | cancelled the scheduled the deposition on these Topics, MGA began suggesting that it
5 | would no longer designate Ms. Garcia to testify on the First Notice.  Even as recently as
6 | April 13, 2007, MGA still had not committed to who its designee would be, let alone
7 | produced one for deposition.

8 |       MGA should be compelled on the First Notice and sanctions should be
9 | imposed, including for MGA's improper delays, for its failures to abide by its promise
10 | to the Discovery Master and for forcing Mattel to bring yet another motion on the First
11 | Notice.

12 |

13 | **II.**     **THE COURT SHOULD COMPEL MGA TO PRODUCE WITNESSES**
14 |              **IN RESPONSE TO MATTEL'S SECOND NOTICE.**

15 |

16 |       MGA likewise should be compelled to produce its witnesses on the
17 | Second Notice.  MGA has yet to produce any witness in response to a single Topic in
18 | Mattel's Second Notice, even as to those Topics MGA's responses stated it would
19 | produce designees on.  When MGA finally did identify some designees -- only after
20 | Mattel repeatedly asked for them and weeks after it had promised it would do so -- it
21 | did not designate any witnesses to testify on key Topics.  And, even for the designees it
22 | did identify, MGA still offered no dates for three of the four.  The Topics seek plainly
23 | discoverable information, and MGA should be ordered to produce designees on
24 | Mattel's Second Notice without further delay.

25 | _____
26 | [77]   And, even as to the two Topics in the First Notice that MGA did provide
27 | designees on, MGA delayed and obstructed the deposition to the point of forcing
    | motion practice as detailed above.

EXHIBIT _16_

PAGE _208_

28 |

A.    **MGA Has Failed To Produce Witnesses To Testify About The Origins, Creation, Design And Development Of Bratz.**

1.    **The Relevant Mattel Topics And MGA's Responses Thereto.**

For the Discovery Master's Convenience, the relevant Mattel Topics and corresponding MGA responses are set forth verbatim below.

**Topic No. 1:**

The origin, conception, creation, design, sculpting, development, engineering, rotocasting, modeling and prototyping of BRATZ and BRATZ DESIGNS CREATED prior to June 30, 2001 (regardless of when or whether such was released in any form to the public), including without limitation the timing thereof, the IDENTITY of each PERSON with knowledge thereof, the IDENTITY of each PERSON involved therein, and the nature, extent and time period(s) of each such PERSON's involvement.

**Response to Topic No. 1:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As such, the testimony requested is overbroad and unduly burdensome. MGA further objects to a deposition on this topic on the grounds that it is vague and ambiguous, particularly with respect to "prototyping." MGA further objects to a deposition on this topic on the grounds that to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and document requests. MGA further objects to a deposition on this topic to the extent that the testimony sought is unreasonably cumulative and duplicative of information already provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a deposition on this

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

EXHIBIT _____

PAGE _____

1  topic on the grounds that it seeks information that is confidential, proprietary and
2  commercially sensitive, with no relevance to this litigation.
3          Subject to and without waiving the foregoing, MGA will agree to provide
4  a witness to testify regarding the topic, on a date that is mutually convenient for all
5  parties and the witness.
6
7  **Topic No. 2:**
8          The circumstances under which  BRATZ or any BRATZ DESIGN first
9  came to YOUR attention, including without limitation the timing, method and manner
10  thereof and the IDENTITY of each PERSON with knowledge thereof.
11  **Response to Topic No. 2:**
12          MGA incorporates by reference as though fully set forth herein each of the
13  foregoing General Objections.  In addition, MGA objects to a deposition on this topic
14  to the extent that it seeks testimony that is not relevant to any claim or defense of any
15  party to this litigation and not reasonably calculated to lead to the discovery of
16  admissible evidence.  As such, the testimony requested is overbroad and unduly
17  burdensome. MGA further objects to a deposition on this topic on the grounds that to
18  the extent that any information is discoverable, the discovery is obtainable through
19  other, more convenient, less burdensome and less expensive means such as
20  interrogatories and document requests.  MGA further objects to a deposition on this
21  topic to the extent that the testimony sought is unreasonably cumulative and duplicative
22  of information already provided to Mattel by MGA and/or Defendant Carter Bryant.
23  MGA further objects to a deposition on this topic on the grounds that it seeks
24  information that is confidential., proprietary and commercially sensitive, with no
25  relevance to this litigation.
26          Subject to and without waiving the foregoing, MGA will agree to provide
27  a witness to testify regarding the topic, on a date that is mutually convenient for all
28  parties and the witness.

EXHIBIT _16_

PAGE _210_

07209/2091594.4

-18-

**Topic No. 3:**

The identity of each doll, product, work or item produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR behalf that was BASED ON any BRATZ DESIGN which BRYANT CREATED.

**Response to Topic No. 3:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As such, the testimony requested is overbroad and unduly burdensome. MGA further objects to this topic on the grounds that the topic, as worded, is vague and ambiguous. MGA further objects to a deposition on this topic on the grounds that to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and document requests. MGA further objects to a deposition on this topic to the extent that the testimony sought is unreasonably cumulative and duplicative of information already provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a deposition on this topic on the grounds that it seeks information that is confidential, proprietary and commercially sensitive, with no relevance to this litigation.

Subject to and without waiving the foregoing, MGA will agree to provide a witness to testify regarding the topic, on a date that is mutually convenient for all parties and the witness.

**Topic No. 8:**

Each EMBODIMENT of BRATZ that was CREATED prior to June 30, 2001 or that was at any time BASED ON any BRATZ DESIGN which was CREATED prior to June 30, 2001.

EXHIBIT _16_

**Response to Topic No. 8:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As such, the testimony requested is overbroad and unduly burdensome. MGA further objects to a deposition on this topic on the grounds that to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and document requests. MGA further objects to a deposition on this topic to the extent that the testimony sought is unreasonably cumulative and duplicative of information already provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a deposition on this topic on the grounds that it seeks information that is confidential, proprietary and commercially sensitive, with no relevance to this litigation.

Subject to and without waiving the foregoing, MGA will agree to provide a witness to testify regarding the topic, on a date that is mutually convenient for all parties and the witness.

**Topic No. 9:**

The DRAWINGS,[78] including without limitation the authorship, creation, dissemination and use thereof and the source, meaning, authenticity and timing of any dates thereon.

---

[78]   The "DRAWINGS" are specifically identified in the Second Notice, by Bates number, as certain Bratz design drawings that appear to include ones created prior to Bryant's departure from Mattel on October 20, 2000.

EXHIBIT _10_

PAGE _2/2_

07209/2091594.4

-20-

**Response to Topic No. 9:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As such, the testimony requested is overbroad and unduly burdensome. MGA further objects to a deposition on this topic on the grounds that, as worded, it is vague and ambiguous, particularly with respect to the "source" of dates. MGA further objects to a deposition on this topic on the grounds that to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and document requests. MGA further objects to a deposition on this topic to the extent that the testimony sought is unreasonably cumulative and duplicative of information already provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a deposition on this topic on the grounds that it seeks information that is confidential, proprietary and commercially sensitive, with no relevance to this litigation.

Subject to and without waiving the foregoing, MGA will agree to provide a witness to testify regarding the topic, on a date that is mutually convenient for all parties and the witness.

**Topic No. 11:**

The exhibition, or proposed, offered, contemplated or requested exhibition, of BRATZ or any BRATZ DESIGN to any third party prior to June 30, 2001, including without limitation each instance in which BRATZ or any BRATZ DESIGN was marketed, offered for sale, pitched, shown or disclosed to, or otherwise discussed with or communicated to, any retailer, wholesaler or distributor and the DOCUMENTS that REFER OR RELATE thereto.

EXHIBIT _16_

PAGE _213_

**Response to Topic No. 11:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As such, the testimony requested is overbroad and unduly burdensome. MGA further objects to a deposition on this topic on the grounds that to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and document requests. MGA. further objects to a deposition on this topic to the extent that the testimony sought is unreasonably cumulative and duplicative of information already provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a deposition on this topic on the grounds that it seeks information that is confidential, proprietary and commercially sensitive, with no relevance to this litigation.

Subject to and without waiving the foregoing, MGA will agree to provide a witness to testify regarding the topic, on a date that is mutually convenient for all parties and the witness.

**Topic No. 12:**

The actual, proposed, requested or contemplated manufacture, fabrication or tooling (including the production of molds) of BRATZ, including without limitation the timing thereof and the IDENTITY of each manufacturer and potential manufacturer used, proposed or considered.

**Response to Topic No. 12:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any

1 | party to this litigation and not reasonably calculated to lead to the discovery of
2 | admissible evidence, particularly given that no time frame is specified and that the
3 | Topic calls for information regarding actual and "proposed, requested or contemplated"
4 | "manufacture, fabrication or tooling." As such, the testimony requested is overbroad
5 | and unduly burdensome. MGA further objects to a deposition on this topic on the
6 | grounds that to the extent that any information is discoverable, the discovery is
7 | obtainable through other, more convenient, less burdensome and less expensive means
8 | such as interrogatories and document requests. MGA further objects to a deposition on
9 | this topic to the extent that the testimony sought is unreasonably cumulative and
10 | duplicative of information already provided to Mattel by MGA and/or Defendant Carter
11 | Bryant. MGA further objects to a deposition on this topic on the grounds that it seeks
12 | information that is confidential, proprietary and commercially sensitive, with no
13 | relevance to this litigation.

14

15 | **Topic No. 13:**

16 | COMMUNICATIONS prior to June 30, 2001 between YOU and any
17 | manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or
18 | potential manufacturer, distributor, wholesaler or retailer, that REFER OR RELATE
19 | TO BRATZ or any BRATZ DESIGN.

20 | **Response to Topic No. 13:**

21 | MGA incorporates by reference as though fully set forth herein each of the
22 | foregoing General Objections. In addition, MGA objects to a deposition on this topic
23 | on the grounds that it seeks testimony that is not relevant to any claim or defense of any
24 | party to this litigation and not reasonably calculated to lead to the discovery of
25 | admissible evidence, particularly with regard to the time frame specified. As such, the
26 | testimony requested is overbroad and unduly burdensome. MGA further objects to a
27 | deposition on this topic on the grounds that to the extent that any information is
28 | discoverable, the discovery is obtainable through other, more convenient, less

-23-

EXHIBIT _16_

PAGE _215_

1  burdensome and less expensive means such as interrogatories and document requests.
2  In addition, MGA objects to a deposition on this topic on the grounds that it seeks
3  testimony subject to the attorney-client privilege, attorney work product doctrine, joint
4  defense privilege and/or common interest privilege.  MGA further objects to a
5  deposition on this topic to the extent that the testimony sought is unreasonably
6  cumulative and duplicative of information already provided to Mattel by MGA and/or
7  Defendant Carter Bryant.  MGA further objects to a deposition on this topic on the
8  grounds that it seeks information that is confidential, proprietary and commercially
9  sensitive, with no relevance to this litigation.

10         Subject to and without waiving the foregoing, MGA will agree to provide
11  a witness to testify on the topic on a date that is mutually convenient for all parties and
12  the witness.

13

14  **Topic No. 14:**

15         When and where BRATZ was first manufactured, shipped, distributed and
16  sold, and the IDENTITIES and roles of PERSONS involved therein.

17  **Response to Topic No. 14:**

18         MGA incorporates by reference as though fully set forth herein each of the
19  foregoing General Objections.  In addition, MGA objects to a deposition on this topic
20  to the extent that it seeks testimony that is not relevant to any claim or defense of any
21  party to this litigation and not reasonably calculated to lead to the discovery of
22  admissible evidence, particularly as to information regarding when and where "Bratz"
23  was "manufactured." As such, the testimony requested is overbroad and unduly
24  burdensome. MGA further objects that the Topic, as worded, MGA further objects to a
25  deposition on this topic on the grounds that to the extent that any information is
26  discoverable, the discovery is obtainable through other, more convenient, less
27  burdensome and less expensive means such as interrogatories and document requests.
28  MGA further objects to a deposition on this topic to the extent that the testimony sought

07209/2091594.4

-24-

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

EXHIBIT _16_

PAGE _216_

1   is unreasonably cumulative and duplicative of information already provided to Mattel

2   by MGA and/or Defendant Carter Bryant.  MGA further objects to a deposition on this

3   topic on the grounds that it seeks information that is confidential, proprietary and

4   commercially sensitive, with no relevance to this litigation.

5            Subject to and without waiving the foregoing, MGA will agree to provide

6   a witness to testify regarding the topic on a date that is mutually convenient for all

7   parties and the witness.

8

9   **Topic No. 15:**

10           The licensing, including without limitation the proposed or requested

11  licensing, of BRATZ or any BRATZ DESIGN prior to December 31, 2001, including

12  without limitation the timing thereof, the IDENTITY of each such licensee or proposed

13  or requested licensee and the product(s) or proposed product(s) involved.

14  **Response to Topic No. 15:**

15           MGA incorporates by reference as though fully set forth herein each of the

16  foregoing General Objections.  In addition, MGA objects to a deposition on this topic

17  on the grounds that it seeks testimony that is not relevant to any claim or defense of any

18  party to this litigation and not reasonably calculated to lead to the discovery of

19  admissible evidence, particularly as to the time frame specified.  As such, the testimony

20  requested is overbroad and unduly burdensome.  MGA further objects to a deposition

21  on this topic on the grounds that to the extent that any information is discoverable, the

22  discovery is obtainable through other, more convenient, less burdensome and less

23  expensive means such as interrogatories and document requests.  In addition, MGA

24  objects to a deposition on this topic on the grounds that it seeks testimony subject to the

25  attorney-client privilege, attorney work product doctrine, joint defense privilege and/or

26  common interest privilege.  MGA further objects to a deposition on this topic to the

27  extent that the testimony sought is unreasonably cumulative and duplicative of

28  information already provided to Mattel by MGA and/or Defendant Carter Bryant.

1 | MGA further objects to a deposition on this topic on the grounds that it seeks
2 | information that is confidential, proprietary and commercially sensitive, with no
3 | relevance to this litigation.

4 |         Subject to and without waiving the foregoing, MGA will agree to provide
5 | a witness to testify regarding the topic on a date that is mutually convenient for all
6 | parties and the witness.

7 |

8 | **Topic No. 17:**

9 |         COMMUNICATIONS that BRYANT made for YOU or on YOUR behalf
10 | with any PERSON other than YOU that REFER OR RELATE TO BRATZ prior to
11 | June 30, 2001.

12 | **Response to Topic No. 17:**

13 |         MGA incorporates by reference as though fully set forth herein each of the
14 | foregoing General Objections. In addition, MGA objects to a deposition on this topic
15 | to the extent that it seeks testimony that is not relevant to any claim or defense of any
16 | party to this litigation and not reasonably calculated to lead to the discovery of
17 | admissible evidence.  As such, the testimony requested is overbroad and unduly
18 | burdensome. MGA further objects to a deposition on this topic on the grounds that to
19 | the extent that any information is discoverable, the discovery is obtainable through
20 | other, more convenient, less burdensome and less expensive means such as
21 | interrogatories and document requests. In addition, MGA objects to a deposition on
22 | this topic on the grounds that it seeks testimony subject to the attorney-client privilege,
23 | attorney work product doctrine, joint defense privilege and/or common interest
24 | privilege.  MGA further objects to a deposition on this topic to the extent that the
25 | testimony sought is unreasonably cumulative and duplicative of information already
26 | provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a
27 | deposition on this topic on the grounds that it seeks information that is confidential,
28 | proprietary and commercially sensitive, with no relevance to this litigation.  MGA

-26-

1 | further objects that this topic seeks information exclusively or primarily in the
2 | possession, custody or control of Bryant.

3

4 | **Topic No. 21:**

5 |        YOUR knowledge of, and access to, non-public MATTEL DIVA STARZ
6 | project information and DESIGNS prior to June 30, 2001.

7 | **Response to Topic No. 21:**

8 |        MGA incorporates by reference, as though fully set forth herein each of
9 | the foregoing General Objections. In addition, MGA objects to a deposition on this
10 | topic on grounds that it seeks testimony that is not relevant to any claim or defense of
11 | any party to this litigation and not reasonably calculated to lead to the discovery of
12 | admissible evidence. As such, the testimony requested is overbroad and unduly
13 | burdensome. MGA further objects to a deposition on this topic on the grounds that to
14 | the extent that any information is discoverable, the discovery is obtainable through
15 | other, more convenient, less burdensome and less expensive means such as
16 | interrogatories and document requests. MGA further objects to a deposition on this
17 | topic to the extent that the testimony sought is unreasonably cumulative and duplicative
18 | of information already provided to Mattel by MGA and/or Defendant Carter Bryant.
19 | MGA further objects to a deposition on this topic on the grounds that it seeks
20 | information that is confidential, proprietary and commercially sensitive, with no
21 | relevance to this litigation. MGA further objects to that this topic seeks the discovery
22 | of information related exclusively or primarily to the new claims contained in Mattel's
23 | recently-amended answer and counterclaims, which are the subject of a pending motion
24 | to dismiss and include trade secret claims that have not yet been pled with sufficient
25 | particularity pursuant to Cal. Code Civ. Proc. § 2019.210.

26

27

28

EXHIBIT _16_

PAGE _219_

07209/2091594.4

-27-

**Topic No. 33:**

The applications for registration and the registrations for copyright, patent, trademark or any other right that REFER OR RELATE TO BRATZ or BRATZ DESIGNS sought, made or obtained by, for or on behalf of YOU or BRYANT, including without limitation COMMUNICATIONS pertaining thereto.

**Response to Topic No. 33:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As such, the testimony requested is overbroad and unduly burdensome. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege and/or common interest privilege. MGA further objects to a deposition on this topic on the grounds that to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and document requests. MGA further objects to a deposition on this topic to the extent that the testimony sought is unreasonably cumulative and duplicative of information already provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a deposition on this topic on the grounds that it seeks information that is confidential, proprietary and commercially sensitive, with no relevance to this litigation.

**Topic No. 34:**

Other than those previously filed and served in this ACTION or in which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO BRATZ THAT REFER

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

EXHIBIT _\_/LC_

PAGE _2-20_

1  OR RELATE TO the time period prior to June 30, 2001 (regardless of when such
2  testimony or sworn statement was taken, given, signed, made or filed).

3  **Response to Topic No. 34:**

4          MGA incorporates by reference as though fully set forth herein each of the
5  foregoing General Objections. In addition, MGA objects to a deposition on this topic
6  on the grounds that it seeks testimony that is subject to the attorney-client privilege or
7  to a protective order. MGA further objects that this topic seeks testimony that is not
8  relevant to any claim or defense of any party to this litigation and not reasonably
9  calculated to lead to the discovery of admissible evidence. As such, the testimony
10 requested is overbroad and unduly burdensome. MGA further objects to a deposition
11 on this topic on the grounds that to the extent that any information is discoverable, the
12 discovery is obtainable through other, more convenient, less burdensome and less
13 expensive means such as interrogatories and document requests. MGA further objects
14 to a deposition on this topic on the grounds that it seeks information that is confidential,
15 proprietary and commercially sensitive, with no relevance to this litigation.

16

17      2.      **MGA Should Be Compelled To Produce Witnesses To Testify**
18              **In Response To Topic Nos. 1-3, 8-9, 11-15, 17, 21, 33 And 34.**

19          Each of these Topics goes to indisputably critical issues involving the
20 creation, origin, design and development of Bratz. Thus, they seek information about
21 the conception and creation of Bratz and Bratz designs created prior to June 30, 2001;
22 the circumstances under which Bratz first came to MGA's attention; the identification
23 of persons with percipient knowledge; and other basic facts surrounding the origins,
24 early development and early commercialization of Bratz.[79] Such discovery is clearly

25  ───────────────
26  [79] See Second Notice at Topic Nos. 1, 2, 4-11, 13-17, 20-22, 33 and 34.

27                                          EXHIBIT _16_
28                                          PAGE _221_

07209/2091594.4
                                    -29-
            MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

1 relevant and discoverable, given that the ownership of Bratz is at the heart of this
2 lawsuit, as the Discovery Master has stated.[80]

3       Other Topics also seek information about potential ownership of Bratz
4 because they seek information about the use of Bryant's designs. Topic No. 3 asks for
5 the "identity of each doll, product, work or item produced, developed, manufactured,
6 licensed, sold or offered for sale" by or for MGA or on MGA's behalf that was based on
7 any Bratz design which Bryant created. Topic No. 8 similarly requests testimony about
8 Bratz products based on Bryant's designs. These Topics are relevant to Mattel's claims
9 because they seek information about what Bryant created or sold to MGA while he was
10 employed by Mattel. They also are relevant because, under the Inventions Agreement
11 and the law, Mattel owns all designs and works created by Bryant *at any time* during
12 his Mattel employment -- not just during the period in which Bryant now admits to
13 secretly working for MGA -- as well as all derivatives of those works (regardless of
14 when they were produced). Thus, the Topics are critical to Mattel's copyright
15 infringement claims.

16       Nonetheless, MGA has not produced any witnesses to testify about these
17 key Topics. MGA served only objections with respect to Topic Nos. 17, 21, 33 and 34
18 and still has designated no witness to testify about Topic Nos. 33 and 34. Topic No. 33
19 encompasses MGA's or Bryant's registrations and applications for registration of
20 copyright, patent, trademark or any other rights in Bratz or Bratz designs.[81]  MGA
21 purported to change the creation dates of Bratz works in its registrations after this case
22 was filed[82] -- an issue relevant not only to timing, but to the credibility of MGA's
23 assertions about timing. This Topic is also relevant to identifying owners -- both actual
24 and claimed -- of Bratz designs and to establishing which products are derivatives of

---

25 [80] January 25 Order at 2, Zeller Dec., Exh. 1.
26 [81] Id. at Topic No. 33.
27 [82] Copyright Registration, Zeller Dec., Exh. 24.

EXHIBIT _16_

PAGE _222_

1 the Bratz designs that are in dispute. This is unquestionably discoverable information.
2 Among other things, such testimony is relevant to the timing of the origins, creation
3 and design of Bratz as well as MGA's conflicting claims about the date of creation of
4 Bratz works directly at issue in this case. MGA has no basis for not designating
5 witnesses to testify on this important subject.

6 Likewise, Topic 34 seeks plainly discoverable information. Statements of
7 fact made by MGA in other sworn testimony relating to the timing, origins, and
8 creation of Bratz are relevant to this case in myriad ways, including for purposes of
9 identifying additional witnesses, establishing admissions of fact and impeachment
10 through prior statements. See Bohannon v. Honda Motor Co., Ltd., et al., 127 F.R.D.
11 536, 540 (D. Kan. 1989) ("The transcripts of deposition testimony given and approved
12 by employees of [defendant]...are discoverable statements."). The prior sworn
13 statements by MGA that Mattel has been able to obtain through a third party—but that
14 were never produced by MGA—revealed that (1) Bratz was first exhibited in the fall of
15 2000 and (2) key Bratz design drawings that Bryant had testified in this case were
16 created in 1998 were, in fact, created in 2000.[83] Mattel is entitled to examine MGA on
17 such matters.

18 Nor do MGA's objections to these or the other Topics have any merit.
19 MGA objects on the grounds that discoverable information "is obtainable through
20 other, more convenient, less burdensome and less expensive means such as
21 interrogatories and document requests." However, the Rules make clear that the
22 various methods of discovery provided therein are cumulative, as opposed to alternative
23 or mutually exclusive. Rule 26(d) provides that "methods of discovery may be used in
24 any sequence," and Rule 26(a)(5) states that a party "may obtain discovery by one or
25 more" of the available methods specified in the efficient discovery of facts. Mitsui &

26 ───────────────
[83] See Larian affidavit, Zeller Dec., Exh. 30; see also Lee Shiu Cheung affidavit
27 and Exhibit LSC-3 to the affidavit, Zeller Dec., Exh. 31. EXHIBIT _16_
28

07209/2091594.4

-31-                                              PAGE _223_
MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

1  Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority, 93 F.R.D. 62, 65 (D.P.R.
2  1981) (citing Advisory Committee Note to Rule 30(b)(6)). Thus, MGA's attempt to
3  relegate Mattel to some other method of discovery is unacceptable.

4        Furthermore, courts have repeatedly rejected the argument that
5  interrogatories are an adequate substitute for deposition testimony. "Nothing in the
6  Federal Rules of Civil Procedure gives a party the right to not respond or inadequately
7  respond to a Rule 30(b)(6) deposition notice…and elect to supply the answers in a
8  written response to an interrogatory. An attempt to so limit a Rule 30(b)(6) deposition
9  is not warranted. Because of its nature, the deposition process provides a means to
10  obtain more complete information and is, therefore, favored." Marker v. Union Fidelity
11  Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989). See also Ierardi v. Lorillard, Inc.,
12  1991 WL 158911 at *2 (E.D. Pa. 1991) (answers to interrogatories "are an inadequate
13  substitute" for deposition testimony pursuant to Rule 30(b)(6)); Bendt v. G.D. Searle &
14  Co., 1990 WL 299926 at *1 (D. Minn. 1990) ("Interrogatories are not substitutes for
15  depositions, and are not per se more efficient or economical.").

16        The inability of document requests to substitute for MGA's sworn
17  testimony at deposition is even more obvious. Some of the Topics specifically relate to
18  the authenticity and meaning of documents that have been produced. In addition, MGA
19  simultaneously has refused to produce certain categories of documents, such as prior
20  sworn statements regarding the origins of Bratz.[84]  Finally, MGA claims other
21  documents do not exist. In fact, MGA has represented to the Discovery Master that
22  because MGA is an allegedly small company (although it portrays itself differently
23  publicly), it does not document many decisions the design team makes.

24  _____
    [84]  MGA's suggestion that Mattel be foreclosed from deposition discovery and
25  relegated to other methods is particularly inappropriate since, as the Discovery
26  Master has already found at the hearing on Mattel's motion to compel MGA's
    documents and on Mattel's motion to compel MGA's initial disclosures, MGA's
27  compliance with discovery in these areas is defective as well. EXHIBIT _16_

28

1    Also unavailing are MGA's refusals (both in its Objections and at the meet

2   and confer) to designate witnesses to testify on Topics to the extent MGA unilaterally

3   deems them to relate to Mattel's trade secret claims.  MGA purports to rely on a

4   California state statute that requires trade secrets be disclosed with "reasonable

5   particularity" before discovery on a trade secret claim may commence.  Cal. Code of

6   Civ. Proc. § 2019.210.  MGA's argument fails for three separate reasons.

7    First, as the Discovery Master has found, information about MGA's trade

8   secret theft is directly relevant to Mattel's defenses to MGA's claims, regardless of

9   Mattel's own claims.[85]  Thus, MGA's refusal to produce witnesses based on this ground

10  is without merit.[86]

11   Second, Section 2019.210 does not apply in federal court.  See Funcat

12  Leisure Craft, Inc. v. Johnson Outdoors, Inc., 2007 WL 273949, at *1-3 (E.D. Cal.

13  2007) (rejecting argument that § 2019.210 applies in federal court and granting motion

14  to compel discovery because "Section 2019.210 clearly addresses procedure and not

15  substance," and Rule 26 governs discovery in federal courts).  Funcat Leisure rejects

16  the main case which defendants previously have cited to Mattel, Computer Economics,

17  Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 985 n.6 (S.D. Cal. 1999), and points

18  out its faulty Erie analysis:  "the district court is not free to legislate new, mandatory

19  discovery procedures under the rubric that the state law does not 'conflict with' the

20  federal rules simply because it thinks state law supplies a better way to go."  Funcat

21  Leisure, 2007 WL 273949 at *2; see Erie R.R. v. Tompkins, 304 U.S. 64 (1938).

---

22  [85]  See Discovery Master's Order at 14 ("Any proof of trade secret theft is also
23  relevant to Mattel's defense against MGA's unfair competition claims."), Zeller
24  Dec., Exh. 1.
    [86]  MGA's general objection to each Topic to the extent each seeks information
25  related "exclusively or primarily" to Mattel's trade secret claims in its amended
26  answer and counter-complaint fails for all of these reasons as well.

27

28

07209/2091594.4

EXHIBIT _16_

PAGE _228_

-33-

1    "Under the Erie doctrine, federal courts sitting in diversity apply state
2    substantive law and federal procedural law." Gasperini v. Center for Humanities, Inc.,
3    518 U.S. 415, 427 (1996). In determining whether the rule of law at issue is procedural
4    or substantive, the Supreme Court has "propounded an 'outcome determination' test."
5    Id. That test asks, "Does it significantly affect the result of a litigation for a federal
6    court to disregard a law of a state that would be controlling in an action upon the same
7    claim by the same parties in a State court?" Snead v. Metropolitan Property & Cas. Ins.
8    Co., 237 F.3d 1080, 1090 (9th Cir. 2001) (cites omitted). Here, California Code of
9    Civil Procedure § 2019.210 is a rule that merely governs the timing of discovery. It is
10   accordingly procedural, not outcome determinative, and does not apply in federal court
11   as a result. See, e.g., Funcat, 2007 WL 273949, at *3 ("Section 2019.210 clearly
12   addresses procedure and not substance.").[87]

13         Finally, even assuming (contrary to law) that California state procedures
14   governed here, Mattel has actually produced documents setting forth trade secret
15   information on which it sues, and identified them by Bates number.[88]  Thus, MGA's
16   refusal to produce witnesses on this basis is without merit.

17   ─────────────
       [87]   Moreover, state law cannot be invoked under Erie where it conflicts with a
18   Federal Rule. See Hanna v. Plumer, 380 U.S. 460, 470 (1965) (under Erie, state law
19   cannot be invoked to void Federal Rule); Santana v. Holiday Inns, Inc., 686 F.2d 736,
     740 (9th Cir. 1982) (same). Here, Section 2019.210's discovery timing restrictions
20   conflict with the liberal discovery provisions of Federal Rule of Civil Procedure 26.
21   See Funcat, 2007 WL 273949, at *1-2; compare Cal. Code Civ. Proc. § 2019.210
     (requiring identification of trade secrets with "reasonable particularity" before a party
22   may take certain discovery) with, e.g., Fed. R. Civ. Proc. 26(d) (governing "timing and
23   sequence of discovery"). Thus, Section 2019.210 does not apply in federal court for
     this reason as well.
24     [88]   Zeller Dec., ¶ 35 & Exh. 27.

25

26

27                                                          EXHIBIT  16

28                                                          PAGE  226

07209/2091594.4                          -34-
─────────────
MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

**B.    MGA Has Not Produced Witnesses To Testify About Bryant's Work During Relevant Time Periods, Including On Bratz.**

**1.    Mattel's Relevant Topics And MGA's Responses Thereto.**

The relevant Mattel Topics and corresponding MGA responses are set forth verbatim below.

**Topic No. 4:**

To the extent not covered by Topic 3, each EMBODIMENT of any doll, doll accessory or toy that BRYANT CREATED prior to June 30, 2001.

**Response to Topic No. 4:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As such, the testimony requested is overbroad and unduly burdensome. MGA further objects to a deposition on this topic on the grounds that the topic, as worded, calls for testimony regarding Bryant's work for third parties as well as for Mattel. Accordingly, MGA objects that this Topic calls for information outside of MGA's possession, custody or control. MGA objects to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and document requests. MGA further objects to a deposition on this topic to the extent that the testimony sought is unreasonably cumulative and duplicative of information already provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a deposition on this topic on the grounds that it seeks information that is confidential, proprietary and commercially sensitive, with no relevance to this litigation EXHIBIT _16_

PAGE _227_

1        Subject to the foregoing, MGA will agree to provide a witness to testify

2   regarding any work that Bryant performed for MGA on the "Bratz" line before June 30,

3   2001, and any doll, doll accessory or toy that Bryant created or worked on for MGA

4   before October 20, 2000, on a date that is mutually convenient for all parties and the

5   witness.

6

7   **Topic No. 5:**

8        The work, activities and/or services that BRYANT performed for or with

9   YOU or on YOUR behalf prior to June 30, 2001.

10  **Response to Topic No. 5:**

11       MGA incorporates by reference as though fully set forth herein each of the

12  foregoing General Objections.  In addition, MGA objects to a deposition on this topic

13  to the extent that it seeks testimony that is not relevant to any claim or defense of any

14  party to this litigation and not reasonably calculated to lead to the discovery of

15  admissible evidence.   As such, the testimony requested is overbroad and unduly

16  burdensome.  MGA further objects to a deposition on this topic on the grounds that to

17  the extent that any information is discoverable, the discovery is obtainable through

18  other, more convenient, less burdensome and less expensive means such as

19  interrogatories and document requests.  MGA further objects to a deposition on this

20  topic to the extent that the testimony sought is unreasonably cumulative and duplicative

21  of information already provided to Mattel by MGA and/or Defendant Carter Bryant.

22  MGA further objects to a deposition on this topic on the grounds that it seeks

23  information that is confidential, proprietary and commercially sensitive, with no

24  relevance to this litigation.

25       Subject to the foregoing, MGA will agree to provide a witness to testify

26  regarding any work, activities and/or services that Bryant performed for MGA before

27  October 20, 2000, and any work, activities, and/or services that Bryant performed for

28

EXHIBIT _16_

PAGE _228_

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

Y7209/2091594.4

1   MGA on the "Bratz" line before June 30, 2001, on a date that is mutually convenient
2   for all parties and the witness.

3

4   **Topic No. 6:**

5          The origin, conception and creation of DESIGNS that BRYANT
6   CREATED prior to June 30, 2001 and in which YOU claim to have, or have ever
7   claimed to have, any right, title or interest (whether in whole or in part).

8   **Response to Topic No. 6:**

9          MGA incorporates by reference as though fully set forth herein each of the
10  foregoing General Objections. In addition, MGA objects to a deposition on this topic
11  to the extent that it seeks testimony that is not relevant to any claim or defense of any
12  party to this litigation and not reasonably calculated to lead to the discovery of
13  admissible evidence.  As such, the testimony requested is overbroad and unduly
14  burdensome. MGA further objects to a deposition on this topic on the grounds that to
15  the extent that any information is discoverable, the discovery is obtainable through
16  other, more convenient, less burdensome and less expensive means such as
17  interrogatories and document requests. MGA further objects to a deposition on this
18  topic to the extent that the testimony sought is unreasonably cumulative and duplicative
19  of information already provided to Mattel by MGA and/or Defendant Carter Bryant.
20  MGA further objects to a deposition on this topic on the grounds that it seeks
21  information that is confidential, proprietary and commercially sensitive, with no
22  relevance to this litigation.

23          Subject to the foregoing, MGA will agree to provide a witness to testify
24  regarding any designs Bryant created before October 20, 2001 in which MGA claims to
25  have, or has ever claimed to have, any right, title or interest (whether in whole or in
26  part).

27

28

EXHIBIT /6

PAGE 229

**Topic No. 7:**

The identity of, and the design, development, sculpting, development, engineering, rotocasting, modeling, prototyping and first sale of, any doll, product, work or item that has been produced, developed, manufactured, licensed, sold or offered for sale by, for or on behalf of YOU and that was BASED ON any DESIGN referenced in Topic 6.

**Response to Topic No. 7:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, particularly as to information regarding "engineering." As such, the testimony requested is overbroad and unduly burdensome. MGA further objects to a deposition on this topic on the grounds that it is vague and ambiguous, particularly with respect to "identity" and "prototyping." MGA further objects to a deposition on this topic on the grounds that to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and document requests. MGA further objects to a deposition on this topic to the extent that the testimony sought is unreasonably cumulative and duplicative of information already provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a deposition on this topic on the grounds that it seeks information that is confidential, proprietary and commercially sensitive, with no relevance to this litigation.

Subject to the foregoing, MGA will agree to provide a witness to testify regarding this topic with respect to any designs for which it is producing a witness in response to topic No. 6 on a date that is mutually convenient for all parties and the witness.

EXHIBIT _16_

PAGE _230_

**Topic No. 16:**

COMMUNICATIONS between YOU and BRYANT prior to January 1, 2001, including without limitation the content, means and timing of such COMMUNICATIONS, the IDENTITY of the PERSONS who were parties thereto and the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

**Response to Topic No. 16:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic to the extent that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. MGA further objects that this Topic is overbroad and unduly burdensome, particularly given that it seeks testimony regarding the "DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS." MGA further objects to a deposition on this topic on the grounds that to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and document requests. MGA further objects to a deposition on this topic to the extent that the testimony sought is unreasonably cumulative and duplicative of information already provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a deposition on this topic on the grounds that it seeks information that is confidential, proprietary and commercially sensitive, with no relevance to this litigation.

Subject to and without waiving the foregoing, MGA will agree to provide a witness to testify regarding this topic on a date that is mutually convenient for all parties and the witness.

EXHIBIT _16_

PAGE _231_

## 2.    MGA Should Be Compelled To Produce Witnesses To Testify On Topics 4-7 And 16.

The Topics here are proper. First, they seek discovery into the activities of MGA and Bryant, and their relationship, including during his Mattel employment. Such information encompasses Bratz at least in part and thus is discoverable for the reasons discussed above and found by the Discovery Master previously. These Topics also relate to matters of defendants' liability for other Mattel claims, such as breach of contract and tortious interference, stemming from Bryant's work for MGA (regardless of what project was involved) during his Mattel employment. Furthermore, as the Discovery Master has recognized, creative work that Bryant performed on projects other than Bratz during his Mattel employment are potentially owned by Mattel, and Bryant owed continuing obligations to Mattel even after he left not to disclose or use Mattel's confidential obligations.[89] As a result, examination on what other projects Bryant worked on, what he did on them, when he performed that work and what use was made of it is within the permissible scope of discovery in this case.

MGA has not produced any witness to testify on these Topics, and its objections to the Topics are without merit as shown above. The limitation that MGA also seeks to unilaterally impose to further narrow Topic Nos. 4, 5 and 6 should be rejected. MGA purports to restrict the dates set forth in the Topic to October 20, 2000, but Mattel is entitled to testimony about the time periods that its Topics specify. Mattel owns all designs and works created by Bryant at any time during his Mattel employment together with all derivatives of those works, even if those derivatives were produced after he left Mattel. Additionally, Bryant had obligations to Mattel that continued after he left Mattel. MGA's efforts to avoid discovery into these issues

---

[89]   E.g., Zeller Dec., Exh. 1, at 12:18-13:9.

EXHIBIT _16_

PAGE _232_

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

07209/2091594.4

1   should be overruled, and MGA should be compelled to produce its designees on these

2   Topics.

3

4   **C.**     **MGA Has Failed To Produce Witnesses To Testify Regarding**

5          **Relevant Contracts And MGA's Knowledge Of Bryant's Breaches.**

6

7          **1.**     **Mattel's Relevant Topics And MGA's Responses Thereto.**

8          The relevant Mattel Topics and corresponding MGA responses are set

9   forth verbatim below.

10

11  **Topic No. 18:**

12          YOUR agreements and contracts with BRYANT, including without

13  limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that

14  REFER OR RELATE thereto, and any actual or proposed amendments thereto.

15  **Response to Topic No. 18:**

16          MGA incorporates by reference as though fully set forth herein each of the

17  foregoing General Objections. In addition, MGA objects to a deposition on this topic

18  on the grounds that it seeks testimony subject to the attorney-client privilege, attorney

19  work product doctrine, joint defense privilege and/or common interest privilege. MGA

20  further objects that this topic seeks testimony that is not relevant to any claim or

21  defense of any party to this litigation and not reasonably calculated to lead to the

22  discovery of admissible evidence. As such, the testimony requested is overbroad and

23  unduly burdensome. MGA further objects to a deposition on this topic on the grounds

24  that to the extent that any information is discoverable, the discovery is obtainable

25  through other, more convenient, less burdensome and less expensive means such as

26  interrogatories and document requests. MGA further objects to a deposition on this

27  topic to the extent that the testimony sought is unreasonably cumulative and duplicative

28  of information already provided to Mattel by MGA and/or Defendant Carter Bryant.

-41-

EXHIBIT _16_

PAGE _239_

1  MGA further objects to a deposition on this topic on the grounds that it seeks
2  information that is confidential, proprietary and commercially sensitive, with no
3  relevance to this litigation,

4        Subject to and without waiving the foregoing, MGA will agree to provide
5  a witness to testify regarding the topic as limited to the facts and terms of any
6  agreements or contracts between MGA and Bryant entered into on or before October
7  20, 2000, including any modifications thereto, on a date that is mutually convenient for
8  all parties and the witness.

9  **Topic No. 19:**

10        Each agreement or contract between YOU and any PERSON other than
11  BRYANT that REFERS OR RELATES TO BRATZ or BRATZ DESIGNS that
12  REFERS OR RELATES to the time period prior to December 31, 2001 (regardless of
13  when such agreement or contract was negotiated or executed), including without
14  limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that
15  REFER OR RELATE thereto, and any actual or proposed amendments thereto.

16  **Response to Topic No. 19:**

17        MGA incorporates by reference as though fully set forth herein each of the
18  foregoing General Objections. In addition, MGA objects to a deposition on this topic
19  on the grounds that it seeks testimony that is not relevant to any claim or defense of any
20  party to this litigation and not reasonably calculated to lead to the discovery of
21  admissible evidence, particularly as to the time frame specified. As such, the testimony
22  requested is overbroad and unduly burdensome.  In addition, MGA objects to a
23  deposition on this topic on the grounds that it seeks testimony subject to the attorney-
24  client privilege, attorney work product doctrine, joint defense privilege and/or common
25  interest privilege. MGA further objects to a deposition on this topic on the grounds that
26  to the extent that any information is discoverable, the discovery is obtainable through
27  other, more convenient, less burdensome and less expensive means such as
28  interrogatories and document requests. MGA further objects to a deposition on this

Y7209/2091594.4

-42-
MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION
EXHIBIT _____
PAGE _____ 23d

1 | topic to the extent that the testimony sought is unreasonably cumulative and duplicative
2 | of information already provided to Mattel by MGA and/or Defendant Carter Bryant.
3 | MGA further objects to a deposition on this topic on the grounds that it seeks
4 | information that is confidential, proprietary and commercially sensitive, with no
5 | relevance to this litigation.

6 |    Subject to and without waiving the foregoing, MGA will agree to provide
7 | a witness to testify regarding the topic as limited to the facts and terms of any
8 | agreements or contracts between MGA and Bryant entered into on or before October
9 | 20, 2000, including any modifications thereto, on a date that is mutually convenient for
10 | all parties and the witness.

11 | **Topic No. 20:**

12 |    YOUR knowledge, prior to April 29, 2004, of BRYANT's contracts and
13 | agreements with, and his obligations to, MATTEL.

14 | **Response to Topic No. 20:**

15 |    MGA incorporates by reference as though fully set forth herein each of the
16 | foregoing General Objections. In addition, MGA objects to a deposition on this topic
17 | to the extent that it seeks testimony that is not relevant to any claim or defense of any
18 | party to this litigation and not reasonably calculated to lead to the discovery of
19 | admissible evidence. As such, the testimony requested is overbroad and unduly
20 | burdensome. In addition, MGA objects to a deposition on this topic on the grounds that
21 | it seeks testimony subject to the attorney-client privilege, attorney work product
22 | doctrine, joint defense privilege and/or common interest privilege. MGA further
23 | objects to a deposition on this topic on the grounds that to the extent that any
24 | information is discoverable, the discovery is obtainable through other, more convenient,
25 | less burdensome and less expensive means such as interrogatories and document
26 | requests. MGA further objects to a deposition on this topic to the extent that the
27 | testimony sought is unreasonably cumulative and duplicative of information already
28 | provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a

-43-
MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

EXHIBIT _10_

PAGE _235_

1  deposition on this topic on the grounds that it seeks information that is confidential,
2  proprietary and commercially sensitive, with no relevance to this litigation.

3       Subject to and without waiving the foregoing, MGA will agree to provide
4  a witness to testify regarding MGA's knowledge, prior to October 20, 2000, of
5  BRYANT's contracts and agreements with, and his obligations to, Mattel on a date that
6  is mutually convenient for all parties and the witness.

7

8  **Topic No. 24:**
9       Any indemnification and fee arrangement that YOU and/or BRYANT
10 has sought, proposed, requested or obtained in connection with this ACTION.
11 **Response to Topic No. 24:**
12      MGA incorporates by reference as though fully set forth herein each of
13 the foregoing General Objections.  MGA further objects on the ground that the topic
14 calls for testimony not relevant to any claim or defense of any party to this litigation
15 and not reasonably calculated to lead to the discovery of admissible evidence.  As
16 such, the testimony requested is overbroad and unduly burdensome.  MGA further
17 objects to a deposition on this topic on the grounds that to the extent that any
18 information is discoverable, the discovery is obtainable through other, more
19 convenient, less burdensome and less expensive means such as interrogatories and
20 document requests.  In addition, MGA objects to a deposition on this topic on the
21 grounds that it seeks testimony that is subject to the attorney-client privilege,
22 attorney work product doctrine, joint defense privilege, common interest privilege or
23 any other applicable privilege.

24

25 **Topic No. 31:**
26      The IDENTITY of each PERSON who, at any time since January 1, 1998,
27 has performed any work or services for, by or on behalf of YOU while such PERSON
28

EXHIBIT _16_
PAGE 236

1  was employed by MATTEL, the nature and timing of each such PERSON's work or
2  services and the amount(s) paid by YOU to each such PERSON.

3  **Response to Topic No. 31:**

4       MGA incorporates by reference as though fully set forth herein each of the
5  foregoing General Objections.  In addition, MGA objects to a deposition on this topic
6  on the grounds that it seeks testimony that is not relevant to any claim or defense of any
7  party to this litigation and not reasonably calculated to lead to the discovery of
8  admissible evidence.  As such, the testimony requested is overbroad and unduly
9  burdensome.  MGA further objects to a deposition on this topic on the grounds that to
10  the extent that any information is discoverable, the discovery is obtainable through
11  other, more convenient, less burdensome and less expensive means such as
12  interrogatories and document requests.  MGA further objects to a deposition on this
13  topic to the extent that the testimony sought is unreasonably cumulative and duplicative
14  of information already provided to Mattel by MGA and/or Defendant Carter Bryant.
15  MGA further objects to a deposition on this topic on the grounds that it seeks
16  information that is confidential, proprietary and commercially sensitive, with no
17  relevance to this litigation. MGA further objects to that this topic seeks the discovery
18  of information related exclusively or primarily to the new claims contained in Mattel's
19  recently-amended answer and counterclaims, which are the subject of a pending motion
20  to dismiss and include trade secret claims that have not yet been pled with sufficient
21  particularity pursuant to Cal. Code Civ. Proc. § 2019.210.

22

23  **Topic No. 32:**

24       COMMUNICATIONS between YOU and BRYANT that REFER OR
25  RELATE TO MATTEL or REFER OR RELATE TO any DOCUMENT that was
26  prepared, authored or created by MATTEL that BRYANT has ever provided to, shown,
27  described to, communicated to or disclosed in any manner to YOU,

28

EXHIBIT 16

PAGE 237

07209/2091594.4

-45-

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

**Response to Topic No. 32:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As such, the testimony requested is overbroad and unduly burdensome. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony subject to the attorney-client privilege, attorney work product doctrine, joint defense privilege and/or common interest privilege. MGA further objects to a deposition on this topic on the grounds that to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and document requests. MGA further objects to a deposition on this topic to the extent that the testimony sought is unreasonably cumulative and duplicative of information already provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a deposition on this topic on the grounds that it seeks information that is confidential, proprietary and commercially sensitive, with no relevance to this litigation.

## 2. MGA Should Be Compelled To Produce Witnesses In Response To Topic Nos. 18-20, 24 And 31-32.

MGA has not produced any witnesses to testify regarding contracts between MGA and Bryant or between MGA and third parties who worked on Bratz.[90] In addition, MGA has not even designated any witnesses to testify on Topics 19, 24, 31 or 32.

MGA's objections attempt to restrict testimony on Topic Nos. 18 and 19 to "the facts and terms of any agreements or contracts between MGA and Bryant entered

EXHIBIT __16__

PAGE __238__

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

1   into on or before October 20, 2000."[91]  These limits are improper.  Agreements between

2   MGA and Bryant post-dating October 20, 2000 potentially will support Mattel's claim

3   that Bryant violated his obligations to Mattel as a result of his ongoing activities, such

4   as using confidential Mattel information for the benefit of a direct competitor and yield

5   information about witness bias.  This is another Topic that Mattel briefed in the context

6   of Bryant's document production and that the Discovery Master ruled was

7   discoverable.[92]

8          MGA's limitation on Topic No. 19 is improper, as Mattel did not request

9   testimony on agreements between MGA and Bryant, but rather between MGA and "any

10  person *other than* Bryant that refers or relates to Bratz or Bratz designs that refers or

11  relates to the time period prior to December 31, 2001."[93]  Such agreements will show

12  when work was being performed on Bratz and by whom and may potentially be

13  relevant to witness bias.  For instance, documents produced by Bryant in response to

14  the Discovery Master's January 25 Order show that a third party, Veronica Marlow,

15  either sought or entered into an agreement to receive royalties on any Bratz products on

16  which Bryant receives royalties.[94]  Marlow is a key witness regarding the early

17  development of Bratz, and such payments clearly are relevant to Marlow's bias at a bare

18  minimum.

19         MGA served only objections to Topic No. 24.[95]  At the meet and confer,

20  MGA represented that the only non-privileged indemnity agreement of which it is

21  aware is the original contract between Bryant and MGA, dated as of September 18,

22  ―――――――――――――――――――

23  [90]  Zeller letter to Garcia, Zeller Dec., Exh. 16.

    [91]  MGA's Objections at Topic Nos. 18 and 19, Zeller Dec., Exh. 18.

24  [92]  January 25 Order at 12, Zeller Dec., Exh. 1.

    [93]  Second Notice at Topic No. 19 (emphasis added), Zeller Dec., Exh. 17.

25  [94]  Marlow Contract, Zeller Dec., Exh. 21.

26  [95]  Objections at Topic No. 24, Zeller Dec., Exh. 18.

27                                                    EXHIBIT __16__

28                                                    PAGE __239__

07209/2091594.4

                              -47-

1  2000.[96]  MGA represented that it would designate a witness by March 23, 2007 to

2  testify, but to date has not done so.

3        Mattel is clearly entitled to testimony about such agreements. Indeed, this

4  Topic -- seeking testimony on indemnification or fee agreements between MGA and

5  Bryant -- mirrors the category of documents that the Discovery Master has already

6  ruled is relevant to demonstrate bias and lack of credibility.[97]

7        Furthermore, MGA's blanket assertion of privilege is impermissibly

8  overbroad. MGA asserts that <u>Cal. Bus. & Prof. Code</u> § 6149 applies and, therefore, that

9  any fee agreement between MGA and Bryant is privileged.[98]  However, MGA is

10 applying the wrong law of privilege. State law applies to a privilege question in federal

11 court only in pure diversity cases. This action has both federal and state law claims,

12 and the question at issue here is relevant to the federal claims, such as Mattel's

13 copyright claim, as well as the state claims. Questions of evidentiary privilege arising

14 in the course of the adjudication of federal rights are governed by the principles of

15 federal common law. <u>United States v. Zolin</u>, 491 U.S. 554, 562 (1989); <u>Fed. R. Evid.</u>

16 501. The same is true -- federal law of privilege controls -- where a state law claim

17 over which the Court has supplemental jurisdiction is at issue, or where jurisdiction is

18 based on diversity as well as the presence of federal claims. <u>Smith v. Alice Peck Day</u>

19 <u>Memorial Hosp.</u>, 148 F.R.D. 51, 53 (D.N.H. 1993) (citing <u>Perrignon v. Bergen</u>

20 <u>Brunswig Corp.</u>, 77 F.R.D. 455, 458-459 (N.D. Cal. 1978); <u>Wm. T. Thompson Co. v.</u>

21 <u>General Nutrition Corp.</u>, 671 F.2d 100, 104 (3d Cir. 1982); <u>Hansen v. Allen Memorial</u>

22 <u>Hosp.</u>, 141 F.R.D. 115, 121 (S.D. Iowa 1992); <u>von Bulow by Auersperg v. von Bulow</u>,

23 811 F.2d 136, 141 (2d Cir. 1987)).

---

24  [96] Zeller Dec., ¶ 23.

25  [97] <u>See</u> January 25 Order at 12, Zeller Dec., Exh. 1.

26  [98] Zeller Dec., ¶ 23.

27

28

EXHIBIT 16

PAGE 240

07209/2091594.4

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

1    No federal common law permits defendants to withhold information about

2  who is paying Bryant's fees.  In fact, under Ninth Circuit law this information is **not**

3  privileged.  See United States v. Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995) ("[a]s a

4  general rule, client identity and the nature of the fee arrangement between attorney and

5  client are not protected from disclosure by the attorney-client privilege"); see also

6  Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992) ("Our

7  decisions have recognized that the identity of the client, the amount of the fee, the

8  identification of payment by case file name, and the general purpose of the work

9  performed are usually not protected from disclosure by the attorney-client privilege.");

10  In re Grand Jury Subpoenas, 803 F.2d 493, 499 (9th Cir. 1986) (reversing order

11  quashing a subpoena and requiring attorneys to identify third parties paying their fees.).

12    Furthermore, as the Discovery Master has already found, such agreements

13  are relevant to demonstrate bias and lack of credibility, among other things.[99]

14  Testimony regarding any such fee agreement between Bryant and MGA would show

15  that Bryant has an incentive to protect MGA.  The fact that MGA is paying Bryant's

16  fees could influence Bryant's testimony by inducing him to testify in a way that will

17  avoid increasing MGA's potential exposure.   That potential impact on Bryant's

18  testimony constitutes bias.  Bias evidence is admissible to impeach a witness.  See

19  United States v. Abel, 469 U.S. 45, 50-51 (1984); see Wright & Miller, Federal Practice

20  & Procedure: Federal Rules of Evidence § 6095 (bias is a "particularly favored basis for

21  attacking credibility," and "circumstantial evidence of bias" may include evidence of

22  the "payment of bribes or fees").  Because evidence tending to show bias or lack of

23  credibility is admissible, it also is discoverable.  Cable & Computer Technology, Inc.,

24  175 F.R.D. at 650 (information is discoverable if it relates to "the credibility of any

25  witness").

---

26    [99]   See January 25 Order at 12, Zeller Dec., Exh. 1.

EXHIBIT _16_

PAGE _241_

27

28

J7209/2091594.4

-49-

**D.** **MGA Has Failed To Produce Witnesses To Testify About The Third Parties Who Worked On, Or Have Apparent Knowledge About, Bratz.**

**1.** **Mattel's Relevant Topics And MGA's Responses Thereto.**

The relevant Mattel Topics and corresponding MGA responses are set forth verbatim below.

**Topic No. 10:**

The IDENTITY of each vendor or third party who performed or contributed, or who was considered, solicited, requested, proposed or contemplated by YOU or BRYANT to perform or contribute, any activities, work or services in connection with BRATZ or BRATZ DESIGNS prior to June 30, 2001, YOUR COMMUNICATIONS therewith, and the nature, extent and timing of such activities, work or services.

**Response to Topic No. 10:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As such, the testimony requested is overbroad and unduly burdensome. MGA further objects to this topic on the grounds that it calls for MGA to speculate as to the identities of vendors or third parties, if any, that Brant "considered, solicited, requested, proposed or contemplated" during the relevant time period, and also that it calls for information outside of MGA's possession, custody or control. MGA further objects to a deposition on this topic on the grounds that to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and

MATTEL'S MOTION TO COMPEL PRODUCTION OR WITNESSES FOR DEPOSITION

07209/2091594.4

EXHIBIT _16_

PAGE _242_

1  document requests. MGA further objects to a deposition on this topic to the extent that
2  the testimony sought is unreasonably cumulative and duplicative of information already
3  provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a
4  deposition on this topic on the grounds that it seeks information that is confidential,
5  proprietary and commercially sensitive, with no relevance to this litigation.

6          Subject to and without waiving the foregoing, MGA will agree to provide
7  a witness to testify regarding the topic, on a date that is mutually convenient for all
8  parties and the witness.

9

10 **Topic No. 27:**

11          The payment of money or anything of value that YOU have made or
12 offered to make to, for or on behalf of Elise Cloonan, or that has been requested, sought
13 or received by, for or on behalf of Elise Cloonan, and the timing, manner, amount(s)
14 and reasons therefor.

15 **Response to Topic No. 27:**

16          MGA incorporates by reference as though fully set forth herein each of the
17 foregoing General Objections. In addition, MGA objects to a deposition on this topic
18 on the grounds that it seeks testimony that is not relevant to any claim or defense of any
19 party to this litigation and not reasonably calculated to lead to the discovery of
20 admissible evidence.  As such, the testimony requested is overbroad and unduly
21 burdensome. In addition, MGA objects to a deposition on this topic on the grounds that
22 it seeks testimony subject to the attorney-client privilege, attorney work product
23 doctrine, joint defense privilege and/or common interest privilege.  MGA further
24 objects to a deposition on this topic on the grounds that to the extent that any
25 information is discoverable, the discovery is obtainable through other, more convenient,
26 less burdensome and less expensive means such as interrogatories and document
27 requests. MGA further objects to a deposition on this topic to the extent that the
28 testimony sought is unreasonably cumulative and duplicative of information already

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

EXHIBIT __16__

PAGE __249__

1   provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a

2   deposition on this topic on the grounds that it seeks information that is confidential,

3   proprietary and commercially sensitive, with no relevance to this litigation.

4   **Topic No. 28:**

5           COMMUNICATIONS between YOU and Elise Cloonan that REFER OR

6   RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including the

7   DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

8   **Response to Topic No. 28**

9           MGA incorporates by reference as though fully set forth herein each of the

10  foregoing General Objections. In addition, MGA objects to a deposition on this topic

11  on the grounds that it seeks testimony that is not relevant to any claim or defense of any

12  party to this litigation and not reasonably calculated to lead to the discovery of

13  admissible evidence. MGA further objects that this Topic is overbroad and unduly

14  burdensome, particularly given that it seeks testimony regarding the "DOCUMENTS

15  that REFER OR RELATE TO such COMMUNICATIONS." In addition, MGA objects

16  to a deposition on this topic on the grounds that it seeks testimony subject to the

17  attorney-client privilege, attorney work product doctrine, joint defense privilege and/or

18  common interest privilege. MGA further objects to a deposition on this topic on the

19  grounds that to the extent that any information is discoverable, the discovery is

20  obtainable through other, more convenient, less burdensome and less expensive means

21  such as interrogatories and document requests. MGA further objects to a deposition on

22  this topic to the extent that the testimony sought is unreasonably cumulative and

23  duplicative of information already provided to Mattel by MGA Defendant Carter

24  Bryant, and/or Anna Rhee. MGA further objects to a deposition on this topic on the

25  grounds that it seeks information that is confidential, proprietary and commercially

26  sensitive, with no relevance to this litigation.

27          Subject to and without waiving the foregoing, MGA requests that Mattel

28  provide it with a list of documents that constitute "the DOCUMENTS that REFER OR

1  RELATE TO such COMMUNICATIONS," and, subject to review and possible further
2  objections, will agree to provide a witness to testify regarding any non-privileged
3  aspects of the topic as so clarified, on a date that is mutually convenient for all parties
4  and the witness.

5  **Topic No. 29:**

6          COMMUNICATIONS made by, for or on behalf of YOU, whether
7  directly or indirectly, with Anna Rhee, including without limitation since February
8  2005 (but not including any such COMMUNICATIONS with her legal counsel).

9  **Response to Topic No. 29:**

10         MGA incorporates by reference as though fully set forth herein each of the
11  foregoing General Objections. In addition, MGA objects to a deposition on this topic
12  on the grounds that it seeks testimony that is not relevant to any claim or defense of any
13  party to this litigation and not reasonably calculated to lead to the discovery of
14  admissible evidence.  As such, the testimony requested is overbroad and unduly
15  burdensome. In addition, MGA objects to a deposition on this topic on the grounds that
16  it seeks testimony subject to the attorney-client privilege, attorney work product
17  doctrine, joint defense privilege and/or common interest privilege.  MGA further
18  objects to a deposition on this topic on the grounds that to the extent that any
19  information is discoverable, the discovery is obtainable through other, more convenient,
20  less burdensome and less expensive means such as interrogatories and document
21  requests.  MGA further objects to a deposition on this topic to the extent that the
22  testimony sought is unreasonably cumulative and duplicative of information already
23  provided to Mattel by MGA, Defendant Carter Bryant and/or Anna Rhee. MGA further
24  objects to a deposition on this topic on the grounds that it seeks information that is
25  confidential, proprietary and commercially sensitive, with no relevance to this
26  litigation.

27

28

EXHIBIT _16_

PAGE _245_

07209/2091594.4

**Topic No. 30:**

COMMUNICATIONS between YOU and Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Sarah Halpern, Steve Linker, Liz Hogan and/or Jesse Ramirez that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation all DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

**Response to Topic No. 30:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence, particularly given that no time frame is specified. MGA further objects that this Topic is overbroad and unduly burdensome, particularly given that it seeks testimony regarding the "DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS. MGA further objects to a deposition on this topic on the grounds that to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and document requests. MGA further objects to a deposition on this topic to the extent that the testimony sought is unreasonably cumulative and duplicative of information already provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a deposition on this topic on the grounds that it seeks information that is confidential, proprietary and commercially sensitive, with no relevance to this litigation. MGA further objects that this topic calls for information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest privilege or any other applicable privilege.

**Topic No. 35:**

COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd. prior to June 30, 2001.

EXHIBIT 16

PAGE 246

**Response to Topic No. 35:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As such, the testimony requested is overbroad and unduly burdensome. MGA further objects to a deposition on this topic on the grounds that to the extent that any information is discoverable, the discovery is obtainable through other, more convenient, less burdensome and less expensive means such as interrogatories and document requests. MGA further objects to a deposition on this topic to the extent that the testimony sought is unreasonably cumulative and duplicative of information already provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a deposition on this topic on the grounds that it seeks information that is confidential, proprietary and commercially sensitive, with no relevance to this litigation.

**Topic No. 36:**

The source, meaning and authenticity of SL00013-14, including without limitation the timing of its creation and the handwriting thereon.

**Response to Topic No. 36:**

MGA incorporates by reference as though fully set forth herein each of the foregoing General Objections. In addition, MGA objects to a deposition on this topic on the grounds that it seeks testimony that is not relevant to any claim or defense of any party to this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As such, the testimony requested is overbroad and unduly burdensome. MGA further objects to a deposition on this topic on the grounds that, as worded, it is vague, ambiguous and unintelligible, particularly with respect to the "source" "meaning" and "authenticity" of the enumerated documents and therefore MGA is unable to provide a witness, MGA further objects to a deposition on this topic

1   on the grounds that to the extent that any information is discoverable, the discovery is

2   obtainable through other, more convenient, less burdensome and less expensive means

3   such as interrogatories and document requests.  MGA further objects to a deposition on

4   this topic to the extent that the testimony sought is unreasonably cumulative and

5   duplicative of information already provided to Mattel by MGA and/or Defendant Carter

6   Bryant.  MGA further objects to a deposition on this topic on the grounds that it seeks

7   information that is confidential, proprietary and commercially sensitive, with no

8   relevance to this litigation.

9

10          **2.     MGA Should Be Compelled To Designate And Produce**

11                   **Witnesses In Response To Topic Nos. 10, 27-30, 35 And 36.**

12          MGA has not produced any witnesses to testify on these subjects and has

13   not even designated any witness to testify on Topic No. 27 or Topic No. 28.  MGA

14   objects to producing witnesses to testify about MGA's communications and payments

15   to third parties who worked on Bratz or were approached to work on Bratz, such as

16   Anna Rhee, Veronica Marlow, Margaret Hatch-Leahy, Sarah Halpern, Steve Linker,

17   Liz Hogan and Jesse Ramirez, and documents given to those third parties.[100]  Such

18   testimony is relevant to central issues in this case, including the timing and nature of

19   work these parties performed on Bratz, MGA's payments to Mattel employees and

20   witness bias.  Indeed, MGA's position here is particularly inappropriate given that

21   information about third-party involvement in Bratz is what has established that

22   considerable design and development of Bratz occurred during the time that Bryant was

23   employed by Mattel, contrary to Bryant's earlier sworn testimony.  As was documented

24   at length on Mattel's prior motion to compel MGA documents, MGA has long been

25   withholding MGA documents regarding third-party activities on Bratz -- at least until

26   Mattel obtains them from some other source, after which MGA conveniently "finds" at

27

28

EXHIBIT 16

PAGE 248

1   least some of those documents and produces them.  Information about such work
2   therefore will assist Mattel in identifying additional documents about the origins,
3   design and development of Bratz that MGA has not produced.

4           In addition, such testimony is necessary to protect Mattel from being
5   blindsided at trial.  For instance, Topic No. 35 relates to communications between
6   MGA and Universal Commerce Corp, Ltd., prior to June 30, 2001.[101]  Per Bryant's own
7   testimony, Bryant approached Universal on behalf of MGA while he was still employed
8   by Mattel to get a quote for doll hair for the Bratz dolls, after getting the Universal
9   contact information from Mattel.[102]  The extent to which MGA was aware of Universal
10  or used Universal prior to Bryant contacting Universal is relevant to assessing the
11  impact of Bryant's use of this confidential Mattel information.

12          Finally, MGA's objections with respect to Topic No. 28 are particularly
13  troubling.  MGA purports to condition its production of a witness to testify about Topic
14  28 on Mattel's identification of specific documents that "refer or relate to"
15  communications between MGA and Elise Cloonan regarding Bryant, Mattel, Bratz
16  and/or Anna Rhee.[103]  This condition is without merit.  MGA designated Ms. Cloonan
17  as a witness possessing "information relevant to the timing of the conception, creation,
18  design and development of the original 'Bratz' drawings" in its Supplemental Initial
19  Disclosures, served nearly two years ago.[104]  The Topic seeks information about
20  communications between MGA and Cloonan and is unquestionably information within
21  MGA's knowledge.  Mattel is entitled to know about such communications, whether
22  reduced to writing or not.  Thus, not only is the condition legally improper, it purports

23  ——————————————
    [100]  MGA's Objections at Topic Nos. 29, 30, 35 and 36.
24  [101]  Second Notice at Topic No. 35, Zeller Dec., Exh. 17.
25  [102]  Bryant Depo. at 132:19-134:2, Zeller Dec., Exh. 3.
    [103]  MGA's Objections at Topic No. 28, Zeller Dec., Exh. 18.
26  [104]  MGA's Amended and Supplemental Rule 26(a) Disclosures ("Initial
27  Disclosures") dated May 16, 2005, Zeller Dec., Exh. 25. EXHIBIT __16__

28

1    to limit the facts into which Mattel may properly inquire.  Furthermore, MGA's

2    condition seeks to create a deliberate Catch-22, since MGA has refused to produce

3    responsive written communications as well.[105]  Mattel is entitled to know the extent of

4    MGA's knowledge on this Topic.

5

6    **E.      MGA Refuses To Designate And Produce A Witness To Testify**

7    **Regarding Payments Made To Bryant And On Other Relevant**

8    **Financial Information.**

9    **1.      Mattel's Relevant Topics And MGA's Response Thereto.**

10   Mattel's relevant Topics and MGA's response are set forth verbatim below.

11

12   **Topic No. 22:**

13   The payment of money or anything of value by or for YOU or on YOUR

14   behalf that has been made to, for or on behalf of BRYANT (a) for work,  services or

15   activities performed by BRYANT prior to January 1, 2001 (regardless of when such

16   payment was actually made), (b) for DESIGNS CREATED by BRYANT prior to

17   January 1, 2001 (regardless of when such payment was actually made) or (c) in

18   connection with BRATZ or any BRATZ DESIGN at any time, including without

19   limitation the timing, manner and amount(s) thereof and the reasons therefor.

20   **Response to Topic No. 22:**

21   MGA incorporates by reference as though fully set forth herein each of the

22   foregoing General Objections.  In addition, MGA objects to a deposition on this topic

23   on the grounds that it seeks testimony that is not relevant to any claim or defense of any

24   party to this litigation and not reasonably calculated to lead to the discovery of

25   admissible evidence, particularly as to the time frame specified.  As such, the testimony

26   _____

27   [105]   See, e.g., MGA's Responses to Mattel's First Set of Requests for Production

28   (footnote continued)

EXHIBIT 16

PAGE 250

1   requested is overbroad and unduly burdensome.  In addition, MGA objects to a
2   deposition on this topic on the grounds that it seeks testimony subject to the attorney-
3   client privilege, attorney work product doctrine, joint defense privilege and/or common
4   interest privilege.  MGA further objects to a deposition on this topic on the grounds that
5   to the extent that any information is discoverable, the discovery is obtainable through
6   other, more convenient, less burdensome and less expensive means such as
7   interrogatories and document requests.  MGA further objects to a deposition on this
8   topic to the extent that the testimony sought is unreasonably cumulative and duplicative
9   of information already provided to Mattel by MGA and/or Defendant Carter Bryant.
10   MGA further objects to a deposition on this topic on the grounds that it seeks
11   information that is confidential, proprietary and commercially sensitive, with no
12   relevance to this litigation.

13           Subject to and without waiving the foregoing, MGA will agree to provide
14   a witness to authenticate Bryant's royalty statements or other records of payments to
15   Bryant on the subjects described in the topic, which, to the extent not already produced,
16   will be produced prior to the date of deposition on this topic, on a date that is mutually
17   convenient for all parties and the witness.

18

19   **Topic No. 23:**

20           The payment of royalties to, for or on behalf of BRYANT made by or for
21   YOU or on YOUR behalf, including the timing, manner and amounts of such payments
22   and the reasons therefor.

23   **Response to Topic No. 23:**

24           MGA incorporates by reference as though fully set forth herein each of the
25   foregoing General Objections.  In addition, MGA objects to a deposition on this topic
26   on the grounds that it seeks testimony that is not relevant to any claim or defense of any

27   _____
    at Request Nos. 13 & 70, Zeller Dec., Exh. 22.                    EXHIBIT _16_

28                                                                     PAGE _247_

1  party to this litigation and not reasonably calculated to lead to the discovery of
2  admissible evidence.  As such, the testimony requested is overbroad and unduly
3  burdensome. MGA further objects to a deposition on this topic on the grounds that to
4  the extent that any information is discoverable, the discovery is obtainable through
5  other, more convenient, less burdensome and less expensive means such as
6  interrogatories and document requests.  MGA further objects to a deposition on this
7  topic to the extent that the testimony sought is unreasonably cumulative and duplicative
8  of information already provided to Mattel by MGA and/or Defendant Carter Bryant.
9  MGA further objects to a deposition on this topic on the grounds that it seeks
10  information that is confidential, proprietary and commercially sensitive, with no
11  relevance to this litigation.

12        Subject to and without waiving the foregoing, MGA will agree to provide
13  a witness to testify regarding the topic as limited to payment of royalties for "Bratz"
14  products, on a date that is mutually convenient for all parties and the witness.

15

16  **Topic No. 25:**

17        YOUR revenues and profits from BRATZ, including without limitation
18  YOUR gross and net profits, and YOUR costs associated therewith.

19  **Response to Topic No. 25:**

20        MGA incorporates by reference as though fully set forth herein each of the
21  foregoing General Objections. In addition, MGA objects to a deposition on this topic
22  on the grounds that it seeks testimony that is not relevant to any claim or defense of any
23  party to this litigation and not reasonably calculated to lead to the discovery of
24  admissible evidence.  As such, the testimony requested is overbroad and unduly
25  burdensome. MGA further objects to a deposition on this topic on the grounds that to
26  the extent that any information is discoverable, the discovery is obtainable through
27  other, more convenient, less burdensome and less expensive means such as
28  interrogatories and document requests.  MGA further objects to a deposition on this

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

EXHIBIT 16

PAGE 282

1  topic to the extent that the testimony sought is unreasonably cumulative and duplicative
2  of information already provided to Mattel by MGA and/or Defendant Carter Bryant.
3  MGA further objects to a deposition on this topic on the grounds that it seeks
4  information that is confidential, proprietary and commercially sensitive, with no
5  relevance to this litigation.

6       Subject to and without waiving the foregoing, MGA will agree to provide
7  a witness to testify regarding the topic as limited to first generation "Gratz" products,
8  on a date that is mutually convenient for all parties and the witness and on subsequent
9  generation of "Bratz" products subject to agreement by the parties, or further protection
10  from the Court, with respect to timing.

11  **Topic No. 26:**

12       YOUR net worth.

13  **Response to Topic No. 26:**

14       MGA incorporates by reference as though fully set forth herein each of the
15  foregoing General Objections. In addition, MGA objects to a deposition on this topic
16  on the grounds that it seeks testimony that is not relevant to any claim or defense of any
17  party to this litigation and not reasonably calculated to lead to the discovery of
18  admissible evidence.  As such, the testimony requested is overbroad and unduly
19  burdensome. MGA further objects to a deposition on this topic on the grounds that to
20  the extent that any information is discoverable, the discovery is obtainable through
21  other, more convenient, less burdensome and less expensive means such as
22  interrogatories and document requests.  MGA further objects to a deposition on this
23  topic to the extent that the testimony sought is unreasonably cumulative and duplicative
24  of information already provided to Mattel by MGA and/or Defendant Carter Bryant.
25  MGA further objects to a deposition on this topic on the grounds that it seeks
26  information that is confidential, proprietary and commercially sensitive, with no
27  relevance to this litigation. MGA further objects to that this topic seeks the discovery
28  of information related exclusively or primarily to the new claims contained in Mattel's

1   recently-amended answer and counterclaims, which are the subject of a pending motion
2   to dismiss and include trade secret claims that have not yet been pled with sufficient
3   particularity pursuant to Cal. Code Civ. Proc. § 2019.210.

4

5               **2.    MGA Should Be Compelled To Designate And Produce A**
6                    **Witness In Response To Topic Nos. 22-23 And 25-26.**

7           These Topics seek information that is relevant both to defendants' liability
8   and to damages.  Topic No. 22 asks for testimony on MGA's payments to Bryant.
9   MGA's Objection claims that it will only produce a witness "to authenticate Bryant's
10  royalty statements or other records of payments to Bryant on the subjects described in
11  the topic," but that is plainly inappropriate.  Mattel is entitled to information about
12  payments, regardless of whether characterized as royalties.  Indeed, as the Discovery
13  Master has noted, Mattel is entitled to information about "MGA's payments to Bryant,
14  *including* royalty statements *and other payment information*," because it is "relevant to
15  several Mattel claims."[106]  Furthermore, MGA's improper limitation seeks to deny
16  Mattel relevant information about causation.  Without being able to explore what the
17  payments were for beyond the face of MGA's royalty statements, and without being
18  able to test the integrity of the underlying information through examination, Mattel
19  cannot explore the existence of a causal connection between those payments and
20  Bryant's disloyalty and other breaches of his obligations to Mattel.  Mattel is entitled to
21  explore that connection.

22          In response to Topic No. 23, MGA similarly attempts to restrict testimony
23  regarding MGA's payment of royalties to Bryant to those royalties paid for Bratz
24  products.[107]  This restriction is improper and has already been rejected by the Discovery

25  ———————————————
26  [106]  January 25, 2007 Order, at 13:23-14:19.
    [107]  See Objections to Second Notice at Topic No. 23, Zeller Dec., Exh. 18.

27                                          EXHIBIT _16_

28                                          PAGE _254_

07209/2091594.4

                                  -62-

1    Master.[108]  Whether Bryant worked on Bratz or some other project for MGA either
2    while Bryant was still employed by Mattel or using Mattel trade secrets, such activity
3    remains actionable and discoverable.  At the meet and confer, MGA agreed to produce
4    a witness to testify regarding royalties paid to Bryant for any product he worked on
5    while a Mattel employee or royalties for any *Bratz* product he worked on after October
6    20, 2000.[109]  Mattel, however, is entitled to know what MGA has been paying Bryant,
7    and why, to determine whether the payments are recoverable as damages.  This was
8    fully briefed on Mattel's motion to compel Bryant to produce documents, which the
9    Discovery Master granted.  In fact, as part of Bryant's supplemental production, he
10   produced royalty statements for at least one other MGA product line, Sugar Planet,
11   which Bryant purportedly pitched to MGA relatively soon after he left Mattel.[110]

12            MGA also has not designated any witnesses to testify regarding MGA's
13   revenues and profits from Bratz.[111]  This information is plainly relevant to damages.
14   Under the Copyright Act Mattel is entitled to damages measured by Bryant's and
15   MGA's profits from their acts of infringement.  17 U.S.C. § 504(b) ("The copyright
16   owner is entitled to recover . . . any profits of the infringer that are attributable to the
17   infringement").  Further, under the law Mattel need show only defendants' "revenues"
18   from the accused infringing activity, and it is defendants' burden to establish any legally
19   permissible deductions.  Id. ("In establishing the infringer's profits, the copyright owner
20   is required to present proof only of the infringer's gross revenue, and the infringer is
21   required to prove his or her deductible expenses and the elements of profit attributable
22   to factors other than the copyrighted work").  Therefore, all revenues from such Bratz
23   works are at issue and discoverable.  See Pham v. Jones, 2006 WL 1342826 at *4 (S.D.
24   Tex. 2006) (a copyright owner is entitled to discovery of all of an infringer's gross

25   ─────────────────────
26   [108]  January 25 Order at 13, Zeller Dec., Exh. 1.
     [109]  Zeller Dec., ¶ 24.
27   [110]  See, e.g., Royalty Statements, Zeller Dec., Exh. 20.   EXHIBIT __16__

28                                                            PAGE __265__

1  revenues that are reasonably related to the alleged infringement) (citing Compaq

2  Computer Corp. v. Ergonome Inc., 2001 WL 3410827 at *2 (S.D. Tex. 2001)).

3        MGA's objections attempt to restrict testimony regarding MGA's revenues

4  and profits from Bratz products, other than first generation Bratz products, subject to

5  some vague time restriction.[112] The nature of this restriction is vague and ambiguous as

6  MGA never defines "first generation Bratz products" -- undoubtedly because

7  defendants' earlier attempts to withhold discovery based on this limitation have been

8  rejected by the Discovery Master -- or elaborates on what type of timing restriction

9  MGA seeks.  At the meet and confer, MGA represented that MGA does not keep

10 revenue and profit information from Bratz, including gross and net profits and costs

11 associated therewith, in the normal course of business, but that MGA would designate a

12 witness on this topic who would testify once the information was compiled.[113]  Not only

13 has MGA designated no witness on this Topic, but it is irrelevant whether the

14 information is kept in the normal course of business.  Rule 30(b)(6) requires MGA to

15 designate a representative who "shall testify as to matters *known or reasonably*

16 *available* to the organization." (Emphasis added.)  Information about MGA's own

17 revenues and costs clearly falls within that category.

18       MGA has completely refused to produce a witness to testify regarding

19 MGA's net worth.  However, the amount of a defendant's wealth is relevant to punitive

20 damages, which Mattel has sought against MGA here.   See, e.g., U.S. Equal

21 Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc., 2000 WL 307470, *4

22 (C.D. Cal. 2000) ("Such information is relevant under Rule 26(b) to plaintiff's claims

23 for damages and punitive damages."); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281,

24 286 (C.D. Cal. 1998) ("The discovery of financial information relevant to a punitive

25

26  [111] Zeller letter to Garcia, Zeller Dec., Exh. 16.

    [112] See MGA's Objections at Topic No. 25, Zeller Dec., Exh. 18.

27  [113] Zeller Dec., ¶ 25.

                                        EXHIBIT 16

28

                                        PAGE 266

07209/2091594.4                    -64-
                   MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

1   damages claim is permissible under the Federal Rules of Civil Procedure, whether or

2   not such evidence would be admissible at trial."). In addition, MGA's net worth is

3   overwhelmingly attributable to one product: Bratz, the product at the "heart" of this

4   suit. Discovery Master's Order at 2 ("At the heart of this lawsuit is a dispute over the

5   rights to the 'Bratz' dolls."). MGA's net worth, therefore, will provide relevant

6   information pertaining to Mattel's damages, even apart from punitive damages. At the

7   meet and confer MGA again tried to justify its refusal to produce this information on

8   the grounds that it did not keep it "as a matter of course," but that is unavailing under

9   the plain language of Rule 30(b)(6). It cannot be seriously maintained that information

10   about MGA's own net worth is unavailable to MGA.

11

12   **F.**      **MGA Has Failed To Produce Witnesses In Response To Topics**

13            **Relating To Defendants' Potential Spoliation Of Evidence Relating**

14            **to Bratz And MGA's Destruction And Retention Of Documents.**

15

16            **1.**      **Mattel's Relevant Topics And MGA's Responses Thereto.**

17            The relevant Mattel Topics and corresponding MGA responses are set

18   forth verbatim below.

19

20   **Topic No. 41:**

21            The testing of or sampling from DOCUMENTS that REFER OR RELATE

22   TO BRATZ or BRYANT, including without limitation such testing or sampling in

23   connection with any ink, paper or chemical analysis performed or attempted to be

24   performed to date, any DOCUMENTS that REFER OR RELATE thereto and all results

25   and reports relating thereto.

26   **Response to Topic No. 41:**

27            MGA incorporates by reference as though fully set forth herein each of the

28   foregoing General Objections. In addition, MGA objects to this topic to the extent that

-65-

1 | it seeks testimony that is not relevant to any claim or defense of any party to this
2 | litigation and not reasonably calculated to lead to the discovery of admissible evidence.
3 | As such, the testimony requested is overbroad and unduly burdensome. MGA further
4 | objects to a deposition on this topic on the grounds that to the extent that any
5 | information is discoverable, the discovery is obtainable through other, more convenient,
6 | less burdensome and less expensive means such as interrogatories and document
7 | requests.  MGA further objects to a deposition on this topic to the extent that the
8 | testimony sought is unreasonably cumulative and duplicative of information already
9 | provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a
10 | deposition on this topic on the grounds that it seeks information that is confidential,
11 | proprietary and commercially sensitive, with no relevance to this litigation.  MGA
12 | further objects to a deposition on this topic on the grounds that it seeks attorney client
13 | privileged information, attorney work product information and information that will be
14 | the subject of an expert report, and accordingly is the proper subject of an expert
15 | witness deposition.

16 |

17 | **Topic No. 38:**

18 | The retention or destruction policies, procedures and practices for YOUR
19 | DOCUMENTS and DIGITAL INFORMATION that REFER OR RELATE TO
20 | BRATZ since January 1, 1999, including without limitation the retention or destruction
21 | of DOCUMENTS and DIGITAL INFORMATION when (a) hardware is replaced,
22 | modified or upgraded and (b) when PERSONS leave YOUR employ.

23 | **Response to Topic No. 38:**

24 | MGA incorporates by reference as though fully set forth herein each of the
25 | foregoing General Objections.  In addition, MGA objects to a deposition on this topic
26 | to the extent that it seeks testimony that is not relevant to any claim or defense of any
27 | party to this litigation and not reasonably calculated to lead to the discovery of
28 | admissible evidence, particularly as to the time frame specified. As such, the testimony

07209/2091594.4

-66-

EXHIBIT _76_

PAGE _268_

1 requested is overbroad and unduly burdensome. MGA further objects to a deposition
2 on this topic on the grounds that to the extent that any information is discoverable, the
3 discovery is obtainable through other, more convenient, less burdensome and less
4 expensive means such as interrogatories and document requests. MGA further objects
5 to a deposition on this topic to the extent that the testimony sought is unreasonably
6 cumulative and duplicative of information already provided to Mattel by MGA and/or
7 Defendant Carter Bryant. MGA further objects to a deposition on this topic on the
8 grounds that it seeks information that is confidential, proprietary and commercially
9 sensitive, with no relevance to this litigation.
10
11 **Topic No. 39:**
12       The preservation, collection, destruction, removal, transfer, loss or
13 impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in connection
14 with the ACTION and/or any DOCUMENTS requested by MATTEL in the ACTION.
15 **Response to Topic No. 39:**
16       MGA incorporates by reference as though fully set forth herein each of the
17 foregoing General Objections. In addition, MGA objects to a deposition on this topic
18 on the grounds that it seeks testimony that is not relevant to any claim or defense of any
19 party to this litigation and not reasonably calculated to lead to the discovery of
20 admissible evidence. As such, the testimony requested is overbroad and unduly
21 burdensome. In addition, MGA objects to a deposition on this topic on the grounds that
22 it seeks testimony subject to the attorney-client privilege, attorney work product
23 doctrine, joint defense privilege and/or common interest privilege. MGA further
24 objects to a deposition on this topic on the grounds that it is vague and ambiguous,
25 particularly with respect to "impairment" of documents and digital information. MGA
26 further objects to a deposition on this topic on the grounds that to the extent that any
27 information is discoverable, the discovery is obtainable through other, more convenient,
28 less burdensome and less expensive means such as interrogatories and document

1  requests.  MGA further objects to a deposition on this topic to the extent that the

2  testimony. sought is unreasonably cumulative and duplicative of information already

3  provided to Mattel by MGA and/or Defendant Carter Bryant. MGA further objects to a

4  deposition on this topic on the grounds that it seeks information that is confidential,

5  proprietary and commercially sensitive, with no relevance to this litigation.

6          Subject to and without waiving the foregoing, MGA will agree to provide

7  a witness to testify regarding the topic, on a date that is mutually convenient for all

8  parties and the witness.

9

10  **Topic No. 40:**

11          The preservation, collection, destruction, removal, transfer, loss or

12  impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1,

13  1999 that REFER OR RELATE TO MATTEL (including without limitation to any

14  MATTEL product, plan or information) that YOU received in any manner from any

15  PERSON who was at the time an employee of MATTEL or who had previously been

16  an employee of MATTEL.

17  **Response to Topic No. 40:**

18          MGA incorporates by reference as though fully set forth herein each of the

19  foregoing General Objections. In addition, MGA objects to a deposition on this topic

20  on the grounds that it seeks testimony that is not relevant to any claim or defense of any

21  party to this litigation and not reasonably calculated to lead to the discovery of

22  admissible evidence.  As such, the testimony requested is overbroad and unduly

23  burdensome. MGA further objects to a deposition on this topic on the grounds that it is

24  vague and ambiguous, particularly with respect to "impairment" of documents and

25  digital information. MGA further objects to a deposition on this topic on the grounds

26  that to the extent that any information is discoverable, the discovery is obtainable

27  through other, more convenient, less burdensome and less expensive means such as

28  interrogatories and document requests.  MGA further objects to a deposition on this

1  topic to the extent that the testimony sought is unreasonably cumulative and duplicative

2  of information already provided to Mattel by MGA and/or Defendant Carter Bryant.

3  MGA further objects to a deposition on this topic on the grounds that it seeks

4  information that is confidential, proprietary and commercially sensitive, with no

5  relevance to this litigation. MGA further objects to that this topic seeks the discovery

6  of information related exclusively or primarily to the new claims contained in Mattel's

7  recently-amended answer and counterclaims, which are the subject of a pending motion

8  to dismiss and include trade secret claims that have not yet been pled with sufficient

9  particularity pursuant to Cal. Code Civ. Proc. § 2019.210.

10

11  **Topic No. 42:**

12          YOUR DIGITAL INFORMATION data backup policies, practices and

13  procedures from January 1, 1999 to the present, including without limitation the

14  location and specifications of any media used to preserve YOUR DIGITAL

15  INFORMATION and the software, if any, used to preserve YOUR DIGITAL

16  INFORMATION.

17  **Response to Topic No. 42:**

18          MGA incorporates by reference as though fully set forth herein each of the

19  foregoing General Objections. In addition, MGA objects to a deposition on this topic

20  on the grounds that it seeks testimony that is not relevant to any claim or defense of any

21  party to this litigation and not reasonably calculated to lead to the discovery of

22  admissible evidence, particularly as to the time frame specified. As such, the testimony

23  requested is overbroad and unduly burdensome. MGA further objects to a deposition

24  on this topic on the grounds that to the extent that any information is discoverable, the

25  discovery is obtainable through other, more convenient, less burdensome and less

26  expensive means such as interrogatories and document requests. MGA further objects

27  to a deposition on this topic to the extent that the testimony sought is unreasonably

28  cumulative and duplicative of information already provided to Mattel by MGA and/or

7209/2091594.4

-69-

EXHIBIT _10_

PAGE _261_

1 Defendant Carter Bryant.  MGA further objects to a deposition on this topic on the
2 grounds that it seeks information that is confidential, proprietary and commercially
3 sensitive, with no relevance to this litigation. MGA further objects to that, to the extent
4 that the information sought by this topic is relevant to Mattel's recently-amended
5 answer and counter claims, any such is premature given the pending motion to dismiss
6 and that Mattel's trade secret claims have not yet been pled with sufficient particularity
7 pursuant to Cal. Code Civ. Proc. § 2019.210.
8
9 **Topic No. 43:**

10 　　　　The DIGITAL INFORMATION SYSTEMS and the application software
11 that YOU have used since January 1, 1999 that REFER OR RELATE TO design,
12 development, planning, inventory, manufacturing, sales, shipping and accounting,
13 including without limitation the common or shared storage for such DIGITAL
14 INFORMATION SYSTEMS, remote access of such DIGITAL INFORMATION
15 SYSTEMS, and any changes, modifications or upgrades to such DIGITAL
16 INFORMATION SYSTEMS or application software.
17 **Response to Topic No. 43:**

18 　　　　MGA incorporates by reference as though fully set forth herein each of the
19 foregoing General Objections. In addition, MGA objects to a deposition on this topic
20 on the grounds that it seeks testimony that is not relevant to any claim or defense of any
21 party to this litigation and not reasonably calculated to lead to the discovery of
22 admissible evidence, particularly as to the time frame specified. As such, the testimony
23 requested is overbroad and unduly burdensome. MGA further objects to a deposition
24 on this topic on the grounds that to the extent that any information is discoverable, the
25 discovery is obtainable through other, more convenient, less burdensome and less
26 expensive means such as interrogatories and document requests. MGA further objects
27 to a deposition on this topic to the extent that the testimony sought is unreasonably
28 cumulative and duplicative of information already provided to Mattel by MGA and/or

7209/2091594.4
-70-
MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION
EXHIBIT ___
PAGE 767

1   Defendant Carter Bryant.  MGA further objects to a deposition on this topic on the
2   grounds that it seeks information that is confidential, proprietary and commercially
3   sensitive, with no relevance to this litigation. MGA further objects to that, to the extent
4   that the information sought by this topic is relevant to Mattel's recently-amended
5   answer and counter claims, any such is premature given the pending motion to dismiss
6   and that Mattel's trade secret claims have not yet been pled with sufficient particularity
7   pursuant to Cal. Code Civ. Proc. § 2019.210.

8

9   **Topic No. 44:**

10          The IDENTITY of PERSONS, including without limitation vendors, who
11   since January 1, 1999 have been responsible for or supported YOUR DIGITAL
12   INFORMATION SYSTEMS, including without limitation the IDENTITY of such
13   PERSON who serviced or provided hardware for YOUR DIGITAL INFORMATION
14   SYSTEMS, hosted, stored, archived or maintained YOUR DIGITAL INFORMATION,
15   including but not limited to internet service providers, and provided analytical, training
16   or implementation services with respect to YOUR DIGITAL INFORMATION
17   SYSTEMS.

18   **Response to Topic No. 44:**

19          MGA incorporates by reference as though fully set forth herein each of the
20   foregoing General Objections.  In addition, MGA objects to a deposition on this topic
21   on the grounds that it seeks testimony that is not relevant to any claim or defense of any
22   party to this litigation and not reasonably calculated to lead to the discovery of
23   admissible evidence, particularly as to the time frame specified.  As such, the testimony
24   requested is overbroad and unduly burdensome.  MGA further objects to a deposition
25   on this topic on the grounds that to the extent that any information is discoverable, the
26   discovery is obtainable through other, more convenient, less burdensome and less
27   expensive means such as interrogatories and document requests.  MGA further objects
28   to a deposition on this topic to the extent that the testimony sought is unreasonably

-71-

EXHIBIT _/_6_

PAGE _263_

1  cumulative and duplicative of information already provided to Mattel by MGA and/or
2  Defendant Carter Bryant.  MGA further objects to a deposition on this topic on the
3  grounds that it seeks information that is confidential, proprietary and commercially
4  sensitive, with no relevance to this litigation. MGA further objects to that, to the extent
5  that the information sought by this topic is relevant to Mattel's recently-amended
6  answer and counter claims, any such is premature given the pending motion to dismiss
7  and that Mattel's trade secret claims have not yet been pled with sufficient particularity
8  pursuant to Cal. Code Civ. Proc. § 2019.210.

9

10 **Topic No. 45:**

11        The electronic messaging SYSTEMS used by YOUR employees within
12 the scope of their employment between January 1, 1999 and the present, including but
13 not limited to electronic mail, instant messenger, telephone or voice-mail, and the
14 routing of such electronic messages to, from or within MGA.

15 **Response to Topic No. 45:**

16        MGA incorporates by reference as though fully set forth herein each of the
17 foregoing General Objections.  In addition, MGA objects to a deposition on this topic
18 on the grounds that it seeks testimony that is not relevant to any claim or defense of any
19 party to this litigation and not reasonably calculated to lead to the discovery of
20 admissible evidence, particularly as to the time frame specified. As such, the testimony
21 requested is overbroad and unduly burdensome. MGA further objects to a deposition
22 on this topic on the grounds that to the extent that any information is discoverable, the
23 discovery is obtainable through other, more convenient, less burdensome and less
24 expensive means such as interrogatories and document requests. MGA further objects
25 to a deposition on this topic to the extent that the testimony sought is unreasonably
26 cumulative and duplicative of information already provided to Mattel by MGA and/or
27 Defendant Carter Bryant.  MGA further objects to a deposition on this topic on the
28 grounds that it seeks information that is confidential, proprietary and commercially

1   sensitive, with no relevance to this litigation.  MGA further objects to that, to the extent
2   that the information sought by this topic is relevant to Mattel's recently-amended
3   answer and counter claims, any such is premature given the pending motion to dismiss
4   and that Mattel's trade secret claims have not yet been pled with sufficient particularity
5   pursuant to Cal. Code Civ. Proc. § 2019.210.

6

7   **Topic No. 46:**

8               YOUR  policies,  practices  and  procedures  regarding  the  use  of
9   transportable  media  that  contain  or  are  capable  of  containing  DIGITAL
10  INFORMATION, including but not limited to floppy discs, compact discs, DVDs, USB
11  drives, portable hard drives, digital cameras and personal digital assistants.

12  **Response to Topic No. 46:**

13              MGA incorporates by reference as though fully set forth herein each of the
14  foregoing General Objections.  In addition, MGA objects to a deposition on this topic
15  on the grounds that it seeks testimony that is not relevant to any claim or defense of any
16  party to this litigation and not reasonably calculated to lead to the discovery of
17  admissible evidence.  As such, the testimony requested is overbroad and unduly
18  burdensome.  MGA further objects to a deposition on this topic on the grounds that to
19  the extent that any information is discoverable, the discovery is obtainable through
20  other,  more  convenient,  less  burdensome  and  less  expensive  means  such  as
21  interrogatories and document requests.  MGA further objects to a deposition on this
22  topic to the extent that the testimony sought is unreasonably cumulative and duplicative
23  of information already provided to Mattel by MGA and/or Defendant Carter Bryant.
24  MGA further objects to a deposition on this topic on the grounds that it seeks
25  information that is confidential;, proprietary and commercially sensitive, with no
26  relevance to this litigation.  MGA further objects to that, to the extent that the
27  information sought by this topic is relevant to Mattel's recently-amended answer and
28  counter claims, any such is premature given the pending motion to dismiss and that

-73-
MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION
EXHIBIT ___

PAGE ___

1  Mattel's trade secret claims have not yet been pled with sufficient particularity pursuant

2  to Cal. Code Civ. Proc. § 2019.210.

3

4          **2.     MGA Should Be Compelled To Designate And Produce**

5                  **Witnesses To Testify In Response To Topic Nos. 38-46.**

6          MGA refuses to produce a witness to testify on Topic 41, which seeks

7  testimony on the "testing or sampling of documents that refer or relate to Bratz or

8  Bryant."[114]  Judge Larson has already noted concerns about potential spoilation with

9  respect to key Bratz design drawings and the destructive testing defendants' performed

10  on them after this suit was filed, without prior notice to either the Court or Mattel.[115]

11  As the Court noted, the damaged documents "are not peripheral to the case[,]" and their

12  dating "is a fundamental, perhaps dispositive, issue to this case."[116]  At the meet and

13  confer, MGA claimed that no one *at* MGA had *performed* the actual testing on

14  documents produced in this case, but rather that an expert, who may or may not testify,

15  carried out the destructive testing.[117]  That avails MGA of nothing.  As noted above,

16  Rule 30(b)(6) on its face requires MGA to designate a representative who "shall testify

17  as to matters *known or reasonably available* to the organization." (Emphasis added.)  It

18  cannot be plausibly disputed that the facts of what happened to these drawings is a

19  matter "known or reasonably available" to MGA, particularly given that it was done by

20  an MGA agent or at a minimum with MGA's knowledge.  Regardless of who performed

21

[114]  MGA's Objections at Topic No. 41, Zeller Dec., Exh. 18.

22

[115]  Court's Order Denying Appointment of Expert Witness ("Expert Order")

23  dated August 11, 2007 at 11:10-11:13, Zeller Dec., Exh. 26 ("That there are serious

    questions concerning the handling of these critical documents certainly causes the

24  Court much concern about whether the truth seeking functions of the adversarial

25  system have been fundamentally compromised in this case.").

    [116]  Id. at 10:25-11:1, 11:9-11:10.

26  [117]  Zeller Dec., ¶ 27.

27

28

EXHIBIT _16_

PAGE _266_

1 | the testing on defendants' behalf, Mattel is entitled to MGA's testimony regarding the
2 | handling of these crucial documents.

3 |       MGA also has not produced witnesses to testify regarding MGA's digital
4 | information system and document and digital information retention policies.[118] These
5 | categories are clearly discoverable, and in fact, are largely identical to topics on which
6 | Bryant and MGA have questioned Mattel pursuant to Bryant's deposition of Mattel
7 | pursuant to <u>Rule</u> 30(b)(6).[119] At the meet and confer, MGA acknowledged as much and
8 | stated that it would designate and produce a witness to the extent any of these topics
9 | refers to MGA's retention of data and policies regarding retention.[120]   Nonetheless,
10 | MGA has not produced any witnesses with respect to these Topics -- even with respect
11 | to the Topic that MGA represented it would designate a witness in its initial
12 | Objections.[121]   In any event, the stock objections MGA purports to make to these
13 | Topics are without merit for the reasons discussed previously.

14 |       MGA should be compelled to produce witnesses to testify on Topics 38-
15 | 46.

16 |

17 | **G.**    **MGA Has Failed To Produce Witnesses To Testify About MGA's**
18 |       **Corporate Structure.**

19 |

20 |     **1.**    **Mattel's Relevant Topic And MGA's Response Thereto.**

21 |       The relevant Mattel Topic and corresponding MGA response are set forth
22 | verbatim below.

23 |

24 |

25 |

26 |

27 |

28 |

---

[118]   <u>See</u> MGA's Objections at Topic Nos. 38, 40 and 42-46, Zeller Dec., Exh. 18.
[119]   Zeller letter to Torres, Zeller Dec., Exh. 19.
[120]   Zeller Dec., ¶ 26.
[121]   Zeller letter to Torres, Zeller Dec., Exh. 19; <u>see also</u> MGA's Objections at
Topic No. 39, Zeller Dec. Exh. 18.

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

)7209/2091594.4

EXHIBIT _16_

PAGE _267_

1  **Topic No. 37:**

2         YOUR corporate structure since January 1, 1999, including without

3  limitation the relationship between MGA Entertainment, Inc. and any of its

4  predecessors, affiliates and subsidiaries.

5  **Response to Topic No. 37:**

6         MGA incorporates by reference as though fully set forth herein each of the

7  foregoing General Objections.  In addition, MGA objects to a deposition on this topic

8  on the grounds that it seeks testimony that is not relevant to any claim or defense of any

9  party to this litigation and not reasonably calculated to lead to the discovery of

10  admissible evidence.  As such, the testimony requested is overbroad and unduly

11  burdensome.  MGA further objects to a deposition on this topic on the grounds that to

12  the extent that any information is discoverable, the discovery is obtainable through

13  other, more convenient, less burdensome and less expensive means such as

14  interrogatories and document requests.  MGA further objects to a deposition on this

15  topic to the extent that the testimony sought is unreasonably cumulative and duplicative

16  of information already provided to Mattel by MGA and/or Defendant Carter Bryant.

17  MGA further objects to a deposition on this topic on the grounds that it seeks

18  information that is confidential, proprietary and commercially sensitive, with no

19  relevance to this litigation. MGA also objects that discovery on this topic is premature

20  to the extent that it seeks the discovery of information related exclusively or primarily

21  to the new claims contained in its recently-amended complaint, which is the subject of a

22  pending motion to dismiss and includes trade secret claims that have not yet been pled

23  with sufficient particularity.

24

25         2.    **MGA Should Be Compelled To Designate And Produce**

26               **Witnesses In Response To Topic No. 37.**

27         To date, MGA has not designated any witnesses to testify regarding this

28  straight-forward Topic and, indeed, refused in its Objection to do so.  The information

17209/2091594.4

-76-

MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

EXHIBIT *16*

PAGE *268*

1    sought is relevant to an array of relevant matters. This includes the identification of

2    potential witnesses and potential documents and other records. It also will assist Mattel

3    in understanding how evidence pertaining to Bratz may fit together for purposes of

4    further discovery and trial. For example, MGA Hong Kong was involved in the

5    development of Bratz and thus discovery about its relationship to MGA may elucidate

6    MGA Hong Kong's work in that regard. Moreover, MGA's Mexican subsidiary, which

7    is a defendant in this suit, is claiming that it lacks sufficient contacts with California to

8    confer personal jurisdiction. The information sought in this Topic from MGA,

9    including its relationship to MGA Mexico and the functions that MGA performs in

10   California on MGA Mexico's behalf, is directly relevant to that issue. Indeed, obtaining

11   information about MGA's structure through deposition questioning is all the more

12   important here because public sources of information about MGA are limited as it is a

13   privately held company. MGA's other rote objections to the Topic here fail for the

14   same reasons discussed above in connection with the other Topics. MGA should be

15   compelled to designate and produce a witness on this subject.

16

17   **III.   THE COURT SHOULD SANCTION MGA FOR ITS UNWARRANTED**

18   **DELAYS IN PRODUCING WITNESSES**

19            There are at least three separate bases justifying sanctions on MGA here.

20   First, Rule 37(a)(4) of the Federal Rules of Civil Procedure states that a party forced to

21   bring a motion to compel is entitled to the "reasonable expenses incurred in making the

22   motion, including attorney's fees, unless the court finds that the motion was filed

23   without the movant's first making a good faith effort to obtain the disclosure or

24   discovery without court action, or that the opposing party's nondisclosure, response or

25   objection was substantially justified, or that other circumstances make an award of

26   expenses unjust." Fed. R. Civ. P. 37(a)(4). The burden of establishing substantial

27   justification is on the party being sanctioned. Hyde & Drath v. Baker, 24 F.3d 1162,

28   1171 (9th Cir. 1994). Second, pursuant to Rule 30(d)(3) if the court finds that

-77-

EXHIBIT __10__

PAGE __269__

1 | impediment, delay, or other conduct has frustrated the fair examination of the deponent,
2 | it may impose upon the persons responsible an appropriate sanction, including
3 | reasonable costs and attorney's fees incurred by any party as a result. Humphreys v.
4 | Regents of University of California, 2006 WL 1140907, at *2 (N.D. Cal. 2006).
5 | Finally, 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the
6 | proceedings in any case unreasonably and vexatiously may be required by the court to
7 | satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred
8 | because of such conduct." Sanctions under this section are appropriate "for conduct
9 | that, viewed objectively, manifests either intentional or reckless disregard of the
10 | attorney's duties to the court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995),
11 | citing Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).

12 | Sanctions against MGA are warranted on each of these grounds. Since
13 | receiving the First Notice, MGA has identified witnesses to address each of the eight
14 | topics in the First Notice, and agreed to provide dates on which those witnesses would
15 | be available for depositions. Nonetheless, to date, and despite MGA's representation to
16 | the Discovery Master almost four months ago, MGA has only produced witnesses on
17 | two of the eight topics. Even then, MGA only provided complete testimony on those
18 | two topics *after* Mattel brought a motion to compel deposition testimony and to
19 | overrule the improper instructions not to answer made at the initial deposition on these
20 | two topics. With regards to the other six topics, MGA repeatedly has stated that Paula
21 | Garcia will testify regarding these topics, but first engaged in a lengthy delay by
22 | claiming she was unavailable for months and then, when the time finally arrived,
23 | unilaterally cancelled the deposition. Since receiving the Second Notice, MGA has
24 | failed to produce a single witness in response and failed to even designate any
25 | witnesses on several Topics even after promising to do so.

26 | Moreover, the Discovery Master should evaluate the appropriateness of
27 | sanctions here against the backdrop of defendants' coordinated pattern of delay and
28 | obstructionism on the most basic discovery. As the Discovery Master is aware, the

-78-
MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

EXHIBIT /6

PAGE 270

only two witnesses that defendants produced for actual deposition prior to Mattel filing its initial motion to compel MGA's 30(b)(6) witnesses in February 2007 are Isaac Larian and Carter Bryant.[122]  Neither appeared voluntarily, but only after months of refusals and broken promises by defendants and then repeated Court Orders. To avoid a Mattel motion to compel Mr. Bryant's deposition, his counsel gave their "word as attorneys" that he would appear for deposition on a date certain, only to renege at the last minute.[123]  Mattel then had to obtain two Court Orders compelling Mr. Bryant to sit for deposition before he appeared.[124]  Even after all of that, as the Discovery Master found, defendants' counsel obstructed his deposition.[125]  Similarly, Mr. Larian refused to appear for deposition until after the Court entered two Orders compelling his attendance and had imposed sanctions.[126]  As shown above, MGA continues to this day to engage in unexplained delays in producing additional witnesses in response to Mattel's Rule 30(b)(6) Notice and, even once MGA turned over a designee on two of the topics, interfered with the deposition with improper limitations and blanket instructions, necessitating additional motion practice and the designation of a new witness to complete testimony on the two topics.

Failing to sanction MGA here will reward it for its persistent pattern of obstructionism and ensure MGA will continue to force Mattel to bring motion practice to obtain fundamental discovery.  Mattel, therefore, respectfully requests that the

---

[122]  Discovery Master's January 25 Order at 7, n. 3, Zeller Dec., Exh. 1.
[123]  See Declaration of Michael T. Zeller in support of Mattel's Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant, to Compel Bryant to Answer Those Questions, and for Sanctions, dated February 1, 2006, ¶¶ 6-8.
[124]  Id., ¶¶ 11-13.
[125]  Discovery Master's Order Granting Mattel's Motion to Overrule Instructions Not To Answer During the Deposition of Carter Bryant, Zeller Dec., Exh. 25.
[126]  Zeller Dec., ¶ 15, Exh. 13.

EXHIBIT 16

PAGE 271

1  Discovery Master order MGA to reimburse Mattel for a portion of the fees it incurred
2  in having to bring this motion, in the amount of $4,495.00.[127]
3
4  ## Conclusion
5      For the foregoing reasons, the Court should compel MGA to produce
6  witnesses to testify on Mattel's Second Notice and on the remaining six topics in
7  Mattel's First Notice.  Further, MGA should be sanctioned for its needless delay and
8  failure to produce witnesses without Court intervention.
9
10 DATED:  April 13, 2007          QUINN EMANUEL URQUHART OLIVER &
11                                 HEDGES, LLP
12                                 By_Mike T. Z—
13                                 Michael T. Zeller
14                                 Attorneys for Plaintiff and Cross-Defendant
                                   Mattel, Inc.
15
16 [127] Zeller Dec., ¶ 34.
17
...
28

7209/2091594.4

-80-
MATTEL'S MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

EXHIBIT 16
PAGE 272

1

## PROOF OF SERVICE

2   I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen

3   years and not a party to the within action; my business address is NOW Messenger Service, 1301

4   West Second Street, Suite 206, Los Angeles, California 90026.

5          On April 16, 2007, I served true copies of the following document(s) described as
    **MATTEL, INC.'S [CORRECTED] NOTICE OF MOTION AND MOTION TO COMPEL**
6   **MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO <u>RULE</u> 30 (B)(6)**
    **AND FOR SANCTIONS** on the parties in this action as follows:

7
          Diana M. Torres, Esq.                     Keith A. Jacoby, Esq.
8         **O'Melveny & Meyers**                    **Littler Mendelson**
          400 S. Hope Street                        2049 Century Park East, 5th Floor
9         Los Angeles, California 90071             Los Angeles, CA 90067-3105

10

11  **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
    being served.
12
           I declare under penalty of perjury under the laws of the State of California that the
13  foregoing is true and correct.

14         Executed on April 16, 2007, at Los Angeles, California.

15

16                                            _____
                                              Dave Quintana
17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _16_

PAGE _273_