# EXHIBIT 20

1   DIANA M. TORRES (S.B. #162284)
    PAULA E. AMBROSINI (S.B. #193126)
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, CA 90071-2899
    Telephone: (213) 430-6000
4   Facsimile: (213) 430-6407

5   DALE M. CENDALI (admitted pro hac vice)
    O'MELVENY & MYERS, LLP
6   Times Square Tower
    7 Times Square
7   New York, New York 10036
    Telephone: (212) 326-2000
8   Facsimile: (212) 326-2061

9   Attorneys for Defendant-in-Intervention
    MGA Entertainment, Inc.
10

11

12                    **UNITED STATES DISTRICT COURT**
13
                      **CENTRAL DISTRICT OF CALIFORNIA**
14

15

16  MATTEL, INC.,                      Case No. CV 04-09059 NM (RNBx)

17              Plaintiff,             **MGA ENTERTAINMENT, INC.'S**
                                       **RESPONSES TO MATTEL, INC.'S**
18         v.                          **FIRST SET OF REQUESTS FOR**
                                       **PRODUCTION OF DOCUMENTS AND**
19  CARTER BRYANT and MGA              **TANGIBLE THINGS**
    ENTERTAINMENT, INC.,
20
                Defendant and
21              Defendant-in-
                Intervention.
22

23  AND RELATED CROSS-CLAIMS

24

25

26                                          EXHIBIT 20

27                                          PAGE 349

28
                                       MGA'S RESPONSE TO 1ST SET OF
    LA2:756234.3                        REQUEST FOR PRODUCTION OF
                                                  DOCUMENTS
                                                          4-13

RECEIVED

APR 14 2005

1    **PRELIMINARY STATEMENT**

2       Defendant MGA Entertainment, Inc. ("MGA") has not yet completed its

3   investigation relating to the facts of this action and has not completed preparation for

4   trial. MGA makes its response to these document requests ("requests," or individually,

5   "request") based upon the information presently available to it and without prejudice to

6   its right to amend or supplement its responses and to present evidence which may

7   hereafter be discovered or become available.

8       MGA will respond to each request as it understands and interprets each

9   request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request

10   that differs from that of MGA, MGA reserves the right to supplement its objections and

11   responses.

12       By making these responses, MGA does not concede that any of the

13   information sought by these requests is relevant or discoverable. MGA makes these

14   responses and objections without waiving or intending to waive but rather, on the

15   contrary, preserving and intending to preserve: (a) the right to object on any grounds to

16   the use or introduction into evidence of the documents or information provided in

17   response to these requests; (b) the right to object to the use of the documents or

18   information provided in response to the requests in any subsequent proceeding in, or the

19   arbitration of this or any other action; and (c) the right to object on any ground at any

20   time to other requests or further discovery into any of the subject matters addressed in

21   these requests or the responses thereto.

22       MGA shall not provide any privileged or protected information, including

23   without limitation, information protected by the attorney-client privilege or the attorney

24   work product doctrine, and nothing herein may be construed as a waiver of any

25   applicable privilege or protection. Any inadvertent production of privileged or protected

26   documents or information shall not be construed as a waiver of any privilege or

27   protection attaching thereto and MGA reserves the right to correct the record with regard

28

LA2:756234.3

1


EXHIBIT **20**

PAGE **350**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   to any such information and to supplement or amend these responses, which

2   supplemental or amended response shall become the operative response.

3                              **GENERAL OBJECTIONS**

4          1.     MGA objects to each and every request on the ground that production

5   at the date and time demanded will subject MGA to unwarranted oppression and undue

6   burden and expenses. The time set for compliance is unduly burdensome, especially in

7   light of the number of document requests, and the scope and volume of the material being

8   sought. MGA intends to proceed expeditiously to collect the documents for production, if

9   any, and will produce them at a date and time, and in such a manner, as may be mutually

10  agreed by counsel for the parties.

11         2.     MGA objects to each request to the extent that it seeks information

12  protected from discovery by the attorney-client privilege, work-product doctrine, right to

13  privacy, or any other applicable privilege.

14         3.     MGA objects to each request to the extent that it seeks the disclosure

15  of confidential, proprietary or trade-secret information. Should such documents be

16  otherwise responsive and non-objectionable, MGA will produce such documents subject

17  to the terms and conditions of the protective order governing this case.

18         4.     MGA objects to each request to the extent that it seeks documents in

19  Mattel's own possession, custody or control or that are accessible to Mattel from public

20  sources or from third parties.

21         5.     MGA objects to each request to the extent that it asks for documents

22  that are not relevant to claims or defenses in this case.

23         6.     MGA objects to each and every request to the extent it purports to

24  require MGA to search all documents and things within its possession, custody or control

25  or within the possession, custody or control of any of MGA's current or former

26  employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries,

27  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other

28  person acting on its behalf, pursuant to its authority or subject to its control, on the

LA2:756234.3

2

EXHIBIT **20**

PAGE **351**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive,

2   violates the right of privacy, and purports to require MGA to search for documents not

3   within its possession, custody or control.  MGA will make a reasonably diligent search for

4   responsive documents within its possession, custody or control.

5          7.      MGA objects to each and every request to the extent its seeks "all

6   documents" responsive to a certain category on the grounds that such request is overbroad

7   and unduly burdensome and oppressive.  MGA will produce otherwise unobjectionable

8   documents sufficient to provide Mattel with the information sought, following a

9   reasonably diligent search.  On grounds of oppression and undue burden, MGA will not

10  respond to duplicative or cumulative requests and will not re-produce documents it has

11  already produced or produce documents that it has received from Mattel or others in the

12  course of discovery in this matter.

13         8.      MGA objects to each request to the extent it seeks documents not

14  within MGA's possession, custody, or control.

15         9.      MGA objects to each request to the extent it seeks information

16  relating to activities or conduct in foreign countries.  In each instance in which MGA has

17  agreed to produce documents, such production is hereby expressly limited to documents

18  relating to domestic activities or conduct only.

19         10.     MGA objects to the defined terms "You," "Your," "Mattel," and

20  "Bryant" on the grounds that these terms, as defined, are overbroad, are vague and

21  ambiguous, and call for legal conclusions.

22         11.     MGA objects to the defined terms "Bratz" and "Angel" on the

23  grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call for

24  legal conclusions.

25

26

27

28

LA2:756234.3

EXHIBIT 20
PAGE 352

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   **SPECIFIC OBJECTIONS AND RESPONSES**

2   **REQUEST FOR PRODUCTION NO. 1:**

3        All DOCUMENTS that REFER OR RELATE TO any agreement or contract

4   between YOU and BRYANT, including without limitation all drafts thereof and all actual

5   or proposed amendments, modifications and revisions thereto.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

7        MGA incorporates by reference the above-stated general objections as if fully set

8   forth herein.  MGA also objects to this request to the extent that it seeks information not

9   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

10  discovery of admissible evidence.  MGA also objects to this request on the grounds that it

11  is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or

12  relate to any agreement or contract between MGA and Bryant.  MGA also objects to this

13  request on the grounds that it seeks confidential, proprietary or commercially sensitive

14  information, the disclosure of which would be inimical to the business interests of MGA.

15  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-product

17  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

18  to this request to the extent it seeks information the disclosure of which would implicate

19  the rights of third parties to protect private, confidential, proprietary or trade secret

20  information.  MGA also objects to this request to the extent that it seeks documents not in

21  MGA's possession, custody or control.

22       Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, that it is able to

24  locate following a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 2:**

26       All DOCUMENTS that REFER OR RELATE TO the performance of any

27  agreement or contract between YOU and BRYANT.

28

4

EXHIBIT 2b

PAGE 353

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein. MGA also specifically objects to this request to the extent that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence. MGA also objects to this request on the

6  grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

7  that refer or relate to the performance of any agreement or contract between MGA and

8  Bryant. MGA also objects to this request on the grounds that it seeks confidential,

9  proprietary or commercially sensitive information, the disclosure of which would be

10 inimical to the business interests of MGA. MGA also objects to this request to the extent

11 it calls for the disclosure of attorney-client privileged information or information

12 protected from disclosure by the work-product doctrine, joint defense or common interest

13 privilege, or other privilege. MGA also objects to this request to the extent it seeks

14 information the disclosure of which would implicate the rights of third parties to protect

15 private, confidential, proprietary or trade secret information. MGA also objects to this

16 request to the extent that it seeks documents not in MGA's possession, custody or control.

17      Subject to the foregoing, MGA will produce documents evidencing Bryant's work

18 on First Generation Bratz and the Angel project, that it is able to locate following a

19 reasonably diligent search.

20 **REQUEST FOR PRODUCTION NO. 3:**

21      All DOCUMENTS that REFER OR RELATE TO the agreement dated as of

22 September 18, 2000 between YOU and BRYANT, including without limitation all drafts

23 thereof and any actual or proposed modifications, amendments or revisions thereto.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

25      MGA incorporates by reference the above-stated general objections as if fully set

26 forth herein. MGA also objects to this request to the extent that it seeks information not

27 relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

28 discovery of admissible evidence. MGA also objects to this request on the grounds that it

5

EXHIBIT **20**

PAGE 354

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    seeks confidential, proprietary or commercially sensitive information, the disclosure of

2    which would be inimical to the business interests of MGA. MGA also objects to this

3    request to the extent it calls for the disclosure of attorney-client privileged information or

4    information protected from disclosure by the work-product doctrine, joint defense or

5    common interest privilege, or other privilege. MGA also objects to this request to the

6    extent it seeks information the disclosure of which would implicate the rights of third

7    parties to protect private, confidential, proprietary or trade secret information. MGA also

8    objects to this request to the extent that it seeks documents not in MGA's possession,

9    custody or control.

10        Subject to the foregoing, MGA will produce all relevant and responsive non-

11   objectionable documents in its possession, custody or control, if any, that it is able to

12   locate following a reasonably diligent search.

13   **REQUEST FOR PRODUCTION NO. 4:**

14        All DOCUMENTS that REFER OR RELATE TO the Modification and

15   Clarification of the Agreement dated as of September 18, 2000 between YOU and

16   BRYANT, including without limitation all drafts thereof and any actual or proposed

17   modifications, amendments or revisions thereto.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19        MGA incorporates by reference the above-stated general objections as if fully set

20   forth herein. MGA also objects to this request to the extent that it seeks information not

21   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22   discovery of admissible evidence. MGA also objects to this request on the grounds that it

23   seeks confidential, proprietary or commercially sensitive information, the disclosure of

24   which would be inimical to the business interests of MGA. MGA also objects to this

25   request to the extent it calls for the disclosure of attorney-client privileged information or

26   information protected from disclosure by the work-product doctrine, joint defense or

27   common interest privilege, or other privilege. MGA also objects to this request to the

28   extent it seeks information the disclosure of which would implicate the rights of third

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT **20**

PAGE **355**

1   parties to protect private, confidential, proprietary or trade secret information.  MGA also

2   objects to this request to the extent that it seeks documents not in MGA's possession,

3   custody or control.

4         Subject to the foregoing, MGA will produce all relevant and responsive non-

5   objectionable documents in its possession, custody or control, if any, that it is able to

6   locate following a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 5:**

8         All DOCUMENTS that REFER OR RELATE TO the agreement dated April 2001

9   between YOU and BRYANT, including without limitation all drafts thereof and any

10  actual or proposed modifications, amendments or revisions thereto.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

12        MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein.  MGA also objects to this request to the extent that it seeks information not

14  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

15  discovery of admissible evidence.  MGA also objects to this request on the grounds that it

16  seeks confidential, proprietary or commercially sensitive information, the disclosure of

17  which would be inimical to the business interests of MGA.  MGA also objects to this

18  request to the extent it calls for the disclosure of attorney-client privileged information or

19  information protected from disclosure by the work-product doctrine, joint defense or

20  common interest privilege, or other privilege.  MGA also objects to this request to the

21  extent it seeks information the disclosure of which would implicate the rights of third

22  parties to protect private, confidential, proprietary or trade secret information.  MGA also

23  objects to this request to the extent that it seeks documents not in MGA's possession,

24  custody or control.

25        Subject to the foregoing, MGA will produce all relevant and responsive non-

26  objectionable documents in its possession, custody or control, if any, that it is able to

27  locate following a reasonably diligent search.

28

EXHIBIT 20
PAGE 356

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   **REQUEST FOR PRODUCTION NO. 6:**

2       All DOCUMENTS prepared, created, received or transmitted (whether in whole or

3   in part) prior to January 1, 2001 that REFER OR RELATE TO BRYANT.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

5       MGA incorporates by reference the above-stated general objections as if fully set

6   forth herein. MGA also objects to this request to the extent that it seeks information not

7   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

8   discovery of admissible evidence. MGA also objects to this request on the grounds that it

9   seeks confidential, proprietary or commercially sensitive information, the disclosure of

10  which would be inimical to the business interests of MGA. MGA also objects to this

11  request to the extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense or

13  common interest privilege, or other privilege. MGA also objects to this request to the

14  extent it seeks information the disclosure of which would implicate the rights of third

15  parties to protect private, confidential, proprietary or trade secret information. MGA also

16  objects to this request to the extent that it seeks documents not in MGA's possession,

17  custody or control.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, that it is able to

20  locate following a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 7:**

22      All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

23  including without limitation any freelance work or consulting services that BRYANT

24  performed for or with YOU or on YOUR behalf prior January 1, 2001 (regardless of when

25  any such DOCUMENT was prepared, created, received or transmitted, whether in whole

26  or in part).

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

28      MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3

8

EXHIBIT **2D**

PAGE 357

1   forth herein. MGA also specifically objects to this request to the extent that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence. MGA also objects to this request on the

4   ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

5   that refer or relate to any work, activities or services that Bryant performed for or with

6   MGA or on its behalf. MGA also objects to this request on the grounds that it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of which

8   would be inimical to the business interests of MGA. MGA also objects to this request to

9   the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense or

11  common interest privilege, or other privilege. MGA also objects to this request to the

12  extent it seeks information the disclosure of which would implicate the rights of third

13  parties to protect private, confidential, proprietary or trade secret information. MGA also

14  objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

15  determine what is meant by "activities" and "with YOU." MGA will interpret "activities"

16  to mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

17  request to the extent that it seeks documents not in MGA's possession, custody or control.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, evidencing Bryant's

20  work on First Generation Bratz and the Angel project, that it is able to locate following a

21  reasonably diligent search.

22  **REQUEST FOR PRODUCTION NO. 8:**

23      All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

24  including without limitation any freelance work or consulting services that Anna Rhee

25  performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

26  when any such DOCUMENT was prepared, created, received or transmitted, whether in

27  whole or in part).

28

LA2:756234.3

9

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

20

PAGE 358

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  MGA also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or relate to any work, activities or services that Anna Rhee performed for or with MGA or on its behalf.  MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects to this request on the grounds that it is vague and ambiguous in that MGA cannot determine what is meant by "activities" and "with YOU."  MGA will interpret "activities" to mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, evidencing Anna Rhee's work First Generation Bratz and the Angel project, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that Veronica Marlow performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was prepared, created, received or

1    transmitted, whether in whole or in part).

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

3          MGA incorporates by reference the above-stated general objections as if fully set

4    forth herein. MGA also specifically objects to this request to the extent that it seeks

5    information not relevant to the subject matter of this lawsuit or reasonably calculated to

6    lead to the discovery of admissible evidence. MGA also objects to this request on the

7    ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

8    that refer or relate to any work, activities or services that Veronica Marlow performed for

9    or with MGA or on its behalf. MGA also objects to this request to the extent it seeks

10   information the disclosure of which would implicate the rights of third parties to protect

11   private, confidential, proprietary or trade secret information. MGA also objects to this

12   request on the grounds that it seeks confidential, proprietary or commercially sensitive

13   information, the disclosure of which would be inimical to the business interests of MGA.

14   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

15   privileged information or information protected from disclosure by the work-product

16   doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

17   to this request on the grounds that it is vague and ambiguous in that MGA cannot

18   determine what is meant by "activities" and "with YOU." MGA will interpret "activities"

19   to mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

20   request to the extent that it seeks documents not in MGA's possession, custody or control.

21         Subject to the foregoing, MGA will produce all relevant and responsive non-

22   objectionable documents in its possession, custody or control, if any, evidencing Veronica

23   Marlow's work First Generation Bratz, that it is able to locate following a reasonably

24   diligent search.

25   **REQUEST FOR PRODUCTION NO. 10:**

26         All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

27   including without limitation any freelance work or consulting services, that Sarah Halpern

28   performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

LA2:756234.3

11

EXHIBIT **20**

PAGE _____ 360

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  when any such DOCUMENT was prepared, created, received or transmitted, whether in
2  whole or in part).

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

4      MGA incorporates by reference the above-stated general objections as if fully set
5  forth herein.  MGA also specifically objects to this request to the extent that it seeks
6  information not relevant to the subject matter of this lawsuit or reasonably calculated to
7  lead to the discovery of admissible evidence.  MGA also objects to this request on the
8  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents
9  that refer or relate to any work, activities or services that Sarah Halpern performed for or
10  with MGA or on MGA's behalf.  MGA also objects to this request to the extent it seeks
11  information the disclosure of which would implicate the rights of third parties to protect
12  private, confidential, proprietary or trade secret information.  MGA also objects to this
13  request on the grounds that it seeks confidential, proprietary or commercially sensitive
14  information, the disclosure of which would be inimical to the business interests of MGA.
15  MGA also objects to this request to the extent it calls for the disclosure of attorney-client
16  privileged information or information protected from disclosure by the work-product
17  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects
18  to this request on the grounds that it is vague and ambiguous in that MGA cannot
19  determine what is meant by "activities" and "with."  MGA will interpret "activities" to
20  mean "work or services," and "with" to mean "on behalf of."  MGA also objects to this
21  request to the extent that it seeks documents not in MGA's possession, custody or control.

22      Subject to the foregoing, MGA will produce all relevant and responsive non-
23  objectionable documents in its possession, custody or control, if any, evidencing Sarah
24  Halpern's work on First Generation Bratz, that it is able to locate following a reasonably
25  diligent search.

26  **REQUEST FOR PRODUCTION NO. 11:**

27      All DOCUMENTS that REFER OR RELATE TO any work, activities or services,
28  including without limitation any freelance work or consulting services, that Jesse Ramirez

1  performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of
2  when any such DOCUMENT was prepared, created, received or transmitted, whether in
3  whole or in part).

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

5      MGA incorporates by reference the above-stated general objections as if fully set
6  forth herein. MGA also specifically objects to this request to the extent that it seeks
7  information not relevant to the subject matter of this lawsuit or reasonably calculated to
8  lead to the discovery of admissible evidence. MGA also objects to this request on the
9  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents
10  that refer or relate to any work, activities or services that Jesse Ramirez performed for or
11  with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks
12  information the disclosure of which would implicate the rights of third parties to protect
13  private, confidential, proprietary or trade secret information. MGA also objects to this
14  request on the grounds that it seeks confidential, proprietary or commercially sensitive
15  information, the disclosure of which would be inimical to the business interests of MGA.
16  MGA also objects to this request to the extent it calls for the disclosure of attorney-client
17  privileged information or information protected from disclosure by the work-product
18  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects
19  to this request on the grounds that it is vague and ambiguous in that MGA cannot
20  determine what is meant by "activities" and "with." MGA will interpret "activities" to
21  mean "work or services," and "with" to mean "on behalf of." MGA also objects to this
22  request to the extent that it seeks documents not in MGA's possession, custody or control.

23      Subject to the foregoing, MGA will produce all relevant and responsive non-
24  objectionable documents in its possession, custody or control, if any, evidencing Jesse
25  Ramirez's work on First Generation Bratz dolls, that it is able to locate following a
26  reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 12:**

28      All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

LA2:756234.3    13  EXHIBIT **20**  MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

PAGE 362

1  including without limitation any freelance work or consulting services, that Margaret

2  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for or

3  with YOU or on YOUR behalf prior to January 1, 2001 (regardless of when any such

4  DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

6      MGA incorporates by reference the above-stated general objections as if fully set

7  forth herein. MGA also specifically objects to this request to the extent that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably calculated to

9  lead to the discovery of admissible evidence. MGA also objects to this request on the

10  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

11  that refer or relate to any work, activities or services that Margaret Leahy performed for or

12  with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks

13  information the disclosure of which would implicate the rights of third parties to protect

14  private, confidential, proprietary or trade secret information. MGA also objects to this

15  request on the grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of MGA.

17  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

18  privileged information or information protected from disclosure by the work-product

19  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

20  to this request on the grounds that it is vague and ambiguous in that MGA cannot

21  determine what is meant by "activities" and "with." MGA will interpret "activities" to

22  mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

23  request to the extent that it seeks documents not in MGA's possession, custody or control.

24      Subject to the foregoing, MGA will produce all relevant and responsive non-

25  objectionable documents in its possession, custody or control, if any, evidencing Margaret

26  Leahy's work on First Generation Bratz, that it is able to locate following a reasonably

27  diligent search.

28

LA2:756234.3

14    EXHIBIT 20

PAGE 363

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  **REQUEST FOR PRODUCTION NO. 13:**

2      All DOCUMENTS that REFER OR RELATE TO any work, activities or services,

3  including without limitation any freelance work or consulting services, that Elise Cloonan

4  performed for or with YOU or on YOUR behalf prior to January 1, 2001 (regardless of

5  when any such DOCUMENT was prepared, created, received or transmitted, whether in

6  whole or in part).

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8      MGA incorporates by reference the above-stated general objections as if fully set

9  forth herein. MGA also specifically objects to this request to the extent that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably calculated to

11  lead to the discovery of admissible evidence. MGA also objects to this request on the

12  ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents

13  that refer or relate to any work, activities or services that Elise Cloonan performed for or

14  with MGA or on MGA's behalf. MGA also objects to this request to the extent it seeks

15  information the disclosure of which would implicate the rights of third parties to protect

16  private, confidential, proprietary or trade secret information. MGA also objects to this

17  request on the grounds that it seeks confidential, proprietary or commercially sensitive

18  information, the disclosure of which would be inimical to the business interests of MGA.

19  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

20  privileged information or information protected from disclosure by the work-product

21  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

22  to this request on the grounds that it is vague and ambiguous in that MGA cannot

23  determine what is meant by "activities" and "with." MGA will interpret "activities" to

24  mean "work or services," and "with" to mean "on behalf of." MGA also objects to this

25  request to the extent that it seeks documents not in MGA's possession, custody or control.

26      Subject to the foregoing, MGA will produce all relevant and responsive non-

27  objectionable documents in its possession, custody or control, if any, evidencing Elise

28  Cloonan's work on First Generation Bratz, that it is able to locate following a reasonably

LA2:756234.3

15

EXHIBIT **20**

PAGE ___364___

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    diligent search.

2    **REQUEST FOR PRODUCTION NO. 14:**

3        All agreements and contracts between YOU and Anna Rhee, including without

4    limitation all drafts thereof and amendments, modifications and revisions thereto.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

6        MGA incorporates by reference the above-stated general objections as if fully set

7    forth herein.  MGA specifically objects to this request on the grounds that it seeks

8    information not relevant to the subject matter of this lawsuit or reasonably calculated to

9    lead to the discovery of admissible evidence. MGA also objects to this request on the

10   grounds that it seeks information in violation of the right of privacy.  MGA also objects to

11   this request on the grounds that it seeks confidential, proprietary or commercially

12   sensitive information, the disclosure of which would be inimical to the business interests

13   of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

14   attorney-client privileged information or information protected from disclosure by the

15   work-product doctrine, joint defense or common interest privilege, or other privilege.

16   MGA also objects to this request to the extent that it seeks documents not in MGA's

17   possession, custody or control.

18        Subject to the foregoing, MGA will produce nonprivileged agreements and

19   contracts in its possession, custody or control, if any, between MGA and Anna Rhee

20   relating to work performed prior to January 1, 2001, that it is able to locate following a

21   reasonably diligent search.

22   **REQUEST FOR PRODUCTION NO. 15:**

23        All DOCUMENTS that REFER OR RELATE TO any agreement or contract

24   between YOU and Anna Rhee, including without limitation all COMMUNICATIONS

25   that REFER OR RELATE thereto.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

27        MGA incorporates by reference the above-stated general objections as if fully set

28   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

EXHIBIT 20

PAGE 365

1  information not relevant to the subject matter of this lawsuit or reasonably calculated to

2  lead to the discovery of admissible evidence.  MGA also objects to this request on the

3  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

4  MGA also objects to this request on the grounds that it seeks information in violation of

5  the right of privacy.  MGA also objects to this request on the grounds that it seeks

6  confidential, proprietary or commercially sensitive information, the disclosure of which

7  would be inimical to the business interests of MGA.  MGA also objects to this request to

8  the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.  MGA also objects to this request to the

11  extent that it seeks documents not in MGA's possession, custody or control.

12        Subject to the foregoing, MGA will produce nonprivileged documents and

13  communications in its possession, custody or control, relating to any agreements and

14  contracts between MGA and Anna Rhee for work performed prior to January 1, 2001, if

15  any, that it is able to locate following a reasonably diligent search.

16  **REQUEST FOR PRODUCTION NO. 16:**

17        All agreements and contracts between YOU and Veronica Marlow, including

18  without limitation all drafts thereof and amendments, modifications and revisions thereto.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

20        MGA incorporates by reference the above-stated general objections as if fully set

21  forth herein.  MGA specifically objects to this request on the grounds that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably calculated to

23  lead to the discovery of admissible evidence. MGA also objects to this request on the

24  grounds that it seeks information in violation of the right of privacy.  MGA also objects to

25  this request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business interests

27  of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

28  attorney-client privileged information or information protected from disclosure by the

LA2:756234.3

17

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT **20**

PAGE 366

1  work-product doctrine, joint defense or common interest privilege, or other privilege.

2  MGA also objects to this request to the extent that it seeks documents not in MGA's

3  possession, custody or control.

4    Subject to the foregoing, MGA will produce nonprivileged agreements and

5  contracts in its possession, custody or control, between MGA and Veronica Marlow

6  relating to work performed prior to January 1, 2001, if any, that it is able to locate

7  following a reasonably diligent search.

8  **REQUEST FOR PRODUCTION NO. 17:**

9    All DOCUMENTS that REFER OR RELATE TO any agreement or contract

10  between YOU and Veronica Marlow, including without limitation all

11  COMMUNICATIONS that REFER OR RELATE thereto.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

13    MGA incorporates by reference the above-stated general objections as if fully set

14  forth herein. MGA also specifically objects to this request on the grounds that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably calculated to

16  lead to the discovery of admissible evidence. MGA also objects to this request on the

17  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

18  MGA also objects to this request on the grounds that it seeks information in violation of

19  the right of privacy. MGA also objects to this request on the grounds that it seeks

20  confidential, proprietary or commercially sensitive information, the disclosure of which

21  would be inimical to the business interests of MGA. MGA also objects to this request to

22  the extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense or

24  common interest privilege, or other privilege. MGA also objects to this request to the

25  extent that it seeks documents not in MGA's possession, custody or control.

26    Subject to the foregoing, MGA will produce nonprivileged documents and

27  communications in its possession, custody or control, relating to any agreements and

28  contracts between MGA and Veronica Marlow for work performed prior to January 1,

LA2:756234.3

18

EXHIBIT **20**

PAGE **367**

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

1   2001, if any, that it is able to locate following a reasonably diligent search.

2   **REQUEST FOR PRODUCTION NO. 18:**

3          All agreements and contracts between YOU and Margaret Hatch (also known as

4   Margaret Leahy and/or Margaret Hatch-Leahy), including without limitation all drafts

5   thereof and amendments, modifications and revisions thereto.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

7          MGA incorporates by reference the above-stated general objections as if fully set

8   forth herein. MGA specifically objects to this request on the grounds that it seeks

9   information not relevant to the subject matter of this lawsuit or reasonably calculated to

10  lead to the discovery of admissible evidence. MGA also objects to this request on the

11  grounds that it seeks information in violation of the right of privacy. MGA also objects to

12  this request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business interests

14  of MGA. MGA also objects to this request to the extent it calls for the disclosure of

15  attorney-client privileged information or information protected from disclosure by the

16  work-product doctrine, joint defense or common interest privilege, or other privilege.

17  MGA also objects to this request to the extent that it seeks documents not in MGA's

18  possession, custody or control.

19         Subject to the foregoing, MGA will produce nonprivileged agreements and

20  contracts in its possession, custody or control, between MGA and Margaret Leahy relating

21  to work performed prior to January 1, 2001, if any, that it is able to locate following a

22  reasonably diligent search.

23  **REQUEST FOR PRODUCTION NO. 19:**

24         All DOCUMENTS that REFER OR RELATE TO any agreement or contract

25  between YOU and Margaret Hatch (also known as Margaret Leahy and/or Margaret

26  Hatch-Leahy), including without limitation all COMMUNICATIONS that REFER OR

27  RELATE thereto.

28

LA2:756234.3                                    19        MGA'S RESPONSE TO 1ST SET OF
                                                     20   REQUEST FOR PRODUCTION OF
                                                          DOCUMENTS

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence.  MGA also objects to this request on the

6  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

7  MGA also objects to this request on the grounds that it seeks information in violation of

8  the right of privacy.  MGA also objects to this request on the grounds that it seeks

9  confidential, proprietary or commercially sensitive information, the disclosure of which

10  would be inimical to the business interests of MGA.  MGA also objects to this request to

11  the extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense or

13  common interest privilege, or other privilege.  MGA also objects to this request to the

14  extent that it seeks documents not in MGA's possession, custody or control.

15      Subject to the foregoing, MGA will produce nonprivileged documents and

16  communications in its possession, custody or control, relating to any agreements and

17  contracts between MGA and Margaret Leahy for work performed prior to January 1,

18  2001, if any, that it is able to locate following a reasonably diligent search.

19  **REQUEST FOR PRODUCTION NO. 20:**

20      All agreements and contracts between YOU and Sarah Halpern, including without

21  limitation all drafts thereof and amendments, modifications and revisions thereto.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

23      MGA incorporates by reference the above-stated general objections as if fully set

24  forth herein.  MGA specifically objects to this request on the grounds that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably calculated to

26  lead to the discovery of admissible evidence. MGA also objects to this request on the

27  grounds that it seeks information in violation of the right of privacy.  MGA also objects to

28  this request on the grounds that it seeks confidential, proprietary or commercially

20

EXHIBIT 20

PAGE 369

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  sensitive information, the disclosure of which would be inimical to the business interests

2  of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

3  attorney-client privileged information or information protected from disclosure by the

4  work-product doctrine, joint defense or common interest privilege, or other privilege.

5  MGA also objects to this request to the extent that it seeks documents not in MGA's

6  possession, custody or control.

7         Subject to the foregoing, MGA will produce nonprivileged agreements and

8  contracts in its possession, custody or control, between MGA and Sarah Halpern relating

9  to work performed prior to January 1, 2001, if any, that it is able to locate following a

10  reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 21:**

12         All DOCUMENTS that REFER OR RELATE TO any agreement or contract

13  between YOU and Sarah Halpern, including without limitation all COMMUNICATIONS

14  that REFER OR RELATE thereto.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16         MGA incorporates by reference the above-stated general objections as if fully set

17  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably calculated to

19  lead to the discovery of admissible evidence.  MGA also objects to this request on the

20  grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

21  MGA also objects to this request on the grounds that it seeks information in violation of

22  the right of privacy.  MGA also objects to this request on the grounds that it seeks

23  confidential, proprietary or commercially sensitive information, the disclosure of which

24  would be inimical to the business interests of MGA.  MGA also objects to this request to

25  the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege.  MGA also objects to this request to the

28  extent that it seeks documents not in MGA's possession, custody or control.

LA2:756234.3                    21         26    MGA'S RESPONSE TO 1ST SET OF
                                                   REQUEST FOR PRODUCTION OF
                                                   DOCUMENTS

PAGE 370

1      Subject to the foregoing, MGA will produce nonprivileged documents and

2    communications in its possession, custody or control, relating to any agreements and

3    contracts between MGA and Sarah Halpern for work performed prior to January 1, 2001,

4    if any, that it is able to locate following a reasonably diligent search.

5    **REQUEST FOR PRODUCTION NO. 22:**

6      All agreements and contracts between YOU and Jesse Ramirez, including without

7    limitation all drafts thereof and amendments, modifications and revisions thereto.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

9      MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein. MGA specifically objects to this request on the grounds that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence. MGA also objects to this request on the

13   grounds that it seeks information in violation of the right of privacy. MGA also objects to

14   this request on the grounds that it seeks confidential, proprietary or commercially

15   sensitive information, the disclosure of which would be inimical to the business interests

16   of MGA. MGA also objects to this request to the extent it calls for the disclosure of

17   attorney-client privileged information or information protected from disclosure by the

18   work-product doctrine, joint defense or common interest privilege, or other privilege.

19   MGA also objects to this request to the extent that it seeks documents not in MGA's

20   possession, custody or control.

21      Subject to the foregoing, MGA will produce nonprivileged agreements and

22   contracts in its possession, custody or control, between MGA and Jesse Ramirez relating

23   to work performed prior to January 1, 2001, if any, that it is able to locate following a

24   reasonably diligent search.

25   **REQUEST FOR PRODUCTION NO. 23:**

26      All DOCUMENTS that REFER OR RELATE TO any agreement or contract

27   between YOU and Jesse Ramirez, including without limitation all COMMUNICATIONS

28   that REFER OR RELATE thereto.

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 20

PAGE 371

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence.  MGA also objects to this request on the

6   grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.

7   MGA also objects to this request on the grounds that it seeks information in violation of

8   the right of privacy.  MGA also objects to this request on the grounds that it seeks

9   confidential, proprietary or commercially sensitive information, the disclosure of which

10  would be inimical to the business interests of MGA.  MGA also objects to this request to

11  the extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense or

13  common interest privilege, or other privilege.  MGA also objects to this request to the

14  extent that it seeks documents not in MGA's possession, custody or control.

15      Subject to the foregoing, MGA will produce nonprivileged documents and

16  communications in its possession, custody or control, relating to any agreements and

17  contracts between MGA and Jesse Ramirez for work performed prior to January 1, 2001,

18  if any, that it is able to locate following a reasonably diligent search.

19  **REQUEST FOR PRODUCTION NO. 24:**

20      All agreements and contracts between YOU and Elise Cloonan, including without

21  limitation all drafts thereof and amendments, modifications and revisions thereto.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

23      MGA incorporates by reference the above-stated general objections as if fully set

24  forth herein.  MGA specifically objects to this request on the grounds that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably calculated to

26  lead to the discovery of admissible evidence. MGA also objects to this request on the

27  grounds that it seeks information in violation of the right of privacy.  MGA also objects to

28  this request on the grounds that it seeks confidential, proprietary or commercially

LA2:756234.3                                    23                    MGA'S RESPONSE TO 1ST SET OF
                                                                     REQUEST FOR PRODUCTION OF
                                     EXHIBIT  20                      DOCUMENTS

                                     PAGE  372

1    sensitive information, the disclosure of which would be inimical to the business interests
2    of MGA.  MGA also objects to this request to the extent it calls for the disclosure of
3    attorney-client privileged information or information protected from disclosure by the
4    work-product doctrine, joint defense or common interest privilege, or other privilege.
5    MGA also objects to this request to the extent that it seeks documents not in MGA's
6    possession, custody or control.
7          Subject to the foregoing, MGA will produce nonprivileged agreements and
8    contracts in its possession, custody or control, between MGA and Elise Cloonan relating
9    to work performed prior to January 1, 2001, if any, that it is able to locate following a
10   reasonably diligent search.
11   **REQUEST FOR PRODUCTION NO. 25:**
12         All DOCUMENTS that REFER OR RELATE TO any agreement or contract
13   between YOU and Elise Cloonan, including without limitation all COMMUNICATIONS
14   that REFER OR RELATE thereto.
15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**
16         MGA incorporates by reference the above-stated general objections as if fully set
17   forth herein.  MGA also specifically objects to this request on the grounds that it seeks
18   information not relevant to the subject matter of this lawsuit or reasonably calculated to
19   lead to the discovery of admissible evidence.  MGA also objects to this request on the
20   grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.
21   MGA also objects to this request on the grounds that it seeks information in violation of
22   the right of privacy.  MGA also objects to this request on the grounds that it seeks
23   confidential, proprietary or commercially sensitive information, the disclosure of which
24   would be inimical to the business interests of MGA.  MGA also objects to this request to
25   the extent it calls for the disclosure of attorney-client privileged information or
26   information protected from disclosure by the work-product doctrine, joint defense or
27   common interest privilege, or other privilege.  MGA also objects to this request to the
28   extent that it seeks documents not in MGA's possession, custody or control.

LA2:756234.3                          24                    MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                               EXHIBIT **20**              DOCUMENTS

PAGE 373

1       Subject to the foregoing, MGA will produce nonprivileged documents and

2  communications in its possession, custody or control, relating to any agreements and

3  contracts between MGA and Elise Cloonan for work performed prior to January 1, 2001,

4  if any, that it is able to locate following a reasonably diligent search.

5  **REQUEST FOR PRODUCTION NO. 26:**

6       All DOCUMENTS that REFER OR RELATE TO DESIGNS that BRYANT

7  produced, prepared, created, authored, conceived of or reduced to practice, whether alone

8  or jointly with others, prior to January 1, 2001.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

10      MGA incorporates by reference the above-stated general objections as if fully set

11  forth herein.  MGA also specifically objects to this request to the extent it seeks

12  information not relevant or reasonably calculated to lead to the discovery of admissible

13  evidence and is, thus, overbroad, unduly burdensome and oppressive including, without

14  limitation, in seeking documents relating to DESIGNS not in issue in this action, and in

15  that it reaches back into time indefinitely and, thus, for example, calls for documents

16  referring or relating to DESIGNS Bryant might have conceived of in his childhood and

17  that have nothing whatsoever to do with this action.  MGA also objects to this request to

18  the extent it seeks information the disclosure of which would implicate the rights of third

19  parties to protect private, confidential, proprietary or trade secret information.  MGA also

20  objects to this request on the grounds that it seeks confidential, proprietary or

21  commercially sensitive information, the disclosure of which would be inimical to the

22  business interests of MGA.  MGA also objects to this request to the extent it calls for the

23  disclosure of attorney-client privileged information or information protected from

24  disclosure by the work-product doctrine, joint defense or common interest privilege, or

25  other privilege.  MGA also objects to this request to the extent that it seeks documents not

26  in MGA's possession, custody or control.

27

28

25

EXHIBIT _20_

PAGE _374_

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2  objectionable documents in its possession, custody or control, if any, that it is able to

3  locate following a reasonably diligent search.

4  **REQUEST FOR PRODUCTION NO. 27:**

5    All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared,

6  created, authored, conceived of or reduced to practice prior to January 1, 2001 by

7  BRYANT, whether alone or jointly with others, in which YOU have purported at any time

8  to purchase, acquire or own any right, title or interest (whether in whole or in part).

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

10    MGA incorporates by reference the above-stated general objections as if fully set

11  forth herein. MGA also specifically objects to this request to the extent it seeks

12  information not relevant or reasonably calculated to lead to the discovery of admissible

13  evidence and is, thus, overbroad, including, without limitation, seeking documents

14  relating to any DESIGNS created, authored, conceived of or reduced to practice prior to

15  January 1, 2001 by BRYANT, and is therefore not limited to those DESIGNS that may be

16  at issue in this litigation. MGA also objects to this request to the extent it seeks

17  information the disclosure of which would implicate the rights of third parties to protect

18  private, confidential, proprietary or trade secret information. MGA also objects to this

19  request on the grounds that it seeks confidential, proprietary or commercially sensitive

20  information, the disclosure of which would be inimical to the business interests of MGA.

21  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

22  privileged information or information protected from disclosure by the work-product

23  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

24  to this request to the extent that it seeks documents not in MGA's possession, custody or

25  control.

26    Subject to the foregoing, MGA will produce all relevant and responsive non-

27  objectionable documents in its possession, custody or control, if any, that it is able to

28  locate following a reasonably diligent search.

LA2:756234.3



26
EXHIBIT **20**

PAGE ___375___

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  **REQUEST FOR PRODUCTION NO. 28:**

2      All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared,

3  created, authored, conceived of or reduced to practice prior to January 1, 2001 by

4  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), whether

5  alone or jointly with others, in which YOU have purported at any time to purchase,

6  acquire or own any right, title or interest (whether in whole or in part).

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

8      MGA incorporates by reference the above-stated general objections as if fully set

9  forth herein. MGA also specifically objects to this request to the extent it seeks

10  information not relevant or reasonably calculated to lead to the discovery of admissible

11  evidence and is, thus, overbroad, including, without limitation, seeking documents

12  relating to any DESIGNS created, authored, conceived of or reduced to practice prior to

13  January 1, 2001 by Margaret Leahy, and is therefore not limited to those DESIGNS that

14  may be at issue in this litigation. MGA also objects to this request to the extent it seeks

15  information the disclosure of which would implicate the rights of third parties to protect

16  private, confidential, proprietary or trade secret information. MGA also objects to this

17  request on the grounds that it seeks confidential, proprietary or commercially sensitive

18  information, the disclosure of which would be inimical to the business interests of MGA.

19  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

20  privileged information or information protected from disclosure by the work-product

21  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

22  to this request to the extent that it seeks documents not in MGA's possession, custody or

23  control.

24      Subject to the foregoing, MGA will produce all relevant and responsive non-

25  objectionable documents in its possession, custody or control, if any, that it is able to

26  locate following a reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 29:**

28      All DOCUMENTS, including without limitation all COMMUNICATIONS

LA2:756234.3

27

EXHIBIT _20_

PAGE _376_

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  between YOU and any PERSON, that REFER OR RELATE TO any agreement or

2  contract between BRYANT and Mattel, Inc.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

4  MGA incorporates by reference the above-stated general objections as if fully set

5  forth herein. MGA also specifically objects to this request to the extent it seeks

6  information the disclosure of which would implicate the rights of third parties to protect

7  private, confidential, proprietary or trade secret information. MGA also objects to this

8  request to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege. MGA also objects to this request to the

11  extent that it seeks documents not in MGA's possession, custody or control.

12  Subject to the foregoing, MGA will produce all relevant and responsive non-

13  objectionable documents in its possession, custody or control, if any, that it is able to

14  locate following a reasonably diligent search.

15  **REQUEST FOR PRODUCTION NO. 30:**

16  All DOCUMENTS, including without limitation all COMMUNICATIONS

17  between YOU and any PERSON, that REFER OR RELATE TO any agreement or

18  contract between Margaret Hatch (also known as Margaret Leahy and/or Margaret

19  Hatch-Leahy) and Mattel, Inc.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

21  MGA incorporates by reference the above-stated general objections as if fully set

22  forth herein. MGA also specifically objects to this request to the extent it seeks

23  information the disclosure of which would implicate the rights of third parties to protect

24  private, confidential, proprietary or trade secret information. MGA also objects to this

25  request to the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege. MGA also objects to this request to the

28  extent that it seeks documents not in MGA's possession, custody or control.

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1       Subject to the foregoing, MGA will produce all relevant and responsive non-

2   objectionable documents in its possession, custody or control, if any, that it is able to

3   locate following a reasonably diligent search.

4   **REQUEST FOR PRODUCTION NO. 31:**

5       All COMMUNICATIONS between YOU and BRYANT that REFER OR

6   RELATE TO Mattel, Inc. or any officer, director, employee or representative of Mattel,

7   Inc.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

9       MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein. MGA also specifically objects to this request on the grounds that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence. MGA also objects to this request on the

13   grounds that it is unlimited in time and subject matter and is, thus, overbroad, unduly

14   burdensome and oppressive, including, without limitation, in calling for communications

15   exchanged between any person at MGA and Bryant on any subject matter relating or

16   referring in any way to Mattel. MGA also objects to this request on the grounds that it is

17   overbroad, without limitation, in potentially extending to communications that any of

18   MGA's employees, agents or representatives may have exchanged with Bryant that refer

19   or relate to Mattel or any of its officers, directors, employees, or representatives,

20   regardless of whether any such person was employed by Mattel at the time of the

21   communication, and which communication may be unrelated in any way to the subject

22   matter of this lawsuit, MGA, MGA's business or may, indeed, have occurred when none

23   of the parties to the communications worked for or on behalf of MGA. MGA also objects

24   to this request to the extent it seeks information the disclosure of which would implicate

25   the rights of third parties to protect private, confidential, proprietary or trade secret

26   information. MGA also objects to this request on the grounds that it seeks confidential,

27   proprietary or commercially sensitive information, the disclosure of which would be

28   inimical to the business interests of MGA. MGA also objects to this request to the extent

29

EXHIBIT **2D**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

PAGE _378_

1   it calls for the disclosure of attorney-client privileged information or information

2   protected from disclosure by the work-product doctrine, the joint defense or common

3   interest privilege, or other privilege.

4         Subject to the foregoing, MGA will produce all relevant responsive non-

5   objectionable documents, if any, in its possession, custody or control, that it is able to

6   locate following a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 32:**

8         All DOCUMENTS prepared, written, transmitted or received (whether in whole or

9   in part) prior to January 1, 2001 that REFER OR RELATE TO BRATZ.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

11        MGA incorporates by reference the above-stated general objections as if fully set

12  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

13  confidential, proprietary, or commercially sensitive information, the disclosure of which

14  would be inimical to the business interests of MGA.  MGA also objects to this request to

15  the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work product doctrine, joint defense or

17  common interest privilege, or other privilege.

18        Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, that it is able to

20  locate following a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 33:**

22        All DOCUMENTS that REFER OR RELATE TO BRATZ that REFER OR

23  RELATE TO any time prior to January 1, 2001 (regardless of when such document was

24  prepared, written, transmitted or received, whether in whole or in part).

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

26        MGA incorporates by reference the above-stated general objections as if fully set

27  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

28  confidential, proprietary, or commercially sensitive information, the disclosure of which

1   would be inimical to the business interests of MGA.  MGA also specifically objects to this

2   request on the grounds that it seeks information not relevant to the subject matter of this

3   lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  MGA

4   further objects to this request in the grounds that it is vague, ambiguous and unintelligible,

5   particularly in its use of the phrase "that refer or relate to Bratz that refer or relate to any

6   time . . ."  MGA also objects to this request to the extent it calls for the disclosure of

7   attorney-client privileged information or information protected from disclosure by the

8   work product doctrine, joint defense or common interest privilege, or other privilege.

9           Subject to the foregoing, to the extent MGA is able to understand this request,

10  MGA will produce all relevant and responsive non-objectionable documents in its

11  possession, custody or control, if any, that it is able to locate following a reasonably

12  diligent search.

13  **REQUEST FOR PRODUCTION NO. 34:**

14          All DOCUMENTS prepared, written, transmitted or received (whether in whole or

15  in part) prior to January 1, 2001 that REFER OR RELATE TO ANGEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

17          MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably calculated to

20  lead to the discovery of admissible evidence and is, thus, overbroad including, without

21  limitation, in that it seeks documents referring or relating to MGA products not at issue in

22  this lawsuit.  MGA also objects to this request on the grounds that it seeks confidential,

23  proprietary, or commercially sensitive information, the disclosure of which would be

24  inimical to the business interests of MGA.  MGA also objects to this request to the extent

25  it calls for the disclosure of attorney-client privileged information or information

26  protected from disclosure by the work product doctrine, joint defense or common interest

27  privilege, or other privilege.

28

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    Subject to the foregoing, MGA will produce all documents in its possession,

2    custody or control, if any, that refer or relate to the Angel project that were prepared,

3    written, transmitted or received prior to January 1, 2001, that it is able to locate following

4    a reasonably diligent search.

5    **REQUEST FOR PRODUCTION NO. 35:**

6    All DOCUMENTS that REFER OR RELATE TO ANGEL that REFER OR

7    RELATE TO any time prior to January 1, 2001 (regardless of when such document was

8    prepared, written, transmitted or received, whether in whole or in part).

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

10   MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably calculated to

13   lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

14   and oppressive, including, without limitation, in that it seeks documents referring or

15   relating to MGA products not at issue in this lawsuit.  MGA also objects to this request on

16   the grounds that it seeks confidential, proprietary, or commercially sensitive information,

17   the disclosure of which would be inimical to the business interests of MGA.  MGA further

18   objects to this request in the grounds that it is vague, ambiguous and unintelligible,

19   particularly in its use of the phrase "that refer or relate to Angel that refer or relate to any

20   time . . ."  MGA also objects to this request to the extent it calls for the disclosure of

21   attorney-client privileged information or information protected from disclosure by the

22   work product doctrine, joint defense or common interest privilege, or other privilege.

23   Subject to the foregoing, to the extent MGA is able to understand this request,

24   MGA will produce all documents in its possession, custody or control, if any, that refer or

25   relate to the Angel project prior to January 1, 2001, that it is able to locate following a

26   reasonably diligent search.

27   **REQUEST FOR PRODUCTION NO. 36:**

28   All DOCUMENTS that REFER OR RELATE TO the origin(s), conception or

32
EXHIBIT **20**

PAGE __381__   MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  creation of BRATZ, including without limitation all DOCUMENTS that REFER OR

2  RELATE TO the timing of, and the method and manner in which, BRATZ first came to

3  YOUR attention.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

5       MGA incorporates by reference the above-stated general objections as if fully set

6  forth herein. MGA also specifically objects to this request on the grounds that it seeks

7  confidential, proprietary, or commercially sensitive information, the disclosure of which

8  would be inimical to the business interests of MGA. MGA also objects to this request on

9  the grounds that it seeks information not relevant to the subject matter of this lawsuit or

10  reasonably calculated to lead to the discovery of admissible evidence and is, thus,

11  overbroad, unduly burdensome and oppressive, including, without limitation, to the extent

12  it seeks documents referring or relating to Bratz beyond the first four characters and first

13  generation of dolls. MGA also objects to this request to the extent it seeks documents not

14  within MGA's possession, custody or control. MGA also objects to this request to the

15  extent it calls for the disclosure of attorney-client privileged information or information

16  protected from disclosure by the work product doctrine, joint defense or common interest

17  privilege, or other privilege.

18       Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody, or control, if any, that refer or relate to

20  the origin(s), conception or creation of First Generation Bratz, that it is able to locate

21  following a reasonably diligent search.

22  **REQUEST FOR PRODUCTION NO. 37:**

23       All declarations, affidavits and other sworn written statements of any other type or

24  form by YOU that REFER OR RELATE TO BRATZ (other than those previously filed

25  and served in this action).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

27       MGA incorporates by reference the above-stated general objections as if fully set

28  forth herein. MGA also specifically objects to this request on the grounds that it seeks

LA2:756234.3                     33               MGA'S RESPONSE TO 1ST SET OF
EXHIBIT **20**            REQUEST FOR PRODUCTION OF
                                           DOCUMENTS

PAGE 382

1   information not relevant to the subject matter of this lawsuit or reasonably calculated to

2   lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

3   and oppressive including, without limitation, in calling for all declarations, affidavits and

4   other sworn written statements that refer or relate to Bratz but not otherwise limited as to

5   subject matter, and not limited in any way as to time. MGA also objects to this request on

6   the grounds that it seeks information that is already known to Mattel and/or is a matter of

7   public record and/or is equally available to Mattel, and is, therefore, unduly burdensome

8   and oppressive. MGA also objects to this request on the grounds that it seeks

9   confidential, proprietary or commercially sensitive information, the disclosure of which

10  would be inimical to the business interests of MGA. MGA also objects to this request to

11  the extent that it may seek documents the disclosure of which is or may  be governed by

12  court orders. MGA also objects to this request to the extent it seeks information the

13  disclosure of which would implicate the rights of third parties to protect private,

14  confidential, proprietary or trade secret information. MGA also objects to this request to

15  the extent it may seek documents the disclosure of which is or may be protected by

16  contract or agreement. MGA also objects to this request to the extent it calls for the

17  disclosure of attorney-client privileged information or information protected from

18  disclosure by the work-product doctrine, the joint defense or common interest privilege, or

19  other privilege.

20          Subject to the foregoing, MGA will not produce documents in response to this

21  request.

22  **REQUEST FOR PRODUCTION NO. 38:**

23          All transcripts and video and/or audio recordings of statements made by YOU

24  under oath, including without limitation all deposition transcripts, trial transcripts and

25  arbitration transcripts, that REFER OR RELATE TO BRATZ (other than those taken in

26  this action when Mattel, Inc.'s counsel was in attendance).

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

28          MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3

34

EXHIBIT **2D**

PAGE **383**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   forth herein. MGA also specifically objects to this request on the grounds that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

4   and oppressive including, without limitation, in calling for all transcripts and video and/or

5   audio recordings of statements made by MGA under oath, including without limitation all

6   deposition transcripts, trial transcripts and arbitration transcripts refer or relate to Bratz

7   but not otherwise limited as to subject matter, and not limited in any way as to time.

8   MGA also objects to this request on the grounds that it seeks information that is already

9   known to Mattel and/or is a matter of public record and/or is equally available to Mattel,

10  and is, therefore, unduly burdensome and oppressive. MGA also objects to this request on

11  the grounds that it seeks confidential, proprietary or commercially sensitive information,

12  the disclosure of which would be inimical to the business interests of MGA. MGA also

13  objects to this request to the extent that it may seek documents the disclosure of which is

14  or may be governed by court orders. MGA also objects to this request to the extent it

15  seeks information the disclosure of which would implicate the rights of third parties to

16  protect private, confidential, proprietary or trade secret information. MGA also objects to

17  this request to the extent it may seek documents the disclosure of which is or may be

18  protected by contract or agreement. MGA also objects to this request to the extent it calls

19  for the disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, the joint defense or common interest privilege, or

21  other privilege.

22      Subject to the foregoing, MGA will not produce documents in response to this

23  request.

24  **REQUEST FOR PRODUCTION NO. 39:**

25      All declarations, affidavits and other sworn written statements of any other type or

26  form by any PERSON that REFER OR RELATE TO ANGEL (other than those

27  previously filed and served in this action).

28

LA2:756234.3

35

EXHIBIT **20**

PAGE **284**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence in that it seeks information relating to MGA

6   products not at issue in this litigation.  MGA also objects to this request on the grounds

7   that it is overbroad, unduly burdensome and oppressive including, without limitation, in

8   calling for all declarations, affidavits and other sworn written statements that refer or

9   relate to Angel, and is not otherwise limited as to subject matter, and not limited in any

10  way as to time.  MGA also objects to this request on the grounds that it seeks information

11  that is already known to Mattel and/or is a matter of public record and/or is equally

12  available to Mattel, and is, therefore, unduly burdensome and oppressive.  MGA also

13  objects to this request on the grounds that it seeks confidential, proprietary or

14  commercially sensitive information, the disclosure of which would be inimical to the

15  business interests of MGA.  MGA also objects to this request to the extent that it may seek

16  documents the disclosure of which is or may  be governed by  court orders.  MGA also

17  objects to this request to the extent it seeks information the disclosure of which would

18  implicate the rights of third parties to protect private, confidential, proprietary or trade

19  secret information.  MGA also objects to this request to the extent it may seek documents

20  the disclosure of which is or may be protected by contract or agreement.  MGA also

21  objects to this request to the extent it calls for the disclosure of attorney-client privileged

22  information or information protected from disclosure by the work-product doctrine, the

23  joint defense or common interest privilege, or other privilege.

24      Subject to the foregoing, MGA will not produce documents in response to this

25  request.

26  **REQUEST FOR PRODUCTION NO. 40:**

27      All transcripts and video and/or audio recordings of statements made by any

28  PERSON under oath, including without limitation all deposition transcripts, trial

LA2:756234.3                                36          MGA'S RESPONSE TO 1ST SET OF
                                    EXHIBIT **20**      REQUEST FOR PRODUCTION OF
                                                        DOCUMENTS

                                    PAGE __385__

1  transcripts and arbitration transcripts, that REFER OR RELATE TO ANGEL (other than

2  those taken in this action when Mattel, Inc.'s counsel was in attendance).

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

4      MGA incorporates by reference the above-stated general objections as if fully set

5  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably calculated to

7  lead to the discovery of admissible evidence in that it seeks information relating to MGA

8  products not at issue in this litigation.  MGA also objects to this request on the grounds

9  that it is overbroad, unduly burdensome and oppressive including, without limitation, in

10  calling for all transcripts and video and/or audio recordings of statements made by any

11  person under oath, including without limitation all deposition transcripts, trial transcripts

12  and arbitration transcripts refer or relate to Angel but not otherwise limited as to subject

13  matter, and not limited in any way as to time.  MGA also objects to this request to the

14  extent that it seeks documents not in MGA's possession, custody or control.  MGA also

15  objects to this request on the grounds that it seeks information that is already known to

16  Mattel and/or is a matter of public record and/or is equally available to Mattel, and is,

17  therefore, unduly burdensome and oppressive.  MGA also objects to this request on the

18  grounds that it seeks confidential, proprietary or commercially sensitive information, the

19  disclosure of which would be inimical to the business interests of MGA.  MGA also

20  objects to this request to the extent that it may seek documents the disclosure of which is

21  or may be governed by court orders.  MGA also objects to this request to the extent it

22  seeks information the disclosure of which would implicate the rights of third parties to

23  protect private, confidential, proprietary or trade secret information.  MGA also objects to

24  this request to the extent it may seek documents the disclosure of which is or may be

25  protected by contract or agreement.  MGA also objects to this request to the extent it calls

26  for the disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, the joint defense or common interest privilege, or

28  other privilege.

LA2:756234.3

37



EXHIBIT **20**

PAGE **386**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1       Subject to the foregoing, MGA will not produce documents in response to this

2 request.

3 **REQUEST FOR PRODUCTION NO. 41:**

4       All DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL filed,

5 submitted and served in the suit and/or arbitration proceedings brought by Farhad Larian

6 against Isaac Larian, including without limitation all declarations, affidavits and sworn

7 testimony given by any PERSON in such suit or arbitration proceedings.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

9       MGA incorporates by reference the above-stated general objections as if fully set

10 forth herein.  MGA also specifically objects to this request on the grounds that it seeks

11 information not relevant to the subject matter of this lawsuit or reasonably calculated to

12 lead to the discovery of admissible evidence including, without limitation, in that is seeks

13 documents filed in litigation and/or arbitration proceedings that have nothing to do with

14 the subject matter of this litigation.  MGA further objects to this request on that ground

15 that it is overbroad, unduly burdensome and oppressive including, without limitation, in

16 calling for all documents that refer or relate to Bratz and/or Angel submitted and served in

17 the suit and/or arbitration proceedings brought by Farhad Larian against Isaac Larian.

18 MGA also objects to this request on the grounds that it seeks information not relevant to

19 the subject matter of this lawsuit or reasonably calculated to lead to the discovery of

20 admissible evidence in that it seeks information about an MGA product not at issue in this

21 litigation.  MGA also objects to this request on the grounds that it seeks information that

22 is already known to Mattel and/or is a matter of public record and/or is equally available

23 to Mattel, and is thus unduly burdensome and oppressive.  MGA also objects to this

24 request to the extent that it seeks documents not in MGA's possession, custody or control.

25 MGA also objects to this request on the grounds that it seeks confidential, proprietary or

26 commercially sensitive information, the disclosure of which would be inimical to the

27 business interests of MGA.  MGA also objects to this request to the extent that it may seek

28 documents the disclosure of which is or may be governed by court orders.  MGA also

1 | objects to this request to the extent it seeks information the disclosure of which would

2 | implicate the rights of third parties to protect private, confidential, proprietary or trade

3 | secret information. MGA also objects to this request to the extent it may seek documents

4 | the disclosure of which is or may be protected by contract or agreement. MGA also

5 | objects to this request to the extent it calls for the disclosure of attorney-client privileged

6 | information or information protected from disclosure by the work-product doctrine, the

7 | joint defense or common interest privilege, or other privilege.

8 |      Subject to the foregoing, MGA will not produce documents in response to this

9 | request.

10 | **REQUEST FOR PRODUCTION NO. 42:**

11 |      All DOCUMENTS that REFER OR RELATE TO any payment made to or on

12 | behalf of BRYANT prior to October 21, 2000 or for work or services performed by

13 | BRYANT prior to October 21, 2000 regardless of when such payment was actually made.

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

15 |      MGA incorporates by reference the above-stated general objections as if fully set

16 | forth herein. MGA also specifically objects to this request to the extent that it seeks

17 | information not relevant to the subject matter of this lawsuit or reasonably calculated to

18 | lead to the discovery of admissible evidence, and is therefore overbroad, including,

19 | without limitation, in that it asks for documents that refer or relate to "any payment made .

20 | . . *on behalf of* Bryant" without regard to what such payment might relate to. MGA also

21 | objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

22 | determine what is meant by "payments made . . . on behalf of" Bryant. MGA also objects

23 | to this request to the extent it seeks information the disclosure of which would implicate

24 | the rights of third parties to protect private, confidential, proprietary or trade secret

25 | information. MGA also objects to this request on the grounds that it seeks confidential,

26 | proprietary or commercially sensitive information, the disclosure of which would be

27 | inimical to the business interests of MGA. MGA also objects to this request to the extent

28 | it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3

39

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1 | protected from disclosure by the work-product doctrine, joint defense or common interest
2 | privilege, or other privilege.

3 | Subject to the foregoing, MGA will produce documents in its possession, custody
4 | or control, if any, that refer or relate to payments made by MGA to Bryant for work
5 | performed for MGA or at MGA's request prior to October 21, 2000, that it is able to
6 | locate following a reasonably diligent search.

7 | **REQUEST FOR PRODUCTION NO. 43:**

8 | All DOCUMENTS that REFER OR RELATE TO any payment made to or on
9 | behalf of BRYANT for DESIGNS that BRYANT assigned or transferred to YOU prior
10 | October 21, 2000, regardless of when such payment was actually made.

11 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

12 | MGA incorporates by reference the above-stated general objections as if fully set
13 | forth herein. MGA also specifically objects to this request to the extent it seeks
14 | information not relevant or reasonably calculated to lead to the discovery of admissible
15 | evidence and is, thus, overbroad, unduly burdensome and oppressive including, without
16 | limitation, in seeking documents relating to DESIGNS not in issue in this action. MGA
17 | also objects to this request on the grounds that it is vague and ambiguous in that MGA
18 | cannot determine what is meant by "payments made . . . on behalf of" Bryant. MGA also
19 | objects to this request to the extent it seeks information the disclosure of which would
20 | implicate the rights of third parties to protect private, confidential, proprietary or trade
21 | secret information. MGA also objects to this request on the grounds that it seeks
22 | confidential, proprietary or commercially sensitive information, the disclosure of which
23 | would be inimical to the business interests of MGA. MGA also objects to this request to
24 | the extent it calls for the disclosure of attorney-client privileged information or
25 | information protected from disclosure by the work-product doctrine, joint defense or
26 | common interest privilege, or other privilege.

27 | Subject to the foregoing, MGA will produce documents in its possession, custody
28 | or control, if any, that refer or relate to payments made by MGA to Bryant for work

LA2:756234.3

40

EXHIBIT 20

PAGE 389

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  performed for MGA or at MGA's request prior to October 21, 2000, that it is able to

2  locate following a reasonably diligent search.

3  **REQUEST FOR PRODUCTION NO. 44:**

4      All DOCUMENTS that REFER OR RELATE TO invoices submitted by

5  BRYANT to YOU prior to January 31, 2001.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

7      MGA incorporates by reference the above-stated general objections as if fully set

8  forth herein. MGA also objects to this request to the extent that it seeks information not

9  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

10  discovery of admissible evidence. MGA also objects to this request on the grounds that it

11  seeks confidential, proprietary or commercially sensitive information, the disclosure of

12  which would be inimical to the business interests of MGA. MGA also objects to this

13  request to the extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense or

15  common interest privilege, or other privilege. MGA also objects to this request to the

16  extent it seeks information the disclosure of which would implicate the rights of third

17  parties to protect private, confidential, proprietary or trade secret information.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents in its possession, custody or control, if any, that it is able to

20  locate following a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 45:**

22      All of YOUR royalty statements to or for BRYANT.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

24      MGA incorporates by reference the above-stated general objections as if fully set

25  forth herein. MGA also objects to this request to the extent that it seeks information not

26  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

27  discovery of admissible evidence, and is thus overbroad, including without limitation, in

28  that is it not limited as to time of the royalty statements or the product or services to which

LA2:756234.3

41

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   those royalty statements relate.  MGA also objects to this request on the grounds that it is

2   vague and ambiguous, particularly in that MGA cannot determine what is meant by

3   "royalty statements . . . for BRYANT."  MGA also objects to this request on the grounds

4   that it seeks confidential, proprietary or commercially sensitive information, the disclosure

5   of which would be inimical to the business interests of MGA.  MGA also objects to this

6   request to the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense or

8   common interest privilege, or other privilege.  MGA also objects to this request to the

9   extent it seeks information the disclosure of which would implicate the rights of third

10  parties to protect private, confidential, proprietary or trade secret information.

11          Subject to the foregoing, MGA will produce documents sufficient to show all

12  royalties MGA paid to Bryant derived from sales of First Generation Bratz dolls.

13  **REQUEST FOR PRODUCTION NO. 46:**

14          All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the

15  conception, creation, design, development, sculpting, tooling, production or manufacture

16  of BRATZ.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

18          MGA incorporates by reference the above-stated general objections as if fully set

19  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

20  confidential, proprietary, or commercially sensitive information, the disclosure of which

21  would be inimical to the business interests of MGA.  MGA also objects to this request on

22  the grounds that it seeks information not relevant to the subject matter of this lawsuit or

23  reasonably calculated to lead to the discovery of admissible evidence and is, thus,

24  overbroad, unduly burdensome and oppressive, including, without limitation, to the extent

25  it seeks documents referring or relating to Bratz beyond the first four characters and first

26  generation of dolls.  MGA also objects to this request to the extent it seeks documents not

27  within MGA's possession, custody or control.  MGA also objects to this request to the

28  extent it calls for the disclosure of attorney-client privileged information or information

LA2:756234.3                                              42                    MGA'S RESPONSE TO 1ST SET OF
                                      EXHIBIT 20                 REQUEST FOR PRODUCTION OF
                                                                                            DOCUMENTS
                                            PAGE 391

1   protected from disclosure by the work product doctrine, joint defense or common interest

2   privilege, or other privilege.

3       Subject to the foregoing, MGA will produce all documents in its possession,

4   custody or control, if any, that refer or relate to Bryant's participation in the conception,

5   creation, design, development, sculpting, tooling, production or manufacture of the first

6   generation of Bratz dolls, that it is able to locate following a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 47:**

8       All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the

9   conception, creation, design, development, sculpting, tooling, production or manufacture

10  of ANGEL.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

12      MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein. MGA also specifically objects to this request on the grounds that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably calculated to

15  lead to the discovery of admissible evidence including, without limitation, in that is seeks

16  information related to an MGA product not at issue in this lawsuit. MGA also objects to

17  this request on the grounds that it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business interests

19  of MGA. MGA also objects to this request to the extent it calls for the disclosure of

20  attorney-client privileged information or information protected from disclosure by the

21  work-product doctrine, joint defense or common interest privilege, or other privilege.

22      Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, that it is able to

24  locate following a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 48:**

26      All non-privileged COMMUNICATIONS between YOU and any PERSON that

27  REFER OR RELATE TO this action.

28

43

EXHIBIT 20

PAGE 392

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence, including, without limitation, in that it would

6  extend to any communication between anyone at MGA and any other person referring or

7  relating in any way to a wide variety of matter that could potentially be construed as

8  "relating" to this litigation, without regard to whether such communications are at all

9  relevant to any claim or defense at issue herein.  MGA also objects to this request on the

10  grounds that it is overbroad, unduly burdensome and oppressive in that it purports to

11  require MGA diligently to identify every communication that any of its hundreds of

12  employees may have had with any other person referring or relating to this action.  MGA

13  also objects to this request on the grounds that it is overbroad, unduly burdensome and

14  oppressive in that it is not in any way limited as to the persons involved in the

15  communications or as to time.  MGA also objects to this request on the grounds that it

16  seeks information in violation of the right of privacy.  MGA also objects to this request on

17  the grounds that it seeks confidential, proprietary or commercially sensitive information,

18  the disclosure of which would be inimical to the business interests of MGA.  MGA also

19  objects to this request to the extent it calls for the disclosure of attorney-client privileged

20  information or information protected from disclosure by the work-product doctrine, joint

21  defense or common interest privilege, or other privilege.

22      Subject to the foregoing, MGA will not produce documents in response to this

23  request.

24  **REQUEST FOR PRODUCTION NO. 49:**

25      All DOCUMENTS that REFER OR RELATE TO any indemnification that

26  BRYANT has sought, proposed, requested or obtained in connection with this action.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

28      MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3

44

EXHIBIT **2D**

PAGE **393**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence.  MGA also objects to this request on the

4   grounds that it seeks information in violation of the right of privacy.  MGA also objects to

5   this request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business interests

7   of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

8   attorney-client privileged information or information protected from disclosure by the

9   work-product doctrine, joint defense or common interest privilege, or other privilege.

10      Subject to the foregoing, MGA will not produce documents in response to this

11   request.

12   **REQUEST FOR PRODUCTION NO. 50:**

13      All DOCUMENTS that REFER OR RELATE TO any indemnification that YOU

14   have sought, proposed, requested or obtained in connection with this action.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

16      MGA incorporates by reference the above-stated general objections as if fully set

17   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably calculated to

19   lead to the discovery of admissible evidence.  MGA also objects to this request on the

20   grounds that it seeks information in violation of the right of privacy.  MGA also objects to

21   this request on the grounds that it seeks confidential, proprietary or commercially

22   sensitive information, the disclosure of which would be inimical to the business interests

23   of MGA.  MGA also objects to this request to the extent it calls for the disclosure of

24   attorney-client privileged information or information protected from disclosure by the

25   work-product doctrine, joint defense or common interest privilege, or other privilege.

26      Subject to the foregoing, MGA will not produce documents in response to this

27   request.

28

LA2:756234.3                45            MGA'S RESPONSE TO 1ST SET OF
                    EXHIBIT 20           REQUEST FOR PRODUCTION OF
                                                    DOCUMENTS
                    PAGE 394

1  **REQUEST FOR PRODUCTION NO. 51:**

2      All DOCUMENTS that REFER OR RELATE TO each and every sculpt of

3  BRATZ (including without limitation any model, prototype or sample thereof) prior to

4  June 1, 2001.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

6      MGA incorporates by reference the above-stated general objections as if fully set

7  forth herein.  MGA specifically objects to this request to the extent it seeks information

8  the disclosure of which would implicate the rights of third parties to protect private,

9  confidential, proprietary or trade secret information.  MGA also objects to this request on

10  the grounds that it seeks confidential, proprietary or commercially sensitive information,

11  the disclosure of which would be inimical to the business interests of MGA.  MGA also

12  objects to this request to the extent it calls for the disclosure of attorney-client privileged

13  information or information protected from disclosure by the work-product doctrine, joint

14  defense or common interest privilege, or other privilege.

15      Subject to the foregoing, MGA will produce all relevant and responsive non-

16  objectionable documents in its possession, custody or control, if any, that it is able to

17  locate following a reasonably diligent search.

18  **REQUEST FOR PRODUCTION NO. 52:**

19      All DOCUMENTS that REFER OR RELATE TO each and every sculpt of

20  ANGEL (including without limitation any model, prototype or sample thereof).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

22      MGA incorporates by reference the above-stated general objections as if fully set

23  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably calculated to

25  lead to the discovery of admissible evidence including, without limitation, in that it seeks

26  information related to an MGA product not at issue in this lawsuit.  MGA also objects to

27  this request on the grounds that it is overbroad in that is it not limited as to time.  MGA

28  also objects to this request to the extent it seeks information the disclosure of which would

1  implicate the rights of third parties to protect private, confidential, proprietary or trade

2  secret information. MGA also objects to this request on the grounds that it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of which

4  would be inimical to the business interests of MGA. MGA also objects to this request to

5  the extent it calls for the disclosure of attorney-client privileged information or

6  information protected from disclosure by the work-product doctrine, joint defense or

7  common interest privilege, or other privilege.

8      Subject to the foregoing, MGA will produce all documents in its possession,

9  custody or control, if any, that refer or relate to sculpts of Angel created prior to January

10  1, 2001, that it is able to locate following a reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 53:**

12      All DOCUMENTS that REFER OR RELATE TO the procurement, fabrication,

13  preparation and production of each and every mold for BRATZ (including without

14  limitation any model, prototype or sample thereof) prior to June 1, 2001, including

15  without limitation all orders, purchase orders and invoices relating thereto.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

17      MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein. MGA specifically objects to this request to the extent it seeks information

19  the disclosure of which would implicate the rights of third parties to protect private,

20  confidential, proprietary or trade secret information. MGA also objects to this request on

21  the grounds that it seeks confidential, proprietary or commercially sensitive information,

22  the disclosure of which would be inimical to the business interests of MGA. MGA also

23  objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

24  determine what is meant by "mold . . . (including without limitation any model, prototype

25  or sample thereof)". MGA also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest privilege, or

28  other privilege.

LA2:756234.3

47

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 20

PAGE 396

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable documents in its possession, custody or control, if any, that it is able to

3    locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 54:**

5    DOCUMENTS sufficient to show when any mold for ANGEL (including without

6    limitation for any model, prototype or sample thereof) was first ordered, procured,

7    fabricated, prepared and produced.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein. MGA also specifically objects to this request on the grounds that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence including, without limitation, in that is seeks

13   information related to an MGA product not at issue in this lawsuit. MGA also objects to

14   this request on the grounds that it is overbroad in that is it not limited as to time. MGA

15   also objects to this request to the extent it seeks information the disclosure of which would

16   implicate the rights of third parties to protect private, confidential, proprietary or trade

17   secret information. MGA also objects to this request on the grounds that it seeks

18   confidential, proprietary or commercially sensitive information, the disclosure of which

19   would be inimical to the business interests of MGA. MGA also objects to this request on

20   the grounds that it is vague and ambiguous in that MGA cannot determine what is meant

21   by "mold . . . (including without limitation any model, prototype or sample thereof)".

22   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

23   privileged information or information protected from disclosure by the work-product

24   doctrine, joint defense or common interest privilege, or other privilege.

25   Subject to the foregoing, MGA will produce documents, if any, showing when any

26   mold for Angel was first ordered, procured, fabricated, prepared and produced.

27   **REQUEST FOR PRODUCTION NO. 55:**

28   All DOCUMENTS that REFER OR RELATE TO the exhibition or proposed,

LA2:756234.3

48

 
EXHIBIT **2D**

PAGE **391**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   offered or requested exhibition, of BRATZ (including without limitation any model,

2   prototype or sample thereof) to any third party prior to June 1, 2001.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

4          MGA incorporates by reference the above-stated general objections as if fully set

5   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably calculated to

7   lead to the discovery of admissible evidence, including, without limitation, in that it

8   potentially extends to every communication having to do with, for example, any Toy Fair

9   to which MGA brought, or considered bringing, Bratz during the stated time frame, and is,

10  thus, also overbroad, unduly burdensome and oppressive.  MGA also objects to this

11  request on the grounds that it is vague and ambiguous in that MGA cannot determine what

12  is meant by "exhibition."  MGA also objects to this request to the extent it seeks

13  information the disclosure of which would implicate the rights of third parties to protect

14  private, confidential, proprietary or trade secret information.  MGA also objects to this

15  request on the grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of MGA.

17  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

18  privileged information or information protected from disclosure by the work-product

19  doctrine, joint defense or common interest privilege, or other privilege.

20          Subject to the foregoing, MGA will produce documents sufficient to identify each

21  exhibition of Bratz to any third party prior to January 1, 2001.

22  **REQUEST FOR PRODUCTION NO. 56:**

23          DOCUMENTS sufficient to show when any mold for ANGEL (including without

24  limitation any model, prototype or sample thereof) was first exhibited to any third party.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

26          MGA incorporates by reference the above-stated general objections as if fully set

27  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably calculated to



EXHIBIT 20

PAGE 398

1  lead to the discovery of admissible evidence including, without limitation, in that is seeks

2  information related to an MGA product not at issue in this lawsuit.  MGA also objects to

3  this request on the grounds that it is vague and ambiguous in that MGA cannot determine

4  what is meant by "mold . . . (including without limitation any model, prototype or sample

5  thereof)".  MGA also objects to this request to the extent it seeks information the

6  disclosure of which would implicate the rights of third parties to protect private,

7  confidential, proprietary or trade secret information.  MGA also objects to this request on

8  the grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA.  MGA also

10  objects to this request to the extent it calls for the disclosure of attorney-client privileged

11  information or information protected from disclosure by the work-product doctrine, joint

12  defense or common interest privilege, or other privilege.

13       Subject to the foregoing, MGA will produce documents, if any, in its possession,

14  custody or control, that identify when the Angel product was first exhibited to any party

15  not affiliated with MGA (whether in final or prototype form).

16  **REQUEST FOR PRODUCTION NO. 57:**

17       DOCUMENTS sufficient to show when and where BRATZ (including without

18  limitation any model, prototype or sample thereof) was first marketed to any wholesaler,

19  distributor and/or retailer.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

21       MGA incorporates by reference the above-stated general objections as if fully set

22  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably calculated to

24  lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

25  and oppressive, including, without limitation, to the extent it seeks documents referring or

26  relating to Bratz beyond the first four characters and first generation of dolls.  MGA also

27  objects to this request to the extent it seeks information the disclosure of which would

28  implicate the rights of third parties to protect private, confidential, proprietary or trade

LA2:756234.3       50       MGA'S RESPONSE TO 1ST SET OF
                            REQUEST FOR PRODUCTION OF
                            DOCUMENTS

EXHIBIT **20**
PAGE **309**

1   secret information. MGA also objects to this request on the grounds that it seeks
2   confidential, proprietary or commercially sensitive information, the disclosure of which
3   would be inimical to the business interests of MGA. MGA also objects to this request to
4   the extent it calls for the disclosure of attorney-client privileged information or
5   information protected from disclosure by the work-product doctrine, joint defense or
6   common interest privilege, or other privilege.

7           Subject to the foregoing, MGA will produce documents in its possession, custody
8   or control, if any, that show when and where the first generation of Bratz dolls was first
9   marketed to any wholesaler, distributor and/or retailer, that it is able to locate following a
10  reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 58:**

12          DOCUMENTS sufficient to show when and where ANGEL (including without
13  limitation any model, prototype or sample thereof) was first marketed to any wholesaler,
14  distributor and/or retailer.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

16          MGA incorporates by reference the above-stated general objections as if fully set
17  forth herein. MGA also specifically objects to this request on the grounds that it seeks
18  information not relevant to the subject matter of this lawsuit or reasonably calculated to
19  lead to the discovery of admissible evidence including, without limitation, in that is seeks
20  information related to an MGA product not at issue in this lawsuit. MGA also objects to
21  this request to the extent it seeks information the disclosure of which would implicate the
22  rights of third parties to protect private, confidential, proprietary or trade secret
23  information. MGA also objects to this request on the grounds that it seeks confidential,
24  proprietary or commercially sensitive information, the disclosure of which would be
25  inimical to the business interests of MGA. MGA also objects to this request to the extent
26  it calls for the disclosure of attorney-client privileged information or information
27  protected from disclosure by the work-product doctrine, joint defense or common interest
28  privilege, or other privilege.

51


EXHIBIT *2D*

PAGE 400

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   Subject to the foregoing, MGA will produce documents in its possession, custody

2   or control, if any, that show when and where Angel was first marketed to any wholesaler,

3   distributor and/or retailer, that it is able to locate following a reasonably diligent search.

4   **REQUEST FOR PRODUCTION NO. 59:**

5   DOCUMENTS sufficient to show when and where BRATZ (including without

6   limitation any model, prototype or sample thereof) was first offered for sale to any

7   wholesaler, distributor and/or retailer.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

9   MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein.  MGA also objects to this request on the grounds that it seeks information not

11   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

12   discovery of admissible evidence and is, thus, overbroad, unduly burdensome and

13   oppressive, including, without limitation, to the extent it seeks documents referring or

14   relating to Bratz beyond the first four characters and first generation of dolls.  MGA also

15   objects to this request to the extent it seeks information the disclosure of which would

16   implicate the rights of third parties to protect private, confidential, proprietary or trade

17   secret information.  MGA also objects to this request on the grounds that it seeks

18   confidential, proprietary or commercially sensitive information, the disclosure of which

19   would be inimical to the business interests of MGA.  MGA also objects to this request to

20   the extent it calls for the disclosure of attorney-client privileged information or

21   information protected from disclosure by the work-product doctrine, joint defense or

22   common interest privilege, or other privilege.

23   Subject to the foregoing, MGA will produce documents in its possession, custody

24   or control, if any, that show when and where the first generation of Bratz dolls was first

25   offered for sale to any wholesaler, distributor and/or retailer, that it is able to locate

26   following a reasonably diligent search.

27   **REQUEST FOR PRODUCTION NO. 60:**

28   DOCUMENTS sufficient to show when and where ANGEL (including without

LA2:756234.3

52

EXHIBIT **2D**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

PAGE __401__

1     limitation any model, prototype or sample thereof) was first offered for sale by YOU to

2     any wholesaler, distributor and/or retailer.

3     **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

4         MGA incorporates by reference the above-stated general objections as if fully set

5     forth herein. MGA also specifically objects to this request on the grounds that it seeks

6     information not relevant to the subject matter of this lawsuit or reasonably calculated to

7     lead to the discovery of admissible evidence including, without limitation, in that is seeks

8     information related to an MGA product not at issue in this lawsuit. MGA also objects to

9     this request to the extent it seeks information the disclosure of which would implicate the

10    rights of third parties to protect private, confidential, proprietary or trade secret

11    information. MGA also objects to this request on the grounds that it seeks confidential,

12    proprietary or commercially sensitive information, the disclosure of which would be

13    inimical to the business interests of MGA. MGA also objects to this request to the extent

14    it calls for the disclosure of attorney-client privileged information or information

15    protected from disclosure by the work-product doctrine, joint defense or common interest

16    privilege, or other privilege.

17         Subject to the foregoing, MGA will produce documents in its possession, custody

18    or control, if any, that show when and where Angel was first offered for same to any

19    wholesaler, distributor and/or retailer, that it is able to locate following a reasonably

20    diligent search.

21    **REQUEST FOR PRODUCTION NO. 61:**

22         DOCUMENTS sufficient to show when and where BRATZ was first shipped,

23    distributed and sold.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

25         MGA incorporates by reference the above-stated general objections as if fully set

26    forth herein. MGA also specifically objects to this request on the grounds that it seeks

27    information not relevant to the subject matter of this lawsuit or reasonably calculated to

28    lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome

1   and oppressive, including, without limitation, to the extent it seeks documents referring or

2   relating to Bratz beyond the first four characters and first generation of dolls. MGA also

3   objects to this request to the extent it seeks information the disclosure of which would

4   implicate the rights of third parties to protect private, confidential, proprietary or trade

5   secret information. MGA also objects to this request on the grounds that it seeks

6   confidential, proprietary or commercially sensitive information, the disclosure of which

7   would be inimical to the business interests of MGA. MGA also objects to this request to

8   the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.

11      Subject to the foregoing, MGA will produce documents in its possession, custody

12  or control, if any, that show when the first generation of Bratz dolls was first shipped,

13  distributed and sold, that it is able to locate following a reasonably diligent search.

14  **REQUEST FOR PRODUCTION NO. 62:**

15      DOCUMENTS sufficient to show when and where ANGEL was first shipped,

16  distributed and sold.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

18      MGA incorporates by reference the above-stated general objections as if fully set

19  forth herein. MGA also specifically objects to this request on the grounds that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably calculated to

21  lead to the discovery of admissible evidence including, without limitation, in that is seeks

22  information related to an MGA product not at issue in this lawsuit. MGA also objects to

23  this request to the extent it seeks information the disclosure of which would implicate the

24  rights of third parties to protect private, confidential, proprietary or trade secret

25  information. MGA also objects to this request on the grounds that it seeks confidential,

26  proprietary or commercially sensitive information, the disclosure of which would be

27  inimical to the business interests of MGA. MGA also objects to this request to the extent

28  it calls for the disclosure of attorney-client privileged information or information

1  protected from disclosure by the work-product doctrine, joint defense or common interest
2  privilege, or other privilege.
3      Subject to the foregoing, MGA will produce documents in its possession, custody
4  or control, if any, that show when and where Angel was first shipped, distributed and sold,
5  that it is able to locate following a reasonably diligent search.
6  **REQUEST FOR PRODUCTION NO. 63:**
7      ALL DOCUMENTS that REFER OR RELATE TO licensing, including without
8  limitation the proposed or requested licensing, of BRATZ prior to December 31, 2001.
9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**
10     MGA incorporates by reference the above-stated general objections as if fully set
11 forth herein.  MGA also specifically objects to this request on the grounds that it seeks
12 information not relevant to the subject matter of this lawsuit or reasonably calculated to
13 lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome
14 and oppressive, including, without limitation, to the extent it seeks all documents referring
15 or relating to any kind of licensing related to Bratz, including for example, licensing
16 relating to Bratz beyond the first four characters and first generation of dolls, and/or types
17 of licensing not at issue in this litigation such as trademark licensing.  MGA also objects
18 to this request on the grounds that it seeks information in violation of the right of privacy.
19 MGA also objects to this request to the extent it seeks information the disclosure of which
20 would implicate the rights of third parties to protect private, confidential, proprietary or
21 trade secret information.  MGA also objects to this request on the grounds that it seeks
22 confidential, proprietary or commercially sensitive information, the disclosure of which
23 would be inimical to the business interests of MGA.  MGA also objects to this request to
24 the extent it calls for the disclosure of attorney-client privileged information or
25 information protected from disclosure by the work-product doctrine, joint defense or
26 common interest privilege, or other privilege.  MGA also objects to this request to the
27 extent it seeks documents not within MGA's possession, custody or control.
28     Subject to the foregoing, MGA will produce documents in its possession, custody

LA2:756234.3                    55                    MGA'S RESPONSE TO 1ST SET OF
                                                      REQUEST FOR PRODUCTION OF
                                          20          DOCUMENTS

PAGE 404

1  or control, if any, referring or relating to MGA's licensing of the first generation of Bratz

2  character art and to MGA's license, if any, to other intellectual property rights to the first

3  generation of Bratz prior to December 31, 2001, that it is able to locate following a

4  reasonably diligent search.

5  **REQUEST FOR PRODUCTION NO. 64:**

6      All COMMUNICATIONS between YOU and any manufacturer, or any

7  contemplated, proposed or potential manufacturer, that REFER OR RELATE TO BRATZ

8  prior to June 1, 2001.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

10      MGA incorporates by reference the above-stated general objections as if fully set

11  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably calculated to

13  lead to the discovery of admissible evidence.  MGA also objects to this request to the

14  extent it seeks information the disclosure of which would implicate the rights of third

15  parties to protect private, confidential, proprietary or trade secret information.  MGA also

16  objects to this request on the grounds that it seeks confidential, proprietary or

17  commercially sensitive information, the disclosure of which would be inimical to the

18  business interests of MGA.  MGA also objects to this request to the extent it calls for the

19  disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, joint defense or common interest privilege, or

21  other privilege.

22      Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents in its possession, custody or control, if any, that it is able to

24  locate following a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 65:**

26      DOCUMENTS sufficient to identify when YOU first contacted any manufacturer,

27  or any contemplated, proposed or potential manufacturer, for the manufacture of ANGEL.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence including, without limitation, in that it seeks information related to an MGA product not at issue in this lawsuit, and in that the manufacturer of Angel has nothing whatsoever to do with Bryant, Mattel, or this lawsuit. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, MGA will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 66:**

All COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO the distribution or proposed or potential distribution of BRATZ prior to June 1, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome and oppressive, including, without limitation, to the extent it seeks documents referring or relating to Bratz beyond the first four characters and first generation of dolls. MGA also

LA2:756234.3

57

EXHIBIT _20_

PAGE _406_

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   objects to this request to the extent it seeks information the disclosure of which would

2   implicate the rights of third parties to protect private, confidential, proprietary or trade

3   secret information. MGA also objects to this request on the grounds that it seeks

4   confidential, proprietary or commercially sensitive information, the disclosure of which

5   would be inimical to the business interests of MGA. MGA also objects to this request to

6   the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense or

8   common interest privilege, or other privilege.

9        Subject to the foregoing, MGA will produce documents in its possession, custody

10   or control, if any, that show when and where first generation Bratz dolls were first

11   marketed to any wholesaler, distributor and/or retailer.

12   **REQUEST FOR PRODUCTION NO. 67:**

13       All COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd.

14   prior to June 1, 2001.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

16       MGA incorporates by reference the above-stated general objections as if fully set

17   forth herein. MGA also specifically objects to this request on the grounds that it is

18   overbroad and unduly burdensome, including, without limitation, in that it seeks all

19   communications between MGA and Universal Commerce Corp., without regard to subject

20   matter, and extends back in time indefinitely. MGA also objects to this request to the

21   extent it seeks information the disclosure of which would implicate the rights of third

22   parties to protect private, confidential, proprietary or trade secret information. MGA also

23   objects to this request on the grounds that it seeks confidential, proprietary or

24   commercially sensitive information, the disclosure of which would be inimical to the

25   business interests of MGA. MGA also objects to this request to the extent it calls for the

26   disclosure of attorney-client privileged information or information protected from

27   disclosure by the work-product doctrine, joint defense or common interest privilege, or

28   other privilege. MGA also objects to the extent this request seeks documents not in

LA2:756234.3                    58                      MGA'S RESPONSE TO 1ST SET OF
                                                        REQUEST FOR PRODUCTION OF
                                                        DOCUMENTS

1    MGA's possession, custody or control.

2        Subject to the foregoing, MGA will produce communications in its possession,

3    custody or control, if any, between MGA and Universal Commerce Corp., Ltd, relating to

4    the design, development or manufacture of the first generation of Bratz dolls, that it is

5    able to locate following a reasonably diligent search.

6    **REQUEST FOR PRODUCTION NO. 68:**

7        All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that were

8    prepared, authored or created by Mattel, Inc. or any officer, director, employee or

9    representative of Mattel, Inc., that BRYANT has ever provided to, shown, described to,

10   communicated to or disclosed in any manner to YOU.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

12       MGA incorporates by reference the above-stated general objections as if fully set

13   forth herein.  MGA also specifically objects to this request on the grounds that it is

14   overbroad and unduly burdensome, and seeks information not relevant to the subject

15   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

16   evidence, including, without limitation, in that it seeks all documents that refer or relate to

17   Mattel and is not otherwise limited as to subject matter or time.  MGA also objects to this

18   request on the grounds that it is overbroad, without limitation, in potentially extending to

19   any document that refers or relates to Mattel that Bryant showed to anybody who now

20   works for MGA, even if Bryant showed the document to such person before one or either

21   of them began work for MGA, and, indeed, while Bryant and such person both worked for

22   Mattel, and without regard to whether such person has or had anything to do with the

23   subject matter of this lawsuit.  MGA also objects to this request to the extent it seeks

24   information the disclosure of which would implicate the rights of third parties to protect

25   private, confidential, proprietary or trade secret information.  MGA also objects to this

26   request on the grounds that it seeks information in violation of the right of privacy.  MGA

27   also objects to this request on the grounds that it seeks confidential, proprietary or

28   commercially sensitive information, the disclosure of which would be inimical to the

EXHIBIT **2D**

PAGE **408**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   business interests of MGA.  MGA also objects to this request to the extent it calls for the

2   disclosure of attorney-client privileged information or information protected from

3   disclosure by the work-product doctrine, joint defense or common interest privilege, or

4   other privilege.  MGA also objects to the extent this request seeks documents not in

5   MGA's possession, custody or control.

6          Subject to the foregoing, MGA will produce all relevant and responsive non-

7   objectionable documents in its possession, custody or control, if any, that it is able to

8   locate following a reasonably diligent search.

9   **REQUEST FOR PRODUCTION NO. 69:**

10         All COMMUNICATIONS between YOU and BRYANT prior to January 1, 2001,

11   including without limitation all diaries, notes, calendars, logs, phone records and letters,

12   that reflect, record or memorialize or otherwise REFER OR RELATE TO any such

13   COMMUNICATIONS.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

15         MGA incorporates by reference the above-stated general objections as if fully set

16   forth herein.  MGA also specifically objects to this request on the grounds that it is

17   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

18   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

19   admissible evidence, including, without limitation, in that it seeks all communications

20   between MGA and Bryant and is not otherwise limited as to subject matter.  MGA also

21   objects to this request on the grounds that it is overbroad, unduly burdensome and

22   oppressive, without limitation, in potentially extending to communications that Bryant

23   may have had with any of MGA's hundreds of employees, agents or representatives, and

24   regardless of whether any such communication is related in any way to the subject matter

25   of this lawsuit, MGA, or MGA's business.  MGA also objects to this request on the

26   grounds that it seeks information in violation of the right of privacy.  MGA also objects to

27   this request to the extent it seeks information the disclosure of which would implicate the

28   rights of third parties to protect private, confidential, proprietary or trade secret

LA2:756234.3

60

**20**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  information.  MGA also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would be

3  inimical to the business interests of MGA.  MGA also objects to this request to the extent

4  it calls for the disclosure of attorney-client privileged information or information

5  protected from disclosure by the work-product doctrine, joint defense or common interest

6  privilege, or other privilege.  MGA also objects to the extent this request seeks documents

7  not in MGA's possession, custody or control.

8      Subject to the foregoing, MGA will produce all relevant and responsive non-

9  objectionable documents in its possession, custody or control, if any, that it is able to

10  locate following a reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 70:**

12      All COMMUNICATIONS between YOU and Elise Cloonan that REFER OR

13  RELATE TO BRYANT, Mattel, Inc., BRATZ and/or Anna Rhee, including without

14  limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record

15  or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

17      MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein.  MGA also specifically objects to this request on the grounds that it is

19  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

20  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21  admissible evidence, including, without limitation, in that it seeks communications that

22  any of MGA's hundreds of employees, agents or representatives may have exchanged at

23  any time with Elise Cloonan that refer or relate to Bryant, Mattel (or any of its officers,

24  directors, employees, or representatives – regardless of whether such person was

25  employed by Mattel at the time of the communication), Bratz, or Anna Rhee, regardless of

26  whether any such communication is related in any way to the subject matter of this

27  lawsuit.  MGA also objects to this request as overbroad in that it is unlimited as to time.

28  MGA also objects to this request on the grounds that it seeks information in violation of

LA2:756234.3                    61                MGA'S RESPONSE TO 1ST SET OF
                                                  REQUEST FOR PRODUCTION OF
                                                  DOCUMENTS

EXHIBIT 20

PAGE 410

1     the right of privacy. MGA also objects to this request to the extent it seeks information

2     the disclosure of which would implicate the rights of third parties to protect private,

3     confidential, proprietary or trade secret information. MGA also objects to this request on

4     the grounds that it seeks confidential, proprietary or commercially sensitive information,

5     the disclosure of which would be inimical to the business interests of MGA. MGA also

6     objects to this request to the extent it calls for the disclosure of attorney-client privileged

7     information or information protected from disclosure by the work-product doctrine, joint

8     defense or common interest privilege, or other privilege. MGA also objects to the extent

9     this request seeks documents not in MGA's possession, custody or control.

10         Subject to the foregoing, MGA will produce all relevant and responsive non-

11     objectionable communications in its possession, custody or control, if any, between MGA

12     and Elise Cloonan, dated prior to June 11, 2002, that it is able to locate following a

13     reasonably diligent search.

14     **REQUEST FOR PRODUCTION NO. 71:**

15         All COMMUNICATIONS between YOU and Elise Cloonan prior to June 11,

16     2002, including without limitation all diaries, notes, calendars, logs, phone records and

17     letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

18     such COMMUNICATIONS.

19     **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

20         MGA incorporates by reference the above-stated general objections as if fully set

21     forth herein. MGA also specifically objects to this request on the grounds that it is

22     overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

23     subject matter of this lawsuit or reasonably calculated to lead to the discovery of

24     admissible evidence, including, without limitation, in that it seeks all communications

25     between MGA and Elise Cloonan and is not otherwise limited as to subject matter. MGA

26     also objects to this request on the grounds that it is overbroad, unduly burdensome and

27     oppressive, without limitation, in potentially extending to communications that Elise

28     Cloonan may have had with any of MGA's hundreds of employees, agents or

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT **20**

PAGE **411**

1   representatives, and regardless of whether any such communication is related in any way

2   to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

3   request on the grounds that it seeks information in violation of the right of privacy. MGA

4   also objects to this request to the extent it seeks information the disclosure of which would

5   implicate the rights of third parties to protect private, confidential, proprietary or trade

6   secret information. MGA also objects to this request on the grounds that it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of which

8   would be inimical to the business interests of MGA. MGA also objects to this request to

9   the extent it calls for the disclosure of attorney-client privileged information or

10   information protected from disclosure by the work-product doctrine, joint defense or

11   common interest privilege, or other privilege. MGA also objects to the extent this request

12   seeks documents not in MGA's possession, custody or control.

13        Subject to the foregoing, MGA will produce all relevant and responsive non-

14   objectionable communications in its possession, custody or control, if any, between MGA

15   and Elise Cloonan, dated prior to June 11, 2002, that it is able to locate following a

16   reasonably diligent search.

17   **REQUEST FOR PRODUCTION NO. 72:**

18        All COMMUNICATIONS between YOU and Veronica Marlow prior to January 1,

19   2001, including without limitation all diaries, notes, calendars, logs, phone records and

20   letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

21   such COMMUNICATIONS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

23        MGA incorporates by reference the above-stated general objections as if fully set

24   forth herein. MGA also specifically objects to this request on the grounds that it is

25   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

26   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

27   admissible evidence, including, without limitation, in that it seeks all communications

28   between MGA and Veronica Marlow and is not otherwise limited as to subject matter.

LA2:756234.3

63

EXHIBIT **2D**

PAGE **412**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   MGA also objects to this request on the grounds that it is overbroad, unduly burdensome
2   and oppressive, without limitation, in potentially extending to communications that
3   Veronica Marlow may have had with any of MGA's hundreds of employees, agents or
4   representatives, and regardless of whether any such communication is related in any way
5   to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this
6   request on the grounds that it seeks information in violation of the right of privacy.  MGA
7   also objects to this request to the extent it seeks information the disclosure of which would
8   implicate the rights of third parties to protect private, confidential, proprietary or trade
9   secret information.  MGA also objects to this request on the grounds that it seeks
10  confidential, proprietary or commercially sensitive information, the disclosure of which
11  would be inimical to the business interests of MGA.  MGA also objects to this request to
12  the extent it calls for the disclosure of attorney-client privileged information or
13  information protected from disclosure by the work-product doctrine, joint defense or
14  common interest privilege, or other privilege.  MGA also objects to the extent this request
15  seeks documents not in MGA's possession, custody or control.
16          Subject to the foregoing, MGA will produce all relevant and responsive non-
17  objectionable communications in its possession, custody or control, if any, between MGA
18  and Veronica Marlow, dated prior to January 1, 2001, that it is able to locate following a
19  reasonably diligent search.
20  **REQUEST FOR PRODUCTION NO. 73:**
21          All COMMUNICATIONS between YOU and Mercedeh Ward prior to November
22  6, 2000, including without limitation all diaries, notes, calendars, logs, phone records and
23  letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any
24  such COMMUNICATIONS.
25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**
26          MGA incorporates by reference the above-stated general objections as if fully set
27  forth herein.  MGA also specifically objects to this request on the grounds that it is
28  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

LA2:756234.3                                       64                  MGA'S RESPONSE TO 1ST SET OF
                                                      _20_               REQUEST FOR PRODUCTION OF
                                                                         DOCUMENTS

PAGE 413

1  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

2  admissible evidence, including, without limitation, in that it seeks all communications

3  between MGA and Mercedeh Ward and is not otherwise limited as to subject matter.

4  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome

5  and oppressive, without limitation, in potentially extending to communications that

6  Mercedeh Ward may have had with any of MGA's hundreds of employees, agents or

7  representatives, and regardless of whether any such communication is related in any way

8  to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

9  request on the grounds that it seeks information in violation of the right of privacy.  MGA

10  also objects to this request to the extent it seeks information the disclosure of which would

11  implicate the rights of third parties to protect private, confidential, proprietary or trade

12  secret information.  MGA also objects to this request on the grounds that it seeks

13  confidential, proprietary or commercially sensitive information, the disclosure of which

14  would be inimical to the business interests of MGA.  MGA also objects to this request to

15  the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense or

17  common interest privilege, or other privilege.  MGA also objects to the extent this request

18  seeks documents not in MGA's possession, custody or control.

19         Subject to the foregoing, MGA will produce all relevant and responsive non-

20  objectionable communications in its possession, custody or control, if any, between MGA

21  and Mercedeh Ward, dated prior to November 6, 2000, that it is able to locate following a

22  reasonably diligent search. .

23  **REQUEST FOR PRODUCTION NO. 74:**

24         All COMMUNICATIONS between YOU and Margaret Hatch (also known as

25  Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1, 2001, including

26  without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

27  record or memorialize or otherwise REFER OR RELATE TO any such

28  COMMUNICATIONS.

LA2:756234.3

65



EXHIBIT **20**

PAGE **414**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

2    MGA incorporates by reference the above-stated general objections as if fully set

3    forth herein.  MGA also specifically objects to this request on the grounds that it is

4    overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

5    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

6    admissible evidence, including, without limitation, in that it seeks all communications

7    between MGA and Margaret Leahy and is not otherwise limited as to subject matter.

8    MGA also objects to this request on the grounds that it is overbroad, unduly burdensome

9    and oppressive, without limitation, in potentially extending to communications that

10   Margaret Leahy may have had with any of MGA's hundreds of employees, agents or

11   representatives, and regardless of whether any such communication is related in any way

12   to the subject matter of this lawsuit, MGA, or MGA's business.  MGA also objects to this

13   request on the grounds that it seeks information in violation of the right of privacy.  MGA

14   also objects to this request to the extent it seeks information the disclosure of which would

15   implicate the rights of third parties to protect private, confidential, proprietary or trade

16   secret information.  MGA also objects to this request on the grounds that it seeks

17   confidential, proprietary or commercially sensitive information, the disclosure of which

18   would be inimical to the business interests of MGA.  MGA also objects to this request to

19   the extent it calls for the disclosure of attorney-client privileged information or

20   information protected from disclosure by the work-product doctrine, joint defense or

21   common interest privilege, or other privilege.  MGA also objects to the extent this request

22   seeks documents not in MGA's possession, custody or control.

23   Subject to the foregoing, MGA will produce all relevant and responsive non-

24   objectionable communications in its possession, custody or control, if any, between MGA

25   and Margaret Leahy, dated prior to January 1, 2001, that it is able to locate following a

26   reasonably diligent search.

27   **REQUEST FOR PRODUCTION NO. 75:**

28   All COMMUNICATIONS between YOU and Anna Rhee prior to January 1, 2001,

1    including without limitation all diaries, notes, calendars, logs, phone records and letters,

2    that reflect, record or memorialize or otherwise REFER OR RELATE TO any such

3    COMMUNICATIONS.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

5        MGA incorporates by reference the above-stated general objections as if fully set

6    forth herein. MGA also specifically objects to this request on the grounds that it is

7    overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

8    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

9    admissible evidence, including, without limitation, in that it seeks all communications

10    between MGA and Anna Rhee and is not otherwise limited as to subject matter. MGA

11    also objects to this request on the grounds that it is overbroad, unduly burdensome and

12    oppressive, without limitation, in potentially extending to communications that Anna

13    Rhee may have had with any of MGA's hundreds of employees, agents or representatives,

14    and regardless of whether any such communication is related in any way to the subject

15    matter of this lawsuit, MGA, or MGA's business. MGA also objects to this request on the

16    grounds that it seeks information in violation the right of privacy. MGA also objects to

17    this request to the extent it seeks information the disclosure of which would implicate the

18    rights of third parties to protect private, confidential, proprietary or trade secret

19    information. MGA also objects to this request on the grounds that it seeks confidential,

20    proprietary or commercially sensitive information, the disclosure of which would be

21    inimical to the business interests of MGA. MGA also objects to this request to the extent

22    it calls for the disclosure of attorney-client privileged information or information

23    protected from disclosure by the work-product doctrine, joint defense or common interest

24    privilege, or other privilege. MGA also objects to the extent this request seeks documents

25    not in MGA's possession, custody or control.

26        Subject to the foregoing, MGA will produce all relevant and responsive non-

27    objectionable communications in its possession, custody or control, if any, between MGA

28    and Anna Rhee, dated prior to January 1, 2001, that it is able to locate following a

1  reasonably diligent search.

2  **REQUEST FOR PRODUCTION NO. 76:**

3      All COMMUNICATIONS between Veronica Marlow and Anna Rhee prior to

4  January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone

5  records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE

6  TO any such COMMUNICATIONS.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

8      MGA incorporates by reference the above-stated general objections as if fully set

9  forth herein. MGA also specifically objects to this request on the grounds that it is

10  overbroad and unduly burdensome, and seeks information not relevant to the subject

11  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

12  evidence, including, without limitation, in that it seeks all communications between

13  Veronica Marlow and Anna Rhee and is not otherwise limited as to subject matter. MGA

14  also objects to this request on the grounds that it seeks information in violation of the right

15  of privacy. MGA also objects to this request to the extent it seeks information the

16  disclosure of which would implicate the rights of third parties to protect private,

17  confidential, proprietary or trade secret information. MGA also objects to this request on

18  the grounds that it seeks confidential, proprietary or commercially sensitive information,

19  the disclosure of which would be inimical to the business interests of MGA. MGA also

20  objects to this request to the extent it calls for the disclosure of attorney-client privileged

21  information or information protected from disclosure by the work-product doctrine, joint

22  defense or common interest privilege, or other privilege. MGA also objects to the extent

23  this request seeks documents not in MGA's possession, custody or control.

24      Subject to the foregoing, MGA will produce all relevant and responsive non-

25  objectionable documents in its possession, custody or control, if any, that it is able to

26  locate following a reasonably diligent search.

27  **REQUEST FOR PRODUCTION NO. 77:**

28      All COMMUNICATIONS between YOU and Sarah Halpern prior to January 1,

LA2:756234.3

68

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   2001, including without limitation all diaries, notes, calendars, logs, phone records and

2   letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

3   such COMMUNICATIONS.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

5          MGA incorporates by reference the above-stated general objections as if fully set

6   forth herein. MGA also specifically objects to this request on the grounds that it is

7   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

8   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

9   admissible evidence, including, without limitation, in that it seeks all communications

10  between MGA and Sarah Halpern and is not otherwise limited as to subject matter. MGA

11  also objects to this request on the grounds that it is overbroad, unduly burdensome and

12  oppressive, without limitation, in potentially extending to communications that Sarah

13  Halpern may have had with any of MGA's hundreds of employees, agents or

14  representatives, and regardless of whether any such communication is related in any way

15  to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

16  request on the grounds that it seeks information in violation of the right of privacy. MGA

17  also objects to this request to the extent it seeks information the disclosure of which would

18  implicate the rights of third parties to protect private, confidential, proprietary or trade

19  secret information. MGA also objects to this request on the grounds that it seeks

20  confidential, proprietary or commercially sensitive information, the disclosure of which

21  would be inimical to the business interests of MGA. MGA also objects to this request to

22  the extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense or

24  common interest privilege, or other privilege. MGA also objects to the extent this request

25  seeks documents not in MGA's possession, custody or control.

26         Subject to the foregoing, MGA will produce all relevant and responsive non-

27  objectionable communications in its possession, custody or control, if any, between MGA

28  and Sarah Halpern, dated prior to January 1, 2001, that it is able to locate following a

LA2:756234.3                                   69   _2D_            MGA'S RESPONSE TO 1ST SET OF
                                                                    REQUEST FOR PRODUCTION OF
                                                                    DOCUMENTS

1  reasonably diligent search.

2  **REQUEST FOR PRODUCTION NO. 78:**

3      All COMMUNICATIONS between YOU and Jesse Ramirez prior to January 1,

4  2001, including without limitation all diaries, notes, calendars, logs, phone records and

5  letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any

6  such COMMUNICATIONS.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

8      MGA incorporates by reference the above-stated general objections as if fully set

9  forth herein. MGA also specifically objects to this request on the grounds that it is

10  overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

11  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

12  admissible evidence, including, without limitation, in that it seeks all communications

13  between MGA and Jesse Ramirez and is not otherwise limited as to subject matter. MGA

14  also objects to this request on the grounds that it is overbroad, unduly burdensome and

15  oppressive, without limitation, in potentially extending to communications that Jesse

16  Ramirez may have had with any of MGA's hundreds of employees, agents or

17  representatives, and regardless of whether any such communication is related in any way

18  to the subject matter of this lawsuit, MGA, or MGA's business. MGA also objects to this

19  request on the grounds that it seeks information in violation of the right of privacy. MGA

20  also objects to this request to the extent it seeks information the disclosure of which would

21  implicate the rights of third parties to protect private, confidential, proprietary or trade

22  secret information. MGA also objects to this request on the grounds that it seeks

23  confidential, proprietary or commercially sensitive information, the disclosure of which

24  would be inimical to the business interests of MGA. MGA also objects to this request to

25  the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege. MGA also objects to the extent this request

28  seeks documents not in MGA's possession, custody or control.

70

EXHIBIT **20**

PAGE **419**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2   objectionable communications in its possession, custody or control, if any, between MGA

3   and Jesse Ramirez, dated prior to January 1, 2001, that it is able to locate following a

4   reasonably diligent search.

5   **REQUEST FOR PRODUCTION NO. 79:**

6    Any personnel or vendor file that YOU have created or maintained concerning

7   BRYANT.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein.  MGA also specifically objects to this request on the grounds that it is

11   overbroad and unduly burdensome, and seeks information not relevant to the subject

12   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

13   evidence, including, without limitation, in that it seeks any personnel or vendor file

14   concerning Bryant created or maintained by MGA and is not otherwise limited as to

15   subject matter or time.  MGA also objects to this request on the grounds that it is vague

16   and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

17   objects to this request on the grounds that it seeks information in violation the right of

18   privacy.  MGA also objects to this request to the extent it seeks information the disclosure

19   of which would implicate the rights of third parties to protect private, confidential,

20   proprietary or trade secret information.  MGA also objects to this request on the grounds

21   that it seeks confidential, proprietary or commercially sensitive information, the disclosure

22   of which would be inimical to the business interests of MGA.  MGA also objects to this

23   request to the extent it calls for the disclosure of attorney-client privileged information or

24   information protected from disclosure by the work-product doctrine, joint defense or

25   common interest privilege, or other privilege.

26    Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable documents in its possession, custody or control, if any, that it is able to

28   locate following a reasonably diligent search.

LA2:756234.3

71



EXHIBIT 20

PAGE 420

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1 **REQUEST FOR PRODUCTION NO. 80:**

2      Any personnel file that YOU have created or maintained concerning Paula

3 Treantafellas.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

5      MGA incorporates by reference the above-stated general objections as if fully set

6 forth herein.  MGA also specifically objects to this request on the grounds that it is

7 overbroad and unduly burdensome, and seeks information not relevant to the subject

8 matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

9 evidence, including, without limitation, in that it seeks any personnel file concerning

10 Paula Treantafellas created or maintained by MGA and is not otherwise limited as to

11 subject matter or time.  MGA also objects to this request on the grounds that it seeks

12 information in violation of the right of privacy.  MGA also objects to this request to the

13 extent it seeks information the disclosure of which would implicate the rights of third

14 parties to protect private, confidential, proprietary or trade secret information.  MGA also

15 objects to this request on the grounds that it seeks confidential, proprietary or

16 commercially sensitive information, the disclosure of which would be inimical to the

17 business interests of MGA.  MGA also objects to this request to the extent it calls for the

18 disclosure of attorney-client privileged information or information protected from

19 disclosure by the work-product doctrine, joint defense or common interest privilege, or

20 other privilege.

21      Subject to the foregoing, MGA will produce all relevant and responsive non-

22 objectionable documents in its possession, custody or control, if any, that it is able to

23 locate following a reasonably diligent search.

24 **REQUEST FOR PRODUCTION NO. 81:**

25      Any personnel file that YOU have created or maintained concerning Mercedeh

26 Ward.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

28      MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3

EXHIBIT 20

PAGE 421

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

72

1   forth herein.  MGA also specifically objects to this request on the grounds that it is

2   overbroad and unduly burdensome, and seeks information not relevant to the subject

3   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

4   evidence, including, without limitation, in that it seeks any personnel file concerning

5   Mercedeh Ward created or maintained by MGA and is not otherwise limited as to subject

6   matter or time.  MGA also objects to this request on the grounds that it seeks information

7   in violation of the right of privacy.  MGA also objects to this request to the extent it seeks

8   information the disclosure of which would implicate the rights of third parties to protect

9   private, confidential, proprietary or trade secret information.  MGA also objects to this

10  request on the grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of MGA.

12  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

13  privileged information or information protected from disclosure by the work-product

14  doctrine, joint defense or common interest privilege, or other privilege.

15       Subject to the foregoing, MGA will produce all relevant and responsive non-

16  objectionable documents in its possession, custody or control, if any, that it is able to

17  locate following a reasonably diligent search.

18  **REQUEST FOR PRODUCTION NO. 82:**

19       Any personnel or vendor file that YOU have created or maintained concerning

20  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

22       MGA incorporates by reference the above-stated general objections as if fully set

23  forth herein.  MGA also specifically objects to this request on the grounds that it is

24  overbroad and unduly burdensome, and seeks information not relevant to the subject

25  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

26  evidence, including, without limitation, in that it seeks any personnel or vendor file

27  concerning Margaret Leahy created or maintained by MGA and is not otherwise limited

28  as to subject matter or time.  MGA also objects to this request on the grounds that it is

LA2:756234.3

EXHIBIT 73 **20**

PAGE **422**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  confidential, proprietary or trade secret information. MGA also objects to this request on

2  the grounds that it seeks confidential, proprietary or commercially sensitive information,

3  the disclosure of which would be inimical to the business interests of MGA. MGA also

4  objects to this request to the extent it calls for the disclosure of attorney-client privileged

5  information or information protected from disclosure by the work-product doctrine, joint

6  defense or common interest privilege, or other privilege.

7       Subject to the foregoing, MGA will produce all relevant and responsive non-

8  objectionable documents in its possession, custody or control, if any, that it is able to

9  locate following a reasonably diligent search.

10  **REQUEST FOR PRODUCTION NO. 84:**

11       Any personnel or vendor file that YOU have created or maintained concerning

12  Anna Rhee.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

14       MGA incorporates by reference the above-stated general objections as if fully set

15  forth herein. MGA also specifically objects to this request on the grounds that it is

16  overbroad and unduly burdensome, and seeks information not relevant to the subject

17  matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

18  evidence, including, without limitation, in that it seeks any personnel or vendor file

19  concerning Anna Rhee created or maintained by MGA and is not otherwise limited as to

20  subject matter or time. MGA also objects to this request on the grounds that it is vague

21  and ambiguous in that MGA cannot determine what is meant by "vendor file." MGA also

22  objects to this request on the grounds that it seeks information in violation of the right of

23  privacy. MGA also objects to this request to the extent it seeks information the disclosure

24  of which would implicate the rights of third parties to protect private, confidential,

25  proprietary or trade secret information. MGA also objects to this request on the grounds

26  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

27  of which would be inimical to the business interests of MGA. MGA also objects to this

28  request to the extent it calls for the disclosure of attorney-client privileged information or

1   information protected from disclosure by the work-product doctrine, joint defense or

2   common interest privilege, or other privilege.

3          Subject to the foregoing, MGA will produce all relevant and responsive non-

4   objectionable documents in its possession, custody or control, if any, that it is able to

5   locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 85:**

7          Any personnel or vendor file that YOU have created or maintained concerning

8   Jesse Ramirez.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

10          MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein.  MGA also specifically objects to this request on the grounds that it is

12   overbroad and unduly burdensome, and seeks information not relevant to the subject

13   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

14   evidence, including, without limitation, in that it seeks any personnel or vendor file

15   concerning Jesse Ramirez created or maintained by MGA and is not otherwise limited as

16   to subject matter or time.  MGA also objects to this request on the grounds that it is vague

17   and ambiguous in that MGA cannot determine what is meant by "vendor file."  MGA also

18   objects to this request on the grounds that it seeks information in violation of the right of

19   privacy.  MGA also objects to this request to the extent it seeks information the disclosure

20   of which would implicate the rights of third parties to protect private, confidential,

21   proprietary or trade secret information.  MGA also objects to this request on the grounds

22   that it seeks confidential, proprietary or commercially sensitive information, the disclosure

23   of which would be inimical to the business interests of MGA.  MGA also objects to this

24   request to the extent it calls for the disclosure of attorney-client privileged information or

25   information protected from disclosure by the work-product doctrine, joint defense or

26   common interest privilege, or other privilege.

27

28

LA2:756234.3

76

EXHIBIT 20

PAGE 424

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable documents in its possession, custody or control, if any, that it is able to

3    locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 86:**

5    Any personnel file that YOU have created or maintained concerning Shirin

6    Salemnia.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

8    MGA incorporates by reference the above-stated general objections as if fully set

9    forth herein. MGA also specifically objects to this request on the grounds that it is

10   overbroad and unduly burdensome, and seeks information not relevant to the subject

11   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

12   evidence, including, without limitation, in that it seeks any personnel file concerning

13   Shirin Salemnia created or maintained by MGA and is not otherwise limited as to subject

14   matter or time. MGA also objects to this request on the grounds that it seeks information

15   in violation of the right of privacy. MGA also objects to this request to the extent it seeks

16   information the disclosure of which would implicate the rights of third parties to protect

17   private, confidential, proprietary or trade secret information. MGA also objects to this

18   request on the grounds that it seeks confidential, proprietary or commercially sensitive

19   information, the disclosure of which would be inimical to the business interests of MGA.

20   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

21   privileged information or information protected from disclosure by the work-product

22   doctrine, joint defense or common interest privilege, or other privilege.

23   Subject to the foregoing, MGA will produce all relevant and responsive non-

24   objectionable documents in its possession, custody or control, if any, that it is able to

25   locate following a reasonably diligent search.

26   **REQUEST FOR PRODUCTION NO. 87:**

27   Any personnel file that YOU have created or maintained concerning Victoria

28   O'Connor.

LA2:756234.3



77
EXHIBIT _20_
PAGE 425

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein. MGA also specifically objects to this request on the grounds that it is

4   overbroad and unduly burdensome, and seeks information not relevant to the subject

5   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

6   evidence, including, without limitation, in that it seeks any personnel file concerning

7   Victoria O'Connor created or maintained by MGA and is not otherwise limited as to

8   subject matter or time. MGA also objects to this request on the grounds that it seeks

9   information in violation of the right of privacy. MGA also objects to this request to the

10   extent it seeks information the disclosure of which would implicate the rights of third

11   parties to protect private, confidential, proprietary or trade secret information. MGA also

12   objects to this request on the grounds that it seeks confidential, proprietary or

13   commercially sensitive information, the disclosure of which would be inimical to the

14   business interests of MGA. MGA also objects to this request to the extent it calls for the

15   disclosure of attorney-client privileged information or information protected from

16   disclosure by the work-product doctrine, joint defense or common interest privilege, or

17   other privilege.

18       Subject to the foregoing, MGA will produce all relevant and responsive non-

19   objectionable documents in its possession, custody or control, if any, that it is able to

20   locate following a reasonably diligent search.

21   **REQUEST FOR PRODUCTION NO. 88:**

22       Any personnel file that YOU have created or maintained concerning Farhad Larian.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

24       MGA incorporates by reference the above-stated general objections as if fully set

25   forth herein. MGA also specifically objects to this request on the grounds that it is

26   overbroad and unduly burdensome, and seeks information not relevant to the subject

27   matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

28   evidence, including, without limitation, in that it seeks any personnel file concerning

78

EXHIBIT _20_

PAGE _426_

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    Farhad Larian created or maintained by MGA and is not otherwise limited as to subject

2    matter or time. MGA also objects to this request on the grounds that it seeks information

3    in violation of the right of privacy. MGA also objects to this request to the extent it seeks

4    information the disclosure of which would implicate the rights of third parties to protect

5    private, confidential, proprietary or trade secret information. MGA also objects to this

6    request on the grounds that it seeks confidential, proprietary or commercially sensitive

7    information, the disclosure of which would be inimical to the business interests of MGA.

8    MGA also objects to this request to the extent it calls for the disclosure of attorney-client

9    privileged information or information protected from disclosure by the work-product

10   doctrine, joint defense or common interest privilege, or other privilege.

11           Subject to the foregoing, MGA will not produce documents in response to this

12   request.

13   **REQUEST FOR PRODUCTION NO. 89:**

14           All telephone records for MGA Entertainment Inc. for the time period from

15   January 1, 1998 through January 1, 2001.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

17           MGA incorporates by reference the above-stated general objections as if fully set

18   forth herein. MGA also specifically objects to this request on the grounds that it is

19   overbroad, unduly burdensome and oppressive, and seeks information not relevant to the

20   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21   admissible evidence, including, without limitation, in that it seeks all telephone records

22   for MGA entertainment, without limitation as to who placed the call or who was called,

23   thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else

24   MGA called in the referenced time period, and the length and frequency of those calls.

25   MGA also objects to this request on the grounds that it is overbroad in that it asks for

26   phone records beginning in January, 1998. MGA also objects to this request on the

27   grounds that Mattel's pursuit of MGA's phone records is now the subject of a subpoena

28   that Mattel directed to Verizon, and a currently-pending motion in Texas for a protective

LA2:756234.3                               79                    MGA'S RESPONSE TO 1ST SET OF
                                   EXHIBIT 20               REQUEST FOR PRODUCTION OF
                                                                           DOCUMENTS
                                   PAGE 427

1  order. Requiring MGA to respond to this request before the motion regarding Mattel's

2  subpoena to Verizon is settled would be premature, unduly burdensome and oppressive.

3  MGA also objects to this request on the grounds that it seeks information in violation of

4  the right of privacy. MGA also objects to this request on the grounds that it seeks

5  confidential, proprietary or commercially sensitive information, the disclosure of which

6  would be inimical to the business interests of MGA.

7        Subject to the foregoing, MGA will not produce documents in response to this

8  request.

9  **REQUEST FOR PRODUCTION NO. 90:**

10       All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any

11  other application or registration for BRATZ DESIGNS, including without limitation all

12  COMMUNICATIONS pertaining thereto.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

14       MGA incorporates by reference the above-stated general objections as if fully set

15  forth herein. MGA also specifically objects to this request on the grounds that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably calculated to

17  lead to the discovery of admissible evidence and is, thus, overbroad, including, without

18  limitation, in that it seeks all documents relating to any copyright, patent, trademark, or

19  other application for registration of BRATZ DESIGNS not at issue in this litigation,

20  which may include dozens—potentially hundreds—of products. MGA also objects to this

21  request on the grounds that it seeks information not relevant to the subject matter of this

22  lawsuit or reasonably calculated to lead to the discovery of admissible evidence and is,

23  thus, overbroad, unduly burdensome and oppressive, including, without limitation, to the

24  extent it seeks documents referring or relating to Bratz beyond the first four characters and

25  first generation of dolls. MGA also objects to this request on the grounds that it seeks

26  confidential, proprietary or commercially sensitive information, the disclosure of which

27  would be inimical to the business interests of MGA. MGA also objects to this request to

28  the extent it calls for the disclosure of attorney-client privileged information or

LA2:756234.3

EXHIBIT **20**

PAGE **428**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

80

1   information protected from disclosure by the work-product doctrine, joint defense or

2   common interest privilege, or other privilege.  MGA also objects to this request on the

3   grounds that it seeks information that is already known to Mattel and/or is a matter of

4   public record.

5        Subject to the foregoing, MGA will produce all relevant and responsive non-

6   objectionable documents in its possession, custody or control, if any, referring or relating

7   to copyrights of the first generation of Bratz character art and dolls, that it is able to locate

8   following a reasonably diligent search.

9   **REQUEST FOR PRODUCTION NO. 91:**

10       All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any

11  other application or registration for ANGEL DESIGNS, including without limitation all

12  COMMUNICATIONS pertaining thereto.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

14       MGA incorporates by reference the above-stated general objections as if fully set

15  forth herein.  MGA also specifically objects to this request on the grounds that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably calculated to

17  lead to the discovery of admissible evidence including, without limitation, in that is seeks

18  information related to an MGA product not at issue in this lawsuit, and that registrations

19  for ANGEL DESIGNS have nothing whatsoever to do with Bryant, Mattel, or this

20  lawsuit.  MGA also objects to this request on the grounds that it seeks information not

21  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22  discovery of admissible evidence and is, thus, overbroad, including, without limitation, in

23  that it seeks all documents relating to any copyright, patent, or other application for

24  registration of ANGEL DESIGNS.  MGA also objects to this request to the extent it seeks

25  information the disclosure of which would implicate the rights of third parties to protect

26  private, confidential, proprietary or trade secret information.  MGA also objects to this

27  request on the grounds that it seeks confidential, proprietary or commercially sensitive

28  information, the disclosure of which would be inimical to the business interests of MGA.

LA2:756234.3

81

EXHIBIT **20**

PAGE **479**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

2   privileged information or information protected from disclosure by the work-product

3   doctrine, joint defense or common interest privilege, or other privilege.

4          Subject to the foregoing, MGA will not produce documents in response to this

5   request.

6   **REQUEST FOR PRODUCTION NO. 92:**

7          All DOCUMENTS that REFER OR RELATE TO any testing of or sampling from

8   any DOCUMENTS that REFER OR RELATE TO BRATZ or BRYANT, including

9   without limitation any such testing or sampling in connection with any ink, paper or

10   chemical analysis to date any such DOCUMENTS and including without limitation all

11   results and reports relating thereto.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

13          MGA incorporates by reference the above-stated general objections as if fully set

14   forth herein.  MGA also specifically objects to this request on the grounds that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably calculated to

16   lead to the discovery of admissible evidence.  MGA also objects to this request to the

17   extent that it seeks documents not within MGA's possession, custody or control.  MGA

18   also objects to this request on the grounds that it seeks confidential, proprietary or

19   commercially sensitive information, the disclosure of which would be inimical to the

20   business interests of MGA.  MGA also objects to this request to the extent it calls for the

21   disclosure of attorney-client privileged information or information protected from

22   disclosure by the work-product doctrine, joint defense or common interest privilege, or

23   other privilege.

24          Subject to the foregoing, MGA will not produce documents in response to this

25   request.

26   **REQUEST FOR PRODUCTION NO. 93:**

27          An electronic copy of each DOCUMENT that YOU have produced in this action,

28   or that is responsive to these Requests, that is or was created, prepared, generated,

LA2:756234.3

82

EXHIBIT _20_

PAGE _430_

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1  maintained or transmitted in digital form.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

3      MGA incorporates by reference the above-stated general objections as if fully set

4  forth herein. MGA also specifically objects to this request on the grounds that is it unduly

5  burdensome and oppressive, particularly as to the expense associated with producing to

6  Mattel in electronic form documents that MGA has already produced, or will produce in

7  response to these requests, in another form.

8      Subject to the foregoing, MGA will not produce documents in response to this

9  request.

10 **REQUEST FOR PRODUCTION NO. 94:**

11      The metadata for each DOCUMENT that YOU have produced in this action, or

12 that is responsive to these Requests, that is or was created, prepared, generated,

13 maintained or transmitted in digital form.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

15      MGA incorporates by reference the above-stated general objections as if fully set

16 forth herein. MGA also specifically objects to this request on the grounds that is it unduly

17 burdensome and oppressive, particularly as to the expense associated with producing

18 metadata to Mattel for each digital document that MGA has already produced, or will

19 produce in response to these requests, if any. MGA also objects to this request to the

20 extent it calls for the disclosure of attorney-client privileged information or information

21 protected from disclosure by the work-product doctrine, joint defense or common interest

22 privilege, or other privilege.

23      Subject to the foregoing, MGA will not produce documents in response to this

24 request.

25 **REQUEST FOR PRODUCTION NO. 95:**

26      All DOCUMENTS that support, refute or otherwise REFER OR RELATE TO any

27 facts underlying YOUR Affirmative Defenses in this action.

28

LA2:756234.3

83


EXHIBIT 20
PAGE 431

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3    forth herein.  MGA also specifically objects to this request on the grounds that it is

4    overbroad and unduly burdensome in that it calls for all documents that support, refute or

5    otherwise refer or relate to any facts underlying MGA's affirmative defenses.  MGA also

6    objects to this request on the grounds that it calls for legal conclusions.  MGA also objects

7    to this request on the grounds that it seeks information in Mattel's possession and/or in the

8    public record, and/or equally available to Mattel.  MGA also objects to this request to the

9    extent it calls for the disclosure of attorney-client privileged information or information

10    protected from disclosure by the work-product doctrine, joint defense or common interest

11    privilege, or other privilege.

12       Subject to the foregoing, MGA will produce all relevant and responsive non-

13    objectionable documents in its possession, custody or control, if any, that support its

14    affirmative defenses, that it is able to locate following a reasonably diligent search.

15    **REQUEST FOR PRODUCTION NO. 96:**

16       All doll heads, sculpts, prototypes, models, samples and tangible items that were

17    created, prepared or made, whether in whole or in part, prior to January 1, 2001 that

18    REFER OR RELATE TO BRATZ.

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

20       MGA incorporates by reference the above-stated general objections as if fully set

21    forth herein.  MGA specifically objects to this request to the extent that it seeks tangible

22    items not within MGA's possession, custody or control.  MGA also objects to this request

23    to the extent it seeks information the disclosure of which would implicate the rights of

24    third parties to protect private, confidential, proprietary or trade secret information.  MGA

25    also specifically objects to this request on the grounds that it seeks confidential,

26    proprietary, or commercially sensitive information, the disclosure of which would be

27    inimical to the business interests of MGA.  MGA also objects to this request to the extent

28    it calls for the disclosure of attorney-client privileged information or information

EXHIBIT __20__

PAGE __432__

1  protected from disclosure by the work product doctrine, joint defense or common interest
2  privilege, or other privilege.
3       Subject to the foregoing, MGA will produce all relevant and responsive non-
4  objectionable tangible items in its possession, custody or control, if any, that it is able to
5  locate following a reasonably diligent search.
6  **REQUEST FOR PRODUCTION NO. 97:**
7       All doll heads, sculpts, prototypes, models, samples and tangible items that were
8  created, prepared or made, whether in whole or in part, prior to January 1, 2001 that
9  REFER OR RELATE TO ANGEL.
10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**
11      MGA incorporates by reference the above-stated general objections as if fully set
12 forth herein.  MGA specifically objects to this request on the grounds that it seeks
13 information not relevant to the subject matter of this lawsuit or reasonably calculated to
14 lead to the discovery of admissible evidence and is, thus, overbroad including, without
15 limitation, in that it seeks tangible items referring or relating to MGA products not at issue
16 in this lawsuit.  MGA also objects to this request on the grounds that it seeks tangible
17 items not within MGA's possession, custody or control.  MGA also objects to this request
18 to the extent it seeks information the disclosure of which would implicate the rights of
19 third parties to protect private, confidential, proprietary or trade secret information.  MGA
20 also specifically objects to this request on the grounds that it seeks confidential,
21 proprietary, or commercially sensitive information, the disclosure of which would be
22 inimical to the business interests of MGA.  MGA also objects to this request to the extent
23 it calls for the disclosure of attorney-client privileged information or information
24 protected from disclosure by the work product doctrine, joint defense or common interest
25 privilege, or other privilege.
26      Subject to the foregoing, MGA will produce all relevant and responsive non-
27 objectionable tangible items in its possession, custody or control, if any, that it is able to
28 locate following a reasonably diligent search.

LA2:756234.3

85

EXHIBIT 

PAGE 433

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    **REQUEST FOR PRODUCTION NO. 98:**

2        All doll heads, sculpts, prototypes, models, samples and tangible items that Anna

3    Rhee painted, whether in whole or in part, for or with YOU or on YOUR behalf or for or

4    on behalf of BRYANT prior to January 1, 2001.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

6        MGA incorporates by reference the above-stated general objections as if fully set

7    forth herein.  MGA specifically objects to this request on the grounds that it seeks

8    information not relevant to the subject matter of this lawsuit or reasonably calculated to

9    lead to the discovery of admissible evidence and is, thus, overbroad including, without

10   limitation, to the extent that is seeks tangible items relating to products not at issue in this

11   lawsuit.  MGA also objects to this request on the grounds that it seeks tangible items not

12   within MGA's possession, custody or control.  MGA also objects to this request to the

13   extent it seeks information the disclosure of which would implicate the rights of third

14   parties to protect private, confidential, proprietary or trade secret information.  MGA also

15   specifically objects to this request on the grounds that it seeks confidential, proprietary, or

16   commercially sensitive information, the disclosure of which would be inimical to the

17   business interests of MGA.  MGA also objects to this request to the extent it calls for the

18   disclosure of attorney-client privileged information or information protected from

19   disclosure by the work product doctrine, joint defense or common interest privilege, or

20   other privilege.

21       Subject to the foregoing, MGA will produce all relevant and responsive non-

22   objectionable tangible items in its possession, custody or control, if any, that it is able to

23   locate following a reasonably diligent search.

24   **REQUEST FOR PRODUCTION NO. 99:**

25       All doll heads, sculpts, prototypes, models, samples and tangible items that REFER

26   OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced,

27   created, authored, conceived of or reduced to practice, whether alone or jointly with

28   others, prior to January 1, 2001.

LA2:756234.3

86

EXHIBIT **2D**

PAGE **434**

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

2          MGA incorporates by reference the above-stated general objections as if fully set

3    forth herein.  MGA specifically objects to this request on the grounds that it seeks

4    information not relevant to the subject matter of this lawsuit or reasonably calculated to

5    lead to the discovery of admissible evidence and is, thus, overbroad including, without

6    limitation, in that it seeks tangible items relating to DESIGNS for dolls, doll accessories

7    or toys that are not at issue in this lawsuit, and in that it reaches back into time indefinitely

8    and, thus, for example, calls for documents referring or relating to DESIGNS Bryant

9    might have conceived of in his childhood and that have nothing whatsoever to do with this

10   action.  MGA also objects to this request on the grounds that it seeks tangible items not

11   within MGA's possession, custody or control.  MGA also objects to this request to the

12   extent it seeks information the disclosure of which would implicate the rights of third

13   parties to protect private, confidential, proprietary or trade secret information.  MGA also

14   specifically objects to this request on the grounds that it seeks confidential, proprietary, or

15   commercially sensitive information, the disclosure of which would be inimical to the

16   business interests of MGA.  MGA also objects to this request to the extent it calls for the

17   disclosure of attorney-client privileged information or information protected from

18   disclosure by the work product doctrine, joint defense or common interest privilege, or

19   other privilege.

20         Subject to the foregoing, MGA will produce all relevant and responsive non-

21   objectionable tangible items in its possession, custody or control, if any, that it is able to

22   locate following a reasonably diligent search.

23   **REQUEST FOR PRODUCTION NO. 100:**

24         All doll heads, sculpts, prototypes, models, samples and tangible items that

25   support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR

26   Affirmative Defenses in this action.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

28         MGA incorporates by reference the above-stated general objections as if fully set

LA2:756234.3                          87                    MGA'S RESPONSE TO 1ST SET OF
                                                           REQUEST FOR PRODUCTION OF
                              EXHIBIT __20__              DOCUMENTS

                              PAGE __435__

1    forth herein.  MGA also specifically objects to this request on the grounds that it is

2    overbroad and unduly burdensome in that it calls for all tangible items that support, refute

3    or otherwise refer or relate to any facts underlying MGA's affirmative defenses.  MGA

4    also objects to this request on the grounds that it calls for legal conclusions.  MGA also

5    objects to this request to the extent it calls for the disclosure of attorney-client privileged

6    information or information protected from disclosure by the work-product doctrine, joint

7    defense or common interest privilege, or other privilege.

8         Subject to the foregoing, MGA will produce all relevant and responsive non-

9    objectionable documents in its possession, custody or control, if any, that support its

10   affirmative defenses, that it is able to locate following a reasonably diligent search.

11

12

13        AS TO OBJECTIONS ONLY:

14

15   Dated: April 13, 2005

16        DIANA M. TORRES
          PAULA E. AMBROSINI

17        O'MELVENY & MYERS LLP

18

19        By: _Paula Ambrosini / by JR_

20        Paula E. Ambrosini

21        Attorneys for Defendant-in-Intervention
          MGA Entertainment, Inc.

22

23

24

25

26

27

28

88

EXHIBIT 20

PAGE 436

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

1

**PROOF OF SERVICE**

2

I, Jennifer R. Szoke, declare:

3

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On April 13, 2005, I served the within document:

4

5

**MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**

6

7

☒    by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407.

8

9

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

10

11

12

13

14

Keith Jacoby (by mail only)

15

Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor

16

Los Angeles, CA 90067-3107

17

Tel: (310) 553-0308
Fax: (310) 553-5583

18

19

Michael T. Zeller (by fax and mail)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor

20

Los Angeles, California 90017-2543

21

Tel: (213) 443-3000
Fax: (213) 443-3100

22

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

23

24

Executed on April 13, 2005, at Los Angeles, California.

25

26

_____
Jennifer R. Szoke

27

LA2:758376.1

28

EXHIBIT 20

PAGE 437

# EXHIBIT 21

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443 3000
6  Facsimile:  (213) 443 3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11 | CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx)
12 |                Plaintiff,            | Consolidated with
   |                                      | Case No. CV 04-09059
13 |        vs.                           | Case No. CV 05-02727
14 | MATTEL, INC., a Delaware             | **NOTICE OF RENEWED MOTION
15 | corporation,,                        | AND RENEWED MOTION FOR
   |                                      | ISSUANCE OF LETTER OF
16 |                Defendant.            | REQUEST**
17 |                                      | [Declaration of Jon Corey; Notice of
   | AND CONSOLIDATED ACTIONS             | Lodging of Foreign Authorities; and
18 |                                      | [Proposed] Order Filed Concurrently]
19 |                                      | Hearing Date:    March 30, 2009
   |                                      | Time:            10:00 a.m.
20 |                                      | Courtroom:       1
21 |                                      | **Phase 2**
   |                                      | Discovery Cut-off:      Not Set
22 |                                      | Pre-trial Conference:   Not Set
   |                                      | Trial Date              Not Set
23

24

25

26

27                                    EXHIBIT _21_

28                                    page _436_

07975/2768037.2

                        MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on March 30, 2009, at 10:00 a.m., or as soon

3  thereafter as the matter may be heard, in the courtroom of Honorable Stephen G.

4  Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc.

5  will, and hereby does, move the Court, pursuant to Federal Rule of Civil Procedure

6  28, for the issuance of a Letter of Request for International Judicial Assistance:

7  (1) to compel the oral deposition and production of documents by Janine Brisbois in

8  her personal capacity in Ontario, Canada; and (2) to compel the oral deposition of

9  MGA Entertainment Canada Company's ("MGA Canada") person most

10  knowledgeable and the production of documents by MGA Canada in Ontario,

11  Canada. A form of the Letter of Request for International Judicial Assistance for

12  Janine Brisbois and MGA Canada are attached hereto as Exhibit 1. The documents

13  requested by Mattel are set forth in Schedules B and D to the attached Letter of

14  Request. The topics of oral testimony sought from Janine Brisbois and MGA

15  Canada's designee or designees are set forth in Schedules C and E, respectively.

16      Mattel makes this motion pursuant to Federal Rule of Civil Procedure 28 on

17  the grounds that Ms. Brisbois and MGA Canada have evidence in the form of

18  relevant testimony and documents critical to the subject matter of these consolidated

19  cases and specifically to Mattel's Counterclaims. MGA Canada and Ms. Brisbois,

20  through counsel for MGA Entertainment, Inc., the parent of MGA Canada, have

21  refused to provide to Mattel the requested evidence. Accordingly, Mattel requests

22  that this Court issue the accompanying Letter of Request for International Judicial

23  Assistance to obtain the requested evidence.

24      This Motion is based on this Notice of Motion, the accompanying

25  Memorandum of Points and Authorities, the accompanying Declaration of Jon

26  Corey, the Notice of Lodging, all other pleadings and papers on file in this action,

27  any matters of which this Court may take judicial notice, and such further evidence

28  and argument as may be presented at or before the hearing on this matter.

07975/2768037.2

-2-

EXHIBIT **21**

MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST

PAGE **439**

1         The parties met and conferred on the matters in this Motion on September 18,

2    2007 pursuant to <u>Local Rule</u> 7-3 and thereafter.

3

4    DATED:  January 26, 2009            QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP
5

6                                        By_/s/ Jon Corey
                                            Jon Corey
7                                           Attorneys for Mattel, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  21

PAGE  440

07975/2768037.2

-3-

MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................I

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ................................................................................... 2

ARGUMENT ...................................................................................................... 4

I.   THE COURT HAS AUTHORITY TO ISSUE THE LETTER OF
     REQUEST ................................................................................................. 4

II.  MATTEL'S REQUEST FOR INFORMATION IS CONSISTENT
     WITH CANADIAN LAW .......................................................................... 8

     A.   The Topics Of Testimony And Categories Of Documents Sought
          From Ms. Brisbois and MGA Canada Are Both Relevant And
          Necessary To Mattel's Prosecution Of Its Counterclaims At Trial.......10

     B.   Mattel Has Unsuccessfully Attempted To Obtain The Testimony
          And Documentary Evidence To Prosecute Its Counterclaims..............12

     C.   The District Court's Order Granting Mattel's Letter Of Request Is
          Not Contrary To Canadian Public Policy Or Sovereignty....................13

     D.   The Documents Sought Are Specified With Reasonable
          Particularity And No Undue Burden Will Result .................................14

CONCLUSION................................................................................................. 15

EXHIBIT *21*

*441*

1
## TABLE OF AUTHORITIES
2
Page
3
### Cases
4
5 Advance/Newhouse Partnership and Bright House Networks, LLC v. Brighthoulse, Inc.,
6   [2005] CarswellOnt 1371 (S.C.J.) .......................................................... 15

7 Campbell Estate v. Stenhouse,
  [1995] B.C.J. No. 2304 .................................................................. 13

8 Friction Division Products Inc. v. E.I. Du Pont de Nemours & Co. (No. 2),
9   [1986] 56 O.R. (2d) 722 (H.C.J.).................................................. 9

10 Ontario Public Service Employees Union Pension Trust Fund v. Clark,
  (2006) 270 D.L.R. (4th) 429 (C.A.)........................................ 12, 15

11 Zingre v. The Queen et al.,
12   1981 CanLII 32 at 401 (S.C.C.)................................................ 13
13
### Statutes
14 Federal Rule of Civil Procedure 28(b)(1) ............................................ 4

15 Federal Rule of Civil Procedure 28(b)(2) ............................................ 4
16
### Other Authorities
17
18 Canada Evidence Act, R.S.C., ch. C-5, § 46 (1999) (Can.) ..................... 9
19
Ontario Evidence Act, § 60(1)................................................................... 9

R.S.O. 1990, c. E.23, s. 60 (1); 2000, c. 26, Sched. A, s. 7 (2). ................... 9
20
21
22
23
24
25
26
27
28

EXHIBIT 21
PAGE 442

MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST

07975/2768037.2

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel, Inc. ("Mattel") requests that this Court issue the accompanying Letter of Request for International Judicial Assistance for the purpose of taking the deposition under oath of Janine Brisbois and MGA Canada in Ontario, Canada. Mattel further requests the Letter of Request provide for the production of documents by Ms. Brisbois and MGA Canada.

There is ample justification for the issuance of the Letter of Request. Janine Brisbois, Mattel's former Director of Sales for the Girls Division in Canada, is a key figure in Mattel's counterclaims. Mattel's claims include allegations that Ms. Brisbois, while employed by Mattel, was responsible for Mattel's accounts at Toys 'R Us and Wal-Mart. Ms. Brisbois had access to and subsequently stole Mattel's trade secrets and/or otherwise confidential and propriety information and furnished this information to MGA. Ms. Brisbois also stole and provided to MGA approximately 45 Mattel documents ranging from Mattel's BARBIE television advertising strategy to product launch dates for new Mattel products. Ms. Brisbois and MGA subsequently used this information to MGA's benefit, including MGA's management of its Toys 'R Us and Wal-Mart accounts. Given Ms. Brisbois' and MGA's misconduct, the requested discovery is both highly relevant and essential to Mattel's counterclaims.

Further, as to MGA Canada, Mattel seeks discovery in the form of deposition testimony and documents regarding how MGA Canada used Mattel's trade secrets, confidential and proprietary information to the benefit of MGA Entertainment in the United States. This requires that Mattel understand, for example, the manner in which MGA Canada accesses, stores, reproduces, disseminates and/or reviews the documents and information stolen by Ms. Brisbois from Mattel. Accordingly, Mattel seeks documents regarding MGA Canada's use of Mattel's proprietary and confidential information and the deposition of MGA Canada on these topics.

EXHIBIT 21

PAGE 443

07975/2768037.2

-1-

MATTEL, INC.'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST

1      The requested discovery is narrowly tailored.  Mattel seeks to depose
2 Ms. Brisbois on six topics and Mattel has requested 10 categories of documents be
3 produced by her.  Similarly, Mattel seeks to depose MGA Canada's person most
4 knowledgeable on two topics and Mattel has requested 10 categories of documents be
5 produced.  While this discovery, which may be otherwise unavailable to Mattel, will
6 not impose an undue burden upon Ms. Brisbois or MGA Canada, it is essential for
7 Mattel to prosecute its counterclaims against MGA.  The requested discovery is not
8 contrary to Canadian public policy, and it will not infringe upon Canadian sovereignty.
9 For these reasons, and for the reasons set forth below, the Court should issue the
10 proposed Letter of Request for Foreign Judicial Assistance.

11 **Statement of Facts**

12      MGA Canada is a direct, fully-owned subsidiary of defendant MGA
13 Entertainment, Inc.[1]  Mattel has previously attempted to depose Ms. Brisbois.  Mattel
14 noticed Ms. Brisbois' deposition on two occasions—once for November 8, 2007 and
15 again for November 14, 2007.[2]  Mattel also requested that MGA voluntarily produce
16 Ms. Brisbois for deposition.[3]  MGA refused, asserting that Ms. Brisbois works for a
17 non-party in Canada and, therefore, Mattel improperly noticed her deposition.[4]

18

19 [1]  See Exhibit 515 to the July 19, 2007 deposition transcript of Lisa Tonnu
(attached to the Declaration of Jon D. Corey dated January 26, 2009 ("Corey Dec.")
20 as Exhibit P, respectively); 7/19/2007 Tonnu Tr. at 47:14 to 48:11(attached to the
Corey Dec. as Exhibit H); see also letter from Jon Corey to Amman Khan dated
21 September 25, 2007 ("You also stated that Jeanine Brisbois does not work for MGA,
22 but an MGA subsidiary. . . . ") (attached to the Corey Dec. as Exhibit I).
23 [2]  See Notice of Deposition of Janine Brisbois dated September 14, 2007;
Corrected Notice of Deposition of Janine Brisbois dated September 14, 2007
24 (attached to the Corey Dec. as Exhibits A and B, respectively).
25 [3]  See Letter from Jon Corey to MGA's counsel dated September 14, 2007
(attached to the Corey Dec. as Exhibit C).
26 [4]  See Letter from Scott E. Gizer to the Honorable Edward Infante dated
27 September 16, 2007 (attached to the Corey Dec. as Exhibit D); see also MGA
Entertainment, Inc's Objection to Mattel Inc.'s Submission Regarding Deposition
28 (footnote continued)

EXHIBIT **21**

**444**

07975/2768037.2