# EXHIBIT 1

EXHIBIT 21

PAGE 458

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13        Plaintiff, | Consolidated with Case No. CV 04-09059 |
| 14    vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation,, | **[PROPOSED] REQUEST FOR JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** |
| 16 | |
| 17        Defendant. | |
| 18  AND CONSOLIDATED ACTIONS | |

19

20

21

22

23

24

25

26

27

28

EXHIBIT __21__

PAGE __459__

REQUEST FOR JUDICIAL ASSISTANCE

07975/2774602.1

# TABLE OF CONTENTS

**Page**

I.    NATURE OF PROCEEDINGS ...................................................................... 2

   A.    Names and Addresses of the Parties and Their Representatives ............ 2

   B.    Nature and Purpose of the Proceedings and Summary of the Alleged Facts ............................................................................................ 2

      1.    Procedural Background ................................................................. 2

      2.    Knowledge of Person to be Examined ......................................... 4

         (a)    Janine Brisbois .................................................................. 4

         (b)    MGA Entertainment Canada ............................................. 6

II.    CANADIAN EVIDENCE SOUGHT .............................................................. 6

   A.    Janine Brisbois ................................................................................... 7

   B.    MGA Entertainment Canada's Person Most Knowledgeable ................ 9

      1.    Subject Matter About Which The Deponents Are To Be Examined ................................................................................... 10

      2.    Special Methods or Procedures to be Followed ......................... 10

      3.    Fees and Costs ............................................................................ 10

      4.    Conclusion ................................................................................. 10

III.    REQUEST FOR JUDICIAL ASSISTANCE ................................................ 11

IV.    RECIPROCITY ............................................................................................ 14

V.    CONCLUSION ............................................................................................. 14

SCHEDULE A .............................................................................................. 15

SCHEDULE B .............................................................................................. 16

SCHEDULE C .............................................................................................. 20

SCHEDULE D .............................................................................................. 21

SCHEDULE E .............................................................................................. 25

EXHIBIT _21_

PAGE _460_

REQUEST FOR JUDICIAL ASSISTANCE

07975/2774602.1

1  **TO THE ONTARIO SUPERIOR COURT OF JUSTICE:**

2  　　　The United States District Court for the Central District of California presents

3  its compliments to the Ontario Superior Court of Justice, and requests international

4  judicial assistance to obtain the following: (1) the production of documents and oral

5  examination, under oath, from Janine Brisbois, as set forth in Schedule B and C,

6  respectively; (2) the production of documents from MGA Entertainment Canada, as

7  set forth in Schedule D; and (3) the oral examination, under oath, from MGA

8  Entertainment Canada on the topics set forth in Schedule E.

9  　　　This request is made pursuant to 28 U.S.C. § 1781 and the Canada Evidence

10  Act, Revised Statutes of Canada, 1970, c. E-10.  This Court, the United States

11  District Court for the Central District of California, Eastern Division, is a

12  competent court of law and equity which properly has jurisdiction over this

13  proceeding, and has the power to compel the attendance of witnesses and production

14  of documents both within and outside its jurisdiction.  On information and belief,

15  Ms. Brisbois resides in Canada.  The testimony of Ms. Brisbois and the production

16  of documents by her is intended for use at trial.  Further, on information and belief,

17  the person most knowledgeable on the topics set forth in Schedule E is employed by

18  MGA Entertainment Canada and resides in Ontario, Canada.  The testimony of this

19  witness and the production of documents by MGA Canada is intended for use at

20  trial.

21  　　　This request is made with the understanding that it will in no way require the

22  person described below to commit any offense, nor will it require the person

23  described below to undergo a broader form of inquiry than they would if the

24  litigation were conducted in Canada.  In the proper exercise of its authority, this

25  Court has determined that the testimony of Janine Brisbois on the topics set forth in

26  Schedule C and the documents described in Schedule B can not be secured except

27  by the intervention of the Ontario Superior Court of Justice.  This Court has further

28  determined that the testimony of the person most knowledgeable on the topics set

1

EXHIBIT _21_

REQUEST FOR JUDICIAL ASSISTANCE
PAGE _161_

1  forth in Schedule E and the documents described in Schedule D can not be secured

2  except by intervention of the Ontario Superior Court of Justice.

3  **I.   NATURE OF PROCEEDINGS**

4      **A.   Names and Addresses of the Parties and Their Representatives**

5         The evidence requested relates to the action entitled <u>Bryant v. Mattel, Inc.</u>,

6  Case No. CV 04-9049 SGL (RNBx), which consists of three actions that have been

7  consolidated before the requesting judicial authority: <u>Mattel, Inc. v. Bryant</u>, Case

8  No. CV 04-9049 SGL (RNBx) (the "Bryant Case"); <u>Bryant v. Mattel, Inc.</u>, Case

9  No. CV 04-9049 SGL (RNBx) (the "Declaratory Relief Case"), and <u>MGA v.</u>

10  <u>Mattel, Inc.</u>, Case No. CV05-2727 SGL (RNBx) (the "Unfair Competition Case").

11  The parties and their representatives are listed in Schedule A attached hereto.  The

12  applicant for this letter of request is defendant and cross-plaintiff Mattel, Inc.

13  ("Mattel").

14      **B.   Nature and Purpose of the Proceedings and Summary of the**

15          **Alleged Facts**

16         **1.   Procedural Background**

17     <u>Mattel's Original Complaint</u>.  Mattel learned in November 2003 that Carter

18  Bryant, a former Mattel doll designer, had contracted to provide and provided

19  services to MGA Entertainment, Inc. while he was a Mattel employee.  Mattel

20  originally filed suit against Bryant for breach of contract, breach of fiduciary duty,

21  breach of the duty of loyalty, unjust enrichment and conversion in April 2004.  In its

22  Complaint, Mattel alleged its claim to ownership of all inventions and works created

23  by Bryant during his Mattel employment and seeks to recover all benefits obtained

24  as a result of his breach of duties.  As of January 2005, Bryant claimed he had

25  earned more than $10 million from his relationship with MGA.  MGA intervened in

26  Mattel's case against Bryant in December 2004 to defend the rights it claims in the

27  Bratz properties, which Bryant created while, Mattel alleges, he was a Mattel doll

28  designer.   EXHIBIT _21_

1    Bryant's Counterclaims.  Bryant initially challenged the assignment
2    provisions in the Inventions Agreement between he and Mattel in four
3    Counterclaims, alleging unconscionability, mistake, duress, fraud, Labor Code
4    violations, Business and Professions Code violations, unfair competition and other
5    claims.  Bryant sought rescission of the Inventions Agreement and a declaration that
6    the Inventions Agreement is unenforceable.  The Court dismissed all of Bryant's
7    Counterclaims in an 18-page Order.  The Court rejected Bryant's arguments that the
8    Inventions Agreement is not enforceable, holding that, even construing Bryant's
9    allegations in the light most favorable to him, "Bryant cannot prove any set of facts
10   in support of the claims that would entitle him to relief."

11       In addition to his Counterclaims, Bryant sued Mattel in November 2004 for a
12   declaratory judgment that he had not infringed the copyrights in a Mattel project
13   known as "Toon Teens."  Like his Counterclaims, the Court dismissed Bryant's
14   declaratory judgment complaint on the pleadings.

15       Consolidation.  After the Court lifted a discovery stay imposed while the
16   Ninth Circuit Court of Appeal resolved an appeal regarding subject matter
17   jurisdiction issues, the Court consolidated Mattel's case against Bryant, Bryant's
18   declaratory relief case and a case that MGA had filed against Mattel alleging trade
19   dress infringement, delusion and unfair competition, among others, for all purposes.

20       Mattel's Second Amended Counterclaims.  Mattel filed its Second Amended
21   Answer and Counterclaims on July 12, 2007, asserting thirteen counterclaims
22   against six named defendants, MGA Entertainment, Inc., Isaac Larian, MGA
23   Entertainment (HK) Ltd., MGAE de Mexico S.R.L. de C.V., Carlos Gustavo
24   Machado Gomez, and Carter Bryant.  Mattel's counterclaims included claims for
25   copyright infringement, misappropriation of trade secrets, violation of and
26   conspiracy to violate the Racketeer Influenced and Corrupt Organizations ("RICO")
27   Act, breach of contract, intentional interference with contract, breach of fiduciary
28   duty, aiding and abetting breach of fiduciary duty, breach of duty of loyalty, aiding

3

EXHIBIT 21

1   and abetting breach of duty of loyalty, conversion, unfair competition, and

2   declaratory relief.

3       In its Second Amended Counterclaims, Mattel alleges that MGA and other

4   defendants have engaged in the systematic theft of Mattel's trade secrets, which

5   MGA used to unfairly compete against Mattel.[1]  It is alleged that MGA hired

6   directly from Mattel at least 25 employees, ranging from the Senior Vice-President

7   level to lower level employees.[2]  Mattel further alleged that MGA specifically

8   targeted and recruited many of these employees based on the Mattel confidential and

9   proprietary information the Mattel employees could access and bring to MGA.[3]

10  Janine Brisbois was one of these Mattel employees.

11              **2.    Knowledge of Person to be Examined**

12                  **(a)    Janine Brisbois**

13      Mattel has alleged that Janine Brisbois was one of the principal actors in

14  MGA's scheme to steal and profit from Mattel's trade secrets and confidential and

15  proprietary information.  MGA recruited Janine Brisbois in 2005.  In 2005,

16  Ms. Brisbois was a Director of Sales for Mattel's Girls Division in Canada and

17  responsible for Mattel's accounts with Toys 'R Us and Wal-Mart.[4]  When

18  Ms. Brisbois joined MGA Entertainment Canada, MGA gave her responsibility for

19  those same accounts.[5]

20      Mattel alleges that Ms. Brisbois spoke with Isaac Larian, the President and

21  CEO of MGA, prior to her departure from Mattel, and four days before she

22  resigned, copied approximately 45 Mattel documents containing Mattel proprietary

23

---

24  [1]   The allegations set forth in this section are from Mattel's Second Amended

25  Counterclaims dated July 12, 2007. Id. at ¶ 37.

       [2]   Id. at ¶ 77.

26     [3]   Id.

       [4]   Id. at ¶ 71.

27     [5]   Id. at ¶ 73.

28

EXHIBIT  21

PAGE  464

REQUEST FOR JUDICIAL ASSISTANCE

Case 2:04-cv-09049-DOC-RNB   Document 6436-8   Filed 08/26/09   Page 8 of 106   Page ID
#:214472
Case 2:04-cv-09049-SGL-RNB   Document 4721   Filed 01/26/2009   Page 28 of 66

1   advertising, project, sales, customer and strategy information (for both Canada and

2   the United States) onto a USB drive.[6]  While Ms. Brisbois was working as a Vice

3   President of Sales at MGA Entertainment Canada, Brisbois accessed and used a

4   number of these Mattel documents.[7]  Mattel further alleges that Ms. Brisbois and

5   MGA subsequently used these stolen trade secrets to improperly benefit MGA

6   Entertainment, Inc., including its management of MGA's Toys 'R Us and Wal-Mart

7   accounts.[8]  Ms. Brisbois' testimony regarding her participation in this alleged

8   scheme with MGA and anyone acting on MGA's behalf is, therefore, both relevant

9   to and essential for Mattel's prosecution of its Counterclaims.[9]

10        Mattel's document requests also seek highly relevant documents.  Mattel

11   requests documents containing communications between Ms. Brisbois and MGA

12   prior to her resignation from Mattel.  Such documents will prove that Ms. Brisbois,

13   acting in concert with MGA, planned and subsequently stole Mattel's trade secret, or

14   otherwise confidential and propriety information.  These documents are also

15   relevant and necessary to support Mattel's Counterclaims for misappropriation of

16   trade secrets, among others.[10]  Similarly, documents regarding Mattel's proprietary

17   information received by MGA from Ms. Brisbois (either directly or indirectly) will

18   show the same and such documents are necessary in order for Mattel to adequately

19   prosecute its Counterclaims.

20        Mattel has previously sought to depose Ms. Brisbois.  Mattel noticed her

21   deposition and requested, through MGA's counsel, that she voluntarily appear for

22

23

24

25   [6]  Id. at ¶ 74.
26   [7]  Id. at ¶¶ 70-76.
     [8]  Id. at ¶ 97.
27   [9]  Id. at ¶¶ 88-97; 98-105, 106-115.
28   [10]  Id. at ¶¶ 88-97; 98-105, 106-115.

EXHIBIT 21

PAGE 465

1  deposition and produce the requested documents.  MGA's counsel, on behalf of

2  Ms. Brisbois, refused.[11]

3              **(b)**    **MGA Entertainment Canada**

4       Through this Letter of Request, Mattel seeks discovery in the form of

5  deposition testimony and documents regarding how MGA Entertainment Canada

6  used Mattel's trade secrets, confidential and proprietary information to the benefit of

7  MGA Entertainment in the United States.  This discoverable information requires

8  that Mattel understand the manner in which MGA Entertainment Canada accesses,

9  stores, reproduces, disseminates, and/or reviews the documents and information

10  stolen by Ms. Brisbois from Mattel.  Accordingly, Mattel seeks the deposition of

11  MGA Entertainment Canada's person most knowledgeable on the topics set forth in

12  Schedule E.

13  **II.**    **CANADIAN EVIDENCE SOUGHT**

14       The evidence to be obtained consists of testimony for use in the trial of the

15  actions that have been consolidated as part of <u>Bryant v. Mattel, Inc.</u>, Case No. 04-

16  9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727).  It

17  is requested that a Canadian judicial authority compel Janine Brisbois to appear and

18  to be deposed, under oath, as to her knowledge of the topics set forth in Schedule C.

19  Additionally, Mattel requests the production of documents, as set forth in Schedule

20  B.  It is further requested that a Canadian judicial authority compel MGA

21  Entertainment Canada to identify a designee and to appear and to be deposed, under

22  oath, as to his or her knowledge of the topics set forth in Schedule E, and compel

23  MGA Entertainment Canada to produce the documents described in Schedule D.

24

25

26

27  [11]   See <u>generally</u> Declaration of Jon D. Corey dated January 28, 2008 and
Exhibits A-O attached thereto.

28

EXHIBIT  *21*

PAGE  *466*

6

REQUEST FOR JUDICIAL ASSISTANCE

## A.   Janine Brisbois

Ms. Brisbois resides in your jurisdiction at 3130 Cole Road, RR # 2, Queensville, Ontario, Canada L0GR0. As detailed in section I.B.2, *supra*, it is alleged that Ms. Brisbois was one of the principal actors engaged in MGA's scheme of wrongdoing underlying Mattel's Counterclaims in that she stole and subsequently assisted MGA in profiting from Mattel's trade secrets, or otherwise confidential or proprietary information. Mattel has alleged:

> In 2005, MGA needed help in Canada. So MGA, again operating from its Southern California headquarters, hired Janine Brisbois from Mattel. At that time, Ms. Brisbois was responsible for Mattel's account with Toys 'R Us ("TRU") and Wal-Mart. MGA gave her responsibility for those same accounts, and she took from Mattel documents containing proprietary advertising, project, sales, customer and strategy information for not only Canada, but for the United States. Eliminating any doubt that MGA then proceeded to use those stolen materials, Brisbois subsequently accessed and modified certain of those Mattel documents while employed by MGA.[12]

> *   *   *

> Mattel subsequently learned that on the same day that she spoke with Mr. Larian and four days before she resigned, Brisbois copied approximately 45 Mattel documents on to a USB or "thumb" drive with the volume label "BACKPACK." On information and belief, Brisbois

EXHIBIT 21

PAGE 467

07975/2774602.1

7

1    removed the thumb drive from Mattel Canada's office by

2    concealing it in her backpack or gym bag the last time

3    that she left that office.  These documents contained

4    Mattel trade secret and proprietary information, and

5    included:

6    •    a document containing the price, cost, sales plan

7    and quantity of every Mattel product ordered by every

8    Mattel customer in 2005 and 2006;

9    •    the BARBIE television advertising strategy and

10   information concerning sales increases generated by

11   television advertisements;

12   •    competitive analysis of Mattel vis-à-vis its

13   competitors in Canada;

14   •    an analysis of Mattel's girls business sales

15   beginning in 2003 and forecasts through 2006;

16   •    profit and loss reviews for Mattel's products being

17   sold in Wal-Mart, including margins and profit in not

18   only Canada, but in the United States and Mexico; and a

19   document containing the product launch dates and related

20   advertising for all Mattel new products between Fall

21   2005 and Spring 2006.[13]

22                    *      *      *

23   After Mattel discovered that Brisbois had copied these

24   sensitive documents to a thumb drive, Mattel notified

25   Canadian law enforcement authorities.  Canadian law

26

27   [12]  Id. at ¶ 4.

28   [13]  Id. at ¶ 74.

EXHIBIT 21

PAGE 468

1   enforcement authorities recovered from Brisbois a thumb

2   drive with the volume label "BACKPACK" containing

3   the documents that Brisbois had copied from Mattel's

4   computer system.  Mattel later learned that while she was

5   working as a Vice President of Sales at MGA, Brisbois

6   accessed and modified documents on that thumb drive.[14]

7   These allegations, and others, underlie Mattel's claims for misappropriation of

8   trade secrets and RICO violations.[15]  These allegations are also relevant to Mattel's

9   claims in that they will bear on and Mattel believes will evidence MGA's theft and

10  use of Mattel's trade secrets.  Moreover, they are relevant to MGA's unfair

11  competition claims because such information will prove that it was MGA that had

12  prior access to Mattel's business plans and strategies and that MGA was the one

13  copying Mattel—not the other way around as MGA alleges.

14  Because Ms. Brisbois has unique and personal knowledge of the matters at

15  issue in the consolidated litigation proceedings, it will further the interests of justice

16  if she is deposed, under oath, as to her knowledge of the facts which are relevant to

17  the issues of these cases and produce the documents set forth in Schedule B.

18  **B.    MGA Entertainment Canada's Person Most Knowledgeable**

19  MGA Entertainment Canada resides in your jurisdiction at 7100 Woodbine

20  Avenue, Suite #202, Markham, Ontario, Canada, L3R 5J2.  MGA Entertainment

21  Canada's designee on the topics set forth in Schedule E has unique and personal

22  knowledge regarding the manner in which MGA Entertainment Canada accessed,

23  used, reproduced, disseminated and/or transferred Mattel's trade secrets, confidential

24  and proprietary information stolen by Ms. Brisbois.  Therefore, it will further the

25  interests of justice if MGA Entertainment Canada designee is deposed, under oath,

26

27  [14] Id. at ¶ 75.
28  [15] Id. at ¶¶ 88-115.

EXHIBIT 21

PAGE 469

07975/2774602.1

9

REQUEST FOR JUDICIAL ASSISTANCE

1   as to his or her knowledge of the facts which are relevant to the issues of these cases

2   and produce the documents set forth in Schedule D.

3           **1.**    **Subject Matter About Which The Deponents Are To Be**

4                   **Examined**

5       The subject matter about which Ms Brisbois is to be examined is set forth in

6   Schedule C. The subject matter about which MGA Entertainment Canada designee

7   is to be examined is set forth in Schedule E.

8           **2.**    **Special Methods or Procedures to be Followed**

9       The examinations shall be taken under the Federal Rules of Civil Procedure

10   of the United States of America, except to the extent such procedure is incompatible

11   with the internal laws of Canada.

12       The examination shall be taken before a commercial stenographer and a

13   verbatim transcript shall be produced. The deposition shall also be videotaped.

14          **3.**    **Fees and Costs**

15       Any fees and costs incurred by Ms. Brisbois or MGA Entertainment Canada

16   in conjunction with their respective depositions and production of documents will be

17   paid by Defendant Mattel, Inc, through its counsel of record: Jon D. Corey, Quinn

18   Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor,

19   Los Angeles, CA 90017. Mattel's payment of any such fees and costs is without

20   prejudice to its making a subsequent request to be reimbursed for these costs by

21   other parties in this consolidated proceeding.

22          **4.**    **Conclusion**

23       Based on the foregoing and the Court's review of the pleadings, the

24   Declaration of Jon D. Corey filed concurrently with the Letter of Request, this Court

25   has concluded that Janine Brisbois has information, including both personal

26   knowledge and documents, about the transactions that are the subject of the civil

27   action against MGA and Carter Bryant, including but not limited to her knowledge

28   of the alleged theft of Mattel's propriety advertising, project, sales, customer and

EXHIBIT _21_

REQUEST FOR JUDICIAL ASSISTANCE
PAGE _110_

Case 2:04-cv-09049-DOC-RNB   Document 6436-8   Filed 08/26/09   Page 14 of 106   Page ID
#:214478
Case 2:04-cv-09049-SGL-RNB      Document 4721      Filed 01/26/2009      Page 34 of 66

1  strategy information and her knowledge of communications with MGA, or anyone

2  acting on MGA's behalf, on or before September 27, 2005, regarding her resignation

3  from Mattel; compensation, money or anything of value paid by MGA to

4  Ms. Brisbois.

5       Further, this Court has concluded that MGA Entertainment Canada has

6  information, including both personal information and documents, about the

7  transactions which are the subject of the civil action against MGA and Carter

8  Bryant, including but not limited to the manner in which MGA Entertainment

9  Canada accessed, used, reproduced, disseminated and/or transferred Mattel's trade

10  secrets, confidential and proprietary information stolen by Ms. Brisbois.

11       Accordingly, in the interests of justice and to assure a complete record, it is

12  necessary for: (1) Janine Brisbois to produce the documents set forth in Schedule B;

13  (2) Janine Brisbois to be examined under oath on the topics set forth in Schedule C;

14  (3) MGA Entertainment Canada to produce the documents set forth in Schedule D;

15  and (4) MGA Entertainment Canada to produce a designee knowledgeable about the

16  topics set forth in Schedule E to be examined under oath.

17  **III.    REQUEST FOR JUDICIAL ASSISTANCE**

18       The evidence sought cannot be obtained other than from Janine Brisbois or

19  MGA Entertainment Canada, through deposition and document production, and

20  such evidence will be useful to this Court in determining the validity of the claims

21  and defenses in this case. The evidence sought is necessary for trial in this matter

22  and will be adduced at trial, if admissible and appropriate.

23       Therefore, after having thoroughly reviewed the pleadings in this matter and

24  the exhibits attached to the concurrently filed Declaration of Jon D. Corey, this

25  Court requests the following as to Janine Brisbois:

26       (1)    You cause, by your proper and usual process, Janine Brisbois to be

27  summoned to appear before you or some competent office authorized by you, on a

28  date mutually agreed upon by the deponent and the parties or at a time and/or place

EXHIBIT **2/**

REQUEST FOR JUDICIAL ASSISTANCE
PAGE **477**

1  to be determined by you, to give testimony under oath by questions and answers

2  upon oral deposition, such deposition to continue day to day until completion and

3  conducted in accordance with the <u>Federal Rules of Civil Procedure</u> or as permitted

4  by you.  In the event that the Law of Canada does not permit the swearing of an oath

5  by a particular witness, the duly appointed officer shall make inquiry of such

6  witness to ensure that he/she understands the gravity of the procedure and affirms

7  that his/her statement will be true and correct in all respects.

8      (2)    You permit Janine Brisbois to be examined under oath by counsel for

9  all parties in this matter, allowing full examination and cross-examination on the

10  subject matter of this case, including the topics delineated in Schedule C to this

11  Letter of Request.

12      (3)    You order Janine Brisbois to produce documents at the offices of

13  Heenan Blaikie LLP, Attn: George Karayannides, Suite 2600, 200 Bay Street, Royal

14  Bank Plaza, South Tower, Toronto, Ontario M5J 2J4 in accordance with Schedule B

15  to this Letter of Request and not later than 5 court days prior to the date of

16  Ms. Brisbois' deposition.

17      (4)    You order Janine Brisbois to produce, at or immediately after the oral

18  examination, specific documents relevant to the subject matter of this case, the

19  existence of which becomes known during the course of the examination and which

20  are requested by counsel.

21      (5)    You cause a verbatim transcript of the testimony of the witness to be

22  taken and reduced to writing.  The deposition shall also be videotaped.

23      (6)    You order, pursuant to <u>Ontario Rule of Civil Procedure</u> 30.1, that the

24  oral and documentary evidence produced pursuant to your enforcement of this

25  Letter of Request shall not be used by anyone in any manner or proceeding other

26  than in this matter, <u>Bryant v. Mattel, Inc.</u>, Case No. 04-9049 SGL (RNBx)

27  (Consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United

28

EXHIBIT **21**

1   States District Court for the Central District of California.  A Protective Order was

2   entered in this action on January 4, 2005 (Attachment A hereto).

3        This Court further requests the following as to MGA Entertainment Canada:

4        (1)    You cause, by your proper and usual process, MGA Entertainment

5   Canada to produce a designee with knowledge of the topics set forth in Schedule E

6   to be summoned to appear before you or some competent office authorized by you,

7   on a date mutually agreed upon by the deponent and the parties or at a time and/or

8   place to be determined by you, to give testimony under oath by questions and

9   answers upon oral deposition, such deposition to continue day to day until

10  completion and conducted in accordance with the Federal Rules of Civil Procedure

11  or as permitted by you.  In the event that the Law of Canada does not permit the

12  swearing of an oath by a particular witness, the duly appointed officer shall make

13  inquiry of such witness to ensure that he/she understands the gravity of the

14  procedure and affirms that his/her statement will be true and correct in all respects.

15       (2)    You permit MGA Entertainment Canada's knowledgeable designee to

16  be examined under oath by counsel for all parties in this matter, allowing full

17  examination and cross-examination on the subject matter of this case, including the

18  topics delineated in Schedule E to this Letter of Request.

19       (3)    You order MGA Entertainment Canada to produce documents at the

20  offices of Heenan Blaikie LLP, Attn: George Karayannides, Suite 2600, 200 Bay

21  Street, Royal Bank Plaza, South Tower, Toronto, Ontario M5J 2J4 in accordance

22  with Schedule D to this Letter of Request and not later than 5 court days prior to the

23  date of MGA Entertainment Canada's person most knowledgeable deposition.

24       (4)    You order MGA Entertainment Canada to produce, at or immediately

25  after the oral examination, specific documents relevant to the subject matter of this

26  case, the existence of which becomes known during the course of the examination

27  and which are requested by counsel.

28

EXHIBIT __21__

PAGE __473__

REQUEST FOR JUDICIAL ASSISTANCE

1    (5)    You cause a verbatim transcript of the testimony of the witness to be

2    taken and reduced to writing. The deposition shall also be videotaped.

3    (6)    You order, pursuant to <u>Ontario Rule of Civil Procedure</u> 30.1, that the

4    oral and documentary evidence produced pursuant to your enforcement of this

5    Letter of Request shall not be used by anyone in any manner or proceeding other

6    than in this matter, <u>Bryant v. Mattel, Inc.</u>, Case No. 04-9049 SGL (RNBx)

7    (Consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United

8    States District Court for the Central District of California. A Protective Order was

9    entered in this action on January 4, 2005 (Attachment 1 hereto).

10   **IV.    RECIPROCITY**

11         This Court expresses its sincere willingness to provide similar assistance to

12   the Ontario Superior Court of Justice if future circumstances should require.

13   **V.    CONCLUSION**

14         In the spirit of comity and reciprocity, this Court hereby requests international

15   judicial assistance in the form of this Letter of Request to compel: (1) Janine

16   Brisbois to produce the documents set forth in Schedule B; (2) Janine Brisbois to be

17   examined under oath on the topics set forth in Schedule C; (3) MGA Entertainment

18   Canada to produce the documents set forth in Schedule D; and (4) MGA

19   Entertainment Canada to produce a knowledgeable designee on the topics set forth

20   in Schedule E to be examined under oath.

21   DATED: _____, 2008

22

23                              By_____
                                    THE HONORABLE STEPHEN G. LARSON
24                                  United States District Judge

25                                  SHERRI R. CARTER, Clerk of the Court

26

27                              By_____
                                    Deputy Clerk_____

28

EXHIBIT **21**

PAGE **474**

07915/2774602.1

14

REQUEST FOR JUDICIAL ASSISTANCE

1

## SCHEDULE A

2

NAMES AND ADDRESSES OF THE PARTIES

3

AND THEIR REPRESENTATIVES

4

John B. Quinn, Esq.
Michael T. Zeller, Esq.

5

Jon D. Corey, Esq.
**QUINN EMANUEL**

6

**URQUHART**
**OLIVER & HEDGES, LLP**

7

865 South Figueroa Street, 10th
Floor

8

Los Angeles, CA 90017

9

**Attorneys for Mattel, Inc.**

10

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE**

11

**MEAGHER FLOM, LLP**
300 South Grand Avenue

12

Suite 3400
Los Angeles, California 90071

13

14

*Attorneys for MGA*
*Entertainment, Inc.; MGAE de*

15

*Mexico, S.A. de C.R.L; MGA*
*Entertainment (HK) Limited; and*

16

*Isaac Larian*

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote, Esq.
**OVERLAND, BORENSTEIN,**
**SCHEPER & KIM, LLP**
300 S. Grand Avenue, Suite 2750
Los Angeles, CA 90071

*Attorneys for Carlos Gustavo*
*Machado Gomez*

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _____

PAGE 475

07975/2774602.1

15

REQUEST FOR JUDICIAL ASSISTANCE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SCHEDULE B

For purpose of construing the below-listed Requested Documents, the following definitions and instructions apply:

**I.   DEFINITIONS.**

For purposes of these Requests, the following definitions apply:

A.   The terms "YOU" and "YOUR" shall mean Janine Brisbois, her attorneys, accountants, agents, and all persons acting under her, or by her direction or control, or on her behalf.

B.   "MGA" means MGA Entertainment, Inc. and any individual or entity acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

C.   The term "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

D.   "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of communication or representation, and any record thereby created,

07975/2774602.1

16

EXHIBIT **21**

1   regardless of the manner in which the record has been stored, and all non-identical

2   copies of such DOCUMENTS, in the possession, custody, or control of YOU,

3   YOUR counsel, or any other PERSON acting on YOUR behalf.

4       E.      The term "COMMUNICATION," in the plural as well as the singular,

5   means any transmittal and/or receipt of information, whether such was oral or

6   written, and whether such was by chance, prearranged, formal or informal, and

7   specifically includes, but is not limited to, conversations in person, telephone

8   conversations, electronic mail (including instant messages and text messages),

9   voicemail, letters, memoranda, statements, media releases, magazine and newspaper

10  articles, and video and audio transmissions.

11      F.      "BRATZ PRODUCT" means any product, whether two-dimensional or

12  three-dimensional, and whether in tangible, digital, electronic or other form: (i) that

13  is or has ever been distributed, marketed or sold under the name "Bratz" or as part of

14  the "Bratz" line; (ii) that depicts, incorporates, embodies, consists of or REFERS

15  OR RELATES TO BRATZ; and/or (iii) that is or has ever been distributed,

16  marketed or sold in any packaging that includes the name "Bratz" or depicts,

17  incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ.

18      G.      The term "PERSON," in the plural as well as the singular, means any

19  natural person, association, partnership, corporation, joint venture, government

20  entity, organization, trust, institution, proprietorship, or any other entity recognized

21  as having an existence under the laws in United States or any other nation.

22      H.      The terms "RELATE TO" and "RELATING TO" means any and all of

23  the following terms and their synonyms: refer to, discuss, constitute, evidence,

24  pertain to, mention, support, contradict, negate, bear on, touch on, contain, embody,

25  reflect, identify, state, deal with, concern, comment on, respond to, relevant to, or

26  describe.

27

28

EXHIBIT __21__

PAGE __477__

07975/2774602.1

17

REQUEST FOR JUDICIAL ASSISTANCE

## II.    REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between MGA, Isaac Larian and Ron Brawer, on the one hand, and Janine Brisbois, on the other, ("Brisbois") prior to September 27, 2005.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO COMMUNICATIONS between MGA, Isaac Larian and Ron Brawer, on the one hand, and Brisbois, on the other, prior to September 27, 2005, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation from Mattel.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Brisbois, whether directly or indirectly, by MGA between January 2005 and the present.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS received by MGA, directly or indirectly, from Brisbois RELATING TO any MATTEL product or plan.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO MGA's receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Brisbois.

1   **REQUEST FOR PRODUCTION NO. 7:**

2       A copy of each personnel file maintained or created by MGA

3   RELATING TO Brisbois.

4   **REQUEST FOR PRODUCTION NO. 8:**

5       All DOCUMENTS taken by Brisbois from Mattel Canada, Inc.,

6   including but not limited to the 45 Mattel documents contained on a USB or

7   "thumb" drive with the volume label "BACKPACK" from Mattel's Canada, Inc.'s

8   office.

9   **REQUEST FOR PRODUCTION NO. 9:**

10       All DOCUMENTS RELATING TO COMMUNICATIONS between

11   Brisbois, on the one hand, and Toys 'R Us or Wal-Mart on the other, or anyone

12   acting on behalf of Toys 'R Us or Wal-Mart, between September 27, 2005, and

13   January 1, 2007, including but not limited to her COMMUNICATIONS with Toys

14   'R Us or Wal-Mart about promotions of MGA products.

15   **REQUEST FOR PRODUCTION NO. 10:**

16       All DOCUMENTS, including but not limited to all

17   COMMUNICATIONS with any PERSON, created by Brisbois while employed by

18   MGA RELATED TO MGA's marketing of products that compete with Mattel's

19   products, recruiting or attempting to recruit Mattel's employees, or the theft of

20   Mattel trade secrets, confidential or proprietary information.

21

22

23

24

25

26

27

28

EXHIBIT __21__

PAGE __479__

REQUEST FOR JUDICIAL ASSISTANCE

## SCHEDULE C

SUBJECT MATTER ABOUT WHICH MS. BRISBOIS IS TO BE EXAMINED

1.    Theft of Mattel documents containing proprietary advertising, project, sales, customer and strategy information by anyone, including Ms. Brisbois.

2.    Theft by Ms. Brisbois of approximately 45 Mattel documents contained on a USB or "thumb" drive with the volume label "BACKPACK" from Mattel's Canada office.

3.    Ms. Brisbois' communications with MGA, or anyone acting on MGA's behalf, on or before September 27, 2005, including but not limited to communications regarding Ms. Brisbois' resignation from Mattel; compensation, money or anything of value paid by MGA to Ms. Brisbois.

4.    Ms. Brisbois' receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Brisbois.

5.    Ms. Brisbois' access, use, dissemination or disclosure of Mattel's trade secrets, or otherwise confidential or proprietary information, while employed by MGA, including but not limited to Mattel's information regarding advertising strategy and in-store promotions at retailers.

6.    Ms. Brisbois' communications with MGA, including but not limited to Isaac Larian or Ron Brawer, relating to her decision to join MGA and other matters at issue in this Action.

EXHIBIT __21__

PAGE __480__

1                          **SCHEDULE D**

2        For purpose of construing the below-listed Requested Documents, the

3 following definitions and instructions apply:

4 **I.      DEFINITIONS**

5           For purposes of these Requests, the following definitions apply:

6      I.      The terms "YOU" and "YOUR" shall mean MGA Entertainment

7 Canada, its attorneys, accountants, agents, and all persons acting under its direction

8 or control, or on its behalf.

9      J.      "MGA" means MGA Entertainment, Inc. and any individual or entity

10 acting directly or indirectly by, through, under or on behalf of MGA

11 Entertainment, Inc., including but not limited to current or former directors, officers,

12 employees, agents, contractors, attorneys, accountants, or representatives of MGA

13 Entertainment, Inc. and any corporation, partnership, association, trust, parent,

14 subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and

15 any other PERSON acting on its behalf.

16      K.      The term "MATTEL" means Mattel, Inc. and all current or former

17 directors, officers, employees, agents, contractors, attorneys, accountants,

18 representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and

19 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

20 authority or subject to its control.

21      L.      "DOCUMENT" or "DOCUMENTS" means all "writings" and

22 "recordings" as those terms are defined in Rule 1001 of the Federal Rules of

23 Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all

24 writings, including but not limited to handwriting, typewriting, printing, image,

25 photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

26 to) electronic mail (including instant messages and text messages) or facsimile,

27 video and audio recordings, and every other means of recording upon any tangible

28 thing, any form of communication or representation, and any record thereby created,

EXHIBIT _21_

REQUEST FOR JUDICIAL ASSISTANCE
PAGE ___181___

1  regardless of the manner in which the record has been stored, and all non-identical
2  copies of such DOCUMENTS, in the possession, custody, or control of YOU,
3  YOUR counsel, or any other PERSON acting on YOUR behalf.

4      M.    The term "COMMUNICATION," in the plural as well as the singular,
5  means any transmittal and/or receipt of information, whether such was oral or
6  written, and whether such was by chance, prearranged, formal or informal, and
7  specifically includes, but is not limited to, conversations in person, telephone
8  conversations, electronic mail (including instant messages and text messages),
9  voicemail, letters, memoranda, statements, media releases, magazine and newspaper
10 articles, and video and audio transmissions.

11     N.    "BRATZ PRODUCT" means any product, whether two-dimensional or
12 three-dimensional, and whether in tangible, digital, electronic or other form: (i) that
13 is or has ever been distributed, marketed or sold under the name "Bratz" or as part of
14 the "Bratz" line; (ii) that depicts, incorporates, embodies, consists of or REFERS
15 OR RELATES TO BRATZ; and/or (iii) that is or has ever been distributed,
16 marketed or sold in any packaging that includes the name "Bratz" or depicts,
17 incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ.

18     O.    The term "PERSON," in the plural as well as the singular, means any
19 natural person, association, partnership, corporation, joint venture, government
20 entity, organization, trust, institution, proprietorship, or any other entity recognized
21 as having an existence under the laws in United States or any other nation.

22     P.    The terms "RELATE TO" and "RELATING TO" means any and all of
23 the following terms and their synonyms: refer to, discuss, constitute, evidence,
24 pertain to, mention, support, contradict, negate, bear on, touch on, contain, embody,
25 reflect, identify, state, deal with, concern, comment on, respond to, relevant to, or
26 describe.

27
28

EXHIBIT _21_

PAGE _480_

07975/2774602.1

22

REQUEST FOR JUDICIAL ASSISTANCE

## II.   REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and Janine Brisbois ("Brisbois") prior to September 27, 2005.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Brisbois prior to September 27, 2005, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation from Mattel.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Brisbois, whether directly or indirectly, by MGA between January 2005 and the present.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS received by YOU, directly or indirectly, from Brisbois RELATING TO any MATTEL product or plan.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO YOUR receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Brisbois.

EXHIBIT _21_

PAGE _483_

REQUEST FOR JUDICIAL ASSISTANCE

**REQUEST FOR PRODUCTION NO. 7:**

    A copy of each personnel file maintained or created by YOU RELATING TO Brisbois.

**REQUEST FOR PRODUCTION NO. 8:**

    All DOCUMENTS taken by Brisbois from Mattel Canada, Inc., including but not limited to the 45 Mattel documents contained on a USB or "thumb" drive with the volume label "BACKPACK" from Mattel's Canada, Inc.'s office.

**REQUEST FOR PRODUCTION NO. 9:**

    All DOCUMENTS RELATING TO COMMUNICATIONS between YOU, on the one hand, and Toys 'R Us or Wal-Mart on the other, or anyone acting on behalf of Toys 'R Us or Wal-Mart, between September 27, 2005 and January 1, 2007, regarding Ms. Brisbois or Ms. Brisbois' responsibility for the Toys 'R Us and Wal-Mart accounts with MGA, and COMMUNICATIONS with Toys 'R Us or Wal-Mart about promotions or advertising for MGA products.

**REQUEST FOR PRODUCTION NO. 10:**

    All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, created by Brisbois while employed by MGA RELATED TO MGA's marketing of products that compete with Mattel's products, recruitment or attempted recruitment of Mattel's employees, or the theft of Mattel trade secrets or confidential or proprietary information.

EXHIBIT 21
PAGE 484

REQUEST FOR JUDICIAL ASSISTANCE

24

07975/2774602.1

1

## SCHEDULE E

2

### SUBJECT MATTER ABOUT WHICH PERSON MOST KNOWLEDGEABLE IS TO BE EXAMINED

3

4   1.   Knowledge of MGA Entertainment Canada's methods and procedures

5   regarding the access, use, reproduction, copying, storage, transmission,

6   transfer, disclosure, retention, destruction, deletion or use of any documents,

7   data and/or information, that were prepared, made, created, generated,

8   assembled or compiled by or for MATTEL and that MGA received, directly

9   or indirectly from Janine Brisbois.

10   2.   Knowledge of MGA Entertainment Canada's methods and procedures

11   regarding the access, use, reproduction, copying, storage, transmission,

12   transfer, disclosure, retention, destruction, deletion or use of any documents,

13   data and/or information regarding MGA Entertainment Canada's advertising,

14   project, sales, customer and strategy information related to any Bratz Product,

15   regardless of whether such information was received directly or indirectly

16   from Janine Brisbois.

17

18

19

20

21

22

23

24

25

26

27   EXHIBIT 21

28   PAGE 465

# ATTACHMENT A

EXHIBIT 21
PAGE 486

COPY

LODGED

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Jon D. Corey (Bar No. 185066)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
5
   Attorneys for Plaintiff and Counter-Defendant
6  Mattel, Inc.
7
8                  UNITED STATES DISTRICT COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
10
11  MATTEL, INC., a Delaware          )  CASE NO. CV 04-9059 NM (RNBx)
    Corporation,                      )
12                                    )  STIPULATED PROTECTIVE
                   Plaintiff,         )  ORDER; AND
13                                    )
              v.                      )  [PROPOSED] ORDER
14                                    )
    CARTER BRYANT, an individual; and )  [Discovery Matter]
15  DOES 1 through 10, inclusive,     )
                                      )
16                 Defendants.        )
17  ───────────────────────────────── )
    CARTER BRYANT, on behalf of       )
18  himself, all present and former   )
    employees of Mattel, Inc., and the)
19  general public,                   )
                                      )
20                 Counter-Claimant,  )
                                      )
21            v.                      )
                                      )
22  MATTEL, INC., a Delaware          )
    Corporation,                      )
23                                    )
                   Counter-Defendant. )
24                                    )
25
26
27
28

FILED
CLERK, U.S. DISTRICT COURT
JAN - 4 2005
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

EXHIBIT 21
PAGE 487                  1-4

07272/625581.2

PROTECTIVE ORDER

<div align="center">

## GOOD CAUSE STATEMENT

</div>

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)   Personnel files and other private or confidential employment, contractor or vendor information;

EXHIBIT _21_

PAGE _488_

07272/625581.2

-2-

1         (2)    The specific terms of agreements with, and information received

2  from, third parties that a Party is required to disclose only under conditions of

3  confidentiality;

4         (3)    Personal or private financial information, and confidential

5  financial data that is not known generally to the trade or to competitors, including

6  financial data relating to specific sales, cost and profit information for specific

7  products and product lines; and

8         (4)  Business plans and product information that are not known

9  generally to the trade or to competitors, including non-public information relating to

10  product development and design.

11

12        WHEREFORE, believing that good cause exists, the Parties HEREBY

13  STIPULATE that, subject to the Court's approval, the following procedures shall be

14  followed in this Action to facilitate the orderly and efficient discovery of relevant

15  information while minimizing the potential for unauthorized disclosure or use of

16  confidential or proprietary information:

17

18                   <u>SCOPE OF THIS ORDER</u>

19

20      1.    This Protective Order shall apply to trade secret, confidential and

21  proprietary information, documents and things that are produced or disclosed in any

22  form during the course of the Action by any Party or any nonparty:

23         (a)    through discovery;

24         (b)    in any pleading, document or other writing; or

25         (c)    in testimony given at a deposition.

26  (The foregoing information, documents and things shall be referred to hereinafter

27  collectively as "Litigation Materials.")

28

EXHIBIT __21__

PAGE __489__

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2.      Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below. The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature. The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

3.      A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

    (a)   Documents or Things.   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

1    obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL --

2    ATTORNEYS' EYES ONLY" on the particular document or thing.

3        (b)   <u>Interrogatory Answers and Responses to Requests for</u>

4    <u>Admissions</u>. In answering any interrogatory or request for admission, or any

5    part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or

6    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the

7    legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

8    ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

9    EYES ONLY" answers shall be made on separate pages from any other

10   answers or portions thereof that are not designated as "CONFIDENTIAL" or

11   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

12        (c)   <u>Deposition Testimony</u>. Any Party or nonparty giving

13   deposition testimony in this Action may obtain "CONFIDENTIAL" or

14   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by

15   designating, during the course of that testimony, for which "CONFIDENTIAL"

16   or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired,

17   the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL

18   -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire

19   testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

20   EYES ONLY," subject to a good faith obligation to identify any non-

21   confidential portions of the testimony (and/or any lesser "CONFIDENTIAL"

22   portions in the event that the entire testimony is designated "CONFIDENTIAL

23   -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after

24   receipt of the transcript of the testimony. The reporter shall separately

25   transcribe and bind the testimony so designated as "CONFIDENTIAL" and

26   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face

27   of the separate bound transcript containing such testimony with the term

28   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

EXHIBIT **21**

PAGE **491** PROTECTIVE ORDER

1    A Party or nonparty also may make the above-referenced designation of
2    confidentiality in writing and within fourteen (14) calendar days of the receipt
3    by said Party or nonparty of the transcript of said testimony. In that event, said
4    portion of the transcript will be treated as "CONFIDENTIAL" or
5    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of
6    this Protective Order, except that it will not be separately bound. If, during the
7    course of deposition testimony, any Party or nonparty reasonably believes that
8    the answer to a question will result in the disclosure of "CONFIDENTIAL" or
9    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons
10   other than those persons entitled to receive such information pursuant to
11   paragraphs 5 and 6 hereof shall be excluded from the room in which the
12   deposition testimony is given.      Unless previously designated as
13   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"
14   all transcripts of deposition testimony and any related exhibits, and all
15   information adduced in deposition, shall, in their entirety, be treated as
16   "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of
17   the transcript by counsel for the designating Party or nonparty. The Party or
18   nonparty designating the testimony or information as "CONFIDENTIAL" or
19   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen
20   (14) calendar day period described above, specifically designate information
21   contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or
22   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously
23   designated as such, by notifying all Parties in writing of the portions of the
24   transcript or exhibit which contains such information. Each Party shall attach
25   a copy of such written statement to the face page of the transcript or exhibit
26   and to each copy in its or his possession, custody or control. Thereafter, these
27   portions of the transcript or exhibits designated as "CONFIDENTIAL" or
28   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

07272/625581.2

-6-

EXHIBIT 21

PAGE 472  PROTECTIVE ORDER

1    accordance with the terms of this Protective Order. In addition, the provisions

2    of Paragraph 3(e) for later designating transcripts or exhibits shall apply after

3    the expiration of the fourteen (14) calendar day period described in this

4    Paragraph 3(c).

5           (d)     Typing or stamping the legend "CONFIDENTIAL" or

6    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a

7    collection of Litigation Materials which are bound together shall have the

8    effect of designating such collection in its entirety as "CONFIDENTIAL" or

9    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks,

10   tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling,

11   stamping or marking the outside of such disk, tape, CD-ROM, DVD or other

12   medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL

13   -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire

14   contents of such disk, tape, CD-ROM, DVD or other medium or device, and

15   all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL --

16   ATTORNEYS' EYES ONLY," as the case may be.

17          (e)     Except as otherwise provided in Paragraph 3(c) of this

18   Protective Order, the receiving Party shall not reveal any information produced

19   for a period of seven (7) calendar days following receipt. Failure to designate

20   a document, thing or other information as CONFIDENTIAL" or

21   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this

22   Protective Order shall not preclude any Party or nonparty desiring to so

23   designate the document, thing or information from so designating thereafter;

24   provided that the Party or nonparty proceeds promptly after discovery of any

25   omission of marking, in good faith marks the document, thing or other

26   information and requests, in writing, that each receiving Party so mark and

27   treat the document, thing or other information in accordance with this

28   Protective Order. Thereafter, the document, thing or other information shall

EXHIBIT **21**

PAGE **493**        PROTECTIVE ORDER

1    be fully subject to this Protective Order. No Party shall incur liability for any

2    disclosures made prior to notice of such designation, except to the extent that

3    any such disclosures occurred prior to the seven (7) day period described above

4    or prior to such other time periods as are provided by this Protective Order,

5    including without limitation such time periods as are provided in Paragraph

6    3(c) above.

7

8    **RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS**

9

10    4.    Any Litigation Materials produced or disclosed in this Action,

11  whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL --

12  ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such

13  information for purposes of litigation and not for any other purpose, including

14  without limitation for any business or trade purpose. As used herein, the term

15  "litigation" shall mean preparation for, participation in and prosecution and defense

16  of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in

17  connection with any mediation or other alternative dispute resolution procedure that

18  this or any other court may order or that the Parties may agree to.

19    5.    Subject to Paragraph 7 herein, and unless as otherwise ordered by

20  the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be

21  disclosed to any person other than:

22    (a)    the attorneys for the Parties and their partners, shareholders,

23    associates, document clerks and paralegals who are necessary to assist such

24    attorneys;

25    (b)    secretaries, stenographers and other office or clerical

26    personnel employed by said attorneys and who are necessary to assist such

27    attorneys;

28

07272/625581.2

-8-

EXHIBIT __2 l__

PAGE __494__

PROTECTIVE ORDER

1      (c)     a named Party or officers or employees of a named Party,
2   to the extent deemed necessary by their respective attorneys for purposes
3   assisting in litigation;

4      (d)     the authors, senders, addressees and designated copy
5   recipients of any document or thing which has been designated as
6   "CONFIDENTIAL" information;

7      (e)     such other persons as may be consented to by the Party or
8   nonparty designating such information as "CONFIDENTIAL" information;

9      (f)     outside litigation support vendors, including commercial
10  photocopying vendors, scanning services vendors, coders and keyboard
11  operators;

12     (g)     professional court reporters engaged to transcribe
13  deposition testimony, professional videographers engaged to videotape
14  deposition testimony and translators;

15     (h)     independent outside consultants or experts retained by the
16  attorneys to the extent deemed necessary by said attorneys for purposes of
17  litigation; and

18     (i)     non-party fact witnesses in a deposition, provided, however,
19  that such persons may not retain such "CONFIDENTIAL" information unless
20  otherwise authorized to receive it.  If the attendance of a non-party fact witness
21  at a deposition can only be obtained through compulsory process, the witness
22  need not execute an Assurance of Compliance in the form attached as Exhibit
23  A, provided that: (1) the witness acknowledges his obligation to maintain the
24  confidentiality of "CONFIDENTIAL" information under oath; and (2) such
25  "CONFIDENTIAL" information may only be shown to the witness during the
26  deposition.

27
28

EXHIBIT _21_

PAGE _498_

PROTECTIVE ORDER

1       6.    Subject to paragraph 7 herein, and unless as otherwise ordered by

2  the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS'

3  EYES ONLY" shall not be disclosed to any person other than:

4          (a)    the attorneys for the Parties (but not including in-house

5  counsel for the Parties or any attorney who is an officer, director, shareholder

6  or employee of any Party or its corporate affiliates) and their partners,

7  shareholders, associates, document clerks and paralegals who are assigned to

8  and necessary to assist such attorneys. For the purposes of this subparagraph,

9  "affiliate" shall mean any corporate parent or subsidiary of any Party, or any

10  other entity that is under common control with any Party or corporate parent

11  or subsidiary of any Party, or any of their successors or predecessors in

12  interest;

13          (b)    secretaries, stenographers and other office or clerical

14  personnel employed by said attorneys and who assist them with respect to

15  litigation;

16          (c)    the authors, senders, addressees and designated copy

17  recipients of any document or thing which has been designated as

18  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

19          (d)    such other persons as may be consented to by the Party

20  designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES

21  ONLY" information;

22          (e)    outside litigation support vendors, including commercial

23  photocopying vendors, scanning services vendors, coders and keyboard

24  operators;

25          (f)    independent outside consultants or experts retained by the

26  attorneys to the extent deemed necessary by said attorneys for the purposes of

27  litigation; and

28

EXHIBIT 21

PAGE 496

1               (g)   ·professional court reporters engaged to transcribe

2      deposition testimony, professional videographers engaged to videotape

3      deposition testimony and translators.

4           7.    None of the following is bound by or obligated under this Order

5 in any respect and specifically are not bound or obligated to treat information

6 designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7 ONLY" in any particular manner: The Court hearing this Action (including the Court

8 having jurisdiction of any appeal), Court personnel, court reporters working for the

9 Court, translators working for the Court, or any jury impaneled in this Action.

10        ·    8.    Other than those identified in Paragraph 7 above, each person to

11 whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --

12 ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13 Protective Order and agree to be bound by it before disclosure to such persons of any

14 such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15 not have access to either "CONFIDENTIAL" or   "CONFIDENTIAL --

16 ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17 certified that they have read this Protective Order and have manifested their assent

18 to·be bound thereby by signing a copy of the Assurance of Compliance attached

19 hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20 it shall not be necessary for that person to sign a separate Assurance of Compliance

21 each time that person is subsequently given access to confidential material. Any

22 person who signed an Assurance of Compliance in connection with the Stipulation

23 for Protection of Confidential Information and Protective Order filed September 16,

24 2004 in <u>Mattel Inc. v. Bryant</u>, Case No. BC 314398, pending in Los Angeles County

25 Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26 shall, by virtue of his or her prior signature, be deemed to have signed the attached

27 Assurance of Compliance.

28

EXHIBIT **21**

PAGE **497**

PROTECTIVE ORDER

1       9.    The failure of any Party to object to the designation of

2  information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

3  ONLY" shall not be deemed an admission that such information qualifies for such

4  designation.

5       10.   If any Party wishes to have any information, document or

6  testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

7  EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from

8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the

9  Parties and/or relevant nonparty or nonparties will confer and try to reach agreement.

10  If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either

11  Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the

12  matter in accordance with the Local Rules. Unless and until this Court enters an

13  Order changing the designation of the information, it shall be afforded the treatment

14  prescribed in this Protective Order for its designation.

15      11.   Nothing contained in this Protective Order shall restrict or prevent

16  any Party or nonparty from disclosing or otherwise using its or his own Litigation

17  Materials which that Party or nonparty produces or discloses in this action.

18      12.   The inadvertent or unintentional disclosure by a producing Party

19  or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

20  ONLY" Litigation Materials during the course of this litigation, regardless of whether

21  the information was so designated at the time of disclosure, shall not be deemed a

22  waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either

23  as to the specific information disclosed or as to any other information relating thereto

24  or on the same or related subject matter. Counsel for the Parties and/or nonparties

25  shall in any event, to the extent possible, upon discovery of inadvertent error,

26  cooperate to restore the confidentiality of the "CONFIDENTIAL" or

27  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently

28  or unintentionally disclosed.        EXHIBIT _21_

PAGE _498_

1       13.   If a Party or nonparty through inadvertence produces or provides

2  discovery that it, he or she believes is subject to a claim of attorney-client privilege

3  or work product immunity, the producing Party or nonparty may give written notice

4  to the receiving Party that the document is subject to a claim of attorney-client

5  privilege or work product immunity and request that the document be returned to the

6  producing Party or nonparty.  The receiving Party shall promptly return to the

7  producing Party or nonparty the inadvertedly disclosed document and all copies of

8  such document.  Return of the document by the receiving Party shall not constitute

9  an admission or concession, or permit any inference, that the returned document is,

10  in fact, properly subject to a claim of attorney-client privilege or work product

11  immunity, nor shall it foreclose any Party from moving the Court for an Order that

12  such document has been improperly designated or should be producible for reasons

13  other than a waiver caused by the inadvertent production.

14       14.   Nothing contained in this Protective Order shall affect the right

15  of any Party or nonparty to make any objection, claim any privilege, or otherwise

16  contest any request for production of documents, interrogatory, request for admission,

17  or question at a deposition or to seek further relief or protective orders from the Court

18  in accordance with the Federal Rules of Civil Procedure and the Local Rules.

19  Nothing in this Protective Order shall constitute an admission or waiver of any claim

20  or defense by any Party.

21

22          FILING AND USE IN COURT OF DESIGNATED MATERIALS

23

24       15.   Except when the filing under seal is otherwise authorized by

25  statute or federal rule, the Parties shall seek the Court's prior approval for the filing

26  under seal of pleadings and other documents containing properly designated

27  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

28  information in accordance with the procedures set forth in Local Rule 79-5.1, as such

EXHIBIT 21

PAGE 499

1   Rule may be amended from time to time. Prior to the time that a Party receiving the

2   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3   information from any other Party files with the Court an application and the other

4   materials required by Local Rule 79-5.1, as such Rule may be amended from time to

5   time, to seal the producing Party's confidential information, the receiving Party shall

6   consult with the producing Party's attorney to determine whether the producing Party

7   will re-designate the previously designated confidential information so as to avoid the

8   need for the request to file such information under the seal. Upon the default of a

9   Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11  Party may subsequently seek the approval of the Court to file that document under

12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule

13  may be amended from time to time.

14

15              THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

16

17          16.    If any Party or nonparty receives a subpoena or document request

18  from a third party which purports to require the production of materials in that Party's

19  possession which have previously been designated as "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21  the Party or nonparty receiving such subpoena or document request (a) shall object

22  and refuse to produce documents absent a Court Order or the consent of the Party or

23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27  and (c) shall not oppose any effort by the Party or nonparty which designated the

28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

EXHIBIT 2/

PAGE 500   PROTECTIVE ORDER

1   ONLY" to quash the subpoena or obtain a protective order limiting discovery of such
2   material.

3

### DISCOVERY FROM NONPARTIES

5

6       17.   Discovery of nonparties may involve receipt of information,
7   documents, things or testimony which include or contain "CONFIDENTIAL" or
8   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information. A
9   nonparty producing such material in this case may designate as "CONFIDENTIAL"
10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it
11  produces in the same manner provided for in this Protective Order with respect to
12  material furnished by or on behalf of the Parties. Any Party may also designate as
13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"
15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating
16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing
17  nonparty has also so designated. In addition, a nonparty may also designate as
18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
19  materials or information produced by a Party that constitute "CONFIDENTIAL" or
20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such
21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the
22  producing Party has also so designated. In either such an event, the designation
23  providing for the greater level of protection for the material information shall control,
24  subject to Paragraph 10 of this Protective Order. Nonparty materials designated
25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a
26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

EXHIBIT _21_

PAGE _501_

07272/625581.2

-15-

PROTECTIVE ORDER

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

EXHIBIT __21__

PAGE __502__

07272/625581.2

-16-

PROTECTIVE ORDER

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4       **IT IS SO STIPULATED.**

5

6   DATED: December 22, 2004         QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP
7

8                                    By _Jon Corey_____
9                                       Jon Corey
                                        Attorneys for Plaintiff
10                                      Mattel, Inc.

11
    DATED: December ___, 2004        LITTLER MENDELSON
12

13                                   By_____
                                        Douglas A. Wickham
14                                      Attorneys for Defendant
                                        Carter Bryant
15

16  DATED: December ___, 2004        O'MELVENY & MEYERS, LLP

17

18                                   By_____
                                        Diana M. Torres
19                                      Attorneys for Interventor-Defendant
                                        MGA Entertainment, Inc.

20

21

22      **IT IS SO ORDERED.**

23
    DATED: __1/4/05_____          ROBERT N. BLOCK
24                                   THE HONORABLE ROBERT N. BLOCK
                                       United States Magistrate Judge
25

26

27

28                                       EXHIBIT _21_

                                         PAGE _503_

07272/625581.2                  -17-

                                                 PROTECTIVE ORDER

# EXHIBIT 22

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     (johnquinn@quinnemanuel.com)
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
4    Jon D. Corey (Bar No. 185066)
     (joncorey@quinnemnauel.com)
5  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
6  Telephone: (213) 443-3000
   Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8  [Additional counsel listed on following page]

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12  CARTER BRYANT, an individual,      )  Case No. CV 04-09049 SGL (RNBx)
                                        )
13                  Plaintiff,          )  Consolidated with
                                        )  Case No. CV 04-09059
14        v.                            )  Case No. CV 05-02727
                                        )
15  MATTEL, INC., a Delaware            )  STIPULATION FOR APPOINTMENT
    corporation,                        )  OF A DISCOVERY MASTER; AND
16                                      )
                    Defendant.          )  [PROPOSED] ORDER
17                                      )
                                        )  Discovery Cutoff Date: Not Set
18                                      )  Trial Date: Not Set

19

20

21

22

23

24

25

26

27                                         EXHIBIT  22

28                                         PAGE  503

LODGED

1  | LITTLER MENDELSON
       Robert F. Millman (Bar No. 062152)
2  |   Douglas A. Wickham (Bar No. 127268)
       Keith A. Jacoby (Bar No. 150233)
3  | 2049 Century Park East, 5th Floor
   | Los Angeles, California 90067-3107
4  | Telephone:  (310) 553-0308
   | Facsimile:   (310) 553-5583
5  |
   | Attorneys for Carter Bryant
6  |
   | O'MELVENY & MYERS LLP
7  |   Diana M. Torres (Bar No. 162284)
   | 400 S. Hope Street
8  | Los Angeles, California 90017
   | Telephone:  (213) 430-6000
9  | Facsimile:   (213) 430-6407
10 | O'MELVENY & MYERS LLP
   |   Dale Cendali
11 | Times Square Tower
   | 7 Times Square
12 | New York, NY 10036
13 | CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
   |   Patricia Glaser (Bar No. 55668)
14 | 10250 Constellation Boulevard - 19th Floor
   | Los Angeles, CA 90067
15 | Telephone: (310) 553-3000
   | Facsimile: (310) 556-2920
16 |
   | Attorneys for MGA Entertainment, Inc.
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

EXHIBIT _22_

PAGE _504_

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1    WHEREAS, the parties are in agreement that a discovery master should be

2  appointed in this matter to resolve any discovery disputes and to minimize the

3  burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante

5  (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-

7  trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,

8  Inc., by and through their respective counsel of record, hereby stipulate and agree as

9  follows:

10    1.    The Discovery Master shall be appointed to assure and provide cost-

11  effective discovery and to minimize the burden of discovery disputes upon the

12  Court.  Any and all discovery motions and other discovery disputes in the above

13  captioned action shall be decided by a master ("Discovery Master") pursuant to

14  Federal Rule of Civil Procedure 53.  Any motions currently pending before

15  Magistrate Judge Block shall be transferred to the Discovery Master.  The moving

16  party shall provide to the Discovery Master all papers associated with each pending

17  motion.

18    2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.).  His

19  business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA

20  94111.

21    3.    Judge Infante shall serve as the Discovery Master until all issues herein

22  have been finally disposed of or determined, or until he shall withdraw in

23  accordance with applicable law.  If at any time he becomes unable to serve as the

24  Discovery Master, the parties shall confer to present an alternative agreed-upon

25  designee to the Court.  In the event that the parties cannot agree to an alternate

26  designee, then the Court shall appoint a Discovery Master.

27    4.    The Discovery Master shall have the authority to set the date, time, and

28  place for all hearings determined by the Discovery Master to be necessary; to

EXHIBIT **22**

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

-3-

PAGE **505**

1   preside over hearings (whether telephonic or in-person); to take evidence in
2   connection with discovery disputes; to issue orders resolving discovery motions
3   submitted to the Discovery Master; to conduct telephonic conferences to resolve
4   discovery disputes arising during depositions; to issue orders awarding non-
5   contempt sanctions, including, without limitation, the award of attorney's fees, as
6   provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7   recommendations, as appropriate.

8       5.      All discovery disputes shall be resolved by motion (except those arising
9   during a deposition which the Discovery Master determines can be resolved by
10  telephonic conference during the deposition).  The moving party shall first identify
11  each dispute, state the relief sought, and identify the authority supporting the
12  requested relief in a meet and confer letter that shall be served on all parties by
13  facsimile or electronic mail.  The parties shall have five court days from the date of
14  service of that letter to conduct an in-person conference to attempt to resolve the
15  dispute.  If the dispute has not been resolved within five court days after such
16  service, the moving party may seek relief from the Discovery Master by formal
17  motion or letter brief, at the moving party's option.  The opposing party shall have
18  five court days from the date of service of the motion or letter brief to submit a
19  formal opposition or response.  Any reply brief or letter brief shall be served within
20  three court days from the date of service of a formal opposition or response.  The
21  hearing on the motion shall take place within five court days of the service of any
22  reply brief or letter unless (a) the parties agree to another hearing date or agree that
23  no hearing is necessary; (b) the Discovery Master determines that no hearing is
24  necessary; or (c) the Discovery Master is not available, in which case the hearing
25  shall take place on the Discovery Master's first available date.  The foregoing shall
26  not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27  seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28  dispute upon shortened time upon a showing of good cause why a party would be

EXHIBIT 22
PAGE 506

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1   prejudiced absent prompt resolution.  Service of any document by fax or electronic

2   mail prior to 6:00 p.m. shall constitute service on that day.

3       6.      The Discovery Master's orders resolving discovery disputes, reports, or

4   recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a

5   Magistrate Judge of the United States District Court.  The Discovery Master shall

6   file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve

7   the parties within five court days of his/her decision on a matter.

8       7.      A court reporter shall transcribe any hearing or other proceeding before

9   the Discovery Master.

10      8.      The cost of any proceeding before the Discovery Master, including the

11  fees of the Discovery Master, the fees of court reporters who transcribe hearings or

12  other proceedings before the Discovery Master, and the fees of any other person

13  necessary to the efficient administration of the proceeding before the Discovery

14  Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,

15  Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,

16  the Discovery Master Orders otherwise.  By agreeing to share costs among the

17  parties, no party waives its right to seek recovery or reimbursement for such costs

18  from any other party.

19      9.      The Discovery Master shall be compensated according to his regular

20  hourly rate of $750.

21      10.     Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery

22  Master shall proceed with all reasonable diligence.

23      11.     Based on an affidavit filed by Hon. Edward A. Infante pursuant to

24  28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not

25  aware that he has a relationship to the parties, to counsel, to the action, or to the

26  Court that would require disqualification of a judge under 28 U.S.C. § 455, and

27  based thereon the parties expressly waive any ground for disqualification disclosed

28  therein of Hon. Edward A. Infante to serve as master in these proceedings.

EXHIBIT **22**

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

12.   The Discovery Master shall not have ex parte communications with the Court, a party or counsel.

13.   The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports, and recommendations issued by the Discovery Master.  These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities, and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

14.   The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective Order.  The Discovery Master agrees to be bound by the January 4, 2005 Order.

15.   All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

Dated: November 22, 2006

O'MELVENY & MYERS LLP

By: _____
Diana Torres
Attorneys for MGA Entertainment, Inc.

Dated: November 29, 2006

LITTLER MENDELSON

By: _____
Douglas A. Wickham
Attorneys for Carter Bryant

- 6 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

EXHIBIT 22

PAGE 508

1  Dated: ~~November~~ December 4, , 2006

2                                        QUINN EMANUEL URQUHART
                                         OLIVER & HEDGES, LLP
3
                                         By: Jon D. Corey
4                                            Jon D. Corey
                                             Attorneys for Mattel, Inc.
5

6                              **ORDER**

7      The foregoing Stipulation for Appointment of a Discovery Master is SO

8  ORDERED.

9

10 Dated: _____

11                                       _____
                                         Hon. Stephen G. Larson
12                                       United States District Court Judge

13

14              **CONSENT OF DISCOVERY MASTER**

15     If appointed by the Court, I, the undersigned, consent to serve as Discovery

16 Master in the above referenced proceeding consistent with this Order.

17
   Dated: /2-5-06
18
                                         Hon. Edward A. Infante (Ret.)
19

20

21

22

23

24

25

26

27

28

- 7 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

EXHIBIT 22

PAGE 509

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

| | |
|---|---|
| **Keith A. Jacoby, Esq.** | **Diana M. Torres, Esq.** |
| **Douglas Wickham, Esq.** | **O'Melveny & Meyers** |
| **Littler Mendelson** | 400 S. Hope Street |
| **A Professional Corporation** | Los Angeles, CA 90071 |
| 2049 Century Park East, 5th Floor | Phone: 213-430-6000 |
| Los Angeles, California 90067-3107 | **Fax: 213-430-6407** |
| Phone: 310-553-0308 | |
| **Fax: 310-553-5583** | |

[ ]    By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]    **BY MAIL**

[ ]    I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

[ ]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]    **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on December 5, 2006, at Los Angeles, California.

[ ]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Cheri Hatch
Print Name

Signature

EXHIBIT **22**

PAGE **510**

# EXHIBIT 23

CONFORMED COPY

FILED

2007 MAY 16  PM 2:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

1  [Counsel listed on following page]
2
3
4
5
6
7
8                UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
10  CARTER BRYANT, an individual,    ) Case No. CV 04-09049 SGL (RNBx)
11                Plaintiff,         ) Consolidated with
                                     ) Case No. CV 04-09059
12       v.                          ) Case No. CV 05-02727
13  MATTEL, INC., a Delaware         )
    corporation,                     ) **DISCOVERY MATTER**
14                Defendant.         )
                                     ) Hon. Edward A. Infante (Ret.)
15                                   )
                                     ) Discovery Master
16                                   )
                                       **STIPULATION TO MODIFY**
17                                     **PROTECTIVE ORDER; AND**
18                                     [~~PROPOSED~~] **ORDER THEREON**
19
20                                     Discovery Cut-Off: October 22, 2007
                                       Pre-Trial Conference: January 14, 2008
21                                     Trial Date:  February 12, 2008
22
23
24
25
26
27                                     EXHIBIT **23**
28                                     PAGE **511**

05/16/c7

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8   LITTLER MENDELSON
      Robert F. Millman (Bar No. 062152)
9     Douglas A. Wickham (Bar No. 127268)
      Keith A. Jacoby (Bar No. 150233)
10  2049 Century Park East, 5th Floor
    Los Angeles, California 90067-3107
11  Telephone: (310) 553-0308
    Facsimile: (310) 553-5583
12
    Attorneys for Carter Bryant
13
    O'MELVENY & MYERS LLP
14    Diana M. Torres (Bar No. 162284)
    400 S. Hope Street
15  Los Angeles, California 90017
    Telephone: (213) 430-6000
16  Facsimile: (213) 430-6407

17  O'MELVENY & MYERS LLP
      Dale Cendali
18  Times Square Tower
    7 Times Square
19  New York, NY 10036

20  CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
      Patricia Glaser (Bar No. 55668)
21  10250 Constellation Boulevard - 19th Floor
    Los Angeles, CA 90067
22  Telephone: (310) 553-3000
    Facsimile: (310) 556-2920
23
24  Attorneys for MGA Entertainment, Inc.

25

26

27

28

- 2 -

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT **23**

PAGE **512**

1        WHEREAS, on January 24, 2007, Discovery Master Infante heard
2 Mattel, Inc.'s ("Mattel") Motion to Compel Carter Bryant ("Bryant") to Produce
3 Documents ("Motion to Compel");

4        WHEREAS, on January 25, 2007, Discovery Master Infante issued an
5 Order granting Mattel's Motion to Compel (the "Order");

6        WHEREAS, on March 19, 2007, Discovery Master Infante heard
7 Bryant's and MGA Entertainment, Inc.'s ("MGA") Motion for Clarification,
8 Reconsideration and/or Further Protection of the Discovery Master's January 25,
9 2007 Order or for Protective Order Pursuant to Rule 26(c) (the "Motion");

10       WHEREAS, Discovery Master Infante denied the Motion to the extent
11 it sought clarification of the Order and stated that design drawings of currently
12 unreleased products are relevant to the parties' claims and defenses; and

13       WHEREAS, Discovery Master Infante granted the Motion to the extent
14 it sought further protection pursuant to Rule 26 and paragraph 19 of the Protective
15 Order entered by the Court as of January 4, 2005 (the "Protective Order") so as to
16 afford further restrictions on the handling of Subject Documents (defined below) for
17 purposes of providing additional protection for their confidentiality and directed the
18 parties to provide specifics for such modification.

19       NOW, THEREFORE, Mattel, Bryant and MGA, by and through their
20 respective counsel of record, hereby stipulate and agree as follows:

21      1.    As used herein, "Subject Documents" means documents (defined
22 to include both tangible items and electronic data) created after January 1, 2006 that
23 pertain to products which are currently unreleased and scheduled for public release
24 in 2007 or 2008 and that constitute highly sensitive trade secrets of the producing
25 Party. The parties are presently negotiating and may enter an additional stipulation
26 concerning a subset of Subject Documents that pertain to products which are
27 currently unreleased and scheduled for public release in 2008 and that constitute
28 highly sensitive trade secrets of the producing Party (the "2008 Subject

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT **23**

PAGE **513**

1  Documents"). In the event the parties do not reach a stipulation with respect to the

2  2008 Subject Documents, MGA and/or Bryant are not, by entering into this

3  stipulation, waiving any rights to seek review by Judge Larson of the aspects of the

4  Order or Ruling on the Motion that pertain to the 2008 Subject Documents. Until

5  such time that the parties execute a stipulation with respect to the 2008 Subject

6  Documents and in the event that neither MGA nor Bryant seek the afore-mentioned

7  review by Judge Larson, the 2008 Subject Documents shall be treated in the manner

8  set forth herein for the Subject Documents, provided that such 2008 Subject

9  Documents meet the definition for "Subject Documents" set forth above.

10          2.     A Party may withhold from production to other Parties Subject

11  Documents until June 29, 2007.

12          3.     Upon production (whether before, on or after June 29, 2007), a

13  producing Party may designate Subject Documents as "HIGHLY CONFIDENTIAL

14  – RESTRICTED ATTORNEYS' EYES ONLY."

15          (a)    Subject Documents designated as "HIGHLY CONFIDENTIAL

16  – RESTRICTED ATTORNEYS' EYES ONLY" shall be so designated in the

17  manner set forth in paragraph 3 of the Protective Order.

18          (b)    Documents designated as "HIGHLY CONFIDENTIAL –

19  RESTRICTED ATTORNEYS' EYES ONLY" shall not be disclosed in any way to,

20  nor their contents summarized or discussed in substance with, any person other than:

21  (i) up to three attorneys at the receiving Party's outside law firm; (ii) such

22  independent, outside expert(s) for the receiving Party who outside counsel deems

23  necessary to show such documents for purposes of providing expert opinion or

24  expert testimony; (iii) one assistant or paralegal for each Party (for the purposes of

25  photocopying and maintaining files as set forth in subparagraph (d) below); (iv) the

26  Court, including the Discovery Master, and other personnel identified in paragraphs

27  6(g) and 7 of the Protective Order; (v) the authors, senders, addressees and

28  designated    copy    recipients    of    any    document    designated    "HIGHLY

- 4 -

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT **23**

PAGE 5/4

1  CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY"; and (vi) such
2  other persons as may be consented to in writing or on the record by the Party
3  designating such documents "HIGHLY CONFIDENTIAL – RESTRICTED
4  ATTORNEYS' EYES ONLY."

5          (c)     The Experts described in subsection (ii) of paragraph 3(b) above
6  shall not have access to "HIGHLY CONFIDENTIAL – RESTRICTED
7  ATTORNEYS' EYES ONLY" documents until he/she has certified that he/she has
8  read the Protective Order and this Stipulation and Order and has manifested his/her
9  assent to be bound by signing the Assurance of Compliance attached to the
10  Protective Order as Exhibit A; any such expert who has previously signed an
11  Assurance of Compliance must be shown this Stipulation and Order and sign an
12  Assurance of Compliance that encompasses this Stipulation and Order.

13          (d)     Documents designated as "HIGHLY CONFIDENTIAL –
14  RESTRICTED ATTORNEYS' EYES ONLY" shall not be copied except to create
15  one archival file copy, one working copy for the designated attorneys and/or any
16  designated expert, or for use as exhibits at deposition or trial or in filings with the
17  Court, including the Discovery Master. In the event and to the extent that copies are
18  provided to counsel in attendance at a deposition where documents designated as
19  "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" are
20  shown or marked at deposition, the Party who so designated the documents may
21  require that any such additional copies be returned to the designating Party's counsel
22  or destroyed.   Any document designated as "HIGHLY CONFIDENTIAL –
23  RESTRICTED ATTORNEYS' EYES ONLY" that is marked as a deposition exhibit
24  shall not be bound with the exhibits to the deposition transcript but shall be
25  separately maintained by the deposing party. The parties shall work together to
26  agree upon a proposed procedure for handling such documents at trial if necessary.

27          (e)     Each receiving Party's original copy set and all copies of Subject
28  Documents, including any copies for use as exhibits or in motion practice, shall be

- 5 -

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT **23**

PAGE **515**

1 | maintained in a secure, locked file at all times when not physically being used by the
2 | receiving party's counsel or expert.

3 |       4.     The producing Party shall re-designate or de-designate Subject
4 | Documents relating to a product within fourteen (14) days of the following events,
5 | whichever occurs earlier: (a) the product is first shipped, or (b) the product is first
6 | disclosed to a third party without an express confidentiality agreement. Any Subject
7 | Documents initially designated "HIGHLY CONFIDENTIAL – RESTRICTED
8 | ATTORNEYS' EYES ONLY" may be re-designated a lesser degree of
9 | confidentiality under the Protective Order, such as "CONFIDENTIAL" or
10 | "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate under the
11 | Protective Order. Such re-designated or de-designated documents shall thereafter be
12 | handled and treated in accordance with the terms of the Protective Order for
13 | "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
14 | material, whichever the case may be.

15 |       5.     The Protective Order is hereby amended to add the phrase
16 | "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" to
17 | paragraphs 2, 3, 4, 7, 8, 9, 10, 12, 15, 16, 17 and 18 of the Protective Order.

18 |       6.     Except as modified herein, all other provisions of the Protective
19 | Order shall remain in full force and effect and are incorporated herein by reference.
20 | Without limiting the generality of the foregoing, documents produced as "HIGHLY

21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

- 6 -

STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT **23**

PAGE **516**

1   CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" shall be subject

2   to the provisions of paragraphs 13 and 14 of the Protective Order.

3

4       **SO STIPULATED.**

5   Dated: April 18, 2007

6                                       DOUGLAS A. WICKHAM

7                                       LITTLER MENDELSON

8                                       A Professional Corporation

                                        Attorneys for CARTER BRYANT

9   Dated: April 18, 2007

10                                      DIANA M. TORRES

11                                      O'MELVENY & MYERS LLP

                                        Attorneys for MGA

12                                      ENTERTAINMENT, INC.

13  Dated: April 18, 2007

14                                      MICHAEL ZELLER

15                                      QUINN EMANUEL URQUHART

16                                      OLIVER & HEDGES, LLP

                                        Attorneys for MATTEL, INC.

17

18      **IT IS SO ORDERED.**

19

20  DATED: May 15, 2007   By

                                        Hon. Edward Infante (Retired)

21                                      Discovery Master

22

23

24

25

26

27

28

                            - 7 -

                                        STIPULATION AND ORDER RE PROTECTIVE ORDER

EXHIBIT 23

PAGE 517

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15, 2007, I served the attached STIPULATION TO MODIFY PROTECTIVE ORDER; AND ORDER THEREON in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT 23

PAGE 518

COPY

LODGED

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 90378)
     Michael T. Zeller (Bar No. 196417)
3    Jon D. Corey (Bar No. 185066)
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
5  Facsimile: (213) 443-3100

6  Attorneys for Plaintiff and Counter-Defendant
   Mattel, Inc.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware              )  CASE NO. CV 04-9059 NM (RNBx)
    Corporation,                          )
12                                        )  STIPULATED PROTECTIVE
                     Plaintiff,           )  ORDER; AND
13                                        )
            v.                            )  [PROPOSED] ORDER
14                                        )
    CARTER BRYANT, an individual; and     )  [Discovery Matter]
15  DOES 1 through 10, inclusive,         )
                                          )
16                   Defendants.          )
                                          )
17  ─────────────────────────────────    )
                                          )
18  CARTER BRYANT, on behalf of           )
    himself, all present and former       )
19  employees of Mattel, Inc., and the    )
    general public,                       )
20                                        )
                     Counter-Claimant,    )
21                                        )
            v.                            )
22                                        )
    MATTEL, INC., a Delaware              )
23  Corporation,                          )
                                          )
24                   Counter-Defendant.   )
                                          )
25

26

27

28

EXHIBIT 23
PAGE 519

1-4

07272/625581.2

## GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)     Personnel files and other private or confidential employment, contractor or vendor information;

EXHIBIT **23**

PAGE **520**

07272/625581.2

-2-

PROTECTIVE ORDER

1    (2) The specific terms of agreements with, and information received

2 from, third parties that a Party is required to disclose only under conditions of

3 confidentiality;

4    (3) Personal or private financial information, and confidential

5 financial data that is not known generally to the trade or to competitors, including

6 financial data relating to specific sales, cost and profit information for specific

7 products and product lines; and

8    (4) Business plans and product information that are not known

9 generally to the trade or to competitors, including non-public information relating to

10 product development and design.

11

12    WHEREFORE, believing that good cause exists, the Parties HEREBY

13 STIPULATE that, subject to the Court's approval, the following procedures shall be

14 followed in this Action to facilitate the orderly and efficient discovery of relevant

15 information while minimizing the potential for unauthorized disclosure or use of

16 confidential or proprietary information:

17

18       <u>SCOPE OF THIS ORDER</u>

19

20   1. This Protective Order shall apply to trade secret, confidential and

21 proprietary information, documents and things that are produced or disclosed in any

22 form during the course of the Action by any Party or any nonparty:

23    (a) through discovery;

24    (b) in any pleading, document or other writing; or

25    (c) in testimony given at a deposition.

26 (The foregoing information, documents and things shall be referred to hereinafter

27 collectively as "Litigation Materials.")

28

EXHIBIT __2 3__

PAGE __52/__

PROTECTIVE ORDER

<u>CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION</u>

2.     Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

<u>MANNER OF DESIGNATION OF MATERIALS</u>

3.     A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)     <u>Documents or Things</u>.     "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

EXHIBIT **23**

1    obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL --
2    ATTORNEYS' EYES ONLY" on the particular document or thing.

3        (b)    Interrogatory Answers and Responses to Requests for
4    Admissions. In answering any interrogatory or request for admission, or any
5    part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or
6    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the
7    legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES
8    ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'
9    EYES ONLY" answers shall be made on separate pages from any other
10   answers or portions thereof that are not designated as "CONFIDENTIAL" or
11   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

12       (c)    Deposition Testimony.  Any Party or nonparty giving
13   deposition testimony in this Action may obtain "CONFIDENTIAL" or
14   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by
15   designating, during the course of that testimony, for which "CONFIDENTIAL"
16   or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired,
17   the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL
18   -- ATTORNEYS' EYES ONLY,"  or alternatively by designating the entire
19   testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'
20   EYES ONLY," subject to a good faith obligation to identify any non-
21   confidential portions of the testimony (and/or any lesser "CONFIDENTIAL"
22   portions in the event that the entire testimony is designated "CONFIDENTIAL
23   -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after
24   receipt of the transcript of the testimony.  The reporter shall separately
25   transcribe and bind the testimony so designated as "CONFIDENTIAL" and
26   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face
27   of the separate bound transcript containing such testimony with the term
28   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

EXHIBIT 23

PROTECTIVE ORDER

A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given. Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

EXHIBIT **23**

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)     Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)     Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

-7-

EXHIBIT **23**

PAGE **525**    PROTECTIVE ORDER

1    be fully subject to this Protective Order.  No Party shall incur liability for any
2    disclosures made prior to notice of such designation, except to the extent that
3    any such disclosures occurred prior to the seven (7) day period described above
4    or prior to such other time periods as are provided by this Protective Order,
5    including without limitation such time periods as are provided in Paragraph
6    3(c) above.
7
8    <u>RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS</u>
9
10           4.      Any Litigation Materials produced or disclosed in this Action,
11   whether  or  not  designated  "CONFIDENTIAL."  or  "CONFIDENTIAL  --
12   ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such
13   information for purposes of litigation and not for any other purpose, including
14   without limitation for any business or trade purpose.  As used herein, the term
15   "litigation" shall mean preparation for, participation in and prosecution and defense
16   of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in
17   connection with any mediation or other alternative dispute resolution procedure that
18   this or any other court may order or that the Parties may agree to.
19           5.      Subject to Paragraph 7 herein, and unless as otherwise ordered by
20   the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be
21   disclosed to any person other than:
22                  (a)      the attorneys for the Parties and their partners, shareholders,
23           associates, document clerks and paralegals who are necessary to assist such
24           attorneys;
25                  (b)      secretaries, stenographers and other office or clerical
26           personnel employed by said attorneys and who are necessary to assist such
27           attorneys;
28                                                          EXHIBIT **23**

                                                            PAGE **526**

PROTECTIVE ORDER

(c)     a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)     such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)     non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

EXHIBIT 23

PAGE 527

PROTECTIVE ORDER

6.    Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)    the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)    secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)    the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)    such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)    outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)    independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

EXHIBIT **23**

PAGE **528**

07272/6255581.2

-10-

PROTECTIVE ORDER

1         (g)    professional court reporters engaged to transcribe

2    deposition testimony, professional videographers engaged to videotape

3    deposition testimony and translators.

4         7.    None of the following is bound by or obligated under this Order

5    in any respect and specifically are not bound or obligated to treat information

6    designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7    ONLY" in any particular manner: The Court hearing this Action (including the Court

8    having jurisdiction of any appeal), Court personnel, court reporters working for the

9    Court, translators working for the Court, or any jury impaneled in this Action.

10         8.    Other than those identified in Paragraph 7 above, each person to

11    whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --

12    ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13    Protective Order and agree to be bound by it before disclosure to such persons of any

14    such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15    not have access to either "CONFIDENTIAL" or "CONFIDENTIAL --

16    ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17    certified that they have read this Protective Order and have manifested their assent

18    to be bound thereby by signing a copy of the Assurance of Compliance attached

19    hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20    it shall not be necessary for that person to sign a separate Assurance of Compliance

21    each time that person is subsequently given access to confidential material. Any

22    person who signed an Assurance of Compliance in connection with the Stipulation

23    for Protection of Confidential Information and Protective Order filed September 16,

24    2004 in <u>Mattel Inc. v. Bryant</u>, Case No. BC 314398, pending in Los Angeles County

25    Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26    shall, by virtue of his or her prior signature, be deemed to have signed the attached

27    Assurance of Compliance.

28

EXHIBIT 23

PAGE 529

PROTECTIVE ORDER

1    9.    The failure of any Party to object to the designation of

2 information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

3 ONLY" shall not be deemed an admission that such information qualifies for such

4 designation.

5    10.    If any Party wishes to have any information, document or

6 testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

7 EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from

8 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the

9 Parties and/or relevant nonparty or nonparties will confer and try to reach agreement.

10 If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either

11 Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the

12 matter in accordance with the Local Rules.  Unless and until this Court enters an

13 Order changing the designation of the information, it shall be afforded the treatment

14 prescribed in this Protective Order for its designation.

15    11.    Nothing contained in this Protective Order shall restrict or prevent

16 any Party or nonparty from disclosing or otherwise using its or his own Litigation

17 Materials which that Party or nonparty produces or discloses in this action.

18    12.    The inadvertent or unintentional disclosure by a producing Party

19 or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

20 ONLY" Litigation Materials during the course of this litigation, regardless of whether

21 the information was so designated at the time of disclosure, shall not be deemed a

22 waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either

23 as to the specific information disclosed or as to any other information relating thereto

24 or on the same or related subject matter.  Counsel for the Parties and/or nonparties

25 shall in any event, to the extent possible, upon discovery of inadvertent error,

26 cooperate   to   restore   the   confidentiality   of   the   "CONFIDENTIAL"   or

27 "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently

28 or unintentionally disclosed.

EXHIBIT **23**

PAGE **530**

PROTECTIVE ORDER

13.    If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty.  The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document.  Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14.    Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

### FILING AND USE IN COURT OF DESIGNATED MATERIALS

15.    Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

07272/625581.2

-13-

EXHIBIT **23**

PAGE **531**   PROTECTIVE ORDER

1 | Rule may be amended from time to time.  Prior to the time that a Party receiving the
2 | "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"
3 | information from any other Party files with the Court an application and the other
4 | materials required by Local Rule 79-5.1, as such Rule may be amended from time to
5 | time, to seal the producing Party's confidential information, the receiving Party shall
6 | consult with the producing Party's attorney to determine whether the producing Party
7 | will re-designate the previously designated confidential information so as to avoid the
8 | need for the request to file such information under the seal.  Upon the default of a
9 | Party to seek the Court's approval to file a document containing "CONFIDENTIAL"
10 | or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any
11 | Party may subsequently seek the approval of the Court to file that document under
12 | seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule
13 | may be amended from time to time.

14 |

15 | <u>THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS</u>

16 |

17 |     16.   If any Party or nonparty receives a subpoena or document request
18 | from a third party which purports to require the production of materials in that Party's
19 | possession which have previously been designated as "CONFIDENTIAL" or
20 | "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,
21 | the Party or nonparty receiving such subpoena or document request (a) shall object
22 | and refuse to produce documents absent a Court Order or the consent of the Party or
23 | nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL
24 | -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who
25 | designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --
26 | ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,
27 | and (c) shall not oppose any effort by the Party or nonparty which designated the
28 | material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

EXHIBIT **23**

-14-

PAGE **532** PROTECTIVE ORDER

1  ONLY" to quash the subpoena or obtain a protective order limiting discovery of such
2  material.

3

## DISCOVERY FROM NONPARTIES

5

6          17.    Discovery of nonparties may involve receipt of information,
7  documents, things or testimony which include or contain "CONFIDENTIAL" or
8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A
9  nonparty producing such material in this case may designate as "CONFIDENTIAL"
10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it
11  produces in the same manner provided for in this Protective Order with respect to
12  material furnished by or on behalf of the Parties.  Any Party may also designate as
13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"
15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating
16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing
17  nonparty has also so designated.  In addition, a nonparty may also designate as
18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
19  materials or information produced by a Party that constitute "CONFIDENTIAL" or
20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such
21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the
22  producing Party has also so designated.  In either such an event, the designation
23  providing for the greater level of protection for the material information shall control,
24  subject to Paragraph 10 of this Protective Order.  Nonparty materials designated
25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a
26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

EXHIBIT **23**

PAGE **533**

PROTECTIVE ORDER

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

EXHIBIT **23**

PAGE **534**

07272/625581.2

-16-

PROTECTIVE ORDER

1    Stipulation and Protective Order pursuant to a motion brought in accordance with the

2    rules of the Court.

3

4    **IT IS SO STIPULATED.**

5

6    DATED: December 22, 2004      QUINN EMANUEL URQUHART

7                                         OLIVER & HEDGES, LLP

8                                         By Jon Corey

9                                         Jon Corey

10                                         Attorneys for Plaintiff
                                           Mattel, Inc.

11

12    DATED: December __, 2004      LITTLER MENDELSON

13                                           By

14                                           Douglas A. Wickham
                                          Attorneys for Defendant

15                                           Carter Bryant

16    DATED: December __, 2004      O'MELVENY & MEYERS, LLP

17

18                                           By
                                          Diana M. Torres

19                                           Attorneys for Interventor-Defendant
                                          MGA Entertainment, Inc.

20

21       **IT IS SO ORDERED.**

22

23    DATED: 1/4/05                             ROBERT N. BLOCK

24                                           THE HONORABLE ROBERT N. BLOCK
                                          United States Magistrate Judge

25

26

27

28                                      EXHIBIT **23**
                                     PAGE **535**

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4        **IT IS SO STIPULATED.**

5

6   DATED: December ___, 2004          QUINN EMANUEL URQUHART
7                                       OLIVER & HEDGES, LLP

8
                                        By_____
9                                          Jon Corey
10                                         Attorneys for Plaintiff
                                           Mattel, Inc.
11
     DATED: December 2ʹ, 2004          LITTLER MENDELSON
12
13                                      By_____
14                                         Douglas A. Wickham
                                           Attorneys for Defendant
15                                         Carter Bryant

16   DATED: December ___, 2004          O'MELVENY & MEYERS, LLP
17
18                                      By_____
                                           Diana M. Torres
19                                         Attorneys for Intervenor-Defendant
                                           MGA Entertainment, Inc.
20
21
22        **IT IS SO ORDERED.**
23
     DATED: _____
24                                      THE HONORABLE ROBERT N. BLOCK
25                                      United States Magistrate Judge
26
27
28

07272/625581.2                          -17-

                                        PROTECTIVE ORDER

EXHIBIT **23**

PAGE **536**

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the
2   rules of the Court.

3
4        **IT IS SO STIPULATED.**

5
6   DATED: December ___, 2004        QUINN EMANUEL URQUHART
7                                    OLIVER & HEDGES, LLP

8
9                                    By_____
                                        Jon Corey
10                                      Attorneys for Plaintiff
                                        Mattel, Inc.

11
12  DATED: December ___, 2004        LITTLER MENDELSON

13
                                     By_____
14                                      Douglas A. Wickham
                                        Attorneys for Defendant
15                                      Carter Bryant

16  DATED: December ___, 2004        O'MELVENY & MEYERS, LLP

17
18                                   By_____
                                        Diana M. Torres
19                                      Attorneys for Intervenor-Defendant
                                        MGA Entertainment, Inc.

20
21       **IT IS SO ORDERED.**

22
23  DATED: _____
24                                   THE HONORABLE ROBERT N. BLOCK
                                     United States Magistrate Judge
25
26
27
28

07272/625581.2                       -17-

                                                    PROTECTIVE ORDER

EXHIBIT 23

PAGE 537

## EXHIBIT A

### ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant*, Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

EXHIBIT **23**

PAGE **538**

07272/625581.2

PROTECTIVE ORDER

1

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2  **STATE OF CALIFORNIA** )
   **COUNTY OF LOS ANGELES** )

3      I am employed in the county of Los Angeles State of California. I am over the age of 18
4  and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor,
   Los Angeles, CA 90012.

5      On December 22, 2004, I served the foregoing document described as

6      **STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

7  on all interested parties in this action:

8                    **SEE ATTACHED SERVICE LIST**

9
   [ ]   By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed
10        as follows:

11 [ ]   **BY MAIL**

12 [ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was
         mailed with postage thereon fully prepaid.

13 [ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing
14        correspondence for mailing. Under that practice it would be deposited with U.S. postal
          service on that same day with postage thereon fully prepaid at Los Angeles, California in
15        the ordinary course of business. I am aware that on motion of the party served, service is
          presumed invalid if postal cancellation date or postage meter date is more than one day
16        after date of deposit for mailing in affidavit.

   [ X ] **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
17        set forth above on this date.

18 Executed on December 22, 2004, at Los Angeles, California.

19 [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at
          whose direction the service was made.

20

21 Ivana Maiorano
   Print Name                         Signature

22

23

24

25

26

27

28

EXHIBIT 23

PAGE 539

Robert F. Millman, Esq.
Douglas A. Wickham, Esq.
Keith A. Jacoby, Esq.
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583

Diana M. Torres, Esq.
O'Melveney & Meyers
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

Daniel J. Warren, Esq.
Sutherland, Asbill & Brennan
999 Peachtree Street NE
Atlanta, GA  30309-3996
Phone: 404-853-8698
Fax: 404-853-8806

- 2 -

EXHIBIT 23

PAGE 540

# EXHIBIT 24

EXHIBIT FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 25

EXHIBIT FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 26

**CONFORMED COPY**

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California  94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7                  UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9                        EASTERN DIVISION

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                         JAMS Reference No. 1100049530
12              Plaintiff,

13         v.                            Consolidated with
                                         Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15              Defendant.               **ORDER GRANTING IN PART
                                         MATTEL'S MOTION TO ENFORCE
16                                       THE COURT'S ORDER OF MAY 16,
                                         2007, TO COMPEL MGA TO
17                                       PRODUCE WITNESSES FOR
                                         DEPOSITION PURSUANT TO RULE
18                                       30(b)(6), AND GRANTING REQUEST
                                         FOR SANCTIONS**
19

20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
22

23

24

25                        I. INTRODUCTION

26        On June 29, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Enforce The Court's

27  Order of May 16, 2007, To Compel MGA To Produce Witnesses For Deposition Pursuant To

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                              8/15                    EXHIBIT **26**

                                                     PAGE **570**

1  Rule 30(b)(6), And For Sanctions."[1]  On July 9, 2007, MGA Entertainment, Inc. ("MGA")

2  submitted an opposition brief, and on July 12, 2007, Mattel submitted a reply brief.  The matter

3  was heard on August 13, 2007.  Although the scope of Mattel's motion was broader[2], during the

4  hearing, Mattel requested an order compelling MGA to designate and produce witnesses on Topic

5  Nos. 21, 25, 26, and 34 and imposing sanctions for MGA's alleged non-compliance with the May

6  16, 2007 Order, particularly with respect to Topic Nos. 25, 26, 34, 39, 40 and 41.  Having

7  considered the motion papers and the comments of counsel at the hearing, Mattel's motion is

8  granted in part.

9  <div align="center">II. BACKGROUND</div>

10      On May 16, 2007, the undersigned issued an order granting Mattel's Motion to Compel

11  MGA To Produce Witnesses Pursuant To Rule 30(b)(6) (hereinafter the "May 16, 2007 Order")

12  which provided, in pertinent part:

13      2.   MGA shall confirm its designees and the dates of the designees' availability for

14  deposition for all Topics except Topic Nos. 25 and 26 in Mattel's Notice of Deposition of

15  MGA Pursuant to Rule 30(b)(6) dated February 1, 2007 (the "Second Notice") on or

16  before May 22, 2007.

17      3.   MGA shall make its designees for all Topics in the Second Notice, except Topics

18  Nos. 25 and 26, available for deposition on or before June 30, 2007.

19      4.   The parties shall meet and confer regarding the timing of the depositions on Topic

20  Nos. 25 and 26 of the Second Notice.  Such depositions may take place after June 30,

21  2007.

22      5.   All of MGA's objections and/or limitations regarding the Topics in Mattel's Rule

23  30(b)(6) deposition notices are overruled.

---

24      [1]  Mattel seeks $3,000 in sanctions.

25      [2]  In its opening brief, Mattel focused on Topic Nos. 25, 26, 34, 39, 40 and 41 and requested an order
requiring MGA to designate and produce witnesses on all Topics in Mattel's Second Notice of Deposition of MGA.
26  In its reply brief, Mattel requested an order requiring MGA to produce witnesses on Topic Nos. 11, 13, 14, 19, 21-28,
31, 34, 37 and 39-41.

27

28  Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2


EXHIBIT 26
PAGE 571

1   Proctor Decl., Ex. 1. The parties later agreed to extend the May 22, 2007 deadline for designating

2   witnesses to May 29, 2007.

3       After the May 16, 2007 Order was issued MGA designated and offered dates for some

4   Rule 30(b)(6) witnesses. Mattel accepted the dates, however, in the first week of June MGA

5   canceled the depositions of three designees. On June 7 and again on June 15, 2007, Mattel

6   requested that MGA provide new dates for the three designees.

7       The parties met and conferred on June 22, 2007. MGA offered designees and deposition

8   dates for 14 of the outstanding Topics. Although all but one of the dates that MGA proposed

9   were after the June 30, 2007 deadline, Mattel accepted MGA's schedule. MGA did not, however,

10   identify or produce witnesses to testify on Topics 25, 26, 34 and 39-41, which are the subject of

    the instant motion. These Topics are set forth below.

11       Topic 25: YOUR revenues and profits from BRATZ, including without limitation

12       YOUR gross and net profits, and YOUR costs associated therewith.

13       Topic 26: YOUR net worth.

14       Topic 34: Other than those previously filed and served in this ACTION or in

15       which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony,

16       transcripts, declarations, affidavits and other sworn written statements of any

17       other type by or from YOU or made on YOUR behalf that REFER OR RELATE

18       TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30,

19       2001 (regardless of when such testimony or sworn statement was taken, given,

20       signed, made or filed).

21       Topic 39: The preservation, collection, destruction, removal, transfer, loss or

22       impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in

23       connection with the ACTION and/or any DOCUMENTS requested by MATTEL

24       in the ACTION.

25       Topic 40: The preservation, collection, destruction, removal, transfer, loss or

26       impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since

27       January 1, 1999 that REFER OR RELATE TO MATTEL (including without

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 26

PAGE 572

1    limitation any MATTEL product, plan or information) that YOU received in any

2    manner from any PERSON who was at the time an employee of MATTEL or who

3    had previously been an employee of MATTEL.

4    Topic 41: The testing of or sampling from DOCUMENTS that REFER OR

5    RELATE TO BRATZ or BRYANT, including without limitation such testing or

6    sampling in connection with any ink, paper or chemical analysis performed or

7    attempted to be performed to date, any DOCUMENTS that REFER OR RELATE

8    thereto and all results and reports relating thereto.

9    Mattel's Second Notice of Deposition, dated February 1, 2007, Proctor Decl., Ex. 6. During the

10   hearing, Mattel also requested an order compelling MGA to designate a witness and schedule a

11   deposition on Topic No. 21, which seeks:

12       Topic No. 21: YOUR knowledge of, and access to, non-public MATTEL DIVA

13       STARTZ project information and DESIGNS prior to June 30, 2001.

14   Mattel's Second Notice of Deposition, dated February 1, 2007, Proctor Decl., Ex. 6.

15       MGA indicated that Lisa Tonnu would "likely" be its designee on Topic Nos. 25 and 26,

16   but did not offer a date for her deposition because it was awaiting a ruling from Judge Larson

17   regarding the phasing of trials. MGA also did not designate a witness on Topic Nos. 26, 34 and

18   41 because it was in the process of appealing the May 16, 2007 Order as it pertained to these

19   topics to Judge Larson.[3] MGA similarly did not designate a witness on Topic No. 40 because it

20   was awaiting a ruling from Judge Larson on its pending motion to dismiss Mattel's counterclaims.

21   MGA's motion to dismiss was based, in part, on Mattel's purported failure to comply with

22   California Code of Civil Procedure §2019.210. Apparently, MGA thought that the need for

23   discovery on Topic No. 40 might be obviated if it prevailed on its motion to dismiss.

24

25

26       [3]   MGA filed its Objection to the May 16, 2007 Order on May 31, 2007.

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                            4

EXHIBIT 26

PAGE 573

1    MGA also did not designate a witness on the entirety of Topic No. 39. Earlier in June

2 MGA produced Kenneth Lockhart to testify on Topic No. 39. At the deposition, however,

3 Lockhart testified that he had no knowledge regarding MGA's collection of non-electronic

4 documents, a subject within the scope of Topic No. 39. Mattel asked MGA to identify another

5 witness to testify regarding the collection of non-electronic documents. MGA apparently refused

6 to do so because it believed Mattel had agreed to limit Topic No. 39 to exclude that issue.

7    By the end of June 2007, MGA had made only two Rule 30(b)(6) witnesses available for

8 deposition pursuant to the May 16, 2007 Order: Kenneth Lockhart and Paula Garcia. Mattel's

9 Motion at p.3.[4]

10    On June 26, 2007, Judge Larson issued a Minute Order scheduling MGA's appeal of the

11 May 16, 2007 Order for hearing on July 2, 2007. On June 27, 2007, Judge Larson issued an order

12 denying MGA's motion to dismiss, and Mattel renewed its request that MGA produce a witness

13 to testify on Topic No. 40. The next day MGA responded that it intended to identify a designee

14 and dates for a deposition by the end of the week.

15    On June 29, 2007, Mattel filed the instant motion. On July 5, 2007, Judge Larson issued

16 an order affirming the May 16, 2007 Order. That same day MGA confirmed the date and its

17 designation of a witness on Topic Nos. 39 and 40. MGA also confirmed that it would produce

18 witnesses on Topic Nos. 34 and 41. On July 9, 2007, MGA provided designations and dates for

19 deposition for Topic Nos. 34 and 41.

20    In this motion, Mattel contends that MGA has refused to designate and/or to produce

21 witnesses on Topic Nos. 21, 25, 26, 34, 39, 40 and 41, even though the May 16, 2007 Order

22 required it to make all of its Rule 30(b)(6) witnesses (except on Topic Nos. 25 and 26) available

23 by the end of June. Mattel also contends that MGA has refused to meet and confer in good faith

24

25    [4] A third deposition was scheduled for June, however, it did not take place. According to Mattel, MGA

26 unilaterally cancelled the deposition the day before it was scheduled to commence. Mattel Motion at p.4. According

27 to MGA, Mattel agreed to defer the deposition.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 26

PAGE 574

1   to schedule the deposition of witnesses on Topic Nos. 25 and 26, in violation of the May 16, 2007

2   Order. Lastly, Mattel contends that MGA's stated justifications for refusing to comply with the

3   May 16, 2007 Order all lack merit.

4          MGA contends that Mattel's motion is premature and unnecessary, and is now moot.

5   MGA explains that after the June 22, 2007 meet and confer, there were only four topics open:

6   "one of which (40) was subject to a ruling anticipated to be coming from Judge Larson any day

7   and which was received before Mattel's motion was filed; two of which (34 and 41) were the

8   express subject of an appeal pending before Judge Larson; and the last was simply the result of an

9   honest disagreement between the parties as to the actual intended scope of the topic (39)."

10  MGA's Opposition at p.2. MGA denies ever refusing to provide witnesses on these topics, and

11  instead, asserts that it was entitled to receive Judge Larson's rulings before scheduling

12  depositions. MGA further contends that it identified witnesses and deposition dates soon after

13  Judge Larson issued his orders.

14                                 III. DISCUSSION

15  **Topic Nos. 25 and 26**

16          The May 16, 2007 Order required the parties to meet and confer "regarding the timing of

17  the depositions on Topic Nos. 25 and 26." Proctor Decl., Ex. 1. During the June 22, 2007 meet

18  and confer session, MGA indicated that it was likely to designate Lisa Tonnu for these topics;

19  however, it did not offer a date for the deposition because it was awaiting Judge Larson's ruling

20  on the phasing of trials.

21          Mattel contends that MGA's purported justification for failing to schedule the depositions

22  is without merit because discovery in this case has not been phased. Further, Mattel contends that

23  depositions on these two topics cannot be delayed any longer because under the current schedule,

24  expert reports are due in late August.

25          MGA contends that it fulfilled its meet and confer obligations regarding Topic Nos. 25

26  and 26 and took the position that the depositions shouldn't be scheduled until Judge Larson issued

27  a ruling on the phasing of trials.

28  Bryant v. Mattel, Inc.,                                                          6
    CV-04-09049 SGL (RNBx)



EXHIBIT **26**

PAGE **575**

1   MGA is not technically in violation of the May 16, 2007 Order with respect to Topic Nos.

2   25 and 26 because it fulfilled its obligation to meet and confer regarding the timing of the

3   depositions. Therefore, Mattel's motion to enforce the May 16, 2007 Order and request for

4   sanctions are denied as to Topic Nos. 25 and 26. Nevertheless, MGA's purported justification for

5   delaying scheduling depositions on Topic Nos. 25 and 26 is no longer valid in light of Judge

6   Larson's ruling on the phasing of trials and Mattel is entitled to a date certain for the depositions.

7   **Topic No. 39**

8   The May 16, 2007 Order required MGA to designate a witness on Topic No. 39 by May

9   22, 2007, and to produce its designee for deposition by June 30, 2007. MGA met these deadlines

10   by designating Kenneth Lockhart on Topic No. 39 and producing him for deposition on June 14

11   and 15, 2007. Mr. Lockhart, however, was unable to testify regarding the collection of non-

12   electronic documents. During the parties' subsequent meet and confer, MGA acknowledged that

13   Mr. Lockhart was not proffered regarding the collection of non-electronic documents, but claimed

14   that Mattel had previously agreed to limit Topic No. 39 to electronic documents.

     Mattel denies ever agreeing to so limit Topic No. 39 and contends that "it is preposterous
15
     to think that Mattel would agree to such a limitation." Mattel's Motion at p.10. Mattel points out
16
     that the Topic clearly encompasses both electronic and non-electronic documents, and that the
17
     May 16, 2007 Order compels MGA to produce a witness on the Topic as written.

18   In contrast, MGA contends that it designated Mr. Lockhart, Chief Information Officer, on

19   Topic No. 39 "based on its good faith belief that the topic was intended to cover the retention of

20   electronic documents and other 'digital information.'" MGA's Opposition at p.6. Nevertheless,

21   on July 5, 2007, MGA designated Lisa Tonnu to testify on Topic No. 39 and indicated that she

22   was available on July 19, 2007.

23   MGA is in substantial compliance with the May 16, 2007 Order, having produced Mr.

24   Lockhart by the June 30th deadline and by offering Lisa Tonnu to testify regarding the remainder

25   of Topic No. 39 after the apparent misunderstanding came to light. Therefore, Mattel's motion to

26   enforce the May 16, 2007 Order is denied with respect to Topic No. 39.

27   //

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                        7



EXHIBIT 26

PAGE 576

**Topic No. 40**

The May 16, 2007 Order required MGA to designate a witness on Topic No. 40 by May 22, 2007, and to make the witness available for deposition no later than June 30, 2007. At the June 22, 2007 meet and confer session, MGA did not designate or produce a witness on Topic No. 40 because it was awaiting the resolution of its motion to dismiss. On June 27, 2007, Judge Larson denied MGA's motion to dismiss and held that Mattel had already complied with §2019.210. The next day MGA notified Mattel that it would identify a witness on Topic No. 40 and potential dates for deposition by the end of the week. On July 5, 2007, MGA confirmed that Lisa Tonnu would testify on Topic No. 40 and would be available for deposition on July 19, 2007.

Mattel contends that MGA violated the May 16, 2007 without any legitimate basis because Topic No. 40 was not the subject of any appeal. In contrast, MGA contends that it completed its designation and provided available dates promptly after Judge Larson issued his order.

MGA clearly violated the May 16, 2007 by failing to identify a witness to testify on Topic No. 40 and to make the witness available for deposition by June 30th. MGA's non-compliance was willful and inexcusable. MGA could have but failed to request any extension of time to designate and produce a witness on Topic No. 40. MGA has not cited any precedent that excuses a litigant from complying with deadlines imposed by a discovery order, without leave of court, simply because the claim to which the discovery is directed is the subject of a pending motion to dismiss. Mattel's motion is granted as to Topic No. 40 and sanctions are warranted pursuant to Rule 37(b)(2), Fed.R.Civ.P.

**Topic Nos. 34 and 41**

The May 16, 2007 Order required MGA to designate a witness on Topic Nos. 34 and 41 by May 22, 2007 and to produce its designee(s) for deposition by June 30, 2007. At the June 22, 2007 meet and confer session, MGA did not offer any designees or deposition dates for Topic Nos. 34 and 41 because it was in the process of appealing the May 16, 2007 Order to Judge Larson with respect to these topics.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT 26

PAGE 577

1       On May 31, 2007, MGA appealed the May 16, 2007 Order compelling it to produce

2   designees on Topic Nos. 34 and 41.[5] MGA sought a stay of the May 16, 2007 Order as to these

3   Topics pending appeal. On June 21, 2007, the Discovery Master denied the requested stay. On

4   June 22, 2007, MGA filed an "emergency *ex parte*" application with Judge Larson seeking review

5   of the June 21, 2007 Order denying the requested stay. On June 26, 2007, Judge Larson issued a

6   Minute Order scheduling MGA's appeal of the May 16, 2007 Order for hearing on July 2, 2007.

7   A few days after the hearing, Judge Larson issued an order upholding the May 16, 2007 Order.

8   That same day MGA confirmed that it would produce witnesses on Topic Nos. 34 and 41. On

9   July 9, 2007, MGA identified Renato Dionisio to testify on Topic No. 34 and indicated that the

10  witness was available on any one of the following days: August 21-23 or 28-30. MGA identified

11  Lisa Tonnu to testify on Topic No. 41 and indicated that she was available to testify on July 19.

12       Mattel contends that MGA willfully failed to comply with the May 16, 2007 Order, even

13  after its request for a stay was denied. MGA contends that the instant motion was unnecessary

14  and a waste of judicial resources because Mattel knew before it filed the motion that Judge Larson

    had moved up the hearing on MGA's appeals and a ruling would be forthcoming.

15       MGA violated the May 16, 2007 Order by failing to designate and produce a witness to

16  testify on Topic Nos. 34 and 41 by the June 30th deadline. The violation was particularly

17  egregious because MGA's request for a stay was denied on June 21, 2007, which still left a few

18  days for MGA to at least designate a witness and propose dates for a deposition, even if the

19  deposition was scheduled beyond the June 30th deadline. Instead, MGA chose to persist in its

20  refusal to comply with the May 16, 2007 Order and gambled that Judge Larson would grant it

21  "emergency" *ex parte* relief. MGA's clear and flagrant violation of a court order warrants

22  sanctions under Rule 37(b)(2), Fed.R.Civ.P.

23                         IV. CONCLUSION

24       For the reasons set forth above, Mattel's motion is granted in part and denied in part. To

25  the extent MGA has not already done so, MGA shall promptly confirm its designees on Topic

26

27      [5] MGA also appealed the May 16, 2007 Order with respect to Topic No. 26.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT 26
PAGE 578

1 | Nos. 21, 25, 26 and 34 by August 22, 2007, and make them available for deposition no later than

2 | September 27, 2007.

3 |     Mattel's request for sanctions is granted based upon MGA's willful violation of the May

4 | 16, 2007 Order by failing to identify witnesses and dates for deposition for Topic Nos. 34, 40 and

5 | 41 by the designated deadlines. MGA shall reimburse Mattel in the amount of $1,000 in

6 | monetary sanctions pursuant to Rule 37(b)(2), Fed.R.Civ.P., no later than August 22, 2007.

7 |     Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

8 | Master, Mattel shall file this Order with the Clerk of Court forthwith.

9

10 | Dated: August _14_, 2007

          HON. EDWARD A. INFANTE (Ret.)

11 |           Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT 26
PAGE 579

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 14, 2007, I served the attached ORDER GRANTING IN PART MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 16, 2007, TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(b)(6), AND GRANTING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 14, 2007, at San Francisco, California.

_____
Sandra Chan

EXHIBIT **26**

PAGE **520**





NOW LEGAL SERVICE

L.A. (213) 482-1567 • FAX (213) 482-1572
O.C. (714) 835-6570 • FAX (714) 835-6670
www.nowlegalservices.com

# FILING / SERVICE OF PROCESS INSTRUCTION

**INVOICE NO.** 259120

PLEASE CHECK TYPE OF SERVICE REQUESTED

[X] COURT SERVICE [ ] SERVICE OF PROCESS

363078

PLEASE NOTE ANY SPECIFIC OR TIMELY FILING/SERVICE REQUIREMENTS

| CHARGE TO | DATE | REFERENCE NUMBER |
|---|---|---|
| O'MELVENY SAMUEL URQUHART<br>865 SOUTH FIGUEROA STREET # 1000<br>LOS ANGELES CA 90017 (213) 624-7707 | 8/14/07 | 7209 |

**METHOD OF SERVICE REQUESTED**

[X] RUSH — RETURN BY
[ ] SPECIAL PICK UP — [X] SPECIAL
[ ] SAME DAY — [ ] SAME DAY
[ ] NEXT DAY — [ ] NEXT DAY
[ ] RETAINER — [ ] CALL FROM COURT
COMPLETE BY: ______

| REQUESTED BY: ATTY / SECRETARY / NUMBER | CASE NUMBER |
|---|---|
| Dylan P. Lara K. | 04-9049 |

PLAINTIFF: Bryant
VS
DEFENDANT: Mattel

COURT ADDRESS: USDC - Riverside -

DOCUMENT TO BE FILED/SERVED: order

CALENDARED

[X] FILE [X] CONFORM [ ] ISSUE [ ] CERTIFY [ ] RECORD
[ ] COURT RESEARCH [ ] FORM REQUEST [ ] COPY REQUEST [ ] OTHER

**Fees Advanced**
Amount ______
Check ______
Amount ______
Check ______
Amount ______
Check ______

**Provided by Client**
Amount ______
Check ______

**SPECIAL INSTRUCTIONS / DESCRIPTION OF PERSON (IF KNOWN)**

Courtesy Copy to Ctrm. 1 - Judge Larson

COURT SERVICE FEE(S)
PROCESS SVC. FEE(S)
ATTEMPTS
BAD ADDRESS
RUSH-SPCL-PU-RT
RESEARCH
INVESTIGATION
MILEAGE
DIRECT COST
ADVANCE FEES
ADV. FEE CHARGES
PHONE
PARKING
INVOICE TOTAL

PERSONS/ENTITIES TO BE SERVED AND KNOWN ADDRESS
(One Entity Per Invoice) (PLEASE INDICATE NAME EXACTLY AS IT SHOULD APPEAR ON PROOF OF SERVICE)

NAME: NAME:

ADDRESS: ADDRESS:

PHONE: PHONE:

[ ] HOME [ ] BUSINESS [ ] HOME [ ] BUSINESS

SERVICE: [ ] PERSONAL [ ] POST [ ] DELIVER [ ] SUBSTITUTION OK

| HEIGHT | WEIGHT | HAIR | EYES | AGE | RACE | SEX | ADDITIONAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| DATE SERVED | TIME SERVED | PROCESS SERVER | PERSON SERVED | TITLE |
|---|---|---|---|---|
| | | 603 | | |

EXHIBIT 26

SERVER COPY

# FILING / SERVICE OF PROCESS INSTRUCTION

**INVOICE NO.**
**259120**

## LEGAL SERVICE

L.A. (213) 482-1567 • FAX (213) 482-1572
O.C. (714) 835-6570 • FAX (714) 835-6670
www.nowlegalservices.com

**PLEASE CHECK TYPE OF SERVICE REQUESTED**

| [X] COURT SERVICE | [ ] SERVICE OF PROCESS |

363028

PLEASE NOTE ANY SPECIFIC OR TIMELY FILING/SERVICE REQUIREMENTS

| CHARGE TO | DATE 8/14/07 | REFERENCE NUMBER 7209 |
|---|---|---|

GLENN FREEMAN URQUHART
865 SOUTH FIGUEROA STREET # 2600
LOS ANGELES CA 90017 (213) 624-7707

**METHOD OF SERVICE REQUESTED**

| [X] RUSH | RETURN BY |
| [ ] SPECIAL PICK UP | [X] SPECIAL |
| [ ] SAME DAY | [ ] SAME DAY |
| [ ] NEXT DAY | [ ] NEXT DAY |
| [ ] RETAINER | [ ] CALL FROM COURT |
| COMPLETE BY: | |

| REQUESTED BY: ATTY / SECRETARY / NUMBER | CASE NUMBER |
|---|---|
| Urquhart, Laura K. | C4-9049 |

| PLAINTIFF Bryant | COURT ADDRESS USDC |
| VS | |
| DEFENDANT Mattel | - Riverside - |

**DOCUMENT TO BE FILED/SERVED:**
order

| [X] FILE | [X] CONFORM | [ ] ISSUE | [ ] CERTIFY |
| [ ] COURT RESEARCH | [ ] FORM REQUEST | [ ] COPY REQUEST | [ ] RECORD |
| | | | [ ] OTHER |

**Fees Advanced**

Amount _____
Check _____

**SPECIAL INSTRUCTIONS / DESCRIPTION OF PERSON (IF KNOWN)**

Courtesy Copy's
Dpt. 1 - Judge
Larson

| | |
|---|---|
| Amount _____ | |
| Check _____ | |
| Amount _____ | |
| Check _____ | |
| **Provided by Client** | |
| Amount _____ | |
| Check _____ | |

| COURT SERVICE FEE(S) | |
| PROCESS SVC FEE(S) | |
| ATTEMPTS | |
| BAD ADDRESS | |
| RUSH-SPCL PU-RT | |
| RESEARCH | |
| INVESTIGATION | |
| MILEAGE | |
| DIRECT COST | |
| ADVANCE FEES | |
| ADV. FEE CHARGES | |
| PHONE | |
| PARKING | |
| INVOICE TOTAL | |

**PERSONS/ENTITIES TO BE SERVED AND KNOWN ADDRESS**
(One Entity Per Invoice)   (PLEASE INDICATE NAME EXACTLY AS IT SHOULD APPEAR ON PROOF OF SERVICE)

| NAME: | NAME: |
| ADDRESS: | ADDRESS: |
| PHONE: | PHONE: |
| [ ] HOME [ ] BUSINESS | [ ] HOME [ ] BUSINESS |
| SERVICE: [ ] PERSONAL [ ] POST | [ ] DELIVER [ ] SUBSTITUTION OK |

| HEIGHT | WEIGHT | HAIR | EYES | AGE | RACE | SEX | ADDITIONAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| DATE SERVED | TIME SERVED | PROCESS SERVER 603 | PERSON SERVED | TITLE |
|---|---|---|---|---|

EXHIBIT 26

Conformed
COPY

2007 AUG 15  PM 12: 15

FILED

1    Hon. Edward A. Infante (Ret.)
     JAMS
2    Two Embarcadero Center
     Suite 1500
3    San Francisco, California  94111
     Telephone:     (415) 774-2611
4    Facsimile:     (415) 982-5287

5

6

7                        UNITED STATES DISTRICT COURT

8                        CENTRAL DISTRICT OF CALIFORNIA

9                              EASTERN DIVISION

10

11   CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
12               Plaintiff,

13       v.                                 Consolidated with
                                            Case No. CV 04-09059
14   MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15               Defendant.                 **ORDER GRANTING IN PART
                                            MATTEL'S MOTION TO ENFORCE
16                                          THE COURT'S ORDER OF MAY 16,
                                            2007, TO COMPEL MGA TO
17                                          PRODUCE WITNESSES FOR
                                            DEPOSITION PURSUANT TO RULE
18                                          30(b)(6), AND GRANTING REQUEST
                                            FOR SANCTIONS**
19
     CONSOLIDATED WITH
20   MATTEL, INC. v. BRYANT and
     MGA ENTERTAINMENT, INC. v. MATTEL,
21   INC.

22

23

24

25                           I. INTRODUCTION

26       On June 29, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Enforce The Court's

27   Order of May 16, 2007, To Compel MGA To Produce Witnesses For Deposition Pursuant To

28
     Bryant v. Mattel, Inc.,                                          1
     CV-04-09049 SGL (RNBx)

8|15

EXHIBIT **26**

PAGE **583**

1   Rule 30(b)(6), And For Sanctions."[1]  On July 9, 2007, MGA Entertainment, Inc. ("MGA")

2   submitted an opposition brief, and on July 12, 2007, Mattel submitted a reply brief.  The matter

3   was heard on August 13, 2007.  Although the scope of Mattel's motion was broader[2], during the

4   hearing, Mattel requested an order compelling MGA to designate and produce witnesses on Topic

5   Nos. 21, 25, 26, and 34 and imposing sanctions for MGA's alleged non-compliance with the May

6   16, 2007 Order, particularly with respect to Topic Nos. 25, 26, 34, 39, 40 and 41.  Having

7   considered the motion papers and the comments of counsel at the hearing, Mattel's motion is

8   granted in part.

### II. BACKGROUND

9       On May 16, 2007, the undersigned issued an order granting Mattel's Motion to Compel

10  MGA To Produce Witnesses Pursuant To Rule 30(b)(6) (hereinafter the "May 16, 2007 Order")

11  which provided, in pertinent part:

12      2.      MGA shall confirm its designees and the dates of the designees' availability for

13      deposition for all Topics except Topic Nos. 25 and 26 in Mattel's Notice of Deposition of

14      MGA Pursuant to Rule 30(b)(6) dated February 1, 2007 (the "Second Notice") on or

15      before May 22, 2007.

16      3.      MGA shall make its designees for all Topics in the Second Notice, except Topics

17      Nos. 25 and 26, available for deposition on or before June 30, 2007.

18      4.      The parties shall meet and confer regarding the timing of the depositions on Topic

19      Nos. 25 and 26 of the Second Notice.  Such depositions may take place after June 30,

20      2007.

21      5.      All of MGA's objections and/or limitations regarding the Topics in Mattel's Rule

22      30(b)(6) deposition notices are overruled.

---

24      [1]  Mattel seeks $3,000 in sanctions.

25      [2]  In its opening brief, Mattel focused on Topic Nos. 25, 26, 34, 39, 40 and 41 and requested an order
    requiring MGA to designate and produce witnesses on all Topics in Mattel's Second Notice of Deposition of MGA.
26  In its reply brief, Mattel requested an order requiring MGA to produce witnesses on Topic Nos. 11, 13, 14, 19, 21-28,
    31, 34, 37 and 39-41.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT  **26**

PAGE ___ S84