QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-9059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO AMEND PROTECTIVE ORDER; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[Declaration of James D. Judah and Notice of Lodging filed concurrently herewith]<br><br>Date:    TBA<br>Time:    TBA<br>Place:   Arent Fox LLP<br>         555 West Fifth St.<br>         48th Floor<br>         Los Angeles, CA  90013<br><br>Phase 2:<br>Disc. Cut-off:     December 11, 2009<br>Pre-trial Conf.:   March 1, 2010<br>Trial Date:        March 23, 2010 |

00505.07975/3068133.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that at a date and time to be set by Discovery Master Robert O'Brien, Mattel, Inc. hereby moves, pursuant to Paragraph 19 of the Protective Order issued on January 4, 2005, to amend the definition of "Attorneys' Eyes Only" or "Confidential" documents to allow for the designation of:

(1) non-public documents that comprise official Mexican criminal investigative files or the official records of a Mexican court proceeding, and non-public documents that discuss the contents of such official files and records; and

(2) non-public documents that comprise communications with the United States Attorney's Office, the Federal Bureau of Investigation, Canadian law enforcement personnel, and non-public documents that discuss the contents of such communications.

In the alternative, Mattel respectfully requests that the Discovery Master make a report and recommendation that the Protective Order be so modified.

Mattel makes this Motion on the grounds that MGA has taken the position that the current Protective Order does not provide protection to the foregoing categories of highly confidential or non-public documents from dissemination and disclosure.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of James D. Judah, the concurrently lodged Declaration of Francisco J. Tiburcio, the record on file in this action, and any argument presented at the hearing on this motion.

## **Certification of Meet and Confer**

The parties met and conferred regarding this Motion on April 29, 2009, and times thereafter.

1

2    DATED:  August 26, 2009          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES. LLP
3

4                                      By /s/ James Webster
                                           James Webster
5                                          Attorneys for Mattel. Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ....................................................................................... 1

ARGUMENT ........................................................................................................... 2

I.   THE COURT HAS AUTHORITY TO MODIFY THE STIPULATED PROTECTIVE ORDER .................................................................................. 2

II.  THE MEXICAN JUDICIAL FILE OF THE CRIMINAL INVESTIGATION AND PROSECUTION OF MACHADO, VARGAS AND TRUEBA SHOULD BE "ATTORNEYS EYES ONLY" ............................................................................................................. 3

    A.   Criminal Investigation Records and Judicial Files are Confidential Documents under Mexican Law ......................................... 4

    B.   The Protective Order Should Respect and Enforce the Confidentiality Provided to Official Mexican Criminal Records by Mexican Law ...................................................................................... 4

III. COMMUNICATIONS WITH LAW ENFORCEMENT PERSONNEL IN CONNECTION WITH THEIR CRIMINAL INVESTIGATIONS OF THE THEFT OF MATTEL'S TRADE SECRETS BY MGA EMPLOYEES SHOULD BE "ATTORNEYS EYES ONLY" OR "CONFIDENTIAL" ................................................................................................ 5

CONCLUSION ......................................................................................................... 8

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

<u>Citizens for Responsibility and Ethics in Washington v. Nat'l Indian Gaming Com'n</u>,
  467 F. Supp. 2d 40 (D.D.C. 2008)...................................................................7

<u>Emory v. Grenough</u>,
  3 Dall. 369 (1797)..........................................................................................5

<u>In re Grand Jury Matter (Catania)</u>,
  682 F.2d 61 (3d Cir. 1982) ............................................................................7

<u>Hilton v. Guyot</u>,
  159 U.S. 113 (1895) .......................................................................................5

<u>Massey v. FBI</u>,
  3 F.3d 620 (2d Cir. 1993) ..............................................................................7

<u>Osband v. Woodford</u>,
  290 F.3d 1036 (9th Cir. 2002) .......................................................................3

<u>In re Schimmelpennick</u>,
  183 F.3d 347 (5th Cir. 1999) .........................................................................5

<u>Socit National Industrille Arospatiale v. United States  District Court</u>,
  482 U.S. 522 (1987) .......................................................................................4

<u>United Nuclear Corp. v. Cranford Ins. Co.</u>,
  905 F.2d 1424 (10th Cir. 1990).....................................................................3

<u>United States v. CBS, Inc.</u>,
  666 F.2d 364 (9th Cir. 1982)..........................................................................2

<u>United States v. Under Seal</u>,
  920 F.2d 235 (4th Cir. 1990) .........................................................................7

<u>Voinche v. F.B.I.</u>,
  412 F. Supp. 2d 60 (D.D.C. 2006)..................................................................7

## <u>Statutes</u>

<u>Fed. R. Civ. P.</u> 26(c)(1)........................................................................................2

<u>Fed. R. Crim. P.</u> 6 ................................................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

By this motion, Mattel seeks to modify the Protective Order to expressly allow for the designation of two categories of sensitive documents as "Attorneys Eyes Only." The first category is non-public documents that comprise the official Mexican criminal investigative file or the official records of a Mexican court proceeding, and non-public documents discussing the contents of these official files. Under Mexican law, these official criminal investigative and prosecutorial documents are so confidential that the unauthorized disclosure of them carries a potential criminal penalty of up to a decade.

The second category is non-public documents that comprise communications with the United States Attorney's Office, the Federal Bureau of Investigation, and Canadian law enforcement personnel, including those relating to law enforcement's criminal investigation of the theft of Mattel's trade secrets by MGA executives and employees. Because both categories directly relate to criminal investigations of the parties here, dissemination and disclosure of such documents should be strictly limited to avoid interfering with law enforcement efforts.

Accordingly, Mattel respectfully requests that the Discovery Master issue an order amending the Protective Order to allow for the designation of both categories of documents as "Attorneys' Eyes Only" or "Confidential," or, alternatively, issue a report and recommendation for such an amendment.

### Statement of Facts

Mattel's Opposition to MGA Entertainment Inc.'s Motion to De-Designate Documents Produced by Mattel, Inc. as "Attorneys' Eyes Only" in Response to Document Request Nos. 526 and 528, filed on July 1, 2009,[1] details the dispute

---

[1] See Mattel's Opposition to MGA Entertainment Inc.'s Motion to De-Designate Documents Produced by Mattel, Inc. as "Attorneys' Eyes Only" in Response to Document Request Nos. 526 and 528, dated July 1, 2009, Judah Decl., Exh. 4.

between the parties that necessitated the original filing of this Motion.  During the meet and confer process relating to that Motion, counsel for Mattel asked MGA to stipulate that the Protective Order should encompass non-public documents regarding criminal prosecutions and investigations.   MGA rejected this request and filed its motion.  Mattel filed an Opposition as well as a Motion to Modify the Protective Order.

Although MGA and Mattel stipulated to withdraw their respective motions, that withdrawal was without prejudice to Mattel's right to re-file a motion to amend the Protective Order.[2]  Now MGA is seeking to de-designate one of the communications with Canadian law enforcement that had been included in its earlier de-designation motion.  In its Opposition, Mattel argues that the communication should be protected as "Attorneys' Eyes Only" – or, at a minimum, "Confidential" – under the existing Protective Order.  Should the Discovery Master disagree, the purpose of this Motion is to modify the Protective Order to establish explicitly the bases for designating these two categories of documents as "Attorneys' Eyes Only" or "Confidential."

## **Argument**

## I.  **THE COURT HAS AUTHORITY TO MODIFY THE STIPULATED PROTECTIVE ORDER**

Upon a showing of good cause, a court may restrict access to discovery materials.  See Fed. R. Civ. P. 26(c)(1).  Protective orders provide a critical safeguard against the disclosure of confidential documents included within the expansive reach of discovery.  See United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

The Court has full authority to modify a protective order.  "A party subject to a protective order is generally free to return to the issuing court to seek modification

---

[2]  See Stipulation to Withdraw 1) MGA's Motion to De-Designate Documents Produced by Mattel as "Attorneys' Eyes Only" in Response to Document Request Nos. 526 and 528; and 2) Mattel's Motion to Amend Protective Order, dated July 17, 2009, Judah Decl., Exh. 3.

of the order."  Osband v. Woodford, 290 F.3d 1036, 1039 (9th Cir. 2002).  This rule applies not only to court-imposed protective orders, but also to those stipulated to by the parties.  See, e.g., United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990).  Here, the Protective Order itself explicitly provides that "a Party may at any time apply to the Court for modification of this Stipulation and Protective Order pursuant to a motion brought in accordance with the rules of the Court. . ."[3]  In late 2004 and early 2005, when the Protective Order was agreed to, the parties did not anticipate and explicitly address the categories of documents at issue in this Motion.

## II.   THE MEXICAN JUDICIAL FILE OF THE CRIMINAL INVESTIGATION AND PROSECUTION OF MACHADO, VARGAS AND TRUEBA SHOULD BE "ATTORNEYS EYES ONLY"

The first, and significantly larger, category of documents that should be protected as "Attorneys' Eyes Only" under a modified protective order are the judicial files of the investigation by Mexican law enforcement officials into the theft of trade secrets from Mattel.  The certified copy of the volumes of the Record of Criminal Investigation and Proceedings 130/2007 detail the investigation and prosecution of Gustavo Machado, Mariana Trueba and Pablo Vargas for theft of trade secrets from Mattel and its subsidiaries in Mexico.  The file also contains thousands of pages of stolen documents containing Mattel's trade secrets.  While Mexican authorities do not, as a matter of course, provide the entirety of the criminal investigative file even to the victim, here Mattel, the law allows the victim to petition for release of a certified copy, which Mattel did.[4]

---

[3]   Declaration of James D. Judah, filed concurrently ("Judah Decl."), Exh. 1 at § 19 (Protective Order).

[4]   In this instance, Mattel was only able to obtain the documents after nearly two months of effort by its Mexican counsel.

A.   **Criminal Investigation Records and Judicial Files are Confidential Documents under Mexican Law**

Mexican law treats records of criminal judicial proceedings – and of criminal investigations leading up to judicial proceedings – as confidential material, with limits on dissemination.  Under Article 16 of the Mexican Federal Criminal Procedures Code, a criminal investigative file is available only to the defendant, the victim, and their respective attorneys.  See Declaration of Francisco J. Tiburcio, filed concurrently ("Tiburcio Decl."), at ¶ 16 & Exhs. 1-2.  Under Article 14 of the Federal Law of Transparency and Access to the Governmental Public Information, all information regarding criminal investigations, including the judicial file of an investigation and any subsequent trials, is "reserved [i.e. confidential] information." See id. at ¶ 8 & Exhs. 4-5.

Because such information is protected, Mexican officials who come into its possession are required, under Articles 18 and 19 of the Federal Law of Transparency, to maintain the secrecy of the information absent express permission to disclose it from the private party that provided the information.  See id. at ¶ 9 & Exhs. 4-5.  Information provided to law enforcement may be used solely to carry out the duties of the public official who received it—in the present case, solely to prosecute the theft of trade secrets committed by Machado, Trueba, and Vargas.  See id. at ¶ 10 (discussing the Mexican Federal Law of Liabilities of Public Servants).  Under Mexican law, a person found guilty of disclosure of information or documents that are part of the criminal investigative file to unauthorized recipients may be imprisoned for between four and ten years.  See id. at ¶ 12 & Exhs. 8-9.

B.   **The Protective Order Should Respect and Enforce the Confidentiality Provided to Official Mexican Criminal Records by Mexican Law**

International comity "refers to the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states."  Société National Industrille Aérospatiale v. United States

-4-

District Court, 482 U.S. 522, 543 n.27 (1987) (discussing Emory v. Grenough, 3 Dall. 369, 370 n. (1797), and Hilton v. Guyot, 159 U.S. 113, 163-64 (1895)).  To be accorded respect by United States courts, "foreign laws need not be identical to . . . the laws of the United States; they merely must not be repugnant to our laws and policies."  In re Schimmelpennick, 183 F.3d 347, 365 (5th Cir. 1999).   Mexico's policy of confidentiality of judicial files should be respected in these proceedings by allowing for their designation and protection as "Attorneys' Eyes Only" material under the Protective Order.

## III.   COMMUNICATIONS WITH LAW ENFORCEMENT PERSONNEL IN CONNECTION WITH THEIR CRIMINAL INVESTIGATIONS OF THE THEFT OF MATTEL'S TRADE SECRETS BY MGA EMPLOYEES SHOULD BE "ATTORNEYS EYES ONLY" OR "CONFIDENTIAL"

The Discovery Master should also modify the Protective Order to protect the confidentiality of ongoing federal criminal investigations and prosecutions, particularly the investigation of MGA manager Jorge Castilla by the United States Attorney's Office for the Central District of California and the FBI and the investigation of MGA employee Janine Brisbois by Canadian law enforcement personnel.

As described in Mattel's Second Supplemental Responses to MGA's First Set of Interrogatories to Mattel, Inc., served on May 23, 2008,[5] while preparing to resign from Mattel to work for MGA, Mr. Castilla created a folder named "to take" on his work computer.  This folder held documents that he subsequently emailed or copied to a mobile device, and its contents were stolen by Castilla between March 10 and March 12, 2006.  The documents that Castilla stole detailed the sophisticated inventory control system based on forecasting models that Mattel, through significant investment, developed to obtain a competitive advantage in the toy industry with its unique order,

manufacture, and delivery cycles.  In response to inquiries from the U.S. Attorney's Office and the FBI, Mattel provided federal officials with documents containing trade secrets, a deposition transcript, and summaries of internal investigations into Castilla's thefts.

Similarly, Ms. Brisbois, who was Director of Sales for Mattel's Girls Division in Canada and responsible for Mattel's account with Toys 'R Us and Wal-Mart at the time she left Mattel, spoke with MGA's CEO Isaac Larian prior to her departure and copied approximately 45 Mattel documents containing Mattel proprietary advertising, project, sales, customer and strategy information (for both Canada and the United States) onto a USB drive with the volume label "BACKPACK."[6]  Ms. Brisbois removed the thumb drive from Mattel Canada's office by concealing it in her backpack or gym bag the last time that she left that office.  These documents contained Mattel trade secret and proprietary information, and included: (1) a document containing the price, cost, sales plan and quantity of every Mattel product ordered by every Mattel customer in 2005 and 2006; (2) the BARBIE television advertising strategy and information concerning  sales increases generated by television advertisements; (3) competitive analysis of Mattel vis-à-vis its competitors in Canada; (4) an analysis of Mattel's girls business sales beginning in 2003 and forecasts through 2006; (5) profit and loss reviews for Mattel's products being sold in Wal-Mart, including margins and profit in not only Canada, but in the United States and Mexico; and (6) a document containing the product launch dates and related advertising for all Mattel new products between Fall 2005 and Spring 2006.

In communications with the Organized Crime Unit of the Peel police department, Mattel provided Canadian law enforcement personnel with confidential and

---

[5]   A copy of Mattel's Responses are attached as Exhibit 2 to the Judah Declaration. The discussion of Mr. Castilla's trade secret thefts is on pages 38-44.

[6]   See Mattel's Second Supplemental Responses to MGA's First Set of Interrogatories to Mattel, Inc., dated May 23, 2008, at 35-38, Judah Decl., Exh. 2.

proprietary documents.  While MGA has provided no justification for its refusal to honor the confidentiality of these communications, the same policy justifications underlying protecting the integrity of ongoing criminal investigations and prosecutions in Mexico apply to federal criminal investigations and prosecutions in the United States and Canada.[7]  Review of the materials provided to law enforcement by Mattel, as well as the confidential Mattel reports and documents addressed to that investigation, would almost certainly risk compromising the progress of the ongoing federal criminal investigation of Mr. Castilla and any investigation of Ms. Brisbois in Canada.

This is especially true in light of the longstanding rule that "names and contact information" of investigative authorities are protected from public disclosure. See Voinche v. F.B.I., 412 F. Supp. 2d 60, 67 (D.D.C. 2006) ("A balancing of the aforementioned private and public interests leads this Court to conclude that the release of the withheld information would constitute an unwarranted invasion of personal privacy that is not outweighed by any public interest in this information."); Citizens for Responsibility and Ethics in Washington v. Nat'l Indian Gaming Com'n, 467 F. Supp. 2d 40, 53 (D.D.C. 2008) ("The names of law enforcement personnel are generally exempt from disclosure under Exemption 7(C) because disclosure 'could subject them to embarrassment and harassment in the conduct of their official duties and personal affairs.'") (citing Massey v. FBI, 3 F.3d 620, 624 (2d Cir. 1993)).

---

[7]  Federal Rule of Criminal Procedure 6(e), which protects the secrecy of grand jury proceedings, further supports Mattel's proposed modifications.  Of course, Mattel does not know if a grand jury has been convened in the investigation of Mr. Castilla or what evidence may have been offered to a grand jury.  But it is well-established that materials that would provide insights into a grand jury investigation are protected. Rule 6(e) is not limited to the actual deliberations of the grand jury, but also applies "to anything which may reveal what occurred before the grand jury." In re Grand Jury Matter (Catania), 682 F.2d 61, 63 (3d Cir. 1982).  Thus, for Rule 6(e) purposes, the protection extends to "anything that may reveal what has transpired before the grand jury." United States v. Under Seal, 920 F.2d 235, 241 (4th Cir. 1990).

In light of the sensitivity of these investigations, the Discovery Master should modify the Protective Order to encompass Mattel's non-public communications with the United States Attorney's Office, FBI, and Canadian law enforcement personnel as "Attorneys' Eyes Only."  As a minimum alternative, communications such as the De Anda email to Canadian Intelligence Services should be protected as "Confidential."

## <u>Conclusion</u>

For the foregoing reasons, Mattel respectfully requests that the Discovery Master issue an order modifying the applicable Protective Order to make explicit that "Attorneys Eyes Only" includes:

(1) non-public documents that comprise official Mexican criminal investigative files or the official records of a Mexican court proceeding, and non-public documents that discuss the contents of such official files and records; and

(2) non-public documents that comprise communications with the United States Attorney's Office, the Federal Bureau of Investigation, Canadian law enforcement personnel, and non-public documents that discuss the contents of such communications.   In the alternative Mattel submits that, at a minimum, the communications with Canadian law enforcement personnel should be added to the definition of "Confidential" documents.

Also in the alternative, Mattel respectfully requests that the Discovery Master make a report and recommendation that the Protective Order be so modified.

DATED:  August 26, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP


By /s/ James Webster
   James Webster
   Attorneys for Mattel. Inc.