1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

| | |
|---|---|
| 11 | |
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| | Consolidated with |
| 13        Plaintiff, | Case No. CV 04-09039 |
| | Case No. CV 05-02727 |
| 14        vs. | |
| | **DISCOVERY MATTER** |
| 15  MATTEL, INC., a Delaware corporation, | |
| | **DECLARATION OF JON COREY IN SUPPORT OF MATTEL, INC.'S MOTION FOR AN ORDER: (1) REMOVING "CONFIDENTIAL" DESIGNATIONS FROM PORTIONS OF THE DEPOSITION TRANSCRIPT OF SUSANA KUEMMERLE, AND (2) ISSUING AN APOSTILLE RE THE KUEMMERLE TRANSCRIPT** |
| 16        Defendant. | |
| 17  AND CONSOLIDATED ACTIONS | |
| 18 | |
| 19 | |
| 20 | |
| 21 | Date:   To be set |
| | Time:   To be set |
| 22 | Place:  Arent Fox LLP |
| 23 | **Phase 2** |
| | Discovery Cut-Off:      Dec. 11, 2009 |
| 24 | Pre-Trial Conference:   Mar. 1, 2010 |
| | Trial Date:             Mar. 23. 2010 |
| 25 | |

26            **PUBLIC REDACTED - EXHIBIT B**

27    **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

28

1         I, Jon Corey, declare as follows:

2         1.    I am a member of the bars of the State of California, District of

3    Columbia and the State of New York and a member of Quinn Emanuel Urquhart

4    Oliver & Hedges, LLP, attorneys for Mattel, Inc.  I make this declaration of

5    personal, firsthand knowledge, and if called and sworn as a witness, I could and

6    would testify competently thereto.

7         2.    In or about December, 2004, the parties entered into a Stipulated

8    Protective Order and Order, which was entered by the Court on January 4, 2005

9    ("Protective Order").  A true and correct copy of the Protective Order is attached as

10   Exhibit A.

11        3.    I took the deposition of Susana Kuemmerle on January 28, 2008.

12   True and correct copies of relevant portions of the deposition transcript of Ms.

13   Kuemmerle are attached as Exhibit B.

14        4.    Almost two hours into the deposition of Ms. Kuemmerle, I

15   inquired into an area which prompted MGA's counsel to designate the material as

16   "CONFIDENTIAL – AEO."  My questions regarding this topic were limited, and I

17   soon moved on to other, non-confidential matters, such as MGA's communications

18   with and recruitment of Mattel employees, and MGA's knowledge regarding the

19   theft of Mattel property by former Mattel employees.  Although such testimony is

20   not CONFIDENTIAL, much less CONFIDENTIAL – AEO under the terms of the

21   Protective Order, MGA's counsel designated the remainder of the deposition

22   transcript -- from that two-hour mark until the end of the transcript -- as

23   CONFIDENTIAL-AEO.

24        5.    On January 28, 2009, I wrote to counsel for MGA concerning

25   MGA's improper designations of non-confidential testimony as CONFIDENTIAL --

26   AEO. A true and correct copy of my January 28, 2009 meet and confer letter is

27   attached as Exhibit C.

28

-1-

1           6.    In response to my January 28, 2009 meet and confer letter,

2    MGA's counsel agreed to revise MGA's designations. On February 27, 2009, MGA

3    served its revised designations. A true and correct copy of MGA's revised

4    designations are attached as Exhibit D.

5           I declare under penalty of perjury under the laws of the State of

6    California that the foregoing is true and correct.

7           Executed on August 26, 2009, at Los Angeles, California.

8

9

10

11                    /s/ Jon Corey
                  Jon Corey

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 90378)
      Michael T. Zeller (Bar No. 196417)
      Jon D. Corey (Bar No. 185066)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
4   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
5
    Attorneys for Plaintiff and Counter-Defendant
6   Mattel, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          )  CASE NO. CV 04-9059 NM (RNBx)
    Corporation,                      )
12                                    )  STIPULATED PROTECTIVE
                       Plaintiff,     )  ORDER; AND
13                                    )
            v.                        )  [PROPOSED] ORDER
14                                    )
    CARTER BRYANT, an individual; and )  [Discovery Matter]
15  DOES 1 through 10, inclusive,     )
                                      )
16                     Defendants.    )
                                      )
17  ──────────────────────────────────
    CARTER BRYANT, on behalf of       )
18  himself, all present and former   )
    employees of Mattel, Inc., and the)
19  general public,                   )
                                      )
20                  Counter-Claimant, )
                                      )
21          v.                        )
                                      )
22  MATTEL, INC., a Delaware          )
    Corporation,                      )
23                                    )
                 Counter-Defendant.   )
24

25

26

27

28                                       EXHIBIT  A
                                         PAGE  3

07272/625581.2
                                              PROTECTIVE ORDER

## GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)    Personnel files and other private or confidential employment, contractor or vendor information;

EXHIBIT _A_

PAGE _4_

07272/625581.2

-2-

PROTECTIVE ORDER

1    (2) The specific terms of agreements with, and information received

2 from, third parties that a Party is required to disclose only under conditions of

3 confidentiality;

4    (3) Personal or private financial information, and confidential

5 financial data that is not known generally to the trade or to competitors, including

6 financial data relating to specific sales, cost and profit information for specific

7 products and product lines; and

8    (4) Business plans and product information that are not known

9 generally to the trade or to competitors, including non-public information relating to

10 product development and design.

11

12    WHEREFORE, believing that good cause exists, the Parties HEREBY

13 STIPULATE that, subject to the Court's approval, the following procedures shall be

14 followed in this Action to facilitate the orderly and efficient discovery of relevant

15 information while minimizing the potential for unauthorized disclosure or use of

16 confidential or proprietary information:

17

18        <u>SCOPE OF THIS ORDER</u>

19

20   1. This Protective Order shall apply to trade secret, confidential and

21 proprietary information, documents and things that are produced or disclosed in any

22 form during the course of the Action by any Party or any nonparty:

23    (a) through discovery;

24    (b) in any pleading, document or other writing; or

25    (c) in testimony given at a deposition.

26 (The foregoing information, documents and things shall be referred to hereinafter

27 collectively as "Litigation Materials.")

EXHIBIT  *A*

28

PAGE  *5*

PROTECTIVE ORDER

CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2.     Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

MANNER OF DESIGNATION OF MATERIALS

3.     A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)   Documents   or   Things.   "CONFIDENTIAL"   or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

EXHIBIT ___ A

PAGE ___ 6

07272/625581.2

-4-

PROTECTIVE ORDER

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b)   Interrogatory Answers and Responses to Requests for Admissions. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c)   Deposition Testimony. Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

EXHIBIT ___A___

PAGE ___7___
PROTECTIVE ORDER

1 | A Party or nonparty also may make the above-referenced designation of
2 | confidentiality in writing and within fourteen (14) calendar days of the receipt
3 | by said Party or nonparty of the transcript of said testimony. In that event, said
4 | portion of the transcript will be treated as "CONFIDENTIAL" or
5 | "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of
6 | this Protective Order, except that it will not be separately bound. If, during the
7 | course of deposition testimony, any Party or nonparty reasonably believes that
8 | the answer to a question will result in the disclosure of "CONFIDENTIAL" or
9 | "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons
10 | other than those persons entitled to receive such information pursuant to
11 | paragraphs 5 and 6 hereof shall be excluded from the room in which the
12 | deposition testimony is given.    Unless previously designated as
13 | "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"
14 | all transcripts of deposition testimony and any related exhibits, and all
15 | information adduced in deposition, shall, in their entirety, be treated as
16 | "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of
17 | the transcript by counsel for the designating Party or nonparty. The Party or
18 | nonparty designating the testimony or information as "CONFIDENTIAL" or
19 | "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen
20 | (14) calendar day period described above, specifically designate information
21 | contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or
22 | "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously
23 | designated as such, by notifying all Parties in writing of the portions of the
24 | transcript or exhibit which contains such information. Each Party shall attach
25 | a copy of such written statement to the face page of the transcript or exhibit
26 | and to each copy in its or his possession, custody or control. Thereafter, these
27 | portions of the transcript or exhibits designated as "CONFIDENTIAL" or
28 | "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

-6- EXHIBIT ___A___

PAGE ___8___          PROTECTIVE ORDER

1    accordance with the terms of this Protective Order. In addition, the provisions

2    of Paragraph 3(e) for later designating transcripts or exhibits shall apply after

3    the expiration of the fourteen (14) calendar day period described in this

4    Paragraph 3(c).

5                    (d)     Typing or stamping the legend "CONFIDENTIAL" or

6    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a

7    collection of Litigation Materials which are bound together shall have the

8    effect of designating such collection in its entirety as "CONFIDENTIAL" or

9    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks,

10    tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling,

11    stamping or marking the outside of such disk, tape, CD-ROM, DVD or other

12    medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL

13    -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire

14    contents of such disk, tape, CD-ROM, DVD or other medium or device, and

15    all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL --

16    ATTORNEYS' EYES ONLY," as the case may be.

17                    (e)     Except as otherwise provided in Paragraph 3(c) of this

18    Protective Order, the receiving Party shall not reveal any information produced

19    for a period of seven (7) calendar days following receipt. Failure to designate

20    a document, thing or other information as CONFIDENTIAL" or

21    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this

22    Protective Order shall not preclude any Party or nonparty desiring to so

23    designate the document, thing or information from so designating thereafter;

24    provided that the Party or nonparty proceeds promptly after discovery of any

25    omission of marking, in good faith marks the document, thing or other

26    information and requests, in writing, that each receiving Party so mark and

27    treat the document, thing or other information in accordance with this

28    Protective Order. Thereafter, the document, thing or other information shall


EXHIBIT _____ A

-7-

PAGE _____ 9      PROTECTIVE ORDER

1  be fully subject to this Protective Order. No Party shall incur liability for any
2  disclosures made prior to notice of such designation, except to the extent that
3  any such disclosures occurred prior to the seven (7) day period described above
4  or prior to such other time periods as are provided by this Protective Order,
5  including without limitation such time periods as are provided in Paragraph
6  3(c) above.

7

8  RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

9

10      4.      Any Litigation Materials produced or disclosed in this Action,
11  whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL --
12  ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such
13  information for purposes of litigation and not for any other purpose, including
14  without limitation for any business or trade purpose. As used herein, the term
15  "litigation" shall mean preparation for, participation in and prosecution and defense
16  of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in
17  connection with any mediation or other alternative dispute resolution procedure that
18  this or any other court may order or that the Parties may agree to.

19      5.      Subject to Paragraph 7 herein, and unless as otherwise ordered by
20  the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be
21  disclosed to any person other than:

22              (a)     the attorneys for the Parties and their partners, shareholders,
23          associates, document clerks and paralegals who are necessary to assist such
24          attorneys;

25              (b)     secretaries, stenographers and other office or clerical
26          personnel employed by said attorneys and who are necessary to assist such
27          attorneys;

28

EXHIBIT __A__

-8-   PAGE __10__

PROTECTIVE ORDER

(c)     a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)     such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)     non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

EXHIBIT _A_

PAGE _11_

PROTECTIVE ORDER

6.  Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)  the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)  secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)  the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)  such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)  outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)  independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

EXHIBIT _A_

PAGE _12_

PROTECTIVE ORDER

1    (g)    professional court reporters engaged to transcribe
2    deposition testimony, professional videographers engaged to videotape
3    deposition testimony and translators.

4    7.    None of the following is bound by or obligated under this Order
5    in any respect and specifically are not bound or obligated to treat information
6    designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES
7    ONLY" in any particular manner: The Court hearing this Action (including the Court
8    having jurisdiction of any appeal), Court personnel, court reporters working for the
9    Court, translators working for the Court, or any jury impaneled in this Action.

10    8.    Other than those identified in Paragraph 7 above, each person to
11    whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --
12    ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this
13    Protective Order and agree to be bound by it before disclosure to such persons of any
14    such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall
15    not have access to either "CONFIDENTIAL" or    "CONFIDENTIAL --
16    ATTORNEYS' EYES ONLY" information, as the case may be, until they have
17    certified that they have read this Protective Order and have manifested their assent
18    to be bound thereby by signing a copy of the Assurance of Compliance attached
19    hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,
20    it shall not be necessary for that person to sign a separate Assurance of Compliance
21    each time that person is subsequently given access to confidential material. Any
22    person who signed an Assurance of Compliance in connection with the Stipulation
23    for Protection of Confidential Information and Protective Order filed September 16,
24    2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County
25    Superior Court, need not re-sign the Assurance of Compliance attached hereto but
26    shall, by virtue of his or her prior signature, be deemed to have signed the attached
27    Assurance of Compliance.

28

EXHIBIT __A__

PAGE __13__

-11-

PROTECTIVE ORDER

9. The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10. If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the Local Rules. Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11. Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12. The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

EXHIBIT _A_

PAGE _14_

PROTECTIVE ORDER

1         13.    If a Party or nonparty through inadvertence produces or provides

2  discovery that it, he or she believes is subject to a claim of attorney-client privilege

3  or work product immunity, the producing Party or nonparty may give written notice

4  to the receiving Party that the document is subject to a claim of attorney-client

5  privilege or work product immunity and request that the document be returned to the

6  producing Party or nonparty. The receiving Party shall promptly return to the

7  producing Party or nonparty the inadvertedly disclosed document and all copies of

8  such document. Return of the document by the receiving Party shall not constitute

9  an admission or concession, or permit any inference, that the returned document is,

10  in fact, properly subject to a claim of attorney-client privilege or work product

11  immunity, nor shall it foreclose any Party from moving the Court for an Order that

12  such document has been improperly designated or should be producible for reasons

13  other than a waiver caused by the inadvertent production.

14         14.    Nothing contained in this Protective Order shall affect the right

15  of any Party or nonparty to make any objection, claim any privilege, or otherwise

16  contest any request for production of documents, interrogatory, request for admission,

17  or question at a deposition or to seek further relief or protective orders from the Court

18  in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>.

19  Nothing in this Protective Order shall constitute an admission or waiver of any claim

20  or defense by any Party.

21

22              <u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

23

24         15.    Except when the filing under seal is otherwise authorized by

25  statute or federal rule, the Parties shall seek the Court's prior approval for the filing

26  under seal of pleadings and other documents containing properly designated

27  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

28  information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

EXHIBIT ___A___

-13-

PAGE ___15___

PROTECTIVE ORDER

1   Rule may be amended from time to time. Prior to the time that a Party receiving the
2   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"
3   information from any other Party files with the Court an application and the other
4   materials required by Local Rule 79-5.1, as such Rule may be amended from time to
5   time, to seal the producing Party's confidential information, the receiving Party shall
6   consult with the producing Party's attorney to determine whether the producing Party
7   will re-designate the previously designated confidential information so as to avoid the
8   need for the request to file such information under the seal. Upon the default of a
9   Party to seek the Court's approval to file a document containing "CONFIDENTIAL"
10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any
11  Party may subsequently seek the approval of the Court to file that document under
12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule
13  may be amended from time to time.

14

15              THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

16

17          16.    If any Party or nonparty receives a subpoena or document request
18  from a third party which purports to require the production of materials in that Party's
19  possession which have previously been designated as "CONFIDENTIAL" or
20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,
21  the Party or nonparty receiving such subpoena or document request (a) shall object
22  and refuse to produce documents absent a Court Order or the consent of the Party or
23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL
24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who
25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --
26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,
27  and (c) shall not oppose any effort by the Party or nonparty which designated the
28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

EXHIBIT __A__

PAGE __16__        PROTECTIVE ORDER

1  ONLY" to quash the subpoena or obtain a protective order limiting discovery of such
2  material.

3

4  ## DISCOVERY FROM NONPARTIES

5

6      17.    Discovery of nonparties may involve receipt of information,
7  documents, things or testimony which include or contain "CONFIDENTIAL" or
8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A
9  nonparty producing such material in this case may designate as "CONFIDENTIAL"
10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it
11  produces in the same manner provided for in this Protective Order with respect to
12  material furnished by or on behalf of the Parties.  Any Party may also designate as
13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"
15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating
16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing
17  nonparty has also so designated.  In addition, a nonparty may also designate as
18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any
19  materials or information produced by a Party that constitute "CONFIDENTIAL" or
20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such
21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the
22  producing Party has also so designated.  In either such an event, the designation
23  providing for the greater level of protection for the material information shall control,
24  subject to Paragraph 10 of this Protective Order.  Nonparty materials designated
25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a
26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

EXHIBIT ___A___

PAGE ___17___

PROTECTIVE ORDER

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession.  In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties.  Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order.  This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court.  In addition, a Party may at any time apply to the Court for modification of this

EXHIBIT _A_

PAGE _18_

07272/625581.2

-16-

PROTECTIVE ORDER

1    Stipulation and Protective Order pursuant to a motion brought in accordance with the

2    rules of the Court.

3

4    **IT IS SO STIPULATED.**

5

6    DATED: December 22, 2004          QUINN EMANUEL URQUHART
                                       OLIVER & HEDGES, LLP
7

8                                      By    Jon Corey
9                                         Jon Corey
                                          Attorneys for Plaintiff
10                                        Mattel, Inc.

11   DATED: December ___, 2004         LITTLER MENDELSON
12

13                                     By
                                          Douglas A. Wickham
14                                        Attorneys for Defendant
                                          Carter Bryant
15

16   DATED: December ___, 2004         O'MELVENY & MEYERS, LLP

17

18                                     By
                                          Diana M. Torres
19                                        Attorneys for Intervenor-Defendant
                                          MGA Entertainment, Inc.

20

21   **IT IS SO ORDERED.**

22

23   DATED:    1/4/05                        ROBERT N. BLOCK
24                                     THE HONORABLE ROBERT N. BLOCK
                                          United States Magistrate Judge
25

26

27

28                                              EXHIBIT ___A
                                                PAGE ___19

                                                 PROTECTIVE ORDER

1 | Stipulation and Protective Order pursuant to a motion brought in accordance with the
2 | rules of the Court.
3
4 | **IT IS SO STIPULATED.**
5
6 | DATED: December __, 2004          QUINN EMANUEL URQUHART
                                      OLIVER & HEDGES, LLP
7
8                                     By_____
9                                        Jon Corey
                                         Attorneys for Plaintiff
10                                       Mattel, Inc.
11
      DATED: December 2/, 2004         LITTLER MENDELSON
12
13                                     By_____
                                          Douglas A. Wickham
14                                        Attorneys for Defendant
                                          Carter Bryant
15
16 | DATED: December __, 2004          O'MELVENY & MEYERS, LLP
17
18                                     By_____
                                          Diana M. Torres
19                                        Attorneys for Intervenor-Defendant
                                          MGA Entertainment, Inc.
20
21
            **IT IS SO ORDERED.**
22
23 | DATED: _____
24                                     THE HONORABLE ROBERT N. BLOCK
                                       United States Magistrate Judge
25
26
27
28

07272/625581.2                              -17-

                                                          PROTECTIVE ORDER

EXHIBIT __A__

PAGE __20__

1    Stipulation and Protective Order pursuant to a motion brought in accordance with the

2    rules of the Court.

3

4       **IT IS SO STIPULATED.**

5

6    DATED: December __, 2004        QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

7

8                                      By_____

9                                           Jon Corey
Attorneys for Plaintiff

10                                         Mattel, Inc.

11    DATED: December __, 2004        LITTLER MENDELSON

12

13                                        By_____

14                                         Douglas A. Wickham
Attorneys for Defendant

15                                         Carter Bryant

16    DATED: December __, 2004        O'MELVENY & MEYERS, LLP

17

18                                        By_____
Diana M. Torres

19                                         Attorneys for Interventor-Defendant
MGA Entertainment, Inc.

20

21        **IT IS SO ORDERED.**

22

23    DATED: _____

24                                         THE HONORABLE ROBERT N. BLOCK
United States Magistrate Judge

25

26

27

28

                            -17-

                                                       PROTECTIVE ORDER

EXHIBIT _A_

PAGE _21_

## EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

EXHIBIT A
PAGE 22

07272/625581.2

PROTECTIVE ORDER

1

### PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2  **STATE OF CALIFORNIA**          )
**COUNTY OF LOS ANGELES**   )

3

4       I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

5       On December 22, 2004, I served the foregoing document described as

6       **STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

7  on  all interested parties in this action:

8                   **SEE ATTACHED SERVICE LIST**

9
   [ ]     By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed
10          as follows:

11  [ ]     **BY MAIL**

12  [ ]     I deposited such envelope in the mail at Los Angeles, California. The envelope was
            mailed with postage thereon fully prepaid.

13  [ ]     As follows: I am "readily familiar" with the firm's practice of collection and processing
            correspondence for mailing. Under that practice it would be deposited with U.S. postal
14          service on that same day with postage thereon fully prepaid at Los Angeles, California in
            the ordinary course of business. I am aware that on motion of the party served, service is
15          presumed invalid if postal cancellation date or postage meter date is more than one day
            after date of deposit for mailing in affidavit.

16
   [X ]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
17          set forth above on this date.

18  Executed on December 22, 2004, at Los Angeles, California.

19  [X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at
            whose direction the service was made.

20

21  Ivana Maiorano
    Print Name                              Signature

22

23

24

25

26

27

28

EXHIBIT  _A_

PAGE  _23_

Robert F. Millman, Esq.
Douglas A. Wickham, Esq.
Keith A. Jacoby, Esq.
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583

Diana M. Torres, Esq.
O'Melveney & Meyers
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

Daniel J. Warren, Esq.
Sutherland, Asbill & Brennan
999 Peachtree Street NE
Atlanta, GA  30309-3996
Phone: 404-853-8698
Fax: 404-853-8806

-2-

EXHIBIT A
PAGE 24

# EXHIBIT B

## CONFIDENTIAL – ATTORNEYS EYES ONLY
## FILED UNDER SEAL PURSUANT TO
## PROTECTIVE ORDER

# EXHIBIT C

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 28, 2009

**VIA FACSIMILE AND U.S. MAIL**

Thomas J. Nolan, Esq.
Jason D. Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Re:    Mattel v. MGA Entertainment, Inc., et al.

Dear Counsel:

I write to request a meet and confer, and pursuant to Paragraphs 5 and 10 of the Protective Order, regarding MGA's designations of certain portions of the deposition of Susana Kuemmerle, taken on January 28, 2008, as "Confidential – Attorneys' Eyes Only."

Specifically, during one portion of the deposition Mattel's counsel inquired into an area which prompted MGA's counsel to designate the material as "Confidential – Attorneys' Eyes Only." See Kuemmerle Depo. Tr. at 78:6-93:12 (discussing MGA's sales in Mexico). Questions regarding this topic were limited, and the deposition soon moved on to other non-confidential matters. However, MGA designated the remainder of the deposition as "Confidential – Attorneys' Eyes Only."

The Protective Order limits information that may be designated "Confidential – Attorneys' Eyes Only" to "trade secret or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing party or nonparty believes will result in competitive disadvantage or harm if disclosed to another party to this action without restriction upon use or further disclosure." Protective Order ¶ 2. Under any reading, the bulk of Ms. Kuemmerle's remaining testimony did not reveal information that may be appropriately designated "Confidential-Attorneys' Eyes Only" pursuant to the Protective Order. For example,

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

EXHIBIT _____C_____

PAGE ___325___

Ms. Kuemmerle testified about MGA's communications with and recruitment of Mattel employees, and MGA's knowledge regarding the theft of Mattel property by former Mattel employees. See Kuemmerle Depo. Tr. at 93:12-168:24; 172:14-199:15; 221:14-225:25, 227:4-23. Such testimony is not "Confidential," much less "Confidential – Attorneys' Eyes Only."

We recognize that a portion of Ms. Kuemmerle's testimony in the late afternoon did relate to MGA's financial information, and Mattel does not object – at least at this time – to its designation as "Confidential – Attorneys' Eyes Only." See Kuemmerle Depo. Tr. at 228:7-255:15. Nevertheless, neither that testimony, nor the brief discussion of MGA sales earlier, renders the bulk of her testimony "Confidential – Attorneys' Eyes Only" under the Protective Order.

Accordingly, please confirm for us MGA's agreement that the entirety of the Kuemmerle deposition testimony should not be designated either "Confidential" or "Confidential – Attorneys' Eyes Only," and its willingness to de-designate Ms. Kuemmerle's testimony such that only those brief portions (78:6-93:12 228:7-255:15) actually related to "trade secret or other confidential commercial information" are designated "Confidential – Attorneys' Eyes Only." If MGA will not so de-designate, please let us know when you are available to meet and confer in advance of a contemplated motion to de-designate the inappropriately designated portions of Ms. Kuemmerle's transcript.

I look forward to hearing from you.

Best regards,

Jon Corey

Jon Corey

07209/2776473.1

cc:   Amman A. Khan
      Glaser, Weil, Fink, Jacobs & Shapiro, LLP

EXHIBIT   C
PAGE   32

# EXHIBIT D

MAR 0 4 2009

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
RHERRING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 27, 2009

## VIA FACSIMILE & U.S. MAIL

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel v. Bryant*

Dear Jon:

Pursuant to our agreement, I am sending a chart showing the MGA Parties' designations under the Protective Order in this matter for the Kummerle, Machado, and Castilla depositions.  Please let us know if there are questions.

Best regards,

Robert J. Herrington

Enclosure

EXHIBIT ___D___

PAGE ___327___

## Designation Log for Depositions of Gomez, Kuemmerle, and Castilla

| Depo. | Page: Line | Designation |
|---|---|---|
| Carlos Gustavo Machado Gomez | 16:9 - 19:14 | Confidential |
| Carlos Gustavo Machado Gomez | 37:2-21 | Confidential |
| Carlos Gustavo Machado Gomez | 42: 2-18 | Confidential |
| Carlos Gustavo Machado Gomez | 43:17 - 50:10 | Confidential |
| Carlos Gustavo Machado Gomez | 51:19-23 | Confidential |
| Carlos Gustavo Machado Gomez | 52:5 - 54:11 | Confidential |
| Carlos Gustavo Machado Gomez | 56:19-22 | Confidential |
| Carlos Gustavo Machado Gomez | 58:16 - 59:13 | Confidential |
| Carlos Gustavo Machado Gomez | 60:8-11 | Confidential |
| Carlos Gustavo Machado Gomez | 60:25 - 61:4 | Confidential |
| Carlos Gustavo Machado Gomez | 61:18 - 63:19 | Confidential |
| Carlos Gustavo Machado Gomez | 65:7 - 67:5 | Confidential |
| Carlos Gustavo Machado Gomez | 67:15 - 68:7 | Confidential |
| Carlos Gustavo Machado Gomez | 68:15 - 69:6 | Confidential |
| Carlos Gustavo Machado Gomez | 69:25 - 72:17 | Confidential / AEO |
| Carlos Gustavo Machado Gomez | 72:18 - 73:14 | Confidential |
| Carlos Gustavo Machado Gomez | 73:19 - 74:20 | Confidential |
| Carlos Gustavo Machado Gomez | 80:21 - 81:1 | Confidential |
| Carlos Gustavo Machado Gomez | 82:25 - 83:3 | Confidential |
| Carlos Gustavo Machado Gomez | 83:7-14 | Confidential |
| Carlos Gustavo Machado Gomez | 83:23 - 84:5 | Confidential |
| Carlos Gustavo Machado Gomez | 88:23 - 94:12 | Confidential |
| Carlos Gustavo Machado Gomez | 95:5-25 | Confidential |

EXHIBIT D

PAGE 328

## Designation Log for Depositions of Gomez, Kuemmerle, and Castilla

| | | |
|---|---|---|
| Carlos Gustavo Machado Gomez | 96:14-17 | Confidential |
| Carlos Gustavo Machado Gomez | 97:25 - 98:8 | Confidential |
| Carlos Gustavo Machado Gomez | 100:12-15 | Confidential |
| Carlos Gustavo Machado Gomez | 100:20-25 | Confidential |
| Carlos Gustavo Machado Gomez | 101:13-16 | Confidential |
| Carlos Gustavo Machado Gomez | 101:25 - 102:5 | Confidential |
| Carlos Gustavo Machado Gomez | 102:23 - 103:12 | Confidential |
| Carlos Gustavo Machado Gomez | 104:7-10 | Confidential |
| Carlos Gustavo Machado Gomez | 106:5-12 | Confidential |
| Carlos Gustavo Machado Gomez | 106:22 - 115:6 | Confidential |
| Carlos Gustavo Machado Gomez | 116:21 - 117:20 | Confidential |
| Susana Kuemmerle | 31:6-7 | Confidential |
| Susana Kuemmerle | 78:6 - 80:25 | AEO |
| Susana Kuemmerle | 83:14-18 | AEO |
| Susana Kuemmerle | 85:11-19 | AEO |
| Susana Kuemmerle | 86:12-24 | AEO |
| Susana Kuemmerle | 88:9 - 90:21 | AEO |
| Susana Kuemmerle | 91:21 - 92:14 | Confidential |
| Susana Kuemmerle | 105:9 - 106:16 | Confidential |
| Susana Kuemmerle | 108:9 - 110:8 | Confidential |
| Susana Kuemmerle | 111:2 - 125:5 | Confidential |
| Susana Kuemmerle | 125:24 - 138:25 | Confidential |
| Susana Kuemmerle | 140:20 - 148:5 | Confidential |
| Susana Kuemmerle | 148:23 - 149:5 | Confidential |

EXHIBIT D
PAGE 371

## Designation Log for Depositions of Gomez, Kuemmerle, and Castilla

| | | |
|---|---|---|
| Susana Kuemmerle | 204:7 - 206:7 | AEO |
| Susana Kuemmerle | 217:3 - 220:15 | AEO |
| Susana Kuemmerle | 121:14 - 125:18 | Confidential |
| Susana Kuemmerle | 127:9-23 | Confidential |
| Susana Kuemmerle | 128:7 - 154:25 | AEO |
| Jorge Castilla | 16:19 - 18:19 | Confidential |
| Jorge Castilla | 19:13 - 21:4 | Confidential |
| Jorge Castilla | 23:14-21 | Confidential |
| Jorge Castilla | 24:24 - 25:4 | Confidential |
| Jorge Castilla | 25:12-23 | Confidential |
| Jorge Castilla | 28:19 - 29:25 | Confidential |
| Jorge Castilla | 35:24 - 36:18 | Confidential |
| Jorge Castilla | 37:11-25 | Confidential |
| Jorge Castilla | 39:19 - 40:1 | Confidential |
| Jorge Castilla | 41:2 - 42:4 | Confidential |
| Jorge Castilla | 43:8 - 47:5 | Confidential |
| Jorge Castilla | 48:25 - 51:22 | Confidential |
| Jorge Castilla | 57:16 - 58:22 | Confidential |
| Jorge Castilla | 80:9-20 | Confidential |
| Jorge Castilla | 81:1-5 | Confidential |
| Jorge Castilla | 84:8 - 85:6 | Confidential |
| Jorge Castilla | 90:25 - 91:13 | Confidential |
| Jorge Castilla | 96:9-14 | Confidential |
| Jorge Castilla | 101:1-8 | Confidential |

EXHIBIT D
PAGE 230

10

## Designation Log for Depositions of Gomez, Kuemmerle, and Castilla

| | | |
|---|---|---|
| Jorge Castilla | 101:15 – 102:17 | Confidential |
| Jorge Castilla | 103:22 – 104:11 | Confidential |
| Jorge Castilla | 105:3-8 | Confidential |
| Jorge Castilla | 106:2 – 114:22 | Confidential |
| Jorge Castilla | 117:10-21 | Confidential |
| Jorge Castilla | 124:1-16 | Confidential |
| Jorge Castilla | 125:12-19 | Confidential |
| Jorge Castilla | 128:15 – 129:17 | Confidential |
| Jorge Castilla | 130:5-16 | Confidential |
| Jorge Castilla | 130:24 – 131:19 | Confidential |
| Jorge Castilla | 142:15-25 | Confidential |
| Jorge Castilla | 143:17 – 148:8 | Confidential |
| Jorge Castilla | 151:11 – 153:10 | Confidential |
| Jorge Castilla | 154:12 – 158:25 | Confidential |
| Jorge Castilla | 163:8 – 165:1 | Confidential / AEO |
| Jorge Castilla | 168:1-20 | Confidential |
| Jorge Castilla | 173:8 – 191:20 | Confidential |
| Jorge Castilla | 193:25 – 204:17 | Confidential |
| Jorge Castilla | 208:22 – 209:25 | Confidential |
| Jorge Castilla | 214:14 – 215:8 | Confidential |
| Jorge Castilla | 215:21 – 218:25 | Confidential |
| Jorge Castilla | 219:6-21 | Confidential |
| Jorge Castilla | 225:13 – 227:16 | Confidential |
| Jorge Castilla | 228:11 – 229:17 | Confidential |

EXHIBIT D PAGE 331

## Designation Log for Depositions of Gomez, Kuemmerle, and Castilla

| Jorge Castilla | 247:15 - 254:18 | Confidential |
|---|---|---|
| Jorge Castilla | 255:15 - 256:11 | Confidential |
| Jorge Castilla | 259:13 - 260:1 | Confidential |
| Jorge Castilla | 265:9 - 269:16 | Confidential |
| Jorge Castilla | 270:10 - 273:10 | Confidential |
| Jorge Castilla | 290:12 - 292:8 | Confidential |
| Jorge Castilla | 295:25 - 296:8 | Confidential |
| Jorge Castilla | 299:21 - 315:19 | Confidential |
| Jorge Castilla | 317:1 - 324:21 | Confidential |
| Jorge Castilla | 330:23 - 332:8 | Confidential |
| Jorge Castilla | 332:15-19 | Confidential |
| Jorge Castilla | 338:24 - 345:5 | Confidential |
| Jorge Castilla | 345:6 - 356:13 | AEO |
| Jorge Castilla | 362:6 - 363:3 | Confidential |
| Jorge Castilla | 364:21-25 | Confidential |
| Jorge Castilla | 365:12 - 370:8 | AEO |
| Jorge Castilla | 380:14 - 381:7 | Confidential |

EXHIBIT D
PAGE 337

Confirmation Report — Memory Send

Time      : 02-27-2009   03:56pm
Tel line  :
Name      :

| | | |
|---|---|---|
| Job number | : | 643 |
| Date | : | 02-27  03:55pm |
| To | : | 94433100 |
| Document pages | : | 007 |
| Start time | : | 02-27  03:55pm |
| End time | : | 02-27  03:56pm |
| Pages sent | : | 007 |
| Status | : | OK |

Job number    : 643          \*\*\* SEND SUCCESSFUL  \*\*\*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144
TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600
EMAIL: RHERRING @skadden.com

FACSIMILE TRANSMITTAL SHEET

FROM: Robert J. Herrington          DATE: February 27, 2009
DIRECT DIAL: (213) 687-5368          FLOOR/OFFICE No.: 36
DIRECT FACSIMILE: (213) 621-5368

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):     7

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | |
|---|---|
| NAME: Mr. Jon D. Corey | FIRM: Quinn Emanuel Urquhart, etc. |
| CITY: Los Angeles | TELEPHONE No.: (213) 443-3000 |
| FACSIMILE No.: (213) 443-3100 | |

MESSAGE: Please see attached.

485740.03-Los Angeles Server 1A - MSW

EXHIBIT  D

PAGE 333