MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. 2:04-cv-09049-SGL-RNBx<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**SUPPLEMENTAL DECLARATION OF ANNETTE L. HURST IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION FOR PRECLUSIVE RELIEF OR, IN THE ALTERNATIVE, ACCESS TO ACTIVE FILES ON THE LARIAN HARD DRIVES**<br><br>Date:       August 31, 2009<br>Time:       10:00 A.M.<br>Courtroom: 1<br>Judge:      Hon. Stephen J. Larson |

I, Annette L. Hurst, declare as follows:

1. I am a member of the Bar of the State of California and admitted to practice before this Court, and a partner with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel to MGA Entertainment, Inc., MGA Entertainment HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and Isaac Larian (collectively, the "MGA parties"). I make this declaration in support of the MGA Parties' Supplemental Opposition to Mattel's Motion for Preclusive Relief or, in the Alternative, Access to Active files on the Larian Hard Drives. I make this declaration of my own personal knowledge unless indicated as to information and belief and with respect to such matters I believe them to be true. If called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. On July 30, 2009, I received a letter from Marshall Searcy, counsel for Mattel, indicating that Mr. Larian's hard drives had not been produced pursuant to Discovery Master O'Brien's Order No. 34. The next day we responded that the drives would be made available to Mattel's expert no later than August 8, 2009. We also asked Mr. Searcy to confirm that Mattel's consultants would abide by the April 22, 2008, protocol. Attached hereto as **Exhibit E** is a true and correct copy of Theresa Sutton's July 31, 2009, letter to Mr. Searcy.

3. On August 4, Mr. Searcy again wrote that Mattel's consultant still had not received the hard drives. Attached hereto as **Exhibit F** is a true and correct copy of Mr. Searcy's August 4, 2009, letter to Ms. Sutton. Mr. Searcy then refused to agree to what we then believed based on Mattel's Motion for Preclusive Relief had been the governing protocol at the time of the original Larian hard drive inspection. MGA again offered to produce the drives for inspection immediately so long as Mattel would agree to what we then understood to be the terms of the prior protocol. Numerous communications ensued in which the parties attempted to negotiate the terms of the supplemental inspection, and MGA repeatedly tendered the drives for inspection as soon as Mattel would agree to the governing protocol.

1  4. In part because we were completely mystified as to why Mattel would refuse to abide by its own prior protocol, and in part because the issue of hard drive inspection had come up in another context, we began investigating all of the parties' prior communications regarding the protocol. As a result of that investigation, we learned that the April 22 letter had never been the governing protocol, and instead the May 12 protocol had governed. Attached hereto as **Exhibit G** is the May 12, 2008 letter from Jon Corey setting forth the final protocol that governed the original inspection.

5. We then proposed that Mattel undertake to abide by that protocol, and Mattel ultimately agreed. Mattel's expert finally signed the new undertaking on August 25, 2009, and MGA immediately instructed its forensic consultant to make the drives available for the supplemental inspection. A true and correct copy of the signed undertaking is attached hereto as **Exhibit H**.

6. As part of this process, on August 16, 2009, I sent an email to Mr. Proctor asking him to explain why Mattel had submitted with its Motion for Preclusive Relief the April 2008 proposal rather than the final agreed May 12 protocol. Mr. Proctor's only explanation was that Mattel "was not asking the Court to modify the May protocol." Mattel agreed, however, that the May 12 protocol was the stipulation that actually governed, and that was expressly set forth in the signed undertaking regarding the supplemental inspection that Mattel finally provided on August 25. Attached hereto as **Exhibit I** is a true and correct copy of Mr. Proctor's August 17, 2009 email to me.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was hereby executed this 27th day of August 2009, at San Francisco, California.

/s/ Annette L. Hurst /s/
Annette L. Hurst