# Exhibit 1

| | |
|---|---|
| **From:** | Lopez, Alejandra [Alejandra.Lopez@skadden.com] |
| **Sent:** | Tuesday, April 22, 2008 2:58 PM |
| **To:** | DLPMGAATYS@skadden.com |
| **Subject:** | 04/22/08 Letter from Quinn Emanuel to Lance Etcheverry regarding Isaac Larian's hard drives and Farhad Larian's USB drive |
| **Attachments:** | AB001696.TIF |

Please see attached:

1.   04/22/08 Letter from Jon Corey to Lance Etcheverry regarding Isaac Larian's hard drives and Farhad Larian's USB drive.

**Alejandra Lopez**
**Legal Secretary**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**300 South Grand Avenue | Los Angeles | California | 90071-3144**
**T: 213.687.5604 | F: 213.687.5600**
**alejandra.lopez@skadden.com**

Skadden

 please consider the environment before printing this email

Exhibit 1 - Page 4

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** April 22, 2008

**NUMBER OF PAGES, INCLUDING COVER:** 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Lance A. Etcheverry<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>300 South Grand Avenue<br>Los Angeles, California 90071-3144 | 213.687.5432 | 213.621.5432 |

**FROM:** Jon D. Corey

**RE:** Mattel, Inc.

**MESSAGE:**

---

**CLIENT #** 7209  **ROUTE/RETURN TO:** Johanna Lopez (1 extra copy)  ☐ CONFIRM FAX  ☐ INCLUDE CONF. REPORT

**OPERATOR:** Priscilla  **CONFIRMED?** ☐ NO ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

Exhibit 1 - Page 5

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 22, 2008

<u>VIA FASCIMILE AND U.S. MAIL</u>

Lance A. Etcheverry
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, California 90071-3144

Re:   <u>Bryant vs. Mattel, Inc.</u>

Dear Lance:

I write regarding Mr. Isaac Larian's hard drives and Mr. Farhad Larian's USB drive. I have set forth below what I believe to be the agreement that we reached.

1.     On a mutually agreeable date no later than April 25, 2008, Skadden Arps Slate Meagher & Flom, LLP ("Skadden") will make available at its facilities those hard drives responsive to the Court's Order compelling production of Isaac Larian's hard drives and Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP ("Christensen") will make available the USB device ("Device") about which Mr. Farhad Larian testified during his February 4, 2008 deposition.

2.     The hard drives and the USB device will be made available at the location of _____, which is a consultant identified by Skadden.

3.     Skadden's consultant shall make EnCase images of the hard drives and the USB device in the presences of Mattel's consultant, 42 Consulting, LLC. The EnCase images shall remain in the possession of Skadden's consultant. Skadden's consultant, however, shall make those hard drives and USB devices available for inspection at a time convenient to 42 Consulting, LLC so that it may perform the analysis necessary. Skadden's consultant shall also provide essentials for the analysis to occur, such as electrical power, lighting, reasonable work space, internet access, etc.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2463006.1

Exhibit 1 - Page 6

4. Skadden's consultant shall be allowed to observe the inspection of the hard drives and the USB device. At no time shall Skadden's consultant interfere with or otherwise hinder the inspection and, if at any time, 42 Consulting, LLC representatives are not present and a search or inspection is being run (such as overnight), then Skadden's consultant shall not take any steps to interfere with, affect, inspect, access or use the hardware or software running any search.

5. With respect to the USB Device, 42 Consulting, LLC may inspect the image of the Device for any and all agreed-upon information (the "Information").

    (a) The "Information" shall mean:

        (i) information relating to the manufacture date and first use of the Device;

        (ii) documents or files, whether previously deleted or currently on the Device, that refer or relate to Bratz, MGA, Isaac Larian, Angel or Bryant, including without limitation the documents that Farhad Larian testified he downloaded from MGA's computer system as part of his efforts to obtain evidence for the Larian v. Larian proceedings; and

        (iii) all available metadata and file information about the documents described in paragraph (ii), including without limitation:

            (A) whether, when and by whom any such information was deleted, destroyed, written over, lost, exported, moved, or otherwise rendered inaccessible or unreadable;

            (B) whether, when and by whom any attempts were made to delete, destroy, write over, export, move or otherwise render inaccessible or unreadable any such information on the Device;

            (C) the current or past presence or use of any hardware or software tool to accomplish any of the actions identified above;

            (D) whether any information deleted, destroyed, written over, lost, exported, moved or otherwise rendered inaccessible or unreadable may be recovered; and

            (E) to recover any such information, in whole or in part.

    (b) 42 Consulting, LLC shall inspect the entire Image of the USB device for Information using search terms and parameters that Mattel will provide him or her.

    (c) 42 Consulting, LLC shall then provide to Christensen print outs of all recovered files containing user-generated content, such as Microsoft Word documents, Microsoft Excel spreadsheets, or e-mails, so that it may identify privileged documents, if any, and to prepare a privilege log.

    (d) 42 Consulting, LLC need not provide to Skadden, prior to delivery to Mattel, any technical information about the hard drives or files or information that do not contain user-generated content.

    (e)    Within seven (7) days of the time that Mr. Larian receives print-outs of the Information, 42 Consulting, LLC will provide Mattel with all such Information, including native files, except for any such Information for which privilege is asserted. Mr. Larian will serve Mattel and the 42 Consulting, LLC Expert a privilege log identifying the Information, if any, to be withheld on privilege grounds within five (5) Court days of his receipt of the Information from the 42 Consulting, LLC.

6.    With respect to the hard drives, 42 Consulting, LLC may inspect the Images of the hard drives in their entirety, including but not limited to link files, registry files, system volume information, logs and log files, recycle bin info2 records, application files, file listing and metadata for all files (allocated and unallocated), page/swap files, deleted/unallocated data, all files and folders, file system, e-mail trash or deleted files, unallocated space (volume slack, unused disk space, unallocated clusters), file slack, recycle bin/recycler. Notwithstanding the foregoing, 42 Consulting, LLC shall not access the user generated content of any active file that exists on the hard drives. 42 Consulting, LLC shall not be deemed to have accessed user generated content by loading any Outlook archive files or any other archive file that may contain information relating to deleted items.

    (a)    Information available for inspection shall also include:

        (i)    information relating to the manufacture date and first use of each hard drive;

        (ii)    documents or files previously deleted, attempted to be deleted, or otherwise rendered inaccessible that refer or relate to Bratz, MGA, Isaac Larian, Angel or Bryant; and

        (iii)    all available metadata and file information about the documents described in paragraph (ii), including without limitation:

            (A)    whether, when and by whom any such information was deleted, destroyed, written over, lost, exported, moved, or otherwise rendered inaccessible or unreadable;

            (B)    whether, when and by whom any attempts were made to delete, destroy, write over, export, move or otherwise render inaccessible or unreadable any such information on the Device;

            (C)    the current or past presence or use of any hardware or software tool to accomplish any of the actions identified above;

            (D)    whether any information deleted, destroyed, written over, lost, exported, moved or otherwise rendered inaccessible or unreadable may be recovered; and

            (E)    to recover any such information, in whole or in part.

    (b)    42 Consulting, LLC shall inspect the unallocated space on any hard drive or any other location in which deleted files or documents may otherwise reside or where information related to such deleted files or documents may resided.

    (c)    42 Consulting, LLC shall then provide to Skadden print outs of all recovered files containing user-generated content, such as Microsoft Word documents, Microsoft Excel spreadsheets, or e-mails, so that it may identify privileged documents, if any, and to prepare a privilege log.

    (d)    42 Consulting, LLC need not provide to Skadden, prior to delivery to Mattel, any technical information about the hard drives or files or information that do not contain user-generated content.

    (e)    Within seven (7) days of the time that Mr. Larian receives print-outs of the Information, 42 Consulting, LLC will provide Mattel with all such Information, including native files, except for any such Information for which privilege is asserted. Mr. Larian will serve Mattel and the 42 Consulting, LLC a privilege log identifying the Information, if any, to be withheld on privilege grounds within five (5) Court days of his receipt of the Information from the 42 Consulting, LLC.

7.    If there is any issue or question regarding the authenticity, correctness, integrity or completeness of the Information, then nothing here shall preclude Mattel from seeking production and inspection of the original hard drives or USB device. Mattel also reserves the right to seek additional information of both the USB device and the hard drives.

8.    The Parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on any hard drive, (b) the information on the USB device, or (c) the conduct, notes, searches, search terms, communications or any other act performed by any consultant or attorney in connection with these hard drives or USB devices.

Should you have any questions regarding the foregoing, please do not hesitate to call.

Sincerely,

*Jon Corey*

Jon Corey