# Exhibit 2

| | |
|---|---|
| **From:** | Etcheverry, Lance A [Lance.Etcheverry@skadden.com] |
| **Sent:** | Tuesday, April 29, 2008 2:41 PM |
| **To:** | 'Jon Corey' |
| **Subject:** | RE: Protocol |

**Attachments:**     Protocol.doc


Protocol.doc

ttached is a revised draft of the protocol that reflects our initial changes to the draft you circulated.  Please let me know if you have any questions.

- Lance

-----Original Message-----
From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Tuesday, April 29, 2008 8:24 AM
To: Etcheverry, Lance A (LAC)
Subject: Re: Protocol

Thanks.

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA    90017

Direct:  (213) 443-3130
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:   joncorey@quinnemanuel.com
Web:    www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.


----- Original Message -----
From: Etcheverry, Lance A <Lance.Etcheverry@skadden.com>
To: Jon Corey
Sent: Tue Apr 29 06:49:38 2008
Subject: Protocol

Jon -

I have received comments from the Christensen firm on the draft protocol.  I will be out
of the office at client meetings in another matter this morning, but will input the
comments and get you the revised draft protocol this afternoon.

Regards,

1

Exhibit 2 - Page 10

- Lance

LANCE A. ETCHEVERRY
Skadden, Arps, Slate, Meagher & Flom LLP 300 South Grand Avenue, Suite 3400 Los Angeles, California  90071
213/687-5432

--------------------------------------------------------------------------
**************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
****************************************************
**************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************
==========================================================================

April 22, 2008

**V**IA **F**ASCIMILE AND **U.S. M**AIL

Lance A. Etcheverry
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, California 90071-3144

Re:     Bryant vs. Mattel, Inc.

Dear Lance:

I write regarding Mr. Isaac Larian's hard drives and Mr. Farhad Larian's USB device. I have set forth below what I believe to be the agreement that we reached.

1.      On a mutually agreeable date no later than May 1, 2008, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") will make available those hard drives responsive to the Court's Order compelling production of Isaac Larian's hard drives, and Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP ("Christensen") will make available the USB device about which Mr. Farhad Larian testified during his February 4, 2008 deposition.

2.      The hard drives and the USB device will be made available to Mattel's consultant, 42 Consulting, LLC ("42 Consulting") at the offices of Skadden's consultant, Stroz Friedberg LLC ("Stroz"), located at 1925 Century Park East, Suite 1350, Los Angeles, California 90067.

3.      Prior to commencing any work with respect to the hard drives and USB device, 42 Consulting and Stroz shall execute and agree to be bound by the Protective Order in the *Bryant v. Mattel* litigation.Stroz shall make forensically sound images of the hard drives (the "Hard Drive Images") and the USB device (the "USB Image") in the presence of 42 Consulting. The hard drives, the Hard Drive Images, the USB device, and the USB Image shall remain in the possession of Stroz at all times. Stroz, however, shall make the Hard Drive Images and the USB

Image available to 42 Consulting for inspection at a mutually convenient time.  Within ten (10) days of completion of the analyses authorized by this agreement, Stroz shall return to Skadden and Christensen their clients' respective hard drives and USB device, as well as the Hard Drive Images and the USB Image.

4.     Stroz shall be allowed to observe every aspect of the inspection of the Hard Drive Images and the USB Image.  At no time shall Stroz interfere with or otherwise hinder the inspection, and if at any time 42 Consulting representatives are not present and an automated search or inspection process is being run (such as overnight), then Stroz shall not take any steps to interfere with, affect, inspect, access or use the hardware or software running such process. Nothing herein shall limit in any way the ability of Stroz to take steps necessary to prevent any unauthorized inspection by 42 Consulting, including, among other things, any attempt by 42 Consulting to gain access to the content of any user-created data on the Hard Drive Images. Should there be a disagreement between Stroz and 42 Consulting as to the propriety of any action taken by either of them, then all then-pending analyses shall cease immediately until the disagreement is resolved by counsel for Mattel and counsel for MGA, and/or the Court.

5.     With respect to the USB Image, 42 Consulting may inspect it for any and all agreed-upon information (the "USB Information").

    (a)     The "USB Information" shall mean:

        (i)     information relating to the manufacture date and first use of the USB device;

        (ii)    documents or files, whether previously deleted or currently active on the USB Image, that refer or relate to Bratz, MGA, Isaac Larian, Angel or Carter Bryant, including without limitation the documents that Farhad Larian testified he downloaded from MGA's computer system as part of his efforts to obtain evidence for the Larian v. Larian proceedings; and

        (iii)   all available metadata and file information about the documents described in paragraph (ii), including without limitation:

            (A)    whether, when and by whom any such information was deleted, destroyed, written over, lost, exported, moved, or otherwise rendered inaccessible or unreadable;

            (B)    whether, when and by whom any attempts were made to delete, destroy, write over, export, move or otherwise render inaccessible or unreadable any such information on the USB device;

            (C)    the current or past presence or use of any hardware or software tool to accomplish any of the actions identified above;

            (D)    whether any information deleted, destroyed, written over, lost, exported, moved or otherwise rendered inaccessible or unreadable may be recovered; and

(E)  to recover any such information, in whole or in part.

(b)  42 Consulting shall inspect the entire USB Image for USB Information using search terms and parameters that Mattel will provide them. The parties anticipate that these terms and parameters will be specifically designed to identify the universe of USB Information only. 42 Consulting will act in good faith to avoid inspection of any data other than USB Information.

(c)  42 Consulting shall then provide to Christensen in electronic native format all recovered USB Information so that Christensen may identify non-responsive and privileged information, if any, and prepare a redaction or privilege log if necessary. Except for such USB Information returned to 42 Consulting under Section 5(d) below, 42 Consulting shall not reveal to anyone (including Mattel or its counsel) any data, other than such USB Information that 42 Consulting is permitted under the terms of this agreement to reveal to Mattel or its counsel, that it may view during the course of its inspection of the USB Image.

(d)  Within fourteen (14) days of the time that Christensen receives the USB Information in electronic native format, Christensen will return to 42 Consulting any responsive, non-privileged USB Information. At that time, Christensen shall serve Mattel with a redaction or privilege log identifying any USB Information withheld as privileged.

(e)  To the extent that no responsive, non-privileged USB Information is identified on the USB Image, all data obtained from the USB Image and remaining in the possession of 42 Consulting and Stroz shall be destroyed within ten (10) days of the determination that no responsive, non-privileged USB Information exists. Farhad Larian shall preserve the USB device in its forensically intact form until final resolution of the *Bryant v. Mattel* litigation.

6.  With respect to the Hard Drive Images, 42 Consulting may inspect them for any and all agreed-upon information (the "Hard Drive Information"). 42 Consulting agrees not to access the content of any user-created data, except with respect to data residing in unallocated space which the parties agree cannot be inspected otherwise.

(a)  Hard Drive Information available for inspection shall include:

(i)  information relating to the manufacture date and first use of each hard drive;

(ii)  all available metadata and file information about recoverable deleted documents or files for which there remains an entry in the File System that refer or relate to Bratz, MGA, Isaac Larian, Angel or Carter Bryant., including without limitation:

(A)  whether, when and by whom any such information was deleted, destroyed, written over, lost, exported, moved, or otherwise rendered inaccessible or unreadable;

     (B) whether, when and by whom any attempts were made to delete, destroy, write over, export, move or otherwise render inaccessible or unreadable any such information on the hard drives;

     (C) the current or past presence or use of any hardware or software tool to accomplish any of the actions identified above; and

     (D) whether any information deleted, destroyed, written over, lost, exported, moved or otherwise rendered inaccessible or unreadable may be recovered; and

    (iii) data residing in unallocated space that refers or relates to Bratz, Angel or Carter Bryant.

  (b) 42 Consulting shall inspect the Hard Drive Images for Hard Drive Information using search terms and parameters that Mattel will provide them.  The parties anticipate that these terms and parameters will be specifically designed to identify the universe of Hard Drive Information only.  42 Consulting will act in good faith to avoid inspection of any data other than Hard Drive Information, and specifically, with respect to data residing in unallocated space, will only inspect to the extent necessary to give context on either side of any search term hit.  Except for such Hard Drive Information returned to 42 Consulting under Section 6(d) below, 42 Consulting shall not reveal to anyone (including Mattel or its counsel) any data, other than such Hard Drive Information that 42 Consulting is permitted under the terms of this agreement to reveal to Mattel or its counsel, that it may view during the course of its inspection(s) of the Hard Drive Images.

  (c) 42 Consulting shall then provide to Skadden in electronic native format all recovered Hard Drive Information so that Skadden may identify non-responsive and privileged information, if any, and prepare a redaction or privilege log if necessary.  With respect to Hard Drive Information comprised of data residing in unallocated space, 42 Consulting will provide every byte of data surrounding a search term hit that was inspected for context.

  (d) Within fourteen (14) days of the time that Skadden receives the recovered Hard Drive Information in electronic native format, Skadden will return to 42 Consulting any responsive, non-privileged Hard Drive Information recovered from the Hard Drive Images.  At that time, Skadden shall serve Mattel with a redaction or privilege log identifying any recovered Hard Drive Information withheld as privileged.

7. If any issue or question arises regarding the authenticity, correctness, integrity or completeness of the USB Information or the Hard Drive Information, then the parties shall meet and confer to resolve the issue and/or discuss whether any additional inspection is necessary.  To the extent the parties are unable to resolve any issue or question, or to agree upon whether and the extent to which additional inspection is necessary, the parties reserve their rights to petition the Court to resolve the dispute.  Nothing herein shall be deemed a consent or acquiescence by MGA, Isaac Larian or Farhad Larian to any inspection by Mattel beyond the terms of this agreement.  Nor shall anything herein be deemed an acknowledgment by MGA, Isaac Larian or Farhad Larian that either the USB device, the hard drives, or any information contained therein

are responsive to any discovery requests or subpoenas in the *Bryant v. Mattel* litigation. Further, Farhad Larian does not admit that he is required by the terms of any subpoena or otherwise to permit any inspection of the USB device or the contents thereof.

8.  The Parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on any hard drive, (b) the information on the USB device, or (c) the conduct, notes, searches, search terms, communications or any other act performed by any consultant or attorney in connection with the Hard Drive Images and the USB Images.

Should you have any questions regarding the foregoing, please do not hesitate to call.

Sincerely,


Jon Corey