# Exhibit 4

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

May 12, 2008

VIA FASCIMILE AND U.S. MAIL

Lance A. Etcheverry
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, California 90071-3144

Re:   Bryant vs. Mattel, Inc.

Dear Lance:

I write regarding Mr. Isaac Larian's hard drives. I have set forth below what I believe to be the agreement that we reached.

1.   On a mutually agreeable date no later than May 9, 2008, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") will make available those hard drives responsive to the Court's Order compelling production of Isaac Larian's hard drives.

2.   The hard drives will be made available to Mattel's consultant, 42, LLC ("42") at the offices of Skadden's consultant, Stroz Friedberg LLC ("Stroz"), located at 1925 Century Park East, Suite 1350, Los Angeles, California 90067.

3.   Prior to commencing any work with respect to the hard drives, 42 and Stroz shall execute and agree to be bound by the Protective Order in the *Bryant v. Mattel* litigation. Stroz shall make forensically sound images of the hard drives (the "Hard Drive Images") in the presence of 42. The hard drives and the Hard Drive Images shall remain in the possession of Stroz at all times. Stroz, however, shall make the Hard Drive Images available to 42 for inspection at a mutually convenient time. Within ten (10) days of completion of the analyses authorized by this agreement, Stroz shall return to Skadden its client's hard drives. Stroz shall maintain a copy of the Hard Drive Images until final resolution of the *Bryant v. Mattel* case and the cases

quinn emanuel urquhart oliver & hedges, llp

07209/2500970.1 7209/2499079.1 7209/2463606.1 adison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Exhibit 4 - Page 19

consolidated therewith and Skadden shall preserve the hard drives in their forensically intact form for the same duration. "Final resolution" shall mean entry of a non-appealable judgment or order dismissing all of the consolidated cases or thirty-days after the time to appeal or to seek relief from any judgment or order resolving the consolidated cases has lapsed and no appeal is taken or relief sought. At the time of final resolution, Mattel, its counsel and 42 shall comply with the terms of the Protective Order for destruction of any Hard Drive Information (as defined below), or other information regarding the hard drives or their contents, that remains in their possession.

4.      Stroz shall be allowed to observe every aspect of the inspection of the Hard Drive Images . At no time shall Stroz interfere with or otherwise hinder the inspection, and if at any time 42 representatives are not present and an automated search or inspection process is being run (such as overnight), then Stroz shall not take any steps to interfere with, affect, inspect, access or use the hardware or software running such process. Nothing herein shall limit in any way the ability of Stroz to take steps necessary to prevent any unauthorized inspection by 42, including, among other things, any attempt by 42 to gain access to the user-generated content on the Hard Drive Images other than as permitted herein. Should there be a disagreement between Stroz and 42 as to the propriety of any action taken by either of them, then all then-pending analyses shall cease immediately until the disagreement is resolved by counsel for Mattel and counsel for MGA, and/or the Court.

5.      With respect to the Hard Drive Images, 42 may inspect them for any and all agreed-upon information (the "Hard Drive Information"). 42 agrees not to access the content of any user-created data, except with respect to data residing in unallocated space which the parties agree cannot be inspected otherwise, and except as set forth herein.

    (a)     Hard Drive Information available for inspection shall include:

        (i)     information relating to the manufacture date and first use of each hard drive;

        (ii)    all available metadata and file information about recoverable deleted documents or files for which there remains an entry in the File System that refer or relate to Bratz, Angel or Carter Bryant., including without limitation:

            (A)     whether, when and by whom any such information was deleted, destroyed, written over, lost, exported, moved, or otherwise rendered inaccessible or unreadable;

            (B)     whether, when and by whom any attempts were made to delete, destroy, write over, export, move or otherwise render inaccessible or unreadable any such information on the hard drives;

            (C)     the current or past presence or use of any hardware or software tool to accomplish any of the actions identified above; and

            (D)     whether any information deleted, destroyed, written over, lost, exported, moved or otherwise rendered inaccessible or unreadable may be recovered; and

    (iii) data residing in unallocated space that refers or relates to Bratz, Angel or Carter Bryant.

  (b) 42 shall inspect the Hard Drive Images for Hard Drive Information using search terms and parameters that Mattel will provide them. The parties anticipate that these terms and parameters will be specifically designed to identify the universe of Hard Drive Information only. 42 will act in good faith to avoid inspection of any data other than Hard Drive Information, and specifically, with respect to data residing in unallocated space, will only inspect to the extent necessary to give context on either side of any search term hit. Except for such Hard Drive Information returned to 42 under Section 6(d) below, 42 shall not reveal to anyone (including Mattel or its counsel) any user-generated content, other than such Hard Drive Information that 42 is permitted under the terms of this agreement to reveal to Mattel or its counsel, that it may view during the course of its inspection(s) of the Hard Drive Images. Notwithstanding the foregoing, non-user generated content relating to the Hard Drive Images may be shared with counsel for Mattel without prior review by Skadden unless the consultants cannot agree whether specific information is non-user generated content. In that circumstance, counsel shall meet and confer in good faith to agree whether the disputed information is non-user generated or user-generated content.

  (c) 42 shall then provide to Skadden in electronic native format all recovered user-generated Hard Drive Information so that Skadden may identify non-responsive and privileged information, if any, and prepare a redaction or privilege log if necessary. With respect to Hard Drive Information comprised of data residing in unallocated space, 42 will provide every byte of data surrounding a search term hit that was inspected for context.

  (d) Within ten (10) days of the time that Skadden receives the recovered Hard Drive Information in electronic native format – a time frame that shall be extended for a reasonable length of time upon request depending on the volume of recovered Hard Drive Information – Skadden will return to 42 any responsive, non-privileged Hard Drive Information recovered from the Hard Drive Images. At that time, Skadden shall serve Mattel with a redaction or privilege log identifying any recovered Hard Drive Information withheld as privileged.

6. If any issue or question arises regarding the authenticity, correctness, integrity or completeness of the Hard Drive Information, then the parties shall meet and confer to resolve the issue and/or discuss whether any additional inspection is necessary. To the extent the parties are unable to resolve any issue or question, or to agree upon whether and the extent to which additional inspection is necessary, the parties reserve their rights to petition the Court to resolve the dispute. Nothing herein shall be deemed a consent or acquiescence by MGA or Isaac Larian to any inspection by Mattel beyond the terms of this agreement. Nor shall anything herein be deemed an acknowledgment by MGA or Isaac Larian that the hard drives or any information contained therein are responsive to any discovery requests or subpoenas in the *Bryant v. Mattel* litigation.

7. The Parties agree that the actions described herein shall not constitute a waiver of any claim of attorney-client privilege or work product privilege with respect to (a) the information on

any hard drive, or (b) the conduct, notes, searches, search terms, communications or any other act performed by any consultant or attorney in connection with the Hard Drive Images.

Should you have any questions regarding the foregoing, please do not hesitate to call.

Sincerely,

Jon Corey