# Exhibit B

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
  Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Plaintiff Mattel, Inc.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert O'Brien]** |
| Defendant. | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO MATTEL, INC.'S FIRST SET OF INTERROGATORIES (PHASE 2) TO ISAAC LARIAN; |
| AND CONSOLIDATED ACTIONS | AND MEMORANDUM OF POINTS AND AUTHORITIES |
| | [Declaration of Michael T. Zeller filed concurrently herewith] |
| | Date: TBD |
| | Time: TBD |
| | Place: TBD |
| | Discovery cut-off: December 11: 2009 Pre-trial Conference: March 1, 2010 Trial Date: March 23, 2010 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at a date and time to be set by Discovery Master Robert O'Brien, Mattel, Inc. ("Mattel") will, and hereby does, move the Court:

       (1)   to compel Isaac Larian ("Larian") to provide full and complete responses to Mattel's First Set of Interrogatories (Phase 2) (the "Interrogatories"); and

       (2)   to overrule each of Larian's objections to the Interrogatories.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 33(b)(5) and 37(a) on the grounds that Mattel's requests seek discoverable information and Larian's objections lack merit.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Michael T. Zeller filed concurrently, the records and files of this Court, and all other matters of which the Court may take judicial notice.

## **Certification of Meet and Confer**

The parties met and conferred regarding this Motion on April 21 and April 23, 2009.

DATED: June 19 , 2009       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                        By /s/ Michael T. Zeller
                           Michael T. Zeller
                           Attorneys for Mattel, Inc.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

PRELIMINARY STATEMENT .............................................................................. 1

STATEMENT OF FACTS ..................................................................................... 1

ARGUMENT ......................................................................................................... 3

I.    THE DISCOVERY MASTER SHOULD OVERRULE LARIAN'S
RELEVANCE OBJECTION. ........................................................................ 3

    A.    The Interrogatories Seek Relevant, Discoverable Information. ............. 3

    B.    Larian's Proposed Limitations to Mattel's Interrogatories Are
Improper. ................................................................................................ 5

II.    LARIAN'S REMAINING OBJECTIONS ARE WITHOUT MERIT
AND SHOULD BE OVERRULED ............................................................... 7

    A.    The Interrogatories Are Not Vague and Ambiguous ............................ 8

    B.    The Interrogatories Are Not Overly Broad ........................................... 9

    C.    The Interrogatories Do Not Pose An Undue Burden ............................ 9

    D.    The Interrogatories Are Not Compound ............................................. 11

CONCLUSION .................................................................................................... 12

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

Chapman v. California Dept. of Educ.,
    2002 WL 32854376 (N.D. Cal. February 6, 2002)................................6

Jackson v. Montgomery Ward & Co., Inc.,
    173 F.R.D. 524 (D. Nev. 1997).....................................................9

King v. Georgia Power Co.,
    50 F.R.D. 134 (N.D. Ga. 1970)...................................................10

Nagele v. Electronic Data Systems Corp.,
    193 F.R.D. 94 (W.D.N.Y. 2000)...................................................9

Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh,
    2005 WL 318811 (N.D. Cal. January 5, 2005).................................11

Ramirez v. Nicholson,
    2007 WL 2990283 (S.D. Cal. 2007) ..............................................7

Seff v. General Outdoor Advertising Co.,
    11 F.R.D. 597 (N.D. Ohio 1951) ...............................................10

Swackhammer v. Sprint Corp. PCS,
    225 F.R.D. 658 (D. Kan. 2004)...................................................11

## <u>Statutes</u>

Cal. Civ. Code § 3294'..................................................................5

Cal. Civil Code §§ 3439 et seq .......................................................3, 4

Fed. R. Civ. P. 26(b)(1) ...............................................................7

Fed. R. Civ. P. 33(b)(4) ...............................................................9

Fed. R. Civ. P. 33(b)(5) ...............................................................1

Fed. R. Civ. P. 33(d) ..................................................................10

## <u>Miscellaneous</u>

Federal Practice & Procedure: Federal Rules of Civil Procedure § 2174 ...............10

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel's First Set of Phase 2 interrogatories to Isaac Larian seek financial information that goes to the core of the issues in Phase 2. In particular, the interrogatories request information relating to Larian's and his trusts' ownership interests in business entities since 2005. Such matters are directly pertinent to net worth issues that the Court has repeatedly held are relevant and discoverable as well as to the fraudulent transfer issues raised by Mattel's Third Amended Answer and Counterclaims that the Court granted Mattel leave to file. Without basis, Larian flatly refuses to provide any information in response. Instead, Larian has offered boilerplate compound objections that have already been repeatedly rejected by the current and former Discovery Masters. Larian's objections should be overruled, and he should be ordered to fully answer Mattel's interrogatories without further delay.

### Statement of Facts

**Mattel's First Set of Interrogatories (Phase 2) to Larian.** Mattel propounded its First Set of Interrogatories (Phase 2) ("Interrogatories") to Larian on March 4, 2009, asking Larian to identify each entity in which Larian or his alter ego trusts have held an ownership interest since January 1, 2005.[1] The Interrogatories ask, verbatim:

INTERROGATORY NO. 1:

IDENTIFY each and every ENTITY in which LARIAN has held, directly or indirectly, any OWNERSHIP INTEREST at any time since January 1, 2005. For purpose of this Interrogatory, transactions involving the purchase or acquisition

---

[1] Mattel, Inc.'s First Set of Interrogatories (Phase 2), dated March 4, 2009, Zeller Dec., Exh. 1.

of publicly traded stock in an amount of $1,000 or less may be excluded.

INTERROGATORY NO. 2:

IDENTIFY each and every ENTITY in which any LARIAN TRUST has held, directly or indirectly, any OWNERSHIP INTEREST at any time since January 1, 2005. For purpose of this Interrogatory, transactions involving the purchase or acquisition of publicly traded stock in an amount of $1,000 or less may be excluded.[2]

Larian served objections on April 3, 2009, refusing to provide any substantive answers on the grounds that the interrogatories purportedly seek private and confidential information and are irrelevant, vague and ambiguous, overly broad, unduly burdensome, and compound.[3]

**The Parties' Meet and Confer.** Mattel sent a meet and confer letter to Larian, explaining why Larian's objections to Mattel's Interrogatories are improper.[4] The parties met and conferred on April 21 and 22.[5] Counsel for Larian argued that the Interrogatories were unintelligible, overly broad, and sought irrelevant information.[6] Mattel explained during that conference and by letter[7] that the text of the Interrogatories lays out in plain English the scope of the information Mattel

---

[2] Id.
[3] Isaac Larian's Response to Mattel, Inc.'s First Set of Interrogatories (Phase Two), dated April 3, 2009, Zeller Dec., Exh. 2.
[4] Letter from Jon Corey to Amman Khan and Jean Pierre Nogues, dated April 15, 2009, Zeller Dec., Exh. 3.
[5] See Letter from Tamar Buchakjian to Richard Sheldon and Daniel Hayes, dated April 29, 2009, Zeller Dec., Exh. 4; see also letter from Daniel Hayes to Tamar Buchakjian, dated April 22, 2009, Zeller Dec., Exh. 5; Letter from Daniel Hayes to Tamar Buchakjian, dated April 23, 2009, Zeller Dec., Exh. 6.
[6] Id.
[7] See Letter from Tamar Buchakjian to Richard Sheldon and Daniel Hayes, dated April 29, 2009, Zeller Dec., Exh. 4.

1  seeks and explained the relevance of such information.[8]  Larian, however, refused to

2  withdraw his boilerplate objections.[9]

3  <u>**Argument**</u>

4  **I.     THE DISCOVERY MASTER SHOULD OVERRULE LARIAN'S**

5       **RELEVANCE OBJECTION.**

6       **A.     The Interrogatories Seek Relevant, Discoverable Information.**

7            The Interrogatories are directly relevant to Mattel's Phase 2 claims.  As

8  Mattel alleges, MGA and Larian have engaged in a complex scheme to transfer the

9  ill-gotten funds they have obtained by virtue of their unlawful conduct and have

10  gone to extensive lengths to cover up and obscure such activities.[10]  They have

11  engaged in monetary transactions with property derived from their unlawful conduct

12  and laundered and concealed their profits.[11]  They have siphoned assets out of MGA

13  and into other entities.[12]  Their conduct has wronged Mattel, which has rights as the

14  owner of Bratz and as MGA's creditor.[13]  Based on their unlawful conduct, Mattel

15  has brought claims against MGA and Larian for Avoidance of Intentional and

16  Constructive Fraudulent Transfers ("UFTA")[14] and for RICO violations.[15]

17            The Interrogatories plainly go to Mattel's UFTA and RICO claims.

18  Interrogatory Nos. 1 and 2 ask Larian to identify the entities in which Larian and his

19  trusts have held significant ownership interests since 2005.  They seek to determine

---

[8]  <u>Id.</u>

[9]  <u>See</u> Letter from Tamar Buchakjian to Richard Sheldon and Daniel Hayes,
dated April 29, 2009, Zeller Dec., Exh. 4; <u>see also</u> letter from Daniel Hayes to
Tamar Buchakjian, dated April 22, 2009, Zeller Dec., Exh. 5; Letter from Daniel
Hayes to Tamar Buchakjian, dated April 23, 2009, Zeller Dec., Exh. 6.  The only
objection Larian agreed to withdraw was his privacy objection.  <u>See</u> Letter from
Daniel Hayes to Tamar Buchakjian, dated May 1, 2009, Zeller Dec., Exh. 7.

[10]  Mattel, Inc.'s Third Amended Answer and Counterclaims at 60-68, Zeller
Dec., Exh. 8.

[11]  <u>Id.</u> at 78-79.

[12]  <u>Id.</u> at 67-68.

[13]  <u>Id.</u> at 95-96; <u>see also</u> <u>Cal. Civil Code</u> §§ 3439 <u>et seq.</u>

[14]  <u>Id.</u> at 95-96.

[15]  <u>Id.</u> at 70-80.

to where MGA's assets have been fraudulently transferred;[16] to ascertain the financial transactions in which Larian has engaged with property derived from unlawful conduct;[17] to assess how Larian has laundered and concealed his ill-gotten gains;[18] and to enable Mattel to track the money Larian has siphoned from MGA.[19] The information Mattel now seeks is crucial to Mattel's development and further investigation of its RICO and UFTA Phase 2 claims.

The information is also relevant to Mattel's unfair competition claims. In fact, the Discovery Master has already held as much, and did so based even on the claims in Mattel's Second Amended Answer and Counterclaims. In Order No. 3, the Discovery Master found that Larian's ownership of entities that have received assets from MGA is relevant to Phase 2 and discoverable because it relates "to 'fraudulent,' 'unlawful,' or 'unfair' business practice within the meaning of the Unfair Competition Law and the scope of Mattel's Counterclaims."[20] The Discovery Master thus compelled two Larian vehicles, IGWT Group, LLC and IGWT 826 Investments, LLC, to produce documents relating to any ownership interest by Larian, his spouse, his children, his siblings, or their spouses, or any entity or person affiliated with them.[21] Mattel's interrogatories, directed to a party, clearly are properly tailored to ascertain Larian's interests entities such as IGWT which may have been to transfer assets from MGA.[22]

---

[16] Id. at 60-63, 78-79, 95-96.
[17] Id.
[18] Id.
[19] Id.
[20] Order No. 3, Regarding Motion of Mattel, Inc. to Compel Production of Documents Responsive to the Same Non-Party Subpoenas, dated March 10, 2009 at 26-27, Zeller Dec., Exh. 9.
[21] See id. at 29-30.
[22] During the meet and confer process, Larian demanded that *Mattel* identify the "single-purpose companies" other than IGWT that purchased Bratz from MGA at an extreme discount. See Letter from Tamar Buchakjian to Richard Sheldon and Daniel Hayes, dated April 29, 2009, Zeller Dec., Exh. 4. This, however, is precisely the type of information that Mattel *seeks to obtain* through the Interrogatories; only Larian, not Mattel, is in a position to provide it.

1    Independently, the interrogatories seek relevant information about
2 Larian's net worth. Larian's ownership interests are unquestionably a part of his net
3 worth. The Court, the current Discovery Master and the prior Discovery Master
4 have all held this is a proper topic for discovery.[23] Larian's relevance objections
5 should be overruled.

6    **B.    Larian's Proposed Limitations to Mattel's Interrogatories Are**
7         **Improper.**

8    Larian has provided no substantive information in response to the
9 interrogatories. During meet and confer, and with little elaboration, Larian's counsel
10 insisted that Mattel limit the scope of the interrogatories by: (1) narrowing the
11 definition of "LARIAN TRUST," (2) limiting the temporal scope of the
12 interrogatories to a "date certain," and (3) raising the "more than $1000" threshold.[24]
13 None of these proposed limitations is appropriate, as each would prevent Mattel
14 from obtaining relevant information, with little or no benefit.

15    First, "LARIAN TRUST" is defined as including "the Isaac and Angela
16 Larian Trust, Isaac Larian Grantor Annuity Trust, Angela Larian Grantor Annuity
17 Trust, Larian Family Trust and any other trust of which Isaac Larian is a trustee or
18 of which any member of Isaac Larian's family, whether by blood or marriage, is a
19 beneficiary, the current or former trustees, beneficiaries, attorneys, agents,
20 representatives, accountants, vendors, consultants or any other PERSON acting on

21

22

---

23    [23]  See Order No. 11, dated March 30, 2009, at 7 (Larian's net worth "relates to
24 Phase 2 damages issues, including, among other things, damages sought against
   Larian in connection with Mattel's unfair competition cause of action as well as the
   calculation of Larian's net worth for purposes of litigating the propriety of any
25 'exemplary damages under Cal. Civ. Code § 3294.'"), Zeller Dec., Exh. 10; July 2,
   2007 Order, at 5, Zeller Dec., Exh. 15; Order No. 3, dated March 10, 2009, Zeller
26 Dec., Exh. 9; Order, dated September 26, 2007, at 11-12, Zeller Dec., Exh. 18;
   Order, dated December 31, 2007, at 15-16, Zeller Dec., Exh. 19.
27    [24]  Letter from Tamar Buchakjian to Richard Sheldon and Daniel Hayes, dated
   April 29, 2009, Zeller Dec., Exh. 4.
28

MATTEL INC.'S MOTION TO COMPEL INTERROGATORY RESPONSES

its behalf, subject to its authority and control."[25]  This definition is consistent with information the Discovery Master has previously compelled as relevant.  See Order No. 3, Regarding Motion of Mattel, Inc. to Compel Production of Documents Responsive to the Same Non-Party Subpoenas, dated March 10, 2009 at 29-30 (compelling production of documents relating to any ownership interest by Larian, his spouse, his children, his siblings, or their spouses, or any entity or person affiliated with them in IGWT Group or IGWT 826 and the dates of such person's affiliation).  Moreover, many of the trusts have now been expressly identified in Mattel's pleading[26] and therefore are unquestionably the proper subject of discovery.[27]  They cannot be excluded.

Second, the Interrogatories are already limited in time to January 1, 2005 through the present.[28]  Although Larian demanded a limitation on the Interrogatories to transactions of a "date certain," engrafting an additional temporal limitation on the Interrogatories would be improper.  Mattel is the proponent of the Interrogatories "and is the master of its terms.  So long as the information sought is within the broad bounds of relevancy as set forth in Rule 26 and is otherwise properly discoverable, [the other party] may not unilaterally reshape or rephrase the discovery request."  Chapman v. California Dept. of Educ., 2002 WL 32854376, at *3 (N.D. Cal. February 6, 2002).  There can be no plausible dispute that Larian's on-going financial transactions are relevant here, given that Mattel's Third Amended Answer and Counterclaims expressly allege that his financial manipulations are

---

[25]  Mattel's First Set of Interrogatories (Phase 2), at 2, Zeller Dec., Exh. 1.
[26]  See, e.g., Mattel's Third Amended Answer and Counterclaims at 66-67, Zeller Dec., Exh. 8.
[27]  MGA Parties' Opposition to Mattel, Inc.'s Motion for Leave to File Third Amended Answer and Counterclaims, dated April 27, 2009, at 6, Zeller Dec., Exh. 11.
[28]  Mattel's First Set of Interrogatories (Phase 2), at 5, Zeller Dec., Exh. 1.

1  continuing.  And, of course, his current and on-going ownership interests are plainly
2  relevant to his net worth.[29]

3  Finally, the $1000 interest threshold is necessary to capture relevant
4  information about net worth.  For example, Larian has admitted that he owns shares
5  of Zapf (which is a publicly traded company) through his trusts.[30]  Mattel is entitled
6  to know of such ownership, whether accumulated in a single purchase or through
7  increments of $1000 plus transactions.  Indeed, Larian's asset-siphoning and
8  concealment is relevant at any value.  Mattel's Interrogatories seek relevant
9  information which Mattel is entitled to discover.  See Ramirez v. Nicholson, 2007
10 WL 2990283, at *2 (S.D. Cal. 2007) (quoting Fed. R. Civ. P. 26(b)(1)) ("The
11 Federal Rules allow for broad discovery in civil actions  Relevant information need
12 not be admissible at trial if the discovery appears reasonably calculated to lead to the
13 discovery of admissible evidence.").  Nevertheless, Mattel made a good-faith effort
14 to eliminate at least some burden by creating a $1,000 threshold -- a threshold that
15 Larian has merely quibbled with, but that Larian has never provided any alternative
16 to that would provide the information Mattel is entitled to.  The Discovery Master
17 should overrule Larian's erroneous relevance objections and compel Larian to
18 provide responses to the Interrogatories without further delay.

19 **II.   LARIAN'S REMAINING OBJECTIONS ARE WITHOUT MERIT**
20 **AND SHOULD BE OVERRULED**

21 Larian also has raised a number of boilerplate objections.  They, too,
22 should be overruled.[31]

23 _____

24 [29]  In addition, Larian never provided any definition to his suggestions that
25 Mattel's already temporally limited interrogatories be limited further. Letter from
   Tamar Buchakjian to Richard Sheldon and Daniel Hayes, dated April 29, 2009,
   Zeller Dec., Exh. 4.
26 [30]  Larian Depo. (Vol. 2), dated March 26, 2008,  at 506:16-22, Zeller Dec., Exh.
27 12. [31]  Larian initially objected that the Interrogatories seek private, confidential,
   proprietary or otherwise sensitive information regarding Larian, third-party
28 (footnote continued)

## A.  The Interrogatories Are Not Vague and Ambiguous

Larian asserts that the Interrogatories are vague and ambiguous, and that it is "impossible to ascertain what information is being requested" by these Interrogatories.[32]  Not so.  Larian fails to explain why the specifically defined term "IDENTIFY" is vague or ambiguous simply because it incorporates the term "ENTITY," "type of ownership interest," "percentage ownership interest," and "title or position that YOU have had with each such ENTITY."[33]  These interrogatories simply specify, in plain and unmistakable terms, to list as to each ENTITY what identifying information Mattel is seeking.[34]  Thus, for example, the definitions ask that Larian identify in his answer: the entity's full name; the type of ownership interest that Larian holds or did hold; the date(s) on which Larian held such ownership interest; and the relevant entity's contact information.[35]  There is nothing ambiguous or unclear about the nature of the information sought, and the information is necessary and appropriate to identify the relevant entities -- including for purposes of locating additional witnesses and others with relevant information -- and Larian's stake in each.

Nor is the definition of "LARIAN TRUST" unintelligible.[36]  "LARIAN TRUST" is defined as including "the Isaac and Angela Larian Trust, Isaac Larian Grantor Annuity Trust, Angela Larian Grantor Annuity Trust, Larian Family Trust and any other trust of which Isaac Larian is a trustee or of which any member of Isaac Larian's family, whether by blood or marriage, is a beneficiary, the current or

---

relatives, and trust beneficiaries of Larian.  Isaac Larian's Response to Mattel, Inc.'s First Set of Interrogatories (Phase 2), at 6-7, Zeller Dec., Exh. 2.  However, Larian has since agreed to withdraw that objection.  Letter from Daniel Hayes to Tamar Buchakjian, dated May 1, 2009, Zeller Dec., Exh. 7.

[32]  Isaac Larian's Response to Mattel, Inc.'s First Set of Interrogatories (Phase Two), at 6-7, Zeller Dec., Exh. 2.

[33]  Id.

[34]  Mattel's First Set of Interrogatories (Phase 2), at 2-3, Zeller Dec., Exh. 1.

[35]  Id.

former trustees, beneficiaries, attorneys, agents, representatives, accountants, vendors, consultants or any other PERSON acting on its behalf, subject to its authority and control."[37]   There is nothing vague and ambiguous about this definition that prevents Larian from providing full and complete responses to these Interrogatories.

### B.   The Interrogatories Are Not Overly Broad

Larian further objects that the Interrogatories are overly broad.[38]  Yet he provides no explanation, let alone with the required particularity, as to why these interrogatories are overly broad.  This boilerplate objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Zeller Dec., Exh. 16; see also Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity"); Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize basis for objection).  Nor, in any event, does the objection have merit.  As explained above, the interrogatories are designed to discover key financial information that Mattel is entitled to discover.  The Discovery Master should overrule this objection.

### C.   The Interrogatories Do Not Pose An Undue Burden

Larian objects that the Interrogatories are unduly burdensome because they "purport to require Larian to search for and provide such utterly irrelevant information as every stock market transaction over $1,000 in which he purchased stock in any publicly traded company."[39]  Larian has not demonstrated why responding to these interrogatories would present any burden.  See Jackson v.

---

[36]  Isaac Larian's Response to Mattel, Inc.'s First Set of Interrogatories (Phase 2), at 4, Zeller Dec., Exh. 2.
[37]  Mattel's First Set of Interrogatories (Phase 2), at 2, Zeller Dec., Exh. 1.
[38]  Isaac Larian's Response to Mattel, Inc.'s First Set of Interrogatories (Phase Two), at 6-7, Zeller Dec., Exh. 2.

<u>Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-9 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11 at 19, Zeller Dec., Exh. 10). It is implausible that someone of Larian's resources and professed business acumen does not, himself or through professionals such as his accountants, maintain precise records reflecting his ownership interests, which either can be used to answer the interrogatories or, if Larian so chooses, be produced and identified pursuant to <u>Rule</u> 33(d).

Furthermore, as discussed above, the information Mattel seeks is highly relevant. Any ostensible burden associated with providing it -- and none has been proven here since Larian undoubtedly has accountants who routinely keep such information -- is minimal compared to the value this information will have to Mattel in developing its claims. <u>See</u> 8A Wright & Miller, <u>Federal Practice & Procedure: Federal Rules of Civil Procedure</u> § 2174 (to determine if an interrogatory poses an "undue burden," courts have adopted a "proportionality approach that balances the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory"); <u>see also</u> <u>King v. Georgia Power Co.</u>, 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant).

---

[39] Isaac Larian's Response to Mattel, Inc.'s First Set of Interrogatories (Phase Two), at 6-7, Zeller Dec., Exh. 2.

Larian's burden objections are unfounded and should be rejected.

### D. **The Interrogatories Are Not Compound**

Finally, Larian's objection that the Interrogatories are impermissibly compound because the definition of "IDENTIFY" allegedly creates numerous subparts is unfounded.[40]   As detailed above, Mattel has defined the term "IDENTIFY" to ensure that Larian provides a response with sufficient detail regarding his various ownership interests.[41]  This definition, however, refers to, and elicits information about, only one common theme -- the entities which Larian or the Larian Trust have held ownership interest in.  Thus, this definition does not render the Interrogatories compound.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D. Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question."); see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL 318811, at * 7 (N.D. Cal. January 5, 2005) (interrogatory that asked the "same question regarding a common group of people" was not compound) (citing Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2168.1 at 261).

Based on this same reasoning, both the current Discovery Master and the former Discovery Master have repeatedly rejected MGA's and Larian's objections on this ground as meritless.  See Order No. 11, dated March 30, 2009, at 21 ("The fact that the interrogatories ask MGA to identify witnesses, facts, and documents related to the MATTEL DOCUMENTS does not render the interrogatories compound because the questions in each interrogatory refer to one common theme"), Zeller Dec., Exh. 10; Order No. 17, dated April 14, 2009, at 21-22 (overruling compound objection and counting as one interrogatory, supplemental interrogatory which asked MGA, for each trade dress it claimed MGA copied,

---

[40]   Isaac Larian's Response to Mattel, Inc.'s First Set of Interrogatories (Phase Two), at 6-7, Zeller Dec., Exh. 2.

infringe or diluted, to "separately IDENTIFY each product sold by YOU or YOUR licensees that incorporates such trade dress and, for each such product, separately state (a) the number of units, by year, of each such product sold by YOU or YOUR licensees; (b) revenue received by YOU from such SALES of each such product; (c) all costs YOU have incurred in connection with each product, including but not limited to YOUR cost of good sold, and (d) YOUR gross and net profits from each such product"), Zeller Dec., Exh. 16; Order, dated September 5, 2007, at 5-7 (interrogatories with "subparts seeking facts supporting a contention, the identity of persons with knowledge, and documents are not counted separately for the purposes of applying the . . . interrogatory limit."), Zeller Dec., Exh. 17.  The Discovery Master should do so again here and overrule Larian's baseless objection.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master: (1) compel Larian to provide full and complete answers to Mattel, Inc.'s First Set of Interrogatories (Phase 2), and (2) to overrule all of Larian's objections to the Interrogatories.

DATED:  June 19, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
  Michael T. Zeller
  Attorneys for Mattel, Inc.

---

[41]   Mattel's First Set of Interrogatories (Phase 2), at 2-3, Zeller Dec., Exh. 1.