# Exhibit E

1   PATRICIA L. GLASER (Bar No. 055668)
    pglaser@glaserweil.com
2   GLASER WEIL FINK JACOBS & SHAPIRO
    10250 Constellation Blvd., 19th Floor
3   Los Angeles, California 90067
    Telephone: (310) 553-3000
4   Facsimile: (310) 557-9815

5   RUSSELL J. FRACKMAN (Bar No. 49087)
    rjf@msk.com
6   PATRICIA H. BENSON (Bar No. 60565)
    phb@msk.com
7   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
8   Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
9   Facsimile: (310) 312-3100

10  Attorneys for The MGA Parties

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                  EASTERN DIVISION

14  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

15          Plaintiff,                   Consolidated with
                                         Case No. CV 04-09059
16      v.                               Case No. CV 05-02727

17  MATTEL, INC., a Delaware             DISCOVERY MATTER
    corporation,                         [To Be Heard By Discovery Master
18                                       Robert O'Brien Pursuant To Order
            Defendant.                   Of January 6, 2009]
19
                                         DECLARATION OF DANIEL M.
20  AND CONSOLIDATED CASES               HAYES IN SUPPORT OF ISAAC
                                         LARIAN'S OPPOSITION TO
21                                       MATTEL, INC.'S MOTION TO
                                         COMPEL RESPONSES TO FIRST
22                                       SET OF INTERROGATORIES
                                         (PHASE 2)
23
                                         [OPPOSITION FILED
24                                       CONCURRENTLY]

25                                       Time: TBD
                                         Date: TBD
26                                       Place: TBD
                                         Phase 2
27                                       Discovery Cut-Off:  December 11, 2009
                                         Pre-Trial Conference:   March 1, 2010
28                                       Trial Date:             March 23, 2010

Mitchell
Silberberg &
Knupp LLP

2285087.1

                DECLARATION OF DANIEL M. HAYES

## DECLARATION OF DANIEL M. HAYES

I, DANIEL M. HAYES, the undersigned, declare:

1.     I am an attorney at law duly licensed to practice in the State of California. I am an associate with Mitchell Silberberg & Knupp LLP ("MSK"), counsel of record for Isaac Larian ("Larian"), MGA Entertainment, Inc., MGA Entertainment HK, Ltd., and MGAE De Mexico, S.R.L. De C.V. in the action entitled *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx) and the actions consolidated therewith. I know all of the facts stated in this declaration of my own personal knowledge, and if called as a witness in this action, I could and would competently testify thereto.

2.     Attached hereto as Exhibit 1 is a true copy of the Order Granting Mattel's Motion for Constructive Trust, filed on December 3, 2008.

3.     Attached hereto as Exhibit 2 is a true copy of Mattel, Inc.'s ("Mattel") First Set of Interrogatories (Phase 2) to Larian (the "Interrogatories").

4.     Attached hereto as Exhibit 3 is a true copy of Larian's Response to Mattel's First Set of Interrogatories (Phase 2).

5.     Attached hereto as Exhibit 4 is a true copy of a letter dated April 15, 2009 from Jon Corey of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel") to Amman Khan of Glaser, Weil, Fink, Jacobs & Shapiro, LLP and Jean Pierre Nogues of MSK.

6.     Attached hereto as Exhibit 5 is a true copy of a letter dated April 17, 2009, from me to Mr. Corey, that I caused to be sent to Mr. Corey on that date.

7.     On April 21, 2009, my colleague, Richard Sheldon, and I had a telephone conversation with Tamar Buchakjian of Quinn Emanuel regarding the Interrogatories. I began by asking Ms. Buchakjian to state in clear terms what specific information Mattel was seeking in the Interrogatories, so that we could at least agree on what information was at issue. In response, Ms. Buchakjian simply repeated verbatim definitions used in the Interrogatories. I asked Ms. Buchakjian

1  to clarify the defined term "LARIAN TRUST." Ms. Buchakjian responded that
2  she could not clarify the term beyond what was in the definition.

3         8.     I also asked Ms. Buchakjian to explain why she thought the
4  information sought in the Interrogatories was relevant to the issues in Phase 2 of
5  this case. Ms. Buchakjian replied that the Interrogatories sought information
6  relevant to determining Mr. Larian's net worth. I responded that I believed Mattel
7  had already directly requested that information in previous discovery.

8         9.     I posed a hypothetical question to Ms. Buchakjian in an attempt to
9  clarify whether the scope of the Interrogatories was as broad as it appeared. I
10  asked Ms. Buchakjian whether she thought a 2005 transaction in which Isaac
11  Larian bought $2000 worth of publicly traded stock and sold it a week later needed
12  to be identified in response to Interrogatory No. 1. Ms. Buchakjian said yes. I
13  asked Ms. Buchakjian how such a transaction could be relevant to Mr. Larian's net
14  worth today. I did not receive an explanation.

15        10.    Towards the end of the call, Mr. Sheldon and I proposed that the
16  parties consider limiting the definition of "LARIAN TRUST" and the temporal
17  scope of the Interrogatories, and raising the "more than $1000" threshold in the
18  Interrogatories. Since none of the counsel on the call had discussed such
19  limitations with his or her client, we agreed to consult with our respective clients
20  and talk again.

21        11.    Attached hereto as Exhibit 6 is a true copy of a letter dated April 22,
22  2009 that I sent to Ms. Buchakjian on that date.

23        12.    On April 23, 2009, Mr. Sheldon and I had another telephone
24  conversation with Ms. Buchakjian regarding the Interrogatories. I began by asking
25  Ms. Buchakjian whether she had received my April 22, 2009 letter. She stated that
26  she had. I asked Ms. Buchakjian whether she would provide the information that I
27  had requested in my letter, specifically, a plain English statement of what
28  information was covered by the Interrogatories, an intelligible definition of

2
DECLARATION OF DANIEL M. HAYES

"LARIAN TRUST," and the identity of the so-called "single purpose companies"
referenced by Mr. Corey in his April 15, 2009 letter to Mr. Khan and Mr. Nogues.
Ms. Buchakjian stated that she could not identify any "single purpose companies"
other than "IGWT."  Ms. Buchakjian did not agree to provide any clarification of
either Interrogatory; instead, when I asked Ms. Buchakjian to provide a clear
definition of "LARIAN TRUST," she proceeded to read the text of the definition
of "LARIAN TRUST" verbatim.  Ms. Buchakjian stated that the Interrogatories
and definitions were clear.

13.    During the second telephone call, I stated several times to Ms.
Buchakjian that the definition of "LARIAN TRUST" was unintelligible.  In an
effort to try to demonstrate the confusing nature of the definition, I asked Ms.
Buchakjian to explain who would be a person subject to the control of any trust of
which one of Larian's relatives by blood or marriage was a vendor.  Ms.
Buchakjian did not give me an answer.

14.    Ms. Buchakjian stated that her client was not willing to narrow the
scope of the Interrogatories.  Mr. Sheldon commented that he did not believe Ms.
Buchakjian had fulfilled her obligation to meet and confer in good faith.

15.    Attached hereto as Exhibit 7 is a true copy of a letter dated April 23,
2009 that I sent to Ms. Buchakjian on that date.

16.    Attached hereto as Exhibit 8 is a true copy of a letter dated April 29,
2009 from Ms. Buchakjian to Mr. Sheldon.

17.    Attached hereto as Exhibit 9 is a true copy of a letter dated May 1,
2009 that I sent to Ms. Buchakjian on that date.

Mitchell
Silberberg &
Knupp LLP

2285087.1

3
DECLARATION OF DANIEL M. HAYES

1      18.    I did not receive a response to my May 1, 2009 letter to Ms.

2 Buchakjian, nor did I receive any other communication from counsel for Mattel

3 regarding the Interrogatories before receiving Mattel's motion to compel the same

4 on June 19, 2009.

5      I declare under penalty of perjury under the laws of the United States of

6 America that the foregoing is true and correct.

7      Executed on June 26, 2009 at Los Angeles, California.

8

9                              _____

10                              Daniel M. Hayes

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2285087.1

# EXHIBIT 1

O

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11   CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)
                                           Consolidated with
12            Plaintiff,                   Case Nos. CV 04-09059 & CV 05-2727

13        vs.
                                           ORDER GRANTING MATTEL'S
14   MATTEL, INC., a Delaware              MOTION FOR CONSTRUCTIVE
     corporation,                          TRUST AND FOR FINDING
15                                         LIABILITY AND INJUNCTIVE
              Defendant.                   RELIEF PURSUANT TO CAL. BUS. &
16                                         PROF CODE § 17200

17   AND CONSOLIDATED ACTIONS

18

19

20

21

22

23

24

25

26

27

28

07209/2649025.3

ORDER GRANTING MATTEL'S MOTION FOR CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION

Exhibit 1
Page 5

Exhibit E - Page 409

## ORDER

Having considered Mattel, Inc.'s ("Mattel") Motion for Constructive Trust and for a Finding of Liability and Injunctive Relief Pursuant to California Business & Professional Code § 17200, and all other papers and arguments submitted in connection therewith, as well as the evidence admitted at trial and the jury's verdicts in the Phase 1 trial, the Court hereby GRANTS the Motion against MGA Entertainment Inc. ("MGA"), MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), and Isaac Larian ("Larian") (collectively the "MGA Defendants"):

1.    A constructive trust in favor of Mattel on all rights to trademarks, service marks and domain names held by MGA or Larian, or any person or entity acting on their behalf or for their benefit, anywhere in the world that include the terms "Bratz" or "Jade," including all such trademark registrations and trademark applications (including, without limitation, United States Trademark Registrations identified by Registration Nos. 3206114, 3327385, 3150045, 3087710, 3055465, 3072141, 3127890, 3024713, 2989052, 2911097, 3080450, 2921772, 3071614, 2803235, 2848386, 2795675, 2776558, 2848281, 2751890, 2671473, 2787942, 2789216 and 2836780 and United States Trademark Applications identified by Serial Nos. 78530196, 78571028, 78706504, 78706502, 78819868, 78857100, 78490324, 77443372 and 77575881), and the good will inhering therein, as well as all such domain name registrations, is HEREBY ORDERED and all rights therein are ORDERED transferred to Mattel.

2.    MGA and Larian are HEREBY ORDERED to (a) identify all trademark registrations and applications held by them, or any person or entity acting on their behalf or for their benefit, anywhere in the world that include the terms "Bratz" or "Jade," (b) identify all marks that include the terms "Bratz" or "Jade" in which they, or any person or entity acting on their behalf or for their benefit, claim to own trademark rights, whether or not such marks are subject to existing trademark registrations or pending trademark applications, (c) identify all domain

**Exhibit 1**
**Page 6**

1  names and domain name registrations held by them, or any person or entity acting
2  on their behalf or for their benefit, anywhere in the world that include the terms
3  "Bratz" or "Jade," and (d) execute any and all documents necessary to effect the
4  transfer and/or assignment of such marks and domain names and associated
5  applications and registrations to Mattel.  MGA shall fully comply with (a), (b) and
6  (c) of this paragraph within fourteen (14) calendar days of the date of this Order.

7          3.      The Court HEREBY FINDS that the MGA Defendants violated
8  California Business and Professions Code § 17200 and are liable to Mattel on its
9  twelfth claim for relief for unfair competition.

10         4.      The MGA Defendants, along with their respective officers,
11 directors, principals, agents, representatives, servants, employees, affiliates,
12 successors or assigns, and any person or entity acting on their behalf or in concert or
13 participation with them, are HEREBY PERMANENTLY ENJOINED from (a)
14 using the terms "Bratz" or "Jade," either alone or in combination and whether as a
15 trademark, domain name or otherwise, in connection with the manufacture,
16 promotion, advertising, distribution, offering for sale or sale of any goods or
17 services anywhere in the world and (b) taking any action to preclude Mattel from
18 using the terms "Bratz" or "Jade" in any such manner, including without limitation
19 as a mark in connection with goods and services.

20         **IT IS SO ORDERED.**

22 DATED:  December 3, 2008

23                                    Hon. Stephen G. Larson
                                      United States District Judge

07209/2649025.3

-3-
ORDER GRANTING MATTEL'S MOTION FOR CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION

**Exhibit 1**
**Page 7**

Exhibit E - Page 411

Case 2:04-cv-09049-DOC-RNB   Document 6476-7   Filed 08/29/09   Page 11 of 51   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 6476-7   Filed 08/26/2009   Page 15 of 50   Page ID
#:215692

# EXHIBIT 2

```
 1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
 2     johnquinn@quinnemanuel.com
       Michael T. Zeller (Bar No. 196417)
 3     (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
 4     (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
 5   Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
 6   Facsimile:   (213) 443-3100
 7   Attorneys for Mattel, Inc.
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | MATTEL, INC.'S FIRST SET OF INTERROGATORIES (PHASE 2) |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

PROPOUNDING PARTY:     Mattel, Inc.

RESPONDING PARTIES:     Isaac Larian

SET NO.:     ONE (Phase 2)

MATTEL'S FIRST SET OF INTERROGATORIES (PHASE 2)

**Exhibit 2**
**Page 8**

Exhibit E - Page 413

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that Isaac Larian individually answer the following

3  Interrogatory separately and fully, in writing and under oath, within 30 days after

4  service hereof.    Larian shall be obligated to supplement his responses to the

5  Interrogatories at such times and to the extent required by the <u>Federal Rules of Civil</u>

6  <u>Procedure</u>.

7

8                                  <u>**Definitions**</u>

9        1.    "LARIAN" means Isaac Larian and Angela Larian.

10       2.    "LARIAN TRUST" means the Isaac and Angela Larian Trust, Isaac

11  Larian Grantor Annuity Trust, Angela Larian Grantor Annuity Trust, Larian Family

12  Trust and any other trust of which Isaac Larian is a trustee or of which any member of

13  Isaac Larian's family, whether by blood or marriage, is a beneficiary, the current or

14  former trustees, beneficiaries, attorneys, agents, representatives, accountants, vendors,

15  consultants or any other PERSON acting on its behalf, subject to its authority and

16  control.

17       3.    "IDENTIFY" or "IDENTITY" means to state, fully and separately

18  as to each ENTITY, such ENTITY's full name; taxpayer identification number or other

19  governmental identifying number of the ENTITY is not registered in the United States;

20  state or country of creation, incorporation or organization or registration; the date of

21  incorporation, organization, creation and/or registration; the type of ownership interest

22  that YOU hold or did hold; the percentage of YOUR ownership in each ENTITY; the

23  date(s) on which YOU held such ownership interest; each title or position that YOU

24  have had with each such ENTITY, if any, and the date(s) on which YOU held such title

25  or position; the current address of each entity; the present or last known telephone

26  number of each entity; and the name and current address of each such ENTITY's

27  agent(s) for service of process or, if no such agent has been designated, then the name,

28

00811.01578/2814351.1

-2-
MATTEL'S FIRST SET OF INTERROGATORIES (PHASE 2)

**Exhibit 2**
**Page 9**

current address and current telephone number of each officer, director, managing agent and general agent of such ENTITY.

4.      "ENTITY" means any and all business enterprises of any kind, including without limitation any and all partnerships, corporations, companies and joint ventures, trusts, associations, limited liability companies or sole proprietorships.

5.      "OWNERSHIP INTEREST" means any right, title or interest of any kind, whether legal, beneficial, past, present, future, contingent, inchoate, potential or otherwise, and includes without limitation any right, title, interest or power that a PERSON possesses or may possess, directly or indirectly, from any contract, arrangement, understanding, relationship or otherwise, to direct, control, dictate or vote on the actions or potential or proposed actions of an ENTITY, and includes without limitation securities, stock, shares, warrants, options, membership interests, partnership interests, voting interests, equity interests, simple ownership, debt or other non-security obligations that may be convertible to equity or other interests and any right, interest; or any right, title, interest, power, title, agreement or understanding to receive, directly or indirectly, distributions of value from an ENTITY.

6.      "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

7.      "Any" as used in these interrogatories includes the word "all," and the word "all" as used in these interrogatories includes the word "any."

8.      The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader

1  request for information; and "and" includes "or" and vice versa, whenever such

2  construction results in a broader disclosure of documents or information.

3

4  **Instructions**

5     A.    When   an   interrogatory   requests   disclosure   of   a

6  COMMUNICATION or other information as to which YOU claim any privilege or

7  protection as a ground for nondisclosure, identify each PERSON who participated in or

8  had knowledge of the COMMUNICATION or other information and provide the

9  following:

10         (i)    the privilege or protection that YOU claim precludes disclosure;

11         (ii)   the subject matter of the COMMUNICATION or information

12                (without revealing the content as to which the privilege is claimed);

13                and

14         (iii)  any additional facts or grounds on which YOU base YOUR

15                claim of privilege or protection.

16     B.    When an interrogatory requests that YOU provide information,

17  YOU are required to supply all information known by or available to YOU or YOUR

18  employees, officers, directors, agents, representatives, attorneys and experts. If YOU

19  cannot completely answer the interrogatory after making diligent efforts to do so,

20  please so state.  Then describe in detail all efforts made to answer the interrogatory;

21  identify every PERSON involved in such efforts; and state the additional information

22  YOU need, if any, to respond completely to the interrogatory.

23

24

25

26

27

28

## Interrogatories

**INTERROGATORY NO. 1:**

IDENTIFY each and every ENTITY in which LARIAN has held, directly or indirectly, any OWNERSHIP INTEREST at any time since January 1, 2005. For purpose of this Interrogatory, transactions involving the purchase or acquisition of publicly traded stock in an amount of $1,000 or less may be excluded.

**INTERROGATORY NO. 2:**

IDENTIFY each and every ENTITY in which any LARIAN TRUST has held, directly or indirectly, any OWNERSHIP INTEREST at any time since January 1, 2005. For purpose of this Interrogatory, transactions involving the purchase or acquisition of publicly traded stock in an amount of $1,000 or less may be excluded.

DATED: March 4, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Jon Corey
Attorneys for Mattel, Inc.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On March 4, 2009, I served true copies of the following documents described as:

## MATTEL, INC'S FIRST SET OF INTERROGATORIES (PHASE 2)

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>Thomas J. Nolan, Esq.<br>Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>tnolan@skadden.com<br>jrussell@skadden.com | **Attorneys for *the MGA Parties***<br><br>Telephone: 213.687.5000<br>Facsimile: 213.687.5600 |
| Glaser, Weil, Fink, Jacobs, & Shapiro, LLP<br>Patricia L. Glaser, Esq.<br>Amman A. Khan, Esq.<br>Caroline Mankey<br>10250 Constellation Blvd 19th Floor<br>Los Angeles, CA 90067<br>pglaser@glaserweil.com | **Attorneys for *the MGA Parties***<br><br>Telephone: 310.553.3000<br>Facsimile: 310.556.2920 |
| Overland Borenstein Scheper & Kim LLP<br>Mark E. Overland, Esq.<br>Alexander H. Cote, Esq.<br>601 W. 5th Street, 12th Floor<br>Los Angeles, CA 90017<br>moverland@obsklaw.com<br>acote@obsklaw.com | **Attorneys for Carlos Gustavo Machado Gomez**<br><br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 |
| | |

07975/2804047.2

-1-

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

**Exhibit 2**
**Page13**

[√]    **[PERSONAL]** by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 4, 2009, at Los Angeles, California.

_____
Dave Quintana

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE
**Exhibit 2**
**Page 14**

Case 2:04-cv-09049-DOC-RNB   Document 6476-7   Filed 08/29/09   Page 19 of 51   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 6475-7   Filed 06/26/2009   Page 19 of 50   Page ID
#:215700

# EXHIBIT 3

1    PATRICIA L. GLASER (Bar No. 055668)
      pglaser@glaserweil.com
2    GLASER WEIL FINK JACOBS & SHAPIRO
      10250 Constellation Blvd., 19th Floor
3    Los Angeles, California 90067
      Telephone: (310) 553-3000
4    Facsimile: (310) 557-9815

5    RUSSELL J. FRACKMAN (Bar No. 49087)
      rjf@msk.com
6    PATRICIA H. BENSON (Bar No. 60565)
      phb@msk.com
7    MITCHELL SILBERBERG & KNUPP LLP
      11377 West Olympic Boulevard
8    Los Angeles, California 90064-1683
      Telephone: (310) 312-2000
9    Facsimile: (310) 312-3100

10   Attorneys for Defendants
      MGA Entertainment, Inc., MGA Entertainment
11   HK, Ltd., and Isaac Larian

12

13            UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA

15               EASTERN DIVISION

| | |
|---|---|
| 16   CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 17          Plaintiff, | Consolidated with |
| 18        v. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 19   MATTEL, INC., a Delaware<br>     corporation, | **ISAAC LARIAN'S RESPONSE TO**<br>**MATTEL, INC.'S FIRST SET OF** |
| 20         Defendant. | **INTERROGATORIES (PHASE**<br>**TWO)** |
| 21 | |
| 22   AND CONSOLIDATED CASES | |

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2155640.3

**Exhibit 3**
**Page 15**

Exhibit E - Page 421

1  PROPOUNDING PARTY:    MATTEL, INC.

2  RESPONDING PARTY:     ISAAC LARIAN

3  SET NO.:              ONE (Phase Two)

4       Pursuant to Federal Rule of Civil Procedure 33, Isaac Larian ("Larian")

5  hereby responds to Mattel, Inc.'s ("Mattel") First Set of Interrogatories (Phase

6  Two) (the "Interrogatories") as follows:

7  **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

8       1.    These responses are made solely for the purposes of this action. Each

9  response is subject to and without waiver of all objections as to competence,

10  relevance, materiality, propriety, privilege, and admissibility, as well as to any and

11  all other objections on any grounds that would permit or require the exclusion of

12  any statement contained herein or any portion thereof if any of said Interrogatories

13  were asked of, or any statements contained herein were made by, a witness present

14  and testifying in court, all of which objections and grounds are hereby expressly

15  reserved and may be interposed at the time of any deposition or at or before any

16  hearing or trial in this matter, or any other matter.

17       2.    No incidental or implied admissions are intended by the responses

18  herein. The fact that Larian responds or objects to any Interrogatory or part thereof

19  is not intended and shall not be construed as an admission that Larian accepts or

20  admits the existence of any facts set forth in or assumed by such Interrogatory, or

21  that such response or objection constitutes admissible evidence. The fact that

22  Larian responds to all, or part, of any Interrogatory is not intended and shall not be

23  construed as a waiver by Larian of all, or any part, of any objection to any

24  Interrogatory made herein.

25       3.    Larian objects generally to the Interrogatories to the extent that they

26  seek to impose burdens or obligations beyond or inconsistent with those required

27  by the Federal Rules of Civil Procedure. In responding to these Interrogatories,

28  Larian has not and will not comply with any instructions or definitions that seek to

Mitchell
Silberberg &
Knupp LLP

2155640.3

2

**Exhibit 3**
**Page 16**

Exhibit E - Page 422

1     impose requirements in addition to those imposed by the Federal Rules of Civil

2     Procedure and any applicable local rule.

3          4.     Larian objects to each Interrogatory to the extent it seeks information

4     that is not relevant to any party's claim or defense or the subject matter of the

5     instant suit, nor reasonably calculated to lead to the discovery of admissible

6     evidence. As the Court has made clear, financial discovery must be related to

7     Phase Two claims. See March 10, 2009 Order No. 3.

8          5.     Larian objects to each Interrogatory to the extent it seeks information

9     (such as the state of incorporation and agent for service of process of publicly

10     traded companies) that is equally available to Mattel.

11         6.     Larian objects to each Interrogatory to the extent it calls for

12     information not available to him and not within his knowledge.

13         7.     Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Larian

14     objects to providing responses to Interrogatories that can be derived from

15     documents that have or will be produced (when requested in compliance with Rule

16     26) and where the burden to derive such information is substantially the same for

17     Mattel as for Larian.

18         8.     Larian objects to the definitions and instructions to the extent such

19     definitions and instructions purport to enlarge, expand, or alter in any way the plain

20     meaning and scope of any specific term or specific Interrogatories on the ground

21     that such enlargement, expansion, or alteration renders such term or Interrogatory

22     vague, ambiguous, unintelligible, overly broad, unduly burdensome, or uncertain.

23         9.     In addition to the general objections and limitations set forth above,

24     each of which is hereby incorporated into each individual response below, Larian

25     specifically objects to the following defined terms in these Interrogatories:

26          a.     "LARIAN" is vague, ambiguous, unintelligible, overly broad,

27     unduly burdensome, oppressive, and harassing given the inclusion of Angela

28     Larian, who is not a party to this or any related action. Without limitation, each

Mitchell Silberberg & Knupp LLP

2155640.3

3

**Exhibit 3**
**Page 17**

Exhibit E - Page 423

1 Interrogatory that utilizes this defined term violates Angela Larian's right to
2 privacy under the constitutional, statutory, and/or decisional law of California, the
3 United States, and/or any other applicable jurisdiction, and seeks information that
4 is not relevant to any party's claim or defense, or to the subject matter involved in
5 this action, and is not reasonably calculated to lead to the discovery of admissible
6 evidence.

7        b.    "LARIAN TRUST" is vague, ambiguous, unintelligible, overly
8 broad, unduly burdensome, oppressive, harassing, and uncertain. Without
9 limitation, each Interrogatory that utilizes this defined term far exceeds the bounds
10 of permissible discovery, in that it violates the privacy rights under the
11 constitutional, statutory, and/or decisional law of California, the United States,
12 and/or any other applicable jurisdiction, of Larian, Angela Larian, seemingly
13 limitless "blood or marriage" relatives of Larian, trust beneficiaries, and other third
14 parties having nothing to do with this or any related action. It is also hopelessly
15 confusing. For instance, the definition purports to include any person subject to
16 the "control" of any trust of which one of Larian's relatives by marriage was a
17 "vendor." Each Interrogatory that utilizes this defined term also seeks information
18 that is not relevant to any party's claim or defense, or to the subject matter
19 involved in this action, and is not reasonably calculated to lead to the discovery of
20 admissible evidence.

21        c.    "IDENTIFY" (or "IDENTITY" [sic]) is vague, ambiguous,
22 unintelligible, overly broad, unduly burdensome, oppressive, and uncertain. Each
23 Interrogatory that uses this defined term also may contribute to a future violation of
24 the limitation on the number of interrogatories that may be propounded under Rule
25 33 of the Federal Rules of Civil Procedure, because the definition creates
26 numerous subparts seeking discrete information. For instance, the term is
27 compound and uncertain because it is used in connection with the subsequently
28 defined term "ENTITY," but "the type of ownership interest," "percentage

**Exhibit 3
Page 18**

Exhibit E - Page 424

1  ownership interest," and "title or position that YOU have had with each such

2  ENTITY" are not typically associated with the plain meaning of the verb

3  "identify," and as such seek discrete information which should have been sought in

4  separate interrogatories.

5     d.  "YOU" and "YOUR" are capitalized but not defined.

6     e.  "OWNERSHIP INTEREST" as vague, ambiguous,

7  unintelligible, overly broad, unduly burdensome, oppressive, and uncertain.

8  Without limitation, the defined terms purportedly cover an interest or power that a

9  person "may possess," "directly or *indirectly*," "from any contract, arrangement,

10  understanding, relationship, *or otherwise*." As phrased, the scope of this purported

11  definition is as limitless as it is amorphous.

12     10. In addition to the general objections and limitations set forth above,

13  each of which is hereby incorporated into each response below, Larian objects to

14  the use of the terms "any," "all," "and," and "or" as defined in these

15  Interrogatories, since the purported definitions of those terms contradict their plain

16  meaning, rendering the Interrogatories in which they are utilized vague and

17  ambiguous.

18     11. Larian hereby incorporates his objections set forth above into each of

19  the following responses.

20         **RESPONSE TO INTERROGATORIES**

21  **INTERROGATORY NO. 1**

22     IDENTIFY each and every ENTITY in which LARIAN has held, directly or

23  indirectly, any OWNERSHIP INTEREST at any time since January 1, 2005. For

24  purpose of this Interrogatory, transactions involving the purchase or acquisition of

25  publicly traded stock in an amount of $1,000 or less may be excluded.

26  **RESPONSE TO INTERROGATORY NO. 1**

27     In addition to the general objections and limitations set forth above, each of

28  which is hereby incorporated in this response, Larian objects to this Interrogatory

Mitchell
Silberberg &
Knupp LLP
2155640.3

5

**Exhibit 3**
**Page 19**

Exhibit E - Page 425

1 | on the following grounds: (1) it seeks information that is not relevant to any
2 | party's claim or defense, or to the subject matter involved in this action, and it is
3 | not reasonably calculated to lead to the discovery of admissible evidence; (2) it
4 | seeks private, confidential, proprietary, or otherwise sensitive information,
5 | protected by the constitutional, statutory, or decisional law of California, the
6 | United States, and/or any other applicable jurisdiction regarding Larian; (3) it
7 | seeks private, confidential, proprietary, or otherwise sensitive information,
8 | protected by the constitutional, statutory, or decisional law of California, the
9 | United States, and/or any other applicable jurisdiction, regarding third parties to
10 | whom no notice has been given, including, but not limited to, Angela Larian, who
11 | is not a party to this or any related action; (4) it is vague, ambiguous, and
12 | unintelligible because , among other reasons, it uses the defined terms, including,
13 | but not limited to, "IDENTIFY," which (i) incorporates the subsequently defined
14 | term "ENTITY," and "the type of ownership interest," "percentage ownership
15 | interest," and "title or position that YOU have had with each such ENTITY" are
16 | not typically associated with the plain meaning of the verb "identify," and (ii)
17 | incorporates the term YOU, which is capitalized but undefined, and the plain
18 | meaning of which is irreconcilable with the definition of LARIAN, so that it is
19 | impossible to ascertain what information is being requested; (5) it is overly broad;
20 | (6) it is unduly burdensome, oppressive, and harassing in that, among other things,
21 | it purports to require Larian to search for and provide such utterly irrelevant
22 | information as every stock market transaction over $1,000 in which he purchased
23 | stock in any publicly traded company; and (7) it is impermissibly compound
24 | because, among other reasons, the definition of "IDENTIFY" creates numerous
25 | subparts seeking discrete information.

26 | **INTERROGATORY NO. 2**

27 | IDENTIFY each and every ENTITY in which any LARIAN TRUST has
28 | held, directly or indirectly, any OWNERSHIP INTEREST at any time since

Mitchell
Silberberg &
Knupp LLP

2155640.3

6

**Exhibit 3
Page 20**

Exhibit E - Page 426

1   January 1, 2005. For purpose of this Interrogatory, transactions involving the

2   purchase or acquisition of publicly traded stock in an amount of $1,000 or less may

3   be excluded.

4   **RESPONSE TO INTERROGATORY NO. 2**

5          In addition to the general objections and limitations set forth above, each of

6   which is hereby incorporated in this response, Larian objects to this Interrogatory

7   on the following grounds: (1) it seeks information that is not relevant to any

8   party's claim or defense, or to the subject matter involved in this action, and it is

9   not reasonably calculated to lead to the discovery of admissible evidence; (2) it

10  seeks private, confidential, proprietary, or otherwise sensitive information,

11  protected by the constitutional, statutory, or decisional law of California, the

12  United States, and/or any other applicable jurisdiction regarding Larian; (3) it

13  seeks private, confidential, proprietary, or otherwise sensitive information,

14  protected by the constitutional, statutory, or decisional law of California, the

15  United States, and/or any other applicable jurisdiction, regarding third parties to

16  whom no notice has been given, including, but not limited to, seemingly limitless

17  "blood or marriage" relatives of Larian, trust beneficiaries, and other third parties

18  having nothing to do with this or any related action; (4) it is vague, ambiguous, and

19  unintelligible because of, among other reasons, it uses the defined terms, including,

20  but not limited to, "IDENTIFY," which (i) incorporates the subsequently defined

21  term "ENTITY," and "the type of ownership interest," "percentage ownership

22  interest," and "title or position that YOU have had with each such ENTITY" are

23  not typically associated with the plain meaning of the verb "identify," (ii)

24  incorporates the term YOU, which is capitalized but undefined, and the plain

25  meaning of which is irreconcilable with the definition of LARIAN TRUST, so that

26  it is impossible to ascertain what information is being requested; (5) it is overly

27  broad; (6) it is unduly burdensome, oppressive, and harassing in that, among other

28  things, it purports to require Larian to produce such utterly irrelevant information

Mitchell
Silberberg &
Knupp LLP

2155640.3

7

**Exhibit 3**
**Page 21**

Exhibit E - Page 427

1   as every stock market transaction over $1,000 for any person under the "control"

2   of any trust of which any blood or marriage relative of Larian is a "vendor;" and

3   (7) it is impermissibly compound because, among other reasons, the definition of

4   "IDENTIFY" creates numerous subparts seeking discrete information.

5

6   DATED: April 3, 2009                    MITCHELL SILBERBERG & KNUPP LLP

7

8   By: _____

9       Daniel M. Hayes (SBN 240250)
        Attorneys for Defendants
10      MGA Entertainment, Inc., MGA
        Entertainment HK, Ltd., and Isaac Larian

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2155640.3

8

Exhibit 3
Page 22

Exhibit E - Page 428

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683, and my business email address is @msk.com.

On April 3, 2009, I served a copy of the foregoing document(s) described as **ISAAC LARIAN'S RESPONSE TO MATTEL, INC.'S FIRST SET OF INTERROGATORIES (PHASE TWO)** on the interested parties in this action at their last known address as set forth below by taking the action described below:

### SEE ATTACHED SERVICE LIST

☒ **BY MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☐ **BY OVERNIGHT MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) designated by the carrier, with delivery fees provided for, and addressed as set forth above, and deposited the above-described document(s) with FedEx in the ordinary course of business, by depositing the document(s) in a facility regularly maintained by the carrier or delivering the document(s) to an authorized driver for the carrier.

☐ **BY ELECTRONIC MAIL:** I served the above-mentioned document electronically at __:___ .m. on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 3, 2009, at Los Angeles, California.

_____
Monica Bowdre

Mitchell
Silberberg &
Knupp LLP

2184487.1

**Exhibit 3**
**Page 23**

Exhibit E - Page 429

1

## SERVICE LIST

2

3   John Quinn, Esq.
    (johnquinn@quinnemanuel.com)
4   Jon D. Corey, Esq.
    (joncorey@quinnemanuel.com)
5   Michael T. Zeller, Esq.
    (michaeltzeller@quinnemanuel.com)
6   Quinn Emanuel Urquhart Oliver & Hedges, LLP
    865 Figueroa Street, 10th Floor
    Los Angeles, CA 90017-2543

7

8   Thomas J. Nolan, Esq.
    (tnolan@skadden.com)
9   Raoul D. Kennedy, Esq.
    (rkennedy@skadden.com)
10  Jason D. Russell, Esq.
    (Jason.russell@skadden.com)
11  Skadden, Arps, Slate, Meagher & Flom LLP
    300 South Grand Avenue, Suite 3400
    Los Angeles, CA 90071-3144

Patricia L. Glaser, Esq.
(Pglaser@glaserweil.com)
Joel N. Klevens, Esq.
(Jklevens@glaserweil.com)
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Mark E. Overland, Esq.
Overland Borenstein Scheper & Kim LLP
One Bunker Hill
601 W. 5th Street, 12th Floor
Los Angeles, CA 90071

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2184487.1

**Exhibit 3
Page 24**

Exhibit E - Page 430

Case 2:04-cv-09049-DOC-RNB   Document 6476-7   Filed 08/28/09   Page 30 of 51   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 6479-7   Filed 06/26/2009   Page 29 of 50   Page ID
#:215711

# EXHIBIT 4

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

CHICAGO
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

LONDON
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

DATE:    April 15, 2009                 NUMBER OF PAGES, INCLUDING COVER: 5

|  | NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|---|
| | Amman A. Khan, Esqs.<br>Glaser, Weil, Fink, Jacobs & Shapiro | | 310/556-2920 |

FROM:    Jon D. Corey

RE:      *Mattel v. MGA Entertainment*

MESSAGE:

Please see following letter dated April 15, 2009.

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Susanne Globig | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|

OPERATOR:                      CONFIRMED?  ☐ NO  ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please notify us immediately by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Received  04-15-2009  12:38pm  From-4158756700          To-GLASER WEIL          Page  001

**Exhibit 8**
**Page 26**

Exhibit E - Page 432

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

April 15, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Amman A. Khan, Esq.                                  Jean Pierre Nogues, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP            Mitchell Silberberg & Knupp LLP
10250 Constellation Boulevard, 19th Floor            11377 West Olympic Blvd.
Los Angeles, CA 90067                                Los Angeles, CA 90064

Re:  <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Counsel:

I write pursuant to Paragraph 5 of the Discovery Master Stipulation to request a meet and confer regarding Isaac Larian's Response to Mattel, Inc.'s First Set of Interrogatories (Phase 2), dated April 3, 2009 ("Larian's Responses").

Larian's Responses provide only objections and no substantive responses to either interrogatory in Mattel's First Set of Phase 2 Interrogatories. As discussed below, Larian's objections are without merit and do not justify his wholesale refusal to substantively answer these interrogatories.

**(1) Relevance.**  Larian's objection that these interrogatories seek irrelevant information is mistaken and contradicts the finding of the Discovery Master. Interrogatory Nos. 1 and 2 ask Larian to identify each entity in which "Larian" or the "Larian Trust" has held any ownership interest since January 1, 2005. These interrogatories thus seek information relevant to Larian's net worth, financial condition, and ability to pay, which the Discovery Master has held are relevant to the punitive damages that will be tried as part of Phase 2 of this case. See Order No. 11, dated March 30, 2009, at 7 (Larian's net worth "relates to Phase 2 damages issues, including,

**quinn emanuel urquhart oliver & hedges, llp**
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG .Limited Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 .Japan · TEL +81 3 5561-1711 FAX +81 3 5561-1712

**Exhibit 4
Page 26**

Exhibit E - Page 433

among other things, damages sought against Larian in connection with Mattel's unfair competition cause of action as well as the calculation of Larian's net worth for purposes of litigating the propriety of any 'exemplary damages under Cal. Civ. Code § 3294.'"). They also seek relevant information because they will disclose Larian financial interests that are subject to Mattel's constructive trust remedies. See id. at 9.

Furthermore, the information sought by these interrogatories is directly relevant to claims and defenses in this case. See Order No. 3, Regarding Motion of Mattel, Inc. to Compel Production of Documents Responsive to the Same Non-Party Subpoenas, dated March 10, 2009 at 29-30 (compelling IGWT Group LLC and IGWT 826 Investments LLC to produce documents relating to any ownership interest by Larian, his spouse, his children, his siblings, or their spouses, or any entity or person affiliated with them in IGWT Group or IGWT 826 and the dates of such person's affiliation). In particular, in Order No. 3, the Discovery Master found that Larian's ownership of entities that have transferred money from MGA is relevant to Phase 2 because it relates "to 'fraudulent,' 'unlawful,' or 'unfair' business practice within the meaning of the Unfair Competition Law and the scope of Mattel's Counterclaims." Order No. 3 at 26-27. Mattel also recently discovered that Larian has been transferring assets from MGA by using single-purpose companies, such as IGWT, to purchase Bratz products from MGA for pennies on the dollar and resell them. These actions are material to MGA's and Larian's financial condition, constitute copyright infringement for which Mattel is entitled to discovery of revenue and other financial information and represent anti-competitive conduct actionable under Mattel's unfair competition claim. These interrogatories are properly tailored to discovery to ascertain Larian's interests in IGWT and whether Larian has created additional companies such as IGWT to transfer assets from MGA or mask his related party transactions with MGA. These interrogatories plainly seek relevant information which Mattel is entitled to discover.

(2) **Privacy/Confidentiality.** Larian objects that these interrogatories seek private, confidential, proprietary or otherwise sensitive information regarding Larian and third-party relatives and trust beneficiaries of Larian. At the outset, consistent with settled law, the Discovery Master has ruled that there is no purported right of "privacy" in this federal action. See Order No. 6, dated March 13, 2009, at 8.

The Protective Order in this action additionally alleviates any plausible concerns Larian or third-parties may have regarding confidentiality.[1] Indeed, the former Discovery Master repeatedly so

---

[1]  See, e.g., Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (finding that a protective order "can strike the appropriate balance between the need for the information and the privacy concerns" of the party opposing production's employees); Keith H. v. Long Beach Unified School District, 228 F.R.D. 652, 658 (C.D. Cal. 2005) (compelling production of student records because of slight redactions and "a protective order to minimize any invasion of the students' privacy rights"); In re Heritage Bond Litigation, 2004 WL 1970058 at *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns . . . defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not
(footnote continued)

2

**Exhibit 4**
**Page 27**

Exhibit E - Page 434

ruled. See Order dated May 15, 2007, at 11, n. 4. Although MGA objected to that ruling, the District Court approved the Discovery Master's order, finding that the entry of a protective order justified compelling production of even "sensitive documents" to MGA's "fierce competitor." See Order dated July 2, 2007, at 3. The current Discovery Master likewise has ruled that privacy and confidentiality objections are adequately addressed by the Protective Order. See Order No. 6, dated March 13, 2009, at 7-8. Larian's objections on these grounds cannot justify his withholding of relevant information.

**(3) Vague and Ambiguous.** These interrogatories are not vague and ambiguous, nor is it "impossible to ascertain what information is being requested" by these interrogatories. See Larian's Responses at 6-7. Larian has not explained why the term "IDENTIFY" is vague or ambiguous simply because it incorporates the term "ENTITY," "type of ownership interest," "percentage ownership interest," and title or position that YOU have had with each such ENTITY." These interrogatories ask Larian, in plain and unmistakable terms, to list each entity in which he or the Larian Trust has held an ownership interest, and for each entity to provide the nature or type of ownership interest, percentage ownership interest, and title or position that Larian or the Larian Trust had with each such entity, among other things. Nothing about these interrogatories is vague or ambiguous.

**(4) Overly Broad.** Larian provides no explanation, let alone with the required particularity, as to why these interrogatories are overly broad. This boilerplate objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity); see also Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity"); Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize basis for objection). Nor, in any event, does the objection have merit. As explained above, the scope of the interrogatories is tied to key financial information in this case that Mattel is entitled to discover.

**(5) Unduly Burdensome.** Larian objects that the interrogatories are unduly burdensome because they "purport to require Larian to search for and provide such utterly irrelevant information as every stock market transaction over $1,000 in which he purchased stock in any publicly traded company." See Larian's Responses at 6-7. The ownership interests held by Larian or the Larian Trust are highly relevant to Larian's net worth and to other discoverable matters as discussed above. Any ostensible burden associated with providing such information is minimal compared to the value this information will be to Mattel in ascertaining Larian's net worth and Larian's questionable financial activities. Moreover, Larian has not demonstrated why responding to these interrogatories would present any burden. See Jackson v. Montgomery

---

sufficient to prevent production in this matter"); A. Farber and Partners, Inc., 234 F.R.D. at 191-92 ("[P]laintiff's need for defendant Garber's financial documents outweighs defendant Garber's claim of privacy, especially when the 'impact' of the disclosure of the information can be protected by a 'carefully drafted' protective order").

3

Exhibit 4
Page 28

Ward & Co., Inc., 173 F.R.D. 524, 528-9 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (cited in Order No. 11 at 19). It is, in fact, implausible that someone of Larian's resources and professed business acumen does not, himself or through professionals such as his accountants, maintain precise records reflecting his ownership interests, which either can be used to answer the interrogatories or, in Larian so choses, be produced and identified pursuant to Rule 33(d). Larian's burden objections are unfounded.

**(6) Compound.** Larian's objection that these interrogatories are impermissibly compound because the definition of IDENTIFY allegedly creates numerous subparts is without merit. Each of these interrogatories refers to only one common theme -- the entities which Larian or the Larian Trust have held ownership interest in, and thus, counts only as one interrogatory. See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D. Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question."); Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL 318811, at * 7 (N.D. Cal. January 5, 2005) (interrogatory that asked the "same question regarding a common group of people" was not compound) (citing Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2168.1 at 261). Indeed, based on this same reasoning, both the current Discovery Master and the former Discovery Master have rejected MGA's and Larian's objections on this ground as meritless. See Prior Discovery Master Order, dated September 15, 2007, at 5-7; Order No. 11, dated March 30, 2009, at 21; No. 17, dated April 14, 2009, at 21-22.

Please let me know if and when Larian will withdraw each of these objections and provide full complete responses to these interrogatories. If Larian does not intend to provide responses or if he intends to limit his responses based on these or any of his general objections, please let me know when you are available to meet and confer regarding these interrogatories within the required time. If we cannot resolve the matter during meet and confer, Mattel intends to move to compel.

I look forward to hearing from you.

Best regards,

Jon Corey

07975/2884540.2

4

**Exhibit 4**
**Page 29**

Case 2:04-cv-09049-DOC-RNB    Document 6476-7    Filed 08/29/09    Page 36 of 51    Page ID
Case 2:04-cv-09049-SGL-RNB    Document 6479-7    Filed 08/26/2009    Page 35 of 50    Page ID
#:215717

# EXHIBIT 5

## MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

Daniel M. Hayes
Attorney-at-Law
(310) 312-3216 Phone
(310) 231-8436 Fax
dmh@msk.com

April 17, 2009

**VIA FACSIMILE ((213) 443-3100) AND U.S. MAIL**

Jon D. Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street
10th Floor
Los Angeles, California 90017

Re:   **Bryant v. Mattel, Inc. (Phase 2)**

Dear Mr. Corey,

I write in response to your April 15, 2009 letter regarding Isaac Larian's responses to Mattel, Inc.'s First Set Of Interrogatories (Phase 2) (the "Interrogatories"). We are willing to provide information consistent with the Discovery Master Orders, but the Interrogatories (to the extent we understand them) are not confined to such matters. Contrary to your letter, the defined terms (including, for example, the extremely complicated and vague "LARIAN TRUST") render the Interrogatories virtually unintelligible. Your letter does not clarify matters. Nor does it sufficiently address our objections.

We would be happy to discuss the Interrogatories at a mutually convenient time in order to try and reach some resolution that will avoid unnecessary motion practice. Tuesday of next week at 10:00 a.m. works best for my calendar. Please let me know if that works.

In your letter, you state that Mattel "recently discovered that Larian has been transferring assets from MGA by using single-purpose companies" to purchase Bratz products. Please identify these "single-purpose companies" before our call next week, since we cannot have a meaningful discussion unless we know what companies you are referring to.

Regards,

Daniel M. Hayes
MITCHELL SILBERBERG & KNUPP LLP

11377 West Olympic Boulevard, Los Angeles, California  90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: WWW.MSK.COM

**Exhibit 5**
**Page 30**

Exhibit E - Page 438

Case 2:04-cv-09049-DOC-RNB   Document 6476-7   Filed 08/29/09   Page 38 of 51   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 6476-7   Filed 08/26/2009   Page 35 of 50   Page ID
#:215719

# EXHIBIT 6

MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

Daniel M. Hayes
Attorney-at-Law
(310) 312-3216 Phone
(310) 231-8436 Fax
dmh@msk.com

April 22, 2009

**VIA E-MAIL AND U.S. MAIL**

Tamar Buchakjian
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017

Re:   **Bryant v. Mattel, Inc. (Phase 2) - First Set of Interrogatories to Isaac Larian**

Dear Ms. Buchakjian,

I write to confirm our telephone conversation yesterday afternoon regarding Mattel, Inc.'s first
set of interrogatories to Isaac Larian. I asked that you state in clear terms what specific
information Mattel was seeking in Interrogatory No. 1 and No. 2. I noted that the letter from
your colleague, Jon Corey, stated that the interrogatories ask Mr. Larian "in plain and
unmistakable terms, to list each entity in which he or the Larian Trust has held an ownership
interest, and for each entity to provide the nature or type of ownership interest, percentage
ownership interest, and title or position that Larian or the Larian Trust had with each such entity,
*among other things*." I noted that, while the list provided by Mr. Corey in his letter was clearer
in terms of what Mattel was seeking, the "among other things" seemed to preserve the other
amorphous categories of information in the interrogatories, and the definitions therein, which we
objected to as vague, ambiguous, and unintelligible. When I asked you for a statement in clear,
plain terms of what was requested in each interrogatory, so that we could at least agree on what
information Mattel was seeking, you simply repeated the vague definitions verbatim. When I
asked you to clarify Mattel's extremely confusing definition of "Larian Trust," you stated that
you couldn't clarify it beyond what was in the definition.

I also asked you to explain why you thought the extremely broad scope of information sought in
Interrogatory Nos. 1 and 2 was relevant to any issue in Phase 2 of this case. You replied that the
interrogatories sought information relevant to determining Mr. Larian's net worth. I stated that I
believed Mattel had already directly requested that information in previous discovery. I also
posed a hypothetical to try and clarify whether the scope of the interrogatories is as broad as it
appears. I asked whether you thought that a 2005 transaction in which Mr. Larian bought $2000
worth of publicly traded stock and sold it a week later needed to be identified in response to
Interrogatory No. 1. You said yes. As I stated on our call, even if we were to assume that Mattel
is entitled to take duplicative discovery regarding Mr. Larian's net worth (which it is not,
because given the information being requested it is unduly burdensome) such a transaction is

11377 West Olympic Boulevard, Los Angeles, California 90064-1683
Phone: (310) 312-2000 Fax: (310) 312-3100 Website: www.msk.com

**Exhibit 6**
**Page 31**

Exhibit E - Page 440

# MITCHELL SILBERBERG & KNUPP LLP

clearly not probative of Mr. Larian's net worth. It appears the only purpose for the vast overbreadth of the interrogatories, which you confirmed yesterday in our call, is harassment.

We ended the call by each agreeing to consider certain limitations to the interrogatories to make them more palatable, with the express understanding that neither of our clients had considered the proposed limitations, or authorized us to make any commitments to limit the scope or substantively respond. Specifically, we agreed to consider limiting the definition of "Larian Trust," the temporal scope of both interrogatories, and raising the "more than $1000" threshold in each interrogatory.

We agreed to speak further on Thursday, April 24. In an effort to facilitate that further meet and confer conference, I renew my request for a clear statement of (1) exactly what information the interrogatories seek, without an "among other things" qualification; and (2) a plain English definition of "Larian Trust." If you could provide these in writing before our call, I think it will at least move the ball forward in that we will each understand at least what information is at issue.

Also, I never received any response to my request that you identify the "single-purpose companies" that Mr. Corey referred to in his April 15 letter. Please provide that information before tomorrow's call if you continue to assert alleged asset-transfers as a basis for Mattel's interrogatories.

Please provide me with the aforementioned information as soon as possible.

I look forward to speaking with you tomorrow.

If you feel this letter does not accurately reflect our conversation, please let me know.

Regards,

Daniel M. Hayes
MITCHELL SILBERBERG & KNUPP LLP

DMH/mb
cc:    Richard Sheldon

2209964.1/39416-00002

**Exhibit 6**
**Page 32**

Exhibit E - Page 441

Case 2:04-cv-09049-DOC-RNB   Document 6476-7   Filed 08/29/09   Page 41 of 51   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 6476-7   Filed 08/26/2009   Page 45 of 50   Page ID
#:215722

# EXHIBIT 7

MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

Daniel M. Hayes
Attorney-at-Law
(310) 312-3216 Phone
(310) 231-8436 Fax
dmh@msk.com

April 23, 2009

**VIA E-MAIL AND U.S. MAIL**

Tamar Buchakjian
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017

Re:    **Bryant v. Mattel, Inc. (Phase 2) - First Set of Interrogatories to Isaac Larian**

Dear Ms. Buchakjian,

I write to confirm our telephone conversation this afternoon regarding Mattel, Inc.'s first set of interrogatories to Isaac Larian. As you know, this was our second call.

I asked you whether you had received my letter confirming our call on April 21. You said that you had. I asked whether you would provide the information requested in my letter, specifically, (1) a clear, plain English statement of what information is covered by the interrogatories and an intelligible definition of "Larian Trust," and (2) the identity of the so-called "single purpose companies" referenced by Jon Corey in his April 15, 2009 letter. You stated that you could not identify any "single purpose companies" other than IGWT. You did not agree to provide us with a clear statement of what information the interrogatories sought and an intelligible definition of "Larian Trust." You only stated that you would respond to my April 22 letter. You did not provide any clarification of either interrogatory beyond simply reading the text of the interrogatories as they are written.

As I stated over and over again in our call, the definition of "Larian Trust" is unintelligible to us. In an effort to try to demonstrate to you how confusing the definition is, I asked you to explain who would be a person subject to the control of any trust of which one of Mr. Larian's relatives by blood or marriage was a "vendor." You could not and did not give me an answer.

You stated that your client is not willing to narrow the scope of the interrogatories.

As I tried to explain on our call, you have not satisfied your burden to meet and confer in good faith. Richard Sheldon and I have repeatedly attempted to engage you in discussions as to how we can reasonably narrow these grossly overbroad interrogatories, but you have refused to narrow them in any way, shape or form. You have even refused to clarify them.

11377 West Olympic Boulevard, Los Angeles, California 90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: www.msk.com

**Exhibit 7**
**Page 33**

Exhibit E - Page 443

Case 2:04-cv-09049-SGL-RNB    Document 6776-2    Filed 06/26/2009    Page 42 of 50

## MITCHELL SILBERBERG & KNUPP LLP

Tamar Buchakjian
April 23, 2009
Page 2

I once again renew my invitation to you to (1) clarify the interrogatories as I requested in my
April 22 letter to you, and (2) engage in meaningful, good faith efforts to narrow your client's
interrogatories.

Regards,

Daniel M. Hayes
MITCHELL SILBERBERG & KNUPP LLP

DMH/mb
cc:    Richard Sheldon

2212067.1/39416-00002

**Exhibit 7
Page 34**

Exhibit E - Page 444

Case 2:04-cv-09049-DOC-RNB   Document 6476-7   Filed 08/29/09   Page 44 of 51   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 6476-7   Filed 06/26/2009   Page 43 of 50   Page ID
#:215725

# EXHIBIT 8

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | SAN FRANCISCO |
|---|---|---|
| 51 Madison Avenue, 22nd Floor | 865 South Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | Los Angeles, CA 90017 | San Francisco, CA 94111 |
| (212) 849-7000 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |

| SILICON VALLEY | CHICAGO | LONDON | TOKYO |
|---|---|---|---|
| 555 Twin Dolphin Drive, Suite 560 | 250 South Wacker Drive, Suite 230 | 16 Old Bailey | Akasaka Twin Tower Main Building, 6th Floor |
| Redwood Shores, CA 94065 | Chicago, IL 60606 | London EC4M 7EG United Kingdom | 17-22 Akasaka 2-Chome |
| (650) 801-5000 | (312) 463-2961 | +44(0) 20 7653 2000 | Minato-ku, Tokyo 107-0052 Japan |
| Facsimile: (650) 801-5100 | Facsimile: (312) 463-2962 | Facsimile: +44(0) 20 7653 2100 | +81 3 5561-1711 |
| | | | Facsimile: +81 3 5561-1712 |

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

DATE:    April 29, 2009                    NUMBER OF PAGES, INCLUDING COVER: 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Richard Sheldon | 310-312-2000 | 310-312-3100 |
| Mitchell Silberberg & Krupp, LLP | | |

FROM:    Tamar Buchakjian
         (213) 443-3639
         tamarbuchakjian@quinnemanuel.com

RE:      Mattel, Inc. v. MGA Entertainment, Inc., et al.

MESSAGE:

CLIENT #   07975    ROUTE/    *Tiffany G.*    ☒ CONFIRM FAX
                    RETURN TO:  ~~Shanda Conners~~   ☒ INCLUDE CONF. REPORT

OPERATOR:   PRISCILLA    CONFIRMED?  ☐ NO  ☐ YES:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

**Exhibit 8**
**Page 35**

Exhibit E - Page 446

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

April 29, 2009

VIA FACSIMILE AND U.S. MAIL

Richard Sheldon
Daniel M. Hayes
Mitchell Silberberg & Knupp, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683

Re:   Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I write regarding our telephonic meet and confer conferences on April 21 and 23, 2009 regarding Isaac Larian's objections and refusal to provide any substantive response to either interrogatory in Mattel, Inc.'s First Set of Interrogatories (Phase 2), dated April 3, 2009.

**Mattel's Interrogatories Seek Relevant Information.** As I explained during the meet and confers, Mattel's interrogatories seek relevant information consistent with the Discovery Master's recent orders. See, e.g., Order No. 11, dated March 30, 2009, at 7, 9; and Order No. 3 at 26-27, 29-30. Specifically, the interrogatories seek information relevant to Larian's net worth, financial condition and ability to pay.

Although you did not dispute that the interrogatories seek relevant information, you inquired why the information sought was relevant to net worth. As I stated during the meet and confer (directly quoting the Discovery Master's Order), this information is relevant to net worth because, it "relates to Phase 2 damages issues, including among other things, damages sought against Larian in connection with Mattel's unfair competition cause of action as well as the calculation of Larian's net worth for purposes of litigating the propriety of any 'exemplary damages under Cal. Civ. Code § 3294.'" Order No. 11, dated March 30, 2009, at 7. In addition,

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/2900898.1

**Exhibit 8
Page 36**

Received 04/29/2009 01:54PM in 02:06 from 12134433100 on line [0] for FAX3 * Pg 3/4
04/29/2009 13:55 FAX  12134433100          QEUOH-LAO-2                        ☑003/004

as I explained, the interrogatories seek information which is directly relevant to other claims and defenses in this case, including without limitation, Mattel's constructive trust remedies and copyright infringement claims. You did not dispute this.

You have claimed, however, that the interrogatories seek information which is "duplicative" and which "Mattel had directly requested . . . in previous discovery." Mattel's interrogatories are not duplicative. You do not identify anything indicating that Mattel previously sought this information or that it was ever produced. If such information was ever produced before, please identify it.

**The Scope of Mattel's Interrogatories.** During our meet and confer, you claimed to need clarification of the scope of the interrogatories. Pursuant to your request, I went over the information sought. Specifically, as the interrogatories make clear, the interrogatories call for the following information as to each Entity (as defined in the interrogatories): (1) the Entity's full name; (2) the Entity's taxpayer identification number or if the Entity is not registered in the United States, other governmental identifying number of the Entity; (3) the Entity's date of incorporation, organization, creation and/or registration; (4) the type of ownership interest that Larian or the Larian Trust (as defined) holds or did hold; (5) the percentage of Larian or the Larian Trust's ownership in each Entity; (6) the date(s) on which Larian or the Larian Trust held such ownership interest; (7) each title or position Larian or the Larian Trust have had with each such Entity, and the date(s) on which Larian or the Larian Trust held such title or position; (8) the current address for each Entity; (9) the present or last known telephone number of each Entity; and (10) the name and current address of each such Entity's agent(s) for service of process or, if no such agent has been designated, then the name, current address and current telephone number of each officer, director, managing agent and general agent of such Entity. There is nothing ambiguous or unclear about the nature of the information sought, and the information is necessary and appropriate to identify the relevant entities -- including for purposes of locating additional witnesses and others with relevant information -- and Larian's stake in each entity. As I also explained, my discussion was only meant to address your requests and did not in any way limit the plain definitions provided in the interrogatories. Contrary to your representations in your April 22 and 23, 2009 letters, you acknowledged that you understood what the interrogatories called for. Nevertheless, you refuse to produce any of this information.

**The Definition Of "Larian Trust" Is Not Unintelligible.** You claimed that the definition of "LARIAN TRUST" provided in the interrogatories was unintelligible and repeatedly requested that I explain to you what information was sought in "plain English." Although I clarified this definition for you numerous times (and in "plain English"), you professed not to understand what the definition meant. This was so even after I explained that the information sought was consistent with the scope of information which the Discovery Master has compelled regarding the IGWT subpoenas. The Discovery Master ordered that this type of information is relevant and therefore should be produced. See Order No. 3 at 29-30 Re Requests 3-5 ("The motion is granted with respect to documents relating to any sources of funding by Larian, his spouse, his children, his siblings, or their spouses, *or any entity or person affiliated with them*.") (emphasis added).

07975/2916608.1                                    2

**Exhibit 8
Page 37**

Exhibit E - Page 448

Received 04/29/2009 01:54PM in 02:06 from 12134433100 on line [0] for FAX3 * Pg 4/4
04/29/2009 13:56 FAX  12134433100          QEUOH-LAO-2                          ☑ 004/004

**Information Regarding "Single-Purpose Companies" Is In Larian's Possession, Not Mattel's.** You requested that I identify the "single-purpose companies" other than IGWT referenced in Jon Corey's April 15, 2009 letter. Not only is this issue irrelevant to the interrogatories (which are plain on their face as to what information is being sought), but Mattel naturally does not have complete information regarding this topic because to date Larian has refused to disclose it. That said, as you are undoubtedly aware, the single-purpose Larian entities that Mattel is aware of include IGWT, although the true scope of this information is in your possession and is part of what these interrogatories seek to obtain.

**Larian's Suggested Limitations Are Improper.** Your insistence that the interrogatories be limited by (1) narrowing the definition of "Larian Trust," (2) limiting the temporal scope of the interrogatories to a "date certain," and (3) raising the "more than $1000" threshold, is not appropriate and would prevent Mattel from obtaining relevant information. First, as explained above, "Larian Trust" as currently defined is consistent with information the Discovery Master has compelled as relevant. Second, the interrogatories are already limited in time. Engrafting an additional limitation on the interrogatories to transactions as of "a date certain" proposed by MGA would exclude earlier transactions and earlier ownership interests that are relevant to MGA's net worth. Finally, the $1000 threshold is also necessary to capture relevant information about net worth. For example, Larian has admitted that he owns shares of Zapf (which is a publicly traded company) through his trusts. Larian Depo. (Vol. 2) at 506:16-22. If Larian or any Larian Trust obtained shares of Zapf through increments of $1000 dollar shares, then Mattel is entitled to know about that. Similarly, if Larian or any Larian Trust owns $1000 dollars of every publicly traded stock, then that is also relevant information about net worth, which Mattel is entitled to know about.

Notably, when I inquired what "date certain" you were proposing, you did not provide any such counter-proposal, nor did you provide an alternative threshold amount for each stock transaction. In fact, when I inquired what, if any, information Larian was willing to provide, you indicated that Larian is not willing to withdraw any of its objections or to provide any substantive responses to Mattel's interrogatories. Thus, despite your assertions otherwise, it is MGA that has not met and conferred in good faith.

Since Larian does not intend to provide responses as you indicated during our meet and confers, Mattel has no alternative but to move to compel.

Best regards,

Tamar Buchakjian

07975/2900008.1                              3

Exhibit 8
Page 38

Exhibit E - Page 449

Case 2:04-cv-09049-DOC-RNB   Document 6476-7   Filed 08/29/09   Page 49 of 51   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 6476-7   Filed 08/26/2009   Page 49 of 50   Page ID
#:215730

# EXHIBIT 9

MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

Daniel M. Hayes
Attorney-at-Law
(310) 312-3216 Phone
(310) 231-8436 Fax
dmh@msk.com

May 1, 2009

VIA E-MAIL AND U.S. MAIL

Tamar Buchakjian
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017

Re:  **Bryant v. Mattel, Inc. (Phase 2) - First Set of Interrogatories to Isaac Larian**

Dear Ms. Buchakjian,

I write to correct misstatements and address a few points in your April 29, 2009 letter to Richard Sheldon regarding our telephonic meet and confer conversations on April 21 and 23.

First, we dispute your contention that the interrogatories seek relevant information, and did not take a contrary position on either call. *You* stated that Mr. Larian's net worth was relevant. We explained that even if that were the case (which it is not) the interrogatories are not limited to information that is probative of Mr. Larian's net worth. As you may recall, I asked you whether you thought that a 2005 transaction in which Mr. Larian bought $2000 worth of publicly traded stock and sold it a week later needed be identified. You said yes. I asked you to explain how a transaction like that was probative of Mr. Larian's net worth. We never received a coherent response, beyond "it is." You also state that we "do not dispute" that the interrogatories seek information that is "directly relevant to other claims and defenses in this case, including without limitation, Mattel's constructive trust remedies and copyright infringement claims." This is false. We certainly *do* dispute that the interrogatories seek information that is relevant to those claims.

Second, we did not acknowledge that we understand what the interrogatories call for. I have asked you multiple times now, in writing and on our calls, for an understandable definition of "Larian Trust." You have not provided one. Moreover, while you have focused on the defined term "IDENTIFY," you have not addressed our objections on vagueness grounds to the defined term "OWNERSHIP INTEREST," which, by its terms, includes, "without limitation any right, title, interest or power that a PERSON possesses *or may possess, directly or indirectly*, from any contract, arrangement, understanding, relationship, *or otherwise…*"

Third, you never clarified the definition of "Larian Trust," other than to read it verbatim, and even then you avoided the extremely confusing last half. By any standard, "Larian Trust" is

2219266.1/39416-00002

11377 West Olympic Boulevard, Los Angeles, California  90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: www.msk.com

**Exhibit 9
Page 39**

Exhibit E - Page 451

## MITCHELL SILBERBERG & KNUPP LLP

unintelligible as defined.  We have suggested ways you might limit the definition.  You have
refused.

Fourth, with respect to the other "single-purpose entities" that Jon Corey referenced in his April
15 letter, Mr. Corey used that reference in an attempt to justify the interrogatories.  As I have
stated, if Mattel is aware of other "single-purpose entities," we should discuss them.  If Mattel is
not aware of other "single-purpose entities," Mr. Corey's implication that it was appears to have
been a device to broaden the scope of the interrogatories.

Fifth, the limitations we suggested are not unreasonable, and you still have not explained how a
$2000 2005 transaction, which you insist is covered by the interrogatories, sheds any light at all
on Mr. Larian's net worth today.

Finally, we did not refuse to withdraw any objections, as you claim.  In fact, we are willing to
withdraw the privacy objection, provided that Mattel and you agree to treat any information
provided as designated by Mr. Larian pursuant to the protective order in place in this case.

If you intend to continue to insist that Mr. Larian is required to provide all of the information
covered by the interrogatories in their current form, we will not reach any agreement.  We are,
however, willing to respond substantively to interrogatories that are appropriately limited in
terms of scope and subject matter.  If you are prepared to seriously discuss limiting the
interrogatories, please let us know.

Re

Daniel M. Hayes
MITCHELL SILBERBERG & KNUPP LLP

DMH/mb
cc:    Richard Sheldon

**Exhibit 9
Page 40**

Exhibit E - Page 452