QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**MATTEL, INC.'S SUBMISSION RE: MGA PARTIES' SUR-REPLY TO MATTEL, INC.'S MOTION FOR PRECLUSIVE RELIEF OR, IN THE ALTERNATIVE, ACCESS TO ACTIVE FILES ON THE LARIAN HARD DRIVES**<br><br>[Declaration of Marshall M. Searcy III filed concurrently herewith]<br><br>Hearing Date: August 31, 2009<br>Time: 2:00 p.m.<br>Place: Courtroom 1<br><br>**Phase 2**<br>Discovery Cutoff: Dec. 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial: March 23, 2010 |

**Preliminary Statement**

Mattel's Motion is based on a simple premise -- that it is fundamentally unfair for MGA to criticize Mattel's expert using evidence to which Mattel's expert has been denied access. Mattel advanced two arguments in support of this premise, and seeks similarly simple relief. Either both parties should be permitted to review and rely on the active files for purposes of the evidence at trial, or neither party should be permitted to do so. MGA's last-minute, unauthorized "Supplemental Opposition" announcing that there is a review protocol that post-dates one discussed by the parties has no bearing on the grounds for Mattel's Motion or on the relief Mattel seeks. The prejudice Mattel seeks to avoid stemmed not from the protocol itself or from negotiation of the protocol, but from MGA's subsequent abuse of the restrictions placed on Mattel's expert from reviewing active user files.

MGA's "Supplemental Opposition" is not only a red-herring, but an improper sur-reply filed without leave. Where, as here, a party has shifted gears and belatedly introduced new facts or different legal arguments, the Court should afford the opposing party a reasonable opportunity to respond before relying on any such new matter. See Beaird v. Seagate Tech, Inc., 145 F.3d 1159, 1164 (10th Cir. 1998); Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404, 410 (1st Cir. 1985). Because Mattel did not have an opportunity to respond to MGA's new contentions, the Court should disregard MGA's "supplement" or, alternatively, consider Mattel's response herein.

**Argument**

**I. MGA'S "SUPPLEMENTAL OPPOSITION" IS AN IMPROPER SUR-REPLY WHICH MGA TACTICALLY DELAYED FILING**

MGA has captioned its latest filing as a "Supplemental Opposition." It is, in fact, an improper sur-reply which it did not seek leave to file. Neither the Federal Rules of Civil Procedure nor the Local Rules provide a right to file a sur-reply. To the contrary, the Local Rules provide that a sur-reply may *not* be filed without prior, written leave of Court. Local Rule 7-10 ("Absent prior written order of the Court, the

opposing party shall not file a response to the reply.")  Here, MGA did not seek or obtain leavebefore filing its brief.  Its sur-reply is improper and should be disregarded.[1]

MGA also tactically delayed filing its sur-reply until the eve of the hearing so as to further deny Mattel an opportunity to respond.  MGA contacted Mattel regarding the May protocol on August 16, 2009 -- over two weeks after the deadline by which MGA had been ordered (but had failed) to produce Mr. Larian's hard drives.[2]  Mattel responded the next day, explaining (as it has here) that any distinction between the April and May versions of the protocol is not relevant to Mattel's Motion.[3]  MGA never responded to Mattel's email.  Instead, MGA waited almost another two weeks and filed its sur-reply only two court days prior to the hearing on Mattel's motion.  That MGA had nearly two weeks and indeed had some four months over the course of briefing even before that to raise any issue regarding the May protocol , yet filed its sur-reply on the eve of hearing, is further reason to disregard MGA's improper sur-reply.

## II. NEGOTIATION OF THE PROTOCOL HAS NO BEARING ON MGA'S LATER USE OF IT TO UNFAIRLY TO DISADVANTAGE MATTEL

To the extent that the Court does not disregard MGA's unauthorized sur-reply, Mattel respectfully submits the following response.

### A. Mattel's Motion Is Based on MGA's Unfair Use of Evidence to Which Mattel Did Not Have Access

In its Motion, Mattel raised two grounds in support of the relief it seeks.  First, as explained in Mattel's papers, MGA successfully argued to the Discovery Master that

---

[1] See Giovanazzi v. Schuette, 2009 WL 649187, at *2 n.6 (C.D. Cal. 2009) (striking improper sur-reply because plaintiff had not sought leave); Hooker v. Adams, 2008 WL 2788404, at *1 (E.D. Cal. 2008) ("Plaintiff did not seek and was not granted permission to file a sur-reply and the sur-reply shall not be considered."); Sullivan v. Kelly Servs., 2008 WL 618928, at *1 (N.D. Cal. 2008) (granting motion to strike sur-reply where "defendant did not seek leave to file the sur reply").

[2] See Supp. Dec. of Annette L. Hurst, Exh. I.

[3] Id.

active files have nothing to do with spoliation analysis.  Having thus won an order barring Mattel from reviewing active files, MGA should not be allowed to take a contrary position and argue that Mattel's expert should have reviewed active files.  Second, under Rules 37 and 26, a party may not rely on evidence it has not disclosed, as such one-sided use of evidence would be unfair and prejudicial.

Though MGA accuses Mattel of violating its "duty to fully inform the Court of all *relevant* facts and circumstances,"[4] nothing in MGA's sur-reply addresses the two grounds for Mattel's Motion.  MGA does not and cannot dispute that: (1) it did not disclose active files to Mattel and (2) its expert reviewed the contents of active files as part of its analysis.  Moreover, MGA's sur-reply itself highlights that the only part of the April protocol relevant to the simple premise of Mattel's Motion -- the provision banning access to active files -- is also included in the May version of the protocol.[5]

Instead of explaining how the May protocol is relevant to the grounds for Mattel's Motion, MGA mischaracterizes Mattel's argument, suggesting that the May protocol is relevant because it purportedly shows that "Mattel was not hoodwinked or forced to do anything, and its original suggestion to the contrary was completely false."[6]  But, as explained above, the relief Mattel seeks is not based on such a contention.  Rather, Mattel's Motion is based on the prejudice stemming from MGA's subsequent abuse of the protocol -- criticizing Mattel's expert for not reviewing the active files to which MGA refuses access.[7]

---

[4]  MGA Parties' Supplemental Opposition to Mattel, Inc.'s Motion for Preclusive Relief or, in the Alternative, Access to Active Files on the Larian Hard Drives ("Sur-reply") at 7:4-5 (emphasis added).
[5]  Sur-reply at 3:14-16 (claiming that the May protocol "condemned even more strongly the notion of any review of active files….").
[6]  Sur-reply at 5:15-16.
[7]  MGA claims that the additional weeks spent negotiating, combined with the fact that Mattel was allowed to view active files on Farhad Larian's USB drive, show that Mattel "knew how -- if it were inclined -- to negotiate a protocol (under pressure) to
    (footnote continued)

**B.  Both MGA's Current And Prior Counsel Knew Of The Protocol**

That the May protocol has no relevance to Mattel's motion is confirmed by MGA's current and prior counsel's silence about it.  The same counsel who negotiated the protocol on MGA's behalf, Skadden Arps, is still MGA's counsel and was served with Mattel's Motion.[8]  MGA's counsel has been communicating with Skadden on a variety of issues,[9] and Skadden undoubtedly has continued to communicate relevant information regarding the instant Motion to current counsel.[10]  Nevertheless, none of MGA's lawyers raised this purported issue, confirming its immateriality here.

Additionally, Mattel cited the April protocol in its underlying Motion to Compel.[11]  Instead of taking issue with Mattel's reference to the April protocol, MGA

---

include review of active files." Sur-reply at 5:11-12.  Contrary to reason, MGA thus suggests that Mattel delayed for weeks its own access to important discovery, which it was entitled to under the Court's February 27, 2008 Order, and that Mattel was responsible for the "even stronger" limitations placed on its own inspection by the May protocol.  As Mattel has explained, and as the additional weeks of negotiation demonstrate, Mattel only agreed to the active file limitation because, with trial impending, it was evident that MGA would continue to delay unless Mattel agreed to the protocol.  Indeed, jury selection began only *one week* after the May protocol was executed.  Trial Tr., dated May 20, 2008, relevant excepts of which are attached as Exhibit 1 to the Supplemental Declaration of Marshall M. Searcy III ("Supp. Searcy Dec."), dated August 28, 2009, filed concurrently herewith.

[8] Proof of Service, Supp. Searcy Dec., Exh. 2.
[9] See, e.g., Second Declaration of Annette L. Hurst Regarding Custodial Data Motions, appended to MGA Entertainment's Third Brief on Cross-Motions Regarding Production and Collection of Custodial Data, Supp. Searcy Dec., Exh. 3 at ¶¶ 2, 6.
[10] See, e.g., Florida v. Nixon, 543 U.S. 175, 178 (2004) (duty to discuss potential strategies with client); U.S. v. Quinonez-Jimenez, 2006 WL 3421729, *6 (D. Ariz. 2006) ("Counsel undoubtedly has a duty to communicate with his client.").
[11] Mattel, Inc.'s Motion to Compel Production of Hard Drives from Computers Used by Isaac Larian after February 27, 2008, for Supplemental Inspection Pursuant to Fed. R. Civ. P. 26(e), Declaration of Marshall M. Searcy III in Support of Mattel's Motion for Preclusive Relief ("Searcy Dec."), dated June 24, 2009, Exh. 16 at 4 n.10.

itself cited the April protocol in its Opposition.[12] Skadden, Glaser Weil and Mitchell Silberberg were all on the pleadings throughout this briefing and were served with Mattel's Motion to Compel,[13] the Reply in support,[14] and with Discovery Matter Order No. 34.[15] Yet none of these counsel ever raised any supposed April/May protocol distinction. Indeed, after litigating this issue for four months and filing two previous briefs on the issue, MGA has only now -- on the eve of the hearing -- raised the May protocol. As its own prior conduct thus further confirms, MGA's last-minute assertion of the May protocol is irrelevant to the relief from the unfair prejudice resulting from MGA's use of information to which Mattel did not have access.

DATED: August 28, 2009     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Marshall M. Searcy III
Marshall M. Searcy III
Attorneys for Mattel, Inc.

---

[12] MGA Parties' Opposition to Mattel, Inc.'s Motion to Compel Production of Hard Drives from Computers Used by Isaac Larian after February 27, 2008, Searcy Dec., Exh. 17 at 16:3-5 (quoting from the April 22 protocol).
[13] Proof of Service, Searcy Dec., Exh. 16 at 353.
[14] Proof of Service, Supp. Searcy Dec., Exh. 4.
[15] Notice of Electronic Filing, Searcy Dec., Exh. 12 at 191-193.