1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2   johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel. Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                          EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 13 | Plaintiff, | Consolidated with |
| 14 | vs. | Case No. CV 04-09039 Case No. CV 05-02727 |
| 15 | MATTEL, INC., a Delaware corporation, | |
| 16 | Defendant. | SUPPLEMENTAL DECLARATION OF MARSHALL M. SEARCY III IN SUPPORT OF MATTEL, INC.'S |
| 17 | AND CONSOLIDATED ACTIONS | MOTION FOR PRECLUSIVE RELIEF OR, IN THE ALTERNATIVE, |
| 18 | | ACCESS TO ACTIVE FILES ON THE LARIAN HARD DRIVES |
| 19 | | Date:   August 31, 2009 |
| 20 | | Time:   2:00 p.m. Place:  Courtroom 1 |
| 21 | | |
| 22 | | **Phase 2:** Discovery Cut-off:        Dec. 11, 2009 Pre-trial Conf.:          Mar. 1, 2010 |
| 23 | | Trial Date:                  Mar. 23, 2010 |

24

25

26

27

28

07975/3077701.1

1          I, Marshall M. Searcy, III, declare as follows:

2               1.    I am a member of the bar of the State of California and a partner

3 at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.

4 ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called

5 and sworn as a witness, I could and would testify competently thereto.

6               2.    Attached hereto as Exhibit 1 is a true and correct copy of

7 excerpts from the May 20, 2008 Trial Transcript.

8               3.    Attached hereto as Exhibit 2 is a true and correct copy of the

9 Proof of Service of Mattel, Inc.'s Notice of Motion and Motion for Preclusive

10 Relief, dated June 24, 2009.

11              4.    Attached hereto as Exhibit 3 is a true and correct copy of the

12 Second Declaration of Annette L. Hurst Regarding Custodial Data Motions, which

13 is appended to MGA Entertainment's Third Brief on Cross-Motions Regarding

14 Production and Collection of Custodial Data, dated August 10, 2009.

15              5.    Attached hereto as Exhibit 4 is a true and correct copy of the

16 Proof of Service of Mattel's Reply in Support of Motion to Compel Production of

17 Hard Drives from Computers Used by Isaac Larian after February 27, 2008, dated

18 May 7, 2009.

19

20          I declare under penalty of perjury under the laws of the United States of

21 America that the foregoing is true and correct.

22           Executed this 28th day of August 2009, at Los Angeles, California.

23

24                          /s/ Marshall M. Searcy III
                             Marshall M. Searcy III

25

26

27

28

# EXHIBIT 1

1



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

MATTEL, INC.,                    )
                          PLAINTIFF,    )
                                     )
           VS.                  )   NO. CV 04-09049
MGA ENTERTAINMENT, INC., ET. AL.,  )
                    DEFENDANTS.   )   TRIAL DAY ONE,
_____)   MORNING SESSION
AND CONSOLIDATED ACTIONS,          )
_____)

**CERTIFIED COPY**

REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

RIVERSIDE, CALIFORNIA

TUESDAY, MAY 20TH, 2008

9:02 A.M.

THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA  92501
951-274-0844
WWW.THERESALANZA.COM

EXHIBIT 1
PAGE 1

2

1

2   APPEARANCES:

3

4   ON BEHALF OF MATTEL, INC.:

5                     QUINN EMANUEL
                      BY:  JOHN QUINN
6                     BY:  JON COREY
                      BY:  MICHAEL T. ZELLER
7                     865 S. FIGUEROA STREET,
                      10TH FLOOR
8                     LOS ANGELES, CALIFORNIA  90017
                      213-624-7707
9

10

11   ON BEHALF OF MGA ENTERTAINMENT:

12                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                      BY:  THOMAS J. NOLAN
                      BY:  CARL ALAN ROTH
13                    BY:  RAOUL KENNEDY
                      300 SOUTH GRAND AVENUE
14                    LOS ANGELES, CALIFORNIA  90071-3144
                      213-687-5000
15

16

17

18

19

20

21

22

23

24
                                        EXHIBIT ___1___
25
                                        PAGE ___2___

TUESDAY, MAY 20TH, 2008              TRIAL DAY 1, MORNING SESSION

3

1                          I N D E X

2                                                    PAGE

3    MINI OPENING STATEMENTS......................    33

4    VOIR DIRE..................................       57

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                    **EXHIBIT** _____1_____
                                    **PAGE** _____3_____

TUESDAY, MAY 20TH, 2008                TRIAL DAY 1, MORNING SESSION

4

```
 1        RIVERSIDE, CALIFORNIA; TUESDAY, MAY 20TH, 2008; 9:02 A.M.

 2                            -OOO-

 3            THE CLERK:  CALLING CASE NUMBER CV 04-09049-SGL,

 4   MATTEL, INC. VERSUS MGA ENTERTAINMENT, INC., ET AL., AND

 5   RELATED ACTIONS.                                              09:01

 6            MAY WE HAVE COUNSEL PLEASE STATE YOUR APPEARANCES FOR

 7   THE RECORD.

 8            MR. QUINN:  JOHN QUINN, MIKE ZELLER, AND JON COREY

 9   FOR MATTEL.

10            MR. NOLAN:  TOM NOLAN.                                09:02

11            MS. AGUIAR:  LAUREN AGUIAR.

12            MR. KENNEDY:  RAOUL KENNEDY.

13            MR. NOLAN:  FOR THE MGA PARTIES.

14            THE COURT:  GOOD MORNING, COUNSEL.

15            WE'RE ON CALENDAR THIS MORNING, OF COURSE, TO BEGIN    09:02

16   THE JURY SELECTION IN THIS CASE.  MR. HOLMES IS PHOTOCOPYING

17   RIGHT NOW THE VOIR DIRE QUESTIONS WHICH I'M GOING TO PROVIDE TO

18   EACH MEMBER OF THE PROSPECTIVE JURY PANEL.  I'LL PROVIDE THEM

19   TO COUNSEL IN A MOMENT AS WELL.  ESSENTIALLY, WHAT I'VE DONE IS

20   TAKEN THE COURT'S GENERAL QUESTIONS AND THE VOIR DIRE PROPOSED  09:02

21   BY BOTH PARTIES.  I THINK I'VE COVERED ALL, OR AT LEAST MOST,

22   OF THE ISSUES THAT YOU HAVE ASKED, USING ONE OR MORE OF THE

23   QUESTIONS.

24            I WILL BE PROVIDING EACH SIDE WITH A 30-MINUTE

25   PERIOD, AFTER THE COURT HAS CONDUCTED THE ENTIRE VOIR DIRE, TO  09:02
```

EXHIBIT ___
PAGE ___ 4

95

1        I WAS JUST HANDED A NOTE BY MR. HOLMES.  I'LL JUST

2   READ IT:  "JUDGE, NUMBER 17, MR. STUART WEINER, NOTICED THAT

3   A," QUOTE, UNQUOTE, "SKULL CAP" -- AND IT'S HIS WORDS -- "IS

4   BEING WORN BY THE GENTLEMAN ON THE RIGHT SIDE GALLERY.  HE SAYS

5   IT SHOULD BE REMOVED IN THE COURTROOM."                              12:17

6        THAT'S A NOTE; THAT'S MR. WEINER'S OBSERVATION.  I'LL

7   LEAVE IT TO YOU TO TAKE THAT AS YOU WISH.

8        HAVE A GOOD LUNCH.  I'LL SEE YOU AT 1:00.

9        **THE CLERK:**  COURT STANDS IN RECESS.

10        (THIS CONCLUDES TRIAL DAY ONE, MORNING SESSION.)              12:17

11

12

13

14

15

16

17

18                        CERTIFICATE

19

20   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.

23

24   _Theresa Lanza_                          5-21-08

25   THERESA A. LANZA, CSR, RPR                 DATE
    FEDERAL OFFICIAL COURT REPORTER

TUESDAY, MAY 20TH, 2008          TRIAL DAY 1, MORNING SESSION

EXHIBIT ____1____
PAGE ____5____

# EXHIBIT 2

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12            Plaintiff,                  Consolidated with
                                          Case No. CV 04-09059
13        vs.                             Case No. CV 05-02727

14  MATTEL, INC., a Delaware             Hon. Stephen G. Larson
    corporation,
15                                        **PROOF OF SERVICE**
            Defendant.
16

17                                        **Phase 2**
                                          Discovery Cut-off:  December 11, 2009
18                                        Pre-trial Conference: March 1, 2010
                                          Trial Date:  March 23, 2010
19

20

21

22

23

24

25

26                               EXHIBIT ___2___
27                               PAGE ___6___
28

07975/2985351.1                              -1-        Case No. CV 04-9049 SGL (RNBx)
                                                                     PROOF OF SERVICE

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On June 24, 2009, I served true copies of the following document(s) described as  on the parties in this action as follows:

## SEE ATTACHED DOCUMENT LIST

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>  Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>  tnolan@skadden.com<br>  jrussell@skadden.com | **Attorneys for *the MGA Parties*** |
| Scheper, Kim & Overland, LLP<br>  Mark E. Overland, Esq.<br>  Alexander H. Cote, Esq.<br>601 West Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>  moverland@obsklaw.com<br>  acote@obsklaw.com | **Attorneys for *Carlos Gustavo Machado Gomez*** |
| Glaser, Weil, Fink, Jacobs, & Shapiro, LLP<br>  Patricia L. Glaser, Esq.<br>10250 Constellation Blvd 19th Floor<br>Los Angeles, CA 90067<br>  pglaser@glaserweil.com | **Attorneys for *the MGA Parties*** |
| | |

EXHIBIT   2

PAGE   7

-2-

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

| Mitchell, Silberberg, & Knupp, LLP<br>   Russell J. Frackman, Esq.<br>11377 W. Olympic Blvd.<br>Los Angeles, CA 90064<br>   rjf@msk.com | **Attorneys for *the MGA Parties*** |
|---|---|

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from debbieyeh@quinnemanuel.com on June 24, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 24, 2009, at Los Angeles, California.

Debbie Yeh

EXHIBIT ___2___
PAGE ___8___

## DOCUMENT LIST

1. **MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR PRECLUSIVE RELIEF OR, IN THE ALTERNATIVE, ACCESS TO ACTIVE FILES ON THE LARIAN HARD DRIVES; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

2. **DECLARATION OF MARSHALL M. SEARCY III IN SUPPORT OF MATTEL, INC.'S MOTION FOR PRECLUSIVE RELIEF, OR, IN THE ALTERNATIVE, ACCESS TO ACTIVE FILES ON THE LARIAN HARD DRIVES**

3. **APPLICATION TO FILE UNDER SEAL: (1) MATTEL, INC.'S MOTION FOR PRECLUSIVE RELIEF OR, IN THE ALTERNATIVE, ACCESS TO ACTIVE FILES ON THE LARIAN HARD DRIVES; AND (2) EXHIBITS 2, 4, 7, 9 AND 16-20 TO THE DECLARATION OF MARSHALL M. SEARCY III IN SUPPORT THEREOF**

4. **[PROPOSED] ORDER GRANTING APPLICATION TO FILE UNDER SEAL:(1) MATTEL, INC.'S MOTION FOR PRECLUSIVE RELIEF OR, IN THE ALTERNATIVE, ACCESS TO ACTIVE FILES ON THE LARIAN HARD DRIVES; AND (2) EXHIBITS 2, 4, 7, 9 AND 16-20 TO THE DECLARATION OF MARSHALL M. SEARCY III IN SUPPORT THEREOF**

EXHIBIT _2_
PAGE _9_

07975/2985351.1

-4-

# EXHIBIT 3

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15                        EASTERN DIVISION

16  | CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
17  | Plaintiff, | Consolidated with:<br>CV 04-9059 |
18  | v. | CV 05-2727 |
19  | MATTEL, INC., a Delaware<br>Corporation | **DISCOVERY MATTER** |
20  | | **[To Be Heard By Discovery Master<br>Robert C. O'Brien]** |
21  | Defendant. | MGA ENTERTAINMENT'S THIRD<br>BRIEF ON CROSS-MOTIONS<br>REGARDING PRODUCTION AND<br>COLLECTION OF CUSTODIAL DATA |
22  | | |
23  | | |
24  | | [Attached: Second Declaration of<br>Annette L. Hurst Regarding<br>Custodial Data Motions] |
25  | | |
26  | AND CONSOLIDATED ACTIONS | |

27

28

EXHIBIT ___3___
PAGE ___10___

MGA PARTIES THIRD BRIEF RE CUSTODIAL DATA
CV-04-0049 SGL (RNBx)

**INTRODUCTION**

The MGA Parties hereby file this single memorandum as both a reply in support of MGA's Motions to Compel Production of Previously Collected Custodial Data and for Sanctions and an opposition to Mattel's Cross-Motion to Compel Production of Custodial Data.

Mattel did not file an opposition to MGA's Motion; instead, it filed a "Statement of Position"—whatever that means. The Statement of Position made clear that Mattel admits the relevance of the requested data and that there would be no burden to produce it. Mattel's refusal to produce its collected custodial data thus rests on the sole ground discussed in its Cross-Motion: that doing so would be unfair because MGA may not be willing or able to do the same. The premise of this argument is flat wrong, and the argument on its face violates the FRCP.

The premise of the argument is wrong because as long as Mattel has access to its own custodial data and refuses to produce that data to MGA, it enjoys an unfair advantage—whether or not MGA has any custodial data to produce. This is because Mattel can use the data to prepare its witnesses for deposition while denying MGA access to the same data for its preparation. Mattel thus should be ordered to produce its previously collected custodial data immediately and sanctions should be awarded for Mattel's refusal to produce the collected custodial data. Mattel's Cross-Motion also should be denied for failure to meet and confer in good faith (namely, that Mattel never identified the basis for its demands which would have entirely obviated the necessity of any Cross-Motion), and further should be denied to the extent that it would require MGA to produce custodial data for existing productions beyond what it has already collected. Such a requirement has been waived and would in all events be unduly burdensome—which is exactly why MGA did not request that Mattel do it.

MGA's Motion should be granted and Mattel's Cross-Motion should be denied.



MGA PARTIES THIRD BRIEF RE CUSTODIAL DATA
CV-04-0049 SGL (RNBx)

## ARGUMENT

I. **MATTEL'S REFUSAL TO PRODUCE PREVIOUSLY COLLECTED CUSTODIAL DATA AND FAILURE TO MEET AND CONFER IN GOOD FAITH WERE VIOLATIONS OF THE FEDERAL RULES OF CIVIL PROCEDURE THAT SHOULD NOT BE REWARDED WITH A GRANT OF THE CROSS-MOTION.**

    A. <u>**The Entire "Fairness" Argument By Mattel Proceeds From An Improper Premise.**</u>

It is hard to discern exactly Mattel's position since it filed no document denominated as an opposition to MGA's Motion, but Mattel apparently refuses to produce its custodial data unless it can be assured that MGA will make a precisely equivalent production. *See Mattel, Inc.'s Statement of Position and Cross-Motion regarding the MGA Parties' Motion to Compel Previously Collected Custodian Information for Produced Documents and to Require Future Collection and Production of Custodial Data ("Cross-Motion") at 6-9*. Mattel argues that requiring it to do so would be "unfair" because MGA would somehow benefit disproportionately to Mattel. *Id.* at 9. This argument plainly violates the Federal Rules of Civil Procedure, which require Mattel to produce relevant data (particularly where there is no claim of undue burden) without regard to its own discovery requests. *See* Fed. R. Civ. P. 26(d)(2).

This argument, moreover, is flat wrong. Whether or not MGA ever produces one iota of custodial data, *Mattel has the benefit of using its own custodial data to prepare its witnesses to testify in deposition*. Because Mattel has the benefit of its own custodial data *and MGA does not* (apparently absent court-ordered production thereof), Mattel's refusal to produce its own custodial data enables it to maintain a clear advantage over MGA with respect to deposition preparation. Mattel can use the data to identify which files came from which witness, and MGA cannot, despite the fact that it is admittedly relevant and would impose no burden to produce it. When Mattel refuses to produce relevant, responsive non-privileged data to which its lawyers and witnesses have access, this creates a gross disparity in

MGA PARTIES THIRD BRIEF RE CUSTODIAL DATA
CV-04-0049 SGL (RNBx)

EXHIBIT ___3___
PAGE ___12___

1   Mattel's favor. The entire premise of Mattel's unfairness argument must therefore

2   be rejected. If anyone is acting unfairly, it is plainly Mattel.

3        **B.**    <u>**While MGA Was And Is Willing To Produce All Custodial Data**</u>

4            <u>**To Which It Has Access, It Should Not Be Required To Do So On This Record.**</u>

5         After MGA filed its Motion, counsel for MGA continued to meet and

6   confer by again requesting that Mattel substantiate any prior request for custodial

7   data, and offering to produce custodial data if it would do so. *See* Second

8   Declaration of Annette L. Hurst Regarding Custodial Data Motions ("Second Hurst

9   Decl.") (attached below) Ex. 1. Mattel flatly refused. *Id.* Ex. 2. Instead, the only

10   time Mattel ever identified any prior request for custodial data was in the Cross-

11   Motion.

12         Mattel's refusal to identify the basis for its requested relief in order to

13   resolve this issue is mystifying. It is hardly unreasonable for MGA to insist that it

14   does not have to develop Mattel's arguments for it, and the requirements for meet

15   and confer set forth in the stipulation for appointment of a discovery master

16   required Mattel to identify the grounds for its request. *See* December 6, 2006

17   Stipulation for Appointment of a Discovery Master Order (D.E. 107) at 4 ("The

18   moving party shall first identify each dispute, state the relief sought, and *identify the*

19   *authority* supporting the requested relief in a meet and confer letter ....") (emphasis

20   added). It appears that Mattel simply refuses to take "yes" for an answer. Instead,

21   it seems that it would rather make spurious accusations of spoliation and force the

22   expenditure of funds to oppose a motion that is in large part uncontested than to

23   actually resolve an issue without making a motion.

24         This type of conduct should not be rewarded with consideration by the

25   Discovery Master of Mattel's Cross-Motion. Instead, the Cross-Motion should be

26   denied with instructions to Mattel to meet and confer properly by conforming to the

27   requirement to identify fairly the grounds for its requested relief prior to filing a

28   motion. This issue should then easily be resolved with further meet and confer.

EXHIBIT ___3___
PAGE ___13___

- 4 -

Case 2:04-cv-09049-DOC-RNB   Document 6485-2   Filed 08/28/09   Page 19 of 30   Page ID
#:215878
Case 2:04-cv-09049-SGL-RNB     Document 6234     Filed 08/10/2009     Page 5 of 11

1    Finally, Mattel's spurious accusations of spoliation are just that. All of

2 the electronic custodial metadata that was previously collected by MGA remains

3 intact. Second Hurst Decl. ¶3. MGA maintains current electronic custodial data

4 associated with each Bates number for the vast majority of its produced documents

5 (nearly 90% of produced documents). *Id.* ¶4. Other custodial data exists in

6 production logs. *Id.* ¶5. The custodial data it does not possess pertains primarily to

7 the earliest document productions by O'Melveny & Myers in 2004 and 2005 and

8 has nothing to do with Skadden's methods of production. *Id.* ¶6.

9   **C. MGA Should Not Be Required To Produce Custodial Data That**
     **It Doesn't Have.**

10

11    If the Discovery Master considers Mattel's Cross-Motion despite its

12 refusal to meet and confer in good faith, then the Discovery Master should not

13 require MGA to produce custodial information that it does not already possess.

14 MGA has produced documents on numerous occasions over the span of the nearly

15 five years since the inception of this case in 2004. In those years, Mattel only once

16 moved to compel custodial information, on a very limited set of documents. *See*

17 Cross-Motion at 8. The fact that Mattel did not demand broader custodial data in

18 motions to compel prior to the investigation and collection of the documents

19 necessitates a waiver of its position. To bring the motion now as to previously

20 collected documents is untimely. *See, e.g., Autotech Tech. Ltd. Partnership v.*

21 *Automationdirect.com, Inc.*, 248 F.R.D. 556, 559 (N.D. Ill. 2008) ("[i]t seems a

22 little late to ask for metadata after documents responsive to a request have been

23 produced in both paper and electronic format") (citing *Ford Motor Co. v.*

24 *Edgewood Props.*, 2009 U.S. Dist. Lexis 42001, *20-21 (D.N.J. May 18, 2009)).[1]

25 

26 [1] Indeed, Mattel itself produced documents in similar format, *i.e.* without custodial
  information. Since Mattel used similar language to that of MGA and produced

27 documents in similar format to that of MGA, MGA had every reason to believe that
  such production format was acceptable and sufficient. As Mr. Zeller recently noted

28 in the recent August 6, 2009 hearing when discussing form definitions in Mattel's
  interrogatories: "lots of discovery has been propounded in this case, by both sides,


EXHIBIT  3
PAGE  14

        - 5 -        MGA PARTIES THIRD BRIEF RE CUSTODIAL DATA
                              CV-04-0049 SGL (RNBx)

1    This is precisely why MGA requested in its Motion only custodial data that Mattel

2    already possesses, and requested that it be required to collect it and produce it in

3    connection with any further productions.

4            With respect to the limited universe of documents for which MGA

5    does not presently possess custodial data, many are documents for which there is no

6    individual custodian. *See* Second Hurst Decl. ¶5.  For the remainder, it would be

7    extremely burdensome, and perhaps impossible, for MGA to determine custodial

8    data—and particularly for documents collected nearly five years ago by O'Melveny

9    & Myers.  To require MGA to expend substantial time and money to recreate

10   productions and evaluate custodial data for documents that were produced years

11   ago is unduly burdensome. *See Ford Motor*, 2009 U.S. Dist. Lexis 42001 at *21

12   ("[A]s that ship has sailed, it is without question unduly burdensome to a party

13   months after production to require that party to reconstitute their entire production

14   to appease a late objection.") (emphasis omitted).  Even if the Cross-Motion is

15   considered, the request for custodial data that does not presently exist should be

16   denied.

17   **II.    MGA SHOULD BE AWARDED SANCTIONS IN CONNECTION WITH THESE MOTIONS.**

18

19           Mattel has admitted that custodial information is relevant and

20   responsive, and it has provided no legitimate reason why it should not comply.  It

21   moved to compel custodial information that MGA offered it was ready, willing and

22   able to provide if MGA would simply substantiate any basis for doing so.  Through

23   its offensive litigation conduct, Mattel made these motions necessary when they

24   should have been entirely unnecessary.  Accordingly, Mattel should compensate

25   MGA for the time and effort it spent on these unnecessary motions by an award of

26

27   using exactly these kinds of definitions...." *See* August 6, 2009 Hearing Tr. at 53.
     Mr. Zeller justified Mattel's ambiguous definitions by arguing that all sides have

28   routinely objected to and ignored such definitions and instructions until the threat of
     motion practice necessitated a different approach. *See id.*



EXHIBIT  3
PAGE  15

- 6 -

1    sanctions in the amount of $9,675.  *See* Second Hurst Decl. ¶10.

2                                **CONCLUSION**

3              For all of the foregoing reasons, MGA's Motion to Compel and for

4    Sanctions should be granted, and Mattel's Cross-Motion should be denied.

5    Dated:      August 10, 2009                   Respectfully submitted,

6                                                   ANNETTE L. HURST
                                                    Orrick, Herrington & Sutcliffe LLP
7

8                                                   By: _____/s/ Annette L. Hurst_____
9                                                        ANNETTE L. HURST
                                                         Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          EXHIBIT __3__
27                                          PAGE __16__
28

                                        MGA PARTIES THIRD BRIEF RE CUSTODIAL DATA
                                        CV-04-0049 SGL (RNBx)

### SECOND DECLARATION OF ANNETTE L. HURST REGARDING CUSTODIAL DATA MOTIONS

I, Annette L. Hurst, declare:

1.      I am a member of the bar of the State of California, admitted to practice before this Court, and a partner with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for the MGA Parties. I make this declaration based on personal knowledge unless otherwise expressly stated, in which case, it is based on information and belief. If called and sworn as a witness, I could and would testify competently as follows.

2.      Over time, MGA's attorneys have engaged several different technology vendors and used several different platforms to collect, review, and produce documents. As part of the process of Orrick assuming the representation of the MGA Parties in this case, and working with our technical litigation support personnel and Skadden's paralegals, beginning in late June I reviewed the pertinent information regarding the contents of all of those databases in order to assess which technology platforms should be used by Orrick. In connection with that review— undertaken well before this issue arose—and in connection with Mattel's Cross-Motion, I confirmed the following facts concerning MGA's current possession of custodial data.

3.      MGA's large existing collection databases, which have been used for the collection and processing of electronic material, include certain types of electronic custodial metadata. These databases contain all of the electronic custodial data that was collected and placed in them.

4.      MGA's production document databases include approximately 350,000 documents with unique bates numbers. We currently possess custodial data for approximately 310,000 of those unique documents. Thus, MGA currently has electronic custodial data for nearly 90% of its previously produced data.

EXHIBIT ___3___
PAGE __17__

-8-

MGA PARTIES THIRD BRIEF RE CUSTODIAL DATA
CV-04-0049 SGL (RNBx)

1       5.     Additionally, in working with our technical support personnel and

2 Skadden's paralegals, I have reviewed the document production logs and have

3 determined that custodial data exists for several additional bates ranges in the

4 production database which do not presently indicate custodial data. Thus, using the

5 production logs, additional custodial data can be supplied for a number of

6 additional documents. For many other documents, it is apparent that custodial data

7 would not exist for a particular individual because the documents would be

8 maintained in the files of a department or other centralized location. Additionally,

9 many documents include deposition transcripts and other litigation material from

10 other cases, which likewise have no custodian in the sense of an author, recipient,

11 or the like. Taking all of these circumstances into account, the majority of

12 documents for which we presently possess no custodial data are from O'Melveny &

13 Myers' earliest document productions back in the 2004 and 2005 time frame.

14       6.     I am informed that Skadden's proprietary database does not use

15 exactly the same fields as the main production databases. Accordingly, when I had

16 the meeting with Mr. Proctor and Mr. Zeller on July 8, I stated that we were in the

17 process of confirming that Skadden's proprietary database did not present a

18 problem with respect to the previously collected electronic data, that we believed

19 this to be the case, and that otherwise I would not even be requesting the data of

20 Mattel. At no time did I ever suggest or believe that any custodial data previously

21 collected had been destroyed, and I have absolutely no reason to believe that to be

22 true. Mattel's suggestions otherwise are pure speculation and a deliberate attempt

23 to construe every statement as nefarious evidence for their assertions of spoliation.

24 That, coupled with Mr. Searcy's baiting assertions that "I don't even know what

25 MGA has" made dealing with them on this custodial data issue impossible.

26

27

28

EXHIBIT 3
PAGE 18

MGA PARTIES THIRD BRIEF RE CUSTODIAL DATA
CV-04-0049 SGL (RNBx)

1        7.        Despite Mattel's approach, I sent an additional letter on August 1 again

2    asking them to substantiate any prior request for custodial data, and offering to

3    produce if they would do so.  Attached hereto as Exhibit 1 is the additional letter I

4    sent.  Mr. Searcy again refused to supply the basis for Mattel's assertion,

5    responding with his August 3 letter accusing me of "threats, insults and

6    stonewalling."  Attached hereto as Exhibit 2 is Mr. Searcy's August 3 letter.

7        8.        If at any time Mattel had provided me with any citation to the formal

8    document requests previously served that they believed entitled them to the

9    previously collected custodial data, I would have responded with an agreement to

10    produce.  They did not do so, however, until they filed their Cross-Motion.  The

11    only apparent reason for this approach was to maintain a spurious claim of

12    spoliation rather than to engage in meaningful meet and confer.

13        9.        We are currently in the process of migrating several of the databases

14    maintained in this action, including the MGA production databases, to a new

15    platform.  We therefore are not in a position to commit exactly when the production

16    of previously collected custodial data can be completed.  The database migration is

17    presently underway and is expected to take several more weeks.  After

18    configuration and testing, we will then be in a position to generate and produce the

19    custodial data.

20

21

22

23

24

25

26

27

28

EXHIBIT ___3___
PAGE ___19___

MGA PARTIES THIRD BRIEF RE CUSTODIAL DATA
CV-04-0049 SGL (RNBx)

1        10.    My billing rate is $735 per hour.  I spent at least five hours on the

2  drafting of the briefs filed in connection with these cross-motions and the related

3  meet and confer process and correspondence.  The billing rate of my colleague

4  Kieran Kieckhefer is $400 per hour.  She has spent at least 15 hours on these cross-

5  motions.  The total sum of $9,675 was thus reasonably and necessarily incurred in

6  connection with the prosecution of these motions.

7        I declare under penalty of perjury under the laws of the United States that the

8  foregoing is true and correct.

9        Executed this 10th day of August, 2009, in San Francisco, California.

10

11                            */s/ Annette L. Hurst*

12                            Annette L. Hurst

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                            **EXHIBIT** *3*

27                                            **PAGE** *20*

28

MGA PARTIES THIRD BRIEF RE CUSTODIAL DATA
CV-04-0049 SGL (RNBx)

# EXHIBIT 4

1

2   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
3     John B. Quinn (Bar No. 090378)
      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
4     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
5     (joncorey@quinnemanuel.com)
6   865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
7   Telephone:    (213) 443-3000
    Facsimile:    (213) 443-3100

8   Attorneys for Mattel, Inc.

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,               Consolidated with:
                                         Case No. CV 04-09039
14        vs.                            Case No. CV 05-02727

15  MATTEL, INC., a Delaware corporation,   **PROOF OF SERVICE**

16              Defendant.

17
    AND CONSOLIDATED ACTIONS
18

19

20

21

22

23

24

25

26                                       EXHIBIT ___4___
27                                       PAGE ___21___

28

07975/2898750.1

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of

3  eighteen years and not a party to the within action; my business address is 865 South Figueroa

4  Street, 10th Floor, Los Angeles, California 90017-2543.

5      On May 7, 2009, I served true copies of the following documents described as:

6

7              ## SEE ATTACHED DOCUMENT LIST

8              on the parties in this action as follows:

9

10 Skadden, Arps, Slate, Meagher &           **Attorneys for *the MGA Parties***
   Flom LLP
11    Thomas J. Nolan, Esq.
      Jason Russell, Esq.
12 300 South Grand Avenue, Suite 3400
   Los Angeles, CA  90071
13    tnolan@skadden.com
      jrussell@skadden.com
14
   Glaser, Weil, Fink, Jacobs, & Shapiro, LLP   **Attorneys for *the MGA Parties***
15    Patricia L. Glaser, Esq.
      Amman A. Khan, Esq.
16 10250 Constellation Blvd 19th Floor
   Los Angeles, CA 90067
17    pglaser@glaserweil.com
      akahn@glaserweil.com
18
   Mitchell, Silberberg, & Knupp, LLP        **Attorneys for *the MGA Parties***
19    Russell J. Frackman, Esq.
   11377 W. Olympic Blvd.
20 Los Angeles, CA 90064
      rjf@msk.com
21
   Overland Borenstein Scheper & Kim LLP     **Attorneys for *Carlos Gustavo Machado***
22    Mark E. Overland, Esq.                    ***Gomez***
      Alexander H. Cote, Esq.
23 601 W. 5th Street, 12th Floor
   Los Angeles, CA 90017
24    moverland@obsklaw.com

25

26      [X]  **BY MAIL:**  I am "readily familiar" with the practices of Quinn Emanuel Urquhart
   Oliver & Hedges for collecting and processing correspondence for mailing with the United States
27 Postal Service.  Under that practice, it would be deposited with the United States Postal Service
   that same day in the ordinary course of business.  I enclosed the foregoing in sealed envelope(s)
28 addressed as shown above, and such envelope(s) were placed for collection and mailing with

EXHIBIT ____4____

PAGE ____22____

07975/2898750.1

PROOF OF SERVICE

Case No. CV 04-9049 SGL (RNBx)

1    postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary

2    business practices.

3

        **[X] BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission

4    from tenayarodewald@quinnemanuel.com on May 7, 2009, by transmitting a PDF format copy of

such document(s) to each such person at the e-mail address listed below their address(es).  The

5    document(s) was/were transmitted by electronic transmission and such transmission was reported

as complete and without error.

6

7

        I declare that I am employed in the office of a member of the bar of this Court at whose

8

direction the service was made.

9

Executed on May 7, 2009, at Los Angeles, California.

10

11

12                                   /s/  Tenaya Rodewald

13                                    Tenaya Rodewald

14

15

16

17

18

19

20

21

22

23

24

25

26                                    EXHIBIT ___4___

27

28                                    PAGE ___23___

### DOCUMENT LIST

1.     REPLY IN SUPPORT OF MATTEL, INC'S MOTION TO COMPEL PRODUCTION OF HARD DRIVES FROM COMPUTERS USED BY ISAAC LARIAN AFTER FEBRUARY 27, 2008, FOR SUPPLEMENTAL INSPECTION PURSUANT TO FED. R. CIV. P. 26 (E)

2.     DECLARATION OF MARSHALL M. SEARCY III IN SUPPORT OF MATTEL, INC.'S REPLY IN SUPPORT OF MATTEL, INC'S MOTION TO COMPEL PRODUCTION OF HARD DRIVES FROM COMPUTERS USED BY ISAAC LARIAN AFTER FEBRUARY 27, 2008, FOR SUPPLEMENTAL INSPECTION PURSUANT TO FED. R. CIV. P. 26 (E)

3.     DECLARATION OF CHRISTOPHER PAVAN IN SUPPORT OF MATTEL, INC.'S REPLY IN SUPPORT OF MATTEL, INC'S MOTION TO COMPEL PRODUCTION OF HARD DRIVES FROM COMPUTERS USED BY ISAAC LARIAN AFTER FEBRUARY 27, 2008, FOR SUPPLEMENTAL INSPECTION PURSUANT TO FED. R. CIV. P. 26 (E)

4.     MATTEL, INC.'S APPLICATION TO FILE UNDER SEAL: (1) MATTEL, INC.'S REPLY IN SUPPORT OF MATTEL, INC'S MOTION TO COMPEL PRODUCTION OF HARD DRIVES FROM COMPUTERS USED BY ISAAC LARIAN AFTER FEBRUARY 27, 2008, FOR SUPPLEMENTAL INSPECTION PURSUANT TO FED. R. CIV. P. 26 (E); (2) THE DECLARATION OF MARSHALL M. SEARCY III AND EXHIBITS 1, 2, 4, 6, 8 TO THE DECLARATION OF MARSHALL M. SEARCY III IN SUPPORT THEREOF; AND (3) THE DECLARATION OF CHRISTOPHER PAVAN AND EXHIBIT A THERETO

5.     [PROPOSED] ORDER RE MATTEL, INC.'S APPLICATION TO FILE UNDER SEAL: (1) MATTEL, INC'S REPLY IN SUPPORT OF MATTEL, INC'S MOTION TO COMPEL PRODUCTION OF HARD DRIVES FROM COMPUTERS USED BY ISAAC LARIAN AFTER FEBRUARY 27, 2008, FOR SUPPLEMENTAL INSPECTION PURSUANT TO FED. R. CIV. P. 26 (E); (2) THE DECLARATION OF MARSHALL M. SEARCY III AND EXHIBITS 1, 2, 4, 6, 8 TO THE DECLARATION OF MARSHALL M. SEARCY III IN SUPPORT THEREOF; AND (3) THE DECLARATION OF CHRISTOPHER PAVAN AND EXHIBIT A THERETO

EXHIBIT ___4___
PAGE ___24___

07975/2898750.1

Case No. CV 04-9049 SGL (RNBx)

PROOF OF SERVICE