QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br>Plaintiff,<br>vs.<br>MATTEL, INC., a Delaware corporation,<br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059 and<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S NOTICE OF ERRATA REGARDING THE DECLARATION OF MICHAEL MOORE IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA'S MOTIONS (1) TO COMPEL MATTEL'S ATTENDANCE AT 30(B)(6) DEPOSITIONS; (2) FOR PROTECTIVE ORDER REQUIRING ADVANCE DESIGNATION OF 30(B)(6) WITNESSES; (3) TO DE-DESIGNATE DOCUMENT UNDER PROTECTIVE ORDER RELATED TO SUBJECT MATTER OF REQUESTED 30(B)(6) TESTIMONY; AND (4) FOR SANCTIONS<br><br>**Phase 2**<br>Discovery Cut-off: Dec. 11, 2008<br>Pre-Trial Conference: March 1, 2009<br>Trial Date: March 23, 2009 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Public Redacted Version of the document captioned Declaration of Michael Moore in Support of Mattel, Inc.'s Opposition to MGA's Motions (1) to Compel Mattel's Attendance at 30(b)(6) Depositions; (2) For Protective Order Requiring Advance Designation of 30(b)(6) Witnesses; (3) To De-Designate Document Under Protective Order Related to Subject Matter of Requested 30(b)(6) Testimony; and (4) For Sanctions ("Moore Declaration"), dated August 26, 2009, was inadvertently excluded as an attachment to Mattel's e-filing of its Opposition to MGA's Motions (1) to Compel Mattel's Attendance at 30(b)(6) Depositions; (2) For Protective Order Requiring Advance Designation of 30(b)(6) Witnesses; (3) To De-Designate Document Under Protective Order Related to Subject Matter of Requested 30(b)(6) Testimony; and (4) For Sanctions.

A true and correct copy of the Public Redacted Moore Declaration is attached hereto as Exhibit A.

DATED: August 31, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Marshall Searcy
Marshall Searcy
Attorneys for Mattel, Inc.

# EXHIBIT A

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
Jon D. Corey (Bar No. 185066)
joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

**PUBLIC REDACTED VERSION**

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

DECLARATION OF MICHAEL MOORE IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA'S MOTIONS (1) TO COMPEL MATTEL'S ATTENDANCE AT 30(B)(6) DEPOSITIONS; (2) FOR PROTECTIVE ORDER REQUIRING ADVANCE DESIGNATION OF 30(B)(6) WITNESSES; (3) TO DE-DESIGNATE DOCUMENT UNDER PROTECTIVE ORDER RELATED TO SUBJECT MATTER OF REQUESTED 30(B)(6) TESTIMONY; AND (4) FOR SANCTIONS

Date: TBD
Time: TBD
Place: TBD

**Phase 2**
Discovery Cut-Off: Dec. 11, 2009
Pre-Trial Conference: Mar. 1, 2010
Trial Date: Mar. 23, 2010

**DECLARATION OF MICHAEL MOORE**

I, Michael Moore, declare as follows:

1. I have been an employee of Mattel, Inc., since December 2000. I am currently Expert Counsel in Mattel, Inc.'s Law Department. I make this declaration of personal, firsthand knowledge or based upon the books, records and other information of Mattel and, if called and sworn as a witness, I could and would testify competently thereto.

2. By making this declaration, as Mattel's legal counsel, I hereby expressly reserve all rights, duties and privileges on behalf of Mattel and my own under the applicable law of California and federal law, including, but not limited to, California Evidence Code sections 950-962, Federal Rule of Evidence 501 and California Business and Professions Code section 6068(e), which requires that I "maintain inviolate the confidence, and at every peril to [me], to preserve the secrets of [my] client."

3. I am informed that MGA is demanding that Mattel produce witnesses to testify concerning [redacted].

4. Mattel has subsidiaries and affiliates in 43 countries and sells dolls and toys in more than 150 nations throughout the world. Mattel also has relationships with more than 1,000 licensees and licensors around the world. Mattel has approximately 30,000 employees worldwide, with more than 5,000 employees in the United States.

5. [redacted]

.

6. Given no limitations as to time, geography, or subject matter, it would be impossible for me, the Mattel Law Department and others in Mattel to reconstruct . Furthermore, even after the information was obtained, non-U.S. matters may not be in English, but in the native language of the respective country in which the events took place. In addition to the time these tasks would take, there would be many costs associated with pulling the records from storage and translating them. The enormous burden that such an undertaking would impose would be magnified by the fact that many, if not most, of such communications will be among and between company attorneys and those working for them and therefore will have to be reviewed for privilege and work product. I estimate that gathering these materials and preparing one or more Mattel witnesses to testify concerning them would take at least six to eight months, cost millions of dollars, and seriously interfere with the operation of Mattel's business. I

base these estimates on my past experiences dealing with Mattel's in-house and outside counsel around the world as well as my experience in conducting investigations at Mattel.

7. MGA's request also seeks information about other areas that consist largely of privileged communications and that would be unduly burdensome and expensive to prepare a witness to testify about. For example, I personally have been heavily involved with investigations and document discovery, as well as interviews of both Mattel employees and third parties, related to matters at issue in the consolidated actions of Mattel, Inc. v. Bryant, Case No. 04-9059; Bryant v. Mattel, Inc., Case No. 04-9049; MGA Entertainment, Inc. v. Mattel, Inc., Case No. 05-2727. In connection with investigations into the facts associated with those matters, [REDACTED].

8. I am further informed that MGA is demanding that Mattel produce witnesses to testify concerning [REDACTED]

9.

10. Furthermore, according to a compilation and assessment of voluminous company records,

11. I am also informed that MGA is demanding that Mattel produce witnesses to testify concerning

collection and production of documents responsive to MGA's Request for Production of Documents Nos. 526 and 528. This topic calls for attorney-client privileged and work product communications. I communicated with Mattel's outside counsel concerning the production in response to those requests, and as an attorney for Mattel, I gave instructions to Mattel employees concerning those requests. Those communications were made for the purpose of providing legal advice related to this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 26, 2009, at El Segundo, California.

Michael Moore