MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: 1-415-773-5700
Facsimile: 1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 1-213-629-2020
Facsimile: 1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**CONFIDENTIAL – ATTORNEYS' EYES ONLY – FILE UNDER SEAL PURSUANT TO PROTECTIVE ORDER**<br><br>**PUBLIC REDACTED VERSION** | Case No. CV 04-9049-SGL (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br>[To Be Heard By Discovery Master Robert O'Brien]<br><br>**MGA'S REPLY TO OPPOSITION TO MOTIONS (1) TO COMPEL MATTEL'S ATTENDANCE AT 30(b)(6) DEPOSITIONS; (2) FOR PROTECTIVE ORDER REQUIRING ADVANCE DESIGNATION OF 30(b)(6) WITNESSES; (3) TO DE-DESIGNATE DOCUMENT UNDER PROTECTIVE ORDER RELATED TO SUBJECT MATTER OF REQUESTED 30(b)(6) TESTIMONY; AND (4) FOR SANCTIONS [DECLARATION OF JASON S. ANGELL]** |

# INTRODUCTION

MGA noticed a deposition on issues that go to the core of Mattel's trade secret claims in this case. *See* Discovery Master Order No. 6. Indeed, document requests directed to the same subject matter have already turned up evidence that ███████████████████████████████████████████████

███████████████████████████████

Mattel simply refused to show up for the deposition, or offer any dates, or file a motion for protective order. Mattel continues to take its devil-may-care approach in opposition to MGA's motion to compel, arguing that the Rules don't really say what they say (or in all events, don't mean it), MGA is not entitled to enforce them (apparently the rules don't apply to Mattel in any event), and Mattel should be excused for ignoring them. In other words, Mattel should get whatever it wants and MGA be damned. Fortunately, that is not the law, Mattel is not above it, and the Discovery Master is here to ensure compliance—as MGA respectfully submits should be done with particular vigor in this instance.

# ARGUMENT

## I. MATTEL, LIKE EVERYONE ELSE, MUST COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE.

### A. Mattel Violated The Federal Rules When It Refused To Provide A Rule 30(b)(6) Witness.

In the Motion, MGA demonstrated that it properly noticed Mattel's deposition pursuant to Rule 30(b)(6) and that Mattel failed to attend the deposition and instead served objections to the notice, but did not move for a protective order. Mot. at 5-7. MGA further showed that this practice is explicitly forbidden by Rule 37(d)(2). Mot. at 6-7; *See also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (sanctions appropriate because, among other things, party's repeated refusal to appear for deposition violated Rule 30); *E.E.O.C. v. ABM Indus. Inc.*, 2008 WL 2872407, *2 (E.D.Cal. July 24, 2008); *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007).

Mattel does not challenge MGA's explanation of Rules 30 or 37. Instead, Mattel argues only that the case law MGA cited applying these rules is "non-binding" and not "apposite" or "persuasive." Mattel claims *ABM Indus.* is "completely inapposite" because it involved individual depositions noticed under Rule 30(b)(1) rather than a deposition of a corporate party noticed under Rule 30(b)(6). This contention is frivolous, unsupported, and contrary to the express language of rule 37, which treats them as exactly the same. *See* Fed. R Civ. P. 37(d)(1)(A)(i) (sanctions appropriate if party fails to produce Rule 30(b)(6) designee); Fed. R. Civ. P. 37(d)(2) ("failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party . . . has a pending motion for a protective order.").

Mattel attempts to discount *New England Carpenters* by distinguishing the facts. Quibbling over factual differences in the nature of the two cases does not address the central holding of the case: "[t]here is no provision in the rules which provides for a party whose deposition is noticed to serve objections so as to be able to avoid providing the requested discovery until an order compelling discovery is issued" and "in the absence of an agreement, a party cannot decide on its own to ignore the notice." 242 F.R.D. at 166. That holding was made on the basis of the plain text of the Rules, and is fully applicable here. Without an agreement from MGA, Mattel's obligation was to seek a protective order. *Id.* This it did not do, and has not done since.

The two cases Mattel cites do not support its position. In *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, 2007 WL 2333356, *2 (D. Kan. Aug. 15, 2007), Sprint served a Rule 30(b)(6) notice on Vonage, and Vonage produced a witness to testify on the topics, after serving formal objections to the topics the day prior to the deposition. *Id.* After the deposition, Sprint moved to compel answers to noticed topics the witness had been instructed not to answer on the basis of objections to the noticed topics. *Id.* The court ordered a further deposition after

considering the noticed topics and the objections raised by Vonage. *Id.* at *2-*7. This is precisely the procedure MGA requested in its meet and confer communications with Mattel, and the procedure Mattel refused to follow.

In *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534-35 (D. Kan. 2008), the discovery at issue was document requests, not a properly noticed Rule 30(b)(6) deposition. *Id.* at 534. The case nowhere addresses the issues raised by MGA's motion.

Mattel appears to suggest that *Sprint* and *Aikens* support the idea that Mattel was relieved of its obligations to seek a protective order because Rule 26(c) does not specify "relevance" and "overbreadth" as possible bases for a protective order, and these are among the objections Mattel asserted. Balderdash. This argument is so misguided it is hard to know where to start in addressing it. First, if this is not a basis for a protective order, then it is certainly not a basis for refusing to show up for a deposition. Second, those objections are not even grounds upon which Mattel could instruct its witness not to answer at deposition. Third, if Mattel had bothered to move for a protective order, determining whether a deposition causes "undue burden" always requires a relevance/burden balancing analysis which implicates the "relevance" and "overbreadth" objections made by Mattel. Fourth, Mattel never could have obtained the complete quashing of the deposition notice on any grounds in seeking a protective order—which it did not even bother to try to do.

Refusing to show up and not moving for protective order is the worst possible conduct. Mattel is engaging in self-help, and it is stalling its compliance with all of MGA's discovery. It consistently refused to answer written discovery in any meaningful way, including its most recent service of responses to interrogatories on August 28 that consisted solely of objections. Moreover, by failing even to seek such a protective order Mattel implicitly admits it could never get the relief for which it instead engaged in self-help. This conduct violates the

Rules and is sanctionable.

### B. MGA Adequately Met And Conferred Regarding Its Motion To Compel Deposition.

Mattel argues that MGA failed to properly meet and confer regarding Mattel's objections to the Deposition Notice. Opp. at 17. As the foregoing makes clear, however, MGA had no obligation to meet and confer regarding such objections in order to obtain compliance with its Notice. Had Mattel ever requested a meet and confer regarding a motion for protective order, then undoubtedly the objections would have been the topic of discussion. But that never happened, as the correspondence makes clear. Mattel waited until the last minute, refused to show up at all (even in accordance with its purported objections), and refused to provide any date. Counsel for MGA made clear that it fully intended to enforce its rights under Rules 30 and 37. MGA explained to Mattel that it was Mattel's burden to seek a protective order, and that service of objections and refusing to show up for the deposition was not an available option under the Rules. Hurst Decl. Ex. E. As Mr. Zeller's email to Ms. Hurst shows, Mattel made clear its intent to disregard the Rules. Zeller Decl. Ex. 4. At no time did Mattel ever request a meet and confer regarding a proposed motion for protective order based upon its objections. Mattel simply refused to provide a witness, and refused to provide a date. Hurst Decl. Exs. C, E. What was MGA supposed to do, beg? At that point, it was obvious the meet and confer process had been exhausted, and this motion followed. MGA fulfilled its obligation under this Court's orders and the local rules, and Mattel's suggestion to the contrary is meritless.

### C. Prior Events Do Not Require Or Excuse Disregard Of The Discovery Rules.

Mattel spends the bulk of its opposition to MGA's motion to compel deposition contending its violation of the Federal Rules of Civil Procedure is excused by the parties' alleged prior practice regarding disputed depositions, and

prior orders of the Court or the Discovery Master. Mattel points to no stipulation, order of the Court or of the Discovery Master that purports to perpetually excuse compliance with Rules 30 and 37. And there is none. MGA's interpretation that a party must at least obtain an agreement to adjourn or file a motion for protective order is compelled by the Rules, makes sense, and is entirely reasonable.

The orders Mattel identifies in support of its argument that it is above the law do not say any such thing. The first, a January 25, 2005 order from Magistrate Block, does not address at all the issue of compliance with Rule 30 or Rule 37. Zeller Decl. Ex. 7. Similarly, the January 30, 2007 order by Discovery Master Infante does not address the propriety of serving objections in lieu of moving for a protective order. Zeller Decl. Ex. 8.

Mattel's statement that "Judge Larson also has specifically determined that a party should bring a motion to compel in response to objections to a deposition notice" is demonstrably wrong. Opp. at 6. Examination of the August 27, 2007 order to which Mattel cites reveals Judge Larson said nothing of the sort. Zeller Decl. Ex. 10. Rather, Judge Larson simply notes in denying a request for terminating sanctions based in part on Mattel's delay in providing Rule 30(b)(6) witnesses that MGA did not pursue a motion to compel in connection with these witnesses. *Id.* at 4. Since sanctions under Rule 37(b) require a prior court order, this was hardly surprising. Judge Larson said nothing about the proper procedure for responding to a Rule 30(b)(6) notice a party finds objectionable.

Mattel further complains that in the past, MGA forced Mattel to move to compel certain depositions. Mattel makes no specific showing of comparable circumstances, but it does not matter. If the Discovery Master is going to permit the parties to engage in self-help and pick and choose which discovery obligations they will meet, then the case will come to a complete standstill. Tit-for-tat is no means of enforcement, or defense, of the Federal Rules of Civil Procedure.

### D. Mattel's Last-Minute Procedurally Improper Attempt To Litigate Its Objections Should Be Disregarded.

Mattel includes several pages of argument purporting to explain why the noticed Rule 30(b)(6) topics are overbroad, and suggests it is MGA's burden to demonstrate the relevance of the discovery before it should be permitted. There is nothing in the Federal Rules of Civil Procedure that requires a party to obtain a certificate of relevance before propounding discovery. When counsel sign pleadings, they are attesting to the propriety thereof, and that is sufficient to trigger the obligation to respond. This argument could be applied to every form of discovery taken in the case. If a party has to obtain a certificate of relevance before serving any discovery, then pretty soon the Discovery Master will be drafting all of the discovery and taking all of the depositions in this case. This position is plainly absurd.

As explained above, Mattel's simple assertions of objections to a Rule 30(b)(6) notice, without applying for a protective order, is improper. Mattel's effort to present arguments it should have raised in an application for a protective order is also improper and should be disregarded. *New England Carpenters*, 242 F.R.D. at 166 (it "is not proper practice to refuse to comply with the notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel."). Mattel lost the opportunity to have its objections litigated when it decided to delay the deposition as much as possible by serving objections and failing to seek a protective order. Now it must produce a witness reasonably prepared to address the topics and answer the questions.

### II. MATTEL DOES NOT OPPOSE MGA'S MOTION FOR AN ORDER REQUIRING ADVANCE IDENTIFICATION OF RULE 30(B)(6) WITNESSES.

MGA explained in its opening papers that an order requiring a party to identify three days in advance the witness that will testify about topics designated

in a Rule 30(b)(6) notice would promote efficiency and avoid unfair surprise. Mot. at 7. Mattel does not appear to disagree, and offers no authorities or argument in opposition. MGA's motion should be granted (and Mattel failure to oppose further demonstrates why this Motion should never have been required in the first place).

### III. MATTEL HAS NOT SUSTAINED ITS BURDEN FOR DESIGNATION OF THE ▮▮▮▮ AS EITHER AEO OR CONFIDENTIAL.

The ▮▮▮▮ is not entitled to any level of confidentiality protection under the Stipulated Protective Order. It contains no "trade secrets or other confidential commercial information, including without limitation non-public designs and drawings" that could result in "competitive disadvantage or harm if disclosed." Mot. at 8 (quoting Stipulated Protective Order). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Mattel claims this email is properly subject to the "Attorney's Eyes Only" designation because it is information of the type referenced above. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mattel suggests that without the protections afforded by the Stipulated Protective Order, this information, "if divulged, could prevent Mattel from being able to sufficiently protect its proprietary secrets." Opp. at 18-19. This argument is ridiculous. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



At this point, counsel for MGA cannot even discuss the contents of the document with the client in order to give an evaluation and take instruction. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ If the Protective Order is applied to prohibit counsel from discussing this important evidence with the client, interfering with our ability to take instruction regarding that evidence and precluding MGA from petitioning for redress in light of the evidence, then as applied in this instance, the Protective Order has serious First Amendment problems. The ▓▓▓▓▓▓▓▓ must be de-designated to avoid such problems as well.

Finally, Mattel is not entitled to hide behind the Protective Order to prevent a fulsome investigation into its conduct. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



In any case, the inquiry regarding de-designation is not properly focused on MGA's alleged "purposes." Rather, the inquiry is into whether the

1  ███ is entitled to protection under the Stipulated Protective Order. MGA
2  has demonstrated that it is not, and Mattel has offered nothing to overcome MGA's
3  showing. All confidentiality protections should be removed from the ███

### IV. MATTEL SHOULD BE SANCTIONED.

As MGA explained in its opening papers, sanctions are required when a party fails to appear for a properly noticed deposition and has not applied for a protective order. Mot. at 9-10. Mattel offers no authority to the contrary. MGA's motion for sanctions of at least $12,880 should be granted. Angell Declaration ¶¶ 3-6.

### CONCLUSION

For the reasons above and the reasons stated in MGA's opening motion papers, MGA's motions should be granted.

Dated: August 31, 2009

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Jason S. Angell
Attorneys for MGA Parties

## DECLARATION OF JASON S. ANGELL

I, Jason S. Angell, declare as follows:

1. I am a member of the Bar of the State of California and admitted to practice before this Court, and an associate with the law firm of Orrick, Herrington & Sutcliffe LLP, lead counsel for Phase 2 to MGA Entertainment, Inc. ("MGAE"), MGA Entertainment HK, Ltd. ("MGA HK"), MGAE De Mexico, S.R.L. De C.V. ("MGAE Mexico"), and Isaac Larian (collectively, the "MGA parties"). I make this declaration in support of the MGA Parties' Reply to Opposition to Motion (1) To Compel Mattel's Attendance At 30B6 Deposition; (2) For Protective Order Requiring Advance Designation of 30B6 Witnesses; (3) To De-Designate Document Under Protective Order Related To Subject Matter Of Requested 30B6 Testimony; And (4) For Sanctions. I have personal knowledge of the facts set forth in this Declaration unless stated as to information and belief, in which case I am informed and believe it to be true. If called as a witness, I could and would testify competently to such facts under oath.

2. On August 18, 2009, I participated in the meet and confer with James Webster of Quinn Emmanuel regarding de-designation of Mattel production numbers M0925945-46. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

3. A total of three attorneys have worked on MGA's motion to

1  compel Mattel's compliance with the Rule 30(b)(6) deposition notice: myself, Ms.
2  Annette Hurst and Mr. Nitin Gambhir. ▇
3  ▇ to the motion to compel Mattel's compliance
4  with the Rule 30(b)(6) deposition notice. ▇
5  ▇
6      4.  I am informed and understand that Ms. Hurst has ▇
7  ▇ on the motion to compel Mattel's
8  compliance with the Rule 30(b)(6) deposition, ▇ for
9  Ms. Hurst's work.
10     5.  I am informed and understand that Mr. Gambhir has billed at
11 ▇ on the motion to compel Mattel's
12 compliance with the Rule 30(b)(6) deposition, ▇ for
13 Mr. Gambhir's work.
14     6.  The total cost to MGA for the attorneys' time is $12,880. These
15 amounts do not include paralegal time, administrative costs or the amounts incurred
16 in preparation for the oral argument on MGA's motions. MGA will provide a more
17 detailed accounting in advance of or at the hearing on the motion and as more
18 information becomes available.
19
20     I declare under penalty of perjury that the foregoing is true and correct
21 and that this Declaration was executed this 31st day of August, 2009, at Menlo
22 Park, California.

*/s/ Jason S. Angell*