1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |         Pursuant to the Scheduling Order, Federal Rule of Civil Procedure

3 | 26(a), Local Rule 16-2, and the direction of the Court, Mattel, Inc. ("Mattel"), MGA

4 | Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE

5 | de Mexico S.R.L. de C.V. (collectively, "MGA"), and Carter Bryant ("Bryant")

6 | (collectively, the "parties") hereby submit their Joint Phase One Witness List,

7 | identifying the witnesses that the parties intend at this time to call and may call at

8 | trial. The Joint Phase One Witness List also includes estimates of the length of time

9 | needed for direct examination of each "will call" witness and for cross-examination

10 | of each opposing "will call" witness. This list is attached as Exhibit A.

11 |         The parties also hereby submit Mattel's Phase One Witness-Exhibit List

12 | and Defendants' Phase One Witness-Exhibit List, identifying exhibits pursuant to

13 | the Court's Order of April 7, 2008. Mattel's Phase One Witness-Exhibit List is

14 | attached as Exhibit B. Defendants' Phase One Witness-Exhibit List is attached as

15 | Exhibit C.

16 | ///

17

18

19

20

21

22

23

24

25

26

27

28

07209/2503985.1

**EXHIBIT** ___5___

PAGE ___109___

JOINT PHASE ONE WITNESS LIST

1    The parties expressly reserve the right to amend and/or supplement

2  these lists at any time before trial.

3

4  DATED:  May 13, 2008          QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP
5

6                                By B. Dylan Proctor
7                                   B. Dylan Proctor
                                    Attorneys for Mattel, Inc.
8

9  DATED:  May 13, 2008          SKADDEN ARPS SLATE MEAGHER &
                                 FLOM, LLP
10

11
                                 By Robert J. Herrington
12                                  Robert J. Herrington
                                    Attorneys for MGA Entertainment, Inc.,
13                                  Isaac Larian, and MGA Entertainment
                                    (HK) Ltd.
14

15

16

17 DATED:  May 13, 2008          KEKER & VAN NEST, LLP

18

19                               By Matthew M. Werdegar
                                    Matthew M. Werdegar
20                                  Attorneys for Carter Bryant

21

22

23

24

25

26

27

28

07209/2503985.1

EXHIBIT ___

PAGE 110

JOINT PHASE ONE WITNESS LIST

# Pretrial and Trial Documents

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, PROTORD, RELATED-G

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Proctor, Brett on 5/13/2008 at 11:41 PM PDT and filed on
5/13/2008
**Case Name:**        Carter Bryant v. Mattel Inc
**Case Number:**      2:04-cv-9049
**Filer:**            Mattel Inc
**Document Number:** 3656

**Docket Text:**
Witness List filed by counter claimant Mattel Inc.. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3)
Exhibit C)(Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Juan Pablo Alban     juanpabloalban@quinnemanuel.com

Timothy L Alger      timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Matthew C Bousquette    caldwell@caldwell-leslie.com

Linda M Burrow      burrow@caldwell-leslie.com

Jon D Corey     joncorey@quinnemanuel.com

Alexander H Cote     acote@obsklaw.com, feseroma@obsklaw.com

Leah Chava Gershon     leah@spertuslaw.com

Scott E Gizer     sgizer@chrisglase.com

Melissa Grant     melissagrant@quinnemanuel.com

Emil W Herich     cherich@kmwlaw.com

Diane C Hutnyan     dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

Stan Karas     stankaras@quinnemanuel.com, gayleduran@quinnemanuel.com,

EXHIBIT  5
PAGE  111

westonreid@quinnemanuel.com

John W Keker    jkeker@kvn.com, DRoberts@kvn.com, efiling@kvn.com

Michael P Kelly    mikelly@skadden.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

James E Lyons    jlyons@skadden.com

Larry W McFarland    lmcfarland@kmwlaw.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Randa A F Osman    randaosman@quinnemanuel.com

Mark E Overland    moverland@obsklaw.com, jhibino@obsklaw.com

Michael H Page    mhp@kvn.com, efiling@kvn.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

Rebekah L Punak    rpunak@kvn.com, lhartzlewis@kvn.com

John B Quinn    johnquinn@quinnemanuel.com

Jason D Russell    jrussell@skadden.com, allison.velkes@skadden.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

Sandra L Tholen    tholen@caldwell-leslie.com

John Elliot Trinidad    jtrinidad@kvn.com, cparker@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

EXHIBIT        5
PAGE ____ 112

Lauren E Aguiar
Skadden Arps Slate Meagher & Flom
1440 New York Ave
Washington, DC 20005-2111

Marina Vladimir Bogorad
Skadden Arps Slate Meagher & Flom
300 S Grand Ave, Ste 3400
Los Angeles, CA 90071-3144

David W Foster
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

Nathan Meyer
Kaye Scholer
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067

Cheryl Plambeck
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

Amy R Sabrin
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\stephenhauss\Desktop\Joint Witness List\joint list.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=5/13/2008] [FileNumber=5849683-0]
[6f5eb60705bc54011f161e388ed1026595229bc863aeab543f60b438f353a3da4eb8
906f3ffcf6f783265ce040f163a465a7d506557c772d1a3caddc220eead2]]
**Document description:**Exhibit A
**Original filename:**C:\Documents and Settings\stephenhauss\Desktop\Joint Witness List\Exhibit A.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=5/13/2008] [FileNumber=5849683-1]
[778dcd2eac538445757e390530853fc4ec8600e0075e20387d4e5265275f4a50485b
3a39f8696a911ecc91709b6468839646b7069a934b51febcebdc84e7ad48]]
**Document description:**Exhibit B
**Original filename:**C:\Documents and Settings\stephenhauss\Desktop\Joint Witness List\Exhibit B.pdf

EXHIBIT     5
PAGE    113

**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=5/13/2008] [FileNumber=5849683-2]
[55b1f9f469d3b52d8e033525fd5d970c54a8e68180b9296d0d1cf7d802c9320f5a09
927173da75a430c64633eea4b9a24bd716978b641657f79798dd2d256b63]]
**Document description:**Exhibit C
**Original filename:**C:\Documents and Settings\stephenhauss\Desktop\Joint Witness List\Exhibit C.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=5/13/2008] [FileNumber=5849683-3]
[b16625a424775ab265c966bd29f98277860307c44b30f8efc7367404909b409f6dbb
6425ec0ad332183bddf38345c53ca52966c10c7a198eb2c594faf7ea4c91]]

EXHIBIT

PAGE 114

5/13/2008

# EXHIBIT A

EXHIBIT 5
PAGE 115

Joint Trial Witness Estimate Form

Case:  CV 04-09049 SGL (RNBx)                                    Trial Date: May 27, 2008

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Aginsky, Valery | Mattel  0.5 | MGA/Bryant: 0.5 | Chronology of Bryant's work on Bratz and efforts to conceal same. | |
| Alex, John | Mattel  0.5 | MGA/Bryant: 0.25 | Defendants' efforts to conceal Bratz ownership and development. | |
| Arant, Lucy | Mattel | | The development and ownership of intellectual property at issue; chronology of Bratz and efforts to conceal same. | Mattel May Call |
| Armstrong, Bryan | Mattel  0.75 | MGA/Bryant: 0.25 | Licensing and development and ownership of intellectual property at issue. | |
| Artavia, Arnold | Mattel  0.25 | MGA/Bryant: 0.25 | Mattel's time reporting system and Bryant's time reporting. | |
| Ashong, Nana | Mattel  0.75 | MGA/Bryant: 0.5 | Chronology of conception,  development and marketing of Bratz, and ownership of intellectual property at issue. | |
| Bacon, Schuyler | Mattel | | MGA's theft of Mattel trade secrets; MGA intent. | Mattel May Call |
| Bartels, Helene | Mattel | | Marketing and sales of MGA products in 2000 and 2001, and MGA business practices. | Mattel May Call |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5
PAGE 116

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Bergstein, Mary | Bryant/MGA: 0.5 | Mattel: 0.25 | This expert witness will provide testimony regarding Carter Bryant's sketches, prior art relating to Carter Bryant's sketches and dolls, defendants' noninfringement of Mattel's purported copyrights, the reasons for the success of Bratz products, as well as other issues addressed in her expert report at deposition. | |
| Best, Robert | Mattel | | Mattel's practices. | Mattel May Call |
| Bilotto, Sandra | Mattel | | Development of Bratz and Bryant's work with or for MGA during his Mattel employment, and Bryant's breach of obligations to Mattel | Mattel May Call |
| Bousquette, Matt | Bryant/MGA: 1.0 | Mattel: 0.75 | This witness will provide testimony regarding Mattel's employee confidentiality and inventions agreements, Mattel's PR and advertising practices, Mattel's HR practices, Mattel's sales, expenses, and profits, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5
PAGE 117

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Brawer, Ronald | Bryant/MGA: 0.25 | Mattel: 0.5 | This witness will provide testimony regarding Mattel's employee confidentiality and inventions agreements, Mattel's HR practices, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Brawer, Ronald | Mattel | | Mattel: MGA's theft of Mattel's intellectual property, and MGA business practices. | Mattel May Call |
| Brisbois, Janine | Mattel | | MGA's theft of Mattel's intellectual property, and MGA business practices. | Mattel May Call |
| Brode, Kerri | Mattel 0.75 | MGA/Bryant: 0.25 | Chronology of development and marketing of Bratz and MGA business practices. | |
| Brooks, Charnayne | Mattel | | Chronology of development and marketing of Bratz and MGA's business practices. | Mattel May Call |
| Bryant, Carter | Bryant/MGA: 2.0 | | This witness will provide testimony regarding his artwork and sketches, his relationship with Mattel, his agreements with Mattel, his relationship with MGA, his work on fashions for MGA's Bratz products, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Bryant, Carter | Mattel 5.0 | MGA/Bryant: 1.5 | Mattel: Carter Bryant's work on Bratz and other projects while employed by Mattel, Bryant's breach of obligations to Mattel and efforts to conceal same. | |

EXHIBIT 5
PAGE 118

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Bryant, Janet | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will provide testimony regarding Carter Bryant's artwork and sketches, Carter Bryant's relationship with Mattel, Carter Bryant's relationship with MGA, as well as other issues relating to Phase I of this case. | |
| Bryant, Janet | Mattel | | Mattel: Chronology of Bryant's work on Bratz; Bryant's breaches of his obligations to Mattel. | Mattel May Call |
| Bryant, Thomas | Bryant/MGA | | This witness may provide testimony regarding Carter Bryant's artwork and sketches, Carter Bryant's relationship with Mattel, Carter Bryant's relationship with MGA, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| Bryant, Thomas | Mattel | | Mattel: Chronology of Bryant's work on Bratz; Bryant's breaches of his obligations to Mattel. | Mattel May Call |
| Cabrera, Ana Isabel | Mattel 0.5 | MGA/Bryant: 0.25 | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment, and MGA's inducement thereof, MGA's intent, Bryant's breach of obligations to Mattel, and MGA's theft of Mattel's intellectual property. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5 PAGE 119

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Choi, Sarah | Mattel | | Design and development of Bratz, Bryant's work with or for MGA during his Mattel employment,  Bryant's breach of obligations to Mattel, and MGA's theft of Mattel's intellectual property. | Mattel May Call |
| Chui, Mei Wah (Sarah) | Mattel | | Design and development of Bratz, Bryant's work with or for MGA during his Mattel employment,  Bryant's breach of obligations to Mattel, and MGA's theft of Mattel's intellectual property. | Mattel May Call |
| Cloonan, Elise | Bryant/MGA: 0.5 | | This witness will provide testimony regarding Mattel's confidentiality and employee inventions agreement, her relationship with Carter Bryant and knowledge of his work, Mattel's delay in filing this lawsuit, as well as other issues relating to Phase I of this case. | |
| Cloonan, Elise | Mattel: 0.75 | MGA/Bryant: 0.25 | Mattel: Chronology of Bryant's work Bratz while employed by Mattel and Bryant's breach of obligations to Mattel. | |
| Conkle, William | Mattel | | Chronology of origins and development of Bratz and MGA's efforts to conceal same. | Mattel May Call |
| Contreras, Nick Armando | Mattel | | MGA's access to Mattel's intellectual property and trade secrets and MGA business practices. | Mattel May Call |
| Cooney, Daniel | Mattel | | MGA's access to Mattel's intellectual property and trade secrets and MGA business practices. | Mattel May Call |

EXHIBIT 95
PAGE 120

JOINT WITNESS LIST (FV) (2).XLS

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Cunningham, Lloyd | Mattel  0.75 | MGA/Bryant: 0.5 | Chronology of Bryant's work on Bratz and efforts to conceal same. | |
| De Anda, Richard | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's delay in filing this lawsuit, Mattel's improper investigation of Mr. Larian and his family, Mattel's investigation of MGA and Carter Bryant, Mattel's improper interrogation and intimidation of witnesses, as well as other issues relating to Phase I of this case. | |
| De Anda, Richard | Mattel | | Mattel: Bryant's breach of obligations to Mattel. | Mattel May Call |
| Dees, David | Mattel | | Development of Bratz. | Mattel May Call |
| Driskill, Ann | Mattel | | Mattel: Bryant's breach of obligations to Mattel. | Mattel May Call |
| Driskill, Anne | Bryant/MGA: 0.25 | Mattel:  0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Carter Bryant's relationship with Mattel, Mattel's delay in filing this lawsuit, as well as other issues relating to Phase I of this case. | |
| Duffy, Jan | Bryant/MGA: 0.25 | Mattel:  0.25 | This expert witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices as compared to industry standard HR practices, as well as the topics addressed in her expert report and deposition. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 25
PAGE 121

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Dutcher, Ernest | Mattel | | Chronology of origins and development of Bratz and MGA's efforts to conceal same. | Mattel May Call |
| Eckert, Robert | Bryant/MGA: 0.5 | | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's advertising and PR practices, Mattel's sales, expenses, and profits, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Eckert, Robert | Mattel 0.5 | MGA/Bryant: 0.5 | Mattel: Mattel's business operations and the development and ownership of intellectual property at issue. | |
| Farr, Kevin | Bryant/MGA: 0.75 | Mattel: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's sales, expenses, and profits, the absence of damage to Mattel, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Feinburg, Wendy | Mattel | | Chronology of Bryant's work on Bratz and other projects for a competitor while employed by Mattel. | Mattel May Call |
| Feldman, Traci | Mattel | | MGA's access to Mattel's intellectual property and trade secrets and MGA business practices. | Mattel May Call |
| Flynn, William | Mattel 0.5 | MGA/Bryant: 0.5 | Chronology of Bryant's work on Bratz and efforts to conceal same. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 05
PAGE 122

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Fonseca, Heather | Bryant/MGA | | This witness may testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Carter Bryant's relationship with Mattel, Mattel's delay in filing this lawsuit, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| Fontanella, Adrienne | Bryant/MGA: 0.25 | Mattel: 0.5 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's advertising and PR practices, Mattel's sales, expenses, and profits, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Fontenella, Adrienne | Mattel | | Mattel: Bryant's breach of obligations to Mattel, Mattel's business operations and the development and ownership of intellectual property at issue. | Mattel May Call |
| Franke, Joe | Mattel | | Design and development of Bratz, Bryant's work with or for MGA during his Mattel employment,  Bryant's breach of obligations to Mattel and Mattel's business practices. | Mattel May Call |
| Freed, Lisa | Mattel  0.5 | MGA/Bryant: 0.25 | Mattel: Bryant's breach of obligations to Mattel. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5
PAGE 123

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Freed, Lissa | Bryant/MGA | | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| Friedman, Neil | Mattel | | Mattel's business operations and the development and ownership of intellectual property at issue. | Mattel May Call |
| Funck, Gary | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will testify regarding Carter Bryant's computers, as well as other issues relating to Phase I of this case. | |
| Galvano, Jeanne | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will provide testimony regarding Carter Bryant's artwork and sketches, as well as other issues relating to Phase I of this case. | |
| Galvano, Jeanne | Mattel | | Mattel: Chronology of Bryant's work on Bratz. | Mattel May Call |
| Garcia, Paula Dianthe Treantafelles | Mattel 2.0 | MGA/Bryant: 1.5 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Carter Bryant's relationship with MGA, MGA's business, MGA's development of Bratz products, defendants' noninfringement of Mattel's purported copyrights, MGA's sales, expenses, and profits, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5
PAGE 124

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Garcia, Paula Dianthe Treantafelles | Bryant/MGA: 3.0 | | Mattel: Chronology of Bryant's work on Bratz and other projects for MGA while employed by Mattel. | |
| Gilbert, Brooke | Mattel | | Design and development of Bratz, Bryant's work with or for MGA during his Mattel employment, Bryant's destruction of evidence and Bryant's breach of obligations to Mattel. | Mattel May Call |
| Gillmore-Bryant, Kami | Mattel | | Design and development of Bratz, Bryant's work with MGA during his Mattel employment, Bryant's breach of obligations to Mattel, MGA's access to Mattel's intellectual property and trade secrets and MGA's business practices. | Mattel May Call |
| Glaser, Patricia | Mattel | | Design and development of Bratz, Bryant's work with or for MGA during his Mattel employment, Bryant's breach of obligations to Mattel and MGA's inducement therof, and MGA's theft of Mattel's intellectual property. | Mattel May Call |
| Goldgberg, Alan N. | Mattel | | Chronology of origins and development of Bratz and MGA's efforts to conceal same. | Mattel May Call |
| Gomez, Angel | Mattel 0.5 | MGA/Bryant: 0.5 | Bryant's breach of obligations to Mattel. | |
| Gomez, Jean | Mattel | | Development and ownership of intellectual property at issue. | Mattel May Call |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5
PAGE 125

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Gronich, Daphne | Mattel | | Design and development of Bratz, Bryant's work with or for MGA during his Mattel employment, Bryant's breach of obligations to Mattel and MGA's inducement thereof, MGA's theft of Mattel's intellectual property, and MGA business practices. | Mattel May Call |
| Gruca, Thomas | Bryant/MGA: 0.75 | Mattel: 0.5 | This expert witness will testify regarding the results of his survey, survey procedures, the reasons for the success of Bratz products, as well as other issues addressed in his expert report and deposition. | |
| Halpern, Sarah | Mattel | | Chronology of Bryant's work on Bratz and other projects for MGA while employed by Mattel. | Mattel May Call |
| Hammons, Kitty | Mattel | | Bryant's breach of obligations to Mattel and his efforts to conceal same. | Mattel May Call |
| Harris, Rachel | Mattel  0.75 | Bryant/MGA:  0.5 | Design and development of Bratz, Bryant's work with or for MGA during his Mattel employment, MGA's concealment thereof and MGA business practices. | |
| Harris, Rachel | Bryant/MGA: 0.25 | | This witness will testify regarding Carter Bryant's relationship with MGA, MGA's business, MGA's development of Bratz products, defendants' noninfringement of Mattel's purported copyrights, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5
PAGE 126

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Harris, Rebecca | Mattel | | Development and ownership of intellectual property at issue and MGA's business practices. | Mattel May Call |
| Hatch-Leahy, Margaret | Mattel 1.0 | MGA/Bryant: 0.75 | Mattel: Chronology of Bryant's work on Bratz for MGA while employed by Mattel, MGA's concealment thereof, Bryant's breach of obligations to Mattel and MGA business practices. | |
| Hatch-Leahy, Margaret | Bryant/MGA: 1.0 | Mattel: 0.5 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Carter Bryant's relationship with MGA, MGA's development of Bratz products, her creation of original sculpts for certain Bratz products, defendants' noninfringement of Mattel's purported copyrights, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Hebden, Michael | Mattel | | Mattel's practices, and MGA's theft of Mattel's intellectual property. | Mattel May Call |
| Hitch, Martin | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will testify regarding MGA's business, MGA's development of Bratz products, Mattel's delay in filing this lawsuit, defendants' noninfringement of Mattel's purported copyrights, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5
PAGE 127

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Hitch, Martin | Mattel | | Mattel: Design and development of Bratz, Bryant's work for MGA during his Mattel employment, and MGA business practices. | Mattel May Call |
| Hoffman-Briggs, Hoi | Bryant/MGA | | This witness may testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Carter Bryant's relationship with Mattel, Mattel's delay in filing this lawsuit, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| Hoffman-Briggs, Hoi | Mattel | | Mattel: Bryant's breach of obligations to Mattel. | Mattel May Call |
| Hollander, Kenneth | Mattel  0.5 | MGA/Bryant: 0.5 | Similarities between Bryant's Bratz drawings and Bratz dolls. | |
| Hooks, Brian | Bryant/MGA: 0.25 | Mattel:  0.25 | This witness will provide testimony regarding Mattel's PR and advertising practices, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Howarth, Don | Mattel | | Chronology of origins and development of Bratz and MGA's efforts to conceal same. | Mattel May Call |
| Hudnut, Robert | Mattel | | Mattel's intellectual property and practices. | Mattel May Call |
| Irmen, Richard | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will provide testimony regarding Mattel's employee confidentiality and inventions agreements; Mattel's HR practices, Carter Bryant's relationship with Mattel, Carter Bryant's relationship with MGA, Carter Bryant's sketches, as well as other issues relating to Phase I of this case. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 05
PAGE 128

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Irmen, Richard | Mattel | | Mattel: Chronology of Bryant's work on Bratz. | Mattel May Call |
| Jacoby, Keith | Mattel | | Bryant's destruction of evidence and handling of Bryant's computer hard drives. | Mattel May Call |
| Jensen, Julia | Bryant/MGA: 0.25 | Mattel: 0.25 | This witness will provide testimony regarding Mattel's employee confidentiality and inventions agreements, Mattel's PR and advertising practices, Mattel's HR practices, Mattel's sales, expenses, and profits, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Jensen, Julia | Mattel | | Mattel: Mattel's intellectual property and Mattel's dealings with the news media. | Mattel May Call |
| Jiminez, Katiana | Bryant/MGA | | This witness may testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Carter Bryant's relationship with Mattel, Mattel's delay in filing this lawsuit, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| Joachimsthaler, Erich | Bryant/MGA: 1.5 | Mattel: 1.0 | This expert witness will provide testimony regarding branding and marketing, the reasons for the success of the Bratz product, as well as other issues addressed in his report and deposition. | |

EXHIBIT 25
PAGE 129

Page 14

JOINT WITNESS LIST (FV) (2).XLS

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Kamarck, Mitchell | Mattel | | The development and ownership of intellectual property at issue, Bryant's breach of obligations to Mattel and MGA's inducement thereof. | Mattel May Call |
| Kawashima, Fred | Bryant/MGA: 0.25 | Mattel: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's destruction and spoliation of evidence, and other issues relating to Phase I of this case. | |
| Kawashima, Fred | Mattel | | Mattel: Mattel's document retention policies. | Mattel May Call |
| Kaye, Alan | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's investigation of MGA and Carter Bryant, Mattel's sales, expenses, and profits, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Kaye, Alan | Mattel | | Mattel: Bryant's breach of obligations to Mattel. | Mattel May Call |
| Keiser, Frank | Mattel  0.5 | MGA/Bryant: 0.25 | Design of Bratz. | |
| Kellner, Richard | Mattel | | Chronology of origins and development of Bratz and MGA's efforts to conceal same. | Mattel May Call |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 25
PAGE 130

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Khare, Samir | Mattel 1.0 | MGA/Bryant: 1.0 | Chronology of Bryant's work on Bratz and other projects for MGA while employed by Mattel, Bryant's breach of obligations to Mattel, the development and ownership of intellectual property at issue, and MGA business practices. | |
| Kidder, Douglas | Bryant/MGA: 0.75 | Mattel: 0.25 | This expert witness will provide testimony regarding the absence of damage to Mattel, the reasons for the success of Bratz products, as well as other issues addressed in his expert report. | |
| Kilpin, Tim | Bryant/MGA: 0.75 | Mattel: 0.5 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's advertising and PR practices, Mattel's investigation of MGA and Carter Bryant, Mattel's sales, expenses, and profits, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Koch, Andreas | Mattel 0.75 | MGA/Bryant: 0.25 | Design and development of Bratz, Bryant's work with or for MGA during his Mattel employment, and MGA practices. | |
| Kremer, Mark | Mattel | | Chronology of origins and development of Bratz and MGA's efforts to conceal same. | Mattel May Call |
| Kuemmerle, Susana | Mattel | | MGA's theft of Mattel's intellectual property, and MGA business practices. | Mattel May Call |

EXHIBIT 5
PAGE 131

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Kullman, Robert | Bryant/MGA: 0.5 | Mattel: 0.25 | This expert witness will provide testimony regarding his testing of Carter Bryant sketches and the Prince notary book, as well as other issues addressed in his expert report and deposition. | |
| Kwok, Cecelia | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. MGA business practices. | Mattel May Call |
| Kyaw, Sheila | Bryant/MGA: 0.25 | | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Carter Bryant's relationship with Mattel, Mattel's delay in filing this lawsuit, defendants' noninfringement of Mattel's purported copyrights, face-painting of 3-dimensional dolls, as well as other issues relating to Phase I of this case. | |
| Kyaw, Sheila | Mattel 0.5 | MGA/Bryant: 0.25 | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. | |
| Larian, Farhad | Mattel 0.75 | MGA/Bryant: 0.25 | Chronology of origins and development of Bratz and MGA's efforts to conceal same. | |

EXHIBIT 5

PAGE 132

JOINT WITNESS LIST (FV) (2).XLS

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Larian, Isaac | Bryant/MGA: 1.5 | | This witness will testify regarding Carter Bryant's relationship with MGA, MGA's business, MGA's development of Bratz products, defendants' noninfringement of Mattel's purported copyrights, MGA's sales, expenses, and profits, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Larian, Isaac | Mattel 3.0 | MGA/Bryant: 1.5 | Mattel: Bryant's work on Bratz and other projects for MGA while employed by Mattel, Bryant's breach of obligations to Mattel and MGA's efforts to conceal same. | |
| Lee, Edmond | Mattel 1.0 | MGA/Bryant: 0.5 | Chronology of origins and development of Bratz and MGA's efforts to conceal same, design and development of Bratz, Bryant's work with or for MGA during his Mattel employment, Bryant's breach of obligations to Mattel and MGA's inducement thereof, MGA's theft of Mattel's intellectual property, and MGA Hong Kong's business practices. | |
| Lee, Steven | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. MGA business practices. | Mattel May Call |
| Lee, Victor | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. MGA business practices. | Mattel May Call |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5
PAGE 133

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Lind, Robert C. | Mattel 0.5 | MGA/Bryant: 0.5 | The development and ownership of intellectual property at issue. | |
| Linker, Steven | Mattel 0.75 | MGA/Bryant: 0.25 | Development of intellectual property at issue, design and development of Bratz and Bryant's work with MGA during his Mattel employment.. | |
| Lo, Yim Chong | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. Bryant's breach of obligations to Mattel. MGA's theft of Mattel's intellectual property. | Mattel May Call |
| Lockhart, Kenneth | Mattel | | MGA's practices. | Mattel May Call |
| Loetz, Lee | Mattel 1.0 | MGA/Bryant: 1.0 | Bratz design and development; comparisons of Bryant's drawings and Bratz dolls. | |
| Longsdorf, Ron | Mattel | | Mattel's practices. | Mattel May Call |
| Lyter, Albert | Bryant/MGA: 1.25 | Mattel: 0.75 | This expert witness will provide testimony regarding his testing of Carter Bryant sketches and the Prince notary book, as well as other issues addressed in his expert report and deposition. | |
| Machado, Carlos Gustavo | Mattel | | MGA's theft of Mattel's intellectual property. MGA business practices. | Mattel May Call |
| Makabi, Eli | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. Bryant's breach of obligations to Mattel, MGA's inducement thereof and MGA's practices. | Mattel May Call |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT ___ 5 ___
PAGE ___ 134 ___

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Malacrida, David | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment, and MGA's practices. | Mattel May Call |
| Marine, Julia | Bryant/MGA: 0.25 | Mattel: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's destruction and spoliation of evidence, and other issues relating to Phase I of this case. | |
| Marine, Julia | Mattel | | Mattel: Mattel's servers. | Mattel May Call |
| Marlow, Maria Veronica de Souza | Mattel 1.25 | MGA/Bryant: 0.75 | Mattel: Chronology of Bryant's work Bratz and other projects for MGA while employed by Mattel, Bryant's breach of obligations to Mattel and efforts to conceal same; MGA's intent; and MGA's practices. | |
| Marlow, Maria Veronica de Souza | Bryant/MGA: 1.0 | | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Carter Bryant's relationship with MGA, MGA's development of Bratz products, her creation of original fashions for certain Bratz products, defendants' noninfringement of Mattel's purported copyrights, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |

EXHIBIT 5
PAGE 135

JOINT WITNESS LIST (FV) (2).XLS

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Marlow, Peter | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. MGA's access to Mattel's intellectual property. MGA practices. | Mattel May Call |
| Martinez, Liliana | Mattel 1.0 | MGA/Bryant: 0.25 | Mattel: Development and ownership of intellectual property at issue, and Bryant's breach of obligations to Mattel. | |
| Martinez, Liliana | Bryant/MGA | | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's advertising and PR practices, Mattel's investigation of MGA and Carter Bryant, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| Maurus, Jennifer | Mattel 0.5 | MGA/Bryant: 0.25 | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. Bryant's breach of obligations to Mattel, and MGA's inducement thereof. | |
| McBride, Susan G. | Mattel | | MGA's access to Mattel's intellectual property and trade secrets. MGA business practices. | Mattel May Call |



EXHIBIT 5
PAGE 136

JOINT WITNESS LIST (FV) (2).XLS

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| McComb, Heather | Bryant/MGA: 0.25 | | This witness will provide testimony regarding Carter Bryant's sketches, prior art relating to Carter Bryant's sketches and dolls, defendants' noninfringement of Mattel's purported copyrights, the reasons for the success of Bratz products, as well as other issues addressed in her expert report and at deposition. | |
| McComb, Heather | Mattel 0.75 | MGA/Bryant: 0.25 | Bryant's drawings and the development of Bratz. | |
| McFarland, Larry | Mattel | | Chronology of Bryant's work on Bratz and efforts to conceal same. | Mattel May Call |
| McRae, Ginger | Mattel 0.5 | MGA/Bryant: 0.25 | Mattel's employment practices. | |
| McShane, Michele | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's delay in filing this lawsuit, Mattel's improper investigation of Mr. Larian and his family, Mattel's investigation of MGA and Carter Bryant, as well as other issues relating to Phase I of this case. | |
| Medici, Dennis | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment.  Bryant's breach of obligations to Mattel.  MGA's theft of Mattel's intellectual property.  MGA practices. | Mattel May Call |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5
PAGE 137

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Menell, Peter | Bryant/MGA: 1.0 | Mattel: 0.75 | This expert witness will provide testimony regarding the Mattel's employee confidentiality and inventions agreement, prior art relating to Carter Bryant's sketches and dolls, defendants' noninfringement of Mattel's purported copyrights, as well as other issues addressed in his expert report and deposition. | |
| Menz, Mark | Mattel 0.75 | MGA/Bryant: 0.5 | Bryant's hard drives and use of Evidence Eliminator. | |
| Meyer, Carl | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. | Mattel May Call |
| Meyer, Paul | Bryant/MGA: 2.0 | Mattel: 1.0 | This expert witness will provide testimony regarding MGA's sales, expenses, and profits, MGA's business, the absence of damage to Mattel, the reasons for the success of Bratz products, as well as other issues addressed in his expert report and deposition. | |
| Middleton, Debbie | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will provide testimony regarding Carter Bryant's sketches, prior art relating to Carter Bryant's sketches and dolls, defendants' noninfringement of Mattel's purported copyrights, the reasons for the success of Bratz products, as well as other issues addressed in her expert report and at deposition. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5
PAGE 138

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Middleton, Debora | Mattel | | The development and ownership of intellectual property at issue. | Mattel May Call |
| Mirkazemi, Mina | Bryant/MGA | | This witness may testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Carter Bryant's relationship with Mattel, Mattel's delay in filing this lawsuit, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| Mirzoeff, Nicholas | Bryant/MGA: 0.25 | | This witness will provide testimony regarding Carter Bryant's sketches, prior art relating to Carter Bryant's sketches and dolls, defendants' noninfringement of Mattel's purported copyrights, the reasons for the success of Bratz products, as well as other issues addressed in his expert report and at deposition. | |
| Mirzoeff, Nicholas | Mattel 0.5 | MGA/Bryant: 0.25 | Bryant's drawings. | |
| Monteagudo, Carmen | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. Bryant's breach of obligations to Mattel. | Mattel May Call |

EXHIBIT 50
PAGE 139

JOINT WITNESS LIST (FV) (2).XLS

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Moore, Michael | Bryant/MGA | | This witness may testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's delay in filing this lawsuit, Mattel's improper investigation of Mr. Larian and his family, Mattel's investigation of MGA and Carter Bryant, Mattel's improper interrogation and intimidation of witnesses, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| Moore, Michael | Mattel | | Mattel's learning of facts giving rise to claims against Bryant. | Mattel May Call |
| Morales, Beatriz | Mattel 0.5 | MGA/Bryant: 0.25 | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment.  Bryant's breach of obligations to Mattel, and MGA's inducement thereof.  MGA's theft of Mattel's intellectual property; MGA's intent and concealment. | |
| Myers, Amy | Bryant/MGA | | This witness may testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| Myers, Amy | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. | Mattel May Call |

EXHIBIT 50
PAGE 140

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Newcomb, Teresa | Bryant/MGA: 0.25 | Mattel:  0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, as well as other issues relating to Phase I of this case. | |
| Newcomb, Theresa | Mattel | | The development and ownership of intellectual property at issue. | Mattel May Call |
| Ng, Joyce | Bryant/MGA: 0.25 | Mattel:  0.25 | This witness will testify regarding the development of Bratz products, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Ng, Joyce | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. | Mattel May Call |
| Nordquist, Jill | Mattel  0.5 | MGA/Bryant: 0.25 | Bryant's breach of obligations to Mattel. MGA's access to Mattel's intellectual property and trade secrets. | |
| Nordquist, Jill | Bryant/MGA: 0.25 | | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's investigation of MGA and Carter Bryant, Mattel's sales, expenses, and profits, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 50
PAGE 141

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Normille, Robert | Bryant/MGA | | This witness may testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's delay in filing this lawsuit, Mattel's improper investigation of Mr. Larian and his family, Mattel's investigation of MGA and Carter Bryant, Mattel's improper interrogation and intimidation of witnesses, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| O'Connor, Charles | Mattel | | Design and development of Bratz. The development and ownership of intellectual property at issue. MGA practices. | Mattel May Call |
| O'Connor, Victoria | Mattel 0.75 | MGA/Bryant: 0.5 | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment, and MGA's efforts to conceal same. MGA's access to Mattel's intellectual property and trade secrets. MGA practices. | |
| O'Connor, Victoria | Bryant/MGA | | This witness may testify regarding Carter Bryant's relationship with MGA, MGA's business, MGA's development of Bratz products, defendants' noninfringement of Mattel's purported copyrights, MGA's sales, expenses, and profits, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| Odom, Sarah | Mattel 0.5 | MGA/Bryant: 0.25 | Kickapoo High School yearbooks and student enrollment. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 50
PAGE 142

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| O'Higgins, Colleen | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment.  Bryant's breach of obligations to Mattel.  MGA's theft of Mattel's intellectual property. | Mattel May Call |
| Oman, Ralph | Bryant/MGA: 0.25 | | This expert witness will provide testimony regarding the Mattel's employee confidentiality and inventions agreement, defendants' noninfringement of Mattel's purported copyrights, as well as other issues addressed in his expert report and deposition. | |
| Oman, Ralph | Mattel  0.5 | MGA/Bryant: 0.25 | Copyright Office procedure, MGA's registrations and representations to Copyright Office. | |
| O'Neal, Denise | Mattel  0.25 | MGA/Bryant: 0.25 | Isaac Larian's statements to the Chicago Sun Times. | |
| Ongchango, Kislap | Mattel | | Development of Mattel intellectual property at issue; Mattel's practices. | Mattel May Call |
| Palmer, Rodney | Bryant/MGA: 15 min | Mattel:  0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's destruction and spoliation of evidence, and other issues relating to Phase I of this case. | |
| Palmer, Rodney | Mattel | | The development and ownership of intellectual property at issue.  Mattel's practices. | Mattel May Call |
| Palmeri, Christopher | Mattel  0.25 | MGA/Bryant: 0.25 | Isaac Larian's statements to Business Week. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 50
PAGE 143

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Park, Cassidy | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's investigation of MGA and Carter Bryant, Mattel's sales, expenses, and profits, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Park, Cassidy | Mattel | | The development and ownership of intellectual property at issue. Carter Bryant's breach of obligations to Mattel. | Mattel May Call |
| Pasko, Rene | Mattel | | The development and ownership of intellectual property at issue. | Mattel May Call |
| Patel, Tina | Bryant/MGA: 0.25 | Mattel: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's investigation of MGA and Carter Bryant, Mattel's sales, expenses, and profits, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Patel, Tina | Mattel | | Mattel's and MGA's business practices. | Mattel May Call |
| Pierce, Cynthia | Mattel | | Payment from MGA to Carter Bryant. | Mattel May Call |

EXHIBIT 50

PAGE 144

JOINT WITNESS LIST (FV) (2).XLS

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Pratte, Joni | Bryant/MGA | | This witness will provide testimony regarding Mattel's employee confidentiality and inventions agreements, Mattel's HR practices, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| Pratte, Joni | Mattel | | The development and ownership of intellectual property at issue. | Mattel May Call |
| Prince, Jacqueline Ramona | Mattel  0.75 | MGA/Bryant: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Carter Bryant's sketches, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Prince, Jacqueline Ramona | Bryant/MGA: 0.5 | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment and concealment thereof.  Bryant's breach of obligations to Mattel. | |
| Ragsdale, William | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. | Mattel May Call |
| Ramirez, Jessie | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. | Mattel May Call |
| Rantanen, Walter | Mattel  0.5 | MGA/Bryant: 0.5 | Analysis of Bryant drawings. | |

JOINT WITNESS LIST (FV) (2).XLS

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Rhee, Anna | Bryant/MGA | | This witness may testify regarding Carter Bryant's relationship with MGA, MGA's business, MGA's development of Bratz products, defendants' noninfringement of Mattel's purported copyrights, MGA's sales, expenses, and profits, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | Bryant/MGA May C |
| Rhee, Anna | Mattel 0.5 | MGA/Bryant: 0.5 | The development and ownership of intellectual property at issue. Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment and concealment thereof. Bryant's breach of obligations to Mattel. | |
| Rosenbaum, David | Bryant/MGA: 0.5 | | This witness will testify regarding Carter Bryant's relationship with MGA, as well as other issues relating to Phase I of this case. | |
| Rosenbaum, David | Mattel 0.5 | MGA/Bryant: 0.5 | Bryant's breach of his obligations to Mattel. Bryant's work with or for MGA during his Mattel employment; MGA's intent. | |
| Ross, Ivy | Mattel 0.75 | MGA/Bryant: 0.5 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's investigation of MGA and Carter Bryant, Mattel's sales, expenses, and profits, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |

JOINT WITNESS LIST (FV) (2).XLS

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Ross, Ivy | Bryant/MGA | | Bryant's breach of obligations to Mattel; MGA's practices. | Bryant/MGA May C |
| Ross, Lon P. | Mattel | | MGA's access to Mattel's intellectual property and trade secrets.  MGA practices. | Mattel May Call |
| Salazar, Maria Elena | Mattel  0.5 | MGA/Bryant: 0.25 | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment.  Bryant's breach of obligations to Mattel, and MGA's inducement thereof.  MGA's theft of Mattel's intellectual property.  MGA's intent and concealment. | |
| Salazar, Pedro | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment.  Bryant's breach of obligations to Mattel, and MGA's inducement thereof.  MGA's theft of Mattel's intellectual property.  MGA's intent and concealment. | Mattel May Call |
| Salemnia, Shirin | Mattel | | Design and development of Bratz.  MGA's access to Mattel's intellectual property and trade secrets.  MGA practices. | Mattel May Call |
| Sandham, Richard | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment.  Bryant's breach of obligations to Mattel.  MGA's theft of Mattel's intellectual property. | Mattel May Call |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 50

PAGE 147

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Scothon, Chuck | Mattel | | Mattel's business operations and the development and ownership of intellectual property at issue. | Mattel May Call |
| Scott, Carol | Mattel 1.0 | MGA/Bryant: 1.0 | Bratz sales, marketing and licensing. | |
| Sesto, Chris | Mattel | | Mattel's practices.  MGA's theft of Mattel's intellectual property. | Mattel May Call |
| Simoneau, Robert | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's delay in filing this lawsuit, Mattel's improper investigation of Mr. Larian and his family, Mattel's investigation of MGA and Carter Bryant, Mattel's improper interrogation and intimidation of witnesses, as well as other issues relating to Phase I of this case. | |
| Simpson-Taylor, Kathleen | Bryant/MGA: 0.25 | Mattel: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's investigation of MGA and Carter Bryant, Mattel's sales, expenses, and profits, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |

EXHIBIT 5
PAGE 148

JOINT WITNESS LIST (FV) (2).XLS

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Smith, Steffen | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will testify regarding MGA's business, MGA's development of Bratz products, defendants' noninfringement of Mattel's purported copyrights, MGA's sales, expenses, and profits, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Stein, Bruce | Bryant/MGA: 0.75 | | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's business, Mattel's delay in filing this lawsuit, as well as other issues addressed in his report and at his deposition. | |
| Stein, Bruce | Mattel 0.75 | MGA/Bryant: 0.5 | Employment and contractual relations in the toy industry. | |
| Stern, Ellis | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. Bryant's breach of obligations to Mattel. MGA's theft of Mattel's intellectual property. | Mattel May Call |
| Storer, Aileen | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will testify regarding MGA's business, MGA's development of Bratz products, defendants' noninfringement of Mattel's purported copyrights, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5
PAGE 149

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Storer, Aileen | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. Bryant's breach of obligations to Mattel, and MGA's inducement thereof. | Mattel May Call |
| Tafoya, Maureen | Bryant/MGA: 0,5 | Mattel: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, as well as other issues relating to Phase I of this case. | |
| Tafoya, Maureen | Mattel | | MGA's access to Mattel's intellectual property and trade secrets. | Mattel May Call |
| Tarmichael, Stephen | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. Bryant's breach of obligations to Mattel, and MGA's inducement thereof. The development and ownership of intellectual property at issue. | Mattel May Call |
| Tiongco, Joe | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. Bryant's breach of obligations to Mattel. Mattel's practices. | Mattel May Call |
| Tkacik, Maureen | Mattel 0.25 | MGA/Bryant: 0.25 | Isaac Larian's statements to the Wall Street Journal. | |
| Ton, Ben | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. MGA practices. | Mattel May Call |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 5
PAGE 150

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Tonner, Robert | Bryant/MGA: 1.0 | Mattel: 0.5 | This expert witness will provide testimony regarding Carter Bryant's sketches, prior art relating to Carter Bryant's sketches and dolls, defendants' noninfringement of Mattel's purported copyrights, the reasons for the success of Bratz products, as well as other issues addressed in his expert report and at deposition. | |
| Tonnu, Lisa | Bryant/MGA: 0.75 | | This witness will testify regarding MGA's business, MGA's development of Bratz products, defendants' noninfringement of Mattel's purported copyrights, MGA's sales, expenses, and profits, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |
| Tonnu, Lisa | Mattel  1.0 | MGA/Bryant: 0.5 | MGA practices. | |
| Tsang, Frankie | Mattel | | MGA's theft of Mattel's intellectual property.  MGA practices. | Mattel May Call |
| Turner, Robert | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment.  Bryant's breach of obligations to Mattel. | Mattel May Call |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 50
PAGE 151

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Van Patten, Denise | Bryant/MGA: 0.25 | | This witness will provide testimony regarding Carter Bryant's sketches, prior art relating to Carter Bryant's sketches and dolls, defendants' noninfringement of Mattel's purported copyrights, the reasons for the success of Bratz products, as well as other issues addressed in her expert report and at deposition. | |
| Van Patten, Denise | Mattel 0.5 | MGA/Bryant: 0.25 | Fashion doll market. | |
| Vilppu, Glenn | Bryant/MGA: 1.5 | Mattel: 0.75 | This expert witness will provide testimony regarding the common industry practice of artists creating works on their own time and owning what they create, notwithstanding any agreement with their employees, Carter Bryant's sketches, defendants' noninfringement of Mattel's purported copyrights, as well as other issues addressed in his expert report and at deposition. | |
| Viohl, Evelyn | Bryant/MGA: 0.5 | Mattel: 0.25 | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, Mattel's investigation of MGA and Carter Bryant, Mattel's sales, expenses, and profits, Mattel's delay in filing this lawsuit, the reasons for the success of Bratz products, as well as other issues relating to Phase I of this case. | |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT 6

PAGE 152

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Viohl, Evelyn | Mattel | | Mattel's intellectual property and Bryant's breach of obligations to Mattel. | Mattel May Call |
| Wachovia Designee/Custodian of Records | Mattel | | The development of intellectual property at issue; Bryant's work with or for MGA during his Mattel employment. | Mattel May Call |
| Wagner, Michael | Mattel  1.25 | MGA/Bryant: 1.0 | MGA revenues, costs and profits related to sales, distribution and licensing of Bratz. Larian and Bryant's benefits. | |
| Wang, Ann | Bryant/MGA: 0.5 | | This witness will testify regarding Carter Bryant's relationship with MGA, as well as other issues relating to Phase I of this case. | |
| Wang, Anne | Mattel  0.5 | MGA/Bryant: 0.25 | Bryant's breach of his obligations to Mattel. Bryant's work with or for MGA during his Mattel employment. | |
| Ward, Mercedeh | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment.  Bryant's breach of obligations to Mattel.  MGA's access to Mattel's intellectual property and trade secrets.  MGA practices. | Mattel May Call |
| Warner, Paul | Mattel | | The development and ownership of intellectual property at issue. | Mattel May Call |
| Weiss, Jeff | Mattel  0.25 | MGA/Bryant: 0.25 | Isaac Larian's statements to the San Fernando Valley Business Journal. | |
| Wachovia Designee/Custodian of Records | Mattel | | The development of intellectual property at issue; Bryant's work with or for MGA during his Mattel employment. | Mattel May Call |
| Wickham, Douglas | Mattel | | Bryant's destruction of evidence and handling of Bryant's computer hard drives. | Mattel May Call |

JOINT WITNESS LIST (FV) (2).XLS

EXHIBIT  50
PAGE  153

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| Wilson, Robert G. | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. Bryant's breach of obligations to Mattel. | Mattel May Call |
| Woodman, Spencer | Mattel | | The development and ownership of intellectual property at issue. | Mattel May Call |
| Woods, Mel | Mattel 0.5 | MGA/Bryant: 0.25 | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. Bryant's breach of obligations to Mattel, and MGA's inducement thereof. MGA's theft of Mattel's intellectual property. | |
| Yonemoto, Sandra | Bryant/MGA: 0.25 | | This witness will testify regarding Mattel's employee confidentiality and inventions agreement, Mattel's HR practices, as well as other issues relating to Phase I of this case. | |
| Yonemoto, Sandy | Mattel 0.25 | MGA/Bryant: 0.25 | Bryant's misrepresentations to Mattel. | |
| Zablow, Milton | Mattel | | The development and ownership of intellectual property at issue. | Mattel May Call |
| Zarabi, Morad | Mattel | | Design and development of Bratz and Bryant's work with or for MGA during his Mattel employment. Bryant's breach of obligations to Mattel, and MGA's inducement thereof. MGA practices. | Mattel May Call |
| | | | | |
| | | | | |
| | | | | |

EXHIBIT 50
PAGE 154

JOINT WITNESS LIST (FV) (2).XLS

Joint Trial Witness Estimate Form

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| TOTAL ESTIMATES: | Bryant/MGA 38.5 | Bryant/MGA 26.75 | Total Bryant/MGA 65.25 | |
| | Mattel 44.75 | Mattel 15.75 | Total Mattel 60.5 | |
| | | | | |

Page 40

EXHIBIT 5
PAGE 155

# EXHIBIT 6



1  Bingham McCutchen LLP
   TODD E. GORDINIER (SBN 82200)
2  todd.gordinier@bingham.com
   PETER N. VILLAR (SBN 204038)
3  peter.villar@bingham.com
   JENNIFER A. LOPEZ (SBN 232320)
4  jennifer.lopez@bingham.com
   600 Anton Boulevard
5  18th Floor
   Costa Mesa, CA 92626-1924
6  Telephone: 714.830.0600
   Facsimile: 714.830.0700
7
8  Attorneys for Non-party
   OMNI 808 INVESTORS, LLC

9
                 UNITED STATES DISTRICT COURT
10
              CENTRAL DISTRICT OF CALIFORNIA
11
                     EASTERN DIVISION
12

13

14 | Carter Bryant, an individual,          Case No. CV 04-9049 SGL (RNBx)

15 |          Plaintiff,                     **OMNI 808 INVESTORS, LLC'S
   |                                         REPLY MEMORANDUM IN
16 |              v.                         SUPPORT OF *EX PARTE*
   |                                         APPLICATION FOR LEAVE TO
17 | Mattel, Inc., a Delaware Corporation,   INTERVENE FOR LIMITED
   |                                         PURPOSE AS A MATTER OF
18 |          Defendant.                     RIGHT OR, IN THE
   |                                         ALTERNATIVE, FOR PERMISSIVE
19 |                                         INTERVENTION**

20 |                                         Judge: Hon. Stephen G. Larson

21 |

22 | AND CONSOLIDATED ACTIONS.

23

24

25

26

27

28

A/72837928.2

EXHIBIT  10
PAGE     156

1

## TABLE OF CONTENTS

2
Page

3  I.  INTRODUCTION ......................................................................................... - 1 -

4  II. OMNI IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT
    FOR THE LIMITED PURPOSE OF PROTECTING ITS STATUS
5  AS A SECURED CREDITOR ...................................................................... - 4 -

6      A.  Omni Has Established a Significantly Protectable Interest in the
           Receivership Issues Involved in the Pending Litigation ................. - 5 -

7      B.  Omni Has Established That The Appointment of a Receiver
           May Impair or Impede Omni's Ability to Protect Its Interests ....... - 8 -

8      C.  Omni Has Established That The Existing Parties May Not
           Adequately Represent Omni's Interests ........................................... - 9 -

9      D.  Omni's Application Is Timely ........................................................ - 11 -

10 III. THE COURT SHOULD GRANT OMNI PERMISSIVE
    INTERVENTION IN THE ALTERNATIVE .......................................... - 11 -

11 IV. CONCLUSION ......................................................................................... - 12 -
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72837928.2

i

EXHIBIT __ L__

PAGE __157__

1

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Alisal Water Corp. v. Silverwood Estates,*
    370 F.3d 915 (9th Cir. 2004) ............................................................................7, 8

*Arakaki v. Cayetano,*
    324 F.3d 1078 (9th Cir. 2003) ....................................................................4, 5, 10

*Beckman Indus. Inc. v. International Ins. Co.,*
    966 F.2d 470 (9th Cir. 1992) .................................................................................5

*DeBoer Structures, Inc. v. Shaffer Tent & Awning Co.,*
    187 F. Supp. 910 (S.D. Ohio 2001) ......................................................................9

*Donnelly v. Glickman,*
    159 F.3d 405 (9th Cir. 1998) ...........................................................................4, 5

*Engra, Inc. v. Gabel,*
    958 F.2d 643 (5th Cir. 1992) ..............................................................................11

*Forest Conservation Council v. United States Forest Serv.,*
    66 F.3d 1489 (9th Cir. 1995) .................................................................................5

*Kootenai Tribe v. Veneman,*
    313 F.3d 1094 (9th Cir. 2002) ............................................................................11

*League of United Latin American Citizens v. Wilson,*
    131 F.3d 1297 (9th Cir. 1997) ...............................................................................5

*Lockyer v. U.S.,*
    450 F.3d 436 (9th Cir. 2006) ................................................................................4

*Meyer Jewelry Co. v. Meyer Holdings, Inc.,*
    906 F. Supp. 428 (E.D. Mich. 1995) ....................................................................9

*Rissetto v. Plumbers and Steamfitters Local 343,*
    94 F.3d 597 (9th Cir. 1996) ..................................................................................6

*Rumbaugh v. Beck,*
    491 F. Supp. 511 (E.D. Pa. 1980)..........................................................................9

ii

EXHIBIT 10
PAGE 158

*Saluck v. Rosner,*
  1999 WL 46620 (E.D. Pa. Jan. 6, 1999)................................................................9

*San Juan County v. U.S.,*
  503 F.3d 1163 (10th Cir. 2007) ...........................................................................5

*SEC v. Flight Transp. Corp.,*
  699 F.2d 943 (8th Cir. 1983) ..........................................................................8, 10

*Southwest Center for Biological Diversity v. Berg,*
  268 F.3d 810 (9th Cir. 2001) ............................................................................5, 7

*Stringfellow v. Concerned Neighbors in Action,*
  480 U.S. 370 (1987).............................................................................................5

*Trbovich v. United Mine Workers,*
  404 U.S. 528 (1972).............................................................................................9

*U.S. v. South Florida Water Dist.,*
  922 F.2d 704 (11th Cir. 1991) .............................................................................5

*United States v. State of Washington,*
  86 F.3d 1499 (9th Cir. 1996) .............................................................................11

*Venegas v. Skaggs,*
  867 F.2d 527 (9th Cir. 1989) .............................................................................12

*Yniguez v. Arizona,*
  939 F.2d 727 (9th Cir. 1991) ...............................................................................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 24(a)...............................................................................................4

Fed. R. Civ. P. 24(b)(2)........................................................................................11

Federal Rule of Civil Procedure 24(b)(1).............................................................11

Rule 11 ...................................................................................................................2

Rule 24 ...............................................................................................................2, 4

Rule 24(a)(2) ..........................................................................................................4

iii

EXHIBIT 10
PAGE 159

1  **I.      INTRODUCTION**

2          Mattel, Inc.'s opposition to Omni 808 Investors, LLC's *ex parte* application

3  to intervene for a limited purpose in this action reveals much more than Mattel's

4  profound misunderstanding regarding Omni, its principals, and its acquisition of

5  MGA's debt obligations from Wachovia. Regrettably, Mattel's opposition

6  demonstrates its willingness to intentionally mislead the Court with false,

7  irrelevant and unsupported allegations, and personal attacks, in order to silence a

8  non-party with contrary viewpoints regarding, *inter alia*, Mattel's request for the

9  appointment of a receiver.

10         The first and most glaring problem with Mattel's opposition is its argument

11  that Omni has failed to establish a "bona fide interest" in MGA's assets. This

12  argument is ironic, to be charitable, given that it is ***Mattel*** who first brought

13  Omni's secured interest in MGA's assets to the Court's attention. Indeed, in

14  support of Mattel's *ex parte* application for the appointment of a receiver, Mattel

15  represented to this Court (supported by a sworn declaration of its counsel) that "*a*

16  *new creditor, Omni 808 International (sic), LLC ("Omni") has take (sic) an (sic)*

17  *security interest in all or substantially all of MGA's assets" and "is now*

18  *apparently one of MGA's largest creditors (and perhaps its largest)*." (Mattel's

19  Ex Parte Application for Appointment of a Receiver, 5:7-8; 6:15-16.)

20         Mattel's attempt to simultaneously argue that Omni ***has a security interest***

21  ***in all or substantially all of MGA's assets*** (to support its receiver application) and

22  that Omni ***does not have a bona fide interest in MGA's assets*** (to oppose Omni's

23  intervention application) is not only telling but entirely unavailing. Indeed, Omni

24  set forth detailed facts in its *ex parte* application regarding its agreement with

25  Wachovia whereby Omni acquired all right, title and interest in the Senior Bank

26  Credit Facility and, as a result, has a senior perfected security interest in MGA's

27  assets, including MGA's inventory and accounts receivable. These facts "must be

28

- 1 -

EXHIBIT __160__
PAGE _____

1   accepted as true" for purposes of this application. Mattel has offered no evidence
2   purporting to contest any of these facts.

3       Faced with the fact that Omni is indeed the largest secured creditor of MGA,
4   a position superior to any claim that can be made by Mattel, Mattel argues that
5   Omni's position as a secured creditor does not justify intervention. In making this
6   argument, Mattel ignores the relevant legal factors cited by Omni and the
7   applicable authority on which they depend. Mattel instead relies upon inapplicable
8   cases wherein a potential creditor is seeking to intervene in a lawsuit *for all*
9   *purposes* claiming a general interest in a defendant's assets based on, *inter alia*, a
10  speculative recovery in an unrelated civil action.

11      Here, as detailed in its application, Omni is seeking to intervene for a *limited*
12  *purpose* in connection with Mattel's request for the appointment of a receiver so it
13  can protect its position as MGA's largest secured creditor. Mattel fails to cite a
14  single case where a court in this circuit, or any circuit, denied a creditor's
15  application to intervene for such a limited purpose. The Ninth Circuit construes
16  Rule 24 *liberally* in favor of intervention, and the cases Omni has cited in which
17  creditors have been permitted to intervene for such limited purposes control here.

18      Mattel also erroneously argues that Omni has not shown that the
19  appointment of a receiver may impair or impede its security interest because it
20  contends that it is unclear whether the Bratz product line is within the scope of the
21  collateral underlying Omni's Senior Bank Credit Facility. This argument barely
22  meets the strictures of Rule 11 since Mattel itself has represented to the Court, as is
23  the case, that Omni has a senior perfected interest in "*all or substantially all of*
24  *MGA's assets*." Moreover, there can be little question that the appointment of a
25  receiver has the potential to adversely affect all of MGA's products and business
26  operations and, consequently, to adversely affect Omni's security interests --
27  whatever Mattel thinks they are.
28

- 2 -

EXHIBIT __Q__
PAGE ___161___

1      Mattel also baselessly argues that MGA can adequately represent Omni's

2 interest in connection with the appointment of a receiver. This argument, as

3 previously explained, is nonsense. MGA's interests as a debtor are not aligned

4 with Omni's interests as a creditor. Omni's primary interest is in MGA's ability to

5 repay its secured debt obligation of more than \$300 million owed to Omni. There

6 is no reason to believe that MGA can or will "undoubtedly make all" of Omni's

7 arguments on its behalf, and Omni is in the best (and only) position to describe the

8 facts and circumstances surrounding its purchase of the Senior Bank Credit Facility

9 from Wachovia.

10      Mattel also tries to mislead the Court regarding the timing of Omni's

11 application. Mattel argues that Omni's application is untimely because it obtained

12 its interest in MGA's assets "five months ago." However, as Mattel well knows,

13 Omni's interests in this regard only accrued when Mattel filed its *ex parte*

14 application for the appointment of a receiver. Since Omni promptly filed its

15 application upon its discovery of Mattel's filing, and since the receiver issue has

16 not yet been decided, the timeliness of Omni's application is a non-issue.

17      Because Mattel has no factual or legal grounds upon which to oppose

18 Omni's application, Mattel spends most of its brief speculating about the source of

19 the funds Omni allegedly used to purchase MGA's debt from Wachovia. Mattel

20 argues that Omni allegedly received funding from non-party Vision Capital, who

21 allegedly received its funding from non-party Lexington Financial, and fixates on

22 the allegation that Isaac Larian's brother-in-law has alleged ties to these alleged

23 non-party investors in Omni. None of Mattel's purported "conspiracy theories" are

24 relevant to the issues before the Court. As explained in the *ex parte* application,

25 ***Omni acquired Wachovia's existing rights, title and interest in an existing Senior***

26 ***Bank Credit Facility***. The source of Omni's funding is no more relevant than the

27 source of Wachovia's funding. If one of Isaac Larian's relatives had a tie to an

28 investor in Wachovia, it wouldn't matter either -- and certainly wouldn't have

- 3 -

A/72837928 2

EXHIBIT 6

PAGE 162

1 | negated Wachovia's right to intervene as a senior perfected secured creditor before
2 | its deal with Omni.

3 | Finally, Mattel regrettably, but not surprisingly, resorts to slinging mud at
4 | Omni and its principal, Neil Kadishá, with irrelevant allegations, taken out of
5 | context, from an unresolved civil suit. This tactic is unfortunate and no more
6 | relevant than recent public allegations surrounding Mattel's own illegal and
7 | unethical business practices.

8 | Because the appointment of a receiver could significantly and irreparably
9 | harm Omni's interests as a senior secured creditor of MGA, Omni respectfully
10 | requests that the Court grant it leave to intervene in this action for the purposes of
11 | challenging the appointment of a receiver and related issues that could adversely
12 | affect Omni's security interests.

13 | **II.     OMNI IS ENTITLED TO INTERVENE AS A MATTER OF**
14 | **RIGHT FOR THE LIMITED PURPOSE OF PROTECTING ITS**
15 | **STATUS AS A SECURED CREDITOR**

16 | Omni is entitled to intervene as a matter of right pursuant to Fed. R. Civ. P.
17 | 24(a). Rule 24(a) provides that a court must permit a non-party to intervene who
18 | "claims an interest relating to the property or transaction that is the subject of the
19 | action and is so situated that disposing of the action may as a practical matter
20 | impair or impede the movant's ability to protect its interest . . . ." *See also,*
21 | *Lockyer v. U.S.,* 450 F.3d 436, 440 (9th Cir. 2006). The Ninth Circuit construes
22 | Rule 24 liberally in favor of applicants for intervention. *Arakaki v. Cayetano,* 324
23 | F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v. Glickman,* 159 F.3d 405, 409
24 | (9th Cir. 1998)). The inquiry required under Rule 24(a)(2) is a flexible one, and a
25 | practical analysis of the facts and circumstances of each case is appropriate.
26 | *Donnelly,* 159 F.3d at 409. "In determining whether intervention is appropriate,
27 | we are guided primarily by practical and equitable considerations. We generally
28 | interpret the requirements broadly in favor of intervention." *Id.*

-4-

EXHIBIT  C
PAGE  163

1    When a non-party claims an interest relating to the subject property or
2 transaction of the action, courts generally require four factors: (1) a timely
3 application; (2) the applicant has a "significantly protectable" interest relating to
4 the property or transaction involved in the pending lawsuit; (3) the disposition of
5 the lawsuit may adversely affect applicant's interest unless intervention is allowed;
6 and (4) the existing parties may not adequately represent the would-be intervenor's
7 interest. *Arakaki*, 324 F.3d at 1083; *League of United Latin American Citizens v.*
8 *Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

9    Additionally, a district court has the discretion to grant a non-party limited
10 intervention for certain issues or purposes. *See Stringfellow v. Concerned*
11 *Neighbors in Action*, 480 U.S. 370, 378 (1987); *Donnelly v. Glickman*, 159 F.3d
12 405, 409 (9th Cir. 1998); *Beckman Indus. Inc. v. International Ins. Co.*, 966 F.2d
13 470, 473 (9th Cir. 1992). "A nonparty may have a sufficient interest for some
14 issues in a case but not others, and the court may limit intervention accordingly."
15 *U.S. v. South Florida Water Dist.*, 922 F.2d 704, 707 (11th Cir. 1991); *San Juan*
16 *County v. U.S.*, 503 F.3d 1163, 1203 (10th Cir. 2007).

17    **A.    Omni Has Established a Significantly Protectable Interest**
18       **in the Receivership Issues Involved in the Pending**
19       **Litigation**

20    "[W]hether an applicant for intervention demonstrates sufficient interest in
21 an action is a practical, threshold inquiry. No specific legal or equitable interest
22 need be established." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d
23 810, 818 (9th Cir. 2001) (quoting *Greene v. United States*, 996 F.2d 973, 976 (9th
24 Cir. 1993)); *see also Forest Conservation Council v. United States Forest Serv.*, 66
25 F.3d 1489, 1493 (9th Cir. 1995). "It is generally enough that the interest [asserted]
26 is protectable under some law, and that there is a relationship between the legally
27 protected interest and the claims at issue." *Southwest Center for Biological*

28

-5-

EXHIBIT 164
PAGE

1   *Diversity*, 268 F.3d at 818 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th
2   Cir. 1993)).

3       In its opposition, Mattel erroneously argues that Omni "makes no showing
4   that it has any bona fide interest" in MGA's assets. This argument is the opposite
5   of the position previously taken by Mattel in its *ex parte* application for the
6   appointment of a receiver where Mattel represented to this Court (supported by a
7   sworn declaration of its counsel) that "*a new creditor, Omni 808 International*
8   *(sic), LLC ("Omni") has take (sic) an (sic) security interest in all or substantially*
9   *all of MGA's assets" and "is now apparently one of MGA's largest creditors*
10  *(and perhaps its largest)*." (Mattel's Ex Parte Application for Appointment of a
11  Receiver, 5:7-8; 6:15-16).

12      Mattel's attempt to simultaneously argue that Omni has a "security interest
13  in all or substantially all of MGA's assets" (for purposes of its receiver application)
14  and that Omni does not have a bona fide interest in MGA's assets (for purposes of
15  its opposition to Omni's intervention application) is specious and precluded by the
16  doctrine of judicial estoppel.[1]  Moreover, Mattel's new argument is unavailing as
17  Omni set forth detailed facts in its *ex parte* application regarding its assignment
18  and exchange agreement with Wachovia whereby Omni acquired all right, title and
19  interest in the Senior Bank Credit Facility and, as a result, has a senior perfected
20  security interest in MGA's assets, including MGA's inventory and accounts

21

22  [1] "Judicial estoppel, sometimes also known as the doctrine of preclusion of
23  inconsistent positions, precludes a party from gaining an advantage by taking one
    position, and then seeking a second advantage by taking an incompatible position."
24  *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996).
    "The policies underlying preclusion of inconsistent positions are general
25  considerations of the orderly administration of justice and regard for the dignity of
    judicial proceedings." *Id.* at 601. "Judicial estoppel is intended to protect against a
26  litigant playing fast and loose with the courts." *Id.* "Because it is intended to
    protect the dignity of the judicial process, it is an equitable doctrine invoked by a
27  court at its discretion." *Id.*

28

-6-

A/72837928 2

EXHIBIT  V
PAGE 165

1  receivable. These facts "must be accepted as true" for purposes of this application.

2  *Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810, 819 (9th Cir.

3  2001). Mattel has offered no evidence purporting to contest any of these facts.[2]

4  Faced with the fact that Omni is the largest secured creditor of MGA, Mattel

5  argues that Omni's position as a secured creditor does not justify intervention. In

6  making this argument, Mattel ignores the relevant legal factors cited by Omni and

7  instead relies upon inapplicable cases wherein a *potential* creditor is seeking to

8  intervene in a lawsuit *for all purposes* (unrelated to the appointment of receiver)

9  *"merely claiming a general interest in [defendant's] assets based on a*

10  *speculative recovery in an unrelated civil action."* (*See* Mattel's Opposition,

11  10:9-10, citing *Gould v. Alleco, Inc.,* 883 F.2d 281, 285 (4th Cir. 1989)). Here,

12  Omni is seeking to intervene *for the limited purpose* in connection with Mattel's

13  request for the appointment of a receiver and so it can protect its position as

14  MGA's largest secured creditor. Mattel fails to cite a single case where a court in

15  this circuit, or any circuit, denied a creditor's application to intervene for the

16  limited purpose of challenging the appointment of a receiver. Indeed, Mattel's

17  primary support for its opposition to Omni's application, *Alisal Water Corp. v.*

18  *Silverwood Estates,* 370 F.3d 915 (9th Cir. 2004), does not involve a creditor's

19  opposition to the appointment of the receiver. In *Alisal Water,* following entry of

20  summary judgment in favor of the United States against Alisal Water Corp. for

21  violating the Safe Drinking Water Act, and while considering the United States'

22  request for penalties against Alisal, the district court appointed a receiver to

23  manage Alisal's drinking water systems and oversee Alisal's possible sale. The

24  court affirmed the denial of a third party's motion to intervene on the grounds that

25

26  [2] Contrary to statements made in Mattel's opposition, Omni has offered to provide Mattel with documents reflecting Omni's agreement with Wachovia to acquire

27  MGA's debt obligations. Mattel has rejected these offers, and instead prematurely filed a motion to compel without meeting and conferring in good faith.

28

-7-

EXHIBIT 6
PAGE 166

1   seeking to protect a prior judgment was insufficient given the likelihood that such

2   intervention could delay longstanding litigation and encumber the U.S.'s efforts to

3   ensure safe drinking water for the public. The *Alisal* case, therefore, is inapposite.

4        Unlike Mattel, Omni has cited applicable authority in which creditors have

5   been permitted to intervene as a matter of right where a receiver has been

6   appointed and taken control of a debtor's assets. The rationale is that the first

7   creditor's action may effectively foreclose the interests of other creditors. *See SEC*

8   *v. Flight Transp. Corp.*, 699 F.2d 943, 947 (8th Cir. 1983). In *SEC v. Flight*

9   *Transp. Corp.*, for example, the appellate court rejected all of the same arguments

10  made by Mattel in this case and reversed the district court's order denying

11  intervention. The Court reasoned that such arguments fail to recognize that

12  because the defendant's assets are in the hands of a receiver and may be affected

13  by an order of the district court (i.e., an order of disgorgement or constructive

14  trust), the non-party intervenor's interests "may be foreclosed" by the action of the

15  district court. Therefore, the non-party had a right to intervene as a matter of law.

16  *Id. at* 948.

17       Because Omni's interest is directly related to issues raised by Mattel in its *ex*

18  *parte* application for the appointment of a receiver, Mattel has a significantly

19  protectable interest relating to the property or transaction which is the subject of

20  this action.

21       **B.    Omni Has Established That The Appointment of a Receiver**

22              **May Impair or Impede Omni's Ability to Protect Its**

23              **Interests**

24       In order to show that the disposition of the action may impair or impede the

25  ability to protect a non-party's interest, the non-party need only show a "practical"

26  impairment, "not whether the decision itself binds them." *Yniguez v. Arizona*, 939

27  F.2d 727, 735 (9th Cir. 1991). In its opposition, Mattel erroneously argues that

28  Omni has not shown that the appointment of a receiver may impair or impede its

- 8 -

EXHIBIT __V__

PAGE ____167____

1   security interest because it is unclear whether the Bratz product line is within the

2   scope of the collateral underlying Omni's Senior Bank Credit Facility. This

3   argument is, again, inconsistent with Mattel's prior representation to this Court that

4   Omni has a "security interest in all or substantially all of MGA's assets" and is

5   unavailing as Omni has a senior perfected interest in all of MGA's assets (superior

6   to any unsecured interests that Mattel may have by virtue of its judgment in this

7   action).

8        Moreover, this argument is a red herring because the appointment of a

9   receiver to "oversee and control all financial and business aspects" of MGA will

10   adversely affect all of MGA's products and business operations and, consequently,

11   will impair Omni's ability to protect its senior perfected security interest in its

12   collateral, which includes MGA's inventory and accounts receivable and

13   ultimately in MGA's ability to repay its outstanding secured debt obligation to

14   Omni of in excess of $300 million.[3]

15        **C.   Omni Has Established That The Existing Parties May Not**

16        **Adequately Represent Omni's Interests**

17        The United States Supreme Court has held that in order to demonstrate the

18   inadequacy of the existing parties to protect its interest, the applicant's burden is

19   "*minimal*" and is satisfied so long as the applicant shows that representation by

20   existing parties "*may be*" inadequate. *Trbovich v. United Mine Workers*, 404 U.S.

21

22   [3] As explained in Omni's *ex parte* application, courts are reluctant to appoint
    receivers to solvent corporations. *See, e.g., DeBoer Structures, Inc. v. Shaffer Tent*
23   *& Awning Co.*, 187 F. Supp. 910, 925 (S.D. Ohio 2001) (declining to appoint
    receiver despite other facts in favor of doing so where corporation was solvent and
24   productive); *Meyer Jewelry Co. v. Meyer Holdings, Inc.*, 906 F. Supp. 428, 434
    (E.D. Mich. 1995) ("The deleterious effects of a receivership would result in more
25   harm than good in this case."); *Rumbaugh v. Beck*, 491 F. Supp. 511, 521 (E.D. Pa.
    1980) (finding that because a corporation was presently operating in a successful
26   manner, appointment of a receiver would "be potentially more harmful than if one
    were not implanted"); *Saluck v. Rosner*, 1999 WL 46620, at *2 (E.D. Pa. Jan. 6,
27   1999) ("the appointment of a receivership of a solvent corporation is a drastic
    remedy.").

28

-9-

EXHIBIT ~~168~~
PAGE

1   528, 538 n.10 (1972). The Ninth Circuit considers three factors in determining the

2   adequacy of representation: "(1) whether the interest of a present party is such that

3   it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the

4   present party is capable and willing to make such arguments; and (3) whether a

5   proposed intervenor would offer any necessary elements to the proceeding that

6   other parties would neglect." *Arakaki,* 324 F.3d at 1086 (citing *California v.*

7   *Tahoe Reg'l Planning Agency,* 792 F.2d 775, 778 (9th Cir.1986)).

8        In its opposition, Mattel argues, without basis, that MGA may adequately

9   represent Omni's interests. However, the legal issue is not whether MGA "may"

10   adequately represent Omni's interests; the issue is whether MGA "may not"

11   adequately represent Omni's interests. Mattel does not, and cannot, contend that

12   MGA "undoubtedly" can or will "make all" of Omni's arguments in opposition to

13   Mattel's application for a receiver.

14        Further, Omni's and MGA's ultimate objectives are different. Omni's

15   primary objective is in MGA's ability to repay its secured debt obligation of in

16   excess $300 million owed to Omni. The financial interests of a debtor and secured

17   creditor are, on their face, aligned differently. The fact that MGA may also oppose

18   the appointment of a receiver, on other or similar grounds, is irrelevant. *SEC v.*

19   *Flight Transp. Corp.,* 699 F.2d at 947 (holding that "while [intervenor's] interests

20   may not be adverse to those of [a party] or the receiver, they are sufficiently

21   'disparate' to warrant intervention"). Moreover, there is no dispute that Omni is in

22   the best (and perhaps only) position to describe the facts and circumstances

23   surrounding its purchase of the Senior Bank Credit Facility from Wachovia.

24        Therefore, the existing parties may not adequately represent Omni's interest

25   regarding the appointment of a receiver and other issues relating to Omni's status

26   as a secured creditor. Omni has more than satisfied its "minimal" burden.

27

28

- 10 -

EXHIBIT  $\varphi$

PAGE _____  169

1

### D.    Omni's Application Is Timely

2    Courts generally consider the following factors relevant to the issue of

3    timeliness: (1) the stage of the proceedings at the time the applicant seeks to

4    intervene; (2) the prejudice to the existing parties from applicant's delay in seeking

5    leave to intervene; and (3) any reason for and the length of delay in seeking

6    intervention. *United States v. State of Washington*, 86 F.3d 1499, 1502 (9th Cir.

7    1996); *Engra, Inc. v. Gabel*, 958 F.2d 643, 644 (5th Cir. 1992).

8    In its opposition, Mattel misleadingly argues that Omni's application is

9    untimely because its interest in MGA's assets "was created over five months ago."

10   However, contrary to Mattel's efforts to mislead the Court, Omni's interest in this

11   litigation accrued when it became aware of Mattel's application to appoint a

12   receiver at MGA.  Omni acted without delay in filing is application after learning

13   of Mattel's filing, and the Court has yet to decide the pending request for the

14   appointment of a receiver. Therefore, Omni's application is timely, and Mattel

15   will suffer no prejudice as a result.

16   ### III.   THE COURT SHOULD GRANT OMNI PERMISSIVE

17   ### INTERVENTION IN THE ALTERNATIVE

18   Even if Omni were not entitled to intervene as a matter of right, the Court

19   should exercise its discretion and permit its intervention in this matter.  Under

20   Federal Rule of Civil Procedure 24(b)(1), permissive intervention should be

21   granted whenever the "applicant's claim . . . and the main action have a question of

22   law or fact in common," and when the intervention would not "unduly delay or

23   prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P.

24   24(b)(2). The existence of a "common question" is liberally construed. *Kootenai*

25   *Tribe v. Veneman*, 313 F.3d 1094, 1108-1109 (9th Cir. 2002). A proposed

26   intervenor under Rule 24(b)(2) "need not demonstrate a 'significantly protectable'

27   interest relating to the property or transaction which is the subject of the action.'"

28   *Defenders of Wildlife*, 2005 WL 3260986, at *2 (citing *Kootenai Tribe of Idaho v.*

- 11 -

EXHIBIT _____

PAGE _____ 170

1   *Veneman*, 313 F.3d 1094, 1108-09 (9th Cir. 2002)). Omni meets each of these
2   requirements.

3       In its opposition, Mattel erroneously argues that Omni has failed to identify
4   a common question of law or fact. Not true. As clearly demonstrated both in
5   Omni's application, and in Mattel's opposition, there are numerous common
6   questions of law and fact between Omni's claims as a secured creditor and the
7   issues raised in Mattel's application to appoint a receiver. Moreover, Omni's
8   participation will not unduly delay or prejudice the adjudication of the rights of the
9   original parties. Omni's participation will be limited to challenging Mattel's
10  request to appoint a receiver and protecting its interests as a secured creditor.

11      The burden is on the parties to plead and prove any alleged prejudice.
12  *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989). Mattel has failed to prove
13  any such prejudice beyond its unsupported and conclusory allegations that Omni's
14  participation in the receiver issues will "create unnecessary issues, delay
15  proceedings, create confusion … and complicate matters." Mattel simply wants to
16  prevent Omni from raising issues regarding the appointment of a receiver that are
17  contrary to Mattel's litigation and competitive interests in this litigation. That is
18  not a basis upon which to deny intervention.

19  **IV.   CONCLUSION**

20      For the foregoing reasons, Omni respectfully requests the Court grant this
21  application and authorize it to intervene for the limited purpose of responding to
22  Mattel's request for the appointment of a receiver for MGA and all other issues
23  related to the proposed receiver or Omni's status as a secured creditor of MGA.

24  DATED: February 9, 2009       Bingham McCutchen LLP

25

26                        By: _____
                              Todd E. Gordinier
27                              Attorneys for Non-party
                            Omni 808 Investors, LLC

28

EXHIBIT ___O___
PAGE ___171___

# EXHIBIT 7

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 8

**2009-08-27 Hearing.txt**

1

1        UNITED STATES DISTRICT COURT
         CENTRAL DISTRICT OF CALIFORNIA
2            EASTERN DIVISION

3

4  CARTER BRYANT, an individual,

5      Plaintiff,

6      vs.            No. CV 04-9049 SGL (RNBx)
                      Consolidated with
7  MATTEL, INC., a Delaware    Nos. CV 04-9405 and
   corporation,        05-2727
8
       Defendants.
9

10

11 _____

   AND CONSOLIDATED ACTIONS.
12 _____

13

14

15      REPORTER'S TRANSCRIPT OF PROCEEDINGS

16         Los Angeles, California

17         Thursday, August 27, 2009

18

EXHIBIT 78
PAGE



2009-08-27 Hearing.txt

18  the briefs and declarations.

19      MR. O'BRIEN: Thank you. Mr. Rorie?

20      MR. RORIE: I think the Discovery Master hit it

21  on the head a couple times when he asked, in response to

22  the damages interrogatories 3, 5 and 6, although you may

23  not be able to fully respond, can you at least partially

24  respond, I think the same question was asked with respect

25  to the Mattel harmed products, although you may not know

☐

68

1  the exact number of products or which they are, do you

2  know any of them at this point. That's our position. If

3  this is going to overlap with discovery -- with expert

4  discovery, that's fine. Discovery is going to continue

5  for months after this point, that's fine. But we are

6  getting very close to the end of fact discovery, and we

7  still don't know any of the products that Mattel claims

8  were harmed. We still don't know what their damages

9  theories are as to these products. And it's not unduly

Page 96

EXHIBIT  8
PAGE  179

**2009-08-27 Hearing.txt**

10  burdensome to say hey, look, reserve all the rights you

11  want to amend, we'll send a supplemental request at the

12  end of fact discovery, but tell us now what we're up

13  against, what's the basis for your billion-dollar claim

14  against us.

15      I think the damages interrogatories were a little

16  narrowly confined to suggest that they're only going for

17  numbers. When, if you look at the rogs themselves,

18  they're asking for people with knowledge and the facts

19  that support them and the documents that relate to them.

20  So it's not like we're just saying spit out the numbers,

21  that's all we want. This is more general, tell us what

22  your damages are as of this point based on your current

23  knowledge.

24      The interrogatory and RFP that have to do with

25  the intent to sell the Bratz line, we address this in our

69

EXHIBIT _8_
PAGE _____
          180

2009-08-27 Hearing.txt

1   reply papers.  Basically the reason that that request is

2   relevant is because to the extent that Mattel is seeking

3   RICO damages from the sale of the Bratz line of products,

4   they are not -- they are only entitled to actual and

5   concrete harm that they have suffered.  They don't get,

6   under the RICO law, and we cited the case, it's U.S. v.

7   Philip Morris, they don't get what their competitor's

8   profits may have been.  They need to be able to say, look,

9   yes, we were going to sell the Bratz line of products and,

10   therefore, we can then extrapolate some sort of damages

11   theory.  But if they never had an intent to sell the Bratz

12   line of dolls, they don't get RICO damages as to those

13   products.  That's the relevance of that particular

14   interrog and RFP.

15        On the Mattel harmed products, again, I think

16   we're putting the cart a little bit before the horse in

17   saying that we need depositions of all these people to be

18   able to identify the products and to know the full basis.

19   To the extent they know, and my -- my gut tells me that

20   they've got an idea at least as to some of the products

Page 98

EXHIBIT  8
PAGE  181

2009-08-27 Hearing.txt

21  that they think were harmed as a result of the alleged

22  conduct of MGA, tell us what those products are, and all

23  we're asking for are documents sufficient to show units

24  sold, revenue received, costs incurred and the net

25  profits. They've already admitted in their separate

☐

70

1  statement that they can identify those products. So,

2  again, when you asked earlier, are there some that you

3  know of, page 186 of their opposition says we can identify

4  those products, and they repeat that language in there.

5  So they know at least of some. And we need to know what

6  those are. And once you identify the products, you don't

7  need all this other discovery with depositions to be able

8  to give us the information that we're specifically looking

9  for.

10      The last point on the burden and overbreadth.

11  Mr. Proctor mentioned that this is a fishing expedition,

12  and it's funny, because I actually do a lot of fishing

Page 99

EXHIBIT 8
PAGE 182

**2009-08-27 Hearing.txt**

13  myself, and when you go out fishing, lots of times you

14  come back without anything, and that's the nature of

15  fishing.  One would hope, though, that in bringing a

16  billion-dollar claim against MGA, there's going to be a

17  couple fish in that bucket, a couple products that they

18  already know have been harmed that they're going to be

19  able to identify right now.  They might not know all of

20  them, but there are fish in that universe that they can

21  identify for us, and that's what we're looking for.

22       The RFP 80, having to do with the recall,

23  documents related to any recall of the Mattel harmed

24  products since 2000, again, this goes to intervening

25  causes.  To the extent that they're claiming doll X is one

71

1  of our harmed products and that doll was subject to a

2  massive recall in 2000, and the sales figures for that

3  doll plummeted because everyone was afraid to go buy that

**Page 100**

EXHIBIT 8
PAGE 183

2009-08-27 Hearing.txt

4  product, they're going to have a tough time pinning those

5  damages on MGA.  And that's exactly the type of

6  information that that type of RFP is designed to elicit.

7      RFP 93, future sales of the Bratz line.  Again,

8  that goes to the RICO damages we were discussing earlier.

9  If they don't have any intent to sell Bratz, they don't

10  get RICO damages under the U.S. v. Philip Morris case.  So

11  fewer sales -- again, this is documents that we have.

12  Obviously, if documents don't exist and they don't have a

13  future intent to sell Bratz, fine, tell us, tell us

14  there's no documents, and we move on.  We can't squeeze

15  blood from a rock.

16      But, again, the relevance is clear.  The

17  overbreadth and burdensome objections are just really not

18  there.  They're the ones who put this at issue, this all

19  goes to the core of their case, and we're entitled to know

20  what they currently think are their damages and what the

21  supporting information is.

22      MR. O'BRIEN:  Thank you.

23      I'm going to take this matter under submission.

Page 101

EXHIBIT ___8___
PAGE _____184___

2009-08-27 Hearing.txt

7   proceedings was made by me using machine shorthand

8   which was thereafter transcribed under my direction; that

9   the foregoing transcript is a true record of the testimony

10  given.

11       Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [ ] was [ ] was not requested

15       I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or any party to this action.

18       IN WITNESS WHEREOF, I have this date subscribed

19  my name.

20

21  Dated: _____

22

23       _____
         CHERYL R. KAMALSKI
24           CSR No. 7113

25

EXHIBIT 8
PAGE ___ 105

# EXHIBIT 9

2009-08-27 Hearing.txt

1

```
 1        UNITED STATES DISTRICT COURT
          CENTRAL DISTRICT OF CALIFORNIA
 2            EASTERN DIVISION

 3

 4  CARTER BRYANT, an individual,

 5       Plaintiff,

 6    vs.            No. CV 04-9049 SGL (RNBx)
                       Consolidated with
 7  MATTEL, INC., a Delaware    Nos. CV 04-9405 and
    corporation,          05-2727
 8
       Defendants.
 9

10

11  _____

    AND CONSOLIDATED ACTIONS.
12  _____

13

14

15      REPORTER'S TRANSCRIPT OF PROCEEDINGS

16          Los Angeles, California

17         Thursday, August 27, 2009

18
```

EXHIBIT 9
PAGE 186

2009-08-27 Hearing.txt

17  a deposition for 21 hours, this is a multibillion-dollar

18  case, by MGA's own statements, they want billions of

19  dollars from us, Isaac Larian is the one who said that, he

20  is somebody who has been centrally involved in all of

21  these issues, and it's alleged throughout the pleadings,

22  and there's no disputing that, and there isn't a dispute

23  here.  So I do think that the 21 hours is entirely

24  appropriate and fair.

25      MR. O'BRIEN: Thank you.  Ms. Hurst?


14


1      MS. HURST: Thank you.

2      When Mattel initially sought leave to amend to

3  include all of these transactions as the subject of this

4  case, it asked for 10 hours.  The documents concerning the

5  transactions have been produced, the documents that

6  evidence the transactions, the core of the transactions,

7  have been produced, and Mattel has not made a motion to

8  the Court for contempt of the Constructive Trust Order or

Page 19

EXHIBIT 9
PAGE 187

**2009-08-27 Hearing.txt**

9   any other motion demonstrating that there's been any

10   violation of the Court's orders or that it has been harmed

11   in any way, shape or form by these transactions, because

12   there's no evidence there was any IP security interest in

13   connection with the loans.  Put simply, this RICO thing is

14   a big red herring.

15       Apart from the fact that Mattel has suffered

16   absolutely no harm that it can identify or has ever

17   identified in any motion either before you or before Judge

18   Larson from any transactions, as Mr. Zeller said, in one

19   of our last few appearances here, it's the lawyers who

20   have the primary knowledge about these transaction

21   documents, it's the lawyers who will tell us the most

22   about how the transactions were structured.  In fact,

23   Mr. Zeller justified his desire to take depositions of

24   many lawyers on the grounds that they are likely to have

25   the greatest amount of knowledge and be able to testify at

15

EXHIBIT _9_
PAGE ___188__

2009-08-27 Hearing.txt

1   the greatest length about that.  In response to my comment

2   that we should go last with the lawyers, Mr. Zeller

3   specifically objected to that notion for those very

4   reasons.  And that is right in this instance.  Mr. Larian

5   is not personally a signatory to any of these transaction

6   documents, with respect to taking out the loan, and

7   neither is MGA.  MGA is a third party to the transaction

8   between Omni and Wachovia.

9        So 4 hours, which is what would be offered, is

10  plenty to put Mr. Larian at the table to ask him about his

11  role in the transactions when he's not a signatory to the

12  main transaction between Omni and Wachovia, when MGA is

13  not a party to that transaction, and when Mattel has

14  sought numerous other depositions of lawyers saying they

15  have the principal knowledge on the subject matter.

16       So it's just not the case that 21 hours could

17  possibly be needed for the new material in this case.

18       Now, the witness has been deposed at length about

19  the prior aspects of the case, including MGA's claims, the

Page 21

EXHIBIT 9
PAGE 189

# EXHIBIT 10

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER