1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13       Plaintiff, | Consolidated with |
| 14       vs. | Case No. CV 04-09059 |
| | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | DECLARATION OF MICHAEL J. WAGNER IN SUPPORT OF |
| 16       Defendant. | MATTEL, INC.'S SUBMISSION TO THE MONITOR REGARDING |
| 17  | ACCOUNTING ISSUES |
| 18  AND CONSOLIDATED ACTIONS | |
| 19  | Discovery Cut-off: December 11, 2009 |
| 20  | Pre-trial Conference: March 1, 2010 |
| | Trial Date: March 23, 2010 |
| 21  | |
| 22  | Date: TBD |
| 23  | Time: TBD |
| | Place: TBD |
| 24  | |
| 25  | |
| 26  | **PUBLIC REDACTED VERSION** |
| 27  | |
| 28  | |

00505.07975/3078546.1

1

## DECLARATION OF MICHAEL J. WAGNER

2

3          I, Michael J. Wagner, declare as follows:

4          1.    I am a Certified Public Accountant and Attorney, licensed to practice in

5    the State of California.  I was retained by the law firm of Quinn Emanuel Urquhart

6    Oliver & Hedges, LLP to provide opinions on damages in connection with the

7    captioned matter and to provide rebuttal opinions to MGA's damages expert.  I

8    testified twice on these issues during the trial in this case that occurred in summer

9    2008 in Riverside, California.

10                              **Qualifications**

11         2.    I am a Managing Director at LitiNomics, Inc., a consulting firm

12   providing economic and financial consulting services.  I am a resident in its Silicon

13   Valley office.  I have testified 114 times at trial and 30 times in alternative dispute

14   resolution forums, most of which testimony related to analysis and quantification of

15   economic damages.  My educational background, work history, professional

16   affiliations, testimony experience, speeches, and publications are set out in my

17   *curriculum vitae* attached hereto at Exhibit A.

18         3.    I rendered opinions at the trial of this matter regarding the profitability

19   of the Bratz product line from Bratz' inception through June 2008.  I am aware of no

20   objection by any party regarding my qualifications to do so.  I have been asked to

21   review Issue 2 (Deductibility of Costs of Temporary Receivership) and Issue 3

22   (Deductibility of Interest Expense) as described in the Monitor's Briefing Schedule

23   for Issues Related to the Calculation of Monthly profits (Before Monitor per Court

24   Order) dated August 13, 2009 and to provide opinions regarding these issues.

25

26

27

28

DECLARATION OF MICHAEL J. WAGNER

1

**Materials Considered**

2      4.      In connection with this declaration, members of my staff and I have

3   reviewed the following materials:[1]

4      • Briefing Schedule for Issues Related to the Calculation of Monthly

5         profits (Before Monitor per Court Order) dated August 13, 2009;

6      • Order After June 15, 2009, Hearing on Accounting Issues;

7      • Ex Parte Motion of Temporary Receiver for Order (1) Approving Final

8         Account and Report; (2) Approving Final Compensation to Temporary

9         Receiver and Professionals; (3) Discharging Receiver; Receiver's Final

10        Account and Report; Declaration of Patrick A. Fraioli, Jr. ("Temporary

11        Receiver's Motion");

12     • Declaration of Stephen Schultz in Support of MGA Parties' Ex Parte

13        Application & Motion for Clarification of The Court's Orders

14        Regarding Escrow of Profits;

15     • ████████████████████████████████████████████

16        ███████████████████████████████████;

17     • MGA Consolidated Balance Sheets, December 31, 2006 [MGA

18        0868710];

19     • MGA Consolidated Statements of Cash Flows, December 31, 2006

20        [MGA 0868713];

21     • Note 3 to MGA Entertainment, Inc. Consolidated Financial Statements,

22        December 31, 2006 and 2005 [MGA 0868719];

23     • MGA Consolidated Statement of Operations, December 31, 2006

24        [MGA3710834];

25   _____

26   [1] Copies of the non-Bates numbered documents are attached as Exhibit B, excluding

27   legal filings which are not attached. Documents included in Exhibit B are denoted with an
     asterisk (*).

28

DECLARATION OF MICHAEL J. WAGNER

1  • MGA Consolidated Statement of Operations, December 31, 2007
2    [MGA3896237];
3  • MGA Consolidated Statement of Cash Flows, Nine Months Ended
4    September 30, 2008 [WACHOVIA 006437];
5  • Tab B1, Schedule 1.1 (Revised) to the Expert Report of Michael J.
6    Wagner;*
7  • Tab B2, Schedule 6.0 (Revised) to the Expert Report of Michael J.
8    Wagner;* and
9  • Attachment 4.3UU to the Expert Report of Paul K. Meyer.*

10  **It Is Inappropriate to** ███████████████████████████

11

12  5.    I have been asked to render an opinion on the appropriateness of
13  ███████████████████████████████████████. My opinion is that
14  to the extent it is appropriate to deduct these costs at all, it is not appropriate to
15  deduct in June 2009, any costs for services performed prior to June 2009, for the
16  reasons described in the following paragraphs.

17  6.    Generally Accepted Accounting Principles ("GAAP") require accrual
18  of costs during the month in which the services are provided.  The Matching
19  Principle dictates that costs be matched to the period that revenues are recognized
20  for product-related costs and for the period in which services are provided for
21  periodic costs, ███████████████████████, not directly associated
22  with product revenues.  In accrual accounting, it is irrelevant when these costs were
23  actually paid.  It is likewise not relevant when the Court made its final approval of
24  the costs.

25

26

27

28

-4-

1    7.    The Temporary Receivership began in April 27, 2009[2] and continued

2  through May 18, 2009.[3]  Therefore, ███████████████████████████

3  ████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████

9  ██████████████████████████████████████.[5]  To the extent that it is

10  appropriate to deduct any of these costs, MGA should not be allowed to deduct in

11  the June 2009 accounting, costs for services performed before June 2009.

12    8.    It should be noted that in its June 2009 accounting, MGA ████████

13  ████████████████████████████████████[7] from the amounts set

14  forth in the Temporary Receiver's Motion.  I am unaware of the reasons for this

15  difference.

16              ███████████████ **Should Not Be Deducted**

17    9.    I have been asked to render an opinion on the appropriateness of

18  ███████████████████████████████████.  As described in more detail in the

19  following paragraphs, ███████████████████ does not relate to the Bratz product line

20

21

22

23    [2] Temporary Receiver's Motion, p. 2.
24    [3] Temporary Receiver's Motion, p. 11.
25    [4] See Exhibit E for summary.
     [5] Ibid.
26    [6] Declaration of Stephen Schultz in Support of MGA Parties' Ex Parte Application &
27  Motion for Clarification of The Court's Orders Regarding Escrow of Profits, Exhibit 2.
     [7] Exhibit E.
28

                                              DECLARATION OF MICHAEL J. WAGNER

1 and therefore should not be deducted in June 2009, or any other month, as a "direct

2 or indirect cost ...associated with the production of these [Bratz] products."[8]

3      10.



12      .[13]

13      11.

---

[8] Briefing Schedule for Issued Related to the Calculation of Monthly Profits (Before Monitor per Court Order), paragraph 3.

[9] Ibid.

[10] MGA Consolidated Balance Sheets, December 31, 2006 and 2005. [MGA 0868710]

[11] Note 3 to MGA Entertainment, Inc. Consolidated Financial Statements, December 31, 2006 and 2005 [MGA 0868719].

[12] MGA Consolidated Statements of Cash Flows, December 31, 2008. [MGA 0868713]

[13] Ibid.

[14]

[15] Ibid.

[16] MGA Consolidated Statement of Cash Flows, Nine Months Ended September 30, 2008. [WACHOVIA 006437]

[17] Excerpt from

DECLARATION OF MICHAEL J. WAGNER

1  ████████████████████████████████████████████████

2  ██████████████████████████████████████████

3  ██████████████████████████████████████████

4  ██. [20]

5      12.     Based on these facts, the majority, if not all, of the ██████████

6  ██████████████████████████████████████████

7  ████████████████████████. ████████████████████

8  ████████████████████████████████

9  ██████. [21]

10     13.     I have reviewed the most recent MGA balance sheets provided to me to

11 determine ██████████████████████████. ██████████

12 ████████████████████████████████████

13 ██████████████████████████████████████████

14 ████████████████████████████████████

15 ████████████████████████████████ [23]

16     14.     Additionally, it appears Mr. Meyer, MGA's expert at trial, did not

17 ██████████████████████████████████████

18 ████████████████████████████████

19 _____

20  [18] Tab B2, Schedule 6.0 (Revised) to the Expert Report of Michael J. Wagner.

21  [19] MGA Consolidated Statement of Operations, December 31, 2007. [MGA3896237]

22  [20] Attachment 4.3UU to the Expert Report of Paul K. Meyer which shows $45.5 million in profits and Tab B1, Schedule 1.1 (Revised) to the Expert Report of Michael J.

23 Wagner which ██████████.

    [21] Attachment 4.3UU to the Expert Report of Paul K. Meyer and Tab B1, Schedule 1.1

24 (Revised) to the Expert Report of Michael J. Wagner.

    [22] See Exhibit C for summary of MGA Balance Sheets. █████████████

25 ██████████████████████████████████████

26 ████████████████████████. However, I do not have sufficient

   documentation to allow me to make this determination.

27  [23] Exhibit C.

28

1 ██████████████████████████████████████████

2 ██████████████████████████████████████████

3 ██████████████████████████████████████████

4 ██████████████████████████████████████████

5 ████████████████████.[27]

6 ██████████████████████, **Allocation to Bratz Product Line Should Not**
**Exclude Foreign Sales and Should Not be Based on Last 3 Years Sales**

15.     I have been asked to render an opinion on whether ██████████████, if allowed, should be based on the last 3 years sales ratio of Bratz products to overall consolidated U.S. sales or whether some other ratio should be used.  My opinion is ████████████████████████████, the basis for allocating should not exclude foreign sales and should not be based on the last 3 years sales.  A Monthly basis is more appropriate in this situation since the Court has ordered accounting on a monthly basis.

16.     The Monitor's Briefing Schedule Order states, "██████████████████████████████████████████████████████████████████████"[28]  Based on this description, it appears that ████████████████████████████████████████.  If this is true, on its face, this allocation method appears to understate the denominator by ████████████████████████████████████.  I have not been provided with any rationale for ████████████████████

---

[24] MGA Consolidated Statement of Operations, December 31, 2006. [MGA3710834]
[25] MGA Consolidated Statement of Operations, December 31, 2007. [MGA3896237]
[26] Attachment 4.3UU to the Expert Report of Paul K. Meyer.
[27] Ibid.
[28] Monitor's Briefing Schedule, paragraph 3.

1  :                              This is inconsistent with the method

2  that Mr. Meyer used to allocate costs to Bratz from 2001 through June 2008 at trial

3  and also inconsistent with the method I used in allocating costs during the same

4  period.  Both Mr. Meyer and I included foreign sales in total consolidated sales.

5  Until I am provided with a logical explanation of why this methodology is

6  appropriate, I do not agree that this is the appropriate basis to allocate any category

7  of direct or indirect costs.

8      17.    My opinion, based on the information provided to me as of the date of

9  this declaration, is that the proper basis

10 Bratz should not be based on the last three years of sales.  I do not believe it

11 appropriate to use the last three years sales in this calculation since Bratz clearly did

12 r                                    as explained in

13 the previous section of this declaration.  It is more appropriate to use a more current

14 timeframe, such as current year or current month sales, since a more current

15 timeframe

16                                    ;. A

17 monthly time frame is more appropriate in this situation since the Court has ordered

18 accounting on a monthly basis.

19

20         I declare under penalty of perjury under the laws of the United States of

21 America that the foregoing is true and correct.

22         Executed on August 31, 2009, in Mountain View, California.

23

24

25

26                    Michael J Wagner

27                    Michael J. Wagner

28