QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**[PUBLIC REDACTED]** | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order of January 6, 2009]<br><br>**MATTEL'S RESPONSE TO SUPPLEMENTAL DECLARATION OF WILLIAM A. MOLINSKI REGARDING MGA'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION NOS. 530 AND 531**<br><br>Hearing Date: n/a<br>Time: 10:00 a.m.<br>Place: Arent Fox LLP<br><br>**Phase 2:**<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-trial Conference: Mar. 1, 2010<br>Trial Date: Mar. 23, 2010 |

1    Filed just two days before the scheduled hearing, MGA's argumentative
2 Supplemental Molinski Declaration in Support of MGA's Motion to Compel
3 Documents Responsive to Requests for Production Nos. 530 and 531 of MGA's Fifth
4 Set of Requests for Production ("Supp. Decl.") asserts that Mattel has taken
5 inconsistent positions in connection with its discovery requests to the Omni Parties and
6 Bingham McCutcheon LLP.  Mattel respectfully submits this response.

## I. MGA'S UNTIMELY "SUPPLEMENTAL DECLARATION" IS PROCEDURALLY IMPROPER

As an initial matter, MGA's Supplemental Declaration is procedurally improper. MGA offers no justification for its last-minute filing. The Supplemental Declaration cites to two pieces of "additional evidence": Exhibit A (Mattel's Motion Objecting to Portions of Order No. 27) and Exhibit B (excerpts from the August 13, 2009 hearing before the Discovery Master). (See Supp. Decl. ¶¶ 4, 5.) Exhibit A was a Mattel brief filed long ago, on May 21, 2009, and thus readily available to MGA when it prepared its opening and reply papers, which were filed on July 29, 2009 and August 10, 2009, respectively. Exhibit B has been available for some 18 days; yet nowhere does MGA explain why it delayed until just two days before the scheduled hearing.

Even before MGA's tardy filing here, the Discovery Master had counseled against such last-minute submissions:

> The only caution . . . is that with the late declarations it deprives [the other party] of the opportunity to reply to them. I understand that you believe there are new facts here, but it does make it a little difficult, weve had these in various hearings, when the late declarations come in, this is both sides have done this[.] . . . In the future, it would be obviously—and I know you do—my assumption is that nobody's trying to sandbag the other

side on these, but it's better to get the declaration in with the moving papers, just out of fairness to the other side.[1]

The Discovery Master should decline to consider MGA's fatally late arguments for this reason alone. Ibrani v. Mabetex Project Engineering, 2002 WL 1226848, at *2 (N.D. Cal. May 31, 2002) (declining to consider supplemental declaration where "plaintiff has not offered any explanation as to why he could not have submitted the declaration in a timely manner").

## II. MGA'S CHARGES OF INCONSISTENCY ARE WITHOUT SUPPORT

Should the Discovery Master consider MGA's allegations, Mattel respectfully requests that he also consider the substance of this response set forth below. See Beaird v. Seagate Tech, Inc., 145 F.3d 1159, 1164 (10th Cir. 1998); Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404, 410 (1st Cir. 1985) (parties should be given an "an opportunity to examine and reply" to information that is newly raised).

Far from addressing "new evidence," MGA's supplemental declaration is a last-ditch effort to save MGA's flawed motion by misstating Mattel's positions. At issue here are two MGA requests for production, RFP Nos. 530 and 531. RFP No. 530 relates Mattel's payment of legal fees for third parties. As set forth more fully in Mattel's Response, RFP No. 530 seeks information that Mattel should be required to produce only if the Discovery Master reconsiders Order No. 11 that had, based on MGA's prior arguments, denied Mattel an even narrower category of such fee information from MGA and MGA is also now ordered produce such information. RFP No. 531 relates to Mattel's arrangements in paying the fees of its own trial counsel, Quinn Emanuel, and is entirely objectionable.[2]

---

[1] August 27, 2009 Hearing Tr. at 7:23-8:11, attached as Exhibit 1 to the concurrently filed Supplemental Declaration of Scott L. Watson ("Supp. Watson Decl.").

[2] See Mattel's Response to MGA's Motion to Compel Documents Responsive to Requests for Production Nos. 530 and 531 and Cross-Motion for Limited Reconsideration of Order No. 11, dated August 5, 2009 ("Mattel's Response").

1    In its supplemental declaration, MGA claims inconsistency between Mattel's
2 objections to Requests No. 530 and 531 to the arguments Mattel advanced to compel
3 Bingham's fee arrangements with Omni (which the Discovery Master compelled in
4 Order No. 52). To be sure, both sets of requests, broadly speaking, were about "fee
5 arrangements," but that does not render Mattel's positions inconsistent. And while
6 MGA touts allegations of "███████████" statements, its promise to "███████
7 ███████████" is unfulfilled. (Supp. Decl. ¶ 3.)
8    MGA's arguments about inconsistency revolve around three issues—relevance,
9 privilege and burden. MGA is incorrect as to each.
10    <u>Relevance</u>. MGA asserts that Mattel has previously argued that fee arrangements
11 may "███████████████" and posits, in conclusory fashion, that ███████
12 ███████████████████████████████." (Supp. Decl. ¶ 7).
13 This is simply incorrect. Mattel has consistently maintained that fee arrangements are
14 relevant to credibility *of potential witnesses and third parties* and even sought to reach
15 an agreement with MGA for the mutual exchange of such information. (<u>See</u> Mattel's
16 Response at 8.) That, however, does not and cannot apply to Mattel's arrangements for
17 paying *its own trial counsel*, which is plainly immaterial to Mattel's credibility. (<u>See</u>
18 Mattel's Response at 10).[3] MGA offers no response to this argument in its reply, nor
19 does it here.
20    Instead, MGA tries to recast its RFP No. 531 as relevant to third-party payments
21 by speculating that Mattel has made payments to Quinn Emanuel to represent third
22 parties or potential witnesses.[4] But MGA's RFP No. 531, as written, is simply not

---

[3] Indeed, there is not even an allegation that anyone other than Mattel is funding the fees for its own trial counsel, so there could be no argument that Mattel's testimony would be biased or skewed in favor of such a funding source.

[4] <u>See, e.g.</u>, Supp. Decl. ¶ 9 ("█████████████████████
███████████████████████████████████████
███████████████████████████████████.").

about Mattel's fee arrangement with third parties or potential witnesses: "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████." (Emphasis added; see also Mattel's Response at 9-10.) No amount of ex-post rewriting or supplemental briefing can render this request—seeking information about Mattel's fee arrangements by which Mattel itself is paying its own trial counsel—relevant to credibility or bias. Moreover, as set forth more fully in Mattel's Response, this new gloss simply renders RFP No. 531, in its entirety, duplicative of No. 530 ("████████████████████████████████████████████████████████████████"). Simply put, Mattel's credibility is not put in issue by its arrangements to pay its own legal fees for its own trial counsel.

Privilege. MGA's next charge is that Mattel, in connection with its requests to Bingham, argued that "████████████████████████████████████████." (Supp. Decl. ¶ 6; see also id. ¶¶ 4, 5.) MGA fails to cite any position Mattel has taken that is "████████████" to any other position. Mattel has taken the consistent position that fee agreements and indemnification agreements generally are not privileged, but they still must be relevant and not create undue burden to be discoverable. MGA's arrangement with Bingham to represent the Omni Parties is plainly relevant to the relationship between MGA and Omni and to the credibility and bias of these witnesses whose fees are being paid by MGA. As is apparent from the Discovery Master's recent Order No. 52 compelling Bingham to produce such information, Mattel's position is well-taken.

Moreover, that position is consistent with Mattel's objections here. As shown, MGA's request, as written, is irrelevant since its focus is entirely on Mattel's fee arrangement with its own trial counsel. And, even as recast by MGA in its Supplemental Declaration, the request is both duplicative of Request No. 530 and overly burdensome in that it would require Mattel to ████████████

1  ▮▮▮▮ for the same information which would be provided pursuant to RFP No. 530. (See Mattel's Response at 11-12).

Burden. As its final, erroneous charge of alleged inconsistency, MGA makes what is in fact an entirely new, improper sur-reply argument. It asserts that Mattel's burden objection fails because MGA's speculative claim "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." (Supp. Decl. ¶ 6.) But the passage MGA cites (only partially) for this proposition related to the scope of privilege arising from Bingham's role *as both transactional and litigation counsel*—it had nothing to do with combined invoices: "I mean, we didn't create that situation. That was that Bingham has acted as transactional counsel and is now litigation counsel. It's a little unusual for people to do that. But, certainly, it can't be used as a shield for stopping us from getting, clearly, those nonprivileged communications."[5]

Thus, contrary to MGA's erroneous claim that this "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (Supp. Decl. ¶ 6), this passage had nothing to do with any purported burden Mattel's requests would place on Bingham. Indeed, Mattel has never asked that Bingham be required to perform a line-by-line review and redact privileged or work product detail of the bills that it sent only to its clients and that were never shared with any third party.[6] As the record shows, the Discovery Master confirmed with Mattel's counsel, and Mattel concurred, that requests to Bingham would not require the exact type of endeavor of MGA is now seeking:

> Discovery Master: But, for example, *you're not asking for the detailed billings that went to clients* that outlined the work that was done and that

---

[5] August 13, 2009 Hearing Tr. at 30:19-24 (emphasis added), Supp. Watson Decl., Ex 2.

[6] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

sort of thing? You want to know who's paying the fees and the amount of the fees, but you're not asking for the invoices that would go from Bingham to their client; correct?

\* \* \*

*You're not—unless there's an allegation that the privilege has been waived and detailed bills or invoices from the law firm have been sent to third parties and, therefore, the privilege is—any privilege has been waived.* Obviously, we don't have any evidence of that at this point. *But you're not asserting the detail time sheets showing attorney work product should be produced in response to these subpoenas, unless there otherwise was a waiver?*

<u>Mattel's Counsel</u>: Correct, correct, absolutely. That's absolutely true.[7]

By contrast, MGA would require exactly the type of onerous, unduly burdensome endeavor about which the Discovery Master expressed concerns and that Mattel did not seek in its discovery from Bingham. On its face, MGA's RFP No. 531 is asking for the production of Quinn Emanuel's "detailed billings that went to clients"—*i.e.*, Mattel—and that were not shared with third parties. Given the non-existent (or marginal at best) benefit of such discovery, MGA's RFP No. 531 is unjustified. (<u>See</u> Mattel's Response at 11-12).

DATED: September 1, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel, Inc.

---

[7] August 13, 2009 Hearing Tr. at 29:20-30:1, 41:11-22 (emphasis added), Supp. Watson Decl., Ex. 2.