1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                     EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13            Plaintiff,                  Consolidated with
                                          Case No. CV 04-09059
14        vs.                             Case No. CV 05-02727

15  MATTEL, INC., a Delaware corporation,  **DISCOVERY MATTER**

16            Defendant.                   [To Be Heard By Discovery Master
                                          Robert C. O'Brien Pursuant To Order of
17  _____  January 6, 2009]

18  AND CONSOLIDATED ACTIONS             **SUPPLEMENTAL DECLARATION
                                          OF SCOTT L. WATSON IN
19                                        RESPONSE TO THE
                                          SUPPLEMENTAL DECLARATION
20                                        OF WILLIAM A. MOLINSKI
                                          REGARDING MGA'S MOTION TO
21                                        COMPEL DOCUMENTS
                                          RESPONSIVE TO REQUESTS FOR
22                                        PRODUCTION NOS. 530 AND 531**

23                                        Hearing Date:   September 3, 2009
                                          Time:           10:00 a.m.
24                                        Place:          Arent Fox LLP

25                                        **Phase 2:**
                                          Discovery Cut-off:    Dec. 11, 2009
26                                        Pre-trial Conference: Mar. 1, 2010
                                          Trial Date:           Mar. 23, 2010
27

28

07975/3082730.1

SUPP. WATSON DECL. IN RESPONSE TO SUPP. MOLINSKI DECL. RE RFPS 530 & 531

## DECLARATION OF SCOTT L. WATSON

I, Scott L. Watson, declare as follows:

1.       I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge in response to MGA's Supplemental Declaration of William A. Molinski in Support of MGA's Motion to Compel Documents Responsive to Requests for Production Nos. 530 and 531 of MGA's Fifth Set of Requests for Production, dated August 31, 2009 ("Supp. Molinski Decl.") and if called and sworn as a witness, I could and would testify competently thereto.

2.       Attached as Exhibit 1 is true and correct copy of relevant excerpts from the August 27, 2009 Hearing Transcript.

3.       Attached as Exhibit 2 is true and correct copy of relevant excerpts from the August 13, 2009 Hearing Transcript.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 1, 2009, at Los Angeles, California.


/s/ Scott L. Watson
Scott L. Watson

07975/3082730.1

-1-
SUPP. WATSON DECL. IN RESPONSE TO SUPP.  MOLINSKI DECL. RE RFPS 530 & 531

# **Exhibit 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION


CARTER BRYANT, an individual,

      Plaintiff,

   vs.

MATTEL, INC., a Delaware
corporation,

      Defendants.

No. CV 04-9049 SGL (RNBx)
Consolidated with
Nos. CV 04-9405 and
05-2727

CERTIFIED
COPY

_____
AND CONSOLIDATED ACTIONS.
_____


REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Thursday, August 27, 2009


Reported by:
CHERYL R. KAMALSKI
CSR No. 7113

Job No. 118895

EXHIBIT _____ 1

PAGE _____ 2



1                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
2                         EASTERN DIVISION

3

4       CARTER BRYANT, an individual,

5              Plaintiff,

6          vs.                        No. CV 04-9049 SGL (RNBx)
                                      Consolidated with
7       MATTEL, INC., a Delaware      Nos. CV 04-9405 and
        corporation,                  05-2727
8
               Defendants.
9

10

11      _____

12      AND CONSOLIDATED ACTIONS.
        _____

13

14

15

16          REPORTER'S TRANSCRIPT OF PROCEEDINGS, taken at

17      555 West Fifth Street, Suite 4800, Los Angeles,

18      California, beginning at 10:07 a.m. and ending at

19      11:48 a.m. on Thursday, August 27, 2009, before

20      CHERYL R. KAMALSKI, Certified Shorthand Reporter No. 7113.

21

22

23

24

25

EXHIBIT _____ 1 _ 2

```
1   APPEARANCES:

2

3   Discovery Master:

4         ROBERT C. O'BRIEN
          Attorney at Law
5         555 West Fifth Street, Suite 4800
          Los Angeles, California 90013-1065
6         (213) 629-7400

7   For Defendant Mattel, Inc.:

8         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
          BY:  MICHAEL T. ZELLER
9         BY:  B. DYLAN PROCTOR
          BY:  SUSAN ESTRICH
10        Attorneys at Law
          865 South Figueroa Street, 10th Floor
11        Los Angeles, California 90017
          (213) 624-7707
12
          MATTEL, INC.
13        BY:  MICHAEL MOORE
          Expert Counsel
14        333 Continental Boulevard
          El Segundo, California 90245-5012
15        (310) 252-2000

16  For Defendants MGA and Isaac Larian:

17        ORRICK, HERRINGTON & SUTCLIFFE LLP
          BY:  ANNETTE L. HURST
18        BY:  FRANK D. RORIE, JR.
          Attorneys at Law
19        405 Howard Street
          San Francisco, California 94105
20        (415) 773-4585

21  Also Present:

22        CRAIG HOLDEN

23

24

25
```

**TRANSCRIPT OF PROCEEDINGS**                               08/27/09

```
 1          Los Angeles, California, Thursday, August 27, 2009

 2                    10:07 a.m. - 11:48 a.m.

 3

 4          MR. O'BRIEN:  Let's go on the record and have

 5  counsel make their appearances and then we'll get started.

 6          MS. HURST:  Annette Hurst for the MGA parties.

 7          MR. RORIE:  Frank Rorie for the MGA parties.

 8          MR. HOLDEN:  Craig Holden for MGA.

 9          MR. ZELLER:  Mike Zeller for Mattel.

10          MR. PROCTOR:  Dylan Proctor for Mattel.

11          MS. ESTRICH:  Susan Estrich for Mattel.

12          MR. MOORE:  Michael Moore for Mattel.

13          MR. O'BRIEN:  All right.  Thank you.

14          Again, good morning.  I think we have three

15  motions that are on calendar today.  Before we get to

16  those, let me just raise a housekeeping issue.  We have an

17  ex parte application regarding the Kadisha deposition.  I

18  think that was brought by the Bingham firm.  Is that

19  correct?

20          MS. HURST:  Correct.

21          MR. O'BRIEN:  They're not here today, but just so

22  that the folks who are here today understand, there is a

23  reply coming at noon, based on the last e-mail traffic I

24  saw.  So we'll take a look at the reply.  I understand

25  that the deposition is set for tomorrow, so I'll try and
```

TRANSCRIPT OF PROCEEDINGS                    08/27/09

1   motions, I want to make sure that everyone is on the same

2   page.  We have the Motion for Additional Time to Conduct

3   the Deposition of Isaac Larian filed by Mattel and the

4   cross-motion of the MGA parties for a protective order

5   limiting the scope of the examination for the deposition

6   of Mr. Larian.  We'll hear that first.

7          The second motion that I have is the Motion to

8   Compel Previously Collected Custodial Information of

9   Produced Documents and Require Future Collection and

10  Production of Custodial Data filed by MGA and a cross-

11  motion on the same issue by Mattel.  Although I do note in

12  the various briefs by both parties both parties use

13  various definitions of what I think is the custodial data,

14  sometimes it's called electronic data, sometimes it's

15  called ESI, sometimes it's called custodian, sometimes

16  it's called custodial, but I think everybody is referring

17  to the same material.  So that's how we'll reference the

18  motion, but -- I think those cross-motions are all

19  referring to the same thing.  Although if I'm wrong, I

20  know somebody will point that out today.

21          The third motion is the Motion to Compel Further

22  Responses to MGA's First Set of Phase 2 Interrogatories

23  and Second Set of Phase 2 Requests For Production filed by

24  MGA.

25          So what I'd like to do is start with the Larian

1    deposition motion.  I'll have Mattel address that, since

2    it was their motion to seek additional time, but I'll make

3    sure, since there was a cross-motion, that everybody has

4    plenty of opportunity to be heard, as has been my

5    practice.

6          So, Mr. Zeller, do you want to address that

7    issue?

8          MR. ZELLER:  Yes.  And I'll be very brief.

9          Obviously we've discussed these issues pretty

10   extensively in the papers.  I did want to mention that we

11   had filed a couple of supplemental declarations yesterday,

12   and these are documents that we had received on August

13   21st, 2009 from MGA.  These are denominated the

14   Supplemental Zeller Declaration and the Supplemental

15   Proctor Declaration.

16         MR. O'BRIEN:  I have the Zeller declaration, I

17   didn't see the Proctor declaration, but I think these came

18   in last night.

19         MR. ZELLER:  Yes.  They should have come in

20   together.

21         MR. O'BRIEN:  Which I'm sure they did.  I've read

22   your declaration.  I'll let you address the information in

23   the Proctor declaration.  The only caution -- I say this

24   because I know, or I'm guessing that Ms. Hurst will have

25   something to say about this -- is that with the late

1   declarations it deprives MGA of the opportunity to reply

2   to them.  I understand that you believe there are new

3   facts here, but it does make it a little difficult, we've

4   had these in various hearings, when the late declarations

5   come in, this is both sides have done this, I try to read

6   everything, but I will give Ms. Hurst and MGA a chance to

7   respond to those today.  In the future, it would be

8   obviously -- and I know you do -- my assumption is that

9   nobody's trying to sandbag the other side on these, but

10  it's better to get the declaration in with the moving

11  papers, just out of fairness to the other side.  That goes

12  for MGA as well.  Having said that, I've read your

13  declaration.  I'll let you fill me in on what -- or

14  Mr. Proctor can do it himself, although we won't swear him

15  in, and tell us what's in that declaration or I can go get

16  it, and then I'll certainly provide MGA a chance both to

17  object to it if that's what you choose to do and also to

18  make any arguments you want.

19         MS. HURST:  Thank you.

20         MR. O'BRIEN:  And we'll give it the consideration

21  that a night-before-the-hearing declaration should get.

22         MR. ZELLER:  Fair.  I think those are all

23  certainly fair points.  I mean, I will say that with

24  respect to the documents that are attached to these

25  declarations, these were ones that we received late on

1    August 21st from MGA.  These were the documents that, I

2    mean, frankly, we had been seeking for years and they had

3    been previously compelled.  These were documents, as well,

4    that the Discovery Master will recall had been ordered for

5    in camera submission, and then upon further review by

6    MGA's counsel, MGA's counsel produced these documents.  So

7    these are documents that go back some period of time.  I

8    mean, I certainly apologize for the timing of it.

9            MR. O'BRIEN:  No reason to apologize.

10           MR. ZELLER:  Sure.  But I did want to make it

11   clear that these are documents that we had been seeking

12   for some period of time.  We think that they do bear on

13   the decision that will be made here today about

14   Mr. Larian's deposition.

15           What is attached to the Supplemental Proctor

16   Declaration is an e-mail chain between Isaac Larian and

17   Victoria O'Connor, it's dated October of 2002.  Part of it

18   had been produced before, and we actually -- it was a very

19   prominent trial exhibit during the phase 1 trial.  The

20   part that was previously produced was, basically, an

21   exchange between Isaac Larian and a journalist, and the

22   journalist asked, in October of 2002, when was Bratz born,

23   and Isaac Larian said that Bratz was born in September of

24   2000, which is obviously a time when Carter Bryant was

25   employed by Mattel.  So the part of the e-mail chain that

EXHIBIT _____ 9

1    the ex parte.

2              I want to thank all the counsel for their

3    excellent argument.  I think it was Ms. Estrich's first

4    argument and Mr. Rorie's first argument, so thank you, and

5    the rest of you all did a great job as well.  So we will

6    see you -- I think we have a hearing scheduled next week.

7              MR. ZELLER:  Yes.

8              MR. O'BRIEN:  Next Tuesday or Thursday.

9              I will see all, or a subset of you next Thursday.

10   Have a great weekend and week.

11   ///

12   ///

13

14

15

16

17

18

19

20

21

22

23

24

25

1          I, the undersigned, a Certified Shorthand

2   Reporter of the State of California, do hereby certify:

3          That the foregoing proceedings were taken

4   before me at the time and place herein set forth; that

5   any witnesses in the foregoing proceedings, prior to

6   testifying, were duly sworn; that a record of the

7   proceedings was made by me using machine shorthand

8   which was thereafter transcribed under my direction;

9   that the foregoing transcript is a true record of the

10  testimony given.

11         Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [  ] was [  ] was not requested.

15         I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18         IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated: _____AUG 2 8 2009_____

22

23                        _Cheryl R. Kamalski._

                              CHERYL R. KAMALSKI

24                                CSR No. 7113

25

EXHIBIT ____1____

PAGE ____\1\1____

# Exhibit 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an
individual,

        Plaintiff,

    vs.

MATTEL, INC., a Delaware
corporation,

        Defendant.

AND CONSOLIDATED ACTIONS.

No. CV 04-9049 SGL (RNBx)
Consolidated with
Nos. 04-9059 and 05-2727

**CERTIFIED
COPY**

TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Thursday, August 13, 2009

Reported by:
THERESA TRANG MCDOUGALL
CSR No. 11952

Job No. 116948

EXHIBIT _____ 2

PAGE _____ 12

```
 1                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
 2                       EASTERN DIVISION

 3

 4   CARTER BRYANT, an
     individual,
 5
                      Plaintiff,
 6
         vs.                        No. CV 04-9049 SGL (RNBx)
 7                                  Consolidated with
     MATTEL, INC., a Delaware       Nos. 04-9059 and 05-2727
 8   corporation,

 9                    Defendant.

10   AND CONSOLIDATED ACTIONS.

11

12   _____

13

14            Transcript of Proceedings, taken at

15   555 West 5th Street, 48th Floor, Los Angeles,

16   California, beginning at 10:13 a.m., and adjourning

17   at 11:11 a.m., on Thursday, August 13, 2009, before

18   Theresa Trang McDougall, Certified Shorthand Reporter

19   No. 11952.

20

21

22

23

24

25
```

```
1    APPEARANCES:
2
     Discovery Master:
3
             ROBERT C. O'BRIEN
4            ARENT FOX
             555 West Fifth Street, 48th Floor
5            Los Angeles, California 90013-1065
             213.629.7400
6            obrien.robert@arentfox.com
7
     For Third Party OMNI 808:
8
             BINGHAM McCUTCHEN LLP
9            BY:  TODD E. GORDINIER
                  PETER N. VILLAR
10           Attorneys at Law
             Plaza Tower, 18th Floor
11           600 Anton Boulevard
             Costa Mesa, California 92626-1924
12           714.830.0640
             todd.gordinier@bingham.com
13           peter.villar@bingham.com
14
     For Defendant MATTEL, INC.:
15
             QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
16           BY:  MICHAEL T. ZELLER
                  JOHN B. QUINN
17           Attorneys at Law
             865 South Figueroa Street, 10th Floor
18           Los Angeles, California 90017
             213.624.7707
19           michaelzeller@quinnemanuel.com
             johnquinn@quinnemanuel.com
20
             MATTEL, INC.
21           BY:  JILL E. THOMAS
             Assistant General Counsel
22           333 Continental Boulevard
             El Segundo, California 90245-5012
23           310.252.2000
24
25
```

EXHIBIT 2 3

PAGE 14

```
 1     APPEARANCES - (Continued)

 2

       For Defendant MGA:
 3

               ORRICK HERRINGTON & SUTCLIFFE LLP
 4             BY:  WILLIAM A. MOLINSKI
               Attorney at Law
 5             777 South Figueroa Street, Suite 3200
               Los Angeles, California 90017-5855
 6             213.612.2256
               wmolinski@orrick.com
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

4

EXHIBIT    2

PAGE    15

```
1        Los Angeles, California, Thursday, August 13, 2009
2                    10:13 a.m. - 11:11 a.m.
3
4        MR. O'BRIEN:  We'll go on the record now.
5             And I'll ask Counsel to state their
6    appearances, starting with Mr. Gordinier.
7        MR. GORDINIER:  Todd Gordinier for Omni 808.
8        MR. VILLAR:  Peter Villar on behalf of Omni 808.
9        MR. MOLINSKI:  Bill Molinski on behalf of the MGA
10   parties.
11       MR. QUINN:  John Quinn on behalf of Mattel.
12       MR. ZELLER:  Mike Zeller for Mattel.
13       MR. THOMAS:  Jill Thomas, in-house counsel for
14   Mattel.
15       MR. O'BRIEN:  Thanks.  Welcome everyone.
16            Today -- Peter, you work at -- you're at
17   Bingham; right?
18       MR. VILLAR:  Yes.
19       MR. O'BRIEN:  Mr. Gordinier, Peter had his first
20   argument last week and did a great job, so I
21   compliment you and your colleagues.
22            Today, we have two motions on calendar.  The
23   first is the motion for reconsideration of Order
24   No. 27, which addresses the motion to compel documents
25   from Bingham that was the subject of Judge Larson's
```

EXHIBIT _____  2

PAGE _____  16

1   those links until we get to Larian.  And I would

2   submit that this is an important point because they

3   are quite clearly trying to suggest that somehow, if

4   Larian put himself one more layer back or two more

5   layers back or any number of layers back, we're done;

6   we don't get discovery on that.  And that's absolutely

7   their argument here.  And I just don't think that's at

8   all tenable or consistent with the allegations in the

9   Third Amended Answer and Counterclaims.

10          I think that pretty much addresses the points

11  that I had in mind, at least, from the supplemental

12  briefing, but I'm happy to answer your questions.

13      MR. O'BRIEN:  As far as the breadth of the

14  request, there's clearly an issue now, from the papers

15  on both sides, that Bingham -- and I think this was

16  referenced by Mr. Villar in the last hearing, that

17  Bingham served as transactional counsel but now is

18  serving as litigation counsel, has a litigation hat

19  on.

20          You're not suggesting that attorney-client

21  privilege documents between Bingham and their clients

22  be produced here, A; and B, documents relating to

23  their litigation of these subpoenas?  You're looking

24  for the documents relating to the transactions; is

25  that correct?

1        MR. ZELLER:  That's true.

2        MR. O'BRIEN:  So there's a limit on this.  So the

3    idea is you don't want Mr. Gordinier's communications

4    with Mr. Villar or anybody else regarding the hearings

5    and representing any of the entities that are the

6    subject of the subpoena, to the extent that they're

7    defending those parties against the subpoenas here in

8    this case; correct?

9        MR. ZELLER:  That's true.

10       And the one caveat I would say is this --

11   which relates to the fee agreements, and probably the

12   only reason I raise it is that we don't even know what

13   these fee agreements are.  I mean, they are not

14   privileged in themselves.  And the communications

15   about them are not privileged, that is talking about

16   the substance.  So I don't if those have been amended;

17   I don't know if people have been added; I don't know

18   how that is.  But even in the litigation context,

19   that's at least a somewhat different situation.

20       MR. O'BRIEN:  But, for example, you're not asking

21   for the detailed billings that went to clients that

22   outlined the work that was done and that sort of

23   thing?  You want to know who's paying the fees and the

24   amount of the fees, but you're not asking for the

25   invoices that would go from Bingham to their client;

1    correct?

2          MR. ZELLER:  That's true, assuming --

3          MR. O'BRIEN:  Assuming they are privileged --

4          MR. ZELLER:  Right.

5          MR. O'BRIEN:  -- and hasn't been waived.

6          MR. ZELLER:  That they didn't go to MGA.  Let me

7    just give an example.  And this is, I think, one we

8    talked about in our papers.  Clearly, if a complete

9    copy of the bill goes to MGA, I mean, that just

10   couldn't be privileged and it should be produced.

11         One thing I would emphasize, as I think about

12   the fee agreement issue -- because it is a little bit

13   different; I mean, obviously, yes.  What we're looking

14   for are these transactional documents.  And we're not

15   asking for privileged information.

16         One subset of what is not privileged, even

17   though it does sort of bleed into this issue about

18   litigation counsel -- which is, by the way, we're not

19   arguing.  I mean, we didn't create that situation.

20   That was that Bingham has acted as transactional

21   counsel and is now litigation counsel.  It's a little

22   unusual for people to do that.  But, certainly, it

23   can't be used as a shield for stopping us from

24   getting, clearly, those nonprivileged communications.

25         But where it does get, I think, a little bit

1   more complicated deals with the fee agreements.  We

2   just don't know enough, is part of the problem.  I

3   mean, I think on that particular issue, you know, they

4   should produce what it is that's not privileged.

5          And, you know, we can take it from there,

6   because we're certainly not saying, you know -- as the

7   example he just gave -- if the only bills that ever go

8   to their clients, you know, we're not asking for those

9   details.  I mean, that would be -- you know, that, we

10  believe, would be something that would, you know --

11  without knowing much more, but at least potentially

12  and quite likely to be privileged, if that, I think --

13  I hope answers your question.

14          But I will say -- and I did want to give this

15  sort of an example of what had happened in the past,

16  because Bingham suggested at least at one point in

17  their papers -- and I can't recall if they reiterated

18  this in the supplement, but it's also important for us

19  to know what the terms of these agreements are.

20          And the example that I'll give was Carter

21  Bryant's agreements.  I mean, we obviously had a fair

22  amount of the litigation, as you've seen in the

23  orders, over obtaining the fee agreement information

24  between MGA and Carter Bryant.  And at the end of the

25  day, there was a term in there.  And it was revealed

1          And I would say in particular, the reason

2     it's relevant is -- particularly relevant in this

3     situation, even thought they try to distinguish the

4     party/nonparty situation -- is that it shows that

5     there is the relationship.  And Judge Larson's

6     July 9th order makes clear, in two different places,

7     the relationship between these various individuals and

8     entities is directly at issue, because of the fact

9     that the dispute is, was this arm's length?  Was it

10    something else?

11         MR. O'BRIEN:  Let me just address this issue of

12    530 and 531.  I don't want to prejudge that motion

13    because it's pending.  And I'm not sufficiently versed

14    in it to bring it up.  So as far as that argument

15    goes, I understand your reference to it,

16    Mr. Gordinier, and you feeling like you have to

17    respond to it.  But I don't want to get too deep into

18    530 and 531 and whether those documents should be

19    produced or not produced because, you know, it's not

20    before us today.

21         MR. MOLINSKI:  Mr. O'Brien, if I may, for one

22    second, I would chime in on that because I'll be

23    addressing that issue.  And contrary to the

24    assertions, it is the same issue.  But I don't think

25    we should be prejudging that issue today.

1    MR. O'BRIEN:  Let's deal with that motion when we
2  deal with the motion.  And certainly at that time,
3  Mr. Molinski, if Quinn Emanuel or Mattel has taken
4  inconsistent positions in their various briefs and
5  pleadings, my guess is that you'll --
6    MR. MOLINSKI:  You'll be hearing about a lot of
7  what was said here today.
8    MR. O'BRIEN:  -- bring that to my attention.  So
9  let's leave that.
10      The second issue is -- I just want to clarify
11  again.  You're not -- unless there's an allegation
12  that the privilege has been waived and detailed bills
13  or invoices from the law firm have been sent to third
14  parties and, therefore, the privilege is -- any
15  privilege has been waived.  Obviously, we don't have
16  any evidence of that at this point.
17      But you're not asserting the detail time
18  sheets showing attorney work product should be
19  produced in response to these subpoenas, unless there
20  otherwise was a waiver?
21    MR. ZELLER:  Correct, correct, absolutely.  That's
22  absolutely true.
23      And I will say in response to the various
24  categories of arguments that -- that the Omni party --
25  excuse me -- that Bingham currently makes, is that

1    everything has been produced, there's nothing else

2    there; there's nothing under the mattress; that, you

3    know -- that we have everything; that this is all

4    covered by privilege; it's overbroad.

5          I mean, that is completely inconsistent with

6    Judge Larson's order in this respect, which is on

7    Page 4, he says -- Judge Larson says, "Although Mattel

8    bears an initial burden of establishing relevancy, the

9    party resisting discovery thereafter has the burden of

10   establishing that discovery should be denied.

11         So then, of course, he also cites a

12   particular Ninth Circuit case where someone's mere

13   assertion at a deposition -- whether discovery would

14   bee cumulative, was insufficient to sustain that

15   burden because you have to establish it by specific

16   proof.  There is no proof here.  There's just

17   assertions.  Assertions that is duplicative,

18   assertions that we have everything, assertions that

19   there's nothing else left that Bingham has, assertions

20   that there's lots of privileged materials.

21         That is not proof.  And that's why I believe

22   that the standards laid down by Judge Larson in the

23   July 9th order show that -- that this discovery needs

24   to be compelled.  And, in particular, this idea that

25   something that -- if it covers something that could be

```
 1    Larson.
 2          MR. GORDINIER:  Oh, that's right.  That --
 3          MR. O'BRIEN:  Oh, I did see that order.
 4          I don't think I'll preempt the judge on that
 5    day.
 6          All right.  Thank you all very much for the
 7    argument.  Have a great weekend and we'll see you
 8    again soon.
 9          MR. ZELLER:  Thank you.
10          MR. QUINN:  Thank you.
11          (Proceedings adjourned at 11:11 a.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1    I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby certify:

3    That the foregoing proceedings were taken

4    before me at the time and place herein set forth; that

5    any witnesses in the foregoing proceedings, prior to

6    testifying, were duly sworn; that a record of the

7    proceedings was made by me using machine shorthand

8    which was thereafter transcribed under my direction;

9    that the foregoing transcript is a true record of the

10   testimony given.

11   Further, that if the foregoing pertains to

12   the original transcript of a deposition in a Federal

13   Case, before completion of the proceedings, review of

14   the transcript [  ] was [  ] was not requested.

15   I further certify I am neither financially

16   interested in the action nor a relative or employee

17   of any attorney or party to this action.

18   IN WITNESS WHEREOF, I have this date

19   subscribed my name.

20

21   Dated: _____AUG 17 2009_____

22

23   _____

     THERESA TRANG McDOUGALL

24   CSR No. 11952

25

EXHIBIT _____2_____

PAGE _____25