Robert C. O'Brien (SBN 154372)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
obrien.robert@arentfox.com

Discovery Master

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC.<br><br>**CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO COURT ORDER** | Case No. CV 04-09049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**PHASE 2 DISCOVERY MATTER**<br><br>**ORDER NO. 54, REGARDING:**<br><br>***EX PARTE* APPLICATION OF NON-PARTY NEIL KADISHA FOR A PROTECTIVE ORDER** |

1    This Order sets forth the Discovery Master's ruling on Non-Party Neil
2 Kadisha's *Ex Parte* Application For A Protective Order ("Application").  The
3 Discovery Master, having considered the Application, the Opposition to the
4 Application filed by Mattel, Inc. ("Mattel"), and Mr. Kadisha's Reply in Support of
5 the Application, rules as follows:

6    Mr. Kadisha's deposition has been the subject of three prior orders by the
7 Discovery Master.  In Order No. 33, I denied Mr. Kadisha's Motion to Quash the
8 deposition subpoena propounded by Mattel and ordered that he sit for his
9 deposition within 45 days.  (Order No. 33, p. 59).

10    Shortly before the expiration of this deadline, Mr. Kadisha requested that I
11 extend the time for him to appear for his deposition to September, 2009.  (Order
12 No. 43, p. 1).  On July 30, 2009, I ordered him to sit for deposition within 10 court
13 days.  (*Id*., p. 2).

14    On August 3, 2009, counsel for Mr. Kadisha again requested an extension on
15 his behalf, because that he was out of the country until August 22, 2009.  (Order
16 No. 44, p. 1).  Based on this representation, I granted the extension but ordered Mr.
17 Kadisha to sit for his deposition this week.  (*Id*.).  The parties then agreed that the
18 deposition would proceed on Friday, August 28, 2009.  (Application, p. 1).

19    Three days before he was obligated to appear for his deposition, Mr. Kadisha
20 filed the present Application.  (*Id.*, p. 11).  The Application requests that I limit the
21 scope of his deposition to questions about Omni 808 Investment, LLC's ("Omni
22 808") acquisition of the Wachovia note (i.e., the Debt Acquisition) and "any
23 sources of funding provided by Omni 808 to MGA."  (*Id*., p. 6).  Mr. Kadisha
24 claims that this is consistent with the language of Order No. 33.  (*Id*., p. 11).

25    While Mr. Kadisha is technically correct, his argument overlooks the fact
26 that Mattel's Third Amended Answer and Counterclaims ("TAAC") was filed three
27 days *after* I issued Order No. 33.  The filing of the TAAC comprises a significant
28 development because Mr. Kadisha is a principal of Omni 808, (*See* Order No. 33,

p. 26), and both he and Omni 808 are identified in the TAAC as RICO co-conspirators who engaged in a pattern or racketeering activity along with Isaac Larian and MGA Entertainment, Inc. ("MGA"). (*See, e.g.,* TAAC, ¶¶ 136 and 138).

For example, the TAAC alleges as follows:

- "[B]eginning at least as early 2007 . . . Counter-defendants MGA, MGA Entertainment (HK) Limited and Larian, as well as . . . *Omni 808*. . . [and] *Neil Kadisha* . . . and others acting in concert with or on behalf of the foregoing, were employed by and associated-in-fact with another enterprise engaging in, and the activities of which affect, interstate and foreign commerce (the 'IGWT Criminal Enterprise')." (*Id.*, ¶ 136 [emphasis added]);
- "In addition, MGA, MGA, MGA Entertainment (HK) Limited, Larian . . . *Omni 808* . . . [and] *Neil Kadisha* . . . and each of them, for the purpose of executing and attempting to execute the scheme to infringe Mattel's rights and transfer, transport or launder the ill-gotten gains from their infringements and the MGA and Bratz Criminal Enterprises' thefts and infringements, and secret MGA assets and purportedly obtain priority over Mattel, by means of tortious, fraudulent, and criminal conduct, did and do unlawfully, willfully, and knowingly conduct and participate . . . . in the conduct of the IGWT Criminal Enterprise's affairs through *a pattern of racketeering activity*." (*Id.*, ¶ 138 [emphasis added]); and
- ". . . Larian has employed, directly or indirectly, other co-conspirators to directly and indirectly carry out his intentional wrongdoing . . . including without limitation . . . *Neil Kadisha* . . . [and] *the Omni Parties* . . ." (*Id.*, ¶ 19 [emphasis added]).

These allegations demonstrate that there are additional acts now at issue in Phase 2 with respect to Mr. Kadisha and Omni 808 beyond the Debt Acquisition

...

1  and funding transactions he acknowledges are relevant.

2  Because the filing of the TAAC has expanded the number of relevant issues to include an alleged "pattern of racketeering activity," limiting Mr. Kadisha's deposition to the narrow subjects set forth in Order No. 33 (i.e., the Debt Acquisition and any additional funding Omni 808 has provided to MGA, including with respect to the Note) is not appropriate.  The proper scope of the deposition is instead limited to "any nonprivileged matter that is relevant to any party's claim or defense,"[1]  (Fed. R. Civ. P. 26(b)), which, by definition, includes the TAAC. Therefore, Mattel may seek to discover information from Mr. Kadisha relating to the allegations in the TAAC.

This ruling is supported by the Court's July 9, 2009 Order.  In pertinent part, it found that the TAAC "significantly heighten[ed]" the relevancy of issues related to "parties represented by Bingham," including how they "*may be related, the formation of certain of those entities, and other issues implicated by Mattel's requests*."  (July 9, 2009 Order, p. 5 [emphasis added]).

Accordingly, the Discovery Master **ORDERS** as follows:

1. The Application is **DENIED**.
2. Mr. Kadisha shall appear for his deposition on August 28, 2009.
3. Mattel may depose Mr. Kadisha on any issues reasonably calculated to lead to the discovery of admissible evidence concerning the allegations in the TAAC.
4. Notwithstanding the foregoing, Mattel's request for sanctions is denied.  Sanctions are not appropriate because Mr. Kadisha was entitled to bring

//
//
//

---

[1] "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence" it is appropriate.  (*Id*.).

1  this *ex parte* application seeking guidance from the Discovery Master in light of the
2  language of Order No. 33.

Dated: August 27, 2009

By: /s/ Robert C. O'Brien
ROBERT C. O'BRIEN
Discovery Master