| | |
|---|---|
| 1 | MELINDA HAAG (State Bar No. 132612) |
| | mhaag@orrick.com |
| 2 | ANNETTE L. HURST (State Bar No. 148738) |
| | ahurst@orrick.com |
| 3 | WARRINGTON S. PARKER III (State Bar No. 148003) |
| | wparker@orrick.com |
| 4 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | The Orrick Building |
| 5 | 405 Howard Street |
| | San Francisco, CA 94105 |
| 6 | Telephone: +1-415-773-5700 |
| | Facsimile: +1-415-773-5759 |
| 7 | |
| 8 | WILLIAM A. MOLINSKI (State Bar No. 145186) |
| | wmolinski@orrick.com |
| 9 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 777 South Figueroa Street, Suite 3200 |
| 10 | Los Angeles, CA 90017 |
| | Telephone: +1-213-629-2020 |
| | Facsimile: +1-213-612-2499 |
| 11 | |
| 12 | Attorneys for MGA Parties |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with:<br>CV 04-9059<br>CV 05-2727 |
| v. | |
| MATTEL, INC., a Delaware Corporation | **DISCOVERY MATTER** |
| Defendant. | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
| AND CONSOLIDATED ACTIONS | MGA PARTIES' REPLY IN SUPPORT OF CROSS-MOTION FOR PROTECTIVE ORDER ALTERING DEPOSITION LIMITS TO SET AN OVERALL HOURS LIMIT |

- 1 -

REPLY TO CROSS-MOTION REGARDING HOURS-BASED
DEPOSITION LIMIT
CV-04-9049 SGL (RNBx)

# ARGUMENT

## I. MGA PARTIES' CROSS-MOTION TO ALTER THE LIMITS OF RULE 30 BY SETTING AN HOURS LIMIT SHOULD BE GRANTED.

Mattel contends that MGA has failed to show good cause for a protective order altering the deposition limit so that it is expressed as 70 hours per side, and further objects to this hours-based restriction as unfair and abusive. Mattel's contention is incorrect and its objection insincere in light of its own motion. The protective order should be granted.

### A. There Is Good Cause To Alter The Deposition Limit So That It Is Expressed As An Hours-Per-Side Limitation.

On August 31, 2009, the Court denied Mattel's motion to extend the schedule in this case, keeping the discovery cutoff at December 11, 2009. 8/31/09 Hearing Tr. 32: 18-20. Both parties agree that more than ten depositions per side are warranted, and the parties have been unable to come to any agreement about how to count depositions generally (including additional depositions of witnesses previously deposed and non-parties beyond the reach of a trial subpoena whose testimony must be taken by both sides), how to count witnesses produced in response to 30(b)(6) deposition notices, or whether expert depositions are subject to any particular limits. The amount of work to be done between now and the December 11, 2009 discovery cutoff is significant, and prioritization and efficiency are required. In fact, Judge Larson has indicated he wants the parties to be efficient, saying Mattel and MGA "hold the ability to keep this thing under control in your hands by getting the discovery that Mattel is entitled to [a]nd vice versa." *Id*. at 32:19-33:2. These circumstances plainly demonstrate good cause to alter the limits to force the parties to focus on efficient preparation of the case for summary judgment and trial. A side-based hours limit is exactly the way to accomplish the task.

1   Once each side is limited to a total of 70 deposition hours, that side is responsible for monitoring its hours and using them effectively. Counting issues evaporate completely. Notice issues evaporate completely. Each side will have to distill what information it truly needs to mount its claim and defenses, and then prioritize the depositions of the witnesses from which it seeks this information.

Mattel also objects to MGA's included order that no witness be examined for more than 7 hours of the 70, arguing that MGA has not established good cause for that limitation. Mattel has it exactly backwards. Seven hours per witness is the presumptive limit under Rule 30. It requires no good cause to support it—rather, if Mattel seeks to alter that limit (as it has in the case of Messrs. Larian and Brawer), it must demonstrate good cause. MGA simply seeks to follow the Rules.

MGA does not rest its cross-motion for protective order on "bare allegations of irrelevance or unnecessary burden." The parties agree that the complexity of the case warrants more than ten depositions, there are known disputes about how to count the depositions, and the schedule of the case requires the parties to put a premium upon efficiency. An hours-per-side limitation is exactly the right way to approach the situation. Courts frequently use hours-per-side limitations as a tool to require the parties to efficiently present their cases at trial, and preparation of this case should be done in no different a fashion. *E.g. Los Angeles Memorial Coliseum Com'n v. National Football League*, 726 F.2d 1381, 1386 (9th Cir. 1984) ("The trial was bifurcated [and] in the liability portion, counsel were limited to 40 hours of trial time per side in an effort to narrow the matters presented."); *see Amarel v. Connell*, 102 F.3d 1494, 1514 (9th Cir. 1996) ("The case law makes clear that where a district court has set reasonable time limits [for time management purposes] and has shown flexibility in applying them, that court does not abuse its discretion").

**B.     Mattel's Objection That An Hours-Per-Side Limitation Invites Abuse Is Disingenuous At Best.**

Mattel argues that "[neither] party should have the ability, or has the need, to depose and indefinite number of people without a showing of cause or justification" (Declaration of Annette L. Hurst in Support of MGA Parties' Opposition to Mattel's Motion for Leave to Take Additional Depositions ("Hurst Decl." Ex. D), yet Mattel seeks just such unchecked discovery with its Motion.  In its Motion, Mattel asks for leave to depose a *minimum* of 32 witnesses—a total that counts neither 30(b)(6) witnesses nor most party witnesses, including those that have previously been deposed (it has requested 4 party witnesses for deposition so far—Isaac Larian, Ron Brawer, Edmund Lee and Patrick Ma).  In fact, Mattel has sought to have no limit at all on 30(b)(6) witnesses—a proposition expressly rejected by Judge Larson during Phase 1.  *See* Hurst Decl. ¶2.  If any party here is advocating a virtually limitless number of depositions, it is Mattel.  And the depositions it seeks largely concern matters regarding the Wachovia debt acquisition, which the Court has already characterized as "getting us farther afield from what was the core of that second phase."  8/31/09 Hearing Tr. 11:6-12:6.  Mattel's argument that MGA improperly seeks too many deposition must therefore be viewed with significant scrutiny.

Mattel asserts that if MGA's Cross-Motion is granted, "MGA could choose to depose 70 witnesses for one hour [resulting in] 60 depositions beyond those allowed by the Rules."  Opp. at 15.  Mattel further argues that the hours-per-side limitation "permit[s] harassment of innumerable witnesses."  Opp. at 15.  Mattel apparently thinks MGA capable of the impossible realization of Zeno's paradox, since a 70-hour limit must obviously result in a discrete set of *numerable* deponents.  In fact, this objection is premised upon the faulty assumption that MGA has no desire to prove or defend its case.  Mattel seems to think this deposition strategy would be preposterous, and it is—which is precisely why MGA has no

REPLY TO CROSS-MOTION REGARDING HOURS-BASED DEPOSITION LIMIT
CV-04-9049 SGL (RNBx)

1  intention of pursuing it.  Though theoretically possible, this tack is obviously
2  dangerously incompetent if not outright useless.
3       Accordingly, there is no basis for any assertion that MGA wishes to
4  eschew its proof of its claims and defense of Mattel's claims in favor of a random
5  list of innumerable witnesses.  What MGA wishes to do is to resolve this matter
6  once and for all so that both sides can proceed to deposition discovery under a clear
7  set of rules and all further disputes regarding deposition counting can be avoided.
8  Given the history of discovery motion practice in this case, there is obviously
9  substantial virtue in this approach, and the Discovery Master should adopt it.

## CONCLUSION

For the foregoing reasons, the MGA Parties' Cross-Motion for Protective Order Altering Deposition Limits to Set an Overall Hours Limit should be granted.

Dated:   September 2, 2009          Respectfully submitted,

ANNETTE L. HURST
Orrick, Herrington & Sutcliffe LLP


By:   */s/ Annette L. Hurst*
      ANNETTE L. HURST
      Attorneys for Plaintiff