1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

16  CARTER BRYANT, an individual,        Case No.  CV 04-9049-SGL (RNBx)
                                         Consolidated with: Case No. CV 04-9059
17              Plaintiff,               and Case No. CV 05-2727

18       v.                              **DISCOVERY MATTER**
                                         [To Be Heard by Discovery Master
19  MATTEL, INC., a Delaware             Robert O'Brien]
    corporation,
20                                       **DECLARATION OF WILLIAM A.**
                Defendant.               **MOLINSKI IN OPPOSITION TO**
21                                       **MATTEL'S MOTION TO AMEND**
                                         **PROTECTIVE ORDER**
22  AND CONSOLIDATED ACTIONS             **[PUBLIC VERSION]**

23                                       Date:         TBD
                                         Time:         TBD
24                                       Courtroom:  TBD

25                                       **Phase 2**
                                         Discovery Cutoff:     December 11, 2009
26                                       Pretrial Conference: March 1, 2010
                                         Trial Date:  March 23, 2010
27

28

1

## DECLARATION OF WILLIAM A. MOLINSKI

2      I, William A. Molinski, declare as follows:

3      1.      I am an attorney at the law firm of Orrick, Herrington & Sutcliffe LLP,

4   attorneys of record for Plaintiff and Counter-Defendant MGA Entertainment, Inc.

5   and Counter-Defendants MGA Entertainment HK, Ltd., MGAE de Mexico S.R.L.

6   de C.V., and Isaac Larian ("MGA Parties").  Based on this representation, I am

7   familiar with the events, pleadings, and discovery in this action and, if called upon

8   as a witness, I could and would testify competently to the matters stated herein of

9   my own personal knowledge.  I make this declaration in opposition to Mattel's

10  motion to amend the protective order governing discovery in this case.

11     2.      Attached hereto as **Exhibit A** is a true and correct copy of the

12  Protective Order governing discovery in this case that the Court entered on January

13  4, 2005.

14     3.      Attached hereto as **Exhibit B** (filed under seal) is a true and correct

15  copy of MGA's Motion To De-Designate Document Under Protective Order

16  Related To Subject Matter Of Requested 30(b)(6) Testimony, and supporting

17  documents, that was filed by MGA on August 18, 2009.

18     4.      Attached hereto as **Exhibit C** is a true and correct copy of an excerpt

19  from the Transcript of Proceeding from the hearing in this case before Judge Larson

20  on August 31, 2009.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1       I declare under penalty of perjury under the laws of the United States that the

2   foregoing is true and correct, and that this declaration was executed this 2nd day of

3   September, 2009, at Los Angeles, California.

4

5

6                              William A. Molinski

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT
# A



ORIGINAL

LODGED

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2005

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware
Corporation,

                    Plaintiff,

         v.

CARTER BRYANT, an individual; and
DOES 1 through 10, inclusive,

                    Defendants.

CARTER BRYANT, on behalf of
himself, all present and former
employees of Mattel, Inc., and the
general public,

                    Counter-Claimant,

         v.

MATTEL, INC., a Delaware
Corporation,

                    Counter-Defendant.

CASE NO. CV 04-9059 NM (RNBx)

STIPULATED PROTECTIVE
ORDER; AND

[PROPOSED] ORDER

[Discovery Matter]

DOCKETED ON CM

JAN - 5 2005

BY                006

SERVED ON US BY MAIL
1-6-05

07272/625581.2

PROTECTIVE ORDER

54

EXHIBIT A
PAGE 3

GOOD CAUSE STATEMENT

1
2
3          Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-
4  defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned
5  litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment,
6  Inc. are each referred to herein as a "Party" and collectively are the "Parties.")
7          In this Action, Mattel has alleged, and defendants dispute, that Bryant
8  worked for and otherwise aided and assisted MGA while defendant was employed by
9  Mattel as a designer, in violation of his contractual and other legal duties to Mattel.
10         All parties believe that they will or may be required to produce or
11 disclose in this Action, and that nonparties may produce or disclose, information that
12 is trade secret, proprietary, confidential and/or is of a private or personal nature and
13 that, if disclosed in this Action without restriction on its use or further disclosure,
14 may cause disadvantage, harm, damage and loss to the disclosing Party or to the
15 disclosing nonparty.
16         In addition, the Parties are currently in a competitive relationship in the
17 toy industry, with Mattel and MGA operating as a manufacturers and marketers of
18 dolls, toys and other products and Bryant working at this time as a contractor for a
19 Mattel competitor, MGA, and further anticipate that nonparty competitor information
20 may be produced or disclosed in this Action.
21         In particular, without prejudice to any Party's right to object to or resist
22 disclosure of such categories of information on relevance or any other grounds, the
23 Parties currently anticipate that categories of such trade secret, proprietary,
24 confidential and/or private documents and other information that may be disclosed
25 in discovery by the Parties and by nonparties will or may include:
26         (1)   Personnel files and other private or confidential employment,
27 contractor or vendor information;
28

07272/625581.2

-2-

(2)   The specific terms of agreements with, and information received from, third parties that a Party is required to disclose only under conditions of confidentiality;

(3)   Personal or private financial information, and confidential financial data that is not known generally to the trade or to competitors, including financial data relating to specific sales, cost and profit information for specific products and product lines; and

(4)   Business plans and product information that are not known generally to the trade or to competitors, including non-public information relating to product development and design.

WHEREFORE, believing that good cause exists, the Parties HEREBY STIPULATE that, subject to the Court's approval, the following procedures shall be followed in this Action to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential or proprietary information:

## SCOPE OF THIS ORDER

1.   This Protective Order shall apply to trade secret, confidential and proprietary information, documents and things that are produced or disclosed in any form during the course of the Action by any Party or any nonparty:

(a)   through discovery;

(b)   in any pleading, document or other writing; or

(c)   in testimony given at a deposition.

(The foregoing information, documents and things shall be referred to hereinafter collectively as "Litigation Materials.")

PROTECTIVE ORDER

EXHIBIT A
PAGE 5

<u>CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION</u>

2.    Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

<u>MANNER OF DESIGNATION OF MATERIALS</u>

3.    A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)    <u>Documents or Things</u>.    "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

07272/625581.2

-4-

PROTECTIVE ORDER

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b)   Interrogatory Answers and Responses to Requests for Admissions.  In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c)   Deposition Testimony.  Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"  or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony.  The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

PROTECTIVE ORDER

EXHIBIT A
PAGE 7

1  A Party or nonparty also may make the above-referenced designation of
2  confidentiality in writing and within fourteen (14) calendar days of the receipt
3  by said Party or nonparty of the transcript of said testimony. In that event, said
4  portion of the transcript will be treated as "CONFIDENTIAL" or
5  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of
6  this Protective Order, except that it will not be separately bound. If, during the
7  course of deposition testimony, any Party or nonparty reasonably believes that
8  the answer to a question will result in the disclosure of "CONFIDENTIAL" or
9  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons
10  other than those persons entitled to receive such information pursuant to
11  paragraphs 5 and 6 hereof shall be excluded from the room in which the
12  deposition testimony is given.   Unless previously designated as
13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"
14  all transcripts of deposition testimony and any related exhibits, and all
15  information adduced in deposition, shall, in their entirety, be treated as
16  "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of
17  the transcript by counsel for the designating Party or nonparty. The Party or
18  nonparty designating the testimony or information as "CONFIDENTIAL" or
19  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen
20  (14) calendar day period described above, specifically designate information
21  contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or
22  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously
23  designated as such, by notifying all Parties in writing of the portions of the
24  transcript or exhibit which contains such information. Each Party shall attach
25  a copy of such written statement to the face page of the transcript or exhibit
26  and to each copy in its or his possession, custody or control. Thereafter, these
27  portions of the transcript or exhibits designated as "CONFIDENTIAL" or
28  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

PROTECTIVE ORDER

EXHIBIT A
PAGE 8

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)     Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)     Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

-7-

PROTECTIVE ORDER

1    be fully subject to this Protective Order.  No Party shall incur liability for any

2    disclosures made prior to notice of such designation, except to the extent that

3    any such disclosures occurred prior to the seven (7) day period described above

4    or prior to such other time periods as.are provided by this Protective Order,

5    including without limitation such time periods as are provided in Paragraph

6    3(c) above.

7

8    <u>RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS</u>

9

10        4.    Any Litigation Materials produced or disclosed in this Action,

11   whether  or  not  designated  "CONFIDENTIAL"  or  "CONFIDENTIAL --

12   ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such

13   information for purposes of litigation and not for any other purpose, including

14   without limitation for any business or trade purpose.  As used herein, the term

15   "litigation" shall mean preparation for, participation in and prosecution and defense

16   of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in

17   connection with any mediation or other alternative dispute resolution procedure that

18   this or any other court may order or that the Parties may agree to.

19        5.    Subject to Paragraph 7 herein, and unless as otherwise ordered by

20   the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be

21   disclosed to any person other than:

22            (a)    the attorneys for the Parties and their partners, shareholders,

23       associates, document clerks and paralegals who are necessary to assist such

24       attorneys;

25            (b)    secretaries, stenographers and other office or clerical

26       personnel employed by said attorneys and who are necessary to assist such

27       attorneys;

28

(c)     a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)     such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)     non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

6.    Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)    the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)    secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)    the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)    such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)    outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)    independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

-10-

1             (g)    professional court reporters engaged to transcribe
2      deposition testimony, professional videographers engaged to videotape
3      deposition testimony and translators.

4            7.    None of the following is bound by or obligated under this Order
5      in any respect and specifically are not bound or obligated to treat information
6      designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES
7      ONLY" in any particular manner: The Court hearing this Action (including the Court
8      having jurisdiction of any appeal), Court personnel, court reporters working for the
9      Court, translators working for the Court, or any jury impaneled in this Action.

10           8.    Other than those identified in Paragraph 7 above, each person to
11     whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --
12     ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this
13     Protective Order and agree to be bound by it before disclosure to such persons of any
14     such information.  The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall
15     not have access to either "CONFIDENTIAL" or    "CONFIDENTIAL --
16     ATTORNEYS' EYES ONLY" information, as the case may be, until they have
17     certified that they have read this Protective Order and have manifested their assent
18     to be bound thereby by signing a copy of the Assurance of Compliance attached
19     hereto as Exhibit A.  Once a person has executed such an Assurance of Compliance,
20     it shall not be necessary for that person to sign a separate Assurance of Compliance
21     each time that person is subsequently given access to confidential material.  Any
22     person who signed an Assurance of Compliance in connection with the Stipulation
23     for Protection of Confidential Information and Protective Order filed September 16,
24     2004 in <u>Mattel Inc. v. Bryant</u>, Case No. BC 314398, pending in Los Angeles County
25     Superior Court, need not re-sign the Assurance of Compliance attached hereto but
26     shall, by virtue of his or her prior signature, be deemed to have signed the attached
27     Assurance of Compliance.
28

-11-

PROTECTIVE ORDER

9.   The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10.   If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the <u>Local Rules</u>.  Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11.   Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12.   The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

13.    If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty.  The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document.  Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14.    Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## <u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

15.    Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

07272/625581.2

-13-

PROTECTIVE ORDER

1  Rule may be amended from time to time.  Prior to the time that a Party receiving the
2  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"
3  information from any other Party files with the Court an application and the other
4  materials required by Local Rule 79-5.1, as such Rule may be amended from time to
5  time, to seal the producing Party's confidential information, the receiving Party shall
6  consult with the producing Party's attorney to determine whether the producing Party
7  will re-designate the previously designated confidential information so as to avoid the
8  need for the request to file such information under the seal.  Upon the default of a
9  Party to seek the Court's approval to file a document containing "CONFIDENTIAL"
10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any
11  Party may subsequently seek the approval of the Court to file that document under
12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule
13  may be amended from time to time.
14
15               THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS
16
17        16.    If any Party or nonparty receives a subpoena or document request
18  from a third party which purports to require the production of materials in that Party's
19  possession which have previously been designated as "CONFIDENTIAL" or
20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,
21  the Party or nonparty receiving such subpoena or document request (a) shall object
22  and refuse to produce documents absent a Court Order or the consent of the Party or
23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL
24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who
25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --
26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,
27  and (c) shall not oppose any effort by the Party or nonparty which designated the
28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

PROTECTIVE ORDER

EXHIBIT A
PAGE 16

ONLY" to quash the subpoena or obtain a protective order limiting discovery of such material.

## DISCOVERY FROM NONPARTIES

17.    Discovery of nonparties may involve receipt of information, documents, things or testimony which include or contain "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials or information. A nonparty producing such material in this case may designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it produces in the same manner provided for in this Protective Order with respect to material furnished by or on behalf of the Parties.  Any Party may also designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any materials or information produced by a nonparty that constitute "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating Party under Paragraph 2 of this Protective Order, regardless of whether the producing nonparty has also so designated.  In addition, a nonparty may also designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any materials or information produced by a Party that constitute "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such nonparty under Paragraph 2 of this Protective Order, regardless of whether the producing Party has also so designated.  In either such an event, the designation providing for the greater level of protection for the material information shall control, subject to Paragraph 10 of this Protective Order.  Nonparty materials designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a nonparty or Party shall be governed by the terms of this Protective Order.

<u>CONCLUSION OF LITIGATION</u>

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession.  In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties.  Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order.  This Protective Order shall continue to be binding after the conclusion of this Action.

<u>AMENDMENT OF THIS AGREEMENT</u>

19.     The provisions of this Stipulation and Protective Order may be  modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

PROTECTIVE ORDER

EXHIBIT A
PAGE 18

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4     **IT IS SO STIPULATED.**

5

6  DATED: December 22, 2004          QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP
7

8                                    By  _Jon Corey_____
9                                        Jon Corey
                                         Attorneys for Plaintiff
10                                       Mattel, Inc.

11  DATED: December ___, 2004         LITTLER MENDELSON
12

13                                   By_____
                                     Douglas A. Wickham
14                                   Attorneys for Defendant
                                     Carter Bryant
15

16  DATED: December ___, 2004         O'MELVENY & MEYERS, LLP

17

18                                   By_____
                                     Diana M. Torres
19                                   Attorneys for Intervenor-Defendant
                                     MGA Entertainment, Inc.
20

21     **IT IS SO ORDERED.**
22

23  DATED:  _1/4/05_____
24                                   THE HONORABLE ROBERT N. BLOCK
                                     United States Magistrate Judge
25

26

27

28

07272/625581.2                                     -17-
                                                            PROTECTIVE ORDER

EXHIBIT A
PAGE 19



1   Stipulation and Protective Order pursuant to a motion brought in accordance with the
2   rules of the Court.
3
4      **IT IS SO STIPULATED.**
5
6   DATED: December ___, 2004        QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP
7
8
                                     By _____
9                                       Jon Corey
                                        Attorneys for Plaintiff
10                                      Mattel, Inc.
11
12  DATED: December 21, 2004         LITTLER MENDELSON
13                                   By _____
14                                      Douglas A. Wickham
                                        Attorneys for Defendant
15                                      Carter Bryant
16  DATED: December ___, 2004        O'MELVENY & MEYERS, LLP
17
18                                   By _____
                                        Diana M. Torres
19                                      Attorneys for Intervenor-Defendant
                                        MGA Entertainment, Inc.
20
21
       **IT IS SO ORDERED.**
22
23
24  DATED: _____           _____
                                     THE HONORABLE ROBERT N. BLOCK
25                                   United States Magistrate Judge
26
27
28

07272/625581.2                      -17-
                                                          PROTECTIVE ORDER

EXHIBIT A
PAGE 20

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4      IT IS SO STIPULATED.

5

6  DATED: December ___, 2004       QUINN EMANUEL URQUHART
                                    OLIVER & HEDGES, LLP
7

8                                  By _____
                                      Jon Corey
9                                     Attorneys for Plaintiff
                                      Mattel, Inc.
10

11 DATED: December ___, 2004       LITTLER MENDELSON

12

13                                 By _____
                                      Douglas A. Wickham
14                                    Attorneys for Defendant
                                      Carter Bryant
15

16 DATED: December ___, 2004       O'MELVENY & MEYERS, LLP

17                                 By _____
                                      Diana M. Torres
18                                    Attorneys for Intervenor-Defendant
                                      MGA Entertainment, Inc.
19

20

21     IT IS SO ORDERED.

22

23 DATED: _____          _____
                                    THE HONORABLE ROBERT N. BLOCK
24                                  United States Magistrate Judge

25

26

27

28

07272/625581.2                        -17-
                                                        PROTECTIVE ORDER

EXHIBIT A
PAGE 21

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

07272/625581.2

PROTECTIVE ORDER

EXHIBIT A
PAGE 22

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

1

2 | STATE OF CALIFORNIA   )
 | COUNTY OF LOS ANGELES  )

3

   I am employed in the county of Los Angeles  State of California.  I am over the age of 18
and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor,
Los Angeles, CA 90012.

   On December 22, 2004, I served the foregoing document described as

**STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on  all interested parties in this action:

**SEE ATTACHED SERVICE LIST**

[ ] By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed
  as follows:

[ ] **BY MAIL**

[ ] I deposited such envelope in the mail at Los Angeles, California.  The envelope was
  mailed with postage thereon fully prepaid.

[ ] As follows:  I am "readily familiar" with the firm's practice of collection and processing
  correspondence for mailing.  Under that practice it would be deposited with U.S. postal
  service on that same day with postage thereon fully prepaid at Los Angeles, California in
  the ordinary course of business.  I am aware that on motion of the party served, service is
  presumed invalid if postal cancellation date or postage meter date is more than one day
  after date of deposit for mailing in affidavit.

[ X ] **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
  set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at
  whose direction the service was made.


Ivana Maiorano_____    _____
Print Name           Signature

EXHIBIT A
PAGE 23

Robert F. Millman, Esq.
Douglas A. Wickham, Esq.
Keith A. Jacoby, Esq.
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
Fax: 310-553-5583

Diana M. Torres, Esq.
O'Melveney & Meyers
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

Daniel J. Warren, Esq.
Sutherland, Asbill & Brennan
999 Peachtree Street NE
Atlanta, GA  30309-3996
Phone: 404-853-8698
Fax: 404-853-8806

-2-

# EXHIBIT

# B

# EXHIBIT B

## Confidential--Attorney's Eyes Only
## Filed Under Seal Pursuant to Protective Order

# EXHIBIT

# C

1

1        UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA

3             EASTERN DIVISION

4                - - -

5    HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6

7  MATTEL, INC.,                      )
                                      )
8              Plaintiff,             )
                                      )
9         vs.                         )   No. CV 04-09049
                                      )
10 MGA ENTERTAINMENT, INC., ET. AL.,  )
                                      )
11             Defendants.            )
   _____)   Motions

12

13        REPORTER'S TRANSCRIPT OF PROCEEDINGS

14          Riverside, California

15         Monday, August 31, 2009

16              2:14 P.M.

17

18

19

20

21

22

23        THERESA A. LANZA, RPR, CSR
       Federal Official Court Reporter
24       3470 12th Street, Rm. 134
       Riverside, California  92501
25          951-274-0844
         WWW.THERESALANZA.COM

2

```
 1   APPEARANCES:

 2
     ON BEHALF OF MATTEL, INC.:
 3
                         QUINN EMANUEL
 4                       By:  JOHN QUINN
                              MICHAEL T. ZELLER
 5                            B. DYLAN PROCTOR
                         865 S. Figueroa Street,
 6                       10th Floor
                         Los Angeles, California  90017
 7                       213-624-7707

 8

 9   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:

10                       ORRICK, HERRINGTON & SUTCLIFFE, LLP
                         BY:  ANNETTE L. HURST
11                       BY:  WARRINGTON S. PARKER III
                         405 Howard Street
12                       San Francisco, California  90071-3144
                         213-687-5000
13
                         ORRICK, HERRINGTON & SUTCLIFFE, LLP
14                       BY:  WILLIAM A. MOLINSKI
                         405 777 South Figueroa Street,
15                       Suite 3200
                         Los Angeles, California  90017-5855
16                       213-612-2256

17

18   ON BEHALF OF OMNI 808:

19                       BINGHAM McCUTCHEN LLP
                         BY:  Peter N. Villar
20                       600 Anton Boulevard
                         Costa Mesa, CA  92626-1924
21                       714-830-0640

22

23

24

25
```

20

1          THE COURT:   Speaking of MGA Canada, just while it's

2     fresh in my mind, what is this nonsense about the head of

3     security of Mattel's giving gifts to the Canadian Police?

4          MR. ZELLER:   I would say that is a fair amount of

5     hyperbole on MGA's part that is not substantiated by the          02:38

6     record.

7          THE COURT:   I don't know whether it's substantiated

8     or not.  Did it happen?

9          MR. ZELLER:   No.

10          What happened, Your Honor, is that Mr. Deanda spoke        02:38

11     to the police.  They gave him a token of a pen and perhaps a

12     coffee mug.  He gave them in return a few toy police cars, like

13     less than ten.  That's what this is.

14          THE COURT:   He must be mindful of that.

15          I trust you'll have a talk with him about that on a        02:39

16     going-forward basis.

17          Yes?

18          MR. ZELLER:   Yes, your Honor, absolutely.

19          I was nodding in agreement.

20          THE COURT:   All right.  Back to the bigger issue of        02:39

21     this.

22          If you have these 30 depositions to take and you've

23     only taken two, when do you plan on taking these other

24     depositions?

25          MR. ZELLER:   As soon as these individuals are        02:39

Monday, August 31, 2009                    CV 04-09049-SGL

EXHIBIT C
PAGE 82

1   control in your hands by getting the discovery that Mattel is

2   entitled to.  And, of course, vice versa.

3          I just don't think right now is the time to amend the

4   scheduling order.

5          I will look forward to seeing you on October 1st.      02:55

6          I do want to speak to you briefly at side-bar about

7   the settlement issue; so Mr. Zeller or Mr. Quinn, and whoever

8   would like to come forward.

9          Is there anything else we need to take up at this

10  time?                                                          02:56

11          **MS. HURST:**  No, your Honor.

12          **MR. QUINN:**  No, your Honor.

13          **THE COURT:**  Very well.

14          We'll go off the record.  I'll speak briefly with

15  counsel off the record at side-bar.                            02:56

16          (Off the record discussion.)

17          (Proceedings are concluded.)

18                          CERTIFICATE

19

20  I hereby certify that pursuant to section 753, title 28, United
    States Code, the foregoing is a true and correct transcript of
21  the stenographically recorded proceedings held in the above-
    entitled matter and that the transcript page format is in
22  conformance with the regulations of the Judicial Conference of
    the United States.

23

24  _____         _____
    THERESA A. LANZA, CSR, RPR                    Date
25  Federal Official Court Reporter

Monday, August 31, 2009                  CV 04-09049-SGL

EXHIBIT C
PAGE 83