UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES - GENERAL</u>

Case No.   CV 04-09049-SGL(RNBx)                              Date: August 31, 2009

Title:   CARTER BRYANT -v- MATTEL, INC.
==========================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

| Cindy Sasse | Theresa Lanza |
|---|---|
| Courtroom Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

John Quinn                                Annette L. Hurst
Michael T. Zeller                         Warrington S. Parker, III
B. Dylan Proctor                          William A. Molinski


**PROCEEDINGS:   MOTIONS HEARING**

        **1.**   **Mattel Inc.'s Motion for Order for Preclusive Relief or, in the Alternative, Access to Active Files on the Larian Hard Drives, No. 5760, 5769;**

        **2.**   **Mattel, Inc.'s Motion for Clarification of 6/18/09 Order, No. 5783;**

        **3.**   **Mattel Inc.'s Motion to Modify Scheduling Order, No. 6050**

        **4.**   **Order to Show Cause**

     The Court addressed the issue the filings of sur-replies; all counsel are directed to follow Local Rule 7-10 regarding the filing of replies. The Court further heard oral argument and makes the following rulings:

     First, in light of the parties' stipulation, as set forth on the record, the Court **DENIES AS**

**MOOT** Mattel Inc.'s Motion for Order for Preclusive Relief or, in the Alternative, Access to Active Files on the Larian Hard Drives.

Second, the Court **GRANTS** Mattel, Inc.'s Motion for Clarification.  The Court's June 18, 2009, Order is **CLARIFIED** in the following manner:  The Court's June 18, 2009, Order, including its discussion of willfulness, was intended to be and is limited to the equitable issue of the scope of an appropriate accounting, and shall not be construed to apply to any circumstances beyond the scope of an appropriate accounting.

Third, the Court **DENIES WITHOUT PREJUDICE** Mattel, Inc.'s Motion to Amend the Scheduling Order as premature.  The Court will re-visit the issue of the case scheduling order when it takes up Mattel, Inc.'s motion for leave to file a Fourth Amended Answer and Counterclaims on October 1, 2009.  In addition, the Court sets a status conference at which all lead counsel of record shall appear on September 21, 2009, at 1:30 p.m.  On or before September 18, 2009, the parties are **ORDERED** to file with the Court a report, not to exceed 10 pages, of the status of discovery for Phase 2 – what has been completed and what must still be completed prior to trial.  Counsel shall also advise the Court of the parties' positions with respect to (1) any further bifurcation of Phase 2 trial and (2) a stay of the trial of Phase 2 pending the Ninth Circuit's ruling on the appeal of Phase 1.

Finally, the Court addresses an issue of concern that arose in the papers submitted in advance of this hearing.  Specifically, Exhibit 2 to the Second Supplemental Declaration of Dylan Proctor in support of Mattel's Motion for Clarification, dated August 26, 2009, appears relevant to the issue of whether certain acts of copyright infringement were willful acts of infringement.  Upon consideration of the evidence in Phase 1, the jury found that the infringement was not willful.  However, this document, Bates Nos. MGA2 0070266-0070270, was not offered as evidence in Phase 1, as it was withheld by counsel for the MGA parties on a claim of attorney client privilege.  It was finally produced in its current, more complete form on August 21, 2009, well after the conclusion of Phase 1 of the trial, and only upon the eve of an impending *in camera* review of the document by the Discovery Master pursuant to his Order.[1]

The more complete version shows MGA employee Victoria O'Connor was concerned with Mr. Larian's representations to a media source regarding the timing of the creation of Bratz, the central issue tried in Phase 1.  Ms. O'Connor stated:  "[D]on't you think we should say Bratz was born in October when a certain person was no longer with their company?"  Mr. Larian responded: "[G]ood point.  Thanks."

---

[1] The document was produced earlier to Mattel in an incomplete form, but the produced version eliminates the communications most relevant to the issue of willfulness.  The document takes the form of an email string, a printed version of electronic communications now familiar to most individuals (and certainly to all litigation attorneys), with the most recent communication appearing first.  The incomplete document ends with Isaac Larian forwarding the communication, on Wednesday, October 23, 2002, at 1:35 a.m., to other individuals as an "FYI."  The more complete version continues with a response from Victoria O'Connor, at 8:38 a.m., and Mr. Larian's reply one minute later.

     This document has clear relevance to the claims and defenses at issue in the Phase 1 trial. The withholding of this document under a claim of privilege concerns the Court, as it implicates the duty of the Court to oversee the conduct of the lawyers who appear before it, and who are largely responsible for maintaining the integrity of the adversarial process.

     Toward that end, the Court **ORDERS** counsel for the MGA parties to **APPEAR AND SHOW CAUSE** on September 21, 2009, at 1:30 p.m., why sanctions should not be imposed for their repeated failure to produce this document at an earlier date.

     With respect to the email communications referenced in this Order, the Court **ORDERS** counsel for the MGA parties to file a report with the Court (served on all parties and Court-Appointed Officers) that, at a minimum, provides to and/or reports to the Court**:**

(1) Copies of all versions of all privilege logs, whether or not provided to Mattel, the Discovery Master, the Court-Appointed Forensic Auditor, the Temporary Receiver, or the Monitor, upon which the document referred to above appears, including any version of this email exchange among the senders and recipients (including those "cc'd" or "bcc'd") that contains communications not set forth in the incomplete version of the document that was produced in discovery.

(2) A description of the process whereby the document referred to above (or any version of it) came to appear on any privilege log. That description shall include, with respect to the document that bears Bates Nos. MGA2 0070266-0070270, the identity of any attorney responsible for the designation of the document as privileged, the identity of any attorney responsible for reviewing that designation, and the identity of any attorney who, upon discovery of the non-privileged nature of the document, continued to withhold the document from production. Each of those attorneys,[2] whether or not current or past counsel of record, shall file a declaration regarding what actions he or she took (or refrained from taking) with respect to this document.

(3) Any other information known to any current or past counsel of record relevant to a determination of why this unprivileged, relevant document was withheld pursuant to a claim of privilege.

(4) If any of the information referenced in (1)-(3) above is itself subject to a claim of either attorney-client or work-product privilege, that information may not be withheld from the Court, but need not be served on any party or Court-Appointed Officer (unless the Court orders otherwise) and shall instead be delivered to the Courtroom

---

[2] Each current and past counsel of record is **ORDERED** to disseminate a copy of this Order to every attorney (whether or not currently associated with any law firm that is or was counsel of record) whom is known to have been, or who is not known to have been but who is likely to have been, involved in the designation of maintenance of this document as privileged.

MINUTES FORM 90                                                                                          Initials of Deputy Clerk: cls
CIVIL -- GEN                                                Page 3                                              Time: 00/41

Deputy Clerk, Cindy Sasse, in a separate, *in camera* filing.

Counsel for the MGA parties shall file their written report(s) no later than September 14, 2009. Any party may respond no later than September 18, 2009.

The Court recognizes that the Court's current inquiry may overlap to a certain extent with Orders or issues or proceedings before the Discovery Master. The focus of the Court's inquiry is on attorney conduct; the focus of the Discovery Master is on discovery of evidence. Therefore, the Court's actions here should not be construed to impact in any way upon the Discovery Master's proceedings and Orders. More specifically, but not exclusively, this OSC shall not be construed to limit the Discovery Master's ability to continue to hear and resolve discovery disputes on the schedule he sees fit to set, nor shall it be construed to extend any deadline or briefing schedule set by the Discovery Master, and nor shall it be construed to effectuate any delay on the Discovery Master's anticipated *in camera* inspection of certain documents identified as privileged, which may proceed (or be delayed) as the Discovery Master deems appropriate.

**IT IS SO ORDERED.**