1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213-612-2499
11
   Attorneys for MGA Parties
12

13                 UNITED STATES DISTRICT COURT

14                CENTRAL DISTRICT OF CALIFORNIA

15                      EASTERN DIVISION

16 | CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |

17 | Plaintiff, | Consolidated with:
                 CV 04-9059 |

18 | v. | CV 05-2727 |

19 | MATTEL, INC., a Delaware Corporation | **DISCOVERY MATTER** |

20 | Defendant. | **[To Be Heard By Discovery Master Robert C. O'Brien]** |

21 |  |  |

22 |  | MGA PARTIES' NOTICE AND APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR JUDICIAL ASSISTANCE RE: DANNY K.H. YU AND BIRD & BIRD |

23 | AND CONSOLIDATED ACTIONS |  |

24 |  | MEMORANDUM OF POINTS AND AUTHORITIES |

25 |  |  |

26 |  | [Declaration of Diana Rutowski and [Proposed] Letters of Request for Judicial Assistance filed concurrently herewith] |

27

28

OHS West:260705838.2                    -

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a hearing before the Discovery Master Robert O'Brien, occurring at a date and time to be set by the Discovery Master, MGA Parties ("MGA") will, and hereby does, apply pursuant to Federal Rule of Civil Procedure 28 for a report and recommendation in support of issuance of two Letters of Request for International Judicial Assistance ("Letters of Request") to the High Court of the Hong Kong Special Administrative Region Court of First Instance. A form of the two proposed Letters of Request are attached hereto as Exhibits 1 and 2.

The first Letter of Request (Exhibit 1) seeks discovery of the following evidence, as detailed in the Schedules to the Letter of Request:

(1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set forth in Schedule A,

(2) the inspection of documents from Danny K. H. Yu, as set forth in Schedule B; and

(3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in Schedule C.

The second Letter of Request (Exhibit 2) seeks discovery of the following evidence, as detailed in the Schedule to the Letter of Request: the inspection of documents from Bird & Bird, as set forth in Schedule A.

MGA makes this application pursuant to Federal Rule of Civil Procedure 28 on the grounds that the above entities have evidence in the form of documents and relevant testimony critical to the subject matter of these consolidated cases and specifically to MGA's claims and defenses. Accordingly, MGA respectfully requests that the Discovery Master recommend the issuance of the accompanying Letter of Request for International Judicial Assistance to obtain the requested evidence.

This application is based on this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Diana Rutowski, the concurrently filed proposed Letters of Request for Judicial Assistance, all other pleadings and papers on file in this action, any matters of which the Discovery Master may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

## **CERTIFICATE OF COMPLIANCE**

MGA has notified the other parties of the issues raised in this motion by letter on August 24, 2009, and counsel for the parties met and conferred by telephone on September 1, 2009.

Dated: September 4, 2009                    Respectfully submitted,

DIANA M. RUTOWSKI
Orrick, Herrington & Sutcliffe LLP


By: */s/*Diana M. Rutowski
DIANA M. RUTOWSKI
Attorneys for Plaintiff

**INTRODUCTION**

The evidence sought through this Letter of Request for International Judicial Assistance ("Letter of Request") is likely to show that Mattel, Inc. ("Mattel") was on notice of its Phase 2 counterclaims against MGA before the statute of limitations period, rendering the claims barred by the statute of limitations and/or laches. Specifically, these entities are believed to have information concerning communications with Mattel in 2003 (and possibly as early as 2002) about a Writ of Summons issued by MGA Entertainment against Toys & Trends (Hong Kong) Limited ("Toys & Trends"), Cityworld Limited ("Cityworld"), and Jurg Willi Kesselring on June 5, 2002 in Hong Kong High Court ("Hong Kong Action"). In connection with this dispute, representatives of Cityworld reached out to Mattel and exchanged information and documents about Carter Bryant and his work on "Bratz". Moreover, Mattel's counsel, Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn"), purportedly received at least one facsimile transmission from Bird & Bird in September 2003, attaching the Writ of Summons. If these communications provided or should have provided notice to Mattel of its counterclaims against MGA sufficiently before it first asserted the claims on November 20, 2006, then Mattel's claims are time-barred.

Accordingly, MGA Parties ("MGA") respectfully request that the Discovery Master recommend the issuance of the accompanying Letters of Request to the Hong Kong Central Authority. The first Letter of Request (Exhibit 1) seeks the oral examination under oath of Danny K. H. Yu in Hong Kong as well as documents exchanged with Mattel regarding the Hong Kong Action from Danny K. H. Yu and the firms at which he was a principal or employed. The second Letter of Request (Exhibit 2) seeks inspection of the facsimile transmission from Bird & Bird to Quinn in September 2003.

The requested discovery in the Letter of Request is narrowly tailored to evidence of Mattel's first knowledge of its claims against MGA in connection with

the Cityworld statement of claim in Hong Kong.  It does not seek information

covered by any privilege, as communications with Mr. Yu and the alleged facsimile

from Bird & Bird have already been produced and disclosed in this litigation.  This

focused discovery, which may be otherwise unavailable to MGA, is essential for

MGA to prosecute its defenses against Mattel and to assure a full record in this

proceeding.

## STATEMENT OF FACTS

A. __When Mattel Discovered The Alleged Misappropriation of "Bratz" Trade Secrets Is At Issue In This Litigation[1]__

On November 20, 2006, Mattel moved to assert counterclaims in this

litigation against MGA and Larian for, among other things, misappropriation of

trade secrets.  Declaration of Diana Rutowski ("Rutowski Decl.") Ex. B.  Mattel's

claim for misappropriation of trade secrets is now a counterclaim at issue in Phase

2.  On July 31, 2009, Mattel identified each alleged trade secret that it contends is at

issue in its First Supplemental Objections and Responses to Interrogatory Nos. 20-

23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories.  See Id. Ex.

C.  Among the alleged trade secrets identified by Mattel are purported trade secrets

relating to "Bratz."  See, e.g., id., p. (16).  The exact nature of the trade secrets

relating to "Bratz" is unspecified in the interrogatory response.  Id.

An action for misappropriation of trade secrets in California "must be

brought within three years after the misappropriation is discovered or by the

exercise of reasonable diligence should have been discovered."  Cal. Civ. Code §

3426.6.  Whether or not Mattel discovered or, by the exercise of reasonable

diligence, should have discovered the alleged misappropriation of purported trade

secrets in "Bratz" more than three years before putting them at issue in this

---

[1] While MGA believes that the information sought through the Letters of Request
may render additional Phase 2 counterclaims by Mattel barred by the statute of
limitations, for purposes of this Motion, MGA focuses on Mattel's counterclaim for
misappropriation of purported trade secrets in BRATZ.

1    litigation, is directly at issue in connection with MGA's statute of limitations

2    defense to the trade secret misappropriation counterclaim.  When Mattel became

3    aware of the alleged misappropriation of trade secrets, and whether it was before

4    November 20, 2003, is information essential to MGA's defense in this litigation,

5    specifically whether Mattel is time-barred from asserting particular claims.

6    Rutowski Decl. Ex. D (MGA's Response to Mattel's Amended Supplemental

7    Interrogatory Regarding Defendants' Affirmative Defenses).

8          **B.    The Entities Subject to the Letter of Request Have Evidence**
           **Regarding When Mattel Was First On Notice of Its Counterclaims**

9

10        MGA issued a Writ of Summons against Toys & Trends, Cityworld, and Mr.

11   Kesselring on June 5, 2002 in Hong Kong High Court Action No. 2152 of 2002

12   ("Hong Kong Action") regarding fashion dolls designed by Carter Bryant, and

13   specifically the "Bratz" dolls at issue in this case.  Rutowski Decl. Ex. E (Writ of

14   Summons).  On July 5, 2002 MGA filed a statement of claim in the Hong Kong

15   Action.  Id. Ex. F.  Toys & Trends, Cityworld and Mr. Kesselring were represented

16   by Hong Kong solicitor, Mr. Yu and the firms at which he had been a principal or

17   employed, including Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu &

18   Co.; and Simon C. W. Yung & Co. Id. Exs. H, I, and K.  In connection with this

19   Statement of Claim, in September 2003, Mattel received a letter from Danny K.H.

20   Yu stating that his client Cityworld was engaged in a lawsuit against MGA "and

21   one of the points of contention is whether MGA owns the copyright of the design of

22   the Bratz dolls." Id., Ex. H.  Mr. Yu further explained that he was writing to Mattel

23   because he understood that drawings for the "Bratz" dolls were made by "one

24   Carter Bryant." Id.  This letter led to a series of communications, both written and

25   oral, between Mattel and Mr. Yu, his firm and people working on his behalf, which

26   occurred more than three years before Mattel asserted its misappropriation of trade

27   secrets claim in this litigation.[2]  Id.

28   ────────────────
     [2] Mattel filed its claim of misappropriation of trade secrets on November 20, 2006,

1      Also in September 2003, Mattel received one or more facsimile(s) from Bird

2  & Bird, allegedly attaching the claim against Cityworld Limited by MGA.  <u>See,</u>

3  Rutowski Decl. Ex. J (Docket Document No. 3730-2, 3730-3).  There are several

4  discrepancies associated with the facsimile(s) that lead MGA to believe that it may

5  not have the complete document(s) transmitted from Bird & Bird: (1) the header on

6  the facsimile changes between pages ten and eleven indicating that there may have

7  been two different facsimile transmissions from two different machines (the

8  numbering convention changes from "01, 02, 03…" to "11/46, 12/46, 13/46…");

9  (2) also between pages ten and eleven, there is a 18 minute time gap, from 14:37 to

10  14:55; (3) the cover page to the fax indicates that it is 44 pages (including this

11  page), while the header on pages eleven to forty-six indicates that a forty-six page

12  fax was sent.  MGA requests inspection of the original facsimile(s).  <u>Id</u>.  Pages from

13  the facsimile(s) have been produced in this litigation, waiving any privilege that

14  arguably may have been asserted in connection with the requested communications,

15  though of course the transmission of pre-existing documents would not take on a

16  privileged character simply because sent by an attorney to a client.  <i>See</i> <u>Id</u>.

17      In July 2008, while the trial in Phase 1 was ongoing, the defendants in the

18  lawsuit between MGA and Cityworld in Hong Kong filed a Appointment to Tax.

19  Rutowski Decl. Ex. K.  A Bill of Costs was prepared in connection with the

20  Appointment to Tax and submitted on July 15, 2008.  <u>Id</u>.  The Bill of Costs covers

21  work done by the defendants' solicitors in connection with Mattel in that

22  proceeding.  On November 21, 2008, after the Phase 1 proceedings were concluded,

23  documents were produced and testimony was heard in connection with the Hong

24  Kong taxation proceedings that reflect written and oral negotiations and discussions

25  _____

26  but did not identify its alleged trade secrets until after that time.  Nevertheless, for
    the purpose of this application and the proposed Letter of Request, MGA will
27  assume that Mattel asserted its claim on November 20, 2006.  However, MGA
    expressly reserves its right to later assert that Mattel's claim for misappropriation of
28  trade secrets relating to "Bratz" was not actually adequately pled and/or asserted by
    November 20, 2006.

between Mr. Yu and Mattel prior to November 24, 2003, and possibly at least as early as August 2003.  Id. ¶¶ 13 and 14, Exs. K and L.  MGA has reason to believe that communications between August 2003 and November 2003 will reveal highly relevant evidence in this litigation, and specifically evidence that may show Mattel's trade secret counterclaim based on "Bratz" (and any other state law tort claims based on "Bratz") is time-barred.  As these communications were disclosed and discussed in detail in connection with the Appointment to Tax proceedings, no privilege applies.  Id.

MGA has narrowly tailored its Letters of Request to the communications between Mr. Yu and Mattel, and the facsimile(s) between Bird & Bird and Quinn.

**ARGUMENT**

## I. <u>THIS COURT HAS AUTHORITY TO ISSUE THE LETTER OF REQUEST.</u>

This Court has authority to issue the Letters of Request under Federal Rule of Civil Procedure 28(b), as adopted and implemented by 28 U.S.C. § 1781.  Rule 28(b)(1) provides that a deposition may be taken in a foreign country "under an applicable treaty or convention" or "under a letter of request, whether or not captioned a 'letter rogatory'."  Rule 28(b)(2) provides that "[a] letter of request … may be issued … on appropriate terms after an application and notice of it."  Further, the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") is in effect for both the United States and Hong Kong (a Special Administrative Region (SAR) of the People's Republic of China).[3]  The Hague Convention provides for letters of request to obtain evidence from signatory states in the form of both examination of persons (Article 3(e)) and inspection of documents or other property (Article 3(g)).[4]  Thus, this

---

[3] See http://www.hcch.net/index_en.php?act=states (listing members of the Hague Convention); see also http://travel.state.gov/law/info/judicial/judicial_650.html (the U.S. Department of State website regarding Hong Kong Judicial Assistance).
[4] See http://hcch.e-vision.nl/index_en.php?act=conventions.text&cid=82 (full text of the Hague Convention).

Court has authority to issue the proposed Letters of Request.

## II.   THE TOPICS OF TESTIMONY AND DOCUMENTS REQUESTED ARE RELEVANT AND NECESSARY TO MGA'S STATUTE OF LIMITATIONS DEFENSES

Mattel has alleged in an interrogatory response that MGA misappropriated trade secrets pertaining to "Bratz". Mattel's claim of misappropriation of trade secrets is time-barred if it discovered or, by the exercise of reasonable diligence, should have discovered the alleged misappropriation more than three years before it asserted the claim. Mattel filed its motion to add its claim of misappropriation of trade secrets on November 20, 2006. Evidence that Mattel had discovered or should have discovered the alleged misappropriation of trade secrets relating to "Bratz" prior to November 20, 2003 would be highly relevant to prove that Mattel's claim exceeds the relevant statute of limitations and is time-barred. Cal. Civ. Code § 3426.6. See, e.g., Memry Corp. v. Kentucky Oil Technology, N.V., 2007 WL 2746736, *7 ("When there is reason to suspect that a trade secret has been misappropriated, and a reasonable investigation would produce facts sufficient to confirm this suspicion (and justify bringing suit), the limitations period begins, even though the plaintiff has not conducted such an investigation") (quoting Alamar Biosciences Inc. v. Difco Laboratories Inc., 40 U.S.P.Q.2d 1437, 1439-1440 (E.D. Cal. 1996) (citing Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1110-11 (1988) ("a suspicion of wrongdoing, coupled with a knowledge of the harm and its cause, will commence the limitations period")).

The evidence sought through the proposed Letters of Request is specifically directed toward communications between entities involved in the Hong Kong Action and Mattel more than three years before Mattel filed its motion to add its trade secrets claim on November 20, 2006. Mr. Yu was in communication with Mattel at least as early as September 4, 2003, and possibly earlier, regarding the design and conception of the "Bratz" dolls by Carter Bryant. Bird & Bird also had

1   communication with counsel for Mattel regarding the Hong Kong Action in

2   September 2003.  MGA's proposed Letter of Request seeks the nature and content

3   of those communications, as well as any agreements or fee arrangements entered

4   into between Mr. Yu's client, Cityworld, and Mattel.  MGA expects that the

5   evidence sought will show that the communications were sufficient to put Mattel on

6   notice of the trade secret misappropriation and other state law counterclaims that it

7   did not raise against MGA until more than three years later in November 2006,

8   rendering the Mattel's claims time-barred under the applicable statute of

9   limitations.  Accordingly, the evidence sought is necessary and relevant to MGA's

10  defenses.

### CONCLUSION

11

12          The evidence that MGA seeks through the proposed Letters of Request is

13  narrowly tailored, relevant, and necessary for MGA to present its claims and

14  defenses in this case.  Accordingly, MGA respectfully requests that the Discovery

15  Master recommend and that the Court issue the Letters of Request for Judicial

16  Assistance to the Hong Kong Central Authority.

17

18  Dated:  September 4, 2009                 Respectfully submitted,

19                                            DIANA M. RUTOWSKI
                                              Orrick, Herrington & Sutcliffe LLP

20

21                                            By: /s/Diana M. Rutowski

22                                            DIANA M. RUTOWSKI
                                              Attorneys for Plaintiff

23

24

25

26

27

28

MGA PARTIES' MOTION FOR ISSUANCE
OF LETTERS OF REQUEST
CV-04-0049 SGL (RNBx)