# EXHIBIT 1

1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213-612-2499
11
   Attorneys for MGA Parties
12
13              UNITED STATES DISTRICT COURT
14             CENTRAL DISTRICT OF CALIFORNIA
15                    EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
| 17  Plaintiff, | Consolidated with:<br>CV 04-9059 |
| 18  v. | CV 05-2727 |
| 19  MATTEL, INC., a Delaware Corporation | [PROPOSED] LETTER OF REQUEST FOR JUDICIAL ASSISTANCE  BY THE UNITED STATES DISTRICT COURT |
| 20  Defendant. | FOR THE CENTRAL DISTRICT OF CALIFORNIA REGARDING DANNY YU |
| 21 | |
| 22  AND CONSOLIDATED ACTIONS | |
| 23 | |
| 24 | |

25
26
27
28

1  TO THE CHIEF SECRETARY FOR ADMINISTRATION OF HONG KONG
2  SAR:

3      The United States District Court for the Central District of California
4  presents its compliments to the Hong Kong Central Authority, namely the Chief
5  Secretary for Administration of Hong Kong SAR, and requests international
6  judicial assistance to obtain evidence to be used in a civil proceeding before this
7  court in the above captioned matter.  A trial on this matter is scheduled for March
8  23, 2010 in Riverside, California, United States of America.

9      This Court requests that the assistance described herein, as necessary in the
10  interests of justice.  The assistance requested is that the High Court of the Hong
11  Kong Special Administrative Region Court of First Instance compel:

12      (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong, as set
13  forth in Schedule A,

14      (2) the inspection of documents from Danny K. H. Yu, as set forth in
15  Schedule B; and

16      (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.
17  Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in
18  Schedule C.

19      The requested testimony of this witness and documents are intended for use
20  at trial, and will be relevant to numerous claims and defenses at issue in the above-
21  captioned case in this District.

22      This request is made with the understanding that it will in no way require the
23  persons described below to commit any offense, nor will it require the persons
24  described below to undergo a broader form of inquiry than they would if the
25  litigation were conducted in Hong Kong.

26                    **<u>LETTER OF REQUEST</u>**

27      This Letter of Request is made pursuant to the Hague Convention of 18
28  March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

("Hague Convention").  Accordingly, the Letter of Request sets forth the following requirements under the applicable Articles of the Hague Convention, as well as other information pertinent to this particular proceeding:

1.   **Authority Requesting Letter of Request (Article 3(a)):**

> Hon. Stephen G. Larson
> United States District Judge
> United States District Court for the Central District of California
> Room 260
> 3470 Twelfth Street
> Riverside, CA 92501
> Tel: (951) 328-4464

The United States District Court for the Central District of California, Eastern Division, which is a competent court of law and equity which properly has jurisdiction over this proceeding, has the power to compel the attendance of witnesses and inspection of documents within its jurisdiction, and has the authority to seek the assistance of foreign governments in compelling the attendance of witnesses and inspection of documents outside its jurisdiction.

**Authority Requested to Executed Letter of Request (Article 3(a)):**

> Chief Secretary for Administration of Hong Kong SAR
> Central Government Offices
> Lower Albert Road
> Hong Kong,
> Tel: (011) (852) 8102954

2.   **Names and Addresses of the Parties and Representatives (Article 3(b)):**

| <u>Party</u> | <u>Representative</u> |
| --- | --- |
| Mattel, Inc. ("Mattel") | John B. Quinn, Esq. Michael T. Zeller, Esq. Jon D. Corey, Esq. QUINN EMANUAL URQUHART OLIVER & HEDGES LLP 865 South Figueroa Street, 10th Floor Los Angeles, CA 90017 |
| MGA Entertainment, Inc.; MGAE de Mexico, S.R.L. de C.V.; MGA Entertainment (HK) Limited; Isaac Larian ("MGA") | Melinda Haag, Esq. Annette L. Hurst, Esq. Warrington S. Parker, III, Esq. ORRICK HERRINGTON & SUTCLIFFE LLP |

| | |
|---|---|
| 1 | The Orrick Building |
| 2 | 405 Howard Street<br>San Francisco, CA 94104 |
| 3 | William A. Molinski, Esq. |
| 4 | ORRICK HERRINGTON &<br>SUTCLIFFE LLP |
| 5 | 777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017 |
| 6 | Thomas J. Nolan, Esq. |
| 7 | Jason Russell, Esq.<br>SKADDEN ARPS SLATE |
| 8 | MEAGHER & FLOM LLP<br>3000 South Grand Avenue, Suite 3400 |
| 9 | Los Angeles, CA 90071 |
| 10 | Carlos Gustavo Machado Gomez — Mark E. Overland, Esq.<br>David C. Scheper, Esq. |
| 11 | Alexander H. Cote, Esq.<br>OVERLAND, BORENSTEIN, |
| 12 | SCHEPER & KIM, LLP<br>300 S. Grand Avenue, Suite 2750 |
| 13 | Los Angeles, CA 90071 |
| 14 | Omni 808 Investors, LLC — Todd E. Gordinier, Esq.<br>Peter N. Villar, Esq. |
| 15 | Craig A. Taggart, Esq.<br>BINGHAM MCCUTCHEN LLP |
| 16 | 600 Anton Blvd., 18th Floor<br>Costa Mesa, CA 92626 |

**3.     Nature of the Proceedings (Article 3(c)):**

The evidence requested relates to civil proceedings entitled *Bryant v. Mattel, Inc.,* Case No. CV 04-9049 SGL (RNBx) ("Consolidated Proceeding"), which consists of three actions that have been instituted and consolidated before the requesting judicial authority: *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx); *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), and *MGA Entertainment v. Mattel, Inc.*, Case No. CV 05-2727 SGL (RNBx).  The Consolidated Proceeding is a civil lawsuit, and the applicant for this Letter of Request is a party to the proceeding, MGA.  In the Consolidated Proceeding, MGA brought a complaint against Mattel alleging false designation of origin, unfair competition, dilution and unjust enrichment.  Mattel filed counterclaims for

-4-

1   copyright infringement, misappropriation of trade secrets, violation and conspiracy

2   to violate the Racketeer Influenced and Corrupt Organizations Act, breach of

3   contract, intentional interference with contract, breach and aiding and abetting

4   breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty,

5   conversion, unfair competition, avoidance of intentional and constructive fraudulent

6   transfers under the Uniform Fraudulent Transfer Act, and declaratory relief.  Mattel

7   first sought to lodge an amended complaint with these causes of action on

8   November 20, 2006, but the causes of action were not filed as counterclaims until

9   January 12, 2007.

10       Under California law, which applies in this case, a claim for misappropriation

11   of trade secrets is barred under the statute of limitations if it is filed more than three

12   years after the party discovered or, by the exercise of reasonable diligence, should

13   have discovered the alleged misappropriation.  Thus, any evidence showing that

14   Mattel discovered or should have discovered that its alleged trade secrets were

15   misappropriated before November 20, 2003 would be evidence that Mattel cannot

16   assert its misappropriation of trade secrets claim because it was not filed within

17   three years of when it accrued.

18       MGA has reason to believe that Mattel learned about the alleged

19   misappropriation of trade secrets prior to November 20, 2003 through

20   communications between Mattel, or someone acting on its behalf, and solicitors for

21   Cityworld Limited ("Cityworld"), Toys & Trends (Hong Kong) Limited, Cityworld

22   ("Toys & Trends"), and Jurg Willi Kesselring ("Mr. Kesselring").  MGA issued a

23   Writ of Summons against Toys & Trends, Cityworld, and Mr. Kesselring on June

24   5th 2002 in Hong Kong High Court Action No. 2152 of 2002 ("Hong Kong

25   Action") regarding fashion dolls, and specifically the BRATZ dolls at issue in this

26   case; applied, by way of Summons based on Affirmation evidence, for an

27   interlocutory injunction against Toys & Trends, Cityworld, and Mr. Kesselring in

28   the Hong Kong Action on 18th June 2002; and filed a statement of claim in the

1  Hong Kong Action on July 5th 2002.   Toys & Trends, Cityworld and Mr.

2  Kesselring were represented by Hong Kong solicitor, Mr. Yu, and the firms at

3  which he had been a principal or employed, including Danny K. H. Yu & Co.; Paul

4  K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co.  According to

5  evidence produced in the Consolidated Proceeding, solicitors for Toys & Trends,

6  Cityworld and Mr. Kesselring reached out to Mattel at least as early as September

7  2003 regarding the BRATZ dolls and Mattel's former employee's (Carter Bryant)

8  involvement in the conception and design of the BRATZ dolls.  Such

9  correspondence prior to November 20, 2003, if sufficient to put Mattel on notice on

10  the claims it sought to add on November 20, 2006, could bar assertion of those

11  claims.

12      Danny K. H. Yu and his firm Danny K. H. Yu & Co. sought to take out a Bill

13  of Costs against MGA in connection with the Hong Kong Action.  In connection

14  with the Bill of Costs, they itemized and testified regarding details of the

15  communications with Mattel about the Cityworld claim.

16      Accordingly, this Letter of Request is directed and narrowly tailored to

17  evidence of communications between Mr. Yu and Mattel prior to November 20,

18  2003, and agreements or fee arrangements between Toys & Trends, Cityworld, Mr.

19  Kesselring, or any of them, and Mattel covering the period of time after the claim

20  was filed by MGA against Toys & Trends, Cityworld and Mr. Kesselring in June

21  2002.

22      The evidence sought is expected to show that Mattel was put on notice or

23  should have been put on notice of its claims against MGA more than three years

24  before it asserted those claims, rendering the claims barred by the statute of

25  limitations.

26  **4.      Evidence to be Obtained (Article 3(d)):**

27      As stated above, this Letter of Request is directed and narrowly tailored to

28  evidence of communications between Mattel and its U.S. counsel, on the one hand,

1   and Mr. Yu and his law firms on the other hand, prior to November 20, 2003.  It is

2   also directed and narrowly tailored to agreements between Cityworld and Mattel in

3   the same time frame.  The evidence to be obtained is for use in an upcoming trial of

4   phase 2 of the consolidated actions that have been captioned *Bryant v. Mattel, Inc*.,

5   Case No. 04-9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case

6   No. 05-2727).

7        Accordingly, it is requested that the High Court of the Hong Kong Special

8   Administrative Region Court of First Instance compel the following:

9        (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set

10  forth in Schedule A,

11       (2) the inspection of documents from Danny K. H. Yu, as set forth in

12  Schedule B;

13       (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

14  Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

15  Schedule C, and

16       As detailed above, it is alleged by MGA that Mattel had communications and

17  dealings with the above entities that are relevant to showing that Mattel knew or

18  should have known about its claims against MGA more than three years before it

19  asserted the claims, rendering the claims barred by the statute of limitations.

20  **5.    Name and Address of the Person to be Examined (Article 3(e)):**

21       Danny K. H. Yu (Examination & Inspection)
        803, Manning House
22       48 Queen's Road Central
        Hong Kong
23
        Danny K. H. Yu & Co. (Inspection only)
24       803, Manning House
        48 Queen's Road Central
25       Hong Kong

26

27

28

Paul K. C. Chan, Danny K. H. Yu & Co. (Inspection only)
8th Floor, Chinachem Tower,
34-37 Connaught Road Central
Hong Kong

Simon C. W. Yung & Co. (Inspection only)
Rm 2603-5, 26/F, ING Tower,
308 Des Voeux Road Central,
Hong Kong

6.     **Statement of the Subject-Matter of the Examination (Article 3(f)):**

The subject matter about which Mr. Yu is to be examined is set forth in Schedule A.

7.     **Documents or Other Property to be Inspected (Article 3(g)):**

The documents or other property requested from Mr. Yu are set forth in Schedule B.

The documents or other property requested from Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co. are set forth in Schedule C.

8.     **Requirement that the Evidence Is to Be Given Under Oath (Article 3(h)):**

This Court requests that the examination of Mr. Yu shall be taken under oath before the appropriate Hong Kong judicial authority empowered to administer oaths and take testimony.

This Court further requests that the testimony given during the examinations be given under the following oath: "I [name of deponent] swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God."

In the event that the Law of Hong Kong does not permit the swearing of an oath by a particular witness, the duly appointed officer shall make inquiry of such witness to ensure that he/she understands the gravity of the procedure and affirms that his/her statement will be true and correct in all respects.

9.     **Special Method or Procedure to be Followed (Articles 3(i) and 9):**

A Protective Order was entered in this action on January 4, 2005 (Exhibit A

hereto).  Accordingly, this Court requests that the High Court of the Hong Kong Special Administrative Region Court of First Instance order that the oral evidence produced pursuant to enforcement of this Letter of Request shall not be used by anyone in any manner or proceeding other than in this matter, *Bryant v. Mattel, Inc.*, Case No. 04-9049 SGL (RNBx) (consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United States District Court for the Central District of California.

The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the internal laws of Hong Kong.

The examinations shall be taken before a commercial stenographer and a transcript shall be produced. The examinations shall also be videotaped.

The equipment needed to obtain the transcript and the videotape, as well as the persons needed to operate such equipment, will be provided by the requesting party, MGA.

**10.    Notification of Court and Parties (Article 7)**

Pursuant to Article 7 of the Hague Convention on the Taking of Evidence Abroad, the Court requests that counsel for the parties in this action, listed in paragraph 2 above, be informed of the time when, and the place where, the proceedings will take place, in order that they may be present and participate.  In the event that American attorneys are not permitted to participate in the proceedings, this Court gives permission for local Hong Kong counsel representing the parties to participate in the questioning of the witnesses.

**11.    Reciprocity**

This Court respectfully expresses its willingness to provide similar assistance to the High Court of the Hong Kong Special Administrative Region Court of First Instance.

**12.    Fees and Costs**

1      This Court respectfully requests its willingness to reimburse the High Court

2   of the Hong Kong Special Administrative Region Court of First Instance for costs

3   incurred in executing the Letter of Request.  Any fees and costs incurred by Mr. Yu

4   in conjunction with their examinations will be paid by MGA through its counsel of

5   record:  Annette Hurst, Orrick Herrington & Sutcliffe LLP, 405 Howard Street, San

6   Francisco, CA 94105. MGA's payment of any such fees and costs is without

7   prejudice to its making a subsequent request to be reimbursed for these costs by

8   other parties in these consolidated actions.

9                              **<u>Conclusion</u>**

10      Based on the foregoing and the Court's review of the pleadings, this Court

11   has concluded that the above-requested persons and entities have information about

12   the claims and defenses that are the subject of the Consolidated Proceeding,

13   including but not limited to communications with Mattel prior to November 20,

14   2003 relating to the claims at issue and agreements between Mattel and Cityworld.

15   In the spirit of comity and reciprocity, this Court hereby requests international

16   judicial assistance as detailed in this Letter of Request to compel:

17      (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set

18   forth in Schedule A,

19      (2) the inspection of documents from Danny K. H. Yu, as set forth in

20   Schedule B; and

21      (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

22   Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

23   Schedule C.

24

25

26

27

28

1    The evidence sought cannot be obtained other than from the entities set forth

2  in this request through examination and inspection of documents in their respective

3  possession, and such evidence in the interests of justice and to assure a complete

4  record for trial in this matter.

5

6

7  DATED: _____, 2009

8

9                                  By:_____
                                      THE HONORABLE STEPHEN G. LARSON
10                                     UNITED STATES DISTRICT COURT JUDGE

11

12  Authenticated of Signature by Clerk of the Court:

13

14                                  TERRY NAFISI, Clerk of the Court

15

16                                  By:_____
                                      Deputy Clerk _____
17

18  Court's Authentication that the Clerk of Court is the Clerk of Court:

19

20                                  By:_____
                                      THE HONORABLE STEPHEN G. LARSON
21                                     UNITED STATES DISTRICT COURT JUDGE

22

23  Authenticated of Signature by Clerk of the Court:
24

25                                  TERRY NAFISI, Clerk of the Court
26

27                                  By:_____
28                                     Deputy Clerk _____

## **SCHEDULE A**

SUBJECT MATTER ABOUT WHICH MR. YU IS TO BE EXAMINED:

1. Communications between Mr. Danny K. H. Yu or anyone acting on his behalf (together, "Mr. Yu"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5. Agreements entered into between Mattel and Cityworld Limited ("Cityworld"), Toys & Trends (Hong Kong) Limited, Cityworld ("Toys & Trends"), and Jurg Willi Kesselring ("Mr. Kesselring"), or any of them, including any agreements to pay legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

6. Payment by Mattel of legal fees incurred by Cityworld, Toys & Trends, Mr.

Kesselring, or any of them at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

## <u>SCHEDULE B</u>

REQUESTS FOR INSPECTION OF DOCUMENTS TO DANNY K.H. YU:

1. Communications between Mr. Danny K. H. Yu or anyone acting on his behalf (together, "Mr. Yu"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2. Documents reflecting communications between Mr. Yu and Mattel from and including August 1, 2003 through November 20, 2003, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4. Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

6. Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

7. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

8. Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

9. Agreements entered into between Mattel and Cityworld, Toys & Trends, Mr. Kesselring, or any of them, including any agreements to pay legal fees incurred by Cityworld Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

10. Documents reflecting payment by Mattel of legal fees incurred by Cityworld Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

## SCHEDULE C

REQUESTS FOR INSPECTION OF DOCUMENTS TO

        (1) DANNY K. H. YU & CO.;

        (2) PAUL K. C. CHAN, DANNY K. H. YU & CO.; AND

        (3) SIMON C. W. YUNG & CO.:

1. Communications between Mr. Danny K. H. Yu or any other employee of Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; Simon C. W. Yung & Co. or anyone acting on their behalf (together "Yu's Firm"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2. Documents reflecting communications between Yu's Firm and Mattel from and including August 1, 2003 through November 20, 2003, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding BRATZ, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding Carter Bryant, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

6. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding Carter Bryant, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

7. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

8. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding MGA, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

9. Agreements entered into between Mattel and Cityworld, Toys & Trends, Mr. Kesselring, or any of them, including any agreements to pay legal fees incurred by Cityworld at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

10. Documents reflecting payment by Mattel of legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong

1    High Court Action No. 2152 of 2002.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
     Jon D. Corey (Bar No. 185066)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
5
6  Attorneys for Plaintiff and Counter-Defendant
   Mattel, Inc.
7

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2005

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          )   CASE NO. CV 04-9059 NM (RNBx)
    Corporation,                      )
12                                    )   STIPULATED PROTECTIVE
                    Plaintiff,        )   ORDER; AND
13                                    )
           v.                         )   [PROPOSED] ORDER
14                                    )
    CARTER BRYANT, an individual; and )   [Discovery Matter]
15  DOES 1 through 10, inclusive,     )
                                      )
16                  Defendants.       )
                                      )
17  _____      )
                                      )
18  CARTER BRYANT, on behalf of       )
    himself, all present and former   )
19  employees of Mattel, Inc., and the)
    general public,                   )
20                                    )
                    Counter-Claimant, )
21                                    )
           v.                         )
22                                    )
    MATTEL, INC., a Delaware          )
23  Corporation,                      )
                                      )
24                  Counter-Defendant.)
                                      )
25

26

27

28

07272/625581.2

PROTECTIVE ORDER

# GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)    Personnel files and other private or confidential employment, contractor or vendor information;

07272/625581.2

PROTECTIVE ORDER

(2)    The specific terms of agreements with, and information received from, third parties that a Party is required to disclose only under conditions of confidentiality;

(3)    Personal or private financial information, and confidential financial data that is not known generally to the trade or to competitors, including financial data relating to specific sales, cost and profit information for specific products and product lines; and

(4)  Business plans and product information that are not known generally to the trade or to competitors, including non-public information relating to product development and design.

WHEREFORE, believing that good cause exists, the Parties HEREBY STIPULATE that, subject to the Court's approval, the following procedures shall be followed in this Action to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential or proprietary information:

## SCOPE OF THIS ORDER

1.    This Protective Order shall apply to trade secret, confidential and proprietary information, documents and things that are produced or disclosed in any form during the course of the Action by any Party or any nonparty:

(a)    through discovery;

(b)    in any pleading, document or other writing; or

(c)    in testimony given at a deposition.

(The foregoing information, documents and things shall be referred to hereinafter collectively as "Litigation Materials.")

<u>CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION</u>

2.   Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

<u>MANNER OF DESIGNATION OF MATERIALS</u>

3.   A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)   <u>Documents or Things</u>.   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

-4-

PROTECTIVE ORDER

1  obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL --

2  ATTORNEYS' EYES ONLY" on the particular document or thing.

3       (b)   <u>Interrogatory Answers and Responses to Requests for</u>

4  <u>Admissions</u>.  In answering any interrogatory or request for admission, or any

5  part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or

6  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the

7  legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

8  ONLY."  Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

9  EYES ONLY" answers shall be made on separate pages from any other

10  answers or portions thereof that are not designated as "CONFIDENTIAL" or

11  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

12       (c)   <u>Deposition Testimony</u>.  Any Party or nonparty giving

13  deposition testimony in this Action may obtain "CONFIDENTIAL" or

14  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by

15  designating, during the course of that testimony, for which "CONFIDENTIAL"

16  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired,

17  the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL

18  -- ATTORNEYS' EYES ONLY,"  or alternatively by designating the entire

19  testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

20  EYES ONLY," subject to a good faith obligation to identify any non-

21  confidential portions of the testimony (and/or any lesser "CONFIDENTIAL"

22  portions in the event that the entire testimony is designated "CONFIDENTIAL

23  -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after

24  receipt of the transcript of the testimony.  The reporter shall separately

25  transcribe and bind the testimony so designated as "CONFIDENTIAL" and

26  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face

27  of the separate bound transcript containing such testimony with the term

28  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given. Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)    Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)    Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

1  be fully subject to this Protective Order. No Party shall incur liability for any

2  disclosures made prior to notice of such designation, except to the extent that

3  any such disclosures occurred prior to the seven (7) day period described above

4  or prior to such other time periods as are provided by this Protective Order,

5  including without limitation such time periods as are provided in Paragraph

6  3(c) above.

7

8  <u>RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS</u>

9

10         4.    Any Litigation Materials produced or disclosed in this Action,

11  whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL --

12  ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such

13  information for purposes of litigation and not for any other purpose, including

14  without limitation for any business or trade purpose. As used herein, the term

15  "litigation" shall mean preparation for, participation in and prosecution and defense

16  of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in

17  connection with any mediation or other alternative dispute resolution procedure that

18  this or any other court may order or that the Parties may agree to.

19         5.    Subject to Paragraph 7 herein, and unless as otherwise ordered by

20  the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be

21  disclosed to any person other than:

22              (a)    the attorneys for the Parties and their partners, shareholders,

23         associates, document clerks and paralegals who are necessary to assist such

24         attorneys;

25              (b)    secretaries, stenographers and other office or clerical

26         personnel employed by said attorneys and who are necessary to assist such

27         attorneys;

28

(c)     a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)     such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)     non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

-9-

PROTECTIVE ORDER

6. Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a) the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b) secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c) the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d) such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e) outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f) independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

PROTECTIVE ORDER

(g) professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators.

7. None of the following is bound by or obligated under this Order in any respect and specifically are not bound or obligated to treat information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in any particular manner: The Court hearing this Action (including the Court having jurisdiction of any appeal), Court personnel, court reporters working for the Court, translators working for the Court, or any jury impaneled in this Action.

8. Other than those identified in Paragraph 7 above, each person to whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such persons of any such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall not have access to either "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A. Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material. Any person who signed an Assurance of Compliance in connection with the Stipulation for Protection of Confidential Information and Protective Order filed September 16, 2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County Superior Court, need not re-sign the Assurance of Compliance attached hereto but shall, by virtue of his or her prior signature, be deemed to have signed the attached Assurance of Compliance.

PROTECTIVE ORDER

9.    The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10.    If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the <u>Local Rules</u>. Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11.    Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12.    The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

13. If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty. The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14. Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

<u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

15. Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

07272/625581.2

-13-

PROTECTIVE ORDER

1     <u>Rule</u> may be amended from time to time. Prior to the time that a Party receiving the

2     "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3     information from any other Party files with the Court an application and the other

4     materials required by <u>Local Rule</u> 79-5.1, as such <u>Rule</u> may be amended from time to

5     time, to seal the producing Party's confidential information, the receiving Party shall

6     consult with the producing Party's attorney to determine whether the producing Party

7     will re-designate the previously designated confidential information so as to avoid the

8     need for the request to file such information under the seal. Upon the default of a

9     Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10     or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11     Party may subsequently seek the approval of the Court to file that document under

12     seal, in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such <u>Rule</u>

13     may be amended from time to time.

14

15     <u>THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS</u>

16

17     16.    If any Party or nonparty receives a subpoena or document request

18     from a third party which purports to require the production of materials in that Party's

19     possession which have previously been designated as "CONFIDENTIAL" or

20     "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21     the Party or nonparty receiving such subpoena or document request (a) shall object

22     and refuse to produce documents absent a Court Order or the consent of the Party or

23     nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24     -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25     designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26     ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27     and (c) shall not oppose any effort by the Party or nonparty which designated the

28     material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

PROTECTIVE ORDER

ONLY" to quash the subpoena or obtain a protective order limiting discovery of such
material.

## DISCOVERY FROM NONPARTIES

17. Discovery of nonparties may involve receipt of information, documents, things or testimony which include or contain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information. A nonparty producing such material in this case may designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it produces in the same manner provided for in this Protective Order with respect to material furnished by or on behalf of the Parties. Any Party may also designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any materials or information produced by a nonparty that constitute "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating Party under Paragraph 2 of this Protective Order, regardless of whether the producing nonparty has also so designated. In addition, a nonparty may also designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any materials or information produced by a Party that constitute "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such nonparty under Paragraph 2 of this Protective Order, regardless of whether the producing Party has also so designated. In either such an event, the designation providing for the greater level of protection for the material information shall control, subject to Paragraph 10 of this Protective Order. Nonparty materials designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a nonparty or Party shall be governed by the terms of this Protective Order.

PROTECTIVE ORDER

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be  modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

-16-

PROTECTIVE ORDER

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4      **IT IS SO STIPULATED.**

5

6  DATED: December 22, 2004      QUINN EMANUEL URQUHART
          OLIVER & HEDGES, LLP

7

8             By _____

9             Jon Corey
            Attorneys for Plaintiff

10             Mattel, Inc.

11

   DATED: December __, 2004      LITTLER MENDELSON

12

13             By _____

14             Douglas A. Wickham
            Attorneys for Defendant

15             Carter Bryant

16 DATED: December __, 2004      O'MELVENY & MEYERS, LLP

17

18             By _____
            Diana M. Torres

19             Attorneys for Intervenor-Defendant
            MGA Entertainment, Inc.

20

21     **IT IS SO ORDERED.**

22

23 DATED: ____1/4/05____

24             THE HONORABLE ROBERT N. BLOCK
            United States Magistrate Judge

25

26

27

28

07272/625581.2                    -17-

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4          **IT IS SO STIPULATED.**

5

6   DATED: December ___, 2004          QUINN EMANUEL URQUHART
                                        OLIVER & HEDGES, LLP
7

8                                       By_____

9                                          Jon Corey
                                           Attorneys for Plaintiff
10                                         Mattel, Inc.

11  DATED: December 21, 2004           LITTLER MENDELSON

12

13                                      By_____

14                                         Douglas A. Wickham
                                           Attorneys for Defendant
15                                         Carter Bryant

16  DATED: December ___, 2004          O'MELVENY & MEYERS, LLP

17

18                                      By_____

19                                         Diana M. Torres
                                           Attorneys for Interventor-Defendant
                                           MGA Entertainment, Inc.
20

21          **IT IS SO ORDERED.**

22

23  DATED: _____

24                                      _____
                                        THE HONORABLE ROBERT N. BLOCK
25                                      United States Magistrate Judge

26

27

28

07272/625581.2                          -17-

                                                        PROTECTIVE ORDER

1 | Stipulation and Protective Order pursuant to a motion brought in accordance with the

2 | rules of the Court.

3

4 | **IT IS SO STIPULATED.**

5

6 | DATED: December ___, 2004          QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

7

8

By_____
9 |                                    Jon Corey
                                     Attorneys for Plaintiff
10 |                                   Mattel, Inc.

11 | DATED: December ___, 2004          LITTLER MENDELSON

12

13

By_____
                                     Douglas A. Wickham
14 |                                   Attorneys for Defendant
                                     Carter Bryant

15

16 | DATED: December ___, 2004          O'MELVENY & MEYERS, LLP

17

By_____
18 |                                   Diana M. Torres
                                     Attorneys for Intervenor-Defendant
19 |                                   MGA Entertainment, Inc.

20

21 | **IT IS SO ORDERED.**

22

23

24 | DATED: _____            _____
                                     THE HONORABLE ROBERT N. BLOCK
25 |                                   United States Magistrate Judge

26

27

28

07272/625581.2                       -17-
                                                              PROTECTIVE ORDER

EXHIBIT A

<u>ASSURANCE OF COMPLIANCE</u>

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

07272/625581.2

PROTECTIVE ORDER

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA**          )
**COUNTY OF LOS ANGELES**     )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 22, 2004, I served the foregoing document described as

**STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on all interested parties in this action:

**SEE ATTACHED SERVICE LIST**

[ ]     By placing [ ] the original [ X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]     **BY MAIL**

[ ]     I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]     **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X]     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ivana Maiorano
Print Name                                        Signature

1  Robert F. Millman, Esq.
   Douglas A. Wickham, Esq.
2  Keith A. Jacoby, Esq.
   Littler Mendelson
3  A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, California 90067-3107
   Phone: 310-553-0308
5  Fax: 310-553-5583

6  Diana M. Torres, Esq.
   O'Melveney & Meyers
7  400 S. Hope Street
   Los Angeles, CA 90071
8  Phone: 213-430-6000
   Fax: 213-430-6407
9

10 Daniel J. Warren, Esq.
   Sutherland, Asbill & Brennan
11 999 Peachtree Street NE
   Atlanta, GA  30309-3996
12 Phone: 404-853-8698
   Fax: 404-853-8806

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28