# EXHIBIT 2

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:   +1-415-773-5700
    Facsimile:    +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:   +1-213-629-2020
    Facsimile:    +1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                   EASTERN DIVISION

16  | CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
17  |          Plaintiff,          | Consolidated with: |
    |                              | CV 04-9059 |
18  | v.                           | CV 05-2727 |
19  | MATTEL, INC., a Delaware     | [PROPOSED] LETTER OF REQUEST |
    | Corporation                  | FOR JUDICIAL ASSISTANCE  BY THE |
20  |                              | UNITED STATES DISTRICT COURT |
    |          Defendant.          | FOR THE CENTRAL DISTRICT OF |
21  |                              | CALIFORNIA REGARDING BIRD & |
    |                              | BIRD |
22  |                              |  |
    | AND CONSOLIDATED ACTIONS     |  |
23  |                              |  |
24  |                              |  |

25

26

27

28

1 TO THE CHIEF SECRETARY FOR ADMINISTRATION OF HONG KONG

2 SAR:

3     The United States District Court for the Central District of California

4 presents its compliments to the Hong Kong Central Authority, namely the Chief

5 Secretary for Administration of Hong Kong SAR, and requests international

6 judicial assistance to obtain evidence to be used in a civil proceeding before this

7 court in the above captioned matter.  A trial on this matter is scheduled for March

8 23, 2010 in Riverside, California, United States of America.

9     This Court requests that the assistance described herein, as necessary in the

10 interests of justice.  The assistance requested is that the High Court of the Hong

11 Kong Special Administrative Region Court of First Instance compel: the inspection

12 of documents from Bird & Bird, as set forth in Schedule A.

13     The requested documents are intended for use at trial, and will be relevant to

14 numerous claims and defenses at issue in the above-captioned case in this District.

15     This request is made with the understanding that it will in no way require the

16 persons described below to commit any offense, nor will it require the persons

17 described below to undergo a broader form of inquiry than they would if the

18 litigation were conducted in Hong Kong.

19                              **LETTER OF REQUEST**

20     This Letter of Request is made pursuant to the Hague Convention of 18

21 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

22 ("Hague Convention").  Accordingly, the Letter of Request sets forth the following

23 requirements under the applicable Articles of the Hague Convention, as well as

24 other information pertinent to this particular proceeding:

25

26

27

28

1    **1.    Authority Requesting Letter of Request (Article 3(a)):**

2        Hon. Stephen G. Larson
         United States District Judge
3        United States District Court for the Central District of California
         Room 260
4        3470 Twelfth Street
         Riverside, CA 92501
5        Tel: (951) 328-4464

6        The United States District Court for the Central District of California, Eastern

7    Division, which is a competent court of law and equity which properly has

8    jurisdiction over this proceeding, has the power to compel the attendance of

9    witnesses and inspection of documents within its jurisdiction, and has the authority

10   to seek the assistance of foreign governments in compelling the attendance of

11   witnesses and inspection of documents outside its jurisdiction.

12       **Authority Requested to Executed Letter of Request (Article 3(a)):**

13       Chief Secretary for Administration of Hong Kong SAR
         Central Government Offices
14       Lower Albert Road
         Hong Kong,
15       Tel: (011) (852) 8102954

16   **2.    Names and Addresses of the Parties and Representatives (Article 3(b)):**

17   <u>**Party**</u>                            <u>**Representative**</u>

18   Mattel, Inc.                          John B. Quinn, Esq.
     ("Mattel")                            Michael T. Zeller, Esq.
19                                         Jon D. Corey, Esq.
                                           QUINN EMANUAL URQUHART
20                                         OLIVER & HEDGES LLP
                                           865 South Figueroa Street, 10th Floor
21                                         Los Angeles, CA 90017

22   MGA Entertainment, Inc.;              Melinda Haag, Esq.
     MGAE de Mexico, S.R.L. de C.V.;       Annette L. Hurst, Esq.
23   MGA Entertainment (HK) Limited;       Warrington S. Parker, III, Esq.
     Isaac Larian                         ORRICK HERRINGTON &
24   ("MGA")                               SUTCLIFFE LLP
                                           The Orrick Building
25                                         405 Howard Street
                                           San Francisco, CA 94104
26
27                                         William A. Molinski, Esq.
                                           ORRICK HERRINGTON &
28                                         SUTCLIFFE LLP
                                           777 South Figueroa Street, Suite 3200

| | |
|---|---|
| | Los Angeles, CA  90017 |
| | Thomas J. Nolan, Esq.<br>Jason Russell, Esq.<br>SKADDEN ARPS SLATE<br>MEAGHER & FLOM LLP<br>3000 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071 |
| Carlos Gustavo Machado Gomez | Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>OVERLAND, BORENSTEIN,<br>SCHEPER & KIM, LLP<br>300 S. Grand Avenue, Suite 2750<br>Los Angeles, CA 90071 |
| Omni 808 Investors, LLC | Todd E. Gordinier, Esq.<br>Peter N. Villar, Esq.<br>Craig A. Taggart, Esq.<br>BINGHAM MCCUTCHEN LLP<br>600 Anton Blvd., 18th Floor<br>Costa Mesa, CA 92626 |

**3.     Nature of the Proceedings (Article 3(c)):**

The evidence requested relates to civil proceedings entitled *Bryant v. Mattel, Inc.,* Case No. CV 04-9049 SGL (RNBx) ("Consolidated Proceeding"), which consists of three actions that have been instituted and consolidated before the requesting judicial authority: *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx); *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), and *MGA Entertainment v. Mattel, Inc.*, Case No. CV 05-2727 SGL (RNBx).  The Consolidated Proceeding is a civil lawsuit, and the applicant for this Letter of Request is a party to the proceeding, MGA.  In the Consolidated Proceeding, MGA brought a complaint against Mattel alleging false designation of origin, unfair competition, dilution and unjust enrichment.  Mattel filed counterclaims for copyright infringement, misappropriation of trade secrets, violation and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, breach of contract, intentional interference with contract, breach and aiding and abetting breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty,

1   conversion, unfair competition, avoidance of intentional and constructive fraudulent

2   transfers under the Uniform Fraudulent Transfer Act, and declaratory relief.  Mattel

3   first sought to lodge an amended complaint with these causes of action on

4   November 20, 2006, but the causes of action were not filed as counterclaims until

5   January 12, 2007.  MGA has reason to believe that Mattel learned about the claims

6   it seeks to assert against MGA at search an early date that Mattel is barred from

7   asserting those claims by the statute of limitations and laches.

8        For example, under California law, which applies in this case, a claim for

9   misappropriation of trade secrets is barred under the statute of limitations if it is

10   filed more than three years after the party discovered or, by the exercise of

11   reasonable diligence, should have discovered the alleged misappropriation.  Thus,

12   any evidence showing that Mattel discovered or should have discovered that its

13   alleged trade secrets were misappropriated before November 20, 2003 would be

14   evidence that Mattel cannot assert its misappropriation of trade secrets claim

15   because it was not filed within three years of when it accrued.

16        MGA has reason to believe that Mattel learned about the alleged

17   misappropriation of trade secrets prior to November 20, 2003 through

18   communications between its counsel at Quinn Emanuel Urquhart Oliver & Hedges,

19   LLP ("Quinn") and Bird & Bird, a solicitors' firm in the Hong Kong Special

20   Administrative Region.  On September 23, 2003, Quinn received one or more

21   facsimiles from Bird & Bird allegedly attaching the Writ of Summons issued in

22   Hong Kong High Court Action No. 2152 of 2002 ("Hong Kong Action"). There are

23   several discrepancies associated with the facsimile(s) that has been produce to

24   MGA in the Consolidated Proceeding, which lead MGA to believe that it may not

25   have the complete document(s) transmitted from Bird & Bird: (1) the header on the

26   facsimile changes between pages ten and eleven indicating that there may have

27   been two different facsimile transmissions from two different machines (the

28   numbering convention changes from "01, 02, 03…" to "11/46, 12/46, 13/46…");

1    (2) also between pages ten and eleven, there is a 18 minute time gap, from 14:37 to

2    14:55; (3) the cover page to the fax indicates that it is 44 pages (including this

3    page), while the header on pages eleven to forty-six indicates that a forty-six page

4    fax was sent.  (Pages with "01" to "10" in the header are attached hereto as Exhibit

5    A.  Pages with "11/46" to "46/46" in the header are attached hereto as Exhibit B.)

6    These discrepancies indicate that Bird & Bird may have sent two facsimile

7    transmissions with materials in addition to those that MGA has been provided in

8    the Consolidated Proceeding.  If Mattel, through Quinn, received additional

9    information about the Hong Kong Action from Bird & Bird prior to November 20,

10   2003, its claims may be time-barred.

11        This Letter of Request is directed and narrowly tailored to inspection of the

12   original and copies of the facsimile transmission(s) from Bird & Bird dated

13   September 23, 2003, and confirmation of transmission as generated by the facsimile

14   machine.  The evidence sought is expected to show that Mattel was put on notice or

15   should have been put on notice of its claims against MGA more than three years

16   before it asserted those claims, rendering the claims barred by the statute of

17   limitations.

18   **4.      Evidence to be Obtained (Article 3(d)):**

19        As stated above, this Letter of Request is directed and narrowly tailored to

20   inspection of the original facsimile transmission(s) from Bird & Bird on September

21   23, 2003.  The evidence to be obtained is for use in an upcoming trial of phase 2 of

22   the consolidated actions that have been captioned *Bryant v. Mattel, Inc.*, Case No.

23   04-9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-

24   2727).

25        Accordingly, it is requested that the High Court of the Hong Kong Special

26   Administrative Region Court of First Instance compel the following: the inspection

27   of documents from Bird & Bird, as set forth in Schedule A.

28        As detailed above, it is alleged by MGA that Mattel had communications and

dealings with the above entities that are relevant to showing that Mattel knew or should have known about its claims against MGA more than three years before it asserted the claims, rendering the claims barred by the statute of limitations.

**5.      Name and Address of the Person to be Examined (Article 3(e)):**

Bird & Bird (Inspection only)
33/F, Three Pacific Place,
1 Queen's Road East,
Hong Kong

**6.      Statement of the Subject-Matter of the Examination (Article 3(f)):**

This Letter of Request seeks only inspection of documents.

**7.      Documents or Other Property to be Inspected (Article 3(g)):**

The documents or other property requested from Bird & Bird are set forth in Schedule A.

**8.      Requirement that the Evidence Is to Be Given Under Oath (Article 3(h)):**

This Letter of Request seeks only inspection of documents.

**9.      Special Method or Procedure to be Followed (Articles 3(i) and 9):**

A Protective Order was entered in this action on January 4, 2005 (Exhibit C hereto).  Accordingly, this Court requests that the High Court of the Hong Kong Special Administrative Region Court of First Instance order that evidence produced pursuant to enforcement of this Letter of Request shall not be used by anyone in any manner or proceeding other than in this matter, *Bryant v. Mattel, Inc.*, Case No. 04-9049 SGL (RNBx) (consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United States District Court for the Central District of California.

**10.     Notification of Court and Parties (Article 7)**

Pursuant to Article 7 of the Hague Convention on the Taking of Evidence Abroad, the Court requests that counsel for the parties in this action, listed in paragraph 2 above, be informed of the time when, and the place where, the requested inspection will take place, in order that they may be present and

1   participate.  In the event that American attorneys are not permitted to participate in

2   the proceedings, this Court gives permission for local Hong Kong counsel

3   representing the parties to participate in the inspection.

4   **11.   Reciprocity**

5       This Court respectfully expresses its willingness to provide similar assistance

6   to the High Court of the Hong Kong Special Administrative Region Court of First

7   Instance.

8   **12.   Fees and Costs**

9       This Court respectfully requests its willingness to reimburse the High Court

10  of the Hong Kong Special Administrative Region Court of First Instance for costs

11  incurred in executing the Letter of Request.

12  <u>**Conclusion**</u>

13      Based on the foregoing and the Court's review of the pleadings, this Court

14  has concluded that the above-requested entity has information about the claims and

15  defenses that are the subject of the Consolidated Proceeding, namely facsimile

16  correspondence with Mattel on September 23, 2003.  In the spirit of comity and

17  reciprocity, this Court hereby requests international judicial assistance as detailed in

18  this Letter of Request to compel: the inspection of documents from Bird & Bird, as

19  set forth in Schedule A.

20      The evidence sought cannot be obtained other than from Bird & Bird through

21  inspection of documents in its possession, and such evidence in the interests of

22  justice and to assure a complete record for trial in this matter.

23

24

25  DATED: _____, 2009

26

27  By:_____

28  THE HONORABLE STEPHEN G. LARSON
    UNITED STATES DISTRICT COURT JUDGE

1

2    Authenticated of Signature by Clerk of the Court:

3

4                          TERRY NAFISI, Clerk of the Court

5

6                    By:_____

7                          Deputy Clerk _____

8    Court's Authentication that the Clerk of Court is the Clerk of Court:

9

10                   By:_____
                          THE HONORABLE STEPHEN G. LARSON
11                        UNITED STATES DISTRICT COURT JUDGE

12

13   Authenticated of Signature by Clerk of the Court:

14

15                          TERRY NAFISI, Clerk of the Court

16

17                   By:_____

18                        Deputy Clerk _____

19

20

21

22

23

24

25

26

27

28

## <u>SCHEDULE A</u>

REQUESTS FOR INSPECTION OF DOCUMENTS TO BIRD & BIRD:

1. The original and copies of the complete set of documents transmitted by facsimile from Bird & Bird to Quinn, beginning with the pages attached hereto as Exhibit A.

2. The confirmation of transmission provided by the facsimile machine for the facsimile from Bird & Bird to Quinn that begins with the pages attached hereto as Exhibit A.

3. The original and copies of the complete set of documents transmitted by facsimile from Bird & Bird to Quinn, ending with the pages attached hereto as Exhibit B.

4. The confirmation of transmission provided by the facsimile machine for the facsimile from Bird & Bird to Quinn that ends with the pages attached hereto as Exhibit B.

# EXHIBIT A

23-SEP-2003  14:35      BIRD & BIRD                      +852 2248 6011      P.02

FAX

# BI..D & BIRD

## 漁　鵠　律　師　行

6/F Asia Pacific Finance Tower
Citibank Plaza
3 Garden Road
Hong Kong
Tel: +852 2248 6000
Fax: +852 2248 6011
www.twobirds.com

| | |
|---|---|
| To: | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| Atten\Ref: | Michael T Zeller |
| Fax No: | 1 213 624 0643 |
| From: | Rianna Chugani |
| Matter: | MGA Entertainment and ABC International Traders |
| Our Ref: | MHL/RMC/MATTE-003 |
| Your Ref: | |
| Date: | 23 September, 2003 |

Partners
Richard Fawcett
Matthew Laight
Edward Alder
David Richardson

Number of pages (including this page):     44

Note: This fax is intended for the named addressee only.  It contains information which may be confidential and which may also be privileged.  Unless you are the named addressee (or authorised to receive for the addressee) you may not copy or use it, or disclose it to anyone else.  If you have received it in error please notify us immediately so that we can arrange for its return.  To do so, or if you have any queries, please telephone +852 2248 6000.

Please see attached

'Non-resident

Brussels        Düsseldorf        The Hague        Hong Kong        London        Milan        Paris        Stockholm

EX 13650-0001

23-SEP-2003  14:35      BIRD & BIRD          +852 2248 6011   P.02

# BiRD & BIRD

## 鴻 鵠 律 師 行

Our Ref:  MHL/RMC/MATTE.0003

Your Ref:

6/F Asia Pacific Finance Tower
Citibank Plaza
3 Garden Road
Hong Kong
Tel: +852 2248 6000
Fax: +852 2248 6011
www.twobirds.com

Partners
Richard Fawcett
Matthew Laight
Edward Alder
David Richardson

23 September 2003

**BY FAX (1 213 624 0643) & BY POST**

Michael T Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street
10th Floor
Los Angeles, California 90017
USA

Dear Michael

**MGA ENTERTAINMENT AND ABC INTERNATIONAL TRADERS**

I refer to your email of 23 September 2003.

I enclose copies of the writs you requested which are the only documents that the Court Registry is willing to provide under the Court Rules to a third party. Therefore, it is not possible to review the court files of the cases mentioned in my email of 21 September 2003 to obtain further details or copies of other documents submitted in those cases.

Please do not hesitate to contact me if you require further assistance.

Best regards

Yours sincerely

**RIANNA CHUGANI**
Direct line: (852) 2248 6958
Email: rianna.chugani@twobirds.com

Encs

EX 13650-0002

23-SEP-2003  14:35          BIRD & BIRD                              +852 2248 6011       P.03



(Folio 1)

**HCA**        **HCA 7911/1999**

## IN THE HIGH COURT OF THE

ACCOUNTS OFFICE HIGH COURT

### HONG KONG SPECIAL ADMINISTRATIVE REGION

#### COURT OF FIRST INSTANCE

FC2.       1045.00
.00        1045.00

14MAY '99H00080010 14:23R

**BETWEEN :-**

MGA Entertainment (H.K.) Limited          **Plaintiff**

and

**LEAVES INDUSTRIES LIMITED**             **Defendant**

To the *Defendant* **Leaves Industries Limited** whose registered office at Room 1208, 12ᵗʰ Floor, The Centre Mark, Nos.287-299 Queen's Road Central, Hong Kong.

    **THIS WRIT OF SUMMONS** has been issued against you by the above-named Plaintiff in respect of the claim set out on the back.

    Within 14 days after the service of this Writ on you, counting the day of service, you must wither satisfy the claim or return to the Registry of High Court the accompanying **ACKNOWLEDGMENT OF SERVICE** stating therein whether you intend to contest these proceedings.

    If you fail to satisfy the claim or to return the Acknowledgment within the time stated, or if you return the Acknowledgment without stating therein an intention to contest the proceedings, the Plaintiff may proceed with the action and judgment may be entered against you forthwith without further notice.

    Issued from the Registry of the High Court this *14 MAY* day of *1999*          1999.

Registrar

Note:-     This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

**IMPORTANT**

Directions for Acknowledgment of Service are given with the accompanying form.

S.C.549 (s)

23-SEP 2003 14:36        BIRD & BIRD                +852 2248 6011    P.04

## ENDORSEMENT OF CLAIM
### (Please see attached)

Where the Plaintiff's claim is for a debt or liquidated demand only. If, within the time for returning the Acknowledgement of Service, the Defendant pays the amount claimed and $1,045.00 for costs and, if the Plaintiff obtains and order for substituted service, the additional sum of $565.00, further proceedings will be stayed. The money must be paid to the Plaintiff or his Solicitor.

**THIS WRIT** was issued by the said Plaintiff whose registered office is situate at Unit 704-6, Engergy Plaza, No.92 Granville Road, Tsimshatsui East, Kowloon, Hong Kong and (if the Plaintiff does not reside within the jurisdiction whose address for service is_____

_____).

EX 13650-0004

## Indorsement of Claim

The Plaintiff's claim is for :-

1.   a Declaration that the moulds and toolings, as more
     particularized in the schedule annexed hereto "the said
     muolds and toolings", the property of the Plaintiff, is in
     the Defendant's possession;

2.   the delivery up forthwith of the said moulds and toolings
     and damages consequent upon the wrongful interference with
     the same by its detention;

3.   further or alternatively to (2) herein, damages;

4.   the sum of US$24,201.68 being the balance of airfreight
     charges due to the Defendant's late delivery of goods;

EX 13650-0005

23-SEP-2003  14:36          BIRD & BIRD                                  +852 2248 6211      P.26

5.    the sum of US$37.74 being short-shipment of goods by the
      Defendant;

6.    further or alternatively to (4) and (5) herein, damages;

7.    interest at such rate and such period as this Honourable
      Court shall deem just and proper pursuant to Section 48 of
      the High Court Ordinance, Cap.4.;

8.    costs; and

9.    further or other relief.

Dated the  14th  day of  May , 1999.

                                            William W.L. Fan & Co.

                                    Solicitors for the Plaintiff

D103.99/gc

EX 13650-0006

23-SEP-2003  14:36          BIRD & BIRD                    +852 2248 5211    P.27

## Schedule

| Tools | Item No. | Product Description | CAV./UP |
|-------|----------|---------------------|---------|

(i)        233183      Space Station

Tooling breakdown:

| | | | |
|---|---|---|---|
| — | 1. | Top cabinet | 1 x 1 |
| | 2. | Back cabinet | 1 x 1 |
| | 3. | Compartment door antenna | 1 x 1 |
| | | Antenna | 1 x 2 |
| | 4. | Middle cabinet | 1 x 1 |
| | 5. | Handheld front & back | 1 x 1 |
| | 6. | Transparent globe 2 pcs | 1 x 1 |
| | 7. | Battery door and round bracket | 1 x 2 |
| | 8. | Blue button on main unit | 1 x 2 |
| | | 2 blue button on handheld unit | 1 x 4 |
| | 9. | Ear piece front & back cabinet, left & right size bracket and battery door | 1 x 1 |

(ii) 1 Set 231936    Duplex Headset Walkie Talkie

Tooling breakdown:                                    No. of
                                                      Tools

| | | | |
|---|---|---|---|
| 1. | Main Body – Front Cab. | 1 x 1 | 3 |
| | Main Body – Back Cab. | 1 x 1 | |
| 2. | Head Belt – Front | 1 x 1 | 2 |
| | Head Belt – Back | 1 x 1 | |
| 3. | MIC Cover – Top | 1 x 4 | 1 |
| | MIC Cover – Bottom | 1 x 4 | |

EX 13650-0007

| | | | |
|---|---|---|---|
| 4. | Head Belt - Connector Front | 1 x 3 | 1 |
| | Head Belt - Connector Back | 1 x 3 | |
| 5. | Eye Glass | 1 x 2 | 2 |
| 6. | Main Body Batter Door | 1 x 4 | 1 |

**(iii)   234678   Laser Attack**

Tooling breakdown:

| | | |
|---|---|---|
| 1. | Cabinet - Left | 1 cav. |
| | - Right | 1 cav. |
| 2. | Battery Door | 2 cav. |
| | Trigger Button | 2 cav. |
| 3. | Lens Cover | 2 cav. |
| 4. | Gun cap for VR Laser Attack with new gun item | 6 cav./ 6 up |

**(iv)   231417   RC Hockey**

Tooling breakdown:

| | | |
|---|---|---|
| 1. | Front/Rear Housing | 2 |
| | Receiver Battery Door | 2 |
| | Battery Door Setment | 2 |
| 2. | Bottom Housing (Upper) | 2 |
| | Bottom Housing (Lower) | 2 |
| | Gear Box (Upper) | 2 |
| | Gear Box (Lower) | 2 |
| 3. | Remote Control (Upper) | 2 |
| | Remote Control (Lower) | 2 |
| 4. | Push Button (Left) | 2 |
| | Push Button (Right) | 2 |
| 5. | Gear A to H | 2 |

EX 13650-0008

|      | Motor Gear | 2 |
|------|------------|---|
|      | Clutch Gear | 2 |
| 6.   | Ball (Frontt) & Ball (Bottom) | 2 |
|      | Hub FL, FR, RL & RR | 4 |
| 7.   | Stick | 4 |
| 8.   | Tyres | 8 |
| 9.   | Net | 2 |

(v)    232612    RC Soccer

Tooling breakdown:

| 1. | Front & rear housing, head | 1 x 2 |
|----|----------------------------|-------|
| 2. | Battery door & door setment | 2 x 2 |

(vi)   233961    Godzilla Walike Talkie

Tooling breakdown:

Plastic Tooling (1st Set)

| 1. | Base Unit – Top Cabinet | 1C/1F |
|----|--------------------------|-------|
|    | – Back Cabinet | 1C/1F |
|    | – Battery Door | 1C/1F |
| 2. | Handset – Main Body | 1C/1/2F |
| 3. | Handset – Back Cabinet | 1C/1/2F |
|    | – Switch Button | 1C/1/2F |
|    | – Battery Door | 1C/1/2F |
| 4. | Tower – Higher Tower | 1C/1F |
| 5. | Tower – Lower Tower | 1C/1F |
| 6. | Antenna – Tower Antenna | 8C/8F |

Roto Tooling

EX 13650-0009

| 7.  | Body               | 6/2 |
|-----|--------------------|-----|
| 8.  | Head               | 1/8 |
| 9.  | Left Hand          | 1/8 |
| 10. | .Right Hand        | 1/8 |
| 11. | Left Foot          | 1/8 |
| 12. | Right Foot         | 1/8 |
| 13. | Tail               | 2/8 |
| 14. | Stomach            | 1/8 |
| 15. | 3rd Roto Mould Tooling |  |

EX 13650-0010

# EXHIBIT B

23-SEP-2003  14:55          BIRD & BIRD                    +852 2248 6211    P.11/46

HCA 79 11 /1999

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

---

BETWEEN :-

MGA ENTERTAINMENT (H.K.) LIMITED          Plaintiff

and

LEAVES INDUSTRIES LIMITED          Defendant

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## WRIT OF SUMMONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Issued this  *1 3 MAY*  day of                    1999.

*1999*

*at 2:45 pm*

WILLIAM W. L. FAN & CO.
SOLICITORS
Room 1008, 10th Floor,
Wing On House,
71 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128   Fax: 2111 9336
Ref: WF-600/RC (hh)
[C:\WF-600/RC-Writ]

EX 13650-0011

23-SEP-2003 14:55      BIRD & BIRD                    +852 2248 6211    P.12/45

(Folio 1)

## IN THE HIGH COURT OF THE
### HONG KONG SPECIAL ADMINISTRATIVE REGION
### COURT OF FIRST INSTANCE HIGH COURT ACC. OFFICE

**HCA 5287/2000**

ACTION NO. 5287 OF 2000    Served by FEEPAID

Between

      Golden Bright Manufacturer Limited                    *Plaintiff*

               and

      MGA Entertainment (H.K.) Limited                    *Defendant*

---

### WRIT OF SUMMONS

To the Defendant whose registered office is at Unit 704 – 706, Energy Plaza, 92 Granville Road, Tsimshatsui East, Kowloon, Hong Kong.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of the High Court the accompanying ACKNOWLEDGMENT OF SERVICE stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgment within the time stated, or if you return the Acknowledgment without stating therein an intention to contest the proceedings, the Plaintiff may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this    26th    day of    May    2000.

*Registrar*

Note:  This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

*IMPORTANT:*  Directions for Acknowledgment of Service are given with the accompanying form.

EX 13650-0012

## STATEMENT OF CLAIM

1.  The Plaintiff is and has at all material times been a private limited company organized and existing under the laws of the Hong Kong Special Administrative Region, having its registered office at Room 803, 8th Floor, Peninsula Centre, No. 67 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.  The Plaintiff carries on the business of designing, manufacturing, producing, selling and offering for sale children's toys.

2.  Of the toys designed, manufactured and sold by the Plaintiff, one of them is a pinball game Art. No. 1010 (the "Plaintiff's pinball game").

3.  The Plaintiff is and has at all material times been the owner of the copyright subsisting in artistic works relating to the design of each and every part of the Plaintiff's pinball game set out below (the "Artistic Works").

### Particulars of Artistic Works

4.  The Plaintiff will rely upon the following original works (collectively the "Drawings").

    (a)  Drawings in respect of the following parts of the Plaintiff's pinball game all created by Mr Bao Wei Gang: -

| Part Description | Date of Drawing |
|---|---|
| 1010 Ground box (底盒) | 2/11/1995 |
| 1010 Ground Box Big Front Lid (大前蓋) | 23/10/1995 |
| 1010 Ground Box Small Front Lid (小前蓋) | 23/10/1995 |
| Pinball Game Support Stand (支腳) | 27/10/1995 |
| 1010 Pinball Stick (波棍) | 23/10/1995 |
| 1010 Left Control Arm (左操縱杆) | 23/10/1995 |
| 1010 Right Control Arm (右操縱杆) | 23/10/1995 |
| 1010 Pinball Shot-out Channel (進球杆) | 23/10/1995 |

EX 13650-0013

23-SEP-2003  14:55      BIRD & BIRD                    +852 2248 6011    P.14/25

- 2 -

| 1010 Pinball Shooting Lever (擊球杆) | 23/10/1995 |
|---|---|
| 1010 Left Control Button (左拉鈎) | 23/10/1995 |
| 1010 Right Control Button (右拉鈎) | 23/10/1995 |
| 1010 Pinball Separating Panel (球欄) | 23/10/1995 |
| 1010 Pinball Transparent Cover (玻璃) | 25/10/1995 |
| 1010 Insulating Long Mat (絕緣長墊) | 25/10/1995 |
| 1010 Semicircular Protrusions (球形蓋) | 25/10/1995 |
| 1010 Meter Surface Cover (表頭面殼) | 27/10/1995 |
| 1010 Meter Bottom (表頭底) | 27/10/1995 |
| 1010 Big Press Button (大按鈕) | 27/10/1995 |
| 1010 Decorated Steel (印花鐵) | 10/11/1995 |
| 1010 φ3.7* 10 Cock-eyed (雞眼) | 10/11/1995 |
| 1010 Pinball (彈珠) | 10/11/1995 |
| 1010 pulling coil (拉簧) φ0.4*φ4*9Lmm | 10/11/1995 |
| 1010 pulling coil (拉簧) φ0.55*φ5.1*5L*15.2MM | 10/11/1995 |

(b)  A handsample in respect of the Plaintiff's pinball game created by Mr Bao Wei Gang in or about August 1995.

KKSW/595761/1/RRD0029a

EX 13650-0014

23-SEP-2003  14:55        BIRD & BIRD                                    PAGE 2240 0011   P.19/40

- 3 -

### Particulars of subsistence and ownership of copyright

5.   (a)   The Drawings in respect of the parts of the Plaintiff's pinball game set out in the
tables in paragraph 4 above were first published in or about 29th April 1996 in
Spain by the first marketing and sale by the Plaintiff of the Plaintiff's pinball
game made in accordance therewith.  Alternatively, the Drawings or one or
more of them are unpublished.

(b)   The Drawings are original works within the meaning of section 2 of the
Copyright Ordinance (Cap 528) (the "Copyright Ordinance").

(c)   Mr Bao Wei Gang who drew all the Drawings set out in the tables in paragraph
4 above was at all material times a citizen of, domiciled and resident in the
People's Republic of China.

(d)   Mr Bao Wei Gang was at all material times a full-time employee of the Plaintiff
and drew the Drawings as set out in the tables in paragraph 4 above in the
normal course of his employment with the Plaintiff.

6.   The Defendant is a limited company incorporated and existing under the laws of the
Hong Kong Special Administrative Region, having its registered office at Unit 704-
706, Energy Plaza, 92 Granville Road, Tsimshatsui East, Kowloon, Hong Kong.  The
Defendant is a supplier and distributor of children's games and toys.

7.   Prior to the issue of Writ herein, the Defendant has infringed and threatened to infringe
the Plaintiff's copyright in the Artistic Works by the sale, offer for sale and supply, and
the threat to sell, offer for sale and supply, in the ordinary course of the Defendant's
business of pinball games which incorporate parts which are reproductions or
reproductions of substantial parts of the Artistic Works.

### Particulars of Infringement

The Plaintiff will rely, pending discovery and/or interrogatories, upon the following: -

(a)   the sale, offer for sale and supply and the threat to sell, offer for sale and
supply, of the Defendant's WWF Pinball No. 237945 or any other name(s) the
model has been marketed under.

(b)   the importation into, and export from, Hong Kong on divers dates presently
unknown to the Plaintiff of the games referred to in sub-paragraph (a) above.

KKSW/593761/1/RRD0029a

EX 13650-0015

23-SEP-2003  14:56        BIRD & BIRD                    +852 2248 6011    P.16/45

- 4 -

The Plaintiff is unable, prior to discovery and/or interrogatories, to give further particulars of all of the Defendant's wrongful acts of infringement of the Artistic Works, but will seek to rely at trial on each and every such wrongful act.

8.   Insofar as is necessary, the Plaintiff will rely upon the fact that at all material times the Defendant knew or had reason to believe that copyright subsists in the Plaintiff's Artistic Works and that any unauthorised manufacture of or dealing in items of which complaint is made herein would amount to infringement thereof and would have amounted to such infringement had the same been manufactured or dealt with in Hong Kong.

### Particulars of knowledge

The Plaintiff will rely, pending discovery and/or interrogatories upon the following: -

(a)   The Defendant had in early 1997 had discussion with representatives of the Plaintiff on a potential business deal regarding supply and modifications of the Plaintiff's pinball game;

(b)   The representatives of the Defendant had in 1997 visited the Plaintiff's factory in Dongguan, the PRC, and the production line therein to inspect and observe the Plaintiff's capacity to produce the Plaintiff's pinball game and the Plaintiff's process of manufacturing and assembly of the Plaintiff's pinball game;

(c)   The Defendant had requested and been provided with at least 3 samples of the Plaintiff's pinball game for the purpose of production of mock-ups in early 1998.

9.   Further the Defendant threatens and intends to infringe and/or to continue the acts of infringement complained of hereinabove.

10.  By reasons of the matter aforesaid, the Plaintiff has suffered loss and damage and will unless the Defendant's acts be restrained by this Honourable Court, suffer further loss and damage.

11.  Further, the Defendant's acts of infringement of copyright have been flagrant and have earned a benefit for which effective relief would not otherwise be available. The Plaintiff is therefore entitled to and does claim an award of additional damages pursuant to Section 108(2) of the Copyright Ordinance.

KKSW/595761/1/RRD0029a

EX 13650-0016

- 5 -

### Particulars of Additional Damages

The Plaintiff will rely, pending discovery and/or interrogatories, upon the Particulars of Knowledge pleaded in paragraph 8 above.

12.    Pursuant to Section 48 of the High Court Ordinance, the Plaintiff is entitled to and claims interests upon such sums as shall be awarded for such period and at such rate as this Honourable Court shall deem just.

### AND THE PLAINTIFF CLAIMS:

1.    An injunction to restrain the Defendant, whether acting by itself, its directors, officers, servants, agents, associated businesses and/or companies or otherwise howsoever from selling, offering for sale or supplying pinball games incorporating parts which are reproductions or reproductions of substantial parts of the Artistic Works or otherwise from infringing the Plaintiff's copyright in the Artistic Works.

2.    An order for delivery up or at the Plaintiff's option, destruction upon oath of all goods, articles, materials in the possession, power, custody or control of the Defendant, the continued use, sale or distribution of or otherwise howsoever dealing in or with by the Defendant which would offend against any of the foregoing injunctions.

3.    Damages, or alternatively an enquiry as to damages, or at the Plaintiff's option, an account of profits in respect of the Defendant's aforesaid wrongful acts of infringement.

4.    Additional damages pursuant to section 108(2) of the Copyright Ordinance.

5.    An order for payment by the Defendant to the Plaintiff of all sums found due upon making such enquiries and/or accounts, together with interest at such rate and for such period as this Honourable Court shall deem just pursuant to section 48 of the High Court Ordinance (Cap. 4).

6.    An order for discovery on oath of all matters relating to the foregoing.

7.    Costs.

KKSW/595761/1/RRD0029a

EX 13650-0017

23-SEP-2003  14:56        BIRD & BIRD                    4852 2248 9611        P.19/49

- 6 -

Such further or other relief as this Honourable Court shall deem just.

Dated    26th    day of  May  2000.

JOHNSON STOKES & MASTER
Solicitors for the Plaintiff

KKSW/595761/1/RRD0029a

EX 13650-0018

23-SEP-2003  14:56        BIRD & BIRD         +852 2248 9011        P.29/45

HCA

IN THE HIGH COURT OF THE HONG KC.
SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE
ACTION NO. 5287  OF 2000

Between

Golden Bright Manufacturer Limited     *Plaintiff*

and

MGA Entertainment (H.K.) Limited     *Defendant*

WRIT OF SUMMONS

Issued on the 26th day of May 2000.

Filed on the 26th day of May 2000.

2. 35

JOHNSON STOKES & MASTER,
Solicitors for the Plaintiff,
19th Floor, Prince's Building,
Chater Road, Hong Kong.
Tel. No. 2843-2211
Fax No. 2845-9121
Ref. KKSW/G595761/1

[RRD0032]

EX 13650-0019

23-SEP-2003  14:56        BIRD &  BIRD              +852 2248 6011    P.22/46

HCA 2687 /2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CIVIL ACTION NO. 2687 OF 2003

*********************************

BETWEEN:-

MGA ENTERTAINMENT INC.                          Plaintiff

and

HUNGLAM TOYS COMPANY LIMITED                    Defendant

*********************************

To the Defendant **HUNGLAM TOYS COMPANY LIMITED** whose registered office situate at Flat B, 14th Floor, Glee Industrial Building, 77-81 Chai Wan Kok Street, Tsuen Wan, New Territories.

**THIS WRIT OF SUMMONS** has been issued against you by the above-named Plaintiff in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of High court the accompanying **ACKNOWLEDGEMENT OF SERVICE** stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if you return the Acknowledgement without stating therein an intention to contest the proceedings, the Plaintiff(s) may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this     day of  22 JUL 2003  2003.

*Registrar*

Note:-    This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

**IMPORTANT**
Directions for Acknowledgement of Service are given with the accompanying form.

S.C.549 (s)

G:DO-MY DOCUMENTS\litigation\WF-3015-MGA\Writ with indorsement.rtf

Restriction on removal of documents
(The Rules of the High Court,
Order 63, Rule 9)

凡欲將任何法庭已存
存帶離本登記處
法院條例第 63
第 9 條)

EX 13650-0020

## INDORSEMENT OF CLAIM

The Plaintiff claims:-

(1)     An injunction to restrain the Defendant and whether acting by itself, its directors, officers, servants, agents or employees or any of them or otherwise howsoever from infringing the Plaintiff's copyright in original artistic works relating to the Plaintiff's fashion dolls under the name "BRATZ" and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

(2)     An order for delivery up or destruction upon oath of all articles and materials in the Defendant's possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the Defendant would offend against the foregoing injunctions or either of them.

(3)     An inquiry as to damages, alternatively damages or, at the Plaintiff's option, account of profits, in respect of the Defendant's wrongful acts of infringement of copyright as aforesaid.

(4)     Additional damages pursuant to section 108(2) of the Copyright Ordinance.

(5)     An order for the payment by the Defendant's of all sums found due to the Plaintiff upon making such inquiries and/or accounts together with such interest thereon as this Honourable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

(6)     An order for discovery or verification upon oath of all matters relating to the foregoing.

(7)     Costs.

(8)     Such further or other relief as this Honourable Court shall deem just.

Dated the         day of 22 JUL 2003.

William W. L. Fan & Co.
Solicitors for the Plaintiff

O:O-MY DOCUMENTS\Elsabeth\WF-2015-MCA\Writ with indorsement.doc

EX 13650-0021

## STATEMENT OF CLAIM

### (Please see attached)

~~*(Where the Plaintiff's claim is for a debt or liquidated demand only: If, within the time for returning the Acknowledgment of Service, the Defendant pays the amount claimed and $1,550.00 for costs and, if the Plaintiff obtains an order for substituted service, the additional sum of $585.00, further proceedings will stayed. The money must be paid to the Plaintiff or his Solicitors.)~~

    **THIS WRIT**  was issued by Messrs. William W. L. Fan & Co. of Room 507, 5th Floor, Hang Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the Plaintiff MGA Entertainment Inc. whose principal place of business is situate at 16730 Schoenborn Street, North Hills, Ca 91343-6122, USA and c/o Room 1001, 10th Floor, Empire Centre, 68 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.

EX 13650-0022

23-SEP-2003  14:57      BIRD & BIRD                              +852 2248 6211    P.23/46

HCA 2687/2003

# IN THE HIGH COURT OF THE

# HONG KONG SPECIAL ADMINISTRATIVE REGION

## COURT OF FIRST INSTANCE

### ACTION NO. 2687 OF 2003

|  |  |
|---|---|
| MGA ENTERTAINMENT INC. | Plaintiff |
| and | |
| HUNGLAM TOYS COMPANY LIMITED | Defendant |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## WRIT OF SUMMONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Issued this      day of  22 JUL 2003.

**WILLIAM W. L. FAN & CO.**
**SOLICITORS**
Room 507, 5th Floor,
Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128  Fax: 2111 9336
Ref: WF-2015-RC

C:\C-MY DOCUMENTS\Litigation\WF-2015-MGA\Writ with Indorsement\L.doc

EX 13650-0023

23-SEP-2003  14:57        BIRD & BIRD                        +852 2248 6211     P.26/85

1 striction on removal of documents
(The Rules of the High Court,
Order 63, Rule 9)

HCA 3242 /2003

## IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
### COURT OF FIRST INSTANCE
### CIVIL ACTION NO. 3242 OF 2003

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

不准將任何法庭已存
檔文件帶離本案配處
(高等法院條例第 63
号命令第 9 條)

**BETWEEN:-**

MGA ENTERTAINMENT INC.                                    **Plaintiff**

and

UNION TOP (HK) COMPANY LIMITED                           **Defendant**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To the Defendant UNION TOP (HK) COMPANY LIMITED whose registered office situate at Room 1105, 11ᵗʰ Floor, Tower II, Enterprise Square, 9 Sheung Yuet Road, Kowloon Bay, Hong Kong.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of High court the accompanying ACKNOWLEDGEMENT OF SERVICE stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if you return the Acknowledgement without stating therein an intention to contest the proceedings, the Plaintiff(s) may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this    day of                    2003.

*Registrar*

Note:-    This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

### IMPORTANT
Directions for Acknowledgement of Service are given with the accompanying form.
S.C.549 (s)

1

EX 13650-0024

## INDORSEMENT OF CLAIM

The Plaintiff's claim is for:

1.   An injunction to restrain the Defendant whether acting by itself, its directors, officers, servants or agents or any of them or otherwise howsoever from infringing the Plaintiff's copyright subsisting in original works relating to the Plaintiff's "BRATZ" dolls.

2.   An injunction to restrain the Defendant whether acting by itself, its directors, officers, servants or agents or any of them or otherwise howsoever from infringing the Plaintiff's Trade Marks Nos. 200213329 and/or 200309866.

3.   An injunction to restrain the Defendant whether acting by itself, its directors, officers, servants or agents or any of them or otherwise howsoever from passing off, attempting to pass off, causing, enabling or assisting others to pass off dolls and doll accessories not the products of or associated with the Plaintiff as and for the products of or associated with the Plaintiff by the use in connection therewith:

   (a)   Dolls appearing identical or deceptively or confusingly similar to the Plaintiff's "BRATZ" dolls or any of them;

   (b)   The mark "BRATZ" or any mark deceptively or confusingly similar to the Plaintiff's trade mark "BRATZ"; and/or

   (c)   Packaging for dolls identical or deceptively or confusingly similar to the Plaintiff's packaging for dolls,

   or by any other means whatsoever.

3

EX 13650-0025

4.    An injunction to restrain the Defendant whether acting by itself, its directors, officers, servants or agents or any of them or otherwise howsoever from authorizing, procuring, causing, enabling or assisting others to do any of the acts the subject of the foregoing injunctions or any of them.

5.    An order for delivery up upon oath of all dolls, packaging and other articles, papers and materials in the possession, custody, power or control of the Defendant the continued retention and use of or dealing in or with which by the Defendant would offend against the foregoing injunctions or any of them.

6.    Damages or an inquiry as to damages or, at the Plaintiff's option, an account of profits in respect of:
      (a)    infringement of copyright (damages to include additional damages);
      (b)    infringement of trade mark (damages to include exemplary damages); and/or
      (c)    passing off (damages to include exemplary damages).

7.    An order for payment of all sums found due to the Plaintiff upon taking such an inquiry or account together with such interest thereon as this Honourable Court shall deem just pursuant to the High Court Ordinance.

8.    Discovery upon oath of all matters relating to the foregoing.

EX 13650-0026

9.    Costs.

10.    Further or other relief.

Dated this    28 th day of August, 2003.

WILLIAM W. L. FAN & CO.

Solicitors for the Plaintiff

EX 13650-0027

23-SEP-2003  14:57        BIRD & BIRD                         +852 2248 6211    P.29/45

## STATEMENT OF CLAIM

(Please see attached)

*(Where the Plaintiff's claim is for a debt or liquidated demand only. If, within the time for returning the Acknowledgment of Service, the Defendant pays the amount claimed and $1,550.00 for costs and, if the Plaintiff obtains an order for substituted service, the additional sum of $565.00, further proceedings will stayed.   The money must be paid to the Plaintiff or his Solicitors.)

**THIS WRIT**  was issued by Messrs. William W. L. Fan & Co. of Room 507, 5ᵗʰ Floor, Hang Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the Plaintiff MGA Entertainment Inc. whose principal place of business is situate at 16730 Schoenborn Street, North Hills, Ca 91343-6122, USA and c/o Room 1001, 10ᵗʰ Floor, Empire Centre, 68 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.

C:\C-MY DOCUMENTS\LEgal\WW-1970-Union Top\Writ with Indorsement.doc

EX 13650-0028

23-SEP-2003  14:58        BIRD & BIRD                    +852 2248 6011      P.29/45

HCA    /2003

## IN THE HIGH COURT OF THE

## HONG KONG SPECIAL ADMINISTRATIVE REGION

## COURT OF FIRST INSTANCE

## ACTION NO.    OF 2003

———————

| | |
|---|---|
| MGA ENTERTAINMENT INC. | Plaintiff |
| and | |
| UNION TOP (HK) COMPANY LIMITED | Defendant |

*******************************************************

## WRIT OF SUMMONS

*******************************************************

Issued this    day of        2003.

**WILLIAM W. L. FAN & CO.**
**SOLICITORS**
Room 507, 5th Floor,
Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128    Fax: 2111 9336
Ref: WF-1975-RC

C:\C-MY DOCUMENT\RU.Izjenkom\VF-1975-Union Top\Writ with indorsement.doc

EX 13650-0029

23-SEP-2003  14:58          BIRD  &  BIRD                                      +852 2248 9211    P.32/45

HCA _188𝑌_ /2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CIVIL ACTION NO. _188𝑌_ OF 2003

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**BETWEEN:-**

**MGA ENTERTAINMENT INC.**                                      **1ˢᵗ Plaintiff**

**MGA ENTERTAINMENT (H.K.) LIMITED**                           **2ⁿᵈ Plaintiff**

and

**DOUBLE GRAND CORPORATION LIMITED**                            **Defendant**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To the Defendant **DOUBLE GRAND CORPORATION LIMITED** whose registered office situate at Room 501A, Energy Plaza, 92 Granville Road, Tsimshatsui East, Kowloon, Hong Kong.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff(s) in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of High court the accompanying ACKNOWLEDGEMENT OF SERVICE stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if you return the Acknowledgement without stating therein an intention to contest the proceedings, the Plaintiff(s) may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this 26ᵗʰ day of  May  2003.

*Registrar*

Note:-    This Writ may not be served later than 12 calendar months' beginning with that date unless renewed by order of the Court.

**IMPORTANT**
Directions for Acknowledgement of Service are given with the accompanying form.

S.C.549 (s)

\\_hsand\My Documents\litigation\w4-182\Indorsement of Claim(Double Grand) .Aft

EX 13650-0030

23-SEP-2003   14:58          BIRD & BIRD                    +852 2248 6011    P.31/46

## STATEMENT OF CLAIM
### (Please see attached)

*(Where the Plaintiff's claim is for a debt or liquidated demand only: If, within the time for returning the Acknowledgment of Service, the Defendant pays the amount claimed and $1,550.00 for costs and, if the Plaintiff obtains an order for substituted service, the additional sum of $565.00, further proceedings will stayed.  The money must be paid to the Plaintiff or his Solicitors.)

**THIS WRIT**   was issued by Messrs. William W.L. Fan & Co. of Room 507, 5th Floor, Hang Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the 1st Plaintiff MGA Entertainment Inc. whose principal place of business is situated at 16730 Schoenborn Street, North Hills, Ca 91343-6122, USA and the 2nd Plaintiff MGA Entertainment (H.K.) Limited whose registered office is situated at Room 1001, Empire Centre, 68 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.

C:\My Documents\litigation\w-f-1821\indorsement of Claim(Double Grand) .doc

## INDORSEMENT OF CLAIM

The 1st and 2nd Plaintiffs claim:-

(1)    An injunction to restrain the Defendant and whether acting by itself, its directors, officers, servants, agents or employees or any of them or otherwise howsoever from infringing the 1st Plaintiff's copyright in original artistic works relating to the 1st Plaintiff's fashion dolls under the name "Bratz" and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

(2)    An order for delivery up or destruction upon oath of all articles and materials in the Defendant's possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the Defendant would offend against the foregoing injunctions or either of them.

(3)    An inquiry as to damages, alternatively damages or, at the Plaintiffs' option, account of profits, in respect of the Defendant's wrongful acts of infringement of copyright and passing off as aforesaid.

(4)    Additional damages pursuant to section 108(2) of the Copyright Ordinance.

(5)    An order for the payment by the Defendant's of all sums found due to the Plaintiffs upon making such inquiries and/or accounts together with such interest thereon as this Honourable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

(6)    An order for discovery or verification upon oath of all matters relating to the foregoing.

(7)    Costs.

(8)    Such further or other relief as this Honourable Court shall deem just.

Dated the 20th day of  May    2003.


                                              Colin Andrew Shipp
                                              Counsel for the 1st and 2nd Plaintiffs


                                              William W.L. Fan & Co.
                                              Solicitors for the 1st and 2nd Plaintiffs

EX 13650-0032

23-SEP-2003  14:58        BIRD &  BIRD                        +852 2248 6011    P.33/46

HCA    /2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO.1883 OF 2003

---

| | |
|---|---|
| MGA ENTERTAINMENT INC. | 1st Plaintiff |
| MGA ENTERTAINMENT (H.K.) LIMITED | 2nd Plaintiff |

and

DOUBLE GRAND CORPORATION  LIMITED        Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### WRIT OF SUMMONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Issued this 26th day of May  2003.

**WILLIAM W. L. FAN & CO.**
**SOLICITORS**
Room 507, 5th Floor,
Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128  Fax: 2111 9336
Ref: WF-1921-RC

G:\Hd5\e\My Documents\Litigations\v4.1\83\Indorsement of Claim(Double Grand) .doc

EX 13650-0033

23-SEP-2003  14:59        BIRD &  BIRD                    +852 2248 6211    P.34/45

(Folio 1)

# HCA 2152/2002

HCA ²/5² /2002

## IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
## COURT OF FIRST INSTANCE
## CIVIL ACTION NO. 2/5² OF 2002

HIGH COURT ACC. OFFICE

Served by   FEESPAID

FC2                          1045.00
CHEQUE                  1045.00
JUN05 028001A0349 14:59R   FEESPAID

*****************************

BETWEEN:-

**ABC INTERNATIONAL TRADERS, INC.**                **Plaintiff**
**doing business as MGA ENTERTAINMENT**

**and**

**TOYS & TRENDS (HONG KONG) LIMITED**            **1ˢᵗ Defendant**

**CITYWORLD LIMITED**                                   **2ⁿᵈ Defendant**

**JURG WILLI KESSELRING**                              **3ʳᵈ Defendant**

*****************************

To the 1ˢᵗ Defendant **TOYS & TRENDS (HONG KONG) LIMITED** and the 2ⁿᵈ Defendant **CITYWORLD LIMITED** whose respective registered offices both situate at Room 1111, Wing On Plaza, 62 Mody Road, Tsimshatsui East, Kowloon, Hong Kong and the 3ʳᵈ Defendant **JURG WILLI KESSELRING** of Room 1111, Wing On Plaza, 62 Mody Road, Tsimshatsui, East, Kowloon, Hong Kong.

**THIS WRIT OF SUMMONS** has been issued against you by the above-named Plaintiff(s) in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of High court the accompanying **ACKNOWLEDGEMENT OF SERVICE** stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if you return the Acknowledgement without stating therein an intention to contest the proceedings, the Plaintiff(s) may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this 5 day of June

Note:-     This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

**IMPORTANT**
Directions for Acknowledgement of Service are given with the accompanying form.

S.C.549 (s)

D:\My Documents\Trade Mark Paces\WP-1505-MGA\Revised Indorsement of Claim.doc

EX 13650-0034

23-SEP-2003  14:59        BIRD & BIRD                    +852 2248 5211    P.35/46

## STATEMENT OF CLAIM
### (Please see attached)

*(Where the Plaintiff's claim is for a debt or liquidated demand only: If, within the time for returning the Acknowledgment of Service, the Defendant pays the amount claimed and $1,550.00 for costs and, if the Plaintiff obtains an order for substituted service, the additional sum of $565.00, further proceedings will be stayed. The money must be paid to the Plaintiff or his Solicitors.)

**THIS WRIT**   was issued by Messrs. William W. L. Fan & Co. of Room 507, 5th Floor Hang Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the Plaintiff ABC International Traders, Inc. d/b/a MGA Entertainment whose places of business are situated at 16730 Schoenborn Street, North Hills, Ca 91343-6122, USA and Unit 704-706, Room 1001, Empire Centre, 68 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.

William W. L. Fan & Co
Solicitors for the Plaintiff

EX 13650-0035

23-SEP-2003  14:59          BIRD & BIRD                    +852 2248 92 . .      P. 25/45

### INDORSEMENT OF CLAIM

The Plaintiff claims:-

(1)   An injunction to restrain the 1ˢᵗ, 2ⁿᵈ and 3ʳᵈ Defendants and each of them, in the case of the 1ˢᵗ and 2ⁿᵈ Defendants whether acting by themselves, their respective directors, officers, servants, agents or employees or any of them or otherwise howsoever and in the case of the 3ʳᵈ Defendant whether acting by himself, his servants or agents or any of them or otherwise howsoever from: -

   (a) infringing the Plaintiff's copyright in original artistic works relating to the Plaintiff's fashion dolls and their accessories and packaging under the name "Bratz"; and

   (b) passing off, attempting to pass off, causing, enabling or assisting others to pass off in Canada, Spain, United Kingdom and United States of America and elsewhere, goods, in particular, dolls and/or their packaging and/or their accessories not the goods of the Plaintiff as and for the goods of the Plaintiff or as being associated, licensed or endorsed by the Plaintiff in any way howsoever or by any colourable imitation confusingly or deceptively similar thereto.

   and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

(2)   An order for delivery up or destruction upon oath of all articles and materials in the Defendants' possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the Defendants or each of them would offend against the foregoing injunctions or either of them.

(3)   An inquiry as to damages, alternatively damages or, at the Plaintiff's option, account of profits, in respect of the 1ˢᵗ 2ⁿᵈ and 3ʳᵈ Defendants' wrongful acts of infringement of copyright and passing off as aforesaid.

(4)   Additional damages pursuant to section 108(2) of the Copyright Ordinance.

(5)   An order for the payment by the 1ˢᵗ 2ⁿᵈ and 3ʳᵈ Defendants of all sums found due to the Plaintiff upon making such inquiries and/or accounts together with such interest thereon as this Honourable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

D:\My Documents\17\jda Mark Pasam\wf-1585-M2A\Revised Indorsement of Claim.doc

EX 13650-0036

An order for discovery or verification upon oath of all matters relating to the foregoing.

(7)    Costs.

(8)    Such further or other relief as this Honourable Court shall deem just.

Dated the  5th  day of June 2002.

William W. L. Fan & Co.
Solicitors for the Plaintiff

D:\My Documents\Trade Mark Patent\WF-1585-HI3A\Revised Indorsement of Claim.doc

EX 13650-0037

23-SEP-2003  14:59        BIRD & BIRD                        +852 2248 6011    P.39/46

HCA²/⁵⁴²⁶

## IN THE HIGH COURT OF THE

## HONG KONG SPECIAL ADMINISTRATIVE REGION

### COURT OF FIRST INSTANCE

### ACTION NO.²/⁵² OF 2002

---

**ABC INTERNATIONAL TRADER, INC.**          **Plaintiff**
**doing business as MGA ENTERTAINMENT**

and

**TOYS & TRENDS (HONG KONG) LIMITED**   **1ˢᵗ Defendant**

**CITYWORLD LIMITED**                                  **2ⁿᵈ Defendant**

**JURG WILLI KESSELRING**                          **3ʳᵈ Defendant**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### WRIT OF SUMMONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Issued this 5ᵗʰ day of June 2002.

**WILLIAM W. L. FAN & CO.**
**SOLICITORS**
Room 507, 5ᵗʰ Floor,
Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128  Fax: 2111 9336
Ref: WF-1595-TC/CL

D:\My Documents\07\Ada Mark Faces\WF-1595-HCA\Revised Indorsement of Claim.doc

EX 13650-0038

23-SEP-2003  14:59          BIRD &  BIRD                                    +852 2249 6011    P.39/49

(Folio 1)

**HCA 3010/2002**

HCA 3₀/₁ /2002

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION ACCOUNTS OFFICE HIGH COURT

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 3₀/₁ OF 2002          1)     TB                 .00
                                                      FC2       1045.00
                                          CHEQUE               1045.00
************************** AUG 02#000B0210 11:08R

BETWEEN:-

ABC INTERNATIONAL TRADERS, INC.                          **Plaintiff**
doing business as MGA ENTERTAINMENT

                              and

QUALIMAN INDUSTRIAL COMPANY LIMITED                      **1st Defendant**

PRIME DESIGNS, LIMITED                                   **2nd Defendant**

*******************************

To the 1st Defendant **QUALIMAN INDUSTRIAL COMPANY LIMITED** whose
registered office situates at Room 1903, Cheung Tat Centre, 18 Cheung Lee Street, Chai Wan,
Hong Kong and the 2nd Defendant **PRIME DESIGNS, LIMITED** whose registered office
situates at 3rd Floor, Flat Q, Kaiser Estate Phase 3, Hok Yuen Street, Kowloon, Hong Kong.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff(s) in respect of
the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy
the claim or return to the Registry of High court the accompanying ACKNOWLEDGEMENT OF SERVICE
stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if you return
the Acknowledgement without stating therein an intention to contest the proceedings, the Plaintiff(s) may proceed
with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this 8th day of _August_ 2002.

Note:-      This Writ may not be served later than 12 calendar months beginning with the above date unless renewed by
order of the Court.

                    **IMPORTANT**
        Directions for Acknowledgement of Service are given with the accompanying form.

S.C.549 (s)

C:\D:\My Documents\Litigation\wf-1072-MGA\wf-1072 wrt.doc

EX 13650-0039

23-SEP-2003  15:00          BIRD &  BIRD                          +852 2248 6011    P.42/45

## STATEMENT OF CLAM
### (please see attached)

~~*(Where the Plaintiff's claim is for a debt or liquidated demand only. If, within the time for~~
returning the Acknowledgement of Service, the Defendant pays the ~~amount claimed~~ and $
          for costs and, if the Plaintiff obtains ~~an order~~ for substituted service, the additional sum
of $          , ~~further proceedings~~ will be stayed.  The money must be paid to the Plaintiff or his
~~Solicitors.)~~

**THIS WRIT** was issued by Messrs. William W.L. Fan & Co. of Room 507, 5th Floor, Hang
Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the Plaintiff ABC
International Traders, Inc. d/b/a MGA Entertainment of 16730 Schoenborn Street, North Hills,
California 91343-6122, USA and of Room 1001, Empire Centre, 68 Mody Road, Tsimshatsui
East, Kowloon, Hong Kong.

William W.L. Fan & Co.
Solicitors for the Plaintiff

EX 13650-0040

23-SEP-2003  15:00        BIRD &  BIRD

## INDORSEMENT OF CLAIM

The Plaintiff claims:-

(1) Against the 1st Defendant for damages for breach of a contract in writing dated 12th December 2001 made between the Plaintiff and the 1st Defendant.

(2) An injunction to restrain the 1st and 2nd Defendants and either of them whether acting by themselves, their respective directors, officers, servants, agents or employees or any of them or otherwise howsoever from infringing the Plaintiff's copyright in original artistic works relating to the Plaintiff's fashion dolls and their accessories and packaging under the names "Bratz" and/or "Bratzpack" and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

(3) An order for delivery up or destruction upon oath of all goods, articles and materials in the Defendants' possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the Defendants or either of them would offend against the foregoing injunction.

(4) An inquiry as to damages, alternatively damages or, at the Plaintiff's option, account of profits, in respect of the 1st and 2nd Defendants' wrongful acts of infringement of copyright.

(5) Additional damages pursuant to section 108(2) of the Copyright Ordinance.

(6) Damages for breach of contract.

(7) An order for the payment by the 1st and 2nd Defendants of all sums found due to the Plaintiff upon making such inquiries and/or accounts together with such interest thereon as this Honorable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

(8) An order for discovery or verification upon oath of all matters relating to the foregoing.

(9) Interests.

(10) Costs.

(11) Such further or other relief as this Honorable Court shall deem just.

C:\C-My Documents\Litigation\in\P-1878-MGA\set-1872.wrlt.doc

EX 13650-0041

23-SEP-2003  15:04        BIRD &  BIRD                        ~852 2249 5011    ~.42/45

Dated the ____ day of _August_ 2002.

William W. L. Fan & Co.
Solicitors for the Plaintiff

C:\C-My Documents\Litigation\WP-1573-MCL\ltr1-1573 urt.doc

EX 13650-0042

23-SEP-2003  15:04      BIRD & BIRD            +852 2249 5011    P.43/45

HCA $^{3}$/. /200.

## IN THE HIGH COURT OF THE

## HONG KONG SPECIAL ADMINISTRATIVE REGION

### COURT OF FIRST INSTANCE

### ACTION NO. $^{3}$/ OF 2002

ABC INTERNATIONAL TRADER, INC.          Plaintiff
doing business as MGA ENTERTAINMENT

and

QUALIMAN INDUSTRIAL
COMPANY LIMITED                    1st Defendant

PRIME DESIGNS, LIMITED              2nd Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### WRIT OF SUMMONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Issued this 3rd day of August 2002.

123.

### WILLIAM W. L. FAN & CO.
### SOLICITORS
Room 507, 5th Floor,
Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128    Fax: 2111 9336
Ref: WF-1572-MKL

C:\C-My Documents\URQ.MGA\WF-1572-MGA\wf-1572 writ.doc

EX 13650-0043

23-SEP-2003  15:04          BIRD & BIRD                                    +852 2248 6211        P.44/45

Master S. Kwang

05/02/2003 (Wed) 09:30 am

HCMP438   /2003

(Folio 1)

**HCMP 438/2003**

IN THE HIGH COURT OF THE          HIGH COURT ACC. OFFICE

HONG KONG SPECIAL ADMINISTRATIVE REGION    Served by   FEESPAID

COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO. 438 OF 2003          1045.00
                                                    1045.00
                                                    FEESPAID

IN THE MATTER OF WATERCORE LIMITED (In
Creditors' Voluntary Winding-up under Section 228A
of the Companies Ordinance, Cap. 32)

And

IN THE MATTER OF Rules 208 & 95 of Companies
(Winding-up) Rules, Companies Ordinance, Cap.32

BETWEEN

MGA ENTERTAINMENT (H.K.) LIMITED

                                                    Applicant

And

LO KWOK HUNG JOHN
Liquidator of WATERCORE LIMITED
(In Creditors' Voluntary Winding-up under
Section 228A of the Companies Ordinance, Cap 32)

                                                    Respondent

Rule 208 of Companies        )
Winding-up Rules,            )
Companies Ordinance,Cap.32   )

                                            —support at ⒠

**SUMMONS**

LET ALL PARTIES CONCERNED   attend before Master S, Kwang in Chambers at

the High Court, 38 Queensway, Hong Kong, on the 5th   day of February 2003,

at 9:30 o'clock in the   fore   -noon on the hearing of the application of MGA

Entertainment (H.K.) Limited, (a creditor in the said Creditors' Voluntary Winding-up

matter) for an Order that: -

- 1 -

EX 13650-0044

23-SEP-2003 15:04      BIRD & BIRD      +852 2248 6211      P.45/45

1. MGA Entertainment (H.K.) Limited do have leave to file within ~~21~~ days from the date ~~of the Order to be sought herein,~~ its appeal under Rule 95 of Companies Winding-up Rules, Companies Ordinance (Cap.32) against the Notice of Rejection of Proof of Debt (Form 65) dated 16th January 2003 issued by the Respondent herein.

2. The time for service of this Summons be abridged.

3. Costs of this application be ~~provided for~~ *to the Respondent assessed gross sum of $1,500 payable forthwith*

Dated the 29th day of January 2003.

*Registrar*

This Summons was taken out by Messrs. William W. L. Fan & Co. of Room 507, 5th Floor, Hang Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the Applicant.

To : (1) **The Registrar**
of the High Court

&

(2) **LO KWOK HUNG JOHN**
Liquidator of Watercore Limited
(In Creditors' Voluntary Winding-up
under Section 228A of
Companies Ordinance (Cap.32))
of Unit 2303, 23rd Floor,
SUP Tower, 75-83 King's Road,
North Point, Hong Kong.

**IF you do not attend, the Court may make such order as it thinks fit.**

-2-

EX 13650-0045

23-SEP-2003  15:05        BIRD & BIRD                                    +852 2248 9211      P.45/46

Date: ~~[ 2.03~~ From 9~~2~~ To 9:30
Coram: Master S. Kwang    in Chambers

Mrs M.K. Lee of _ William W. L. Fan & Co for Appt

Mr. A. Lo of _ Joseph C.T. Lee & Co for Resp.

HCMP 428 of 2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
MISCELLANEOUS PROCEEDINGS NO. 428 OF 2003

IN THE MATTER OF Rules 208 & 95 of Companies
(Winding-up) Rules, Companies Ordinance, Cap.32
And
IN THE MATTER OF WATERCORE LIMITED (In
Creditors' Voluntary Winding-up under Section 228A
of the Companies Ordinance, Cap.32)

BETWEEN

MGA ENTERTAINMENT (H.K.) LIMITED

Applicant

And

LO KWOK HUNG JOHN, Liquidator of WATERCORE
LIMITED (In Creditors' Voluntary Winding-up under
Section 228A of the Companies Ordinance, Cap 32)

Respondent

*****************************************************

**SUMMONS**

*****************************************************

Filed on the        day of        2002.

29 JAN 2003

WILLIAM W. L. FAN & CO.
Solicitors
Room 507, 5th Floor,
Hang Seng Building,
77 Des Voeux Road, Central,
Hong Kong.
Tel: 2110 2128        Fax: 2111 9336
Ref: WF-1578-TC

TOTAL P.46

EX 13650-0046

# EXHIBIT C

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2005

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,<br><br>      Defendants.<br><br>CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public,<br><br>      Counter-Claimant,<br><br>    v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>      Counter-Defendant. | CASE NO. CV 04-9059 NM (RNBx)<br><br>STIPULATED PROTECTIVE ORDER; AND<br><br>[PROPOSED] ORDER<br><br>[Discovery Matter] |

DOCKETED ON CM

JAN - 5 2005

BY _____ 006

07272/625581.2

PROTECTIVE ORDER

# GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)   Personnel files and other private or confidential employment, contractor or vendor information;

07272/625581.2

-2-

PROTECTIVE ORDER

1    (2)    The specific terms of agreements with, and information received

2 from, third parties that a Party is required to disclose only under conditions of

3 confidentiality;

4    (3)    Personal or private financial information, and confidential

5 financial data that is not known generally to the trade or to competitors, including

6 financial data relating to specific sales, cost and profit information for specific

7 products and product lines; and

8    (4)  Business plans and product information that are not known

9 generally to the trade or to competitors, including non-public information relating to

10 product development and design.

11

12    WHEREFORE, believing that good cause exists, the Parties HEREBY

13 STIPULATE that, subject to the Court's approval, the following procedures shall be

14 followed in this Action to facilitate the orderly and efficient discovery of relevant

15 information while minimizing the potential for unauthorized disclosure or use of

16 confidential or proprietary information:

17

18    <u>SCOPE OF THIS ORDER</u>

19

20    1.    This Protective Order shall apply to trade secret, confidential and

21 proprietary information, documents and things that are produced or disclosed in any

22 form during the course of the Action by any Party or any nonparty:

23    (a)    through discovery;

24    (b)    in any pleading, document or other writing; or

25    (c)    in testimony given at a deposition.

26 (The foregoing information, documents and things shall be referred to hereinafter

27 collectively as "Litigation Materials.")

28

PROTECTIVE ORDER

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2.    Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.    The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.    The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.    Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

3.    A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)    Documents or Things.    "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b)  Interrogatory Answers and Responses to Requests for Admissions. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c)  Deposition Testimony. Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given. Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d) Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e) Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

be fully subject to this Protective Order. No Party shall incur liability for any disclosures made prior to notice of such designation, except to the extent that any such disclosures occurred prior to the seven (7) day period described above or prior to such other time periods as are provided by this Protective Order, including without limitation such time periods as are provided in Paragraph 3(c) above.

## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

4. Any Litigation Materials produced or disclosed in this Action, whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such information for purposes of litigation and not for any other purpose, including without limitation for any business or trade purpose. As used herein, the term "litigation" shall mean preparation for, participation in and prosecution and defense of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

5. Subject to Paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

      (a) the attorneys for the Parties and their partners, shareholders, associates, document clerks and paralegals who are necessary to assist such attorneys;

      (b) secretaries, stenographers and other office or clerical personnel employed by said attorneys and who are necessary to assist such attorneys;

07272/625581.2

-8-

PROTECTIVE ORDER

(c)    a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)    the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)    such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)    outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)    professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)    independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)    non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

6.     Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)     the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)     secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)     such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

07272/625581.2

-10-

PROTECTIVE ORDER

(g)   professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators.

7.   None of the following is bound by or obligated under this Order in any respect and specifically are not bound or obligated to treat information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in any particular manner: The Court hearing this Action (including the Court having jurisdiction of any appeal), Court personnel, court reporters working for the Court, translators working for the Court, or any jury impaneled in this Action.

8.   Other than those identified in Paragraph 7 above, each person to whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such persons of any such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall not have access to either "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A. Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material. Any person who signed an Assurance of Compliance in connection with the Stipulation for Protection of Confidential Information and Protective Order filed September 16, 2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County Superior Court, need not re-sign the Assurance of Compliance attached hereto but shall, by virtue of his or her prior signature, be deemed to have signed the attached Assurance of Compliance.

9. The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10. If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the <u>Local Rules</u>. Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11. Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12. The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

13. If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty. The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14. Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## <u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

15. Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

07272/625581.2

-13-

PROTECTIVE ORDER

1   <u>Rule</u> may be amended from time to time.  Prior to the time that a Party receiving the

2   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3   information from any other Party files with the Court an application and the other

4   materials required by <u>Local Rule</u> 79-5.1, as such <u>Rule</u> may be amended from time to

5   time, to seal the producing Party's confidential information, the receiving Party shall

6   consult with the producing Party's attorney to determine whether the producing Party

7   will re-designate the previously designated confidential information so as to avoid the

8   need for the request to file such information under the seal.  Upon the default of a

9   Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11  Party may subsequently seek the approval of the Court to file that document under

12  seal, in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such <u>Rule</u>

13  may be amended from time to time.

14

15              <u>THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS</u>

16

17              16.   If any Party or nonparty receives a subpoena or document request

18  from a third party which purports to require the production of materials in that Party's

19  possession which have previously been designated as "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21  the Party or nonparty receiving such subpoena or document request (a) shall object

22  and refuse to produce documents absent a Court Order or the consent of the Party or

23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27  and (c) shall not oppose any effort by the Party or nonparty which designated the

28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

07272/625581.2                              -14-

ONLY" to quash the subpoena or obtain a protective order limiting discovery of such material.

## DISCOVERY FROM NONPARTIES

17.     Discovery of nonparties may involve receipt of information, documents, things or testimony which include or contain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A nonparty producing such material in this case may designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it produces in the same manner provided for in this Protective Order with respect to material furnished by or on behalf of the Parties.  Any Party may also designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any materials or information produced by a nonparty that constitute "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating Party under Paragraph 2 of this Protective Order, regardless of whether the producing nonparty has also so designated.  In addition, a nonparty may also designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any materials or information produced by a Party that constitute "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such nonparty under Paragraph 2 of this Protective Order, regardless of whether the producing Party has also so designated.  In either such an event, the designation providing for the greater level of protection for the material information shall control, subject to Paragraph 10 of this Protective Order.  Nonparty materials designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a nonparty or Party shall be governed by the terms of this Protective Order.

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be  modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4       **IT IS SO STIPULATED.**

5

6   DATED: December 22, 2004        QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP
7

8                                    By _____
9                                       Jon Corey
                                        Attorneys for Plaintiff
10                                      Mattel, Inc.

11
    DATED: December __, 2004        LITTLER MENDELSON
12

13                                   By _____
14                                      Douglas A. Wickham
                                        Attorneys for Defendant
15                                      Carter Bryant

16  DATED: December __, 2004        O'MELVENY & MEYERS, LLP

17

18                                   By _____
                                        Diana M. Torres
19                                      Attorneys for Intervenor-Defendant
                                        MGA Entertainment, Inc.

20

21      **IT IS SO ORDERED.**

22

23  DATED: ____1/4/05____

24                                   THE HONORABLE ROBERT N. BLOCK
                                        United States Magistrate Judge
25

26

27

28

07272/625581.2                          -17-

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4  **IT IS SO STIPULATED.**

5

6  DATED: December __, 2004          QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP
7

8                                    By_____

9                                       Jon Corey
                                        Attorneys for Plaintiff
10                                      Mattel, Inc.

11 DATED: December 21, 2004          LITTLER MENDELSON

12

13                                   By_____

14                                      Douglas A. Wickham
                                        Attorneys for Defendant
                                        Carter Bryant
15

16 DATED: December __, 2004          O'MELVENY & MEYERS, LLP

17

18                                   By_____

19                                      Diana M. Torres
                                        Attorneys for Interventor-Defendant
                                        MGA Entertainment, Inc.
20

21        **IT IS SO ORDERED.**

22

23 DATED: _____

24                                   _____
                                     THE HONORABLE ROBERT N. BLOCK
25                                   United States Magistrate Judge

26

27

28

07272/625581.2                       -17-

                                                      PROTECTIVE ORDER

Case 2:04-cv-09049-DOC-RNB Document 658-3 Filed 09/04/09 Page 79 of 82 Page ID
Case 2:04-cv-09059-SGL-RNB Document 54 Filed 04/14/2008 Page 79 of 22
#:217946

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4     **IT IS SO STIPULATED.**

5

6   DATED: December __, 2004     QUINN EMANUEL URQUHART
                                  OLIVER & HEDGES, LLP

7

8

9                          By _____
                            Jon Corey
                            Attorneys for Plaintiff

10                          Mattel, Inc.

11   DATED: December __, 2004     LITTLER MENDELSON

12

13                          By _____
                            Douglas A. Wickham

14                             Attorneys for Defendant
                            Carter Bryant

15

16   DATED: December __, 2004     O'MELVENY & MEYERS, LLP

17                          By _____

18                             Diana M. Torres
                            Attorneys for Intervenor-Defendant

19                          MGA Entertainment, Inc.

20

21     **IT IS SO ORDERED.**

22

23

24   DATED: _____     _____
                            THE HONORABLE ROBERT N. BLOCK

25                             United States Magistrate Judge

26

27

28

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant*, Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

07272/625581.2

PROTECTIVE ORDER

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA** )
**COUNTY OF LOS ANGELES** )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 22, 2004, I served the foregoing document described as

**STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on all interested parties in this action:

### SEE ATTACHED SERVICE LIST

[ ] By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ] **BY MAIL**

[ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ivana Maiorano
Print Name

Signature

1  | **Robert F. Millman, Esq.**
   | **Douglas A. Wickham, Esq.**
2  | **Keith A. Jacoby, Esq.**
   | **Littler Mendelson**
3  | **A Professional Corporation**
   | 2049 Century Park East, 5th Floor
4  | Los Angeles, California 90067-3107
   | Phone: 310-553-0308
5  | **Fax: 310-553-5583**

6  | **Diana M. Torres, Esq.**
   | **O'Melveny & Meyers**
7  | 400 S. Hope Street
   | Los Angeles, CA 90071
8  | Phone: 213-430-6000
   | **Fax: 213-430-6407**
9

10 | **Daniel J. Warren, Esq.**
   | **Sutherland, Asbill & Brennan**
11 | 999 Peachtree Street NE
   | Atlanta, GA  30309-3996
12 | Phone: 404-853-8698
   | **Fax: 404-853-8806**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28