# Exhibit F

HCA 2152/2002

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 2152 OF 2002

---

BETWEEN

|   |   |   |
|---|---|---|
| ABC INTERNATIONAL TRADERS, INC. doing business as MGA ENTERTAINMENT | | Plaintiff |
| and | | |
| (1) TOYS & TRENDS (HONG KONG) LIMITED | | |
| (2) CITYWORLD LIMITED | | |
| (3) JURG WILLI KESSELRING | | Defendants |

(Writ issued on the 5th day of June 2002)

---

STATEMENT OF CLAIM

---

1. The Plaintiff is and at all material times a corporation existing under the laws of the U.S.A. carrying on business in the design, manufacture, marketing and selling of toys, in particular, fashion dolls.

2. (a) The 1st and 2nd Defendants are and at all material times companies incorporated and existing under the laws of Hong Kong carrying on business in the manufacture and marketing of toys.

   (b) The 3rd Defendant is and at all material times the managing director and holds 50% of the issued share capital of the 1st and 2nd Defendants. The 3rd Defendant directs and controls and is personally involved in the business activities and operations of the 1st and 2nd Defendants.

3. The Plaintiff is and at all material times, has been the owner of the copyright subsisting in original artistic works in respect of the Plaintiff's Bratz fashion dolls ("the said Artistic Works").

<u>Particulars of Original Artistic Works</u>

(a) 17 design drawings of various fashion dolls made between the years 1998 and 2000.

<u>Particulars of Ownership and Subsistence</u>

(b) Carter Bryant (hereinafter referred to as "Mr. Bryant") was commissioned by the Plaintiff to make the design drawings referred to in sub-paragraph (a) hereof. Pursuant thereto, Mr. Bryant made the aforesaid design drawings. The terms and conditions of the commission are set out in an agreement made between the Plaintiff and Mr. Bryant dated the 18 September 2000. Clause 3 of the said agreement provides that the copyright subsisting in the said Artistic Works and in relation thereto should vest in the Plaintiff.

(c) At all material times, Mr. Bryant is a resident of and domiciled in the U.S.A.

(d) The said Artistic Works were first published in the U.S.A. in or about November 2001 when the Bratz fashion dolls were first exhibited and offered for sale. Alternatively, the said Artistic Works are unpublished.

4. Prior to the issue of the Writ herein, the 1st and 2nd Defendants have infringed the said Artistic Works by authorising the reproduction of or reproducing, importing into and exporting from Hong Kong in its course of business, possessing for the purpose of trade or business, selling or offering or exposing

for sale, for the purposes of trade or business exhibiting in public or distributing fashion dolls known as Funky Tweenz which are reproductions of or a reproduction of a substantial part of the said Artistic Works without the licence of the Plaintiff (hereinafter referred to as "the Infringing Dolls")

<u>Particulars</u>

The Plaintiff will in particular rely on the following facts and matters:-

(a)  The export of 2,760 pieces of the Infringing Dolls to the UK on or before 30 May 2002 by the 2nd Defendant under sales confirmation no. SC/2002/15.

(b)  The export of 2,760 pieces of the Infringing Dolls to the UK on or before 30 August 2002 by the 2nd Defendant under sales confirmation no. SC/2002/16.

(c)  The export of 2,760 pieces of the Infringing Dolls to Denmark on or before 30 April 2002 by the 2nd Defendant under sales confirmation no. SC/2002/17.

(d)  The export of 2,760 pieces of the Infringing Dolls to South Africa on or before 30 April 2002 by the 2nd Defendant under sales confirmation no. SC/2002/18.

(e)  The export of 5,520 pieces of the Infringing Dolls to Finland on or before 15 May 2002 by the 2nd Defendant under sales confirmation no. SC/2002/19.

(f)  The export of 2,760 pieces of the Infringing Dolls to Ireland on or before 25 May 2002 by the 2nd Defendant under sales confirmation no. SC/2002/20.

Exhibit F - Page 282

(g) The export of 5,520 pieces of the Infringing Dolls to Spain on or before 30 March 2002 by the 2nd Defendant under sales confirmation no. SC/2002/21.

(h) The export of 5,520 pieces of the Infringing Dolls to Norway on or before 15 May 2002 by the 2nd Defendant under sales confirmation no. SC/2002/22.

(i) The export of 1,200 pieces of the Infringing Dolls to Canada on or before 11 March 2002 by the 2nd Defendant under invoice no. SC/2002/0047.

(j) The possession for the purpose of trade or business and exposing for sale by the 1st and 2nd Defendants in the showroom of their premises at Room 1111, Wing On Plaza, 62 Mody Road, Tsimshatsui East, Kowloon a number on the Infringing Dolls on 23 May 2002.

(k) The import by the 1st and/or 2nd Defendant of the aforesaid Infringing Dolls on divers dates at present unknown to the Plaintiff.

(l) The exposure for sale by the distribution of a pamphlet depicting the Infringing Dolls on 23 May 2002 to an investigator employed by the Plaintiff.

(m) The authorisation of reproduction by the 2nd Defendant of the make up of the Infringing Dolls by Alpha Plus Design and Printing Co. under invoice no. 00587 dated 24 January 2002.

(n) The authorisation of reproduction by the 2nd Defendant of box packaging depicting the Infringing Dolls by Alpha Plus Design and Printing Co. under invoice no. 00632 dated 28 February 2002.

(o) The reproduction or authorisation of reproduction of the Infringing Dolls on the website www.funkytweenz.com by the 1st and 2nd Defendants.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the wrongful acts of copyright infringement of the 1st and 2nd Defendants but will seek to recover damages in respect of each and every such wrongful act.

5. The Plaintiff will in so far as is necessary rely on the fact that at all material times the 1st and 2nd Defendants knew or had reason to believe that the Infringing Dolls are infringing copies of the said Artistic Works within the meaning of the Copyright Ord., Cap. 528.

Particulars of Knowledge

The Plaintiff will in particular rely upon the following facts and matters: -

(a) The Plaintiff relies on the fact that the 1st and 2nd Defendants are in the same business as the Plaintiff, the Bratz fashion dolls being first exhibited in New York in November 2000, in Hong Kong in January 2001 and first marketed and sold in the USA in August 2001 and since elsewhere.

(b) The Bratz Fashion dolls have won numerous awards including Toy of the Year Award, People's Choice of the Year Award, Doctor Toy Award and Family Fun Best Toy Award and numerous articles have been about the Bratz fashion dolls and their success.

(c) The possession by the 1st and 2nd Defendants of a Bratz fashion doll in the showroom in their aforesaid premises.

5

(d)  The Plaintiff also relies on the objective similarity between the said Artistic Works and the Infringing Toys.

(e)  Insofar as acts of infringement after the 27 May 2002 are concerned, the Plaintiff relies on a cease and desist letter sent to the Defendants on the same date.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the particulars of knowledge of the 1st and 2nd Defendants.

6.  Each of the acts complained of against the 1st and 2nd Defendants was directed and procured to be done by the 3rd Defendant who thereby renders himself personally liable together with the 1st and 2nd Defendants.

### Particulars

The Plaintiff will in particular rely upon the following facts and matters: -

(a)  The 3rd Defendant is the managing director of the 1st and 2nd Defendants.

(b)  The fact that the 3rd Defendant admitted he purchases toys from competitors all the time and the idea of the Infringing Dolls came from him in his affidavit filed on 28 June 2002.

(c)  The Plaintiff repeats the Particulars of Knowledge supplied under paragraph 5 herein.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars.

6

7.     By reason of the foregoing, the Plaintiff has suffered and unless the Defendants are restrained by this Honourable Court, will continue to suffer loss and damage.

8.     By reason of all the circumstances of this case, including the flagrancy of the infringement, the benefit accruing to the Defendants by reason of the infringement and the completeness, accuracy and reliability of the 1st and 2nd Defendants' business accounts and records, the Plaintiff claims additional damages under Section 108 of the Copyright Ord., Cap. 528.

### Particulars

The Plaintiff will in particular rely upon the following facts and matters: -

(a)     The Plaintiff repeats the particulars supplied under paragraphs 5 and 6 hereof.

(b)     The 1st and 2nd Defendants in infringing the said Artistic Works have reaped substantial benefits in that the 1st and 2nd Defendants do not have to incur development costs, marketing costs and the risks that the Infringing Dolls might not be popular with its customers. The 1st and 2nd Defendants knew that in copying the said Artistic Works it will be able to produce, market and sell a product that has proven to be successful and is in demand by members of the trade and public.

9.     By reason of the Defendants wrongful acts and/or by reason of the Defendants' dealings in the Infringing Dolls, the Defendants and each of them owe a duty to the Plaintiff to assist the Plaintiff by supplying the Plaintiff with full information relating to the products complained of, all dealings therein or therewith and the identities of all other wrong doers.

10. Further by virtue of sections 48 an 49 of the High Court Ordinance (cap 4) the Plaintiff is entitled to and claims to recover interest on any amount found to be due to the Plaintiff at such rate(s) and for such period (s) as this Honourable Court considers just and proper.

**And the Plaintiff claims:-**

(1) An injunction to restrain the 1st, 2nd and 3rd Defendants and each of them, in the case of the 1st and 2nd Defendants whether acting by themselves, their respective directors, officers, servants, agents or employees or any of them or otherwise howsoever and in the case of the 3rd Defendant whether acting by himself, his servants or agents or any of them or otherwise howsoever from infringing the Plaintiff's copyright in original artistic works relating to the Plaintiff's fashion dolls and their accessories and packaging under the name "Bratz or by any colourable imitation confusingly or deceptively similar thereto and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

(2) An order for delivery up or destruction upon oath of all articles and materials in the Defendants' possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the Defendants or each of them would offend against the foregoing injunctions or either of them.

(3) An inquiry as to damages, alternatively damages or, at the Plaintiff's option, account of profits, in respect of the 1st 2nd and 3rd Defendants' wrongful acts of infringement of copyright as aforesaid.

(4) Additional damages pursuant to section 108(2) of the Copyright Ordinance.

(5) An order for the payment by the 1st 2nd and 3rd Defendants of all sums found due to the Plaintiff upon making such inquiries and/or accounts together with such interest thereon as this Honourable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

(6) An order for discovery or verification upon oath of all matters relating to the foregoing.

(7) Costs.

(8) Such further or other relief as this Honourable Court shall deem just.

Dated this 3rd day of July 2002.

Colin Andrew Shipp<br>
Counsel for the Plaintiff<br>
<br>
William W. L. Fan & Co.<br>
Solicitors for the Plaintiff

9

HCA 2152/2002

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE
REGION
COURT OF FIRST INSTANCE
CIVIL ACTION NO. 2152 OF 2002

BETWEEN

ABC INTERNATIONAL TRADERS, INC.
doing business as MGA ENTERTAINMENT
           Plaintiff

and

(1) TOYS & TRENDS (HONG KONG) LIMITED

(2) CITYWORLD LIMITED

(3) JURG WILLI KESSELRING  Defendants



---

STATEMENT OF CLAIM

---

Filed this ___ day of July, 2002.

William WL Fan & Co.
507 Hang Seng Building
77 Des Voeux Road
Central
Hong Kong
Tel: 2110 2128
Fax: 2111 9336
Ref: WF-1595-TC/CL

10