1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213-612-2499
11
12 Attorneys for MGA Parties

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15                        EASTERN DIVISION

16 CARTER BRYANT, an individual,          Case No.  CV 04-9049-SGL (RNBx)

17               Plaintiff,               Consolidated with:
                                          Case No. CV 04-9059
18      v.                                Case No. CV 05-2727

19 MATTEL, INC., a Delaware              Honorable Stephen G. Larson
   corporation,
20                                        **APPLICATION TO FILE UNDER
                 Defendant.               SEAL**
21

22
   AND CONSOLIDATED ACTIONS
23

24

25

26

27

28

OHS West:260720852.1

Pursuant to Civil Local Rule 79-5.1, the MGA Parties hereby submit this application for an order to file under seal the following document:

1.      Exhibit C to the Declaration of Diana Rutowski is Mattel Inc.'s First Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories.  Mattel has designated this document Attorneys' Eyes Only pursuant to the protective order entered in this Court on January 4, 2005.  *See* Case 2:04-cv-09059-SGL-RNB Docket No. 54, attached hereto as Exhibit 1.

2.      Exhibit D to the Declaration of Diana Rutowski is MGA's Response to Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses.  MGA has designated this document Confidential – Attorneys' Eyes Only pursuant to the protective order entered in this Court on January 4, 2005.  *See* Case 2:04-cv-09059-SGL-RNB Docket No. 54, attached hereto as Exhibit 1.

3.      Exhibits K and L to the Declaration of Diana Rutowski are documents associated with an Appointment to Tax filed in Hong Kong High Court Action No. 2152 of 2002.  This documents are designated Confidential pursuant to the protective order entered in this Court on January 4, 2005.  *See* Case 2:04-cv-09059-SGL-RNB Docket No. 54, attached hereto as Exhibit 1.

For the foregoing reasons, the MGA Parties respectfully request that the Court enter the concurrently filed [Proposed] Order granting this request to file the document under seal.

Dated:     September 4, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  _____
       DIANA M. RUTOWSKI
       Attorneys for MGA Parties

- 1 -

OHS West:260720852.1



ORIGINAL

LODGED

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2005

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

MATTEL, INC., a Delaware
Corporation,

                    Plaintiff,

        v.

CARTER BRYANT, an individual; and
DOES 1 through 10, inclusive,

                    Defendants.

CARTER BRYANT, on behalf of
himself, all present and former
employees of Mattel, Inc., and the
general public,

                    Counter-Claimant,

        v.

MATTEL, INC., a Delaware
Corporation,

                    Counter-Defendant.

CASE NO. CV 04-9059 NM (RNBx)

STIPULATED PROTECTIVE
ORDER; AND

[PROPOSED] ORDER

[Discovery Matter]

DOCKETED ON CM

JAN - 5 2005

BY _____ 006

SERVED ON US BY MAIL
1-6-05

59

07272/625581.2

PROTECTIVE ORDER

EXHIBIT 1
PAGE 2

# GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)     Personnel files and other private or confidential employment, contractor or vendor information;

(2)     The specific terms of agreements with, and information received from, third parties that a Party is required to disclose only under conditions of confidentiality;

(3)     Personal or private financial information, and confidential financial data that is not known generally to the trade or to competitors, including financial data relating to specific sales, cost and profit information for specific products and product lines; and

(4)     Business plans and product information that are not known generally to the trade or to competitors, including non-public information relating to product development and design.

WHEREFORE, believing that good cause exists, the Parties HEREBY STIPULATE that, subject to the Court's approval, the following procedures shall be followed in this Action to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential or proprietary information:

## SCOPE OF THIS ORDER

1.     This Protective Order shall apply to trade secret, confidential and proprietary information, documents and things that are produced or disclosed in any form during the course of the Action by any Party or any nonparty:

(a)     through discovery;

(b)     in any pleading, document or other writing; or

(c)     in testimony given at a deposition.

(The foregoing information, documents and things shall be referred to hereinafter collectively as "Litigation Materials.")

07272/625581.2

-3-

PROTECTIVE ORDER

EXHIBIT 1
PAGE 4

<u>CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION</u>

2.    Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

<u>MANNER OF DESIGNATION OF MATERIALS</u>

3.    A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)    <u>Documents or Things</u>.    "CONFIDENTIAL"   or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

EXHIBIT 1
PAGE 5

1  obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL --
2  ATTORNEYS' EYES ONLY" on the particular document or thing.

3         (b)   <u>Interrogatory Answers and Responses to Requests for</u>
4  <u>Admissions</u>. In answering any interrogatory or request for admission, or any
5  part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or
6  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the
7  legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES
8  ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'
9  EYES ONLY" answers shall be made on separate pages from any other
10  answers or portions thereof that are not designated as "CONFIDENTIAL" or
11  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

12         (c)   <u>Deposition Testimony</u>. Any Party or nonparty giving
13  deposition testimony in this Action may obtain "CONFIDENTIAL" or
14  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by
15  designating, during the course of that testimony, for which "CONFIDENTIAL"
16  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired,
17  the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL
18  -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire
19  testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'
20  EYES ONLY," subject to a good faith obligation to identify any non-
21  confidential portions of the testimony (and/or any lesser "CONFIDENTIAL"
22  portions in the event that the entire testimony is designated "CONFIDENTIAL
23  -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after
24  receipt of the transcript of the testimony. The reporter shall separately
25  transcribe and bind the testimony so designated as "CONFIDENTIAL" and
26  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face
27  of the separate bound transcript containing such testimony with the term
28  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

07272/625581.2

-5-

PROTECTIVE ORDER

EXHIBIT 1
PAGE 6

A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given.    Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)     Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)     Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

-7-

be fully subject to this Protective Order.  No Party shall incur liability for any disclosures made prior to notice of such designation, except to the extent that any such disclosures occurred prior to the seven (7) day period described above or prior to such other time periods as are provided by this Protective Order, including without limitation such time periods as are provided in Paragraph 3(c) above.

## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

4.     Any Litigation Materials produced or disclosed in this Action, whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such information for purposes of litigation and not for any other purpose, including without limitation for any business or trade purpose.  As used herein, the term "litigation" shall mean preparation for, participation in and prosecution and defense of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

5.     Subject to Paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

(a)     the attorneys for the Parties and their partners, shareholders, associates, document clerks and paralegals who are necessary to assist such attorneys;

(b)     secretaries, stenographers and other office or clerical personnel employed by said attorneys and who are necessary to assist such attorneys;

07272/625581.2

-8-

PROTECTIVE ORDER

EXHIBIT 1
PAGE 9

(c)     a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)     such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)     non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

6.      Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)      the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)      secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)      the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)      such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)      outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)      independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

PROTECTIVE ORDER

EXHIBIT 1
PAGE 11

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators.

7.     None of the following is bound by or obligated under this Order in any respect and specifically are not bound or obligated to treat information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in any particular manner: The Court hearing this Action (including the Court having jurisdiction of any appeal), Court personnel, court reporters working for the Court, translators working for the Court, or any jury impaneled in this Action.

8.     Other than those identified in Paragraph 7 above, each person to whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such persons of any such information.  The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall not have access to either "CONFIDENTIAL" or   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A.  Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material.  Any person who signed an Assurance of Compliance in connection with the Stipulation for Protection of Confidential Information and Protective Order filed September 16, 2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County Superior Court, need not re-sign the Assurance of Compliance attached hereto but shall, by virtue of his or her prior signature, be deemed to have signed the attached Assurance of Compliance.

07272/625581.2

-11-

9.    The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10.    If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the <u>Local Rules</u>.  Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11.    Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12.    The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

07272/625581.2

-12-

PROTECTIVE ORDER

EXHIBIT 1
PAGE 13

13. If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty. The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14. Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## <u>FILING AND USE IN COURT OF DESIGNATED MATERIALS</u>

15. Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

07272/625581.2

-13-

1   Rule may be amended from time to time.  Prior to the time that a Party receiving the

2   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3   information from any other Party files with the Court an application and the other

4   materials required by Local Rule 79-5.1, as such Rule may be amended from time to

5   time, to seal the producing Party's confidential information, the receiving Party shall

6   consult with the producing Party's attorney to determine whether the producing Party

7   will re-designate the previously designated confidential information so as to avoid the

8   need for the request to file such information under the seal.  Upon the default of a

9   Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11  Party may subsequently seek the approval of the Court to file that document under

12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule

13  may be amended from time to time.

14

15           THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

16

17           16.    If any Party or nonparty receives a subpoena or document request

18  from a third party which purports to require the production of materials in that Party's

19  possession which have previously been designated as "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21  the Party or nonparty receiving such subpoena or document request (a) shall object

22  and refuse to produce documents absent a Court Order or the consent of the Party or

23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27  and (c) shall not oppose any effort by the Party or nonparty which designated the

28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

PROTECTIVE ORDER

EXHIBIT 1
PAGE 15

1   ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2   material.

3

4   <center>DISCOVERY FROM NONPARTIES</center>

5

6       17.    Discovery of nonparties may involve receipt of information,

7   documents, things or testimony which include or contain "CONFIDENTIAL" or

8   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A

9   nonparty producing such material in this case may designate as "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11  produces in the same manner provided for in this Protective Order with respect to

12  material furnished by or on behalf of the Parties.  Any Party may also designate as

13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17  nonparty has also so designated.  In addition, a nonparty may also designate as

18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19  materials or information produced by a Party that constitute "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22  producing Party has also so designated.  In either such an event, the designation

23  providing for the greater level of protection for the material information shall control,

24  subject to Paragraph 10 of this Protective Order.  Nonparty materials designated

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession.  In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties.  Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order.  This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be  modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

07272/625581.2

-16-



1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4      **IT IS SO STIPULATED.**

5

6  DATED: December 22, 2004       QUINN EMANUEL URQUHART
                                  OLIVER & HEDGES, LLP
7

8                                 By
9                                    Jon Corey
                                     Attorneys for Plaintiff
10                                   Mattel, Inc.

11  DATED: December __, 2004       LITTLER MENDELSON
12

13                                 By
                                     Douglas A. Wickham
14                                   Attorneys for Defendant
                                     Carter Bryant
15

16  DATED: December __, 2004       O'MELVENY & MEYERS, LLP

17                                 By
18                                   Diana M. Torres
                                     Attorneys for Interventor-Defendant
19                                   MGA Entertainment, Inc.

20

21      **IT IS SO ORDERED.**

22

23  DATED:  1/4/05

24                                 THE HONORABLE ROBERT N. BLOCK
                                   United States Magistrate Judge
25

26

27

28

07272/625581.2                     -17-
                                                       PROTECTIVE ORDER

EXHIBIT 1
PAGE 18



1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4     **IT IS SO STIPULATED.**

5

6   DATED: December ___, 2004      QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP

7

8                             By _____

9                                 Jon Corey
                                    Attorneys for Plaintiff

10                              Mattel, Inc.

11   DATED: December 21, 2004      LITTLER MENDELSON

12

13                             By _____

14                                 Douglas A. Wickham
                                  Attorneys for Defendant

15                              Carter Bryant

16   DATED: December ___, 2004      O'MELVENY & MEYERS, LLP

17

18                             By _____
                                    Diana M. Torres

19                                     Attorneys for Intervenor-Defendant
                                    MGA Entertainment, Inc.

20

21

22     **IT IS SO ORDERED.**

23

24   DATED: _____          THE HONORABLE ROBERT N. BLOCK
                                         United States Magistrate Judge

25

26

27

28

07272/625581.2                          -17-                        PROTECTIVE ORDER

EXHIBIT 1
PAGE 19

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the
2  rules of the Court.

3

4      **IT IS SO STIPULATED.**

5

6  DATED: December ___, 2004      QUINN EMANUEL URQUHART
                                   OLIVER & HEDGES, LLP
7

8                                  By
9                                     Jon Corey
                                      Attorneys for Plaintiff
10                                    Mattel, Inc.

11 DATED: December ___, 2004      LITTLER MENDELSON
12

13                                 By
                                      Douglas A. Wickham
                                      Attorneys for Defendant
14                                    Carter Bryant

15

16 DATED: December ___, 2004      O'MELVENY & MEYERS, LLP

17                                 By
18                                    Diana M. Torres
                                      Attorneys for Interventor-Defendant
19                                    MGA Entertainment, Inc.

20

21     **IT IS SO ORDERED.**

22

23 DATED: _____        THE HONORABLE ROBERT N. BLOCK
24                                    United States Magistrate Judge

25

26

27

28

07272/625581.2                        -17-                        PROTECTIVE ORDER

EXHIBIT 1
PAGE 20

## EXHIBIT A

### ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,* Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States District Court for the Central District of California; that I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____
(Signature)

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA          )
COUNTY OF LOS ANGELES        )

    I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

    On December 22, 2004, I served the foregoing document described as

**STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

on  all interested parties in this action:

**SEE ATTACHED SERVICE LIST**

[ ]  By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]  **BY MAIL**

[ ]  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

[ ]  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

Executed on December 22, 2004, at Los Angeles, California.

[X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


Ivana Maiorano
Print Name

Signature

EXHIBIT 1
PAGE 22

1  Robert F. Millman, Esq.
   Douglas A. Wickham, Esq.
2  Keith A. Jacoby, Esq.
   Littler Mendelson
3  A Professional Corporation
   2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4  Phone: 310-553-0308
   Fax: 310-553-5583
5

6  Diana M. Torres, Esq.
   O'Melveney & Meyers
7  400 S. Hope Street
   Los Angeles, CA 90071
8  Phone: 213-430-6000
   Fax: 213-430-6407
9

10 Daniel J. Warren, Esq.
   Sutherland, Asbill & Brennan
11 999 Peachtree Street NE
   Atlanta, GA  30309-3996
12 Phone: 404-853-8698
   Fax: 404-853-8806

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

EXHIBIT 1
PAGE 23