1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA  90013-1065
3   Telephone:   213.629.7400
    Facsimile:    213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                           EASTERN DIVISION

11

12   CARTER BRYANT, an individual,          Case No.  CV 04-09049 SGL (RNBx)

13                Plaintiff,
                                            Consolidated with
14          v.                              Case No. CV 04-09059
                                            Case No. CV 05-2727
15   MATTEL, INC., a Delaware
     corporation,                           **PHASE 2 DISCOVERY MATTER**
16
                 Defendant.                 **ORDER NO. 58, REGARDING:**
17
                                                **MOTION TO COMPEL
18                                              RESPONSES TO PHASE 2
                                                REQUESTS FOR PRODUCTION
19                                              PROPOUNDED BY MGA
                                                ENTERTAINMENT, INC. ON
20                                              MATTEL, INC.**

21

22   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
23   MGA ENTERTAINMENT, INC. v.
     MATTEL, INC.
24

25

26

27

28

ARENT FOX LLP                                                ORDER NO. 58
ATTORNEYS AT LAW                               [Case No. CV 04-09049 SGL (RNBx)]
LOS ANGELES

1    This Order sets forth the Discovery Master's ruling on the motion to compel

2  further responses to the first set of Phase 2 requests for production propounded by

3  MGA Entertainment, Inc. ("MGA") on Mattel, Inc. ("Mattel") ("Motion to

4  Compel") [Docket No. 6112].

5    The Discovery Master, having considered the papers filed in support of and

6  in opposition to the Motion to Compel, and having determined that oral argument is

7  unnecessary, rules as set forth below.

8  I.   **MOTION TO COMPEL**

9    A.   **Factual Background**

10     **1.   MGA's First Set Of Phase 2 Requests For Production To**

11        **Mattel**

12    On March 27, 2009, MGA served its First Set of Phase 2 Requests for

13  Production of Documents and Things on Mattel ("First Set of RFPs"). (*See*

14  Declaration of Christopher J. Chaudoir in Support of Motion to Compel ("Chaudoir

15  Decl."), Ex. 1). The First Set of RFPs includes 68 separate document requests.

16  (*Id*., Ex. 1 [Request Nos. 1 – 68]).

17     **2.   Mattel's Responses To The First Set Of RFPs**

18    Mattel responded to the First Set of RFPs with a series of objections and

19  conditional agreements to produce documents on April 27, 2009. (*Id*., Ex. 2).

20     **3.   The Parties Meet And Confer Concerning The First Set Of**

21        **RFPs**

22    As a result of Mattel's objections to the First Set of RFPs and its qualified

23  offers of production, MGA sent Mattel a letter on June 24, 2009 that indicated the

24  responses to the First Set of RFPs were improper. (*See* Declaration of Caroline H.

25  Mankey in Support of Motion to Compel ("Mankey Decl."), Ex. A). In response,

26  Mattel asked MGA to identify the specific responses within the First Set of RFPs

27  concerning which it wished to meet and confer. (*Id*., Ex. B).

28  //

On July 1, 2009, MGA identified 41 responses to the First Set of RFPs that it believed were deficient (i.e., responses to Document Request Nos. 3 – 10, 12 – 30, 32, 33, 35, 36, 41, 47 – 51 and 65 – 68). (*Id.*, Ex. C). It also indicated that "all of the responses" were unsatisfactory because "Mattel failed to produce any documents responsive to the Requests, despite representing that it would produce certain responsive documents . . ." (the "July 1, 2009 Letter"). (*Id.* [emphasis in original]).

The same day, MGA engaged in a telephonic meet and confer with Mattel. (*Id.*, Ex. D). MGA's counsel memorialized this telephone conversation six days later (the "July 7, 2009 Letter"). (*Id.*). Among other things, the July 7, 2009 Letter confirmed that the parties discussed most, if not all of, the responses to the First Set of RFPs during the July 1, 2009 teleconference. (*Id.*). It further confirmed Mattel's belief that all responsive documents in its possession, custody or control had already been produced to MGA with the exception of some hard drives relating to five former Mattel employees. (*Id.*).

Notwithstanding Mattel's position that it had already produced the requested information, MGA's July 7, 2009 Letter noted that Mattel agreed to conduct a further search for responsive documents concerning many, if not all, of the requests. (*Id.*). In fact, Mattel's Opposition indicates that it agreed to search for responsive documents regarding at least 53 of the requests for production at issue during the meet and confer process. (Opposition to Motion to Compel, p. 3, fns. 7 and 8).

The July 7, 2009 Letter also confirmed that, with respect to those requests relating to hard drives used by five former Mattel employees, Mattel had agreed "to produce documents sufficient to identify the personal computers" they were assigned "at the time they resigned from Mattel." (Mankey Decl., Ex. D).

On July 8, 2009, the parties participated in a second telephonic meet and confer. (Declaration of Marshall M. Searcy III in Opposition to the Motion to Compel ("Searcy Decl."), ¶ 2); Mankey Decl., ¶ 6). During this July 8 telephone

1   call, MGA's counsel explained that she would be withdrawing from the case and

2   introduced new counsel for MGA from Orrick Herrington & Sutcliffe LLP.  (*Id*.).

3   Mattel then informed MGA's new counsel that it would "search for and provide any

4   additional documents responsive to the requests at issue."  (Searcy Decl., ¶ 2).

5   MGA in turn promised to provide Mattel with a "draft protocol for the . . . hard

6   drives at issue in the Requests."  (*Id*.).

7        On July 16, 2009, MGA sent Mattel a letter requesting that it provide its

8   promised written response to the July 7, 2009 Letter.  (Chaudoir Decl., Ex. 3).  The

9   same day, MGA provided Mattel with a draft protocol concerning the production of

10  hard drives for the five former Mattel employees.  (*Id*., Ex. 4).  Because Mattel

11  alleges that it did not receive these communications, it never responded to MGA.

12  (Opposition to Motion to Compel, p. 4).

13              **4.      MGA Files The Motion To Compel**

14       Since it had not received any response from Mattel regarding the July 7, 2009

15  Letter or any of the follow-up communications dated July 16, 2009, MGA filed the

16  Motion to Compel on July 31, 2009.  (Motion to Compel, p. 12).

17              **5.      The Parties Agree To A Protocol Regarding Production Of**

18                     **Computer Hard Drives**

19       After it received MGA's Motion to Compel, Mattel's counsel immediately

20  sent MGA's attorneys a proposed protocol for the inspection of the hard drives

21  relating to the five former Mattel employees.  (Opposition to Motion to Compel, p.

22  4).  Specifically, "Mattel agreed to allow MGA's expert to 'inspect the images of

23  the hard drives in their entirety,' subject only to review of the information for

24  privilege and appropriate designation under the Protective Order prior to disclosure

25  of the information."  (*Id*.).  The parties then exchanged multiple proposed protocols

26  and were eventually able to agree to a protocol on August 18, 2009.   (Opposition to

27  Motion to Compel, p. 5; Declaration of B. Dylan Proctor in Opposition to the

28  Motion to Compel, Exs. 2 – 14).

**6.      Mattel Supplements Its Responses And Agrees To Conduct Further Searches**

The same day the parties reached an agreement concerning the protocol for the inspection of the hard drives, Mattel served its Opposition to the Motion to Compel and supplemented its responses to the First Set of RFPs "*to make clear it is not withholding responsive documents*."  (Opposition to Motion to Compel, p. 5 [emphasis added]; Searcy Dec., Ex. 16).

**B.      <u>The Relief Sought By MGA</u>**

The Motion to Compel seeks four categories of relief.  (*See* Notice of Motion preceding Motion to Compel, p. 1).  First, MGA seeks an order overruling all of Mattel's objections to the First Set of RFPs, except for its privilege objections. (*Id*.).  Second, MGA seeks an order compelling Mattel to "produce all relevant, non-privileged documents in Mattel's custody, possession or control which are responsive" to the First Set of RFPs.  (*Id*.).  Third, MGA seeks an order compelling Mattel to provide a privilege log.  (*Id*.).  Finally, MGA seeks an order imposing monetary sanctions against Mattel in the amount of $5,000.  (*Id*.; *see also* Motion to Compel, p. 11).

**C.      <u>Opposition To Motion To Compel</u>**

Mattel contends that the Motion to Compel should be denied for six reasons. First, it argues that MGA seeks to compel production concerning document requests it never identified as deficient and, as a result, failed to satisfy its meet and confer obligations.  (Opposition to Motion to Compel, pp. 11 and 12).  Second, Mattel argues it has produced or will shortly produce all documents sought by the Motion to Compel, except for all of the hard drives concerning the five former Mattel employees.  (*Id*., pp. 1, 6, 7 and 12).  Third, it argues that it has supplemented its responses since the filing of the Motion to Compel to make clear it is not withholding responsive documents.  (*Id*., pp. 5 and 6).  Fourth, it argues that MGA's request for all responsive hard drives is over broad and contradicts an

agreement previously reached by the parties.  (*Id.*, pp. 1, 3 and 4).  Fifth, it argues that it is not required to log privilege communications after April 27, 2004.  (*Id.*, pp. 12 and 13).  Finally, it argues that it properly reserved its right to supplement responses based on expert discovery.  (*Id.*, pp. 13 and 14).

### D.  Analysis

#### 1.  Mattel Has Agreed To Produce All Non-Privileged Documents Responsive To Document Request Nos. 5 – 10, 12, 15 – 22, 26 – 30, 32, 33, 35, 36, 41, 51 And 65 – 68

In its Opposition, Mattel concedes that, as to 30 of the 41 Requests that it admits that "MGA identified as deficient in the meet and confer," "there is either nothing to compel" or it "will produce responsive documents, if any, prior to [September 10, 2009]."[1]  (Opposition to Motion to Compel, p. 6; *see also id.*, p. 1).  Mattel further acknowledges that it "has supplemented its Responses to make it clear that it is not withholding responsive documents," (*id.*, p. 6), other than with respect to the eleven document requests relating to hard drives for the five former Mattel employees, (*id.*, p. 7; Searcy Decl., ¶ 3).  In light of these statements, Mattel must confirm that it has produced all responsive documents to 30 of the 41 document requests specifically identified in MGA's July 1, 2009 Letter (i.e., Document Request Nos. 5 – 10, 12, 15 – 22, 26 – 30, 32, 33, 35, 36, 41, 51 and 65 – 68).

#### 2.  Mattel States That It Has Produced Or Will Shortly Produce All Responsive Documents Relating To Document Request Nos. 1, 2, 11, 31, 34, 37 – 40, 42 – 46 And 52 – 64

With respect to Document Request Nos. 1, 2, 11, 31, 34, 37 – 40, 42 – 46, and 52 – 64, Mattel contends that they were never identified by MGA as being deficient during the meet and confer process.  (Opposition to Motion to Compel, p.

---

[1] The other eleven document requests (i.e., Document Request Nos. 3, 4, 13, 14, 23 – 25 and 47 – 50) are discussed in Section I.D.3. below.

11).  Mattel further notes that six of the requests are not addressed in MGA's Separate Statement.[2]  Consequently, Mattel argues that MGA failed to comply with its meet and confer obligations.  (*Id.*, pp. 11 and 12).  This contention is unavailing for two reasons.

First, the record indicates that MGA adequately met and conferred regarding all of the requests set forth in the First Set of RFPs.  (*See, e.g.,* Mankey Decl., Ex. C).  For example, MGA informed Mattel in the July 1, 2009 Letter that, because "Mattel [had] failed to produce any documents responsive to the Requests, despite representing that it would produce certain responsive documents, *all* of the responses [were] . . . unsatisfactory."  (*Id.* [emphasis in original]).

Second, and more importantly, Mattel concedes that any technical failure of MGA to meet and confer with respect to the 27 documents requests referenced above is immaterial.  (*See* Opposition to Motion to Compel, pp. 11 and 12).  Mattel admits in its Opposition that "[h]ad MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and has found no documents responsive to these requests that have not either been produced already or properly logged on a privilege log."  (*Id.*).  Mattel further admits that its

> attorneys searched for additional documents responsive to the Requests [after July 8, 2009 and that they] supplemented Mattel's Responses to the Requests, and are confirming that Mattel has already produced the responsive documents in its custody, possession or control, with the exception of the hard drives assigned to Vargas, Trueba, Machado, Brisbois and Castilla at the

---

[2] Although Mattel identifies six document requests as allegedly not being discussed in MGA's Separate Statement, there are in actuality only five document requests not referenced therein.  (Separate Statement in Support of Motion to Compel, pp. 1 – 302).  The five documents requests not referenced in the Separate Statement are Document Request Nos. 11, 31, 61, 62 and 63.  (*Id.*).

time of their resignations from Mattel.  To date, Mattel
has completed its search for non-privileged documents
responsive to Request Nos. 2, 34, 37, 40, 41, 43 – 46, 50,
52 – 58, 64 and 65, finding no additional documents to
produce.  Prior to September 10, Mattel will complete its
search for any additional nonprivileged, responsive
documents to the *remaining requests*.

(Searcy Decl., ¶ 3 [emphasis added]).

Because Mattel concedes that it has already produced or will shortly produce
all documents responsive to Document Request Nos. 1, 2, 11, 31, 34, 37 – 40, 42 –
46, and 52 – 64,[3]  the Discovery Master orders Mattel to supplement its responses
to each such request and confirm that it has produced all non-privileged responsive
documents as promised.

### 3.    MGA And Mattel Must Honor Their Agreement Regarding The Production Of Hard Drives With Respect To Document Request Nos. 3, 4, 13, 14, 23 – 25 And 47 – 50

As for Document Request Nos. 3, 4, 13, 14, 23 – 25 and 47 – 50, the parties
must honor their prior agreement.  While MGA argues in its Motion to Compel that
Mattel must provide access to all computer hard drives assigned to five former
employees that Mattel alleges stole Mattel trade secrets, not just those hard drives
that were assigned to those employees at the time of their resignation from Mattel,
(Motion to Compel, p. 4), it appears that MGA's prior counsel voluntarily agreed to
limit the scope of the hard drive production during the meet and confer process.
(Opposition to Motion to Compel, p. 3 [citing Mankey Decl., Ex. D]).  In fact,
MGA's own July 7, 2009 Letter states that "[w]ith respect to [Document] Request
Nos. 3, 13, 23, 47 and 49, Mattel has agreed to produce documents sufficient to

---

[3] In the absence of this concession, the Discovery Master may not have enforced the Motion to Compel with respect
to the five document requests not included in MGA's Separate Statement (i.e., Document Request Nos. 11, 31, 61, 62
and 63).

identify the personal computers assigned to Trueba, Vargas, Machado, Brisbois and Castilla *at the time they resigned from Mattel*."  (Mankey Decl., Ex. D at p. 1 [emphasis added]).   It further notes that with respect to Document Request Nos. 4, 14, 24, 25 and 48 "Mattel agrees to produce mirrored images of the hard drives contained in the computers assigned to Trueba, Vargas, Machado, Brisbois and Castilla *at the time of their resignation from Mattel* . . . subject to a protocol to be agreed upon by MGA and Mattel . . ."[4]   (*Id*., Ex. D at p. 2 [emphasis added]).

Based on these statements, Mattel contends that MGA's request for a forensic image of every computer ever assigned by Mattel to the former Mattel employees directly contradicts the parties' agreement with respect to computer hard drives.  (Opposition to Motion to Compel, pp. 7 and 8).  Yet, MGA did not respond to this argument anywhere in its Reply.  Accordingly, I find that MGA waived any argument that it did not enter into such an agreement.  I will, therefore, enforce the parties' agreement and order Mattel to produce mirrored images of the hard drives contained in the computers assigned to Trueba, Vargas, Machado, Brisbois and Castilla at the time of their resignation from Mattel.

Even if MGA had properly disputed that it entered into an agreement limiting the scope of the hard drives to be produced, its Motion to Compel would nevertheless fail on the merits with respect to Document Request Nos. 3, 4, 13, 14, 23 – 25 and 47 – 50.  As the party seeking to compel discovery, MGA bears the burden of establishing the discovery is relevant to a claim or defense at issue in Phase 2.  (*Bryant v. Ochoa*, 2009 WL 1390794, *1 (S.D. Cal. 2009) ["The party seeing to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)."]).

To satisfy its burden, MGA argues that all computers from these five employees are relevant because they (1) "will evidence the nature and extent of

---

[4] The July 7, 2009 Letter also states that with respect to Document Request No. 50, Mattel "agreed to confirm that [it] has already produced a mirror image of the hard drive for any computer assigned by [it] to Castilla during the year preceding his resignation."  (*Id*., Ex. D at p. 2).

1   Mattel's trade secrets, if any to which these employees had access," (2) may
2   "provide evidence disproving that the claimed trade secretes were, in fact, legally
3   protectable trade secrets," and (3) may reveal evidence concerning MGA's
4   affirmative defenses.  (Motion to Compel, p. 4).  But none of these arguments are
5   persuasive, since MGA fails to explain how all of the information embedded on
6   every hard drive used by the five employees while they worked for Mattel relates to
7   a Phase 2 claim or defense.  While the hard drives may admittedly contain some
8   information relating to trade secrets that is relevant to this case, the document
9   requests are not limited to just that information.  They instead demand the entire
10  universe of documents embedded on the hard drives.  Accordingly, the document
11  requests are overbroad and unenforceable, except to the extent Mattel has
12  voluntarily agreed to produce such materials.

13  **4.      Mattel Can Preserve Its Objections Relating To Privilege**
14  **And Expert Discovery But All Other Objections Are**
15  **Overruled**

16  MGA next contends that all of Mattel's objections to the First Set of RFPs
17  should be overruled, arguing that Mattel makes a number of improper boilerplate
18  objections, "none of which is substantiated."  (*See, e.g.,* Motion to Compel, pp. 6
19  and 11).  In its Opposition, Mattel does not defend the vast majority of its
20  objections.  (Opposition to Motion to Compel, pp. 1 – 15).  It merely contends that
21  it is entitled to supplement its production during expert discovery and that it need
22  not identify privilege documents that were created after April 27, 2004.  (*Id.*, pp. 12
23  – 15).

24  Although Mattel has the right to supplement its production based on expert
25  discovery, this does not excuse it from producing all non-privileged documents
26  currently in its possession, custody or control that are responsive to the requests.
27  (*See* Opposition to Motion to Compel, pp. 13 and 14).  I further find that Mattel has
28  sufficiently preserved its privilege objections and that, consistent with the parties'

1   prior agreements and practice in this litigation, Mattel not need not log privileged

2   documents that were created after April 27, 2004.  The remainder of Mattel's

3   objections have either been waived or not adequately supported and, as a result, are

4   overruled.  (*See, e.g.,* Opposition to Motion to Compel, pp. 1 – 15; Searcy Decl.,

5   Ex. 16).

6                        **5.      Sanctions Are Not Appropriate**

7          MGA contends that it is entitled to sanctions because Mattel failed to satisfy

8   its discovery obligations.  (Motion to Compel, p. 11).  Because Mattel advanced

9   some meritorious arguments and MGA only partially prevailed, the Discovery

10  Master concludes that an award of sanctions is inappropriate.

11  **II.    <u>DISPOSITION</u>**

12         **A.**    MGA's Motion to Compel is **GRANTED** in part and **DENIED** in

13  part, as follows:

14                1.     Mattel shall supplement its responses to the First Set of RFPs

15  within ten (10) days of this Order.

16                2.     When it supplements its responses to the First Set of RFPs,

17  Mattel shall

18                      a.     Withdraw all of all of its objections to the First Set of

19                             RFPs, except for its objections based on privilege and the

20                             right to supplement based on expert discovery;

21                      b.     Confirm that it has produced all non-privileged

22                             documents responsive to Document Request Nos. 1, 2, 5 –

23                             12, 15 – 22, 26 – 46, and 51 – 68; and

24                      c.     Confirm that, with respect to Document Request Nos. 3,

25                             4, 13, 14, 23 – 25 and 47 – 50, it has produced all non-

26                             privileged images of the hard drives contained in the

27                             computers assigned to Trueba, Vargas, Machado, Brisbois

28                             and Castilla at the time of their resignation from Mattel.

1          3.      In the event such documents have not already been produced to

2  MGA, Mattel shall produce any and all responsive documents referenced in the

3  preceding paragraph to MGA within ten (10) days of this Order.  This production

4  shall include the hard drives referenced in Section II.A.2.c above.

5          4.      MGA's request for sanctions is denied.

6

7  Dated:  September 8, 2009

8

9                            By:       /s/ Robert C. O'Brien

                                     ROBERT C. O'BRIEN

10                                Discovery Master

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]