QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>DECLARATION OF PRISCILLA PLATT IN SUPPORT OF MATTEL, INC.'S REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO AMEND PROTECTIVE ORDER<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: Arent Fox LLP<br>　　　　555 West Fifth St.<br>　　　　48th Floor<br>　　　　Los Angeles, CA 90013<br><br>Phase 2<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

# DECLARATION OF PRISCILLA PLATT

I, PRISCILLA PLATT, declare as follows:

1. I am Counsel at the Canadian law firm of Heenan Blaikie, LLP. I have been licensed to practice law in Ontario, Canada since 1977. I have practiced in Toronto, Ontario since 1977. Heenan Blaikie represents the plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration based on my expertise and, if called and sworn as a witness, I could and would testify competently thereto.

2. I obtained my professional degree at the University of Toronto Law School in 1975, and was called to the Bar in the Province of Ontario in 1977. I have practiced in the area of access to information and privacy law in Ontario for over twenty years.

3. As a long-standing practitioner of access to information and privacy law in Ontario, I know and am familiar with the laws regarding confidentiality of documents covered by Ontario's Freedom of Information and Protection of Privacy Act (hereinafter referred to as "FIPPA"), R.S.O. 1990, c. F.31 and its Municipal counterpart, the Municipal Freedom of Information and Protection of Privacy Act (hereinafter referred to as "MFIPPA"), R.S.O. 1990, c. M.56. The former Act, FIPPA, applies to government, including the records of Crown counsel, while the latter Act, MFIPPA, applies to the records held by police services in Ontario.

4. Both Acts are engaged through a member of the public making an access to information request. The Acts contain both exemptions and exclusions. The exemptions are the authorities the public body may apply to deny access to records. For example, the law enforcement exemption (s. 14 in FIPPA, and s. 8 in MFIPPA) and the personal information exemption (s. 21 in FIPPA and s. 14 in MFIPPA), if applicable to the records requested, could allow the public body to deny access to the information. Exclusions deal with types of records to which the Act does not apply. For example, the Act does not apply to employment related

information of an employee of a public body (s. 65(6) in FIPPA and s. 52(3) in MFIPPA). It also does not apply to a prosecution record if all the proceedings in respect of the prosecution have not been concluded (s.65(5.2) in FIPPA and s. 52(2.1) of MFIPPA). These exemptions and exclusions are identical in both Acts. If either the exemptions apply to the records or the records are excluded, then a request from a member of the public could be denied under the legislation.

     5.    Under the law enforcement exemption, records may be exempt if disclosure may reasonably be expected to:

    (a) interfere with a law enforcement matter;

    (b) interfere with an investigation undertaken with a view to a law enforcement proceeding or from which a law enforcement proceeding is likely to result;

    (c) reveal investigative techniques and procedures currently in use or likely to be used in law enforcement;

    (d) disclose the identity of a confidential source of information in respect of a law enforcement matter, or disclose information furnished only by the confidential source;

    (e) endanger the life or physical safety of a law enforcement officer or any other person;

    (f) deprive a person of the right to a fair trial or impartial adjudication;

    (g) interfere with the gathering of or reveal law enforcement intelligence information respecting organizations or persons;

    (h) reveal a record which has been confiscated from a person by a peace officer in accordance with an Act or regulation;

    (i) endanger the security of a building or the security of a vehicle carrying items, or of a system or procedure established for the protection of items, for which protection is reasonably required;

1  (j) facilitate the escape from custody of a person who is under lawful
2  detention;
3  (k) jeopardize the security of a centre for lawful detention; or
4  (l) facilitate the commission of an unlawful act or hamper the control of
5  crime.
6      6.    In addition, the law enforcement exemption may also apply to
7  deny access to a record "that is a report prepared in the course of law enforcement,
8  inspections or investigations by an agency which has the function of enforcing and
9  regulating compliance with the law." (s.14(2)(a) of FIPPA, and s. 8(2)(a) of
10 MFIPPA).
11     7.    In addition, where the information is personal information, that
12 is, recorded information about an identifiable individual, disclosure of such
13 information to a member of the public other than the individual to whom the
14 information relates could be subject to this exemption. In the law enforcement
15 context, disclosure of personal information would be "presumed" to be an
16 unjustified invasion of privacy where the information "was compiled and is
17 identifiable as part of an investigation into a possible violation of law, except to the
18 extent that disclosure is necessary to prosecute the violation or to continue the
19 investigation." (s.21(3)(b) of FIPPA, and s.14(3)(b) of MFIPPA)

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on September 9, 2008, at Toronto, Ontario.

_____
Priscilla Platt

-4-
DECLARATION OF PRISCILLA PLATT ISO MATTEL'S REPLY ISO MOTION TO AMEND PROTECTIVE ORDER