1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

| 11 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 12 | Plaintiff, | Consolidated with Case No. CV 04-09039 and Case No. CV 05-02727 |
| 13 | vs. | **DISCOVERY MATTER:  To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009** |
| 14 | MATTEL, INC., a Delaware corporation, | |
| 15 | Defendant. | [PUBLIC REDACTED] REPLY IN SUPPORT OF MATTEL, INC.'S MOTION FOR AN ORDER: (1) REMOVING "CONFIDENTIAL" DESIGNATIONS FROM PORTIONS OF THE DEPOSITION TRANSCRIPT OF SUSANA KUEMMERLE, AND (2) ISSUING AN APOSTILLE RE THE KUEMMERLE TRANSCRIPT |
| 16 | | |
| 17 | AND CONSOLIDATED ACTIONS | |
| 18 | | |
| 19 | | |
| 20 | | [Declaration of Francisco Tiburcio, Declaration of Randa A.F. Osman and Notice of Lodging Deposition Transcript of Susana Kuemmerle submitted concurrently] |
| 21 | | |
| 22 | | |
| 23 | | Hearing Date:        TBA |
| 24 | | Time:                TBA<br>Place:               Arent Fox LLP |
| 25 | | **Phase 2** |
| 26 | | Disc. Cutoff:        December 11, 2009 |
| 27 | | Pretrial Conference: March 1, 2010<br>Trial:               March 23, 2010 |

28

**<u>Preliminary Statement</u>**

MGA's Opposition, when stripped of rhetoric, offers essentially one argument: ███████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████ properly may be designated CONFIDENTIAL since its public disclosure could influence "public opinion" and "annoy and oppress MGAE de Mexico's operations." (Opp. at 6, 8.) Yet these matters have already been publicly disclosed – repeatedly – and are in the public domain. ████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████ Moreover, faced with a motion to de-designate, it was MGA's burden to show not only that it acted permissibly in designating information "CONFIDENTIAL" under the Protective Order, but that the information at issue *actually is* confidential. MGA offers literally no evidence in support of its opposition, and has not even begun to make that showing.

MGA also fails to meaningfully oppose Mattel's request that the Court issue an apostille for the transcript. Indeed, aside from rank speculation about whether Mexico will find it useful and erroneous assertions that the Court may not have "legal custody" of the transcript of a deposition taken in this case, MGA offers no basis not to issue the apostille as requested.

What MGA does instead is sling mud at Mattel, as is its habit. █████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

██████████ MGA has recklessly accused Mattel of misconduct that never occurred to distract the Discovery Master from the issues. Mattel believes that sanctions are in

order, but at a minimum MGA should be admonished to avoid such reckless, unsupported rhetoric and accusations.

### Argument

I.   **MGA HAS FAILED TO MEET ITS BURDEN OF DEMONSTRATING THAT KUEMMERLE'S DEPOSITION TESTIMONY SHOULD REMAIN DESIGNATED AS "CONFIDENTIAL"**

MGA makes a series of misguided, and in some cases misleading, arguments.  We address each in turn.[1]

A.   **The E-Mail Address That Ms. Kuemmerle Used as an Independent Sales Representative is Not Confidential**

████████████████████████████████████████████████████████
████████████████████████████████████████████████████

Notably, Ms. Kuemmerle did not submit a declaration saying that.[3]  Nor could she: as she testified at deposition, that was the e-mail address that she used in a

---

[1]  MGA claims not to know what portions of the Kuemmerele transcript Mattel seeks to have de-designated, even though Mattel included that information in its motion.  See Opposition at 4:18-19; Notice of Motion at 1; Memo of Points and Authorities, at 10-13.  Although excerpts 221:14-225:18 and 227:9-23 were inadvertently omitted from Mattel's Notice of Motion, they were discussed in detail at pages 12 and 13 of the Memorandum of Points and Authorities.  As has been clear all along, Mattel seeks an order removing the "Confidential" designations from the transcript at: 110:1-110:8, 111:2-125:5, 125:24-138:25, 140:20-148.5, 148:23-149:5, 221:14-225:18, and 227:9-23.

[2]  ████████████████████████████████████████████████
████████████████████████████████████████████████

[3]  The argument that Ms. Kuemmerle would be compelled to "abandon" her e-mail account is overly dramatic and nonsensical.  The mere publication of an e-mail address in court documents will not grant access to the contents of the account, or otherwise "compel" Ms. Kuemmerle to abandon the account, any more than anyone whose e-mail address is published or publicly available (like the lawyers' whose e-mail addresses appear on every submission to the Court) would have to abandon theirs.

1   commercial capacity as an "independent sales representative."[4]  Moreover, the e-

2   mail address is referenced on pages 150, 153 and 195 of the deposition transcript,

3   none of which MGA designated as "Confidential" even after its "painstaking review

4   of the Kuemmerle transcript on several instances."  Opposition at 1:24-25 ███

5   ████████████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████████████

7   ████████████   If the email address were ever protectible, it is no longer.

8        **B.**     **The Investigation and Prosecution of Trueba, Vargas, And**

9                   **Machado Is Public Knowledge, Not "Confidential."**

10  ███████████████████████████████████████████████████

11  ██████████████████████████████████████████████████████████

12  ████████████████████████████████████████████

13  █████████████████████████████████████████████████

14  ██████████████████████████████████████

15  ████████████████████████████████████████████████████

16  █████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████

19  █████████████████████████████████████████████████████

20  ██████████████████

21  _____

22  [4]  Kuemmerle Tr. at 153:10-13, Corey Dec. Ex. B.

23  [5]  See, e.g., Mattel, Inc's Third Amended Answer and Counterclaims, dated May
    22, 2009, at 446; Notice of Motion and Motion of Mattel, Inc. for Leave to Take

24  Additional Discovery and Objections to Discovery Master Order of September 28,
    2007 and Memorandum of Points and Authorities, dated November 19, 2007, at 41,

25  Supplemental Declaration Of Randa A.F. Osman In Support Of Mattel, Inc.'s Reply
    In Support Of Its Motion For An Order: (1) Removing "Confidential" Designations

26  From Portions Of The Deposition Transcript Of Susana Kuemmerle, And (2)
    Issuing An Apostille Re The Kuemmerle Transcript, Exs. B, H ("Supplemental

27  Osman Dec.").

28

1    First, MGA has not shown that protecting it from the "court of public

2   opinion," as it candidly admits is its goal, is a legitimate basis for concealing

3   information.  Opposition at 8:2-9.

4   ████████████████████████████████████████████████

5   ██████████████████████████████████████████████████

6   ████████████████████████████████████████

7   █████████████████████████████████████████████

8   ███████████████████████████████████████████████████

9   ████████████████████████████████████████

10  ██████████████████████████████████████████████████

11  ██████████████████████████████████████████████████

12  ██████████████████████████████████████████████████

13  ██████████████████████████████████████████████████

14  ███████████████████████████████████████████████████████

15  ██████████████████████████████████████████████████

16  █████████████████████████████████████████████

17  █████████████████████████████████████████████

18  ████████████████████████████████████████████████████

19  ██████████████████████████████████████████████████

20

21  _____

22      [6]  Second Amended Answer and Counterclaims, dated July 12, 2007 ¶¶ 37-54;

23  Supplemental Osman Dec. Ex. A.  These allegations were subsequently expanded in
    Mattel's Third Amended Answer and Counterclaims.  See Third Amended Answer

24  and Counterclaims ¶¶ 44-61, Supplemental Osman Dec. Ex. B.
        [7]  Second Amended Answer and Counterclaims ¶48, Supplemental Osman Dec.

25  Ex. A.

26      [8]  Id. at ¶53, Supplemental Osman Dec. Ex. A.
        [9]  Mattel, Inc.'s Notice of Motion and Motion to Compel (1) Deposition of

27  Carlos Gustavo Machado Gomez; and (2) Consent to Production of Electronic Mail

28  Messages dated November 15, 2007 at 1-4; Osman Dec. Ex. C.

1 ██████████████████████████████████████████████████████

2 ███████████████████████████████████████████████

3 ██████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████

5     **C.**    **The Instructions Not to Answer Are Not Confidential**

6       MGA argues next that what Mattel characterized as its instructions not to

7 answer are properly sealed, and accuses Mattel of "misrepresenting" the record in

8 describing the exchanges as instructions not to answer.  Perplexingly, MGA then

9 purports to block quote the exchange on pages 112-113 as its prime example.

10 Opposition at 5-6.  But in an apparent attempt to mislead the Discovery Master,

11 MGA omits the excerpt containing the instruction:

12                  █████████████████████████████████████████

13                  ███████████████████████████

14           ███████████████████████████████████████████

15                  ████████████████████████████████████████████

16                  ██████████

17          ███████████████████

18 No information is provided in the instruction not to answer, and certainly no

19 information that is "CONFIDENTIAL."

20       In any case, whether the testimony at issue is an "instruction not to answer" or

21 "substantive testimony," MGA has not shown that it is properly designated

22 "CONFIDENTIAL".  ██████████████████████████████████████

23 ██████████████████████████████████████████████████████

24 ██████████████████████████████████

25

26 _____

27   [10]  Supplemental Osman Dec. Exs. E-G.

28   [11]  Kuemmerle Tr., 112:13-112:20.  Corey Dec. Ex. B.

1

**D.    MGA Has Not Met Its Burden In Any Case**

2      As MGA acknowledges, where (as here) a party seeks to restrict disclosure of

3  a particular document, it bears the burden of showing as to that document the

4  prejudice or harm that would result were it disclosed.  See Opposition at 5:6-8 ("The

5  party seeking protection from sensitive information bears the burden in identifying

6  specific prejudice or harm should such information become public."); Fed. R. Civ.

7  P. 26(c).  Thus, MGA must present evidence to meet its burden.  It chose to present

8  none.  For this additional reason, Mattel's motion should be granted.[12]

9  **II.    THE DISCOVERY MASTER SHOULD RECOMMEND THAT THE**

10     **COURT ISSUE AN APOSTILLE**

11     Independent of the de-designation relief that Mattel seeks, Mattel also seeks

12  an apostille of the certified transcript of Ms. Kuemmerle (which Mattel has lodged

13  with the Court and the Discovery Master) pursuant to the Hague Convention

14  Abolishing the Requirement of Legalization For Foreign Public Documents.

15  MGA's conclusory and unsupported arguments for why the Court should not follow

16  the treaty and perform this ministerial act are easily dismissed.

17     First, contrary to MGA's suggestion, the Discovery Master and the Court do

18  have a copy of the complete, certified transcript in their respective custody,[13] and, if

19

20

21

22

_____

23     [12]   Contrast this with the thousands of pages of declarations and supporting

24  exhibits that Mattel was forced to prepare and to submit to the Discovery Master in
   response to a motion to de-designate that MGA later simply withdrew.

25  Supplemental Osman Dec. ¶ 11.

26     [13]   The complete Kuemmerle Transcript was attached as Exhibit B to the Corey
   Declaration, submitted with Mattel's moving papers.  A signature page was not

27  included because Mattel did not receive Ms. Kuemmerle's signature.  Supplemental

28  Osman Dec. at ¶ 2.

1  necessary, Mattel will lodge the original transcript (although that is not required).[14]

2  Nor is there any question about the authenticity of the transcript.

3      Second, MGA argues that because Ms. Kuemmerle is in Mexico, the court in

4  Mexico can obtain her testimony, so the Court should not issue the apostille.  Even

5  if true (and no evidence suggests that it is), this would be irrelevant -- MGA cites to

6  no authority suggesting that a witnesses' alleged availability in a foreign jurisdiction

7  is a defense to a request for an apostille.  Moreover, MGA's premise is wrong.  The

8  court in Mexico has not been able to obtain Ms. Kuemmerle's testimony regarding

9  the trial of Machado, Vargas and Trueba because MGA and its agents have

10  prevented it.  Ms. Kuemmerle has been compelled to appear and testify by the court

11  in Mexico no fewer than *five* times since the beginning of the year.[15]  She has not

12  done so because she (conveniently) claims to have meetings to attend to on MGA's

13  behalf outside of the country each time she is scheduled to appear.  For example, on

14  July 1, 2009, the day before Ms. Kuemmerle was scheduled to testify, Diane

15  Goveia-Gordon, an MGA executive, wrote that MGA needed Ms. Kuemmerle to be

16  outside of Mexico for almost two months[16] -- even though Ms. Kuemmerle was

17  responsible for directing MGAE de Mexico's operations.  Even if Ms. Kuemmerle's

18  availability in Mexico were a defense to a request for an apostille, which MGA has

19  not shown, the fact is that she has been anything but available.

20      Third, MGA says that if the transcript remains confidential then no apostille

21  could be granted.  The question of whether an apostille should issue is independent

22

23  [14]  See Fed. R. Civ. P. 44, Annex to the Convention Model Certificate.  See

24  Notice of Lodging Kuemmerle Deposition Transcript.

25  [15]  Declaration of Francisco J. Tiburcio In Support of Mattel, Inc.'s Motion to

26  De-Designate Kuemmerle Deposition Transcript and For Apostille dated September 9, 2009, and filed concurrently herewith ("Tiburcio Dec.") ¶ 4.  Ms. Kuemmerle was ordered to appear and to testify on March 30, 2009; April 27, 2009; May 14, 2009;

27  June 8, 2009; July 2, 2009.  *Id.*

28  [16]  Tiburcio Dec. ¶ 4 and Exhibit A.

1 | from the scope of the designations of the transcript.  Mattel believes, as set forth in

2 | the Motion, that the entire transcript may be apostillized and used in the Mexico

3 | proceeding (if necessary) because there is no risk of public disclosure based on the

4 | authority set forth in the Tiburcio Declaration that was lodged with Mattel's moving

5 | papers on August 26, 2009.  MGA provides no contrary declaration, authority or

6 | argument.  And even if this unchallenged showing were not correct, then the

7 | apostille still may and should issue for a transcript with any confidential portions

8 | narrowly redacted.

9 | **III.   MATTEL HAS NOT "IMPROPERLY INFLUENCED" THE**

10 | **INVESTIGATION IN MEXICO**

11 |       MGA makes reckless accusations in its opposition.  Aside from being

12 | irrelevant, they are unsupported and false.  ████████████████████

13 | ██████████████████████████████████████████████

14 | ██████████████████████████████████████████████

15 | ███████████████████████████   While Mattel believes sanctions

16 | are in order, at a minimum MGA should be admonished to avoid such reckless,

17 | unsupported rhetoric and accusations.

18 | /

19 | /

20 | /

21 | /

22 | /

23 | /

24 | _____

25 | [17]   Opposition, at 1.

26 | [18]   MGA's Response to Mattel, Inc.'s Amended Supplemental Interrogatory
Regarding Defendants' Affirmative Defenses (Unclean Hands) at 28:19-21,

27 | Supplemental Osman Dec. Ex. D ("The MGA Defendants *believe* that Mattel has

28 | engaged in similar or worse conduct with respect to authorities in Mexico.").

1

## <u>Conclusion</u>

2       For the foregoing reasons, Mattel respectfully requests that the Discovery

3  Master grant Mattel's Motion in its entirety.

4

5  DATED:  September 10, 2009          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
6

7                                      By /s/ Randa A.F. Osman
8                                         Randa A.F. Osman
                                          Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY I.S.O. MATTEL'S MOTION TO REMOVE "CONFIDENTIAL" DESIGNATIONS AND FOR APOSTILLE