QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>[DISCOVERY MATTER]<br>To be heard by Discovery Master<br>Robert C. O'Brien<br><br>[PUBLIC REDACTED] MATTEL, INC.'S OPPOSITION TO MGA'S *EX PARTE* APPLICATION FOR (1) ORDER TO SHORTEN TIME FOR RESPONSE AND PRODUCTION OF DOCUMENTS REGARDING GIFTS TO LAW ENFORCEMENT, AND (2) ORDER AUTHORIZING SERVICE OF DEPOSITION NOTICE AND COMPELLING DEPOSITION OF RICHARD DE ANDA IN ADVANCE OF COURT-ORDERED HEARING<br><br>[Declarations of Kim Graham and Scott L. Watson filed concurrently]<br><br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

00505.07975/3091024.2

## Preliminary Statement

MGA seeks an *ex parte* order compelling the deposition of a third-party witness, Rich De Anda, who was already deposed at length in this litigation, without even attempting to demonstrate the good cause required by the Rules. It also seeks to compel Mattel to produce documents requested just one week ago on an expedited basis for no other reason than that it wants the documents. MGA's application is entirely unsupported, and MGA cites no authority for the relief it seeks. It instead purports to rely on the Court's September 3 Order, but nothing in that Order entitles MGA to expedited or additional discovery, much less on an *ex parte* basis. Indeed, the Order does not even permit MGA to submit briefing to the Court in advance of the hearing. Moreover, as to the deposition request, Mr. De Anda is not currently an officer, director or employee of Mattel and has not been served with a subpoena, which alone is fatal to MGA's application under the Discovery Master's prior rulings. MGA's application should be denied.

## Argument

### I. THERE IS NO BASIS FOR ADDITIONAL OR EXPEDITED DISCOVERY, MUCH LESS *EX PARTE* RELIEF

#### A. The September 3 Order Does Not Provide For Expedited Discovery

MGA's application rests on a faulty premise that the September 3 Order entitles it to additional and expedited discovery as well as an opportunity to "cross-examine" Mr. De Anda on September 21. It does not. The Order only provides that Mr. De Anda appear on September 21. (See App. Exh. C). It does not set an evidentiary hearing. It does not suggest that counsel for MGA will be permitted to examine Mr. De Anda. It does not even grant the parties leave to submit briefs related to this issue prior to the hearing.

While this is plain from the face of the September 3 Order, it is even clearer when read in conjunction with the earlier, August 31 Order to Show Cause that the Court issued and set for hearing on September 21 as well. The Court's August 31

Order to Show Cause requires MGA's counsel to appear before the Court on September 21 to explain MGA's years of withholding, on ostensible privilege grounds, a highly material and compelled, non-privileged email, as well as MGA's repeated "certifications" to the Court (and later to the Discovery Master) that the email was privileged.[1] In contrast to the September 3 Order, however, the Court's August 31 Order set a briefing schedule to permit submissions by the parties before the hearing.[2] Thus, the Court clearly *is* authorizing submissions from the parties on the issues related to the August 31 OSC and clearly *is not* authorizing submissions from the parties on the issue related to Mr. De Anda. MGA's purported justification for expedited discovery (see App. at ¶ 19) thus fails.

There also is no indication that the Court intends to permit MGA to examine Mr. De Anda on September 21, as MGA assumes. If the mere fact that the Court has ordered Mr. De Anda to appear were sufficient to entitle MGA to depose and examine him, then MGA's counsel (who have likewise been ordered to appear) are equally subject to deposition and examination. Indeed, under MGA's own reasoning, depositions of MGA's counsel would be even more justified as the Court *has* requested briefing on the issues addressed in the August 31 Order and Mattel has never deposed the lawyers who withheld (and "certified" as privileged) the email that is the subject of the Court's August 31 Order.

The September 3 Order provides no basis for MGA's request for expedited responses to written discovery or its request to redepose Mr. De Anda without any showing of good cause through a properly noticed motion. As the Court made clear, it is acting for its own purposes. There is no suggestion in the Court's September 3 Order that it is intended to obviate normal application of the Rules or confer the parties with tactical advantage, as MGA attempts through its *ex parte*.

---

[1] See August 31, 2009 Order at 3, Exhibit 1 to the Declaration of Scott L. Watson ("Watson Decl.") filed concurrently herewith.
[2] Id. at 3-4.

### B. MGA Has Not Met The Standard For *Ex Parte* Relief

"Courts grant *ex parte* relief in limited circumstances." Futuredontics, Inc. v. Applied Anagramics, Inc., 1998 WL 35242854, at *2 (C.D. Cal. Nov. 18, 1998) (denying *ex parte* application). "*Ex parte* relief is generally disfavored when relief may be had through a regularly-noticed motion." Fernandez v. City of Los Angeles, 2009 WL 2169482, at *1 (C.D. Cal. July 16, 2009) (denying *ex parte* relief). "To justify *ex parte* relief, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motions." Futuredontics, 1998 WL 35242854, at *2 (citation and internal quotations omitted). *Ex parte* relief "will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." Fernandez, 2009 WL 2169482, at *1.

MGA has not attempted to show irreparable injury or prejudice, which alone requires denial of its *ex parte* application. See Costner v. MRA Funding Corp., 2009 WL 1106815, at *2 (C.D. Cal. Apr. 23, 2009) ("no irreparable prejudice is reason enough to deny [movant's] *ex parte* application"). Nor could MGA make such a showing. MGA will not be irreparably damaged by receiving Mattel's responsive documents in accordance with the Rules -- to the extent Mattel even has responsive documents beyond what it has already produced. MGA will not be irreparably damaged by complying with the Rules and submitting a substantiated, regularly-noticed motion to seek to depose Mr. De Anda for a second time, and it has made no showing otherwise.

MGA contends it needs this discovery prior to the September 21 hearing so that it can examine Mr. De Anda and provide the Court with any additional information. (See App. at ¶¶ 15, 19.) But MGA merely assumes, and fails to prove, any such entitlement in the first place. The Court has not requested such information be provided to it by MGA nor has the Court provided for any cross-

examination of Mr. De Anda by MGA. MGA's sole "explanation" for the need for its requests is flawed, and thus cannot provide any basis for *ex parte* relief.

### C. MGA Failed To Meet and Confer

Even though MGA frequently lambasts Mattel – wrongfully – for purportedly not meeting and conferring at enough length before bringing discovery motions, MGA affirmatively declined to meet and confer at all here.

Counsel for Mattel responded to MGA's counsel's email requesting a meet and confer on Thursday, September 3, the *same* day it was sent.[3] With regard to the expedited written discovery, Mattel asked MGA to provide it with its "authority justifying expedited treatment of these requests for production" and explained that if MGA did have such authority, Mattel would consider it.[4] With respect to Mr. De Anda's deposition, counsel for Mattel reminded MGA that since Mr. De Anda had already been deposed at length, leave of court was required (and moreover, Mattel was not sure of Mr. De Anda's schedule).[5] Counsel for Mattel noted they would "be happy to meet and confer with [MGA] regarding whether Mr. De Anda may be deposed further."[6]

Mattel designated one of its outside counsel, who already was *meeting face-to-face* with MGA's counsel on Thursday and Friday on other discovery issues, as the person who would meet and confer with MGA to discuss these issues.[7] Rather than discuss the matter, MGA never responded, ignored Mattel's offer to discuss the requested relief and instead served its *ex parte* application at 4:30 on the Friday

---

[3] See email from D. Proctor to A. Hurst, dated September 3, 2009, Watson Decl. Exh. 2.
[4] Id.
[5] See id.
[6] Id.
[7] See id.; see also letter from M. Searcy to W. Molinski, dated September 4, 2009, Watson Decl. Exh. 3 (reflecting in person meet and confer); email from M. Searcy to A. Hurst, W. Molinski, dated September 1, 2009, Watson Decl. Exh. 4.

before the Labor Day weekend. MGA's application should be denied based on MGA's outright refusal to participate in the meet and confer process.[8]

## II. THERE IS NO BASIS FOR ALLOWING MGA TO REDEPOSE MR. DE ANDA

MGA's failure to establish a basis for *ex parte* relief alone warrants denial of its application. Even apart from that dispositive defect, MGA's demand that Mr. De Anda be compelled for deposition fails on the merits for two independent reasons. First, Mr. De Anda has retired from Mattel and is no longer an officer, director or employee of Mattel, and MGA has not served him with a deposition subpoena. Under the Discovery Master's prior rulings, he therefore cannot be compelled. Second, and independently, because Mr. De Anda has already been deposed in this case, MGA must obtain leave of court and show good cause to redepose him. MGA does not even attempt to make such a showing.

### A. MGA Has Not Served Mr. De Anda With A Subpoena, Which Is Fatal To Its Motion.

Even though it bears the burden of doing so, MGA fails to prove that Mr. De Anda is currently an officer, director or managing agent of Mattel who could be subject to a deposition notice.[9] That is for good reason. ███████████████████████████████████████████████████████████████[10]

---

[8] MGA's refusal to meet and confer was compounded when MGA's counsel ignored two emails from Mattel's counsel seeking a brief extension of time in light of the holiday weekend. As a result, Mattel was ultimately forced to seek relief from the Discovery Master for an extension dictated by even the most basic professional courtesy. Watson Decl. Exh. 5.

[9] See Order No. 11, dated March 31, 2009, at 28, Watson Decl. Exh. 6 (noting that "burden is on the discovering party to establish the status of the witness").

[10] See ¶ 2 of the Declaration of Kim Graham concurrently filed herewith.

-5-
OPPOSITION TO MGA'S EX PARTE FOR EXPEDITED DISCOVERY RE DE ANDA

1   MGA, however, has not served him with a deposition subpoena. As the
2   Discovery Master has held, there is no authority authorizing an "order to a non-
3   party, who has not been properly brought into the case via the service of a subpoena
4   under the Federal Rules of Civil Procedure, to take any affirmative steps."[11] This
5   ruling is binding on MGA and alone defeats its motion with respect to its demand
6   for a deposition of Mr. De Anda.

### B. MGA Has Failed To Establish A Basis For Leave To Redepose Mr. De Anda.

MGA's application to compel Mr. De Anda's deposition fails for a further, separate reason. "Rule 30(a)(2)(A)(ii) requires a party to obtain leave of court before deposing a person that has already given a deposition in the case." Presidio Components, Inc. v. Am. Tech. Ceramics Corp., 2009 WL 861733, at *4 (S.D. Cal. Mar. 25, 2009). "Absent a showing of good cause, generally the court will not require a witness to appear for another deposition." Id.; see also Pratt v. Archstone Willow Glen Apts., 2009 WL 2032469, at *1 (N.D. Cal. July 10, 2009) ("A party seeking a court order to extend the examination must show "good cause" to justify such an order.").

MGA has already deposed Mr. De Anda. (See App. at ¶ 8.) The Rules require that MGA obtain leave of court and demonstrate good cause to depose him again. MGA has made no such showing – nor even attempted to. Rather, MGA focuses solely on the September 3 Order, mischaracterizing it in an effort to circumvent the express requirements of the Rules. There is no authority to do so, and MGA has provided none.

MGA complains it did not depose Mr. De Anda regarding Mattel's communications with law enforcement. First and foremost, that was MGA's choice.

---

[11] Order No. 14, dated April 9, 2009, at 9, Watson Decl. Exh. 7.

MGA was aware of Mattel's communications,[12] but instead to opted to examine Mr. De Anda on other subjects. Having decided to not question Mr. De Anda on this topic at his deposition, and then failing to seek earlier his further deposition (even though Phase 2 discovery recommenced months ago), MGA's claimed emergency here is of its own creation. An exigency of one's own making does not justify *ex parte* relief. See Costner, 2009 WL 1106815, at *2 (noting that *ex parte* application should be denied because movant "has not shown that it is without fault in creating the crisis that requires *ex parte* relief").

Moreover, the mere fact that MGA did not question Mr. De Anda on this issue does not entitle MGA to disregard complying with the requirements of the Rules -- i.e., demonstrating good cause for the need for a second deposition. In connection with the deposition of Mr. Brawer, ███████████████ ███████████████████████████████████████████████████ ████████████████[13] Yet, here, MGA seeks an *ex parte* order to redepose Mr. De Anda on the basis of a single document. MGA's failure to question Mr. De Anda on an issue it was well aware of, standing alone, does not equate to good cause and certainly does not provide a basis for *ex parte* relief.

### III. MGA IS NOT ENTITLED TO EXPEDITED RESPONSES TO THE WRITTEN DISCOVERY SERVED ON MATTEL

MGA also moves *ex parte* for an order compelling Mattel to respond to discovery requests served on August 28, 2009 -- only four business days before MGA filed this *ex parte* application. (See App. at ¶ 10.) MGA provides no authority for its demand. Just as with its deposition request, MGA predicates its claim for Mattel's responses on an expedited basis on the Court's September 3

---

[12] See, e.g., ████████████████████ ███ Watson Decl. Exh. 8; see also Watson Decl. ¶ 10.
[13] MGA's Opposition to Mattel's Motion to Compel Further Deposition of Ronald Brawer, dated August 14, 2009, at 10-12, Watson Decl. Exh. 9.

1  Order. As explained above, MGA's argument that it must review Mattel's
2  documents to submit briefing and prepare to examine Mr. De Anda on September 21
3  is not supported by the Order. (See App. at ¶¶ 15, 19.)

4  MGA contends that Mattel's document production made in compliance with
5  Order No. 6 did not produce certain documents. (See App. at ¶¶ 6, 7.) In fact,
6  Mattel undertook a reasonable, good faith search for responsive documents and
7  produced what it located.[14] Mattel has also already taken steps to locate any other
8  documents relating to the episode at issue in MGA's latest requests for production –
9  even though they were served just over a week ago-- but has found none thus far.[15]
10 That is because MGA's accusations are false. As counsel for Mattel explained at the
11 August 31 hearing, MGA's smear of alleged "corruption" of Canadian law
12 enforcement was a handful of "toy police cars" made as a return gesture of courtesy
13 for the police having given Mr. De Anda a pen and a coffee mug during a visit.[16]
14 Because this "event" was a non-event, MGA's suggestions about the existence of
15 additional documents are speculation -- and are as baseless as its prior smears
16 against the Court, Court officers and Mattel that have become MGA's stock-in-
17 trade.[17]

18 MGA also asserts that "since Mattel has already investigated this matter
19 enough to make representations to the Court on August 31 about what was sent to
20 the Canadian police, there can be no undue burden in producing these documents on

---

[14] See Watson Decl. ¶ 18.
[15] See id.
[16] See August 31, 2009 Hearing Tr. at 20:10-13, MGA's Application, Exh. B.
[17] See, e.g., June 17, 2008, Trial Tr. at 2725:13-2726:10, Watson Decl. 15 (Court having to issue corrective instruction to jury due to Larian's false testimony that a court had found Mattel to have engaged in anti-competitive conduct); Order of July 9, 2009, at 7-14, Watson Decl. Exh. 12 (Court rebuking MGA and Omni Parties for baseless personal attacks, including false allegations of racism, against Court-appointed forensic auditor and Mattel); Baba-Buba article, Watson Decl. Exh. 14 (Larian interview analogizing Court to Hitler apologist).

shortened time." (App. at ¶ 15.) This assertion is not only unsupported, but a *non sequitur*. That Mattel has "investigated" a topic does not indicate, much less prove, there is no undue burden on Mattel to exhaustively search for documents on an expedited basis, particularly in response to MGA demands for documents that on their face purport to require further searches in at least Canada and Mexico as well as the U.S.[18]

Nor in any event is any supposed lack of undue burden enough to support *ex parte* relief. MGA is the party requesting an order altering the Rules -- the burden is on it to justify doing so. Yet, MGA provides no authority for the relief it seeks. Notably, in the past when Mattel requested expedited discovery before an *actual* evidentiary hearing, MGA refused and opposed it ████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
Given its own positions, MGA's failure to establish – or even try to satisfy – the requirements for expedited document discovery is striking.

## IV.  IF MGA IS ALLOWED EXPEDITED DISCOVERY, MATTEL IS ALSO ENTITLED TO THE SAME

To the extent the Discovery Master is inclined to grant MGA's *ex parte* application, Mattel respectfully requests that the Discovery Master require MGA to produce relevant discovery for the September 21 hearing on the same expedited schedule. Mattel served a request for production on MGA related to MGA's own communications with law enforcement long before the MGA requests now at issue.[20] Although the Discovery Master has already compelled such

---

[18] See Request for Production No. 173.
[19] MGA's Opposition to Mattel's *Ex Parte* Application For Appointment of A Receiver, dated December 30, 2008, at 17-18, Watson Decl. Exh. 10.
[20] Request No. 51, Mattel's First Set Of Requests For Documents And Things To MGAE De Mexico (Phase 2), dated April 16, 2009, at 17, Watson Decl. Exh. 11.

communications be produced,[21] MGA has not produced them.[22] This discovery from MGA is equally relevant to the issue at hand.[23] To the extent the Court permits MGA to make submissions before the September 21 hearing, Mattel will do the same. Further, in the event that the Discovery Master grants MGA expedited discovery based on the September 21 hearing, then MGA should be ordered to produce for deposition (in sufficient time to be completed before September 21) each of the witnesses by or about whom an affidavit or declaration is submitted to the Court in response to the Court's August 31 Order to Show Cause to MGA.[24] If MGA is entitled to expedited depositions and other discovery from Mattel before the hearing, then MGA should be equally compelled to provide it to Mattel before the same hearing.

## Conclusion

For the foregoing reasons, MGA's *ex parte* application should be denied in its entirety or, in the alternative, MGA should be compelled to provide expedited discovery to Mattel on the same basis as any such discovery is granted to MGA in advance of the September 21, 2009 hearing.

DATED: September 9, 2009         QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

By /s/ Michael T. Zeller
  Michael T. Zeller
  Attorneys for Mattel. Inc.

---

[21] See Order No. 52, dated August 26, 2009, at 19, Watson Decl. 13.
[22] See Watson Decl. ¶ 15.
[23] For example, MGA's identical or similar interactions or activities with law enforcement would be highly relevant to an assessment of its accusations against Mattel, providing context and potentially constituting unclean hands. E.g., Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 385 (9th Cir. 1997) ("A cardinal maxim of equity jurisprudence is that he who comes into equity must come with clean hands.").
[24] Mattel cannot yet identify such witnesses by name at this juncture because MGA has yet to disclose them. The Court's August 31 Order requires MGA to submit these declarations no later than September 14, 2009.