EXHIBIT 8

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

EXHIBIT 9

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

EXHIBIT 10

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

EXHIBIT 11

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                         EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13            Plaintiff,                 Consolidated with
                                         Case No. CV 04-09059
14      vs.                              Case No. CV 05-02727

15  MATTEL, INC., a Delaware            **MATTEL, INC.'S FIRST SET OF**
    corporation,                        **REQUESTS FOR DOCUMENTS**
16                                       **AND THINGS TO MGAE DE**
              Defendant.                 **MEXICO, S.R.L. DE C.V. (PHASE 2)**
17

18  AND CONSOLIDATED CASES

19

20

21  PROPOUNDING PARTY: MATTEL, INC.

22  RESPONDING PARTY:   MGAE DE MEXICO, S.R.L. DE C.V.

23  SET NO.:            ONE (PHASE 2)

24

25

26

27                                       EXHIBIT 1

28                                       PAGE 115

1   Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>,

2   Mattel, Inc. hereby requests that MGAE De Mexico, S.R.L. De C.V. respond to

3   these document requests ("Requests") and make available for inspection and

4   copying originals of the following documents within 30 days of service at the

5   offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6   Street, 10th floor, Los Angeles, CA 90017.  MGAE De Mexico, S.R.L. De C.V.

7   shall be obligated to supplement responses to these requests at such times and to the

8   extent required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure</u>.

9

10  **I.    DEFINITIONS**

11        A.    "YOU," "YOUR" and "MGA MEXICO" mean MGAE De

12  Mexico, S.R.L. De C.V. and any PERSON acting directly or indirectly by, through,

13  under or on behalf of MGA Entertainment, Inc., including but not limited to, current

14  or former directors, officers, agents, attorneys, employees, partners, joint venturers,

15  contractors, accountants, or representatives of MGAE De Mexico, S.R.L. De C.V.,

16  and any current or former corporation, partnership, association, trust, parent,

17  subsidiary, division, AFFILIATE, predecessor-in-interest and successor-in-interest

18  of MGAE De Mexico, S.R.L. De C.V., and any other PERSON acting on its behalf.

19        B.    "TRUEBA" means Mariana Trueba Almada.

20        C.    "VARGAS" means Pablo Vargas San Jose.

21        D.    "THIS ACTION" refers to <u>Mattel, Inc. v. Bryant</u>, Case No. CV

22  04-9059 SGL (RNBx), filed on April 27, 2004, and the cases consolidated

23  therewith.

24        E.    "ITEM OF VALUE," in the plural as well as the singular, means

25  any and all articles, units, goods, commodities, property, products, services,

26  assistance, shares, stocks, bonds, financial instruments, indebtedness, credit, capital,

27  and currency, in any form, or any other tangible or intangible matter that have

28  current, past or future material worth, monetary worth or use, of any type and in any



1    amount.  Gifts of individual units of manufactured MGA products that are not

2    intended for re-transfer, that were not and have not been re-transferred and that do

3    not exceed $500 in retail value in total may be excluded from this Definition.

4         F.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

5    "recordings" as those terms are defined in Rule 1001 of the Federal Rules of

6    Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all

7    writings, including but not limited to, handwriting, typewriting, printing, image,

8    photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

9    to) electronic mail (including instant messages and text messages) or facsimile,

10   video and audio recordings, and every other means of recording upon any tangible

11   thing, any form of COMMUNICATION or representation, and any record thereby

12   created, regardless of the manner in which the record has been stored, and all non-

13   identical copies of such DOCUMENTS, in the possession, custody, or control of

14   YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

15        G.    "MATTEL" means any PERSON acting directly or indirectly by,

16   through, under or on behalf of Mattel, Inc., including but not limited to, its current

17   or former directors, officers, agents, attorneys, employees, partners, joint venturers,

18   contractors, accountants, or representatives, and any current or former corporation,

19   partnership, association, trust, subsidiary, division, AFFILIATE, predecessor-in-

20   interest and successor-in-interest of Mattel, Inc., and any other PERSON acting on

21   its behalf.

22        H.    "AFFILIATE" or "AFFILIATES" means any and all

23   corporations, limited liability companies, associations, proprietorships, d/b/a's,

24   partnerships, joint ventures and business entities of any kind that, directly or

25   indirectly, in whole or in part, own or control, are under common ownership or

26   control with, or are owned or controlled by a PERSON, party or entity, including

27   without limitation, each parent, subsidiary and joint venture of such PERSON, party

28   or entity.

EXHIBIT 11

PAGE   117

1    I.      "REFERRING OR RELATING TO," "REFER OR RELATE

2  TO," "RELATING," "RELATING TO" or "REFERS TO" means any and all of the

3  following terms and their synonyms:  refer to, discuss, constitute, evidence, pertain

4  to, mention, support, undermine, disprove, refute, contradict, negate, bear on,

5  amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with,

6  concern, comment on, summarize, respond to, relate to, or describe.

7    J.      "PERSON," in the plural as well as the singular, means any

8  natural person, association, partnership, corporation, joint venture, government

9  entity, organization, limited liability company, trust, institution, proprietorship, or

10  any other entity recognized as having an existence under the laws in the United

11  States or any other nation.

12    K.      "IDENTIFY," "IDENTIFYING" OR "IDENTITY" means the

13  following:

14    (a)      With reference to an individual, means such individual's name,

15  current or last known business title, current or last known business affiliation,

16  current or last known relationship to YOU, current or last known residential and

17  business address, and current or last known telephone number.

18    (b)      With reference to an entity or entities, such entity's full name,

19  state (or country) of incorporation or organization, present or last known address,

20  and present or last known telephone number.

21    (c)      With reference to any other DOCUMENT or DOCUMENTS,

22  means the date, identity of the author, addressee(s), signatories, parties, or other

23  PERSONS identified therein, its present location or custodian and a description of

24  its contents.

25    (d)      With reference to an account with a bank or financial institution,

26  means the name and address of the bank or financial institution, the account

27  number(s) for or otherwise associated with such account and the name of each

28  holder, including without limitation, each beneficial holder of each such account.



1    L.    "COMMUNICATION," in the plural as well as the singular,

2  means any transmittal and/or receipt of information, whether such was oral or

3  written, and whether such was by chance, prearranged, formal or informal, and

4  specifically includes, but is not limited to, conversations in person, telephone

5  conversations, electronic mail (including instant messages and text messages),

6  voicemail, letters, memoranda, statements, media releases, magazine and newspaper

7  articles, and video and audio transmissions.

8    M.    The singular form of a noun or pronoun includes within its

9  meaning the plural form of the noun or pronoun so used, and vice versa; the use of

10  the masculine form of a pronoun also includes within its meaning the feminine form

11  of the pronoun so used, and vice versa; the use of any tense of any verb includes

12  also within its meaning all other tenses of the verb so used, whenever such

13  construction results in a broader request for information; "and" includes "or" and

14  vice versa, whenever such construction results in a broader disclosure of documents

15  or information.

16

17  **II.    INSTRUCTIONS**

18    A.    YOU are to produce all requested DOCUMENTS in YOUR

19  possession, custody or control.

20    B.    If YOU contend that YOU are not required to produce certain

21  DOCUMENTS called for by these Requests on the grounds of a privilege or

22  protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT

23  and provide the following information:

24    1.    the date and type of the DOCUMENT, the author(s) and all

25        recipients;

26    2.    the privilege or protection that YOU claim permits YOU to

27        withhold the DOCUMENT;

28    3.    the title and subject matter of the DOCUMENT;

EXHIBIT 11

PAGE 119

07975/2872464.2

1        4.    any additional facts on which YOU base YOUR claim of

2             privilege or protection; and

3        5.    the IDENTITY of the current custodian of the original of the

4             DOCUMENT.

5        C.    DOCUMENTS shall be produced in their original file folders, or

6 other native format.  If the DOCUMENTS are in their original file folders, in lieu

7 thereof, any writing on the file folder from which each such DOCUMENT is taken

8 shall be copied and appended to such DOCUMENT and the PERSON for whom or

9 department, division or office for which the DOCUMENT or the file folder is

10 maintained shall be identified.

11        D.    The DOCUMENTS should be produced in their complete and

12 unaltered form.  Attachments to DOCUMENTS should not be removed.  The

13 DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

14 any reason, including alleged nonrelevance.  If emails are produced that had

15 attachments, the attachments shall be attached when produced.

16        E.    DOCUMENTS in electronic form shall be produced in that form.

17        F.    In the event that any DOCUMENT called for by these requests

18 has been destroyed or discarded, that DOCUMENT is to be identified by stating:

19        1.    the date and type of the DOCUMENT, the author(s) and all

20             recipients;

21        2.    the DOCUMENT's date, subject matter, number of pages, and

22             attachments or appendices;

23        3.    the date of destruction or discard, manner of destruction or

24             discard, and reason for destruction or discard;

25        4.    the PERSONS who were authorized to carry out such destruction

26             or discard;

27        5.    the PERSONS who have knowledge of the content, origins,

28             distribution and destruction of the DOCUMENT; and

EXHIBIT 11

PAGE 120

1      6.    whether any copies of the DOCUMENT exist and, if so, the

2    name of the custodian of each copy.

3

4  **III.**    **REQUESTS FOR DOCUMENTS AND THINGS**

5

6  REQUEST FOR PRODUCTION NO. 1:

7    All contracts or agreements entered into by VARGAS or TRUEBA

8  with YOU or on YOUR behalf, on or after March 1, 2007.

9

10  REQUEST FOR PRODUCTION NO. 2:

11    All contracts or agreements signed or executed by VARGAS or

12  TRUEBA on YOUR behalf, on or after March 1, 2007.

13

14  REQUEST FOR PRODUCTION NO. 3:

15    All contracts or agreements negotiated by VARGAS or TRUEBA on

16  YOUR behalf, on or after March 1, 2007.

17

18  REQUEST FOR PRODUCTION NO. 4:

19    All COMMUNICATIONS by, from or to VARGAS or TRUEBA

20  REFERRING OR RELATING TO contracts or agreements entered into by

21  VARGAS or TRUEBA with YOU or on YOUR behalf, on or after March 1, 2007.

22

23  REQUEST FOR PRODUCTION NO. 5:

24    All COMMUNICATIONS by, from or to VARGAS or TRUEBA

25  REFERRING OR RELATING TO contracts or agreements signed or executed by

26  VARGAS or TRUEBA on YOUR behalf, on or after March 1, 2007.

27

28

EXHIBIT 11

07975/2872464.2

REQUEST FOR PRODUCTION NO. 6:

All COMMUNICATIONS by, from or to VARGAS or TRUEBA REFERRING OR RELATING TO contracts or agreements negotiated by VARGAS or TRUEBA on YOUR behalf, dated on or after March 1, 2007.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS REFERRING OR RELATING TO any interviews of candidates for employment or any potential or prospective employees or officers conducted or attended by VARGAS or TRUEBA, on or after March 1, 2007.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS REFERRING OR RELATING TO any decisions, input, recommendations, suggestions or comments by, or any decisions, input, recommendations, suggestions or comments solicited from, VARGAS or TRUEBA in connection with any candidates for employment or any potential or prospective employees or officers, on or after March 1, 2007.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS REFERRING OR RELATING TO any inquiries, solicitations or efforts made by VARGAS or TRUEBA in connection with the potential, prospective or actual employment of any PERSON by YOU, or the potential, prospective or actual engagement of any PERSON as a vendor, consultant or independent contractor by YOU, on or after March 1, 2007.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS REFERRING OR RELATING TO any input, recommendations, suggestions or comments provided by, or any decisions, input, recommendations, suggestions or comments solicited from, VARGAS or TRUEBA

1  in connection with the potential, prospective or actual engagement of any PERSON

2  as a vendor, consultant or independent contractor by YOU, on or after March 1,

3  2007.

4

5  REQUEST FOR PRODUCTION NO. 11:

6       All DOCUMENTS REFERRING OR RELATING TO any

7  management, supervision or instruction of any of YOUR employees, officers,

8  consultants, independent contractors or vendors by VARGAS or TRUEBA, on or

9  after March 1, 2007.

10

11  REQUEST FOR PRODUCTION NO. 12:

12       All DOCUMENTS REFERRING OR RELATING TO any decisions to

13  hire, promote, reward or provide benefit of any of kind to any MGA MEXICO

14  employee, officer, consultant, independent contractor or vendor that was made, in

15  whole or in part, as the result of any decision, input, suggestion, recommendation or

16  participation by VARGAS or TRUEBA, on or after March 1, 2007.

17

18  REQUEST FOR PRODUCTION NO. 13:

19       To the extent not produced in response to other Requests, all

20  DOCUMENTS REFERRING OR RELATING TO the role of or involvement by

21  VARGAS or TRUEBA in the process of hiring, engaging or retaining any actual,

22  potential or prospective employee, officer, consultant, independent contractor or

23  vendor, on or after March 1, 2007.

24

25  REQUEST FOR PRODUCTION NO. 14:

26       All DOCUMENTS REFERRING OR RELATING TO any decisions to

27  terminate, fire, lay off, demote or discipline any MGA MEXICO employee, officer,

28  consultant, independent contractor or vendor that was made, in whole or in part, as

1 | the result of any decision, input, suggestion, recommendation or participation by
2 | VARGAS or TRUEBA, on or after March 1, 2007.

3

4 | REQUEST FOR PRODUCTION NO. 15:

5 | All DOCUMENTS REFERRING OR RELATING TO any
6 | participation, input, comments or recommendations by VARGAS or TRUEBA in
7 | performance reviews or evaluations of any of YOUR employees, officers,
8 | consultants, independent contractors or vendors, on or after March 1, 2007.

9

10 | REQUEST FOR PRODUCTION NO. 16:

11 | All DOCUMENTS REFERRING OR RELATING TO each instance in
12 | which any of YOUR employees, officers, consultants, independent contractors or
13 | vendors reported to or were supervised by VARGAS or TRUEBA, on or after
14 | March 1, 2007.

15

16 | REQUEST FOR PRODUCTION NO. 17:

17 | All DOCUMENTS REFERRING OR RELATING TO any decisions
18 | regarding the management, rules, polices, practices or procedures of YOUR
19 | business or operations in which VARGAS or TRUEBA had any input, participation
20 | or involvement, on or after March 1, 2007.

21

22 | REQUEST FOR PRODUCTION NO. 18:

23 | All DOCUMENTS REFERRING OR RELATING TO any committees
24 | or working groups in which VARGAS or TRUEBA had any input, participation or
25 | involvement, on or after March 1, 2007.

26

27 | EXHIBIT 11

28 | PAGE 124

1  REQUEST FOR PRODUCTION NO. 19:

2         All DOCUMENTS REFERRING OR RELATING TO any decisions

3  regarding advertising, press releases, public relations or any other public statements

4  made on YOUR behalf in which VARGAS or TRUEBA had any input, participation

5  or involvement, on or after March 1, 2007.

6

7  REQUEST FOR PRODUCTION NO. 20:

8         All DOCUMENTS REFERRING OR RELATING TO any advertising,

9  press releases, public relations or any other public statements, including without

10  limitation expenditures therefor, made on YOUR behalf in which VARGAS or

11  TRUEBA had any input, participation or involvement, on or after March 1, 2007.

12

13  REQUEST FOR PRODUCTION NO. 21:

14         All DOCUMENTS REFERRING OR RELATING TO any travel to the

15  United States by VARGAS or TRUEBA, and the reasons therefor, on or after March

16  1, 2007.

17

18  REQUEST FOR PRODUCTION NO. 22:

19         All DOCUMENTS REFERRING OR RELATING TO any

20  COMMUNICATIONS with any PERSON in the United States by VARGAS or

21  TRUEBA regarding sales or licensing, or potential sales or licensing, on or after

22  March 1, 2007.

23

24  REQUEST FOR PRODUCTION NO. 23:

25         All DOCUMENTS REFERRING OR RELATING TO any

26  COMMUNICATIONS with any PERSON in Hong Kong by VARGAS or

27  TRUEBA regarding sales or licensing, or potential sales or licensing, on or after

28  March 1, 2007.

EXHIBIT 11
125

1  REQUEST FOR PRODUCTION NO. 24:

2          All DOCUMENTS REFERRING OR RELATING TO any business

3  travel by VARGAS or TRUEBA on YOUR behalf, and the reasons therefor, on or

4  after March 1, 2007.

5

6  REQUEST FOR PRODUCTION NO. 25:

7          All COMMUNICATIONS between Isaac Larian and VARGAS, on or

8  after March 1, 2007, REFERRING OR RELATING TO YOU, YOUR business

9  operations, YOUR management, YOUR finances, YOUR practices, policies or

10 procedures, YOUR management, YOUR sales or potential sales or any products or

11 potential, contemplated or suggested products.

12

13 REQUEST FOR PRODUCTION NO. 26:

14         All COMMUNICATIONS between Isaac Larian and TRUEBA, on or

15 after March 1, 2007, REFERRING OR RELATING TO YOU, YOUR business

16 operations, YOUR management, YOUR finances, YOUR practices, policies or

17 procedures, YOUR sales or potential sales or any products or potential,

18 contemplated or suggested products.

19

20

21 REQUEST FOR PRODUCTION NO. 27:

22         All COMMUNICATIONS between Isaac Larian and VARGAS, on or

23 after March 1, 2007, REFERRING OR RELATING TO MATTEL.

24

25 REQUEST FOR PRODUCTION NO. 28:

26         All COMMUNICATIONS between Isaac Larian and TRUEBA, on or

27 after March 1, 2007, REFERRING OR RELATING TO MATTEL

28

1  REQUEST FOR PRODUCTION NO. 29:

2      All COMMUNICATIONS by, from or to Isaac Larian REFERRING

3  OR RELATING TO any responsibilities, assignments, duties, functions, authority or

4  lack of authority of VARGAS or TRUEBA, on or after March 1, 2007.

5

6  REQUEST FOR PRODUCTION NO. 30:

7      All COMMUNICATIONS by, from or to Susana Kuemmerle

8  REFERRING OR RELATING TO any responsibilities, assignments, duties,

9  functions, authority or lack of authority of VARGAS or TRUEBA, on or after

10  March 1, 2007.

11

12  REQUEST FOR PRODUCTION NO. 31:

13      All DOCUMENTS REFERRING OR RELATING TO any purchases

14  and/or purchasing decisions made by VARGAS or TRUEBA on YOUR behalf, on

15  or after March 1, 2007.

16

17  REQUEST FOR PRODUCTION NO. 32:

18      All DOCUMENTS REFERRING OR RELATING TO any sales or

19  licensing and/or sales or licensing decisions made by VARGAS or TRUEBA on

20  YOUR behalf, on or after March 1, 2007.

21

22  REQUEST FOR PRODUCTION NO. 33:

23      All DOCUMENTS REFERRING OR RELATING TO any

24  recommendations, input, suggestions or determination of the prices at which YOUR

25  products are sold or offered to be sold in which VARGAS or TRUEBA had any

26  input, participation or involvement, on or after March 1, 2007.

27

28

EXHIBIT 11

PAGE 127

07975/2872464.2

-13-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGAE DE MEXICO (Phase 2)

1  REQUEST FOR PRODUCTION NO. 34:

2          All DOCUMENTS REFERRING OR RELATING TO any changes or

3  modifications or contemplated or proposed changes or modifications to products

4  sold, offered for sale or contemplated or proposed for sale by YOU in which

5  VARGAS or TRUEBA had any input, participation or involvement, on or after

6  March 1, 2007.

7

8  REQUEST FOR PRODUCTION NO. 35:

9          All DOCUMENTS REFERRING OR RELATING TO YOUR decision

10  to sell or offer for sale any products in which VARGAS or TRUEBA had any input,

11  participation or involvement, on or after March 1, 2007.

12

13  REQUEST FOR PRODUCTION NO. 36:

14          All DOCUMENTS REFERRING OR RELATING TO any

15  disbursements, expenditures, payouts, or other uses of YOUR funds in which

16  VARGAS or TRUEBA had any input, participation or involvement, on or after

17  March 1, 2007.

18

19  REQUEST FOR PRODUCTION NO. 37:

20          All DOCUMENTS REFERRING OR RELATING TO any approvals

21  of any actions or proposed actions considered or taken by YOU or on YOUR behalf

22  in which VARGAS or TRUEBA had any input, participation or involvement,

23  including without limitation any expenditures of YOUR funds or resources or uses

24  of YOUR employees, on or after March 1, 2007.

25

26  REQUEST FOR PRODUCTION NO. 38:

27          All DOCUMENTS REFERRING OR RELATING TO the job duties or

28  employment functions of VARGAS or TRUEBA, on or after March 1, 2007.

EXHIBIT 11

PAGE 128

REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS REFERRING OR RELATING TO any actions taken by VARGAS or TRUEBA on YOUR behalf, on or after March 1, 2007.

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS REFERRING OR RELATING TO any authority or lack of authority by VARGAS or TRUEBA to act on behalf of MGA Entertainment, Inc., or on behalf of any officer, director or employee of MGA Entertainment, Inc., on or after March 1, 2007.

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS REFERRING OR RELATING TO any actions taken by VARGAS or TRUEBA on behalf of MGA Entertainment, Inc., or on behalf of any officer, director or employee of MGA Entertainment, Inc., on or after March 1, 2007.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS REFERRING OR RELATING TO any statements made by VARGAS or TRUEBA on behalf of MGA Entertainment, Inc., or on behalf of any officer, director or employee of MGA Entertainment, Inc., to any PERSON.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS REFERRING OR RELATING TO any instructions or directions given by VARGAS or TRUEBA to any officer, director or employee of MGA Entertainment, Inc., on or after March 1, 2007.

EXHIBIT 11

129

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS REFERRING OR RELATING TO any statements made by VARGAS or TRUEBA on YOUR behalf to any PERSONS with whom YOU do business, on or after March 1, 2007.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS REFERRING OR RELATING TO any statements made by VARGAS or TRUEBA on YOUR behalf to any retailers, wholesalers, actual or potential customers, actual or actual licensees or suppliers, on or after March 1, 2007.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS REFERRING OR RELATING TO any statements made by VARGAS or TRUEBA on YOUR behalf to the press or the public, on or after March 1, 2007.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS REFERRING OR RELATING TO any activities undertaken by VARGAS or TRUEBA for YOU or on YOUR behalf that were not approved or subject to approval by another agent of MGA MEXICO, on or after March 1, 2007.

**REQUEST FOR PRODUCTION NO. 48:**

All declarations, affidavits, deposition transcripts, and other sworn written statements of any other type or form made by VARGAS or TRUEBA on YOUR behalf at any time.

EXHIBIT 11

PAGE 130

REQUEST FOR PRODUCTION NO. 49:

All declarations, affidavits, deposition transcripts, and other sworn written statements of any other type or form made by VARGAS or TRUEBA on behalf of MGA Entertainment, Inc. or Isaac Larian at any time.

REQUEST FOR PRODUCTION NO. 50:

To the extent not produced in response to any other Request, all declarations, affidavits, deposition transcripts, and other sworn written statements of any other type or form made by VARGAS or TRUEBA.

REQUEST FOR PRODUCTION NO. 51:

All COMMUNICATIONS with any law enforcement official, prosecutor or government agency REFERRING OR RELATING TO VARGAS or TRUEBA.

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS REFERRING OR RELATING TO the receipt, possession, custody or use of any MATTEL document, property or information by YOU, VARGAS or TRUEBA.

REQUEST FOR PRODUCTION NO. 53:

All COMMUNICATIONS by, to or from VARGAS or TRUEBA REFERRING OR RELATING TO their or YOUR receipt, transfer, transmission, downloading, uploading, reproduction, possession, custody, use or theft of any MATTEL DOCUMENT, property or information.

EXHIBIT __11__

PAGE __131__

07975/2872464.2

1  REQUEST FOR PRODUCTION NO. 54:

2         All COMMUNICATIONS REFERRING OR RELATING TO the

3  authority or authorization, or lack of authority or authorization, of VARGAS or

4  TRUEBA in connection with YOUR receipt, possession, custody or use of any

5  MATTEL document, property or information.

6

7  REQUEST FOR PRODUCTION NO. 55:

8         All DOCUMENTS REFERRING OR RELATING TO whether

9  VARGAS or TRUEBA is, or has at any time since March 1, 2007 been, invested

10  with authority or decision-making powers allowing either or both of them to

11  exercise any judgment and discretion on YOUR behalf.

12

13  REQUEST FOR PRODUCTION NO. 56:

14         All DOCUMENTS REFERRING OR RELATING TO any exercise of

15  judgment or discretion by VARGAS or TRUEBA in corporate matters on YOUR

16  behalf, on or after March 1, 2007.

17

18  REQUEST FOR PRODUCTION NO. 57:

19         All DOCUMENTS REFERRING OR RELATING TO any instance in

20  which YOU disavowed or repudiated any actions by VARGAS or TRUEBA.

21

22  REQUEST FOR PRODUCTION NO. 58:

23         All DOCUMENTS REFERRING OR RELATING TO VARGAS' and

24  TRUEBA's responsibilities for MGA MEXICO, on or after March 1, 2007.

25

26

27                          EXHIBIT 11

28                          PAGE 132

-18-

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS REFERRING OR RELATING TO VARGAS' and TRUEBA's duties, obligations or responsibilities to preserve YOUR trade secrets and confidential information, on or after March 1, 2007.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS REFERRING OR RELATING TO VARGAS' and TRUEBA's duties, obligations or responsibilities not to use the trade secrets and confidential information of any other PERSON, including but not limited to MATTEL, on or after March 1, 2007.

**REQUEST FOR PRODUCTION NO. 61:**

DOCUMENTS sufficient to IDENTIFY the PERSONS who made any decisions, provided any input, or participated in any decisions regarding rules, procedures, policies, protocol or practices for YOUR employees, officers, consultants, independent contractors or vendors, regarding requirements to protect YOUR trade secrets and confidential information at any time.

**REQUEST FOR PRODUCTION NO. 62:**

DOCUMENTS sufficient to IDENTIFY the PERSONS who made any decisions, provided any input, or participated in any decisions regarding rules, procedures, policies, protocol or practices for YOUR employees, officers, consultants, independent contractors or vendors, regarding requirements to prevent YOUR use of the trade secrets and confidential information of any other PERSON at any time.

EXHIBIT 11

PAGE 133

07975/2872464.2

REQUEST FOR PRODUCTION NO. 63:

All DOCUMENTS REFERRING OR RELATING TO any decisions regarding rules, procedures, policies, protocol or practices for YOUR employees, officers, consultants, independent contractors or vendors, regarding requirements to protect YOUR trade secrets and confidential information at any time.

REQUEST FOR PRODUCTION NO. 64:

All DOCUMENTS REFERRING OR RELATING TO any decisions regarding rules, procedures, policies, protocol or practices for YOUR employees, officers, consultants, independent contractors or vendors, regarding requirements to prevent YOUR use of the trade secrets and confidential information of any other PERSON at any time.

REQUEST FOR PRODUCTION NO. 65:

All DOCUMENTS REFERRING OR RELATING TO any difference, divergence, or conflict between YOUR interests and the interests of VARGAS or TRUEBA.

REQUEST FOR PRODUCTION NO. 66:

All agreements and contracts between YOU and VARGAS or TRUEBA REFERRING OR RELATING TO MATTEL or THIS ACTION.

REQUEST FOR PRODUCTION NO. 67:

All agreements and contracts between YOU and VARGAS or TRUEBA REFERRING OR RELATING TO any criminal prosecution or investigation or potential criminal prosecution or investigation concerning the receipt, transfer, transmission, downloading, uploading, reproduction, possession, custody, use or theft of any MATTEL DOCUMENT, property or information.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS or agreement between YOU and VARGAS or TRUEBA regarding their testimony, declarations or other sworn statements, including without limitation in connection with THIS ACTION.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS or agreement between YOU and VARGAS or TRUEBA regarding their testimony in any proceedings REFERRING OR RELATING TO YOUR theft, possession or use of the trade secrets or confidential information of any other PERSON.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS REFERRING OR RELATING TO any refusal by VARGAS or TRUEBA to provide any declarations, affidavits, or other sworn written statements, or to be examined for deposition, after YOU have requested that they do so.

**REQUEST FOR PRODUCTION NO. 71:**

All fee agreements REFERRING OR RELATING TO VARGAS or TRUEBA.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS REFERRING OR RELATING TO YOUR payment of, or offer, promise or agreement to pay, fees or costs in connection with the representation of or provision of legal advice or legal services to VARGAS or TRUEBA.

EXHIBIT 11

07975/2872464.2

-21-

REQUEST FOR PRODUCTION NO. 73:

All DOCUMENTS REFERRING OR RELATING TO YOUR preservation or destruction of DOCUMENTS REFERRING OR RELATING TO THIS ACTION.

REQUEST FOR PRODUCTION NO. 74:

All DOCUMENTS REFERRING OR RELATING TO YOUR preservation or destruction of DOCUMENTS REFERRING OR RELATING TO any criminal investigation or prosecution or potential criminal investigation or prosecution concerning the receipt, transfer, transmission, downloading, uploading, reproduction, possession, custody, use or theft of any MATTEL DOCUMENT, property or information.

REQUEST FOR PRODUCTION NO. 75:

All DOCUMENTS REFERRING OR RELATING TO the preservation or destruction of DOCUMENTS by VARGAS or TRUEBA REFERRING OR RELATING TO THIS ACTION.

REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS REFERRING OR RELATING TO the preservation or destruction of DOCUMENTS by VARGAS or TRUEBA REFERRING OR RELATING TO any criminal investigation or prosecution or potential criminal investigation or prosecution concerning the receipt, transfer, transmission, downloading, uploading, reproduction, possession, custody, use or theft of any MATTEL DOCUMENT, property or information.

EXHIBIT 11

PAGE 136

1 | REQUEST FOR PRODUCTION NO. 77:

2 | All DOCUMENTS REFERRING OR RELATING TO any rules,

3 | procedures, policies, protocol or practices requiring VARGAS or TRUEBA to act in

4 | YOUR interests or pursuant to YOUR request.

5 |

6 | REQUEST FOR PRODUCTION NO. 78:

7 | All DOCUMENTS REFERRING OR RELATING TO any rules,

8 | procedures, policies, protocol or practices requiring YOUR employees, officers,

9 | consultants, independent contractors or vendors to act in YOUR interests or

10 | pursuant to YOUR request.

11 |

12 | REQUEST FOR PRODUCTION NO. 79:

13 | DOCUMENTS sufficient to show any and all salary, benefits or any

14 | other compensation paid to VARGAS or TRUEBA.

15 |

16 | REQUEST FOR PRODUCTION NO. 80:

17 | DOCUMENTS sufficient to show any and all salary, benefits or any

18 | other compensation paid to VARGAS or TRUEBA, on or after March 1, 2007.

19 |

20 | REQUEST FOR PRODUCTION NO. 81:

21 | DOCUMENTS sufficient to show the actual, promised or offered

22 | transfer of any and all ITEMS OF VALUE by YOU to, or for the benefit of,

23 | VARGAS or TRUEBA.

24 |

25 | REQUEST FOR PRODUCTION NO. 82:

26 | DOCUMENTS sufficient to show the transfer of any and all ITEMS

27 | OF VALUE by YOU to, or for the benefit of, VARGAS or TRUEBA, on or after

28 | March 1, 2007.

EXHIBIT 11

PAGE 137

1   REQUEST FOR PRODUCTION NO. 83:

2          DOCUMENTS sufficient to show any and all loans from YOU to

3   VARGAS or TRUEBA, on or after March 1, 2007.

4

5

6

7   DATED:  April 16, 2009        QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
8

9                                  By *Michael Zeller (LSN)*
                                   _____
10                                 Michael T. Zeller
                                   Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/2872464.2

-24-

EXHIBIT __11__

PAGE ____138

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGAE DE MEXICO  (Phase 2)

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Apex Attorney Services, 1055 West Seventh Street, Suite 250, Los Angeles, CA 90017.

On April 16, 2009, I served true copies of the following document(s) described as **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V. (PHASE 2)** on the parties in this action as follows:

Thomas Nolan, Esq.
Jason Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
*Attorneys for MGA Parties*

Patricia L. Glaser, Esq.
Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
*Attorneys for MGA Parties*

Russell J. Frackman, Esq.
Mitchell, Silberberg & Knupp, LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064
*Attorneys for MGA Parties*

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 16, 2009, at Los Angeles, California.

Wilbert Guiterrez - APEX Attorney Services

EXHIBIT 11

PAGE 139

07975/2888444.1



## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On April 16, 2009, I served true copies of the following document(s) described as **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V. (PHASE 2)**  on the parties in this action as follows:

> Overland Borenstein Scheper & Kim LLP
>   Mark E. Overland, Esq.
>   Alexander H. Cote, Esq.
> 601 W. 5th Street, 12th Floor
> Los Angeles, CA 90017
> *Attorneys for Carlos Gustavo Machado Gomez*

**BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 16, 2009, at Los Angeles, California.

Yalonda J. Dekle

EXHIBIT __11__

PAGE ____140

07975/2888473.1