QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09039 and Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER:  To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009** |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | CORRECTED REPLY IN SUPPORT OF MATTEL, INC.'S MOTION FOR AN ORDER: (1) REMOVING "CONFIDENTIAL" DESIGNATIONS FROM PORTIONS OF THE DEPOSITION TRANSCRIPT OF SUSANA KUEMMERLE, AND (2) ISSUING AN APOSTILLE RE THE KUEMMERLE TRANSCRIPT |
| AND CONSOLIDATED ACTIONS | [Second Supplemental Declaration of Randa A.F. Osman submitted concurrently] |
| | Hearing Date:        TBA<br>Time:                  TBA<br>Place:                Arent Fox LLP |
| | **Phase 2** |
| | Disc. Cutoff:        December 11, 2009<br>Pretrial Conference:  March 1, 2010<br>Trial:                March 23, 2010 |

## PUBLIC REDACTED

00505.07209/3101211.1

Case No. CV 04-9049 SGL (RNBx)
CORRECTED REPLY I.S.O. MATTEL'S MOTION TO REMOVE "CONFIDENTIAL" DESIGNATIONS AND FOR APOSTILLE

1

**Preliminary Statement**

2          MGA's Opposition, when stripped of rhetoric, offers essentially one

3 argument ████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████████████

5 ████████████████████ properly may be designated CONFIDENTIAL since its

6 public disclosure could influence "public opinion" and "annoy and oppress MGAE

7 de Mexico's operations." (Opp. at 6, 8.)  Yet these matters have already been

8 publicly disclosed – repeatedly – and are in the public domain. ██████████████

9 ████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████████

11 ████████████████████████████  Moreover, faced with a motion to de-

12 designate, it was MGA's burden to show not only that it acted permissibly in

13 designating information "CONFIDENTIAL" under the Protective Order, but that the

14 information at issue *actually is* confidential.  MGA offers literally no evidence in

15 support of its opposition, and has not even begun to make that showing.

16          MGA also fails to meaningfully oppose Mattel's request that the Court issue

17 an apostille for the transcript.  Indeed, aside from rank speculation about whether

18 Mexico will find it useful and erroneous assertions that the Court may not have

19 "legal custody" of the transcript of a deposition taken in this case, MGA offers no

20 basis not to issue the apostille as requested.

21          What MGA does instead is sling mud at Mattel, as is its habit. ████████████

22 ████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████████

24 ██████████████████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████

26 ████████  MGA has recklessly accused Mattel of misconduct that never occurred to

27 distract the Discovery Master from the issues.  Mattel believes that sanctions are in

28

-1-                    Case No. CV 04-9049 SGL (RNBx)
CORRECTED REPLY I.S.O. MATTEL'S MOTION TO REMOVE "CONFIDENTIAL" DESIGNATIONS AND FOR APOSTILLE

1  order, but at a minimum MGA should be admonished to avoid such reckless,

2  unsupported rhetoric and accusations.

3                          **Argument**

4  I.   **MGA HAS FAILED TO MEET ITS BURDEN OF DEMONSTRATING**

5       **THAT KUEMMERLE'S DEPOSITION TESTIMONY SHOULD**

6       **REMAIN DESIGNATED AS "CONFIDENTIAL"**

7            MGA makes a series of misguided, and in some cases misleading,

8  arguments.  We address each in turn.[1]

9       A.   **The E-Mail Address That Ms. Kuemmerle Used as an Independent**

10            **Sales Representative is Not Confidential**

11  ████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████

13  Notably, Ms. Kuemmerle did not submit a declaration saying that.[3]  Nor could she:

_____

15  [1]   MGA claims not to know what portions of the Kuemmerele transcript Mattel
16  seeks to have de-designated, even though Mattel included that information in its
17  motion.  See Opposition at 4:18-19; Notice of Motion at 1; Memo of Points and
    Authorities, at 10-13.  Although excerpts 221:14-225:18 and 227:9-23 were
18  inadvertently omitted from Mattel's Notice of Motion, they were discussed in detail
19  at pages 12 and 13 of the Memorandum of Points and Authorities.  As has been
    clear all along, Mattel seeks an order removing the "Confidential" designations from
20  the transcript: 110:1-110:8, 111:2-125:5, 125:24-138:25, 140:20-148.5, 148:23-
21  149:5, 221:14-225:18, and 227:9-23.

22  [2]  ████████████████████████████████████████████████████████
23  ██████████████████████████████████

24  [3]   The argument that Ms. Kuemmerle would be compelled to "abandon" her e-
    mail account is overly dramatic and nonsensical.  The mere publication of an e-mail
25  address in court documents will not grant access to the contents of the account, or
26  otherwise "compel" Ms. Kuemmerle to abandon the account, any more than anyone
    whose e-mail address is published or publicly available (like the lawyers' whose e-
27  mail addresses appear on every submission to the Court) would have to abandon
28  theirs.

CORRECTED REPLY I.S.O. MATTEL'S MOTION TO REMOVE "CONFIDENTIAL" DESIGNATIONS AND FOR APOSTILLE

1   as she testified at deposition, that was the e-mail address that she used in a

2   commercial capacity as an "independent sales representative."[4]  Moreover, the e-

3   mail address is referenced on pages 150, 153 and 195 of the deposition transcript,

4   none of which MGA designated as "Confidential" even after its "painstaking review

5   of the Kuemmerle transcript on several instances."  Opposition at 1:24-25. ▮▮

6   █████████████████████████████████████████████

7   █████████████████████████████████████████████

8   ███████[5]  If the email address were ever protectible, it is no longer.

9      **B.**    **<u>The Investigation and Prosecution of Trueba, Vargas, And</u>**

10           **<u>Machado Is Public Knowledge, Not "Confidential."</u>**

11   ███████████████████████████████████████

12   ████████████████████████████████████████████

13   ███████████████████████████████████

14   ████████████████████████████████████████

15   ██████████████████████████████

16   ████████████████████████████████████████

17   ████████████████████████████████████████████

18   █████████████████████████████████████████████

19   ████████████████████████████████████████

20

---

21

22   [4]  Kuemmerle Tr. at 153:10-13, Corey Dec. Ex. B.

     [5]  <u>See, e.g.,</u> Mattel, Inc's Third Amended Answer and Counterclaims, dated May

23   22, 2009, at 446; Notice of Motion and Motion of Mattel, Inc. for Leave to Take

    Additional Discovery and Objections to Discovery Master Order of September 28,

24   2007 and Memorandum of Points and Authorities, dated November 19, 2007, at 41,

    Supplemental Declaration Of Randa A.F. Osman In Support Of Mattel, Inc.'s Reply

25   In Support Of Its Motion For An Order: (1) Removing "Confidential" Designations

26   From Portions Of The Deposition Transcript Of Susana Kuemmerle, And (2)

    Issuing An Apostille Re The Kuemmerle Transcript, Exs. B, H ("Supplemental

27   Osman Dec.").

28

1 ██████████████████████████████████████████

2 ███████████████████

3    First, MGA has not shown that protecting it from the "court of public

4 opinion," as it candidly admits is its goal, is a legitimate basis for concealing

5 information.  Opposition at 8:2-9.

6 ████████████████████████████████████████

7 ██████████████████████████████████████████

8 █████████████████████████████████

9 ██████████████████████████████████████████

10 ███████████████████████    For example, the theft and search was discussed at

11 length on paragraphs 37-54 of Mattel's First Amended Complaint, which was

12 publically filed on November 20, 2006, and which MGA never sought to seal.  The

13 First Amended Complaint alleges that:

14    Faced with the difficult task of developing an overall strategy for
   expanding into a market in which it only had a nominal presence and
15    no operations, MGA elected to steal Mattel's plans, strategy and
   business information for the Mexican market and materials related to
16    Mattel's worldwide business strategies.  As detailed below, MGA and
   Larian approached three employees of Mattel's Mexican subsidiary
17    ("Mattel Mexico"), enticing them to steal Mattel's most sensitive
   business planning materials, and then hired them to assist in
18    establishing and running MGA's new Mexican subsidiary.[6]

19    Machado, Trueba and Vargas stole virtually every type of document a
   competitor would need to enter the Mexican market and to unlawfully
20    compete with Mattel in Mexico, in the United States, and elsewhere.
   They stole global internal future line lists that detailed anticipated
21    future products, production and shipping costs for Mattel products;
   daily sales data for Mattel products; customer data; sales estimates and
22    projections; marketing projections; documents analyzing changes in
   sales performance from 2003 to 2004; budgets for advertising and
23    promotional expenses; strategic research reflecting consumer responses
   to ;products in development; media plans; consumer comments
24    regarding existing Mattel products customer discounts and terms of

25 ────────────────

26    [6]  First Amended Complaint dated November 20, 2006 ¶ 37.  Relevant excerpts
   of the First Amended Complaint are attached as Exhibit A to the concurrently filed
27 Second Supplemental Declaration of Randa A.F. Osman dated September 11, 2009
   ("Second Supp. Osman Dec.").
28

CORRECTED REPLY I.S.O. MATTEL'S MOTION TO REMOVE "CONFIDENTIAL" DESIGNATIONS AND FOR APOSTILLE

sale; customer inventory level data; assessments of promotional campaign success; market size historical data and projections; marketing plans and strategies; merchandising plans; retail pricing and marketing strategies; and other similar materials.[7]

In addition, Mattel's Second Amended Answer and Counterclaims, which was filed on July 12, 2007 with Exhibit C (Index of communications and related documents) being filed under seal, also contained discussions of MGA's theft of Mattel's trade secrets and other confidential information.  MGA has never sought to seal the discussion of the theft and search that is set forth in the public redacted portion of Mattel's Second Amended Answer and Counterclaims including that:[8] "Machado, Trueba and Vargas stole virtually every type of document a competitor would need to enter the Mexican market and to unlawfully compete with Mattel in Mexico, the United States, and elsewhere."[9]  In October of 2005, ". . . Mexican authorities found and seized from MGA's offices both electronic and paper copies of a large number of documents containing Mattel trade secrets. . .."[10]  The theft, search and prosecution of Machado was discussed and briefed in connection with Mattel's motion to compel Machado to appear for deposition.[11]

--------------------------------------------------------

[7]   First Amended Complaint ¶48 (Ex. A to Second Supp. Osman Dec.).
[8]   Second Amended Answer and Counterclaims, dated July 12, 2007 ¶¶ 37-54; Supplemental Osman Dec. Ex. A.  These allegations were subsequently expanded in Mattel's Third Amended Answer and Counterclaims.  See Third Amended Answer and Counterclaims ¶¶ 44-61, Supplemental Osman Dec. Ex. B.
[9]   Second Amended Answer and Counterclaims ¶48, Supplemental Osman Dec. Ex. A.
[10]   Id. at ¶53, Supplemental Osman Dec. Ex. A.
[11]   Mattel, Inc.'s Notice of Motion and Motion to Compel (1) Deposition of Carlos Gustavo Machado Gomez; and (2) Consent to Production of Electronic Mail Messages dated November 15, 2007 at 1-4; Osman Dec. Ex. C.

CORRECTED REPLY I.S.O. MATTEL'S MOTION TO REMOVE "CONFIDENTIAL" DESIGNATIONS AND FOR APOSTILLE

1 ████████████████████████████████████████

2 ██████████████████████████████████

3 ████████████████████████████████████████

4 ████████████████████████████████████████

5     **C.**   **The Instructions Not to Answer Are Not Confidential**

6     MGA argues next that what Mattel characterized as its instructions not to

7 answer are properly sealed, and accuses Mattel of "misrepresenting" the record in

8 describing the exchanges as instructions not to answer.  Perplexingly, MGA then

9 purports to block quote the exchange on pages 112-113 as its prime example.

10 Opposition at 5-6.  But in an apparent attempt to mislead the Discovery Master,

11 MGA omits the excerpt containing the instruction:

12 ████████████████████████████████████

13 ████████████████████████████

14 ██████████████████████████████████████

15 ████████████████████████████████████████

16 ██████████

17 ████████████████████

18 No information is provided in the instruction not to answer, and certainly no

19 information that is "CONFIDENTIAL."

20     In any case, whether the testimony at issue is an "instruction not to answer" or

21 "substantive testimony," MGA has not shown that it is properly designated

22 "CONFIDENTIAL".  ██████████████████████████

23 ████████████████████████████████████████

24 ████████████████████████

25

26 _____

27 [12]   Supplemental Osman Dec. Exs. E-G.
28 [13]   Kuemmerle Tr., 112:13-112:20.  Corey Dec. Ex. B.

1

### D.   MGA Has Not Met Its Burden In Any Case

2

As MGA acknowledges, where (as here) a party seeks to restrict disclosure of

3  a particular document, it bears the burden of showing as to that document the

4  prejudice or harm that would result were it disclosed.  See Opposition at 5:6-8 ("The

5  party seeking protection from sensitive information bears the burden in identifying

6  specific prejudice or harm should such information become public."); Fed. R. Civ.

7  P. 26(c).  Thus, MGA must present evidence to meet its burden.  It chose to present

8  none.  For this additional reason, Mattel's motion should be granted.[14]

9

## II.   THE DISCOVERY MASTER SHOULD RECOMMEND THAT THE

10  COURT ISSUE AN APOSTILLE

11

Independent of the de-designation relief that Mattel seeks, Mattel also seeks

12  an apostille of the certified transcript of Ms. Kuemmerle (which Mattel has lodged

13  with the Court and the Discovery Master) pursuant to the Hague Convention

14  Abolishing the Requirement of Legalization For Foreign Public Documents.

15  MGA's conclusory and unsupported arguments for why the Court should not follow

16  the treaty and perform this ministerial act are easily dismissed.

17

First, contrary to MGA's suggestion, the Discovery Master and the Court do

18  have a copy of the complete, certified transcript in their respective custody,[15] and, if

19

20

21

22

---

23

[14]   Contrast this with the thousands of pages of declarations and supporting

24  exhibits that Mattel was forced to prepare and to submit to the Discovery Master in
response to a motion to de-designate that MGA later simply withdrew.

25  Supplemental Osman Dec. ¶ 11.

[15]   The complete Kuemmerle Transcript was attached as Exhibit B to the Corey

26  Declaration, submitted with Mattel's moving papers.  A signature page was not

27  included because Mattel did not receive Ms. Kuemmerle's signature.  Supplemental
Osman Dec. at ¶ 2.

28

CORRECTED REPLY I.S.O. MATTEL'S MOTION TO REMOVE "CONFIDENTIAL" DESIGNATIONS AND FOR APOSTILLE

1  necessary, Mattel will lodge the original transcript (although that is not required).[16]

2  Nor is there any question about the authenticity of the transcript.

3      Second, MGA argues that because Ms. Kuemmerle is in Mexico, the court in

4  Mexico can obtain her testimony, so the Court should not issue the apostille.  Even

5  if true (and no evidence suggests that it is), this would be irrelevant -- MGA cites to

6  no authority suggesting that a witnesses' alleged availability in a foreign jurisdiction

7  is a defense to a request for an apostille.  Moreover, MGA's premise is wrong.  The

8  court in Mexico has not been able to obtain Ms. Kuemmerle's testimony regarding

9  the trial of Machado, Vargas and Trueba because MGA and its agents have

10  prevented it.  Ms. Kuemmerle has been compelled to appear and testify by the court

11  in Mexico no fewer than *five* times since the beginning of the year.[17]  She has not

12  done so because she (conveniently) claims to have meetings to attend to on MGA's

13  behalf outside of the country each time she is scheduled to appear.  For example, on

14  July 1, 2009, the day before Ms. Kuemmerle was scheduled to testify, Diane

15  Goveia-Gordon, an MGA executive, wrote that MGA needed Ms. Kuemmerle to be

16  outside of Mexico for almost two months[18] -- even though Ms. Kuemmerle was

17  responsible for directing MGAE de Mexico's operations.  Even if Ms. Kuemmerle's

18  availability in Mexico were a defense to a request for an apostille, which MGA has

19  not shown, the fact is that she has been anything but available.

20      Third, MGA says that if the transcript remains confidential then no apostille

21  could be granted.  The question of whether an apostille should issue is independent

22

23      [16]  See Fed. R. Civ. P. 44, Annex to the Convention Model Certificate.  See
      Notice of Lodging Kuemmerle Deposition Transcript.

24      [17]  Declaration of Francisco J. Tiburcio In Support of Mattel, Inc.'s Motion to

25  De-Designate Kuemmerle Deposition Transcript and For Apostille dated September
      9, 2009, and filed concurrently herewith ("Tiburcio Dec.") ¶ 4.  Ms. Kuemmerle was

26  ordered to appear and to testify on March 30, 2009; April 27, 2009; May 14, 2009;
      June 8, 2009; July 2, 2009.  *Id.*

27

28      [18]  Tiburcio Dec. ¶ 4 and Exhibit A.

1  from the scope of the designations of the transcript.  Mattel believes, as set forth in

2  the Motion, that the entire transcript may be apostillized and used in the Mexico

3  proceeding (if necessary) because there is no risk of public disclosure based on the

4  authority set forth in the Tiburcio Declaration that was lodged with Mattel's moving

5  papers on August 26, 2009.  MGA provides no contrary declaration, authority or

6  argument.  And even if this unchallenged showing were not correct, then the

7  apostille still may and should issue for a transcript with any confidential portions

8  narrowly redacted.

9  **III.   MATTEL HAS NOT "IMPROPERLY INFLUENCED" THE**

10      **INVESTIGATION IN MEXICO**

11      MGA makes reckless accusations in its opposition.  Aside from being

12  irrelevant, they are unsupported and false. ██████████████

13  ████████████████████████████████████████

14  ████████████████████████████████████████

15  ████████████████████████ While Mattel believes sanctions

16  are in order, at a minimum MGA should be admonished to avoid such reckless,

17  unsupported rhetoric and accusations.

18  /

19  /

20  /

21  /

22  /

23  /

---

25  [19]  Opposition, at 1.

26  [20]  MGA's Response to Mattel, Inc.'s Amended Supplemental Interrogatory
Regarding Defendants' Affirmative Defenses (Unclean Hands) at 28:19-21,

27  Supplemental Osman Dec. Ex. D (██████████████████████

28  ████████████████████).

**<u>Conclusion</u>**

1

2    For the foregoing reasons, Mattel respectfully requests that the Discovery

3 Master grant Mattel's Motion in its entirety.

4

5 DATED:  September 14, 2009          QUINN EMANUEL URQUHART OLIVER &
6                                      HEDGES, LLP

7
                                      By /s/ Randa A.F. Osman
8                                         Randa A.F. Osman
                                          Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 04-9049 SGL (RNBx)
CORRECTED REPLY I.S.O. MATTEL'S MOTION TO REMOVE "CONFIDENTIAL" DESIGNATIONS AND FOR
APOSTILLE