QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>MATTEL, INC.'S OPPOSITION TO MGA PARTIES' APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR JUDICIAL ASSISTANCE RE: DANNY K.H. YU AND BIRD & BIRD<br><br>[Declaration of Michael T. Zeller filed concurrently herewith]<br><br>Date:   TBD<br>Time:   TBD<br>Place:  TBD<br><br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

1

# TABLE OF CONTENTS

2
**Page**

3

4 PRELIMINARY STATEMENT ...................................................................................... 1

5 FACTUAL BACKGROUND.......................................................................................... 2

6 ARGUMENT .................................................................................................................. 6

7 I.     THE APPLICATION SEEKS NON-RELEVANT INFORMATION
       ON AFFIRMATIVE DEFENSES PREVIOUSLY REJECTED IN
8      THIS ACTION ..................................................................................................... 6

9 II.    ASPECTS OF THE LETTERS OF REQUEST ARE
       OBJECTIONABLE............................................................................................. 10

10 CONCLUSION.............................................................................................................. 11

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

### Cases

Asis Internet Services v. Optin Global Inc.,
  2007 WL 1880369 (N.D. Cal. June 29, 2007) ................................................. 8, 10

### Statutes

Cal. Civ. Code § 3426.6 ................................................................................................ 7

Fed. R. Civ. P. 15(c) .................................................................................................... 2

Fed. R. Civ. P. 26 ........................................................................................................ 8

Fed. R. Civ. P. 26(b) ................................................................................................... 8

Fed. R. Civ. P. 26(b)(1) .............................................................................................. 8

**Preliminary Statement**

MGA requests the issuance of letter requests for foreign discovery to support the affirmative defenses of statute of limitations and laches as they relate to MGA's theft of Bratz as a trade secret. These defenses have already been extensively litigated in this action and expressly rejected in several prior Orders issued by Judge Larson. Granting MGA's request would constitute an improper collateral attack on the Court's previous rulings rejecting MGA's statute of limitations and laches defenses.

MGA does not dispute that these defenses have been adjudicated in Mattel's favor. Rather, it simply ignores this fact. MGA argues that the requested foreign discovery--communications between Mattel and Hong Kong attorneys from August to November 2003--could be relevant to show Mattel's knowledge of its trade secrets claim more than 3 years prior to pleading it in November 2006, but this position flies in the face of Judge Larson's prior (and repeated) rulings that the claims in Mattel's counterclaims—including for MGA's misappropriation of trade secrets—relate back to the filing of Mattel's original complaint on April 27, 2004. Indeed, MGA even repeats to the Discovery Master arguments that Judge Larson not only expressly rejected but rebuked MGA for making previously. Thus, even if the Discovery Master were to grant the application—which seeks discovery which that goes no further back than August 2003—such information would be wholly irrelevant, as that time is well within the limitations period which starts on April 27, 2001 under Judge Larson's binding Orders.

Given MGA's disregard of the Court's prior rulings rejecting its statute of limitation and laches defenses, Mattel intends to bring a motion before Judge Larson shortly to confirm the direct applicability of these rulings to Mattel's misappropriation of trade secrets claim. A ruling in Mattel's favor would plainly render this application moot. Accordingly, while overwhelming, independent grounds exist for rejecting MGA's application now, at the very least a ruling on the

request for discovery should be deferred until after Judge Larson has ruled on Mattel's forthcoming motion.

Simply put, the timely filing of Mattel's misappropriation of trade secrets claim is no longer at issue in this action, as it has been previously and conclusively adjudicated in Mattel's favor. The application seeking to conduct costly foreign discovery into an issue already adjudicated in Mattel's favor should be denied.

### Factual Background

Mattel initiated this action by filing its original complaint against Carter Bryant on April 27, 2004.[1] On December 7, 2004, MGA intervened as a party-defendant, claiming that its rights to Bratz were at stake.[2]

On November 20, 2006, Mattel filed its first amended answer and counterclaims which included, among others, a claim against MGA for misappropriation of trade secrets.[3] In granting Mattel leave to file the pleading, Judge Larson rejected MGA's argument in opposition that the amended pleading would be futile because the claims asserted therein were barred by the statute of limitations.[4] The Court expressly held that, under Fed. R. Civ. P. 15(c), these claims relate back to the filing of Mattel's original complaint on April 27, 2004, making them timely even under MGA's theory of when Mattel discovered the claims.[5]

---

[1] Declaration of Michael T. Zeller ("Zeller Dec."), filed concurrently herewith, ¶ 2.
[2] Id,
[3] Zeller Dec., ¶ 2.
[4] Id., Ex. 1 (Order Regarding Mattel's Motion For Leave To Amend, dated January 12, 2006, at 13-14).
[5] Id.

On March 11, 2008, Mattel moved for partial summary judgment on certain of MGA's affirmative defenses, including statute of limitations and laches.[6] The motion was initially heard on April 22, 2008.[7] On April 25, 2008, Judge Larson entered an Order resolving some of the issues in the motion but, though it "heard argument at length on the statute of limitations issue," initially deferred ruling on that issue pending the resolution of outstanding discovery matters.[8] The Court also declined to rule at that time on Mattel's summary judgment motion as to MGA's laches affirmative defense, as well as others, stating that since "[m]ost of these defenses are essentially equitable in nature . . . the Court DEFERS RULING on them until after trial."[9]

Judge Larson heard further argument on the parties' motions for partial summary judgment on May 19, 2008.[10] In his May 21, 2008 Order, Judge Larson again deferred ruling on the statute of limitations issue in light of MGA's having filed—on the afternoon of the May 19, 2008 hearing—additional documentary evidence in ostensible support of its statute of limitations defense.[11] Each of these submitted documents in some way related to MGA's litigation against third parties in Hong Kong.[12] Shortly thereafter, MGA filed a "reply"[13] purporting to explain the

---

[6] Zeller Dec., Ex. 2 (Mattel, Inc.'s [Corrected] Notice of Motion and Motion for Partial Summary Judgment; And Memorandum Of Points And Authorities, filed March 11, 2008). MGA and Carter Bryant also moved for partial summary judgment at this time. Id., ¶ 4.

[7] Id., Ex. 3 (Order Granting In Part, Denying In Part, And Deferring In Part The Parties' Motions For Partial Summary Judgment, dated April 25, 2008, at 1).

[8] Id. (April 25, 2008 Order at 4).

[9] Id. (April 25, 2008 Order at 8).

[10] Zeller Dec., Ex. 4 (Order Re Motion For Reconsideration; Order Re The Parties' Motions For Partial Summary Judgment, dated May 21, 2008, at 1).

[11] Id. (May 21, 2008 Order at 10).

[12] Zeller Dec., Ex 5 (MGA Parties' Supplemental Declaration of Marina V. Bogorad In Further Support Of The MGA Parties' Motion For Partial Summary Judgment, dated May 19, 2008). Indeed, several of these documents filed in further
(footnote continued)

1  significance to its statute of limitations defense of these documents as well as to

2  counter Mattel's Court-authorized response to the late-filed declaration.[14]  MGA

3  argued that Mattel's receipt of communications from Hong Kong attorneys Danny

4  Yu and the Bird & Bird firm in September 2003 "indisputably" showed that Mattel's

5  knowledge of its claims were outside the limitations period.[15]  MGA also questioned

6  the veracity of the Bird & Bird fax produced by Mattel, asserting that it "appear[ed]

7  to have been doctored or manipulated in some fashion."[16]

8          In his May 27, 2008 Order, Judge Larson considered the newly-

9  asserted documents and arguments put forth by MGA at length.[17]  The Court

10 affirmed its earlier ruling that the claims asserted by Mattel in its November 6, 2006

11 first amended answer and counterclaim--including its trade secrets misappropriation

12 claim--related back to the filing of Mattel's original complaint on April 27, 2004.

---

support of MGA's statute of limitations arguments at summary judgment are identical to documents MGA relies on now before the Discovery Master to obtain additional discovery relating to the Hong Kong litigation.  For example, exhibits 143, 144 and 146 correspond to exhibits F, H and I attached to the Rutowski declaration filed in support of the present application.

[13]  Id., Ex. 6 (Reply Memorandum In Further Support Of The Supplemental Declaration of Marina V. Bogorad, dated May 22, 2008).

[14]  Id., Ex. 7 (Response of Mattel, Inc. To Supplemental Declaration Of Martina V. Bogorad, dated May 21, 2008).  Attached to this response was a complete copy of the Bird & Bird fax received by Mattel on September 23, 2003 and a declaration from Mattel's in-house counsel attesting to the veracity of the document.

[15]  Id., Ex. 6.

[16]  Id. (MGA's Reply Memorandum at 2).  These charges mirror those made by MGA in support of the present application.  Compare MGA's May 22, 2008 Reply at 2 n.3 ("this 'complete' fax . . . contains a fax line with inconsistent time and page stamps on the header [in that] the page numbers on the fax line are numbered '01, 02, 03 . . .' up to page 11, at which point the numbering changes to '11/46, 12/46, 13/46 . . . .'") with Application at 4 ("the header on the facsimile changes between ten and eleven indicating that there may have been two different facsimile transmissions from two different machines (the number convention changes from '01, 02, 03 . . .' to '11/46, 12/46, 13/46 …').''

[17]  Zeller Dec., Ex. 8 (Order Re Statute Of Limitations Defense, dated May 27, 2008).

As Judge Larson reiterated: "[The] claims against MGA sought to be asserted by Mattel on November 20, 2006, which arise out of the same factual allegations as do the claims asserted by Mattel against Carter Bryant on April 27, 2004, relate back to the date that complaint was filed."[18]

In Phase 1B of the trial, the jury found, among other things, that MGA "fraudulently concealed the bases for Mattel's claim of intentional interference with contract against it until at least April 27, 2002."[19]  Later, after Phases 1A and 1B of the trial (and after more briefing), Judge Larson ruled that MGA's laches affirmative defense did not bar any of Mattel's claims.

> Because the Court has already found that <u>all the claims</u> asserted against the MGA parties were filed within the applicable limitations periods, the Court starts with the presumption that laches is inapplicable.  [¶]  Mattel has not delayed in bringing its claims against the MGA parties. The Court has already found, based on the undisputed evidence, that Mattel had no reason to know of its claims against Bryant until November 23, 2003, and that it had no

---

[18]  Zeller Dec., Ex. 8 (May 27, 2008 Order at 8-9).  <u>See also</u> <u>id.</u>, Ex. 10 (Court's Final Pre-Trial Conference Order For Phase 1 Trial, dated June 7, 2008, at 6 (with regard to "the new claims asserted on November 20, 2006, the Court ruled that <u>all claims</u> (except the copyright claim, upon which the Court found it unnecessary to rule) related back to the filing of Mattel's complaint against Carter Bryant in April, 2004.") (emphasis added).  After further briefing and argument on this issue, Judge Larson also granted Mattel's motion on the timeliness of its copyright infringement claims, stating in part:

> [I]t is uncontroverted that Mattel did not receive copies of the Bratz drawings prior to November 23, 2003 [and since w]ithout the <u>drawings</u>, Mattel could not assess the substantial similarity factor to determine whether it could assert a claim that the Bratz <u>dolls</u> infringed Mattel's rights to them . . . on the undisputed record, the Court concludes that Mattel's copyright claim did not accrue prior to November 23, 2003 [and t]herefore when first asserted on November 20, 2006, Mattel's copyright claim was timely in its own right.

Zeller Dec., Ex. 9 (Further And Final Order Re Statute Of Limitations Defense, dated June 2, 2008, at 4) (emphasis in original).

[19]  Zeller Dec., Ex 11 (Phase B Verdict Form As Given, dated August 26, 2008). The jury similarly found that MGA "fraudulently concealed the bases for Mattel's claim of conversion against it until at least April 27, 2001." <u>Id.</u>

knowledge of its claims against MGA and Larian until Bryant was deposed approximately a year later on November 4, 2004. . . . [Accordingly,] the Court finds in favor of Mattel as to the affirmative defense of laches.[20]

## Argument

### I. THE APPLICATION SEEKS NON-RELEVANT INFORMATION ON AFFIRMATIVE DEFENSES PREVIOUSLY REJECTED IN THIS ACTION

By its Application, MGA seeks the issuance of letter requests for foreign discovery from an individual and entities in Hong Kong that it urges may support its purported statutes of limitations and laches affirmative defenses to Mattel's trade secret misappropriation claim. MGA's application makes much of the fact that Mattel has asserted numerous claims for misappropriation of trade secrets, but fails to mention that the discovery it seeks here from the 2003 time period could only relate to the trade secret claim as it pertains to the theft of the information and designs relating to Bratz that Carter Bryant disclosed to MGA. Specifically, MGA seeks: (1) deposition testimony and documents from attorney Danny Yu and his related law firms relating to communications between Mattel and Yu from August 1, 2003 through November 20, 2003; and (2) from the Hong Kong office of law firm Bird & Bird, the original and copies of a fax sent from Bird & Bird to Mattel's counsel on September 23, 2003.[21]

Although this fax document has already been produced in this action, MGA speculates, without support, that it is possible that some part of the fax transmission was not included in this production.[22] Because the Court has

---

[20] Id., Ex. 12 (Order Finding In Favor Of Mattel As To The MGA Parties' Affirmative Defenses, et al., dated December 3, 2008, at 3-4) (citation omitted) (emphasis added).
[21] Application at 3-5.
[22] Id. at 4.

1   previously (and repeatedly) rejected the viability of MGA's affirmative defenses,
2   and indeed specifically rejected MGA's argument about the fax, none of this
3   information can be relevant to any issue currently in dispute in this action.  Indeed,
4   allowing the discovery would be contrary to the Court's prior Orders in this action
5   granting Mattel partial summary judgment and rejecting MGA's laches defense.

6          MGA correctly notes that an action for misappropriation of trade
7   secrets in California "must be brought within three years after the misappropriation
8   is discovered or by the exercise of reasonable diligence should have been
9   discovered."  Cal. Civ. Code § 3426.6.  MGA's subsequent arguments, however, are
10  founded on a fatally flawed application of the rule to this case.  MGA asserts that
11  November 20, 2006 is the proper reference date for determining whether the trade
12  secret claim was timely brought.[23]  This contention has been repeatedly rejected by
13  Judge Larson.  As early as January 2007, the Court indicated that each of Mattel's
14  claims set forth in its November 20, 2006 first amended answer and counterclaims--
15  including its trade secrets claim--related back to the filing of Mattel's original
16  complaint on April 27, 2004.[24]  Judge Larson reiterated this ruling on relation-back
17  repeatedly over the course of the substantial briefing and several hearings
18  addressing MGA's statute of limitations defense.[25]  In addition, he considered and
19  rejected MGA's purported laches defense.[26]

---

[23]   See Application at 3.
[24]   Zeller Dec., Ex. 1 (January 12, 2007 Order at 13-14).
[25]   Id., Ex. 8 (May 27, 2008 Order at 8-9 ("[The] claims against MGA sought to be asserted by Mattel on November 20, 2006, which arise out of the same factual allegations as do the claims asserted by Mattel against Carter Bryant on April 27, 2004, relate back to the date that complaint was filed."); see also id., Ex. 10 (June 7, 2008 Final Pre-Trial Conference Order at 6 (with regard to "the new claims asserted on November 20, 2006, the Court ruled that <u>all claims</u> (except the copyright claim, upon which the Court found it unnecessary to rule) related back to the filing of Mattel's complaint against Carter Bryant in April, 2004.") (emphasis added); id., Ex. 12 (December 3, 2008 Order ("the Court has already found that <u>all the claims</u>
    (footnote continued)

As such, under the Court's prior Orders on the affirmative defenses, Mattel's claim is timely unless there is evidence that it knew of or should reasonably have discovered the basis for its claim prior to April 27, 2001. As the Court concluded, there is no evidentiary basis to support such a finding; Judge Larson unambiguously found that Mattel had no basis to know of its claims against Carter Bryant until November 23, 2003 at the earliest, and did not have knowledge of its claims against MGA until nearly a year later, on November 4, 2004, when Bryant was deposed.[27] Nor, in any event, does any of the discovery sought by MGA related to the pre-April 27, 2001 time period. The discovery requested by MGA is thus irrelevant.

Courts maintain discretion whether to issue a letter of request for assistance in obtaining discovery from a foreign court. Asis Internet Services v. Optin Global Inc., 2007 WL 1880369, *3 (N.D. Cal. June 29, 2007). "Ultimately, a court's decision whether to issue a letter rogatory requires an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure," including Rule 26. Id. Under Rule 26(b), parties are granted a broad scope of discovery, but the discovery sought must be "relevant to [that] party's claim or defense." Fed. R. Civ. P. 26(b)(1); see Asis Internet Services, 2007 WL 1880369, *3 (citing Rule 26(b)(1) in rejecting request to issue letter of assistance under Rule 28(b) as it was not reasonably calculated to lead to the discovery of admissible evidence).

---

asserted against the MGA parties were filed within the applicable limitations periods")).
   [26] Id., Ex. 12 (December 3, 2008 Order at 3-4).
   [27] Zeller Dec., Ex. 12 (December 3, 2008 Order at 3). By the same reasoning, statements by MGA set forth in its proposed Letters of Request (Exhibits 1 and 2 to the Application) asserting the relevance of information showing Mattel's knowledge of its trade secrets claim before November 20, 2003 is equally without merit. See e.g., Application, Ex. 1 at 5; Ex. 2 at 5.

Here, MGA cannot show that the information it seeks, as specified in the Application, can have any relevance to its purported statute of limitations or laches affirmative defenses, or to any other issue in this case. As noted above, MGA seeks deposition testimony and documents about communications between Mattel and others relating to the Hong Kong litigation that go no further back than August 2003. Even assuming such information somehow did show knowledge by Mattel of its Bratz trade secrets claim at this time, it would be of no consequence, as August 2003 is well within the limitations period applicable to this claim under Judge Larson's relation-back rulings.

Moreover, Judge Larson, in his May 27, 2008 Order, has already had occasion to consider the relevance of several of the documents from the Hong Kong proceedings that MGA offers to support its Application.[28] Indeed, Judge Larson has previously, and harshly, criticized MGA for making the same speculative arguments it makes here:

> More disturbingly, however, counsel for MGA next lobbed unsubstantiated assaults on [Mattel's in-house attorney's] truthfulness. Counsel states that the [Bird & Bird fax] documents "appear to have been doctored or manipulated in some fashion." Counsel does so because the fax itself has an anomalous pagination in the fax header line wherein the first ten pages are numbered "01, 02 . . . 10," and the numbers thereafter are numbered "11//46, 12/46 . . . 46/46." [¶] This Court has indicated on a number of occasions . . . that it will not countenance unsubstantiated dispersions cast upon opposing counsel. Where there is *evidence* of unethical behavior, the Court expects to be made aware of that evidence; where, however, there is mere *speculation* of such behavior, no legitimate purpose is served by its airing.[29]

---

[28] Zeller Dec., Ex. 8 (May 27, 2008 Order at 3).
[29] Id. (emphasis in original).

1  The Court having considered these documents and ruled in Mattel's favor on the
2  statute of limitations and laches issues, the discovery requested by MGA can have
3  no relevance now.[30]

4      MGA seeks to burden a foreign court and third parties to obtain
5  information that can have no bearing on the issues in dispute in this action. The
6  Discovery Master should reject this request for assistance which, on its face, seeks
7  non-relevant information to support defenses that have previously been rejected by
8  Judge Larson and that are inconsistent with prior Court rulings. Cf. Asis Internet
9  Services, 2007 WL 1880369, *3-4 (denying request under Rule 28(b), noting that "it
10 appear[ed] that this discovery request is a wholly exploratory operation.") (citations
11 omitted).

## II. ASPECTS OF THE LETTERS OF REQUEST ARE OBJECTIONABLE

    The form of the proposed Letters of Request attached as Exhibits to the Application are objectionable for further reasons. The proposed language in the Letters purports to obligate the Court to "reimburse the High Court of the Hong Kong Special Administrative Region Court of First Instance for costs incurred in executing the Letter of Request."[31] MGA cites no authority, and provides no explanation, to justify such an imposition on the Court. Indeed, the prior Letters of Request approved by the Discovery Master called for reimbursement by the party seeking discovery.

    Mattel also objects to the repeated assertions that requested information purportedly showing Mattel's knowledge of its trade secret claim prior to

---

[30] The other documents relied upon by MGA stemming from the Bill of Costs proceedings in the Hong Kong action are similarly unavailing. Since, by MGA's own reckoning, these documents point to communications with Mattel no earlier than August 2003, given that the trade secret claim relates back to April 2004, this information could have no relevance to any purported statute of limitations defense.

[31] Application, Ex. 1 at 10 and Ex. 2 at 8.

November 20, 2003 may be relevant to bar this claim under the applicable statute of limitations. As discussed above, this contradicts prior Orders of the Court specifically holding the contrary, including both the relation back rulings and the Court's unambiguous conclusions that "Mattel had no reason to know of its claims against Bryant until November 23, 2003, and that it had no knowledge of its claims against MGA and Larian until . . . November 4, 2004" and that "all the claims asserted against the MGA parties were filed within the applicable limitations periods." [32]

### Conclusion

For the foregoing reasons, MGA's application requesting assistance to obtain the specified foreign discovery from Danny K.H. Yu and Bird & Bird should be denied.

DATED: September 14, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel. Inc.

---

[32] Zeller Dec., Ex. 12 (December 3, 2008 Order at 3).