# EXHIBIT 3

EXHIBIT ___3___
PAGE ___53___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.     CV 04-09049 SGL(RNBx)                              Date: April 25, 2008
Title:       CARTER BRYANT -v- MATTEL, INC.

Consolidated With Related Actions:
CASE NO. CV 04-09059 SGL(RNBx): MATTEL, INC., v. CARTER BRYANT,
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC., v. MATTEL, INC.,
===============================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

         Jim Holmes
         Courtroom Deputy Clerk

ATTORNEYS PRESENT FOR CARTER BRYANT:        ATTORNEYS PRESENT FOR MATTEL:

None Present                                 None Present


ATTORNEYS PRESENT FOR MGA AND
ISAAC LARIAN:

None Present

**PROCEEDINGS:**   **ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT (IN CHAMBERS)**

       This matter is before the Court on the parties' motions for partial summary judgment. The motions were heard on April 22, 2008, and the Court has set the motions for further hearing on May 19, 2008, at 1:30 p.m. As set forth below, the Court rules on a number of issues presented by the motions for partial summary judgment and reserves ruling on other issues until after further hearing on the motions for partial summary judgment and, in the case of MGA's affirmative defenses, until after the Phase 1 trial.

       The parties have made hundreds of objections to evidence offered in support of and in opposition to the motions for partial summary judgment. Although counsel for Bryant requested

MINUTES FORM 90                                                    Initials of Deputy Clerk: jh
CIVIL -- GEN                            Page 1

EXHIBIT ___3___
PAGE ___59___

explicit rulings on the objections raised by Bryant, the Court declines to do so. To the extent that this Order necessarily relies on evidence subject to any party's objections, the objections are implicitly overruled.

## PREEMPTION

MGA and Bryant seek summary judgment in their favor as to Mattel's claims for intentional interference with contractual relations, conversion, and unfair competition, arguing that these claims are preempted by the Copyright Act. They are partially correct.

A state law is preempted by the Copyright Act where (1) the work at issue comes within the subject matter of copyright, and (2) the state law rights are "equivalent to rights within the general scope of copyright[.]" Del Madera Properties v. Rhodes and Gardner, Inc., 820 F.2d 973, 977 (9th Cir.1987). "If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th Cir. 2005). Generally the Copyright Act does not preempt the enforcement of contractual rights. Id.

As to the first element, the intentional interference with contractual relations claim addresses generally an issue within the subject matter of copyright -- the underlying wrong upon which the claim is premised is Mattel's deprivation of rights to intellectual property.

As to the second element, it is clear that the tort of intentional interference with contractual relations is neither categorically preempted or categorically saved from preemption; rather, the Court must engage in a determination of whether the substance of the tort claim differs qualitatively from the copyright claim at issue. Compare Altera, 424 F.3d at 1089 (holding that a intentional interference claim was not preempted because it was based not on copyrights but on a contractual provision) with Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134, 1144 (9th Cir. 2006) (holding preempted a singer's voice misappropriation claim was not qualitatively different from her copyright claim).

Here, to the extent that the tortious interference is premised upon MGA's alleged interference with any copyrights that Mattel may have under the Inventions Agreement, it is preempted. Such a claim is not qualitatively different from Mattel's copyright claim. However, to the extent that the claim is based on MGA's acts that may be found to have aided and abetted the breach or induced the breach of Bryant's fiduciary duty, the claim is not preempted. That claim is qualitatively different from Mattel's copyright claim.

Therefore, the tortious interference with contractual relations is preempted to the extent that it is based on Mattel's rights to Bratz. It is not preempted as to Mattel's claims for breach of fiduciary duty.

The parties' arguments regarding the conversion claim address two distinct issues: Conversion of ideas and conversion of tangible things. The Court addresses each in turn.

EXHIBIT ___3___
PAGE ___55___

Both sides acknowledge, as this Court certainly agrees, that one cannot copyright an idea. Thus, it would seem, a claim for conversion of ideas is not subject to preemption because it is not "within the subject matter of copyright." Del Madera, 820 F.2d at 977. MGA argues that ideas are not subject to a claim of conversion, to which Mattel responds that such rights in ideas may be created by contract. Mattel relies on Desny v. Wilder, 46 Cal.2d 715, 733 (1956) which, remarkably, so holds. However, that case does not support the proposition that a breach of such rights may be remedied by the tort claim of conversion rather than a breach of contract claim. The law in California regarding the tort of conversion's applicability to ideas remains the same today as in 1956: "The tort of conversion does not apply to ideas." Melchior v. New Line Productions, Inc., 106 Cal.App.4th 779 (2003). Therefore, although this claim is not preempted, it is not actionable as a tort claim. Accordingly, summary judgment in favor of MGA and Bryant is granted as to this particular claim.

Mattel also argues that its conversion claim is not preempted to the extent that it seeks the return of tangible things, most notably the original Bratz drawings. This claim is "within the subject matter of copyright," but the state rights go beyond the rights protected by the Copyright Act by allowing for the return of property.

At oral argument, counsel for MGA argued that Mattel seeks the rights that the drawings represent, not the "paper and ink" of which those drawings are comprised. Mattel disagreed with that interpretation, noting that it seeks the return of the original drawings and certain sculpts to which it may have rights under the Inventions Agreement.

The items to which Mattel lays claim are not like the manuscript at issue in Dielsl v. Falk, 916 F.Supp. 985, 992 (C.D. Cal. 1996), or the government documents at issue in Idema v. Dreamworks, Inc., 162 F.Supp.2d 1129, 1192-93 (C.D. Cal. 2001), both of which had value merely for their ability to hold and convey their contents. Rather, the materials Mattel seeks are works of art that may have value apart from the copyrights they represent or the "paper and ink" and other materials of which they are comprised. Given the role of the drawings and sculpts in developing a new, commercially successful line of fashion dolls, and given the role of these items in the present litigation, the Court discerns a possible inherent value to the materials themselves.

MGA and Bryant also pressed at oral argument that Mattel had not advanced such a claim for return of tangible items. The Court disagrees. Citing to its Complaint at ¶ 157, Mattel contends it has long sought the return of tangible items.[1] An examination of Mattel's claim for conversion reveals that it encompasses such a claim. Therefore, the conversion claim seeking the return of tangible items is not preempted. MGA and Bryant's motions for summary judgment on this issue are therefore denied.

To the extent that Mattel's statutory unfair competition claim, discussed more fully below, is

---

[1] From a review of the record, it is clear to the Court that Mattel intended to cite ¶ 157 of its Amended Answer and Counterclaims, not its Complaint.

EXHIBIT     3
PAGE        56

based on copyright infringement, it is preempted, and the Court grants summary judgment in favor
of MGA on this issue.

## STATUTE OF LIMITATIONS

The Court heard argument at length on the statute of limitations issue. Although it is not
entirely clear, it appears to the Court from the hearing and from MGA's Rule 56(f) affidavit, that
there remain outstanding discovery matters that may have the potential, if resolved in MGA's
favor, to factor into the inquiry into the determination of the date of the accrual of any claims
against Bryant and/or MGA. Accordingly, the Court defers ruling on the issue of statute of
limitations at this time.

## INVENTIONS AGREEMENT

The Court addressed many issues of the enforceability of the Employee Confidentiality and
Inventions Agreement in its July 17, 2006, Order. The Court finds no good reason to revisit or
revise that Order.

Bryant argues that the Inventions Agreement is ambiguous on the issue of whether it
covered anything other than "inventions" as that term is used in patent law. Here, Bryant was a
fashion designer. He signed an agreement that assigned his "inventions" to Mattel. "Inventions"
is defined by the agreement to include "designs," which was undeniably the focus of Bryant's
employment with Mattel. In addition to assigning all rights to Bryant's "inventions" (i.e., "designs")
to Mattel, the agreement also assigned to Mattel "all [Bryant's] right, title, and interest in any . . .
copyrights . . . and copyright applications based [on those inventions]".

In order to conclude that the Inventions Agreement is ambiguous on the issue of whether it
would include any copyrightable drawings or doll designs developed by an employee, the Court
would have to read out of the agreement explicit terms assigning to the employer the rights to
"designs," "copyrights," and "copyright applications." The Court is required to read the contract as
a whole and, where possible, give effect to all its terms. Cal. Civ. Code § 1641 ("The whole of a
contract is to be taken together, so as to give effect to every part, if reasonably practicable, each
clause helping to interpret the other."). To accept the interpretation advanced by Bryant, the Court
would have to disregard this bedrock principle of contract construction by ignoring an explicit
assignment by the employee to the employer of copyrights. The interpretation advanced by
Bryant is therefore not reasonable, and the Court finds that the Inventions Agreement is not
ambiguous on the issue of its scope with respect to copyrightable materials.

The Inventions Agreement explicitly conveys to Mattel an employee's interest in any
copyrights or copyright applications. Assuming copyrightability and the resolution of certain (as
yet unresolved) issues of timing of creation and/or alteration in Mattel's favor, the original Bratz
drawings clearly fall within the scope of the Inventions Agreement.

Moreover, the Inventions Agreement incorporates, and therefore does not violate, Cal.

EXHIBIT ___3___
PAGE ___57___

Labor Code § 2870. Pursuant to that statute (and its incorporation in the Inventions Agreement), because the subject matter at issue -- the Bratz dolls -- relate to Mattel's business of marketing fashion dolls, the factual question of whether Bryant worked on them on his own time, rather than during his working hours at Mattel, is not relevant.

MGA argues that contracts of adhesion are unenforceable if they are either outside the scope of the parties' expectations or they are substantively unconscionable. The Court previously determined that the Inventions Agreement was not substantively unconscionable, and now determines that it is not outside the scope of the parties' expectations. As noted above, Bryant was a designer, and the plain language of the Inventions Agreement assigns his "designs" to his employer. Objectively, therefore, it would not be surprising that Mattel would lay claim to Bryant's rights to any doll or doll fashions he designed during the period of his employment with Mattel. Moreover, undisputed evidence establishes that Bryant's subjective understanding of the contract was that it transferred at least some of his rights to Mattel.

Bryant also argues that his actions went no further than lawful preparations to compete with his employer. The undisputed facts, however, tell a different story: Bryant directly competed with Mattel by entering into a contract with its competitor to produce a competing product while still employed by Mattel.

The Court grants summary judgment in favor of Mattel on the issue of the enforceability of the Inventions Agreement and the issue of applicability of the Inventions Agreement to any Bratz-related "inventions" (including any designs, improvements, ideas, concepts, and copyrightable subject matter) that he is found to have created during the period of his employment with Mattel.

### DUTY OF LOYALTY AND FIDUCIARY DUTY

Carter Bryant, like all other California employees, owed a duty of loyalty to Mattel while employed there. See Cal. Labor Code § 2863. The undisputed facts establish that he breached this duty by entering into a contract with Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products. See Huong Que, Inc. v. Luu, 150 Cal.App.4th 400, 414 (2007) ("The duty of loyalty is breached, and the breach may give rise to a cause of action in the employer, when the employee takes action which is inimical to the best interests of the employer.") (internal quotation marks and citation omitted).

Bryant also owed a fiduciary duty to Mattel by virtue of the language set forth in ¶ 1(a) of the Inventions Agreement. Id. ("The value of the Proprietary Information depends on it remaining confidential. The Company depends on me to maintain that confidentiality, and I accept that position of trust."). Under California law, a confidential relationship that gives rise to a fiduciary duty is created "where a confidence is reposed by one person in the integrity of another, and . . . the party in whom the confidence is reposed . . . voluntarily accepts or assumes to accept the confidence . . . ." City Solutions, Inc. v. Clear Channel Communications, Inc., 201 F.Supp.2d 1048, 1050-51 (N.D. Cal. 2002). The Inventions Agreement imposed such a duty on Bryant.

EXHIBIT __3__
PAGE __58__

At the hearing on this matter, counsel contended that a required element for imposing a fiduciary duty -- that the party with the duty be in a superior position to the party to whom the duty is owed -- was missing.  That element is described as follows: "[T]he essence of a fiduciary or confidential relationship is that the parties do not deal on equal terms, because the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party."  City Solutions, Inc. v. Clear Channel Communications, Inc., 201 F.Supp.2d 1048, 1050 (N.D. Cal. 2002) (internal quotation marks and citation omitted).  The "superior position" to which California courts refer in this context is not superior bargaining power -- a position on which Mattel would apparently have the edge -- but rather it refers to a superior position vis-à-vis the duty imposed.  Here, because the duty imposed upon Bryant was essentially to police his own actions by maintaining Mattel's confidentiality and communicating his own "inventions" to Mattel, Bryant was "in a superior position to exert unique influence over" Mattel because he was in the best position, arguably the only one in a position, to know of and police his actions.

As with the duty of loyalty, the undisputed facts establish that Bryant breached his fiduciary duty to communicate his inventions to Mattel when, rather than doing so, he secretly entered into a contract with Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products.

Accordingly, the Court grants Mattel's motion for summary judgment on the issues of the existence and breach of the duty of loyalty.  The Court grants Mattel's motion for summary judgment and denies Bryant's motion for summary judgment on the issue of the existence and breach of a fiduciary duty.

In its motion, MGA argued that there can be no liability for aiding and abetting a breach of fiduciary duty in the absence of a fiduciary duty.  Because the Court has rejected this argument, the Court denies MGA's motion for summary judgment on this issue.

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

MGA moved for summary judgment as to Mattel's claim for intentional interference with contractual relations.

The elements of a claim for intentional interference with contractual relations are stated as (1) a valid contract between a plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.  Family Home & Finance Center, Inc. v. Federal Home Loan Mortg. Corp., 461 F.Supp.2d 1188, 1193 (C.D. Cal. 2006) (citing Pac. Gas & Elec. Co. v. Bear Stearns Co., 50 Cal.3d 1118, 1126 (1990)).

The undisputed facts show that the first, third, and fifth elements are met.  Mattel has raised a triable issue of fact as to the second.  The fourth element may be resolved after the

EXHIBIT    3
PAGE       59

Court's further hearing on the motions for partial summary judgment. The Court therefore defers ruling on this issue.

## UNFAIR COMPETITION

MGA and Bryant's motions are granted in part and denied in part as to Mattel's unfair competition claims.

Mattel's statutory unfair competition claim, brought pursuant to Cal. Bus. & Profs. Code § 17200, survives summary judgment because Mattel has raised a triable issue of fact as to whether MGA tortiously interfered with Bryant and Mattel's contractual relationship and whether MGA engaged in commercial bribery.

However, two bases for this claim are foreclosed at this time. To the extent that the § 17200 claim is based on copyright infringement, it is preempted. To the extent that it is based on unfair conduct, summary judgment in favor of MGA is granted because the articulated unfair conduct does not approximate an antitrust violation that threatens competition. See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 186-87 (1999).

As to Mattel's common law unfair competition claim, summary judgment in favor of MGA and Bryant is granted. This claim is not, as it must be, based on the act of passing off another's goods as one's own. See Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1153 (9th Cir. 2008) (citing Bank of the W. v. Superior Court, 2 Cal.4th 1254 (1992)).

## UNJUST ENRICHMENT

Because Mattel failed to oppose this portion of Bryant's motion, the Court grants Bryant's motion for partial summary judgment on the issue of unjust enrichment.

## AFFIRMATIVE DEFENSES

Mattel seeks summary judgment as to many of the affirmative defenses asserted by the MGA entities and Carter Bryant. Most of these defenses are essentially equitable in nature, and therefore the Court **DEFERS RULING** on them until after trial. Specifically, the Court **DEFERS RULING** on the affirmative defenses of abandonment, acts and omissions of others, acquiescence, consent, estoppel, failure to mitigate, laches, unclean hands, and waiver until after trial.

For the reason set forth above in a separate section, the Court defers ruling on Mattel's motion as to the statute of limitations defense.

The final affirmative defense is based on 17 U.S.C. § 205(d). With this affirmative defense, MGA essentially contends that it is a bona fide purchaser for value of the Bratz copyrights which

EXHIBIT    3
PAGE    60

took the rights in good faith and without notice of any prior transfer of the rights therein to Mattel. As the issue is argued by the parties, the Court would be required to determine the legal issue of whether MGA's registration of the copyrights as an "assignment" constitutes "constructive notice" in the manner required to give MGA the protection of 17 U.S.C. § 205(d).  In the Court's view, this is a complex legal issue that is not thoroughly addressed by the parties' briefs. Moreover, the Court notes that a trial on the merits is likely to resolve the less complex factual issue of whether MGA acted in good faith and without notice of an earlier assignment of rights.  Accordingly, the Court **DEFERS RULING** on this issue until after the Phase 1 trial.

* * * *

The Court will consider a number of remaining issues at the further hearing on these motions, set for May 19, 2008.  Specifically, referencing the parties' Notices of Motion, the Court will consider the following issues:

Mattel's motion:  Issue (2)(c), whether there is a factual dispute regarding the timing of certain drawings and a dummy model; issue (3), whether the first-generation Bratz dolls are substantially similar to seventeen drawings and a doll sculpt drawing or blueprint created by Bryant and whether those are original, protectable works of expression; issue (5), whether MGA and Larian are liable for aiding and abetting Bryant's breaches of the duty of loyalty and fiduciary duty; and issue (6)(a) whether Mattel is entitled to summary judgment as to the affirmative defense of statute of limitations.

Bryant's motion:  Whether Bryant is entitled to summary judgment as to Mattel's claim for copyright infringement; whether Bryant is entitled to summary judgment as to Mattel's breach of contract claim; and whether Bryant is entitled to summary judgment on any portion of his claim for declaratory relief.

MGA's motion:  Whether Mattel's claims are time barred; and whether the fourth element of intentional interference with contractual relations -- actual breach or disruption of the contractual relationship -- can be resolved on summary judgment.

Except for any updates from any party regarding the outstanding discovery matters that may be relevant to the statute of limitations, these issues are considered by the Court to be fully briefed.  Any supplemental briefs by the parties on any issue other than the statute of limitations will be stricken by the Court.  Any supplemental filings regarding the statute of limitations issue shall be limited to addressing the status of outstanding discovery issues and/or recently produced evidence.

**IT IS SO ORDERED.**

EXHIBIT ___3___
PAGE ___61___

## NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx)   **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Minute Order of April 25, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

**Name:** Ambassador Pierre-Richard Prosper

**Firm:**

**Address** (include suite or floor): P.O. Box 581103

Salt Lake City, UT 84158

**\*E-mail:** Prosper.Pierre@Arentfox.com

**\*Fax No.:**

\* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |

**Initials of Deputy Clerk** jh

EXHIBIT ___3___
PAGE ___62___

## NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx)      **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document** Minute Order of April 25, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | |
| BAP (Bankruptcy Appellate Panel) | |
| Beck, Michael J (Clerk, MDL Panel) | |
| BOP (Bureau of Prisons) | |
| CA St Pub Defender (Calif. State PD) | |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | |
| Case Asgmt Admin (Case Assignment Administrator) | |
| Catterson, Cathy (9th Circuit Court of Appeal) | |
| Chief Deputy Admin | |
| Chief Deputy Ops | |
| Clerk of Court | |
| Death Penalty H/C (Law Clerks) | |
| Dep In Chg E Div | |
| Dep In Chg So Div | |
| Federal Public Defender | |
| Fiscal Section | |
| Intake Section, Criminal LA | |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | |
| PIA Clerk - Los Angeles (PIALA) | |
| PIA Clerk - Riverside (PIAED) | |
| PIA Clerk - Santa Ana (PIASA) | |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |
| Statistics Clerk | |

| | |
|---|---|
| US Attorneys Office - Civil Division -L.A. | |
| US Attorneys Office - Civil Division - S.A. | |
| US Attorneys Office - Criminal Division -L.A. | |
| US Attorneys Office - Criminal Division -S.A. | |
| US Bankruptcy Court | |
| US Marshal Service - Los Angeles (USMLA) | |
| US Marshal Service - Riverside (USMED) | |
| US Marshal Service -Santa Ana (USMSA) | |
| US Probation Office (USPO) | |
| US Trustee's Office | |
| Warden, San Quentin State Prison, CA | |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor): Two Embarcadero
Center, Suite 1500, San Francisco, CA  94111

*E-mail:

*Fax No.:

* For CIVIL cases only

*JUDGE / MAGISTRATE JUDGE (list below):*

Initials of Deputy Clerk jh

EXHIBIT 3
PAGE 63

EXHIBIT 3
PAGE 63

# EXHIBIT 4

EXHIBIT ___4___
PAGE ___64___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.     CV 04-09049 SGL(RNBx)                          Date:  May 21, 2008
Title:         CARTER BRYANT -v- MATTEL, INC.

<u>Consolidated With Related Actions</u>:
CASE NO. CV 04-09059 SGL(RNBx):  MATTEL, INC.,  v. CARTER BRYANT,
CASE NO. CV 05-02727 SGL (RNBx): MGA ENTERTAINMENT, INC., v. MATTEL, INC.,
=============================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                              Theresa Lanza
            Courtroom Deputy Clerk                  Mark Schweitzer
                                                    Court Reporters

<u>ATTORNEYS PRESENT FOR CARTER BRYANT</u>:     <u>ATTORNEYS PRESENT FOR MATTEL</u>:

Christa M. Anderson                          John B. Quinn
Matthew M. Werdegar                          Michael T. Zeller
                                             Jon D. Corey

<u>ATTORNEYS PRESENT FOR MGA</u> <u>AND</u>
<u>ISAAC LARIAN</u>:

Thomas J. Nolan
Jason D. Russell

**PROCEEDINGS:   ORDER RE MOTION FOR RECONSIDERATION**

**ORDER RE THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Initials of Deputy Clerk:  jh
Time:  2/52

EXHIBIT ___4___
PAGE ___65___

This matter is before the Court on the parties' motions for partial summary judgment and Carter Bryant's and MGA's motion for reconsideration.[1]  The motions were heard on April 22, 2008, and again on May 19, 2008.  On April 25, 2008, the Court issued an order granting in part, denying in part, and deferring in part the motions for partial summary judgment.

The Court now issues the following further rulings regarding the motions for partial summary judgment and the motion for reconsideration.

## MOTION FOR RECONSIDERATION

The motion for reconsideration is based on the new California Supreme Court case of <u>City of Hope Nat'l Medical Center v. Genentech, Inc.</u>, 43 Cal. 4th 375 (2008).  After fulling considering <u>City of Hope</u>, however, the Court finds that the case has little applicability to the present case and does not compel a conclusion regarding the existence of a fiduciary duty contrary to that reached by the Court.

<u>City of Hope</u> addresses whether a fiduciary duty can arise (or fail to arise) by <u>operation of law</u> due to the existence of confidential contractual relationship.  At issue in this case is whether the parties' agreement itself created a fiduciary duty.  Under California, these two situations that may give rise to a fiduciary duty -- operation of law or agreement -- are distinct, and California courts have long distinguished between the two.  Despite this clear distinction, Carter Bryant's partial summary judgment papers conflated these principles, as does the motion for reconsideration.

Related to these distinct legal concepts, there is a crucial factual difference between the present case and <u>City of Hope</u>.  The contract at issue in <u>City of Hope</u> did not contain any language that even arguably gave rise to a fiduciary duty.  In contrast, the contract at issue here, for the reasons set forth in the Court's April 25, 2008, Order, sets forth language that does give rise to such a duty.

MGA contends that this Court committed reversible error by holding that the language set forth in ¶ 1(a) of the Inventions Agreement created a fiduciary duty.  <u>City of Hope</u>, MGA contends, held that "the entrusting of secret or confidential information to another 'does not compel the imposition of fiduciary duties by operation of law.'"  Motion at 6 (quoting <u>City of Hope</u>).  As alluded to above, this argument, as well as the other two raised by MGA in the motion, overlooks both the differing contractual language in <u>City of Hope</u> and the present case, as well as the related legal distinction regarding the creation of fiduciary relationships.  Factually, the Inventions Agreement

---

[1]  At the hearing, upon representation of settlement between Mattel and Carter Bryant, and pursuant to the stipulation between Mattel and Carter Bryant, the motion is moot as to Carter Bryant.  However, the Court considers the motion because MGA has joined in the motion on the issue of fiduciary duty.  As set forth on the record, because the claims against Carter Bryant have been dismissed, the Court treats MGA as the moving party.

EXHIBIT     4
PAGE       66

did more than merely entrust Bryant with confidential information; rather, as noted in the Court's first summary judgment Order, the Inventions Agreement explicitly conferred upon Bryant, and Bryant explicitly agreed to accept, a "position of trust" vis-à-vis that confidential information. No such explicit undertaking is found in the agreement at issue in City of Hope, the relevant portions of which are set forth in the California Supreme Court opinion.

On that note, the portion of City of Hope upon which MGA relies to support its argument addresses when a fiduciary relationship arises by operation of law. This argument is merely a continuation of Bryant's conflation, first appearing in Bryant's moving and opposition summary judgment papers, of fiduciary relationships that are created by contract and those that arise as a matter of law. The Court's summary judgment holding clearly rests on the former; the arguments raised on reconsideration are premised on the latter. Compare City Solutions, Inc. v. Clear Channel Communications, Inc., 201 F.Supp.2d 1048, 1050-51 (N.D. Cal. 2002) (cited by the Court and noting that a confidential relationship that gives rise to a fiduciary duty is created "where a confidence is reposed by one person in the integrity of another, and . . . the party in whom the confidence is reposed . . . voluntarily accepts or assumes to accept the confidence . . . .") with City of Hope, 43 Cal.4th 375, __, 75 Cal. Rptr.3d 333, 347 (relied on by Bryant for the proposition that the entrusting of confidential information "does not compel the imposition of fiduciary duties by *operation of law*") (emphasis added).

Although the majority of the motion for reconsideration is unmeritorious, it raises important issues, which the Court must address, regarding the scope of the fiduciary duty created, as well as the breach thereof.

Although the parties argued at length as to whether the Inventions Agreement gave rise to a fiduciary duty, they did not focus on the scope of the fiduciary duty that was created. As noted in the Court's April 25, 2008, Order, the Court held Bryant had undertaken such a duty:

> Bryant . . . owed a fiduciary duty to Mattel by virtue of the language set forth in ¶ 1(a) of the Inventions Agreement. Id. ("The value of the Proprietary Information depends on it remaining confidential. The Company depends on me to maintain that confidentiality, and I accept that position of trust.").

April 25, 2008, Order at 5.

The Court also concluded that Bryant had breached that duty:

> [T]he undisputed facts establish that Bryant breached his fiduciary duty to communicate his inventions to Mattel when, rather than doing so, he secretly entered into a contract with Mattel's competitor, while still employed by Mattel, to produce a line of fashion dolls to be marketed in direct competition with Mattel's products.

EXHIBIT ___4___
PAGE ___67___

Id. at 6.

Upon re-examination of the Inventions Agreement, however, although the Court can conclude that, as a matter of law, Carter Bryant agreed to undertake a fiduciary duty vis-à-vis Mattel's confidential information, the Court cannot make the same conclusion -- as a matter of law -- regarding whether the fiduciary duty extends beyond Mattel's confidential information.

The language creating the fiduciary relationship appears in the section of the Inventions Agreement related to "Trade Secrets" and "Proprietary Information," and is preceded by language (in the same sentence) that Mattel depends upon employees to "maintain that confidentiality." Just above the signature line of the Inventions Agreement, reference is made again to "IMPORTANT OBLIGATIONS OF TRUST," but that language is clearly meant not to create new obligations, but rather to alert the employee that those obligations are created elsewhere within the agreement.

The question of whether an agreement creates a fiduciary duty is generally a question of fact, although a Court may resolve the question as a matter of law where the relevant facts are uncontroverted. See City Solutions, Inc. v. Clear Channel Communications, Inc., 201 F.Supp.2d 1048, 1051 (N.D. Cal. 2002); GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc., 83 Cal.App.4th 409, 417 (2000).  Here, although the Court concludes as a matter of law that the Inventions Agreement imposed a fiduciary duty as to Mattel's confidential information, it cannot reach a similar conclusion regarding any broader duty based on the undisputed facts.

Accordingly, the Court **VACATES** the above-quoted language from its April 25 Order finding that Bryant breached his fiduciary duty and leaves the determination of whether Bryant's fiduciary duty beyond Mattel's confidential information as an issue for trial.[2]

One more point raised in the motion for reconsideration is worthy of note. Although Carter Bryant has been dismissed from the case, he raised at least one issue in his motion, in which MGA has not joined, that should not pass without comment by this Court.[3]  Clearly, and perhaps understandably, counsel for Carter Bryant were disappointed by the Court's rulings as set forth in the first summary judgment order.[4]

---

[2] The Court also notes that its previous holding necessarily rested on a finding that the materials provided to MGA were indisputably Mattel's property.  As set forth in section I, relating to the summary judgment breach of contract issue, that conclusion cannot be drawn as a matter of law on the undisputed facts, and thus summary judgment may not appropriately be granted.

[3] Upon the Court's expression of concern regarding this issue at the hearing on this matter, counsel for MGA explicitly disavowed any joinder in this part of Bryant's motion.

[4] The Court addresses this part of the Order to counsel because counsel are officers of the Court and authors of the comment at issue.  The Court also references "counsel" in the plural rather than the singular because all counsel -- author, editor, and signatory -- who were involved in this comment bear responsibility therefor.

MINUTES FORM 90
CIVIL -- GEN                                    Page 4

Initials of Deputy Clerk: jh
Time:  2/52

EXHIBIT _____ 4
PAGE _____ 68

However, in addressing what they saw as the deficiencies in the Court's Order, counsel painted with far too broad a brush. Rather than focus the Court's attention on a discrete issue -- or even a number of discrete issues -- counsel resorted to broad language incorporating every argument raised in their summary judgment papers and, without articulated foundation, impugns the integrity of this Court's deliberative process. Nowhere is this more clear than in footnote 7 of the motion for reconsideration; accordingly, the Court's discussion focuses on that portion of the motion, which reads as follows:[5]

> In deciding Mattel's motion for summary judgment, the Court should have applied this standard in Bryant's and MGA's favor. On this issue, and many others, the Court has failed to do so, instead accept Mattel's views of disputed facts and ignoring material factual disputes. Indeed, the Court declined to address objections to evidence, apparently and summarily sustaining all Mattel's objections while denying all Bryant's. Bryant will not reiterate here all of the disputed facts and issues precluding summary judgment in Mattel's favor, which already appear in his (and MGA's) summary judgment briefing and supporting papers.

Motion at 11 n.7.

With this footnote, counsel first takes issue with the Court's application of the summary judgment standard, of which counsel and the Court are well aware. This standard requires the Court to view the evidence in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of the doubt of both any disputes of fact and all reasonable inferences to be drawn from the evidence. Nevertheless, the Court's focus is on *material* facts, and the determination of what constitutes a material fact is shaped by legal rulings made by the Court. Some facts that seem material to the parties under their legal theories become immaterial in light of the Court's rulings that reject those theories.

In footnote 7, counsel misrepresents the Court's treatment of the evidence offered in support of and in opposition to the three motions for partial summary judgment. Bryant states that the Court "apparently summarily sustain[ed] all Mattel's objections [and] den[ied] all Bryant's [evidentiary objections]." Id. However, the Court merely noted that, where a ruling necessarily relied upon evidence to which parties had made objections, the objections thereto were implicitly overruled:

---

[5] Footnote 7, however, is not the only offending portion of the motion for reconsideration. See e.g., Motion at 2 n.1 (referring to "the Order's other errors, including misapplication of the summary judgment standard," stating that those errors "will also require correction," but noting that the motion "does not discuss those flaws in detail"); motion at 9 n.5 (incorporating unspecified portions of his summary judgment briefing).

EXHIBIT  4
PAGE  69

> The parties have made hundreds of objections to evidence offered in support of and in opposition to the motions for partial summary judgment. Although counsel for Bryant requested explicit rulings on the objections raised by Bryant, the Court declines to do so. To the extent that this Order necessarily relies on evidence subject to any party's objection, the objections are implicitly overruled.

April 25, 2008, Order at 1-2. This is a vastly different statement than that made by counsel. Counsel's characterization of the Court's ruling implies that the Court, without inquiry into the merits of Bryant's objections, arbitrarily denied them all. The Court's Order merely recognizes that, by operation of law, to the extent a court relies upon objected-to evidence, and where, as where, the evidence must be admissible to be relied upon for such ruling, any objections raised thereto are implicitly overruled.

In addition to mounting an overly broad -- and baseless -- attack on the integrity of the Court's deliberative process on a grand scale, counsel fail to support the more narrow point they appear to be making in footnote 7. Footnote 7 is appended to text that takes issue with the Court's conclusion that Bryant did nothing more than merely "prepare to compete" with his employer and, thus, in Bryant's view, did not breach his duty of loyalty or fiduciary duty. See Motion at 10.

Although the footnote does not alert the Court to any particular material facts -- disputed or undisputed -- which counsel contend were overlooked by the Court, the text to which the footnote is appended provides valuable clues on this issue. From this text, the Court's attention is directed to Bryant's Opposition at 23-24. The Court notes that the pages of that document refer to no factual contentions; rather, those pages are devoted to legal arguments and conclusions. However, reading further in the opposition, at page 29, the Court finally encounters a citation to the facts upon which counsel rely. They reference "SGI 151" and SGI "154-156".

Although obvious to counsel who practice in this district, and certainly to counsel of record here, to guide the uninitiated, the Court notes that in a summary judgment opposition filed in this Court, "SGI" clearly refers to the "Statement of Genuine Issues" filed by a party opposing a summary judgment motion. See Local Rule 56-2. Referring to that document, found at docket # 2778, one finds that material facts are numbered sequentially, and that "SGI 151" refers to the fact numbered "151." The subsequently cited facts, "154-156," not surprisingly, are found on the page that follows.

Having thus traversed this far to ascertain the material facts upon which counsel relies for its sweeping criticism of the Court's deliberative process, the Court notes those facts below.

Bryant signed the MGA contract on October 4, 2008, and gave notice of his resignation to Mattel the same day. SGI 151. Before Bryant left Mattel, he told various Mattel employees, including managerial employees, that he was going to start his own business as a freelance designer, working on his own doll line as an independent contractor. SGI 154. Mattel's exit interview form for Bryant reflects that during his exit interview, he told Mattel's HR representative,

EXHIBIT _4_
PAGE _70_

Sandy Yonemoto, that he was leaving for a new job as a "business owner" in "illustration/product design" because an "[o]pportunity arose -- had to take it." SGI 155. Bryant did not tell anyone at Mattel that he was leaving Mattel to work with a non-competitor, nor did Mattel inquire. SGI 156.

In accordance with the summary judgment standard, the Court viewed these facts in the light most favorable to Bryant. However, on the "preparations to compete" point, these facts are not material. They relate to the circumstances of his departure; essentially, Bryant's point is that he did not lie to Mattel when he left. Although this may well be true, the circumstances surrounding the announcement of his resignation and the last days of his employment with Mattel tell only part of the story.

Even assuming Bryant gave notice of his resignation to Mattel the same day he signed his contract, it is uncontroverted that he continued working for Mattel after that date; so Bryant's fact, which tends to imply that he made a clean break with Mattel the moment he established a contractual relationship with MGA, becomes immaterial when viewed in connection with the uncontroverted fact that he continued working for Mattel after he signed his MGA contract, as the latter fact neutralizes the implication presented by the former fact when it stood alone. Additionally, notwithstanding the fact that Bryant gave notice of his resignation the same day he signed his contract, the substance of his contract remains the same, including Bryant's agreement to begin working for MGA on a "top priority" basis, as does the undisputed fact that he entered into a contract with Mattel's competitor to produce a competing product while he was still employed by Mattel.

Moreover, the fact that he gave Mattel various descriptions of what he intended to do professionally *in the future*, any one of which might imply that he was leaving to pursue independent interests that would compete with or had a tendency to compete with Mattel, similarly does not detract from his past and/or then-present actions, or the fact that he was already under contract to compete with Mattel.

Thus, counsel's criticism of the Court's deliberative process is both overly broad and unfounded. Perhaps footnote 7 should come as no surprise to the Court. The parties in this action are engaged in what they themselves have described as high-stakes "corporate warfare." However, whatever the rules of engagement may be for such warfare, those rules are decidedly **not** representative of the standard of conduct which the parties -- and their counsel -- should look to for guidance as to how they should conduct themselves in or before this Court.

Counsel for Carter Bryant, and indeed, all counsel in this case and who practice before this Court, are strongly urged to concisely and precisely articulate their requests for relief in a manner that refrains from the unintentional impugning of the integrity of the Court's deliberative process. Counsel for all parties are reminded that this Court has extended to all counsel and all parties a similar professional courtesy.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the motion for

EXHIBIT ___4___
PAGE ___71___

reconsideration.  The Court **VACATES** that portion of its April 25, 2008, order that found, as a
matter of law, that Bryant breached his fiduciary duty.

## MOTIONS FOR PARTIAL SUMMARY JUDGMENT

### I. BREACH OF CONTRACT

Mattel seeks summary judgment on its breach of contract claim.  Resolution of the breach
of contract issue is largely an issue of timing.

There are undisputed facts regarding the timing of the creation of three categories of
materials, but there are factors regarding each of these three categories that preclude a grant of
summary judgment at this time.

Specifically, it is uncontroverted that four drawings (each with a color and a black-and-white
version) of dolls in evening wear, were created by Bryant during the period of his employment with
Mattel.  However, the scope of the rights that may be assigned to Mattel under the Inventions
Agreement is unclear in light of the larger disputed factual issue regarding the remaining Bratz
drawings.

It is also undisputed that, during the period of his employment, Bryant created a dummy
doll, anticipating it would used in his pitch of Bratz to MGA.  However, this dummy is apparently no
longer in existence, and therefore the scope of any rights owned by Mattel cannot be ascertained
from the undisputed facts.

Finally, it is undisputed that a drawing by Bryant, from which the sculpt of the Bratz doll was
made, was created during the period of Bryant's employment with Mattel.  However, the record
also reflects that this drawing was made on the basis of an earlier sculpt, and the record is not
entirely clear as to who had input into that sculpt, nor is it clear what, if any, legal conclusions the
Court could draw from a clear record on this issue.

Additionally, the larger timing issue regarding the remaining Bratz drawings, as admitted by
the parties, involve triable issues of fact.

Accordingly, the Court **DENIES** Mattel's motion for summary judgment as to its claim for
breach of contract.

### II. COPYRIGHT INFRINGEMENT

In order to establish copyright infringement, a plaintiff must establish three elements:
(1) ownership of a valid copyright, (2) the defendant's access to the original, and (3) substantial
similarity between the copyrighted work and the allegedly infringing work.  Lamps Plus, Inc. v.
Seattle Lighting Fixture Co., 345 F.3d 1140, 1144 (9th Cir. 2003).

Initials of Deputy Clerk: jh
Time:  2/52

EXHIBIT ___4___
PAGE ___72___

Here, Mattel asks the Court to undertake the fact-specific determination involved in the third element, aided in large part by expert testimony, when the first element is clearly in dispute. Although often summary adjudication of one element of a claim is appropriate, such is not the case here. In order to undertake the substantial similarity analysis, the Court must compare a copyrighted work with an allegedly infringing work. The Court may not perform a meaningful substantial similarity analysis without the copyrighted work that is the foundation of that analysis.

Accordingly, the Court **DENIES** Mattel's motion for summary judgment on this issue.

### III. AIDING AND ABETTING

MGA and Larian are accused of aiding and abetting Bryant's breach of the duty of loyalty and breach of fiduciary duty.

For reasons ably set forth by counsel for MGA at the hearing, the Court finds that there are triable issues of fact as to the issue of aiding and abetting any breaches of the duty of loyalty and fiduciary duty by Carter Bryant and therefore **DENIES** Mattel's motion for summary judgment on this issue.

### IV. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

MGA moved for summary judgment as to Mattel's claim for intentional interference with contractual relations. The Court previously denied MGA's motion, noting however, that the first, third, and fifth elements were met, and that Mattel has raised a triable issue of fact as to the second element.[6]

However, upon reflection, and in light of the Court's ruling regarding the aiding and abetting claims, the Court now concludes that, although Mattel has raised a triable issue of fact regarding the third element, the Court may not at this point conclude that the undisputed facts establish the third element. The Court leaves undisturbed its ruling that Mattel has raised a triable issue of fact as to the second element.

As set forth above, Mattel has also raised triable issues of fact regarding its claim for breach of contract, the fourth element.

Despite these minor changes in the Court's previous ruling, the disposition of this portion of

---

[6] The elements of a claim for intentional interference with contractual relations are stated as (1) a valid contract between a plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. Family Home & Finance Center, Inc. v. Federal Home Loan Mortg. Corp., 461 F.Supp.2d 1188, 1193 (C.D. Cal. 2006) (citing Pac. Gas & Elec. Co. v. Bear Stearns Co., 50 Cal.3d 1118, 1126 (1990)).

MINUTES FORM 90
CIVIL -- GEN                              Page 9

Initials of Deputy Clerk: jh
Time: 2/52

EXHIBIT ___4___
PAGE ___73___

MGA's motion remains unchanged:  MGA's motion is **DENIED** to the extent it seeks summary
judgment on Mattel's claim for intentional interference with contractual relations.

## V. UNFAIR COMPETITION

As noted by counsel for MGA at the May 19, 2008, hearing, the Court's first summary
judgment left unaddressed Mattel's statutory unfair competition claim to the extent that is based on
fraudulent conduct.  Mattel did not contend in opposition to MGA's motion for partial summary
judgment that this claim was based on any fraudulent conduct.

In its first summary judgment order, the Court eliminated two bases for Mattel's statutory
unfair competition.  See April 25, 2008, Order (referring to the unfair competition claim to the
extent it is based on copyright infringement and to the extent it is based on unfair conduct).  The
Court now holds that this third basis can also be eliminated at this time.

## VI. STATUTE OF LIMITATIONS

At the second hearing on the motions for partial summary judgment, for the first time,
counsel for MGA referenced evidence in support of its statute of limitations argument, attached to
a declaration that had not been served on opposing counsel and that had been filed earlier the
same afternoon. Counsel thereafter made legal arguments regarding the conclusions to be drawn
from this evidence.

Mattel had little opportunity to respond to MGA's arguments, as it was not entirely clear at
the hearing to what evidence MGA referred in making its arguments.  Accordingly, the Court has
afforded Mattel the opportunity to respond to this argument and therefore **DEFERS** ruling on the
statute of limitations issue until the Court has had the opportunity to review Mattel's response.

**IT IS SO ORDERED.**

EXHIBIT ____4____
PAGE _____74_____

# EXHIBIT 5

EXHIBIT 5
PAGE 75

1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
3  MARINA V. BOGORAD (Bar No. 217524)
   (mbogorad@skadden.com)
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
5  Los Angeles, California 90071-3144
   Telephone:  (213) 687-5000
6  Facsimile:  (213) 687-5600

7  RAOUL D. KENNEDY (Bar No. 40892)
   (rkennedy@skadden.com)
8  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Embarcadero Center, Suite 3800
9  San Francisco, CA  94111-5974
   Tel.: (415) 984-2698 / Fax: (415) 984-2626
10
   Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
11 MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

12

13                    UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15                         EASTERN DIVISION

16 CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
                                         )
17                        Plaintiff,     )  Consolidated with Case No. 04-9059
                                         )  and Case No. 05-2727
18              v.                        )
                                         )  Honorable Stephen G. Larson
19 MATTEL, INC., a Delaware              )
   corporation                           )  SUPPLEMENTAL DECLARATION
20                                        )  OF MARINA V. BOGORAD IN
                          Defendant.     )  FURTHER SUPPORT OF MGA
21                                        )  PARTIES' MOTION FOR PARTIAL
                                         )  SUMMARY JUDGMENT
22                                        )
                                         )
23                                        )
                                         )  Hearing Date: May 19, 2008
24                                        )  Time: 1:30 p.m.
                                         )
25 AND CONSOLIDATED ACTIONS.            )
                                         )
26
27 **FILED UNDER SEAL PURSUANT
   TO PROTECTIVE ORDER**
28

   ───────────────────────────────────────────────
        Supplemental Declaration of Marina V. Bogorad ISO Motion for Partial Summary Judgment
                        Case No. CV 04-9049 SGL (RNBx)

                                         EXHIBIT _____ 5 _____
                                         PAGE _____ 76 _____

1    I, Marina V. Bogorad, hereby declare as follows:

2       1.    I am an attorney licensed to practice law in the State of California and
3    am an associate at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP,
4    counsel of record for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment
5    (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, the "MGA
6    Parties") in the above-captioned matter.   I submit this Supplemental Declaration in
7    Further Support of MGA Parties' Motion for Partial Summary Judgment.   Unless
8    otherwise stated, I have personal knowledge of the facts set forth below and, if called
9    as a witness, I could and would testify competently thereto.

10      2.    A true and correct copy of a Statement of Claim filed by ABC
11   International Traders, Inc. d/b/a as MGA Entertainment on July 3, 2002 against Toys
12   & Trends (Hong Kong) Limited, Cityworld Limited, and Jurg Willi Kesserling
13   bearing Bates numbers MGA3881032-41 is attached hereto as **Exhibit 143**.

14      3.    A true and correct copy of a letter dated September 4, 2003 from
15   Cityworld counsel Danny Yu to Mattel General Counsel Robert Normile bearing
16   Bates numbers M0013374-75 (and M0262674-75) is attached hereto as **Exhibit 144**.

17      4.    A true and correct copy of a chronology produced by Mattel at the
18   deposition of Mattel's 30(b)(6) witness Kathleen Simpson-Taylor on February 23,
19   2008 and marked as Simpson-Taylor Deposition Exhibit 4434 is attached hereto as
20   **Exhibit 145**.

21      5.    A true and correct copy of a letter dated October 17, 2003 from
22   Cityworld counsel Danny Yu Mattel General Counsel Robert Normile bearing Bates
23   numbers M0013377-78 (and M0262708-09) discussing Carter Bryant involvement
24   with BRATZ is attached hereto as **Exhibit 146**.

25      6.    A true and correct copy of an e-mail dated November 20, 2003
26   confirming teleconference between Mattel General Counsel Michael Moore and

27

28

EXHIBIT ___5___
PAGE ___77___

1  outside counsel Michael Zeller on November 19, 2003 bearing Bates number

2  M0262721 is attached hereto as **Exhibit 147**.

3      I declare under penalty of perjury under the laws of the United States of

4  America and the State of California that the foregoing is true and correct.

5

6      Executed on May 19, 2008, at Los Angeles, California.

7

8

9  _____
                   Marina V. Bogorad

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

507643.01-Los Angeles Server 1A - MSW

EXHIBIT _____5_____
PAGE _____78_____

EXHIBIT ___5___
PAGE _____79___

**Exhibit 143**

HCA 2152/2002

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CIVIL ACTION NO. 2152 OF 2002

BETWEEN

ABC INTERNATIONAL TRADERS, INC.
doing business as MGA ENTERTAINMENT                    Plaintiff

and

(1) TOYS & TRENDS (HONG KONG) LIMITED

(2) CITYWORLD LIMITED

(3) JURG WILLI KESSELRING                              Defendants

(Writ issued on the 5th day of June 2002)

STATEMENT OF CLAIM

1.     The Plaintiff is and at all material times a corporation existing under the laws
       of the U.S.A. carrying on business in the design, manufacture, marketing and
       selling of toys, in particular, fashion dolls.

2.     (a)    The 1st and 2nd Defendants are and at all material times companies
              incorporated and existing under the laws of Hong Kong carrying on
              business in the manufacture and marketing of toys.

       (b)    The 3rd Defendant is and at all material times the managing director
              and holds 50% of the issued share capital of the 1st and 2nd Defendants.
              The 3rd Defendant directs and controls and is personally involved in
              the business activities and operations of the 1st and 2nd Defendants.

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Exhibit 143, Page 3

MGA 3881032

EXHIBIT _____ 5
PAGE _____ 80

3.     The Plaintiff is and at all material times, has been the owner of the copyright subsisting in original artistic works in respect of the Plaintiff's Bratz fashion dolls ("the said Artistic Works").

### Particulars of Original Artistic Works

(a)     17 design drawings of various fashion dolls made between the years 1998 and 2000.

### Particulars of Ownership and Subsistence

(b)     Carter Bryant (hereinafter referred to as "Mr. Bryant") was commissioned by the Plaintiff to make the design drawings referred to in sub-paragraph (a) hereof. Pursuant thereto, Mr. Bryant made the aforesaid design drawings. The terms and conditions of the commission are set out in an agreement made between the Plaintiff and Mr. Bryant dated the 18 September 2000. Clause 3 of the said agreement provides that the copyright subsisting in the said Artistic Works and in relation thereto should vest in the Plaintiff.

(c)     At all material times, Mr. Bryant is a resident of and domiciled in the U.S.A.

(d)     The said Artistic Works were first published in the U.S.A. in or about November 2001 when the Bratz fashion dolls were first exhibited and offered for sale. Alternatively, the said Artistic Works are unpublished.

4.     Prior to the issue of the Writ herein, the 1st and 2nd Defendants have infringed the said Artistic Works by authorising the reproduction of or reproducing, importing into and exporting from Hong Kong in its course of business, possessing for the purpose of trade or business, selling or offering or exposing

2

CONFIDENTIAL – ATTORNEYS' EYES ONLY

MGA  3881033

EXHIBIT ___5___
PAGE ___81___

for sale, for the purposes of trade or business exhibiting in public or distributing fashion dolls known as Funky Tweenz which are reproductions of or a reproduction of a substantial part of the said Artistic Works without the licence of the Plaintiff (hereinafter referred to as "the Infringing Dolls")

<u>Particulars</u>

The Plaintiff will in particular rely on the following facts and matters:-

(a)   The export of 2,760 pieces of the Infringing Dolls to the UK on or before 30 May 2002 by the 2nd Defendant under sales confirmation no. SC/2002/15.

(b)   The export of 2,760 pieces of the Infringing Dolls to the UK on or before 30 August 2002 by the 2nd Defendant under sales confirmation no. SC/2002/16.

(c)   The export of 2,760 pieces of the Infringing Dolls to Denmark on or before 30 April 2002 by the 2nd Defendant under sales confirmation no. SC/2002/17.

(d)   The export of 2,760 pieces of the Infringing Dolls to South Africa on or before 30 April 2002 by the 2nd Defendant under sales confirmation no. SC/2002/18.

(e)   The export of 5,520 pieces of the Infringing Dolls to Finland on or before 15 May 2002 by the 2nd Defendant under sales confirmation no. SC/2002/19.

(f)   The export of 2,760 pieces of the Infringing Dolls to Ireland on or before 25 May 2002 by the 2nd Defendant under sales confirmation no. SC/2002/20.

3

CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit 143, Page 5

MGA 3881034

EXHIBIT ___5___
PAGE ___82___

(g)    The export of 5,520 pieces of the Infringing Dolls to Spain on or before 30 March 2002 by the 2nd Defendant under sales confirmation no. SC/2002/21.

(h)    The export of 5,520 pieces of the Infringing Dolls to Norway on or before 15 May 2002 by the 2nd Defendant under sales confirmation no. SC/2002/22.

(i)    The export of 1,200 pieces of the Infringing Dolls to Canada on or before 11 March 2002 by the 2nd Defendant under invoice no. SC/2002/0047.

(j)    The possession for the purpose of trade or business and exposing for sale by the 1st and 2nd Defendants in the showroom of their premises at Room 1111, Wing On Plaza, 62 Mody Road, Tsimshatsui East, Kowloon a number on the Infringing Dolls on 23 May 2002.

(k)    The import by the 1st and/or 2nd Defendant of the aforesaid Infringing Dolls on divers dates at present unknown to the Plaintiff.

(l)    The exposure for sale by the distribution of a pamphlet depicting the Infringing Dolls on 23 May 2002 to an investigator employed by the Plaintiff.

(m)    The authorisation of reproduction by the 2nd Defendant of the make up of the Infringing Dolls by Alpha Plus Design and Printing Co. under invoice no. 00587 dated 24 January 2002.

(n)    The authorisation of reproduction by the 2nd Defendant of box packaging depicting the Infringing Dolls by Alpha Plus Design and Printing Co. under invoice no. 00632 dated 28 February 2002.

4

CONFIDENTIAL - ATTORNEYS' EYES ONLY
Exhibit 143, Page 6
MGA 3881035
EXHIBIT 5
PAGE 83

(o)   The reproduction or authorisation of reproduction of the Infringing Dolls on the website www.funkytweenz.com by the 1st and 2nd Defendants.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the wrongful acts of copyright infringement of the 1st and 2nd Defendants but will seek to recover damages in respect of each and every such wrongful act.

5.   The Plaintiff will in so far as is necessary rely on the fact that at all material times the 1st and 2nd Defendants knew or had reason to believe that the Infringing Dolls are infringing copies of the said Artistic Works within the meaning of the Copyright Ord., Cap. 528.

Particulars of Knowledge

The Plaintiff will in particular rely upon the following facts and matters: -

(a)   The Plaintiff relies on the fact that the 1st and 2nd Defendants are in the same business as the Plaintiff, the Bratz fashion dolls being first exhibited in New York in November 2000, in Hong Kong in January 2001 and first marketed and sold in the USA in August 2001 and since elsewhere.

(b)   The Bratz Fashion dolls have won numerous awards including Toy of the Year Award, People's Choice of the Year Award, Doctor Toy Award and Family Fun Best Toy Award and numerous articles have been about the Bratz fashion dolls and their success.

(c)   The possession by the 1st and 2nd Defendants of a Bratz fashion doll in the showroom in their aforesaid premises.

5

CONFIDENTIAL - ATTORNEYS' EYES ONLY

MGA 3881036

Exhibit 143, Page 7

EXHIBIT ___5___
PAGE ___84___

(d)    The Plaintiff also relies on the objective similarity between the said Artistic Works and the Infringing Toys.

(e)    Insofar as acts of infringement after the 27 May 2002 are concerned, the Plaintiff relies on a cease and desist letter sent to the Defendants on the same date.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars of all the particulars of knowledge of the 1st and 2nd Defendants.

6.    Each of the acts complained of against the 1st and 2nd Defendants was directed and procured to be done by the 3rd Defendant who thereby renders himself personally liable together with the 1st and 2nd Defendants.

Particulars

The Plaintiff will in particular rely upon the following facts and matters: –

(a)    The 3rd Defendant is the managing director of the 1st and 2nd Defendants.

(b)    The fact that the 3rd Defendant admitted he purchases toys from competitors all the time and the idea of the Infringing Dolls came from him in his affidavit filed on 28 June 2002.

(c)    The Plaintiff repeats the Particulars of Knowledge supplied under paragraph 5 herein.

The Plaintiff is, prior to proper discovery and/or interrogatories, unable to give full particulars.

6

CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit 143, Page 8

MGA 3881037

EXHIBIT    5

PAGE    85

7.    By reason of the foregoing, the Plaintiff has suffered and unless the Defendants are restrained by this Honourable Court, will continue to suffer loss and damage.

8.    By reason of all the circumstances of this case, including the flagrancy of the infringement, the benefit accruing to the Defendants by reason of the infringement and the completeness, accuracy and reliability of the 1st and 2nd Defendants' business accounts and records, the Plaintiff claims additional damages under Section 108 of the Copyright Ord., Cap. 528.

<u>Particulars</u>

The Plaintiff will in particular rely upon the following facts and matters: -

(a)   The Plaintiff repeats the particulars supplied under paragraphs 5 and 6 hereof.

(b)   The 1st and 2nd Defendants in infringing the said Artistic Works have reaped substantial benefits in that the 1st and 2nd Defendants do not have to incur development costs, marketing costs and the risks that the Infringing Dolls might not be popular with its customers. The 1st and 2nd Defendants knew that in copying the said Artistic Works it will be able to produce, market and sell a product that has proven to be successful and is in demand by members of the trade and public.

9.    By reason of the Defendants wrongful acts and/or by reason of the Defendants' dealings in the Infringing Dolls, the Defendants and each of them owe a duty to the Plaintiff to assist the Plaintiff by supplying the Plaintiff with full information relating to the products complained of, all dealings therein or therewith and the identities of all other wrong doers.

7

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Exhibit 143, Page 9

MGA 3881038

EXHIBIT _____5_____
PAGE _____86_____

10.     Further by virtue of sections 48 an 49 of the High Court Ordinance (cap 4) the Plaintiff is entitled to and claims to recover interest on any amount found to be due to the Plaintiff at such rate(s) and for such period (s) as this Honourable Court considers just and proper.

**And the Plaintiff claims:-**

(1)     An injunction to restrain the 1ˢᵗ, 2ⁿᵈ and 3ʳᵈ Defendants and each of them, in the case of the 1ˢᵗ and 2ⁿᵈ Defendants whether acting by themselves, their respective directors, officers, servants, agents or employees or any of them or otherwise howsoever and in the case of the 3ʳᵈ Defendant whether acting by himself, his servants or agents or any of them or otherwise howsoever from infringing the Plaintiff's copyright in original artistic works relating to the Plaintiff's fashion dolls and their accessories and packaging under the name "Bratz or by any colourable imitation confusingly or deceptively similar thereto and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

(2)     An order for delivery up or destruction upon oath of all articles and materials in the Defendants' possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the Defendants or each of them would offend against the foregoing injunctions or either of them.

(3)     An inquiry as to damages, alternatively damages or, at the Plaintiff's option, account of profits, in respect of the 1ˢᵗ 2ⁿᵈ and 3ʳᵈ Defendants' wrongful acts of infringement of copyright as aforesaid.

(4)     Additional damages pursuant to section 108(2) of the Copyright Ordinance.

8

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Exhibit 143, Page 10

MGA 3881039

EXHIBIT 5
PAGE 87

(5)    An order for the payment by the 1st 2nd and 3rd Defendants of all sums found due to the Plaintiff upon making such inquiries and/or accounts together with such interest thereon as this Honourable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

(6)    An order for discovery or verification upon oath of all matters relating to the foregoing.

(7)    Costs.

(8)    Such further or other relief as this Honourable Court shall deem just.

Dated this 3rd day of July 2002.

Colin Andrew Shipp
Counsel for the Plaintiff

William W. L. Fan & Co.
Solicitors for the Plaintiff

9

CONFIDENTIAL – ATTORNEYS' EYES ONLY

Exhibit 143, Page 11

MGA 3881040

EXHIBIT 5
PAGE 88

HCA 2152/2002

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE
REGION
COURT OF FIRST INSTANCE
CIVIL ACTION NO. 2152 OF 2002

BETWEEN

ABC INTERNATIONAL TRADERS, INC.
doing business as MGA ENTERTAINMENT
Plaintiff

and

(1) TOYS & TRENDS (HONG KONG) LIMITED

(2) CITYWORLD LIMITED

(3) JURG WILLI KESSELRING        Defendants



STATEMENT OF CLAIM

128 NEW FERRY Filed this day of July, 2002.
10 ICE HOUSE STREET,
CENTRAL, HONG KONG

William WL Fan & Co.
507 Hang Seng Building
77 Des Voeux Road
Central
Hong Kong
Tel: 2110 2128
Fax: 2111 9336
Ref: WF-1595-TC/CL

10

CONFIDENTIAL – ATTORNEYS' EYES ONLY
Exhibit 143, Page 12

MGA 3881041



EXHIBIT ___5___
PAGE ___89___

**Exhibit 144**

EXHIBIT ___5___
PAGE ___9O___

Solicitors & Notaries
nts for Trade Marks & Patents
8th Floor, Chinachem Tower,
34-37 Connaught Road Central, Hong Kong
Tel.: (852) 2868 1388   Fax: (852) 2868 0737
E-mail: pkc@lawyer.com   pkc@lawcpa.net
Website: lawcpa.net

Partners
*/ Chan Kam Ching, Paul
  陳錦程律師
* Yu Ka Hung, Danny
  余嘉慶律師
  Wong Tsz Yin, Hubert
  黃子賢律師
*Notary Public, Hong Kong SAR 香港特許公證人
#China Appointed Attesting Officer 中國委托公證人

Our Ref.: **DY/5002**

Your Ref.:

Date: **4ᵗʰ September, 2003**

**BY AIRMAIL**

Mattel, Inc
333 Continental Boulevard,
El Segundo,
CA 90245-5012
U.S.A.

Attention : Head of Legal Department

Dear Sirs,

Re : MGA's Bratz Dolls and its connection with a Mattel project in 1998

We act for a toy company in Hong Kong and refer to a recent news article in the (date) issue of the Wall Street Journal (copy enclosed) in which it was reported that "inside Mattel, some are convinced that the Bratz [Dolls] borrow liberally from a Mattel project that was scrapped at the testing stage in 1998" and that a long time Mattel designer who worked on the tested doll ("the Tested Doll") noted that the Bratz's oversized heads -- with their pursed lips and cartoonish eyes, are "virtually identical" to the heads of the dolls her team created and that "the big heads, the big eyes and the big feet were all the same" as the Bratz.

Our client is currently conducting a legal battle against MGA Entertainment Inc. ("MGA") in Hong Kong and one of the points of contention is whether MGA owns the copyright of the design of the Bratz dolls.  In so far as the design of the Bratz dolls is an imitation of an earlier Mattel design it is at least arguable that MGA does not have originality in the design of the Bratz dolls and probably also do not own the copyright in such design.

In the course of legal proceedings between MGA and our client MGA had produced a set of design and concept drawings which it now claims to be the origin of its

......./2

CONFIDENTIAL ATTORNEYS EYES ONLY
M 0013374

CONFIDENTIAL - ATTORNEYS EYES ONLY                    M 0262674

EXHIBIT ___5___
PAGE ___71___

**Solicitors & Notaries**
Agents for Trade Marks & Patents

4th September, 2003
Mattel, Inc
Chief Legal Adviser

relevant copyright in the Bratz dolls, MGA also alleged that these drawings were made and drawn originally by one Carter Bryant who (according to the Wall Street Journal news article) was a former member of the Barbie designer team.

We note from the Wall Street Journal news article that "prototypes" of the Tested Doll were actually completed and shown to Mattel designers and that Ms. Lily Martinez, a designer who presumably is still working at Mattel had posted her sketches for the Tested Doll on the wall of her cubicle in the open view of anyone who passed by her cubicle.

Whether the design drawings for the Bratz which MGA now alleges as original copyright items in the present legal proceedings is indeed "original" therefore depends on the degree of similarity between the Tested Doll, its sketch drawings and other material depicting the same and MGA's drawings.

In the premises, we shall be much obliged if you may kindly provide us with some information regarding the Tested Doll so that our client may challenge the originality of MGA's design and its corresponding claim to copyright. In this regard the sketch drawings of the Tested Doll and photographs of the prototypes taken from different perspectives will be very useful evidence for the case of our client.

In return for your assistance, our client will be glad to provide copies of the design drawings produced by MGA in the present legal proceedings for your consideration and further action.

In this connection, we note that Mr. Isaac Larian, the chairman of MGA had reportedly criticized your "My Scene" dolls as "cheap imitation" or "cheap knock-off" of their Barbie range. Photocopies of the newspaper articles reporting these views being the Wall Street Journal referred to above and another news article found in the 11th August, 2003 issue of the South China Morning Post are enclosed for your easy reference. If MGA had been exploiting an older design commissioned by Mattel, it is only fair that Mattel should assert its rights and position accordingly.

Yours faithfully,

YU KA HING DANNY
PAUL K. C. CHAN, DANNY K. H. YU & CO.

Encl.

F:\5002\mw\27.ltr.Mattel

CONFIDENTIAL ATTORNEYS EYES ONLY
M 0013375

CONFIDENTIAL - ATTORNEYS EYES ONLY

M 0262675

EXHIBIT _5_
PAGE _92_

Exhibit 145

EXHIBIT     5
PAGE        93

| Tab | Date | Event | Bates/Exhibit No. |
|---|---|---|---|
| 1. | September 4, 2003 | CityWorld counsel, Danny Yu writes to Mattel General Counsel, Robert Normile | M 0013374 - M 0013375 |
| 2. | September 23, 2003 | Mattel obtains a copy of MGA/CityWorld claim | No Bates |
| NA | September 25, 2003 | R. Normile calls Danny Yu | |
| NA | September 25, 2003 | R. Normile speaks with Danny Yu | |
| NA | October 9, 2003 | R. Normile calls Paul KC Chan firm, also Cityworld counsel | |
| 3. | October 17, 2003 | CityWorld counsel writes Mattel General Counsel | M 0013377 - M 0013378 |
| 4. | October 27, 2003 | CityWorld counsel writes to Mattel General Counsel, Robert Normile (received November 5) | M 0013376 |
| 5. | November 9, 2003 | Moore writes to Yu, CityWorld counsel | No Bates |
| NA | November 12, 2003 | R. Normile calls Simon CW Yung firm | |
| NA | November 17, 2003 | R. Normile speaks with Simon CW Yung firm | |
| NA | November 18, 2003 | Moore calls Simon CW Yung firm | |
| NA | November 20, 2003 | Moore makes two brief calls to Danny Yu, one to his office, and one to his cell phone | |
| 6. | November 20, 2003 | Moore provides draft agreement to Danny Yu | M 0013369 - M 0013373 |
| 7. | November 20, 2003 | Yu e-mails Moore to confirm meeting details | No Bates |
| NA | November 24, 2003 | Moore and Zeller meet with CityWorld counsel, Danny Yu and George Kesslering at the offices of | |

07209/2411231.1

Simpson, Taylor
EXHIBIT NO. 1434
2/23/08
Wendy S. Schreiber

EXHIBIT _____ 5

PAGE _____ 94

Bird & Bird in Hong Kong.

| 8. | November 24, 2003 | CityWorld and Mattel agree to exchange materials | No Bates |
|----|-------------------|--------------------------------------------------|----------|
| 9. | November 24, 2003 | Moore and Zeller obtain from CityWorld the Larian affidavit(9A), Lee affirmation and exhibits(9B), including Carter Bryant/MGA agreement(9C) and Carter Bryant drawings of Bratz(9D) | Exhibit 12; Exhibit 941; M 0001547 - M 001552; Exhibit 10 |
| 10. | November 24, 2003 | Danny Yu writes to Moore providing additional Lee affidavit exhibits | M 0013379 - M 0013382 |

07209/2411231.1

EXHIBIT ___5___
PAGE ___95___

# AUTHENTICATION

EXHIBIT ___5___

PAGE ___96___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

```
 1        UNITED STATES DISTRICT COURT

 2        CENTRAL DISTRICT OF CALIFORNIA

 3              EASTERN DIVISION

 4

 5    -------------------------------

 6    MATTEL, INC., a Delaware          )

 7    Corporation,                      )

 8              Plaintiff,              )

 9              vs.                      ) No. CV 04-9059

10    CARTER BRYANT, an individual;  )    NM (RNBx)

11    and DOES 1 through 10,           ) VOLUME I

12    Inclusive,                        )

13              Defendants.            )

14    ---------------------------- )

15    (COMPLETE CAPTION ON NEXT PAGE.)

16

17       CONFIDENTIAL - ATTORNEYS' EYES ONLY

18

19       Videotaped Deposition of KATHLEEN

20       SIMPSON-TAYLOR, taken at 300 South

21       Grand Street, Los Angeles, California,

22       commencing at 9:13 A.M., Saturday,

23       February 23, 2008, before Wendy S.

24       Schreiber, CSR No. 3558, RPR, CLR.

25    PAGES 1 - 317
```

Exhibit 145, Page 17

EXHIBIT ___5___

PAGE ___97___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 2

```
 1              UNITED STATES DISTRICT COURT

 2            CENTRAL DISTRICT OF CALIFORNIA

 3                  EASTERN DIVISION

 4

 5    -------------------------------

 6    MATTEL, INC., a Delaware        )

 7    Corporation,                    )

 8              Plaintiff,            )

 9              vs.                   ) No. CV 04-9059

10    CARTER BRYANT, an individual;   )    NM (RNBx)

11    and DOES 1 through 10,          )

12    Inclusive,                      )

13              Defendants.          )

14    -------------------------------)

15    CARTER BRYANT, on behalf of     )

16    himself, all present and        )

17    former employees of Mattel,     )

18    Inc., and the general public,   )

19              Counter-Claimants,   )

20              vs.                   )

21    MATTEL, INC., a Delaware        )

22    Corporation,                    )

23              Counter-Defendant.   )

24    -------------------------------

25
```

Exhibit 145, Page 18

EXHIBIT   5

PAGE   98

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 3

```
 1    APPEARANCES OF COUNSEL:

 2

 3        For the Plaintiff:

 4

 5            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

 6            BY:  MICHAEL ZELLER, ESQ.

 7            865 South Figueroa Street, Tenth Floor

 8            Los Angeles, California 90017

 9            (213) 443-3000

10            michaelzeller@quinnemanuel.com

11

12                    -and-

13

14            MATTEL, INC.

15            BY:  JILL THOMAS, ESQ.

16            333 Continental Boulevard

17            El Segundo, California 90245-5012

18            (310) 252-2000

19            jill.thomas@mattel.com

20

21

22

23

24

25
```

Exhibit 145, Page 19

EXHIBIT _____ 5 _____
PAGE _____ 99 _____

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 4

```
 1    APPEARANCES OF COUNSEL (Continued):

 2

 3         For the Defendant and Counterclaimant

 4         Carter Bryant:

 5

 6              KEKER & VAN NEST LLP

 7              BY:  AUDREY WALTON-HADLOCK, ESQ.

 8              710 Sansome Street

 9              San Francisco, California 94111-1704

10              (415) 391-5400

11              awaltonhadlock@kvn.com

12

13         For Defendant MGA Entertainment, Inc.:

14              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

15              BY:  THOMAS J. NOLAN, ESQ.

16                   JONATHAN D. USLANER, ESQ.

17                   MARCUS R. MUMFORD, ESQ.

18              300 South Grand Avenue

19              Los Angeles, California 90071-3144

20              (213) 687-5000

21              tnolan@skadden.com

22

23         Also Present:

24              Video Operator - David West

25
```

Exhibit 145, Page 20

EXHIBIT ___5___
PAGE ___100___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 260

1           MR. NOLAN:  Clearly -- same issue.  It

2      doesn't constitute a waiver but I'm just saying is

3      this a list of the documents that you looked at in

4      preparation for your testimony today?

5           MR. ZELLER:  Did you say "a" or "the"?          05:53PM

6           MR. NOLAN:  In preparation for your

7      testimony today.

8           MR. ZELLER:  I'm sorry, a list or the list?

9      BY MR. NOLAN:

10     Q.    A list.                                        05:54PM

11     A.    This is a list, yes.

12          MR. NOLAN:  Mike, can I just have a

13     representation from you that this list contains --

14     for instance, No. 2 it says "September 23, 2003

15     Mattel obtains a copy of MGA/City World claim" and   05:54PM

16     then there's no Bates number -- that if there's no

17     Bates number listed that it has not been produced in

18     this litigation?

19          MR. ZELLER:  That I do not know offhand.

20     I'd have to -- I'd have to look into it.  I don't    05:54PM

21     know if it's because this is how it was compiled

22     but...

23     BY MR. NOLAN:

24     Q.    Were these documents that are referenced in

25     4434 documents that you requested or were they just  05:54PM

Exhibit 145, Page 21

EXHIBIT ____5____
PAGE ____/0/____

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 261

1    provided to you by counsel at Quinn Emanuel as a

2    grouping?

3        A.    This summary was based on my discussions

4    with Michael Moore and Bob Normile and to show a

5    time line and documents related to the meeting that    05:55PM

6    Mattel had with City World wherein they received the

7    agreement between Carter Bryant and MGA during his

8    employment tenure with Mattel.

9        Q.    And did you ask Bob Normile to produce these

10   documents to you for your review?    05:55PM

11       A.    I asked Michael Moore to help me understand

12   the time line.

13       Q.    And so was it Michael Moore that gathered

14   the documents and provided them to you or was it Jon

15   Corey or somebody else at Quinn Emanuel?    05:55PM

16       A.    Michael Moore provided a time line for me.

17   I think counsel mentioned that I may or may not have

18   seen every document that is outlined here in the

19   book.  We were going to verify that.

20            MR. ZELLER:  Let the record reflect that the 05:56PM

21   witness only has this summary, the two-page summary,

22   before her and not the attachments.

23            THE WITNESS:  Thank you.

24            (Deposition Exhibit 4435 was marked

25       for identification and is annexed hereto.)    05:56PM

Exhibit 145, Page 22

EXHIBIT    5
PAGE       102

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 312

```
1    STATE OF CALIFORNIA   ) ss:
2    COUNTY OF LOS ANGELES )
3
4             I, WENDY S. SCHREIBER, C.S.R. No. 3558, do
5    hereby certify:
6
7             That the foregoing deposition of KATHLEEN
8    SIMPSON-TAYLOR was taken before me at the time and
9    place therein set forth, at which time the witness
10   was placed under oath and was sworn by me to tell
11   the truth, the whole truth, and nothing but the
12   truth;
13            That the testimony of the witness and all
14   objections made by counsel at the time of the
15   examination were recorded stenographically by me,
16   and were thereafter transcribed under my direction
17   and supervision, and that the foregoing pages
18   contain a full, true and accurate record of all
19   proceedings and testimony to the best of my skill
20   and ability.
21            I further certify that I am neither
22   counsel for any party in said action, nor am I
23   related to any party to said action, nor am I in any
24   way interested in the outcome thereof.
25
```

Exhibit 145, Page 23

EXHIBIT ___5___
PAGE ___103___

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 313

```
 1          IN WITNESS WHEREOF, I have subscribed my

 2   name this 26th day of February, 2008.

 3

 4

 5

 6          _____

 7          WENDY S. SCHREIBER, CSR No. 3558, RPR

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Exhibit 145, Page 24

EXHIBIT ___5___
PAGE ___109___

**Exhibit 146**

EXHIBIT ___S___
PAGE _____/05__



# 宗 築 律 師 行
## SIMON C. W. YUNG & CO.
### SOLICITORS & NOTARIES
Agents For Trade Marks & Patents
*China Appointed Attesting Officer    *Notary Public
*中國委托公證人    *國際商業公証人

ATTORNEY

SIMON C W. YUNG *
林聯律師行
M.A., LL.B. (HONG KONG)
Direct Line: ## (# ##)

ROBERT E. CHOW
周偉民律師
LL.B. (Hons)
Direct Line: #### ####

ALBERT K.S. MAK
麥家成律師
LL.B. (Hons)
Direct Line: #### ####

ASSOCIATE

YUNG KWOK CHUEN
翁國銓律師
LL.B. (Hons)
Direct Line: #### ####

AMY F. CHOW
周慧敏律師
LL.B. (Hons), LL. M.

WILSON W.K. CHAU
周永強律師
LL.B. (Hons) (DEN, OX)

IVY W.K. CHOO
朱慧群律師
LL.B. (Hons)

CONSULTANT

DANNY K. H. *
游錦洪律師
LL. B. (Hons); ACI A.A.
Direct Line: #### ####

ATTORNEY K. C. LAU
劉繼昌律師
LL. B. (Hons)

MAK YUNG LIANG
麥翁麗琼律師
LL. B. (Hons)
Direct Line: #### ####

Your Ref:                                    Date:   17th October, 2003

Our Ref:      LIT/DY/mw/994146

**BY AIR MAIL**

Mattel, Inc
333 Continental Boulevard,
El Segundo,
CA 90245-5012
U.S.A.

Attention : Mr. Normile, Group General Counsel

Dear Sirs,

Re : MGA's Bratz Dolls and its connection with a Mattel project in 1998

We refer to the previous letter written by Paul K. C. Chan, Danny K. H. Yu & Co. to you dated 4th September, 2003 and the subsequent telephone conversation between your Mr. Normile and our Mr. Danny Yu and confirm that our firm has replaced Paul K. C. Chan, Danny K. H. Yu & Co. as the solicitors acting for CityWorld Limited, our client referred to in the letter dated 4th September, 2003.

We have consulted counsel's opinion and clarified that the implied undertaking which prevents litigants and their solicitors from disclosing information that were made available to them as a result of the discovery procedure would not apply to those information that was voluntarily disclosed at any earlier stage prior to the discovery procedure.

In the present case, the Plaintiff, ABC INTERNATIONAL TRADERS INC doing business as MGA ENTERTAINMENT, has submitted an Affirmation dated 18th June, 2003 in support of its application for interlocutory injunction and one of the exhibits referred to in such Affirmation was a set of coloured copies of drawings described as "17 initial concept and design drawings of the Bratz dolls made by Mr. Carter Bryant in the year 2000". There were handwritten marks of "8/1998" or "9/1998" on some of these drawings.   It is possible, of course for such

Head Office  11/F, Hing Yip Commercial Centre, 272-284 Des Voeux Road Central, Hong Kong  Tel(電話): 2526 2235  Fax(傳真): 2522 1729
總行  香港德輔道中272-284號興業商業中心11樓

CONFIDENTIAL ATTORNEYS EYES ONLY
M 0013377

CONFIDENTIAL - ATTORNEYS EYES ONLY                           M 0262708

Exhibit 146, Page 25

EXHIBIT  5
PAGE  106



**SIMON C.W. YUNG & CO.**
SOLICITORS
*Agents For North Asian Markets*

marked to have been added afterwards.

We have been advised by counsel that our client is not prohibited by law to exchange copies of these drawings with you for information such as sketch drawings and other particulars relating to your earlier design which was mentioned in the Wall Street Journal news article.

Mr. Normlie has indicated in the telephone conversations that you need some preliminary information in relation to Bratz's design drawings in order to assess the situation.

You are now welcome to indicate the preliminary information that you require so that we may seek our client's further instruction concerning the above matter.

We note, however, that our client is not subject to any obligation to disclose or exchange the relevant drawings until and unless we have had an agreement regarding the terms and conditions of such disclosure and exchange.

We thank you for your attention and look forward to hear from you.

Yours faithfully

YU KA HING DANNY
SIMON C. W. YUNG & CO.

c.c. : Client
C.c. : Counsel
C:\My Documents\SIMON\SCWC&Co.\SCW14\SCWc.h\ch1

CONFIDENTIAL ATTORNEYS EYES ONLY
M 0013378

CONFIDENTIAL - ATTORNEYS EYES ONLY

Exhibit 146, Page 26

M 0262709

EXHIBIT _____ 5
PAGE _____ 107

**Exhibit 147**

EXHIBIT ___5___
PAGE ___108___

**Moore, Michael**

From:          dkhyucom@netvigator.com
Sent:          Thursday, November 20, 2003 7:21 PM
To:            michael.moore@mattel.com
Subject:       Appointment for meeting on Monday (24th,Nov)at Hong Kong

Dear Michael,

Further to our three way telcon on 19th. Nov.please
confirm the time and venue of the proposed meeting
to take place on Monday in Hong Kong.  I will attend the meeting with Mr. Jurg Kesselring, one of the
directors of our client.  Looking forward to meet you and Mike Zeller.
Best Regards,

Danny Yu
Simon C. W. Yung & Co.
Solicitors and Notaries.

                                    1

CONFIDENTIAL - ATTORNEYS EYES ONLY

M 0262721

Exhibit 147, Page 27

EXHIBIT    5
PAGE       109

1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
4  Los Angeles, CA 90071-3144
   Telephone:  (213) 687-5000
5  Facsimile:  (213) 687-5600

6  RAOUL D. KENNEDY (Bar No. 40892)
   (rkennedy@skadden.com)
7  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Embarcadero Center, Suite 3800
8  San Francisco, CA 94111-5974
   Tel.: (415) 984-2698 / Fax: (415) 984-2626
9
   Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
10 MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

11              UNITED STATES DISTRICT COURT
12             CENTRAL DISTRICT OF CALIFORNIA
13                   EASTERN DIVISION
14

15 CARTER BRYANT, an individual        )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
16             Plaintiff,              )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
17       v.                            )
                                       )
18 MATTEL, INC., a Delaware            )  Honorable Stephen G. Larson
   corporation                         )
19                                     )  **PROOF OF SERVICE**
               Defendant.              )
20 ─────────────────────────────────   )
                                       )
21 AND CONSOLIDATED ACTIONS            )
                                       )
22
23
24
25
26
27
28
   ─────────────────────────────────────────────────
                   PROOF OF SERVICE
                NO. CV 04-9049 SGL (RNBx)

                                EXHIBIT ____5____
                                PAGE ____110____

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

    On **May 19, 2008**, I served the foregoing documents described as:

**SEE ATTACHED DOCUMENT LIST**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

(x)    (BY PERSONAL SERVICE)    ( )    By personally delivering copies to the person served. (FEDERAL)

                             (x)    I caused such document to be hand delivered to the above addressees. (FEDERAL)

(X)    (BY FEDERAL EXPRESS)

( )    (BY ELECTRONIC MAIL)

    I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

    Executed on **May 19, 2008**, in Los Angeles, California.

Al Chua
_____    _____
PRINT NAME                      SIGNATURE

EXHIBIT _____5_____
PAGE _____111_____

1

## MANUAL-FILED DOCUMENT LIST

2

3 (1) SUPPLEMENTAL DECLARATION OF MARINA V. BOGORAD IN FURTHER SUPPORT OF MGA PARTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT

4

5 (2) APPLICATION TO FILE UNDER SEAL

6 (3) [PROPOSED] ORDER GRANTING FILING UNDER SEAL

7 (4) PROOF OF SERVICE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
NO. CV 04-9049 SGL (RNBx)

EXHIBIT _____ 5
PAGE _____ 112

SERVICE LIST

VIA PERSONAL SERVICE

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
(213)  443-3000
(213)  443-3100 (Fax)

Attorneys for Mattel, Inc.


VIA FEDERAL EXPRESS

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David S. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
Telephone:  (213) 613-4655
Facsimile:  9213) 613-4656

Attorneys for Carlos Gustavo Machado
Gomez

VIA FEDERAL EXPRESS

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111
(415)  391-5400
(415)  397-7188 (Fax)

Attorneys for Carter Bryant

4
PROOF OF SERVICE
NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___5___
PAGE ___113___