# EXHIBIT 6

EXHIBIT ___6___
PAGE ___114___

THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
MARINA V. BOGORAD (Bar No. 217524)
(mbogorad@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Ste. 3400, Los Angeles, CA 90071-3144
Tel.: (213) 687-5000 / Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111-5974
Tel.: (415) 984-2698 / Fax: (415) 984-2626

Attorneys for MGA Enter., Inc., MGA Enter. (HK) Ltd.,
MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO.: CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | Honorable Stephen G. Larson |
| MATTEL, INC., a Delaware corporation, | REPLY MEMORANDUM IN FURTHER SUPPORT OF THE SUPPLEMENTAL DECLARATION OF MARINA V. BOGORAD |
| Defendant. | |
| AND CONSOLIDATED ACTIONS. | Pretrial Conference: May 21, 2008 Trial Date: May 27, 2008 |

MGA Parties' Reply Memorandum IFSO Supplemental Declaration of Marina V. Bogorad
Case No. CV 04-9049 SGL (RNBx)

EXHIBIT _____6_____
PAGE _____115_____

1     The MGA Parties provided the Court with the MGA Parties' Supplemental Declaration

2 of Marina V. Bogorad in Further Support of the MGA Parties' Motion for Partial Summary

3 Judgment dated May 19, 2008 ("Supplemental Bogorad Declaration") to establish that,

4 contrary to its assertions, Mattel knew about Carter Bryant's agreement with MGA dated

5 September 18, 2000 and his BRATZ sketches <u>prior to</u> the date it claims (November 24, 2003).

6 As explained during oral argument on May 19th, this fact has critical significance as Mattel's

7 copyright claims (by their own admission) accrued no later than when they learned of

8 Bryant's contract and the drawings that were prepared at some point before he left Mattel.

9 As Mattel did not file its copyright claims until November 20, 2006 (and did not even register

10 its purported copyrights until October 2006), but either possessed or knew about Bryant's

11 contract and drawings no later than September 23, 2003, Mattel's copyright claims are

12 indisputably time-barred.[1]

13     Because this evidence was only recently introduced, the Court understandably gave

14 Mattel an opportunity to refute this critical fact. Mattel's only response is to deny that it saw

15 the drawings in September of 2003. That Mattel did not see the drawings is of no moment in

16 light of the fact that Mattel does not deny that it was aware of the contract between MGA and

17 Bryant (and more, importantly, the date that it was entered, i.e., before Bryant left Mattel)

18 and that the contract purported to transfer drawings made by Bryant at a time when he might

19 have been under contract to Mattel. **Mr. Moore, the only witness offered by Mattel, does**

20 **_not_ deny that Mattel took possession of a copy of the City World claim on or about**

21 **September 23, 2003.**[2] Nor could he credibly do so, as Mattel admitted in a timeline it

22

---

23 [1]    Mattel's suggestion that MGA has conceded that the copyright claim could not have accrued before Mattel saw the drawings is completely false. Counsel's position then, and now, is that this is

24 the <u>latest</u> date that Mattel's claims could have accrued, although there is ample reason (and more than enough for a jury to determine) that Mattel's copyright claims actually accrued much earlier.

25 [2]    Indeed, the only protest that Mattel makes is that the documents show that in correspondence,

26 Hong Kong counsel stated it was under no obligation to turn over the drawings until some sort of agreement was reached with Mattel. The letter does not say, and Mattel does not assert, that Mattel

27 would not be given (or had not already received) a copy of the City World claim, which would have been accessible to them.

28

---

EXHIBIT _____6_____
PAGE _____116_____

Case 2:04-cv-09049-DOC-RNB   Document 6680-4   Filed 09/14/09   Page 4 of 62   Page ID
#:219644
Case 2:04-cv-09049-SGL-RNB   Document 3757   Filed 05/22/2008   Page 3 of 6

1   prepared internally and produced at the deposition of its 30(b)(6) witness Kathleen Simpson-

2   Taylor that, "Mattel obtains a copy of MGA/Cityworld claim" on September 23, 2003. (See

3   Supp. Bogorad Decl., Ex. 145.)   Unfortunately, at that time Mattel did not produce the

4   Cityworld claim referenced in the time-line, choosing instead to produce a September 23,

5   2003 fax that was missing approximately sixteen pages (coincidentally, roughly the number

6   of pages of the Cityworld claim).   Mattel now, having failed to do so in discovery, produces

7   what it claims is the entire September 23, 2003 fax, but there are substantial questions

8   surrounding Mattel's assertion as the documents it now relies upon, (a) were not produced

9   before, although clearly sought, (b) are redacted in material respects even though such

10   redactions do not appear on their redactions log, and (c) appear to have been doctored or

11   manipulated in some fashion.[3]

12        It is obvious why Mattel does not want to admit that it received the Cityworld claim in

13   September of 2003, because a review of the MGA/Cityworld Claim reveals that it states

14   clearly and unequivocally that Bryant created the 17 sketches at issue in this case between

15   1998 and 2000, a period when he was employed periodically by Mattel:

16        17 design drawings of various fashion dolls made . . . by Carter Bryant

17        between 1998 and 2000 . . . . The terms and conditions of the commission are

18        set out in an agreement made between [MGA] and Mr. Bryant dated 18

19        September 2000.

20

21   [3]    The September 23, 2003 fax provided by Mattel at Ms. Simpson-Taylor's deposition was
22   missing approximately 16 pages.   Mattel now purports to provide these missing pages to the
     Declaration of Michael Moore dated May 21, 2008, although there are substantial reasons to doubt
23   that the supposedly "missing" pages that Mattel now provides are in fact what was then received
     because this "complete" fax (1) contains a redacted cover sheet (without justification) that does not
24   appear on Mattel's privilege log so there is no way to know what was purportedly being sent; and (2)
     contains a fax line with inconsistent time and page stamps on the header. First, the page numbers on
25   the fax line are numbered "01, 02, 03 . . ." up to page 11, at which point the numbering changes to
     "11/46, 12/46, 13/46 . . . ."   Given Mattel's own allegations of fraudulent white-out fax lines, it is
26   surprising this mysterious fax comes with no explanation. (See Declaration of Michael Moore dated
     May 21, 2008, Ex. A at 5.)   At a minimum, this presents a genuine issue for a jury to consider, as it
27   appears that Mattel may have deliberately, (a) withheld critical evidence, and (b) even after
     producing the evidence, doctored it to try and defeat the statute of limitations issue.

28
     ――――――――――――――――――――――――――――――――――――――――――――――――――――――――
     MGA Parties' Reply Memorandum IFSO Supplemental Declaration of Marina V. Bogorad
                         Case No. CV 04-9049 SGL (RNBx)
                                      2

EXHIBIT ___6___
PAGE ___117___

1    (See id., Ex. 143 at 4; see also Declaration of Dexter Lam dated May 20, 2008.)[4]

2        This description is all Mattel needed to be on notice of its copyright claims against

3    Bryant and MGA because a copyright claim does not require any intent by MGA or even any

4    knowledge of MGA that Bryant was a Mattel employee at the time – all that is required for

5    Mattel's purposes is that it saw that Bryant potentially designed something at a time when he

6    was an employee and he contracted it away to a competitor.  Although Mattel denies that it

7    saw Bryant's drawings at this time, it was not necessary to put Mattel on notice because

8    Mattel knew that the drawings were made between 1998 and 2000, when Bryant was off-and-

9    on a Mattel employee subject to various contracts with Mattel.

10        Because, (1) Mattel's own documents establish that Mattel received this document on

11    September 23, 2003, (2) the clear and unequivocal description of facts within this Claim give

12    rise to its claims against Carter Bryant and MGA, and (3) Mattel fails to deny that it did not

13    see or hear about Bryant's drawings in their Response filed on May 21, 2008, the only

14    rational inference is that Mattel knew about Carter Bryant and MGA's alleged infringement

15    in September 2003, two full months before Mattel claims it knew about these facts.[5]

16    Consequently, Mattel's copyright claims are time-barred because Mattel knew the critical

17    facts in September 2003, but did not file a copyright claim until November 2006 – more than

18    three years later.[6]  At a minimum, there is at least a genuine issue of material fact on the

19

20    [4]    The document referenced by Mattel and submitted by the MGA Parties is the Statement of
Claim filed by ABC International Traders, Inc. d/b/a as MGA Entertainment on July 3, 2002 against

21    Toys & Trends (Hong Kong) Limited, Cityworld Limited, and Jurg Willi Kesserling.  (See Supp.
Bogorad Decl., Ex. 143.)

22    [5]    The MGA Parties continue to assert, however, that Mattel knew of many of its claims against
Bryant and the MGA parties as early as October 2000 but certainly no later than March 2002.  As

23    the MGA Parties continue to urge, Mattel's claims are all time-barred.  Mattel has not disputed the
MGA Parties' contention that Mattel was on notice of its claims as early as October 2000 but no

24    later than March of 2002.  Thus, all of Mattel's claims were stale years before it filed them in
November of 2006, and this Court may grant the MGA Parties' motion for partial summary

25    judgment in its entirety on these grounds alone.  (See MGA SJ at

26    [6]    As demonstrated during the hearing on May 19th and explained in more detail in the MGA
Parties' motion for partial summary judgment, Mattel may not rely on relating back under 15(c) as it

27    had not registered any copyright in the 17 drawings until October 2006 and thus is precluded as a
matter of law from relying on relation back principles as to any defendant.

28

    MGA Parties' Reply Memorandum IFSO Supplemental Declaration of Marina V. Bogorad
Case No. CV 04-9049 SGL (RNBx)
3

EXHIBIT _____6_____
PAGE _____118_____

Case 2:04-cv-09049-DOC-RNB   Document 6680-4   Filed 09/14/09   Page 6 of 62   Page ID
#:219646
Case 2:04-cv-09049-SGL-RNB   Document 3757   Filed 05/22/2008   Page 5 of 6

1    statute of limitations question.

2        In addition, as Mattel's own chronology shows (Supp. Bogorad Decl., Ex. 145),

3    Mattel's counsel Robert Normile had several phone calls during September with Cityworld

4    counsel Danny Yu, whose initial contact with Mattel was based on his belief that BRATZ

5    may be infringing.  Cityworld counsel Danny Yu wrote to Mattel's counsel Robert Normile

6    on September 4, 2003, and suggested that MGA might not even own the copyright to

7    BRATZ and that it might instead belong to Mattel. We know from Mattel's own chronology

8    that in response to this suggestion, Mattel asked for and received the Cityworld claim on or

9    about September 23, 2003.  To suggest otherwise would strain credulity as obviously Mattel

10   would have been keenly interested in learning all the details as quickly as possible that a

11   former Mattel employee, who designed a product that was killing Barbie in the market, may

12   have designed BRATZ while under contract to Mattel.  As Mattel does not deny that it was

13   told such details, a jury should be allowed to hear this evidence and decide for itself whether

14   Mattel in fact was told these facts far earlier than it has previously admitted.

15       Coupled with the evidence that had accumulated from the day Carter Bryant left Mattel

16   to the toy fairs to the press on BRATZ to the Mattel design center buzz and "common

17   knowledge" to Mattel's inept March 2002 investigation, it was not necessary for Mattel to

18   see the drawings.   Indeed, the MGA Parties continue to present additional evidence of

19   Mattel's early notice of Bryant's involvement with MGA and BRATZ, specifically the notes

20   of an internal Mattel product meeting dated October 24, 2002 which states that "the former

21   Mattel designer who is a creator of Bratz was named Bryant." (See Declaration of Thomas J.

22   Nolan dated May 21, 2008, Ex. 148.)   Mattel cannot sustain this charade any longer, and

23   cannot continue to shroud its knowledge with its current claim that its earlier investigations

24   into Bryant's activities were tied to infringement of Toon Teens, particularly given its

25   representations before Judge Manella with respect to its remand briefing that its state court

26   lawsuit against Bryant was never tied to copyright infringement of Toon Teens. (See, e.g.,

27   Mattel Motion for Remand dated November 30, 2004 at 14 (challenging Bryant's argument

28

EXHIBIT _____ 6
PAGE _____ 119

1   that Mattel's lawsuit is based on potential Toon Teens infringement).)  Mattel's inconsistent
2   and strategic maneuvering becomes less credible by the day.

3       Because the MGA Parties have raised – time and again – ample facts to show that
4   Mattel was on notice of its claims outside the limitations period, its motion for partial
5   summary judgment should be granted and Mattel's motion for partial summary judgment
6   must be denied.   See Senger v. United States, 103 F.3d 1437, 1443 (9th Cir. 1995)
7   (overruling grant of summary judgment where plaintiff had presented evidence that
8   government had at least constructive knowledge of employee's violent tendencies thereby
9   creating a genuine issue of material fact as to negligence).  At a minimum, the Court should
10  find that there are genuine issues of material fact and allow a jury to decide.

11  DATED:  May 22, 2008              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

12

13                              By:  _____/ s /_____
                                         Jason D. Russell
14                                    Attorneys for the MGA Parties

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA Parties' Reply Memorandum IFSO Supplemental Declaration of Marina V. Bogorad
Case No. CV 04-9049 SGL (RNBx)
5

EXHIBIT ___6___
PAGE ___120___

# EXHIBIT 7

EXHIBIT 7

PAGE 121

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     (John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                     EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 13 | Plaintiff, | Consolidated with Case No. CV 04-09059 |
| 14 | vs. | Case No. CV 05-02727 |
| 15 | MATTEL, INC., a Delaware corporation, | **RESPONSE OF MATTEL, INC. TO SUPPLEMENTAL DECLARATION OF MARINA V. BOGORAD** |
| 16 | | |
| 17 | Defendant. | Pretrial Conference:  May 19, 2008 Time:                        1:30 p.m. |
| 18 | AND CONSOLIDATED ACTIONS | Place:                       Courtroom 1 |
| 19 | | **Phase 1:** Trial Date:              May 27, 2008 |

20

21

22

23

24

25

26

27

28

07209/2512683.2

EXHIBIT _____7_____
PAGE _____122_____

1          Pursuant to the Court's request, Mattel Inc. respectfully submits this

2    response to the "Supplemental Declaration of Marina V. Bogorad in Further Support

3    of MGA Parties' Motion for Partial Summary Judgment" and to the related oral

4    argument made by MGA Parties' counsel during the hearing held on May 19, 2008.

5          MGA conceded at oral argument that the key date for statute-of-

6    limitations purposes on the copyright claim is the date when Mattel obtained

7    Bryant's drawings. Reporter's Transcript of Proceedings, dated May 19, 2008, at

8    140:13-141:3. In attempt to refute Mattel's evidence that that date was November

9    24, 2003, MGA then pointed to Mattel's receipt on September 23, 2003 of a copy of

10   the public writ in the Hong Kong *Cityworld* case, and speculated in a demonstrative

11   exhibit that Mattel "could have" received the drawings along with it.

12         MGA's newly-minted argument does not establish a genuine dispute of

13   fact precluding partial summary judgment in Mattel's favor.

14         *First*, MGA's own evidence disproves its speculative assertion that

15   Mattel received the drawings on September 23, 2003. Specifically, Exhibit 146 to

16   the Bogorad Declaration, at page 26, plainly indicates that Mattel had not received

17   the drawings by September 23, 2003. This exhibit is a letter from Cityworld's Hong

18   Kong law firm to Mattel, dated October 17, 2003, that states: "Mr. Normile [of

19   Mattel] has indicated ... that you needs some preliminary information in relation to

20   Bratz's design drawings in order to assess the situation. ... [O]ur client is not

21   subject to any obligation to disclose or exchange the relevant drawings until and

22   unless we have had an agreement regarding the terms and conditions of such

23   disclosure and exchange." As is undisputed, that agreement and exchange did not

24   occur until November 24, 2003, when Mattel's counsel met with Cityworld in Hong

25

26

27

28

07209/2512683.2

Case No. CV 04-9049 SGL (RNBx)
RESPONSE OF MATTEL, INC. TO SUPPLEMENTAL DECLARATION OF MARINA V. BOGORAD

EXHIBIT ___7___
PAGE ___123___

1 Kong.[1] Thus, the letter irrefutably confirms that Mattel did not have the drawings as
2 of October 17, 2003, much less the September 23, 2003 date to which MGA now
3 points.

4      *Second,* the materials themselves that Mattel did receive on September
5 23, 2003 show there were no drawings either and thus further disproves MGA's
6 belated speculation otherwise. Attached as Exhibit A to the Supplemental
7 Declaration of Michael Moore is the writ from the Cityworld case along with the
8 other materials relating to MGA suits that were publicly available from the Hong
9 Kong courts. As that September 23, 2003 fax shows, *no* drawings by Bryant or
10 anyone else were included.[2] Nor is it surprising that Mattel was able to obtain only
11 a limited amount of information about MGA's suits from the Hong Kong court files,
12 since Hong Kong court files are not generally publicly accessible.[3] Mr. Moore,
13 Mattel's in-house counsel, also confirms that Mattel did not receive any Bryant
14 drawings on that day — or on any other day prior to Mattel's meeting with Cityworld
15 on November 24, 2003.[4]

16      The undisputed evidence thus shows that Mattel did not receive the
17 drawings on or before September 23, 2003 and that MGA's counsel's speculation at
18 oral argument to the contrary is just that — pure speculation. And such speculation
19 is, under well-settled authority, insufficient to defeat Mattel's motion for summary
20 judgment. *See, e.g., British Airways Bd. v. The Boeing Co.*, 585 F.2d 946, 953-54
21 (9th Cir. 1978) ("We conclude that BOAC has failed to meet its burden under Rule

22

23    [1] See Declaration of Michael Moore in Support of Mattel, Inc.'s Consolidated
24 Opposition to Defendants' Motions for Partial Summary Judgment, dated March 24,
25 2008, at ¶ 3.
   [2] Declaration of Michael Moore, dated May 21, 2008 and filed concurrently
26 herewith, Exh. A, at ¶ 4.
27    [3] Id. at ¶ 3.
   [4] Id. at ¶ 4.
28

-2-

Case No. CV 04-9049 SGL (RNBx)

RESPONSE OF MATTEL, INC. TO SUPPLEMENTAL DECLARATION OF MARINA V. BOGORAD

EXHIBIT ___7___
PAGE ___124___

1 │ 56(e) to introduce 'specific facts' contradicting Boeing's contention that no genuine
2 │ issue of material fact exists. ...  [A]ll BOAC has come up with is supposition,
3 │ speculation, and conclusory argument of counsel."); *McGlinchy v. Shell Chem. Co.*,
4 │ 845 F.2d 802, 809 (9th Cir. 1988) (relying in *British Airways*, affirming grant of
5 │ summary judgment because nonmoving party "produced no evidence at all to
6 │ contradict Shell Oil defendants' showing, or even to enable contradictory
7 │ inferences"); *Nieves v. Univ. of Puerto Rico*, 7 F.3d 270, 276 n.9 (1st Cir. 1993)
8 │ ("Factual assertions by counsel in motion papers, memoranda, briefs, or other such
9 │ 'self-serving' documents, are generally insufficient to establish the existence of a
10 │ genuine issue of material fact at summary judgment."); *Bolt Assocs. v. Alpine*
11 │ *Geophysical Assocs.*, 365 F.2d 742, 747 n.4 (3d Cir. 1966) ("Counsel's speculations
12 │ are not sufficient to resist a motion for summary judgment.").

13 │         Accordingly, nothing in MGA's newly-minted argument or the
14 │ materials attached to the Supplemental Bogorad Declaration supports denying
15 │ Mattel's motion for partial summary judgment on the statute-of-limitations defense.
16 │ As set forth in Mattel's motion papers, the motion should be granted.

17 │

18 │ DATED: May 21, 2008                    QUINN EMANUEL URQUHART OLIVER &
   │                                        HEDGES, LLP
19 │
20 │                                        By *Michael T. Zeller*/sH
21 │                                           Michael T. Zeller
   │                                           Attorneys for Plaintiff
22 │                                           Mattel, Inc.
23 │
24 │
25 │
26 │
27 │
28 │

RESPONSE OF MATTEL, INC. TO SUPPLEMENTAL DECLARATION OF MARINA V. BOGORAD

EXHIBIT ___7___
PAGE ___125___

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11  CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)

12            Plaintiff,               Consolidated with Case No. CV 04-
                                       09059 and Case No. CV 05-02727
13        vs.
                                       SUPPLEMENTAL DECLARATION
14  MATTEL, INC., a Delaware           OF MICHAEL MOORE IN
    corporation,                       SUPPORT OF RESPONSE OF
15                                     MATTEL, INC. TO
            Defendant.                 SUPPLEMENTAL DECLARATION
16                                     OF MARINA V. BOGORAD

17  AND CONSOLIDATED CASES             Date:   May 19, 2008
                                       Time:   1:30 p.m.
18                                     Place:  Courtroom 1

19
                                       **Phase 1**
20                                     Trial Date:  May 27, 2008

21

22

23

24

25

26

27

28

07209/2513072.2

                         SUPPLEMENTAL DECLARATION OF MICHAEL MOORE

EXHIBIT ___7___
PAGE _____126_____

1    I, Michael Moore, declare as follows:

2    1.    I make this declaration in support of Mattel's Response to the

3    Supplemental Declaration of Marina V. Bogorad.  I make this declaration of

4    personal, firsthand knowledge, and if called and sworn as a witness, I could and

5    would testify competently thereto.

6    2.    I have been a Mattel employee since December 2000.  I am

7    currently Expert Counsel in Mattel's Legal Department.

8    3.    Attached as Exhibit A is a true and correct copy of a fax sent

9    from the Bird & Bird law firm in Hong Kong to Mattel's counsel, dated September

10   23, 2003 (with appropriate privilege redactions).  Among the documents included

11   with this fax are the materials relating to the Hong Kong action between MGA and

12   Cityworld Limited that Mattel received on that date.  Mattel's Hong Kong counsel

13   obtained these documents from the limited portions of the Hong Kong court files

14   which are publicly available.  As a general rule, court files in Hong Kong are not

15   public, and the materials included in the fax were the only ones relating to MGA's

16   litigation that Mattel's Hong Kong counsel were allowed to obtain from the Hong

17   Kong court files.

18   4.    As Exhibit A shows, the Cityworld case materials Mattel was

19   able to obtain did not include drawings by Bryant or anyone else.  Neither I or

20   anyone else acting for Mattel to my knowledge received any Bryant drawings on

21   September 23, 2003 -- or on any other day prior to Mattel's meeting with Cityworld

22   on November 24, 2003.

23   I declare under penalty of perjury under the laws of the United States of

24   America that the foregoing is true and correct.

25   Executed on May 21, 2008, at Riverside, California.

26

27   _____
     Michael Moore

28

-2-
SUPPLEMENTAL DECLARATION OF MICHAEL MOORE

EXHIBIT    7
PAGE       127

# EXHIBIT A

EXHIBIT    7
PAGE        128

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT _____A_____
PAGE_____3_____

EXHIBIT _____7_____
PAGE_____129_____

**FAX**

# BI.,D & BIRD

鴻　　鵠　　律　　師　　行

5/F Asia Pacific Finance Tower
Citbank Plaza
3 Garden Road
Hong Kong
Tel: +852 2248 6000
Fax: +852 2248 6011
www.twobirds.com

| | |
|---|---|
| To: | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| Atten\Ref: | Michael T Zeller |
| Fax No: | 1 213 624 0643 |
| From: | Rianna Chugani |
| Matter: | MGA Entertainment and ABC International Traders |
| Our Ref: | MHL/RMC/MATTE-003 |
| Your Ref: | |
| Date: | 23 September, 2003 |

Partners
Richard Fawcett
Matthew Laight
Edward Alder
David Richardson

Number of pages (including this page):　44

Note: This fax is intended for the named addressee only. It contains information which may be confidential and which may also be privileged. Unless you are the named addressee (or authorised to receive for the addressee) you may not copy or use it, or disclose it to anyone else. If you have received it in error please notify us immediately so that we can arrange for its return. To do so, or if you have any queries, please telephone +852 2248 6000.

Please see attached

EXHIBIT ___A___
PAGE ___4___

Non-resident

Brussels　　Düsseldorf　　The Hague　　Hong Kong　　London　　Milan　　Paris　　Stockholm

EXHIBIT ___7___
PAGE ___130___

23-SEP-2003  14:35       BIRD &  BIRD                        +852 2248 6011    P.02

# B i R D  &  B I R D

鴻      鵠      律      師      行

Our Ref: MHL/RMC/MATTE.0003

Your Ref:

6/F Asia Pacific Finance Tower
Citibank Plaza
3 Garden Road
Hong Kong
Tel: +852 2248 6000
Fax: +852 2248 6011
www.twobirds.com

23 September 2003

### BY FAX (1 213 624 0643) & BY POST

Michael T Zoller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street
10th Floor
Los Angeles, California 90017
USA

Partners
Richard Fawcett
Matthew Laight
Edward Alder
David Richardson

Dear Michael

## MGA ENTERTAINMENT AND ABC INTERNATIONAL TRADERS

### REDACTED

Best regards

Yours sincerely

RIANNA CHUGANI
Direct line: (852) 2248 6958
Email: rianna.chugani@twobirds.com

Encs

EXHIBIT ___A___
PAGE ___5___

EXHIBIT ___7___
PAGE ___131___

(Folio 1)

**HCA**   **HCA 7911/1999**

ACCOUNTS OFFICE HIGH COURT

## IN THE HIGH COURT OF THE

## HONG KONG SPECIAL ADMINISTRATIVE REGION

                                                          FC2.      1045.00
### COURT OF FIRST INSTANCE                                         1045.00
                                                14MAY '99H00080010 14:23R

**BETWEEN :-**

              MGA Entertainment (H.K.) Limited          **Plaintiff**

                            and

              LEAVES INDUSTRIES LIMITED                 **Defendant**

To the *Defendant* **Leaves Industries Limited** whose registered office at Room 1208, 12ᵗʰ Floor, The Centre Mark, Nos.287-299 Queen's Road Central, Hong Kong.

**THIS WRIT OF SUMMONS** has been issued against you by the above-named Plaintiff in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of High Court the accompanying **ACKNOWLEDGMENT OF SERVICE** stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgment within the time stated, or if you return the Acknowledgment without stating therein an intention to contest the proceedings, the Plaintiff may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this  *14* *MAY*  day of                    1999.
                                                    *1999*

*Registrar*

Note:-    This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

### IMPORTANT
Directions for Acknowledgment of Service are given with the accompanying form.

S.C.549 (s)

EXHIBIT ___*A*___
PAGE ___*6*___

EXHIBIT ___*7*___
PAGE ___*132*___

**ENDORSEMENT OF CLAIM**
(Please see attached)

Where the Plaintiff's claim is for a debt or liquidated demand only.  If, within the

time for returning the Acknowledgement of Service, the Defendant pays the amount claimed

and $1,045.00 for costs and, if the Plaintiff obtains and order for substituted service, the

additional sum of $565.00, further proceedings will be stayed.  The money must be paid to the

Plaintiff or his Solicitor.

THIS WRIT  was issued by the said Plaintiff whose registered office is situate at

Unit 704-6, Engergy Plaza, No.92 Granville Road, Tsimshatsui East, Kowloon, Hong Kong

and (if the Plaintiff does not reside within the jurisdiction whose address for service is

EXHIBIT ___A___
PAGE ___07___

EXHIBIT ___7___
PAGE ___133___

Indorsement of Claim

The Plaintiff's claim is for :-

1.     a Declaration that the moulds and toolings, as more

       particularized in the schedule annexed hereto "the said

       muolds and toolings", the property of the Plaintiff, is in

       the Defendant's possession;

2.     the delivery up forthwith of the said moulds and toolings

       and damages consequent upon the wrongful interference with

       the same by its detention;

3.     further or alternatively to (2) herein, damages;

4.     the sum of US$24,201.68 being the balance of airfreight

       charges due to the Defendant's late delivery of goods;

EXHIBIT __4__
PAGE ___8___

EXHIBIT ___7___
PAGE ___134___

5.    the sum of US$37.74 being short-shipment of goods by the

       Defendant;

6.    further or alternatively to (4) and (5) herein, damages;

7.    interest at such rate and such period as this Honourable

       Court shall deem just and proper pursuant to Section 48 of

       the High Court Ordinance, Cap.4.;

8.    costs; and

9.    further or other relief.

       Dated the 14th day of May, 1999.

                                        William M.L. Fan & Co.

                                        Solicitors for the Plaintiff

D103.99/gc

EXHIBIT ___A___
PAGE ___9___

EXHIBIT ___7___
PAGE ___135___

## Schedule

| Tools | Item No. | Product Description | CAV./UP |
|---|---|---|---|
| (i) | 233183 | Space Station | |

Tooling breakdown:

| | | |
|---|---|---|
| 1. | Top cabinet | 1 x 1 |
| 2. | Back cabinet | 1 x 1 |
| 3. | Compartment door antenna | 1 x 1 |
| | Antenna | 1 x 2 |
| 4. | Middle cabinet | 1 x 1 |
| 5. | Handheld front & back | 1 x 1 |
| 6. | Transparent globe 2 pcs | 1 x 1 |
| 7. | Battery door and round bracket | 1 x 2 |
| 8. | Blue button on main unit | 1 x 2 |
| | 2 blue button on handheld unit | 1 x 4 |
| 9. | Ear piece front & back cabinet, left & right size bracket and battery door | 1 x 1 |

| | | |
|---|---|---|
| (ii) 1 Set 231936 | Duplex Headset Walkie Talkie | |

Tooling breakdown:

| | | | No. of Tools |
|---|---|---|---|
| 1. | Main Body – Front Cab. | 1 x 1 | 3 |
| | Main Body – Back Cab. | 1 x 1 | |
| 2. | Head Belt – Front | 1 x 1 | 2 |
| | Head Belt – Back | 1 x 1 | |
| 3. | MIC Cover – Top | 1 x 4 | 1 |
| | MIC Cover – Bottom | 1 x 4 | |

EXHIBIT ___A___
PAGE ___/o___

EXHIBIT ___7___
PAGE ___/36___

|     |                            |       |   |
|-----|----------------------------|-------|---|
| 4.  | Head Belt – Connector Front | 1 x 3 | 1 |
|     | Head Belt – Connector Back  | 1 x 3 |   |
| 5.  | Eye Glass                   | 1 x 2 | 2 |
| 6.  | Main Body Batter Door       | 1 x 4 | 1 |

(iii)   234678   Laser Attack

Tooling breakdown:

| 1. | Cabinet – Left     | 1 cav.  |
|----|--------------------|---------|
|    | – Right            | 1 cav.  |
| 2. | Battery Door       | 2 cav.  |
|    | Trigger Button     | 2 cav.  |
| 3. | Lens Cover         | 2 cav.  |
| 4. | Gun cap for VR Laser Attack with new gun item | 6 cav./ 6 up |

(iv)   231417   RC Hockey

Tooling breakdown:

| 1. | Front/Rear Housing       | 2 |
|----|--------------------------|---|
|    | Receiver Battery Door    | 2 |
|    | Battery Door Setment     | 2 |
| 2. | Bottom Housing (Upper)   | 2 |
|    | Bottom Housing (Lower)   | 2 |
|    | Gear Box (Upper)         | 2 |
|    | Gear Box (Lower)         | 2 |
| 3. | Remote Control (Upper)   | 2 |
|    | Remote Control (Lower)   | 2 |
| 4. | Push Button (Left)       | 2 |
|    | Push Button (Right)      | 2 |
| 5. | Gear A to H              | 2 |

EXHIBIT __A__
PAGE __11__

EXHIBIT __7__
PAGE __137__

|  |  |  |
|---|---|---|
|  | Motor Gear | 2 |
|  | Clutch Gear | 2 |
| 6. | Ball (Frontt) & Ball (Bottom) | 2 |
|  | Hub FL, FR, RL & RR | 4 |
| 7. | Stick | 4 |
| 8. | Tyres | 8 |
| 9. | Net | 2 |

(v)      232612      RC Soccer

Tooling breakdown:

| 1. | Front & rear housing, head | 1 x 2 |
|---|---|---|
| 2. | Battery door & door setment | 2 x 2 |

(vi)      233961      Godzilla Walike Talkie

Tooling breakdown:

Plastic Tooling (1st Set)

| 1. | Base Unit – Top Cabinet | 1C/1F |
|---|---|---|
|  | – Back Cabinet | 1C/1F |
|  | – Battery Door | 1C/1F |
| 2. | Handset – Main Body | 1C/1/2F |
| 3. | Handset – Back Cabinet | 1C/1/2F |
|  | – Switch Button | 1C/1/2F |
|  | – Battery Door | 1C/1/2F |
| 4. | Tower – Higher Tower | 1C/1F |
| 5. | Tower – Lower Tower | 1C/1F |
| 6. | Antenna – Tower Antenna | 8C/8F |

Roto Tooling

EXHIBIT ___A___
PAGE ___12___

EXHIBIT ___7___
PAGE ___138___

| | | |
|---|---|---|
| 7. | Body | 6/2 |
| 8. | Head | 1/8 |
| 9. | Left Hand | 1/8 |
| 10. | .Right Hand | 1/8 |
| 11. | Left Foot | 1/8 |
| 12. | Right Foot | 1/8 |
| 13. | Tail | 2/8 |
| 14. | Stomach | 1/8 |
| 15. | 3rd Roto Mould Tooling | |

EXHIBIT __A__
PAGE __13__

EXHIBIT __7__
PAGE __139__

HCA 7911 /1999

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

BETWEEN :-

MGA ENTERTAINMENT (H.K.) LIMITED          Plaintiff

and

LEAVES INDUSTRIES LIMITED          Defendant

*************************************************

## WRIT OF SUMMONS

*************************************************

Issued this 1st MAY day of                    1999.
1999

at 21:45 pm

WILLIAM W. L. FAN & CO.
SOLICITORS
Room 1008, 10th Floor,
Wing On House,
71 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128   Fax: 2111 9336
Ref: WF-600/RC (hh)
[C:\WF-600/RC-Writ]

EXHIBIT ___A___
PAGE ___14___

EXHIBIT ___7___
PAGE ___140___

(Folio 1)

**HCA 5287/2000**

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE HIGH COURT ACC. OFFICE

ACTION NO. 5287 OF 2000   Served by FEEEPAID

Between

Golden Bright Manufacturer Limited                                    *Plaintiff*

and

MGA Entertainment (H.K.) Limited                                    *Defendant*

---

### WRIT OF SUMMONS

To the Defendant whose registered office is at Unit 704 – 706, Energy Plaza, 92 Granville Road, Tsimshatsui East, Kowloon, Hong Kong.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of the High Court the accompanying ACKNOWLEDGMENT OF SERVICE stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgment within the time stated, or if you return the Acknowledgment without stating therein an intention to contest the proceedings, the Plaintiff may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this   26th   day of   May   2000.

Registrar

Note:   This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

*IMPORTANT:*   Directions for Acknowledgment of Service are given with the accompanying form.

EXHIBIT ___A___
PAGE ___15___

EXHIBIT ___7___
PAGE ___141___

### STATEMENT OF CLAIM

1.  The Plaintiff is and has at all material times been a private limited company organized and existing under the laws of the Hong Kong Special Administrative Region, having its registered office at Room 803, 8th Floor, Peninsula Centre, No. 67 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.  The Plaintiff carries on the business of designing, manufacturing, producing, selling and offering for sale children's toys.

2.  Of the toys designed, manufactured and sold by the Plaintiff, one of them is a pinball game Art. No. 1010 (the "Plaintiff's pinball game").

3.  The Plaintiff is and has at all material times been the owner of the copyright subsisting in artistic works relating to the design of each and every part of the Plaintiff's pinball game set out below (the "Artistic Works").

### Particulars of Artistic Works

4.  The Plaintiff will rely upon the following original works (collectively the "Drawings").

    (a)  Drawings in respect of the following parts of the Plaintiff's pinball game all created by Mr Bao Wei Gang: –

| Part Description | Date of Drawing |
|---|---|
| 1010 Ground box (底盒) | 2/11/1995 |
| 1010 Ground Box Big Front Lid (大前蓋) | 23/10/1995 |
| 1010 Ground Box Small Front Lid (小前蓋) | 23/10/1995 |
| Pinball Game Support Stand (支腳) | 27/10/1995 |
| 1010 Pinball Stick (波棍) | 23/10/1995 |
| 1010 Left Control Arm (左操縱杆) | 23/10/1995 |
| 1010 Right Control Arm (右操縱杆) | 23/10/1995 |
| 1010 Pinball Shot-out Channel (追球杆) | 23/10/1995 |

EXHIBIT ___A___
PAGE ___16___

EXHIBIT ___7___
PAGE ___142___

- 2 -

| | |
|---|---|
| 1010 Pinball Shooting Lever (擊球杆) | 23/10/1995 |
| 1010 Left Control Button (左拉鈎) | 23/10/1995 |
| 1010 Right Control Button (右拉鈎) | 23/10/1995 |
| 1010 Pinball Separating Panel (球柵) | 23/10/1995 |
| 1010 Pinball Transparent Cover (玻璃) | 25/10/1995 |
| 1010 Insulating Long Mat (絕緣長墊) | 25/10/1995 |
| 1010 Semicircular Protrusions (球形蓋) | 25/10/1995 |
| 1010 Meter Surface Cover (表頭面殼) | 27/10/1995 |
| 1010 Meter Bottom (表頭底) | 27/10/1995 |
| 1010 Big Press Button (大按鈕) | 27/10/1995 |
| 1010 Decorated Steel (印花鐵) | 10/11/1995 |
| 1010 φ3.7* 10 Cock-eyed (斜眼) | 10/11/1995 |
| 1010 Pinball (彈珠) | 10/11/1995 |
| 1010 pulling coil (拉簧) φ0.4*φ4*9Lmm | 10/11/1995 |
| 1010 pulling coil (拉簧) φ0.55*φ5.1*5L*15.2MM | 10/11/1995 |

(b)     A handsample in respect of the Plaintiff's pinball game created by Mr Bao Wei Gang in or about August 1995.

KKSW/595761/1/RRD0029a

EXHIBIT ___A___
PAGE ___17___

EXHIBIT ___7___
PAGE ___143___

Case 2:04-cv-09049-DOC-RNB   Document 6680-4   Filed 09/14/09   Page 31 of 62   Page ID
#:219671
23-SEP-2003  14:55     BIRD &  BIRD                              PAGE 2240 0011     P.13/40
Case 2:04-cv-09049-SGL-RNB     Document 3730-3     Filed 05/21/2008     Page 17 of 48

- 3 -

### Particulars of subsistence and ownership of copyright

5.  (a)  The Drawings in respect of the parts of the Plaintiff's pinball game set out in the tables in paragraph 4 above were first published in or about 29th April 1996 in Spain by the first marketing and sale by the Plaintiff of the Plaintiff's pinball game made in accordance therewith.  Alternatively, the Drawings or one or more of them are unpublished.

    (b)  The Drawings are original works within the meaning of section 2 of the Copyright Ordinance (Cap 528) (the "Copyright Ordinance").

    (c)  Mr Bao Wei Gang who drew all the Drawings set out in the tables in paragraph 4 above was at all material times a citizen of, domiciled and resident in the People's Republic of China.

    (d)  Mr Bao Wei Gang was at all material times a full-time employee of the Plaintiff and drew the Drawings as set out in the tables in paragraph 4 above in the normal course of his employment with the Plaintiff.

6.  The Defendant is a limited company incorporated and existing under the laws of the Hong Kong Special Administrative Region, having its registered office at Unit 704-706, Energy Plaza, 92 Granville Road, Tsimshatsui East, Kowloon, Hong Kong.  The Defendant is a supplier and distributor of children's games and toys.

7.  Prior to the issue of Writ herein, the Defendant has infringed and threatened to infringe the Plaintiff's copyright in the Artistic Works by the sale, offer for sale and supply, and the threat to sell, offer for sale and supply, in the ordinary course of the Defendant's business of pinball games which incorporate parts which are reproductions or reproductions of substantial parts of the Artistic Works.

### Particulars of Infringement

The Plaintiff will rely, pending discovery and/or interrogatories, upon the following: -

(a)  the sale, offer for sale and supply and the threat to sell, offer for sale and supply, of the Defendant's WWF Pinball No. 237945 or any other name(s) the model has been marketed under.

(b)  the importation into, and export from, Hong Kong on divers dates presently unknown to the Plaintiff of the games referred to in sub-paragraph (a) above.

KKSW/595761/1/RRD0029a

EXHIBIT ___A___
PAGE ___18___

EXHIBIT ___7___
PAGE ___14 ?___

- 4 -

The Plaintiff is unable, prior to discovery and/or interrogatories, to give further particulars of all of the Defendant's wrongful acts of infringement of the Artistic Works, but will seek to rely at trial on each and every such wrongful act.

8.   Insofar as is necessary, the Plaintiff will rely upon the fact that at all material times the Defendant knew or had reason to believe that copyright subsists in the Plaintiff's Artistic Works and that any unauthorised manufacture of or dealing in items of which complaint is made herein would amount to infringement thereof and would have amounted to such infringement had the same been manufactured or dealt with in Hong Kong.

### Particulars of knowledge

The Plaintiff will rely, pending discovery and/or interrogatories upon the following: –

(a)   The Defendant had in early 1997 had discussion with representatives of the Plaintiff on a potential business deal regarding supply and modifications of the Plaintiff's pinball game;

(b)   The representatives of the Defendant had in 1997 visited the Plaintiff's factory in Dongguan, the PRC, and the production line therein to inspect and observe the Plaintiff's capacity to produce the Plaintiff's pinball game and the Plaintiff's process of manufacturing and assembly of the Plaintiff's pinball game;

(c)   The Defendant had requested and been provided with at least 3 samples of the Plaintiff's pinball game for the purpose of production of mock-ups in early 1998.

9.   Further the Defendant threatens and intends to infringe and/or to continue the acts of infringement complained of hereinabove.

10.   By reasons of the matter aforesaid, the Plaintiff has suffered loss and damage and will unless the Defendant's acts be restrained by this Honourable Court, suffer further loss and damage.

11.   Further, the Defendant's acts of infringement of copyright have been flagrant and have earned a benefit for which effective relief would not otherwise be available.   The Plaintiff is therefore entitled to and does claim an award of additional damages pursuant to Section 108(2) of the Copyright Ordinance.

KKSW/595761/1/RRD0029a

EXHIBIT ___A___
PAGE ___19___

EXHIBIT ___7___
PAGE ___145___

- 5 -

## Particulars of Additional Damages

The Plaintiff will rely, pending discovery and/or interrogatories, upon the Particulars of Knowledge pleaded in paragraph 8 above.

12.   Pursuant to Section 48 of the High Court Ordinance, the Plaintiff is entitled to and claims interests upon such sums as shall be awarded for such period and at such rate as this Honourable Court shall deem just.

## AND THE PLAINTIFF CLAIMS:

1.   An injunction to restrain the Defendant, whether acting by itself, its directors, officers, servants, agents, associated businesses and/or companies or otherwise howsoever from selling, offering for sale or supplying pinball games incorporating parts which are reproductions or reproductions of substantial parts of the Artistic Works or otherwise from infringing the Plaintiff's copyright in the Artistic Works.

2.   An order for delivery up or at the Plaintiff's option, destruction upon oath of all goods, articles, materials in the possession, power, custody or control of the Defendant, the continued use, sale or distribution of or otherwise howsoever dealing in or with by the Defendant which would offend against any of the foregoing injunctions.

3.   Damages, or alternatively an enquiry as to damages, or at the Plaintiff's option, an account of profits in respect of the Defendant's aforesaid wrongful acts of infringement.

4.   Additional damages pursuant to section 108(2) of the Copyright Ordinance.

5.   An order for payment by the Defendant to the Plaintiff of all sums found due upon making such enquiries and/or accounts, together with interest at such rate and for such period as this Honourable Court shall deem just pursuant to section 48 of the High Court Ordinance (Cap. 4).

6.   An order for discovery on oath of all matters relating to the foregoing.

7.   Costs.

KKSW/595761/1/RRD0029a

EXHIBIT ___A___
PAGE ___20___

EXHIBIT ___7___
PAGE ___146___

- 6 -

Such further or other relief as this Honourable Court shall deem just.

Dated    26th    day of May  2000.

JOHNSON STOKES & MASTER
Solicitors for the Plaintiff

KKSW/595761/1/RRD0029a

EXHIBIT  A
PAGE  21

EXHIBIT  7
PAGE  197

HCA

IN THE HIGH COURT OF THE HONG K(..
SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE
ACTION NO. 5287   OF 2000

Between

Golden Bright Manufacturer Limited     *Plaintiff*

and

MGA Entertainment (H.K.) Limited    *Defendant*

WRIT OF SUMMONS

Issued on the 26th day of May 2000.

Filed on the 26th day of May 2000.

2. 35

JOHNSON STOKES & MASTER,
Solicitors for the Plaintiff,
19th Floor, Prince's Building,
Chater Road, Hong Kong.
Tel. No. 2843-2211
Fax No. 2845-9121
Ref. KKSW/GS95761/1

[RRD0032]

EXHIBIT ___A___
PAGE ___22___

EXHIBIT ___7___
PAGE ___148___

HCA 2687 /2003

# IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
### COURT OF FIRST INSTANCE
### CIVIL ACTION NO. 2687 OF 2003

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BETWEEN:-

**MGA ENTERTAINMENT INC.**                    **Plaintiff**

and

**HUNGLAM TOYS COMPANY LIMITED**                    **Defendant**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To the Defendant HUNGLAM TOYS COMPANY LIMITED whose registered office situate at Flat B, 14th Floor, Glee Industrial Building, 77-81 Chai Wan Kok Street, Tsuen Wan, New Territories.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of High court the accompanying ACKNOWLEDGEMENT OF SERVICE stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if you return the Acknowledgement without stating therein an intention to contest the proceedings, the Plaintiff(s) may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this     day of   22 JUL 2003  2003.

*Registrar*

Note:-     This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

**IMPORTANT**

Directions for Acknowledgement of Service are given with the accompanying form.

S.C.549 (s)

D:\C-MY DOCUMENTS\Margaret\WF-3018-MGA\W03 Writ Endorsement.doc

Restriction on removal of documents
(The Rules of the High Court,
Order 63. Rule 9)

凡將任何法庭已存
備供離本登記處
法院條例第 63 EXHIBIT ___A___
條款)                     PAGE ___23___

EXHIBIT ___7___
PAGE ___144___

## INDORSEMENT OF CLAIM

The Plaintiff claims:-

(1)   An injunction to restrain the Defendant and whether acting by itself, its directors, officers, servants, agents or employees or any of them or otherwise howsoever from infringing the Plaintiff's copyright in original artistic works relating to the Plaintiff's fashion dolls under the name "BRATZ" and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

(2)   An order for delivery up or destruction upon oath of all articles and materials in the Defendant's possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the Defendant would offend against the foregoing injunctions or either of them.

(3)   An inquiry as to damages, alternatively damages or, at the Plaintiff's option, account of profits, in respect of the Defendant's wrongful acts of infringement of copyright as aforesaid.

(4)   Additional damages pursuant to section 108(2) of the Copyright Ordinance.

(5)   An order for the payment by the Defendant's of all sums found due to the Plaintiff upon making such inquiries and/or accounts together with such interest thereon as this Honourable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

(6)   An order for discovery or verification upon oath of all matters relating to the foregoing.

(7)   Costs.

(8)   Such further or other relief as this Honourable Court shall deem just.

Dated the       day of 22 JUL 2003.

William W. L. Fan & Co.
Solicitors for the Plaintiff

EXHIBIT    A
PAGE      24

EXHIBIT    7
PAGE          150

STATEMENT OF CLAIM

(Please see attached)

#(Where the Plaintiff's claim is for a debt or liquidated demand only: If, within the
time for returning the Acknowledgment of Service, the Defendant pays the amount
claimed and $1,550.00 for costs and, if the Plaintiff obtains an order for substituted
service, the additional sum of $565.00, further proceedings will stayed. The money must
be paid to the Plaintiff or his Solicitors.)

THIS WRIT  was issued by Messrs. William W. L. Fan & Co. of Room 507, 5th
Floor, Hang Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the
Plaintiff MGA Entertainment Inc. whose principal place of business is situate at 16730
Schoenborn Street, North Hills, Ca 91343-6122, USA and c/o Room 1001, 10th Floor,
Empire Centre, 68 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.

C:\C-MY DOCUMENT\Filip\jodocDWF-2018-MCABM& with Indorsement.doc

EXHIBIT ___A___
PAGE ___25___

EXHIBIT ___7___
PAGE _____ 151

HCA 2687/2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO. 2687 OF 2003

| MGA ENTERTAINMENT INC. | Plaintiff |
|---|---|
| and | |
| HUNGLAM TOYS COMPANY LIMITED | Defendant |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**WRIT OF SUMMONS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Issued this     day of  22 JUL 2003.

**WILLIAM W. L. FAN & CO.**
**SOLICITORS**
Room 507, 5th Floor,
Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128  Fax: 2111 9336
Ref: WF-2015-RC

EXHIBIT ____A____
PAGE ____26____

EXHIBIT ____7____
PAGE ____152____

Restriction on removal of documents
(The Rules of the High Court,
Order 63, Rule 9)

HCA  3242 /2003

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CIVIL ACTION NO. 3242 OF 2003

************************** 嚴禁將任何法庭已存
檔文件帶離本登記處
(高等法院條例第 63
章命令第 9 條)

BETWEEN:-

MGA ENTERTAINMENT INC.                                           Plaintiff

and

UNION TOP (HK) COMPANY LIMITED                          Defendant

*******************************

To the Defendant UNION TOP (HK) COMPANY LIMITED whose registered office
situate at Room 1105, 11ᵗʰ Floor, Tower II, Enterprise Square, 9 Sheung Yuet Road, Kowloon Bay, Hong
Kong.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff in
respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must
either satisfy the claim or return to the Registry of High court the accompanying
ACKNOWLEDGEMENT OF SERVICE stating therein whether you intend to contest these
proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if
you return the Acknowledgement without stating therein an intention to contest the proceedings, the
Plaintiff(s) may proceed with the action and judgment may be entered against you forthwith without
further notice.

Issued from the Registry of the High Court this        day of                        2003.

                                                                                    Registrar

Notes:-      This Writ may not be served later than 12 calendar months beginning with that date unless
renewed by order of the Court.

IMPORTANT
Directions for Acknowledgement of Service are given with the accompanying form.
S.C.349 (x)

1

EXHIBIT _____A_____
PAGE _____87_____

EXHIBIT _____7_____
PAGE _____153_____

## INDORSEMENT OF CLAIM

The Plaintiff's claim is for:

1.　'An injunction to restrain the Defendant whether acting by itself, its directors,
officers, servants or agents or any of them or otherwise howsoever from
infringing the Plaintiff's copyright subsisting in original works relating to the
Plaintiff's "BRATZ" dolls.

2.　An injunction to restrain the Defendant whether acting by itself, its directors,
officers, servants or agents or any of them or otherwise howsoever from
infringing the Plaintiff's Trade Marks Nos. 200213329 and/or 200309866.

3.　An injunction to restrain the Defendant whether acting by itself, its directors,
officers, servants or agents or any of them or otherwise howsoever from passing
off, attempting to pass off, causing, enabling or assisting others to pass off dolls
and doll accessories not the products of or associated with the Plaintiff as and
for the products of or associated with the Plaintiff by the use in connection
therewith:

　　(a)　Dolls appearing identical or deceptively or confusingly similar to the
Plaintiff's "BRATZ" dolls or any of them;

　　(b)　The mark "BRATZ" or any mark deceptively or confusingly similar to
the Plaintiff's trade mark "BRATZ"; and/or

　　(c)　Packaging for dolls identical or deceptively or confusingly similar to the
Plaintiff's packaging for dolls,

or by any other means whatsoever.

3

EXHIBIT ___A___
PAGE ___28___

EXHIBIT ___7___
PAGE ___154___

4.      An injunction to restrain the Defendant whether acting by itself, its directors, officers, servants or agents or any of them or otherwise howsoever from authorizing, procuring, causing, enabling or assisting others to do any of the acts the subject of the foregoing injunctions or any of them.

5.      An order for delivery up upon oath of all dolls, packaging and other articles, papers and materials in the possession, custody, power or control of the Defendant the continued retention and use of or dealing in or with which by the Defendant would offend against the foregoing injunctions or any of them.

6.      Damages or an inquiry as to damages or, at the Plaintiff's option, an account of profits in respect of:
       (a)    infringement of copyright (damages to include additional damages);
       (b)    infringement of trade mark (damages to include exemplary damages); and/or
       (c)    passing off (damages to include exemplary damages).

7.      An order for payment of all sums found due to the Plaintiff upon taking such an inquiry or account together with such interest thereon as this Honourable Court shall deem just pursuant to the High Court Ordinance.

8.      Discovery upon oath of all matters relating to the foregoing.

4

EXHIBIT ___A___
PAGE ___29___

EXHIBIT ___7___
PAGE ___155___

9.   Costs.

10.   Further or other relief.

Dated this   28th day of August, 2003.

WILLIAM W. L. FAN & CO.

Solicitors for the Plaintiff

EXHIBIT   A
PAGE   30

EXHIBIT   7
PAGE   156

## STATEMENT OF CLAIM

(Please see attached)

~~*(Where the Plaintiff's claim is for a debt or liquidated demand only: If, within the time
for returning the Acknowledgment of Service, the Defendant pays the amount claimed and
$1,550.00 for costs and, if the Plaintiff obtains an order for substituted service, the additional sum
of $565.00, further proceedings will stayed.   The money must be paid to the Plaintiff or his
Solicitors.)~~

THIS WRIT   was issued by Messrs. William W. L. Fan & Co. of Room 507, 5th Floor,
Hang Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the Plaintiff MGA
Entertainment Inc. whose principal place of business is situate at 16730 Schoenborn Street, North
Hills, Ca 91343-6122, USA and c/o Room 1001, 10th Floor, Empire Centre, 68 Mody Road,
Tsimshatsui East, Kowloon, Hong Kong.

U:\C:\MY DOCUMENTS\L:\gp\Berman-1975-Union Top\Writ with Indorsement.doc

EXHIBIT ___4___
PAGE ___31___

EXHIBIT ___7___
PAGE ___152___

HCA    /2003

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO.    OF 2003

MGA ENTERTAINMENT INC.                    Plaintiff

and

UNION TOP (HK) COMPANY LIMITED      Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

WRIT OF SUMMONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Issued this    day of        2003.

WILLIAM W. L. FAN & CO.
SOLICITORS
Room 507, 5th Floor,
Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel: 2110 2128    Fax: 2111 9336
Ref: WF-1975-RC

EXHIBIT ____A____
PAGE ____32____

EXHIBIT ____7____
PAGE ____158____

HCA *1885* /2003

## IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
## COURT OF FIRST INSTANCE
## CIVIL ACTION NO. *1887* OF 2003

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BETWEEN:-

**MGA ENTERTAINMENT INC.**                                         1ˢᵗ Plaintiff

**MGA ENTERTAINMENT (H.K.) LIMITED**                              2ⁿᵈ Plaintiff

and

**DOUBLE GRAND CORPORATION LIMITED**                        Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To the Defendant DOUBLE GRAND CORPORATION LIMITED whose registered office situate at Room 501A, Energy Plaza, 92 Granville Road, Tsimshatsui East, Kowloon, Hong Kong.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff(s) in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of High court the accompanying ACKNOWLEDGEMENT OF SERVICE stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if you return the Acknowledgement without stating therein an intention to contest the proceedings, the Plaintiff(s) may proceed with the action and Judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this 26ᵗʰ day of    *May*         2003.

*Registrar*

Note:-      This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

## IMPORTANT
Directions for Acknowledgement of Service are given with the accompanying form.

S.C.549 (s)

EXHIBIT ___*A*___
PAGE ___*33*___

EXHIBIT ___*7*___
PAGE ___*159*___

23  Case 2:04-cv-09049-SGE-RNB   Document 3730-3   Filed 05/21/2008   Page 33 of 48  31/46

STATEMENT OF CLAIM

(Please see attached)

*(Where the Plaintiff's claim is for a debt or liquidated demand only: If, within the
time for returning the Acknowledgment of Service, the Defendant pays the amount
claimed and $1,550.00 for costs and, if the Plaintiff obtains an order for substituted
service, the additional sum of $565.00, further proceedings will stayed.  The money must
be paid to the Plaintiff or his Solicitors.)

THIS WRIT  was issued by Messrs. William W.L. Fan & Co. of Room 507, 5th
Floor, Hang Seng Building, 77 Des Voeux Road Central, Hong Kong; Solicitors for the 1st
Plaintiff MGA Entertainment Inc. whose principal place of business is situated at 16730
Schoenborn Street, North Hills, Ca 91343-6122, USA and the 2nd Plaintiff MGA
Entertainment (H.K.) Limited whose registered office is situated at Room 1001, Empire
Centre, 68 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.

EXHIBIT _____A_____
PAGE _____34_____

EXHIBIT _____7_____
PAGE _____160_____

## INDORSEMENT OF CLAIM

The 1st and 2nd Plaintiffs claim:-

(1)  An injunction to restrain the Defendant and whether acting by itself, its directors, officers, servants, agents or employees or any of them or otherwise howsoever from infringing the 1st Plaintiff's copyright in original artistic works relating to the 1st Plaintiff's fashion dolls under the name "Bratz" and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

(2)  An order for delivery up or destruction upon oath of all articles and materials in the Defendant's possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the Defendant would offend against the foregoing injunctions or either of them.

(3)  An inquiry as to damages, alternatively damages or, at the Plaintiffs' option, account of profits, in respect of the Defendant's wrongful acts of infringement of copyright and passing off as aforesaid.

(4)  Additional damages pursuant to section 108(2) of the Copyright Ordinance.

(5)  An order for the payment by the Defendant's of all sums found due to the Plaintiffs upon making such inquiries and/or accounts together with such interest thereon as this Honourable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

(6)  An order for discovery or verification upon oath of all matters relating to the foregoing.

(7)  Costs.

(8)  Such further or other relief as this Honourable Court shall deem just.

Dated the 26th day of May    2003.


Colin Andrew Shipp
Counsel for the 1st and 2nd Plaintiffs


William W. L. Fan & Co.
Solicitors for the 1st and 2nd Plaintiffs

EXHIBIT ___A___
PAGE ___35___

EXHIBIT ___7___
PAGE ___161___

HCA       /2002

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO.1887 OF 2003

---

| | |
|---|---|
| MGA ENTERTAINMENT INC. | 1st Plaintiff |
| MGA ENTERTAINMENT (H.K.) LIMITED | 2nd Plaintiff |

and

| | |
|---|---|
| DOUBLE GRAND CORPORATION LIMITED | Defendant |

*********************************************************************

## WRIT OF SUMMONS

*********************************************************************

Issued this 26th day of May 2003.

WILLIAM W. L. FAN & CO,
SOLICITORS
Room 507, 5th Floor,
Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128  Fax: 2111 9336
Ref: WF-1921-RC

EXHIBIT ___A___
PAGE ___36___

EXHIBIT ___7___
PAGE ___162___

**(Folio 1)**

# HCA 2152/2002

HCA 2/52/2002

### IN THE HIGH COURT OF THE
### HONG KONG SPECIAL ADMINISTRATIVE REGION
### COURT OF FIRST INSTANCE
### CIVIL ACTION NO. 2/52 OF 2002

HIGH COURT ACC. OFFICE

Served by    FEESPAID

FC2                          1045.00
CHEQUE
JUN05 '02H001A034# 14:53R   1045.00
                             FEESPAID

BETWEEN:-

**ABC INTERNATIONAL TRADERS, INC.**                          **Plaintiff**
doing business as MGA ENTERTAINMENT

**and**

**TOYS & TRENDS (HONG KONG) LIMITED**                        **1st Defendant**

**CITYWORLD LIMITED**                                        **2nd Defendant**

**JURG WILLI KESSELRING**                                    **3rd Defendant**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To the 1st Defendant TOYS & TRENDS (HONG KONG) LIMITED and the 2nd Defendant CITYWORLD LIMITED whose respective registered offices both situate at Room 1111, Wing On Plaza, 62 Mody Road, Tsimshatsui East, Kowloon, Hong Kong and the 3rd Defendant JURG WILLI KESSELRING of Room 1111, Wing On Plaza, 62 Mody Road, Tsimshatsui, East, Kowloon, Hong Kong.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff(s) in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of High court the accompanying ACKNOWLEDGEMENT OF SERVICE stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if you return the Acknowledgement without stating therein an intention to contest the proceedings, the Plaintiff(s) may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this 5 day of June

Note:-    This Writ may not be served later than 12 calendar months beginning with that date unless renewed by order of the Court.

**IMPORTANT**
Directions for Acknowledgement of Service are given with the accompanying form.
S.C.549 (s)

EXHIBIT ___A___
PAGE ___37___

EXHIBIT ___7___
PAGE ___163___

### STATEMENT OF CLAIM
(Please see attached)

*(Where the Plaintiff's claim is for a debt or liquidated demand only: If, within the time for returning the Acknowledgment of Service, the Defendant pays the amount claimed and $1,550.00 for costs and, if the Plaintiff obtains an order for substituted service, the additional sum of $565.00, further proceedings will be stayed. The money must be paid to the Plaintiff or his Solicitors.)

THIS WRIT   was issued by Messrs. William W. L. Fan & Co. of Room 507, 5th Floor Hang Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the Plaintiff ABC International Traders, Inc. d/b/a MGA Entertainment whose places of business are situated at 16730 Schoenborn Street, North Hills, Ca 91343-6122, USA and Unit 704-706, Room 1001, Empire Centre, 68 Mody Road, Tsimshatsui East, Kowloon, Hong Kong.

William W. L. Fan & Co
Solicitors for the Plaintiff

EXHIBIT ___A___
PAGE ___38___

EXHIBIT ___7___
PAGE ___169___

## INDORSEMENT OF CLAIM

The Plaintiff claims:-

(1)   An injunction to restrain the 1st, 2nd and 3rd Defendants and each of them, in the case of the
1st and 2nd Defendants whether acting by themselves, their respective directors, officers,
servants, agents or employees or any of them or otherwise howsoever and in the case of the
3rd Defendant whether acting by himself, his servants or agents or any of them or otherwise
howsoever from: -

   (a) infringing the Plaintiff's copyright in original artistic works relating to the Plaintiff's fashion
   dolls and their accessories and packaging under the name "Bratz"; and

   (b) passing off, attempting to pass off, causing, enabling or assisting others to pass off in
   Canada, Spain, United Kingdom and United States of America and elsewhere, goods, in
   particular, dolls and/or their packaging and/or their accessories not the goods of the
   Plaintiff as and for the goods of the Plaintiff or as being associated, licensed or endorsed
   by the Plaintiff in any way howsoever or by any colourable imitation confusingly or
   deceptively similar thereto,

and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

(2)   An order for delivery up or destruction upon oath of all articles and materials in the
Defendants' possession, power, custody or control including dies, plates, templates,
labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by
the Defendants or each of them would offend against the foregoing injunctions or either of
them.

(3)   An inquiry as to damages, alternatively damages or, at the Plaintiff's option, account of
profits, in respect of the 1st 2nd and 3rd Defendants' wrongful acts of infringement of
copyright and passing off as aforesaid.

(4)   Additional damages pursuant to section 108(2) of the Copyright Ordinance.

(5)   An order for the payment by the 1st 2nd and 3rd Defendants of all sums found due to the
Plaintiff upon making such inquiries and/or accounts together with such interest thereon
as this Honourable Court shall deem just pursuant to Section 48 of the High Court
Ordinance.

D:\My Documents\Trade Mark Patent\Nsf-1595-MGA\Revised Indorsement of Claim.doc

EXHIBIT ___4___
PAGE ___39___

EXHIBIT ___7___
PAGE ___165___

An order for discovery or verification upon oath of all matters relating to the foregoing.

(7)     Costs.

(8)     Such further or other relief as this Honourable Court shall deem just.

Dated the 5th day of June 2002.

William W. L. Fan & Co.
Solicitors for the Plaintiff

D:\My Documents\These Mark Patent\VF-1585-M34\Revised Indorsement of Claim.doc

EXHIBIT ____A____
PAGE ____40____

EXHIBIT ____7____
PAGE ____166____

HCA²/⁵⁴2o

## IN THE HIGH COURT OF THE

## HONG KONG SPECIAL ADMINISTRATIVE REGION

## COURT OF FIRST INSTANCE

### ACTION NO. ²/⁵² OF 2002

---

| | |
|---|---|
| **ABC INTERNATIONAL TRADER, INC.**<br>**doing business as MGA ENTERTAINMENT** | **Plaintiff** |

and

| | |
|---|---|
| **TOYS & TRENDS (HONG KONG) LIMITED** | **1ˢᵗ Defendant** |
| **CITYWORLD LIMITED** | **2ⁿᵈ Defendant** |
| **JURG WILLI KESSELRING** | **3ʳᵈ Defendant** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### WRIT OF SUMMONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Issued this 5ᵗʰ day of June 2002.    1847

**WILLIAM W. L. FAN & CO.**
**SOLICITORS**
Room 507, 5ᵗʰ Floor,
Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128 Fax: 2111 9338
Ref: WF-1595-TC/CL

D:\My Documents\Trade Mark Files\WF-1595-InC\Revised instrument of Ch\ins.doc

EXHIBIT ___A___
PAGE ___4/___

EXHIBIT ___7___
PAGE ___167___

23-SEP-2002 04:59 09049-SGURRNB BIB Document 3730-3    Filed 05/21/2008   Page 41 of 46 39/46

〔Folio 1〕

# HCA 3010/2002

HCA $\frac{3}{2}$/1 /2002

## IN THE HIGH COURT OF THE
### HONG KONG SPECIAL ADMINISTRATIVE REGION ACCOUNTS OFFICE HIGH COURT
### COURT OF FIRST INSTANCE
### CIVIL ACTION NO. 3/1 OF 2002

1>    TB          - 00
                          FC2    1045.00
CHEQUE            1045.00
******************BAUG 02 00080210 11:08R

BETWEEN:-

ABC INTERNATIONAL TRADERS, INC.                    **Plaintiff**
doing business as MGA ENTERTAINMENT

and

QUALIMAN INDUSTRIAL COMPANY LIMITED               **1ˢᵗ Defendant**

PRIME DESIGNS, LIMITED                             **2ⁿᵈ Defendant**

**********************************

·To the 1ˢᵗ Defendant **QUALIMAN INDUSTRIAL COMPANY LIMITED** whose registered office situates at Room 1903, Cheung Tat Centre, 18 Cheung Lee Street, Chai Wan, Hong Kong and the 2ⁿᵈ Defendant **PRIME DESIGNS, LIMITED** whose registered office situates at 3ʳᵈ Floor, Flat Q, Kaiser Estate Phase 3, Hok Yuen Street, Kowloon, Hong Kong.

**THIS WRIT OF SUMMONS** has been issued against you by the above-named Plaintiff(s) in respect of the claim set out on the back.

Within 14 days after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registry of High court the accompanying **ACKNOWLEDGEMENT OF SERVICE** stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgement within the time stated, or if you return the Acknowledgement without stating therein an intention to contest the proceedings, the Plaintiff(s) may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued from the Registry of the High Court this 8ᵗʰ day of *August*, 2002.

Note:-       This Writ may not be served later than 12 calendar months beginning that date unless renewed by order of the Court.

**IMPORTANT**
Directions for Acknowledgement of Service are given with the accompanying form.
S.C.549 (s)

C:\C-My Document\Master\wrbF-1372-MG/Cw4-1372 wrb.doc

EXHIBIT ____A____
PAGE ____42____

EXHIBIT ____7____
PAGE ____168____

### STATEMENT OF CLAM
(please see attached)

~~+ *(Where the Plaintiff's claim is for a debt or liquidated demand only. If, within the time for~~
returning the Acknowledgement of Service, the Defendant pays ~~the amount claimed~~ and $
for costs and, if the Plaintiff obtains ~~an order for substituted~~ service, the additional sum
of $          , ~~further proceedings~~ will be stayed.  The money must be paid to the Plaintiff or his
~~Solicitors.)~~

THIS WRIT was issued by Messrs. William W.L. Fan & Co. of Room 507, 5th Floor, Hang
Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the Plaintiff ABC
International Traders, Inc. d/b/a MGA Entertainment of 16730 Schoenborn Street, North Hills,
California 91343-6122, USA and of Room 1001, Empire Centre, 68 Mody Road, Tsimshatsui
East, Kowloon, Hong Kong.

William W.L. Fan & Co.
Solicitors for the Plaintiff

C:\Q-My Documents\MGA\MGA\WF-1572-MGA\wf-1372 writ.doc

EXHIBIT _____A_____
PAGE _____43_____

EXHIBIT _____7_____
PAGE _____169_____

## INDORSEMENT OF CLAIM

The Plaintiff claims:-

(1)  Against the 1st Defendant for damages for breach of a contract in writing dated 12th December 2001 made between the Plaintiff and the 1st Defendant.

(2)  An injunction to restrain the 1st and 2nd Defendants and either of them whether acting by themselves, their respective directors, officers, servants, agents or employees or any of them or otherwise howsoever from infringing the Plaintiff's copyright in original artistic works relating to the Plaintiff's fashion dolls and their accessories and packaging under the names "Bratz" and/or "Bratzpack" and/or from directing, procuring, instigating, causing, enabling or assisting others to do so.

(3)  An order for delivery up or destruction upon oath of all goods, articles and materials in the Defendants' possession, power, custody or control including dies, plates, templates, labels, moulds, leaflets, catalogues and packaging the use or sale or dealing therewith by the Defendants or either of them would offend against the foregoing injunction.

(4)  An inquiry as to damages, alternatively damages or, at the Plaintiff's option, account of profits, in respect of the 1st and 2nd Defendants' wrongful acts of infringement of copyright.

(5)  Additional damages pursuant to section 108(2) of the Copyright Ordinance.

(6)  Damages for breach of contract.

(7)  An order for the payment by the 1st and 2nd Defendants of all sums found due to the Plaintiff upon making such inquiries and/or accounts together with such interest thereon as this Honorable Court shall deem just pursuant to Section 48 of the High Court Ordinance.

(8)  An order for discovery or verification upon oath of all matters relating to the foregoing.

(9)  Interests.

(10)  Costs.

(11)  Such further or other relief as this Honorable Court shall deem just.

CAC:My Documents\URyan\enb\MY-1972-MGA\wi-1572.wdt.doa

EXHIBIT ___A___
PAGE ___44___

EXHIBIT ___7___
PAGE ___170___

Dated the 3RD day of August 2002.

William W. L. Fan & Co.

William W. L. Fan & Co.
Solicitors for the Plaintiff

O:\C-My Documents\Updates\NY-1573 MGA\444-1573 WR.doc

EXHIBIT   A
PAGE   45

EXHIBIT   7
PAGE   171

HCA 3-/- /2002

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

ACTION NO. 3-/ OF 2002

ABC INTERNATIONAL TRADER, INC.                    Plaintiff
doing business as MGA ENTERTAINMENT

and

QUALIMAN INDUSTRIAL
COMPANY LIMITED                                   1st Defendant

PRIME DESIGNS, LIMITED                            2nd Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

WRIT OF SUMMONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Issued this 3rd day of August 2002.
t 1230

WILLIAM W. L. FAN & CO.
SOLICITORS
Room 507, 5th Floor,
Hang Seng Building,
77 Des Voeux Road Central,
Hong Kong.
Tel.: 2110 2128    Fax: 2111 9336
Ref: WF-1572-MKL

EXHIBIT ___A___
PAGE ___46___

EXHIBIT ___7___
PAGE ___172___

Master S. Kwang

05/02/2003 (Wed) 09:30 am

HCMP438 /2003

· (Folio 1)

**HCMP 438/2003**

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO.438 OF 2003

HIGH COURT ACC. OFFICE

Served by   FEESPAID

· 1045.00
1045.00
FEESPAID

IN THE MATTER OF WATERCORE LIMITED (In
Creditors' Voluntary Winding-up under Section 228A
of the Companies Ordinance, Cap. 32)

And

IN THE MATTER OF Rules 208 & 95 of Companies
(Winding-up) Rules, Companies Ordinance, Cap.32

BETWEEN

MGA ENTERTAINMENT (H.K.) LIMITED

Applicant

And

LO KWOK HUNG JOHN
Liquidator of WATERCORE LIMITED
(In Creditors' Voluntary Winding-up under
Section 228A of the Companies Ordinance, Cap 32)

Respondent

Rule 208 of Companies      )
Winding-up Rules,          )
Companies Ordinance,Cap.32 )

—support at (5)

**SUMMONS**

LET ALL PARTIES CONCERNED   attend before Master S, Kwang  in Chambers  at

the High Court, 38 Queensway, Hong Kong, on the 5th  day of February 2003,

at 9:30 o'clock in the  fore . -noon on the  hearing  of  the  application  of  MGA

Entertainment (H.K.) Limited (a creditor in the said Creditors' Voluntary Winding-up

matter) for an Order that: -

-1-

EXHIBIT ___A___
PAGE ___47___

EXHIBIT ___7___
PAGE ___173___

1. MGA Entertainment (H.K.) Limited do have leave to file within 21 days from the date of the Order to be sought herein, its appeal under Rule 95 of Companies Winding-up Rules, Companies Ordinance (Cap.32) against the Notice of Rejection of Proof of Debt (Form 65) dated 16th January 2003 issued by the Respondent herein.

2. The time for service of this Summons be abridged.

3. Costs of this application be provided for.

Dated the    29th    day of January   2003.

~~Estimated time: 3 minutes.~~

This Summons was taken out by Messrs. William W. L. Fan & Co. of Room 507, 5th Floor, Hang Seng Building, 77 Des Voeux Road Central, Hong Kong, Solicitors for the Applicant.

To :   (1)   The Registrar
              of the High Court

         &

       (2)   LO KWOK HUNG JOHN
              Liquidator of Watercore Limited
              (In Creditors' Voluntary Winding-up
              under Section 228A of
              Companies Ordinance (Cap.32))
              of Unit 2303, 23rd Floor,
              SUP Tower, 75-83 King's Road,
              North Point, Hong Kong.

**IF you do not attend, the Court may make such order as it thinks fit.**

-2-

EXHIBIT ___A___
PAGE ___48___

EXHIBIT ___7___
PAGE ___

Date : 1-5-05 From 9:5~ To 9:50~
Coram : Master S. Kwang     in Chambers

Mrs M.K.Lee of     —  William W. L. Fan & Co  for Appt

Mr. A. Lo  of     —  Joseph C.T. Lee & Co  for Resp.

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
MISCELLANEOUS PROCEEDINGS NO. 438 OF 2003

HCMP 438 of 2003

Resp: Ho Kwok Hung John,
liquidator of Watercore Ltd ( )

Lee: Bringmann of firm to
file their appeal
for rejection of
proof of debt.

Approved period was 8.0
to expire 6/5/05

IN THE MATTER OF Rules 208 & 95 of Companies
(Winding-up) Rules, Companies Ordinance, Cap.32
And
IN THE MATTER OF WATERCORE LIMITED (in
Creditors' Voluntary Winding-up under Section 228A
of the Companies Ordinance, Cap.32)

BETWEEN

MGA ENTERTAINMENT (H.K.) LIMITED
                                                    Applicant
And
LO KWOK HUNG JOHN, Liquidator of WATERCORE
LIMITED (in Creditors' Voluntary Winding-up under
Section 228A of the Companies Ordinance, Cap 32)
                                                    Respondent

SUMMONS

Filed on the       day of       2002.

29 JAN 2003

Lo: Oppose the application.
Appeal should be dealt on the existing
evidence.

Ce: Any real prejudice suffered by
the liquidator / estate of the Co.

WILLIAM W. L. FAN & CO.
Solicitors
Room 507, 5th Floor
Hang Seng Building
77 Des Voeux Road, Central,
Hong Kong.
Tel: 2110 2128      Fax: 2111 9336
Ref: WF-1578-TC

Lo: No real prejudice.

Co. Admitted for 1/2 year at 5m.
Such gross on sum in & claim.

EXHIBIT ____A____
PAGE ____49____

TOTAL P.46

EXHIBIT ____7____
PAGE ____175____