1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

           UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10              EASTERN DIVISION

11

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | DISCOVERY MATTER<br>[To Be Heard by Discovery Master<br>Robert C. O'Brien Pursuant to Order<br>of January 6, 2009] |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | [PUBLIC REDACTED] MATTEL'S SEPARATE STATEMENT IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME FOR MGA AND LARIAN TO RESPOND TO REQUESTS FOR ADMISSION AND FOR PRODUCTION OF PRIVILEGE LOG |
| AND CONSOLIDATED ACTIONS | **Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

07975/3104105.1

SEPARATE STATEMENT ISO OF EX PARTE APP FOR ORDER SHORTENING TIME TO RESPOND TO RFA'S

## SEPARATE STATEMENT

Mattel, Inc. respectfully submits this Separate Statement in Support of its Ex Parte Application for an Order Shortening Time for MGA and Larian to Respond to Requests for Admission and for Production of Privilege Log. For the Discovery Master's convenience, this Separate Statement includes the text of each Requests for Admission to MGA (in Section I) and to Larian (in Section II) and a discussion of why a response to each Request should be compelled.

**I.    REQUESTS FOR ADMISSION TO MGA RELATED TO MGA'S ASSERTION OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS THAT ARE THE SUBJECT OF THE COURT'S ORDER TO SHOW CAUSE DATED AUGUST 31, 2009**

**REQUEST FOR ADMISSION NO. 1:**

Admit that MGA did not produce to Mattel the document attached hereto as Exhibit 1 prior to May 27, 2008.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing. In particular, this Request is relevant to whether MGA's withholding of the Larian-O'Connor email deprived Mattel of an opportunity to use that email at the Phase 1 trial. It is additionally relevant to whether the decision to withhold the email was deliberate, which would constitute the RICO predicate of obstruction of justice.

**REQUEST FOR ADMISSION NO. 2:**

Admit that MGA had been compelled by Court Order prior to May 27, 2008 to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing. In particular, this Request is relevant to whether MGA violated a Court order in order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial. The request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations to Mattel's detriment. It is additionally relevant to whether the decision to withhold the email was deliberate, which would constitute the RICO predicate of obstruction of justice.

**REQUEST FOR ADMISSION NO. 3:**

Admit that MGA knew, prior to May 27, 2008, that MGA had been compelled by Court Order to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing. In particular, this Request is relevant to whether MGA violated a Court order in order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial. The request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations under oath to Mattel's detriment. It is additionally relevant to whether the decision to withhold the email was deliberate, which would constitute the RICO predicate of obstruction of justice.

1        This Request does not seek privileged information including because it

2    does not seek the content of any privileged communication.

3

4    **REQUEST FOR ADMISSION NO. 4:**

5        Admit that MGA knew the document attached hereto as Exhibit 1 was

6    not produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

7    **MATTEL'S ARGUMENT**

8        This Request is relevant to MGA's withholding of the non-privileged

9    Larian-O'Connor email, which is an issue before the Court at the September 22

10   hearing.  In particular, this Request is relevant to whether MGA knowingly deprived

11   Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial.  It is

12   also directly relevant to whether the decision to withhold the email would constitute

13   the RICO predicate of obstruction of justice.

14       This Request does not seek privileged information, including becauseit

15   does not seek the content of any privileged communication.

16

17   **REQUEST FOR ADMISSION NO. 5:**

18       Admit that MGA knew, at the time of the commencement of the Phase

19   1 trial in this matter, that the document attached hereto as Exhibit 1 was relevant to

20   issues to be tried by the jury in the Phase 1 trial.

21   **MATTEL'S ARGUMENT**

22       This Request is relevant to MGA's withholding of the non-privileged

23   Larian-O'Connor email, which is an issue before the Court at the September 22

24   hearing. · In particular, this Request is relevant to whether MGA knowingly deprived

25   Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial.  For

26   this same reason, the request is relevant to facts establishing the RICO predicate act

27   of obstruction of justice.

28

1          This Request does not seek privileged information, including because it
2  does not seek the content of any privileged communication.

3

4  **REQUEST FOR ADMISSION NO. 6:**

5          Admit that the document attached hereto as Exhibit 1 was withheld by
6  MGA from production in this litigation to Mattel on attorney-client privilege
7  grounds until August 21, 2009.

8  **MATTEL'S ARGUMENT**

9          This Request is relevant to MGA's withholding of the non-privileged
10  Larian-O'Connor email, which is an issue before the Court at the September 22
11  hearing.  In particular, the Request seeks confirmation of the basis on which it was
12  withheld in the face of Court Orders and thus is relevant to the OSC issue of
13  whether MGA improperly designated the email as privileged.  This information is
14  additionally relevant to establishing that MGA's concealment of the email was done
15  in order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the
16  Phase 1 trial, which would constitute the RICO predicate of obstruction of justice.
17  The Request is also relevant to whether the crime-fraud exception applies to
18  communications regarding MGA's decision to withhold the email and whether it
19  comes within the scope of MGA's waiver of the privilege at Phase 1 trial.

20          This Request does not seek privileged information, including because it
21  does not seek the content of any privileged communication.

22

23  **REQUEST FOR ADMISSION NO. 7:**

24          Admit that the document attached hereto as Exhibit 1 was withheld by
25  MGA from production in this litigation to Mattel on work product grounds until
26  August 21, 2009.

27  **MATTEL'S ARGUMENT**

28

-5-

1    This Request is relevant to MGA's withholding of the non-privileged

2  Larian-O'Connor email, which is an issue before the Court at the September 22

3  hearing, for the reasons discussed in connection with RFA No. 6 above.

4  Additionally, the Request is relevant to whether MGA improperly designated the

5  email as privileged in order to deprive Mattel of an opportunity to use the Larian-

6  O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of

7  obstruction of justice.  The Request is also relevant to whether the crime-fraud

8  exception applies to communications regarding MGA's decision to withhold the

9  email and whether it comes within the scope of MGA's waiver of the privilege at

10  Phase 1 trial.

11    This Request does not seek privileged information, including because it

12  does not seek the content of any privileged communication.

13

14  **REQUEST FOR ADMISSION NO. 8:**

15    Admit that the document attached hereto as Exhibit 1 is protected by

16  attorney-client privilege.

17  **MATTEL'S ARGUMENT**

18    This Request is relevant to MGA's withholding of the non-privileged

19  Larian-O'Connor email, which is an issue before the Court at the September 22

20  hearing.  In particular, the information is relevant to determining whether MGA's

21  production of the email constituted waiver of the attorney-client privilege and the

22  veracity of MGA's prior, repeated representations and claims that the email is

23  privileged, in contrast to its recent apparent claims that the email is not protected by

24  privilege.  Additionally, the Request is relevant to whether MGA improperly

25  designated the email as privileged in order to deprive Mattel of an opportunity to use

26  the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO

27  predicate of obstruction of justice.  The Request is also relevant to whether the

28  crime-fraud exception applies to communications regarding MGA's decision to

1  withhold the email and whether it comes within the scope of MGA's waiver of the
2  privilege at Phase 1 trial.  Finally, the Request is relevant to the allegation in the
3  TAAC that the MGA Parties made false representations under oath to Mattel's
4  detriment, including with respect to the timing of the creation of Bratz at Phase 1
5  trial.

6          This Request does not seek privileged information.  It merely seeks to
7  establish MGA's binding position as to the document and its privileged or non-
8  privileged status.  It does not seek the content of any privileged communication.

9

10 **REQUEST FOR ADMISSION NO. 9:**
11         Admit that the document attached hereto as Exhibit 1 is protected by
12 the work product doctrine.
13 **MATTEL'S ARGUMENT**
14         This Request is relevant to MGA's withholding of the non-privileged
15 Larian-O'Connor email, which is an issue before the Court at the September 22
16 hearing, for the same reasons discussed with respect to RFA No. 8 above.
17 Additionally, the Request is relevant to whether MGA improperly designated the
18 email as privileged in order to deprive Mattel of an opportunity to use the Larian-
19 O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of
20 obstruction of justice.  The Request is also relevant to whether the crime-fraud
21 exception applies to communications regarding MGA's decision to withhold the
22 email and whether it comes within the scope of MGA's waiver of the privilege at
23 Phase 1 trial.  Finally, the Request is relevant to the allegation in the TAAC that the
24 MGA Parties made false representations under oath to Mattel's detriment, including
25 with respect to the timing of the creation of Bratz at Phase 1 trial.
26         This Request does not seek privileged information.  It merely seeks to
27 establish MGA's binding position as to the document and its protected or non-
28 protected status.  It does not seek the content of any privileged communication.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the document attached hereto as Exhibit 1 is not protected by attorney-client privilege.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing. In particular, the information is relevant to determining whether MGA's production of the email constituted waiver of the attorney-client privilege and the veracity of MGA's prior, repeated representations and claims that the email is privileged, in contrast to its recent apparent claims that the email is not protected by privilege. Additionally, the Request is relevant to whether MGA improperly designated the email as privileged in order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of obstruction of justice. The Request is also relevant to whether the crime fraud exception applies to communications regarding MGA's decision to withhold the email and whether it comes within the scope of MGA's waiver of the privilege at Phase 1 trial. Finally, the Request is relevant to the allegation in the TAAC that the MGA Parties made false representations under oath to Mattel's detriment, including with respect to the timing of the creation of Bratz at Phase 1 trial.

This Request does not seek privileged information. It merely seeks to establish MGA's binding position as to the document and its privileged or non-privileged status. It does not seek the content of any privileged communication.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the document attached hereto as Exhibit 1 is not protected by work product doctrine.

1 | **MATTEL'S ARGUMENT**

2        This Request is relevant to MGA's withholding of the non-privileged

3 Larian-O'Connor email, which is an issue before the Court at the September 22

4 hearing, for the same reasons discussed with respect to RFA No. 10 above.

5 Additionally, the Request is relevant to whether MGA improperly designated the

6 email as privileged in order to deprive Mattel of an opportunity to use the Larian-

7 O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of

8 obstruction of justice. The Request is also relevant to whether the crime-fraud

9 exception applies to communications regarding MGA's decision to withhold the

10 email and whether it comes within the scope of MGA's waiver of the privilege at

11 Phase 1 trial. Finally, the Request is relevant to the allegation in the TAAC that the

12 MGA Parties made false representations under oath to Mattel's detriment, including

13 with respect to the timing of the creation of Bratz at Phase 1 trial.

14        This Request does not seek privileged information. It merely seeks to

15 establish MGA's binding position as to the document and its privileged or non-

16 privileged status. It does not seek the content of any privileged communication.

17

18 | **REQUEST FOR ADMISSION NO. 12:**

19        Admit that the document attached hereto as Exhibit 1 never was

20 protected by attorney-client privilege.

21 | **MATTEL'S ARGUMENT**

22        This Request is relevant to MGA's withholding of the non-privileged

23 Larian-O'Connor email, which is an issue before the Court at the September 22

24 hearing. In particular, the information is relevant to determining the veracity of

25 MGA's prior, repeated representations and claims that the email is privileged, in

26 contrast to its recent apparent claims that the email is not protected by privilege, and

27 whether MGA's production of the email constituted waiver of the attorney-client

28 privilege. Additionally, the Request is relevant to whether MGA improperly

07975/3104105.1

SEPARATE STATEMENT ISO OF EX PARTE APP FOR ORDER SHORTENING TIME TO RESPOND TO RFA'S

1  designated the email as privileged in order to deprive Mattel of an opportunity to use

2  the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO

3  predicate of obstruction of justice.  The Request is also relevant to whether the

4  crime-fraud exception applies to communications regarding MGA's decision to

5  withhold the email and whether it comes within the scope of MGA's waiver of the

6  privilege at Phase 1 trial.  Finally, the Request is relevant to the allegation in the

7  TAAC that the MGA Parties made false representations under oath to Mattel's

8  detriment, including with respect to the timing of the creation of Bratz at Phase 1

9  trial.

10        This Request does not seek privileged information.  It merely seeks to

11  establish MGA's binding position as to the document and its privileged or non-

12  privileged status.  It does not seek the content of any privileged communication.

13

14  **REQUEST FOR ADMISSION NO. 13:**

15        Admit that the document attached hereto as Exhibit 1 never was

16  protected by work product doctrine.

17  **MATTEL'S ARGUMENT**

18        This Request is relevant to MGA's withholding of the non-privileged

19  Larian-O'Connor email, which is an issue before the Court at the September 22

20  hearing, for the same reasons discussed above with respect to RFA No. 12.

21  Additionally, the Request is relevant to whether MGA improperly designated the

22  email as privileged in order to deprive Mattel of an opportunity to use the Larian-

23  O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of

24  obstruction of justice.  The Request is also relevant to whether the crime-fraud

25  exception applies to communications regarding MGA's decision to withhold the

26  email and whether it comes within the scope of MGA's waiver of the privilege at

27  Phase 1 trial.  Finally, the Request is relevant to the allegation in the TAAC that the

28

-10-

1  MGA Parties made false representations under oath to Mattel's detriment, including

2  with respect to the timing of the creation of Bratz at Phase 1 trial.

3        This Request does not seek privileged information.  It merely seeks to

4  establish MGA's binding position as to the document and its privileged or non-

5  privileged status.   It does not seek the content of any privileged communication.

6

7  **REQUEST FOR ADMISSION NO. 14:**

8        Admit that MGA knew the document attached hereto as Exhibit 1 never

9  was protected by attorney-client privilege.

10  **MATTEL'S ARGUMENT**

11        This Request is relevant to MGA's withholding of the non-privileged

12  Larian-O'Connor email, which is an issue before the Court at the September 22

13  hearing, for the same reasons discussed above with respect to RFA Nos. 12 and 13

14  and whether that withholding was knowingly improper.  Additionally, the Request is

15  relevant to whether MGA improperly designated the email as privileged in order to

16  deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1

17  trial, which would constitute the RICO predicate of obstruction of justice.  The

18  Request is also relevant to whether the crime-fraud exception applies to

19  communications regarding MGA's decision to withhold the email and whether it

20  comes within the scope of MGA's waiver of the privilege at Phase 1 trial.  Finally,

21  the Request is relevant to the allegation in the TAAC that the MGA Parties made

22  false representations under oath to Mattel's detriment, including with respect to the

23  timing of the creation of Bratz at Phase 1 trial.

24        This Request does not seek privileged information.  It merely seeks to

25  establish MGA's binding position as to the document and its privileged or non-

26  privileged status and its knowledge of that status.  It does not seek the content of any

27  privileged communication.

28

**REQUEST FOR ADMISSION NO. 15:**

Admit that MGA knew the document attached hereto as Exhibit 1 never was protected by the work product doctrine.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing, for the same reasons discussed above with respect to RFA No. 14. In particular, the information is relevant to determining MGA's knowledge about the truth or falsity of MGA's prior, repeated representations and claims that the email was privileged and whether MGA's production of the email constituted waiver of the attorney-client privilege. Additionally, the Request is relevant to whether MGA improperly designated the email as privileged in order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of obstruction of justice. The Request is also relevant to whether the crime-fraud exception applies to communications regarding MGA's decision to withhold the email and whether it comes within the scope of MGA's waiver of the privilege at Phase 1 trial. Finally, the Request is relevant to the allegation in the TAAC that the MGA Parties made false representations under oath to Mattel's detriment, including with respect to the timing of the creation of Bratz at Phase 1 trial.

This Request does not seek privileged information. It merely seeks to establish MGA's binding position as to the document and its privileged or non-privileged status and MGA's knowledge of its status. It does not seek the content of any privileged communication.

**REQUEST FOR ADMISSION NO. 16:**

Admit that there was no basis for withholding from production in this litigation the document attached hereto as Exhibit 1 on grounds of attorney-client privilege.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, the information is relevant to determining MGA's position as to whether it ever had a basis for withholding the email on privilege grounds, in the face of Court Orders compelling the production of documents that included the email at issue.  Additionally, the Request is relevant to whether MGA improperly designated the email as privileged in order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of obstruction of justice.  The Request is also relevant to whether the crime-fraud exception applies to communications regarding MGA's decision to withhold the email and whether it comes within the scope of MGA's waiver of the privilege at Phase 1 trial.  Finally, the Request is relevant to the allegation in the TAAC that the MGA Parties made false representations under oath to Mattel's detriment, including with respect to the timing of the creation of Bratz at Phase 1 trial.

This Request does not seek privileged information.  It merely seeks to establish MGA's binding position as to the document and its privileged or non-privileged status.  It does not seek the content of any privileged communication.

**REQUEST FOR ADMISSION NO. 17:**

Admit that there was no basis for withholding from production in this litigation the document attached hereto as Exhibit 1 on grounds of the work product doctrine.

1  **MATTEL'S ARGUMENT**

2        This Request is relevant to MGA's withholding of the non-privileged

3  Larian-O'Connor email, which is an issue before the Court at the September 22

4  hearing, for the same reasons discussed above with respect to RFA No. 16.

5  Additionally, the Request is relevant to whether MGA improperly designated the

6  email as privileged in order to deprive Mattel of an opportunity to use the Larian-

7  O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of

8  obstruction of justice.  The Request is also relevant to whether the crime-fraud

9  exception applies to communications regarding MGA's decision to withhold the

10  email and whether it comes within the scope of MGA's waiver of the privilege at

11  Phase 1 trial.  Finally, the Request is relevant to the allegation in the TAAC that the

12  MGA Parties made false representations under oath to Mattel's detriment, including

13  with respect to the timing of the creation of Bratz at Phase 1 trial.

14        This Request does not seek privileged information.  It merely seeks to

15  establish MGA's binding position as to the document and its privileged or non-

16  privileged status.  It does not seek the content of any privileged communication.

17

18  **REQUEST FOR ADMISSION NO. 18:**

19        Admit that the portion of the document attached hereto as Exhibit 1

20  containing the email exchange between Isaac Larian and Victoria O'Connor reflects

21  legal advice.

22  **MATTEL'S ARGUMENT**

23        This Request is relevant to MGA's withholding of the non-privileged

24  Larian-O'Connor email, which is an issue before the Court at the September 22

25  hearing.  In particular, the Request seeks to obtain MGA's binding position on this

26  issue.  This is relevant to whether MGA ever had a basis for withholding the email

27  in violation of Court Orders and whether it has waived the attorney-client or work

28  product privilege by its production of the email.  The Request is also relevant to

1  whether the crime-fraud exception applies to communications regarding MGA's

2  decision to withhold the email and whether it comes within the scope of MGA's

3  waiver of the privilege at Phase 1 trial.

4         This Request does not invade the privilege.  The content of the

5  communication has already been disclosed by MGA's production of the email.

6  Accordingly, any privilege that could have attached to the communication has been

7  waived.  However, if the email did, in fact, reflect legal advice, that fact would be

8  relevant to determining whether MGA has more broadly waived the attorney client

9  privilege.  It would also be relevant to determining whether the crime-fraud

10  exception applies to communications leading up to, and relating to, the email, and

11  whether the email was part and parcel of the earlier emails from 2000 and 2001 as to

12  which Mattel has sought a determination of crime-fraud and waiver.

13

14  **REQUEST FOR ADMISSION NO. 19:**

15         Admit that the portion of the document attached hereto as Exhibit 1

16  containing the email exchange between Isaac Larian and Victoria O'Connor does not

17  reflect legal advice.

18  **MATTEL'S ARGUMENT**

19         This Request is relevant to MGA's withholding of the non-privileged

20  Larian-O'Connor email, which is an issue before the Court at the September 22

21  hearing, for the same reasons discussed above with respect to RFA No. 18.  In

22  particular, the Request seeks to obtain MGA's binding position on this issue.  This is

23  relevant to whether MGA ever had a basis for withholding the email in violation of

24  Court Orders and whether it has waived the attorney-client or work product

25  privilege by its production of the email.  The Request is also relevant to whether the

26  crime-fraud exception applies to communications regarding MGA's decision to

27  withhold the email and whether it comes within the scope of MGA's waiver of the

28  privilege at Phase 1 trial.

1       This Request does not seek privileged information.  In particular, that a

2   communication does not reflect legal advice is not privileged.

3

4   **REQUEST FOR ADMISSION NO. 20:**

5       Admit that MGA knew that the portion of the document attached hereto

6   as Exhibit 1 containing the email exchange between Isaac Larian and Victoria

7   O'Connor did not reflect legal advice.

8   **MATTEL'S ARGUMENT**

9       This Request is relevant to MGA's withholding of the non-privileged

10   Larian-O'Connor email, which is an issue before the Court at the September 22

11   hearing, for the reasons discussed above with respect to RFA No. 19.  In particular,

12   the Request seeks to obtain MGA's binding position on this issue.  This is relevant

13   to whether MGA ever had a basis for withholding the email in violation of Court

14   Orders and whether it has waived the attorney-client or work product privilege by its

15   production of the email.  Additionally, the Request is relevant to whether MGA

16   improperly and deliberately designated the email as privileged in order to deprive

17   Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial,

18   which would constitute the RICO predicate of obstruction of justice.  Moreover, it is

19   relevant to whether MGA has waived the attorney-client or work product privilege

20   by its production of the email.  The Request is also relevant to whether the crime-

21   fraud exception applies to communications regarding MGA's decision to withhold

22   the email and whether it comes within the scope of MGA's waiver of the privilege at

23   Phase 1 trial.  Finally, the Request is relevant to the allegation in the TAAC that the

24   MGA Parties made false representations under oath to Mattel's detriment, including

25   with respect to the timing of the creation of Bratz at Phase 1 trial.

26       This Request does not seek privileged information.  In particular, that a

27   communication does not reflect legal advice is not privileged.

28

1 | **REQUEST FOR ADMISSION NO. 21:**

2 |       Admit that MGA stated, prior to August 21, 2009, that the portion of

3 | the document attached hereto as Exhibit 1 containing the email exchange between

4 | Isaac Larian and Victoria O'Connor reflects legal advice.

5 | **MATTEL'S ARGUMENT**

6 |       This Request is relevant to MGA's withholding of the non-privileged

7 | Larian-O'Connor email, which is an issue before the Court at the September 22

8 | hearing. In particular, the Request is relevant to obtaining MGA's binding statement

9 | as to its position on the email's prior withholding and as to the veracity of that

10 | position in light of other admissions or denials sought in the RFAs concerning the

11 | validity of that position. In addition, the Request is relevant to ascertaining whether

12 | MGA improperly and deliberately designated the email as privileged in order to

13 | deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1

14 | trial, which would constitute the RICO predicate of obstruction of justice.

15 | Additionally, the Request is relevant to the allegation in the TAAC that the MGA

16 | Parties made false representations under oath to Mattel's detriment, including with

17 | respect to the timing of the creation of Bratz at Phase 1 trial. Moreover, it is

18 | relevant to whether MGA has waived the attorney-client or work product privilege

19 | by its production of the email. The Request is also relevant to whether the crime

20 | fraud exception applies to communications regarding MGA's decision to withhold

21 | the email and whether it comes within the scope of MGA's waiver of the privilege at

22 | Phase 1 trial.

23 |       This Request does not seek privileged information. That MGA

24 | described or represented that a communication as privileged (i.e., to the Court) is not

25 | itself privileged.

26 |

27 |

28 |

**REQUEST FOR ADMISSION NO. 22:**

Admit that MGA stated, prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between Isaac Larian and Victoria O'Connor did not reflect legal advice.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing, for the same reasons discussed above with respect to RFA No. 21.  In particular, the Request is relevant to obtaining MGA's binding statement as to its position on the email's prior withholding and as to the veracity of that position in light of other admissions or denials sought in the RFAs concerning the validity of that position.  In addition, the Request is relevant to ascertaining whether MGA improperly and deliberately designated the email as privileged in order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of obstruction of justice.  Additionally, the Request is relevant to the allegation in the TAAC that the MGA Parties made false representations under oath to Mattel's detriment.  Moreover, it is relevant to whether MGA has waived the attorney-client or work product privilege by its production of the email.  The Request is also relevant to whether the crime-fraud exception applies to communications regarding MGA's decision to withhold the email and whether it comes within the scope of MGA's waiver of the privilege at Phase 1 trial.

This Request does not seek privileged information.  If MGA described a communication as not privileged, that fact is not itself privileged.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the document attached hereto as Exhibit 1 was listed as Entry No. 381 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing. In particular, the Request seeks to confirm in a binding manner whether the email was withheld as privileged and identified as such on MGA's privilege log. It is also relevant to whether MGA's withholding of the email was deliberate, which would constitute the RICO predicate of obstruction of justice, and it seeks to establish foundational facts.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the document attached hereto as Exhibit 1 was not listed on any MGA privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing. In particular, the Request seeks to confirm in a binding manner whether the email was withheld as privileged and identified as such on MGA's privilege log. It is also relevant to whether MGA's withholding of the email was deliberate, which would constitute the RICO predicate of obstruction of justice, and it seeks to establish foundational facts.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the document attached hereto as Exhibit 1 was listed on a MGA privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

1  **MATTEL'S ARGUMENT**

2      This Request is relevant to MGA's withholding of the non-privileged

3  Larian-O'Connor email, which is an issue before the Court at the September 22

4  hearing.  In particular, the Request seeks to confirm in a binding manner whether the

5  email was withheld as privileged and identified as such on MGA's privilege log.  It

6  is also relevant to whether MGA's withholding of the email was deliberate, which

7  would constitute the RICO predicate of obstruction of justice, and it seeks to

8  establish foundational facts.

9

10  **REQUEST FOR ADMISSION NO. 26:**

11      Admit that the document attached hereto as Exhibit 1 was listed on

12  MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG because MGA knew

13  prior to that time that MGA had been compelled by Court Order to produce the

14  document attached hereto as Exhibit 1.

15  **MATTEL'S ARGUMENT**

16      This Request is relevant to MGA's withholding of the non-privileged

17  Larian-O'Connor email, which is an issue before the Court at the September 22

18  hearing.  In particular, the Request seeks to confirm in a binding manner whether the

19  email was withheld as privileged and whether MGA's withholding of the email was

20  deliberate.  It is also relevant for this same reason to establishing the RICO

21  predicate of obstruction of justice, and it seeks to establish foundational facts.

22      This Request does not seek privileged information.  MGA's knowledge

23  of Court orders is not privileged.  The Request does not seek the content of any

24  privileged communication.

25

26

27

28

07975/3104105.1

-20-

**REQUEST FOR ADMISSION NO. 27:**

Admit that the document corresponding to Entry No. 557 on MGA's MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is a duplicate of the document attached hereto as Exhibit 1.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, the Request is relevant to whether MGA has improperly withheld -- and is continuing to improperly withhold -- other versions of the Larian-O'Connor email.  The Court has specifically identified such information as relevant to the OSC.  The Request is thus further relevant to whether the crime-fraud exception applies, and also is relevant to whether MGA's withholding of the email was deliberate, which would constitute the RICO predicate of obstruction of justice. The Request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations under oath to Mattel's detriment.

██████████████████████████████████████████

██████████████████████████████████████████

█████████████████   See Report and Declaration of Annette L. Hurst on Behalf of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to such information in a manner binding upon MGA itself.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a duplicate of the document attached hereto as Exhibit 1.

1 | **MATTEL'S ARGUMENT**

2 |      This Request is relevant to MGA's withholding of the non-privileged

3 | Larian-O'Connor email, which is an issue before the Court at the September 22

4 | hearing, for the same reasons discussed above with respect to RFA No. 27. In

5 | particular, the Request is relevant to whether MGA has improperly withheld -- and

6 | is continuing to improperly withhold -- other versions of the Larian-O'Connor email.

7 | The Court has specifically identified such information as relevant to the OSC. The

8 | Request is further relevant to whether the crime-fraud exception applies, and also is

9 | relevant to whether MGA's withholding of the email was deliberate, which would

10 | constitute the RICO predicate of obstruction of justice. The Request is also relevant

11 | to the allegation in the TAAC that the MGA Parties have made false representations

12 | under oath to Mattel's detriment.

13 | ██████████████████████████████

14 | ██████████████ <u>See</u> Report and Declaration of Annette L. Hurst on Behalf

15 | of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

16 | to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

17 | of Scott L. Watson in Support of Mattel's Ex Parte Application.

18 |

19 | **REQUEST FOR ADMISSION NO. 29:**

20 |      Admit that the document corresponding to Entry No. 557 on MGA'S

21 | REVISED JANUARY 23, 2008 PRIVILEGE LOG is a further communication

22 | related to the subject or subjects of the document attached hereto as Exhibit 1.

23 | **MATTEL'S ARGUMENT**

24 |      This Request is relevant to MGA's withholding of the non-privileged

25 | Larian-O'Connor email, which is an issue before the Court at the September 22

26 | hearing. In particular, the Request is relevant to whether MGA has improperly

27 | withheld -- and is continuing to improperly withhold -- other versions of the Larian-

28 | O'Connor email. The Court has specifically identified such information as relevant

1  to the OSC. The Request is additionally relevant to whether the crime fraud

2  exception applies, and also is relevant to whether MGA's withholding of the email

3  was deliberate, which would constitute the RICO predicate of obstruction of justice.

4  The Request is also relevant to the allegation in the TAAC that the MGA Parties

5  have made false representations under oath to Mattel's detriment.

6  ███████████████████████████████

7  █████████████████████████████████

8  ████████████████  See Report and Declaration of Annette L. Hurst on Behalf

9  of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

10  to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

11  of Scott L. Watson in Support of Mattel's Ex Parte Application. Mattel is entitled to

12  such information in a manner binding upon MGA itself.

13

14  **REQUEST FOR ADMISSION NO. 30:**

15     Admit that the document corresponding to Entry No. 557 on MGA'S

16  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a further communication

17  related to the subject or subjects of the document attached hereto as Exhibit 1.

18  **MATTEL'S ARGUMENT**

19     This Request is relevant to MGA's withholding of the non-privileged

20  Larian-O'Connor email, which is an issue before the Court at the September 22

21  hearing, for the same reasons discussed above with respect to RFA Nos. 28 and 29.

22  In particular, the Request is relevant to whether MGA has improperly withheld --

23  and is continuing to improperly withhold -- other versions of the Larian-O'Connor

24  email. The Court has specifically identified such information as relevant to the

25  OSC. The Request is further relevant to whether the crime fraud exception applies,

26  and also is relevant to whether MGA's withholding of the email was deliberate,

27  which would constitute the RICO predicate of obstruction of justice. The Request is

28

1  also relevant to the allegation in the TAAC that the MGA Parties have made false

2  representations under oath to Mattel's detriment.

3  ███████████████████████████████

4  ████████████████████████████████████

5  ████████████   See Report and Declaration of Annette L. Hurst on Behalf

6  of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

7  to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

8  of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

9  such information in a manner binding upon MGA itself.

10

11  **REQUEST FOR ADMISSION NO. 31:**

12  Admit that the document corresponding to Entry No. 557 on MGA'S

13  REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by MGA

14  from production in this litigation to Mattel on attorney-client privilege grounds.

15  **MATTEL'S ARGUMENT**

16  This Request is relevant to MGA's withholding of the non-privileged

17  Larian-O'Connor email, which is an issue before the Court at the September 22

18  hearing, for the same reasons discussed above with respect to RFA Nos. 28 through

19  30.  In particular, the Request is relevant to whether MGA has improperly withheld -

20  - and is continuing to improperly withhold -- other versions of the Larian-O'Connor

21  email.  The Court has specifically identified such information as relevant to the

22  OSC.  The Request is further relevant to whether the crime-fraud exception applies,

23  and also is relevant to whether MGA's withholding of the email was deliberate,

24  which would constitute the RICO predicate of obstruction of justice.  The Request is

25  also relevant to the allegation in the TAAC that the MGA Parties have made false

26  representations under oath to Mattel's detriment.

27  ███████████████████████████████

28  ████████████████████████████████████

1 ████████████████   See Report and Declaration of Annette L. Hurst on Behalf

2 of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

3 to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

4 of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

5 such information in a manner binding upon MGA itself.

6

7 **REQUEST FOR ADMISSION NO. 32:**

8 　　　　Admit that the document corresponding to Entry No. 557 on MGA'S

9 REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by MGA

10 from production in this litigation to Mattel on work product grounds.

11 **MATTEL'S ARGUMENT**

12 　　　　This Request is relevant to MGA's withholding of the non-privileged

13 Larian-O'Connor email, which is an issue before the Court at the September 22

14 hearing, for the same reasons discussed above with respect to RFA Nos. 28 through

15 31.  In particular, the Request is relevant to whether MGA has improperly withheld -

16 - and is continuing to improperly withhold -- other versions of the Larian-O'Connor

17 email.  The Court has specifically identified such information as relevant to the

18 OSC.  The Request is additionally relevant to whether the crime fraud exception

19 applies, and also is relevant to whether MGA's withholding of the email was

20 deliberate, which would constitute the RICO predicate of obstruction of justice.  The

21 Request is also relevant to the allegation in the TAAC that the MGA Parties have

22 made false representations under oath to Mattel's detriment.

23 　　　　████████████████████████

24 ████████████████████████████████████

25 ████████████████   See Report and Declaration of Annette L. Hurst on Behalf

26 of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

27 to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

28

1  of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

2  such information in a manner binding upon MGA itself.

3

4  **REQUEST FOR ADMISSION NO. 33:**

5         Admit that the document corresponding to Entry No. 557 on MGA'S

6  REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney-client

7  privilege.

8  **MATTEL'S ARGUMENT**

9         This Request is relevant to MGA's withholding of the non-privileged

10  Larian-O'Connor email, which is an issue before the Court at the September 22

11  hearing.  In particular, the Request is relevant to whether MGA has improperly

12  withheld -- and is continuing to improperly withhold -- other versions of the Larian-

13  O'Connor email.  The Court has specifically identified such information as relevant

14  to the OSC.  The Request is additionally relevant to whether the crime fraud

15  exception applies, and also is relevant to whether MGA's withholding of the email

16  was deliberate, which would constitute the RICO predicate of obstruction of justice.

17  The Request is also relevant to the allegation in the TAAC that the MGA Parties

18  have made false representations under oath to Mattel's detriment.

19         The Request does not seek to invade the privilege.  Instead, it merely

20  seeks to obtain MGA's binding position on whether the privilege applies.  It does not

21  seek the content of any privileged communication.

22  ██████████████████████████████████████

23  ████████████████████████████████████████████

24  ████████████████    See Report and Declaration of Annette L. Hurst on Behalf

25  of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

26  to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

27  of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

28  such information in a manner binding upon MGA itself.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work product doctrine.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, the Request is relevant to whether MGA has improperly withheld -- and is continuing to improperly withhold -- other versions of the Larian-O'Connor email.  The Court has specifically identified such information as relevant to the OSC.  The Request is additionally relevant to whether the crime fraud exception applies, and also is relevant to whether MGA's withholding of the email was deliberate, which would constitute the RICO predicate of obstruction of justice. The Request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations under oath to Mattel's detriment.

The Request does not seek to invade the privilege.  Instead, it merely seeks to obtain MGA's binding position on whether the privilege applies.  It does not seek the content of any privileged communication.

████████████████████████████████████████████ See Report and Declaration of Annette L. Hurst on Behalf of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to such information in a manner binding upon MGA itself.

**REQUEST FOR ADMISSION NO. 35:**

       Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney-client privilege.

**MATTEL'S ARGUMENT**

       This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, the Request is relevant to whether MGA has improperly withheld -- and is continuing to improperly withhold -- other versions of the Larian-O'Connor email.  The Court has specifically identified such information as relevant to the OSC.  The Request is additionally relevant to whether the crime fraud exception applies, and also is relevant to whether MGA's withholding of the email was deliberate, which would constitute the RICO predicate of obstruction of justice. The Request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations under oath to Mattel's detriment.

       The Request does not seek to invade the privilege.  Instead, it merely seeks to obtain MGA's binding position on whether the privilege applies.  It does not seek the content of any privileged communication.

██████████████████████████████████
██████████████████████████████████
████████████████████ See Report and Declaration of Annette L. Hurst on Behalf of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to such information in a manner binding upon MGA itself.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work product doctrine.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, the Request is relevant to whether MGA has improperly withheld -- and is continuing to improperly withhold -- other versions of the Larian-O'Connor email.  The Court has specifically identified such information as relevant to the OSC.  The Request is additionally relevant to whether the crime fraud exception applies, and also is relevant to whether MGA's withholding of the email was deliberate, which would constitute the RICO predicate of obstruction of justice.  The Request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations under oath to Mattel's detriment.

The Request does not seek to invade the privilege.  Instead, it merely seeks to obtain MGA's binding position on whether the privilege applies.  It does not seek the content of any privileged communication.

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████ See Report and Declaration of Annette L. Hurst on Behalf of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to such information in a manner binding upon MGA itself.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by attorney-client privilege.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, the Request is relevant to whether MGA has improperly withheld -- and is continuing to improperly withhold -- other versions of the Larian-O'Connor email.  The Court has specifically identified such information as relevant to the OSC.  The Request is additionally relevant to whether the crime fraud exception applies, and also is relevant to whether MGA's withholding of the email was deliberate, which would constitute the RICO predicate of obstruction of justice. The Request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations under oath to Mattel's detriment.

The Request does not seek to invade the privilege.  Instead, it merely seeks to obtain MGA's binding position on whether the privilege has ever applied. It does not seek the content of any privileged communication.

See Report and Declaration of Annette L. Hurst on Behalf of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to such information in a manner binding upon MGA itself.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the work product doctrine.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing. In particular, the Request is relevant to whether MGA has improperly withheld -- and is continuing to improperly withhold -- other versions of the Larian-O'Connor email. The Court has specifically identified such information as relevant to the OSC. The Request is additionally relevant to whether the crime fraud exception applies, and also is relevant to whether MGA's withholding of the email was deliberate, which would constitute the RICO predicate of obstruction of justice. The Request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations under oath to Mattel's detriment.

The Request does not seek to invade the privilege. Instead, it merely seeks to obtain MGA's binding position on whether the privilege has ever applied. It does not seek the content of any privileged communication.

███████████████████████████████

███████████████████████████████████

████████████████████ See Report and Declaration of Annette L. Hurst on Behalf of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration of Scott L. Watson in Support of Mattel's Ex Parte Application. Mattel is entitled to such information in a manner binding upon MGA itself.

**REQUEST FOR ADMISSION NO. 39:**

Admit that MGA has produced all other versions of the exchange reflected in the document attached hereto as Exhibit 1.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing. In particular, the Request is relevant to whether MGA has improperly withheld other versions of the Larian-O'Connor email. The Court has specifically identified such information as relevant to the OSC. The Request is additionally relevant to whether the crime fraud exception applies, and also is relevant to whether MGA's withholding of the email was deliberate, which would constitute the RICO predicate of obstruction of justice. The Request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations under oath to Mattel's detriment.

The Request does not seek to invade the privilege. Instead, it merely seeks to obtain MGA's binding position on whether it is withholding any other version of the email. It does not seek the content of any privileged communication.

**REQUEST FOR ADMISSION NO. 40:**

Admit that MGA has not produced to Mattel all other versions of the exchange reflected in the document attached hereto as Exhibit 1.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing. In particular, the Request is relevant to whether MGA has improperly withheld other versions of the Larian-O'Connor email. The Court has specifically identified such information as relevant to the OSC. The Request is additionally relevant to whether the crime-fraud exception applies, and also is relevant to

-32-

1  whether MGA's withholding of the email was deliberate, which would constitute the

2  RICO predicate of obstruction of justice.  The Request is also relevant to the

3  allegation in the TAAC that the MGA Parties have made false representations under

4  oath to Mattel's detriment.

5       The Request does not seek to invade the privilege.  Instead, it merely

6  seeks to obtain MGA's binding position on whether it is withholding any other

7  version of the email.  It does not seek the content of any privileged communication.

8

9  **REQUEST FOR ADMISSION NO. 41:**

10       Admit that there are additional communications to or from Isaac Larian

11  that are part of the email chain attached hereto as Exhibit 1.

12  **MATTEL'S ARGUMENT**

13       This Request is relevant to MGA's withholding of the non-privileged

14  Larian-O'Connor email, which is an issue before the Court at the September 22

15  hearing.  In particular, the Request is relevant to whether MGA has improperly

16  withheld other versions or continuations of the Larian-O'Connor email.  The Court

17  has specifically identified such information as relevant to the OSC.  The Request is

18  additionally relevant to whether the crime-fraud exception applies, and also is

19  relevant to whether MGA's withholding of the email was deliberate, which would

20  constitute the RICO predicate of obstruction of justice.  The Request is also relevant

21  to the allegation in the TAAC that the MGA Parties have made false representations

22  under oath to Mattel's detriment.

23       The Request does not seek to invade the privilege.  Instead, it merely

24  seeks to obtain MGA's binding position on whether it is withholding any other

25  versions or continuations of the email.  It does not seek the content of any privileged

26  communication.

27

28

SEPARATE STATEMENT ISO OF EX PARTE APP FOR ORDER SHORTENING TIME TO RESPOND TO RFA'S

**REQUEST FOR ADMISSION NO. 42:**

Admit that there are no additional communications to or from Isaac Larian that are part of the email chain attached hereto as Exhibit 1.

**MATTEL'S ARGUMENT**

This Request is relevant to MGA's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, the Request is relevant to whether MGA has improperly withheld other versions of the Larian-O'Connor email.  The Court has specifically identified such information as relevant to the OSC.  The Request is additionally relevant to whether the crime fraud exception applies, and also is relevant to whether MGA's withholding of the email was deliberate, which would constitute the RICO predicate of obstruction of justice.  The Request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations under oath to Mattel's detriment.

The Request does not seek to invade the privilege.  Instead, it merely seeks to obtain MGA's binding position on whether it is withholding any other versions or continuations of the email.  It does not seek the content of any privileged communication.

II. **REQUESTS FOR ADMISSION TO ISAAC LARIAN RELATED TO MGA'S ASSERTION OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS THAT ARE THE SUBJECT OF THE COURT'S ORDER TO SHOW CAUSE DATED AUGUST 31, 2009.**

**REQUEST FOR ADMISSION NO. 1:**

Admit that the document attached hereto as Exhibit 1 is a true and correct copy of an email exchange in which YOU were involved on or about October 23, 2002.

1   **MATTEL'S ARGUMENT**

2       This Request is relevant to Larian's withholding of the non-privileged

3   Larian-O'Connor email, which is an issue before the Court at the September 22

4   hearing.  In particular, the Request seeks information regarding the existence or non-

5   existence of privilege.  It is also relevant to Larian's knowledge of the email, which

6   bears on whether the email was deliberately withheld in order to deprive Mattel of

7   its use in the Phase 1 trial.

8

9   **REQUEST FOR ADMISSION NO. 2:**

10      Admit that YOU had been compelled by Court Order prior to May 27,

11  2008 to produce to Mattel in this litigation the document attached hereto as Exhibit

12  1.

13  **MATTEL'S ARGUMENT**

14      This Request is relevant to Larian's withholding of the non-privileged

15  Larian-O'Connor email, which is an issue before the Court at the September 22

16  hearing.  In particular, this Request is relevant to whether Larian violated a Court

17  order in order to deprive Mattel of an opportunity to use the Larian-O'Connor email

18  at the Phase 1 trial.  The request is also relevant to the allegation in the TAAC that

19  the MGA Parties have made false representations to Mattel's detriment.  It is

20  additionally relevant to whether the decision to withhold the email was deliberate,

21  which would constitute the RICO predicate of obstruction of justice.

22

23  **REQUEST FOR ADMISSION NO. 3:**

24      Admit that YOU knew, prior to May 27, 2008, that YOU had been

25  compelled by Court Order to produce to Mattel in this litigation the document

26  attached hereto as Exhibit 1.

27

28

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, this Request is relevant to whether Larian violated a Court order in order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial.   The request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations to Mattel's detriment.  It is additionally relevant to whether the decision to withhold the email was deliberate, which would constitute the RICO predicate of obstruction of justice.

This Request does not seek privileged information, including because it does not seek the content of any privileged communication.

**REQUEST FOR ADMISSION NO. 4:**

Admit that MGA knew the document attached hereto as Exhibit 1 was not produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, this Request is relevant to whether Larian knowingly deprived Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial.  It is also directly relevant to whether the decision to withhold the email would constitute the RICO predicate of obstruction of justice.

This Request does not seek privileged information, including because it does not seek the content of any privileged communication.

**REQUEST FOR ADMISSION NO. 5:**

Admit that MGA knew, at the time of the commencement of the Phase 1 trial in this matter, that the document attached hereto as Exhibit 1 was relevant to issues to be tried by the jury in the Phase 1 trial.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, this Request is relevant to whether Larian knowingly deprived Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial. For this same reason, the request is relevant to the facts establishing the RICO predicate act of obstruction of justice.

This Request does not seek privileged information, including because it does not seek the content of any privileged communication.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the document attached hereto as Exhibit 1 was withheld by YOU from production in this litigation to Mattel on attorney-client privilege grounds until August 21, 2009.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, the Request seeks confirmation of the basis on which it was withheld in the face of Court Orders and thus is relevant to the OSC issue of whether Larian improperly designated the email as privileged.  This information is additionally relevant to establishing that Larian's concealment of the email was done in order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of obstruction of justice. The Request is also relevant to whether the crime-fraud exception applies to

communications regarding Larian's decision to withhold the email and whether it comes within the scope of Larian's waiver of the privilege at Phase 1 trial.

This Request does not seek privileged information, including because it does not seek the content of any privileged communication.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the document attached hereto as Exhibit 1 was withheld by YOU from production in this litigation to Mattel on work product grounds until August 21, 2009.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing, for the reasons discussed in connection with RFA No. 6 above. Additionally, the Request is relevant to whether Larian improperly designated the email as privileged in order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of obstruction of justice.  The Request is also relevant to whether the crime fraud exception applies to communications regarding Larian's decision to withhold the email and whether it comes within the scope of Larian's waiver of the privilege at Phase 1 trial.

This Request does not seek privileged information, including because it does not seek the content of any privileged communication.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the document attached hereto as Exhibit 1 is protected by attorney-client privilege.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing. In particular, the information is relevant to determining whether Larian's production of the email constituted waiver of the attorney-client privilege and the veracity of Larian's prior, repeated representations and claims that the email is privileged, in contrast to its recent apparent claims that the email is not protected by privilege. Additionally, the Request is relevant to whether Larian improperly designated the email as privileged in order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of obstruction of justice. The Request is also relevant to whether the crime-fraud exception applies to communications regarding Larian's decision to withhold the email and whether it comes within the scope of Larian's waiver of the privilege at Phase 1 trial. Finally, the Request is relevant to the allegation in the TAAC that the MGA Parties made false representations under oath to Mattel's detriment, including with respect to the timing of the creation of Bratz at Phase 1 trial.

This Request does not seek privileged information. It merely seeks to establish MGA's binding position as to the document and its privileged or non-privileged status. It does not seek the content of any privileged communication.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the document attached hereto as Exhibit 1 is protected by the work product doctrine.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing, for the same reasons discussed with respect to RFA No. 8 above.

SEPARATE STATEMENT ISO OF EX PARTE APP FOR ORDER SHORTENING TIME TO RESPOND TO RFA'S

1    Additionally, the Request is relevant to whether Larian improperly designated the

2    email as privileged in order to deprive Mattel of an opportunity to use the Larian-

3    O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of

4    obstruction of justice.  The Request is also relevant to whether the crime-fraud

5    exception applies to communications regarding Larian's decision to withhold the

6    email and whether it comes within the scope of Larian's waiver of the privilege at

7    Phase 1 trial.  Finally, the Request is relevant to the allegation in the TAAC that the

8    MGA Parties made false representations under oath to Mattel's detriment, including

9    with respect to the timing of the creation of Bratz at Phase 1 trial.

10            This Request does not seek privileged information.  It merely seeks to

11    establish MGA's binding position as to the document and its protected or non-

12    protected status.  It does not seek the content of any privileged communication.

13

14    **REQUEST FOR ADMISSION NO. 10:**

15            Admit that the document attached hereto as Exhibit 1 is not protected

16    by attorney-client privilege.

17    **MATTEL'S ARGUMENT**

18            This Request is relevant to Larian's withholding of the non-privileged

19    Larian-O'Connor email, which is an issue before the Court at the September 22

20    hearing.  In particular, the information is relevant to determining whether Larian's

21    production of the email constituted waiver of the attorney-client privilege and the

22    veracity of Larian's prior, repeated representations and claims that the email is

23    privileged, in contrast to its recent apparent claims that the email is not protected by

24    privilege.  Additionally, the Request is relevant to whether Larian improperly

25    designated the email as privileged in order to deprive Mattel of an opportunity to use

26    the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO

27    predicate of obstruction of justice.  The Request is also relevant to whether the

28    crime-fraud exception applies to communications regarding MGA's decision to

1   withhold the email and whether it comes within the scope of Larian's waiver of the

2   privilege at Phase 1 trial.  Finally, the Request is relevant to the allegation in the

3   TAAC that the MGA Parties made false representations under oath to Mattel's

4   detriment, including with respect to the timing of the creation of Bratz at Phase 1

5   trial.

6           This Request does not seek privileged information.  It merely seeks to

7   establish MGA's binding position as to the document and its privileged or non-

8   privileged status.  It does not seek the content of any privileged communication.

9

10   **REQUEST FOR ADMISSION NO. 11:**

11           Admit that the document attached hereto as Exhibit 1 is not protected

12   by the work product doctrine.

13   **MATTEL'S ARGUMENT**

14           This Request is relevant to Larian's withholding of the non-privileged

15   Larian-O'Connor email, which is an issue before the Court at the September 22

16   hearing, for the same reasons discussed with respect to RFA No. 10 above.

17   Additionally, the Request is relevant to whether Larian improperly designated the

18   email as privileged in order to deprive Mattel of an opportunity to use the Larian-

19   O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of

20   obstruction of justice.  The Request is also relevant to whether the crime-fraud

21   exception applies to communications regarding Larian's decision to withhold the

22   email and whether it comes within the scope of Larian's waiver of the privilege at

23   Phase 1 trial.  Finally, the Request is relevant to the allegation in the TAAC that the

24   MGA Parties made false representations under oath to Mattel's detriment, inlcluding

25   with respect to the timing of the creation of Bratz at Phase 1 trial.

26           This Request does not seek privileged information.  It merely seeks to

27   establish MGA's binding position as to the document and its privileged or non-

28   privileged status.  It does not seek the content of any privileged communication.

1

2 **REQUEST FOR ADMISSION NO. 12:**

3         Admit that the document attached hereto as Exhibit 1 never was

4 protected by attorney-client privilege.

5 **MATTEL'S ARGUMENT**

6         This Request is relevant to Larian's withholding of the non-privileged

7 Larian-O'Connor email, which is an issue before the Court at the September 22

8 hearing.  In particular, the information is relevant to determining the veracity of

9 Larian's prior, repeated representations and claims that the email is privileged, in

10 contrast to its recent apparent claims that the email is not protected by privilege, and

11 whether Larian's production of the email constituted waiver of the attorney-client

12 privilege.  Additionally, the Request is relevant to whether Larian improperly

13 designated the email as privileged in order to deprive Mattel of an opportunity to use

14 the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO

15 predicate of obstruction of justice.  The Request is also relevant to whether the

16 crime-fraud exception applies to communications regarding Larian's decision to

17 withhold the email and whether it comes within the scope of Larian's waiver of the

18 privilege at Phase 1 trial.  Finally, the Request is relevant to the allegation in the

19 TAAC that the MGA Parties made false representations under oath to Mattel's

20 detriment, including with respect to the timing of the creation of Bratz at Phase 1

21 trial.

22         This Request does not seek privileged information.  It merely seeks to

23 establish MGA's binding position as to the document and its privileged or non-

24 privileged status.  It does not seek the content of any privileged communication.

25

26 **REQUEST FOR ADMISSION NO. 13:**

27         Admit that the document attached hereto as Exhibit 1 never was

28 protected by the work product doctrine.

1 **MATTEL'S ARGUMENT**

2　　　　This Request is relevant to Larian's withholding of the non-privileged

3 Larian-O'Connor email, which is an issue before the Court at the September 22

4 hearing, for the same reasons discussed above with respect to RFA No. 12.

5 Additionally, the Request is relevant to whether Larian improperly designated the

6 email as privileged in order to deprive Mattel of an opportunity to use the Larian-

7 O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of

8 obstruction of justice.  The Request is also relevant to whether the crime-fraud

9 exception applies to communications regarding Larian's decision to withhold the

10 email and whether it comes within the scope of Larian's waiver of the privilege at

11 Phase 1 trial.  Finally, the Request is relevant to the allegation in the TAAC that the

12 MGA Parties made false representations under oath to Mattel's detriment, including

13 with respect to the timing of the creation of Bratz at Phase 1 trial.

14　　　　This Request does not seek privileged information.  It merely seeks to

15 establish MGA's binding position as to the document and its privileged or non-

16 privileged status.  It does not seek the content of any privileged communication.

17

18 **REQUEST FOR ADMISSION NO. 14:**

19　　　　Admit that YOU knew the document attached hereto as Exhibit 1 never

20 was protected by attorney-client privilege.

21 **MATTEL'S ARGUMENT**

22　　　　This Request is relevant to Larian's withholding of the non-privileged

23 Larian-O'Connor email, which is an issue before the Court at the September 22

24 hearing, for the same reasons discussed above with respect to RFA Nos. 12 and 13

25 and whether that withholding was knowingly improper.  Additionally, the Request is

26 relevant to whether Larian improperly designated the email as privileged in order to

27 deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1

28 trial, which would constitute the RICO predicate of obstruction of justice.  The

1 Request is also relevant to whether the crime-fraud exception applies to

2 communications regarding Larian's decision to withhold the email and whether it

3 comes within the scope of Larian's waiver of the privilege at Phase 1 trial.  Finally,

4 the Request is relevant to the allegation in the TAAC that the MGA Parties made

5 false representations under oath to Mattel's detriment, including with respect to the

6 timing of the creation of Bratz at Phase 1 trial.

7        This Request does not seek privileged information.  It merely seeks to

8 establish Larian's binding position as to the document and its privileged or non-

9 privileged status and his knowledge of that status.  It does not seek the content of

10 any privileged communication.

11

12 **REQUEST FOR ADMISSION NO. 15:**

13        Admit that YOU knew the document attached hereto as Exhibit 1 never

14 was protected by the work product doctrine.

15 **MATTEL'S ARGUMENT**

16        This Request is relevant to Larian's withholding of the non-privileged

17 Larian-O'Connor email, which is an issue before the Court at the September 22

18 hearing, for the same reasons discussed above with respect to RFA No. 14.  In

19 particular, the information is relevant to determining Larian's knowledge about the

20 truth or falsity of Larian's prior, repeated representations and claims that the email

21 was privileged and whether Larian's production of the email constituted waiver of

22 the attorney-client privilege.  Additionally, the Request is relevant to whether Larian

23 improperly designated the email as privileged in order to deprive Mattel of an

24 opportunity to use the Larian-O'Connor email at the Phase 1 trial, which would

25 constitute the RICO predicate of obstruction of justice.  The Request is also relevant

26 to whether the crime-fraud exception applies to communications regarding MGA's

27 decision to withhold the email and whether it comes within the scope of Larian's

28 waiver of the privilege at Phase 1 trial.  Finally, the Request is relevant to the

07975/3104105.1

-44-

1  allegation in the TAAC that the MGA Parties made false representations under oath

2  to Mattel's detriment, including with respect to the timing of the creation of Bratz at

3  Phase 1 trial.

4       This Request does not seek privileged information.  It merely seeks to

5  establish Larian's binding position as to the document and its privileged or non-

6  privileged status and Larian's knowledge of its status.  It does not seek the content of

7  any privileged communication.

8

9  **REQUEST FOR ADMISSION NO. 16:**

10       Admit that there was no basis for withholding from production in this

11  litigation the document attached hereto as Exhibit 1 on grounds of attorney-client

12  privilege.

13  **MATTEL'S ARGUMENT**

14       This Request is relevant to Larian's withholding of the non-privileged

15  Larian-O'Connor email, which is an issue before the Court at the September 22

16  hearing.  In particular, the information is relevant to determining Larian's position as

17  to whether he ever had a basis for withholding the email on privilege grounds, in the

18  face of Court Orders compelling the production of documents that including the

19  email at issue.  Additionally, the Request is relevant to whether Larian improperly

20  designated the email as privileged in order to deprive Mattel of an opportunity to use

21  the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO

22  predicate of obstruction of justice.  The Request is also relevant to whether the

23  crime-fraud exception applies to communications regarding Larian's decision to

24  withhold the email and whether it comes within the scope of Larian's waiver of the

25  privilege at Phase 1 trial.  Finally, the Request is relevant to the allegation in the

26  TAAC that the MGA Parties made false representations under oath to Mattel's

27  detriment, including with respect to the timing of the creation of Bratz at Phase 1

28  trial.

1    This Request does not seek privileged information. It merely seeks to

2    establish Larian's binding position as to the document and its privileged or non-

3    privileged status. It does not seek the content of any privileged communication.

4

5    **REQUEST FOR ADMISSION NO. 17:**

6    Admit that there was no basis for withholding from production in this

7    litigation the document attached hereto as Exhibit 1 on grounds of the work product

8    doctrine.

9    **MATTEL'S ARGUMENT**

10   This Request is relevant to Larian's withholding of the non-privileged

11   Larian-O'Connor email, which is an issue before the Court at the September 22

12   hearing, for the same reasons discussed above with respect to RFA No. 16.

13   Additionally, the Request is relevant to whether Larian improperly designated the

14   email as privileged in order to deprive Mattel of an opportunity to use the Larian-

15   O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of

16   obstruction of justice. The Request is also relevant to whether the crime-fraud

17   exception applies to communications regarding Larian's decision to withhold the

18   email and whether it comes within the scope of Larian's waiver of the privilege at

19   Phase 1 trial. Finally, the Request is relevant to the allegation in the TAAC that the

20   MGA Parties made false representations under oath to Mattel's detriment, including

21   with respect to the timing of the creation of Bratz at Phase 1 trial.

22   This Request does not seek privileged information. It merely seeks to

23   establish Larian's binding position as to the document and its privileged or non-

24   privileged status. It does not seek the content of any privileged communication.

25

26

27

28

**REQUEST FOR ADMISSION NO. 18:**

Admit that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, the Request seeks to obtain Larian's binding position on this issue.  This is relevant to whether Larian ever had a basis for withholding the email in violation of Court Orders and whether it has waived the attorney-client or work product privilege by its production of the email.  The Request is also relevant to whether the crime-fraud exception applies to communications regarding Larian's decision to withhold the email and whether it comes within the scope of Larian's waiver of the privilege at Phase 1 trial.

This Request does not invade the privilege.  The content of the communication has already been disclosed by Larian's production of the email. Accordingly, any privilege that could have attached to the communication has been waived.  However, if the email did, in fact, reflect legal advice, that fact would be relevant to determining whether Larian has more broadly waived the attorney client privilege.  It would also be relevant to determining whether the crime-fraud exception applies to communications leading up to, and relating to, the email, and whether the email was part and parcel of the earlier emails from 2000 and 2001 as to which Mattel has sought a determination of crime-fraud and waiver.


**REQUEST FOR ADMISSION NO. 19:**

Admit that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor did not reflect legal advice.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing, for the same reasons discussed above with respect to RFA No. 18.  In particular, the Request seeks to obtain Larian's binding position on this issue.  This is relevant to whether Larian ever had a basis for withholding the email in violation of Court Orders and whether it has waived the attorney-client or work product privilege by its production of the email.  The Request is also relevant to whether the crime-fraud exception applies to communications regarding Larian's decision to withhold the email and whether it comes within the scope of Larian's waiver of the privilege at Phase 1 trial.

This Request does not seek privileged information.  In particular, that a communication does not reflect legal advice is not privileged.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU believed, prior to May 27, 2008, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, the Request is relevant to whether Larian improperly designated the email as privileged in order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO predicate of obstruction of justice.  Moreover, it is relevant to whether Larian has waived the attorney-client or work product privilege by its production of the email  The Request is also relevant to whether the crime fraud exception applies to communications regarding Larian's decision to withhold the email and whether it

07975/3104105.1

1 comes within the scope of Larian's waiver of the privilege at Phase 1 trial.  Finally,

2 the Request is relevant to the allegation in the TAAC that the MGA Parties made

3 false representations under oath to Mattel's detriment, including with respect to the

4 timing of the creation of Bratz at Phase 1 trial.

5        This Request does not invade the privilege.  The content of the

6 communication has already been disclosed by Larian's production of the email.

7 Accordingly, any privilege that could have attached to the communication has been

8 waived.  However, if the email did, in fact, reflect legal advice, that fact would be

9 relevant to determining whether Larian has more broadly waived the attorney client

10 privilege.  It would also be relevant to determining whether the crime fraud

11 exception applies to communications leading up to, and relating to, the email, and

12 whether the email was part and parcel of the earlier emails from 2000 and 2001 as to

13 which Mattel has sought a determination of crime-fraud and waiver.

14

15 **REQUEST FOR ADMISSION NO. 21:**

16        Admit that YOU believed, prior to May 27, 2008, that the portion of

17 the document attached hereto as Exhibit 1 containing the email exchange between

18 YOU and Victoria O'Connor did not reflect legal advice.

19 **MATTEL'S ARGUMENT**

20        This Request is relevant to Larian's withholding of the non-privileged

21 Larian-O'Connor email, which is an issue before the Court at the September 22

22 hearing.  In particular, the Request is relevant to whether Larian improperly

23 designated the email as privileged in order to deprive Mattel of an opportunity to use

24 the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO

25 predicate of obstruction of justice.  Moreover, it is relevant to whether Larian has

26 waived the attorney-client or work product privilege by its production of the email

27 The Request is also relevant to whether the crime fraud exception applies to

28 communications regarding Larian's decision to withhold the email and whether it

1  comes within the scope of Larian's waiver of the privilege at Phase 1 trial.  Finally,

2  the Request is relevant to the allegation in the TAAC that the MGA Parties made

3  false representations under oath to Mattel's detriment, including with respect to the

4  timing of the creation of Bratz at Phase 1 trial.

5          This Request does not invade the privilege.  The content of the

6  communication has already been disclosed by Larian's production of the email.

7  Accordingly, any privilege that could have attached to the communication has been

8  waived.  However, if the email did, in fact, reflect legal advice, that fact would be

9  relevant to determining whether Larian has more broadly waived the attorney client

10  privilege.  It would also be relevant to determining whether the crime fraud

11  exception applies to communications leading up to, and relating to, the email, and

12  whether the email was part and parcel of the earlier emails from 2000 and 2001 as to

13  which Mattel has sought a determination of crime-fraud and waiver.

14

15  **REQUEST FOR ADMISSION NO. 22:**

16          Admit that YOU have never believed that the portion of the document

17  attached hereto as Exhibit 1 containing the email exchange between YOU and

18  Victoria O'Connor reflects legal advice.

19  **MATTEL'S ARGUMENT**

20          This Request is relevant to Larian's withholding of the non-privileged

21  Larian-O'Connor email, which is an issue before the Court at the September 22

22  hearing.  In particular, the Request is relevant to whether Larian improperly

23  designated the email as privileged in order to deprive Mattel of an opportunity to use

24  the Larian-O'Connor email at the Phase 1 trial, which would constitute the RICO

25  predicate of obstruction of justice.  Moreover, it is relevant to whether Larian has

26  waived the attorney-client or work product privilege by its production of the email

27  The Request is also relevant to whether the crime fraud exception applies to

28  communications regarding Larian's decision to withhold the email and whether it

1    comes within the scope of Larian's waiver of the privilege at Phase 1 trial.  Finally,

2    the Request is relevant to the allegation in the TAAC that the MGA Parties made

3    false representations under oath to Mattel's detriment, including with respect to the

4    timing of the creation of Bratz at Phase 1 trial.

5                  This Request does not invade the privilege.  The content of the

6    communication has already been disclosed by Larian's production of the email.

7    Accordingly, any privilege that could have attached to the communication has been

8    waived.  However, if the email did, in fact, reflect legal advice, that fact would be

9    relevant to determining whether Larian has more broadly waived the attorney client

10   privilege.  It would also be relevant to determining whether the crime fraud

11   exception applies to communications leading up to, and relating to, the email, and

12   whether the email was part and parcel of the earlier emails from 2000 and 2001 as to

13   which Mattel has sought a determination of crime-fraud and waiver.

14   **REQUEST FOR ADMISSION NO. 23:**

15                 Admit that YOU knew that the portion of the document attached hereto

16   as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor

17   did not reflect legal advice.

18   **MATTEL'S ARGUMENT**

19                 This Request is relevant to Larian's withholding of the non-privileged

20   Larian-O'Connor email, which is an issue before the Court at the September 22

21   hearing, for the reasons discussed above with respect to RFA No. 19.  In particular,

22   the Request seeks to obtain Larian's binding position on this issue.  This is relevant

23   to whether Larian ever had a basis for withholding the email in violation of Court

24   Orders and whether it has waived the attorney-client or work product privilege by its

25   production of the email.  Additionally, the Request is relevant to whether Larian

26   improperly and deliberately designated the email as privileged in order to deprive

27   Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial,

28   which would constitute the RICO predicate of obstruction of justice.  Moreover, it is

07975/3104105.1

-51-

1  relevant to whether Larian has waived the attorney-client or work product privilege

2  by its production of the email.  The Request is also relevant to whether the crime-

3  fraud exception applies to communications regarding Larian's decision to withhold

4  the email and whether it comes within the scope of Larian's waiver of the privilege

5  at Phase 1 trial.  Finally, the Request is relevant to the allegation in the TAAC that

6  the MGA Parties made false representations under oath to Mattel's detriment,

7  including with respect to the timing of the creation of Bratz at Phase 1 trial.

8         This Request does not seek privileged information.  In particular, that a

9  communication does not reflect legal advice is not privileged.

10

11  **REQUEST FOR ADMISSION NO. 24:**

12         Admit that YOU stated, prior to August 21, 2009, that the portion of

13  the document attached hereto as Exhibit 1 containing the email exchange between

14  YOU and Victoria O'Connor reflects legal advice.

15  **MATTEL'S ARGUMENT**

16         This Request is relevant to Larian's withholding of the non-privileged

17  Larian-O'Connor email, which is an issue before the Court at the September 22

18  hearing.  In particular, the Request is relevant to obtaining Larian's binding

19  statement as to his position on the email's prior withholding and as to the veracity of

20  that position in light of other admissions or denials sought in the RFAs concerning

21  the validity of that position.  In addition, the Request is relevant to ascertaining

22  whether Larian improperly and deliberately designated the email as privileged in

23  order to deprive Mattel of an opportunity to use the Larian-O'Connor email at the

24  Phase 1 trial, which would constitute the RICO predicate of obstruction of justice.

25  Additionally, the Request is relevant to the allegation in the TAAC that the MGA

26  Parties made false representations under oath to Mattel's detriment, including with

27  respect to the timing of the creation of Bratz at Phase 1 trial.  Moreover, it is

28  relevant to whether Larian has waived the attorney-client or work product privilege

1  by its production of the email.  The Requests is also relevant to whether the crime

2  fraud exception applies to communications regarding Larian's decision to withhold

3  the email and whether it comes within the scope of Larian's waiver of the privilege

4  at Phase 1 trial.

5          This Request does not seek privileged information.  That MGA

6  described a communication as privileged (i.e., to the Court) is not itself privileged.

7

8  **REQUEST FOR ADMISSION NO. 25:**

9          Admit that YOU stated, prior to August 21, 2009, that the portion of

10  the document attached hereto as Exhibit 1 containing the email exchange between

11  YOU and Victoria O'Connor did not reflect legal advice.

12  **MATTEL'S ARGUMENT**

13          This Request is relevant to Larian's withholding of the non-privileged

14  Larian-O'Connor email, which is an issue before the Court at the September 22

15  hearing, for the same reasons discussed above with respect to RFA No. 24.  In

16  particular, the Request is relevant to obtaining Larian's binding statement as to his

17  position on the email's prior withholding and as to the veracity of that position in

18  light of other admissions or denials sought in the RFAs concerning the validity of

19  that position.  In addition, the Request is relevant to ascertaining whether Larian

20  improperly and deliberately designated the email as privileged in order to deprive

21  Mattel of an opportunity to use the Larian-O'Connor email at the Phase 1 trial,

22  which would constitute the RICO predicate of obstruction of justice.  Additionally,

23  the Request is relevant to the allegation in the TAAC that the MGA Parties made

24  false representations under oath to Mattel's detriment.  Moreover, it is relevant to

25  whether Larian has waived the attorney-client or work product privilege by its

26  production of the email.  The Request is also relevant to whether the crime-fraud

27  exception applies to communications regarding Larian's decision to withhold the

28

SEPARATE STATEMENT ISO OF EX PARTE APP FOR ORDER SHORTENING TIME TO RESPOND TO RFA'S

1   email and whether it comes within the scope of Larian's waiver of the privilege at
2   Phase 1 trial.

3         This Request does not seek privileged information.  If Larian described
4   a communication as not privileged, that fact is not itself privileged.

5

6   **REQUEST FOR ADMISSION NO. 26:**

7         Admit that the document attached hereto as Exhibit 1 was not listed on
8   any MGA privilege log prior to MGA'S REVISED JANUARY 23, 2008
9   PRIVILEGE LOG.

10  **MATTEL'S ARGUMENT**

11        This Request is relevant to Larian's withholding of the non-privileged
12  Larian-O'Connor email, which is an issue before the Court at the September 22
13  hearing.  In particular, the Request seeks to confirm in a binding manner whether the
14  email was withheld as privileged and identified as such on MGA's privilege log.  It
15  is relevant to whether Larian's withholding of the email was deliberate, which would
16  constitute the RICO predicate of obstruction of justice, and it seeks to establish
17  foundational facts.

18

19  **REQUEST FOR ADMISSION NO. 27:**

20        Admit that the document attached hereto as Exhibit 1 was listed on a
21  MGA privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE
22  LOG.

23  **MATTEL'S ARGUMENT**

24        This Request is relevant to Larian's withholding of the non-privileged
25  Larian-O'Connor email, which is an issue before the Court at the September 22
26  hearing.  In particular, the Request seeks to confirm in a binding manner whether the
27  email was withheld as privileged and identified as such on MGA's privilege log.  It
28  is relevant to whether Larian's withholding of the email was deliberate, which would

1  constitute the RICO predicate of obstruction of justice, and it seeks to establish

2  foundational facts.

3

4  **REQUEST FOR ADMISSION NO. 28:**

5        Admit that the document attached hereto as Exhibit 1 was listed on

6  MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG because MGA knew

7  prior to that time that MGA had been compelled by Court Order to produce the

8  document attached hereto as Exhibit 1.

9  **MATTEL'S ARGUMENT**

10        This Request is relevant to Larian's withholding of the non-privileged

11  Larian-O'Connor email, which is an issue before the Court at the September 22

12  hearing.  In particular, the Request seeks to confirm in a binding manner whether the

13  email was withheld as privileged and identified as such on MGA's privilege log.  It

14  is relevant to whether Larian's withholding of the email was deliberate, which would

15  constitute the RICO predicate of obstruction of justice, and it seeks to establish

16  foundational facts.

17        This Request does not seek privileged information.  MGA's knowledge

18  of Court orders is not privileged.  The Request does not seek the content of any

19  privileged communication.

20

21  **REQUEST FOR ADMISSION NO. 29:**

22        Admit that the document attached hereto as Exhibit 1 was listed as

23  Entry No. 381 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

24  **MATTEL'S ARGUMENT**

25        This Request is relevant to Larian's withholding of the non-privileged

26  Larian-O'Connor email, which is an issue before the Court at the September 22

27  hearing.  In particular, the Request seeks  to confirm in a binding manner whether

28  the email was withheld as privileged and identified as such on MGA's privilege log.

1   It is also relevant to whether Larian's withholding of the email was deliberate, which

2   would constitute the RICO predicate of obstruction of justice, and it seeks to

3   establish foundational facts.

4

5   **REQUEST FOR ADMISSION NO. 30:**

6         Admit that the document corresponding to Entry No. 557 on MGA's

7   MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is a duplicate of the

8   document attached hereto as Exhibit 1.

9   **MATTEL'S ARGUMENT**

10         This Request is relevant to Larian's withholding of the non-privileged

11   Larian-O'Connor email, which is an issue before the Court at the September 22

12   hearing.  In particular, the Request is relevant to whether Larian has improperly

13   withheld -- and is continuing to improperly withhold -- other versions of the Larian-

14   O'Connor email.  The Court has specifically identified such information as relevant

15   to the OSC.  The Request is thus further relevant to whether the crime-fraud

16   exception applies, and also is relevant to whether Larian's withholding of the email

17   was deliberate, which would constitute the RICO predicate of obstruction of justice.

18   The Request is also relevant to the allegation in the TAAC that the MGA Parties

19   have made false representations under oath to Mattel's detriment..

20   ███████████████████████████████████

21   ████████████████████████████████████████

22   ████████████████████   See Report and Declaration of Annette L. Hurst on Behalf

23   of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

24   to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

25   of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

26   such information in a manner binding upon Larian himself.

27

28

07975/3104105.1

SEPARATE STATEMENT ISO OF EX PARTE APP FOR ORDER SHORTENING TIME TO RESPOND TO RFA'S

1  **REQUEST FOR ADMISSION NO. 31:**

2      Admit that the document corresponding to Entry No. 557 on MGA'S

3  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a duplicate of the

4  document attached hereto as Exhibit 1.

5  **MATTEL'S ARGUMENT**

6      This Request is relevant to Larian's withholding of the non-privileged

7  Larian-O'Connor email, which is an issue before the Court at the September 22

8  hearing, for the same reasons discussed above with respect to RFA No. 30.  In

9  particular, the Request is relevant to whether Larian has improperly withheld -- and

10 is continuing to improperly withhold -- other versions of the Larian-O'Connor email.

11 The Court has specifically identified such information as relevant to the OSC.  The

12 Request is further relevant to whether the crime-fraud exception applies, and also is

13 relevant to whether Larian's withholding of the email was deliberate, which would

14 constitute the RICO predicate of obstruction of justice.  The Request is also relevant

15 to the allegation in the TAAC that the MGA Parties have made false representations

16 under oath to Mattel's detriment..

17 ███████████████████████████████████████

18 ███████████████████████████████████████

19 ██████████████████  See Report and Declaration of Annette L. Hurst on Behalf

20 of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

21 to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

22 of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

23 such information in a manner binding upon Larian himself.

24

25 **REQUEST FOR ADMISSION NO. 32:**

26     Admit that the document corresponding to Entry No. 557 on MGA'S

27 REVISED JANUARY 23, 2008 PRIVILEGE LOG is a further communication

28 related to the subject or subjects of the document attached hereto as Exhibit 1.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, the Request is relevant to whether Larian has improperly withheld -- and is continuing to improperly withhold -- other versions of the Larian-O'Connor email.  The Court has specifically identified such information as relevant to the OSC.  The Request is further relevant to whether the crime-fraud exception applies, and also is relevant to whether Larian's withholding of the email was deliberate, which would constitute the RICO predicate of obstruction of justice.  The Request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations under oath to Mattel's detriment..

▌ ▌ ▌ ▌ See Report and Declaration of Annette L. Hurst on Behalf of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to such information in a manner binding upon Larian himself.

**REQUEST FOR ADMISSION NO. 33:**

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a further communication related to the subject or subjects of the document attached hereto as Exhibit 1.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing, for the same reasons discussed above with respect to RFA Nos. 31 and 32. In particular, the Request is relevant to whether Larian has improperly withheld --

1 | and is continuing to improperly withhold -- other versions of the Larian-O'Connor
2 | email.  The Court has specifically identified such information as relevant to the
3 | OSC.  The Request is further relevant to whether the crime-fraud exception applies,
4 | and also is relevant to whether Larian's withholding of the email was deliberate,
5 | which would constitute the RICO predicate of obstruction of justice.  The Request is
6 | also relevant to the allegation in the TAAC that the MGA Parties have made false
7 | representations under oath to Mattel's detriment.

8 | ████████████████████████████████████

9 | ████████████████████████████████████

10 | ██████████████████  See Report and Declaration of Annette L. Hurst on Behalf
11 | of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order
12 | to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration
13 | of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to
14 | such information in a manner binding upon Larian himself.

15 |

16 | **REQUEST FOR ADMISSION NO. 34:**

17 | Admit that the document corresponding to Entry No. 557 on MGA'S
18 | REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by YOU from
19 | production in this litigation to Mattel on attorney-client privilege grounds.

20 | **MATTEL'S ARGUMENT**

21 | This Request is relevant to Larian's withholding of the non-privileged
22 | Larian-O'Connor email, which is an issue before the Court at the September 22
23 | hearing, for the same reasons discussed above with respect to RFA Nos. 31 through
24 | 33.  In particular, the Request is further relevant to whether Larian has improperly
25 | withheld -- and is continuing to improperly withhold -- other versions of the Larian-
26 | O'Connor email.  The Court has specifically identified such information as relevant
27 | to the OSC.  The Request is further relevant to whether the crime-fraud exception
28 | applies, and also is relevant to whether Larian's withholding of the email was

1   deliberate, which would constitute the RICO predicate of obstruction of justice.  The

2   Request is also relevant to the allegation in the TAAC that the MGA Parties have

3   made false representations under oath to Mattel's detriment..

4   ████████████████████████████████

5   ████████████████████████████████████

6   ████████████████   <u>See</u> Report and Declaration of Annette L. Hurst on Behalf

7   of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

8   to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

9   of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

10   such information in a manner binding upon Larian himself.

11

12   **REQUEST FOR ADMISSION NO. 35:**

13         Admit that the document corresponding to Entry No. 557 on MGA'S

14   REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by YOU from

15   production in this litigation to Mattel on work product grounds.

16   **MATTEL'S ARGUMENT**

17         This Request is relevant to Larian's withholding of the non-privileged

18   Larian-O'Connor email, which is an issue before the Court at the September 22

19   hearing, for the same reasons discussed above with respect to RFA Nos. 31 through

20   34.  In particular, the Request is further relevant to whether Larian has improperly

21   withheld -- and is continuing to improperly withhold -- other versions of the Larian-

22   O'Connor email.  The Court has specifically identified such information as relevant

23   to the OSC.  The Request is further relevant to whether the crime-fraud exception

24   applies, and also is relevant to whether Larian's withholding of the email was

25   deliberate, which would constitute the RICO predicate of obstruction of justice.  The

26   Request is also relevant to the allegation in the TAAC that the MGA Parties have

27   made false representations under oath to Mattel's detriment..

28

1  ███████████████████████████████

2  ████████████████████████████████████

3  ██████████████  <u>See</u> Report and Declaration of Annette L. Hurst on Behalf

4  of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

5  to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

6  of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

7  such information in a manner binding upon Larian himself.

8

9  **REQUEST FOR ADMISSION NO. 36:**

10  Admit that the document corresponding to Entry No. 557 on MGA'S

11  REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney-client

12  privilege.

13  **MATTEL'S ARGUMENT**

14  This Request is relevant to Larian's withholding of the non-privileged

15  Larian-O'Connor email, which is an issue before the Court at the September 22

16  hearing.  In particular, the Request is further relevant to whether Larian has

17  improperly withheld -- and is continuing to improperly withhold -- other versions of

18  the Larian-O'Connor email.  The Court has specifically identified such information

19  as relevant to the OSC.  The Request is further relevant to whether the crime-fraud

20  exception applies, and also is relevant to whether Larian's withholding of the email

21  was deliberate, which would constitute the RICO predicate of obstruction of justice.

22  The Request is also relevant to the allegation in the TAAC that the MGA Parties

23  have made false representations under oath to Mattel's detriment..

24  The Request does not seek to invade the privilege.  Instead, it merely

25  seeks to obtain Larian's binding position on whether the privilege applies.  It does

26  not seek the content of any privileged communication.

27  ███████████████████████████████

28  ████████████████████████████████████

SEPARATE STATEMENT ISO OF EX PARTE APP FOR ORDER SHORTENING TIME TO RESPOND TO RFA'S

1                ███████████████ <u>See</u> Report and Declaration of Annette L. Hurst on Behalf

2 of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

3 to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

4 of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

5 such information in a manner binding upon Larian himself.

6

7 **REQUEST FOR ADMISSION NO. 37:**

8           Admit that the document corresponding to Entry No. 557 on MGA'S

9 REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work product

10 doctrine.

11 **MATTEL'S ARGUMENT**

12           This Request is relevant to Larian's withholding of the non-privileged

13 Larian-O'Connor email, which is an issue before the Court at the September 22

14 hearing.  In particular, the Request is further relevant to whether Larian has

15 improperly withheld -- and is continuing to improperly withhold -- other versions of

16 the Larian-O'Connor email.  The Court has specifically identified such information

17 as relevant to the OSC.  The Request is further relevant to whether the crime-fraud

18 exception applies, and also is relevant to whether Larian's withholding of the email

19 was deliberate, which would constitute the RICO predicate of obstruction of justice.

20 The Request is also relevant to the allegation in the TAAC that the MGA Parties

21 have made false representations under oath to Mattel's detriment..

22           The Request does not seek to invade the privilege.  Instead, it merely

23 seeks to obtain Larian's binding position on whether the privilege applies.  It does

24 not seek the content of any privileged communication.

25                     ███████████████████████████

26 ███████████████████████████████████

27                ███████████ <u>See</u> Report and Declaration of Annette L. Hurst on Behalf

28 of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

07975/3104105.1

1  to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

2  of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

3  such information in a manner binding upon Larian himself.

4

5  **REQUEST FOR ADMISSION NO. 38:**

6        Admit that the document corresponding to Entry No. 557 on MGA'S

7  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney-

8  client privilege.

9  **MATTEL'S ARGUMENT**

10        This Request is relevant to Larian's withholding of the non-privileged

11  Larian-O'Connor email, which is an issue before the Court at the September 22

12  hearing.  In particular, the Request is further relevant to whether Larian has

13  improperly withheld -- and is continuing to improperly withhold -- other versions of

14  the Larian-O'Connor email.  The Court has specifically identified such information

15  as relevant to the OSC.  The Request is further relevant to whether the crime-fraud

16  exception applies, and also is relevant to whether Larian's withholding of the email

17  was deliberate, which would constitute the RICO predicate of obstruction of justice.

18  The Request is also relevant to the allegation in the TAAC that the MGA Parties

19  have made false representations under oath to Mattel's detriment..

20        The Request does not seek to invade the privilege.  Instead, it merely

21  seeks to obtain Larian's binding position on whether the privilege applies.  It does

22  not seek the content of any privileged communication.

23  █████████████████████████

24  █████████████████████████████████████

25  ███████████████  See Report and Declaration of Annette L. Hurst on Behalf

26  of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

27  to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

28

1  of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

2  such information in a manner binding upon Larian himself.

3

4  **REQUEST FOR ADMISSION NO. 39:**

5         Admit that the document corresponding to Entry No. 557 on MGA'S

6  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work

7  product doctrine.

8  **MATTEL'S ARGUMENT**

9         This Request is relevant to Larian's withholding of the non-privileged

10  Larian-O'Connor email, which is an issue before the Court at the September 22

11  hearing.  In particular, the Request is further relevant to whether Larian has

12  improperly withheld -- and is continuing to improperly withhold -- other versions of

13  the Larian-O'Connor email.  The Court has specifically identified such information

14  as relevant to the OSC.  The Request is further relevant to whether the crime-fraud

15  exception applies, and also is relevant to whether Larian's withholding of the email

16  was deliberate, which would constitute the RICO predicate of obstruction of justice.

17  The Request is also relevant to the allegation in the TAAC that the MGA Parties

18  have made false representations under oath to Mattel's detriment..

19         The Request does not seek to invade the privilege.  Instead, it merely

20  seeks to obtain Larian's binding position on whether the privilege applies.  It does

21  not seek the content of any privileged communication.

22  ████████████████████████████████████████████

23  ████████████████████████████████████████████████

24  ████████████████████  See Report and Declaration of Annette L. Hurst on Behalf

25  of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

26  to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

27  of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

28  such information in a manner binding upon Larian himself.

1

2 **REQUEST FOR ADMISSION NO. 40:**

3      Admit that the document corresponding to Entry No. 557 on MGA'S

4 REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by

5 attorney-client privilege.

6 **MATTEL'S ARGUMENT**

7      This Request is relevant to Larian's withholding of the non-privileged

8 Larian-O'Connor email, which is an issue before the Court at the September 22

9 hearing.  In particular, the Request is further relevant to whether Larian has

10 improperly withheld -- and is continuing to improperly withhold -- other versions of

11 the Larian-O'Connor email.  The Court has specifically identified such information

12 as relevant to the OSC.  The Request is further relevant to whether the crime-fraud

13 exception applies, and also is relevant to whether Larian's withholding of the email

14 was deliberate, which would constitute the RICO predicate of obstruction of justice.

15 The Request is also relevant to the allegation in the TAAC that the MGA Parties

16 have made false representations under oath to Mattel's detriment..

17      The Request does not seek to invade the privilege.  Instead, it merely

18 seeks to obtain Larian's binding position on whether the privilege applies.  It does

19 not seek the content of any privileged communication.

20 ████████████████████████████████████

21 ████████████████████████████████████

22 ████████████████ See Report and Declaration of Annette L. Hurst on Behalf

23 of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order

24 to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration

25 of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to

26 such information in a manner binding upon Larian himself.

27

28

07975/3104105.1

SEPARATE STATEMENT ISO OF EX PARTE APP FOR ORDER SHORTENING TIME TO RESPOND TO RFA'S

**REQUEST FOR ADMISSION NO. 41:**

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the work product doctrine.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing.  In particular, the Request is further relevant to whether Larian has improperly withheld -- and is continuing to improperly withhold -- other versions of the Larian-O'Connor email.  The Court has specifically identified such information as relevant to the OSC.  The Request is further relevant to whether the crime-fraud exception applies, and also is relevant to whether Larian's withholding of the email was deliberate, which would constitute the RICO predicate of obstruction of justice. The Request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations under oath to Mattel's detriment..

The Request does not seek to invade the privilege.  Instead, it merely seeks to obtain Larian's binding position on whether the privilege applies.  It does not seek the content of any privileged communication.

See Report and Declaration of Annette L. Hurst on Behalf of Orrick, Herrington & Sutcliffe in Response to the Court's August 31, 2009 Order to Show Cause, dated September 14, 2009, attached as Exhibit 17 to the Declaration of Scott L. Watson in Support of Mattel's Ex Parte Application.  Mattel is entitled to such information in a manner binding upon Larian himself.

1  **REQUEST FOR ADMISSION NO. 42:**

2          Admit that MGA has produced all other versions of the exchange

3  reflected in the document attached hereto as Exhibit 1.

4  **MATTEL'S ARGUMENT**

5          This Request is relevant to Larian's withholding of the non-privileged

6  Larian-O'Connor email, which is an issue before the Court at the September 22

7  hearing.  In particular, the Request is relevant to whether Larian has improperly

8  withheld other versions of the Larian-O'Connor email.  The Court has specifically

9  identified such information as relevant to the OSC.  The Request is additionally

10  relevant to whether the crime fraud exception applies, and also is relevant to

11  whether MGA's withholding of the email was deliberate, which wouuld constitute

12  the RICO predicate of obstruction of justice.  The Request is also relevant to the

13  allegation in the TAAC that the MGA Parties have made false representations under

14  oath to Mattel's detriment.

15          The Request does not seek to invade the privilege.  Instead, it merely

16  seeks to obtain Larian's binding position on whether he is withholding any other

17  version of the email.  It does not seek the content of any privileged communication.

18

19  **REQUEST FOR ADMISSION NO. 43:**

20          Admit that MGA has not produced to Mattel all other versions of the

21  exchange reflected in the document attached hereto as Exhibit 1.

22  **MATTEL'S ARGUMENT**

23          This Request is relevant to Larian's withholding of the non-privileged

24  Larian-O'Connor email, which is an issue before the Court at the September 22

25  hearing.  In particular, the Request is relevant to whether Larian has improperly

26  withheld other versions of the Larian-O'Connor email.  The Court has specifically

27  identified such information as relevant to the OSC.  The Request is additionally

28  relevant to whether the crime fraud exception applies, and also is relevant to

1    whether MGA's withholding of the email was deliberate, which wouuld constitute

2    the RICO predicate of obstruction of justice.  The Request is also relevant to the

3    allegation in the TAAC that the MGA Parties have made false representations under

4    oath to Mattel's detriment.

5        The Request does not seek to invade the privilege.  Instead, it merely

6    seeks to obtain Larian's binding position on whether he is withholding any other

7    version of the email.  It does not seek the content of any privileged communication.

8

9    **REQUEST FOR ADMISSION NO. 44:**

10       Admit that there are additional communications to or from Isaac Larian

11    that are part of the email chain attached hereto as Exhibit 1.

12    **MATTEL'S ARGUMENT**

13       This Request is relevant to Larian's withholding of the non-privileged

14    Larian-O'Connor email, which is an issue before the Court at the September 22

15    hearing.  In particular, the Request is relevant to whether Larian has improperly

16    withheld other versions or continuations of the Larian-O'Connor email.  The Court

17    has specifically identified such information as relevant to the OSC.  The Request is

18    additionally relevant to whether the crime fraud exception applies, and also is

19    relevant to whether MGA's withholding of the email was deliberate, which wouuld

20    constitute the RICO predicate of obstruction of justice.  The Request is also relevant

21    to the allegation in the TAAC that the MGA Parties have made false representations

22    under oath to Mattel's detriment.

23       The Request does not seek to invade the privilege.  Instead, it merely

24    seeks to obtain Larian's binding position on whether he is withholding any other

25    version of the email.  It does not seek the content of any privileged communication.

26

27

28

**REQUEST FOR ADMISSION NO. 45:**

Admit that there are no additional communications to or from Isaac Larian that are part of the email chain attached hereto as Exhibit 1.

**MATTEL'S ARGUMENT**

This Request is relevant to Larian's withholding of the non-privileged Larian-O'Connor email, which is an issue before the Court at the September 22 hearing. In particular, the Request is relevant to whether Larian has improperly withheld other versions of the Larian-O'Connor email. The Court has specifically identified such information as relevant to the OSC. The Request is additionally relevant to whether the crime fraud exception applies, and also is relevant to whether MGA's withholding of the email was deliberate, which wouuld constitute the RICO predicate of obstruction of justice. The Request is also relevant to the allegation in the TAAC that the MGA Parties have made false representations under oath to Mattel's detriment.

The Request does not seek to invade the privilege. Instead, it merely seeks to obtain Larian's binding position on whether he is withholding any other version of the email. It does not seek the content of any privileged communication.

DATED: September 14, 2009        QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES. LLP


                                 By /s/ Scott L. Watson
                                     Scott L. Watson
                                     Attorneys for Mattel. Inc.