QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>[DISCOVERY MATTER]<br>To be heard by Discovery Master Robert C. O'Brien<br><br>[PUBLIC REDACTED] MATTEL, INC.'S OPPOSITION TO MGA ENTERTAINMENT, INC.'S RENEWED EX PARTE APPLICATION FOR ORDER COMPELLING DEPOSITION OF RICHARD DE ANDA IN ADVANCE OF COURT-ORDERED HEARING<br><br>[Declaration of Jon D. Corey filed concurrently]<br><br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

**Preliminary Statement**

MGA's "Renewed Ex Parte Application" is in fact a motion for reconsideration of the Discovery Master's Order No. 62 finding that MGA had failed to show cause for its request to depose Richard De Anda for a second time. Having failed to carry its burden to convince the Discovery Master to grant it *four* hours to depose Mr. De Anda prior to the September 21, 2009 hearing, MGA now—without any new facts or law—asks for *seven* hours based on the very same conclusory arguments that were heard and rejected last Friday. MGA's application is improper and should be rejected.

On September 4, 2009, MGA filed an *ex parte* seeking leave to compel Mattel to produce Mr. De Anda for a second deposition lasting no more than four hours.[1] MGA claimed that the four hours of questioning was necessary for MGA to "'adequately prepare for the September 21, 2009 hearing' ordered by the Court at which Mr. De Anda has been ordered to appear." Discovery Master Order No. 62 ("Order") at 2. The Discovery Master carefully considered and explicitly rejected MGA's request, finding that " ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



---

[1] See MGA's *Ex Parte* Application For Order To Shorten Time For Response & Prod. of Documents & Order Authorizing Service of Deposition Notice, dated September 4, 2009, at 5, attached as Exhibit 5 to the concurrently filed Declaration of Jon D. Corey ("Corey Dec.").

1 █████████████████████████████████████████████
2 █████████████████████████████████████████████
3 █████████████████████████████████████████████
4 ████████████████████████████████████.

Order at 5, Corey Dec., Exh. 1.

That decision was made available to counsel shortly before noon on Friday, September 11. Hours *after* the Discovery Master issued his ruling that MGA had failed to show cause for a second deposition as the Rules require, counsel for MGA contacted counsel for Mattel to request that he accept service on behalf of Mr. De Anda. As in every case, counsel for Mattel responded that he would have to check with his client.[2] Rather that awaiting a response, MGA proceeded to serve Mr. De Anda that night with the very deposition subpoena that the Discovery Master had refused to authorize, and now claims that the fact that it served the subpoena provides the basis for reconsidering the Order it defied. It does not. It provides the basis for sanctions, which should be awarded here.

The Federal Rules require that a party be granted leave **before** serving a deposition subpoena on a witness who has already been deposed. Here, MGA had no such leave. To the contrary, it sought and was denied leave, and then ignored the Order denying it. The Federal Rules also require that even where leave has been granted, subpoenas must provide a witness reasonable notice of the deposition date. Mr. De Anda was served with a subpoena on Friday night demanding his presence at 9:00 a.m. the following Wednesday. Two Court days' notice is presumptively unreasonable; indeed, MGA itself has in this very case successfully quashed subpoenas because two days was too few.[3] Finally, MGA claims, as it did in its earlier application, that Mattel had provisionally agreed with prior counsel to

---

[2] See Exhibit D to MGA's Renewed Application.
[3] See September 17, 2007 Hearing Tr. at 11:1-12, Corey Dec., Exh. 6.

produce Mr. De Anda for a second deposition but the claim is incorrect and is unsupported by any documentary evidence because there was no such agreement.

MGA's *ex parte* application should be rejected, and it should be sanctioned for its flagrant and deliberate violation of Order No. 62 and the Federal Rules.

**Argument**

**I. THERE IS NO BASIS FOR THE DISCOVERY MASTER TO RECONSIDER HIS ORDER.**

A motion for reconsideration may not repeat the same arguments made and rejected previously. It must point to new facts or new law, or else meet the even higher standard of establishing "manifest failure" by the Court to consider the arguments presented:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. *No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.*

Local Rule 7-18 (emphasis added).

1  MGA has failed to meet these criteria. There is no new law since last Friday.
2  The only new fact is that MGA flouted the <u>Rules</u> and the Discovery Master's Order
3  after receiving it. The Discovery Master's Order plainly and unequivocally
4  demonstrates the careful consideration he gave to MGA's arguments. Indeed, MGA
5  does not even raise the spectre of a "manifest showing of a failure to consider
6  material facts" because to do so would be plainly groundless. The Discovery Master
7  did not rule that MGA could never again question Mr. De Anda. Quite the contrary,
8  the Discovery Master found that [REDACTED]
9  [REDACTED]
10 [REDACTED]
11 [REDACTED]
12 [REDACTED]
13 [REDACTED]
14 [REDACTED]" Order at 5 (emphasis added).

15  As shown in Mattel's opposition to the first *ex parte*, MGA has already
16 deposed Mr. De Anda for more than seven hours. While MGA repeats its
17 arguments that it did not depose Mr. De Anda regarding Mattel's communications
18 with law enforcement or on trade secret issues, it makes no showing that it could not
19 have done so. At the time of his deposition, MGA was aware of both Mattel's
20 communications with Canadian law enforcement[4] and Mattel's trade secret claims,[5]
21 but opted to examine Mr. De Anda on other subjects. Any emergency here is of
22 MGA's own making. See <u>Costner v. MRA Funding Corp.</u>, 2009 WL 1106815, at *2
23 (C.D. Cal. April 23, 2009) (noting that *ex parte* application should be denied

---

[4] See, e.g., [REDACTED], Corey Dec. Exh. 2; <u>see also</u> Corey Dec. ¶ 2.
[5] MGA was served with a copy of Mattel's First Amended Complaint, which first raised the issue of defendants' trade secret theft, on November 11, 2006, over a year before Mr. De Anda's deposition.

because movant "has not shown that it is without fault in creating the crisis that requires *ex parte* relief"). Mattel has been granted eleven hours to depose Isaac Larian, who is the key figure in virtually every aspect of this case. The Discovery Master granted Mattel seven hours for a second deposition of Ronald Brawer, over MGA's objection, where ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[6] In contrast, MGA's second *ex parte* application asserting an emergency right to re-depose Mr. De Anda for seven hours based on a ***single document*** in advance of a hearing on that very document next week before Judge Larson cannot be squared with these earlier decisions, with the procedure established by Judge Larson, or with the Rules.

## II. MGA'S SERVICE OF THE SUBPOENA VIOLATED THE FEDERAL RULES AND THE DISCOVERY MASTER'S ORDER

"A party *must* obtain leave of court . . . if the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(ii) (emphasis added). Where a party fails to seek leave before serving a subpoena, the subpoena is invalid. Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 170 F.R.D. 111, 119 (S.D.N.Y. 1997) (denying motion to re-depose witness "because plaintiffs breached Federal Rule of Civil Procedure ('Rule') 30(a)(2)(B) by seeking leave of this Court for [witness'] second deposition after plaintiffs already had served her with a subpoena"—which was a "violation of Rule 30(a)(2)(B)"); In re Sulfuric Acid Antitrust Litig., 2005 WL 1994105, at *2 (N.D. Ill. Aug. 19, 2005) ("The defendants here issued their second Rule 30(b)(6) subpoenas without leave of the court, despite the unambiguous requirement of Rule 30(a)(2)(B). The notices and subpoenas are thus invalid.").

It is precisely for this reason that MGA applied to the Discovery Master on September 4 expressly requesting leave to "***permit service of*** a notice of

---

[6] See Phase 2 Discovery Matter Order No. 63, dated September 11, 2009, at 11, Docket No. 6671.

1  deposition . . . pursuant Rule 30(a)(2)(A)(ii)."[7] MGA states in its current application
2  that the subpoena was initially put out for service on Thursday September 10, before
3  the Order issued, but it was unable to serve Mr. De Anda.  Because it needed leave
4  from the Discovery Master, it was plainly improper for MGA to attempt service of a
5  subpoena it had not been authorized to issue.  But once the Discovery Master's
6  Order explicitly *denying* such authority for deposition prior to the hearing was
7  received by the parties, all efforts to serve the invalid subpoena should have
8  stopped.  Instead, counsel for MGA contacted counsel for Mattel on the afternoon of
9  September 11 asking that he accept service, and MGA actually *faults* Mattel for not
10 instantly accepting service of an unauthorized and invalid subpoena.  The fact that
11 MGA managed to find Mr. De Anda at his home and hand him the subpoena in no
12 way changes the fact that the subpoena was invalid.
13        The Discovery Master noted in his Order that Mr. De Anda had not
14 been served, but that was not the basis of his ruling.  He based his ruling on the fact
15 that MGA had failed to show entitlement to the deposition prior to the hearing.
16 Service of a subpoena does not establish good cause, particularly where it is done in
17 defiance of an order finding that MGA had failed to show that it was entitled to
18 depose Mr. De Anda for a second time.[8]

---

[7] See MGA's *Ex Parte* Application For Order To Shorten Time For Response & Prod. of Documents & Order Authorizing Service of Deposition Notice, dated September 4, 2009, at 5, ¶ 17 (emphasis added), Corey Dec., Exh. 5.

[8] MGA deceptively suggests that Mattel's failure to produce documents ordered by the Discovery Master on September 14 "███████████████████████████" and mischaracterizes Mattel's motion for reconsideration. As MGA knows full well, Mattel is not withholding any documents which it was ordered to produce.  As Mattel has repeatedly stated, there are no additional non-privileged documents.  Mattel notified MGA of this fact as recently as yesterday.  See Corey Dec., Exh. 10.  Contrary to MGA's mischaracterizations, Mattel's motion for reconsideration is limited to the issue of a post-litigation privilege log.  Nothing in that motion "██████████████" for Mr. De Anda's deposition at this time.  Indeed, as Mattel has made clear, █████████████████████████

(footnote continued)

### III. THE SUBPOENA IS DEFECTIVE FOR LACK OF PROPER NOTICE

The subpoena here was not only unauthorized, and served in defiance of the Discovery Master's Order, but is additionally defective on its face for failure to provide proper notice. The Subpoena was served on Friday, September 11, 2009 around 7:00 p.m., but requires that Mr. De Anda appear for deposition on September 16, 2009, at 9:00 a.m., effectively two Court days later. The Federal Rules mandate that a deponent be given reasonable notice. See Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party."). The reasonable notice requirement of the Rules is generally interpreted as presumptively requiring 10 days' notice. See In re Stratosphere Corp. Securities Litig., 183 F.R.D. 684, 687 (D. Nev. 1999) ("What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected.") (citing The Rutter Group, Federal Civil Proc. Before Trial ¶ 11:360 (1998)); see also September 17, 2007 Hearing Tr. at 11:3-4 (Infante, J.) (finding that less than 10 days notice was inadequate under the circumstances and noting "I take into consideration sort of presumption that 10 days is adequate notice").

Two days is not reasonable notice. See Al-Kidd v. Gonzales, 2008 WL 2788418, at *5 (D. Idaho July 17, 2008) (affirming magistrate's holding that notice provided five days before deposition scheduled was "unreasonable"); In re Stratosphere Corp. Securities Litig., 183 F.R.D. 684, 687 (D. Nev. 1999) (five days' notice was "unreasonably short"). Indeed, the prior Discovery Master—at MGA's own urging—found two days' notice for a deposition subpoena to be inadequate. See September 17, 2007 Hearing Tr. at 11:1-12 (Infante, J.) ("I have to find its [2 days' notice] inadequate notice under the Federal Rules"), Corey Dec., Exh. 6. By

failing to provide reasonable notice, MGA has served a defective, as well as unauthorized, subpoena that further requires denial of MGA's application.

## IV. MGA MISREPRESENTS COMMUNICATIONS IT MADE WITH MATTEL'S COUNSEL

Though largely irrelevant to this motion, MGA's repeated misstatements regarding its communications with Mattel's counsel should not stand uncorrected. First, MGA claims that "[o]n or about February 12, 2009, Ms. Caroline Mankey of the Glaser Weil law firm met and conferred telephonically with Mr. Jon Corey of the Quinn Emanuel law firm concerning the topic of a resumed deposition of Mr. De Anda. . . . Mr. Corey agreed that Mr. De Anda could be deposed a second time, but sought to limit the amount of time he would be deposed." (App. at 1-2.) Not so. Mr. Corey did speak with Ms. Mankey on February 12, 2009, but he never agreed to an additional deposition of Mr. De Anda. Rather, counsel spoke very briefly, and ultimately decided to readdress the issue after the Discovery Master ruled on MGA's motion to compel with respect to Requests for Production Nos. 526 and 528.[9] Mattel's counsel sent MGA a letter confirming exactly this agreement.[10] That is the only documentary record of the conversation, and it confirms Mattel's account and flatly contradicts MGA's.

Second, MGA criticizes Mattel's counsel for "refus[ing] to accept service of a subpoena" for Mr. De Anda. (App. at 1, 4.) Yet, as the very documents submitted by MGA show, counsel did nothing of the sort. As shown in the correspondence attached as Exhibit D to the Application, Ms. Hurst first asked Mr. Zeller if he would accept service on behalf of Mr. De Anda at 3:36 p.m. on Friday afternoon. Counsel replied exactly three minutes later stating, "I will check on that." After a follow-up email from Ms. Hurst regarding the nature of the subpoena, Mr.

---

[9] Corey Dec., ¶ 9.
[10] Facsimile from Jon Corey to Caroline Mankey, dated February 12, 2009, Corey Dec., Exh. 7.

1  Zeller repeated at 3:52 p.m., "Ok, I will check re service and get back to you."
2  Three hours later, on a Friday and without awaiting a response from Mr. Zeller,
3  MGA served Mr. De Anda.
4      MGA's insupportable attack is particularly misplaced given its own
5  repeated refusal to accept service on behalf of affiliated witnesses and parties. For
6  example, when Mattel was filing its Second Amended Answer and Counterclaims,
7  defendants' counsel refused to accept service, including for Isaac Larian, and Mattel
8  was therefore forced to personally serve each of the defendants.[11] Other witnesses
9  employed by or affiliated with defendants have evaded service for months. For
10 example, Mattel was forced to serve MGA's executive, Gustavo Machado, by
11 substitute service, after attempting to personally serve him on multiple occasions
12 over the course of many weeks when he evaded service.[12] MGA's criticism of
13 Mattel's counsel for failing to secure authorization to accept service within three
14 hours on a late Friday afternoon is unfounded.

### Conclusion

16     For the foregoing reasons, MGA's *ex parte* application should be
17 denied in its entirety.

19 DATED: September 16, 2009    QUINN EMANUEL URQUHART OLIVER &
                                HEDGES, LLP

21                                                   By /s/ Michael T. Zeller
22                                                     Michael T. Zeller
                                                       Attorneys for Mattel, Inc.

---

[11] See, e.g., Corey Dec., Exh. 8 (proof of personal service on Isaac Larian and MGA Entertainment (HK) Limited).

[12] See Supplemental Declaration of Donald Moon Regarding Attempts to Personally Serve Counter-Defendant Carlos Gustavo Machado Gomez With Process, dated April 16, 2007, Corey Dec., Exh. 9.