QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**MATTEL, INC.'S *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MGA AND O'MELVENY & MYERS LLP TO SERVE PAPERS AS REQUIRED BY THE COURT'S AUGUST 31, 2009 ORDER TO SHOW CAUSE AND FOR SANCTIONS**<br><br>[Declaration of Michael T. Zeller and Proposed Order filed concurrently]<br><br>Hearing Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 1<br><br>Discovery Cut-off:  December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

TO ALL PARTIES, O'MELVENY & MEYERS LLP AND COUNSEL OF RECORD:

Pursuant to Local Rule 7-19, Mattel, Inc. ("Mattel") respectfully submits this *Ex Parte* Application for an order requiring MGA and O'Melveny & Myers LLP ("OMM") to comply with the service requirements of the Court's July 31, 2009 Order to Show Cause (the "OSC"). Mattel makes this Application on the grounds that although the OSC directs that the responsive reports shall be "served on all parties," OMM has refused to serve its report unless the Court (again) orders service, and MGA has neither served the report on Mattel nor responded to Mattel's requests that it do so. Mattel further requests that MGA be sanctioned in the amount of $750 for forcing Mattel to bring this motion to obtain compliance with the OSC's and the Rules explicit service requirements.

On September 16, 2009, Mattel gave notice of this *Ex Parte* Application to counsel for the MGA parties, Annette Hurst, Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard St., San Francisco, CA 94105 (Tel.: 415-773-4585), Jason Russell, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071 (Tel.: 213-687-5000), as well as OMM's General Counsel, Martin S. Checov, Two Embarcadero Center, 28th Floor, San Francisco, CA 94111 (Tel.: 415-984-8713). OMM has indicated that it had "no objection" to Mattel's *ex parte*; the MGA parties did not respond to Mattel's inquiry on this matter.

This *Ex Parte* Application is based on this Application and accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Michael T. Zeller, the pleadings and other papers on file in this action, and all other matters of which the Court may take judicial notice.

DATED: September 16, 2009         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                  By /s/ Michael T. Zeller
                                     Michael T. Zeller
                                     Attorneys for Mattel, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court's OSC requires reports detailing MGA's current and former counsel's knowledge regarding the improper withholding of the Larian-O'Connor email. By its terms, that Order mandates that any such reports, unless submitted *in camera*, be "served on all parties." Order at 3. On September 14, OMM filed a notice of manual filing, indicating that its report would be under seal.[1] Nothing in the notice suggests that the report was intended to be, or was, filed *in camera*. The next day, when it became clear that Mattel had not been served with the report, Mattel inquired of its status.[2] Although OMM eventually confirmed that its report was not filed *in camera*, it nevertheless refused to serve Mattel with it, claiming that Mattel needed to seek "clarification" from the Court and obtain the report from MGA's current counsel.[3] Mattel asked MGA's current counsel for the report, but received no response.[4]

Because neither OMM nor MGA have served the report on Mattel, and because Mattel's submission on the OSC is imminently due, they have forced this most unfortunate *ex parte*. The OSC required OMM to "serve[] all parties," including Mattel. The Rules are also clear that service on Mattel is required.[5] Yet, neither MGA nor OMM have complied. Although OMM at one point made unexplained references to client confidences, it did not file its report *in camera*; nor has it suggested that it, in

---

[1] See Notice of Manual Filing of Report of O'Melveny & Myers LLP in Response to August 31, 2009 Order to Show Cause, dated August 14, 2009, Declaration of Michael T. Zeller ("Zeller Decl."), Ex. 1.

[2] See September 15, 2009 Email from Z. Krug to M. Checov & M. Feinstein, Zeller Decl., Ex. 2.

[3] See September 16, 2009 Email from M. Checov to Z. Krug, Zeller Decl., Ex. 2.

[4] See September 16, 2009 Email from Z. Krug to A. Hurst, J. Russell and M. Checov, Zeller Decl., Ex. 3.

[5] Fed. R. Civ. P. 5(a) (filings must be "served on every party"); Local Rule 5-3.3 ("[d]ocuments excluded from electronic filing (refer to General Order 08-02) must be served using traditional means of service in the manner prescribed for such service by the Federal Rules"); General Order 08-02 Part V(a) (documents not filed electronically must be "served upon the parties in accordance with the applicable Federal Rules").

1  fact, contains privileged material or was intended to be filed *in camera*. To the
2  contrary, when Mattel informed OMM and MGA that their failure to serve the report
3  would leave Mattel with no choice but to file this *ex parte*, OMM conceded that it has
4  "no objection" to Mattel's receiving the report—it nevertheless apparently has simply
5  decided to embroil the Court and Mattel in motion practice before it will heed obvious
6  service requirements. MGA, for its part, has not provided Mattel with the report either,
7  despite Mattel's requests.

8  Because Mattel's response is due on Friday under the OSC and Mattel is entitled
9  to OMM's report beforehand, Mattel respectfully requests that the Court again order
10 OMM and MGA to immediately to serve the report on Mattel. The Court should also
11 impose sanctions in the amount of $750 on both for imposing unjustifiable burden on
12 this Court and Mattel to obtain compliance with the service requirements set forth in
13 the OSC and the Rules. Certainly, they have no justification for their failures to abide
14 by elementary service rules, and Mattel should not have to bear the fees associated with
15 enforcing such obvious obligations.

16 DATED: September 16, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                    By /s/ Michael T. Zeller
                                       Michael T. Zeller
                                       Attorneys for Mattel, Inc.