# EXHIBIT 1A

MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>[CORRECTED] [PROPOSED] LETTER OF REQUEST FOR JUDICIAL ASSISTANCE  BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA REGARDING DANNY YU |

1  TO THE CHIEF SECRETARY FOR ADMINISTRATION OF HONG KONG

2  SAR:

3      The United States District Court for the Central District of California

4  presents its compliments to the Hong Kong Central Authority, namely the Chief

5  Secretary for Administration of Hong Kong SAR, and requests international

6  judicial assistance to obtain evidence to be used in a civil proceeding before this

7  court in the above captioned matter.  A trial on this matter is scheduled for March

8  23, 2010 in Riverside, California, United States of America.

9      This Court requests that the assistance described herein, as necessary in the

10  interests of justice.  The assistance requested is that the High Court of the Hong

11  Kong Special Administrative Region Court of First Instance compel:

12      (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong, as set

13  forth in Schedule A,

14      (2) the inspection of documents from Danny K. H. Yu, as set forth in

15  Schedule B; and

16      (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

17  Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

18  Schedule C.

19      The requested testimony of this witness and documents are intended for use

20  at trial, and will be relevant to numerous claims and defenses at issue in the above-

21  captioned case in this District.

22      This request is made with the understanding that it will in no way require the

23  persons described below to commit any offense, nor will it require the persons

24  described below to undergo a broader form of inquiry than they would if the

25  litigation were conducted in Hong Kong.

26                              **LETTER OF REQUEST**

27      This Letter of Request is made pursuant to the Hague Convention of 18

28  March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

("Hague Convention"). Accordingly, the Letter of Request sets forth the following requirements under the applicable Articles of the Hague Convention, as well as other information pertinent to this particular proceeding:

1.      **Authority Requesting Letter of Request (Article 3(a)):**

> Hon. Stephen G. Larson
> United States District Judge
> United States District Court for the Central District of California
> Room 260
> 3470 Twelfth Street
> Riverside, CA 92501
> Tel: (951) 328-4464

The United States District Court for the Central District of California, Eastern Division, which is a competent court of law and equity which properly has jurisdiction over this proceeding, has the power to compel the attendance of witnesses and inspection of documents within its jurisdiction, and has the authority to seek the assistance of foreign governments in compelling the attendance of witnesses and inspection of documents outside its jurisdiction.

**Authority Requested to Executed Letter of Request (Article 3(a)):**

> Chief Secretary for Administration of Hong Kong SAR
> Central Government Offices
> Lower Albert Road
> Hong Kong,
> Tel: (011) (852) 8102954

2.      **Names and Addresses of the Parties and Representatives (Article 3(b)):**

| <u>Party</u> | <u>Representative</u> |
|---|---|
| Mattel, Inc. ("Mattel") | John B. Quinn, Esq.<br>Michael T. Zeller, Esq.<br>Jon D. Corey, Esq.<br>QUINN EMANUAL URQUHART OLIVER & HEDGES LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 |
| MGA Entertainment, Inc.;<br>MGAE de Mexico, S.R.L. de C.V.;<br>MGA Entertainment (HK) Limited;<br>Isaac Larian<br>("MGA") | Melinda Haag, Esq.<br>Annette L. Hurst, Esq.<br>Warrington S. Parker, III, Esq.<br>ORRICK HERRINGTON & SUTCLIFFE LLP |

-3-

| | The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94104 |
| | |
| | William A. Molinski, Esq.<br>ORRICK HERRINGTON &<br>SUTCLIFFE LLP<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA  90017 |
| | |
| | Thomas J. Nolan, Esq.<br>Jason Russell, Esq.<br>SKADDEN ARPS SLATE<br>MEAGHER & FLOM LLP<br>3000 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071 |
| Carlos Gustavo Machado Gomez | Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>OVERLAND, BORENSTEIN,<br>SCHEPER & KIM, LLP<br>300 S. Grand Avenue, Suite 2750<br>Los Angeles, CA 90071 |
| Omni 808 Investors, LLC | Todd E. Gordinier, Esq.<br>Peter N. Villar, Esq.<br>Craig A. Taggart, Esq.<br>BINGHAM MCCUTCHEN LLP<br>600 Anton Blvd., 18th Floor<br>Costa Mesa, CA 92626 |

3.     **Nature of the Proceedings (Article 3(c)):**

The evidence requested relates to civil proceedings entitled *Bryant v. Mattel, Inc.,* Case No. CV 04-9049 SGL (RNBx) ("Consolidated Proceeding"), which consists of three actions that have been instituted and consolidated before the requesting judicial authority: *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx); *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), and *MGA Entertainment v. Mattel, Inc.*, Case No. CV 05-2727 SGL (RNBx).  The Consolidated Proceeding is a civil lawsuit, and the applicant for this Letter of Request is a party to the proceeding, MGA.  In the Consolidated Proceeding, MGA brought a complaint against Mattel alleging false designation of origin, unfair competition, dilution and unjust enrichment.  Mattel filed counterclaims for

-4-

1   copyright infringement, misappropriation of trade secrets, violation and conspiracy

2   to violate the Racketeer Influenced and Corrupt Organizations Act, breach of

3   contract, intentional interference with contract, breach and aiding and abetting

4   breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty,

5   conversion, unfair competition, avoidance of intentional and constructive fraudulent

6   transfers under the Uniform Fraudulent Transfer Act, and declaratory relief.  Mattel

7   first sought to lodge an amended complaint with these causes of action on

8   November 20, 2006, but the causes of action were not filed as counterclaims until

9   January 12, 2007.

10          Under California law, which applies in this case, a claim for misappropriation

11   of trade secrets is barred under the statute of limitations if it is filed more than three

12   years after the party discovered or, by the exercise of reasonable diligence, should

13   have discovered the alleged misappropriation.  Thus, any evidence showing that

14   Mattel discovered or should have discovered that its alleged trade secrets were

15   misappropriated before November 20, 2003 would be evidence that Mattel cannot

16   assert its misappropriation of trade secrets claim because it was not filed within

17   three years of when it accrued.

18          MGA has reason to believe that Mattel learned about the alleged

19   misappropriation of trade secrets prior to November 20, 2003 through

20   communications between Mattel, or someone acting on its behalf, and solicitors for

21   Cityworld Limited ("Cityworld"), Toys & Trends (Hong Kong) Limited, Cityworld

22   ("Toys & Trends"), and Jurg Willi Kesselring ("Mr. Kesselring").  MGA issued a

23   Writ of Summons against Toys & Trends, Cityworld, and Mr. Kesselring on June

24   5th 2002 in Hong Kong High Court Action No. 2152 of 2002 ("Hong Kong

25   Action") regarding fashion dolls, and specifically the BRATZ dolls at issue in this

26   case; applied, by way of Summons based on Affirmation evidence, for an

27   interlocutory injunction against Toys & Trends, Cityworld, and Mr. Kesselring in

28   the Hong Kong Action on 18th June 2002; and filed a statement of claim in the

1   Hong Kong Action on July 5th 2002.   Toys & Trends, Cityworld and Mr.

2   Kesselring were represented by Hong Kong solicitor, Mr. Yu, and the firms at

3   which he had been a principal or employed, including Danny K. H. Yu & Co.; Paul

4   K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co.  According to

5   evidence produced in the Consolidated Proceeding, solicitors for Toys & Trends,

6   Cityworld and Mr. Kesselring reached out to Mattel at least as early as September

7   2003 regarding the BRATZ dolls and Mattel's former employee's (Carter Bryant)

8   involvement in the conception and design of the BRATZ dolls.  Such

9   correspondence prior to November 20, 2003, if sufficient to put Mattel on notice on

10  the claims it sought to add on November 20, 2006, could bar assertion of those

11  claims.

12       Danny K. H. Yu and his firm Danny K. H. Yu & Co. sought to take out a Bill

13  of Costs against MGA in connection with the Hong Kong Action.  In connection

14  with the Bill of Costs, they itemized and testified regarding details of the

15  communications with Mattel about the Cityworld claim.

16       Accordingly, this Letter of Request is directed and narrowly tailored to

17  evidence of communications between Mr. Yu and Mattel prior to November 20,

18  2003, and agreements or fee arrangements between Toys & Trends, Cityworld, Mr.

19  Kesselring, or any of them, and Mattel covering the period of time after the claim

20  was filed by MGA against Toys & Trends, Cityworld and Mr. Kesselring in June

21  2002.

22       The evidence sought is expected to show that Mattel was put on notice or

23  should have been put on notice of its claims against MGA more than three years

24  before it asserted those claims, rendering the claims barred by the statute of

25  limitations.

26  **4.      Evidence to be Obtained (Article 3(d)):**

27       As stated above, this Letter of Request is directed and narrowly tailored to

28  evidence of communications between Mattel and its U.S. counsel, on the one hand,

1   and Mr. Yu and his law firms on the other hand, prior to November 20, 2003.  It is

2   also directed and narrowly tailored to agreements between Cityworld and Mattel in

3   the same time frame.  The evidence to be obtained is for use in an upcoming trial of

4   phase 2 of the consolidated actions that have been captioned *Bryant v. Mattel, Inc.*,

5   Case No. 04-9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case

6   No. 05-2727).

7          Accordingly, it is requested that the High Court of the Hong Kong Special

8   Administrative Region Court of First Instance compel the following:

9          (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set

10   forth in Schedule A,

11          (2) the inspection of documents from Danny K. H. Yu, as set forth in

12   Schedule B;

13          (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

14   Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

15   Schedule C, and

16          As detailed above, it is alleged by MGA that Mattel had communications and

17   dealings with the above entities that are relevant to showing that Mattel knew or

18   should have known about its claims against MGA more than three years before it

19   asserted the claims, rendering the claims barred by the statute of limitations.

20   **5.      Name and Address of the Person to be Examined (Article 3(e)):**

21          Danny K. H. Yu (Examination & Inspection)
        803, Manning House
22          48 Queen's Road Central
        Hong Kong
23
        Danny K. H. Yu & Co. (Inspection only)
24          803, Manning House
        48 Queen's Road Central
25          Hong Kong

26

27

28

Paul K. C. Chan, Danny K. H. Yu & Co. (Inspection only)
8th Floor, Chinachem Tower,
34-37 Connaught Road Central
Hong Kong

Simon C. W. Yung & Co. (Inspection only)
Rm 2603-5, 26/F, ING Tower,
308 Des Voeux Road Central,
Hong Kong

**6.      Statement of the Subject-Matter of the Examination (Article 3(f)):**

The subject matter about which Mr. Yu is to be examined is set forth in Schedule A.

**7.      Documents or Other Property to be Inspected (Article 3(g)):**

The documents or other property requested from Mr. Yu are set forth in Schedule B.

The documents or other property requested from Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co. are set forth in Schedule C.

**8.      Requirement that the Evidence Is to Be Given Under Oath (Article 3(h)):**

This Court requests that the examination of Mr. Yu shall be taken under oath before the appropriate Hong Kong judicial authority empowered to administer oaths and take testimony.

This Court further requests that the testimony given during the examinations be given under the following oath: "I [name of deponent] swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God."

In the event that the Law of Hong Kong does not permit the swearing of an oath by a particular witness, the duly appointed officer shall make inquiry of such witness to ensure that he/she understands the gravity of the procedure and affirms that his/her statement will be true and correct in all respects.

**9.      Special Method or Procedure to be Followed (Articles 3(i) and 9):**

A Protective Order was entered in this action on January 4, 2005 (Exhibit A

hereto).  Accordingly, this Court requests that the High Court of the Hong Kong Special Administrative Region Court of First Instance order that the oral evidence produced pursuant to enforcement of this Letter of Request shall not be used by anyone in any manner or proceeding other than in this matter, *Bryant v. Mattel, Inc.*, Case No. 04-9049 SGL (RNBx) (consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United States District Court for the Central District of California.

The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the internal laws of Hong Kong.

The examinations shall be taken before a commercial stenographer and a transcript shall be produced. The examinations shall also be videotaped.

The equipment needed to obtain the transcript and the videotape, as well as the persons needed to operate such equipment, will be provided by the requesting party, MGA.

**10.     Notification of Court and Parties (Article 7)**

Pursuant to Article 7 of the Hague Convention on the Taking of Evidence Abroad, the Court requests that counsel for the parties in this action, listed in paragraph 2 above, be informed of the time when, and the place where, the proceedings will take place, in order that they may be present and participate.  In the event that American attorneys are not permitted to participate in the proceedings, this Court gives permission for local Hong Kong counsel representing the parties to participate in the questioning of the witnesses.

**11.     Reciprocity**

This Court respectfully expresses its willingness to provide similar assistance to the High Court of the Hong Kong Special Administrative Region Court of First Instance.

**12.     Fees and Costs**

Any fees and costs incurred as a result of the special procedures set forth in section 9 above will be paid by MGA through its counsel of record:  Annette Hurst, Orrick Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105. MGA's payment of any such fees and costs is without prejudice to its making a subsequent request to be reimbursed for these costs by other parties in these consolidated actions.

<u>**Conclusion**</u>

Based on the foregoing and the Court's review of the pleadings, this Court has concluded that the above-requested persons and entities have information about the claims and defenses that are the subject of the Consolidated Proceeding, including but not limited to communications with Mattel prior to November 20, 2003 relating to the claims at issue and agreements between Mattel and Cityworld. In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance as detailed in this Letter of Request to compel:

(1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set forth in Schedule A,

(2) the inspection of documents from Danny K. H. Yu, as set forth in Schedule B; and

(3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in Schedule C.

1      The evidence sought cannot be obtained other than from the entities set forth

2   in this request through examination and inspection of documents in their respective

3   possession, and such evidence in the interests of justice and to assure a complete

4   record for trial in this matter.

5

6

7   DATED: _____, 2009

8

9                By:_____

10                   THE HONORABLE STEPHEN G. LARSON
                    UNITED STATES DISTRICT COURT JUDGE

11

12   Authenticated of Signature by Clerk of the Court:

13

14                  TERRY NAFISI, Clerk of the Court

15

16                By:_____

17                   Deputy Clerk _____

18   Court's Authentication that the Clerk of Court is the Clerk of Court:

19

20                By:_____

21                   THE HONORABLE STEPHEN G. LARSON
                    UNITED STATES DISTRICT COURT JUDGE

22

23

24   Authenticated of Signature by Clerk of the Court:

25

26                  TERRY NAFISI, Clerk of the Court

27

28                By:_____
                   Deputy Clerk

# SCHEDULE A

SUBJECT MATTER ABOUT WHICH MR. YU IS TO BE EXAMINED:

1.  Communications between Mr. Danny K. H. Yu or anyone acting on his behalf (together, "Mr. Yu"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2.  Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3.  Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4.  Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5.  Agreements entered into between Mattel and Cityworld Limited ("Cityworld"), Toys & Trends (Hong Kong) Limited, Cityworld ("Toys & Trends"), and Jurg Willi Kesselring ("Mr. Kesselring"), or any of them, including any agreements to pay legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

OHS West:260705847.5
22161-2006 DR5/EK8

MGA'S [CORRECTED] [PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 SGL (RNBx)

6.  Payment by Mattel of legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

## <u>SCHEDULE B</u>

REQUESTS FOR INSPECTION OF DOCUMENTS TO DANNY K.H. YU:

1. Communications between Mr. Danny K. H. Yu or anyone acting on his behalf (together, "Mr. Yu"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2. Documents reflecting communications between Mr. Yu and Mattel from and including August 1, 2003 through November 20, 2003, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4. Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

6. Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

7. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

8. Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

9. Agreements entered into between Mattel and Cityworld, Toys & Trends, Mr. Kesselring, or any of them, including any agreements to pay legal fees incurred by Cityworld Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

10. Documents reflecting payment by Mattel of legal fees incurred by Cityworld Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

**<u>SCHEDULE C</u>**

REQUESTS FOR INSPECTION OF DOCUMENTS TO

      (1) DANNY K. H. YU & CO.;

      (2) PAUL K. C. CHAN, DANNY K. H. YU & CO.; AND

      (3) SIMON C. W. YUNG & CO.:

1. Communications between Mr. Danny K. H. Yu or any other employee of Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; Simon C. W. Yung & Co. or anyone acting on their behalf (together "Yu's Firm"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2. Documents reflecting communications between Yu's Firm and Mattel from and including August 1, 2003 through November 20, 2003, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding BRATZ, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding Carter Bryant, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

6. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding Carter Bryant, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

7. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

8. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding MGA, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

9. Agreements entered into between Mattel and Cityworld, Toys & Trends, Mr. Kesselring, or any of them, including any agreements to pay legal fees incurred by Cityworld at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

10. Documents reflecting payment by Mattel of legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.