MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for MGA Parties

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COUNTERCLAIMS**<br><br>Date:        Oct. 1, 2009<br>Time:        1:00 p.m.<br>Courtroom:  1<br><br>Judge:  Hon. Stephen G. Larson |

**PUBLICALLY FILED VERSION**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................ 1

STATEMENT OF FACTS ................................................................... 1

    A.    Procedural Background Of The Counterclaims ................................ 1

    B.    The Third Amended Counterclaims .................................... 2

    C.    The Proposed Fourth Amended Counterclaims ............................ 3

        1.    Summary of the New Material in the FAAC ............................ 3

        2.    "Information And Belief" Allegations ............................... 5

    D.    ███████████████████████████████████████████

ARGUMENT ..................................................................................... 7

I.    THE MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ........... 7

CONCLUSION .............................................................................. 25

1

## TABLE OF AUTHORITIES

2

### FEDERAL CASES

3

*Bell Atlantic Corp. v. Twombly,*
4
    550 U.S. 544 (2007) ..................................................................10

5
*Brown v. Califano,*
    75 F.R.D. 497 (D.D.C. 1977) ......................................................11

6
*Chagby v. Target Corp.,*
7
    No. 08-4425C, 2008 WL 5686105 (C.D. Cal. Oct. 27, 2008)............11

8
*In Re Countrywide Financial Corp.,*
    601 F. Supp. 2d 1201 (S.D. Cal. 2009) ........................................15

9
*DeMauro v. DeMauro,*
10
    115 F.3d 94 (1st Cir. 1997) ........................................................22

11
*Dura Pharm., Inc. v. Broudo,*
    544 U.S. 336 (2005) ............................................................10, 21

12
*H.J., Inc. v. Northwestern Bell Tel. Co.,*
13
    492 U.S. 229 (1989) ..................................................................16

14
*Hartz v. Friedman,*
    919 F.2d 469 (7th Cir. 1990) ......................................................11

15
*Jackson v. Bank of Hawaii,*
16
    902 F.2d 1385 (9th Cir. 1990) ....................................................7, 8

17
*Kaplan v. Rose,*
    49 F.3d 1363 (9th Cir. 1994) ......................................................8, 9

18
*Kauhi v. Countrywide Home Loans, Inc.,*
19
    No. 08-5580C, 2008 WL 5191343 (W.D. Wash. Dec. 10, 2008) ......11

20
*Lincoln House, Inc. v. Dupre,*
    903 F.2d 845 (1st Cir. 1990) ......................................................22

21
*McAnich v. Wintermute,*
22
    491 F.3d 759 (8th Cir. 2007) ......................................................10

23
*McHenry v. Renne,*
    84 F.3d 1172 (9th Cir. 1996) ................................10, 11, 12, 13, 18

24
*Oki Semiconductor Co. v. Wells Fargo Bank, Nat'l Ass'n,*
    298 F.3d 768 (9th Cir. 2002) ......................................................21

25
*Re-Alco Indus., Inc. v. Nat'l Ctr. for Health Educ., Inc.,*
26
    812 F. Supp. 387 (S.D.N.Y. 1993) ..............................................24

27
*Reeves v. Ernst & Young,*
    507 U.S. 170 (1993) ..................................................................16

28

*Rolo v. City Investing Co. Liquidating Trust,*
  155 F.3d 644 (3d Cir. 1998)...................................................................15

*Sedima, S.P.R.L. v. Imrex Co., Inc.,*
  473 U.S. 479 (1985)...................................................................13, 16

*Stochastic Decisions, Inc. v. James Didomenico,*
  995 F.2d 1158 (2d Cir. 1993)...................................................................21

*Townsend v. Univ. of Alaska,*
  543 F.3d 478 (9th Cir. 2008)...................................................................24

*Truesdell v. So. Cal. Permanente Med. Group,*
  293 F.3d 1146 (9th Cir. 2002)...................................................................10

*U.S. ex rel. Garst v. Lockheed-Martin Corp.,*
  328 F.3d 374 (7th Cir. 2003)...................................................................11, 12

*Vicom, Inc. v. Harbridge Merchant Serv., Inc.,*
  20 F.3d 771 (7th Cir. 1994)...................................................................10, 11

*Washington v. Baenziger,*
  656 F. Supp. 1176 (N.D. Cal. 1987)...................................................................12

*Zavala v. Wal-Mart Stores, Inc.,*
  447 F. Supp. 2d 379 (D.N.J. 2006)...................................................................21

**STATE CASES**

*Batt v. City and County of San Francisco,* 65 Cal. Rptr. 3d 716, 728 (Cal.
  App. 2007)...................................................................24

*Del Costello v. State of California,*
  185 Cal. Rptr. 582 (Cal. App. 1982)...................................................................25

*Glue-Fold, Inc. v. Slautterback Corp.,*
  98 Cal. Rptr. 2d 661 (Cal. App. 2000)...................................................................25

*Trutec Oil and Gas, Inc. v. Western Atlas Int'l, Inc.,*
  194 S.W.3d 580 (Tex. App. 2006)...................................................................25

**FEDERAL STATUTES**

18 U.S.C.
§ 1961(1)...................................................................13
§ 1962(c)...................................................................13, 15, 16, 17
§ 1964(c)...................................................................5, 13

Fed. R. Civ. P.
8 ...................................................................10, 11, 12, 14, 15, 20, 24
8(a)...................................................................11, 12
8(a)(2)...................................................................13, 14
8(d)(1)...................................................................10
8(e)(1)...................................................................11
9(b)...................................................................12

11 ............................................................................................................1, 10

## MISCELLANEOUS

RESTATEMENT RESTITUTION § 160 cmt. a (1937)........................................25

### INTRODUCTION

Mattel's Motion for Leave to File a Fourth Amended Answer and Counterclaims ("Motion" or "Mot.") should be denied.  Material aspects of the new proposed Fourth Amended Answer and Counterclaims ("FAAC") were known to Mattel at the time of its last pleading and have been unduly delayed.  Part I(A), *infra*.  The amendment will cause prejudice to MGA because it will necessitate a delay in the schedule and broaden a case that should have been long since completed.  Part I(B), *infra*. ██████████████████████████

███████████████████████████████

████████████████████████████████████

Part I(C), *infra*. ████████████████████████████

███████████████████████████████████

█████████████████████████████████

██████████████████████████ Part II, *infra*. ██████████████

████████████████████████████████████

██████████████████████ Part III, *infra*.

In short, there are myriad reasons to reject this pleading and not a single good reason to accept it.  The Motion should be denied.

### STATEMENT OF FACTS

**A.    Procedural Background Of The Counterclaims.**

On November 20, 2006, Mattel filed a Motion for Leave to File Amended Complaint, seeking leave to amend its Complaint in *Mattel v. Bryant*.  Dkt. #89.  On January 11, 2007, the Court allowed the amendment, but required Mattel to file it as a counterclaim in Case No. 2:05-cv-2727.  Dkt. #142.  Mattel then filed its Amended Answer and Counterclaims ("AAC") on January 12, 2007.  Dkt. #143.

█████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

1

2

3

4

5

6 ████████████████████████ The Second Amended Answer and

7 Counterclaims were filed on July 12, 2007, exactly six months later. *Id.* Dkt. #635,

8 636, and unnumbered entry after Dkt. # 640. As the Court recently noted, the

9 "gravamen" of these allegations was "that MGA, as a company and through its

10 other affiliates, was engaged in acts that were designed to compromise Mattel's

11 integrity, either by stealing ideas or stealing employees or what have you; that it

12 was all related to this notion of theft, of commercial theft." Parker Decl. Ex. D

13 (8/31/09 Hearing Transcript) at 213.

14        Since the consolidated cases were filed, Mattel has propounded 119

15 interrogatories, 3104 Requests for Production ("RFP's"), and 4754 Requests for

16 Admission ("RFA's"). Dkt. # 6301 (Raouf Decl.) ¶ 8. Millions of pages of

17 documents have been produced. *Id.* ¶ 6. At least 174 deposition sessions have

18 taken place in this matter to date—107 of them by Mattel and 70 of those during the

19 period of time when there was no Phase 2 discovery stay in effect. *Id.* ¶¶ 2,3.

20 Many of the depositions taken by Mattel prior to the stay included examination of

21 issues related to Mattel's Phase 2 Counterclaims. *Id.* ¶ 5. For example, Mattel

22 questioned deponents about ██████████████ in at least 30 depositions,

23 ████████ in at least 17 depositions; ████████████ in at

24 least seven depositions; and ██████████ in at least ten depositions. *Id.* ¶ 5.

25        **B.    The Third Amended Counterclaims**.

26        On April 8, 2009, Mattel filed its Motion for Leave to File Third Amended

27 Answer and Counterclaims ("TAAC"). Dkt. # 5143. ████████████

28 ████████████████████████████████████

OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



14   TAAC (Dkt. # 5335) at 2-4.

   **C.   The Proposed Fourth Amended Counterclaims.**

OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)







**ARGUMENT**

I.   **THE MOTION FOR LEAVE TO AMEND SHOULD BE DENIED.**





OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)

Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." In total, the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And the requisite "plain statement" must include "some indication of the loss and the causal connection that the plaintiff has in mind." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 337 (2005).

Such a requirement serves a variety of essential purposes. First, Rule 8 ensures that the party sued has notice of the claims. Second, the rule serves the purpose of ensuring that discovery is properly sought and tailored to the claims raised. Third, the rule provides the Court with a means to properly manage the case. *McHenry*, 84 F.3d at 1179-80 ("prolix, confusing complaints" . . . "impose unfair burdens on litigants and judges" . . . "[d]efendants are . . . put at risk" and they "lead[] to discovery disputes and lengthy trials, prejudicing litigants"); *Vicom, Inc. v. Harbridge Merchant Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (neither

OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)

court nor defendant should "forever sift through [a complaint's] pages in search of what it is the plaintiff asserts"; "prolix and/or confusing [complaint] makes it difficult . . . for the trial court to conduct orderly litigation," including orderly trial (internal quotations and citations omitted)); *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (purposes of Rule 8 are to give "fair notice" of claims so defendants can prepare adequate defense, "sharpen the issues to be litigated," and "confine discovery and the presentation of evidence at trial within reasonable bounds").

So important is this rule that its violation mandates dismissal even if the claims might otherwise be viable. *McHenry*, 84 F.3d at 1179 ("The propriety of dismissal for failure to comply with Rule 8(a) does not depend on whether the complaint is wholly without merit."); *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (dismissing complaint and noting "Rule 8 requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud").



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)



OPP. TO MOT. FOR LEAVE TO AMEND
CV-04-9049 SGL (RNBx)

1  ████████████████████████████████████████
2  ████████████████████████████████████████
3  ████████████████████████████████████████
4  ██████████████
5   ██████████████████████████████████████
6  ████████████████████████████████████████
7  ████████████████████████████████████████
8  ████████████████████████████████████████
9  ████████████████████████████████████████
10 ████████████████████████████████████████
11 ████████████████████████████████████████
12 ████████████████████████████████████████

## CONCLUSION

For all of the foregoing reasons, the Motion should be denied.

Dated:   September 17, 2009

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
ANNETTE L. HURST
Attorneys for MGA Parties