MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>**OPPOSITION OF MGA TO MATTEL'S EX PARTE APPLICATION REGARDING SERVICE OF REPORT OF O'MELVENY AND MYERS AND REQUEST FOR SANCTIONS**<br><br>**[Declaration of Annette Hurst]** |

**MGA'S OPPOSITION TO EX PARTE APPLICATION RE SERVICE OF OMM REPORT AND REQUEST FOR SANCTIONS**

MGA Entertainment, Inc. ("MGA") hereby opposes Mattel's Ex Parte Application for Order Requiring MGA and O'Melveny & Myers LLP to Serve Papers as Required by the Court's August 31, 2009 Order to Show Cause and for Sanctions ("Ex Parte Application") and requests sanctions for Mattel's abusive behavior leading up to and after the filing of that Ex Parte Application.

As set out in detail in the attached declaration of Annette Hurst, Mattel purported to give three hours' notice after the close of business with respect to this Ex Parte Application. Once MGA reviewed the Ex Parte Application, it informed Mattel that it did not possess a copy of the OMM Report and demanded that Mattel withdraw the Application. After Mattel was expressly informed that MGA did not possess a copy of the OMM Report and therefore could not serve it, Mattel nonetheless failed to withdraw that portion of its Ex Parte Application directed to MGA.

MGA therefore needlessly incurred at least $1000 in fees to respond to the Ex Parte Application which never should have been filed against it, and hereby requests that the Court order sanctions in that amount.

Dated:   September 18, 2009          ANNETTE L. HURST
                                     Orrick, Herrington & Sutcliffe LLP


                                       /s/ Annette L. Hurst
                                     ANNETTE L. HURST
                                     Attorneys for MGA Parties

- 1 -

OPP. TO MATTEL EX PARTE RE OMM REPORT
CV 04-9049 SGL (RNBx)

**DECLARATION OF ANNETTE L. HURST**

I, Annette L. Hurst, declare as follows:

1. I am a member of the Bar of the State of California and admitted to practice before this Court, and a partner with the law firm of Orrick, Herrington & Sutcliffe LLP, lead counsel for Phase 2 to MGA Entertainment, Inc. ("MGAE"), MGA Entertainment HK, Ltd. ("MGA HK"), MGAE De Mexico, S.R.L. De C.V. ("MGAE Mexico"), and Isaac Larian (collectively, the "MGA Parties"). I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would testify competently to such facts under oath.

2. On Wednesday night at approximately 7:19 p.m., Zachary Krug sent me the e-mail attached hereto as Exhibit A demanding that the MGA Parties provide Mattel with a copy of the report submitted by O'Melveny & Myers in response to the Court's 8/31 OSC ("the OMM Report"). The e-mail demanded a response by 10:00 p.m. that evening.

3. On Wednesday night at approximately 10:13 p.m., Mr. Krug sent a follow-up e-mail attached hereto as Exhibit B declaring that the MGA Parties had opposed Mattel's request to be served by the OMM Report.

4. On Thursday morning at 1:19 a.m., Mattel filed its "Ex Parte Application for Order Requiring MGA and O'Melveny & Myers LLP to Serve Papers as Required by the Court's August 31, 2009 Order to Show Cause and for Sanctions" ("Ex Parte Application").

5. I left the office at approximately 6:00 p.m. on Wednesday night, had dinner with and spent time my family, and went to bed. I did not review either of Mr. Krug's e-mails or the Ex Parte Application until the following morning.

6. Promptly upon reviewing the e-mails the following morning, I investigated whether we had been served with a copy of the OMM Report. I determined that we had not been provided a copy of the Omm Report. I confirmed with Jason Russell at Skadden that they had not been provided a copy of the OMM

1  Report.  I then confirmed with MGA that it had not been provided directly with a
2  copy of the OMM Report.
3       7.    I then wrote to Mr. Zeller and Mr. Proctor informing them that we did
4  not have a copy of the OMM Report, and requesting that Mattel immediately
5  withdraw its Ex Parte Application as to MGA.  A true and correct copy of that e-
6  mail is attached hereto as Exhibit C.  They did not bother to respond.
7       8.    I spent approximately one and one-half hour drafting the opposition,
8  declaration and proposed order in response to the Ex Parte Application, and my
9  time will be billed to MGA at the rate of $735/hour.  This does not include time
10  spent by paralegals assembling the opposition and exhibits for filing, and filing it.
11       I declare under penalty of perjury that the foregoing is true and correct and
12  that this Declaration was executed this 18th day of September, 2009, at San
13  Francisco, California.

                                          /s/ Annette L. Hurst
                                          Annette L. Hurst

# Exhibit A

## Hurst, Annette

**From:** Zachary Krug [zacharykrug@quinnemanuel.com]
**Sent:** Wednesday, September 16, 2009 7:19 PM
**To:** Hurst, Annette; MChecov@OMM.com; MFeinstein@OMM.com; 'jason.russell@skadden.com'
**Cc:** Michael T Zeller
**Subject:** Mattel v. MGA

Dear Counsel,

O'Melveny & Myer's ("OMM") recently filed a report in connection with the Court's August 31, 2009 Order to Show Cause.

OMM nevertheless has failed to serve the report on Mattel, in violation of the requirements of the Federal Rules and the Central District's Local Rules. See, e.g., Fed. R. Civ. P. 5(a) (filings must be "served on every party"); C.D. Cal. L.R. 5-3.3 ("[d]ocuments excluded from electronic filing (refer to General Order 08-02) must be served using traditional means of service in the manner prescribed for such service by the Federal Rules"); Gen. Order 08-02 Part V(a) (documents that are not filed electronically must be "traditionally filed, in duplicate, with the Clerk and served **upon the parties** in accordance with the applicable Federal Rules") (emphasis added). Also, despite Mattel's requests, OMM refuses to serve it, essentially suggesting that it is incumbent on MGA's counsel to do so.

Accordingly, if Mattel is not served with this report by the 10:00 p.m. tonight, Mattel will seek an ex parte order from Judge Larson ordering its proper service on Mattel. Mattel will also seek all costs needlessly incurred in enforcing these basic obligations. Please either serve the report on us by that time or else let us know if MGA intends to oppose our application.

Best regards,

Zachary Krug

**Zachary Krug**
*Associate,*
Quinn Emanuel Urquhart Oliver & Hedges LLP.

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3884 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
zacharykrug@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# Exhibit B

## Hurst, Annette

**From:** Zachary Krug [zacharykrug@quinnemanuel.com]
**Sent:** Wednesday, September 16, 2009 10:13 PM
**To:** Zachary Krug; Hurst, Annette; 'MChecov@OMM.com'; 'MFeinstein@OMM.com'; 'jason.russell@skadden.com'
**Cc:** Michael T Zeller
**Subject:** RE: Mattel v. MGA

Dear Counsel.

As we have not been served with OMM's report, nor have you responded to Mattel's prior request, we will assume that MGA opposes Mattel's request.

If you intend to serve Mattel with the report, as required by Court Order, let us know immediately. Otherwise, Mattel will file its ex parte.

Best regards,

Zachary Krug


**From:** Zachary Krug
**Sent:** Wednesday, September 16, 2009 7:19 PM
**To:** ahurst@orrick.com; MChecov@OMM.com; MFeinstein@OMM.com; 'jason.russell@skadden.com'
**Cc:** Michael T Zeller
**Subject:** Mattel v. MGA

Dear Counsel.

O'Melveny & Myer's ("OMM") recently filed a report in connection with the Court's August 31, 2009 Order to Show Cause.

OMM nevertheless has failed to serve the report on Mattel, in violation of the requirements of the Federal Rules and the Central District's Local Rules. See, e.g., Fed. R. Civ. P. 5(a) (filings must be "served on every party"); C.D. Cal. L.R. 5-3.3 ("[d]ocuments excluded from electronic filing (refer to General Order 08-02) must be served using traditional means of service in the manner prescribed for such service by the Federal Rules"); Gen. Order 08-02 Part V(a) (documents that are not filed electronically must be "traditionally filed, in duplicate, with the Clerk and served **upon the parties** in accordance with the applicable Federal Rules") (emphasis added). Also, despite Mattel's requests, OMM refuses to serve it, essentially suggesting that it is incumbent on MGA's counsel to do so.

Accordingly, if Mattel is not served with this report by the 10:00 p.m. tonight, Mattel will seek an ex parte order from Judge Larson ordering its proper service on Mattel. Mattel will also seek all costs needlessly incurred in enforcing these basic obligations. Please either serve the report on us by that time or else let us know if MGA intends to oppose our application.

Best regards,

Zachary Krug

**Zachary Krug**
*Associate,*
Quinn Emanuel Urquhart Oliver & Hedges LLP.

9/18/2009                                                                                                  Exhibit B - Page 4

# Exhibit C

## Hurst, Annette

| | |
|---|---|
| **From:** | Hurst, Annette |
| **Sent:** | Thursday, September 17, 2009 10:48 AM |
| **To:** | Michael T Zeller; Dylan Proctor |
| **Cc:** | Russell, Jason D; Parker, Warrington; Brown, Walt; Zachary Krug |
| **Subject:** | Rule 11 Notice re Ex Parte Application |

Mike & Dylan:

This will serve as Mattel and Quinn Emanuel's Rule 11 Notice that if the Ex Parte Application filed last night at approximately 1:17 a.m. against the MGA Parties is not immediately withdrawn, and if the MGA Parties are forced to respond to it, the MGA Parties will seek sanctions.

First, Mr. Krug corresponded at length with OMM on this issue without even copying current counsel of record, which was wholly inappropriate.

Then, Mattel purported to provide notice of an ex parte application last night after 7:00 p.m. and when it did not receive a response by 10:00 p.m., declared that it would go ahead and file, and did so after 1:00 a.m. This was ridiculous. I didn't even see the correspondence until this morning.

Finally, if you had waited even a remotely reasonable period of time for a response you would have learned that the MGA Parties do not possess a copy of OMM's filing. Orrick and Skadden don't have it, nor was it transmitted directly to MGA's General Counsel.

For the foregoing reasons, the MGA Parties demand that you immediately withdraw the ex parte application.

Sincerely,
Annette Hurst



ORRICK

**ANNETTE L. HURST**
*Partner*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
SAN FRANCISCO

tel (415) 773-4585
fax (415) 773-5759
ahurst@orrick.com

www.orrick.com

9/18/2009                                                                                                    Exhibit C - Page 5