GIBSON, DUNN & CRUTCHER LLP
KEVIN S. ROSEN, SBN 133304
krosen@gibsondunn.com
J. CHRISTOPHER JENNINGS, SBN 226464
cjennings@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
bevanson@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-6635

Attorneys for Non-Party
O'MELVENY & MYERS LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT,

Plaintiff,

v.

MATTEL, INC.,

Defendants.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-09049-SGL(RNBx)

Consolidated with Case No. 04-9059 and Case no. 05-2727

**NON-PARTY O'MELVENY & MYERS LLP'S OPPOSITION TO MATTEL INC.'S *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MGA AND O'MELVENY & MYERS LLP TO SERVE PAPERS AS REQUIRED BY THE COURT'S AUGUST 31, 2009 ORDER TO SHOW CAUSE AND FOR SANCTIONS**

Hearing Date: TBD
Hearing Time: TBD
Hearing Place: COURTROOM 1

The Hon. Stephen G. Larson

# MEMORANDUM OF POINTS AND AUTHORITIES

This Court should deny, as unfounded and improperly noticed, Defendant Mattel, Inc.'s *Ex Parte* Application for an Order Requiring MGA and O'Melveny & Myers LLP to Serve Papers as Required by the Court's August 31, 2009 Order to Show Cause and for Sanctions.

## I.
## BACKGROUND

O'Melveny & Myers LLP ("O'Melveny") is not a party to this action and has not been attorneys for any party herein for nearly two years. On August 31, 2009, this Court issued an Order to Show Cause ("OSC") to determine why an internal MGA Entertainment, Inc. ("MGA") email string (Bates numbered MGA2 0070266 to 0070270) had been withheld as privileged until August 21, 2009 (Docket No. 6544). In recognition of attorneys' strong ongoing obligations of client confidentiality, the Court provided that such information "need not be served on any party or Court-Appointed Officer" (unless the Court orders otherwise) and shall instead by delivered to the Courtroom Deputy Clerk, Cindy Sasse, in a separate, *in camera* filing." (OSC at pp. 3-4.)

On September 14, 2009, O'Melveny responded to the OSC with its Report Of O'Melveny & Myers LLP In Response To August 31, 2009 Order To Show Cause ("O'Melveny Report"). The O'Melveny Report was submitted *in camera* in accordance with the above-quoted authorization. O'Melveny also filed electronically a Notice of Manual Filing (Docket No. 6681, attached to the Declaration of Michael T. Zeller as Exhibit 1 ("Zeller Decl.")), indicating that it was filing the O'Melveny Report manually pursuant to the OSC (which authorized in advance "*in camera* filing") and under seal (the closest designation on the form to the "*in camera* filing" authorized by this Court).

The following night, Mattel's counsel contacted O'Melveny's General Counsel, Martin Checov (who was then traveling outside the country), by email requesting a

service copy of the O'Melveny's Report. (Zeller Decl., Exhibit 2.) O'Melveny responded first thing the next morning with a reminder that it was not counsel of record for MGA, that it was asked to report on matters that may be the subject of client confidentiality, and that Mattel should take the matter up with MGA, which could waive its interest in any confidentiality regarding the O'Melveny Report. (*Id.*) Instead of taking the trouble to consult with MGA as suggested, Mattel's response berated O'Melveny with unwarranted accusations of "unilateral" federal rule violations and demanded that it promptly comply with Mattel's erroneous interpretation of the rules, despite this Court's advance authorization to submit confidential client information *in camera*. (*Id.*)

When Mr. Checov responded again that O'Melveny was bound by rules of client confidentiality, and that he was in London where it was late and he would not be awake much longer, Mattel's counsel waited for two hours – until 3:19 a.m. London time – and only then sent him purported email notice of Mattel's intent to file an *ex parte* application unless Mattel received the O'Melveny Report by 6:00 a.m. London time. (*Id.*, Exhibit 3.) Included on this email was current counsel for MGA. (*Id.*) This purported email notice is the first correspondence O'Melveny is aware of where Mattel's counsel had bothered to communicate with MGA to resolve this issue, as Mr. Checov had suggested to Mattel in his initial response, 12 hours earlier.

## II.
## O'MELVENY PROPERLY FILED ITS REPORT *IN CAMERA*

As former counsel for MGA, O'Melveny owes a duty of confidentiality to MGA. (*See, e.g.*, Cal. Bus. & Prof. Code § 6068(e)(1); Cal. R. Prof. Conduct 3-100(A).) O'Melveny has no existing attorney-client relationship with this former client. In an abundance of caution and to protect any confidential matters, including information arguably protected by the attorney-client privilege and work product doctrine, O'Melveny submitted its Report *in camera*. (Mattel's contention that O'Melveny in fact "did not file its report *in camera*," (Mattel's *Ex Parte* Application,

at 1), is frivolous: the submission *in camera* was expressly permitted by this Court's OSC to which O'Melveny responded:

> (4) If any of the information referenced in (1)-(3) above is itself subject to a claim of either attorney-client or work-product privilege, that information may not be withheld from the Court, but need not be served on any party or Court-Appointed Officer" (unless the Court orders otherwise) and shall instead be delivered to the Courtroom Deputy Clerk, Cindy Sasse, in a separate, *in camera* filing."

(OSC at pp. 3-4.) In its Notice of Manual Filing, O'Melveny notified all parties of its reliance on this Court's OSC as the authority for its manual submission. (Zeller Decl., Exhibit 1.)

Mattel has since shifted its position to argue that it did not know – or that it was somehow not adequately informed – that the O'Melveny Report was submitted *in camera*. Mattel even claims that at one point "OMM eventually confirmed that its report was not filed *in camera*." (Mattel's *Ex Parte* Application, at 1.) Such a statement was never made by O'Melveny, and Mattel's failure to cite a piece of correspondence or provide a declaration to evidence it is telling. If Mattel did not understand from the Notice of Manual Filing, which expressly referenced the Court's OSC as its authority for filing the O'Melveny Report manually, Mattel was made aware unequivocally that O'Melveny could not serve that Report on Mattel without further order of this Court ***or*** its former client's permission due to the confidential nature of the matters addressed in these OSC proceedings.

Mattel's suggestion that it was informed of only "unexplained references to client confidences," is also incorrect. The email correspondence from Mr. Checov that Mattel attaches to its *Ex Parte* Application shows that O'Melveny repeatedly made clear the bases for not serving Mattel with its *in camera* filing.

In short, even assuming a non-party such as O'Melveny – which is not a party, counsel for a party or an intervenor – would be bound by the rules of service, it has properly withheld service of its Report pursuant to the Court's OSC and applicable

rules of professional responsibility, and will continue to do so until it is either ordered by this Court, or instructed by MGA, to do otherwise.

## III.
## THE REQUEST FOR SANCTIONS AGAINST O'MELVENY IS IMPROPERLY NOTICED AND SUBSTANTIVELY BASELESS

In the notice portion of its *Ex Parte* Application, Mattel requests only "that MGA be sanctioned." (Mattel's *Ex Parte* Application Notice, at 2.) Mattel's request for sanctions against O'Melveny is therefore procedurally improper and must be denied.

Yet in its Proposed Order, Mattel broadens the sanctions request exceedingly, by adding language that would have this Court levy those sanctions against "MGA *and O'Melveny*." (Proposed Order, at 2 (emphasis added).) Thus, while there is ambiguity in light of Mattel's entire submission, as to the *Ex Parte* Application itself, there is no request for sanctions against O'Melveny. This is a nonsensical formulation, in that, as Mattel is well aware, O'Melveny has not been counsel to MGA in these proceedings for two years. Even though O'Melveny's actions arise from a continuing duty of confidentiality to its former client, a request for sanctions against MGA is not a request for sanctions against O'Melveny.

Even if Mattel were seeking sanctions against O'Melveny, that request should be denied. Mattel has failed to cite any authority to support the sanctions requested, and none exists. An award of sanctions of the kind Mattel is seeking requires a showing of "willful, grossly negligent, or reckless" conduct or "bad faith and/or a willful disobedience of a court order." C.D. Cal. Local Rule 83-7. Mattel has alleged nothing of the sort; nor could it possibly do so given the undisputed facts as outlined above. This Court's clear directive in the OSC to file information for which there exists even only "a claim" of confidentiality, coupled with O'Melveny's repeated statements to Mattel's counsel that it was not serving its *in camera* submission due to client confidentiality concerns, demonstrate that O'Melveny has acted reasonably in

withholding service of the O'Melveny Report on Mattel until either MGA waives confidentiality or this Court orders O'Melveny to serve the Report on Mattel. In either case, O'Melveny stands ready to comply.

In no event should O'Melveny be subject to sanctions for tenaciously guarding its former client's confidences, especially when MGA is aware of the contents of O'Melveny's *in camera* submission and has the ultimate authority over its claims of confidentiality. If there is willful conduct or bad faith here, it is not that of O'Melveny; only Mattel's counsel who is plainly guilty of wasting this Court's time with this baseless *ex parte* application, not to mention harassing and abusive behavior that has caused a fully cooperative non-party to incur unnecessary fees and retain outside counsel to protect its reputation from slander heaped on it by Mattel (media outlets have already begun their feeding frenzy). Sanctions should lie on Mattel's doorstep, not O'Melveny's.

**CONCLUSION**

For these reasons, Non-Party O'Melveny & Myers LLP respectfully requests that this Court deny Mattel's *Ex Parte* Application in its entirety.

DATED: September 18, 2009

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Kevin S. Rosen
Kevin S. Rosen
Attorneys for Non-Party
O'Melveny & Myers LLP