1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213-612-2499
11
   Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

16 | CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
17 |          Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
18 |          v. | **DISCOVERY MATTER** |
19 | MATTEL, INC., a Delaware corporation, | [To Be Heard by Discovery Master Robert O'Brien] |
20 |          Defendant. | **MGA DE MEXICO'S AND MGA ENTERTAINMENT HK, LTD.'S** |
21 | | **MOTION TO COMPEL** |
22 | AND CONSOLIDATED ACTIONS | **RESPONSES TO MGA DE MEXICO'S INTERROGATORIES NOS. 1-11 AND MGA** |
23 | | **ENTERTAINMENT HK'S** |
24 | | **INTERROGATORIES NOS. 1-25.** |
25 | | Date:        TBD |
26 | **PUBLIC REDACTED VERSION** | Time:        TBD |
27 | | **Phase 2** |
28 | | Discovery Cutoff:    December 11, 2009 |
   | | Pretrial Conference: March 1, 2010 |
   | | Trial Date:           March 23, 2010 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at a hearing before Discovery Master Robert C. O'Brien that will occur on a date and at a time to be determined by the Discovery Master, MGA de Mexico, S.R.L. de C.V., ("MGA Mexico) and MGA Entertainment HK ("MGA HK", collectively "MGA Parties"), will, and hereby do, move to compel Mattel, Inc. ("Mattel") to provide further responses to MGA Mexico's First Set of Phase 2 Interrogatories Nos. 1-11 and MGA HK's First Set of Phase 2 Interrogatories Nos. 1-25 ("Interrogatories at Issue") and for sanctions in the amount of $5000.

This Motion is made pursuant to Federal Rules of Civil Procedure 33, 34, and 37 and the Order appointing the Discovery Master on the grounds that Mattel has failed to provide substantive responses to any of the Interrogatories at Issue, relying instead on a litany of improper and meritless objections. In particular, the MGA Parties have not exceeded their allotted interrogatories, and Mattel's reliance on this argument as the primary basis for its refusal to respond substantively to this discovery is unwarranted and an attempt to thwart the MGA Parties' legitimate attempts to obtain the discovery to which it is entitled.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of William A. Molinski and Separate Statement filed concurrently herewith, the records and files of this Court, any argument to be presented upon the hearing of this Motion, and all other matters of which the Court may take judicial notice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Conference of Counsel

The parties met and conferred concerning the issues regarding this motion, in person, on September 3, 2009 and did not reach an agreement.


Dated:  September 18, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP


                                   By: _____ */s/ William A. Molinski*_____
                                          William A. Molinski
                                   Attorneys for MGA ENTERTAINMENT, INC.,
                                   MGA ENTERTAINMENT HK, LTD., MGA de
                                   MEXICO, S.R.L. de C.V., and ISAAC LARIAN

# TABLE OF CONTENTS

**Page**

I.  MEMORANDUM OF POINTS AND AUTHORITIES .................................. 1

I.  INTRODUCTION ............................................................................. 1

II.  STATEMENT OF FACTS ................................................................. 2

    A.  The Interrogatories at Issue ..................................................... 2

    B.  Mattel's Objections ................................................................ 3

    C.  The Meet and Confer ............................................................. 3

II.  ARGUMENT ................................................................................. 4

III.  MGA'S MOTION TO COMPEL FURTHER RESPONSES TO THE
    INTERROGATORIES AT QUESTION SHOULD BE GRANTED ............ 4

    A.  Each Party in This Case Has the Right to Serve 25
        Interrogatories Which Mattel Is Obligated to Answer ....................... 4

    B.  The Discovery Master Has Already Rejected Mattel's Refusal to
        Respond to Interrogatories Based on a Counting Argument ............... 6

    C.  Mattel's Reliance on the Fabricated Counting Issue in Refusing
        to Provide Any Substantive Responses Evidences Its Discovery
        Gamesmanship ..................................................................... 11

IV.  MATTEL'S OTHER OBJECTIONS ARE UNFOUNDED ........................ 12

    A.  The Interrogatories Are Not Overly Broad ................................. 12

    B.  The Interrogatories Do Not Pose an Undue Burden ...................... 13

    C.  The Interrogatories Seek Relevant Information ........................... 16

    D.  Mattel's Remaining Objections Are Baseless ............................. 17

V.  MATTEL SHOULD BE SANCTIONED ............................................... 18

VI.  CONCLUSION .............................................................................. 18

1

# TABLE OF AUTHORITIES

2

3

**Page**

<u>CASES</u>

4

<u>Am. Oil Co. v. Penn. Petro. Co.</u>,
  23 F.R.D. 680 (D.R.I. 1959)...................................................................16

5

<u>Capacchione v. Charlotte-Mecklenburg Schools</u>,
  182 F.R.D. 486 (W.D.N.C. 1998) .........................................................15

6

7

<u>Clark v. Burlington Northern R.R.</u>,
  112 F.R.D. 117 (N.D. Miss. 1986) ...........................................................7

8

<u>Jackson v. Montgomery Ward & Co., Inc.</u>,
  173 F.R.D. 524 (D. Nev. 1997) ..............................................................13

9

10

<u>King v. Georgia Power Co.</u>,
  50 F.R.D. 134 (N.D. Ga. 1970) ..............................................................15

11

<u>Missouri Republican Party v. Lamb</u>,
  87 F. Supp. 2d 912 (E.D. Mo. 2000) ........................................................5

12

13

<u>Nagele v. Electronic Data Systems Corp.</u>,
  193 F.R.D. 94 (W.D.N.Y. 2000) ............................................................14

14

<u>New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.</u>,
  2008 WL 2620727 (S.D. Fla. 2008) .........................................................7

15

16

<u>O'Connor v. Boeing North American, Inc.</u>,
  185 F.R.D. 272 (C.D. Cal. 1999) ...........................................................16

17

<u>Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh</u>,
  2005 WL 318811 (N.D. Cal. Jan. 5, 2005) ..............................................7

18

19

<u>Seff v. General Outdoor Advertising Co.</u>,
  11 F.R.D. 597 (N.D. Ohio 1951)............................................................15

20

<u>St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP</u>,
  217 F.R.D. 288 (D. Mass. 2003) ..............................................................5

21

22

<u>RULES</u>

23

Fed. R. Civ. P. 33(b)(4) ..........................................................................12

24

<u>ADDITIONAL AUTHORITIES</u>

25

8A Wright, *et al*., <u>Fed. Practice & Proc.</u>:  Civ § 2174........................................7, 15

26

27

28

1

2

## I.   MEMORANDUM OF POINTS AND AUTHORITIES

3

## I.   INTRODUCTION

4    This motion addresses two sets of interrogatories that seek information at the

5    heart of Mattel's RICO and trade secret claims.  Rather than provide substantive

6    responses to these interrogatories, Mattel has yet again asserted its stock response

7    of disingenuous and boilerplate objections.  Mattel compounds its discovery abuse

8    by failing to meet and confer in good faith, promising to "consider" withdrawing at

9    least some of its more ridiculous objections and then ignoring those promises – a

10   tactic it has relied upon unsuccessfully in the past.  Indeed, Mattel continues to

11   proffer meritless objections despite several discovery orders that overrule identical,

12   previously raised objections.  As a result, the MGA Parties are again required to

13   expend unnecessary time and energy filing a motion to obtain discovery that is

14   crucial to the preparation of their defense to Mattel's claims.

15   Mattel's primary objection to these interrogatories is that they exceed the

16   number of interrogatories permitted – an argument repeatedly rejected by the

17   Discovery Master.  Though it cannot provide support for its argument, Mattel

18   refuses to respond to the interrogatories because they claim that each *side*—as

19   opposed to each *party*—is limited to 25 interrogatories.  Mattel, however, can point

20   to no prior order in this case, no statutory authority or any case law that supports

21   this position.  To the contrary, Judge Larson has made clear that Phase 2 discovery

22   starts with a "clean state."  Thus, the only limitations on discovery in Phase 2 are

23   those set forth in the Federal Rules of Civil Procedure, which provide that each

24   *party* in the litigation is entitled to serve 25 interrogatories.  The matter must be

25   finally put to rest and Mattel must be compelled to respond to 25 interrogatories

26   from each party in this case.  The same is true of Mattel's argument that single

27   interrogatories concerning a common theme should somehow be counted as more

28   than one interrogatory against the 25-interrogatory limit.  Mattel's position is

similarly contrary to the intent of the discovery rules, the case authority addressing this issue, and, most importantly, the prior orders of the Discovery Master.  Since each of the interrogatories at issue in this motion individually addresses discrete common themes and seeks only a narrative response concerning those themes, each interrogatory should be properly counted as a single interrogatory against the permitted 25 total per party.  That the interrogatories provide assistance to Mattel in identifying the type of information the interrogatory seeks does not alter the rule.  Any interrogatory that focuses on one theme—even if it is crafted with subparts—is still only one interrogatory for purposes of the 25-interrogatory limitation.  To rule otherwise would deny the MGA Parties the right to investigate and defend against Mattel's multiple spurious allegations of trade secret misappropriation and violations of RICO.

Accordingly, MGA's Motion to Compel should be granted in its entirety, and Mattel should be ordered to serve full and complete answers, without objection, to each of the interrogatories at issue.

## II.     STATEMENT OF FACTS

### A.     The Interrogatories at Issue

On July 29, 2009, MGA Mexico and MGA HK propounded their respective first sets of Phase 2 interrogatories.  See Declaration of William A. Molinski ("Molinski Decl.") Exs. 1, 2.  MGA Mexico's set comprised interrogatory Nos. 1-11, and centered on MGA's alleged misappropriation of trade secrets: which trade secrets were allegedly misappropriated and through what means, how MGA allegedly used said trade secrets, whether the secrecy of those secrets had in fact been maintained, and how this alleged misappropriation connects with the alleged RICO enterprise.  MGA HK's set comprised Nos. 1-25 and focused on details surrounding the alleged RICO enterprise: what were the predicate acts, who participated in them, what damage inured to Mattel as a result.

**B.      Mattel's Objections**

On August 28, 2009, Mattel served written objections; *it provided no substantive responses to either set of Interrogatories at Issue.*  See Molinski Decl. Exs. 3 and 4.

**C.      The Meet and Confer**

On September 3, 2009, counsel for MGA met and conferred with counsel for Mattel in person.  Molinski Decl. ¶4.  During the meet and confer discussions, MGA discussed each of the objections raised by Mattel to the Interrogatories at Issue.  Molinski Decl. ¶¶ 5, 6.  MGA noted that Mattel failed to provide a single substantive response to either of the two sets of interrogatories, despite the fact that these were the first sets of discovery propounded by MGA Mexico and MGA HK in Phase 2.  Molinski Decl. ¶¶ 5.  MGA further explained that each of the interrogatories was based on Mattel's allegations in the TAAC and that any subparts within an interrogatory were intended only to provide assistance to Mattel in responding with a level of specificity necessary to address the common theme of information sought by the request.  Molinski Decl. ¶5.  MGA further explained that Mattel's boilerplate objections were frivolous and had been repeatedly overruled in the past.  Molinski Decl. ¶7.  For example, MGA advised Mattel that its objection that the interrogatories were vague as to time was improper because the interrogatories were linked to the allegations set forth in Mattel's TAAC.  Id. Finally, MGA explained that Mattel's objection concerning the counting of interrogatories was misguided.  Id.  First, MGA detailed Judge Larson's orders and Discovery Master O'Brien's concurrence that Phase 2 discovery began with a clean slate.  Molinski Decl. ¶7.  MGA explained that the only limitations on discovery in Phase 2 were set forth in the Federal Rules of Civil Procedure.  Id.

In response, and without providing supporting authority, Mattel simply disagreed and expressed the unreasonable position that Rule 33 limited the number of interrogatories to 25 per side.  Molinski Decl. ¶6.  Moreover, Mattel indicated

that even if the Discovery Master ultimately rules that each party is entitled to 25 interrogatories Mattel would immediately challenge that decision in front of Judge Larson.  Id.  Likewise, despite MGA's explanation that its detailed interrogatories were designed to aid Mattel in providing a response; that any subparts in those interrogatories relate to the common theme addressed in the initial question; and that MGA sought only a written narrative in response to the interrogatories, Mattel continued to stand on its counting objection and refused to provide a substantive response.  Id.

At the conclusion of the meet and confer session, Mattel agreed to provide MGA with a letter discussing the remaining objections, including Mattel's position on its objections based on vagueness as to time, the confidentiality of the information sought, the attorney-client privilege objection, and information was held by third parties.  Molinski Decl. ¶¶6, 7.  Despite its assurances, Mattel failed to provide that written response.  Molinski Decl. ¶6.

## II.     ARGUMENT

## III.     MGA'S MOTION TO COMPEL FURTHER RESPONSES TO THE INTERROGATORIES AT QUESTION SHOULD BE GRANTED

### A.     Each Party in This Case Has the Right to Serve 25 Interrogatories Which Mattel Is Obligated to Answer

████████████████████████████████████████████

incorrectly assert that the 25-interrogatory limit should be applied to each **side**—as opposed to each **party**—of the litigation, and that MGA Mexico's eleven interrogatories and MGA HK's 25 interrogatories cumulatively inure to the MGA Parties as a side in excess of that limit.  See Molinski Decl. Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29, 2009); s████████████████

████████████████████████████████████  Judge Larson, however, has made it absolutely clear that Phase 2 discovery is unhampered by any limits, saying the Court has

"placed no limits, no restriction, other than what is set forth in the rules of civil procedure and in local rule 37 on discovery from this point until [Phase 2 trial]." Molinski Decl. Ex. 7 at 147-49 (Tr. 02/11/09).

the plain language of Federal Rule 33, then, indicates that the 25 interrogatory limit applies to each side instead of to each party.  Case law is also consistent with a 25 interrogatory per party limitation.  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking down a local rule that allotted interrogatories on a "per side" basis); Missouri Republican Party v. Lamb, 87 F. Supp. 2d 912, 919 (E.D. Mo. 2000) (the court established a scheduling plan that maintained a distinction between interrogatory limitations by "party" and deposition limitations by "side.").

Separately, Mattel's interpretation that Rule 33 limit interrogatories per side instead of per party result in a ludicrous result.  In a multi-defendant case, for example, where each defendant is represented by its own counsel, counsel for each of the defendants would have to agree on a single set of 25 interrogatories to propound on a plaintiff—or worse yet, multiple plaintiffs.  Such an irrational result contravenes the intent of the Federal Rules of Civil Procedure which, according to Discovery Master O'Brien,                                      Molinski

Decl. Ex. 8 at 171 (Order No. 46).  Within this policy is the right of each party to a litigation to serve written discovery and mount defenses to claims against it.[1]  That the MGA Parties are represented by the same counsel does not alter national discovery policy.  Accordingly, Mattel must be compelled to respond to the 11 interrogatories propounded by MGA Mexico and the 25 interrogatories propounded by MGA HK.

Finally, a per-side interrogatory limit in Phase 2 would be nonsensical and unfair.  The various MGA Parties are each accused of different misconduct.  MGA Mexico is a defendant in the trade secrets claim, but is not alleged to have been involved in the RICO claims involving claims of money laundering or the alleged improper use of off-shore entities to fund debt acquisition.  Conversely, MGA HK is not alleged to have engaged in the misappropriation of trade secrets.  To prevent a party from using its full allotment of interrogatories because a different party needs to explore claims unrelated to the first party would be unfair and prejudicial.  Indeed, MGA Mexico's interrogatories address primarily the trade secrets claims that are asserted against it, and MGA HK's interrogatories address primarily the RICO claims asserted against it.  The per-side rule that may have made sense in Phase 1 does not make sense here.

### B.  The Discovery Master Has Already Rejected Mattel's Refusal to Respond to Interrogatories Based on a Counting Argument

Though Mattel argues otherwise, both the substance and numeric labeling of these interrogatories show that MGA has not exceeded its allotment of interrogatories whatsoever.  MGA Mexico has propounded 11 interrogatories and

---

[1] In this action, Mattel has identified ████████████████████████████████████████████████████████████████████████████████  If Mattel's incorrect interpretation of the federal rule discovery limits were applied, the MGA counter-defendants would not even have enough interrogatories to discover Mattel's factual basis for including each of those twnety-eight in its RICO counter-claims.  Such an interpretation of the discovery rules is inherently unreasonable.

MGA HK has propounded 25.  As noted above, this is unquestionably within the 25 interrogatory limit per party.  Mattel's only other possible argument is that the interrogatories at issue are compound; therefore each interrogatory should count as multiple queries.  Mattel's position, however, is belied not only by applicable case law, but also by previous orders of the Discovery Master.

As detailed in <u>New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.</u>, 2008 WL 2620727, 4 (S.D. Fla. 2008), "subparts of interrogatories that relate to a common theme ***should not*** be counted as separate interrogatories."  (emphasis added).   Also, "an interrogatory is to be counted as but a single question . . . even though it may call for an answer containing several separate bits of information, if there is a direct relationship between the various bits of information called for." <u>Clark v. Burlington Northern R.R.</u>, 112 F.R.D. 117, 118 (N.D. Miss. 1986); <u>see also</u> <u>Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh</u>, 2005 WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question regarding a common group of people" not compound (citing 8A Wright et al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)).



Molinski Decl. Ex. 8 at 171(Order No. 46).

Here, each of the Interrogatories at Issue relates to only a single common theme: Mattel's claim of trade secret misappropriation in MGA Mexico's interrogatories, and Mattel's RICO claims in MGA HK's interrogatories.  Since each of the MGA interrogatories with subparts directly addresses a single topic, Mattel's objections are baseless.  For example MGA Mexico's Interrogatory No. 1

calls for a document-by-document response to Mattel's single claim that MGA allegedly misappropriated Mattel's trade secrets by seeking the identification of the alleged trade secrets at issue.  The response sought here is a single factual narrative.

**<u>INTERROGATORY NO. 1</u>:**

IDENTIFY by bates number all DOCUMENTS that contain the trade secrets YOU claim were misappropriated by MGA and IDENTIFY with particularity on a document-by-document basis the information contained within each such DOCUMENT that YOU claim constitutes the trade secrets that were misappropriated by MGA.

The identification required by this Interrogatory is particularly necessary because Mattel has identified at least ███████████ documents containing or relating to purported trade secrets.  Molinski Decl. Ex. 10 at 209-220 (Mattel, Inc.'s Second Supplemental Objections and Responses to Interrogatory Nos. 20 – 24 and 28 In MGA Entertainment, Inc's Second Set of Interrogatories).  It is virtually impossible to discern from this list of Bates numbers the difference between a Mattel claimed trade secret and general information.  Even items identified as a single Bates number in response to MGA's request to identify trade secrets are actually thousands of documents, posing even greater difficulty in culling trade secrets from general information.

These interrogatories are designed to elicit from Mattel designations that are not readily apparent. The analysis must necessarily be done on a document by document basis. MGA Mexico is entitled to specificity with respect to the trade secrets that Mattel claims have been misappropriated

MGA HK's Interrogatory Nos. 1 and 4 respectively address the single topics of alleged RICO predicate acts and any purported damage suffered therefrom; the subparts are intended simply as a measure against vagueness, ambiguity, and overbreadth:

**<u>INTERROGATORY NO. 1</u>:**

As to each occasion on which Mattel contends a RICO predicate was committed as alleged in the Second and Third Counterclaims of the TAAC:

(a)    IDENTIFY the RICO predicate act (by statute) and state all facts regarding the acts and omissions establishing that RICO predicate act. (If you contend the same acts and omissions established the commission of more than one RICO predicate act, IDENTIFY all of those RICO predicate acts.);

(b)    IDENTIFY which PERSONS employed by or associated with which RICO enterprise(s) committed that RICO predicate act;

(c)    state all facts which you contend demonstrate that Isaac Larian knew of, participated in, or directed the commission of that RICO predicate act;

(d)    state all facts regarding how that RICO predicate act proximately caused injury(s) to Mattel's business or property;

(e)    state all facts regarding how Mattel has calculated or estimated

the monetary damages for each type of injury to its business or property proximately caused by that RICO predicate act (and if it has not, why not); and

(f)      IDENTIFY all PERSONS Mattel believes have knowledge of the information requested in this Interrogatory.

## INTERROGATORY NO. 4:

As to each injury to its business or property which MATTEL claims was proximately caused by the actions and/or omissions alleged in the Second and Third Counterclaims of the TAAC:

(a)      state all facts regarding the precise nature and type of that injury;

(b)      state all facts regarding the RICO predicate act(s) and/or pattern of racketeering that proximately caused that injury;

(c)      IDENTIFY which PERSONS employed by or associated with which RICO enterprises committed the RICO predicate act(s) and/or pattern of racketeering that proximately caused that injury;

(d)      state all facts regarding how MATTEL has calculated or estimated the monetary damages for that injury (and if it has not, why not); and

(e)      IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

These interrogatories too call for a single factual narrative based on a common theme.  At bottom, the individual requests seek specific information concerning the claims asserted by Mattel in its TAAC. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



For the same reasons, Mattel should be compelled to detail the nature of its factual assertions in support of its trade secret and RICO claims. Accordingly, Mattel's objection should be overruled and Mattel should be compelled to provide substantive responses without objection.

### C. Mattel's Reliance on the Fabricated Counting Issue in Refusing to Provide Any Substantive Responses Evidences Its Discovery Gamesmanship

That Mattel relies on the counting issue to refuse to respond substantively to any of the MGA Parties interrogatories, evidences the true nature of Mattel's discovery tactics. Mattel disingenuously asserts the counting objection against MGA Mexico's Interrogatory No. 1 which reads as follows: "IDENTIFY by bates numbers all DOCUMENTS that contain the trade secrets YOU claim were misappropriated by MGA *and* IDENTIFY with particularity on a document-by-document basis the information contained within each such DOCUMENT that YOU claim constitutes the trade secret misappropriated by MGA" (emphasis added). Even if MGA were to cede (though it will not) that use of the word "and" converts this single interrogatory about a single issue into two interrogatories, MGA Mexico would be at a count of 12 interrogatories. Mattel would have to

answer this and the next 13 before it could reasonably claim that MGA had exceeded the federal limit.  This very issue has already been decided against Mattel by the Discovery Master.  In addressing Mattel's motion for a protective order on July 8, 2009, the Discovery Master clarified that a party's appropriate remedy for a breach of the 25-interrogatory limit was to "answer [the interrogatories] seriatim, as they come in, and if they hit a limit that you think Judge Larson has ordered or that the federal rules cut them off at the 25, then file a motion for a protective order and we'll take up the issue of additional interrogatories at that time."  Molinski Decl. Ex. 12 at 510 (Tr. 07/08/09).  There is absolutely no basis, then, for Mattel's failure to respond to the Interrogatories at Issue.

## IV.   MATTEL'S OTHER OBJECTIONS ARE UNFOUNDED

In its written objections to the Interrogatories at Issue, Mattel also makes a number of other improper objections (some of which are set forth below), none of which is substantiated in the least.

### A.   The Interrogatories Are Not Overly Broad

Mattel objects that the Interrogatories are overly broad.[2]  Yet Mattel provides no explanation, let alone any explanation with the required particularity, as to why these interrogatories are overly broad.  This objection is therefore improper.  Molinski Decl. Ex. 5 at 118 (Order No. 17, dated April 14, 2009); see also Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity").

The interrogatories are designed to discover – and are targeted precisely at discovering only – relevant and key information regarding Mattel's Phase 2 claims and defenses that MGA is entitled to discover.  For example, MGA Mexico's Interrogatory No. 1, as reproduced above, asks Mattel to identify by bates number

---

[2] See Mattel, Inc's Objections to MGA Mexico's Interrogatory Nos. 1-11 and Mattel's Responses to MGA HK's Interrogatory Nos. 1-25.  Molinski Decl. Exs. 3, 4.

all documents that contain trade secrets that it claims were misappropriated by MGA and to identify with particularity, on a document-by-document basis, the information contained within each such document that constitutes the trade secret. See Separate Statement filed concurrently herewith ("Separate Statement"), at 147. This interrogatory could not be more narrowly tailored to extract information that is directly relevant to Mattel's Phase 2 claims.  This information is crucial to MGA's defense, especially given that Mattel's Third Amended Complaint ("TAAC") fails to indicate which information Mattel specifically claims MGA misappropriated. See TAAC ¶¶45-47.

The same is true of MGA HK's interrogatories regarding Mattel's broad and vague RICO claims.  For example, Interrogatory No. 2 in that set ask for all facts regarding Isaac Larian's conduct or participation in the alleged pattern of racketeering activity as alleged in the TAAC.  Again, this interrogatory could not be more narrowly tailored to extract information that is directly relevant to Mattel's Phase 2 claims.  A review of the Interrogatories at Issues will show that MGA has carefully crafted all of it interrogatories as narrowly as possible in order to discover information that is crucial to its claims and defenses.  The Discovery Master should therefore overrule this objection.

### B.     The Interrogatories Do Not Pose an Undue Burden

Mattel also objects that the Interrogatories are "unduly burdensome."[3] However, Mattel does not demonstrate why responding to these interrogatories presents any burden.  Consequently, the objection is not well-taken and should be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden,

---

[3] See Mattel, Inc's Objections to MGA Mexico's Interrogatory Nos. 1-11 and Mattel's Responses to MGA HK's Interrogatory Nos. 1-25.  Molinski Decl. Exs. 3, 4.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

usually by affidavit or other reliable evidence."); <u>Nagele v. Electronic Data Systems Corp.</u>, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection).  Indeed, the Discovery Master has already overruled objections of this type where the party "has not provided any evidence in connection with its Motion To Compel to support its claim of burden."  Molinski Decl. Ex 5 at 121 (Order No. 17); <u>see also</u> Molinski Decl. Ex. 6 at 145 (Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007) ("Once again, MGA has failed to substantiate any of its objections with supporting declarations or legal authorities.")  Even as recently as September 8, 2009 Judge O'Brien overruled these same frivolous objections.  <u>See</u> Molinski Decl. Ex. 9 at 202-03 (Order No. 58).

Furthermore, this objection is unfounded.  It is implausible that Mattel would be unduly burdened by answering these straightforward interrogatories, which simply call for further explication of facts relating to the counterclaims that Mattel itself brought in this action.  If there is any burden on Mattel, it is from Mattel's having filed broad and unwarranted attacks on MGA's conduct in three countries claiming that the accused have taken almost every alleged trade secret owned by Mattel.  MGA's requests, however, are not *overly* broad and only seek evidence needed to defend against these attacks.  The Interrogatories at Issues are only as burdensome as Mattel has required them to be.  With respect to MGA Mexico's set centering on Mattel's trade secret misappropriation claim, Mattel has identified at ███████████ and asserted that each page constitutes a Mattel trade secret.  <u>See</u> Molinski Decl. Ex. 10 at 209-220 (Mattel's Response to MGA's Phase 2 Requests for Production).  With respect to MGA HK's set, Mattel has asserted two independent RICO violations.  MGA HK's 25 interrogatories are narrowly tailored

and specifically crafted to elicit information directly related to the trade secret identification and RICO claims.

Moreover, any ostensible burden associated with providing the requested information – and none has been proven here since Mattel has not even attempted to explain what such burden would be – is minimal compared to the value this information will have to MGA in developing its claims and defenses.  See 8A Wright et al., Fed. Practice & Proc.: Civ. § 2174, at 278 (to determine if an interrogatory poses an "undue burden," courts have adopted a "proportionality approach that balances the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory"); see also King v. Georgia Power Co., 50 F.R.D. 134, 135 (N.D. Ga. 1970) (overruling objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D.N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden . . . . Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue . . . .").

The Discovery Master has already ruled that a party cannot complain that interrogatories are unduly burdensome when the request "merely seeks information regarding the extent of a party's claims.  Molinski Ex. 5 at 121 (Order No. 17) ("If MGA contends Mattel infringed numerous products, Mattel has the right to

discover the scope of the alleged claims.  Accordingly, the objections are overruled."); ("[A] party is always burdened with costs when it voluntarily chooses to pursue a claim…. If the MGA Parties wish to avoid these costs in connection with MGA's trade dress claims, MGA can always dismiss them.  Because any hardship that MGA might face is one of its own making, any burden imposed on it in having to respond to the discovery is justified.") id. at 111; see also O'Connor v. Boeing North American, Inc., 185 F.R.D. 272, 280-81 (C.D. Cal. 1999) (interrogatory asking responding party to describe each injury "which you contend was caused by defendant's conduct" was proper).  Because the Interrogatories seek information related to Mattel's own factual and legal contentions, "the burden [is] on the party opposing discovery rather than . . . the proponent of the contention interrogatories to justify their propoundment."  Id. at 652.  This policy is "consistent with Rule 11 of the [FRCP, which requires that] plaintiffs must have some factual basis for the allegations in their complaint . . . ."  Id.; see also Am. Oil Co. v. Penn. Petro. Co., 23 F.R.D. 680, 683 (D.R.I. 1959) ("Since the information sought here will undoubtedly be assembled by the defendant prior to trial in the preparation of its defenses, it cannot be said that these interrogatories are objectionable as being burdensome.").

MGA seeks relevant and essential information about Mattel's Phase 2 claims, and Mattel's burden objections are unfounded and should be rejected.

## C.   The Interrogatories Seek Relevant Information

Mattel generally objects that the Interrogatories at Issue "seek[] information that is neither relevant nor likely to lead to the discovery of admissible evidence." This objection is meritless.  The Interrogatories at Issue seek information crucial to MGA's defense against Mattel's claims of trade secret misappropriation and RICO claims.  Mattel's relevance objections should therefore be rejected.

### D.    Mattel's Remaining Objections Are Baseless

The remainder of Mattel's general objections are also without merit.  For example:

- Mattel objects that the Interrogatories at Issue are "vague and ambiguous, including with respect to the defined terms 'IDENTIFY,' [sic] and 'COMMUNICATION.'"[4]  This objection is not only baseless, it is laughable.

- Mattel's objection that the Interrogatories at Issue "seek the disclosures of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control"[5] is useless; Mattel is obligated to provide all non-privileged, responsive information in *its* possession, custody, or control.

- Mattel objects that the Interrogatories at Issue "call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege…."[6]  This objection is not only meritless, but was waived by Mattel's failure to produce a privilege log.  Moreover, the objection is even more ridiculous given MGA's acknowledgment that the requests are not intended to seek information that is privileged.

- The Interrogatories at Issue do not seek information that violates any third-party's privacy rights.  Mattel has made no such showing, hence its objection in this vein should be disregarded.

As noted above, all of Mattel's objections are unfounded.  In granting this Motion to Compel, the Discovery Master should overrule all of Mattel's objections and order that the Interrogatories at Issued to be answered without objection.

---

[4] See Mattel, Inc's Objections to MGA Mexico's Interrogatory Nos. 1-11 and Mattel's Responses to MGA HK's Interrogatory Nos. 1-25.  Molinski Decl. Exs. 3, 4.

[5] Id.

[6] Id.

## V.     MATTEL SHOULD BE SANCTIONED

On July 8, 2009, the Discovery Master rejected the very basis asserted by Mattel for refusing to answer the Interrogatories at Issue.  Mattel, however, continues to raise the argument that MGA has exceeded its allotted number of interrogatories as it and refuses to provide proper discovery responses.  Mattel should be sanctioned in the amount of $5,000 -- MGA's fees required to bring this motion.

## VI.    CONCLUSION

For all of the foregoing reasons, MGA respectfully requests that the Discovery Master grant MGA's Motion to Compel in its entirety as requested herein.

Dated:  September 18, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  _____/s/ *William A. Molinski*_____
William A. Molinski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

- 18 -