1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx)<br>Consolidated with: Case No. CV 04-9059 |
| 17              Plaintiff, | and Case No. CV 05-2727 |
| 18       v. | **MGA'S STATEMENT IN SUPPORT OF MOTION TO COMPEL FURTHER** |
| 19  MATTEL, INC., a Delaware corporation, | **RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S** |
| 20          Defendant. | **INTERROGATORY NOS. 1-25 AND MGAE DE MEXICO'S** |
| 21 | **INTERROGATORY NOS. 1-11** |
| 22  AND CONSOLIDATED ACTIONS | Date:       TBD |
| 23 | Time:       TBD<br>Place:      Arent Fox LLP |
| | **Phase 2** |
| 24 | Discovery Cutoff:    December 11, 2009 |
| 25 | Pretrial Conference: March 1, 2010<br>Trial Date:  March 23, 2010 |

26              **PUBLIC REDACTED VERSION**

27

28

## MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY

## NOS. 1-25

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

As to each occasion on which Mattel contends a RICO predicate was committed as alleged in the Second and Third Counterclaims of the TAAC:

(a)     IDENTIFY the RICO predicate act (by statute) and state all facts regarding the acts and omissions establishing that RICO predicate act.  (If you contend the same acts and omissions established the commission of more than one RICO predicate act, IDENTIFY all of those RICO predicate acts.);

(b)     IDENTIFY which PERSONS employed by or associated with which RICO enterprise(s) committed that RICO predicate act;

(c)     state all facts which you contend demonstrate that Isaac Larian knew of, participated in, or directed the commission of that RICO predicate act;

(d)     state all facts regarding how that RICO predicate act proximately caused injury(s) to Mattel's business or property;

(e)     state all facts regarding how Mattel has calculated or estimated the monetary damages for each type of injury to its business or property proximately caused by that RICO predicate act (and if it has not, why not); and

(f)     IDENTIFY all PERSONS Mattel believes have knowledge of the information requested in this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

1  on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

2  calls for the disclosure of information subject to the attorney-client privilege, the

3  attorney work-product doctrine and other applicable privileges.  Mattel further

4  objects to this Interrogatory on the grounds that it calls for the disclosure of

5  confidential and/or proprietary information, which Mattel will disclose only subject

6  to and in reliance upon the operative protective order.  Mattel further objects to this

7  Interrogatory as compound and seeks to require Mattel to provide separate discrete

8  responses as "to each occasion on which Mattel contends a RICO predicate was

9  committed."  As such, the interrogatory is impermissibly compound and causes the

10  total number of interrogatories served by this party in Phase 2 discovery to exceed

11  the limits set by the Federal Rules of Civil Procedure and the Court.  Mattel further

12  objects to subsection (c) of the interrogatory as an impermissible attempt to

13  circumvent the limits on interrogatories that may be served in Phase 2 discovery.

14  **<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>**

15  **<u>INTERROGATORY NO. 1 SHOULD BE COMPELLED</u>**:

16      Mattel has refused to provide answers in response to this Interrogatory,

17  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

18  Procedure, "the grounds for objecting to an interrogatory must be stated with

19  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

20  basis for an objection with specificity are routinely rejected in the Central District.

21  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

22  ("general or boilerplate objections such as 'overly burdensome and harassing' are

23  improper – especially when a party fails to submit any evidentiary declarations

24  supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>,

25  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

26  inadequate and tantamount to not making any objection at all").  To the extent that

27  Mattel is relying on its blanket objections, they are not sustainable and do not

28  justify Mattel's failure to respond.

Mattel also bases its refusal to respond on two equally unavailing arguments with respect to the counting of interrogatories in an effort to avoid responding to this and the other Interrogatories at Issue[1]. First, Mattel asserts a non-existent discovery limitation applies such that each *side* in the litigation may only serve 25 interrogatories. This is the same argument that Mattel has made unsuccessfully in the past. See Declaration of William A. Molinski ("Molinski Decl."), Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August 5, 2009). While Mattel continues to assert this meritless objection rather than responding to this interrogatory, Mattel cannot identify a single factual or legal basis to support it. To the contrary, Judge Larson has made clear that there is a "clean slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that he has not placed any restrictions on discovery in Phase 2 other than those set by the Rules of Civil Procedure. See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has ██████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ Molinski Decl., Ex. 8 at 168:23-35 (Order No. 46 dated August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that ████████████ ████████████████████████████████████████ ████████████████████ Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking down a local

---

[1] For the purposes of this motion, MGA Mexico and MGAE HK's cumulative 36 interrogatories are the "Interrogatories at Issue."

1   rule that allotted interrogatories on a "per side" basis); <u>Missouri Republican Party v.</u>

2   <u>Lamb</u>, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court established a scheduling

3   plan that maintained a distinction between interrogatory limitations by "party" and

4   deposition limitations by "side."). Since this interrogatory was propounded by

5   MGA Entertainment (HK) and they have not propounded more than 25

6   interrogatories, Mattel's objection should be overruled and Mattel must be ordered

7   to provide a substantive response.

8        To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

9   entitled to propound 25 interrogatories, would produce a ludicrous result. For

10  example, under Mattel's reasoning all counsel, in a multi-defendant case where

11  each defendant is represented by their own counsel, all defendants' counsel would

12  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

13  Such an irrational result is not the intent of Rule 33, nor the federal discovery

14  statutes. As noted by Discovery Master O'Brien, ████████████████████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████ Molinski

17  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is

18  the right of each party in a litigation to serve written discovery. That the MGA

19  parties happen to be represented by the same counsel does not alter the analysis.

20  Each party must be allowed to serve 25 interrogatories and Mattel must be

21  compelled to answer them.

22        Mattel's second counting argument is that this interrogatory is impermissibly

23  compound. ████████████████████████████████████

24  ████████████████████████████████████

25  ████████████████████████████████████

26  ████████████████████████ <u>See</u> Molinski Decl., Ex. 13 at 529

27  (Mattel's Motion for Protective Order dated June 29, 2009). ██████████████

28

MGA's Statement Iso Mtc Further Responses To MGA (HK)
Ltd.'s Interrogatory Nos. 1-25 And MGAE Mexico's
Interrogatory Nos. 1-11
CV 04-9049 SGL (RNBx)

1

2

3 ██████████████████████████████████████ See Molinski Decl., Ex. 8 at

4 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

5 contains subparts, it is still considered a single interrogatory when it relates to a

6 common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

7 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

8 concerning a 'common theme' should generally be considered a single question.");

9 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

10 WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

11 question regarding a common group of people" not compound (citing 8A Wright et

12 al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

13 R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

14 but a single question . . . even though it may call for an answer containing several

15 separate bits of information, if there is a direct relationship between the various bits

16 of information called for.").

17     This interrogatory seeks a narrative concerning the facts Mattel claims

18 support their RICO claims.  The request is structured to aid Mattel in responding to

19 the interrogatory and seeks only information that a responding party would

20 reasonably expect to receive in response, even if the level of request detail were not

21 included.  Indeed, the basis of the entire interrogatory is to seek information that

22 will ultimately allow MGA to defend against Mattel's RICO allegations and is

23 crucial to that defense.  As such, this interrogatory should be counted as a single

24 interrogatory and Mattel should be ordered to respond.

25     In addition, Mattel's bare assertion that MGA has "purports to require Mattel

26 to summarize all facts on these subjects, despite defendants' own refusals to answer

27 interrogatories with the same or comparable language" is not only unsupported and

28

false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this interrogatory is supposedly overly broad, nor can it do so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning Mattel's claim for RICO predicate acts committed as alleged in the Second and Third Counterclaims of the TAAC.

As to burden, Mattel has not attempted to demonstrate why responding to this Interrogatory presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the Interrogatory is narrowly tailored to seek only discoverable evidence.

This Interrogatory does not seek responses protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, it does not excuse Mattel from responding with any non-privileged information.  Additionally, to the extent that such privileged material exists, Mattel must provide a privilege log.

Mattel objects that the Interrogatory contains confidential and/or proprietary information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.  Also, this Interrogatory does not seek information violative of any third party's rights of privacy.  The facts, persons, and documents responsive to this Interrogatory are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

1   previously has argued, any privacy issues are fully addressed by the Protective

2   Order.

3       In short, Mattel's objections are uniformly without merit and frivolous.  The

4   Discovery Master should order Mattel to provide a substantive response to

5   Interrogatory No. 1 without objection.

6

7   **INTERROGATORY NO. 2:**

8       State all facts regarding Isaac Larian's conducting or participating, directly or

9   indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of

10  racketeering activity (as alleged in the Counterclaims of the TAAC).

11  **RESPONSE TO INTERROGATORY NO. 2:**

12      In addition to the general objections stated above, Mattel specifically objects

13  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

14  including in that it purports to require Mattel to summarize all facts on this subject,

15  despite defendants' own refusals to answer interrogatories with the same or

16  comparable language and in conflict with the Court's Orders of February 15, 2008

17  and February 20, 2008.  Mattel will not attempt to state or summarize all facts on

18  this subject.  Mattel further objects to this Interrogatory on the grounds that it calls

19  for the disclosure of information subject to the attorney-client privilege, the

20  attorney work-product doctrine and other applicable privileges.  Mattel further

21  objects to this Interrogatory on the grounds that it calls for the disclosure of

22  confidential and/or proprietary information, which Mattel will disclose only subject

23  to and in reliance upon the operative protective order.  Mattel further objects to this

24  Interrogatory as it is an impermissible attempt to circumvent the limits on

25  interrogatories that may be served during Phase 2 discovery.

26  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

27  **INTERROGATORY NO. 2 SHOULD BE COMPELLED:**

28      Mattel has refused to provide answers in response to this Interrogatory,

1  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

2  Procedure, "the grounds for objecting to an interrogatory must be stated with

3  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

4  basis for an objection with specificity are routinely rejected in the Central District.

5  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

6  ("general or boilerplate objections such as 'overly burdensome and harassing' are

7  improper – especially when a party fails to submit any evidentiary declarations

8  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

9  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

10  inadequate and tantamount to not making any objection at all").  To the extent that

11  Mattel is relying on its blanket objections, they are not sustainable and do not

12  justify Mattel's failure to respond.

13         Mattel also bases its refusal to respond on two equally unavailing arguments

14  with respect to the counting of interrogatories in an effort to avoid responding to

15  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

16  discovery limitation applies such that each *side* in the litigation may only serve 25

17  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

18  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

19  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

20  Opposition to MGA's Motion to Compel Further Responses dated August 5,

21  2009).  While Mattel continues to assert this meritless objection rather than

22  responding to this interrogatory, Mattel cannot identify a single factual or legal

23  basis to support it.  To the contrary, Judge Larson has made clear that there is a

24  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

25  noted that he has not placed any restrictions on discovery in Phase 2 other than

26  those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

27  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

28

1

2                                                          Molinski Decl., Ex. 8 at 168:23-35 (Order

3   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

4   Master O'Brien noted that

5

6                                    Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

7   14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

8   See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

9   LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

10  of three defendants and striking down a local rule that allotted interrogatories on a

11  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

12  Mo. 2000) (the court established a scheduling plan that maintained a distinction

13  between interrogatory limitations by "party" and deposition limitations by "side.").

14  Since this interrogatory was propounded by MGA Entertainment (HK) and they

15  have not propounded more than 25 interrogatories, Mattel's objection should be

16  overruled and Mattel must be ordered to provide a substantive response.

17          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

18  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

19  example, under Mattel's reasoning all counsel, in a multi-defendant case where

20  each defendant is represented by their own counsel, all defendants' counsel would

21  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

22  Such an irrational result is not the intent of Rule 33, nor the federal discovery

23  statutes.  As noted by Discovery Master O'Brien,

24

25                                                                              Molinski

26  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

27  the right of each party in a litigation to serve written discovery.  That the MGA

28  parties happen to be represented by the same counsel does not alter the analysis.

1   Each party must be allowed to serve 25 interrogatories and Mattel must be

2   compelled to answer them.

3          Mattel's second counting argument is that this interrogatory is impermissibly

4   compound. ███████████████████████████████████████

5   ██████████████████████████████████████████████████

6   ██████████████████████████████████████████████████

7   ███████████████████████████████ See Molinski Decl., Ex. 13 at 529

8   (Mattel's Motion for Protective Order dated June 29, 2009). ███████████████

9   ██████████████████████████████████████████████████

10  ██████████████████████████████████████████████████

11  ██████████████████████████ See Molinski Decl., Ex. 8 at

12  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

13  contains subparts, it is still considered a single interrogatory when it relates to a

14  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

15  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

16  concerning a 'common theme' should generally be considered a single question.");

17  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

18  WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

19  question regarding a common group of people" not compound (citing 8A Wright et

20  al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

21  R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

22  but a single question . . . even though it may call for an answer containing several

23  separate bits of information, if there is a direct relationship between the various bits

24  of information called for.").

25          This interrogatory seeks a narrative concerning the facts Mattel claims

26  support their assertion that Isaac Larian participated in purported RICO activity.

27  The request is structured to aid Mattel in responding to the interrogatory and seeks

28  only information that a responding party would reasonably expect to receive in

response, even if the level of request detail were not included.  Indeed, the basis of the entire interrogatory is to seek information that will ultimately allow MGA to defend against Mattel's RICO allegations and is crucial to that defense.  As such, this interrogatory should be counted as a single interrogatory and Mattel should be ordered to respond.

In addition, Mattel's bare assertion that MGA has "purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this interrogatory is supposedly overly broad, nor can it do so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning facts regarding Isaac Larian's participation in the conduct of the affairs of a RICO enterprise (as alleged in the Counterclaims of the TAAC).

As to burden, Mattel has not attempted to demonstrate why responding to this Interrogatory presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the Interrogatory is narrowly tailored to seek only discoverable evidence.

This Interrogatory does not seek responses protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, it does not excuse Mattel from responding

MGA's Statement Iso Mtc Further Responses To MGA (HK)
Ltd.'s Interrogatory Nos. 1-25 And MGAE Mexico's
Interrogatory Nos. 1-11
CV 04-9049 SGL (RNBx)

1  with any non-privileged information.  Additionally, to the extent that such

2  privileged material exists, Mattel must provide a privilege log.

3      Mattel objects that the Interrogatory contains confidential and/or proprietary

4  information.  A Protective Order exists in this case, obviating any concern as to

5  protection of privacy rights and/or commercially sensitive information.  Also, this

6  Interrogatory does not seek information violative of any third party's rights of

7  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

8  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

9  previously has argued, any privacy issues are fully addressed by the Protective

10  Order.

11      In short, Mattel's objections are uniformly without merit and frivolous.  The

12  Discovery Master should order Mattel to provide a substantive response to

13  Interrogatory No. 2 without objection.

14

15  **INTERROGATORY NO. 3:**

16      State all facts regarding MGA Entertainment (HK) Limited's conducting or

17  participating, directly or indirectly, in the conduct of the affairs of a RICO

18  enterprise through a pattern of racketeering activity (as alleged in the Counterclaims

19  of the TAAC).

20  **RESPONSE TO INTERROGATORY NO. 3:**

21      In addition to the general objections stated above, Mattel specifically objects

22  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

23  including in that it purports to require Mattel to summarize all facts on this subject,

24  despite defendants' own refusals to answer interrogatories with the same or

25  comparable language and in conflict with the Court's Orders of February 15, 2008

26  and February 20, 2008.  Mattel will not attempt to state or summarize all facts on

27  this subject.  Mattel further objects to this interrogatory as vague and ambiguous,

28  including as to time.  Mattel further objects to this Interrogatory on the grounds that

1   it calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.  Mattel further

3   objects to this Interrogatory on the grounds that it calls for the disclosure of

4   confidential and/or proprietary information, which Mattel will disclose only subject

5   to and in reliance upon the operative protective order.  Mattel further objects to this

6   Interrogatory as the interrogatory, combined with the compound interrogatories

7   propounded together with it, causes the total number of interrogatories served

8   during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

9   Procedure and the Court.

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

11   **INTERROGATORY NO. 3 SHOULD BE COMPELLED**:

12   Mattel has refused to provide answers in response to this Interrogatory,

13   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

14   Procedure, "the grounds for objecting to an interrogatory must be stated with

15   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

16   basis for an objection with specificity are routinely rejected in the Central District.

17   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

18   ("general or boilerplate objections such as 'overly burdensome and harassing' are

19   improper – especially when a party fails to submit any evidentiary declarations

20   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

21   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

22   inadequate and tantamount to not making any objection at all").  To the extent that

23   Mattel is relying on its blanket objections, they are not sustainable and do not

24   justify Mattel's failure to respond.

25   Mattel also bases its refusal to respond on two equally unavailing arguments

26   with respect to the counting of interrogatories in an effort to avoid responding to

27   this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

28   discovery limitation applies such that each *side* in the litigation may only serve 25

1    interrogatories.  This is the same argument that Mattel has made unsuccessfully in

2    the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

3    Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

4    Opposition to MGA's Motion to Compel Further Responses dated August 5,

5    2009).  While Mattel continues to assert this meritless objection rather than

6    responding to this interrogatory, Mattel cannot identify a single factual or legal

7    basis to support it.  To the contrary, Judge Larson has made clear that there is a

8    "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

9    noted that he has not placed any restrictions on discovery in Phase 2 other than

10   those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

11   (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

12   ███████████████████████████████████████████████████

13   ███████████████████████████████████████████████████

14   ████████████████████████████████   Molinski Decl., Ex. 8 at 168:23-35 (Order

15   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

16   Master O'Brien noted that ███████████████████████████████

17   ███████████████████████████████████████████████████

18   ████████████   Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

19   14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

20   See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

21   LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

22   of three defendants and striking down a local rule that allotted interrogatories on a

23   "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

24   Mo. 2000) (the court established a scheduling plan that maintained a distinction

25   between interrogatory limitations by "party" and deposition limitations by "side.").

26   Since this interrogatory was propounded by MGA Entertainment (HK) and they

27   have not propounded more than 25 interrogatories, Mattel's objection should be

28   overruled and Mattel must be ordered to provide a substantive response.

1    To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

2    entitled to propound 25 interrogatories, would produce a ludicrous result.  For

3    example, under Mattel's reasoning all counsel, in a multi-defendant case where

4    each defendant is represented by their own counsel, all defendants' counsel would

5    be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

6    Such an irrational result is not the intent of Rule 33, nor the federal discovery

7    statutes.  As noted by Discovery Master O'Brien, ███████████████████

8    █████████████████████████████████████████████████████████

9    █████████████████████████████████████████████████ Molinski

10   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

11   the right of each party in a litigation to serve written discovery.  That the MGA

12   parties happen to be represented by the same counsel does not alter the analysis.

13   Each party must be allowed to serve 25 interrogatories and Mattel must be

14   compelled to answer them.

15       Mattel's second counting argument is that this interrogatory is impermissibly

16   compound. ███████████████████████████████████████████████

17   █████████████████████████████████████████████████████████

18   █████████████████████████████████████████████████████████

19   ███████████████████████████████ See Molinski Decl., Ex. 13 at 529

20   (Mattel's Motion for Protective Order dated June 29, 2009). █████████████

21   █████████████████████████████████████████████████████████

22   █████████████████████████████████████████████████████████

23   ███████████████████████████████████ See Molinski Decl., Ex. 8 at

24   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

25   contains subparts, it is still considered a single interrogatory when it relates to a

26   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

27   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

28   concerning a 'common theme' should generally be considered a single question.");

1  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

2  WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

3  question regarding a common group of people" not compound (citing 8A Wright et

4  al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

5  R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

6  but a single question . . . even though it may call for an answer containing several

7  separate bits of information, if there is a direct relationship between the various bits

8  of information called for.").

9        This interrogatory seeks a narrative concerning the facts Mattel claims

10  support their RICO claims against MGA Entertainment (HK).  The request is

11  structured to aid Mattel in responding to the interrogatory and seeks only

12  information that a responding party would reasonably expect to receive in response,

13  even if the level of request detail were not included.  Indeed, the basis of the entire

14  interrogatory is to seek information that will ultimately allow MGA to defend

15  against Mattel's RICO allegations and is crucial to that defense.  As such, this

16  interrogatory should be counted as a single interrogatory and Mattel should be

17  ordered to respond.

18        In addition, Mattel's bare assertion that MGA has "purports to require Mattel

19  to summarize all facts on these subjects, despite defendants' own refusals to answer

20  interrogatories with the same or comparable language" is not only unsupported and

21  false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

22  respond to the Interrogatories would be unaffected.

23        As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to why this interrogatory is supposedly overly broad, nor can it do

25  so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

26  No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

27  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

28  facts regarding MGA Entertainment (HK) Limited's participation in the conduct of

1    the affairs of a RICO enterprise (as alleged in the Counterclaims of the TAAC).

2          As to burden, Mattel has not attempted to demonstrate why responding to

3    this Interrogatory presents any burden.  This objection must therefore be rejected.

4    See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

5    1997) ("The party claiming that a discovery request is unduly burdensome must

6    allege specific facts which indicate the nature and extent of the burden, usually by

7    affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

8    noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

9    evidence.

10          This Interrogatory does not seek responses protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, it does not excuse Mattel from responding

13   with any non-privileged information.  Additionally, to the extent that such

14   privileged material exists, Mattel must provide a privilege log.

15          Mattel objects that the Interrogatory contains confidential and/or proprietary

16   information.  A Protective Order exists in this case, obviating any concern as to

17   protection of privacy rights and/or commercially sensitive information.  Also, this

18   Interrogatory does not seek information violative of any third party's rights of

19   privacy.  The facts, persons, and documents responsive to this Interrogatory are in

20   the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

21   previously has argued, any privacy issues are fully addressed by the Protective

22   Order.

23          Further, the Interrogatory is entirely clear as to time – it refers to the time

24   frame as defined by Mattel's allegation and claim of RICO violation.  It seeks any

25   information on which Mattel plans to rely to prove those claims.  Mattel's objection

26   that this definition is vague and ambiguous as to time should therefore be rejected.

27          In short, Mattel's objections are uniformly without merit and frivolous.  The

28   Discovery Master should order Mattel to provide a substantive response to

- 17 -

1    Interrogatory No. 3 without objection.

2

3    **INTERROGATORY NO. 4:**

4          As to each injury to its business or property which MATTEL claims was

5    proximately caused by the actions and/or omissions alleged in the Second and Third

6    Counterclaims of the TAAC:

7          (a)    state all facts regarding the precise nature and type of that injury;

8          (b)    state all facts regarding the RICO predicate act(s) and/or pattern of

9    racketeering that proximately caused that injury;

10         (c)    IDENTIFY which PERSONS employed by or associated with which

11   RICO enterprises committed the RICO predicate act(s) and/or pattern of

12   racketeering that proximately caused that injury;

13         (d)    state all facts regarding how MATTEL has calculated or estimated the

14   monetary damages for that injury (and if it has not, why not); and

15         (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

16   information requested in this Interrogatory.

17   **RESPONSE TO INTERROGATORY NO. 4:**

18         In addition to the general objections stated above, Mattel specifically objects

19   to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

20   including in that it purports to require Mattel to summarize all facts on these

21   subjects, despite defendants' own refusals to answer interrogatories with the same

22   or comparable language and in conflict with the Court's Orders of February 15,

23   2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

24   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

25   calls for the disclosure of information subject to the attorney-client privilege, the

26   attorney work-product doctrine and other applicable privileges.  Mattel further

27   objects to this Interrogatory on the grounds that it calls for the disclosure of

28   confidential and/or proprietary information, which Mattel will disclose only subject

1  to and in reliance upon the operative protective order.  Mattel further objects to this

2  Interrogatory as compound and seeks to require Mattel to provide separate discrete

3  responses as "to each injury to its business or property which MATTEL claims was

4  proximately caused by the actions and/or omissions alleged in the Second and Third

5  Counterclaims of the TAAC."  As such, the interrogatory is impermissibly

6  compound and causes the total number of interrogatories served during Phase 2

7  discovery to exceed the limits set by the Federal Rules of Civil Procedure and the

8  Court.

9  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

10  **INTERROGATORY NO. 4 SHOULD BE COMPELLED**:

11      Mattel has refused to provide answers in response to this Interrogatory,

12  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

13  Procedure, "the grounds for objecting to an interrogatory must be stated with

14  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

15  basis for an objection with specificity are routinely rejected in the Central District.

16  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

17  ("general or boilerplate objections such as 'overly burdensome and harassing' are

18  improper – especially when a party fails to submit any evidentiary declarations

19  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

20  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

21  inadequate and tantamount to not making any objection at all").  To the extent that

22  Mattel is relying on its blanket objections, they are not sustainable and do not

23  justify Mattel's failure to respond.

24      Mattel also bases its refusal to respond on two equally unavailing arguments

25  with respect to the counting of interrogatories in an effort to avoid responding to

26  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

27  discovery limitation applies such that each *side* in the litigation may only serve 25

28  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

the past.  <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August 5, 2009).  While Mattel continues to assert this meritless objection rather than responding to this interrogatory, Mattel cannot identify a single factual or legal basis to support it.  To the contrary, Judge Larson has made clear that there is a "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that he has not placed any restrictions on discovery in Phase 2 other than those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████  Molinski Decl., Ex. 8 at 168:23-35 (Order No. 46 dated August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that ████████████████

█████████████████████████████████████████████

████████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is unsurprising as case law also supports this interpretation.  <u>See, e.g.</u>, <u>St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP</u>, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking down a local rule that allotted interrogatories on a "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court established a scheduling plan that maintained a distinction between interrogatory limitations by "party" and deposition limitations by "side.").  Since this interrogatory was propounded by MGA Entertainment (HK) and they have not propounded more than 25 interrogatories, Mattel's objection should be overruled and Mattel must be ordered to provide a substantive response.

To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

1   entitled to propound 25 interrogatories, would produce a ludicrous result.  For

2   example, under Mattel's reasoning all counsel, in a multi-defendant case where

3   each defendant is represented by their own counsel, all defendants' counsel would

4   be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

5   Such an irrational result is not the intent of Rule 33, nor the federal discovery

6   statutes.  As noted by Discovery Master O'Brien, ███████████████████████

7   ██████████████████████████████████████████████████████

8   ████████████████████████████████████████    Molinski

9   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

10  the right of each party in a litigation to serve written discovery.  That the MGA

11  parties happen to be represented by the same counsel does not alter the analysis.

12  Each party must be allowed to serve 25 interrogatories and Mattel must be

13  compelled to answer them.

14          Mattel's second counting argument is that this interrogatory is impermissibly

15  compound.  ███████████████████████████████████████████

16  ██████████████████████████████████████████████████████

17  ██████████████████████████████████████████████████████

18  ████████████████████████████████    See Molinski Decl., Ex. 13 at 529

19  (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████

20  ██████████████████████████████████████████████████████

21  ██████████████████████████████████████████████████████

22  ████████████████████████████    See Molinski Decl., Ex. 8 at

23  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

24  contains subparts, it is still considered a single interrogatory when it relates to a

25  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

26  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

27  concerning a 'common theme' should generally be considered a single question.");

28  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBX)

1   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

2   question regarding a common group of people" not compound (citing 8A Wright et

3   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

4   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

5   but a single question . . . even though it may call for an answer containing several

6   separate bits of information, if there is a direct relationship between the various bits

7   of information called for.").

8       This interrogatory seeks a narrative concerning the facts supporting damages,

9   including the causation of those damages based on Mattel's allegations of RICO

10  violations.  The request is structured to aid Mattel in responding to the interrogatory

11  and seeks only information that a responding party would reasonably expect to

12  receive in response, even if the level of request detail were not included.  Indeed,

13  the basis of the entire interrogatory is to seek information that will ultimately allow

14  MGA to defend against Mattel's RICO allegations and is crucial to that defense.

15  As such, this interrogatory should be counted as a single interrogatory and Mattel

16  should be ordered to respond.

17      In addition, Mattel's bare assertion that MGA has "purports to require Mattel

18  to summarize all facts on these subjects, despite defendants' own refusals to answer

19  interrogatories with the same or comparable language" is not only unsupported and

20  false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

21  respond to the Interrogatories would be unaffected.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to why this interrogatory is supposedly overly broad, nor can it do

24  so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

25  No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

26  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

27  injury to its business or property which Mattel claims was proximately caused by

28  the actions and/or omissions alleged in the Second and Third Counterclaims of the

- 22 -

1   TAAC.

2       As to burden, Mattel has not attempted to demonstrate why responding to

3   this Interrogatory presents any burden.  This objection must therefore be rejected.

4   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

5   1997) ("The party claiming that a discovery request is unduly burdensome must

6   allege specific facts which indicate the nature and extent of the burden, usually by

7   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

8   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

9   evidence.

10      This Interrogatory does not seek responses protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, it does not excuse Mattel from responding

13  with any non-privileged information.  Additionally, to the extent that such

14  privileged material exists, Mattel must provide a privilege log.

15      Mattel objects that the Interrogatory contains confidential and/or proprietary

16  information.  A Protective Order exists in this case, obviating any concern as to

17  protection of privacy rights and/or commercially sensitive information.  Also, this

18  Interrogatory does not seek information violative of any third party's rights of

19  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

20  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

21  previously has argued, any privacy issues are fully addressed by the Protective

22  Order.

23      In short, Mattel's objections are uniformly without merit and frivolous.  The

24  Discovery Master should order Mattel to provide a substantive response to

25  Interrogatory No. 4 without objection.

26

27  **INTERROGATORY NO. 5:**

28      As to each separate scheme or artifice to defraud underlying the Second

- 23 -

1   Counterclaim's allegations of mail and/or wire fraud (see, e.g., TR 137-39,

2   141(a),(b)), state all facts regarding:

3        (a)    the duration and goals of the scheme or artifice to defraud;

4        (b)    which PERSONS employed by or associated with which RICO

5   enterprises committed the mail and/or wire fraud;

6        (c)    to whom the scheme or artifice to defraud was directed;

7        (d)    the uses of the mails and/or wires that furthered the fraud;

8        (e)    the injuries to Mattel's business or property proximately caused by the

9   scheme or artifice to defraud;

10       (f)    how MATTEL has calculated or estimated the dollar value of those

11   injuries to Mattel's business or property (and if it has not, why not); and

12       (g)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

13   information requested in this Interrogatory.

14   **RESPONSE TO INTERROGATORY NO. 5:**

15       In addition to the general objections stated above, Mattel specifically objects

16   to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

17   including in that it purports to require Mattel to summarize all facts on these

18   subjects, despite defendants' own refusals to answer interrogatories with the same

19   or comparable language and in conflict with the Court's Orders of February 15,

20   2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

21   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

22   calls for the disclosure of information subject to the attorney-client privilege, the

23   attorney work-product doctrine and other applicable privileges.  Mattel further

24   objects to this Interrogatory on the grounds that it calls for the disclosure of

25   confidential and/or proprietary information, which Mattel will disclose only subject

26   to and in reliance upon the operative protective order.  Mattel further objects to this

27   Interrogatory as compound and seeks to require Mattel to provide separate discrete

28   responses as "to each separate scheme or artifice to defraud underlying the Second

1   Counterclaim's allegations of mail and/or wire fraud."  As such, the interrogatory is

2   impermissibly compound and causes the total number of interrogatories served

3   during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

4   Procedure and the Court.

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

6   **INTERROGATORY NO. 5 SHOULD BE COMPELLED:**

7        Mattel has refused to provide answers in response to this Interrogatory,

8   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

9   Procedure, "the grounds for objecting to an interrogatory must be stated with

10  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

11  basis for an objection with specificity are routinely rejected in the Central District.

12  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

13  ("general or boilerplate objections such as 'overly burdensome and harassing' are

14  improper – especially when a party fails to submit any evidentiary declarations

15  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

16  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

17  inadequate and tantamount to not making any objection at all").  To the extent that

18  Mattel is relying on its blanket objections, they are not sustainable and do not

19  justify Mattel's failure to respond.

20       Mattel also bases its refusal to respond on two equally unavailing arguments

21  with respect to the counting of interrogatories in an effort to avoid responding to

22  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

23  discovery limitation applies such that each *side* in the litigation may only serve 25

24  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

25  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

26  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

27  Opposition to MGA's Motion to Compel Further Responses dated August 5,

28  2009).  While Mattel continues to assert this meritless objection rather than

- 25 -

1    responding to this interrogatory, Mattel cannot identify a single factual or legal

2    basis to support it.  To the contrary, Judge Larson has made clear that there is a

3    "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

4    noted that he has not placed any restrictions on discovery in Phase 2 other than

5    those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8

6    (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

7

8

9                                                                    Molinski Decl., Ex. 8 at 168:23-25 (Order

10   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

11   Master O'Brien noted that

12

13                                          Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

14   14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

15   <u>See, e.g.</u>, <u>St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,</u>

16   <u>LLP</u>, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

17   of three defendants and striking down a local rule that allotted interrogatories on a

18   "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D.

19   Mo. 2000) (the court established a scheduling plan that maintained a distinction

20   between interrogatory limitations by "party" and deposition limitations by "side.").

21   Since this interrogatory was propounded by MGA Entertainment (HK) and they

22   have not propounded more than 25 interrogatories, Mattel's objection should be

23   overruled and Mattel must be ordered to provide a substantive response.

24        To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

25   entitled to propound 25 interrogatories, would produce a ludicrous result.  For

26   example, under Mattel's reasoning all counsel, in a multi-defendant case where

27   each defendant is represented by their own counsel, all defendants' counsel would

28   be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1   Such an irrational result is not the intent of Rule 33, nor the federal discovery

2   statutes.  As noted by Discovery Master O'Brien, ████████████████████

3   ████████████████████████████████████████████████████

4   ████████████████████████████████████████████████  Molinski

5   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

6   the right of each party in a litigation to serve written discovery.  That the MGA

7   parties happen to be represented by the same counsel does not alter the analysis.

8   Each party must be allowed to serve 25 interrogatories and Mattel must be

9   compelled to answer them.

10          Mattel's second counting argument is that this interrogatory is impermissibly

11  compound.  ████████████████████████████████████████████

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████

14  ████████████████████████  See Molinski Decl., Ex. 13 at 529

15  (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████

16  ████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████

18  ████████████████████████  See Molinski Decl., Ex. 8 at

19  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

20  contains subparts, it is still considered a single interrogatory when it relates to a

21  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

22  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

23  concerning a 'common theme' should generally be considered a single question.");

24  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

25  WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

26  question regarding a common group of people" not compound (citing 8A Wright et

27  al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

28  R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

- 27 -

1   but a single question . . . even though it may call for an answer containing several

2   separate bits of information, if there is a direct relationship between the various bits

3   of information called for.").

4       This interrogatory seeks a narrative concerning a common theme.  That is, it

5   seeks information concerning Mattel's allegations of mail and wire fraud as a

6   predicate act for Mattel's RICO claims.  The request is structured to aid Mattel in

7   responding to the interrogatory and seeks only information that a responding party

8   would reasonably expect to receive in response, even if the level of request detail

9   were not included.  Indeed, the basis of the entire interrogatory is to seek

10  information that will ultimately allow MGA to defend against Mattel's RICO

11  allegations and is crucial to that defense.  As such, this interrogatory should be

12  counted as a single interrogatory and Mattel should be ordered to respond.

13      In addition, Mattel's bare assertion that MGA has "purports to require Mattel

14  to summarize all facts on these subjects, despite defendants' own refusals to answer

15  interrogatories with the same or comparable language" is not only unsupported and

16  false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

17  respond to the Interrogatories would be unaffected.

18      As to overbreadth, Mattel provides no explanation, let alone the required

19  particularity, as to why this interrogatory is supposedly overly broad, nor can it do

20  so.  This objection is therefore improper.  <u>See</u> Molinski Decl., Ex. 5 at 118 (Order

21  No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

22  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

23  schemes and artifices to defraud that underlie Mattel's allegations of mail and/or

24  wire fraud.

25      As to burden, Mattel has not attempted to demonstrate why responding to

26  this Interrogatory presents any burden.  This objection must therefore be rejected.

27  <u>See</u> Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

28  1997) ("The party claiming that a discovery request is unduly burdensome must

1   allege specific facts which indicate the nature and extent of the burden, usually by

2   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

3   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

4   evidence.

5        This Interrogatory does not seek responses protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges.  To the

7   extent that Mattel contends that it does, it does not excuse Mattel from responding

8   with any non-privileged information.  Additionally, to the extent that such

9   privileged material exists, Mattel must provide a privilege log.

10        Mattel objects that the Interrogatory contains confidential and/or proprietary

11  information.  A Protective Order exists in this case, obviating any concern as to

12  protection of privacy rights and/or commercially sensitive information.  Also, this

13  Interrogatory does not seek information violative of any third party's rights of

14  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

15  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

16  previously has argued, any privacy issues are fully addressed by the Protective

17  Order.

18        In short, Mattel's objections are uniformly without merit and frivolous.  The

19  Discovery Master should order Mattel to provide a substantive response to

20  Interrogatory No. 5 without objection.

21

22  **<u>INTERROGATORY NO. 6</u>:**

23        As to each misrepresentation or concealment underlying the Second

24  Counterclaim's allegations of mail and/or wire fraud (see, e.g., TT 137-39,

25  141(a),(b)), state all facts regarding:

26        (a)     the duration and goals of the mail and/or wire fraud based on that

27  misrepresentation or concealment;

28        (b)     which PERSONS employed by or associated with which RICO

1   enterprises committed that mail and/or wire fraud;

2       (c)    what facts or information were misrepresented or concealed;

3       (d)    when the facts or information were misrepresented or concealed;

4       (e)    who misrepresented or concealed the facts or information;

5       (f)    the factual and legal basis of the duties, if any, to disclose the facts or

6   information;

7       (g)    to whom the misrepresentation or concealment was directed;

8       (h)    who, if anyone, relied upon the misrepresentation or concealment;

9       (i)    the uses of the mails and/or wires that furthered the mail and/or wire

10  fraud based on that misrepresentation or concealment;

11      (j)    the injuries to Mattel's business or property proximately caused by the

12  misrepresentation or concealment and/or the mail and/or wire fraud based on that

13  misrepresentation or concealment;

14      (k)    how MATTEL has calculated or estimated the dollar value of those

15  injuries to Mattel's business or property (and if it has not, why not); and

16      (1) IDENTIFY all PERSONS MATTEL believes have knowledge of the

17  information requested in this Interrogatory.

18  **RESPONSE TO INTERROGATORY NO. 6:**

19      In addition to the general objections stated above, Mattel specifically objects

20  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

21  including in that it purports to require Mattel to summarize all facts on these

22  subjects, despite defendants' own refusals to answer interrogatories with the same

23  or comparable language and in conflict with the Court's Orders of February 15,

24  2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

25  on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

26  calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges.  Mattel further

28  objects to this Interrogatory on the grounds that it calls for the disclosure of

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1   confidential and/or proprietary information, which Mattel will disclose only subject
2   to and in reliance upon the operative protective order.  Mattel further objects to this
3   Interrogatory as compound and seeks to require Mattel to provide separate discrete
4   responses as "to each misrepresentation or concealment underlying the Second
5   Counterclaim's allegations of mail and/or wire fraud."  As such, the interrogatory is
6   impermissibly compound and causes the total number of interrogatories served
7   during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil
8   Procedure and the Court.

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
10  **INTERROGATORY NO. 6 SHOULD BE COMPELLED**:

11          Mattel has refused to provide answers in response to this Interrogatory,
12  subject to its improper boilerplate objections.  Under the Federal Rules of Civil
13  Procedure, "the grounds for objecting to an interrogatory must be stated with
14  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the
15  basis for an objection with specificity are routinely rejected in the Central District.
16  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
17  ("general or boilerplate objections such as 'overly burdensome and harassing' are
18  improper – especially when a party fails to submit any evidentiary declarations
19  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,
20  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
21  inadequate and tantamount to not making any objection at all").  To the extent that
22  Mattel is relying on its blanket objections, they are not sustainable and do not
23  justify Mattel's failure to respond.

24          Mattel also bases its refusal to respond on two equally unavailing arguments
25  with respect to the counting of interrogatories in an effort to avoid responding to
26  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent
27  discovery limitation applies such that each *side* in the litigation may only serve 25
28  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August 5, 2009).  While Mattel continues to assert this meritless objection rather than responding to this interrogatory, Mattel cannot identify a single factual or legal basis to support it.  To the contrary, Judge Larson has made clear that there is a "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that he has not placed any restrictions on discovery in Phase 2 other than those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

█████████████████████████████████████████████████████████

██████████████████████████████████ Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that ████████████████████

██████████████████████████████████

████████████████ Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking down a local rule that allotted interrogatories on a "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court established a scheduling plan that maintained a distinction between interrogatory limitations by "party" and deposition limitations by "side.").  Since this interrogatory was propounded by MGA Entertainment (HK) and they have not propounded more than 25 interrogatories, Mattel's objection should be overruled and Mattel must be ordered to provide a substantive response.

    To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

1  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

2  example, under Mattel's reasoning all counsel, in a multi-defendant case where

3  each defendant is represented by their own counsel, all defendants' counsel would

4  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

5  Such an irrational result is not the intent of Rule 33, nor the federal discovery

6  statutes.  As noted by Discovery Master O'Brien, ███████████████████

7  █████████████████████████████████████████

8  ████████████████████████████████████ Molinski

9  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

10  the right of each party in a litigation to serve written discovery.  That the MGA

11  parties happen to be represented by the same counsel does not alter the analysis.

12  Each party must be allowed to serve 25 interrogatories and Mattel must be

13  compelled to answer them.

14      Mattel's second counting argument is that this interrogatory is impermissibly

15  compound.  ████████████████████████████████

16  ████████████████████████████████████████

17  ████████████████████████████████████████

18  █████████████████████████ See Molinski Decl., Ex. 13 at 529

19  (Mattel's Motion for Protective Order dated June 29, 2009).  ██████████████

20  ████████████████████████████████████████

21  ████████████████████████████████████████

22  ██████████████████████ See Molinski Decl., Ex. 8 at

23  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

24  contains subparts, it is still considered a single interrogatory when it relates to a

25  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

26  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

27  concerning a 'common theme' should generally be considered a single question.");

28  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

1   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

2   question regarding a common group of people" not compound (citing 8A Wright et

3   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); <u>Clark v. Burlington Northern</u>

4   <u>R.R.</u>, 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

5   but a single question . . . even though it may call for an answer containing several

6   separate bits of information, if there is a direct relationship between the various bits

7   of information called for.").

8        This interrogatory seeks a narrative concerning a common theme.  That is, it

9   seeks information concerning Mattel's allegations of mail and wire fraud as a

10  predicate act for Mattel's RICO claims.  The request is structured to aid Mattel in

11  responding to the interrogatory and seeks only information that a responding party

12  would reasonably expect to receive in response, even if the level of request detail

13  were not included.  Indeed, the basis of the entire interrogatory is to seek

14  information that will ultimately allow MGA to defend against Mattel's RICO

15  allegations and is crucial to that defense.  As such, this interrogatory should be

16  counted as a single interrogatory and Mattel should be ordered to respond.

17       This interrogatory seeks a narrative concerning a common theme.  That is

18  information concerning Mattel's allegations of a misrepresentation or concealment

19  as a predicate act for Mattel's RICO claims.  Indeed, the entire interrogatory seeks

20  information that will ultimately allow MGA to defend against the claim and is

21  crucial to that defense.  As such, this interrogatory should be counted as a single

22  interrogatory and Mattel should be ordered to respond.

23       In addition, Mattel's bare assertion that MGA has "purports to require Mattel

24  to summarize all facts on these subjects, despite defendants' own refusals to answer

25  interrogatories with the same or comparable language" is not only unsupported and

26  false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

27  respond to the Interrogatories would be unaffected.

28       As to overbreadth, Mattel provides no explanation, let alone the required

MGA's Statement iso Mtc Further Responses To MGA (HK)
Ltd.'s Interrogatory Nos. 1-25 and MGAE Mexico's
Interrogatory Nos. 1-11
CV 04-9049 SGL (RNBx)

1   particularity, as to why this interrogatory is supposedly overly broad, nor can it do

2   so.  This objection is therefore improper.  <u>See</u> Molinski Decl., Ex. 5 at 118 (Order

3   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

4   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

5   misrepresentations or concealment that underlie Mattel's allegations of mail and/or

6   wire fraud.

7        As to burden, Mattel has not attempted to demonstrate why responding to

8   this Interrogatory presents any burden.  This objection must therefore be rejected.

9   <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev.

10  1997) ("The party claiming that a discovery request is unduly burdensome must

11  allege specific facts which indicate the nature and extent of the burden, usually by

12  affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

13  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

14  evidence.

15       This Interrogatory does not seek responses protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, it does not excuse Mattel from responding

18  with any non-privileged information.  Additionally, to the extent that such

19  privileged material exists, Mattel must provide a privilege log.

20       Mattel objects that the Interrogatory contains confidential and/or proprietary

21  information.  A Protective Order exists in this case, obviating any concern as to

22  protection of privacy rights and/or commercially sensitive information.  Also, this

23  Interrogatory does not seek information violative of any third party's rights of

24  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

25  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

26  previously has argued, any privacy issues are fully addressed by the Protective

27  Order.

28       In short, Mattel's objections are uniformly without merit and frivolous.  The

1    Discovery Master should order Mattel to provide a substantive response to

2    Interrogatory No. 6 without objection.

3

4    **INTERROGATORY NO. 7:**

5         As to each RICO enterprise alleged in the Counterclaims of the TAAC, state

6    all facts regarding:

7         (a)    the purposes and goals of the enterprise;

8         (b)    the RICO predicate acts committed by the enterprise;

9         (c)    the duration of the enterprise; and

10        (d)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

11   information requested in this Interrogatory.

12   **RESPONSE TO INTERROGATORY NO. 7:**

13        In addition to the general objections stated above, Mattel specifically objects

14   to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

15   including in that it purports to require Mattel to summarize all facts on these

16   subjects, despite defendants' own refusals to answer interrogatories with the same

17   or comparable language and in conflict with the Court's Orders of February 15,

18   2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

19   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

20   calls for the disclosure of information subject to the attorney-client privilege, the

21   attorney work-product doctrine and other applicable privileges.  Mattel further

22   objects to this Interrogatory on the grounds that it calls for the disclosure of

23   confidential and/or proprietary information, which Mattel will disclose only subject

24   to and in reliance upon the operative protective order.  Mattel further objects to this

25   Interrogatory as compound and seeks to require Mattel to provide separate discrete

26   responses as "to each RICO enterprise alleged in the Counterclaims of the TAAC."

27   As such, the interrogatory is impermissibly compound and causes the total number

28   of interrogatories served during Phase 2 discovery to exceed the limits set by the

1   Federal Rules of Civil Procedure and the Court.

2   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

3   **INTERROGATORY NO. 7 SHOULD BE COMPELLED:**

4        Mattel has refused to provide answers in response to this Interrogatory,

5   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

6   Procedure, "the grounds for objecting to an interrogatory must be stated with

7   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

8   basis for an objection with specificity are routinely rejected in the Central District.

9   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

10  ("general or boilerplate objections such as 'overly burdensome and harassing' are

11  improper – especially when a party fails to submit any evidentiary declarations

12  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

13  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

14  inadequate and tantamount to not making any objection at all").  To the extent that

15  Mattel is relying on its blanket objections, they are not sustainable and do not

16  justify Mattel's failure to respond.

17       Mattel also bases its refusal to respond on two equally unavailing arguments

18  with respect to the counting of interrogatories in an effort to avoid responding to

19  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

20  discovery limitation applies such that each *side* in the litigation may only serve 25

21  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

22  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

23  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

24  Opposition to MGA's Motion to Compel Further Responses dated August 5,

25  2009).  While Mattel continues to assert this meritless objection rather than

26  responding this interrogatory, Mattel cannot identify a single factual or legal

27  basis to support it.  To the contrary, Judge Larson has made clear that there is a

28  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

- 37 -

1   noted that he has not placed any restrictions on discovery in Phase 2 other than

2   those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8

3   (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

4   ████████████████████████████████████████████████

5   ████████████████████████████████████████████████

6   ████████████████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order

7   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

8   Master O'Brien noted that ███████████████████████████████

9   ████████████████████████████████████████████████

10  ██████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

11  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

12  <u>See, e.g.</u>, <u>St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,</u>

13  <u>LLP</u>, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

14  of three defendants and striking down a local rule that allotted interrogatories on a

15  "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D.

16  Mo. 2000) (the court established a scheduling plan that maintained a distinction

17  between interrogatory limitations by "party" and deposition limitations by "side.").

18  Since this interrogatory was propounded by MGA Entertainment (HK) and they

19  have not propounded more than 25 interrogatories, Mattel's objection should be

20  overruled and Mattel must be ordered to provide a substantive response.

21       To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

22  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

23  example, under Mattel's reasoning all counsel, in a multi-defendant case where

24  each defendant is represented by their own counsel, all defendants' counsel would

25  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

26  Such an irrational result is not the intent of Rule 33, nor the federal discovery

27  statutes.  As noted by Discovery Master O'Brien, ████████████████████

28  ████████████████████████████████████████████████

1    ███████████████████████████████████████████████ Molinski

2    Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

3    the right of each party in a litigation to serve written discovery.  That the MGA

4    parties happen to be represented by the same counsel does not alter the analysis.

5    Each party must be allowed to serve 25 interrogatories and Mattel must be

6    compelled to answer them.

7            Mattel's second counting argument is that this interrogatory is impermissibly

8    compound.  █████████████████████████████████████████████

9    ████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████

11   ███████████████████████████████████ See Molinski Decl., Ex. 13 at 529

12   (Mattel's Motion for Protective Order dated June 29, 2009).  █████████████

13   ████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████

15   ███████████████████████████████████ See Molinski Decl., Ex. 8 at

16   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

17   contains subparts, it is still considered a single interrogatory when it relates to a

18   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

19   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

20   concerning a 'common theme' should generally be considered a single question.");

21   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

22   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

23   question regarding a common group of people" not compound (citing 8A Wright et

24   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

25   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

26   but a single question . . . even though it may call for an answer containing several

27   separate bits of information, if there is a direct relationship between the various bits

28   of information called for.").

1    This interrogatory seeks a narrative concerning a common theme.  That is, it
2 seeks information concerning Mattel's allegations of a RICO enterprise.  The
3 request is structured to aid Mattel in responding to the interrogatory and seeks only
4 information that a responding party would reasonably expect to receive in response,
5 even if the level of request detail were not included.  Indeed, the basis of the entire
6 interrogatory is to seek information that will ultimately allow MGA to defend
7 against Mattel's RICO allegations and is crucial to that defense.  As such, this
8 interrogatory should be counted as a single interrogatory and Mattel should be
9 ordered to respond.

10    In addition, Mattel's bare assertion that MGA has "purports to require Mattel
11 to summarize all facts on these subjects, despite defendants' own refusals to answer
12 interrogatories with the same or comparable language" is not only unsupported and
13 false, but immaterial – if this were true (and it is not), Mattel's obligation to fully
14 respond to the Interrogatories would be unaffected.

15    As to overbreadth, Mattel provides no explanation, let alone the required
16 particularity, as to why this interrogatory is supposedly overly broad, nor can it do
17 so.  This objection is therefore improper.  <u>See</u> Molinski Decl., Ex. 5 at 118 (Order
18 No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).
19 To the contrary, the Interrogatory is narrowly tailored to seek responses concerning
20 Mattel's claim of RICO violation alleged in the Counterclaims of the TAAC.

21    As to burden, Mattel has not attempted to demonstrate why responding to
22 this Interrogatory presents any burden.  This objection must therefore be rejected.
23 <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev.
24 1997) ("The party claiming that a discovery request is unduly burdensome must
25 allege specific facts which indicate the nature and extent of the burden, usually by
26 affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as
27 noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
28 evidence.

This Interrogatory does not seek responses protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, it does not excuse Mattel from responding with any non-privileged information.  Additionally, to the extent that such privileged material exists, Mattel must provide a privilege log.

Mattel objects that the Interrogatory contains confidential and/or proprietary information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.  Also, this Interrogatory does not seek information violative of any third party's rights of privacy.  The facts, persons, and documents responsive to this Interrogatory are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Interrogatory No. 7 without objection.

## INTERROGATORY NO. 8:

As to each RICO conspiracy alleged in the Third Counterclaim of the TAAC, state all facts regarding:

(a)     the co-conspirators of the conspiracy;

(b)     the purposes and goals of the conspiracy;

(c)     the overt acts committed in furtherance of the conspiracy;

(d)     when and how the co-conspirators demonstrated their agreement to join the conspiracy; and

(e) IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

1    **RESPONSE TO INTERROGATORY NO. 8:**

2            In addition to the general objections stated above, Mattel specifically objects

3    to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

4    including in that it purports to require Mattel to summarize all facts on these

5    subjects, despite defendants' own refusals to answer interrogatories with the same

6    or comparable language and in conflict with the Court's Orders of February 15,

7    2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

8    on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

9    calls for the disclosure of information subject to the attorney-client privilege, the

10   attorney work-product doctrine and other applicable privileges.  Mattel further

11   objects to this Interrogatory on the grounds that it calls for the disclosure of

12   confidential and/or proprietary information, which Mattel will disclose only subject

13   to and in reliance upon the operative protective order.  Mattel further objects to this

14   Interrogatory as compound and seeks to require Mattel to provide separate discrete

15   responses as "to each RICO conspiracy alleged in the Third Counterclaim of the

16   TAAC."  As such, the interrogatory is impermissibly compound and causes the

17   total number of interrogatories served during Phase 2 discovery to exceed the limits

18   set by the Federal Rules of Civil Procedure and the Court.

19   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

20   **INTERROGATORY NO. 8 SHOULD BE COMPELLED**:

21           Mattel has refused to provide answers in response to this Interrogatory,

22   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

23   Procedure, "the grounds for objecting to an interrogatory must be stated with

24   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

25   basis for an objection with specificity are routinely rejected in the Central District.

26   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

27   ("general or boilerplate objections such as 'overly burdensome and harassing' are

28   improper – especially when a party fails to submit any evidentiary declarations

1  supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>,

2  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

3  inadequate and tantamount to not making any objection at all").  To the extent that

4  Mattel is relying on its blanket objections, they are not sustainable and do not

5  justify Mattel's failure to respond.

6       Mattel also bases its refusal to respond on two equally unavailing arguments

7  with respect to the counting of interrogatories in an effort to avoid responding to

8  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

9  discovery limitation applies such that each *side* in the litigation may only serve 25

10  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

11  the past.  <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

12  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

13  Opposition to MGA's Motion to Compel Further Responses dated August 5,

14  2009).  While Mattel continues to assert this meritless objection rather than

15  responding to this interrogatory, Mattel cannot identify a single factual or legal

16  basis to support it.  To the contrary, Judge Larson has made clear that there is a

17  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

18  noted that he has not placed any restrictions on discovery in Phase 2 other than

19  those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8

20  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

21  ████████████████████████████████████████████

22  ████████████████████████████████████████████

23  █████████████████████████████████   Molinski Decl., Ex. 8 at 168:23-25 (Order

24  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

25  Master O'Brien noted that ██████████████████████████████████

26  ████████████████████████████████████████████

27  ████████████████   Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

28  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

1  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

2  LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

3  of three defendants and striking down a local rule that allotted interrogatories on a

4  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

5  Mo. 2000) (the court established a scheduling plan that maintained a distinction

6  between interrogatory limitations by "party" and deposition limitations by "side.").

7  Since this interrogatory was propounded by MGA Entertainment (HK) and they

8  have not propounded more than 25 interrogatories, Mattel's objection should be

9  overruled and Mattel must be ordered to provide a substantive response.

10       To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

11  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

12  example, under Mattel's reasoning all counsel, in a multi-defendant case where

13  each defendant is represented by their own counsel, all defendants' counsel would

14  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

15  Such an irrational result is not the intent of Rule 33, nor the federal discovery

16  statutes.  As noted by Discovery Master O'Brien, ███████████████████

17  ████████████████████████████████████████████

18  ████████████████████████████████████  Molinski

19  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

20  the right of each party in a litigation to serve written discovery.  That the MGA

21  parties happen to be represented by the same counsel does not alter the analysis.

22  Each party must be allowed to serve 25 interrogatories and Mattel must be

23  compelled to answer them.

24       Mattel's second counting argument is that this interrogatory is impermissibly

25  compound.  ████████████████████████████████████

26  ████████████████████████████████████████████

27  ████████████████████████████████████████

28                                        See Molinski Decl., Ex. 13 at 529

1    (Mattel's Motion for Protective Order dated June 29, 2009). ████████████
2    ████████████████████████████████████████████████████████████
3    ████████████████████████████████████████████████████████████
4    ████████████████████████████████████████   See Molinski Decl., Ex. 8 at
5    171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory
6    contains subparts, it is still considered a single interrogatory when it relates to a
7    common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.
8    Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details
9    concerning a 'common theme' should generally be considered a single question.");
10   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005
11   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same
12   question regarding a common group of people" not compound (citing 8A Wright et
13   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern
14   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as
15   but a single question . . . even though it may call for an answer containing several
16   separate bits of information, if there is a direct relationship between the various bits
17   of information called for.").

18        This interrogatory seeks a narrative concerning a common theme.  That is, it
19   seeks information concerning Mattel's allegations of a conspiracy to commit RICO
20   violations.  The request is structured to aid Mattel in responding to the interrogatory
21   and seeks only information that a responding party would reasonably expect to
22   receive in response, even if the level of request detail were not included.  Indeed,
23   the basis of the entire interrogatory is to seek information that will ultimately allow
24   MGA to defend against Mattel's RICO allegations and is crucial to that defense.
25   As such, this interrogatory should be counted as a single interrogatory and Mattel
26   should be ordered to respond.

27        In addition, Mattel's bare assertion that MGA has "purports to require Mattel
28   to summarize all facts on these subjects, despite defendants' own refusals to answer

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1   interrogatories with the same or comparable language" is not only unsupported and

2   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

3   respond to the Interrogatories would be unaffected.

4       As to overbreadth, Mattel provides no explanation, let alone the required

5   particularity, as to why this interrogatory is supposedly overly broad, nor can it do

6   so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

7   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

8   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

9   Mattel's claim of RICO conspiracy as alleged in the Third Counterclaim of the

10  TAAC.

11      As to burden, Mattel has not attempted to demonstrate why responding to

12  this Interrogatory presents any burden.  This objection must therefore be rejected.

13  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

14  1997) ("The party claiming that a discovery request is unduly burdensome must

15  allege specific facts which indicate the nature and extent of the burden, usually by

16  affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

17  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

18  evidence.

19      This Interrogatory does not seek responses protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges.  To the

21  extent that Mattel contends that it does, it does not excuse Mattel from responding

22  with any non-privileged information.  Additionally, to the extent that such

23  privileged material exists, Mattel must provide a privilege log.

24      Mattel objects that the Interrogatory contains confidential and/or proprietary

25  information.  A Protective Order exists in this case, obviating any concern as to

26  protection of privacy rights and/or commercially sensitive information.  Also, this

27  Interrogatory does not seek information violative of any third party's rights of

28  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

- 46 -

1    the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

2    previously has argued, any privacy issues are fully addressed by the Protective

3    Order.

4        In short, Mattel's objections are uniformly without merit and frivolous.  The

5    Discovery Master should order Mattel to provide a substantive response to

6    Interrogatory No. 8 without objection.

7

8    **INTERROGATORY NO. 9:**

9        IDENTIFY each PERSON that aided and abetted a predicate act committed

10   against MATTEL (as alleged in the Counterclaims of the TAAC, e.g., 141, 151),

11   and IDENTIFY:

12       (a)    the predicate act that person aided and abetted;

13       (b)    the perpetrators whom that person aided and abetted;

14       (c)    the acts or omissions that constituted the aiding and abetting by that

15   person; and

16       (d)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

17   information requested in this Interrogatory.

18   **RESPONSE TO INTERROGATORY NO. 9:**

19       In addition to the general objections stated above, Mattel specifically objects

20   to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

21   including in that it purports to require Mattel to summarize all facts on these

22   subjects, despite defendants' own refusals to answer interrogatories with the same

23   or comparable language and in conflict with the Court's Orders of February 15,

24   2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

25   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

26   calls for the disclosure of information subject to the attorney-client privilege, the

27   attorney work-product doctrine and other applicable privileges.  Mattel further

28   objects to this Interrogatory on the grounds that it calls for the disclosure of

1   confidential and/or proprietary information, which Mattel will disclose only subject

2   to and in reliance upon the operative protective order.  Mattel further objects to this

3   Interrogatory as compound and seeks to require Mattel to provide separate discrete

4   responses as to "each PERSON that aided and abetted a predicate act committed

5   against MATTEL (as alleged in the Counterclaims of the TAAC."  As such, the

6   interrogatory is impermissibly compound and causes the total number of

7   interrogatories served during Phase 2 discovery to exceed the limits set by the

8   Federal Rules of Civil Procedure and the Court.

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

10   **INTERROGATORY NO. 9 SHOULD BE COMPELLED**:

11       Mattel has refused to provide answers in response to this Interrogatory,

12   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

13   Procedure, "the grounds for objecting to an interrogatory must be stated with

14   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

15   basis for an objection with specificity are routinely rejected in the Central District.

16   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

17   ("general or boilerplate objections such as 'overly burdensome and harassing' are

18   improper – especially when a party fails to submit any evidentiary declarations

19   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

20   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

21   inadequate and tantamount to not making any objection at all").  To the extent that

22   Mattel is relying on its blanket objections, they are not sustainable and do not

23   justify Mattel's failure to respond.

24       Mattel also bases its refusal to respond on two equally unavailing arguments

25   with respect to the counting of interrogatories in an effort to avoid responding to

26   this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

27   discovery limitation applies such that each *side* in the litigation may only serve 25

28   interrogatories.  This is the same argument that Mattel has made unsuccessfully in

- 48 -

1    the past.  <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

2    Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

3    Opposition to MGA's Motion to Compel Further Responses dated August 5,

4    2009).  While Mattel continues to assert this meritless objection rather than

5    responding to this interrogatory, Mattel cannot identify a single factual or legal

6    basis to support it.  To the contrary, Judge Larson has made clear that there is a

7    "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

8    noted that he has not placed any restrictions on discovery in Phase 2 other than

9    those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8

10   (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

11   ████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████

13   ████████████████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order

14   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

15   Master O'Brien noted that █████████████████████████████████████

16   ████████████████████████████████████████████████████

17   █████████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

18   14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

19   <u>See, e.g.</u>, <u>St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,</u>

20   <u>LLP</u>, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

21   of three defendants and striking down a local rule that allotted interrogatories on a

22   "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D.

23   Mo. 2000) (the court established a scheduling plan that maintained a distinction

24   between interrogatory limitations by "party" and deposition limitations by "side.").

25   Since this interrogatory was propounded by MGA Entertainment (HK) and they

26   have not propounded more than 25 interrogatories, Mattel's objection should be

27   overruled and Mattel must be ordered to provide a substantive response.

28        To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

1   entitled to propound 25 interrogatories, would produce a ludicrous result.  For

2   example, under Mattel's reasoning all counsel, in a multi-defendant case where

3   each defendant is represented by their own counsel, all defendants' counsel would

4   be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

5   Such an irrational result is not the intent of Rule 33, nor the federal discovery

6   statutes.  As noted by Discovery Master O'Brien, ███████████████████████

7   ████████████████████████████████████████████████████████

8   ██████████████████████████████████████████████ Molinski

9   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

10  the right of each party in a litigation to serve written discovery.  That the MGA

11  parties happen to be represented by the same counsel does not alter the analysis.

12  Each party must be allowed to serve 25 interrogatories and Mattel must be

13  compelled to answer them.

14         Mattel's second counting argument is that this interrogatory is impermissibly

15  compound.  ██████████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ██████████████████████████████████ See Molinski Decl., Ex. 13 at 529

19  (Mattel's Motion for Protective Order dated June 29, 2009).  ██████████████

20  ████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████

22  ████████████████████████████████ See Molinski Decl., Ex. 8 at

23  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

24  contains subparts, it is still considered a single interrogatory when it relates to a

25  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

26  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

27  concerning a 'common theme' should generally be considered a single question.");

28  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

1   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

2   question regarding a common group of people" not compound (citing 8A Wright et

3   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

4   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

5   but a single question . . . even though it may call for an answer containing several

6   separate bits of information, if there is a direct relationship between the various bits

7   of information called for.").

8          This interrogatory seeks a narrative concerning a common theme.  That is, it

9   seeks information concerning Mattel's allegations of aiding and abetting the

10  predicate act alleged to be part of the RICO violations.  The request is structured to

11  aid Mattel in responding to the interrogatory and seeks only information that a

12  responding party would reasonably expect to receive in response, even if the level

13  of request detail were not included.  Indeed, the basis of the entire interrogatory is

14  to seek information that will ultimately allow MGA to defend against Mattel's

15  RICO allegations and is crucial to that defense.  As such, this interrogatory should

16  be counted as a single interrogatory and Mattel should be ordered to respond.

17         In addition, Mattel's bare assertion that MGA has "purports to require Mattel

18  to summarize all facts on these subjects, despite defendants' own refusals to answer

19  interrogatories with the same or comparable language" is not only unsupported and

20  false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

21  respond to the Interrogatories would be unaffected.

22         As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to why this interrogatory is supposedly overly broad, nor can it do

24  so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

25  No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

26  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

27  persons that Mattel allege aided and abetted a predicate act committed against

28  Mattel.

1   As to burden, Mattel has not attempted to demonstrate why responding to

2 this Interrogatory presents any burden.  This objection must therefore be rejected.

3 <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev.

4 1997) ("The party claiming that a discovery request is unduly burdensome must

5 allege specific facts which indicate the nature and extent of the burden, usually by

6 affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

7 noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

8 evidence.

9   This Interrogatory does not seek responses protected by the attorney-client

10 privilege, the attorney work product doctrine, or other applicable privileges.  To the

11 extent that Mattel contends that it does, it does not excuse Mattel from responding

12 with any non-privileged information.  Additionally, to the extent that such

13 privileged material exists, Mattel must provide a privilege log.

14   Mattel objects that the Interrogatory contains confidential and/or proprietary

15 information.  A Protective Order exists in this case, obviating any concern as to

16 protection of privacy rights and/or commercially sensitive information.  Also, this

17 Interrogatory does not seek information violative of any third party's rights of

18 privacy.  The facts, persons, and documents responsive to this Interrogatory are in

19 the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

20 previously has argued, any privacy issues are fully addressed by the Protective

21 Order.

22   In short, Mattel's objections are uniformly without merit and frivolous.  The

23 Discovery Master should order Mattel to provide a substantive response to

24 Interrogatory No. 9 without objection.

25

26 **<u>INTERROGATORY NO. 10</u>:**

27   With respect to the allegation in paragraphs 28 - 43 of the Counterclaims of

28 the TAAC, that the defendants stole a new line of fashion dolls from MATTEL,

state all facts regarding:

    (a)    every RICO predicate act committed through that conduct;

    (b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

    (c)    the injuries to Mattel's business or property proximately caused by those predicate acts;

    (d)    how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

    (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as to "every RICO predicate act committed through that conduct." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

1   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

2   **INTERROGATORY NO. 10 SHOULD BE COMPELLED**:

3        Mattel has refused to provide answers in response to this Interrogatory,

4   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

5   Procedure, "the grounds for objecting to an interrogatory must be stated with

6   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

7   basis for an objection with specificity are routinely rejected in the Central District.

8   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

9   ("general or boilerplate objections such as 'overly burdensome and harassing' are

10  improper – especially when a party fails to submit any evidentiary declarations

11  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

12  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

13  inadequate and tantamount to not making any objection at all").  To the extent that

14  Mattel is relying on its blanket objections, they are not sustainable and do not

15  justify Mattel's failure to respond.

16       Mattel also bases its refusal to respond on two equally unavailing arguments

17  with respect to the counting of interrogatories in an effort to avoid responding to

18  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

19  discovery limitation applies such that each *side* in the litigation may only serve 25

20  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

21  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

22  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

23  Opposition to MGA's Motion to Compel Further Responses dated August 5,

24  2009).  While Mattel continues to assert this meritless objection rather than

25  responding to this interrogatory, Mattel cannot identify a single factual or legal

26  basis to support it.  To the contrary, Judge Larson has made clear that there is a

27  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

28  noted that he has not placed any restrictions on discovery in Phase 2 other than

- 54 -

1   those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

2   (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

3   

4   

5                                                    Molinski Decl., Ex. 8 at 168:23-25 (Order

6   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

7   Master O'Brien noted that

8   

9                                    Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

10  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

11  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

12  LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

13  of three defendants and striking down a local rule that allotted interrogatories on a

14  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

15  Mo. 2000) (the court established a scheduling plan that maintained a distinction

16  between interrogatory limitations by "party" and deposition limitations by "side.").

17  Since this interrogatory was propounded by MGA Entertainment (HK) and they

18  have not propounded more than 25 interrogatories, Mattel's objection should be

19  overruled and Mattel must be ordered to provide a substantive response.

20        To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

21  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

22  example, under Mattel's reasoning all counsel, in a multi-defendant case where

23  each defendant is represented by their own counsel, all defendants' counsel would

24  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

25  Such an irrational result is not the intent of Rule 33, nor the federal discovery

26  statutes.  As noted by Discovery Master O'Brien,

27  

28                                                                              Molinski

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK) LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S INTERROGATORY NOS. 1-11 CV 04-9049 SGL (RNBx)

1   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

2   the right of each party in a litigation to serve written discovery.  That the MGA

3   parties happen to be represented by the same counsel does not alter the analysis.

4   Each party must be allowed to serve 25 interrogatories and Mattel must be

5   compelled to answer them.

6          Mattel's second counting argument is that this interrogatory is impermissibly

7   compound. ███████████████████████████████████████████████

8   ████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████

10  ████████████████████████████████████████  See Molinski Decl., Ex. 13 at 529

11  (Mattel's Motion for Protective Order dated June 29, 2009). ████████████████

12  ████████████████████████████████████████████████████████████

13  ██████████████████████████████████████████████████████████

14  ████████████████████████████████████  See Molinski Decl., Ex. 8 at

15  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

16  contains subparts, it is still considered a single interrogatory when it relates to a

17  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

18  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

19  concerning a 'common theme' should generally be considered a single question.");

20  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

21  WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

22  question regarding a common group of people" not compound (citing 8A Wright et

23  al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

24  R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

25  but a single question . . . even though it may call for an answer containing several

26  separate bits of information, if there is a direct relationship between the various bits

27  of information called for.").

28          This interrogatory seeks a narrative concerning a common theme.  That is, it

1   seeks information concerning Mattel's allegations that the purported theft of a new

2   line of dolls constitutes a predict act for purposes of the RICO claims.  The request

3   is structured to aid Mattel in responding to the interrogatory and seeks only

4   information that a responding party would reasonably expect to receive in response,

5   even if the level of request detail were not included.  Indeed, the basis of the entire

6   interrogatory is to seek information that will ultimately allow MGA to defend

7   against Mattel's RICO allegations and is crucial to that defense.  As such, this

8   interrogatory should be counted as a single interrogatory and Mattel should be

9   ordered to respond.

10          In addition, Mattel's bare assertion that MGA has "purports to require Mattel

11   to summarize all facts on these subjects, despite defendants' own refusals to answer

12   interrogatories with the same or comparable language" is not only unsupported and

13   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

14   respond to the Interrogatories would be unaffected.

15          As to overbreadth, Mattel provides no explanation, let alone the required

16   particularity, as to why this interrogatory is supposedly overly broad, nor can it do

17   so.  This objection is therefore improper.  <u>See</u> Molinski Decl., Ex. 5 at 118 (Order

18   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

19   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

20   Mattel's allegation that defendants stole a new line of fashion dolls from Mattel, as

21   alleged in the Counterclaims of the TAAC.

22          As to burden, Mattel has not attempted to demonstrate why responding to

23   this Interrogatory presents any burden.  This objection must therefore be rejected.

24   <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev.

25   1997) ("The party claiming that a discovery request is unduly burdensome must

26   allege specific facts which indicate the nature and extent of the burden, usually by

27   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

28   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

1    evidence.

2           This Interrogatory does not seek responses protected by the attorney-client

3    privilege, the attorney work product doctrine, or other applicable privileges.  To the

4    extent that Mattel contends that it does, it does not excuse Mattel from responding

5    with any non-privileged information.  Additionally, to the extent that such

6    privileged material exists, Mattel must provide a privilege log.

7           Mattel objects that the Interrogatory contains confidential and/or proprietary

8    information.  A Protective Order exists in this case, obviating any concern as to

9    protection of privacy rights and/or commercially sensitive information.  Also, this

10   Interrogatory does not seek information violative of any third party's rights of

11   privacy.  The facts, persons, and documents responsive to this Interrogatory are in

12   the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

13   previously has argued, any privacy issues are fully addressed by the Protective

14   Order.

15          In short, Mattel's objections are uniformly without merit and frivolous.  The

16   Discovery Master should order Mattel to provide a substantive response to

17   Interrogatory No. 10 without objection.

18

19   **INTERROGATORY NO. 11:**

20          With respect to the allegation in paragraphs 44- 61 of the

21          Counterclaims of the TAAC, that the defendants stole MATTEL trade secrets

22   in Mexico, state all facts regarding:

23          (a)     every RICO predicate act committed through that conduct;

24          (b)     which PERSONS employed by or associated with which RICO

25   enterprises committed those predicate acts;

26          (c)     the injuries to Mattel's business or property proximately caused by

27   those predicate acts;

28          (d)     how MATTEL has calculated or estimated the dollar value of those

injuries (and if it has not, why not); and

(e)     IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts on these subjects.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.  Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as to "every RICO predicate act committed through that conduct."  As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 11 SHOULD BE COMPELLED:**

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.

1   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

2   ("general or boilerplate objections such as 'overly burdensome and harassing' are

3   improper – especially when a party fails to submit any evidentiary declarations

4   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

5   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

6   inadequate and tantamount to not making any objection at all").  To the extent that

7   Mattel is relying on its blanket objections, they are not sustainable and do not

8   justify Mattel's failure to respond.

9          Mattel also bases its refusal to respond on two equally unavailing arguments

10   with respect to the counting of interrogatories in an effort to avoid responding to

11   this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

12   discovery limitation applies such that each *side* in the litigation may only serve 25

13   interrogatories.  This is the same argument that Mattel has made unsuccessfully in

14   the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

15   Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

16   Opposition to MGA's Motion to Compel Further Responses dated August 5,

17   2009).  While Mattel continues to assert this meritless objection rather than

18   responding to this interrogatory, Mattel cannot identify a single factual or legal

19   basis to support it.  To the contrary, Judge Larson has made clear that there is a

20   "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

21   noted that he has not placed any restrictions on discovery in Phase 2 other than

22   those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

23   (Transcript of February 11, 2009 Hearing)).  Indeed, Discovery Master O'Brien has

24   ██████████████████████████████████████████████████

25   ██████████████████████████████████████████████████

26   ██████████████████████████████████   Molinski Decl., Ex. 8 at 168:23-25 (Order

27   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

28   Master O'Brien noted that ████████████████████████████████

1

2      Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

3 14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

4 See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

5 LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

6 of three defendants and striking down a local rule that allotted interrogatories on a

7 "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

8 Mo. 2000) (the court established a scheduling plan that maintained a distinction

9 between interrogatory limitations by "party" and deposition limitations by "side.").

10 Since this interrogatory was propounded by MGA Entertainment (HK) and they

11 have not propounded more than 25 interrogatories, Mattel's objection should be

12 overruled and Mattel must be ordered to provide a substantive response.

13      To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

14 entitled to propound 25 interrogatories, would produce a ludicrous result.  For

15 example, under Mattel's reasoning all counsel, in a multi-defendant case where

16 each defendant is represented by their own counsel, all defendants' counsel would

17 be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

18 Such an irrational result is not the intent of Rule 33, nor the federal discovery

19 statutes.  As noted by Discovery Master O'Brien,

20

21      Molinski

22 Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

23 the right of each party in a litigation to serve written discovery.  That the MGA

24 parties happen to be represented by the same counsel does not alter the analysis.

25 Each party must be allowed to serve 25 interrogatories and Mattel must be

26 compelled to answer them.

27      Mattel's second counting argument is that this interrogatory is impermissibly

28 compound.

1

2

3 ▮▮▮▮▮▮▮▮▮▮▮▮▮ See Molinski Decl., Ex. 13 at 529

4 (Mattel's Motion for Protective Order dated June 29, 2009). ▮▮▮▮▮

5

6

7 ▮▮▮▮▮▮▮▮▮▮▮ See Molinski Decl., Ex. 8 at

8 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

9 contains subparts, it is still considered a single interrogatory when it relates to a

10 common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

11 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

12 concerning a 'common theme' should generally be considered a single question.");

13 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

14 WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

15 question regarding a common group of people" not compound (citing 8A Wright et

16 al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

17 R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

18 but a single question . . . even though it may call for an answer containing several

19 separate bits of information, if there is a direct relationship between the various bits

20 of information called for.").

21      This interrogatory seeks a narrative concerning a common theme.  That is, it

22 seeks information concerning Mattel's allegations that its Mexico trade secrets were

23 stolen and that that act constitutes a RICO violation.  The request is structured to

24 aid Mattel in responding to the interrogatory and seeks only information that a

25 responding party would reasonably expect to receive in response, even if the level

26 of request detail were not included.  Indeed, the basis of the entire interrogatory is

27 to seek information that will ultimately allow MGA to defend against Mattel's

28 RICO allegations and is crucial to that defense.  As such, this interrogatory should

1    be counted as a single interrogatory and Mattel should be ordered to respond.

2         In addition, Mattel's bare assertion that MGA has "purports to require Mattel

3    to summarize all facts on these subjects, despite defendants' own refusals to answer

4    interrogatories with the same or comparable language" is not only unsupported and

5    false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

6    respond to the Interrogatories would be unaffected.

7         As to overbreadth, Mattel provides no explanation, let alone the required

8    particularity, as to why this interrogatory is supposedly overly broad, nor can it do

9    so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

10   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

11   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

12   Mattel's allegation of trade secret theft in Mexico as alleged in the Counterclaims

13   of the TAAC.

14        As to burden, Mattel has not attempted to demonstrate why responding to

15   this Interrogatory presents any burden.  This objection must therefore be rejected.

16   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

17   1997) ("The party claiming that a discovery request is unduly burdensome must

18   allege specific facts which indicate the nature and extent of the burden, usually by

19   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

20   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

21   evidence.

22        This Interrogatory does not seek responses protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, it does not excuse Mattel from responding

25   with any non-privileged information.  Additionally, to the extent that such

26   privileged material exists, Mattel must provide a privilege log.

27        Mattel objects that the Interrogatory contains confidential and/or proprietary

28   information.  A Protective Order exists in this case, obviating any concern as to

1   protection of privacy rights and/or commercially sensitive information.  Also, this

2   Interrogatory does not seek information violative of any third party's rights of

3   privacy.  The facts, persons, and documents responsive to this Interrogatory are in

4   the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

5   previously has argued, any privacy issues are fully addressed by the Protective

6   Order.

7        In short, Mattel's objections are uniformly without merit and frivolous.  The

8   Discovery Master should order Mattel to provide a substantive response to

9   Interrogatory No. 11 without objection.

10

11  **INTERROGATORY NO. 12:**

12       With respect to the allegation in paragraphs 62 — 76 of the Counterclaims of

13  the TAAC, that the defendants hired Ron Brawer to facilitate the theft and use of

14  MATTEL business methods and practices, state all facts regarding:

15       (a)     every RICO predicate act committed through that conduct;

16       (b)     which PERSONS employed by or associated with which RICO

17  enterprises committed those predicate acts;

18       (c)     the injuries to Mattel's business or property proximately caused by

19  those predicate acts;

20       (d)     how MATTEL has calculated or estimated the dollar value of those

21  injuries (and if it has not, why not); and

22       (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of the

23  information requested in this Interrogatory.

24  **RESPONSE TO INTERROGATORY NO. 12:**

25       In addition to the general objections stated above, Mattel specifically objects

26  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

27  including in that it purports to require Mattel to summarize all facts on these

28  subjects, despite defendants' own refusals to answer interrogatories with the same

1  or comparable language and in conflict with the Court's Orders of February 15,

2  2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

3  on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

4  calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Mattel further

6  objects to this Interrogatory on the grounds that it calls for the disclosure of

7  confidential and/or proprietary information, which Mattel will disclose only subject

8  to and in reliance upon the operative protective order.  Mattel further objects to this

9  Interrogatory as compound and seeks to require Mattel to provide separate discrete

10  responses as to "every RICO predicate act committed through that conduct."  As

11  such, the interrogatory is impermissibly compound and causes the total number of

12  interrogatories served during Phase 2 discovery to exceed the limits set by the

13  Federal Rules of Civil Procedure and the Court.

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

15  **INTERROGATORY NO. 12 SHOULD BE COMPELLED**:

16       Mattel has refused to provide answers in response to this Interrogatory,

17  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

18  Procedure, "the grounds for objecting to an interrogatory must be stated with

19  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

20  basis for an objection with specificity are routinely rejected in the Central District.

21  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

22  ("general or boilerplate objections such as 'overly burdensome and harassing' are

23  improper – especially when a party fails to submit any evidentiary declarations

24  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

25  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

26  inadequate and tantamount to not making any objection at all").  To the extent that

27  Mattel is relying on its blanket objections, they are not sustainable and do not

28  justify Mattel's failure to respond.

1    Mattel also bases its refusal to respond on two equally unavailing arguments

2    with respect to the counting of interrogatories in an effort to avoid responding to

3    this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

4    discovery limitation applies such that each *side* in the litigation may only serve 25

5    interrogatories.  This is the same argument that Mattel has made unsuccessfully in

6    the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

7    Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

8    Opposition to MGA's Motion to Compel Further Responses dated August 5,

9    2009).  While Mattel continues to assert this meritless objection rather than

10   responding to this interrogatory, Mattel cannot identify a single factual or legal

11   basis to support it.  To the contrary, Judge Larson has made clear that there is a

12   "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

13   noted that he has not placed any restrictions on discovery in Phase 2 other than

14   those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

15   (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

16   ███████████████████████████████████████████████████

17   ███████████████████████████████████████████████████

18   ████████████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order

19   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

20   Master O'Brien noted that ███████████████████████████████

21   ███████████████████████████████████████████████████

22   ████████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

23   14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

24   See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

25   LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

26   of three defendants and striking down a local rule that allotted interrogatories on a

27   "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

28   Mo. 2000) (the court established a scheduling plan that maintained a distinction

1    between interrogatory limitations by "party" and deposition limitations by "side.").

2    Since this interrogatory was propounded by MGA Entertainment (HK) and they

3    have not propounded more than 25 interrogatories, Mattel's objection should be

4    overruled and Mattel must be ordered to provide a substantive response.

5        To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

6    entitled to propound 25 interrogatories, would produce a ludicrous result.  For

7    example, under Mattel's reasoning all counsel, in a multi-defendant case where

8    each defendant is represented by their own counsel, all defendants' counsel would

9    be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

10   Such an irrational result is not the intent of Rule 33, nor the federal discovery

11   statutes.  As noted by Discovery Master O'Brien, ███████████████████

12   ████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████ Molinski

14   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

15   the right of each party in a litigation to serve written discovery.  That the MGA

16   parties happen to be represented by the same counsel does not alter the analysis.

17   Each party must be allowed to serve 25 interrogatories and Mattel must be

18   compelled to answer them.

19       Mattel's second counting argument is that this interrogatory is impermissibly

20   compound. ████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████

23   █████████████████████████████████ See Molinski Decl., Ex. 13 at 529

24   (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████

25   ████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████

27   ███████████████████████████████ See Molinski Decl., Ex. 8 at

28   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

1    contains subparts, it is still considered a single interrogatory when it relates to a

2    common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

3    Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

4    concerning a 'common theme' should generally be considered a single question.");

5    see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

6    WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

7    question regarding a common group of people" not compound (citing 8A Wright et

8    al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

9    R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

10   but a single question . . . even though it may call for an answer containing several

11   separate bits of information, if there is a direct relationship between the various bits

12   of information called for.").

13        This interrogatory seeks a narrative concerning a common theme.  That is, it

14   seeks information concerning Mattel's claim that the hiring of Ron Brawer

15   constitutes a predicate act for its claims of RICO violations.  The request is

16   structured to aid Mattel in responding to the interrogatory and seeks only

17   information that a responding party would reasonably expect to receive in response,

18   even if the level of request detail were not included.  Indeed, the basis of the entire

19   interrogatory is to seek information that will ultimately allow MGA to defend

20   against Mattel's RICO allegations and is crucial to that defense.  As such, this

21   interrogatory should be counted as a single interrogatory and Mattel should be

22   ordered to respond.

23        In addition, Mattel's bare assertion that MGA has "purports to require Mattel

24   to summarize all facts on these subjects, despite defendants' own refusals to answer

25   interrogatories with the same or comparable language" is not only unsupported and

26   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

27   respond to the Interrogatories would be unaffected.

28        As to overbreadth, Mattel provides no explanation, let alone the required

1  particularity, as to why this interrogatory is supposedly overly broad, nor can it do

2  so.  This objection is therefore improper.  <u>See</u> Molinski Decl., Ex. 5 at 118 (Order

3  No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

4  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

5  Mattel's allegation that defendants hired Ron Brawer to facilitate the theft and use

6  of Mattel business methods and practices, as alleged in the Counterclaims of the

7  TAAC.

8        As to burden, Mattel has not attempted to demonstrate why responding to

9  this Interrogatory presents any burden.  This objection must therefore be rejected.

10  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev.

11  1997) ("The party claiming that a discovery request is unduly burdensome must

12  allege specific facts which indicate the nature and extent of the burden, usually by

13  affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

14  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

15  evidence.

16        This Interrogatory does not seek responses protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges.  To the

18  extent that Mattel contends that it does, it does not excuse Mattel from responding

19  with any non-privileged information.  Additionally, to the extent that such

20  privileged material exists, Mattel must provide a privilege log.

21        Mattel objects that the Interrogatory contains confidential and/or proprietary

22  information.  A Protective Order exists in this case, obviating any concern as to

23  protection of privacy rights and/or commercially sensitive information.  Also, this

24  Interrogatory does not seek information violative of any third party's rights of

25  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

26  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

27  previously has argued, any privacy issues are fully addressed by the Protective

28  Order.

1    In short, Mattel's objections are uniformly without merit and frivolous.  The

2    Discovery Master should order Mattel to provide a substantive response to

3    Interrogatory No. 12 without objection.

4

5    **INTERROGATORY NO. 13:**

6    With respect to the allegation in paragraphs 77 — 87 of the Counterclaims of

7    the TAAC, that the defendants hired Jorge Castilla to obtain trade secret and highly

8    confidential information about Mattel's forecasting and inventory management

9    systems, state all facts regarding:

10    (a)    every RICO predicate act(s) committed through that conduct;

11    (b)    which PERSONS employed by or associated with which RICO

12    enterprises committed those predicate acts;

13    (c)    the injuries to Mattel's business or property proximately caused by

14    those predicate acts;

15    (d)    how MATTEL has calculated or estimated the dollar value of those

16    injuries (and if it has not, why not); and

17    (e) IDENTIFY all PERSONS MATTEL believes have knowledge of the

18    information requested in this Interrogatory.

19    **RESPONSE TO INTERROGATORY NO. 13:**

20    In addition to the general objections stated above, Mattel specifically objects

21    to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

22    including in that it purports to require Mattel to summarize all facts on these

23    subjects, despite defendants' own refusals to answer interrogatories with the same

24    or comparable language and in conflict with the Court's Orders of February 15,

25    2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

26    on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

27    calls for the disclosure of information subject to the attorney-client privilege, the

28    attorney work-product doctrine and other applicable privileges.  Mattel further

- 70 -

1    objects to this Interrogatory on the grounds that it calls for the disclosure of

2    confidential and/or proprietary information, which Mattel will disclose only subject

3    to and in reliance upon the operative protective order.  Mattel further objects to this

4    Interrogatory as compound and seeks to require Mattel to provide separate discrete

5    responses as to "every RICO predicate act committed through that conduct."  As

6    such, the interrogatory is impermissibly compound and causes the total number of

7    interrogatories served during Phase 2 discovery to exceed the limits set by the

8    Federal Rules of Civil Procedure and the Court.

9    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

10   **INTERROGATORY NO. 13 SHOULD BE COMPELLED**:

11       Mattel has refused to provide answers in response to this Interrogatory,

12   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

13   Procedure, "the grounds for objecting to an interrogatory must be stated with

14   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

15   basis for an objection with specificity are routinely rejected in the Central District.

16   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

17   ("general or boilerplate objections such as 'overly burdensome and harassing' are

18   improper – especially when a party fails to submit any evidentiary declarations

19   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

20   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

21   inadequate and tantamount to not making any objection at all").  To the extent that

22   Mattel is relying on its blanket objections, they are not sustainable and do not

23   justify Mattel's failure to respond.

24       Mattel also bases its refusal to respond on two equally unavailing arguments

25   with respect to the counting of interrogatories in an effort to avoid responding to

26   this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

27   discovery limitation applies such that each *side* in the litigation may only serve 25

28   interrogatories.  This is the same argument that Mattel has made unsuccessfully in

the past.  <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August 5, 2009).  While Mattel continues to assert this meritless objection rather than responding to this interrogatory, Mattel cannot identify a single factual or legal basis to support it.  To the contrary, Judge Larson has made clear that there is a "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that he has not placed any restrictions on discovery in Phase 2 other than those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

████████████████████████████████████████████████████████

████████████████████████████████████ Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that ████████████████████████████

████████████████████████████████████ Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is unsurprising as case law also supports this interpretation.  <u>See, e.g.</u>, <u>St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP</u>, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking down a local rule that allotted interrogatories on a "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court established a scheduling plan that maintained a distinction between interrogatory limitations by "party" and deposition limitations by "side.").  Since this interrogatory was propounded by MGA Entertainment (HK) and they have not propounded more than 25 interrogatories, Mattel's objection should be overruled and Mattel must be ordered to provide a substantive response.

To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

1    entitled to propound 25 interrogatories, would produce a ludicrous result.  For

2    example, under Mattel's reasoning all counsel, in a multi-defendant case where

3    each defendant is represented by their own counsel, all defendants' counsel would

4    be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

5    Such an irrational result is not the intent of Rule 33, nor the federal discovery

6    statutes.  As noted by Discovery Master O'Brien, ████████████████████

7    ████████████████████████████████████████████████████

8    ████████████████████████████████████████     Molinski

9    Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

10   the right of each party in a litigation to serve written discovery.  That the MGA

11   parties happen to be represented by the same counsel does not alter the analysis.

12   Each party must be allowed to serve 25 interrogatories and Mattel must be

13   compelled to answer them.

14          Mattel's second counting argument is that this interrogatory is impermissibly

15   compound.  ████████████████████████████████████████

16   ████████████████████████████████████████████████

17   ████████████████████████████████████████████████

18   ████████████████████████████     See Molinski Decl., Ex. 13 at 529

19   (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████

20   ████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████

22   ████████████████████████████     See Molinski Decl., Ex. 8 at

23   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

24   contains subparts, it is still considered a single interrogatory when it relates to a

25   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

26   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

27   concerning a 'common theme' should generally be considered a single question.");

28   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

1   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

2   question regarding a common group of people" not compound (citing 8A Wright et

3   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

4   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

5   but a single question . . . even though it may call for an answer containing several

6   separate bits of information, if there is a direct relationship between the various bits

7   of information called for.").

8         This interrogatory seeks a narrative concerning a common theme.  That is, it

9   seeks information concerning Mattel's claim that the hiring of Jorge Castilla

10  constitutes a predicate act for its claims of RICO violations. The request is

11  structured to aid Mattel in responding to the interrogatory and seeks only

12  information that a responding party would reasonably expect to receive in response,

13  even if the level of request detail were not included.  Indeed, the basis of the entire

14  interrogatory is to seek information that will ultimately allow MGA to defend

15  against Mattel's RICO allegations and is crucial to that defense.  As such, this

16  interrogatory should be counted as a single interrogatory and Mattel should be

17  ordered to respond.

18        In addition, Mattel's bare assertion that MGA has "purports to require Mattel

19  to summarize all facts on these subjects, despite defendants' own refusals to answer

20  interrogatories with the same or comparable language" is not only unsupported and

21  false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

22  respond to the Interrogatories would be unaffected.

23        As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to why this interrogatory is supposedly overly broad, nor can it do

25  so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

26  No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

27  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

28  Mattel's allegation that the defendants hired Jorge Castilla to obtain trade secret and

1   highly confidential information about Mattel's forecasting and inventory

2   management systems..

3       As to burden, Mattel has not attempted to demonstrate why responding to

4   this Interrogatory presents any burden.  This objection must therefore be rejected.

5   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

6   1997) ("The party claiming that a discovery request is unduly burdensome must

7   allege specific facts which indicate the nature and extent of the burden, usually by

8   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

9   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

10  evidence.

11      This Interrogatory does not seek responses protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, it does not excuse Mattel from responding

14  with any non-privileged information.  Additionally, to the extent that such

15  privileged material exists, Mattel must provide a privilege log.

16      Mattel objects that the Interrogatory contains confidential and/or proprietary

17  information.  A Protective Order exists in this case, obviating any concern as to

18  protection of privacy rights and/or commercially sensitive information.  Also, this

19  Interrogatory does not seek information violative of any third party's rights of

20  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

21  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

22  previously has argued, any privacy issues are fully addressed by the Protective

23  Order.

24      In short, Mattel's objections are uniformly without merit and frivolous.  The

25  Discovery Master should order Mattel to provide a substantive response to

26  Interrogatory No. 13 without objection.

27

28

1    **INTERROGATORY NO. 14:**

2        With respect to the allegation in paragraphs 88 — 94 of the Counterclaims of

3    the TAAC, that the defendants hired Janine Brisbois and stole trade secrets of

4    MATTEL in Canada, state all facts regarding:

5        (a) every RICO predicate act committed through that conduct;

6        (b)    which PERSONS employed by or associated with which RICO

7    enterprises committed those predicate acts;

8        (c)    the injuries to Mattel's business or property proximately caused by

9    those predicate acts;

10       (d)    how MATTEL has calculated or estimated the dollar value of those

11   injuries (and if it has not, why not); and

12       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

13   information requested in this Interrogatory.

14   **RESPONSE TO INTERROGATORY NO. 14:**

15       In addition to the general objections stated above, Mattel specifically objects

16   to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

17   including in that it purports to require Mattel to summarize all facts on these

18   subjects, despite defendants' own refusals to answer interrogatories with the same

19   or comparable language and in conflict with the Court's Orders of February 15,

20   2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

21   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

22   calls for the disclosure of information subject to the attorney-client privilege, the

23   attorney work-product doctrine and other applicable privileges.  Mattel further

24   objects to this Interrogatory on the grounds that it calls for the disclosure of

25   confidential and/or proprietary information, which Mattel will disclose only subject

26   to and in reliance upon the operative protective order.  Mattel further objects to this

27   Interrogatory as compound and seeks to require Mattel to provide separate discrete

28   responses as to "every RICO predicate act committed through that conduct."  As

1   such, the interrogatory is impermissibly compound and causes the total number of

2   interrogatories served during Phase 2 discovery to exceed the limits set by the

3   Federal Rules of Civil Procedure and the Court.

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5   **INTERROGATORY NO. 14 SHOULD BE COMPELLED**:

6       Mattel has refused to provide answers in response to this Interrogatory,

7   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

8   Procedure, "the grounds for objecting to an interrogatory must be stated with

9   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

10  basis for an objection with specificity are routinely rejected in the Central District.

11  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

12  ("general or boilerplate objections such as 'overly burdensome and harassing' are

13  improper – especially when a party fails to submit any evidentiary declarations

14  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

15  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

16  inadequate and tantamount to not making any objection at all").  To the extent that

17  Mattel is relying on its blanket objections, they are not sustainable and do not

18  justify Mattel's failure to respond.

19      Mattel also bases its refusal to respond on two equally unavailing arguments

20  with respect to the counting of interrogatories in an effort to avoid responding to

21  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

22  discovery limitation applies such that each *side* in the litigation may only serve 25

23  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

24  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

25  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

26  Opposition to MGA's Motion to Compel Further Responses dated August 5,

27  2009).  While Mattel continues to assert this meritless objection rather than

28  responding to this interrogatory, Mattel cannot identify a single factual or legal

1  basis to support it.  To the contrary, Judge Larson has made clear that there is a

2  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

3  noted that he has not placed any restrictions on discovery in Phase 2 other than

4  those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8

5  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

6  ███████████████████████████████████████████████████████████

7  ███████████████████████████████████████████████████████████

8  ████████████████████████████████ Molinski Decl., Ex. 8 at 168:23-25 (Order

9  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

10  Master O'Brien noted that ██████████████████████████████████████

11  █████████████████████████████████████████████████████████

12  ██████████████████ Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

13  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

14  <u>See, e.g.</u>, <u>St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,</u>

15  <u>LLP</u>, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

16  of three defendants and striking down a local rule that allotted interrogatories on a

17  "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D.

18  Mo. 2000) (the court established a scheduling plan that maintained a distinction

19  between interrogatory limitations by "party" and deposition limitations by "side.").

20  Since this interrogatory was propounded by MGA Entertainment (HK) and they

21  have not propounded more than 25 interrogatories, Mattel's objection should be

22  overruled and Mattel must be ordered to provide a substantive response.

23         To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

24  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

25  example, under Mattel's reasoning all counsel, in a multi-defendant case where

26  each defendant is represented by their own counsel, all defendants' counsel would

27  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

28  Such an irrational result is not the intent of Rule 33, nor the federal discovery

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1   statutes.  As noted by Discovery Master O'Brien, ████████████████

2   ████████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████   Molinski

4   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

5   the right of each party in a litigation to serve written discovery.  That the MGA

6   parties happen to be represented by the same counsel does not alter the analysis.

7   Each party must be allowed to serve 25 interrogatories and Mattel must be

8   compelled to answer them.

9       Mattel's second counting argument is that this interrogatory is impermissibly

10  compound.  ████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████   See Molinski Decl., Ex. 13 at 529

14  (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████

15  ████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████

17  ████████████████████████████████   See Molinski Decl., Ex. 8 at

18  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

19  contains subparts, it is still considered a single interrogatory when it relates to a

20  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

21  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

22  concerning a 'common theme' should generally be considered a single question.");

23  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

24  WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

25  question regarding a common group of people" not compound (citing 8A Wright et

26  al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

27  R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

28  but a single question . . . even though it may call for an answer containing several

1    separate bits of information, if there is a direct relationship between the various bits

2    of information called for.").

3        This interrogatory seeks a narrative concerning a common theme.  That is, it

4    seeks information concerning Mattel's claim that the hiring of Janine Brisbois

5    constitutes a predicate act for its claims of RICO violations. The request is

6    structured to aid Mattel in responding to the interrogatory and seeks only

7    information that a responding party would reasonably expect to receive in response,

8    even if the level of request detail were not included.  Indeed, the basis of the entire

9    interrogatory is to seek information that will ultimately allow MGA to defend

10   against Mattel's RICO allegations and is crucial to that defense.  As such, this

11   interrogatory should be counted as a single interrogatory and Mattel should be

12   ordered to respond.

13       In addition, Mattel's bare assertion that MGA has "purports to require Mattel

14   to summarize all facts on these subjects, despite defendants' own refusals to answer

15   interrogatories with the same or comparable language" is not only unsupported and

16   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

17   respond to the Interrogatories would be unaffected.

18       As to overbreadth, Mattel provides no explanation, let alone the required

19   particularity, as to why this interrogatory is supposedly overly broad, nor can it do

20   so.  This objection is therefore improper.  <u>See</u> Molinski Decl., Ex. 5 at 118 (Order

21   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

22   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

23   Mattel's allegation that the defendants hired Janine Brisbois and stole Mattel trade

24   secrets in Canada.

25       As to burden, Mattel has not attempted to demonstrate why responding to

26   this Interrogatory presents any burden.  This objection must therefore be rejected.

27   <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev.

28   1997) ("The party claiming that a discovery request is unduly burdensome must

1  allege specific facts which indicate the nature and extent of the burden, usually by

2  affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

3  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

4  evidence.

5      This Interrogatory does not seek responses protected by the attorney-client

6  privilege, the attorney work product doctrine, or other applicable privileges.  To the

7  extent that Mattel contends that it does, it does not excuse Mattel from responding

8  with any non-privileged information.  Additionally, to the extent that such

9  privileged material exists, Mattel must provide a privilege log.

10     Mattel objects that the Interrogatory contains confidential and/or proprietary

11 information.  A Protective Order exists in this case, obviating any concern as to

12 protection of privacy rights and/or commercially sensitive information.  Also, this

13 Interrogatory does not seek information violative of any third party's rights of

14 privacy.  The facts, persons, and documents responsive to this Interrogatory are in

15 the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

16 previously has argued, any privacy issues are fully addressed by the Protective

17 Order.

18     In short, Mattel's objections are uniformly without merit and frivolous.  The

19 Discovery Master should order Mattel to provide a substantive response to

20 Interrogatory No. 14 without objection.

21

22 **INTERROGATORY NO. 15:**

23     With respect to the allegation in paragraphs 95 — 96 of the Counterclaims of

24 the TAAC, that MATTEL employees other than Carter Bryant secretly worked on

25 Bratz, state all facts regarding:

26     (a)     every RICO predicate act committed through that conduct;

27     (b)     which PERSONS employed by or associated with which RICO

28 enterprises committed those predicate acts;

1     (c)     the injuries to Mattel's business or property proximately caused by

2     those predicate acts;

3     (d)     how MATTEL has calculated or estimated the dollar value of those

4     injuries (and if it has not, why not);

5     (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of the

6     information requested in this Interrogatory.

7     **RESPONSE TO INTERROGATORY NO. 15:**

8     In addition to the general objections stated above, Mattel specifically objects

9     to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

10    including in that it purports to require Mattel to summarize all facts on these

11    subjects, despite defendants' own refusals to answer interrogatories with the same

12    or comparable language and in conflict with the Court's Orders of February 15,

13    2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

14    on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

15    calls for the disclosure of information subject to the attorney-client privilege, the

16    attorney work-product doctrine and other applicable privileges.  Mattel further

17    objects to this Interrogatory on the grounds that it calls for the disclosure of

18    confidential and/or proprietary information, which Mattel will disclose only subject

19    to and in reliance upon the operative protective order.  Mattel further objects to this

20    Interrogatory as compound and seeks to require Mattel to provide separate discrete

21    responses as to "every RICO predicate act committed through that conduct."  As

22    such, the interrogatory is impermissibly compound and causes the total number of

23    interrogatories served during Phase 2 discovery to exceed the limits set by the

24    Federal Rules of Civil Procedure and the Court.

25    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

26    **INTERROGATORY NO. 15 SHOULD BE COMPELLED**:

27    Mattel has refused to provide answers in response to this Interrogatory,

28    subject to its improper boilerplate objections.  Under the Federal Rules of Civil

1   Procedure, "the grounds for objecting to an interrogatory must be stated with
2   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the
3   basis for an objection with specificity are routinely rejected in the Central District.
4   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
5   ("general or boilerplate objections such as 'overly burdensome and harassing' are
6   improper – especially when a party fails to submit any evidentiary declarations
7   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,
8   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
9   inadequate and tantamount to not making any objection at all").  To the extent that
10  Mattel is relying on its blanket objections, they are not sustainable and do not
11  justify Mattel's failure to respond.

12          Mattel also bases its refusal to respond on two equally unavailing arguments
13  with respect to the counting of interrogatories in an effort to avoid responding to
14  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent
15  discovery limitation applies such that each *side* in the litigation may only serve 25
16  interrogatories.  This is the same argument that Mattel has made unsuccessfully in
17  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective
18  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's
19  Opposition to MGA's Motion to Compel Further Responses dated August 5,
20  2009).  While Mattel continues to assert this meritless objection rather than
21  responding to this interrogatory, Mattel cannot identify a single factual or legal
22  basis to support it.  To the contrary, Judge Larson has made clear that there is a
23  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson
24  noted that he has not placed any restrictions on discovery in Phase 2 other than
25  those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8
26  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

1   [REDACTED] Molinski Decl., Ex. 8 at 168:23-25 (Order

2   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

3   Master O'Brien noted that [REDACTED]

4   

5   [REDACTED] Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

6   14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

7   See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

8   LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

9   of three defendants and striking down a local rule that allotted interrogatories on a

10  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

11  Mo. 2000) (the court established a scheduling plan that maintained a distinction

12  between interrogatory limitations by "party" and deposition limitations by "side.").

13  Since this interrogatory was propounded by MGA Entertainment (HK) and they

14  have not propounded more than 25 interrogatories, Mattel's objection should be

15  overruled and Mattel must be ordered to provide a substantive response.

16      To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

17  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

18  example, under Mattel's reasoning all counsel, in a multi-defendant case where

19  each defendant is represented by their own counsel, all defendants' counsel would

20  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

21  Such an irrational result is not the intent of Rule 33, nor the federal discovery

22  statutes.  As noted by Discovery Master O'Brien, [REDACTED]

23  [REDACTED]

24  [REDACTED] Molinski

25  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

26  the right of each party in a litigation to serve written discovery.  That the MGA

27  parties happen to be represented by the same counsel does not alter the analysis.

28  Each party must be allowed to serve 25 interrogatories and Mattel must be

1    compelled to answer them.

2          Mattel's second counting argument is that this interrogatory is impermissibly

3    compound.

4

5

6                                                                  See Molinski Decl., Ex. 13 at 529

7    (Mattel's Motion for Protective Order dated June 29, 2009).

8

9

10                                                           See Molinski Decl., Ex. 8 at

11   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

12   contains subparts, it is still considered a single interrogatory when it relates to a

13   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

14   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

15   concerning a 'common theme' should generally be considered a single question.");

16   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

17   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

18   question regarding a common group of people" not compound (citing 8A Wright et

19   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

20   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

21   but a single question . . . even though it may call for an answer containing several

22   separate bits of information, if there is a direct relationship between the various bits

23   of information called for.").

24          This interrogatory seeks a narrative concerning a common theme.  That is, it

25   seeks information concerning Mattel's claim that the hiring of Carter Bryant

26   constitutes a predicate act for its claims of RICO violations.  The request is

27   structured to aid Mattel in responding to the interrogatory and seeks only

28   information that a responding party would reasonably expect to receive in response,

- 85 -

even if the level of request detail were not included.  Indeed, the basis of the entire interrogatory is to seek information that will ultimately allow MGA to defend against Mattel's RICO allegations and is crucial to that defense.  As such, this interrogatory should be counted as a single interrogatory and Mattel should be ordered to respond.

In addition, Mattel's bare assertion that MGA has "purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this interrogatory is supposedly overly broad, nor can it do so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning Mattel's allegation that Mattel employees (other than Carter Bryant) secretly worked on Bratz.

As to burden, Mattel has not attempted to demonstrate why responding to this Interrogatory presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the Interrogatory is narrowly tailored to seek only discoverable evidence.

This Interrogatory does not seek responses protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, it does not excuse Mattel from responding

- 86 -

1   with any non-privileged information.  Additionally, to the extent that such

2   privileged material exists, Mattel must provide a privilege log.

3       Mattel objects that the Interrogatory contains confidential and/or proprietary

4   information.  A Protective Order exists in this case, obviating any concern as to

5   protection of privacy rights and/or commercially sensitive information.  Also, this

6   Interrogatory does not seek information violative of any third party's rights of

7   privacy.  The facts, persons, and documents responsive to this Interrogatory are in

8   the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

9   previously has argued, any privacy issues are fully addressed by the Protective

10  Order.

11      In short, Mattel's objections are uniformly without merit and frivolous.  The

12  Discovery Master should order Mattel to provide a substantive response to

13  Interrogatory No. 15 without objection.

14

15  ## INTERROGATORY NO. 16:

16      With respect to the allegation in paragraph 97 of the Counterclaims of the

17  TAAC, that MATTEL employees were paid in cash, using false names and false

18  social security numbers while working for MGA, state all facts regarding:

19      (a)    every RICO predicate act committed through that conduct;

20      (b)    which PERSONS employed by or associated with which RICO

21  enterprises committed those predicate acts;

22      (c)    the injuries to Mattel's business or property proximately caused by

23  those predicate acts;

24      (d)    how MATTEL has calculated or estimated the dollar value of every

25  direct, concrete injury to Mattel's business or property which was proximately

26  caused by those predicate acts (and if it has not, why not); and

27      (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

28  information requested in this Interrogatory.

1  **RESPONSE TO INTERROGATORY NO. 16:**

2          In addition to the general objections stated above, Mattel specifically objects

3  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

4  including in that it purports to require Mattel to summarize all facts on these

5  subjects, despite defendants' own refusals to answer interrogatories with the same

6  or comparable language and in conflict with the Court's Orders of February 15,

7  2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

8  on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

9  calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects to this Interrogatory on the grounds that it calls for the disclosure of

12  confidential and/or proprietary information, which Mattel will disclose only subject

13  to and in reliance upon the operative protective order.  Mattel further objects to this

14  Interrogatory as compound and seeks to require Mattel to provide separate discrete

15  responses as to "every RICO predicate act committed through that conduct."  As

16  such, the interrogatory is impermissibly compound and causes the total number of

17  interrogatories served during Phase 2 discovery to exceed the limits set by the

18  Federal Rules of Civil Procedure and the Court.

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

20  **INTERROGATORY NO. 16 SHOULD BE COMPELLED**:

21          Mattel has refused to provide answers in response to this Interrogatory,

22  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

23  Procedure, "the grounds for objecting to an interrogatory must be stated with

24  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

25  basis for an objection with specificity are routinely rejected in the Central District.

26  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

27  ("general or boilerplate objections such as 'overly burdensome and harassing' are

28  improper – especially when a party fails to submit any evidentiary declarations

1   supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>,

2   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

3   inadequate and tantamount to not making any objection at all").  To the extent that

4   Mattel is relying on its blanket objections, they are not sustainable and do not

5   justify Mattel's failure to respond.

6          Mattel also bases its refusal to respond on two equally unavailing arguments

7   with respect to the counting of interrogatories in an effort to avoid responding to

8   this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

9   discovery limitation applies such that each *side* in the litigation may only serve 25

10  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

11  the past.  <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

12  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

13  Opposition to MGA's Motion to Compel Further Responses dated August 5,

14  2009).  While Mattel continues to assert this meritless objection rather than

15  responding to this interrogatory, Mattel cannot identify a single factual or legal

16  basis to support it.  To the contrary, Judge Larson has made clear that there is a

17  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

18  noted that he has not placed any restrictions on discovery in Phase 2 other than

19  those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8

20  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

21  ███████████████████████████████████████████████████████

22  ███████████████████████████████████████████████████████

23  ████████████████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order

24  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

25  Master O'Brien noted that ███████████████████████████████████████████

26  ███████████████████████████████████████████████████████

27  ██████████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

28  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

1   See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

2   LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

3   of three defendants and striking down a local rule that allotted interrogatories on a

4   "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

5   Mo. 2000) (the court established a scheduling plan that maintained a distinction

6   between interrogatory limitations by "party" and deposition limitations by "side.").

7   Since this interrogatory was propounded by MGA Entertainment (HK) and they

8   have not propounded more than 25 interrogatories, Mattel's objection should be

9   overruled and Mattel must be ordered to provide a substantive response.

10        To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

11  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

12  example, under Mattel's reasoning all counsel, in a multi-defendant case where

13  each defendant is represented by their own counsel, all defendants' counsel would

14  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

15  Such an irrational result is not the intent of Rule 33, nor the federal discovery

16  statutes.  As noted by Discovery Master O'Brien, ███████████████

17  ████████████████████████████████████████

18  ████████████████████████████████          Molinski

19  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

20  the right of each party in a litigation to serve written discovery.  That the MGA

21  parties happen to be represented by the same counsel does not alter the analysis.

22  Each party must be allowed to serve 25 interrogatories and Mattel must be

23  compelled to answer them.

24        Mattel's second counting argument is that this interrogatory is impermissibly

25  compound. ████████████████████████████████

26  ████████████████████████████████████████

27  ████████████████████████████████████

28                                        See Molinski Decl., Ex. 13 at 529

1   (Mattel's Motion for Protective Order dated June 29, 2009).

2

3

4                                                       See Molinski Decl., Ex. 8 at

5   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

6   contains subparts, it is still considered a single interrogatory when it relates to a

7   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

8   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

9   concerning a 'common theme' should generally be considered a single question.");

10  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

11  WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

12  question regarding a common group of people" not compound (citing 8A Wright et

13  al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

14  R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

15  but a single question . . . even though it may call for an answer containing several

16  separate bits of information, if there is a direct relationship between the various bits

17  of information called for.").

18       This interrogatory seeks a narrative concerning a common theme.  That is, it

19  seeks information concerning Mattel's claim that Mattel employees were paid in

20  cash while working at MGA and how that, if true, constitutes a RICO violation.

21  The request is structured to aid Mattel in responding to the interrogatory and seeks

22  only information that a responding party would reasonably expect to receive in

23  response, even if the level of request detail were not included.  Indeed, the basis of

24  the entire interrogatory is to seek information that will ultimately allow MGA to

25  defend against Mattel's RICO allegations and is crucial to that defense.  As such,

26  this interrogatory should be counted as a single interrogatory and Mattel should be

27  ordered to respond.

28       In addition, Mattel's bare assertion that MGA has "purports to require Mattel

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1    to summarize all facts on these subjects, despite defendants' own refusals to answer

2    interrogatories with the same or comparable language" is not only unsupported and

3    false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

4    respond to the Interrogatories would be unaffected.

5         As to overbreadth, Mattel provides no explanation, let alone the required

6    particularity, as to why this interrogatory is supposedly overly broad, nor can it do

7    so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

8    No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

9    To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

10   Mattel's allegation that Mattel employees were paid in cash, using false names and

11   false social security numbers while working for MGA.

12        As to burden, Mattel has not attempted to demonstrate why responding to

13   this Interrogatory presents any burden.  This objection must therefore be rejected.

14   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

15   1997) ("The party claiming that a discovery request is unduly burdensome must

16   allege specific facts which indicate the nature and extent of the burden, usually by

17   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

18   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

19   evidence.

20        This Interrogatory does not seek responses protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, it does not excuse Mattel from responding

23   with any non-privileged information.  Additionally, to the extent that such

24   privileged material exists, Mattel must provide a privilege log.

25        Mattel objects that the Interrogatory contains confidential and/or proprietary

26   information.  A Protective Order exists in this case, obviating any concern as to

27   protection of privacy rights and/or commercially sensitive information.  Also, this

28   Interrogatory does not seek information violative of any third party's rights of

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORIES NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBX)

1   privacy.  The facts, persons, and documents responsive to this Interrogatory are in

2   the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

3   previously has argued, any privacy issues are fully addressed by the Protective

4   Order.

5          In short, Mattel's objections are uniformly without merit and frivolous.  The

6   Discovery Master should order Mattel to provide a substantive response to

7   Interrogatory No. 16 without objection.

8

9   **INTERROGATORY NO. 17**:

10         With respect to the allegation in paragraph 98 of the Counterclaims of the

11  TAAC, that MGA has hired other MATTEL employees or induced them to secretly

12  work for MGA while they were employed by MATTEL, and persuaded them to

13  misappropriate MATTEL trade secrets, state all facts regarding:

14         (a)     IDENTIFY those other MATTEL employees;

15         (b)     the dates each ended employment at MATTEL, the date each began

16  employment at MGA, and the period during which each secretly worked for MGA

17  while still employed by MATTEL;

18         (c)     every RICO predicate act committed through that conduct;

19         (d)     which PERSONS employed by or associated with which RICO

20  enterprises committed those predicate acts;

21         (e)     the injuries to Mattel's business or property proximately caused by

22  those predicate acts;

23         (f)     how MATTEL has calculated or estimated the dollar value of those

24  injuries (and if it has not, why not); and

25         (g) IDENTIFY all PERSONS MATTEL believes have knowledge of the

26  information requested in this Interrogatory.

27  **RESPONSE TO INTERROGATORY NO. 17**:

28         In addition to the general objections stated above, Mattel specifically objects

1    to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

2    including in that it purports to require Mattel to summarize all facts on these

3    subjects, despite defendants' own refusals to answer interrogatories with the same

4    or comparable language and in conflict with the Court's Orders of February 15,

5    2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

6    on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

7    calls for the disclosure of information subject to the attorney-client privilege, the

8    attorney work-product doctrine and other applicable privileges.  Mattel further

9    objects to this Interrogatory on the grounds that it calls for the disclosure of

10   confidential and/or proprietary information, which Mattel will disclose only subject

11   to and in reliance upon the operative protective order.  Mattel further objects to this

12   Interrogatory as compound and seeks to require Mattel to provide separate discrete

13   responses as to "every RICO predicate act committed through that conduct."  As

14   such, the interrogatory is impermissibly compound and causes the total number of

15   interrogatories served during Phase 2 discovery to exceed the limits set by the

16   Federal Rules of Civil Procedure and the Court.

17   **<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>**

18   **<u>INTERROGATORY NO. 17 SHOULD BE COMPELLED</u>**:

19          Mattel has refused to provide answers in response to this Interrogatory,

20   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

21   Procedure, "the grounds for objecting to an interrogatory must be stated with

22   specificity."  Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

23   basis for an objection with specificity are routinely rejected in the Central District.

24   See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

25   ("general or boilerplate objections such as 'overly burdensome and harassing' are

26   improper – especially when a party fails to submit any evidentiary declarations

27   supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>,

28   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

1   inadequate and tantamount to not making any objection at all").  To the extent that

2   Mattel is relying on its blanket objections, they are not sustainable and do not

3   justify Mattel's failure to respond.

4         Mattel also bases its refusal to respond on two equally unavailing arguments

5   with respect to the counting of interrogatories in an effort to avoid responding to

6   this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

7   discovery limitation applies such that each *side* in the litigation may only serve 25

8   interrogatories.  This is the same argument that Mattel has made unsuccessfully in

9   the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

10  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

11  Opposition to MGA's Motion to Compel Further Responses dated August 5,

12  2009).  While Mattel continues to assert this meritless objection rather than

13  responding to this interrogatory, Mattel cannot identify a single factual or legal

14  basis to support it.  To the contrary, Judge Larson has made clear that there is a

15  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

16  noted that he has not placed any restrictions on discovery in Phase 2 other than

17  those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

18  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

19  

20  

21                                          Molinski Decl., Ex. 8 at 168:23-25 (Order

22  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

23  Master O'Brien noted that

24  

25                                  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

26  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

27  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

28  LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

- 95 -

of three defendants and striking down a local rule that allotted interrogatories on a "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court established a scheduling plan that maintained a distinction between interrogatory limitations by "party" and deposition limitations by "side."). Since this interrogatory was propounded by MGA Entertainment (HK) and they have not propounded more than 25 interrogatories, Mattel's objection should be overruled and Mattel must be ordered to provide a substantive response.

To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only entitled to propound 25 interrogatories, would produce a ludicrous result. For example, under Mattel's reasoning all counsel, in a multi-defendant case where each defendant is represented by their own counsel, all defendants' counsel would be forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As noted by Discovery Master O'Brien, ██████████████

██████████████████████████████ Molinski Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of each party in a litigation to serve written discovery. That the MGA parties happen to be represented by the same counsel does not alter the analysis. Each party must be allowed to serve 25 interrogatories and Mattel must be compelled to answer them.

Mattel's second counting argument is that this interrogatory is impermissibly compound. ██████████████████████

██████████████████████████████

██████████████████████████████

██████████████████ <u>See</u> Molinski Decl., Ex. 13 at 529 (Mattel's Motion for Protective Order dated June 29, 2009). ██████

██████████████████████████████

MGA's Statement Iso Mtc Further Responses To MGA (HK)
Ltd.'s Interrogatory Nos. 1-25 And MGAE Mexico's
Interrogatory Nos. 1-11
CV 04-9049 SGL (RNBx)

1

2                                                                    <u>See</u> Molinski Decl., Ex. 8 at

3    171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

4    contains subparts, it is still considered a single interrogatory when it relates to a

5    common theme.  <u>See</u> <u>Swackhammer v. Sprint Corp.</u> PCS, 225 F.R.D. 658, 664 (D.

6    Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

7    concerning a 'common theme' should generally be considered a single question.");

8    <u>see also</u> <u>Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh</u>, 2005

9    WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

10   question regarding a common group of people" not compound (citing 8A Wright et

11   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); <u>Clark v. Burlington Northern</u>

12   <u>R.R.</u>, 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

13   but a single question . . . even though it may call for an answer containing several

14   separate bits of information, if there is a direct relationship between the various bits

15   of information called for.").

16          This interrogatory seeks a narrative concerning a common theme.  That is, it

17   seeks information concerning Mattel's claim that MGA hired Mattel employees or

18   induced them to secretly work for MGA while they were employed by Mattel, or

19   persuaded them to misappropriate Mattel trade secrets and how that, if true, that

20   constitutes a RICO violation.  The request is structured to aid Mattel in responding

21   to the interrogatory and seeks only information that a responding party would

22   reasonably expect to receive in response, even if the level of request detail were not

23   included.  Indeed, the basis of the entire interrogatory is to seek information that

24   will ultimately allow MGA to defend against Mattel's RICO allegations and is

25   crucial to that defense.  As such, this interrogatory should be counted as a single

26   interrogatory and Mattel should be ordered to respond.

27          In addition, Mattel's bare assertion that MGA has "purports to require Mattel

28   to summarize all facts on these subjects, despite defendants' own refusals to answer

1   interrogatories with the same or comparable language" is not only unsupported and

2   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

3   respond to the Interrogatories would be unaffected.

4         As to overbreadth, Mattel provides no explanation, let alone the required

5   particularity, as to why this interrogatory is supposedly overly broad, nor can it do

6   so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

7   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

8   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

9   Mattel's allegation that MGA hired Mattel employees or induced them to secretly

10  work for MGA while employed by Mattel and persuaded them to misappropriate

11  Mattel trade secrets.

12        As to burden, Mattel has not attempted to demonstrate why responding to

13  this Interrogatory presents any burden.  This objection must therefore be rejected.

14  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

15  1997) ("The party claiming that a discovery request is unduly burdensome must

16  allege specific facts which indicate the nature and extent of the burden, usually by

17  affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

18  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

19  evidence.

20        This Interrogatory does not seek responses protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges.  To the

22  extent that Mattel contends that it does, it does not excuse Mattel from responding

23  with any non-privileged information.  Additionally, to the extent that such

24  privileged material exists, Mattel must provide a privilege log.

25        Mattel objects that the Interrogatory contains confidential and/or proprietary

26  information.  A Protective Order exists in this case, obviating any concern as to

27  protection of privacy rights and/or commercially sensitive information.  Also, this

28  Interrogatory does not seek information violative of any third party's rights of

1  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

2  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

3  previously has argued, any privacy issues are fully addressed by the Protective

4  Order.

5         In short, Mattel's objections are uniformly without merit and frivolous.  The

6  Discovery Master should order Mattel to provide a substantive response to

7  Interrogatory No. 17 without objection.

8

9  **INTERROGATORY NO. 18:**

10        With respect to the allegation in paragraphs 99 — 102 of the Counterclaims

11  of the TAAC, that Isaac Larian made misrepresentations to retailers and in press

12  releases and in the market place, state all facts regarding:

13        (a)      every RICO predicate act committed through that conduct;

14        (b)      the RICO enterprises that Mr. Larian was employed by or associated

15  with when he committed those predicate acts;

16        (c)      the injuries to Mattel's business or property proximately caused by

17  those predicate acts;

18        (d)      how MATTEL has calculated or estimated the dollar value of those

19  injuries (and if it has not, why not); and

20        (e)      IDENTIFY all PERSONS MATTEL believes have knowledge of the

21  information requested in this Interrogatory.

22  **RESPONSE TO INTERROGATORY NO. 18:**

23        In addition to the general objections stated above, Mattel specifically objects

24  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

25  including in that it purports to require Mattel to summarize all facts on these

26  subjects, despite defendants' own refusals to answer interrogatories with the same

27  or comparable language and in conflict with the Court's Orders of February 15,

28  2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

1   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

2   calls for the disclosure of information subject to the attorney-client privilege, the

3   attorney work-product doctrine and other applicable privileges.  Mattel further

4   objects to this Interrogatory on the grounds that it calls for the disclosure of

5   confidential and/or proprietary information, which Mattel will disclose only subject

6   to and in reliance upon the operative protective order.  Mattel further objects to this

7   Interrogatory as compound and seeks to require Mattel to provide separate discrete

8   responses as to "every RICO predicate act committed through that conduct."  As

9   such, the interrogatory is impermissibly compound and causes the total number of

10  interrogatories served during Phase 2 discovery to exceed the limits set by the

11  Federal Rules of Civil Procedure and the Court.

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

13  **INTERROGATORY NO. 18 SHOULD BE COMPELLED**:

14          Mattel has refused to provide answers in response to this Interrogatory,

15  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

16  Procedure, "the grounds for objecting to an interrogatory must be stated with

17  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

18  basis for an objection with specificity are routinely rejected in the Central District.

19  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

20  ("general or boilerplate objections such as 'overly burdensome and harassing' are

21  improper – especially when a party fails to submit any evidentiary declarations

22  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

23  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

24  inadequate and tantamount to not making any objection at all").  To the extent that

25  Mattel is relying on its blanket objections, they are not sustainable and do not

26  justify Mattel's failure to respond.

27          Mattel also bases its refusal to respond on two equally unavailing arguments

28  with respect to the counting of interrogatories in an effort to avoid responding to

1  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

2  discovery limitation applies such that each *side* in the litigation may only serve 25

3  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

4  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

5  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

6  Opposition to MGA's Motion to Compel Further Responses dated August 5,

7  2009).  While Mattel continues to assert this meritless objection rather than

8  responding to this interrogatory, Mattel cannot identify a single factual or legal

9  basis to support it.  To the contrary, Judge Larson has made clear that there is a

10  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

11  noted that he has not placed any restrictions on discovery in Phase 2 other than

12  those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

13  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

14  ████████████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████

16  ████████████████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order

17  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

18  Master O'Brien noted that ████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████

20  ████████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

21  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

22  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

23  LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

24  of three defendants and striking down a local rule that allotted interrogatories on a

25  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

26  Mo. 2000) (the court established a scheduling plan that maintained a distinction

27  between interrogatory limitations by "party" and deposition limitations by "side.").

28  Since this interrogatory was propounded by MGA Entertainment (HK) and they

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1   have not propounded more than 25 interrogatories, Mattel's objection should be

2   overruled and Mattel must be ordered to provide a substantive response.

3           To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

4   entitled to propound 25 interrogatories, would produce a ludicrous result.  For

5   example, under Mattel's reasoning all counsel, in a multi-defendant case where

6   each defendant is represented by their own counsel, all defendants' counsel would

7   be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

8   Such an irrational result is not the intent of Rule 33, nor the federal discovery

9   statutes.  As noted by Discovery Master O'Brien, ██████████████████████

10  █████████████████████████████████████████████████████████████████

11  ██████████████████████████████████████████████████           Molinski

12  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

13  the right of each party in a litigation to serve written discovery.  That the MGA

14  parties happen to be represented by the same counsel does not alter the analysis.

15  Each party must be allowed to serve 25 interrogatories and Mattel must be

16  compelled to answer them.

17          Mattel's second counting argument is that this interrogatory is impermissibly

18  compound.  ████████████████████████████████████████████████████

19  █████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████

21  █████████████████████████████████           See Molinski Decl., Ex. 13 at 529

22  (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████

23  █████████████████████████████████████████████████████████████████

24  █████████████████████████████████████████████████████████████████

25  ████████████████████████████████████████           See Molinski Decl., Ex. 8 at

26  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

27  contains subparts, it is still considered a single interrogatory when it relates to a

28  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question."); see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question regarding a common group of people" not compound (citing 8A Wright et al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single question . . . even though it may call for an answer containing several separate bits of information, if there is a direct relationship between the various bits of information called for.").

This interrogatory seeks a narrative concerning a common theme. That is, it seeks information concerning Mattel's claim that Larian made false statements or representations to the press and how, if true, that constitutes a RICO violation. The request is structured to aid Mattel in responding to the interrogatory and seeks only information that a responding party would reasonably expect to receive in response, even if the level of request detail were not included. Indeed, the basis of the entire interrogatory is to seek information that will ultimately allow MGA to defend against Mattel's RICO allegations and is crucial to that defense. As such, this interrogatory should be counted as a single interrogatory and Mattel should be ordered to respond.

In addition, Mattel's bare assertion that MGA has "purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this interrogatory is supposedly overly broad, nor can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118 (Order

1    No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

2    To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

3    Mattel's allegation that Isaac Larian made misrepresentations to retailers and in

4    press releases and in the market place.

5          As to burden, Mattel has not attempted to demonstrate why responding to

6    this Interrogatory presents any burden.  This objection must therefore be rejected.

7    See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

8    1997) ("The party claiming that a discovery request is unduly burdensome must

9    allege specific facts which indicate the nature and extent of the burden, usually by

10   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

11   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

12   evidence.

13         This Interrogatory does not seek responses protected by the attorney-client

14   privilege, the attorney work product doctrine, or other applicable privileges.  To the

15   extent that Mattel contends that it does, it does not excuse Mattel from responding

16   with any non-privileged information.  Additionally, to the extent that such

17   privileged material exists, Mattel must provide a privilege log.

18         Mattel objects that the Interrogatory contains confidential and/or proprietary

19   information.  A Protective Order exists in this case, obviating any concern as to

20   protection of privacy rights and/or commercially sensitive information.  Also, this

21   Interrogatory does not seek information violative of any third party's rights of

22   privacy.  The facts, persons, and documents responsive to this Interrogatory are in

23   the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

24   previously has argued, any privacy issues are fully addressed by the Protective

25   Order.

26         In short, Mattel's objections are uniformly without merit and frivolous.  The

27   Discovery Master should order Mattel to provide a substantive response to

28   Interrogatory No.18 without objection.

**INTERROGATORY NO. 19:**

With respect to the allegation in paragraphs 103 — 104 of the Counterclaims of the TAAC, regarding destruction of documents, perjury, conspiracy to commit perjury, and obstruction of justice, state all facts regarding:

(a)     every RICO predicate act committed through that conduct;

(b)     which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)     the injuries to Mattel's business or property proximately caused by those predicate acts;

(d)     how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

(e)     IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts on these subjects.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.  Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as to "every RICO predicate act committed through that conduct."  As

1  such, the interrogatory is impermissibly compound and causes the total number of

2  interrogatories served during Phase 2 discovery to exceed the limits set by the

3  Federal Rules of Civil Procedure and the Court.

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5  **INTERROGATORY NO. 19 SHOULD BE COMPELLED**:

6        Mattel has refused to provide answers in response to this Interrogatory,

7  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

8  Procedure, "the grounds for objecting to an interrogatory must be stated with

9  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

10  basis for an objection with specificity are routinely rejected in the Central District.

11  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

12  ("general or boilerplate objections such as 'overly burdensome and harassing' are

13  improper – especially when a party fails to submit any evidentiary declarations

14  supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>,

15  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

16  inadequate and tantamount to not making any objection at all").  To the extent that

17  Mattel is relying on its blanket objections, they are not sustainable and do not

18  justify Mattel's failure to respond.

19        Mattel also bases its refusal to respond on two equally unavailing arguments

20  with respect to the counting of interrogatories in an effort to avoid responding to

21  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

22  discovery limitation applies such that each *side* in the litigation may only serve 25

23  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

24  the past.  <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

25  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

26  Opposition to MGA's Motion to Compel Further Responses dated August 5,

27  2009).  While Mattel continues to assert this meritless objection rather than

28  responding to this interrogatory, Mattel cannot identify a single factual or legal

1   basis to support it.  To the contrary, Judge Larson has made clear that there is a

2   "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

3   noted that he has not placed any restrictions on discovery in Phase 2 other than

4   those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8

5   (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

6   

7   

8                                                      Molinski Decl., Ex. 8 at 168:23-25 (Order

9   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

10  Master O'Brien noted that

11  

12                                 Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

13  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

14  <u>See, e.g.</u>, <u>St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,</u>

15  <u>LLP</u>, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

16  of three defendants and striking down a local rule that allotted interrogatories on a

17  "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D.

18  Mo. 2000) (the court established a scheduling plan that maintained a distinction

19  between interrogatory limitations by "party" and deposition limitations by "side.").

20  Since this interrogatory was propounded by MGA Entertainment (HK) and they

21  have not propounded more than 25 interrogatories, Mattel's objection should be

22  overruled and Mattel must be ordered to provide a substantive response.

23          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

24  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

25  example, under Mattel's reasoning all counsel, in a multi-defendant case where

26  each defendant is represented by their own counsel, all defendants' counsel would

27  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

28  Such an irrational result is not the intent of Rule 33, nor the federal discovery

MGA's Statement Iso Mtc Further Responses To MGA (HK)
Ltd.'s Interrogatory Nos. 1-25 And MGAE Mexico's
Interrogatory Nos. 1-11
CV 04-9049 SGL (RNBx)

1     statutes.  As noted by Discovery Master O'Brien, ███████████████

2 ████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████ Molinski

4 Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

5 the right of each party in a litigation to serve written discovery.  That the MGA

6 parties happen to be represented by the same counsel does not alter the analysis.

7 Each party must be allowed to serve 25 interrogatories and Mattel must be

8 compelled to answer them.

9       Mattel's second counting argument is that this interrogatory is impermissibly

10 compound. ██████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ████████████████████████████████████ See Molinski Decl., Ex. 13 at 529

14 (Mattel's Motion for Protective Order dated June 29, 2009). ████████████████

15 ████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████

17 ████████████████████████████ See Molinski Decl., Ex. 8 at

18 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

19 contains subparts, it is still considered a single interrogatory when it relates to a

20 common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

21 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

22 concerning a 'common theme' should generally be considered a single question.");

23 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

24 WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

25 question regarding a common group of people" not compound (citing 8A Wright et

26 al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

27 R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

28 but a single question . . . even though it may call for an answer containing several

1  separate bits of information, if there is a direct relationship between the various bits

2  of information called for.").

3      This interrogatory seeks a narrative concerning a common theme.  hat is, it

4  seeks information concerning specific allegations in Mattel's TAAC and how, if

5  true, those allegations constitute a RICO violation.  The request is structured to aid

6  Mattel in responding to the interrogatory and seeks only information that a

7  responding party would reasonably expect to receive in response, even if the level

8  of request detail were not included.  Indeed, the basis of the entire interrogatory is

9  to seek information that will ultimately allow MGA to defend against Mattel's

10  RICO allegations and is crucial to that defense.  As such, this interrogatory should

11  be counted as a single interrogatory and Mattel should be ordered to respond.

12      In addition, Mattel's bare assertion that MGA has "purports to require Mattel

13  to summarize all facts on these subjects, despite defendants' own refusals to answer

14  interrogatories with the same or comparable language" is not only unsupported and

15  false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

16  respond to the Interrogatories would be unaffected.

17      As to overbreadth, Mattel provides no explanation, let alone the required

18  particularity, as to why this interrogatory is supposedly overly broad, nor can it do

19  so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

20  No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

21  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

22  Mattel's allegation set forth in the Counterclaims of the TAAC pertaining to its

23  obstruction of justice claim.

24      As to burden, Mattel has not attempted to demonstrate why responding to

25  this Interrogatory presents any burden.  This objection must therefore be rejected.

26  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

27  1997) ("The party claiming that a discovery request is unduly burdensome must

28  allege specific facts which indicate the nature and extent of the burden, usually by

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK) LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S INTERROGATORY NOS. 1-11 CV 04-9049 SGL (RNBx)

affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the Interrogatory is narrowly tailored to seek only discoverable evidence.

This Interrogatory does not seek responses protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, it does not excuse Mattel from responding with any non-privileged information.  Additionally, to the extent that such privileged material exists, Mattel must provide a privilege log.

Mattel objects that the Interrogatory contains confidential and/or proprietary information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.  Also, this Interrogatory does not seek information violative of any third party's rights of privacy.  The facts, persons, and documents responsive to this Interrogatory are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Interrogatory No. 19 without objection.

## INTERROGATORY NO. 20:

With respect to the allegation in paragraphs 108 — 112 and 120 of the Counterclaims of the TAAC, that Isaac Larian and MGA created various shell and off-shore entities to either transfer or assist in the transfer of proceeds generated by unlawful conduct and criminal enterprises, state all facts regarding:

(a)    every RICO predicate act committed through that conduct;

(b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

1      (c)     the injuries to Mattel's business or property proximately caused by

2    those predicate acts;

3      (d)     how MATTEL has calculated or estimated the dollar value of those

4    injuries (and if it has not, why not); and

5      (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of the

6    information requested in this Interrogatory.

7    **RESPONSE TO INTERROGATORY NO. 20:**

8      In addition to the general objections stated above, Mattel specifically objects

9    to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

10   including in that it purports to require Mattel to summarize all facts on these

11   subjects, despite defendants' own refusals to answer interrogatories with the same

12   or comparable language and in conflict with the Court's Orders of February 15,

13   2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

14   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

15   calls for the disclosure of information subject to the attorney-client privilege, the

16   attorney work-product doctrine and other applicable privileges.  Mattel further

17   objects to this Interrogatory on the grounds that it calls for the disclosure of

18   confidential and/or proprietary information, which Mattel will disclose only subject

19   to and in reliance upon the operative protective order.  Mattel further objects to this

20   Interrogatory as compound and seeks to require Mattel to provide separate discrete

21   responses as to "every RICO predicate act committed through that conduct."  As

22   such, the interrogatory is impermissibly compound and causes the total number of

23   interrogatories served during Phase 2 discovery to exceed the limits set by the

24   Federal Rules of Civil Procedure and the Court.

25   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

26   **INTERROGATORY NO. 20 SHOULD BE COMPELLED**:

27     Mattel has refused to provide answers in response to this Interrogatory,

28   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1   Procedure, "the grounds for objecting to an interrogatory must be stated with
2   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the
3   basis for an objection with specificity are routinely rejected in the Central District.
4   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
5   ("general or boilerplate objections such as 'overly burdensome and harassing' are
6   improper – especially when a party fails to submit any evidentiary declarations
7   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,
8   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
9   inadequate and tantamount to not making any objection at all").  To the extent that
10  Mattel is relying on its blanket objections, they are not sustainable and do not
11  justify Mattel's failure to respond.

12         Mattel also bases its refusal to respond on two equally unavailing arguments
13  with respect to the counting of interrogatories in an effort to avoid responding to
14  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent
15  discovery limitation applies such that each *side* in the litigation may only serve 25
16  interrogatories.  This is the same argument that Mattel has made unsuccessfully in
17  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective
18  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's
19  Opposition to MGA's Motion to Compel Further Responses dated August 5,
20  2009).  While Mattel continues to assert this meritless objection rather than
21  responding to this interrogatory, Mattel cannot identify a single factual or legal
22  basis to support it.  To the contrary, Judge Larson has made clear that there is a
23  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson
24  noted that he has not placed any restrictions on discovery in Phase 2 other than
25  those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8
26  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

27  ███████████████████████████████████████
28  ███████████████████████████████████████

1  ███████████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order

2  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

3  Master O'Brien noted that ██████████████████████████████████████████

4  ████████████████████████████████████████████████████████████████████

5  ████████████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

6  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

7  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

8  LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

9  of three defendants and striking down a local rule that allotted interrogatories on a

10  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

11  Mo. 2000) (the court established a scheduling plan that maintained a distinction

12  between interrogatory limitations by "party" and deposition limitations by "side.").

13  Since this interrogatory was propounded by MGA Entertainment (HK) and they

14  have not propounded more than 25 interrogatories, Mattel's objection should be

15  overruled and Mattel must be ordered to provide a substantive response.

16      To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

17  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

18  example, under Mattel's reasoning all counsel, in a multi-defendant case where

19  each defendant is represented by their own counsel, all defendants' counsel would

20  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

21  Such an irrational result is not the intent of Rule 33, nor the federal discovery

22  statutes.  As noted by Discovery Master O'Brien, ██████████████████████████

23  ████████████████████████████████████████████████████████████████████

24  ███████████████████████████████████████████████████████  Molinski

25  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

26  the right of each party in a litigation to serve written discovery.  That the MGA

27  parties happen to be represented by the same counsel does not alter the analysis.

28  Each party must be allowed to serve 25 interrogatories and Mattel must be

1    compelled to answer them.

2          Mattel's second counting argument is that this interrogatory is impermissibly

3    compound. ████████████████████████████████████████

4    ████████████████████████████████████████████████

5    ████████████████████████████████████████████████

6    ████████████████████████████████ See Molinski Decl., Ex. 13 at 529

7    (Mattel's Motion for Protective Order dated June 29, 2009). ████████████

8    ████████████████████████████████████████████████

9    ████████████████████████████████████████████████

10   ████████████████████████████ See Molinski Decl., Ex. 8 at

11   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

12   contains subparts, it is still considered a single interrogatory when it relates to a

13   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

14   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

15   concerning a 'common theme' should generally be considered a single question.");

16   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

17   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

18   question regarding a common group of people" not compound (citing 8A Wright et

19   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

20   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

21   but a single question . . . even though it may call for an answer containing several

22   separate bits of information, if there is a direct relationship between the various bits

23   of information called for.").

24          This interrogatory seeks a narrative concerning a common theme.  That is, it

25   seeks information concerning specific allegations in Mattel's TAAC and how, if

26   true, those allegations constitute a RICO violation.  The request is structured to aid

27   Mattel in responding to the interrogatory and seeks only information that a

28   responding party would reasonably expect to receive in response, even if the level

1   of request detail were not included.  Indeed, the basis of the entire interrogatory is

2   to seek information that will ultimately allow MGA to defend against Mattel's

3   RICO allegations and is crucial to that defense.  As such, this interrogatory should

4   be counted as a single interrogatory and Mattel should be ordered to respond.

5          In addition, Mattel's bare assertion that MGA has "purports to require Mattel

6   to summarize all facts on these subjects, despite defendants' own refusals to answer

7   interrogatories with the same or comparable language" is not only unsupported and

8   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

9   respond to the Interrogatories would be unaffected.

10         As to overbreadth, Mattel provides no explanation, let alone the required

11  particularity, as to why this interrogatory is supposedly overly broad, nor can it do

12  so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

13  No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

14  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

15  Mattel's allegation that Isaac Larian and MGA created shell and off-shore entities

16  to transfer proceeds generated by unlawful conduct and criminal enterprises. .

17         As to burden, Mattel has not attempted to demonstrate why responding to

18  this Interrogatory presents any burden.  This objection must therefore be rejected.

19  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

20  1997) ("The party claiming that a discovery request is unduly burdensome must

21  allege specific facts which indicate the nature and extent of the burden, usually by

22  affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

23  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

24  evidence.

25         This Interrogatory does not seek responses protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, it does not excuse Mattel from responding

28  with any non-privileged information.  Additionally, to the extent that such

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1   privileged material exists, Mattel must provide a privilege log.

2        Mattel objects that the Interrogatory contains confidential and/or proprietary

3   information.  A Protective Order exists in this case, obviating any concern as to

4   protection of privacy rights and/or commercially sensitive information.  Also, this

5   Interrogatory does not seek information violative of any third party's rights of

6   privacy.  The facts, persons, and documents responsive to this Interrogatory are in

7   the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

8   previously has argued, any privacy issues are fully addressed by the Protective

9   Order.

10        In short, Mattel's objections are uniformly without merit and frivolous.  The

11   Discovery Master should order Mattel to provide a substantive response to

12   Interrogatory No. 20 without objection.

13

14   **INTERROGATORY NO. 21:**

15        With respect to the allegation in paragraphs 113 — 120 of the Counterclaims

16   of the TAAC, that Isaac Larian and MGA wrongfully acquired $313 million of debt

17   that MGA owed Wachovia, state all facts regarding:

18        (a)    every RICO predicate act committed through that conduct;

19        (b)    which PERSONS employed by or associated with which RICO

20   enterprises committed those predicate acts;

21        (c)    the injuries to Mattel's business or property proximately caused by

22   those predicate acts;

23        (d)    how MATTEL has calculated or estimated the dollar value of those

24   injuries (and if it has not, why not); and

25        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

26   information requested in this Interrogatory.

27   **RESPONSE TO INTERROGATORY NO. 21:**

28        In addition to the general objections stated above, Mattel specifically objects

1   to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

2   including in that it purports to require Mattel to summarize all facts on these

3   subjects, despite defendants' own refusals to answer interrogatories with the same

4   or comparable language and in conflict with the Court's Orders of February 15,

5   2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

6   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

7   calls for the disclosure of information subject to the attorney-client privilege, the

8   attorney work-product doctrine and other applicable privileges.  Mattel further

9   objects to this Interrogatory on the grounds that it calls for the disclosure of

10  confidential and/or proprietary information, which Mattel will disclose only subject

11  to and in reliance upon the operative protective order.  Mattel further objects to this

12  Interrogatory as compound and seeks to require Mattel to provide separate discrete

13  responses as to "every RICO predicate act committed through that conduct."  As

14  such, the interrogatory is impermissibly compound and causes the total number of

15  interrogatories served during Phase 2 discovery to exceed the limits set by the

16  Federal Rules of Civil Procedure and the Court.

17  <u>**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**</u>

18  <u>**INTERROGATORY NO. 21 SHOULD BE COMPELLED**</u>:

19       Mattel has refused to provide answers in response to this Interrogatory,

20  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

21  Procedure, "the grounds for objecting to an interrogatory must be stated with

22  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

23  basis for an objection with specificity are routinely rejected in the Central District.

24  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

25  ("general or boilerplate objections such as 'overly burdensome and harassing' are

26  improper – especially when a party fails to submit any evidentiary declarations

27  supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>,

28  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

1   inadequate and tantamount to not making any objection at all").  To the extent that

2   Mattel is relying on its blanket objections, they are not sustainable and do not

3   justify Mattel's failure to respond.

4        Mattel also bases its refusal to respond on two equally unavailing arguments

5   with respect to the counting of interrogatories in an effort to avoid responding to

6   this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

7   discovery limitation applies such that each *side* in the litigation may only serve 25

8   interrogatories.  This is the same argument that Mattel has made unsuccessfully in

9   the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

10  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

11  Opposition to MGA's Motion to Compel Further Responses dated August 5,

12  2009).  While Mattel continues to assert this meritless objection rather than

13  responding to this interrogatory, Mattel cannot identify a single factual or legal

14  basis to support it.  To the contrary, Judge Larson has made clear that there is a

15  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

16  noted that he has not placed any restrictions on discovery in Phase 2 other than

17  those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

18  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

19

20

21                                        Molinski Decl., Ex. 8 at 168:23-25 (Order

22  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

23  Master O'Brien noted that

24

25                              Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

26  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

27  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

28  LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

of three defendants and striking down a local rule that allotted interrogatories on a "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court established a scheduling plan that maintained a distinction between interrogatory limitations by "party" and deposition limitations by "side."). Since this interrogatory was propounded by MGA Entertainment (HK) and they have not propounded more than 25 interrogatories, Mattel's objection should be overruled and Mattel must be ordered to provide a substantive response.

To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only entitled to propound 25 interrogatories, would produce a ludicrous result.  For example, under Mattel's reasoning all counsel, in a multi-defendant case where each defendant is represented by their own counsel, all defendants' counsel would be forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As noted by Discovery Master O'Brien, ██████████████ ████████████████████████████████████████████████████████████ █████████████████████████████████████████████████ Molinski Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of each party in a litigation to serve written discovery.  That the MGA parties happen to be represented by the same counsel does not alter the analysis. Each party must be allowed to serve 25 interrogatories and Mattel must be compelled to answer them.

Mattel's second counting argument is that this interrogatory is impermissibly compound. ████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ <u>See</u> Molinski Decl., Ex. 13 at 529 (Mattel's Motion for Protective Order dated June 29, 2009). ███████████████████ ████████████████████████████████████████████████████████████

1

2 ████████████████████████████████████████████ <u>See</u> Molinski Decl., Ex. 8 at

3 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

4 contains subparts, it is still considered a single interrogatory when it relates to a

5 common theme.  <u>See</u> <u>Swackhammer v. Sprint Corp.</u> PCS, 225 F.R.D. 658, 664 (D.

6 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

7 concerning a 'common theme' should generally be considered a single question.");

8 <u>see also</u> <u>Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh</u>, 2005

9 WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

10 question regarding a common group of people" not compound (citing 8A Wright et

11 al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); <u>Clark v. Burlington Northern</u>

12 <u>R.R.</u>, 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

13 but a single question . . . even though it may call for an answer containing several

14 separate bits of information, if there is a direct relationship between the various bits

15 of information called for.").

16     This interrogatory seeks a narrative concerning a common theme.  That is, it

17 seeks information concerning specific allegations in Mattel's TAAC and how, if

18 true, those allegations constitute a RICO violation.  The request is structured to aid

19 Mattel in responding to the interrogatory and seeks only information that a

20 responding party would reasonably expect to receive in response, even if the level

21 of request detail were not included.  Indeed, the basis of the entire interrogatory is

22 to seek information that will ultimately allow MGA to defend against Mattel's

23 RICO allegations and is crucial to that defense.  As such, this interrogatory should

24 be counted as a single interrogatory and Mattel should be ordered to respond.

25     In addition, Mattel's bare assertion that MGA has "purports to require Mattel

26 to summarize all facts on these subjects, despite defendants' own refusals to answer

27 interrogatories with the same or comparable language" is not only unsupported and

28 false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1    respond to the Interrogatories would be unaffected.

2        As to overbreadth, Mattel provides no explanation, let alone the required

3    particularity, as to why this interrogatory is supposedly overly broad, nor can it do

4    so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

5    No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

6    To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

7    Mattel's allegation that Isaac Larian and MGA wrongfully acquired $313 million of

8    debt that MGA owed Wachovia.

9        As to burden, Mattel has not attempted to demonstrate why responding to

10   this Interrogatory presents any burden.  This objection must therefore be rejected.

11   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

12   1997) ("The party claiming that a discovery request is unduly burdensome must

13   allege specific facts which indicate the nature and extent of the burden, usually by

14   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

15   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

16   evidence.

17       This Interrogatory does not seek responses protected by the attorney-client

18   privilege, the attorney work product doctrine, or other applicable privileges.  To the

19   extent that Mattel contends that it does, it does not excuse Mattel from responding

20   with any non-privileged information.  Additionally, to the extent that such

21   privileged material exists, Mattel must provide a privilege log.

22       Mattel objects that the Interrogatory contains confidential and/or proprietary

23   information.  A Protective Order exists in this case, obviating any concern as to

24   protection of privacy rights and/or commercially sensitive information.  Also, this

25   Interrogatory does not seek information violative of any third party's rights of

26   privacy.  The facts, persons, and documents responsive to this Interrogatory are in

27   the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

28   previously has argued, any privacy issues are fully addressed by the Protective

1    Order.

2           In short, Mattel's objections are uniformly without merit and frivolous.  The

3    Discovery Master should order Mattel to provide a substantive response to

4    Interrogatory No. 21 without objection.

5

6    **INTERROGATORY NO. 22:**

7           With respect to the allegation in paragraph 121 of the Counterclaims of the

8    TAAC, regarding various loans to MGA and MGA Entertainment (HK), state all

9    facts regarding:

10          (a)     every RICO predicate act committed through that conduct;

11          (b)     which PERSONS employed by or associated with which RICO

12   enterprises committed those predicate acts;

13          (c)     the injuries to Mattel's business or property proximately caused by

14   those predicate acts;

15          (d)     how MATTEL has calculated or estimated the dollar value of those

16   injuries (and if it has not, why not; and

17          (e) IDENTIFY all PERSONS MATTEL believes have knowledge of the

18   information requested in this Interrogatory.

19   **RESPONSE TO INTERROGATORY NO. 22:**

20          In addition to the general objections stated above, Mattel specifically objects

21   to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

22   including in that it purports to require Mattel to summarize all facts on these

23   subjects, despite defendants' own refusals to answer interrogatories with the same

24   or comparable language and in conflict with the Court's Orders of February 15,

25   2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

26   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

27   calls for the disclosure of information subject to the attorney-client privilege, the

28   attorney work-product doctrine and other applicable privileges.  Mattel further

1  objects to this Interrogatory on the grounds that it calls for the disclosure of

2  confidential and/or proprietary information, which Mattel will disclose only subject

3  to and in reliance upon the operative protective order.  Mattel further objects to this

4  Interrogatory as compound and seeks to require Mattel to provide separate discrete

5  responses as to "every RICO predicate act committed through that conduct."  As

6  such, the interrogatory is impermissibly compound and causes the total number of

7  interrogatories served during Phase 2 discovery to exceed the limits set by the

8  Federal Rules of Civil Procedure and the Court.

9  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

10 **INTERROGATORY NO. 22 SHOULD BE COMPELLED**:

11         Mattel has refused to provide answers in response to this Interrogatory,

12 subject to its improper boilerplate objections.  Under the Federal Rules of Civil

13 Procedure, "the grounds for objecting to an interrogatory must be stated with

14 specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

15 basis for an objection with specificity are routinely rejected in the Central District.

16 See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

17 ("general or boilerplate objections such as 'overly burdensome and harassing' are

18 improper – especially when a party fails to submit any evidentiary declarations

19 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

20 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

21 inadequate and tantamount to not making any objection at all").  To the extent that

22 Mattel is relying on its blanket objections, they are not sustainable and do not

23 justify Mattel's failure to respond.

24         Mattel also bases its refusal to respond on two equally unavailing arguments

25 with respect to the counting of interrogatories in an effort to avoid responding to

26 this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

27 discovery limitation applies such that each *side* in the litigation may only serve 25

28 interrogatories.  This is the same argument that Mattel has made unsuccessfully in

1   the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

2   Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

3   Opposition to MGA's Motion to Compel Further Responses dated August 5,

4   2009).  While Mattel continues to assert this meritless objection rather than

5   responding to this interrogatory, Mattel cannot identify a single factual or legal

6   basis to support it.  To the contrary, Judge Larson has made clear that there is a

7   "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

8   noted that he has not placed any restrictions on discovery in Phase 2 other than

9   those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

10  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

11  ███████████████████████████████████████████████

12  ███████████████████████████████████████████████

13  ██████████████████████████████   Molinski Decl., Ex. 8 at 168:23-25 (Order

14  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

15  Master O'Brien noted that ████████████████

16  █████████████████████████████████████████████

17  ███████████████████   Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

18  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

19  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

20  LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

21  of three defendants and striking down a local rule that allotted interrogatories on a

22  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

23  Mo. 2000) (the court established a scheduling plan that maintained a distinction

24  between interrogatory limitations by "party" and deposition limitations by "side.").

25  Since this interrogatory was propounded by MGA Entertainment (HK) and they

26  have not propounded more than 25 interrogatories, Mattel's objection should be

27  overruled and Mattel must be ordered to provide a substantive response.

28       To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

1   entitled to propound 25 interrogatories, would produce a ludicrous result.  For

2   example, under Mattel's reasoning all counsel, in a multi-defendant case where

3   each defendant is represented by their own counsel, all defendants' counsel would

4   be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

5   Such an irrational result is not the intent of Rule 33, nor the federal discovery

6   statutes.  As noted by Discovery Master O'Brien, ████████████████████

7   ████████████████████████████████████████████████

8   ████████████████████████████████████████ Molinski

9   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

10  the right of each party in a litigation to serve written discovery.  That the MGA

11  parties happen to be represented by the same counsel does not alter the analysis.

12  Each party must be allowed to serve 25 interrogatories and Mattel must be

13  compelled to answer them.

14          Mattel's second counting argument is that this interrogatory is impermissibly

15  compound. ████████████████████████████████████

16  ████████████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ████████████████████████████████ See Molinski Decl., Ex. 13 at 529

19  (Mattel's Motion for Protective Order dated June 29, 2009). ████████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████████████

22  ████████████████████████████ See Molinski Decl., Ex. 8 at

23  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

24  contains subparts, it is still considered a single interrogatory when it relates to a

25  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

26  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

27  concerning a 'common theme' should generally be considered a single question.");

28  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

1    WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

2    question regarding a common group of people" not compound (citing 8A Wright et

3    al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

4    R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

5    but a single question . . . even though it may call for an answer containing several

6    separate bits of information, if there is a direct relationship between the various bits

7    of information called for.").

8          This interrogatory seeks a narrative concerning a common theme.  That is, it

9    seeks information concerning specific allegations in Mattel's TAAC and how, if

10   true, those allegations constitute a RICO violation.  The request is structured to aid

11   Mattel in responding to the interrogatory and seeks only information that a

12   responding party would reasonably expect to receive in response, even if the level

13   of request detail were not included.  Indeed, the basis of the entire interrogatory is

14   to seek information that will ultimately allow MGA to defend against Mattel's

15   RICO allegations and is crucial to that defense.  As such, this interrogatory should

16   be counted as a single interrogatory and Mattel should be ordered to respond.

17         In addition, Mattel's bare assertion that MGA has "purports to require Mattel

18   to summarize all facts on these subjects, despite defendants' own refusals to answer

19   interrogatories with the same or comparable language" is not only unsupported and

20   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

21   respond to the Interrogatories would be unaffected.

22         As to overbreadth, Mattel provides no explanation, let alone the required

23   particularity, as to why this interrogatory is supposedly overly broad, nor can it do

24   so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

25   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

26   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

27   Mattel's allegation regarding various loans to MGA and MGAE (HK), as set forth

28   in Counterclaims of the TAAC.

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBX)

1   As to burden, Mattel has not attempted to demonstrate why responding to

2   this Interrogatory presents any burden.  This objection must therefore be rejected.

3   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

4   1997) ("The party claiming that a discovery request is unduly burdensome must

5   allege specific facts which indicate the nature and extent of the burden, usually by

6   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

7   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

8   evidence.

9   This Interrogatory does not seek responses protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, it does not excuse Mattel from responding

12  with any non-privileged information.  Additionally, to the extent that such

13  privileged material exists, Mattel must provide a privilege log.

14  Mattel objects that the Interrogatory contains confidential and/or proprietary

15  information.  A Protective Order exists in this case, obviating any concern as to

16  protection of privacy rights and/or commercially sensitive information.  Also, this

17  Interrogatory does not seek information violative of any third party's rights of

18  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

19  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

20  previously has argued, any privacy issues are fully addressed by the Protective

21  Order.

22  In short, Mattel's objections are uniformly without merit and frivolous.  The

23  Discovery Master should order Mattel to provide a substantive response to

24  Interrogatory No. 22 without objection.

25

26  **INTERROGATORY NO. 23:**

27  With respect to the allegation in paragraphs 122 — 126 of the Counterclaims

28  of the TAAC, that Isaac Larian sold MGA inventory to himself at fire sale prices,

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1   state all facts regarding:

2       (a)    every RICO predicate act committed through that conduct;

3       (b)    which PERSONS employed by or associated with which RICO

4   enterprises committed those predicate acts;

5       (c)    the injuries to Mattel's business or property proximately caused by

6   those predicate acts;

7       (d)    how MATTEL has calculated or estimated the dollar value of those

8   injuries (and if it has not, why not); and

9       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

10   information requested in this Interrogatory.

11   **RESPONSE TO INTERROGATORY NO. 23:**

12       In addition to the general objections stated above, Mattel specifically objects

13   to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

14   including in that it purports to require Mattel to summarize all facts on these

15   subjects, despite defendants' own refusals to answer interrogatories with the same

16   or comparable language and in conflict with the Court's Orders of February 15,

17   2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

18   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

19   calls for the disclosure of information subject to the attorney-client privilege, the

20   attorney work-product doctrine and other applicable privileges.  Mattel further

21   objects to this Interrogatory on the grounds that it calls for the disclosure of

22   confidential and/or proprietary information, which Mattel will disclose only subject

23   to and in reliance upon the operative protective order.  Mattel further objects to this

24   Interrogatory as compound and seeks to require Mattel to provide separate discrete

25   responses as to "every RICO predicate act committed through that conduct."  As

26   such, the interrogatory is impermissibly compound and causes the total number of

27   interrogatories served during Phase 2 discovery to exceed the limits set by the

28   Federal Rules of Civil Procedure and the Court.

1  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
2  **INTERROGATORY NO. 23 SHOULD BE COMPELLED**:

3      Mattel has refused to provide answers in response to this Interrogatory,
4  subject to its improper boilerplate objections.  Under the Federal Rules of Civil
5  Procedure, "the grounds for objecting to an interrogatory must be stated with
6  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the
7  basis for an objection with specificity are routinely rejected in the Central District.
8  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
9  ("general or boilerplate objections such as 'overly burdensome and harassing' are
10 improper – especially when a party fails to submit any evidentiary declarations
11 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,
12 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
13 inadequate and tantamount to not making any objection at all").  To the extent that
14 Mattel is relying on its blanket objections, they are not sustainable and do not
15 justify Mattel's failure to respond.

16     Mattel also bases its refusal to respond on two equally unavailing arguments
17 with respect to the counting of interrogatories in an effort to avoid responding to
18 this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent
19 discovery limitation applies such that each *side* in the litigation may only serve 25
20 interrogatories.  This is the same argument that Mattel has made unsuccessfully in
21 the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective
22 Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's
23 Opposition to MGA's Motion to Compel Further Responses dated August 5,
24 2009).  While Mattel continues to assert this meritless objection rather than
25 responding to this interrogatory, Mattel cannot identify a single factual or legal
26 basis to support it.  To the contrary, Judge Larson has made clear that there is a
27 "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson
28 noted that he has not placed any restrictions on discovery in Phase 2 other than

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1   those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

2   (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

3   ████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████

5   ████████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order

6   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

7   Master O'Brien noted that ████████████████████████████████████

8   ████████████████████████████████████████████████████████████

9   ████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

10  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

11  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

12  LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

13  of three defendants and striking down a local rule that allotted interrogatories on a

14  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

15  Mo. 2000) (the court established a scheduling plan that maintained a distinction

16  between interrogatory limitations by "party" and deposition limitations by "side.").

17  Since this interrogatory was propounded by MGA Entertainment (HK) and they

18  have not propounded more than 25 interrogatories, Mattel's objection should be

19  overruled and Mattel must be ordered to provide a substantive response.

20      To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

21  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

22  example, under Mattel's reasoning all counsel, in a multi-defendant case where

23  each defendant is represented by their own counsel, all defendants' counsel would

24  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

25  Such an irrational result is not the intent of Rule 33, nor the federal discovery

26  statutes.  As noted by Discovery Master O'Brien, ████████████████████

27  ████████████████████████████████████████████████████████████

28  ████████████████████████████████████████████  Molinski

1   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

2   the right of each party in a litigation to serve written discovery.  That the MGA

3   parties happen to be represented by the same counsel does not alter the analysis.

4   Each party must be allowed to serve 25 interrogatories and Mattel must be

5   compelled to answer them.

6         Mattel's second counting argument is that this interrogatory is impermissibly

7   compound. █████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████

10  ███████████████████████████████████  See Molinski Decl., Ex. 13 at 529

11  (Mattel's Motion for Protective Order dated June 29, 2009). ████████████████

12  ████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████

14  ████████████████████████████████  See Molinski Decl., Ex. 8 at

15  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

16  contains subparts, it is still considered a single interrogatory when it relates to a

17  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

18  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

19  concerning a 'common theme' should generally be considered a single question.");

20  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

21  WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

22  question regarding a common group of people" not compound (citing 8A Wright et

23  al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

24  R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

25  but a single question . . . even though it may call for an answer containing several

26  separate bits of information, if there is a direct relationship between the various bits

27  of information called for.").

28         This interrogatory seeks a narrative concerning a common theme.  That is, it

1   seeks information concerning specific allegations in Mattel's TAAC and how, if

2   true, those allegations constitute a RICO violation. The request is structured to aid

3   Mattel in responding to the interrogatory and seeks only information that a

4   responding party would reasonably expect to receive in response, even if the level

5   of request detail were not included.  Indeed, the basis of the entire interrogatory is

6   to seek information that will ultimately allow MGA to defend against Mattel's

7   RICO allegations and is crucial to that defense.  As such, this interrogatory should

8   be counted as a single interrogatory and Mattel should be ordered to respond.

9         In addition, Mattel's bare assertion that MGA has "purports to require Mattel

10   to summarize all facts on these subjects, despite defendants' own refusals to answer

11   interrogatories with the same or comparable language" is not only unsupported and

12   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

13   respond to the Interrogatories would be unaffected.

14        As to overbreadth, Mattel provides no explanation, let alone the required

15   particularity, as to why this interrogatory is supposedly overly broad, nor can it do

16   so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

17   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

18   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

19   Mattel's allegation that Isaac Larian sold MGA inventory to himself at fire sale

20   prices.

21        As to burden, Mattel has not attempted to demonstrate why responding to

22   this Interrogatory presents any burden.  This objection must therefore be rejected.

23   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

24   1997) ("The party claiming that a discovery request is unduly burdensome must

25   allege specific facts which indicate the nature and extent of the burden, usually by

26   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

27   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

28   evidence.

1    This Interrogatory does not seek responses protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, it does not excuse Mattel from responding

4   with any non-privileged information.  Additionally, to the extent that such

5   privileged material exists, Mattel must provide a privilege log.

6    Mattel objects that the Interrogatory contains confidential and/or proprietary

7   information.  A Protective Order exists in this case, obviating any concern as to

8   protection of privacy rights and/or commercially sensitive information.  Also, this

9   Interrogatory does not seek information violative of any third party's rights of

10   privacy.  The facts, persons, and documents responsive to this Interrogatory are in

11   the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

12   previously has argued, any privacy issues are fully addressed by the Protective

13   Order.

14    In short, Mattel's objections are uniformly without merit and frivolous.  The

15   Discovery Master should order Mattel to provide a substantive response to

16   Interrogatory No. 23 without objection.

17

18   **INTERROGATORY NO. 24:**

19    If MATTEL claims that the predicate acts and/or pattern of

20    racketeering as alleged in the Counterclaims of the TAAC caused it to lose

21   sales of Barbie products, state all facts regarding:

22    (a)    the number of sales of each product lost each year, and how MATTEL

23   calculated or estimated that figure;

24    (b)    the gross revenue lost each year from those lost sales, and how

25   MATTEL calculated or estimated that figure;

26    (c)    the net profit lost each year from those lost sales, and how MATTEL

27   calculated or estimated that figure;

28    (d)    how the RICO predicate act(s) and/or pattern of racketeering alleged in

1   the Counterclaims (as opposed to other factors) proximately caused the sales lost

2   each year;

3       (e)     which PERSONS employed by or associated with which RICO

4   enterprises committed those predicate acts and/or pattern of racketeering; and

5       (f)     IDENTIFY all PERSONS MATTEL believes have knowledge of the

6   information requested in this Interrogatory.

7   **RESPONSE TO INTERROGATORY NO. 24:**

8       In addition to the general objections stated above, Mattel specifically objects

9   to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

10  including in that it purports to require Mattel to summarize all facts on this subject,

11  despite defendants' own refusals to answer interrogatories with the same or

12  comparable language and in conflict with the Court's Orders of February 15, 2008

13  and February 20, 2008.  Mattel will not attempt to state or summarize all facts on

14  this subject.  Mattel further objects to this interrogatory as vague and ambiguous,

15  including as to time.  Mattel further objects to this Interrogatory on the grounds that

16  it calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.  Mattel further

18  objects to this Interrogatory on the grounds that it calls for the disclosure of

19  confidential and/or proprietary information, which Mattel will disclose only subject

20  to and in reliance upon the operative protective order.  Mattel further objects to this

21  Interrogatory as the interrogatory, combined with the compound interrogatories

22  propounded together with it, causes the total number of interrogatories served

23  during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

24  Procedure and the Court.

25  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

26  **INTERROGATORY NO. 24 SHOULD BE COMPELLED**:

27      Mattel has refused to provide answers in response to this Interrogatory,

28  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

1   Procedure, "the grounds for objecting to an interrogatory must be stated with

2   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

3   basis for an objection with specificity are routinely rejected in the Central District.

4   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

5   ("general or boilerplate objections such as 'overly burdensome and harassing' are

6   improper – especially when a party fails to submit any evidentiary declarations

7   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

8   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

9   inadequate and tantamount to not making any objection at all").  To the extent that

10  Mattel is relying on its blanket objections, they are not sustainable and do not

11  justify Mattel's failure to respond.

12       Mattel also bases its refusal to respond on two equally unavailing arguments

13  with respect to the counting of interrogatories in an effort to avoid responding to

14  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

15  discovery limitation applies such that each *side* in the litigation may only serve 25

16  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

17  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

18  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

19  Opposition to MGA's Motion to Compel Further Responses dated August 5,

20  2009).  While Mattel continues to assert this meritless objection rather than

21  responding to this interrogatory, Mattel cannot identify a single factual or legal

22  basis to support it.  To the contrary, Judge Larson has made clear that there is a

23  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

24  noted that he has not placed any restrictions on discovery in Phase 2 other than

25  those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

26  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

27

28

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1   ███████████████████████████████████   Molinski Decl., Ex. 8 at 168:23-25 (Order

2   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

3   Master O'Brien noted that ███████████████████████████████████████

4   ████████████████████████████████████████████████████████████████

5   █████████████████████████   Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

6   14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

7   See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

8   LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

9   of three defendants and striking down a local rule that allotted interrogatories on a

10   "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

11   Mo. 2000) (the court established a scheduling plan that maintained a distinction

12   between interrogatory limitations by "party" and deposition limitations by "side.").

13   Since this interrogatory was propounded by MGA Entertainment (HK) and they

14   have not propounded more than 25 interrogatories, Mattel's objection should be

15   overruled and Mattel must be ordered to provide a substantive response.

16       To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

17   entitled to propound 25 interrogatories, would produce a ludicrous result.  For

18   example, under Mattel's reasoning all counsel, in a multi-defendant case where

19   each defendant is represented by their own counsel, all defendants' counsel would

20   be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

21   Such an irrational result is not the intent of Rule 33, nor the federal discovery

22   statutes.  As noted by Discovery Master O'Brien, ███████████████████████

23   ████████████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████   Molinski

25   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

26   the right of each party in a litigation to serve written discovery.  That the MGA

27   parties happen to be represented by the same counsel does not alter the analysis.

28   Each party must be allowed to serve 25 interrogatories and Mattel must be

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK) LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1  compelled to answer them.

2          Mattel's second counting argument is that this interrogatory is impermissibly

3  compound. ████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████████

6  █████████████████████████████████ See Molinski Decl., Ex. 13 at 529

7  (Mattel's Motion for Protective Order dated June 29, 2009). ████████████

8  ████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████

10 ████████████████████████████ See Molinski Decl., Ex. 8 at

11 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

12 contains subparts, it is still considered a single interrogatory when it relates to a

13 common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

14 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

15 concerning a 'common theme' should generally be considered a single question.");

16 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

17 WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

18 question regarding a common group of people" not compound (citing 8A Wright et

19 al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

20 R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

21 but a single question . . . even though it may call for an answer containing several

22 separate bits of information, if there is a direct relationship between the various bits

23 of information called for.").

24          This interrogatory seeks a narrative concerning a common theme.  That is, it

25 seeks information concerning whether Mattel is alleging that the claimed RICO

26 violation caused Mattel to suffer lost sales.  The request is structured to aid Mattel

27 in responding to the interrogatory and seeks only information that a responding

28 party would reasonably expect to receive in response, even if the level of request

1    detail were not included.  Indeed, the basis of the entire interrogatory is to seek

2    information that will ultimately allow MGA to defend against Mattel's RICO

3    allegations and is crucial to that defense.  As such, this interrogatory should be

4    counted as a single interrogatory and Mattel should be ordered to respond.

5        In addition, Mattel's bare assertion that MGA has "purports to require Mattel

6    to summarize all facts on these subjects, despite defendants' own refusals to answer

7    interrogatories with the same or comparable language" is not only unsupported and

8    false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

9    respond to the Interrogatories would be unaffected.

10        As to overbreadth, Mattel provides no explanation, let alone the required

11    particularity, as to why this interrogatory is supposedly overly broad, nor can it do

12    so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

13    No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

14    To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

15    Mattel's allegation of predicate acts/and or pattern of racketeering causing it lose

16    sales of Barbie products.

17        As to burden, Mattel has not attempted to demonstrate why responding to

18    this Interrogatory presents any burden.  This objection must therefore be rejected.

19    See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

20    1997) ("The party claiming that a discovery request is unduly burdensome must

21    allege specific facts which indicate the nature and extent of the burden, usually by

22    affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

23    noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

24    evidence.

25        This Interrogatory does not seek responses protected by the attorney-client

26    privilege, the attorney work product doctrine, or other applicable privileges.  To the

27    extent that Mattel contends that it does, it does not excuse Mattel from responding

28    with any non-privileged information.  Additionally, to the extent that such

1     privileged material exists, Mattel must provide a privilege log.

2         Mattel objects that the Interrogatory contains confidential and/or proprietary

3     information.  A Protective Order exists in this case, obviating any concern as to

4     protection of privacy rights and/or commercially sensitive information.  Also, this

5     Interrogatory does not seek information violative of any third party's rights of

6     privacy.  The facts, persons, and documents responsive to this Interrogatory are in

7     the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

8     previously has argued, any privacy issues are fully addressed by the Protective

9     Order.

10        Further, the Interrogatory is entirely clear as to time – it refers to the time

11    frame as defined by Mattel's allegation and claim of RICO violation that caused it

12    to lose sales of Barbie products.  It seeks any information on which Mattel plans to

13    rely to prove those claims.  Mattel's objection that this definition is vague and

14    ambiguous should therefore be rejected.

15        In short, Mattel's objections are uniformly without merit and frivolous.  The

16    Discovery Master should order Mattel to provide a substantive response to

17    Interrogatory No. 24 without objection.

18

19    **<u>INTERROGATORY NO. 25</u>:**

20        With respect to the allegations in paragraph 140 of the Counterclaims of the

21    TAAC, that the MGA, Bratz, and IGWT Criminal Enterprises are continuing

22    operations and threaten to continue their wrongful conduct:

23        (a)     state all facts regarding those continuing operations and/or the threat of

24    continued wrongful conduct;

25        (b)     IDENTIFY each predicate acts and/or patterns of racketeering which

26    MATTEL believes are continuing or threatened;

27        (c)     IDENTIFY which PERSONS employed by or associated with which

28    RICO enterprise(s) are committing or threatening to commit each RICO predicate

1    act;

2        (d)    state all facts regarding the injuries to its business or property that

3    MATTEL believes will be proximately caused by those predicate acts and/or

4    patterns of racketeering;

5        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

6    information requested in this Interrogatory.

7    **RESPONSE TO INTERROGATORY NO. 25:**

8        In addition to the general objections stated above, Mattel specifically objects

9    to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

10   including in that it purports to require Mattel to summarize all facts on these

11   subjects, despite defendants' own refusals to answer interrogatories with the same

12   or comparable language and in conflict with the Court's Orders of February 15,

13   2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

14   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

15   calls for the disclosure of information subject to the attorney-client privilege, the

16   attorney work-product doctrine and other applicable privileges.  Mattel further

17   objects to this Interrogatory on the grounds that it calls for the disclosure of

18   confidential and/or proprietary information, which Mattel will disclose only subject

19   to and in reliance upon the operative protective order.  Mattel further objects to this

20   Interrogatory as compound and seeks to require Mattel to provide separate discrete

21   responses as to "each predicate acts and/or patterns of racketeering which

22   MATTEL believes are continuing or threatened."  As such, the interrogatory is

23   impermissibly compound and causes the total number of interrogatories served

24   during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

25   Procedure and the Court.

26   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

27   **INTERROGATORY NO. 25 SHOULD BE COMPELLED**:

28       Mattel has refused to provide answers in response to this Interrogatory,

1   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

2   Procedure, "the grounds for objecting to an interrogatory must be stated with

3   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

4   basis for an objection with specificity are routinely rejected in the Central District.

5   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

6   ("general or boilerplate objections such as 'overly burdensome and harassing' are

7   improper – especially when a party fails to submit any evidentiary declarations

8   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

9   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

10  inadequate and tantamount to not making any objection at all").  To the extent that

11  Mattel is relying on its blanket objections, they are not sustainable and do not

12  justify Mattel's failure to respond.

13        Mattel also bases its refusal to respond on two equally unavailing arguments

14  with respect to the counting of interrogatories in an effort to avoid responding to

15  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

16  discovery limitation applies such that each *side* in the litigation may only serve 25

17  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

18  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

19  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

20  Opposition to MGA's Motion to Compel Further Responses dated August 5,

21  2009).  While Mattel continues to assert this meritless objection rather than

22  responding to this interrogatory, Mattel cannot identify a single factual or legal

23  basis to support it.  To the contrary, Judge Larson has made clear that there is a

24  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

25  noted that he has not placed any restrictions on discovery in Phase 2 other than

26  those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

27  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

28

1

2                                                          Molinski Decl., Ex. 8 at 168:23-25 (Order

3   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

4   Master O'Brien noted that

5

6                             Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

7   14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

8   See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

9   LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

10  of three defendants and striking down a local rule that allotted interrogatories on a

11  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

12  Mo. 2000) (the court established a scheduling plan that maintained a distinction

13  between interrogatory limitations by "party" and deposition limitations by "side.").

14  Since this interrogatory was propounded by MGA Entertainment (HK) and they

15  have not propounded more than 25 interrogatories, Mattel's objection should be

16  overruled and Mattel must be ordered to provide a substantive response.

17          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

18  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

19  example, under Mattel's reasoning all counsel, in a multi-defendant case where

20  each defendant is represented by their own counsel, all defendants' counsel would

21  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

22  Such an irrational result is not the intent of Rule 33, nor the federal discovery

23  statutes.  As noted by Discovery Master O'Brien,

24

25                                                                              Molinski

26  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

27  the right of each party in a litigation to serve written discovery.  That the MGA

28  parties happen to be represented by the same counsel does not alter the analysis.

1    Each party must be allowed to serve 25 interrogatories and Mattel must be

2    compelled to answer them.

3         Mattel's second counting argument is that this interrogatory is impermissibly

4    compound. ███████████████████████████████████████████

5    ████████████████████████████████████████████████████

6    ████████████████████████████████████████████████

7    █████████████████████████████████ See Molinski Decl., Ex. 13 at 529

8    (Mattel's Motion for Protective Order dated June 29, 2009). ████████████

9    ████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████

11   ██████████████████████████████ See Molinski Decl., Ex. 8 at

12   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

13   contains subparts, it is still considered a single interrogatory when it relates to a

14   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

15   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

16   concerning a 'common theme' should generally be considered a single question.");

17   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

18   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

19   question regarding a common group of people" not compound (citing 8A Wright et

20   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

21   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

22   but a single question . . . even though it may call for an answer containing several

23   separate bits of information, if there is a direct relationship between the various bits

24   of information called for.").

25        This interrogatory seeks a narrative concerning a common theme.  That is, it

26   seeks information concerning specific allegations in Mattel's TAAC and how, if

27   true, those allegations constitute a RICO violation.  The request is structured to aid

28   Mattel in responding to the interrogatory and seeks only information that a

1   responding party would reasonably expect to receive in response, even if the level

2   of request detail were not included.  Indeed, the basis of the entire interrogatory is

3   to seek information that will ultimately allow MGA to defend against Mattel's

4   RICO allegations and is crucial to that defense.  As such, this interrogatory should

5   be counted as a single interrogatory and Mattel should be ordered to respond.

6       In addition, Mattel's bare assertion that MGA has "purports to require Mattel

7   to summarize all facts on these subjects, despite defendants' own refusals to answer

8   interrogatories with the same or comparable language" is not only unsupported and

9   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

10   respond to the Interrogatories would be unaffected.

11       As to overbreadth, Mattel provides no explanation, let alone the required

12   particularity, as to why this interrogatory is supposedly overly broad, nor can it do

13   so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

14   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

15   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

16   Mattel's allegation that MGA, Bratz and IGWT Criminal Enterprises are continuing

17   operations and threaten to continue their wrong conduct against Mattel.

18       As to burden, Mattel has not attempted to demonstrate why responding to

19   this Interrogatory presents any burden.  This objection must therefore be rejected.

20   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

21   1997) ("The party claiming that a discovery request is unduly burdensome must

22   allege specific facts which indicate the nature and extent of the burden, usually by

23   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

24   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

25   evidence.

26       This Interrogatory does not seek responses protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges.  To the

28   extent that Mattel contends that it does, it does not excuse Mattel from responding

MGA's Statement Iso Mtc Further Responses To MGA (HK)
Ltd.'s Interrogatory Nos. 1-25 And MGAE Mexico's
Interrogatory Nos. 1-11
CV 04-9049 SGL (RNBx)

1   with any non-privileged information.  Additionally, to the extent that such

2   privileged material exists, Mattel must provide a privilege log.

3        Mattel objects that the Interrogatory contains confidential and/or proprietary

4   information.  A Protective Order exists in this case, obviating any concern as to

5   protection of privacy rights and/or commercially sensitive information.  Also, this

6   Interrogatory does not seek information violative of any third party's rights of

7   privacy.  The facts, persons, and documents responsive to this Interrogatory are in

8   the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

9   previously has argued, any privacy issues are fully addressed by the Protective

10  Order.

11       In short, Mattel's objections are uniformly without merit and frivolous.  The

12  Discovery Master should order Mattel to provide a substantive response to

13  Interrogatory No. 25 without objection.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    ## MGAE DE MEXICO'S INTERROGATORY NOS. 1-11

2

3    ## RESPONSES TO INTERROGATORIES

4    ## INTERROGATORY NO. 1:

5         IDENTIFY by bates number all DOCUMENTS that contain the trade secrets

6    YOU claim were misappropriated by MGA and IDENTIFY with particularity on a

7    document-by-document basis the information contained within each such

8    DOCUMENT that YOU claim constitutes the trade secrets that were

9    misappropriated by MGA.

10   ## RESPONSE TO INTERROGATORY NO. 1:

11        In addition to the general objections stated above, Mattel specifically objects

12   to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

13   including in that it purports to require Mattel to summarize all facts on these

14   subjects, despite defendants' own refusals to answer interrogatories with the same

15   or comparable language and in conflict with the Court's Orders of February 15,

16   2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

17   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

18   calls for the disclosure of information subject to the attorney-client privilege, the

19   attorney work-product doctrine and other applicable privileges.  Mattel further

20   objects to this Interrogatory on the grounds that it calls for the disclosure of

21   confidential and/or proprietary information, which Mattel will disclose only subject

22   to and in reliance upon the operative protective order.  Mattel further objects to this

23   Interrogatory as compound and seeks to require Mattel to separately and discretely

24   "IDENTIFY with particularity *on a document-by-document basis* the information

25   contained within each such DOCUMENT that YOU claim constitutes the trade

26   secrets that were misappropriated by MGA."  As such, the interrogatory is

27   impermissibly compound and causes the total number of interrogatories served

28   during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

1   Procedure and the Court.  In addition, Mattel objects that this interrogatory is

2   unduly burdensome and oppressive in that it is an impermissible attempt to exceed

3   the number of interrogatories propounded on behalf of Defendant MGA.

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5   **INTERROGATORY NO. 1 SHOULD BE COMPELLED**:

6          Mattel has refused to provide answers in response to this Interrogatory,

7   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

8   Procedure, "the grounds for objecting to an interrogatory must be stated with

9   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

10  basis for an objection with specificity are routinely rejected in the Central District.

11  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

12  ("general or boilerplate objections such as 'overly burdensome and harassing' are

13  improper – especially when a party fails to submit any evidentiary declarations

14  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

15  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

16  inadequate and tantamount to not making any objection at all").  To the extent that

17  Mattel is relying on its blanket objections, they are not sustainable and do not

18  justify Mattel's failure to respond.

19         Mattel also bases its refusal to respond on two equally unavailing arguments

20  with respect to the counting of interrogatories in an effort to avoid responding to

21  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

22  discovery limitation applies such that each *side* in the litigation may only serve 25

23  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

24  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

25  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

26  Opposition to MGA's Motion to Compel Further Responses dated August 5,

27  2009).  While Mattel continues to assert this meritless objection rather than

28  responding to this interrogatory, Mattel cannot identify a single factual or legal

1   basis to support it.  To the contrary, Judge Larson has made clear that there is a

2   "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

3   noted that he has not placed any restrictions on discovery in Phase 2 other than

4   those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

5   (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

6   ███████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████

8   ████████████████████████████████ Molinski Decl., Ex. 8 at 168:23-25 (Order

9   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

10  Master O'Brien noted that ████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████

12  ████████████████ Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

13  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

14  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

15  LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

16  of three defendants and striking down a local rule that allotted interrogatories on a

17  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

18  Mo. 2000) (the court established a scheduling plan that maintained a distinction

19  between interrogatory limitations by "party" and deposition limitations by "side.").

20  Since this interrogatory was propounded by MGA Entertainment (HK) and they

21  have not propounded more than 25 interrogatories, Mattel's objection should be

22  overruled and Mattel must be ordered to provide a substantive response.

23      To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

24  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

25  example, under Mattel's reasoning all counsel, in a multi-defendant case where

26  each defendant is represented by their own counsel, all defendants' counsel would

27  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

28  Such an irrational result is not the intent of Rule 33, nor the federal discovery

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1  statutes.  As noted by Discovery Master O'Brien, ███████████████

2  ████████████████████████████████████████████████████

3  ████████████████████████████████████████████  Molinski

4  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

5  the right of each party in a litigation to serve written discovery.  That the MGA

6  parties happen to be represented by the same counsel does not alter the analysis.

7  Each party must be allowed to serve 25 interrogatories and Mattel must be

8  compelled to answer them.

9         Mattel's second counting argument is that this interrogatory is impermissibly

10 compound. ████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ██████████████████████████  See Molinski Decl., Ex. 13 at 529

14 (Mattel's Motion for Protective Order dated June 29, 2009). ████████████████

15 ████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████

17 █████████████████████████  See Molinski Decl., Ex. 8 at

18 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

19 contains subparts, it is still considered a single interrogatory when it relates to a

20 common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

21 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

22 concerning a 'common theme' should generally be considered a single question.");

23 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

24 WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

25 question regarding a common group of people" not compound (citing 8A Wright et

26 al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

27 R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

28 but a single question . . . even though it may call for an answer containing several

1  separate bits of information, if there is a direct relationship between the various bits

2  of information called for.").

3         This interrogatory seeks a narrative concerning a common theme.  That is, it

4  seeks information concerning the specific trade secrets that Mattel alleges were

5  misappropriated.  This is the exact information that Mattel is required to provide

6  under California law.  See California Code of Civil Procedure § 2019.210

7  (mandating that a party alleging the misappropriation identify each trade secret with

8  reasonable particularity).  Indeed, the basis of the entire interrogatory is to seek

9  information that will ultimately allow MGA to defend against Mattel's trade secret

10  misappropriation claims and is crucial to that defense.  It is virtually impossible to

11  determine the nature of Mattel's claims without a proper identification of what

12  Mattel's claims its trade secrets to be.  As such, this interrogatory should be

13  counted as a single interrogatory and Mattel should be ordered to respond.

14         In addition, Mattel's bare assertion that MGA has "purports to require Mattel

15  to summarize all facts on these subjects, despite defendants' own refusals to answer

16  interrogatories with the same or comparable language" is not only unsupported and

17  false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

18  respond to the Interrogatories would be unaffected.

19         As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to why this interrogatory is supposedly overly broad, nor can it do

21  so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

22  No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

23  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

24  documents that contain trade secret Mattel claims were misappropriated by MGA.

25         As to burden, Mattel has not attempted to demonstrate why responding to

26  this Interrogatory presents any burden.  This objection must therefore be rejected.

27  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

28  1997) ("The party claiming that a discovery request is unduly burdensome must

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the Interrogatory is narrowly tailored to seek only discoverable evidence.

This Interrogatory does not seek responses protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, it does not excuse Mattel from responding with any non-privileged information.  Additionally, to the extent that such privileged material exists, Mattel must provide a privilege log.

Mattel objects that the Interrogatory contains confidential and/or proprietary information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.  Also, this Interrogatory does not seek information violative of any third party's rights of privacy.  The facts, persons, and documents responsive to this Interrogatory are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to Interrogatory No. 1 without objection.

**INTERROGATORY NO. 2:**

State all facts, on a document-by-document basis by bates number, which support your contention that MGA obtained through improper means any MATTEL DOCUMENT containing MATTEL trade secrets identified in response to Request No. 1, above, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts on these subjects.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.  Mattel further objects to this Interrogatory as compound and seeks to require Mattel to separately and discretely "state all facts on a document-by-document basis by bates number, which support your contention that MGA obtained through improper means any MATTEL DOCUMENT containing MATTEL trade secrets identified in response to Request No. 1, above."  As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this interrogatory is unduly burdensome and oppressive in that it is an impermissible attempt to exceed the number of interrogatories propounded on behalf of Defendant MGA.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 2 SHOULD BE COMPELLED**:

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with

1  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

2  basis for an objection with specificity are routinely rejected in the Central District.

3  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

4  ("general or boilerplate objections such as 'overly burdensome and harassing' are

5  improper – especially when a party fails to submit any evidentiary declarations

6  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

7  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

8  inadequate and tantamount to not making any objection at all").  To the extent that

9  Mattel is relying on its blanket objections, they are not sustainable and do not

10  justify Mattel's failure to respond.

11      Mattel also bases its refusal to respond on two equally unavailing arguments

12  with respect to the counting of interrogatories in an effort to avoid responding to

13  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

14  discovery limitation applies such that each *side* in the litigation may only serve 25

15  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

16  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

17  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

18  Opposition to MGA's Motion to Compel Further Responses dated August 5,

19  2009).  While Mattel continues to assert this meritless objection rather than

20  responding to this interrogatory, Mattel cannot identify a single factual or legal

21  basis to support it.  To the contrary, Judge Larson has made clear that there is a

22  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

23  noted that he has not placed any restrictions on discovery in Phase 2 other than

24  those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

25  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

26

27

28          Molinski Decl., Ex. 8 at 168:23-25 (Order

No. 46 dated August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that ████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking down a local rule that allotted interrogatories on a "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court established a scheduling plan that maintained a distinction between interrogatory limitations by "party" and deposition limitations by "side."). Since this interrogatory was propounded by MGA Entertainment (HK) and they have not propounded more than 25 interrogatories, Mattel's objection should be overruled and Mattel must be ordered to provide a substantive response.

To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only entitled to propound 25 interrogatories, would produce a ludicrous result.  For example, under Mattel's reasoning all counsel, in a multi-defendant case where each defendant is represented by their own counsel, all defendants' counsel would be forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As noted by Discovery Master O'Brien, ████████████████████ ████████████████████████████████████████████ ████████████████████████████████████  Molinski Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of each party in a litigation to serve written discovery.  That the MGA parties happen to be represented by the same counsel does not alter the analysis. Each party must be allowed to serve 25 interrogatories and Mattel must be compelled to answer them.

1    Mattel's second counting argument is that this interrogatory is impermissibly

2    compound. ████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████

5    ████████████████████████████████████████ See Molinski Decl., Ex. 13 at 529

6    (Mattel's Motion for Protective Order dated June 29, 2009). ████████████████

7    ████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████

9    ██████████████████████████████████ See Molinski Decl., Ex. 8 at

10   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

11   contains subparts, it is still considered a single interrogatory when it relates to a

12   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

13   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

14   concerning a 'common theme' should generally be considered a single question.");

15   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

16   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

17   question regarding a common group of people" not compound (citing 8A Wright et

18   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

19   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

20   but a single question . . . even though it may call for an answer containing several

21   separate bits of information, if there is a direct relationship between the various bits

22   of information called for.").

23        This interrogatory seeks a narrative concerning a common theme.  That is, it

24   seeks information concerning the specific trade secrets and Mattel's contention that

25   they were acquired by improper means – a key requirement for a claim under the

26   Uniform Trade Secrets Act.  See California Civil Code § 3426.1(a) & (b)(1).  This

27   is also the exact information that Mattel is required to provide under California law.

28   See California Code of Civil Procedure § 2019.210 (mandating that a party alleging

1    the misappropriation identify each trade secret with reasonable particularity).

2    Indeed, the basis of the entire interrogatory is to seek information that will

3    ultimately allow MGA to defend against Mattel's trade secret misappropriation

4    claims and is crucial to that defense.  It is virtually impossible to determine the

5    nature of Mattel's claims without a proper identification of what Mattel's claims its

6    trade secrets to be.  As such, this interrogatory should be counted as a single

7    interrogatory and Mattel should be ordered to respond.

8           In addition, Mattel's bare assertion that MGA has "purports to require Mattel

9    to summarize all facts on these subjects, despite defendants' own refusals to answer

10   interrogatories with the same or comparable language" is not only unsupported and

11   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

12   respond to the Interrogatories would be unaffected.

13          As to overbreadth, Mattel provides no explanation, let alone the required

14   particularity, as to why this interrogatory is supposedly overly broad, nor can it do

15   so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

16   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

17   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

18   facts which support Mattel's contention that MGA obtained through improper

19   means any Mattel documents containing its trade secrets.

20          As to burden, Mattel has not attempted to demonstrate why responding to

21   this Interrogatory presents any burden.  This objection must therefore be rejected.

22   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

23   1997) ("The party claiming that a discovery request is unduly burdensome must

24   allege specific facts which indicate the nature and extent of the burden, usually by

25   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

26   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

27   evidence.

28          This Interrogatory does not seek responses protected by the attorney-client

1   privilege, the attorney work product doctrine, or other applicable privileges.  To the

2   extent that Mattel contends that it does, it does not excuse Mattel from responding

3   with any non-privileged information.  Additionally, to the extent that such

4   privileged material exists, Mattel must provide a privilege log.

5       Mattel objects that the Interrogatory contains confidential and/or proprietary

6   information.  A Protective Order exists in this case, obviating any concern as to

7   protection of privacy rights and/or commercially sensitive information.  Also, this

8   Interrogatory does not seek information violative of any third party's rights of

9   privacy.  The facts, persons, and documents responsive to this Interrogatory are in

10  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

11  previously has argued, any privacy issues are fully addressed by the Protective

12  Order.

13      In short, Mattel's objections are uniformly without merit and frivolous.  The

14  Discovery Master should order Mattel to provide a substantive response to

15  Interrogatory No. 2 without objection.

16

17  **INTERROGATORY NO. 3:**

18      State all facts, on a document-by-document basis by bates number, which

19  support YOUR contention that MGA used or disclosed without the consent of

20  MATTEL any of the MATTEL trade secrets identified in response to Request No.

21  1, above, and IDENTIFY all PERSONS with knowledge of such facts and all

22  DOCUMENTS that REFER OR RELATE to such facts.

23  **RESPONSE TO INTERROGATORY NO. 3:**

24      In addition to the general objections stated above, Mattel specifically objects

25  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

26  including in that it purports to require Mattel to summarize all facts on these

27  subjects, despite defendants' own refusals to answer interrogatories with the same

28  or comparable language and in conflict with the Court's Orders of February 15,

1   2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

2   on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

3   calls for the disclosure of information subject to the attorney-client privilege, the

4   attorney work-product doctrine and other applicable privileges.  Mattel further

5   objects to this Interrogatory on the grounds that it calls for the disclosure of

6   confidential and/or proprietary information, which Mattel will disclose only subject

7   to and in reliance upon the operative protective order.  Mattel further objects to this

8   Interrogatory as compound and seeks to require Mattel to separately and discretely

9   "state all facts *on a document-by-document basis* by bates number, which support

10  YOUR contention that MGA used or disclosed without the consent of MATTEL

11  any of the MATTEL trade secrets identified in response to Request No. 1, above."

12  As such, the interrogatory is impermissibly compound and causes the total number

13  of interrogatories served during Phase 2 discovery to exceed the limits set by the

14  Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this

15  interrogatory is unduly burdensome and oppressive in that it is an impermissible

16  attempt to exceed the number of interrogatories propounded on behalf of Defendant

17  MGA.

18  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

19  **INTERROGATORY NO. 3 SHOULD BE COMPELLED**:

20      Mattel has refused to provide answers in response to this Interrogatory,

21  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

22  Procedure, "the grounds for objecting to an interrogatory must be stated with

23  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

24  basis for an objection with specificity are routinely rejected in the Central District.

25  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

26  ("general or boilerplate objections such as 'overly burdensome and harassing' are

27  improper – especially when a party fails to submit any evidentiary declarations

28  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

2  inadequate and tantamount to not making any objection at all").  To the extent that

3  Mattel is relying on its blanket objections, they are not sustainable and do not

4  justify Mattel's failure to respond.

5       Mattel also bases its refusal to respond on two equally unavailing arguments

6  with respect to the counting of interrogatories in an effort to avoid responding to

7  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

8  discovery limitation applies such that each *side* in the litigation may only serve 25

9  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

10  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

11  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

12  Opposition to MGA's Motion to Compel Further Responses dated August 5,

13  2009).  While Mattel continues to assert this meritless objection rather than

14  responding this interrogatory, Mattel cannot identify a single factual or legal

15  basis to support it.  To the contrary, Judge Larson has made clear that there is a

16  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

17  noted that he has not placed any restrictions on discovery in Phase 2 other than

18  those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

19  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████

22  ████████████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order

23  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

24  Master O'Brien noted that ████████████████████████████████████

25  ████████████████████████████████████████████████

26  ████████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

27  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

28  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

1   <u>LLP</u>, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

2   of three defendants and striking down a local rule that allotted interrogatories on a

3   "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D.

4   Mo. 2000) (the court established a scheduling plan that maintained a distinction

5   between interrogatory limitations by "party" and deposition limitations by "side.").

6   Since this interrogatory was propounded by MGA Entertainment (HK) and they

7   have not propounded more than 25 interrogatories, Mattel's objection should be

8   overruled and Mattel must be ordered to provide a substantive response.

9          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

10  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

11  example, under Mattel's reasoning all counsel, in a multi-defendant case where

12  each defendant is represented by their own counsel, all defendants' counsel would

13  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

14  Such an irrational result is not the intent of Rule 33, nor the federal discovery

15  statutes.  As noted by Discovery Master O'Brien, █████████████████

16  █████████████████████████████████████████████

17  ████████████████████████████████████████ Molinski

18  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

19  the right of each party in a litigation to serve written discovery.  That the MGA

20  parties happen to be represented by the same counsel does not alter the analysis.

21  Each party must be allowed to serve 25 interrogatories and Mattel must be

22  compelled to answer them.

23          Mattel's second counting argument is that this interrogatory is impermissibly

24  compound.  ███████████████████████████████████████

25  █████████████████████████████████████████████

26  █████████████████████████████████████████████

27  ████████████████████████████████ <u>See</u> Molinski Decl., Ex. 13 at 529

28  (Mattel's Motion for Protective Order dated June 29, 2009).  ██████████████

1

2

3                                          See Molinski Decl., Ex. 8 at

4 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

5 contains subparts, it is still considered a single interrogatory when it relates to a

6 common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

7 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

8 concerning a 'common theme' should generally be considered a single question.");

9 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

10 WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

11 question regarding a common group of people" not compound (citing 8A Wright et

12 al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

13 R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

14 but a single question . . . even though it may call for an answer containing several

15 separate bits of information, if there is a direct relationship between the various bits

16 of information called for.").

17            This interrogatory seeks a narrative concerning a common theme.  That is, it

18 seeks information concerning the disclosure of the specific trade secrets that Mattel

19 alleges were misappropriated – a key requirement for a claim under the Uniform

20 Trade Secrets Act.  See California Civil Code § 3426.1(a).  This is also the exact

21 information that Mattel is required to provide under California law.  See California

22 Code of Civil Procedure § 2019.210 (mandating that a party alleging the

23 misappropriation identify each trade secret with reasonable particularity).  Indeed,

24 the basis of the entire interrogatory is to seek information that will ultimately allow

25 MGA to defend against Mattel's trade secret misappropriation claims and is crucial

26 to that defense.  It is virtually impossible to determine the nature of Mattel's claims

27 without a proper identification of what Mattel's claims its trade secrets to be.  As

28 such, this interrogatory should be counted as a single interrogatory and Mattel

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1    should be ordered to respond.

2         In addition, Mattel's bare assertion that MGA has "purports to require Mattel

3    to summarize all facts on these subjects, despite defendants' own refusals to answer

4    interrogatories with the same or comparable language" is not only unsupported and

5    false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

6    respond to the Interrogatories would be unaffected.

7         As to overbreadth, Mattel provides no explanation, let alone the required

8    particularity, as to why this interrogatory is supposedly overly broad, nor can it do

9    so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

10   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

11   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

12   facts which support Mattel's contention that MGA used or disclosed without the

13   consent of Mattel any of its trade secrets.

14        As to burden, Mattel has not attempted to demonstrate why responding to

15   this Interrogatory presents any burden.  This objection must therefore be rejected.

16   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

17   1997) ("The party claiming that a discovery request is unduly burdensome must

18   allege specific facts which indicate the nature and extent of the burden, usually by

19   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

20   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

21   evidence.

22        This Interrogatory does not seek responses protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, it does not excuse Mattel from responding

25   with any non-privileged information.  Additionally, to the extent that such

26   privileged material exists, Mattel must provide a privilege log.

27        Mattel objects that the Interrogatory contains confidential and/or proprietary

28   information.  A Protective Order exists in this case, obviating any concern as to

1   protection of privacy rights and/or commercially sensitive information.  Also, this

2   Interrogatory does not seek information violative of any third party's rights of

3   privacy.  The facts, persons, and documents responsive to this Interrogatory are in

4   the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

5   previously has argued, any privacy issues are fully addressed by the Protective

6   Order.

7        In short, Mattel's objections are uniformly without merit and frivolous.  The

8   Discovery Master should order Mattel to provide a substantive response to

9   Interrogatory No. 3 without objection.

10

11  **INTERROGATORY NO. 4:**

12       State all facts, on a document-by-document basis by bates number, which

13  support YOUR contention that MGA acquired any of the MATTEL trade secrets

14  identified in response to Request No. 1 above, from a person that MGA knew or

15  had reason to know that the trade secret was acquired by improper means, and

16  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

17  REFER OR RELATE to such facts.

18  **RESPONSE TO INTERROGATORY NO. 4:**

19       In addition to the general objections stated above, Mattel specifically objects

20  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

21  including in that it purports to require Mattel to summarize all facts on these

22  subjects, despite defendants' own refusals to answer interrogatories with the same

23  or comparable language and in conflict with the Court's Orders of February 15,

24  2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

25  on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

26  calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges.  Mattel further

28  objects to this Interrogatory on the grounds that it calls for the disclosure of

1  confidential and/or proprietary information, which Mattel will disclose only subject
2  to and in reliance upon the operative protective order.  Mattel further objects to this
3  Interrogatory as compound and seeks to require Mattel to separately and discretely
4  "state all facts **on a document-by-document basis** by bates number, which support
5  your contention that MGA acquired any of the MATTEL trade secrets identified in
6  response to Request No. 1 above, from a person that MGA knew or had reason to
7  know that the trade secret was acquired by improper means."  As such, the
8  interrogatory is impermissibly compound and causes the total number of
9  interrogatories served during Phase 2 discovery to exceed the limits set by the
10  Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this
11  interrogatory is unduly burdensome and oppressive in that it is an impermissible
12  attempt to exceed the number of interrogatories propounded on behalf of Defendant
13  MGA.

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
15  **INTERROGATORY NO. 4 SHOULD BE COMPELLED:**

16        Mattel has refused to provide answers in response to this Interrogatory,
17  subject to its improper boilerplate objections.  Under the Federal Rules of Civil
18  Procedure, "the grounds for objecting to an interrogatory must be stated with
19  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the
20  basis for an objection with specificity are routinely rejected in the Central District.
21  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
22  ("general or boilerplate objections such as 'overly burdensome and harassing' are
23  improper – especially when a party fails to submit any evidentiary declarations
24  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,
25  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
26  inadequate and tantamount to not making any objection at all").  To the extent that
27  Mattel is relying on its blanket objections, they are not sustainable and do not
28  justify Mattel's failure to respond.

1    Mattel also bases its refusal to respond on two equally unavailing arguments

2    with respect to the counting of interrogatories in an effort to avoid responding to

3    this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

4    discovery limitation applies such that each *side* in the litigation may only serve 25

5    interrogatories.  This is the same argument that Mattel has made unsuccessfully in

6    the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

7    Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

8    Opposition to MGA's Motion to Compel Further Responses dated August 5,

9    2009).  While Mattel continues to assert this meritless objection rather than

10   responding to this interrogatory, Mattel cannot identify a single factual or legal

11   basis to support it.  To the contrary, Judge Larson has made clear that there is a

12   "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

13   noted that he has not placed any restrictions on discovery in Phase 2 other than

14   those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

15   (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

16   ███████████████████████████████████████████████████████████

17   ███████████████████████████████████████████████████████████

18   ██████████████████████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order

19   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

20   Master O'Brien noted that ████████████████████████████████████████████████

21   ███████████████████████████████████████████████████████████

22   ████████████████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

23   14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

24   See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

25   LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

26   of three defendants and striking down a local rule that allotted interrogatories on a

27   "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

28   Mo. 2000) (the court established a scheduling plan that maintained a distinction

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1   between interrogatory limitations by "party" and deposition limitations by "side.").

2   Since this interrogatory was propounded by MGA Entertainment (HK) and they

3   have not propounded more than 25 interrogatories, Mattel's objection should be

4   overruled and Mattel must be ordered to provide a substantive response.

5          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

6   entitled to propound 25 interrogatories, would produce a ludicrous result.  For

7   example, under Mattel's reasoning all counsel, in a multi-defendant case where

8   each defendant is represented by their own counsel, all defendants' counsel would

9   be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

10  Such an irrational result is not the intent of Rule 33, nor the federal discovery

11  statutes.  As noted by Discovery Master O'Brien, ████████████████████

12  ████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████   Molinski

14  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

15  the right of each party in a litigation to serve written discovery.  That the MGA

16  parties happen to be represented by the same counsel does not alter the analysis.

17  Each party must be allowed to serve 25 interrogatories and Mattel must be

18  compelled to answer them.

19          Mattel's second counting argument is that this interrogatory is impermissibly

20  compound.  ████████████████████████████████████████████

21  ████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████

23  ███████████████████████████████████████   See Molinski Decl., Ex. 13 at 529

24  (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████

25  ████████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████

27  ███████████████████████████████████████   See Molinski Decl., Ex. 8 at

28  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

MGA's Statement Iso Mtc Further Responses To MGA (HK) Ltd.'s Interrogatory Nos. 1-25 And MGAE Mexico's Interrogatory Nos. 1-11
CV 04-9049 SGL (RNBx)

1    contains subparts, it is still considered a single interrogatory when it relates to a

2    common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

3    Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

4    concerning a 'common theme' should generally be considered a single question.");

5    see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

6    WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

7    question regarding a common group of people" not compound (citing 8A Wright et

8    al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

9    R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

10   but a single question . . . even though it may call for an answer containing several

11   separate bits of information, if there is a direct relationship between the various bits

12   of information called for.").

13       This interrogatory seeks a narrative concerning a common theme.  That is, it

14   seeks information concerning the disclosure of the specific trade secrets that Mattel

15   alleges were misappropriated – a key requirement for a claim under the Uniform

16   Trade Secrets Act.  See California Civil Code § 3426.1(a)(1).  This is the exact

17   information that Mattel is required to provide under California law.  See California

18   Code of Civil Procedure § 2019.210 (mandating that a party alleging the

19   misappropriation identify each trade secret with reasonable particularity).  Indeed,

20   the basis of the entire interrogatory is to seek information that will ultimately allow

21   MGA to defend against Mattel's trade secret misappropriation claims and is crucial

22   to that defense.  It is virtually impossible to determine the nature of Mattel's claims

23   without a proper identification of what Mattel's claims its trade secrets to be.  As

24   such, this interrogatory should be counted as a single interrogatory and Mattel

25   should be ordered to respond.

26       In addition, Mattel's bare assertion that MGA has "purports to require Mattel

27   to summarize all facts on these subjects, despite defendants' own refusals to answer

28   interrogatories with the same or comparable language" is not only unsupported and

1   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

2   respond to the Interrogatories would be unaffected.

3       As to overbreadth, Mattel provides no explanation, let alone the required

4   particularity, as to why this interrogatory is supposedly overly broad, nor can it do

5   so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

6   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

7   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

8   facts which support Mattel's contention that MGA acquired any of the Mattel trade

9   secrets.

10      As to burden, Mattel has not attempted to demonstrate why responding to

11  this Interrogatory presents any burden.  This objection must therefore be rejected.

12  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

13  1997) ("The party claiming that a discovery request is unduly burdensome must

14  allege specific facts which indicate the nature and extent of the burden, usually by

15  affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

16  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

17  evidence.

18      This Interrogatory does not seek responses protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, it does not excuse Mattel from responding

21  with any non-privileged information.  Additionally, to the extent that such

22  privileged material exists, Mattel must provide a privilege log.

23      Mattel objects that the Interrogatory contains confidential and/or proprietary

24  information.  A Protective Order exists in this case, obviating any concern as to

25  protection of privacy rights and/or commercially sensitive information.  Also, this

26  Interrogatory does not seek information violative of any third party's rights of

27  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

28  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

1  previously has argued, any privacy issues are fully addressed by the Protective

2  Order.

3       In short, Mattel's objections are uniformly without merit and frivolous.  The

4  Discovery Master should order Mattel to provide a substantive response to

5  Interrogatory No. 4 without objection.

6  **INTERROGATORY NO. 5:**

7       State all facts, on a document-by-document basis by bates number, which

8  support YOUR contention that the trade secrets identified in response to Request

9  No. 1, above, derived independent economic value from not being generally known

10  to the public or other persons who can obtain economic value from its disclosure or

11  use, and IDENTIFY all PERSONS with knowledge of such facts and all

12  DOCUMENTS that REFER OR RELATE to such facts.

13  **RESPONSE TO INTERROGATORY NO. 5:**

14       In addition to the general objections stated above, Mattel specifically objects

15  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

16  including in that it purports to require Mattel to summarize all facts on these

17  subjects, despite defendants' own refusals to answer interrogatories with the same

18  or comparable language and in conflict with the Court's Orders of February 15,

19  2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

20  on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

21  calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.  Mattel further

23  objects to this Interrogatory on the grounds that it calls for the disclosure of

24  confidential and/or proprietary information, which Mattel will disclose only subject

25  to and in reliance upon the operative protective order.  Mattel further objects to this

26  Interrogatory as compound and seeks to require Mattel to separately and discretely

27  "state all facts *on a document-by-document basis* by bates number, which support

28  your contention that the trade secrets identified in response to Request No. 1,

1   above, derived independent economic value from not being generally known to the

2   public or other persons who can obtain economic value from its disclosure or use."

3   As such, the interrogatory is impermissibly compound and causes the total number

4   of interrogatories served during Phase 2 discovery to exceed the limits set by the

5   Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this

6   interrogatory is unduly burdensome and oppressive in that it is an impermissible

7   attempt to exceed the number of interrogatories propounded on behalf of Defendant

8   MGA.

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

10  **INTERROGATORY NO. 5 SHOULD BE COMPELLED**:

11       Mattel has refused to provide answers in response to this Interrogatory,

12  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

13  Procedure, "the grounds for objecting to an interrogatory must be stated with

14  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

15  basis for an objection with specificity are routinely rejected in the Central District.

16  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

17  ("general or boilerplate objections such as 'overly burdensome and harassing' are

18  improper – especially when a party fails to submit any evidentiary declarations

19  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

20  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

21  inadequate and tantamount to not making any objection at all").  To the extent that

22  Mattel is relying on its blanket objections, they are not sustainable and do not

23  justify Mattel's failure to respond.

24       Mattel also bases its refusal to respond on two equally unavailing arguments

25  with respect to the counting of interrogatories in an effort to avoid responding to

26  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

27  discovery limitation applies such that each *side* in the litigation may only serve 25

28  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

1   the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

2   Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

3   Opposition to MGA's Motion to Compel Further Responses dated August 5,

4   2009).  While Mattel continues to assert this meritless objection rather than

5   responding to this interrogatory, Mattel cannot identify a single factual or legal

6   basis to support it.  To the contrary, Judge Larson has made clear that there is a

7   "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

8   noted that he has not placed any restrictions on discovery in Phase 2 other than

9   those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

10  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

11

12

13                                          Molinski Decl., Ex. 8 at 168:23-25 (Order

14  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

15  Master O'Brien noted that

16

17                        Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

18  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

19  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

20  LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

21  of three defendants and striking down a local rule that allotted interrogatories on a

22  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

23  Mo. 2000) (the court established a scheduling plan that maintained a distinction

24  between interrogatory limitations by "party" and deposition limitations by "side.").

25  Since this interrogatory was propounded by MGA Entertainment (HK) and they

26  have not propounded more than 25 interrogatories, Mattel's objection should be

27  overruled and Mattel must be ordered to provide a substantive response.

28       To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

MGA's Statement Iso Mtc Further Responses To MGA (HK)
Ltd.'s Interrogatory Nos. 1-25 And MGAE Mexico's
Interrogatory Nos. 1-11
CV 04-9049 SGL (RNBx)

1    entitled to propound 25 interrogatories, would produce a ludicrous result.  For

2    example, under Mattel's reasoning all counsel, in a multi-defendant case where

3    each defendant is represented by their own counsel, all defendants' counsel would

4    be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

5    Such an irrational result is not the intent of Rule 33, nor the federal discovery

6    statutes.  As noted by Discovery Master O'Brien, ███████████████████

7    ███████████████████████████████████████████

8    ███████████████████████████████████ Molinski

9    Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

10    the right of each party in a litigation to serve written discovery.  That the MGA

11    parties happen to be represented by the same counsel does not alter the analysis.

12    Each party must be allowed to serve 25 interrogatories and Mattel must be

13    compelled to answer them.

14         Mattel's second counting argument is that this interrogatory is impermissibly

15    compound. ████████████████████████████████████

16    ███████████████████████████████████████████

17    ███████████████████████████████████████████

18    ████████████████████ interrogatories.  See Molinski Decl., Ex. 13 at 529

19    (Mattel's Motion for Protective Order dated June 29, 2009). ███████████

20    ███████████████████████████████████████████

21    ███████████████████████████████████████████

22    ████████████████████████ See Molinski Decl., Ex. 8 at

23    171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

24    contains subparts, it is still considered a single interrogatory when it relates to a

25    common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

26    Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

27    concerning a 'common theme' should generally be considered a single question.");

28    see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

MGA's Statement Iso Mtc Further Responses To MGA (HK)
Ltd.'s Interrogatory Nos. 1-25 And MGAE Mexico's
Interrogatory Nos. 1-11
CV 04-9049 SGL (RNBx)

1   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

2   question regarding a common group of people" not compound (citing 8A Wright et

3   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

4   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

5   but a single question . . . even though it may call for an answer containing several

6   separate bits of information, if there is a direct relationship between the various bits

7   of information called for.").

8          This interrogatory seeks a narrative concerning a common theme.  That is, it

9   seeks information concerning the alleged independent economic value of the

10  specific trade secrets that Mattel alleges were misappropriated – a key requirement

11  for a claim under the Uniform Trade Secrets Act.  See California Civil Code §

12  3426.1(d)(1).  This is also the exact information that Mattel is required to provide

13  under California law.  See California Code of Civil Procedure § 2019.210

14  (mandating that a party alleging the misappropriation identify each trade secret with

15  reasonable particularity).  Indeed, the basis of the entire interrogatory is to seek

16  information that will ultimately allow MGA to defend against Mattel's trade secret

17  misappropriation claims and is crucial to that defense.  It is virtually impossible to

18  determine the nature of Mattel's claims without a proper identification of what

19  Mattel's claims its trade secrets to be.  As such, this interrogatory should be

20  counted as a single interrogatory and Mattel should be ordered to respond.

21         In addition, Mattel's bare assertion that MGA has "purports to require Mattel

22  to summarize all facts on these subjects, despite defendants' own refusals to answer

23  interrogatories with the same or comparable language" is not only unsupported and

24  false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

25  respond to the Interrogatories would be unaffected.

26         As to overbreadth, Mattel provides no explanation, let alone the required

27  particularity, as to why this interrogatory is supposedly overly broad, nor can it do

28  so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

No. 17, dated April 14, 2009 (overruling objections not stated with specificity)). To the contrary, the Interrogatory is narrowly tailored to seek responses concerning facts which support Mattel's contention that the trade secrets identified in response to Request No. 1 above, derived independent economic value from not being generally known.

As to burden, Mattel has not attempted to demonstrate why responding to this Interrogatory presents any burden.  This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the Interrogatory is narrowly tailored to seek only discoverable evidence.

This Interrogatory does not seek responses protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, it does not excuse Mattel from responding with any non-privileged information.  Additionally, to the extent that such privileged material exists, Mattel must provide a privilege log.

Mattel objects that the Interrogatory contains confidential and/or proprietary information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.  Also, this Interrogatory does not seek information violative of any third party's rights of privacy.  The facts, persons, and documents responsive to this Interrogatory are in the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself previously has argued, any privacy issues are fully addressed by the Protective Order.

In short, Mattel's objections are uniformly without merit and frivolous.  The Discovery Master should order Mattel to provide a substantive response to

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK) LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1   Interrogatory No. 5 without objection.

2

3   **INTERROGATORY NO. 6:**

4       State all facts on a document-by-document basis by bates number, which

5   support YOUR contention that the trade secrets identified in responses to Request

6   No. 1, above, was not known to the public or to PERSONS who can obtain

7   economic value from its disclosure or use, and IDENTIFY all PERSONS with

8   knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such

9   facts.

10  **RESPONSE TO INTERROGATORY NO. 6:**

11      In addition to the general objections stated above, Mattel specifically objects

12  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

13  including in that it purports to require Mattel to summarize all facts on these

14  subjects, despite defendants' own refusals to answer interrogatories with the same

15  or comparable language and in conflict with the Court's Orders of February 15,

16  2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

17  on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

18  calls for the disclosure of information subject to the attorney-client privilege, the

19  attorney work-product doctrine and other applicable privileges.  Mattel further

20  objects to this Interrogatory on the grounds that it calls for the disclosure of

21  confidential and/or proprietary information, which Mattel will disclose only subject

22  to and in reliance upon the operative protective order.  Mattel further objects to this

23  Interrogatory as compound and seeks to require Mattel to separately and discretely

24  "state all facts *on a document-by-document basis* by bates number, which support

25  your contention that the trade secrets identified in responses to Request No. 1,

26  above, was not known to the public or to PERSONS who can obtain economic

27  value from its disclosure or use."  As such, the interrogatory is impermissibly

28  compound and causes the total number of interrogatories served during Phase 2

1  discovery to exceed the limits set by the Federal Rules of Civil Procedure and the

2  Court.  In addition, Mattel objects that this interrogatory is unduly burdensome and

3  oppressive in that it is an impermissible attempt to exceed the number of

4  interrogatories propounded on behalf of Defendant MGA.

5  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

6  **INTERROGATORY NO. 6 SHOULD BE COMPELLED**:

7      Mattel has refused to provide answers in response to this Interrogatory,

8  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

9  Procedure, "the grounds for objecting to an interrogatory must be stated with

10  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

11  basis for an objection with specificity are routinely rejected in the Central District.

12  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

13  ("general or boilerplate objections such as 'overly burdensome and harassing' are

14  improper – especially when a party fails to submit any evidentiary declarations

15  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

16  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

17  inadequate and tantamount to not making any objection at all").  To the extent that

18  Mattel is relying on its blanket objections, they are not sustainable and do not

19  justify Mattel's failure to respond.

20      Mattel also bases its refusal to respond on two equally unavailing arguments

21  with respect to the counting of interrogatories in an effort to avoid responding to

22  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

23  discovery limitation applies such that each *side* in the litigation may only serve 25

24  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

25  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

26  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

27  Opposition to MGA's Motion to Compel Further Responses dated August 5,

28  2009).  While Mattel continues to assert this meritless objection rather than

1   responding to this interrogatory, Mattel cannot identify a single factual or legal

2   basis to support it.  To the contrary, Judge Larson has made clear that there is a

3   "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

4   noted that he has not placed any restrictions on discovery in Phase 2 other than

5   those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8

6   (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

7   

8   

9   ███████████████████████████   Molinski Decl., Ex. 8 at 168:23-25 (Order

10  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

11  Master O'Brien noted that ████████████████████████████

12  

13  ███████████████████   Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

14  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

15  <u>See, e.g.</u>, <u>St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,</u>

16  <u>LLP</u>, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

17  of three defendants and striking down a local rule that allotted interrogatories on a

18  "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D.

19  Mo. 2000) (the court established a scheduling plan that maintained a distinction

20  between interrogatory limitations by "party" and deposition limitations by "side.").

21  Since this interrogatory was propounded by MGA Entertainment (HK) and they

22  have not propounded more than 25 interrogatories, Mattel's objection should be

23  overruled and Mattel must be ordered to provide a substantive response.

24        To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

25  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

26  example, under Mattel's reasoning all counsel, in a multi-defendant case where

27  each defendant is represented by their own counsel, all defendants' counsel would

28  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

1   Such an irrational result is not the intent of Rule 33, nor the federal discovery

2   statutes.  As noted by Discovery Master O'Brien, ████████████████

3   ████████████████████████████████████████████████████

4   ████████████████████████████████████████████████ Molinski

5   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

6   the right of each party in a litigation to serve written discovery.  That the MGA

7   parties happen to be represented by the same counsel does not alter the analysis.

8   Each party must be allowed to serve 25 interrogatories and Mattel must be

9   compelled to answer them.

10       Mattel's second counting argument is that this interrogatory is impermissibly

11   compound. ████████████████████████████████████████

12   ████████████████████████████████████████████████

13   ████████████████████████████████████████████████

14   ██████████████████████████ See Molinski Decl., Ex. 13 at 529

15   (Mattel's Motion for Protective Order dated June 29, 2009). ██████████

16   ████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████

18   ██████████████████████████ See Molinski Decl., Ex. 8 at

19   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

20   contains subparts, it is still considered a single interrogatory when it relates to a

21   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

22   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

23   concerning a 'common theme' should generally be considered a single question.");

24   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

25   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

26   question regarding a common group of people" not compound (citing 8A Wright et

27   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

28   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

but a single question . . . even though it may call for an answer containing several separate bits of information, if there is a direct relationship between the various bits of information called for.").

This interrogatory seeks a narrative concerning a common theme.  That is, it seeks information concerning the disclosure of the specific trade secrets that Mattel alleges were misappropriated – a key requirement for a claim under the Uniform Trade Secrets Act.  See California Civil Code § 3426.1.  This is the exact information that Mattel is required to provide under California law.  See California Code of Civil Procedure § 2019.210 (mandating that a party alleging the misappropriation identify each trade secret with reasonable particularity).  Indeed, the basis of the entire interrogatory is to seek information that will ultimately allow MGA to defend against Mattel's trade secret misappropriation claims and is crucial to that defense.  It is virtually impossible to determine the nature of Mattel's claims without a proper identification of what Mattel's claims its trade secrets to be.  As such, this interrogatory should be counted as a single interrogatory and Mattel should be ordered to respond.

In addition, Mattel's bare assertion that MGA has "purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language" is not only unsupported and false, but immaterial – if this were true (and it is not), Mattel's obligation to fully respond to the Interrogatories would be unaffected.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to why this interrogatory is supposedly overly broad, nor can it do so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning facts which support Mattel's contention that the trade secrets identified in responses to Request No. 1, above, was not known to the public or to persons who can obtain

1  economic value from its disclosure.

2       As to burden, Mattel has not attempted to demonstrate why responding to

3  this Interrogatory presents any burden.  This objection must therefore be rejected.

4  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev.

5  1997) ("The party claiming that a discovery request is unduly burdensome must

6  allege specific facts which indicate the nature and extent of the burden, usually by

7  affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

8  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

9  evidence.

10       This Interrogatory does not seek responses protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, it does not excuse Mattel from responding

13  with any non-privileged information.  Additionally, to the extent that such

14  privileged material exists, Mattel must provide a privilege log.

15       Mattel objects that the Interrogatory contains confidential and/or proprietary

16  information.  A Protective Order exists in this case, obviating any concern as to

17  protection of privacy rights and/or commercially sensitive information.  Also, this

18  Interrogatory does not seek information violative of any third party's rights of

19  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

20  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

21  previously has argued, any privacy issues are fully addressed by the Protective

22  Order.

23       In short, Mattel's objections are uniformly without merit and frivolous.  The

24  Discovery Master should order Mattel to provide a substantive response to

25  Interrogatory No. 6 without objection.

26

27  **<u>INTERROGATORY NO. 7</u>:**

28       State all facts, on a document-by-document basis by bates number, that

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBX)

1  support YOUR contention that the trade secrets identified in response to Request

2  No. 1, above, were the subject of efforts that are reasonable under the

3  circumstances to maintain its secrecy, and IDENTIFY all PERSONS with

4  knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such

5  facts.

6  **RESPONSE TO INTERROGATORY NO. 7:**

7      In addition to the general objections stated above, Mattel specifically objects

8  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

9  including in that it purports to require Mattel to summarize all facts on these

10  subjects, despite defendants' own refusals to answer interrogatories with the same

11  or comparable language and in conflict with the Court's Orders of February 15,

12  2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

13  on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

14  calls for the disclosure of information subject to the attorney-client privilege, the

15  attorney work-product doctrine and other applicable privileges.  Mattel further

16  objects to this Interrogatory on the grounds that it calls for the disclosure of

17  confidential and/or proprietary information, which Mattel will disclose only subject

18  to and in reliance upon the operative protective order.  Mattel further objects to this

19  Interrogatory as compound and seeks to require Mattel to separately and discretely

20  "state all facts *on a document-by-document basis* by bates number, which support

21  your contention that the trade secrets identified in responses to Request No. 1,

22  above, were the subject of efforts that are reasonable under the circumstances to

23  maintain its secrecy."  As such, the interrogatory is impermissibly compound and

24  causes the total number of interrogatories served during Phase 2 discovery to

25  exceed the limits set by the Federal Rules of Civil Procedure and the Court.  In

26  addition, Mattel objects that this interrogatory is unduly burdensome and

27  oppressive in that it is an impermissible attempt to exceed the number of

28  interrogatories propounded on behalf of Defendant MGA.

1  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

2  **INTERROGATORY NO. 7 SHOULD BE COMPELLED**:

3       Mattel has refused to provide answers in response to this Interrogatory,

4  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

5  Procedure, "the grounds for objecting to an interrogatory must be stated with

6  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

7  basis for an objection with specificity are routinely rejected in the Central District.

8  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

9  ("general or boilerplate objections such as 'overly burdensome and harassing' are

10 improper – especially when a party fails to submit any evidentiary declarations

11 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

12 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

13 inadequate and tantamount to not making any objection at all").  To the extent that

14 Mattel is relying on its blanket objections, they are not sustainable and do not

15 justify Mattel's failure to respond.

16      Mattel also bases its refusal to respond on two equally unavailing arguments

17 with respect to the counting of interrogatories in an effort to avoid responding to

18 this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

19 discovery limitation applies such that each *side* in the litigation may only serve 25

20 interrogatories.  This is the same argument that Mattel has made unsuccessfully in

21 the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

22 Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

23 Opposition to MGA's Motion to Compel Further Responses dated August 5,

24 2009).  While Mattel continues to assert this meritless objection rather than

25 responding to this interrogatory, Mattel cannot identify a single factual or legal

26 basis to support it.  To the contrary, Judge Larson has made clear that there is a

27 "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

28 noted that he has not placed any restrictions on discovery in Phase 2 other than

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBX)

1   those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8

2   (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

3   

4   

5   Molinski Decl., Ex. 8 at 168:23-25 (Order

6   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

7   Master O'Brien noted that

8   

9   Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

10  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

11  <u>See, e.g.</u>, <u>St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,</u>

12  <u>LLP</u>, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

13  of three defendants and striking down a local rule that allotted interrogatories on a

14  "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D.

15  Mo. 2000) (the court established a scheduling plan that maintained a distinction

16  between interrogatory limitations by "party" and deposition limitations by "side.").

17  Since this interrogatory was propounded by MGA Entertainment (HK) and they

18  have not propounded more than 25 interrogatories, Mattel's objection should be

19  overruled and Mattel must be ordered to provide a substantive response.

20      To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

21  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

22  example, under Mattel's reasoning all counsel, in a multi-defendant case where

23  each defendant is represented by their own counsel, all defendants' counsel would

24  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

25  Such an irrational result is not the intent of Rule 33, nor the federal discovery

26  statutes.  As noted by Discovery Master O'Brien,

27  

28  Molinski

1  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

2  the right of each party in a litigation to serve written discovery.  That the MGA

3  parties happen to be represented by the same counsel does not alter the analysis.

4  Each party must be allowed to serve 25 interrogatories and Mattel must be

5  compelled to answer them.

6        Mattel's second counting argument is that this interrogatory is impermissibly

7  compound.  ████████████████████████████████████████████████████

8  ██████████████████████████████████████████████████████████████

9  ██████████████████████████████████████████████

10  ████████████████████████████████████  See Molinski Decl., Ex. 13 at 529

11  (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████

12  ██████████████████████████████████████████████████████████████

13  ██████████████████████████████████████████████████████████

14  ████████████████████████████████████  See Molinski Decl., Ex. 8 at

15  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

16  contains subparts, it is still considered a single interrogatory when it relates to a

17  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

18  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

19  concerning a 'common theme' should generally be considered a single question.");

20  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

21  WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

22  question regarding a common group of people" not compound (citing 8A Wright et

23  al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

24  R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

25  but a single question . . . even though it may call for an answer containing several

26  separate bits of information, if there is a direct relationship between the various bits

27  of information called for.").

28        This interrogatory seeks a narrative concerning a common theme.  That is, it

1    seeks information concerning whether the purported trade secrets were, in fact, kept

2    secret – a key requirement for a claim under the Uniform Trade Secrets Act.  See

3    California Civil Code § 3426.1.  This is the exact information that Mattel is

4    required to provide under California law.  See California Code of Civil Procedure §

5    2019.210 (mandating that a party alleging the misappropriation identify each trade

6    secret with reasonable particularity).  Indeed, the basis of the entire interrogatory is

7    to seek information that will ultimately allow MGA to defend against Mattel's trade

8    secret misappropriation claims and is crucial to that defense.  It is virtually

9    impossible to determine the nature of Mattel's claims without a proper

10   identification of what Mattel's claims its trade secrets to be.  As such, this

11   interrogatory should be counted as a single interrogatory and Mattel should be

12   ordered to respond.

13        In addition, Mattel's bare assertion that MGA has "purports to require Mattel

14   to summarize all facts on these subjects, despite defendants' own refusals to answer

15   interrogatories with the same or comparable language" is not only unsupported and

16   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

17   respond to the Interrogatories would be unaffected.

18        As to overbreadth, Mattel provides no explanation, let alone the required

19   particularity, as to why this interrogatory is supposedly overly broad, nor can it do

20   so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

21   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

22   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

23   facts that support Mattel's contention that the trade secrets identified in response to

24   Request No. 1, above, were the subject of efforts that are reasonable under the

25   circumstances to maintain its secrecy.

26        As to burden, Mattel has not attempted to demonstrate why responding to

27   this Interrogatory presents any burden.  This objection must therefore be rejected.

28   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

1   1997) ("The party claiming that a discovery request is unduly burdensome must

2   allege specific facts which indicate the nature and extent of the burden, usually by

3   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

4   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

5   evidence.

6      This Interrogatory does not seek responses protected by the attorney-client

7   privilege, the attorney work product doctrine, or other applicable privileges.  To the

8   extent that Mattel contends that it does, it does not excuse Mattel from responding

9   with any non-privileged information.  Additionally, to the extent that such

10  privileged material exists, Mattel must provide a privilege log.

11     Mattel objects that the Interrogatory contains confidential and/or proprietary

12  information.  A Protective Order exists in this case, obviating any concern as to

13  protection of privacy rights and/or commercially sensitive information.  Also, this

14  Interrogatory does not seek information violative of any third party's rights of

15  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

16  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

17  previously has argued, any privacy issues are fully addressed by the Protective

18  Order.

19     In short, Mattel's objections are uniformly without merit and frivolous.  The

20  Discovery Master should order Mattel to provide a substantive response to

21  Interrogatory No. 7 without objection.

22

23  **<u>INTERROGATORY NO. 8:</u>**

24     State all facts regarding MGAE de Mexico, S.R.L. de C.V.'s conducting or

25  participating, directly or indirectly, in the conduct of the affairs of a RICO

26  enterprise through a pattern of racketeering activity (as alleged in the Counterclaims

27  of the TAAC).

28

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on this subject, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on this subject. Mattel further objects to this interrogatory as vague and ambiguous, including as to time. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as the interrogatory, combined with the compound interrogatories propounded together with it, causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 8 SHOULD BE COMPELLED:**

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are

1   improper – especially when a party fails to submit any evidentiary declarations

2   supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>,

3   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

4   inadequate and tantamount to not making any objection at all").  To the extent that

5   Mattel is relying on its blanket objections, they are not sustainable and do not

6   justify Mattel's failure to respond.

7          Mattel also bases its refusal to respond on two equally unavailing arguments

8   with respect to the counting of interrogatories in an effort to avoid responding to

9   this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

10  discovery limitation applies such that each *side* in the litigation may only serve 25

11  interrogatories.  This is the same argument that Mattel has made unsuccessfully in

12  the past.  <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

13  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

14  Opposition to MGA's Motion to Compel Further Responses dated August 5,

15  2009).  While Mattel continues to assert this meritless objection rather than

16  responding to this interrogatory, Mattel cannot identify a single factual or legal

17  basis to support it.  To the contrary, Judge Larson has made clear that there is a

18  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

19  noted that he has not placed any restrictions on discovery in Phase 2 other than

20  those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8

21  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

22  ███████████████████████████████████████████████████████████

23  ███████████████████████████████████████████████████████████

24  ███████████████████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order

25  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

26  Master O'Brien noted that ████████████████████████████████████████████

27  ███████████████████████████████████████████████████████████

28  ████████████████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

- 188 -

14, 2009).  The ruling is unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking down a local rule that allotted interrogatories on a "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court established a scheduling plan that maintained a distinction between interrogatory limitations by "party" and deposition limitations by "side."). Since this interrogatory was propounded by MGA Entertainment (HK) and they have not propounded more than 25 interrogatories, Mattel's objection should be overruled and Mattel must be ordered to provide a substantive response.

To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only entitled to propound 25 interrogatories, would produce a ludicrous result.  For example, under Mattel's reasoning all counsel, in a multi-defendant case where each defendant is represented by their own counsel, all defendants' counsel would be forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As noted by Discovery Master O'Brien,                                   Molinski Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of each party in a litigation to serve written discovery.  That the MGA parties happen to be represented by the same counsel does not alter the analysis. Each party must be allowed to serve 25 interrogatories and Mattel must be compelled to answer them.

Mattel's second counting argument is that this interrogatory is impermissibly compound.

1   ████████████████████████████████████████ See Molinski Decl., Ex. 13 at 529

2   (Mattel's Motion for Protective Order dated June 29, 2009). ██████████████

3   ███████████████████████████████████████████████████████████████

4   ███████████████████████████████████████████████████████████████

5   ██████████████████████████████████████████ See Molinski Decl., Ex. 8 at

6   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

7   contains subparts, it is still considered a single interrogatory when it relates to a

8   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

9   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

10  concerning a 'common theme' should generally be considered a single question.");

11  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

12  WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

13  question regarding a common group of people" not compound (citing 8A Wright et

14  al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

15  R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

16  but a single question . . . even though it may call for an answer containing several

17  separate bits of information, if there is a direct relationship between the various bits

18  of information called for.").

19      This interrogatory seeks a narrative concerning a common theme.  That is, it

20  seeks information concerning Mattel's claim that MGAE de Mexico, S.R.L. de

21  C.V.'s conducted or participated in conduct of the affairs of a RICO enterprise

22  through a pattern of racketeering activity.  Indeed, the basis of the entire

23  interrogatory is to seek information that will ultimately allow MGA to defend

24  against Mattel's RICO allegations and is crucial to that defense.  As such, this

25  interrogatory should be counted as a single interrogatory and Mattel should be

26  ordered to respond.

27      In addition, Mattel's bare assertion that MGA has "purports to require

28  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1  answer interrogatories with the same or comparable language" is not only

2  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

3  obligation to fully respond to the Interrogatories would be unaffected.

4      As to overbreadth, Mattel provides no explanation, let alone the required

5  particularity, as to why this interrogatory is supposedly overly broad, nor can it do

6  so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

7  No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

8  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

9  facts regarding MGAE de Mexico, S.R.L. de C.V.'s participation in the affairs of a

10  RICO enterprise through a pattern of racketeering activity.

11      As to burden, Mattel has not attempted to demonstrate why responding to

12  this Interrogatory presents any burden.  This objection must therefore be rejected.

13  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

14  1997) ("The party claiming that a discovery request is unduly burdensome must

15  allege specific facts which indicate the nature and extent of the burden, usually by

16  affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

17  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

18  evidence.

19      This Interrogatory does not seek responses protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges.  To the

21  extent that Mattel contends that it does, it does not excuse Mattel from responding

22  with any non-privileged information.  Additionally, to the extent that such

23  privileged material exists, Mattel must provide a privilege log.

24      Mattel objects that the Interrogatory contains confidential and/or proprietary

25  information.  A Protective Order exists in this case, obviating any concern as to

26  protection of privacy rights and/or commercially sensitive information.  Also, this

27  Interrogatory does not seek information violative of any third party's rights of

28  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

1  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

2  previously has argued, any privacy issues are fully addressed by the Protective

3  Order.

4       Further, the Interrogatory is entirely clear as to time – it refers to the time

5  period as defined by Mattel's allegation and claim of RICO violation.  It seeks

6  information on which Mattel plans to rely to prove its claims.  Mattel's objection

7  that this definition is vague and ambiguous as to time should therefore be rejected.

8       In short, Mattel's objections are uniformly without merit and frivolous.  The

9  Discovery Master should order Mattel to provide a substantive response to

10  Interrogatory No. 8 without objection.

11

12  **INTERROGATORY NO. 9:**

13       IDENTIFY all communications since January 1, 2001, between MATTEL

14  and government entities (federal, state or local, domestic or foreign) regarding

15  alleged misconduct by MGA (or its subsidiaries, affiliates, agents, or employees),

16  and/or alleged misconduct by former MATTEL employees who worked for MGA,

17  including but not limited to the predicate acts and patterns of racketeering alleged in

18  the Second and Third Counterclaims of the TAAC.

19  **RESPONSE TO INTERROGATORY NO. 9:**

20       In addition to the general objections stated above, Mattel specifically objects

21  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

22  including in that it purports to require Mattel to summarize all facts on this subject,

23  despite defendants' own refusals to answer interrogatories with the same or

24  comparable language and in conflict with the Court's Orders of February 15, 2008

25  and February 20, 2008.  Mattel will not attempt to state or summarize all facts on

26  this subject.  Mattel further objects to this interrogatory as vague and ambiguous,

27  including as to time.  Mattel further objects to this Interrogatory on the grounds that

28  it calls for the disclosure of information subject to the attorney-client privilege, the

1    attorney work-product doctrine and other applicable privileges.  Mattel further

2    objects to this Interrogatory on the grounds that it calls for the disclosure of

3    confidential and/or proprietary information, which Mattel will disclose only subject

4    to and in reliance upon the operative protective order.  Mattel further objects to this

5    Interrogatory as the interrogatory, combined with the compound interrogatories

6    propounded together with it, causes the total number of interrogatories served

7    during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

8    Procedure and the Court.  In addition, Mattel objects that this interrogatory is

9    unduly burdensome and oppressive in that it is an impermissible attempt to exceed

10   the number of interrogatories propounded on behalf of Defendant MGA.

11   **<u>FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO</u>**

12   **<u>INTERROGATORY NO. 9 SHOULD BE COMPELLED</u>**:

13       Mattel has refused to provide answers in response to this Interrogatory,

14   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

15   Procedure, "the grounds for objecting to an interrogatory must be stated with

16   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

17   basis for an objection with specificity are routinely rejected in the Central District.

18   <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

19   ("general or boilerplate objections such as 'overly burdensome and harassing' are

20   improper – especially when a party fails to submit any evidentiary declarations

21   supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n</u>,

22   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

23   inadequate and tantamount to not making any objection at all").  To the extent that

24   Mattel is relying on its blanket objections, they are not sustainable and do not

25   justify Mattel's failure to respond.

26       Mattel also bases its refusal to respond on two equally unavailing arguments

27   with respect to the counting of interrogatories in an effort to avoid responding to

28   this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

1    discovery limitation applies such that each *side* in the litigation may only serve 25

2    interrogatories.  This is the same argument that Mattel has made unsuccessfully in

3    the past.  <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

4    Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

5    Opposition to MGA's Motion to Compel Further Responses dated August 5,

6    2009).  While Mattel continues to assert this meritless objection rather than

7    responding to this interrogatory, Mattel cannot identify a single factual or legal

8    basis to support it.  To the contrary, Judge Larson has made clear that there is a

9    "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

10   noted that he has not placed any restrictions on discovery in Phase 2 other than

11   those set by the Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8

12   (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

13   

14   

15                                                       Molinski Decl., Ex. 8 at 168:23-25 (Order

16   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

17   Master O'Brien noted that

18   

19                                        Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

20   14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

21   <u>See, e.g.</u>, <u>St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,</u>

22   <u>LLP</u>, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

23   of three defendants and striking down a local rule that allotted interrogatories on a

24   "per side" basis); <u>Missouri Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D.

25   Mo. 2000) (the court established a scheduling plan that maintained a distinction

26   between interrogatory limitations by "party" and deposition limitations by "side.").

27   Since this interrogatory was propounded by MGA Entertainment (HK) and they

28   have not propounded more than 25 interrogatories, Mattel's objection should be

1    overruled and Mattel must be ordered to provide a substantive response.

2            To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

3    entitled to propound 25 interrogatories, would produce a ludicrous result.  For

4    example, under Mattel's reasoning all counsel, in a multi-defendant case where

5    each defendant is represented by their own counsel, all defendants' counsel would

6    be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

7    Such an irrational result is not the intent of Rule 33, nor the federal discovery

8    statutes.  As noted by Discovery Master O'Brien, ███████████████████

9    ███████████████████████████████████████████████

10   ███████████████████████████████████████   Molinski

11   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

12   the right of each party in a litigation to serve written discovery.  That the MGA

13   parties happen to be represented by the same counsel does not alter the analysis.

14   Each party must be allowed to serve 25 interrogatories and Mattel must be

15   compelled to answer them.

16           Mattel's second counting argument is that this interrogatory is impermissibly

17   compound.  ████████████████████████████████████████

18   ████████████████████████████████████████████████

19   ████████████████████████████████████████████████

20   ███████████████████████   See Molinski Decl., Ex. 13 at 529

21   (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████

22   ████████████████████████████████████████████████

23   ████████████████████████████████████████████████

24   ████████████████████████   See Molinski Decl., Ex. 8 at

25   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

26   contains subparts, it is still considered a single interrogatory when it relates to a

27   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

28   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

1   concerning a 'common theme' should generally be considered a single question.");
2   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005
3   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same
4   question regarding a common group of people" not compound (citing 8A Wright et
5   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern
6   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as
7   but a single question . . . even though it may call for an answer containing several
8   separate bits of information, if there is a direct relationship between the various bits
9   of information called for.").

10      This interrogatory seeks a narrative concerning a common theme.  That is, it
11   seeks information concerning specific allegations in Mattel's Second and Third
12   Counterclaims of the TAAC and how, if true, those allegations constitute a RICO
13   violation.  Indeed, the basis of the entire interrogatory is to seek information that
14   will ultimately allow MGA to defend against Mattel's RICO allegations and is
15   crucial to that defense.  As such, this interrogatory should be counted as a single
16   interrogatory and Mattel should be ordered to respond.

17      In addition, Mattel's bare assertion that MGA has "purports to require Mattel
18   to summarize all facts on these subjects, despite defendants' own refusals to answer
19   interrogatories with the same or comparable language" is not only unsupported and
20   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully
21   respond to the Interrogatories would be unaffected.

22      As to overbreadth, Mattel provides no explanation, let alone the required
23   particularity, as to why this interrogatory is supposedly overly broad, nor can it do
24   so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order
25   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).
26   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning
27   communications since January 1, 2001 between Mattel and government entities
28   regarding alleged misconduct by MGA (or its subsidiaries, affiliates, agents, or

1   employees), and/or alleged misconduct by former MATTEL employees who

2   worked for MGA.

3       As to burden, Mattel has not attempted to demonstrate why responding to

4   this Interrogatory presents any burden.  This objection must therefore be rejected.

5   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

6   1997) ("The party claiming that a discovery request is unduly burdensome must

7   allege specific facts which indicate the nature and extent of the burden, usually by

8   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

9   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

10  evidence.

11      This Interrogatory does not seek responses protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, it does not excuse Mattel from responding

14  with any non-privileged information.  Additionally, to the extent that such

15  privileged material exists, Mattel must provide a privilege log.

16      Mattel objects that the Interrogatory contains confidential and/or proprietary

17  information.  A Protective Order exists in this case, obviating any concern as to

18  protection of privacy rights and/or commercially sensitive information.  Also, this

19  Interrogatory does not seek information violative of any third party's rights of

20  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

21  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

22  previously has argued, any privacy issues are fully addressed by the Protective

23  Order.

24      Further, the Interrogatory is entirely clear as to time – it refers to

25  communications since January 1, 2001.  It seeks communications of Mattel's

26  attempt to use its influence to affect the outcome of investigations.  Moreover Judge

27  Larson recently ordered that one of the Mattel employees appear to address his

28  gifting of Mattel toys to address the allegations.  (September 3, 2009, Court Order).

1   These interrogatory is intended to discover similar information.  Mattel's objection

2   that this definition is vague and ambiguous should therefore be rejected.

3       In short, Mattel's objections are uniformly without merit and frivolous.  The

4   Discovery Master should order Mattel to provide a substantive response to

5   Interrogatory No. 9 without objection.

6

7   **INTERROGATORY NO. 10:**

8       With respect to the allegation in paragraphs 44 — 61 of the Counterclaims of

9   the TAAC, that the defendants stole MATTEL trade secrets in Mexico, state all

10  facts regarding:

11      (a)    every RICO predicate act committed through that conduct;

12      (b)    which PERSONS employed by or associated with which RICO

13  enterprises committed those predicate acts;

14      (c)    the injuries to Mattel's business or property proximately caused by

15  those predicate acts;

16      (d)    how MATTEL has calculated or estimated the dollar value of those

17  injuries (and if it has not, why not); and

18      (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

19  information requested in this Interrogatory.

20  **RESPONSE TO INTERROGATORY NO. 10:**

21      In addition to the general objections stated above, Mattel specifically objects

22  to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

23  including in that it purports to require Mattel to summarize all facts on these

24  subjects, despite defendants' own refusals to answer interrogatories with the same

25  or comparable language and in conflict with the Court's Orders of February 15,

26  2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

27  on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

28  calls for the disclosure of information subject to the attorney-client privilege, the

1   attorney work-product doctrine and other applicable privileges.  Mattel further

2   objects to this Interrogatory on the grounds that it calls for the disclosure of

3   confidential and/or proprietary information, which Mattel will disclose only subject

4   to and in reliance upon the operative protective order.  Mattel further objects to this

5   Interrogatory as compound and seeks to require Mattel to provide separate discrete

6   responses as to "every RICO predicate act committed through that conduct."  As

7   such, the interrogatory is impermissibly compound and causes the total number of

8   interrogatories served during Phase 2 discovery to exceed the limits set by the

9   Federal Rules of Civil Procedure and the Court.

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

11  **INTERROGATORY NO. 10 SHOULD BE COMPELLED:**

12          Mattel has refused to provide answers in response to this Interrogatory,

13  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

14  Procedure, "the grounds for objecting to an interrogatory must be stated with

15  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

16  basis for an objection with specificity are routinely rejected in the Central District.

17  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

18  ("general or boilerplate objections such as 'overly burdensome and harassing' are

19  improper – especially when a party fails to submit any evidentiary declarations

20  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

21  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

22  inadequate and tantamount to not making any objection at all").  To the extent that

23  Mattel is relying on its blanket objections, they are not sustainable and do not

24  justify Mattel's failure to respond.

25          Mattel also bases its refusal to respond on two equally unavailing arguments

26  with respect to the counting of interrogatories in an effort to avoid responding to

27  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent

28  discovery limitation applies such that each ***side*** in the litigation may only serve 25

1   interrogatories.  This is the same argument that Mattel has made unsuccessfully in

2   the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective

3   Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's

4   Opposition to MGA's Motion to Compel Further Responses dated August 5,

5   2009).  While Mattel continues to assert this meritless objection rather than

6   responding to this interrogatory, Mattel cannot identify a single factual or legal

7   basis to support it.  To the contrary, Judge Larson has made clear that there is a

8   "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson

9   noted that he has not placed any restrictions on discovery in Phase 2 other than

10  those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8

11  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

12  ████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████

14  ████████████████████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order

15  No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

16  Master O'Brien noted that ███████████████████████████████████████

17  ████████████████████████████████████████████████████████████

18  ████████████  Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

19  14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

20  See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

21  LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

22  of three defendants and striking down a local rule that allotted interrogatories on a

23  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

24  Mo. 2000) (the court established a scheduling plan that maintained a distinction

25  between interrogatory limitations by "party" and deposition limitations by "side.").

26  Since this interrogatory was propounded by MGA Entertainment (HK) and they

27  have not propounded more than 25 interrogatories, Mattel's objection should be

28  overruled and Mattel must be ordered to provide a substantive response.

1    To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

2    entitled to propound 25 interrogatories, would produce a ludicrous result.  For

3    example, under Mattel's reasoning all counsel, in a multi-defendant case where

4    each defendant is represented by their own counsel, all defendants' counsel would

5    be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

6    Such an irrational result is not the intent of Rule 33, nor the federal discovery

7    statutes.  As noted by Discovery Master O'Brien, ████████████████

8    ████████████████████████████████████████████████

9    ████████████████████████████████████████  Molinski

10   Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

11   the right of each party in a litigation to serve written discovery.  That the MGA

12   parties happen to be represented by the same counsel does not alter the analysis.

13   Each party must be allowed to serve 25 interrogatories and Mattel must be

14   compelled to answer them.

15   Mattel's second counting argument is that this interrogatory is impermissibly

16   compound.  ██████████████████████████████████████

17   ████████████████████████████████████████████████

18   ████████████████████████████████████████████████

19   ███████████████████████  See Molinski Decl., Ex. 13 at 529

20   (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████

21   ████████████████████████████████████████████████

22   ████████████████████████████████████████████████

23   ██████████████████████  See Molinski Decl., Ex. 8 at

24   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

25   contains subparts, it is still considered a single interrogatory when it relates to a

26   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

27   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

28   concerning a 'common theme' should generally be considered a single question.");

1   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

2   WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

3   question regarding a common group of people" not compound (citing 8A Wright et

4   al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

5   R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

6   but a single question . . . even though it may call for an answer containing several

7   separate bits of information, if there is a direct relationship between the various bits

8   of information called for.").

9          This interrogatory seeks a narrative concerning a common theme.  That is, it

10   seeks information concerning specific allegations in Mattel's TAAC and how, if

11   true, those allegations constitute a RICO violation.  The request is structured to aid

12   Mattel in responding to the interrogatory and seeks only information that a

13   responding party would reasonably expect to receive in response, even if the level

14   of request detail were not included.  Indeed, the basis of the entire interrogatory is

15   to seek information that will ultimately allow MGA to defend against Mattel's

16   RICO allegations and is crucial to that defense.  As such, this interrogatory should

17   be counted as a single interrogatory and Mattel should be ordered to respond.

18          In addition, Mattel's bare assertion that MGA has "purports to require Mattel

19   to summarize all facts on these subjects, despite defendants' own refusals to answer

20   interrogatories with the same or comparable language" is not only unsupported and

21   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

22   respond to the Interrogatories would be unaffected.

23          As to overbreadth, Mattel provides no explanation, let alone the required

24   particularity, as to why this interrogatory is supposedly overly broad, nor can it do

25   so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

26   No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

27   To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

28   Mattel's allegation in paragraphs 44-61 of the Counterclaims of the TAAC that the

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBx)

1  defendants stole Mattel trade secrets in Mexico.

2      As to burden, Mattel has not attempted to demonstrate why responding to

3  this Interrogatory presents any burden.  This objection must therefore be rejected.

4  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

5  1997) ("The party claiming that a discovery request is unduly burdensome must

6  allege specific facts which indicate the nature and extent of the burden, usually by

7  affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

8  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

9  evidence.

10     This Interrogatory does not seek responses protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, it does not excuse Mattel from responding

13  with any non-privileged information.  Additionally, to the extent that such

14  privileged material exists, Mattel must provide a privilege log.

15     Mattel objects that the Interrogatory contains confidential and/or proprietary

16  information.  A Protective Order exists in this case, obviating any concern as to

17  protection of privacy rights and/or commercially sensitive information.  Also, this

18  Interrogatory does not seek information violative of any third party's rights of

19  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

20  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

21  previously has argued, any privacy issues are fully addressed by the Protective

22  Order.

23     In short, Mattel's objections are uniformly without merit and frivolous.  The

24  Discovery Master should order Mattel to provide a substantive response to

25  Interrogatory No. 10 without objection.

26

27  **INTERROGATORY NO. 11:**

28      As to each allegation upon information and belief as alleged in the

1   Counterclaims of the TAAC, state all facts regarding the sources of the information

2   alleged, when the information was acquired from each source, and all inferences or

3   conclusions you have drawn that support the stated belief.

4   **RESPONSE TO INTERROGATORY NO. 11:**

5     In addition to the general objections stated above, Mattel specifically objects

6   to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad,

7   including in that it purports to require Mattel to summarize all facts on these

8   subjects, despite defendants' own refusals to answer interrogatories with the same

9   or comparable language and in conflict with the Court's Orders of February 15,

10  2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts

11  on these subjects.  Mattel further objects to this Interrogatory on the grounds that it

12  calls for the disclosure of information subject to the attorney-client privilege, the

13  attorney work-product doctrine and other applicable privileges.  Mattel further

14  objects to this Interrogatory on the grounds that it calls for the disclosure of

15  confidential and/or proprietary information, which Mattel will disclose only subject

16  to and in reliance upon the operative protective order.  Mattel further objects to this

17  Interrogatory as compound and seeks to require Mattel to provide separate discrete

18  responses as to "each allegation upon information and belief as alleged in the

19  Counterclaims of the TAAC."  As such, the interrogatory is impermissibly

20  compound and causes the total number of interrogatories served during Phase 2

21  discovery to exceed the limits set by the Federal Rules of Civil Procedure and the

22  Court.  In addition, Mattel objects that this interrogatory is unduly burdensome and

23  oppressive in that it is an impermissible attempt to exceed the number of

24  interrogatories propounded on behalf of Defendants other than MGAE.

25  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

26  **INTERROGATORY NO. 11 SHOULD BE COMPELLED:**

27    Mattel has refused to provide answers in response to this Interrogatory,

28  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

1   Procedure, "the grounds for objecting to an interrogatory must be stated with
2   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the
3   basis for an objection with specificity are routinely rejected in the Central District.
4   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
5   ("general or boilerplate objections such as 'overly burdensome and harassing' are
6   improper – especially when a party fails to submit any evidentiary declarations
7   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,
8   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
9   inadequate and tantamount to not making any objection at all").  To the extent that
10  Mattel is relying on its blanket objections, they are not sustainable and do not
11  justify Mattel's failure to respond.
12      Mattel also bases its refusal to respond on two equally unavailing arguments
13  with respect to the counting of interrogatories in an effort to avoid responding to
14  this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent
15  discovery limitation applies such that each *side* in the litigation may only serve 25
16  interrogatories.  This is the same argument that Mattel has made unsuccessfully in
17  the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective
18  Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's
19  Opposition to MGA's Motion to Compel Further Responses dated August 5,
20  2009).  While Mattel continues to assert this meritless objection rather than
21  responding to this interrogatory, Mattel cannot identify a single factual or legal
22  basis to support it.  To the contrary, Judge Larson has made clear that there is a
23  "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson
24  noted that he has not placed any restrictions on discovery in Phase 2 other than
25  those set by the Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8
26  (Transcript of February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has

27  ████████████████████████████████████
28  ████████████████████████████████████

MGA's Statement Iso Mtc Further Responses To MGA (HK) Ltd.'s Interrogatory Nos. 1-25 And MGAE Mexico's Interrogatory Nos. 1-11
CV 04-9049 SGL (RNBx)

1   ████████████████████████████   Molinski Decl., Ex. 8 at 168:23-25 (Order

2   No. 46 dated August 14, 2009).  Indeed in that same order, Discovery

3   Master O'Brien noted that ██████████████████████████████████████

4   ████████████████████████████████████████████████████████████████

5   ████████████████████   Molinski Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August

6   14, 2009).  The ruling is unsurprising as case law also supports this interpretation.

7   See, e.g., St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch,

8   LLP, 217 F.R.D. 288, 289 (D. Mass. 2003) (permitting 25 interrogatories for each

9   of three defendants and striking down a local rule that allotted interrogatories on a

10  "per side" basis); Missouri Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D.

11  Mo. 2000) (the court established a scheduling plan that maintained a distinction

12  between interrogatory limitations by "party" and deposition limitations by "side.").

13  Since this interrogatory was propounded by MGA Entertainment (HK) and they

14  have not propounded more than 25 interrogatories, Mattel's objection should be

15  overruled and Mattel must be ordered to provide a substantive response.

16        To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit is only

17  entitled to propound 25 interrogatories, would produce a ludicrous result.  For

18  example, under Mattel's reasoning all counsel, in a multi-defendant case where

19  each defendant is represented by their own counsel, all defendants' counsel would

20  be forced to agree on a single set of 25 interrogatories to propound on plaintiff.

21  Such an irrational result is not the intent of Rule 33, nor the federal discovery

22  statutes.  As noted by Discovery Master O'Brien, ██████████████████████

23  ████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████   Molinski

25  Decl., Ex. 8 at 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is

26  the right of each party in a litigation to serve written discovery.  That the MGA

27  parties happen to be represented by the same counsel does not alter the analysis.

28  Each party must be allowed to serve 25 interrogatories and Mattel must be

1  compelled to answer them.

2         Mattel's second counting argument is that this interrogatory is impermissibly

3  compound. ████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████

6  ████████████████████████████████████ See Molinski Decl., Ex. 13 at 529

7  (Mattel's Motion for Protective Order dated June 29, 2009). ████████████

8  ████████████████████████████████████████████████████████

9  ██████████████████████████████████████████

10 ████████████████████████████████████ See Molinski Decl., Ex. 8 at

11 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

12 contains subparts, it is still considered a single interrogatory when it relates to a

13 common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

14 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

15 concerning a 'common theme' should generally be considered a single question.");

16 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005

17 WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same

18 question regarding a common group of people" not compound (citing 8A Wright et

19 al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern

20 R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as

21 but a single question . . . even though it may call for an answer containing several

22 separate bits of information, if there is a direct relationship between the various bits

23 of information called for.").

24        This interrogatory seeks a narrative concerning a common theme.  That is, it

25 seeks information concerning the basis for Mattel asserting claims on information

26 and belief and the source of that information and belief.   The request is structured

27 to aid Mattel in responding to the interrogatory and seeks only information that a

28 responding party would reasonably expect to receive in response, even if the level

1   of request detail were not included.  Indeed, the basis of the entire interrogatory is

2   to seek additional information concerning what is mere conjecture in Mattel's

3   TAAC.  This information that will ultimately allow MGA to defend against

4   Mattel's claims and is crucial to that defense.  As such, this interrogatory should be

5   counted as a single interrogatory and Mattel should be ordered to respond.

6       In addition, Mattel's bare assertion that MGA has "purports to require Mattel

7   to summarize all facts on these subjects, despite defendants' own refusals to answer

8   interrogatories with the same or comparable language" is not only unsupported and

9   false, but immaterial – if this were true (and it is not), Mattel's obligation to fully

10  respond to the Interrogatories would be unaffected.

11      As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to why this interrogatory is supposedly overly broad, nor can it do

13  so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118 (Order

14  No. 17, dated April 14, 2009 (overruling objections not stated with specificity)).

15  To the contrary, the Interrogatory is narrowly tailored to seek responses concerning

16  allegations that Mattel alleged in its Counterclaims of the TAAC.

17      As to burden, Mattel has not attempted to demonstrate why responding to

18  this Interrogatory presents any burden.  This objection must therefore be rejected.

19  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

20  1997) ("The party claiming that a discovery request is unduly burdensome must

21  allege specific facts which indicate the nature and extent of the burden, usually by

22  affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

23  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

24  evidence.

25      This Interrogatory does not seek responses protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, it does not excuse Mattel from responding

28  with any non-privileged information.  Additionally, to the extent that such

1  privileged material exists, Mattel must provide a privilege log.

2       Mattel objects that the Interrogatory contains confidential and/or proprietary

3  information.  A Protective Order exists in this case, obviating any concern as to

4  protection of privacy rights and/or commercially sensitive information.  Also, this

5  Interrogatory does not seek information violative of any third party's rights of

6  privacy.  The facts, persons, and documents responsive to this Interrogatory are in

7  the possession, custody, control, or knowledge of Mattel itself, and as Mattel itself

8  previously has argued, any privacy issues are fully addressed by the Protective

9  Order.

10       In short, Mattel's objections are uniformly without merit and frivolous.  The

11  Discovery Master should order Mattel to provide a substantive response to

12  Interrogatory No. 11 without objection.

13

14

15

16  Dated:   September 18, 2009    ORRICK, HERRINGTON & SUTCLIFFE LLP

17

18                 By:   _____*/s/ William A. Molinski*_____

19                        William A. Molinski
                     Attorneys for MGA Parties

20

21

22

23

24

25

26

27

28

MGA'S STATEMENT ISO MTC FURTHER RESPONSES TO MGA (HK)
LTD.'S INTERROGATORY NOS. 1-25 AND MGAE MEXICO'S
INTERROGATORY NOS. 1-11
CV 04-9049 SGL (RNBX)