# EXHIBIT
# A

1　THOMAS J. NOLAN (Bar No. 066992)
　　SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2　300 South Grand Avenue
　　Los Angeles, California 90071-3144
3　Telephone: (213) 687-5000
　　Facsimile: (213) 687-5600
4　E-mail: tnolan@skadden.com

5
　　KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
6　SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
　　4 Times Square
7　New York, NY 10036
　　Telephone: (212) 735-3000
8　Facsimile: (212) 735-2000
　　E-mail: kplevan@skadden.com
9
　　Attorneys for Counter-Defendants,
10　MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
　　(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
11

12　　　　　　　　**UNITED STATES DISTRICT COURT**

13　　　　　　　**CENTRAL DISTRICT OF CALIFORNIA**

　　　　　　　　　　**EASTERN DIVISION**
14　CARTER BRYANT, an individual　　　) 　CASE NO. CV 04-9049 SGL (RNBx)

15　　　　　　　　Plaintiff,　　　　　) 　Consolidated with Case No. 04-9059
　　　　　　　　　　　　　　　　　　　) 　and Case No. 05-2727
16　　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　) 　**MGA'S SECOND SET OF**
17　MATTEL, INC., a Delaware　　　　) 　**INTERROGATORIES TO**
　　corporation　　　　　　　　　　　) 　**MATTEL, INC.**
18　　　　　　　　Defendant.　　　　)
19　　　　　　　　　　　　　　　　　)
20　　　　　　　　　　　　　　　　　) 　Honorable Stephen G. Larson
　　　　　　　　　　　　　　　　　　) 　Courtroom 1
21　　　　　　　　　　　　　　　　　)
22　　　　　　　　　　　　　　　　　)

23

24

25

26

27

28

EXHIBIT A
PAGE 4

1 | THOMAS J. NOLAN (Bar No. 066992)
2 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   | 300 South Grand Avenue
3 | Los Angeles, California 90071-3144
   | Telephone: (213) 687-5000
   | Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com
5 |
6 | KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
   | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   | 4 Times Square
7 | New York, NY 10036
   | Telephone: (212) 735-3000
8 | Facsimile: (212) 735-2000
   | E-mail: kplevan@skadden.com
9 |
10 | Attorneys for Counter-Defendants,
   | MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
11 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

12 |        **UNITED STATES DISTRICT COURT**
13 |        **CENTRAL DISTRICT OF CALIFORNIA**
              **EASTERN DIVISION**

| | |
|---|---|
| 14 CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| 15        Plaintiff, | Consolidated with Case No. 04-9059 |
| 16   v. | and Case No. 05-2727 |
| 17 MATTEL, INC., a Delaware | **MGA'S SECOND SET OF** |
| 18 corporation | **INTERROGATORIES TO** |
| 19        Defendant. | **MATTEL, INC.** |
| 20 | |
| 21 | Honorable Stephen G. Larson |
| 22 | Courtroom 1 |

23
24
25
26
27
28

EXHIBIT A
PAGE 5

| | |
|---|---|
| 1 | Consolidated with MATTEL, INC. v. ) |
| 2 | BRYANT and MGA ) |
| | ENTERTAINMENT, INC. v. ) |
| 3 | MATTEL, INC. ) |
| 4 | |

**PROPOUNDING PARTY:**      MGA ENTERTAINMENT, INC.

**RESPONDING PARTY:**        MATTEL, INC.

**SET NUMBER:**                   SECOND

EXHIBIT A
PAGE 6

MGA Entertainment Inc. ("MGA"), hereby requests that Plaintiff, Mattel Inc. ("Mattel") respond to the following Second Set of Interrogatories separately, fully, and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure, within (30) days of service, in accordance with the definitions and instructions set forth herein.

## DEFINITIONS

1. "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such person, party or entity.

2. "ALLEGED COPYRIGHTED WORKS" means the copyrighted works alleged in paragraph 83 of MATTEL'S Second Amended Answer in Case No. 05-2727 and Counterclaim in THIS ACTION.

3. "ALLEGED TRADE SECRETS" means the trade secret material alleged in paragraphs 107 thru 111 of MATTEL'S Second Amended Answer in Case No. 05-2727 and Counterclaim in THIS ACTION.

4. "BARBIE" means and refers to each image, character, logo, doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Barbie."

5. "BRYANT" means Carter Bryant individually and does not include his agents, representatives, attorneys, experts or any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

6. "BRATZ" means and refers to each image, character, logo, doll, fashion doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other

2

thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress.

7.   "COLLECT," "COLLECTED" or "COLLECTION" with reference to DOCUMENTS means to collect, review, produce, request, seek, look for, search for, analyze or in any other way collect or review or attempt to collect or review such DOCUMENTS in connection with YOUR search for, review of and/or production of DOCUMENTS in this ACTION."

8.   The term "CONFLICT OF INTEREST QUESTIONNAIRE" refers to Mattel's form of employment agreement concerning, inter alia, relations, if any, between Mattel's employees, suppliers, and/or competition, whether known by the title "Conflict of Interest Questionnaire" or any other title, including without limitation the form of Conflict of Interest Questionnaire entitled "Conflict of Interest Questionnaire" executed by Carter Bryant on or about January 4, 1999.

9.   "CONTESTED MATTEL PRODUCTS" means:

(a) each female fashion doll and its packaging that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "My Scene" trademark or trade dress;

(b) each image, character, logo, fashion doll, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "My Scene" "Chillin' Out!" trademark or trade dress, the "My Scene" "Night on the Town" trademark or trade dress, the "My Scene" "My Bling Bling" trademark or trade dress, and/or the "My Scene" "Jammin' in Jamaica" trademark or trade dress;

(c) each plush toy and its packaging that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line

3

1  of goods or merchandise commonly known as, or sold and marketed under the "My
2  Scene" trademark or trade dress;

3      (d)  each styling head that is or has ever been manufactured, marketed or sold
4  by MATTEL, or others under license by MATTEL, as part of a line of goods or
5  merchandise commonly known as, or sold and marketed under the "My Scene"
6  trademark or trade dress;

7      (e)  the "My Scene Sound Lounge" play set and packaging;

8      (f)  each image, character, logo, doll, toy, accessory, product, packaging or any
9  other thing that is or has ever been manufactured, marketed or sold by MATTEL, or
10  others under license by MATTEL, as part of a line of goods or merchandise
11  commonly known as, or sold and marketed under the name "Little Mommy";

12      (g)  each image, character, logo, doll, toy, accessory, product, packaging or any
13  other thing that is or has ever been manufactured, marketed or sold by YOU, or
14  others under licensed by YOU, as part of a line of goods or merchandise commonly
15  known as, or sold and marketed under the name "Wee 3 Friends"; and

16      (h)  each image, character, logo, toy, accessory, product, packaging or any
17  other thing that is or has ever been manufactured, marketed or sold by MATTEL, or
18  others under license by MATTEL, as part of a line of goods or merchandise
19  commonly known as, or sold and marketed under the name "AcceleRacerS."

20      10.  "COUNTERCLAIMS" means Mattel, Inc.'s Second Amended Answer
21  and Counterclaims for: 1. Copyright Infringement; 2. Violation of the Racketeer
22  Influenced and Corrupt Organizations Act; 3. Conspiracy to Violate the Racketeer
23  Influenced and Corrupt Organizations Act; 4. Misappropriation of Trade Secrets; 5.
24  Breach of Contract; 6. Intentional Interference with Contract; 7. Breach of Fiduciary
25  Duty; 8. Aiding and Abetting Breach of Fiduciary Duty; 9. Breach of Duty of
26  Loyalty; 10. Aiding and Abetting Breach of Duty of Loyalty; 11. Conversion; 12.
27  Unfair Competition; and 13. Declaratory Relief filed July 12, 2007, in MGA v.
28  Mattel, Inc., CV 05-02727, including any amendment or supplement thereto.

4

11.   "DESCRIBE THE SALES AND PROFITS" means to state fully and separately for each MATTEL PRODUCT by year (a) the number of units of each such MATTEL PRODUCT sold by YOU or YOUR licensees, (b) the gross and net revenue received by YOU from such sales of each such MATTEL PRODUCT, (c) all costs YOU have incurred in connection with each such MATTEL PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR gross and net profits from each such MATTEL PRODUCT.

12.   "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blue prints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, development, inventions, or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, which in whole or in part.

13.   "DIGITAL INFORMATION" means any information created or stored digitally, including but not limited to electronically, magnetically, or optically.

14.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all DIGITAL INFORMATION, STORAGE DEVICE, writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office

5

1 COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs,
2 indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills,
3 bills of lading, bids, time cards, receipts, purchase orders, telephone records,
4 telegrams, telexes, literature, invoices, contracts, purchase orders, estimates,
5 recordings, transcriptions of recordings, records, books, pamphlets, periodicals,
6 publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings,
7 television commercials, story boards, website or other spot advertisements, movies,
8 movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches,
9 messages, photographs and data contained in or accessible through any electronic
10 data processing system, including, but not limited to, computer databases, data sheets,
11 data processing cards, computer files and tapes, computer disks, CD-ROMs,
12 computer metadata, microfilm, microfiche, electronic mail, website and web pages
13 and transcriptions thereof and all other memorializations of any conversations,
14 meetings and conference, by telephone or otherwise.  The term DOCUMENT also
15 means every copy of a DOCUMENT, where such copy is not an identical duplicate
16 of the original, whether because of deletions, underlinings, showing of blind copies,
17 initialing, signatures, receipt stamps, comments, notations, differences in stationery
18 or any other difference or modification of any kind.

19      15.    The term "EMPLOYEE INVENTIONS AGREEMENT" refers to
20 Mattel's form of employment agreement concerning, _inter alia_, (i) ownership of
21 inventions, and (ii)(a) trade secrets and/or (iii) conflicts, whether known by the title
22 "Employee Confidential Information and Inventions Agreement" or any other title,
23 including without limitation the form of Employee Inventions Agreement entitled
24 "Employee Confidential Information and Inventions Agreement" executed by Carter
25 Bryant on or about January 4, 1999.

26      16.    "IDENTIFY," "IDENTITY," or "IDENTIFYING" mean the following:
27          •    With reference to an _individual_, means to state fully and
28 separately for each, such individual's full name, any known business title, current or

6

1  last known business affiliation, current or last known residential address, current or

2  last known business address, current or last known relationship with MATTEL, and

3  current or last known phone number(s).

4  • With reference to an *entity*, means to state, fully and separately

5  for each, such entity's full name, state (or country) of incorporation or organization,

6  present or last known address, and present or last known telephone number(s).

7  • With reference to any *DOCUMENT*, means to describe each

8  DOCUMENT by Bates number. If the DOCUMENT does not have a Bates number,

9  IDENTIFY means to provide a complete description of the DOCUMENT such that it

10 may be the subject of a request for production of documents, including by stating the

11 date, identity of the author, addresses(s), recipient(s), signatories, parties, or other

12 PERSONS identified in the DOCUMENT, its present location or custodian and a

13 description of its contents.

14 • With reference to any MATTEL or MGA product, means to state

15 fully and separately for each, the full name of the product; the number of the product;

16 the SKU of the product; any other applicable designation of the product; the period

17 of time in which the product has been sold; and IDENTIFY each PERSON who has

18 licensed such product.

19  17. "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any

20 of its past or present officers, directors, employees, parents, subsidiaries, divisions,

21 affiliates, predecessors-in-interest, and joint venture partners.

22  18. "MATTEL EMPLOYEE" means any of MATTEL's current or former

23 employees.

24  19. "MATTEL'S INITIAL DISCLOSURES" means Mattel, Inc.'s

25 Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims,

26 and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims Against

27 Bryant and MGA, dated January 5, 2007 and any supplemental or amendment

28 thereto.

7

20. "MATTEL PRODUCTS," includes all products sold or offered by sale by MATTEL under or using the name "Barbie," including without limitation, all CONTESTED MATTEL PRODUCTS, all MY SCENE DOLLS, and any doll sold or offered for sale under the name "Diva Starz."

21. "MY SCENE" means and refers to each image, character, logo, doll, fashion doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "My Scene."

22. "MY SCENE DOLL" means any fashion doll that is or has ever been distributed, marketed, sold or offered for sale under the name "My Scene" or as part of the "My Scene" line, including separate themes.

23. "PERSON" or "PERSONS" means all natural persons, partnerships, joint ventures and any kind of business, legal or public entity or organization, as well as its, its or her agents, representatives, employees, officers and directors and any one else acting on its, its or her behalf, pursuant to its, its or her authority or subject or its, its or her control.

24. "REFERRING OR RELATING TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

25. "STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION" means to (i) describe in detail the complete factual for the identified contention; (ii) IDENTIFY all DOCUMENTS that REFER OR RELATE TO that contention; and (iii) IDENTIFY all witnesses who may have information that REFERS OR RELATES TO the contention.

26. "STORAGE DEVICE" means any computer hard drive, memory, USB device, tape, storage array or any other device or medium that allows a user, whether

8

1  permanently, temporarily or otherwise, to create, generate, transmit, copy, retain,
2  store, or maintain DIGITAL INFORMATION.

3   27.   "SOURCE OF INFORMATION" means any PERSON or medium
4  containing DOCUMENTS, DIGITAL INFORMATION, or other information,
5  whether in paper, electronic or other form, including, but not limited to any
6  STORAGE DEVICE, file, file cabinet, or any other source of information or
7  DOCUMENTS.

8   28.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059
9  SGL (RNBx), filed on April 27, 2004 and all cases consolidated or coordinated
10 therewith.

11  29.   The singular form of a noun or pronoun includes within its meaning the
12 plural form of the noun or pronoun so used, and vice versa; the use of the masculine
13 form of a pronoun also includes within its meaning the feminine form of the pronoun
14 so used, and vice versa; the use of any tense of any verb includes also within its
15 meaning all other tenses of the verb so used, whenever such construction results in a
16 broader request for information; and "and" includes "or" and vice versa, whenever
17 such construction results in a broader disclosure of documents or information.

18
19              **INSTRUCTIONS**
20  1.   Mattel is instructed to serve written responses to these Interrogatories on
21 MGA's counsel at Skadden, Arps, Slate, Meagher & Flom, LLP, 300 South Grand
22 Avenue, Los Angeles, California 90071.

23  2.   Pursuant to Federal Rule of Civil Procedure 33, Mattel shall provide its
24 answers under oath within 30 days of service.

25  3.   If, in responding to these Interrogatories, Mattel asserts an ambiguity in
26 either a particular Interrogatory or an Instruction of Definition applicable thereto,
27 Mattel shall identify in the response to such Interrogatory the language it contends is
28 ambiguous and state the interpretation used in responding.

9

1    4.    These Interrogatories impose a continuing obligation subsequent to your
2 initial production to the full extent provided for in Rule 26(e) of the Federal Rules of
3 Civil Procedure.
4    5.    If, in responding to these Interrogatories, any information is not being
5 provided based on an objection or otherwise, IDENTIFY the information not be
6 provided and explain the complete basis supporting YOUR refusal and/or failure to
7 provide that information.
8    6.    Unless otherwise noted, these Interrogatories seek information from
9 January 1, 1995, to the present.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A
PAGE 15

# **INTERROGATORIES**

INTERROGATORY NO. 12:

IDENTIFY each version of the EMPLOYEE INVENTIONS AGREEMENT adopted and/or used by or on behalf of MATTEL, including, without limitation, (a) the IDENTITY of all persons who participated in or were consulted concerning the creation, drafting, adoption, and/or use of the EMPLOYEE INVENTIONS AGREEMENT; (b) the date(s) and/or range(s) of dates MATTEL'S used each version of the EMPLOYEE INVENTIONS AGREEMENT; and (c) the reason(s) for the changes between each version.

INTERROGATORY NO. 13:

Describe in detail each instance in which any provision of an EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT, including without limitation: (a) a complete description of the conduct comprising said breach; and (b) a complete description of all steps taken by MATTEL in response to said breach or alleged breach (*including, for example, conducting an investigation or arranging that an investigation be conducted on MATTEL'S behalf; issuing a warning, whether written or oral; issuing any other notification, whether written or oral; initiating civil litigation, including the name, case number and court of any such litigation; initiating any other legal proceeding, including but not limited to criminal proceedings, including the name, case number and court of any such proceeding; making an exception, whether written, oral, express, or implied; making a determination that no breach occurred, whether or not such determination was documented; or no action*).

11

**INTERROGATORY NO. 14:**

IDENTIFY each version of the CONFLICT OF INTEREST QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL, including, without limitation, (a) the identity of all persons who participated in or were consulted concerning the creation, drafting, adoption, and/or use of the CONFLICT OF INTEREST QUESTIONNAIRE; (b) the date(s) and/or range(s) of dates MATTEL'S used each version of the CONFLICT OF INTEREST QUESTIONNAIRE; and (c) the reason(s) for the changes between each version.

**INTERROGATORY NO. 15:**

Describe in detail each instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE, including without limitation: (a) a description of the conduct comprising said breach; and (b) a description of all steps taken by MATTEL in response to said breach or alleged breach (*including, for example, conducting an investigation or arranging that an investigation be conducted on MATTEL'S behalf; issuing a warning, whether written or oral; issuing any other notification, whether written or oral; initiating civil litigation, including the name, case number and court of any such litigation; initiating any other legal proceeding, including but not limited to criminal proceedings, including the name, case number and court of any such proceeding; making an exception, whether written, oral, express, or implied; making a determination that no breach occurred, whether or not such determination was documented; or no action*).

12

1 INTERROGATORY NO. 16:

2     STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

3 that MATTEL has a viable affirmative claim for relief against MGA even if the

4 evidence establishes both of the following: (i) in August and/or September, 1998,

5 Carter Bryant conceived of the line of fashion dolls that he named Bratz, and (ii) the

6 design for the BRATZ dolls sold by MGA in 2001 was reduced to practice after

7 October 20, 2000.

8

9 INTERROGATORY NO. 17:

10     STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

11 that MATTEL employees in the Design Center who personally knew Carter Bryant

12 did not know and/or believe, immediately following the launch of MGA's Bratz

13 dolls in 2001, that Carter Bryant was the creator of the concept for the BRATZ line

14 of dolls.

15

16 INTERROGATORY NO. 18:

17     STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

18 that any of the fashions and/or accessories for the BRATZ line of dolls sold by MGA

19 violate or infringe any of MATTEL'S intellectual property and/or proprietary rights.

20

21 INTERROGATORY NO. 19:

22     IDENTIFY with specificity each element of each ALLEGED

23 COPYRIGHTED WORK that MATTEL contends is an original element protectable

24 under the United States Copyright Laws.

25

26

27

28

13

**INTERROGATORY NO. 20:**

IDENTIFY with specificity each ALLEGED TRADE SECRET, including the IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each ALLEGED TRADE SECRET.

**INTERROGATORY NO. 21:**

IDENTIFY each PERSON who has had access to each ALLEGED TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON had access to; and (b) the date or dates each PERSON had this access.

**INTERROGATORY NO. 22:**

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.

**INTERROGATORY NO. 23:**

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the ALLEGED TRADE SECRETS are protectable.

**INTERROGATORY NO. 24:**

DESCRIBE THE SALES AND PROFITS for each MATTEL PRODUCT that has been sold or offered for sale by YOU or YOUR licensees. (The time period applicable to this interrogatory is from January 1, 1990 to the present).

**INTERROGATORY NO. 25:**

IDENTIFY, fully and separately, each and every PERSON who was involved in the development or marketing of the CONTESTED MATTEL PRODUCTS by stating each PERSON'S name, role, and start/end date. (As used in this Interrogatory, the phrase "development or marketing" means the entire process of

14

1 creating and selling a new product or design, including without limitation, the
2 marketing, advertising, promotion, licensing, offering for sale, conception, origin,
3 creation, design, development, sculpting, engineering, reduction to practice, tooling
4 or painting of a product or embodiment of a product).
5
6 INTERROGATORY NO. 26:
7      Describe in detail all instances in which a PERSON expressed confusion as to
8 source or sponsorship between any MATTEL products, packaging or advertising
9 (including, but not limited to, the CONTESTED MATTEL PRODUCTS) and any
10 MGA products, packaging or advertising (including, but not limited to, "BRATZ"),
11 by: (i) stating the facts and circumstances of each instance; (ii) IDENTIFYING all
12 DOCUMENTS that REFER OR RELATE TO each instance; and (iii)
13 IDENTIFYING all witnesses who may have information that REFER OR RELATE
14 TO each instance.
15
16 INTERROGATORY NO. 27:
17      For each PERSON listed in MATTEL'S INITIAL DISCLOSURES,
18 IDENTIFY each PERSON and describe in detail each PERSON's alleged
19 knowledge of the subjects or information identified in MATTEL'S INITIAL
20 DISCLOSURES.
21
22 INTERROGATORY NO. 28:
23      Describe in detail the complete factual basis for YOUR COUNTERCLAIMS,
24 including, without limitation all facts, DOCUMENTS, and witnesses that REFER
25 OR RELATE TO YOUR COUNTERCLAIMS.
26
27
28

15

1  INTERROGATORY  NO. 29:

2         Describe in detail any estimate or calculation of damage, loss, injury, or unjust

3  enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS,

4  that YOU have made or that has been made on YOUR behalf or at YOUR request,

5  including all facts, DOCUMENTS or witnesses RELATING TO each estimate or

6  calculation.

7

8  INTERROGATORY  30:

9         IDENTIFY each and every SOURCE OF INFORMATION from which YOU

10  have COLLECTED DOCUMENTS that REFER OR RELATE TO BRATZ.

11

12  INTERROGATORY 31:

13         STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION

14  that any BRATZ doll is substantially similar to, a copy or a derivative of BRATZ

15  DESIGNS created by Carter Bryant on or before October 19, 2000.

16

17

18  DATED:  December 4, 2007

19                                  SKADDEN, ARPS, SLATE, MEAGHER &
                                    FLOM, LLP
20
                                    By: _____
21                                        Robert J. Herrington
                                    Attorneys for Counter-Defendants, MGA
22                                  ENTERTAINMENT, INC., ISAAC LARIAN,
                                    MGA ENTERTAINMENT (HK) LIMITED,
23                                  AND MGAE de MEXICO S.R.L. de C.V.

24

25

26

27

28

                                         16

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On December 4, 2007, I served the foregoing document described as:

### MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

[X]    **(BY PERSONAL SERVICE)**    [ ]    By personally delivering copies to the person served. (FEDERAL)

[X]    I caused such document to be hand delivered to the office of the addressee. (FEDERAL) [As Noted.]

[X]    **(BY MAIL)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. [As Noted.]

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on December 4, 2007 at Los Angeles, California.

Allison G. Velkes
PRINT NAME                                    SIGNATURE

1

<u>SERVICE LIST</u>

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

Attorneys for Mattel, Inc.
[Personal Service]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Mail]

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)

Attorneys for Carlos Gustavo Machado
Gomez
[Mail]

2

# EXHIBIT

# B

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff and Cross-
   Defendant
9  MATTEL, Inc.

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                  EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14            Plaintiff,                  Consolidated with:
                                          Case No. CV 04-09059
15       vs.                              Case No. CV 05-02727

16  MATTEL, INC., a Delaware             MATTEL, INC.'S OBJECTIONS AND
    corporation,                         RESPONSES TO MGA
17                                        ENTERTAINMENT, INC.'S SECOND
            Defendant.                    SET OF INTERROGATORIES
18
                                          Hon. Stephen G. Larson
19  CONSOLIDATED WITH

20  MATTEL, INC. v. BRYANT, and

21  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.,
22
            Cross-Defendant.
23

24

25  PROPOUNDING PARTY: MGA ENTERTAINMENT, INC.

26  RESPONDING PARTY:    MATTEL, INC.

27  SET NO.:             TWO (2)

28  NOS.:                12 - 31

07975/2338502.1

## Preliminary Statement

1          Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not completed discovery from defendants Carter Bryant ("Bryant") or MGA Entertainment, Inc. ("MGA") or any third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement these responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Mattel's response to any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other discovery request.

## General Objections

         Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Interrogatory:

         1.      Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.

         2.      Mattel objects to the Interrogatories on the grounds that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts. Such information and documents will not be produced.

1        3.     Mattel objects to the Interrogatories on the grounds that they call
2 for production or disclosure of confidential, proprietary and/or private information.
3 Such information and documents will not be disclosed or produced except pursuant
4 to and in reliance upon the operative protective order.

5        4.     Mattel objects to the Interrogatories on the grounds that they
6 seek the disclosure of information or documents that are in the possession, custody
7 and control of independent parties over whom Mattel has no control, and seek the
8 disclosure of information or documents that are in the possession, custody and
9 control of defendant MGA or are publicly available and hence equally available to
10 all parties to this litigation.

11       5.     Mattel objects to the Interrogatories on the grounds that they call
12 for information that is neither relevant to the claims or defenses in the pending
13 action nor reasonably calculated to lead to the discovery of admissible evidence.

14       6.     Mattel objects to the Interrogatories on the grounds that they are
15 unduly burdensome and oppressive.

16       7.     Mattel further objects to the Interrogatories on the grounds that
17 they purport to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u>
18 <u>Rules</u>.  Such disclosures will be made in accordance with the requirements of, and at
19 the times specified by, the Court's Orders and the <u>Rules</u>.

20       8.     Mattel objects to the Interrogatories on the grounds that they
21 seek the disclosure of information or documents in violation of the terms of
22 agreements or protective orders entered into with third parties, or in violation of the
23 privacy, contractual, or other rights of third parties.

24       9.     Mattel objects to the Interrogatories on the grounds that the
25 definitions of "Mattel," "Bratz," "Contested Mattel Products" and "MY SCENE" are
26 overbroad, vague and ambiguous and unduly burdensome.

27      10.     Mattel objects to the Interrogatories on the grounds that the
28 defendants have exceeded the limit on the number of interrogatories they may

1  properly serve on Mattel without leave of the Court, which defendants have neither
2  sought nor obtained.
3
4                    **<u>Specific and General Responses</u>**
5            Each of the following objections and responses to the Interrogatories is
6  expressly made subject to the above Preliminary Statement and General Objections,
7  all of which are incorporated in each of the following objections and responses to
8  specific Interrogatories.
9
10
11                 **<u>RESPONSES TO INTERROGATORIES</u>**
12 **<u>INTERROGATORY NO. 12:</u>**
13            IDENTIFY each version of the EMPLOYEE INVENTIONS
14 AGREEMENT adopted and/or used by or on behalf of MATTEL, including,
15 without limitation, (a) the IDENTITY of all persons who participated in or were
16 consulted concerning the creation, drafting, adoption, and/or use of the EMPLOYEE
17 INVENTIONS AGREEMENT; (b) the date(s) and/or range(s) of dates MATTEL'S
18 used each version of the EMPLOYEE INVENTIONS AGREEMENT; and (c) the
19 reason(s) for the changes between each version.
20
21 **<u>RESPONSE TO INTERROGATORY NO. 12:</u>**
22            In addition to the general objections stated above, Mattel specifically
23 objects to this Interrogatory on the grounds that defendants' Second Set of
24 Interrogatories purports to require Mattel to answer interrogatories that are in excess
25 of the number of interrogatories allowed defendants, including pursuant to the
26 Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
27 defendants have neither sought nor obtained leave of the Court to serve such excess
28 number of interrogatories, they are improper. Mattel further objects to this

07975/2338502.1

-4-

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

Interrogatory on the grounds that it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory as unreasonably burdensome, overbroad and compound, including without limitation in that it seeks information about provisions of agreements that have no bearing on this action and regardless of whether any such agreements are at issue in this case. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory as vague and ambiguous, including without limitation in its use of the terms "participated in" and "use" in this context. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.

**INTERROGATORY NO. 13:**

Describe in detail each instance in which any provision of an EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT, including without limitation: (a) a complete description of the conduct comprising said breach; and (b) a complete description of all steps taken by MATTEL in response to said breach or alleged breach *(including, for example, conducting an investigation or arranging that an investigation be conducted on MATTEL'S behalf, issuing a warning, whether written or oral; issuing any other notification, whether written or oral; initiating civil litigation, including the name, case number and court of any such litigation; initiating any other legal proceeding, including but not limited to criminal proceedings, including the name, case number and court of any such proceeding; making an exception, whether written, oral, express, or implied;*

1 | *making a determination that no breach occurred, whether or not such determination*
2 | *was documented; or no action).*
3 |
4 | **RESPONSE TO INTERROGATORY NO. 13:**
5 |        In addition to the general objections stated above, Mattel specifically
6 | objects to this Interrogatory on the grounds that defendants' Second Set of
7 | Interrogatories purports to require Mattel to answer interrogatories that are in excess
8 | of the number of interrogatories allowed defendants, including pursuant to the
9 | Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
10 | defendants have neither sought nor obtained leave of the Court to serve such excess
11 | number of interrogatories, they are improper. Mattel further objects to this
12 | Interrogatory on the grounds that it seeks information that is not relevant nor likely
13 | to lead to the discovery of admissible evidence. Mattel further objects to this
14 | Interrogatory as unreasonably burdensome, overbroad and compound, including
15 | without limitation in that it seeks information about agreements and provisions of
16 | agreements that are not at issue in this case and about employees, independent
17 | contractors and other persons who have no bearing on this action. Mattel further
18 | objects to this Interrogatory on the grounds that it calls for the disclosure of
19 | information subject to the attorney-client privilege, the attorney work-product
20 | doctrine and other applicable privileges. Mattel further objects to this Interrogatory
21 | on the grounds that it calls for the disclosure of confidential and/or proprietary
22 | information, which Mattel will disclose only subject to and in reliance upon the
23 | operative protective order.
24 |
25 | **INTERROGATORY NO. 14:**
26 |        IDENTIFY each version of the CONFLICT OF INTEREST
27 | QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL, including,
28 | without limitation, (a) the identity of all persons who participated in or were

consulted concerning the creation, drafting, adoption, and/or use of the CONFLICT OF INTEREST QUESTIONNAIRE; (b) the date(s) and/or range(s) of dates MATTEL'S used each version of the CONFLICT OF INTEREST QUESTIONNAIRE; and (c) the reason(s) for the changes between each version.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper. Mattel further objects to this Interrogatory on the grounds that it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory as unreasonably burdensome, overbroad and compound, including without limitation in that it seeks information about provisions of conflict of interest questionnaires that have no bearing on this action and regardless of whether any such questionnaires are at issue in this case. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory as vague and ambiguous, including without limitation in its use of the terms "participated in" and "use" in this context. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.

**INTERROGATORY NO. 15:**

Describe in detail each instance in which any provision of a
CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be
breached by an employee, independent contractor, or any other person with whom
MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE,
including without limitation: (a) a description of the conduct comprising said
breach; and (b) a description of all steps taken by MATTEL in response to said
breach or alleged breach *(including, for example, conducting an investigation or
arranging that an investigation be conducted on MATTEL'S behalf, issuing a
warning, whether written or oral; issuing any other notification, whether written or
oral; initiating civil litigation, including the name, case number and court of any
such litigation; initiating any other legal proceeding, including but not limited to
criminal proceedings, including the name, case number and court of any such
proceeding; making an exception, whether written, oral, express, or implied;
making a determination that no breach occurred, whether or not such determination
was documented; or no action).*

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the general objections stated above, Mattel specifically
objects to this Interrogatory on the grounds that defendants' Second Set of
Interrogatories purports to require Mattel to answer interrogatories that are in excess
of the number of interrogatories allowed defendants, including pursuant to the
Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
defendants have neither sought nor obtained leave of the Court to serve such excess
number of interrogatories, they are improper. Mattel further objects to this
Interrogatory on the grounds that it seeks information that is not relevant nor likely
to lead to the discovery of admissible evidence. Mattel further objects to this
Interrogatory as unreasonably burdensome, overbroad and compound, including

1  without limitation in that it seeks information about conflict of interest
2  questionnaires and provisions of such questionnaires that are not at issue in this case
3  and about employees, independent contractors and other persons who have no
4  bearing on this action. Mattel further objects to this Interrogatory on the grounds
5  that it calls for the disclosure of information subject to the attorney-client privilege,
6  the attorney work-product doctrine and other applicable privileges. Mattel further
7  objects to this Interrogatory on the grounds that it calls for the disclosure of
8  confidential and/or proprietary information, which Mattel will disclose only subject
9  to and in reliance upon the operative protective order.

10

11 **INTERROGATORY NO. 16:**

12        STATE THE COMPLETE FACTUAL BASIS FOR YOUR
13 CONTENTION that MATTEL has a viable affirmative claim for relief against
14 MGA even if the evidence establishes both of the following: (i) in August and/or
15 September, 1998, Carter Bryant conceived of the line of fashion dolls that he named
16 Bratz, and (ii) the design for the BRATZ dolls sold by MGA in 2001 was reduced to
17 practice after October 20, 2000.

18

19 **RESPONSE TO INTERROGATORY NO. 16:**

20        In addition to the general objections stated above, Mattel specifically
21 objects to this Interrogatory on the grounds that defendants' Second Set of
22 Interrogatories purports to require Mattel to answer interrogatories that are in excess
23 of the number of interrogatories allowed defendants, including pursuant to the
24 Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
25 defendants have neither sought nor obtained leave of the Court to serve such excess
26 number of interrogatories, they are improper. Mattel further objects to this
27 interrogatory in that it asks Mattel to make assumptions that are contrary to the
28 evidence, including without limitation to facts admitted to by defendants and/or their

witnesses, and are contrary to the logical inferences stemming from defendants' conduct, including their concealment and spoliation of evidence. Mattel further objects to this Interrogatory as unreasonably burdensome and overbroad in that it purports to require Mattel to summarize all facts on this subject, including without limitation, facts that are known to or in the possession, custody and control of defendants MGA and Bryant and that such defendants have concealed despite Court Orders to provide them, and despite defendants' refusals to answer interrogatories with the same or comparable language. Mattel further objects to this Interrogatory as compound. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.

**INTERROGATORY NO. 17:**

STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MATTEL employees in the Design Center who personally knew Carter Bryant did not know and/or believe, immediately following the launch of MGA's Bratz dolls in 2001, that Carter Bryant was the creator of the concept for the BRATZ line of dolls.

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

1  defendants have neither sought nor obtained leave of the Court to serve such excess
2  number of interrogatories, they are improper. Mattel further objects to this
3  interrogatory in that it misstates Mattel's contentions. Mattel further objects to this
4  interrogatory on the ground that it seeks information that is not relevant nor
5  reasonably calculated to lead to the discovery of admissible evidence, including
6  without limitation in that knowledge or notice of such matters are irrelevant to
7  defendants' purported statute of limitations and laches defenses. Mattel further
8  objects to this Interrogatory as unreasonably burdensome and overbroad in that it
9  purports to require Mattel to summarize all facts on this subject, despite defendants'
10  own refusals to answer interrogatories with the same or comparable language.
11  Mattel further objects to this Interrogatory as compound. Mattel further objects to
12  this Interrogatory on the grounds that it calls for the disclosure of information
13  subject to the attorney-client privilege, the attorney work-product doctrine and other
14  applicable privileges. Mattel further objects to this Interrogatory on the grounds that
15  it calls for the disclosure of confidential and/or proprietary information, which
16  Mattel will disclose only subject to and in reliance upon the operative protective
17  order.
18
19  **INTERROGATORY NO. 18:**
20            STATE THE COMPLETE FACTUAL BASIS FOR YOUR
21  CONTENTION that any of the fashions and/or accessories for the BRATZ line of
22  dolls sold by MGA violate or infringe any of MATTEL'S intellectual property
23  and/or proprietary rights.
24
25  **RESPONSE TO INTERROGATORY NO. 18:**
26            In addition to the general objections stated above, Mattel specifically
27  objects to this Interrogatory on the grounds that defendants' Second Set of
28  Interrogatories purports to require Mattel to answer interrogatories that are in excess

1  of the number of interrogatories allowed defendants, including pursuant to the
2  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
3  defendants have neither sought nor obtained leave of the Court to serve such excess
4  number of interrogatories, they are improper. Mattel further objects to this
5  interrogatory on the ground that it seeks information that is not relevant nor
6  reasonably calculated to lead to the discovery of admissible evidence, including in
7  that it purports to require Mattel to identify matters that are the subject of claims not
8  asserted in this action and/or are asserted in other actions. Mattel further objects to
9  this Interrogatory on the grounds that it is unreasonably burdensome and overbroad,
10  including in that it purports to require Mattel to summarize all facts on this subject,
11  despite defendants' own refusals to answer interrogatories with the same or
12  comparable language. Mattel further objects to this Interrogatory as compound.
13  Mattel further objects to this Interrogatory on the grounds that it calls for the
14  disclosure of information subject to the attorney-client privilege, the attorney work-
15  product doctrine and other applicable privileges. Mattel further objects to this
16  Interrogatory on the grounds that it calls for the disclosure of confidential and/or
17  proprietary information, which Mattel will disclose only subject to and in reliance
18  upon the operative protective order.
19
20  **INTERROGATORY NO. 19:**
21        IDENTIFY with specificity each element of each ALLEGED
22  COPYRIGHTED WORK that MATTEL contends is an original element protectable
23  under the United States Copyright Laws.
24
25  **RESPONSE TO INTERROGATORY NO. 19:**
26        In addition to the general objections stated above, Mattel specifically
27  objects to this Interrogatory on the grounds that defendants' Second Set of
28  Interrogatories purports to require Mattel to answer interrogatories that are in excess

07975/2338502.1

1 | of the number of interrogatories allowed defendants, including pursuant to the
2 | Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
3 | defendants have neither sought nor obtained leave of the Court to serve such excess
4 | number of interrogatories, they are improper. Mattel further objects to this
5 | interrogatory on the ground that it seeks information that is not relevant nor
6 | reasonably calculated to lead to the discovery of admissible evidence. Mattel
7 | further objects to this Interrogatory on the grounds that it is unreasonably
8 | burdensome and overbroad, including in that it purports to require Mattel to identify
9 | "each element" of numerous works, despite defendants' own refusals to answer
10 | interrogatories with the same or comparable language. Mattel further objects to this
11 | Interrogatory as compound. Mattel further objects to this Interrogatory on the
12 | grounds that it calls for the disclosure of information subject to the attorney-client
13 | privilege, the attorney work-product doctrine and other applicable privileges. Mattel
14 | further objects to this Interrogatory on the grounds that it calls for the disclosure of
15 | confidential and/or proprietary information, which Mattel will disclose only subject
16 | to and in reliance upon the operative protective order.
17 |
18 | **INTERROGATORY NO. 20:**
19 | IDENTIFY with specificity each ALLEGED TRADE SECRET,
20 | including the IDENTITY of each DOCUMENT that embodies or REFERS OR
21 | RELATES to each ALLEGED TRADE SECRET.
22 |
23 | **RESPONSE TO INTERROGATORY NO. 20:**
24 | In addition to the general objections stated above, Mattel specifically
25 | objects to this Interrogatory on the grounds that defendants' Second Set of
26 | Interrogatories purports to require Mattel to answer interrogatories that are in excess
27 | of the number of interrogatories allowed defendants, including pursuant to the
28 | Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

07975/2338502.1

-13-

1  defendants have neither sought nor obtained leave of the Court to serve such excess
2  number of interrogatories, they are improper. Mattel further objects to this
3  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
4  duplicative of other discovery requests propounded in this action. Mattel further
5  objects to this Interrogatory on the grounds that it calls for the disclosure of
6  information subject to the attorney-client privilege, the attorney work-product
7  doctrine and other applicable privileges. Mattel further objects to this Interrogatory
8  on the grounds that it calls for the disclosure of confidential and/or proprietary
9  information, which Mattel will disclose only subject to and in reliance upon the
10 operative protective order.

11

12 **INTERROGATORY NO. 21:**

13          IDENTIFY each PERSON who has had access to each ALLEGED
14 TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON
15 had access to; and (b) the date or dates each PERSON had this access.

16

17 **RESPONSE TO INTERROGATORY NO. 21:**

18          In addition to the general objections stated above, Mattel specifically
19 objects to this Interrogatory on the grounds that defendants' Second Set of
20 Interrogatories purports to require Mattel to answer interrogatories that are in excess
21 of the number of interrogatories allowed defendants, including pursuant to the
22 Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
23 defendants have neither sought nor obtained leave of the Court to serve such excess
24 number of interrogatories, they are improper. Mattel further objects to this
25 Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
26 duplicative of other discovery requests propounded in this action. Mattel further
27 objects to this interrogatory as vague and ambiguous, including as to time. Mattel
28 further objects to this Interrogatory on the grounds that it calls for the disclosure of

1  information subject to the attorney-client privilege, the attorney work-product
2  doctrine and other applicable privileges. Mattel further objects to this Interrogatory
3  on the grounds that it calls for the disclosure of confidential and/or proprietary
4  information, which Mattel will disclose only subject to and in reliance upon the
5  operative protective order.
6
7  **INTERROGATORY NO. 22:**
8          STATE THE COMPLETE FACTUAL BASIS FOR YOUR
9  CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.
10
11  **RESPONSE TO INTERROGATORY NO. 22:**
12          In addition to the general objections stated above, Mattel specifically
13  objects to this Interrogatory on the grounds that defendants' Second Set of
14  Interrogatories purports to require Mattel to answer interrogatories that are in excess
15  of the number of interrogatories allowed defendants, including pursuant to the
16  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
17  defendants have neither sought nor obtained leave of the Court to serve such excess
18  number of interrogatories, they are improper. Mattel further objects to this
19  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
20  duplicative of other discovery requests propounded in this action, including that it
21  purports to require Mattel to identify facts that are known to or in the possession,
22  custody and control of defendants but that defendants have failed and refused to
23  discuss and including in that it purports to require Mattel to summarize all facts on
24  this subject, despite defendants' own refusals to answer interrogatories with the
25  same or comparable language. Mattel further objects to this Interrogatory on the
26  grounds that it calls for the disclosure of information subject to the attorney-client
27  privilege, the attorney work-product doctrine and other applicable privileges. Mattel
28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

1 | confidential and/or proprietary information, which Mattel will disclose only subject
2 | to and in reliance upon the operative protective order.
3
4 | **INTERROGATORY NO. 23:**
5 | STATE THE COMPLETE FACTUAL BASIS FOR YOUR
6 | CONTENTION that the ALLEGED TRADE SECRETS are protectable.
7
8 | **RESPONSE TO INTERROGATORY NO. 23:**
9 | In addition to the general objections stated above, Mattel specifically
10 | objects to this Interrogatory on the grounds that defendants' Second Set of
11 | Interrogatories purports to require Mattel to answer interrogatories that are in excess
12 | of the number of interrogatories allowed defendants, including pursuant to the
13 | Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
14 | defendants have neither sought nor obtained leave of the Court to serve such excess
15 | number of interrogatories, they are improper. Mattel further objects to this
16 | Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
17 | duplicative of other discovery requests propounded in this action, including in that it
18 | purports to require Mattel to summarize all facts on this subject, despite defendants'
19 | own refusals to answer interrogatories with the same or comparable language.
20 | Mattel further objects to this Interrogatory on the grounds that it calls for the
21 | disclosure of information subject to the attorney-client privilege, the attorney work-
22 | product doctrine and other applicable privileges. Mattel further objects to this
23 | Interrogatory on the grounds that it calls for the disclosure of confidential and/or
24 | proprietary information, which Mattel will disclose only subject to and in reliance
25 | upon the operative protective order.
26
27
28

07975/2338502.1

-16-

**INTERROGATORY NO. 24:**

DESCRIBE THE SALES AND PROFITS for each MATTEL PRODUCT that has been sold or offered for sale by YOU or YOUR licensees. (The time period applicable to this interrogatory is from January 1, 1990 to the present).

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper. Mattel further objects to this interrogatory on the ground that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory on the grounds that it is unreasonably burdensome and overbroad, including in that it seeks information about Mattel sales and products not at issue in this case. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.

**INTERROGATORY NO. 25:**

IDENTIFY, fully and separately, each and every PERSON who was involved in the development or marketing of the CONTESTED MATTEL PRODUCTS by stating each PERSON'S name, role, and start/end date. (As used in this Interrogatory, the phrase "development or marketing" means the entire process of creating and selling a new product or design, including without limitation, the

1  marketing, advertising, promotion, licensing, offering for sale, conception, origin,
2  creation, design, development, sculpting, engineering, reduction to practice, tooling
3  or painting of a product or embodiment of a product).
4
5  **RESPONSE TO INTERROGATORY NO. 25:**
6          In addition to the general objections stated above, Mattel specifically
7  objects to this Interrogatory on the grounds that defendants' Second Set of
8  Interrogatories purports to require Mattel to answer interrogatories that are in excess
9  of the number of interrogatories allowed defendants, including pursuant to the
10 Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
11 defendants have neither sought nor obtained leave of the Court to serve such excess
12 number of interrogatories, they are improper. Mattel further objects to this
13 Interrogatory on the grounds that it is unreasonably burdensome and overbroad,
14 including in that it seeks information about Mattel sales and products not at issue in
15 this case. Mattel further objects to this Interrogatory on the grounds that it calls for
16 the disclosure of confidential and/or proprietary information, which Mattel will
17 disclose only subject to and in reliance upon the operative protective order.
18
19 **INTERROGATORY NO. 26:**
20          Describe in detail all instances in which a PERSON expressed
21 confusion as to source or sponsorship between any MATTEL products, packaging
22 or advertising (including, but not limited to, the CONTESTED MATTEL
23 PRODUCTS) and any MGA products, packaging or advertising (including, but not
24 limited to, "BRATZ"), by: (i) stating the facts and circumstances of each instance;
25 (ii) IDENTIFYING all DOCUMENTS that REFER OR RELATE TO each instance;
26 and (iii) IDENTIFYING all witnesses who may have information that REFER OR
27 RELATE TO each instance.
28

**RESPONSE TO INTERROGATORY NO. 26:**

        In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because defendants have neither sought nor obtained leave of the Court to serve such excess number of interrogatories, they are improper. Mattel further objects to this Interrogatory on the grounds that it seeks information that is not relevant nor likely to lead to the discovery of admissible evidence and is unreasonably burdensome and overbroad, including in that it seeks information about products, packaging and other matters not at issue in this case. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.

**INTERROGATORY NO. 27:**

        For each PERSON listed in MATTEL'S INITIAL DISCLOSURES, IDENTIFY each PERSON and describe in detail each PERSON's alleged knowledge of the subjects or information identified in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO INTERROGATORY NO. 27:**

        In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that defendants' Second Set of Interrogatories purports to require Mattel to answer interrogatories that are in excess of the number of interrogatories allowed defendants, including pursuant to the Discovery Master's guidelines set forth in his Order of September 5, 2007. Because

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

1  defendants have neither sought nor obtained leave of the Court to serve such excess
2  number of interrogatories, they are improper. Mattel further objects to this
3  Interrogatory on the grounds that it seeks information that is unreasonably
4  burdensome and overbroad. Mattel further objects to this Interrogatory on the
5  grounds that it calls for the disclosure of confidential and/or proprietary information,
6  which Mattel will disclose only subject to and in reliance upon the operative
7  protective order.
8
9  **INTERROGATORY NO. 28:**
10      Describe in detail the complete factual basis for YOUR
11  COUNTERCLAIMS, including, without limitation all facts, DOCUMENTS, and
12  witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS.
13
14  **RESPONSE TO INTERROGATORY NO. 28:**
15      In addition to the general objections stated above, Mattel specifically
16  objects to this Interrogatory on the grounds that defendants' Second Set of
17  Interrogatories purports to require Mattel to answer interrogatories that are in excess
18  of the number of interrogatories allowed defendants, including pursuant to the
19  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
20  defendants have neither sought nor obtained leave of the Court to serve such excess
21  number of interrogatories, they are improper. Mattel further objects to this
22  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
23  compound, including in that it purports to require Mattel to summarize all facts on
24  these multiple subject, despite defendants' own refusals to answer interrogatories
25  with the same or comparable language. Mattel further objects to this Interrogatory
26  on the grounds that it calls for the disclosure of information subject to the attorney-
27  client privilege, the attorney work-product doctrine and other applicable privileges.
28  Mattel further objects to this Interrogatory on the grounds that it calls for the

disclosure of confidential and/or proprietary information, which Mattel will disclose
only subject to and in reliance upon the operative protective order.

**INTERROGATORY NO. 29:**

Describe in detail any estimate or calculation of damage, loss, injury, or
unjust enrichment, by reason of any act or omission alleged in YOUR
COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf
or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING
TO each estimate or calculation.

**RESPONSE TO INTERROGATORY NO. 29:**

In addition to the general objections stated above, Mattel specifically
objects to this Interrogatory on the grounds that defendants' Second Set of
Interrogatories purports to require Mattel to answer interrogatories that are in excess
of the number of interrogatories allowed defendants, including pursuant to the
Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
defendants have neither sought nor obtained leave of the Court to serve such excess
number of interrogatories, they are improper. Mattel further objects to this
Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
compound, including in that it purports to require Mattel to summarize all facts on
these multiple subject, despite defendants' own refusals to answer interrogatories
with the same or comparable language. Mattel further objects to this Interrogatory
on the grounds that it calls for the disclosure of information subject to the attorney-
client privilege, the attorney work-product doctrine and other applicable privileges.
Mattel further objects to this Interrogatory on the grounds that it purports to require
Mattel to disclose the identity of consulting experts. The identity of any such
experts will not be disclosed. Mattel further objects to this Interrogatory on the
grounds that it calls for the disclosure of confidential and/or proprietary information,

07975/2338502.1

1  which Mattel will disclose only subject to and in reliance upon the operative

2  protective order.  Mattel further objects to this Interrogatory on the grounds that it

3  purports to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u>

4  <u>Rules</u>.  Such disclosures will be made in accordance with the requirements of, and at

5  the times specified by, the Court's Orders and the <u>Rules</u>.

6

7  **INTERROGATORY NO. 30:**

8          IDENTIFY each and every SOURCE OF INFORMATION from which

9  YOU have COLLECTED DOCUMENTS that REFER OR RELATE TO BRATZ.

10

11  **RESPONSE TO INTERROGATORY NO. 30:**

12          In addition to the general objections stated above, Mattel specifically

13  objects to this Interrogatory on the grounds that defendants' Second Set of

14  Interrogatories purports to require Mattel to answer interrogatories that are in excess

15  of the number of interrogatories allowed defendants, including pursuant to the

16  Discovery Master's guidelines set forth in his Order of September 5, 2007.  Because

17  defendants have neither sought nor obtained leave of the Court to serve such excess

18  number of interrogatories, they are improper.  Mattel further objects to this

19  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and

20  compound, including in that it purports to require Mattel to summarize all facts on

21  these multiple subject, despite defendants' own refusals to answer interrogatories

22  with the same or comparable language.  Mattel further objects to this Interrogatory

23  on the grounds that it calls for the disclosure of information subject to the attorney-

24  client privilege, the attorney work-product doctrine and other applicable privileges.

25  Mattel further objects to this Interrogatory on the grounds that it purports to require

26  Mattel to disclose the identity of consulting experts.  The identity of any such

27  experts will not be disclosed.  Mattel further objects to this Interrogatory on the

28  grounds that it calls for the disclosure of confidential and/or proprietary information,

1   which Mattel will disclose only subject to and in reliance upon the operative
2   protective order.

3

4   **INTERROGATORY NO. 31:**

5       STATE THE COMPLETE FACTUAL BASIS FOR YOUR
6   CONTENTION that any BRATZ doll is substantially similar to, a copy or a
7   derivative of BRATZ DESIGNS created by Carter Bryant on or before October 19,
8   2000.

9

10  **RESPONSE TO INTERROGATORY NO. 31:**

11      In addition to the general objections stated above, Mattel specifically
12  objects to this Interrogatory on the grounds that defendants' Second Set of
13  Interrogatories purports to require Mattel to answer interrogatories that are in excess
14  of the number of interrogatories allowed defendants, including pursuant to the
15  Discovery Master's guidelines set forth in his Order of September 5, 2007. Because
16  defendants have neither sought nor obtained leave of the Court to serve such excess
17  number of interrogatories, they are improper. Mattel further objects to this
18  Interrogatory on the grounds that it is unreasonably burdensome, overbroad and
19  compound, including in that it purports to require Mattel to summarize all facts on
20  these multiple subject, despite defendants' own refusals to answer interrogatories
21  with the same or comparable language. Mattel further objects to this Interrogatory
22  on the grounds that its description of Mattel's positions in this suit is erroneous and
23  incomplete. Mattel further objects to this Interrogatory on the grounds that it calls
24  for the disclosure of information subject to the attorney-client privilege, the attorney
25  work-product doctrine and other applicable privileges. Mattel further objects to this
26  Interrogatory on the grounds that it purports to require Mattel to disclose the identity
27  of consulting experts. The identity of any such experts will not be disclosed. Mattel
28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

1  confidential and/or proprietary information, which Mattel will disclose only subject
2  to and in reliance upon the operative protective order.
3
4  DATED:  January 3, 2008          QUINN EMANUEL URQUHART OLIVER &
5                                   HEDGES, LLP
6
                                   By _Michael Zeller (by Heidi Fasben)_
7                                      Michael T. Zeller
                                       Attorneys for Mattel, Inc.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-24-

# EXHIBIT

# C

# Exhibit C
# PROVISIONALLY
# FILED UNDER SEAL

# EXHIBIT
# D

# Exhibit D

# PROVISIONALLY

# FILED UNDER SEAL