# EXHIBIT G

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

August 19, 2009

**VIA E-MAIL AND U.S. MAIL**

William A. Molinski, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
wmolinski@orrick.com

Re:   Mattel, Inc. v. MGA Entertainment, Inc., et. al.

Dear Mr. Molinski:

I write in response to your letter to Michael Zeller dated August 12, 2009, regarding Mattel, Inc.'s First Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories.

First, you claim that Mattel was ordered to provide responses without objection to the interrogatories. This is not accurate. Mattel was required to provide responses to the interrogatories because it *agreed* to do so. See Discovery Matter Order No. 42 at 25 ("Mattel is ordered to answer the five interrogatories, as it originally promised to do."). Mattel never agreed to waive nor did the Discovery Master overrule Mattel's objections to the interrogatories. To the contrary, Mattel opposed MGA's motion to the extent that it attempted to require Mattel to waive all objections. See Mattel, Inc.'s Opposition to MGA Entertainment, Inc.'s Motion to Compel Production of Documents and Things From MGA's Second and Fifth Sets of Requests for Production and Responses to MGA's Second Set of Interrogatories to Mattel, Inc., dated April 29, 2009, at 12-13 ("[I]t would be improper and premature to address this Mattel objection (and Mattel's other objections) now in light of Mattel's agreement to respond to the interrogatories...."). MGA conceded that this was sufficient. See MGA Entertainment, Inc.'s Reply Re Motion to Compel Production of Documents and Things From MGA's Second and

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT G
PAGE 609

Fifth Sets of Requests for Production and Responses to MGA's Second Set of Interrogatories to Mattel, Inc., dated May 4, 2009 ("Assuming Mattel does, in fact, provide further responses to the subject interrogatories . . . as it has committed to do, no Interrogatories and only four Requests for Production appear to remain at issue."). As a result, the Discovery Master did not rule on the merits of Mattel's objections. MGA cannot now renege on that agreement between the parties when it was the very basis of the Discovery Master's Order.

Second, you claim that Mattel should be required to identify all documents that refer or relate to the trade secrets defendants stole. Such a request is overbroad. As you know, Mattel has alleged that defendants stole "virtually every category of Mattel's sensitive and trade secret business plans." Mattel has of course produced the documents it is aware to date were stolen by defendants, and all documents that relate to these trade secrets cannot be even remotely relevant to the issues in this case and in any event would be unduly burdensome.

Third, you claim that "Mattel's purported identification of its alleged trade secrets in response to Interrogatory No. 20 is woefully inadequate under Cal. Code of Civil Proc. 2019.210 and applicable case law." The Court, however, has already ruled that Mattel fully complied with its obligations under that statute before it even responded to the interrogatories, when it identified the trade secrets by Bates number. See Order Re Motions Heard On June 11, 2007, dated June 27, 2007, at 25-26 ("The Court agrees that, by identifying documents in discovery by Bates-stamp number, Mattel has complied with the dictates of § 2019.210."). MGA's rehashed claim that Mattel is required to provide any further information than it already has contravenes the Court's prior Order.

Fourth, you request that Mattel remove reference to "certain vague 'catch-alls'" from its responses. Your letter fails to identify what, specifically, MGA is referring to in the 200-plus page responses. Please identify for me the language that you believe is inappropriate so that Mattel may consider it.

Fifth, you object that Mattel has limited its response regarding those who had access to the trade secrets to only include those with access prior to the theft. Yet, as you know, once those documents were stolen, Mattel no longer has knowledge regarding everyone who had access to them. Undoubtedly, and as MGA's own deposition testimony has confirmed, many people at MGA had access to those documents, including some that the MGA defendants identified in their recent interrogatory responses.

Sixth, you claim that Mattel's response to Interrogatory No. 23 is incomplete because much of the information is already contained within Mattel's counterclaims, and state that MGA is entitled to "all" information that Mattel believes supports its claims. As a preliminary matter, and as MGA successfully argued to the Discovery Master before, MGA is not entitled to "all" information in response to contention interrogatories. See Discovery Matter Order No. 11 at 19. Mattel has provided the level of information that is consistent with the Order and with the position that the MGA parties took in your August 7, 2009 letter regarding the MGA defendants interrogatory responses. Moreover, the overlap in Mattel's counterclaims and its interrogatory response is not a deficiency in its response, but rather a reflection of both the thoroughness of Mattel's counterclaims, and of defendants' obstruction of discovery. Mattel has provided a fair

2

and reasonable response to these interrogatories. Additional facts, particularly those that remain exclusively in the possession of the MGA defendants, will come to light in further document productions and deposition testimony, and as they are identified in Mattel's ongoing investigation. And as such additional facts come to light, Mattel will supplement its responses to reflect them.

Seventh, you state, without elaboration, that Mattel's response to Interrogatory No. 23 is "inadequate." To the extent you make this claim because you believe Mattel has not identified its trade secrets in comportment with the requirements of Cal. Code of Civil Proc. § 2019.210, Mattel disagrees. To the extent you believe they are inadequate for some other reason, I invite you to elaborate on this claim, so that Mattel may consider it further.

Finally, you claim that Mattel's decision to designate its entire responses Attorney's Eyes Only is "absurd." To my knowledge, neither side has provided a separate public redacted version of interrogatory responses that were designated under the protective order. Nevertheless, in the spirit of cooperation, Mattel is willing to consider providing a public redacted version of its responses, if you can confirm that the MGA defendants will do the same with their responses to Mattel's interrogatories.

I hope this adequately addresses your concerns. Nevertheless, we will consider your positions further and, if necessary, will provide supplemental responses on or before September 2, 2009, which is the same amount of time that the MGA defendants took to respond to my meet and confer letter regarding their deficient interrogatory responses, dated July 31, 2009. Please let me know if you have any other questions.

Best regards,

*Jon Corey (csn)*

Jon Corey

JDC:csn
07975/3055282.2

3

# EXHIBIT H

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

September 2, 2009

**VIA E-MAIL**

William A. Molinski, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
wmolinski@orrick.com

Re:  Mattel, Inc. v. MGA Entertainment, Inc., et. al.

Dear Mr. Molinski:

This is to inform you that Mattel continues to review its supplemental and redacted responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories to determine whether any revisions or supplements need to take place. Although Mattel anticipated finishing this process by today, Mattel will require some additional time to complete this process. Mattel anticipates completing it on or before September 9, 2009.

Please let me know if you have any questions or concerns or if that is otherwise disagreeable to MGA.

Very truly yours,

/s/ Jon D. Corey

Jon D. Corey

JDC:csn
07975/3083934.2

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | ...
SAN FRANCISCO | ...
SILICON VALLEY | ...
CHICAGO | ...
LONDON | ...
TOKYO | ...

EXHIBIT H
PAGE 612

# EXHIBIT

# I

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Wednesday, September 02, 2009 3:06 PM
**To:** Molinski, William; Cyrus Naim; Hurst, Annette
**Cc:** Jon Corey
**Subject:** RE: Mattel v. MGA

Don't know what you mean. This is an extension request. You appear not to be agreeing to that.


Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have

EXHIBIT I
PAGE 613

received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Molinski, William [mailto:wmolinski@orrick.com]
**Sent:** Wednesday, September 02, 2009 3:03 PM
**To:** Michael T Zeller; Cyrus Naim; Hurst, Annette
**Cc:** Jon Corey
**Subject:** RE: Mattel v. MGA

I will take that to mean that you are unwilling to meet over these responses. If my assumption is incorrect, let me know.



ORRICK

**BILL A. MOLINSKI**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Wednesday, September 02, 2009 2:59 PM
**To:** Molinski, William; Cyrus Naim; Hurst, Annette
**Cc:** Jon Corey
**Subject:** RE: Mattel v. MGA

If you'd rather, we can just go to the DM now. Please let me know.

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible

EXHIBIT I
PAGE 614

for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Molinski, William [mailto:wmolinski@orrick.com]
**Sent:** Wednesday, September 02, 2009 2:55 PM
**To:** Cyrus Naim; Hurst, Annette
**Cc:** Jon Corey; Michael T Zeller
**Subject:** RE: Mattel v. MGA

Counsel:

We are not willing to agree to a further extension on supplemental responses unless you can give us further indication as to what and how you are supplementing. Mr. Corey's letter notifying us of the intention to supplement disagreed with every basis we provided for why supplementation was required, and gave no indication as to how or what Mattel would be supplementing. This leads us to believe that there will be little, if any, meaningful supplementation. I propose we add this to the agenda for tomorrow's in-person meeting, so we can hear how you plan to supplement. If you are unwilling to do so, we will consider our meet and confer obligations completed and will proceed accordingly.

Regards,
Bill



ORRICK

**BILL A. MOLINSKI**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Cyrus Naim [mailto:cyrusnaim@quinnemanuel.com]
**Sent:** Wednesday, September 02, 2009 2:24 PM
**To:** Molinski, William; Hurst, Annette
**Cc:** Jon Corey; Michael T Zeller
**Subject:** Mattel v. MGA

Dear counsel,

Please see attached document.

EXHIBIT I
PAGE 615

Thank you,

Cyrus Naim
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3559
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: cyrusnaim@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

"EMF <orrick.com>" made the following annotations.
------------------------------------------------------------------------
========================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.



========================================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
========================================================================
========================================================================

EXHIBIT I
PAGE 616