# EXHIBIT J

**From:** O'Brien, Robert [mailto:obrien.robert@arentfox.com]
**Sent:** Thursday, September 03, 2009 8:24 PM
**To:** 'Michael T Zeller'; Hansen, Drew
**Cc:** Hurst, Annette; Jon Corey; Cyrus Naim; Dylan Proctor; Molinski, William
**Subject:** RE: Mattel v. MGA

Counsel,

The parties are encouraged to use good faith in the meet and confer process. Should motion practice be necessary with respect to this matter, I will review the meet and confer record and time involved in responding to discovery at that stage.

Best regards,
RCO

Robert C. O'Brien
Partner

Arent Fox LLP | Attorneys at Law
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
213.629.7400 DIRECT | 213.629.7401 FAX
obrien.robert@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Wednesday, September 02, 2009 10:18 PM
**To:** O'Brien, Robert; Hansen, Drew
**Cc:** 'ahurst@orrick.com'; Jon Corey; Cyrus Naim; Dylan Proctor; 'wmolinski@orrick.com'
**Subject:** Re: Mattel v. MGA

Dear Mr. O'Brien, unless the Discovery Master directs otherwise, we do not intend to burden you with a refutation of MGA's counsel's arguments. Suffice it to say that we disagree and respectfully submit that these contentions provide no basis for denying Mattel the mere four business day extension it seeks, especially in light of the holiday weekend. Thank you for your consideration of this request.

**From:** Molinski, William <wmolinski@orrick.com>
**To:** Dylan Proctor; obrien.robert@arentfox.com <obrien.robert@arentfox.com>; hansen.drew@arentfox.com <hansen.drew@arentfox.com>
**Cc:** Hurst, Annette <ahurst@orrick.com>; Michael T Zeller; Jon Corey; Cyrus Naim
**Sent:** Wed Sep 02 20:10:07 2009
**Subject:** RE: Mattel v. MGA

Mr. O'Brien:

On August 12, 2009 I sent a letter to Mattel's counsel requesting a meet and confer on the sufficiency of Mattel's responses to interrogatories nos. 20-23 and 28. On August 19, the last day for meeting and conferring, I received a letter from Mr. Corey rejecting each of the reasons I provided for supplementing these responses, for which you had ordered that Mattel provide full and complete responses. Mr. Corey's letter, however, said that they would consider our position further, and, if necessary, they would supplement by September 2—two weeks later. The letter gave no indication of how, or even whether, there would be any supplementation. Nonetheless, in an effort to avoid motions practice, I awaited the response promised for September 2.

Today I received Mr. Corey's second letter saying that they would not be providing the promised response today, but would require another week to determine if any supplementation was required. Again, the letter did not indicate how, or even if, there would be supplementation. In response, I asked Mr. Corey if he would agree to meet tomorrow, when we are scheduled to meet in person, on other issues, to inform me of how they intended to supplement, or even if they would do so. Mattel refused to meet, or to explain how, when or if they might supplement these responses. It has now been over three weeks since my original request to meet and confer over these responses, and all I have to date is a vague promise to review further.

Significantly, Mattel is asking for an extra week simply to decide if they will supplement. If they do not agree to do so, they will have delayed by a month our motion to compel. If they agree to supplement, we will then need to await some future date to see if any supplemental response is adequate, and then start the process of meeting over. I respectfully request that Mattel's requested extension, which follows its own self-imposed two week extension, be denied.

Thank you for your attention to this matter.

Bill Molinski

EXHIBIT J
PAGE 618



**ORRICK**

**BILL A. MOLINSKI**

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

tel 213-612-2256
fax 213-612-2499
mobile 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Wednesday, September 02, 2009 6:36 PM
**To:** 'obrien.robert@arentfox.com'; 'hansen.drew@arentfox.com'
**Cc:** Hurst, Annette; Molinski, William; Michael T Zeller; Jon Corey; Cyrus Naim
**Subject:** Mattel v. MGA

Dear Mr. O'Brien:

I write to request that the Discovery Master grant Mattel a one week extension in regards to an on-going meet-and-confer.

The parties are engaging in a meet-and-confer regarding Mattel's Supplemental Responses to Interrogatory Nos. 20-23 and 28. As part of the discussion, Mattel offered to review its responses and had stated that it would endeavor to provide additional information as appropriate, by today, September 2, 2009. Unfortunately, in considering its responses, Mattel realized that it needs additional time to complete its review, and asked that MGA permit Mattel an additional week. MGA has refused this request and instead appeared to indicate it would simply proceed to file a motion.

An additional week is warranted because these responses relate to the entirety of Mattel's claims against MGA. Indeed, even before supplementation they are over 250 pages in length. Moreover, with the upcoming holiday weekend, an extra week is only four business days. Mattel therefore respectfully requests that the Discovery Master grant Mattel a one-week extension in reviewing its Supplemental Responses to Interrogatory Nos. 20-23 and 28, to permit Mattel to respond by September 9, 2009.

Thank you for your continuing attention to this matter.

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the

EXHIBIT J
PAGE 619

recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

```
"EMF <orrick.com>" made the following annotations.
-------------------------------------------------------------------
===================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.



===================================================================
NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
===================================================================
===================================================================
```

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

EXHIBIT J
PAGE 620

# EXHIBIT K

# Exhibit K

# PROVISIONALLY FILED UNDER SEAL

OHS West:260521636.1

# EXHIBIT L

**From:** Dylan Proctor [dylanproctor@quinnemanuel.com]
**Sent:** Wednesday, July 22, 2009 3:36 PM
**To:** 'obrien.robert@arentfox.com'; hansen.drew@arentfox.com
**Cc:** Michael T Zeller; Hurst, Annette
**Subject:** Mattel v. MGA

Dear Mr. O'Brien,

At the hearing on July 8, the Discovery Master invited the parties to meet and confer regarding the deadline for Mattel's supplementation of its responses to Interrogatory Nos. 20, 21, 22, 23 and 28 in MGA's Second Set of Interrogatories to Mattel, Inc. Please be advised that the parties have agreed Mattel will supplement these responses by July 31, 2009. Thank you for your attention to this matter.

Very truly yours,


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT L
PAGE 649

# EXHIBIT M

```
 1           UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
 2                  EASTERN DIVISION
 3
 4    CARTER BRYANT, an individual,
 5         Plaintiff,
 6      vs.           No. CV 04-9049 SGL (RNBx)
                      Consolidated with
 7    MATTEL, INC., a Delaware    Nos. CV 04-9405 and
      corporation,            05-2727
 8
           Defendants.
 9    _____
10    AND CONSOLIDATED ACTIONS.
11
12    _____
13
14
15           REPORTER'S TRANSCRIPT OF PROCEEDINGS
16                Los Angeles, California
17                Wednesday, July 8, 2009
18
19
20
21    Reported by:
      CHERYL R. KAMALSKI
22    CSR No. 7113
23    Job No. 114470
24
25
```

1   these 5 interrogatories, these supplement our supplemental

2   responses, just don't count.

3       So the Discovery Master hit it on the head. As

4   long as they will count, we will supplement. But we're

5   not inclined, we don't think we should have to supplement

6   responses to discovery interrogatories where there are

7   limits and where MGA is taking the position saying we're

8   trying to extract a concession that they count.

9       MR. O'BRIEN: Right. I'm going to note this in

10  the order, but just so everyone knows what the ruling is

11  going to be, the interrogatories need to be answered. If

12  there is another set of interrogatories that puts -- that

13  you believe puts MGA over the limit, then, the remedy for

14  that is to file a motion for protective order on the

15  additional interrogatories. So with respect to these

16  current interrogatories, I don't want to presume that --

17  answer them seriatim, as they come in, and if they hit a

18  limit that you think Judge Larson has ordered or that the

19  federal rules cut them off at the 25, then file a motion

20  for a protective order and we'll take up the issue of

21  additional interrogatories at that time.

22      And this goes for both parties. By the way,

23  Ms. Hurst, if you feel that you need additional discovery

24  over and above an order that Judge Larson has already made

25  or over and above what's the default in the FRCP, then,

1   make a motion, and Mattel clearly can make the same sort

2   of motion if it feels it needs additional discovery.

3        So let's get these interrogatories answered and

4   we'll deal with the limits in a future motion.

5        MR. PROCTOR: Okay.

6        MR. O'BRIEN: Okay. I'm sorry, Ms. Hurst, I

7   interrupted you in the middle of -- you've got two parts

8   to this motion. The next part are the document requests.

9   Do you want to address those issues?

10       MS. HURST: May I just request that we have a

11  deadline of 10 days to get those interrogatory answers?

12       MR. O'BRIEN: Well --

13       MS. HURST: We've got a discovery cut-off of

14  December 11th, which is not a lot of time, so --

15       MR. O'BRIEN: Let me suggest the following -- I

16  guarantee that Mattel is going to hit you with a lot of

17  discovery and there are going to be times -- I don't know

18  if 10 days -- is 10 days something that you can do, or do

19  you need additional time?

20       MR. ZELLER: I mean, ultimately we'll defer to

21  whatever your judgment is on the timing of that. I would

22  point out that, of course -- I mean, already MGA has been

23  ordered to produce any amount of discovery, and has had

24  far more extended deadlines. I mean, if it's certainly

25  setting a precedent to create shorter deadlines, fair

# EXHIBIT N

```
 1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
 2     johnquinn@quinnemanuel.com
       Michael T. Zeller (Bar No. 196417)
 3     (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
 4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
 5  Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
 6  Facsimile:  (213) 443-3100

 7  Attorneys for Mattel, Inc.
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**<u>DISCOVERY MATTER</u>**<br><br>**[To be heard by Discovery Master Robert C. O'Brien]**<br><br>DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL'S OPPOSITION TO MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS FROM MGA'S SECOND AND FIFTH SETS OF REQUESTS FOR PRODUCTION AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES<br><br>Date:   July 8, 2009<br>Time:   10:00 a.m.<br>Place:  Arent Fox LLP<br>        555 West Fifth St.<br>        48th Floor<br>        Los Angeles, CA  90013<br><br>**Phase 2**<br>Discovery Cut-off:       Dec. 11, 2008<br>Pre-Trial Conference:    March 1, 2009<br>Trial Date:              March 23, 2009 |

07975/2996837.1

-1-

PROCTOR DECLARATION

## DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I submit this declaration in further support of Mattel's opposition to MGA's Motion To Compel Production of Documents and Things From MGA's Second and Fifth Sets of Requests for Production and Responses to MGA's Second Set of Interrogatories (the "Motion"), which the Discovery Master has scheduled to hear on July 8, 2009, and to apprise the Discovery Master of recent developments pertaining thereto.

3. As the Discovery Master knows from Mattel's opposition to MGA's Motion, Mattel initially agreed in April 2009 to supplement its responses to previously-served interrogatories (Nos. 20, 21, 22, 23, 28 and 29) pursuant to MGA's requests. These interrogatories had been served during discovery prior to the Phase 1 trial. At that time (i.e., prior to the Phase 1 trial), Mattel served only objections to Interrogatory Nos. 20, 21, 22, 23 and 28 because MGA had exceeded its allotted interrogatories under the then-applicable limits for interrogatories set by Judge Larson. That is, Mattel substantively answered Interrogatory No. 29 (and many other interrogatories not at issue here) pursuant to MGA's request, but did not substantively answer Interrogatory Nos. 20, 21, 22, 23 and 28 because MGA had exceeded the Court-imposed limits on the number of interrogatories defendants could serve (at the time, the limit was 50). MGA did not move to compel substantive responses to Interrogatory Nos. 20, 21, 22, 23 and 28 after Mattel explained that MGA had exceeded the applicable limits. Thus, to date these interrogatories have never been answered.

4.      After the Court increased the number of interrogatories that the parties could serve (which provided defendants 25 additional interrogatories) earlier this year, MGA asked Mattel to provide substantive responses to these never-before-answered interrogatories, as well as Interrogatory No. 29. To avoid motion practice, Mattel agreed to supplement its responses. MGA then filed its Motion notwithstanding that agreement. Furthermore, MGA served additional "Phase 2" interrogatories -- interrogatories that Mattel believes exceed the applicable limits on interrogatories in light of the Court's prior rulings on how interrogatories are to be counted. After Mattel informed MGA several weeks ago that its latest set of interrogatories put MGA over the applicable limits, MGA then took the position -- for the first time -- that Mattel's supplemental responses to the interrogatories MGA served prior to the Phase 1 trial should not count towards the limits on interrogatories, even where the interrogatories were never before substantively answered. See Mattel's Motion for Protective Order Regarding MGA's First Set of Phase 2 Interrogatories at 4:1-5:3, dated June 29, 2009, a true and correct copy of which is attached hereto as Exhibit 1.

5.      Mattel has now filed a motion for protective order seeking guidance as to how MGA's excessive interrogatories should be counted. Id. However, this motion has not yet been set for hearing.

6.      While Mattel remains willing to supplement its responses to Interrogatory Nos. 20, 21, 22, 23, and 28 pursuant to the parties' prior discussions, Mattel believes these interrogatories and Mattel's responses thereto should count towards the limits on interrogatories. Accordingly, in light of MGA's recent statement of its position to the contrary, Mattel advised MGA that it would not supplement its responses to these interrogatories (Nos. 20, 21, 22, 23, and 28) unless MGA would agree they would count towards the limits on interrogatories, and advised that Mattel would supplement its responses as agreed if MGA would agree they count. See Letter from Michael Zeller to Caroline Mankey, dated July 3, 2008,

1  at 2, a true and correct copy of which is attached hereto as Exhibit 2.  To the best of
2  my knowledge, Mattel has not received a response to this letter from MGA.
3          7.      As noted above, Mattel did substantively respond to
4  Interrogatory No. 29 prior to the Phase 1 trial.  Mattel agrees with MGA that
5  supplemental responses to interrogatories that *were* previously answered (and hence
6  have already been counted towards the limits on interrogatories) do not count as
7  additional interrogatories for purposes of the limits (i.e., a single interrogatory that is
8  answered once does not become a second interrogatory merely because
9  supplemental responses to it are served).  Accordingly, Mattel has served a
10 supplemental response to Interrogatory No. 29, as agreed.  Attached as Exhibit 3 is a
11 true and correct copy of Mattel's Second Supplemental Response to Interrogatory
12 No. 29 of MGA's Second Set of Interrogatories.
13         I declare under penalty of perjury under the laws of the United States of
14 America that the foregoing is true and correct.
15         Executed on July 7, 2009, at Los Angeles, California.

                                    /s/ B. Dylan Proctor
                                    B. Dylan Proctor