# EXHIBIT

# O

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
     & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
5  Los Angeles, California 90067
   Telephone:  310-553-3000
6  Facsimile:  310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
9  11377 West Olympic Boulevard
   Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:  310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12        UNITED STATES DISTRICT COURT, CENTRAL DISTRICT
13              OF CALIFORNIA, EASTERN DIVISION

14 CARTER BRYANT, an individual          )  Case No. CV 04-9049 SGL (RNBx)
                                         )  Consolidated with: Case No. CV 04-
15             Plaintiff,                )  9059; Case No. CV 05-2727
                                         )
16 v.                                    )  **DISCOVERY MATTER**
                                         )  **[To Be Heard by Discovery Master**
17 MATTEL, INC., a Delaware              )  **Robert C. O'Brien Pursuant to Order**
   Corporation                          )  **of January 6, 2009]**
18                                       )
             Defendant.                  )  **MGA ENTERTAINMENT, INC.'S**
19                                       )  **MOTION TO COMPEL**
                                         )  **PRODUCTION OF DOCUMENTS**
20                                       )  **AND THINGS FROM MGA'S**
                                         )  **SECOND AND FIFTH SETS OF**
21 AND CONSOLIDATED ACTIONS             )  **REQUESTS FOR PRODUCTION**
                                         )  **AND RESPONSES TO MGA'S**
22                                       )  **SECOND SET OF**
                                         )  **INTERROGATORIES TO**
23                                       )  **MATTEL, INC.**
                                         )
24                                       )  Date:  TBD
                                         )  Time:  TBD
25                                       )  Place:  TBD
                                         )
26                                       )  [Honorable Stephen G. Larson]
                                         )  **Phase 2**
27                                          Discovery Cut-off:  December 11, 2009
                                            Pre-Trial Conference:  March 1, 2010
28                                          Trial Date:  March 23, 2010

EXHIBIT O
PAGE 657

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2         PLEASE TAKE NOTICE that at a hearing before the Discovery Master Robert

3  O'Brien, occurring at a date and time to be set by the Discovery Master, MGA

4  Entertainment, Inc. ("MGA") will, and hereby does, move to compel Mattel, Inc.

5  ("Mattel") to: (1) produce all documents and things responsive to Request Nos. 153,

6  154, 158, 174, 175, 176 177 and 178 of MGA's Second Set of Requests for

7  Documents and Things and Request Nos. 486, 488 and 489 of its Fifth Set of

8  Requests for Documents and Things; and (2) respond to interrogatories 20, 21, 22, 23,

9  28 and 29 of its Second Set of Interrogatories.

10        This Motion is made pursuant to Federal Rules of Civil Procedure 33, 34, and

11  37 and pursuant to the Court's January 6, 2009 Order Appointing Discovery Master.

12        This Motion is based on this Notice of Motion and Motion, the accompanying

13  Memorandum of Points and Authorities, the Declaration of Caroline H. Mankey filed

14  concurrently herewith, the records and files of this Court, and all other matters of

15  which the Court may take judicial notice.

16                    **Statement of Rule 37-1 Compliance**

17        The parties met and conferred regarding the issues in this Motion on March 25,

18  2009, March 31, 2009, April 13, 2009, April 16, 2009, April 17, 2009 and dates

19  thereafter.

20  Dated: April 20, 2009                 Patricia L. Glaser
21                                         Joel N. Klevens
                                           GLASER, WEIL, FINK, JACOBS,
22                                           HOWARD & SHAPIRO, LLP

23                                         Russell J. Frackman
24                                         MITCHELL, SILBERBERG & KNUPP, LLP

25

26                                         By: _____/s/ Joel N. Klevens_____
                                               Joel N. Klevens
27                                             Attorneys for the MGA Parties
                                               for Phase Two

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1

EXHIBIT O
PAGE 658

1

## <u>TABLE OF CONTENTS</u>

2

3

<u>Page</u>

4

I.     PRELIMINARY STATEMENT ................................................................. 1

5

II.    PROCEDURAL HISTORY ....................................................................... 1

6

III.   STATEMENT OF RELEVANT FACTS..................................................... 2

7

    A.    Requests for Production of Documents and Things ............................. 2

8

    B.    Interrogatories .................................................................................. 2

9

IV.    ARGUMENT.......................................................................................... 3

10

    A.    Mattel Must Produce *All* Responsive Documents ............................. 3

11

        1.    Request for Production Nos. 148, 162, 486 and 489..................... 4

12

        2.    Request for Production No. 154 ................................................. 5

13

        3.    Request for Production No. 178 ................................................. 6

14

    B.    Mattel Should Be Compelled to Comply with Its Obligations To the
Extent It Has Not Done So Before the Hearing on This Motion.............. 6

15

    C.    Mattel's Response to Interrogatory No. 1 Is Not An Adequate Response
to Interrogatory Nos. 20, 21, 22, 23 or 28................................................. 7

16

    D.    MGA Is Entitled to a Full and Complete Response to Interrogatory No.
29 .................................................................................................... 10

17

    C.    Mattel's Boilerplate Objections Should Be Rejected ........................... 12

18

V.     CONCLUSION ....................................................................................... 15

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

i

EXHIBIT O
PAGE 659

1

## TABLE OF AUTHORITIES

2

### FEDERAL CASES

3

4  *A. Farber and Partners, Inc. v. Garber,*

5        234 F.R.D. 186 (C.D. Cal 2006)...............................................................12

6  *Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.,*

7        175 F.R.D. 646 (C.D. Cal. 1997)..............................................................13

8  *City and County of San Francisco v. Tutor-Saliba Corp.,*

9        218 F.R.D. 219 (N.D. Cal. 2003) .............................................................11

10  *Jackson v. Montgomery Ward & Co.,*

11        173 F.R.D. 524 (D. Nev. 1997)................................................................12

12  *Keith H. v. Long Beach Unified School District,*

13        228 F.R.D. 652 (C.D. Cal. 2005)..............................................................14

14  *O'Connor v. Boeing North American, Inc.,*

15        185 F.R.D. 272 (C.D. Cal. 1999)..............................................................13

16  *Putnam v. Eli Lilly and Co.,*

17        508 F. Supp. 2d 812 (C.D. Cal. 2007).......................................................14

18  *Swackhammer v. Sprint Corp PCS,*

19        225 F.R.D. 658 (D. Kan. 2004) ................................................................13

20  *Walker v. Lakewood Condominium Owners Ass'n,*

21        186 F.R.D. 584 (C.D. Cal. 1999)..............................................................12

22

### STATE CASES

23

*Bathija v. Panoff Pub., Inc.,*

24        2005 WL 2323298 (D. Alaska September 21, 2005).....................................11

25

26

27

28  [continued on next page]

ii

672844

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
Los Angeles, California 90067
310-553-3000

EXHIBIT O
PAGE 660

## FEDERAL STATUTES

Fed. R. Civ. P. 33(a)(2).................................................................9, 13

Fed. R. Civ. P. 33(b)(4)....................................................................12

Federal Rule of Civil Procedure 11 ..................................................11

Federal Rules of Civil Procedure 33, 34............................................1

## STATE STATUTES

Cal. Civ. Code § 3426.1(d)............................................................8, 9

Cal. Civ. Code § 3426.1(d)(2) .....................................................5,10

## MISCELLANEOUS

Miller & Marcus, Fed. Prac. and Proc.: Civil § 2167 at 247 (2d ed.1994) .............13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA'S MOTION TO COMPEL RESPONSES TO MGA'S REQUESTS FOR PRODUCTION & SECOND SET OF INTERROGATORIES

672844

EXHIBIT O
PAGE 661

## I.    <u>PRELIMINARY STATEMENT</u>

By this motion to compel (the "Motion"), MGA Entertainment, Inc. ("MGA") seeks documents and interrogatory responses that are directly relevant to the claims and defenses as alleged in Mattel's Second Amended Answer and Counterclaims (the "SAAC"). The parties have met and conferred at length about these discovery requests. Although Mattel has agreed to provide further written responses and documents, MGA has a number of concerns which Mattel has not yet addressed. Accordingly, MGA brings this Motion in order to preserve its rights and ensure that Mattel complies with its representation that it will supplement its interrogatory responses, produce the documents at issue, and provide written confirmation that all responsive documents in Mattel's possession have been produced.

To the extent Mattel does not comply with its representations to provide further responses and documents by the time the Discovery Master hears this motion, MGA seeks an order compelling production within twenty-four hours of the Discovery Master's ruling.[1]

## II.    <u>PROCEDURAL HISTORY</u>

This Motion concerns requests for production and interrogatories propounded by MGA upon Mattel between one-and-a-half and two years ago:

- MGA Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things in Case No. 05-2727, dated March 27, 2007;

- MGA's Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727, dated August 3, 2007; and

- MGA's Second Set of Interrogatories to Mattel, Inc., dated December 4, 2007.

(Declaration of Caroline H. Mankey ("Mankey Decl."), ¶ 2.) These requests that are the subject of this Motion all relate to MGA's defense of Mattel's Phase 2

---

[1] The parties are still working to resolve these issues informally. Mattel has represented that it will provide supplementary responses and documents by May 14, 2009 in response to the subject requests for production and interrogatories. As a result, MGA shall withdraw all or portions of its Motion in the event the parties are able to reach an agreement as to the discovery at issue.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA'S MOTION TO COMPEL RESPONSES TO MGA'S REQUESTS FOR PRODUCTION & SECOND SET OF INTERROGATORIES

EXHIBIT O
PAGE 662

1  counterclaims.  Although Mattel initially refused to respond to these discovery

2  requests and elected to make baseless objections instead, MGA was precluded from

3  seeking enforcement by the Court due to the February 4, 2008 Order placing a stay on

4  all Phase 2 discovery.  (*Id.*)  After the stay was lifted, MGA's Phase 2 counsel

5  initiated the meet and confer process as required by Rule 37-1.  Because Mattel has

6  not committed to providing full and complete responses to MGA's discovery requests

7  in a timely manner, MGA seeks the Discovery Master's assistance by bringing this

8  Motion.

9  **III.    STATEMENT OF RELEVANT FACTS**

10      **A.    Requests for Production of Documents and Things**

11      Requests for Production 146, 148, 153, 154, 158, 160, 162, 174, 175, 176, 177,

12  178, 486, 488, 489 and 491 from MGA's Second and Fifth Sets of Requests for

13  Production go to the heart of Mattel's counterclaims.  Indeed, Mattel did not

14  challenge any of these requests on the basis of relevance, but agreed to produce

15  documents responsive to them and asserted that documents responsive to the others

16  had either been produced already or do not exist in Mattel's possession, custody or

17  control.  (Mankey Decl., ¶¶ 8, 9, Exhs. F, G.)

18      During the meet and confer process, Mattel indicated that it would either

19  produce non-privileged, responsive documents in its possession, custody or control or

20  provide written confirmation that it is not in possession, custody, or control of

21  responsive documents.  (*Id.*)  However, Mattel did not expressly state whether it will

22  produce ***all*** such responsive documents or whether it intends to withhold any

23  documents on the basis of any privilege or any purported objection.  (Mankey Decl., ¶

24  11, Exh. I.)

25      **B.    Interrogatories**

26      The interrogatories at issue also go to the heart of Mattel's counterclaims –

27  most notably, its trade secret claims.  Interrogatory No. 20 asks Mattel to identify

28  each alleged trade secret that Mattel claims has been misappropriated by the MGA

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

2

EXHIBIT O
PAGE 663

1    Parties. (Mankey Decl., ¶ 4, Exh. B, Mattel's Responses to MGA's Second Set of

2    Interrogatories, p. 13.) Interrogatory No. 21 seeks the identity of the people who had

3    access to each alleged trade secret and the dates that these people had the access. (*Id.*

4    at p. 14) Interrogatory Nos. 22 and 23 ask Mattel to state all facts that support

5    Mattel's contentions: (1) that MGA misappropriated any alleged trade secret; and (2)

6    that these alleged trade secrets are protectable. (*Id.* at pp. 15-16.) Interrogatory No.

7    28 seeks the complete factual basis for Mattel's counterclaims, including all facts,

8    documents, and witnesses that refer or relate to those counterclaims. (*Id.* at p. 20)

9    Finally, Interrogatory No. 29 asks Mattel to describe in detail any estimate or

10   calculation of damage, loss, etc., as a result of the MGA Parties' purported

11   wrongdoing, as alleged in Mattel's Counterclaims. (*Id.* at p. 21.)

12        Although Mattel has agreed to supplement its responses to these

13   interrogatories, Mattel has not yet done so and has not withdrawn its objections. (*See*

14   Mankey Decl., ¶¶ 10, 11, Exhs. H, I.) Thus, MGA seeks an order compelling a full

15   and complete response to these interrogatories and an order overruling Mattel's

16   objections.

17   **IV.   ARGUMENT**

18        **A.    Mattel Must Produce *All* Responsive Documents**

19        During the parties' meet and confer, Mattel sought clarification of the term

20   "Mattel" because each set of requests for production defined the term slightly

21   differently. In response, by letter dated April 14, 2009, MGA indicated that it will

22   agree to apply one definition of "MATTEL" to all of MGA's requests for production

23   currently at issue. (Mankey Decl., ¶ 9, Exh. G.) Specifically, MGA agreed to define

24   "MATTEL" as follows:

25        "MATTEL," "YOU" or "YOUR" means the party Mattel, Inc. and any

26        of its past or present officers, directors, employees, parents, subsidiaries,

27        divisions, affiliates, predecessors-in-interest, and joint venture partners.

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT O
PAGE 664

1   (*Id.*)  Mattel has not indicated whether it agrees to this definition or whether it intends

2   to withhold any documents from its production as a result of any objection to this

3   definition.

4         In fact, although Mattel has indicated that it will produce documents responsive

5   to Request for Production Nos. 146, 148, 153, 160, 162, 174, 175, 176, 178, 486, 488,

6   489 and 491, Mattel did not expressly state that it would produce *all* such responsive

7   documents or whether it intends to withhold any documents on the basis of any

8   privilege or objection (including to the definition of Mattel).  (Mankey Decl., ¶¶ 10,

9   11, Exhs. H, I.)  To the extent Mattel does not intend to produce all documents, MGA

10  seeks an Order compelling Mattel to produce *all* non-privileged documents

11  responsive to the subject requests for production.[2]

12  **1.    Request for Production Nos. 148, 162, 486 and 489**

13        As to certain specific requests, Mattel has indicated that it will produce

14  documents, but is vague as to the scope of documents it intends to produce in

15  response to those requests.  With respect to Request for Production Nos. 148, 162,

16  486 and 489, Mattel has indicated that it "will produce responsive, non-privileged

17  documents regarding Mattel's *communications with law enforcement personnel* that

18  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

19  locate after a diligent search and reasonable inquiry, to the extent not previously

20  produced." (Emphasis added.)  (Mankey Decl., ¶ 10, Exh. H.)  However, the scope of

21  these requests is broader than just communications with law enforcement personnel.

22  Request Nos. 148 and 486 seek all documents relating to Mattel's involvement and

23  Mattel's agent's knowledge of or participation in the seizure, investigation or search

24  of materials at MGA Mexico.  (Mankey Decl., ¶ 11, Exh. I.)  Request Nos. 162 and

25  489 seek all documents relating to Mattel's involvement and Mattel's agent's

26  knowledge of or participation in the seizure by Canadian law enforcement authorities

27  _____

28  [2]    To the extent Mattel withholds any documents on the basis of privilege, it must provide a
        privilege log identifying those documents with sufficient detail.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  of a thumb drive from Brisbois.  (Mankey Decl., ¶¶ 8, 11, Exhs. F, I.)  Thus, MGA

2  seeks all documents responsive to these Requests, and not just the narrowed scope of

3  documents Mattel indicates it will produce and that the Discovery Master already

4  ordered Mattel to produce in his Order No. 6:

> Given Mattel's allegations regarding the theft of its trade secrets, its
> communications with law enforcement officials, and the overlap
> between the civil and criminal claims Mattel is pursuing, the
> Discovery Master concludes that, as a threshold matter, MGA has
> made a prima facie case that the Requests seeking the documents
> Mattel provided to law enforcement officials, as well as Mattel's
> communications with those officials, are reasonably calculated to lead
> to the discovery of admissible evidence regarding the claims to be
> adjudicated in Phase 2.

10  (Mankey Decl., ¶ 6, Exh. D, Phase 2 Discovery Matter Order No. 6, p. 11.)

11              **2.     Request for Production No. 154**

12       It is unclear which documents Mattel will produce in response to Request for

13  Production No. 154, which seeks all documents relating to persons "who had access

14  to the 2004 Sales Plan referred to in paragraph 62" alleged in Mattel's counterclaims.

15  (Mankey Decl., ¶ 8, Exh. F.)  This Request is directly relevant to Mattel's claims that

16  its 2004 Sales Plan, which Mattel contends was misappropriated by MGA, contains

17  protectable trade secrets. *See* Cal. Civ. Code § 3426.1(d)(2) (requiring efforts to

18  maintain the "secrecy" of purported trade secrets).

19       During meet and confer discussions, Mattel requested that MGA limit the

20  temporal scope and definition of the term "access." (Mankey Decl., ¶ 10, Exh. H.)  In

21  response, MGA agreed to narrow the request temporally to apply only to documents

22  predating the filing of Mattel's SAAC on July 12, 2007, so long as Mattel confirms

23  that it has no claims relating to the 2004 Sales Plan after this date. (Mankey Decl., ¶

24  11, Exh. I.)  MGA also clarified that it seeks documents reflecting all persons to

25  whom Mattel gave the ability or permission to access the 2004 Sales Plan, but does

26  not seek information regarding persons who might have had access to the document

27  while it was in the possession of a person or entity other than Mattel, such as

28  government or court personnel, unless that access was given to them by Mattel. (*Id.*)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA'S MOTION TO COMPEL RESPONSES TO MGA'S REQUESTS FOR PRODUCTION & SECOND SET OF INTERROGATORIES

1    Documents reflecting the time period before Mattel filed its counterclaims and
2    the people who had access to the 2004 Sales Plan are not only relevant, but critical to
3    MGA's defense because they may show, for example, that Mattel did not maintain the
4    2004 Sales Plan as confidential and, thus, that it does not contain protectable trade
5    secrets. Thus, Mattel should produce all non-privileged documents responsive to
6    Request No. 154 as narrowed by MGA.

7    **3.    Request for Production No. 178**

8    With respect to Request for Production No. 178, Mattel has indicated that it
9    will produce non-privileged, responsive documents "relating to the discovery of
10   MGA's thefts of trade secret and other confidential Mattel information . . . ."
11   (Mankey Decl., ¶ 10, Exh. H.) However, the scope of this Request is much broader
12   than that. Request for Production No. 178 seeks documents relating to "any
13   investigation, surveillance, inspection, inquiry, survey or analysis into the activities,
14   including but not limited to electronic and computer related activities," alleged in
15   Mattel's counterclaims. (Mankey Decl., ¶ 11, Exh. I.) Mattel has offered no basis to
16   limit its production, thus, MGA seeks an order compelling Mattel to produce ***all***
17   documents responsive to this Request.

18   **B.    Mattel Should Be Compelled to Comply with Its Obligations To the**
19   **Extent It Has Not Done So Before the Hearing on This Motion**

20   Mattel has agreed to produce non-privileged responsive documents in response
21   to most of MGA's requests for production and/or supplement its responses in writing
22   to confirm that it does not have any additional responsive documents in its possession,
23   custody, or control that have not been produced. (Mankey Decl., ¶ 10, Exh. H.) To
24   the extent Mattel fails to produce these documents and/or provide a written
25   supplemental response confirming that it has produced all documents by the time the
26   Discovery Master rules on the instant Motion, MGA seeks an order compelling
27   Mattel to comply with its obligations within twenty-four hours of the Discovery
28   Master's Order.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

6

EXHIBIT O
PAGE 667

1   Mattel will not be prejudiced by such an order given its agreement to provide

2   these documents and responses.  Moreover, Mattel has had more than adequate notice

3   of MGA's demands for these documents and written responses to be able to produce

4   these responses and documents immediately.  Not only were the requests for

5   production served during Phase 1, but MGA's initial meet and confer letter was sent

6   to Mattel on March 25, 2009.  (Mankey Decl., ¶ 8, Exh. F.)  Telephonic conferences

7   were then held on March 31, April 13, and April 16, 2009, this motion is being filed

8   on April 20, 2009, and this motion will not be heard until well after that, all of which

9   gives Mattel plenty of time to assemble and produce the relevant documents and

10  written responses that it has agreed to provide.  (Mankey Decl., ¶ 12.)

11   Absent such an order, MGA would be highly prejudiced in the event of

12  Mattel's failure to produce the agreed upon documents and written responses in a

13  timely fashion because MGA would then have to file an entirely new motion to

14  compel, months after having initiated the meet and confer process regarding these

15  requests in March 2009.  Indeed, such a failure by Mattel to produce documents and

16  written responses after agreeing to do so would only encourage Mattel to employ such

17  tactics in the future to avoid or delay its discovery obligations at MGA's expense and

18  to MGA's detriment in connection with its ongoing discovery and preparation for

19  trial.

20   **C.   Mattel's Response to Interrogatory No. 1 Is Not An Adequate**

21          **Response to Interrogatory Nos. 20, 21, 22, 23 or 28**

22   During the meet and confer process, Mattel contended that its response to

23  Interrogatory No. 1 was a complete answer to Interrogatory Nos. 20, 22, 23 and 28,

24  which seek detailed information supporting each of Mattel's counterclaims.  (Mankey

25  Decl., ¶¶ 3, 9, Exhs. A, G.)  Mattel also objected to these latter Requests on the basis

26  that they are duplicative.  (Mankey Decl., ¶ 5, Exh. C.)  Although Mattel appears to

27  have abandoned these objections by agreeing to provide further responses to these

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

7

EXHIBIT O
PAGE 668

1   interrogatories, MGA nonetheless seeks an order that the objections are overruled

2   because Mattel has not expressly withdrawn them.

3       Interrogatory No. 1 asked Mattel to state all facts and identify all documents

4   that support its contention that Mattel has suffered harm as a result of any act or

5   omission of MGA.  (Mankey Decl., ¶ 3, Exh. A.)  As discussed below, Mattel's

6   response to Interrogatory No. 1 is not responsive to Nos. 20, 22, 23 or 28.

7       The California Uniform Trade Secret Act ("CUTSA") defines a "trade secret"

8   as follows:

9       "Trade secret" means information, including a formula, pattern,
        compilation, program, device, method, technique, or process, that:
10

11          (1) Derives independent economic value, actual or
            potential, from not being generally known to the public
12          or to other persons who can obtain economic value from
            its disclosure or use; and

13          (2) Is the subject of efforts that are reasonable under the
            circumstances to maintain its secrecy.
14

15  Cal. Civ. Code § 3426.1(d).  The disputed Interrogatories all seek to vet Mattel's trade

16  secret claims by requesting the type of information described by the statute.

17      Interrogatory No. 20 asks Mattel to identify "with specificity" each alleged

18  trade secret referred to in the SAAC as well as any related documents.  (Mankey

19  Decl., ¶ 4, Exh. B.)  Likewise, Interrogatory No. 23 seeks the complete factual basis

20  for Mattel's contention that the trade secrets that MGA purportedly stole are

21  protectable. (*Id.*)  Finally, Interrogatory Nos. 22 and 28 request the factual bases for

22  Mattel's contention that MGA misappropriated any alleged trade secret and for its

23  counterclaims generally. (*Id.*)

24      Information responsive to these interrogatories would include, for example, the

25  following types of facts: (1) each type of information that Mattel contends constitutes

26  a trade secret; (2) the independent economic value that Mattel purportedly derives

27  from keeping each of the alleged trade secrets from being generally known to the

28  public; (3) any steps Mattel has taken to ensure the secrecy of the alleged trade

EXHIBIT O
PAGE 669

1  secrets; and (4) individuals who had access to these purported trade secrets and

2  whether they were obligated or could be trusted to keep this information confidential.

3  Additionally, because MGA's Second Set of Interrogatories defines the term "factual

4  basis" to include identification of documents and witnesses with relevant information,

5  complete responses would provide this information as well. (Mankey Decl., ¶ 4, Exh.

6  B.)

7      Mattel's response to Interrogatory No. 1 does not adequately respond to these

8  interrogatories. As an initial matter, Mattel's response does not identify all

9  documents or witnesses related to each of its contentions. (Mankey Decl., ¶3, Exh.

10  A.) Moreover, the CUTSA statute is clear that the term "trade secret" refers to

11  specific information, not simply the documents which might contain that information.

12  *See* Cal. Civ. Code § 3426.1(d). Notwithstanding the fact that Mattel has provided a

13  20-page list of documents, MGA is not in a position to presume what trade secrets

14  those documents purportedly contain. (Mankey Decl., ¶ 3, Exh. A.) Finally, as the

15  Discovery Master has already ruled in relation to prior discovery disputes, if an

16  interrogatory is truly duplicative of a prior request, the responding party "should be

17  able to respond to the latest interrogatories by cutting and pasting its responses to the

18  prior interrogatories." (Mankey Decl., ¶ 7, Exh. E, Phase 2 Discovery Matter Order

19  No. 17, p. 22 n.10.)

20      Mattel also objects to Interrogatory No. 22, which asks for the complete factual

21  basis underlying its contention that MGA misappropriated any alleged trade secret, on

22  the basis that it seeks "facts that are known to or in the possession, custody or

23  control" of MGA. (Mankey Decl., ¶ 5, Exh. C.) It is Mattel's burden to identify and

24  establish trade-secret protection over the information that MGA purportedly

25  misappropriated and it is Mattel's obligation to disclose such information in response

26  to MGA's interrogatory. As discussed in further detail below, contention

27  interrogatories are expressly authorized by the Federal Rules of Civil Procedure. Fed.

28  R. Civ. P. 33(a)(2). Mattel may not limit its discovery obligations by dictating what

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT O
PAGE 670

1  information MGA is entitled to receive or by asserting that the facts are already

2  known to MGA.

3      For the same reasons that MGA is entitled to the information sought by

4  Interrogatories 20, 22, 23 and 28, MGA is also entitled to information regarding each

5  person who has had access to each of Mattel's trade secrets and the dates upon which

6  they had such access, as sought by Interrogatory No. 21.  Such information is clearly

7  relevant under the CUTSA statute, which requires efforts to maintain the "secrecy" of

8  purported trade secrets.  See Cal. Civ. Code § 3426.1(d)(2).  A detailed list of

9  individuals who had access (and when they had such access) to Mattel's alleged trade

10 secrets is highly relevant to MGA's defense of Mattel's misappropriation claims as

11 they may demonstrate that Mattel did not take efforts to maintain the secrecy of its

12 purported trade secrets.  This information is not provided in Mattel's supplemental

13 response to Interrogatory No. 1 and should be disclosed to MGA.  (Mankey Decl., ¶

14 3, Exh. A.)  Thus, Mattel's response to Interrogatory No. 1 does not fully respond to

15 Interrogatories Nos. 20, 21, 22, 23 and 28.

16 **D.    MGA Is Entitled to a Full and Complete Response to Interrogatory**

17 **No. 29**

18     Interrogatory No. 29 asks Mattel to describe in detail any estimate or

19 calculation of damages, loss, etc., it purports to have sustained in connection with its

20 counterclaims.  (Mankey Decl., ¶ 4, Exh. B.)  Even though Mattel has agreed to

21 supplement its response, MGA seeks an order to ensure that Mattel fully and

22 completely responds to this interrogatory.

23     Mattel initially refused to provide a responsive answer to this request because it

24 claimed that it has not yet completed its calculation of damages and because it seeks

25 information that is the subject of expert analysis and fact discovery from MGA that

26 has not yet been conducted.  (Mankey Decl., ¶ 9, Exh. G.)  None of these objections

27 absolves Mattel of its duty to provide responsive, non-privileged information that is

28 currently known.  The Discovery Master recently ruled that a party "cannot... assert

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**10**

EXHIBIT O
PAGE 671

1    that the objection [based on expert testimony] permits it to withhold information that
2    is now available to it." (Mankey Decl., ¶ 7, Exh. E, Phase 2 Discovery Matter Order
3    No. 17, p. 21.)

4         Notwithstanding its ability to supplement its response later, Mattel must still
5    comply with its current discovery obligations to provide the full extent of information
6    relating to its damages estimates and calculations that is currently in its possession,
7    custody or control. *City and County of San Francisco v. Tutor-Saliba Corp.*, 218
8    F.R.D. 219, 221 (N.D. Cal. 2003) (holding that plaintiff should provide its assessment
9    of damages in light of the information currently available to it in sufficient detail);
10   *Bathija v. Panoff Pub., Inc.*, 2005 WL 2323298, at *1-2 (D. Alaska September 21,
11   2005) (granting defendant's motion to compel because plaintiff must provide the
12   specific facts on which it currently possesses and relies upon to support its
13   allegations, even if plaintiff supplements its response at a later date).

14        Certainly, Mattel has made *some* kind of estimate of damages it contends that it
15   has suffered as a result of the alleged acts of MGA and has *some* evidence to support
16   that estimate. Federal Rule of Civil Procedure 11 requires Mattel to have had some
17   basis for filing a counterclaim alleging damages purportedly caused by MGA. Mattel
18   asserted its counterclaims in 2006 – more than two years ago – and has had ample
19   time to assess its claim for damages. Certain of the information supporting Mattel's
20   damages analysis is necessarily in Mattel's possession, and not MGA's, such as
21   information regarding Mattel's purported lost profits, lost sales, decreased market
22   share, and various other sales, marketing and financial data that may support any
23   other alleged theory of damages. Mattel cannot withhold such evidence and
24   information from MGA simply because Mattel has not completed its own discovery
25   from MGA. MGA is entitled to all such information and evidence currently in
26   Mattel's possession, custody or control, even if it is not final or complete. Thus,
27   Mattel's supplemental response must provide a full and complete response to this
28   interrogatory.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT O
PAGE 672

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## C.    Mattel's Boilerplate Objections Should Be Rejected

In its written objections to Interrogatory Nos. 20, 21, 22, 23, 28 and 29, Mattel also makes a number of improper boilerplate objections (set forth below), none of which is substantiated with any level of detail.  Because boilerplate objections are equivalent to "not making any objection at all" and because Mattel abandoned these objections by failing to raise them during the meet and confer process, such objections should be rejected and overruled by the Discovery Master.

Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  The courts have specifically held that "general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections."  *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal 2006).  Stated another way, "boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."  *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).  This constitutes waiver.

In fact, the Discovery Master has previously ruled that the failure to provide supporting evidence is fatal to an objection based on a claim of undue burden.  (Mankey Decl., ¶ 7, Exh. E, Phase 2 Discovery Master Order No. 17, p. 23 (citing *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528-9 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").)  The Discovery Master has further ruled that a party cannot complain that interrogatories are unduly burdensome when the request simply seeks information regarding the extent and details of the responding party's claims."  (*See id.*)

672844

1    Furthermore, interrogatories that require a responding party to substantiate its
2  contentions are not objectionable on that basis alone.  Fed. R. Civ. P. 33(a)(2) ("an
3  interrogatory is not objectionable merely because it asks for an opinion or contention
4  that relates to fact or the application of law to fact...."); *see O'Connor v. Boeing*
5  *North American, Inc.*, 185 F.R.D. 272, 280-281 (C.D. Cal. 1999) (interrogatory
6  asking responding party to describe each injury "which you contend was caused by
7  defendant's conduct" was proper).  In fact, the courts have expressly held that under
8  Rule 33, "there is no... automatic rule that an interrogatory must be disallowed
9  merely because it calls for an opinion or contentions." *Cable & Computer*
10  *Technology, Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997)
11  (citing Wright, Miller & Marcus, Fed. Prac. and Proc.: Civil § 2167 at 247 (2d
12  ed.1994)).  Because such interrogatories seek information related to the responding
13  parties own factual and legal contentions, "the burden [is] on the party opposing
14  discovery rather than... the proponent of the contention interrogatories to justify their
15  propoundment." *Id.* at 652.  This policy is "consistent with Rule 11 of the Federal
16  Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis
17  for the allegations in their complaint...." *Id.*
18    In response to Interrogatory Nos. 20, 21, 22, 23 28 and 29, Mattel has made
19  various boilerplate objections:
20    • "unreasonably burdensome, [and] overbroad"
21    • "duplicative of other discovery requests propounded in this action"
22    • "compound"[3]
23
24

---

25  [3]   Mattel's "compound" objection is restricted to Interrogatory Nos. 28 and 29.  As with prior
26  discovery disputes, the Discovery Master should reject these objections on the ground that such
   interrogatories "refer to one common theme and a common group, ...count as a single
27  interrogatory," and are therefore proper.  (Mankey Decl., ¶ 7, Exh. E, Phase 2 Discovery Matter
   Order No. 17, p. 21-22 (citing *Swackhammer v. Sprint Corp PCS*, 225 F.R.D. 658, 644 (D. Kan.
28  2004) ("[a]n interrogatory containing subparts directed at eliciting details concerning a 'common
   theme' should generally be considered a single question")).)

**13**

672844

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT O
PAGE 674

1       • "calls for the disclosure of information subject to the attorney-client
2         privilege, the attorney work-product doctrine and other applicable
        privileges"

3       • "calls for the disclosure of confidential and/or proprietary information"

4       • "purports to require Mattel to summarize all facts on" one or more
5         subjects

6 (Mankey Decl., ¶ 5, Exh. C.)  In doing so, Mattel fails to:

7       • explain how a particular interrogatory is burdensome or overbroad;

8       • identify other discovery requests previously propounded by MGA that
        purportedly seek the same information;
9

10       • explain how a request is compound and, if true, why that is improper;

11       • describe how the attorney-client privilege or work-product doctrines are
        implicated by the interrogatory;

12       • articulate what Mattel means by "other applicable privileges;" or

13       • express how the interrogatory calls for the production of confidential or
14         proprietary information.

15     Mattel's objection based on confidential and proprietary information is

16 particularly frivolous because Mattel acknowledges in its objections that the parties

17 have stipulated to, and the Court has entered, a Protective Order sufficient to protect

18 these interests.  (Mankey Decl., ¶ 5, Exh. C.)  The applicable case law is clear that

19 such protective orders alleviate any plausible concerns Mattel may have with respect

20 to confidentiality. *See, e.g., Putnam v. Eli Lilly and Co.*, 508 F. Supp. 2d 812, 814

21 (C.D. Cal. 2007) (a protective order "can strike the appropriate balance between the

22 need for the information and the privacy concerns" of a party opposing discovery);

23 *Keith H. v. Long Beach Unified School District*, 228 F.R.D. 652, 658 (C.D. Cal. 2005)

24 (compelling production of records in light of redactions and "a protective order to

25 minimize any invasion of the students' privacy rights").  Accordingly, the parties to

26 this action have already produced volumes of documents containing "confidential

27 and/or proprietary information" under the designations "Confidential" and

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
Los Angeles, California 90067
310-553-3000

**14**

MGA'S MOTION TO COMPEL RESPONSES TO MGA'S REQUESTS FOR PRODUCTION & SECOND SET OF INTERROGATORIES

EXHIBIT O
PAGE 675

1    "Confidential – Attorneys' Eyes Only" as provided in the Protective Order.  The

2    interrogatories at issue here are no different.

3    **V.    CONCLUSION**

4         For the foregoing reasons, MGA respectfully requests that the Discovery

5    Master grant this motion in its entirety and order Mattel to:  (1) produce documents

6    and things responsive to MGA's Second Set of Requests for Documents and Things

7    and Fifth Set of Requests for Documents and Things, and/or provide written

8    confirmation that Mattel has no additional documents in its possession, custody, or

9    control responsive to these requests, which have not been produced; and (2) provide

10   full and complete supplemental responses to MGA's Second Set of Interrogatories.

11   Dated:  April 20, 2009                 Patricia L. Glaser
12                                          Joel N. Klevens
                                            GLASER, WEIL, FINK, JACOBS,
13                                            HOWARD & SHAPIRO, LLP

14                                          Russell J. Frackman
                                            MITCHELL, SILBERBERG & KNUPP, LLP
15
16                                          By:  _____/s/ Joel N. Klevens_____
                                               Joel N. Klevens
17                                             Attorneys for the MGA Parties
                                               for Phase Two
18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT O
PAGE 676

1

**PROOF OF SERVICE**

2  STATE OF CALIFORNIA

3  COUNTY OF LOS ANGELES

4        I am employed in the County of Los Angeles, State of California; I am over the age of 18
and not a party to the within action; my business address is 10250 Constellation Boulevard,
5  Nineteenth Floor, Los Angeles, California 90067.

6        On April 20, 2009, I served the foregoing document described as:

7  **MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND THINGS FROM MGA'S SECOND AND FIFTH SETS
8  OF REQUESTS FOR PRODUCTION AND RESPONSES TO MGA'S
SECOND SET OF INTERROGATORIES TO MATTEL, INC.**
9

10  on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope
addressed as follows:

11        **PLEASE SEE ATTACHED SERVICE LIST**

12  ☐    (BY MAIL)  I am readily familiar with the business practice for collection and
processing of correspondence for mailing with the United States Postal Service.
13  This correspondence shall be deposited with the United States Postal Service this
same day in the ordinary course of business at our Firm's office address in Los
14  Angeles, California.  Service made pursuant to this paragraph, upon motion of a
party served, shall be presumed invalid if the postal cancellation date of postage
15  meter date on the envelope is more than one day after the date of deposit for
mailing contained in this affidavit.
16

17  ☐    (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by
Federal Express, an express service carrier which provides overnight delivery, as
18  follows.  I placed true copies of the foregoing document in sealed envelopes or
packages designated by the express service carrier, addressed to each interested
19  party as set forth above, with fees for overnight delivery paid or provided for.

20  ☒    (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to
the offices of the above named addressee.

21  ☒    (**BY EMAIL**)  I caused such documents to be delivered via email to the
22  addressee(s).

23  ☐    (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the
offices of the addressee(s) at the following facsimile number:

24  Executed this 20rd day of April, 2009, at Los Angeles, California.

25        I declare under penalty of perjury under the laws of the State of California that the above is
26  true and correct.

27

28                                          ADIL M. KHAN

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.553.3000

672844

1

## SERVICE LIST

2   Robert C. O'Brien
    Discovery Master
3   Arent Fox LLP
    555 West 5th St., Suite 4800
4   Los Angeles, CA 90013
    **[By Personal Service on April 21, 2009]**

5

6   John Quinn, Esq.
    (johnquinn@quinnemanuel.com)
7   Jon D. Corey, Esq.
    (joncorey@quinnemanuel.com)
8   Michael T. Zeller, Esq.
    (michaelzeller@quinnemanuel.com)
9   Quinn Emanuel Urquhart Oliver & Hedges, LLP
    865 South Figueroa Street, 10th Floor
10   Los Angeles, CA 90017-2543
    **[By Email Service]**

11   Russell J. Frackman, Esq.
    (rjf@msk.com)
12   Patricia H. Benson, Esq.
    (phb@msk.com)
13   Mitchell, Silberberg & Knupp, LLP
    11377 W. Olympic Blvd.
14   Los Angeles, CA 90067
    (310) 312-2000
15   **[By Email Service]**

16   Thomas J. Nolan, Esq.
    (tnolan@skadden.com)
17   Raoul D. Kennedy, Esq.
    (rkennedy@skadden.com)
18   Jason D. Russell, Esq.
    (Jason.russell@skadden.com)
19   Skadden, Arps, Slate, Meagher & Flom LLP
    300 South Grand Avenue, Suite 3400
20   Los Angeles, CA 90071-3144
    (213) 687-5000
21   **[By Email Service]**

22   Mark E. Overland, Esq.
    moverland@obsklaw.com
23   Alexander H. Cote, Esq.
    acote@obsklaw.com
24   Overland Borenstein Scheper & Kim LLP
    601 W. 5th Street, 12th Floor
25   Los Angeles, CA 90017

26           **[By Email Service]**

27

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

672844