# EXHIBIT

# P

April 16, 2009

**VIA ELECTRONIC MAIL AND FAX**

Caroline H. Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:   Mattel v. MGA Entertainment, Inc., et al.

Dear Caroline:

I write to memorialize our telephone call of this afternoon regarding certain MGA Requests for Production and Interrogatories. As I described to you over the phone, we have agreed:

- For Request for Production Nos. 146, 160, 174, and 175 (Second Set), and 488 and 491 (Fifth Set), Mattel will produce non-privileged documents responsive to these requests, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production Nos. 148 and 162 (Second Set), and 486 and 489 (Fifth Set), Mattel will produce responsive, non-privileged documents regarding Mattel's communications with law enforcement personnel that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 153 (Second Set), Mattel will produce responsive, non-privileged documents relating to the trade secret/confidential nature of the 2004 Sales Plan, including any documents relating to it being or containing purportedly public information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG , United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100

EXHIBIT P
PAGE 679

- For Request for Production Nos. 176 and 177 (Second Set), Mattel will produce responsive, non-privileged documents that relate to the trade secrets and confidential information at issue in this case and to the policies and procedures applied in the U.S., Mexico and Canada with respect to those trade secrets and confidential information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 178 (Second Set), Mattel will produce responsive, non-privileged documents relating to the discovery of MGA's thefts of trade secret and other confidential Mattel information that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

Also, as we discussed, with respect to Request for Production Nos. 759, 760, 761 (Fifth Set) and 158 (Second Set), Mattel already agreed to produce documents in prior responses and in response to the question you posed today about Request No. 158, we do not know of any responsive documents that have not been produced but we will supplement our production in the event that any additional documents are located.

With respect to Requests for Production Nos. 137 and 157 (Second Set), I explained that Mattel's previously produced documents, interrogatory responses and Initial Disclosures already reflect the universe of people with non-privileged information sought in these requests. Further, we had previously discussed whether No. 137 could be construed as incorporating documents reflecting that the persons had the knowledge of alleged copying, taking, accessing or modification of proprietary Mattel documents by Machado, Trueba, and Vargas, and whether No. 157 could be construed as reflecting the contacts that Brawer with the persons after his resignation from Mattel, and you had said MGA would be willing to narrow the requests to just seek those documents. Mattel has considered that suggestion, and while we disagree as to whether these particular requests necessarily encompass such documents, we believe all such documents have been produced anyway. As a result, I believe these requests are resolved. I suggested that you look at the information already provided and let me know what, if anything, you believe you still need to resolve these two requests. Please confirm that we have agreement on that approach.

With respect to Request for Production No. 154, concerning documents referring or relating to those who had access to the 2004 Sales Plan, we discussed whether MGA means by "access" those who actually accessed the Sales Plan, or those who have access in some more technical, theoretical way. Your understanding was that the requests seeks to identify all the people who actually accessed the document, but you told me you would find out from your team whether that was the case. Also, I raised the issue that the number of people with access can change over time, and that the content of the document itself can change over time. As to the latter, Mattel understands the Request to refer to the version(s) of the document that were actually taken.

EXHIBIT P
PAGE 680

Caroline Mankey, Esq.
April 16, 2009

Mattel is also wondering what MGA has in mind in terms of temporal scope. We do not agree that all post-theft access to the document is relevant in all cases to a trade secret misappropriation claim, but we understand your position that some post-theft access may be relevant and are willing to consider producing items within a reasonable post-theft time period. Please forward any authority that would help us determine what is the proper time period to apply. Also, I noted that Request No. 154 as drafted would include access by lawyers, investigators, court personnel and government personnel as a result of MGA's theft. It did not sound from what you had told me that this is the information MGA seeks. With respect to these issues, you told me that you would get back to me so that we can work out a way to get MGA the information it needs.

With respect to Interrogatories 20 and 22, we discussed MGA's view that the information contemplated by these interrogatories is difficult to recognize in the responses to Interrogatory Nos. 1 and 2. While we don't necessarily agree with MGA on the point, we nevertheless will supplement both of these interrogatories in an effort to resolve this. Mattel will also supplement its responses to Interrogatory Nos. 21, 23, 28, and 29.

This covers all of the Requests for Production and Interrogatories identified in your original meet and confer letter of March 25, 2009. We plan to make all these supplementations and any supplementary production by May 14, which was the date that you proposed.

Sincerely,


/s/


Diane C. Hutnyan


cc: Jason Russell, Esq.

07975/2890452.1

3

# EXHIBIT

# Q

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

March 25, 2009

☷ MERITAS LAW FIRMS WORLDWIDE

<u>VIA E-MAIL & FACSIMILE</u>

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

  Re: *Mattel, Inc. v. MGA Entertainment, Inc., et al.*

Dear Counsel:

  I am writing to request a meet and confer pursuant to paragraph 5 of the Discovery Master Order and Local Rule 37-1 in connection with Mattel's responses to the following written discovery:

**MGA Entertainment, Inc.'s Second Set of Requests for Production
of Documents and Things in Case No. 05-2727:**

<u>Request for Production No. 137</u>
  DOCUMENTS sufficient to identify by name and title PERSONS WITH knowledge of alleged copying, taking, accessing or modification of proprietary MATTEL DOCUMENTS by MACHADO, TRUEBA AND VARGAS.

<u>Request for Production No. 146</u>
  All DOCUMENTS REFERRING OR RELATING TO the events described in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's notification of Mexican authorities about the alleged theft of MATTEL's trade secret and confidential information, including but not limited to affidavits, declarations, complaints, and evidence filed with the Mexican authorities.

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 2

Request for Production No. 148
    All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the
seizure of materials at the facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by
Mexican authorities.

Request for Production No. 153
    All DOCUMENTS REFERRING OR RELATING TO whether the 2004 Sales Plan
referred to in paragraph 62 of YOUR COUNTERCLAIMS was public information or contained
public information.

Request for Production No. 154
    All DOCUMENTS REFERRING OR RELATING TO PERSONS who had access to the
2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

Request for Production No. 157
    DOCUMENTS sufficient to identify by name, title and telephone number MATTEL
employees whom BRAWER allegedly contacted after his resignation from MATTEL, as alleged
in paragraph 69 of YOUR COUNTERCLAIMS.

Request for Production No. 158
    All DOCUMENTS REFERRING OR RELATING TO BRISBOIS' MATTEL exit
interview, including but not limited to reports, memoranda, notes, and recording of or
RELATING TO the exit interview.

Request for Production No. 160
    All DOCUMENTS REFERRING OR RELATING TO the events alleged in paragraph 75
of YOUR COUNTERCLAIMS regarding MATTEL's notification of Canadian law enforcement
authorities about BRISBOIS' alleged theft of MATTEL's trade secret and confidential
information, including but not limited to affidavits, declarations, complaints, and evidence filed
with the Canadian law enforcement authorities.

Request for Production No. 162
    All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the
seizure by Canadian law enforcement authorities of a thumb drive from BRISBOIS referenced in
paragraph 75 of YOUR COUNTERCLAIMS.

Request for Production No. 174
    All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90
of YOUR COUNTERCLAIMS regarding MGA's alleged racketeering activity for the purpose of

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 3

executing and attempting to execute a scheme to improperly defraud MATTEL and steal
MATTEL's trade secret.

Request for Production No. 175
    All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90
of YOUR COUNTERCLAIMS regarding MGA's alleged willful conduct for the purpose of
executing and attempting to execute a scheme to improperly defraud MATTEL and steal its trade
secret.

Request for Production No. 176
    All DOCUMENTS REFERRING OR RELATING TO how access to MATTEL's
confidential information is controlled, including but not limited to DOCUMENTS
CONTAINING MATTEL's policy with respect to confidential information, sign-in and sign-out
sheets for access to confidential information, logs of PERSONS who access confidential
information ,and procedures for accessing confidential information.

Request for Production No. 177
    All DOCUMENTS REFERRING OR RELATING TO the steps and procedures that
MATTEL takes to keep MATTEL's confidential information confidential.

Request for Production No. 178
    All DOCUMENTS REFERRING OR RELATING TO any investigation, surveillance,
inspection, inquiry, survey or analysis into the activities, including but not limited to electronic
and computer related activities, alleged in YOUR COUNTERCLAIMS.

### MGA's Fifth Set of Requests for Production
### of Documents and Things in Case No. 05-2727:

Request for Production No. 486
    All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or
agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L.
de C.V. in Mexico City.

Request for Production No. 488
    All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge that any of the
items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City
were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA
subsidiary.

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 4

Request for Production No. 489
        All DOCUMENTS REFERRING OR RELATED TO YOUR or YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law enforcement.

Request for Production No. 491
        All DOCUMENTS REFERRING OR RELATED TO YOUR knowledge that any of the items seized by Canadian authorities from Brisbois' thumb drive were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

## MGA's Seventh Set of Requests for the Production
## of Documents and Things in Case No. 05-2727:

Request for Production No. 759
        All DOCUMENTS REFERRING OR RELATING TO the departure of Jorge Castilla from MATTEL, including but not limited to any MATTEL exit interview forms, surveys, questionnaires, agreements, or other documents Castilla completed on or near the date of his departure from MATTEL.

Request for Production No. 760
        All DOCUMENTS REFERRING OR RELATING TO MGA's recruitment or hiring of Jorge Castilla, including but not limited to all employment agreements and any agreements relating to confidentiality or non-disclosure of MATTEL information.

Request for Production No. 761
        All DOCUMENTS REFERRING OR RELATING TO any taking of confidential or proprietary MATTEL information by Jorge Castilla, including bit not limited to forensic reports, Guidance software reports, or computer imaging reports.

## MGA's Second Set of Interrogatories to Mattel, Inc.:

Interrogatory No. 20
        IDENTIFY with specificity each ALLEGED TRADE SECRET, including the IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each ALLEGED TRADE SECRET.

Interrogatory No. 21
        IDENTIFY each PERSON who has had access to each ALLEGED TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON had access to; and (b) the date or dates each PERSON had this access.

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 5

Interrogatory No. 22
          STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA
misappropriated any ALLEGED TRADE SECRET.

Interrogatory No. 23
          STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the
ALLEGED TRADE SECRETS are protectable.

Interrogatory No. 28
          Describe in detail the complete factual basis for YOUR COUNTERCLAIMS, including,
without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR
COUNTERCLAIMS.

Interrogatory No. 29
          Describe in detail any estimate or calculation of damage, loss, injury, or unjust
enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU
have made or that has been made on YOUR behalf or at YOUR request, including all facts,
DOCUMENTS or witnesses RELATING TO each estimate or calculation.

          With respect to all of the above referenced requests for production, Mattel has only
objected and has not agreed to produce any responsive documents. With respect to Interrogatory
Nos. 20-23 and 28, Mattel has asserted objections only and has not provided any substantive
responses. In response to Interrogatory No. 29, Mattel responded on March 5, 2008, that "[a]s to
Mattel's Phase II counterclaims, Mattel has not yet computed its damages... Mattel reserves the
right to supplement this response once Phase II discovery resumes and Mattel receives the
necessary information...."

          Documents and information responsive to each of the above requests are directly and
clearly relevant to the issues to be litigated in Phase II. Moreover, based on the finding in
Discovery Master O'Brien's Order No. 6 that "MGA has made a prima facie case that the
Requests seeking the documents Mattel provided to law enforcement officials, as well as Mattel's
communications with those officials, are reasonably calculated to lead to the discovery of
admissible evidence regarding the claims to be adjudicated in Phase 2" and that such documents
"are not protected from disclosure under any of the privileges or doctrines cited by
Mattel," Mattel's objections to discovery requests pertaining to any law enforcement
investigation of Mattel's claims of trade secret theft, such as Requests for Production Nos. 146,
160, 162, 486 and 488, are without merit.

          Please let us know if Mattel is willing to supplement its responses to any of these
discovery requests and/or when you are available to meet and confer regarding these requests.

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 6

Should we fail to reach agreement on the nature and scope of supplemental responses to be provided by Mattel, we anticipate promptly filing a motion to compel the production of documents and substantive responses.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP

cc:    Patricia Benson, Esq.
       Jean Nogues, Esq.
       Russell Frackman, Esq.
       Joel Klevens, Esq.
       Amman Khan, Esq.

# EXHIBIT

# R

1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148008)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
8  WILLIAM A. MOLINSKI (State Bar No. 145186)
   wmolinski@orrick.com
9  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213-612-2499
11
   Attorneys for MGA Parties for Phase 2
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                     EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
| 17          Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18      v. | Honorable Stephen G. Larson |
| 19  MATTEL, INC., a Delaware corporation, | **MGAE DE MEXICO'S INTERROGATORY NOS. 1-11 TO MATTEL INC.** |
| 20          Defendant. | |
| 21 | |
| 22  AND CONSOLIDATED ACTIONS | |
| 23 | |

24  PROPOUNDING PARTY:     MGAE DE MEXICO, S.R.L. DE C.V.

25  RESPONDING PARTY:      MATTEL, INC.

26  SET NUMBER:            NOS. 1-11

27

28

OHS West:260701220.1

1      Counter-Defendant MGAE de Mexico, S.R.L. de C.V., hereby requests that

2   Plaintiff, Mattel Inc. ("Mattel") answer the following Interrogatories separately,

3   fully, and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure,

4   within thirty (30) days of service, in accordance with the definitions and

5   instructions set forth herein.

6                  **DEFINITIONS**

7      1.    "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

8   Civil Procedure 24, and shall be construed in the broadest sense to mean any and all

9   writings, tangible things and property, of any kind, that are now or that have been in

10  YOUR actual or constructive possession, custody or control, including, but not

11  limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

12  punched, copied, recorded, transcribed, graphic or photographic matter of any kind

13  or nature, in, through, or from which information may be embodied, translated,

14  conveyed or stored, whether an original, a draft or copy, however produced or

15  reproduced, whether sent or received or neither, including, but not limited to, notes,

16  memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,

17  inter- and intra-office COMMUNICATIONS, work papers, work sheets, work

18  records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,

19  estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,

20  telephone records, telegrams, telexes, literature, invoices, contracts, purchase

21  orders, estimates, recordings, transcriptions of recordings, records, books,

22  pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio

23  and digital recordings, television commercials, story boards, website or other spot

24  advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

25  charts, drawings, sketches, messages, photographs and data contained in or

26  accessible through any electronic data processing system, including, but not limited

27  to, computer databases, data sheets, data processing cards, computer files and tapes,

28  computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic

EXHIBIT R
PAGE 689

mail, website and web pages and transcriptions thereof and all other
memorializations of any conversations, meetings and conference, by telephone or
otherwise. The term DOCUMENT also means every copy of a DOCUMENT,
where such copy is not an identical duplicate of the original, whether because of
deletions, underlinings, showing of blind copies, initialing, signatures, receipt
stamps, comments, notations, differences in stationery or any other difference or
modification of any kind.

2. "MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff
MATTEL, Inc. and any of its past or present officers, directors, agents, employees,
representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,
predecessors-in-interest and successors-in-interest, entities and persons acting in
joint venture or partnership relationships with YOU and any others acting on
YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

3. "MGA" means MGA Entertainment, Inc., MGAE de Mexico, S.R.L.
de C.V., MGA Entertainment (HK) Limited and any of their past or present
officers, directors, agents, employees, representatives, consultants, attorneys,
parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-
in-interest, entities and persons acting in joint venture or partnership relationships
with MGA and any others acting on MGA's behalf, pursuant to its authority or
subject to its control.

4. "PERSON" or "PERSONS" means all natural persons, partnerships,
corporations, joint ventures and any kind of business, legal or public entity or
organization, as well as its, his or her agents, representatives, employees, officers
and directors and any one else acting on its, his or her behalf, pursuant to its, his or
her authority or subject to its, his or her control.

5. "TAAC' means the Third Amended Answer ad Counterclaim filed in
this action by Mattel.

6. The singular form includes the plural, and vice versa.

EXHIBIT R
PAGE 690

7.    The terms "any" and "all" are interchangeable.

8.    The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any interrogatory, information that would otherwise not be within its scope.

9.    As used herein, the terms "RELATING TO" and "REFERRING TO" should each be construed in the broadest possible sense to mean concerning, consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

## INSTRUCTIONS

1.    Mattel is instructed to serve written responses to these Interrogatories upon MGA's counsel at Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, #3200, Los Angeles, California 90017.

2.    These Interrogatories are deemed to be continuing in nature. If, after responding, Mattel discovers additional information responsive to any Interrogatory, or part thereof, MGA requests that Mattel provide such information to MGA within thirty days after acquiring knowledge of its existence or advise MGA in writing as to why such additional information cannot be provided within the specified period.

3.    For any information withheld based on any ground, including privilege, provide a written statement setting forth: (a) the identity of all person(s) from and to whom the information has been communicated; (b) the names and organization position, if any, of each such person; (c) a brief description of the subject matter of the information; and (d) the legal ground upon which you rely in withholding the information; and (e) if work product is asserted, the proceeding for or during which the information was obtained or created.

EXHIBIT R
PAGE 691

4.     Whenever in these Interrogatories there is a request to "IDENTIFY" a COMMUNICATION, the answering party shall state the date of the COMMUNICATION, the places of origin and reception of the COMMUNICATION, the persons present during any portion of the COMMUNICATION if oral, the type of COMMUNICATION (i.e. letter, facsimile, face-to-face conversation, telephone, etc.), the substance of the COMMUNICATION and the DOCUMENT(S), if any, that constitute, record, show or refer to the COMMUNICATION.

5.     Whenever in these Interrogatories there is a request to IDENTIFY a PERSON, the answering party shall set forth the person's name, present or last known business address, residence address and telephone numbers, dates of employment, job capacity, title, status, position, rank or classification or, with respect to a non-natural person, the name and address of the principal office or place of business, all names under which it is doing business or ever has done business, the nature of the venture (i.e. sole proprietorship, partnership , corporation, etc.), and the identities of its officers, directors, partners or administrators.

6.     Whenever in these Interrogatories there is a request to IDENTIFY a DOCUMENT, the answering party shall identify, by name, all authors and recipients of the DOCUMENT, the date of the DOCUMENT, the person or entity who currently has possession, custody and control of the DOCUMENT, and describe the DOCUMENT in a manner sufficient for MGA to draft a discovery demand requesting production of the DOCUMENT.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

IDENTIFY by bates number all DOCUMENTS that contain the trade secrets YOU claim were misappropriated by MGA and IDENTIFY with particularity on a document-by-document basis the information contained within each such

1 DOCUMENT that YOU claim constitutes the trade secrets that were

2 misappropriated by MGA.

**INTERROGATORY NO. 2:**

4     State all facts, on a document-by-document basis by bates number, which

5 support your contention that MGA obtained through improper means any MATTEL

6 DOCUMENT containing MATTEL trade secrets identified in response to Request

7 No. 1, above, and IDENTIFY all PERSONS with knowledge of such facts and all

8 DOCUMENTS that REFER OR RELATE to such facts.

**INTERROGATORY NO. 3:**

10     State all facts, on a document-by-document basis by bates number, which

11 support YOUR contention that MGA used or disclosed without the consent of

12 MATTEL any of the MATTEL trade secrets identified in response to Request No.

13 1, above, and IDENTIFY all PERSONS with knowledge of such facts and all

14 DOCUMENTS that REFER OR RELATE to such facts.

**INTERROGATORY NO. 4:**

16     State all facts, on a document-by-document basis by bates number, which

17 support YOUR contention that MGA acquired any of the MATTEL trade secrets

18 identified in response to Request No. 1 above, from a person that MGA knew or

19 had reason to know that the trade secret was acquired by improper means, and

20 IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

21 REFER OR RELATE to such facts.

**INTERROGATORY NO. 5:**

23     State all facts, on a document-by-document basis by bates number, which

24 support YOUR contention that the trade secrets identified in response to Request

25 No. 1, above, derived independent economic value from not being generally known

26 to the public or other persons who can obtain economic value from its disclosure or

27 use, and IDENTIFY all PERSONS with knowledge of such facts and all

28 DOCUMENTS that REFER OR RELATE to such facts.

EXHIBIT R
PAGE 693

**INTERROGATORY NO. 6:**

State all facts on a document-by-document basis by bates number, which support YOUR contention that the trade secrets identified in responses to Request No. 1, above, was not known to the public or to PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

**INTERROGATORY NO. 7:**

State all facts, on a document-by-document basis by bates number, that support YOUR contention that the trade secrets identified in response to Request No. 1, above, were the subject of efforts that are reasonable under the circumstances to maintain its secrecy, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

**INTERROGATORY NO. 8:**

State all facts regarding MGAE de Mexico, S.R.L. de C.V.'s conducting or participating, directly or indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC).

**INTERROGATORY NO. 9:**

IDENTIFY all communications since January 1, 2001, between MATTEL and government entities (federal, state or local, domestic or foreign) regarding alleged misconduct by MGA (or its subsidiaries, affiliates, agents, or employees), and/or alleged misconduct by former MATTEL employees who worked for MGA, including but not limited to the predicate acts and patterns of racketeering alleged in the Second and Third Counterclaims of the TAAC.

EXHIBIT R
PAGE 694

**INTERROGATORY NO. 10:**

With respect to the allegation in paragraphs 44- 61 of the Counterclaims of the TAAC, that the defendants stole MATTEL trade secrets in Mexico, state all facts regarding:

       (a)    every RICO predicate act committed through that conduct;

       (b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

       (c)    the injuries to MATTEL's business or property proximately caused by those predicate acts;

       (d)    how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 11:**

As to each allegation upon information and belief as alleged in the Counterclaims of the TAAC, state all facts regarding the sources of the information alleged, when the information was acquired from each source, and all inferences or conclusions you have drawn that support the stated belief.


Dated:    July 29, 2009           ORRICK, HERRINGTON & SUTCLIFFE LLP


                         By: _____/s/ William A. Molinski_____
                                William A. Molinski
                         Attorneys for MGA ENTERTAINMENT, INC.,
                         MGA ENTERTAINMENT HK, LTD., MGA de
                         MEXICO, S.R.L. de C.V., and ISAAC LARIAN

EXHIBIT R
PAGE 695

# PROOF OF SERVICE

I, Maggie St. Germain, declare:

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017-5855.

**MGAE DE MEXICO'S INTERROGATORY NOS. 1-11 |**
**TO MATTEL INC.**

On July 29, 2009, I served the following document:

☐     By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐     By depositing a true and correct copy of the document(s) listed above with Fed Ex in Los Angeles, California, enclosed in a sealed envelope.

☒     (by Electronic Mail), I caused such documents to be transmitted by electronic mal to the offices of the addressee.

## SEE ATTACHED SERVICE LIST

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2009, at Los Angeles, California.

_____
Maggie St. Germain

EXHIBIT R
PAGE 696

## PHASE 2 DISCOVERY SERVICE LIST

Counsel for Mattel, Inc.
John B. Quinn, Esq.
johnquinn@quinnemanuel.com
Michael T. Zeller, Esq.
michaelzeller@quinnemanuel.com
Jon D. Corey, Esq.
Joncorey@quinnemanuel.com
Brett D. Proctor
dylanproctor@quinnemanuel.com
QUINN EMANUÉL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Counsel for Carlos Gustavo Machado Gomez
Mark E. Overland, Esq.
moverland@scheperkim.com
Alexander H. Cote, Esq.
acote@scheperkim.com
SCHEPER KIM & OVERLAND LLP
601 W. 5th Street, 12th Floor
Los Angeles, CA 90017
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

Counsel for Carlos Gustavo Machado Gomez
Leah Chava Gershon, Esq.
leah@spertuslaw.com
JAMES W. SPERTUS LAW OFFICES
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone: (310) 584-7671
Facsimile: (310) 826-4711

OHS West:260690921.1

EXHIBIT R
PAGE 697

Counsel for Limited Intervenor, Omni 808 Investors LLC

Todd E. Gordinier, Esq.
todd.gordinier@bingham.com
BINGHAM MCCUTCHEN LLP
600 Anton Blvd., 18th Floor
Costa Mesa, CA 92626
Telephone:  (714) 830-0600
Facsimile:  (714) 830-0700

Thomas J. Nolan, Esq.
thomas.nolan@skadden.com
Raoul D. Kennedy, Esq.
raoul.kennedy@skadden.com
Jason D. Russell, Esq.
jason.russell@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Ave., Suite 3400
Los Angeles, CA 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

EXHIBIT R
PAGE 698