1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148008)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105-2669
6   Telephone: +1-415-773-5700
    Facsimile: +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA 90017
10  Telephone: +1-213-629-2020
    Facsimile: +1-213-612-2499
11
    Attorneys for MGA Parties for Phase 2
12
13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

16  CARTER BRYANT, an individual,    | Case No. CV 04-9049-SGL (RNBx)

17          Plaintiff,                | Consolidated with: Case No. CV 04-9059
                                      | and Case No. CV 05-2727
18      v.
                                      | Honorable Stephen G. Larson
19  MATTEL, INC., a Delaware
    corporation,                      | **MGA ENTERTAINMENT (HK)
20                                    | LIMITED'S INTERROGATORY
            Defendant.                | NOS. 1-25 TO MATTEL, INC.**
21
22  AND CONSOLIDATED ACTIONS

23

24  PROPOUNDING PARTY:    MGA ENTERTAINMENT (HK) LIMITED.

25  RESPONDING PARTY:     MATTEL, INC.

26  SET NUMBER:           NOS. 1-25

27

28

Defendants-In-Intervention, MGA Entertainment Inc., MGAE de Mexico, S.R.L. de C.V., MGA Entertainment (HK) Limited ("MGA"), hereby requests that Plaintiff, Mattel Inc. ("Mattel") answer the following Interrogatories separately, fully, and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure, within thirty (30) days of service, in accordance with the definitions and instructions set forth herein.

## DEFINITIONS

1. "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 24, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes,

1  computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic

2  mail, website and web pages and transcriptions thereof and all other

3  memorializations of any conversations, meetings and conference, by telephone or

4  otherwise. The term DOCUMENT also means every copy of a DOCUMENT,

5  where such copy is not an identical duplicate of the original, whether because of

6  deletions, underlinings, showing of blind copies, initialing, signatures, receipt

7  stamps, comments, notations, differences in stationery or any other difference or

8  modification of any kind.

9       2.     "MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff

10  MATTEL, Inc. and any of its past or present officers, directors, agents, employees,

11  representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,

12  predecessors-in-interest and successors-in-interest, entities and persons acting in

13  joint venture or partnership relationships with YOU and any others acting on

14  YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

15       3.     "MGA" means MGA Entertainment, Inc., MGAE de Mexico, S.R.L.

16  de C.V., MGA Entertainment (HK) Limited and any of their past or present

17  officers, directors, agents, employees, representatives, consultants, attorneys,

18  parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-

19  in-interest, entities and persons acting in joint venture or partnership relationships

20  with MGA and any others acting on MGA's behalf, pursuant to its authority or

21  subject to its control.

22       4.     "PERSON" or "PERSONS" means all natural persons, partnerships,

23  corporations, joint ventures and any kind of business, legal or public entity or

24  organization, as well as its, his or her agents, representatives, employees, officers

25  and directors and any one else acting on its, his or her behalf, pursuant to its, his or

26  her authority or subject to its, his or her control.

27       5.     "TACC" means the Third Amended Answer and Counterclaim filed in

28  this action by Mattel.

1      6.     The singular form includes the plural, and vice versa.

2      7.     The terms "any" and "all" are interchangeable.

3      8.     The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any interrogatory, information that would otherwise not be within its scope.

8.     As used herein, the terms "RELATING TO" and "REFERRING TO" should each be construed in the broadest possible sense to mean concerning, consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

## INSTRUCTIONS

1.     Mattel is instructed to serve written responses to these Interrogatories upon MGA's counsel at Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, #3200, Los Angeles, California 90017.

2.     These Interrogatories are deemed to be continuing in nature. If, after responding, Mattel discovers additional information responsive to any Interrogatory, or part thereof, MGA requests that Mattel provide such information to MGA within thirty days after acquiring knowledge of its existence or advise MGA in writing as to why such additional information cannot be provided within the specified period.

3.     For any information withheld based on any ground, including privilege, provide a written statement setting forth: (a) the identity of all person(s) from and to whom the information has been communicated; (b) the names and organization position, if any, of each such person; (c) a brief description of the subject matter of the information; and (d) the legal ground upon which you rely in withholding the information; and (e) if work product is asserted, the proceeding for or during which the information was obtained or created.

OHS West:260696645.2     - 3 -     MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

**EXHIBIT 1 - Page 9**

1        4.     Whenever in these Interrogatories there is a request to "IDENTIFY" a

2 COMMUNICATION, the answering party shall state the date of the

3 COMMUNICATION, the places of origin and reception of the

4 COMMUNICATION, the persons present during any portion of the

5 COMMUNICATION if oral, the type of COMMUNICATION (i.e. letter, facsimile,

6 face-to-face conversation, telephone, etc.), the substance of the

7 COMMUNICATION and the DOCUMENT(S), if any, that constitute, record, show

8 or refer to the COMMUNICATION.

9        5.     Whenever in these Interrogatories there is a request to "IDENTIFY" a

10 PERSON, the answering party shall set forth the person's name, present or last

11 known business address, residence address and telephone numbers, dates of

12 employment, job capacity, title, status, position, rank or classification or, with

13 respect to a non-natural person, the name and address of the principal office or

14 place of business, all names under which it is doing business or ever has done

15 business, the nature of the venture (i.e. sole proprietorship, partnership ,

16 corporation, etc.), and the identities of its officers, directors, partners or

17 administrators.

18       6.     Whenever in these Interrogatories there is a request to "IDENTIFY" a

19 DOCUMENT, the answering party shall identify, by name, all authors and

20 recipients of the DOCUMENT, the date of the DOCUMENT, the person or entity

21 who currently has possession, custody and control of the DOCUMENT, and

22 describe the DOCUMENT in a manner sufficient for MGA to draft a discovery

23 demand requesting production of the DOCUMENT.

24       7.     Whenever in these Interrogatories there is a request to "IDENTIFY" an

25 action or act it means to state all facts known by YOU concerning that act or action,

26 including when that act occurred, the PERSON or PERSONS who engaged in that

27 act, and all facts known to YOU concerning that act.

28

OHS West:260696645.2

# INTERROGATORIES

**INTERROGATORY NO. 1:**

As to each occasion on which Mattel contends a RICO predicate was committed as alleged in the Second and Third Counterclaims of the TAAC:

(a)    IDENTIFY the RICO predicate act (by statute) and state all facts regarding the acts and omissions establishing that RICO predicate act. (If you contend the same acts and omissions established the commission of more than one RICO predicate act, IDENTIFY all of those RICO predicate acts.);

(b)    IDENTIFY which PERSONS employed by or associated with which RICO enterprise(s) committed that RICO predicate act;

(c)    state all facts which you contend demonstrate that Isaac Larian knew of, participated in, or directed the commission of that RICO predicate act;

(d)    state all facts regarding how that RICO predicate act proximately caused injury(s) to Mattel's business or property;

(e)    state all facts regarding how Mattel has calculated or estimated the monetary damages for each type of injury to its business or property proximately caused by that RICO predicate act (and if it has not, why not); and

(f)    IDENTIFY all PERSONS Mattel believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 2:**

State all facts regarding Isaac Larian's conducting or participating, directly or indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC).

**INTERROGATORY NO. 3:**

State all facts regarding MGA Entertainment (HK) Limited's conducting or participating, directly or indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC).

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

**EXHIBIT 1 - Page 11**

## INTERROGATORY NO. 4:

As to each injury to its business or property which MATTEL claims was proximately caused by the actions and/or omissions alleged in the Second and Third Counterclaims of the TAAC:

(a)     state all facts regarding the precise nature and type of that injury;

(b)     state all facts regarding the RICO predicate act(s) and/or pattern of racketeering that proximately caused that injury;

(c)     IDENTIFY which PERSONS employed by or associated with which RICO enterprises committed the RICO predicate act(s) and/or pattern of racketeering that proximately caused that injury;

(d)     state all facts regarding how MATTEL has calculated or estimated the monetary damages for that injury (and if it has not, why not); and

(e)     IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

## INTERROGATORY NO. 5:

As to each separate scheme or artifice to defraud underlying the Second Counterclaim's allegations of mail and/or wire fraud (*see, e.g.*, ¶¶137-39, 141(a),(b)), state all facts regarding:

(a)     the duration and goals of the scheme or artifice to defraud;

(b)     which PERSONS employed by or associated with which RICO enterprises committed the mail and/or wire fraud;

(c)     to whom the scheme or artifice to defraud was directed;

(d)     the uses of the mails and/or wires that furthered the fraud;

(e)     the injuries to MATTEL's business or property proximately caused by the scheme or artifice to defraud;

(f)     how MATTEL has calculated or estimated the dollar value of those injuries to MATTEL's business or property (and if it has not, why not); and

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

**EXHIBIT 1 - Page 12**

(g)   IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 6:**

As to each misrepresentation or concealment underlying the Second Counterclaim's allegations of mail and/or wire fraud (*see, e.g.*, ¶¶137-39, 141(a),(b)), state all facts regarding:

(a)   the duration and goals of the mail and/or wire fraud based on that misrepresentation or concealment;

(b)   which PERSONS employed by or associated with which RICO enterprises committed that mail and/or wire fraud;

(c)   what facts or information were misrepresented or concealed;

(d)   when the facts or information were misrepresented or concealed;

(e)   who misrepresented or concealed the facts or information;

(f)   the factual and legal basis of the duties, if any, to disclose the facts or information;

(g)   to whom the misrepresentation or concealment was directed;

(h)   who, if anyone, relied upon the misrepresentation or concealment;

(i)   the uses of the mails and/or wires that furthered the mail and/or wire fraud based on that misrepresentation or concealment;

(j)   the injuries to MATTEL's business or property proximately caused by the misrepresentation or concealment and/or the mail and/or wire fraud based on that misrepresentation or concealment;

(k)   how MATTEL has calculated or estimated the dollar value of those injuries to MATTEL's business or property (and if it has not, why not); and

(l)   IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

**EXHIBIT 1 - Page 13**

**INTERROGATORY NO. 7:**

As to each RICO enterprise alleged in the Counterclaims of the TAAC, state all facts regarding:

(a)    the purposes and goals of the enterprise;

(b)    the RICO predicate acts committed by the enterprise;

(c)    the duration of the enterprise; and

(d)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 8:**

As to each RICO conspiracy alleged in the Third Counterclaim of the TAAC, state all facts regarding:

(a)    the co-conspirators of the conspiracy;

(b)    the purposes and goals of the conspiracy;

(c)    the overt acts committed in furtherance of the conspiracy;

(d)    when and how the co-conspirators demonstrated their agreement to join the conspiracy; and

(e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 9:**

IDENTIFY each PERSON that aided and abetted a predicate act committed against MATTEL (as alleged in the Counterclaims of the TAAC, *e.g.*, ¶¶141, 151), and IDENTIFY:

(a)        the predicate act that person aided and abetted;

(b)        the perpetrators whom that person aided and abetted;

(c)        the acts or omissions that constituted the aiding and abetting by that person; and

(d)        IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory

**INTERROGATORY NO. 10:**

With respect to the allegation in paragraphs 28 - 43 of the Counterclaims of the TAAC, that the defendants stole a new line of fashion dolls from MATTEL, state all facts regarding:

(a)     every RICO predicate act committed through that conduct;

(b)     which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)     the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d)     how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

(e)     IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 11:**

With respect to the allegation in paragraphs 44- 61 of the Counterclaims of the TAAC, that the defendants stole MATTEL trade secrets in Mexico, state all facts regarding:

(a)     every RICO predicate act committed through that conduct;

(b)     which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)     the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d)     how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

(e)     IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

OHS West:260696645.2

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

**EXHIBIT 1 - Page 15**

**INTERROGATORY NO. 12:**

With respect to the allegation in paragraphs 62 – 76 of the Counterclaims of the TAAC, that the defendants hired Ron Brawer to facilitate the theft and use of MATTEL business methods and practices, state all facts regarding:

(a)    every RICO predicate act committed through that conduct;

(b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)    the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d)    how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

(e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 13:**

With respect to the allegation in paragraphs 77 – 87 of the Counterclaims of the TAAC, that the defendants hired Jorge Castilla to obtain trade secret and highly confidential information about MATTEL's forecasting and inventory management systems, state all facts regarding:

(a)    every RICO predicate act(s) committed through that conduct;

(b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)    the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d)    how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

(e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 14:**

With respect to the allegation in paragraphs 88 – 94 of the Counterclaims of the TAAC, that the defendants hired Janine Brisbois and stole trade secrets of MATTEL in Canada, state all facts regarding:

     (a)    every RICO predicate act committed through that conduct;

     (b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

     (c)    the injuries to MATTEL's business or property proximately caused by those predicate acts;

     (d)    how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

     (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 15:**

With respect to the allegation in paragraphs 95 - 96 of the Counterclaims of the TAAC, that MATTEL employees other than Carter Bryant secretly worked on Bratz, state all facts regarding:

     (a)    every RICO predicate act committed through that conduct;

     (b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

     (c)    the injuries to MATTEL's business or property proximately caused by those predicate acts;

     (d)    how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not);

     (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

OHS West:260696645.2

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

**EXHIBIT 1 - Page 17**

**INTERROGATORY NO. 16:**

With respect to the allegation in paragraph 97 of the Counterclaims of the TAAC, that MATTEL employees were paid in cash, using false names and false social security numbers while working for MGA, state all facts regarding:

(a)    every RICO predicate act committed through that conduct;

(b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)    the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d)    how MATTEL has calculated or estimated the dollar value of every direct, concrete injury to MATTEL's business or property which was proximately caused by those predicate acts (and if it has not, why not); and

(e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 17:**

With respect to the allegation in paragraph 98 of the Counterclaims of the TAAC, that MGA has hired other MATTEL employees or induced them to secretly work for MGA while they were employed by MATTEL, and persuaded them to misappropriate MATTEL trade secrets, state all facts regarding:

(a)    IDENTIFY those other MATTEL employees;

(b)    the dates each ended employment at MATTEL, the date each began employment at MGA, and the period during which each secretly worked for MGA while still employed by MATTEL;

(c)    every RICO predicate act committed through that conduct;

(d)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(e)    the injuries to MATTEL's business or property proximately caused by those predicate acts;

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

**EXHIBIT 1 - Page 18**

1　　　　(f)　　how MATTEL has calculated or estimated the dollar value of those

2　injuries (and if it has not, why not); and

3　　　　(g)　　IDENTIFY all PERSONS MATTEL believes have knowledge of the

4　information requested in this Interrogatory.

5　**INTERROGATORY NO. 18:**

6　　　　With respect to the allegation in paragraphs 99 - 102 of the Counterclaims of

7　the TAAC, that Isaac Larian made misrepresentations to retailers and in press

8　releases and in the market place, state all facts regarding:

9　　　　(a)　　every RICO predicate act committed through that conduct;

10　　　　(b)　　the RICO enterprises that Mr. Larian was employed by or associated

11　with when he committed those predicate acts;

12　　　　(c)　　the injuries to MATTEL's business or property proximately caused by

13　those predicate acts;

14　　　　(d)　　how MATTEL has calculated or estimated the dollar value of those

15　injuries (and if it has not, why not); and

16　　　　(e)　　IDENTIFY all PERSONS MATTEL believes have knowledge of the

17　information requested in this Interrogatory.

18　**INTERROGATORY NO. 19:**

19　　　　With respect to the allegation in paragraphs 103 - 104 of the Counterclaims

20　of the TAAC, regarding destruction of documents, perjury, conspiracy to commit

21　perjury, and obstruction of justice, state all facts regarding:

22　　　　(a)　　every RICO predicate act committed through that conduct;

23　　　　(b)　　which PERSONS employed by or associated with which RICO

24　enterprises committed those predicate acts;

25　　　　(c)　　the injuries to MATTEL's business or property proximately caused by

26　those predicate acts;

27　　　　(d)　　how MATTEL has calculated or estimated the dollar value of those

28　injuries (and if it has not, why not); and

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

**EXHIBIT 1 - Page 19**

1    (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

2    information requested in this Interrogatory.

3    **INTERROGATORY NO. 20:**

4        With respect to the allegation in paragraphs 108 - 112 and 120 of the

5    Counterclaims of the TAAC, that Isaac Larian and MGA created various shell and

6    off-shore entities to either transfer or assist in the transfer of proceeds generated by

7    unlawful conduct and criminal enterprises, state all facts regarding:

8        (a)    every RICO predicate act committed through that conduct;

9        (b)    which PERSONS employed by or associated with which RICO

10   enterprises committed those predicate acts;

11       (c)    the injuries to MATTEL's business or property proximately caused by

12   those predicate acts;

13       (d)    how MATTEL has calculated or estimated the dollar value of those

14   injuries (and if it has not, why not); and

15       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

16   information requested in this Interrogatory.

17   **INTERROGATORY NO. 21:**

18       With respect to the allegation in paragraphs 113 - 120 of the Counterclaims

19   of the TAAC, that Isaac Larian and MGA wrongfully acquired $313 million of debt

20   that MGA owed Wachovia, state all facts regarding:

21       (a)    every RICO predicate act committed through that conduct;

22       (b)    which PERSONS employed by or associated with which RICO

23   enterprises committed those predicate acts;

24       (c)    the injuries to MATTEL's business or property proximately caused by

25   those predicate acts;

26       (d)    how MATTEL has calculated or estimated the dollar value of those

27   injuries (and if it has not, why not); and

28

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

1   (e) IDENTIFY all PERSONS MATTEL believes have knowledge of the

2 information requested in this Interrogatory.

3 **INTERROGATORY NO. 22:**

4   With respect to the allegation in paragraph 121 of the Counterclaims of the

5 TAAC, regarding various loans to MGA and MGA Entertainment (HK), state all

6 facts regarding:

7   (a) every RICO predicate act committed through that conduct;

8   (b) which PERSONS employed by or associated with which RICO

9 enterprises committed those predicate acts;

10   (c) the injuries to MATTEL's business or property proximately caused by

11 those predicate acts;

12   (d) how MATTEL has calculated or estimated the dollar value of those

13 injuries (and if it has not, why not; and

14   (e) IDENTIFY all PERSONS MATTEL believes have knowledge of the

15 information requested in this Interrogatory.

16 **INTERROGATORY NO. 23:**

17   With respect to the allegation in paragraphs 122 - 126 of the Counterclaims

18 of the TAAC, that Isaac Larian sold MGA inventory to himself at fire sale prices,

19 state all facts regarding:

20   (a) every RICO predicate act committed through that conduct;

21   (b) which PERSONS employed by or associated with which RICO

22 enterprises committed those predicate acts;

23   (c) the injuries to MATTEL's business or property proximately caused by

24 those predicate acts;

25   (d) how MATTEL has calculated or estimated the dollar value of those

26 injuries (and if it has not, why not); and

27   (e) IDENTIFY all PERSONS MATTEL believes have knowledge of the

28 information requested in this Interrogatory.

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

**EXHIBIT 1 - Page 21**

**INTERROGATORY NO. 24:**

If MATTEL claims that the predicate acts and/or pattern of racketeering as alleged in the Counterclaims of the TAAC caused it to lose sales of Barbie products, state all facts regarding:

(a)    the number of sales of each product lost each year, and how MATTEL calculated or estimated that figure;

(b)    the gross revenue lost each year from those lost sales, and how MATTEL calculated or estimated that figure;

(c)    the net profit lost each year from those lost sales, and how MATTEL calculated or estimated that figure;

(d)    how the RICO predicate act(s) and/or pattern of racketeering alleged in the Counterclaims (as opposed to other factors) proximately caused the sales lost each year;

(e)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts and/or pattern of racketeering; and

(f)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 25:**

With respect to the allegations in paragraph 140 of the Counterclaims of the TAAC, that the MGA, Bratz, and IGWT Criminal Enterprises are continuing operations and threaten to continue their wrongful conduct:

(a)    state all facts regarding those continuing operations and/or the threat of continued wrongful conduct;

(b)    IDENTIFY each predicate acts and/or patterns of racketeering which MATTEL believes are continuing or threatened;

(c)    IDENTIFY which PERSONS employed by or associated with which RICO enterprise(s) are committing or threatening to commit each RICO predicate act;

OHS West:260696645.2

MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

**EXHIBIT 1 - Page 22**

1        (d)    state all facts regarding the injuries to its business or property that

2    MATTEL believes will be proximately caused by those predicate acts and/or

3    patterns of racketeering;

4        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the

5    information requested in this Interrogatory.

6    Dated:    July 29, 2009        ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8                  By:      /s/ William A. Molinski

9                          William A. Molinski
                     Attorneys for MGA ENTERTAINMENT, INC.,
                     MGA ENTERTAINMENT HK, LTD., MGA de
10                   MEXICO, S.R.L. de C.V., and ISAAC LARIAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260696645.2        - 17 -    MGA ENTERTAINMENT (HK) LIMITED'S
INTERROGATORY NOS. 1-25 TO MATTEL, INC.
CV 04-9049 SGL (RNBx)

**EXHIBIT 1 - Page 23**

# PROOF OF SERVICE

I, Maggie St. Germain, declare:

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017-5855.

## MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25 TO MATTEL, INC.

On July 29, 2009, I served the following document:

☐      By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐      By depositing a true and correct copy of the document(s) listed above with Fed Ex in Los Angeles, California, enclosed in a sealed envelope.

☒      (by Electronic Mail), I caused such documents to be transmitted by electronic mal to the offices of the addressee.

## SEE ATTACHED SERVICE LIST

I am employed in the county from which the mailing occurred.  On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above.  I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2009, at Los Angeles, California.

_____

Maggie St. Germain

# PHASE 2 DISCOVERY SERVICE LIST

Counsel for Mattel. Inc.
John B. Quinn, Esq.
johnquinn@quinnemanuel.com
Michael T. Zeller, Esq.
michaelzeller@quinnemanuel.com
Jon D. Corey, Esq.
Joncorey@quinnemanuel.com
Brett D. Proctor
dylanproctor@quinnemanuel.com
QUINN EMANUÉL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Counsel for Carlos Gustavo Machado Gomez
Mark E. Overland, Esq.
moverland@scheperkim.com
Alexander H. Cote, Esq.
acote@scheperkim.com
SCHEPER KIM & OVERLAND LLP
601 W. 5th Street, 12th Floor
Los Angeles, CA 90017
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

Counsel for Carlos Gustavo Machado Gomez
Leah Chava Gershon, Esq.
leah@spertuslaw.com
JAMES W. SPERTUS LAW OFFICES
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone: (310) 584-7671
Facsimile: (310) 826-4711

Counsel for Limited Intervenor, Omni 808 Investors LLC
Todd E. Gordinier, Esq.
todd.gordinier@bingham.com
BINGHAM MCCUTCHEN LLP
600 Anton Blvd., 18th Floor
Costa Mesa, CA 92626
Telephone: (714) 830-0600
Facsimile: (714) 830-0700

Thomas J. Nolan, Esq.
thomas.nolan@skadden.com
Raoul D. Kennedy, Esq.
raoul.kennedy@skadden.com
Jason D. Russell, Esq.
jason.russell@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Ave., Suite 3400
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600