1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148008)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105-2669
6  Telephone: +1-415-773-5700
   Facsimile: +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017
10 Telephone: +1-213-629-2020
   Facsimile: +1-213-612-2499
11
   Attorneys for MGA Parties for Phase 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-SGL (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>Honorable Stephen G. Larson<br><br>**MGAE DE MEXICO'S INTERROGATORY NOS. 1-11 TO MATTEL INC.** |

PROPOUNDING PARTY:   MGAE DE MEXICO, S.R.L. DE C.V.

RESPONDING PARTY:   MATTEL, INC.

SET NUMBER:   NOS. 1-11

OHS West:260701220.1

EXHIBIT 2 - Page 27

Counter-Defendant MGAE de Mexico, S.R.L. de C.V., hereby requests that Plaintiff, Mattel Inc. ("Mattel") answer the following Interrogatories separately, fully, and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure, within thirty (30) days of service, in accordance with the definitions and instructions set forth herein.

## DEFINITIONS

1. "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 24, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic

mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conference, by telephone or otherwise. The term DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

    2.    "MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff MATTEL, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

    3.    "MGA" means MGA Entertainment, Inc., MGAE de Mexico, S.R.L. de C.V., MGA Entertainment (HK) Limited and any of their past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

    4.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

    5.    "TAAC' means the Third Amended Answer ad Counterclaim filed in this action by Mattel.

    6.    The singular form includes the plural, and vice versa.

7. The terms "any" and "all" are interchangeable.

8. The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any interrogatory, information that would otherwise not be within its scope.

9. As used herein, the terms "RELATING TO" and "REFERRING TO" should each be construed in the broadest possible sense to mean concerning, consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

## INSTRUCTIONS

1. Mattel is instructed to serve written responses to these Interrogatories upon MGA's counsel at Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, #3200, Los Angeles, California 90017.

2. These Interrogatories are deemed to be continuing in nature. If, after responding, Mattel discovers additional information responsive to any Interrogatory, or part thereof, MGA requests that Mattel provide such information to MGA within thirty days after acquiring knowledge of its existence or advise MGA in writing as to why such additional information cannot be provided within the specified period.

3. For any information withheld based on any ground, including privilege, provide a written statement setting forth: (a) the identity of all person(s) from and to whom the information has been communicated; (b) the names and organization position, if any, of each such person; (c) a brief description of the subject matter of the information; and (d) the legal ground upon which you rely in withholding the information; and (e) if work product is asserted, the proceeding for or during which the information was obtained or created.

4. Whenever in these Interrogatories there is a request to "IDENTIFY" a COMMUNICATION, the answering party shall state the date of the COMMUNICATION, the places of origin and reception of the COMMUNICATION, the persons present during any portion of the COMMUNICATION if oral, the type of COMMUNICATION (i.e. letter, facsimile, face-to-face conversation, telephone, etc.), the substance of the COMMUNICATION and the DOCUMENT(S), if any, that constitute, record, show or refer to the COMMUNICATION.

5. Whenever in these Interrogatories there is a request to IDENTIFY a PERSON, the answering party shall set forth the person's name, present or last known business address, residence address and telephone numbers, dates of employment, job capacity, title, status, position, rank or classification or, with respect to a non-natural person, the name and address of the principal office or place of business, all names under which it is doing business or ever has done business, the nature of the venture (i.e. sole proprietorship, partnership, corporation, etc.), and the identities of its officers, directors, partners or administrators.

6. Whenever in these Interrogatories there is a request to IDENTIFY a DOCUMENT, the answering party shall identify, by name, all authors and recipients of the DOCUMENT, the date of the DOCUMENT, the person or entity who currently has possession, custody and control of the DOCUMENT, and describe the DOCUMENT in a manner sufficient for MGA to draft a discovery demand requesting production of the DOCUMENT.

## INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY by bates number all DOCUMENTS that contain the trade secrets YOU claim were misappropriated by MGA and IDENTIFY with particularity on a document-by-document basis the information contained within each such

DOCUMENT that YOU claim constitutes the trade secrets that were misappropriated by MGA.

**INTERROGATORY NO. 2:**

State all facts, on a document-by-document basis by bates number, which support your contention that MGA obtained through improper means any MATTEL DOCUMENT containing MATTEL trade secrets identified in response to Request No. 1, above, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

**INTERROGATORY NO. 3:**

State all facts, on a document-by-document basis by bates number, which support YOUR contention that MGA used or disclosed without the consent of MATTEL any of the MATTEL trade secrets identified in response to Request No. 1, above, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

**INTERROGATORY NO. 4:**

State all facts, on a document-by-document basis by bates number, which support YOUR contention that MGA acquired any of the MATTEL trade secrets identified in response to Request No. 1 above, from a person that MGA knew or had reason to know that the trade secret was acquired by improper means, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

**INTERROGATORY NO. 5:**

State all facts, on a document-by-document basis by bates number, which support YOUR contention that the trade secrets identified in response to Request No. 1, above, derived independent economic value from not being generally known to the public or other persons who can obtain economic value from its disclosure or use, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

**INTERROGATORY NO. 6:**

State all facts on a document-by-document basis by bates number, which support YOUR contention that the trade secrets identified in responses to Request No. 1, above, was not known to the public or to PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

**INTERROGATORY NO. 7:**

State all facts, on a document-by-document basis by bates number, that support YOUR contention that the trade secrets identified in response to Request No. 1, above, were the subject of efforts that are reasonable under the circumstances to maintain its secrecy, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

**INTERROGATORY NO. 8:**

State all facts regarding MGAE de Mexico, S.R.L. de C.V.'s conducting or participating, directly or indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC).

**INTERROGATORY NO. 9:**

IDENTIFY all communications since January 1, 2001, between MATTEL and government entities (federal, state or local, domestic or foreign) regarding alleged misconduct by MGA (or its subsidiaries, affiliates, agents, or employees), and/or alleged misconduct by former MATTEL employees who worked for MGA, including but not limited to the predicate acts and patterns of racketeering alleged in the Second and Third Counterclaims of the TAAC.

**INTERROGATORY NO. 10:**

With respect to the allegation in paragraphs 44- 61 of the Counterclaims of the TAAC, that the defendants stole MATTEL trade secrets in Mexico, state all facts regarding:

    (a) every RICO predicate act committed through that conduct;

    (b) which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

    (c) the injuries to MATTEL's business or property proximately caused by those predicate acts;

    (d) how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

    (e) IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

**INTERROGATORY NO. 11:**

As to each allegation upon information and belief as alleged in the Counterclaims of the TAAC, state all facts regarding the sources of the information alleged, when the information was acquired from each source, and all inferences or conclusions you have drawn that support the stated belief.

Dated: July 29, 2009    ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    /s/ William A. Molinski
William A. Molinski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, Maggie St. Germain, declare: |
| 3 | I am more than eighteen years old and not a party to this action. My business |
| 4 | address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite |
| 5 | 3200, Los Angeles, California 90017-5855. |
| 6 | **MGAE DE MEXICO'S INTERROGATORY NOS. 1-11 \|** |
| 7 | **TO MATTEL INC.** |
|  | On July 29, 2009, I served the following document: |
| 8 | ☐ By placing the document(s) listed above in a sealed envelope with |
| 9 | postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. |
| 10 | ☐ By depositing a true and correct copy of the document(s) listed above |
| 11 | with Fed Ex in Los Angeles, California, enclosed in a sealed envelope. |
| 12 | ☒ (by Electronic Mail), I caused such documents to be transmitted by |
| 13 | electronic mal to the offices of the addressee. |
| 14 | |
| 15 | SEE ATTACHED SERVICE LIST |
| 16 | I am employed in the county from which the mailing occurred. On the |
| 17 | date indicated above, I placed the sealed envelope(s) for collection and mailing at |
| 18 | this firm's office business address indicated above. I am readily familiar with this |
| 19 | firm's practice for the collection and processing of correspondence for mailing with |
| 20 | the United States Postal Service. Under that practice, the firm's correspondence |
| 21 | would be deposited with the United States Postal Service on this same date with |
| 22 | postage thereon fully prepaid in the ordinary course of business. |
| 23 | I declare under penalty of perjury that the foregoing is true and correct. |
| 24 | Executed on July 29, 2009, at Los Angeles, California. |
| 25 | |
| 26 | |
| 27 | _____ |
|  | Maggie St. Germain |
| 28 | |

# PHASE 2 DISCOVERY SERVICE LIST

<u>Counsel for Mattel. Inc.</u>
John B. Quinn, Esq.
johnquinn@quinnemanuel.com
Michael T. Zeller, Esq.
michaelzeller@quinnemanuel.com
Jon D. Corey, Esq.
Joncorey@quinnemanuel.com
Brett D. Proctor
dylanproctor@quinnemanuel.com
QUINN EMANUÉL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

<u>Counsel for Carlos Gustavo Machado Gomez</u>
Mark E. Overland, Esq.
moverland@scheperkim.com
Alexander H. Cote, Esq.
acote@scheperkim.com
SCHEPER KIM & OVERLAND LLP
601 W. 5th Street, 12th Floor
Los Angeles, CA 90017
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

<u>Counsel for Carlos Gustavo Machado Gomez</u>
Leah Chava Gershon, Esq.
leah@spertuslaw.com
JAMES W. SPERTUS LAW OFFICES
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone: (310) 584-7671
Facsimile: (310) 826-4711

| | |
|---|---|
| 1 | <u>Counsel for Limited Intervenor, Omni 808 Investors LLC</u><br>Todd E. Gordinier, Esq. |
| 2 | todd.gordinier@bingham.com<br>BINGHAM MCCUTCHEN LLP |
| 3 | 600 Anton Blvd., 18th Floor<br>Costa Mesa, CA 92626 |
| 4 | Telephone: (714) 830-0600<br>Facsimile: (714) 830-0700 |
| 5 | |
| 6 | Thomas J. Nolan, Esq.<br>thomas.nolan@skadden.com |
| 7 | Raoul D. Kennedy, Esq.<br>raoul.kennedy@skadden.com |
| 8 | Jason D. Russell, Esq.<br>jason.russell@skadden.com |
| 9 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>300 South Grand Ave., Suite 3400 |
| 10 | Los Angeles, CA 90071-3144<br>Telephone: (213) 687-5000 |
| 11 | Facsimile: (213) 687-5600 |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

OHS West:260690921.1 - 3 -

**EXHIBIT 2 - Page 37**