QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>      Plaintiff,<br><br>  vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>      Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25** |

PROPOUNDING PARTY:    MGA ENTERTAINMENT (HK) LIMITED

RESPONDING PARTY:    MATTEL, INC.

SET NO.:    NOS. 1-25

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not completed discovery from the MGA Parties or any third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement these responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Mattel's response to any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other discovery request.

## General Objections

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Interrogatory:

1.   Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the <u>Federal Rules of Civil Procedure</u>.

2.   Mattel objects to the Interrogatories on the grounds and to the extent that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts. Such information and documents will not be produced.

3.   Mattel objects to the Interrogatories on the grounds that they call for production or disclosure of confidential, proprietary and/or private information.

**EXHIBIT 3 - Page 39**

07975/3073735.1

1  Such information and documents will not be disclosed or produced except pursuant
2  to and in reliance upon the operative protective order.

3      4.    Mattel objects to the Interrogatories on the grounds that they
4  seek the disclosure of information or documents that are in the possession, custody
5  and control of independent parties over whom Mattel has no control, including
6  defendants, or are publicly available and hence equally available to all parties to this
7  litigation.

8      5.    Mattel objects to the Interrogatories on the grounds and to the
9  extent that they call for information that is neither relevant to the claims or defenses
10 in the pending action nor reasonably calculated to lead to the discovery of
11 admissible evidence.

12     6.    Mattel objects to the Interrogatories on the grounds that they are
13 unduly burdensome, compound and oppressive, including in that they (1) purport to
14 require Mattel to identify all facts—which Defendants have refused to do—and in
15 conflict with the Court's Orders of February 15, 2008, February 20, 2008, and
16 March 31, 2009, and (2) that they relate to multiple claims and discrete issues.

17     7.    Mattel further objects to the Interrogatories on the grounds and to
18 the extent that they purport to circumvent the expert disclosure provisions of the
19 Federal and Local Rules.  Such disclosures will be made in accordance with the
20 requirements of, and at the times specified by, the Court's Orders and the Rules.

21     8.    Mattel objects to the Interrogatories on the grounds and to the
22 extent that they seek the disclosure of information or documents in violation of the
23 terms of agreements or protective orders entered into with third parties, or in
24 violation of the privacy, contractual, or other rights of third parties.

25     9.    Mattel objects to the Interrogatories on the grounds that they are
26 overbroad and vague and ambiguous, including with respect to the defined terms
27 "IDENTIFY," and "COMMUNICATION."

28

10. Mattel objects to the Interrogatories on the grounds that they exceed the number of interrogatories allowed per side and, therefore, are contrary to the Court's and the previous Discovery Master's rulings in this case.

## Specific and General Responses

Each of the following objections and responses to the Interrogatories is expressly made subject to the above Preliminary Statement and General Objections, all of which are incorporated in each of the following objections and responses to specific Interrogatories.

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1:

As to each occasion on which Mattel contends a RICO predicate was committed as alleged in the Second and Third Counterclaims of the TAAC:

(a) IDENTIFY the RICO predicate act (by statute) and state all facts regarding the acts and omissions establishing that RICO predicate act. (If you contend the same acts and omissions established the commission of more than one RICO predicate act, IDENTIFY all of those RICO predicate acts.);

(b) IDENTIFY which PERSONS employed by or associated with which RICO enterprise(s) committed that RICO predicate act;

(c) state all facts which you contend demonstrate that Isaac Larian knew of, participated in, or directed the commission of that RICO predicate act;

(d) state all facts regarding how that RICO predicate act proximately caused injury(s) to Mattel's business or property;

(e) state all facts regarding how Mattel has calculated or estimated the monetary damages for each type of injury to its business or property proximately caused by that RICO predicate act (and if it has not, why not); and

(f) IDENTIFY all PERSONS Mattel believes have knowledge of the information requested in this Interrogatory.

EXHIBIT 3 - Page 41

RESPONSE TO INTERROGATORY NO. 1:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as "to each occasion on which Mattel contends a RICO predicate was committed." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served by this party in Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court. Mattel further objects to subsection (c) of the interrogatory as an impermissible attempt to circumvent the limits on interrogatories that may be served in Phase 2 discovery.

INTERROGATORY NO. 2:

State all facts regarding Isaac Larian's conducting or participating, directly or indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC).

RESPONSE TO INTERROGATORY NO. 2:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on this subject, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on this subject. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as it is an impermissible attempt to circumvent the limits on interrogatories that may be served during Phase 2 discovery.

INTERROGATORY NO. 3:

State all facts regarding MGA Entertainment (HK) Limited's conducting or participating, directly or indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC).

RESPONSE TO INTERROGATORY NO. 3:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on this subject, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February

1    15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all
2    facts on this subject.  Mattel further objects to this interrogatory as vague and
3    ambiguous, including as to time.  Mattel further objects to this Interrogatory on the
4    grounds that it calls for the disclosure of information subject to the attorney-client
5    privilege, the attorney work-product doctrine and other applicable privileges.  Mattel
6    further objects to this Interrogatory on the grounds that it calls for the disclosure of
7    confidential and/or proprietary information, which Mattel will disclose only subject
8    to and in reliance upon the operative protective order.  Mattel further objects to this
9    Interrogatory as the interrogatory, combined with the compound interrogatories
10   propounded together with it, causes the total number of interrogatories served during
11   Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure
12   and the Court.

13

14   <u>INTERROGATORY NO. 4:</u>

15           As to each injury to its business or property which MATTEL claims
16   was proximately caused by the actions and/or omissions alleged in the Second and
17   Third Counterclaims of the TAAC:

18           (a)    state all facts regarding the precise nature and type of that injury;

19           (b)    state all facts regarding the RICO predicate act(s) and/or pattern
20   of racketeering that proximately caused that injury;

21           (c)    IDENTIFY which PERSONS employed by or associated with
22   which RICO enterprises committed the RICO predicate act(s) and/or pattern of
23   racketeering that proximately caused that injury;

24           (d)    state all facts regarding how MATTEL has calculated or
25   estimated the monetary damages for that injury (and if it has not, why not); and

26           (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of
27   the information requested in this Interrogatory.

28

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as "to each injury to its business or property which MATTEL claims was proximately caused by the actions and/or omissions alleged in the Second and Third Counterclaims of the TAAC." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

**INTERROGATORY NO. 5:**

As to each separate scheme or artifice to defraud underlying the Second Counterclaim's allegations of mail and/or wire fraud (see, e.g., ¶¶ 137-39, 141(a),(b)), state all facts regarding:

      (a)    the duration and goals of the scheme or artifice to defraud;

      (b)    which PERSONS employed by or associated with which RICO enterprises committed the mail and/or wire fraud;

1         (c)    to whom the scheme or artifice to defraud was directed;

2         (d)    the uses of the mails and/or wires that furthered the fraud;

3         (e)    the injuries to MATTEL's business or property proximately

4 caused by the scheme or artifice to defraud;

5         (f)    how MATTEL has calculated or estimated the dollar value of

6 those injuries to MATTEL's business or property (and if it has not, why not); and

7         (g)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8 the information requested in this Interrogatory.

9

10 <u>RESPONSE TO INTERROGATORY NO. 5</u>:

11      In addition to the general objections stated above, Mattel specifically

12 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13 overbroad, including in that it purports to require Mattel to summarize all facts on

14 these subjects, despite defendants' own refusals to answer interrogatories with the

15 same or comparable language and in conflict with the Court's Orders of February

16 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

17 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

18 that it calls for the disclosure of information subject to the attorney-client privilege,

19 the attorney work-product doctrine and other applicable privileges. Mattel further

20 objects to this Interrogatory on the grounds that it calls for the disclosure of

21 confidential and/or proprietary information, which Mattel will disclose only subject

22 to and in reliance upon the operative protective order. Mattel further objects to this

23 Interrogatory as compound and seeks to require Mattel to provide separate discrete

24 responses as "to each separate scheme or artifice to defraud underlying the Second

25 Counterclaim's allegations of mail and/or wire fraud." As such, the interrogatory is

26 impermissibly compound and causes the total number of interrogatories served

27 during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

28 Procedure and the Court.

MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

<u>INTERROGATORY NO. 6:</u>

2          As to each misrepresentation or concealment underlying the Second

3 Counterclaim's allegations of mail and/or wire fraud (see, e.g., ¶¶ 137-39,

4 141(a),(b)), state all facts regarding:

5          (a)     the duration and goals of the mail and/or wire fraud based on that

6 misrepresentation or concealment;

7          (b)     which PERSONS employed by or associated with which RICO

8 enterprises committed that mail and/or wire fraud;

9          (c)     what facts or information were misrepresented or concealed;

10          (d)     when the facts or information were misrepresented or concealed;

11          (e)     who misrepresented or concealed the facts or information;

12          (f)     the factual and legal basis of the duties, if any, to disclose the

13 facts or information;

14          (g)     to whom the misrepresentation or concealment was directed;

15          (h)     who, if anyone, relied upon the misrepresentation or

16 concealment;

17          (i)     the uses of the mails and/or wires that furthered the mail and/or

18 wire fraud based on that misrepresentation or concealment;

19          (j)     the injuries to MATTEL's business or property proximately

20 caused by the misrepresentation or concealment and/or the mail and/or wire fraud

21 based on that misrepresentation or concealment;

22          (k)     how MATTEL has calculated or estimated the dollar value of

23 those injuries to MATTEL's business or property (and if it has not, why not); and

24          (l)     IDENTIFY all PERSONS MATTEL believes have knowledge of

25 the information requested in this Interrogatory.

26

27

28

RESPONSE TO INTERROGATORY NO. 6:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as "to each misrepresentation or concealment underlying the Second Counterclaim's allegations of mail and/or wire fraud." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

INTERROGATORY NO. 7:

As to each RICO enterprise alleged in the Counterclaims of the TAAC, state all facts regarding:

      (a)    the purposes and goals of the enterprise;

      (b)    the RICO predicate acts committed by the enterprise;

      (c)    the duration of the enterprise; and

      (d)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

<u>RESPONSE TO INTERROGATORY NO. 7</u>:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as "to each RICO enterprise alleged in the Counterclaims of the TAAC." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

<u>INTERROGATORY NO. 8</u>:

As to each RICO conspiracy alleged in the Third Counterclaim of the TAAC, state all facts regarding:

  (a) the co-conspirators of the conspiracy;

  (b) the purposes and goals of the conspiracy;

  (c) the overt acts committed in furtherance of the conspiracy;

  (d) when and how the co-conspirators demonstrated their agreement to join the conspiracy; and

MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

1         (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

2 the information requested in this Interrogatory.

3

4 RESPONSE TO INTERROGATORY NO. 8:

5         In addition to the general objections stated above, Mattel specifically

6 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

7 overbroad, including in that it purports to require Mattel to summarize all facts on

8 these subjects, despite defendants' own refusals to answer interrogatories with the

9 same or comparable language and in conflict with the Court's Orders of February

10 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

11 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

12 that it calls for the disclosure of information subject to the attorney-client privilege,

13 the attorney work-product doctrine and other applicable privileges. Mattel further

14 objects to this Interrogatory on the grounds that it calls for the disclosure of

15 confidential and/or proprietary information, which Mattel will disclose only subject

16 to and in reliance upon the operative protective order. Mattel further objects to this

17 Interrogatory as compound and seeks to require Mattel to provide separate discrete

18 responses as "to each RICO conspiracy alleged in the Third Counterclaim of the

19 TAAC." As such, the interrogatory is impermissibly compound and causes the total

20 number of interrogatories served during Phase 2 discovery to exceed the limits set

21 by the Federal Rules of Civil Procedure and the Court.

22

23 INTERROGATORY NO. 9:

24         IDENTIFY each PERSON that aided and abetted a predicate act

25 committed against MATTEL (as alleged in the Counterclaims of the TAAC, e.g., ¶¶

26 141, 151), and IDENTIFY:

27         (a)    the predicate act that person aided and abetted;

28         (b)    the perpetrators whom that person aided and abetted;

1         (c)     the acts or omissions that constituted the aiding and abetting by

2 that person; and

3         (d)     IDENTIFY all PERSONS MATTEL believes have knowledge of

4 the information requested in this Interrogatory

5

6 <u>RESPONSE TO INTERROGATORY NO. 9</u>:

7         In addition to the general objections stated above, Mattel specifically

8 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

9 overbroad, including in that it purports to require Mattel to summarize all facts on

10 these subjects, despite defendants' own refusals to answer interrogatories with the

11 same or comparable language and in conflict with the Court's Orders of February

12 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

13 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

14 that it calls for the disclosure of information subject to the attorney-client privilege,

15 the attorney work-product doctrine and other applicable privileges. Mattel further

16 objects to this Interrogatory on the grounds that it calls for the disclosure of

17 confidential and/or proprietary information, which Mattel will disclose only subject

18 to and in reliance upon the operative protective order. Mattel further objects to this

19 Interrogatory as compound and seeks to require Mattel to provide separate discrete

20 responses as to "each PERSON that aided and abetted a predicate act committed

21 against MATTEL (as alleged in the Counterclaims of the TAAC." As such, the

22 interrogatory is impermissibly compound and causes the total number of

23 interrogatories served during Phase 2 discovery to exceed the limits set by the

24 Federal Rules of Civil Procedure and the Court.

25

26

27

28

MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

INTERROGATORY NO. 10:

With respect to the allegation in paragraphs 28 - 43 of the Counterclaims of the TAAC, that the defendants stole a new line of fashion dolls from MATTEL, state all facts regarding:

(a)     every RICO predicate act committed through that conduct;

(b)     which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)     the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d)     how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

(e)     IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

RESPONSE TO INTERROGATORY NO. 10:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete

1  responses as to "every RICO predicate act committed through that conduct." As
2  such, the interrogatory is impermissibly compound and causes the total number of
3  interrogatories served during Phase 2 discovery to exceed the limits set by the
4  Federal Rules of Civil Procedure and the Court.

6  INTERROGATORY NO. 11:

7       With respect to the allegation in paragraphs 44- 61 of the
8  Counterclaims of the TAAC, that the defendants stole MATTEL trade secrets in
9  Mexico, state all facts regarding:

10      (a)     every RICO predicate act committed through that conduct;

11      (b)     which PERSONS employed by or associated with which RICO
12  enterprises committed those predicate acts;

13      (c)     the injuries to MATTEL's business or property proximately
14  caused by those predicate acts;

15      (d)     how MATTEL has calculated or estimated the dollar value of
16  those injuries (and if it has not, why not); and

17      (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of
18  the information requested in this Interrogatory.

20  RESPONSE TO INTERROGATORY NO. 11:

21       In addition to the general objections stated above, Mattel specifically
22  objects to this Interrogatory on the grounds that it is unreasonably burdensome,
23  overbroad, including in that it purports to require Mattel to summarize all facts on
24  these subjects, despite defendants' own refusals to answer interrogatories with the
25  same or comparable language and in conflict with the Court's Orders of February
26  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all
27  facts on these subjects. Mattel further objects to this Interrogatory on the grounds
28  that it calls for the disclosure of information subject to the attorney-client privilege,

1 the attorney work-product doctrine and other applicable privileges. Mattel further
2 objects to this Interrogatory on the grounds that it calls for the disclosure of
3 confidential and/or proprietary information, which Mattel will disclose only subject
4 to and in reliance upon the operative protective order. Mattel further objects to this
5 Interrogatory as compound and seeks to require Mattel to provide separate discrete
6 responses as to "every RICO predicate act committed through that conduct." As
7 such, the interrogatory is impermissibly compound and causes the total number of
8 interrogatories served during Phase 2 discovery to exceed the limits set by the
9 Federal Rules of Civil Procedure and the Court.

10

11 <u>INTERROGATORY NO. 12:</u>

12         With respect to the allegation in paragraphs 62 – 76 of the
13 Counterclaims of the TAAC, that the defendants hired Ron Brawer to facilitate the
14 theft and use of MATTEL business methods and practices, state all facts regarding:

15         (a)     every RICO predicate act committed through that conduct;

16         (b)     which PERSONS employed by or associated with which RICO
17 enterprises committed those predicate acts;

18         (c)     the injuries to MATTEL's business or property proximately
19 caused by those predicate acts;

20         (d)     how MATTEL has calculated or estimated the dollar value of
21 those injuries (and if it has not, why not); and

22         (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of
23 the information requested in this Interrogatory.

24

25 <u>RESPONSE TO INTERROGATORY NO. 12:</u>

26         In addition to the general objections stated above, Mattel specifically
27 objects to this Interrogatory on the grounds that it is unreasonably burdensome,
28 overbroad, including in that it purports to require Mattel to summarize all facts on

MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as to "every RICO predicate act committed through that conduct." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

INTERROGATORY NO. 13:

With respect to the allegation in paragraphs 77 – 87 of the Counterclaims of the TAAC, that the defendants hired Jorge Castilla to obtain trade secret and highly confidential information about MATTEL's forecasting and inventory management systems, state all facts regarding:

(a)    every RICO predicate act(s) committed through that conduct;

(b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)    the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d)    how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

1       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of
2  the information requested in this Interrogatory.

3

4  RESPONSE TO INTERROGATORY NO. 13:

5       In addition to the general objections stated above, Mattel specifically
6  objects to this Interrogatory on the grounds that it is unreasonably burdensome,
7  overbroad, including in that it purports to require Mattel to summarize all facts on
8  these subjects, despite defendants' own refusals to answer interrogatories with the
9  same or comparable language and in conflict with the Court's Orders of February
10 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all
11 facts on these subjects. Mattel further objects to this Interrogatory on the grounds
12 that it calls for the disclosure of information subject to the attorney-client privilege,
13 the attorney work-product doctrine and other applicable privileges. Mattel further
14 objects to this Interrogatory on the grounds that it calls for the disclosure of
15 confidential and/or proprietary information, which Mattel will disclose only subject
16 to and in reliance upon the operative protective order. Mattel further objects to this
17 Interrogatory as compound and seeks to require Mattel to provide separate discrete
18 responses as to "every RICO predicate act committed through that conduct." As
19 such, the interrogatory is impermissibly compound and causes the total number of
20 interrogatories served during Phase 2 discovery to exceed the limits set by the
21 Federal Rules of Civil Procedure and the Court.

22

23 INTERROGATORY NO. 14:

24      With respect to the allegation in paragraphs 88 – 94 of the
25 Counterclaims of the TAAC, that the defendants hired Janine Brisbois and stole
26 trade secrets of MATTEL in Canada, state all facts regarding:

27      (a)    every RICO predicate act committed through that conduct;

28

1     (b)    which PERSONS employed by or associated with which RICO

2 enterprises committed those predicate acts;

3     (c)    the injuries to MATTEL's business or property proximately

4 caused by those predicate acts;

5     (d)    how MATTEL has calculated or estimated the dollar value of

6 those injuries (and if it has not, why not); and

7     (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8 the information requested in this Interrogatory.

9

10 RESPONSE TO INTERROGATORY NO. 14:

11     In addition to the general objections stated above, Mattel specifically

12 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13 overbroad, including in that it purports to require Mattel to summarize all facts on

14 these subjects, despite defendants' own refusals to answer interrogatories with the

15 same or comparable language and in conflict with the Court's Orders of February

16 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

17 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

18 that it calls for the disclosure of information subject to the attorney-client privilege,

19 the attorney work-product doctrine and other applicable privileges. Mattel further

20 objects to this Interrogatory on the grounds that it calls for the disclosure of

21 confidential and/or proprietary information, which Mattel will disclose only subject

22 to and in reliance upon the operative protective order. Mattel further objects to this

23 Interrogatory as compound and seeks to require Mattel to provide separate discrete

24 responses as to "every RICO predicate act committed through that conduct." As

25 such, the interrogatory is impermissibly compound and causes the total number of

26 interrogatories served during Phase 2 discovery to exceed the limits set by the

27 Federal Rules of Civil Procedure and the Court.

28

With respect to the allegation in paragraphs 95 – 96 of the Counterclaims of the TAAC, that MATTEL employees other than Carter Bryant secretly worked on Bratz, state all facts regarding:

    (a)    every RICO predicate act committed through that conduct;

    (b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

    (c)    the injuries to MATTEL's business or property proximately caused by those predicate acts;

    (d)    how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not);

    (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

RESPONSE TO INTERROGATORY NO. 15:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete

1 responses as to "every RICO predicate act committed through that conduct." As

2 such, the interrogatory is impermissibly compound and causes the total number of

3 interrogatories served during Phase 2 discovery to exceed the limits set by the

4 Federal Rules of Civil Procedure and the Court.

5

6 INTERROGATORY NO. 16:

7        With respect to the allegation in paragraph 97 of the Counterclaims of

8 the TAAC, that MATTEL employees were paid in cash, using false names and false

9 social security numbers while working for MGA, state all facts regarding:

10        (a)    every RICO predicate act committed through that conduct;

11        (b)    which PERSONS employed by or associated with which RICO

12 enterprises committed those predicate acts;

13        (c)    the injuries to MATTEL's business or property proximately

14 caused by those predicate acts;

15        (d)    how MATTEL has calculated or estimated the dollar value of

16 every direct, concrete injury to MATTEL's business or property which was

17 proximately caused by those predicate acts (and if it has not, why not); and

18        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

19 the information requested in this Interrogatory.

20

21 RESPONSE TO INTERROGATORY NO. 16:

22        In addition to the general objections stated above, Mattel specifically

23 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

24 overbroad, including in that it purports to require Mattel to summarize all facts on

25 these subjects, despite defendants' own refusals to answer interrogatories with the

26 same or comparable language and in conflict with the Court's Orders of February

27 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

28 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as to "every RICO predicate act committed through that conduct." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

INTERROGATORY NO. 17:

With respect to the allegation in paragraph 98 of the Counterclaims of the TAAC, that MGA has hired other MATTEL employees or induced them to secretly work for MGA while they were employed by MATTEL, and persuaded them to misappropriate MATTEL trade secrets, state all facts regarding:

      (a)     IDENTIFY those other MATTEL employees;

      (b)     the dates each ended employment at MATTEL, the date each began employment at MGA, and the period during which each secretly worked for MGA while still employed by MATTEL;

      (c)     every RICO predicate act committed through that conduct;

      (d)     which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

      (e)     the injuries to MATTEL's business or property proximately caused by those predicate acts;

      (f)     how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

**EXHIBIT 3 - Page 60**

1    (g)  IDENTIFY all PERSONS MATTEL believes have knowledge of

2 the information requested in this Interrogatory.

3

4 <u>RESPONSE TO INTERROGATORY NO. 17</u>:

5    In addition to the general objections stated above, Mattel specifically

6 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

7 overbroad, including in that it purports to require Mattel to summarize all facts on

8 these subjects, despite defendants' own refusals to answer interrogatories with the

9 same or comparable language and in conflict with the Court's Orders of February

10 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

11 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

12 that it calls for the disclosure of information subject to the attorney-client privilege,

13 the attorney work-product doctrine and other applicable privileges.  Mattel further

14 objects to this Interrogatory on the grounds that it calls for the disclosure of

15 confidential and/or proprietary information, which Mattel will disclose only subject

16 to and in reliance upon the operative protective order.  Mattel further objects to this

17 Interrogatory as compound and seeks to require Mattel to provide separate discrete

18 responses as to "every RICO predicate act committed through that conduct."  As

19 such, the interrogatory is impermissibly compound and causes the total number of

20 interrogatories served during Phase 2 discovery to exceed the limits set by the

21 Federal Rules of Civil Procedure and the Court.

22

23 <u>INTERROGATORY NO. 18</u>:

24    With respect to the allegation in paragraphs 99 – 102 of the

25 Counterclaims of the TAAC, that Isaac Larian made misrepresentations to retailers

26 and in press releases and in the market place, state all facts regarding:

27    (a)  every RICO predicate act committed through that conduct;

28

1          (b)    the RICO enterprises that Mr. Larian was employed by or

2  associated with when he committed those predicate acts;

3          (c)    the injuries to MATTEL's business or property proximately

4  caused by those predicate acts;

5          (d)    how MATTEL has calculated or estimated the dollar value of

6  those injuries (and if it has not, why not); and

7          (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8  the information requested in this Interrogatory.

9

10  RESPONSE TO INTERROGATORY NO. 18:

11          In addition to the general objections stated above, Mattel specifically

12  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13  overbroad, including in that it purports to require Mattel to summarize all facts on

14  these subjects, despite defendants' own refusals to answer interrogatories with the

15  same or comparable language and in conflict with the Court's Orders of February

16  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

17  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.  Mattel further

20  objects to this Interrogatory on the grounds that it calls for the disclosure of

21  confidential and/or proprietary information, which Mattel will disclose only subject

22  to and in reliance upon the operative protective order.  Mattel further objects to this

23  Interrogatory as compound and seeks to require Mattel to provide separate discrete

24  responses as to "every RICO predicate act committed through that conduct."  As

25  such, the interrogatory is impermissibly compound and causes the total number of

26  interrogatories served during Phase 2 discovery to exceed the limits set by the

27  Federal Rules of Civil Procedure and the Court.

28

INTERROGATORY NO. 19:

With respect to the allegation in paragraphs 103 – 104 of the Counterclaims of the TAAC, regarding destruction of documents, perjury, conspiracy to commit perjury, and obstruction of justice, state all facts regarding:

(a) every RICO predicate act committed through that conduct;

(b) which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c) the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d) how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

(e) IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

RESPONSE TO INTERROGATORY NO. 19:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete

responses as to "every RICO predicate act committed through that conduct." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

INTERROGATORY NO. 20:

With respect to the allegation in paragraphs 108 – 112 and 120 of the Counterclaims of the TAAC, that Isaac Larian and MGA created various shell and off-shore entities to either transfer or assist in the transfer of proceeds generated by unlawful conduct and criminal enterprises, state all facts regarding:

(a)     every RICO predicate act committed through that conduct;

(b)     which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)     the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d)     how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

(e)     IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

RESPONSE TO INTERROGATORY NO. 20:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds

MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

1  that it calls for the disclosure of information subject to the attorney-client privilege,
2  the attorney work-product doctrine and other applicable privileges. Mattel further
3  objects to this Interrogatory on the grounds that it calls for the disclosure of
4  confidential and/or proprietary information, which Mattel will disclose only subject
5  to and in reliance upon the operative protective order. Mattel further objects to this
6  Interrogatory as compound and seeks to require Mattel to provide separate discrete
7  responses as to "every RICO predicate act committed through that conduct." As
8  such, the interrogatory is impermissibly compound and causes the total number of
9  interrogatories served during Phase 2 discovery to exceed the limits set by the
10 Federal Rules of Civil Procedure and the Court.

11

12 INTERROGATORY NO. 21:

13       With respect to the allegation in paragraphs 113 – 120 of the
14 Counterclaims of the TAAC, that Isaac Larian and MGA wrongfully acquired $313
15 million of debt that MGA owed Wachovia, state all facts regarding:

16       (a)    every RICO predicate act committed through that conduct;

17       (b)    which PERSONS employed by or associated with which RICO
18 enterprises committed those predicate acts;

19       (c)    the injuries to MATTEL's business or property proximately
20 caused by those predicate acts;

21       (d)    how MATTEL has calculated or estimated the dollar value of
22 those injuries (and if it has not, why not); and

23       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of
24 the information requested in this Interrogatory.

25

26 RESPONSE TO INTERROGATORY NO. 21:

27       In addition to the general objections stated above, Mattel specifically
28 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

1 overbroad, including in that it purports to require Mattel to summarize all facts on
2 these subjects, despite defendants' own refusals to answer interrogatories with the
3 same or comparable language and in conflict with the Court's Orders of February
4 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all
5 facts on these subjects. Mattel further objects to this Interrogatory on the grounds
6 that it calls for the disclosure of information subject to the attorney-client privilege,
7 the attorney work-product doctrine and other applicable privileges. Mattel further
8 objects to this Interrogatory on the grounds that it calls for the disclosure of
9 confidential and/or proprietary information, which Mattel will disclose only subject
10 to and in reliance upon the operative protective order. Mattel further objects to this
11 Interrogatory as compound and seeks to require Mattel to provide separate discrete
12 responses as to "every RICO predicate act committed through that conduct." As
13 such, the interrogatory is impermissibly compound and causes the total number of
14 interrogatories served during Phase 2 discovery to exceed the limits set by the
15 Federal Rules of Civil Procedure and the Court.
16
17 <u>INTERROGATORY NO. 22:</u>
18       With respect to the allegation in paragraph 121 of the Counterclaims of
19 the TAAC, regarding various loans to MGA and MGA Entertainment (HK), state all
20 facts regarding:
21       (a)    every RICO predicate act committed through that conduct;
22       (b)    which PERSONS employed by or associated with which RICO
23 enterprises committed those predicate acts;
24       (c)    the injuries to MATTEL's business or property proximately
25 caused by those predicate acts;
26       (d)    how MATTEL has calculated or estimated the dollar value of
27 those injuries (and if it has not, why not; and
28

MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

1        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

2    the information requested in this Interrogatory.

3

4    <u>RESPONSE TO INTERROGATORY NO. 22</u>:

5        In addition to the general objections stated above, Mattel specifically

6    objects to this Interrogatory on the grounds that it is unreasonably burdensome,

7    overbroad, including in that it purports to require Mattel to summarize all facts on

8    these subjects, despite defendants' own refusals to answer interrogatories with the

9    same or comparable language and in conflict with the Court's Orders of February

10   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

11   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

12   that it calls for the disclosure of information subject to the attorney-client privilege,

13   the attorney work-product doctrine and other applicable privileges.  Mattel further

14   objects to this Interrogatory on the grounds that it calls for the disclosure of

15   confidential and/or proprietary information, which Mattel will disclose only subject

16   to and in reliance upon the operative protective order.  Mattel further objects to this

17   Interrogatory as compound and seeks to require Mattel to provide separate discrete

18   responses as to "every RICO predicate act committed through that conduct."  As

19   such, the interrogatory is impermissibly compound and causes the total number of

20   interrogatories served during Phase 2 discovery to exceed the limits set by the

21   Federal Rules of Civil Procedure and the Court.

22

23   <u>INTERROGATORY NO. 23</u>:

24       With respect to the allegation in paragraphs 122 – 126 of the

25   Counterclaims of the TAAC, that Isaac Larian sold MGA inventory to himself at

26   fire sale prices, state all facts regarding:

27       (a)    every RICO predicate act committed through that conduct;

28

1         (b)    which PERSONS employed by or associated with which RICO

2 enterprises committed those predicate acts;

3         (c)    the injuries to MATTEL's business or property proximately

4 caused by those predicate acts;

5         (d)    how MATTEL has calculated or estimated the dollar value of

6 those injuries (and if it has not, why not); and

7         (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8 the information requested in this Interrogatory.

9

10 RESPONSE TO INTERROGATORY NO. 23:

11         In addition to the general objections stated above, Mattel specifically

12 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13 overbroad, including in that it purports to require Mattel to summarize all facts on

14 these subjects, despite defendants' own refusals to answer interrogatories with the

15 same or comparable language and in conflict with the Court's Orders of February

16 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

17 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

18 that it calls for the disclosure of information subject to the attorney-client privilege,

19 the attorney work-product doctrine and other applicable privileges. Mattel further

20 objects to this Interrogatory on the grounds that it calls for the disclosure of

21 confidential and/or proprietary information, which Mattel will disclose only subject

22 to and in reliance upon the operative protective order. Mattel further objects to this

23 Interrogatory as compound and seeks to require Mattel to provide separate discrete

24 responses as to "every RICO predicate act committed through that conduct." As

25 such, the interrogatory is impermissibly compound and causes the total number of

26 interrogatories served during Phase 2 discovery to exceed the limits set by the

27 Federal Rules of Civil Procedure and the Court.

28

**EXHIBIT 3 - Page 68**

MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

## INTERROGATORY NO. 24:

If MATTEL claims that the predicate acts and/or pattern of racketeering as alleged in the Counterclaims of the TAAC caused it to lose sales of Barbie products, state all facts regarding:

    (a)    the number of sales of each product lost each year, and how MATTEL calculated or estimated that figure;

    (b)    the gross revenue lost each year from those lost sales, and how MATTEL calculated or estimated that figure;

    (c)    the net profit lost each year from those lost sales, and how MATTEL calculated or estimated that figure;

    (d)    how the RICO predicate act(s) and/or pattern of racketeering alleged in the Counterclaims (as opposed to other factors) proximately caused the sales lost each year;

    (e)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts and/or pattern of racketeering; and

    (f)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

## RESPONSE TO INTERROGATORY NO. 24:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on this subject, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on this subject. Mattel further objects to this interrogatory as vague and ambiguous, including as to time. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client

1 privilege, the attorney work-product doctrine and other applicable privileges. Mattel
2 further objects to this Interrogatory on the grounds that it calls for the disclosure of
3 confidential and/or proprietary information, which Mattel will disclose only subject
4 to and in reliance upon the operative protective order. Mattel further objects to this
5 Interrogatory as the interrogatory, combined with the compound interrogatories
6 propounded together with it, causes the total number of interrogatories served during
7 Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure
8 and the Court.

9

10 INTERROGATORY NO. 25:

11      With respect to the allegations in paragraph 140 of the Counterclaims
12 of the TAAC, that the MGA, Bratz, and IGWT Criminal Enterprises are continuing
13 operations and threaten to continue their wrongful conduct:

14     (a)   state all facts regarding those continuing operations and/or the
15 threat of continued wrongful conduct;

16     (b)   IDENTIFY each predicate acts and/or patterns of racketeering
17 which MATTEL believes are continuing or threatened;

18     (c)   IDENTIFY which PERSONS employed by or associated with
19 which RICO enterprise(s) are committing or threatening to commit each RICO
20 predicate act;

21     (d)   state all facts regarding the injuries to its business or property
22 that MATTEL believes will be proximately caused by those predicate acts and/or
23 patterns of racketeering;

24     (e)   IDENTIFY all PERSONS MATTEL believes have knowledge of
25 the information requested in this Interrogatory.

26

27

28

1 <u>RESPONSE TO INTERROGATORY NO. 25</u>:

2         In addition to the general objections stated above, Mattel specifically

3 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

4 overbroad, including in that it purports to require Mattel to summarize all facts on

5 these subjects, despite defendants' own refusals to answer interrogatories with the

6 same or comparable language and in conflict with the Court's Orders of February

7 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

8 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

9 that it calls for the disclosure of information subject to the attorney-client privilege,

10 the attorney work-product doctrine and other applicable privileges. Mattel further

11 objects to this Interrogatory on the grounds that it calls for the disclosure of

12 confidential and/or proprietary information, which Mattel will disclose only subject

13 to and in reliance upon the operative protective order. Mattel further objects to this

14 Interrogatory as compound and seeks to require Mattel to provide separate discrete

15 responses as to "each predicate acts and/or patterns of racketeering which MATTEL

16 believes are continuing or threatened." As such, the interrogatory is impermissibly

17 compound and causes the total number of interrogatories served during Phase 2

18 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the

19 Court.

20

21 DATED: August 28, 2009      QUINN EMANUEL URQUHART OLIVER &
                      HEDGES, LLP

22

23

24           By _____

25                Marshall M. Searcy III
               Attorneys for Mattel, Inc.

26

27

28

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12          Plaintiff,                   Consolidated with
                                         Case No. CV 04-09059
13       vs.                             Case No. CV 05-02727

14  MATTEL, INC., a Delaware             Hon. Stephen G. Larson
    corporation,
15                                       **PROOF OF SERVICE**
            Defendant.
16

17                                       **Phase 2**
                                         Discovery Cut-off: December 11, 2009
18                                       Pre-trial Conference: March 1, 2010
                                         Trial Date: March 23, 2010
19

20

21

22

23

24

25

26

27

28

07975/3073675.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

## PROOF OF SERVICE

   I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On August 28, 2009, I served true copies of the following document(s) described as on the parties in this action as follows: **MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25; MATTEL'S RESPONSES TO MGAE DE MEXICO'S INTERROGATORY NOS. 1-11**

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br> Thomas J. Nolan, Esq.<br> Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br> tnolan@skadden.com<br> jrussell@skadden.com | **Attorneys for *the MGA Parties*** |
| Orrick, Herrington & Sutcliffe, LLP<br> William A. Molinski, Esq.<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017<br> wmolinski@orrick.com | **Attorneys for *the MGA Parties*** |

  **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from debbieyeh@quinnemanuel.com on August 28, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  Executed on August 28, 2009, at Los Angeles, California.

_Debbie Yeh_

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

By /s/ Pedro Miranda
      Pedro Miranda
      Apex Attorney Service

| | |
|---|---|
| Bingham McCutchen LLP<br>   Todd E. Gordinier, Esq.<br>   Peter N. Villar, Esq.<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626-1924<br>   todd.gordinier@bingham.com<br>   peter.villar@bingham.com | **Attorneys for *the Omni 808 Investors, LLC*** |
| Orrick, Herrington & Sutcliffe, LLP<br>   Melinda Haag, Esq.<br>   Annette L. Hurst, Esq.<br>   Warrington S. Parker III, Esq.<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>   mhaag@orrick.com<br>   ahurst@orrick.com<br>   wparker@orrick.com | **Attorneys for *the MGA Parties*** |
| Scheper, Kim & Overland, LLP<br>   Mark E. Overland, Esq.<br>   Alexander H. Cote, Esq.<br>601 West Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>   moverland@obsklaw.com<br>   acote@obsklaw.com | **Attorneys for *Carlos Gustavo Machado Gomez*** |

   **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from debbieyeh@quinnemanuel.com on August 28, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

07975/3073675.1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 28, 2009, at Los Angeles, California.

Debbie Yeh

07975/3073675.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE