1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013-1065
3   Telephone: 213.629.7400
    Facsimile: 213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11

12  CARTER BRYANT, an individual,      | Case No. CV 04-09049 SGL (RNBx)

13          Plaintiff,

14          v.                          | Consolidated with
                                        | Case No. CV 04-09059
15  MATTEL, INC., a Delaware            | Case No. CV 05-2727
    corporation,
16                                      | **PHASE 2 DISCOVERY MATTER**
            Defendant.
17                                      | **ORDER NO. 58, REGARDING:**

18                                          **MOTION TO COMPEL
                                            RESPONSES TO PHASE 2
19                                          REQUESTS FOR PRODUCTION
                                            PROPOUNDED BY MGA
20                                          ENTERTAINMENT, INC. ON
                                            MATTEL, INC.**
21

22  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
23  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 9 - Page 193

This Order sets forth the Discovery Master's ruling on the motion to compel further responses to the first set of Phase 2 requests for production propounded by MGA Entertainment, Inc. ("MGA") on Mattel, Inc. ("Mattel") ("Motion to Compel") [Docket No. 6112].

The Discovery Master, having considered the papers filed in support of and in opposition to the Motion to Compel, and having determined that oral argument is unnecessary, rules as set forth below.

## I. MOTION TO COMPEL

### A. Factual Background

#### 1. MGA's First Set Of Phase 2 Requests For Production To Mattel

On March 27, 2009, MGA served its First Set of Phase 2 Requests for Production of Documents and Things on Mattel ("First Set of RFPs"). (*See* Declaration of Christopher J. Chaudoir in Support of Motion to Compel ("Chaudoir Decl."), Ex. 1). The First Set of RFPs includes 68 separate document requests. (*Id.*, Ex. 1 [Request Nos. 1 – 68]).

#### 2. Mattel's Responses To The First Set Of RFPs

Mattel responded to the First Set of RFPs with a series of objections and conditional agreements to produce documents on April 27, 2009. (*Id.*, Ex. 2).

#### 3. The Parties Meet And Confer Concerning The First Set Of RFPs

As a result of Mattel's objections to the First Set of RFPs and its qualified offers of production, MGA sent Mattel a letter on June 24, 2009 that indicated the responses to the First Set of RFPs were improper. (*See* Declaration of Caroline H. Mankey in Support of Motion to Compel ("Mankey Decl."), Ex. A). In response, Mattel asked MGA to identify the specific responses within the First Set of RFPs concerning which it wished to meet and confer. (*Id.*, Ex. B).

//

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -
**EXHIBIT 9 - Page 194**

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]

1    On July 1, 2009, MGA identified 41 responses to the First Set of RFPs that it

2    believed were deficient (i.e., responses to Document Request Nos. 3 – 10, 12 – 30,

3    32, 33, 35, 36, 41, 47 – 51 and 65 – 68). (*Id.*, Ex. C). It also indicated that "all of

4    the responses" were unsatisfactory because "Mattel failed to produce any

5    documents responsive to the Requests, despite representing that it would produce

6    certain responsive documents . . ." (the "July 1, 2009 Letter"). (*Id.* [emphasis in

7    original]).

8    The same day, MGA engaged in a telephonic meet and confer with Mattel.

9    (*Id.*, Ex. D). MGA's counsel memorialized this telephone conversation six days

10   later (the "July 7, 2009 Letter"). (*Id.*). Among other things, the July 7, 2009 Letter

11   confirmed that the parties discussed most, if not all of, the responses to the First Set

12   of RFPs during the July 1, 2009 teleconference. (*Id.*). It further confirmed Mattel's

13   belief that all responsive documents in its possession, custody or control had

14   already been produced to MGA with the exception of some hard drives relating to

15   five former Mattel employees. (*Id.*).

16   Notwithstanding Mattel's position that it had already produced the requested

17   information, MGA's July 7, 2009 Letter noted that Mattel agreed to conduct a

18   further search for responsive documents concerning many, if not all, of the requests.

19   (*Id.*). In fact, Mattel's Opposition indicates that it agreed to search for responsive

20   documents regarding at least 53 of the requests for production at issue during the

21   meet and confer process. (Opposition to Motion to Compel, p. 3, fns. 7 and 8).

22   The July 7, 2009 Letter also confirmed that, with respect to those requests

23   relating to hard drives used by five former Mattel employees, Mattel had agreed "to

24   produce documents sufficient to identify the personal computers" they were

25   assigned "at the time they resigned from Mattel." (Mankey Decl., Ex. D).

26   On July 8, 2009, the parties participated in a second telephonic meet and

27   confer. (Declaration of Marshall M. Searcy III in Opposition to the Motion to

28   Compel ("Searcy Decl."), ¶ 2); Mankey Decl., ¶ 6). During this July 8 telephone

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

EXHIBIT 9 - Page 195

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]

Case 2:04-cv-09049-DOC-RNB   Document 6742-10   Filed 09/18/09   Page 4 of 12   Page ID
Case 2:04-cv-09049-SGL-RNB   Document 6611   Filed 09/08/2009   Page 4 of 12
#:221199

1   call, MGA's counsel explained that she would be withdrawing from the case and

2   introduced new counsel for MGA from Orrick Herrington & Sutcliffe LLP.  (*Id*.).

3   Mattel then informed MGA's new counsel that it would "search for and provide any

4   additional documents responsive to the requests at issue."  (Searcy Decl., ¶ 2).

5   MGA in turn promised to provide Mattel with a "draft protocol for the . . . hard

6   drives at issue in the Requests."  (*Id*.).

7         On July 16, 2009, MGA sent Mattel a letter requesting that it provide its

8   promised written response to the July 7, 2009 Letter.  (Chaudoir Decl., Ex. 3).  The

9   same day, MGA provided Mattel with a draft protocol concerning the production of

10   hard drives for the five former Mattel employees.  (*Id*., Ex. 4).  Because Mattel

11   alleges that it did not receive these communications, it never responded to MGA.

12   (Opposition to Motion to Compel, p. 4).

13              **4.**     **MGA Files The Motion To Compel**

14         Since it had not received any response from Mattel regarding the July 7, 2009

15   Letter or any of the follow-up communications dated July 16, 2009, MGA filed the

16   Motion to Compel on July 31, 2009.  (Motion to Compel, p. 12).

17              **5.**     **The Parties Agree To A Protocol Regarding Production Of**

18                       **Computer Hard Drives**

19         After it received MGA's Motion to Compel, Mattel's counsel immediately

20   sent MGA's attorneys a proposed protocol for the inspection of the hard drives

21   relating to the five former Mattel employees.  (Opposition to Motion to Compel, p.

22   4).  Specifically, "Mattel agreed to allow MGA's expert to 'inspect the images of

23   the hard drives in their entirety,' subject only to review of the information for

24   privilege and appropriate designation under the Protective Order prior to disclosure

25   of the information."  (*Id*.).  The parties then exchanged multiple proposed protocols

26   and were eventually able to agree to a protocol on August 18, 2009.  (Opposition to

27   Motion to Compel, p. 5; Declaration of B. Dylan Proctor in Opposition to the

28   Motion to Compel, Exs. 2 – 14).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -
**EXHIBIT 9 - Page 196**

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]

Case 2:04-cv-09049-DOC-RNB Document 6742-10 Filed 09/18/09 Page 5 of 12 Page ID
Case 2:04-cv-09049-SGL-RNB Document 6911 Filed 09/08/2009 Page 5 of 12
#:221200

1            **6.**       **Mattel Supplements Its Responses And Agrees To Conduct**

2                    **Further Searches**

3       The same day the parties reached an agreement concerning the protocol for

4 the inspection of the hard drives, Mattel served its Opposition to the Motion to

5 Compel and supplemented its responses to the First Set of RFPs "*to make clear it is*

6 *not withholding responsive documents*." (Opposition to Motion to Compel, p. 5

7 [emphasis added]; Searcy Dec., Ex. 16).

8           **B.**      <u>**The Relief Sought By MGA**</u>

9       The Motion to Compel seeks four categories of relief. (*See* Notice of Motion

10 preceding Motion to Compel, p. 1). First, MGA seeks an order overruling all of

11 Mattel's objections to the First Set of RFPs, except for its privilege objections.

12 (*Id*.). Second, MGA seeks an order compelling Mattel to "produce all relevant,

13 non-privileged documents in Mattel's custody, possession or control which are

14 responsive" to the First Set of RFPs. (*Id*.). Third, MGA seeks an order compelling

15 Mattel to provide a privilege log. (*Id*.). Finally, MGA seeks an order imposing

16 monetary sanctions against Mattel in the amount of $5,000. (*Id*.; *see also* Motion to

17 Compel, p. 11).

18           **C.**      <u>**Opposition To Motion To Compel**</u>

19       Mattel contends that the Motion to Compel should be denied for six reasons.

20 First, it argues that MGA seeks to compel production concerning document

21 requests it never identified as deficient and, as a result, failed to satisfy its meet and

22 confer obligations. (Opposition to Motion to Compel, pp. 11 and 12). Second,

23 Mattel argues it has produced or will shortly produce all documents sought by the

24 Motion to Compel, except for all of the hard drives concerning the five former

25 Mattel employees. (*Id*., pp. 1, 6, 7 and 12). Third, it argues that it has

26 supplemented its responses since the filing of the Motion to Compel to make clear

27 it is not withholding responsive documents. (*Id*., pp. 5 and 6). Fourth, it argues

28 that MGA's request for all responsive hard drives is over broad and contradicts an

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -
**EXHIBIT 9 - Page 197**

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]

1   agreement previously reached by the parties.  (*Id.*, pp. 1, 3 and 4).  Fifth, it argues

2   that it is not required to log privilege communications after April 27, 2004.  (*Id.*, pp.

3   12 and 13).  Finally, it argues that it properly reserved its right to supplement

4   responses based on expert discovery.  (*Id.*, pp. 13 and 14).

5       **D.**    <u>**Analysis**</u>

6           **1.**    **Mattel Has Agreed To Produce All Non-Privileged**

7               **Documents Responsive To Document Request Nos. 5 – 10,**

8               **12, 15 – 22, 26 – 30, 32, 33, 35, 36, 41, 51 And 65 – 68**

9       In its Opposition, Mattel concedes that, as to 30 of the 41 Requests that it

10  admits that "MGA identified as deficient in the meet and confer," "there is either

11  nothing to compel" or it "will produce responsive documents, if any, prior to

12  [September 10, 2009]."[1]  (Opposition to Motion to Compel, p. 6; *see also id.*, p. 1).

13  Mattel further acknowledges that it "has supplemented its Responses to make it

14  clear that it is not withholding responsive documents," (*id.*, p. 6), other than with

15  respect to the eleven document requests relating to hard drives for the five former

16  Mattel employees, (*id.*, p. 7; Searcy Decl., ¶ 3).  In light of these statements, Mattel

17  must confirm that it has produced all responsive documents to 30 of the 41

18  document requests specifically identified in MGA's July 1, 2009 Letter (i.e.,

19  Document Request Nos. 5 – 10, 12, 15 – 22, 26 – 30, 32, 33, 35, 36, 41, 51 and 65

20  – 68).

21          **2.**    **Mattel States That It Has Produced Or Will Shortly Produce**

22              **All Responsive Documents Relating To Document Request**

23              **Nos. 1, 2, 11, 31, 34, 37 – 40, 42 – 46 And 52 – 64**

24      With respect to Document Request Nos. 1, 2, 11, 31, 34, 37 – 40, 42 – 46,

25  and 52 – 64, Mattel contends that they were never identified by MGA as being

26  deficient during the meet and confer process.  (Opposition to Motion to Compel, p.

27

28  _____

[1] The other eleven document requests (i.e., Document Request Nos. 3, 4, 13, 14, 23 – 25 and 47 – 50) are discussed in Section I.D.3. below.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -
**EXHIBIT 9 - Page 198**

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]

11).  Mattel further notes that six of the requests are not addressed in MGA's Separate Statement.[2]  Consequently, Mattel argues that MGA failed to comply with its meet and confer obligations.  (*Id.*, pp. 11 and 12).  This contention is unavailing for two reasons.

First, the record indicates that MGA adequately met and conferred regarding all of the requests set forth in the First Set of RFPs.  (*See, e.g.,* Mankey Decl., Ex. C).  For example, MGA informed Mattel in the July 1, 2009 Letter that, because "Mattel [had] failed to produce any documents responsive to the Requests, despite representing that it would produce certain responsive documents, *all* of the responses [were] . . . unsatisfactory."  (*Id.* [emphasis in original]).

Second, and more importantly, Mattel concedes that any technical failure of MGA to meet and confer with respect to the 27 documents requests referenced above is immaterial.  (*See* Opposition to Motion to Compel, pp. 11 and 12).  Mattel admits in its Opposition that "[h]ad MGA complied with its meet and confer obligations, Mattel would have informed MGA that Mattel has conducted a good faith search for responsive documents and has found no documents responsive to these requests that have not either been produced already or properly logged on a privilege log."  (*Id.*).  Mattel further admits that its

> attorneys searched for additional documents responsive to
> the Requests [after July 8, 2009 and that they]
> supplemented Mattel's Responses to the Requests, and are
> confirming that Mattel has already produced the
> responsive documents in its custody, possession or
> control, with the exception of the hard drives assigned to
> Vargas, Trueba, Machado, Brisbois and Castilla at the

---

[2] Although Mattel identifies six document requests as allegedly not being discussed in MGA's Separate Statement, there are in actuality only five document requests not referenced therein.  (Separate Statement in Support of Motion to Compel, pp. 1 – 302).  The five documents requests not referenced in the Separate Statement are Document Request Nos. 11, 31, 61, 62 and 63.  (*Id.*).

- 6 -

**EXHIBIT 9 - Page 199**

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]

time of their resignations from Mattel. To date, Mattel has completed its search for non-privileged documents responsive to Request Nos. 2, 34, 37, 40, 41, 43 – 46, 50, 52 – 58, 64 and 65, finding no additional documents to produce. Prior to September 10, Mattel will complete its search for any additional nonprivileged, responsive documents to the *remaining requests*.

(Searcy Decl., ¶ 3 [emphasis added]).

Because Mattel concedes that it has already produced or will shortly produce all documents responsive to Document Request Nos. 1, 2, 11, 31, 34, 37 – 40, 42 – 46, and 52 – 64,[3] the Discovery Master orders Mattel to supplement its responses to each such request and confirm that it has produced all non-privileged responsive documents as promised.

### 3. MGA And Mattel Must Honor Their Agreement Regarding The Production Of Hard Drives With Respect To Document Request Nos. 3, 4, 13, 14, 23 – 25 And 47 – 50

As for Document Request Nos. 3, 4, 13, 14, 23 – 25 and 47 – 50, the parties must honor their prior agreement. While MGA argues in its Motion to Compel that Mattel must provide access to all computer hard drives assigned to five former employees that Mattel alleges stole Mattel trade secrets, not just those hard drives that were assigned to those employees at the time of their resignation from Mattel, (Motion to Compel, p. 4), it appears that MGA's prior counsel voluntarily agreed to limit the scope of the hard drive production during the meet and confer process. (Opposition to Motion to Compel, p. 3 [citing Mankey Decl., Ex. D]). In fact, MGA's own July 7, 2009 Letter states that "[w]ith respect to [Document] Request Nos. 3, 13, 23, 47 and 49, Mattel has agreed to produce documents sufficient to

---

[3] In the absence of this concession, the Discovery Master may not have enforced the Motion to Compel with respect to the five document requests not included in MGA's Separate Statement (i.e., Document Request Nos. 11, 31, 61, 62 and 63).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -
**EXHIBIT 9 - Page 200**

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]

Case 2:04-cv-09049-DOC-RNB  Document 6742-10  Filed 09/18/09  Page 9 of 12  Page ID
#:221204
Case 2:04-cv-09049-SGL-RNB  Document 6541  Filed 09/08/2009  Page 9 of 12

1  identify the personal computers assigned to Trueba, Vargas, Machado, Brisbois and

2  Castilla *at the time they resigned from Mattel*."  (Mankey Decl., Ex. D at p. 1

3  [emphasis added]).   It further notes that with respect to Document Request Nos. 4,

4  14, 24, 25 and 48 "Mattel agrees to produce mirrored images of the hard drives

5  contained in the computers assigned to Trueba, Vargas, Machado, Brisbois and

6  Castilla *at the time of their resignation from Mattel* . . . subject to a protocol to be

7  agreed upon by MGA and Mattel . . ."[4]   (*Id.*, Ex. D at p. 2 [emphasis added]).

8       Based on these statements, Mattel contends that MGA's request for a

9  forensic image of every computer ever assigned by Mattel to the former Mattel

10 employees directly contradicts the parties' agreement with respect to computer hard

11 drives.  (Opposition to Motion to Compel, pp. 7 and 8).  Yet, MGA did not respond

12 to this argument anywhere in its Reply.  Accordingly, I find that MGA waived any

13 argument that it did not enter into such an agreement.  I will, therefore, enforce the

14 parties' agreement and order Mattel to produce mirrored images of the hard drives

15 contained in the computers assigned to Trueba, Vargas, Machado, Brisbois and

16 Castilla at the time of their resignation from Mattel.

17       Even if MGA had properly disputed that it entered into an agreement limiting

18 the scope of the hard drives to be produced, its Motion to Compel would

19 nevertheless fail on the merits with respect to Document Request Nos. 3, 4, 13, 14,

20 23 – 25 and 47 – 50.  As the party seeking to compel discovery, MGA bears the

21 burden of establishing the discovery is relevant to a claim or defense at issue in

22 Phase 2.  (*Bryant v. Ochoa*, 2009 WL 1390794, *1 (S.D. Cal. 2009) ["The party

23 seeing to compel discovery has the burden of establishing that its request satisfies

24 the relevancy requirements of Rule 26(b)(1)."]).

25       To satisfy its burden, MGA argues that all computers from these five

26 employees are relevant because they (1) "will evidence the nature and extent of

---

[4] The July 7, 2009 Letter also states that with respect to Document Request No. 50, Mattel "agreed to confirm that [it] has already produced a mirror image of the hard drive for any computer assigned by [it] to Castilla during the year preceding his resignation."  (*Id.*, Ex. D at p. 2).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -
**EXHIBIT 9 - Page 201**

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]

Mattel's trade secrets, if any to which these employees had access," (2) may "provide evidence disproving that the claimed trade secretes were, in fact, legally protectable trade secrets," and (3) may reveal evidence concerning MGA's affirmative defenses. (Motion to Compel, p. 4). But none of these arguments are persuasive, since MGA fails to explain how all of the information embedded on every hard drive used by the five employees while they worked for Mattel relates to a Phase 2 claim or defense. While the hard drives may admittedly contain some information relating to trade secrets that is relevant to this case, the document requests are not limited to just that information. They instead demand the entire universe of documents embedded on the hard drives. Accordingly, the document requests are overbroad and unenforceable, except to the extent Mattel has voluntarily agreed to produce such materials.

### 4. Mattel Can Preserve Its Objections Relating To Privilege And Expert Discovery But All Other Objections Are Overruled

MGA next contends that all of Mattel's objections to the First Set of RFPs should be overruled, arguing that Mattel makes a number of improper boilerplate objections, "none of which is substantiated." (*See, e.g.,* Motion to Compel, pp. 6 and 11). In its Opposition, Mattel does not defend the vast majority of its objections. (Opposition to Motion to Compel, pp. 1 – 15). It merely contends that it is entitled to supplement its production during expert discovery and that it need not identify privilege documents that were created after April 27, 2004. (*Id.*, pp. 12 – 15).

Although Mattel has the right to supplement its production based on expert discovery, this does not excuse it from producing all non-privileged documents currently in its possession, custody or control that are responsive to the requests. (*See* Opposition to Motion to Compel, pp. 13 and 14). I further find that Mattel has sufficiently preserved its privilege objections and that, consistent with the parties'

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

**EXHIBIT 9 - Page 202**

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]

1  prior agreements and practice in this litigation, Mattel not need not log privileged

2  documents that were created after April 27, 2004.  The remainder of Mattel's

3  objections have either been waived or not adequately supported and, as a result, are

4  overruled.  (*See, e.g.,* Opposition to Motion to Compel, pp. 1 – 15; Searcy Decl.,

5  Ex. 16).

6  ### 5.    Sanctions Are Not Appropriate

7  MGA contends that it is entitled to sanctions because Mattel failed to satisfy

8  its discovery obligations.  (Motion to Compel, p. 11).  Because Mattel advanced

9  some meritorious arguments and MGA only partially prevailed, the Discovery

10  Master concludes that an award of sanctions is inappropriate.

11  ## II.    DISPOSITION

12  A.    MGA's Motion to Compel is **GRANTED** in part and **DENIED** in

13  part, as follows:

14  1.    Mattel shall supplement its responses to the First Set of RFPs

15  within ten (10) days of this Order.

16  2.    When it supplements its responses to the First Set of RFPs,

17  Mattel shall

18  a.    Withdraw all of all of its objections to the First Set of

19  RFPs, except for its objections based on privilege and the

20  right to supplement based on expert discovery;

21  b.    Confirm that it has produced all non-privileged

22  documents responsive to Document Request Nos. 1, 2, 5 –

23  12, 15 – 22, 26 – 46, and 51 – 68; and

24  c.    Confirm that, with respect to Document Request Nos. 3,

25  4, 13, 14, 23 – 25 and 47 – 50, it has produced all non-

26  privileged images of the hard drives contained in the

27  computers assigned to Trueba, Vargas, Machado, Brisbois

28  and Castilla at the time of their resignation from Mattel.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -
**EXHIBIT 9 - Page 203**

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]

Case 2:04-cv-09049-DOC-RNB Document 6743-10 Filed 09/18/09 Page 12 of 12 Page ID
#:221207
Case 2:04-cv-09049-SGL-RNB Document 6601 Filed 09/08/2009 Page 12 of 12

3.      In the event such documents have not already been produced to MGA, Mattel shall produce any and all responsive documents referenced in the preceding paragraph to MGA within ten (10) days of this Order.  This production shall include the hard drives referenced in Section II.A.2.c above.

4.      MGA's request for sanctions is denied.


Dated:  September 8, 2009


                                        By:        /s/ Robert C. O'Brien
                                                   ROBERT C. O'BRIEN
                                                   Discovery Master

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -
EXHIBIT 9 - Page 204

ORDER NO. 58
[Case No. CV 04-09049 SGL (RNBx)]