QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER REGARDING MGA'S FIRST SET OF PHASE 2 INTERROGATORIES; AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declarations of Marshall M. Searcy and Bridget A. Hauler filed concurrently herewith]<br><br>Date:    TBD<br>Time:    TBD<br>Place:   Arent Fox LLP<br>          555 West Fifth St.<br>          48th Floor<br>          Los Angeles, CA 90013<br><br>Discovery Cut-off:  December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

07975/2986195.4

EXHIBIT 13 - Page 512

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that, at a hearing before Discovery Master

3  Robert C. O'Brien that will occur on a date and at a time to be determined by the

4  Discovery Master, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move for a

5  protective order (1) finding that MGA Entertainment, Inc., Isaac Larian, MGAE de

6  Mexico, S.A. de C.V. and MGA Entertainment (HK) Ltd. ("the MGA Parties") have

7  exceeded their allotted interrogatories; and (2) granting Mattel relief from answering

8  MGA's First Set of Phase 2 Interrogatories and Request Nos. 69, 70, 71, 72, 73, 74,

9  75, 76, 80, 82, 84, 85, 90, 93, 98, 107 and 108 of MGA's Second Set of Phase 2

10  Requests for Production.

11          This Motion is made pursuant to <u>Federal Rule of Civil Procedure</u> 26(c)

12  and the Order appointing the Discovery Master on the grounds that the MGA Parties

13  have served more than the 75 Interrogatories they were allotted by the District

14  Court's Orders; the MGA Parties have refused to withdraw interrogatories so as to

15  comply with the District Court's Orders; and the Requests for Production are

16  inextricably intertwined with the Interrogatories.

17          This Motion is based on this Notice of Motion and Motion, the

18  accompanying Memorandum of Points and Authorities, the Declarations of Marshall

19  M. Searcy and Bridget A. Hauler filed concurrently herewith, the records and files

20  of this Court, and all other matters of which the Court may take judicial notice.

21

22

23

24

25

26

27

28

EXHIBIT 13 - Page 513

## Conference of Counsel

The parties met and conferred concerning the issues regarding this motion on June 19, 2009 and dates thereafter.

DATED:  June 29, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                        By /s/ Marshall M. Searcy
                                        Marshall M. Searcy
                                        Attorneys for Mattel, Inc.

07975/2986195.4

EXHIBIT 13 - Page 514

ii

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

Preliminary Statement ........................................................................... 1

Statement of Facts ................................................................................. 2

Argument ............................................................................................... 6

I.     BECAUSE DEFENDANTS HAVE FAR EXCEEDED THEIR ALLOTTED INTERROGATORIES IN THIS CASE, A PROTECTIVE ORDER IS APPROPRIATE............................................6

    A.    Discrete Subparts Of An Interrogatory Count As Separate Interrogatories ..................................................................... 6

    B.    Defendants' Interrogatories Are Compound .......................... 9

    C.    MGA Has Exceeded Its Allotted Interrogatories................... 13

II.    MATTEL WILL BE UNDULY BURDENED IF IT IS REQUIRED TO ANSWER THE INTERROGATORIES AND REQUESTS IN QUESTION ................................................................................... 15

Conclusion ............................................................................................ 15

07975/2986195.4

**EXHIBIT 13 - Page 515**

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

### <u>Cases</u>

4    <u>Hamilton v. State Farm Fire & Cas. Co.</u>,
5        270 F.3d 778 (9th Cir. 2001) ................................................................ 9

6    <u>Helfand v. Gerson,</u>
        105 F.3d 530 (9th Cir. 1997) ................................................................ 9
7
     <u>Pegram v. Herdrich,</u>
8        530 U.S. 211 (2000) ............................................................................ 9

9

### <u>Statutes</u>

10

     <u>Fed. R. Civ. P.</u> 26(c) .................................................................................. 6
11
     <u>Fed. R. Civ. P.</u> 33 ....................................................................................... 4
12
13   <u>Fed. R. Civ. P.</u> 33(a) .................................................................................. 6

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

EXHIBIT 13 - Page 516

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel respectfully seeks an order protecting it from having to answer the MGA Parties' excessive and improper interrogatories.  Under legal rulings obtained by the MGA Parties and pursuant to legal principles urged by them, interrogatories that contain discrete subparts, including interrogatories that address separate and distinct legal theories and/or discrete factual matters, count as multiple interrogatories even if numbered as one.  Defendants have far exceeded the number of interrogatories they were allotted under these principles.  Accordingly, the Discovery Master should order that Mattel need not respond to MGA's "First" Set of Phase 2 Interrogatories (as well as related requests for production) and specifying the number of interrogatories the MGA Parties still have available, if any.  With the benefit of the Discovery Master's guidance, the MGA Parties can then serve a revised set of interrogatories that does not exceed the limits set by the Court, assuming they may serve any additional interrogatories.[1]

Prior to the Phase 1 trial, the Court ordered that Defendants may serve up to 50 interrogatories on Mattel.  Defendants served 51 numbered interrogatories

---

[1] There is precedent for this procedure in this case, established by MGA itself.  In July 2007, MGA moved for a protective order that it need not answer Mattel's interrogatories, claiming that the 46 numbered interrogatories that Mattel had served as of that date really were, "conservatively, 227 separate interrogatories."  See Joint Motion for Protective Order Regarding Mattel's Interrogatories, dated July 10, 2007, at 3:17-19, 5:19-21, attached as Exhibit 30 to the Declaration of Marshall M. Searcy III ("Searcy Dec."), dated June 29, 2009 and filed concurrently herewith.  Although the Discovery Master rejected nearly all of MGA's specific counting arguments, he found that Mattel's pending set of interrogatories did put Mattel slightly over the then-applicable limit of 50, and required Mattel to serve an amended set of interrogatories that did not exceed that limit.  See Order Granting Joint Motion for Protective Order Regarding Mattel's Interrogatories; Denying Mattel's Motion to Compel Interrogatory Responses ("Sep. 2007 Order"), dated September 5, 2007, Searcy Dec., Exh. 29.

**EXHIBIT 13 - Page 517**

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

that, because many were compound, far exceeded the limits set by the Court. Accordingly, Mattel objected to Defendants' excessive interrogatories, but offered to respond to 7 of the 21 numbered interrogatories then pending in MGA's Second Set of Interrogatories and Bryant's Second Set of Interrogatories (Mattel had already responded to several prior sets served by MGA and Bryant). Rather than litigate the counting issue (and obviously recognizing what the outcome of such a fight would be), MGA agreed that Mattel need only answer those seven interrogatories.

Following the Phase 1 trial, the Court gave each side another 25 interrogatories. MGA then demanded that Mattel answer many of the interrogatories from its Second Set that had gone unanswered prior to the Phase 1 trial. Because Defendants had been allotted 25 more interrogatories, Mattel agreed. Now, however, MGA has served an additional set of interrogatories that once again clearly exceeds the limits imposed by the Court. Because MGA may not serve more interrogatories than it has been allotted, the Discovery Master should issue a protective order.

## **Statement of Facts**

Defendants Exceed the Limits on Interrogatories Prior to the Phase 1 Trial. In early 2007, the Court set the total number of interrogatories "per side" at 50 interrogatories for the consolidated case Carter Bryant v. Mattel, Inc., CV 04-9049 SGL (RNBx).[2] Although trial was bifurcated between Phase 1 and Phase 2, discovery was not bifurcated.[3] Thus, the parties served discovery relating to both Phase 1 and Phase 2 prior to the Phase 1 discovery cut-off of January 28, 2008.

---

[2]   See Minute Order of February 27, 2007, Searcy Dec., Exh. 1.

[3]   See Hearing Transcript, dated June 19, 2007, at 19:22-23 ("And the record as it exists has no bifurcated discovery. End of story."), Searcy Dec., Exh. 2.

**EXHIBIT 13 - Page 618**

2

Carter Bryant served a total of 20 numbered interrogatories on Mattel (in two sets),[4] and the MGA Parties served a total of 31 numbered interrogatories on Mattel (in three sets).[5]  Many of the 51 interrogatories served by Bryant and the MGA Parties consisted of compound interrogatories and, thus, the 51 numbered interrogatories were, in actuality, far in excess of that number.[6]

> The Parties Meet and Confer on Defendants' Excessive Interrogatories.

On January 3, 2008, Mattel requested that the parties meet and confer because Defendants had exceeded the number of interrogatories they were allotted.[7] Following that conference, Mattel offered to answer seven numbered interrogatories, to be identified by MGA, in addition to the 25 numbered interrogatories that Mattel had already answered.[8]  MGA identified Interrogatory No. 20 from Bryant's Second Set of Interrogatories and Interrogatory Nos. 12, 18, 19, 29, 30 and 31 from MGA's Second Set of Interrogatories.[9]  In March 2008, Mattel served supplemental responses to those interrogatories, as promised.[10]

---

[4]  See Defendant's First Set of Interrogatories Propounded on Plaintiff, dated June 13, 2004; Bryant's Second Set of Interrogatories to Mattel, Inc., dated December 26, 2007, Searcy Dec., Exhs. 3-4.

[5]  See MGA's First Set of Interrogatories to Mattel, dated February 4, 2005; MGA's Second Set of Interrogatories to Mattel, dated December 4, 2007; MGA's Amended Supplemental Interrogatory to Mattel, Inc. Re Its Affirmative Defenses, dated December 6, 2007, Searcy Dec., Exhs. 5-7.

[6]  See January 3, 2008 letter from B. Dylan Proctor to Michael H. Page and Thomas J. Nolan ("January 3 Proctor Letter"), Searcy Dec., Exh. 8.

[7]  Id.

[8]  See January 17, 2008 letter from B. Dylan Proctor to Robert J. Herrington ("January 17 Proctor Letter"), Searcy Dec., Exh. 9.  Mattel and the MGA Parties each reserved the right to go to the Court for further relief.  Id.  However, no party moved on the outstanding interrogatories.

[9]  See Email from Robert Herrington to Dylan Proctor, copy to Matthew Werdegar, dated January 17, 2008, Searcy Dec., Exh. 31.

[10]  See Mattel's Supplemental Response to Bryant's Second Set of Interrogatories, dated March 4, 2008, attached as Exhibit 5 to the Declaration of (footnote continued)

EXHIBIT 13 - Page 619

3

1    The Court Grants Leave To Serve Additional Discovery.   In February

2    2009, following the Phase 1 trial, the Court ruled that each side would be allowed

3    additional discovery for Phase 2 of this litigation, consistent with the Federal Rules

4    of Civil Procedure and Local Rule 37.[11]  Fed. R. Civ. P. 33 states that "a party may

5    serve on any other party no more than 25 written interrogatories, including all

6    discrete subparts."    Thus, Defendants now were allowed an additional 25

7    interrogatories, for a total of 75.

8    Mattel Agrees To Respond To Additional MGA Interrogatories.   After

9    the Court provided the parties with additional interrogatories, MGA demanded, in

10   March 2009, that the parties meet and confer regarding MGA's Second Set of

11   Interrogatories, served in 2007, and demanded that Mattel supplement its responses

12   to Interrogatory Nos. 20, 21, 22, 23, 28 and 29 from that set.[12]   Among other

13   objections, Mattel had objected, in early 2008, that these interrogatories exceeded

14   Defendants' allotted limit and that certain of them were compound.[13]  Because the

15   interrogatories had exceeded the previously-applicable 50 interrogatory limit, Mattel

16   previously had served only objections to most of them (Interrogatory Nos. 20, 21,

17   22, 23 and 28).    However, because the Court gave each side additional

18   interrogatories, Mattel agreed upon MGA's requested to supplement its responses to

19   Interrogatory Nos. 20, 21, 22, 23, 28 and 29 of MGA's Second Set of

20   _____

21   Bridget A. Hauler ("Hauler Dec."), dated June 26, 2009 and filed concurrently
     herewith; Mattel's Supplemental Responses to MGA's Second Set of

22   Interrogatories, dated March 5, 2008; Hauler Dec., Exh. 2.

23   [11]   See Hearing Transcript, dated February 11, 2009, at 102:12-21, Searcy Dec.,
     Exh. 15.

24   [12]   See March 25, 2009 letter from Carolyn H. Mankey to Jon D. Corey and
     Michael T. Zeller ("March 25 Mankey Letter"), Searcy Dec., Exh. 16.

25   [13]   See Mattel's Supp. Responses to MGA's Second Set of Interrogatories at

26   Response to Interrogatory No. 29, Hauler Dec., Exh. 2; see also Mattel's Responses
     to MGA's Second Set of Interrogatories, dated January 3, 2008, at Responses to

27   Interrogatory Nos. 20, 21, 22, 23 and 28, Searcy Dec., Exh. 13.

28

1   Interrogatories.[14]   Despite the parties' agreement, MGA then moved to compel

2   Mattel to supplement its responses to these interrogatories anyway; that motion is

3   currently pending before the Discovery Master.[15]

4       MGA Serves Excessive Interrogatories.   On April 14, 2009, MGA

5   served so-called "Phase 2" discovery, including the discovery that is the subject of

6   this motion -- MGA's First Set of Phase 2 Interrogatories and MGA's Second Set of

7   Phase 2 Requests for Production.[16]   Mattel served responses, objecting to the

8   interrogatories on (among other grounds) the basis that Defendants have again

9   exceeded the number of interrogatories they have been allotted.[17]

10      MGA requested that Mattel meet and confer regarding its responses to

11  this so-called Phase 2 discovery on May 21, 2009.[18]   The Court stayed discovery

12  that same day.[19]   The parties met and conferred regarding the discovery, including

13  the interrogatories and requests for production, once the stay was lifted.[20]   The

14  parties were unable to reach agreement regarding how MGA's interrogatories

15

16

17  [14]   See April 16, 2009 letter from Diane C. Hutnyan to Caroline H. Mankey
    ("April 16 Hutnyan Letter"), at 3, Searcy Dec., Exh. 17.

18  [15]   See Searcy Dec., ¶ 19.

19  [16]   See MGA's First Set of Phase 2 Interrogatories, MGA's Second Set of Phase
    2 Requests for Production, Searcy Dec., Exhs. 18-19.

20  [17]   See Mattel's Responses to MGA's First Set of Phase 2 Interrogatories, dated
    May 18, 2009; Mattel's Responses to MGA's First Set of Phase 2 Requests for

21  Production, dated May 18, 2009, Searcy Dec., Exhs. 20-21.

22  [18]   See May 21, 2009 letter from Jean Pierre Nogues to Marshall M. Searcy
    ("May 21 Nogues Letter"), Searcy Dec., Exh. 22.

23  [19]   See Court's Order, dated May 21, 2009, Searcy Dec., Exh. 24.

24  [20]   See June 17, 2009 letter from Mr. Nogues to Mr. Searcy ("June 17 Nogues
    Letter"); June 18 letter from Mr. Searcy to Mr. Nogues ("June 18 Searcy Letter");

25  June 22 letter from Mr. Searcy to Mr. Nogues ("June 22 Searcy Letter"); June 24

26  letter from Mr. Nogues to Mr. Searcy ("June 24 Nogues Letter"); and June 26 letter
    from Mr. Searcy to Mr. Nogues ("June 26 Searcy Letter"); Searcy Dec., Exhs. 23,

27  25-28.

28

07975/2986195.4

**EXHIBIT 13 - Page 521**

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1  should be counted and the total number allowed, and MGA was unwilling to limit

2  its interrogatories in any way.[21]

3  <u>Argument</u>

4  **I.   BECAUSE DEFENDANTS HAVE FAR EXCEEDED THEIR**

5  **ALLOTTED INTERROGATORIES IN THIS CASE, A PROTECTIVE**

6  **ORDER IS APPROPRIATE**

7  Federal Rule of Civil Procedure 26(c) provides that "the court in which

8  the action is pending may make any order which justice requires to protect a party or

9  person from annoyance, embarrassment, oppression, or undue burden or expense,

10  including that certain matters not be inquired into, that the scope of the disclosure or

11  discovery be limited to certain matters, or that a trade secret or other confidential

12  research, development, or commercial information not be revealed or be revealed

13  only in a designated way." <u>Fed. R. Civ. P.</u> 26(c).  Defendants have served a total of

14  65 numbered interrogatories to date, many of which are compound; the actual

15  number of interrogatories served is far in excess of Defendants' allotted 75

16  interrogatories.[22]   Accordingly, Mattel is entitled to a protective order, comparable

17  to the one previously obtained by MGA, providing that MGA should serve an

18  amended set of interrogatories within the limits set by the Court to which Mattel

19  may respond.

20  **A.   <u>Discrete Subparts Of An Interrogatory Count As Separate</u>**

21  **<u>Interrogatories</u>**

22  Pursuant to <u>Fed. R. Civ. P.</u> 33(a), "discrete subparts" of an

23  interrogatory are to be counted as separate interrogatories for purposes of the limits

24  on the number of interrogatories a party may serve.

25

26  _____

27  [21]  June 26 Searcy Letter at 1, Searcy Dec., Exh. 28.

28  [22]  <u>See</u> Defendants' Interrogatories, Searcy Dec., Exhs. 3-7, 18.

1    The prior Discovery Master analyzed this rule of law in detail in 2007.

2 MGA had moved for a protective order in July of that year, urging that the 46

3 numbered interrogatories that Mattel had served as of that date actually counted as,

4 "conservatively, 227 separate interrogatories."[23]   The Discovery Master rejected

5 virtually all of Defendants' specific arguments regarding how Mattel's particular

6 interrogatories should be counted, including their assertions that one interrogatory

7 asking the responding party to state facts, identify all persons with knowledge of

8 such facts, and identify all documents referring or relating to such facts was

9 compound.[24]   However, the Discovery Master adopted Defendants' argument that

10 interrogatories that addressed "discrete issues" were compound.[25]   The Discovery

11 Master ruled that a handful of Mattel's interrogatories addressed separate and

12 discrete legal theories and/or discrete factual matters, and found that Mattel's 46

13 numbered interrogatories actually totaled more than 60.[26]

14    The Discovery Master explained his holding with reference to the

15 specific interrogatories that had been served by Mattel.  Thus, the Discovery Master

16 ruled that the following interrogatory constituted four separate interrogatories

17 because it was "directed to four separate and discrete defense theories:"

18         State all facts that support YOUR contention, if YOU so

19         contend, that one or more of MATTEL'S claims against

20         YOU in THIS ACTION is barred, in whole or in part, by

21         the doctrines of unclean hands, estoppel, waiver or

22         consent, and IDENTIFY all PERSONS with knowledge of

---

[23]   See Joint Motion at 3:17-19, 5:19-21, Searcy Dec., Exh. 30.
[24]   See Sep. 2007 Order at 7:1-9, Searcy Dec., Exh. 29.
[25]   Id. at 7:11-12, 9:4-8.
[26]   Id. at 7:10-9:10.

1  such facts and all DOCUMENTS that REFER OR
2  RELATE TO such facts.[27]

3  Similarly, the Discovery Master ruled that the following interrogatory consisted of

4  six discrete subparts -- three different legal contentions and two different factual

5  allegations – and thus equaled six interrogatories:

6  State all facts that support YOUR contention, if YOU so
7  contend, that YOU did not intentionally interfere with the
8  INVENTIONS AGREEMENT or any other agreement or
9  contract between MATTEL and BRYANT, or aid or abet
10  any breach of fiduciary duty or duty of loyalty owed by
11  BRYANT to MATTEL, when BRYANT purported to
12  TRANSFER and MGA purported to ACQUIRE rights to
13  BRATZ or when BRYANT performed work or services
14  with or for MGA while BRYANT was employed by
15  MATTEL, and IDENTIFY all PERSONS with knowledge
16  of such facts and all DOCUMENTS that REFER OR
17  RELATE TO such facts.[28]

18  Because Mattel had, under these standards, exceeded the 50

19  interrogatory limit, the Discovery Master granted Defendants' motion for protective

20  order and required Mattel to serve an amended set of interrogatories pursuant to his

21  ruling.[29]

22  The rule that interrogatories that address separate and discrete legal

23  theories and/or separate and discrete factual matters count as multiple interrogatories

24  applies now.  This has been the rule in this case since MGA successfully urged it

25  _____

26  [27]  Id. at 7:12-8:2.
27  [28]  Id. at 8:3-15.
    [29]  Id. at 7:10-9:2.
28

8
**EXHIBIT 13 - Page 624**
MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1    two years.  MGA obtained the benefits of the rule applied by the prior Discovery

2    Master, which it advocated; it cannot now distance itself from that rule.[30]

3         **B.    Defendants' Interrogatories Are Compound**

4              Applying the prior Discovery Master's ruling to the Interrogatories

5    served by Defendants, it is immediately apparent that many of the interrogatories are

6    compound.  To take some examples:

7         •    **Bryant Interrogatory No. 6:**  "State all facts supporting YOUR

8              claim that YOU have been damaged by any act or omission of

9              Bryant."[31]

10             This Interrogatory, to which Mattel has responded, purports to require

11   Mattel to provide all facts supporting damages for each of its 10 discrete claims

12   against Bryant.

13

14

15   [30]   To allow MGA to now argue otherwise, after receiving the benefit of the
     prior ruling it demanded, would be inequitable and inconsistent with the principles
16   of judicial estoppel.  "Judicial estoppel is an equitable doctrine that precludes a party
     from gaining an advantage by asserting one position, and then later seeking an
17   advantage by taking a clearly inconsistent position."  Hamilton v. State Farm Fire &
18   Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).  The doctrine is invoked "not only to
     prevent a party from gaining an advantage by taking inconsistent positions, but also
19   because of 'general considerations of the orderly administration of justice and
     regard for the dignity of judicial proceedings,' and to 'protect against a litigant
20   playing fast and loose with the courts.'"  Id. (quoting Russell v. Rolfs, 893 F.2d
21   1033, 1037 (9th Cir. 1990)).  Judicial estoppel can apply to inconsistent positions of
     law or fact.  See Helfand v. Gerson, 105 F.3d 530, 534-536 (9th Cir. 1997) ("The
22   integrity of the judicial process is threatened when a litigant is permitted to gain an
     advantage by the manipulative assertion of inconsistent positions, factual or legal.")
23   Judicial estoppel can also apply within the continuing progress of a single action.
24   See Pegram v. Herdrich, 530 U.S. 211, 228 n. 8 (2000) ("Judicial estoppel generally
     prevents a party from prevailing in one phase of a case on an argument and then
25   relying on a contradictory argument to prevail in another phase.").
26
     [31]   See Interrogatory No. 6 to Defendants First Set of Interrogatories, Searcy
27   Dec., Exh. 3.
28

EXHIBIT 13 - Page 525

9

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

- **MGA Interrogatory No. 1:** "State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU have suffered harm as a result of any act or omission of MGA."[32]

Similarly, this interrogatory, to which Mattel has responded, purports to require Mattel to disclose all facts supporting damages for each of Mattel's 15 claims against MGA in Mattel's Complaint in Case No. 04-9049 and in Mattel's Third Amended Answer in Case No. 05-2727 (namely, Mattel's claims for unjust enrichment, copyright infringement, violation of RICO, conspiracy to violate RICO, misappropriation of trade secrets, breach of contract, intentional interference with contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of duty of loyalty, aiding and abetting breach of duty of loyalty, conversion, unfair competition, avoidance of intentional and constructive fraudulent transfers under Uniform Fraudulent Transfers Act, and declaratory relief).   Each of these claims has distinct elements that Mattel must prove.

In addition, many of these claims involve, within them, a variety of factual allegations and sub-theories.   For instance, Mattel's misappropriation of trade secret claims is based on individual thefts across multiple countries involving at least eight different former Mattel employees.[33]   Thus, counting Interrogatory No. 1 as only 15 interrogatories truly is "conservative."   Mattel has supplemented its

---

[32]   MGA's First Set of Interrogatories at Interrogatory No. 1, Searcy Dec., Exh. 5.

[33]   See Mattel, Inc.'s [Public Redacted] Third Amended Answer, dated May 22, 2009, at ¶¶ 28-98, 156-165, Docket No. 5597.

**EXHIBIT 13 - Page 526**

10

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

response to this interrogatory multiple times; its most recent supplemental response exceeds one hundred pages.[34]

- **Interrogatory No. 3:** "State, with particularity, the nature, amount, cause and calculation of every item of YOUR alleged damages, including, without limitation, general, actual and statutory damages, restitution, disgorgement of unlawful profits, lost profits, lost payments, lost revenues, lost monies, lost royalties or license fees, reputational harm, lost relationships, lost business opportunities, interest, attorneys' fees, costs, expenses, and any other form of injury or damage or quantifiable remedy that YOU seek to recover in this lawsuit."[35]

Interrogatory No. 3, to which Mattel has responded, is in actuality at least ten interrogatories. It purports to require Mattel to provide facts relating to at least ten unique, enumerated damage theories -- actual; statutory; restitution; disgorgement; lost profits; reputational harm; lost relationships/business; interest; attorneys' fees; and costs/expenses. Counting Interrogatory No. 3 as ten interrogatories is also conservative in that this approach groups some of the different damages theories and does not count separately each of the dozen plus unique claims Mattel must apply when considering damages.

- **Interrogatory No. 4:** "State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if

---

[34] <u>See</u> Mattel's Second Supplemental Responses to MGA's First Set of Interrogatories at Second Supplemental Response To Interrogatory No. 1, Hauler Dec., Exh. 1.

[35] MGA's First Set of Interrogatories at Interrogatory No. 3, Searcy Dec., Exh. 5.

**EXHIBIT 13 - Page 527**

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1  YOU so contend, that YOU are entitled to exemplary damages,

2  attorneys' fees and costs."[36]

3  Interrogatory No. 4, to which Mattel responded, is in actuality at least

4  three interrogatories in that it requires Mattel to provide facts relating to at least

5  three wholly distinct items -- exemplary damages, attorneys' fees and costs.

6  • **Interrogatory No. 18:** "STATE THE COMPLETE FACTUAL

7  BASIS FOR YOUR CONTENTION that any of the fashions

8  and/or accessories for the BRATZ line of dolls sold by MGA

9  violate or infringe any of MATTEL'S intellectual property and/or

10  proprietary rights."[37]

11  Interrogatory No. 18, to which Mattel responded, is at least two

12  different interrogatories because it addresses two distinct fact patterns -- whether

13  any Bratz fashions violate or infringe any of Mattel's intellectual property and/or

14  proprietary rights and whether any Bratz accessories do so.   Fashions are the

15  clothing that a fashion doll wears; accessories include items such as toy cars or toy

16  houses.  They are discrete factual items that count as discrete subparts.

17  • **Interrogatory No. 28:**  "Describe in detail the complete factual

18  basis for YOUR COUNTERCLAIMS including, without

19  limitation all facts, DOCUMENTS, and witnesses that REFER

20  OR RELATE TO YOUR COUNTERCLAIMS."[38]

21  • **Interrogatory No. 29:**  "Describe in detail any estimate or

22  calculation of damage, loss, injury, or unjust enrichment, by

23  reason   of   any   act   or   omission   alleged   in   YOUR

24

25  [36]  MGA's First Set of Interrogatories at Interrogatory No. 4, Searcy Dec., Exh.
5.

26  [37]  MGA's Second Set of Interrogatories at Interrogatory No. 18, Searcy Dec.,
Exh. 6.

27  [38]  Id. at Interrogatory No. 28.

28

1
2
3
4

COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation."[39]

5   Each of Interrogatory Nos. 28 and 29 is in actuality 14 interrogatories
6   because each requires Mattel to address 14 distinct legal theories -- its 14
7   counterclaims.  Counting each of these interrogatories as only 14 interrogatories is
8   again a conservative approach because, as noted with respect to Interrogatory No. 1,
9   within each of Mattel's counterclaims live separate legal theories and factual
10  allegations that arguably should also count as individual interrogatories under the
11  Discovery Master's analysis, promoted by MGA, in the September 2007 Order.  To
12  date, Mattel has substantively responded to Interrogatory No. 29, and plans to
13  substantively respond to Interrogatory No. 28 pursuant to MGA's recent demands.

14  ### C.   MGA Has Exceeded Its Allotted Interrogatories

15  Accordingly, based on the counting approach that MGA itself has
16  urged, the conclusion that MGA has exceeded its allotted interrogatories is
17  unavoidable.  Based on the Court's Scheduling Order and the February 11 hearing,
18  Defendants were allotted 75 Interrogatories total.  Counting only the interrogatories
19  Mattel has answered to date, Mattel has provided substantive answers to 32
20  numbered interrogatories, which are in actuality at least 80 interrogatories.[40]   In

21

22  [39]  Id. at Interrogatory No. 29.
23  [40]  See Mattel's Responses and Supplemental Responses, Hauler Dec., Exhs. 1-
5, Searcy Dec., Exhs. 10-13.  Mattel has answered 17 numbered interrogatories
24  served by Bryant, including No. 6, which counts as at least 10 separate
interrogatories; thus, these 17 numbered interrogatories actually equal at least 26
25  interrogatories.  See Mattel's Responses and Supplemental Responses to Bryant's
26  First and Second sets of interrogatories, Hauler Dec., Exhs. 4 & 5, Searcy Dec.,
Exhs. 10 & 11.  Mattel has answered 15 numbered interrogatories served by MGA,
27  including Nos. 1, 3, 4, 18 and 29, which count as 15, 10, 3, 2 and 14, respectively;
28    (footnote continued)

07975/2986195.4

12

EXHIBIT 13 - Page 829

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1   addition, Mattel has agreed to provide substantive answers to an additional five

2   numbered interrogatories served prior to the Phase 1 trial that Mattel previously had

3   refused to answer because they exceeded the Court's limitations; these five

4   interrogatories are equal to an additional 18 interrogatories.[41]   Thus, MGA is already

5   far in excess of its allotted 75 interrogatories, not including *any,* let alone all, of the

6   14 numbered interrogatories in its "First" Set of Phase 2 Interrogatories.

7               During the meet and confer process, the MGA Parties argued that the

8   Court gave Defendants an additional 25 interrogatories at the February 11 hearing,

9   regardless of the number Defendants had served previously.   Even if that were

10  correct, the MGA Parties are still in excess of the limit.   After that hearing, MGA

11  requested, and Mattel agreed, to supplement its responses to six interrogatories,

12  including five to which Mattel had previously served only objections.   These five

13  equal at least 18 actual interrogatories.[42]   Therefore, even under MGA's theory the

14  nominally 14 "Phase 2" interrogatories served by MGA exceed the 25

15  interrogatories MGA was allotted for Phase 2; MGA is now demanding answers to

16  at least 32 separate and distinct interrogatories that have never been answered

17  before.   At a minimum, the Discovery Master should compel the MGA Parties to

18

19  _____

20  thus these 15 numbered interrogatories actually constitute at least 54 actual
    interrogatories.  See Mattel's Responses and Supplemental Responses to MGA's
21  Sets of Interrogatories, Hauler Dec., Exhs. 1-3, Searcy Dec., Exhs. 12 & 13.

22  [41]   See April 16, 2009 letter, Searcy Dec., Exh. 17; see also MGA's Second Set
    of Interrogatories at Interrogatory Nos. 20, 21, 22, 23, 28 and 29, Searcy Dec., Exh.
23  6.  Mattel substantively answered Interrogatory No. 29 -- one of the compound
24  interrogatories -- prior to the Phase 1 trial.  However, Interrogatory No. 28 which is
    one of the five numbered interrogatories that Mattel has agreed to answer since the
25  discovery stay lifted in January, and which had not previously been answered,
26  constitutes 14 separate interrogatories, as discussed.  Therefore, those five numbered
    interrogatories actually equal at least 18 interrogatories.
27  [42]   See fn. 41.

28

EXHIBIT 13 - Page 530

14

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER

1   identify which seven, of the fourteen "Phase 2" interrogatories they have served,

2   they would like Mattel to respond to.

3   **II.    MATTEL WILL BE UNDULY BURDENED IF IT IS REQUIRED TO**

4   **ANSWER THE INTERROGATORIES AND REQUESTS IN**

5   **QUESTION**

6           Mattel already has served more than a thousand pages of responses to

7   MGA interrogatories served to date.[43]   These interrogatories seek expansive

8   information regarding Mattel's Phase 2 claims and damages theories.[44]  Mattel will

9   be unduly burdened if it has to answer additional interrogatories in excess of the

10  number allotted by the Court and the <u>Federal Rules</u>.   In addition, Mattel will be

11  unduly burdened if it is forced to respond to Requests for Production that are

12  inextricably intertwined with those Interrogatories, which is the case for all of the

13  Request for Production at issue in this motion – there is simply no way to comply

14  with them absent preexisting responses to the interrogatories now at issue since the

15  requests for production, by their terms, assume prior responses to the

16  interrogatories.[45]   The undue burden on Mattel caused by MGA's over-the-limits

17  discovery justifies a protective order.

18                      **Conclusion**

19          For the reasons set forth above, Mattel respectfully requests that the

20  Discovery Master issue a protective order (1) finding that the MGA Parties have

21  exceeded their allotted interrogatories; and (2) granting Mattel relief from answering

22  _____

23  [43]   <u>See</u> Mattel's Responses and Supplemental Responses, Hauler Dec., Exhs. 1-
    5, Searcy Dec., Exhs. 10-13.

24  [44]   <u>See, e.g.,</u> Interrogatory Nos. 28 and 29 of MGA's Second Set of
    Interrogatories, Searcy Dec., Exh. 6.

25  [45]   <u>See, e.g.,</u> Request for Production No. 69 of MGA's Second Set of Phase 2

26  Requests for Production ("All DOCUMENTS identified, described or referenced in

27  YOUR response to INTERROGATORY NO. 1 or containing information that YOU
    used or to which YOU referred in formulating the response."), Searcy Dec., Exh. 19.

28

1  MGA's First Set of Phase 2 Interrogatories and Request Nos. 69, 70, 71, 72, 73, 74,

2  75, 76, 80, 82, 84, 85, 90, 93, 98, 107 and 108 of MGA's Second Set of Phase 2

3  Requests for Production.

4

5  DATED:  June 29, 2009                QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
6

7                                       By /s/ Marshall M. Searcy
                                           Marshall M. Searcy
8                                          Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/2986195.4

EXHIBIT 13 - Page 532

16

MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER