1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                     EASTERN DIVISION

| | |
|---|---|
| 12 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13         Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 14     vs. | |
| 15 MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| 16         Defendant. | **MATTEL, INC.'S REPLY ISO *EX PARTE* APPLICATION FOR AN ORDER REQUIRING MGA AND O'MELVENY & MYERS LLP TO SERVE PAPERS AS REQUIRED BY THE COURT'S AUGUST 31, 2009 ORDER TO SHOW CAUSE AND FOR SANCTIONS** |
| 17 AND CONSOLIDATED ACTIONS | |

Hearing Date:  TBD
Time:          TBD
Place:         Courtroom 1

Discovery Cut-off: December 11, 2009
Pre-trial Conference: March 1, 2010
Trial Date: March 23, 2010

     Neither MGA nor OMM provide any substantive opposition to Mattel's *ex parte* seeking an Order compelling them to abide by the Order to Show Cause and serve OMM's report regarding the improper withholding of the Larian-O'Connor email.

     MGA claims that it does not have the OMM report. That excuse fails. First, as the emails from OMM and MGA's counsel show, they are collectively withholding the report from Mattel by pointing fingers at one another. OMM claims Mattel must get the report from MGA.[1] MGA claims Mattel must get the report from OMM.[2] Such bandying cannot serve as an excuse for disregarding the OSC's requirement that non-*in camera* reports be served. Mattel's submission on the OSC is due today, and its substantive ability to respond plainly should not be prejudiced by such tactics.

     Second, even crediting MGA's questionable assertion that it does not have the report in its immediate possession, MGA does not dispute that it could obtain the report if ordered to provide it. In fact, OMM's response to the *ex parte* indicates that MGA has (or at least could).[3] The law is also clear that MGA could obtain it from OMM simply by asking,[4] and MGA makes no showing otherwise.

---

[1] Declaration of Michael T. Zeller, previously filed, Exh. 2.
[2] Declaration of Annette L. Hurst, previously filed, Exh. C.
[3] OMM Opp. at 6:4-6 ("MGA is aware of the contents of O'Melveny's *in camera* submission and has the ultimate authority over its claims of confidentiality.").
[4] It is well-established in the Ninth Circuit that "control is defined as the legal right to obtain documents upon demand." In re Citric Acid Litig., 191 F.3d 1090, 1107 (9th Cir. 1999) (citing United States v. International Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989)). Thus, "the clear rule is that documents in the possession of a party's current ***or former counsel*** are deemed to be within that party's 'possession, custody and control.'" Johnson v. Askin Capital Management, L.P., 202 F.R.D. 112, 114 (S.D.N.Y. 2001) (emphasis added) (quoting MTB Bank v. Federal Armored Exp., Inc., 1998 WL 43125, at *4 (S.D.N.Y. Feb. 2, 1998), appeal dismissed, 175 F.3d 283, 287 (2d Cir. 1999) (emphasis deleted)); see also Ashman v. Solectron Corp., 2009 WL 1684725, at *5 (N.D. Cal. 2009) (same); Bifferato v. States Marine Corp. of Del., 11 F.R.D. 44 (S.D.N.Y. 1951) ("Possession by an attorney or a third party of the document or matter required to be produced cannot be used as a means of avoiding compliance with a direction for its production."); William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, Rutter Group Practice Guide: Federal Civil
   (footnote continued)

For its part, after having said previously that it has no opposition to the *ex parte* and indeed insisting that Mattel seek Court relief, OMM's opposition contradicts MGA's suggestions that the report is not within its control.[5]  More importantly, OMM does not justify the propriety of any *in camera* designation, even assuming such a designation has ever been made.[6]  It instead purports to leave the task of defending the substantive merits of withholding the report to MGA.  Despite knowing the contents of the report as OMM confirms, however, MGA nowhere justifies the report as being properly submitted or maintained *in camera*.  It therefore should be compelled in its entirety.

Furthermore, even if an *in camera* submission were justified (and no such showing has been made), both MGA and OMM are wholly silent as to why no report in any form, such as a redacted version, has been served.   Not all of the report and any accompanying materials could warrant *in camera* treatment.  Only the content of attorney-client communications and work product are protected. The identity of lawyers, the identity of other participants to communications, dates and other non-privileged matter cannot properly be withheld.  Although Mattel also requested that, at

---

Procedure Before Trial ¶ 11:1935 ("A party must produce documents in the possession of its present or former counsel.") (emphasis deleted).

[5]  OMM Opp. at 6:4-6 ("MGA is aware of the contents of O'Melveny's *in camera* submission and has the ultimate authority over its claims of confidentiality.").

[6]  OMM spends much of its opposition engaging in revisionist history.  As shown on the face of the notice of manual filing and the email exchanges with Mattel's counsel prior to the filing of the *ex parte*, OMM did not say the report was filed *in camera*.  Indeed, the notice of manual filing says nothing about an *in camera* submission.  OMM's responses in the emails can only be described as obscure at best and then demanded the cessation of all further efforts by Mattel to clarify the matter.  And, OMM made clear that it cut off all further efforts to clarify the situation by deeming further questions by Mattel to be "harassing" and insisting that Mattel seek Court intervention. Nor, either in those emails or in its opposition, does OMM provide any justification for such a designation.

a minimum, it receive a redacted version of the report, its requests on that score went unanswered.

To avoid further bandying and delay and so that Mattel may fairly make an informed submission to the Court in connection with the OSC, both OMM and MGA should be ordered to immediately serve Mattel with the OMM report.[7]

DATED: September 18, 2009      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.

---

[7] MGA's request for sanctions is substantively and procedurally frivolous. Mattel indisputably has not been served with the OMM report, notwithstanding the Court's OSC. OMM has offered no opposition to this *ex parte*. MGA's sole excuse fails as a matter of law and cannot account for its failure to serve the report (since it could obtain the report by just asking OMM to provide it) as shown above. Furthermore, the supposed basis of MGA's sanctions request is Rule 11, but MGA's resort to that Rule is not only without merit but itself an improper abuse since MGA has served no safe habor motion or made its request by separate motion as Rule 11 requires by its terms. E.g., Fed. R. Civ. P. 11(c)(1)(A) (requiring "[a] motion for sanctions under this rule shall be made separately from other motions...."); True Value Co. v. Ste. Lucie Rentals, Inc., 2005 WL 2848342, at *2 (N.D. Ill. Oct. 27, 2005) (disregarding as "improper" accusations of Rule 11 violations where requirements for Rule not followed); Estate of Keys v. Union Planters Bank, N.A., 578 F.Supp.2d 629, 638 (S.D. N.Y. 2008) (same).