1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                          EASTERN DIVISION

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx)
13 | Plaintiff, | Consolidated with
   |   | Case No. CV 04-09059
14 | vs. | Case No. CV 05-02727
15 | MATTEL, INC., a Delaware corporation, | **[BEFORE THE MONITOR PER COURT ORDER]**
16 | Defendant. |
17 |   | **MATTEL INC.'S RESPONSE BRIEF TO THE MONITOR REGARDING ACCOUNTING ISSUES**
18 | AND CONSOLIDATED ACTIONS |
19 |   |
20 | **PUBLIC REDACTED VERSION** |
21 |   |
22 |   | Discovery Cut-off: December 11, 2009
   |   | Pre-trial Conference: March 1, 2010
   |   | Trial Date: March 23, 2010

00505.07975/3106236.1

### Preliminary Statement

MGA's brief is largely dedicated to attacking Judge Larson's Orders as "arbitrary", "impossible", "neither fair nor reasonable", and "mak[ing] absolutely no sense." This is not the forum for reconsideration of the District Court's Orders that MGA provide its accountings on a monthly accrual basis and that MGA bear the Temporary Receivership costs in the first instance.

Meanwhile, even though it is in sole possession of the information, MGA effectively leaves the Monitor's questions unanswered. The Monitor directed MGA to explain in detail, 1) "*any* allocation of income or expense [that] was used to prepare the June 2009 accounting," including "the method and basis" for any such allocations, and 2) whether MGA deducted attorney's fees or other costs associated "with *any* litigation." MGA's brief answers neither.

As to the first, MGA states that it is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[1] However, MGA provides no documentation supporting its calculations, nor any information at all concerning other allocations of income or expenses, as the Monitor requested. Nor does MGA have a meaningful response to Mattel's evidence that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. To the contrary, MGA largely concedes the point, but instead posits theoretical arguments about the fungibility of money and claims it would be impossible to trace where the dollars went. Not only has MGA adduced no evidence to support its assertion, but it inadvertently admits that no deduction is appropriate since MGA

---

[1] MGA Entertainment, Inc.'s Amended Opening Submission to the Monitor Regarding Accounting of Interest on Wachovia/Omni 808 Loan, dated Sept. 11, 2009 ("MGA's Amended Submission II"), at unnumbered page 5.

concedes that it has not tied these claimed costs to "the production of [Bratz-related] products" as required under the Court's Order for deductions.

As to the second issue, MGA evades the Monitor's inquiry as to whether MGA deducted *any* litigation costs. Instead, MGA states that it has not deducted attorney's fees related to *this* litigation. And again, MGA provides no documentation to support its assertions.

### Argument

### I. MGA'S BRIEF IMPROPERLY SEEKS RECONSIDERATION OF MULTIPLE COURT ORDERS

#### A. The Court's Repeated Orders that MGA Provide Accountings on a Monthly Basis Cannot Be Overruled Here

The Court's Order establishing a monthly accrual accounting could not have been clearer. The Monitor is directed to "collect from MGA, *on a monthly basis*, the amount of net profits derived by MGA from exploitation of the Bratz Assets *during the preceding month* . . . ."[2] MGA previously sought to relitigate this requirement, but the Court rejected the exact arguments MGA makes here and again ordered that the accounting be conducted "'*on a monthly basis*.'"[3]

Even now, MGA admits that monthly accrual accountings are "required by the Court."[4] Although it spends the first nine pages of its brief disparaging both the Court and its Orders -- including by claiming that they "make[] absolutely no sense"[5] -- MGA does not urge that any new law or facts justify yet another round of reconsideration of the Court's Orders and, indeed, does not even appear to request that

---

[2] May 21, 2009 Order at 11 (emphasis added), Declaration of Scott L. Watson in Support of Mattel's Submission to the Monitor Regarding Accounting Issues, dated August 31, 2009 ("Watson Decl."), at Exh. 4.

[3] Order Regarding Monitor Reports, dated August 6, 2009, at 2 (emphasis added), Watson Decl., Exh. 8.

[4] MGA Parties' Amended Opening Submission to the Monitor Regarding Accounting Issues, filed Sept. 11, 2009 ("MGA's Amended Submission I"), at 8.

[5] MGA's Amended Submission I, at 9.

1  the Monitor alter this obligation. At this time the Court's Orders requiring monthly
2  accrual accountings remain undisturbed, and MGA must abide by them.

### B. The Court's Repeated Orders that MGA Will Bear the Costs of the Receivership in the First Instance Cannot be Overruled Here

The Court has ruled at least three times that MGA is to initially bear the Receivership costs—in its April 27, 2009 Order,[6] again at the May 18, 2009 hearing,[7] and once again on July 9, 2009.[8] MGA's refusal to accept these Orders does not make them any less binding. Nonetheless, MGA again re-hashes arguments already rejected by Judge Larson,[9] asserting that the Temporary Receiver, who was appointed as a result of MGA's and Larian's corporate looting and violations of Court orders, should be paid for by Mattel.[10] Regardless of whether Mattel or Bratz received any "benefit" of the Temporary Receivership, the Court has explicitly ordered that those costs are to be borne by MGA.

MGA alternatively argues that deducting the Temporary Receiver costs from Mattel's profits escrow is not actually cost-shifting. Yet MGA's proposed alternative is not to escrow the Temporary Receiver costs, and only add them later if the

---

[6] See April 27 Order at 24, ¶ 10(f) (costs of receivership provided by MGA assets under receivership), Watson Decl., Exh. 1.

[7] May 18 Hearing Tr. at 80:6 (Watson Decl., Exh. 2); see also id. at 56:2-4 ("With respect to the temporary receiver and Mr. Fraioli, I impose those costs on MGA. As far as the monitor, I will probably impose those costs on Mattel."); May 21 Order at 13 (imposing monitor costs on Mattel in the first instance), Watson Decl., Exh. 4.

[8] July 9, 2009 Order at 2, Watson Decl., Exh. 3.

[9] MGA Parties' Memorandum of Points and Authorities in Opposition to Ex Parte Motion of Temporary Receiver for Order (1) Approving Final Accounting and Report; (2) Approving Final Compensation to Temporary Receiver and Professionals; (3) Discharging Receiver, dated June 26, 2009, Watson Decl., Exh. 6.

[10] MGA's Amended Submission I, at 9-11.

Court reaffirms its ruling that MGA is to bear those costs.[11] This is backwards. MGA seeks to impose the costs on Mattel unless and until the Court orders – *again* – that MGA is to bear those costs, at which time MGA says it will *then* pay those amounts to Mattel. That is the very definition of cost-shifting. MGA's deduction of the Temporary Receivership costs from profits escrowed for Mattel is a violation of the Court's repeated Orders that MGA, not Mattel, should bear these costs until further Court order.

The deduction violates the Court's Orders in another respect. MGA cannot dispute that the Court has ordered monthly accrual accounting, that monthly accrual accounting requires accrual of costs during the month in which the services were provided,[12] nor that nearly all the receivership costs were incurred and paid in April and May of 2009.[13] That the costs were subject to potential future modification by the Court does not change the Court's Orders or the principles of accrual accounting.[14] Thus, even if MGA's other arguments are credited, deduction of the Temporary Receiver costs in June was improper because the costs were not incurred in June and should be rejected for this reason alone.

---

[11] MGA Amended Opening Brief I, at 11. MGA also claims that not deducting the Temporary Receiver costs from Mattel's profits escrow "amounts to paying twice." Id. That is nonsense. MGA has paid those fees once. Deducting them from Mattel's profits amounts to MGA *reimbursing* itself for those costs. Not deducting them means MGA has paid for them, once and only once.

[12] Declaration of Michael J. Wagner in Support of Mattel's Submission to the Monitor Regarding Accounting Issues, dated August 31, 2009 ("Wagner Decl."), ¶ 6.

[13] Ex Parte Motion of Temporary Receiver for Order (1) Approving Final Account and Report; (2) Approving Final Compensation to Temporary Receiver and Professionals; (3) Discharging Receiver; Receivers Final Account and Report; Declaration of Patrick A. Fraioli, Jr., dated June 19, 2009 ("Final Account"), at 7, Watson Decl., Exh. 9.

[14] MGA Amended Opening Brief I, at 12.

## II. THE ▮▮▮ SHOULD NOT BE DEDUCTED

Mattel's opening submission and the supporting Declaration of Michael Wagner explained in detail that ▮▮▮. As also discussed in the Wagner Declaration, ▮▮▮. Rather, ▮▮▮. Indeed, the ▮▮▮.[15]

MGA asks the Monitor to ignore the reality of ▮▮▮ and spins out hypotheticals that treat the loan as fungible dollars that went into MGA's working capital. But this is unsupported conjecture that is contradicted by the available evidence. Even MGA admits that ▮▮▮.[16]

Moreover, MGA's use of ▮▮▮ as a basis for its allocation is inconsistent with the Court's Order that accounting occur on a monthly basis.[17] Ignoring the Monitor's instruction to provide detailed explanations, MGA offers no reason for ▮▮▮.[18] And, as discussed in Mattel's opening brief, that not only is inconsistent with the Court's Order, but is not even an appropriate comparison for calculating ▮▮▮.[19] Finally, as far as Mattel can ascertain,

---

[15] Wagner Decl., at ¶ 10, n.12, n.17.
[16] MGA Amended Submission II, at unnumbered pages 4-5.
[17] Id.
[18] MGA Amended Submission II, at unnumbered page 5.
[19] Wagner Decl., ¶¶ 15-17.

1 | MGA has not established ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

### III. APPORTIONMENT OF DAMAGES IS A QUESTION FOR THE TRIER OF FACT

MGA argues that the Court has made it "repeatedly and abundantly clear" that the Monitor should make an apportionment determination, citing the Court's Order that the Monitor should address "accounting-related issues."[20] Yet MGA does not and cannot dispute that the apportionment determination goes far beyond an accounting matter; and it admits that it would require determination of "what proportion of the profits from [Bratz] products is attributable to Mattel's intellectual property."[21] As the cases cited by Mattel demonstrate, that inquiry necessarily involves nuanced questions of copyright infringement. Nothing in the Court's Orders directs this issue of equitable determination to the Monitor.

More fundamentally, any attempt at apportionment here would be a plain violation of Judge Larson's clear orders that *all* profits are to be escrowed. As with its Order that MGA bear *all* the Temporary Receiver costs in the interim, the Court has ordered that *all* Bratz profits are to be placed in escrow. Unless the Court alters that ruling, MGA must continue to turn over to the Monitor all such profits.[22]

---

[20] MGA Amended Submission I, at 15.
[21] MGA's Opening Brief I, at 14. MGA also cites a series of cases in which apportionment issues have been decided by Court-appointed special masters, but these cases miss the point: the Court here has *not* appointed a special master to address the apportionment question.
[22] MGA also purports to reserve ostensible rights to change its accounting calculations and escrowed amounts at will, both in prior months and going forward. This is impermissible. The Monitor should order MGA to fully respond to the questions raised in the Monitor's September 4, 2009 letter.

1 | | QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
2 DATED: September 18, 2009

4 | | By /s/ Michael T. Zeller
Michael T. Zeller
5 | | Attorneys for Mattel, Inc.