MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
| Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation, | **STATUS REPORT PURSUANT TO COURT'S AUGUST 31, 2009 ORDER** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | Date:          September 22, 2009<br>Time:          10:00 a.m.<br>Courtroom:  Courtroom 1<br>Judge:        Hon. Stephen G. Larson |

The MGA Parties hereby submit the following Status Report in response to the Court's August 31, 2009 Order.

## I.   MGA PARTIES' POSITION RE STAY.

The Court should stay (a) all further Phase 2 proceedings, as well as (b) its recall order issued after Phase 1.

*Phase 2 Proceedings.*     MGA's appeal is before the Ninth Circuit on an expedited calendar, and should MGA obtain a reversal, it will fundamentally affect how this case proceeds.  At least one issue presented to the Ninth Circuit (the Inventions Agreement contract interpretation issue) could result in a complete reversal that would preclude any further litigation on the copyright issues, several of the tort issues, and would completely eliminate the core predicate act of Mattel's RICO claims.  Even a partial reversal on that or other issues, including the state law or copyright infringement claims, would plainly require a retrial and again may substantially vitiate RICO predicate acts.  MGA should not be forced to spend millions of dollars for discovery and trial on claims that may be vitiated in whole or in part by the pending appeal.  Merely staying trial is insufficient to address these concerns—in fact, it is the worst of all possible worlds.  In such a case MGA has to spend all of the money on what is likely to be unnecessary discovery, but cannot proceed to actually rid itself of the claims.  And, since Mattel has already requested an extension of eight months, it can hardly complain if the case is stayed through resolution of an expedited appeal.

*Recall Order*.     Despite its earlier representations to the Court, it is now apparent that Mattel has absolutely no plan to market BRATZ in Spring 2010.  Instead, Mattel's goal is to clear the market for sales of BARBIE.  In the meantime, the recall is going to cost MGA millions of dollars to implement and eliminate a competitor that may, upon appellate review, have every right to be in the market.  Because a recall cannot happen overnight, even now MGA will embark on spending tens or hundreds of thousands of dollars in recall planning and to ensure

that the recall takes place as presently ordered.  With the pending appeal and no BRATZ product line in the works from Mattel, MGA should not be forced to expend these funds.  The recall will destroy whatever remaining brand equity remains in BRATZ.  Since Mattel has no plan to market BRATZ and its interest in the BRATZ intellectual property cannot possibly suffer any harm as a result of MGA's sellout of existing inventory, and because the recall will harm MGA and the BRATZ brand, the recall order should be stayed.

## II.   BIFURCATION

### A.   The Proposed FAAC.

On August 17, 2009, Mattel filed a motion for leave to file a Fourth Amended Answer and Counterclaims ("FAAC")  Dkt #  6311.  The proposed FAAC purports to (a) add an entire new RICO racketeering enterprise, (b) add four new counter-defendants, (c) add ten new purported conspirators, (d) add the IGWT entities to the Copyright Infringement claim *even though that claim has already been tried*, (e) change the racketeering theories to include the trade secret misappropriation theories for the first time, (f) add Bratz inventory to the conversion claim *which has already been tried*, (g) add counter-defendants to the Uniform Fraudulent Transfer Act whom Mattel previously denied were necessary parties, (h) add numerous new broad agency and aiding and abetting allegations, and (i) add an entirely new claim purporting to state a theory of "Breach of Constructive Trust."  *See* Dkt # 6311-2 (Proctor Decl. Ex. 58).

*New Parties.*  Mattel seeks to add Omni 808 (FAAC ¶ 16), IGWT Group (*id.* ¶ 17), IGWT 826 (*id.* ¶ 18), and Neil Kadisha  (*id.* ¶ 19), as new counter-defendants.  Mattel also apparently seeks to add new Doe defendants to the Thirteenth, Fourteenth and Fifteenth Counterclaims.

*New Purported Conspirators or Aiders & Abettors*.  Mattel adds at least ten new purported conspirators.  *Id.* ¶ 23.  This is apparently done in an effort to expand the scope of discovery so that discovery can be conducted of each and every

one of these new conspirators, even though there are no allegations linking them to the claims.

**RICO.**  This is Mattel's *fourth* version of its RICO case against MGA.[1] Mattel now proposes to "clarify" its existing RICO theory by adding a *fourth* enterprise, ¶ 141, a *fourth* conspiracy, ¶¶ 155-58, 160, *four* more counter-defendants, ¶¶ 16-19, 23, 143-45, 147, 151, and *ten* more persons or entities allegedly "employed by and associated-in-fact" with racketeering enterprises. ¶¶ 23, 143-45, 147, 151.  The RICO and RICO conspiracy claims of the FAAC encompass one hundred and sixty-three (163) paragraphs of allegations across sixty-two (62) pages.  Absent from the RICO allegations are any allegations explaining the predicate acts that 20 of the 38 alleged racketeers allegedly committed or conspired to commit.  Absent are allegations that spell out which alleged racketeer belongs to which enterprise.  Absent are allegations that distinguish the enterprises from each other or explain what each enterprise is alleged to have done distinct from the other.  Nor is there any plain statement of how the new unspecified financial transactions – or the new co-defendants – proximately caused Mattel any concrete harm to its business or property, as required by 18 U.S.C. § 1964(c).

**New Claim for Breach of Constructive Trust.**  In the new purported Fourteenth Counterclaim, Mattel alleges a claim for "breach of constructive trust" against Larian, MGA and Does.  But case law establishes that there is no such thing as a claim for breach of constructive trust.

MGA filed its opposition to the motion for leave to amend on September 17, 2009. As set forth in MGA's opposition, material aspects of the new proposed

---

[1] Mattel first pleaded one enterprise, one conspiracy and five predicate acts against six counter-defendants in its Amended Answer and Counterclaims filed on January 12, 2007.  On July 12, 2007, Mattel filed its Second Amended Answer and Counterclaim, which added a second RICO enterprise and second RICO conspiracy.  On May 21, 2009, Mattel's Third Amended Answer and Counterclaim ("TAAC") added a third enterprise, a third conspiracy, and four new predicate acts.

FAAC were known to Mattel at the time of its last pleading and have been unduly delayed. The amendment will cause prejudice to MGA because it will necessitate a delay in the schedule and broaden a case that should have been long since completed. The FAAC reflects bad faith by Mattel because the "information and belief" RICO allegations against Omni 808 and Mr. Kadisha contravene all of the evidence that has been adduced and would violate Rule 11. The new RICO amendments are futile because they violate the short and plain statement requirement of Federal Rule of Civil Procedure 8—the multiplicity of alleged racketeers, "groups," enterprises, conspiracies, and aiders and abettors is incomprehensible. And, finally, the proposed new "breach of constructive trust" counterclaim is futile because it is patently defective—there is no such thing.

## B.   Position re Bifurcation

At the August 31, 2009 hearing, the Court suggested that bifurcation might be an answer in light of Mattel seeking to inject the Wachovia debt acquisition further into the case and seeking an extension of deadlines. MGA made clear at the hearing that it opposes bifurcation, and it continues to do so. Bifurcation is not a proper remedy for Mattel's motion for leave to amend, which should simply be denied. Bifurcation exaggerates the expense and complexity of the case, and makes the situation worse not better.

Even if the motion for leave to amend is granted and Phase 2 is not stayed, there should be no further bifurcation. While the original bifurcation was undoubtedly intended to streamline matters, it has done anything but. Phase 1 has been tried and is on appeal. Meanwhile, Mattel has imported the Phase 1 issues— even issues it has lost, such as willful copyright infringement—into Phase 2 under the guise of its RICO claims. This has already resulted in motion practice concerning precisely what are the claims that can proceed in Phase 2. That effect will simply be repeated over and over again as long as this case is chopped up into bits. MGA therefore opposes bifurcation of any kind. If the case is reversed and

STATUS CONFERENCE STATEMENT
CV 04-9049 SGL (RNBx)

there is a retrial, all claims should be tried together.  Even if is not reversed, Phase 2 should be completed, tried, and be over with.

Finally, the MGA Parties respectfully submit that bifurcation is an issue best left to the new judge who will be handling this matter, since it plainly affects the conduct of a trial that will be handled by another judge.

## III.   DISCOVERY REPORT

Both prior to the Phase 1 trial and after, both sides conducted extensive discovery on Phase 2 issues.  Mattel had almost three years to conduct discovery on MGA's claims (April 2005 through February 2008), and more than a year to conduct discovery on Mattel's counterclaims before the imposition of that stay (January 2007 through February 2008).  Mattel also conducted extensive discovery on Phase 2 issues after the stay was lifted.  With MGA's perseverance and the Discovery Master's involvement, MGA has been able to complete significant discovery and remains confident that it will be able to complete discovery by December 11, 2009.

### A.   Discovery Conducted By Mattel

#### 1.   Documents Produced By The MGA Parties

Mattel has propounded—and MGA has responded to—thousands of separate document requests addressed to Phase 2 claims and defenses.  Since the lifting of the stay, Mattel has propounded three sets of document requests on MGA and one set on MGA Mexico and Larian, as follows:

| Mattel Requests for Production | Date Served |
|---|---|
| First Phase 2 Requests for Production to MGA | 01/07/09 |
| Second Phase 2 Requests for Production to MGA | 09/04/09 |
| Third Phase 2 Requests for Production to MGA | 9/16/09 |
| First Phase 2 Requests for Production to MGA Mexico | 04/16/09 |
| First Phase 2 Requests for Production to Larian | 01/07/09 |

1   As the Court will note, Mattel did not serve any document requests on MGA

2   between February and September, 2009 — an eight month period — and then

3   issued two sets of requests only *after* the Court denied Mattel's request to continue

4   the trial.

5         The MGA Parties have produced millions of pages of documents related to

6   Phase 2 issues.  Many of these documents were produced prior to the trial of Phase

7   1, including documents produced by MGA Mexico, MGA Canada and MGA (HK).

8   As an example, prior to the Phase 1 trial, MGA Mexico produced over 126,000

9   pages of documents on Phase 2 issues – enough to fill almost 50 boxes of

10  documents.[2]  MGA Mexico recently produced another 186,00 pages of documents

11  (78 boxes worth) in response to Mattel requests and is in the final stages of meeting

12  and conferring over the remaining requests served on MGA Mexico.  As a result,

13  Mattel already has virtually all of relevant documents sought from MGA Mexico

14  and will soon have all relevant information requested from MGA Mexico.[3]

15        Mattel's motion on its overbroad requests to MGA for further documents

16  related to the Omni and IGWT transactions was denied until such time as Mattel

17  properly meets and confers about what it really needs in light of the production that

18  has already occurred.  In fact, a review of the most recent orders issued by the

19  Discovery Master shows that the overwhelming majority of Mattel's motions have

20  either been denied, or that MGA has been ordered to produce only what MGA had

21  already agreed in meet and confers that it would produce.  Accordingly, it is

22

23

24  [2] At the hearing on August 31, 2009, Mattel referenced a Discovery Master order
    that had expressed skepticism over whether MGA Mexico had produced any
25  documents.  This was because MGA had produced the documents as part of a larger
    production that defined MGA to include all of its subsidiaries.  MGA has now
26  provided Mattel with a list *by bates number and custodian* of the over 126,000
    pages of documents produced by MGA Mexico alone.
27  [3] MGA Canada and MGA (HK) have also produced substantial volumes of
    documents.  A motion will be heard on October 1, 2009 in Canada on Mattel's
28  remaining requests for documents and depositions of MGA Canada and it will have
    its discovery completed in Canada in October, 2009.

STATUS CONFERENCE STATEMENT
CV 04-9049 SGL (RNBx)

apparent that Mattel has obtained nearly all of the documents it could reasonably be expected to obtain in connection with the Phase 2 proceedings.

### 2.   **Third Party Document Productions**

In addition to the millions of pages of documents produced by the MGA Parties, Mattel has subpoenaed and obtained documents and other discovery from at least seven third parties on Phase 2 issues since the stay was lifted.  Third parties have already produced over 150,000 pages of documents, including over 10,000 pages produced by the Omni parties related to Mattel's RICO claims, another 10,000 pages produced by Wachovia, and over 100,000 pages from the IGWT entities.

### 3.   **Depositions Taken By Mattel**

At the February 11, 2009 scheduling conference, the Court made explicit that it "placed no limits [on depositions], no restrictions, other than what is set forth in the rules of civil procedure" until trial in March 2010.  Dkt. # 6301 (Raouf Decl. Ex. B at 9).  By the time of that February 2009 conference, Mattel had already conducted fact witness depositions comprising more than seventy volumes in this case.  *Id.* (Raouf Decl. ¶4).  Mattel *concedes* that seven of those depositions concerned primarily Phase 2 issues:  MGA recruiter Schuyler Bacon on September 9, 2007; MGA President of Global Sales and Marketing Ron Brawer[4] on February 5, 2008; MGA Vice President of Customer Marketing Nick Contreras on January 28, 2008; MGA Vice President of Sales Dan Cooney on January 28, 2008; MGAE de Mexico Rule 30(b)(6) witness Susana Kuemmerle on January 28, 2009; former Mattel employee Jorge Castilla[5] on October 22, 2008; and MGAE de Mexico Marketing Director Gustavo Gomez on October 14, 2008.

---

[4] Mattel conducted what it describes as a "primarily Phase 2 deposition" of Mr. Brawer on January 5, 2008—one day after imposition of the Phase 2 discovery stay.
[5] The depositions of Messrs. Castilla and Gomez were taken as court-ordered exceptions to the February 4, 2008 stay on Phase 2 discovery.  09049 Docket #4293 (May 4, 2008 Order).

A review of the transcripts from the 70 deposition sessions also reveals that Mattel addressed Phase 2 matters with at least 20 other deponents before the Phase 2 scheduling conference—and to a significant degree in some instances.

| DEPONENT | DEPOSITION DATE | PHASE 2 MATTERS |
|---|---|---|
| Nana Ashong | 01/28/08 | Misappropriation of trade secrets ("Misappropriation") |
| Matt Bousquette | 05/17/08 | Misappropriation; RICO & Conspiracy |
| Kerri Brode | 08/15/07 | RICO |
| Ana Cabrera | 05/08/08 | RICO; Conspiracy |
| Nick Contreras | 01/28/08 | Conversion; RICO; Unfair Competition |
| Paula Garcia | 05/24/07 | RICO; Conspiracy; Unfair Competition |
| Paula Garcia | 05/25/07 | Conversion; RICO; Conspiracy; Unfair Competition |
| Kami Bryant-Gillmore | 05/08/08 | RICO; Conspiracy |
| Daphne Gronich | 05/02/08 | Misappropriation; RICO; Conspiracy |
| Rachel Harris | 02/26/08 | RICO; Conspiracy |
| Samir Khare | 09/20/07 | Conversion; RICO; Conspiracy; Unfair Competition |
| Samir Khare | 01/23/08 | Conversion; RICO; Conspiracy; Unfair Competition |
| Samir Khare | 05/14/08 | RICO; Conspiracy |
| Mitchell Kamarck | 01/28/08 | RICO; Conspiracy |
| Fred Kawashima | 06/19/07 | Conversion; Unfair Competition |
| Isaac Larian | 07/18/06 | RICO; Conspiracy; Unfair Competition |
| Farhad Larian | 05/06/08 | RICO; Conspiracy |
| David Laughton | 06/11/08 | RICO |
| Kenneth Lockhart | 06/14/07 | RICO |
| Peter Marlow | 05/02/08 | RICO; Conspiracy; Unfair Competition |
| Peter Marlow | 06/16/08 | RICO; Conspiracy; Unfair Competition |
| Veronica Marlow | 12/28/07 | RICO; Conspiracy; Unfair Competition |
| Beatriz Morales | 04/29/08 | Misappropriation; RICO; Conspiracy; Unfair Competition |
| David Rosenbaum | 01/25/08 | RICO |
| Joe Tiongco | 05/09/08 | RICO |
| Lisa Tonnu | 07/19/07 | RICO |

- 8 -

| DEPONENT | DEPOSITION DATE | PHASE 2 MATTERS |
|---|---|---|
| Lisa Tonnu | 09/24/07 | RICO |
| Lisa Tonnu | 09/25/07 | RICO |
| Lisa Tonnu | 01/17/08 | RICO |
| Lisa Tonnu | 01/24/08 | RICO |
| Anne Wang | 01/28/08 | RICO |

Dkt. # 6301 (Raouf Decl. ¶ 5).

Since the stay was lifted, Mattel has deposed an additional 3 witnesses, all related to Omni 808's purchase of MGA's debt with Wachovia.  The most notable of these was Neil Kadisha, the managing principal of Omni 808 who confirmed, contrary to Mattel's allegations, that he disclosed Omni 808's purchase of the Wachovia debt to Bob Eckert, the CEO of Mattel, at the time of the transaction.  Mattel has also deposed the lawyer representing Vision Capital and Lexington Financial.  To be scheduled include the resumed deposition of Messrs. Larian, Brawer, Edmond Lee and the deposition of Patrick Ma.

Having deposed the primary players and obtained no evidence to support its RICO claims regarding the Wachovia debt acquisition, Mattel continues to push for information from individuals three or four steps removed from this transaction, including noticing the deposition of Leon Farahnik—someone with no ties to Omni 808, but who exchanged emails with Isaac Larian at around the time of the Omni/Wachovia transaction.  This could go on forever.  Mattel has had every opportunity to conduct discovery on its claims.  The problem is not the time remaining for discovery; the problem is the lack of evidence to support Mattel's claims.

**B.    Discovery Conducted By The MGA Parties**

Despite Mattel's steadfast resistance necessitating constant motions to compel, the MGA Parties are doing their best to complete discovery by the current cut-off date.  MGA requires and expects to complete at least the following fact

1  discovery by the cutoff.

2      **Depositions.**  (1) MGA has a motion to compel pending for the deposition of

3  a Mattel witness on topics involving communications between Mattel and

4  government officials in Mexico, Canada an the United States.  That motion is

5  scheduled for hearing on September 25, 2009.  (2) MGA has filed a motion for a

6  letter request to issue for the deposition of Bird & Bird and Henry Yu in Hong

7  Kong.  As a result of taxation proceedings in the Cityworld litigation, MGA

8  recently learned that Mattel failed to disclose at least two telephone calls with

9  Cityworld's attorneys, and that the total amount of time that Mattel spent on

10  telephonic conferences with Cityworld's attorneys prior to their November 2003

11  meeting was more than one and one-half hours.  This evidence was not disclosed by

12  Mattel's 30b6 witness during Phase 1, and is directly contrary to Mr. Moore's

13  testimony at trial that the two telephone conferences they did disclose were only for

14  the purpose of arranging Mattel's trip to Hong Kong.  In all events, MGA expects

15  Mr. Yu and Bird & Bird to offer testimony and documents demonstrating that

16  Mattel's trade secret claim with respect to Bratz is time barred under the applicable

17  statute of limitations.  (3) MGA noticed the deposition of Mattel to testify on trade

18  secret issues on September 28, 2009.  (4)  MGA has subpoenaed Richard de Anda,

19  whom the Discovery Master declined to order to appear in advance of the

20  September 22 hearing.  MGA will seek his deposition testimony on Phase 2 issues

21  after the hearing.

22      MGA will also shortly be noticing depositions of at least the following

23  additional witnesses:  Bob Eckert, Brenda Raymartin, Matt Bousquette, Jill

24  Thomas, Gene Murtha, Laura Owens, the Managing Director of Mattel Mexico, the

25  Managing Director of Mattel Canada, and Mattel's 30(b)(6) witness on alleged

26  harm from MGA's purported racketeering activities.

27

28

STATUS CONFERENCE STATEMENT
CV 04-9049 SGL (RNBx)

1      **Interrogatories.**  MGA has motions pending to compel responses to three

2  sets of interrogatories that go to the heart of Mattel's RICO and trade secrets

3  claims.

4      **Document Requests.**  MGA is owed various documents from Mattel

5  resulting from orders by the Discovery Master to compel further production.  MGA

6  has also filed a motion to compel further responses to document requests seeking

7  information on MGA's claims against Mattel and MGA's affirmative defenses,

8  including its unclean hands defense.  Finally, MGA has recently propounded two

9  sets of document requests with responses due in early October 2009.

10      **C.**    **Expert Discovery**

11      The parties have stipulated to extending the date for exchange of initial

12  expert reports to November 13, 2009.

13  Dated:    September 18, 2009    ORRICK, HERRINGTON & SUTCLIFFE LLP

14

15      By:    /s/ Annette L. Hurst

16      Annette L. Hurst
    Attorneys for MGA Parties

17

18

19

20

21

22

23

24

25

26

27

28

STATUS CONFERENCE STATEMENT
CV 04-9049 SGL (RNBx)