# EXHIBIT E

**From:** Dylan Proctor <dylanproctor@quinnemanuel.com>
**To:** Hurst, Annette
**Cc:** Michael T Zeller <michaelzeller@quinnemanuel.com>; Molinski, William
**Sent:** Mon Aug 03 18:19:26 2009
**Subject:** RE: Carter Bryant v. Mattel and consolidated actions

Here is a courtesy copy. Please let me know if you still cant locate the hard copy tomorrow.


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Hurst, Annette [mailto:ahurst@orrick.com]
**Sent:** Monday, August 03, 2009 6:17 PM
**To:** Dylan Proctor
**Cc:** Michael T Zeller; Molinski, William
**Subject:** RE: Carter Bryant v. Mattel and consolidated actions

Yes, we checked our mail in both LA and SF. No one has received them.


**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Monday, August 03, 2009 6:07 PM

**To:** Hurst, Annette
**Cc:** Michael T Zeller; Molinski, William
**Subject:** RE: Carter Bryant v. Mattel and consolidated actions

They were served on Friday. Are you certain you haven't received them yet? I'll have a courtesy copy emailed to you.

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Hurst, Annette [mailto:ahurst@orrick.com]
**Sent:** Monday, August 03, 2009 6:03 PM
**To:** Dylan Proctor
**Cc:** Michael T Zeller; Molinski, William
**Subject:** Carter Bryant v. Mattel and consolidated actions

Dylan:

Mattel's "full and complete responses" to Interrogatory Nos. 20, 21, 22, 23 and 28 were due on Friday, July 31 by agreement of the parties, which agreement was into Order No. 42 of the Discovery Master. We have not received the responses. When can we expect to do so?

Thank you.

Annette Hurst



ORRICK

**ANNETTE L. HURST**
*Partner*
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
SAN FRANCISCO

*tel* (415) 773-4585
*fax* (415) 773-5759
ahurst@orrick.com

EXHIBIT E
PAGE 604

www.orrick.com

"EMF <orrick.com>" made the following annotations.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


============================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
============================================================
============================================================

# EXHIBIT F



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CALIFORNIA 90017-5855

tel +1-213-629-2020
fax +1-213-612-2499

WWW.ORRICK.COM

August 12, 2009

William A. Molinski
(213) 612-2256
wmolinski@orrick.com

*VIA E-MAIL AND U.S. MAIL*

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

Re:   Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Mr. Zeller:

I write pursuant to paragraph 5 of the Discovery Master Stipulation and Order for a meet and confer regarding Mattel's Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 re MGA Entertainment's Second Set of Interrogatories (the "Supplemental Responses"). Mattel had agreed and, in fact, was ordered to provide "complete and full responses" to those interrogatories on July 29, 2009. Mattel's responses, however, are materially deficient and incomplete, for at least the following reasons.

First, Mattel continues to assert objections to the interrogatories despite being ordered to provide complete and full responses. Please confirm that Mattel is not relying upon any of those objections in failing to provide responsive information, and if that is correct, please withdraw them and serve supplemental responses that reflect this fact. If it is not correct, please inform us immediately as to which objections Mattel has relied in connection with investigating responsive information or answering the interrogatories.

Second, in particular, we expect you to withdraw your objection and limitation that "Mattel will identify only those documents that to its knowledge have already been stolen that embody or refer or related to the trade secrets." Supp. Response 4:27-5:1. If there are documents that refer or relate to the purported trade secrets you Mattel claims were misappropriated, such documents must be produced whether or not you claim those documents were "stolen." Such documents would likely shed light, for example, on the alleged economic value of the claimed secrets, whether the claimed secrets are generally known or readily available in the industry and whether Mattel has undertaken reasonable efforts to maintain the secrecy of the alleged trade secrets contained in those documents.

Third, Mattel's purported identification of its alleged trade secrets in response to Interrogatory No. 20 is woefully inadequate under Cal. Code of Civil Proc. 2014.210 and applicable case law. MGA, however, has recently propounded additional discovery requests seeking to ferret out precisely what

OHS West:260708852.2


ORRICK

Michael T. Zeller
August 12, 2009
Page 2

are the claimed trade secrets are at issue. As a result, MGA will withhold action on this purported identification in Interrogatory No. 20 until we receive Mattel's responses to MGA's more recent requests. If MGA does not receive complete responses to those recent requests (and, in particular, to interrogatories served on Mattel by MGA de Mexico), we reserve the right to move to compel on Interrogatory No. 20, as well as Mattel's responses to those more recently served interrogatories.

Fourth, Mattel includes certain vague "catchalls" at, e.g., page 5 and 13, that do little more than recite elements of the trade secret law. These references should be removed from your responses or supplemented with facts supporting those claims.

Fifth, with respect to Interrogatory No. 21, Mattel limits its response to those with access prior to the alleged theft. The question was not limited in that manner and there is no basis to do so. In fact, the Discovery Master has expressly repudiated this limitation in his recent order concerning document requests. Given that this limitation has been repudiated by the Discovery Master at the time the answers were served, there is no excuse for interposing it again. It must be withdrawn and the interrogatory answered fully.

Sixth, with respect to Mattel's response to Interrogatory No. 22, Mattel's response is largely a regurgitation of trial testimony concerning Bryant, with allegations added about others that are, for the most part, simply repetition of the allegations in the Third Amended Answer and Counterclaim. MGA is, of course, entitled to know all facts that Mattel believes support its claims, not just those facts that Mattel believes met the pleading requirements. In the few places where Mattel purports to add new facts, it does so by "example" only. See, e.g., Supp. Responses p. 113:18-24; 117:17-25; 121:27-122:10. Indeed, in the Supplemental Responses Mattel admits that it is providing incomplete and partial responses only. Id., See also 128:7-8. MGA is entitled to all of the facts supporting Mattel's contention that MGA misappropriated trade secrets, not just examples.

Seventh, as with Mattel's description of its purported trade secrets, Mattel's responses to Interrogatory No. 23 is inadequate. Again, however, MGA has propounded more targeted requests that, hopefully, will force Mattel to provide the information MGA needs to defend itself. MGA reserves the right to compel further responses on this Interrogatory.

Lastly, Mattel designated its entire Supplemental Responses as Attorneys Eyes Only. A listing of bates numbers, names and generic descriptions of types of secrets that fail to identify any actual trade secrets, should not be designated as Attorneys Eyes Only. Moreover, the assertion that Bratz

OHS West:260708852.2


ORRICK

Michael T. Zeller
August 12, 2009
Page 3

information and dolls created by MGA are trade secrets that can be requested from MGA's review is plainly absurd. Please de-designate and designate only those specific portions, if any, that you contend actually qualify for such a designation

Very truly yours,

William A. Molinski

OHS West:260708852.2