# EXHIBIT

# J

**From:** O'Brien, Robert [mailto:obrien.robert@arentfox.com]
**Sent:** Thursday, September 03, 2009 8:24 PM
**To:** 'Michael T Zeller'; Hansen, Drew
**Cc:** Hurst, Annette; Jon Corey; Cyrus Naim; Dylan Proctor; Molinski, William
**Subject:** RE: Mattel v. MGA

Counsel,

The parties are encouraged to use good faith in the meet and confer process. Should motion practice be necessary with respect to this matter, I will review the meet and confer record and time involved in responding to discovery at that stage.

Best regards,
RCO

Robert C. O'Brien
Partner

Arent Fox LLP | Attorneys at Law
Gas Company Tower
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
213.629.7400 DIRECT | 213.629.7401 FAX
obrien.robert@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Wednesday, September 02, 2009 10:18 PM
**To:** O'Brien, Robert; Hansen, Drew
**Cc:** 'ahurst@orrick.com'; Jon Corey; Cyrus Naim; Dylan Proctor; 'wmolinski@orrick.com'
**Subject:** Re: Mattel v. MGA

Dear Mr. O'Brien, unless the Discovery Master directs otherwise, we do not intend to burden you with a refutation of MGA's counsel's arguments. Suffice it to say that we disagree and respectfully submit that these contentions provide no basis for denying Mattel the mere four business day extension it seeks, especially in light of the holiday weekend. Thank you for your consideration of this request.

**From:** Molinski, William <wmolinski@orrick.com>
**To:** Dylan Proctor; obrien.robert@arentfox.com <obrien.robert@arentfox.com>; hansen.drew@arentfox.com <hansen.drew@arentfox.com>
**Cc:** Hurst, Annette <ahurst@orrick.com>; Michael T Zeller; Jon Corey; Cyrus Naim
**Sent:** Wed Sep 02 20:10:07 2009
**Subject:** RE: Mattel v. MGA

Mr. O'Brien:

On August 12, 2009 I sent a letter to Mattel's counsel requesting a meet and confer on the sufficiency of Mattel's responses to interrogatories nos. 20-23 and 28. On August 19, the last day for meeting and conferring, I received a letter from Mr. Corey rejecting each of the reasons I provided for supplementing these responses, for which you had ordered that Mattel provide full and complete responses. Mr. Corey's letter, however, said that they would consider our position further, and, if necessary, they would supplement by September 2--two weeks later. The letter gave no indication of how, or even whether, there would be any supplementation. Nonetheless, in an effort to avoid motions practice, I awaited the response promised for September 2.

Today I received Mr. Corey's second letter saying that they would not be providing the promised response today, but would require another week to determine if any supplementation was required. Again, the letter did not indicate how, or even if, there would be supplementation. In response, I asked Mr. Corey if he would agree to meet tomorrow, when we are scheduled to meet in person, on other issues, to inform me of how they intended to supplement, or even if they would do so. Mattel refused to meet, or to explain how, when or if they might supplement these responses. It has now been over three weeks since my original request to meet and confer over these responses, and all I have to date is a vague promise to review further.

Significantly, Mattel is asking for an extra week simply to decide if they will supplement. If they do not agree to do so, they will have delayed by a month our motion to compel. If they agree to supplement, we will then need to await some future date to see if any supplemental response is adequate, and then start the process of meeting over. I respectfully request that Mattel's requested extension, which follows its own self-imposed two week extension, be denied.

Thank you for your attention to this matter.

Bill Molinski



ORRICK

**BILL A. MOLINSKI**

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

tel 213-612-2256
fax 213-612-2499
mobile 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Wednesday, September 02, 2009 6:36 PM
**To:** 'obrien.robert@arentfox.com'; 'hansen.drew@arentfox.com'
**Cc:** Hurst, Annette; Molinski, William; Michael T Zeller; Jon Corey; Cyrus Naim
**Subject:** Mattel v. MGA

Dear Mr. O'Brien:

I write to request that the Discovery Master grant Mattel a one week extension in regards to an on-going meet-and-confer.

The parties are engaging in a meet-and-confer regarding Mattel's Supplemental Responses to Interrogatory Nos. 20-23 and 28. As part of the discussion, Mattel offered to review its responses and had stated that it would endeavor to provide additional information as appropriate, by today, September 2, 2009. Unfortunately, in considering its responses, Mattel realized that it needs additional time to complete its review, and asked that MGA permit Mattel an additional week. MGA has refused this request and instead appeared to indicate it would simply proceed to file a motion.

An additional week is warranted because these responses relate to the entirety of Mattel's claims against MGA. Indeed, even before supplementation they are over 250 pages in length. Moreover, with the upcoming holiday weekend, an extra week is only four business days. Mattel therefore respectfully requests that the Discovery Master grant Mattel a one-week extension in reviewing its Supplemental Responses to Interrogatory Nos. 20-23 and 28, to permit Mattel to respond by September 9, 2009.

Thank you for your continuing attention to this matter.

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the

recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


"EMF <orrick.com>" made the following annotations.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.



========================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit http://www.orrick.com/
========================================================
========================================================


IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT K

# Exhibit K

# PROVISIONALLY

# FILED UNDER SEAL

OHS West:260521636.1

# EXHIBIT L

**From:** Dylan Proctor [dylanproctor@quinnemanuel.com]
**Sent:** Wednesday, July 22, 2009 3:36 PM
**To:** 'obrien.robert@arentfox.com'; hansen.drew@arentfox.com
**Cc:** Michael T Zeller; Hurst, Annette
**Subject:** Mattel v. MGA

Dear Mr. O'Brien,

At the hearing on July 8, the Discovery Master invited the parties to meet and confer regarding the deadline for Mattel's supplementation of its responses to Interrogatory Nos. 20, 21, 22, 23 and 28 in MGA's Second Set of Interrogatories to Mattel, Inc. Please be advised that the parties have agreed Mattel will supplement these responses by July 31, 2009. Thank you for your attention to this matter.

Very truly yours,


B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT L
PAGE 649

# EXHIBIT M

Transcript of Proceedings 7/8/2009 12:00:00 PM

1           UNITED STATES DISTRICT COURT

            CENTRAL DISTRICT OF CALIFORNIA

2               EASTERN DIVISION

3

4   CARTER BRYANT, an individual,

5       Plaintiff,

6   vs.              No. CV 04-9049 SGL (RNBx)

                     Consolidated with

7   MATTEL, INC., a Delaware    Nos. CV 04-9405 and
    corporation,          05-2727

8
        Defendants.

9   _____

10  AND CONSOLIDATED ACTIONS.

11

12  _____

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              Los Angeles, California

17              Wednesday, July 8, 2009

18

19

20

21  Reported by:
    CHERYL R. KAMALSKI

22  CSR No. 7113

23  Job No. 114470

24

25

Transcript of Proceedings  7/8/2009  12:00:00 PM

1    these 5 interrogatories, these supplement our supplemental

2    responses, just don't count.

3        So the Discovery Master hit it on the head. As

4    long as they will count, we will supplement. But we're

5    not inclined, we don't think we should have to supplement

6    responses to discovery interrogatories where there are

7    limits and where MGA is taking the position saying we're

8    trying to extract a concession that they count.

9        MR. O'BRIEN: Right. I'm going to note this in

10   the order, but just so everyone knows what the ruling is

11   going to be, the interrogatories need to be answered. If

12   there is another set of interrogatories that puts -- that

13   you believe puts MGA over the limit, then, the remedy for

14   that is to file a motion for protective order on the

15   additional interrogatories. So with respect to these

16   current interrogatories, I don't want to presume that --

17   answer them seriatim, as they come in, and if they hit a

18   limit that you think Judge Larson has ordered or that the

19   federal rules cut them off at the 25, then file a motion

20   for a protective order and we'll take up the issue of

21   additional interrogatories at that time.

22        And this goes for both parties. By the way,

23   Ms. Hurst, if you feel that you need additional discovery

24   over and above an order that Judge Larson has already made

25   or over and above what's the default in the FRCP, then,

MGA v. Mattel - Hearings            Unsigned                      Page 17

EXHIBIT M
PAGE 651

Transcript of Proceedings  7/8/2009  12:00:00 PM

1   make a motion, and Mattel clearly can make the same sort

2   of motion if it feels it needs additional discovery.

3       So let's get these interrogatories answered and

4   we'll deal with the limits in a future motion.

5       MR. PROCTOR: Okay.

6       MR. O'BRIEN: Okay. I'm sorry, Ms. Hurst, I

7   interrupted you in the middle of -- you've got two parts

8   to this motion. The next part are the document requests.

9   Do you want to address those issues?

10       MS. HURST: May I just request that we have a

11   deadline of 10 days to get those interrogatory answers?

12       MR. O'BRIEN: Well --

13       MS. HURST: We've got a discovery cut-off of

14   December 11th, which is not a lot of time, so --

15       MR. O'BRIEN: Let me suggest the following -- I

16   guarantee that Mattel is going to hit you with a lot of

17   discovery and there are going to be times -- I don't know

18   if 10 days -- is 10 days something that you can do, or do

19   you need additional time?

20       MR. ZELLER: I mean, ultimately we'll defer to

21   whatever your judgment is on the timing of that. I would

22   point out that, of course -- I mean, already MGA has been

23   ordered to produce any amount of discovery, and has had

24   far more extended deadlines. I mean, if it's certainly

25   setting a precedent to create shorter deadlines, fair

# EXHIBIT N

Case 2:04-cv-09049-SGL-RNB   Document 5910   Filed 07/07/2009   Page 1 of 4

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                   UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10                       EASTERN DIVISION

11 | CARTER BRYANT, an individual,       | CASE NO. CV 04-9049 SGL (RNBx)
12 |                                      |
   | Plaintiff,                           | Consolidated with
13 |                                      | Case No. CV 04-09039
   | vs.                                  | Case No. CV 05-02727
14 |                                      |
   | MATTEL, INC., a Delaware             | **DISCOVERY MATTER**
15 | corporation,                         |
   |                                      | **[To be heard by Discovery Master Robert C. O'Brien]**
16 | Defendant.                           |
17 |                                      | DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF
   | AND CONSOLIDATED ACTIONS             | MATTEL'S OPPOSITION TO MGA'S
18 |                                      | MOTION TO COMPEL
19                                          PRODUCTION OF DOCUMENTS
                                            AND THINGS FROM MGA'S
20                                          SECOND AND FIFTH SETS OF
                                            REQUESTS FOR PRODUCTION
21                                          AND RESPONSES TO MGA'S
                                            SECOND SET OF
22                                          INTERROGATORIES

23                                          Date: July 8, 2009
                                            Time: 10:00 a.m.
24                                          Place: Arent Fox LLP
                                                   555 West Fifth St.
25                                                 48th Floor
                                                   Los Angeles, CA 90013
26
                                            **Phase 2**
27                                          Discovery Cut-off:    Dec. 11, 2008
                                            Pre-Trial Conference: March 1, 2009
28                                          Trial Date:           March 23, 2009

07975/2996837.1
                                    -1-
                                                          PROCTOR DECLARATION

## DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I submit this declaration in further support of Mattel's opposition to MGA's Motion To Compel Production of Documents and Things From MGA's Second and Fifth Sets of Requests for Production and Responses to MGA's Second Set of Interrogatories (the "Motion"), which the Discovery Master has scheduled to hear on July 8, 2009, and to apprise the Discovery Master of recent developments pertaining thereto.

3. As the Discovery Master knows from Mattel's opposition to MGA's Motion, Mattel initially agreed in April 2009 to supplement its responses to previously-served interrogatories (Nos. 20, 21, 22, 23, 28 and 29) pursuant to MGA's requests. These interrogatories had been served during discovery prior to the Phase 1 trial. At that time (i.e., prior to the Phase 1 trial), Mattel served only objections to Interrogatory Nos. 20, 21, 22, 23 and 28 because MGA had exceeded its allotted interrogatories under the then-applicable limits for interrogatories set by Judge Larson. That is, Mattel substantively answered Interrogatory No. 29 (and many other interrogatories not at issue here) pursuant to MGA's request, but did not substantively answer Interrogatory Nos. 20, 21, 22, 23 and 28 because MGA had exceeded the Court-imposed limits on the number of interrogatories defendants could serve (at the time, the limit was 50). MGA did not move to compel substantive responses to Interrogatory Nos. 20, 21, 22, 23 and 28 after Mattel explained that MGA had exceeded the applicable limits. Thus, to date these interrogatories have never been answered.

-2-

PROCTOR DECLARATION

1     4.      After the Court increased the number of interrogatories that the
2  parties could serve (which provided defendants 25 additional interrogatories) earlier
3  this year, MGA asked Mattel to provide substantive responses to these never-before-
4  answered interrogatories, as well as Interrogatory No. 29. To avoid motion practice,
5  Mattel agreed to supplement its responses. MGA then filed its Motion
6  notwithstanding that agreement. Furthermore, MGA served additional "Phase 2"
7  interrogatories -- interrogatories that Mattel believes exceed the applicable limits on
8  interrogatories in light of the Court's prior rulings on how interrogatories are to be
9  counted. After Mattel informed MGA several weeks ago that its latest set of
10 interrogatories put MGA over the applicable limits, MGA then took the position --
11 for the first time -- that Mattel's supplemental responses to the interrogatories MGA
12 served prior to the Phase 1 trial should not count towards the limits on
13 interrogatories, even where the interrogatories were never before substantively
14 answered. See Mattel's Motion for Protective Order Regarding MGA's First Set of
15 Phase 2 Interrogatories at 4:1-5:3, dated June 29, 2009, a true and correct copy of
16 which is attached hereto as Exhibit 1.
17    5.      Mattel has now filed a motion for protective order seeking
18 guidance as to how MGA's excessive interrogatories should be counted. Id.
19 However, this motion has not yet been set for hearing.
20    6.      While Mattel remains willing to supplement its responses to
21 Interrogatory Nos. 20, 21, 22, 23, and 28 pursuant to the parties' prior discussions,
22 Mattel believes these interrogatories and Mattel's responses thereto should count
23 towards the limits on interrogatories. Accordingly, in light of MGA's recent
24 statement of its position to the contrary, Mattel advised MGA that it would not
25 supplement its responses to these interrogatories (Nos. 20, 21, 22, 23, and 28) unless
26 MGA would agree they would count towards the limits on interrogatories, and
27 advised that Mattel would supplement its responses as agreed if MGA would agree
28 they count. See Letter from Michael Zeller to Caroline Mankey, dated July 3, 2008,

at 2, a true and correct copy of which is attached hereto as Exhibit 2. To the best of my knowledge, Mattel has not received a response to this letter from MGA.

7. As noted above, Mattel did substantively respond to Interrogatory No. 29 prior to the Phase 1 trial. Mattel agrees with MGA that supplemental responses to interrogatories that *were* previously answered (and hence have already been counted towards the limits on interrogatories) do not count as additional interrogatories for purposes of the limits (i.e., a single interrogatory that is answered once does not become a second interrogatory merely because supplemental responses to it are served). Accordingly, Mattel has served a supplemental response to Interrogatory No. 29, as agreed. Attached as Exhibit 3 is a true and correct copy of Mattel's Second Supplemental Response to Interrogatory No. 29 of MGA's Second Set of Interrogatories.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 7, 2009, at Los Angeles, California.

/s/ B. Dylan Proctor
B. Dylan Proctor

07975/2996837.1

-4-

PROCTOR DECLARATION