# EXHIBIT

# S

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                         EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13            Plaintiff,                  Consolidated with
                                          Case No. CV 04-09059
14       vs.                             Case No. CV 05-02727

15  MATTEL, INC., a Delaware             Hon. Stephen G. Larson
    corporation,
16                                       **MATTEL'S RESPONSES TO**
            Defendant.                    **MGAE DE MEXICO'S**
17                                        **INTERROGATORY NOS. 1-11**

18  AND CONSOLIDATED ACTIONS

19

20

21  PROPOUNDING PARTY:     MGAE DE MEXICO, S.R.L. DE C.V.

22  RESPONDING PARTY:      MATTEL, INC.

23  SET NO.:               NOS. 1-11

24

25

26

27

28

07975/3074039.1

EXHIBIT S
PAGE 699

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not completed discovery from the MGA Parties or any third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement these responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Mattel's response to any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other discovery request.

### General Objections

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Interrogatory:

1. Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.

2. Mattel objects to the Interrogatories on the grounds and to the extent that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts. Such information and documents will not be produced.

3. Mattel objects to the Interrogatories on the grounds that they call for production or disclosure of confidential, proprietary and/or private information.

07975/3074039 1

EXHIBIT S
PAGE 700

1  Such information and documents will not be disclosed or produced except pursuant

2  to and in reliance upon the operative protective order.

3      4.    Mattel objects to the Interrogatories on the grounds that they

4  seek the disclosure of information or documents that are in the possession, custody

5  and control of independent parties over whom Mattel has no control, including

6  defendants, or are publicly available and hence equally available to all parties to this

7  litigation.

8      5.    Mattel objects to the Interrogatories on the grounds and to the

9  extent that they call for information that is neither relevant to the claims or defenses

10  in the pending action nor reasonably calculated to lead to the discovery of

11  admissible evidence.

12      6.    Mattel objects to the Interrogatories on the grounds that they are

13  unduly burdensome, compound and oppressive, including in that they (1) purport to

14  require Mattel to identify all facts—which Defendants have refused to do—and in

15  conflict with the Court's Orders of February 15, 2008, February 20, 2008, and

16  March 31, 2009, and (2) that they relate to multiple claims and discrete issues.

17      7.    Mattel further objects to the Interrogatories on the grounds and to

18  the extent that they purport to circumvent the expert disclosure provisions of the

19  Federal and Local Rules.  Such disclosures will be made in accordance with the

20  requirements of, and at the times specified by, the Court's Orders and the Rules.

21      8.    Mattel objects to the Interrogatories on the grounds and to the

22  extent that they seek the disclosure of information or documents in violation of the

23  terms of agreements or protective orders entered into with third parties, or in

24  violation of the privacy, contractual, or other rights of third parties.

25      9.    Mattel objects to the Interrogatories on the grounds that they are

26  overbroad and vague and ambiguous, including with respect to the defined terms

27  "IDENTIFY," and "COMMUNICATION."

28

1         10.    Mattel objects to the Interrogatories on the grounds that they

2    exceed the number of interrogatories allowed per side and, therefore, are contrary to

3    the Court's and the previous Discovery Master's rulings in this case.

**Specific and General Responses**

5        Each of the following objections and responses to the Interrogatories is

6    expressly made subject to the above Preliminary Statement and General Objections,

7    all of which are incorporated in each of the following objections and responses to

8    specific Interrogatories.

9

10    **RESPONSES TO INTERROGATORIES**

11

12    INTERROGATORY NO. 1:

13        IDENTIFY by bates number all DOCUMENTS that contain the trade

14    secrets YOU claim were misappropriated by MGA and IDENTIFY with

15    particularity on a document-by-document basis the information contained within

16    each such DOCUMENT that YOU claim constitutes the trade secrets that were

17    misappropriated by MGA.

18

19    RESPONSE TO INTERROGATORY NO. 1:

20        In addition to the general objections stated above, Mattel specifically

21    objects to this Interrogatory on the grounds that it is unreasonably burdensome,

22    overbroad, including in that it purports to require Mattel to summarize all facts on

23    these subjects, despite defendants' own refusals to answer interrogatories with the

24    same or comparable language and in conflict with the Court's Orders of February

25    15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

26    facts on these subjects. Mattel further objects to this Interrogatory on the grounds

27    that it calls for the disclosure of information subject to the attorney-client privilege,

28    the attorney work-product doctrine and other applicable privileges. Mattel further

EXHIBIT S
PAGE 702

1   objects to this Interrogatory on the grounds that it calls for the disclosure of

2   confidential and/or proprietary information, which Mattel will disclose only subject

3   to and in reliance upon the operative protective order.  Mattel further objects to this

4   Interrogatory as compound and seeks to require Mattel to separately and discretely

5   "IDENTIFY with particularity *on a document-by-document basis* the information

6   contained within each such DOCUMENT that YOU claim constitutes the trade

7   secrets that were misappropriated by MGA."  As such, the interrogatory is

8   impermissibly compound and causes the total number of interrogatories served

9   during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

10  Procedure and the Court.  In addition, Mattel objects that this interrogatory is unduly

11  burdensome and oppressive in that it is an impermissible attempt to exceed the

12  number of interrogatories propounded on behalf of Defendant MGA.

13

14  INTERROGATORY NO. 2:

15          State all facts, on a document-by-document basis by bates number,

16  which support your contention that MGA obtained through improper means any

17  MATTEL DOCUMENT containing MATTEL trade secrets identified in response to

18  Request No. 1, above, and IDENTIFY all PERSONS with knowledge of such facts

19  and all DOCUMENTS that REFER OR RELATE to such facts.

20

21  RESPONSE TO INTERROGATORY NO. 2:

22          In addition to the general objections stated above, Mattel specifically

23  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

24  overbroad, including in that it purports to require Mattel to summarize all facts on

25  these subjects, despite defendants' own refusals to answer interrogatories with the

26  same or comparable language and in conflict with the Court's Orders of February

27  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

28  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

-4-

MATTEL'S RESPONSES TO MGAE DE MEXICO'S INTERROGATORY NOS. 1-11

EXHIBIT S
PAGE 703

1  that it calls for the disclosure of information subject to the attorney-client privilege,
2  the attorney work-product doctrine and other applicable privileges.  Mattel further
3  objects to this Interrogatory on the grounds that it calls for the disclosure of
4  confidential and/or proprietary information, which Mattel will disclose only subject
5  to and in reliance upon the operative protective order.  Mattel further objects to this
6  Interrogatory as compound and seeks to require Mattel to separately and discretely
7  "state all facts *on a document-by-document basis* by bates number, which support
8  your contention that MGA obtained through improper means any MATTEL
9  DOCUMENT containing MATTEL trade secrets identified in response to Request
10  No. 1, above."  As such, the interrogatory is impermissibly compound and causes
11  the total number of interrogatories served during Phase 2 discovery to exceed the
12  limits set by the Federal Rules of Civil Procedure and the Court.  In addition, Mattel
13  objects that this interrogatory is unduly burdensome and oppressive in that it is an
14  impermissible attempt to exceed the number of interrogatories propounded on behalf
15  of Defendant MGA.
16
17
18  INTERROGATORY NO. 3:
19         State all facts, on a document-by-document basis by bates number,
20  which support YOUR contention that MGA used or disclosed without the consent of
21  MATTEL any of the MATTEL trade secrets identified in response to Request No. 1,
22  above, and IDENTIFY all PERSONS with knowledge of such facts and all
23  DOCUMENTS that REFER OR RELATE to such facts.
24
25  RESPONSE TO INTERROGATORY NO. 3:
26         In addition to the general objections stated above, Mattel specifically
27  objects to this Interrogatory on the grounds that it is unreasonably burdensome,
28  overbroad, including in that it purports to require Mattel to summarize all facts on

07975/3074039.1

-5-

EXHIBIT S
PAGE 704

1  these subjects, despite defendants' own refusals to answer interrogatories with the

2  same or comparable language and in conflict with the Court's Orders of February

3  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

4  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

5  that it calls for the disclosure of information subject to the attorney-client privilege,

6  the attorney work-product doctrine and other applicable privileges.  Mattel further

7  objects to this Interrogatory on the grounds that it calls for the disclosure of

8  confidential and/or proprietary information, which Mattel will disclose only subject

9  to and in reliance upon the operative protective order.  Mattel further objects to this

10  Interrogatory as compound and seeks to require Mattel to separately and discretely

11  "state all facts *on a document-by-document basis* by bates number, which support

12  YOUR contention that MGA used or disclosed without the consent of MATTEL any

13  of the MATTEL trade secrets identified in response to Request No. 1, above."  As

14  such, the interrogatory is impermissibly compound and causes the total number of

15  interrogatories served during Phase 2 discovery to exceed the limits set by the

16  Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this

17  interrogatory is unduly burdensome and oppressive in that it is an impermissible

18  attempt to exceed the number of interrogatories propounded on behalf of Defendant

19  MGA.

20

21  INTERROGATORY NO. 4:

22       State all facts, on a document-by-document basis by bates number,

23  which support YOUR contention that MGA acquired any of the MATTEL trade

24  secrets identified in response to Request No. 1 above, from a person that MGA

25  knew or had reason to know that the trade secret was acquired by improper means,

26  and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

27  that REFER OR RELATE to such facts.

28

-6-

MATTEL'S RESPONSES TO MGAE DE MEXICO'S INTERROGATORY NOS. 1-11

EXHIBIT S
PAGE 705

RESPONSE TO INTERROGATORY NO. 4:

1    
2           In addition to the general objections stated above, Mattel specifically
3    objects to this Interrogatory on the grounds that it is unreasonably burdensome,
4    overbroad, including in that it purports to require Mattel to summarize all facts on
5    these subjects, despite defendants' own refusals to answer interrogatories with the
6    same or comparable language and in conflict with the Court's Orders of February
7    15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all
8    facts on these subjects.  Mattel further objects to this Interrogatory on the grounds
9    that it calls for the disclosure of information subject to the attorney-client privilege,
10   the attorney work-product doctrine and other applicable privileges.  Mattel further
11   objects to this Interrogatory on the grounds that it calls for the disclosure of
12   confidential and/or proprietary information, which Mattel will disclose only subject
13   to and in reliance upon the operative protective order.  Mattel further objects to this
14   Interrogatory as compound and seeks to require Mattel to separately and discretely
15   "state all facts *on a document-by-document basis* by bates number, which support
16   your contention that MGA acquired any of the MATTEL trade secrets identified in
17   response to Request No. 1 above, from a person that MGA knew or had reason to
18   know that the trade secret was acquired by improper means."  As such, the
19   interrogatory is impermissibly compound and causes the total number of
20   interrogatories served during Phase 2 discovery to exceed the limits set by the
21   Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this
22   interrogatory is unduly burdensome and oppressive in that it is an impermissible
23   attempt to exceed the number of interrogatories propounded on behalf of Defendant
24   MGA.
25
26   INTERROGATORY NO. 5:
27          State all facts, on a document-by-document basis by bates number,
28   which support YOUR contention that the trade secrets identified in response to

07975/3074039.1

-7-

EXHIBIT S
PAGE 706

1  Request No. 1, above, derived independent economic value from not being generally
2  known to the public or other persons who can obtain economic value from its
3  disclosure or use, and IDENTIFY all PERSONS with knowledge of such facts and
4  all DOCUMENTS that REFER OR RELATE to such facts.
5
6  RESPONSE TO INTERROGATORY NO. 5:
7      In addition to the general objections stated above, Mattel specifically
8  objects to this Interrogatory on the grounds that it is unreasonably burdensome,
9  overbroad, including in that it purports to require Mattel to summarize all facts on
10 these subjects, despite defendants' own refusals to answer interrogatories with the
11 same or comparable language and in conflict with the Court's Orders of February
12 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all
13 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds
14 that it calls for the disclosure of information subject to the attorney-client privilege,
15 the attorney work-product doctrine and other applicable privileges.  Mattel further
16 objects to this Interrogatory on the grounds that it calls for the disclosure of
17 confidential and/or proprietary information, which Mattel will disclose only subject
18 to and in reliance upon the operative protective order.  Mattel further objects to this
19 Interrogatory as compound and seeks to require Mattel to separately and discretely
20 "state all facts *on a document-by-document basis* by bates number, which support
21 your contention that the trade secrets identified in response to Request No. 1, above,
22 derived independent economic value from not being generally known to the public
23 or other persons who can obtain economic value from its disclosure or use."  As
24 such, the interrogatory is impermissibly compound and causes the total number of
25 interrogatories served during Phase 2 discovery to exceed the limits set by the
26 Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this
27 interrogatory is unduly burdensome and oppressive in that it is an impermissible
28

-8-
MATTEL'S RESPONSES TO MGAE DE MEXICO'S INTERROGATORY NOS. 1-11

EXHIBIT S
PAGE 707

1   attempt to exceed the number of interrogatories propounded on behalf of Defendant

2   MGA.

3

4   INTERROGATORY NO. 6:

5   ~~State all facts on a document-by-document basis by bates number,~~

6   which support YOUR contention that the trade secrets identified in responses to

7   Request No. 1, above, was not known to the public or to PERSONS who can obtain

8   ~~economic value from its disclosure or use, and IDENTIFY all PERSONS with~~

9   knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such

10  facts.

11

12  RESPONSE TO INTERROGATORY NO. 6:

13          In addition to the general objections stated above, Mattel specifically

14  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

15  overbroad, including in that it purports to require Mattel to summarize all facts on

16  these subjects, despite defendants' own refusals to answer interrogatories with the

17  same or comparable language and in conflict with the Court's Orders of February

18  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

19  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the attorney work-product doctrine and other applicable privileges.  Mattel further

22  objects to this Interrogatory on the grounds that it calls for the disclosure of

23  confidential and/or proprietary information, which Mattel will disclose only subject

24  to and in reliance upon the operative protective order.  Mattel further objects to this

25  Interrogatory as compound and seeks to require Mattel to separately and discretely

26  "state all facts *on a document-by-document basis* by bates number, which support

27  your contention that the trade secrets identified in responses to Request No. 1,

28  above, was not known to the public or to PERSONS who can obtain economic value

-9-

EXHIBIT S
PAGE 708

1  from its disclosure or use."  As such, the interrogatory is impermissibly compound

2  and causes the total number of interrogatories served during Phase 2 discovery to

3  exceed the limits set by the Federal Rules of Civil Procedure and the Court.  In

4  addition, Mattel objects that this interrogatory is unduly burdensome and oppressive

5  in that it is an impermissible attempt to exceed the number of interrogatories

6  propounded on behalf of Defendant MGA.

7

8  INTERROGATORY NO. 7:

9          State all facts, on a document-by-document basis by bates number, that

10  support YOUR contention that the trade secrets identified in response to Request

11  No. 1, above, were the subject of efforts that are reasonable under the circumstances

12  to maintain its secrecy, and IDENTIFY all PERSONS with knowledge of such facts

13  and all DOCUMENTS that REFER OR RELATE to such facts.

14

15  RESPONSE TO INTERROGATORY NO. 7:

16          In addition to the general objections stated above, Mattel specifically

17  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

18  overbroad, including in that it purports to require Mattel to summarize all facts on

19  these subjects, despite defendants' own refusals to answer interrogatories with the

20  same or comparable language and in conflict with the Court's Orders of February

21  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

22  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.  Mattel further

25  objects to this Interrogatory on the grounds that it calls for the disclosure of

26  confidential and/or proprietary information, which Mattel will disclose only subject

27  to and in reliance upon the operative protective order.  Mattel further objects to this

28  Interrogatory as compound and seeks to require Mattel to separately and discretely

1  "state all facts **on a document-by-document basis** by bates number, which support
2  your contention that the trade secrets identified in responses to Request No. 1,
3  above, were the subject of efforts that are reasonable under the circumstances to
4  maintain its secrecy."  As such, the interrogatory is impermissibly compound and
5  ~~causes the total number of interrogatories served during Phase 2 discovery to exceed~~
6  the limits set by the Federal Rules of Civil Procedure and the Court.  In addition,
7  Mattel objects that this interrogatory is unduly burdensome and oppressive in that it
8  ~~is an impermissible attempt to exceed the number of interrogatories propounded on~~
9  behalf of Defendant MGA.
10
11  INTERROGATORY NO. 8:
12          State all facts regarding MGAE de Mexico, S.R.L. de C.V.'s
13  conducting or participating, directly or indirectly, in the conduct of the affairs of a
14  RICO enterprise through a pattern of racketeering activity (as alleged in the
15  Counterclaims of the TAAC).
16
17  RESPONSE TO INTERROGATORY NO. 8:
18          In addition to the general objections stated above, Mattel specifically
19  objects to this Interrogatory on the grounds that it is unreasonably burdensome,
20  overbroad, including in that it purports to require Mattel to summarize all facts on
21  this subject, despite defendants' own refusals to answer interrogatories with the
22  same or comparable language and in conflict with the Court's Orders of February
23  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all
24  facts on this subject.  Mattel further objects to this interrogatory as vague and
25  ambiguous, including as to time.  Mattel further objects to this Interrogatory on the
26  grounds that it calls for the disclosure of information subject to the attorney-client
27  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel
28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

EXHIBIT S
PAGE 710

1  confidential and/or proprietary information, which Mattel will disclose only subject

2  to and in reliance upon the operative protective order.  Mattel further objects to this

3  Interrogatory as the interrogatory, combined with the compound interrogatories

4  propounded together with it, causes the total number of interrogatories served during

5  Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure

6  and the Court.

7

8

9  INTERROGATORY NO. 9:

10          IDENTIFY all communications since January 1, 2001, between

11  MATTEL and government entities (federal, state or local, domestic or foreign)

12  regarding alleged misconduct by MGA (or its subsidiaries, affiliates, agents, or

13  employees), and/or alleged misconduct by former MATTEL employees who worked

14  for MGA, including but not limited to the predicate acts and patterns of racketeering

15  alleged in the Second and Third Counterclaims of the TAAC.

16

17  RESPONSE TO INTERROGATORY NO. 9:

18          In addition to the general objections stated above, Mattel specifically

19  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

20  overbroad, including in that it purports to require Mattel to summarize all facts on

21  this subject, despite defendants' own refusals to answer interrogatories with the

22  same or comparable language and in conflict with the Court's Orders of February

23  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

24  facts on this subject.  Mattel further objects to this interrogatory as vague and

25  ambiguous, including as to time.  Mattel further objects to this Interrogatory on the

26  grounds that it calls for the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

37975/3074039.1

-12-

EXHIBIT S
PAGE 711

1  confidential and/or proprietary information, which Mattel will disclose only subject

2  to and in reliance upon the operative protective order.  Mattel further objects to this

3  Interrogatory as the interrogatory, combined with the compound interrogatories

4  propounded together with it, causes the total number of interrogatories served during

5  Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure

6  and the Court.  In addition, Mattel objects that this interrogatory is unduly

7  burdensome and oppressive in that it is an impermissible attempt to exceed the

8  number of interrogatories propounded on behalf of Defendant MGA.

9

10  INTERROGATORY NO. 10:

11          With respect to the allegation in paragraphs 44 – 61 of the

12  Counterclaims of the TAAC, that the defendants stole MATTEL trade secrets in

13  Mexico, state all facts regarding:

14          (a)     every RICO predicate act committed through that conduct;

15          (b)     which PERSONS employed by or associated with which RICO

16  enterprises committed those predicate acts;

17          (c)     the injuries to MATTEL's business or property proximately

18  caused by those predicate acts;

19          (d)     how MATTEL has calculated or estimated the dollar value of

20  those injuries (and if it has not, why not); and

21          (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of

22  the information requested in this Interrogatory.

23

24  RESPONSE TO INTERROGATORY NO. 10:

25          In addition to the general objections stated above, Mattel specifically

26  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

27  overbroad, including in that it purports to require Mattel to summarize all facts on

28  these subjects, despite defendants' own refusals to answer interrogatories with the

7975/3074039.1

EXHIBIT S
PAGE 712

1   same or comparable language and in conflict with the Court's Orders of February

2   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

3   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

4   that it calls for the disclosure of information subject to the attorney-client privilege,

5   the attorney work-product doctrine and other applicable privileges.  Mattel further

6   objects to this Interrogatory on the grounds that it calls for the disclosure of

7   confidential and/or proprietary information, which Mattel will disclose only subject

8   to and in reliance upon the operative protective order.  Mattel further objects to this

9   Interrogatory as compound and seeks to require Mattel to provide separate discrete

10   responses as to "every RICO predicate act committed through that conduct."  As

11   such, the interrogatory is impermissibly compound and causes the total number of

12   interrogatories served during Phase 2 discovery to exceed the limits set by the

13   Federal Rules of Civil Procedure and the Court.

14

15   INTERROGATORY NO. 11:

16         As to each allegation upon information and belief as alleged in the

17   Counterclaims of the TAAC, state all facts regarding the sources of the information

18   alleged, when the information was acquired from each source, and all inferences or

19   conclusions you have drawn that support the stated belief.

20

21   RESPONSE TO INTERROGATORY NO. 11:

22         In addition to the general objections stated above, Mattel specifically

23   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

24   overbroad, including in that it purports to require Mattel to summarize all facts on

25   these subjects, despite defendants' own refusals to answer interrogatories with the

26   same or comparable language and in conflict with the Court's Orders of February

27   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

28   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

EXHIBIT S
PAGE 713

1   that it calls for the disclosure of information subject to the attorney-client privilege,

2   the attorney work-product doctrine and other applicable privileges.  Mattel further

3   objects to this Interrogatory on the grounds that it calls for the disclosure of

4   confidential and/or proprietary information, which Mattel will disclose only subject

5   to and in reliance upon the operative protective order.  Mattel further objects to this

6   Interrogatory as compound and seeks to require Mattel to provide separate discrete

7   responses as to "each allegation upon information and belief as alleged in the

8   Counterclaims of the TAAC."  As such, the interrogatory is impermissibly

9   compound and causes the total number of interrogatories served during Phase 2

10  discovery to exceed the limits set by the Federal Rules of Civil Procedure and the

11  Court.  In addition, Mattel objects that this interrogatory is unduly burdensome and

12  oppressive in that it is an impermissible attempt to exceed the number of

13  interrogatories propounded on behalf of Defendants other than MGAE.

16  DATED: August 28, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

19            By _____
                  Marshall M. Searcy III
20                Attorneys for Mattel, Inc.

EXHIBIT S
PAGE 714

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | **PROOF OF SERVICE** |
| | **Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

EXHIBIT S
PAGE 715

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On August 28, 2009, I served true copies of the following document(s) described as on the parties in this action as follows: **MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25; MATTEL'S RESPONSES TO MGAE DE MEXICO'S INTERROGATORY NOS. 1-11**

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br> Thomas J. Nolan, Esq.<br> Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br> tnolan@skadden.com<br> jrussell@skadden.com | **Attorneys for *the MGA Parties*** |
| Orrick, Herrington & Sutcliffe, LLP<br> William A. Molinski, Esq.<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017<br> wmolinski@orrick.com | **Attorneys for *the MGA Parties*** |

**BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from debbieyeh@quinnemanuel.com on August 28, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 28, 2009, at Los Angeles, California.

07975/3073675.1

-2-

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

EXHIBIT S
PAGE 716

Debbie Yeh

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

By /s/ Pedro Miranda
Pedro Miranda
Apex Attorney Service

07975/3073675.1

-3-

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

EXHIBIT S
PAGE 717

| | |
|---|---|
| Bingham McCutchen LLP<br>  Todd E. Gordinier, Esq.<br>  Peter N. Villar, Esq.<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626-1924<br>  todd.gordinier@bingham.com<br>  peter.villar@bingham.com | **Attorneys for** *the Omni 808 Investors, LLC* |
| Orrick, Herrington & Sutcliffe, LLP<br>  Melinda Haag, Esq.<br>  Annette L. Hurst, Esq.<br>  ~~Warrington S. Parker III, Esq.~~<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>  mhaag@orrick.com<br>  ahurst@orrick.com<br>  wparker@orrick.com | **Attorneys for** *the MGA Parties* |
| Scheper, Kim & Overland, LLP<br>  Mark E. Overland, Esq.<br>  Alexander H. Cote, Esq.<br>601 West Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>  moverland@obsklaw.com<br>  acote@obsklaw.com | **Attorneys for** *Carlos Gustavo Machado Gomez* |

 **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from debbieyeh@quinnemanuel.com on August 28, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

EXHIBIT S
PAGE 718

1    I declare under penalty of perjury under the laws of the State of California

2  that the foregoing is true and correct.

3    Executed on August 28, 2009, at Los Angeles, California.

4

5

6    Debbie Yeh

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/3073675.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

EXHIBIT S
PAGE 719