1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13          UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA

15                EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
| 17             Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18          v. | **DISCOVERY MATTER** |
| 19  MATTEL, INC., a Delaware corporation, | [To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009] |
| 20          Defendant. | **DECLARATION OF DIANA M. RUTOWSKI IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| 21 | |
| 22  AND CONSOLIDATED ACTIONS | |
| 23 | |
| 24 | Date:          TBD |
| 25 | Time:          TBD |
|    | Courtroom:  TBD |
| 26 | **Phase 2** |
| 27 | Discovery Cutoff:     December 11, 2009 |
| 28 | Pretrial Conference: March 1, 2010 |
|    | Trial Date:             March 23, 2010 |

1    I, Diana M. Rutowski, declare:

2    1.    I am a member of the bar of the State of California, admitted to

3    practice before this Court, and an associate with the law firm of Orrick, Herrington

4    & Sutcliffe LLP, counsel for the MGA Parties.  I make this declaration based on

5    personal knowledge unless otherwise expressly stated, in which case, it is based on

6    information and belief.  If called and sworn as a witness, I could and would testify

7    competently as follows.

8    2.    On July 28, 2009, I sent a letter addressed to Mr. Jon D. Corey

9    identifying deficient responses to requests for production and requesting a meet and

10   confer by August 4, 2009.

11   3.    Attached hereto as **Exhibit 1** is a true and correct copy of a letter from

12   me to Mr. Corey dated July 28, 2009.

13   4.    After 4:00 p.m. on August 4, 2009, I received a voicemail message

14   from Robert Dart and email from James Webster referencing a letter from Marshall

15   Searcy on August 3 and indicating that they expected to conduct a meet and confer

16   at 4:00 p.m. that same day.  Attached hereto as **Exhibit 2** is a true and correct copy

17   of an email from James Webster to me dated August 4, 2009.

18   5.    I had not received the purported August 3 letter, and responded to Mr.

19   Webster asking him to confirm to whom and by what means it was sent.  Attached

20   hereto as **Exhibit 3** is a true and correct copy of an email from me to James

21   Webster to me dated August 4, 2009.

22   6.    In response to a later email, Mr. Webster stated that the letter was not

23   sent due to an internal miscommunication.  Attached hereto as **Exhibit 4** is a true

24   and correct copy of an email from James Webster to me dated August 4, 2009.

25   7.    On August 11, 2009, Cynthia Lock, James Webster, Robert Dart and I

26   participated in a meet and confer teleconference.  During this teleconference Mssrs.

27   Webster and Dart referenced orders from Phase 1 of this litigation that they

28   believed would inform our meet and confer efforts.  They offered to send us the

1   orders, and we agreed to postpone the meet and confer until we had an opportunity

2   to review the orders.  On Thursday, August 13, 2009, I received an email from Mr.

3   Webster citing four orders.

4          8.      After reviewing the orders, we sought to schedule a follow up meet

5   and confer teleconference on August 19, 2009 and offered to walk through the

6   relevance of each request at that time.  Attached hereto as **Exhibit 5** is a true and

7   correct copy of an email from me to James Webster dated August 17, 2009.

8          9.      In response, Mr. Webster demanded a relevance showing in writing for

9   each request for production that MGA put at issue.  Attached hereto as **Exhibit 6** is

10  a true and correct copy of an email from James Webster to me dated August 17,

11  2009.

12         10.     After exchanging several more emails, William Molinski, a partner

13  with Orrick, Herrington & Sutcliffe, reminded counsel for Mattel of the position

14  taken in Mr. Searcy's April 2, 2009 letter to Amman Khan:  "Mattel does not have

15  an obligation to preemptively demonstrate the relevance of its requests. If MGA

16  Mexico believes certain requests are irrelevant, it should articulate why each

17  purportedly irrelevant request is, in fact, irrelevant."  Attached hereto as **Exhibit 7**

18  is a true and correct copy of the email chain ending with Mr. Molinski's email to

19  Mr. Zeller dated August 18, 2009.

20         11.     Attached hereto as **Exhibit 8** is a true and correct copy of Mr. Searcy's

21  letter to Amman Khan dated April 2, 2009.

22         12.     Mr. Zeller responded confirming that Mattel was not abandoning its

23  position, as articulated in Mr. Searcy's letter.  Attached hereto as **Exhibit 9** is a true

24  and correct copy of Mr. Zeller's email to Mr. Molinski dated August 18, 2009.

25         13.     On August 19, 2009, more than three weeks after MGA sent its initial

26  letter on this issue, the parties held a second meet and confer by telephone to

27  discuss the issues raised in my letter dated July 28, 2009.  William Molinski,

28

DECL. OF DIANA M. RUTOWSKI ISO MGA'S
MTC FURTHER RESPONSES TO RFPS.
CV 04-9049 SGL (RNBx)

1  Cynthia Lock, Robert Dart, James Webster and I participated in the meet and
2  confer.

3      14.    We began the meet and confer by clarifying that some of the Requests
4  for Production in the July 28 letter were off by two digits.  Specifically, Requests
5  783-786 should refer to 785-788 and Requests 790-792 should refer to 792-794, all
6  from Case No. 04-9049.

7      15.    Second, we sought confirmation from Mattel that it is not withholding
8  any documents that it has been compelled to produce by orders issued by the
9  Discovery Master, on any basis other than privilege.  Mr. Webster requested a list
10  of the requests that are subject to Court orders and agreed to confirm whether or not
11  Mattel has complied with the Court orders.  Accordingly, we agreed to provide such
12  a list.

13      16.    Third, we sought to engage counsel for Mattel in a discussion
14  regarding those requests for production in response to which Mattel had agreed to
15  produce documents, subject to its objections.  We sought to confirm whether or not
16  Mattel was withholding documents based on its objections.  Mr. Webster refused to
17  confirm whether or not Mattel was withholding documents based on its objections
18  in response to these requests without MGA first making a showing of relevance to
19  Phase 2 issues as to each request.

20      17.    Next, we sought to engage counsel for Mattel in a discussion regarding
21  requests in response to which it has agreed to produce documents subject to some
22  limitation.  We explained that we needed confirmation as to the meaning of
23  Mattel's particular limitations that it has included in its responses.  Again Mr.
24  Webster refused to discuss the limitations on Mattel's agreement to produce
25  responsive documents without MGA first making a showing of relevance to Phase
26  2 issues for each request.

27      18.    In an effort to move the meet and confer efforts forward, we offered to
28  discuss the relevance of particular requests and proceeded accordingly.  With

respect to Request No. 1 from Case No. 04-9049 (relating to the origins and sources of inspiration of "MY SCENE"), we explained the relevance to this Request to MGA's unfair competition and trade dress causes of action.  While Mr. Webster did not deny the relevance of this request, he refused to agree, or even disagree, as to the relevance of this request.  Mr. Webster instead stated that he would look into it the request and get back to us.  Even though he had more than three weeks to consider the issues raised in my initial letter dated July 28, 2009, he refused to confirm whether or not Mattel had produced documents, articulate what Mattel meant by the limitation it placed on its agreement to produce, or even state a date certain by which he could provide additional information.

19.    We then moved on to Request Nos. 17 and 40, again setting forth reasons why the requests are reasonably calculated to lead to the discovery of admissible evidence.  Mr. Webster seemed to dispute the relevance of these requests to Phase 2 issues, but was unwilling or unable to articulate Mattel's position regarding the relevance or irrelevance of each request, the status of its document production, or whether or not it is withholding documents based on its objections or the limitation it placed on its agreement to produce.

20.    I then asked Mr. Webster whether or not he was going to participate in a dialogue regarding the requests and Mattel's position.  He confirmed that he would not and would instead get back to us on Mattel's position as to each request.

21.    Mr. Webster took the firm position that Mattel was not willing to tell us why requests were not relevant, to identify any particular requests that it contends are not relevant, or to confirm whether or not it is withholding any documents based on its objections or limitations, even after we began to make the requested showing of relevance with respect to particular requests.  Instead, Mr. Webster's position appeared to be that MGA should state its theory of relevance for each of the disputed requests, and he would get back to us by some unspecified date with an uncertain response as to Mattel's response to MGA's claim of relevance.

1  Because Mr. Webster seemed to be unprepared or unwilling to participate in a
2  meaningful discussion aimed at resolving the parties' dispute, and because Mr.
3  Webster appeared to be treating the meet and confer as a one way dialogue by
4  MGA, we ended the call.

5       22.   Attached hereto as **Exhibit 10** is a true and correct copy of an email
6  from Bill Molinski to James Webster dated August 19, 2009 memorializing the
7  meet and confer teleconference held that same day.

8       23.   Mr. Webster responded by letter on August 20, 2009,
9  mischaracterizing several aspects of the call.  For example, Mr. Webster incorrectly
10  stated that we raised for the first time during the call whether Mattel was
11  withholding documents based on objections.  This was clearly the purpose of the
12  July 28, 2009 letter.  Moreover, Mr. Webster characterized our discussion of
13  relevance as stating only that the requests relate to "My Scene" or to "Bratz."  As
14  discussed above, MGA's relevance discussion was more detailed than Mr. Webster
15  represents.  Attached hereto as **Exhibit 11** is a true and correct copy of the letter
16  from Mr. Webster to Bill Molinski dated August 20, 2009.

17       24.   Because the August 19, 2009 teleconference left MGA seriously
18  concerned about Mattel's commitment to search for, collect, and produce
19  documents discoverable in Phase 2, on August 20, 2009, I sent a follow up letter
20  identifying additional requests.  In it, I asked Mattel to confirm for each request that
21  (1) it has diligently searched for, collected and produced all non-privileged
22  documents responsive to the request, and (2) that it has not narrowed the scope of
23  its investigation, collection or production based on its objections or rephrasing of
24  the request language in connection with its agreement to produce.  Attached hereto
25  as **Exhibit 12** is a true and correct copy of my letter to Mr. Webster dated August
26  20, 2009.

27       25.   Mr. Webster responded on August 24, 2009, again demanding that
28  MGA set forth in writing the relevance of the requests to Phase 2 issues before

Mattel would even begin to meet and confer regarding whether or not it is withholding documents based on its numerous boilerplate objections. Attached hereto as **Exhibit 13** is a true and correct copy of Mr. Webster's letter to me dated August 24, 2009.

26.     On September 21, 2009, I ran an electronic search through Mattel's electronic production databases, which include approximately 200,000 documents, for the phrase "my bling." The search found no documents in response to my query.

27.     Also on September 21, 2009, I ran an electronic search through Mattel's electronic production databases for the phrase "toon teens." The search found seventeen documents in response to my query. At least two of the seventeen documents are pleadings from this consolidated action.

28.     Attached hereto as **Exhibit 14** is a true and correct copy of the Order in Case No. 04-9049 dated July 2, 2007 (Docket Document No. 608).

29.     Attached hereto as **Exhibit 15** is a true and correct copy of MGA's Complaint for False Designation of Origin, Affiliation, Association or Sponsorship; Unfair Competition; dilution; and Unjust Enrichment dated April 12, 2005.

30.     Attached hereto as **Exhibit 16** is a true and correct copy of Mattel, Inc.'s Fourth Amended Answer in Case No. 05-2727 and Counterclaims dated August 17, 2009. This document is designated as Confidential and has been **FILED UNDER SEAL** pursuant to the protective order.

31.     Attached hereto as **Exhibit 17** is a true and correct copy of the Reporter's Transcript of Proceedings in Case No. 04-9049 dated February 11, 2009.

32.     Attached hereto as **Exhibit 18** is a true and correct copy of MGA's First Set of Requests for the Production of Documents and Things (1-115) in Case No. 04- 9049 dated November 22, 2006.

33.     Attached hereto as **Exhibit 19** is a true and correct copy of Mattel, Inc.'s Objections and Responses to MGA Entertainment, Inc.'s First Set of

1   Requests for Production of Documents (1-115) in Case No. 04- 9049 dated January

2   15, 2007.

3          34.     Attached hereto as **Exhibit 20** is a true and correct copy of MGA's

4   Second Set of Requests for the Production of Documents and Things in Case No.

5   05-2727 (116-181) (consolidated with in Case No. 04- 9049) dated March 27, 2007.

6          35.     Attached hereto as **Exhibit 21** is a true and correct copy of Mattel,

7   Inc.'s Objections and Responses to MGA Entertainment, Inc.'s Second Set of

8   Requests for Production of Documents and Things in Case No. 05-2727 (116-181)

9   (consolidated with in Case No. 04- 9049) dated April 26, 2007.

10         36.     Attached hereto as **Exhibit 22** is a true and correct copy of Mattel,

11  Inc.'s Supplemental Objections and Responses to MGA Entertainment, Inc.'s

12  Second Set of Requests for Production of Documents and Things in Case No. 05-

13  2727 (116-181) (consolidated with in Case No. 04- 9049) dated June 22, 2007

14         37.     Attached hereto as **Exhibit 23** is a true and correct copy of Mattel,

15  Inc.'s Second Supplemental Objections and Responses to MGA Entertainment,

16  Inc.'s Second Set of Requests for Production of Documents and Things in Case No.

17  05-2727 (Nos. 146, 148, 153, 158, 160, 162, 174-178) (consolidated with in Case

18  No. 04- 9049) dated April 17, 2009.

19         38.     Attached hereto as **Exhibit 24** is a true and correct copy of MGA's

20  Third Set of Requests for the Production of Documents and Things in Case No. 05-

21  2727 (182-383) (consolidated with in Case No. 04- 9049) dated March 27, 2007.

22         39.     Attached hereto as **Exhibit 25** is a true and correct copy of Mattel,

23  Inc.'s Objections and Responses to MGA Entertainment, Inc.'s Third Set of

24  Requests for Production of Documents and Things in Case No. 05-2727 (182-383)

25  (consolidated with in Case No. 04- 9049) dated April 26, 2007.

26         40.     Attached hereto as **Exhibit 26** is a true and correct copy of Mattel,

27  Inc.'s Supplemental Objections and Responses to MGA Entertainment, Inc.'s Third

28

Set of Requests for Production of Documents and Things in Case No. 05-2727 (182-383) (consolidated with in Case No. 04- 9049) dated June 22, 2007.

41.     Attached hereto as **Exhibit 27** is a true and correct copy of MGA's Fourth Set of Requests for the Production of Documents and Things in Case No. 05-2727 (384-469) (consolidated with in Case No. 04- 9049) dated June 6, 2007.

42.     Attached hereto as **Exhibit 28** is a true and correct copy of Mattel, Inc.'s Objections and Responses to MGA's Fourth Set of Requests for Production of Documents and Things in Case No. 05-2727 (384-469) (consolidated with in Case No. 04- 9049) dated July 6, 2007.

43.     Attached hereto as **Exhibit 29** is a true and correct copy of MGA's Fifth Set of Requests for the Production of Documents and Things in Case No. 05-2727 (470-531) (consolidated with in Case No. 04- 9049) dated August 3, 2007.

44.     Attached hereto as **Exhibit 30** is a true and correct copy of Mattel's Responses to MGA's Fifth Set of Requests for Production in Case No. 05-2727 (470-531) (consolidated with in Case No. 04- 9049) dated September 4, 2007.

45.     Attached hereto as **Exhibit 31** is a true and correct copy of Mattel's Corrected Responses to MGA's Fifth Set of Requests for Production in Case No. 05-2727 (470-531) (consolidated with in Case No. 04- 9049) dated January 9, 2009.

46.     Attached hereto as **Exhibit 32** is a true and correct copy of MGA's Sixth Set of Requests for the Production of Documents and Things in Case No. 05-2727 (540-571) (consolidated with in Case No. 04- 9049) dated November 16, 2007.

47.     Attached hereto as **Exhibit 33** is a true and correct copy of Mattel's Responses to Sixth Set of Requests for Production of Documents and Things in Case No. 05-2727 (540-571) (consolidated with in Case No. 04- 9049) dated December 17, 2007.

48.     Attached hereto as **Exhibit 34** is a true and correct copy of MGA's Seventh Set of Requests for the Production of Documents and Things in Case No.

05-2727 (572-766) (consolidated with in Case No. 04- 9049) dated November 29, 2007.

49.     Attached hereto as **Exhibit 35** is a true and correct copy of Mattel, Inc.'s Responses and Objections to MGA Entertainment, Inc.'s Seventh Set of Requests for Production of Documents and Things (572-766) (consolidated with in Case No. 04- 9049) dated December 31, 2007.

50.     Attached hereto as **Exhibit 36** is a true and correct copy of MGA's [Second] Seventh Set of Requests for the Production of Documents and Things in Case No. 05-2727 (572-574) (consolidated with in Case No. 04- 9049) dated December 21, 2007.

51.     Attached hereto as **Exhibit 37** is a true and correct copy of Mattel's Responses to MGA's [Second] Seventh Set of Requests for the Production of Documents and Things in Case No. 05-2727 (572-574) (consolidated with in Case No. 04- 9049)dated January 22, 2008.

52.     Attached hereto as **Exhibit 38** is a true and correct copy of MGA's Eighth Set of Requests for the Production of Documents and Things in Case No. 05-2727 (770-797) (consolidated with in Case No. 04- 9049) dated December 28, 2007.

53.     Attached hereto as **Exhibit 39** is a true and correct copy of Mattel's Responses to MGA's Eighth Set of Requests for the Production of Documents and Things in Case No. 05-2727 (770-797) (consolidated with in Case No. 04- 9049) dated January 28, 2008.

54.     Attached hereto as **Exhibit 40** is a true and correct copy of Mattel's Amended Responses to MGA's Eighth Set of Requests for the Production of Documents and Things in Case No. 05-2727 (770-797) (consolidated with in Case No. 04- 9049) dated January 30, 2008.

55.     Attached hereto as **Exhibit 41** is a true and correct copy of MGA's First Set of Requests for the Production of Documents and Things in Case No. 04-9059 (1-332) dated January 31, 2005.

56.     Attached hereto as **Exhibit 42** is a true and correct copy of Mattel, Inc.'s Responses to MGA's First Set of Requests for the Production of Documents and Things in Case No. 04-9059 (1-332) dated March 2, 2005.

57.     Attached hereto as **Exhibit 43** is a true and correct copy of Mattel's Supplemental Responses to MGA's First Set of Requests for Production in Case No. 04-9059 (misc. 82-332) dated January 5, 2007.

58.     Attached hereto as **Exhibit 44** is a true and correct copy of Mattel's Second Supplemental Responses to MGA's First Set of Requests for Production in Case No. 04-9059 (misc. 82-332) dated July 16, 2007.

59.     Attached hereto as **Exhibit 45** is a true and correct copy of Mattel's Corrected Second Supplemental Responses to MGA's First Set of Requests for Production in Case No. 04-9059 (misc. 82-332) dated August 16, 2007.

60.     Attached hereto as **Exhibit 46** is a true and correct copy of Mattel's Third Supplemental Responses to MGA's First Set of Requests for Production in Case No. 04-9059 (misc. 44-330) dated January 18, 2008.

61.     Attached hereto as **Exhibit 47** is a true and correct copy of MGA's Second Set of Requests for the Production of Documents and Things in Case No. 04-9059 (333-350) dated April 13, 2005.

62.     Attached hereto as **Exhibit 48** is a true and correct copy of Mattel Inc.'s Objections and Responses to MGA Entertainment Inc.'s Second Set of Requests for the Production of Documents and Things in Case No. 04-9059 (333-350) dated May 13, 2005.

63.     Attached hereto as **Exhibit 49** is a true and correct copy of MGA's Third Set of Requests for the Production of Documents and Things in Case No. 04-9059 (351-361) dated February 14, 2007.

1    64.    Attached hereto as **Exhibit 50** is a true and correct copy of Mattel,

2    Inc.'s Responses to MGA's Third Set of Requests for the Production of Documents

3    and Things in Case No. 04-9059 (351-361) dated March 16, 2007.

4    65.    Attached hereto as **Exhibit 51** is a true and correct copy of Phase 2

5    Discovery Master Order No. 53, Regarding: Discovery Master's Recommendation

6    that the Court Execute a Letter or Request on Behalf of Mattel dated August 26,

7    2009.

8    66.    Attached hereto as **Exhibit 52** is a true and correct copy of Mattel,

9    Inc.'s Notice of Motion and Motion to Compel MGA Mexico to Produce

10    Documents and Things in Response to Mattel's First, Second and Third Sets of

11    Requests for Production to MGA Mexico dated July 15, 2007 (Docket Document

12    No. 5971).

13    67.    Attached hereto as **Exhibit 53** is a true and correct copy of

14    Supplemental Responses of MGA Entertainment Inc. to Interrogatories 51-55 and

15    64 Pursuant to Order of April 14, 2009 dated May 29, 2007.  This document is

16    designated as Confidential – Attorney's Eyes Only and has been **FILED UNDER**

17    **SEAL** pursuant to the protective order.

18    68.    Attached hereto as **Exhibit 54** is a true and correct copy of Phase 2

19    Discovery Master Order No. 52, Regarding: (1) Motion to Compel MGA Mexico to

20    Produce Documents Responsive to First, Second and Third Sets of Phase 1

21    Requests for Production; (2) Motion to Compel MGA Mexico to Produce

22    Documents Responsive to First Set of Phase 2 Requests for Production; and (3)

23    Motion for Issuance of Letters of Request for Vargas and Tureba dated August 26,

24    2009 (Docket Document No. 6437).

25    69.    Attached hereto as **Exhibit 55** is a true and correct copy of

26    Supplemental Responses of MGA Entertainment Inc. to Interrogatories 48 Through

27    50 Pursuant to Order of April 28, 2009 dated May 29, 2009.  This document is

28

DECL. OF DIANA M. RUTOWSKI ISO MGA'S
MTC FURTHER RESPONSES TO RFPS.
CV 04-9049 SGL (RNBx)

1   designated as Confidential – Attorney's Eyes Only and has been **FILED UNDER**

2   **SEAL** pursuant to the protective order.

3        70.    Attached hereto as **Exhibit 56** is a true and correct copy of Mattel,

4   Inc.'s Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition

5   Claims, and (2) Second Supplemental Initial Disclosures Relating to Mattel's

6   Claims Against Bryant and MGA, dated January 5, 2007. This document is

7   designated as Confidential – Attorney's Eyes Only and has been **FILED UNDER**

8   **SEAL** pursuant to the protective order.

9        71.    Attached hereto as **Exhibit 57** is a true and correct copy of Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA dated May 15, 2007 and filed May 16, 2007.

12       72.    Attached hereto as **Exhibit 58** is a true and correct copy of Phase 2

13  Discovery Matter Order No. 17, Regarding: (1) The MGA Parties' Motion for

14  Protective order Staying Discovery on Trade Dress Claims; (2) Motion of Mattel,

15  Inc. to Enforce Prior court Order and to Compel Responses to interrogatories; and

16  (3) *Ex Parte* Application Filed by Mattel, Inc. for an Order to Show Cause Re:

17  MGA Entertainment, Inc.'s Failure to Comply with Court Order dated April 14,

18  2009 (Docket Document No. 5190).

19       73.    Attached hereto as **Exhibit 59** is a true and correct copy of Phase 2

20  Discovery Master Amended Order No. 11, Regarding: (1) Motion of Mattel, Inc. to

21  Compel Responses to Interrogatories and Production of Documents by MGA

22  Entertainment, Inc. and Isaac Larian; and (2) Motion of Mattel, Inc. to Compel the

23  Depositions of Pablo Vargas and Mariana Trueba dated March 31, 2009 (Docket

24  Document No. 5093).

25       74.    Attached hereto as **Exhibit 60** is a true and correct copy of Mattel,

26  Inc.'s First Supplemental Objections and Responses to Interrogatory Nos. 20-23

27  and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories dated July 31,

28

1   2007.  This document is designated as Confidential – Attorney's Eyes Only and has

2   been **FILED UNDER SEAL** pursuant to the protective order.

3       75.     Attached hereto as **Exhibit 61** is a true and correct copy of MGA

4   Parties' Answer and Affirmative Defenses to Mattel, Inc.'s Third Amended Answer

5   and Counterclaims dated June 29, 2009 (Docket Document No. 5798).

6       76.     Attached hereto as **Exhibit 62** is a true and correct copy of MGA's

7   Response to Mattel, Inc.'s Amended Supplemental Interrogatory Regarding

8   Defendants' Affirmative Defenses dated August 31, 2009.  This document is

9   designated as Confidential – Attorney's Eyes Only and has been **FILED UNDER**

10  **SEAL** pursuant to the protective order.

11      77.     Attached hereto as **Exhibit 63** is a true and correct copy of Order

12  Granting in Part Carter Bryant and MGA Entertainment Inc.'s Motion to Compel

13  the Production of Documents and 30(B)(6) Depositions dated January 30, 2007

14  (Docket Document No. 176).

15      78.     Attached hereto as **Exhibit 64** is a true and correct copy of Order

16  Denying Mattel's Motion for Reconsideration of a Portion of the May 22, 2007

17  Order Granting in Part and Denying in Part MGA's Motion to Compel Production

18  of Documents; Granting in Part Mattel's Request for an Extension of Time dated

19  July 20, 2007 (Docket Document No. 688).

20      79.     Attached hereto as **Exhibit 65** is a true and correct copy of Civil

21  Minutes in Case No. CV 04-9049 dated August 27, 2007 (Docket Document No.

22  895).

23      80.     Attached hereto as **Exhibit 66** is a true and correct copy of excerpts

24  from Reporter's Transcript of Proceedings in Case No. CV 04-9049 dated August

25  27, 2007.

26      81.     Attached hereto as **Exhibit 67** is a true and correct copy of Mattel's

27  Opposition to MGA's Motion to Compel Further Responses to MGA's First Set of

28  Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production dated

August 5, 2009.  This document is designated as Confidential – Attorney's Eyes Only and has been **FILED UNDER SEAL** pursuant to the protective order.

82.     On September 18, 2007, Mattel produced a Supplemental Privilege log containing entries 1-251.  On October 29, 2007, Mattel produced another Supplemental Privilege log containing entries 1-334.  Thus, entries 252-334 were added between September 18, 2007 and October 29, 2007. Many of the additional entries between 252 and 334 bear dates within the 2002-2003 time frame and relate to "potential litigation."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 23rd day of September, 2009, in San Mateo, California.

/s/ Diana M. Rutowski
Diana M. Rutowski