# Exhibit 5

**From:** Rutowski, Diana
**Sent:** Monday, August 17, 2009 9:35 AM
**To:** 'James Webster'
**Cc:** Robert Dart; Hurst, Annette; Lock, Cynthia
**Subject:** RE:

James,

Thank you for the references. We are in the process of reviewing the orders you cite to determine whether they will inform our meet and confer efforts. We propose having a follow up call this Wednesday afternoon (August 19), at which time we can discuss the applicability of the orders and walk through the relevance of each of the RFPs that we have identified, as you request. Will 3pm work for you?

Diana

---

**From:** James Webster [mailto:jameswebster@quinnemanuel.com]
**Sent:** Thursday, August 13, 2009 3:06 PM
**To:** Rutowski, Diana
**Cc:** Robert Dart
**Subject:**

Diana - during Tuesday's call to discuss MGA's letter of July 22, 2009 regarding the information it seeks about Mattel's response to hundreds of Phase 1 Requests for Production, you requested that we provide you with some examples of Phase 1 Order impacting those Requests. Please note the following which we provide as an accommodation.

The Discovery Master made various Orders (i) denying MGA's Motions to Compel Production in response to certain of the Requests identified in your July 28, 2009 letter, and/or (ii) denying Mattel's Motions to Compel on substantially identical requests to those identified in that letter. Such Orders include the following examples:

1. Judge Infante Order dated May 22, 2007 Granting in Part and Denying in Part MGA's Motion to Compel Production (denies Motion to Compel on MGA RFPs 38, 43, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 99, 101, 103, 104 of MGA's First Set of Requests in Case No. 04-9049)

2. Judge Infante Order Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel on all outstanding emails, holding that Mattel has produced all relevant emails and does not need to consult back-up tapes to complete its production) ("[t]he searches Mattel has conducted to date for electronic information are adequate to discharge its obligation under Rule 34 . . . . MGA has had ample opportunity to obtain discovery in this action, and the discovery MGA now seeks is unreasonably cumulative and duplicative.")

3. Judge Infante Order Granting in Part and Denying in Part Mattel's Motion to Compel Production dated August 14, 2007 (denies Motion to Compel on Mattel RFPs similar – and in many cases narrower – than MGA RFPs 196, 203, 204 of MGA's First Set of Requests in Case No. 04-9059)

4. Judge Infante Order Granting in Part and Denying in Part Mattel's Motion to Compel Production dated April 14, 2008 (denies Motion to Compel on Mattel RFPs similar – and in many cases narrower – than MGA RFPs 211 and 212 of MGA's First Set of Requests in Case No. 04-9059)

As explained during our yesterday's call, I reiterate that in order to conduct a meaningful meet and confer on the issues raised in your July 28, 2009 letter, MGA must set forth the relevance to Phase II issues of each of the hundreds of Requests for Production identified therein.

Please let me know if you wish to discuss this issue any further.

James Webster / Partner
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3132
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100

Exhibit 5 - Page 21

E-mail:  jameswebster@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit 5 - Page 22