# Exhibit 7

| | |
|---|---|
| **From:** | Molinski, William |
| **Sent:** | Tuesday, August 18, 2009 2:22 PM |
| **To:** | 'Michael T Zeller'; Hurst, Annette; James Webster; Rutowski, Diana |
| **Cc:** | Robert Dart; Lock, Cynthia |
| **Subject:** | RE: RE: |

I notice that you carefully avoid mention of Mr. Searcy's April 2 letter to Amman Khan. In that letter, Mattel takes the following position:

"Mattel does not have an obligation to preemptively demonstrate the relevance of its requests. If MGA Mexico believes certain requests are irrelevant, it should articulate why each purportedly irrelevant request is, in fact, irrelevant."

Based on the below email chain, Mattel appears to be abandoning that position, now that the shoe is on the other foot. It would inform our conversation tomorrow to know whether the above is still your view of the law, or if that is no longer Mattel's position. I look forward to our conversation.



**ORRICK**

**BILL A. MOLINSKI**

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

tel 213-612-2256
fax 213-612-2499
mobile 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, August 18, 2009 1:16 PM
**To:** Molinski, William; Hurst, Annette; James Webster; Rutowski, Diana
**Cc:** Robert Dart; Lock, Cynthia
**Subject:** RE: RE:

The assertions here about the correspondence are incorrect, as a review of the letters makes clear.  For example, Marshall's letter of 6/18 is a response letter, not a meet and confer letter, and merely asks for MGA to be prepared to discuss an issue at the actual meet and confer.  Nowhere does it insist on a written answer to Mattel's postion in advance; nor does it impose pre-conditions in response to a meet and confer letter of the type MGA has been purporting to impose.  At bottom, your reference to these letters cannot obviate the fact that MGA refuses to abide by the plain language of paragraph 5 of the Discovery Master Stipulation and the Local Rules in its meet and confer conduct.  Far from denying it, Annette earlier tried to justify MGA's non-compliance by claiming the terms of these governing provisions are arbitrary, but that is not a justification for disregarding them since MGA's counsel is not free to pick and choose what Orders and Rules to follow.  In any event, it is evident at this point that MGA's erroneous rehash of any number of other discovery issues is well off-point at this juncture.  We won't be responding on those irrelevant claims further but will simply note for the record that we disagree with you.


Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com

Exhibit 7 - Page 25

Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Molinski, William [mailto:wmolinski@orrick.com]
**Sent:** Tuesday, August 18, 2009 10:12 AM
**To:** Michael T Zeller; Hurst, Annette; James Webster; Rutowski, Diana
**Cc:** Robert Dart; Lock, Cynthia
**Subject:** RE: RE:

Mike, I direct your attention to Marshall Searcy's letter dated June 18, 2009; his non-response to Glaser Weil's letter of June 25; and his letter dated April 2, 2009, where he seeks to justify the relevance of several hundred requests with a single sentence, and to then shift the burden to MGA to explain why the document requests are irrelevant. If you would like to send us a letter setting forth why each request is *not* relevant, we are happy to take that approach instead of the meet and confer we have suggested. If not, we will talk to you tomorrow at 3.



**BILL A. MOLINSKI**

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, August 18, 2009 9:59 AM
**To:** Molinski, William; Hurst, Annette; James Webster; Rutowski, Diana
**Cc:** Robert Dart; Lock, Cynthia
**Subject:** Re: RE:

Bill, this is wrong and shown to be wrong by the parties' respective meet and confer letters.

**From**: Molinski, William <wmolinski@orrick.com>
**To**: Michael T Zeller; Hurst, Annette <ahurst@orrick.com>; James Webster; Rutowski, Diana <drutowski@orrick.com>
**Cc**: Robert Dart; Lock, Cynthia <clock@Orrick.com>
**Sent**: Tue Aug 18 09:48:38 2009
**Subject**: RE: RE:

Mike
Let me also add that when you have asked for meet and confers on an equal number or more of document requests you have made no effort to justify the relevance of each request before, or even during the meet and confer process, instead lumping the requests into broad categories that you claim to be relevant. Unlike Mattel, we have offered to explain the relevance of each request we are seeking to compel in advance of a motion. We believe the most efficient method of meeting on these requests is to have an actual discussion, as contemplated by the Local Rules and Court Order. In that discussion, we are willing to listen and consider any suggestions that any of the particular requests are overbroad, and, if we agree, we will agree to narrow the request to accommodate those concerns. This is an approach that, we believe, would work best in a discussion, not in a series of letters. Your demand that we provide a letter setting forth the

Exhibit 7 - Page 26

relevance of each request in advance of the call is consistent with our view that Mattel does not truly want to meet and confer in an effort to reach some agreement on the scope of the demands, but to use the meet and confer process to impose an added level of busy work on MGA.
Bill



**BILL A. MOLINSKI**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, August 18, 2009 9:06 AM
**To:** Hurst, Annette; James Webster; Rutowski, Diana
**Cc:** Robert Dart; Lock, Cynthia; Molinski, William
**Subject:** Re: RE:

We disagree but it is not productive to engage you further on your counter-factual rhetoric. As far as your sanctions threat goes, the only party that has refused and threatened to refuse to discuss these issues is MGA.

---

**From**: Hurst, Annette <ahurst@orrick.com>
**To**: Michael T Zeller; James Webster; Rutowski, Diana <drutowski@orrick.com>
**Cc**: Robert Dart; Lock, Cynthia <clock@Orrick.com>; Molinski, William <wmolinski@orrick.com>
**Sent**: Tue Aug 18 08:39:07 2009
**Subject**: RE: RE:

Mike:

The arguments below are not inconsistent with any governing language or principles in this case.  Initial written requests have been made with regard to both of these matters.  We are now arguing about subsequent writings, for which there is no written requirement.  I again reiterate that Mattel's unilateral attempts to impose obligations as a tactic to block discovery will not be countenanced by MGA.  If you demand writings, then expect to supply them.  If you refuse to do so in your discretion, then expect us to exercise our discretion as well.

We will initiate both of the previously scheduled calls and if Mattel refuses to show up, we will seek sanctions.

As for the motion for leave to amend, the bottom line remains that Mattel never supplied an amended pleading for our review, despite repeated requests.  It is customary to do so in connection with any meet and confer on a motion for leave to amend.  We did not ignore anything.  All you have to do is pick up the phone and call if you want to discuss something, but Mattel didn't want to discuss anything, because it had absolutely no desire to engage in a good faith conference of counsel.

Annette

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, August 18, 2009 8:18 AM
**To:** Hurst, Annette; James Webster; Rutowski, Diana
**Cc:** Robert Dart; Lock, Cynthia
**Subject:** Re: RE:

Annette, your arguments here are inconsistent with the express language of the operative provisions. Paragraph 5 of the Discovery Master Stipulation requires the writing from the moving party. Whether you now deem that to be arbitrary is of no consequence; it is a court order that MGA is obligated to abide by. Local Rule 7-3 in contrast has no writing requirement at all, though it may be satisfied by a letter.

Exhibit 7 - Page 27

Indeed, your contentions do not even square with MGA's prior arguments and conduct in the case. Please point us to any language in these governing provisions or other authority that supports your position.

Your claims about the amended pleading are factually mistaken as well. As the written record there shows, you simply chose to ignore our last communication.

---

**From**: Hurst, Annette <ahurst@orrick.com>
**To**: James Webster; Rutowski, Diana <drutowski@orrick.com>
**Cc**: Robert Dart; Lock, Cynthia <clock@Orrick.com>; Michael T Zeller
**Sent**: Tue Aug 18 05:28:08 2009
**Subject**: RE: RE:

James:

I fully expect to have our belated 2:30 p.m. call this afternoon whether or not you fail to send a writing. You are incorrect, however, in your analysis. Since it is Mattel who bears the burden of sustaining the confidentiality designation for the e-mail demonstrating Mattel's improper attempts to bribe police officers with gifts, it is also Mattel who bears the burden of articulating its position in the first instance. As you know, the moving party is an entirely arbitrary concept when dealing with the de-designation of confidentiality status of a document. Thus, if a writing is required under the circumstances where a party has an obligation to meet a burden, it is either required of both parties on the matters under discussion or neither.

I further note that Mattel expressly refused to provide any writing when it requested meet and confer pursuant to Local Rule 7-3 regarding its proposed amendment to pleadings, and never did so. It proceeded to file its motion without providing the proposed amended pleading or a redline thereof.

We will not abide Mattel's efforts to unilaterally define meet and confer obligations for MGA that it does not accept. If Mattel wishes writings, it must be willing to provide them when requested. If it reserves the right to refuse to do so, then so will MGA.

We fully expect both of these telephone calls to proceed as scheduled, and as I stated below, if you fail to show up we will note that in our motions.

Annette

---

**From:** James Webster [mailto:jameswebster@quinnemanuel.com]
**Sent:** Monday, August 17, 2009 10:34 PM
**To:** Hurst, Annette; Rutowski, Diana
**Cc:** Robert Dart; Lock, Cynthia; Michael T Zeller
**Subject:** RE: RE:

Annette,

Paragraph 5 of the Discovery Master Stipulation sets forth the requirements for a proper meet and confer request by a party contemplating a motion. It does not require the party to whom the request is directed to respond with its position in writing, let alone before the meet and confer. Accordingly, you are conflating totally separate issues. Nor is there any basis for your suggestion that Mattel has taken the position that a written response to a meet and confer letter need be sent before the meet and confer. Rather, in the case of the hundreds of RFPs that MGA has purported to raise, MGA is the contemplated movant, and it is therefore required to satisfy the meet and confer letter requirements set forth in paragraph 5 of the Discovery Master Stipulation. MGA has never done so. Is MGA refusing?

None of that has anything to do with the meet and confer on the AEO designation that MGA requested. We have offered to meet and confer within the time period set forth in the Discovery Master Stipulation. Please let me know if MGA is declining that offer.

---

**From:** Hurst, Annette [mailto:ahurst@orrick.com]
**Sent:** Monday, August 17, 2009 8:01 PM
**To:** James Webster; Rutowski, Diana
**Cc:** Robert Dart; Lock, Cynthia
**Subject:** RE: RE:

James:

Since you have not offered any writing regarding the other issue upon which we are meeting and conferring setting forth Mattel's inexplicable position why an e-mail exchange with the Canadian police confirming that Mattel improperly sent them gifts is AEO under the Protective Order, I find the position you are taking on this meet and confer quite curious. The relevance of these requests is obvious, and Mattel's demand for a letter is nothing more than an attempt to delay. If you don't show up for the previously scheduled phone call, we'll make sure to note that in the motion to compel.

Exhibit 7 - Page 28

Annette

---

**From:** James Webster [mailto:jameswebster@quinnemanuel.com]
**Sent:** Monday, August 17, 2009 7:00 PM
**To:** Rutowski, Diana
**Cc:** Robert Dart; Hurst, Annette; Lock, Cynthia
**Subject:** RE: RE:

Diana - we expect this showing to be made in a letter, particularly in view of the fact that MGA is seeking to put over 400 RFPs from Phase I at issue. We asked that you do so on our last call and expected this would be provided to us before any further conversation. Given that at your request Mattel provided you with examples of Orders in Phase I that mooted the relief you are now seeking, I would be surprised if you are now unwilling to be similarly cooperative, even apart from the requirement that MGA do so.

Please let me know how you wish to proceed.

---

**From:** Rutowski, Diana [mailto:drutowski@orrick.com]
**Sent:** Monday, August 17, 2009 6:28 PM
**To:** James Webster
**Cc:** Robert Dart; Hurst, Annette; Lock, Cynthia
**Subject:** RE: RE:

James, as I stated in my email this morning, we would be happy to walk through the relevance of each RFP with you during the call on Wednesday. Please confirm that we should plan to speak with you then.

Diana

---

**From:** James Webster [mailto:jameswebster@quinnemanuel.com]
**Sent:** Monday, August 17, 2009 2:25 PM
**To:** Rutowski, Diana
**Cc:** Robert Dart; Hurst, Annette; Lock, Cynthia
**Subject:** RE: RE:

Diana - we are willing to continue this discussion with you of course, but as we have emphasized it is important that before we do so and to ensure our conversation is productive you provide us with the showing of relevance of each of the RFPs you have placed at issue again to Phase 2 issues. Can you provide this to us in sufficient time before the call on Wednesday at 3pm? Please let me know.

---

**From:** Rutowski, Diana [mailto:drutowski@orrick.com]
**Sent:** Monday, August 17, 2009 9:35 AM
**To:** James Webster
**Cc:** Robert Dart; Hurst, Annette; Lock, Cynthia
**Subject:** RE:

James,

Thank you for the references. We are in the process of reviewing the orders you cite to determine whether they will inform our meet and confer efforts. We propose having a follow up call this Wednesday afternoon (August 19), at which time we can discuss the applicability of the orders and walk through the relevance of each of the RFPs that we have identified, as you request. Will 3pm work for you?

Diana

---

**From:** James Webster [mailto:jameswebster@quinnemanuel.com]
**Sent:** Thursday, August 13, 2009 3:06 PM
**To:** Rutowski, Diana
**Cc:** Robert Dart
**Subject:**

Diana - during Tuesday's call to discuss MGA's letter of July 22, 2009 regarding the information it seeks about Mattel's response to hundreds of Phase 1 Requests for Production, you requested that we provide you with some examples of Phase 1 Order impacting

Exhibit 7 - Page 29

those Requests.  Please note the following which we provide as an accommodation.

The Discovery Master made various Orders (i) denying MGA's Motions to Compel Production in response to certain of the Requests identified in your July 28, 2009 letter, and/or (ii) denying Mattel's Motions to Compel on substantially identical requests to those identified in that letter. Such Orders include the following examples:

      1.     Judge Infante Order dated May 22, 2007 Granting in Part and Denying in Part MGA's Motion to Compel Production (denies Motion to Compel on MGA RFPs 38, 43, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 99, 101, 103, 104 of MGA's First Set of Requests in Case No. 04-9049)

      2.     Judge Infante Order Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel on all outstanding emails, holding that Mattel has produced all relevant emails and does not need to consult back-up tapes to complete its production) ("[t]he searches Mattel has conducted to date for electronic information are adequate to discharge its obligation under Rule 34 . . . . MGA has had ample opportunity to obtain discovery in this action, and the discovery MGA now seeks is unreasonably cumulative and duplicative.")

      3.     Judge Infante Order Granting in Part and Denying in Part Mattel's Motion to Compel Production dated August 14, 2007 (denies Motion to Compel on Mattel RFPs similar – and in many cases narrower – than MGA RFPs 196, 203, 204 of MGA's First Set of Requests in Case No. 04-9059)

      4.     Judge Infante Order Granting in Part and Denying in Part Mattel's Motion to Compel Production dated April 14, 2008 (denies Motion to Compel on Mattel RFPs similar – and in many cases narrower – than MGA RFPs 211 and 212 of MGA's First Set of Requests in Case No. 04-9059)

As explained during our yesterday's call, I reiterate that in order to conduct a meaningful meet and confer on the issues raised in your July 28, 2009 letter, MGA must set forth the relevance to Phase II issues of each of the hundreds of Requests for Production identified therein.

Please let me know if you wish to discuss this issue any further.


James Webster / Partner
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3132
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail: jameswebster@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


```
"EMF <orrick.com>" made the following annotations.
-----------------------------------------------------------------------
===========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.




===========================================================
NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
```

Exhibit 7 - Page 30

```
For more information about Orrick, please visit
http://www.orrick.com/
=============================================================
==========================================================================
```

Exhibit 7 - Page 31