# Exhibit 8

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3152

WRITER'S INTERNET ADDRESS
marshallsearcy@quinnemanuel.com

April 2, 2009

VIA FACSIMILE AND U.S. MAIL

Amman A. Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067

Re: Mattel, Inc. v. MGA Entertainment et al.

Counsel:

I write pursuant to the Discovery Master's Order No. 1, dated February 12, 2009. Mattel requests that MGA meet and confer regarding MGAE de Mexico S.R.L. de C.V.'s ("MGA Mexico") 1) Objections and Responses to Mattel Inc.'s First Set of Requests for Documents and Things; 2) Response to Mattel, Inc.'s Second Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V.; and 3) Response to Mattel, Inc.'s Third Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V. (collectively "Responses").

Though the stay on Phase 2 discovery has now been lifted, MGA Mexico has not produced any documents in response to Mattel's First, Second, and Third Sets of Requests. Moreover, MGA Mexico's Responses contain numerous deficiencies and assert objections that have been repeatedly rejected in prior Orders and are improper, as outlined below:



**quinn emanuel urquhart oliver & hedges, llp**
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

## DEFICIENCIES IN MGA MEXICO'S OBJECTIONS TO MATTEL, INC.'S FIRST AND SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS

**General Objections**

MGA Mexico raised a series of boilerplate general objections, none of which are supported or well-taken. Under Rule 34, an objection must clearly set forth the specifics of the objection and how the objection relates to the documents requested. Generic, non-specific objections are improper. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

Privacy Objections:

MGA Mexico may not withhold documents on the grounds that they are protected by the right of privacy. The parties in this action have stipulated to, and the Court has entered, a Protective Order sufficient to protect MGA Mexico's privacy interests. Judge Larson, the current Discovery Master and the former Discovery Master have all ruled that the Protective Order is sufficient to address concerns about privacy rights. E.g., Phase 2 Discovery Matter Order No. 6, dated March 13, 2009; Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (finding that a protective order "can strike the appropriate balance between the need for the information and the privacy concerns" of the party opposing production of employee information).

Privilege Objections:

Additionally, to the extent that MGA Mexico is withholding documents on the basis of privilege, it must, under Rule 26(b)(5), sufficiently describe those documents in a privilege log to permit Mattel to assess the applicability of MGA Mexico's privilege claims. Federal Rule of Civil Procedure 26(b)(5); Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived privilege objections by failing to provide privilege log within thirty days of serving its responses).

Objection that documents are readily accessible to Mattel from public sources or third parties:

MGA Mexico must produce relevant, non-privileged documents within its custody, possession or control. MGA Mexico is not relieved of this obligation simply because relevant, non-privileged documents are available from "public sources or third parties." Indeed, MGA Mexico's objection is especially frivolous and inconsistent with MGA's own arguments given its repeated assertions that discovery should be first sought from other parties, rather than third parties. In short, MGA Mexico may not dictate what discovery devices Mattel may use to obtain information relevant to this lawsuit that is within the possession, custody and control of MGA Mexico.

Objection that "documents located at MGA Mexico's offices":

This objection attempts to impose limitations on MGA Mexico's obligations above and beyond those found in the Federal Rules and is thus improper. Rule 34 clearly states that MGA Mexico must turn over relevant, non-privileged documents within its custody, possession or control. MGA Mexico thus has an obligation to produce documents regardless of whether those documents are located at MGA Mexico's offices.

Objection to producing "information relating to the activities or conduct of other entities or non-parties":

MGA Mexico is required to produce responsive documents in its possession, custody, or control. Any information it has relating to the "activities or conduct" of others that are relevant to the claims in this lawsuit must accordingly be produced. For example, the "activities or conduct" of Carlos Gustavo Machado Gomez, Mariana Trueba Almada, and Pablo Vargas San Jose while they were employed at Mattel go directly to the heart of the counterclaims in Mattel's July 12, 2007 Second Amended Answer and Counterclaims. Please be prepared to identify and discuss any requests where MGA Mexico has limited its search for or production of responsive documents based on this improper, general objection.

Objection on the grounds that the "information relat[es] to activities or conduct in foreign countries":

The claims in this lawsuit involve activities and conduct in the United States, in Mexico, and in Canada. MGA Mexico may not arbitrarily withhold production of information that goes to the heart of these claims simply because it "relat[es] to activities or conduct in foreign countries." Please be prepared to identify and discuss any requests where MGA Mexico has limited its search for or production of responsive documents based on this improper, general objection.

Objections to Terms:

(a) MGA Mexico's objections to Mattel's definitions of "YOU," "YOUR" and "MGA" are improper and, in any case, unintelligible. MGA Mexico may not arbitrarily limit its obligation to respond to discovery by unilaterally redefining terms for which Mattel has provided a definition. MGA Mexico must include within the definitions all persons and entities as defined by Mattel, not just "persons or entities who hold themselves out to MGA Mexico as officers, employees, agents, subsidiaries or divisions of MGA Mexico."

(b) MGA Mexico's objection to the definition of "MATTEL" is meritless. Please be prepared to discuss how this term is "overbroad" and "vague and ambiguous," especially in light of MGA's own use of similar definitions in its discovery and in light of the prior Orders rejecting such objections.

(c) MGA Mexico's limitation of the definition of "BRATZ" to "the line of dolls introduced to the market for sale in May or June of 2001 and subsequent dolls, accessories and other products known as Bratz or associated with the Bratz line of dolls" is improper. Chapman v. California Dept. of Educ., 2002 WL 32854376, at * 3 (N.D. Cal. February 6,

2002) ("The proponent of discovery is the master of its terms. So long as the information sought is within the broad bounds of relevancy as set forth in Rule 26 and is otherwise properly discoverable, the respondent may not unilaterally reshape or rephrase the discovery request."). Such restriction would allow MGA Mexico to withhold documents relating to the design, conception, and creation of Bratz, topics which are all highly relevant to this lawsuit. Indeed, not only has the Discovery Master previously repeatedly compelled discovery that used this same definition of "BRATZ," but the limitation posited by MGA too has been rejected in the past by the Discovery Master.

(d) Mattel clearly defines "MACHADO," "TRUEBA" and "VARGAS" to mean these individuals and persons acting on their behalf, pursuant to their authority or subject to their control. MGA Mexico's attempt to redefine these terms to mean only "the individuals Carlos Gustavo Machado Gomez, Mariana Trueba Almada, and Pablo Vargas San Jose" is improper. Chapman, 2002 WL 32854376, at * 3. MGA Mexico must respond to Mattel's Requests based on the terms as clearly defined by Mattel.

(e) As explained above in reference to the terms "YOU," MACHADO," "TRUEBA," and "VARGAS," MGA Mexico's objection to the term "FORMER MATTEL EMPLOYEE" on the grounds that it is "overbroad" and "vague and ambiguous" is improper. MGA Mexico's attempt to limit the term "join" to mean "work as a full time, salaried employee for" is similarly improper and indefensible. Chapman, 2002 WL 32854376, at * 3. The plain meaning of "join" is much broader. For example, "join" could also mean "work as a full-time, hourly employee for", or "work as a part-time employee for."

(f) Mattel's definition of the term "MATTEL DOCUMENTS" clearly indicates that the definition is not limited to the documents listed by Bates number in the definition. MGA Mexico may not unilaterally limit the definition to the documents listed in contravention of the clear language of the definition. As you also know, the Discovery Master's recent Order rejected MGA's efforts to withhold relevant information based on an almost identical objection.

(g) MGA Mexico's objection that the term "REFER OR RELATE TO" is "overbroad, unduly burdensome, and/or is vague and ambiguous" is improper. MGA Mexico does not identify any way in which the term is overbroad, burdensome, or vague and ambiguous. Please be prepared to discuss why you contend the term is "overbroad, unduly burdensome, and/or is vague and ambiguous," especially in light of MGA's own use of similar definitions in its discovery and in light of the prior Orders rejecting such objections.

(h) It is improper for MGA Mexico to limit the terms "SYSTEM" and "SYSTEMS" to the examples listed in the definition in spite of clear language to the contrary in the definition. MGA Mexico may not ignore the clear language of the definition in order to limit its obligation to respond to discovery.

Please be prepared to discuss at our meet and confer conference any Requests for which MGA Mexico has limited its search for or production of responsive documents based on these or any of MGA's other General Objections.

**Specific Objections to Mattel's First Set of Requests**

For every single one of requests Nos. 1-148 in the First Set of Requests, MGA Mexico makes the identical boilerplate objection that the requests seek "documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction, including, but not limited to, such laws existing in the United Mexican States."

Privilege Objections:

MGA Mexico's objections are so boilerplate that it raises privilege objections even when they clearly don't apply. For instance, Request No. 1 seeks "a sample of each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by YOU or YOUR licensees." A sample of a product simply could not be subject to, as claimed in MGA Mexico's objections, the attorney-client privilege and the attorney work-product doctrine. The sample products were neither communications with attorneys, nor prepared at the request of or pursuant to instructions from counsel. Furthermore, Request No. 4 seeks "DOCUMENTS authored by a MATTEL employee or for MATTEL'S benefit." Again, documents authored by Mattel employees or for Mattel's benefit could not be protected by any privilege inuring to the benefit of MGA Mexico. These boilerplate objections were not made in good faith, but were rather repeated as boilerplate in response to every one of Mattel's Requests.

Relevance:

Similarly, MGA Mexico objects to all of Mattel's requests on the grounds that they seek "documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence." MGA Mexico further objects that "Mattel has not demonstrated how [the request] could be relevant to the claims and defenses in this action."

The Requests are clearly relevant to the claims and defenses as alleged in MGA's April 13, 2005 Complaint and Mattel's July 12, 2007 Second Amended Answer and Counterclaims. If MGA Mexico believes certain requests are irrelevant, it must articulate why each purportedly irrelevant request is, in fact, irrelevant. Bible v. Rio Properties, Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) (party resisting discovery has the burden of showing discovery should not be allowed). MGA Mexico has not done this. Instead, it has made the same boilerplate relevance objection to each and every one of Mattel's requests, providing no explanation other than claiming that Mattel has not affirmatively demonstrated how all of its requests are relevant. "It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant." Buckinmaster v. Prudential Financial, Inc., 2008 WL 624532, *2 (D. Neb. March 3, 2008) (overruling relevancy objections and granting motion to compel).

Claims That Documents are Otherwise Available (Request Nos. 1-40, 42-46, 51-148):

MGA Mexico objects to the requests listed above on the grounds that they seek "documents that by reason of public filing, public distribution, or otherwise are already in Mattel's possession or are readily accessible to Mattel."

It is improper for MGA Mexico to withhold documents on the grounds that Mattel's Requests seek documents "readily accessible to Mattel" from public sources or third parties. MGA Mexico must produce relevant, non-privileged documents within its custody, possession or control. MGA Mexico is not relieved of this obligation simply because relevant, non-privileged documents are available from public sources or third parties. Furthermore, MGA Mexico may not withhold documents merely because they are "already" in Mattel's possession. As you know, MGA Mexico's possession of documents in itself is centrally relevant to Mattel's trade secret and other misappropriation claims because they will show that MGA Mexico is in possession of or had access to the materials it and the other counter-defendants are accused of stealing. By MGA Mexico's purported logic, it would be free to withhold from Mattel the very documents and information that MGA Mexico is accused of misappropriating.

Commercially Sensitive Information (Request Nos.1, 3, 5-8, 13-51, 55-148):

MGA Mexico objects to the requests listed above "to the extent [they] seek[] confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA Mexico."

As discussed above, this nonsensical, open-ended objection is without merit. The parties have stipulated to, and the Court has entered, a Protective Order in this action. Furthermore, the parties have already produced large numbers of "confidential, proprietary or commercially sensitive information" under the designation "Attorneys' Eyes Only" as provided in the Protective Order.

Allegedly Cumulative/Duplicative Requests (Request Nos. 1-148):

MGA Mexico objects to *every* request as "cumulative, duplicative, and unduly burdensome to the extent [they seek] documents previously requested by Mattel and/or produced in response to Mattel's document requests."

First, MGA Mexico cannot object to these requests as "cumulative" and "duplicative" based on requests previously propounded to MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or to Isaac Larian. Second, instead of indicating how the requests are in any way cumulative or duplicative, MGA Mexico made this generic, boilerplate objection in response to every single request. The objection does not identify a single previous request for which these requests are cumulative or duplicative, and the objection does not identify a single document produced by MGA Mexico that would be duplicative of documents responsive to the requests. Merely alleging that a request is cumulative and duplicative does not relieve MGA Mexico of its duty to produce all responsive, non-privileged documents. Goodman v. U.S., 369 F.2d 166, 169 (9th Cir. 1966) (objecting party bears the burden of proving undue burden by "specific and compelling" proof; conclusory assertions are insufficient); Walker v. Lakewood Condominium

Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

Objections Based on Time or Geographic Scope (Request Nos. 1-19, 21-40, 42-148):

MGA Mexico objects to the requests listed above on the grounds that they are "not limited in time or geographic scope."

This objection improperly attempts to limit MGA Mexico's obligation to respond to Mattel's requests. Under Rule 26(b), Mattel "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense..." Furthermore, Rule 34 expressly requires the production of documents within the "possession, custody or control" of the party upon whom a request is served. Thus, Mattel is entitled to seek, and MGA is obligated to produce, relevant non-privileged documents without regard to geographic scope. MGA may not withhold relevant non-privileged documents simply because the documents are related to a particular geographic area or time period.

Privacy Objections (Request Nos. 3, 5-35, 38-46, 51, 55-58, 61-75, 77-78, 84-88, 93-96, 101-105, 111-113, 122, 125-129, 131, 138-140, 144-148):

MGA Mexico objects to the Requests listed above on the grounds that they "violate[] the privacy rights of third parties to their private, confidential, proprietary or trade secret information."

As explained above in reference to MGA Mexico's privilege objections, the Court, the former Discovery Master and the current Discovery Master have all ruled that the Protective Order is sufficient to address MGA Mexico's purported concerns about third-party privacy rights.

**Specific Objections to Mattel's Second Set of Requests**

For every single one of requests Nos. 1-420 in the Second Set of Requests, MGA Mexico makes the identical boilerplate objection that the requests seek "documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction, including, but not limited to, such laws existing in the United Mexican States."

Privilege Objections:

Mattel is not seeking the production of legitimately privileged documents, but MGA Mexico should include all such documents in its privilege log. See Federal Rule of Civil Procedure 26(b)(5); Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived privilege objections by failing to provide privilege log within thirty days of serving its responses). Its failure to do so may be deemed a waiver of privilege.

Claims That Documents Are Otherwise Available (Request Nos. 1-88, 91-306, 309-312, 314-420):

MGA Mexico objects to the requests listed above on the grounds that they seek "documents that by reason of public filing, public distribution, or otherwise are already in Mattel's possession or are readily accessible to Mattel." This objection is improper for the reasons discussed above.

Commercially Sensitive Information (Request Nos. 1-420):

MGA Mexico objects to the requests listed above "to the extent [they] seek[] confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA Mexico."

As discussed above, this objection is without merit. The parties have stipulated to, and the Court has entered, a Protective Order in this action. Furthermore, the parties have already produced large numbers of "confidential, proprietary or commercially sensitive information" under the designation "Attorneys' Eyes Only" as provided in the Protective Order.

Allegedly Cumulative/Duplicative Requests (Request Nos. 1-8, 13-22, 25-35, 42-46, 54-65, 71-85, 89-96, 101-147, 151-179, 181-192, 194-219, 221-222, 227-250, 253-260, 262-268, 277-299, 302-316, 329-342, 345-385, 387-397, 400-410, 412-417):

MGA Mexico again objects to the requests listed above as "cumulative, duplicative, and unduly burdensome to the extent [they seek] documents previously requested by Mattel and/or produced in response to Mattel's document requests."

MGA Mexico cannot object to these requests as "cumulative" and "duplicative" based on requests previously propounded to MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or to Isaac Larian. MGA Mexico is a separate party to this lawsuit and is not relieved of its obligation to respond to discovery simply because other parties associated with MGA Mexico have previously responded to similar discovery.

MGA Mexico additionally objects that these requests are duplicative of Request Nos. 140 and 142 of Mattel, Inc.'s First Set of Requests for Production of Documents and Things to MGAE de Mexico S.R.L. de C.V. This objection is without merit. The requests listed above relate to MGA's claims in this lawsuit, whereas Request Nos. 140 and 142 relate to MGA Mexico's alleged defenses.

Objections Based on Time or Geographic Scope (Request Nos. 1-10, 12-70, 72-160, 165-167, 172-284, 286-361, 363-420):

As in the First Requests, MGA Mexico objects to the requests listed above on the grounds that they are "not limited in time or geographic scope."

This objection improperly attempts to limit MGA Mexico's obligation to respond to Mattel's requests. Under Rule 26(b), Mattel "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense..." Furthermore, Rule 34 expressly requires the

production of documents within the "possession, custody or control" of the party upon whom a request is served. Thus, Mattel is entitled to seek, and MGA is obligated to produce, relevant non-privileged documents without regard for time or geographic scope. MGA may not withhold relevant non-privileged documents simply because the documents relate to a particular geographic location or time period.

Privacy Objections (Request Nos. 1-420):

MGA Mexico objects to the requests listed above on the grounds that they "violate[] the privacy rights of third parties to their private, confidential, proprietary or trade secret information." As explained above, this objection is unavailing.

**DEFICIENCIES IN MGA MEXICO'S OBJECTIONS TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS**

**General Objections**

In addition to the General Objections made in its First and Second Responses, MGA Mexico's Third Set of Responses add the following two meritless General Objections:

General Objection No. 1

MGA Mexico objects to Mattel's requests "as untimely and unenforceable to the extent they seek documents relating to Phase One." Mattel's requests are relevant to the claims and defenses in Phase Two, and discovery for Phase Two discovery is currently open. See January 6, 2009 Order Appointing Discovery Master at 2. MGA Mexico's timeliness objections are accordingly without merit.

General Objection No. 2

MGA Mexico additionally objects that "Phase Two discovery has been and remains stayed by court order." As MGA Mexico is aware, however, the stay on Phase 2 discovery has now been lifted and MGA Mexico is obligated to respond to Phase Two discovery requests.

**Specific Objections to Mattel's Third Set of Requests**

Stay on Phase 2 Discovery (Request Nos. 1-6):

MGA Mexico objects to all of the requests on the grounds that "Phase Two discovery has been and remains stayed by court order. Judge Larson has now lifted the stay on Phase Two discovery. See January 6, 2009 Order Appointing Discovery Master at 2. Accordingly, MGA Mexico's objection is no longer applicable.

Claims of Untimely Phase One Requests (Request Nos. 1-6):

MGA Mexico also objects to all of the requests on the grounds that they "untimely and unenforceable to the extent [they] seek[] documents relating to Phase One." These requests are



Received 04-02-2009 04:01pm From-2134433100 To-GLASER WEIL Page 010

all relevant to Phase Two and, as Phase Two discovery is currently open, these requests are timely.

Privilege Objections (Request Nos. 1-6):

MGA Mexico objects to the Requests listed above on the grounds that they seek "documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction."

There is not any privilege that would apply to documents relating to the identity of MGA Mexico's offsite storage facilities, the contents of these facilities, and documents or items sent to or from these facilities. However, Mattel is not seeking the production of legitimately privileged documents, and MGA should include all documents it contends are privileged in its privilege log. See Federal Rule of Civil Procedure 26(b)(5); Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1148-50 (9th Cir. 2005) (affirming district court's holding that party waived privilege objections by failing to provide privilege log within thirty days of serving its responses). Again, its failure to do so may be deemed a waiver of privilege.

Relevance (Request Nos.1-6):

MGA Mexico objects to all of Mattel's Requests on the grounds that they seek "documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence." MGA Mexico further objects that "Mattel has not demonstrated how [request] could be relevant to the claims and defenses in this action."

However, Mattel does not have an obligation to preemptively demonstrate the relevance of its requests. If MGA Mexico believes certain requests are irrelevant, it should articulate why each purportedly irrelevant request is, in fact, irrelevant. Bible v. Rio Properties, Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) (party resisting discovery has the burden of showing discovery should not be allowed). MGA Mexico has not done this. Instead, it has made the same boilerplate relevance objection to each and every one of Mattel's requests, providing no explanation other than claiming that Mattel has not affirmatively demonstrated how all of its requests are relevant. "It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant." Buckinmaster v. Prudential Financial, Inc., 2008 WL 624532, *2 (D. Neb. March 3, 2008) (overruling relevancy objections and granting motion to compel). MGA Mexico's relevance objections are meritless.

Objections Based on Time or Geographic Scope (Request Nos. 1-6):

MGA Mexico objects to the requests listed above on the grounds that they are "not limited in geographic scope and seek[] documents since 1995...."

Under Rule 26(b), Mattel "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense..." Furthermore, Rule 34 expressly requires the production of documents within the "possession, custody or control" of the party upon whom a



Received 04-02-2009 04:01pm From-2134433100 To-GLASER WEIL Page 011

request is served. MGA may not withhold relevant, non-privileged documents simply because the documents relate to a particular geographic area or time period. If the documents are relevant and non-privileged, MGA has an obligation to produce the documents.

Claims That Documents Are Otherwise Available (Request Nos. 1-6):

MGA Mexico objects to the Requests listed above on the grounds that they seek "documents that by reason of public filing, public distribution, or otherwise are already in Mattel's possession or are readily accessible to Mattel."

MGA Mexico is a party to this lawsuit and has an obligation to produce responsive, non-privileged documents that are in its possession, custody or control. MGA Mexico may not withhold such documents simply because they are "readily accessible to Mattel." MGA Mexico may not, for example, withhold documents and require Mattel to seek those documents from a third party, particularly given MGA's own prior position that such documents must be sought from MGA and other counter-defendants first. MGA Mexico may not limit its discovery obligations by dictating which discovery devices Mattel may use.

Allegedly Cumulative/Duplicative Requests (Request Nos. 1-6):

MGA Mexico objects to every Request as "cumulative, duplicative, and unduly burdensome to the extent [they seek] documents previously requested by Mattel or produced by MGA (or any of its affiliates) in response to Mattel's documents requests."

MGA Mexico cannot object to these requests as "cumulative" and "duplicative" based on requests previously propounded to MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or to Isaac Larian. MGA Mexico is a separate party to this lawsuit and is not relieved of its obligation to respond to discovery simply because other parties associated with MGA Mexico have previously responded to similar discovery.

* * *

Unless we are able to resolve the preceding deficiencies in MGA Mexico's Responses and arrange for prompt production of materials in response to Mattel's Requests within five days as required by the Discovery Master Stipulation and Order, Mattel will ask the Discovery Master to compel MGA Mexico to produce responsive materials, to deem any privilege waived or alternatively to order the production of a privilege log and to impose monetary sanctions on MGA Mexico for its wholesale refusals to produce any discovery in this litigation.

Please let me know when MGA Mexico's counsel is available to meet and confer regarding these issues within the time required. I look forward to hearing from you.

Best regards,

Marshall Searcy /cmn

Marshall M. Searcy III

07975/2838909.2

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

CHICAGO
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

LONDON
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:** April 2, 2009

**NUMBER OF PAGES, INCLUDING COVER:** (13)

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq.<br>Glaser, Weil, Fink, Jacobs & Shapiro, LLP | | 310-556-2920 |

**FROM:** Curran M. Walker
(213) 443-3702
curranwalker@quinnemanuel.com

**RE:** Mattel, Inc. v. MGA Entertainment et al.

**MESSAGE:**

Please refer to the attached correspondence. Thank you.

07975/2868500 1

CLIENT # 07975 ROUTE/ RETURN TO: Elaine Chavarria

☒ CONFIRM FAX
☒ INCLUDE CONF. REPORT

OPERATOR: [signature] CONFIRMED? ☐ NO ☐ YES: ______

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.