# Exhibit 10

| | |
|---|---|
| **From:** | Molinski, William |
| **Sent:** | Wednesday, August 19, 2009 3:56 PM |
| **To:** | James Webster |
| **Cc:** | Rutowski, Diana; Hurst, Annette |
| **Subject:** | Meet and Confer |

James:

This will confirm that we just completed a meet and confer on the document requests. This will confirm what was discussed:

First, you agreed that you would go back and confirm that Mattel is not withholding any documents that it was compelled by order to produce that are the subject of this meet and confer, on any basis other than privilege. We agreed to provide you with a list of the document requests that were subject to court order and you agreed to then confirm the above as to those requests.

Next, we then sought to engage you on the remaining requests that were the subject of our letter. You refused to discuss any of those requests until we first explained the relevance of the request. As I indicated, this position is directly contrary to the position Mattel has taken, e.g. in Marshall Searcy's letter dated April 2, where he wrote:
>    **Mattel does not have an obligation to preemptively demonstrate the relevance of its requests. If MGA Mexico believes certain requests**
>    **are irrelevant, it should articulate why each purportedly irrelevant request is, in fact, irrelevant**.

Just yesterday, your partner Mike Zeller confirmed in an email to me that this was still Mattel's position as to how the meet and confer process should occur (Specifically, he said that Mattel was not abandoning that position). Nonetheless, when I asked if you would identify any requests that were not relevant, as Mr.. Searcy's letter says you should do, you refused to do so. You also confirmed that you did not believe you had the obligation to do what Mr.. Searcy, and apparently Mr. Zeller, said Mattel would have an obligation to do. Mattel's constant reversal of its position on this issue is truly dizzying. I indicated to you that we were perfectly willing to identify the relevance of each request if you would let us know what requests Mattel believed was not relevant. You refused, saying that if we identified the relevance of a request, you would "get back to us."

Even where I sought simply to get further clarification on objections made to obviously relevant requests, you said you would not discuss or clarify those objections until we first explained the relevance of the request. Then, when I accommodated your request and explained why the request was relevant, you still would not clarify or even discuss the objections, except to say you would "get back to us."

Even though Mattel has taken the position that we need not identify the relevance of any request until Mattel first says whether a request is not relevant, and in an effort to move this process forward, we relented and began explaining to you, on a request by request basis, why each request was relevant and what claim that request related to. However, it became apparent after the first few requests that you had no interest in discussing these issues in good faith. After explaining the relevance of a request, you refused to say whether you agreed that it was relevant or whether you believed it was not relevant. You simply said you would "get back to me." You would not even commit to a time to get back to us except to say that you would tell us by tomorrow when you would get back to us.

James, we were prepared to discuss the relevance of each request, and would have done so if you were simply willing to discuss these issues or even tell us in response if you agreed or disagreed, as is contemplated by the meet and confer requirements. Instead, you treated the conversation as simply a one-way flow of information, with no obligation on Mattel's part to actually confer on any particular request. I can't say I am surprised, since even since our recent arrival into this case it has become clear to us that Mattel does not view the meet and confer process as a way of reaching resolution, but as a way to extract concessions when it is not willing to do the same, and to get information for motions that it has no interest in avoiding.

I am sorry our meet and confer could not be more productive.

Regards,
Bill



**BILL A. MOLINSKI**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200

Exhibit 10 - Page 53

LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

Exhibit 10 - Page 54