# Exhibit 14

**PRIORITY SEND**
**& ENTERED**

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                     Date: July 2, 2007

Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
==========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

   Jim Holmes                              Theresa Lanza
   Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER             ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                            John B. Quinn
                                         Brett Dylan Proctor
                                         Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

PROCEEDINGS:   MINUTE ORDER

ENTERED
CLERK, U.S. DISTRICT COURT
JUL - 5 2007
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY


DOCKETED ON CM
JUL - 5 2007
BY _____ 164

   As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)   The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                     Initials of Deputy Clerk  jh
CIVIL -- GEN                    1                   Time: 01/15

(408)

Exhibit 14 - Page 62

regarding date of production of documents (docket #545); and

(4)  The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)  The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)  Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL,** as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)  MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)  MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

MINUTES FORM 90  
CIVIL -- GEN

2

Initials of Deputy Clerk __jh_____  
Time: 01/15

Exhibit 14 - Page 63

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

| MINUTES FORM 90 | | Initials of Deputy Clerk __jh_____ |
|---|---|---|
| CIVIL -- GEN | 3 | Time: 01/15 |

Exhibit 14 - Page 64

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)     MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters ***known or reasonably available*** to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." <u>Sanders v. Circle K Corp.</u>, 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

<u>Alexander v. F.B.I.</u>, 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

| MINUTES FORM 90 | | Initials of Deputy Clerk __jh_____ |
|---|---|---|
| CIVIL -- GEN | 4 | Time: 01/15 |

Exhibit 14 - Page 65

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5) Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.