# Exhibit 20

DIANA M. TORRES (S.B. #162284)
JAMES P. JENAL (S.B. #180190)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

DALE M. CENDALI (admitted pro hac vice)
JOHANNA SCHMITT (admitted pro hac vice)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: dcendali@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Plaintiff
MGA Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) (Consolidated with CV 04-9059 and CV 05-2727) |
| Plaintiff, | |
| v. | **MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |
| MATTEL, INC., a Delaware Corporation, | |
| Defendant | |
| CONSOLIDATED WITH | |
| MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

| 1 | PROPOUNDING PARTY: | MGA ENTERTAINMENT, INC. |
| 2 | RESPONDING PARTY: | MATTEL, INC. |
| 3 | SET NO. | TWO |
| 4 | NOS. | 116-181 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all documents and tangible things described, in accordance with the Definitions and Instructions set forth below, on Thursday, April 26, 2007, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

**DEFINITIONS**

As used in these Requests:

1.     "BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress.

2.     "BRYANT" means Carter Bryant.

3.     "MACHADO" means Carlos Gustavo Machado Gomez.

4.     "TRUEBA" means Mariana Trueba Alamada.

5.     "VARGAS" means Pablo Vargas San Jose.

6.     "BRAWER" means Ron Brawer.

7.     "BRISBOIS" means Janine Brisbois.

8.     "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys,

- 1 -

1  parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-

2  in-interest, entities and persons acting in joint venture or partnership relationships

3  with MGA and any others acting on MGA's behalf, pursuant to its authority or

4  subject to its control.

5         9.    "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

6        10.    "MATTEL," "YOU" or "YOUR" means MATTEL, Inc. and any of

7  its past or present officers, directors, agents, employees, representatives,

8  consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

9  interest and successors-in-interest, entities and persons acting in joint venture or

10  partnership relationships with YOU and any others acting on YOUR behalf,

11  pursuant to YOUR authority or subject to YOUR control.

12        11.    "COMMUNICATION[S]" means any transmission of information

13  from one person or entity to another, including, without limitation, by personal

14  meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request

15  that encompasses information relating in any way to communications to, from or

16  within a business or corporate entity is hereby designated to mean, and should be

17  construed to include, all communications by and between representatives,

18  employees, agents or servants of the business or corporate entity.

19        12.    "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

20  Civil Procedure 34, and shall be construed in the broadest sense to mean any and all

21  writings, tangible things and property, of any kind, that are now or that have been in

22  YOUR actual or constructive possession, custody or control, including, but not

23  limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

24  punched, copied, recorded, transcribed, graphic or photographic matter of any kind

25  or nature, in, through, or from which information may be embodied, translated,

26  conveyed or stored, whether an original, a draft or copy, however produced or

27  reproduced, whether sent or received or neither, including, but not limited to, notes,

28  memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports,

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 20 - Page 468

1    inter- and intra-office COMMUNICATIONS, work papers, work sheets, work

2    records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets,

3    estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders,

4    telephone records, telegrams, telexes, literature, invoices, contracts, purchase

5    orders, estimates, recordings, transcriptions of recordings, records, books,

6    pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio

7    and digital recordings, television commercials, story boards, website or other spot

8    advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

9    charts, drawings, sketches, messages, photographs and data contained in or

10    accessible through any electronic data processing system, including, but not limited

11    to, computer databases, data sheets, data processing cards, computer files and tapes,

12    computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic

13    mail, website and web pages and transcriptions thereof and all other

14    memorializations of any conversations, meetings and conferences, by telephone or

15    otherwise.  The term DOCUMENT also means every copy of a DOCUMENT,

16    where such copy is not an identical duplicate of the original, whether because of

17    deletions, underlinings, showing of blind copies, initialing, signatures, receipt

18    stamps, comments, notations, differences in stationery or any other difference or

19    modification of any kind.

20         13.   "MARKET RESEARCH" means any type of research, study, survey

21    or analysis of consumers or potential consumers of a product or potential product

22    including, without limitation, focus groups, consumer surveys, market analyses,

23    behavioral analyses and consumer research.

24         14.   "INVESTIGATIVE REPORT[S]" means any type of DOCUMENT

25    REFERRING OR RELATING TO an investigation, examination, research, study,

26    survey or analysis into the truth of the matter conducted by any employees, any

27    contractors or any third parties.

28

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 20 - Page 469

1    15.    "MGA PRODUCTS" means any and all products offered for sale by

2  MGA Entertainment, Inc. including, without limitation, "Bratz," "4-Ever Best

3  Friends," "Alien Racers," and "Mommy's Little Patient."

4    16.    "MY SCENE MY BLING BLING" means and refers to each image,

5  character, logo, doll, toy, accessory, product, packaging or other thing or matter that

6  is or has ever been manufactured, marketed or sold by MATTEL, or others under

7  license by MATTEL, as part of a line of goods or merchandise commonly known

8  as, or sold and marketed under the name, "My Scene My Bling Bling."

9    17.    "COMPLAINT" means the complaint filed April 13, 2005 in *MGA*

10  *Entertainment, Inc. v. Mattel, Inc.,* CV 05-02727.

11    18.    "ANSWER" means the answer filed May 13, 2005 in *MGA*

12  *Entertainment, Inc. v. Mattel, Inc.,* CV 05-02727.

13    19.    "AMENDED ANSWER" means line 1, page 3 to line 3, page 27 of

14  *Mattel, Inc.'s Amended Answer in Case No. 05-02727 and Counterclaims for: 1.*

15  *Copyright Infringement; 2. Violation of the Racketeer Influenced and Corrupt*

16  *Organizations Act; 3. Conspiracy to Violate the Racketeer Influenced and Corrupt*

17  *Organizations Act; 4. Misappropriation of Trade Secrets; 5. Breach of Contract; 6.*

18  *Intentional Interference with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and*

19  *Abetting Breach of Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and*

20  *Abetting Breach of Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and*

21  *13. Declaratory Relief* filed January 12, 2007 in *Carter Bryant v. Mattel, Inc.,* CV

22  04-09049.

23    20.    "COUNTERCLAIM[S]" means line 4, page 27 to page 74 of *Mattel,*

24  *Inc.'s Amended Answer in Case No. 05-02727 and Counterclaims for: 1. Copyright*

25  *Infringement; 2. Violation of the Racketeer Influenced and Corrupt Organizations*

26  *Act; 3. Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations*

27  *Act; 4. Misappropriation of Trade Secrets; 5. Breach of Contract; 6. Intentional*

28  *Interference with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and Abetting*

- 4 -    MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 20 - Page 470

1   *Breach of Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and Abetting*

2   *Breach of Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and 13.*

3   *Declaratory Relief* filed January 12, 2007 in *Carter Bryant v. Mattel, Inc.,* CV 04-

4   09049.

5       21.   "PERSON" or "PERSONS" means all natural persons, partnerships,

6   corporations, joint ventures and any kind of business, legal or public entity or

7   organization, as well as its, his or her agents, representatives, employees, officers

8   and directors and anyone else acting on its, his or her behalf, pursuant to its, his or

9   her authority or subject to its, his or her control.

10      22.   "REFERRING OR RELATING TO" should be construed in the

11  broadest possible sense to mean concerning, consisting of, referring to, relating to,

12  describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

13  pertaining to, citing, summarizing, analyzing or bearing any logical or factual

14  connection with the matter requested or described.

15      23.   The singular form includes the plural and vice versa.

16      24.   The terms "any" and "all" are interchangeable.

17      25.   The terms "and" and "or" shall be construed disjunctively and

18  conjunctively, and each shall include the other whenever such dual construction

19  will serve to bring within the scope of any request, information that would

20  otherwise not be within its scope.

21                    **INSTRUCTIONS**

22      1.    YOU are instructed to produce all non-privileged DOCUMENTS in

23  YOUR possession, custody or control.  A document is in YOUR "possession,

24  custody, or control" if it is in YOUR physical possession, or if, as a practical

25  matter, YOU have the right, upon request, to obtain possession of the DOCUMENT

26  or a copy thereof from another person or entity who has physical possession of the

27  DOCUMENT.

28

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 20 - Page 471

2.     If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

3.     Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

4.     If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each DOCUMENT or portion of a DOCUMENT withheld:

    (a)    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

    (b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    (c)    A general description of the subject matter of the DOCUMENT;

    (d)    The basis of any claim of privilege; and

    (e)    If work-product is asserted, the proceeding for which the DOCUMENT was created.

5.     For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

    (a)    The reason the DOCUMENT is no longer in YOUR possession, custody or control;

    (b)    The person or entity, if any, who has possession, custody or control or, if unknown, so state;

- 6 -

(c)     If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.* destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

6.     These Requests impose a continuing obligation subsequent to YOUR initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 116:**

All DOCUMENTS REFERRING OR RELATING TO the quality and substance of the work done while working for MATTEL by any the following former MATTEL employees:

- Carter Bryant,

- Carlos Gustova Machado Gomez,

- Mariana Trueba Almada,

- Pablo Vargas San Jose,

- Ron Brawer, and

- Janine Brisbois,

including but not limited to personnel files, performance reviews, contracts, job descriptions, and interviews.

**REQUEST NO. 117:**

All DOCUMENTS containing COMMUNICATIONS regarding the resignations of the following former MATTEL employees:

- Carter Bryant,

- Carlos Gustova Machado Gomez,

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 20 - Page 473

1        - Mariana Trueba Almada,

2        - Pablo Vargas San Jose,

3        - Ron Brawer, and

4        - Janine Brisbois.

5    **REQUEST NO. 118:**

6        All DOCUMENTS REFERRING OR RELATING TO copyrights registered

7    to MATTEL REFERRING OR RELATING TO BRATZ designs as referred to in

8    paragraph 2 of YOUR COUNTERCLAIMS, including but not limited to

9    DOCUMENTS made in preparation of the registrations and COMMUNICATIONS

10   with the United States Copyright Office concerning the registrations.

11   **REQUEST NO. 119:**

12       All DOCUMENTS that tend to support or refute YOUR claim to copyrights

13   registered to MATTEL REFERRING OR RELATING TO BRATZ designs.

14   **REQUEST NO. 120:**

15       All DOCUMENTS REFERRING OR RELATING TO attempts by

16   MATTEL to copyright BRATZ designs, including but not limited to

17   DOCUMENTS made in preparation of the registrations and COMMUNICATIONS

18   with the United States Copyright Office concerning the registrations.

19   **REQUEST NO. 121:**

20       All DOCUMENTS REFERRING OR RELATING TO Copyright

21   Registrations VA 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-

22   378-652, VA 1-378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-

23   657, VA 1-378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271

24   and VAu 715-273 as identified in paragraph 83 of YOUR COUNTERCLAIMS,

25   including but not limited to DOCUMENTS made in preparation of the registrations

26   and COMMUNICATIONS with the United States Copyright Office concerning the

27   registrations.

28

- 8 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 20 - Page 474

**REQUEST NO. 122:**

All DOCUMENTS that tend to support or refute YOUR claim to Copyright Registrations VA 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271 and VAu 715-273 as identified in paragraph 83 of YOUR COUNTERCLAIMS.

**REQUEST NO. 123:**

All DOCUMENTS that tend to support or refute YOUR assertions in paragraph 26 of YOUR COUNTERCLAIMS regarding BRYANT's alleged work with other MATTEL employees and contractors to design and develop BRATZ, including but not limited to sculpts, models, plans or designs, associated clothing, and accessories.

**REQUEST NO. 124:**

All DOCUMENTS that tend to support or refute YOUR assertion in paragraph 27 of YOUR COUNTERCLAIMS regarding BRYANT's alleged enlistment of other MATTEL employees to perform work on BRATZ, including but not limited to emails, memoranda, notes, and recordings.

**REQUEST NO. 125:**

DOCUMENTS sufficient to identify by name and title the employees that BRYANT allegedly enlisted to perform work on BRATZ while BRYANT was still a MATTEL employee.

**REQUEST NO. 126:**

All DOCUMENTS that tend to support or refute YOUR assertion in paragraph 27 of YOUR COUNTERCLAIMS regarding BRYANT's alleged actions which led others to believe that work on BRATZ design or development was for MATTEL, including but not limited to emails, memoranda, notes, and recordings.

MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

Exhibit 20 - Page 475

**REQUEST NO. 127:**

DOCUMENTS sufficient to identify by name and title the employees that BRYANT led to believe that work done on BRATZ design or development was for MATTEL.

**REQUEST NO. 128:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion that MATTEL employees who allegedly worked on BRATZ design or development were led to believe that they were performing work on a project for MATTEL.

**REQUEST NO. 129:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 28 of YOUR COUNTERCLAIMS that BRYANT made affirmative misrepresentations to MATTEL management and employees, including but not limited to emails, memoranda, notes, and recordings.

**REQUEST NO. 130:**

DOCUMENTS sufficient to identify by name and title the members of management and employees to whom BRYANT allegedly made misrepresentations while employed at MATTEL.

**REQUEST NO. 131:**

All DOCUMENTS REFERRING OR RELATING TO the state of BRATZ design at the time BRYANT left MATTEL on October 20, 2000, including but not limited to sculpts, models, plans or designs, associated clothing, and accessories.

**REQUEST NO. 132:**

All DOCUMENTS REFERRING OR RELATING TO any contract BRYANT had with MATTEL.

**REQUEST NO. 133:**

All DOCUMENTS REFERRING OR RELATING TO whether any contracts or agreements that BRYANT, MACHADO, VARGAS, TRUEBA, BRAWER, or BRISBOIS had with MATTEL were legal, binding or enforceable.

- 10 -

**REQUEST NO. 134:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 30 of YOUR COUNTERCLAIMS that MGA Entertainment (HK) Limited has maintained regular and continuous contacts with persons in the County of Los Angeles.

**REQUEST NO. 135:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertions in paragraph 35 of YOUR COUNTERCLAIMS regarding BRYANT's alleged acts of concealment, such as tampering or defacing documents, including but not limited to the tampered or defaced documents, reports by employees or third parties, and recordings and DOCUMENTS sufficient to identify the employees or third parties with knowledge of the alleged acts of concealment.

**REQUEST NO. 136:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 41 of YOUR COUNTERCLAIMS regarding alleged copying, taking, accessing or modification of proprietary MATTEL documents by MACHADO, TRUEBA AND VARGAS, including but not limited to INVESTIGATIVE REPORTS.

**REQUEST NO. 137:**

DOCUMENTS sufficient to identify by name and title PERSONS with knowledge of alleged copying, taking, accessing or modification of proprietary MATTEL DOCUMENTS by MACHADO, TRUEBA AND VARGAS.

**REQUEST NO. 138:**

DOCUMENTS sufficient to identify by name and title PERSONS the supervisors of MACHADO, TRUEBA AND VARGAS.

**REQUEST NO. 139:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 41 of YOUR COUNTERCLAIMS regarding statements by MACHADO,

- 11 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 20 - Page 477

1   TRUEBA AND VARGAS concerning their resignations and concerning the

2   identity of their future employer.

3   **REQUEST NO. 140:**

4       All DOCUMENTS REFERRING OR RELATING TO the resignations of

5   MACHADO, TRUEBA AND VARGAS from MATTEL, including but not limited

6   to COMMUNICATIONS REFERRING OR RELATING TO the circumstances

7   surrounding the resignations of MACHADO, TRUEBA AND VARGAS and the

8   reasons for the resignations of MACHADO, TRUEBA AND VARGAS.

9   **REQUEST NO. 141:**

10      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

11  paragraphs 44, 48 and 49 of YOUR COUNTERCLAIMS that MACHADO took

12  MATTEL confidential and proprietary information, including but not limited to the

13  DOCUMENTS MACHADO allegedly copied, took, accessed or modified,

14  INVESTIGATIVE REPORTS of the incident, computer records of the incident and

15  the instruments used in the alleged copying, taking, accessing or modification.

16  **REQUEST NO. 142:**

17      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

18  paragraphs 45, 48 and 49 of YOUR COUNTERCLAIMS that VARGAS took

19  MATTEL confidential and proprietary information, including but not limited to the

20  DOCUMENTS VARGAS allegedly copied, took, accessed or modified,

21  INVESTIGATIVE REPORTS of the incident, computer records of the incident and

22  the instruments used in the alleged copying, taking, accessing or modification.

23  **REQUEST NO. 143:**

24      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

25  paragraphs 46, 48 and 49 of YOUR COUNTERCLAIMS that TRUEBA took

26  MATTEL confidential and proprietary information, including but not limited to the

27  DOCUMENTS TRUEBA allegedly copied, took, accessed or modified,

28

- 12 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 20 - Page 478

1    INVESTIGATIVE REPORTS of the incident, computer records of the incident and

2    the instruments used in the alleged copying, taking, accessing or modification.

3    **REQUEST NO. 144:**

4         All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

5    paragraph 47 of YOUR COUNTERCLAIMS that TRUEBA took steps to increase

6    her access to MATTEL's confidential information, including but not limited to any

7    meeting attendance records around the time of TRUEBA's resignation, any records

8    of available meetings and the subject matter of the meetings, any records of

9    TRUEBA's alleged contact with MATTEL employees or MATTEL contractors to

10   receive confidential information, and any records of what TRUEBA did with

11   MATTEL's confidential information.

12   **REQUEST NO. 145:**

13        All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

14   paragraph 51 of YOUR COUNTERCLAIMS that MACHADO, VARGAS AND

15   TRUEBA attempted to conceal their alleged theft of MATTEL's proprietary

16   information, INVESTIGATIVE REPORTS of the incidents, computer records of

17   the incidents and the instruments used in the incidents.

18   **REQUEST NO. 146:**

19        All DOCUMENTS REFERRING OR RELATING TO the events described

20   in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's notification

21   of Mexican authorities about the alleged theft of MATTEL's trade secret and

22   confidential information, including but not limited to affidavits, declarations,

23   complaints, and evidence filed with the Mexican authorities.

24   **REQUEST NO. 147:**

25        All DOCUMENTS REFERRING OR RELATING TO the events described

26   in paragraph 53 of YOUR COUNTERCLAIMS regarding the seizure at the

27   facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by Mexican

28   authorities, including but not limited to the search warrant, any report of the

- 13 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 20 - Page 479

1  seizure, any report regarding the materials seized, any determination by the

2  Mexican authorities regarding the materials seized, and any DOCUMENTS from

3  the facilities of MGAE de Mexico, S.R.L. de C.V., which were taken during the

4  seizure.

5  **REQUEST NO. 148:**

6      All DOCUMENTS REFERRING OR RELATING TO MATTEL's

7  involvement in the seizure of materials at the facilities of MGAE de Mexico, S.R.L.

8  de C.V. in Mexico City by Mexican authorities.

9  **REQUEST NO. 149:**

10      All DOCUMENTS REFERRING OR RELATING TO whether the items

11  seized by Mexican authorities from the facilities of MGAE de Mexico, S.R.L. de

12  C.V. in Mexico City belonged to MATTEL.

13  **REQUEST NO. 150:**

14      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

15  paragraph 59 of YOUR COUNTERCLAIMS regarding BRAWER's response to a

16  survey from President of MATTEL Brands, Matt Bousquette, including but not

17  limited to the DOCUMENT containing the survey that was sent to BRAWER, the

18  DOCUMENT containing BRAWER's alleged response, and any compilation of

19  survey responses.

20  **REQUEST NO. 151:**

21      All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

22  paragraph 62 of YOUR COUNTERCLAIMS regarding BRAWER's alleged

23  instruction to his assistant to print MATTEL's 2004 Sales Plan for one of

24  MATTEL's significant customers, including but not limited to the DOCUMENT

25  the assistant was instructed to print, any DOCUMENT containing BRAWER's

26  instruction, and any calendar of meetings that BRAWER was scheduled to attend or

27  was allowed to attend regarding the customer connected to the sales plan referenced

28  in paragraph 62 of YOUR COUNTERCLAIMS.

- 14 -

**REQUEST NO. 152:**

DOCUMENTS sufficient to identify the significant customer connected to the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

**REQUEST NO. 153:**

All DOCUMENTS REFERRING OR RELATING TO whether the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS was public information or contained public information.

**REQUEST NO. 154:**

All DOCUMENTS REFERRING OR RELATING TO PERSONS who had access to the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

**REQUEST NO. 155:**

All DOCUMENTS REFERRING OR RELATING TO BRAWER's MATTEL exit interview, including but not limited to reports, memoranda, notes, and recordings from or RELATING TO the exit interview.

**REQUEST NO. 156:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 69 of YOUR COUNTERCLAIMS regarding BRAWER's alleged contact with MATTEL employees after his resignation from MATTEL, including but not limited to reports, memoranda, notes, and recordings of or by MATTEL employees regarding the alleged contact with BRAWER.

**REQUEST NO. 157:**

DOCUMENTS sufficient to identify by name, title and telephone number MATTEL employees whom BRAWER allegedly contacted after his resignation from MATTEL, as alleged in paragraph 69 of YOUR COUNTERCLAIMS.

MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

Exhibit 20 - Page 481

**REQUEST NO. 158:**

All DOCUMENTS REFERRING OR RELATING TO BRISBOIS' MATTEL exit interview, including but not limited to reports, memoranda, notes, and recordings from or RELATING TO the exit interview.

**REQUEST NO. 159:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 74 of YOUR COUNTERCLAIMS regarding BRISBOIS' alleged copying, taking, accessing or modification of MATTEL confidential and proprietary information, including but not limited to the DOCUMENTS BRISBOIS allegedly copied, took, accessed or modified, INVESTIGATIVE REPORTS of the incident, computer records of the incident and the instruments used in the alleged copying, taking, accessing or modification.

**REQUEST NO. 160:**

All DOCUMENTS REFERRING OR RELATING TO the events alleged in paragraph 75 of YOUR COUNTERCLAIMS regarding MATTEL's notification of Canadian law enforcement authorities about BRISBOIS' alleged theft of MATTEL's trade secret and confidential information, including but not limited to affidavits, declarations, complaints, and evidence filed with the Canadian law enforcement authorities.

**REQUEST NO. 161:**

All DOCUMENTS REFERRING OR RELATING TO the events alleged in paragraph 75 of YOUR COUNTERCLAIMS regarding the seizure by Canadian law enforcement authorities of a thumb drive from BRISBOIS, including but not limited to the search warrant, any report of the seizure, any report regarding the materials seized, any determination by the Canadian law enforcement authorities regarding the materials seized, and any DOCUMENTS taken during the seizure.

MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

Exhibit 20 - Page 482

**REQUEST NO. 162:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the seizure by Canadian law enforcement authorities of a thumb drive from BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

**REQUEST NO. 163:**

All DOCUMENTS REFERRING OR RELATING TO what was contained on the thumb drive that the Canadian law enforcement authorities seized from BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

**REQUEST NO. 164:**

All DOCUMENTS REFERRING OR RELATING TO whether the DOCUMENTS contained on the thumb drive that the Canadian law enforcement authorities seized from BRISBOIS, mentioned in paragraph 75 of YOUR COUNTERCLAIMS, belong or belonged to MATTEL.

**REQUEST NO. 165:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 75 of YOUR COUNTERCLAIMS regarding BRISBOIS' access or modification of DOCUMENTS on the thumb drive seized by Canadian law enforcement authorities, including but not limited to the DOCUMENTS BRISBOIS allegedly access and modified, INVESTIGATIVE REPORTS of the BRISBOIS' access and modification of the DOCUMENTS, computer records of the alleged access and modification and the instruments used in the alleged access and modification.

**REQUEST NO. 166:**

All DOCUMENTS REFERRING OR RELATING TO or contained in the personnel files of the 25 former MATTEL employees from MATTEL's United States operations referenced in paragraph 77 of YOUR COUNTERCLAIMS, including but not limited to performance reviews, contracts, job descriptions, and interviews.

- 17 -

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 20 - Page 483

**REQUEST NO. 167:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 77 of YOUR COUNTERCLAIMS regarding the alleged copying, taking, accessing or modification of MATTEL confidential and proprietary information by former MATTEL employees that subsequently became MGA employees, including but not limited to the DOCUMENTS allegedly copied, taken, accessed or modified by former MATTEL employees that subsequently became MGA employees, INVESTIGATIVE REPORTS of these incidents, computer records of these incidents and the instruments used in the alleged copying, taking, accessing or modification.

**REQUEST NO. 168:**

All DOCUMENTS REFERRING OR RELATING TO YOUR COMMUNICATIONS with any third party regarding MY SCENE MY BLING BLING product with real gems, including but not limited to advertisements, announcements, memoranda, conversations, offers for sale, and purchase orders, including but not limited to any such COMMUNICATIONS made before May 12, 2006.

**REQUEST NO. 169:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 80 of YOUR COUNTERCLAIMS regarding misrepresentations that LARIAN made to retailers concerning MY SCENE MY BLING BLING.

**REQUEST NO. 170:**

All DOCUMENT REFERRING OR RELATING TO COMMUNICATIONS LARIAN had with third parties concerning any and all products made, sold or offered for sale by MATTEL.

**REQUEST NO. 171:**

All DOCUMENTS, including but not limited to COMMUNICATIONS, REFERRING OR RELATING TO any third party's decision not to buy, license,

- 18 -

1 manufacture, promote, distribute or sell MY SCENE MY BLING BLING,

2 including but not limited to MY SCENE MY BLING BLING with real gems.

3 **REQUEST NO. 172:**

4     All DOCUMENTS REFERRING OR RELATING TO harm to MATTEL

5 caused by MGA's alleged use of MATTEL's property and trade secrets, including

6 but not limited to MARKET RESEARCH, INVESTIGATIVE REPORTS, and

7 memoranda.

8 **REQUEST NO. 173:**

9     All DOCUMENTS REFERRING OR RELATING TO damages suffered by

10 MATTEL due to MGA's alleged infringement of MATTEL's copyrights, including

11 but not limited to MARKET RESEARCH, INVESTIGATIVE REPORTS, and

12 memoranda concerning actual damages.

13 **REQUEST NO. 174:**

14     All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

15 paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged

16 racketeering activity for the purpose of executing and attempting to execute a

17 scheme to improperly defraud MATTEL and steal MATTEL's trade secret.

18 **REQUEST NO. 175:**

19     All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in

20 paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged willful

21 conduct for the purpose of executing and attempting to execute a scheme to

22 improperly defraud MATTEL and steal its trade secret.

23 **REQUEST NO. 176:**

24     All DOCUMENTS REFERRING OR RELATING TO how access to

25 MATTEL'S confidential information is controlled, including but not limited to

26 DOCUMENTS CONTAINING MATTEL's policy with respect to confidential

27 information, sign-in and sign-out sheets for access to confidential information, logs

28

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 20 - Page 485

1  of PERSONS who access confidential information, and procedures for accessing

2  confidential information.

3  **REQUEST NO. 177:**

4       All DOCUMENTS REFERRING OR RELATING TO the steps and

5  procedures that MATTEL takes to keep MATTEL's confidential information

6  confidential.

7  **REQUEST NO. 178:**

8       All DOCUMENTS REFERRING OR RELATING TO any investigation,

9  surveillance, inspection, inquiry, survey or analysis into the activities, including but

10  not limited to electronic and computer related activities, alleged in YOUR

11  COUNTERCLAIMS.

12  **REQUEST NO. 179:**

13       DOCUMENTS sufficient to identify which MATTEL employees have access

14  to confidential or proprietary MATTEL information.

15  **REQUEST NO. 180:**

16       All DOCUMENTS REFERRING OR RELATING TO changes to store

17  layouts or displays for Mattel products in relation to MGA products from January 1,

18  2001 to the present.

19  **REQUEST NO. 181:**

20       All DOCUMENTS tending to support or refute any of the allegations or

21  statements in YOUR COUNTERCLAIMS, not produced in response to another

22  Request.

23

Dated:  March 27, 2007          O'MELVENY & MYERS LLP

24

25

26                                 B. Jennifer Glad

27                    Attorney for MGA Entertainment, Inc.

28

                                    - 20 -      MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS
IN CASE NO. 05-2727

Exhibit 20 - Page 486

**PROOF OF SERVICE**

I, C. Kelley Canning, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On March 27, 2007, I served the within document(s):

**MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727**

☒ by causing to be personally served the document(s) listed above to the person(s) listed below.

Michael T. Zeller, Esq.
Timothy Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Keith A. Jacoby, Esq.                    Patricia Glaser, Esq.
Littler Mendelson, P.C.                  Christensen, Glaser, Fink, Jacobs,
2049 Century Park East,                  Weil & Shapiro, LLP
Fifth Floor                              10250 Constellation Blvd.,
Los Angeles, CA 90067                    19th Floor
                                         Los Angeles, CA 90067

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on March 27, 2007, at Los Angeles, California.

*C. Kelley Canning*
C. Kelley Canning

LA2:826706

- 21 -

MGA'S SECOND SET OF REQUESTS FOR
THE PRODUCTION OF DOCUMENTS AND
THINGS IN CASE NO. 05-2727

Exhibit 20 - Page 487

**PROOF OF PERSONAL SERVICE**

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by Nationwide Legal, Inc., whose address is 316 W. 2nd Street, Suite 705, Los Angeles, CA 90012.  I am over the age of eighteen years and not a party to the within action.  On March 27, 2007, I personally served the following:

**MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727**

by delivering a copy thereof to the office of the following, and either handing the copy to or leaving it with ~~the~~ _L. LEVINE_ of the office thereof:

**Service List**

**Michael T. Zeller, Esq.**
**Timothy Alger, Esq.**
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
**865 Figueroa Street, 10th Floor**
**Los Angeles, California  90017**

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on March 27, 2007, at Los Angeles, California.

SIGNATURE: _____

PRINTED NAME: _Hector Meza_

LA2:826708

- 22 -