# Exhibit 23

RECEIVED
APR 20 2009

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP  Mitchell Silberberg & Knupp LLP
    John B. Quinn (Bar No. 090378)
2   johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Plaintiff and Counter-
   Defendant Mattel, Inc.
8

9
                UNITED STATES DISTRICT COURT
10
                CENTRAL DISTRICT OF CALIFORNIA
11
                       EASTERN DIVISION
12

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| v. | MATTEL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 146, 148, 153, 158, 160, 162, 174-178) IN CASE NO. 05-2727 |
| MATTEL, INC., a Delaware Corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | Hon. Stephen G. Larson |

07209/2882971.2

MATTEL'S SECOND SUPP. RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION
Exhibit 23 - Page 611

**Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Second Set of Requests for Production of Documents and Things in Case No. 05-2727 (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

**General Objections**

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1. Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2. Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege. Mattel will not produce such privileged documents.

1.     3.     Mattel objects to the Requests on the grounds and to the extent they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

    4.     Mattel objects to the Requests on the grounds and to the extent they seek information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

    5.     Mattel objects to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of MGA.

    6.     Mattel objects to the Requests on the grounds and to the extent they seek documents not in Mattel's possession, custody or control.

    7.     Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

    8.     Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

    9.     Mattel objects to the Requests on the ground and to the extent they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties or would violate the terms of any agreement or contracts with third parties. Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.

10. Mattel objects to the Requests on the grounds that the definitions of the terms "MATTEL," "MGA," and "BRATZ" are overbroad, vague and ambiguous, and unduly burdensome.

11. Mattel objects to each and every Request that seeks "all" documents which constitute, mention, refer or relate to a given topic on the grounds of undue burden and oppression. Mattel will make available for inspection and copying those documents and tangible items, if any, that it is able to locate after a reasonable, good-faith search for and review of non-privileged responsive documents.

12. Mattel objects to each and every Request to the extent that they seek documents already produced in this action. Documents which have already been produced will not be produced again in response to these requests.

13. Objection to the production of any document or category of documents described in the Requests, or agreement to produce any such documents, is not and shall not be construed as an admission by Mattel that any such documents or category of documents exist. Where the responses indicate that he will produce such responsive documents, such documents, if any, will be produced if and to the extent any such documents are in his possession, custody or control.

14. Mattel objects to the time, place and manner of production specified in defendant's Requests. Mattel will produce such responsive, non-privileged documents and tangible things, if any and to the extent not previously produced, in accordance with its responses at a time and place and in a manner that is reasonable, convenient and mutually agreed upon by the parties.

**SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

Each of the following objections and responses to the Requests is expressly made subject to the above Preliminary Statement and General Objections, all of which are incorporated in each of the following objections and responses to

1  specific requests. A statement that Mattel will produce documents or tangible things
2  in response to a Request is not intended to suggest, nor should it be construed to
3  mean, that any such documents or tangible things exist, or that they are in Mattel's
4  possession, custody or control.
5
6  **REQUEST FOR PRODUCTION NO. 146:**
7  All DOCUMENTS REFERRING OR RELATING TO the events
8  described in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's
9  notification of Mexican authorities about the alleged theft of MATTEL's trade secret
10 and confidential information, including but not limited to affidavits, declarations,
11 complaints, and evidence filed with the Mexican authorities.
12
13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**
14 In addition to the general objections stated above which are
15 incorporated herein by reference, Mattel objects to this Request on the grounds that
16 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
17 documents on this subject without limitation as to time, and regardless of whether
18 such documents relate to products or matters at issue in this case. Mattel further
19 objects to the Request on the grounds that it seeks documents that are not relevant to
20 this action or likely to lead to the discovery of admissible evidence. Mattel further
21 objects to this Request on the grounds that it seeks confidential, proprietary and
22 trade secret information, including such information that has no bearing on the
23 claims or defenses in this case. Mattel further objects on the grounds that the
24 Request seeks documents that are evidence in or pertain to criminal proceedings,
25 disclosure of which might interfere with such proceedings. Mattel further objects to
26 this Request on the grounds that it calls for the disclosure of information subject to
27 the attorney-client privilege, the attorney work-product doctrine and other applicable
28 privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce non-privileged documents responsive to this request, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 148:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the seizure of materials at the facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by Mexican authorities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that the Request seeks documents that are evidence in or pertain to criminal proceedings, disclosure of which might interfere with such proceedings. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents regarding Mattel's

communications with Mexican law enforcement personnel that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 153:**

All DOCUMENTS REFERRING OR RELATING TO whether the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS was public information or contained public information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in its use of "contained public information" and in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to the confidential nature of the 2004 Sales Plan, including any documents relating to it being or containing public information, that are in Mattel's possession, custody, or control, if

any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 160:**

All DOCUMENTS REFERRING OR RELATING TO the events alleged in paragraph 75 of YOUR COUNTERCLAIMS regarding MATTEL's notification of Canadian law enforcement authorities about BRISBOIS' alleged theft of MATTEL's trade secret and confidential information, including but not limited to affidavits, declarations, complaints, and evidence filed with the Canadian law enforcement authorities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that the Request seeks documents that are evidence in or pertain to criminal proceedings, disclosure of which might interfere with such proceedings. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce non-privileged documents responsive to this request, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 162:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the seizure by Canadian law enforcement authorities of a thumb drive from BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that the Request seeks documents that are evidence in or pertain to criminal proceedings, disclosure of which might interfere with such proceedings. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents regarding Mattel's

1 communications with Canadian law enforcement personnel that are in Mattel's
2 possession, custody, or control, if any, that Mattel has been able to locate after a
3 diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 174:**

All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged racketeering activity for the purpose of executing and attempting to execute a scheme to improperly defraud MATTEL and steal MATTEL's trade secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel also objects to this Request on the grounds that it seeks documents and information in the possession, custody or control of MGA, but that MGA has failed and refused to produce. Mattel further objects to this Request on the grounds that it is duplicative of other requests. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that the Request seeks documents that are evidence in or pertain to criminal proceedings, disclosure of which might interfere with such proceedings. Mattel further objects to this Request on the grounds that it calls for

1  the disclosure of information subject to the attorney-client privilege, the attorney
2  work-product doctrine and other applicable privileges.
3       Subject to the foregoing objections, Mattel responds as follows: Mattel
4  will produce responsive, non-privileged documents that are in Mattel's possession,
5  custody, or control, if any, that Mattel has been able to locate after a diligent search
6  and reasonable inquiry, to the extent not previously produced.
7
8  **REQUEST FOR PRODUCTION NO. 175:**
9       All DOCUMENTS REFERRING OR RELATING TO YOUR
10 assertion in paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged
11 willful conduct for the purpose of executing and attempting to execute a scheme to
12 improperly defraud MATTEL and steal its trade secret.
13
14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**
15      In addition to the general objections stated above which are
16 incorporated herein by reference, Mattel objects to this Request on the grounds that
17 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 documents on this subject without limitation as to time, and regardless of whether
19 such documents relate to products or matters at issue in this case. Mattel further
20 objects to the Request on the grounds that it seeks documents that are not relevant to
21 this action or likely to lead to the discovery of admissible evidence. Mattel further
22 objects to this Request on the grounds that it seeks confidential, proprietary and
23 trade secret information, including such information that has no bearing on the
24 claims or defenses in this case. Mattel further objects on the grounds that the
25 Request seeks documents that are evidence in or pertain to criminal proceedings,
26 disclosure of which might interfere with such proceedings. Mattel further objects to
27 this Request on the grounds that it calls for the disclosure of information subject to
28

1 | the attorney-client privilege, the attorney work-product doctrine and other applicable
2 | privileges.
3 |       Subject to the foregoing objections, Mattel responds as follows: Mattel
4 | will produce responsive, non-privileged documents that are in Mattel's possession,
5 | custody, or control, if any, that Mattel has been able to locate after a diligent search
6 | and reasonable inquiry, to the extent not previously produced.
7 |
8 | **REQUEST FOR PRODUCTION NO. 176:**
9 |       All DOCUMENTS REFERRING OR RELATING TO how access to
10 | MATTEL'S confidential information is controlled, including but not limited to
11 | DOCUMENTS CONTAINING MATTEL's policy with respect to confidential
12 | information, sign-in and sign-out sheets for access to confidential information, logs
13 | of PERSONS who access confidential information, and procedures for accessing
14 | confidential information.
15 |
16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**
17 |       In addition to the general objections stated above which are
18 | incorporated herein by reference, Mattel objects to this Request on the grounds that
19 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
20 | documents on this subject without limitation as to time, and regardless of whether
21 | such documents relate to products or matters at issue in this case. Mattel further
22 | objects to the Request on the grounds that it seeks documents that are not relevant to
23 | this action or likely to lead to the discovery of admissible evidence. Mattel further
24 | objects to this Request on the grounds that it seeks confidential, proprietary and
25 | trade secret information, including such information that has no bearing on the
26 | claims or defenses in this case. Mattel further objects on the grounds that the
27 | Request seeks documents that are evidence in or pertain to criminal proceedings,
28 | disclosure of which might interfere with such proceedings. Mattel further objects to

07209/2882971.2

-11-
MATTEL'S SECOND SUPP. RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 23 - Page 622

this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents that relate to the trade secrets at issue in this case and to the policies and procedures applied in the U.S., Mexico and Canada with respect to those trade secrets, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 177:**

All DOCUMENTS REFERRING OR RELATING TO the steps and procedures that MATTEL takes to keep MATTEL's confidential information confidential.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that the Request seeks documents that are evidence in or pertain to criminal proceedings,

disclosure of which might interfere with such proceedings. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents that relate to the confidential information at issue in this case and to the policies and procedures applied in the U.S., Mexico and Canada with respect to that confidential information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 178:**

All DOCUMENTS REFERRING OR RELATING TO any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities, alleged in YOUR COUNTERCLAIMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that the

1 | Request seeks documents that are evidence in or pertain to criminal proceedings,
2 | disclosure of which might interfere with such proceedings. Mattel further objects to
3 | this Request on the grounds that it calls for the disclosure of information subject to
4 | the attorney-client privilege, the attorney work-product doctrine and other applicable
5 | privileges.
6 |       Subject to the foregoing objections, Mattel responds as follows: Mattel
7 | will produce responsive, non-privileged documents relating to the discovery of
8 | MGA's thefts of trade secret and other confidential Mattel information that are in
9 | Mattel's possession, custody, or control, if any, that Mattel has been able to locate
10 | after a diligent search and reasonable inquiry, to the extent not previously produced.

DATED: April 17, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Diane C. Hutnyan
Diane C. Hutnyan
Attorneys for Plaintiff and Counter-Defendant Mattel, Inc.

07209/2882971.2

-14-
MATTEL'S SECOND SUPP. RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 23 - Page 625

**RECEIVED**
APR 20 2009
Mitchell Silberberg & Knupp LLP

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with:<br>Case No. CV 04-09039<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **PROOF OF SERVICE** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Apex Attorney Services, 1055 West Seventh Street, Suite 250, Los Angeles, CA 90017.

On April 17, 2009, I served true copies of the following documents described as:

(1) MATTEL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 146, 148, 153, 158, 160, 162, 174-178) IN CASE NO. 05-2727

(2) MATTEL'S SUPPLEMENTAL RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION (NOS. 486, 488-489, 491)

on the parties in this action as follows:

Mitchell, Silberberg, & Knupp, LLP           **Attorneys for *the MGA Parties***
  Russell J. Frackman, Esq.
11377 W. Olympic Blvd.
Los Angeles, CA 90064

[√] **PERSONAL**: By personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on April 17, 2009, at Los Angeles, California.

/s/ Antonio Huizar
_____
Antonio Huizar

GL578/2892439.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

Exhibit 23 - Page 627

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Apex Attorney Services, 1055 West Seventh Street, Suite 250, Los Angeles, CA 90017.

On April 17, 2009, I served true copies of the following documents described as:

(1) MATTEL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 146, 148, 153, 158, 160, 162, 174-178) IN CASE NO. 05-2727

(2) MATTEL'S SUPPLEMENTAL RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION (NOS. 486, 488-489, 491)

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>Thomas J. Nolan, Esq.<br>Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 | **Attorneys for *the MGA Parties*** |
| Overland Borenstein Scheper & Kim LLP<br>Mark E. Overland, Esq.<br>Alexander H. Cote, Esq.<br>601 W. 5th Street, 12th Floor<br>Los Angeles, CA 90017 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

[√] **PERSONAL**: By personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on April 17, 2009, at Los Angeles, California.

/s/ Michell Hernandez
_____
Mitchell Hernandez

GL578/2892439.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

Exhibit 23 - Page 628

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Apex Attorney Services, 1055 West Seventh Street, Suite 250, Los Angeles, CA 90017.

On April 17, 2009, I served true copies of the following documents described as:

(1)   MATTEL, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 146, 148, 153, 158, 160, 162, 174-178) IN CASE NO. 05-2727

(2)   MATTEL'S SUPPLEMENTAL RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION (NOS. 486, 488-489, 491)

on the parties in this action as follows:

Glaser, Weil, Fink, Jacobs, & Shapiro, LLP    **Attorneys for *the MGA Parties***
  Patricia L. Glaser, Esq.
10250 Constellation Blvd 19th Floor
Los Angeles, CA 90067

[√]   **PERSONAL**: By personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on April 17, 2009, at Los Angeles, California.

/s/ Ralph Rodriguez
_____
Ralph Rodriguez

GL578/2892439.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

Exhibit 23 - Page 629