# Exhibit 25

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-
Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727<br><br>Hon. Stephen G. Larson |

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 25 - Page 672

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered.  Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents.  Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Third Set of Requests for Production of Documents and Things in Case No. 05-2727 (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.      Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.      Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege.  Mattel will not produce such privileged documents.

:06/2109199.1

3.   Mattel objects to the Requests on the grounds and to the extent they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

4.   Mattel objects to the Requests on the grounds and to the extent they seek information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.   Mattel objects to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of MGA.

6.   Mattel objects to the Requests on the grounds and to the extent they seek documents not in Mattel's possession, custody or control.

7.   Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

8.   Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

9.   Mattel objects to the Requests on the ground and to the extent they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties or would violate the terms of any agreement or contracts with third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.

-2-

10.    Mattel objects to the Requests on the grounds that the definitions of the terms "MATTEL" and "MGA" are overbroad, vague and ambiguous, and unduly burdensome.

11.    Mattel objects to each and every Request that seeks "all" documents which constitute, mention, refer or relate to a given topic on the grounds of undue burden and oppression.  Mattel will make available for inspection and copying those documents and tangible items, if any, that it is able to locate after a reasonable, good-faith search for and review of non-privileged responsive documents.

12.    Mattel objects to each and every Request to the extent that they seek documents already produced in this action.  Documents which have already been produced will not be produced a second time in response to these requests.

13.    Objection to the production of any document or category of documents described in the Requests, or agreement to produce any such documents, is not and shall not be construed as an admission by Mattel that any such documents or category of documents exist.  Where the responses indicate that he will produce responsive documents, such documents, if any, will be produced if and to the extent any such documents are in his possession, custody or control.

14.    Mattel objects to the time, place and manner of production specified in defendant's Requests.  Mattel will produce responsive, non-privileged documents and tangible things, if any and to the extent not previously produced, in accordance with its responses at a time and place and in a manner that is reasonable, convenient and mutually agreed upon by the parties.

**SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

Each of the following objections and responses to the Requests is expressly made subject to the above Preliminary Statement and General Objections, all of which are incorporated in each of the following objections and responses to

1  specific requests.  A statement that Mattel will produce documents or tangible things

2  in response to a Request is not intended to suggest, nor should it be construed to

3  mean, that any such documents or tangible things exist, or that they are in Mattel's

4  possession, custody or control.

5

6  **REQUEST FOR PRODUCTION NO. 182:**

7        All DOCUMENTS REFERRING OR RELATING TO Ricardo

8  Abundis's alleged knowledge of "MGA's access to Mattel's intellectual property and

9  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

10  DISCLOSURES.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

13        In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case.  Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant to

19  this action or likely to lead to the discovery of admissible evidence.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information that has no bearing on the claims or defenses in this case.

22  Mattel further objects to this Request on the grounds that it calls for the disclosure

23  of information subject to the attorney-client privilege, the attorney work-product

24  doctrine and other applicable privileges.

25

26  **REQUEST FOR PRODUCTION NO. 183:**

27        All DOCUMENTS REFERRING OR RELATING TO Lourdes

28  Aguilar's alleged knowledge of "MGA's access to Mattel's intellectual property and

-4-

1 | trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
2 | DISCLOSURES.

3 |

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

5 | In addition to the general objections stated above which are
6 | incorporated herein by reference, Mattel objects to this Request on the grounds that
7 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
8 | documents on this subject without limitation as to time, and regardless of whether
9 | such documents relate to products or matters at issue in this case.  Mattel further
10 | objects to the Request on the grounds that it seeks documents that are not relevant to
11 | this action or likely to lead to the discovery of admissible evidence.  Mattel further
12 | objects to this Request on the grounds that it seeks confidential, proprietary and
13 | trade secret information that has no bearing on the claims or defenses in this case.
14 | Mattel further objects to this Request on the grounds that it calls for the disclosure
15 | of information subject to the attorney-client privilege, the attorney work-product
16 | doctrine and other applicable privileges.

17 |

18 | **REQUEST FOR PRODUCTION NO. 184:**

19 | All DOCUMENTS REFERRING OR RELATING TO Mariana Trueba
20 | Almada's alleged knowledge of "MGA's theft of Mattel's intellectual property and
21 | trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
22 | DISCLOSURES.

23 |

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

25 | In addition to the general objections stated above which are
26 | incorporated herein by reference, Mattel objects to this Request on the grounds that
27 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
28 | documents on this subject without limitation as to time, and regardless of whether

206/2109199.1

-5-

1   such documents relate to products or matters at issue in this case.  Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant to

3   this action or likely to lead to the discovery of admissible evidence.  Mattel further

4   objects to this Request on the grounds that it seeks confidential, proprietary and

5   trade secret information that has no bearing on the claims or defenses in this case.

6   Mattel further objects to this Request on the grounds that it calls for the disclosure

7   of information subject to the attorney-client privilege, the attorney work-product

8   doctrine and other applicable privileges.

9

10  **REQUEST FOR PRODUCTION NO. 185:**

11          All DOCUMENTS REFERRING OR RELATING TO Jules Andres's

12  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

13  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

16          In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

19  documents on this subject without limitation as to time, and regardless of whether

20  such documents relate to products or matters at issue in this case.  Mattel further

21  objects to the Request on the grounds that it seeks documents that are not relevant to

22  this action or likely to lead to the discovery of admissible evidence.  Mattel further

23  objects to this Request on the grounds that it seeks confidential, proprietary and

24  trade secret information that has no bearing on the claims or defenses in this case.

25  Mattel further objects to this Request on the grounds that it calls for the disclosure

26  of information subject to the attorney-client privilege, the attorney work-product

27  doctrine and other applicable privileges.

28

**REQUEST FOR PRODUCTION NO. 186:**

All DOCUMENTS in Jules Andres's possession or control REFERRING OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 187:**

All DOCUMENTS REFERRING OR RELATING TO Russell Arons's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

206/2109199.1

-7-

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case.  Mattel further

4  objects to the Request on the grounds that it seeks documents that are not relevant to

5  this action or likely to lead to the discovery of admissible evidence.  Mattel further

6  objects to this Request on the grounds that it seeks confidential, proprietary and

7  trade secret information that has no bearing on the claims or defenses in this case.

8  Mattel further objects to this Request on the grounds that it calls for the disclosure

9  of information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges.

11

12  **REQUEST FOR PRODUCTION NO. 188:**

13          All DOCUMENTS in Russell Arons's possession or control

14  REFERRING OR RELATING TO his alleged knowledge of "[t]he development

15  and ownership o1 intellectual property at issue," as alleged in MATTEL'S INITIAL

16  DISCLOSURES.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence.  Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information that has no bearing on the claims or defenses in this case.

28  Mattel further objects to this Request on the grounds that it calls for the disclosure

of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 189:**

All DOCUMENTS REFERRING OR RELATING TO Terry Bartlett's alleged knowledge of "Toy of the Year and the dealings of Mattel and MGA with TIA," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 190:**

All DOCUMENTS REFERRING OR RELATING TO Eve Karen Laskaris Bennett's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 191:**

All DOCUMENTS REFERRING OR RELATING TO Nancy Bennett's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and

206/2109199.1

-10-

1  trade secret information that has no bearing on the claims or defenses in this case.
2  Mattel further objects to this Request on the grounds that it calls for the disclosure
3  of information subject to the attorney-client privilege, the attorney work-product
4  doctrine and other applicable privileges.
5
6  **REQUEST FOR PRODUCTION NO. 192:**
7            All DOCUMENTS in Nancy Bennett's possession or control
8  REFERRING OR RELATING TO her alleged knowledge of "[t]he development
9  and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL
10 DISCLOSURES.
11
12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**
13           In addition to the general objections stated above which are
14 incorporated herein by reference, Mattel objects to this Request on the grounds that
15 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
16 documents on this subject without limitation as to time, and regardless of whether
17 such documents relate to products or matters at issue in this case.  Mattel further
18 objects to the Request on the grounds that it seeks documents that are not relevant to
19 this action or likely to lead to the discovery of admissible evidence.  Mattel further
20 objects to this Request on the grounds that it seeks confidential, proprietary and
21 trade secret information that has no bearing on the claims or defenses in this case.
22 Mattel further objects to this Request on the grounds that it calls for the disclosure
23 of information subject to the attorney-client privilege, the attorney work-product
24 doctrine and other applicable privileges.
25
26
27
28

-11-

**REQUEST FOR PRODUCTION NO. 193:**

All DOCUMENTS REFERRING OR RELATING TO Molly Benz's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 194:**

All DOCUMENTS in Molly Benz's possession or control REFERRING OR RELATING TO her alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 194:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 195:**

All DOCUMENTS REFERRING OR RELATING TO Jason Bergerson's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 195:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure

1   of information subject to the attorney-client privilege, the attorney work-product

2   doctrine and other applicable privileges.

3

4   **REQUEST FOR PRODUCTION NO. 196:**

5            All DOCUMENTS REFERRING OR RELATING TO John

6   Bloodworth's alleged knowledge of "MGA's access to Mattel's intellectual property

7   and trade secrets" and "MGA business practices," as alleged in MATTEL'S

8   INITIAL DISCLOSURES.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 196:**

11           In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case.  Mattel further

16  objects to the Request on the grounds that it seeks documents that are not relevant to

17  this action or likely to lead to the discovery of admissible evidence.  Mattel further

18  objects to this Request on the grounds that it seeks confidential, proprietary and

19  trade secret information that has no bearing on the claims or defenses in this case.

20  Mattel further objects to this Request on the grounds that it calls for the disclosure

21  of information subject to the attorney-client privilege, the attorney work-product

22  doctrine and other applicable privileges.

23

24  **REQUEST FOR PRODUCTION NO. 197:**

25           All DOCUMENTS REFERRING OR RELATING TO Kevin

26  Bloomfield's alleged knowledge of "MGA's access to Mattel's intellectual property

27  and trade secrets" and "MGA business practices," as alleged in MATTEL'S

28  INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 197:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 198:**

All DOCUMENTS REFERRING OR RELATING TO Matt Bousquette's alleged knowledge of "Mattel's business operations and the development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 198:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 25 - Page 687

J206/2109199.1

1  objects to this Request on the grounds that it seeks confidential, proprietary and

2  trade secret information that has no bearing on the claims or defenses in this case.

3  Mattel further objects to this Request on the grounds that it calls for the disclosure

4  of information subject to the attorney-client privilege, the attorney work-product

5  doctrine and other applicable privileges.

6

7  **REQUEST FOR PRODUCTION NO. 199:**

8          All DOCUMENTS in Matt Bousquette's possession or control

9  REFERRING OR RELATING TO his alleged knowledge of "Mattel's business

10 operations and the development and ownership of intellectual property at issue," as

11 alleged in MATTEL'S INITIAL DISCLOSURES.

12

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 199:**

14         In addition to the general objections stated above which are

15 incorporated herein by reference, Mattel objects to this Request on the grounds that

16 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17 documents on this subject without limitation as to time, and regardless of whether

18 such documents relate to products or matters at issue in this case.  Mattel further

19 objects to the Request on the grounds that it seeks documents that are not relevant to

20 this action or likely to lead to the discovery of admissible evidence.  Mattel further

21 objects to this Request on the grounds that it seeks confidential, proprietary and

22 trade secret information that has no bearing on the claims or defenses in this case.

23 Mattel further objects to this Request on the grounds that it calls for the disclosure

24 of information subject to the attorney-client privilege, the attorney work-product

25 doctrine and other applicable privileges.

26

27

28

**REQUEST FOR PRODUCTION NO. 200:**

All DOCUMENTS REFERRING OR RELATING TO Ron Brawer's alleged knowledge of "MLA's theft of Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 200:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 201:**

All DOCUMENTS REFERRING OR RELATING TO Janine Brisbois's alleged knowledge of "MLA's theft of Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 201:**

2         In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case.  Mattel further

7  objects to the Request on the grounds that it seeks documents that are not relevant to

8  this action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10  trade secret information that has no bearing on the claims or defenses in this case.

11  Mattel further objects to this Request on the grounds that it calls for the disclosure

12  of information subject to the attorney-client privilege, the attorney work-product

13  doctrine and other applicable privileges.

14

15  **REQUEST FOR PRODUCTION NO. 202:**

16         All DOCUMENTS REFERRING OR RELATING TO Carter Bryant's

17  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or

18  for MGA during his Mattel employment," "Bryant's breach of obligations to

19  Mattel," "MGA's theft of Mattel's intellectual property and trade secrets" and "MGA

20  business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 202:**

23         In addition to the general objections stated above which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

26  documents on this subject without limitation as to time, and regardless of whether

27  such documents relate to products or matters at issue in this case.  Mattel further

28  objects to the Request on the grounds that it seeks documents that are not relevant to

1  this action or likely to lead to the discovery of admissible evidence.  Mattel further
2  objects to this Request on the grounds that it seeks confidential, proprietary and
3  trade secret information that has no bearing on the claims or defenses in this case.
4  Mattel further objects to this Request on the grounds that it calls for the disclosure
5  of information subject to the attorney-client privilege, the attorney work-product
6  doctrine and other applicable privileges.

7

8  **REQUEST FOR PRODUCTION NO. 203:**

9        All DOCUMENTS REFERRING OR RELATING TO Sarah Buzby's
10  alleged knowledge of "[t]he development and ownership of intellectual property at
11  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 203:**

14        In addition to the general objections stated above which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
17  documents on this subject without limitation as to time, and regardless of whether
18  such documents relate to products or matters at issue in this case.  Mattel further
19  objects to the Request on the grounds that it seeks documents that are not relevant to
20  this action or likely to lead to the discovery of admissible evidence.  Mattel further
21  objects to this Request on the grounds that it seeks confidential, proprietary and
22  trade secret information that has no bearing on the claims or defenses in this case.
23  Mattel further objects to this Request on the grounds that it calls for the disclosure
24  of information subject to the attorney-client privilege, the attorney work-product
25  doctrine and other applicable privileges.

26

27

28

**REQUEST FOR PRODUCTION NO. 204:**

All DOCUMENTS in Sarah Buzby's possession or control REFERRING OR RELATING TO her alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 204:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 205:**

All DOCUMENTS REFERRING OR RELATING TO Juan Carlos Virrueta Carnacho's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

I206/2109199.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 205:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 206:**

All DOCUMENTS REFERRING OR RELATING TO Kathy Casey's alleged knowledge of "Mattel's business operations and the development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 206:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

1   objects to this Request on the grounds that it seeks confidential, proprietary and

2   trade secret information that has no bearing on the claims or defenses in this case.

3   Mattel further objects to this Request on the grounds that it calls for the disclosure

4   of information subject to the attorney-client privilege, the attorney work-product

5   doctrine and other applicable privileges.

6

7   **REQUEST FOR PRODUCTION NO. 207:**

8            All DOCUMENTS in Kathy Casey's possession or control

9   REFERRING OR RELATING TO her alleged knowledge of "Mattel's business

10  operations and the development and ownership of intellectual property at issue," as

11  alleged in MATTEL'S INITIAL DISCLOSURES.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 207:**

14           In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case.  Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information that has no bearing on the claims or defenses in this case.

23  Mattel further objects to this Request on the grounds that it calls for the disclosure

24  of information subject to the attorney-client privilege, the attorney work-product

25  doctrine and other applicable privileges.

26

27

28

-22-
RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION
Exhibit 25 - Page 694

1    **REQUEST FOR PRODUCTION NO. 208:**

2    　　　　All DOCUMENTS REFERRING OR RELATING TO Jorge Castilla's

3    alleged knowledge of "MGA's access to Mattel's intellectual property and trade

4    secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

5    DISCLOSURES.

6

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 208:**

8    　　　　In addition to the general objections stated above which are

9    incorporated herein by reference, Mattel objects to this Request on the grounds that

10    it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

11    documents on this subject without limitation as to time, and regardless of whether

12    such documents relate to products or matters at issue in this case.  Mattel further

13    objects to the Request on the grounds that it seeks documents that are not relevant to

14    this action or likely to lead to the discovery of admissible evidence.  Mattel further

15    objects to this Request on the grounds that it seeks confidential, proprietary and

16    trade secret information that has no bearing on the claims or defenses in this case.

17    Mattel further objects to this Request on the grounds that it calls for the disclosure

18    of information subject to the attorney-client privilege, the attorney work-product

19    doctrine and other applicable privileges.

20

21    **REQUEST FOR PRODUCTION NO. 209:**

22    　　　　All DOCUMENTS REFERRING OR RELATING TO Jimmy Cheng's

23    alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or

24    for MGA during his Mattel employment" and "MGA business practices," as alleged

25    in MA.11'EL'S INITIAL DISCLOSURES.

26

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 209:**

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case.  Mattel further

7  objects to the Request on the grounds that it seeks documents that are not relevant to

8  this action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10  trade secret information that has no bearing on the claims or defenses in this case.

11  Mattel further objects to this Request on the grounds that it calls for the disclosure

12  of information subject to the attorney-client privilege, the attorney work-product

13  doctrine and other applicable privileges.

14

15  **REQUEST FOR PRODUCTION NO. 210:**

16          All DOCUMENTS REFERRING OR RELATING TO Steve Quoc

17  Cheng's alleged knowledge of "MGA's access to Mattel's intellectual property and

18  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

19  DISCLOSURES.

20

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 210:**

22          In addition to the general objections stated above which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case.  Mattel further

27  objects to the Request on the grounds that it seeks documents that are not relevant to

28  this action or likely to lead to the discovery of admissible evidence.  Mattel further

-24-

1   objects to this Request on the grounds that it seeks confidential, proprietary and
2   trade secret information that has no bearing on the claims or defenses in this case.
3   Mattel further objects to this Request on the grounds that it calls for the disclosure
4   of information subject to the attorney-client privilege, the attorney work-product
5   doctrine and other applicable privileges.

6

7   **REQUEST FOR PRODUCTION NO. 211:**

8           All DOCUMENTS REFERRING OR RELATING TO Maureen
9   Mullen Chianese's alleged knowledge of "[t}he development and ownership of
10  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 211:**

13          In addition to the general objections stated above which are
14  incorporated herein by reference, Mattel objects to this Request on the grounds that
15  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
16  documents on this subject without limitation as to time, and regardless of whether
17  such documents relate to products or matters at issue in this case. Mattel further
18  objects to the Request on the grounds that it seeks documents that are not relevant to
19  this action or likely to lead to the discovery of admissible evidence. Mattel further
20  objects to this Request on the grounds that it seeks confidential, proprietary and
21  trade secret information that has no bearing on the claims or defenses in this case.
22  Mattel further objects to this Request on the grounds that it calls for the disclosure
23  of information subject to the attorney-client privilege, the attorney work-product
24  doctrine and other applicable privileges.

25

26

27

28

**REQUEST FOR PRODUCTION NO. 212:**

All DOCUMENTS REFERRING OR RELATING TO Ok Soo Choi's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 212:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 213:**

All DOCUMENTS in Ok Soo Choi's possession or control REFERRING OR RELATING TO his or her alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

I206/2109199.1

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case.  Mattel further

4  objects to the Request on the grounds that it seeks documents that are not relevant to

5  this action or likely to lead to the discovery of admissible evidence.  Mattel further

6  objects to this Request on the grounds that it seeks confidential, proprietary and

7  trade secret information that has no bearing on the claims or defenses in this case.

8  Mattel further objects to this Request on the grounds that it calls for the disclosure

9  of information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges.

11

12  **REQUEST FOR PRODUCTION NO. 214:**

13          All DOCUMENTS REFERRING OR RELATING TO Fabienne

14  Chonavel's alleged knowledge of "[t]he development of Bratz and MGA's access to

15  Mattel's intellectual property and trade secrets" and "MGA business practices," as

16  alleged in MATTEL'S INITIAL DISCLOSURES.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 214:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence.  Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information that has no bearing on the claims or defenses in this case.

28  Mattel further objects to this Request on the grounds that it calls for the disclosure

1  of information subject to the attorney-client privilege, the attorney work-product
2  doctrine and other applicable privileges.

3

4  **REQUEST FOR PRODUCTION NO. 215:**

5           All DOCUMENTS REFERRING OR RELATING TO Larry Clayton's
6  alleged knowledge of "[t]he development and ownership of intellectual property at
7  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 215:**

10          In addition to the general objections stated above which are
11  incorporated herein by reference, Mattel objects to this Request on the grounds that
12  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
13  documents on this subject without limitation as to time, and regardless of whether
14  such documents relate to products or matters at issue in this case.  Mattel further
15  objects to the Request on the grounds that it seeks documents that are not relevant to
16  this action or likely to lead to the discovery of admissible evidence.  Mattel further
17  objects to this Request on the grounds that it seeks confidential, proprietary and
18  trade secret information that has no bearing on the claims or defenses in this case.
19  Mattel further objects to this Request on the grounds that it calls for the disclosure
20  of information subject to the attorney-client privilege, the attorney work-product
21  doctrine and other applicable privileges.

22

23  **REQUEST FOR PRODUCTION NO. 216:**

24          All DOCUMENTS in Larry Clayton's possession or control
25  REFERRING OR RELATING TO his alleged knowledge of "[t]he development
26  and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL
27  DISCLOSURES.

28

-28-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 216:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 217:**

All DOCUMENTS REFERRING OR RELATING TO Elise Cloonan's alleged knowledge of "[d]esign and development of Bratz and Bryant's work for MGA during his employment by Mattel," "Bryant's breach of obligations to Mattel," "the development and ownership of intellectual property at issue," and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 217:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 25 - Page 701

0206/2109199.1

1   this action or likely to lead to the discovery of admissible evidence.  Mattel further

2   objects to this Request on the grounds that it seeks confidential, proprietary and

3   trade secret information that has no bearing on the claims or defenses in this case.

4   Mattel further objects to this Request on the grounds that it calls for the disclosure

5   of information subject to the attorney-client privilege, the attorney work-product

6   doctrine and other applicable privileges.

7

8   **REQUEST FOR PRODUCTION NO. 218:**

9           All DOCUMENTS REFERRING OR RELATING TO Gary Cogland's

10  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or

11  for MGA during his Mattel employment" and "MGA business practices," as alleged

12  in MATTEL'S INITIAL DISCLOSURES.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 218:**

15          In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case.  Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence.  Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information that has no bearing on the claims or defenses in this case.

24  Mattel further objects to this Request on the grounds that it calls for the disclosure

25  of information subject to the attorney-client privilege, the attorney work-product

26  doctrine and other applicable privileges.

27

28

-30-

**REQUEST FOR PRODUCTION NO. 219:**

All DOCUMENTS REFERRING OR RELATING TO Nick Armando Contreras's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 219:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 220:**

All DOCUMENTS REFERRING OR RELATING TO Daniel Cooney's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

0206/2109199.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 220:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 221:**

All DOCUMENTS REFERRING OR RELATING TO Stephanie Cota's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 221:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and

trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## REQUEST FOR PRODUCTION NO. 222:

All DOCUMENTS in Stephanie Cota's possession or control REFERRING OR RELATING TO her alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 222:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 223:**

All DOCUMENTS REFERRING OR RELATING TO David Dees's alleged knowledge of"[t]he development of Bratz," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 223:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 224:**

All DOCUMENTS REFERRING OR RELATING TO Alan Dennis's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 224:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

1  documents on this subject without limitation as to time, and regardless of whether
2  such documents relate to products or matters at issue in this case.  Mattel further
3  objects to the Request on the grounds that it seeks documents that are not relevant to
4  this action or likely to lead to the discovery of admissible evidence.  Mattel further
5  objects to this Request on the grounds that it seeks confidential, proprietary and
6  trade secret information that has no bearing on the claims or defenses in this case.
7  Mattel further objects to this Request on the grounds that it calls for the disclosure
8  of information subject to the attorney-client privilege, the attorney work-product
9  doctrine and other applicable privileges.
10
11  **REQUEST FOR PRODUCTION NO. 225:**
12         All DOCUMENTS in Alan Dennis's possession or control
13  REFERRING OR RELATING TO his alleged knowledge of "[t]he development
14  and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL
15  DISCLOSURES.
16
17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 225:**
18         In addition to the general objections stated above which are
19  incorporated herein by reference, Mattel objects to this Request on the grounds that
20  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
21  documents on this subject without limitation as to time, and regardless of whether
22  such documents relate to products or matters at issue in this case.  Mattel further
23  objects to the Request on the grounds that it seeks documents that are not relevant to
24  this action or likely to lead to the discovery of admissible evidence.  Mattel further
25  objects to this Request on the grounds that it seeks confidential, proprietary and
26  trade secret information that has no bearing on the claims or defenses in this case.
27  Mattel further objects to this Request on the grounds that it calls for the disclosure
28

-35-
RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 25 - Page 707

1 | of information subject to the attorney-client privilege, the attorney work-product
2 | doctrine and other applicable privileges.

3

4 | **REQUEST FOR PRODUCTION NO. 226:**

5 |       All DOCUMENTS REFERRING OR RELATING TO Luis H.
6 | Domingo's alleged knowledge of "MLA's access to Mattel's intellectual property and
7 | trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
8 | DISCLOSURES.

9

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 226:**

11 |       In addition to the general objections stated above which are
12 | incorporated herein by reference, Mattel objects to this Request on the grounds that
13 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
14 | documents on this subject without limitation as to time, and regardless of whether
15 | such documents relate to products or matters at issue in this case.  Mattel further
16 | objects to the Request on the grounds that it seeks documents that are not relevant to
17 | this action or likely to lead to the discovery of admissible evidence.  Mattel further
18 | objects to this Request on the grounds that it seeks confidential, proprietary and
19 | trade secret information that has no bearing on the claims or defenses in this case.
20 | Mattel further objects to this Request on the grounds that it calls for the disclosure
21 | of information subject to the attorney-client privilege, the attorney work-product
22 | doctrine and other applicable privileges.

23

24 | **REQUEST FOR PRODUCTION NO. 227:**

25 |       All DOCUMENTS REFERRING OR RELATING TO Ann Driskill's
26 | alleged knowledge of "Carter Bryant's breach of obligations to Mattel," as alleged in
27 | MATTEL'S INITIAL DISCLOSURES.

28

/206/2109199.1

-36-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 227:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 228:**

All DOCUMENTS in Ann Driskill's possession or control REFERRING OR RELATING TO her alleged knowledge of "Carter Bryant's breach of obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 228:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 229:**

All DOCUMENTS REFERRING OR RELATING TO Ian Dyer's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 229:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 230:**

All DOCUMENTS in Ian Dyer's possession or control REFERRING OR RELATING TO his alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 230:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 231:**

All DOCUMENTS REFERRING OR RELATING TO Robert Eckert's alleged knowledge of "Mattel's business operations and the development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 231:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case.  Mattel further

4  objects to the Request on the grounds that it seeks documents that are not relevant to

5  this action or likely to lead to the discovery of admissible evidence.  Mattel further

6  objects to this Request on the grounds that it seeks confidential, proprietary and

7  trade secret information that has no bearing on the claims or defenses in this case.

8  Mattel further objects to this Request on the grounds that it calls for the disclosure

9  of information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges.

11

12  **REQUEST FOR PRODUCTION NO. 232:**

13          All DOCUMENTS in Robert Eckert's possession or control

14  REFERRING OR RELATING TO his alleged knowledge of "Mattel's business

15  operations and the development and ownership of intellectual property at issue," as

16  alleged in MATTEL'S INITIAL DISCLOSURES.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 232:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence.  Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information that has no bearing on the claims or defenses in this case.

28  Mattel further objects to this Request on the grounds that it calls for the disclosure

1   of information subject to the attorney-client privilege, the attorney work-product

2   doctrine and other applicable privileges.

3

4   **REQUEST FOR PRODUCTION NO. 233:**

5           All DOCUMENTS REFERRING OR RELATING TO Jaime Elias's

6   alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

7   secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

8

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 233:**

10          In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case.  Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant to

16  this action or likely to lead to the discovery of admissible evidence.  Mattel further

17  objects to this Request on the grounds that it seeks confidential, proprietary and

18  trade secret information that has no bearing on the claims or defenses in this case.

19  Mattel further objects to this Request on the grounds that it calls for the disclosure

20  of information subject to the attorney-client privilege, the attorney work-product

21  doctrine and other applicable privileges.

22

23  **REQUEST FOR PRODUCTION NO. 234:**

24          All DOCUMENTS in Jaime Elias's possession or control REFERRING

25  OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual

26  property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 234:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 235:**

All DOCUMENTS REFERRING OR RELATING TO Wendy Feinberg's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 235:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 236:**

All DOCUMENTS REFERRING OR RELATING TO Joseph B. Feldman's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 236:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 237:**

All DOCUMENTS REFERRING OR RELATING TO Yeira Fierro's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 237:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 238:**

All DOCUMENTS in Yeira Fierro's possession or control REFERRING OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 238:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case. Mattel further

4  objects to the Request on the grounds that it seeks documents that are not relevant to

5  this action or likely to lead to the discovery of admissible evidence. Mattel further

6  objects to this Request on the grounds that it seeks confidential, proprietary and

7  trade secret information that has no bearing on the claims or defenses in this case.

8  Mattel further objects to this Request on the grounds that it calls for the disclosure

9  of information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges.

11

12  **REQUEST FOR PRODUCTION NO. 239:**

13          All DOCUMENTS REFERRING OR RELATING TO Neil Friedman's

14  alleged knowledge of "Mattel's business operations and the development and

15  ownership of intellectual property at issue" and "TIA and Toy of the Year," as

16  alleged in MATTEL'S INITIAL DISCLOSURES.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 239:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence. Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information that has no bearing on the claims or defenses in this case.

28  Mattel further objects to this Request on the grounds that it calls for the disclosure

-45-

Exhibit 25 - Page 717

**RESPONSE TO REQUEST FOR PRODUCTION NO. 305:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 306:**

All DOCUMENTS in Lily Martinez's possession or control REFERRING OR RELATING TO her alleged knowledge of "[t]he development and ownership of intellectual property at issue" and "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 306:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION
Exhibit 25 - Page 718

1  objects to this Request on the grounds that it seeks confidential, proprietary and

2  trade secret information that has no bearing on the claims or defenses in this case.

3  Mattel further objects to this Request on the grounds that it calls for the disclosure

4  of information subject to the attorney-client privilege, the attorney work-product

5  doctrine and other applicable privileges.

6

7  **REQUEST FOR PRODUCTION NO. 307:**

8        All DOCUMENTS REFERRING OR RELATING TO Susan G.

9  McBride's alleged knowledge of "MGA's access to Mattel's intellectual property and

10 trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

11 DISCLOSURES.

12

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 307:**

14       In addition to the general objections stated above which are

15 incorporated herein by reference, Mattel objects to this Request on the grounds that

16 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17 documents on this subject without limitation as to time, and regardless of whether

18 such documents relate to products or matters at issue in this case. Mattel further

19 objects to the Request on the grounds that it seeks documents that are not relevant to

20 this action or likely to lead to the discovery of admissible evidence. Mattel further

21 objects to this Request on the grounds that it seeks confidential, proprietary and

22 trade secret information that has no bearing on the claims or defenses in this case.

23 Mattel further objects to this Request on the grounds that it calls for the disclosure

24 of information subject to the attorney-client privilege, the attorney work-product

25 doctrine and other applicable privileges.

26

27

28

-94-

**REQUEST FOR PRODUCTION NO. 308:**

All DOCUMENTS REFERRING OR RELATING TO Barbara Miller's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 308:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 309:**

All DOCUMENTS REFERRING OR RELATING TO Frank B. Mils's alleged knowledge of "MLA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 309:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

1   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject without limitation as to time, and regardless of whether

3   such documents relate to products or matters at issue in this case.  Mattel further

4   objects to the Request on the grounds that it seeks documents that are not relevant to

5   this action or likely to lead to the discovery of admissible evidence.  Mattel further

6   objects to this Request on the grounds that it seeks confidential, proprietary and

7   trade secret information that has no bearing on the claims or defenses in this case.

8   Mattel further objects to this Request on the grounds that it calls for the disclosure

9   of information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges.

11

12  **REQUEST FOR PRODUCTION NO. 310:**

13      All DOCUMENTS REFERRING OR RELATING TO Joyce Ng's

14  alleged knowledge of "[d}esign and development of Bratz and Bryant's work with

15  or for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL

16  DISCLOSURES.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 310:**

19      In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence.  Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information that has no bearing on the claims or defenses in this case.

28  Mattel further objects to this Request on the grounds that it calls for the disclosure

1  of information subject to the attorney-client privilege, the attorney work-product

2  doctrine and other applicable privileges.

3

4  **REQUEST FOR PRODUCTION NO. 311**

5              All DOCUMENTS REFERRING OR RELATING TO Jill Nordquist's

6  alleged knowledge of "Bryant's breach of obligations to Mattel" and "MGA's access

7  to Mattel's intellectual property and trade secrets," as alleged in MATTEL'S

8  INITIAL DISCLOSURES.

9

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 311:**

11             In addition to the general objections stated above which are

12 incorporated herein by reference, Mattel objects to this Request on the grounds that

13 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

14 documents on this subject without limitation as to time, and regardless of whether

15 such documents relate to products or matters at issue in this case.  Mattel further

16 objects to the Request on the grounds that it seeks documents that are not relevant to

17 this action or likely to lead to the discovery of admissible evidence.  Mattel further

18 objects to this Request on the grounds that it seeks confidential, proprietary and

19 trade secret information that has no bearing on the claims or defenses in this case.

20 Mattel further objects to this Request on the grounds that it calls for the disclosure

21 of information subject to the attorney-client privilege, the attorney work-product

22 doctrine and other applicable privileges.

23

24 **REQUEST FOR PRODUCTION NO. 312:**

25             All DOCUMENTS in Jill Nordquist's possession or control

26 REFERRING OR RELATING TO her alleged knowledge of "Bryant's breach of

27 obligations to Mattel" and "MGA's access to Mattel's intellectual property and trade

28 secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 312:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 313:**

All DOCUMENTS REFERRING OR RELATING TO Conrad Nussbaum's alleged knowledge of "Mattel's business operations, Mattel's dealings with NPD, and the development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 313:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to

1  this action or likely to lead to the discovery of admissible evidence.  Mattel further

2  objects to this Request on the grounds that it seeks confidential, proprietary and

3  trade secret information that has no bearing on the claims or defenses in this case.

4  Mattel further objects to this Request on the grounds that it calls for the disclosure

5  of information subject to the attorney-client privilege, the attorney work-product

6  doctrine and other applicable privileges.

7

8  **REQUEST FOR PRODUCTION NO. 314:**

9         All DOCUMENTS in Conrad Nussbaum's possession or control

10 REFERRING OR RELATING TO his alleged knowledge of "Mattel's business

11 operations, Mattel's dealings with NPD, and the development and ownership of

12 intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

13

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 314:**

15        In addition to the general objections stated above which are

16 incorporated herein by reference, Mattel objects to this Request on the grounds that

17 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18 documents on this subject without limitation as to time, and regardless of whether

19 such documents relate to products or matters at issue in this case.  Mattel further

20 objects to the Request on the grounds that it seeks documents that are not relevant to

21 this action or likely to lead to the discovery of admissible evidence.  Mattel further

22 objects to this Request on the grounds that it seeks confidential, proprietary and

23 trade secret information that has no bearing on the claims or defenses in this case.

24 Mattel further objects to this Request on the grounds that it calls for the disclosure

25 of information subject to the attorney-client privilege, the attorney work-product

26 doctrine and other applicable privileges.

27

28

**REQUEST FOR PRODUCTION NO. 315:**

All DOCUMENTS REFERRING OR RELATING TO Laura Ochoa's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 315:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 316:**

All DOCUMENTS REFERRING OR RELATING TO Victoria O'Connor's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment, and MGA's efforts to conceal same," "MGA's access to Mattel's intellectual property and trade secrets," and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 316:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 317:**

All DOCUMENTS REFERRING OR RELATING TO Daniel Ray Owen's alleged knowledge of "MLA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 317:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

1   objects to this Request on the grounds that it seeks confidential, proprietary and

2   trade secret information that has no bearing on the claims or defenses in this case.

3   Mattel further objects to this Request on the grounds that it calls for the disclosure

4   of information subject to the attorney-client privilege, the attorney work-product

5   doctrine and other applicable privileges.

6

7   **REQUEST FOR PRODUCTION NO. 318:**

8             All DOCUMENTS REFERRING OR RELATING TO Amelia Ivy

9   Arafiles Palijo's alleged knowledge of "MGA's access to Mattel's intellectual

10  property and trade secrets" and "MGA business practices," as alleged in MATTEL'S

11  INITIAL DISCLOSURES.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 318:**

14            In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case.  Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information that has no bearing on the claims or defenses in this case.

23  Mattel further objects to this Request on the grounds that it calls for the disclosure

24  of information subject to the attorney-client privilege, the attorney work-product

25  doctrine and other applicable privileges.

26

27

28

-102-
RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 25 - Page 727

1  **REQUEST FOR PRODUCTION NO. 319:**

2      All DOCUMENTS REFERRING OR RELATING TO Karla

3  Papayanopulos's alleged knowledge of "MGA's theft of Mattel's intellectual

4  property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

5

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 319:**

7      In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case.  Mattel further

12  objects to the Request on the grounds that it seeks documents that are not relevant to

13  this action or likely to lead to the discovery of admissible evidence.  Mattel further

14  objects to this Request on the grounds that it seeks confidential, proprietary and

15  trade secret information that has no bearing on the claims or defenses in this case.

16  Mattel further objects to this Request on the grounds that it calls for the disclosure

17  of information subject to the attorney-client privilege, the attorney work-product

18  doctrine and other applicable privileges.

19

20  **REQUEST FOR PRODUCTION NO. 320:**

21      All DOCUMENTS in Karla Papayanopulos's possession or control

22  REFERRING OR RELATING TO her alleged knowledge of "MGA's theft of

23  Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

24  DISCLOSURES.

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 320:**

27      In addition to the general objections stated above which are

28  incorporated herein by reference, Mattel objects to this Request on the grounds that

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case.  Mattel further

4  objects to the Request on the grounds that it seeks documents that are not relevant to

5  this action or likely to lead to the discovery of admissible evidence.  Mattel further

6  objects to this Request on the grounds that it seeks confidential, proprietary and

7  trade secret information that has no bearing on the claims or defenses in this case.

8  Mattel further objects to this Request on the grounds that it calls for the disclosure

9  of information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges.

11

12  **REQUEST FOR PRODUCTION NO. 321:**

13  All DOCUMENTS in Mattel de Mexico, S.A. de C.V.'s possession or

14  control REFERRING OR RELATING TO Karla Papayanopulos's alleged

15  knowledge of "MLA's theft of Mattel's intellectual property and trade secrets," as

16  alleged in MATTEL'S INITIAL DISCLOSURES.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 321:**

19  In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence.  Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information that has no bearing on the claims or defenses in this case.

28  Mattel further objects to this Request on the grounds that it calls for the disclosure

of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 322:**

All DOCUMENTS REFERRING OR RELATING TO Cassidy Park's alleged knowledge of "Carter Bryant's breach of obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 322:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 323:**

All DOCUMENTS in Cassidy Park's possession or control REFERRING OR RELATING TO his alleged knowledge of "Carter Bryant's breach of obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 323:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 324:**

All DOCUMENTS REFERRING OR RELATING TO Thomas Park's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 324:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

1  objects to this Request on the grounds that it seeks confidential, proprietary and

2  trade secret information that has no bearing on the claims or defenses in this case.

3  Mattel further objects to this Request on the grounds that it calls for the disclosure

4  of information subject to the attorney-client privilege, the attorney work-product

5  doctrine and other applicable privileges.

6

7  **REQUEST FOR PRODUCTION NO. 325:**

8      All DOCUMENTS REFERRING OR RELATING TO Marlene

9  Parker's alleged knowledge of "[d]esign and development of Bratz and Bryant's

10  work with or for MGA during his Mattel employment" and "MGA business

11  practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 325:**

14      In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case.  Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information that has no bearing on the claims or defenses in this case.

23  Mattel further objects to this Request on the grounds that it calls for the disclosure

24  of information subject to the attorney-client privilege, the attorney work-product

25  doctrine and other applicable privileges.

26

27

28

**REQUEST FOR PRODUCTION NO. 326:**

All DOCUMENTS REFERRING OR RELATING TO Rene Pasko's alleged knowledge of"[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 326:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 327:**

All DOCUMENTS in Rene Pasko's possession or control REFERRING OR RELATING TO her alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 327:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 25 - Page 733

1  documents on this subject without limitation as to time, and regardless of whether

2  such documents relate to products or matters at issue in this case.  Mattel further

3  objects to the Request on the grounds that it seeks documents that are not relevant to

4  this action or likely to lead to the discovery of admissible evidence.  Mattel further

5  objects to this Request on the grounds that it seeks confidential, proprietary and

6  trade secret information that has no bearing on the claims or defenses in this case.

7  Mattel further objects to this Request on the grounds that it calls for the disclosure

8  of information subject to the attorney-client privilege, the attorney work-product

9  doctrine and other applicable privileges.

10

11  **REQUEST FOR PRODUCTION NO. 328:**

12         All DOCUMENTS REFERRING OR RELATING TO Danny

13  Pestonji's alleged knowledge of "MLA's access to Mattel's intellectual property and

14  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

15  DISCLOSURES.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 328:**

18         In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case.  Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant to

24  this action or likely to lead to the discovery of admissible evidence.  Mattel further

25  objects to this Request on the grounds that it seeks confidential, proprietary and

26  trade secret information that has no bearing on the claims or defenses in this case.

27  Mattel further objects to this Request on the grounds that it calls for the disclosure

28

1  of information subject to the attorney-client privilege, the attorney work-product

2  doctrine and other applicable privileges.

3

4  **REQUEST FOR PRODUCTION NO. 329:**

5          All DOCUMENTS REFERRING OR RELATING TO Pootipong

6  Phoosopha's alleged knowledge of "MGA's access to Mattel's intellectual property

7  and trade secrets" and "MGA business practices," as alleged in MATTEL'S

8  INITIAL DISCLOSURES.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 329:**

11          In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case.  Mattel further

16  objects to the Request on the grounds that it seeks documents that are not relevant to

17  this action or likely to lead to the discovery of admissible evidence.  Mattel further

18  objects to this Request on the grounds that it seeks confidential, proprietary and

19  trade secret information that has no bearing on the claims or defenses in this case.

20  Mattel further objects to this Request on the grounds that it calls for the disclosure

21  of information subject to the attorney-client privilege, the attorney work-product

22  doctrine and other applicable privileges.

23

24  **REQUEST FOR PRODUCTION NO. 330:**

25          All DOCUMENTS REFERRING OR RELATING TO Cynthia Pierce's

26  alleged knowledge of "[p]ayment from MGA to Carter Bryant," as alleged in

27  MATTEL'S INITIAL DISCLOSURES.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 330:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 331:**

All DOCUMENTS REFERRING OR RELATING TO Joni Pratte's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 331:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and

1   trade secret information that has no bearing on the claims or defenses in this case.

2   Mattel further objects to this Request on the grounds that it calls for the disclosure

3   of information subject to the attorney-client privilege, the attorney work-product

4   doctrine and other applicable privileges.

5

6   **REQUEST FOR PRODUCTION NO. 332:**

7            All DOCUMENTS in Joni Pratte's possession or control REFERRING

8   OR RELATING TO her alleged knowledge of "[t]he development and ownership of

9   intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 332:**

12           In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information that has no bearing on the claims or defenses in this case.

21  Mattel further objects to this Request on the grounds that it calls for the disclosure

22  of information subject to the attorney-client privilege, the attorney work-product

23  doctrine and other applicable privileges.

24

25  **REQUEST FOR PRODUCTION NO. 333:**

26           All DOCUMENTS REFERRING OR RELATING TO Jacqueline

27  Ramona Prince's alleged knowledge of "[d]esign and development of Bratz and

28  Bryant's work with or for MGA during his Mattel employment" and "Bryant's

1 | breach of obligations to Mattel," as alleged in MATTEL'S INITIAL
2 | DISCLOSURES.
3 |
4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 333:**
5 |      In addition to the general objections stated above which are
6 | incorporated herein by reference, Mattel objects to this Request on the grounds that
7 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
8 | documents on this subject without limitation as to time, and regardless of whether
9 | such documents relate to products or matters at issue in this case.  Mattel further
10 | objects to the Request on the grounds that it seeks documents that are not relevant to
11 | this action or likely to lead to the discovery of admissible evidence.  Mattel further
12 | objects to this Request on the grounds that it seeks confidential, proprietary and
13 | trade secret information that has no bearing on the claims or defenses in this case.
14 | Mattel further objects to this Request on the grounds that it calls for the disclosure
15 | of information subject to the attorney-client privilege, the attorney work-product
16 | doctrine and other applicable privileges.
17 |
18 | **REQUEST FOR PRODUCTION NO. 334:**
19 |      All DOCUMENTS REFERRING OR RELATING TO Andrea
20 | Ramirez's alleged knowledge of "MGA's access to Mattel's intellectual property and
21 | trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
22 | DISCLOSURES.
23 |
24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 334:**
25 |      In addition to the general objections stated above which are
26 | incorporated herein by reference, Mattel objects to this Request on the grounds that
27 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
28 | documents on this subject without limitation as to time, and regardless of whether

:06/2109199.1

-113-

1  such documents relate to products or matters at issue in this case.  Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant to

3  this action or likely to lead to the discovery of admissible evidence.  Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information that has no bearing on the claims or defenses in this case.

6  Mattel further objects to this Request on the grounds that it calls for the disclosure

7  of information subject to the attorney-client privilege, the attorney work-product

8  doctrine and other applicable privileges.

9

10  **REQUEST FOR PRODUCTION NO. 335:**

11          All DOCUMENTS REFERRING OR RELATING TO Jessie

12  Ramirez's alleged knowledge of "[d]esign and development of Bratz and Bryant's

13  work with or for MGA during his Mattel employment," as alleged in MATTEL'S

14  INITIAL DISCLOSURES.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 335:**

17          In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case.  Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant to

23  this action or likely to lead to the discovery of admissible evidence.  Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information that has no bearing on the claims or defenses in this case.

26  Mattel further objects to this Request on the grounds that it calls for the disclosure

27  of information subject to the attorney-client privilege, the attorney work-product

28  doctrine and other applicable privileges.

1

2 **REQUEST FOR PRODUCTION NO. 336:**

3           All DOCUMENTS REFERRING OR RELATING TO Erika Rangers

4 alleged knowledge of "MGA's access to Mattel's intellectual property and trade

5 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

6 DISCLOSURES.

7

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 336:**

9           In addition to the general objections stated above which are

10 incorporated herein by reference, Mattel objects to this Request on the grounds that

11 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

12 documents on this subject without limitation as to time, and regardless of whether

13 such documents relate to products or matters at issue in this case.  Mattel further

14 objects to the Request on the grounds that it seeks documents that are not relevant to

15 this action or likely to lead to the discovery of admissible evidence.  Mattel further

16 objects to this Request on the grounds that it seeks confidential, proprietary and

17 trade secret information that has no bearing on the claims or defenses in this case.

18 Mattel further objects to this Request on the grounds that it calls for the disclosure

19 of information subject to the attorney-client privilege, the attorney work-product

20 doctrine and other applicable privileges.

21

22 **REQUEST FOR PRODUCTION NO. 337:**

23           All DOCUMENTS REFERRING OR RELATING TO Lee Ratleff's

24 alleged knowledge of "MLA's access to Mattel's intellectual property and trade

25 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

26 DISCLOSURES.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 337:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 338:**

All DOCUMENTS REFERRING OR RELATING TO Wendy Reed's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 338:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 339:**

All DOCUMENTS REFERRING OR RELATING TO Scot Anthony Reyes's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 339:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 340:**

All DOCUMENTS REFERRING OR RELATING TO Anna Rhee's alleged knowledge of "[t]he development and ownership of intellectual property at issue," "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment," and "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 340:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 341:**

All DOCUMENTS REFERRING OR RELATING TO Judy Rich's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 341:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 342:**

All DOCUMENTS REFERRING OR RELATING TO Ian Richter's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 342:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and

1  trade secret information that has no bearing on the claims or defenses in this case.
2  Mattel further objects to this Request on the grounds that it calls for the disclosure
3  of information subject to the attorney-client privilege, the attorney work-product
4  doctrine and other applicable privileges.
5
6  **REQUEST FOR PRODUCTION NO. 343:**
7          All DOCUMENTS in Ian Richter's possession or control REFERRING
8  OR RELATING TO his alleged knowledge of "[t]he development and ownership of
9  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.
10
11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 343:**
12         In addition to the general objections stated above which are
13 incorporated herein by reference, Mattel objects to this Request on the grounds that
14 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
15 documents on this subject without limitation as to time, and regardless of whether
16 such documents relate to products or matters at issue in this case.  Mattel further
17 objects to the Request on the grounds that it seeks documents that are not relevant to
18 this action or likely to lead to the discovery of admissible evidence.  Mattel further
19 objects to this Request on the grounds that it seeks confidential, proprietary and
20 trade secret information that has no bearing on the claims or defenses in this case.
21 Mattel further objects to this Request on the grounds that it calls for the disclosure
22 of information subject to the attorney-client privilege, the attorney work-product
23 doctrine and other applicable privileges.
24
25 **REQUEST FOR PRODUCTION NO. 344:**
26         All DOCUMENTS REFERRING OR RELATING TO Alejandro
27 Gurza Romay's alleged knowledge of "MGA's access to Mattel's intellectual
28

-120-
RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION
Exhibit 25 - Page 745

1  property and trade secrets" and "MGA business practices," as alleged in MATTEL'S

2  INITIAL DISCLOSURES.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 344:**

5         In addition to the general objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

8  documents on this subject without limitation as to time, and regardless of whether

9  such documents relate to products or matters at issue in this case.  Mattel further

10 objects to the Request on the grounds that it seeks documents that are not relevant to

11 this action or likely to lead to the discovery of admissible evidence.  Mattel further

12 objects to this Request on the grounds that it seeks confidential, proprietary and

13 trade secret information that has no bearing on the claims or defenses in this case.

14 Mattel further objects to this Request on the grounds that it calls for the disclosure

15 of information subject to the attorney-client privilege, the attorney work-product

16 doctrine and other applicable privileges.

17

18 **REQUEST FOR PRODUCTION NO. 345:**

19        All DOCUMENTS REFERRING OR RELATING TO Desiree E.

20 Ronquillo's alleged knowledge of "MGA's access to Mattel's intellectual property

21 and trade secrets" and "MGA business practices," as alleged in MATTEL'S

22 INITIAL DISCLOSURES.

23

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 345:**

25        In addition to the general objections stated above which are

26 incorporated herein by reference, Mattel objects to this Request on the grounds that

27 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

28 documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case. Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant to

3   this action or likely to lead to the discovery of admissible evidence. Mattel further

4   objects to this Request on the grounds that it seeks confidential, proprietary and

5   trade secret information that has no bearing on the claims or defenses in this case.

6   Mattel further objects to this Request on the grounds that it calls for the disclosure

7   of information subject to the attorney-client privilege, the attorney work-product

8   doctrine and other applicable privileges.

9

10  **REQUEST FOR PRODUCTION NO. 346:**

11          All DOCUMENTS REFERRING OR RELATING TO David

12  Rosenbaum's alleged knowledge of "Bryant's breach of his obligations to Mattel"

13  and "Bryant's work with or for MGA during his Mattel employment," as alleged in

14  MATTEL'S INITIAL DISCLOSURES.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 346:**

17          In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant to

23  this action or likely to lead to the discovery of admissible evidence. Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information that has no bearing on the claims or defenses in this case.

26  Mattel further objects to this Request on the grounds that it calls for the disclosure

27  of information subject to the attorney-client privilege, the attorney work-product

28  doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 347:**

All DOCUMENTS REFERRING OR RELATING TO Lon P. Ross's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 347:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 348:**

All DOCUMENTS REFERRING OR RELATING TO Ivy Ross's alleged knowledge of "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 348:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 349:**

All DOCUMENTS REFERRING OR RELATING TO Arnold Rubin's alleged knowledge of "Toy of the Year and the dealings of Mattel and MGA with TIA," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 349:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION

206/2109199.1

Exhibit 25 - Page 749

1 objects to this Request on the grounds that it seeks confidential, proprietary and

2 trade secret information that has no bearing on the claims or defenses in this case.

3 Mattel further objects to this Request on the grounds that it calls for the disclosure

4 of information subject to the attorney-client privilege, the attorney work-product

5 doctrine and other applicable privileges.

6

7 **REQUEST FOR PRODUCTION NO. 350:**

8          All DOCUMENTS REFERRING OR RELATING TO Shirin

9 Salemnia's alleged knowledge of "MGA's access to Mattel's intellectual property

10 and trade secrets" and "MGA business practices," as alleged in MATTEL'S

11 INITIAL DISCLOSURES.

12

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 350:**

14          In addition to the general objections stated above which are

15 incorporated herein by reference, Mattel objects to this Request on the grounds that

16 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17 documents on this subject without limitation as to time, and regardless of whether

18 such documents relate to products or matters at issue in this case.  Mattel further

19 objects to the Request on the grounds that it seeks documents that are not relevant to

20 this action or likely to lead to the discovery of admissible evidence.  Mattel further

21 objects to this Request on the grounds that it seeks confidential, proprietary and

22 trade secret information that has no bearing on the claims or defenses in this case.

23 Mattel further objects to this Request on the grounds that it calls for the disclosure

24 of information subject to the attorney-client privilege, the attorney work-product

25 doctrine and other applicable privileges.

26

27

28

**REQUEST FOR PRODUCTION NO. 351:**

All DOCUMENTS REFERRING OR RELATING TO Pablo Vargas San Jose's alleged knowledge of "MLA's theft of Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 351:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 352:**

All DOCUMENTS REFERRING OR RELATING TO Chuck Scothon's alleged knowledge of "Mattel's business operations and the development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 352:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 353:**

All DOCUMENTS in Chuck Scothon's possession or control REFERRING OR RELATING TO his alleged knowledge of "Mattel's business operations and the development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 353:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to

1  this action or likely to lead to the discovery of admissible evidence.  Mattel further

2  objects to this Request on the grounds that it seeks confidential, proprietary and

3  trade secret information that has no bearing on the claims or defenses in this case.

4  Mattel further objects to this Request on the grounds that it calls for the disclosure

5  of information subject to the attorney-client privilege, the attorney work-product

6  doctrine and other applicable privileges.

7

8  **REQUEST FOR PRODUCTION NO. 354:**

9          All DOCUMENTS REFERRING OR RELATING TO Harvey Scott's

10 alleged knowledge of "MLA's access to Mattel's intellectual property and trade

11 secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

12 DISCLOSURES.

13

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 354:**

15          In addition to the general objections stated above which are

16 incorporated herein by reference, Mattel objects to this Request on the grounds that

17 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18 documents on this subject without limitation as to time, and regardless of whether

19 such documents relate to products or matters at issue in this case.  Mattel further

20 objects to the Request on the grounds that it seeks documents that are not relevant to

21 this action or likely to lead to the discovery of admissible evidence.  Mattel further

22 objects to this Request on the grounds that it seeks confidential, proprietary and

23 trade secret information that has no bearing on the claims or defenses in this case.

24 Mattel further objects to this Request on the grounds that it calls for the disclosure

25 of information subject to the attorney-client privilege, the attorney work-product

26 doctrine and other applicable privileges.

27

28

**REQUEST FOR PRODUCTION NO. 355:**

All DOCUMENTS REFERRING OR RELATING TO Mark Spencer's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 355:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 356:**

All DOCUMENTS REFERRING OR RELATING TO Holly Aileen Stinnett's alleged knowledge of "MLA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 356:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 25 - Page 754

1   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject without limitation as to time, and regardless of whether

3   such documents relate to products or matters at issue in this case.  Mattel further

4   objects to the Request on the grounds that it seeks documents that are not relevant to

5   this action or likely to lead to the discovery of admissible evidence.  Mattel further

6   objects to this Request on the grounds that it seeks confidential, proprietary and

7   trade secret information that has no bearing on the claims or defenses in this case.

8   Mattel further objects to this Request on the grounds that it calls for the disclosure

9   of information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges.

11

12  **[PAGE 35 OF REQUESTS, APPARENTLY CONTAINING REQUEST FOR**

13  **PRODUCTION NOS. 357-362, MISSING.]**

14

15  **REQUEST FOR PRODUCTION NO. 363:**

16          All DOCUMENTS REFERRING OR RELATING TO Marla Reynolds

17  Thompson's alleged knowledge of "MLA's access to Mattel's intellectual property

18  and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 363:**

21          In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

24  documents on this subject without limitation as to time, and regardless of whether

25  such documents relate to products or matters at issue in this case.  Mattel further

26  objects to the Request on the grounds that it seeks documents that are not relevant to

27  this action or likely to lead to the discovery of admissible evidence.  Mattel further

28  objects to this Request on the grounds that it seeks confidential, proprietary and

-130-

trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 364:**

All DOCUMENTS REFERRING OR RELATING TO Michele Thompson's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 364:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 365:**

All DOCUMENTS REFERRING OR RELATING TO Ben Ton's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or

-131-

1  for MGA during his Mattel employment" and "MGA business practices," as alleged
2  in MATTEL'S INITIAL DISCLOSURES.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 365:**

5     In addition to the general objections stated above which are
6  incorporated herein by reference, Mattel objects to this Request on the grounds that
7  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
8  documents on this subject without limitation as to time, and regardless of whether
9  such documents relate to products or matters at issue in this case.  Mattel further
10  objects to the Request on the grounds that it seeks documents that are not relevant to
11  this action or likely to lead to the discovery of admissible evidence.  Mattel further
12  objects to this Request on the grounds that it seeks confidential, proprietary and
13  trade secret information that has no bearing on the claims or defenses in this case.
14  Mattel further objects to this Request on the grounds that it calls for the disclosure
15  of information subject to the attorney-client privilege, the attorney work-product
16  doctrine and other applicable privileges.

17

18  **REQUEST FOR PRODUCTION NO. 366:**

19     All DOCUMENTS REFERRING OR RELATING TO Paula Dianthe
20  Treantafelles Garcia's alleged knowledge of "[d]esign and development of Bratz and
21  Bryant's work with or for MGA during his Mattel employment," "Bryant's breach of
22  obligations to Mattel," "MGA's theft of Mattel's intellectual property and trade
23  secrets," and "MGA business practices," as alleged in MATTEL'S INITIAL
24  DISCLOSURES.

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 366:**

27     In addition to the general objections stated above which are
28  incorporated herein by reference, Mattel objects to this Request on the grounds that

-132-
RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION
Exhibit 25 - Page 757

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case. Mattel further

4  objects to the Request on the grounds that it seeks documents that are not relevant to

5  this action or likely to lead to the discovery of admissible evidence. Mattel further

6  objects to this Request on the grounds that it seeks confidential, proprietary and

7  trade secret information that has no bearing on the claims or defenses in this case.

8  Mattel further objects to this Request on the grounds that it calls for the disclosure

9  of information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges.

11

12  **REQUEST FOR PRODUCTION NO. 367:**

13       All DOCUMENTS REFERRING OR RELATING TO Frankie Tsang's

14  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

15  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

16  DISCLOSURES.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 367:**

19       In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence. Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information that has no bearing on the claims or defenses in this case.

28  Mattel further objects to this Request on the grounds that it calls for the disclosure

1  of information subject to the attorney-client privilege, the attorney work-product

2  doctrine and other applicable privileges.

3

4  **REQUEST FOR PRODUCTION NO. 368:**

5          All DOCUMENTS REFERRING OR RELATING TO Vivianne

6  Waisman's alleged knowledge of "MLA's access to Mattel's intellectual property and

7  trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 368:**

10         In addition to the general objections stated above which are

11 incorporated herein by reference, Mattel objects to this Request on the grounds that

12 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

13 documents on this subject without limitation as to time, and regardless of whether

14 such documents relate to products or matters at issue in this case.  Mattel further

15 objects to the Request on the grounds that it seeks documents that are not relevant to

16 this action or likely to lead to the discovery of admissible evidence.  Mattel further

17 objects to this Request on the grounds that it seeks confidential, proprietary and

18 trade secret information that has no bearing on the claims or defenses in this case.

19 Mattel further objects to this Request on the grounds that it calls for the disclosure

20 of information subject to the attorney-client privilege, the attorney work-product

21 doctrine and other applicable privileges.

22

23 **REQUEST FOR PRODUCTION NO. 369:**

24         All DOCUMENTS in Vivianne Waisman's possession or control

25 REFERRING OR RELATING TO her alleged knowledge of "MGA's access to

26 Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

27 DISCLOSURES.

28

**RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 369:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 370:**

All DOCUMENTS REFERRING OR RELATING TO Simon Waldron's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 370:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and

1  trade secret information that has no bearing on the claims or defenses in this case.

2  Mattel further objects to this Request on the grounds that it calls for the disclosure

3  of information subject to the attorney-client privilege, the attorney work-product

4  doctrine and other applicable privileges.

5

6  **REQUEST FOR PRODUCTION NO. 371:**

7          All DOCUMENTS in Simon Waldron's possession or control

8  REFERRING OR RELATING TO his alleged knowledge of "[t]he development

9  and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL

10  DISCLOSURES.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 371:**

13          In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case.  Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant to

19  this action or likely to lead to the discovery of admissible evidence.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information that has no bearing on the claims or defenses in this case.

22  Mattel further objects to this Request on the grounds that it calls for the disclosure

23  of information subject to the attorney-client privilege, the attorney work-product

24  doctrine and other applicable privileges.

25

26  **REQUEST FOR PRODUCTION NO. 372:**

27          All DOCUMENTS REFERRING OR RELATING TO Anne Wang's

28  alleged knowledge of "Bryant's breach of his obligations to Mattel" and "Bryant's

206/2109199.1

-136-

1  work with or for MGA during his Mattel employment," as alleged in MATTEL'S

2  INITIAL DISCLOSURES.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 372:**

5          In addition to the general objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

8  documents on this subject without limitation as to time, and regardless of whether

9  such documents relate to products or matters at issue in this case. Mattel further

10 objects to the Request on the grounds that it seeks documents that are not relevant to

11 this action or likely to lead to the discovery of admissible evidence. Mattel further

12 objects to this Request on the grounds that it seeks confidential, proprietary and

13 trade secret information that has no bearing on the claims or defenses in this case.

14 Mattel further objects to this Request on the grounds that it calls for the disclosure

15 of information subject to the attorney-client privilege, the attorney work-product

16 doctrine and other applicable privileges.

17

18 **REQUEST FOR PRODUCTION NO. 373:**

19          All DOCUMENTS REFERRING OR RELATING TO Chang-Chin

20 Wang's alleged knowledge of "MGA's access to Mattel's intellectual property and

21 trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

22 DISCLOSURES.

23

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 373:**

25          In addition to the general objections stated above which are

26 incorporated herein by reference, Mattel objects to this Request on the grounds that

27 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

28 documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case.  Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant to

3  this action or likely to lead to the discovery of admissible evidence.  Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information that has no bearing on the claims or defenses in this case.

6  Mattel further objects to this Request on the grounds that it calls for the disclosure

7  of information subject to the attorney-client privilege, the attorney work-product

8  doctrine and other applicable privileges.

9

10  **REQUEST FOR PRODUCTION NO. 374:**

11      All DOCUMENTS REFERRING OR RELATING TO Mercedeh

12  Ward's alleged knowledge of "[d]esign and development of Bratz and Bryant's work

13  with or for MGA during his Mattel employment," "Bryant's breach of obligations to

14  Mattel," "MGA's access to Mattel's intellectual property and trade secrets," and

15  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 374:**

18      In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case.  Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant to

24  this action or likely to lead to the discovery of admissible evidence.  Mattel further

25  objects to this Request on the grounds that it seeks confidential, proprietary and

26  trade secret information that has no bearing on the claims or defenses in this case.

27  Mattel further objects to this Request on the grounds that it calls for the disclosure

28

1 | of information subject to the attorney-client privilege, the attorney work-product
2 | doctrine and other applicable privileges.

3

4 | **REQUEST FOR PRODUCTION NO. 375:**

5 |       All DOCUMENTS REFERRING OR RELATING TO Dawn
6 | Whitaker's alleged knowledge of "MGA's access to Mattel's intellectual property
7 | and trade secrets" and "MGA business practices," as alleged in MATTEL'S
8 | INITIAL DISCLOSURES.

9

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 375:**

11 |       In addition to the general objections stated above which are
12 | incorporated herein by reference, Mattel objects to this Request on the grounds that
13 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
14 | documents on this subject without limitation as to time, and regardless of whether
15 | such documents relate to products or matters at issue in this case. Mattel further
16 | objects to the Request on the grounds that it seeks documents that are not relevant to
17 | this action or likely to lead to the discovery of admissible evidence. Mattel further
18 | objects to this Request on the grounds that it seeks confidential, proprietary and
19 | trade secret information that has no bearing on the claims or defenses in this case.
20 | Mattel further objects to this Request on the grounds that it calls for the disclosure
21 | of information subject to the attorney-client privilege, the attorney work-product
22 | doctrine and other applicable privileges.

23

24 | **REQUEST FOR PRODUCTION NO. 376:**

25 |       All DOCUMENTS REFERRING OR RELATING TO Therese
26 | Wilbur's alleged knowledge of "MGA's access to Mattel's intellectual property and
27 | trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 376:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 377:**

All DOCUMENTS REFERRING OR RELATING TO Dawn Whitaker's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 377:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

1    objects to this Request on the grounds that it seeks confidential, proprietary and

2    trade secret information that has no bearing on the claims or defenses in this case.

3    Mattel further objects to this Request on the grounds that it calls for the disclosure

4    of information subject to the attorney-client privilege, the attorney work-product

5    doctrine and other applicable privileges.

6

7    **REQUEST FOR PRODUCTION NO. 378:**

8           All DOCUMENTS REFERRING OR RELATING TO Jenny M.L.

9    Wong's alleged knowledge of "MGA's access to Mattel's intellectual property and

10   trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

11   DISCLOSURES.

12

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 378:**

14          In addition to the general objections stated above which are

15   incorporated herein by reference, Mattel objects to this Request on the grounds that

16   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17   documents on this subject without limitation as to time, and regardless of whether

18   such documents relate to products or matters at issue in this case.  Mattel further

19   objects to the Request on the grounds that it seeks documents that are not relevant to

20   this action or likely to lead to the discovery of admissible evidence.  Mattel further

21   objects to this Request on the grounds that it seeks confidential, proprietary and

22   trade secret information that has no bearing on the claims or defenses in this case.

23   Mattel further objects to this Request on the grounds that it calls for the disclosure

24   of information subject to the attorney-client privilege, the attorney work-product

25   doctrine and other applicable privileges.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 379:**

2  　　　　All DOCUMENTS REFERRING OR RELATING TO Samuel Wong's

3  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or

4  for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL

5  DISCLOSURES.

6

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 379:**

8  　　　　In addition to the general objections stated above which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case.  Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence.  Mattel further

15  objects to this Request on the grounds that it seeks confidential, proprietary and

16  trade secret information that has no bearing on the claims or defenses in this case.

17  Mattel further objects to this Request on the grounds that it calls for the disclosure

18  of information subject to the attorney-client privilege, the attorney work-product

19  doctrine and other applicable privileges.

20

21  **REQUEST FOR PRODUCTION NO. 380:**

22  　　　　All DOCUMENTS REFERRING OR RELATING TO Tricia Wong's

23  alleged knowledge of "[t]he development and ownership of intellectual property at

24  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 380:**

27  　　　　In addition to the general objections stated above which are

28  incorporated herein by reference, Mattel objects to this Request on the grounds that

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case.  Mattel further

4  objects to the Request on the grounds that it seeks documents that are not relevant to

5  this action or likely to lead to the discovery of admissible evidence.  Mattel further

6  objects to this Request on the grounds that it seeks confidential, proprietary and

7  trade secret information that has no bearing on the claims or defenses in this case.

8  Mattel further objects to this Request on the grounds that it calls for the disclosure

9  of information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges.

11

12  **REQUEST FOR PRODUCTION NO. 381:**

13          All DOCUMENTS in Tricia Wong's possession or control

14  REFERRING OR RELATING TO her alleged knowledge of "[t]he development

15  and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL

16  DISCLOSURES.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 381:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant to

25  this action or likely to lead to the discovery of admissible evidence.  Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information that has no bearing on the claims or defenses in this case.

28  Mattel further objects to this Request on the grounds that it calls for the disclosure

1  of information subject to the attorney-client privilege, the attorney work-product
2  doctrine and other applicable privileges.

3

4  **REQUEST FOR PRODUCTION NO. 382:**

5           All DOCUMENTS REFERRING OR RELATING TO Sandy
6  Yonemoto's alleged knowledge of "Bryant's misrepresentations to Mattel," as
7  alleged in MATTEL'S INITIAL DISCLOSURES.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 382**

10          In addition to the general objections stated above which are
11  incorporated herein by reference, Mattel objects to this Request on the grounds that
12  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
13  documents on this subject without limitation as to time, and regardless of whether
14  such documents relate to products or matters at issue in this case.  Mattel further
15  objects to the Request on the grounds that it seeks documents that are not relevant to
16  this action or likely to lead to the discovery of admissible evidence.  Mattel further
17  objects to this Request on the grounds that it seeks confidential, proprietary and
18  trade secret information that has no bearing on the claims or defenses in this case.
19  Mattel further objects to this Request on the grounds that it calls for the disclosure
20  of information subject to the attorney-client privilege, the attorney work-product
21  doctrine and other applicable privileges.

22

23  **REQUEST FOR PRODUCTION NO. 383:**

24          All DOCUMENTS in Sandy Yonemoto's possession or control
25  REFERRING OR RELATING TO her alleged knowledge of "Bryant's
26  misrepresentations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 383:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

DATED:  April 26, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____
Timothy L. Alger
Attorneys for Plaintiff and Counter-Defendant Mattel, Inc.

:06/2109199.1

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5       On April 26, 2007, I served true copies of the following document(s)

6 described as:

7       MATTEL, INC.'S OBJECTIONS AND RESPONSES TO MGA
ENTERTAINMENT, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION
8       OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

9
on the parties in this action as follows:
10

| 11 | Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA 90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 | Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA 90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 |
|----|----|----|

14

15       [√]    **[MAIL]** As follows:  I am "readily familiar" with the firm's practice of

16 collection and processing correspondence for mailing.  Under that practice it

17 would be deposited with U.S. postal service on that same day with postage

18 thereon fully prepaid at Los Angeles, California in the ordinary course of

19 business, addressed as set forth below.  I am aware that on motion of the party

20 served, service is presumed invalid if postal cancellation date or postage

21 meter date is more than one day after date of deposit for mailing in affidavit.

22       I declare that I am employed in the office of a member of the bar of this court

23 at whose direction the service was made

24       Executed on April 26, 2007, at Los Angeles, California.

25

26
                                    _____
27                                  Timothy L. Alger

28

06/2109199.1

-146-
RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION

Exhibit 25 - Page 771