# Exhibit 28

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff and Cross-
   Defendant Mattel, Inc.

9

10                UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
15        vs.                            Case No. CV 05-02727

16  MATTEL, INC., a Delaware
17  corporation,                         MATTEL, INC.'S OBJECTIONS AND
                                         RESPONSES TO MGA'S FOURTH
18              Defendant.               SET OF REQUESTS FOR THE
                                         PRODUCTION OF DOCUMENTS
19  _____          AND THINGS IN CASE NO. 05-2727

20  AND CONSOLIDATED ACTIONS

21

22

23

24

25

26

27

28

SERVED ON US BY MAIL
716167

09/2154684.1

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered.  Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents.  Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Fourth Set of Requests for Production of Documents and Things in Case No. 05-2727 (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.     Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the <u>Federal Rules of Civil Procedure</u>.

2.     Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege.  Mattel will not produce such privileged documents.

3.     Mattel objects to the Requests on the grounds and to the extent they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

4.     Mattel objects to the Requests on the grounds and to the extent they seek information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Mattel objects to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of MGA and/or Carter Bryant.

6.     Mattel objects to the Requests on the grounds and to the extent they seek documents not in Mattel's possession, custody or control.

7.     Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

8.     Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

9.     Mattel objects to the Requests on the ground and to the extent they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties or would violate the terms of any agreement or contracts with third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.

10.    Mattel objects to the Requests on the grounds that the definitions of the terms "MATTEL," "MGA," "BRATZ," "ACCELERACERS," "ALIEN

-2-

1  RACERS," "4-EVER BEST FRIENDS," "WEE 3 FRIENDS," "LITTLE
2  MOMMY," "MOMMY'S LITTLE...," "POLLY POCKET," "BARBIE GIRL," and
3  "ADVERTISEMENTS" are overbroad, vague and ambiguous, unduly burdensome,
4  and extend beyond those products and matters placed at issue in this litigation.

5        11.    Mattel objects to each and every Request that seeks "all"
6  documents which constitute, mention, refer or relate to a given topic on the grounds
7  of undue burden and oppression.  Mattel will make available for inspection and
8  copying those documents and tangible items, if any, that it is able to locate after a
9  reasonable, good-faith search for and review of non-privileged responsive
10 documents.

11       12.    Mattel objects to the Requests on the grounds that they seek
12 information about matters that are not within the subject matter jurisdiction of the
13 Court.  Production by Mattel, if any, will be limited to those matters within the
14 Court's jurisdiction, and only in the event and to the extent that it is permitted by or
15 otherwise in compliance with foreign laws limiting disclosure and discovery and
16 only in the event and to the extent that the documents are within Mattel's possession,
17 custody or control pursuant to governing law.

18       13.    Mattel objects to each and every Request to the extent that they
19 seek documents already produced in this action.  Documents which have already
20 been produced will not be produced again in response to these requests.

21       14.    Objection to the production of any document or category of
22 documents described in the Requests, or agreement to produce any such documents,
23 is not and shall not be construed as an admission by Mattel that any such documents
24 or category of documents exist.  Where the responses indicate that Mattel will
25 produce such responsive documents, such documents, if any, will be produced if and
26 to the extent any such documents are in Mattel's possession, custody or control.

27       15.    Mattel objects to the time, place and manner of production
28 specified in defendant's Requests.  Mattel will produce such responsive, non-

9/21/54684.1

-3-

1  privileged documents and tangible things, if any and to the extent not previously

2  produced, in accordance with its responses at a time and place and in a manner that

3  is reasonable, convenient and mutually agreed upon by the parties.

4

5                   **Specific Objections And Responses To Document Requests**

6              Each of the following objections and responses to the Requests is

7  expressly made subject to the above Preliminary Statement and General Objections,

8  all of which are incorporated in each of the following objections and responses to

9  specific requests.  A statement that Mattel will produce documents or tangible things

10  in response to a Request is not intended to suggest, nor should it be construed to

11  mean, that any such documents or tangible things exist, or that they are in Mattel's

12  possession, custody or control.

13

14  **REQUEST NO. 384:**

15              All DOCUMENTS REFERRING OR RELATING TO the origins or

16  sources of inspiration of "ACCELERACERS," including, without limitation, the

17  purpose for which "ACCELERACERS" products were created.

18

19  **RESPONSE TO REQUEST NO. 384:**

20              In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case.  Mattel further

25  objects to the use of the terms "sources of inspiration" and "purpose" in this context

26  as vague and ambiguous.  Mattel further objects to the Request on the grounds that it

27  seeks documents that are not relevant to this action or likely to lead to the discovery

28  of admissible evidence.  Mattel further objects to this Request on the grounds that it

9/2154684.1

1  seeks confidential, proprietary and trade secret information, including such

2  information that has no bearing on the claims or defenses in this case.  Mattel further

3  objects to this Request on the grounds that it calls for the disclosure of information

4  subject to the attorney-client privilege, the attorney work-product doctrine and other

5  applicable privileges.

6  Subject to and without waiving the foregoing objections, Mattel

7  responds as follows:  Mattel will produce such responsive, non-privileged

8  documents relating to those matters placed at issue in this litigation that are in

9  Mattel's possession, custody, or control, if any, that Mattel has been able to locate

10  after a diligent search and reasonable inquiry, to the extent not previously produced.

11

12  **REQUEST NO. 385:**

13  All DOCUMENTS REFERRING OR RELATING TO the design,

14  development, conception, creation, origins or sources of inspiration for the

15  "ACCELERACERS" logo.

16

17  **RESPONSE TO REQUEST NO. 385:**

18  In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad and unduly burdensome, including in that it seeks all documents on

21  this subject without limitation as to time, and regardless of whether such documents

22  relate to products or matters at issue in this case.  Mattel further objects to the use of

23  the term "sources of inspiration" in this context as vague and ambiguous.  Mattel

24  further objects to the Request on the grounds that it seeks documents that are not

25  relevant to this action or likely to lead to the discovery of admissible evidence.

26  Mattel further objects to this Request on the grounds that it seeks confidential,

27  proprietary and trade secret information, including such information that has no

28  bearing on the claims or defenses in this case.  Mattel further objects to this Request

9/2154684.1

-5-

1 | on the grounds that it calls for the disclosure of information subject to the attorney-
2 | client privilege, the attorney work-product doctrine and other applicable privileges.
3 |        Subject to and without waiving the foregoing objections, Mattel
4 | responds as follows: Mattel will produce such responsive, non-privileged
5 | documents that are in Mattel's possession, custody, or control, if any, that Mattel has
6 | been able to locate after a diligent search and reasonable inquiry, to the extent not
7 | previously produced.
8 |
9 | **REQUEST NO. 386:**
10 |        All DOCUMENTS REFERRING OR RELATING TO the decision
11 | rename one of YOUR "Hot Wheels" toy lines "ACCELERACERS."
12 |
13 | **RESPONSE TO REQUEST NO. 386:**
14 |        In addition to the general objections stated above which are
15 | incorporated herein by reference, Mattel objects to this Request on the grounds that
16 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
17 | documents on this subject without limitation as to time, and regardless of whether
18 | such documents relate to products or matters at issue in this case. Mattel further
19 | objects on the grounds that it assumes facts not in evidence or is contrary to the
20 | evidence in stating that Mattel "renamed" a HOT WHEELS toy line
21 | ACCELERACERS. Mattel further objects to the Request on the grounds that it
22 | seeks documents that are not relevant to this action or likely to lead to the discovery
23 | of admissible evidence. Mattel further objects to this Request on the grounds that it
24 | seeks confidential, proprietary and trade secret information, including such
25 | information that has no bearing on the claims or defenses in this case. Mattel further
26 | objects to this Request on the grounds that it calls for the disclosure of information
27 | subject to the attorney-client privilege, the attorney work-product doctrine and other
28 | applicable privileges.

9/2154684.1

-6-

1           Subject to and without waiving the foregoing objections, Mattel

2    responds as follows:  Mattel will produce such responsive, non-privileged

3    documents that are in Mattel's possession, custody, or control, if any, relating to the

4    decision to use "ACCELERACERS" as a name that Mattel has been able to locate

5    after a diligent search and reasonable inquiry, to the extent not previously produced.

6

7    **REQUEST NO. 387:**

8           All DOCUMENTS REFERRING OR RELATING TO the decision to

9    re-brand the "Hot Wheels Highway 35" line under the logo "ACCELERACERS."

10

11   **RESPONSE TO REQUEST NO. 387:**

12          In addition to the general objections stated above which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15   documents on this subject without limitation as to time, and regardless of whether

16   such documents relate to products or matters at issue in this case.  Mattel further

17   objects to the use of the term "re-brand" as vague and ambiguous.  Mattel further

18   objects to the Request on the grounds that it seeks documents that are not relevant to

19   this action or likely to lead to the discovery of admissible evidence.  Mattel further

20   objects to this Request on the grounds that it seeks confidential, proprietary and

21   trade secret information, including such information that has no bearing on the

22   claims or defenses in this case.  Mattel further objects to this Request on the grounds

23   that it calls for the disclosure of information subject to the attorney-client privilege,

24   the attorney work-product doctrine and other applicable privileges.

25          Subject to and without waiving the foregoing objections, Mattel

26   responds as follows:  Mattel will produce such responsive, non-privileged

27   documents relating to the decision to use "ACCELERACERS" as a name that are in

28

J9/2154684.1

1  Mattel's possession, custody, or control, if any, that Mattel has been able to locate

2  after a diligent search and reasonable inquiry, to the extent not previously produced.

3

4  **REQUEST NO. 388:**

5        All DOCUMENTS REFERRING OR RELATING TO the selection,

6  approval process, design and development of the "ACCELERACERS" products and

7  themes prior to their initial release to the public, including but not limited to any

8  design drawings, MARKET RESEARCH, and product approval memos.

9

10  **RESPONSE TO REQUEST NO. 388:**

11        In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad and unduly burdensome, including in that it seeks all documents on

14  this subject without limitation as to time, and regardless of whether such documents

15  relate to products or matters at issue in this case.  Mattel further objects to the use of

16  the term "themes" in this context as vague and ambiguous and as assuming facts not

17  in evidence and contrary to the evidence.  Mattel further objects to the Request on

18  the grounds that it seeks documents that are not relevant to this action or likely to

19  lead to the discovery of admissible evidence.  Mattel further objects to this Request

20  on the grounds that it seeks confidential, proprietary and trade secret information,

21  including such information that has no bearing on the claims or defenses in this

22  case.  Mattel further objects to this Request on the grounds that it calls for the

23  disclosure of information subject to the attorney-client privilege, the attorney work-

24  product doctrine and other applicable privileges.

25        Subject to and without waiving the foregoing objections, Mattel

26  responds as follows:  Mattel will produce such responsive, non-privileged

27  documents that are in Mattel's possession, custody, or control, if any, relating to

28

/9/2154684.1

-8-

1 | those matters placed at issue in this litigation that Mattel has been able to locate

2 | after a diligent search and reasonable inquiry, to the extent not previously produced.

3 |

4 | **REQUEST NO. 389:**

5 | All DOCUMENTS REFERRING OR RELATING TO "ALIEN

6 | RACERS" as a source of inspiration for or factor in the development of

7 | "ACCELERACERS.

8 |

9 | **RESPONSE TO REQUEST NO. 389:**

10 | In addition to the general objections stated above which are

11 | incorporated herein by reference, Mattel objects to this Request on the grounds that

12 | it is vague, overbroad, unduly burdensome and unintelligible, including in that it

13 | seeks all documents on this subject without limitation as to time, and regardless of

14 | whether such documents relate to products or matters at issue in this case. Mattel

15 | further objects to the use of the terms "sources of inspiration for or factor in the

16 | development" as vague and ambiguous in this context. Mattel further objects to this

17 | Request on the grounds that it assumes facts not in evidence or is contrary to the

18 | evidence. Mattel further objects to the Request on the grounds that it seeks

19 | documents that are not relevant to this action or likely to lead to the discovery of

20 | admissible evidence. Mattel further objects to this Request on the grounds that it

21 | seeks confidential, proprietary and trade secret information, including such

22 | information that has no bearing on the claims or defenses in this case. Mattel further

23 | objects to this Request on the grounds that it calls for the disclosure of information

24 | subject to the attorney-client privilege, the attorney work-product doctrine and other

25 | applicable privileges.

26 | Subject to and without waiving the foregoing objections, Mattel

27 | responds as follows: Mattel will produce such responsive, non-privileged

28 | documents that are in Mattel's possession, custody, or control, if any, relating to

9/2154684.1

1 | those matters placed at issue in this litigation that Mattel has been able to locate
2 | after a diligent search and reasonable inquiry, to the extent not previously produced.

3

4 | **REQUEST NO. 390:**

5 | All DOCUMENTS REFERRING OR RELATING TO YOUR
6 | awareness or knowledge of "ALIEN RACERS" during the creation, design and
7 | development of "ACCELERACERS."

8

9 | **RESPONSE TO REQUEST NO. 390:**

10 | In addition to the general objections stated above which are
11 | incorporated herein by reference, Mattel objects to this Request on the grounds that
12 | it is overbroad and unduly burdensome, including in that it seeks all documents on
13 | this subject without limitation as to time, and regardless of whether such documents
14 | relate to products or matters at issue in this case. Mattel further objects to the
15 | Request on the grounds that it seeks documents that are not relevant to this action or
16 | likely to lead to the discovery of admissible evidence. Mattel further objects to this
17 | Request on the grounds that it assumes facts not in evidence or is contrary to the
18 | evidence. Mattel further objects to this Request on the grounds that it seeks
19 | confidential, proprietary and trade secret information, including such information
20 | that has no bearing on the claims or defenses in this case. Mattel further objects to
21 | this Request on the grounds that it calls for the disclosure of information subject to
22 | the attorney-client privilege, the attorney work-product doctrine and other applicable
23 | privileges.

24 | Subject to and without waiving the foregoing objections, Mattel
25 | responds as follows: Mattel will produce such responsive, non-privileged
26 | documents that are in Mattel's possession, custody, or control, if any, relating to
27 | those matters placed at issue in this litigation that Mattel has been able to locate
28 | after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST NO. 391:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between John Handy and Matt Bousquette regarding "ALIEN RACERS."

**RESPONSE TO REQUEST NO. 391:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to those matters placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST NO. 392:**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between "ALIEN RACERS" and "ACCELERACERS."

-11-

**RESPONSE TO REQUEST NO. 392:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to those matters placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST NO. 393:**

All DOCUMENTS REFERRING OR RELATING TO whether "ACCELERACERS" copy, replicate, or in any way imitate "ALIEN RACERS."

**RESPONSE TO REQUEST NO. 393:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague, overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

9/2154684.1

-12-

1    such documents relate to products or matters at issue in this case. Mattel further

2    objects to the Request on the grounds that it seeks documents that are not relevant to

3    this action or likely to lead to the discovery of admissible evidence. Mattel further

4    objects to this Request on the grounds that it seeks confidential, proprietary and

5    trade secret information, including such information that has no bearing on the

6    claims or defenses in this case. Mattel further objects to this Request on the grounds

7    that it calls for the disclosure of information subject to the attorney-client privilege,

8    the attorney work-product doctrine and other applicable privileges.

9         Subject to and without waiving the foregoing objections, Mattel

10   responds as follows: Mattel will produce such responsive, non-privileged

11   documents that are in Mattel's possession, custody, or control, if any, relating to

12   those matters placed at issue in this litigation that Mattel has been able to locate

13   after a diligent search and reasonable inquiry, to the extent not previously produced.

14

15   **REQUEST NO. 394:**

16        All DOCUMENTS REFERRING OR RELATING TO actual or

17   potential confusion or otherwise evidencing confusion (including, but not limited to,

18   confusion among consumers, retailers, distributors, licensees or members of the

19   press) between "ACCELERACERS" and "ALIEN RACERS."

20

21   **RESPONSE TO REQUEST NO. 394:**

22        In addition to the general objections stated above which are

23   incorporated herein by reference, Mattel objects to this Request on the grounds that

24   it is overbroad and unduly burdensome, including in that it seeks all documents on

25   this subject without limitation as to time, and regardless of whether such documents

26   relate to products or matters at issue in this case. Mattel further objects on the

27   grounds that the terms "otherwise evidencing confusion" are vague and ambiguous.

28   Mattel further objects to the Request on the grounds that it seeks documents that are

9/2154684.1

-13-

1  not relevant to this action or likely to lead to the discovery of admissible evidence.

2  Mattel further objects to this Request on the grounds that it seeks confidential,

3  proprietary and trade secret information, including such information that has no

4  bearing on the claims or defenses in this case.  Mattel further objects to this Request

5  on the grounds that it calls for the disclosure of information subject to the attorney-

6  client privilege, the attorney work-product doctrine and other applicable privileges.

7          Subject to and without waiving the foregoing objections, Mattel

8  responds as follows:  Mattel will produce such responsive, non-privileged

9  documents that are in Mattel's possession, custody, or control, if any, relating to

10  those matters placed at issue in this litigation that Mattel has been able to locate

11  after a diligent search and reasonable inquiry, to the extent not previously produced.

12

13  **REQUEST NO. 395:**

14          Copies of all television ADVERTISEMENTS for

15  "ACCELERACERS."

16

17  **RESPONSE TO REQUEST NO. 395:**

18          In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad and unduly burdensome, including in that it seeks all documents on

21  this subject without limitation as to time, and regardless of whether such documents

22  relate to products or matters at issue in this case.  Mattel further objects to the

23  Request on the grounds that it seeks documents that are not relevant to this action or

24  likely to lead to the discovery of admissible evidence.

25          Subject to and without waiving the foregoing objections, Mattel

26  responds as follows:  Mattel will produce such responsive, non-privileged

27  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

28

9/2154684.1

-14-

1  been able to locate after a diligent search and reasonable inquiry, to the extent not
2  previously produced.
3
4  **REQUEST NO. 396:**
5          All DOCUMENTS REFERRING OR RELATING TO MGA's
6  ADVERTISEMENTS for "ALIEN RACERS," including but not limited to YOUR
7  efforts to analyze, copy or imitate MGA's ADVERTISEMENTS for "ALIEN
8  RACERS."
9
10 **RESPONSE TO REQUEST NO. 396:**
11         In addition to the general objections stated above which are
12 incorporated herein by reference, Mattel objects to this Request on the grounds that
13 it is overbroad and unduly burdensome, including in that it seeks all documents on
14 this subject without limitation as to time, and regardless of whether such documents
15 relate to products or matters at issue in this case.  Mattel further objects on the
16 grounds that the terms "analyze, copy or imitate " are vague and ambiguous.  Mattel
17 further objects to this Request on the grounds that it assumes facts not in evidence or
18 is contrary to the evidence.  Mattel further objects to the Request on the grounds that
19 it seeks documents that are not relevant to this action or likely to lead to the
20 discovery of admissible evidence.  Mattel further objects to this Request on the
21 grounds that it seeks confidential, proprietary and trade secret information, including
22 such information that has no bearing on the claims or defenses in this case.  Mattel
23 further objects to this Request on the grounds that it calls for the disclosure of
24 information subject to the attorney-client privilege, the attorney work-product
25 doctrine and other applicable privileges.
26         Subject to and without waiving the foregoing objections, Mattel
27 responds as follows:  Mattel will produce such responsive, non-privileged
28 documents that are in Mattel's possession, custody, or control, if any, relating to

1    those matters placed at issue in this litigation that Mattel has been able to locate
2    after a diligent search and reasonable inquiry, to the extent not previously produced.
3
4    **REQUEST NO. 397:**
5           All DOCUMENTS REFERRING OR RELATING TO the inspiration
6    for, development of, or creation of the theme of the ADVERTISEMENTS for
7    "ACCELERACERS."
8
9    **RESPONSE TO REQUEST NO. 397:**
10          In addition to the general objections stated above which are
11   incorporated herein by reference, Mattel objects to this Request on the grounds that
12   it is overbroad and unduly burdensome, including in that it seeks all documents on
13   this subject without limitation as to time, and regardless of whether such documents
14   relate to products or matters at issue in this case.  Mattel further objects on the
15   grounds that the terms "inspiration for" and "theme" in this context are vague and
16   ambiguous.  Mattel further objects to the Request on the grounds that it seeks
17   documents that are not relevant to this action or likely to lead to the discovery of
18   admissible evidence.  Mattel further objects to this Request on the grounds that it
19   seeks confidential, proprietary and trade secret information, including such
20   information that has no bearing on the claims or defenses in this case.  Mattel further
21   objects to this Request on the grounds that it calls for the disclosure of information
22   subject to the attorney-client privilege, the attorney work-product doctrine and other
23   applicable privileges.
24          Subject to and without waiving the foregoing objections, Mattel
25   responds as follows:  Mattel will produce such responsive, non-privileged
26   documents that are in Mattel's possession, custody, or control, if any, relating to
27   those matters placed at issue in this litigation that Mattel has been able to locate
28   after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST NO. 398:**

All DOCUMENTS REFERRING OR RELATING TO the inspiration for, development of, or creation of the ad copy for the ADVERTISEMENTS for "ACCELERACERS," including but not limited to the phrase "race to save the world."

**RESPONSE TO REQUEST NO. 398:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects on the grounds that the terms "inspiration for" are vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST NO. 399:**

DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of goods sold and any other costs attributable to net profits REFERRING OR RELATING TO "ACCELERACERS."

**RESPONSE TO REQUEST NO. 399:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects on the grounds that the terms "other costs attributable to net profits REFERRING OR RELATING TO" are vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as premature in that it seeks expert discovery. Such discovery will be disclosed only at the time, and in the manner required by, the <u>Rules</u> and the Court's Orders.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce at an appropriate time responsive, non-privileged documents sufficient to determine total sales, revenue, costs of goods sold, and net profits of the ACCELERACERS line.

MATTEL'S RESPONSES TO FOURTH SET OF REQUESTS FOR PRODUCTION

Exhibit 28 - Page 1024

**REQUEST NO. 400:**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all current and former MATTEL personnel and/or freelancers comprising the primary team that worked on the creation, design and development of the "ACCELERACERS" products, commercials, themes and, logo.

**RESPONSE TO REQUEST NO. 400:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects that the terms "freelancers" and "primary team" are vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to those matters placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST NO. 401:**

All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "LITTLE MOMMY," including, without limitation, the purpose for which "LITTLE MOMMY" products were created and why the "LITTLE MOMMY" name was selected.

**RESPONSE TO REQUEST NO. 401:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects on the grounds that the terms "sources of inspiration" and "purpose" are vague and ambiguous in this context. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to those matters placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST NO. 402:**

All DOCUMENTS REFERRING OR RELATING TO the selection, approval process, design and development of the "LITTLE MOMMY" name, products and themes prior to their initial release to the public, including but not limited to any design drawings, MARKET RESEARCH, and product approval memos.

**RESPONSE TO REQUEST NO. 402:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects on the grounds that the term "themes" in this context is vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that relating to the LITTLE MOMMY name and products placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

1  **REQUEST NO. 403:**

2      All DOCUMENTS REFERRING OR RELATING TO any

3  "MOMMY'S LITTLE..." product, theme or name as an inspiration for or factor in

4  the development of any "LITTLE MOMMY" product, theme or name.

5

6  **RESPONSE TO REQUEST NO. 403:**

7      In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it is overbroad and unduly burdensome, including in that it seeks all documents on

10  this subject without limitation as to time, and regardless of whether such documents

11  relate to products or matters at issue in this case. Mattel further objects on the

12  grounds that the terms "theme" and "inspiration for or factor in the development of"

13  in this context are vague and ambiguous. Mattel further objects to this Request on

14  the grounds that it assumes facts not in evidence or is contrary to the evidence.

15  Mattel further objects to the Request on the grounds that it seeks documents that are

16  not relevant to this action or likely to lead to the discovery of admissible evidence.

17  Mattel further objects to this Request on the grounds that it seeks confidential,

18  proprietary and trade secret information, including such information that has no

19  bearing on the claims or defenses in this case. Mattel further objects to this Request

20  on the grounds that it calls for the disclosure of information subject to the attorney-

21  client privilege, the attorney work-product doctrine and other applicable privileges.

22      Subject to and without waiving the foregoing objections, Mattel

23  responds as follows: Mattel will produce such responsive, non-privileged

24  documents that are in Mattel's possession, custody, or control, if any, that relating to

25  the LITTLE MOMMY name and products placed at issue in this litigation that

26  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

27  extent not previously produced.

28

/9/2154684.1

MATTEL'S RESPONSES TO FOURTH SET OF REQUESTS FOR PRODUCTION

Exhibit 28 - Page 1028

**REQUEST NO. 404:**

All DOCUMENTS REFERRING OR RELATING TO YOUR awareness or knowledge of "MOMMY'S LITTLE..." during the creation, design and development of "LITTLE MOMMY."

**RESPONSE TO REQUEST NO. 404:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it assumes facts not in evidence or is contrary to the evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to those matters placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST NO. 405:**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between "MOMMY'S LITTLE..." and "LITTLE MOMMY."

**RESPONSE TO REQUEST NO. 405:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that relating to the LITTLE MOMMY name and products placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST NO. 406:**

All DOCUMENTS REFERRING OR RELATING TO whether the name, products, appearance, or themes of "LITTLE MOMMY" copy, replicate, or in

1    any way imitate the name, products, appearance, or themes of "MOMMY'S

2    LITTLE...."

3

4    **RESPONSE TO REQUEST NO. 406:**

5              In addition to the general objections stated above which are

6    incorporated herein by reference, Mattel objects to this Request on the grounds that

7    it is vague, overbroad, and unduly burdensome, including in that it seeks all

8    documents on this subject without limitation as to time, and regardless of whether

9    such documents relate to products or matters at issue in this case.  Mattel further

10   objects to the Request on the grounds that it seeks documents that are not relevant to

11   this action or likely to lead to the discovery of admissible evidence.  Mattel further

12   objects to this Request on the grounds that it seeks confidential, proprietary and

13   trade secret information, including such information that has no bearing on the

14   claims or defenses in this case.  Mattel further objects to this Request on the grounds

15   that it calls for the disclosure of information subject to the attorney-client privilege,

16   the attorney work-product doctrine and other applicable privileges.

17             Subject to and without waiving the foregoing objections, Mattel

18   responds as follows:  Mattel will produce such responsive, non-privileged

19   documents that are in Mattel's possession, custody, or control, if any, relating to

20   those matters placed at issue in this litigation that Mattel has been able to locate

21   after a diligent search and reasonable inquiry, to the extent not previously produced.

22

23   **REQUEST NO. 407:**

24             All DOCUMENTS REFERRING OR RELATING TO actual or

25   potential confusion or otherwise evidencing confusion (including, but not limited to,

26   confusion among consumers, retailers, distributors, licensees or members of the

27   press) between "LITTLE MOMMY" and "MOMMY'S LITTLE...."

28

09/2154684.1

-25-

MATTEL'S RESPONSES TO FOURTH SET OF REQUESTS FOR PRODUCTION

Exhibit 28 - Page 1031

**RESPONSE TO REQUEST NO. 407:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects on the grounds that the terms "otherwise evidencing confusion" are vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to those matters placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST NO. 408:**

DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of goods sold and any other costs attributable to net profits REFERRING OR RELATING TO "LITTLE MOMMY."

**RESPONSE TO REQUEST NO. 408:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

MATTEL'S RESPONSES TO FOURTH SET OF REQUESTS FOR PRODUCTION

Exhibit 28 - Page 1032

1 it is overbroad and unduly burdensome, including in that it seeks all documents on

2 this subject without limitation as to time, and regardless of whether such documents

3 relate to products or matters at issue in this case. Mattel further objects on the

4 grounds that the terms "other costs attributable to net profits REFERRING OR

5 RELATING TO" are vague and ambiguous. Mattel further objects to the Request

6 on the grounds that it seeks documents that are not relevant to this action or likely to

7 lead to the discovery of admissible evidence. Mattel further objects to this Request

8 on the grounds that it seeks confidential, proprietary and trade secret information,

9 including such information that has no bearing on the claims or defenses in this

10 case. Mattel further objects to this Request on the grounds that it calls for the

11 disclosure of information subject to the attorney-client privilege, the attorney work-

12 product doctrine and other applicable privileges. Mattel further objects to this

13 Request as premature in that it seeks expert discovery. Such discovery will be

14 disclosed only at the time, and in the manner required by, the <u>Rules</u> and the Court's

15 Orders.

16          Subject to and without waiving the foregoing objections, Mattel

17 responds as follows: Mattel will produce at an appropriate time responsive, non-

18 privileged documents sufficient to determine total sales, revenue, costs of goods

19 sold, and net profits of the LITTLE MOMMY products placed at issue in this

20 litigation.

21

22 **REQUEST NO. 409:**

23          DOCUMENTS, including but not limited to organizational charts,

24 sufficient to identify (by name and job function) all current and former MATTEL

25 personnel and/or freelancers comprising the primary team that worked on the design

26 and development of the "LITTLE MOMMY" products, themes and name.

27

28

19/2154684.1

**RESPONSE TO REQUEST NO. 409:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects that the terms "freelancers" and "primary team" are vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to the LITTLE MOMMY name and products at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST NO. 410:**

All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "WEE 3 FRIENDS," including, without limitation, the purpose for which "WEE 3 FRIENDS" products were created.

**RESPONSE TO REQUEST NO. 410:**

1  
2         In addition to the general objections stated above which are  
3 incorporated herein by reference, Mattel objects to this Request on the grounds that  
4 it is overbroad and unduly burdensome, including in that it seeks all documents on  
5 this subject without limitation as to time, and regardless of whether such documents  
6 relate to products or matters at issue in this case. Mattel further objects on the  
7 grounds that the terms "sources of inspiration" and "purpose" are vague and  
8 ambiguous in this context. Mattel further objects to the Request on the grounds that  
9 it seeks documents that are not relevant to this action or likely to lead to the  
10 discovery of admissible evidence. Mattel further objects to this Request on the  
11 grounds that it seeks confidential, proprietary and trade secret information, including  
12 such information that has no bearing on the claims or defenses in this case. Mattel  
13 further objects to this Request on the grounds that it calls for the disclosure of  
14 information subject to the attorney-client privilege, the attorney work-product  
15 doctrine and other applicable privileges.  
16         Subject to and without waiving the foregoing objections, Mattel  
17 responds as follows: Mattel will produce such responsive, non-privileged  
18 documents that are in Mattel's possession, custody, or control, if any, relating to  
19 those matters placed at issue in this litigation that Mattel has been able to locate  
20 after a diligent search and reasonable inquiry, to the extent not previously produced.  
21  
22 **REQUEST NO. 411:**  
23         All DOCUMENTS REFERRING OR RELATING TO the selection,  
24 approval process, design and development of the "WEE 3 FRIENDS" name,  
25 products, packaging and themes prior to their release to the public, including but not  
26 limited to any design drawings, MARKET RESEARCH, and product approval  
27 memos.  
28  

09/2154684.1

Exhibit 28 - Page 1035

**RESPONSE TO REQUEST NO. 411:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects on the grounds that the term "themes" in this context is vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to those matters placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST NO. 412**

All DOCUMENTS REFERRING OR RELATING TO any "4-EVER BEST FRIENDS" name, product, theme or packaging as an inspiration or factor in the development of any "WEE 3 FRIENDS" name, product, theme or packaging.

**RESPONSE TO REQUEST NO. 412:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

9/2154684.1

-30-

1   it is overbroad and unduly burdensome, including in that it seeks all documents on

2   this subject without limitation as to time, and regardless of whether such documents

3   relate to products or matters at issue in this case.  Mattel further objects on the

4   grounds that the terms "theme" and "inspiration or factor in the development of" in

5   this context are vague and ambiguous.  Mattel further objects to this Request on the

6   grounds that it assumes facts not in evidence or is contrary to the evidence.  Mattel

7   further objects to the Request on the grounds that it seeks documents that are not

8   relevant to this action or likely to lead to the discovery of admissible evidence.

9   Mattel further objects to this Request on the grounds that it seeks confidential,

10  proprietary and trade secret information, including such information that has no

11  bearing on the claims or defenses in this case.  Mattel further objects to this Request

12  on the grounds that it calls for the disclosure of information subject to the attorney-

13  client privilege, the attorney work-product doctrine and other applicable privileges.

14          Subject to and without waiving the foregoing objections, Mattel

15  responds as follows:  Mattel will produce such responsive, non-privileged

16  documents that are in Mattel's possession, custody, or control, if any, relating to

17  those matters placed at issue in this litigation that Mattel has been able to locate

18  after a diligent search and reasonable inquiry, to the extent not previously produced.

19

20  **REQUEST NO. 413:**

21          All DOCUMENTS REFERRING OR RELATING TO YOUR

22  awareness or knowledge of "4-EVER BEST FRIENDS" during the creation, design

23  and development of "WEE 3 FRIENDS."

24

25  **RESPONSE TO REQUEST NO. 413:**

26          In addition to the general objections stated above which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it is overbroad and unduly burdensome, including in that it seeks all documents on

1  this subject without limitation as to time, and regardless of whether such documents

2  relate to products or matters at issue in this case.  Mattel further objects to the

3  Request on the grounds that it seeks documents that are not relevant to this action or

4  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

5  Request on the grounds that it assumes facts not in evidence or is contrary to the

6  evidence.  Mattel further objects to this Request on the grounds that it seeks

7  confidential, proprietary and trade secret information, including such information

8  that has no bearing on the claims or defenses in this case.  Mattel further objects to

9  this Request on the grounds that it calls for the disclosure of information subject to

10  the attorney-client privilege, the attorney work-product doctrine and other applicable

11  privileges.

12       Subject to and without waiving the foregoing objections, Mattel

13  responds as follows:  Mattel will produce such responsive, non-privileged

14  documents that are in Mattel's possession, custody, or control, if any, relating to

15  those matters placed at issue in this litigation that Mattel has been able to locate

16  after a diligent search and reasonable inquiry, to the extent not previously produced.

17

18  **REQUEST NO. 414:**

19       All DOCUMENTS REFERRING OR RELATING TO any similarity

20  or dissimilarity between "4-EVER BEST FRIENDS" and "WEE 3 FRIENDS."

21

22  **RESPONSE TO REQUEST NO. 414:**

23       In addition to the general objections stated above which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it is vague, overbroad, and unduly burdensome, including in that it seeks all

26  documents on this subject without limitation as to time, and regardless of whether

27  such documents relate to products or matters at issue in this case.  Mattel further

28  objects to the Request on the grounds that it seeks documents that are not relevant to

1   this action or likely to lead to the discovery of admissible evidence.  Mattel further

2   objects to this Request on the grounds that it seeks confidential, proprietary and

3   trade secret information, including such information that has no bearing on the

4   claims or defenses in this case.  Mattel further objects to this Request on the grounds

5   that it calls for the disclosure of information subject to the attorney-client privilege,

6   the attorney work-product doctrine and other applicable privileges.

7           Subject to and without waiving the foregoing objections, Mattel

8   responds as follows:  Mattel will produce such responsive, non-privileged

9   documents that are in Mattel's possession, custody, or control, if any, relating to

10  those matters placed at issue in this litigation that Mattel has been able to locate

11  after a diligent search and reasonable inquiry, to the extent not previously produced.

12

13  **REQUEST NO. 415:**

14          All DOCUMENTS REFERRING OR RELATING TO whether the

15  packaging, products, appearance, names, or themes of "WEE 3 FRIENDS" copy,

16  replicate, or in any way imitate the packaging, products, appearance, names or

17  themes of "4-EVER BEST FRIENDS."

18

19  **RESPONSE TO REQUEST NO. 415:**

20          In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is vague, overbroad, and unduly burdensome, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case.  Mattel further

25  objects on the grounds that the term "themes" in this context is vague and

26  ambiguous.  Mattel further objects to the Request on the grounds that it seeks

27  documents that are not relevant to this action or likely to lead to the discovery of

28  admissible evidence.  Mattel further objects to this Request on the grounds that it

9/2154684.1

-33-

1  seeks confidential, proprietary and trade secret information, including such

2  information that has no bearing on the claims or defenses in this case.  Mattel further

3  objects to this Request on the grounds that it calls for the disclosure of information

4  subject to the attorney-client privilege, the attorney work-product doctrine and other

5  applicable privileges.

6          Subject to and without waiving the foregoing objections, Mattel

7  responds as follows:  Mattel will produce such responsive, non-privileged

8  documents that are in Mattel's possession, custody, or control, if any, relating to

9  those matters placed at issue in this litigation that Mattel has been able to locate

10  after a diligent search and reasonable inquiry, to the extent not previously produced.

11

12  **REQUEST NO. 416:**

13          All DOCUMENTS REFERRING OR RELATING TO actual or

14  potential confusion or otherwise evidencing confusion (including, but not limited to,

15  confusion among consumers, retailers, distributors, licensees or members of the

16  press) between "WEE 3 FRIENDS" and "4-EVER BEST FRIENDS."

17

18  **RESPONSE TO REQUEST NO. 416:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad and unduly burdensome, including in that it seeks all documents on

22  this subject without limitation as to time, and regardless of whether such documents

23  relate to products or matters at issue in this case.  Mattel further objects on the

24  grounds that the terms "otherwise evidencing confusion" are vague and ambiguous.

25  Mattel further objects to the Request on the grounds that it seeks documents that are

26  not relevant to this action or likely to lead to the discovery of admissible evidence.

27  Mattel further objects to this Request on the grounds that it seeks confidential,

28  proprietary and trade secret information, including such information that has no

MATTEL'S RESPONSES TO FOURTH SET OF REQUESTS FOR PRODUCTION

Exhibit 28 - Page 1040

1  bearing on the claims or defenses in this case.  Mattel further objects to this Request

2  on the grounds that it calls for the disclosure of information subject to the attorney-

3  client privilege, the attorney work-product doctrine and other applicable privileges.

4         Subject to and without waiving the foregoing objections, Mattel

5  responds as follows:  Mattel will produce such responsive, non-privileged

6  documents that are in Mattel's possession, custody, or control, if any, relating to

7  those matters placed at issue in this litigation that Mattel has been able to locate

8  after a diligent search and reasonable inquiry, to the extent not previously produced.

9

10  **REQUEST NO. 417:**

11        DOCUMENTS sufficient to determine total sales, revenue, royalties,

12  costs of goods sold and any other costs attributable to net profits REFERRING OR

13  RELATING TO "WEE 3 FRIENDS."

14

15  **RESPONSE TO REQUEST NO. 417:**

16        In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks all documents on

19  this subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case.  Mattel further objects to the

21  Request on the grounds that it seeks documents that are not relevant to this action or

22  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

23  Request on the grounds that it seeks confidential, proprietary and trade secret

24  information, including such information that has no bearing on the claims or

25  defenses in this case.  Mattel further objects to this Request on the grounds that it

26  calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges.  Mattel further

28  objects to this Request as premature in that it seeks expert discovery.  Such

discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders.

Subject to and without waiving the foregoing objections, Mattel responds as follows:  Mattel will produce at an appropriate time responsive, non-privileged documents sufficient to determine total sales, revenue, costs of goods sold, and net profits of the WEE 3 FRIENDS products at issue in this litigation.

**REQUEST NO. 418:**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all current and former MATTEL personnel and/or freelancers comprising the primary team that worked on the design and development of the "WEE 3 FRIENDS" products, packaging, themes and name.

**RESPONSE TO REQUEST NO. 418:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects that the terms "freelancers" and "primary team" are vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1          Subject to and without waiving the foregoing objections, Mattel

2   responds as follows:  Mattel will produce such responsive, non-privileged

3   documents that are in Mattel's possession, custody, or control, if any, relating to

4   those matters placed at issue in this litigation that Mattel has been able to locate

5   after a diligent search and reasonable inquiry, to the extent not previously produced.

6

7   **REQUEST NO. 419:**

8          All DOCUMENTS REFERRING OR RELATING TO the

9   development, creation, origins or sources of inspiration of YOUR tag line "Do you

10  have a passion for fashion?" for "Diva Starz" dolls.

11

12  **RESPONSE TO REQUEST NO. 419:**

13         In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad and unduly burdensome, including in that it seeks all documents on

16  this subject without limitation as to time, and regardless of whether such documents

17  relate to products or matters at issue in this case.  Mattel further objects that the

18  terms "sources of inspiration" and "tag line" in this context are vague and

19  ambiguous.  Mattel further objects to the Request on the grounds that it seeks

20  documents that are not relevant to this action or likely to lead to the discovery of

21  admissible evidence.  Mattel further objects to this Request on the grounds that it

22  seeks confidential, proprietary and trade secret information, including such

23  information that has no bearing on the claims or defenses in this case.  Mattel further

24  objects to this Request on the grounds that it calls for the disclosure of information

25  subject to the attorney-client privilege, the attorney work-product doctrine and other

26  applicable privileges.  Mattel further objects to this Request as duplicative of

27  requests previously served by MGA in this litigation.

28

-37-

1       Subject to and without waiving the foregoing objections, Mattel
2   responds as follows:  Mattel will produce such responsive, non-privileged
3   documents that are in Mattel's possession, custody, or control, if any, that Mattel has
4   been able to locate after a diligent search and reasonable inquiry, to the extent not
5   previously produced.

6

7   **REQUEST NO. 420:**

8       All DOCUMENTS REFERRING OR RELATING TO YOUR
9   awareness or knowledge of "BRATZ" during the creation, design and development
10  of "MY SCENE."

11

12  **RESPONSE TO REQUEST NO. 420:**

13      In addition to the general objections stated above which are
14  incorporated herein by reference, Mattel objects to this Request on the grounds that
15  it is overbroad and unduly burdensome, including in that it seeks all documents on
16  this subject without limitation as to time, and regardless of whether such documents
17  relate to products or matters at issue in this case.  Mattel further objects to the
18  Request on the grounds that it seeks documents that are not relevant to this action or
19  likely to lead to the discovery of admissible evidence.  Mattel further objects to this
20  Request on the grounds that it duplicates numerous other requests.  Mattel further
21  objects to this Request on the grounds that it seeks confidential, proprietary and
22  trade secret information, including such information that has no bearing on the
23  claims or defenses in this case.  Mattel further objects to this Request on the grounds
24  that it calls for the disclosure of information subject to the attorney-client privilege,
25  the attorney work-product doctrine and other applicable privileges.  Mattel further
26  objects to this Request as duplicative of requests previously served by MGA in this
27  litigation.

28

1    Subject to and without waiving the foregoing objections, Mattel

2  responds as follows:  Mattel will produce such responsive, non-privileged

3  documents that are in Mattel's possession, custody, or control, if any, that reflect

4  Mattel's consideration, if any, of Bratz in the creation, design, and development of

5  the MY SCENE products that are at issue in this case that Mattel has been able to

6  locate after a diligent search and reasonable inquiry, to the extent not previously

7  produced.

8

9  **REQUEST NO. 421:**

10    All DOCUMENTS REFERRING OR RELATING TO the selection,

11  approval process, design and development of "MY SCENE" products (including,

12  but not limited to, fashion dolls, styling heads and plush toys), themes and

13  packaging prior to their release to the public, including but not limited to any design

14  drawings, MARKET RESEARCH, and product approval memos.

15

16  **RESPONSE TO REQUEST NO. 421:**

17    In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad and unduly burdensome, including in that it seeks all documents on

20  this subject without limitation as to time, and regardless of whether such documents

21  relate to products or matters at issue in this case.  Mattel further objects on the

22  grounds that the term "themes" is vague and ambiguous.  Mattel further objects to

23  this Request on the grounds that it duplicates numerous other requests.  Mattel

24  further objects to the Request on the grounds that it seeks documents that are not

25  relevant to this action or likely to lead to the discovery of admissible evidence.

26  Mattel further objects to this Request on the grounds that it assumes facts not in

27  evidence or is contrary to the evidence.  Mattel further objects to this Request on the

28  grounds that it seeks confidential, proprietary and trade secret information, including

Exhibit 28 - Page 1045

1  such information that has no bearing on the claims or defenses in this case.  Mattel

2  further objects to this Request on the grounds that it calls for the disclosure of

3  information subject to the attorney-client privilege, the attorney work-product

4  doctrine and other applicable privileges.

5          Subject to and without waiving the foregoing objections, Mattel

6  responds as follows:  Mattel will produce such responsive, non-privileged

7  documents that are in Mattel's possession, custody, or control, if any, that relate to

8  the MY SCENE products that are at issue in this case that Mattel has been able to

9  locate after a diligent search and reasonable inquiry, to the extent not previously

10  produced.

11

12  **REQUEST NO. 422:**

13          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

14  RELATING TO such COMMUNICATIONS, between MATTEL's Cassidy Park

15  and Lily Martinez, Adrienne Fontanella, Ivy Ross, Matt Bousquette, or any other

16  current or former employee of MATTEL regarding the threat of "BRATZ" to

17  MATTEL, the creation of "MY SCENE," and/or efforts to copy or knock off

18  "BRATZ."

19

20  **RESPONSE TO REQUEST NO. 422:**

21          In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad and unduly burdensome, including in that it seeks all documents on

24  this subject without limitation as to time, and regardless of whether such documents

25  relate to products or matters at issue in this case.  Mattel further objects on the

26  grounds that the terms "threat of 'BRATZ'" and "efforts to copy or knock off

27  'BRATZ'" are vague and ambiguous.  Mattel further objects to this Request on the

28  grounds that it duplicates numerous other requests.  Mattel further objects to the

1 | Request on the grounds that it seeks documents that are not relevant to this action or

2 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this

3 | Request on the grounds that it seeks confidential, proprietary and trade secret

4 | information, including such information that has no bearing on the claims or

5 | defenses in this case.  Mattel further objects to this Request on the grounds that it

6 | calls for the disclosure of information subject to the attorney-client privilege, the

7 | attorney work-product doctrine and other applicable privileges.  Mattel further

8 | objects to this Request as duplicative of requests previously served by MGA in this

9 | litigation.

10 |         Subject to and without waiving the foregoing objections, Mattel

11 | responds as follows:  Mattel will produce such responsive, non-privileged

12 | documents that are in Mattel's possession, custody, or control, if any, that relate to

13 | the MY SCENE products that are at issue in this case that Mattel has been able to

14 | locate after a diligent search and reasonable inquiry, to the extent not previously

15 | produced.

16 |

**REQUEST NO. 423:**

18 |         All DOCUMENTS REFERRING OR RELATING TO unreleased

19 | "MY SCENE" products (including, but not limited to, fashion dolls, styling heads,

20 | play sets).

21 |

**RESPONSE TO REQUEST NO. 423:**

23 |         In addition to the general objections stated above which are

24 | incorporated herein by reference, Mattel objects to this Request on the grounds that

25 | it is vague, overbroad, and unduly burdensome, including in that it seeks all

26 | documents on this subject without limitation as to time, and regardless of whether

27 | such documents relate to products or matters at issue in this case.  Mattel further

28 | objects to the Request on the grounds that it seeks documents that are not relevant to

1   this action or likely to lead to the discovery of admissible evidence.  Mattel further

2   objects to this Request on the grounds that it seeks confidential, proprietary and

3   trade secret information, including such information that has no bearing on the

4   claims or defenses in this case.  Mattel further objects to this Request on the grounds

5   that it calls for the disclosure of information subject to the attorney-client privilege,

6   the attorney work-product doctrine and other applicable privileges.

7

8   **REQUEST NO. 424:**

9           All photographs (including, but not limited to, photographs in print or

10  digital format) of "BRATZ" taken by any current or former MATTEL salesman or

11  product manager, and all DOCUMENTS REFERRING OR RELATING TO such

12  photographs, including, but not limited to, DOCUMENTS sufficient to show when

13  and where the photographs were taken.

14

15  **RESPONSE TO REQUEST NO. 424:**

16          In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks all documents on

19  this subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case.  Mattel further object on the

21  grounds that this Request is an attempt to circumvent the Discovery Master's May

22  22, 2007 order determining that the requested documents are irrelevant and/or that

23  such requests are improper.  Mattel further objects to the Request on the grounds

24  that it seeks documents that are not relevant to this action or likely to lead to the

25  discovery of admissible evidence.  Mattel further objects to this Request on the

26  grounds that it seeks confidential, proprietary and trade secret information, including

27  such information that has no bearing on the claims or defenses in this case.  Mattel

28  further objects to this Request on the grounds that it calls for the disclosure of

1  information subject to the attorney-client privilege, the attorney work-product

2  doctrine and other applicable privileges.

3

4  **REQUEST NO. 425:**

5          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

6  RELATING TO such COMMUNICATIONS, between MATTEL's Erica Ashbrook

7  and any current or former employee of MATTEL (including, but not limited to,

8  Connie Hibbert) regarding "BRATZ," MGA or LARIAN.

9

10  **RESPONSE TO REQUEST NO. 425:**

11          In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad and unduly burdensome, including in that it seeks all documents on

14  this subject without limitation as to time, and regardless of whether such documents

15  relate to products or matters at issue in this case.  Mattel further object on the

16  grounds that this Request is an attempt to circumvent the Discovery Master's May

17  22, 2007 order determining that the requested documents are irrelevant and/or that

18  such requests are improper.  Mattel further objects to the Request on the grounds

19  that it seeks documents that are not relevant to this action or likely to lead to the

20  discovery of admissible evidence.  Mattel further objects to this Request on the

21  grounds that it seeks confidential, proprietary and trade secret information, including

22  such information that has no bearing on the claims or defenses in this case.  Mattel

23  further objects to this Request on the grounds that it calls for the disclosure of

24  information subject to the attorney-client privilege, the attorney work-product

25  doctrine and other applicable privileges.

26

27

28

9/2154684.1

**REQUEST NO. 426:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between MATTEL's Erica Ashbrook and any retailers (including, but not limited to, Heather Hocut, Barb Lubestine, Scott McCall, or any other current or former employees of Wal-Mart) regarding "BRATZ," MGA or LARIAN.

**RESPONSE TO REQUEST NO. 426:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST NO. 427:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between YOU and MGA's Janine Firth.

9/2154684.1

-44-

**RESPONSE TO REQUEST NO. 427:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST NO. 428:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between YOU and Margo Eldridge and/or any current or former employee of Eldridge Ink regarding "BRATZ," MGA or LARIAN.

**RESPONSE TO REQUEST NO. 428:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents

1  relate to products or matters at issue in this case.  Mattel further object on the

2  grounds that this Request is an attempt to circumvent the Discovery Master's May

3  22, 2007 order determining that the requested documents are irrelevant and/or that

4  such requests are improper.  Mattel further objects to the Request on the grounds

5  that it seeks documents that are not relevant to this action or likely to lead to the

6  discovery of admissible evidence.  Mattel further objects to this Request on the

7  grounds that it seeks confidential, proprietary and trade secret information, including

8  such information that has no bearing on the claims or defenses in this case.  Mattel

9  further objects to this Request on the grounds that it calls for the disclosure of

10  information subject to the attorney-client privilege, the attorney work-product

11  doctrine and other applicable privileges.

12

13  **REQUEST NO. 429:**

14        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

15  RELATING TO such COMMUNICATIONS, between YOU and Andy Gallerani

16  and/or any current or former employee of Mohr-Gallerani & More Films regarding

17  "BRATZ," MGA or LARIAN.

18

19  **RESPONSE TO REQUEST NO. 429:**

20        In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad and unduly burdensome, including in that it seeks all documents on

23  this subject without limitation as to time, and regardless of whether such documents

24  relate to products or matters at issue in this case.  Mattel further object on the

25  grounds that this Request is an attempt to circumvent the Discovery Master's May

26  22, 2007 order determining that the requested documents are irrelevant and/or that

27  such requests are improper.  Mattel further objects to the Request on the grounds

28  that it seeks documents that are not relevant to this action or likely to lead to the

1  discovery of admissible evidence.  Mattel further objects to this Request on the
2  grounds that it seeks confidential, proprietary and trade secret information, including
3  such information that has no bearing on the claims or defenses in this case.  Mattel
4  further objects to this Request on the grounds that it calls for the disclosure of
5  information subject to the attorney-client privilege, the attorney work-product
6  doctrine and other applicable privileges.
7
8  **REQUEST NO. 430:**
9          All COMMUNICATIONS in 2001 and 2002, and all DOCUMENTS
10  REFERRING OR RELATING TO such COMMUNICATIONS, between Ben Van
11  Doesburgh and any current or former employee of Mattel Espana S.A. (including,
12  but not limited to, Raul Van Neerbos) regarding the threat of "BRATZ" to
13  MATTEL and/or the creation of "MY SCENE."
14
15  **RESPONSE TO REQUEST NO. 430:**
16          In addition to the general objections stated above which are
17  incorporated herein by reference, Mattel objects to this Request on the grounds that
18  it is overbroad and unduly burdensome, including in that it seeks all documents on
19  this subject without limitation as to time, and regardless of whether such documents
20  relate to products or matters at issue in this case.  Mattel further objects that the
21  terms "threat of 'BRATZ'" are vague and ambiguous.  Mattel further objects to the
22  Request on the grounds that it seeks documents that are not relevant to this action or
23  likely to lead to the discovery of admissible evidence.  Mattel further objects to the
24  Request on the grounds that it seeks information about matters that are not within
25  the subject matter jurisdiction of the Court.  Production by Mattel, if any, will be
26  limited to those matters within the Court's jurisdiction, only in the event and to the
27  extent it is permitted by or otherwise in compliance with foreign laws limiting
28  disclosure and discovery and only in the event and to the extent that the documents

9/2154684.1

-47-

1　are within Mattel's possession, custody or control pursuant to governing law. Mattel

2　further objects to this Request on the grounds that it seeks confidential, proprietary

3　and trade secret information, including such information that has no bearing on the

4　claims or defenses in this case. Mattel further objects to this Request on the grounds

5　that it calls for the disclosure of information subject to the attorney-client privilege,

6　the attorney work-product doctrine and other applicable privileges. Mattel further

7　objects to this Request as duplicative of requests previously served by MGA in this

8　litigation.

9

10　**REQUEST NO. 431:**

11　　　　All COMMUNICATIONS in 2001 and 2002, and all DOCUMENTS

12　REFERRING OR RELATING TO such COMMUNICATIONS, between Ben Van

13　Doesburgh and Adrienne Fontanella, Matt Bousequette [*sic*] or any other current or

14　former employee of MATTEL regarding the threat of "BRATZ" to MATTEL and/or

15　the creation of "MY SCENE."

16

17　**RESPONSE TO REQUEST NO. 431:**

18　　　　In addition to the general objections stated above which are

19　incorporated herein by reference, Mattel objects to this Request on the grounds that

20　it is overbroad and unduly burdensome, including in that it seeks all documents on

21　this subject without limitation as to time, and regardless of whether such documents

22　relate to products or matters at issue in this case. Mattel further objects that the

23　terms "threat of 'BRATZ'" are vague and ambiguous. Mattel further objects to the

24　Request on the grounds that it seeks documents that are not relevant to this action or

25　likely to lead to the discovery of admissible evidence. Mattel further objects to this

26　Request on the grounds that it seeks confidential, proprietary and trade secret

27　information, including such information that has no bearing on the claims or

28　defenses in this case. Mattel further objects to this Request on the grounds that it

1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.

3          Subject to and without waiving the foregoing objections, Mattel

4   responds as follows:  Mattel will produce such responsive, non-privileged

5   documents that are in Mattel's possession, custody, or control, if any, that relate to

6   the MY SCENE products that are at issue in this case that Mattel has been able to

7   locate after a diligent search and reasonable inquiry, to the extent not previously

8   produced.

9

10  **REQUEST NO. 432:**

11         All COMMUNICATIONS in 2001 and 2002, and all DOCUMENTS

12  REFERRING OR RELATING TO such COMMUNICATIONS, between any

13  current or former employees of Mattel Espana S.A., on the one hand, and Adrienne

14  Fontanella, Matt Bousequette [*sic*] or any other current or former MATTEL

15  employees regarding the threat of "BRATZ" to MATTEL and/or the creation of

16  "MY SCENE."

17

18  **RESPONSE TO REQUEST NO. 432:**

19         In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad and unduly burdensome, including in that it seeks all documents on

22  this subject without limitation as to time, and regardless of whether such documents

23  relate to products or matters at issue in this case.  Mattel further objects that the

24  terms "threat of 'BRATZ'" are vague and ambiguous.  Mattel further objects to the

25  Request on the grounds that it seeks documents that are not relevant to this action or

26  likely to lead to the discovery of admissible evidence.  Mattel further objects to the

27  Request on the grounds that it seeks information about matters that are not within

28  the subject matter jurisdiction of the Court.  Production by Mattel, if any, will be

09/2154684.1

1  limited to those matters within the Court's jurisdiction, only in the event and to the

2  extent it is permitted by or otherwise in compliance with foreign laws limiting

3  disclosure and discovery and only in the event and to the extent that the documents

4  are within Mattel's possession, custody or control pursuant to governing law.  Mattel

5  further objects to this Request on the grounds that it seeks confidential, proprietary

6  and trade secret information, including such information that has no bearing on the

7  claims or defenses in this case.  Mattel further objects to this Request on the grounds

8  that it calls for the disclosure of information subject to the attorney-client privilege,

9  the attorney work-product doctrine and other applicable privileges.

10        Subject to and without waiving the foregoing objections, Mattel

11  responds as follows:  Mattel will produce such responsive, non-privileged

12  documents that are in Mattel's possession, custody, or control, if any, that relate to

13  the MY SCENE products that are at issue in this case that Mattel has been able to

14  locate after a diligent search and reasonable inquiry, to the extent not previously

15  produced.

16

17  **REQUEST NO. 433:**

18        All DOCUMENTS REFERRING OR RELATING TO any effort,

19  attempt, campaign or COMMUNICATION intended to create any press, publicity or

20  public relations about MGA, "BRATZ" or any other MGA product known to YOU,

21  LARIAN, BRYANT, TREANTAFELLES or any other person known to YOU to

22  work for or with, or to have worked for or with, MGA.

23

24  **RESPONSE TO REQUEST NO. 433:**

25        In addition to the general objections stated above which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all

28  documents on this subject without limitation as to time, and regardless of whether

\9/2154684.1

1  such documents relate to products or matters at issue in this case.  Mattel further

2  object on the grounds that this Request is an attempt to circumvent the Discovery

3  Master's May 22, 2007 order determining that the requested documents are

4  irrelevant and/or that such requests are improper.  Mattel further objects to the

5  Request on the grounds that it seeks documents that are not relevant to this action or

6  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

7  Request on the grounds that it seeks confidential, proprietary and trade secret

8  information, including such information that has no bearing on the claims or

9  defenses in this case.  Mattel further objects to this Request on the grounds that it

10  calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.

12

13  **REQUEST NO. 434:**

14         All DOCUMENTS regarding any MARKET RESEARCH regarding

15  MGA, "BRATZ" or any other MGA product known to YOU, that has been funded

16  or commissioned (indirectly or directly, in whole or in part) by YOU.

17

18  **RESPONSE TO REQUEST NO. 434:**

19         In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad and unduly burdensome, including in that it seeks all documents on

22  this subject without limitation as to time, and regardless of whether such documents

23  relate to products or matters at issue in this case.  Mattel further object on the

24  grounds that this Request is an attempt to circumvent the Discovery Master's May

25  22, 2007 order determining that the requested documents are irrelevant and/or that

26  such requests are improper.  Mattel further objects to the Request on the grounds

27  that it seeks documents that are not relevant to this action or likely to lead to the

28  discovery of admissible evidence.  Mattel further objects to this Request on the

-51-

1  grounds that it seeks confidential, proprietary and trade secret information, including

2  such information that has no bearing on the claims or defenses in this case.  Mattel

3  further objects to this Request on the grounds that it calls for the disclosure of

4  information subject to the attorney-client privilege, the attorney work-product

5  doctrine and other applicable privileges.

6

7  **REQUEST NO. 435:**

8        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

9  RELATING TO such COMMUNICATIONS, with BANK OF AMERICA

10  regarding MGA, LARIAN, "BRATZ" or any other MGA product known to YOU.

11

12  **RESPONSE TO REQUEST NO. 435:**

13        In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad and unduly burdensome, including in that it seeks all documents on

16  this subject without limitation as to time, and regardless of whether such documents

17  relate to products or matters at issue in this case.  Mattel further object on the

18  grounds that this Request is an attempt to circumvent the Discovery Master's May

19  22, 2007 order determining that the requested documents are irrelevant and/or that

20  such requests are improper.  Mattel further objects to the Request on the grounds

21  that it seeks documents that are not relevant to this action or likely to lead to the

22  discovery of admissible evidence.  Mattel further objects to this Request on the

23  grounds that it seeks confidential, proprietary and trade secret information, including

24  such information that has no bearing on the claims or defenses in this case.  Mattel

25  further objects to this Request on the grounds that it calls for the disclosure of

26  information subject to the attorney-client privilege, the attorney work-product

27  doctrine and other applicable privileges.

28

1   **REQUEST NO. 436:**

2          All DOCUMENTS REFERRING OR RELATING TO ZAPF.

3

4   **RESPONSE TO REQUEST NO. 436:**

5          In addition to the general objections stated above which are

6 incorporated herein by reference, Mattel objects to this Request on the grounds that

7 it is overbroad and unduly burdensome, including in that it seeks all documents on

8 this subject without limitation as to time, and regardless of whether such documents

9 relate to products or matters at issue in this case. Mattel further object on the

10 grounds that this Request is an attempt to circumvent the Discovery Master's May

11 22, 2007 order determining that the requested documents are irrelevant and/or that

12 such requests are improper. Mattel further objects to the Request on the grounds

13 that it seeks documents that are not relevant to this action or likely to lead to the

14 discovery of admissible evidence. Mattel further objects to this Request on the

15 grounds that it seeks confidential, proprietary and trade secret information, including

16 such information that has no bearing on the claims or defenses in this case. Mattel

17 further objects to this Request on the grounds that it calls for the disclosure of

18 information subject to the attorney-client privilege, the attorney work-product

19 doctrine and other applicable privileges.

20

21   **REQUEST NO. 437:**

22          All DOCUMENTS REFERRING OR RELATING TO MGA's

23 acquisition of or investment in ZAPF.

24

25   **RESPONSE TO REQUEST NO. 437:**

26          In addition to the general objections stated above which are

27 incorporated herein by reference, Mattel objects to this Request on the grounds that

28 it is overbroad and unduly burdensome, including in that it seeks all documents on

1   this subject without limitation as to time, and regardless of whether such documents

2   relate to products or matters at issue in this case. Mattel further object on the

3   grounds that this Request is an attempt to circumvent the Discovery Master's May

4   22, 2007 order determining that the requested documents are irrelevant and/or that

5   such requests are improper. Mattel further objects to the Request on the grounds

6   that it seeks documents that are not relevant to this action or likely to lead to the

7   discovery of admissible evidence. Mattel further objects to this Request on the

8   grounds that it seeks confidential, proprietary and trade secret information, including

9   such information that has no bearing on the claims or defenses in this case. Mattel

10  further objects to this Request on the grounds that it calls for the disclosure of

11  information subject to the attorney-client privilege, the attorney work-product

12  doctrine and other applicable privileges.

13

14  **REQUEST NO. 438:**

15          All DOCUMENTS REFERRING OR RELATING TO YOUR plans,

16  attempts, efforts or intent to interfere with MGA's acquisition of or investment in

17  ZAPF.

18

19  **RESPONSE TO REQUEST NO. 438:**

20          In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad and unduly burdensome, including in that it seeks all documents on

23  this subject without limitation as to time, and regardless of whether such documents

24  relate to products or matters at issue in this case. Mattel further object on the

25  grounds that this Request is an attempt to circumvent the Discovery Master's May

26  22, 2007 order determining that the requested documents are irrelevant and/or that

27  such requests are improper. Mattel further objects to the Request on the grounds

28  that it seeks documents that are not relevant to this action or likely to lead to the

1 | discovery of admissible evidence.  Mattel further objects to this Request on the

2 | grounds that it seeks confidential, proprietary and trade secret information, including

3 | such information that has no bearing on the claims or defenses in this case.  Mattel

4 | further objects to this Request on the grounds that it calls for the disclosure of

5 | information subject to the attorney-client privilege, the attorney work-product

6 | doctrine and other applicable privileges.

7

8 | **REQUEST NO. 439:**

9 | All DOCUMENTS REFERRING OR RELATING TO YOUR interest

10 | in investing in or acquiring ZAPF or plans to invest in or acquire ZAPF.

11

12 | **RESPONSE TO REQUEST NO. 439:**

13 | In addition to the general objections stated above which are

14 | incorporated herein by reference, Mattel objects to this Request on the grounds that

15 | it is overbroad and unduly burdensome, including in that it seeks all documents on

16 | this subject without limitation as to time, and regardless of whether such documents

17 | relate to products or matters at issue in this case.  Mattel further object on the

18 | grounds that this Request is an attempt to circumvent the Discovery Master's May

19 | 22, 2007 order determining that the requested documents are irrelevant and/or that

20 | such requests are improper.  Mattel further objects to the Request on the grounds

21 | that it seeks documents that are not relevant to this action or likely to lead to the

22 | discovery of admissible evidence.  Mattel further objects to this Request on the

23 | grounds that it seeks confidential, proprietary and trade secret information, including

24 | such information that has no bearing on the claims or defenses in this case.  Mattel

25 | further objects to this Request on the grounds that it calls for the disclosure of

26 | information subject to the attorney-client privilege, the attorney work-product

27 | doctrine and other applicable privileges.

28

9/2154684.1

**REQUEST NO. 440:**

All DOCUMENTS REFERRING OR RELATING TO the conception, creation and design of BARBIE GIRL, including without limitation, the motivation, purpose, origins of, or inspiration for BARBIE GIRL.

**RESPONSE TO REQUEST NO. 440:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects on the grounds that the terms "motivation," "purpose," and "inspiration for" are vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST NO. 441:**

All DOCUMENTS REFERRING OR RELATING TO actual or potential confusion or otherwise evidencing confusion (including, but not limited to, confusion among consumers, retailers, distributors, licensees or members of the press) between BARBIE GIRL and "BRATZ."

**RESPONSE TO REQUEST NO. 441:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects on the grounds that the terms "otherwise evidencing confusion" are vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST NO. 442:**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between BARBIE GIRL and "BRATZ."

**RESPONSE TO REQUEST NO. 442:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the

1    grounds that this Request is an attempt to circumvent the Discovery Master's May

2    22, 2007 order determining that the requested documents are irrelevant and/or that

3    such requests are improper.  Mattel further objects to the Request on the grounds

4    that it seeks documents that are not relevant to this action or likely to lead to the

5    discovery of admissible evidence.  Mattel further objects to this Request on the

6    grounds that it seeks confidential, proprietary and trade secret information, including

7    such information that has no bearing on the claims or defenses in this case.  Mattel

8    further objects to this Request on the grounds that it calls for the disclosure of

9    information subject to the attorney-client privilege, the attorney work-product

10   doctrine and other applicable privileges.

11

12   **REQUEST NO. 443:**

13          All DOCUMENTS REFERRING OR RELATING TO any similarity

14   or dissimilarity between BARBIE GIRL and the animated "Barbie" character

15   currently on the homepage of YOUR Barbie.com website.

16

17   **RESPONSE TO REQUEST NO. 443:**

18          In addition to the general objections stated above which are

19   incorporated herein by reference, Mattel objects to this Request on the grounds that

20   it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all

21   documents on this subject without limitation as to time, and regardless of whether

22   such documents relate to products or matters at issue in this case.  Mattel further

23   object on the grounds that this Request is an attempt to circumvent the Discovery

24   Master's May 22, 2007 order determining that the requested documents are

25   irrelevant and/or that such requests are improper.  Mattel further objects on the

26   grounds that the Request's apparent reference to an "animated 'Barbie' character" is

27   vague and ambiguous.  Mattel further objects to the Request on the grounds that it

28   seeks documents that are not relevant to this action or likely to lead to the discovery

1  of admissible evidence.  Mattel further objects to this Request on the grounds that it

2  seeks confidential, proprietary and trade secret information, including such

3  information that has no bearing on the claims or defenses in this case.  Mattel further

4  objects to this Request on the grounds that it calls for the disclosure of information

5  subject to the attorney-client privilege, the attorney work-product doctrine and other

6  applicable privileges.

7

8  **REQUEST NO. 444:**

9          DOCUMENTS, including but not limited to organizational charts,

10  sufficient to identify (by name and job function) all current and former MATTEL

11  personnel and/or freelancers comprising the primary team that worked on the

12  creation, design and development of BARBIE GIRL.

13

14  **RESPONSE TO REQUEST NO. 444:**

15          In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad and unduly burdensome, including in that it seeks all documents on

18  this subject without limitation as to time, and regardless of whether such documents

19  relate to products or matters at issue in this case.  Mattel further objects that the

20  terms "freelancers" and "primary team" are vague and ambiguous.  Mattel further

21  object on the grounds that this Request is an attempt to circumvent the Discovery

22  Master's May 22, 2007 order determining that the requested documents are

23  irrelevant and/or that such requests are improper.  Mattel further objects to the

24  Request on the grounds that it seeks documents that are not relevant to this action or

25  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

26  Request on the grounds that it seeks confidential, proprietary and trade secret

27  information, including such information that has no bearing on the claims or

28  defenses in this case.  Mattel further objects to this Request on the grounds that it

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine and other applicable privileges.

3

4  **REQUEST NO. 445:**

5          All DOCUMENTS REFERRING OR RELATING TO the Bratz.com

6  website, including but not limited to all DOCUMENTS REFERRING OR

7  RELATING TO this website as an inspiration for or factor in the creation and

8  development of any MATTEL website or product.

9

10 **RESPONSE TO REQUEST NO. 445:**

11         In addition to the general objections stated above which are

12 incorporated herein by reference, Mattel objects to this Request on the grounds that

13 it is overbroad and unduly burdensome, including in that it seeks all documents on

14 this subject without limitation as to time, and regardless of whether such documents

15 relate to products or matters at issue in this case.  Mattel further object on the

16 grounds that this Request is an attempt to circumvent the Discovery Master's May

17 22, 2007 order determining that the requested documents are irrelevant and/or that

18 such requests are improper.  Mattel further objects on the grounds that the terms

19 "inspiration for or factor in the creation and development of" are vague and

20 ambiguous.  Mattel further objects to the Request on the grounds that it seeks

21 documents that are not relevant to this action or likely to lead to the discovery of

22 admissible evidence.  Mattel further objects to this Request on the grounds that it

23 seeks confidential, proprietary and trade secret information, including such

24 information that has no bearing on the claims or defenses in this case.  Mattel further

25 objects to this Request on the grounds that it calls for the disclosure of information

26 subject to the attorney-client privilege, the attorney work-product doctrine and other

27 applicable privileges.

28

-60-

**REQUEST NO. 446:**

All DOCUMENTS REFERRING OR RELATING TO the Miuchiz.com website, including but not limited to all DOCUMENTS REFERRING OR RELATING TO this website as an inspiration for or factor in the creation and development of any MATTEL website or product.

**RESPONSE TO REQUEST NO. 446:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects on the grounds that the terms "inspiration for or factor in the creation and development of" are vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST NO. 447:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between YOU (including, but not

1    limited to, MATTEL's Brian Stockton) and SMOBY (including, but not limited to,

2    SMOBY's Jean-Christophe Breuil) regarding MGA or LARIAN.

3

4    **RESPONSE TO REQUEST NO. 447:**

5           In addition to the general objections stated above which are

6    incorporated herein by reference, Mattel objects to this Request on the grounds that

7    it is overbroad and unduly burdensome, including in that it seeks all documents on

8    this subject without limitation as to time, and regardless of whether such documents

9    relate to products or matters at issue in this case.  Mattel further object on the

10   grounds that this Request is an attempt to circumvent the Discovery Master's May

11   22, 2007 order determining that the requested documents are irrelevant and/or that

12   such requests are improper.  Mattel further objects to the Request on the grounds

13   that it seeks documents that are not relevant to this action or likely to lead to the

14   discovery of admissible evidence.  Mattel further objects to this Request on the

15   grounds that it seeks confidential, proprietary and trade secret information, including

16   such information that has no bearing on the claims or defenses in this case.  Mattel

17   further objects to this Request on the grounds that it calls for the disclosure of

18   information subject to the attorney-client privilege, the attorney work-product

19   doctrine and other applicable privileges.

20

21   **REQUEST NO. 448:**

22           All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

23   RELATING TO such COMMUNICATIONS, between YOU (including, but not

24   limited to, MATTEL'S Brian Stockton) and SMOBY (including, but not limited to,

25   Jean-Christophe Breuil) regarding YOUR interest in acquiring the "Majorette"

26   brand or any other SMOBY asset.

27

28

9/2154684.1

**RESPONSE TO REQUEST NO. 448:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST NO. 449:**

All DOCUMENTS REFERRING OR RELATING TO business dealings or contractual relations between MGA and SMOBY.

**RESPONSE TO REQUEST NO. 449:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May

22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST NO. 450:**

All DOCUMENTS REFERRING OR RELATING TO YOUR plans, attempts, efforts or intent to interfere with business dealings or contractual relations between MGA and SMOBY.

**RESPONSE TO REQUEST NO. 450:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel

1  further objects to this Request on the grounds that it calls for the disclosure of

2  information subject to the attorney-client privilege, the attorney work-product

3  doctrine and other applicable privileges.

4

5  **REQUEST NO. 451:**

6       All DOCUMENTS REFERRING OR RELATING TO YOUR

7  knowledge or awareness of MGA's business dealings or contractual relations with

8  SMOBY prior to April 16, 2007.

9

10  **RESPONSE TO REQUEST NO. 451:**

11       In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad and unduly burdensome, including in that it seeks all documents on

14  this subject without limitation as to time, and regardless of whether such documents

15  relate to products or matters at issue in this case.  Mattel further object on the

16  grounds that this Request is an attempt to circumvent the Discovery Master's May

17  22, 2007 order determining that the requested documents are irrelevant and/or that

18  such requests are improper.  Mattel further objects to the Request on the grounds

19  that it seeks documents that are not relevant to this action or likely to lead to the

20  discovery of admissible evidence.  Mattel further objects to this Request on the

21  grounds that it seeks confidential, proprietary and trade secret information, including

22  such information that has no bearing on the claims or defenses in this case.  Mattel

23  further objects to this Request on the grounds that it calls for the disclosure of

24  information subject to the attorney-client privilege, the attorney work-product

25  doctrine and other applicable privileges.

26

27

28

**REQUEST NO. 452:**

All DOCUMENTS REFERRING OR RELATING TO directives, suggestions or instructions from YOU to create ADVERTISEMENTS for "MY SCENE," "POLLY POCKET," "ACCELERACERS" or any other MATTEL products using elements that are similar to or the same as elements used in ADVERTISEMENTS for "BRATZ," "ALIEN RACERS," or any other MGA products known to YOU.

**RESPONSE TO REQUEST NO. 452:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's orders of April 19, 2007 and May 22, 2007 determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects on the grounds that the term "elements" is vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as duplicative of requests previously served by MGA in this litigation.

1         Subject to and without waiving the foregoing objections, Mattel

2 responds as follows:  Mattel will produce such responsive, non-privileged

3 documents relating to those matters placed at issue in this litigation that are in

4 Mattel's possession, custody, or control, if any, that Mattel has been able to locate

5 after a diligent search and reasonable inquiry, to the extent not previously produced.

6

7 **REQUEST NO. 453:**

8         All DOCUMENTS REFERRING OR RELATING TO YOUR attempts

9 or efforts to interfere with MGA's ability to produce ADVERTISEMENTS,

10 including, without limitation, efforts to hire the same actresses who appeared in

11 MGA's ADVERTISEMENTS for "BRATZ" and efforts to hire the same crew

12 members uses by MGA for its ADVERTISEMENTS for "BRATZ."

13

14 **RESPONSE TO REQUEST NO. 453:**

15         In addition to the general objections stated above which are

16 incorporated herein by reference, Mattel objects to this Request on the grounds that

17 it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all

18 documents on this subject without limitation as to time, and regardless of whether

19 such documents relate to products or matters at issue in this case.  Mattel further

20 object on the grounds that this Request is an attempt to circumvent the Discovery

21 Master's May 22, 2007 order determining that the requested documents are

22 irrelevant and/or that such requests are improper.  Mattel further objects to this

23 Request on the grounds that it assumes facts not in evidence or is contrary to the

24 evidence.  Mattel further objects to the Request on the grounds that it seeks

25 documents that are not relevant to this action or likely to lead to the discovery of

26 admissible evidence.  Mattel further objects to this Request on the grounds that it

27 seeks confidential, proprietary and trade secret information, including such

28 information that has no bearing on the claims or defenses in this case.  Mattel further

1  objects to this Request on the grounds that it calls for the disclosure of information

2  subject to the attorney-client privilege, the attorney work-product doctrine and other

3  applicable privileges.

4         Subject to and without waiving the foregoing objections, Mattel

5  responds as follows:  Mattel will produce such responsive, non-privileged

6  documents relating to those matters placed at issue in this litigation that are in

7  Mattel's possession, custody, or control, if any, that Mattel has been able to locate

8  after a diligent search and reasonable inquiry, to the extent not previously produced.

9

10  **REQUEST NO. 454:**

11         All DOCUMENTS REFERRING OR RELATING TO proposed or

12  actual ADVERTISEMENTS for "MY SCENE," "POLLY POCKET,"

13  "ACCELERACERS," or any other MATTEL products and which also REFER OR

14  RELATE TO "BRATZ," "ALIEN RACERS," or any other MGA products known to

15  YOU.

16

17  **RESPONSE TO REQUEST NO. 454:**

18         In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case.  Mattel further

23  object on the grounds that this Request is an attempt to circumvent the Discovery

24  Master's orders of April 19, 2007 and May 22, 2007 determining that the requested

25  documents are irrelevant and/or that such requests are improper.  Mattel further

26  objects on the grounds that the term "elements" is vague and ambiguous.  Mattel

27  further objects to the Request on the grounds that it seeks documents that are not

28  relevant to this action or likely to lead to the discovery of admissible evidence.

1  Mattel further objects to this Request on the grounds that it seeks confidential,

2  proprietary and trade secret information, including such information that has no

3  bearing on the claims or defenses in this case. Mattel further objects to this Request

4  on the grounds that it calls for the disclosure of information subject to the attorney-

5  client privilege, the attorney work-product doctrine and other applicable privileges.

6  Mattel further objects to this Request as duplicative of requests previously served by

7  MGA in this litigation.

8         Subject to and without waiving the foregoing objections, Mattel

9  responds as follows: Mattel will produce such responsive, non-privileged

10  documents relating to those matters placed at issue in this litigation that are in

11  Mattel's possession, custody, or control, if any, that Mattel has been able to locate

12  after a diligent search and reasonable inquiry, to the extent not previously produced.

13

14  **REQUEST NO. 455:**

15         All DOCUMENTS REFERRING OR RELATING TO any evaluation,

16  analysis, or assessment of ADVERTISEMENTS for "BRATZ," "ALIEN

17  RACERS," or any other MGA products known to YOU.

18

19  **RESPONSE TO REQUEST NO. 455:**

20         In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad and unduly burdensome, including in that it seeks all documents on

23  this subject without limitation as to time, and regardless of whether such documents

24  relate to products or matters at issue in this case. Mattel further object on the

25  grounds that this Request is an attempt to circumvent the Discovery Master's May

26  22, 2007 order determining that the requested documents are irrelevant and/or that

27  such requests are improper. Mattel further objects that the terms "evaluation,

28  analysis, or assessment" are vague and ambiguous. Mattel further objects to the

1 | Request on the grounds that it seeks documents that are not relevant to this action or
2 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this
3 | Request on the grounds that it seeks confidential, proprietary and trade secret
4 | information, including such information that has no bearing on the claims or
5 | defenses in this case.  Mattel further objects to this Request on the grounds that it
6 | calls for the disclosure of information subject to the attorney-client privilege, the
7 | attorney work-product doctrine and other applicable privileges.

8 |

9 | **REQUEST NO. 456:**

10 |          All DOCUMENTS REFERRING OR RELATING to any agreements
11 | between YOU and any other person or entity (including, but not limited to, Margo
12 | Eldridge, Eldridge Inc., Andy Gallerani, Mohr-Gallerani & More Films, Charlotte
13 | Broussard or her company Beyond, A Production Company (a/k/a Beyond
14 | Production)) which provide that such person or entity shall not work for or on behalf
15 | of MGA.

16 |

17 | **RESPONSE TO REQUEST NO. 456:**

18 |          In addition to the general objections stated above which are
19 | incorporated herein by reference, Mattel objects to this Request on the grounds that
20 | it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all
21 | documents on this subject without limitation as to time, and regardless of whether
22 | such documents relate to products or matters at issue in this case.  Mattel further
23 | object on the grounds that this Request is an attempt to circumvent the Discovery
24 | Master's May 22, 2007 order determining that the requested documents are
25 | irrelevant and/or that such requests are improper.  Further, Mattel objects that at
26 | least some of hte requested documents are the subject of a pending motion before
27 | the Discovery Master.  Mattel further objects to the Request on the grounds that it
28 | seeks documents that are not relevant to this action or likely to lead to the discovery

9/2154684.1

1  of admissible evidence.  Mattel further objects to this Request on the grounds that it

2  seeks confidential, proprietary and trade secret information, including such

3  information that has no bearing on the claims or defenses in this case.  Mattel further

4  objects to this Request on the grounds that it calls for the disclosure of information

5  subject to the attorney-client privilege, the attorney work-product doctrine and other

6  applicable privileges.

7           Subject to and without waiving the foregoing objections, Mattel

8  responds as follows:  Mattel will produce such responsive, non-privileged

9  documents relating to work for Mattel at issue in this litigation that are in Mattel's

10  possession, custody, or control, if any, that Mattel has been able to locate after a

11  diligent search and reasonable inquiry, to the extent not previously produced.

12

13  **REQUEST NO. 457:**

14           All DOCUMENTS REFERRING OR RELATING to any requests,

15  directions or suggestions by YOU that any other person or entity (including, but not

16  limited to, Margo Eldridge, Eldridge Inc., Andy Gallerani, Mohr-Gallerani & More

17  Films, Charlotte Broussard or her company Beyond, A Production Company (a/k/a

18  Beyond Production)) not work for or on behalf of MGA.

19

20  **RESPONSE TO REQUEST NO. 457:**

21           In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all

24  documents on this subject without limitation as to time, and regardless of whether

25  such documents relate to products or matters at issue in this case.  Mattel further

26  object on the grounds that this Request is an attempt to circumvent the Discovery

27  Master's May 22, 2007 order determining that the requested documents are

28  irrelevant and/or that such requests are improper.  Further, Mattel objects that at

1  least some of hte requested documents are the subject of a pending motion before

2  the Discovery Master.  Mattel further objects to the Request on the grounds that it

3  seeks documents that are not relevant to this action or likely to lead to the discovery

4  of admissible evidence.  Mattel further objects to this Request on the grounds that it

5  seeks confidential, proprietary and trade secret information, including such

6  information that has no bearing on the claims or defenses in this case.  Mattel further

7  objects to this Request on the grounds that it calls for the disclosure of information

8  subject to the attorney-client privilege, the attorney work-product doctrine and other

9  applicable privileges.

10          Subject to and without waiving the foregoing objections, Mattel

11  responds as follows:  Mattel will produce such responsive, non-privileged

12  documents relating to work for Mattel at issue in this litigation that are in Mattel's

13  possession, custody, or control, if any, that Mattel has been able to locate after a

14  diligent search and reasonable inquiry, to the extent not previously produced.

15

16  **REQUEST NO. 458:**

17          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

18  RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,

19  general merchandise managers, retailers, suppliers, licensees, potential licensees, or

20  licensing agents world wide in which YOU made comments about the quality,

21  workmanship, safety, or design features of "BRATZ" or any other MGA products

22  known to YOU.

23

24  **RESPONSE TO REQUEST NO. 458:**

25          In addition to the general objections stated above which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it is overbroad and unduly burdensome, including in that it seeks all documents on

28  this subject without limitation as to time, and regardless of whether such documents

1   relate to products or matters at issue in this case.  Mattel further object on the

2   grounds that this Request is an attempt to circumvent the Discovery Master's May

3   22, 2007 order determining that the requested documents are irrelevant and/or that

4   such requests are improper.  Mattel further objects to the Request on the grounds

5   that it seeks documents that are not relevant to this action or likely to lead to the

6   discovery of admissible evidence.  Mattel further objects to the Request on the

7   grounds that it seeks information about matters that are not within the subject matter

8   jurisdiction of the Court.  Production by Mattel, if any, will be limited to those

9   matters within the Court's jurisdiction, only in the event and to the extent it is

10  permitted by or otherwise in compliance with foreign laws limiting disclosure and

11  discovery and only in the event and to the extent that the documents are within

12  Mattel's possession, custody or control pursuant to governing law.  Mattel further

13  objects to this Request on the grounds that it seeks confidential, proprietary and

14  trade secret information, including such information that has no bearing on the

15  claims or defenses in this case.  Mattel further objects to this Request on the grounds

16  that it calls for the disclosure of information subject to the attorney-client privilege,

17  the attorney work-product doctrine and other applicable privileges.

18

19  **REQUEST NO. 459:**

20          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

21  RELATING TO such COMMUNICATIONS with any industry analysts world wide

22  in which YOU made comments about the quality, workmanship, safety, or design

23  features of "BRATZ" or any other MGA products known to YOU.

24

25  **RESPONSE TO REQUEST NO. 459:**

26          In addition to the general objections stated above which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it is overbroad and unduly burdensome, including in that it seeks all documents on

1   this subject without limitation as to time, and regardless of whether such documents
2   relate to products or matters at issue in this case.  Mattel further object on the
3   grounds that this Request is an attempt to circumvent the Discovery Master's May
4   22, 2007 order determining that the requested documents are irrelevant and/or that
5   such requests are improper.  Mattel further objects to the Request on the grounds
6   that it seeks documents that are not relevant to this action or likely to lead to the
7   discovery of admissible evidence.  Mattel further objects to the Request on the
8   grounds that it seeks information about matters that are not within the subject matter
9   jurisdiction of the Court.  Production by Mattel, if any, will be limited to those
10  matters within the Court's jurisdiction, only in the event and to the extent it is
11  permitted by or otherwise in compliance with foreign laws limiting disclosure and
12  discovery and only in the event and to the extent that the documents are within
13  Mattel's possession, custody or control pursuant to governing law.  Mattel further
14  objects to this Request on the grounds that it seeks confidential, proprietary and
15  trade secret information, including such information that has no bearing on the
16  claims or defenses in this case.  Mattel further objects to this Request on the grounds
17  that it calls for the disclosure of information subject to the attorney-client privilege,
18  the attorney work-product doctrine and other applicable privileges.
19
20  **REQUEST NO. 460:**
21          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
22  RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,
23  general merchandise managers, retailers, suppliers, licensees, potential licensees, or
24  licensing agents world wide in which YOU made comments about the origins or
25  ownership of "BRATZ" or any other MGA products known to YOU.
26
27
28

9/2154684.1

**RESPONSE TO REQUEST NO. 460:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to the Request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court.  Production by Mattel, if any, will be limited to those matters within the Court's jurisdiction, only in the event and to the extent it is permitted by or otherwise in compliance with foreign laws limiting disclosure and discovery and only in the event and to the extent that the documents are within Mattel's possession, custody or control pursuant to governing law.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows:  Mattel will produce such responsive, non-privileged documents bearing on those products and matters placed at issue in this litigation that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

MATTEL'S RESPONSES TO FOURTH SET OF REQUESTS FOR PRODUCTION

Exhibit 28 - Page 1081

**REQUEST NO. 461:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS with any industry analysts world wide in which YOU made comments about the origins or ownership of "BRATZ" or any other MGA products known to YOU.

**RESPONSE TO REQUEST NO. 461:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to the Request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court. Production by Mattel, if any, will be limited to those matters within the Court's jurisdiction, only in the event and to the extent it is permitted by or otherwise in compliance with foreign laws limiting disclosure and discovery and only in the event and to the extent that the documents are within Mattel's possession, custody or control pursuant to governing law. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1   Subject to and without waiving the foregoing objections, Mattel
2   responds as follows:  Mattel will produce such responsive, non-privileged
3   documents bearing on products and matters placed at issue in this litigation that are
4   in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
5   after a diligent search and reasonable inquiry, to the extent not previously produced.

6
7   **REQUEST NO. 462:**
8   All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
9   RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,
10  general merchandise managers, retailers, suppliers, licensees, potential licensees, or
11  licensing agents world wide in which YOU made comments about the launch or
12  discontinuation of any "BRATZ" product or any other MGA products known to
13  YOU.

14
15  **RESPONSE TO REQUEST NO. 462:**
16  In addition to the general objections stated above which are
17  incorporated herein by reference, Mattel objects to this Request on the grounds that
18  it is overbroad and unduly burdensome, including in that it seeks all documents on
19  this subject without limitation as to time, and regardless of whether such documents
20  relate to products or matters at issue in this case.  Mattel further object on the
21  grounds that this Request is an attempt to circumvent the Discovery Master's May
22  22, 2007 order determining that the requested documents are irrelevant and/or that
23  such requests are improper.  Mattel further objects to the Request on the grounds
24  that it seeks information about matters that are not within the subject matter
25  jurisdiction of the Court.  Production by Mattel, if any, will be limited to those
26  matters within the Court's jurisdiction, only in the event and to the extent it is
27  permitted by or otherwise in compliance with foreign laws limiting disclosure and
28  discovery and only in the event and to the extent that the documents are within

9/2154684.1

-77-

1  Mattel's possession, custody or control pursuant to governing law.  Mattel further
2  objects to the Request on the grounds that it seeks documents that are not relevant to
3  this action or likely to lead to the discovery of admissible evidence.  Mattel further
4  objects to this Request on the grounds that it seeks confidential, proprietary and
5  trade secret information, including such information that has no bearing on the
6  claims or defenses in this case.  Mattel further objects to this Request on the grounds
7  that it calls for the disclosure of information subject to the attorney-client privilege,
8  the attorney work-product doctrine and other applicable privileges.

9          Subject to and without waiving the foregoing objections, Mattel
10  responds as follows:  Mattel will produce such responsive, non-privileged
11  documents bearing on products and matters placed at issue in this litigation that are
12  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate
13  after a diligent search and reasonable inquiry, to the extent not previously produced.

14

15  **REQUEST NO. 463:**

16          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR
17  RELATING TO such COMMUNICATIONS with any industry analysts world wide
18  in which YOU made comments about the launch or discontinuation of any
19  "BRATZ" product or any other MGA products known to YOU.

20

21  **RESPONSE TO REQUEST NO. 463:**

22          In addition to the general objections stated above which are
23  incorporated herein by reference, Mattel objects to this Request on the grounds that
24  it is overbroad and unduly burdensome, including in that it seeks all documents on
25  this subject without limitation as to time, and regardless of whether such documents
26  relate to products or matters at issue in this case.  Mattel further object on the
27  grounds that this Request is an attempt to circumvent the Discovery Master's May
28  22, 2007 order determining that the requested documents are irrelevant and/or that

1   such requests are improper.  Mattel further objects to the Request on the grounds

2   that it seeks documents that are not relevant to this action or likely to lead to the

3   discovery of admissible evidence.  Mattel further objects to the Request on the

4   grounds that it seeks information about matters that are not within the subject matter

5   jurisdiction of the Court.  Production by Mattel, if any, will be limited to those

6   matters within the Court's jurisdiction, only in the event and to the extent it is

7   permitted by or otherwise in compliance with foreign laws limiting disclosure and

8   discovery and only in the event and to the extent that the documents are within

9   Mattel's possession, custody or control pursuant to governing law.  Mattel further

10  objects to this Request on the grounds that it seeks confidential, proprietary and

11  trade secret information, including such information that has no bearing on the

12  claims or defenses in this case.  Mattel further objects to this Request on the grounds

13  that it calls for the disclosure of information subject to the attorney-client privilege,

14  the attorney work-product doctrine and other applicable privileges.

15          Subject to and without waiving the foregoing objections, Mattel

16  responds as follows:  Mattel will produce such responsive, non-privileged

17  documents bearing on products and matters placed at issue in this litigation that are

18  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

19  after a diligent search and reasonable inquiry, to the extent not previously produced.

20

21  **REQUEST NO. 464:**

22          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

23  RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,

24  general merchandise managers, retailers, suppliers, licensees, potential licensees, or

25  licensing agents world wide in which YOU made comments about MGA's

26  operations, business practices, tactics or techniques.

27

28

/9/2154684.1

MATTEL'S RESPONSES TO FOURTH SET OF REQUESTS FOR PRODUCTION

Exhibit 28 - Page 1085

**RESPONSE TO REQUEST NO. 464:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects that the terms "MGA's operations, business practices, tactics or techniques" are vague and ambiguous. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to the Request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court. Production by Mattel, if any, will be limited to those matters within the Court's jurisdiction, only in the event and to the extent it is permitted by or otherwise in compliance with foreign laws limiting disclosure and discovery and only in the event and to the extent that the documents are within Mattel's possession, custody or control pursuant to governing law. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST NO. 465:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS with any industry analysts world wide

-80-

1  in which YOU made comments about MGA's operations, business practices, tactics
2  or techniques.

3

4  **RESPONSE TO REQUEST NO. 465:**

5          In addition to the general objections stated above which are
6  incorporated herein by reference, Mattel objects to this Request on the grounds that
7  it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all
8  documents on this subject without limitation as to time, and regardless of whether
9  such documents relate to products or matters at issue in this case.  Mattel further
10 objects that the terms "MGA's operations, business practices, tactics or techniques"
11 are vague and ambiguous.  Mattel further object on the grounds that this Request is
12 an attempt to circumvent the Discovery Master's May 22, 2007 order determining
13 that the requested documents are irrelevant and/or that such requests are improper.
14 Mattel further objects to the Request on the grounds that it seeks information about
15 matters that are not within the subject matter jurisdiction of the Court.  Production
16 by Mattel, if any, will be limited to those matters within the Court's jurisdiction,
17 only in the event and to the extent it is permitted by or otherwise in compliance with
18 foreign laws limiting disclosure and discovery and only in the event and to the
19 extent that the documents are within Mattel's possession, custody or control
20 pursuant to governing law.  Mattel further objects to the Request on the grounds that
21 it seeks documents that are not relevant to this action or likely to lead to the
22 discovery of admissible evidence.  Mattel further objects to this Request on the
23 grounds that it seeks confidential, proprietary and trade secret information, including
24 such information that has no bearing on the claims or defenses in this case.  Mattel
25 further objects to this Request on the grounds that it calls for the disclosure of
26 information subject to the attorney-client privilege, the attorney work-product
27 doctrine and other applicable privileges.

28

1 **REQUEST NO. 466:**

2          All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

3 RELATING TO such COMMUNICATIONS, with any licensees, potential

4 licensees, or licensing agents world wide in which YOU made comments about any

5 potential business dealings between MGA and any such licensee, potential licensee

6 or licensing agent.

7

8 **RESPONSE TO REQUEST NO. 466:**

9          In addition to the general objections stated above which are

10 incorporated herein by reference, Mattel objects to this Request on the grounds that

11 it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all

12 documents on this subject without limitation as to time, and regardless of whether

13 such documents relate to products or matters at issue in this case.  Mattel further

14 object on the grounds that this Request is an attempt to circumvent the Discovery

15 Master's May 22, 2007 order determining that the requested documents are

16 irrelevant and/or that such requests are improper.  Further, Mattel objects that at

17 least some of the requested documents are the subject of a pending motion before

18 the Discovery Master.  Mattel further objects to the Request on the grounds that it

19 seeks information about matters that are not within the subject matter jurisdiction of

20 the Court.  Production by Mattel, if any, will be limited to those matters within the

21 Court's jurisdiction, only in the event and to the extent it is permitted by or

22 otherwise in compliance with foreign laws limiting disclosure and discovery and

23 only in the event and to the extent that the documents are within Mattel's possession,

24 custody or control pursuant to governing law.  Mattel further objects to the Request

25 on the grounds that it seeks documents that are not relevant to this action or likely to

26 lead to the discovery of admissible evidence.  Mattel further objects to this Request

27 on the grounds that it seeks confidential, proprietary and trade secret information,

28 including such information that has no bearing on the claims or defenses in this

Exhibit 28 - Page 1088

1  case. Mattel further objects to this Request on the grounds that it calls for the

2  disclosure of information subject to the attorney-client privilege, the attorney work-

3  product doctrine and other applicable privileges.

4         Subject to and without waiving the foregoing objections, Mattel

5  responds as follows: Mattel will produce such responsive, non-privileged

6  documents relating to work for Mattel at issue in this litigation that are in Mattel's

7  possession, custody, or control, if any, that Mattel has been able to locate after a

8  diligent search and reasonable inquiry, to the extent not previously produced.

9

10 **REQUEST NO. 467:**

11        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

12 RELATING TO such COMMUNICATIONS, with any former MATTEL

13 employees in which YOU made comments about any such MATTEL employees'

14 potential or actual employment with MGA.

15

16 **RESPONSE TO REQUEST NO. 467:**

17        In addition to the general objections stated above which are

18 incorporated herein by reference, Mattel objects to this Request on the grounds that

19 it is overbroad and unduly burdensome, including in that it seeks all documents on

20 this subject without limitation as to time, and regardless of whether such documents

21 relate to matters at issue in this case. Mattel further objects to the Request on the

22 grounds that it seeks documents that are not relevant to this action or likely to lead

23 to the discovery of admissible evidence. Mattel further objects to this Request on

24 the grounds that it calls for the disclosure of information subject to the attorney-

25 client privilege, the attorney work-product doctrine and other applicable privileges.

26

27

28

9/2154684.1

MATTEL'S RESPONSES TO FOURTH SET OF REQUESTS FOR PRODUCTION

Exhibit 28 - Page 1089

**REQUEST NO. 468:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, with ART ATTACKS (including, without limitation, any of ART ATTACKS' attorneys) regarding MGA, "BRATZ," BRYANT, LARIAN, any litigation between MGA and MATTEL, or any litigation between MGA and ART ATTACKS.

**RESPONSE TO REQUEST NO. 468:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as duplicative of requests previously served by MGA in this litigation.

**REQUEST NO. 469:**

All COMMUNICATIONS between Alfred R. Kahn, Chairman and CEO of 4Kids Entertainment Inc. and MATTEL (including, without limitation, MATTEL's Neil Friedman) REFERRING OR RELATING TO "BRATZ," BRATZ television programming (including without limitation any animated program consisting of or containing the BRATZ characters, images, logos, trademark and trade dress), MGA, LARIAN or any other person known to YOU to work or to have

-84-
MATTEL'S RESPONSES TO FOURTH SET OF REQUESTS FOR PRODUCTION

Exhibit 28 - Page 1090

1   worked with or for MGA on "BRATZ" or BRATZ television programming, and all
2   DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS.

3

4   **RESPONSE TO REQUEST NO. 469:**

5          In addition to the general objections stated above which are
6   incorporated herein by reference, Mattel objects to this Request on the grounds that
7   it is overbroad and unduly burdensome, including in that it seeks all documents on
8   this subject without limitation as to time, and regardless of whether such documents
9   relate to products or matters at issue in this case.  Mattel further object on the
10  grounds that this Request is an attempt to circumvent the Discovery Master's May
11  22, 2007 order determining that the requested documents are irrelevant and/or that
12  such requests are improper, which stated, "MGA has failed to establish
13  that...communications with...4kids Entertainment are relevant to a claim or defense
14  in suit."  Mattel further objects to the Request on the grounds that it seeks
15  documents that are not relevant to this action or likely to lead to the discovery of
16  admissible evidence.  Mattel further objects to this Request on the grounds that it
17  seeks confidential, proprietary and trade secret information, including such
18  information that has no bearing on the claims or defenses in this case.  Mattel further
19  objects to this Request on the grounds that it calls for the disclosure of information
20  subject to the attorney-client privilege, the attorney work-product doctrine and other
21  applicable privileges.

22

23  DATED:  July 6, 2007                QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
24

25                          By _*Cyrus Naim For*_____
26                             Timothy L. Alger
                               Attorneys for Plaintiff and Cross-Defendant
27                             Mattel, Inc.

28

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On July 6, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S OBJECTIONS AND RESPONSES TO MGA'S FOURTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** on the parties in this action as follows:

Diana M. Torres, Esq.
**O'Melveny & Myers, LLP**
400 S. Hope Street
Los Angeles, CA 90071
dtorres@omm.com

Michael H. Page
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: 415-391-5400
Fax: 415-397-7188
mpage@kvn.com

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel: 310-553-3000
Fax: 310-556-2920
pglaser@chrismill.com

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from cyrusnaim@quinnemanuel.com on July 6, 2007, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 6, 2007, at Los Angeles, California.

Jessica Kim

_____
Jessica Kim

GL578/2162460.1

Exhibit 28 - Page 1092