# Exhibit 29

DIANA M. TORRES (S.B. #162284)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

DALE M. CENDALI (admitted pro hac vice)
MICHAEL KEATS (admitted pro hac vice)
JOHANNA SCHMITT (admitted pro hac vice)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: dcendali@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA  90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Plaintiff
MGA Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant<br><br>CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No.  CV 04-09049 SGL (RNBx)<br>(Consolidated with CV 04-9059 and CV 05-2727)<br><br>**MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | MGA ENTERTAINMENT, INC. |
| 2 | RESPONDING PARTY: | MATTEL, INC. |
| 3 | SET NO. | FIVE |
| 4 | NOS. | 470 - 531 |

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on September 4, 2007, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

### DEFINITIONS

As used in these Requests:

1.     "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel v. Bryant, Inc., first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

2.     "ACCELERACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "AcceleRacerS."

- 1 -

3.     "ADVERTISEMENT" means a commercial message or advertisement in any medium, including without limitation, television, radio, movies, magazines, newspapers, the Internet, signage, and billboards.

4.     "ASAHI" means Asahi Kasei Life & Living Corporation and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Asahi Kasei Life & Living Corporation and any others acting on Asahi Kasei Life & Living Corporation's behalf, pursuant to its authority or subject to its control.

5.     "BRATZ" means and refers to each image, character, logo, doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress, including, but not limited to, fashion dolls, styling heads, and plush toys.

6.     "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, and any other person acting on his behalf, pursuant to his authority or subject to his control.

7.     "CONTESTED MGA PRODUCTS" means "Bratz" female fashion dolls and their packaging, products in the "Bratz Wintertime Wonderland" theme, products in the "Bratz Formal Funk" theme, products in the "Bratz Sun Kissed Summer" theme, products in the "Bratz Forever Diamondz" theme, "Bratz Petz" plush toys (including "Bratz Dogz") and their packaging, "Bratz Funky Fashion Makeover" heads, "Bratz Formal Funk Super Stylin' Runway Disco" playset and packaging, "4-Ever Best Friends" dolls and packaging, "Mommy's Little" doll line, and "Alien Racers" toy racing vehicles, as identified in Response to

- 2 -

1   Interrogatory No. 2 of MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s

2   First Set of Interrogatories Re Claims of Unfair Competition.

3       8.   "COMMUNICATION[S]" means any transmission of information

4   from one person or entity to another, including, without limitation, by personal

5   meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request

6   that encompasses information relating in any way to communications to, from or

7   within a business or corporate entity is hereby designated to mean, and should be

8   construed to include, all communications by and between representatives,

9   employees, agents or servants of the business or corporate entity.

10      9.   "COUNTERCLAIM[S]" means the Second Amended Answer and

11  Counterclaims filed by Mattel on July 12, 2007.

12      10.  "DIVA STARZ" means and refers to each image, character, logo,

13  doll, toy, accessory, product, packaging or any other thing that is or has ever been

14  manufactured, marketed or sold by MATTEL, or others under license by

15  MATTEL, as part of a line of goods or merchandise commonly known as, or sold

16  and marketed under the name "Diva Starz."

17      11.  "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

18  Civil Procedure 34, and shall be construed in the broadest sense to mean any and

19  all writings, tangible things and property, of any kind, that are now or that have

20  been in YOUR actual or constructive possession, custody or control, including, but

21  not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

22  punched, copied, recorded, transcribed, graphic or photographic matter of any kind

23  or nature, in, through, or from which information may be embodied, translated,

24  conveyed or stored, whether an original, a draft or copy, however produced or

25  reproduced, whether sent or received or neither, including, but not limited to,

26  notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals,

27  reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets,

28  work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost

- 3 -

Exhibit 29 - Page 1096

1    sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase

2    orders, telephone records, telegrams, telexes, literature, invoices, contracts,

3    purchase orders, estimates, recordings, transcriptions of recordings, records,

4    books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs,

5    video, audio and digital recordings, television commercials, story boards, website

6    or other spot advertisements, movies, movie trailers, prototypes, products, diaries,

7    calendars, charts, drawings, sketches, messages, photographs and data contained in

8    or accessible through any electronic data processing system, including, but not

9    limited to, computer databases, data sheets, data processing cards, computer files

10   and tapes, computer disks, CD-ROMs, computer metadata, microfilm, microfiche,

11   electronic mail, website and web pages and transcriptions thereof and all other

12   memorializations of any conversations, meetings and conference, by telephone or

13   otherwise.  The term DOCUMENT also means every copy of a DOCUMENT,

14   where such copy is not an identical duplicate of the original, whether because of

15   deletions, underlinings, showing of blind copies, initialing, signatures, receipt

16   stamps, comments, notations, differences in stationery or any other difference or

17   modification of any kind.

18        12.    "EARLY LIGHT" means the toy manufacturer Early Light Industrial

19   Company Limited and any of its past or present officers, directors, agents,

20   employees, representatives, consultants, attorneys, parents, subsidiaries, divisions,

21   affiliates, predecessors-in-interest, entities and persons acting in joint venture or

22   partnership relationships with Early Light Industrial Company Limited and any

23   others acting on Early Light Industrial Company Limited's behalf, pursuant to its

24   authority or subject to its control.

25        13.    "FILO" means L.A.M.P. S.p.A., and any of its past or present

26   officers, directors, agents, employees, representatives, consultants, attorneys,

27   parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and

28   persons acting in joint venture or partnership relationships with L.A.M.P. S.p.A.

- 4 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 29 - Page 1097

1    and any others acting on L.A.M.P. S.p.A.'s behalf, pursuant to its authority or
2    subject to its control.

3        14.    "FISHER-PRICE" means Fisher-Price, Inc. and any of its past or
4    present officers, directors, agents, employees, representatives, consultants,
5    attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest,
6    entities and persons acting in joint venture or partnership relationships with Fisher-
7    Price, Inc. and any others acting on Fisher-Price, Inc.'s behalf, pursuant to Fisher-
8    Price, Inc.'s authority or subject to Fisher-Price, Inc.'s control.

9        15.    "JETTA" means the toy manufacturer Jetta Company Limited, and
10   any of its past or present officers, directors, agents, employees, representatives,
11   consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-
12   interest, entities and persons acting in joint venture or partnership relationships
13   with Jetta Company Limited and any others acting on Jetta Company Limited's
14   behalf, pursuant to its authority or subject to its control.

15       16.    "KANEKA" means plastics manufacturer Kaneka Corporation, and
16   any of its past or present officers, directors, agents, employees, representatives,
17   consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-
18   interest, entities and persons acting in joint venture or partnership relationships
19   with Kaneka Corporation and any others acting on Kaneka Corporation's behalf,
20   pursuant to its authority or subject to its control.

21       17.    "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

22       18.    "MATTEL," "YOU," or "YOUR" means defendant MATTEL, Inc.
23   and any of its past or present officers, directors, agents, employees,
24   representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,
25   predecessors-in-interest, entities and persons acting in joint venture or partnership
26   relationships with YOU and any others acting on YOUR behalf, pursuant to
27   YOUR authority or subject to YOUR control.

28

- 5 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 29 - Page 1098

19.   **"MGA"** means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

20.   **"MY SCENE"** means and refers to each image, character, logo, doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name **"MY SCENE."**

21.   **"PERSON[S]"** means any or all entities, including but not limited to, any or all individuals, single proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

22.   **"POLLY POCKET COLOR SURPRISE POLLY"** means and refers to each image, character, logo, doll, styling head, toy, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Polly Pocket Color Surprise Polly."

23.   **"REFERRING OR RELATING TO"** should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

- 6 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 29 - Page 1099

24.    "SIMBA TOYS" means Simba Toys GmbH and Company KG, Simba Toys (France), Simba Toys (Hong Kong) Ltd. and/or any of their parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Simba Toys GmbH and Company KG, Simba Toys (France) and/or Simba Toys (Hong Kong) Ltd.

25.    "SIMBA LITIGATION" means any litigation between SIMBA TOYS and MATTEL, including, but not limited to, (1) the litigation in Germany resulting in a decision by the Bundesgerichtshof (BGH) on or about October 28, 2004; (2) litigation in France resulting in a decision by the Commercial Court of Paris on or about June 28, 2002; and (3) litigation in the United Kingdom before the High Court of Justice, Chancery Division, Patents Court under docket or reference number HC 03 CO 2684 in 2003.

26.    "UNIVERSAL" means Universal Commerce Corporation Limited and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Universal Commerce Corporation Limited and any others acting on Universal Commerce Corporation Limited's behalf, pursuant to its authority or subject to its control.

27.    "ZEUS SERVER" means the "Zeus server" as defined in the deposition of MATTEL's 30(b)(6) witness, Julia Marine.

28.    The singular form includes the plural, and vice versa.

29.    The terms "any" and "all" are interchangeable.

30.    The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

- 7 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 29 - Page 1100

# INSTRUCTIONS

1.     YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.     If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full.

3.     Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized, separated, or identified.

4.     Each DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner.

5.     These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

# REQUESTS FOR PRODUCTION

## REQUEST NO. 470:

All DOCUMENTS REFERRING OR RELATING TO any claims and/or litigation that MATTEL or FISHER-PRICE has brought or considered bringing against any PERSON regarding infringement of MY SCENE, DIVA STARZ, or any other intellectual property including, but not limited to, cease and desist letters.

## REQUEST NO. 471:

All DOCUMENTS REFERRING OR RELATING TO any claims, threat of

- 8 -

1  litigation and/or litigation that any PERSON has asserted against MATTEL

2  regarding infringement by MY SCENE or DIVA STARZ, including, but not

3  limited to, cease and desist letters.

4  **REQUEST NO. 472:**

5      All DOCUMENTS REFERRING OR RELATING TO any SIMBA

6  LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,

7  briefs, deposition transcripts, orders or other documents, and any English

8  translations thereof, submitted to the court by MATTEL or SIMBA TOYS in

9  support of its claims and defenses or any rulings or decisions issued by the court.

10  **REQUEST NO. 473:**

11      All DOCUMENTS REFERRING OR RELATING TO the creation and

12  development of the "We Believe in Girls" website, found at

13  www.webelieveingirls.com, that also mention BRATZ and/or MGA.

14  **REQUEST NO. 474:**

15      All DOCUMENTS REFERRING OR RELATING TO the mention of

16  BRATZ and/or MGA on the "We Believe in Girls" website, including, but not

17  limited to, any community bulletin boards.

18  **REQUEST NO. 475:**

19      Copies of all photographs taken by MATTEL (including, but not limited to,

20  MATTEL's counsel) during the course of its inspection of any DOCUMENT or

21  item made available to it by MGA or Bryant, including, but not limited to,

22  products, packaging, samples, sculptures, sketches, or drawings.

23  **REQUEST NO. 476:**

24      All DOCUMENTS RELATING TO YOUR efforts, or knowledge of any

25  efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

26  MGA's trade secrets, non-public information, non-public activities, unreleased

27  products, and product development, including, but not limited to:

28

- 9 -

1    a.    DOCUMENTS REFERRING OR RELATING TO YOUR

2 COMMUNICATIONS or contacts with MGA's current or former employees or

3 contractors about MGA or its business, including, but not limited to, any tape

4 recordings of such COMMUNICATIONS;

5    b.    DOCUMENTS REFERRING OR RELATING TO YOUR use or

6 attempts to use confidential informants, spies, or moles within MGA, including, but

7 not limited to, any tape recordings  of MGA employees or contractors;

8    c.    DOCUMENTS REFERRING OR RELATING TO YOUR  knowledge

9 of any MGA product before its release to the public or of any other non-public

10 information about MGA, its business or its products;

11    d.    DOCUMENTS REFERRING OR RELATING TO YOUR access, or

12 attempts to gain access, to MGA showrooms,  Plan-o-Grams, merchandising

13 displays, Toy Fair displays on false pretenses (including, but not limited to, by

14 using fake business cards);

15    f.    DOCUMENTS REFERRING OR RELATING TO YOUR access to

16 MGA's products or showroom at any Toy Fair (including Hong Kong Toy Fair,

17 New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

18    h.    YOUR access to MGA's confidential product and pricing information

19 through "competitive management agreements" or "category management

20 agreements" with retailers; and

21    i.    YOUR access to MGA's confidential product and pricing information

22 from non-public sources and/or through non-public means.

23 **REQUEST NO. 477:**

24    All COMMUNICATIONS between YOU and any recruiting agency or

25 service including, but not limited to, Gregory Michaels & Associates, that REFER

26 OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

27 **REQUEST NO. 478:**

28    All DOCUMENTS REFERRING OR RELATING to any use or

- 10 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 29 - Page 1103

1  contemplated use by YOU of any recruiting agency or service including, but not
2  limited to Gregory Michaels & Associates to contact or recruit any MGA employee
3  to work for YOU.

4  **REQUEST NO. 479:**

5      DOCUMENTS sufficient to show weekly and monthly point of sale data for
6  MY SCENE fashion dolls.

7  **REQUEST NO. 480:**

8      All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,
9  reproduction, copying, storage, transmission, transfer, retention, destruction,
10  deletion, or use of any DOCUMENT identifying MGA products in the course of
11  any planning, design, development or revision of any YOUR products.

12  **REQUEST NO. 481:**

13      All DOCUMENTS, including, but not limited to, any compilation of
14  information, that were prepared, made, created, generated, assembled or compiled
15  by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de
16  C.V.

17  **REQUEST NO. 482:**

18      All DOCUMENTS, including, but not limited to, any compilation of
19  information, that were prepared, made, created, generated, assembled or compiled
20  by or for MGA or any MGA subsidiary, and that YOU received from any third
21  party, including Rachel Harris or Fred Larian.

22  **REQUEST NO. 483:**

23      All investigative files REFERRING OR RELATING to BRYANT, MGA or
24  any of its employees, including but not limited to file numbers 02-299, 02-1680,
25  and 03-034.

26  **REQUEST NO. 484:**

27      DOCUMENTS sufficient to show the directory structure of the ZEUS
28  SERVER as it relates to MATTEL's girls toys division.

Exhibit 29 - Page 1104

1  **REQUEST NO. 485:**

2      All DOCUMENTS, since January 1, 1999, REFERRING OR RELATING

3  TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,

4  destruction, deletion or use of any DOCUMENTS, including but not limited to any

5  compilation of information, that were prepared, made, created, generated,

6  assembled or compiled by or for MGA or any MGA subsidiary, including MGAE

7  de Mexico, S.R.L. de C.V. in Mexico City.

8  **REQUEST NO. 486:**

9      All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR

10  attorney's or agent's knowledge of or participation in the investigation or search of

11  MGAE de Mexico, S.R.L. de C.V. in Mexico City.

12  **REQUEST NO. 487:**

13      All DOCUMENTS REFERRING OR RELATING TO whether any of the

14  items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in

15  Mexico City were prepared, made, created, generated, assembled or compiled by or

16  for MGA or any MGA subsidiary.

17  **REQUEST NO. 488:**

18      All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge

19  that any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L.

20  de C.V. in Mexico City were prepared, made, created, generated, assembled or

21  compiled by or for MGA or any MGA subsidiary.

22  **REQUEST NO. 489:**

23      All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR

24  attorney's or agent's knowledge of or participation in the seizure of Brisbois'

25  thumb drive by Canadian law enforcement.

26  **REQUEST NO. 490:**

27      All DOCUMENTS REFERRING OR RELATING TO whether any of the

28  items seized by Canadian authorities from Brisbois' thumb drive were prepared,

- 12 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 29 - Page 1105

made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

**REQUEST NO. 491:**

All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge that any of the items seized by Canadian authorities from Brisbois' thumb drive were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

**REQUEST NO. 492:**

All DOCUMENTS that REFER OR RELATE TO the retention, destruction, transfer, or use of any information or DOCUMENTS known to or possessed by any current or former MGA employee, freelancer or contractor, including but not limited to Tina Patel, Christopher Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

**REQUEST NO. 493:**

All COMMUNICATIONS between YOU and any PERSON REFERRING OR RELATING TO the retention, destruction, transfer, or use of any information or DOCUMENTS known to or possessed by any current or former MGA employee, freelancer or contractor, including but not limited to Tina Patel, Christopher Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

**REQUEST NO. 494:**

All COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by MATTEL.

**REQUEST NO. 495:**

All DOCUMENTS REFERRING OR RELATING TO COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by MATTEL, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**REQUEST NO. 496:**

- 13 -

1     All DOCUMENTS, including but not limited to all COMMUNICATIONS

2    with any PERSON, REFERRING OR RELATING TO Tina Patel prior to her date

3    of hire by MATTEL.

4    **REQUEST NO. 497:**

5     All DOCUMENTS, including but not limited to all COMMUNICATIONS

6    with any PERSON, REFERRING OR RELATING TO Tina Patel's resignation

7    from MGA.

8    **REQUEST NO. 498:**

9     All DOCUMENTS, including but not limited to all COMMUNICATIONS

10   with any PERSON, REFERRING OR RELATING TO compensation, money or

11   any other item of value paid to Tina Patel, whether directly or indirectly, by YOU.

12   **REQUEST NO. 499:**

13    All DOCUMENTS received by YOU, directly or indirectly, from Tina Patel

14   REFERRING OR RELATING TO any MGA product or plan.

15   **REQUEST NO. 500:**

16    All DOCUMENTS, including but not limited to all COMMUNICATIONS

17   with any PERSON, REFERRING OR RELATING TO YOUR receipt,

18   reproduction, copying, storage, transmission, transfer, retention, destruction,

19   deletion or use of any DOCUMENTS, data and/or information, including but not

20   limited to any compilation of information, that was prepared, made, created,

21   generated, assembled or compiled by or for MGA and that YOU received, directly

22   or indirectly, from Tina Patel.

23   **REQUEST NO. 501:**

24    A copy of each personnel file maintained or created by YOU REFERRING

25   OR RELATING TO Tina Patel.

26   **REQUEST NO. 502:**

27    All DOCUMENTS, including but not limited to all COMMUNICATIONS,

28   prepared, created, sent or transmitted, whether in whole or in part, by Tina Patel

- 14 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 29 - Page 1107

1  REFERRING OR RELATING TO any of the CONTESTED MGA PRODUCTS.

2  **REQUEST NO. 503:**

3      All COMMUNICATIONS between YOU and Christopher Hardouin prior to

4  his date of hire by MATTEL.

5  **REQUEST NO. 504:**

6      All DOCUMENTS REFERRING OR RELATING TO

7  COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of

8  hire by MATTEL, including but not limited to all calendar entries, phone logs,

9  phone records and notes reflecting such COMMUNICATIONS.

10  **REQUEST NO. 505:**

11      All DOCUMENTS, including but not limited to all COMMUNICATIONS

12  with any PERSON, REFERRING OR RELATING TO Christopher Hardouin prior

13  to his date of hire by MATTEL.

14  **REQUEST NO. 506:**

15      All DOCUMENTS, including but not limited to all COMMUNICATIONS

16  with any PERSON, REFERRING OR RELATING TO Christopher Hardouin's

17  resignation from MGA.

18  **REQUEST NO. 507:**

19      All DOCUMENTS, including but not limited to all COMMUNICATIONS

20  with any PERSON, REFERRING OR RELATING TO compensation, money or

21  any other item of value paid to Christopher Hardouin, whether directly or

22  indirectly, by YOU.

23  **REQUEST NO. 508:**

24      All DOCUMENTS received by YOU, directly or indirectly, from

25  Christopher Hardouin REFERRING OR RELATING TO any MGA product or

26  plan.

27  **REQUEST NO. 509:**

28      All DOCUMENTS, including but not limited to all COMMUNICATIONS

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 29 - Page 1108

1   with any PERSON, REFERRING OR RELATING TO YOUR receipt,

2   reproduction, copying, storage, transmission, transfer, retention, destruction,

3   deletion or use of any DOCUMENTS, data and/or information, including but not

4   limited to any compilation of information, that was prepared, made, created,

5   generated, assembled or compiled by or for MGA and that YOU received, directly

6   or indirectly, from Christopher Hardouin.

7   **REQUEST NO. 510:**

8       A copy of each personnel file maintained or created by YOU REFERRING

9   OR RELATING TO Christopher Hardouin.

10   **REQUEST NO. 511:**

11       All DOCUMENTS, including but not limited to all COMMUNICATIONS,

12   prepared, created, sent or transmitted, whether in whole or in part, by Christopher

13   Hardouin REFERRING OR RELATING TO any of the CONTESTED MGA

14   PRODUCTS.

15   **REQUEST NO. 512:**

16       All DOCUMENTS REFERRING OR RELATING TO the creation, origins

17   or sources of inspiration of "POLLY POCKET COLOR SURPRISE POLLY"

18   including, without limitation, the creation, origins or sources of inspiration of the

19   pose of "POLLY POCKET COLOR SURPRISE POLLY."

20   **REQUEST NO. 513:**

21       All DOCUMENTS REFERRING OR RELATING TO any similarity or

22   dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any

23   MGA product (whether released or unreleased) known to YOU, including but not

24   limited to any similarity or dissimilarity between the pose of "POLLY POCKET

25   COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

26   **REQUEST NO. 514:**

27       All DOCUMENTS REFERRING OR RELATING TO whether the

28   appearance or pose of "POLLY POCKET COLOR SURPRISE POLLY" copies,

- 16 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 29 - Page 1109

1   replicates, or in any way imitates the appearance or pose of any MGA product

2   (whether released or unreleased) known to YOU.

3   **REQUEST NO. 515:**

4       DOCUMENTS, including but not limited to organizational charts, sufficient

5   to identify (by name and job function) all current and former MATTEL personnel

6   and/or freelancers comprising the primary team that worked on the creation, design

7   and development of "POLLY POCKET COLOR SURPRISE POLLY."

8   **REQUEST NO. 516:**

9       All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

10  institute a litigation hold in response to the litigation originally captioned *Mattel,*

11  *Inc. v. Bryant.*, Case No.  CV 04-9059 SGL (RNBx).

12  **REQUEST NO. 517:**

13      All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

14  institute a litigation hold in response to the litigation originally captioned *MGA*

15  *Entertainment, Inc. v. Mattel, Inc.*, Case No.  CV 05-02727 SGL (RNBx).

16  **REQUEST NO. 518:**

17      All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

18  institute a litigation hold in response to the litigation originally captioned *Bryant v.*

19  *Mattel, Inc.*, Case No.  CV 04-9049 SGL (RNBx).

20  **REQUEST NO. 519:**

21      All COMMUNICATIONS between YOU and the toy manufacturer JETTA

22  REFERRING OR RELATING to MGA, BRATZ or LARIAN.

23  **REQUEST NO. 520:**

24      All COMMUNICATIONS between YOU and EARLY LIGHT, including

25  but not limited to Francis Choi, Wilson Ng, and Carmen Choi, REFERRING OR

26  RELATING to MGA, BRATZ or LARIAN.

27  **REQUEST NO. 521:**

28      All COMMUNICATIONS between YOU and ASAHI REFERRING OR

- 17 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 29 - Page 1110

1    RELATING to MGA, BRATZ or LARIAN.

2    **REQUEST NO. 522:**

3       All COMMUNICATIONS between YOU and UNIVERSAL REFERRING

4    OR RELATING to MGA, BRATZ or LARIAN.

5    **REQUEST NO. 523:**

6       All COMMUNICATIONS between YOU and KANEKA REFERRING OR

7    RELATING to MGA, BRATZ or LARIAN.

8    **REQUEST NO. 524:**

9       All COMMUNICATIONS between YOU and FILO REFERRING OR

10    RELATING to MGA, BRATZ or LARIAN.

11    **REQUEST NO. 525:**

12       Copies of all producers' affidavits for any ADVERTISEMENT for MY

13    SCENE or ACCELERACERS.

14    **REQUEST NO. 526:**

15       All DOCUMENTS that constitute COMMUNICATIONS between YOU

16    (including YOUR agents and attorneys) and law enforcement authorities in Mexico,

17    Canada or the United States, including but not limited to the United States

18    Attorney's Office, the Department of Justice and any national, regional, state or

19    local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS

20    or any other alleged taking of confidential MATTEL information by MGA or

21    persons currently or formerly employed by MGA.

22    **REQUEST NO. 527:**

23       All DOCUMENTS REFERRING OR RELATING TO Board of Directors

24    meetings in which MGA, BRATZ, LARIAN, Mel Woods, Ron Brawer, Janine

25    Brisbois, Carlos Custavo Machado Gomez, Mariana Trueba Almada, or Pablo

26    Vargas San Jose were discussed, including, but not limited to, meeting minutes,

27    notes and memoranda.

28    **REQUEST NO. 528:**

- 18 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 29 - Page 1111

1      All DOCUMENTS that YOU (including YOUR agents and attorneys)

2    provided to law enforcement authorities in Mexico, Canada or the United States,

3    including but not limited to the United States Attorney's Office, the Department of

4    Justice and any national, regional, state or local authorities, concerning any of the

5    allegations in YOUR COUNTERCLAIMS or any other alleged taking of

6    confidential MATTEL information by MGA or persons currently or formerly

7    employed by MGA.

8    **REQUEST NO. 529:**

9      All DOCUMENTS that support the information and belief alleged in

10   paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.

11   **REQUEST NO. 530:**

12     All DOCUMENTS, including but not limited to agreements, draft

13   agreements and correspondence, REFERRING OR RELATING TO the payment or

14   offer of payment of attorneys fees by MATTEL to any PERSON in connection this

15   ACTION.

16   **REQUEST NO. 531:**

17     DOCUMENTS sufficient to show YOUR fee arrangement with YOUR

18   counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection

19   with this ACTION, including, but not limited to, a copy of the fee agreement or

20   retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges

21   LLP.

22

23   Dated: August 3, 2007        O'MELVENY & MYERS LLP

24

25

26                      Melanie Bradley
                           Attorneys for MGA Entertainment, Inc.

27

28   1704218

- 19 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 29 - Page 1112

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, Los Angeles, California 90071-2899.

On August 3, 2007, I caused to be personally served the following documents:

**1. MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727.**

upon counsel named below by placing a true and correct copy thereof in an envelope addressed as follows:

John Quinn, Esq.
Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California 90017

☒  (By Personal Service) I prepared such envelope to be delivered by hand to the addressee(s) by Nationwide Legal, Inc. Attorney Services, whose address is 316 W. 2nd Street, Suite 705, Los Angeles, California 90012.

☐  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  (Federal) I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on August 3, 2007, at Los Angeles, California.

Mary C. Layman

LA2:830924.1

Exhibit 29 - Page 1113