# Exhibit 31

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     michaelzeller@quinnemanuel.com
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     timalger@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Plaintiff and
    Counter-Defendant Mattel

9

10                  UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

14              Plaintiff,               Consolidated with:
                                         Case No. CV 04-09059
15                                       Case No. CV 05-02727
         v.
16                                       MATTEL'S CORRECTED
                                         RESPONSES TO MGA'S FIFTH SET
17  MATTEL, INC., a Delaware             OF REQUESTS FOR PRODUCTION
    Corporation,
18                                       Hon. Stephen G. Larson
              Defendant.
19

20
    ────────────────────────────
21  AND CONSOLIDATED ACTIONS

22

23  PROPOUNDING PARTY:     MGA ENTERTAINMENT, INC.

24  RESPONDING PARTY:      MATTEL, INC.

25  SET NO.:               FIVE

26  NOS.                   470 - 531

27

28

07209/2200584.1

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727 (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.    Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.    Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege. Mattel will not produce such privileged documents.

1      3.    Mattel objects to the Requests on the grounds and to the extent

2   they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

3      4.    Mattel objects to the Requests on the grounds and to the extent

4   they seek information which is not relevant to the subject matter of this action nor

5   reasonably calculated to lead to the discovery of admissible evidence.

6      5.    Mattel objects to the Requests on the grounds and to the extent

7   they seek documents equally or more available to, or already in the possession,

8   custody or control of MGA and/or Carter Bryant.

9      6.    Mattel objects to the Requests on the grounds and to the extent

10   they seek documents not in Mattel's possession, custody or control.

11      7.    Mattel objects to the Requests on the grounds that they are

12   unduly burdensome and vague and ambiguous in that they purport to require Mattel

13   to identify and produce documents relating to matters that are currently known to

14   and in the possession, custody and control of defendants and third parties, including

15   third parties associated with defendants, and that are not known to Mattel.

16      8.    Mattel objects to the Requests on the grounds that they seek the

17   production of documents or information that are in the possession, custody and

18   control of independent parties over whom Mattel has no control, including without

19   limitation defendants, and seek the disclosure of information or documents that are

20   in the possession, custody and control of defendants or are publicly available and

21   hence equally available to all parties to this litigation.

22      9.    Mattel objects to the Requests on the ground and to the extent

23   they seek trade secret, proprietary or otherwise confidential information of Mattel or

24   third parties or would violate the terms of any agreement or contracts with third

25   parties.  Any such documents that are produced, if any, will be produced only

26   pursuant to and in reliance upon the Protective Order entered in this case.

27      10.    Mattel objects to the Requests on the grounds that the definitions

28   of the terms "ADVERTISEMENT," "ACCELERACERS," "BRATZ,"

1 | "CONTESTED MGA PRODUCTS," "DIVA STARZ," "FISHER-PRICE,"
2 | "MATTEL," "MGA," "MY SCENE," and "POLLY POCKET COLOR SURPRISE
3 | POLLY" are overbroad, vague and ambiguous, unduly burdensome, and extend
4 | beyond those products and matters placed at issue in this litigation.

5 |         11.     Mattel objects to each and every Request that seeks "all"
6 | documents which constitute, mention, refer or relate to a given topic on the grounds
7 | of undue burden and oppression.  Mattel will make available for inspection and
8 | copying those documents and tangible items, if any, that it is able to locate after a
9 | reasonable, good-faith search for and review of non-privileged responsive
10 | documents.

11 |         12.     Mattel objects to the Requests on the grounds that they seek
12 | information about matters that are not within the subject matter jurisdiction of the
13 | Court.  Production by Mattel, if any, will be limited to those matters within the
14 | Court's jurisdiction, and only in the event and to the extent that it is permitted by or
15 | otherwise in compliance with foreign laws limiting disclosure and discovery and
16 | only in the event and to the extent that the documents are within Mattel's possession,
17 | custody or control pursuant to governing law.

18 |         13.     Mattel objects to each and every Request to the extent that it
19 | seeks documents already produced in this action.  Documents which have already
20 | been produced will not be produced again in response to these Requests.

21 |         14.     Objection to the production of any document or category of
22 | documents described in the Requests, or agreement to produce any such documents,
23 | is not and shall not be construed as an admission by Mattel that any such documents
24 | or category of documents exist.  Where the responses indicate that Mattel will
25 | produce such responsive documents, such documents, if any, will be produced if and
26 | to the extent any such documents are in Mattel's possession, custody or control.

27 |         15.     Mattel objects to the time, place and manner of production
28 | specified in the Requests.  Mattel will produce such responsive, non-privileged

1  documents and tangible things, if any and to the extent not previously produced, in
2  accordance with its responses at a time and place and in a manner that is reasonable,
3  convenient and mutually agreed upon by the parties.

4

5  ## RESPONSES TO REQUESTS FOR PRODUCTION

6  Each of the following objections and responses to the Requests is
7  expressly made subject to the above Preliminary Statement and General Objections,
8  all of which are incorporated in each of the following objections and responses to
9  specific Requests.  A statement that Mattel will produce documents or tangible
10 things in response to a Request is not intended to suggest, nor should it be construed
11 to mean, that any such documents or tangible things exist, or that they are in Mattel's
12 possession, custody or control.

13

14 **REQUEST FOR PRODUCTION NO. 470:**
15 All DOCUMENTS REFERRING OR RELATING TO any claims
16 and/or litigation that MATTEL or FISHER-PRICE has brought or considered
17 bringing against any PERSON regarding infringement of MY SCENE, DIVA
18 STARZ, or any other intellectual property including, but not limited to, cease and
19 desist letters.

20

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 470:**
22 In addition to the general objections stated above which are
23 incorporated herein by reference, Mattel objects to this Request on the grounds that
24 it is overbroad and unduly burdensome, including in that it seeks all documents on
25 this subject without limitation as to time, and regardless of whether such documents
26 relate to products or matters at issue in this case.  Mattel further objects to the use of
27 the terms "any claims and/or litigation," "brought or considered bringing," and
28 "regarding infringement" in this context as vague and ambiguous.  Mattel further

1 │ objects to the Request on the grounds that it seeks documents that are not relevant to

2 │ this action or likely to lead to the discovery of admissible evidence. Mattel further

3 │ objects to this Request on the grounds that it seeks confidential, proprietary and

4 │ trade secret information, including such information that has no bearing on the

5 │ claims or defenses in this case. Mattel further objects to this Request on the grounds

6 │ that it calls for the disclosure of information subject to the attorney-client privilege,

7 │ the attorney work-product doctrine and other applicable privileges.

8 │

9 │ **REQUEST FOR PRODUCTION NO. 471:**

10 │   All DOCUMENTS REFERRING OR RELATING TO any claims,

11 │ threat of litigation and/or litigation that any PERSON has asserted against MATTEL

12 │ regarding infringement by MY SCENE or DIVA STARZ, including, but not limited

13 │ to, cease and desist letters.

14 │

15 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 471:**

16 │   In addition to the general objections stated above which are

17 │ incorporated herein by reference, Mattel objects to this Request on the grounds that

18 │ it is overbroad and unduly burdensome, including in that it seeks all documents on

19 │ this subject without limitation as to time, and regardless of whether such documents

20 │ relate to products or matters at issue in this case. Mattel further objects to the use of

21 │ the terms "any claims, threat of litigation and/or litigation" and "regarding

22 │ infringement" in this context as vague and ambiguous. Mattel further objects to the

23 │ Request on the grounds that it seeks documents that are not relevant to this action or

24 │ likely to lead to the discovery of admissible evidence. Mattel further objects to this

25 │ Request on the grounds that it seeks confidential, proprietary and trade secret

26 │ information, including such information that has no bearing on the claims or

27 │ defenses in this case. Mattel further objects to this Request on the grounds that it

28 │

07209/2200584.1

1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.

3

4   **REQUEST FOR PRODUCTION NO. 472:**

5           All DOCUMENTS REFERRING OR RELATING TO any SIMBA

6   LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,

7   briefs, deposition transcripts, orders or other documents, and any English

8   translations thereof, submitted to the court by MATTEL or SIMBA TOYS in

9   support of its claims and defenses or any rulings or decisions issued by the court.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 472:**

12          In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such documents

16  relate to products or matters at issue in this case.  Mattel further objects to the

17  Request on the grounds that it seeks documents that are not relevant to this action or

18  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

19  Request on the grounds that it seeks confidential, proprietary and trade secret

20  information, including such information that has no bearing on the claims or

21  defenses in this case.  Mattel further objects to this Request on the grounds that it

22  calls for the disclosure of information subject to the attorney-client privilege, the

23  attorney work-product doctrine and other applicable privileges.  Mattel further

24  objects to the extent the Request seeks documents already produced by Mattel.

25  Such documents will not be produced again.

26

27

28

1 **REQUEST FOR PRODUCTION NO. 473:**

2      All DOCUMENTS REFERRING OR RELATING TO the creation and

3 development of the "We Believe in Girls" website, found at

4 www.webelieveingirls.com, that also mention BRATZ and/or MGA.

5

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 473:**

7      In addition to the general objections stated above which are

8 incorporated herein by reference, Mattel objects to this Request on the grounds that

9 it is overbroad and unduly burdensome, including in that it seeks all documents on

10 this subject without limitation as to time, and regardless of whether such documents

11 relate to products or matters at issue in this case.  Mattel further objects to the

12 Request on the grounds that it seeks documents that are not relevant to this action or

13 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

14 Request on the grounds that it seeks confidential, proprietary and trade secret

15 information, including such information that has no bearing on the claims or

16 defenses in this case.  Mattel further objects to this Request on the grounds that it

17 calls for the disclosure of information subject to the attorney-client privilege, the

18 attorney work-product doctrine and other applicable privileges.

19

20 **REQUEST FOR PRODUCTION NO. 474:**

21      All DOCUMENTS REFERRING OR RELATING TO the mention of

22 BRATZ and/or MGA on the "We Believe in Girls" website, including, but not

23 limited to, any community bulletin boards.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 474:**

26      In addition to the general objections stated above which are

27 incorporated herein by reference, Mattel objects to this Request on the grounds that

28 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

07209/2200584.1

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case.  Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant to

4   this action or likely to lead to the discovery of admissible evidence.  Mattel further

5   objects to this Request on the grounds that it seeks confidential, proprietary and

6   trade secret information, including such information that has no bearing on the

7   claims or defenses in this case.  Mattel further objects to this Request on the grounds

8   that it calls for the disclosure of information subject to the attorney-client privilege,

9   the attorney work-product doctrine and other applicable privileges.

10

11   **REQUEST FOR PRODUCTION NO. 475:**

12           Copies of all photographs taken by MATTEL (including, but not

13   limited to, MATTEL's counsel) during the course of its inspection of any

14   DOCUMENT or item made available to it by MGA or Bryant, including, but not

15   limited to, products, packaging, samples, sculptures, sketches, or drawings.

16

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 475:**

18           In addition to the general objections stated above which are

19   incorporated herein by reference, Mattel objects to this Request on the grounds that

20   it is overbroad and unduly burdensome, including in that it seeks all documents

21   regardless of whether such documents relate to products or matters at issue in this

22   case.  Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney work-

24   product doctrine and other applicable privileges.

25           Subject to and without waiving the foregoing objections, Mattel

26   responds as follows:  Mattel will produce such responsive, non-privileged

27   documents that are in Mattel's possession, custody, or control, if any, that Mattel has

28

1 been able to locate after a diligent search and reasonable inquiry, to the extent not

2 previously produced.

3

4 **REQUEST FOR PRODUCTION NO. 476:**

5         All DOCUMENTS RELATING TO YOUR efforts, or knowledge of

6 any efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

7 MGA's trade secrets, non-public information, non-public activities, unreleased

8 products, and product development, including, but not limited to:

9         a.     DOCUMENTS REFERRING OR RELATING TO YOUR

10 COMMUNICATIONS or contacts with MGA's current or former employees or

11 contractors about MGA or its business, including, but not limited to, any tape

12 recordings of such COMMUNICATIONS;

13         b.     DOCUMENTS REFERRING OR RELATING TO YOUR use

14 or attempts to use confidential informants, spies, or moles within MGA, including,

15 but not limited to, any tape recordings of MGA employees or contractors;

16         c.     DOCUMENTS REFERRING OR RELATING TO YOUR

17 knowledge of any MGA product before its release to the public or of any other

18 non-public information about MGA, its business or its products;

19         d.     DOCUMENTS REFERRING OR RELATING TO YOUR

20 access, or attempts to gain access, to MGA showrooms, Plan-o-Grams,

21 merchandising displays, Toy Fair displays on false pretenses (including, but not

22 limited to, by using fake business cards);

23         f.     DOCUMENTS REFERRING OR RELATING TO YOUR

24 access to MGA's products or showroom at any Toy Fair (including Hong Kong Toy

25 Fair, New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

26         h.     YOUR access to MGA's confidential product and pricing

27 information through "competitive management agreements" or "category

28 management agreements" with retailers; and

1       i.     YOUR access to MGA's confidential product and pricing

2 information from non-public sources and/or through non-public means.

3

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 476:**

5       In addition to the general objections stated above which are

6 incorporated herein by reference, Mattel objects to this Request on the grounds that

7 it is overbroad, unduly burdensome, compound, and unintelligible, especially given

8 its broad definitions of "MATTEL," "MGA," and "PERSONS," and in that it seeks

9 all documents on this subject without limitation as to time, and regardless of

10 whether such documents relate to products or matters at issue in this case. Mattel

11 further objects to the use of the terms "knowledge of any efforts by any PERSONS,"

12 "monitor, 'spy on' or gain knowledge," "MGA's trade secrets," "non-public

13 information," "non-public activities," "unreleased products," "product

14 development," "confidential informants, spies, or moles ," "non public information,"

15 "non-public sources ," "non-public means," "on false pretenses," "confidential

16 product and pricing information," and "'competitive management agreements' or

17 'category management agreements,'" in this context as vague, ambiguous, and

18 incomprehensible. Mattel further objects to the Request on the grounds that it seeks

19 documents that are not relevant to this action or likely to lead to the discovery of

20 admissible evidence. Mattel further objects to this Request on the grounds that it

21 seeks, in its entirety, confidential, proprietary and trade secret information, including

22 such information that has no bearing on the claims or defenses in this case. Mattel

23 further objects to this Request on the grounds that it calls for the disclosure of

24 information subject to the attorney-client privilege, the attorney work-product

25 doctrine and other applicable privileges.

26

27

28

**REQUEST FOR PRODUCTION NO. 477:**

All COMMUNICATIONS between YOU and any recruiting agency or service including, but not limited to, Gregory Michaels & Associates, that REFER OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 477:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "recruiting agency or service" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 478:**

All DOCUMENTS REFERRING OR RELATING to any use or contemplated use by YOU of any recruiting agency or service including, but not limited to Gregory Michaels & Associates to contact or recruit any MGA employee to work for YOU.

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 478:**

2 |          In addition to the general objections stated above which are

3 | incorporated herein by reference, Mattel objects to this Request on the grounds that

4 | it is overbroad and unduly burdensome, including in that it seeks all documents on

5 | this subject without limitation as to time, and regardless of whether such documents

6 | relate to products or matters at issue in this case.  Mattel further objects to the use of

7 | the term "recruiting agency or service" in this context as vague and ambiguous.

8 | Mattel further objects to the Request on the grounds that it seeks documents that are

9 | not relevant to this action or likely to lead to the discovery of admissible evidence.

10 | Mattel further objects to this Request on the grounds that it seeks confidential,

11 | proprietary and trade secret information, including such information that has no

12 | bearing on the claims or defenses in this case.  Mattel further objects to this Request

13 | on the grounds that it calls for the disclosure of information subject to the attorney-

14 | client privilege, the attorney work-product doctrine and other applicable privileges.

15 |

16 | **REQUEST FOR PRODUCTION NO. 479:**

17 |          DOCUMENTS sufficient to show weekly and monthly point of sale

18 | data for MY SCENE fashion dolls.

19 |

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 479:**

21 |          In addition to the general objections stated above which are

22 | incorporated herein by reference, Mattel objects to this Request on the grounds that

23 | it is overbroad and unduly burdensome, including in that it seeks all documents on

24 | this subject without limitation as to time, and regardless of whether such documents

25 | relate to products or matters at issue in this case.  Mattel further objects to the use of

26 | the term "point of sale data" in this context as vague and ambiguous.  Mattel further

27 | objects to the Request on the grounds that it seeks documents that are not relevant to

28 | this action or likely to lead to the discovery of admissible evidence.  Mattel further

07209/2200584.1

1  objects to this Request on the grounds that it seeks confidential, proprietary and

2  trade secret information, including such information that has no bearing on the

3  claims or defenses in this case.

4

5  **REQUEST FOR PRODUCTION NO. 480:**

6       All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,

7  reproduction, copying, storage, transmission, transfer, retention, destruction,

8  deletion, or use of any DOCUMENT identifying MGA products in the course of any

9  planning, design, development or revision of any YOUR products.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 480:**

12       In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such documents

16  relate to products or matters at issue in this case  The Request is also unintelligible,

17  leaving Mattel to guess what documents are being sought.  Mattel further objects to

18  the Request on the grounds that it seeks documents that are not relevant to this

19  action or likely to lead to the discovery of admissible evidence.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information, including such information that has no bearing on the

22  claims or defenses in this case.  Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.

25

26  **REQUEST FOR PRODUCTION NO. 481:**

27       All DOCUMENTS, including, but not limited to, any compilation of

28  information, that were prepared, made, created, generated, assembled or compiled

1  by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de
2  C.V.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 481:**

5          In addition to the general objections stated above which are
6  incorporated herein by reference, Mattel objects to this Request on the grounds that
7  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
8  documents on this subject without limitation as to time, and regardless of whether
9  such documents relate to products or matters at issue in this case.  Mattel further
10 objects to the use of the term "any compilation of information, that were prepared
11 made, created, generated, assembled or compiled by or for MGA or any MGA
12 subsidiary, including MGAE de Mexico, S.R.L. de C.V." in this context as vague
13 and ambiguous.  Mattel further objects to the Request on the grounds that it seeks
14 documents that are not relevant to this action or likely to lead to the discovery of
15 admissible evidence.  Mattel further objects to this Request on the grounds that it
16 seeks confidential, proprietary and trade secret information, including such
17 information that has no bearing on the claims or defenses in this case.  Mattel further
18 objects to this Request on the grounds that it calls for the disclosure of information
19 subject to the attorney-client privilege, the attorney work-product doctrine and other
20 applicable privileges.  Mattel further objects to this Request to the extent it seeks
21 documents already produced by Mattel, including documents stolen by MGA and
22 other defendants.  Such documents will not be produced again.

23          Subject to and without waiving the foregoing objections, Mattel
24 responds as follows:  Mattel will produce such responsive, non-privileged
25 documents that are in Mattel's possession, custody, or control, if any, that Mattel has
26 been able to locate after a diligent search and reasonable inquiry, to the extent not
27 previously produced.

28

**REQUEST FOR PRODUCTION NO. 482:**

All DOCUMENTS, including, but not limited to, any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary, and that YOU received from any third party, including Rachel Harris or Fred Larian.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 482:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "any compilation of information, that were prepared made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 483:**

All investigative files REFERRING OR RELATING to BRYANT, MGA or any of its employees, including but not limited to file numbers 02-299, 02-1680, and 03-034.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 483:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the use of the terms "investigative files" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request to the extent that it seeks documents already produced by Mattel. Such documents will not be produced again.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents relating to Bryant that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 484:**

DOCUMENTS sufficient to show the directory structure of the ZEUS SERVER as it relates to MATTEL's girls toys division.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 484:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "directory structure" and "MATTEL's girls toys division" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will make available to defendants for inspection and copying tapes from which this information may be derived.

**REQUEST FOR PRODUCTION NO. 485:**

All DOCUMENTS, since January 1, 1999, REFERRING OR RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, including but not limited to any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de C.V. in Mexico City.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 485:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject regardless of whether such documents relate to products

3  or matters at issue in this case.  Mattel further objects to the use of the term "any

4  compilation of information, that were prepared made, created, generated, assembled

5  or compiled by or for MGA or any MGA subsidiary, including MGAE de Mexico,

6  S.R.L. de C.V." in this context as vague and ambiguous.  Mattel further objects to

7  the Request on the grounds that it seeks documents that are not relevant to this

8  action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10 trade secret information, including such information that has no bearing on the

11 claims or defenses in this case.  Mattel further objects to this Request on the grounds

12 that it calls for the disclosure of information subject to the attorney-client privilege,

13 the attorney work-product doctrine and other applicable privileges.  Mattel further

14 objects to this Request to the extent it seeks documents already produced by Mattel,

15 including documents stolen by MGA and other defendants.  Such documents will

16 not be produced again.

17         Subject to and without waiving the foregoing objections, Mattel

18 responds as follows:  Mattel will produce such responsive, non-privileged

19 documents that are in Mattel's possession, custody, or control, if any, that Mattel has

20 been able to locate after a diligent search and reasonable inquiry, to the extent not

21 previously produced.

22

23 **REQUEST FOR PRODUCTION NO. 486:**

24         All DOCUMENTS REFERRING OR RELATING TO YOUR or

25 YOUR attorney's or agent's knowledge of or participation in the investigation or

26 search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 486:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V." in this context as vague and ambiguous. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 487:**

All DOCUMENTS REFERRING OR RELATING TO whether any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 487:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant to

3  this action or likely to lead to the discovery of admissible evidence. Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information, including such information that has no bearing on the

6  claims or defenses in this case. Mattel further objects to this Request on the grounds

7  that it calls for the disclosure of information subject to the attorney-client privilege,

8  the attorney work-product doctrine and other applicable privileges. Mattel further

9  objects to this Request to the extent it seeks documents already produced by Mattel,

10  including documents stolen by MGA and other defendants. Such documents will

11  not be produced again.

12        Subject to and without waiving the foregoing objections, Mattel

13  responds as follows: Mattel will produce such responsive, non-privileged

14  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

15  been able to locate after a diligent search and reasonable inquiry, to the extent not

16  previously produced.

17

18  **REQUEST FOR PRODUCTION NO. 488:**

19        All DOCUMENTS REFERRING OR RELATING TO YOUR

20  knowledge that any of the items seized by Mexican authorities from MGAE de

21  Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated,

22  assembled or compiled by or for MGA or any MGA subsidiary.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 488:**

25        In addition to the general objections stated above which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

28  documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case.  Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant to

3   this action or likely to lead to the discovery of admissible evidence.  Mattel further

4   objects to this Request on the grounds that it seeks confidential, proprietary and

5   trade secret information, including such information that has no bearing on the

6   claims or defenses in this case.  Mattel further objects to this Request on the grounds

7   that it calls for the disclosure of information subject to the attorney-client privilege,

8   the attorney work-product doctrine and other applicable privileges.  Mattel further

9   objects to this Request to the extent it seeks documents already produced by Mattel,

10  including documents stolen by MGA and other defendants.  Such documents will

11  not be produced again.

12

13  **REQUEST FOR PRODUCTION NO. 489:**

14          All DOCUMENTS REFERRING OR RELATING TO YOUR or

15  YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois'

16  thumb drive by Canadian law enforcement.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 489:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of

25  or participation in the seizure of Brisbois' thumb drive by Canadian law

26  enforcement" in this context as vague and ambiguous.  Mattel further objects to the

27  Request on the grounds that it seeks documents that are not relevant to this action or

28  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

-21-

1    Request on the grounds that it seeks confidential, proprietary and trade secret

2    information, including such information that has no bearing on the claims or

3    defenses in this case.  Mattel further objects to this Request on the grounds that it

4    calls for the disclosure of information subject to the attorney-client privilege, the

5    attorney work-product doctrine and other applicable privileges.

6

7    **REQUEST FOR PRODUCTION NO. 490:**

8           All DOCUMENTS REFERRING OR RELATING TO whether any of

9    the items seized by Canadian authorities from Brisbois' thumb drive were prepared,

10   made, created, generated, assembled or compiled by or for MGA or any MGA

11   subsidiary.

12

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 490:**

14          In addition to the general objections stated above which are

15   incorporated herein by reference, Mattel objects to this Request on the grounds that

16   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17   documents on this subject without limitation as to time, and regardless of whether

18   such documents relate to products or matters at issue in this case.  Mattel further

19   objects to the Request on the grounds that it seeks documents that are not relevant to

20   this action or likely to lead to the discovery of admissible evidence.  Mattel further

21   objects to this Request on the grounds that it seeks confidential, proprietary and

22   trade secret information, including such information that has no bearing on the

23   claims or defenses in this case.  Mattel further objects to this Request on the grounds

24   that it calls for the disclosure of information subject to the attorney-client privilege,

25   the attorney work-product doctrine and other applicable privileges.  Mattel further

26   objects to this Request to the extent it seeks documents already produced by Mattel,

27   including documents stolen by MGA and other defendants.  Such documents will

28   not be produced again.

1    Subject to and without waiving the foregoing objections, Mattel

2 responds as follows:  Mattel will produce such responsive, non-privileged

3 documents that are in Mattel's possession, custody, or control, if any, that Mattel has

4 been able to locate after a diligent search and reasonable inquiry, to the extent not

5 previously produced.

6

7 **REQUEST FOR PRODUCTION NO. 491:**

8    All DOCUMENTS REFERRING OR RELATING TO YOUR

9 knowledge that any of the items seized by Canadian authorities from Brisbois'

10 thumb drive were prepared, made, created, generated, assembled or compiled by or

11 for MGA or any MGA subsidiary.

12

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 491:**

14    In addition to the general objections stated above which are

15 incorporated herein by reference, Mattel objects to this Request on the grounds that

16 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17 documents on this subject without limitation as to time, and regardless of whether

18 such documents relate to products or matters at issue in this case.  Mattel further

19 objects to the Request on the grounds that it seeks documents that are not relevant to

20 this action or likely to lead to the discovery of admissible evidence.  Mattel further

21 objects to this Request on the grounds that it seeks confidential, proprietary and

22 trade secret information, including such information that has no bearing on the

23 claims or defenses in this case.  Mattel further objects to this Request on the grounds

24 that it calls for the disclosure of information subject to the attorney-client privilege,

25 the attorney work-product doctrine and other applicable privileges.  Mattel further

26 objects to this Request to the extent it seeks documents already produced by Mattel,

27 including documents stolen by MGA and other defendants.  Such documents will

28 not be produced again.

1  **REQUEST FOR PRODUCTION NO. 492:**

2        All DOCUMENTS that REFER OR RELATE TO the retention,

3  destruction, transfer, or use of any information or DOCUMENTS known to or

4  possessed by any current or former MGA employee, freelancer or contractor,

5  including but not limited to Tina Patel, Christopher Hardouin, Margo Eldridge,

6  Charlotte Broussard, and Andrew Gallerani.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 492:**

9        In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

12  documents on this subject without limitation as to time, and regardless of whether

13  such documents relate to products, matters, or persons at issue in this case.  Mattel

14  further objects to the Request on the grounds that it seeks documents that are not

15  relevant to this action or likely to lead to the discovery of admissible evidence.

16  Mattel further objects to this Request on the grounds that it seeks confidential,

17  proprietary and trade secret information, including such information that has no

18  bearing on the claims or defenses in this case.  Mattel further objects to this Request

19  on the grounds that it calls for the disclosure of information subject to the attorney-

20  client privilege, the attorney work-product doctrine and other applicable privileges.

21

22  **REQUEST FOR PRODUCTION NO. 493:**

23        All COMMUNICATIONS between YOU and any PERSON

24  REFERRING OR RELATING TO the retention, destruction, transfer, or use of any

25  information or DOCUMENTS known to or possessed by any current or former

26  MGA employee, freelancer or contractor, including but not limited to Tina Patel,

27  Christopher Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 493:**

2          In addition to the general objections stated above which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5   documents on this subject without limitation as to time, and regardless of whether

6   such documents relate to products, matters, or persons at issue in this case.  Mattel

7   further objects to the Request on the grounds that it seeks documents that are not

8   relevant to this action or likely to lead to the discovery of admissible evidence.

9   Mattel further objects to this Request on the grounds that it seeks confidential,

10  proprietary and trade secret information, including such information that has no

11  bearing on the claims or defenses in this case.  Mattel further objects to this Request

12  on the grounds that it calls for the disclosure of information subject to the attorney-

13  client privilege, the attorney work-product doctrine and other applicable privileges.

14

15  **REQUEST FOR PRODUCTION NO. 494:**

16          All COMMUNICATIONS between YOU and Tina Patel prior to her

17  date of hire by MATTEL.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 494:**

20          In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad and unduly burdensome, including in that it seeks all documents on

23  this subject without limitation as to time, and regardless of whether such documents

24  relate to products, matters, or persons at issue in this case.  Mattel further objects to

25  the Request on the grounds that it seeks documents that are not relevant to this

26  action or likely to lead to the discovery of admissible evidence.  Mattel further

27  objects to this Request on the grounds that it seeks confidential, proprietary and

28  trade secret information, including such information that has no bearing on the

1  claims or defenses in this case.  Mattel further objects to this Request on the grounds

2  that it calls for the disclosure of information subject to the attorney-client privilege,

3  the attorney work-product doctrine and other applicable privileges.

4

5  **REQUEST FOR PRODUCTION NO. 495:**

6  　　　　All DOCUMENTS REFERRING OR RELATING TO

7  COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by

8  MATTEL, including but not limited to all calendar entries, phone logs, phone

9  records and notes reflecting such COMMUNICATIONS.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 495:**

12  　　　　In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such documents

16  relate to products, matters, or persons at issue in this case.  Mattel further objects to

17  the Request on the grounds that it seeks documents that are not relevant to this

18  action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case.  Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24

25  **REQUEST FOR PRODUCTION NO. 496:**

26  　　　　All DOCUMENTS, including but not limited to all

27  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina

28  Patel prior to her date of hire by MATTEL.

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 496:**

2 |       In addition to the general objections stated above which are

3 | incorporated herein by reference, Mattel objects to this Request on the grounds that

4 | it is overbroad and unduly burdensome, including in that it seeks all documents on

5 | this subject without limitation as to time, and regardless of whether such documents

6 | relate to products, matters, or persons at issue in this case. Mattel further objects to

7 | the Request on the grounds that it seeks documents that are not relevant to this

8 | action or likely to lead to the discovery of admissible evidence. Mattel further

9 | objects to this Request on the grounds that it seeks confidential, proprietary and

10 | trade secret information, including such information that has no bearing on the

11 | claims or defenses in this case. Mattel further objects to this Request on the grounds

12 | that it calls for the disclosure of information subject to the attorney-client privilege,

13 | the attorney work-product doctrine and other applicable privileges.

14 |

15 | **REQUEST FOR PRODUCTION NO. 497:**

16 |       All DOCUMENTS, including but not limited to all

17 | COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina

18 | Patel's resignation from MGA.

19 |

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 497:**

21 |       In addition to the general objections stated above which are

22 | incorporated herein by reference, Mattel objects to this Request on the grounds that

23 | it is overbroad and unduly burdensome, including in that it seeks all documents on

24 | this subject without limitation as to time, and regardless of whether such documents

25 | relate to products, matters, or persons at issue in this case. Mattel further objects to

26 | the Request on the grounds that it seeks documents that are not relevant to this

27 | action or likely to lead to the discovery of admissible evidence. Mattel further

28 | objects to this Request on the grounds that it seeks confidential, proprietary and

1  trade secret information, including such information that has no bearing on the

2  claims or defenses in this case. Mattel further objects to this Request on the grounds

3  that it calls for the disclosure of information subject to the attorney-client privilege,

4  the attorney work-product doctrine and other applicable privileges.

5

6  **REQUEST FOR PRODUCTION NO. 498:**

7          All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

9  compensation, money or any other item of value paid to Tina Patel, whether directly

10  or indirectly, by YOU.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 498:**

13          In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad and unduly burdensome, including in that it seeks all documents on

16  this subject without limitation as to time, and regardless of whether such documents

17  relate to products, matters, or persons at issue in this case. Mattel further objects to

18  the Request on the grounds that it seeks documents that are not relevant to this

19  action or likely to lead to the discovery of admissible evidence. Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information, including such information that has no bearing on the

22  claims or defenses in this case. Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.

25

26  **REQUEST FOR PRODUCTION NO. 499:**

27          All DOCUMENTS received by YOU, directly or indirectly, from Tina

28  Patel REFERRING OR RELATING TO any MGA product or plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 499:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "any MGA product or plan" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 500:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MGA and that YOU received, directly or indirectly, from Tina Patel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 500:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

1   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject without limitation as to time, and regardless of whether

3   such documents relate to products or matters at issue in this case.  Mattel further

4   objects to the use of the term "any compilation of information, that were prepared

5   made, created, generated, assembled or compiled by or for MGA" in this context as

6   vague and ambiguous.  Mattel further objects to the Request on the grounds that it

7   seeks documents that are not relevant to this action or likely to lead to the discovery

8   of admissible evidence.  Mattel further objects to this Request on the grounds that it

9   seeks confidential, proprietary and trade secret information, including such

10   information that has no bearing on the claims or defenses in this case.  Mattel further

11   objects to this Request on the grounds that it calls for the disclosure of information

12   subject to the attorney-client privilege, the attorney work-product doctrine and other

13   applicable privileges.

14

15   **REQUEST FOR PRODUCTION NO. 501:**

16          A copy of each personnel file maintained or created by YOU

17   REFERRING OR RELATING TO Tina Patel.

18

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 501:**

20          In addition to the general objections stated above which are

21   incorporated herein by reference, Mattel objects to this Request on the grounds that

22   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23   documents on this subject without limitation as to time, and regardless of whether

24   such documents relate to products, matters, or persons at issue in this case.  Mattel

25   further objects to the Request on the grounds that it seeks documents that are not

26   relevant to this action or likely to lead to the discovery of admissible evidence.

27   Mattel further objects to this Request on the grounds that it seeks confidential,

28   proprietary and trade secret information, including such information that has no

1  bearing on the claims or defenses in this case.  Mattel further objects to this Request

2  on the grounds that it calls for the disclosure of information subject to the attorney-

3  client privilege, the attorney work-product doctrine and other applicable privileges.

4

5  **REQUEST FOR PRODUCTION NO. 502:**

6         All DOCUMENTS, including but not limited to all

7  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

8  in part, by Tina Patel REFERRING OR RELATING TO any of the CONTESTED

9  MGA PRODUCTS.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 502:**

12         In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case.  Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24         Subject to and without waiving the foregoing objections, Mattel

25  responds as follows:  Mattel will produce such responsive, non-privileged

26  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

27  been able to locate after a diligent search and reasonable inquiry, to the extent not

28  previously produced.

**REQUEST FOR PRODUCTION NO. 503:**

All COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of hire by MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 503:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 504:**

All DOCUMENTS REFERRING OR RELATING TO COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of hire by MATTEL, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 504:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on

1   this subject without limitation as to time, and regardless of whether such documents

2   relate to products, matters, or persons at issue in this case.  Mattel further objects to

3   the Request on the grounds that it seeks documents that are not relevant to this

4   action or likely to lead to the discovery of admissible evidence.  Mattel further

5   objects to this Request on the grounds that it seeks confidential, proprietary and

6   trade secret information, including such information that has no bearing on the

7   claims or defenses in this case.  Mattel further objects to this Request on the grounds

8   that it calls for the disclosure of information subject to the attorney-client privilege,

9   the attorney work-product doctrine and other applicable privileges.

10

11   **REQUEST FOR PRODUCTION NO. 505:**

12          All DOCUMENTS, including but not limited to all

13   COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

14   Christopher Hardouin prior to his date of hire by MATTEL.

15

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 505:**

17          In addition to the general objections stated above which are

18   incorporated herein by reference, Mattel objects to this Request on the grounds that

19   it is overbroad and unduly burdensome, including in that it seeks all documents on

20   this subject without limitation as to time, and regardless of whether such documents

21   relate to products, matters, or persons at issue in this case.  Mattel further objects to

22   the Request on the grounds that it seeks documents that are not relevant to this

23   action or likely to lead to the discovery of admissible evidence.  Mattel further

24   objects to this Request on the grounds that it seeks confidential, proprietary and

25   trade secret information, including such information that has no bearing on the

26   claims or defenses in this case.  Mattel further objects to this Request on the grounds

27   that it calls for the disclosure of information subject to the attorney-client privilege,

28   the attorney work-product doctrine and other applicable privileges.

1   **REQUEST FOR PRODUCTION NO. 506:**

2        All DOCUMENTS, including but not limited to all

3   COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

4   Christopher Hardouin's resignation from MGA.

5

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 506:**

7        In addition to the general objections stated above which are

8   incorporated herein by reference, Mattel objects to this Request on the grounds that

9   it is overbroad and unduly burdensome, including in that it seeks all documents on

10  this subject without limitation as to time, and regardless of whether such documents

11  relate to products, matters, or persons at issue in this case.  Mattel further objects to

12  the Request on the grounds that it seeks documents that are not relevant to this

13  action or likely to lead to the discovery of admissible evidence.  Mattel further

14  objects to this Request on the grounds that it seeks confidential, proprietary and

15  trade secret information, including such information that has no bearing on the

16  claims or defenses in this case.  Mattel further objects to this Request on the grounds

17  that it calls for the disclosure of information subject to the attorney-client privilege,

18  the attorney work-product doctrine and other applicable privileges.

19

20  **REQUEST FOR PRODUCTION NO. 507:**

21        All DOCUMENTS, including but not limited to all

22  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

23  compensation, money or any other item of value paid to Christopher Hardouin,

24  whether directly or indirectly, by YOU.

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 507:**

27        In addition to the general objections stated above which are

28  incorporated herein by reference, Mattel objects to this Request on the grounds that

1  it is overbroad and unduly burdensome, including in that it seeks all documents on

2  this subject without limitation as to time, and regardless of whether such documents

3  relate to products, matters, or persons at issue in this case.  Mattel further objects to

4  the Request on the grounds that it seeks documents that are not relevant to this

5  action or likely to lead to the discovery of admissible evidence.  Mattel further

6  objects to this Request on the grounds that it seeks confidential, proprietary and

7  trade secret information, including such information that has no bearing on the

8  claims or defenses in this case.  Mattel further objects to this Request on the grounds

9  that it calls for the disclosure of information subject to the attorney-client privilege,

10  the attorney work-product doctrine and other applicable privileges.

11

12  **REQUEST FOR PRODUCTION NO. 508:**

13          All DOCUMENTS received by YOU, directly or indirectly, from

14  Christopher Hardouin REFERRING OR RELATING TO any MGA product or plan.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 508:**

17          In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case.  Mattel further

22  objects to the use of the term "MGA product or plan" in this context as vague and

23  ambiguous.  Mattel further objects to the Request on the grounds that it seeks

24  documents that are not relevant to this action or likely to lead to the discovery of

25  admissible evidence.  Mattel further objects to this Request on the grounds that it

26  seeks confidential, proprietary and trade secret information, including such

27  information that has no bearing on the claims or defenses in this case.  Mattel further

28  objects to this Request on the grounds that it calls for the disclosure of information

1 | subject to the attorney-client privilege, the attorney work-product doctrine and other

2 | applicable privileges.

3 |

4 | **REQUEST FOR PRODUCTION NO. 509:**

5 |        All DOCUMENTS, including but not limited to all

6 | COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

7 | YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,

8 | destruction, deletion or use of any DOCUMENTS, data and/or information,

9 | including but not limited to any compilation of information, that was prepared,

10 | made, created, generated, assembled or compiled by or for MGA and that YOU

11 | received, directly or indirectly, from Christopher Hardouin.

12 |

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 509:**

14 |        In addition to the general objections stated above which are

15 | incorporated herein by reference, Mattel objects to this Request on the grounds that

16 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17 | documents on this subject without limitation as to time, and regardless of whether

18 | such documents relate to products or matters at issue in this case. Mattel further

19 | objects to the Request on the grounds that it seeks documents that are not relevant to

20 | this action or likely to lead to the discovery of admissible evidence. Mattel further

21 | objects to this Request on the grounds that it seeks confidential, proprietary and

22 | trade secret information, including such information that has no bearing on the

23 | claims or defenses in this case. Mattel further objects to this Request on the grounds

24 | that it calls for the disclosure of information subject to the attorney-client privilege,

25 | the attorney work-product doctrine and other applicable privileges.

26 |

27 |

28 |

)7209/2200584.1

**REQUEST FOR PRODUCTION NO. 510:**

A copy of each personnel file maintained or created by YOU REFERRING OR RELATING TO Christopher Hardouin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 510:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 511:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Christopher Hardouin REFERRING OR RELATING TO any of the CONTESTED MGA PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 511:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case.  Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant to

4   this action or likely to lead to the discovery of admissible evidence.  Mattel further

5   objects to this Request on the grounds that it seeks confidential, proprietary and

6   trade secret information, including such information that has no bearing on the

7   claims or defenses in this case.  Mattel further objects to this Request on the grounds

8   that it calls for the disclosure of information subject to the attorney-client privilege,

9   the attorney work-product doctrine and other applicable privileges.

10

11   **REQUEST FOR PRODUCTION NO. 512:**

12          All DOCUMENTS REFERRING OR RELATING TO the creation,

13   origins or sources of inspiration of "POLLY POCKET COLOR SURPRISE

14   POLLY" including, without limitation, the creation, origins or sources of inspiration

15   of the pose of "POLLY POCKET COLOR SURPRISE POLLY."

16

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 512:**

18          In addition to the general objections stated above which are

19   incorporated herein by reference, Mattel objects to this Request on the grounds that

20   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

21   documents on this subject without limitation as to time, and regardless of whether

22   such documents relate to products or matters at issue in this case.  Mattel further

23   objects to the Request on the grounds that it seeks documents that are not relevant to

24   this action or likely to lead to the discovery of admissible evidence.  Mattel further

25   objects to this Request on the grounds that it seeks confidential, proprietary and

26   trade secret information, including such information that has no bearing on the

27   claims or defenses in this case.  Mattel further objects to this Request on the grounds

28   that it calls for the disclosure of information subject to the attorney-client privilege,

07209/2200584.1

1  the attorney work-product doctrine and other applicable privileges. Mattel further

2  objects on the ground that this Request seeks to circumvent the Discovery Master's

3  Orders of April 19, 2007, and May 22, 2007.

4

5  **REQUEST FOR PRODUCTION NO. 513:**

6        All DOCUMENTS REFERRING OR RELATING TO any similarity

7  or dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any

8  MGA product (whether released or unreleased) known to YOU, including but not

9  limited to any similarity or dissimilarity between the pose of "POLLY POCKET

10  COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 513:**

13        In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case. Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant to

19  this action or likely to lead to the discovery of admissible evidence. Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information, including such information that has no bearing on the

22  claims or defenses in this case. Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges. Mattel further

25  objects on the ground that this Request seeks to circumvent the Discovery Master's

26  Orders of April 19, 2007, and May 22, 2007.

27

28

**REQUEST FOR PRODUCTION NO. 514:**

All DOCUMENTS REFERRING OR RELATING TO whether the appearance or pose of "POLLY POCKET COLOR SURPRISE POLLY" copies, replicates, or in any way imitates the appearance or pose of any MGA product (whether released or unreleased) known to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 514:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**REQUEST FOR PRODUCTION NO. 515:**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all current and former MATTEL personnel and/or freelancers comprising the primary team that worked on the creation, design and development of "POLLY POCKET COLOR SURPRISE POLLY."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 515:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**REQUEST FOR PRODUCTION NO. 516:**

All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to institute a litigation hold in response to the litigation originally captioned *Mattel, Inc. v. Bryant.*, Case No. CV 04-9059 SGL (RNBx).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 516:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome. Mattel further objects on the ground that this Request duplicates prior Requests by MGA, and is clearly designed to burden and harass. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of

1 | admissible evidence.  Mattel further objects to this Request on the grounds that it
2 | calls for the disclosure of information subject to the attorney-client privilege, the
3 | attorney work-product doctrine and other applicable privileges.
4 |         Subject to and without waiving the foregoing objections, Mattel
5 | responds as follows:  Mattel will produce one or more affidavits setting forth its
6 | preservation efforts and policies with respect to the present litigation, as required by
7 | Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,
8 | 2007.
9 |
10 | **REQUEST FOR PRODUCTION NO. 517:**
11 |         All DOCUMENTS REFERRING OR RELATING TO YOUR efforts
12 | to institute a litigation hold in response to the litigation originally captioned *MGA*
13 | *Entertainment, Inc. v. Mattel, Inc.*, Case No. CV 05-02727 SGL (RNBx).
14 |
15 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 517:**
16 |         In addition to the general objections stated above which are
17 | incorporated herein by reference, Mattel objects to this Request on the grounds that
18 | it is overbroad and unduly burdensome.  Mattel further objects on the ground that
19 | this Request duplicates prior Requests by MGA, and is clearly designed to burden
20 | and harass.  Mattel further objects to the Request on the grounds that it seeks
21 | documents that are not relevant to this action or likely to lead to the discovery of
22 | admissible evidence.  Mattel further objects to this Request on the grounds that it
23 | calls for the disclosure of information subject to the attorney-client privilege, the
24 | attorney work-product doctrine and other applicable privileges.
25 |         Subject to and without waiving the foregoing objections, Mattel
26 | responds as follows:  Mattel will produce one or more affidavits setting forth its
27 | preservation efforts and policies with respect to the present litigation, as required by
28 |

1    Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

2    2007.

3

4    **REQUEST FOR PRODUCTION NO. 518:**

5            All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

6    to institute a litigation hold in response to the litigation originally captioned *Bryant*

7    *v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx).

8

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 518:**

10           In addition to the general objections stated above which are

11   incorporated herein by reference, Mattel objects to this Request on the grounds that

12   it is overbroad and unduly burdensome.  Mattel further objects on the ground that

13   this Request duplicates prior Requests by MGA, and is clearly designed to burden

14   and harass.  Mattel further objects to the Request on the grounds that it seeks

15   documents that are not relevant to this action or likely to lead to the discovery of

16   admissible evidence.  Mattel further objects to this Request on the grounds that it

17   calls for the disclosure of information subject to the attorney-client privilege, the

18   attorney work-product doctrine and other applicable privileges.

19           Subject to and without waiving the foregoing objections, Mattel

20   responds as follows:  Mattel will produce one or more affidavits setting forth its

21   preservation efforts and policies with respect to the present litigation, as required by

22   Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

23   2007.

24

25   **REQUEST FOR PRODUCTION NO. 519:**

26           All COMMUNICATIONS between YOU and the toy manufacturer

27   JETTA REFERRING OR RELATING to MGA, BRATZ or LARIAN.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 519:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**REQUEST FOR PRODUCTION NO. 520:**

All COMMUNICATIONS between YOU and EARLY LIGHT, including but not limited to Francis Choi, Wilson Ng, and Carmen Choi, REFERRING OR RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 520:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or

1  defenses in this case.  Mattel further objects on the ground that this Request seeks to

2  circumvent the Discovery Master's Order dated May 22, 2007.

3

4  **REQUEST FOR PRODUCTION NO. 521:**

5  All COMMUNICATIONS between YOU and ASAHI REFERRING

6  OR RELATING to MGA, BRATZ or LARIAN.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 521:**

9  In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad and unduly burdensome, including in that it seeks all documents on

12  this subject without limitation as to time, and regardless of whether such documents

13  relate to products or matters at issue in this case.  Mattel further objects to the

14  Request on the grounds that it seeks documents that are not relevant to this action or

15  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

16  Request on the grounds that it seeks confidential, proprietary and trade secret

17  information, including such information that has no bearing on the claims or

18  defenses in this case.  Mattel further objects on the ground that this Request seeks to

19  circumvent the Discovery Master's Order dated May 22, 2007.

20

21  **REQUEST FOR PRODUCTION NO. 522:**

22  All COMMUNICATIONS between YOU and UNIVERSAL

23  REFERRING OR RELATING to MGA, BRATZ or LARIAN.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 522:**

26  In addition to the general objections stated above which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it is overbroad and unduly burdensome, including in that it seeks all documents on

1  this subject without limitation as to time, and regardless of whether such documents

2  relate to products or matters at issue in this case.  Mattel further objects to the

3  Request on the grounds that it seeks documents that are not relevant to this action or

4  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

5  Request on the grounds that it seeks confidential, proprietary and trade secret

6  information, including such information that has no bearing on the claims or

7  defenses in this case.  Mattel further objects on the ground that this Request seeks to

8  circumvent the Discovery Master's Order dated May 22, 2007.

9

10  **REQUEST FOR PRODUCTION NO. 523:**

11      All COMMUNICATIONS between YOU and KANEKA REFERRING

12  OR RELATING to MGA, BRATZ or LARIAN.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 523:**

15      In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad and unduly burdensome, including in that it seeks all documents on

18  this subject without limitation as to time, and regardless of whether such documents

19  relate to products or matters at issue in this case.  Mattel further objects to the

20  Request on the grounds that it seeks documents that are not relevant to this action or

21  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

22  Request on the grounds that it seeks confidential, proprietary and trade secret

23  information, including such information that has no bearing on the claims or

24  defenses in this case.  Mattel further objects on the ground that this Request seeks to

25  circumvent the Discovery Master's Order dated May 22, 2007.

26

27

28

**REQUEST FOR PRODUCTION NO. 524:**

All COMMUNICATIONS between YOU and FILO REFERRING OR RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 524:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**REQUEST FOR PRODUCTION NO. 525:**

Copies of all producers' affidavits for any ADVERTISEMENT for MY SCENE or ACCELERACERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 525:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "producers' affidavits" in this context as vague and

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

Exhibit 31 - Page 1216

1  ambiguous.  Mattel further objects to the Request on the grounds that it seeks

2  documents that are not relevant to this action or likely to lead to the discovery of

3  admissible evidence.  Mattel further objects to this Request on the grounds that it

4  seeks confidential, proprietary and trade secret information, including such

5  information that has no bearing on the claims or defenses in this case.

6          Subject to and without waiving the foregoing objections, Mattel

7  responds as follows:  Mattel will produce such responsive, non-privileged

8  documents relating to those advertisements placed at issue in this litigation that are

9  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

10  after a diligent search and reasonable inquiry, to the extent not previously produced.

11

12  **REQUEST FOR PRODUCTION NO. 526:**

13          All DOCUMENTS that constitute COMMUNICATIONS between

14  YOU (including YOUR agents and attorneys) and law enforcement authorities in

15  Mexico, Canada or the United States, including but not limited to the United States

16  Attorney's Office, the Department of Justice and any national, regional, state or local

17  authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any

18  other alleged taking of confidential MATTEL information by MGA or persons

19  currently or formerly employed by MGA.

20

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 526:**

22          In addition to the general objections stated above which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case.  Mattel further

27  objects on the ground that this Request duplicates prior Requests by MGA, and is

28  clearly designed to burden and harass.  Mattel further objects to the Request on the

1   grounds that it seeks documents that are not relevant to this action or likely to lead

2   to the discovery of admissible evidence. Mattel further objects to this Request on

3   the grounds that it seeks confidential, proprietary and trade secret information,

4   including such information that has no bearing on the claims or defenses in this

5   case.

6

7   **REQUEST FOR PRODUCTION NO. 527:**

8           All DOCUMENTS REFERRING OR RELATING TO Board of

9   Directors meetings in which MGA, BRATZ, LARIAN, Mel Woods, Ron Brawer,

10  Janine Brisbois, Carlos Custavo Machado Gomez, Mariana Trueba Almada, or

11  Pablo Vargas San Jose were discussed, including, but not limited to, meeting

12  minutes, notes and memoranda.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 527:**

15          In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence. Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information, including such information that has no bearing on the

24  claims or defenses in this case. Mattel further objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the attorney work-product doctrine and other applicable privileges.

27

28

**REQUEST FOR PRODUCTION NO. 528:**

All DOCUMENTS that YOU (including YOUR agents and attorneys) provided to law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any other alleged taking of confidential MATTEL information by MGA or persons currently or formerly employed by MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 528:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 529:**

All DOCUMENTS that support the information and belief alleged in paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 529:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

07209/2200584.1

1    it is overbroad and unduly burdensome.  Mattel further objects to this Request on

2    the grounds that it calls for the disclosure of information subject to the attorney-

3    client privilege, the attorney work-product doctrine and other applicable privileges.

4    Subject to and without waiving the foregoing objections, Mattel

5    responds as follows:  Mattel will produce such responsive, non-privileged

6    documents that are in Mattel's possession, custody, or control, if any, that Mattel has

7    been able to locate after a diligent search and reasonable inquiry, to the extent not

8    previously produced.

9

10   **REQUEST FOR PRODUCTION NO. 530:**

11   All DOCUMENTS, including but not limited to agreements, draft

12   agreements and correspondence, REFERRING OR RELATING TO the payment or

13   offer of payment of attorneys fees by MATTEL to any PERSON in connection this

14   ACTION.

15

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 530:**

17   In addition to the general objections stated above which are

18   incorporated herein by reference, Mattel objects to this Request on the grounds that

19   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20   documents on this subject without limitation as to time, and regardless of whether

21   such documents relate to products or matters at issue in this case.  Mattel further

22   objects to the Request on the grounds that it seeks documents that are not relevant to

23   this action or likely to lead to the discovery of admissible evidence.  Mattel further

24   objects to this Request on the grounds that it calls for the disclosure of information

25   subject to the attorney-client privilege, joint defense privilege, the attorney work-

26   product doctrine and other applicable privileges.

27   Subject to and without waiving the foregoing objections, Mattel

28   responds as follows:  Mattel will produce such responsive, non-privileged

1 documents that are in Mattel's possession, custody, or control, if any, that Mattel has
2 been able to locate after a diligent search and reasonable inquiry, to the extent not
3 previously produced.

4

5 **REQUEST FOR PRODUCTION NO. 531:**

6          DOCUMENTS sufficient to show YOUR fee arrangement with YOUR
7 counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection
8 with this ACTION, including, but not limited to, a copy of the fee agreement or
9 retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges
10 LLP.

11

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 531:**

13          In addition to the general objections stated above which are
14 incorporated herein by reference, Mattel objects to this Request on the grounds that
15 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
16 documents on this subject without limitation as to time, and regardless of whether
17 such documents relate to products or matters at issue in this case.  Mattel further
18 objects to the Request on the grounds that it seeks documents that are not relevant to
19 this action or likely to lead to the discovery of admissible evidence.  Mattel further
20 objects to this Request on the grounds that it calls for the disclosure of information
21 subject to the attorney-client privilege, the attorney work-product doctrine and other
22 applicable privileges.

23 DATED:  January 9, 2008          QUINN EMANUEL URQUHART OLIVER &
24                                               HEDGES, LLP

25
26          By Michael Zeller (CSV)
27                 Michael T. Zeller
                   Attorneys for Plaintiff and
                   Counter-Defendant Mattel
28

1    **PROOF OF SERVICE**

2        I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,

3    1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4    On January 9, 2008, I served true copies of the following document(s) described as **MATTEL'S
CORRECTED RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR**

5    **PRODUCTION** on the parties in this action as follows:

6        Thomas J. Nolan
     **Skadden, Arps, Slate, Meagher & Flom**
7    **LLP**
     300 South Grand Ave., Ste. 3400
8    Los Angeles, California 90071
     *Attorneys for MGA ENTERTAINMENT,*
9    *INC.*

10

11   **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
being served.
12
        I declare that I am employed in the office of a member of the bar of this Court at whose
13   direction the service was made.

14       Executed on January 9, 2008, at Los Angeles, California.

15

16

17   NOW LEGAL -- Dave Quintana

18

19

20

21

22

23

24

25

26

27

28

07209/2169461.1

Exhibit 31 - Page 1222

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On January 9, 2008, I served true copies of the following document(s) described as **MATTEL'S CORRECTED RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION** on the parties in this action as follows:

Mark E. Overland, Esq.
David E. Scheper, Esq.
Alexander H. Cote, Esq.
**Overland Borenstein Scheper & Kim, LLP**
300 South Grand Avenue
Suite 2750
Los Angeles, CA 90071-3144
*Attorneys for Carlos Gustavo Machado*

John W. Keker
Michael H. Page
Christa M. Anderson
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111
*Attorneys for CARTER BRYANT*

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 9, 2008, at Los Angeles, California.

Cyrus S. Naim

07209/2081332.1

Exhibit 31 - Page 1223