# Exhibit 33

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2   (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5   (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                 UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13

14  CARTER BRYANT, an individual,      CASE NO. CV 04-09049 SGL (RNBx)

15              Plaintiff,             Consolidated with Case Nos. CV 04-
                                       9059 and CV 05-2727
16      v.

17  MATTEL, INC., a Delaware           RESPONSES TO SIXTH SET OF
    Corporation,                       REQUESTS FOR PRODUCTION OF
18                                     DOCUMENTS AND THINGS
              Defendant,
19

20  AND CONSOLIDATED ACTIONS.

21

22  PROPOUNDING PARTIES:    MGA Entertainment, Inc.; Carter Bryant; MGA

23                          Entertainment (HK) Limited; MGAE de Mexico,

24                          S.R.L. de C.V.; Isaac Larian; and Carlos Gustavo

25                          Machado Gomez

26  RESPONDING PARTY:       Mattel, Inc.

27  SET NO.:                SIX

28

07209/2305592.1

Exhibit 33 - Page 1239

## **Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Sixth Set of Requests for Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other Request.

## **General Objections**

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.      Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.      Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege. Mattel will not produce such privileged documents.

-1-

RESPONSES TO SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 33 - Page 1240

3.      Mattel objects to the Requests on the grounds and to the extent they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

4.      Mattel objects to the Requests on the grounds and to the extent they seek information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Mattel objects to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of defendants.

7.      Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

8.      Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

9.      Mattel objects to the Requests on the ground and to the extent they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties or would violate the terms of any agreement or contracts with third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.

10.      Mattel objects to the Requests on the grounds that the definitions of the terms "BARBIE," "BRATZ," "CONFLICT OF INTEREST QUESTIONNAIRE," "EMPLOYEE INVENTIONS AGREEMENT," "MATTEL," "MGA," "MY SCENE," and "MY SCENE DOLL" are overbroad, vague and

1   ambiguous, unduly burdensome, and extend beyond those products and matters

2   placed at issue in this litigation.

3         11.   Mattel objects to each and every Request that seeks "all"

4   documents which constitute, mention, refer or relate to a given topic on the grounds

5   of undue burden and oppression.  Mattel will make available for inspection and

6   copying those documents and tangible items, if any, that it is able to locate after a

7   reasonable, good-faith search for and review of non-privileged responsive

8   documents.

9         12.   Mattel objects to the Requests on the grounds that they seek

10  information about matters that are not within the subject matter jurisdiction of the

11  Court.  Production by Mattel, if any, will be limited to those matters within the

12  Court's jurisdiction, and only in the event and to the extent that it is permitted by or

13  otherwise in compliance with foreign laws limiting disclosure and discovery and

14  only in the event and to the extent that the documents are within Mattel's possession,

15  custody or control pursuant to governing law.

16        13.   Mattel objects to each and every Request to the extent that it

17  seeks documents already produced in this action.  Documents which have already

18  been produced will not be produced again in response to these Requests.

19        14.   Objection to the production of any document or category of

20  documents described in the Requests, or agreement to produce any such documents,

21  is not and shall not be construed as an admission by Mattel that any such documents

22  or category of documents exist.  Where the responses indicate that Mattel will

23  produce such responsive documents, such documents, if any, will be produced if and

24  to the extent any such documents are in Mattel's possession, custody or control.

25        15.   Mattel objects to the time, place and manner of production

26  specified in the Requests.  Mattel will produce such responsive, non-privileged

27  documents and tangible things, if any and to the extent not previously produced, in

28

1  accordance with its responses at a time and place and in a manner that is reasonable,

2  convenient and mutually agreed upon by the parties.

3

4  **RESPONSES TO REQUESTS FOR DOCUMENTS AND THINGS**

5

6  REQUEST NO. 540:

7         Each of MATTEL's Brand Directional Outlines.

8

9  RESPONSE TO REQUEST NO. 540:

10         In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad and unduly burdensome, including in that it seeks all documents on

13  this subject without limitation as to time, and regardless of whether such documents

14  relate to products or matters at issue in this case or time periods at issue in this

15  action.  Mattel further objects to the use of the term "Brand Directional Outlines" in

16  this context as vague and ambiguous.  Mattel further objects to the Request on the

17  grounds that it seeks documents that are not relevant to this action or likely to lead

18  to the discovery of admissible evidence.  Mattel further objects to this Request on

19  the grounds that it seeks confidential, proprietary and trade secret information,

20  including such information that has no bearing on the claims or defenses in this

21  case.  Mattel further objects to this Request on the grounds that it calls for the

22  disclosure of information subject to the attorney-client privilege, the attorney work-

23  product doctrine and other applicable privileges.

24

25  REQUEST NO. 541:

26         Each version of the EMPLOYEE INVENTIONS AGREEMENT

27  adopted and/or used by or on behalf of MATTEL, including specifically the version

28

1  identified by Lissa Freed at her deposition, pages 56-59, implemented by MATTEL

2  according to her testimony during the years 2004-2006.

3

4  RESPONSE TO REQUEST NO. 541:

5          In addition to the general objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is overbroad and unduly burdensome, including in that it seeks all documents on

8  this subject without limitation as to time, and regardless of whether such documents

9  relate to products or matters at issue in this case or time periods at issue in this

10  action.  Mattel further objects to this Request on the grounds that it duplicates prior

11  requests and is harassing.  Mattel further objects to the Request on the grounds that

12  it seeks documents that are not relevant to this action or likely to lead to the

13  discovery of admissible evidence.  Mattel further objects to the Request on the

14  grounds that Defendants have withdrawn all defenses relating to the enforceability

15  or unenforceability of Carter Bryant's agreements with Mattel.  Mattel further

16  objects to this Request on the grounds that it seeks confidential, proprietary and

17  trade secret information, including such information that has no bearing on the

18  claims or defenses in this case.

19          Subject to and without waiving the foregoing objections, Mattel

20  responds as follows:  Mattel has already produced each version of the Employee

21  Inventions Agreement used by Mattel during the relevant time period.

22

23  REQUEST NO. 542:

24          Each version of MATTEL's "Proprietary Information Checkout" form,

25  and/or each version of any similar forms used for a comparable purpose in

26  connection with employee exit processing, whether known by the name "Proprietary

27  Information Checkout" form or any other name.

28

1  RESPONSE TO REQUEST NO. 542:

2         In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad and unduly burdensome, including in that it seeks all documents on

5  this subject without limitation as to time, and regardless of whether such documents

6  relate to products or matters at issue in this case or time periods at issue in this

7  action.  Mattel further objects to this Request on the grounds that it duplicates prior

8  requests and is harassing.  Mattel further objects to the Request on the grounds that

9  it seeks documents that are not relevant to this action or likely to lead to the

10  discovery of admissible evidence.  Mattel further objects to the Request on the

11  grounds that Defendants have withdrawn all defenses relating to the enforceability

12  or unenforceability of Carter Bryant's agreements with Mattel.  Mattel further

13  objects to this Request on the grounds that it seeks confidential, proprietary and

14  trade secret information, including such information that has no bearing on the

15  claims or defenses in this case.

16         Subject to and without waiving the foregoing objections, Mattel

17  responds as follows:  Mattel has already produced each version of the Proprietary

18  Information Checkout form used by Mattel during the relevant time period.

19

20  REQUEST NO. 543:

21         All DOCUMENTS concerning each instance in which any provision of

22  an EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be

23  breached by an employee, independent contractor, or any other person with whom

24  MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT,

25  including but not limited to employee personnel files to the extent not protected by

26  applicable federal or state privacy laws; letters, e-mails, or other forms of

27  correspondence; and DOCUMENTS sufficient to evidence litigations.

28

<u>RESPONSE TO REQUEST NO. 543:</u>

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it duplicates prior requests and is harassing. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that this request is an attempt to circumvent the Discovery Master's September 12, 2007 order determining the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that Defendants have withdrawn all defenses relating to the enforceability or unenforceability of Carter Bryant's agreements with Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based upon the foregoing, and without waiving the above general and specific objections, Mattel states that other than those documents produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

<u>REQUEST NO. 544:</u>

Each version of the CONFLICT OF INTEREST QUESTIONNAIRE adopted and/or used by or on behalf of MATTEL.

RESPONSES TO SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

J7209/2305592.1

Exhibit 33 - Page 1246

1  RESPONSE TO REQUEST NO. 544:

2         In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad and unduly burdensome, including in that it seeks all documents on

5  this subject without limitation as to time, and regardless of whether such documents

6  relate to products or matters at issue in this case or time periods at issue in this

7  action.  Mattel further objects to this Request on the grounds that it duplicates prior

8  requests and is harassing.  Mattel further objects to the Request on the grounds that

9  it seeks documents that are not relevant to this action or likely to lead to the

10  discovery of admissible evidence.  Mattel further objects to this Request on the

11  grounds that it seeks confidential, proprietary and trade secret information, including

12  such information that has no bearing on the claims or defenses in this case.  Mattel

13  further objects to the Request on the grounds that Defendants have withdrawn all

14  defenses relating to the enforceability or unenforceability of Carter Bryant's

15  agreements with Mattel.  Mattel further objects to this Request on the grounds that it

16  calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.

18         Subject to and without waiving the foregoing objections, Mattel

19  responds as follows:  Mattel has already produced each version of the Conflict Of

20  Interest Questionnaire used by Mattel during the relevant time period.

21

22  REQUEST NO. 545:

23         Each DOCUMENT evidencing a disclosure by a MATTEL employee

24  of pre-employment inventions disclosed to MATTEL in connection with the

25  employee's execution of MATTEL's CONFLICT OF INTEREST

26  QUESTIONNAIRE.

27

28

RESPONSE TO REQUEST NO. 545:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, indecipherable, and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it duplicates prior requests and is harassing. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that this request is an attempt to circumvent the Discovery Master's September 12, 2007 order determining the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that Defendants have withdrawn all defenses relating to the enforceability or unenforceability of Carter Bryant's agreements with Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based upon the foregoing, and without waiving the above general and specific objections, Mattel states that other than those documents produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

REQUEST NO. 546:

All DOCUMENTS concerning each instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by an employee, independent contractor, or any other person with whom

1 MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE,
2 including but not limited to employee personnel files to the extent not protected by
3 applicable federal or state privacy laws; letters, e-mails, or other forms of
4 correspondence; and DOCUMENTS sufficient to evidence litigations.
5
6 RESPONSE TO REQUEST NO. 546:
7        In addition to the general objections stated above which are
8 incorporated herein by reference, Mattel objects to this Request on the grounds that
9 it is overbroad, indecipherable, and unduly burdensome, including in that it seeks all
10 documents on this subject without limitation as to time, and regardless of whether
11 such documents relate to products or matters at issue in this case or time periods at
12 issue in this action. Mattel further objects to this Request on the grounds that it
13 duplicates prior requests and is harassing. Mattel further objects to the use of the
14 term "CONFLICT OF INTEREST QUESTIONNAIRE" in this context as vague and
15 ambiguous. Mattel further objects to the Request on the grounds that it seeks
16 documents that are not relevant to this action or likely to lead to the discovery of
17 admissible evidence. Mattel further objects to this Request on the grounds that it
18 seeks confidential, proprietary and trade secret information, including such
19 information that has no bearing on the claims or defenses in this case. Mattel further
20 objects on the grounds that this request is an attempt to circumvent the Discovery
21 Master's September 12, 2007 order determining the requested documents are
22 irrelevant and/or that such requests are improper. Mattel further objects to the
23 Request on the grounds that Defendants have withdrawn all defenses relating to the
24 enforceability or unenforceability of Carter Bryant's agreements with Mattel. Mattel
25 further objects to this Request on the grounds that it calls for the disclosure of
26 information subject to the attorney-client privilege, the attorney work-product
27 doctrine and other applicable privileges.
28

07209/2305592.1

**-10-**

1    Based upon the foregoing, and without waiving the above general and

2 specific objections, Mattel states that other than those documents produced pursuant

3 to other requests, Mattel will not produce documents responsive to this Request.

4

5 REQUEST NO. 547:

6    All DOCUMENTS evidencing a MATTEL reminder

7 COMMUNICATION to MATTEL employees' and/or independent contractors

8 relating to their obligations under any of the EMPLOYEE INVENTIONS

9 AGREEMENT, CONFLICT OF INTEREST QUESTIONNAIRE, and/or

10 MATTEL's policy concerning conflict(s) of interest.

11

12 RESPONSE TO REQUEST NO. 547:

13    In addition to the general objections stated above which are

14 incorporated herein by reference, Mattel objects to this Request on the grounds that

15 it is overbroad and unduly burdensome, including in that it seeks all documents on

16 this subject without limitation as to time, and regardless of whether such documents

17 relate to products or matters at issue in this case or time periods at issue in this

18 action.  Mattel further objects to this Request on the grounds that it duplicates prior

19 requests and is harassing. Mattel further objects to the use of the term "relating to

20 their obligations under any of the EMPLOYEE INVENTIONS AGREEMENT,

21 CONFLICT OF INTEREST QUESTIONNAIRE, and/or MATTEL's policy

22 concerning conflict(s) of interest" in this context as vague and ambiguous.  Mattel

23 further objects to the Request on the grounds that it seeks documents that are not

24 relevant to this action or likely to lead to the discovery of admissible evidence.

25 Mattel further objects to this Request on the grounds that it seeks confidential,

26 proprietary and trade secret information, including such information that has no

27 bearing on the claims or defenses in this case.  Mattel further objects to the Request

28 on the grounds that Defendants have withdrawn all defenses relating to the

1 enforceability or unenforceability of Carter Bryant's agreements with Mattel.  Mattel

2 further objects to this Request on the grounds that it calls for the disclosure of

3 information subject to the attorney-client privilege, the attorney work-product

4 doctrine and other applicable privileges.

5        Subject to and without waiving the foregoing objections, Mattel

6 responds as follows:  Mattel already has produced responsive, non-privileged

7 documents that bear on the claims in this litigation that are in Mattel's possession,

8 custody, or control.

9

10 REQUEST NO. 548:

11        DOCUMENTS sufficient to evidence each complaint, tip, or other

12 COMMUNICATION, whether oral or written, received by MATTEL that alleged a

13 breach and/or violation of any of the EMPLOYEE INVENTIONS AGREEMENT,

14 the CONFLICT OF INTEREST QUESTIONNAIRE, and/or MATTEL's policies

15 concerning conflict(s) of interest.

16

17 RESPONSE TO REQUEST NO. 548:

18        In addition to the general objections stated above which are

19 incorporated herein by reference, Mattel objects to this Request on the grounds that

20 it is overbroad and unduly burdensome, including in that it seeks all documents on

21 this subject without limitation as to time, and regardless of whether such documents

22 relate to products or matters at issue in this case or time periods at issue in this

23 action.  Mattel further objects to the use of the term "relating to their obligations

24 under any of the EMPLOYEE INVENTIONS AGREEMENT, CONFLICT OF

25 INTEREST QUESTIONNAIRE, and/or MATTEL's policies concerning conflict(s)

26 of interest" in this context as vague and ambiguous.  Mattel further objects to the

27 Request on the grounds that it seeks documents that are not relevant to this action or

28 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

1  Request on the grounds that it seeks confidential, proprietary and trade secret

2  information, including such information that has no bearing on the claims or

3  defenses in this case.  Mattel further objects on the grounds that this request is an

4  attempt to circumvent the Discovery Master's September 12, 2007 order determining

5  the requested documents are irrelevant and/or that such requests are improper.

6  Mattel further objects to the Request on the grounds that Defendants have

7  withdrawn all defenses relating to the enforceability or unenforceability of Carter

8  Bryant's agreements with Mattel.  Mattel further objects to this Request on the

9  grounds that it calls for the disclosure of information subject to the attorney-client

10  privilege, the attorney work-product doctrine and other applicable privileges.

11          Based upon the foregoing, and without waiving the above general and

12  specific objections, Mattel states that other than those documents produced pursuant

13  to other requests, Mattel will not produce documents responsive to this Request.

14

15  REQUEST NO. 549:

16          Each "brand brief," "creative brief," or other similar DOCUMENT

17  concerning the advertising strategy for MATTEL's "BARBIE" products, including

18  but not limited to "BARBIE" dolls.

19

20  RESPONSE TO REQUEST NO. 549:

21          In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad and unduly burdensome, including in that it seeks all documents on

24  this subject without limitation as to time, and regardless of whether such documents

25  relate to products or matters at issue in this case or time periods at issue in this

26  action.  Mattel further objects to the use of the terms "'brand brief,' 'creative brief,' or

27  other similar DOCUMENT concerning the advertising strategy for MATTEL's

28  'BARBIE' products" as vague, ambiguous, and overbroad.  The request appears to

1 seek documents relating to many thousands of irrelevant products and is designed
2 only to harass Mattel. Mattel further objects to the Request on the grounds that it
3 seeks documents that are not relevant to this action or likely to lead to the discovery
4 of admissible evidence. Mattel further objects to this Request on the grounds that it
5 seeks confidential, proprietary and trade secret information, including such
6 information that has no bearing on the claims or defenses in this case. Mattel further
7 objects on the grounds that this request is an attempt to circumvent the Discovery
8 Master's April 19, 2007 and May 22, 2007 orders determining the requested
9 documents are irrelevant and/or that such requests are improper. Mattel further
10 objects to this Request on the grounds that it calls for the disclosure of information
11 subject to the attorney-client privilege, the attorney work-product doctrine and other
12 applicable privileges.

13       Based upon the foregoing, and without waiving the above general and
14 specific objections, Mattel states that other than those documents produced pursuant
15 to other requests, Mattel will not produce documents responsive to this Request.

16

17 REQUEST NO. 550:

18       Each "brand brief," "creative brief," or other similar DOCUMENT
19 concerning the advertising strategy for MATTEL'S "MY SCENE" products,
20 including but not limited to "MY SCENE" DOLLS.

21

22 RESPONSE TO REQUEST NO. 550:

23       In addition to the general objections stated above which are
24 incorporated herein by reference, Mattel objects to this Request on the grounds that
25 it is overbroad and unduly burdensome, including in that it seeks all documents on
26 this subject without limitation as to time, and regardless of whether such documents
27 relate to products or matters at issue in this case. Mattel further objects to the use of
28 the terms "'brand brief,' 'creative brief,' or other similar DOCUMENT concerning

1  the advertising strategy for MATTEL's 'MY SCENE' products" as vague,

2  ambiguous, and overbroad.  Mattel further objects to the Request on the grounds

3  that it seeks documents that are not relevant to this action or likely to lead to the

4  discovery of admissible evidence.  Mattel further objects to this Request on the

5  grounds that it seeks confidential, proprietary and trade secret information, including

6  such information that has no bearing on the claims or defenses in this case.  Mattel

7  further objects to this Request on the grounds that it calls for the disclosure of

8  information subject to the attorney-client privilege, the attorney work-product

9  doctrine and other applicable privileges.

10        Subject to and without waiving the foregoing objections, Mattel

11  responds as follows:  Mattel will produce such responsive, non-privileged

12  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

13  been able to locate after a diligent search and reasonable inquiry that relate to its

14  MY SCENE products at issue, to the extent not previously produced.

15

16  REQUEST NO. 551:

17        Each report, study, presentation, memorandum, or other DOCUMENT

18  that analyzed the effectiveness of any television commercial or any advertising

19  campaign for MATTEL's "BARBIE" products, including but not limited to

20  "BARBIE" dolls.

21

22  RESPONSE TO REQUEST NO. 551:

23        In addition to the general objections stated above which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it is overbroad and unduly burdensome, including in that it seeks all documents on

26  this subject without limitation as to time, and regardless of whether such documents

27  relate to products or matters at issue in this case or time periods at issue in this

28  action.  Mattel further objects to the entire Request as vague, ambiguous, and

-15-
RESPONSES TO SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 33 - Page 1254

1    indecipherable.  The Request attempts to sweep in literally many thousands of

2    products (and advertising relating thereto) that have no bearing on this case, and is

3    apparently designed only to harass Mattel.  Mattel further objects to the Request on

4    the grounds that it seeks documents that are not relevant to this action or likely to

5    lead to the discovery of admissible evidence.  Mattel further objects to this Request

6    on the grounds that it seeks confidential, proprietary and trade secret information,

7    including such information that has no bearing on the claims or defenses in this

8    case.  Mattel further objects on the grounds that this request is an attempt to

9    circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders

10   determining the requested documents are irrelevant and/or that such requests are

11   improper.  Mattel further objects to this Request on the grounds that it calls for the

12   disclosure of information subject to the attorney-client privilege, the attorney work-

13   product doctrine and other applicable privileges.

14

15   REQUEST NO. 552:

16          Each report, study, presentation, memorandum, or other DOCUMENT

17   that analyzed the effectiveness of any television commercial or any advertising

18   campaign for MATTEL's "MY SCENE" products, including but not limited to "MY

19   SCENE" DOLLS.

20

21   RESPONSE TO REQUEST NO. 552:

22          In addition to the general objections stated above which are

23   incorporated herein by reference, Mattel objects to this Request on the grounds that

24   it is overbroad and unduly burdensome, including in that it seeks all documents on

25   this subject without limitation as to time, and regardless of whether such documents

26   relate to products or matters at issue in this case.  Mattel further objects to the entire

27   Request as vague, ambiguous, and indecipherable.  The Request appears to seek

28   information about advertising that has no bearing on this case, and is apparently

1  designed only to harass Mattel.  Mattel further objects to the Request on the grounds

2  that it seeks documents that are not relevant to this action or likely to lead to the

3  discovery of admissible evidence.  Mattel further objects to this Request on the

4  grounds that it seeks confidential, proprietary and trade secret information, including

5  such information that has no bearing on the claims or defenses in this case.  Mattel

6  further objects to this Request on the grounds that it calls for the disclosure of

7  information subject to the attorney-client privilege, the attorney work-product

8  doctrine and other applicable privileges.

9         Based upon the foregoing, and without waiving the above general and

10 specific objections, Mattel states that other than those documents produced pursuant

11 to other requests, Mattel will not produce documents responsive to this Request.

12

13 REQUEST NO. 553:

14        DOCUMENTS sufficient to evidence each of MATTEL's policies,

15 procedures, rules, or strategies, whether written or oral, concerning the number

16 and/or types of products perceived as being in actual or potential competition with

17 MATTEL's "BARBIE" dolls that MATTEL would market, sell, offer for sale, or

18 otherwise introduce to consumers.

19

20 RESPONSE TO REQUEST NO. 553:

21        In addition to the general objections stated above which are

22 incorporated herein by reference, Mattel objects to this Request on the grounds that

23 it is overbroad and unduly burdensome, including in that it seeks all documents on

24 this subject without limitation as to time, and regardless of whether such documents

25 relate to products or matters at issue in this case or time periods at issue in this

26 action.  Mattel further objects to the use of the terms "policies, procedures, rules, or

27 strategies," and "perceived as being in actual or potential competition with

28 MATTEL's 'BARBIE' dolls" in this context as vague, ambiguous, overbroad, and

1  incomprehensible.  Mattel further objects to the Request on the grounds that it seeks

2  documents that are not relevant to this action or likely to lead to the discovery of

3  admissible evidence.  Mattel further objects to this Request on the grounds that it

4  seeks confidential, proprietary and trade secret information, including such

5  information that has no bearing on the claims or defenses in this case.  Mattel further

6  objects on the grounds that this request is an attempt to circumvent the Discovery

7  Master's April 19, 2007 and May 22, 2007 orders determining the requested

8  documents are irrelevant and/or that such requests are improper.  Mattel further

9  objects to this Request on the grounds that it calls for the disclosure of information

10  subject to the attorney-client privilege, the attorney work-product doctrine and other

11  applicable privileges.

12          Based upon the foregoing, and without waiving the above general and

13  specific objections, Mattel states that other than those documents produced pursuant

14  to other requests, Mattel will not produce documents responsive to this Request.

15

16  REQUEST NO. 554:

17          To the extent not already produced in response to the foregoing

18  Requests, all DOCUMENTS and things identified in response to MGA's Second Set

19  of Interrogatories.

20

21  RESPONSE TO REQUEST NO. 554:

22          In addition to the general objections stated above which are

23  incorporated herein by reference, Mattel objects to this Request as follows:  Mattel

24  cannot respond to this Request because it has not responded to the Second Set of

25  Interrogatories.

26

27

28

J7209/2305592.1

RESPONSES TO SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 33 - Page 1257

**REQUEST NO. 555:**

Each report of consumer or customer research relating to the market for fashion dolls and/or any specific fashion doll, whether marketed by MATTEL or otherwise.

**RESPONSE TO REQUEST NO. 555:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to the use of the terms "the market for fashion dolls and/or any specific fashion doll, whether marketed by MATTEL or otherwise" in this context as vague, ambiguous, and overbroad. The Request appears to attempt to obtain documents relating to many thousands of products that have no bearing on this case and is apparently designed only to harass Mattel. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that this request is an attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders determining the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1    Based upon the foregoing, and without waiving the above general and

2  specific objections, Mattel states that other than those documents produced pursuant

3  to other requests, Mattel will not produce documents responsive to this Request.

4

5  REQUEST NO. 556:

6    All DOCUMENTS relating to each "stopper" product introduction

7  launched by MATTEL in response to the launch of a MATTEL competitor's

8  product, and all DOCUMENTS assessing the success of MATTEL's "stopper"

9  product.

10

11  RESPONSE TO REQUEST NO. 556:

12    In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, indecipherable, and unduly burdensome, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case or time periods at

17  issue in this action.  Mattel further objects to the use of the terms "'stopper' product

18  introduction launched by MATTEL in response to the launch of a MATTEL

19  competitor's product," and "assessing the success of MATTEL's 'stopper' product"

20  as vague, ambiguous, and incomprehensible.  The Request appears to attempt to

21  obtain documents relating to some undefined universe of alleged products that have

22  no bearing on this case and is apparently designed only to harass Mattel.  Mattel

23  further objects to the Request on the grounds that it seeks documents that are not

24  relevant to this action or likely to lead to the discovery of admissible evidence.

25  Mattel further objects to this Request on the grounds that it seeks confidential,

26  proprietary and trade secret information, including such information that has no

27  bearing on the claims or defenses in this case.  Mattel further objects on the grounds

28  that this request is an attempt to circumvent the Discovery Master's April 19, 2007

1   and May 22, 2007 orders determining the requested documents are irrelevant and/or

2   that such requests are improper.  Mattel further objects to this Request on the

3   grounds that it calls for the disclosure of information subject to the attorney-client

4   privilege, the attorney work-product doctrine and other applicable privileges.

5

6   REQUEST NO. 557:

7         DOCUMENTS sufficient to evidence each assessment by or for

8   MATTEL of the BRATZ line of products.

9

10   RESPONSE TO REQUEST NO. 557:

11         In addition to the general objections stated above which are

12   incorporated herein by reference, Mattel objects to this Request on the grounds that

13   it is overbroad and unduly burdensome, including in that it seeks all documents on

14   this subject without limitation as to time, and regardless of whether such documents

15   relate to products or matters at issue in this case.  Mattel further objects to this

16   Request on the grounds that it duplicates prior requests and is harassing.  Mattel

17   further objects to the use of the terms "assessment" and "BRATZ line of products"

18   in this context as vague, ambiguous, overbroad, and incomprehensible.  Mattel

19   further objects to the Request on the grounds that it seeks documents that are not

20   relevant to this action or likely to lead to the discovery of admissible evidence.

21   Mattel further objects to this Request on the grounds that it seeks confidential,

22   proprietary and trade secret information, including such information that has no

23   bearing on the claims or defenses in this case.  Mattel further objects on the grounds

24   that this request is an attempt to circumvent the Discovery Master's May 22, 2007

25   order determining the requested documents are irrelevant and/or that such requests

26   are improper.  Mattel further objects to this Request on the grounds that it calls for

27   the disclosure of information subject to the attorney-client privilege, the attorney

28   work-product doctrine and other applicable privileges.

-21-

1   Based upon the foregoing, and without waiving the above general and
2   specific objections, Mattel states that other than those documents produced pursuant
3   to other requests, Mattel will not produce documents responsive to this Request.

4

5   REQUEST NO. 558:

6   All DOCUMENTS relating to each disclosure, whether written or oral,
7   made to MATTEL by a MATTEL employee or independent contractor of
8   "Proprietary Subject Matter made or conceived during the term of [an employee's or
9   independent contractor's] employment" as this phrase is used in MATTEL's
10  "Proprietary Information Checkout" form.

11

12  RESPONSE TO REQUEST NO. 558:

13  In addition to the general objections stated above which are
14  incorporated herein by reference, Mattel objects to this Request on the grounds that
15  it is overbroad, indecipherable, and unduly burdensome, including in that it seeks all
16  documents on this subject without limitation as to time, and regardless of whether
17  such documents relate to products or matters at issue in this case or time periods at
18  issue in this action. Mattel further objects to this Request on the grounds that it
19  duplicates prior requests and is harassing. Mattel further objects to the Request on
20  the grounds that it seeks documents that are not relevant to this action or likely to
21  lead to the discovery of admissible evidence. Mattel further objects to this Request
22  on the grounds that it seeks confidential, proprietary and trade secret information,
23  including such information that has no bearing on the claims or defenses in this
24  case. Mattel further objects on the grounds that this request is an attempt to
25  circumvent the Discovery Master's September 12, 2007 order determining the
26  requested documents are irrelevant and/or that such requests are improper. Mattel
27  further objects to the Request on the grounds that Defendants have withdrawn all
28  defenses relating to the enforceability or unenforceability of Carter Bryant's

-22-

RESPONSES TO SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 33 - Page 1261

1  agreements with Mattel.  Mattel further objects to this Request on the grounds that it

2  calls for the disclosure of information subject to the attorney-client privilege, the

3  attorney work-product doctrine and other applicable privileges.

4          Based upon the foregoing, and without waiving the above general and

5  specific objections, Mattel states that other than those documents produced pursuant

6  to other requests, Mattel will not produce documents responsive to this Request.

7

8  REQUEST NO. 559:

9          All DOCUMENTS relating to each COMMUNICATION, whether

10  written or oral, made to MATTEL by a MATTEL employee or independent

11  contractor of "inventions... conceived or reduced to practice by [an employee or

12  independent contractor] (along or jointly by others) at any time during [an

13  employee's or independent contractor's] employment by Mattel" as this phrase is

14  used in the Inventions Agreement.

15

16  RESPONSE TO REQUEST NO. 559:

17          In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad, indecipherable, and unduly burdensome, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case or time periods at

22  issue in this action.  Mattel further objects to this Request on the grounds that it

23  duplicates prior requests and is harassing.  Mattel further objects to the Request on

24  the grounds that it seeks documents that are not relevant to this action or likely to

25  lead to the discovery of admissible evidence.  Mattel further objects to this Request

26  on the grounds that it seeks confidential, proprietary and trade secret information,

27  including such information that has no bearing on the claims or defenses in this

28  case.  Mattel further objects on the grounds that this request is an attempt to

RESPONSES TO SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 33 - Page 1262

J7209/2305592.1

1  circumvent the Discovery Master's September 12, 2007 order determining the

2  requested documents are irrelevant and/or that such requests are improper.  Mattel

3  further objects to the Request on the grounds that Defendants have withdrawn all

4  defenses relating to the enforceability or unenforceability of Carter Bryant's

5  agreements with Mattel.  Mattel further objects to this Request on the grounds that it

6  calls for the disclosure of information subject to the attorney-client privilege, the

7  attorney work-product doctrine and other applicable privileges.

8          Based upon the foregoing, and without waiving the above general and

9  specific objections, Mattel states that other than those documents produced pursuant

10  to other requests, Mattel will not produce documents responsive to this Request.

11

12  REQUEST NO. 560:

13          DOCUMENTS sufficient to evidence the identity of the MATTEL

14  officers, officials, or other designees to whom disclosures were made or were

15  designated to be made by MATTEL employees and/or independent contractors of

16  "Proprietary Subject Matter made or conceived during the term of [an employee's or

17  independent contractor's] employment" as this phrase is used in MATTEL's

18  "Proprietary Information Checkout" form.

19

20  RESPONSE TO REQUEST NO. 560:

21          In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad, indecipherable, and unduly burdensome, including in that it seeks all

24  documents on this subject without limitation as to time, and regardless of whether

25  such documents relate to products or matters at issue in this case or time periods at

26  issue in this action.  Mattel further objects to the Request on the grounds that it

27  seeks documents that are not relevant to this action or likely to lead to the discovery

28  of admissible evidence.  Mattel further objects on the grounds that this request is an

RESPONSES TO SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

17209/2305592.1

Exhibit 33 - Page 1263

1    attempt to circumvent the Discovery Master's September 12, 2007 order determining

2    the requested documents are irrelevant and/or that such requests are improper.

3    Mattel further objects to the Request on the grounds that Defendants have

4    withdrawn all defenses relating to the enforceability or unenforceability of Carter

5    Bryant's agreements with Mattel.  Mattel further objects to this Request on the

6    grounds that it calls for the disclosure of information subject to the attorney-client

7    privilege, the attorney work-product doctrine and other applicable privileges.

8              Based upon the foregoing, and without waiving the above general and

9    specific objections, Mattel states that other than those documents produced pursuant

10   to other requests, Mattel will not produce documents responsive to this Request.

11

12   REQUEST NO. 561:

13             DOCUMENTS sufficient to evidence each of MATTEL's policies,

14   procedures, or processes, whether written or oral, concerning the disclosure by

15   MATTEL employees and/or independent contractors of "Proprietary Subject Matter

16   made or conceived during the term of [an employee's or independent contractor's]

17   employment" as this phrase is used in MATTEL's "Proprietary Information

18   Checkout" form.

19

20   RESPONSE TO REQUEST NO. 561:

21             In addition to the general objections stated above which are

22   incorporated herein by reference, Mattel objects to this Request on the grounds that

23   it is overbroad and unduly burdensome, including in that it seeks all documents on

24   this subject without limitation as to time, and regardless of whether such documents

25   relate to products or matters at issue in this case or time periods at issue in this

26   action.  Mattel further objects to this Request on the grounds that it duplicates prior

27   requests and is harassing.  Mattel further objects to the Request on the grounds that

28   it seeks documents that are not relevant to this action or likely to lead to the

1  discovery of admissible evidence.  Mattel further objects to this Request on the

2  grounds that it seeks confidential, proprietary and trade secret information, including

3  such information that has no bearing on the claims or defenses in this case.  Mattel

4  further objects to the Request on the grounds that Defendants have withdrawn all

5  defenses relating to the enforceability or unenforceability of Carter Bryant's

6  agreements with Mattel.  Mattel further objects to this Request on the grounds that it

7  calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges.

9            Subject to and without waiving the foregoing objections, Mattel

10  responds as follows:  Mattel has already produced documents responsive to this

11  Request.

12

13  REQUEST NO. 562:

14            DOCUMENTS sufficient to evidence each of MATTEL's policies,

15  procedures, or processes, whether written or oral, concerning the disclosure by

16  MATTEL employees and/or independent contractors of "inventions . . . conceived

17  or reduced to practice by [an employee or independent contractor] (along or jointly

18  by others) at any time during [an employee's or independent contractor's]

19  employment by [MATTEL]" as this phrase is used in the Inventions Agreement.

20

21  RESPONSE TO REQUEST NO. 562:

22            In addition to the general objections stated above which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24  it is overbroad and unduly burdensome, including in that it seeks all documents on

25  this subject without limitation as to time, and regardless of whether such documents

26  relate to products or matters at issue in this case or time periods at issue in this

27  action.  Mattel further objects to this Request on the grounds that it duplicates prior

28  requests and is harassing.  Mattel further objects to the Request on the grounds that

1  it seeks documents that are not relevant to this action or likely to lead to the

2  discovery of admissible evidence.  Mattel further objects to this Request on the

3  grounds that it seeks confidential, proprietary and trade secret information, including

4  such information that has no bearing on the claims or defenses in this case.  Mattel

5  further objects to the Request on the grounds that Defendants have withdrawn all

6  defenses relating to the enforceability or unenforceability of Carter Bryant's

7  agreements with Mattel.  Mattel further objects to this Request on the grounds that it

8  calls for the disclosure of information subject to the attorney-client privilege, the

9  attorney work-product doctrine and other applicable privileges.

10           Subject to and without waiving the foregoing objections, Mattel

11  responds as follows:  Mattel has already produced documents responsive to this

12  Request.

13

14  REQUEST NO. 563:

15           DOCUMENTS sufficient to show all records of sales figures, revenues

16  and profits pertaining to BARBIE from January 1, 1990 to the present.

17

18  RESPONSE TO REQUEST NO. 563:

19           In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad and unduly burdensome, including in that it seeks all documents on

22  this subject without limitation as to time, and regardless of whether such documents

23  relate to products or matters at issue in this case or time periods at issue in this

24  action.  The Request appears to attempt to obtain documents relating to thousands of

25  products over the course of almost two decades that have no bearing on this case,

26  and is apparently designed only to harass Mattel.  Mattel further objects to the

27  Request on the grounds that it seeks documents that are not relevant to this action or

28  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

-27-

1  Request on the grounds that it seeks confidential, proprietary and trade secret

2  information, including such information that has no bearing on the claims or

3  defenses in this case. Mattel further objects on the grounds that this Request is an

4  attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007

5  orders determining the requested documents are irrelevant and/or that such requests

6  are improper. Mattel further objects to this Request on the grounds that it calls for

7  the disclosure of information subject to the attorney-client privilege, the attorney

8  work-product doctrine and other applicable privileges.

9

10  REQUEST NO. 564:

11      All DOCUMENTS REFERRING OR RELATING TO YOUR profits,

12  including, but not limited to, gross profits and gross margins, from the sale of each

13  MY SCENE DOLL sold by YOU or YOUR licensees.

14

15  RESPONSE TO REQUEST NO. 564:

16      In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks all documents on

19  this subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case. Mattel further objects to the

21  Request on the grounds that it seeks documents that are not relevant to this action or

22  likely to lead to the discovery of admissible evidence. Mattel further objects to this

23  Request on the grounds that it seeks confidential, proprietary and trade secret

24  information, including such information that has no bearing on the claims or

25  defenses in this case. Mattel further objects to this Request on the grounds that it is

26  premature in that it seeks to circumvent the expert disclosure provisions of the

27  Federal and Local Rules. Matters of expert testimony shall be disclosed at the time

28  and in the manner called for by the Rules and the Court's Orders. Mattel further

RESPONSES TO SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 33 - Page 1267

07209/2305592.1

1  objects to this Request on the grounds that it calls for the disclosure of information

2  subject to the attorney-client privilege, the attorney work-product doctrine and other

3  applicable privileges.

4          Subject to and without waiving the foregoing objections, Mattel

5  responds as follows:  Mattel will produce responsive, non-privileged documents

6  sufficient to show profits from the sale of MY SCENE dolls.

7

8  REQUEST NO. 565:

9          YOUR general ledgers from January 1, 1995 through the present.

10

11  RESPONSE TO REQUEST NO. 565:

12          In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, and seeks documents relating to products

15  and matters that are not at issue in this case.  Mattel further objects to the Request on

16  the grounds that it seeks documents that are not relevant to this action or likely to

17  lead to the discovery of admissible evidence.  Mattel further objects to this Request

18  on the grounds that it seeks confidential, proprietary and trade secret information,

19  including such information that has no bearing on the claims or defenses in this

20  case.

21

22  REQUEST NO. 566:

23          All DOCUMENTS REFERRING OR RELATING TO business plans,

24  forecasts, budgets and projects prepared by YOU in connection with each of YOUR

25  products, including but not limited to BARBIE and MY SCENE.

26

27

28

RESPONSE TO REQUEST NO. 566:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks documents without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to the use of the terms "business plans, forecasts, budgets and projects" as vague, ambiguous, and overbroad. The Request appears to attempt to obtain documents relating to many thousands of products and elements that have no bearing on this case, and is apparently designed only to harass Mattel. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that this request is an attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders determining the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based upon the foregoing, and without waiving the above general and specific objections, Mattel states that other than those documents produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

REQUEST NO. 567:

All DOCUMENTS REFERRING OR RELATING TO market research and competitive studies and analyses prepared or conducted by YOU with respect to the fashion doll market.

<u>RESPONSE TO REQUEST NO. 567:</u>

  In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to the use of the terms "market research and competitive studies and analyses," and "fashion doll market" in this context as vague, ambiguous, and overbroad. The Request appears to seek documents relating to thousands of products (including products of competitors which are wholly irrelevant to this suit) that have no bearing on this case, and is apparently designed only to harass Mattel. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the grounds that this request is an attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders determining the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

  Based upon the foregoing, and without waiving the above general and specific objections, Mattel states that other than those documents produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

REQUEST NO. 568:

All DOCUMENTS REFERRING OR RELATING TO any position taken by YOU in any litigation, arbitration or other legal proceeding that any damages owed by YOU for copyright infringement should be apportioned.

RESPONSE TO REQUEST NO. 568:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

REQUEST NO. 569:

All DOCUMENTS REFERRING OR RELATING TO any position taken by YOU in any litigation, arbitration or other legal proceeding relating to the estimated value of original drawings, designs or ideas for a product, including, but not limited to, such determinations expressed as a fraction or percentage of the overall value of that product and other related products based on those original drawings, designs or ideas.

RESPONSE TO REQUEST NO. 569:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

REQUEST NO. 570:

All DOCUMENTS REFERRING OR RELATING TO any research or investigation by YOU to determine the estimated value of original drawings, designs or ideas for any toy, including, but not limited to, fashion dolls owned or licensed by MATTEL, including, but not limited to, such determinations expressed as a fraction or percentage of the overall value of all products based on those original drawings, designs or ideas.

RESPONSE TO REQUEST NO. 570:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents

1 relate to products or matters at issue in this case or time periods at issue in this

2 action. Mattel further objects to the Request on the grounds that it seeks documents

3 that are not relevant to this action or likely to lead to the discovery of admissible

4 evidence. Mattel further objects to this Request on the grounds that it seeks

5 confidential, proprietary and trade secret information, including such information

6 that has no bearing on the claims or defenses in this case. Mattel further objects on

7 the grounds that this request is an attempt to circumvent the Discovery Master's

8 April 19, 2007 and May 22, 2007 orders determining the requested documents are

9 irrelevant and/or that such requests are improper. Mattel further objects to this

10 Request on the grounds that it is premature in that it seeks to circumvent the expert

11 disclosure provisions of the Federal and Local Rules. Matters of expert testimony

12 shall be disclosed at the time and in the manner called for by the Rules and the

13 Court's Orders. Mattel further objects to this Request on the grounds that it calls for

14 the disclosure of information subject to the attorney-client privilege, the attorney

15 work-product doctrine and other applicable privileges.

16

17 REQUEST NO. 571:

18         All DOCUMENTS REFERRING OR RELATING TO any decision

19 made by YOU to sell, grant or license to any PERSON the rights to any toy design

20 or idea, including, but not limited to fashion dolls, that YOU did not intend to

21 exploit or develop.

22

23 RESPONSE TO REQUEST NO. 571:

24         In addition to the general objections stated above which are

25 incorporated herein by reference, Mattel objects to this Request on the grounds that

26 it is overbroad and unduly burdensome, including in that it seeks all documents on

27 this subject without limitation as to time, and regardless of whether such documents

28 relate to products or matters at issue in this case or time periods at issue in this

07209/2305592.1

1  action.  Mattel further objects to the use of the terms "toy design or idea" and

2  "intend to exploit or develop" in this context as vague, ambiguous, and overbroad.

3  Mattel further objects to the Request on the grounds that it seeks documents that are

4  not relevant to this action or likely to lead to the discovery of admissible evidence.

5  Mattel further objects on the grounds that this request is an attempt to circumvent

6  the Discovery Master's April 19, 2007 and May 22, 2007 orders determining the

7  requested documents are irrelevant and/or that such requests are improper.  Mattel

8  further objects to this Request on the grounds that it seeks confidential, proprietary

9  and trade secret information, including such information that has no bearing on the

10  claims or defenses in this case.  Mattel further objects to this Request on the grounds

11  that it calls for the disclosure of information subject to the attorney-client privilege,

12  the attorney work-product doctrine and other applicable privileges.

14  DATED:  December 17, 2007          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP


                                      By _Timothy Alger (CSN)_____
                                          Timothy L. Alger
                                          Attorneys for Mattel, Inc.

07209/2305592.1

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On December 17, 2007, I served true copies of the following document(s) described as **RESPONSES TO SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** on the parties in this action as follows:

John W. Keker
Michael H. Page
Christa M. Anderson
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111
*Attorneys for CARTER BRYANT*

Thomas J. Nolan
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Ave., Ste. 3400
Los Angeles, California 90071
*Attorneys for MGA ENTERTAINMENT, INC.*

Mark E. Overland, Esq.
David E. Scheper, Esq.
Alexander H. Cote, Esq.
**Overland Borenstein Scheper & Kim, LLP**
300 South Grand Avenue
Suite 2750
Los Angeles, CA 90071-3144
*Attorneys for Carlos Gustavo Machado*

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 17, 2007, at Los Angeles, California.

Cyrus S. Naim

07209/2081332.1

Exhibit 33 - Page 1275