# Exhibit 34



1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:      tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  E-mail:      rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                    EASTERN DIVISION

14  CARTER BRYANT, an individual       )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
15                  Plaintiff,         )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
16       v.                            )
                                       )  MGA'S SEVENTH SET OF
17  MATTEL, INC., a Delaware           )  REQUESTS FOR THE
    corporation                        )  PRODUCTION OF
18                                     )  DOCUMENTS AND THINGS
                    Defendant.         )  IN CASE NO. 05-2727
19                                     )
                                       )
20                                     )  Honorable Stephen G. Larson
                                       )  Courtroom 1
21                                     )
    Consolidated with MATTEL, INC. v.  )
22  BRYANT and MGA                     )
    ENTERTAINMENT, INC. v.             )
23  MATTEL, INC.                       )
                                       )
24
25  PROPOUNDING PARTY:    MGA ENTERTAINMENT, INC.

26  RESPONDING PARTY:     MATTEL, INC.

27  SET NUMBER:           SEVEN

28  NOs.:                 572-766

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS  NO. CV 05-2727 SGL (RNBx)

Exhibit 34 - Page 1276

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on December __, 2007, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Los Angeles, California 90071.

**DEFINITIONS**

As used in these Requests:

1.      "4-EVER BEST FRIENDS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "4-Ever Best Friends."

2.      "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly <u>Mattel v. Bryant, Inc.</u>, first filed in Los Angeles County Superior Court; <u>Bryant v. Mattel, Inc.</u>; and <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>; and all counterclaims, cross-claims and defenses therein.

3.      "ACCELERACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "AcceleRacerS," "Accelleracers," or "Acceleracers."

4.      "AMERICAN GREETINGS" means American Greetings Properties and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners..

Exhibit 34 - Page 1277

5.    "ART ATTACKS" means and refers to Art Attacks Ink, LLC and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners, and any others acting Art Attacks Ink, LLC's behalf, pursuant to its authority or subject to its control, including but not limited to, JoAnne Mauck and Byron Mauck.

6.    "BARBIE" means and refers to each image, character, logo, doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Barbie."

7.    "BRATZ" means and refers to each image, character, logo, doll, fashion doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress.

8.    "BRAWER" means Ron Brawer individually.

9.    "BRYANT" means Carter Bryant individually.

10.    "CITYWORLD" means Cityworld International (HK) Ltd. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

11.    "COLLECTIBLES GROUP" means "Barbie Collectibles" as understood by Lisa S. Freed in her deposition of May 3, 2007, referenced at 128:18-25.

12.    "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail. Each request that encompasses information relating in any way to communications to, from or within a

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS NO. CV 05-2727 SGL (RNBx)
2

Exhibit 34 - Page 1278

1   business or corporate entity is hereby designated to mean, and should be construed to

2   include, all communications by and between representatives, employees, agents or

3   servants of the business or corporate entity.

4        13.   "CONFLICT OF INTEREST QUESTIONNAIRE" shall mean any form

5   of employment agreement concerning, *inter alia*, relations, if any, between Mattel's

6   employees, suppliers, and/or competition, whether known by the title "Conflict of

7   Interest Questionnaire" or any other title, including without limitation the form of

8   Conflict of Interest Questionnaire entitled "Conflict of Interest Questionnaire"

9   executed by BRYANT on or about January 4, 1999.

10       14.   "CONTESTED MATTEL PRODUCT(S)" means all MATTEL

11  products at issue in this ACTION, including, but not limited to, MY SCENE female

12  fashion dolls and their packaging, products in the MY SCENE "Chillin' Out",

13  "Night on the Town", "Jammin' in Jamaica", and "Bling Bling" themes, MY

14  SCENE plush pets and their packaging, MY SCENE "Stylin' Heads," MY SCENE

15  "Sound Lounge" playset and packaging, "Wee 3 Friends" dolls and packaging,

16  LITTLE MOMMY and ACCELERACERS.

17       15.   "COUNTERCLAIMS" or "COUNTERCLAIM" means Mattel, Inc.'s

18  Second Amended Answer and Counterclaims for: 1. Copyright Infringement; 2.

19  Violation of the Racketeer Influenced and Corrupt Organizations Act; 3. Conspiracy

20  to Violate the Racketeer Influenced and Corrupt Organizations Act; 4.

21  Misappropriation of Trade Secrets; 5. Breach of Contract; 6. Intentional Interference

22  with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and Abetting Breach of

23  Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and Abetting Breach of

24  Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and 13. Declaratory Relief

25  filed July 12, 2007, in MGA v. Mattel, Inc., CV 05-02727, including any amendment

26  or supplement thereto.

27

28

Exhibit 34 - Page 1279

16. "DIVA STARZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or any other thing that is or has ever been designed, developed, manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a project or line of goods or merchandise commonly known as, or sold and marketed under the name "Diva Starz."

17. "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic

Exhibit 34 - Page 1280

1   mail, website and web pages and transcriptions thereof and all other

2   memorializations of any conversations, meetings and conference, by telephone or

3   otherwise.  The term DOCUMENT also means every copy of a DOCUMENT, where

4   such copy is not an identical duplicate of the original, whether because of deletions,

5   underlinings, showing of blind copies, initialing, signatures, receipt stamps,

6   comments, notations, differences in stationery or any other difference or

7   modification of any kind.

8        18.    "EARLY LIGHT" means the toy manufacturer Early Light Industrial

9   Company Limited and any of its past or present officers, directors, employees,

10  parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture

11  partners.

12       19.    "EMPLOYEE INVENTIONS AGREEMENT" shall mean any form of

13  Mattel employment agreement concerning, *inter alia*, (i) ownership of inventions,

14  and (ii)(a) trade secrets and/or (iii) conflicts, whether known by the title "Employee

15  Confidential Information and Inventions Agreement" or any other title, including

16  without limitation the form of Employee Inventions Agreement entitled "Employee

17  Confidential Information and Inventions Agreement" executed by BRYANT on or

18  about January 4, 1999.

19       20.    "FACILITIES GROUP" means the "Facilities" as understood by Lisa S.

20  Freed in her deposition of May 3, 2007, referenced at 129:13-130:13.

21       21.    "FISHER-PRICE," means Fisher-Price, Inc. and any of its past or

22  present officers, directors, employees, parents, subsidiaries, divisions, affiliates,

23  predecessors-in-interest, and joint venture partners.

24       22.    "FRED LARIAN" means Fred Larian, also known as Farhad Larian.

25       23.    "GLAMERMAIDS" means and refers to each image, character, logo,

26  toy, doll, fashion doll, accessory, product, packaging or any other thing that is or has

27  ever been designed, developed, manufactured, marketed or sold by MATTEL, or

28

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS NO. CV 05-2727 SGL (RNBx)
5

Exhibit 34 - Page 1281

1    others under license by MATTEL, as part of a project or a line of goods or

2    merchandise commonly known or referred to as, or sold and marketed under the

3    name "Glamermaids," or "Glammermaids."

4        24.    "HASBRO" means  Hasbro, Inc. and any of its past or present officers,

5    directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-

6    interest, and joint venture partners.

7        25.    "HOLLY HOBBIE" means and refers to each image, character, logo,

8    doll, toy, accessory, product, packaging, or other thing or matter that is or has ever

9    been manufactured, marketed or sold by AMERICAN GREETINGS, or others under

10    license by AMERICAN GREETINGS, as part of a line of goods or merchandise

11    commonly known as, or sold and marketed under the name "Holly Hobbie."

12        26.    "HOT WHEELS" means and refers to each image, character, logo, doll,

13    toy, accessory, product, packaging, or other thing or matter that is or has ever been

14    manufactured, marketed or sold by MATTEL, or others under license by MATTEL,

15    as part of a line of goods or merchandise commonly known as, or sold and marketed

16    under the name "Hot Wheels."

17        27.    "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

18        28.    "LITTLE MOMMY" means and refers to each image, character, logo,

19    doll, toy, accessory, product, packaging, or other thing or matter that is or has ever

20    been manufactured, marketed or sold by MATTEL, or others under license by

21    MATTEL, as part of a line of goods or merchandise commonly known as, or sold

22    and marketed under the name "Little Mommy."

23        29.    "LITTLE TIKES" means and refers to each image, character, logo, doll,

24    toy, accessory, product, packaging, or other thing or matter that is or has ever been

25    manufactured, marketed or sold by MGA, or others under license by MGA, as part of

26    a line of goods or merchandise commonly known as, or sold and marketed under the

27    name "Little Tikes."

28

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS  NO. CV 05-2727 SGL (RNBx)

6

Exhibit 34 - Page 1282

30. "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

31. "MATTEL LITIGATION" shall mean the action now pending in the U.S. District Court for the Central District of California (Eastern District), consolidated under Case No. 04-9049 SGL (RNBx) before the Hon. Stephen Larson and formerly Mattel v. Bryant, Inc., first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

32. "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

33. "MGA LAWSUIT" means any lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party, excluding this ACTION.

34. "MY SCENE" means and refers to each image, character, logo, doll, fashion doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "My Scene."

35. "MY SCENE DOLL" means any fashion doll that is or has ever been distributed, marketed, sold or offered for sale under the name "My Scene" or as part of the "My Scene" line, including separate themes.

36. "MY SCENE LICENSE" means any license that REFERS OR RELATES TO any MY SCENE PRODUCT.

37. "MY SCENE PRODUCT" means any product, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form: (i) that is or has ever been distributed, marketed or sold under the name

Exhibit 34 - Page 1283

1  "My Scene" or as part of the "My Scene" line; (ii) that depicts, incorporates,

2  embodies, consists of or REFERS OR RELATES TO MY SCENE; and/or (iii) that

3  is or has ever been distributed, marketed or sold in any packaging that includes the

4  name "My Scene" or depicts, incorporates, embodies, consists of or REFERS OR

5  RELATES TO MY SCENE.

6        38.   "PERSON[S]" means any or all entities, including but not limited to,

7  any or all individuals, single proprietorships, associations, companies, firms,

8  partnerships, joint ventures, corporations, employees or former employees, or any

9  other business, governmental, or labor entity, and any divisions, departments, or

10  other units thereof.

11        39.   "POLLY POCKET" means and refers to each image, character, logo,

12  doll, toy, plush toy, styling head, accessory, product, packaging, or other thing or

13  matter that is or has ever been manufactured, marketed or sold by MATTEL, or

14  others under license by MATTEL, as part of a line of goods or merchandise

15  commonly known as, or sold and marketed under the name "Polly Pocket."

16        40.   "REFERRING OR RELATING TO" should be construed in the

17  broadest possible sense to mean concerning, consisting of, referring to, relating to,

18  describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

19  pertaining to, citing, summarizing, analyzing or bearing any logical or factual

20  connection with the matter discussed.

21        41.   "RELEVANT TIME PERIOD" means the period from January 1, 1998

22  through the present.

23        42.   "RETAILERS" means any entity which makes any of the

24  CONTESTED MATTEL PRODUCTS available for sale to the public, whether in

25  brick-and-mortar stores or online, including, but not limited to, Toys "R" Us, Inc.,

26  Wal-Mart Stores, Inc., Target Corporation, KB Toys, Inc., or Amazon.com, and any

27

28

Exhibit 34 - Page 1284

1  of their past or present officers, directors, employees parents, subsidiaries, divisions,

2  affiliates, predecessors-in-interest, or joint venture partners.

3      43.   "SKU #" means Stock Keeping Unit number.

4      44.   "S:\MATTEL" means MATTEL's file server(s) on which electronic

5  files are kept, including, but not limited to, pathways such as

6  file://S:\Mattel\Larian\Larian%202000-2002.htm.

7      45.   "THIS ACTION" refers to the MATTEL LITIGATION, including

8  *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed on April 27, 2004

9  and all cases consolidated or coordinated therewith.

10     46.   "UBISOFT" means Ubisoft Entertainment and any of its past or present

11  officers, directors, employees, parents, subsidiaries, divisions, affiliates,

12  predecessors-in-interest, and joint venture partners.

13     47.   "UBISOFT LITIGATION" shall mean the action captioned MGA

14  Entertainment, Inc. v. Ubisoft Entertainment, S.A., and related cross-action which

15  was filed with the American Arbitration Association, AAA Claim No. 50 T 133

16  00467, and presided over by Arbitrator John Fellas.

17     48.   "WEE 3 FRIENDS" means and refers to each image, character, logo,

18  doll, toy, accessory, product, packaging, or other thing or matter that is or has ever

19  been manufactured, marketed or sold by MATTEL, or others under license by

20  MATTEL, as part of a line of goods or merchandise commonly known as, or sold

21  and marketed under the name "Wee 3 Friends."

22     49.   The singular form includes the plural, and vice versa.

23     50.   The terms "any" and "all" are interchangeable.

24     51.   The terms "and" and "or" shall be construed disjunctively and

25  conjunctively, and each shall include the other whenever such dual construction will

26  serve to bring within the scope of any Request, DOCUMENTS that would otherwise

27  not be within its scope.

28

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS  NO. CV 05-2727 SGL (RNBx)

9

Exhibit 34 - Page 1285

## INSTRUCTIONS

1.      YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.      YOU are instructed to produce all non-privileged DOCUMENTS responsive to these Requests to the extent YOU have not previously produced them to MGA.

3.      If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full.

4.      Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized, separated, or identified.

5.      Each DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner.

6.      Unless otherwise noted, these Requests seek DOCUMENTS from January 1, 1995, to the present.

7.      These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

Exhibit 34 - Page 1286

# REQUESTS FOR PRODUCTION

**REQUEST NO. 572**

All telephone records for any telephone number used by any of the following people at any time from January 1, 2001 to the present: Bob Eckert, Richard De Anda, Matt Bousquette, Neil Freedman, Erica Ashbrook, Ivy Ross, and Chuck Schooten.

**REQUEST NO. 573**

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO MATTEL'S employment policies, including, without limitation, all employee manuals. (The relevant time from for this request is from January 1, 1998 to the present).

**REQUEST NO. 574**

All DOCUMENTS and COMMUNICATIONS between MATTEL and EARLY LIGHT REFERRING OR RELATING TO the conception, design, manufacture, production, marketing or sale of any BRATZ product. (The relevant time frame for this request is from January 1, 2001 to the present).

**REQUEST NO. 575**

All DOCUMENTS and COMMUNICATIONS between Tom Debrowski and EARLY LIGHT REFERRING OR RELATING TO the conception, design, manufacture, production, marketing or sale of any BRATZ product. (The relevant time frame for this request is from January 1, 2001 to the present).

---

Exhibit 34 - Page 1287

**REQUEST NO. 576**

All DOCUMENTS and COMMUNICATIONS between David Lewis and EARLY LIGHT REFERRING OR RELATING TO the conception, design, manufacture, production, marketing or sale of any BRATZ product. (The relevant time frame for this request is from January 1, 2001 to the present).

**REQUEST NO. 577**

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO MATTEL'S knowledge or awareness of a business relationship between MGA and EARLY LIGHT or any attempts by MATTEL to assist EARLY LIGHT in any way or interfere with or impact MGA's relationship with EARLY LIGHT.

**REQUEST NO. 578**

All DOCUMENTS and COMMUNICATIONS authored (in whole or in part) by Tom Debrowski REFERRING OR RELATING TO any business relationship between MGA and EARLY LIGHT. (The relevant time frame for this request is from January 1, 2001 to the present).

**REQUEST NO. 579**

All DOCUMENTS and COMMUNICATIONS authored by David Lewis REFERRING OR RELATING TO any business relationship between MGA and EARLY LIGHT. (The relevant time frame for this request is from January 1, 2001 to the present).

Exhibit 34 - Page 1288

**REQUEST NO. 580**

All DOCUMENTS produced or provided by MATTEL to EARLY LIGHT REFERRING OR RELATING TO the conception, design, manufacture, production, marketing or sale of any BRATZ product, or any business relationship between MGA and EARLY LIGHT.  (The relevant time frame for this request is from January 1, 2001 to the present).

**REQUEST NO. 581**

All DOCUMENTS REFERRING OR RELATING TO the identity of licensees of BARBIE or any intellectual property relating to any CONTESTED MATTEL PRODUCT since January 1, 2001.

**REQUEST NO. 582**

All license agreements for BARBIE or any intellectual property relating to any CONTESTED MATTEL PRODUCT that was in effect at any time from January 1, 2001 to the present.

**REQUEST NO. 583**

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO the conception, reduction to practice, design, marketing, or promotion of any CONTESTED MATTEL PRODUCT.

Exhibit 34 - Page 1289

**REQUEST NO. 584**

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any COMMUNICATION from MATTEL to any PERSON regarding whether that PERSON, or any other PERSON, should or should not do business with MGA.

**REQUEST NO. 585**

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any restriction or limitation on a PERSON's business dealings with MGA (whether contractual or otherwise) that MATTEL has suggested, proposed, or required. (The relevant time frame for this request is from January 1, 2001 to the present).

**REQUEST NO. 586**

ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any COMMUNICATION sent by MATTEL to any PERSON asserting, alleging or suggesting that MGA's advertising or promotional materials are false or misleading. (The relevant time frame for this request is from January 1, 2001 to the present).

**REQUEST NO. 587**

ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any COMMUNICATION sent by MATTEL to any PERSON asserting, alleging or suggesting that MGA is infringing MATTEL's intellectual

Exhibit 34 - Page 1290

property rights. (The relevant time frame for this request is from January 1, 2001 to the present).

**REQUEST NO. 588**

All DOCUMENTS or COMMUNICATIONS REFERRING OR RELATING to any assertion, allegation or suggestion by any PERSON (other than the parties in this ACTION) that MATTEL's advertising or promotional materials are false and misleading. (The relevant time frame for this request is from January 1, 2001 to the present).

**REQUEST NO. 589**

All DOCUMENTS or COMMUNICATIONS REFERRING OR RELATING to any assertion, allegation or suggestion by any PERSON (other than the parties in this ACTION) that MATTEL is infringing on that other PERSON's intellectual property rights. (The relevant time frame for this request is from January 1, 2001 to the present).

**REQUEST NO. 590**

ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any effort by MATTEL to contact or hire any MGA employee.

**REQUEST NO. 591**

ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING to lead paint being used or found in any product sold by MATTEL,

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS NO. CV 05-2727 SGL (RNBx)
15

Exhibit 34 - Page 1291

including without limitation any CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product.

**REQUEST NO. 592**

ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING to any recall any product sold by MATTEL, including without limitation any CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product.

**REQUEST NO. 593**

ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING to any safety concern regarding any product sold by MATTEL, including without limitation any CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product.

**REQUEST NO. 594**

All DOCUMENTS and COMMUNICATIONS between MATTEL and Bandai REFERRING OR RELATING TO the conception, design, manufacture, production, marketing or sale of any BRATZ product.  (The relevant time frame for this request is from January 1, 2001 to the present).

**REQUEST NO. 595**

All DOCUMENTS and COMMUNICATIONS between MATTEL and Mattel Mexico REFERRING OR RELATING TO the conception, design, manufacture,

Exhibit 34 - Page 1292

1   production, marketing or sale of any BRATZ product or the allegations in

2   MATTEL's COUNTERCLAIMS.

3

4   **REQUEST NO. 596**

5       All DOCUMENTS and COMMUNICATIONS between MATTEL and Mateo

6   Romano REFERRING OR RELATING TO the conception, design, manufacture,

7   production, marketing or sale of any BRATZ product or the allegations in

8   MATTEL's COUNTERCLAIMS.

9

10  **REQUEST NO. 597**

11

12      ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

13  RELATING TO any litigation with Simba.

14

15  **REQUEST NO. 598**

16      ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

17  RELATING TO any demand, claim or lawsuit by MATTEL (other than this

18  ACTION) alleging infringement of MATTEL's intellectual property rights in any

19  CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS

20  product.

21

22  **REQUEST NO. 599**

23

24      ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

25  RELATING TO any demand, claim or lawsuit agent MATTEL (other than this

26  ACTION) alleging that any CONTESTED MATTEL PRODUCT, any BARBIE

27

28

Exhibit 34 - Page 1293

1  product, or any DIVA STARS product infringes the intellectual property rights of
2  another PERSON.

3

4  **REQUEST NO. 600**

5      All DOCUMENTS and COMMUNICATIONS REFERRING OR
6  RELATING TO any COMMUNICATION (including all memos and directives)
7  given by MATTEL to its retail merchandisers, contractors and employees with
8  regard to the conception, design, or marketing of any BRATZ product.

9

10 **REQUEST NO. 601**

11

12     All DOCUMENTS and COMMUNICATIONS REFERRING OR
13 RELATING TO any COMMUNICATION (including all memos and directives)
14 given by MATTEL to its retail merchandisers, contractors and employees with
15 regard competition between any BRATZ product and any MATTEL product.

16

17 **REQUEST NO. 602**

18

19     All DOCUMENTS and COMMUNICATIONS REFERRING OR
20 RELATING TO any COMMUNICATION (including all memos and directives)
21 given by MATTEL to its retail merchandisers, contractors and employees with
22 regard selling any BRATZ product or working with or for MGA.

23

24 **REQUEST NO. 603**

25     All DOCUMENTS and COMMUNICATIONS REFERRING OR
26 RELATING TO COMMUNICATIONS between Erica Ashbrook and anyone at
27 MATTEL regarding any BRATZ product or MGA's business at Wal-Mart.

28

Exhibit 34 - Page 1294

**REQUEST NO. 604**

All passports showing travel to or from Hong Kong or China by Neil Freedman, Bob Eckert, Tom Debrowski from 1999 until the date of this request.

**REQUEST NO. 605**

All versions of MATTEL's employment contracts since BRYANT left MATTEL's employment on or about October 20, 2000.

**REQUEST NO. 606**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO changes or amendments made to MATTEL's employment contracts since BRYANT left MATTEL's employment on or about October 20, 2000.

**REQUEST NO. 607**

All versions of MATTEL's EMPLOYEE INVENTIONS AGREEMENT since BRYANT left MATTEL's employment on or about October 20, 2000.

**REQUEST NO. 608**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO changes or amendments made to MATTEL's EMPLOYEE INVENTIONS AGREEMENT since BRYANT left MATTEL's employment on or about October 20, 2000.

Exhibit 34 - Page 1295

**REQUEST NO. 609**

All versions of MATTEL's CONFLICT OF INTEREST QUESTIONNAIRE since BRYANT left MATTEL's employment on or about October 20, 2000.

**REQUEST NO. 610**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO changes or amendments made to MATTEL's CONFLICT OF INTEREST QUESTIONNAIRE since BRYANT left MATTEL's employment on or about October 20, 2000.

**REQUEST NO. 611**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO the origins or sources of inspiration of POLLY POCKET, including, without limitation, the purpose for which POLLY POCKET were created.

**REQUEST NO. 612**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO MATTEL's initial design and development of POLLY POCKET, including but not limited to design drawings, sculpts, internal memos, MARKET RESEARCH, and approval memo.

**REQUEST NO. 613**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO consideration being given to changing the appearance of POLLY

Exhibit 34 - Page 1296

1  POCKET, including but not limited to DOCUMENTS REFERRING TO OR
2  RELATING TO sculpts, face paint and eye design.

3

4  **REQUEST NO. 614**

5      Photographs or pictures sufficient to illustrate every variation or version of
6  POLLY POCKET ever released as a commercial product, including without
7  limitation, any variation in face paint, face paint plans or designs, eye designs, drafts,
8  ideas or concepts.

9

10  **REQUEST NO. 615**

11      Photographs or pictures sufficient to illustrate every variation or version of
12  POLLY POCKET considered by YOU but never released as a commercial product,
13  including without limitation, face paint, face paint plans or designs, eye designs,
14  drafts, ideas or concepts.

15

16

17  **REQUEST NO. 616**

18      All DOCUMENTS and COMMUNICATIONS REFERRING TO OR
19  RELATING TO the design, development, themes, conception, or creation of the
20  packaging or artwork of POLLY POCKET, including without limitation, the
21  motivation, purpose or inspiration for the packaging or artwork.

22

23  **REQUEST NO. 617**

24      All DOCUMENTS and COMMUNICATIONS REFERRING TO OR
25  RELATING TO the development of the product design trade dress or packaging

26
27
28

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS  NO. CV 05-2727 SGL (RNBx)
21

Exhibit 34 - Page 1297

1  trade dress of POLLY POCKET, including but not limited to the total image, design
2  and appearance of POLLY POCKET.

3

4  **REQUEST NO. 618**

5      DOCUMENTS sufficient to show any position MATTEL has taken with
6  respect to its claimed trade dress in connection with POLLY POCKET, including but
7  not limited to internal COMMUNICATIONS, COMMUNICATIONS with third
8  parties, trademark applications and related DOCUMENTS, filings in judicial
9  proceedings, and regulatory filings.
10

11

12  **REQUEST NO. 619**

13      All DOCUMENTS and COMMUNICATIONS REFERRING TO OR
14  RELATING TO any MARKET RESEARCH, projections or plans pertaining to the
15  release of POLLY POCKET to the market.

16

17  **REQUEST NO. 620**

18      All DOCUMENTS and COMMUNICATIONS REFERRING TO OR
19  RELATING TO any BRATZ product or theme as an inspiration factor in the
20  development of any POLLY POCKET product.
21

22

23  **REQUEST NO. 621**

24      All DOCUMENTS and COMMUNICATIONS REFERRING TO OR
25  RELATING TO any similarity or dissimilarity between BRATZ and POLLY
26  POCKET packaging, including without limitation, advertising (including
27  commercials), color schemes, product display, shape, and style of packaging.
28

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS  NO. CV 05-2727 SGL (RNBx)
22

Exhibit 34 - Page 1298

**REQUEST NO. 622**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any similarity or dissimilarity between BRATZ and POLLY POCKET, including without limitation, themes, accessories, clothing and shoes.

**REQUEST NO. 623**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any similarity or dissimilarity between BRATZ and POLLY POCKET dolls, including without limitation, feet, hair, removable heads, face paint, eye design, head size, body proportions, and any other physical attributes.

**REQUEST NO. 624**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO whether the appearance of POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ.

**REQUEST NO. 625**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO whether POLLY POCKET infringes or potentially infringes the copyrights, trademarks, or trade dress of BRATZ.

Exhibit 34 - Page 1299

**REQUEST NO. 626**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO whether any CONTESTED MATTEL PRODUCT infringes or potentially infringes the copyrights, trademarks, or trade dress of BRATZ.

**REQUEST NO. 627**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO actual or potential consumer confusion between any POLLY POCKET product and any BRATZ product.

**REQUEST NO. 628**

All MATTEL product catalogs, sell sheets and production information sheets that include POLLY POCKET, from 2001 to the present.

**REQUEST NO. 629**

All internal studies, analyses, presentations or investigations REFERRING OR RELATING TO the overall market shares and market position of POLLY POCKET from 2001 to the present.

**REQUEST NO. 630**

All studies, analyses, presentations or investigations of the target audience, age groups, market share, or projections for POLLY POCKET.

Exhibit 34 - Page 1300

**REQUEST NO. 631**

DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of goods sold and any other costs attributable to net profits REFERRING OR RELATING TO POLLY POCKET.

**REQUEST NO. 632**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any evaluation, criticism or comparison of POLLY POCKET, including relation to BRATZ by any third party.

**REQUEST NO. 633**

All DOCUMENTS suggesting or evidencing confusion between BRATZ and POLLY POCKET, including without limitation DOCUMENTS in which photographs of one party's products have been used to depict another party's products, or reference to one party's products has been made in lieu of the other party's products.

**REQUEST NO. 634**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all MATTEL personnel who were ever a member of the primary team that worked on the design and development of POLLY POCKET products.

Exhibit 34 - Page 1301

**REQUEST NO. 635**

All "New Toy Status Reports" for POLLY POCKET.

**REQUEST NO. 636**

DOCUMENTS sufficient to indicate when a project number was first assigned to POLLY POCKET.

**REQUEST NO. 637**

All COMMUNICATIONS between YOU and any retailer REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ.

**REQUEST NO. 638**

All COMMUNICATIONS between YOU and any customer REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ.

**REQUEST NO. 639**

All COMMUNICATIONS between YOU and any member of the press REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ.

Exhibit 34 - Page 1302

**REQUEST NO. 640**

All COMMUNICATIONS between YOU and any supplier REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ.

**REQUEST NO. 641**

All COMMUNICATIONS between YOU and any third party REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ.

**REQUEST NO. 642**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any agreements wherein MATTEL agreed to fund, pay for, contribute to or reimburse any third party for the fees, costs or expenses that third party incurred in connection with the MATTEL LITIGATION.

**REQUEST NO. 643**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any agreements wherein MATTEL agreed to fund, pay for, contribute to or reimburse any MATTEL employee or former MATTEL employee for any fees, costs or expenses incurred in connection with the MATTEL LITIGATION.

Exhibit 34 - Page 1303

**REQUEST NO. 644**

All DOCUMENTS REFERRING TO OR RELATING TO any COMMUNICATIONS between YOU and any retailer, sales person or merchandiser world wide REFERRING TO OR RELATING TO the allocation of shelf space, plan-o-gram space, altering of retail displays or placement of LITTLE TIKES in retail stores.

**REQUEST NO. 645**

All DOCUMENTS REFERRING TO OR RELATING TO any COMMUNICATIONS between YOU and any retailer, sales person or merchandiser world wide REFERRING TO OR RELATING TO the allocation of shelf space, plan-o-gram space, altering of retail displays or placement of LITTLE TIKES in retail stores.

**REQUEST NO. 646**

All DOCUMENTS REFERRING TO OR RELATING TO any COMMUNICATIONS between FISHER-PRICE and any retailer, sales person or merchandiser world wide REFERRING TO OR RELATING TO the allocation of shelf space, plan-o-gram space, altering of retail displays or placement of LITTLE TIKES in retail stores.

**REQUEST NO. 647**

All DOCUMENTS REFERRING TO OR RELATING TO any COMMUNICATIONS between FISHER-PRICE and any retailer, sales person or merchandiser world wide REFERRING TO OR RELATING TO the allocation of

Exhibit 34 - Page 1304

shelf space, plan-o-gram space, altering of retail displays or placement of LITTLE TIKES in retail stores.

**REQUEST NO. 648**

All DOCUMENTS REFERRING TO OR RELATING TO HOLLY HOBBIE that also REFER TO OR RELATE TO BRATZ.

**REQUEST NO. 649**

All COMMUNICATIONS between YOU and any third party REFERRING TO OR RELATING TO HOLLY HOBBIE that also REFER TO OR RELATE TO BRATZ.

**REQUEST NO. 650**

All COMMUNICATIONS between YOU and AMERICAN GREETINGS REFERRING TO OR RELATING TO HOLLY HOBBIE that also REFER TO OR RELATE TO BRATZ.

**REQUEST NO. 651**

DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of goods sold and any other costs attributable to net profits REFERRING TO OR RELATING TO each BARBIE product, broken down by SKU #, from 2001 to the present.

Exhibit 34 - Page 1305

**REQUEST NO. 652**

DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of goods sold and any other costs attributable to net profits REFERRING TO OR RELATING TO each HOT WHEELS product, broken down by SKU #, from 2001 to the present.

**REQUEST NO. 653**

DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of goods sold and any other costs attributable to net profits REFERRING TO OR RELATING TO each ACCELERACERS product, broken down by SKU #, from 2001 to the present.

**REQUEST NO. 654**

DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of goods sold and any other costs attributable to net profits REFERRING TO OR RELATING TO each LITTLE MOMMY product, broken down by SKU #, from 2001 to the present.

**REQUEST NO. 655**

DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of goods sold and any other costs attributable to net profits REFERRING TO OR RELATING TO each WEE 3 FRIENDS product, broken down by SKU #, from 2001 to the present.

Exhibit 34 - Page 1306

**REQUEST NO. 656**

DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of goods sold and any other costs attributable to net profits REFERRING TO OR RELATING TO each POLLY POCKET product, broken down by SKU #, from 2001 to the present.

**REQUEST NO. 657**

DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of goods sold and any other costs attributable to net profits REFERRING TO OR RELATING TO each MY SCENE product, broken down by SKU #, from 2001 to the present.

**REQUEST NO. 658**

All documents REFERRING OR RELATING TO YOUR contention in Paragraph 37 of YOUR COUNTERCLAIM that "MGA elected to steal Mattel's plans, strategy and business information for the Mexican market and materials related to Mattel's worldwide business strategies."

**REQUEST NO. 659**

All documents REFERRING OR RELATING TO YOUR contention in Paragraph 37 of YOUR COUNTERCLAIM that "MGA and Larian approached three employees of Mattel's Mexican subsidiary ("Mattel Mexico"), enticed them to steal Mattel's most sensitive business planning materials, and then hired them to assist in establishing and running MGA's new Mexican subsidiary."

Exhibit 34 - Page 1307

**REQUEST NO. 660**

All documents REFERRING OR RELATING TO YOUR contentions in Paragraph 42 of YOUR COUNTERCLAIM that "Mattel discovered that Machado, Trueba and Vargas had been in frequent telephonic and e-mail contact with MGA personnel, including Larian, for over three months prior to their resignations."

**REQUEST NO. 661**

All documents REFERRING OR RELATING TO the American Online e-mail account with the address plot04@aol.com as alleged in Paragraph 42 of YOUR COUNTERCLAIM.

**REQUEST NO. 662**

All documents REFERRING OR RELATING TO YOUR contention in Paragraph 43 of YOUR COUNTERCLAIM that "prior to their resignations, Larian and others at MGA directed Machado, Trueba and Vargas to steal virtually all Mattel confidential and proprietary information that they could access and bring it [sic] with them to MGA."

**REQUEST NO. 663**

All documents REFERRING OR RELATING TO YOUR contentions in Paragraph 44 of YOUR COUNTERCLAIM.

Exhibit 34 - Page 1308

**REQUEST NO. 664**

All documents REFERRING OR RELATING TO YOUR contentions in Paragraph 45 of YOUR COUNTERCLAIM.

**REQUEST NO. 665**

All documents REFERRING OR RELATING TO YOUR contention in Paragraph 46 of YOUR COUNTERCLAIM that "Two days before her resignation, she [Trueba] contacted both a Mattel employee located in El Segundo, California and Mattel's advertising agency to request updated confidential information about advertising plans for BARBIE."

**REQUEST NO. 666**

All documents REFERRING OR RELATING TO YOUR contention in Paragraph 46 of YOUR COUNTERCLAIM that "Trueba acted at the direction of MGA and Larian and did so in order to obtain further information that would allow MGA to obtain unfair competitive advantage over Mattel."

**REQUEST NO. 667**

All documents REFERRING OR RELATING TO YOUR contentions in Paragraph 48 of YOUR Counterclaim.

**REQUEST NO. 668**

All documents REFERRING OR RELATING TO YOUR contentions in Paragraph 49 of YOUR Counterclaim.

Exhibit 34 - Page 1309

**REQUEST NO. 669**

All documents REFERRING OR RELATING TO YOUR contentions in Paragraph 51 of YOUR Counterclaim.

**REQUEST NO. 670**

All documents REFERRING OR RELATING TO YOUR contention in Paragraph 70 of YOUR Counterclaim that "In an effort to increase its market share and sales in Canada and elsewhere, MGA stole Mattel trade secrets regarding Mattel's customers, sales, projects, advertising and strategy, not only for Canada, but the United States and the rest of the world."

**REQUEST NO. 671**

All documents REFERRING OR RELATING TO YOUR contentions in Paragraph 74 of YOUR Counterclaim.

**REQUEST NO. 672**

To the extent not already requested or produced, ALL DOCUMENTS REFERRING OR RELATING TO the contentions in YOUR COUNTERCLAIMS.

**REQUEST NO. 673**

To the extent not already requested or produced, ALL DOCUMENTS REFERRING OR RELATING TO YOUR contentions in this ACTION.

Exhibit 34 - Page 1310

**REQUEST NO. 674**

A sample of each CONTESTED MATTEL PRODUCT, including, without limitation, each MY SCENE DOLL, sold by YOU or YOUR licensees.

**REQUEST NO. 675**

All DOCUMENTS that REFERRING OR RELATING TO MATTEL's recruiting practices for toy or packaging designers and/or developers, including, but not limited to, the hiring of employees and freelancers, paying individuals for test projects or licenses to designs, or otherwise creating a legal relationship between MATTEL and any PERSON with respect to that person's designs.

**REQUEST NO. 676**

DOCUMENTS sufficient to show the actual release dates and all design and development stages for all CONTESTED MATTEL PRODUCTS, including but not limited to dolls, themes and waves.

**REQUEST NO. 677**

All COMMUNICATIONS with any RETAILER that REFER OR RELATE to whether MY SCENE was a substitution or competitor of BRATZ, regarding competition between MY SCENE and BRATZ, similarities between MY SCENE and BRATZ, confusion between MY SCENE and BRATZ, and current and future plans for the advertising, promotion, marketing and sales of MY SCENE, or the lack thereof.

Exhibit 34 - Page 1311

**REQUEST NO. 678**

All COMMUNICATIONS between YOU, including your inside and outside counsel, on the one hand, and any PERSON including, but not limited to, UBISOFT, any former MGA employee, any former MATTEL employee, any current or former freelancer including, but not limited to, Steve Linker, Anna Rhee, Matt Bousquette, Adrienne Fontanella, Kris Lynch, Len Mazzocco, Pamela Brew Peretz, Rachel Harris, Barbara Miller, Victoria O'Connor, Kami Gillmour, Andreas Koch, Maureen Mullen Chianese, David Dees, Steve Tarmichael, Liz Hogan, Mercedah Ward, Margaret Hatch Leahy, Jessie Ramirez, or any PERSON listed in any party's initial disclosures (as amended) on the other hand, REFERRING OR RELATING to

      (a) the design or development of any BRATZ product;

      (b) the project known as DIVA STARZ;

      (c) the allegations in this ACTION (including, without limitation, any facts underlying this ACTION or a PERSON's belief or view as to the merits of any claim or defense in this ACTION) or any facts underlying this ACTION; or

      (d) any MGA LAWSUIT (including, without limitation, any facts underlying the MGA LAWSUIT or a PERSON's belief or view as to the merits of any claim or defense in the MGA LAWSUIT).

**REQUEST NO. 679**

All DOCUMENTS which UBISOFT and/or UBISOFT'S counsel produced or provided to YOU and/or YOUR counsel.

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS NO. CV 05-2727 SGL (RNBx)
36

Exhibit 34 - Page 1312

**REQUEST NO. 680**

All DOCUMENTS REFERRING OR RELATING the ACTION which UBISOFT and/or UBISOFT'S counsel produced or provided to YOU and/or YOUR counsel.

**REQUEST NO. 681**

All COMMUNICATIONS between YOU and/or YOUR counsel, on the one hand, and UBISOFT and/or UBISOFT'S counsel on the other regarding this ACTION.

**REQUEST NO. 682**

All DOCUMENTS which YOU and/or YOUR counsel produced or provided to UBISOFT and/or UBISOFT'S counsel.

**REQUEST NO. 683**

All DOCUMENTS REFERRING OR RELATING TO MGA or the ACTION which YOU and/or YOUR counsel produced or provided to UBISOFT and/or UBISOFT'S counsel.

**REQUEST NO. 684**

All DOCUMENTS REFERRING OR RELATING TO information and DOCUMENTS which YOU and/or YOUR counsel produced or provided to UBISOFT and/or UBISOFT'S counsel.

Exhibit 34 - Page 1313

**REQUEST NO. 685**

All DOCUMENTS REFERRING OR RELATING TO information regarding the UBISOFT LITIGATION which was provided to YOU and/or YOUR counsel by UBISOFT and/or UBISOFT'S counsel.

**REQUEST NO. 686**

All DOCUMENTS REFERRING OR RELATING TO MGA or the UBISOFT LITIGATION which was provided to YOU and/or YOUR counsel by UBISOFT and/or UBISOFT'S counsel.

**REQUEST NO. 687**

All DOCUMENTS REFERRING OR RELATING TO any and all telephone conversations between or among YOU and/or YOUR counsel and UBISOFT and/or UBISOFT'S counsel, including but not limited to, notes of such telephone conversations.

**REQUEST NO. 688**

All DOCUMENTS REFERRING OR RELATING TO any alliance, agreement or arrangement between YOU and/or YOUR counsel and UBISOFT and/or UBISOFT'S counsel to provide assistance, including monetary assistance, in connection with any litigation against MGA, including but not limited to, the ACTION and the UBISOFT LITIGATION.

Exhibit 34 - Page 1314

**REQUEST NO. 689**

All DOCUMENTS REFERRING OR RELATING TO any assistance, guidance, advice or information which UBISOFT and/or UBISOFT'S counsel provided to YOU and/or YOUR counsel in connection with the ACTION.

**REQUEST NO. 690**

All DOCUMENTS REFERRING OR RELATING TO any assistance, guidance, advice or information which YOU and/or YOUR counsel provided to UBISOFT and/or UBISOFT'S counsel in connection with the UBISOFT LITIGATION.

**REQUEST NO. 691**

All DOCUMENTS REFERRING OR RELATING TO efforts by YOU and/or YOUR counsel to obtain information or DOCUMENTS regarding MGA or the UBISOFT LITIGATION from UBISOFT and/or UBISOFT'S counsel.

**REQUEST NO. 692**

All DOCUMENTS REFERRING OR RELATING TO efforts by UBISOFT and/or UBISOFT'S counsel to obtain information or DOCUMENTS regarding MGA or the ACTION from YOU and/or YOUR counsel.

**REQUEST NO. 693**

All DOCUMENTS that REFER OR RELATE TO any claims, threat of litigation, litigation, arbitration or other legal proceeding that any current or former

Exhibit 34 - Page 1315

employee, freelancer or contractor has asserted against MATTEL regarding the use or infringement of any design, idea, doll, toy or artwork, including, but not limited to, cease and desist letters, pleadings, affidavits, or court orders.

**REQUEST NO. 694**

All COMMUNICATIONS between YOU, including your inside and outside counsel, on the one hand, and any PERSON on the other, including but not limited to HASBRO, UBISOFT, CITYWORLD, ART ATTACKS and FRED LARIAN REFERRING OR RELATING TO the allegations in this ACTION, or any MGA LAWSUIT (including, without limitation, any facts underlying this ACTION or MGA LAWSUIT or any PERSON's belief or view as to the merits of any claim or defense in this ACTION or MGA LAWSUIT).

**REQUEST NO. 695**

All testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO ACCELERACERS, DIVA STARZ, MY SCENE, FLAVAS, and BARBIE that REFER OR RELATE TO the RELEVANT TIME PERIOD (regardless of when such testimony or sworn statement was taken, given, signed, made or filed), other than those previously filed and served in this ACTION or in which MGA's counsel in this ACTION was in attendance.

**REQUEST NO. 696**

DOCUMENTS sufficient to show the seating arrangement, configuration and/or location of BRYANT, Paula Treantafelles, the COLLECTIBLES GROUP,

Exhibit 34 - Page 1316

Cassidy Park, and Lilly Martinez from January 1, 2000 through October 31, 2000, including, but not limited to, DOCUMENTS that would have been retained by MATTEL's FACILITIES GROUP.

**REQUEST NO. 697**

All DOCUMENTS REFERRING OR RELATING TO the recruitment, hiring, or engagement by MGA of any current or former MATTEL employee, freelancer or contractor since January 1, 1999, including communications between MGA and any current or former MATTEL employee, freelancer or contractor concerning employment or potential employment.

**REQUEST NO. 698**

DOCUMENTS sufficient to identify every PERSON who has entered into a MY SCENE LICENSE with YOU or anyone acting on YOUR behalf.

**REQUEST NO. 699**

DOCUMENTS sufficient to identify by product name, product number and SKU each MY SCENE PRODUCT including, without limitation, each MY SCENE DOLL, sold by YOU or YOUR licensees.

**REQUEST NO. 700**

DOCUMENTS sufficient to show the number of units of each MY SCENE DOLL sold by YOU or YOUR licensees.

Exhibit 34 - Page 1317

**REQUEST NO. 701**

DOCUMENTS sufficient to show the revenue received by YOU from the sale of each MY SCENE DOLL sold by YOU or YOUR licensees.

**REQUEST NO. 702**

DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other costs for each MY SCENE DOLL sold by YOU or YOUR licensees.

**REQUEST NO. 703**

All DOCUMENTS REFERRING OR RELATING TO YOUR profits, including, but not limited to, gross profits and gross margins, from the sale of each MY SCENE DOLL sold by YOU or YOUR licensees.

**REQUEST NO. 704**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show the number of units of each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 705**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show the revenue received by YOU from the sale of each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

Exhibit 34 - Page 1318

**REQUEST NO. 706**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show YOUR profits from each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 707**

DOCUMENTS sufficient to show customer returns to YOU of MY SCENE DOLLS sold or distributed by YOU or YOUR licensees.

**REQUEST NO. 708**

DOCUMENTS sufficient to show customer rebates or credits given by YOU or YOUR licensees to customers in connection with MY SCENE DOLLS.

**REQUEST NO. 709**

DOCUMENTS sufficient to show, by product number or SKU, the number of units of each MY SCENE DOLL sold by YOU or YOUR licensees.

**REQUEST NO. 710**

DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each MY SCENE DOLL sold by YOU or YOUR licensees.

Exhibit 34 - Page 1319

**REQUEST NO. 711**

DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of goods sold, unit cost and other costs for each MY SCENE DOLL sold by YOU or YOUR licensees.

**REQUEST NO. 712**

All DOCUMENTS REFERRING OR RELATING TO YOUR profits, by product number or SKU, from the sale of each MY SCENE DOLL sold by YOU or YOUR licensees.

**REQUEST NO. 713**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 714**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

Exhibit 34 - Page 1320

**REQUEST NO. 715**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or SKU, YOUR profits from each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 716**

DOCUMENTS sufficient to show the revenue and profits derived by YOU from the sale by YOU or YOUR licensees of MY SCENE DOLLS including, without limitation, DOCUMENTS sufficient to show sales revenues, costs of goods sold, variable costs, gross margins, royalties paid and received, fixed costs. gross profits and net profits.

**REQUEST NO. 717**

DOCUMENTS sufficient to show the number of units of each MY SCENE PRODUCT sold by YOU or YOUR licensees.

**REQUEST NO. 718**

DOCUMENTS sufficient to show the revenue received by YOU from the sale of each MY SCENE PRODUCT sold by YOU or YOUR licensees.

**REQUEST NO. 719**

DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other costs for each MY SCENE PRODUCT sold by YOU and/or YOUR licensees.

Exhibit 34 - Page 1321

**REQUEST NO. 720**

All DOCUMENTS evidencing, reflecting, REFERRING OR RELATING TO YOUR profits from the sale of each MY SCENE PRODUCT sold by YOU and/or YOUR licensees.

**REQUEST NO. 721**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE PRODUCT, DOCUMENTS sufficient to show the number of units of each such MY SCENE PRODUCT sold by YOU and/or YOUR licensees to that customer.

**REQUEST NO. 722**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE PRODUCT, DOCUMENTS sufficient to show the revenue received by YOU from each such MY SCENE PRODUCT sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 723**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE PRODUCT, DOCUMENTS sufficient to show YOUR profits from each such MY SCENE PRODUCT sold by YOU or YOUR licensees to that customer.

Exhibit 34 - Page 1322

**REQUEST NO. 724**

DOCUMENTS sufficient to show customer returns to YOU of MY SCENE PRODUCTS sold or distributed by YOU or YOUR licensees.

**REQUEST NO. 725**

DOCUMENTS sufficient to show customer rebates and credits given by YOU or YOUR licensees to customers in connection with MY SCENE PRODUCTS.

**REQUEST NO. 726**

DOCUMENTS sufficient to show, by product number or SKU, the number of units of each MY SCENE PRODUCT sold by YOU or YOUR licensees.

**REQUEST NO. 727**

DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each MY SCENE PRODUCT sold by YOU or YOUR licensees.

**REQUEST NO. 728**

DOCUMENTS sufficient to show, by product number of SKU, YOUR cost of goods sold, unit cost and other costs for each MY SCENE PRODUCT sold by YOU or YOUR licensees.

Exhibit 34 - Page 1323

**REQUEST NO. 729**

All DOCUMENTS evidencing, reflecting, REFERRING OR RELATING TO YOUR profits, by product number or SKU, from the sale of each MY SCENE PRODUCT sold by YOU or YOUR licensees.

**REQUEST NO. 730**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such MY SCENE PRODUCT sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 731**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from each such MY SCENE PRODUCT sold by YOU or YOUR licensees to that customer.

**REQUEST NO. 732**

DOCUMENTS sufficient to show the revenue and profits derived by YOU from the sale by YOU or YOUR licensees of MY SCENE PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales revenues, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

Exhibit 34 - Page 1324

**REQUEST NO. 733**

All monthly, quarterly and annual profit and loss statements for MY SCENE.

**REQUEST NO. 734**

All DOCUMENTS REFERRING OR RELATING TO the value of the "My Scene" brand.

**REQUEST NO. 735**

All DOCUMENTS REFERRING OR RELATING TO the MY SCENE DOLL's share of the fashion doll market including, without limitation, the extent to which MY SCENE has been or is gaining or losing market share in the fashion doll market.

**REQUEST NO. 736**

All DOCUMENTS REFERRING OR RELATING TO business plans, forecasts, budgets and projects prepared by YOU in connection with each of YOUR products, including but not limited to BARBIE and MY SCENE.

**REQUEST NO. 737**

All DOCUMENTS REFERRING OR RELATING TO market research and competitive studies and analyses prepared or conducted by YOU with respect to the fashion doll market.

Exhibit 34 - Page 1325

**REQUEST NO. 738**

All DOCUMENTS REFERRING OR RELATING TO any position taken by YOU in any litigation, arbitration or other legal proceeding that any damages owed by YOU for copyright infringement should be apportioned.

**REQUEST NO. 739**

All DOCUMENTS REFERRING OR RELATING TO any position taken by YOU in any litigation, arbitration or other legal proceeding relating to the estimated value of original drawings, designs or ideas for a product, including, but not limited to, such determinations expressed as a fraction or percentage of the overall value of that product and other related products based on those original drawings, designs or ideas.

**REQUEST NO. 740**

All DOCUMENTS REFERRING OR RELATING TO any research or investigation by YOU to determine the estimated value of original drawings, designs or ideas for any toy, including, but not limited to, fashion dolls owned or licensed by MATTEL, including, but not limited to, such determinations expressed as a fraction or percentage of the overall value of all products based on those original drawings, designs or ideas.

**REQUEST NO. 741**

All DOCUMENTS REFERRING OR RELATING TO any decision made by YOU not to sell, grant, or license to any PERSON the rights to any toy design or idea,

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS  NO. CV 05-2727 SGL (RNBx)
50

Exhibit 34 - Page 1326

including, but not limited to, fashion dolls that YOU did not intend to exploit or develop.

**REQUEST NO. 742**

All DOCUMENTS REFERRING OR RELATING TO any decision made by YOU to sell, grant or license to any PERSON the rights to any toy design or idea, including, but not limited to fashion dolls, that YOU did not intend to exploit or develop.

**REQUEST NO. 743**

All DOCUMENTS REFERRING OR RELATING TO any efforts made by YOU to obtain, license or purchase the rights to any toy design or idea, including, but not limited to, fashion dolls, that YOU did not intend to exploit or develop.

**REQUEST NO. 744**

All DOCUMENTS REFERRING OR RELATING TO any efforts made by YOU to obtain, license or purchase the rights to any female fashion doll, design or idea that YOU did intend to exploit or develop.

**REQUEST NO. 745**

All DOCUMENTS REFERRING OR RELATING TO the material terms of any licenses, from January 1, 1995 to the present, between YOU and any PERSON, including but not limited to any freelancer or any MATTEL employee, that created the original idea, drawings, or designs for any toy, including, but not limited to,

Exhibit 34 - Page 1327

1  fashion dolls, ever sold by YOU, including but not limited to the royalty rate,
2  duration, exclusivity, or territorial restrictions of any such licenses.

3

4  **REQUEST NO. 746**

5      All DOCUMENTS REFERRING OR RELATING TO the material terms of
6  any licenses, from January 1, 1995 to the present, in which YOU granted to any
7  PERSON the rights to manufacture, market and sell any doll or toy racing vehicle
8  based on any idea, design, or intellectual property that was created by any of YOUR
9  employees but that YOU did not intend to exploit or develop.
10

11  **REQUEST NO. 747**
12
13      All DOCUMENTS REFERRING OR RELATING TO any consideration
14  given by YOU to seeking a royalty for the manufacture and sale of BRATZ from any
15  PERSON including, but not limited to MGA, LARIAN or BRYANT.

16

17  **REQUEST NO. 748**
18
19      All DOCUMENTS REFERRING OR RELATING TO the design,
20  development, conception, creation, origins or sources of inspiration for the
21  GLAMERMAIDS, including, without limitation, the purpose for which
22  GLAMERMAIDS were created and whether BRATZ was a source of inspiration for
23  or factor in the development of GLAMERMAIDS.

24

25  **REQUEST NO. 749**
26      All DOCUMENTS REFERRING OR RELATING TO the decision to
27  discontinue development of or not to sell GLAMERMAIDS.

28

**REQUEST NO. 750**

All DOCUMENTS REFERRING OR RELATING TO the decision to develop, revise, refresh or use GLAMERMAIDS in the development of MY SCENE.

**REQUEST NO. 751**

All DOCUMENTS REFERRING OR RELATING TO the selection, approval process, design and development of the GLAMERMAIDS products and themes, including but not limited to any design drawings, MARKET RESEARCH, and product approval memos.

**REQUEST NO. 752**

All DOCUMENTS REFERRING OR RELATING TO YOUR awareness or knowledge of BRATZ during the creation, design and development of GLAMERMAIDS.

**REQUEST NO. 753**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between BRATZ and GLAMERMAIDS.

**REQUEST NO. 754**

All DOCUMENTS REFERRING OR RELATING TO whether GLAMERMAIDS copy, replicate, or in any way imitate BRATZ.

Exhibit 34 - Page 1329

**REQUEST NO. 755**

All DOCUMENTS REFERRING OR RELATING TO actual or potential confusion or otherwise evidencing confusion (including, but not limited to, confusion among consumers, RETAILERS, distributors, licensees or members of the press) between GLAMERMAIDS and BRATZ.

**REQUEST NO. 756**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all current and former MATTEL personnel and/or freelancers comprising the primary team that worked on the creation, design and development of the GLAMERMAIDS products, commercials, themes and logo.

**REQUEST NO. 757**

All DOCUMENTS REFERRING OR RELATING TO your belief or claim (if any) that MGA copied GLAMERMAIDS (or any other mermaid doll), LITTLE MOMMY, Razor Scooter and Vespa Scooter Shannen or any other product, including but not limited to the allegations reported to you on January 28, 2003.

**REQUEST NO. 758**

All DOCUMENTS REFFERRING OR RELATING TO any investigation, underlying facts, outcomes, and any action taken by MATTEL relating to investigations by MATTEL into claims or allegations that MGA stole MATTEL's proprietary information, including but not limited to the investigation relating to the allegations RELATING to GLAMERMAIDS (or any other mermaid doll), LITTLE

Exhibit 34 - Page 1330

1  MOMMY, Razor Scooter and Vespa Scooter Shannen, or any other product reported
2  to you on January 28, 2003.

3

4  **REQUEST NO. 759**

5      All DOCUMENTS REFERRING OR RELATING TO the departure of Jorge
6  Castilla from MATTEL, including but not limited to any MATTEL exit interview
7  forms, surveys, questionnaires, agreements, or other documents Castilla completed
8  on or near the date of his departure from MATTEL.
9

10

11 **REQUEST NO. 760**

12     All DOCUMENTS REFERRING OR RELATING TO MGA's recruitment or
13 hiring of Jorge Castilla, including but not limited to all employment agreements and
14 any agreements relating to confidentiality or non-disclosure of MATTEL
15 information.

16

17 **REQUEST NO. 761**

18     All DOCUMENTS REFERRING OR RELATING TO any taking of
19 confidential or proprietary MATTEL information by Jorge Castilla, including but not
20 limited to forensic reports, Guidance software reports, or computer imaging reports.
21

22

23 **REQUEST NO. 762**

24     All COMMUNICATIONS between YOU (including YOUR agents and
25 attorneys) and law enforcement authorities, including but not limited to the United
26 States Attorney's Office or other federal, state or local law enforcement agencies,
27 concerning or relating to Jorge Castilla.

28

Exhibit 34 - Page 1331

**REQUEST NO. 763**

All DOCUMENTS YOU (including YOUR agents and attorneys) provided to law enforcement authorities, including but not limited to the United States Attorney's Office or other federal, state or local law enforcement agencies, concerning or relating to Jorge Castilla.

**REQUEST NO. 764**

DOCUMENTS sufficient to show the names of all folders under S:\MATTEL that REFER OR RELATE to BRYANT, LARIAN, MGA, BRATZ, or BRAWER.

**REQUEST NO. 765**

All files in the folder S:\Mattel\Larian not previously produced.

Exhibit 34 - Page 1332

**REQUEST NO. 766**

To the extent not already produced, all DOCUMENTS IDENTIFIED or
referenced in any of YOUR interrogatory responses.

DATED:        November 29, 2007

                                SKADDEN, ARPS, SLATE, MEAGHER &
                                FLOM, LLP


                                *Robert J. Herrington*
                                Robert J. Herrington

                                Attorneys for Counter-Defendants, MGA
                                ENTERTAINMENT, INC., ISAAC LARIAN,
                                MGA ENTERTAINMENT (HK) LIMITED,
                                AND MGAE de MEXICO S.R.L. de C.V.

Exhibit 34 - Page 1333