# Exhibit 38

CALENDARED
RECEIVED
DEC 2 8 2007

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><hr>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**MGA'S EIGHTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727**<br><br>Honorable Stephen G. Larson<br>Courtroom 1 |

PROPOUNDING PARTY: MGA ENTERTAINMENT, INC.

RESPONDING PARTY: MATTEL, INC.

SET NUMBER: EIGHT

NOs.: 770-797

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on January 28, 2007, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Los Angeles, California 90071.

## DEFINITIONS

As used in these Requests:

1. "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel v. Bryant, Inc., first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

2. "ADVERTISING" means and refers to notice that is broadcast or published by MGA or any person, agent or representative acting on its behalf to the general public or any specific market segments for the purpose of attracting customers or supporters and includes material placed on the internet, at trade shows or at a point of sale.

3. "ALLEGED COPYRIGHTED WORKS" means the copyrighted works alleged in paragraph 83 of MATTEL'S Second Amended Answer in Case No. 05-2727 and Counterclaim in THIS ACTION.

4. "BARBIE" means and refers to each image, character, logo, doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "Barbie."

5.   "BRATZ" means and refers to each image, character, logo, doll, fashion doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress.

6.   "BRYANT" means Carter Bryant individually.

7.   "COLLECTIBLES GROUP" means "Barbie Collectibles" as understood by Lisa S. Freed in her deposition of May 3, 2007, referenced at 128:18-25.

8.   "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail. Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

9.   "CONFLICT OF INTEREST QUESTIONNAIRE" shall mean any form of employment agreement concerning, *inter alia*, relations, if any, between Mattel's employees, suppliers, and/or competition, whether known by the title "Conflict of Interest Questionnaire" or any other title, including without limitation the form of Conflict of Interest Questionnaire entitled "Conflict of Interest Questionnaire" executed by BRYANT on or about January 4, 1999.

10.   "COUNTERCLAIMS" or "COUNTERCLAIM" means Mattel, Inc.'s Second Amended Answer and Counterclaims for: 1. Copyright Infringement; 2. Violation of the Racketeer Influenced and Corrupt Organizations Act; 3. Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act; 4. Misappropriation of Trade Secrets; 5. Breach of Contract; 6. Intentional Interference

with Contract; 7. Breach of Fiduciary Duty; 8. Aiding and Abetting Breach of Fiduciary Duty; 9. Breach of Duty of Loyalty; 10. Aiding and Abetting Breach of Duty of Loyalty; 11. Conversion; 12. Unfair Competition; and 13. Declaratory Relief filed July 12, 2007, in MGA v. Mattel, Inc., CV 05-02727, including any amendment or supplement thereto.

11. "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic

mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conference, by telephone or otherwise. The term DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

12. "EMPLOYEE INVENTIONS AGREEMENT" shall mean any form of Mattel employment agreement concerning, *inter alia*, (i) ownership of inventions, (ii) trade secrets and/or (iii) conflicts, whether known by the title "Employee Confidential Information and Inventions Agreement" or any other title, including without limitation the form of Employee Inventions Agreement entitled "Employee Confidential Information and Inventions Agreement" executed by BRYANT on or about January 4, 1999.

13. "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

14. "MATTEL," "YOU," or "YOUR" means the party Mattel, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

15. "MATTEL'S INITIAL DISCLOSURES" means Mattel, Inc.'s Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims, and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims Against Bryant and MGA, dated January 5, 2007 and any supplemental or amendment thereto.

16. "MATTEL LITIGATION" shall mean the action now pending in the U.S. District Court for the Central District of California (Eastern District), consolidated under Case No. 04-9049 SGL (RNBx) before the Hon. Stephen Larson and formerly <u>Mattel v. Bryant, Inc.</u>, first filed in Los Angeles County Superior Court;

Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

17. "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

18. "MGA LAWSUIT" means any lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party, excluding this ACTION.

19. "MY SCENE" means and refers to each image, character, logo, doll, fashion doll, toy, styling head, plush toy, play set, accessory, product, packaging or any other thing that is or has ever been manufactured, marketed or sold by YOU, or others under licensed by YOU, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name "My Scene."

20. "MY SCENE DOLL" means any fashion doll that is or has ever been distributed, marketed, sold or offered for sale under the name "My Scene" or as part of the "My Scene" line, including separate themes.

21. "MY SCENE LICENSE" means any license that REFERS OR RELATES TO any MY SCENE PRODUCT.

22. "MY SCENE PRODUCT" means any product, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form: (i) that is or has ever been distributed, marketed or sold under the name "My Scene" or as part of the "My Scene" line; (ii) that depicts, incorporates, embodies, consists of or REFERS OR RELATES TO MY SCENE; and/or (iii) that is or has ever been distributed, marketed or sold in any packaging that includes the name "My Scene" or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO MY SCENE.

23. "PERSON[S]" means any or all entities, including but not limited to, any or all individuals, single proprietorships, associations, companies, firms,

partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

24. "REFERRING OR RELATING TO" should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

25. "RELEVANT TIME PERIOD" means the period from January 1, 1998 through the present.

26. "SKU #" means Stock Keeping Unit number.

27. "S:\MATTEL" means MATTEL's file server(s) on which electronic files are kept, including, but not limited to, pathways such as file://S:\Mattel\Larian\Larian%202000-2002.htm.

28. "THIS ACTION" refers to the MATTEL LITIGATION, including *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed on April 27, 2004 and all cases consolidated or coordinated therewith.

29. The singular form includes the plural, and vice versa.

30. The terms "any" and "all" are interchangeable.

31. The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

## INSTRUCTIONS

1. YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control. A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter,

1. YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2. YOU are instructed to produce all non-privileged DOCUMENTS responsive to these Requests to the extent YOU have not previously produced them to MGA.

3. If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full.

4. Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized, separated, or identified.

5. Each DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner.

6. Unless otherwise noted, these Requests seek DOCUMENTS from January 1, 1995, to the present.

7. These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 770**

All EMPLOYEE INVENTIONS AGREEMENTS signed by any person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS ACTION.

**REQUEST NO. 771**

All CONFLICT OF INTEREST QUESTIONNAIRES signed by any person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS ACTION.

**REQUEST NO. 772**

All DOCUMENTS REFERRING OR RELATING TO any instance in which any provision of an EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be breached by any person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS ACTION.

**REQUEST NO. 773**

All DOCUMENTS REFERRING OR RELATING TO any instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or

alleged to be breached by any person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS ACTION.

**REQUEST NO. 774**

The complete MATTEL personnel file for each PERSON identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS ACTION.

**REQUEST NO. 775**

All dolls, models, molds, casts, samples, packaging, ADVERTISING, photographs, CDs, DVDs, tapes, or other tangible items or things that comprise or relate to a BRATZ product or accessory.

**REQUEST NO. 776**

All DOCUMENTS REFERRING OR RELATING to any purchase or acquisition by MATTEL of a BRATZ product or accessory, including but not limited to, all invoices, receipts, and purchase orders.

**REQUEST NO. 777**

All DOCUMENTS REFERRING OR RELATING TO MATTEL'S solicitation of and/or request for a presentation, proposal, bid and/or pitch relating to the advertising, marketing, and/or branding of MATTEL'S MY SCENE brand from Young & Rubicam Brands.

**REQUEST NO. 778**

All DOCUMENTS REFERRING OR RELATING TO MATTEL'S solicitation of and/or request for a presentation, proposal, bid and/or pitch relating to the advertising, marketing, and/or branding of MATTEL'S MY SCENE brand from any branding, advertising, or marketing agency.

**REQUEST NO. 779**

All DOCUMENTS REFERRING OR RELATING TO a presentation, proposal, bid and/or pitch made by Young & Rubicam Brands to MATTEL in the fall of 2003 in connection with MATTEL'S review and/or selection of an advertising agency for Mattel's MY SCENE brand.

**REQUEST NO. 780**

All DOCUMENTS REFERRING OR RELATING TO a presentation, proposal, bid and/or pitch made by any branding, advertising, or marketing agency to

MATTEL in connection with MATTEL'S review and/or selection of an advertising agency for Mattel's MY SCENE brand.

**REQUEST NO. 781**

All litigation documents filed and/or served by any of the parties in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG</u>, HC 03 CO 2684 (High Court of Justice, Chancery Division), including but not limited to pleadings, motions, briefs, discovery responses, disclosures, and expert reports.

**REQUEST NO. 782**

MATTEL'S trial presentation materials (including any and all demonstrative exhibits) in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG</u>, HC 03 CO 2684 (High Court of Justice, Chancery Division), including but not limited to Mattel, Inc.'s trial exhibits or presentations relating to similarities and/or differences between the various dolls at issue in said litigation.

**REQUEST NO. 783**

Documents identified as Exhibits 31, 32, 33, and 34 in the "Index to Bundle 6 Claimant's Disclosure" (M0097406- M0097408) in <u>Mattel, Inc. v. Woolbro</u>

(Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG, HC 03 CO 2684 (High Court of Justice, Chancery Division).

**REQUEST NO. 784**

All transcripts for each day and/or portion of a day of trial and/or analogous proceeding before the court in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG</u>, HC 03 CO 2684 (High Court of Justice, Chancery Division).

**REQUEST NO. 785**

One sample, including packaging, of each of the following dolls sold in MATTEL'S MY SCENE line for each of the years 2001-2007: Barbie, Madison, Kennedy, Chelsea, Nolee, Kenzie, and Delancey.

**REQUEST NO. 786**

All DOCUMENTS REFERRING OR RELATING TO the Young and Rubicam Brand Asset Valuator, or any other valuation of the BARBIE, MY SCENE or BRATZ brand.

**REQUEST NO. 787**

All DOCUMENTS REFERRING OR RELATING to any survey, focus group, consumer research or other market research (whether conducted by MATTEL or any third party) concerning MY SCENE, BRATZ, or BARBIE, including but not limited to the focus groups discussed on page 114 of the deposition of Kumi Croom and the consumer research conducted by Mattel Worldwide Consumer Research group (or any third party) discussed beginning on page 132 of the deposition of Kumi Croom.

**REQUEST NO. 788**

All ad test reports (or other similar reports evaluating the efficacy of advertising) regarding any MY SCENE or BRATZ product, including but not limited to the ad test reports referenced on pages 118-129 of the deposition of Kumi Croom.

**REQUEST NO. 789**

All DOCUMENTS REFERRING OR RELATING TO any investigation or surveillance of MGA, BRATZ, Carter Bryant, any member of Carter Bryant's family, Isaac Larian, any member of Isaac Larian's family, Jeanne Galvano, or Richard Irmen, including but not limited to all investigative files, reports and summaries.

**REQUEST NO. 790**

All DOCUMENTS REFERRING OR RELATING TO any interpretation by Mattel, or position taken by MATTEL regarding the meaning, of the EMPLOYEE INVENTIONS AGREEMENT.

**REQUEST NO. 791**

All DOCUMENTS REFERRING OR RELATING TO any interpretation by Mattel, or position taken by MATTEL regarding the meaning, of the CONFLICT OF INTEREST QUESTIONNAIRE.

**REQUEST NO. 792**

All DOCUMENTS REFERRING OR RELATING TO any trademark search or trademark clearance concerning products ultimately offered for sale under the MY SCENE brand, including but not limited to any trademark search for "Bryant" or "Carter" or "Carter Bryant."

**REQUEST NO. 793**

All DOCUMENTS REFERRING OR RELATING TO any patent, trademark, or copyright application or registration concerning products ultimately offered for sale under the MY SCENE brand.
MGA'S EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS   NO. CV 05-2727 SGL (RNBx)
14
Exhibit 38 - Page 1517

**REQUEST NO. 794**

All DOCUMENTS REFERRING OR RELATING TO any patent, trademark or copyright application or registration concerning any BRATZ product, including but not limited to the ALLEGED COPYRIGHTED WORKS.

**REQUEST NO. 795**

Copies of the deposit materials for the ALLEGED COPYRIGHTED WORKS.

**REQUEST NO. 796**

All DOCUMENTS REFERRING OR RELATING TO any ADVERTISING for any of MGA's BRATZ line of dolls or accessories that YOU contend infringe MATTEL's copyrights.

**REQUEST NO. 797**

All DOCUMENTS REFERRING OR RELATING TO any alleged misrepresentations by MGA or Isaac Larian or any alleged disparagement of YOUR company, goods, products or services as alleged in paragraphs 79 through 81 of YOUR COUNTERCLAIMS.

DATED: December 28, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

_____
Robert J. Herrington

Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.