# Exhibit 39

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                     Plaintiff,<br><br>          v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>                     Defendant, | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>MATTEL'S RESPONSES TO MGA'S EIGHTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727 |
| AND CONSOLIDATED ACTIONS. | |

07209/2369511.1

**Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Eighth Set of Requests for the Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other Request.

**General Objections**

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.    Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.    Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work-product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege. Mattel will not produce such privileged documents.

3.     Mattel objects to the Requests on the grounds and to the extent they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

4.     Mattel objects to the Requests on the grounds and to the extent they seek information which is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Mattel objects to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of defendants.

6.     Mattel objects to the Requests on the ground and to the extent they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties or would violate the terms of any agreement or contracts with third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.

7.     Mattel objects to the Requests on the grounds that the definitions of the terms "ADVERTISING," "BARBIE," "BRATZ," "COLLECTIBLES GROUP," "CONFLICT OF INTEREST QUESTIONNAIRE," "DOCUMENTS," "EMPLOYEE INVENTIONS AGREEMENT," "MATTEL," "MGA," "MGA LAWSUIT," "MY SCENE," "MY SCENE DOLL," "MY SCENE LICENSE," "MY SCENE PRODUCT," and "S:\MATTEL" are overbroad, vague and ambiguous and unduly burdensome, and extend beyond those products and matters placed at issue in this litigation.

8.     Mattel objects to each and every Request to the extent that it seeks documents already produced in this action.  Documents which have already been produced will not be produced again in response to these Requests.

9.     An objection to the production of any document or category of documents described in the Requests, or agreement to produce any such documents, is not and shall not be construed as an admission by Mattel that any such documents or category of documents exist.

-2-

1         10.    Mattel objects to the time, place and manner of production

2    specified in the Requests.  Mattel will produce such responsive, non-privileged

3    documents and tangible things, if any, and to the extent not previously produced, in

4    accordance with its responses at a time and place and in a manner that is reasonable,

5    convenient and mutually agreed upon by the parties.

6

7              **RESPONSES TO REQUESTS FOR DOCUMENTS AND THINGS**

8

9    **REQUEST FOR PRODUCTION NO. 770:**

10        All EMPLOYEE INVENTIONS AGREEMENTS signed by any

11   person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S

12   response(s) to any interrogatory served in THIS ACTION.

13

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 770:**

15        In addition to the General Objections stated above which are

16   incorporated herein by reference, Mattel objects to this Request on the grounds that

17   it seeks documents that are not relevant to this action or likely to lead to the

18   discovery of admissible evidence.  Mattel further objects to this Request on the

19   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

20   and annoy Mattel, including in that it seeks documents on this subject regardless of

21   whether such documents relate to matters at issue in this case or time periods at

22   issue in this action.  Mattel further objects to this Request on the grounds that it is

23   cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

24   Request on the grounds that it seeks confidential, proprietary and trade secret

25   information, including such information that has no bearing on the claims or

26   defenses in this case.  Mattel further objects to this Request on the grounds that it is

27   an attempt to circumvent the Discovery Master's September 12, 2007 Order

28   determining that the requested documents are irrelevant and/or that such requests are

-3-

1  improper.  Mattel further objects to the Request on the grounds that Defendants have

2  withdrawn all defenses relating to the enforceability or unenforceability of Carter

3  Bryant's agreements with Mattel.  Mattel further objects to the use of the term

4  "EMPLOYEE INVENTIONS AGREEMENT" in this context as vague and

5  ambiguous.  Mattel further objects to this Request to the extent that it calls for the

6  disclosure of information subject to the attorney-client privilege, the attorney work-

7  product doctrine and other applicable privileges.

8          Based on the foregoing, and without waiving the above general and

9  specific objections, Mattel states that, other than those documents that is has

10  produced pursuant to other requests, Mattel will not produce documents responsive

11  to this Request.

12

13  **REQUEST FOR PRODUCTION NO. 771:**

14          All CONFLICT OF INTEREST QUESTIONNAIRES signed by any

15  person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S

16  response(s) to any interrogatory served in THIS ACTION.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 771:**

19          In addition to the General Objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it seeks documents that are not relevant to this action or likely to lead to the

22  discovery of admissible evidence.  Mattel further objects to this Request on the

23  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

24  and annoy Mattel, including in that it seeks documents on this subject regardless of

25  whether such documents relate to matters at issue in this case or time periods at

26  issue in this action.  Mattel further objects to this Request on the grounds that it is

27  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

28  Request on the grounds that it seeks confidential, proprietary and trade secret

1 | information, including such information that has no bearing on the claims or

2 | defenses in this case.  Mattel further objects to this Request on the grounds that it is

3 | an attempt to circumvent the Discovery Master's September 12, 2007 Order

4 | determining that the requested documents are irrelevant and/or that such requests are

5 | improper.  Mattel further objects to the Request on the grounds that Defendants have

6 | withdrawn all defenses relating to the enforceability or unenforceability of Carter

7 | Bryant's agreements with Mattel.  Mattel further objects to the use of the term

8 | "CONFLICT OF INTEREST QUESTIONNAIRES" in this context as vague and

9 | ambiguous.  Mattel further objects to this Request to the extent that it calls for the

10 | disclosure of information subject to the attorney-client privilege, the attorney work-

11 | product doctrine and other applicable privileges.

12 |         Based on the foregoing, and without waiving the above general and

13 | specific objections, Mattel states that, other than those documents that is has

14 | produced pursuant to other requests, Mattel will not produce documents responsive

15 | to this Request.

16 |

17 | **REQUEST FOR PRODUCTION NO. 772:**

18 |         All DOCUMENTS REFERRING OR RELATING TO any instance in

19 | which any provision of an EMPLOYEE INVENTIONS AGREEMENT was

20 | breached or alleged to be breached by any person identified in MATTEL'S INITIAL

21 | DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS

22 | ACTION.

23 |

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 772:**

25 |         In addition to the General Objections stated above which are

26 | incorporated herein by reference, Mattel objects to this Request on the grounds that

27 | it seeks documents that are not relevant to this action or likely to lead to the

28 | discovery of admissible evidence.  Mattel further objects to this Request on the

1  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

2  and annoy Mattel, including in that it seeks documents on this subject regardless of

3  whether such documents relate to matters at issue in this case or time periods at

4  issue in this action.  Mattel further objects to this Request on the grounds that it is

5  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

6  Request on the grounds that it seeks confidential, proprietary and trade secret

7  information, including such information that has no bearing on the claims or

8  defenses in this case.  Mattel further objects to this Request on the grounds that it is

9  an attempt to circumvent the Discovery Master's September 12, 2007 Order

10  determining that the requested documents are irrelevant and/or that such requests are

11  improper.  Mattel further objects to the Request on the grounds that Defendants have

12  withdrawn all defenses relating to the enforceability or unenforceability of Carter

13  Bryant's agreements with Mattel.  Mattel further objects to the use of the terms

14  "EMPLOYEE INVENTIONS AGREEMENT" and "was breached or alleged to be

15  breached" in this context as vague and ambiguous.  Mattel further objects to this

16  Request to the extent that it calls for the disclosure of information subject to the

17  attorney-client privilege, the attorney work-product doctrine and other applicable

18  privileges.

19          Based on the foregoing, and without waiving the above general and

20  specific objections, Mattel states that, other than those documents that is has

21  produced pursuant to other requests, Mattel will not produce documents responsive

22  to this Request.

23

24  **REQUEST FOR PRODUCTION NO. 773:**

25          All DOCUMENTS REFERRING OR RELATING TO any instance in

26  which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was

27  breached or alleged to be breached by any person identified in MATTEL'S INITIAL

28

1 DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS

2 ACTION.

3

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 773:**

5          In addition to the General Objections stated above which are

6 incorporated herein by reference, Mattel objects to this Request on the grounds that

7 it seeks documents that are not relevant to this action or likely to lead to the

8 discovery of admissible evidence.  Mattel further objects to this Request on the

9 grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

10 and annoy Mattel, including in that it seeks documents on this subject regardless of

11 whether such documents relate to matters at issue in this case or time periods at

12 issue in this action.  Mattel further objects to this Request on the grounds that it is

13 cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

14 Request on the grounds that it seeks confidential, proprietary and trade secret

15 information, including such information that has no bearing on the claims or

16 defenses in this case.  Mattel further objects to this Request on the grounds that it is

17 an attempt to circumvent the Discovery Master's September 12, 2007 Order

18 determining that the requested documents are irrelevant and/or that such requests are

19 improper.  Mattel further objects to the Request on the grounds that Defendants have

20 withdrawn all defenses relating to the enforceability or unenforceability of Carter

21 Bryant's agreements with Mattel.  Mattel further objects to the use of the terms

22 "CONFLICT OF INTEREST QUESTIONNAIRE" and "was breached or alleged to

23 be breached" in this context as vague and ambiguous.  Mattel further objects to this

24 Request to the extent that it calls for the disclosure of information subject to the

25 attorney-client privilege, the attorney work-product doctrine and other applicable

26 privileges.

27          Based on the foregoing, and without waiving the above general and

28 specific objections, Mattel states that, other than those documents that is has

1  produced pursuant to other requests, Mattel will not produce documents responsive

2  to this Request.

3

4  **REQUEST FOR PRODUCTION NO. 774:**

5      The complete MATTEL personnel file for each PERSON identified in

6  MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any

7  interrogatory served in THIS ACTION.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 774:**

10      In addition to the General Objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it seeks documents that are not relevant to this action or likely to lead to the

13  discovery of admissible evidence.  Mattel further objects to this Request on the

14  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

15  and annoy Mattel, including in that it seeks documents on this subject regardless of

16  whether such documents relate to matters at issue in this case or time periods at

17  issue in this action.  Mattel further objects to this Request on the grounds that it is

18  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

19  Request on the grounds that it seeks confidential, proprietary and trade secret

20  information, including such information that has no bearing on the claims or

21  defenses in this case.  Mattel further objects to this Request on the grounds that it

22  seeks documents protected by non-parties' rights of privacy, in violation of federal

23  and state law.  Mattel further objects to this Request to the extent that it calls for the

24  disclosure of information subject to the attorney-client privilege, the attorney work-

25  product doctrine and other applicable privileges.

26      Based on the foregoing, and without waiving the above general and

27  specific objections, Mattel states that, other than those documents that is has

28

1  produced pursuant to other requests, Mattel will not produce documents responsive
2  to this Request.
3
4  **REQUEST FOR PRODUCTION NO. 775:**
5          All dolls, models, molds, casts, samples, packaging, ADVERTISING,
6  photographs, CDs, DVDs, tapes, or other tangible items or things that comprise or
7  relate to a BRATZ product or accessory.
8
9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 775:**
10         In addition to the General Objections stated above which are
11  incorporated herein by reference, Mattel objects to this Request on the grounds that
12  it seeks documents that are not relevant to this action or likely to lead to the
13  discovery of admissible evidence.  Mattel further objects to this Request on the
14  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass
15  and annoy Mattel, including in that it seeks documents on this subject regardless of
16  whether such documents relate to products or matters at issue in this case or time
17  periods at issue in this action.  Mattel further objects to this Request on the grounds
18  that it is cumulative, duplicates prior requests and is harassing.  Mattel further
19  objects to this Request on the grounds that it is an attempt to circumvent the
20  Discovery Master's May 22, 2007 Order determining that the requested documents
21  are irrelevant and/or that such requests are improper.  Mattel further objects to this
22  Request on the grounds that it seeks confidential, proprietary and trade secret
23  information, including such information that has no bearing on the claims or
24  defenses in this case.  Mattel further objects to the use of the terms
25  "ADVERTISING" and "BRATZ" in this context as vague and ambiguous.  Mattel
26  further objects to this Request to the extent that it calls for the disclosure of
27  information subject to the attorney-client privilege, the attorney work-product
28  doctrine and other applicable privileges.

1  **REQUEST FOR PRODUCTION NO. 776:**

2        All DOCUMENTS REFERRING OR RELATING to any purchase or

3  acquisition by MATTEL of a BRATZ product or accessory, including but not

4  limited to, all invoices, receipts, and purchase orders.

5

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 776:**

7        In addition to the General Objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it seeks documents that are not relevant to this action or likely to lead to the

10  discovery of admissible evidence.  Mattel further objects to this Request on the

11  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

12  and annoy Mattel, including in that it seeks documents on this subject regardless of

13  whether such documents relate to products or matters at issue in this case or time

14  periods at issue in this action.  Mattel further objects to this Request on the grounds

15  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

16  objects to this Request on the grounds that it is an attempt to circumvent the

17  Discovery Master's May 22, 2007 Order determining that the requested documents

18  are irrelevant and/or that such requests are improper.  Mattel further objects to this

19  Request on the grounds that it seeks confidential, proprietary and trade secret

20  information, including such information that has no bearing on the claims or

21  defenses in this case.  Mattel further objects to the use of the term "BRATZ" in this

22  context as vague and ambiguous.  Mattel further objects to this Request to the extent

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.

25

26  **REQUEST FOR PRODUCTION NO. 777:**

27        All DOCUMENTS REFERRING OR RELATING TO MATTEL'S

28  solicitation of and/or request for a presentation, proposal, bid and/or pitch relating to

1  the advertising, marketing, and/or branding of MATTEL'S MY SCENE brand from

2  Young & Rubicam Brands.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 777:**

5           In addition to the General Objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it seeks documents that are not relevant to this action or likely to lead to the

8  discovery of admissible evidence.  Mattel further objects to this Request on the

9  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

10  and annoy Mattel, including in that it seeks documents on this subject regardless of

11  whether such documents relate to products or matters at issue in this case or time

12  periods at issue in this action.  Mattel further objects to this Request on the grounds

13  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

14  objects to this Request on the grounds that it seeks confidential, proprietary and

15  trade secret information, including such information that has no bearing on the

16  claims or defenses in this case.  Mattel further objects to the use of the term

17  "MATTEL'S MY SCENE" in this context as vague and ambiguous.  Mattel further

18  objects to this Request on the grounds it is convoluted, compound and unintelligible.

19  Mattel further objects to this Request to the extent that it calls for the disclosure of

20  information subject to the attorney-client privilege, the attorney work-product

21  doctrine and other applicable privileges.

22           Subject to and without waiving the foregoing objections, Mattel

23  responds as follows:  To the extent not previously produced, Mattel will produce

24  those responsive, non-privileged documents that it was able to locate after a

25  reasonable, good-faith search for and review of files that were reasonably likely to

26  contain responsive documents bearing on the issues in this litigation.

27

28

1  **REQUEST FOR PRODUCTION NO. 778:**

2        All DOCUMENTS REFERRING OR RELATING TO MATTEL'S

3  solicitation of and/or request for a presentation, proposal, bid and/or pitch relating to

4  the advertising, marketing, and/or branding of MATTEL'S MY SCENE brand from

5  any branding, advertising, or marketing agency.

6

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 778:**

8        In addition to the General Objections stated above which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it seeks documents that are not relevant to this action or likely to lead to the

11  discovery of admissible evidence.  Mattel further objects to this Request on the

12  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

13  and annoy Mattel, including in that it seeks documents on this subject regardless of

14  whether such documents relate to products or matters at issue in this case or time

15  periods at issue in this action.  Mattel further objects to this Request on the grounds

16  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

17  objects to this Request on the grounds that it seeks confidential, proprietary and

18  trade secret information, including such information that has no bearing on the

19  claims or defenses in this case.  Mattel further objects to this Request on the grounds

20  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

21  determining that the requested documents are irrelevant and/or that such requests are

22  improper.  Mattel further objects to the use of the term "MATTEL'S MY SCENE"

23  in this context as vague and ambiguous.  Mattel further objects to this Request on

24  the grounds it is convoluted, compound and unintelligible.  Mattel further objects to

25  this Request to the extent that it calls for the disclosure of information subject to the

26  attorney-client privilege, the attorney work-product doctrine and other applicable

27  privileges.

28

07209/2369511.1

1   Based on the foregoing, and without waiving the above general and

2   specific objections, Mattel states that, other than those documents that is has

3   produced pursuant to other requests, Mattel will not produce documents responsive

4   to this Request.

5

6   **REQUEST FOR PRODUCTION NO. 779:**

7   All DOCUMENTS REFERRING OR RELATING TO a presentation,

8   proposal, bid and/or pitch made by Young & Rubicam Brands to MATTEL in the

9   fall of 2003 in connection with MATTEL'S review and/or selection of an

10   advertising agency for Mattel's MY SCENE brand.

11

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 779:**

13   In addition to the General Objections stated above which are

14   incorporated herein by reference, Mattel objects to this Request on the grounds that

15   it seeks documents that are not relevant to this action or likely to lead to the

16   discovery of admissible evidence.  Mattel further objects to this Request on the

17   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

18   and annoy Mattel, including in that it seeks documents on this subject regardless of

19   whether such documents relate to products or matters at issue in this case or time

20   periods at issue in this action.  Mattel further objects to this Request on the grounds

21   that it is cumulative, duplicates prior requests and is harassing.  Mattel further

22   objects to this Request on the grounds that it seeks confidential, proprietary and

23   trade secret information, including such information that has no bearing on the

24   claims or defenses in this case.  Mattel further objects to this Request to the extent

25   that it calls for the disclosure of information subject to the attorney-client privilege,

26   the attorney work-product doctrine and other applicable privileges.

27   Subject to and without waiving the foregoing objections, Mattel

28   responds as follows:  To the extent not previously produced, Mattel will produce

1  those responsive, non-privileged documents that it was able to locate after a

2  reasonable, good-faith search for and review of files that were reasonably likely to

3  contain responsive documents bearing on the issues in this litigation.

4

5  **REQUEST FOR PRODUCTION NO. 780:**

6          All DOCUMENTS REFERRING OR RELATING TO a presentation,

7  proposal, bid and/or pitch made by any branding, advertising, or marketing agency

8  to MATTEL in connection with MATTEL'S review and/or selection of an

9  advertising agency for Mattel's MY SCENE brand.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 780:**

12          In addition to the General Objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it seeks documents that are not relevant to this action or likely to lead to the

15  discovery of admissible evidence. Mattel further objects to this Request on the

16  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

17  and annoy Mattel, including in that it seeks documents on this subject regardless of

18  whether such documents relate to products or matters at issue in this case or time

19  periods at issue in this action. Mattel further objects to this Request on the grounds

20  that it is cumulative, duplicates prior requests and is harassing. Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case. Mattel further objects to this Request on the grounds

24  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

25  determining that the requested documents are irrelevant and/or that such requests are

26  improper. Mattel further objects to the use of the term "Mattel's MY SCENE" in

27  this context as vague and ambiguous. Mattel further objects to this Request on the

28  grounds it is convoluted, compound and unintelligible. Mattel further objects to this

1  Request to the extent that it calls for the disclosure of information subject to the

2  attorney-client privilege, the attorney work-product doctrine and other applicable

3  privileges.

4      Based on the foregoing, and without waiving the above general and

5  specific objections, Mattel states that, other than those documents that is has

6  produced pursuant to other requests, Mattel will not produce documents responsive

7  to this Request.

8

9  **REQUEST FOR PRODUCTION NO. 781:**

10     All litigation documents filed and/or served by any of the parties in

11  Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba

12  Toys GMBH & Co KG, HC 03 CO 2684 (High Court of Justice, Chancery

13  Division), including but not limited to pleadings, motions, briefs, discovery

14  responses, disclosures, and expert reports.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 781:**

17     In addition to the General Objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it seeks documents that are not relevant to this action or likely to lead to the

20  discovery of admissible evidence.  Mattel further objects to this Request on the

21  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

22  and annoy Mattel, including in that it seeks documents on this subject regardless of

23  whether such documents relate to products or matters at issue in this case or time

24  periods at issue in this action.  Mattel further objects to this Request on the grounds

25  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

26  objects to this Request on the grounds and to the extent it seeks documents equally

27  or more available to, or already in the possession, custody or control of defendants.

28  Mattel further objects to this Request on the grounds that it seeks confidential,

1  proprietary and trade secret information, including such information that has no

2  bearing on the claims or defenses in this case.  Mattel further objects to this Request

3  on the grounds that it is an attempt to circumvent the Discovery Master's May 22,

4  2007 Order determining that the requested documents are irrelevant and/or that such

5  requests are improper.  Mattel further objects to this Request on the grounds it is

6  convoluted, compound and unintelligible.  Mattel further objects to this Request to

7  the extent that it calls for the disclosure of information subject to the attorney-client

8  privilege, the attorney work-product doctrine and other applicable privileges.

9          Based on the foregoing, and without waiving the above general and

10  specific objections, Mattel states that, other than those documents that is has

11  produced pursuant to other requests, Mattel will not produce documents responsive

12  to this Request.

13

14  **REQUEST FOR PRODUCTION NO. 782:**

15          MATTEL'S trial presentation materials (including any and all

16  demonstrative exhibits) in Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys

17  (Hong Kong) Ltd, Simba Toys GMBH & Co KG, HC 03 CO 2684 (High Court of

18  Justice, Chancery Division), including but not limited to Mattel, Inc.'s trial exhibits

19  or presentations relating to similarities and/or differences between the various dolls

20  at issue in said litigation.

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 782:**

23          In addition to the General Objections stated above which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it seeks documents that are not relevant to this action or likely to lead to the

26  discovery of admissible evidence.  Mattel further objects to this Request on the

27  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

28  and annoy Mattel, including in that it seeks documents on this subject regardless of

1  whether such documents relate to products or matters at issue in this case or time

2  periods at issue in this action.  Mattel further objects to this Request on the grounds

3  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

4  objects to this Request on the grounds and to the extent it seeks documents equally

5  or more available to, or already in the possession, custody or control of defendants.

6  Mattel further objects to this Request on the grounds that it seeks confidential,

7  proprietary and trade secret information, including such information that has no

8  bearing on the claims or defenses in this case.  Mattel further objects to this Request

9  on the grounds that it is an attempt to circumvent the Discovery Master's May 22,

10  2007 Order determining that the requested documents are irrelevant and/or that such

11  requests are improper.  Mattel further objects to the use of the terms "trial

12  presentation materials" and "relating to similarities and/or differences" in this

13  context as vague and ambiguous.  Mattel further objects to this Request on the

14  grounds it is convoluted, compound and unintelligible.  Mattel further objects to this

15  Request to the extent that it calls for the disclosure of information subject to the

16  attorney-client privilege, the attorney work-product doctrine and other applicable

17  privileges.

18        Based on the foregoing, and without waiving the above general and

19  specific objections, Mattel states that, other than those documents that is has

20  produced pursuant to other requests, Mattel will not produce documents responsive

21  to this Request.

22

23  **REQUEST FOR PRODUCTION NO. 783:**

24        Documents identified as Exhibits 31, 32, 33, and 34 in the "Index to

25  Bundle 6 Claimant's Disclosure" (M0097406-M0097408) in <u>Mattel, Inc. v. Woolbro</u>

26  <u>(Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG,</u>

27  HC 03 CO 2684 (High Court of Justice, Chancery Division).

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 783:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds and to the extent it seeks documents equally or more available to, or already in the possession, custody or control of defendants. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 784:**

All transcripts for each day and/or portion of a day of trial and/or analogous proceeding before the court in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG</u>, HC 03 CO 2684 (High Court of Justice, Chancery Division).

-18-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 784:**

        In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel further objects to this Request on the grounds and to the extent it seeks documents equally or more available to, or already in the possession, custody or control of defendants.  Mattel further objects to the use of the term "and/or analogous proceeding" in this context as vague and ambiguous.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

        Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 785:**

        One sample, including packaging, of each of the following dolls sold in MATTEL'S MY SCENE line for each of the years 2001-2007:  Barbie, Madison, Kennedy, Chelsea, Nolee, Kenzie, and Delancey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 785:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel further objects to the use of the term "MATTEL'S MY SCENE line" in this context as vague and ambiguous.

Subject to and without waiving the foregoing objections, Mattel responds as follows:  Mattel will permit MGA to inspect responsive, non-privileged items that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced or made available for inspection, on a date and at a time mutually convenient to counsel for the parties.

**REQUEST FOR PRODUCTION NO. 786:**

All DOCUMENTS REFERRING OR RELATING TO the Young and Rubicam Brand Asset Valuator, or any other valuation of the BARBIE, MY SCENE or BRATZ brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 786:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the use of the term "Young and Rubicam Brand Asset Valuator" in this context as vague and ambiguous.  Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

1 | **REQUEST FOR PRODUCTION NO. 787**:

2 |        All DOCUMENTS REFERRING OR RELATING to any survey, focus

3 | group, consumer research or other market research (whether conducted by

4 | MATTEL or any third party) concerning MY SCENE, BRATZ, or BARBIE,

5 | including but not limited to the focus groups discussed on page 114 of the

6 | deposition of Kumi Croom and the consumer research conducted by Mattel

7 | Worldwide Consumer Research group (or any third party) discussed beginning on

8 | page 132 of the deposition of Kumi Croom.

9 |

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 787**:

11 |        In addition to the General Objections stated above which are

12 | incorporated herein by reference, Mattel objects to this Request on the grounds that

13 | it seeks documents that are not relevant to this action or likely to lead to the

14 | discovery of admissible evidence.  Mattel further objects to this Request on the

15 | grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

16 | and annoy Mattel, including in that it seeks documents on this subject regardless of

17 | whether such documents relate to products or matters at issue in this case or time

18 | periods at issue in this action.  Mattel further objects to this Request on the grounds

19 | that it is cumulative, duplicates prior requests and is harassing.  Mattel further

20 | objects to this Request on the grounds that it seeks confidential, proprietary and

21 | trade secret information, including such information that has no bearing on the

22 | claims or defenses in this case.  Mattel further objects to this Request on the grounds

23 | that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

24 | determining that the requested documents are irrelevant and/or that such requests are

25 | improper.  Mattel further objects to the use of the term "survey, focus group,

26 | consumer research or other market research" in this context as vague and

27 | ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,

28 | compound and unintelligible.  Mattel further objects to this Request to the extent

-22-

1   that it calls for the disclosure of information subject to the attorney-client privilege,

2   the attorney work-product doctrine and other applicable privileges.

3            Based on the foregoing, and without waiving the above general and

4   specific objections, Mattel states that, other than those documents that is has

5   produced pursuant to other requests, Mattel will not produce documents responsive

6   to this Request.

7

8   **REQUEST FOR PRODUCTION NO. 788:**

9            All ad test reports (or other similar reports evaluating the efficacy of

10  advertising) regarding any MY SCENE or BRATZ product, including but not

11  limited to the ad test reports referenced on pages 118-129 of the deposition of Kumi

12  Croom.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 788:**

15           In addition to the General Objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it seeks documents that are not relevant to this action or likely to lead to the

18  discovery of admissible evidence.  Mattel further objects to this Request on the

19  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

20  and annoy Mattel, including in that it seeks documents on this subject regardless of

21  whether such documents relate to products or matters at issue in this case or time

22  periods at issue in this action.  Mattel further objects to this Request on the grounds

23  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information, including such information that has no bearing on the

26  claims or defenses in this case.  Mattel further objects to this Request on the grounds

27  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

28  determining that the requested documents are irrelevant and/or that such requests are

-23-

1  improper.  Mattel further objects to the use of the term "ad test reports (or other

2  similar reports evaluating the efficacy of advertising)" in this context as vague and

3  ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,

4  compound and unintelligible.  Mattel further objects to this Request to the extent

5  that it calls for the disclosure of information subject to the attorney-client privilege,

6  the attorney work-product doctrine and other applicable privileges.

7          Based on the foregoing, and without waiving the above general and

8  specific objections, Mattel states that, other than those documents that is has

9  produced pursuant to other requests, Mattel will not produce documents responsive

10  to this Request.

11

12  **REQUEST FOR PRODUCTION NO. 789:**

13          All DOCUMENTS REFERRING OR RELATING TO any

14  investigation or surveillance of MGA, BRATZ, Carter Bryant, any member of

15  Carter Bryant's family, Isaac Larian, any member of Isaac Larian's family, Jeanne

16  Galvano, or Richard Irmen, including but not limited to all investigative files,

17  reports and summaries.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 789:**

20          In addition to the General Objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it seeks documents that are not relevant to this action or likely to lead to the

23  discovery of admissible evidence.  Mattel further objects to this Request on the

24  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

25  and annoy Mattel, including in that it seeks documents on this subject regardless of

26  whether such documents relate to matters at issue in this case or time periods at

27  issue in this action.  Mattel further objects to this Request on the grounds that it is

28  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

07209/2369511.1

-24-

1   Request on the grounds that it seeks confidential, proprietary and trade secret

2   information, including such information that has no bearing on the claims or

3   defenses in this case.  Mattel further objects to this Request on the grounds that it is

4   an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

5   that the requested documents are irrelevant and/or that such requests are improper.

6   Mattel further objects to the use of the terms "any investigation or surveillance of,"

7   "any member of Carter Bryan's family," and "any member of Isaac Larian's family"

8   in this context as vague and ambiguous.  Mattel further objects to this Request on

9   the grounds it is convoluted, compound and unintelligible.  Mattel further objects to

10  this Request to the extent that it calls for the disclosure of information subject to the

11  attorney-client privilege, the attorney work-product doctrine and other applicable

12  privileges.

13          Based on the foregoing, and without waiving the above general and

14  specific objections, Mattel states that, other than those documents that is has

15  produced pursuant to other requests, Mattel will not produce documents responsive

16  to this Request.

17

18  **REQUEST FOR PRODUCTION NO. 790:**

19          All DOCUMENTS REFERRING OR RELATING TO any

20  interpretation by Mattel, or position taken by MATTEL regarding the meaning, of

21  the EMPLOYEE INVENTIONS AGREEMENT.

22

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 790:**

24          In addition to the General Objections stated above which are

25  incorporated herein by reference, Mattel objects to this Request on the grounds that

26  it seeks documents that are not relevant to this action or likely to lead to the

27  discovery of admissible evidence.  Mattel further objects to this Request on the

28  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

1   and annoy Mattel, including in that it seeks documents on this subject regardless of

2   whether such documents relate to products or matters at issue in this case or time

3   periods at issue in this action.  Mattel further objects to this Request on the grounds

4   that it is cumulative, duplicates prior requests and is harassing.  Mattel further

5   objects to this Request on the grounds that it seeks confidential, proprietary and

6   trade secret information, including such information that has no bearing on the

7   claims or defenses in this case.  Mattel further objects to this Request on the grounds

8   that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order

9   determining that the requested documents are irrelevant and/or that such requests are

10  improper.  Mattel further objects to the Request on the grounds that Defendants have

11  withdrawn all defenses relating to the enforceability or unenforceability of Carter

12  Bryant's agreements with Mattel.  Mattel further objects to the use of the terms "any

13  interpretation by," "position taken by," "regarding the meaning, [sic] of" and

14  "EMPLOYEE INVENTIONS AGREEMENT" in this context as vague and

15  ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,

16  compound and unintelligible.  Mattel further objects to this Request to the extent

17  that it calls for the disclosure of information subject to the attorney-client privilege,

18  the attorney work-product doctrine and other applicable privileges.

19          Based on the foregoing, and without waiving the above general and

20  specific objections, Mattel states that, other than those documents that is has

21  produced pursuant to other requests, Mattel will not produce documents responsive

22  to this Request.

23

24  **REQUEST FOR PRODUCTION NO. 791:**

25          All DOCUMENTS REFERRING OR RELATING TO any

26  interpretation by Mattel, or position taken by MATTEL regarding the meaning, of

27  the CONFLICT OF INTEREST QUESTIONNAIRE.

28

07209/2369511.1

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 791:**

2         In addition to the General Objections stated above which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it seeks documents that are not relevant to this action or likely to lead to the

5   discovery of admissible evidence.  Mattel further objects to this Request on the

6   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

7   and annoy Mattel, including in that it seeks documents on this subject regardless of

8   whether such documents relate to products or matters at issue in this case or time

9   periods at issue in this action.  Mattel further objects to this Request on the grounds

10   that it is cumulative, duplicates prior requests and is harassing.  Mattel further

11   objects to this Request on the grounds that it seeks confidential, proprietary and

12   trade secret information, including such information that has no bearing on the

13   claims or defenses in this case.  Mattel further objects to this Request on the grounds

14   that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order

15   determining that the requested documents are irrelevant and/or that such requests are

16   improper.  Mattel further objects to the Request on the grounds that Defendants have

17   withdrawn all defenses relating to the enforceability or unenforceability of Carter

18   Bryant's agreements with Mattel.  Mattel further objects to the use of the terms "any

19   interpretation by," "position taken by," "regarding the meaning, [sic] of" and

20   "CONFLICT OF INTEREST QUESTIONNAIRE" in this context as vague and

21   ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,

22   compound and unintelligible.  Mattel further objects to this Request to the extent

23   that it calls for the disclosure of information subject to the attorney-client privilege,

24   the attorney work-product doctrine and other applicable privileges.

25         Based on the foregoing, and without waiving the above general and

26   specific objections, Mattel states that, other than those documents that is has

27   produced pursuant to other requests, Mattel will not produce documents responsive

28   to this Request.

**REQUEST FOR PRODUCTION NO. 792:**

All DOCUMENTS REFERRING OR RELATING TO any trademark search or trademark clearance concerning products ultimately offered for sale under the MY SCENE brand, including but not limited to any trademark search for "Bryant" or "Carter" or "Carter Bryant."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 792:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the use of the term "concerning products ultimately offered for sale" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1    Based on the foregoing, and without waiving the above general and

2  specific objections, Mattel states that, other than those documents that is has

3  produced pursuant to other requests, Mattel will not produce documents responsive

4  to this Request.

5

6  **REQUEST FOR PRODUCTION NO. 793:**

7    All DOCUMENTS REFERRING OR RELATING TO any patent,

8  trademark, or copyright application or registration concerning products ultimately

9  offered for sale under the MY SCENE brand.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 793:**

12    In addition to the General Objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it seeks documents that are not relevant to this action or likely to lead to the

15  discovery of admissible evidence. Mattel further objects to this Request on the

16  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

17  and annoy Mattel, including in that it seeks documents on this subject regardless of

18  whether such documents relate to products or matters at issue in this case or time

19  periods at issue in this action. Mattel further objects to this Request on the grounds

20  that it is cumulative, duplicates prior requests and is harassing. Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case. Mattel further objects to this Request on the grounds

24  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

25  determining that the requested documents are irrelevant and/or that such requests are

26  improper. Mattel further objects to the use of the term "concerning products

27  ultimately offered for sale" in this context as vague and ambiguous. Mattel further

28  objects to this Request on the grounds it is convoluted, compound and unintelligible.

1 | Mattel further objects to this Request to the extent that it calls for the disclosure of
2 | information subject to the attorney-client privilege, the attorney work-product
3 | doctrine and other applicable privileges.
4 |      Based on the foregoing, and without waiving the above general and
5 | specific objections, Mattel states that, other than those documents that is has
6 | produced pursuant to other requests, Mattel will not produce documents responsive
7 | to this Request.
8 |
9 | **REQUEST FOR PRODUCTION NO. 794:**
10 |      All DOCUMENTS REFERRING OR RELATING TO any patent,
11 | trademark or copyright application or registration concerning any BRATZ product,
12 | including but not limited to the ALLEGED COPYRIGHTED WORKS.
13 |
14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 794:**
15 |      In addition to the General Objections stated above which are
16 | incorporated herein by reference, Mattel objects to this Request on the grounds that
17 | it seeks documents that are not relevant to this action or likely to lead to the
18 | discovery of admissible evidence.  Mattel further objects to this Request on the
19 | grounds that it is overbroad, oppressive, unduly burdensome and intended to harass
20 | and annoy Mattel, including in that it seeks documents on this subject regardless of
21 | whether such documents relate to products or matters at issue in this case or time
22 | periods at issue in this action.  Mattel further objects to this Request on the grounds
23 | that it is cumulative, duplicates prior requests and is harassing.  Mattel further
24 | objects to this Request on the grounds that it seeks confidential, proprietary and
25 | trade secret information, including such information that has no bearing on the
26 | claims or defenses in this case.  Mattel further objects to this Request on the grounds
27 | that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order
28 | determining that the requested documents are irrelevant and/or that such requests are

1 | improper. Mattel further objects to this Request on the grounds it is convoluted,

2 | compound and unintelligible. Mattel further objects to this Request to the extent

3 | that it calls for the disclosure of information subject to the attorney-client privilege,

4 | the attorney work-product doctrine and other applicable privileges.

5 | Based on the foregoing, and without waiving the above general and

6 | specific objections, Mattel states that, other than those documents that is has

7 | produced pursuant to other requests, Mattel will not produce documents responsive

8 | to this Request.

9 |

10 | **REQUEST FOR PRODUCTION NO. 795:**

11 | Copies of the deposit materials for the ALLEGED COPYRIGHTED

12 | WORKS.

13 |

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 795:**

15 | In addition to the General Objections stated above which are

16 | incorporated herein by reference, Mattel objects to this Request on the grounds that

17 | it seeks documents that are not relevant to this action or likely to lead to the

18 | discovery of admissible evidence. Mattel further objects to this Request on the

19 | grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

20 | and annoy Mattel, including in that it seeks documents on this subject regardless of

21 | whether such documents relate to products or matters at issue in this case or time

22 | periods at issue in this action. Mattel further objects to this Request on the grounds

23 | that it is cumulative, duplicates prior requests and is harassing. Mattel further

24 | objects to this Request on the grounds that it seeks confidential, proprietary and

25 | trade secret information, including such information that has no bearing on the

26 | claims or defenses in this case. Mattel further objects to the use of the term "deposit

27 | materials" in this context as vague and ambiguous. Mattel further objects to this

28 | Request on the grounds it is convoluted, compound and unintelligible. Mattel

1  further objects to this Request to the extent that it calls for the disclosure of

2  information subject to the attorney-client privilege, the attorney work-product

3  doctrine and other applicable privileges.

4          Based on the foregoing, and without waiving the above general and

5  specific objections, Mattel states that, other than those documents that is has

6  produced pursuant to other requests, Mattel will not produce documents responsive

7  to this Request.

8

9  **REQUEST FOR PRODUCTION NO. 796:**

10         All DOCUMENTS REFERRING OR RELATING TO any

11 ADVERTISING for any of MGA's BRATZ line of dolls or accessories that YOU

12 contend infringe MATTEL's copyrights.

13

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 796:**

15         In addition to the General Objections stated above which are

16 incorporated herein by reference, Mattel objects to this Request on the grounds that

17 it seeks documents that are not relevant to this action or likely to lead to the

18 discovery of admissible evidence.  Mattel further objects to this Request on the

19 grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

20 and annoy Mattel, including in that it seeks documents on this subject regardless of

21 whether such documents relate to products or matters at issue in this case or time

22 periods at issue in this action.  Mattel further objects to this Request on the grounds

23 that it is cumulative, duplicates prior requests and is harassing.  Mattel further

24 objects to this Request on the grounds that it seeks confidential, proprietary and

25 trade secret information, including such information that has no bearing on the

26 claims or defenses in this case.  Mattel further objects to the use of the terms

27 "ADVERTISING" and "MGA'S BRATZ" in this context as vague and ambiguous.

28 Mattel further objects to this Request on the grounds it is convoluted, compound and

1  unintelligible.  Mattel further objects to this Request to the extent that it calls for the

2  disclosure of information subject to the attorney-client privilege, the attorney work-

3  product doctrine and other applicable privileges.

4       Based on the foregoing, and without waiving the above general and

5  specific objections, Mattel states that, other than those documents that is has

6  produced pursuant to other requests, Mattel will not produce documents responsive

7  to this Request.

8

9  **REQUEST FOR PRODUCTION NO. 797:**

10       All DOCUMENTS REFERRING OR RELATING TO any alleged

11  misrepresentations by MGA or Isaac Larian or any alleged disparagement of YOUR

12  company, goods, products or services as alleged in paragraphs 79 through 81 of

13  YOUR COUNTERCLAIMS.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 797:**

16       In addition to the General Objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it seeks documents that are not relevant to this action or likely to lead to the

19  discovery of admissible evidence.  Mattel further objects to this Request on the

20  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

21  and annoy Mattel, including in that it seeks documents on this subject regardless of

22  whether such documents relate to products or matters at issue in this case or time

23  periods at issue in this action.  Mattel further objects to this Request on the grounds

24  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

25  objects to this Request on the grounds that it seeks confidential, proprietary and

26  trade secret information, including such information that has no bearing on the

27  claims or defenses in this case.  Mattel further objects to this Request on the grounds

28  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

-33-

1  determining that the requested documents are irrelevant and/or that such requests are

2  improper.  Mattel further objects to the use of the terms "any alleged

3  misrepresentations" and "any alleged disparagements" in this context as vague and

4  ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,

5  compound and unintelligible.  Mattel further objects to this Request to the extent

6  that it calls for the disclosure of information subject to the attorney-client privilege,

7  the attorney work-product doctrine and other applicable privileges.

8          Based on the foregoing, and without waiving the above general and

9  specific objections, Mattel states that, other than those documents that is has

10  produced pursuant to other requests, Mattel will not produce documents responsive

11  to this Request.

12

13  DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

14

15                                    By
16                                        Timothy L. Alger
                                         Attorneys for Mattel, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

                                   -34-

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 28, 2008, I served true copies of the following documents described as:

### MATTEL'S RESPONSES TO MGA'S EIGHTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>Telephone:  213.687.5000<br>Facsimile:  213.687.5600 | **Attorneys for** *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.* |
| Keker & Van Nest, LLP<br>  John W. Keker, Esq.<br>  Michael H. Page, Esq.<br>  Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone:  415.391.5400<br>Facsimile:  415.397.7188 | **Attorneys for** *Carter Bryant* |
| Overland Borenstein Scheper & Kim, LLP<br>  Mark E. Overland, Esq.<br>  David C. Scheper, Esq.<br>  Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone:  213.613.4655<br>Facsimile:  213.613.4656 | **Attorneys for** *Carlos Gustavo Machado Gomez* |

[√]    **[MAIL]** As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business, addressed as set forth below.  I am aware that on motion of the party

07209/2346147.1

Case No. CV 04-9049 SGL (RNBx)

PROOF OF SERVICE RE MATTEL'S RESPONSES TO MGA'S EIGHTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05 2727

Exhibit 39 - Page 1555

1    served, service is presumed invalid if postal cancellation date or postage

2    meter date is more than one day after date of deposit for mailing in affidavit.

3

4         I declare that I am employed in the office of a member of the bar of this

5    court at whose direction the service was made

6

7    Executed on January 28, 2008, at Los Angeles, California.

8

9

10                                        Albert V. Villamil

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2346147.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE RE MATTEL'S RESPONSES TO MGA'S EIGHTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05 2727

Exhibit 39 - Page 1556