# Exhibit 40

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2      (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                 UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13

| | |
|---|---|
| 14  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 15                Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 16     v. | |
| 17  MATTEL, INC., a Delaware Corporation, | MATTEL'S AMENDED RESPONSES TO MGA'S EIGHTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727 |
| 18                Defendant, | |
| 19 | |
| 20 | |
| 21  AND CONSOLIDATED ACTIONS. | |
| 22 | |

23

24

25

26

27

28

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to further amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Eighth Set of Requests for the Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other Request.

## General Objections

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.     Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.     Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work-product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege. Mattel will not produce such privileged documents.

3.     Mattel objects to the Requests on the grounds and to the extent they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

4.     Mattel objects to the Requests on the grounds and to the extent they seek information which is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Mattel objects to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of defendants.

6.     Mattel objects to the Requests on the ground and to the extent they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties or would violate the terms of any agreement or contracts with third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.

7.     Mattel objects to the Requests on the grounds that the definitions of the terms "ADVERTISING," "BARBIE," "BRATZ," "COLLECTIBLES GROUP," "CONFLICT OF INTEREST QUESTIONNAIRE," "DOCUMENTS," "EMPLOYEE INVENTIONS AGREEMENT," "MATTEL," "MGA," "MGA LAWSUIT," "MY SCENE," "MY SCENE DOLL," "MY SCENE LICENSE," "MY SCENE PRODUCT," and "S:\MATTEL" are overbroad, vague and ambiguous and unduly burdensome, and extend beyond those products and matters placed at issue in this litigation.

8.     Mattel objects to each and every Request to the extent that it seeks documents already produced in this action.  Documents which have already been produced will not be produced again in response to these Requests.

9.     An objection to the production of any document or category of documents described in the Requests, or agreement to produce any such documents, is not and shall not be construed as an admission by Mattel that any such documents or category of documents exist.

1          10.    Mattel objects to the time, place and manner of production

2    specified in the Requests.  Mattel will produce such responsive, non-privileged

3    documents and tangible things, if any, and to the extent not previously produced, in

4    accordance with its responses at a time and place and in a manner that is reasonable,

5    convenient and mutually agreed upon by the parties.

6

7    **RESPONSES TO REQUESTS FOR DOCUMENTS AND THINGS**

8

9    **REQUEST FOR PRODUCTION NO. 770:**

10         All EMPLOYEE INVENTIONS AGREEMENTS signed by any

11   person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S

12   response(s) to any interrogatory served in THIS ACTION.

13

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 770:**

15         In addition to the General Objections stated above which are

16   incorporated herein by reference, Mattel objects to this Request on the grounds that

17   it seeks documents that are not relevant to this action or likely to lead to the

18   discovery of admissible evidence.  Mattel further objects to this Request on the

19   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

20   and annoy Mattel, including in that it seeks documents on this subject regardless of

21   whether such documents relate to matters at issue in this case or time periods at

22   issue in this action.  Mattel further objects to this Request on the grounds that it is

23   cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

24   Request on the grounds that it seeks confidential, proprietary and trade secret

25   information, including such information that has no bearing on the claims or

26   defenses in this case.  Mattel further objects to this Request on the grounds that it is

27   an attempt to circumvent the Discovery Master's September 12, 2007 Order

28   determining that the requested documents are irrelevant and/or that such requests are

07975/2370749.1

1    improper. Mattel further objects to the Request on the grounds that Defendants have

2    withdrawn all defenses relating to the enforceability or unenforceability of Carter

3    Bryant's agreements with Mattel. Mattel further objects to the use of the term

4    "EMPLOYEE INVENTIONS AGREEMENT" in this context as vague and

5    ambiguous. Mattel further objects to this Request to the extent that it calls for the

6    disclosure of information subject to the attorney-client privilege, the attorney work-

7    product doctrine and other applicable privileges.

8          Based on the foregoing, and without waiving the above general and

9    specific objections, Mattel states that, other than those documents that is has

10    produced pursuant to other requests, Mattel will not produce documents responsive

11    to this Request.

12

13    **REQUEST FOR PRODUCTION NO. 771:**

14          All CONFLICT OF INTEREST QUESTIONNAIRES signed by any

15    person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S

16    response(s) to any interrogatory served in THIS ACTION.

17

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 771:**

19          In addition to the General Objections stated above which are

20    incorporated herein by reference, Mattel objects to this Request on the grounds that

21    it seeks documents that are not relevant to this action or likely to lead to the

22    discovery of admissible evidence. Mattel further objects to this Request on the

23    grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

24    and annoy Mattel, including in that it seeks documents on this subject regardless of

25    whether such documents relate to matters at issue in this case or time periods at

26    issue in this action. Mattel further objects to this Request on the grounds that it is

27    cumulative, duplicates prior requests and is harassing. Mattel further objects to this

28    Request on the grounds that it seeks confidential, proprietary and trade secret

1   information, including such information that has no bearing on the claims or

2   defenses in this case. Mattel further objects to this Request on the grounds that it is

3   an attempt to circumvent the Discovery Master's September 12, 2007 Order

4   determining that the requested documents are irrelevant and/or that such requests are

5   improper. Mattel further objects to the Request on the grounds that Defendants have

6   withdrawn all defenses relating to the enforceability or unenforceability of Carter

7   Bryant's agreements with Mattel. Mattel further objects to the use of the term

8   "CONFLICT OF INTEREST QUESTIONNAIRES" in this context as vague and

9   ambiguous. Mattel further objects to this Request to the extent that it calls for the

10   disclosure of information subject to the attorney-client privilege, the attorney work-

11   product doctrine and other applicable privileges.

12         Based on the foregoing, and without waiving the above general and

13   specific objections, Mattel states that, other than those documents that is has

14   produced pursuant to other requests, Mattel will not produce documents responsive

15   to this Request.

16

17   **REQUEST FOR PRODUCTION NO. 772:**

18         All DOCUMENTS REFERRING OR RELATING TO any instance in

19   which any provision of an EMPLOYEE INVENTIONS AGREEMENT was

20   breached or alleged to be breached by any person identified in MATTEL'S INITIAL

21   DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS

22   ACTION.

23

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 772:**

25         In addition to the General Objections stated above which are

26   incorporated herein by reference, Mattel objects to this Request on the grounds that

27   it seeks documents that are not relevant to this action or likely to lead to the

28   discovery of admissible evidence. Mattel further objects to this Request on the

grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the Request on the grounds that Defendants have withdrawn all defenses relating to the enforceability or unenforceability of Carter Bryant's agreements with Mattel.  Mattel further objects to the use of the terms "EMPLOYEE INVENTIONS AGREEMENT" and "was breached or alleged to be breached" in this context as vague and ambiguous.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 773:**

All DOCUMENTS REFERRING OR RELATING TO any instance in which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be breached by any person identified in MATTEL'S INITIAL

1  DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS

2  ACTION.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 773:**

5          In addition to the General Objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it seeks documents that are not relevant to this action or likely to lead to the

8  discovery of admissible evidence.  Mattel further objects to this Request on the

9  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

10 and annoy Mattel, including in that it seeks documents on this subject regardless of

11 whether such documents relate to matters at issue in this case or time periods at

12 issue in this action.  Mattel further objects to this Request on the grounds that it is

13 cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

14 Request on the grounds that it seeks confidential, proprietary and trade secret

15 information, including such information that has no bearing on the claims or

16 defenses in this case.  Mattel further objects to this Request on the grounds that it is

17 an attempt to circumvent the Discovery Master's September 12, 2007 Order

18 determining that the requested documents are irrelevant and/or that such requests are

19 improper.  Mattel further objects to the Request on the grounds that Defendants have

20 withdrawn all defenses relating to the enforceability or unenforceability of Carter

21 Bryant's agreements with Mattel.  Mattel further objects to the use of the terms

22 "CONFLICT OF INTEREST QUESTIONNAIRE" and "was breached or alleged to

23 be breached" in this context as vague and ambiguous.  Mattel further objects to this

24 Request to the extent that it calls for the disclosure of information subject to the

25 attorney-client privilege, the attorney work-product doctrine and other applicable

26 privileges.

27          Based on the foregoing, and without waiving the above general and

28 specific objections, Mattel states that, other than those documents that is has

-7-

AMENDED RESPONSES TO EIGHTH SET OF REQ. FOR PROD. OF DOCUMENTS AND THINGS

Exhibit 40 - Page 1564

1  produced pursuant to other requests, Mattel will not produce documents responsive

2  to this Request.

3

4  **REQUEST FOR PRODUCTION NO. 774:**

5            The complete MATTEL personnel file for each PERSON identified in

6  MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any

7  interrogatory served in THIS ACTION.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 774:**

10            In addition to the General Objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it seeks documents that are not relevant to this action or likely to lead to the

13  discovery of admissible evidence.  Mattel further objects to this Request on the

14  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

15  and annoy Mattel, including in that it seeks documents on this subject regardless of

16  whether such documents relate to matters at issue in this case or time periods at

17  issue in this action.  Mattel further objects to this Request on the grounds that it is

18  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

19  Request on the grounds that it seeks confidential, proprietary and trade secret

20  information, including such information that has no bearing on the claims or

21  defenses in this case.  Mattel further objects to this Request on the grounds that it

22  seeks documents protected by non-parties' rights of privacy, in violation of federal

23  and state law.  Mattel further objects to this Request to the extent that it calls for the

24  disclosure of information subject to the attorney-client privilege, the attorney work-

25  product doctrine and other applicable privileges.

26            Based on the foregoing, and without waiving the above general and

27  specific objections, Mattel states that, other than those documents that is has

28

1   produced pursuant to other requests, Mattel will not produce documents responsive

2   to this Request.

3

4   **REQUEST FOR PRODUCTION NO. 775:**

5         All dolls, models, molds, casts, samples, packaging, ADVERTISING,

6   photographs, CDs, DVDs, tapes, or other tangible items or things that comprise or

7   relate to a BRATZ product or accessory.

8

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 775:**

10        In addition to the General Objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it seeks documents that are not relevant to this action or likely to lead to the

13  discovery of admissible evidence.  Mattel further objects to this Request on the

14  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

15  and annoy Mattel, including in that it seeks documents on this subject regardless of

16  whether such documents relate to products or matters at issue in this case or time

17  periods at issue in this action.  Mattel further objects to this Request on the grounds

18  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

19  objects to this Request on the grounds that it is an attempt to circumvent the

20  Discovery Master's May 22, 2007 Order determining that the requested documents

21  are irrelevant and/or that such requests are improper.  Mattel further objects to this

22  Request on the grounds that it seeks confidential, proprietary and trade secret

23  information, including such information that has no bearing on the claims or

24  defenses in this case.  Mattel further objects to the use of the terms

25  "ADVERTISING" and "BRATZ" in this context as vague and ambiguous.  Mattel

26  further objects to this Request to the extent that it calls for the disclosure of

27  information subject to the attorney-client privilege, the attorney work-product

28  doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 776:**

All DOCUMENTS REFERRING OR RELATING to any purchase or acquisition by MATTEL of a BRATZ product or accessory, including but not limited to, all invoices, receipts, and purchase orders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 776:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to the use of the term "BRATZ" in this context as vague and ambiguous. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 777:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL'S solicitation of and/or request for a presentation, proposal, bid and/or pitch relating to

1  the advertising, marketing, and/or branding of MATTEL'S MY SCENE brand from

2  Young & Rubicam Brands.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 777:**

5         In addition to the General Objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it seeks documents that are not relevant to this action or likely to lead to the

8  discovery of admissible evidence. Mattel further objects to this Request on the

9  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

10  and annoy Mattel, including in that it seeks documents on this subject regardless of

11  whether such documents relate to products or matters at issue in this case or time

12  periods at issue in this action. Mattel further objects to this Request on the grounds

13  that it is cumulative, duplicates prior requests and is harassing. Mattel further

14  objects to this Request on the grounds that it seeks confidential, proprietary and

15  trade secret information, including such information that has no bearing on the

16  claims or defenses in this case. Mattel further objects to the use of the term

17  "MATTEL'S MY SCENE" in this context as vague and ambiguous. Mattel further

18  objects to this Request on the grounds it is convoluted, compound and unintelligible.

19  Mattel further objects to this Request to the extent that it calls for the disclosure of

20  information subject to the attorney-client privilege, the attorney work-product

21  doctrine and other applicable privileges.

22         Based on the foregoing, and without waiving the above general and

23  specific objections, Mattel states that, other than those documents that is has

24  produced pursuant to other requests, Mattel will not produce documents responsive

25  to this Request.

26

27

28

**REQUEST FOR PRODUCTION NO. 778:**

All DOCUMENTS REFERRING OR RELATING TO MATTEL'S solicitation of and/or request for a presentation, proposal, bid and/or pitch relating to the advertising, marketing, and/or branding of MATTEL'S MY SCENE brand from any branding, advertising, or marketing agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 778:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the use of the term "MATTEL'S MY SCENE" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1    Based on the foregoing, and without waiving the above general and

2   specific objections, Mattel states that, other than those documents that is has

3   produced pursuant to other requests, Mattel will not produce documents responsive

4   to this Request.

5

6   **REQUEST FOR PRODUCTION NO. 779:**

7    All DOCUMENTS REFERRING OR RELATING TO a presentation,

8   proposal, bid and/or pitch made by Young & Rubicam Brands to MATTEL in the

9   fall of 2003 in connection with MATTEL'S review and/or selection of an

10   advertising agency for Mattel's MY SCENE brand.

11

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 779:**

13    In addition to the General Objections stated above which are

14   incorporated herein by reference, Mattel objects to this Request on the grounds that

15   it seeks documents that are not relevant to this action or likely to lead to the

16   discovery of admissible evidence. Mattel further objects to this Request on the

17   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

18   and annoy Mattel, including in that it seeks documents on this subject regardless of

19   whether such documents relate to products or matters at issue in this case or time

20   periods at issue in this action. Mattel further objects to this Request on the grounds

21   that it is cumulative, duplicates prior requests and is harassing. Mattel further

22   objects to this Request on the grounds that it seeks confidential, proprietary and

23   trade secret information, including such information that has no bearing on the

24   claims or defenses in this case. Mattel further objects to this Request to the extent

25   that it calls for the disclosure of information subject to the attorney-client privilege,

26   the attorney work-product doctrine and other applicable privileges.

27    Based on the foregoing, and without waiving the above general and

28   specific objections, Mattel states that, other than those documents that is has

07975/2370749.1

-13-

1  produced pursuant to other requests, Mattel will not produce documents responsive

2  to this Request.

3

4  **REQUEST FOR PRODUCTION NO. 780:**

5      All DOCUMENTS REFERRING OR RELATING TO a presentation,

6  proposal, bid and/or pitch made by any branding, advertising, or marketing agency

7  to MATTEL in connection with MATTEL'S review and/or selection of an

8  advertising agency for Mattel's MY SCENE brand.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 780:**

11      In addition to the General Objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it seeks documents that are not relevant to this action or likely to lead to the

14  discovery of admissible evidence.  Mattel further objects to this Request on the

15  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

16  and annoy Mattel, including in that it seeks documents on this subject regardless of

17  whether such documents relate to products or matters at issue in this case or time

18  periods at issue in this action.  Mattel further objects to this Request on the grounds

19  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information, including such information that has no bearing on the

22  claims or defenses in this case.  Mattel further objects to this Request on the grounds

23  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

24  determining that the requested documents are irrelevant and/or that such requests are

25  improper.  Mattel further objects to the use of the term "Mattel's MY SCENE" in

26  this context as vague and ambiguous.  Mattel further objects to this Request on the

27  grounds it is convoluted, compound and unintelligible.  Mattel further objects to this

28  Request to the extent that it calls for the disclosure of information subject to the

1  attorney-client privilege, the attorney work-product doctrine and other applicable

2  privileges.

3          Based on the foregoing, and without waiving the above general and

4  specific objections, Mattel states that, other than those documents that is has

5  produced pursuant to other requests, Mattel will not produce documents responsive

6  to this Request.

7

8  **REQUEST FOR PRODUCTION NO. 781:**

9          All litigation documents filed and/or served by any of the parties in

10  Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba

11  Toys GMBH & Co KG, HC 03 CO 2684 (High Court of Justice, Chancery

12  Division), including but not limited to pleadings, motions, briefs, discovery

13  responses, disclosures, and expert reports.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 781:**

16          In addition to the General Objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it seeks documents that are not relevant to this action or likely to lead to the

19  discovery of admissible evidence.  Mattel further objects to this Request on the

20  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

21  and annoy Mattel, including in that it seeks documents on this subject regardless of

22  whether such documents relate to products or matters at issue in this case or time

23  periods at issue in this action.  Mattel further objects to this Request on the grounds

24  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

25  objects to this Request on the grounds and to the extent it seeks documents equally

26  or more available to, or already in the possession, custody or control of defendants.

27  Mattel further objects to this Request on the grounds that it seeks confidential,

28  proprietary and trade secret information, including such information that has no

1  bearing on the claims or defenses in this case.  Mattel further objects to this Request

2  on the grounds that it is an attempt to circumvent the Discovery Master's May 22,

3  2007 Order determining that the requested documents are irrelevant and/or that such

4  requests are improper.  Mattel further objects to this Request on the grounds it is

5  convoluted, compound and unintelligible.  Mattel further objects to this Request to

6  the extent that it calls for the disclosure of information subject to the attorney-client

7  privilege, the attorney work-product doctrine and other applicable privileges.

8            Based on the foregoing, and without waiving the above general and

9  specific objections, Mattel states that, other than those documents that is has

10  produced pursuant to other requests, Mattel will not produce documents responsive

11  to this Request.

12

13  **REQUEST FOR PRODUCTION NO. 782:**

14            MATTEL'S trial presentation materials (including any and all

15  demonstrative exhibits) in Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys

16  (Hong Kong) Ltd, Simba Toys GMBH & Co KG, HC 03 CO 2684 (High Court of

17  Justice, Chancery Division), including but not limited to Mattel, Inc.'s trial exhibits

18  or presentations relating to similarities and/or differences between the various dolls

19  at issue in said litigation.

20

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 782:**

22            In addition to the General Objections stated above which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24  it seeks documents that are not relevant to this action or likely to lead to the

25  discovery of admissible evidence.  Mattel further objects to this Request on the

26  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

27  and annoy Mattel, including in that it seeks documents on this subject regardless of

28  whether such documents relate to products or matters at issue in this case or time

1  periods at issue in this action.  Mattel further objects to this Request on the grounds

2  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

3  objects to this Request on the grounds and to the extent it seeks documents equally

4  or more available to, or already in the possession, custody or control of defendants.

5  Mattel further objects to this Request on the grounds that it seeks confidential,

6  proprietary and trade secret information, including such information that has no

7  bearing on the claims or defenses in this case.  Mattel further objects to this Request

8  on the grounds that it is an attempt to circumvent the Discovery Master's May 22,

9  2007 Order determining that the requested documents are irrelevant and/or that such

10  requests are improper.  Mattel further objects to the use of the terms "trial

11  presentation materials" and "relating to similarities and/or differences" in this

12  context as vague and ambiguous.  Mattel further objects to this Request on the

13  grounds it is convoluted, compound and unintelligible.  Mattel further objects to this

14  Request to the extent that it calls for the disclosure of information subject to the

15  attorney-client privilege, the attorney work-product doctrine and other applicable

16  privileges.

17        Based on the foregoing, and without waiving the above general and

18  specific objections, Mattel states that, other than those documents that is has

19  produced pursuant to other requests, Mattel will not produce documents responsive

20  to this Request.

22  **REQUEST FOR PRODUCTION NO. 783:**

23        Documents identified as Exhibits 31, 32, 33, and 34 in the "Index to

24  Bundle 6 Claimant's Disclosure" (M0097406-M0097408) in <u>Mattel, Inc. v. Woolbro</u>

25  <u>(Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG,</u>

26  HC 03 CO 2684 (High Court of Justice, Chancery Division).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 783:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds and to the extent it seeks documents equally or more available to, or already in the possession, custody or control of defendants. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 784:**

All transcripts for each day and/or portion of a day of trial and/or analogous proceeding before the court in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba Toys GMBH & Co KG</u>, HC 03 CO 2684 (High Court of Justice, Chancery Division).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 784:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds and to the extent it seeks documents equally or more available to, or already in the possession, custody or control of defendants. Mattel further objects to the use of the term "and/or analogous proceeding" in this context as vague and ambiguous. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.


**REQUEST FOR PRODUCTION NO. 785:**

One sample, including packaging, of each of the following dolls sold in MATTEL'S MY SCENE line for each of the years 2001-2007: Barbie, Madison, Kennedy, Chelsea, Nolee, Kenzie, and Delancey.

-19-

AMENDED RESPONSES TO EIGHTH SET OF REQ. FOR PROD. OF DOCUMENTS AND THINGS

Exhibit 40 - Page 1576

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 785:**

2          In addition to the General Objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it seeks documents that are not relevant to this action or likely to lead to the

5 discovery of admissible evidence.  Mattel further objects to this Request on the

6 grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

7 and annoy Mattel, including in that it seeks documents on this subject regardless of

8 whether such documents relate to products or matters at issue in this case or time

9 periods at issue in this action.  Mattel further objects to this Request on the grounds

10 that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

11 determining that the requested documents are irrelevant and/or that such requests are

12 improper.  Mattel further objects to this Request on the grounds that it is cumulative,

13 duplicates prior requests and is harassing.  Mattel further objects to the use of the

14 term "MATTEL'S MY SCENE line" in this context as vague and ambiguous.

15          Subject to and without waiving the foregoing objections, Mattel

16 responds as follows:  Mattel will permit MGA to inspect responsive, non-privileged

17 items that are in Mattel's possession, custody, or control, if any, that Mattel has been

18 able to locate after a diligent search and reasonable inquiry, to the extent not

19 previously produced or made available for inspection, on a date and at a time

20 mutually convenient to counsel for the parties.

21

22    **REQUEST FOR PRODUCTION NO. 786:**

23          All DOCUMENTS REFERRING OR RELATING TO the Young and

24 Rubicam Brand Asset Valuator, or any other valuation of the BARBIE, MY SCENE

25 or BRATZ brand.

26

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 786:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the use of the term "Young and Rubicam Brand Asset Valuator" in this context as vague and ambiguous.  Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 787:**

All DOCUMENTS REFERRING OR RELATING to any survey, focus group, consumer research or other market research (whether conducted by MATTEL or any third party) concerning MY SCENE, BRATZ, or BARBIE, including but not limited to the focus groups discussed on page 114 of the deposition of Kumi Croom and the consumer research conducted by Mattel Worldwide Consumer Research group (or any third party) discussed beginning on page 132 of the deposition of Kumi Croom.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 787:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the use of the term "survey, focus group, consumer research or other market research" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible. Mattel further objects to this Request to the extent

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges.

3         Based on the foregoing, and without waiving the above general and

4  specific objections, Mattel states that, other than those documents that is has

5  produced pursuant to other requests, Mattel will not produce documents responsive

6  to this Request.

7

8  **REQUEST FOR PRODUCTION NO. 788:**

9         All ad test reports (or other similar reports evaluating the efficacy of

10  advertising) regarding any MY SCENE or BRATZ product, including but not

11  limited to the ad test reports referenced on pages 118-129 of the deposition of Kumi

12  Croom.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 788:**

15         In addition to the General Objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it seeks documents that are not relevant to this action or likely to lead to the

18  discovery of admissible evidence.  Mattel further objects to this Request on the

19  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

20  and annoy Mattel, including in that it seeks documents on this subject regardless of

21  whether such documents relate to products or matters at issue in this case or time

22  periods at issue in this action.  Mattel further objects to this Request on the grounds

23  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information, including such information that has no bearing on the

26  claims or defenses in this case.  Mattel further objects to this Request on the grounds

27  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

28  determining that the requested documents are irrelevant and/or that such requests are

1   improper.  Mattel further objects to the use of the term "ad test reports (or other

2   similar reports evaluating the efficacy of advertising)" in this context as vague and

3   ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,

4   compound and unintelligible.  Mattel further objects to this Request to the extent

5   that it calls for the disclosure of information subject to the attorney-client privilege,

6   the attorney work-product doctrine and other applicable privileges.

7            Based on the foregoing, and without waiving the above general and

8   specific objections, Mattel states that, other than those documents that is has

9   produced pursuant to other requests, Mattel will not produce documents responsive

10  to this Request.

11

12  **REQUEST FOR PRODUCTION NO. 789:**

13           All DOCUMENTS REFERRING OR RELATING TO any

14  investigation or surveillance of MGA, BRATZ, Carter Bryant, any member of

15  Carter Bryant's family, Isaac Larian, any member of Isaac Larian's family, Jeanne

16  Galvano, or Richard Irmen, including but not limited to all investigative files,

17  reports and summaries.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 789:**

20           In addition to the General Objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it seeks documents that are not relevant to this action or likely to lead to the

23  discovery of admissible evidence.  Mattel further objects to this Request on the

24  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

25  and annoy Mattel, including in that it seeks documents on this subject regardless of

26  whether such documents relate to matters at issue in this case or time periods at

27  issue in this action.  Mattel further objects to this Request on the grounds that it is

28  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

1    Request on the grounds that it seeks confidential, proprietary and trade secret

2    information, including such information that has no bearing on the claims or

3    defenses in this case.  Mattel further objects to this Request on the grounds that it is

4    an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

5    that the requested documents are irrelevant and/or that such requests are improper.

6    Mattel further objects to the use of the terms "any investigation or surveillance of,"

7    "any member of Carter Bryan's family," and "any member of Isaac Larian's family"

8    in this context as vague and ambiguous.  Mattel further objects to this Request on

9    the grounds it is convoluted, compound and unintelligible.  Mattel further objects to

10   this Request to the extent that it calls for the disclosure of information subject to the

11   attorney-client privilege, the attorney work-product doctrine and other applicable

12   privileges.

13           Based on the foregoing, and without waiving the above general and

14   specific objections, Mattel states that, other than those documents that is has

15   produced pursuant to other requests, Mattel will not produce documents responsive

16   to this Request.

17

18   **REQUEST FOR PRODUCTION NO. 790:**

19           All DOCUMENTS REFERRING OR RELATING TO any

20   interpretation by Mattel, or position taken by MATTEL regarding the meaning, of

21   the EMPLOYEE INVENTIONS AGREEMENT.

22

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 790:**

24           In addition to the General Objections stated above which are

25   incorporated herein by reference, Mattel objects to this Request on the grounds that

26   it seeks documents that are not relevant to this action or likely to lead to the

27   discovery of admissible evidence.  Mattel further objects to this Request on the

28   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

1   and annoy Mattel, including in that it seeks documents on this subject regardless of

2   whether such documents relate to products or matters at issue in this case or time

3   periods at issue in this action. Mattel further objects to this Request on the grounds

4   that it is cumulative, duplicates prior requests and is harassing. Mattel further

5   objects to this Request on the grounds that it seeks confidential, proprietary and

6   trade secret information, including such information that has no bearing on the

7   claims or defenses in this case. Mattel further objects to this Request on the grounds

8   that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order

9   determining that the requested documents are irrelevant and/or that such requests are

10  improper. Mattel further objects to the Request on the grounds that Defendants have

11  withdrawn all defenses relating to the enforceability or unenforceability of Carter

12  Bryant's agreements with Mattel. Mattel further objects to the use of the terms "any

13  interpretation by," "position taken by," "regarding the meaning, [sic] of" and

14  "EMPLOYEE INVENTIONS AGREEMENT" in this context as vague and

15  ambiguous. Mattel further objects to this Request on the grounds it is convoluted,

16  compound and unintelligible. Mattel further objects to this Request to the extent

17  that it calls for the disclosure of information subject to the attorney-client privilege,

18  the attorney work-product doctrine and other applicable privileges.

19          Based on the foregoing, and without waiving the above general and

20  specific objections, Mattel states that, other than those documents that is has

21  produced pursuant to other requests, Mattel will not produce documents responsive

22  to this Request.

23

24  **REQUEST FOR PRODUCTION NO. 791:**

25          All DOCUMENTS REFERRING OR RELATING TO any

26  interpretation by Mattel, or position taken by MATTEL regarding the meaning, of

27  the CONFLICT OF INTEREST QUESTIONNAIRE.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 791:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that Defendants have withdrawn all defenses relating to the enforceability or unenforceability of Carter Bryant's agreements with Mattel. Mattel further objects to the use of the terms "any interpretation by," "position taken by," "regarding the meaning, [sic] of" and "CONFLICT OF INTEREST QUESTIONNAIRE" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 792:**

All DOCUMENTS REFERRING OR RELATING TO any trademark search or trademark clearance concerning products ultimately offered for sale under the MY SCENE brand, including but not limited to any trademark search for "Bryant" or "Carter" or "Carter Bryant."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 792:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the use of the term "concerning products ultimately offered for sale" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

07975/2370749.1

-28-

1        Based on the foregoing, and without waiving the above general and

2   specific objections, Mattel states that, other than those documents that is has

3   produced pursuant to other requests, Mattel will not produce documents responsive

4   to this Request.

5

6   **REQUEST FOR PRODUCTION NO. 793:**

7        All DOCUMENTS REFERRING OR RELATING TO any patent,

8   trademark, or copyright application or registration concerning products ultimately

9   offered for sale under the MY SCENE brand.

10

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 793:**

12        In addition to the General Objections stated above which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it seeks documents that are not relevant to this action or likely to lead to the

15   discovery of admissible evidence. Mattel further objects to this Request on the

16   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

17   and annoy Mattel, including in that it seeks documents on this subject regardless of

18   whether such documents relate to products or matters at issue in this case or time

19   periods at issue in this action. Mattel further objects to this Request on the grounds

20   that it is cumulative, duplicates prior requests and is harassing. Mattel further

21   objects to this Request on the grounds that it seeks confidential, proprietary and

22   trade secret information, including such information that has no bearing on the

23   claims or defenses in this case. Mattel further objects to this Request on the grounds

24   that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

25   determining that the requested documents are irrelevant and/or that such requests are

26   improper. Mattel further objects to the use of the term "concerning products

27   ultimately offered for sale" in this context as vague and ambiguous. Mattel further

28   objects to this Request on the grounds it is convoluted, compound and unintelligible.

1  Mattel further objects to this Request to the extent that it calls for the disclosure of

2  information subject to the attorney-client privilege, the attorney work-product

3  doctrine and other applicable privileges.

4  　　　　Based on the foregoing, and without waiving the above general and

5  specific objections, Mattel states that, other than those documents that is has

6  produced pursuant to other requests, Mattel will not produce documents responsive

7  to this Request.

8

9  **REQUEST FOR PRODUCTION NO. 794:**

10  　　　　All DOCUMENTS REFERRING OR RELATING TO any patent,

11  trademark or copyright application or registration concerning any BRATZ product,

12  including but not limited to the ALLEGED COPYRIGHTED WORKS.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 794:**

15  　　　　In addition to the General Objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it seeks documents that are not relevant to this action or likely to lead to the

18  discovery of admissible evidence.  Mattel further objects to this Request on the

19  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

20  and annoy Mattel, including in that it seeks documents on this subject regardless of

21  whether such documents relate to products or matters at issue in this case or time

22  periods at issue in this action.  Mattel further objects to this Request on the grounds

23  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information, including such information that has no bearing on the

26  claims or defenses in this case.  Mattel further objects to this Request on the grounds

27  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

28  determining that the requested documents are irrelevant and/or that such requests are

1  improper.  Mattel further objects to this Request on the grounds it is convoluted,

2  compound and unintelligible.  Mattel further objects to this Request to the extent

3  that it calls for the disclosure of information subject to the attorney-client privilege,

4  the attorney work-product doctrine and other applicable privileges.

5          Based on the foregoing, and without waiving the above general and

6  specific objections, Mattel states that, other than those documents that is has

7  produced pursuant to other requests, Mattel will not produce documents responsive

8  to this Request.

9

10  **REQUEST FOR PRODUCTION NO. 795:**

11          Copies of the deposit materials for the ALLEGED COPYRIGHTED

12  WORKS.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 795:**

15          In addition to the General Objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it seeks documents that are not relevant to this action or likely to lead to the

18  discovery of admissible evidence.  Mattel further objects to this Request on the

19  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

20  and annoy Mattel, including in that it seeks documents on this subject regardless of

21  whether such documents relate to products or matters at issue in this case or time

22  periods at issue in this action.  Mattel further objects to this Request on the grounds

23  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information, including such information that has no bearing on the

26  claims or defenses in this case.  Mattel further objects to the use of the term "deposit

27  materials" in this context as vague and ambiguous.  Mattel further objects to this

28  Request on the grounds it is convoluted, compound and unintelligible.  Mattel

1   further objects to this Request to the extent that it calls for the disclosure of

2   information subject to the attorney-client privilege, the attorney work-product

3   doctrine and other applicable privileges.

4          Based on the foregoing, and without waiving the above general and

5   specific objections, Mattel states that, other than those documents that is has

6   produced pursuant to other requests, Mattel will not produce documents responsive

7   to this Request.

8

9   **REQUEST FOR PRODUCTION NO. 796:**

10          All DOCUMENTS REFERRING OR RELATING TO any

11   ADVERTISING for any of MGA's BRATZ line of dolls or accessories that YOU

12   contend infringe MATTEL's copyrights.

13

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 796:**

15          In addition to the General Objections stated above which are

16   incorporated herein by reference, Mattel objects to this Request on the grounds that

17   it seeks documents that are not relevant to this action or likely to lead to the

18   discovery of admissible evidence.  Mattel further objects to this Request on the

19   grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

20   and annoy Mattel, including in that it seeks documents on this subject regardless of

21   whether such documents relate to products or matters at issue in this case or time

22   periods at issue in this action.  Mattel further objects to this Request on the grounds

23   that it is cumulative, duplicates prior requests and is harassing.  Mattel further

24   objects to this Request on the grounds that it seeks confidential, proprietary and

25   trade secret information, including such information that has no bearing on the

26   claims or defenses in this case.  Mattel further objects to the use of the terms

27   "ADVERTISING" and "MGA'S BRATZ" in this context as vague and ambiguous.

28   Mattel further objects to this Request on the grounds it is convoluted, compound and

1  unintelligible.  Mattel further objects to this Request to the extent that it calls for the

2  disclosure of information subject to the attorney-client privilege, the attorney work-

3  product doctrine and other applicable privileges.

4          Based on the foregoing, and without waiving the above general and

5  specific objections, Mattel states that, other than those documents that is has

6  produced pursuant to other requests, Mattel will not produce documents responsive

7  to this Request.

8

9  **REQUEST FOR PRODUCTION NO. 797:**

10          All DOCUMENTS REFERRING OR RELATING TO any alleged

11  misrepresentations by MGA or Isaac Larian or any alleged disparagement of YOUR

12  company, goods, products or services as alleged in paragraphs 79 through 81 of

13  YOUR COUNTERCLAIMS.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 797:**

16          In addition to the General Objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it seeks documents that are not relevant to this action or likely to lead to the

19  discovery of admissible evidence.  Mattel further objects to this Request on the

20  grounds that it is overbroad, oppressive, unduly burdensome and intended to harass

21  and annoy Mattel, including in that it seeks documents on this subject regardless of

22  whether such documents relate to products or matters at issue in this case or time

23  periods at issue in this action.  Mattel further objects to this Request on the grounds

24  that it is cumulative, duplicates prior requests and is harassing.  Mattel further

25  objects to this Request on the grounds that it seeks confidential, proprietary and

26  trade secret information, including such information that has no bearing on the

27  claims or defenses in this case.  Mattel further objects to this Request on the grounds

28  that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

07975/2370749.1

-33-

1 determining that the requested documents are irrelevant and/or that such requests are

2 improper.  Mattel further objects to the use of the terms "any alleged

3 misrepresentations" and "any alleged disparagements" in this context as vague and

4 ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,

5 compound and unintelligible.  Mattel further objects to this Request to the extent

6 that it calls for the disclosure of information subject to the attorney-client privilege,

7 the attorney work-product doctrine and other applicable privileges.

8       Based on the foregoing, and without waiving the above general and

9 specific objections, Mattel states that, other than those documents that is has

10 produced pursuant to other requests, Mattel will not produce documents responsive

11 to this Request.

12

13 DATED:  January 30, 2008      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

14

15

16          By_____
            Timothy L. Alger
            Attorneys for Mattel, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

07975/2370749.1

-34-

AMENDED RESPONSES TO EIGHTH SET OF REQ. FOR PROD. OF DOCUMENTS AND THINGS

Exhibit 40 - Page 1591

## PROOF OF SERVICE

1

2     I am employed in the County of Los Angeles, State of California.  I am over

3  the age of eighteen years and not a party to the within action; my business address is

4  865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5     On January 30, 2008, I served true copies of the following documents

6  described as:

7  **MATTEL'S AMENDED RESPONSES TO MGA'S EIGHTH SET OF**
**REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

8  **AND THINGS IN CASE NO. 05-2727**

9  on the parties in this action as follows:

| | |
|---|---|
| 10 Skadden, Arps, Slate, Meagher & Flom LLP<br>11  Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>12 Los Angeles, CA 90071<br>Telephone: 213.687.5000<br>13 Facsimile: 213.687.5600 | **Attorneys for** *MGA Entertainment,*<br>*Inc., MGA Entertainment (HK) Ltd.,*<br>*Isaac Larian and MGAE de Mexico,*<br>*S.R.L. de C.V.* |
| 14 Keker & Van Nest, LLP<br>  John W. Keker, Esq.<br>  Michael H. Page, Esq.<br>15  Christa M. Anderson, Esq.<br>710 Sansome Street<br>16 San Francisco, CA 94111<br>Telephone: 415.391.5400<br>17 Facsimile: 415.397.7188 | **Attorneys for** *Carter Bryant* |
| Overland Borenstein Scheper &<br>18 Kim, LLP<br>  Mark E. Overland, Esq.<br>19  David C. Scheper, Esq.<br>  Alexander H. Cote, Esq.<br>20 300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>21 Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for** *Carlos Gustavo Machado*<br>*Gomez* |

22

23

24    [√]    **[MAIL]** As follows:  I am "readily familiar" with the firm's practice of

25  collection and processing correspondence for mailing.  Under that practice it

26  would be deposited with U.S. postal service on that same day with postage

27  thereon fully prepaid at Los Angeles, California in the ordinary course of

28  business, addressed as set forth below.  I am aware that on motion of the party

07209/2346147.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE RE MATTEL'S RESPONSES TO MGA'S EIGHTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05 2727

Exhibit 40 - Page 1592

1  served, service is presumed invalid if postal cancellation date or postage

2  meter date is more than one day after date of deposit for mailing in affidavit.

3

4       I declare that I am employed in the office of a member of the bar of this

5  court at whose direction the service was made

6

7  Executed on January 30, 2008, at Los Angeles, California.

8

9

10  Albert V. Villamil

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2346147.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE RE MATTEL'S RESPONSES TO MGA'S EIGHTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05 2727

Exhibit 40 - Page 1593