# Exhibit 41

1   DIANA M. TORRES (S.B. #162284)
    PAULA E. AMBROSINI (S.B. # 193126)
2   ALICIA C. MEYER (S.B. #230189)
    O'MELVENY & MYERS, LLP
3   400 South Hope Street
    Los Angeles, California 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5
    Attorneys for Defendant-in-Intervention,
6   MGA Entertainment, Inc.

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10
    MATTEL, INC., a Delaware          Case No.  CV04-9059 NM (RNBx)
11  Corporation,
                                      **MGA'S FIRST SET OF REQUESTS**
12               Plaintiff,           **FOR THE PRODUCTION OF**
                                      **DOCUMENTS AND THINGS**
13       v.

14  CARTER BRYANT, an individual,     Date Filed:        April 27, 2004
    and MGA ENTERTAINMENT,
15  INC., a California Corporation     Discovery cut-off:   None

16               Defendant and
                 Defendant-in-
17               Intervention.

18

19
    PROPOUNDING PARTY:       MGA ENTERTAINMENT, INC.
20
    RESPONDING PARTY:        MATTEL, INC.
21
    SET NO.                  ONE
22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant-in-intervention MGA Entertainment, Inc. ("MGA") requests that plaintiff Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 10:00 a.m. on March 2, 2005, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

## INSTRUCTIONS

1.    YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control. A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

3.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

4.    If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each DOCUMENT or portion of a DOCUMENT withheld:

1

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1595

(a)   The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

(b)   The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

(c)   A general description of the subject matter of the DOCUMENT;

(d)   The basis of any claim of privilege; and

(e)   If work-product is asserted, the proceeding for which the DOCUMENT was created.

5.   For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

(a)   The reason the DOCUMENT is no longer in YOUR possession, custody or control;

(b)   The person or entity, if any, who has possession, custody or control or, if unknown, so state;

(c)   If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.* destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT

6.   These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1596

## **DEFINITIONS**

As used in these Requests:

1.      "BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress including but not limited to the "BRATZ CONCEPT," "FIRST BRATZ DOLLS," "BRATZ DOLLS," "BRATZ PACK", "LIL' BRATZ," "BRATZ PETZ," "BRATZ BABYZ," and "BRATZ BOYZ."

2.      "BRATZ CONCEPT" means and refers to each "BRATZ"-related image, drawing, picture, sculpt, mold, prototype and any other form of artwork predating the FIRST BRATZ DOLLS, examples of which have been the subject of Mr. Bryant's testimony and produced by Mr. Bryant bearing Bates serial numbers Bryant 00175-177; 00179-00182; 00189-00190; 00192-00196; 00198-00216; 00218; 00341; 00972; 01014; and 01116-01118.

3.      "FIRST BRATZ DOLLS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress and consisting of the following:  "Bratz Cloe", SKU 248521; "Bratz Cloe", SKU 248538; "Bratz Jade", SKU 248545; "Bratz Sasha, SKU 248552; "Bratz Yasmin", SKU 248569; "Bratz Pajama Power Fashion", SKU 248576; "Bratz Study Hall Fashion", SKU 248583; and "Bratz Dynamite Dance Fashion", SKU 248682.

4.      "BRATZ DOLLS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of

3

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1597

goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress excluding the "FIRST BRATZ DOLLS", "LIL' BRATZ," "BRATZ PETZ," and "BRATZ BABYZ" and including, without limitation, the styling head commonly known as or sold and marketed as the "Bratz Funky Fashion Make Over" styling head, and specifically including, without limitation, the images, characters, dolls, playsets and other products and toys called or referred to as, or named or marketed in association with the names "Cloe", "Jade", "Sasha", "Yasmin", "Meygan", "Dana", "Fianna", "Nevra", "Cameron", "Dylan", "Eitan", "Koby", "Cade", "Ailani", "Nazalia", "Talia", "Zada", "Mikko", "Colin", "Deavon", "Lakin", "Flaunt It," "Beach Party", "Micro Bratz", "Xpress It", "Bratz Boyz", "Funk 'n' Glow", "Funky Fashion Makeover", "Holiday Bratz – Sweetheart", "Holiday Bratz – Spring Fling", "Holiday Bratz – Independence Dance", "Slumber Party", "Strut It", "Spring Break", "Formal Funk", "Bratz Boyz Formal Funk", "Wintertime Wonderland", "Style It!", "Funky Fashion Makeover", "Funk Out!", "Sun-Kissed Summer", "Girls Nite Out!", "Wild Life Safari", and any other released, or yet to be released, BRATZ named character or product theme.

5.    "BRATZ PACK" means and refers to any collection, compilation or grouping of two or more images, characters or dolls that are or have ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress including, without limitation, the collection, compilation or grouping of four female images, characters or dolls individually named, called or referred to as "Bratz Cloe", "Bratz Jade", "Bratz Sasha", and "Bratz Yasmin" and any other similar collection, compilation or grouping of two or more images, characters or dolls, male or female, and specifically including, without limitation, the images, characters and dolls called or referred to as, or named or marketed in association with the names "Cloe", "Jade", "Sasha", "Yasmin", "Meygan", "Dana", "Fianna",

1   "Nevra", "Cameron", "Dylan", "Eitan", "Koby", "Cade", "Ailani", "Nazalia",

2   "Talia", "Zada", "Mikko", "Colin", "Deavon", "Lakin", and any other released, or yet

3   to be released, BRATZ character.

4        6.    "LIL' BRATZ" means and refers to each image, character, logo, doll,

5   toy, accessory, product, packaging or other thing or matter that is or has ever been

6   manufactured, marketed or sold by MGA, or others under license, as part of a line of

7   goods or merchandise commonly known as, or sold and marketed under the "Bratz"

8   trademark or trade dress and commonly labeled, called, referred to, named or

9   identified as "LIL' BRATZ", and specifically including, without limitation, the

10  images, characters, dolls, playsets and other products and toys called or referred to as,

11  or named or marketed in association with the names "Cloe", "Yasmin", "Sasha",

12  "Jade", "Ailani", "Nazalia", "Talia", "Zada", "Lil' Boyz", "Cameron", "Dylan",

13  "Eitan", "Koby", "Mikko", "Colin", "Deavon", "Lakin", "Lil' Bratz Slumber Party",

14  "Lil' Bratz Tote", "Lil' Bratz Spring Break", "Lil Bratz Dancefloor Funk", "Lil' Boyz

15  Dancefloor Funk", and any other released, or yet to be released, LIL' BRATZ

16  character or product theme.

17       7.    "BRATZ PETZ" means and refers to each image, character, logo, doll,

18  toy, accessory, product, packaging or other thing or matter that is or has ever been

19  manufactured, marketed or sold by MGA, or others under license, as part of a line of

20  goods or merchandise commonly known as, or sold and marketed under the "Bratz"

21  trademark or trade dress and commonly labeled, called, referred to, named or

22  identified as "BRATZ PETZ", and specifically including, without limitation, the

23  images, characters and toys called or referred to as, or named or marketed in

24  association with the names, "Bratz Catz", "Brigitte", "Jolie", "Kendall", "Daphne",

25  "Bratz Petz Tokyo Catz", "Kyoto", "Cho", "Nami", "Yukiko", "Bratz Petz Foxz",

26  "Carly", "Reilly", "Shayna", "Bree", "Bratz Petz Dogz", "Shae", "Kali", "Pilar",

27

28

5

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1599

"Abby", and any other released, or yet to be released, BRATZ PETZ character or product theme.

8.     "BRATZ BABYZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress and commonly labeled, called, referred to, named or identified as "BRATZ BABYZ", and specifically including, without limitation, the images, characters and dolls called or referred to as, or named or marketed in association with the names, "Cloe", "Sasha", "Jade," "Yasmin", and any other released, or yet to be released, BRATZ BABYZ character or product theme.

9.     "BRATZ BOYZ" means and refers to each male image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress and commonly labeled, called, referred to, named or identified as "BRATZ BOYZ", and specifically including, without limitation, the images characters, dolls, playsets and other products and toys called or referred to as, or named or marketed in association with the names "Cameron", "Dylan", "Eitan", "Koby", "Cade", "Mikko", "Colin", "Deavon", "Lakin", "Bratz Boyz Formal Funk", "Boyz Funk Out!", "Boyz Sun-Kissed Summer", and any other released, or yet to be released BRATZ BOYZ character or product theme.

10.     "BRATZ INTELLECTUAL PROPERTY" means all intellectual and industrial property rights in and to BRATZ including, without limitation, all copyrights, patents, trademarks, industrial designs, trade secrets, contract and licensing rights, design rights, moral rights and trade dress rights, in any country of the world.

11.   "BRYANT" means defendant Carter Bryant.

12.   "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

13.   "COMPLAINT" means and refers to the Complaint filed by Mattel Inc. in this matter on April 27, 2004 and now designated as Case No. CV 04-9059 NM (RNBx) in the United States District Court for the Central District of California.

14.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 24, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital

recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conference, by telephone or otherwise.  The term DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

15.    "MARKET RESEARCH" means any type of research, study, survey or analysis of consumers or potential consumers of a product or potential product including, without limitation, focus groups, consumer surveys, market analyses, behavioral analyses and consumer research.

16.    "MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff MATTEL, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

17.    "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA

and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

18.    "MGA PRODUCTS" means any and all products offered for sale by MGA Entertainment, Inc., other than BRATZ, including, without limitation, "4-Ever Best Friends" and "Alien Racers".

19.    The singular form includes the plural, and vice versa.

20.    The terms "any" and "all" are interchangeable.

21.    The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

22.    As used herein, the terms "relating to" and "referring to" should each be construed in the broadest possible sense to mean concerning, consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1.:**

All DOCUMENTS mentioning, referring or relating to BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 2.:**

All DOCUMENTS mentioning, referring or relating to the BRATZ CONCEPT.

**REQUEST NO. 3.:**

All DOCUMENTS mentioning, referring or relating to the FIRST BRATZ DOLLS.

9                    MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1603

**REQUEST NO. 4.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of the FIRST BRATZ DOLLS.

**REQUEST NO. 5.:**

All DOCUMENTS mentioning, referring or relating to BRATZ DOLLS, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS.

**REQUEST NO. 6.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of BRATZ DOLLS, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS.

**REQUEST NO. 7.:**

All DOCUMENTS mentioning, referring or relating to the BRATZ PACK, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

**REQUEST NO. 8.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of the BRATZ PACK, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

**REQUEST NO. 9.:**

All DOCUMENTS mentioning, referring or relating to LIL' BRATZ, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

**REQUEST NO. 10.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of LIL' BRATZ, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

**REQUEST NO. 11.:**

All DOCUMENTS mentioning, referring or relating to BRATZ PETZ, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ PETZ.

**REQUEST NO. 12.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of BRATZ PETZ, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ PETZ.

**REQUEST NO. 13.:**

All DOCUMENTS mentioning, referring or relating to BRATZ BABYZ, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of

11                    MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1605

YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BABYZ.

**REQUEST NO. 14.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of the BRATZ BABYZ, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BABYZ.

**REQUEST NO. 15.:**

All DOCUMENTS mentioning, referring or relating to BRATZ BOYZ, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ.

**REQUEST NO. 16.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of BRATZ BOYZ, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ.

**REQUEST NO. 17.:**

All DOCUMENTS referring or relating to BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL.

**REQUEST NO. 18.:**

All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL.

**REQUEST NO. 19.:**

All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL.

**REQUEST NO. 20.:**

All DOCUMENTS referring or relating to the BRATZ PACK that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

**REQUEST NO. 21.:**

All DOCUMENTS referring or relating to BRATZ DOLLS that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS.

**REQUEST NO. 22.:**

All DOCUMENTS referring or relating to LIL' BRATZ that YOU have given or shown to any person working on or involved in product conception, creation,

design or development at or for MATTEL, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

**REQUEST NO. 23.:**

All DOCUMENTS referring or relating to BRATZ PETZ that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ PETZ.

**REQUEST NO. 24.:**

All DOCUMENTS referring or relating to BRATZ BABYZ that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BABYZ.

**REQUEST NO. 25.:**

All DOCUMENTS referring or relating to BRATZ BOYZ that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ.

14                    MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1608

**REQUEST NO. 26.:**

All DOCUMENTS referring or relating to BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie".

**REQUEST NO. 27.:**

All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie".

**REQUEST NO. 28.:**

All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie".

**REQUEST NO. 29.:**

All DOCUMENTS referring or relating to the BRATZ PACK that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie," if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

**REQUEST NO. 30.:**

All DOCUMENTS referring or relating to BRATZ DOLLS that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie," if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or

Exhibit 41 - Page 1609

1   damages in this case, any right or interest in, revenues or profits from, or lost profits

2   or other damages caused by BRATZ DOLLS.

3   **REQUEST NO. 31.:**

4
    All DOCUMENTS referring or relating to LIL' BRATZ that YOU have given

5   or shown to any person working on or involved in the conception, creation, design or

6   development of any fashion doll, other than "Barbie," if YOU seek in this case to

7   enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in

8   this case, any right or interest in, revenues or profits from, or lost profits or other

9   damages caused by LIL' BRATZ.

10  **REQUEST NO. 32.:**

11
    All DOCUMENTS referring or relating to BRATZ PETZ that YOU have given

12  or shown to any person working on or involved in the conception, creation, design or

13  development of any plush toy, if YOU seek in this case to enjoin the sale of BRATZ

14  PETZ, or seek, as any part of YOUR recovery or damages in this case, any right or

15  interest in, revenues or profits from, or lost profits or other damages caused by

16  BRATZ PETZ.

17  **REQUEST NO. 33.:**

18
    All DOCUMENTS referring or relating to BRATZ BABYZ that YOU have

19  given or shown to any person working on or involved in product conception, creation,

20  design or development of any fashion doll, if YOU seek in this case to enjoin the sale

21  of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case,

22  any right or interest in, revenues or profits from, or lost profits or other damages

23  caused by BRATZ BABYZ.

24  **REQUEST NO. 34.:**

25
    All DOCUMENTS referring or relating to BRATZ BOYZ that YOU have given

26  or shown to any person working on or involved in product conception, creation,

27

28

16          MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1610

design or development of any fashion doll, other than "Barbie," if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ.

**REQUEST NO. 35.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design or development of BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any third party.

**REQUEST NO. 36.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design or development of the BRATZ CONCEPT that YOU have given or shown to any third party.

**REQUEST NO. 37.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design or development of the FIRST BRATZ DOLLS that YOU have given or shown to any third party.

**REQUEST NO. 38.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design or development of BRATZ DOLLS that YOU have given or shown to any third party, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS.

**REQUEST NO. 39.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design or development of the BRATZ PACK that YOU have given or shown to any

1  third party, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek,

2  as any part of YOUR recovery or damages in this case, any right or interest in,

3  revenues or profits from, or lost profits or other damages caused by the BRATZ

4  PACK.

5  **REQUEST NO. 40.:**

6
7      All DOCUMENTS mentioning, referring or relating to the conception, creation,

   design or development of LIL' BRATZ that YOU have given or shown to any third
8
   party, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part
9
   of YOUR recovery or damages in this case, any right or interest in, revenues or profits
10
   from, or lost profits or other damages caused by LIL' BRATZ.
11

12  **REQUEST NO. 41.:**

13     All DOCUMENTS mentioning, referring or relating to the conception, creation,

14  design or development of BRATZ PETZ that YOU have given or shown to any third

15  party, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any

16  part of YOUR recovery or damages in this case, any right or interest in, revenues or

17  profits from, or lost profits or other damages caused by BRATZ PETZ.

18  **REQUEST NO. 42.:**

19
20      All DOCUMENTS mentioning, referring or relating to the conception, creation,

   design or development of BRATZ BABYZ that YOU have given or shown to any
21
   third party, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as
22
   any part of YOUR recovery or damages in this case, any right or interest in, revenues
23
   or profits from, or lost profits or other damages caused by BRATZ BABYZ.
24

25  **REQUEST NO. 43.:**

26     All DOCUMENTS mentioning, referring or relating to the conception, creation,

27  design or development of BRATZ BOYZ that YOU have given or shown to any third

28  party, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any

part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ.

**REQUEST NO. 44.:**

All DOCUMENTS discussing or mentioning Isaac Larian, authored between June 2000 and October 2001.

**REQUEST NO. 45.:**

All DOCUMENTS discussing or mentioning Paula Treantafellas, authored between June 2000 and October 2001.

**REQUEST NO. 46.:**

All DOCUMENTS discussing or mentioning Mercedah Ward, authored between June 2000 and October 2001.

**REQUEST NO. 47.:**

All DOCUMENTS discussing or mentioning BRATZ, authored between June 2000 and October 2001.

**REQUEST NO. 48.:**

All DOCUMENTS discussing or mentioning BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 49.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact Isaac Larian in any way, including, without limitation, his reputation, income, revenue, business interests and relationships, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry

organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**REQUEST NO. 50.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact MGA in any way, including, without limitation, its reputation, income, revenue, business interests and relationships, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**REQUEST NO. 51.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization,

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1614

1   company, agency, entity or person involved in commercial or product safety

2   evaluation, ratings or awards.

3   **REQUEST NO. 52.:**

4

5       All DOCUMENTS discussing, mentioning, referring or relating to any

6   MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm

7   or negatively impact the commercial success of the FIRST BRATZ DOLLS in any

8   way, including, without limitation, the reputation, sales, popularity, price and

9   availability of the FIRST BRATZ DOLLS which were communicated to the public,

10   retailers, the press, consumers, advertisers, media buyer representatives, cable or

11   broadcast television executives, the NPD Group, the Toy Industry Association, any

12   United States governmental unit or agency, any toy industry organization whether

13   foreign, domestic or international, any manufacturing or children's safety compliance

14   or watchdog organization, and any organization, company, agency, entity or person

15   involved in commercial or product safety evaluation, ratings or awards.

16   **REQUEST NO. 53.:**

17       All DOCUMENTS discussing, mentioning, referring or relating to any

18   MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm

19   or negatively impact the commercial success of BRATZ DOLLS in any way,

20   including, without limitation, the reputation, sales, popularity, price and availability of

21   BRATZ DOLLS which were communicated to the public, retailers, the press,

22   consumers, advertisers, media buyer representatives, cable or broadcast television

23   executives, the NPD Group, the Toy Industry Association, any United States

24   governmental unit or agency, any toy industry organization whether foreign, domestic

25   or international, any manufacturing or children's safety compliance or watchdog

26   organization, and any organization, company, agency, entity or person involved in

27   commercial or product safety evaluation, ratings or awards.

28

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1615

**REQUEST NO. 54.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of the BRATZ PACK in any way, including, without limitation, the reputation, sales, popularity, price and availability of the BRATZ PACK, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**REQUEST NO. 55.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to injure, interfere with, harm or negatively impact the commercial success of LIL' BRATZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of LIL' BRATZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1616

**REQUEST NO. 56.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ PETZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ PETZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**REQUEST NO. 57.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ BABYZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ BABYZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**REQUEST NO. 58.:**

All DOCUMENTS discussing, mentioning, referring or relating to any

23                    MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1617

1   MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm

2   or negatively impact the commercial success of BRATZ BOYZ in any way, including,

3   without limitation, the reputation, sales, popularity, price and availability of BRATZ

4   BOYZ, which were communicated to the public, retailers, the press, consumers,

5   advertisers, media buyer representatives, cable or broadcast television executives, the

6   NPD Group, the Toy Industry Association, any United States governmental unit or

7   agency, any toy industry organization whether foreign, domestic or international, any

8   manufacturing or children's safety compliance or watchdog organization, and any

9   organization, company, agency, entity or person involved in commercial or product

10  safety evaluation, ratings or awards.

11  **REQUEST NO. 59.:**

12  
13       All DOCUMENTS discussing, mentioning, referring or relating to any

     MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm
14  
     or negatively impact the commercial success of any MGA PRODUCT in any way,
15  
     including, without limitation, any such product's reputation, sales, popularity, price
16  
     and availability, which were communicated to the public, retailers, the press,
17  
     consumers, advertisers, media buyer representatives, cable or broadcast television
18  
     executives, the NPD Group, the Toy Industry Association, any United States
19  
     governmental unit or agency, any toy industry organization whether foreign, domestic
20  
     or international, any manufacturing or children's safety compliance or watchdog
21  
     organization, and any organization, company, agency, entity or person involved in
22  
     commercial or product safety evaluation, ratings or awards.
23  
24  **REQUEST NO. 60.:**

25       All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

26  Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to

27  the public, retailers, the press, consumers, advertisers, media buyer representatives,

28  cable or broadcast television executives, the NPD Group, the Toy Industry

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1618

Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**REQUEST NO. 61.:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette , Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to the BRATZ CONCEPT.

**REQUEST NO. 62.:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to the FIRST BRATZ DOLLS.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1619

**REQUEST NO. 63.:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to BRATZ DOLLS.

**REQUEST NO. 64.:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to the BRATZ PACK.

**REQUEST NO. 65.:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1620

organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to LIL' BRATZ.

**REQUEST NO. 66.:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to BRATZ PETZ.

**REQUEST NO. 67.:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to BRATZ BABYZ.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1621

**REQUEST NO. 68.:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to BRATZ BOYZ.

**REQUEST NO. 69.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to copy, imitate, replicate, emulate, duplicate or mimic BRATZ.

**REQUEST NO. 70.:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to copy, imitate, replicate, emulate, duplicate or mimic any MGA PRODUCT with which BRYANT had any involvement.

**REQUEST NO. 71.:**

All DOCUMENTS mentioning, discussing, referring or relating to any BRATZ ITEM, which is dated or was authored or created before the date that the BRATZ ITEM was first offered for sale in retail stores to the general public.

**REQUEST NO. 72.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the BRATZ CONCEPT on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for the BRATZ CONCEPT.

**REQUEST NO. 73.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the FIRST BRATZ DOLLS on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for the FIRST BRATZ DOLLS.

**REQUEST NO. 74.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ DOLLS on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for BRATZ DOLLS.

**REQUEST NO. 75.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the BRATZ PACK on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for the BRATZ PACK.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1623

**REQUEST NO. 76.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between LIL' BRATZ on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for LIL' BRATZ.

**REQUEST NO. 77.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ PETZ on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for BRATZ PETZ.

**REQUEST NO. 78.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ BABYZ on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for BRATZ BABYZ.

**REQUEST NO. 79.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ BOYZ on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for BRATZ BOYZ.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1624

**REQUEST NO. 80.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between any MGA PRODUCT on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for any MGA PRODUCT.

**REQUEST NO. 81.:**

All DOCUMENTS quantifying, calculating, estimating, referring to, or relating to the damage or harm YOU have purportedly suffered as a result of BRYANT's alleged conduct including, without limitation, all DOCUMENTS evidencing the cause, nature, extent, and amount or value of any unjust enrichment, lost revenues, lost profits, lost sales, price erosion, lost or converted property, consequential and incidental damage, information or intellectual property provided to any competitor, benefit obtained by any competitor, lost opportunity, lost advantage, lost benefit, and any other form of alleged harm.

**REQUEST NO. 82.:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design, development or reduction to practice of "Toon Teens" and any related or derivative works, including, without limitation, DOCUMENTS commissioning, assigning, contracting for, or otherwise requesting work on or assistance with the conception, creation, design, development or reduction to practice of said work(s).

**REQUEST NO. 83.:**

All DOCUMENTS constituting contracts, licenses, assignments or conveyances involving, referring or relating to "Toon Teens" and any derivative works.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1625

**REQUEST NO. 84.:**

All COMMUNICATIONS exchanged between YOU on the one hand and the U.S. Patent and Trademark Office or U.S. Copyright Office on the other referring or relating to "Toon Teens" and any related or derivative works including, without limitation, applications, registrations, amendments, office actions and correspondence and all DOCUMENTS mentioning, referring or relating to such COMMUNICATIONS.

**REQUEST NO. 85.:**

All DOCUMENTS constituting, mentioning, referring to, or relating to any decision to apply for, register for, file, amend, withdraw, or abandon any trademark, service mark, trade dress, or copyright application or registration for "Toon Teens" and any derivative works.

**REQUEST NO. 86.:**

All DOCUMENTS constituting, modeling, showing, demonstrating, depicting, or describing "Toon Teens" and any derivative works including, without limitation, photographs, visual reproductions, drawings, sketches, models, molds, prototypes and any type of three dimensional image, including all original molds, models and prototypes.

**REQUEST NO. 87.:**

All DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of the "Toon Teens" idea, concept or products and any related or derivative works.

**REQUEST NO. 88.:**

All DOCUMENTS that name or are otherwise sufficient to identify the

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1626

individuals who worked on or were involved in any way in the plans for creating, designing, developing and marketing "Toon Teens," including individuals who worked on or were involved in any way in (1) deciding to create, design, develop or market "Toon Teens" and (2) deciding to stop or abandon the design, development or marketing of "Toon Teens".

**REQUEST NO. 89.:**

All DOCUMENTS mentioning, discussing, referring or relating to all of the facts and circumstances leading up to, surrounding or any way connected with the development, marketing and abandonment of "Toon Teens" including, without limitation, the reasons for and factors influencing the creation, design, development and marketing of "Toon Teens," and the reasons for and factors influencing the cessation or abandonment of the design, development or marketing of "Toon Teens".

**REQUEST NO. 90.:**

All DOCUMENTS evidencing that BRYANT had access to "Toon Teens," at any stage of creation, concept, design or development.

**REQUEST NO. 91.:**

All DOCUMENTS referring or relating to BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any person who worked on or was involved in the conception, creation, design or development of "Toon Teens".

**REQUEST NO. 92.:**

All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU have given or shown to any person who worked on or was involved in the conception, creation, design or development of "Toon Teens".

**REQUEST NO. 93.:**

All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS that YOU have given or shown to any person who worked on or was involved in the conception, creation, design or development of "Toon Teens".

**REQUEST NO. 94.:**

All DOCUMENTS referring or relating to the BRATZ PACK that YOU have given or shown to any person who worked on or was involved in the conception, creation, design or development of "Toon Teens".

**REQUEST NO. 95.:**

All DOCUMENTS referring or relating to the BRATZ BOYZ that YOU have given or shown to any person who worked on or was involved in the conception, creation, design or development of "Toon Teens".

**REQUEST NO. 96.:**

All DOCUMENTS used or referred to in creating and designing "Toon Teens," including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of "Toon Teens".

**REQUEST NO. 97.:**

All DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon "Toon Teens," including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 98.:**

All DOCUMENTS expressing, mentioning, discussing, referring or relating to any actual, alleged or perceived connection between BRYANT, BRATZ, BRATZ INTELLECTUAL PROPERTY or MGA on the one hand, and "Toon Teens" on the

other, including any actual, alleged or perceived similarities between BRATZ, BRATZ INTELLECTUAL PROPERTY or any MGA PRODUCT and "Toon Teens" and any actual, alleged or perceived, copying, conversion, theft of ideas and theft of trade secrets by BRYANT.

**REQUEST NO. 99.:**

All DOCUMENTS expressing, mentioning, discussing, referring or relating to any actual, alleged or perceived connection between BRYANT, BRATZ, BRATZ INTELLECTUAL PROPERTY or MGA on the one hand, and "Toon Teens" on the other, including any actual, alleged or perceived similarities between BRATZ, BRATZ INTELLECTUAL PROPERTY or any MGA PRODUCT and "Toon Teens" and any actual, alleged or perceived, copying, conversion, theft of ideas and theft of trade secrets by MGA.

**REQUEST NO. 100.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the BRATZ CONCEPT on the one hand and "Toon Teens" on the other.

**REQUEST NO. 101.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between the FIRST BRATZ DOLLS on the one hand and "Toon Teens" on the other.

**REQUEST NO. 102.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ DOLLS on the one hand and "Toon Teens" on the other, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1629

1   damages in this case, any right or interest in, revenues or profits from, or lost profits
2   or other damages caused by BRATZ DOLLS.

3   **REQUEST NO. 103.:**

4
5       All DOCUMENTS evidencing, detailing, discussing, describing, depicting,
6   mentioning, referring to, or relating to the similarities or differences between the
    BRATZ PACK on the one hand and "Toon Teens" on the other, if YOU seek in this
7   case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery
8   or damages in this case, any right or interest in, revenues or profits from, or lost
9   profits or other damages caused by the BRATZ PACK.
10

11  **REQUEST NO. 104.:**

12      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,
13  mentioning, referring to, or relating to the similarities or differences between LIL'
14  BRATZ on the one hand and "Toon Teens" on the other, if YOU seek in this case to
15  enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in
16  this case, any right or interest in, revenues or profits from, or lost profits or other
17  damages caused by LIL' BRATZ.

18  **REQUEST NO. 105.:**

19
20      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,
    mentioning, referring to, or relating to the similarities or differences between BRATZ
21  PETZ on the one hand and "Toon Teens" on the other, if YOU seek in this case to
22  enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages
23  in this case, any right or interest in, revenues or profits from, or lost profits or other
24  damages caused by BRATZ PETZ.
25

26  **REQUEST NO. 106.:**

27      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,
28  mentioning, referring to, or relating to the similarities or differences between BRATZ

36          MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1630

BABYZ on the one hand and "Toon Teens" on the other, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BABYZ.

**REQUEST NO. 107.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ BOYZ on the one hand and "Toon Teens" on the other, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ.

**REQUEST NO. 108.:**

If YOU contend that BRATZ has impacted or affected YOUR design, development, marketing, sales, profits or revenue from "Toon Teens," or anything developed or derived from "Toon Teens," as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 109.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Toon Teens" or any product developed or derived from "Toon Teens" as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring to or relating to such product's creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to any such product.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1631

**REQUEST NO. 110.:**

All DOCUMENTS evidencing, referring to or relating to whether and how "Toon Teens" was ever used or utilized in any way by BRYANT or MGA in the creation, design, derivation or development of any doll, toy or product of any nature or form that was ever marketed or sold including, without limitation, BRATZ.

**REQUEST NO. 111.:**

All DOCUMENTS evidencing, referring to or relating to whether and how "Toon Teens" was ever used or utilized in any way by YOU in the creation, design, derivation or development of any doll, toy or product of any nature or form that was ever marketed or sold including, without limitation, "My Scene".

**REQUEST NO. 112.:**

All DOCUMENTS evidencing, referring or relating to whether BRATZ or BRATZ INTELLECTUAL PROPERTY was ever used or utilized in any way by YOU in the creation, design or development of any doll, toy or product of any nature or form that was ever marketed or sold including, without limitation, "My Scene."

**REQUEST NO. 113.:**

All DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of the "My Scene" idea, concept or products.

**REQUEST NO. 114.:**

All DOCUMENTS referring or relating to BRATZ or BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any person working on or involved in the conception, creation, design or development of "My Scene."

**REQUEST NO. 115.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 116.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to "My Scene," including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to "My Scene".

**REQUEST NO. 117.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop "My Scene," including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 118.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all NPD DOCUMENTS relied on for press statements and quarterly reports regarding "My Scene".

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1633

**REQUEST NO. 119.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing "My Scene," including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of any "My Scene" product.

**REQUEST NO. 120.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop "My Scene," including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 121.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and "My Scene" on the other.

**REQUEST NO. 122.:**

DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of the "My Scene" styling head idea, concept or products.

**REQUEST NO. 123.:**

All DOCUMENTS referring or relating to BRATZ or BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any person

working on or involved in the conception, creation, design or development of the "My Scene" styling head.

**REQUEST NO. 124.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 125.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to the "My Scene" styling head including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to the "My Scene" styling head.

**REQUEST NO. 126.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop the "My Scene" styling head including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 127.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all NPD DOCUMENTS relied on for press statements and quarterly report relating to the "My Scene" styling head.

**REQUEST NO. 128.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing the "My Scene" styling head including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of the "My Scene" styling head.

**REQUEST NO. 129.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon the "My Scene" styling head including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 130.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and the "My Scene" styling head on the other.

**REQUEST NO. 131.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design, development, sales and marketing of the "Diva Starz" idea, concept or products.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1636

**REQUEST NO. 132.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 133.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to "Diva Starz," including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to "Diva Starz".

**REQUEST NO. 134.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop "Diva Starz," including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 135.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all NPD DOCUMENTS relied on for press statements and quarterly report relating to "Diva Starz".

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1637

**REQUEST NO. 136.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing "Diva Starz" including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of "Diva Starz".

**REQUEST NO. 137.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon the "Diva Starz" including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 138.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and "Diva Starz" on the other.

**REQUEST NO. 139.:**

If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was copied from, derived from or infringes "Diva Starz," all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and "Diva Starz" on the other.

**REQUEST NO. 140.:**

All DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of the "Flavas" idea, concept or products.

**REQUEST NO. 141.:**

All DOCUMENTS referring or relating to BRATZ or BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any person working on or involved in the conception, creation, design or development of "Flavas".

**REQUEST NO. 142.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 143.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to "Flavas" including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to "Flavas".

**REQUEST NO. 144.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's

decision to create, design or develop "Flavas" including, without limitation, the
reasons for and factors influencing its decision.

**REQUEST NO. 145.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or
revenue from "Flavas" as part of YOUR damages in this case, all NPD
DOCUMENTS relied on for press statements and quarterly report relating to "Flavas".

**REQUEST NO. 146.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or
revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS used
or referred to in creating and designing "Flavas" including, without limitation, all
DOCUMENTS that served as artistic inspiration for any aspect, feature or element of
"Flavas".

**REQUEST NO. 147.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or
revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS,
including MARKET RESEARCH, referring or relating to, or influencing MATTEL's
decision to create, design, develop or abandon the "Flavas" including, without
limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 148.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or
revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS
evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or
relating to the similarities or differences between BRATZ on the one hand and
"Flavas" on the other.

**REQUEST NO. 149.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Barbie" as part of YOUR damages in this case, all DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the sales and marketing of "Barbie" since the introduction of BRATZ.

**REQUEST NO. 150.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Barbie" as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 151.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Barbie" as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to "Barbie" sales trends and marketing including, without limitation, all MARKET RESEARCH and all sales and market analyses referring or relating to "Barbie".

**REQUEST NO. 152.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to such "Barbie" doll or toy including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to such toy.

47                    MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1641

**REQUEST NO. 153.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or modify such "Barbie" doll or toy including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 154.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing such doll or toy including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of such doll or toy.

**REQUEST NO. 155.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon such doll or toy including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 156.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and such doll or toy on the other.

**REQUEST NO. 157.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Barbie" as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and "Barbie" on the other.

**REQUEST NO. 158.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design, development, sales and marketing of any such doll or toy.

**REQUEST NO. 159.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**REQUEST NO. 160.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to such doll or toy including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to such toy.

**REQUEST NO. 161.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or  modify such doll or toy including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 162.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing such doll or toy including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of such doll or toy.

**REQUEST NO. 163.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon such doll or toy including, without limitation, the reasons for and factors influencing its decision.

**REQUEST NO. 164.:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie" as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and such doll or toy on the other.

**REQUEST NO. 165.:**

If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was copied from, derived from or infringes any intellectual property owned by MATTEL, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and such intellectual property on the other.

**REQUEST NO. 166.:**

If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was copied from, derived from or infringes any idea, concept, design or product owned by MATTEL, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to such product and the similarities or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and such product on the other.

**REQUEST NO. 167.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and "Funky Tweenz" on the other.

**REQUEST NO. 168.:**

DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of any fashion doll at or for MATTEL, other than "Barbie," since 1995.

**REQUEST NO. 169.:**

DOCUMENTS that name or are otherwise sufficient to identify the individuals

Exhibit 41 - Page 1645

who worked on or were involved in any way with the marketing of any fashion doll at or for MATTEL, other than "Barbie," since 1995.

**REQUEST NO. 170.:**

All DOCUMENTS discussing, mentioning, relating or referring to MATTEL's target market and marketing strategy for its lines of fashion doll before "BRATZ" became commercially available in the summer of 2001, going back to 1995, and MATTEL's target market and marketing strategy for its lines of fashion dolls after "BRATZ" became commercially available in the summer of 2001 to the present.

**REQUEST NO. 171.:**

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to MATTEL's target market and marketing strategy for its lines of fashion doll before "BRATZ" became commercially available in the summer of 2001, going back to 1995, and MATTEL's target market and marketing strategy for its lines of fashion dolls after "BRATZ" became commercially available in the summer of 2001 to the present.

**REQUEST NO. 172.:**

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to litigation against BRYANT.

**REQUEST NO. 173.:**

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to litigation against MGA.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1646

**REQUEST NO. 174.:**

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to litigation involving BRATZ.

**REQUEST NO. 175.:**

All DOCUMENTS constituting, discussing, mentioning, relating or referring to MARKET RESEARCH relating to "BRATZ".

**REQUEST NO. 176.:**

All DOCUMENTS sent to or received from the NPD Group discussing, mentioning, relating or referring to "BRATZ", Isaac Larian, MGA or any MGA past or present employee including, without limitation, Victoria O'Connor and Paula Treantafellas.

**REQUEST NO. 177.:**

All DOCUMENTS sent to or received from CARU discussing, mentioning, relating or referring to "BRATZ", Isaac Larian or MGA.

**REQUEST NO. 178.:**

All DOCUMENTS sent to or received from TIA discussing, mentioning, relating or referring to "BRATZ", Isaac Larian or MGA.

**REQUEST NO. 179.:**

All DOCUMENTS sent to or received from Warner Brothers discussing, mentioning, relating or referring to "BRATZ", Isaac Larian, MGA or any MGA past or present employee including, without limitation, Victoria O'Connor and Paula Treantafellas.

Exhibit 41 - Page 1647

**REQUEST NO. 180.:**

All DOCUMENTS mentioning, referring or relating to BRYANT including, but not limited to, BRYANT's personnel file and all DOCUMENTS on MATTEL's Zeus computer system that mention BRYANT.

**REQUEST NO. 181.:**

All DOCUMENTS constituting, evidencing, referring to or reflecting BRYANT's work at MATTEL, including the projects he worked on.

**REQUEST NO. 182.:**

All DOCUMENTS evidencing the days and hours BRYANT worked for MATTEL, including all time entries and data on MATTEL's "P2" computer system, and all records reflecting the days and hours BRYANT was on vacation or leave of absence.

**REQUEST NO. 183.:**

All DOCUMENTS constituting, consisting of, comprising or reflecting records of all phone calls BRYANT placed and received and all facsimiles BRYANT sent and received during his employment at MATTEL, including, specifically, without limitation, all phone logs, phone records and facsimile transmittals and facsimile records evidencing all phone calls and facsimiles BRYANT placed or received in September and October 2000.

**REQUEST NO. 184.:**

All DOCUMENTS evidencing, showing, demonstrating, depicting, describing, constituting, mentioning, referring to, or relating to any good sold, marketed, or distributed by MGA, or any image, slogan, logo, brand, trademark, trade dress, service mark or other matter used by MGA, which YOU believe is the same as or similar to any idea, concept, creation, design or other work or property owned by YOU.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1648

**REQUEST NO. 185.:**

All DOCUMENTS constituting, mentioning, referring to, or relating to YOUR discovery of, and any efforts made by YOU to discover, the source, author, designer, creator, and owner of any good sold marketed, or distributed by MGA, or any image, slogan, logo, brand, trademark, trade dress, service mark or other matter, which YOU believe is the same as or similar to any idea, concept, creation, design or other work or property owned by YOU, including that date of any such discovery and discovery efforts.

**REQUEST NO. 186.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to BRYANT's involvement with, work on, or connection to the conception, design, creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 187.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 188.:**

All DOCUMENTS mentioning, referring to, or relating to YOUR decision to sue BRYANT including, without limitation, COMMUNICATIONS mentioning, discussing, describing, referring to, or relating to the reasons and factors that influenced the decision, the timing of the decision, and the date and manner in which YOU made the decision.

**REQUEST NO. 189.:**

All DOCUMENTS mentioning, referring to, or relating to any consideration given by MATTEL to acquiring MGA.

**REQUEST NO. 190.:**

All DOCUMENTS mentioning, referring to, or relating to any decision not to sue BRYANT including, without limitation, COMMUNICATIONS mentioning, discussing, describing, referring to, or relating to the reasons and factors that influenced the decision, the timing of the decision, and the date and manner in which YOU made the decision.

**REQUEST NO. 191.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to the date and manner in which YOU first learned of BRYANT's involvement with, work on, and connection to the conception, design, creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 192.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to the date and manner in which YOU first learned of BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 193.:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, DOCUMENTS evidencing or reflecting YOUR efforts to investigate BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 194.:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, DOCUMENTS evidencing or

reflecting YOUR efforts to investigate the nature and scope of BRYANT's involvement with, work on, or connection to the conception, design, creation or development of BRATZ.

**REQUEST NO. 195.:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, all non-privileged DOCUMENTS evidencing or reflecting YOUR efforts to investigate the nature and scope of BRYANT's involvement with, work on, or connection to the conception, design, creation or development of BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 196.:**

All DOCUMENTS mentioning, referring to, or relating to this lawsuit including, without limitation, COMMUNICATIONS with third parties and the press about this lawsuit or that mention, refer to, or relate to this lawsuit.

**REQUEST NO. 197.:**

All COMMUNICATIONS between YOU and MGA.

**REQUEST NO. 198.:**

All COMMUNICATIONS between YOU and Isaac Larian.

**REQUEST NO. 199.:**

All COMMUNICATIONS between YOU and BRYANT.

**REQUEST NO. 200.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRYANT.

**REQUEST NO. 201.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 202.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to the BRATZ CONCEPT.

**REQUEST NO. 203.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to the FIRST BRATZ DOLLS.

**REQUEST NO. 204.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRATZ DOLLS, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS.

**REQUEST NO. 205.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to the BRATZ PACK, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

**REQUEST NO. 206.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to LIL' BRATZ, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any

right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

**REQUEST NO. 207.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRATZ PETZ, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ PETZ.

**REQUEST NO. 208.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRATZ BABYZ, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BABYZ.

**REQUEST NO. 209.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRATZ BOYZ, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ.

**REQUEST NO. 210.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to "Funky Tweenz".

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1653

**REQUEST NO. 211.:**

All DOCUMENTS, including pleadings, deposition transcripts, declarations and other matter generated in the course of any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 212.:**

All COMMUNICATIONS mentioning, referring to, or relating to any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 213.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and Danny K. H. Yu, Paul K. C. Chan or any person at, employed by, working for or under the direction of the law firms of Danny K. H. Yu & Co. and Simon C. W. Yung & Co. on the other, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, "Funky Tweenz," "Toon Teens," or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding o which MGA is or was a party.

**REQUEST NO. 214.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and Toys & Trends (Hong Kong) Limited, Cityworld Limited, or Jurg Willi Kesselring on the other, or any person acting on their behalf or at their direction, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, "Funky Tweenz," "Toon Teens," or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1654

**REQUEST NO. 215.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and any person or entity adverse to MGA, including any person at, employed by, working for or under the direction of the law firms representing clients adverse to MGA, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 216.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and any principal of any entities or persons adverse to MGA on the other, or any person acting on their behalf or at their direction, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 217.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and any third-party on the other, referring or relating to this lawsuit, or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 218.:**

All COMMUNICATIONS sent to or received from any party to any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was party, or any agent or representative of such party, including such party's attorney.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1655

1

**REQUEST NO. 219.:**

2

3

All COMMUNICATIONS, and all DOCUMENTS mentioning, referring to, or

relating to any COMMUNICATION, between YOU on the one hand, and any person

4

consulted or interviewed regarding any fact or issue relating to this lawsuit, including,

5

without limitation, any experts, investigators, or witnesses.

6

**REQUEST NO. 220.:**

7

8

All DOCUMENTS and COMMUNICATIONS received by YOU from any

9

source expressing, suggesting or implying that BRYANT copied or used any idea,

10

design or intellectual property owned by MATTEL in connection with the conception,

11

design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

12

**REQUEST NO. 221.:**

13

All DOCUMENTS and COMMUNICATIONS received by YOU from any

14

source expressing, suggesting or implying that MGA copied or used any idea, design

15

or intellectual property owned by MATTEL in connection with the conception, design

16

or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

17

**REQUEST NO. 222.:**

18

19

All COMMUNICATIONS, and all DOCUMENTS mentioning, describing,

20

discussing, referring or relating to any investigation performed by YOU in response to

21

any COMMUNICATION YOU may have received from any source expressing,

22

suggesting or implying that BRYANT copied or used any idea, design or intellectual

23

property owned by MATTEL in connection with the conception, design or

24

development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

25

**REQUEST NO. 223.:**

26

All COMMUNICATIONS, and all DOCUMENTS mentioning, describing,

27

discussing, referring or relating to any investigation performed by YOU in response to

28

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1656

1   any COMMUNICATION YOU may have received from any source expressing,

2   suggesting or implying that MGA copied or used any idea, design or intellectual

3   property owned by MATTEL in connection with the conception, design or

4   development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

5   **REQUEST NO. 224.:**

6
7       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

    describing discussing, referring or relating to all COMMUNICATIONS with Anna
8
    Rhee that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or
9
    BRYANT's work for MGA.
10

11  **REQUEST NO. 225.:**

12      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

13  describing discussing, referring or relating to all COMMUNICATIONS with Anna

14  Rhee that refer or relate to this litigation, the facts and circumstances giving rise to

15  this litigation, or BRYANT's alleged misconduct.

16  **REQUEST NO. 226.:**

17
18      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

    describing discussing, referring or relating to all COMMUNICATIONS with
19
    Margaret Leahy  that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ
20
    DOLLS or BRYANT's work for MGA.
21

22  **REQUEST NO. 227.:**

23      All COMMUNICATIONS, and all DOCUMENTS constituting, mentioning,

24  describing discussing, referring or relating to all COMMUNICATIONS with

25  Margaret Leahy that refer or relate to this litigation, the facts and circumstances giving

26  rise to this litigation, or BRYANT's alleged misconduct.

27

28

**REQUEST NO. 228.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Margaret Leahy's husband that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 229.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Margaret Leahy's husband that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 230.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Victoria O'Connor  that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 231.:**

All COMMUNICATIONS, and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Victoria O'Connor that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 232.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Ramona Prince that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1658

**REQUEST NO. 233.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Ramona Prince that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 234.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Lilly Martinez that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 235.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Lilly Martinez that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 236.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Ron Longsdorff that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 237.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Ron Longsdorff that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 238.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Matt Bousquette that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 239.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Matt Bousquette that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 240.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Adrienne Fontanella that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 241.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Adrienne Fontanella that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 242.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Tim Kilpin that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

66                          MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1660

**REQUEST NO. 243.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Tim Kilpin that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 244.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Sujata Luther that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 245.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Sujata Luther that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 246.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Alan Kaye that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 247.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Alan Kaye that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 248.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Veronica Marlowe that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 249.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Veronica Marlowe that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 250.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with any current or former MATTEL employee or contractor that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 251.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with any current or former MATTEL employee or contractor that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 252.:**

All DOCUMENTS and COMMUNICATIONS constituting, discussing, mentioning, describing, referring or relating to the August 5, 2002 anonymous letter

sent to Robert Eckert produced in this litigation by MATTEL bearing Bates serial number M 13841.

**REQUEST NO. 253.:**

All DOCUMENTS and COMMUNICATIONS constituting, discussing, mentioning, describing, referring or relating to any investigation of or follow-up regarding the August 5, 2002 anonymous letter sent to Robert Eckert produced in this litigation by MATTEL bearing Bates serial number M 13841.

**REQUEST NO. 254.:**

All DOCUMENTS, such as organizational charts, describing, depicting, or relating to the corporate structure, chain-of-command, and reporting structure of MATTEL since 1997, and DOCUMENTS sufficient to IDENTIFY its past and present officers and directors since 1997.

**REQUEST NO. 255.:**

All DOCUMENTS, such as organizational charts, describing, depicting, or relating to BRYANT's place in the corporate structure, chain-of-command, and reporting structure of MATTEL since 1997.

**REQUEST NO. 256.:**

DOCUMENTS sufficient to show BRYANT's immediate supervisors and all co-workers in BRYANT's department during the periods of BRYANT's employment with MATTEL.

**REQUEST NO. 257.:**

All DOCUMENTS including, without limitation, YOUR corporate resolutions, and minutes of all meetings of YOUR directors or shareholders in which this lawsuit, BRATZ INTELLECTUAL PROPERTY, the BRATZ CONCEPT, or BRYANT was discussed.

**REQUEST NO. 258.:**

All DOCUMENTS relating to Bryant's employment including, without limitation, DOCUMENTS reflecting the period and conditions of the employment, the terms of the employment, and his job duties and responsibilities.

**REQUEST NO. 259.:**

All DOCUMENTS that evidence, describe, mention, refer or relate to the similarity of any art work created by any MATTEL employee, including but not limited to BRYANT, prior to October 20, 2000, to BRATZ.

**REQUEST NO. 260.:**

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of BRYANT other than his work for MATTEL.

**REQUEST NO. 261.:**

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed in connection with the conception, creation, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 262.:**

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed, while such person was employed by MATTEL, in connection with the conception, creation, design or development of any intellectual property done for or at the request of any company, entity or person other than MATTEL.

**REQUEST NO. 263.:**

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed, while such

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1664

person was employed by MATTEL, in connection with the conception, creation, design or development of any doll or toy done for or at the request of any company, entity or person other than MATTEL.

**REQUEST NO. 264.:**

All DOCUMENTS that constitute, describe, mention, refer or relate to MATTEL's policy regarding part-time employment at MATTEL.

**REQUEST NO. 265.:**

All DOCUMENTS that constitute, describe, mention, refer or relate to MATTEL's policy regarding temporary employment at MATTEL.

**REQUEST NO. 266.:**

All DOCUMENTS that constitute, describe, mention, refer or relate to MATTEL's policy regarding part-time employment at MATTEL including, without limitation, all DOCUMENTS, including agreements and contracts, that describe, discuss, govern, control, regulate or limit how and to what extent a person employed part-time at MATTEL is allowed, or not allowed, to work for him or herself or other companies or entities, including MGA, while employed by MATTEL.

**REQUEST NO. 267.:**

All DOCUMENTS that constitute, describe, mention, refer or relate to MATTEL's policy regarding temporary employment at MATTEL including, without limitation, all DOCUMENTS, including agreements and contracts, that describe, discuss, govern, control, regulate or limit how and to what extent a person employed part-time at MATTEL is allowed, or not allowed, to work for him or herself or other companies or entities, including MGA, while employed by MATTEL.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1665

**REQUEST NO. 268.:**

All hard drives and back-up data, no matter how stored, for all computers used by BRYANT while employed by MATTEL, to the extent such drives and back-up data contain data made or accessed by, sent to or received by BRYANT.

**REQUEST NO. 269.:**

All DOCUMENTS that constitute, evidence, describe, depict, refer or relate to any art work or other work product done by YOU that YOU contend BRYANT utilized or used in connection with his creation of anything for MGA, including, without limitation, BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 270.:**

All DOCUMENTS and COMMUNICATIONS in YOUR possession that were exchanged between BRYANT and Anne Wang.

**REQUEST NO. 271.:**

All DOCUMENTS and COMMUNICATIONS in YOUR possession that were exchanged between BRYANT and MGA.

**REQUEST NO. 272.:**

All non-privileged DOCUMENTS and COMMUNICATIONS mentioning, discussing, referring or relating to the "product licensing" and "Licensor Approval Form" that is described at entries numbers 8, 9, 10 and 11 on Mattel's privilege log including, without limitation, the Licensor Approval Form.

**REQUEST NO. 273.:**

All non-privileged DOCUMENTS and COMMUNICATIONS constituting, mentioning, discussing, referring or relating to the "packaging" described at entries numbers 20 and 21 on Mattel's privilege log.

**REQUEST NO. 274.:**

All DOCUMENTS referring or relating to the creation, design, development, actual sale, proposed sale, actual marketing, proposed marketing, patent, trademark, trade dress, copyright or other intellectual property rights in, to or of the feet, shoes or skates of the "Barbie" on roller skates or roller-blades that is disclosed in the documents that MATTEL produced in this action.

**REQUEST NO. 275.:**

All DOCUMENTS evidencing whether and how BRYANT had access to, knew of, saw, or worked on the creation, design or development of the feet, shoes or skates of the "Barbie" on roller skates or roller blades that is disclosed in the documents that MATTEL produced in this action.

**REQUEST NO. 276.:**

All DOCUMENTS evidencing whether the "Barbie" on roller skates or roller blades that is disclosed in the documents that MATTEL produced in this action was ever marketed or sold.

**REQUEST NO. 277.:**

All DOCUMENTS mentioning, discussing, referring or relating to the July 18, 2003 Wall Street Journal article in which MATTEL employees and ex-employees are said to be quoted or paraphrased.

**REQUEST NO. 278.:**

All DOCUMENTS naming or otherwise identifying the persons interviewed for the July 18, 2003 Wall Street Journal article in which MATTEL employees and ex-employees are said to be quoted or paraphrased.

**REQUEST NO. 279.:**

All DOCUMENTS received from any third-party in response to any subpoena in this case including, without limitation, Empire Bank, the Mattel Federal Credit Union, Alaska Momma, LA Focus and any SBC entity.

**REQUEST NO. 280.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 9 of the COMPLAINT that BRYANT "was employed by Mattel from September 1995 through April 1998, and then again from January 1999 through October 2000, as a product designer at Mattel's design center in El Segundo, California."

**REQUEST NO. 281.:**

All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing, describing, referring or relating to MATTEL's form "Employee Confidential Information and Inventions Agreement" mentioned in paragraph 10 of the COMPLAINT, its terms and conditions, the interpretation of its terms and conditions, and the enforcement of its terms and conditions, including, without limitation, all draft and final versions and iterations of the Agreement, all DOCUMENTS referring or relating to any discussions or negotiations between MATTEL and anyone regarding the terms or conditions of any version of the Agreement, and all DOCUMENTS evidencing, mentioning, discussing, describing, referring or relating to any instance in which MATTEL has taken any action whatsoever to enforce any term of any version of the Agreement against anyone, including by litigation, arbitration, formal or informal notice, or any other form of action.

**REQUEST NO. 282.:**

All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing, describing, referring or relating to any negotiations between MATTEL and any employee or prospective employee regarding or concerning any term of MATTEL's form "Employee Confidential Information and Inventions Agreement."

**REQUEST NO. 283.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 10 of the COMPLAINT that Bryant executed an Employee Confidential Information and Inventions Agreement "upon starting his second term of employment by Mattel, and as a condition of and in consideration for his employment."

**REQUEST NO. 284.:**

All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing, describing, referring or relating to MATTEL's form "Conflict of Interest Questionnaire" mentioned in paragraph 11 of the COMPLAINT, its terms and the interpretation of its terms, and the enforcement of its terms and conditions, including, without limitation, all draft and final versions and iterations of the Questionnaire, all DOCUMENTS referring or relating to any discussions or negotiations between MATTEL and anyone regarding the terms of any version of the Questionnaire, and all DOCUMENTS evidencing, mentioning, discussing, describing, referring or relating to any instance in which MATTEL has taken any action whatsoever against anyone based on any term of or disclosure provided by way of the Questionnaire, including by litigation, arbitration, formal or informal notice, or any other form of action.

**REQUEST NO. 285.:**

All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing, describing, referring or relating to any negotiations between MATTEL and

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1669

any employee or prospective employee regarding or concerning any term of MATTEL's form "Conflict of Interest Questionnaire."

**REQUEST NO. 286.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 12 of the COMPLAINT that "[i]n late November 2003, Mattel learned that Bryant had secretly aided, assisted and worked for a Mattel competitor."

**REQUEST NO. 287.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 12 of the COMPLAINT that "while Bryant was employed by Mattel, Bryant and the other defendants converted, misappropriated and misused Mattel property and resources," and the allegation that the "property and resources" were "converted, misappropriate and misused" for "the benefit of, and to aid and assist, Bryant personally and Mattel's competitor."

**REQUEST NO. 288.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 13 of the COMPLAINT that "Bryant" made "affirmative misrepresentations to Mattel management upon his departure from Mattel, including, without limitation, all DOCUMENTS constituting, mentioning, discussing, describing, referring or relating to the alleged misrepresentations and all DOCUMENTS evidencing what the alleged misrepresentations were, when they were made and to whom they were made.

**REQUEST NO. 289.:**

All DOCUMENTS constituting, evidencing, referring or relating to any exit interview in which BRYANT participated.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1670

**REQUEST NO. 290.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 13 of the COMPLAINT that "Mattel had no reason to suspect that Bryant had worked for the competitor while still employed by Mattel until late November 2003."

**REQUEST NO. 291.:**

All DOCUMENTS evidencing how, when and under what circumstances Mattel received "through an unrelated legal action, a copy of Bryant's agreement with the competitor," as alleged in paragraph 13 of the COMPLAINT.

**REQUEST NO. 292.:**

All DOCUMENTS mentioning, referring or relating to the "unrelated legal action" described in paragraph 13 of the COMPLAINT.

**REQUEST NO. 293.:**

All DOCUMENTS that YOU received "through" the "unrelated legal action" described in paragraph 13 of the COMPLAINT including, without limitation, the "copy of Bryant's agreement with the competitor."

**REQUEST NO. 294.:**

All DOCUMENTS, including, without limitation, all contracts, agreements and drafts, that YOU or YOUR attorneys have exchanged with, between or among any person or entity that is a party to the "unrelated legal action" described in paragraph 13 of the COMPLAINT, or their counsel.

**REQUEST NO. 295.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 14 of the COMPLAINT that "Bryant breached his contracts with Mattel and violated his duty of loyalty and fiduciary duties to Mattel," and the allegation that

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1671

"other defendants have unlawfully aided and abetted his violation of such duties," and the allegation that "each of the defendants has been unjustly enriched and engaged in acts of conversion."

**REQUEST NO. 296.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 17 of the COMPLAINT that the "Employment Agreement and the Conflict Questionnaire are valid, enforceable contracts."

**REQUEST NO. 297.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 17 of the COMPLAINT that "Mattel has performed each and every term and condition of the Employment Agreement and Conflict Questionnaire required to be performed by Mattel."

**REQUEST NO. 298.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 19 of the COMPLAINT that "Mattel has suffered and will in the future continue to suffer damages."

**REQUEST NO. 299.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "amounts paid by the competitor to Bryant during his Mattel employment" as alleged in paragraph 19 of the COMPLAINT.

**REQUEST NO. 300.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "amounts paid by the competitor to Bryant as result of the work he performed for the competitor during his Mattel employment" as alleged in paragraph 19 of the COMPLAINT.

Exhibit 41 - Page 1672

**REQUEST NO. 301.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "value of information and intellectual property owned by Mattel which Bryant provided to the competitor" as alleged in paragraph 19 of the COMPLAINT.

**REQUEST NO. 302.:**

All DOCUMENTS constituting, evidencing, describing, showing or depicting the "intellectual property owned by Mattel," alleged in paragraph 19 of the COMPLAINT.

**REQUEST NO. 303.:**

All patents, copyright registrations, and trademark registrations covering or relating to the "intellectual property owned by Mattel," alleged in paragraph 19 of the COMPLAINT, and any other indicia of ownership, authorship and inventorship including, without limitation, any assignments or licenses for or to the alleged property.

**REQUEST NO. 304.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "value of the benefits the competitor obtained from Bryant during the time he was employed by Mattel" as alleged in paragraph 19 of the COMPLAINT.

**REQUEST NO. 305.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "value of the benefits the competitor obtained from Bryant as a result of the work he performed for the competitor during his Mattel employment" as alleged in paragraph 19 of the COMPLAINT.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1673

**REQUEST NO. 306.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 20 of the COMPLAINT that "Bryant's conduct" has caused "irreparable injury to Mattel."

**REQUEST NO. 307.:**

All DOCUMENTS describing, discussing, mentioning, referring or relating to the nature, extent and substance of the "irreparable injury" alleged in paragraph 20 of the COMPLAINT.

**REQUEST NO. 308.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that "Bryant held a position of trust and confidence with Mattel."

**REQUEST NO. 309.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT hold or held positions of trust and confidence with MATTEL.

**REQUEST NO. 310.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that "Bryant had access to" "Mattel's proprietary and confidential information."

**REQUEST NO. 311.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT had or have access to MATTEL's proprietary and confidential information.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1674

**REQUEST NO. 312.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 229 of the COMPLAINT that "Bryant. . . was entrusted with Mattel's proprietary and confidential information."

**REQUEST NO. 313.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT were or are entrusted with MATTEL's proprietary and confidential information.

**REQUEST NO. 314.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "supervised the work of others.

**REQUEST NO. 315.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT supervised or supervise the work of others.

**REQUEST NO. 316.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "exercised discretion" in "many of his job assignments and duties."

**REQUEST NO. 317.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT exercised or exercise discretion in their job assignments and duties.

MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1675

**REQUEST NO. 318.:**

All DOCUMENTS describing, discussing, mentioning, referring or relating to the nature and scope of Bryant's "job assignments and duties" as alleged in paragraph 22 of the COMPLAINT.

**REQUEST NO. 319.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "worked independently in many of his job assignments and duties."

**REQUEST NO. 320.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT worked or work independently in their job assignments and duties.

**REQUEST NO. 321.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "represented Mattel in its dealings with third parties."

**REQUEST NO. 322.:**

All DOCUMENTS evidencing all instances in which BRYANT represented MATTEL in any dealing with any third party.

**REQUEST NO. 323.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT represented or represent MATTEL in its dealings with third parties.

Exhibit 41 - Page 1676

**REQUEST NO. 324.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "in the course and scope of his employment with Mattel, was an agent of Mattel," including, without limitation, all DOCUMENTS evidencing, describing, discussing, mentioning, referring or relating to the nature and scope of the alleged agency.

**REQUEST NO. 325.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 25 of the COMPLAINT that "Mattel has incurred damages" as a "direct and proximate result of defendants' wrongful conduct."

**REQUEST NO. 326.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 26 of the COMPLAINT that "[d]efendants acted with malice, fraud and oppression."

**REQUEST NO. 327.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 36 of the COMPLAINT that "[d]efendants. . . used and diverted Mattel property, resources and opportunities for the benefit of, and to aid and assist, themselves."

**REQUEST NO. 328.:**

All DOCUMENTS constituting, identifying, evidencing, describing, showing or depicting the "used and diverted Mattel property" mentioned in paragraph 36 of the COMPLAINT.

**REQUEST NO. 329.:**

All DOCUMENTS constituting, identifying, evidencing, describing, showing or depicting the "used and diverted Mattel . . . resources" mentioned in paragraph 36 of the COMPLAINT.

**REQUEST NO. 330.:**

All DOCUMENTS identifying, evidencing or describing the "used and diverted . . . opportunities" mentioned in paragraph 36 of the COMPLAINT.

**REQUEST NO. 331.:**

All DOCUMENTS estimating, calculating, determining or evidencing the amount by which "Defendants have been unjustly enriched" as alleged in paragraph 36 of the COMPLAINT.

**REQUEST NO. 332.:**

All DOCUMENTS constituting, identifying, evidencing, describing, showing, depicting, discussing, mentioning, referring and relating to the "ideas, concepts, rights designs, proprietary information, and other intellectual property and intangible property created by Bryant" alleged to be the "property of Mattel" in paragraph 41 of the COMPLAINT.

Dated: January 31, 2004

DIANA M. TORRES
PAULA E. AMBROSINI
ALICIA C. MEYER
O'MELVENY & MYERS LLP

Paula E. Ambrosini,
Attorneys for MGA Entertainment, Inc.

84                    MGA'S FIRST SET OF DOCUMENT REQUESTS

Exhibit 41 - Page 1678

# PROOF OF SERVICE

I, Suzanne I. Jimenez, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On January 31, 2005, I served the within document:

## MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒     by putting a true and correct copy thereof, together with an unsigned copy of this declaration, in a sealed envelope designated by the carrier, with delivery fees paid or provided for, for delivery the same business day to the person(s) listed above. I am readily familiar with this firm's practice for collection and processing of overnight courier correspondence. In the ordinary course of business, such correspondence collected from me would be processed on the same day, with fees thereon fully prepaid.

Michael T. Zeller           **VIA HAND-DELIVERY**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

Keith Jacoby             **VIA REGULAR MAIL**
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 31, 2005, at Los Angeles, California.

*Suzanne I. Jimenez*
Suzanne I. Jimenez

Exhibit 41 - Page 1679