# Exhibit 42

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2  Michael T. Zeller (Bar No. 196417)
   Jon D. Corey (Bar No. 185066)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
5
   Attorneys for Plaintiff and Counter-Defendant
6  Mattel, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware corporation,  )  Case No. CV 04-09059 NM (RNBx)

12                Plaintiff,               )  MATTEL, INC.'S RESPONSES TO
                                           )  MGA'S FIRST SET OF REQUESTS
13       v.                                )  FOR THE PRODUCTION OF
                                           )  DOCUMENTS AND THINGS
14  CARTER BRYANT, an individual, and      )
    DOES 1 through 10, inclusive,          )
15                                         )
                  Defendants.              )
16                                         )
    _____
17  CARTER BRYANT, on behalf of himself,   )
18  all present and former employees of    )
    Mattel, Inc., and the general public,  )
19                                         )
                  Counterclaimant,         )
20                                         )
         v.                                )
21                                         )
    MATTEL, INC., a Delaware corporation,  )
22                                         )
                  Counter-defendant.       )
23                                         )

24

25  PROPOUNDING PARTY:     MGA ENTERTAINMENT, INC.

26  RESPONDING PARTY:      MATTEL, INC.

27  SET NUMBER:            ONE (1)

28

07209/636684.2
_____
           MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

## Preliminary Statement

Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's partial response to any of the First Set of Requests for Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the requests on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual request:

1. Mattel objects to the Requests on the grounds that they seek to impose obligations upon Mattel beyond those required or permitted by the Federal Rules of Civil Procedure.

2. Mattel objects to the Requests on the grounds that they call for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges, including without limitation the privilege against disclosure of the identities and work product of consulting experts. Such documents and information will not be produced.

-2-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

3.    Mattel objects to the Requests on the grounds that they call for information that is not relevant to the claims or defenses of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

5.    Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

6.    Mattel objects to the Requests on the grounds that they are unduly burdensome and oppressive, including without limitation in seeking "all" documents that evidence, refer or relate to a given topic.  Mattel will make available for inspection and copying those documents and tangible items that it is able to locate after a reasonable, good-faith search for and review of non-privileged files that are reasonably likely to contain responsive documents and tangible things.

7.    Mattel objects to the Requests on the grounds that they seek documents whose production would violate the terms of agreements entered into with third parties, or violate the privacy, contractual, or other rights of third parties.

8.    Mattel objects to the Requests on the grounds that the definition of "Mattel" is overbroad, vague and ambiguous and unduly burdensome.

9.     Mattel objects to the Requests on the grounds that they seek confidential, proprietary and trade secret information. Such information, to the extent it is relevant to this action and either has been or will be produced, has been and will be produced only in reliance upon and pursuant to protective order.

10.     Mattel objects to the Requests on the grounds that they seek documents containing confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that have no bearing on the claims or defenses in this matter.

11.     Mattel objects to each and every request to the extent that they seek documents already produced in this action. Documents which have already been produced will not be produced a second time in response to these requests.

12.     Mattel objects to each Request seeking information on damages on that grounds that it is premature in that it seeks expert discovery. Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders.

13.     Mattel objects to each Request seeking information on damages on that grounds that it is premature and unreasonably burdensome in that such information is in the possession, custody and control of defendants and third parties associated with defendants but has not been disclosed by defendants and their associated third parties.

14.     Mattel objects to the time, place and manner of production specified in defendant's Requests. Mattel will produce responsive, non-privileged documents and tangible things, if any, in accordance with its responses at a time and place and in a manner that is reasonable, convenient and mutually agreed upon by the parties.

## RESPONSES TO REQUESTS FOR PRODUCTION

1

2      Each of the following objections and responses to the Requests is expressly

3 made subject to the above Preliminary Statement and General Objections, all of

4 which are incorporated in each of the following objections and responses to

5 specific requests. A statement by Mattel that it will produce documents or

6 tangible things in response to a Request is not intended to suggest, nor should it be

7 construed to mean, that any such documents or tangible things exist, or that they

8 are in Mattel's possession, custody or control.

9

10 REQUEST NO. 1:

11      All DOCUMENTS mentioning, referring or relating to BRATZ

12 INTELLECTUAL PROPERTY.

13

14 RESPONSE TO REQUEST NO. 1:

15      In addition to the general objections stated above which are incorporated

16 herein by reference, Mattel objects to this Request as being overbroad, unduly

17 burdensome and oppressive on the grounds that it is not limited in time or

18 geographical scope, and seeks all documents in Mattel's possession, custody and

19 control mentioning, referring or relating to "Bratz Intellectual Property." Mattel

20 further objects to this Request on the ground that the term "Bratz Intellectual

21 Property" is vague and ambiguous. Mattel further objects to this Request on the

22 grounds that such discovery from Mattel is overbroad, unduly burdensome,

23 oppressive and not likely to the lead to the discovery of admissible evidence in

24 that Mattel's actions in relation to "Bratz" are not at issue in this action and are

25 irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of

26 defendants and third parties associated with defendants in connection with the

27 projects that defendant Bryant worked on with defendant MGA, which is

28 information known to and within the possession, custody and control of

1  defendants and their associated third parties.  Mattel further objects to this Request

2  on the grounds that it seeks documents that are publicly available documents and

3  hence are equally available to defendants.  Mattel further objects to this Request

4  on the grounds that it calls for the disclosure of information subject to the

5  attorney-client privilege, the attorney work-product doctrine and other applicable

6  privileges.  Mattel further objects to this Request on the grounds that it seeks

7  Mattel's confidential, proprietary and trade secret information, such as current and

8  future Mattel marketing and pricing plans and strategies, that could have no

9  conceivable bearing on the claims or defenses in this case.  Mattel further objects

10  to this Request on the grounds that it is duplicative of or subsumed within prior

11  Requests already responded to and seeks the re-production of information and

12  documents already produced in this action.  Such information and documents will

13  not be re-produced.

14

15  REQUEST NO. 2:

16      All DOCUMENTS mentioning, referring or relating to the BRATZ

17  CONCEPT.

18

19  RESPONSE TO REQUEST NO. 2:

20      In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  unreasonably burdensome and premature in that the facts necessary to determine

23  the whether "images, drawings, pictures, sculpts, molds, prototypes and any other

24  form of artwork" both predate the "First Bratz Dolls" and are "'Bratz'-related" are

25  known by defendants and third parties associated with defendants, but are not

26  known by Mattel at this juncture because of defendants' refusals to produce basic

27  discovery.  Mattel further objects to this Request on the ground that the term

28  "Bratz Concept" is vague and ambiguous.  Mattel further objects to this Request

07209/636684.2

-6-

1   on the grounds that such discovery from Mattel is overbroad, unduly burdensome,

2   oppressive and not likely to the lead to the discovery of admissible evidence in

3   that Mattel's actions in relation to "Bratz" are not at issue in this action and are

4   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

5   defendants and third parties associated with defendants in connection with the

6   projects that defendant Bryant worked on with defendant MGA, which is

7   information known to and within the possession, custody and control of

8   defendants and their associated third parties.  Mattel further objects to this Request

9   on the grounds that it calls for the disclosure of information subject to the

10  attorney-client privilege, the attorney work-product doctrine and other applicable

11  privileges.  Mattel further objects to this Request on the grounds that it is

12  duplicative of or subsumed within prior Requests already responded to and seeks

13  the re-production of information and documents already produced in this action.

14  Such information and documents will not be re-produced.

15

16  REQUEST NO. 3:

17      All DOCUMENTS mentioning, referring or relating to the FIRST BRATZ

18  DOLLS.

19

20  RESPONSE TO REQUEST NO. 3:

21      In addition to the general objections stated above which are incorporated

22  herein by reference, Mattel objects to this Request on the grounds that it calls for

23  the disclosure of information subject to the attorney-client privilege, the attorney

24  work-product doctrine and other applicable privileges.  Mattel further objects to

25  this Request as overbroad, unduly burdensome and oppressive on the grounds that

26  it is not limited in time, and seeks all documents in Mattel's possession, custody

27  and control mentioning, referring or relating to the "First Bratz Dolls," including

28  publicly available documents that are equally available to defendants.  Mattel

1  further objects to this Request on the grounds that such discovery from Mattel is

2  overbroad, unduly burdensome, oppressive and not likely to the lead to the

3  discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

4  line of products are not at issue in this action and are irrelevant to the claims and

5  defenses in this suit.  Rather, at issue are the actions of defendants and third

6  parties associated with defendants in connection with the projects that defendant

7  Bryant worked on with defendant MGA, which is information known to and

8  within the possession, custody and control of defendants and their associated third

9  parties, not Mattel.  Mattel further objects to this Request on the ground that the

10  term "First Bratz Dolls" is vague and ambiguous.  Mattel further objects to this

11  Request on the grounds that it is duplicative of or subsumed within prior Requests

12  already responded to and seeks the re-production of information and documents

13  already produced in this action.  Such information and documents will not be re-

14  produced.

15

16  REQUEST NO. 4:

17      All DOCUMENTS mentioning, referring or relating to the conception,

18  creation, design, development or reduction to practice of the FIRST BRATZ

19  DOLLS.

20

21  RESPONSE TO REQUEST NO. 4:

22      In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request as overbroad, unduly

24  burdensome and oppressive on the grounds that it that it purports to require Mattel

25  to identify documents relating to matters that are currently known to and in the

26  possession, custody and control of Bryant, MGA and nonparties, including

27  nonparties associated with defendant. Mattel further objects to this Request as

28  overbroad and unduly burdensome because it is not limited in time, and seeks all

07209/636684.2

-8-
MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 | documents mentioning, referring or relating to the conception, creation, design,

2 | development or reduction to practice of the "First Bratz Dolls," including publicly

3 | available documents that are equally available to defendants. Mattel further

4 | objects to this Request on the grounds that it calls for the disclosure of information

5 | subject to the attorney-client privilege, the attorney work-product doctrine and

6 | other applicable privileges. Mattel further objects to this Request on the grounds

7 | that it is duplicative of or subsumed within prior Requests already responded to

8 | and seeks the re-production of information and documents already produced in

9 | this action. Such information and documents will not be re-produced.

10 |

11 | REQUEST NO. 5:

12 | All DOCUMENTS mentioning, referring or relating to BRATZ DOLLS, if

13 | YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of

14 | YOUR recovery or damages in this case, any right or interest in, revenues or

15 | profits from, or lost profits or other damages caused by BRATZ DOLLS.

16 |

17 | RESPONSE TO REQUEST NO. 5:

18 | In addition to the general objections stated above which are incorporated

19 | herein by reference, Mattel objects to this Request on the grounds that it is

20 | unreasonably burdensome and premature in that the facts necessary to determine

21 | the full nature and extent of Mattel's relief and damages from defendant's acts or

22 | omissions are known by defendants and third parties associated with defendants,

23 | but are not known by Mattel at this juncture because of defendants' refusals to

24 | produce basic discovery. Mattel further objects to this Request on the grounds

25 | that it is not limited in time or geographical scope, and seeks all documents

26 | mentioning, referring or relating to "Bratz Dolls," including publicly available

27 | documents that are equally available to defendants. Mattel further objects to this

28 | Request on the grounds that such discovery from Mattel is overbroad, unduly

-9-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   burdensome, oppressive and not likely to the lead to the discovery of admissible

2   evidence in that Mattel's actions in relation to the "Bratz" line of products are not

3   at issue in this action and are irrelevant to the claims and defenses in this suit.

4   Rather, at issue are the actions of defendants and third parties associated with

5   defendants in connection with the projects that defendant Bryant worked on with

6   defendant MGA, which is information known to and within the possession,

7   custody and control of defendants and their associated third parties, not Mattel.

8   Mattel further objects to this Request on the grounds that it is improperly phrased

9   as a legal contention.  Mattel further objects to this Request on the grounds that it

10  calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.  Mattel further

12  objects to this Request on the grounds that it seeks confidential, proprietary and

13  trade secret information, such as current and future Mattel marketing and pricing

14  plans and strategies, that has no bearing on the claims or defenses in this case.

15  Mattel further objects to this Request on the grounds that it is duplicative of or

16  subsumed within prior Requests already responded to and seeks the re-production

17  of information and documents already produced in this action.  Such information

18  and documents will not be re-produced.

19

20  REQUEST NO. 6:

21       All DOCUMENTS mentioning, referring or relating to the conception,

22  creation, design, development or reduction to practice of BRATZ DOLLS, if YOU

23  seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of

24  YOUR recovery or damages in this case, any right or interest in, revenues or

25  profits from, or lost profits or other damages caused by BRATZ DOLLS.

26

27

28

07209/636684.2

-10-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

174

Exhibit 42 - Page 1689

RESPONSE TO REQUEST NO. 6:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is not limited in time or geographical scope, and seeks all documents in Mattel's possession, custody and control mentioning, referring or relating to "the conception, creation, design, development or reduction to practice of 'Bratz Dolls,'" including publicly available documents that are equally available to defendants. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further

-11-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1    objects to this Request on the grounds that it is duplicative of or subsumed within

2    prior Requests already responded to and seeks the re-production of information

3    and documents already produced in this action.  Such information and documents

4    will not be re-produced.

5

6    REQUEST NO. 7:

7        All DOCUMENTS mentioning, referring or relating to the BRATZ PACK,

8    if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any

9    part of YOUR recovery or damages in this case, any right or interest in, revenues

10   or profits from, or lost profits or other damages caused by the BRATZ PACK.

11

12   RESPONSE TO REQUEST NO. 7:

13       In addition to the general objections stated above, which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   unreasonably burdensome and premature in that the facts necessary to determine

16   the full nature and extent of Mattel's relief and damages from defendant's acts or

17   omissions are known by defendants and third parties associated with defendants,

18   but are not known by Mattel at this juncture because of defendants' refusals to

19   produce basic discovery.  Mattel further objects to this Request on the grounds

20   that it is not limited in time or geographical scope, and seeks all documents in

21   Mattel's possession, custody and control mentioning, referring or relating to the

22   "Bratz Pack," including publicly available documents that are equally available to

23   defendants.  Mattel further objects to this Request on the grounds that such

24   discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

25   to the lead to the discovery of admissible evidence in that Mattel's actions in

26   relation to the "Bratz" line of products are not at issue in this action and are

27   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

28   defendants and third parties associated with defendants in connection with the

1    projects that defendant Bryant worked on with defendant MGA, which is
2    information known to and within the possession, custody and control of
3    defendants and their associated third parties, not Mattel. Mattel further objects to
4    this Request on the grounds that it seeks confidential, proprietary and trade secret
5    information, such as current and future Mattel marketing and pricing plans and
6    strategies, that has no bearing on the claims or defenses in this case. Mattel
7    further objects to this Request on the grounds that it calls for the disclosure of
8    information subject to the attorney-client privilege, the attorney work-product
9    doctrine and other applicable privileges. Mattel further objects to this Request on
10   the grounds that it is improperly phrased as a legal contention. Mattel further
11   objects to this Request on the grounds that it is duplicative of or subsumed within
12   prior Requests already responded to and seeks the re-production of information
13   and documents already produced in this action. Such information and documents
14   will not be re-produced.
15
16   REQUEST NO. 8:
17        All DOCUMENTS mentioning, referring or relating to the conception,
18   creation, design, development or reduction to practice of the BRATZ PACK, if
19   YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part
20   of YOUR recovery or damages in this case, any right or interest in, revenues or
21   profits from, or lost profits or other damages caused by the BRATZ PACK.
22
23   RESPONSE TO REQUEST NO. 8:
24        In addition to the general objections stated above, which are incorporated
25   herein by reference, Mattel objects to this Request on the grounds that it is vague
26   and ambiguous and is unreasonably burdensome and premature in that the facts
27   necessary to determine the full nature and extent of Mattel's relief and damages
28   from defendant's acts or omissions are known by defendants and third parties

1   associated with defendants, but are not known by Mattel at this juncture because

2   of defendants' refusals to produce basic discovery. Mattel further objects to this

3   Request on the grounds that it is not limited in time or geographical scope, and

4   seeks <u>all</u> documents in Mattel's possession, custody and control mentioning,

5   referring or relating to "the conception, creation, design, development or reduction

6   to practice of the 'Bratz Pack,'" including publicly available documents that are

7   equally available to defendants. Mattel further objects to this Request on the

8   grounds that such discovery from Mattel is overbroad, unduly burdensome,

9   oppressive and not likely to the lead to the discovery of admissible evidence in

10  that Mattel's actions in relation to the "Bratz" line of products are not at issue in

11  this action and are irrelevant to the claims and defenses in this suit. Rather, at

12  issue are the actions of defendants and third parties associated with defendants in

13  connection with the projects that defendant Bryant worked on with defendant

14  MGA, which is information known to and within the possession, custody and

15  control of defendants and their associated third parties, not Mattel. Mattel further

16  objects to this Request on the grounds that it seeks confidential, proprietary and

17  trade secret information, such as current and future Mattel marketing and pricing

18  plans and strategies, that has no bearing on the claims or defenses in this case.

19  Mattel further objects to this Request on the grounds that it calls for the disclosure

20  of information subject to the attorney-client privilege, the attorney work-product

21  doctrine and other applicable privileges. Mattel further objects to this Request on

22  the grounds that it is improperly phrased as a legal contention. Mattel further

23  objects to this Request on the grounds that it is duplicative of or subsumed within

24  prior Requests already responded to and seeks the re-production of information

25  and documents already produced in this action. Such information and documents

26  will not be re-produced.

27

28

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

178

Exhibit 42 - Page 1693

REQUEST NO. 9:

     All DOCUMENTS mentioning, referring or relating to LIL' BRATZ, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

RESPONSE TO REQUEST NO. 9:

     In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request on the grounds that it is not limited in time or geographical scope, and seeks all documents in Mattel's possession, custody and control mentioning, referring or relating to "Lil' Bratz," including publicly available documents that are equally available to defendants.  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and

-15-

1  strategies, that has no bearing on the claims or defenses in this case.  Mattel

2  further objects to this Request on the grounds that it calls for the disclosure of

3  information subject to the attorney-client privilege, the attorney work-product

4  doctrine and other applicable privileges.  Mattel further objects to this Request on

5  the grounds that it is improperly phrased as a legal contention.  Mattel further

6  objects to this Request on the grounds that it is duplicative of or subsumed within

7  prior Requests already responded to and seeks the re-production of information

8  and documents already produced in this action.  Such information and documents

9  will not be re-produced.

10

11 REQUEST NO. 10:

12      All DOCUMENTS mentioning, referring or relating to the conception,

13 creation, design, development or reduction to practice of LIL' BRATZ; if YOU

14 seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR

15 recovery or damages in this case, any right or interest in, revenues or profits from,

16 or lost profits or other damages caused by LIL' BRATZ.

17

18 RESPONSE TO REQUEST NO. 10:

19      In addition to the general objections stated above, which are incorporated

20 herein by reference, Mattel objects to this Request on the grounds that it is

21 unreasonably burdensome and premature in that the facts necessary to determine

22 the full nature and extent of Mattel's relief and damages from defendant's acts or

23 omissions are known by defendants and third parties associated with defendants,

24 but are not known by Mattel at this juncture because of defendants' refusals to

25 produce basic discovery.  Mattel further objects to this Request on the grounds

26 that it is not limited in time or geographical scope, and seeks all documents in

27 Mattel's possession, custody and control mentioning, referring or relating to "the

28 conception, creation, design, development or reduction to practice of 'Lil' Bratz,'"

07209/636684.2

-16-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  including publicly available documents that are equally available to defendants.

2  Mattel further objects to this Request on the grounds that such discovery from

3  Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to

4  the discovery of admissible evidence in that Mattel's actions in relation to the

5  "Bratz" line of products are not at issue in this action and are irrelevant to the

6  claims and defenses in this suit.  Rather, at issue are the actions of defendants and

7  third parties associated with defendants in connection with the projects that

8  defendant Bryant worked on with defendant MGA, which is information known to

9  and within the possession, custody and control of defendants and their associated

10  third parties, not Mattel.  Mattel further objects to this Request on the grounds that

11  it seeks confidential, proprietary and trade secret information, such as current and

12  future Mattel marketing and pricing plans and strategies, that has no bearing on

13  the claims or defenses in this case.  Mattel further objects to this Request on the

14  grounds that it calls for the disclosure of information subject to the attorney-client

15  privilege, the attorney work-product doctrine and other applicable privileges.

16  Mattel further objects to this Request on the grounds that it is improperly phrased

17  as a legal contention.  Mattel further objects to this Request on the grounds that it

18  is duplicative of or subsumed within prior Requests already responded to and

19  seeks the re-production of information and documents already produced in this

20  action.  Such information and documents will not be re-produced.

21

22  REQUEST NO. 11:

23      All DOCUMENTS mentioning, referring or relating to BRATZ PETZ, if

24  YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of

25  YOUR recovery or damages in this case, any right or interest in, revenues or

26  profits from, or lost profits or other damages caused by BRATZ PETZ.

27

28

07209/636684.2

-17-
MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

<u>RESPONSE TO REQUEST NO. 11:</u>

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is not limited in time or geographical scope, and seeks all documents in Mattel's possession, custody and control mentioning, referring or relating to "Bratz Petz," including publicly available documents that are equally available to defendants. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within

1  prior Requests already responded to and seeks the re-production of information

2  and documents already produced in this action.  Such information and documents

3  will not be re-produced.

4

5  REQUEST NO. 12:

6      All DOCUMENTS mentioning, referring or relating to the conception,

7  creation, design, development or reduction to practice of BRATZ PETZ, if YOU

8  seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR

9  recovery or damages in this case, any right or interest in, revenues or profits from,

10  or lost profits or other damages caused by BRATZ PETZ.

11

12  RESPONSE TO REQUEST NO. 12:

13      In addition to the general objections stated above, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  unreasonably burdensome and premature in that the facts necessary to determine

16  the full nature and extent of Mattel's relief and damages from defendant's acts or

17  omissions are known by defendants and third parties associated with defendants,

18  but are not known by Mattel at this juncture because of defendants' refusals to

19  produce basic discovery.  Mattel further objects to this Request on the grounds

20  that it is not limited in time or geographical scope, and seeks all documents in

21  Mattel's possession, custody and control mentioning, referring or relating to "the

22  conception, creation, design, development or reduction to practice of 'Bratz Petz,'"

23  including publicly available documents that are equally available to defendants.

24  Mattel further objects to this Request on the grounds that such discovery from

25  Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to

26  the discovery of admissible evidence in that Mattel's actions in relation to the

27  "Bratz" line of products are not at issue in this action and are irrelevant to the

28  claims and defenses in this suit.  Rather, at issue are the actions of defendants and

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

183

Exhibit 42 - Page 1698

1 third parties associated with defendants in connection with the projects that

2 defendant Bryant worked on with defendant MGA, which is information known to

3 and within the possession, custody and control of defendants and their associated

4 third parties, not Mattel. Mattel further objects to this Request on the grounds that

5 it seeks confidential, proprietary and trade secret information, such as current and

6 future Mattel marketing and pricing plans and strategies, that has no bearing on

7 the claims or defenses in this case. Mattel further objects to this Request on the

8 grounds that it calls for the disclosure of information subject to the attorney-client

9 privilege, the attorney work-product doctrine and other applicable privileges.

10 Mattel further objects to this Request on the grounds that it is improperly phrased

11 as a legal contention. Mattel further objects to this Request on the grounds that it

12 is duplicative of or subsumed within prior Requests already responded to and

13 seeks the re-production of information and documents already produced in this

14 action. Such information and documents will not be re-produced.

15

16 REQUEST NO. 13:

17     All DOCUMENTS mentioning, referring or relating to BRATZ BABYZ, if

18 YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part

19 of YOUR recovery or damages in this case, any right or interest in, revenues or

20 profits from, or lost profits or other damages caused by BRATZ BABYZ.

21

22 RESPONSE TO REQUEST NO. 13:

23     In addition to the general objections stated above, which are incorporated

24 herein by reference, Mattel objects to this Request on the grounds that it is

25 unreasonably burdensome and premature in that the facts necessary to determine

26 the full nature and extent of Mattel's relief and damages from defendant's acts or

27 omissions are known by defendants and third parties associated with defendants,

28 but are not known by Mattel at this juncture because of defendants' refusals to

1 | produce basic discovery. Mattel further objects to this Request on the grounds
2 | that it is not limited in time or geographical scope, and seeks all documents in
3 | Mattel's possession, custody and control mentioning, referring or relating to
4 | "Bratz Babyz," including publicly available documents that are equally available
5 | to defendants. Mattel further objects to this Request on the grounds that such
6 | discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely
7 | to the lead to the discovery of admissible evidence in that Mattel's actions in
8 | relation to the "Bratz" line of products are not at issue in this action and are
9 | irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of
10 | defendants and third parties associated with defendants in connection with the
11 | projects that defendant Bryant worked on with defendant MGA, which is
12 | information known to and within the possession, custody and control of
13 | defendants and their associated third parties, not Mattel. Mattel further objects to
14 | this Request on the grounds that it seeks confidential, proprietary and trade secret
15 | information, such as current and future Mattel marketing and pricing plans and
16 | strategies, that has no bearing on the claims or defenses in this case. Mattel
17 | further objects to this Request on the grounds that it calls for the disclosure of
18 | information subject to the attorney-client privilege, the attorney work-product
19 | doctrine and other applicable privileges. Mattel further objects to this Request on
20 | the grounds that it is improperly phrased as a legal contention. Mattel further
21 | objects to this Request on the grounds that it is duplicative of or subsumed within
22 | prior Requests already responded to and seeks the re-production of information
23 | and documents already produced in this action. Such information and documents
24 | will not be re-produced.
25 |
26 | REQUEST NO. 14:
27 |      All DOCUMENTS mentioning, referring or relating to the conception,
28 | creation, design, development or reduction to practice of the BRATZ BABYZ, if

-21-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part

2  of YOUR recovery or damages in this case, any right or interest in, revenues or

3  profits from, or lost profits or other damages caused by BRATZ BABYZ.

4

5  RESPONSE TO REQUEST NO. 14:

6      In addition to the general objections stated above, which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  unreasonably burdensome and premature in that the facts necessary to determine

9  the full nature and extent of Mattel's relief and damages from defendant's acts or

10 omissions are known by defendants and third parties associated with defendants,

11 but are not known by Mattel at this juncture because of defendants' refusals to

12 produce basic discovery.  Mattel further objects to this Request on the grounds

13 that it is not limited in time or geographical scope, and seeks all documents in

14 Mattel's possession, custody and control mentioning, referring or relating to "the

15 conception, creation, design, development or reduction to practice of 'Bratz

16 Babyz,'" including publicly available documents that are equally available to

17 defendants.  Mattel further objects to this Request on the grounds that such

18 discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

19 to the lead to the discovery of admissible evidence in that Mattel's actions in

20 relation to the "Bratz" line of products are not at issue in this action and are

21 irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

22 defendants and third parties associated with defendants in connection with the

23 projects that defendant Bryant worked on with defendant MGA, which is

24 information known to and within the possession, custody and control of

25 defendants and their associated third parties, not Mattel.  Mattel further objects to

26 this Request on the grounds that it seeks confidential, proprietary and trade secret

27 information, such as current and future Mattel marketing and pricing plans and

28 strategies, that has no bearing on the claims or defenses in this case.  Mattel

1  further objects to this Request on the grounds that it calls for the disclosure of

2  information subject to the attorney-client privilege, the attorney work-product

3  doctrine and other applicable privileges.  Mattel further objects to this Request on

4  the grounds that it is improperly phrased as a legal contention.  Mattel further

5  objects to this Request on the grounds that it is duplicative of or subsumed within

6  prior Requests already responded to and seeks the re-production of information

7  and documents already produced in this action.  Such information and documents

8  will not be re-produced.

9

10  REQUEST NO. 15:

11        All DOCUMENTS mentioning, referring or relating to BRATZ BOYZ, if

12  YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of

13  YOUR recovery or damages in this case, any right or interest in, revenues or

14  profits from, or lost profits or other damages caused by BRATZ BOYZ.

15

16  RESPONSE TO REQUEST NO. 15:

17        In addition to the general objections stated above, which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  unreasonably burdensome and premature in that the facts necessary to determine

20  the full nature and extent of Mattel's relief and damages from defendant's acts or

21  omissions are known by defendants and third parties associated with defendants,

22  but are not known by Mattel at this juncture because of defendants' refusals to

23  produce basic discovery.  Mattel further objects to this Request on the grounds

24  that it is not limited in time or geographical scope, and seeks <u>all</u> documents in

25  Mattel's possession, custody and control mentioning, referring or relating to

26  "Bratz Boyz," including publicly available documents that are equally available to

27  defendants.  Mattel further objects to this Request on the grounds that such

28  discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

07209/636684.2

-23-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   to the lead to the discovery of admissible evidence in that Mattel's actions in

2   relation to the "Bratz" line of products are not at issue in this action and are

3   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

4   defendants and third parties associated with defendants in connection with the

5   projects that defendant Bryant worked on with defendant MGA, which is

6   information known to and within the possession, custody and control of

7   defendants and their associated third parties, not Mattel.  Mattel further objects to

8   this Request on the grounds that it seeks confidential, proprietary and trade secret

9   information, such as current and future Mattel marketing and pricing plans and

10   strategies, that has no bearing on the claims or defenses in this case.  Mattel

11   further objects to this Request on the grounds that it calls for the disclosure of

12   information subject to the attorney-client privilege, the attorney work-product

13   doctrine and other applicable privileges.  Mattel further objects to this Request on

14   the grounds that it is improperly phrased as a legal contention.  Mattel further

15   objects to this Request on the grounds that it is duplicative of or subsumed within

16   prior Requests already responded to and seeks the re-production of information

17   and documents already produced in this action.  Such information and documents

18   will not be re-produced.

19

20   REQUEST NO. 16:

21        All DOCUMENTS mentioning, referring or relating to the conception,

22   creation, design, development or reduction to practice of BRATZ BOYZ, if YOU

23   seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of

24   YOUR recovery or damages in this case, any right or interest in, revenues or

25   profits from, or lost profits or other damages caused by BRATZ BOYZ.

26

27

28

07209/636684.2

-24-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 16:

1     RESPONSE TO REQUEST NO. 16:

2          In addition to the general objections stated above, which are incorporated

3     herein by reference, Mattel objects to this Request on the grounds that it is

4     unreasonably burdensome and premature in that the facts necessary to determine

5     the full nature and extent of Mattel's relief and damages from defendant's acts or

6     omissions are known by defendants and third parties associated with defendants,

7     but are not known by Mattel at this juncture because of defendants' refusals to

8     produce basic discovery. Mattel further objects to this Request on the grounds

9     that it is not limited in time or geographical scope, and seeks <u>all</u> documents in

10    Mattel's possession, custody and control mentioning, referring or relating to "the

11    conception, creation, design, development or reduction to practice of 'Bratz

12    Boyz,'" including publicly available documents that are equally available to

13    defendants. Mattel further objects to this Request on the grounds that such

14    discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

15    to the lead to the discovery of admissible evidence in that Mattel's actions in

16    relation to the "Bratz" line of products are not at issue in this action and are

17    irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of

18    defendants and third parties associated with defendants in connection with the

19    projects that defendant Bryant worked on with defendant MGA, which is

20    information known to and within the possession, custody and control of

21    defendants and their associated third parties, not Mattel. Mattel further objects to

22    this Request on the grounds that it seeks confidential, proprietary and trade secret

23    information, such as current and future Mattel marketing and pricing plans and

24    strategies, that has no bearing on the claims or defenses in this case. Mattel

25    further objects to this Request on the grounds that it calls for the disclosure of

26    information subject to the attorney-client privilege, the attorney work-product

27    doctrine and other applicable privileges. Mattel further objects to this Request on

28    the grounds that it is improperly phrased as a legal contention. Mattel further

07209/636684.2

-25-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 objects to this Request on the grounds that it is duplicative of or subsumed within

2 prior Requests already responded to and seeks the re-production of information

3 and documents already produced in this action. Such information and documents

4 will not be re-produced.

5

6 REQUEST NO. 17:

7      All DOCUMENTS referring or relating to BRATZ INTELLECTUAL

8 PROPERTY that YOU have given or shown to any person working on or involved

9 in product conception, creation, design or development at or for MATTEL.

10

11 RESPONSE TO REQUEST NO. 17:

12      In addition to the general objections stated above which are incorporated

13 herein by reference, Mattel objects to this Request as being overbroad, unduly

14 burdensome and oppressive on the grounds that it is not limited in time or

15 geographical scope, and seeks all documents referring or relating to "Bratz

16 Intellectual Property" in Mattel's possession, custody and control given or shown

17 for any reason by anyone at "Mattel," as defined by MGA to include past

18 employees like Bryant, to any person working on or involved in the conception,

19 creation, design or development of any Mattel product, including former and

20 present employees and independent contractors working around the globe. Mattel

21 further objects to this Request on the grounds that such discovery from Mattel is

22 overbroad, unduly burdensome, oppressive and not likely to the lead to the

23 discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

24 line of products are not at issue in this action and are irrelevant to the claims and

25 defenses in this suit. Rather, at issue are the actions of defendants and third

26 parties associated with defendants in connection with the projects that defendant

27 Bryant worked on with defendant MGA, which is information known to and

28 within the possession, custody and control of defendants and their associated third

07209/636684.2

-26-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1    parties, not Mattel.  Mattel further objects to this Request on the ground that the

2    term "Bratz Intellectual Property" is vague and ambiguous.  Mattel further objects

3    to this Request on the grounds that it calls for the disclosure of information subject

4    to the attorney-client privilege, the attorney work-product doctrine and other

5    applicable privileges.

6

7    REQUEST NO. 18:

8         All DOCUMENTS referring or relating to the BRATZ CONCEPT that

9    YOU have given or shown to any person working on or involved in product

10   conception, creation, design or development at or for MATTEL.

11

12   RESPONSE TO REQUEST NO. 18:

13        In addition to the general objections stated above, which are incorporated

14   herein by reference, Mattel objects to this Request as overbroad, unduly

15   burdensome and oppressive on the grounds that it is not limited in time, and seeks

16   all documents in Mattel's possession, custody and control referring or relating to

17   the "Bratz Concept" that was given or shown for any reason by anyone at

18   "Mattel," as defined by MGA to include past employees like Bryant, to any person

19   working on or involved in the conception, creation, design or development of any

20   Mattel product, including former and present employees and independent

21   contractors working around the globe.  Mattel further objects to this Request on

22   the grounds that such discovery from Mattel is overbroad, unduly burdensome,

23   oppressive and not likely to the lead to the discovery of admissible evidence in

24   that Mattel's actions in relation to "Bratz" are not at issue in this action and are

25   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

26   defendants and third parties associated with defendants in connection with the

27   projects that defendant Bryant worked on with defendant MGA, which is

28   information known to and within the possession, custody and control of

07209/636684.2

-27-

1  defendants and their associated third parties, not Mattel.  Mattel further objects to

2  this Request on the grounds that it is unreasonably burdensome and premature in

3  that the facts necessary to determine the whether "images, drawings, pictures,

4  sculpts, molds, prototypes and any other form of artwork" both predate the "First

5  Bratz Dolls" and are "'Bratz'-related" are known by defendants and third parties

6  associated with defendants, but are not known by Mattel at this juncture.  Mattel

7  further objects to this Request on the ground that the term "Bratz Concept" is

8  vague and ambiguous.  Mattel further objects to this Request on the grounds that it

9  calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.

11

12  REQUEST NO. 19:

13       All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS that

14  YOU have given or shown to any person working on or involved in product

15  conception, creation, design or development at or for MATTEL.

16

17  RESPONSE TO REQUEST NO. 19:

18       In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request as being overbroad, unduly

20  burdensome and oppressive on the grounds that it is not limited in time or

21  geographical scope, and seeks all documents in Mattel's possession, custody and

22  control given or shown for any reason by anyone at "Mattel," as defined by MGA

23  to include past employees like Bryant, to any person working on or involved in the

24  conception, creation, design or development of any Mattel product, including

25  former and present employees and independent contractors working around the

26  globe, referring or relating to the "First Bratz Dolls."  Mattel further objects to this

27  Request on the grounds that such discovery from Mattel is overbroad, unduly

28  burdensome, oppressive and not likely to the lead to the discovery of admissible

07209/636684.2

-28-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  evidence in that Mattel's actions in relation to the "Bratz" line of products are not

2  at issue in this action and are irrelevant to the claims and defenses in this suit.

3  Rather, at issue are the actions of defendants and third parties associated with

4  defendants in connection with the projects that defendant Bryant worked on with

5  defendant MGA, which is information known to and within the possession,

6  custody and control of defendants and their associated third parties, not Mattel.

7  Mattel further objects to this Request on the ground that the term "First Bratz

8  Dolls" is vague and ambiguous.  Mattel further objects to this Request on the

9  grounds that it calls for the disclosure of information subject to the attorney-client

10  privilege, the attorney work-product doctrine and other applicable privileges.

11

12  REQUEST NO. 20:

13       All DOCUMENTS referring or relating to the BRATZ PACK that YOU

14  have given or shown to any person working on or involved in product conception,

15  creation, design or development at or for MATTEL, if YOU seek in this case to

16  enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or

17  damages in this case, any right or interest in, revenues or profits from, or lost

18  profits or other damages caused by the BRATZ PACK.

19

20  RESPONSE TO REQUEST NO. 20:

21       In addition to the general objections stated above, which are incorporated

22  herein by reference, Mattel objects to this Request as overbroad, unduly

23  burdensome and oppressive on the grounds that it is not limited in time, and seeks

24  all documents in Mattel's possession, custody and control given or shown for any

25  reason by anyone at "Mattel," as defined by MGA to include past employees like

26  Bryant, to any person working on or involved in the conception, creation, design

27  or development of any Mattel product, including former and present employees

28  and independent contractors working around the globe, referring or relating to the

07209/636684.2

-29-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   "Bratz Pack."  Mattel further objects to this Request on the grounds that such
2   discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely
3   to the lead to the discovery of admissible evidence in that Mattel's actions in
4   relation to the "Bratz" line of products are not at issue in this action and are
5   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of
6   defendants and third parties associated with defendants in connection with the
7   projects that defendant Bryant worked on with defendant MGA, which is
8   information known to and within the possession, custody and control of
9   defendants and their associated third parties, not Mattel.  Mattel further objects to
10   the Request on the grounds that it calls for the disclosure of information subject to
11   the attorney-client privilege, the attorney work-product doctrine and other
12   applicable privileges.  Mattel further objects to this Request on the grounds that it
13   is unreasonably burdensome and premature in that the facts necessary to determine
14   the full nature and extent of Mattel's relief and damages from defendant's acts or
15   omissions are known by defendants and third parties associated with defendants,
16   but are not known by Mattel at this juncture because of defendants' refusals to
17   produce basic discovery.  Mattel further objects to this Request on the grounds
18   that it is improperly phrased as a legal contention.
19
20   REQUEST NO. 21:
21          All DOCUMENTS referring or relating to BRATZ DOLLS that YOU have
22   given or shown to any person working on or involved in product conception,
23   creation, design or development at or for MATTEL, if YOU seek in this case to
24   enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or
25   damages in this case, any right or interest in, revenues or profits from, or lost
26   profits or other damages caused by BRATZ DOLLS.
27
28

07209/636684.2

-30-
MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 21:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by anyone at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on or involved in the conception, creation, design or development of any Mattel product, including former and present employees and independent contractors working around the globe, referring or relating to "Bratz Dolls." Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

07209/636684.2

-31-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 22:

All DOCUMENTS referring or relating to LIL' BRATZ that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

RESPONSE TO REQUEST NO. 22:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by anyone at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on or involved in the conception, creation, design or development of any Mattel product, including former and present employees and independent contractors working around the globe, referring or relating to "Lil' Bratz." Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other

1 | applicable privileges.  Mattel further objects to this Request on the grounds that it

2 | is unreasonably burdensome and premature in that the facts necessary to determine

3 | the full nature and extent of Mattel's relief and damages from defendant's acts or

4 | omissions are known by defendants and third parties associated with defendants,

5 | but are not known by Mattel at this juncture because of defendants' refusals to

6 | produce basic discovery.  Mattel further objects to this Request on the grounds

7 | that it is improperly phrased as a legal contention.

8 |

9 | REQUEST NO. 23:

10 |      All DOCUMENTS referring or relating to BRATZ PETZ that YOU have

11 | given or shown to any person working on or involved in product conception,

12 | creation, design or development at or for MATTEL, if YOU seek in this case to

13 | enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or

14 | damages in this case, any right or interest in, revenues or profits from, or lost

15 | profits or other damages caused by BRATZ PETZ.

16 |

17 | RESPONSE TO REQUEST NO. 23:

18 |      In addition to the general objections stated above, which are incorporated

19 | herein by reference, Mattel objects to this Request as overbroad, unduly

20 | burdensome and oppressive on the grounds that it is not limited in time, and seeks

21 | all documents in Mattel's possession, custody and control given or shown for any

22 | reason by anyone at "Mattel," as defined by MGA to include past employees like

23 | Bryant, to any person working on or involved in the conception, creation, design

24 | or development of any Mattel product, including former and present employees

25 | and independent contractors working around the globe, referring or relating to

26 | "Bratz Petz."  Mattel further objects to this Request on the grounds that such

27 | discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

28 | to the lead to the discovery of admissible evidence in that Mattel's actions in

-33-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  relation to the "Bratz" line of products are not at issue in this action and are

2  irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of

3  defendants and third parties associated with defendants in connection with the

4  projects that defendant Bryant worked on with defendant MGA, which is

5  information known to and within the possession, custody and control of

6  defendants and their associated third parties, not Mattel. Mattel further objects to

7  the Request on the grounds that it calls for the disclosure of information subject to

8  the attorney-client privilege, the attorney work-product doctrine and other

9  applicable privileges. Mattel further objects to this Request on the grounds that it

10 is unreasonably burdensome and premature in that the facts necessary to determine

11 the full nature and extent of Mattel's relief and damages from defendant's acts or

12 omissions are known by defendants and third parties associated with defendants,

13 but are not known by Mattel at this juncture because of defendants' refusals to

14 produce basic discovery. Mattel further objects to this Request on the grounds

15 that it is improperly phrased as a legal contention.

16

17 REQUEST NO. 24:

18      All DOCUMENTS referring or relating to BRATZ BABYZ that YOU have

19 given or shown to any person working on or involved in product conception,

20 creation, design or development at or for MATTEL, if YOU seek in this case to

21 enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or

22 damages in this case, any right or interest in, revenues or profits from, or lost

23 profits or other damages caused by BRATZ BABYZ.

24

25 RESPONSE TO REQUEST NO. 24:

26      In addition to the general objections stated above, which are incorporated

27 herein by reference, Mattel objects to this Request as overbroad, unduly

28 burdensome and oppressive on the grounds that it is not limited in time, and seeks

1   all documents in Mattel's possession, custody and control given or shown for <u>any</u>
2   reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like
3   Bryant, to <u>any</u> person working on <u>or involved</u> in the conception, creation, design
4   or development of <u>any</u> Mattel product, including former and present employees
5   and independent contractors working around the globe, referring or relating to
6   "Bratz Babyz." Mattel further objects to this Request on the grounds that such
7   discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely
8   to the lead to the discovery of admissible evidence in that Mattel's actions in
9   relation to the "Bratz" line of products are not at issue in this action and are
10  irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of
11  defendants and third parties associated with defendants in connection with the
12  projects that defendant Bryant worked on with defendant MGA, which is
13  information known to and within the possession, custody and control of
14  defendants and their associated third parties, not Mattel. Mattel further objects to
15  the Request on the grounds that it calls for the disclosure of information subject to
16  the attorney-client privilege, the attorney work-product doctrine and other
17  applicable privileges. Mattel further objects to this Request on the grounds that it
18  is unreasonably burdensome and premature in that the facts necessary to determine
19  the full nature and extent of Mattel's relief and damages from defendant's acts or
20  omissions are known by defendants and third parties associated with defendants,
21  but are not known by Mattel at this juncture because of defendants' refusals to
22  produce basic discovery. Mattel further objects to this Request on the grounds
23  that it is improperly phrased as a legal contention.
24
25  REQUEST NO. 25:
26      All DOCUMENTS referring or relating to BRATZ BOYZ that YOU have
27  given or shown to any person working on or involved in product conception,
28  creation, design or development at or for MATTEL, if YOU seek in this case to

07209/636684.2

-35-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or

2  damages in this case, any right or interest in, revenues or profits from, or lost

3  profits or other damages caused by BRATZ BOYZ.

4

5  RESPONSE TO REQUEST NO. 25:

6        In addition to the general objections stated above, which are incorporated

7  herein by reference, Mattel objects to this Request as overbroad, unduly

8  burdensome and oppressive on the grounds that it is not limited in time, and seeks

9  all documents in Mattel's possession, custody and control given or shown for any

10  reason by anyone at "Mattel," as defined by MGA to include past employees like

11  Bryant, to any person working on or involved in the conception, creation, design

12  or development of any Mattel product, including former and present employees

13  and independent contractors working around the globe, referring or relating to

14  "Bratz Boyz." Mattel further objects to this Request on the grounds that such

15  discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

16  to the lead to the discovery of admissible evidence in that Mattel's actions in

17  relation to the "Bratz" line of products are not at issue in this action and are

18  irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of

19  defendants and third parties associated with defendants in connection with the

20  projects that defendant Bryant worked on with defendant MGA, which is

21  information known to and within the possession, custody and control of

22  defendants and their associated third parties, not Mattel. Mattel further objects to

23  the Request on the grounds that it calls for the disclosure of information subject to

24  the attorney-client privilege, the attorney work-product doctrine and other

25  applicable privileges. Mattel further objects to this Request on the grounds that it

26  is unreasonably burdensome and premature in that the facts necessary to determine

27  the full nature and extent of Mattel's relief and damages from defendant's acts or

28  omissions are known by defendants and third parties associated with defendants,

07209/636684.2

-36-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  but are not known by Mattel at this juncture because of defendants' refusals to

2  produce basic discovery. Mattel further objects to this Request on the grounds

3  that it is improperly phrased as a legal contention.

4

5  REQUEST NO. 26:

6      All DOCUMENTS referring or relating to BRATZ INTELLECTUAL

7  PROPERTY that YOU have given or shown to any person working on or involved

8  in the conception, creation, design or development of any fashion doll, other than

9  "Barbie".

10

11  RESPONSE TO REQUEST NO. 26:

12      In addition to the general objections stated above, which are incorporated

13  herein by reference, Mattel objects to this Request as overbroad, unduly

14  burdensome and oppressive on the grounds that it is not limited in time, and seeks

15  all documents in Mattel's possession, custody and control given or shown for any

16  reason by anyone at "Mattel," as defined by MGA to include past employees like

17  Bryant, to any person working on or involved in the conception, creation, design

18  or development of any "fashion doll," other than BARBIE dolls, including former

19  and present employees and independent contractors working around the globe,

20  referring or relating to "Bratz Intellectual Property." Mattel further objects to this

21  Request on the grounds that such discovery from Mattel is overbroad, unduly

22  burdensome, oppressive and not likely to the lead to the discovery of admissible

23  evidence in that Mattel's actions in relation to "Bratz" are not at issue in this

24  action and are irrelevant to the claims and defenses in this suit. Rather, at issue

25  are the actions of defendants and third parties associated with defendants in

26  connection with the projects that defendant Bryant worked on with defendant

27  MGA, which is information known to and within the possession, custody and

28  control of defendants and their associated third parties, not Mattel. Mattel further

1 | objects to this Request on the ground that the term "Bratz Intellectual Property" is
2 | vague and ambiguous. Mattel further objects to the Request on the grounds that it
3 | calls for the disclosure of information subject to the attorney-client privilege, the
4 | attorney work-product doctrine and other applicable privileges.
5 |
6 | REQUEST NO. 27:
7 |      All DOCUMENTS referring or relating to the BRATZ CONCEPT that
8 | YOU have given or shown to any person working on or involved in the
9 | conception, creation, design or development of any fashion doll, other than
10 | "Barbie".
11 |
12 | RESPONSE TO REQUEST NO. 27:
13 |      In addition to the general objections stated above, which are incorporated
14 | herein by reference, Mattel objects to this Request as overbroad, unduly
15 | burdensome and oppressive on the grounds that it is not limited in time, and seeks
16 | all documents in Mattel's possession, custody and control given or shown for any
17 | reason by anyone at "Mattel," as defined by MGA to include past employees like
18 | Bryant, to any person working on or involved in the conception, creation, design
19 | or development of any "fashion doll," other than BARBIE dolls, including former
20 | and present employees and independent contractors working around the globe,
21 | referring or relating to the "Bratz Concept." Mattel further objects to this Request
22 | on the grounds that such discovery from Mattel is overbroad, unduly burdensome,
23 | oppressive and not likely to lead to the discovery of admissible evidence in
24 | that Mattel's actions in relation to "Bratz" are not at issue in this action and are
25 | irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of
26 | defendants and third parties associated with defendants in connection with the
27 | projects that defendant Bryant worked on with defendant MGA, which is
28 | information known to and within the possession, custody and control of

07209/636684.2

-38-

defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the whether "images, drawings, pictures, sculpts, molds, prototypes and any other form of artwork" both predate the "First Bratz Dolls" and are "'Bratz'-related" are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture.  Mattel further objects to this Request on the ground that the term "Bratz Concept" is vague and ambiguous.  Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

REQUEST NO. 28:

   All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie".

RESPONSE TO REQUEST NO. 28:

   In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by anyone at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on or involved in the conception, creation, design or development of any "fashion doll," other than BARBIE dolls, including former and present employees and independent contractors working around the globe, referring or relating to the "First Bratz Dolls."  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly

-39-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   burdensome, oppressive and not likely to the lead to the discovery of admissible

2   evidence in that Mattel's actions in relation to the "Bratz" line of products are not

3   at issue in this action and are irrelevant to the claims and defenses in this suit.

4   Rather, at issue are the actions of defendants and third parties associated with

5   defendants in connection with the projects that defendant Bryant worked on with

6   defendant MGA, which is information known to and within the possession,

7   custody and control of defendants and their associated third parties, not Mattel.

8   Mattel further objects to this Request on the ground that the term "First Bratz

9   Dolls" is vague and ambiguous. Mattel further objects to the Request on the

10   grounds that it calls for the disclosure of information subject to the attorney-client

11   privilege, the attorney work-product doctrine and other applicable privileges.

12

13   REQUEST NO. 29:

14       All DOCUMENTS referring or relating to the BRATZ PACK that YOU

15   have given or shown to any person working on or involved in the conception,

16   creation, design or development of any fashion doll, other than "Barbie," if YOU

17   seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of

18   YOUR recovery or damages in this case, any right or interest in, revenues or

19   profits from, or lost profits or other damages caused by the BRATZ PACK.

20

21   RESPONSE TO REQUEST NO. 29:

22       In addition to the general objections stated above, which are incorporated

23   herein by reference, Mattel objects to this Request as overbroad, unduly

24   burdensome and oppressive on the grounds that it is not limited in time, and seeks

25   all documents in Mattel's possession, custody and control given or shown for any

26   reason by anyone at "Mattel," as defined by MGA to include past employees like

27   Bryant, to any person working on or involved in the conception, creation, design

28   or development of any "fashion doll," other than BARBIE dolls, including former

07209/636684.2

-40-

1   and present employees and independent contractors working around the globe,

2   referring or relating to the "Bratz Pack."  Mattel further objects to this Request on

3   the grounds that such discovery from Mattel is overbroad, unduly burdensome,

4   oppressive and not likely to the lead to the discovery of admissible evidence in

5   that Mattel's actions in relation to the "Bratz" line of products are not at issue in

6   this action and are irrelevant to the claims and defenses in this suit.  Rather, at

7   issue are the actions of defendants and third parties associated with defendants in

8   connection with the projects that defendant Bryant worked on with defendant

9   MGA, which is information known to and within the possession, custody and

10  control of defendants and their associated third parties, not Mattel.  Mattel further

11  objects to the Request on the grounds that it calls for the disclosure of information

12  subject to the attorney-client privilege, the attorney work-product doctrine and

13  other applicable privileges.  Mattel further objects to this Request on the grounds

14  that it is unreasonably burdensome and premature in that the facts necessary to

15  determine the full nature and extent of Mattel's relief and damages from

16  defendant's acts or omissions are known by defendants and third parties associated

17  with defendants, but are not known by Mattel at this juncture because of

18  defendants' refusals to produce basic discovery.  Mattel further objects to this

19  Request on the grounds that it is improperly phrased as a legal contention.

20

21  REQUEST NO. 30:

22      All DOCUMENTS referring or relating to BRATZ DOLLS that YOU have

23  given or shown to any person working on or involved in the conception, creation,

24  design or development of any fashion doll, other than "Barbie," if YOU seek in

25  this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR

26  recovery or damages in this case, any right or interest in, revenues or profits from,

27  or lost profits or other damages caused by BRATZ DOLLS.

28

07209/636684.2

-41-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

205

Exhibit 42 - Page 1720

RESPONSE TO REQUEST NO. 30:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by anyone at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on or involved in the conception, creation, design or development of any "fashion doll," other than BARBIE dolls, including former and present employees and independent contractors working around the globe, referring or relating to "Bratz Dolls." Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

REQUEST NO. 31:

All DOCUMENTS referring or relating to LIL' BRATZ that YOU have given or shown to any person working on or involved in the conception, creation, design or development of any fashion doll, other than "Barbie," if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

RESPONSE TO REQUEST NO. 31:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by anyone at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on or involved in the conception, creation, design or development of any "fashion doll," other than BARBIE dolls, including former and present employees and independent contractors working around the globe, referring or relating to "Lil' Bratz." Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and

07209/636684.2

-43-

1  other applicable privileges. Mattel further objects to this Request on the grounds

2  that it is unreasonably burdensome and premature in that the facts necessary to

3  determine the full nature and extent of Mattel's relief and damages from

4  defendant's acts or omissions are known by defendants and third parties associated

5  with defendants, but are not known by Mattel at this juncture because of

6  defendants' refusals to produce basic discovery. Mattel further objects to this

7  Request on the grounds that it is improperly phrased as a legal contention.

8

9  REQUEST NO. 32:

10       All DOCUMENTS referring or relating to BRATZ PETZ that YOU have

11  given or shown to any person working on or involved in the conception, creation,

12  design or development of any plush toy, if YOU seek in this case to enjoin the sale

13  of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case,

14  any right or interest in, revenues or profits from, or lost profits or other damages

15  caused by BRATZ PETZ.

16

17  RESPONSE TO REQUEST NO. 32:

18       In addition to the general objections stated above, which are incorporated

19  herein by reference, Mattel objects to this Request as overbroad, unduly

20  burdensome and oppressive on the grounds that it is not limited in time, and seeks

21  all documents in Mattel's possession, custody and control given or shown for any

22  reason by anyone at "Mattel," as defined by MGA to include past employees like

23  Bryant, to any person working on or involved in the conception, creation, design

24  or development of any plush toy, including former and present employees and

25  independent contractors working around the globe, referring or relating to "Bratz

26  Petz." Mattel further objects to this Request on the grounds that such discovery

27  from Mattel is overbroad, unduly burdensome, oppressive and not likely to the

28  lead to the discovery of admissible evidence in that Mattel's actions in relation to

-44-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   the "Bratz" line of products are not at issue in this action and are irrelevant to the

2   claims and defenses in this suit.  Rather, at issue are the actions of defendants and

3   third parties associated with defendants in connection with the projects that

4   defendant Bryant worked on with defendant MGA, which is information known to

5   and within the possession, custody and control of defendants and their associated

6   third parties, not Mattel.  Mattel further objects to the Request on the grounds that

7   it calls for the disclosure of information subject to the attorney-client privilege, the

8   attorney work-product doctrine and other applicable privileges.  Mattel further

9   objects to this Request on the grounds that it is unreasonably burdensome and

10  premature in that the facts necessary to determine the full nature and extent of

11  Mattel's relief and damages from defendant's acts or omissions are known by

12  defendants and third parties associated with defendants, but are not known by

13  Mattel at this juncture because of defendants' refusals to produce basic discovery.

14  Mattel further objects to this Request on the grounds that it is improperly phrased

15  as a legal contention.

16

17  REQUEST NO. 33:

18          All DOCUMENTS referring or relating to BRATZ BABYZ that YOU have

19  given or shown to any person working on or involved in product conception,

20  creation, design or development of any fashion doll, if YOU seek in this case to

21  enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or

22  damages in this case, any right or interest in, revenues or profits from, or lost

23  profits or other damages caused by BRATZ BABYZ.

24

25  RESPONSE TO REQUEST NO. 33:

26          In addition to the general objections stated above, which are incorporated

27  herein by reference, Mattel objects to this Request as overbroad, unduly

28  burdensome and oppressive on the grounds that it is not limited in time, and seeks

1  all documents in Mattel's possession, custody and control given or shown for any

2  reason by anyone at "Mattel," as defined by MGA to include past employees like

3  Bryant, to any person working on or involved in the conception, creation, design

4  or development of any "fashion doll," including former and present employees and

5  independent contractors working around the globe, referring or relating to "Bratz

6  Babyz." Mattel further objects to this Request on the grounds that such discovery

7  from Mattel is overbroad, unduly burdensome, oppressive and not likely to the

8  lead to the discovery of admissible evidence in that Mattel's actions in relation to

9  the "Bratz" line of products are not at issue in this action and are irrelevant to the

10  claims and defenses in this suit. Rather, at issue are the actions of defendants and

11  third parties associated with defendants in connection with the projects that

12  defendant Bryant worked on with defendant MGA, which is information known to

13  and within the possession, custody and control of defendants and their associated

14  third parties, not Mattel. Mattel further objects to the Request on the grounds that

15  it calls for the disclosure of information subject to the attorney-client privilege, the

16  attorney work-product doctrine and other applicable privileges. Mattel further

17  objects to this Request on the grounds that it is unreasonably burdensome and

18  premature in that the facts necessary to determine the full nature and extent of

19  Mattel's relief and damages from defendant's acts or omissions are known by

20  defendants and third parties associated with defendants, but are not known by

21  Mattel at this juncture because of defendants' refusals to produce basic discovery.

22  Mattel further objects to this Request on the grounds that it is improperly phrased

23  as a legal contention.

24  

25  REQUEST NO. 34:

26      All DOCUMENTS referring or relating to BRATZ BOYZ that YOU have

27  given or shown to any person working on or involved in product conception,

28  creation, design or development of any fashion doll, other than "Barbie," if YOU

1 │ seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of

2 │ YOUR recovery or damages in this case, any right or interest in, revenues or

3 │ profits from, or lost profits or other damages caused by BRATZ BOYZ.

4 │

5 │ RESPONSE TO REQUEST NO. 34:

6 │       In addition to the general objections stated above, which are incorporated

7 │ herein by reference, Mattel objects to this Request as overbroad, unduly

8 │ burdensome and oppressive on the grounds that it is not limited in time, and seeks

9 │ all documents in Mattel's possession, custody and control given or shown for any

10 │ reasons by anyone at "Mattel," as defined by MGA to include past employees like

11 │ Bryant, to any person working on or involved in the conception, creation, design

12 │ or development of any "fashion doll," other than BARBIE dolls, including former

13 │ and present employees and independent contractors working around the globe,

14 │ referring or relating to "Bratz Boyz." Mattel further objects to this Request on the

15 │ grounds that such discovery from Mattel is overbroad, unduly burdensome,

16 │ oppressive and not likely to the lead to the discovery of admissible evidence in

17 │ that Mattel's actions in relation to the "Bratz" line of products are not at issue in

18 │ this action and are irrelevant to the claims and defenses in this suit. Rather, at

19 │ issue are the actions of defendants and third parties associated with defendants in

20 │ connection with the projects that defendant Bryant worked on with defendant

21 │ MGA, which is information known to and within the possession, custody and

22 │ control of defendants and their associated third parties, not Mattel. Mattel further

23 │ objects to the Request on the grounds that it calls for the disclosure of information

24 │ subject to the attorney-client privilege, the attorney work-product doctrine and

25 │ other applicable privileges. Mattel further objects to this Request on the grounds

26 │ that it is unreasonably burdensome and premature in that the facts necessary to

27 │ determine the full nature and extent of Mattel's relief and damages from

28 │ defendant's acts or omissions are known by defendants and third parties associated

07209/636684.2

-47-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  with defendants, but are not known by Mattel at this juncture because of
2  defendants' refusals to produce basic discovery.  Mattel further objects to this
3  Request on the grounds that it is improperly phrased as a legal contention.

4

5  REQUEST NO. 35:

6      All DOCUMENTS mentioning, referring or relating to the conception,
7  creation, design or development of BRATZ INTELLECTUAL PROPERTY that
8  YOU have given or shown to any third party.

9

10  RESPONSE TO REQUEST NO. 35:

11      In addition to the general objections stated above, which are incorporated
12  herein by reference, Mattel objects to this Request as overbroad, unduly
13  burdensome and oppressive on the grounds that it is not limited in time, and seeks
14  all documents in Mattel's possession, custody and control given or shown for any
15  reason by anyone at "Mattel," as defined by MGA to include past employees like
16  Bryant, to any third party in the world that mentions, refers or relates to "the
17  conception, creation, design or development of 'Bratz Intellectual Property.'"
18  Mattel further objects to this Request on the grounds that such discovery from
19  Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to
20  the discovery of admissible evidence in that Mattel's actions in relation to "Bratz"
21  are not at issue in this action and are irrelevant to the claims and defenses in this
22  suit.  Rather, at issue are the actions of defendants and third parties associated with
23  defendants in connection with the projects that defendant Bryant worked on with
24  defendant MGA, which is information known to and within the possession,
25  custody and control of defendants and their associated third parties, not Mattel.
26  Mattel further objects to this Request on the ground that the term "Bratz
27  Intellectual Property" is vague and ambiguous.  Mattel further objects to the
28  Request on the grounds that it calls for the disclosure of information subject to the

07209/636684.2

-48-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   attorney-client privilege, the attorney work-product doctrine and other applicable

2   privileges.  Mattel further objects to this Request on the grounds that it is

3   duplicative of or subsumed within prior Requests already responded to and seeks

4   the re-production of information and documents already produced in this action.

5   Such information and documents will not be re-produced.

6

7   REQUEST NO. 36:

8          All DOCUMENTS mentioning, referring or relating to the conception,

9   creation, design or development of the BRATZ CONCEPT that YOU have given

10  or shown to any third party.

11

12  RESPONSE TO REQUEST NO. 36:

13         In addition to the general objections stated above, which are incorporated

14  herein by reference, Mattel objects to this Request as overbroad, unduly

15  burdensome and oppressive on the grounds that it is not limited in time, and seeks

16  all documents in Mattel's possession, custody and control given or shown for any

17  reason by anyone at "Mattel," as defined by MGA to include past employees like

18  Bryant, to any third party in the world that mentions, refers or relates to "the

19  conception, creation, design or development of the 'Bratz Concept.'"  Mattel

20  further objects to this Request on the grounds that such discovery from Mattel is

21  overbroad, unduly burdensome, oppressive and not likely to the lead to the

22  discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are

23  not at issue in this action and are irrelevant to the claims and defenses in this suit.

24  Rather, at issue are the actions of defendants and third parties associated with

25  defendants in connection with the projects that defendant Bryant worked on with

26  defendant MGA, which is information known to and within the possession,

27  custody and control of defendants and their associated third parties, not Mattel.

28  Mattel objects to this Request on the grounds that it is unreasonably burdensome

07209/636684.2

-49-

1   and premature in that the facts necessary to determine the whether "images,

2   drawings, pictures, sculpts, molds, prototypes and any other form of artwork" both

3   predate the "First Bratz Dolls" and are "'Bratz'-related" are known by defendants

4   and third parties associated with defendants, but are not known by Mattel at this

5   juncture.  Mattel further objects to this Request on the ground that the term "Bratz

6   Concept" is vague and ambiguous.  Mattel further objects to the Request on the

7   grounds that it calls for the disclosure of information subject to the attorney-client

8   privilege, the attorney work-product doctrine and other applicable privileges.

9   Mattel further objects to this Request on the grounds that it is duplicative of or

10  subsumed within prior Requests already responded to and seeks the re-production

11  of information and documents already produced in this action.  Such information

12  and documents will not be re-produced.

13

14  REQUEST NO. 37:

15       All DOCUMENTS mentioning, referring or relating to the conception,

16  creation, design or development of the FIRST BRATZ DOLLS that YOU have

17  given or shown to any third party.

18

19  RESPONSE TO REQUEST NO. 37:

20       In addition to the general objections stated above, which are incorporated

21  herein by reference, Mattel objects to this Request as overbroad, unduly

22  burdensome and oppressive on the grounds that it is not limited in time, and seeks

23  all documents in Mattel's possession, custody and control given or shown for any

24  reason by anyone at "Mattel," as defined by MGA to include past employees like

25  Bryant, to any third party in the world that mentions, refers or relates to "the

26  conception, creation, design or development of the 'First Bratz Dolls.'"  Mattel

27  further objects to this Request on the grounds that such discovery from Mattel is

28  overbroad, unduly burdensome, oppressive and not likely to the lead to the

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

2   line of products are not at issue in this action and are irrelevant to the claims and

3   defenses in this suit.  Rather, at issue are the actions of defendants and third

4   parties associated with defendants in connection with the projects that defendant

5   Bryant worked on with defendant MGA, which is information known to and

6   within the possession, custody and control of defendants and their associated third

7   parties, not Mattel.  Mattel further objects to this Request on the ground that the

8   term "First Bratz Dolls" is vague and ambiguous.  Mattel further objects to the

9   Request on the grounds that it calls for the disclosure of information subject to the

10  attorney-client privilege, the attorney work-product doctrine and other applicable

11  privileges.  Mattel further objects to this Request on the grounds that it is

12  duplicative of or subsumed within prior Requests already responded to and seeks

13  the re-production of information and documents already produced in this action.

14  Such information and documents will not be re-produced.

15

16  REQUEST NO. 38:

17      All DOCUMENTS mentioning, referring or relating to the conception,

18  creation, design or development of BRATZ DOLLS that YOU have given or

19  shown to any third party, if YOU seek in this case to enjoin the sale of BRATZ

20  DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right

21  or interest in, revenues or profits from, or lost profits or other damages caused by

22  BRATZ DOLLS.

23

24  RESPONSE TO REQUEST NO. 38:

25      In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request as overbroad, unduly

27  burdensome and oppressive on the grounds that it is not limited in time, and seeks

28  all documents in Mattel's possession, custody and control given or shown for any

07209/636684.2

-51-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 │ reason by anyone at "Mattel," as defined by MGA to include past employees like

2 │ Bryant, to any third party in the world that mention, refer or relate to the

3 │ conception, creation, design or development of "Bratz Dolls." Mattel further

4 │ objects to this Request on the grounds that such discovery from Mattel is

5 │ overbroad, unduly burdensome, oppressive and not likely to the lead to the

6 │ discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

7 │ line of products are not at issue in this action and are irrelevant to the claims and

8 │ defenses in this suit. Rather, at issue are the actions of defendants and third

9 │ parties associated with defendants in connection with the projects that defendant

10 │ Bryant worked on with defendant MGA, which is information known to and

11 │ within the possession, custody and control of defendants and their associated third

12 │ parties, not Mattel. Mattel further objects to the Request on the grounds that it

13 │ calls for the disclosure of information subject to the attorney-client privilege, the

14 │ attorney work-product doctrine and other applicable privileges. Mattel further

15 │ objects to this Request on the grounds that it is unreasonably burdensome and

16 │ premature in that the facts necessary to determine the full nature and extent of

17 │ Mattel's relief and damages from defendant's acts or omissions are known by

18 │ defendants and third parties associated with defendants, but are not known by

19 │ Mattel at this juncture because of defendants' refusals to produce basic discovery.

20 │ Mattel further objects to this Request on the grounds that it is improperly phrased

21 │ as a legal contention. Mattel further objects to this Request on the grounds that it

22 │ is duplicative of or subsumed within prior Requests already responded to and

23 │ seeks the re-production of information and documents already produced in this

24 │ action. Such information and documents will not be re-produced.

25 │

26 │ REQUEST NO. 39:

27 │    All DOCUMENTS mentioning, referring or relating to the conception,

28 │ creation, design or development of the BRATZ PACK that YOU have given or

07209/636684.2

-52-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   shown to any third party, if YOU seek in this case to enjoin the sale of the BRATZ

2   PACK, or seek, as any part of YOUR recovery or damages in this case, any right

3   or interest in, revenues or profits from, or lost profits or other damages caused by

4   the BRATZ PACK.

5

6   RESPONSE TO REQUEST NO. 39:

7          In addition to the general objections stated above, which are incorporated

8   herein by reference, Mattel objects to this Request as overbroad, unduly

9   burdensome and oppressive on the grounds that it is not limited in time, and seeks

10  all documents in Mattel's possession, custody and control given or shown for any

11  reason by anyone at "Mattel," as defined by MGA to include past employees like

12  Bryant, to any third party in the world that mention, refer or relate to the

13  conception, creation, design or development of the "Bratz Pack." Mattel further

14  objects to this Request on the grounds that such discovery from Mattel is

15  overbroad, unduly burdensome, oppressive and not likely to the lead to the

16  discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are

17  not at issue in this action and are irrelevant to the claims and defenses in this suit.

18  Rather, at issue are the actions of defendants and third parties associated with

19  defendants in connection with the projects that defendant Bryant worked on with

20  defendant MGA, which is information known to and within the possession,

21  custody and control of defendants and their associated third parties, not Mattel.

22  Mattel further objects to the Request on the grounds that it calls for the disclosure

23  of information subject to the attorney-client privilege, the attorney work-product

24  doctrine and other applicable privileges. Mattel further objects to this Request on

25  the grounds that it is unreasonably burdensome and premature in that the facts

26  necessary to determine the full nature and extent of Mattel's relief and damages

27  from defendant's acts or omissions are known by defendants and third parties

28  associated with defendants, but are not known by Mattel at this juncture because

1  of defendants' refusals to produce basic discovery.  Mattel further objects to this

2  Request on the grounds that it is improperly phrased as a legal contention.  Mattel

3  further objects to this Request on the grounds that it is duplicative of or subsumed

4  within prior Requests already responded to and seeks the re-production of

5  information and documents already produced in this action.  Such information and

6  documents will not be re-produced.

7

8  REQUEST NO. 40:

9       All DOCUMENTS mentioning, referring or relating to the conception,

10 creation, design or development of LIL' BRATZ that YOU have given or shown to

11 any third party, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or

12 seek, as any part of YOUR recovery or damages in this case, any right or interest

13 in, revenues or profits from, or lost profits or other damages caused by LIL'

14 BRATZ.

15

16 RESPONSE TO REQUEST NO. 40:

17      In addition to the general objections stated above, which are incorporated

18 herein by reference, Mattel objects to this Request as overbroad, unduly

19 burdensome and oppressive on the grounds that it is not limited in time, and seeks

20 all documents in Mattel's possession, custody and control given or shown for any

21 reason by anyone at "Mattel," as defined by MGA to include past employees like

22 Bryant, to any third party in the world that mention, refer or relate to the

23 conception, creation, design or development of "Lil' Bratz."  Mattel further objects

24 to this Request on the grounds that such discovery from Mattel is overbroad,

25 unduly burdensome, oppressive and not likely to the lead to the discovery of

26 admissible evidence in that Mattel's actions in relation to the "Bratz" line of

27 products are not at issue in this action and are irrelevant to the claims and defenses

28 in this suit.  Rather, at issue are the actions of defendants and third parties

07209/636684.2

-54-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  associated with defendants in connection with the projects that defendant Bryant

2  worked on with defendant MGA, which is information known to and within the

3  possession, custody and control of defendants and their associated third parties,

4  not Mattel. Mattel further objects to the Request on the grounds that it calls for

5  the disclosure of information subject to the attorney-client privilege, the attorney

6  work-product doctrine and other applicable privileges. Mattel further objects to

7  this Request on the grounds that it is unreasonably burdensome and premature in

8  that the facts necessary to determine the full nature and extent of Mattel's relief

9  and damages from defendant's acts or omissions are known by defendants and

10 third parties associated with defendants, but are not known by Mattel at this

11 juncture because of defendants' refusals to produce basic discovery. Mattel

12 further objects to this Request on the grounds that it is improperly phrased as a

13 legal contention.

14

15 REQUEST NO. 41:

16      All DOCUMENTS mentioning, referring or relating to the conception,

17 creation, design or development of BRATZ PETZ that YOU have given or shown

18 to any third party, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or

19 seek, as any part of YOUR recovery or damages in this case, any right or interest

20 in, revenues or profits from, or lost profits or other damages caused by BRATZ

21 PETZ.

22

23 RESPONSE TO REQUEST NO. 41:

24      In addition to the general objections stated above, which are incorporated

25 herein by reference, Mattel objects to this Request as overbroad, unduly

26 burdensome and oppressive on the grounds that it is not limited in time, and seeks

27 all documents in Mattel's possession, custody and control given or shown for any

28 reason by anyone at "Mattel," as defined by MGA to include past employees like

-55-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

219

Exhibit 42 - Page 1734

1   Bryant, to <u>any</u> third party in the world that mention, refer or relate to the
2   conception, creation, design or development of "Bratz Petz."  Mattel further
3   objects to this Request on the grounds that such discovery from Mattel is
4   overbroad, unduly burdensome, oppressive and not likely to the lead to the
5   discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"
6   line of products are not at issue in this action and are irrelevant to the claims and
7   defenses in this suit.  Rather, at issue are the actions of defendants and third
8   parties associated with defendants in connection with the projects that defendant
9   Bryant worked on with defendant MGA, which is information known to and
10  within the possession, custody and control of defendants and their associated third
11  parties, not Mattel.  Mattel further objects to the Request on the grounds that it
12  calls for the disclosure of information subject to the attorney-client privilege, the
13  attorney work-product doctrine and other applicable privileges.  Mattel further
14  objects to this Request on the grounds that it is unreasonably burdensome and
15  premature in that the facts necessary to determine the full nature and extent of
16  Mattel's relief and damages from defendant's acts or omissions are known by
17  defendants and third parties associated with defendants, but are not known by
18  Mattel at this juncture because of defendants' refusals to produce basic discovery.
19  Mattel further objects to this Request on the grounds that it is improperly phrased
20  as a legal contention.

21

22  REQUEST NO. 42:
23      All DOCUMENTS mentioning, referring or relating to the conception,
24  creation, design or development of BRATZ BABYZ that YOU have given or
25  shown to any third party, if YOU seek in this case to enjoin the sale of BRATZ
26  BABYZ, or seek, as any part of YOUR recovery or damages in this case, any right
27  or interest in, revenues or profits from, or lost profits or other damages caused by
28  BRATZ BABYZ.

07209/636684.2

1   <u>RESPONSE TO REQUEST NO. 42</u>:

2          In addition to the general objections stated above, which are incorporated

3   herein by reference, Mattel objects to this Request as overbroad, unduly

4   burdensome and oppressive on the grounds that it is not limited in time, and seeks

5   <u>all</u> documents in Mattel's possession, custody and control given or shown for <u>any</u>

6   reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like

7   Bryant, to <u>any</u> third party in the world that mention, refer or relate to the

8   conception, creation, design or development of "Bratz Babyz."  Mattel further

9   objects to this Request on the grounds that such discovery from Mattel is

10  overbroad, unduly burdensome, oppressive and not likely to the lead to the

11  discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

12  line of products are not at issue in this action and are irrelevant to the claims and

13  defenses in this suit.  Rather, at issue are the actions of defendants and third

14  parties associated with defendants in connection with the projects that defendant

15  Bryant worked on with defendant MGA, which is information known to and

16  within the possession, custody and control of defendants and their associated third

17  parties, not Mattel.  Mattel further objects to the Request on the grounds that it

18  calls for the disclosure of information subject to the attorney-client privilege, the

19  attorney work-product doctrine and other applicable privileges.  Mattel further

20  objects to this Request on the grounds that it is unreasonably burdensome and

21  premature in that the facts necessary to determine the full nature and extent of

22  Mattel's relief and damages from defendant's acts or omissions are known by

23  defendants and third parties associated with defendants, but are not known by

24  Mattel at this juncture because of defendants' refusals to produce basic discovery.

25  Mattel further objects to this Request on the grounds that it is improperly phrased

26  as a legal contention.

27

28

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

221

Exhibit 42 - Page 1736

1  REQUEST NO. 43:

2      All DOCUMENTS mentioning, referring or relating to the conception,

3  creation, design or development of BRATZ BOYZ that YOU have given or shown

4  to any third party, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or

5  seek, as any part of YOUR recovery or damages in this case, any right or interest

6  in, revenues or profits from, or lost profits or other damages caused by BRATZ

7  BOYZ.

8

9  RESPONSE TO REQUEST NO. 43:

10      In addition to the general objections stated above, which are incorporated

11  herein by reference, Mattel objects to this Request as overbroad, unduly

12  burdensome and oppressive on the grounds that it is not limited in time, and seeks

13  all documents in Mattel's possession, custody and control given or shown for any

14  reason by anyone at "Mattel," as defined by MGA to include past employees like

15  Bryant, to any third party in the world that mention, refer or relate to the

16  conception, creation, design or development of "Bratz Boyz."  Mattel further

17  objects to this Request on the grounds that such discovery from Mattel is

18  overbroad, unduly burdensome, oppressive and not likely to the lead to the

19  discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

20  line of products are not at issue in this action and are irrelevant to the claims and

21  defenses in this suit.  Rather, at issue are the actions of defendants and third

22  parties associated with defendants in connection with the projects that defendant

23  Bryant worked on with defendant MGA, which is information known to and

24  within the possession, custody and control of defendants and their associated third

25  parties, not Mattel.  Mattel further objects to the Request on the grounds that it

26  calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges.  Mattel further

28  objects to this Request on the grounds that it is unreasonably burdensome and

1  premature in that the facts necessary to determine the full nature and extent of

2  Mattel's relief and damages from defendant's acts or omissions are known by

3  defendants and third parties associated with defendants, but are not known by

4  Mattel at this juncture because of defendants' refusals to produce basic discovery.

5  Mattel further objects to this Request on the grounds that it is duplicative of or

6  subsumed within prior Requests already responded to and seeks the re-production

7  of information and documents already produced in this action.  Such information

8  and documents will not be re-produced.  Mattel further objects to this Request on

9  the grounds that it is improperly phrased as a legal contention.

10

11  REQUEST NO. 44:

12       All DOCUMENTS discussing or mentioning Isaac Larian, authored

13  between June 2000 and October 2001.

14

15  RESPONSE TO REQUEST NO. 44:

16       In addition to the general objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request as overbroad and unduly

18  burdensome on the grounds that it seeks all documents in Mattel's possession,

19  custody and control authored by anyone over a 16-month period that discuss or

20  mention Isaac Larian, without further limitation as to subject matter and regardless

21  of whether the documents concern matters at issue in this case, including

22  documents that are publicly available and therefore equally available to MGA.

23  Mattel further objects to the Request on the grounds that it seeks documents that

24  are not relevant to this action or likely to lead to the discovery of admissible

25  evidence.  Mattel further objects to this Request on the grounds that it calls for the

26  disclosure of information subject to the attorney-client privilege, the attorney

27  work-product doctrine and other applicable privileges.  Mattel further objects to

28  this Request on the grounds that it is duplicative of or subsumed within prior

07209/636684.2

-59-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 Requests already responded to and seeks the re-production of information and

2 documents already produced in this action. Such information and documents will

3 not be re-produced.

4

5 REQUEST NO. 45:

6      All DOCUMENTS discussing or mentioning Paula Treantafellas, authored

7 between June 2000 and October 2001.

8

9 RESPONSE TO REQUEST NO. 45:

10      In addition to the general objections stated above which are incorporated

11 herein by reference, Mattel objects to this Request as overbroad and unduly

12 burdensome on the grounds that it seeks all documents in Mattel's possession,

13 custody and control authored by anyone over a 16-month period that discuss or

14 mention Paula Treantafelles, without further limitation as to subject matter and

15 regardless of whether the documents concern matters at issue in this case,

16 including documents that are publicly available and therefore equally available to

17 MGA. Mattel further objects to the Request on the grounds that it seeks

18 documents that are not relevant to this action or likely to lead to the discovery of

19 admissible evidence. Mattel further objects to this Request on the grounds that it

20 calls for the disclosure of information subject to the attorney-client privilege, the

21 attorney work-product doctrine and other applicable privileges. Mattel further

22 objects to this Request on the grounds that it is duplicative of or subsumed within

23 prior Requests already responded to and seeks the re-production of information

24 and documents already produced in this action. Such information and documents

25 will not be re-produced.

26

27

28

07209/636684.2

224
Exhibit 42 - Page 1739

REQUEST NO. 46:

All DOCUMENTS discussing or mentioning Mercedah Ward, authored between. June 2000 and October 2001.

RESPONSE TO REQUEST NO. 46:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession, custody and control authored by <u>anyone</u> over a 16-month period that discuss or mention Mercedah Ward, without further limitation as to subject matter and regardless of whether the documents concern matters at issue in this case, including documents that are publicly available and therefore equally available to MGA. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 47:

All DOCUMENTS discussing or mentioning BRATZ, authored between June 2000 and October 2001.

07209/636684.2

-61-

RESPONSE TO REQUEST NO. 47:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents in Mattel's possession, custody and control authored by anyone over a 16-month period that discuss or mention "Bratz," without further limitation as to subject matter and regardless of whether the documents concern matters at issue in this case, including documents that are publicly available and therefore equally available to MGA. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine whether documents in Mattel's possession, custody and control relate to "Bratz" in that time period are within the knowledge of defendants and third parties associated with defendants, and are not known to Mattel because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information

1 and documents already produced in this action.  Such information and documents
2 will not be re-produced.

3

4 <u>REQUEST NO. 48</u>:

5     All DOCUMENTS discussing or mentioning BRATZ INTELLECTUAL
6 PROPERTY.

7

8 <u>RESPONSE TO REQUEST NO. 48</u>:

9     In addition to the general objections stated above which are incorporated
10 herein by reference, Mattel objects to this Request as overbroad and unduly
11 burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession,
12 custody and control authored by <u>anyone</u> over a 16-month period that discuss or
13 mention "Bratz Intellectual Property," without further limitation as to subject
14 matter and regardless of whether the documents concern matters at issue in this
15 case, including documents that are publicly available and therefore equally
16 available to MGA.  Mattel further objects to this Request on the grounds that such
17 discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely
18 to the lead to the discovery of admissible evidence in that Mattel's actions in
19 relation to "Bratz" are not at issue in this action and are irrelevant to the claims
20 and defenses in this suit.  Rather, at issue are the actions of defendants and third
21 parties associated with defendants in connection with the projects that defendant
22 Bryant worked on with defendant MGA, which is information known to and
23 within the possession, custody and control of defendants and their associated third
24 parties, not Mattel.  Mattel further objects to the Request on the ground that the
25 term "Bratz Intellectual Property" is vague and ambiguous.  Mattel further objects
26 to this Request on the grounds that it is unreasonably burdensome and premature
27 in that the facts necessary to determine whether documents in Mattel's possession,
28 custody and control relate to "Bratz" in that time period are within the knowledge

07209/636684.2

-63-

1   of defendants and third parties associated with defendants, and are not known to

2   Mattel because of defendants' refusals to produce basic discovery. Mattel further

3   objects to this Request on the grounds that it calls for the disclosure of information

4   subject to the attorney-client privilege, the attorney work-product doctrine and

5   other applicable privileges. Mattel further objects to this Request on the grounds

6   that it seeks confidential, proprietary and trade secret information that has no

7   bearing on the claims or defenses in this case. Mattel further objects to this

8   Request on the grounds that it is duplicative of or subsumed within prior Requests

9   already responded to and seeks the re-production of information and documents

10  already produced in this action. Such information and documents will not be re-

11  produced.

12

13  REQUEST NO. 49:

14      All DOCUMENTS discussing, mentioning, referring or relating to any

15  MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

16  harm or negatively impact Isaac Larian in any way, including, without limitation,

17  his reputation, income, revenue, business interests and relationships, which were

18  communicated to the public, retailers, the press, consumers, advertisers, media

19  buyer representatives, cable or broadcast television executives, the NPD Group,

20  the Toy Industry Association, any United States governmental unit or agency, any

21  toy industry organization whether foreign, domestic or international, any

22  manufacturing or children's safety compliance or watchdog organization, and any

23  organization, company, agency, entity or person involved in commercial or

24  product safety evaluation, ratings or awards.

25

26  RESPONSE TO REQUEST NO. 49:

27      In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request as vague and ambiguous.

07209/636684.2

-64-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  Mattel further objects to this Request as overbroad and unduly burdensome in that
2  it seeks <u>all</u> documents in Mattel's possession, custody and control discussing,
3  mentioning, referring or relating to this topic, without meaningful limitation as to
4  subject matter and without limitation as to time, including documents that are
5  publicly available and therefore equally available to MGA, and documents that are
6  not related to the conduct at issue in this lawsuit.  Mattel further objects to this
7  Request on the grounds that it seeks documents that are not relevant to this action
8  or likely to lead to the discovery of admissible evidence.  Mattel further objects to
9  this Request on the grounds that it calls for the disclosure of information subject to
10 the attorney-client privilege, the attorney work-product doctrine and other
11 applicable privileges.
12
13 <u>REQUEST NO. 50</u>:
14      All DOCUMENTS discussing, mentioning, referring or relating to any
15 MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,
16 harm or negatively impact MGA in any way, including, without limitation, its
17 reputation, income, revenue, business interests and relationships, which were
18 communicated to the public, retailers, the press, consumers, advertisers, media
19 buyer representatives, cable or broadcast television executives, the NPD Group,
20 the Toy Industry Association, any United States governmental unit or agency, any
21 toy industry organization whether foreign, domestic or international, any
22 manufacturing or children's safety compliance or watchdog organization, and any
23 organization, company, agency, entity or person involved in commercial or
24 product safety evaluation, ratings or awards.
25
26 <u>RESPONSE TO REQUEST NO. 50</u>:
27      In addition to the general objections stated above which are incorporated
28 herein by reference, Mattel objects to this Request as vague and ambiguous.

07209/636684.2

-65-

Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control discussing, mentioning, referring or relating to this topic, without limitation as to time and without meaningful limitation as to subject matter, including documents that are publicly available and therefore equally available to MGA, and documents that are not related to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

REQUEST NO. 51:

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

RESPONSE TO REQUEST NO. 51:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as vague and ambiguous.

07209/636684.2

-66-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   Mattel further objects to this Request as overbroad and unduly burdensome in that

2   it seeks all documents in Mattel's possession, custody and control discussing,

3   mentioning, referring or relating to this topic, without limitation as to time and

4   without meaningful limitation as to subject matter, including documents that are

5   publicly available and therefore equally available to MGA, and documents that are

6   not related to the conduct at issue in this lawsuit.  Mattel further objects to this

7   Request on the grounds that such discovery from Mattel is overbroad, unduly

8   burdensome, oppressive and not likely to the lead to the discovery of admissible

9   evidence in that Mattel's actions in relation to "Bratz" are not at issue in this

10  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue

11  are the actions of defendants and third parties associated with defendants in

12  connection with the projects that defendant Bryant worked on with defendant

13  MGA, which is information known to and within the possession, custody and

14  control of defendants and their associated third parties, not Mattel.  Mattel further

15  objects to this Request on the grounds that the term "Bratz" is vague and

16  ambiguous.  Mattel further objects to this Request on the grounds that it calls for

17  the disclosure of information subject to the attorney-client privilege, the attorney

18  work-product doctrine and other applicable privileges.

19

20  REQUEST NO. 52:

21       All DOCUMENTS discussing, mentioning, referring or relating to any

22  MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

23  harm or negatively impact the commercial success of the FIRST BRATZ DOLLS

24  in any way, including, without limitation, the reputation, sales, popularity, price

25  and availability of the FIRST BRATZ DOLLS which were communicated to the

26  public, retailers, the press, consumers, advertisers, media buyer representatives,

27  cable or broadcast television executives, the NPD Group, the Toy Industry

28  Association, any United States governmental unit or agency, any toy industry

07209/636684.2

-67-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 organization whether foreign, domestic or international, any manufacturing or

2 children's safety compliance or watchdog organization, and any organization,

3 company, agency, entity or person involved in commercial or product safety

4 evaluation, ratings or awards.

5

6 RESPONSE TO REQUEST NO. 52:

7       In addition to the general objections stated above which are incorporated

8 herein by reference, Mattel objects to this Request as vague and ambiguous.

9 Mattel further objects to this Request as overbroad and unduly burdensome in that

10 it seeks all documents in Mattel's possession, custody and control discussing,

11 mentioning, referring or relating to this topic, without limitation as to time and

12 without meaningful limitation as to subject matter, including documents that are

13 publicly available and therefore equally available to MGA, and documents that are

14 not related to the conduct at issue in this lawsuit. Mattel further objects to the

15 Request on the ground that the term "First Bratz Dolls" is vague and ambiguous.

16 Mattel further objects to this Request on the grounds that such discovery from

17 Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to

18 the discovery of admissible evidence in that Mattel's actions in relation to the

19 "Bratz" line of products are not at issue in this action and are irrelevant to the

20 claims and defenses in this suit. Rather, at issue are the actions of defendants and

21 third parties associated with defendants in connection with the projects that

22 defendant Bryant worked on with defendant MGA, which is information known to

23 and within the possession, custody and control of defendants and their associated

24 third parties, not Mattel. Mattel further objects to this Request on the grounds that

25 it calls for the disclosure of information subject to the attorney-client privilege, the

26 attorney work-product doctrine and other applicable privileges.

27

28

-68-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1    <u>REQUEST NO. 53</u>:

2      All DOCUMENTS discussing, mentioning, referring or relating to any

3   MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

4   harm or negatively impact the commercial success of BRATZ DOLLS in any way,

5   including, without limitation, the reputation, sales, popularity, price and

6   availability of BRATZ DOLLS which were communicated to the public, retailers,

7   the press, consumers, advertisers, media buyer representatives, cable or broadcast

8   television executives, the NPD Group, the Toy Industry Association, any United

9   States governmental unit or agency, any toy industry organization whether foreign,

10   domestic or international, any manufacturing or children's safety compliance or

11   watchdog organization, and any organization, company, agency, entity or person

12   involved in commercial or product safety evaluation, ratings or awards.

13

14   <u>RESPONSE TO REQUEST NO. 53</u>:

15      In addition to the general objections stated above which are incorporated

16   herein by reference, Mattel objects to this Request as vague and ambiguous.

17   Mattel further objects to this Request as overbroad and unduly burdensome in that

18   it seeks <u>all</u> documents in Mattel's possession, custody and control discussing,

19   mentioning, referring or relating to this topic, without limitation as to time and

20   without meaningful limitation as to subject matter, including documents that are

21   publicly available and therefore equally available to MGA, and documents that are

22   not related to the conduct at issue in this lawsuit.  Mattel further objects to this

23   Request on the grounds that such discovery from Mattel is overbroad, unduly

24   burdensome, oppressive and not likely to the lead to the discovery of admissible

25   evidence in that Mattel's actions in relation to the "Bratz" line of products are not

26   at issue in this action and are irrelevant to the claims and defenses in this suit.

27   Rather, at issue are the actions of defendants and third parties associated with

28   defendants in connection with the projects that defendant Bryant worked on with

-69-

233

Exhibit 42 - Page 1748

1  defendant MGA, which is information known to and within the possession,

2  custody and control of defendants and their associated third parties, not Mattel.

3  Mattel further objects to this Request on the grounds that it calls for the disclosure

4  of information subject to the attorney-client privilege, the attorney work-product

5  doctrine and other applicable privileges.

6

7  REQUEST NO. 54:

8      All DOCUMENTS discussing, mentioning, referring or relating to any

9  MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

10 harm or negatively impact the commercial success of the BRATZ PACK in any

11 way, including, without limitation, the reputation, sales, popularity, price and

12 availability of the BRATZ PACK, which were communicated to the public,

13 retailers, the press, consumers, advertisers, media buyer representatives, cable or

14 broadcast television executives, the NPD Group, the Toy Industry Association,

15 any United States governmental unit or agency, any toy industry organization

16 whether foreign, domestic or international, any manufacturing or children's safety

17 compliance or watchdog organization, and any organization, company, agency,

18 entity or person involved in commercial or product safety evaluation, ratings or

19 awards.

20

21 RESPONSE TO REQUEST NO. 54:

22      In addition to the general objections stated above which are incorporated

23 herein by reference, Mattel objects to this Request as vague and ambiguous.

24 Mattel further objects to this Request as overbroad and unduly burdensome in that

25 it seeks all documents in Mattel's possession, custody and control discussing,

26 mentioning, referring or relating to this topic, without limitation as to time and

27 without meaningful limitation as to subject matter, including documents that are

28 publicly available and therefore equally available to MGA, and documents that are

-70-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  not related to the conduct at issue in this lawsuit. Mattel further objects to this

2  Request on the grounds that such discovery from Mattel is overbroad, unduly

3  burdensome, oppressive and not likely to the lead to the discovery of admissible

4  evidence in that Mattel's actions in relation to the "Bratz" line of products are not

5  at issue in this action and are irrelevant to the claims and defenses in this suit.

6  Rather, at issue are the actions of defendants and third parties associated with

7  defendants in connection with the projects that defendant Bryant worked on with

8  defendant MGA, which is information known to and within the possession,

9  custody and control of defendants and their associated third parties, not Mattel.

10  Mattel further objects to this Request on the grounds that it calls for the disclosure

11  of information subject to the attorney-client privilege, the attorney work-product

12  doctrine and other applicable privileges.

13

14  REQUEST NO. 55:

15      All DOCUMENTS discussing, mentioning, referring or relating to any

16  MATTEL desire, plan, idea, decision, goal, or objective to injure, interfere with,

17  harm or negatively impact the commercial success of LIL' BRATZ in any way,

18  including, without limitation, the reputation, sales, popularity, price and

19  availability of LIL' BRATZ, which were communicated to the public, retailers, the

20  press, consumers, advertisers, media buyer representatives, cable or broadcast

21  television executives, the NPD Group, the Toy Industry Association, any United

22  States governmental unit or agency, any toy industry organization whether foreign,

23  domestic or international, any manufacturing or children's safety compliance or

24  watchdog organization, and any organization, company, agency, entity or person

25  involved in commercial or product safety evaluation, ratings or awards.

26

27

28

07209/636684.2

-71-
MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  RESPONSE TO REQUEST NO. 55:

2       In addition to the general objections stated above which are incorporated

3  herein by reference, Mattel objects to this Request as vague and ambiguous.

4  Mattel further objects to this Request as overbroad and unduly burdensome in that

5  it seeks all documents in Mattel's possession, custody and control discussing,

6  mentioning, referring or relating to this topic, without limitation as to time and

7  without meaningful limitation as to subject matter, including documents that are

8  publicly available and therefore equally available to MGA, and documents that are

9  not related to the conduct at issue in this lawsuit.  Mattel further objects to this

10 Request on the grounds that such discovery from Mattel is overbroad, unduly

11 burdensome, oppressive and not likely to the lead to the discovery of admissible

12 evidence in that Mattel's actions in relation to the "Bratz" line of products are not

13 at issue in this action and are irrelevant to the claims and defenses in this suit.

14 Rather, at issue are the actions of defendants and third parties associated with

15 defendants in connection with the projects that defendant Bryant worked on with

16 defendant MGA, which is information known to and within the possession,

17 custody and control of defendants and their associated third parties, not Mattel.

18 Mattel further objects to this Request on the grounds that it calls for the disclosure

19 of information subject to the attorney-client privilege, the attorney work-product

20 doctrine and other applicable privileges.

21

22 REQUEST NO. 56:

23      All DOCUMENTS discussing, mentioning, referring or relating to any

24 MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

25 harm or negatively impact the commercial success of BRATZ PETZ in any way,

26 including, without limitation, the reputation, sales, popularity, price and

27 availability of BRATZ PETZ, which were communicated to the public, retailers,

28 the press, consumers, advertisers, media buyer representatives, cable or broadcast

07209/636684.2

-72-

1  television executives, the NPD Group, the Toy Industry Association, any United
2  States governmental unit or agency, any toy industry organization whether foreign,
3  domestic or international, any manufacturing or children's safety compliance or
4  watchdog organization, and any organization, company, agency, entity or person
5  involved in commercial or product safety evaluation, ratings or awards.
6
7  RESPONSE TO REQUEST NO. 56:
8      In addition to the general objections stated above which are incorporated
9  herein by reference, Mattel objects to this Request as vague and ambiguous.
10 Mattel further objects to this Request as overbroad and unduly burdensome in that
11 it seeks all documents in Mattel's possession, custody and control discussing,
12 mentioning, referring or relating to this topic, without limitation as to time without
13 meaningful limitation as to subject matter, including documents that are publicly
14 available and therefore equally available to MGA, and documents that are not
15 related to the conduct at issue in this lawsuit. Mattel further objects to this
16 Request on the grounds that such discovery from Mattel is overbroad, unduly
17 burdensome, oppressive and not likely to the lead to the discovery of admissible
18 evidence in that Mattel's actions in relation to the "Bratz" line of products are not
19 at issue in this action and are irrelevant to the claims and defenses in this suit.
20 Rather, at issue are the actions of defendants and third parties associated with
21 defendants in connection with the projects that defendant Bryant worked on with
22 defendant MGA, which is information known to and within the possession,
23 custody and control of defendants and their associated third parties, not Mattel.
24 Mattel further objects to this Request on the grounds that it calls for the disclosure
25 of information subject to the attorney-client privilege, the attorney work-product
26 doctrine and other applicable privileges.
27
28

07209/636684.2

-73-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 57:

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ BABYZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ BABYZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

RESPONSE TO REQUEST NO. 57:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as vague and ambiguous. Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control discussing, mentioning, referring or relating to this topic, without limitation as to time and without meaningful limitation as to subject matter, including documents that are publicly available and therefore equally available to MGA, and documents that are not related to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with

-74-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1    defendant MGA, which is information known to and within the possession,

2    custody and control of defendants and their associated third parties, not Mattel.

3    Mattel further objects to this Request on the grounds that it calls for the disclosure

4    of information subject to the attorney-client privilege, the attorney work-product

5    doctrine and other applicable privileges.

6

7    REQUEST NO. 58:

8        All DOCUMENTS discussing, mentioning, referring or relating to any

9    MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

10   harm or negatively impact the commercial success of BRATZ BOYZ in any way,

11   including, without limitation, the reputation, sales, popularity, price and

12   availability of BRATZ BOYZ, which were communicated to the public, retailers,

13   the press, consumers, advertisers, media buyer representatives, cable or broadcast

14   television executives, the NPD Group, the Toy Industry Association, any United

15   States governmental unit or agency, any toy industry organization whether foreign,

16   domestic or international, any manufacturing or children's safety compliance or

17   watchdog organization, and any organization, company, agency, entity or person

18   involved in commercial or product safety evaluation, ratings or awards.

19

20   RESPONSE TO REQUEST NO. 58:

21        In addition to the general objections stated above which are incorporated

22   herein by reference, Mattel objects to this Request as vague and ambiguous.

23   Mattel further objects to this Request as overbroad and unduly burdensome in that

24   it seeks all documents discussing, mentioning, referring or relating to this topic,

25   without limitation as to time and without meaningful limitation as to subject

26   matter, including documents that are publicly available and therefore equally

27   available to MGA, and documents that are not related to the conduct at issue in

28   this lawsuit.  Mattel further objects to this Request on the grounds that such

-75-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

2  to the lead to the discovery of admissible evidence in that Mattel's actions in

3  relation to the "Bratz" line of products are not at issue in this action and are

4  irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of

5  defendants and third parties associated with defendants in connection with the

6  projects that defendant Bryant worked on with defendant MGA, which is

7  information known to and within the possession, custody and control of

8  defendants and their associated third parties, not Mattel. Mattel further objects to

9  this Request on the grounds that it calls for the disclosure of information subject to

10  the attorney-client privilege, the attorney work-product doctrine and other

11  applicable privileges.

12

13  **REQUEST NO. 59:**

14      All DOCUMENTS discussing, mentioning, referring or relating to any

15  MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

16  harm or negatively impact the commercial success of any MGA PRODUCT in any

17  way, including, without limitation, any such product's reputation, sales, popularity,

18  price and availability, which were communicated to the public, retailers, the press,

19  consumers, advertisers, media buyer representatives, cable or broadcast television

20  executives, the NPD Group, the Toy Industry Association, any United States

21  governmental unit or agency, any toy industry organization whether foreign,

22  domestic or international, any manufacturing or children's safety compliance or

23  watchdog organization, and any organization, company, agency, entity or person

24  involved in commercial or product safety evaluation, ratings or awards.

25

26  **RESPONSE TO REQUEST NO. 59:**

27      In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request as vague and ambiguous.

07209/636684.2

-76-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 | Mattel further objects to this Request as overbroad and unduly burdensome in that
2 | it seeks all documents in Mattel's possession, custody and control discussing,
3 | mentioning, referring or relating to this topic, without limitation as to time without
4 | meaningful limitation as to subject matter, including documents that are publicly
5 | available and therefore equally available to MGA, and documents that are not
6 | related to the conduct at issue in this lawsuit. Mattel further objects to the Request
7 | on the ground that the term "MGA Product" is vague and ambiguous. Mattel
8 | further objects to this Request on the grounds that it seeks documents that are not
9 | relevant to this action or likely to lead to the discovery of admissible evidence.
10 | Mattel further objects to this Request on the grounds that it calls for the disclosure
11 | of information subject to the attorney-client privilege, the attorney work-product
12 | doctrine and other applicable privileges.
13 |
14 | REQUEST NO. 60:
15 |      All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,
16 | Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary
17 | to the public, retailers, the press, consumers, advertisers, media buyer
18 | representatives, cable or broadcast television executives, the NPD Group, the Toy
19 | Industry Association, any United States governmental unit or agency, any toy
20 | industry organization whether foreign, domestic or international, any
21 | manufacturing or children's safety compliance or watchdog organization, and any
22 | organization, company, agency, entity or person involved in commercial or
23 | product safety evaluation, ratings or awards.
24 |
25 | RESPONSE TO REQUEST NO. 60:
26 |      In addition to the general objections stated above which are incorporated
27 | herein by reference, Mattel objects to this Request as overbroad and unduly
28 | burdensome in that it seeks all communications in Mattel's possession, custody

-77-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  and control from eight different Mattel officers or employees and former officers

2  and employees to an indeterminate, and largely undefined, number of third parties,

3  without limitation as to time or subject matter, including documents that are

4  publicly available and therefore equally available to MGA, and regardless of

5  whether the communications relate to the conduct at issue in this lawsuit.  Mattel

6  further objects to this Request on the grounds that it seeks documents that are not

7  relevant to this action or likely to lead to the discovery of admissible evidence.

8

9  REQUEST NO. 61:

10      All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette , Sujata Luther,

11  Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary

12  to the public, retailers, the press, consumers, advertisers, media buyer

13  representatives, cable or broadcast television executives, the NPD Group, the Toy

14  Industry Association, any United States governmental unit or agency, any toy

15  industry. organization whether foreign, domestic or international, any

16  manufacturing or children's safety compliance or watchdog organization, and any

17  organization, company, agency, entity or person involved in commercial or

18  product safety evaluation, ratings or awards mentioning, referring or relating to the

19  BRATZ CONCEPT.

20

21  RESPONSE TO REQUEST NO. 61:

22      In addition to the general objections stated above, which are incorporated

23  herein by reference, Mattel objects to this Request as overbroad and unduly

24  burdensome in that it seeks all communications in Mattel's possession, custody

25  and control from eight different Mattel officers and employees and former officers

26  and employees to a large number of third parties, without limitation as to time or

27  subject matter, including documents that are publicly available and therefore

28  equally available to MGA, and regardless of whether the communications relate to

07209/636684.2

-78-

1  the conduct at issue in this lawsuit.  Mattel further objects to this Request on the
2  grounds that such discovery from Mattel is overbroad, unduly burdensome,
3  oppressive and not likely to the lead to the discovery of admissible evidence in
4  that Mattel's actions in relation to "Bratz" are not at issue in this action and are
5  irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of
6  defendants and third parties associated with defendants in connection with the
7  projects that defendant Bryant worked on with defendant MGA, which is
8  information known to and within the possession, custody and control of
9  defendants and their associated third parties, not Mattel.  Mattel further objects to
10  this Request on the grounds that it is unreasonably burdensome and premature in
11  that the facts necessary to determine whether any "image, drawing, picture, sculpt,
12  mold, prototype and any other form of artwork" both predates the "First Bratz
13  Dolls" and is "'Bratz'-related" are known to MGA, Bryant and to third parties, but
14  are not known by Mattel at this juncture.  Mattel further objects to the Request on
15  the ground that the term "Bratz Concept" is vague and ambiguous.  Mattel further
16  objects to this Request on the grounds that it is duplicative of or subsumed within
17  prior Requests already responded to and seeks the re-production of information
18  and documents already produced in this action.  Such information and documents
19  will not be re-produced.
20
21  REQUEST NO. 62:
22       All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata
23  Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry
24  Cleary to the public, retailers, the press, consumers, advertisers, media buyer
25  representatives, cable or broadcast television executives, the NPD Group, the Toy
26  Industry Association, any United States governmental unit or agency, any toy
27  industry organization whether foreign, domestic or international, any
28  manufacturing or children's safety compliance or watchdog organization, and any

07209/636684.2

-79-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

243
Exhibit 42 - Page 1758

1   organization, company, agency, entity or person involved in commercial or

2   product safety evaluation, ratings or awards mentioning, referring or relating to the

3   FIRST BRATZ DOLLS.

4

5   RESPONSE TO REQUEST NO. 62:

6          In addition to the general objections stated above which are incorporated

7   herein by reference, Mattel objects to this Request as overbroad and unduly

8   burdensome in that it seeks all communications in Mattel's possession, custody

9   and control from eight different Mattel officers and employees and former officers

10  and employees to a large number of third parties, without limitation as to time or

11  subject matter, including documents that are publicly available and therefore

12  equally available to MGA, and regardless of whether the communications relate to

13  the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

14  grounds that such discovery from Mattel is overbroad, unduly burdensome,

15  oppressive and not likely to the lead to the discovery of admissible evidence in

16  that Mattel's actions in relation to the "Bratz" line of products are not at issue in

17  this action and are irrelevant to the claims and defenses in this suit.  Rather, at

18  issue are the actions of defendants and third parties associated with defendants in

19  connection with the projects that defendant Bryant worked on with defendant

20  MGA, which is information known to and within the possession, custody and

21  control of defendants and their associated third parties, not Mattel.  Mattel further

22  objects to the Request on the ground that the term "First Bratz Dolls" is vague and

23  ambiguous.  Mattel further objects to this Request on the grounds that it is

24  duplicative of or subsumed within prior Requests already responded to and seeks

25  the re-production of information and documents already produced in this action.

26  Such information and documents will not be re-produced.

27

28

07209/636684.2

-80-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 63:

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to BRATZ DOLLS.

RESPONSE TO REQUEST NO. 63:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications in Mattel's possession, custody and control from eight different Mattel officers and employees and former officers and employees to a large number of third parties, without limitation as to time or subject matter, including documents that are publicly available and therefore equally available to MGA, and regardless of whether the communications relate to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant

1   MGA, which is information known to and within the possession, custody and

2   control of defendants and their associated third parties, not Mattel.

3

4   REQUEST NO. 64:

5       All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

6   Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary

7   to the public, retailers, the press, consumers, advertisers, media buyer

8   representatives, cable or broadcast television executives, the NPD Group, the Toy

9   Industry Association, any United States governmental unit or agency, any toy

10  industry organization whether foreign, domestic or international, any

11  manufacturing or children's safety compliance or watchdog organization, and any

12  organization, company, agency, entity or person involved in commercial or

13  product safety evaluation, ratings or awards mentioning, referring or relating to the

14  BRATZ PACK.

15

16  RESPONSE TO REQUEST NO. 64:

17      In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request as overbroad and unduly

19  burdensome in that it seeks all communications in Mattel's possession, custody

20  and control from eight different Mattel officers and employees and former officers

21  and employees to a large number of third parties, without limitation as to time or

22  subject matter, including documents that are publicly available and therefore

23  equally available to MGA, and regardless of whether the communications relate to

24  the conduct at issue in this lawsuit. Mattel further objects to this Request on the

25  grounds that such discovery from Mattel is overbroad, unduly burdensome,

26  oppressive and not likely to the lead to the discovery of admissible evidence in

27  that Mattel's actions in relation to the "Bratz" line of products are not at issue in

28  this action and are irrelevant to the claims and defenses in this suit. Rather, at

07209/636684.2

-82-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1    issue are the actions of defendants and third parties associated with defendants in

2    connection with the projects that defendant Bryant worked on with defendant

3    MGA, which is information known to and within the possession, custody and

4    control of defendants and their associated third parties, not Mattel.

5

6    REQUEST NO. 65:

7        All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

8    Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary

9    to the public, retailers, the press, consumers, advertisers, media buyer

10   representatives, cable or broadcast television executives, the NPD Group, the Toy

11   Industry Association, any United States governmental unit or agency, any toy

12   industry organization whether foreign, domestic or international, any

13   manufacturing or children's safety compliance or watchdog organization, and any

14   organization, company, agency, entity or person involved in commercial or

15   product safety evaluation, ratings or awards mentioning, referring or relating to

16   LIL' BRATZ.

17

18   RESPONSE TO REQUEST NO. 65:

19       In addition to the general objections stated above which are incorporated

20   herein by reference, Mattel objects to this Request as overbroad and unduly

21   burdensome in that it seeks all communications in Mattel's possession, custody

22   and control from eight different Mattel officers and employees and former officers

23   and employees to a large number of third parties, without limitation as to time or

24   subject matter, including documents that are publicly available and therefore

25   equally available to MGA, and regardless of whether the communications relate to

26   the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

27   grounds that such discovery from Mattel is overbroad, unduly burdensome,

28   oppressive and not likely to the lead to the discovery of admissible evidence in

1   that Mattel's actions in relation to the "Bratz" line of products are not at issue in

2   this action and are irrelevant to the claims and defenses in this suit.  Rather, at

3   issue are the actions of defendants and third parties associated with defendants in

4   connection with the projects that defendant Bryant worked on with defendant

5   MGA, which is information known to and within the possession, custody and

6   control of defendants and their associated third parties, not Mattel.

7

8   REQUEST NO. 66:

9       All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

10   Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary

11   to the public, retailers, the press, consumers, advertisers, media buyer

12   representatives, cable or broadcast television executives, the NPD Group, the Toy

13   Industry Association, any United States governmental unit or agency, any toy

14   industry organization whether foreign, domestic or international, any

15   manufacturing or children's safety compliance or watchdog organization, and any

16   organization, company, agency, entity or person involved in commercial or

17   product safety evaluation, ratings or awards mentioning, referring or relating to

18   BRATZ PETZ.

19

20   RESPONSE TO REQUEST NO. 66:

21       In addition to the general objections stated above which are incorporated

22   herein by reference, Mattel objects to this Request as overbroad and unduly

23   burdensome in that it seeks all communications in Mattel's possession, custody

24   and control from eight different Mattel officers and employees and former officers

25   and employees to a large number of third parties, without limitation as to time or

26   subject matter, including documents that are publicly available and therefore

27   equally available to MGA, and regardless of whether the communications relate to

28   the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

-84-

1 grounds that such discovery from Mattel is overbroad, unduly burdensome,

2 oppressive and not likely to the lead to the discovery of admissible evidence in

3 that Mattel's actions in relation to the "Bratz" line of products are not at issue in

4 this action and are irrelevant to the claims and defenses in this suit. Rather, at

5 issue are the actions of defendants and third parties associated with defendants in

6 connection with the projects that defendant Bryant worked on with defendant

7 MGA, which is information known to and within the possession, custody and

8 control of defendants and their associated third parties, not Mattel.

9

10 REQUEST NO. 67:

11       All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

12 Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary

13 to the public, retailers, the press, consumers, advertisers, media buyer

14 representatives, cable or broadcast television executives, the NPD Group, the Toy

15 Industry Association, any United States governmental unit or agency, any toy

16 industry organization whether foreign, domestic or international, any

17 manufacturing or children's safety compliance or watchdog organization, and any

18 organization, company, agency, entity or person involved in commercial or

19 product safety evaluation, ratings or awards mentioning, referring or relating to

20 BRATZ BABYZ.

21

22 RESPONSE TO REQUEST NO. 67:

23       In addition to the general objections stated above which are incorporated

24 herein by reference, Mattel objects to this Request as overbroad and unduly

25 burdensome in that it seeks all communications in Mattel's possession, custody

26 and control from eight different Mattel officers and employees and former officers

27 and employees to a large number of third parties, without limitation as to time or

28 subject matter, including documents that are publicly available and therefore

-85-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   equally available to MGA, and regardless of whether the communications relate to

2   the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

3   grounds that such discovery from Mattel is overbroad, unduly burdensome,

4   oppressive and not likely to the lead to the discovery of admissible evidence in

5   that Mattel's actions in relation to the "Bratz" line of products are not at issue in

6   this action and are irrelevant to the claims and defenses in this suit.  Rather, at

7   issue are the actions of defendants and third parties associated with defendants in

8   connection with the projects that defendant Bryant worked on with defendant

9   MGA, which is information known to and within the possession, custody and

10  control of defendants and their associated third parties, not Mattel.

11

12  REQUEST NO. 68:

13          All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

14  Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary

15  to the public, retailers, the press, consumers, advertisers, media buyer

16  representatives, cable or broadcast television executives, the NPD Group, the Toy

17  Industry Association, any United States governmental unit or agency, any toy

18  industry organization whether foreign, domestic or international, any

19  manufacturing or children's safety compliance or watchdog organization, and any

20  organization, company, agency, entity or person involved in commercial or

21  product safety evaluation, ratings or awards mentioning, referring or relating to

22  BRATZ BOYZ.

23

24  RESPONSE TO REQUEST NO. 68:

25          In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request as overbroad and unduly

27  burdensome in that it seeks all communications in Mattel's possession, custody

28  and control from eight different Mattel officers and employees and former officers

-86-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  and employees to a large number of third parties, without limitation as to time or

2  subject matter, including documents that are publicly available and therefore

3  equally available to MGA, and regardless of whether the communications relate to

4  the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

5  grounds that such discovery from Mattel is overbroad, unduly burdensome,

6  oppressive and not likely to the lead to the discovery of admissible evidence in

7  that Mattel's actions in relation to the "Bratz" line of products are not at issue in

8  this action and are irrelevant to the claims and defenses in this suit.  Rather, at

9  issue are the actions of defendants and third parties associated with defendants in

10 connection with the projects that defendant Bryant worked on with defendant

11 MGA, which is information known to and within the possession, custody and

12 control of defendants and their associated third parties, not Mattel.

13

14 REQUEST NO. 69:

15      All DOCUMENTS discussing, mentioning, referring or relating to any

16 MATTEL desire, plan, idea, decision, goal, or objective to copy, imitate, replicate,

17 emulate, duplicate or mimic BRATZ.

18

19 RESPONSE TO REQUEST NO. 69:

20      In addition to the general objections stated above which are incorporated

21 herein by reference, Mattel objects to this Request on the grounds that such

22 discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

23 to the lead to the discovery of admissible evidence in that Mattel's actions in

24 relation to "Bratz" are not at issue in this action and are irrelevant to the claims

25 and defenses in this suit.  Rather, at issue are the actions of defendants and third

26 parties associated with defendants in connection with the projects that defendant

27 Bryant worked on with defendant MGA, which is information known to and

28 within the possession, custody and control of defendants and their associated third

parties, not Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as vague and ambiguous.

REQUEST NO. 70:

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to copy, imitate, replicate, emulate, duplicate or mimic any MGA PRODUCT with which BRYANT had any involvement.

RESPONSE TO REQUEST NO. 70:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as vague and ambiguous.

-88-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 71:

All DOCUMENTS mentioning, discussing, referring or relating to any BRATZ ITEM, which is dated or was authored or created before the date that the BRATZ ITEM was first offered for sale in retail stores to the general public.

RESPONSE TO REQUEST NO. 71:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as vague and ambiguous, including on the grounds that the term "Bratz Item" is not defined.  Mattel further objects to this Request on the grounds that it is overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control mentioning, discussing, referring or relating to any undefined "Bratz Item" that was created during some undefined time period that is known to MGA, and not to Mattel.  Mattel further objects to this Request on the grounds that it is incomplete in that Mattel does not know the dates that undefined "Bratz Items" were "first offered for sale."  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1  REQUEST NO. 72:

2      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

3  mentioning, referring to, or relating to the similarities or differences between the

4  BRATZ CONCEPT on the one hand and any idea, concept, creation, design, work,

5  or intellectual property owned by YOU on the other, which YOU contend served,

6  or may have served, as the idea, inspiration, source or origin for the BRATZ

7  CONCEPT.

8

9  RESPONSE TO REQUEST NO. 72:

10      In addition to the general objections stated above, which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it calls for

12  the disclosure of information subject to the attorney-client privilege, the attorney

13  work-product doctrine, and other applicable privileges.  Mattel further objects to

14  this Request as overbroad and unduly burdensome on the ground that it seeks all

15  documents in Mattel's possession, custody and control related to this topic, created

16  by anyone at any time, and purports to require Mattel to identify, investigate and

17  search for documents including newspaper articles and other publicly available

18  materials which are equally available to MGA.  Mattel further objects to this

19  Request as vague and ambiguous, including but not limited to the term "Bratz

20  Concept."  Mattel further objects to this Request on the grounds that it is

21  unreasonably burdensome and premature in that the facts necessary to determine

22  the whether "images, drawings, pictures, sculpts, molds, prototypes and any other

23  form of artwork" both predate the "First Bratz Dolls" and are "'Bratz'-related"

24  known by defendants and third parties associated with defendants, but are not

25  known by Mattel at this juncture.  Mattel further objects to this Request on the

26  grounds that it is improperly phrased as a legal contention.  Mattel further objects

27  to this Request on the grounds that it is duplicative of or subsumed within prior

28  Requests already responded to and seeks the re-production of information and

07209/636684.2

-90-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

254

Exhibit 42 - Page 1769

1 documents already produced in this action. Such information and documents will
2 not be re-produced.

3

4 REQUEST NO. 73:

5     All DOCUMENTS evidencing, detailing, discussing, describing, depicting,
6 mentioning, referring to, or relating to the similarities or differences between the
7 FIRST BRATZ DOLLS on the one hand and any idea, concept, creation, design,
8 work, or intellectual property owned by YOU on the other, which YOU contend
9 served, or may have served, as the idea, inspiration, source or origin for the FIRST
10 BRATZ DOLLS.

11

12 RESPONSE TO REQUEST NO. 73:

13     In addition to the general objections stated above, which are incorporated
14 herein by reference, Mattel objects to this Request on the grounds that it calls for
15 the disclosure of information subject to the attorney-client privilege, the attorney
16 work-product doctrine and other applicable privileges. Mattel further objects to
17 this Request as overbroad and unduly burdensome on the ground that it seeks all
18 documents in Mattel's possession, custody and control related to this topic, created
19 by anyone at any time, and purports to require Mattel to identify, investigate and
20 search for documents including newspaper articles and other publicly available
21 materials which are equally available to MGA. Mattel further objects to this
22 Request as vague and ambiguous, including without limitation the term "First
23 Bratz Dolls." Mattel further objects to this Request on the grounds that it is
24 improperly phrased as a legal contention. Mattel further objects to this Request on
25 the grounds that it is duplicative of or subsumed within prior Requests already
26 responded to and seeks the re-production of information and documents already
27 produced in this action. Such information and documents will not be re-produced.

28

07209/636684.2

-91-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  REQUEST NO. 74:

2      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

3  mentioning, referring to, or relating to the similarities or differences between

4  BRATZ DOLLS on the one hand and any idea, concept, creation, design, work, or

5  intellectual property owned by YOU on the other, which YOU contend served, or

6  may have served, as the idea, inspiration, source or origin for BRATZ DOLLS.

7

8  RESPONSE TO REQUEST NO. 74:

9      In addition to the general objections stated above, which are incorporated

10  herein by reference, Mattel objects to this Request on the grounds that it calls for

11  the disclosure of information subject to the attorney-client privilege, the attorney

12  work-product doctrine and other applicable privileges. Mattel further objects to

13  this Request as overbroad and unduly burdensome on the ground that it seeks all

14  documents in Mattel's possession, custody and control related to this topic, created

15  by anyone at any time, and purports to require Mattel to identify, investigate and

16  search for documents including newspaper articles and other publicly available

17  materials which are equally available to MGA. Mattel further objects to this

18  Request as vague and ambiguous. Mattel further objects to this Request on the

19  grounds that it is improperly phrased as a legal contention. Mattel further objects

20  to this Request on the grounds that it is duplicative of or subsumed within prior

21  Requests already responded to and seeks the re-production of information and

22  documents already produced in this action. Such information and documents will

23  not be re-produced.

24

25  REQUEST NO. 75:

26      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

27  mentioning, referring to, or relating to the similarities or differences between the

28  BRATZ PACK on the one hand and any idea, concept, creation, design, work, or

07209/636684.2

-92-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 | intellectual property owned by YOU on the other, which YOU contend served, or
2 | may have served, as the idea, inspiration, source or origin for the BRATZ PACK.
3 |
4 | RESPONSE TO REQUEST NO. 75:
5 |       In addition to the general objections stated above, which are incorporated
6 | herein by reference, Mattel objects to this Request on the grounds that it calls for
7 | the disclosure of information subject to the attorney-client privilege, the attorney
8 | work-product doctrine and other applicable privileges.  Mattel further objects to
9 | this Request as overbroad and unduly burdensome on the ground that it seeks <u>all</u>
10 | documents in Mattel's possession, custody and control related to this topic, created
11 | by <u>anyone at any time</u>, and purports to require Mattel to identify, investigate and
12 | search for documents including newspaper articles and other publicly available
13 | materials which are equally available to MGA.  Mattel further objects to this
14 | Request as vague and ambiguous.  Mattel further objects to this Request on the
15 | grounds that it is improperly phrased as a legal contention.  Mattel further objects
16 | to this Request on the grounds that it is duplicative of or subsumed within prior
17 | Requests already responded to and seeks the re-production of information and
18 | documents already produced in this action.  Such information and documents will
19 | not be re-produced.
20 |
21 | REQUEST NO. 76:
22 |       All DOCUMENTS evidencing, detailing, discussing, describing, depicting,
23 | mentioning, referring to, or relating to the similarities or differences between LIL'
24 | BRATZ on the one hand and any idea, concept, creation, design, work, or
25 | intellectual property owned by YOU on the other, which YOU contend served, or
26 | may have served, as the idea, inspiration, source or origin for LIL' BRATZ.
27 |
28 |

07209/636684.2

-93-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 76:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as overbroad and unduly burdensome on the ground that it seeks all documents in Mattel's possession, custody and control related to this topic, created by anyone at any time, and purports to require Mattel to identify, investigate and search for documents including newspaper articles and other publicly available materials which are equally available to MGA. Mattel further objects to this Request as vague and ambiguous. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 77:

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ PETZ on the one hand and any idea, concept, creation, design, work, or intellectual property owned by YOU on the other, which YOU contend served, or may have served, as the idea, inspiration, source or origin for BRATZ PETZ.

RESPONSE TO REQUEST NO. 77:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney

07209/636684.2

-94-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  work-product doctrine and other applicable privileges.  Mattel further objects to

2  this Request as overbroad and unduly burdensome on the ground that it seeks all

3  documents in Mattel's possession, custody and control related to this topic, created

4  by anyone at any time, and purports to require Mattel to identify, investigate and

5  search for documents including newspaper articles and other publicly available

6  materials which are equally available to MGA.  Mattel further objects to this

7  Request as vague and ambiguous.  Mattel further objects to this Request on the

8  grounds that it is improperly phrased as a legal contention.  Mattel further objects

9  to this Request on the grounds that it is duplicative of or subsumed within prior

10  Requests already responded to and seeks the re-production of information and

11  documents already produced in this action.  Such information and documents will

12  not be re-produced.

13

14  REQUEST NO. 78:

15      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

16  mentioning, referring to, or relating to the similarities or differences between

17  BRATZ BABYZ on the one hand and any idea, concept, creation, design, work, or

18  intellectual property owned by YOU on the other, which YOU contend served, or

19  may have served, as the idea, inspiration, source or origin for BRATZ BABYZ.

20

21  RESPONSE TO REQUEST NO. 78:

22      In addition to the general objections stated above, which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it calls for

24  the disclosure of information subject to the attorney-client privilege, the attorney

25  work-product doctrine and other applicable privileges.  Mattel further objects to

26  this Request as overbroad and unduly burdensome on the ground that it seeks all

27  documents in Mattel's possession, custody and control related to this topic, created

28  by anyone at any time, and purports to require Mattel to identify, investigate and

-95-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   search for documents including newspaper articles and other publicly available

2   materials which are equally available to MGA. Mattel further objects to this

3   Request as vague and ambiguous. Mattel further objects to this Request on the

4   grounds that it is improperly phrased as a legal contention. Mattel further objects

5   to this Request on the grounds that it is duplicative of or subsumed within prior

6   Requests already responded to and seeks the re-production of information and

7   documents already produced in this action. Such information and documents will

8   not be re-produced.

9

10  REQUEST NO. 79:

11       All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

12  mentioning, referring to, or relating to the similarities or differences between

13  BRATZ BOYZ on the one hand and any idea, concept, creation, design, work, or

14  intellectual property owned by YOU on the other, which YOU contend served, or

15  may have served, as the idea, inspiration, source or origin for BRATZ BOYZ.

16

17  RESPONSE TO REQUEST NO. 79:

18       In addition to the general objections stated above, which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it calls for

20  the disclosure of information subject to the attorney-client privilege, the attorney

21  work-product doctrine and other applicable privileges. Mattel further objects to

22  this Request as overbroad and unduly burdensome on the ground that it seeks all

23  documents in Mattel's possession, custody and control related to this topic, created

24  by anyone at any time, and purports to require Mattel to identify, investigate and

25  search for documents including newspaper articles and other publicly available

26  materials which are equally available to MGA. Mattel further objects to this

27  Request as vague and ambiguous. Mattel further objects to this Request on the

28  grounds that it is improperly phrased as a legal contention. Mattel further objects

07209/636684.2

-96-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 to this Request on the grounds that it is duplicative of or subsumed within prior

2 Requests already responded to and seeks the re-production of information and

3 documents already produced in this action. Such information and documents will

4 not be re-produced.

5

6 REQUEST NO. 80:

7    All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

8 mentioning, referring to, or relating to the similarities or differences between any

9 MGA PRODUCT on the one hand and any idea, concept, creation, design, work,

10 or intellectual property owned by YOU on the other, which YOU contend served,

11 or may have served, as the idea, inspiration, source or origin for any MGA

12 PRODUCT.

13

14 RESPONSE TO REQUEST NO. 80:

15    In addition to the general objections stated above, which are incorporated

16 herein by reference, Mattel objects to this Request on the grounds that it calls for

17 the disclosure of information subject to the attorney-client privilege, the attorney

18 work-product doctrine and other applicable privileges. Mattel further objects to

19 this Request as overbroad and unduly burdensome on the ground that it seeks all

20 documents in Mattel's possession, custody and control related to this topic, created

21 by anyone at any time, including as to any "MGA Product" created at any time,

22 and purports to require Mattel to identify, investigate and search for documents

23 including newspaper articles and other publicly available materials which are

24 equally available to MGA. For the same reasons, Mattel further objects to this

25 Request on the grounds that it seeks documents that are not relevant to this action,

26 or reasonably calculated to lead to the discovery of admissible evidence. Mattel

27 further objects to this Request as vague and ambiguous, including but not limited

28

07209/636684.2

-97-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  to the term "MGA Product."  Mattel further objects to this Request on the grounds

2  that it is improperly phrased as a legal contention.

3

4  REQUEST NO. 81:

5       All DOCUMENTS quantifying, calculating, estimating, referring to, or

6  relating to the damage or harm YOU have purportedly suffered as a result of

7  BRYANT's alleged conduct including, without limitation, all DOCUMENTS

8  evidencing the cause, nature, extent, and amount or value of any unjust

9  enrichment, lost revenues, lost profits, lost sales, price erosion, lost or converted

10 property, consequential and incidental damage, information or intellectual

11 property provided to any competitor, benefit obtained by any competitor, lost

12 opportunity, lost advantage, lost benefit, and any other form of alleged harm.

13

14 RESPONSE TO REQUEST NO. 81:

15      In addition to the general objections stated above, which are incorporated

16 herein by reference, Mattel objects to this Request on the grounds that it is

17 unreasonably burdensome and premature in that the facts necessary to determine

18 the full nature and extent of Mattel's relief and damages from defendant's acts or

19 omissions are known by defendants and third parties associated with defendants,

20 but are not known by Mattel at this juncture because of defendants' refusals to

21 produce basic discovery.  Mattel further objects to this Request on the grounds

22 that it calls for the disclosure of information subject to the attorney-client

23 privilege, the attorney work-product doctrine and other applicable privileges.

24 Mattel further objects to this Request on the grounds that it is duplicative of or

25 subsumed within prior Requests already responded to and seeks the re-production

26 of information and documents already produced in this action.  Such information

27 and documents will not be re-produced.  Mattel further objects to this Request as

28

-98-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

07209/636684.2

1 premature in that it seeks expert discovery. Such discovery will be disclosed only

2 at the time, and in the manner required by, the Rules and the Court's Orders.

3

4 REQUEST NO. 82:

5     All DOCUMENTS mentioning, referring or relating to the conception,

6 creation, design, development or reduction to practice of "Toon Teens" and any

7 related or derivative works, including, without limitation, DOCUMENTS

8 commissioning, assigning, contracting for, or otherwise requesting work on or

9 assistance with the conception, creation, design, development or reduction to

10 practice of said work(s).

11

12 RESPONSE TO REQUEST NO. 82:

13     In addition to the general objections stated above, which are incorporated

14 herein by reference, Mattel objects to this Request as overbroad and unduly

15 burdensome in that it seeks all documents in Mattel's possession, custody and

16 control created by anyone at any time that are related to this topic. Mattel further

17 objects to this Request as vague and ambiguous in its use of the terms "related"

18 and "derivative." Mattel further objects to this Request on the grounds that it

19 seeks confidential, proprietary and trade secret information that has no bearing on

20 the claims or defenses in this case. Mattel further objects to this Request on the

21 grounds that it calls for the disclosure of information subject to the attorney-client

22 privilege, the attorney work-product doctrine and other applicable privileges.

23 Mattel further objects to this Request on the grounds that it is duplicative of or

24 subsumed within prior Requests already responded to and seeks the re-production

25 of information and documents already produced in this action. Such information

26 and documents will not be re-produced.

27

28

1    REQUEST NO. 83:

2       All DOCUMENTS constituting contracts, licenses, assignments or

3 conveyances involving, referring or relating to "Toon Teens" and any derivative

4 works.

5

6    RESPONSE TO REQUEST NO. 83:

7       In addition to the general objections stated above, which are incorporated

8 herein by reference, Mattel objects to this Request as overbroad and unduly

9 burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

10 control created by <u>anyone at any time</u> that are related to this topic.  Mattel further

11 objects to this Request as vague and ambiguous in its use of the term "derivative."

12 Mattel further objects to this Request on the grounds that it seeks confidential,

13 proprietary and trade secret information that has no bearing on the claims or

14 defenses in this case.  Mattel further objects to this Request on the grounds that it

15 calls for the disclosure of information subject to the attorney-client privilege, the

16 attorney work-product doctrine and other applicable privileges.  Mattel further

17 objects to this Request on the grounds that it is duplicative of or subsumed within

18 prior Requests already responded to and seeks the re-production of information

19 and documents already produced in this action.  Such information and documents

20 will not be re-produced.

21

22    REQUEST NO. 84:

23       All COMMUNICATIONS exchanged between YOU on the one hand and

24 the U.S. Patent and Trademark Office or U.S. Copyright Office on the other

25 referring or relating to "Toon Teens" and any related or derivative works

26 including, without limitation, applications, registrations, amendments, office

27 actions and correspondence and all DOCUMENTS mentioning, referring or

28 relating to such COMMUNICATIONS.

-100-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

<u>RESPONSE TO REQUEST NO. 84</u>:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and control created by <u>anyone at any time</u> that are related to this topic, including documents that are publicly available and therefore equally available to MGA, regardless of whether the documents relate to the conduct at issue in this lawsuit. Mattel further objects to this Request as vague and ambiguous in its use of the terms "related" and "derivative." Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

<u>REQUEST NO. 85</u>:

All DOCUMENTS constituting, mentioning, referring to, or relating to any decision to apply for, register for, file, amend, withdraw, or abandon any trademark, service mark, trade dress, or copyright application or registration for "Toon Teens" and any derivative works.

<u>RESPONSE TO REQUEST NO. 85</u>:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and control created by <u>anyone at any time</u> that are related to this topic, regardless of whether the documents relate to the conduct at issue in this lawsuit. Mattel further objects to this Request as vague and ambiguous in its use of the term "derivative." Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  doctrine and other applicable privileges. Mattel further objects to this Request on
2  the grounds that it is duplicative of or subsumed within prior Requests already
3  responded to and seeks the re-production of information and documents already
4  produced in this action. Such information and documents will not be re-produced.

5

6  REQUEST NO. 86:

7      All DOCUMENTS constituting, modeling, showing, demonstrating,
8  depicting, or describing "Toon Teens" and any derivative works including,
9  without limitation, photographs, visual reproductions, drawings, sketches, models,
10  molds, prototypes and any type of three dimensional image, including all original
11  molds, models and prototypes.

12

13  RESPONSE TO REQUEST NO. 86:

14      In addition to the general objections stated above, which are incorporated
15  herein by reference, Mattel objects to this Request as overbroad and unduly
16  burdensome in that it seeks all documents in Mattel's possession, custody and
17  control created by anyone at any time that are related to this topic, regardless of
18  whether the documents relate to the conduct at issue in this lawsuit. Mattel further
19  objects to this Request as vague and ambiguous in its use of the term "derivative."
20  Mattel further objects to this Request on the grounds that it seeks confidential,
21  proprietary and trade secret information that has no bearing on the claims or
22  defenses in this case. Mattel further objects to this Request on the grounds that it
23  calls for the disclosure of information subject to the attorney-client privilege, the
24  attorney work-product doctrine and other applicable privileges. Mattel further
25  objects to this Request on the grounds that it is duplicative of or subsumed within
26  prior Requests already responded to and seeks the re-production of information
27  and documents already produced in this action. Such information and documents
28  will not be re-produced.

07209/636684.2

-102-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 87:

All DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of the "Toon Teens" idea, concept or products and any related or derivative works.

RESPONSE TO REQUEST NO. 87:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and control created by <u>anyone at any time</u> that are related to this topic, regardless of whether the documents relate to the conduct at issue in this lawsuit. Mattel further objects to this Request as vague and ambiguous in its use of the terms "related" and "derivative." Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 88:

All DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way in the plans for creating, designing, developing and marketing "Toon Teens," including individuals who worked on or were involved in any way in (1) deciding to create, design, develop or market "Toon Teens" and (2) deciding to stop or abandon the design, development or marketing of "Toon Teens".

-t03-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 88:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic, regardless of whether the documents relate to the conduct at issue in this lawsuit.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

REQUEST NO. 89:

All DOCUMENTS mentioning, discussing, referring or relating to all of the facts and circumstances leading up to, surrounding or any way connected with the development, marketing and abandonment of "Toon Teens" including, without limitation, the reasons for and factors influencing the creation, design, development and marketing of "Toon Teens," and the reasons for and factors influencing the cessation or abandonment of the design, development or marketing of "Toon Teens".

RESPONSE TO REQUEST NO. 89:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic, regardless of whether the documents relate to the conduct at issue in this lawsuit.  Mattel further

-104-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   objects to this Request on the grounds that it seeks confidential, proprietary and

2   trade secret information that has no bearing on the claims or defenses in this case.

3   Mattel further objects to this Request on the grounds that it calls for the disclosure

4   of information subject to the attorney-client privilege, the attorney work-product

5   doctrine and other applicable privileges. Mattel further objects to this Request on

6   the grounds that it is duplicative of or subsumed within prior Requests already

7   responded to and seeks the re-production of information and documents already

8   produced in this action. Such information and documents will not be re-produced.

9

10   REQUEST NO. 90:

11       All DOCUMENTS evidencing that BRYANT had access to "Toon Teens,"

12   at any stage of creation, concept, design or development.

13

14   RESPONSE TO REQUEST NO. 90:

15       In addition to the general objections stated above, which are incorporated

16   herein by reference, Mattel objects to this Request on the grounds that it calls for

17   the disclosure of information subject to the attorney-client privilege, the attorney

18   work-product doctrine and other applicable privileges. Mattel further objects to

19   this Request as overbroad and unduly burdensome in that it seeks all documents in

20   Mattel's possession, custody and control created by anyone at any time that are

21   related to this topic, including newspaper articles and other publicly available

22   documents which are equally available to MGA, regardless of whether the

23   documents relate to the conduct at issue in this lawsuit. Mattel further objects to

24   this Request on the grounds that it is duplicative of or subsumed within prior

25   Requests already responded to and seeks the re-production of information and

26   documents already produced in this action. Such information and documents will

27   not be re-produced.

28

-105-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 42 - Page 1784

1  REQUEST NO. 91:

2      All DOCUMENTS referring or relating to BRATZ INTELLECTUAL

3  PROPERTY that YOU have given or shown to any person who worked on or was

4  involved in the conception, creation, design or development of "Toon Teens".

5

6  RESPONSE TO REQUEST NO. 91:

7      In addition to the general objections stated above, which are incorporated

8  herein by reference, Mattel objects to this Request as overbroad and unduly

9  burdensome on the grounds that it seeks all documents in Mattel's possession,

10 custody and control that refer or relate to "Bratz Intellectual Property" given or

11 shown at any time by "Mattel," as defined by MGA to include past employee like

12 Bryant, to any person who worked on or was involved in the conception, creation,

13 design or development of "Toon Teens," regardless of whether the documents are

14 related to the conduct at issue in this lawsuit. Mattel further objects to the Request

15 on the ground that the term "Bratz Intellectual Property" is vague and ambiguous.

16 Mattel further objects to this Request on the grounds that it seeks confidential,

17 proprietary and trade secret information that has no bearing on the claims or

18 defenses in this case. Mattel further objects to this Request on the grounds that it

19 calls for the disclosure of information subject to the attorney-client privilege, the

20 attorney work-product doctrine and other applicable privileges. Mattel further

21 objects to this Request on the grounds that it is duplicative of or subsumed within

22 prior Requests already responded to and seeks the re-production of information

23 and documents already produced in this action. Such information and documents

24 will not be re-produced.

25

26

27

28

07209/636684.2

-106-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 42 - Page 1785

REQUEST NO. 92:

All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU have given or shown to any person who worked on or was involved in the conception, creation, design or development of "Toon Teens".

RESPONSE TO REQUEST NO. 92:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents in Mattel's possession, custody and control that refer or relate to the "Bratz Concept" given or shown at any time by "Mattel," as defined by MGA to include past employee like Bryant, to any person who worked on or was involved in the conception, creation, design or development of "Toon Teens," regardless of whether the documents are related to the conduct at issue in this lawsuit. Mattel further objects to this Request on the ground that the term "Bratz Concept" is vague and ambiguous. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 93:

All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS that YOU have given or shown to any person who worked on or was involved in the conception, creation, design or development of "Toon Teens".

07209/636684.2

-107-

**RESPONSE TO REQUEST NO. 93**:

1   In addition to the general objections stated above, which are incorporated
2   herein by reference, Mattel objects to this Request as overbroad and unduly
3   burdensome on the grounds that it seeks all documents in Mattel's possession,
4   custody and control that refer or relate to the "First Bratz Dolls" given or shown at
5   any time by "Mattel," as defined by MGA to include past employees like Bryant,
6   to any person who worked on or was involved in the conception, creation, design
7   or development of "Toon Teens," regardless of whether the documents are related
8   to the conduct at issue in this lawsuit. Mattel further objects to the Request on the
9   ground that the term "First Bratz Dolls" is vague and ambiguous. Mattel further
10  objects to this Request on the grounds that it seeks confidential, proprietary and
11  trade secret information that has no bearing on the claims or defenses in this case.
12  Mattel further objects to this Request on the grounds that it calls for the disclosure
13  of information subject to the attorney-client privilege, the attorney work-product
14  doctrine and other applicable privileges. Mattel further objects to this Request on
15  the grounds that it is duplicative of or subsumed within prior Requests already
16  responded to and seeks the re-production of information and documents already
17  produced in this action. Such information and documents will not be re-produced.
18
19  **REQUEST NO. 94**:
20      All DOCUMENTS referring or relating to the BRATZ PACK that YOU
21  have given or shown to any person who worked on or was involved in the
22  conception, creation, design or development of "Toon Teens".
23
24  **RESPONSE TO REQUEST NO. 94**:
25      In addition to the general objections stated above, which are incorporated
26  herein by reference, Mattel objects to this Request as overbroad and unduly
27  burdensome on the grounds that it seeks all documents in Mattel's possession,

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

272

Exhibit 42 - Page 1787

1  custody and control that refer or relate to the "Bratz Pack" given or shown <u>at any</u>

2  <u>time</u> by "Mattel," as defined by MGA to include past employees like Bryant, to

3  <u>any</u> person who worked on or <u>was involved in</u> the conception, creation, design or

4  development of "Toon Teens," regardless of whether the documents are related to

5  the conduct at issue in this lawsuit. Mattel further objects to this Request on the

6  grounds that it seeks confidential, proprietary and trade secret information that has

7  no bearing on the claims or defenses in this case. Mattel further objects to this

8  Request on the grounds that it calls for the disclosure of information subject to the

9  attorney-client privilege, the attorney work-product doctrine and other applicable

10 privileges. Mattel further objects to this Request on the grounds that it is

11 duplicative of or subsumed within prior Requests already responded to and seeks

12 the re-production of information and documents already produced in this action.

13 Such information and documents will not be re-produced.

14

15 <u>REQUEST NO. 95</u>:

16     All DOCUMENTS referring or relating to the BRATZ BOYZ that YOU

17 have given or shown to any person who worked on or was involved in the

18 conception, creation, design or development of "Toon Teens".

19

20 <u>RESPONSE TO REQUEST NO. 95</u>:

21     In addition to the general objections stated above, which are incorporated

22 herein by reference, Mattel objects to this Request as overbroad and unduly

23 burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession,

24 custody and control that refer or relate to "Bratz Boyz" given or shown <u>at any time</u>

25 by "Mattel," as defined by MGA to include past employees like Bryant, to <u>any</u>

26 person who worked on or <u>was involved in</u> the conception, creation, design or

27 development of "Toon Teens," regardless of whether the documents are related to

28 the conduct at issue in this lawsuit. Mattel further objects to this Request on the

-109-

273

Exhibit 42 - Page 1788

1  grounds that it seeks confidential, proprietary and trade secret information that has

2  no bearing on the claims or defenses in this case. Mattel further objects to this

3  Request on the grounds that it calls for the disclosure of information subject to the

4  attorney-client privilege, the attorney work-product doctrine and other applicable

5  privileges. Mattel further objects to this Request on the grounds that it is

6  duplicative of or subsumed within prior Requests already responded to and seeks

7  the re-production of information and documents already produced in this action.

8  Such information and documents will not be re-produced.

9

10  REQUEST NO. 96:

11      All DOCUMENTS used or referred to in creating and designing "Toon

12  Teens," including, without limitation, all DOCUMENTS that served as artistic

13  inspiration for any aspect, feature or element of "Toon Teens".

14

15  RESPONSE TO REQUEST NO. 96:

16      In addition to the general objections stated above, which are incorporated

17  herein by reference, Mattel objects to this Request on the ground that it is vague,

18  ambiguous and overbroad. Mattel further objects to this Request on the grounds

19  that it calls for the disclosure of information subject to the attorney-client

20  privilege, the attorney work-product doctrine and other applicable privileges.

21  Mattel further objects to this Request on the grounds that it is duplicative of or

22  subsumed within prior Requests already responded to and seeks the re-production

23  of information and documents already produced in this action. Such information

24  and documents will not be re-produced.

25

26  REQUEST NO. 97:

27      All DOCUMENTS, including MARKET RESEARCH, referring or relating

28  to, or influencing MATTEL's decision to create, design, develop or abandon

1  "Toon Teens," including, without limitation, the reasons for and factors

2  influencing its decision.

3

4  RESPONSE TO REQUEST NO. 97:

5      In addition to the general objections stated above, which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it is vague

7  and ambiguous and seeks documents that are not relevant to this action or likely to

8  lead to the discovery of admissible evidence. Mattel further objects to this

9  Request on the grounds that it seeks confidential, proprietary and trade secret

10  information that has no bearing on the claims or defenses in this case. Mattel

11  further objects to this Request on the grounds that it calls for the disclosure of

12  information subject to the attorney-client privilege, the attorney work-product

13  doctrine and other applicable privileges.

14

15  REQUEST NO. 98:

16      All DOCUMENTS expressing, mentioning, discussing, referring or relating

17  to any actual, alleged or perceived connection between BRYANT, BRATZ,

18  BRATZ INTELLECTUAL PROPERTY or MGA on the one hand, and "Toon

19  Teens" on the other, including any actual, alleged or perceived similarities

20  between BRATZ, BRATZ INTELLECTUAL PROPERTY or any MGA

21  PRODUCT and "Toon Teens" and any actual, alleged or perceived, copying,

22  conversion, theft of ideas and theft of trade secrets by BRYANT.

23

24  RESPONSE TO REQUEST NO. 98:

25      In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it calls for

27  the disclosure of information subject to the attorney-client privilege, the attorney

28  work-product doctrine and other applicable privileges. Mattel further objects to

07209/636684.2

-111-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  this Request on the grounds that the terms "Bratz," "Bratz Intellectual Property"
2  and "MGA Product" are vague and ambiguous.  Mattel further objects to this
3  Request as overbroad and unduly burdensome in that it seeks all documents in
4  Mattel's possession, custody and control expressing, mentioning, discussing,
5  referring or relating to this broad topic, without limitation as to time, including
6  publicly available documents that are equally available to defendants.  Mattel
7  further objects to this Request on the grounds that it is duplicative of or subsumed
8  within prior Requests already responded to and seeks the re-production of
9  information and documents already produced in this action.  Such information and
10  documents will not be re-produced.

11

12  REQUEST NO. 99:

13      All DOCUMENTS expressing, mentioning, discussing, referring or relating
14  to any actual, alleged or perceived connection between BRYANT, BRATZ,
15  BRATZ INTELLECTUAL PROPERTY or MGA on the one hand, and "Toon
16  Teens" on the other, including any actual, alleged or perceived similarities
17  between BRATZ, BRATZ INTELLECTUAL PROPERTY or any MGA
18  PRODUCT and "Toon Teens" and any actual, alleged or perceived, copying,
19  conversion, theft of ideas and theft of trade secrets by MGA.

20

21  RESPONSE TO REQUEST NO. 99:

22      In addition to the general objections stated above, which are incorporated
23  herein by reference, Mattel objects to this Request on the grounds that it calls for
24  the disclosure of information subject to the attorney-client privilege, the attorney
25  work-product doctrine and other applicable privileges.  Mattel further objects to
26  this Request on the grounds that the terms "Bratz," "Bratz Intellectual Property"
27  and "MGA Product" are vague and ambiguous.  Mattel further objects to this
28  Request as overbroad and unduly burdensome in that it seeks all documents in

1   Mattel's possession, custody and control expressing, mentioning, discussing,

2   referring or relating to this broad topic, without limitation as to time, including

3   publicly available documents that are equally available to defendants.  Mattel

4   further objects to this Request as duplicative of Request No. 98.  Mattel further

5   objects to this Request on the grounds that it is duplicative of or subsumed within

6   prior Requests already responded to and seeks the re-production of information

7   and documents already produced in this action.  Such information and documents

8   will not be re-produced.

9

10  REQUEST NO. 100:

11       All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

12  mentioning, referring to, or relating to the similarities or differences between the

13  BRATZ CONCEPT on the one hand and "Toon Teens" on the other.

14

15  RESPONSE TO REQUEST NO. 100:

16       In addition to the general objections stated above, which are incorporated

17  herein by reference, Mattel objects to this Request as overbroad and unduly

18  burdensome in that it seeks all documents in Mattel's possession, custody and

19  control on this topic, without limitation as to time, including publicly available

20  documents that are equally available to defendants.  Mattel further objects to this

21  Request on the grounds that it is unreasonably burdensome and premature in that

22  the facts necessary to determine the whether "images, drawings, pictures, sculpts,

23  molds, prototypes and any other form of artwork" both predate the "First Bratz

24  Dolls" and are "'Bratz'-related" are known by defendants and third parties

25  associated with defendants, but are not known by Mattel at this juncture.  Mattel

26  further objects to this Request on the ground that the term "Bratz Concept" is

27  vague and ambiguous.  Mattel further objects to this Request on the grounds that it

28  calls for the disclosure of information subject to the attorney-client privilege, the

07209/636684.2

-113-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 attorney work-product doctrine and other applicable privileges. Mattel further

2 objects to this Request on the grounds that it is duplicative of or subsumed within

3 prior Requests already responded to and seeks the re-production of information

4 and documents already produced in this action. Such information and documents

5 will not be re-produced.

6

7 REQUEST NO. 101:

8     All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

9 mentioning, referring to, or relating to the similarities or differences between the

10 FIRST BRATZ DOLLS on the one hand and "Toon Teens" on the other.

11

12 RESPONSE TO REQUEST NO. 101:

13     In addition to the general objections stated above, which are incorporated

14 herein by reference, Mattel objects to this Request on the grounds that it calls for

15 the disclosure of information subject to the attorney-client privilege, the attorney

16 work-product doctrine and other applicable privileges. Mattel further objects to

17 this Request as overbroad and unduly burdensome in that it seeks all documents in

18 Mattel's possession, custody and control on this topic, without limitation as to

19 time, including publicly available documents that are equally available to

20 defendants. Mattel further objects to this Request on the ground that the term

21 "First Bratz Dolls" is vague and ambiguous. Mattel further objects to this Request

22 on the grounds that it is duplicative of or subsumed within prior Requests already

23 responded to and seeks the re-production of information and documents already

24 produced in this action. Such information and documents will not be re-produced.

25

26 REQUEST NO. 102:

27     All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

28 mentioning, referring to, or relating to the similarities or differences between

-114-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   BRATZ DOLLS on the one hand and "Toon Teens" on the other, if YOU seek in

2   this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR

3   recovery or damages in this case, any right or interest in, revenues or profits from,

4   or lost profits or other damages caused by BRATZ DOLLS.

5

6   RESPONSE TO REQUEST NO. 102:

7        In addition to the general objections stated above, which are incorporated

8   herein by reference, Mattel objects to this Request as overbroad and unduly

9   burdensome in that it seeks all documents in Mattel's possession, custody and

10   control on this topic, without limitation as to time, including publicly available

11   documents that are equally available to defendants. Mattel further objects to this

12   Request on the grounds that it is unreasonably burdensome and premature in that

13   the facts necessary to determine the full nature and extent of Mattel's relief and

14   damages from defendant's acts or omissions are known by defendants and third

15   parties associated with defendants, but are not known by Mattel at this juncture

16   because of defendants' refusals to produce basic discovery. Mattel further objects

17   to this Request on the grounds that it calls for the disclosure of information subject

18   to the attorney-client privilege, the attorney work-product doctrine and other

19   applicable privileges. Mattel further objects to this Request on the grounds that it

20   is improperly phrased as a legal contention. Mattel further objects to this Request

21   on the grounds that it is duplicative of or subsumed within prior Requests already

22   responded to and seeks the re-production of information and documents already

23   produced in this action. Such information and documents will not be re-produced.

24

25   REQUEST NO. 103:

26        All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

27   mentioning, referring to, or relating to the similarities or differences between the

28   BRATZ PACK on the one hand and "Toon Teens" on the other, if YOU seek in

07209/636684.2

-115-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR

2  recovery or damages in this case, any right or interest in, revenues or profits from,

3  or lost profits or other damages caused by the BRATZ PACK.

4

5  RESPONSE TO REQUEST NO. 103:

6       In addition to the general objections stated above, which are incorporated

7  herein by reference, Mattel objects to this Request as overbroad and unduly

8  burdensome in that it seeks all documents in Mattel's possession, custody and

9  control on this topic, without limitation as to time, including publicly available

10  documents that are equally available to defendants. Mattel further objects to this

11  Request on the grounds that it is unreasonably burdensome and premature in that

12  the facts necessary to determine the full nature and extent of Mattel's relief and

13  damages from defendant's acts or omissions are known by defendants and third

14  parties associated with defendants, but are not known by Mattel at this juncture

15  because of defendants' refusals to produce basic discovery. Mattel further objects

16  to this Request on the grounds that it calls for the disclosure of information subject

17  to the attorney-client privilege, the attorney work-product doctrine and other

18  applicable privileges. Mattel further objects to this Request on the grounds that it

19  is improperly phrased as a legal contention. Mattel further objects to this Request

20  on the grounds that it is duplicative of or subsumed within prior Requests already

21  responded to and seeks the re-production of information and documents already

22  produced in this action. Such information and documents will not be re-produced.

23

24  REQUEST NO. 104:

25       All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

26  mentioning, referring to, or relating to the similarities or differences between LIL'

27  BRATZ on the one hand and "Toon Teens" on the other, if YOU seek in this case

28  to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or

1  damages in this case, any right or interest in, revenues or profits from, or lost
2  profits or other damages caused by LIL' BRATZ.
3
4  RESPONSE TO REQUEST NO. 104:
5         In addition to the general objections stated above, which are incorporated
6  herein by reference, Mattel objects to this Request as overbroad and unduly
7  burdensome in that it seeks all documents in Mattel's possession, custody and
8  control on this topic, without limitation as to time, including publicly available
9  documents that are equally available to defendants. Mattel further objects to this
10 Request on the grounds that it is unreasonably burdensome and premature in that
11 the facts necessary to determine the full nature and extent of Mattel's relief and
12 damages from defendant's acts or omissions are known by defendants and third
13 parties associated with defendants, but are not known by Mattel at this juncture
14 because of defendants' refusals to produce basic discovery. Mattel further objects
15 to this Request on the grounds that it calls for the disclosure of information subject
16 to the attorney-client privilege, the attorney work-product doctrine and other
17 applicable privileges. Mattel further objects to this Request on the grounds that it
18 is improperly phrased as a legal contention. Mattel further objects to this Request
19 on the grounds that it is duplicative of or subsumed within prior Requests already
20 responded to and seeks the re-production of information and documents already
21 produced in this action. Such information and documents will not be re-produced.
22
23 REQUEST NO. 105:
24        All DOCUMENTS evidencing, detailing, discussing, describing, depicting,
25 mentioning, referring to, or relating to the similarities or differences between
26 BRATZ PETZ on the one hand and "Toon Teens" on the other, if YOU seek in
27 this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR
28

07209/636684.2

-117-

281
Exhibit 42 - Page 1796

1   recovery or damages in this case, any right or interest in, revenues or profits from,

2   or lost profits or other damages caused by BRATZ PETZ.

3

4   RESPONSE TO REQUEST NO. 105:

5        In addition to the general objections stated above, which are incorporated

6   herein by reference, Mattel objects to this Request as overbroad and unduly

7   burdensome in that it seeks all documents in Mattel's possession, custody and

8   control on this topic, without limitation as to time, including publicly available

9   documents that are equally available to defendants.  Mattel further objects to this

10  Request on the grounds that it is unreasonably burdensome and premature in that

11  the facts necessary to determine the full nature and extent of Mattel's relief and

12  damages from defendant's acts or omissions are known by defendants and third

13  parties associated with defendants, but are not known by Mattel at this juncture

14  because of defendants' refusals to produce basic discovery.  Mattel further objects

15  to this Request on the grounds that it calls for the disclosure of information subject

16  to the attorney-client privilege, the attorney work-product doctrine and other

17  applicable privileges.  Mattel further objects to this Request on the grounds that it

18  is improperly phrased as a legal contention.  Mattel further objects to this Request

19  on the grounds that it is duplicative of or subsumed within prior Requests already

20  responded to and seeks the re-production of information and documents already

21  produced in this action.  Such information and documents will not be re-produced.

22

23  REQUEST NO. 106:

24        All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

25  mentioning, referring to, or relating to the similarities or differences between

26  BRATZ BABYZ on the one hand and "Toon Teens" on the other, if YOU seek in

27  this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR

28

07209/636684.2

-118-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

282

Exhibit 42 - Page 1797

1  recovery or damages in this case, any right or interest in, revenues or profits from,

2  or lost profits or other damages caused by BRATZ BABYZ.

3

4  RESPONSE TO REQUEST NO. 106:

5       In addition to the general objections stated above, which are incorporated

6  herein by reference, Mattel objects to this Request as overbroad and unduly

7  burdensome in that it seeks all documents in Mattel's possession, custody and

8  control on this topic, without limitation as to time, including publicly available

9  documents that are equally available to defendants. Mattel further objects to this

10  Request on the grounds that it is unreasonably burdensome and premature in that

11  the facts necessary to determine the full nature and extent of Mattel's relief and

12  damages from defendant's acts or omissions are known by defendants and third

13  parties associated with defendants, but are not known by Mattel at this juncture

14  because of defendants' refusals to produce basic discovery. Mattel further objects

15  to this Request on the grounds that it calls for the disclosure of information subject

16  to the attorney-client privilege, the attorney work-product doctrine and other

17  applicable privileges. Mattel further objects to this Request on the grounds that it

18  is improperly phrased as a legal contention. Mattel further objects to this Request

19  on the grounds that it is duplicative of or subsumed within prior Requests already

20  responded to and seeks the re-production of information and documents already

21  produced in this action. Such information and documents will not be re-produced.

22

23  REQUEST NO. 107:

24       All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

25  mentioning, referring to, or relating to the similarities or differences between

26  BRATZ BOYZ on the one hand and "Toon Teens" on the other, if YOU seek in

27  this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR

28

-119-

283

Exhibit 42 - Page 1798

1  recovery or damages in this case, any right or interest in, revenues or profits from,

2  or lost profits or other damages caused by BRATZ BOYZ.

3

4  RESPONSE TO REQUEST NO. 107:

5      In addition to the general objections stated above, which are incorporated

6  herein by reference, Mattel objects to this Request as overbroad and unduly

7  burdensome in that it seeks all documents in Mattel's possession, custody and

8  control on this topic, without limitation as to time, including publicly available

9  documents that are equally available to defendants.  Mattel further objects to this

10  Request on the grounds that it is unreasonably burdensome and premature in that

11  the facts necessary to determine the full nature and extent of Mattel's relief and

12  damages from defendant's acts or omissions are known by defendants and third

13  parties associated with defendants, but are not known by Mattel at this juncture

14  because of defendants' refusals to produce basic discovery.  Mattel further objects

15  to this Request on the grounds that it calls for the disclosure of information subject

16  to the attorney-client privilege, the attorney work-product doctrine and other

17  applicable privileges.  Mattel further objects to this Request on the grounds that it

18  is improperly phrased as a legal contention.  Mattel further objects to this Request

19  on the grounds that it is duplicative of or subsumed within prior Requests already

20  responded to and seeks the re-production of information and documents already

21  produced in this action.  Such information and documents will not be re-produced.

22

23  REQUEST NO. 108:

24      If YOU contend that BRATZ has impacted or affected YOUR design,

25  development, marketing, sales, profits or revenue from "Toon Teens," or anything

26  developed or derived from "Toon Teens," as part of YOUR damages in this case,

27  all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring,

28  relating to or calculating that impact or affect.

07209/636684.2

-120-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

<u>RESPONSE TO REQUEST NO. 108</u>:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request as premature in that it seeks expert discovery. Such discovery will be disclosed only at the time, and in the manner required by, the <u>Rules</u> and the Court's Orders.

<u>REQUEST NO. 109</u>:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Toon Teens" or any product developed or derived from "Toon Teens" as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring to or relating to such product's creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to any such product.

<u>RESPONSE TO REQUEST NO. 109</u>:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney

1   work-product doctrine and other applicable privileges. Mattel further objects to

2   this Request on the grounds that it is unreasonably burdensome and premature in

3   that the facts necessary to determine the full nature and extent of Mattel's relief

4   and damages from defendant's acts or omissions are known by defendants and

5   third parties associated with defendants, but are not known by Mattel at this

6   juncture because of defendants' refusals to produce basic discovery. Mattel

7   further objects to this Request on the grounds that it is improperly phrased as a

8   legal contention. Mattel further objects to this Request as premature in that it

9   seeks expert discovery. Such discovery will be disclosed only at the time, and in

10   the manner required by, the <u>Rules</u> and the Court's Orders.

11

12   <u>REQUEST NO. 110</u>:

13       All DOCUMENTS evidencing, referring to or relating to whether and how

14   "Toon Teens" was ever used or utilized in any way by BRYANT or MGA in the

15   creation, design, derivation or development of any doll, toy or product of any

16   nature or form that was ever marketed or sold including, without limitation,

17   BRATZ.

18

19   <u>RESPONSE TO REQUEST NO. 110</u>:

20       In addition to the general objections stated above, which are incorporated

21   herein by reference, Mattel objects to this Request on the grounds that it seeks the

22   production of documents or information that are in the possession, custody and

23   control of independent parties over whom Mattel has no control, including without

24   limitation defendants and third parties associated with defendants, and seeks the

25   disclosure of documents or information that are in the possession, custody and

26   control of defendants or are publicly available and hence equally available to all

27   parties to this litigation. Mattel further objects to this Request on the grounds that

28   it is unreasonably burdensome and premature in that the facts necessary to

07209/636684.2

-122-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  determine whether documents in Mattel's possession, custody and control relate to
2  "Bratz" in that time period are within the knowledge of defendants and third
3  parties associated with defendants, and are not known to Mattel because of
4  defendants' refusals to produce basic discovery. Mattel further objects to this
5  Request on the grounds that it calls for the disclosure of information subject to the
6  attorney-client privilege, the attorney work-product doctrine and other applicable
7  privileges. Mattel further objects to this Request on the grounds that it is
8  duplicative of or subsumed within prior Requests already responded to and seeks
9  the re-production of information and documents already produced in this action.
10  Such information and documents will not be re-produced.
11
12  REQUEST NO. 111:
13       All DOCUMENTS evidencing, referring to or relating to whether and how
14  "Toon Teens" was ever used or utilized in any way by YOU in the creation,
15  design, derivation or development of any doll, toy or product of any nature or form
16  that was ever marketed or sold including, without limitation, "My Scene".
17
18  RESPONSE TO REQUEST NO. 111:
19       In addition to the general objections stated above, which are incorporated
20  herein by reference, Mattel objects to this Request on the grounds that it is vague
21  and ambiguous and calls for information that is not relevant to this action or likely
22  to lead to the discovery of admissible evidence. Mattel further objects to this
23  Request on the grounds that it seeks confidential, proprietary and trade secret
24  information that has no bearing on the claims or defenses in this case. Mattel
25  further objects to this Request on the grounds that it calls for the disclosure of
26  information subject to the attorney-client privilege, the attorney work-product
27  doctrine and other applicable privileges.
28

07209/636684.2

-123-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

287

Exhibit 42 - Page 1802

REQUEST NO. 112:

All DOCUMENTS evidencing, referring or relating to whether BRATZ or BRATZ INTELLECTUAL PROPERTY was ever used or utilized in any way by YOU in the creation, design or development of any doll, toy or product of any nature or form that was ever marketed or sold including, without limitation, "My Scene."

RESPONSE TO REQUEST NO. 112:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request as vague and ambiguous, including without limitation the terms "Bratz" and "Bratz Intellectual Property." Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1 | REQUEST NO. 113:

2      All DOCUMENTS that name or are otherwise sufficient to identify the

3 | individuals who worked on or were involved in any way with the conception,

4 | creation, design and development of the "My Scene" idea, concept or products.

5

6 | RESPONSE TO REQUEST NO. 113:

7      In addition to the general objections stated above, which are incorporated

8 | herein by reference, Mattel objects to this Request on the grounds that it calls for

9 | information that is not relevant to this action or likely to lead to the discovery of

10 | admissible evidence. Mattel further objects to this Request as overbroad, unduly

11 | burdensome and oppressive in that it seeks "all" documents in Mattel's

12 | possession, custody and control on this broad subject. Mattel further objects to

13 | this Request on the grounds that it seeks confidential, proprietary and trade secret

14 | information that has no bearing on the claims or defenses in this case. Mattel

15 | further objects to this Request on the grounds that it calls for the disclosure of

16 | information subject to the attorney-client privilege, the attorney work-product

17 | doctrine and other applicable privileges.

18

19 | REQUEST NO. 114:

20      All DOCUMENTS referring or relating to BRATZ or BRATZ

21 | INTELLECTUAL PROPERTY that YOU have given or shown to any person

22 | working on or involved in the conception, creation, design or development of "My

23 | Scene."

24

25 | RESPONSE TO REQUEST NO. 114:

26      In addition to the general objections stated above, which are incorporated

27 | herein by reference, Mattel objects to this Request on the grounds that such

28 | discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

07209/636684.2

-125-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 to the lead to the discovery of admissible evidence in that Mattel's actions in
2 relation to "Bratz" are not at issue in this action and are irrelevant to the claims
3 and defenses in this suit. Rather, at issue are the actions of defendants and third
4 parties associated with defendants in connection with the projects that defendant
5 Bryant worked on with defendant MGA, which is information known to and
6 within the possession, custody and control of defendants and their associated third
7 parties, not Mattel. Mattel further objects to this Request on the grounds that it
8 seeks confidential, proprietary and trade secret information that has no bearing on
9 the claims or defenses in this case. Mattel further objects to this Request on the
10 grounds that it calls for the disclosure of information subject to the attorney-client
11 privilege, the attorney work-product doctrine and other applicable privileges.
12 Mattel further objects to this Request as vague and ambiguous, including without
13 limitation the term "Bratz Intellectual Property."

14

15 REQUEST NO. 115:
16        If YOU contend that BRATZ has impacted or affected YOUR sales, profits
17 or revenue from "My Scene" as part of YOUR damages in this case, all
18 DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring,
19 relating to or calculating that impact or affect.

20

21 RESPONSE TO REQUEST NO. 115:
22        In addition to the general objections stated above, which are incorporated
23 herein by reference, Mattel objects to this Request on the grounds that it is
24 unreasonably burdensome and premature in that the facts necessary to determine
25 the full nature and extent of Mattel's damages from defendant's acts or omissions
26 are known by defendants and third parties associated with defendants, but are not
27 known by Mattel at this juncture because of defendants' refusals to produce basic
28 discovery. Mattel further objects to this Request on the grounds that it calls for

-126-

1 | the disclosure of information subject to the attorney-client privilege, the attorney
2 | work-product doctrine and other applicable privileges.  Mattel further objects to
3 | this Request on the grounds that it is improperly phrased as a legal contention.
4 |
5 | REQUEST NO. 116:
6 |     If YOU contend that BRATZ has impacted or affected YOUR sales, profits
7 | or revenue from "My Scene" as part of YOUR damages in this case, all
8 | DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or
9 | relating to "My Scene," including, without limitation, its creation, design,
10 | development, sales and marketing and all MARKET RESEARCH and all sales
11 | and market analyses referring or relating to "My Scene".
12 |
13 | RESPONSE TO REQUEST NO. 116:
14 |     In addition to the general objections stated above, which are incorporated
15 | herein by reference, Mattel objects to this Request on the grounds that it is
16 | unreasonably burdensome and premature in that the facts necessary to determine
17 | the full nature and extent of Mattel's damages from defendant's acts or omissions
18 | are known by defendants and third parties associated with defendants, but are not
19 | known by Mattel at this juncture because of defendants' refusals to produce basic
20 | discovery.  Mattel further objects to this Request as overbroad, unduly
21 | burdensome and oppressive in that it seeks "all" documents in Mattel's
22 | possession, custody and control on this broad subject.  Mattel further objects to
23 | this Request on the grounds that it calls for the disclosure of information subject to
24 | the attorney-client privilege, the attorney work-product doctrine and other
25 | applicable privileges.  Mattel further objects to this Request on the grounds that it
26 | is improperly phrased as a legal contention.  Mattel further objects to this Request
27 | on the grounds that it seeks confidential, proprietary and trade secret information,
28 |

1 such as current and future Mattel marketing and pricing plans and strategies, that

2 has no bearing on the claims or defenses in this case.

3

4 REQUEST NO. 117:

5     If YOU contend that BRATZ has impacted or affected YOUR sales, profits

6 or revenue from "My Scene" as part of YOUR damages in this case, all

7 DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

8 influencing MATTEL's decision to create, design or develop "My Scene,"

9 including, without limitation, the reasons for and factors influencing its decision.

10

11 RESPONSE TO REQUEST NO. 117:

12     In addition to the general objections stated above, which are incorporated

13 herein by reference, Mattel objects to this Request on the grounds that it is

14 unreasonably burdensome and premature in that the facts necessary to determine

15 the full nature and extent of Mattel's damages from defendant's acts or omissions

16 are known by defendants and third parties associated with defendants, but are not

17 known by Mattel at this juncture because of defendants' refusals to produce basic

18 discovery. Mattel further objects to this Request as overbroad, unduly

19 burdensome and oppressive in that it seeks "all" documents in Mattel's

20 possession, custody and control on this broad subject. Mattel further objects to

21 this Request on the grounds that it calls for the disclosure of information subject to

22 the attorney-client privilege, the attorney work-product doctrine and other

23 applicable privileges. Mattel further objects to this Request on the grounds that it

24 is improperly phrased as a legal contention. Mattel further objects to this Request

25 on the grounds that it seeks confidential, proprietary and trade secret information,

26 such as current and future Mattel marketing and pricing plans and strategies, that

27 has no bearing on the claims or defenses in this case.

28

-128-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 118:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all NPD DOCUMENTS relied on for press statements and quarterly reports regarding "My Scene".

RESPONSE TO REQUEST NO. 118:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks NPD data that is equally available to defendants.

REQUEST NO. 119:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing "My Scene," including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of any "My Scene" product.

07209/636684.2

-129-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

293

Exhibit 42 - Page 1808

RESPONSE TO REQUEST NO. 119:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request as vague and ambiguous.

REQUEST NO. 120:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "My Scene" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop "My Scene," including, without limitation, the reasons for and factors influencing its decision.

RESPONSE TO REQUEST NO. 120:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is

1   unreasonably burdensome and premature in that the facts necessary to determine

2   the full nature and extent of Mattel's damages from defendant's acts or omissions

3   are known by defendants and third parties associated with defendants, but are not

4   known by Mattel at this juncture because of defendants' refusals to produce basic

5   discovery.  Mattel further objects to this Request on the grounds that it calls for

6   the disclosure of information subject to the attorney-client privilege, the attorney

7   work-product doctrine and other applicable privileges.  Mattel further objects to

8   this Request as overbroad, unduly burdensome and oppressive in that it seeks "all"

9   documents in Mattel's possession, custody and control on this broad subject.

10  Mattel further objects to this Request on the grounds that it is improperly phrased

11  as a legal contention.  Mattel further objects to this Request on the grounds that it

12  seeks confidential, proprietary and trade secret information, such as current and

13  future Mattel marketing and pricing plans and strategies, that has no bearing on

14  the claims or defenses in this case.

15

16  REQUEST NO. 121:

17      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

18  or revenue from "My Scene" as part of YOUR damages in this case, all

19  DOCUMENTS evidencing, detailing, discussing, describing, depicting,

20  mentioning, referring to, or relating to the similarities or differences between

21  BRATZ on the one hand and "My Scene" on the other.

22

23  RESPONSE TO REQUEST NO. 121:

24      In addition to the general objections stated above, which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  unreasonably burdensome and premature in that the facts necessary to determine

27  the full nature and extent of Mattel's damages from defendant's acts or omissions

28  are known by defendants and third parties associated with defendants, but are not

07209/636684.2

-131-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 | known by Mattel at this juncture because of defendants' refusals to produce basic
2 | discovery. Mattel further objects to this Request on the grounds that it calls for
3 | the disclosure of information subject to the attorney-client privilege, the attorney
4 | work-product doctrine and other applicable privileges. Mattel further objects to
5 | this Request as overbroad, unduly burdensome and oppressive in that it seeks "all"
6 | documents in Mattel's possession, custody and control on this broad subject.
7 | Mattel further objects to this Request on the grounds that it is improperly phrased
8 | as a legal contention. Mattel further objects to this Request on the grounds that it
9 | seeks confidential, proprietary and trade secret information, such as current and
10 | future Mattel marketing and pricing plans and strategies, that has no bearing on
11 | the claims or defenses in this case. Mattel further objects to this Request on the
12 | grounds that it calls for information that is not relevant to this action or likely to
13 | lead to the discovery of admissible evidence.

14 |

15 | REQUEST NO. 122:

16 | DOCUMENTS that name or are otherwise sufficient to identify the
17 | individuals who worked on or were involved in any way with the conception,
18 | creation, design and development of the "My Scene" styling head idea, concept or
19 | products.

20 |

21 | RESPONSE TO REQUEST NO. 122:

22 | In addition to the general objections stated above, which are incorporated
23 | herein by reference, Mattel objects to this Request on the grounds that it calls for
24 | information that is not relevant to this action or likely to lead to the discovery of
25 | admissible evidence. Mattel further objects to this Request on the grounds that it
26 | calls for the disclosure of information subject to the attorney-client privilege, the
27 | attorney work-product doctrine and other applicable privileges.

28 |

REQUEST NO. 123:

All DOCUMENTS referring or relating to BRATZ or BRATZ INTELLECTUAL PROPERTY that YOU have given or shown to any person working on or involved in the conception, creation, design or development of the "My Scene" styling head.

RESPONSE TO REQUEST NO. 123:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as vague and ambiguous, including without limitation the terms "Bratz" and "Bratz Intellectual Property."

REQUEST NO. 124:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

-133-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

297

Exhibit 42 - Page 1812

1  <u>RESPONSE TO REQUEST NO. 124</u>:

2      In addition to the general objections stated above, which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it is

4  unreasonably burdensome and premature in that the facts necessary to determine

5  the full nature and extent of Mattel's damages from defendant's acts or omissions

6  are known by defendants and third parties associated with defendants, but are not

7  known by Mattel at this juncture because of defendants' refusals to produce basic

8  discovery.  Mattel further objects to this Request on the grounds that it calls for

9  the disclosure of information subject to the attorney-client privilege, the attorney

10 work-product doctrine and other applicable privileges.  Mattel further objects to

11 this Request on the grounds that it is improperly phrased as a legal contention.

12

13 <u>REQUEST NO. 125</u>:

14     If YOU contend that BRATZ has impacted or affected YOUR sales, profits

15 or revenue from the "My Scene" styling head as part of YOUR damages in this

16 case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning,

17 referring or relating to the "My Scene" styling head including, without limitation,

18 its creation, design, development, sales and marketing and all MARKET

19 RESEARCH and all sales and market analyses referring or relating to the "My

20 Scene" styling head.

21

22 <u>RESPONSE TO REQUEST NO. 125</u>:

23     In addition to the general objections stated above, which are incorporated

24 herein by reference, Mattel objects to this Request on the grounds that it is

25 unreasonably burdensome and premature in that the facts necessary to determine

26 the full nature and extent of Mattel's damages from defendant's acts or omissions

27 are known by defendants and third parties associated with defendants, but are not

28 known by Mattel at this juncture because of defendants' refusals to produce basic

Exhibit 42 - Page 1813

1 discovery. Mattel further objects to this Request as overbroad, unduly
2 burdensome and oppressive in that it seeks "all" documents in Mattel's
3 possession, custody and control on this broad subject. Mattel further objects to
4 this Request on the grounds that it calls for the disclosure of information subject to
5 the attorney-client privilege, the attorney work-product doctrine and other
6 applicable privileges. Mattel further objects to this Request on the grounds that it
7 is improperly phrased as a legal contention. Mattel further objects to this Request
8 on the grounds that it seeks confidential, proprietary and trade secret information,
9 such as current and future Mattel marketing and pricing plans and strategies, that
10 has no bearing on the claims or defenses in this case.

11

12 REQUEST NO. 126:
13     If YOU contend that BRATZ has impacted or affected YOUR sales, profits
14 or revenue from the "My Scene" styling head as part of YOUR damages in this
15 case, all DOCUMENTS, including MARKET RESEARCH, referring or relating
16 to, or influencing MATTEL's decision to create, design or develop the "My Scene"
17 styling head including, without limitation, the reasons for and factors influencing
18 its decision.

19

20 RESPONSE TO REQUEST NO. 126:
21     In addition to the general objections stated above, which are incorporated
22 herein by reference, Mattel objects to this Request on the grounds that it is
23 unreasonably burdensome and premature in that the facts necessary to determine
24 the full nature and extent of Mattel's damages from defendant's acts or omissions
25 are known by defendants and third parties associated with defendants, but are not
26 known by Mattel at this juncture because of defendants' refusals to produce basic
27 discovery. Mattel further objects to this Request as overbroad, unduly
28 burdensome and oppressive in that it seeks "all" documents in Mattel's

07209/636684.2

-135-

1   possession, custody and control on this broad subject.  Mattel further objects to
2   this Request on the grounds that it calls for the disclosure of information subject to
3   the attorney-client privilege, the attorney work-product doctrine and other
4   applicable privileges.  Mattel further objects to this Request on the grounds that it
5   is improperly phrased as a legal contention.  Mattel further objects to this Request
6   on the grounds that it seeks confidential, proprietary and trade secret information,
7   such as current and future Mattel marketing and pricing plans and strategies, that
8   has no bearing on the claims or defenses in this case

9

10  REQUEST NO. 127:

11      If YOU contend that BRATZ has impacted or affected YOUR sales, profits
12  or revenue from the "My Scene" styling head as part of YOUR damages in this
13  case, all NPD DOCUMENTS relied on for press statements and quarterly report
14  relating to the "My Scene" styling head.

15

16  RESPONSE TO REQUEST NO. 127:

17      In addition to the general objections stated above, which are incorporated
18  herein by reference, Mattel objects to this Request on the grounds that it is
19  unreasonably burdensome and premature in that the facts necessary to determine
20  the full nature and extent of Mattel's damages from defendant's acts or omissions
21  are known by defendants and third parties associated with defendants, but are not
22  known by Mattel at this juncture because of defendants' refusals to produce basic
23  discovery.  Mattel further objects to this Request on the grounds that it calls for
24  the disclosure of information subject to the attorney-client privilege, the attorney
25  work-product doctrine and other applicable privileges.  Mattel further objects to
26  this Request on the grounds that it is improperly phrased as a legal contention.
27  Mattel further objects to this Request as overbroad and unduly burdensome in that
28

07209/636684.2

-136-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

299

Exhibit 42 - Page 1815

1  it seeks the disclosure of NPD data which is equally available to defendants in this

2  action.

3

4  REQUEST NO. 128:

5      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

6  or revenue from the "My Scene" styling head as part of YOUR damages in this

7  case, all DOCUMENTS used or referred to in creating and designing the "My

8  Scene" styling head including, without limitation, all DOCUMENTS that served

9  as artistic inspiration for any aspect, feature or element of the "My Scene" styling

10  head.

11

12  RESPONSE TO REQUEST NO. 128:

13      In addition to the general objections stated above, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  unreasonably burdensome and premature in that the facts necessary to determine

16  the full nature and extent of Mattel's damages from defendant's acts or omissions

17  are known by defendants and third parties associated with defendants, but are not

18  known by Mattel at this juncture because of defendants' refusals to produce basic

19  discovery.  Mattel further objects to this Request as overbroad, unduly

20  burdensome and oppressive in that it seeks "all" documents in Mattel's

21  possession, custody and control on this broad subject.  Mattel further objects to

22  this Request on the grounds that it calls for the disclosure of information subject to

23  the attorney-client privilege, the attorney work-product doctrine and other

24  applicable privileges.  Mattel further objects to this Request on the grounds that it

25  is improperly phrased as a legal contention.  Mattel further objects to this Request

26  on the grounds that it seeks confidential, proprietary and trade secret information

27  that has no bearing on the claims or defenses in this case. Mattel further objects to

28  this Request as vague and ambiguous.

07209/636684.2

-137-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 129:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon the "My Scene" styling head including, without limitation, the reasons for and factors influencing its decision.

RESPONSE TO REQUEST NO. 129:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case.

-138-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 130:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from the "My Scene" styling head as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and the "My Scene" styling head on the other.

RESPONSE TO REQUEST NO. 130:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence.

REQUEST NO. 131:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS that name or are otherwise sufficient to identify the

1 individuals who worked on or were involved in any way with the conception,

2 creation, design, development, sales and marketing of the "Diva Starz" idea,

3 concept or products.

4

5 <u>RESPONSE TO REQUEST NO. 131:</u>

6      In addition to the general objections stated above, which are incorporated

7 herein by reference, Mattel objects to this Request on the grounds that it is

8 unreasonably burdensome and premature in that the facts necessary to determine

9 the full nature and extent of Mattel's damages from defendant's acts or omissions

10 are known by defendants and third parties associated with defendants, but are not

11 known by Mattel at this juncture because of defendants' refusals to produce basic

12 discovery. Mattel further objects to this Request on the grounds that it calls for

13 the disclosure of information subject to the attorney-client privilege, the attorney

14 work-product doctrine and other applicable privileges. Mattel further objects to

15 this Request on the grounds that it is improperly phrased as a legal contention.

16 Mattel further objects to this Request on the grounds that it seeks confidential,

17 proprietary and trade secret information that has no bearing on the claims or

18 defenses in this case.

19

20 <u>REQUEST NO. 132:</u>

21      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

22 or revenue from, or development of, "Diva Starz" as part of YOUR damages in

23 this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning,

24 referring, relating to or calculating that impact or affect.

25

26 <u>RESPONSE TO REQUEST NO. 132:</u>

27      In addition to the general objections stated above, which are incorporated

28 herein by reference, Mattel objects to this Request on the grounds that it is

-140-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  unreasonably burdensome and premature in that the facts necessary to determine

2  the full nature and extent of Mattel's damages from defendant's acts or omissions

3  are known by defendants and third parties associated with defendants, but are not

4  known by Mattel at this juncture because of defendants' refusals to produce basic

5  discovery. Mattel further objects to this Request on the grounds that it calls for

6  the disclosure of information subject to the attorney-client privilege, the attorney

7  work-product doctrine and other applicable privileges. Mattel further objects to

8  this Request on the grounds that it is improperly phrased as a legal contention.

9

10  REQUEST NO. 133:

11      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

12  or revenue from, or development of, "Diva Starz" as part of YOUR damages in

13  this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning,

14  referring or relating to "Diva Starz," including, without limitation, its creation,

15  design, development, sales and marketing and all MARKET RESEARCH and all

16  sales and market analyses referring or relating to "Diva Starz".

17

18  RESPONSE TO REQUEST NO. 133:

19      In addition to the general objections stated above, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  unreasonably burdensome and premature in that the facts necessary to determine

22  the full nature and extent of Mattel's damages from defendant's acts or omissions

23  are known by defendants and third parties associated with defendants, but are not

24  known by Mattel at this juncture because of defendants' refusals to produce basic

25  discovery. Mattel further objects to this Request as overbroad, unduly

26  burdensome and oppressive in that it seeks "all" documents in Mattel's

27  possession, custody and control on this broad subject. Mattel further objects to

28  this Request on the grounds that it calls for the disclosure of information subject to

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  the attorney-client privilege, the attorney work-product doctrine and other

2  applicable privileges. Mattel further objects to this Request on the grounds that it

3  is improperly phrased as a legal contention. Mattel further objects to this Request

4  on the grounds that it seeks confidential, proprietary and trade secret information,

5  such as current and future Mattel marketing and pricing plans and strategies, that

6  has no bearing on the claims or defenses in this case.

7

8  REQUEST NO. 134:

9      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

10  or revenue from, or development of, "Diva Starz" as part of YOUR damages in

11  this case, all DOCUMENTS, including MARKET RESEARCH, referring or

12  relating to, or influencing MATTEL's decision to create, design or develop "Diva

13  Starz," including, without limitation, the reasons for and factors influencing its

14  decision.

15

16  RESPONSE TO REQUEST NO. 134:

17      In addition to the general objections stated above, which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  unreasonably burdensome and premature in that the facts necessary to determine

20  the full nature and extent of Mattel's damages from defendant's acts or omissions

21  are known by defendants and third parties associated with defendants, but are not

22  known by Mattel at this juncture because of defendants' refusals to produce basic

23  discovery. Mattel further objects to this Request as overbroad, unduly

24  burdensome and oppressive in that it seeks "all" documents in Mattel's

25  possession, custody and control on this broad subject. Mattel further objects to

26  this Request on the grounds that it calls for the disclosure of information subject to

27  the attorney-client privilege, the attorney work-product doctrine and other

28  applicable privileges. Mattel further objects to this Request on the grounds that it

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  is improperly phrased as a legal contention. Mattel further objects to this Request

2  on the grounds that it seeks confidential, proprietary and trade secret information,

3  such as current and future Mattel marketing and pricing plans and strategies, that

4  has no bearing on the claims or defenses in this case.

5

6  <u>REQUEST NO. 135</u>:

7      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

8  or revenue from, or development of, "Diva Starz" as part of YOUR damages in

9  this case, all NPD DOCUMENTS relied on for press statements and quarterly

10  report relating to "Diva Starz".

11

12  <u>RESPONSE TO REQUEST NO. 135</u>:

13      In addition to the general objections stated above, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  unreasonably burdensome and premature in that the facts necessary to determine

16  the full nature and extent of Mattel's damages from defendant's acts or omissions

17  are known by defendants and third parties associated with defendants, but are not

18  known by Mattel at this juncture because of defendants' refusals to produce basic

19  discovery. Mattel further objects to this Request on the grounds that it calls for

20  the disclosure of information subject to the attorney-client privilege, the attorney

21  work-product doctrine and other applicable privileges. Mattel further objects to

22  this Request on the grounds that it is improperly phrased as a legal contention.

23  Mattel further objects to this Request as overbroad and unduly burdensome in that

24  it seeks the disclosure of NPD data which is equally available to defendants in this

25  action.

26

27

28

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 136:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing "Diva Starz" including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of "Diva Starz".

RESPONSE TO REQUEST NO. 136:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as vague and ambiguous.

1 REQUEST NO. 137:

2      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

3 or revenue from "Diva Starz" as part of YOUR damages in this case, all

4 DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

5 influencing MATTEL's decision to create, design, develop or abandon the "Diva

6 Starz" including, without limitation, the reasons for and factors influencing its

7 decision.

8

9 RESPONSE TO REQUEST NO. 137:

10      In addition to the general objections stated above, which are incorporated

11 herein by reference, Mattel objects to this Request on the grounds that it is

12 unreasonably burdensome and premature in that the facts necessary to determine

13 the full nature and extent of Mattel's damages from defendant's acts or omissions

14 are known by defendants and third parties associated with defendants, but are not

15 known by Mattel at this juncture because of defendants' refusals to produce basic

16 discovery.  Mattel further objects to this Request as overbroad, unduly

17 burdensome and oppressive in that it seeks "all" documents in Mattel's

18 possession, custody and control on this broad subject.  Mattel further objects to

19 this Request on the grounds that it calls for the disclosure of information subject to

20 the attorney-client privilege, the attorney work-product doctrine and other

21 applicable privileges.  Mattel further objects to this Request on the grounds that it

22 is improperly phrased as a legal contention.  Mattel further objects to this Request

23 on the grounds that it seeks confidential, proprietary and trade secret information

24 that has no bearing on the claims or defenses in this case.

25

26 REQUEST NO. 138:

27      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

28 or revenue from "Diva Starz" as part of YOUR damages in this case, all

1   DOCUMENTS evidencing, detailing, discussing, describing, depicting,
2   mentioning, referring to, or relating to the similarities or differences between
3   BRATZ on the one hand and "Diva Starz" on the other.

4

5   RESPONSE TO REQUEST NO. 138:

6        In addition to the general objections stated above, which are incorporated
7   herein by reference, Mattel objects to this Request on the grounds that it is
8   unreasonably burdensome and premature in that the facts necessary to determine
9   the full nature and extent of Mattel's damages from defendant's acts or omissions
10  are known by defendants and third parties associated with defendants, but are not
11  known by Mattel at this juncture because of defendants' refusals to produce basic
12  discovery.  Mattel further objects to this Request as overbroad, unduly
13  burdensome and oppressive in that it seeks "all" documents in Mattel's
14  possession, custody and control on this broad subject.  Mattel further objects to
15  this Request on the grounds that it calls for the disclosure of information subject to
16  the attorney-client privilege, the attorney work-product doctrine and other
17  applicable privileges.  Mattel further objects to this Request on the grounds that it
18  is improperly phrased as a legal contention.

19

20  REQUEST NO. 139:

21       If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was
22  copied from, derived from or infringes "Diva Starz," all DOCUMENTS
23  evidencing, detailing, discussing, describing, depicting, mentioning, referring to,
24  or relating to the similarities or differences between BRATZ and BRATZ
25  INTELLECTUAL PROPERTY on the one hand and "Diva Starz" on the other.

26

27

28

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

309

Exhibit 42 - Page 1825

RESPONSE TO REQUEST NO. 139:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine whether documents in Mattel's possession, custody and control are responsive to this Request are within the knowledge of defendants and third parties associated with defendants, and are not known to Mattel because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that the terms "Bratz" and "Bratz Intellectual Property" are vague and ambiguous.

REQUEST NO. 140:

All DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of the "Flavas" idea, concept or products.

RESPONSE TO REQUEST NO. 140:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further

1 | objects to this Request on the grounds that it seeks confidential, proprietary and

2 | trade secret information that has no bearing on the claims or defenses in this case.

3 |

4 | REQUEST NO. 141:

5 |     All DOCUMENTS referring or relating to BRATZ or BRATZ

6 | INTELLECTUAL PROPERTY that YOU have given or shown to any person

7 | working on or involved in the conception, creation, design or development of

8 | "Flavas".

9 |

10 | RESPONSE TO REQUEST NO. 141:

11 |     In addition to the general objections stated above, which are incorporated

12 | herein by reference, Mattel objects to this Request on the grounds that such

13 | discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

14 | to the lead to the discovery of admissible evidence in that Mattel's actions in

15 | relation to "Bratz" are not at issue in this action and are irrelevant to the claims

16 | and defenses in this suit. Rather, at issue are the actions of defendants and third

17 | parties associated with defendants in connection with the projects that defendant

18 | Bryant worked on with defendant MGA, which is information known to and

19 | within the possession, custody and control of defendants and their associated third

20 | parties, not Mattel. Mattel further objects to this Request on the grounds that it

21 | calls for the disclosure of information subject to the attorney-client privilege, the

22 | attorney work-product doctrine and other applicable privileges. Mattel further

23 | objects to this Request as vague and ambiguous, including without limitation the

24 | terms "Bratz" and "Bratz Intellectual Property." Mattel further objects to this

25 | Request on the grounds that it seeks confidential, proprietary and trade secret

26 | information that has no bearing on the claims or defenses in this case.

27 |

28 |

07209/636684.2

-148-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 142:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**RESPONSE TO REQUEST NO. 142:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

**REQUEST NO. 143:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to "Flavas" including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to "Flavas".

-149-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

312

Exhibit 42 - Page 1828

1  RESPONSE TO REQUEST NO. 143:

2      In addition to the general objections stated above, which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it is

4  unreasonably burdensome and premature in that the facts necessary to determine

5  the full nature and extent of Mattel's damages from defendant's acts or omissions

6  are known by defendants and third parties associated with defendants, but are not

7  known by Mattel at this juncture because of defendants' refusals to produce basic

8  discovery. Mattel further objects to this Request as overbroad, unduly

9  burdensome and oppressive in that it seeks "all" documents in Mattel's

10  possession, custody and control on this broad subject. Mattel further objects to

11  this Request on the grounds that it calls for the disclosure of information subject to

12  the attorney-client privilege, the attorney work-product doctrine and other

13  applicable privileges. Mattel further objects to this Request on the grounds that it

14  is improperly phrased as a legal contention. Mattel further objects to this Request

15  on the grounds that it seeks confidential, proprietary and trade secret information,

16  such as current and future Mattel marketing and pricing plans and strategies, that

17  has no bearing on the claims or defenses in this case.

18

19  REQUEST NO. 144:

20      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

21  or revenue from "Flavas" as part of YOUR damages in this case, all

22  DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

23  influencing MATTEL's decision to create, design or develop "Flavas" including,

24  without limitation, the reasons for and factors influencing its decision.

25

26  RESPONSE TO REQUEST NO. 144:

27      In addition to the general objections stated above, which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

07209/636684.2

-150-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

313

Exhibit 42 - Page 1829

1  unreasonably burdensome and premature in that the facts necessary to determine

2  the full nature and extent of Mattel's damages from defendant's acts or omissions

3  are known by defendants and third parties associated with defendants, but are not

4  known by Mattel at this juncture because of defendants' refusals to produce basic

5  discovery. Mattel further objects to this Request as overbroad, unduly

6  burdensome and oppressive in that it seeks "all" documents in Mattel's

7  possession, custody and control on this broad subject. Mattel further objects to

8  this Request on the grounds that it calls for the disclosure of information subject to

9  the attorney-client privilege, the attorney work-product doctrine and other

10  applicable privileges. Mattel further objects to this Request on the grounds that it

11  is improperly phrased as a legal contention. Mattel further objects to this Request

12  on the grounds that it seeks confidential, proprietary and trade secret information,

13  such as current and future Mattel marketing and pricing plans and strategies, that

14  has no bearing on the claims or defenses in this case.

15

16  REQUEST NO. 145:

17      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

18  or revenue from "Flavas" as part of YOUR damages in this case, all NPD

19  DOCUMENTS relied on for press statements and quarterly report relating to

20  "Flavas".

21

22  RESPONSE TO REQUEST NO. 145:

23      In addition to the general objections stated above, which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  unreasonably burdensome and premature in that the facts necessary to determine

26  the full nature and extent of Mattel's damages from defendant's acts or omissions

27  are known by defendants and third parties associated with defendants, but are not

28  known by Mattel at this juncture because of defendants' refusals to produce basic

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   discovery.  Mattel further objects to this Request on the grounds that it calls for

2   the disclosure of information subject to the attorney-client privilege, the attorney

3   work-product doctrine and other applicable privileges.  Mattel further objects to

4   this Request on the grounds that it is improperly phrased as a legal contention.

5   Mattel further objects to this Request as overbroad and unduly burdensome in that

6   it seeks the disclosure of documents that are equally available to defendants in this

7   litigation.

8

9   REQUEST NO. 146:

10          If YOU contend that BRATZ has impacted or affected YOUR sales, profits

11   or revenue from "Flavas" as part of YOUR damages in this case, all

12   DOCUMENTS used or referred to in creating and designing "Flavas" including,

13   without limitation, all DOCUMENTS that served as artistic inspiration for any

14   aspect, feature or element of "Flavas".

15

16   RESPONSE TO REQUEST NO. 146:

17          In addition to the general objections stated above, which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   unreasonably burdensome and premature in that the facts necessary to determine

20   the full nature and extent of Mattel's damages from defendant's acts or omissions

21   are known by defendants and third parties associated with defendants, but are not

22   known by Mattel at this juncture because of defendants' refusals to produce basic

23   discovery.  Mattel further objects to this Request as overbroad, unduly

24   burdensome and oppressive in that it seeks "all" documents in Mattel's

25   possession, custody and control on this broad subject.  Mattel further objects to

26   this Request on the grounds that it calls for the disclosure of information subject to

27   the attorney-client privilege, the attorney work-product doctrine and other

28   applicable privileges.  Mattel further objects to this Request on the grounds that it

-152-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

315

Exhibit 42 - Page 1831

1  is improperly phrased as a legal contention. Mattel further objects to this Request

2  on the grounds that it seeks confidential, proprietary and trade secret information

3  that has no bearing on the claims or defenses in this case. Mattel further objects to

4  this Request on the grounds that it calls for information that is not relevant to this

5  action or likely to lead to the discovery of admissible evidence. Mattel further

6  objects to this Request as vague and ambiguous.

7

8  REQUEST NO. 147:

9      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

10  or revenue from "Flavas" as part of YOUR damages in this case, all

11  DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

12  influencing MATTEL's decision to create, design, develop or abandon the

13  "Flavas" including, without limitation, the reasons for and factors influencing its

14  decision.

15

16  RESPONSE TO REQUEST NO. 147:

17      In addition to the general objections stated above, which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  unreasonably burdensome and premature in that the facts necessary to determine

20  the full nature and extent of Mattel's damages from defendant's acts or omissions

21  are known by defendants and third parties associated with defendants, but are not

22  known by Mattel at this juncture because of defendants' refusals to produce basic

23  discovery. Mattel further objects to this Request as overbroad, unduly

24  burdensome and oppressive in that it seeks "all" documents in Mattel's

25  possession, custody and control on this broad subject. Mattel further objects to

26  this Request on the grounds that it calls for the disclosure of information subject to

27  the attorney-client privilege, the attorney work-product doctrine and other

28  applicable privileges. Mattel further objects to this Request on the grounds that it

1  is improperly phrased as a legal contention. Mattel further objects to this Request

2  on the grounds that it seeks confidential, proprietary and trade secret information

3  that has no bearing on the claims or defenses in this case.

4

5  REQUEST NO. 148:

6      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

7  or revenue from "Flavas" as part of YOUR damages in this case, all

8  DOCUMENTS evidencing, detailing, discussing, describing, depicting,

9  mentioning, referring to, or relating to the similarities or differences between

10  BRATZ on the one hand and "Flavas" on the other.

11

12  RESPONSE TO REQUEST NO. 148:

13      In addition to the general objections stated above, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  unreasonably burdensome and premature in that the facts necessary to determine

16  the full nature and extent of Mattel's damages from defendant's acts or omissions

17  are known by defendants and third parties associated with defendants, but are not

18  known by Mattel at this juncture because of defendants' refusals to produce basic

19  discovery. Mattel further objects to this Request as overbroad, unduly

20  burdensome and oppressive in that it seeks "all" documents in Mattel's

21  possession, custody and control on this broad subject. Mattel further objects to

22  this Request on the grounds that it calls for the disclosure of information subject to

23  the attorney-client privilege, the attorney work-product doctrine and other

24  applicable privileges. Mattel further objects to this Request on the grounds that it

25  is improperly phrased as a legal contention. Mattel further objects to this Request

26  on the grounds that the term "Bratz" is vague and ambiguous.

27

28

REQUEST NO. 149:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Barbie" as part of YOUR damages in this case, all DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the sales and marketing of "Barbie" since the introduction of BRATZ.

RESPONSE TO REQUEST NO. 149:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

REQUEST NO. 150:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Barbie" as part of YOUR damages in this case, all

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

318

Exhibit 42 - Page 1834

1  DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring,

2  relating to or calculating that impact or affect.

3

4  RESPONSE TO REQUEST NO. 150:

5      In addition to the general objections stated above, which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it is

7  unreasonably burdensome and premature in that the facts necessary to determine

8  the full nature and extent of Mattel's damages from defendant's acts or omissions

9  are known by defendants and third parties associated with defendants, but are not

10  known by Mattel at this juncture because of defendants' refusals to produce basic

11  discovery.  Mattel further objects to this Request on the grounds that it calls for

12  the disclosure of information subject to the attorney-client privilege, the attorney

13  work-product doctrine and other applicable privileges.  Mattel further objects to

14  this Request on the grounds that it is improperly phrased as a legal contention.

15

16  REQUEST NO. 151:

17      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

18  or revenue from "Barbie" as part of YOUR damages in this case, all

19  DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or

20  relating to "Barbie" sales trends and marketing including, without limitation, all

21  MARKET RESEARCH and all sales and market analyses referring or relating to

22  "Barbie".

23

24  RESPONSE TO REQUEST NO. 151:

25      In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  unreasonably burdensome and premature in that the facts necessary to determine

28  the full nature and extent of Mattel's damages from defendant's acts or omissions

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

319

Exhibit 42 - Page 1835

1  are known by defendants and third parties associated with defendants, but are not

2  known by Mattel at this juncture because of defendants' refusals to produce basic

3  discovery.  Mattel further objects to this Request as overbroad, unduly

4  burdensome and oppressive in that it seeks "all" documents in Mattel's

5  possession, custody and control on this broad subject.  Mattel further objects to

6  this Request on the grounds that it calls for the disclosure of information subject to

7  the attorney-client privilege, the attorney work-product doctrine and other

8  applicable privileges.  Mattel further objects to this Request on the grounds that it

9  is improperly phrased as a legal contention.  Mattel further objects to this Request

10  on the grounds that it seeks confidential, proprietary and trade secret information,

11  such as current and future Mattel marketing and pricing plans and strategies, that

12  has no bearing on the claims or defenses in this case.

13

14  <u>REQUEST NO. 152</u>:

15      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

16  or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all

17  DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or

18  relating to such "Barbie" doll or toy including, without limitation, its creation,

19  design, development, sales and marketing and all MARKET RESEARCH and all

20  sales and market analyses referring or relating to such toy.

21

22  <u>RESPONSE TO REQUEST NO. 152</u>:

23      In addition to the general objections stated above, which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  unreasonably burdensome and premature in that the facts necessary to determine

26  the full nature and extent of Mattel's damages from defendant's acts or omissions

27  are known by defendants and third parties associated with defendants, but are not

28  known by Mattel at this juncture because of defendants' refusals to produce basic

07209/636684.2

-157-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  discovery.  Mattel further objects to this Request as overbroad, unduly

2  burdensome and oppressive in that it seeks "all" documents in Mattel's

3  possession, custody and control on this broad subject.  Mattel further objects to

4  this Request on the grounds that it calls for the disclosure of information subject to

5  the attorney-client privilege, the attorney work-product doctrine and other

6  applicable privileges.  Mattel further objects to this Request on the grounds that it

7  is improperly phrased as a legal contention.  Mattel further objects to this Request

8  on the grounds that it seeks confidential, proprietary and trade secret information,

9  such as current and future Mattel marketing and pricing plans and strategies, that

10  has no bearing on the claims or defenses in this case.

11

12  REQUEST NO. 153:

13      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

14  or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all

15  DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

16  influencing MATTEL's decision to create, design, develop or modify such

17  "Barbie" doll or toy including, without limitation, the reasons for and factors

18  influencing its decision.

19

20  RESPONSE TO REQUEST NO. 153:

21      In addition to the general objections stated above, which are incorporated

22  herein by reference, Mattel objects to this Request on the grounds that it is

23  unreasonably burdensome and premature in that the facts necessary to determine

24  the full nature and extent of Mattel's damages from defendant's acts or omissions

25  are known by defendants and third parties associated with defendants, but are not

26  known by Mattel at this juncture because of defendants' refusals to produce basic

27  discovery.  Mattel further objects to this Request as overbroad, unduly

28  burdensome and oppressive in that it seeks "all" documents in Mattel's

1   possession, custody and control on this broad subject. Mattel further objects to
2   this Request on the grounds that it calls for the disclosure of information subject to
3   the attorney-client privilege, the attorney work-product doctrine and other
4   applicable privileges. Mattel further objects to this Request on the grounds that it
5   is improperly phrased as a legal contention. Mattel further objects to this Request
6   on the grounds that it seeks confidential, proprietary and trade secret information,
7   such as current and future Mattel marketing and pricing plans and strategies, that
8   has no bearing on the claims or defenses in this case.
9
10  REQUEST NO. 154:
11      If YOU contend that BRATZ has impacted or affected YOUR sales, profits
12  or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all
13  DOCUMENTS used or referred to in creating and designing such doll or toy
14  including, without limitation, all DOCUMENTS that served as artistic inspiration
15  for any aspect, feature or element of such doll or toy.
16
17  RESPONSE TO REQUEST NO. 154:
18      In addition to the general objections stated above, which are incorporated
19  herein by reference, Mattel objects to this Request on the grounds that it is
20  unreasonably burdensome and premature in that the facts necessary to determine
21  the full nature and extent of Mattel's damages from defendant's acts or omissions
22  are known by defendants and third parties associated with defendants, but are not
23  known by Mattel at this juncture because of defendants' refusals to produce basic
24  discovery. Mattel further objects to this Request as overbroad, unduly
25  burdensome and oppressive in that it seeks "all" documents in Mattel's
26  possession, custody and control on this broad subject. Mattel further objects to
27  this Request on the grounds that it calls for the disclosure of information subject to
28  the attorney-client privilege, the attorney work-product doctrine and other

07209/636684.2

-159-

322

Exhibit 42 - Page 1838

1  applicable privileges.  Mattel further objects to this Request on the grounds that it

2  is improperly phrased as a legal contention.  Mattel further objects to this Request

3  on the grounds that it seeks confidential, proprietary and trade secret information

4  that has no bearing on the claims or defenses in this case.  Mattel further objects to

5  this Request on the grounds that it calls for information that is not relevant to this

6  action or likely to lead to the discovery of admissible evidence.  Mattel further

7  objects to this Request as vague and ambiguous, including without limitation the

8  terms "used" and "referred to."

9

10  REQUEST NO. 155:

11      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

12  or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all

13  DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

14  influencing MATTEL's decision to create, design, develop or abandon such doll or

15  toy including, without limitation, the reasons for and factors influencing its

16  decision.

17

18  RESPONSE TO REQUEST NO. 155:

19      In addition to the general objections stated above, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  unreasonably burdensome and premature in that the facts necessary to determine

22  the full nature and extent of Mattel's damages from defendant's acts or omissions

23  are known by defendants and third parties associated with defendants, but are not

24  known by Mattel at this juncture because of defendants' refusals to produce basic

25  discovery.  Mattel further objects to this Request as overbroad, unduly

26  burdensome and oppressive in that it seeks "all" documents in Mattel's

27  possession, custody and control on this broad subject.  Mattel further objects to

28  this Request on the grounds that it calls for the disclosure of information subject to

07209/636684.2

-160-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  the attorney-client privilege, the attorney work-product doctrine and other

2  applicable privileges. Mattel further objects to this Request on the grounds that it

3  is improperly phrased as a legal contention. Mattel further objects to this Request

4  on the grounds that it seeks confidential, proprietary and trade secret information

5  that has no bearing on the claims or defenses in this case.

6

7  REQUEST NO. 156:

8       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

9  or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all

10  DOCUMENTS evidencing, detailing, discussing, describing, depicting,

11  mentioning, referring to, or relating to the similarities or differences between

12  BRATZ on the one hand and such doll or toy on the other.

13

14  RESPONSE TO REQUEST NO. 156:

15       In addition to the general objections stated above, which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  unreasonably burdensome and premature in that the facts necessary to determine

18  the full nature and extent of Mattel's damages from defendant's acts or omissions

19  are known by defendants and third parties associated with defendants, but are not

20  known by Mattel at this juncture because of defendants' refusals to produce basic

21  discovery. Mattel further objects to this Request as overbroad, unduly

22  burdensome and oppressive in that it seeks "all" documents in Mattel's

23  possession, custody and control on this broad subject. Mattel further objects to

24  this Request on the grounds that it calls for the disclosure of information subject to

25  the attorney-client privilege, the attorney work-product doctrine and other

26  applicable privileges. Mattel further objects to this Request on the grounds that it

27  is improperly phrased as a legal contention. Mattel further objects to this Request

28  on the grounds that it seeks confidential, proprietary and trade secret information

-161-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   that has no bearing on the claims or defenses in this case. Mattel further objects to

2   this Request on the grounds that it calls for information that is not relevant to this

3   action or likely to lead to the discovery of admissible evidence.

4

5   REQUEST NO. 157:

6        If YOU contend that BRATZ has impacted or affected YOUR sales, profits

7   or revenue from "Barbie" as part of YOUR damages in this case, all

8   DOCUMENTS evidencing, detailing, discussing, describing, depicting,

9   mentioning, referring to, or relating to the similarities or differences between

10  BRATZ on the one hand and "Barbie" on the other.

11

12  RESPONSE TO REQUEST NO. 157:

13       In addition to the general objections stated above, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  unreasonably burdensome and premature in that the facts necessary to determine

16  the full nature and extent of Mattel's damages from defendant's acts or omissions

17  are known by defendants and third parties associated with defendants, but are not

18  known by Mattel at this juncture because of defendants' refusals to produce basic

19  discovery. Mattel further objects to this Request as overbroad, unduly

20  burdensome and oppressive in that it seeks "all" documents in Mattel's

21  possession, custody and control on this broad subject. Mattel further objects to

22  this Request on the grounds that it calls for the disclosure of information subject to

23  the attorney-client privilege, the attorney work-product doctrine and other

24  applicable privileges. Mattel further objects to this Request on the grounds that it

25  is improperly phrased as a legal contention. Mattel further objects to this Request

26  on the grounds that it calls for information that is not relevant to this action or

27  likely to lead to the discovery of admissible evidence.

28

07209/636684.2

-162-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 158:

    If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design, development, sales and marketing of any such doll or toy.

RESPONSE TO REQUEST NO. 158:

    In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence.

REQUEST NO. 159:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

RESPONSE TO REQUEST NO. 159:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

REQUEST NO. 160:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or relating to such doll or toy including, without limitation, its creation, design, development, sales and marketing and all MARKET RESEARCH and all sales and market analyses referring or relating to such toy.

1  RESPONSE TO REQUEST NO. 160:

2      In addition to the general objections stated above, which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it is

4  unreasonably burdensome and premature in that the facts necessary to determine

5  the full nature and extent of Mattel's damages from defendant's acts or omissions

6  are known by defendants and third parties associated with defendants, but are not

7  known by Mattel at this juncture because of defendants' refusals to produce basic

8  discovery.  Mattel further objects to this Request as overbroad, unduly

9  burdensome and oppressive in that it seeks "all" documents in Mattel's

10 possession, custody and control on this broad subject.  Mattel further objects to

11 this Request on the grounds that it calls for the disclosure of information subject to

12 the attorney-client privilege, the attorney work-product doctrine and other

13 applicable privileges.  Mattel further objects to this Request on the grounds that it

14 is improperly phrased as a legal contention.  Mattel further objects to this Request

15 on the grounds that it seeks confidential, proprietary and trade secret information,

16 such as current and future Mattel marketing and pricing plans and strategies, that

17 has no bearing on the claims or defenses in this case.

18

19 REQUEST NO. 161:

20     If YOU contend that BRATZ has impacted or affected YOUR sales, profits

21 or revenue from any doll or toy, including any fashion doll other than "Barbie," as

22 part of YOUR damages in this case, all DOCUMENTS, including MARKET

23 RESEARCH, referring or relating to, or influencing MATTEL's decision to create,

24 design, develop or modify such doll or toy including, without limitation, the

25 reasons for and factors influencing its decision.

26

27

28

07209/636684.2

-165-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 161:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case.

REQUEST NO. 162:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS used or referred to in creating and designing such doll or toy including, without limitation, all DOCUMENTS that served as artistic inspiration for any aspect, feature or element of such doll or toy.

07209/636684.2

-166-

RESPONSE TO REQUEST NO. 162:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request as vague and ambiguous.

REQUEST NO. 163:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon such doll or toy including, without limitation, the reasons for and factors influencing its decision.

07209/636684.2

-167-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 163:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

REQUEST NO. 164:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie" as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and such doll or toy on the other.

RESPONSE TO REQUEST NO. 164:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is

1   unreasonably burdensome and premature in that the facts necessary to determine

2   the full nature and extent of Mattel's damages from defendant's acts or omissions

3   are known by defendants and third parties associated with defendants, but are not

4   known by Mattel at this juncture because of defendants' refusals to produce basic

5   discovery. Mattel further objects to this Request as overbroad, unduly

6   burdensome and oppressive in that it seeks "all" documents in Mattel's

7   possession, custody and control on this broad subject. Mattel further objects to

8   this Request on the grounds that it calls for the disclosure of information subject to

9   the attorney-client privilege, the attorney work-product doctrine and other

10  applicable privileges. Mattel further objects to this Request on the grounds that it

11  is improperly phrased as a legal contention. Mattel further objects to this Request

12  on the grounds that it calls for information that is not relevant to this action or

13  likely to lead to the discovery of admissible evidence.

14

15  REQUEST NO. 165:

16      If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was

17  copied from, derived from or infringes any intellectual property owned by

18  MATTEL, all DOCUMENTS evidencing, detailing, discussing, describing,

19  depicting, mentioning, referring to, or relating to the similarities or differences

20  between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand

21  and such intellectual property on the other.

22

23  RESPONSE TO REQUEST NO. 165:

24      In addition to the general objections stated above, which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  unreasonably burdensome and premature in that the facts necessary to determine

27  whether documents in Mattel's possession, custody and control are responsive to

28  this request are within the knowledge of defendants and third parties associated

1  with defendants, and are not known to Mattel because of defendants' refusals to
2  produce basic discovery. Mattel further objects to this Request on the grounds
3  that it calls for the disclosure of information subject to the attorney-client
4  privilege, the attorney work-product doctrine and other applicable privileges.
5  Mattel further objects to this Request on the grounds that it is improperly phrased
6  as a legal contention. Mattel further objects to this Request on the grounds that
7  the terms "Bratz" and "Bratz Intellectual Property" are vague and ambiguous.
8  Mattel further objects to this Request on the grounds that it is duplicative of or
9  subsumed within prior Requests already responded to and seeks the re-production
10 of information and documents already produced in this action. Such information
11 and documents will not be re-produced.

12

13 REQUEST NO. 166:

14      If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was
15 copied from, derived from or infringes any idea, concept, design or product owned
16 by MATTEL, all DOCUMENTS evidencing, detailing, discussing, describing,
17 depicting, mentioning, referring to, or relating to such product and the similarities
18 or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on
19 the one hand and such product on the other.

20

21 RESPONSE TO REQUEST NO. 166:

22      In addition to the general objections stated above, which are incorporated
23 herein by reference, Mattel objects to this Request on the grounds that it is
24 unreasonably burdensome and premature in that the facts necessary to determine
25 whether documents in Mattel's possession, custody and control are responsive to
26 this request are within the knowledge of defendants and third parties associated
27 with defendants, and are not known to Mattel because of defendants' refusals to
28 produce basic discovery. Mattel further objects to this Request on the grounds

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

333

Exhibit 42 - Page 1849

1   that it calls for the disclosure of information subject to the attorney-client

2   privilege, the attorney work-product doctrine and other applicable privileges.

3   Mattel further objects to this Request on the grounds that it is improperly phrased

4   as a legal contention.  Mattel further objects to this Request on the grounds that

5   the terms "Bratz" and "Bratz Intellectual Property" are vague and ambiguous.

6   Mattel further objects to this Request on the grounds that it is duplicative of or

7   subsumed within prior Requests already responded to and seeks the re-production

8   of information and documents already produced in this action.  Such information

9   and documents will not be re-produced.

10

11  REQUEST NO. 167:

12        All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

13  mentioning, referring to, or relating to the similarities or differences between

14  BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and "Funky

15  Tweenz" on the other.

16

17  RESPONSE TO REQUEST NO. 167:

18        In addition to the general objections stated above, which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it calls for

20  information that is not relevant to this action or likely to lead to the discovery of

21  admissible evidence.  Mattel further objects to this Request on the grounds that it

22  calls for the disclosure of information subject to the attorney-client privilege, the

23  attorney work-product doctrine and other applicable privileges.  Mattel further

24  objects to this Request on the grounds that the terms "Bratz" and "Bratz

25  Intellectual Property" are vague and ambiguous.

26

27

28

07209/636684.2

-171-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 168:

DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of any fashion doll at or for MATTEL, other than "Barbie," since 1995.

RESPONSE TO REQUEST NO. 168:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it purports to require Mattel to search for, identify and produce documents in Mattel's possession, custody and control that identify any person who worked on or were involved in any way with the conception, creation, design and development of any "fashion doll" other than BARBIE dolls over the past ten years, including former and present employees and independent contractors around the world, regardless of whether the documents relate to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

REQUEST NO. 169:

DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the marketing of any fashion doll at or for MATTEL, other than "Barbie," since 1995.

07209/636684.2

-172-

1  RESPONSE TO REQUEST NO. 169:

2      In addition to the general objections stated above, which are incorporated

3  herein by reference, Mattel objects to this Request as overbroad and unduly

4  burdensome on the grounds that it purports to require Mattel to search for, identify

5  and produce documents in Mattel's possession, custody and control that identify

6  any person who worked on or were involved in any way with the marketing of any

7  "fashion doll" other than BARBIE dolls over the past ten years, including former

8  and present employees and independent contractors around the world, regardless

9  of whether the documents relate to the conduct at issue in this lawsuit. Mattel

10  further objects to this Request on the grounds that it calls for information that is

11  not relevant to this action or likely to lead to the discovery of admissible evidence.

12  Mattel further objects to this Request on the grounds that it calls for the disclosure

13  of information subject to the attorney-client privilege, the attorney work-product

14  doctrine and other applicable privileges. Mattel further objects to this Request on

15  the grounds that it seeks confidential, proprietary and trade secret information that

16  has no bearing on the claims or defenses in this case.

17

18  REQUEST NO. 170:

19      All DOCUMENTS discussing, mentioning, relating or referring to

20  MATTEL's target market and marketing strategy for its lines of fashion doll before

21  "BRATZ" became commercially available in the summer of 2001, going back to

22  1995, and MATTEL's target market and marketing strategy for its lines of fashion

23  dolls after "BRATZ" became commercially available in the summer of 2001 to the

24  present.

25

26  RESPONSE TO REQUEST NO. 170:

27      In addition to the general objections stated above, which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it calls for

1  information that is not relevant to this action or likely to lead to the discovery of
2  admissible evidence.  Mattel further objects to this Request as overbroad, unduly
3  burdensome and not reasonably calculated to lead to the discovery of admissible
4  evidence in that purports to seek documents covering more than a decade for vast,
5  undefined categories of information pertaining to numerous undefined "lines of
6  fashion dolls," including categories of information that have no bearing on
7  "Bratz."  Mattel further objects to this Request on the grounds that such discovery
8  from Mattel is overbroad, unduly burdensome, oppressive and not likely to the
9  lead to the discovery of admissible evidence in that Mattel's actions in relation to
10  the "Bratz" line of products are not at issue in this action and are irrelevant to the
11  claims and defenses in this suit.  Rather, at issue are the actions of defendants and
12  third parties associated with defendants in connection with the projects that
13  defendant Bryant worked on with defendant MGA, which is information known to
14  and within the possession, custody and control of defendants and their associated
15  third parties, not Mattel.  Mattel further objects to this Request on the grounds that
16  it calls for the disclosure of information subject to the attorney-client privilege, the
17  attorney work-product doctrine and other applicable privileges.  Mattel further
18  objects to this Request on the grounds that it seeks confidential, proprietary and
19  trade secret information, such as current and future Mattel marketing and pricing
20  plans and strategies, that has no bearing on the claims or defenses in this case.
21
22  REQUEST NO. 171:
23       All DOCUMENTS discussing, mentioning, relating or referring to any
24  decision or resolution of MATTEL's Board of Directors relating to MATTEL's
25  target market and marketing strategy for its lines of fashion doll before "BRATZ"
26  became commercially available in the summer of 2001, going back to 1995, and
27  MATTEL's target market and marketing strategy for its lines of fashion dolls after
28  "BRATZ" became commercially available in the summer of 2001 to the present.

RESPONSE TO REQUEST NO. 171:

1
2       In addition to the general objections stated above, which are incorporated
3 herein by reference, Mattel objects to this Request on the grounds that it calls for
4 information that is not relevant to this action or likely to lead to the discovery of
5 admissible evidence. Mattel further objects to this Request on the grounds that
6 such discovery from Mattel is overbroad, unduly burdensome, oppressive and not
7 likely to the lead to the discovery of admissible evidence in that Mattel's actions
8 in relation to the "Bratz" line of products are not at issue in this action and are
9 irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of
10 defendants and third parties associated with defendants in connection with the
11 projects that defendant Bryant worked on with defendant MGA, which is
12 information known to and within the possession, custody and control of
13 defendants and their associated third parties, not Mattel. Mattel further objects to
14 this Request as overbroad, unduly burdensome and not reasonably calculated to
15 lead to the discovery of admissible evidence in that purports to seek documents
16 covering more than a decade for vast, undefined categories of information
17 pertaining to numerous undefined "lines of fashion dolls," including categories of
18 information that have no bearing on "Bratz." Mattel further objects to this
19 Request on the grounds that it calls for the disclosure of information subject to the
20 attorney-client privilege, the attorney work-product doctrine and other applicable
21 privileges. Mattel further objects to this Request on the grounds that it seeks
22 confidential, proprietary and trade secret information, such as current and future
23 Mattel marketing and pricing plans and strategies, that has no bearing on the
24 claims or defenses in this case.
25
26
27
28

07209/636684.2

-175-

REQUEST NO. 172:

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to litigation against BRYANT.

RESPONSE TO REQUEST NO. 172:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks the disclosure of all documents in Mattel's possession, custody and control, without limitation as to time, discussing, mentioning, referring or relating to any decision or resolution of Mattel's Board of Directors relating to any litigation against Bryant, regardless of whether the documents relate to the conduct at issue in this lawsuit. Mattel further objects to this request on the ground that it seeks documents that are not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 173:

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to litigation against MGA.

RESPONSE TO REQUEST NO. 173:

   In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this request on the ground that it seeks documents that are not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 174:

   All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to litigation involving BRATZ.

RESPONSE TO REQUEST NO. 174:

   In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks the disclosure of all documents, without limitation as to time or subject matter, discussing, mentioning, referring or relating to any decision or resolution of Mattel's Board of Directors relating to any litigation involving BRATZ, regardless of whether the documents relate to the conduct at issue in this lawsuit.  Mattel further objects to this request on the ground that it seeks documents that are not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence.

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 175:

All DOCUMENTS constituting, discussing, mentioning, relating or referring to MARKET RESEARCH relating to "BRATZ".

RESPONSE TO REQUEST NO. 175:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as unduly burdensome, oppressive and not likely to lead to the discovery of admissible evidence in that it seeks the disclosure of all documents in Mattel's possession, custody and control on this overbroad topic, without limitation as to time, regardless of whether the documents relate to the conduct at issue in this lawsuit.  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

1  REQUEST NO. 176:

2      All DOCUMENTS sent to or received from the NPD Group discussing,

3  mentioning, relating or referring to "BRATZ", Isaac Larian, MGA or any MGA

4  past or present employee including, without limitation, Victoria O'Connor and

5  Paula Treantafellas.

6

7  RESPONSE TO REQUEST NO. 176:

8      In addition to the general objections stated above, which are incorporated

9  herein by reference, Mattel objects to this Request as overbroad and unduly

10  burdensome in that it seeks all documents in Mattel's possession, custody and

11  control sent to or received from the NPD Group that discuss, mention, relate or

12  refer to BRATZ, Isaac Larian, MGA or any MGA employee, past or present,

13  including Victoria O'Connor and Paula Treantafelles, without limitation as to time,

14  and regardless of whether the documents relate to the conduct at issue in this

15  lawsuit.  Mattel further objects to this request on the ground that it seeks

16  documents that are not relevant to this action and is not reasonably calculated to

17  lead to the discovery of admissible evidence.  Mattel further objects to this

18  Request on the grounds that such discovery from Mattel is overbroad, unduly

19  burdensome, oppressive and not likely to the lead to the discovery of admissible

20  evidence in that Mattel's actions in relation to the "Bratz" line of products are not

21  at issue in this action and are irrelevant to the claims and defenses in this suit.

22  Rather, at issue are the actions of defendants and third parties associated with

23  defendants in connection with the projects that defendant Bryant worked on with

24  defendant MGA, which is information known to and within the possession,

25  custody and control of defendants and their associated third parties, not Mattel.

26

27

28

REQUEST NO. 177:

All DOCUMENTS sent to or received from CARU discussing, mentioning,
relating or referring to "BRATZ", Isaac Larian or MGA.

RESPONSE TO REQUEST NO. 177:

In addition to the general objections stated above, which are incorporated
herein by reference, Mattel objects to this Request as overbroad and unduly
burdensome in that it seeks all documents in Mattel's possession, custody and
control sent to or received from CARU that discuss, mention, relate or refer to
BRATZ, Isaac Larian or MGA, without limitation as to time, and regardless of
whether the documents relate to the conduct at issue in this lawsuit.  Mattel further
objects to this request on the ground that it seeks documents that are not relevant
to this action and is not reasonably calculated to lead to the discovery of
admissible evidence.  Mattel further objects to this Request on the grounds that
such discovery from Mattel is overbroad, unduly burdensome, oppressive and not
likely to the lead to the discovery of admissible evidence in that Mattel's actions
in relation to the "Bratz" line of products are not at issue in this action and are
irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of
defendants and third parties associated with defendants in connection with the
projects that defendant Bryant worked on with defendant MGA, which is
information known to and within the possession, custody and control of
defendants and their associated third parties, not Mattel.

REQUEST NO. 178:

All DOCUMENTS sent to or received from TIA discussing, mentioning,
relating or referring to "BRATZ", Isaac Larian or MGA.

RESPONSE TO REQUEST NO. 178:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody or control sent to or received from the TIA that discuss, mention, relate or refer to BRATZ, Isaac Larian or MGA, without limitation as to time, and regardless of whether the documents relate to the conduct at issue in this lawsuit. Mattel further objects to this request on the ground that it seeks documents that are not relevant to this action and is not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.

REQUEST NO. 179:

All DOCUMENTS sent to or received from Warner Brothers discussing, mentioning, relating or referring to "BRATZ", Isaac Larian, MGA or any MGA past or present employee including, without limitation, Victoria O'Connor and Paula Treantafellas.

RESPONSE TO REQUEST NO. 179:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  burdensome in that it seeks all documents in Mattel's possession, custody and

2  control sent to or received from Warner Brothers that discuss, mention, relate or

3  refer to BRATZ, Isaac Larian, MGA or any MGA employee, past or present,

4  including Victoria O'Connor and Paula Treantafelles, without limitation as to time,

5  and regardless of whether the documents relate to the conduct at issue in this

6  lawsuit.  Mattel further objects to this request on the ground that it seeks

7  documents that are not relevant to this action and is not reasonably calculated to

8  lead to the discovery of admissible evidence.  Mattel further objects to this

9  Request on the grounds that such discovery from Mattel is overbroad, unduly

10  burdensome, oppressive and not likely to the lead to the discovery of admissible

11  evidence in that Mattel's actions in relation to the "Bratz" line of products are not

12  at issue in this action and are irrelevant to the claims and defenses in this suit.

13  Rather, at issue are the actions of defendants and third parties associated with

14  defendants in connection with the projects that defendant Bryant worked on with

15  defendant MGA, which is information known to and within the possession,

16  custody and control of defendants and their associated third parties, not Mattel.

17

18  REQUEST NO. 180:

19      All DOCUMENTS mentioning, referring or relating to BRYANT including,

20  but not limited to, BRYANT's personnel file and all DOCUMENTS on

21  MATTEL's Zeus computer system that mention BRYANT.

22

23  RESPONSE TO REQUEST NO. 180:

24      In addition to the general objections stated above, which are incorporated

25  herein by reference, Mattel objects to this Request as overbroad, unduly

26  burdensome and oppressive in that it seeks all documents created by anyone at any

27  time that mention, relate or refer to Bryant, and all documents created by anyone at

28  any time that so much as mention Bryant on Mattel's Zeus computer system,

-182-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

345
Exhibit 42 - Page 1861

1  regardless of whether the documents relate to the conduct at issue in this lawsuit.
2  Mattel further objects to this request on the ground that it seeks documents that are
3  not relevant to this action and is not reasonably calculated to lead to the discovery
4  of admissible evidence. Mattel further objects to this Request on the grounds that
5  it calls for the disclosure of information subject to the attorney-client privilege, the
6  attorney work-product doctrine and other applicable privileges. Mattel further
7  objects to this Request on the grounds that it is duplicative of or subsumed within
8  prior Requests already responded to and seeks the re-production of information
9  and documents already produced in this action. Such information and documents
10 will not be re-produced.

11

12 REQUEST NO. 181:
13     All DOCUMENTS constituting, evidencing, referring to or reflecting
14 BRYANT's work at MATTEL, including the projects he worked on.

15

16 RESPONSE TO REQUEST NO. 181:
17     In addition to the general objections stated above, which are incorporated
18 herein by reference, Mattel objects to this Request on the grounds that it calls for
19 the disclosure of information subject to the attorney-client privilege, the attorney
20 work-product doctrine and other applicable privileges. Mattel further objects to
21 this Request as overbroad, unduly burdensome and vague and ambiguous in that it
22 purports to require Mattel to search for, identify and produce all documents
23 constituting, evidencing, referring to or reflecting unspecified "work" done by
24 Bryant "at" Mattel, regardless of whether such "work" is at issue in this lawsuit.
25 For the same reasons, Mattel further objects to this request on the grounds that it
26 seeks documents that are not relevant to this action, and is not reasonably
27 calculated to lead to the discovery of admissible evidence. Mattel further objects
28 to this Request on the grounds that it is duplicative of or subsumed within prior

-183-

1 | Requests already responded to and seeks the re-production of information and

2 | documents already produced in this action.  Such information and documents will

3 | not be re-produced.

4

5 | REQUEST NO. 182:

6 |   All DOCUMENTS evidencing the days and hours BRYANT worked for

7 | MATTEL, including all time entries and data on MATTEL's "P2" computer

8 | system, and all records reflecting the days and hours BRYANT was on vacation or

9 | leave of absence.

10

11 | RESPONSE TO REQUEST NO. 182:

12 |   In addition to the general objections stated above, which are incorporated

13 | herein by reference, Mattel objects to this Request as overbroad, unduly

14 | burdensome and vague and ambiguous in that it purports to require Mattel to

15 | search for, identify and produce all documents in Mattel's possession, custody and

16 | control evidencing the days and hours "worked" by Bryant "for" Mattel, regardless

17 | of whether such documents relate to conduct at issue in this lawsuit.  For the same

18 | reasons, Mattel further objects to this request on the grounds that it seeks

19 | documents that are not relevant to this action, and is not reasonably calculated to

20 | lead to the discovery of admissible evidence.  Mattel further objects to this

21 | Request on the grounds that it calls for the disclosure of information subject to the

22 | attorney-client privilege, the attorney work-product doctrine and other applicable

23 | privileges.  Mattel further objects to this Request on the grounds that it is

24 | duplicative of or subsumed within prior Requests already responded to and seeks

25 | the re-production of information and documents already produced in this action.

26 | Such information and documents will not be re-produced.

27

28

-184-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 183:

All DOCUMENTS constituting, consisting of, comprising or reflecting records of all phone calls BRYANT placed and received and all facsimiles BRYANT sent and received during his employment at MATTEL, including, specifically, without limitation, all phone logs, phone records and facsimile transmittals and facsimile records evidencing all phone calls and facsimiles BRYANT placed or received in September and October 2000.

RESPONSE TO REQUEST NO. 183:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents in Mattel's possession, custody and control that constitute, consist of, comprise or reflect all phone calls Bryant placed and received and all facsimiles Bryant sent or received using any phone or fax machine during the entire term of his employment at Mattel, without limitation on subject matter and regardless of whether the phone calls or facsimiles concern matters at issue in this case. Mattel further objects to the Request as unduly burdensome in that it purports to require Mattel to investigate and identify documents relating to matters that are currently known to and in the possession, custody or control of defendants and third parties associated with defendants, and are not known to Mattel. For the same reasons, Mattel further objects to this request on the grounds that it seeks information that is not relevant to this action, or likely to lead to admissible evidence. Mattel further objects to this Request on the grounds that this information is available to Bryant, as Bryant necessarily possesses superior firsthand knowledge of the phone calls he made and received and the facsimiles he sent and received during his employment at Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product

1  doctrine and other applicable privileges.  Mattel further objects to this Request on

2  the grounds that it is duplicative of or subsumed within prior Requests already

3  responded to and seeks the re-production of information and documents already

4  produced in this action.  Such information and documents will not be re-produced.

5

6  REQUEST NO. 184:

7      All DOCUMENTS evidencing, showing, demonstrating, depicting,

8  describing, constituting, mentioning, referring to, or relating to any good sold,

9  marketed, or distributed by MGA, or any image, slogan, logo, brand, trademark,

10  trade dress, service mark or other matter used by MGA, which YOU believe is the

11  same as or similar to any idea, concept, creation, design or other work or property

12  owned by YOU.

13

14  RESPONSE TO REQUEST NO. 184:

15      In addition to the general objections stated above, which are incorporated

16  herein by reference, Mattel objects to this Request as overbroad and unduly

17  burdensome in that it seeks all documents in Mattel's possession, custody and

18  control created by anyone at any time evidencing, showing, demonstrating,

19  depicting, describing, constituting, mentioning, referring to, or relating to any

20  good of any kind sold, marketed, or distributed by MGA at any time, or any image,

21  slogan, logo, brand, trademark, trade dress, service mark or other matter used by

22  MGA, which "Mattel," as defined by MGA to include past employees like Bryant,

23  "believes" is "the same as" or "similar" to any idea, concept, creation, design or

24  other work or property owned by "Mattel," regardless of whether the documents

25  relate to conduct at issue in this action.  Mattel further objects to this Request as

26  overbroad, unduly burdensome and oppressive in that it seeks "all" documents in

27  Mattel's possession, custody and control on this broad subject.  Mattel further

28  objects to this Request on the grounds that it seeks documents that are not relevant

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUE~~

1  to this action, and is not reasonably calculated to lead to the discovery of
2  admissible evidence.  Mattel further objects to this Request on the grounds that it
3  calls for the disclosure of information subject to the attorney-client privilege, the
4  attorney work-product doctrine and other applicable privileges.  Mattel further
5  objects to this Request on the grounds that it is duplicative of or subsumed within
6  prior Requests already responded to and seeks the re-production of information
7  and documents already produced in this action.  Such information and documents
8  will not be re-produced.
9
10  REQUEST NO. 185:
11       All DOCUMENTS constituting, mentioning, referring to, or relating to
12  YOUR discovery of, and any efforts made by YOU to discover, the source, author,
13  designer, creator, and owner of any good sold marketed, or distributed by MGA,
14  or any image, slogan, logo, brand, trademark, trade dress, service mark or other
15  matter, which YOU believe is the same as or similar to any idea, concept, creation,
16  design or other work or property owned by YOU, including that date of any such
17  discovery and discovery efforts.
18
19  RESPONSE TO REQUEST NO. 185:
20       In addition to the general objections stated above, which are incorporated
21  herein by reference, Mattel objects to this Request as overbroad and unduly
22  burdensome in that it seeks all documents in Mattel's possession, custody and
23  control created by anyone at any time constituting, mentioning, referring to, or
24  relating to Mattel's discovery of, and any efforts made by Mattel to discover, the
25  source, author, designer, creator, and owner of any good of any kind sold,
26  marketed, or distributed by MGA at any time, or any image, slogan, logo, brand,
27  trademark, trade dress, service mark or other matter, which "Mattel," as defined by
28  MGA to include past employees like Bryant, "believes" is "the same as" or

-187-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

350
Exhibit 42 - Page 1866

1  "similar" to <u>any</u> idea, concept, creation, design or other work or property owned by

2  "Mattel," regardless of whether the documents relate to conduct at issue in this

3  action.  Mattel further objects to this Request as overbroad, unduly burdensome

4  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

5  control on this broad subject.  Mattel further objects to this Request on the

6  grounds that it calls for the disclosure of information subject to the attorney-client

7  privilege, the attorney work-product doctrine and other applicable privileges.

8  Mattel further objects to this Request on the grounds that it seeks documents that

9  are not relevant to this action, and is not reasonably calculated to lead to the

10  discovery of admissible evidence.

11

12  <u>REQUEST NO. 186</u>:

13       All DOCUMENTS evidencing, mentioning, referring to, or relating to

14  BRYANT's involvement with, work on, or connection to the conception, design,

15  creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

16

17  <u>RESPONSE TO REQUEST NO. 186</u>:

18       In addition to the general objections stated above, which are incorporated

19  herein by reference, Mattel objects to this Request as overbroad and unduly

20  burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

21  control created <u>by anyone at any time</u>, without limitation as to source or content,

22  that evidence, mention, refer or relate to Bryant's involvement with, work on, or

23  connection to the conception, design, creation or development of "Bratz" or "Bratz

24  Intellectual Property," regardless of whether such documents relate to conduct at

25  issue in this case and whether such documents are copies of newspaper articles or

26  otherwise publicly available documents that are therefore equally available to

27  MGA.  For the same reasons, Mattel further objects to this Request on the grounds

28  that it seeks documents that are not relevant to this action, and is not reasonably

-188-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  calculated to lead to the discovery of admissible evidence.  Mattel further objects

2  to this Request on the grounds that it purports to require Mattel to identify

3  information relating to matters that are currently known to and in the possession,

4  custody and control of defendants and third parties associated with defendants.

5  Mattel further objects to this request on the ground that the terms "Bratz" and

6  "Bratz Intellectual Property" are vague and ambiguous.  Mattel further objects to

7  this Request as overbroad, unduly burdensome and oppressive in that it seeks "all"

8  documents in Mattel's possession, custody and control on this broad subject.

9  Mattel further objects to this request on the grounds that it calls for the disclosure

10  of information subject to the attorney-client privilege, the attorney work-product

11  doctrine and other applicable privileges.  Mattel further objects to this Request on

12  the grounds that it is duplicative of or subsumed within prior Requests already

13  responded to and seeks the re-production of information and documents already

14  produced in this action.  Such information and documents will not be re-produced.

15

16  REQUEST NO. 187:

17      All DOCUMENTS evidencing, mentioning, referring to, or relating to

18  BRYANT's involvement with, contract with, and work with or for MGA.

19

20  RESPONSE TO REQUEST NO. 187:

21      In addition to the general objections stated above, which are incorporated

22  herein by reference, Mattel objects to this Request as overbroad and unduly

23  burdensome in that it seeks all documents in Mattel's possession, custody and

24  control created by anyone at any time, without limitation as to source or content,

25  that evidence, mention, refer or relate to Bryant's involvement with, "contract

26  with," and "work with or for" MGA, regardless of whether such documents relate

27  to conduct at issue in this case and whether such documents are copies of

28  newspaper articles or otherwise publicly available documents that are therefore

-189-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  equally available to MGA.  For the same reasons, Mattel further objects to this

2  Request on the grounds that it seeks documents that are not relevant to this action,

3  and is not reasonably calculated to lead to the discovery of admissible evidence.

4  Mattel further objects to this Request on the grounds that it purports to require

5  Mattel to identify information relating to matters that are currently known to and

6  in the possession, custody and control of defendants and third parties associated

7  with defendants.  Mattel further objects to this Request as overbroad, unduly

8  burdensome and oppressive in that it seeks "all" documents in Mattel's

9  possession, custody and control on this broad subject.  Mattel further objects to

10  this request on the grounds that it calls for the disclosure of information subject to

11  the attorney-client privilege, the attorney work-product doctrine and other

12  applicable privileges.  Mattel further objects to this Request on the grounds that it

13  is duplicative of or subsumed within prior Requests already responded to and

14  seeks the re-production of information and documents already produced in this

15  action.  Such information and documents will not be re-produced.

16

17  REQUEST NO. 188:

18      All DOCUMENTS mentioning, referring to, or relating to YOUR decision

19  to sue BRYANT including, without limitation, COMMUNICATIONS mentioning,

20  discussing, describing, referring to, or relating to the reasons and factors that

21  influenced the decision, the timing of the decision, and the date and manner in

22  which YOU made the decision.

23

24  RESPONSE TO REQUEST NO. 188:

25      In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it calls for

27  the disclosure of information subject to the attorney-client privilege, the attorney

28  work-product doctrine and other applicable privileges.  Mattel further objects to

1   this Request as vague and ambiguous. Mattel further objects to this Request on

2   the grounds that it seeks documents that are not relevant to this action, nor likely

3   to lead to the discovery of admissible evidence. Mattel further objects to this

4   Request on the grounds that it is duplicative of or subsumed within prior Requests

5   already responded to and seeks the re-production of information and documents

6   already produced in this action. Such information and documents will not be re-

7   produced.

8

9   REQUEST NO. 189:

10      All DOCUMENTS mentioning, referring to, or relating to any consideration

11   given by MATTEL to acquiring MGA.

12

13   RESPONSE TO REQUEST NO. 189:

14      In addition to the general objections stated above, which are incorporated

15   herein by reference, Mattel objects to this Request on the grounds that it seeks

16   documents that are not relevant to this action, and is not reasonably calculated to

17   lead to the discovery of admissible evidence. Mattel further objects to this

18   Request as overbroad, unduly burdensome and oppressive in that it seeks "all"

19   documents in Mattel's possession, custody and control on this broad subject.

20   Mattel further objects to this Request on the grounds that it calls for the disclosure

21   of information subject to the attorney-client privilege, the attorney work-product

22   doctrine and other applicable privileges.

23

24   REQUEST NO. 190:

25      All DOCUMENTS mentioning, referring to, or relating to any decision not

26   to sue BRYANT including, without limitation, COMMUNICATIONS mentioning,

27   discussing, describing, referring to, or relating to the reasons and factors that

28

-191-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

07209/636684.2

1  influenced the decision, the timing of the decision, and the date and manner in

2  which YOU made the decision.

3

4  RESPONSE TO REQUEST NO. 190:

5      In addition to the general objections stated above, which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it calls for

7  the disclosure of information subject to the attorney-client privilege, the attorney

8  work-product doctrine and other applicable privileges.  Mattel further objects to

9  this Request as vague and ambiguous.  Mattel further objects to this Request as

10 overbroad, unduly burdensome and oppressive in that it seeks "all" documents in

11 Mattel's possession, custody and control on this broad subject.  Mattel further

12 objects to this Request on the grounds that it seeks documents that are not relevant

13 to this action, nor likely to lead to the discovery of admissible evidence.

14

15 REQUEST NO. 191:

16     All DOCUMENTS evidencing, mentioning, referring to, or relating to the

17 date and manner in which YOU first learned of BRYANT's involvement with,

18 work on, and connection to the conception, design, creation or development of

19 BRATZ or BRATZ INTELLECTUAL PROPERTY.

20

21 RESPONSE TO REQUEST NO. 191:

22     In addition to the general objections stated above, which are incorporated

23 herein by reference, Mattel objects to this Request on the grounds that it calls for

24 the disclosure of information subject to the attorney-client privilege, the attorney

25 work-product doctrine and other applicable privileges.  Mattel further objects to

26 this Request on the grounds that the terms "Bratz" and "Bratz Intellectual

27 Property" are vague and ambiguous.  Mattel further objects to this Request on the

28 grounds that it seeks all documents in Mattel's possession, custody and control that

07209/636684.2

-192-

1  relate to this topic, including copies of newspaper articles and documents that are

2  otherwise publicly available, and therefore equally available to MGA.  Mattel

3  further objects to this Request on the grounds that it seeks documents that are not

4  relevant to this action, and it is not reasonably calculated to lead to the discovery

5  of admissible evidence.  Mattel further objects to this Request on the grounds that

6  it is duplicative of or subsumed within prior Requests already responded to and

7  seeks the re-production of information and documents already produced in this

8  action.  Such information and documents will not be re-produced.

9

10  REQUEST NO. 192:

11       All DOCUMENTS evidencing, mentioning, referring to, or relating to the

12  date and manner in which YOU first learned of BRYANT's involvement with,

13  contract with, and work with or for MGA.

14

15  RESPONSE TO REQUEST NO. 192:

16       In addition to the general objections stated above, which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it calls for

18  the disclosure of information subject to the attorney-client privilege, the attorney

19  work-product doctrine and other applicable privileges.  Mattel further objects to

20  this Request on the grounds that it seeks all documents in Mattel's possession,

21  custody and control that relate to this topic, including copies of newspaper articles

22  and documents that are otherwise publicly available, and therefore equally

23  available to MGA.  Mattel further objects to this Request on the grounds that it is

24  duplicative of or subsumed within prior Requests already responded to and seeks

25  the re-production of information and documents already produced in this action.

26  Such information and documents will not be re-produced.

27

28

-193-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 193:**

All DOCUMENTS evidencing, supporting, documenting or relating to the
reasons why YOU did not file a lawsuit against BRYANT sooner than the date of
YOUR original complaint including, without limitation, DOCUMENTS
evidencing or reflecting YOUR efforts to investigate BRYANT's involvement
with, contract with, and work with or for MGA.

**RESPONSE TO REQUEST NO. 193:**

In addition to the general objections stated above, which are incorporated
herein by reference, Mattel objects to this Request on the grounds that it calls for
the disclosure of information subject to the attorney-client privilege, the attorney
work-product doctrine and other applicable privileges.  Mattel further objects to
this Request as vague and ambiguous.  Mattel further objects to this Request on
the grounds that it seeks documents that are not relevant to this action, and is not
reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 194:**

All DOCUMENTS evidencing, supporting, documenting or relating to the
reasons why YOU did not file a lawsuit against BRYANT sooner than the date of
YOUR original complaint including, without limitation, DOCUMENTS
evidencing or reflecting YOUR efforts to investigate the nature and scope of
BRYANT's involvement with, work on, or connection to the conception, design,
creation or development of BRATZ.

**RESPONSE TO REQUEST NO. 194:**

In addition to the general objections stated above, which are incorporated
herein by reference, Mattel objects to this Request on the grounds that it calls for
the disclosure of information subject to the attorney-client privilege, the attorney

-194-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   work-product doctrine and other applicable privileges.  Mattel further objects to
2   this Request as vague and ambiguous.  Mattel further objects to this Request on
3   the grounds that it seeks documents that are not relevant to this action, and is not
4   reasonably calculated to lead to the discovery of admissible evidence.
5
6   REQUEST NO. 195:
7        All DOCUMENTS evidencing, supporting, documenting or relating to the
8   reasons why YOU did not file a lawsuit against BRYANT sooner than the date of
9   YOUR original complaint including, without limitation, all non-privileged
10  DOCUMENTS evidencing or reflecting YOUR efforts to investigate the nature
11  and scope of BRYANT's involvement with, work on, or connection to the
12  conception, design, creation or development of BRATZ INTELLECTUAL
13  PROPERTY.
14
15  RESPONSE TO REQUEST NO. 195:
16       In addition to the general objections stated above, which are incorporated
17  herein by reference, Mattel objects to this Request on the grounds that it calls for
18  the disclosure of information subject to the attorney-client privilege, the attorney
19  work-product doctrine and other applicable privileges.  Mattel further objects to
20  this Request as vague and ambiguous.  Mattel further objects to this Request on
21  the grounds that it seeks documents that are not relevant to this action, and is not
22  reasonably calculated to lead to the discovery of admissible evidence.
23
24  REQUEST NO. 196:
25       All DOCUMENTS mentioning, referring to, or relating to this lawsuit
26  including, without limitation, COMMUNICATIONS with third parties and the
27  press about this lawsuit or that mention, refer to, or relate to this lawsuit.
28

-195-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 196:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks all documents in Mattel's possession, custody and control that relate to this topic, including copies of newspaper articles and documents that are otherwise publicly available, and therefore equally available to MGA. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 197:

All COMMUNICATIONS between YOU and MGA.

RESPONSE TO REQUEST NO. 197:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications of any kind between anyone at Mattel, including past employees like Bryant, and anyone at MGA, without limitation as to time or subject matter, and regardless of whether the communications relate to the conduct at issue in this lawsuit. For the same reasons, Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1    purports to require Mattel to identify and produce communications that are

2    currently known to and in the possession, custody and control of MGA, and are

3    necessarily equally available to MGA.  Mattel further objects to this Request on

4    the grounds that it calls for the disclosure of information subject to the attorney-

5    client privilege, the attorney work-product doctrine and other applicable

6    privileges.  Mattel further objects to this Request on the grounds that it is

7    duplicative of or subsumed within prior Requests already responded to and seeks

8    the re-production of information and documents already produced in this action.

9    Such information and documents will not be re-produced.

10

11   REQUEST NO. 198:

12        All COMMUNICATIONS between YOU and Isaac Larian.

13

14   RESPONSE TO REQUEST NO. 198:

15        In addition to the general objections stated above, which are incorporated

16   herein by reference, Mattel objects to this Request as overbroad and unduly

17   burdensome in that it seeks all communications of any kind between anyone at

18   Mattel, including past employees like Bryant, and Isaac Larian, without limitation

19   as to time or subject matter, and regardless of whether the communications relate

20   to the conduct at issue in this lawsuit.  For the same reasons, Mattel further objects

21   to this Request on the grounds that it seeks documents that are not relevant to this

22   action or likely to lead to the discovery of admissible evidence.  Mattel further

23   objects to this Request on the grounds that it purports to require Mattel to identify

24   and produce communications that are currently known to and in the possession,

25   custody and control of MGA, and are necessarily equally available to MGA.

26

27   REQUEST NO. 199:

28        All COMMUNICATIONS between YOU and BRYANT.

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 199:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications of any kind between anyone at "Mattel," including past and present employees all over the world, and Bryant, without limitation as to time or subject matter, and regardless of whether the communications relate to the conduct at issue in this lawsuit. For the same reasons, Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it purports to require Mattel to identify and produce communications that are currently known to and in the possession, custody and control of Bryant, MGA's co-defendant, with whom MGA has a co-operative relationship. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 200:

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRYANT.

RESPONSE TO REQUEST NO. 200:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications of any kind between anyone at

-198-

1   Mattel and <u>any</u> third party referring or relating to Bryant <u>at any time</u>, without

2   further limitation as to subject matter, and regardless of whether the

3   communications relate to the conduct at issue in this lawsuit.  For the same

4   reasons, Mattel further objects to this Request on the grounds that it seeks

5   documents that are not relevant to this action or likely to lead to the discovery of

6   admissible evidence.  Mattel further objects to this Request on the grounds that it

7   is duplicative of or subsumed within prior Requests already responded to and

8   seeks the re-production of information and documents already produced in this

9   action.  Such information and documents will not be re-produced.

10

11  <u>REQUEST NO. 201</u>:

12          All COMMUNICATIONS between YOU and any third party mentioning,

13  referring or relating to BRATZ INTELLECTUAL PROPERTY.

14

15  <u>RESPONSE TO REQUEST NO. 201</u>:

16          In addition to the general objections stated above, which are incorporated

17  herein by reference, Mattel objects to this Request as overbroad and unduly

18  burdensome in that it seeks <u>all</u> communications of any kind between <u>anyone</u> at

19  "Mattel," as defined by MGA to include past employees like Bryant, and <u>any</u> third

20  party referring or relating to "Bratz Intellectual Property" <u>at any time</u>, without

21  further limitation as to subject matter, and regardless of whether the

22  communications relate to the conduct at issue in this lawsuit.  Mattel further

23  objects to this Request on the grounds that such discovery from Mattel is

24  overbroad, unduly burdensome, oppressive and not likely to the lead to the

25  discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are

26  not at issue in this action and are irrelevant to the claims and defenses in this suit.

27  Rather, at issue are the actions of defendants and third parties associated with

28  defendants in connection with the projects that defendant Bryant worked on with

1  defendant MGA, which is information known to and within the possession,
2  custody and control of defendants and their associated third parties, not Mattel.
3  Mattel further objects to this Request on the grounds that it calls for the disclosure
4  of information subject to the attorney-client privilege, the attorney work-product
5  doctrine and other applicable privileges.  Mattel further objects to this Request on
6  the ground that the term "Bratz Intellectual Property" is vague and ambiguous.
7  Mattel further objects to this Request on the grounds that it is duplicative of or
8  subsumed within prior Requests already responded to and seeks the re-production
9  of information and documents already produced in this action.  Such information
10 and documents will not be re-produced.
11
12 REQUEST NO. 202:
13      All COMMUNICATIONS between YOU and any third party mentioning,
14 referring or relating to the BRATZ CONCEPT.
15
16 RESPONSE TO REQUEST NO. 202:
17      In addition to the general objections stated above, which are incorporated
18 herein by reference, Mattel objects to this Request as overbroad and unduly
19 burdensome in that it seeks all communications of any kind between anyone at
20 "Mattel," as defined by MGA to include past employees like Bryant, and any third
21 party referring or relating to the "Bratz Concept" at any time, without further
22 limitation as to subject matter, and regardless of whether the communications
23 relate to the conduct at issue in this lawsuit.  Mattel further objects to this Request
24 on the grounds that such discovery from Mattel is overbroad; unduly burdensome,
25 oppressive and not likely to the lead to the discovery of admissible evidence in
26 that Mattel's actions in relation to "Bratz" are not at issue in this action and are
27 irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of
28 defendants and third parties associated with defendants in connection with the

1   projects that defendant Bryant worked on with defendant MGA, which is
2   information known to and within the possession, custody and control of
3   defendants and their associated third parties, not Mattel. Mattel further objects to
4   this Request on the grounds that it is unreasonably burdensome and premature in
5   that the facts necessary to determine the whether "images, drawings, pictures,
6   sculpts, molds, prototypes and any other form of artwork" both predate the "First
7   Bratz Dolls" and are "'Bratz'-related" are known by Bryant as well as MGA and
8   third parties, but are not known by Mattel at this juncture. Mattel further objects
9   to this Request on the ground that the term "Bratz Concept" is vague and
10  ambiguous. Mattel further objects to this Request on the grounds that it is
11  duplicative of or subsumed within prior Requests already responded to and seeks
12  the re-production of information and documents already produced in this action.
13  Such information and documents will not be re-produced.

14

15  REQUEST NO. 203:

16      All COMMUNICATIONS between YOU and any third party mentioning,
17  referring or relating to the FIRST BRATZ DOLLS.

18

19  RESPONSE TO REQUEST NO. 203:

20      In addition to the general objections stated above, which are incorporated
21  herein by reference, Mattel objects to this Request as overbroad and unduly
22  burdensome in that it seeks all communications of any kind between anyone at
23  "Mattel," as defined by MGA to include past employees like Bryant, and any third
24  party referring or relating to the "First Bratz Dolls" at any time, without further
25  limitation as to subject matter, and regardless of whether the communications
26  relate to the conduct at issue in this lawsuit. Mattel further objects to this Request
27  on the grounds that such discovery from Mattel is overbroad, unduly burdensome,
28  oppressive and not likely to the lead to the discovery of admissible evidence in

07209/636684.2

-201-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  that Mattel's actions in relation to the "Bratz" line of products are not at issue in

2  this action and are irrelevant to the claims and defenses in this suit. Rather, at

3  issue are the actions of defendants and third parties associated with defendants in

4  connection with the projects that defendant Bryant worked on with defendant

5  MGA, which is information known to and within the possession, custody and

6  control of defendants and their associated third parties, not Mattel. Mattel further

7  objects to this Request on the ground that the term "First Bratz Dolls" is vague and

8  ambiguous. Mattel further objects to this Request on the grounds that it is

9  duplicative of or subsumed within prior Requests already responded to and seeks

10 the re-production of information and documents already produced in this action.

11 Such information and documents will not be re-produced.

12

13 REQUEST NO. 204:

14      All COMMUNICATIONS between YOU and any third party mentioning,

15 referring or relating to BRATZ DOLLS, if YOU seek in this case to enjoin the sale

16 of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this

17 case, any right or interest in, revenues or profits from, or lost profits or other

18 damages caused by BRATZ DOLLS.

19

20 RESPONSE TO REQUEST NO. 204:

21      In addition to the general objections stated above, which are incorporated

22 herein by reference, Mattel objects to this Request on the grounds that it calls for

23 the disclosure of information subject to the attorney-client privilege, the attorney

24 work-product doctrine and other applicable privileges. Mattel further objects to

25 this Request as overbroad and unduly burdensome in that it seeks all

26 communications of any kind between anyone at "Mattel," as defined by MGA to

27 include past employees like Bryant, and any third party referring or relating to

28 "Bratz Dolls" at any time, without further limitation as to subject matter, and

07209/636684.2

-202-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  regardless of whether the communications relate to the conduct at issue in this

2  lawsuit.  Mattel further objects to this Request on the grounds that such discovery

3  from Mattel is overbroad, unduly burdensome, oppressive and not likely to the

4  lead to the discovery of admissible evidence in that Mattel's actions in relation to

5  the "Bratz" line of products are not at issue in this action and are irrelevant to the

6  claims and defenses in this suit.  Rather, at issue are the actions of defendants and

7  third parties associated with defendants in connection with the projects that

8  defendant Bryant worked on with defendant MGA, which is information known to

9  and within the possession, custody and control of defendants and their associated

10  third parties, not Mattel.  Mattel further objects to this Request on the grounds that

11  it is unreasonably burdensome and premature in that the facts necessary to

12  determine the full nature and extent of Mattel's relief and damages from

13  defendant's acts or omissions are known by defendants and third parties associated

14  with defendants, but are not known by Mattel at this juncture because of

15  defendants' refusals to produce basic discovery.  Mattel further objects to this

16  Request on the grounds that it is improperly phrased as a legal contention.  Mattel

17  further objects to this Request on the grounds that it is duplicative of or subsumed

18  within prior Requests already responded to and seeks the re-production of

19  information and documents already produced in this action.  Such information and

20  documents will not be re-produced.

21

22  REQUEST NO. 205:

23      All COMMUNICATIONS between YOU and any third party mentioning,

24  referring or relating to the BRATZ PACK, if YOU seek in this case to enjoin the

25  sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in

26  this case any right or interest in, revenues or profits from, or lost profits or other

27  damages caused by the BRATZ PACK.

28

07209/636684.2

-203-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 205:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications of any kind between anyone at "Mattel," as defined by MGA to include past employees like Bryant, and any third party referring or relating to the "Bratz Pack" at any time, without further limitation as to subject matter, and regardless of whether the communications relate to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to provide basic discovery. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

367
Exhibit 42 - Page 1883

REQUEST NO. 206:

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to LIL' BRATZ, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

RESPONSE TO REQUEST NO. 206:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications of any kind between anyone at "Mattel," as defined by MGA to include past employees like Bryant, and any third party referring or relating to "Lil' Bratz" at any time, without further limitation as to subject matter, and regardless of whether the communications relate to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to provide basic discovery. Mattel further

1 | objects to this Request on the grounds that it is improperly phrased as a legal

2 | contention.  Mattel further objects to this Request on the grounds that it is

3 | duplicative of or subsumed within prior Requests already responded to and seeks

4 | the re-production of information and documents already produced in this action.

5 | Such information and documents will not be re-produced.

6 |

7 | REQUEST NO. 207:

8 |     All COMMUNICATIONS between YOU and any third party mentioning,

9 | referring or relating to BRATZ PETZ, if YOU seek in this case to enjoin the sale

10 | of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case,

11 | any right or interest in, revenues or profits from, or lost profits or other damages

12 | caused by BRATZ PETZ.

13 |

14 | RESPONSE TO REQUEST NO. 207:

15 |     In addition to the general objections stated above, which are incorporated

16 | herein by reference, Mattel objects to this Request as overbroad and unduly

17 | burdensome in that it seeks all communications of any kind between anyone at

18 | "Mattel," as defined by MGA to include past employees like Bryant, and any third

19 | party referring or relating to "Bratz Petz" at any time, without further limitation as

20 | to subject matter, and regardless of whether the communications relate to the

21 | conduct at issue in this lawsuit.  Mattel further objects to this Request on the

22 | grounds that such discovery from Mattel is overbroad, unduly burdensome,

23 | oppressive and not likely to the lead to the discovery of admissible evidence in

24 | that Mattel's actions in relation to the "Bratz" line of products are not at issue in

25 | this action and are irrelevant to the claims and defenses in this suit.  Rather, at

26 | issue are the actions of defendants and third parties associated with defendants in

27 | connection with the projects that defendant Bryant worked on with defendant

28 | MGA, which is information known to and within the possession, custody and

-206-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   control of defendants and their associated third parties, not Mattel.  Mattel further
2   objects to this Request on the grounds that it is unreasonably burdensome and
3   premature in that the facts necessary to determine the full nature and extent of
4   Mattel's damages from defendant's acts or omissions are known by defendants
5   and third parties associated with defendants, but are not known by Mattel at this
6   juncture because of defendants' refusals to provide basic discovery.  Mattel further
7   objects to this Request on the grounds that it is improperly phrased as a legal
8   contention.
9
10  REQUEST NO. 208:
11       All COMMUNICATIONS between YOU and any third party mentioning,
12  referring or relating to BRATZ BABYZ, if YOU seek in this case to enjoin the
13  sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in
14  this case, any right or interest in, revenues or profits from, or lost profits or other
15  damages caused by BRATZ BABYZ.
16
17  RESPONSE TO REQUEST NO. 208:
18       In addition to the general objections stated above, which are incorporated
19  herein by reference, Mattel objects to this Request as overbroad and unduly
20  burdensome in that it seeks all communications of any kind between anyone at
21  "Mattel," as defined by MGA to include past employees like Bryant, and any third
22  party referring or relating to "Bratz Babyz" at any time, without further limitation
23  as to subject matter, and regardless of whether the communications relate to the
24  conduct at issue in this lawsuit.  Mattel further objects to this Request on the
25  grounds that such discovery from Mattel is overbroad, unduly burdensome,
26  oppressive and not likely to the lead to the discovery of admissible evidence in
27  that Mattel's actions in relation to the "Bratz" line of products are not at issue in
28  this action and are irrelevant to the claims and defenses in this suit.  Rather, at

07209/636684.2

-207-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 │ issue are the actions of defendants and third parties associated with defendants in

2 │ connection with the projects that defendant Bryant worked on with defendant

3 │ MGA, which is information known to and within the possession, custody and

4 │ control of defendants and their associated third parties, not Mattel. Mattel further

5 │ objects to this Request on the grounds that it is unreasonably burdensome and

6 │ premature in that the facts necessary to determine the full nature and extent of

7 │ Mattel's damages from defendant's acts or omissions are known by defendants

8 │ and third parties associated with defendants, but are not known by Mattel at this

9 │ juncture because of defendants' refusals to provide basic discovery. Mattel further

10 │ objects to this Request on the grounds that it is improperly phrased as a legal

11 │ contention.

12 │

13 │ REQUEST NO. 209:

14 │     All COMMUNICATIONS between YOU and any third party mentioning,

15 │ referring or relating to BRATZ BOYZ, if YOU seek in this case to enjoin the sale

16 │ of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case,

17 │ any right or interest in, revenues or profits from, or lost profits or other damages

18 │ caused by BRATZ BOYZ.

19 │

20 │ RESPONSE TO REQUEST NO. 209:

21 │     In addition to the general objections stated above, which are incorporated

22 │ herein by reference, Mattel objects to this Request as overbroad and unduly

23 │ burdensome in that it seeks all communications of any kind between anyone at

24 │ "Mattel," as defined by MGA to include past employees like Bryant, and any third

25 │ party referring or relating to "Bratz Boyz" at any time, without further limitation as

26 │ to subject matter, and regardless of whether the communications relate to the

27 │ conduct at issue in this lawsuit. Mattel further objects to this Request on the

28 │ grounds that such discovery from Mattel is overbroad, unduly burdensome,

07209/636684.2

-208-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   oppressive and not likely to the lead to the discovery of admissible evidence in
2   that Mattel's actions in relation to the "Bratz" line of products are not at issue in
3   this action and are irrelevant to the claims and defenses in this suit.  Rather, at
4   issue are the actions of defendants and third parties associated with defendants in
5   connection with the projects that defendant Bryant worked on with defendant
6   MGA, which is information known to and within the possession, custody and
7   control of defendants and their associated third parties, not Mattel.  Mattel further
8   objects to this Request on the grounds that it is unreasonably burdensome and
9   premature in that the facts necessary to determine the full nature and extent of
10  Mattel's damages from defendant's acts or omissions are known by defendants
11  and third parties associated with defendants, but are not known by Mattel at this
12  juncture because of defendants' refusals to provide basic discovery.  Mattel further
13  objects to this Request on the grounds that it is improperly phrased as a legal
14  contention.  Mattel further objects to this Request on the grounds that it is
15  duplicative of or subsumed within prior Requests already responded to and seeks
16  the re-production of information and documents already produced in this action.
17  Such information and documents will not be re-produced.
18
19  REQUEST NO. 210:
20      All COMMUNICATIONS between YOU and any third party mentioning,
21  referring or relating to "Funky Tweenz".
22
23  RESPONSE TO REQUEST NO. 210:
24      In addition to the general objections stated above, which are incorporated
25  herein by reference, Mattel objects to this Request as overbroad and unduly
26  burdensome in that it seeks all communications of any kind on this topic between
27  anyone at "Mattel," as defined by MGA to include past employee like Bryant, and
28  any third party created at any time, without further limitation as to subject matter,

07209/636684.2                        -209-
              MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   and regardless of whether the communications relate to the conduct at issue in this
2   lawsuit. For the same reasons, Mattel further objects to this Request on the
3   grounds that it seeks documents that are not relevant to this action or likely to lead
4   to the discovery of admissible evidence.

5

6   REQUEST NO. 211:

7        All DOCUMENTS, including pleadings, deposition transcripts, declarations
8   and other matter generated in the course of any non-MATTEL lawsuit, litigation,
9   arbitration or other legal proceeding to which MGA is or was a party.

10

11  RESPONSE TO REQUEST NO. 211:

12       In addition to the general objections stated above, which are incorporated
13  herein by reference, Mattel objects to this Request as overbroad and unduly
14  burdensome on the grounds that this information is available to MGA, as MGA
15  necessarily possesses superior firsthand knowledge of the documents generated in
16  the course of any lawsuit, litigation, arbitration or other legal proceeding to which
17  MGA is or was a party. Mattel further objects to this Request on the ground that
18  the term "non-Mattel lawsuit, litigation, arbitration or other legal proceeding" is
19  vague and ambiguous. Mattel further objects to this Request on the grounds that it
20  calls for the disclosure of information subject to the attorney-client privilege, the
21  attorney work-product doctrine and other applicable privileges. Mattel further
22  objects to this Request on the grounds that it seeks documents that are not relevant
23  to this action, or likely to lead to the discovery of admissible evidence. Mattel
24  further objects to this Request on the grounds that it is duplicative of or subsumed
25  within prior Requests already responded to and seeks the re-production of
26  information and documents already produced in this action. Such information and
27  documents will not be re-produced.

28

-210-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   REQUEST NO. 212:

2       All COMMUNICATIONS mentioning, referring to, or relating to any

3   non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which

4   MGA is or was a party.

5

6   RESPONSE TO REQUEST NO. 212:

7       In addition to the general objections stated above, which are incorporated

8   herein by reference, Mattel objects to this Request on the grounds that it calls for

9   the disclosure of information subject to the attorney-client privilege, the attorney

10   work-product doctrine and other applicable privileges.  Mattel further objects to

11   this Request as overbroad and unduly burdensome in that it seeks <u>all</u>

12   communications created by <u>anyone at any time</u> that mention, refer or relate to <u>any</u>

13   "non-Mattel lawsuit, litigation, arbitration or other legal proceeding to which

14   MGA is or was a party, regardless of whether the communications relate to the

15   conduct at issue in this lawsuit.  For the same reasons, Mattel further objects to

16   this Request on the grounds that it seeks documents that are not relevant to this

17   action, or likely to lead to the discovery of admissible evidence.  Mattel further

18   objects to this Request on the ground that the term "non-Mattel lawsuit, litigation,

19   arbitration or other legal proceeding" is vague and ambiguous.  Mattel further

20   objects to this Request on the grounds that it is duplicative of or subsumed within

21   prior Requests already responded to and seeks the re-production of information

22   and documents already produced in this action.  Such information and documents

23   will not be re-produced.

24

25   REQUEST NO. 213:

26       All COMMUNICATIONS between YOU, including YOUR inside and

27   outside counsel, on the one hand and Danny K. H. Yu, Paul K. C. Chan or any

28   person at, employed by, working for or under the direction of the law firms of

-211-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

374
Exhibit 42 - Page 1890

1  Danny K. H. Yu & Co. and Simon C. W. Yung & Co. on the other, referring or

2  relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL

3  PROPERTY, "Funky Tweenz," "Toon Teens," or any non-MATTEL lawsuit,

4  litigation, arbitration or other legal proceeding o [sic] which MGA is or was a

5  party.

6

7  RESPONSE TO REQUEST NO. 213:

8      In addition to the general objections stated above, which are incorporated

9  herein by reference, Mattel objects to this Request as overbroad and unduly

10 burdensome in that it seeks all communications between anyone at Mattel and any

11 person "at," employed by, working for or under the direction of the law firms of

12 Danny K.H. Yu & Co. and Simon C.W. Yung & Co. at any time that refer or relate

13 to MGA, Bryant, "Bratz," "Bratz Intellectual Property," "Funky Tweens," "Toon

14 Teens," or any "non-Mattel lawsuit litigation, arbitration or other legal

15 proceeding" to which MGA is or was a party, regardless of whether the

16 communications relate to the conduct at issue in this lawsuit.  For the same

17 reasons, Mattel further objects to this Request on the grounds that it seeks

18 documents that are not relevant to this action, or likely to lead to the discovery of

19 admissible evidence.  Mattel further objects to this Request on the grounds that

20 such discovery from Mattel is overbroad, unduly burdensome, oppressive and not

21 likely to the lead to the discovery of admissible evidence in that Mattel's actions

22 in relation to the "Bratz" line of products are not at issue in this action and are

23 irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

24 defendants and third parties associated with defendants in connection with the

25 projects that defendant Bryant worked on with defendant MGA, which is

26 information known to and within the possession, custody and control of

27 defendants and their associated third parties, not Mattel.  Mattel further objects to

28 this Request on the grounds that the terms "Bratz," "Bratz Intellectual Property"

1  and "non-Mattel lawsuit, litigation, arbitration or other legal proceeding" are
2  vague and ambiguous. Mattel further objects to this Request on the grounds that it
3  calls for the disclosure of information subject to the attorney-client privilege, the
4  attorney work-product doctrine and other applicable privileges. Mattel further
5  objects to this Request on the grounds that it is duplicative of or subsumed within
6  prior Requests already responded to and seeks the re-production of information
7  and documents already produced in this action. Such information and documents
8  will not be re-produced.
9
10 REQUEST NO. 214:
11      All COMMUNICATIONS between YOU, including YOUR inside and
12 outside counsel, on the one hand and Toys & Trends (Hong Kong) Limited,
13 Cityworld Limited, or Jurg Willi Kesselring on the other, or any person acting on
14 their behalf or at their direction, referring or relating to MGA, BRYANT, this
15 lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, "Funky Tweenz,"
16 "Toon Teens," or any non-MATTEL lawsuit, litigation, arbitration or other legal
17 proceeding to which MGA is or was a party.
18
19 RESPONSE TO REQUEST NO. 214:
20      In addition to the general objections stated above, which are incorporated
21 herein by reference, Mattel objects to this Request as overbroad and unduly
22 burdensome in that it seeks all communications between anyone at Mattel and
23 certain third parties, or anyone acting on the behalf of or at the direction of those
24 third parties, at any time that refer or relate to MGA, Bryant, "Bratz," "Bratz
25 Intellectual Property," "Funky Tweens," "Toon Teens," or any "non-Mattel lawsuit
26 litigation, arbitration or other legal proceeding" to which MGA is or was a party,
27 regardless of whether the communications relate to the conduct at issue in this
28 lawsuit. For the same reasons, Mattel further objects to this Request on the

07209/636684.2

-213-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

grounds that it seeks documents that are not relevant to this action, or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that the terms "Bratz," "Bratz Intellectual Property" and "non-Mattel lawsuit, litigation, arbitration or other legal proceeding" are vague and ambiguous. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 215:

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and any person or entity adverse to MGA, including any person at, employed by, working for or under the direction of the law firms representing clients adverse to MGA, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

RESPONSE TO REQUEST NO. 215:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications between anyone at "Mattel," as defined by MGA to include past employee like Bryant, and any person or entity "adverse to" MGA, including such persons or entities who are unknown to Mattel to be "adverse" to MGA, at any time that refer or relate to MGA, Bryant, Bratz, "Bratz Intellectual Property," "Funky Tweens," "Toon Teens," or any "non-Mattel lawsuit litigation, arbitration or other legal proceeding" to which MGA is or was a party, regardless of whether the communications relate to the conduct at issue in this lawsuit. For the same reasons, Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that the terms "adverse to," "Bratz," "Bratz Intellectual Property" and "non-Mattel lawsuit, litigation, arbitration or other legal proceeding" are vague and ambiguous. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of

-215-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

07209/636684.2

1  information and documents already produced in this action.  Such information and
2  documents will not be re-produced.

3

4  REQUEST NO. 216:

5      All COMMUNICATIONS between YOU, including YOUR inside and
6  outside counsel, on the one hand and any principal of any entities or persons
7  adverse to MGA on the other, or any person acting on their behalf or at their
8  direction, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ
9  INTELLECTUAL PROPERTY, or any non-MATTEL lawsuit, litigation,
10  arbitration or other legal proceeding to which MGA is or was a party.

11

12  RESPONSE TO REQUEST NO. 216:

13      In addition to the general objections stated above, which are incorporated
14  herein by reference, Mattel objects to this Request as overbroad and unduly
15  burdensome in that it seeks all communications between anyone at "Mattel," as
16  defined by MGA to include past employees like Bryant, and any principal of any
17  person or entity "adverse to" MGA, including such persons or entities who are
18  unknown to Mattel to be "adverse" to MGA, at any time that refer or relate to
19  MGA, Bryant, Bratz, "Bratz Intellectual Property," "Funky Tweens," "Toon
20  Teens," or any "non-Mattel lawsuit litigation, arbitration or other legal
21  proceeding" to which MGA is or was a party, regardless of whether the
22  communications relate to the conduct at issue in this lawsuit.  For the same
23  reasons, Mattel further objects to this Request on the grounds that it seeks
24  documents that are not relevant to this action, or likely to lead to the discovery of
25  admissible evidence.  Mattel further objects to this Request on the grounds that
26  such discovery from Mattel is overbroad, unduly burdensome, oppressive and not
27  likely to the lead to the discovery of admissible evidence in that Mattel's actions
28  in relation to the "Bratz" line of products are not at issue in this action and are

07209/636684.2

-216-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of
2  defendants and third parties associated with defendants in connection with the
3  projects that defendant Bryant worked on with defendant MGA, which is
4  information known to and within the possession, custody and control of
5  defendants and their associated third parties, not Mattel.  Mattel further objects to
6  this Request as overbroad, unduly burdensome and oppressive in that it seeks "all"
7  documents in Mattel's possession, custody and control on this broad subject.
8  Mattel further objects to this Request on the grounds that the terms "adverse to,"
9  "Bratz," "Bratz Intellectual Property" and "non-Mattel lawsuit, litigation,
10  arbitration or other legal proceeding" are vague and ambiguous.  Mattel further
11  objects to this Request on the grounds that it is duplicative of or subsumed within
12  prior Requests already responded to and seeks the re-production of information
13  and documents already produced in this action.  Such information and documents
14  will not be re-produced.
15
16  REQUEST NO. 217:
17       All COMMUNICATIONS between YOU, including YOUR inside and
18  outside counsel, on the one hand and any third-party on the other, referring or
19  relating to this lawsuit, or any non-MATTEL lawsuit, litigation, arbitration or
20  other legal proceeding to which MGA is or was a party.
21
22  RESPONSE TO REQUEST NO. 217:
23       In addition to the general objections stated above, which are incorporated
24  herein by reference, Mattel objects to this Request as overbroad and unduly
25  burdensome in that it seeks all communications between anyone at "Mattel," as
26  defined by MGA to include past employees like Bryant, and any third-party at any
27  time that refer or relate to this lawsuit or any "non-Mattel lawsuit litigation,
28  arbitration or other legal proceeding" to which MGA is or was a party.  Mattel

-217-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

07209/636684.2

380
Exhibit 42 - Page 1896

1   further objects to this Request on the grounds that it seeks documents that are not

2   relevant to this action, or likely to lead to the discovery of admissible evidence.

3   Mattel further objects to this Request as overbroad, unduly burdensome and

4   oppressive in that it seeks "all" documents in Mattel's possession, custody and

5   control on this broad subject.  Mattel further objects to this Request on the

6   grounds that the term "non-Mattel lawsuit, litigation, arbitration or other legal

7   proceeding" is vague and ambiguous.  Mattel further objects to this Request on the

8   grounds that it is duplicative of or subsumed within prior Requests already

9   responded to and seeks the re-production of information and documents already

10   produced in this action.  Such information and documents will not be re-produced.

11

12   REQUEST NO. 218:

13      All COMMUNICATIONS sent to or received from any party to any

14   non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which

15   MGA is or was party, or any agent or representative of such party, including such

16   party's attorney.

17

18   RESPONSE TO REQUEST NO. 218:

19      In addition to the general objections stated above, which are incorporated

20   herein by reference, Mattel objects to this Request as overbroad and unduly

21   burdensome in that it seeks all communications sent to or received from any party

22   or agent or representative of any party to any "non-Mattel lawsuit litigation,

23   arbitration or other legal proceeding" to which MGA is or was a party, without

24   limitation as to time or subject matter, and regardless of whether the

25   communications relate to the conduct at issue in this lawsuit.  For the same

26   reasons, Mattel further objects to this Request on the grounds that it seeks

27   documents that are not relevant to this action, or likely to lead to the discovery of

28   admissible evidence.  Mattel further objects to this Request as overbroad, unduly

1    burdensome and oppressive in that it seeks "all" documents in Mattel's

2    possession, custody and control on this broad subject. Mattel further objects to

3    this Request on the ground that the term "non-Mattel lawsuit, litigation, arbitration

4    or other legal proceeding" is vague and ambiguous. Mattel further objects to this

5    Request on the grounds that it is duplicative of or subsumed within prior Requests

6    already responded to and seeks the re-production of information and documents

7    already produced in this action. Such information and documents will not be re-

8    produced.

9

10   REQUEST NO. 219:

11          All COMMUNICATIONS, and all DOCUMENTS mentioning, referring to,

12   or relating to any COMMUNICATION, between YOU on the one hand, and any

13   person consulted or interviewed regarding any fact or issue relating to this lawsuit,

14   including, without limitation, any experts, investigators, or witnesses.

15

16   RESPONSE TO REQUEST NO. 219:

17          In addition to the general objections stated above, which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it calls for

19   the disclosure of information subject to the attorney-client privilege, the attorney

20   work-product doctrine and other applicable privileges, including without

21   limitation privileges applicable to consulting experts. Mattel further objects to

22   this Request on the grounds that it is duplicative of or subsumed within prior

23   Requests already responded to and seeks the re-production of information and

24   documents already produced in this action. Such information and documents will

25   not be re-produced.

26

27

28

REQUEST NO. 220:

All DOCUMENTS and COMMUNICATIONS received by YOU from any source expressing, suggesting or implying that BRYANT copied or used any idea, design or intellectual property owned by MATTEL in connection with the conception, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

RESPONSE TO REQUEST NO. 220:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, including in that it seeks publicly available documents, including copies of newspaper articles, that are therefore equally available to MGA. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that the terms "implying," "suggesting," "Bratz" and "Bratz Intellectual Property" are vague and ambiguous. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 221:

All DOCUMENTS and COMMUNICATIONS received by YOU from any source expressing, suggesting or implying that MGA copied or used any idea, design or intellectual property owned by MATTEL in connection with the conception, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

-220-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 221:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome, including in that it seeks all documents and communications received by "Mattel," as defined by MGA to include former employees like Bryant, from any source at any time related to this topic, regardless of whether the documents and communications relate to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the ground that the terms "implying," "suggesting," "Bratz" and "Bratz Intellectual Property" are vague and ambiguous. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 222:

All COMMUNICATIONS, and all DOCUMENTS mentioning, describing, discussing, referring or relating to any investigation performed by YOU in response to any COMMUNICATION YOU may have received from any source expressing, suggesting or implying that BRYANT copied or used any idea, design or intellectual property owned by MATTEL in connection with the conception, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

RESPONSE TO REQUEST NO. 222:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all communications and documents in Mattel's

1 possession, custody and control that mention, describe, discuss, refer or relate to

2 <u>any</u> undefined "investigation" performed by "Mattel," as defined by MGA to

3 include past employees like Bryant, in response to <u>any</u> communication received by

4 "Mattel" from any source related to this topic.  Mattel further objects to this

5 Request as vague and ambiguous, including without limitation the terms

6 "implying," "suggesting," "Bratz" and "Bratz Intellectual Property."  Mattel further

7 objects to this Request on the grounds that it calls for the disclosure of information

8 subject to the attorney-client privilege, the attorney work-product doctrine and

9 other applicable privileges.  Mattel further objects to this Request on the grounds

10 that it seeks documents that are not relevant to this action, and is not reasonably

11 calculated to lead to the discovery of admissible evidence.  Mattel further objects

12 to this Request on the grounds that it is duplicative of or subsumed within prior

13 Requests already responded to and seeks the re-production of information and

14 documents already produced in this action.  Such information and documents will

15 not be re-produced.

16

17 <u>REQUEST NO. 223</u>:

18         All COMMUNICATIONS, and all DOCUMENTS mentioning, describing,

19 discussing, referring or relating to any investigation performed by YOU in

20 response to any COMMUNICATION YOU may have received from any source

21 expressing, suggesting or implying that MGA copied or used any idea, design or

22 intellectual property owned by MATTEL in connection with the conception,

23 design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

24

25 <u>RESPONSE TO REQUEST NO. 223</u>:

26         In addition to the general objections stated above, which are incorporated

27 herein by reference, Mattel objects to this Request as overbroad and unduly

28 burdensome in that it seeks <u>all</u> communications and documents in Mattel's

07209/636684.2

-222-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  possession, custody and control that mention, describe, discuss, refer or relate to

2  any undefined "investigation" performed by "Mattel," as defined by MGA to

3  include past employees like Bryant, in response to any communication received by

4  "Mattel" from any source related to this topic.  Mattel further objects to this

5  Request on the grounds that the terms "implying," "suggesting," "Bratz" and

6  "Bratz Intellectual Property" are vague and ambiguous.  Mattel further objects to

7  this Request on the grounds that it calls for the disclosure of information subject to

8  the attorney-client privilege, the attorney work-product doctrine and other

9  applicable privileges.  Mattel further objects to this Request on the grounds that it

10  seeks documents that are not relevant to this action, and is not reasonably

11  calculated to lead to the discovery of admissible evidence.  Mattel further objects

12  to this Request on the grounds that it is duplicative of or subsumed within prior

13  Requests already responded to and seeks the re-production of information and

14  documents already produced in this action.  Such information and documents will

15  not be re-produced.

16

17  REQUEST NO. 224:

18      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

19  describing discussing, referring or relating to all COMMUNICATIONS with Anna

20  Rhee that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or

21  BRYANT's work for MGA.

22

23  RESPONSE TO REQUEST NO. 224:

24      In addition to the general objections stated above, which are incorporated

25  herein by reference, Mattel objects to this Request as overbroad and unduly

26  burdensome in that it seeks all documents and communications in Mattel's

27  possession, custody and control that mention, describe, discuss, refer or relate to

28  all communications between anyone and Anna Rhee at any time that refer or relate

-223-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for MGA. For

2  the same reasons, Mattel further objects to this Request on the grounds that it

3  seeks documents that are not relevant to this action, or likely to lead to the

4  discovery of admissible evidence. Mattel further objects to this Request on the

5  grounds that it calls for the disclosure of information subject to the attorney-client

6  privilege, the attorney work-product doctrine and other applicable privileges.

7  Mattel further objects to this Request on the grounds that it is unreasonably

8  burdensome and premature in that the facts necessary to determine the whether

9  "images, drawings, pictures, sculpts, molds, prototypes and any other form of

10  artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are known by

11  defendants and third parties associated with defendants, but are not known by

12  Mattel at this juncture. Mattel further objects to this Request on the grounds that

13  the terms "Bratz Concept" and "First Bratz Dolls" are vague and ambiguous.

14  Mattel further objects to this Request on the grounds that it is duplicative of or

15  subsumed within prior Requests already responded to and seeks the re-production

16  of information and documents already produced in this action. Such information

17  and documents will not be re-produced.

18

19  REQUEST NO. 225:

20      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

21  describing discussing, referring or relating to all COMMUNICATIONS with Anna

22  Rhee that refer or relate to this litigation, the facts and circumstances giving rise to

23  this litigation, or BRYANT's alleged misconduct.

24

25  RESPONSE TO REQUEST NO. 225:

26      In addition to the general objections stated above, which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it calls for

28  the disclosure of information subject to the attorney-client privilege, the attorney

07209/636684.2

-224-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 work-product doctrine and other applicable privileges.  Mattel further objects to

2 this Request on the grounds that it is duplicative of or subsumed within prior

3 Requests already responded to and seeks the re-production of information and

4 documents already produced in this action.  Such information and documents will

5 not be re-produced.

6

7 REQUEST NO. 226:

8          All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

9 describing discussing, referring or relating to all COMMUNICATIONS with

10 Margaret Leahy that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

11 DOLLS or BRYANT's work for MGA.

12

13 RESPONSE TO REQUEST NO. 226:

14          In addition to the general objections stated above, which are incorporated

15 herein by reference, Mattel objects to this Request as overbroad and unduly

16 burdensome in that it seeks all documents and communications in Mattel's

17 possession, custody and control that mention, describe, discuss, refer or relate to

18 all communications between anyone and Margaret Leahy at any time that refer or

19 relate to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for MGA.

20 For the same reasons, Mattel further objects to this Request on the grounds that it

21 seeks documents that are not relevant to this action, or likely to lead to the

22 discovery of admissible evidence.  Mattel further objects to this Request on the

23 grounds that it calls for the disclosure of information subject to the attorney-client

24 privilege, the attorney work-product doctrine and other applicable privileges.

25 Mattel further objects to this Request on the grounds that it is unreasonably

26 burdensome and premature in that the facts necessary to determine the whether

27 "images, drawings, pictures, sculpts, molds, prototypes and any other form of

28 artwork" both predate the "First Bratz Dolls and are '"Bratz'-related" are known by

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

07209/636684.2

1  defendants and third parties associated with defendants, but are not known by

2  Mattel at this juncture.  Mattel further objects to this Request on the grounds that

3  the terms "Bratz Concept" and "First Bratz Dolls" are vague and ambiguous.

4  Mattel further objects to this Request on the grounds that it is duplicative of or

5  subsumed within prior Requests already responded to and seeks the re-production

6  of information and documents already produced in this action.  Such information

7  and documents will not be re-produced.

8

9  REQUEST NO. 227:

10      All COMMUNICATIONS, and all DOCUMENTS constituting, mentioning,

11  describing discussing, referring or relating to all COMMUNICATIONS with

12  Margaret Leahy that refer or relate to this litigation, the facts and circumstances

13  giving rise to this litigation, or BRYANT's alleged misconduct.

14

15  RESPONSE TO REQUEST NO. 227:

16      In addition to the general objections stated above, which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it calls for

18  the disclosure of information subject to the attorney-client privilege, the attorney

19  work-product doctrine and other applicable privileges.  Mattel further objects to

20  this Request on the grounds that it is duplicative of or subsumed within prior

21  Requests already responded to and seeks the re-production of information and

22  documents already produced in this action.  Such information and documents will

23  not be re-produced.

24

25  REQUEST NO. 228:

26      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

27  describing discussing, referring or relating to all COMMUNICATIONS with

28

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

07209/636684.2

1 Margaret Leahy's husband that refer or relate to the BRATZ CONCEPT, the

2 FIRST BRATZ DOLLS or BRYANT's work for MGA.

3

4 RESPONSE TO REQUEST NO. 228:

5      In addition to the general objections stated above, which are incorporated

6 herein by reference, Mattel objects to this Request as overbroad and unduly

7 burdensome in that it seeks <u>all</u> documents and communications in Mattel's

8 possession, custody and control that mention, describe, discuss, refer or relate to

9 <u>all</u> communications between <u>anyone</u> and Margaret Leahy's husband at <u>any time</u>

10 that refer or relate to the "Bratz Concept," the "First Bratz Dolls," or Bryant's

11 "work" for MGA.  For the same reasons, Mattel further objects to this Request on

12 the grounds that it seeks documents that are not relevant to this action, or likely to

13 lead to the discovery of admissible evidence.  Mattel further objects to this

14 Request on the grounds that it calls for the disclosure of information subject to the

15 attorney-client privilege, the attorney work-product doctrine and other applicable

16 privileges.  Mattel further objects to this Request on the grounds that it is

17 unreasonably burdensome and premature in that the facts necessary to determine

18 the whether "images, drawings, pictures, sculpts, molds, prototypes and any other

19 form of artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are

20 known by defendants and third parties associated with defendants, but are not

21 known by Mattel at this juncture.  Mattel further objects to this Request on the

22 grounds that the terms "Bratz Concept" and "First Bratz Dolls" are vague and

23 ambiguous.

24

25 REQUEST NO. 229:

26      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

27 describing discussing, referring or relating to all COMMUNICATIONS with

28

1  Margaret Leahy's husband that refer or relate to this litigation, the facts and

2  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

3

4  RESPONSE TO REQUEST NO. 229:

5       In addition to the general objections stated above, which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it calls for

7  the disclosure of information subject to the attorney-client privilege, the attorney

8  work-product doctrine and other applicable privileges.

9

10  REQUEST NO. 230:

11       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

12  describing discussing, referring or relating to all COMMUNICATIONS with

13  Victoria O'Connor that refer or relate to the BRATZ CONCEPT, the FIRST

14  BRATZ DOLLS or BRYANT's work for MGA.

15

16  RESPONSE TO REQUEST NO. 230:

17       In addition to the general objections stated above, which are incorporated

18  herein by reference, Mattel objects to this Request as overbroad and unduly

19  burdensome in that it seeks all documents and communications in Mattel's

20  possession, custody and control that mention, describe, discuss, refer or relate to

21  all communications between anyone and Victoria O'Connor at any time that refer

22  or relate to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for

23  MGA.  For the same reasons, Mattel further objects to this Request on the grounds

24  that it seeks documents that are not relevant to this action, or likely to lead to the

25  discovery of admissible evidence.  Mattel further objects to this Request on the

26  grounds that it calls for the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine and other applicable privileges.

28  Mattel further objects to this Request on the grounds that it is unreasonably

07209/636684.2

-228-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 burdensome and premature in that the facts necessary to determine the whether

2 "images, drawings, pictures, sculpts, molds, prototypes and any other form of

3 artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are known by

4 defendants and third parties associated with defendants. Mattel further objects to

5 this Request on the grounds that the terms "Bratz Concept" and "First Bratz Dolls"

6 are vague and ambiguous. Mattel further objects to this Request on the grounds

7 that it is duplicative of or subsumed within prior Requests already responded to

8 and seeks the re-production of information and documents already produced in

9 this action. Such information and documents will not be re-produced.

10

11 REQUEST NO. 231:

12     All COMMUNICATIONS, and all DOCUMENTS constituting, mentioning,

13 describing discussing, referring or relating to all COMMUNICATIONS with

14 Victoria O'Connor that refer or relate to this litigation, the facts and circumstances

15 giving rise to this litigation, or BRYANT's alleged misconduct.

16

17 RESPONSE TO REQUEST NO. 231:

18     In addition to the general objections stated above, which are incorporated

19 herein by reference, Mattel objects to this Request on the grounds that it calls for

20 the disclosure of information subject to the attorney-client privilege, the attorney

21 work-product doctrine and other applicable privileges. Mattel further objects to

22 this Request on the grounds that it is duplicative of or subsumed within prior

23 Requests already responded to and seeks the re-production of information and

24 documents already produced in this action. Such information and documents will

25 not be re-produced.

26

27

28

-229-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

392

Exhibit 42 - Page 1908

1   REQUEST NO. 232:

2        All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

3   describing discussing, referring or relating to all COMMUNICATIONS with

4   Ramona Prince that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

5   DOLLS or BRYANT's work for MGA.

6

7   RESPONSE TO REQUEST NO. 232:

8        In addition to the general objections stated above, which are incorporated

9   herein by reference, Mattel objects to this Request as overbroad and unduly

10  burdensome in that it seeks all documents and communications in Mattel's

11  possession, custody and control that mention, describe, discuss, refer or relate to

12  all communications between anyone and Ramona Prince at any time that refer or

13  relate to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for MGA.

14  For the same reasons, Mattel further objects to this Request on the grounds that it

15  seeks documents that are not relevant to this action, or likely to lead to the

16  discovery of admissible evidence.  Mattel further objects to this Request on the

17  grounds that it calls for the disclosure of information subject to the attorney-client

18  privilege, the attorney work-product doctrine and other applicable privileges.

19  Mattel further objects to this Request on the grounds that it is unreasonably

20  burdensome and premature in that the facts necessary to determine the whether

21  "images, drawings, pictures, sculpts, molds, prototypes and any other form of

22  artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are known by

23  defendants and third parties associated with defendants, but are not known by

24  Mattel at this juncture.  Mattel further objects to this Request on the grounds that

25  the terms "Bratz Concept" and "First Bratz Dolls" are vague and ambiguous.

26  Mattel further objects to this Request on the grounds that it is duplicative of or

27  subsumed within prior Requests already responded to and seeks the re-production

28

1  of information and documents already produced in this action.  Such information

2  and documents will not be re-produced.

3

4  REQUEST NO. 233:

5       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

6  describing discussing, referring or relating to all COMMUNICATIONS with

7  Ramona Prince that refer or relate to this litigation, the facts and circumstances

8  giving rise to this litigation, or BRYANT's alleged misconduct.

9

10  RESPONSE TO REQUEST NO. 233:

11       In addition to the general objections stated above, which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it calls for

13  the disclosure of information subject to the attorney-client privilege, the attorney

14  work-product doctrine and other applicable privileges.  Mattel further objects to

15  this Request on the grounds that it is duplicative of or subsumed within prior

16  Requests already responded to and seeks the re-production of information and

17  documents already produced in this action.  Such information and documents will

18  not be re-produced.

19

20  REQUEST NO. 234:

21       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

22  describing discussing, referring or relating to all COMMUNICATIONS with Lilly

23  [sic] Martinez that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

24  DOLLS or BRYANT's work for MGA.

25

26  RESPONSE TO REQUEST NO. 234:

27       In addition to the general objections stated above, which are incorporated

28  herein by reference, Mattel objects to this Request as overbroad and unduly

-231-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  burdensome in that it seeks <u>all</u> documents and communications in Mattel's

2  possession, custody and control that mention, describe, discuss, refer or relate to

3  <u>all</u> communications between <u>anyone</u> and Lily Martinez at <u>any time</u> that refer or

4  relate to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for MGA,

5  regardless of whether the documents and communications relate to the conduct at

6  issue in this lawsuit. For the same reasons, Mattel further objects to this Request

7  on the grounds that it seeks documents that are not relevant to this action, or likely

8  to lead to the discovery of admissible evidence. Mattel further objects to this

9  Request on the grounds that it calls for the disclosure of information subject to the

10  attorney-client privilege, the attorney work-product doctrine and other applicable

11  privileges. Mattel further objects to this Request on the grounds that it is

12  unreasonably burdensome and premature in that the facts necessary to determine

13  the whether "images, drawings, pictures, sculpts, molds, prototypes and any other

14  form of artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are

15  known by defendants and third parties associated with defendants, but are not

16  known by Mattel at this juncture. Mattel further objects to this Request on the

17  grounds that the terms "Bratz Concept" and "First Bratz Dolls" are vague and

18  ambiguous.

19

20  <u>REQUEST NO. 235</u>:

21        All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

22  describing discussing, referring or relating to all COMMUNICATIONS with Lilly

23  [sic] Martinez that refer or relate to this litigation, the facts and circumstances

24  giving rise to this litigation, or BRYANT's alleged misconduct.

25

26  <u>RESPONSE TO REQUEST NO. 235</u>:

27        In addition to the general objections stated above, which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it calls for

-232-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

07209/636684.2

1  the disclosure of information subject to the attorney-client privilege, the attorney

2  work-product doctrine and other applicable privileges.

3

4  REQUEST NO. 236:

5      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

6  describing discussing, referring or relating to all COMMUNICATIONS with Ron

7  Longsdorff [sic] that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

8  DOLLS or BRYANT's work for MGA.

9

10  RESPONSE TO REQUEST NO. 236:

11      In addition to the general objections stated above, which are incorporated

12  herein by reference, Mattel objects to this Request as overbroad and unduly

13  burdensome in that it seeks all documents and communications in Mattel's

14  possession, custody and control that mention, describe, discuss, refer or relate to

15  all communications between anyone and Ron Longsdorf at any time that refer or

16  relate to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for MGA,

17  regardless of whether the documents and communications relate to the conduct at

18  issue in this lawsuit.  For the same reasons, Mattel further objects to this Request

19  on the grounds that it seeks documents that are not relevant to this action, or likely

20  to lead to the discovery of admissible evidence.  Mattel further objects to this

21  Request on the grounds that it calls for the disclosure of information subject to the

22  attorney-client privilege, the attorney work-product doctrine and other applicable

23  privileges.  Mattel further objects to this Request on the grounds that it is

24  unreasonably burdensome and premature in that the facts necessary to determine

25  the whether "images, drawings, pictures, sculpts, molds, prototypes and any other

26  form of artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are

27  known by defendants and third parties associated with defendants, but are not

28  known by Mattel at this juncture.  Mattel further objects to this Request on the

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  grounds that the terms "Bratz Concept" and "First Bratz Dolls" are vague and

2  ambiguous.

3

4  REQUEST NO. 237:

5      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

6  describing discussing, referring or relating to all COMMUNICATIONS with Ron

7  Longsdorff [sic] that refer or relate to this litigation, the facts and circumstances

8  giving rise to this litigation, or BRYANT's alleged misconduct.

9

10  RESPONSE TO REQUEST NO. 237:

11      In addition to the general objections stated above, which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it calls for

13  the disclosure of information subject to the attorney-client privilege, the attorney

14  work-product doctrine and other applicable privileges.

15

16  REQUEST NO. 238:

17      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

18  describing discussing, referring or relating to all COMMUNICATIONS with Matt

19  Bousquette that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

20  DOLLS or BRYANT's work for MGA.

21

22  RESPONSE TO REQUEST NO. 238:

23      In addition to the general objections stated above, which are incorporated

24  herein by reference, Mattel objects to this Request as overbroad and unduly

25  burdensome in that it seeks <u>all</u> documents and communications in Mattel's

26  possession, custody and control that mention, describe, discuss, refer or relate to

27  <u>all</u> communications between <u>anyone</u> and Matt Bousquette at <u>any time</u> that refer or

28  relate to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for MGA,

-234-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

07209/636684.2

1  regardless of whether the documents and communications relate to the conduct at
2  issue in this lawsuit.  For the same reasons, Mattel further objects to this Request
3  on the grounds that it seeks documents that are not relevant to this action, or likely
4  to lead to the discovery of admissible evidence.  Mattel further objects to this
5  Request on the grounds that it calls for the disclosure of information subject to the
6  attorney-client privilege, the attorney work-product doctrine and other applicable
7  privileges.  Mattel further objects to this Request on the grounds that it is
8  unreasonably burdensome and premature in that the facts necessary to determine
9  the whether "images, drawings, pictures, sculpts, molds, prototypes and any other
10  form of artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are
11  known by defendants and third parties associated with defendants, but are not
12  known by Mattel at this juncture.  Mattel further objects to this Request on the
13  grounds that the terms "Bratz Concept" and "First Bratz Dolls" are vague and
14  ambiguous.
15
16  REQUEST NO. 239:
17        All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,
18  describing discussing, referring or relating to all COMMUNICATIONS with Matt
19  Bousquette that refer or relate to this litigation, the facts and circumstances giving
20  rise to this litigation, or BRYANT's alleged misconduct.
21
22  RESPONSE TO REQUEST NO. 239:
23        In addition to the general objections stated above, which are incorporated
24  herein by reference, Mattel objects to this Request on the grounds that it calls for
25  the disclosure of information subject to the attorney-client privilege, the attorney
26  work-product doctrine and other applicable privileges.
27
28

07209/636684.2

-235-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 240:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Adrienne Fontanella that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

RESPONSE TO REQUEST NO. 240:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents and communications in Mattel's possession, custody and control that mention, describe, discuss, refer or relate to all communications between anyone and Adrienne Fontanella at any time that refer or relate to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for MGA, regardless of whether the documents and communications relate to the conduct at issue in this lawsuit. For the same reasons, Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the whether "images, drawings, pictures, sculpts, molds, prototypes and any other form of artwork" both predate the "First Bratz Dolls and are '"Bratz'-related" are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture. Mattel further objects to this Request on the grounds that the terms "Bratz Concept" and "First Bratz Dolls" are vague and ambiguous.

07209/636684.2

-236-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

399

Exhibit 42 - Page 1915

1  REQUEST NO. 241:

2      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

3  describing discussing, referring or relating to all COMMUNICATIONS with

4  Adrienne Fontanella that refer or relate to this litigation, the facts and

5  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

6

7  RESPONSE TO REQUEST NO. 241:

8      In addition to the general objections stated above, which are incorporated

9  herein by reference, Mattel objects to this Request on the grounds that it calls for

10 the disclosure of information subject to the attorney-client privilege, the attorney

11 work-product doctrine and other applicable privileges.

12

13 REQUEST NO. 242:

14     All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

15 describing discussing, referring or relating to all COMMUNICATIONS with Tim

16 Kilpin that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS

17 or BRYANT's work for MGA.

18

19 RESPONSE TO REQUEST NO. 242:

20     In addition to the general objections stated above, which are incorporated

21 herein by reference, Mattel objects to this Request as overbroad and unduly

22 burdensome in that it seeks all documents and communications in Mattel's

23 possession, custody and control that mention, describe, discuss, refer or relate to

24 all communications between anyone and Tim Kilpin at any time that refer or relate

25 to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for MGA,

26 regardless of whether the documents and communications relate to the conduct at

27 issue in this lawsuit.  For the same reasons, Mattel further objects to this Request

28 on the grounds that it seeks documents that are not relevant to this action, or likely

-237-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  to lead to the discovery of admissible evidence. Mattel further objects to this

2  Request on the grounds that it calls for the disclosure of information subject to the

3  attorney-client privilege, the attorney work-product doctrine and other applicable

4  privileges. Mattel further objects to this Request on the grounds that it is

5  unreasonably burdensome and premature in that the facts necessary to determine

6  the whether "images, drawings, pictures, sculpts, molds, prototypes and any other

7  form of artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are

8  known by defendants and third parties associated with defendants, but are not

9  known by Mattel at this juncture. Mattel further objects to this Request on the

10  grounds that the terms "Bratz Concept" and "First Bratz Dolls" are vague and

11  ambiguous.

12

13  REQUEST NO. 243:

14      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

15  describing discussing, referring or relating to all COMMUNICATIONS with Tim

16  Kilpin that refer or relate to this litigation, the facts and circumstances giving rise

17  to this litigation, or BRYANT's alleged misconduct.

18

19  RESPONSE TO REQUEST NO. 243:

20      In addition to the general objections stated above, which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it calls for

22  the disclosure of information subject to the attorney-client privilege, the attorney

23  work-product doctrine and other applicable privileges.

24

25  REQUEST NO. 244:

26      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

27  describing discussing, referring or relating to all COMMUNICATIONS with

28

-238-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

401

Exhibit 42 - Page 1917

1  Sujata Luther that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

2  DOLLS or BRYANT's work for MGA.

3

4  RESPONSE TO REQUEST NO. 244:

5        In addition to the general objections stated above, which are incorporated

6  herein by reference, Mattel objects to this Request as overbroad and unduly

7  burdensome in that it seeks all documents and communications in Mattel's

8  possession, custody and control that mention, describe, discuss, refer or relate to

9  all communications between anyone and Sujata Luther at any time that refer or

10 relate to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for MGA,

11 regardless of whether the documents and communications relate to the conduct at

12 issue in this lawsuit.  For the same reasons, Mattel further objects to this Request

13 on the grounds that it seeks documents that are not relevant to this action, or likely

14 to lead to the discovery of admissible evidence.  Mattel further objects to this

15 Request on the grounds that it calls for the disclosure of information subject to the

16 attorney-client privilege, the attorney work-product doctrine and other applicable

17 privileges.  Mattel further objects to this Request on the grounds that it is

18 unreasonably burdensome and premature in that the facts necessary to determine

19 the whether "images, drawings, pictures, sculpts, molds, prototypes and any other

20 form of artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are

21 known by defendants and third parties associated with defendants, but are not

22 known by Mattel at this juncture.  Mattel further objects to this Request on the

23 grounds that the terms "Bratz Concept" and "First Bratz Dolls" are vague and

24 ambiguous.

25

26 REQUEST NO. 245:

27       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

28 describing discussing, referring or relating to all COMMUNICATIONS with.

07209/636684.2

-239-

402

Exhibit 42 - Page 1918

1  Sujata Luther that refer or relate to this litigation, the facts and circumstances
2  giving rise to this litigation, or BRYANT's alleged misconduct.
3
4  RESPONSE TO REQUEST NO. 245:
5       In addition to the general objections stated above, which are incorporated
6  herein by reference, Mattel objects to this Request on the grounds that it calls for
7  the disclosure of information subject to the attorney-client privilege, the attorney
8  work-product doctrine and other applicable privileges.
9
10  REQUEST NO. 246:
11       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,
12  describing discussing, referring or relating to all COMMUNICATIONS with Alan
13  Kaye that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or
14  BRYANT's work for MGA.
15
16  RESPONSE TO REQUEST NO. 246:
17       In addition to the general objections stated above, which are incorporated
18  herein by reference, Mattel objects to this Request as overbroad and unduly
19  burdensome in that it seeks all documents and communications in Mattel's
20  possession, custody and control that mention, describe, discuss, refer or relate to
21  all communications between anyone and Alan Kaye at any time that refer or relate
22  to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for MGA,
23  regardless of whether the documents and communications relate to the conduct at
24  issue in this lawsuit.  For the same reasons, Mattel further objects to this Request
25  on the grounds that it seeks documents that are not relevant to this action, or likely
26  to lead to the discovery of admissible evidence.  Mattel further objects to this
27  Request on the grounds that it calls for the disclosure of information subject to the
28  attorney-client privilege, the attorney work-product doctrine and other applicable

07209/636684.2

-240-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

privileges.  Mattel further objects to this Request on the grounds that it is
unreasonably burdensome and premature in that the facts necessary to determine
the whether "images, drawings, pictures, sculpts, molds, prototypes and any other
form of artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are
known by defendants and third parties associated with defendants, but are not
known by Mattel at this juncture.  Mattel further objects to this Request on the
grounds that the terms "Bratz Concept" and "First Bratz Dolls" are vague and
ambiguous.

REQUEST NO. 247:

     All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,
describing discussing, referring or relating to all COMMUNICATIONS with Alan
Kaye that refer or relate to this litigation, the facts and circumstances giving rise to
this litigation, or BRYANT's alleged misconduct.

RESPONSE TO REQUEST NO. 247:

     In addition to the general objections stated above, which are incorporated
herein by reference, Mattel objects to this Request on the grounds that it calls for
the disclosure of information subject to the attorney-client privilege, the attorney
work-product doctrine and other applicable privileges.

REQUEST NO. 248:

     All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,
describing discussing, referring or relating to all COMMUNICATIONS with
Veronica Marlowe that refer or relate to the BRATZ CONCEPT, the FIRST
BRATZ DOLLS or BRYANT's work for MGA.

RESPONSE TO REQUEST NO. 248:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents and communications in Mattel's possession, custody and control that mention, describe, discuss, refer or relate to all communications between anyone and Veronica Marlowe at any time that refer or relate to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for MGA, regardless of whether the documents and communications relate to the conduct at issue in this lawsuit.  For the same reasons, Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the whether "images, drawings, pictures, sculpts, molds, prototypes and any other form of artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture.  Mattel further objects to this Request on the grounds that the terms "Bratz Concept" and "First Bratz Dolls" are vague and ambiguous.

REQUEST NO. 249:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Veronica Marlowe that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

-242-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 249:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

REQUEST NO. 250:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with any current or former MATTEL employee or contractor that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

RESPONSE TO REQUEST NO. 250:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks all documents and communications in Mattel's possession, custody and control that mention, describe, discuss, refer or relate to all communications between anyone and any current or former Mattel employee or contractor worldwide at any time that refer or relate to the "Bratz Concept," the "First Bratz Dolls," or Bryant's "work" for MGA, regardless of whether the documents and communications relate to the conduct at issue in this lawsuit. For the same reasons, Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the whether "images, drawings,

406

Exhibit 42 - Page 1922

1  pictures, sculpts, molds, prototypes and any other form of artwork" both predate
2  the "First Bratz Dolls and are "'Bratz'-related" are known by defendants and third
3  parties associated with defendants, but are not known by Mattel at this juncture.
4  Mattel further objects to this Request on the grounds that the terms "Bratz
5  Concept" and "First Bratz Dolls" are vague and ambiguous.  Mattel further objects
6  to this Request on the grounds that it is duplicative of or subsumed within prior
7  Requests already responded to and seeks the re-production of information and
8  documents already produced in this action.  Such information and documents will
9  not be re-produced.
10
11  REQUEST NO. 251:
12       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,
13  describing discussing, referring or relating to all COMMUNICATIONS with any
14  current or former MATTEL employee or contractor that refer or relate to this
15  litigation, the facts and circumstances giving rise to this litigation, or BRYANT's
16  alleged misconduct.
17
18  RESPONSE TO REQUEST NO. 251:
19       In addition to the general objections stated above, which are incorporated
20  herein by reference, Mattel objects to this Request on the grounds that it calls for
21  the disclosure of information subject to the attorney-client privilege, the attorney
22  work-product doctrine and other applicable privileges.  Mattel further objects to
23  this Request on the grounds that it is duplicative of or subsumed within prior
24  Requests already responded to and seeks the re-production of information and
25  documents already produced in this action.  Such information and documents will
26  not be re-produced.
27
28

07209/636684.2

-244-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 252:

All DOCUMENTS and COMMUNICATIONS constituting, discussing, mentioning, describing, referring or relating to the August 5, 2002 anonymous letter sent to Robert Eckert produced in this litigation by MATTEL bearing Bates serial number M 13841.

RESPONSE TO REQUEST NO. 252:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 253:

All DOCUMENTS and COMMUNICATIONS constituting, discussing, mentioning, describing, referring or relating to any investigation of or follow-up regarding the August 5, 2002 anonymous letter sent to Robert Eckert produced in this litigation by MATTEL bearing Bates serial number M 13841.

RESPONSE TO REQUEST NO. 253:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney

-245-

07209/636684.2

1    work-product doctrine and other applicable privileges. Mattel further objects to
2    this Request on the grounds that it seeks documents that are not relevant to this
3    action, and is not reasonably calculated to lead to the discovery of admissible
4    evidence. Mattel further objects to this Request as vague and ambiguous. Mattel
5    further objects to this Request on the grounds that it is duplicative of or subsumed
6    within prior Requests already responded to and seeks the re-production of
7    information and documents already produced in this action. Such information and
8    documents will not be re-produced.
9
10   REQUEST NO. 254:
11        All DOCUMENTS, such as organizational charts, describing, depicting, or
12   relating to the corporate structure, chain-of-command, and reporting structure of
13   MATTEL since 1997, and DOCUMENTS sufficient to IDENTIFY its past and
14   present officers and directors since 1997.
15
16   RESPONSE TO REQUEST NO. 254:
17        In addition to the general objections stated above, which are incorporated
18   herein by reference, Mattel objects to this Request on the grounds that it is
19   overbroad and unduly burdensome in that it seeks all documents in Mattel's
20   possession, custody and control describing, depicting, or relating to Mattel's
21   corporate structure over the past eight years, regardless of whether the documents
22   relate to personnel who have any possible bearing to this suit. For the same
23   reasons, Mattel further objects to this Request on the grounds that it seeks
24   documents that are not relevant to this action, or likely to lead to the discovery of
25   admissible evidence. Mattel further objects to this Request on the grounds that it
26   calls for the disclosure of information subject to the attorney-client privilege, the
27   attorney work-product doctrine and other applicable privileges. Mattel further
28   objects to this request as vague and ambiguous. Mattel further objects to this

-246-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 Request on the grounds that it seeks confidential, propriety and trade secret
2 information that has no conceivable bearing on the issues in this case. Mattel
3 further objects to this Request on the grounds that it is duplicative of or subsumed
4 within prior Requests already responded to and seeks the re-production of
5 information and documents already produced in this action. Such information and
6 documents will not be re-produced.
7
8 REQUEST NO. 255:
9     All DOCUMENTS, such as organizational charts, describing, depicting, or
10 relating to BRYANT's place in the corporate structure, chain-of-command, and
11 reporting structure of MATTEL since 1997.
12
13 RESPONSE TO REQUEST NO. 255:
14     In addition to the general objections stated above, which are incorporated
15 herein by reference, Mattel objects to this Request as vague and ambiguous.
16 Mattel further objects to this request on the grounds that it calls for the disclosure
17 of information subject to the attorney-client privilege, the attorney work-product
18 doctrine and other applicable privileges. Mattel further objects to this Request on
19 the grounds that it is duplicative of or subsumed within prior Requests already
20 responded to and seeks the re-production of information and documents already
21 produced in this action. Such information and documents will not be re-produced.
22
23 REQUEST NO. 256:
24     DOCUMENTS sufficient to show BRYANT's immediate supervisors and
25 all co-workers in BRYANT's department during the periods of BRYANT's
26 employment with MATTEL.
27
28

RESPONSE TO REQUEST NO. 256:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and vague and ambiguous as to "all co-workers" in Bryant's "department." Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 257:

All DOCUMENTS including, without limitation, YOUR corporate resolutions, and minutes of all meetings of YOUR directors or shareholders in which this lawsuit, BRATZ INTELLECTUAL PROPERTY, the BRATZ CONCEPT, or BRYANT was discussed.

RESPONSE TO REQUEST NO. 257:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents created by anyone at anytime in which "Bratz Intellectual Property," the "Bratz Concept," or Bryant were discussed, without limitation as to time or subject matter, and regardless of whether the documents relate to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with

1  defendant MGA, which is information known to and within the possession,

2  custody and control of defendants and their associated third parties, not Mattel.

3  Mattel further objects to this Request on the grounds that it calls for the disclosure

4  of information subject to the attorney-client privilege, the attorney work-product

5  doctrine and other applicable privileges.  Mattel further objects to this Request on

6  the grounds that it is unreasonably burdensome and premature in that the facts

7  necessary to determine the whether "images, drawings, pictures, sculpts, molds,

8  prototypes and any other form of artwork" both predate the "First Bratz Dolls and

9  are "'Bratz'-related" are known by defendants and third parties associated with

10  defendants, but are not known by Mattel at this juncture.  Mattel further objects to

11  this Request on the grounds that the terms "Bratz Concept" and "Bratz Intellectual

12  Property" are vague and ambiguous.  Mattel further objects to this Request on the

13  grounds that it is duplicative of or subsumed within prior Requests already

14  responded to and seeks the re-production of information and documents already

15  produced in this action.  Such information and documents will not be re-produced.

16

17  REQUEST NO. 258:

18      All DOCUMENTS relating to Bryant's employment including, without

19  limitation, DOCUMENTS reflecting the period and conditions of the employment,

20  the terms of the employment, and his job duties and responsibilities.

21

22  RESPONSE TO REQUEST NO. 258:

23      In addition to the general objections stated above, which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it calls for

25  the disclosure of information subject to the attorney-client privilege, the attorney

26  work-product doctrine and other applicable privileges.  Mattel further objects to

27  this request as overbroad, unduly burdensome and vague and ambiguous in that it

28  seeks all documents relating to Bryant's "employment," including the "conditions

1 | of" and "terms of" that "employment." Mattel further objects to this Request on
2 | the grounds that it is duplicative of or subsumed within prior Requests already
3 | responded to and seeks the re-production of information and documents already
4 | produced in this action. Such information and documents will not be re-produced.
5 |
6 | REQUEST NO. 259:
7 |     All DOCUMENTS that evidence, describe, mention, refer or relate to the
8 | similarity of any art work created by any MATTEL employee, including but not
9 | limited to BRYANT, prior to October 20, 2000, to BRATZ.
10 |
11 | RESPONSE TO REQUEST NO. 259:
12 |     In addition to the general objections stated above, which are incorporated
13 | herein by reference, Mattel objects to this Request as incomprehensible and
14 | circular in that it purports to seek documents concerning artwork created by
15 | Bryant that is similar to artwork also created by Bryant. Mattel further objects to
16 | this Request on the grounds that it calls for the disclosure of information subject to
17 | the attorney-client privilege, the attorney work-product doctrine and other
18 | applicable privileges. Mattel further objects to this Request as overbroad and
19 | unduly burdensome in that it seeks all documents in Mattel's possession, custody
20 | and control created by anyone at any time that evidence, describe, mention, refer
21 | or relate to the "similarity" of any art work created by any Mattel employee at any
22 | time in Mattel's fifty-five year history prior to October 20, 2000 to "Bratz." Mattel
23 | further objects to the Request on the grounds that it seeks documents that are not
24 | relevant to this action or likely to lead to the discovery of admissible evidence.
25 | Mattel further objects to this Request on the grounds that it is duplicative of or
26 | subsumed within prior Requests already responded to and seeks the re-production
27 | of information and documents already produced in this action. Such information
28 | and documents will not be re-produced.

-250-
MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

413

Exhibit 42 - Page 1929

<u>REQUEST NO. 260</u>:

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of BRYANT other than his work for MATTEL.

<u>RESPONSE TO REQUEST NO. 260</u>:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as vague and ambiguous. Mattel further objects to this Request as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession, custody and control created by <u>anyone</u> at any time during the past six years that evidence, relate or refer to <u>any</u> "activities" of Bryant other than his work for Mattel, without further limitation as to subject matter, and regardless of whether the documents relate to the conduct at issue in this lawsuit. For the same reasons, Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

<u>REQUEST NO. 261</u>:

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed in connection with the conception, creation, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

-251-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

414

Exhibit 42 - Page 1930

RESPONSE TO REQUEST NO. 261:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it purports to require Mattel to identify information relating to matters that are currently known to and in the possession, custody and control of defendants and nonparties associated with defendants. Mattel further objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents in Mattel's possession, custody and control created by anyone at any time during the past six years that evidence, relate or refer to any "activities" of any current or former Mattel employee "in connection with" the conception, creation, design or development of "Bratz" or "Bratz Intellectual Property." Mattel further objects to this Request as vague and ambiguous, including without limitation to the terms "activities," "in connection with," "Bratz" and "Bratz Intellectual Property." Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 262:

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed, while such person was employed by MATTEL, in connection with the conception, creation, design or development of any intellectual property done for or at the request of any company, entity or person other than MATTEL.

-252-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

RESPONSE TO REQUEST NO. 262:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this request as vague and ambiguous, including without limitation the term "activities." Mattel further objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents in Mattel's possession, custody and control created by anyone at any time during the past six years that evidence, relate or refer to any "activities" of any current or former Mattel employee performed "in connection with" the conception, creation, design or development of any "intellectual property" for or at the request of any company, entity or person other than Mattel, while employed by Mattel, without further limitation as to subject matter, and regardless of whether the documents relate to the conduct at issue in this lawsuit. For the same reasons, Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 263:

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed, while such person was employed by MATTEL, in connection with the conception, creation, design or development of any doll or toy done for or at the request of any company, entity or person other than MATTEL.

07209/636684.2

-253-

RESPONSE TO REQUEST NO. 263:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this request as vague and ambiguous, including without limitation the term "activities." Mattel further objects to this Request as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession, custody and control created by <u>anyone</u> at any time during the past six years that evidence, relate or refer to <u>any</u> "activities" of <u>any</u> current or former Mattel employee performed "in connection with" the conception, creation, design or development of <u>any</u> "doll or toy" for or at the request of <u>any</u> company, entity or person other than Mattel, while employed by Mattel, without further limitation as to subject matter, and regardless of whether the documents relate to the conduct at issue in this lawsuit. For the same reasons, Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 264:

All DOCUMENTS that constitute, describe, mention, refer or relate to MATTEL's policy regarding part-time employment at MATTEL.

1  RESPONSE TO REQUEST NO. 264:

2       In addition to the general objections stated above, which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it calls for

4  the disclosure of information subject to the attorney-client privilege, the attorney

5  work-product doctrine and other applicable privileges.  Mattel further objects to

6  this Request as vague and ambiguous.  Mattel further objects to this Request on

7  the grounds that it is overbroad and unduly burdensome in that it seeks <u>all</u>

8  documents in Mattel's custody and control that constitute, describe, mention, refer

9  or relate to this topic, without limitation as to time.  Mattel further objects to this

10  Request on the ground that it seeks documents that are not relevant to this action

11  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

12  this Request on the grounds that it is duplicative of or subsumed within prior

13  Requests already responded to and seeks the re-production of information and

14  documents already produced in this action.  Such information and documents will

15  not be re-produced.

16

17  REQUEST NO. 265:

18       All DOCUMENTS that constitute, describe, mention, refer or relate to

19  MATTEL's policy regarding temporary employment at MATTEL.

20

21  RESPONSE TO REQUEST NO. 265:

22       In addition to the general objections stated above, which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it calls for

24  the disclosure of information subject to the attorney-client privilege, the attorney

25  work-product doctrine and other applicable privileges.  Mattel further objects to

26  this Request as vague, ambiguous, and incomprehensible.  Mattel further objects

27  to this Request on the grounds that it is overbroad and unduly burdensome in that

28  it seeks <u>all</u> documents in Mattel's possession, custody and control that constitute,

-255-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

418

Exhibit 42 - Page 1934

1  describe, mention, refer or relate to this topic, without limitation as to time, and

2  regardless of whether the documents relate to conduct at issue in this lawsuit.

3  Mattel further objects to this Request on the ground that it seeks documents that

4  are not relevant to this action or likely to lead to the discovery of admissible

5  evidence. Mattel further objects to this Request on the grounds that it is

6  duplicative of or subsumed within prior Requests already responded to and seeks

7  the re-production of information and documents already produced in this action.

8  Such information and documents will not be re-produced.

9

10 REQUEST NO. 266:

11      All DOCUMENTS that constitute, describe, mention, refer or relate to

12 MATTEL's policy regarding part-time employment at MATTEL including,

13 without limitation, all DOCUMENTS, including agreements and contracts, that

14 describe, discuss, govern, control, regulate or limit how and to what extent a

15 person employed part-time at MATTEL is allowed, or not allowed, to work for

16 him or herself or other companies or entities, including MGA, while employed by

17 MATTEL.

18

19 RESPONSE TO REQUEST NO. 266:

20      In addition to the general objections stated above, which are incorporated

21 herein by reference, Mattel objects to this Request on the grounds that it calls for

22 the disclosure of information subject to the attorney-client privilege, the attorney

23 work-product doctrine and other applicable privileges. Mattel further objects to

24 this Request as vague and ambiguous. Mattel further objects to this Request as

25 overbroad and unduly burdensome in that it seeks all documents in Mattel's

26 custody and control on this topic, without limitation as to time, and regardless of

27 whether the documents relate to the conduct at issue in this lawsuit. For the same

28 reasons, Mattel further objects to this Request on the ground that it seeks

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

07209/636684.2

1 documents that are not relevant to this action or likely to lead to the discovery of

2 admissible evidence. Mattel further objects to this Request on the grounds that it

3 is duplicative of or subsumed within prior Requests already responded to and

4 seeks the re-production of information and documents already produced in this

5 action. Such information and documents will not be re-produced.

6

7 REQUEST NO. 267:

8     All DOCUMENTS that constitute, describe, mention, refer or relate to

9 MATTEL's policy regarding temporary employment at MATTEL including,

10 without limitation, all DOCUMENTS, including agreements and contracts, that

11 describe, discuss, govern, control, regulate or limit how and to what extent a

12 person employed part-time at MATTEL is allowed, or not allowed, to work for

13 him or herself or other companies or entities, including MGA, while employed by

14 MATTEL.

15

16 RESPONSE TO REQUEST NO. 267:

17     In addition to the general objections stated above, which are incorporated

18 herein by reference, Mattel objects to this Request on the grounds that it calls for

19 the disclosure of information subject to the attorney-client privilege, the attorney

20 work-product doctrine and other applicable privileges. Mattel further objects to

21 this Request as vague, ambiguous, and incomprehensible. Mattel further objects

22 to this Request as overbroad and unduly burdensome in that it seeks all documents

23 in Mattel's possession, custody and control on this topic, without limitation as to

24 time, and regardless of whether the documents relate to the conduct at issue in this

25 lawsuit. For the same reasons, Mattel further objects to this Request on the

26 ground that it seeks documents that are not relevant to this action or likely to lead

27 to the discovery of admissible evidence. Mattel further objects to this Request on

28 the grounds that it is duplicative of or subsumed within prior Requests already

07209/636684.2

-257-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  responded to and seeks the re-production of information and documents already

2  produced in this action.  Such information and documents will not be re-produced.

3

4  REQUEST NO. 268:

5  　　　All hard drives and back-up data, no matter how stored, for all computers

6  used by BRYANT while employed by MATTEL, to the extent such drives and

7  back-up data contain data made or accessed by, sent to or received by BRYANT.

8

9  RESPONSE TO REQUEST NO. 268:

10  　　　In addition to the general objections stated above, which are incorporated

11  herein by reference, Mattel objects to this Request as overbroad and unduly

12  burdensome on the grounds that it seeks all hard drives for all computers that

13  Bryant ever "used" while employed by Mattel and purports to require Mattel to

14  identify and locate every computer that defendant "used" over a several year

15  period, even though such knowledge is uniquely known to defendants, and

16  because it seeks the production of such hard drives whether or not they contain

17  any information pertaining to any issue in this action.  Mattel further objects to

18  this Request as overbroad and unduly burdensome because it seeks the production

19  of such hard drives to the extent they contain "data made or accessed by, sent to or

20  received by" Bryant, encompassing all "data" Bryant may have "accessed,"

21  without limitation as to time and without concern whether such "data" concern

22  matters at issue in this case.  Mattel further objects to this Request as overbroad

23  and unduly burdensome because such Mattel hard drives, if any, likely contain

24  substantial amounts of information and data, including trade secret information

25  developed after defendant's departure from Mattel, that is neither relevant nor

26  likely to lead to the discovery of admissible evidence.  Mattel further objects to

27  this Request on the grounds that it calls for the disclosure of information subject to

28  the attorney-client privilege, the attorney work-product doctrine and other

07209/636684.2

-258-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 applicable privileges. Mattel further objects to this Request on the grounds that it
2 is duplicative of or subsumed within prior Requests already responded to and
3 seeks the re-production of information and documents already produced in this
4 action. Such information and documents will not be re-produced.
5
6 REQUEST NO. 269:
7      All DOCUMENTS that constitute, evidence, describe, depict, refer or relate
8 to any art work or other work product done by YOU that YOU contend BRYANT
9 utilized or used in connection with his creation of anything for MGA, including,
10 without limitation, BRATZ or BRATZ INTELLECTUAL PROPERTY.
11
12 RESPONSE TO REQUEST NO. 269:
13      In addition to the general objections stated above, which are incorporated
14 herein by reference, Mattel objects to this Request on the grounds that it calls for
15 the disclosure of information subject to the attorney-client privilege, the attorney
16 work-product doctrine and other applicable privileges. Mattel further objects to
17 this Request as overbroad and unduly burdensome in that it seeks all documents
18 on this topic, without limitation as to time, and regardless of whether the
19 documents relate to the conduct at issue in this lawsuit. For the same reasons,
20 Mattel further objects to this Request on the ground that it seeks documents that
21 are not relevant to this action or likely to lead to the discovery of admissible
22 evidence. Mattel further objects to this Request as vague and ambiguous,
23 including without limitation the term "Bratz Intellectual Property." Mattel further
24 objects to this Request on the grounds that it is improperly phrased as a legal
25 contention. Mattel further objects to this Request on the grounds that it is
26 duplicative of or subsumed within prior Requests already responded to and seeks
27 the re-production of information and documents already produced in this action.
28 Such information and documents will not be re-produced.

-259-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  REQUEST NO. 270:

2      All DOCUMENTS and COMMUNICATIONS in YOUR possession that

3  were exchanged between BRYANT and Anne Wang.

4

5  RESPONSE TO REQUEST NO. 270:

6      In addition to the general objections stated above, which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad and seeks documents that are not reasonably calculated to lead to the

9  discovery of admissible evidence, in that it is unlimited as to time and subject

10 matter.

11

12 REQUEST NO. 271:

13     All DOCUMENTS and COMMUNICATIONS in YOUR possession that

14 were exchanged between BRYANT and MGA.

15

16 RESPONSE TO REQUEST NO. 271:

17     In addition to the general objections stated above, which are incorporated

18 herein by reference, Mattel objects to this Request on the grounds that the

19 requested documents are available to MGA, as MGA necessarily possesses

20 superior firsthand knowledge of the documents exchanged between itself and

21 Bryant. Mattel further objects to this Request as overbroad and unduly

22 burdensome in that it seeks all documents exchanged between Bryant and MGA

23 that are in the possession of "Mattel," as defined by MGA to include past

24 employees like Bryant, and is unlimited as to time and subject matter. Mattel

25 further objects to this Request on the grounds that it is duplicative of or subsumed

26 within prior Requests already responded to and seeks the re-production of

27 information and documents already produced in this action. Such information and

28 documents will not be re-produced.

07209/636684.2

-260-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 272:

All non-privileged DOCUMENTS and COMMUNICATIONS mentioning, discussing, referring or relating to the "product licensing" and "Licensor Approval Form" that is [sic] described at entries numbers 8, 9, 10 and 11 on Mattel's privilege log including, without limitation, the Licensor Approval Form.

RESPONSE TO REQUEST NO. 272:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome and seeks documents that are not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 273:

All non-privileged DOCUMENTS and COMMUNICATIONS constituting, mentioning, discussing, referring or relating to the "packaging" described at entries numbers 20 and 21 on Mattel's privilege log.

RESPONSE TO REQUEST NO. 273:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents

07209/636684.2

-261-

424

Exhibit 42 - Page 1940

1  already produced in this action.  Such information and documents will not be re-

2  produced.

3

4  REQUEST NO. 274:

5      All DOCUMENTS referring or relating to the creation, design,

6  development, actual sale, proposed sale, actual marketing, proposed marketing,

7  patent, trademark, trade dress, copyright or other intellectual property rights in, to

8  or of the feet, shoes or skates of the "Barbie" on roller skates or roller-blades that

9  is disclosed in the documents that MATTEL produced in this action.

10

11  RESPONSE TO REQUEST NO. 274:

12      In addition to the general objections stated above, which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it seeks

14  documents that are not relevant to this action or likely to lead to the discovery of

15  admissible evidence.  Mattel further objects to this Request as overbroad, unduly

16  burdensome and oppressive in that it seeks "all" documents in Mattel's

17  possession, custody and control on this broad subject.  Mattel further objects to

18  this Request on the grounds that it calls for the disclosure of information subject to

19  the attorney-client privilege, the attorney work-product doctrine and other

20  applicable privileges.  Mattel further objects to this Request on the grounds that it

21  is duplicative of or subsumed within prior Requests already responded to and

22  seeks the re-production of information and documents already produced in this

23  action.  Such information and documents will not be re-produced.

24

25  REQUEST NO. 275:

26      All DOCUMENTS evidencing whether and how BRYANT had access to,

27  knew of, saw, or worked on the creation, design or development of the feet, shoes

28

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  or skates of the "Barbie" on roller skates or roller blades that is disclosed in the

2  documents that MATTEL produced in this action.

3

4  RESPONSE TO REQUEST NO. 275:

5      In addition to the general objections stated above, which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it calls for

7  the disclosure of information subject to the attorney-client privilege, the attorney

8  work-product doctrine and other applicable privileges.  Mattel further objects to

9  this Request as overbroad, unduly burdensome and oppressive in that it seeks "all"

10  documents in Mattel's possession, custody and control on this broad subject.

11  Mattel further objects to this Request on the grounds that it is duplicative of or

12  subsumed within prior Requests already responded to and seeks the re-production

13  of information and documents already produced in this action.  Such information

14  and documents will not be re-produced.

15

16  REQUEST NO. 276:

17      All DOCUMENTS evidencing whether the "Barbie" on roller skates or

18  roller blades that is disclosed in the documents that MATTEL produced in this

19  action was ever marketed or sold.

20

21  RESPONSE TO REQUEST NO. 276:

22      In addition to the general objections stated above, which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it seeks

24  documents that are not relevant to this action or likely to lead to the discovery of

25  admissible evidence.  Mattel further objects to this Request as overbroad, unduly

26  burdensome and oppressive in that it seeks "all" documents in Mattel's

27  possession, custody and control on this broad subject.  Mattel further objects to

28  this Request on the grounds that it calls for the disclosure of information subject to

07209/636684.2

-263-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  the attorney-client privilege, the attorney work-product doctrine and other

2  applicable privileges.  Mattel further objects to this Request on the grounds that it

3  is duplicative of or subsumed within prior Requests already responded to and

4  seeks the re-production of information and documents already produced in this

5  action.  Such information and documents will not be re-produced.

6

7  REQUEST NO. 277:

8       All DOCUMENTS mentioning, discussing, referring or relating to the July

9  18, 2003 Wall Street Journal article in which MATTEL employees and

10  ex-employees are said to be quoted or paraphrased.

11

12  RESPONSE TO REQUEST NO. 277:

13       In addition to the general objections stated above, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it calls for

15  the disclosure of information subject to the attorney-client privilege, the attorney

16  work-product doctrine and other applicable privileges.  Mattel further objects to

17  this Request on the grounds that it seeks documents that are not relevant to this

18  action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request as overbroad, unduly burdensome and oppressive,

20  including in that it purports to require Mattel to search for, locate and produce

21  every copy of the article among the files of its thousands of employees and every

22  communication among its thousands of employees mentioning the article.

23

24  REQUEST NO. 278:

25       All DOCUMENTS naming or otherwise identifying the persons interviewed

26  for the July 18, 2003 Wall Street Journal article in which MATTEL employees and

27  ex-employees are said to be quoted or paraphrased.

28

07209/636684.2

-264-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST NO. 278:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as unduly burdensome in that it purports to require Mattel to search for, identify and produce all documents relating to matters that are currently known to and in the possession, custody and control of third-parties, and not Mattel.

**REQUEST NO. 279:**

All DOCUMENTS received from any third-party in response to any subpoena in this case including, without limitation, Empire Bank, the Mattel Federal Credit Union, Alaska Momma, LA Focus and any SBC entity.

**RESPONSE TO REQUEST NO. 279:**

Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

**REQUEST NO. 280:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 9 of the COMPLAINT that BRYANT "was employed by Mattel from September 1995 through April 1998, and then again from January 1999 through

1  October 2000, as a product designer at Mattel's design center in El Segundo,

2  California."

3

4  RESPONSE TO REQUEST NO. 280:

5       In addition to the foregoing general objections, which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it calls for

7  the disclosure of information subject to the attorney-client privilege, the attorney

8  work-product doctrine and other applicable privileges.  Mattel further objects to

9  this Request on the grounds that it is duplicative of or subsumed within prior

10  Requests already responded to and seeks the re-production of information and

11  documents already produced in this action.  Such information and documents will

12  not be re-produced.

13

14  REQUEST NO. 281:

15       All DOCUMENTS, from 1997 to the present, constituting, mentioning,

16  discussing, describing, referring or relating to MATTEL's form "Employee

17  Confidential Information and Inventions Agreement" mentioned in paragraph 10

18  of the COMPLAINT, its terms and conditions, the interpretation of its terms and

19  conditions, and the enforcement of its terms and conditions, including, without

20  limitation, all draft and final versions and iterations of the Agreement, all

21  DOCUMENTS referring or relating to any discussions or negotiations between

22  MATTEL and anyone regarding the terms or conditions of any version of the

23  Agreement, and all DOCUMENTS evidencing, mentioning, discussing,

24  describing, referring or relating to any instance in which MATTEL has taken any

25  action whatsoever to enforce any term of any version of the Agreement against

26  anyone, including by litigation, arbitration, formal or informal notice, or any other

27  form of action.

28

RESPONSE TO REQUEST NO. 281:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as vague and ambiguous. Mattel further objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents in Mattel's possession, custody and control created by anyone over an eight-year period that constitute, mention, discuss, describe, refer or relate to Mattel's Employee Confidential Information and Inventions Agreement, including all draft and final versions and iterations of the Agreement that may have been distributed to prospective or actual employees during time periods which Bryant was not employed by Mattel, and that contain terms and provisions that are not at issue in this lawsuit. For the same reasons, Mattel further objects to the Request as overbroad and unduly burdensome in that it seeks all documents related to any "action" brought by Mattel in any context against anyone in the past eight years, including on contract terms or provisions that are not at issue in this action and for conduct that is not at issue in this action. Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is unduly burdensome and harassing in that it purports to require Mattel and its counsel to produce to defendant irrelevant materials that are publicly available and hence equally available to defendant. Defendant is equally well situated to obtain any such non-confidential information from the public record.

**REQUEST NO. 282:**

All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing, describing, referring or relating to any negotiations between MATTEL and any employee or prospective employee regarding or concerning any term of MATTEL's form "Employee Confidential Information and Inventions Agreement."

**RESPONSE TO REQUEST NO. 282:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as vague and ambiguous. Mattel further objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents in Mattel's possession, custody and control created by anyone over an eight-year period that constitute, mention, discuss, describe, refer or relate to any negotiations between Mattel and any employee or prospective employee regarding or concerning any term of any of Mattel's Employee Confidential Information and Inventions Agreements, including any such agreements that were used in periods during which Bryant was not employed by Mattel, and including documents that relate or refer to terms and provisions that are not at issue in this lawsuit. For the same reasons, Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

**REQUEST NO. 283:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 10 of the COMPLAINT that Bryant executed an Employee Confidential Information and Inventions Agreement "upon starting his second term of employment by Mattel, and as a condition of and in consideration for his employment."

**RESPONSE TO REQUEST NO. 283:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

**REQUEST NO. 284:**

All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing, describing, referring or relating to MATTEL's form "Conflict of Interest Questionnaire" mentioned in paragraph 11 of the COMPLAINT, its terms and the interpretation of its terms, and the enforcement of its terms and conditions, including, without limitation, all draft and final versions and iterations of the Questionnaire, all DOCUMENTS referring or relating to any discussions or negotiations between MATTEL and anyone regarding the terms of any version of the Questionnaire, and all DOCUMENTS evidencing, mentioning, discussing, describing, referring or relating to any instance in which MATTEL has taken any action whatsoever against anyone based on any term of or disclosure provided by

-269-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

way of the Questionnaire, including by litigation, arbitration, formal or informal notice, or any other form of action.

RESPONSE TO REQUEST NO. 284:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as vague and ambiguous. Mattel further objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents in Mattel's possession, custody and control created over an eight-year period that constitute, mention, discuss, describe, refer or relate to Mattel's Conflict of Interest Questionnaire, including all draft and final versions and iterations of the Questionnaire that may have been distributed to prospective or actual employees during time periods which Bryant was not employed by Mattel, and that contain terms and provisions that are not at issue in this lawsuit. For the same reasons, Mattel further objects to the Request as overbroad and unduly burdensome in that it seeks all documents related to any "action" brought by Mattel in any context against anyone in the past eight years, including on contract terms or provisions that are not at issue in this action and for conduct that is not at issue in this action. Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action or reasonably calculated to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is unduly burdensome and harassing in that it purports to require Mattel and its counsel to produce to defendant irrelevant materials that are publicly available and hence equally available to defendant. Defendant is equally well situated to obtain any such non-confidential information from the public record. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within

1   prior Requests already responded to and seeks the re-production of information

2   and documents already produced in this action.  Such information and documents

3   will not be re-produced.

4

5   REQUEST NO. 285:

6          All DOCUMENTS, from 1997 to the present, constituting, mentioning,

7   discussing, describing, referring or relating to any negotiations between MATTEL

8   and any employee or prospective employee regarding or concerning any term of

9   MATTEL's form "Conflict of Interest Questionnaire."

10

11  RESPONSE TO REQUEST NO. 285:

12         In addition to the general objections stated above, which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it calls for

14  the disclosure of information subject to the attorney-client privilege, the attorney

15  work-product doctrine and other applicable privileges.  Mattel further objects to

16  this Request as vague and ambiguous.  Mattel further objects to this Request as

17  overbroad and unduly burdensome on the grounds that it seeks all documents in

18  Mattel's possession, custody and control created over an eight-year period that

19  constitute, mention, discuss, describe, refer or relate to any negotiations between

20  Mattel and any employee or prospective employee regarding or concerning any

21  term of any of Mattel's Conflict of Interest Questionnaires, including any such

22  questionnaires used at times during which Bryant was not employed by Mattel,

23  and including documents that relate or refer to terms and provisions that are not at

24  issue in this lawsuit.  For the same reasons, Mattel further objects to this Request

25  on the grounds that it seeks documents that are not relevant to this action or

26  reasonably calculated to lead to the discovery of admissible evidence.

27

28

-271-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 286:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 12 of the COMPLAINT that "[i]n late November 2003, Mattel learned that Bryant had secretly aided, assisted and worked for a Mattel competitor."

RESPONSE TO REQUEST NO. 286:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

REQUEST NO. 287:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 12 of the COMPLAINT that "while Bryant was employed by Mattel, Bryant and the other defendants converted, misappropriated and misused Mattel property and resources," and the allegation that the "property and resources" were "converted, misappropriate and misused" for "the benefit of, and to aid and assist, Bryant personally and Mattel's competitor."

RESPONSE TO REQUEST NO. 287:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to

1   this Request on the grounds that it is duplicative of or subsumed within prior

2   Requests already responded to and seeks the re-production of information and

3   documents already produced in this action. Such information and documents will

4   not be re-produced.

5

6   REQUEST NO. 288:

7        All DOCUMENTS supporting, refuting, or evidencing the allegation in

8   paragraph 13 of the COMPLAINT that "Bryant" made "affirmative

9   misrepresentations to Mattel management upon his departure from Mattel,

10   including, without limitation, all DOCUMENTS constituting, mentioning,

11   discussing, describing, referring or relating to the alleged misrepresentations and

12   all DOCUMENTS evidencing what the alleged misrepresentations were, when

13   they were made and to whom they were made.

14

15   RESPONSE TO REQUEST NO. 288:

16        In addition to the general objections stated above, which are incorporated

17   herein by reference, Mattel objects to this Request on the grounds that it calls for

18   the disclosure of information subject to the attorney-client privilege, the attorney

19   work-product doctrine and other applicable privileges. Mattel further objects to

20   this Request on the grounds that it is duplicative of or subsumed within prior

21   Requests already responded to and seeks the re-production of information and

22   documents already produced in this action. Such information and documents will

23   not be re-produced.

24

25   REQUEST NO. 289:

26        All DOCUMENTS constituting, evidencing, referring or relating to any exit

27   interview in which BRYANT participated.

28

-273-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  RESPONSE TO REQUEST NO. 289:

2      In addition to the general objections stated above, which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it calls for

4  the disclosure of information subject to the attorney-client privilege, the attorney

5  work-product doctrine and other applicable privileges.  Mattel further objects to

6  this Request as overbroad and unduly burdensome in that it seeks all documents in

7  Mattel's possession, custody and control created by anyone at any time related to

8  this topic, regardless of whether the documents relate to the conduct at issue in

9  this lawsuit.  Mattel further objects to this Request as unduly burdensome on the

10 grounds that this information is equally available to Bryant, as Bryant necessarily

11 possesses firsthand knowledge of the exit interview in which he participated.

12 Mattel further objects to this Request on the grounds that it is duplicative of or

13 subsumed within prior Requests already responded to and seeks the re-production

14 of information and documents already produced in this action.  Such information

15 and documents will not be re-produced.

16

17 REQUEST NO. 290:

18     All DOCUMENTS supporting, refuting, or evidencing the allegation in

19 paragraph 13 of the COMPLAINT that "Mattel had no reason to suspect that

20 Bryant had worked for the competitor while still employed by Mattel until late

21 November 2003."

22

23 RESPONSE TO REQUEST NO. 290:

24     In addition to the general objections stated above, which are incorporated

25 herein by reference, Mattel objects to this Request on the grounds that it calls for

26 the disclosure of information subject to the attorney-client privilege, the attorney

27 work-product doctrine and other applicable privileges.  Mattel further objects to

28 this Request on the grounds that it is duplicative of or subsumed within prior.

1   Requests already responded to and seeks the re-production of information and

2   documents already produced in this action.  Such information and documents will

3   not be re-produced.

4

5   REQUEST NO. 291:

6        All DOCUMENTS evidencing how, when and under what circumstances

7   Mattel received "through an unrelated legal action, a copy of Bryant's agreement

8   with the competitor," as alleged in paragraph 13 of the COMPLAINT.

9

10  RESPONSE TO REQUEST NO. 291:

11       In addition to the general objections stated above, which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it calls for

13  the disclosure of information subject to the attorney-client privilege, the attorney

14  work-product doctrine and other applicable privileges.  Mattel further objects to

15  this Request on the grounds that it is duplicative of or subsumed within prior

16  Requests already responded to and seeks the re-production of information and

17  documents already produced in this action.  Such information and documents will

18  not be re-produced.

19

20  REQUEST NO. 292:

21       All DOCUMENTS mentioning, referring or relating to the "unrelated legal

22  action" described in paragraph 13 of the COMPLAINT.

23

24  RESPONSE TO REQUEST NO. 292:

25       In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it calls for

27  the disclosure of information subject to the attorney-client privilege, the attorney

28  work-product doctrine and other applicable privileges.  Mattel further objects to

07209/636684.2

-275-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 | this Request as overbroad and unduly burdensome in that it seeks all documents in
2 | Mattel's possession, custody and control created by anyone at any time
3 | mentioning, referring or relating to an unrelated legal action, regardless of whether
4 | the documents relate to the conduct at issue in this lawsuit.  Mattel further objects
5 | to this Request on the grounds that it seeks documents that are not relevant to this
6 | action or likely to lead to the discovery of admissible evidence.  Mattel further
7 | objects to this Request on the grounds that it is duplicative of or subsumed within
8 | prior Requests already responded to and seeks the re-production of information
9 | and documents already produced in this action.  Such information and documents
10 | will not be re-produced.

11 |

12 | REQUEST NO. 293:

13 |       All DOCUMENTS that YOU received "through" the "unrelated legal
14 | action" described in paragraph 13 of the COMPLAINT including, without
15 | limitation, the "copy of Bryant's agreement with the competitor."

16 |

17 | RESPONSE TO REQUEST NO. 293:

18 |       In addition to the general objections stated above, which are incorporated
19 | herein by reference, Mattel objects to this Request on the grounds that it calls for
20 | the disclosure of information subject to the attorney-client privilege, the attorney
21 | work-product doctrine and other applicable privileges.  Mattel further objects to
22 | this Request on the grounds that it seeks documents whose production would
23 | violate the terms of agreements entered into with third parties, or violate the
24 | privacy, contractual, or other rights of third parties.  Mattel further objects to this
25 | Request as overbroad and unduly burdensome in that it seeks all documents in
26 | Mattel's possession, custody and control created at any time and received by
27 | Mattel at any time through an unrelated legal action, regardless of whether the
28 | documents relate to the conduct at issue in this lawsuit.  Mattel further objects to

07209/636684.2

-276-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

439

Exhibit 42 - Page 1955

1  this Request on the grounds that it seeks documents that are not relevant to this

2  action or likely to lead to the discovery of admissible evidence.  Mattel further

3  objects to this Request on the grounds that it is duplicative of or subsumed within

4  prior Requests already responded to and seeks the re-production of information

5  and documents already produced in this action.  Such information and documents

6  will not be re-produced.

7

8  REQUEST NO. 294:

9      All DOCUMENTS, including, without limitation, all contracts, agreements

10 and drafts, that YOU or YOUR attorneys have exchanged with, between or among

11 any person or entity that is a party to the "unrelated legal action" described in

12 paragraph 13 of the COMPLAINT, or their counsel.

13

14 RESPONSE TO REQUEST NO. 294:

15     In addition to the general objections stated above, which are incorporated

16 herein by reference, Mattel objects to this Request as overbroad and unduly

17 burdensome in that it seeks all documents in Mattel's possession, custody and

18 control exchanged with, between or among any person or entity that is a party to

19 an unrelated legal action, without limitation as to time, and regardless of whether

20 the documents relate to the conduct at issue in this lawsuit.  Mattel further objects

21 to this Request on the grounds that it seeks documents that are not relevant to this

22 action or likely to lead to the discovery of admissible evidence.  Mattel further

23 objects to this Request on the grounds that it is duplicative of or subsumed within

24 prior Requests already responded to and seeks the re-production of information

25 and documents already produced in this action.  Such information and documents

26 will not be re-produced.

27

28

07209/636684.2

-277-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 295:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 14 of the COMPLAINT that "Bryant breached his contracts with Mattel and violated his duty of loyalty and fiduciary duties to Mattel," and the allegation that "other defendants have unlawfully aided and abetted his violation of such duties," and the allegation that "each of the defendants has been unjustly enriched and engaged in acts of conversion."

RESPONSE TO REQUEST NO. 295:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 296:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 17 of the COMPLAINT that the "Employment Agreement and the Conflict Questionnaire are valid, enforceable contracts."

RESPONSE TO REQUEST NO. 296:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to

-278-

07209/636684.2

441

Exhibit 42 - Page 1957

1  this Request on the grounds that it is duplicative of or subsumed within prior

2  Requests already responded to and seeks the re-production of information and

3  documents already produced in this action.  Such information and documents will

4  not be re-produced.

5

6  REQUEST NO. 297:

7     All DOCUMENTS supporting, refuting, or evidencing the allegation in

8  paragraph 17 of the COMPLAINT that "Mattel has performed each and every term

9  and condition of the Employment Agreement and Conflict Questionnaire required

10 to be performed by Mattel."

11

12 RESPONSE TO REQUEST NO. 297:

13    In addition to the general objections stated above, which are incorporated

14 herein by reference, Mattel objects to this Request on the grounds that it calls for

15 the disclosure of information subject to the attorney-client privilege, the attorney

16 work-product doctrine and other applicable privileges.  Mattel further objects to

17 this Request on the grounds that it is duplicative of or subsumed within prior

18 Requests already responded to and seeks the re-production of information and

19 documents already produced in this action.  Such information and documents will

20 not be re-produced.

21

22 REQUEST NO. 298:

23    All DOCUMENTS supporting, refuting, or evidencing the allegation in

24 paragraph 19 of the COMPLAINT that "Mattel has suffered and will in the future

25 continue to suffer damages."

26

27

28

1  RESPONSE TO REQUEST NO. 298:

2      In addition to the general objections stated above, which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it is

4  unreasonably burdensome and premature in that the facts necessary to determine

5  the full nature and extent of Mattel's relief and damages from defendant's acts or

6  omissions are known by defendants and third parties associated with defendants,

7  but are not known by Mattel at this juncture because of defendants' refusals to

8  produce basic discovery.  Mattel further objects to this Request on the grounds

9  that it calls for the disclosure of information subject to the attorney-client

10  privilege, the attorney work-product doctrine and other applicable privileges.

11  Mattel further objects to this Request on the grounds that it is duplicative of or

12  subsumed within prior Requests already responded to and seeks the re-production

13  of information and documents already produced in this action.  Such information

14  and documents will not be re-produced.  Mattel further objects to this Request as

15  premature in that it seeks expert discovery.  Such discovery will be disclosed only

16  at the time, and in the manner required by, the Rules and the Court's Orders.

17

18  REQUEST NO. 299:

19      All DOCUMENTS estimating, calculating, determining or evidencing the

20  "amounts paid by the competitor to Bryant during his Mattel employment" as

21  alleged in paragraph 19 of the COMPLAINT.

22

23  RESPONSE TO REQUEST NO. 299:

24      In addition to the general objections stated above, which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is unduly

26  burdensome in that it purports to require Mattel to search for, identify and produce

27  documents relating to matters that are currently known to and in the possession,

28  custody and control of defendants and nonparties associated with defendants, and

1  that are not known to Mattel because of defendants' refusals to produce basic
2  discovery.  Mattel further objects to this Request on the grounds that it calls for
3  the disclosure of information subject to the attorney-client privilege, the attorney
4  work-product doctrine and other applicable privileges.  Mattel further objects to
5  this Request on the grounds that it is duplicative of or subsumed within prior
6  Requests already responded to and seeks the re-production of information and
7  documents already produced in this action.  Such information and documents will
8  not be re-produced.  Mattel further objects to this Request as premature in that it
9  seeks expert discovery.  Such discovery will be disclosed only at the time, and in
10 the manner required by, the Rules and the Court's Orders.

11

12 REQUEST NO. 300:
13      All DOCUMENTS estimating, calculating, determining or evidencing the
14 "amounts paid by the competitor to Bryant as result of the work he performed for
15 the competitor during his Mattel employment" as alleged in paragraph 19 of the
16 COMPLAINT.

17

18 RESPONSE TO REQUEST NO. 300:
19      In addition to the general objections stated above, which are incorporated
20 herein by reference, Mattel objects to this Request on the grounds that it is unduly
21 burdensome in that it purports to require Mattel to search for, identify and produce
22 documents relating to matters that are currently known to and in the possession,
23 custody and defendants and nonparties associated defendants, and that are not
24 known to Mattel because of defendants' refusals to produce basic discovery.
25 Mattel further objects to this Request on the grounds that it calls for the disclosure
26 of information subject to the attorney-client privilege, the attorney work-product
27 doctrine and other applicable privileges.  Mattel further objects to this Request on
28 the grounds that it is duplicative of or subsumed within prior Requests already

1  responded to and seeks the re-production of information and documents already

2  produced in this action.  Such information and documents will not be re-produced.

3  Mattel further objects to this Request as premature in that it seeks expert

4  discovery.  Such discovery will be disclosed only at the time, and in the manner

5  required by, the <u>Rules</u> and the Court's Orders.

6

7  REQUEST NO. 301:

8       All DOCUMENTS estimating, calculating, determining or evidencing the

9  "value of information and intellectual property owned by Mattel which Bryant

10  provided to the competitor" as alleged in paragraph 19 of the COMPLAINT.

11

12  RESPONSE TO REQUEST NO. 301:

13       In addition to the general objections stated above, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is unduly

15  burdensome in that it purports to require Mattel to search for, identify and produce

16  documents relating to matters that are currently known to and in the possession,

17  custody and control of defendants and nonparties associated with defendants, and

18  that are not known to Mattel because of defendants' refusals to produce basic

19  discovery.  Mattel further objects to this Request on the grounds that it calls for

20  the disclosure of information subject to the attorney-client privilege, the attorney

21  work-product doctrine and other applicable privileges.  Mattel further objects to

22  this Request on the grounds that it is duplicative of or subsumed within prior

23  Requests already responded to and seeks the re-production of information and

24  documents already produced in this action.  Such information and documents will

25  not be re-produced.  Mattel further objects to this Request as premature in that it

26  seeks expert discovery.  Such discovery will be disclosed only at the time, and in

27  the manner required by, the <u>Rules</u> and the Court's Orders.

28

07209/636684.2

-282-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 302:

All DOCUMENTS constituting, evidencing, describing, showing or depicting the "intellectual property owned by Mattel," alleged in paragraph 19 of the COMPLAINT.

RESPONSE TO REQUEST NO. 302:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unduly burdensome in that it purports to require Mattel to search for, identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and nonparties associated with defendants, and that are not known to Mattel because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 303:

All patents, copyright registrations, and trademark registrations covering or relating to the "intellectual property owned by Mattel," alleged in paragraph 19 of the COMPLAINT, and any other indicia of ownership, authorship and inventorship including, without limitation, any assignments or licenses for or to the alleged property.

RESPONSE TO REQUEST NO. 303:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unduly burdensome in that it purports to require Mattel to search for, identify and produce

1 documents relating to matters that are currently known to and in the possession,

2 custody and control of defendants and nonparties associated with defendants, and

3 that are not known to Mattel because of defendants' refusals to produce basic

4 discovery. Mattel further objects to this Request on the grounds that it is

5 duplicative of or subsumed within prior Requests already responded to and seeks

6 the re-production of information and documents already produced in this action.

7 Such information and documents will not be re-produced.

8

9 REQUEST NO. 304:

10     All DOCUMENTS estimating, calculating, determining or evidencing the

11 "value of the benefits the competitor obtained from Bryant during the time he was

12 employed by Mattel" as alleged in paragraph 19 of the COMPLAINT.

13

14 RESPONSE TO REQUEST NO. 304:

15     In addition to the general objections stated above, which are incorporated

16 herein by reference, Mattel objects to this Request on the grounds that it is unduly

17 burdensome in that it purports to require Mattel to search for, identify and produce

18 documents relating to matters that are currently known to and in the possession,

19 custody and control of defendants and nonparties associated with defendants, and

20 that are not known to Mattel because of defendants' refusals to produce basic

21 discovery. Mattel further objects to this Request on the grounds that it calls for

22 the disclosure of information subject to the attorney-client privilege, the attorney

23 work-product doctrine and other applicable privileges. Mattel further objects to

24 this Request on the grounds that it is duplicative of or subsumed within prior

25 Requests already responded to and seeks the re-production of information and

26 documents already produced in this action. Such information and documents will

27 not be re-produced. Mattel further objects to this Request as premature in that it

28

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

447

Exhibit 42 - Page 1963

1    seeks expert discovery. Such discovery will be disclosed only at the time, and in

2    the manner required by, the Rules and the Court's Orders.

3

4    REQUEST NO. 305:

5       All DOCUMENTS estimating, calculating, determining or evidencing the

6    "value of the benefits the competitor obtained from Bryant as a result of the work

7    he performed for the competitor during his Mattel employment" as alleged in

8    paragraph 19 of the COMPLAINT.

9

10   RESPONSE TO REQUEST NO. 305:

11      In addition to the general objections stated above, which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is unduly

13   burdensome in that it purports to require Mattel to search for, identify and produce

14   documents relating to matters that are currently known to and in the possession,

15   custody and control of defendants and nonparties associated with defendants, and

16   that are not known to Mattel because of defendants' refusals to produce basic

17   discovery. Mattel further objects to this Request on the grounds that it calls for

18   the disclosure of information subject to the attorney-client privilege, the attorney

19   work-product doctrine and other applicable privileges. Mattel further objects to

20   this Request on the grounds that it is duplicative of or subsumed within prior

21   Requests already responded to and seeks the re-production of information and

22   documents already produced in this action. Such information and documents will

23   not be re-produced. Mattel further objects to this Request as premature in that it

24   seeks expert discovery. Such discovery will be disclosed only at the time, and in

25   the manner required by, the Rules and the Court's Orders.

26

27

28

-285-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

448

Exhibit 42 - Page 1964

1   REQUEST NO. 306:

2       All DOCUMENTS supporting, refuting, or evidencing the allegation in

3   paragraph 20 of the COMPLAINT that "Bryant's conduct" has caused "irreparable

4   injury to Mattel."

5

6   RESPONSE TO REQUEST NO. 306:

7       In addition to the general objections stated above, which are incorporated

8   herein by reference, Mattel objects to this Request on the grounds that it calls for

9   the disclosure of information subject to the attorney-client privilege, the attorney

10  work-product doctrine and other applicable privileges.  Mattel further objects to

11  this Request as incomprehensible in that irreparable harm is a matter of law.

12  Mattel further objects to this Request on the grounds that it is duplicative of or

13  subsumed within prior Requests already responded to and seeks the re-production

14  of information and documents already produced in this action.  Such information

15  and documents will not be re-produced.

16

17  REQUEST NO. 307:

18      All DOCUMENTS describing, discussing, mentioning, referring or relating

19  to the nature, extent and substance of the "irreparable injury" alleged in paragraph

20  20 of the COMPLAINT.

21

22  RESPONSE TO REQUEST NO. 307:

23      In addition to the general objections stated above, which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it calls for

25  the disclosure of information subject to the attorney-client privilege, the attorney

26  work-product doctrine and other applicable privileges.  Mattel further objects to

27  this Request as incomprehensible in that irreparable harm is a matter of law.

28  Mattel further objects to this Request on the grounds that it is duplicative of or

1  subsumed within prior Requests already responded to and seeks the re-production
2  of information and documents already produced in this action. Such information
3  and documents will not be re-produced.
4
5  REQUEST NO. 308:
6      All DOCUMENTS supporting, refuting, or evidencing the allegation in
7  paragraph 22 of the COMPLAINT that "Bryant held a position of trust and
8  confidence with Mattel."
9
10  RESPONSE TO REQUEST NO. 308:
11      In addition to the general objections stated above, which are incorporated
12  herein by reference, Mattel objects to this Request on the grounds that it calls for
13  the disclosure of information subject to the attorney-client privilege, the attorney
14  work-product doctrine and other applicable privileges. Mattel further objects to
15  this Request on the grounds that it is duplicative of or subsumed within prior
16  Requests already responded to and seeks the re-production of information and
17  documents already produced in this action. Such information and documents will
18  not be re-produced.
19
20  REQUEST NO. 309:
21      All DOCUMENTS evidencing that persons that are or were employed by
22  MATTEL in the same or similar capacity as BRYANT hold or held positions of
23  trust and confidence with MATTEL.
24
25  RESPONSE TO REQUEST NO. 309:
26      In addition to the general objections stated above, which are incorporated
27  herein by reference, Mattel objects to this Request on the grounds that it seeks
28  documents that are not relevant to the current action and not likely to lead to the

07209/636684.2

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

450

Exhibit 42 - Page 1966

1  discovery of admissible evidence.  Mattel further objects to this Request as

2  overbroad, unduly burdensome and oppressive in that it seeks "all" documents in

3  Mattel's possession, custody and control on this broad subject.  Mattel further

4  objects to this Request on the grounds that it calls for the disclosure of information

5  subject to the attorney-client privilege, the attorney work-product doctrine and

6  other applicable privileges.

7

8  REQUEST NO. 310:

9       All DOCUMENTS supporting, refuting, or evidencing the allegation in

10  paragraph 22 of the COMPLAINT that "Bryant had access to" "Mattel's

11  proprietary and confidential information."

12

13  RESPONSE TO REQUEST NO. 310:

14       In addition to the general objections stated above, which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it calls for

16  the disclosure of information subject to the attorney-client privilege, the attorney

17  work-product doctrine and other applicable privileges.  Mattel further objects to

18  this Request on the grounds that it is duplicative of or subsumed within prior

19  Requests already responded to and seeks the re-production of information and

20  documents already produced in this action.  Such information and documents will

21  not be re-produced.

22

23  REQUEST NO. 311:

24       All DOCUMENTS evidencing that persons that are or were employed by

25  MATTEL in the same or similar capacity as BRYANT had or have access to

26  MATTEL's proprietary and confidential information.

27

28

-288-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

<u>RESPONSE TO REQUEST NO. 311</u>:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

<u>REQUEST NO. 312</u>:

DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 229 [sic] of the COMPLAINT that "Bryant. . . was entrusted with Mattel's proprietary and confidential information."

<u>RESPONSE TO REQUEST NO. 312</u>:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

-289-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  REQUEST NO. 313:

2      All DOCUMENTS evidencing that persons that are or were employed by

3  MATTEL in the same or similar capacity as BRYANT were or are entrusted with

4  MATTEL's proprietary and confidential information.

5

6  RESPONSE TO REQUEST NO. 313:

7      In addition to the general objections stated above, which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it seeks

9  documents that are not relevant to this action or likely to lead to the discovery of

10 admissible evidence.  Mattel further objects to this Request as overbroad, unduly

11 burdensome and oppressive in that it seeks "all" documents in Mattel's

12 possession, custody and control on this broad subject.  Mattel further objects to

13 this Request on the grounds that it calls for the disclosure of information subject to

14 the attorney–client privilege, the attorney work–product doctrine and other

15 applicable privileges.

16

17 REQUEST NO. 314:

18     All DOCUMENTS supporting, refuting, or evidencing the allegation in

19 paragraph 22 of the COMPLAINT that Bryant "supervised the work of others.

20 [sic]

21

22 RESPONSE TO REQUEST NO. 314:

23     In addition to the general objections stated above, which are incorporated

24 herein by reference, Mattel objects to this Request on the grounds that it calls for

25 the disclosure of information subject to the attorney–client privilege, the attorney

26 work–product doctrine and other applicable privileges.  Mattel further objects to

27 this Request on the grounds that it is duplicative of or subsumed within prior

28 Requests already responded to and seeks the re-production of information and

07209/636684.2

-290-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

453

Exhibit 42 - Page 1969

1  documents already produced in this action.  Such information and documents will

2  not be re-produced.

3

4  REQUEST NO. 315:

5      All DOCUMENTS evidencing that persons that are or were employed by

6  MATTEL in the same or similar capacity as BRYANT supervised or supervise the

7  work of others.

8

9  RESPONSE TO REQUEST NO. 315:

10      In addition to the general objections stated above, which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it seeks

12  documents that are not relevant to this action or likely to lead to the discovery of

13  admissible evidence.  Mattel further objects to this Request as overbroad, unduly

14  burdensome and oppressive in that it seeks "all" documents in Mattel's

15  possession, custody and control on this broad subject.  Mattel further objects to

16  this Request on the grounds that it calls for the disclosure of information subject to

17  the attorney-client privilege, the attorney work-product doctrine and other

18  applicable privileges.

19

20  REQUEST NO. 316:

21      All DOCUMENTS supporting, refuting, or evidencing the allegation in

22  paragraph 22 of the COMPLAINT that Bryant "exercised discretion" in "many of

23  his job assignments and duties."

24

25  RESPONSE TO REQUEST NO. 316:

26      In addition to the general objections stated above, which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it calls for

28  the disclosure of information subject to the attorney-client privilege, the attorney

-291-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 317:

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT exercised or exercise discretion in their job assignments and duties.

RESPONSE TO REQUEST NO. 317:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

REQUEST NO. 318:

All DOCUMENTS describing, discussing, mentioning, referring or relating to the nature and scope of Bryant's "job assignments and duties" as alleged in paragraph 22 of the COMPLAINT.

RESPONSE TO REQUEST NO. 318:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 319:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "worked independently in many of his job assignments and duties."

RESPONSE TO REQUEST NO. 319:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 320:

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT worked or work independently in their job assignments and duties.

RESPONSE TO REQUEST NO. 320:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

REQUEST NO. 321:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "represented Mattel in its dealings with third parties."

RESPONSE TO REQUEST NO. 321:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and

-294-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

457

Exhibit 42 - Page 1973

1  documents already produced in this action.  Such information and documents will

2  not be re-produced.

3

4  REQUEST NO. 322:

5       All DOCUMENTS evidencing all instances in which BRYANT represented

6  MATTEL in any dealing with any third party.

7

8  RESPONSE TO REQUEST NO. 322:

9       In addition to the general objections stated above, which are incorporated

10  herein by reference, Mattel objects to this Request on the grounds that it calls for

11  the disclosure of information subject to the attorney-client privilege, the attorney

12  work-product doctrine and other applicable privileges.  Mattel further objects to

13  this Request as overbroad, unduly burdensome and oppressive in that it seeks "all"

14  documents in Mattel's possession, custody and control on this broad subject.

15  Mattel further objects to this Request on the grounds that it is duplicative of or

16  subsumed within prior Requests already responded to and seeks the re-production

17  of information and documents already produced in this action.  Such information

18  and documents will not be re-produced.

19

20  REQUEST NO. 323:

21       All DOCUMENTS evidencing that persons that are or were employed by

22  MATTEL in the same or similar capacity as BRYANT represented or represent

23  MATTEL in its dealings with third parties.

24

25  RESPONSE TO REQUEST NO. 323:

26       In addition to the general objections stated above, which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it seeks

28  documents that are not relevant to this action or likely to lead to the discovery of

-295-

1  admissible evidence.  Mattel further objects to this Request as overbroad, unduly

2  burdensome and oppressive in that it seeks "all" documents in Mattel's

3  possession, custody and control on this broad subject.  Mattel further objects to

4  this Request on the grounds that it calls for the disclosure of information subject to

5  the attorney-client privilege, the attorney work-product doctrine and other

6  applicable privileges.

7

8  REQUEST NO. 324:

9       All DOCUMENTS supporting, refuting, or evidencing the allegation in

10  paragraph 22 of the COMPLAINT that Bryant "in the course and scope of his

11  employment with Mattel, was an agent of Mattel," including, without limitation,

12  all DOCUMENTS evidencing, describing, discussing, mentioning, referring or

13  relating to the nature and scope of the alleged agency.

14

15  RESPONSE TO REQUEST NO. 324:

16       In addition to the general objections stated above, which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it calls for

18  the disclosure of information subject to the attorney-client privilege, the attorney

19  work-product doctrine and other applicable privileges.  Mattel further objects to

20  this Request as overbroad, unduly burdensome and oppressive in that it seeks "all"

21  documents in Mattel's possession, custody and control on this broad subject.

22  Mattel further objects to this Request on the grounds that it is duplicative of or

23  subsumed within prior Requests already responded to and seeks the re-production

24  of information and documents already produced in this action.  Such information

25  and documents will not be re-produced.

26

27

28

07209/636684.2

-296-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 325:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 25 of the COMPLAINT that "Mattel has incurred damages" as a "direct and proximate result of defendants' wrongful conduct."

RESPONSE TO REQUEST NO. 325:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Mattel further objects to this Request as premature in that it seeks expert discovery. Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders.

REQUEST NO. 326:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 26 of the COMPLAINT that "[d]efendants acted with malice, fraud and oppression."

RESPONSE TO REQUEST NO. 326:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as unduly burdensome in that it purports to require Mattel to search for, identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and nonparties associated with defendants, and that are not known to Mattel because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 327:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 36 of the COMPLAINT that "[d]efendants. . . used and diverted Mattel property, resources and opportunities for the benefit of, and to aid and assist, themselves."

RESPONSE TO REQUEST NO. 327:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as unduly burdensome in that it purports to require Mattel to search for, identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and nonparties associated with defendants, and that are not known to Mattel because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of

1   information subject to the attorney-client privilege, the attorney work-product

2   doctrine and other applicable privileges.  Mattel further objects to this Request on

3   the grounds that it is duplicative of or subsumed within prior Requests already

4   responded to and seeks the re-production of information and documents already

5   produced in this action.  Such information and documents will not be re-produced.

6   Mattel further objects to this Request as premature in that it seeks expert

7   discovery.  Such discovery will be disclosed only at the time, and in the manner

8   required by, the <u>Rules</u> and the Court's Orders.

9

10  <u>REQUEST NO. 328</u>:

11      All DOCUMENTS constituting, identifying, evidencing, describing,

12  showing or depicting the "used and diverted Mattel property" mentioned in

13  paragraph 36 of the COMPLAINT.

14

15  <u>RESPONSE TO REQUEST NO. 328</u>:

16      In addition to the general objections stated above, which are incorporated

17  herein by reference, Mattel objects to this Request as unduly burdensome in that it

18  purports to require Mattel to search for, identify and produce documents relating

19  to matters that are currently known to and in the possession, custody and control

20  of defendants and nonparties associated with defendants, and that are not known

21  to Mattel because of defendants' refusals to produce basic discovery.  Mattel

22  further objects to this Request as overbroad, unduly burdensome and oppressive in

23  that it seeks "all" documents in Mattel's possession, custody and control on this

24  broad subject.  Mattel further objects to this Request on the grounds that it calls

25  for the disclosure of information subject to the attorney-client privilege, the

26  attorney work-product doctrine and other applicable privileges.  Mattel further

27  objects to this Request on the grounds that it is duplicative of or subsumed within

28  prior Requests already responded to and seeks the re-production of information

-299-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  and documents already produced in this action. Such information and documents
2  will not be re-produced.

3

4  REQUEST NO. 329:

5      All DOCUMENTS constituting, identifying, evidencing, describing,
6  showing or depicting the "used and diverted Mattel ... resources" mentioned in
7  paragraph 36 of the COMPLAINT.

8

9  RESPONSE TO REQUEST NO. 329:

10      In addition to the general objections stated above, which are incorporated
11  herein by reference, Mattel objects to this Request as unduly burdensome in that it
12  purports to require Mattel to search for, identify and produce documents relating
13  to matters that are currently known to and in the possession, custody and control
14  of defendants and nonparties associated with defendants, and that are not known
15  to Mattel because of defendants' refusals to produce basic discovery. Mattel
16  further objects to this Request as overbroad, unduly burdensome and oppressive in
17  that it seeks "all" documents in Mattel's possession, custody and control on this
18  broad subject. Mattel further objects to this Request on the grounds that it calls
19  for the disclosure of information subject to the attorney-client privilege, the
20  attorney work-product doctrine and other applicable privileges. Mattel further
21  objects to this Request on the grounds that it is duplicative of or subsumed within
22  prior Requests already responded to and seeks the re-production of information
23  and documents already produced in this action. Such information and documents
24  will not be re-produced.

25

26  REQUEST NO. 330:

27      All DOCUMENTS identifying, evidencing or describing the "used and
28  diverted ... opportunities" mentioned in paragraph 36 of the COMPLAINT.

RESPONSE TO REQUEST NO. 330:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as unduly burdensome in that it purports to require Mattel to search for, identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and nonparties associated with defendants, and that are not known to Mattel because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

REQUEST NO. 331:

All DOCUMENTS estimating, calculating, determining or evidencing the amount by which "Defendants have been unjustly enriched" as alleged in paragraph 36 of the COMPLAINT.

RESPONSE TO REQUEST NO. 331:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as unduly burdensome in that it purports to require Mattel to search for, identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and nonparties associated with defendants, and that are not known to Mattel because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product

-301-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  doctrine and other applicable privileges. Mattel further objects to this Request on

2  the grounds that it is duplicative of or subsumed within prior Requests already

3  responded to and seeks the re-production of information and documents already

4  produced in this action. Such information and documents will not be re-produced.

5  Mattel further objects to this Request as premature in that it seeks expert

6  discovery. Such discovery will be disclosed only at the time, and in the manner

7  required by, the <u>Rules</u> and the Court's Orders.

8

9  REQUEST NO. 332:

10      All DOCUMENTS constituting, identifying, evidencing, describing,

11  showing, depicting, discussing, mentioning, referring and relating to the "ideas,

12  concepts, rights designs, proprietary information, and other intellectual property

13  and intangible property created by Bryant" alleged to be the "property of Mattel"

14  in paragraph 41 of the COMPLAINT.

15

16  RESPONSE TO REQUEST NO. 332:

17      In addition to the general objections stated above, which are incorporated

18  herein by reference, Mattel objects to this Request as unduly burdensome in that it

19  purports to require Mattel to search for, identify and produce documents relating

20  to matters that are currently known to and in the possession, custody and control

21  of defendants and nonparties associated with defendants, and that are not known

22  to Mattel because of defendants' refusals to produce basic discovery. Mattel

23  further objects to this Request as overbroad, unduly burdensome and oppressive in

24  that it seeks "all" documents in Mattel's possession, custody and control on this

25  broad subject. Mattel further objects to this Request on the grounds that it calls

26  for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges. Mattel further

28  objects to this Request on the grounds that it is duplicative of or subsumed within

1   prior Requests already responded to and seeks the re-production of information

2   and documents already produced in this action. Such information and documents

3   will not be re-produced.

4

5   DATED: March 2, 2005

6                        QUINN EMANUEL URQUHART
                        OLIVER & HEDGES, LLP

7

8                         By _____

9                          Jon D. Corey
                         Attorneys for Plaintiff and Counter-
                         Defendant

10                        Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-303-

MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1013A(3) CCP Revised 5/1/88

1  STATE OF CALIFORNIA )
2  COUNTY OF LOS ANGELES )

3       I am employed in the county of Los Angeles  State of California.  I am over the age of 18
   and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor,
4  Los Angeles, CA 90012.

       On March 2, 2005, I served the foregoing document described as **MATTEL, INC.'S**
5  **RESPONSES TO MGA'S FIRST SET OF REQUEST FOR THE**
   **PRODUCTION OF DOCUMENTS AND THINGS** on all interested parties in this
6  action.

7  Robert F. Millman, Esq.                    Diana M. Torres, Esq.
   Douglas A. Wickham, Esq.                   O'Melveney & Meyers
8  Keith A. Jacoby, Esq.                      400 S. Hope Street
   Littler Mendelson                          Los Angeles, CA 90071
9  A Professional Corporation                 Phone: 213-430-6000
   2049 Century Park East, 5th Floor          Fax: 213-430-6407
10 Los Angeles, California 90067-3107
   Phone: 310-553-0308
11 Fax: 310-553-5583

12

13 [ ]   By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed
         as follows:
14
15 [X]   **BY MAIL**

16 [ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed
         with postage thereon fully prepaid.

17 [ ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing
         correspondence for mailing.  Under that practice it would be deposited with U.S. postal
18       service on that same day with postage thereon fully prepaid at Los Angeles, California in the
         ordinary course of business.  I am aware that on motion of the party served, service is
19       presumed invalid if postal cancellation date or postage meter date is more than one day after
         date of deposit for mailing in affidavit.

20 [ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
         set forth above on this date.
21
22 []    **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

   Executed on March 2, 2005   at Los Angeles, California.
23
24 [ ]   (State) I declare under penalty of perjury under the laws of the State of California that the
         above is true and correct.
25 [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at
         whose direction the service was made.
26
   Mia Albert
27 Print Name                                 Signature

28

467

Exhibit 42 - Page 1983