# Exhibit 43

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  michaelzeller@quinnemanuel.com
   Timothy L. Alger (Bar No. 160303)
4  timalger@quinnemanuel.com
   Bridget A. Morris (Bar No. 240592)
5  bridgetmorris@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff and Counter-
   Defendant Mattel

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 14            Plaintiff, | Consolidated with:<br>Case No. CV 04-09059 |
| 15 | Case No. CV 05-02727 |
| 16       v. | MATTEL'S SUPPLEMENTAL<br>RESPONSES TO MGA'S FIRST SET |
| 17  MATTEL, INC., a Delaware | OF REQUESTS FOR PRODUCTION |
| 18  Corporation, | Hon. Stephen G. Larson |
| 19            Defendant. | |
| 20 | Discovery Cutoff:      None set<br>Pretrial Conf. Date:   None set |
| 21  AND CONSOLIDATED ACTIONS | Trial Date:             None set |

22

23

24

25

26

27

28

1 | **Preliminary Statement**

2 |     Mattel is supplementing its original responses to certain requests set

3 | forth in MGA's First Set of Requests of Production in light of the parties' meet and

4 | confers held on July 26, July 27, August 11, and December 15, 2006.  Mattel has not

5 | yet completed its investigation of the facts relating to this action, has not yet

6 | reviewed all documents relating to this action, has not yet interviewed all witnesses

7 | in this action, and has not yet received all requested discovery from defendants and

8 | third parties with regard to this action.  To date, Mattel has produced nearly 60,000

9 | pages of documents, whereas Bryant has produced only about 1,600 pages of

10 | documents and MGA has produced only about 8,000 pages of documents, many of

11 | which were heavily redacted.  Consequently, Mattel reserves the right to amend

12 | and/or supplement its responses if and when additional facts or documents are

13 | discovered.  Additionally, because Mattel's responses are based on facts and

14 | documents that Mattel has identified to date, they do not preclude Mattel from later

15 | relying on facts discovered pursuant to further investigation or discovery or on

16 | subsequently discovered or generated documents.  Mattel's partial response to any of

17 | the First Set of Requests for Production of Documents and Things (the "Requests")

18 | is not to be construed as a waiver of any of its objections or its right to object to any

19 | other request.  Mattel's agreement to produce responsive, non-privileged documents

20 | in response to a specific Request does not constitute an admission by Mattel that

21 | such responsive, non-privileged documents actually exist.

22 | **General Objections**

23 |     Mattel generally objects to each of the requests on each and every one

24 | of the following grounds, which are incorporated into and made a part of Mattel's

25 | response to each and every individual request:

26 |     1.    Mattel objects to the Requests on the grounds that they seek to

27 | impose obligations upon Mattel beyond those required or permitted by the <u>Federal</u>

28 | <u>Rules of Civil Procedure</u>.

-2-

Exhibit 43 - Page 1985

1    2.    Mattel objects to the Requests on the grounds that they call for
2  the disclosure of information subject to the attorney-client privilege, the work
3  product doctrine and other applicable privileges, including without limitation the
4  privilege against disclosure of the identities and work product of consulting experts.
5  Such documents and information will not be produced.

6    3.    Mattel objects to the Requests on the grounds that they call for
7  information that is not relevant to the claims or defenses of the pending action, nor
8  reasonably calculated to lead to the discovery of admissible evidence.

9    4.    Mattel objects to the Requests on the grounds that they are
10  unduly burdensome and vague and ambiguous in that they purport to require Mattel
11  to identify and produce documents relating to matters that are currently known to
12  and in the possession, custody and control of defendants and third parties, including
13  third parties associated with defendants, and that are not known to Mattel.

14    5.    Mattel objects to the Requests on the grounds that they seek the
15  production of documents or information that are in the possession, custody and
16  control of independent parties over whom Mattel has no control, including without
17  limitation defendants, and seek the disclosure of information or documents that are
18  in the possession, custody and control of defendants or are publicly available and
19  hence equally available to all parties to this litigation.

20    6.    Mattel objects to the Requests on the grounds that they are
21  unduly burdensome and oppressive, including without limitation in seeking "all"
22  documents that evidence, refer or relate to a given topic.  Mattel will make available
23  for inspection and copying those documents and tangible items that it is able to
24  locate after a reasonable, good-faith search for and review of non-privileged files
25  that are reasonably likely to contain responsive documents and tangible things
26  bearing on the issues in this litigation.

27

28

07209/2029306.1

7.    Mattel objects to the Requests on the grounds that they seek documents whose production would violate the terms of agreements entered into with third parties, or violate the privacy, contractual, or other rights of third parties.

8.    Mattel objects to the Requests on the grounds that the definition of "Mattel" is overbroad, vague and ambiguous and unduly burdensome.

9.    Mattel objects to the Requests on the grounds that they seek confidential, proprietary and trade secret information.  Such information, to the extent it is relevant to this action and either has been or will be produced, has been and will be produced only in reliance upon and pursuant to protective order.

10.    Mattel objects to the Requests on the grounds that they seek documents containing confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that have no bearing on the claims or defenses in this matter.

11.    Mattel objects to each and every request to the extent that they seek documents already produced in this action.  Documents which have already been produced will not be produced again in response to these requests.

12.    Mattel objects to each Request seeking information on damages on that grounds that it is premature in that it seeks expert discovery.  Such discovery will be disclosed only at the time, and in the manner required by, the <u>Rules</u> and the Court's Orders.

13.    Mattel objects to each Request seeking information on damages on that grounds that it is premature and unreasonably burdensome in that such information is in the possession, custody and control of defendants and third parties associated with defendants but has not been disclosed by defendants and their associated third parties.

14.    Mattel objects to the time, place and manner of production specified in defendant's Requests.  Mattel will produce responsive, non-privileged documents and tangible things, if any and to the extent not previously produced, in

-4-

1  accordance with its responses at a time and place and in a manner that is reasonable,
2  convenient and mutually agreed upon by the parties.

3  **RESPONSES TO REQUESTS FOR PRODUCTION**

4        Each of the following objections and responses to the Requests is
5  expressly made subject to the above Preliminary Statement and General Objections,
6  all of which are incorporated in each of the following objections and responses to
7  specific requests.  A statement by Mattel that it will produce documents or tangible
8  things in response to a Request is not intended to suggest, nor should it be construed
9  to mean, that any such documents or tangible things exist, or that they are in Mattel's
10  possession, custody or control.

11

12  REQUEST NO. 82:

13        All DOCUMENTS mentioning, referring or relating to the conception,
14  creation, design, development or reduction to practice of "Toon Teens" and any
15  related or derivative works, including, without limitation, DOCUMENTS
16  commissioning, assigning, contracting for, or otherwise requesting work on or
17  assistance with the conception, creation, design, development or reduction to
18  practice of said work(s).

19

20  SUPPLEMENTAL RESPONSE TO REQUEST NO. 82:

21        In addition to the general objections stated above, which are
22  incorporated herein by reference, Mattel objects to this Request as overbroad and
23  unduly burdensome in that it seeks all documents in Mattel's possession, custody
24  and control created by anyone at any time that are related to this topic.  Mattel
25  further objects to this Request as vague and ambiguous in its use of the terms
26  "related" or "derivative."  Mattel further objects to this Request on the grounds that
27  it seeks confidential, proprietary and trade secret information that has no bearing on
28  the claims or defenses in this case.  Mattel further objects to this Request on the

1  grounds that it calls for the disclosure of information subject to the attorney-client

2  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

3  further objects to this Request on the grounds that it is duplicative of or subsumed

4  within other requests within this set of requests, duplicative of or subsumed within

5  prior Requests already responded to in this litigation, and seeks the re-production of

6  information and documents already produced in this action.  Such information and

7  documents will not be re-produced.  Subject to and without waiving the foregoing

8  general and specific objections, Mattel will produce responsive, non-privileged

9  documents relating to "Toon Teens" in its possession, custody or control, which it

10  has been able to locate after a diligent search and reasonable inquiry, to the extent

11  not previously produced.

12

13  REQUEST NO. 83:

14        All DOCUMENTS constituting contracts, licenses, assignments or

15  conveyances involving, referring or relating to "Toon Teens" and any derivative

16  works.

17

18  SUPPLEMENTAL RESPONSE TO REQUEST NO. 83:

19        In addition to the general objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request as overbroad and

21  unduly burdensome in that it seeks all documents in Mattel's possession, custody

22  and control created by anyone at any time that are related to this topic.  Mattel

23  further objects to this Request on the grounds that it seeks confidential, proprietary

24  and trade secret information that has no bearing on the claims or defenses in this

25  case.  Mattel further objects to this Request on the grounds that it calls for the

26  disclosure of information subject to the attorney-client privilege, the attorney work-

27  product doctrine and other applicable privileges.  Mattel further objects to this

28  Request on the grounds that it is duplicative of or subsumed within other requests

1 within this set of requests, duplicative of or subsumed within prior Requests already

2 responded to in this litigation, and seeks the re-production of information and

3 documents already produced in this action.  Such information and documents will

4 not be re-produced.  Subject to and without waiving the foregoing general and

5 specific objections, Mattel will produce responsive, non-privileged documents

6 relating to "Toon Teens" in its possession, custody or control, which it has been able

7 to locate after a diligent search and reasonable inquiry, to the extent not previously

8 produced.

9

10 REQUEST NO. 84:

11          All COMMUNICATIONS exchanged between YOU on the one hand

12 and the U.S. Patent and Trademark Office or U.S. Copyright Office on the other

13 referring or relating to "Toon Teens" and any related or derivative works including,

14 without limitation, applications, registrations, amendments, office actions and

15 correspondence and all DOCUMENTS mentioning, referring or relating to such

16 COMMUNICATIONS.

17

18 SUPPLEMENTAL RESPONSE TO REQUEST NO. 84:

19          In addition to the general objections stated above, which are

20 incorporated herein by reference, Mattel objects to this Request as overbroad and

21 unduly burdensome in that it seeks all documents in Mattel's possession, custody

22 and control created by anyone at any time that are related to this topic, including

23 documents that are publicly available and therefore equally available to MGA,

24 regardless of whether the documents relate to the conduct at issue in this lawsuit.

25 Mattel further objects to this Request as vague and ambiguous in its use of the terms

26 "related" or "derivative."  Mattel further objects to this Request on the grounds that

27 it calls for the disclosure of information subject to the attorney-client privilege, the

28 attorney work-product doctrine and other applicable privileges.  Mattel further

1 | objects to this Request on the grounds that it is duplicative of or subsumed within
2 | other Requests within this set of requests, duplicative of or subsumed within prior
3 | Requests already responded to in this litigation, and seeks the re-production of
4 | information and documents already produced in this action.  Such information and
5 | documents will not be re-produced.  Subject to and without waiving the foregoing
6 | general and specific objections, Mattel will produce responsive, non-privileged
7 | documents relating to Toon Teens in its possession, custody or control, which it has
8 | been able to locate after a diligent search and reasonable inquiry, to the extent not
9 | previously produced.

REQUEST NO. 85:

All DOCUMENTS constituting, mentioning, referring to, or relating to any decision to apply for, register for, file, amend, withdraw, or abandon any trademark, service mark, trade dress, or copyright application or registration for "Toon Teens" and any derivative works.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 85:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic, regardless of whether the documents relate to the conduct at issue in this lawsuit.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.  Subject to and without waiving

-8-

1 | the foregoing general and specific objections, Mattel will produce responsive, non-
2 | privileged documents relating to "Toon Teens" in its possession, custody or control,
3 | which it has been able to locate after a diligent search and reasonable inquiry, to the
4 | extent not previously produced.
5 |
6 | REQUEST NO. 86:
7 |       All DOCUMENTS constituting, modeling, showing, demonstrating,
8 | depicting, or describing "Toon Teens" and any derivative works including, without
9 | limitation, photographs, visual reproductions, drawings, sketches, models, molds,
10 | prototypes and any type of three dimensional image, including all original molds,
11 | models and prototypes.
12 |
13 | SUPPLEMENTAL RESPONSE TO REQUEST NO. 86:
14 |       In addition to the general objections stated above, which are
15 | incorporated herein by reference, Mattel objects to this Request as overbroad and
16 | unduly burdensome in that it seeks all documents in Mattel's possession, custody
17 | and control created by anyone at any time that are related to this topic, regardless of
18 | whether the documents relate to the conduct at issue in this lawsuit.  Mattel further
19 | objects to this Request on the grounds that it seeks confidential, proprietary and
20 | trade secret information that has no bearing on the claims or defenses in this case.
21 | Mattel further objects to this Request on the grounds that it calls for the disclosure
22 | of information subject to the attorney-client privilege, the attorney work-product
23 | doctrine and other applicable privileges.  Mattel further objects to this Request on
24 | the grounds that it is duplicative of or subsumed within other Requests within this
25 | set of requests, duplicative of or subsumed within prior Requests already responded
26 | to in this litigation, and seeks the re-production of information and documents
27 | already produced in this action.  Such information and documents will not be re-
28 | produced.  Subject to and without waiving the foregoing general and specific

1  objections, Mattel will produce responsive, non-privileged documents relating to

2  "Toon Teens" in its possession, custody or control, which it has been able to locate

3  after a diligent search and reasonable inquiry, to the extent not previously produced.

4

5  REQUEST NO. 87:

6          All DOCUMENTS that name or are otherwise sufficient to identify the

7  individuals who worked on or were involved in any way with the conception,

8  creation, design and development of the "Toon Teens" idea, concept or products and

9  any related or derivative works.

10

11  SUPPLEMENTAL RESPONSE TO REQUEST NO. 87:

12          In addition to the general objections stated above, which are

13  incorporated herein by reference, Mattel objects to this Request as overbroad and

14  unduly burdensome in that it seeks all documents in Mattel's possession, custody

15  and control created by anyone at any time that are related to this topic, regardless of

16  whether the documents relate to the conduct at issue in this lawsuit.  Mattel further

17  objects to this Request as vague and ambiguous in its use of the terms "related" or

18  "derivative."  Mattel further objects to this Request on the grounds that it calls for

19  the disclosure of information subject to the attorney-client privilege, the attorney

20  work-product doctrine and other applicable privileges.  Mattel further objects to this

21  Request on the grounds that it is duplicative of or subsumed within other Requests

22  within this set of requests, duplicative of or subsumed within prior Requests already

23  responded to in this litigation, and seeks the re-production of information and

24  documents already produced in this action.  Such information and documents will

25  not be re-produced.  Subject to and without waiving the foregoing general and

26  specific objections, Mattel will produce responsive, non-privileged documents in its

27  possession, custody or control relating to "Toon Teens" sufficient to identify

28  individuals who worked on "the conception, creation, design and development" of

Exhibit 43 - Page 1993

)7209/2029306.1

1  the "Toon Teens", which it can locate after a diligent search and reasonable inquiry

2  and to the extent such documents have not been previously produced.

3

4  REQUEST NO. 88:

5          All DOCUMENTS that name or are otherwise sufficient to identify the

6  individuals who worked on or were involved in any way in the plans for creating,

7  designing, developing and marketing "Toon Teens," including individuals who

8  worked on or were involved in any way in (1) deciding to create, design, develop or

9  market "Toon Teens" and (2) deciding to stop or abandon the design, development

10 or marketing of "Toon Teens".

11

12 SUPPLEMENTAL RESPONSE TO REQUEST NO. 88:

13         In addition to the general objections stated above, which are

14 incorporated herein by reference, Mattel objects to this Request as overbroad and

15 unduly burdensome in that it seeks all documents in Mattel's possession, custody

16 and control created by anyone at any time that are related to this topic, regardless of

17 whether the documents relate to the conduct at issue in this lawsuit.  Mattel further

18 objects to the Request as misleading and erroneous in its use of the term "abandon"

19 and is otherwise assuming facts not in evidence.  Mattel further objects to this

20 Request on the grounds that it calls for the disclosure of information subject to the

21 attorney-client privilege, the attorney work-product doctrine and other applicable

22 privileges.  Mattel further objects to this Request on the grounds that it is duplicative

23 of or subsumed within other Requests within this set of requests, duplicative of or

24 subsumed within prior Requests already responded to in this litigation, and seeks the

25 re-production of information and documents already produced in this action.  Such

26 information and documents will not be re-produced.  Subject to and without waiving

27 the foregoing general and specific objections, Mattel will produce responsive, non-

28 privileged documents sufficient to identify individuals who worked on "the

-11-

Mattel's Supplemental Responses to MGA's First Set of Requests for Production

Exhibit 43 - Page 1994

1  conception, creation, design and development" of the "Toon Teens," to the extent

2  such responsive, non-privileged documents are in its possession, custody or control,

3  can be located after a diligent search and reasonable inquiry, and have not been

4  previously produced.

5

6  REQUEST NO. 89:

7          All DOCUMENTS mentioning, discussing, referring or relating to all

8  of the facts and circumstances leading up to, surrounding or any way connected with

9  the development, marketing and abandonment of "Toon Teens" including, without

10  limitation, the reasons for and factors influencing the creation, design, development

11  and marketing of "Toon Teens," and the reasons for and factors influencing the

12  cessation or abandonment of the design, development or marketing of "Toon

13  Teens".

14

15  SUPPLEMENTAL RESPONSE TO REQUEST NO. 89:

16          In addition to the general objections stated above, which are

17  incorporated herein by reference, Mattel objects to this Request as overbroad and

18  unduly burdensome in that it seeks all documents in Mattel's possession, custody

19  and control created by anyone at any time that are related to this topic, regardless of

20  whether the documents relate to the conduct at issue in this lawsuit.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information that has no bearing on the claims or defenses in this case.

23  Mattel further objects to the Request as misleading and erroneous in its use of term

24  "cessation or abandonment" and as otherwise assuming facts not in evidence.

25  Mattel further objects to this Request on the grounds that it calls for the disclosure

26  of information subject to the attorney-client privilege, the attorney work-product

27  doctrine and other applicable privileges.  Mattel further objects to this Request on

28  the grounds that it is duplicative of or subsumed within other Requests within this

1  set of requests, duplicative of or subsumed within prior Requests already responded

2  to in this litigation, and seeks the re-production of information and documents

3  already produced in this action.  Such information and documents will not be re-

4  produced.  Subject to and without waiving the foregoing general and specific

5  objections, Mattel will produce responsive, non-privileged documents relating to

6  "Toon Teens" in its possession, custody or control, which it has been able to locate

7  after a diligent search and reasonable inquiry, to the extent not previously produced.

8

9  REQUEST NO. 90:

10          All DOCUMENTS evidencing that BRYANT had access to "Toon

11  Teens," at any stage of creation, concept, design or development.

12

13  SUPPLEMENTAL RESPONSE TO REQUEST NO. 90:

14          In addition to the general objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.  Mattel further

18  objects to this Request as overbroad and unduly burdensome in that it seeks all

19  documents in Mattel's possession, custody and control created by anyone at any time

20  that are related to this topic, including newspaper articles and other publicly

21  available documents which are equally available to MGA.  Mattel further objects to

22  this Request on the grounds that it is duplicative of or subsumed within other

23  Requests within this set of requests, duplicative of or subsumed within prior

24  Requests already responded to in this litigation, and seeks the re-production of

25  information and documents already produced in this action.  Such information and

26  documents will not be re-produced.  Subject to and without waiving the foregoing

27  general and specific objections, Mattel will produce responsive, non-privileged

28  documents relating to "Toon Teens" in its possession, custody or control, which it

Mattel's Supplemental Responses to MGA's First Set of Requests for Production

Exhibit 43 - Page 1996

1 has been able to locate after a diligent search and reasonable inquiry, to the extent

2 not previously produced.

3

4 <u>REQUEST NO. 96:</u>

5        All DOCUMENTS used or referred to in creating and designing "Toon

6 Teens," including, without limitation, all DOCUMENTS that served as artistic

7 inspiration for any aspect, feature or element of "Toon Teens".

8

9 <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 96:</u>

10        In addition to the general objections stated above, which are

11 incorporated herein by reference, Mattel objects to this Request on the ground that it

12 is vague, ambiguous and overbroad.  Mattel further objects to this Request on the

13 grounds that it calls for the disclosure of information subject to the attorney-client

14 privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

15 further objects to this Request on the grounds that it is duplicative of or subsumed

16 within other Requests within this set of requests, duplicative of or subsumed within

17 prior Requests already responded to in this litigation, and seeks the re-production of

18 information and documents already produced in this action.  Such information and

19 documents will not be re-produced.  Subject to and without waiving the foregoing

20 general and specific objections, Mattel will produce responsive, non-privileged

21 documents relating to aspects, features or elements of "Toon Teens" at issue in this

22 litigation in its possession, custody or control, which it has been able to locate after

23 a diligent search and reasonable inquiry, to the extent not previously produced.

24

25 <u>REQUEST NO. 97:</u>

26        All DOCUMENTS, including MARKET RESEARCH, referring or

27 relating to, or influencing MATTEL's decision to create, design, develop or abandon

28

1  "Toon Teens," including, without limitation, the reasons for and factors influencing

2  its decision.

3

4  SUPPLEMENTAL RESPONSE TO REQUEST NO. 97:

5        In addition to the general objections stated above, which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is vague and ambiguous and seeks documents that are not relevant to this action or

8  likely to lead to the discovery of admissible evidence. Mattel further objects to this

9  Request on the grounds that it seeks confidential, proprietary and trade secret

10 information that has no bearing on the claims or defenses in this case. Mattel further

11 objects to this Request as misleading and erroneous in its use of the term "abandon"

12 and as otherwise assuming facts not in evidence. Mattel further objects to this

13 Request on the grounds that it calls for the disclosure of information subject to the

14 attorney-client privilege, the attorney work-product doctrine and other applicable

15 privileges. Mattel further objects to this Request on the grounds that it is duplicative

16 of or subsumed within other Requests within this set of requests, duplicative of or

17 subsumed within prior Requests already responded to in this litigation, and seeks the

18 re-production of information and documents already produced in this action. Such

19 information and documents will not be re-produced. Subject to and without waiving

20 the foregoing general and specific objections, Mattel will produce responsive, non-

21 privileged documents relating to "Toon Teens" in its possession, custody or control,

22 which it has been able to locate after a diligent search and reasonable inquiry, to the

23 extent not previously produced.

24

25 REQUEST NO. 132:

26        If YOU contend that BRATZ has impacted or affected YOUR sales,

27 profits or revenue from, or development of, "Diva Starz" as part of YOUR damages

28

1  in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning,

2  referring, relating to or calculating that impact or affect.

3

4  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 132:</u>

5         In addition to the general objections stated above, which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is unreasonably burdensome and premature in that the facts necessary to

8  determine the full nature and extent of Mattel's damages from defendant's acts or

9  omissions are known by defendants and third parties associated with defendants, but

10  are not known by Mattel at this juncture because of defendants' refusals to produce

11  basic discovery.  Mattel further objects to this Request on the grounds that it calls

12  for the disclosure of information subject to the attorney-client privilege, the attorney

13  work-product doctrine and other applicable privileges.  Mattel further objects to this

14  Request on the grounds that it is improperly phrased as a legal contention.  Mattel

15  further objects to this Request as premature in that it seeks expert discovery.  Such

16  discovery will be disclosed only at the time, and in the manner required by, the

17  <u>Rules</u> and the Court's Orders.  Mattel further objects to this Request on the grounds

18  that it is duplicative of or subsumed within other Requests within this set of

19  requests, duplicative of or subsumed within prior Requests already responded to in

20  this litigation, and seeks the re-production of information and documents already

21  produced in this action.  Such information and documents will not be re-produced.

22  Subject to and without waiving the foregoing general and specific objections, if and

23  to the extent Mattel so contends, Mattel will produce responsive, non-privileged

24  documents relating to the fact of damage in its possession, custody or control, which

25  it has been able to locate after a diligent search and reasonable inquiry, to the extent

26  not previously produced.  Furthermore, this topic may be the subject of expert

27  testimony and disclosure, which will be produced at the time and in the manner

28  required by the <u>Rules</u> or Court Order.

REQUEST NO. 134:

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop "Diva Starz," including, without limitation, the reasons for and factors influencing its decision.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 134:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already

1  produced in this action.  Such information and documents will not be re-produced.

2  Subject to and without waiving the foregoing general and specific objections, if and

3  to the extent Mattel so contends, Mattel will produce responsive, non-privileged

4  documents relating to the fact of damage in its possession, custody or control, which

5  it has been able to locate after a diligent search and reasonable inquiry, to the extent

6  not previously produced.  Furthermore, this topic may be the subject of expert

7  testimony and disclosure, which will be produced at the time and in the manner

8  required by the <u>Rules</u> or Court Order.

9

10  <u>REQUEST NO. 136:</u>

11         If YOU contend that BRATZ has impacted or affected YOUR sales,

12  profits or revenue from "Diva Starz" as part of YOUR damages in this case, all

13  DOCUMENTS used or referred to in creating and designing "Diva Starz" including,

14  without limitation, all DOCUMENTS that served as artistic inspiration for any

15  aspect, feature or element of "Diva Starz".

16

17  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 136:</u>

18         In addition to the general objections stated above, which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is unreasonably burdensome and premature in that the facts necessary to

21  determine the full nature and extent of Mattel's damages from defendant's acts or

22  omissions are known by defendants and third parties associated with defendants, but

23  are not known by Mattel at this juncture because of defendants' refusals to produce

24  basic discovery.  Mattel further objects to this Request as overbroad, unduly

25  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

26  custody and control on this broad subject.  Mattel further objects to this Request on

27  the grounds that it calls for the disclosure of information subject to the attorney-

28  client privilege, the attorney work-product doctrine and other applicable privileges.

1   Mattel further objects to this Request on the grounds that it is improperly phrased as

2   a legal contention.  Mattel further objects to this Request on the grounds that it seeks

3   confidential, proprietary and trade secret information that has no bearing on the

4   claims or defenses in this case.  Mattel further objects to this Request on the grounds

5   that it calls for information that is not relevant to this action or likely to lead to the

6   discovery of admissible evidence.  Mattel further objects to this Request as vague

7   and ambiguous.  Mattel further objects to this Request on the grounds that it is

8   duplicative of or subsumed within other Requests within this set of requests,

9   duplicative of or subsumed within prior Requests already responded to in this

10  litigation, and seeks the re-production of information and documents already

11  produced in this action.  Such information and documents will not be re-produced.

12  Subject to and without waiving the foregoing general and specific objections, if and

13  to the extent Mattel so contends, Mattel will produce responsive, non-privileged

14  documents in its possession, custody or control, which it has been able to locate

15  after a diligent search and reasonable inquiry and which relate to those aspects,

16  features or elements of "Diva Starz" at issue in this lawsuit, to the extent not already

17  produced.  Furthermore, this topic may be the subject of expert testimony and

18  disclosure, which will be produced at the time and in the manner required by the

19  Rules or Court Order.

20

21  REQUEST NO. 280:

22          All DOCUMENTS supporting, refuting, or evidencing the allegation in

23  paragraph 9 of the COMPLAINT that BRYANT "was employed by Mattel from

24  September 1995 through April 1998, and then again from January 1999 through

25  October 2000, as a product designer at Mattel's design center in El Segundo,

26  California."

27

28

1 | SUPPLEMENTAL RESPONSE TO REQUEST NO. 280:

2 |         In addition to the foregoing general objections, which are incorporated

3 | herein by reference, Mattel objects to this Request on the grounds that it calls for the

4 | disclosure of information subject to the attorney-client privilege, the attorney work-

5 | product doctrine and other applicable privileges.  Mattel further objects to this

6 | Request on the grounds that it is duplicative of or subsumed within other Requests

7 | within this set of requests, duplicative of or subsumed within prior Requests already

8 | responded to in this litigation, and seeks the re-production of information and

9 | documents already produced in this action.  Such information and documents will

10 | not be re-produced.  Subject to and without waiving the foregoing general and

11 | specific objections, Mattel will produce responsive, non-privileged documents in its

12 | possession, custody or control, which it has been able to locate after a diligent

13 | search and reasonable inquiry, to the extent not previously produced.

14 |

15 | REQUEST NO. 283:

16 |         All DOCUMENTS supporting, refuting, or evidencing the allegation in

17 | paragraph 10 of the COMPLAINT that Bryant executed an Employee Confidential

18 | Information and Inventions Agreement "upon starting his second term of

19 | employment by Mattel, and as a condition of and in consideration for his

20 | employment."

21 |

22 | SUPPLEMENTAL RESPONSE TO REQUEST NO. 283:

23 |         In addition to the general objections stated above, which are

24 | incorporated herein by reference, Mattel objects to this Request on the grounds that

25 | it calls for the disclosure of information subject to the attorney-client privilege, the

26 | attorney work-product doctrine and other applicable privileges.  Mattel further

27 | objects to this Request on the grounds that it is duplicative of or subsumed within

28 | other Requests within this set of requests, duplicative of or subsumed within prior

Mattel's Supplemental Responses to MGA's First Set of Requests for Production

Exhibit 43 - Page 2003

1  Requests already responded to in this litigation, and seeks the re-production of

2  information and documents already produced in this action.  Such information and

3  documents will not be re-produced.  Subject to the foregoing, Mattel will produce

4  responsive, non-privileged documents in its possession, custody or control, which it

5  can locate after a diligent search and reasonable inquiry and to the extent such

6  documents have not been previously produced.

7

8  <u>REQUEST NO. 286</u>:

9          All DOCUMENTS supporting, refuting, or evidencing the allegation in

10  paragraph 12 of the COMPLAINT that "[i]n late November 2003, Mattel learned

11  that Bryant had secretly aided, assisted and worked for a Mattel competitor."

12

13  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 286</u>:

14          In addition to the general objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.  Mattel further

18  objects to this Request on the grounds that it is duplicative of or subsumed within

19  other Requests within this set of requests, duplicative of or subsumed within prior

20  Requests already responded to in this litigation, and seeks the re-production of

21  information and documents already produced in this action.  Such information and

22  documents will not be re-produced.  Subject to and without waiving the foregoing

23  general and specific objections, Mattel will produce responsive, non-privileged

24  documents in its possession, custody or control, which it has been able to locate

25  after a diligent search and reasonable inquiry, to the extent not previously produced.

26

27

28

REQUEST NO. 287:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 12 of the COMPLAINT that "while Bryant was employed by Mattel, Bryant and the other defendants converted, misappropriated and misused Mattel property and resources," and the allegation that the "property and resources" were "converted, misappropriate and misused" for "the benefit of, and to aid and assist, Bryant personally and Mattel's competitor."

SUPPLEMENTAL RESPONSE TO REQUEST NO. 287:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.  Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 288:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 13 of the COMPLAINT that "Bryant" made "affirmative misrepresentations to Mattel management upon his departure from Mattel, including, without limitation, all DOCUMENTS constituting, mentioning, discussing, describing, referring or relating to the alleged misrepresentations and all

-22-

1    DOCUMENTS evidencing what the alleged misrepresentations were, when they

2    were made and to whom they were made.

3

4    SUPPLEMENTAL RESPONSE TO REQUEST NO. 288:

5              In addition to the general objections stated above, which are

6    incorporated herein by reference, Mattel objects to this Request on the grounds that

7    it calls for the disclosure of information subject to the attorney-client privilege, the

8    attorney work-product doctrine and other applicable privileges.  Mattel further

9    objects to this Request on the grounds that it is duplicative of or subsumed within

10   other Requests within this set of requests, duplicative of or subsumed within prior

11   Requests already responded to in this litigation, and seeks the re-production of

12   information and documents already produced in this action.  Such information and

13   documents will not be re-produced.  Subject to and without waiving the foregoing

14   general and specific objections, Mattel will produce responsive, non-privileged

15   documents in its possession, custody or control, which it has been able to locate

16   after a diligent search and reasonable inquiry, to the extent not previously produced.

17

18   REQUEST NO. 289:

19             All DOCUMENTS constituting, evidencing, referring or relating to any

20   exit interview in which BRYANT participated.

21

22   SUPPLEMENTAL RESPONSE TO REQUEST NO. 289:

23             In addition to the general objections stated above, which are

24   incorporated herein by reference, Mattel objects to this Request on the grounds that

25   it calls for the disclosure of information subject to the attorney-client privilege, the

26   attorney work-product doctrine and other applicable privileges.  Mattel further

27   objects to this Request as overbroad and unduly burdensome in that it seeks all

28   documents in Mattel's possession, custody and control created by anyone at any time

Mattel's Supplemental Responses to MGA's First Set of Requests for Production
Exhibit 43 - Page 2006

07209/2029306.1

1  related to this topic, regardless of whether the documents relate to the conduct at

2  issue in this lawsuit.  Mattel further objects to this Request as unduly burdensome

3  on the grounds that this information is equally available to Bryant, as Bryant

4  necessarily possesses firsthand knowledge of the exit interview in which he

5  participated.  Mattel further objects to this Request on the grounds that it is

6  duplicative of or subsumed within other Requests within this set of requests,

7  duplicative of or subsumed within prior Requests already responded to in this

8  litigation, and seeks the re-production of information and documents already

9  produced in this action.  Such information and documents will not be re-produced.

10  Subject to and without waiving the foregoing general and specific objections, Mattel

11  will produce responsive, non-privileged documents in its possession, custody or

12  control, which it has been able to locate after a diligent search and reasonable

13  inquiry, to the extent not previously produced.

14

15  REQUEST NO. 290:

16         All DOCUMENTS supporting, refuting, or evidencing the allegation in

17  paragraph 13 of the COMPLAINT that "Mattel had no reason to suspect that Bryant

18  had worked for the competitor while still employed by Mattel until late November

19  2003."

20

21  SUPPLEMENTAL RESPONSE TO REQUEST NO. 290:

22         In addition to the general objections stated above, which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24  it calls for the disclosure of information subject to the attorney-client privilege, the

25  attorney work-product doctrine and other applicable privileges.  Mattel further

26  objects to this Request on the grounds that it is duplicative of or subsumed within

27  prior Requests already responded to and seeks the re-production of information and

28  documents already produced in this action.  Such information and documents will

1  not be re-produced.  Subject to and without waiving the foregoing general and

2  specific objections, Mattel will produce responsive, non-privileged documents in its

3  possession, custody or control, which it has been able to locate after a diligent

4  search and reasonable inquiry, to the extent not previously produced.

5

6  REQUEST NO. 291:

7          All DOCUMENTS evidencing how, when and under what

8  circumstances Mattel received "through an unrelated legal action, a copy of Bryant's

9  agreement with the competitor," as alleged in paragraph 13 of the COMPLAINT.

10

11  SUPPLEMENTAL RESPONSE TO REQUEST NO. 291:

12          In addition to the general objections stated above, which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it calls for the disclosure of information subject to the attorney-client privilege, the

15  attorney work-product doctrine and other applicable privileges.  Mattel further

16  objects to this Request on the grounds that it is duplicative of or subsumed within

17  other Requests within this set of requests, duplicative of or subsumed within prior

18  Requests already responded to in this litigation, and seeks the re-production of

19  information and documents already produced in this action.  Such information and

20  documents will not be re-produced.  Subject to and without waiving the foregoing

21  general and specific objections, Mattel will produce responsive, non-privileged

22  documents in its possession, custody or control, which it has been able to locate

23  after a diligent search and reasonable inquiry, to the extent not previously produced.

24

25  REQUEST NO. 292:

26          All DOCUMENTS mentioning, referring or relating to the "unrelated

27  legal action" described in paragraph 13 of the COMPLAINT.

28

1  SUPPLEMENTAL RESPONSE TO REQUEST NO. 292:

2  In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Mattel further

6  objects to this Request as overbroad and unduly burdensome in that it seeks all

7  documents in Mattel's possession, custody and control created by anyone at any time

8  mentioning, referring or relating to an unrelated legal action, regardless of whether

9  the documents relate to the conduct at issue in this lawsuit.  Mattel further objects to

10  this Request on the grounds that it seeks documents that are not relevant to this

11  action or likely to lead to the discovery of admissible evidence.  Mattel further

12  objects to this Request on the grounds that it is duplicative of or subsumed within

13  other Requests within this set of requests, duplicative of or subsumed within prior

14  Requests already responded to in this litigation, and seeks the re-production of

15  information and documents already produced in this action.  Such information and

16  documents will not be re-produced.  Subject to the foregoing, Mattel will produce

17  non-privileged, relevant documents located pursuant to reasonable search, to the

18  extent not already produced.

19

20  REQUEST NO. 293:

21  All DOCUMENTS that YOU received "through" the "unrelated legal

22  action" described in paragraph 13 of the COMPLAINT including, without

23  limitation, the "copy of Bryant's agreement with the competitor."

24

25  SUPPLEMENTAL RESPONSE TO REQUEST NO. 293:

26  In addition to the general objections stated above, which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it calls for the disclosure of information subject to the attorney-client privilege, the

1  attorney work-product doctrine and other applicable privileges.  Mattel further

2  objects to this Request on the grounds that it seeks documents whose production

3  would violate the terms of agreements entered into with third parties, or violate the

4  privacy, contractual, or other rights of third parties.  Mattel further objects to this

5  Request as overbroad and unduly burdensome in that it seeks all documents in

6  Mattel's possession, custody and control created at any time and received by Mattel

7  at any time through an unrelated legal action, regardless of whether the documents

8  relate to the conduct at issue in this lawsuit.  Mattel further objects to this Request

9  on the grounds that it seeks documents that are not relevant to this action or likely to

10  lead to the discovery of admissible evidence.  Mattel further objects to this Request

11  on the grounds that it is duplicative of or subsumed within other Requests within

12  this set of requests, duplicative of or subsumed within prior Requests already

13  responded to in this litigation, and seeks the re-production of information and

14  documents already produced in this action.  Such information and documents will

15  not be re-produced.  Subject to and without waiving the foregoing general and

16  specific objections, Mattel will produce responsive, non-privileged documents in its

17  possession, custody or control which it has been able to locate after a diligent search

18  and reasonable inquiry, to the extent not already produced.

19

20  REQUEST NO. 294:

21          All DOCUMENTS, including, without limitation, all contracts,

22  agreements and drafts, that YOU or YOUR attorneys have exchanged with, between

23  or among any person or entity that is a party to the "unrelated legal action"

24  described in paragraph 13 of the COMPLAINT, or their counsel.

25

26  SUPPLEMENTAL RESPONSE TO REQUEST NO. 294:

27          In addition to the general objections stated above, which are

28  incorporated herein by reference, Mattel objects to this Request as overbroad and

1 | unduly burdensome in that it seeks all documents in Mattel's possession, custody

2 | and control exchanged with, between or among any person or entity that is a party to

3 | an unrelated legal action, without limitation as to time, and regardless of whether the

4 | documents relate to the conduct at issue in this lawsuit.  Mattel further objects to this

5 | Request on the grounds that it seeks documents that are not relevant to this action or

6 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this

7 | Request on the grounds that it is duplicative of or subsumed within other Requests

8 | within this set of requests, duplicative of or subsumed within prior Requests already

9 | responded to in this litigation, and seeks the re-production of information and

10 | documents already produced in this action.  Such information and documents will

11 | not be re-produced.  Subject to and without waiving the foregoing general and

12 | specific objections, Mattel will produce responsive, non-privileged documents in its

13 | possession, custody or control which it has been able to locate after a diligent search

14 | and reasonable inquiry, to the extent not already produced.

15 |

16 | REQUEST NO. 295:

17 | All DOCUMENTS supporting, refuting, or evidencing the allegation in

18 | paragraph 14 of the COMPLAINT that "Bryant breached his contracts with Mattel

19 | and violated his duty of loyalty and fiduciary duties to Mattel," and the allegation

20 | that "other defendants have unlawfully aided and abetted his violation of such

21 | duties," and the allegation that "each of the defendants has been unjustly enriched

22 | and engaged in acts of conversion."

23 |

24 | SUPPLEMENTAL RESPONSE TO REQUEST NO. 295:

25 | In addition to the general objections stated above, which are

26 | incorporated herein by reference, Mattel objects to this Request on the grounds that

27 | it calls for the disclosure of information subject to the attorney-client privilege, the

28 | attorney work-product doctrine and other applicable privileges.  Mattel further

1  objects to this Request on the grounds that it is duplicative of or subsumed within

2  prior Requests already responded to and seeks the re-production of information and

3  documents already produced in this action.  Such information and documents will

4  not be re-produced.  Subject to and without waiving the foregoing general and

5  specific objections, Mattel will produce responsive, non-privileged documents in its

6  possession, custody or control, which it has been able to locate after a diligent

7  search and reasonable inquiry, to the extent not previously produced.

8

9  REQUEST NO. 297:

10       All DOCUMENTS supporting, refuting, or evidencing the allegation in

11  paragraph 17 of the COMPLAINT that "Mattel has performed each and every term

12  and condition of the Employment Agreement and Conflict Questionnaire required to

13  be performed by Mattel."

14

15  SUPPLEMENTAL RESPONSE TO REQUEST NO. 297:

16       In addition to the general objections stated above, which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it calls for the disclosure of information subject to the attorney-client privilege, the

19  attorney work-product doctrine and other applicable privileges.  Mattel further

20  objects to this Request on the grounds that it is duplicative of or subsumed within

21  other Requests within this set of requests, duplicative of or subsumed within prior

22  Requests already responded to in this litigation, and seeks the re-production of

23  information and documents already produced in this action.  Such information and

24  documents will not be re-produced.  Subject to and without waiving the foregoing

25  general and specific objections, Mattel will produce responsive, non-privileged

26  documents in its possession, custody or control, which it has been able to locate

27  after a diligent search and reasonable inquiry, to the extent not previously produced.

28

-29-

Mattel's Supplemental Responses to MGA's First Set of Requests for Production

Exhibit 43 - Page 2012

1  REQUEST NO. 298:

2          All DOCUMENTS supporting, refuting, or evidencing the allegation in

3  paragraph 19 of the COMPLAINT that "Mattel has suffered and will in the future

4  continue to suffer damages."

5

6  SUPPLEMENTAL RESPONSE TO REQUEST NO. 298:

7          In addition to the general objections stated above, which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it is unreasonably burdensome and premature in that the facts necessary to

10  determine the full nature and extent of Mattel's relief and damages from defendant's

11  acts or omissions are known by defendants and third parties associated with

12  defendants, but are not known by Mattel at this juncture because of defendants'

13  refusals to produce basic discovery.  Mattel further objects to this Request on the

14  grounds that it calls for the disclosure of information subject to the attorney-client

15  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

16  further objects to this Request on the grounds that it is duplicative of or subsumed

17  within prior Requests already responded to and seeks the re-production of

18  information and documents already produced in this action.  Such information and

19  documents will not be re-produced.  Mattel further objects to this Request as

20  premature in that it seeks expert discovery.  Such discovery will be disclosed only at

21  the time, and in the manner required by, the Rules and the Court's Orders.  Subject

22  to and without waiving the foregoing general and specific objections, Mattel will

23  produce responsive, non-privileged documents relating to the fact of damage in its

24  possession, custody or control, which it has been able to locate after a diligent

25  search and reasonable inquiry, to the extent not previously produced.  Furthermore,

26  this topic may be the subject of expert testimony and disclosure, which will be

27  produced at the time and in the manner required by the Rules or Court Order.

28

REQUEST NO. 299:

All DOCUMENTS estimating, calculating, determining or evidencing the "amounts paid by the competitor to Bryant during his Mattel employment" as alleged in paragraph 19 of the COMPLAINT.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 299:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unduly burdensome in that it purports to require Mattel to search for, identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and nonparties associated with defendants, and that are not known to Mattel because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Mattel further objects to this Request as premature in that it seeks expert discovery. Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents in its possession, custody or control, which it has been able to locate after a diligent

1  search and reasonable inquiry, to the extent not previously produced.  Furthermore,

2  this topic may be the subject of expert testimony and disclosure, which will be

3  produced at the time and in the manner required by the <u>Rules</u> or Court Order.

4

5  <u>REQUEST NO. 300</u>:

6           All DOCUMENTS estimating, calculating, determining or evidencing

7  the "amounts paid by the competitor to Bryant as result of the work he performed

8  for the competitor during his Mattel employment" as alleged in paragraph 19 of the

9  COMPLAINT.

10

11  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 300</u>:

12           In addition to the general objections stated above, which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is unduly burdensome in that it purports to require Mattel to search for, identify

15  and produce documents relating to matters that are currently known to and in the

16  possession, custody and defendants and nonparties associated defendants, and that

17  are not known to Mattel because of defendants' refusals to produce basic discovery.

18  Mattel further objects to this Request on the grounds that it calls for the disclosure

19  of information subject to the attorney-client privilege, the attorney work-product

20  doctrine and other applicable privileges.  Mattel further objects to this Request on

21  the grounds that it is duplicative of or subsumed within prior Requests already

22  responded to and seeks the re-production of information and documents already

23  produced in this action.  Such information and documents will not be re-produced.

24  Mattel further objects to this Request as premature in that it seeks expert discovery.

25  Such discovery will be disclosed only at the time, and in the manner required by, the

26  <u>Rules</u> and the Court's Orders.  Subject to and without waiving the foregoing general

27  and specific objections, Mattel will produce responsive, non-privileged documents

28  in its possession, custody or control, which it has been able to locate after a diligent

1   search and reasonable inquiry, to the extent not previously produced.  Furthermore,

2   this topic may be the subject of expert testimony and disclosure, which will be

3   produced at the time and in the manner required by the Rules or Court Order.

4

5   REQUEST NO. 301:

6             All DOCUMENTS estimating, calculating, determining or evidencing

7   the "value of information and intellectual property owned by Mattel which Bryant

8   provided to the competitor" as alleged in paragraph 19 of the COMPLAINT.

9

10  SUPPLEMENTAL RESPONSE TO REQUEST NO. 301:

11            In addition to the general objections stated above, which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is unduly burdensome in that it purports to require Mattel to search for, identify

14  and produce documents relating to matters that are currently known to and in the

15  possession, custody and control of defendants and nonparties associated with

16  defendants, and that are not known to Mattel because of defendants' refusals to

17  produce basic discovery.  Mattel further objects to this Request on the grounds that

18  it calls for the disclosure of information subject to the attorney-client privilege, the

19  attorney work-product doctrine and other applicable privileges.  Mattel further

20  objects to this Request on the grounds that it is duplicative of or subsumed within

21  prior Requests already responded to and seeks the re-production of information and

22  documents already produced in this action.  Such information and documents will

23  not be re-produced.  Mattel further objects to this Request as premature in that it

24  seeks expert discovery.  Such discovery will be disclosed only at the time, and in the

25  manner required by, the Rules and the Court's Orders.  Mattel further objects to this

26  Request on the grounds that it is duplicative of or subsumed within other Requests

27  within this set of requests, duplicative of or subsumed within prior Requests already

28  responded to in this litigation, and seeks the re-production of information and

Mattel's Supplemental Responses to MGA's First Set of Requests for Production

Exhibit 43 - Page 2016

07209/2029306.1

1   documents already produced in this action.  Such information and documents will

2   not be re-produced.  Subject to and without waiving the foregoing general and

3   specific objections, Mattel will produce responsive, non-privileged documents in its

4   possession, custody or control, which it has been able to locate after a diligent

5   search and reasonable inquiry, to the extent not previously produced.  Furthermore,

6   this topic may be the subject of expert testimony and disclosure, which will be

7   produced at the time and in the manner required by the <u>Rules</u> or Court Order.

8

9   <u>REQUEST NO. 304</u>:

10          All DOCUMENTS estimating, calculating, determining or evidencing

11  the "value of the benefits the competitor obtained from Bryant during the time he

12  was employed by Mattel" as alleged in paragraph 19 of the COMPLAINT.

13

14  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 304</u>:

15          In addition to the general objections stated above, which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is unduly burdensome in that it purports to require Mattel to search for, identify

18  and produce documents relating to matters that are currently known to and in the

19  possession, custody and control of defendants and nonparties associated with

20  defendants, and that are not known to Mattel because of defendants' refusals to

21  produce basic discovery.  Mattel further objects to this Request on the grounds that

22  it calls for the disclosure of information subject to the attorney-client privilege, the

23  attorney work-product doctrine and other applicable privileges.  Mattel further

24  objects to this Request on the grounds that it is duplicative of or subsumed within

25  prior Requests already responded to and seeks the re-production of information and

26  documents already produced in this action.  Such information and documents will

27  not be re-produced.  Mattel further objects to this Request as premature in that it

28  seeks expert discovery.  Such discovery will be disclosed only at the time, and in the

1 | manner required by, the <u>Rules</u> and the Court's Orders.  Mattel further objects to this

2 | Request on the grounds that it is duplicative of or subsumed within other Requests

3 | within this set of requests, duplicative of or subsumed within prior Requests already

4 | responded to in this litigation, and seeks the re-production of information and

5 | documents already produced in this action.  Such information and documents will

6 | not be re-produced.  Subject to and without waiving the foregoing general and

7 | specific objections, Mattel will produce responsive, non-privileged documents in its

8 | possession, custody or control, which it has been able to locate after a diligent

9 | search and reasonable inquiry, to the extent not previously produced.  Furthermore,

10 | this topic may be the subject of expert testimony and disclosure, which will be

11 | produced at the time and in the manner required by the <u>Rules</u> or Court Order.

12 |

13 | <u>REQUEST NO. 305:</u>

14 |     All DOCUMENTS estimating, calculating, determining or evidencing

15 | the "value of the benefits the competitor obtained from Bryant as a result of the

16 | work he performed for the competitor during his Mattel employment" as alleged in

17 | paragraph 19 of the COMPLAINT.

18 |

19 | <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 305:</u>

20 |     In addition to the general objections stated above, which are

21 | incorporated herein by reference, Mattel objects to this Request on the grounds that

22 | it is unduly burdensome in that it purports to require Mattel to search for, identify

23 | and produce documents relating to matters that are currently known to and in the

24 | possession, custody and control of defendants and nonparties associated with

25 | defendants, and that are not known to Mattel because of defendants' refusals to

26 | produce basic discovery.  Mattel further objects to this Request on the grounds that

27 | it calls for the disclosure of information subject to the attorney-client privilege, the

28 | attorney work-product doctrine and other applicable privileges.  Mattel further

1  objects to this Request on the grounds that it is duplicative of or subsumed within

2  prior Requests already responded to and seeks the re-production of information and

3  documents already produced in this action.  Such information and documents will

4  not be re-produced.  Mattel further objects to this Request as premature in that it

5  seeks expert discovery.  Such discovery will be disclosed only at the time, and in the

6  manner required by, the <u>Rules</u> and the Court's Orders.  Mattel further objects to this

7  Request on the grounds that it is duplicative of or subsumed within other Requests

8  within this set of requests, duplicative of or subsumed within prior Requests already

9  responded to in this litigation, and seeks the re-production of information and

10  documents already produced in this action.  Such information and documents will

11  not be re-produced.  Subject to and without waiving the foregoing general and

12  specific objections, Mattel will produce responsive, non-privileged documents

13  relating to the fact of damage in its possession, custody or control, which it has been

14  able to locate after a diligent search and reasonable inquiry, to the extent not

15  previously produced.  Furthermore, this topic may be the subject of expert testimony

16  and disclosure, which will be produced at the time and in the manner required by the

17  <u>Rules</u> or Court Order.

18

19  REQUEST NO. 308:

20         All DOCUMENTS supporting, refuting, or evidencing the allegation in

21  paragraph 22 of the COMPLAINT that "Bryant held a position of trust and

22  confidence with Mattel."

23

24  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 308</u>:

25         In addition to the general objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Mattel further

1   objects to this Request on the grounds that it is duplicative of or subsumed within

2   prior Requests already responded to and seeks the re-production of information and

3   documents already produced in this action.  Such information and documents will

4   not be re-produced.  Subject to and without waiving the foregoing general and

5   specific objections, Mattel will produce responsive, non-privileged documents

6   relating to Bryant in its possession, custody or control, which it has been able to

7   locate after a diligent search and reasonable inquiry, to the extent not previously

8   produced.

9

10  REQUEST NO. 310:

11          All DOCUMENTS supporting, refuting, or evidencing the allegation in

12  paragraph 22 of the COMPLAINT that "Bryant had access to" "Mattel's proprietary

13  and confidential information."

14

15  SUPPLEMENTAL RESPONSE TO REQUEST NO. 310:

16          In addition to the general objections stated above, which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it calls for the disclosure of information subject to the attorney-client privilege, the

19  attorney work-product doctrine and other applicable privileges.  Mattel further

20  objects to this Request on the grounds that it is duplicative of or subsumed within

21  prior Requests already responded to and seeks the re-production of information and

22  documents already produced in this action.  Such information and documents will

23  not be re-produced.  Subject to and without waiving the foregoing general and

24  specific objections, Mattel will produce responsive, non-privileged documents in its

25  possession, custody or control, which it has been able to locate after a diligent

26  search and reasonable inquiry, to the extent not previously produced.

27

28

1  REQUEST NO. 312:

2          DOCUMENTS supporting, refuting, or evidencing the allegation in

3  paragraph 229 [sic] of the COMPLAINT that "Bryant. . . was entrusted with

4  Mattel's proprietary and confidential information."

5

6  SUPPLEMENTAL RESPONSE TO REQUEST NO. 312:

7          In addition to the general objections stated above, which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects to this Request on the grounds that it is duplicative of or subsumed within

12  other Requests within this set of requests, duplicative of or subsumed within prior

13  Requests already responded to in this litigation, and seeks the re-production of

14  information and documents already produced in this action.  Such information and

15  documents will not be re-produced.  Subject to and without waiving the foregoing

16  general and specific objections, Mattel will produce responsive, non-privileged

17  documents in its possession, custody or control, which it has been able to locate

18  after a diligent search and reasonable inquiry, to the extent not previously produced.

19

20  REQUEST NO. 314:

21          All DOCUMENTS supporting, refuting, or evidencing the allegation in

22  paragraph 22 of the COMPLAINT that Bryant "supervised the work of others. [sic]

23

24  SUPPLEMENTAL RESPONSE TO REQUEST NO. 314:

25          In addition to the general objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Mattel further

1  objects to this Request on the grounds that it is duplicative of or subsumed within

2  other Requests within this set of requests, duplicative of or subsumed within prior

3  Requests already responded to in this litigation, and seeks the re-production of

4  information and documents already produced in this action.  Such information and

5  documents will not be re-produced.  Such information and documents will not be re-

6  produced.  Subject to and without waiving the foregoing general and specific

7  objections, Mattel will produce responsive, non-privileged documents in its

8  possession, custody or control, which it has been able to locate after a diligent

9  search and reasonable inquiry, to the extent not previously produced.

10

11  REQUEST NO. 316:

12          All DOCUMENTS supporting, refuting, or evidencing the allegation in

13  paragraph 22 of the COMPLAINT that Bryant "exercised discretion" in "many of

14  his job assignments and duties."

15

16  SUPPLEMENTAL RESPONSE TO REQUEST NO. 316:

17          In addition to the general objections stated above, which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it calls for the disclosure of information subject to the attorney-client privilege, the

20  attorney work-product doctrine and other applicable privileges.  Mattel further

21  objects to this Request on the grounds that it is duplicative of or subsumed within

22  other Requests within this set of requests, duplicative of or subsumed within prior

23  Requests already responded to in this litigation, and seeks the re-production of

24  information and documents already produced in this action.  Such information and

25  documents will not be re-produced.  Subject to and without waiving the foregoing

26  general and specific objections, Mattel will produce responsive, non-privileged

27  documents in its possession, custody or control, which it has been able to locate

28  after a diligent search and reasonable inquiry, to the extent not previously produced.

1  REQUEST NO. 318:

2          All DOCUMENTS describing, discussing, mentioning, referring or

3  relating to the nature and scope of Bryant's "job assignments and duties" as alleged

4  in paragraph 22 of the COMPLAINT.

5

6  SUPPLEMENTAL RESPONSE TO REQUEST NO. 318:

7          In addition to the general objections stated above, which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects to this Request as overbroad, unduly burdensome and oppressive in that it

12  seeks "all" documents in Mattel's possession, custody and control on this broad

13  subject.  Mattel further objects to this Request on the grounds that it is duplicative of

14  or subsumed within other Requests within this set of requests, duplicative of or

15  subsumed within prior Requests already responded to in this litigation, and seeks the

16  re-production of information and documents already produced in this action.  Such

17  information and documents will not be re-produced.  Subject to and without waiving

18  the foregoing general and specific objections, Mattel will produce responsive, non-

19  privileged documents in its possession, custody or control, which it has been able to

20  locate after a diligent search and reasonable inquiry, to the extent not previously

21  produced.

22

23  REQUEST NO. 319:

24          All DOCUMENTS supporting, refuting, or evidencing the allegation in

25  paragraph 22 of the COMPLAINT that Bryant "worked independently in many of

26  his job assignments and duties."

27

28

1  SUPPLEMENTAL RESPONSE TO REQUEST NO. 319:

2  In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges. Mattel further

6  objects to this Request on the grounds that it is duplicative of or subsumed within

7  other Requests within this set of requests, duplicative of or subsumed within prior

8  Requests already responded to in this litigation, and seeks the re-production of

9  information and documents already produced in this action. Such information and

10 documents will not be re-produced. Subject to and without waiving the foregoing

11 general and specific objections, Mattel will produce responsive, non-privileged

12 documents in its possession, custody or control, which it has been able to locate

13 after a diligent search and reasonable inquiry, to the extent not previously produced.

14

15 REQUEST NO. 321:

16 All DOCUMENTS supporting, refuting, or evidencing the allegation in

17 paragraph 22 of the COMPLAINT that Bryant "represented Mattel in its dealings

18 with third parties."

19

20 SUPPLEMENTAL RESPONSE TO REQUEST NO. 321:

21 In addition to the general objections stated above, which are

22 incorporated herein by reference, Mattel objects to this Request on the grounds that

23 it calls for the disclosure of information subject to the attorney-client privilege, the

24 attorney work-product doctrine and other applicable privileges. Mattel further

25 objects to this Request on the grounds that it is duplicative of or subsumed within

26 other Requests within this set of requests, duplicative of or subsumed within prior

27 Requests already responded to in this litigation, and seeks the re-production of

28 information and documents already produced in this action. Such information and

Mattel's Supplemental Responses to MGA's First Set of Requests for Production

Exhibit 43 - Page 2024

1  documents will not be re-produced.  Subject to and without waiving the foregoing

2  general and specific objections, Mattel will produce responsive, non-privileged

3  documents in its possession, custody or control, which it has been able to locate

4  after a diligent search and reasonable inquiry, to the extent not previously produced.

5

6  REQUEST NO. 322:

7         All DOCUMENTS evidencing all instances in which BRYANT

8  represented MATTEL in any dealing with any third party.

9

10  SUPPLEMENTAL RESPONSE TO REQUEST NO. 322:

11        In addition to the general objections stated above, which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it calls for the disclosure of information subject to the attorney-client privilege, the

14  attorney work-product doctrine and other applicable privileges.  Mattel further

15  objects to this Request as overbroad, unduly burdensome and oppressive in that it

16  seeks "all" documents in Mattel's possession, custody and control on this broad

17  subject.  Mattel further objects to this Request on the grounds that it is duplicative of

18  or subsumed within other Requests within this set of requests, duplicative of or

19  subsumed within prior Requests already responded to in this litigation, and seeks the

20  re-production of information and documents already produced in this action.  Such

21  information and documents will not be re-produced.  Subject to and without waiving

22  the foregoing general and specific objections, Mattel will produce responsive, non-

23  privileged documents in its possession, custody or control, which it has been able to

24  locate after a diligent search and reasonable inquiry, to the extent not already

25  produced.

26

27

28

1  REQUEST NO. 324:

2         All DOCUMENTS supporting, refuting, or evidencing the allegation in

3  paragraph 22 of the COMPLAINT that Bryant "in the course and scope of his

4  employment with Mattel, was an agent of Mattel," including, without limitation, all

5  DOCUMENTS evidencing, describing, discussing, mentioning, referring or relating

6  to the nature and scope of the alleged agency.

7

8  SUPPLEMENTAL RESPONSE TO REQUEST NO. 324:

9         In addition to the general objections stated above, which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it calls for the disclosure of information subject to the attorney-client privilege, the

12  attorney work-product doctrine and other applicable privileges.  Mattel further

13  objects to this Request as overbroad, unduly burdensome and oppressive in that it

14  seeks "all" documents in Mattel's possession, custody and control on this broad

15  subject.  Mattel further objects to this Request on the grounds that it is duplicative of

16  or subsumed within other Requests within this set of requests, duplicative of or

17  subsumed within prior Requests already responded to in this litigation, and seeks the

18  re-production of information and documents already produced in this action.  Such

19  information and documents will not be re-produced.  Subject to and without waiving

20  the foregoing general and specific objections, Mattel will produce responsive, non-

21  privileged documents in its possession, custody or control, which it has been able to

22  locate after a diligent search and reasonable inquiry, to the extent not previously

23  produced.

24

25  REQUEST NO. 325:

26         All DOCUMENTS supporting, refuting, or evidencing the allegation in

27  paragraph 25 of the COMPLAINT that "Mattel has incurred damages" as a "direct

28  and proximate result of defendants' wrongful conduct."

SUPPLEMENTAL RESPONSE TO REQUEST NO. 325:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.  Mattel further objects to this Request as premature in that it seeks expert discovery.  Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.  Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents relating to the fact of damage in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.  Furthermore, this topic may be the subject of expert testimony and disclosure, which will be produced at the time and in the manner required by the Rules or Court Order.

1  REQUEST NO. 326:

2      All DOCUMENTS supporting, refuting, or evidencing the allegation in

3  paragraph 26 of the COMPLAINT that "[d]efendants acted with malice, fraud and

4  oppression."

5

6  SUPPLEMENTAL RESPONSE TO REQUEST NO. 326:

7      In addition to the general objections stated above, which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects to this Request as unduly burdensome in that it purports to require Mattel to

12  search for, identify and produce documents relating to matters that are currently

13  known to and in the possession, custody and control of defendants and nonparties

14  associated with defendants, and that are not known to Mattel because of defendants'

15  refusals to produce basic discovery.  Mattel further objects to this Request on the

16  grounds that it is duplicative of or subsumed within other Requests within this set of

17  requests, duplicative of or subsumed within prior Requests already responded to in

18  this litigation, and seeks the re-production of information and documents already

19  produced in this action.  Such information and documents will not be re-produced.

20  Subject to and without waiving the foregoing general and specific objections, Mattel

21  will produce responsive, non-privileged documents in its possession, custody or

22  control, which it has been able to locate after a diligent search and reasonable

23  inquiry, to the extent not previously produced.

24

25  REQUEST NO. 327:

26      All DOCUMENTS supporting, refuting, or evidencing the allegation in

27  paragraph 36 of the COMPLAINT that "[d]efendants. . . used and diverted Mattel

28

1   property, resources and opportunities for the benefit of, and to aid and assist,

2   themselves."

3

4   <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 327</u>:

5           In addition to the general objections stated above, which are

6   incorporated herein by reference, Mattel objects to this Request as unduly

7   burdensome in that it purports to require Mattel to search for, identify and produce

8   documents relating to matters that are currently known to and in the possession,

9   custody and control of defendants and nonparties associated with defendants, and

10  that are not known to Mattel because of defendants' refusals to produce basic

11  discovery.  Mattel further objects to this Request on the grounds that it calls for the

12  disclosure of information subject to the attorney-client privilege, the attorney work-

13  product doctrine and other applicable privileges.  Mattel further objects to this

14  Request on the grounds that it is duplicative of or subsumed within other Requests

15  within this set of requests, duplicative of or subsumed within prior Requests already

16  responded to in this litigation, and seeks the re-production of information and

17  documents already produced in this action.  Such information and documents will

18  not be re-produced.  Mattel further objects to this Request as premature in that it

19  seeks expert discovery.  Such discovery will be disclosed only at the time, and in the

20  manner required by, the <u>Rules</u> and the Court's Orders.  Mattel further objects to this

21  Request on the grounds that it is duplicative of or subsumed within other Requests

22  within this set of requests, duplicative of or subsumed within prior Requests already

23  responded to in this litigation, and seeks the re-production of information and

24  documents already produced in this action.  Such information and documents will

25  not be re-produced.  Subject to and without waiving the foregoing general and

26  specific objections, Mattel will produce responsive, non-privileged documents in its

27  possession, custody or control, which it has been able to locate after a diligent

28  search and reasonable inquiry, to the extent not previously produced.  Furthermore,

-46-

Mattel's Supplemental Responses to MGA's First Set of Requests for Production

Exhibit 43 - Page 2029

1 | this topic may be the subject of expert testimony and disclosure, which will be

2 | produced at the time and in the manner required by the <u>Rules</u> or Court Order.

3 |

4 | <u>REQUEST NO. 328</u>:

5 |       All DOCUMENTS constituting, identifying, evidencing, describing,

6 | showing or depicting the "used and diverted Mattel property" mentioned in

7 | paragraph 36 of the COMPLAINT.

8 |

9 | <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 328</u>:

10 |       In addition to the general objections stated above, which are

11 | incorporated herein by reference, Mattel objects to this Request as unduly

12 | burdensome in that it purports to require Mattel to search for, identify and produce

13 | documents relating to matters that are currently known to and in the possession,

14 | custody and control of defendants and nonparties associated with defendants, and

15 | that are not known to Mattel because of defendants' refusals to produce basic

16 | discovery. Mattel further objects to this Request as overbroad, unduly burdensome

17 | and oppressive in that it seeks "all" documents in Mattel's possession, custody and

18 | control on this broad subject. Mattel further objects to this Request on the grounds

19 | that it calls for the disclosure of information subject to the attorney-client privilege,

20 | the attorney work-product doctrine and other applicable privileges. Mattel further

21 | objects to this Request on the grounds that it is duplicative of or subsumed within

22 | other Requests within this set of requests, duplicative of or subsumed within prior

23 | Requests already responded to in this litigation, and seeks the re-production of

24 | information and documents already produced in this action. Such information and

25 | documents will not be re-produced. Subject to and without waiving the foregoing

26 | general and specific objections, Mattel will produce responsive, non-privileged

27 | documents in its possession, custody or control, which it has been able to locate

28 | after a diligent search and reasonable inquiry, to the extent not previously produced.

1  REQUEST NO. 331:

2          All DOCUMENTS estimating, calculating, determining or evidencing

3  the amount by which "Defendants have been unjustly enriched" as alleged in

4  paragraph 36 of the COMPLAINT.

5

6  SUPPLEMENTAL RESPONSE TO REQUEST NO. 331:

7          In addition to the general objections stated above, which are

8  incorporated herein by reference, Mattel objects to this Request as unduly

9  burdensome in that it purports to require Mattel to search for, identify and produce

10  documents relating to matters that are currently known to and in the possession,

11  custody and control of defendants and nonparties associated with defendants, and

12  that are not known to Mattel because of defendants' refusals to produce basic

13  discovery.  Mattel further objects to this Request on the grounds that it calls for the

14  disclosure of information subject to the attorney-client privilege, the attorney work-

15  product doctrine and other applicable privileges.  Mattel further objects to this

16  Request on the grounds that it is duplicative of or subsumed within other Requests

17  within this set of requests, duplicative of or subsumed within prior Requests already

18  responded to in this litigation, and seeks the re-production of information and

19  documents already produced in this action.  Such information and documents will

20  not be re-produced.  Mattel further objects to this Request as premature in that it

21  seeks expert discovery.  Such discovery will be disclosed only at the time, and in the

22  manner required by, the Rules and the Court's Orders.  Mattel further objects to this

23  Request on the grounds that it is duplicative of or subsumed within other Requests

24  within this set of requests, duplicative of or subsumed within prior Requests already

25  responded to in this litigation, and seeks the re-production of information and

26  documents already produced in this action.  Such information and documents will

27  not be re-produced.  Subject to and without waiving the foregoing general and

28  specific objections, Mattel will produce responsive, non-privileged documents in its

1   possession, custody or control which it has been able to locate after a diligent search

2   and reasonable inquiry, to the extent not previously produced. Furthermore, this

3   topic may be the subject of expert testimony and disclosure, which will be produced

4   at the time and in the manner required by the <u>Rules</u> or Court Order.

5

6   <u>REQUEST NO. 332</u>:

7        All DOCUMENTS constituting, identifying, evidencing, describing,

8   showing, depicting, discussing, mentioning, referring and relating to the "ideas,

9   concepts, rights designs, proprietary information, and other intellectual property and

10  intangible property created by Bryant" alleged to be the "property of Mattel" in

11  paragraph 41 of the COMPLAINT.

12

13  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 332</u>:

14       In addition to the general objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request as unduly

16  burdensome in that it purports to require Mattel to search for, identify and produce

17  documents relating to matters that are currently known to and in the possession,

18  custody and control of defendants and nonparties associated with defendants, and

19  that are not known to Mattel because of defendants' refusals to produce basic

20  discovery. Mattel further objects to this Request as overbroad, unduly burdensome

21  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

22  control on this broad subject. Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges. Mattel further

25  objects to this Request on the grounds that it is duplicative of or subsumed within

26  prior Requests already responded to and seeks the re-production of information and

27  documents already produced in this action. Such information and documents will

28  not be re-produced. Subject to the foregoing, Mattel will produce non-privileged,

1  responsive documents relating to Bryant's creation of the "property of Mattel"

2  referenced in paragraph 41 of the COMPLAINT, to the extent such non-privileged,

3  responsive documents can be located pursuant to reasonable search and have not

4  already been produced.

5

6  DATED:  January 5, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
7

8                                   By
9                                      Bridget A. Morris
                                       Attorneys for Plaintiff and Counter-
10                                     Defendant Mattel

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28