# Exhibit 44

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  | John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
  | Michael T. Zeller (Bar No. 196417)
3 | michaelzeller@quinnemanuel.com
  | Timothy L. Alger (Bar No. 160303)
4 | timalger@quinnemanuel.com
  | Bridget A. Morris (Bar No. 240592)
5 | bridgetmorris@quinnemanuel.com
  | 865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
  | Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Plaintiff and Counter-Defendant Mattel

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | EASTERN DIVISION

13 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx)

14 | Plaintiff, | Consolidated with:
15 | | Case No. CV 04-09059
   | | Case No. CV 05-02727

16 | v. | MATTEL'S SECOND
17 | MATTEL, INC., a Delaware | SUPPLEMENTAL RESPONSES TO
   | Corporation, | MGA'S FIRST SET OF REQUESTS
18 | | FOR PRODUCTION

19 | Defendant. | Hon. Stephen G. Larson

20 | | Discovery Cutoff: None set
   | AND CONSOLIDATED ACTIONS | Pretrial Conf. Date: None set
21 | | Trial Date: None set

22

23

24

25

26

27

28

209/2168014.1

## Preliminary Statement

Mattel is supplementing its original responses to certain requests set forth in MGA's First Set of Requests of Production in light of the parties' meet and confers held on July 26, July 27, August 11, and December 15, 2006, in light of the Court's May 22, 2007 Order and in light of MGA's now-started identification of certain requests as being at issue. Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's partial response to any of the First Set of Requests for Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request. Mattel's agreement to produce responsive, non-privileged documents in response to a specific Request does not constitute an admission by Mattel that such responsive, non-privileged documents actually exist.

## General Objections

Mattel generally objects to each of the requests on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual request:

1.    Mattel objects to the Requests on the grounds that they seek to impose obligations upon Mattel beyond those required or permitted by the Federal Rules of Civil Procedure.

-1-

1        2.     Mattel objects to the Requests on the grounds that they call for

2  the disclosure of information subject to the attorney-client privilege, the work

3  product doctrine and other applicable privileges, including without limitation the

4  privilege against disclosure of the identities and work product of consulting experts.

5  Such documents and information will not be produced.

6        3.     Mattel objects to the Requests on the grounds that they call for

7  information that is not relevant to the claims or defenses of the pending action, nor

8  reasonably calculated to lead to the discovery of admissible evidence.

9        4.     Mattel objects to the Requests on the grounds that they are

10  unduly burdensome and vague and ambiguous in that they purport to require Mattel

11  to identify and produce documents relating to matters that are currently known to

12  and in the possession, custody and control of defendants and third parties, including

13  third parties associated with defendants, and that are not known to Mattel.

14        5.     Mattel objects to the Requests on the grounds that they seek the

15  production of documents or information that are in the possession, custody and

16  control of independent parties over whom Mattel has no control, including without

17  limitation defendants, and seek the disclosure of information or documents that are

18  in the possession, custody and control of defendants or are publicly available and

19  hence equally available to all parties to this litigation.

20        6.     Mattel objects to the Requests on the grounds that they are

21  unduly burdensome and oppressive, including without limitation in seeking "all"

22  documents that evidence, refer or relate to a given topic.  Mattel will make available

23  for inspection and copying those documents and tangible items that it is able to

24  locate after a reasonable, good-faith search for and review of non-privileged files

25  that are reasonably likely to contain responsive documents and tangible things

26  bearing on the issues in this litigation.

27

28

-2-
MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2036

1    7.    Mattel objects to the Requests on the grounds that they seek
2  documents whose production would violate the terms of agreements entered into
3  with third parties, or violate the privacy, contractual, or other rights of third parties.

4    8.    Mattel objects to the Requests on the grounds that the definition
5  of "Mattel" is overbroad, vague and ambiguous and unduly burdensome.

6    9.    Mattel objects to the Requests on the grounds that they seek
7  confidential, proprietary and trade secret information.  Such information, to the
8  extent it is relevant to this action and either has been or will be produced, has been
9  and will be produced only in reliance upon and pursuant to protective order.

10    10.    Mattel objects to the Requests on the grounds that they seek
11  documents containing confidential, proprietary and trade secret information, such as
12  current and future Mattel marketing and pricing plans and strategies, that have no
13  bearing on the claims or defenses in this matter.

14    11.    Mattel objects to each and every request to the extent that they
15  seek documents already produced in this action.  Documents which have already
16  been produced will not be produced again in response to these requests.

17    12.    Mattel objects to each Request seeking information on damages
18  on that grounds that it is premature in that it seeks expert discovery.  Such discovery
19  will be disclosed only at the time, and in the manner required by, the <u>Rules</u> and the
20  Court's Orders.

21    13.    Mattel objects to each Request seeking information on damages
22  on that grounds that it is premature and unreasonably burdensome in that such
23  information is in the possession, custody and control of defendants and third parties
24  associated with defendants but has not been disclosed by defendants and their
25  associated third parties.

26    14.    Mattel objects to the time, place and manner of production
27  specified in defendant's Requests.  Mattel will produce responsive, non-privileged
28  documents and tangible things, if any and to the extent not previously produced, in

1  accordance with its responses at a time and place and in a manner that is reasonable,

2  convenient and mutually agreed upon by the parties.

3  **RESPONSES TO REQUESTS FOR PRODUCTION**

4        Each of the following objections and responses to the Requests is

5  expressly made subject to the above Preliminary Statement and General Objections,

6  all of which are incorporated in each of the following objections and responses to

7  specific requests.  A statement by Mattel that it will produce documents or tangible

8  things in response to a Request is not intended to suggest, nor should it be construed

9  to mean, that any such documents or tangible things exist, or that they are in Mattel's

10  possession, custody or control.

11

12  REQUEST NO. 82:

13        All DOCUMENTS mentioning, referring or relating to the conception,

14  creation, design, development or reduction to practice of "Toon Teens" and any

15  related or derivative works, including, without limitation, DOCUMENTS

16  commissioning, assigning, contracting for, or otherwise requesting work on or

17  assistance with the conception, creation, design, development or reduction to

18  practice of said work(s).

19

20  SUPPLEMENTAL RESPONSE TO REQUEST NO. 82:

21        In addition to the general objections stated above, which are

22  incorporated herein by reference, Mattel objects to this Request as overbroad and

23  unduly burdensome in that it seeks all documents in Mattel's possession, custody

24  and control created by anyone at any time that are related to this topic.  Mattel

25  further objects to this Request as vague and ambiguous in its use of the terms

26  "related" or "derivative."  Mattel further objects to this Request on the grounds that

27  it seeks confidential, proprietary and trade secret information that has no bearing on

28  the claims or defenses in this case.  Mattel further objects to this Request on the

-4-

Exhibit 44 - Page 2038

1  grounds that it calls for the disclosure of information subject to the attorney-client

2  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

3  further objects to this Request on the grounds that it is duplicative of or subsumed

4  within other requests within this set of requests, duplicative of or subsumed within

5  prior Requests already responded to in this litigation, and seeks the re-production of

6  information and documents already produced in this action.  Such information and

7  documents will not be re-produced.  Subject to and without waiving the foregoing

8  general and specific objections, Mattel will produce responsive, non-privileged

9  documents relating to "Toon Teens" in its possession, custody or control, which it

10  has been able to locate after a diligent search and reasonable inquiry, to the extent

11  not previously produced.

12

13  REQUEST NO. 83:

14         All DOCUMENTS constituting contracts, licenses, assignments or

15  conveyances involving, referring or relating to "Toon Teens" and any derivative

16  works.

17

18  SUPPLEMENTAL RESPONSE TO REQUEST NO. 83:

19         In addition to the general objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request as overbroad and

21  unduly burdensome in that it seeks all documents in Mattel's possession, custody

22  and control created by anyone at any time that are related to this topic.  Mattel

23  further objects to this Request on the grounds that it seeks confidential, proprietary

24  and trade secret information that has no bearing on the claims or defenses in this

25  case.  Mattel further objects to this Request on the grounds that it calls for the

26  disclosure of information subject to the attorney-client privilege, the attorney work-

27  product doctrine and other applicable privileges.  Mattel further objects to this

28  Request on the grounds that it is duplicative of or subsumed within other requests

-5-

MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2039

1  within this set of requests, duplicative of or subsumed within prior Requests already

2  responded to in this litigation, and seeks the re-production of information and

3  documents already produced in this action.  Such information and documents will

4  not be re-produced.  Subject to and without waiving the foregoing general and

5  specific objections, Mattel will produce responsive, non-privileged documents

6  relating to "Toon Teens" in its possession, custody or control, which it has been able

7  to locate after a diligent search and reasonable inquiry, to the extent not previously

8  produced.

9

10  REQUEST NO. 84:

11          All COMMUNICATIONS exchanged between YOU on the one hand

12  and the U.S. Patent and Trademark Office or U.S. Copyright Office on the other

13  referring or relating to "Toon Teens" and any related or derivative works including,

14  without limitation, applications, registrations, amendments, office actions and

15  correspondence and all DOCUMENTS mentioning, referring or relating to such

16  COMMUNICATIONS.

17

18  SUPPLEMENTAL RESPONSE TO REQUEST NO. 84:

19          In addition to the general objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request as overbroad and

21  unduly burdensome in that it seeks all documents in Mattel's possession, custody

22  and control created by anyone at any time that are related to this topic, including

23  documents that are publicly available and therefore equally available to MGA,

24  regardless of whether the documents relate to the conduct at issue in this lawsuit.

25  Mattel further objects to this Request as vague and ambiguous in its use of the terms

26  "related" or "derivative."  Mattel further objects to this Request on the grounds that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Mattel further

-6-

MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2040

1   objects to this Request on the grounds that it is duplicative of or subsumed within
2   other Requests within this set of requests, duplicative of or subsumed within prior
3   Requests already responded to in this litigation, and seeks the re-production of
4   information and documents already produced in this action.  Such information and
5   documents will not be re-produced.  Subject to and without waiving the foregoing
6   general and specific objections, Mattel will produce responsive, non-privileged
7   documents relating to Toon Teens in its possession, custody or control, which it has
8   been able to locate after a diligent search and reasonable inquiry, to the extent not
9   previously produced.

10

11   REQUEST NO. 85:

12          All DOCUMENTS constituting, mentioning, referring to, or relating to
13   any decision to apply for, register for, file, amend, withdraw, or abandon any
14   trademark, service mark, trade dress, or copyright application or registration for
15   "Toon Teens" and any derivative works.

16

17   SUPPLEMENTAL RESPONSE TO REQUEST NO. 85:

18          In addition to the general objections stated above, which are
19   incorporated herein by reference, Mattel objects to this Request as overbroad and
20   unduly burdensome in that it seeks all documents in Mattel's possession, custody
21   and control created by anyone at any time that are related to this topic, regardless of
22   whether the documents relate to the conduct at issue in this lawsuit.  Mattel further
23   objects to this Request on the grounds that it calls for the disclosure of information
24   subject to the attorney-client privilege, the attorney work-product doctrine and other
25   applicable privileges.  Mattel further objects to this Request on the grounds that it is
26   duplicative of or subsumed within prior Requests already responded to and seeks the
27   re-production of information and documents already produced in this action.  Such
28   information and documents will not be re-produced.  Subject to and without waiving

1   the foregoing general and specific objections, Mattel will produce responsive, non-

2   privileged documents relating to "Toon Teens" in its possession, custody or control,

3   which it has been able to locate after a diligent search and reasonable inquiry, to the

4   extent not previously produced.

5

6   REQUEST NO. 86:

7             All DOCUMENTS constituting, modeling, showing, demonstrating,

8   depicting, or describing "Toon Teens" and any derivative works including, without

9   limitation, photographs, visual reproductions, drawings, sketches, models, molds,

10  prototypes and any type of three dimensional image, including all original molds,

11  models and prototypes.

12

13  SUPPLEMENTAL RESPONSE TO REQUEST NO. 86:

14            In addition to the general objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request as overbroad and

16  unduly burdensome in that it seeks all documents in Mattel's possession, custody

17  and control created by anyone at any time that are related to this topic, regardless of

18  whether the documents relate to the conduct at issue in this lawsuit.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information that has no bearing on the claims or defenses in this case.

21  Mattel further objects to this Request on the grounds that it calls for the disclosure

22  of information subject to the attorney-client privilege, the attorney work-product

23  doctrine and other applicable privileges.  Mattel further objects to this Request on

24  the grounds that it is duplicative of or subsumed within other Requests within this

25  set of requests, duplicative of or subsumed within prior Requests already responded

26  to in this litigation, and seeks the re-production of information and documents

27  already produced in this action.  Such information and documents will not be re-

28  produced.  Subject to and without waiving the foregoing general and specific

1  objections, Mattel will produce responsive, non-privileged documents relating to

2  "Toon Teens" in its possession, custody or control, which it has been able to locate

3  after a diligent search and reasonable inquiry, to the extent not previously produced.

4

5  REQUEST NO. 87:

6          All DOCUMENTS that name or are otherwise sufficient to identify the

7  individuals who worked on or were involved in any way with the conception,

8  creation, design and development of the "Toon Teens" idea, concept or products and

9  any related or derivative works.

10

11 SUPPLEMENTAL RESPONSE TO REQUEST NO. 87:

12         In addition to the general objections stated above, which are

13 incorporated herein by reference, Mattel objects to this Request as overbroad and

14 unduly burdensome in that it seeks all documents in Mattel's possession, custody

15 and control created by anyone at any time that are related to this topic, regardless of

16 whether the documents relate to the conduct at issue in this lawsuit.  Mattel further

17 objects to this Request as vague and ambiguous in its use of the terms "related" or

18 "derivative."  Mattel further objects to this Request on the grounds that it calls for

19 the disclosure of information subject to the attorney-client privilege, the attorney

20 work-product doctrine and other applicable privileges.  Mattel further objects to this

21 Request on the grounds that it is duplicative of or subsumed within other Requests

22 within this set of requests, duplicative of or subsumed within prior Requests already

23 responded to in this litigation, and seeks the re-production of information and

24 documents already produced in this action.  Such information and documents will

25 not be re-produced.  Subject to and without waiving the foregoing general and

26 specific objections, Mattel will produce responsive, non-privileged documents in its

27 possession, custody or control relating to "Toon Teens" sufficient to identify

28 individuals who worked on "the conception, creation, design and development" of

1  the "Toon Teens", which it can locate after a diligent search and reasonable inquiry

2  and to the extent such documents have not been previously produced.

3

4  REQUEST NO. 88:

5          All DOCUMENTS that name or are otherwise sufficient to identify the

6  individuals who worked on or were involved in any way in the plans for creating,

7  designing, developing and marketing "Toon Teens," including individuals who

8  worked on or were involved in any way in (1) deciding to create, design, develop or

9  market "Toon Teens" and (2) deciding to stop or abandon the design, development

10  or marketing of "Toon Teens".

11

12  SUPPLEMENTAL RESPONSE TO REQUEST NO. 88:

13          In addition to the general objections stated above, which are

14  incorporated herein by reference, Mattel objects to this Request as overbroad and

15  unduly burdensome in that it seeks all documents in Mattel's possession, custody

16  and control created by anyone at any time that are related to this topic, regardless of

17  whether the documents relate to the conduct at issue in this lawsuit. Mattel further

18  objects to the Request as misleading and erroneous in its use of the term "abandon"

19  and is otherwise assuming facts not in evidence. Mattel further objects to this

20  Request on the grounds that it calls for the disclosure of information subject to the

21  attorney-client privilege, the attorney work-product doctrine and other applicable

22  privileges. Mattel further objects to this Request on the grounds that it is duplicative

23  of or subsumed within other Requests within this set of requests, duplicative of or

24  subsumed within prior Requests already responded to in this litigation, and seeks the

25  re-production of information and documents already produced in this action. Such

26  information and documents will not be re-produced. Subject to and without waiving

27  the foregoing general and specific objections, Mattel will produce responsive, non-

28  privileged documents sufficient to identify individuals who worked on "the

209/2168014.1

-10-

1   conception, creation, design and development" of the "Toon Teens," to the extent
2   such responsive, non-privileged documents are in its possession, custody or control,
3   can be located after a diligent search and reasonable inquiry, and have not been
4   previously produced.
5
6   REQUEST NO. 89:
7           All DOCUMENTS mentioning, discussing, referring or relating to all
8   of the facts and circumstances leading up to, surrounding or any way connected with
9   the development, marketing and abandonment of "Toon Teens" including, without
10  limitation, the reasons for and factors influencing the creation, design, development
11  and marketing of "Toon Teens," and the reasons for and factors influencing the
12  cessation or abandonment of the design, development or marketing of "Toon
13  Teens".
14
15  SUPPLEMENTAL RESPONSE TO REQUEST NO. 89:
16          In addition to the general objections stated above, which are
17  incorporated herein by reference, Mattel objects to this Request as overbroad and
18  unduly burdensome in that it seeks all documents in Mattel's possession, custody
19  and control created by anyone at any time that are related to this topic, regardless of
20  whether the documents relate to the conduct at issue in this lawsuit.  Mattel further
21  objects to this Request on the grounds that it seeks confidential, proprietary and
22  trade secret information that has no bearing on the claims or defenses in this case.
23  Mattel further objects to the Request as misleading and erroneous in its use of term
24  "cessation or abandonment" and as otherwise assuming facts not in evidence.
25  Mattel further objects to this Request on the grounds that it calls for the disclosure
26  of information subject to the attorney-client privilege, the attorney work-product
27  doctrine and other applicable privileges.  Mattel further objects to this Request on
28  the grounds that it is duplicative of or subsumed within other Requests within this

209/2168014.1

-11-

set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents relating to "Toon Teens" in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 90:

All DOCUMENTS evidencing that BRYANT had access to "Toon Teens," at any stage of creation, concept, design or development.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 90:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic, including newspaper articles and other publicly available documents which are equally available to MGA. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents relating to "Toon Teens" in its possession, custody or control, which it

1   has been able to locate after a diligent search and reasonable inquiry, to the extent

2   not previously produced.

3

4   REQUEST NO. 96:

5            All DOCUMENTS used or referred to in creating and designing "Toon

6   Teens," including, without limitation, all DOCUMENTS that served as artistic

7   inspiration for any aspect, feature or element of "Toon Teens".

8

9   SUPPLEMENTAL RESPONSE TO REQUEST NO. 96:

10           In addition to the general objections stated above, which are

11  incorporated herein by reference, Mattel objects to this Request on the ground that it

12  is vague, ambiguous and overbroad.  Mattel further objects to this Request on the

13  grounds that it calls for the disclosure of information subject to the attorney-client

14  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

15  further objects to this Request on the grounds that it is duplicative of or subsumed

16  within other Requests within this set of requests, duplicative of or subsumed within

17  prior Requests already responded to in this litigation, and seeks the re-production of

18  information and documents already produced in this action.  Such information and

19  documents will not be re-produced.  Subject to and without waiving the foregoing

20  general and specific objections, Mattel will produce responsive, non-privileged

21  documents relating to aspects, features or elements of "Toon Teens" at issue in this

22  litigation in its possession, custody or control, which it has been able to locate after

23  a diligent search and reasonable inquiry, to the extent not previously produced.

24

25  REQUEST NO. 97:

26           All DOCUMENTS, including MARKET RESEARCH, referring or

27  relating to, or influencing MATTEL's decision to create, design, develop or abandon

28

-13-

1   "Toon Teens," including, without limitation, the reasons for and factors influencing

2   its decision.

3

4   <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 97:</u>

5              In addition to the general objections stated above, which are

6   incorporated herein by reference, Mattel objects to this Request on the grounds that

7   it is vague and ambiguous and seeks documents that are not relevant to this action or

8   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

9   Request on the grounds that it seeks confidential, proprietary and trade secret

10   information that has no bearing on the claims or defenses in this case.  Mattel further

11   objects to this Request as misleading and erroneous in its use of the term "abandon"

12   and as otherwise assuming facts not in evidence.  Mattel further objects to this

13   Request on the grounds that it calls for the disclosure of information subject to the

14   attorney-client privilege, the attorney work-product doctrine and other applicable

15   privileges.  Mattel further objects to this Request on the grounds that it is duplicative

16   of or subsumed within other Requests within this set of requests, duplicative of or

17   subsumed within prior Requests already responded to in this litigation, and seeks the

18   re-production of information and documents already produced in this action.  Such

19   information and documents will not be re-produced.  Subject to and without waiving

20   the foregoing general and specific objections, Mattel will produce responsive, non-

21   privileged documents relating to "Toon Teens" in its possession, custody or control,

22   which it has been able to locate after a diligent search and reasonable inquiry, to the

23   extent not previously produced.

24

25   <u>REQUEST NO. 132:</u>

26              If YOU contend that BRATZ has impacted or affected YOUR sales,

27   profits or revenue from, or development of, "Diva Starz" as part of YOUR damages

28

1  in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning,

2  referring, relating to or calculating that impact or affect.

3

4  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 132:</u>

5          In addition to the general objections stated above, which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is unreasonably burdensome and premature in that the facts necessary to

8  determine the full nature and extent of Mattel's damages from defendant's acts or

9  omissions are known by defendants and third parties associated with defendants, but

10 are not known by Mattel at this juncture because of defendants' refusals to produce

11 basic discovery.  Mattel further objects to this Request on the grounds that it calls

12 for the disclosure of information subject to the attorney-client privilege, the attorney

13 work-product doctrine and other applicable privileges.  Mattel further objects to this

14 Request on the grounds that it is improperly phrased as a legal contention.  Mattel

15 further objects to this Request as premature in that it seeks expert discovery.  Such

16 discovery will be disclosed only at the time, and in the manner required by, the

17 <u>Rules</u> and the Court's Orders.  Mattel further objects to this Request on the grounds

18 that it is duplicative of or subsumed within other Requests within this set of

19 requests, duplicative of or subsumed within prior Requests already responded to in

20 this litigation, and seeks the re-production of information and documents already

21 produced in this action.  Such information and documents will not be re-produced.

22 Subject to and without waiving the foregoing general and specific objections, if and

23 to the extent Mattel so contends, Mattel will produce responsive, non-privileged

24 documents relating to the fact of damage in its possession, custody or control, which

25 it has been able to locate after a diligent search and reasonable inquiry, to the extent

26 not previously produced.  Furthermore, this topic may be the subject of expert

27 testimony and disclosure, which will be produced at the time and in the manner

28 required by the <u>Rules</u> or Court Order.

REQUEST NO. 134:

        If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop "Diva Starz," including, without limitation, the reasons for and factors influencing its decision.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 134:

        In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already

1  produced in this action.  Such information and documents will not be re-produced.

2  Subject to and without waiving the foregoing general and specific objections, if and

3  to the extent Mattel so contends, Mattel will produce responsive, non-privileged

4  documents relating to the fact of damage in its possession, custody or control, which

5  it has been able to locate after a diligent search and reasonable inquiry, to the extent

6  not previously produced.  Furthermore, this topic may be the subject of expert

7  testimony and disclosure, which will be produced at the time and in the manner

8  required by the <u>Rules</u> or Court Order.

9

10  REQUEST NO. 136:

11          If YOU contend that BRATZ has impacted or affected YOUR sales,

12  profits or revenue from "Diva Starz" as part of YOUR damages in this case, all

13  DOCUMENTS used or referred to in creating and designing "Diva Starz" including,

14  without limitation, all DOCUMENTS that served as artistic inspiration for any

15  aspect, feature or element of "Diva Starz".

16

17  SUPPLEMENTAL RESPONSE TO REQUEST NO. 136:

18          In addition to the general objections stated above, which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is unreasonably burdensome and premature in that the facts necessary to

21  determine the full nature and extent of Mattel's damages from defendant's acts or

22  omissions are known by defendants and third parties associated with defendants, but

23  are not known by Mattel at this juncture because of defendants' refusals to produce

24  basic discovery.  Mattel further objects to this Request as overbroad, unduly

25  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

26  custody and control on this broad subject.  Mattel further objects to this Request on

27  the grounds that it calls for the disclosure of information subject to the attorney-

28  client privilege, the attorney work-product doctrine and other applicable privileges.

-17-

1   Mattel further objects to this Request on the grounds that it is improperly phrased as

2   a legal contention.  Mattel further objects to this Request on the grounds that it seeks

3   confidential, proprietary and trade secret information that has no bearing on the

4   claims or defenses in this case.  Mattel further objects to this Request on the grounds

5   that it calls for information that is not relevant to this action or likely to lead to the

6   discovery of admissible evidence.  Mattel further objects to this Request as vague

7   and ambiguous.  Mattel further objects to this Request on the grounds that it is

8   duplicative of or subsumed within other Requests within this set of requests,

9   duplicative of or subsumed within prior Requests already responded to in this

10  litigation, and seeks the re-production of information and documents already

11  produced in this action.  Such information and documents will not be re-produced.

12  Subject to and without waiving the foregoing general and specific objections, if and

13  to the extent Mattel so contends, Mattel will produce responsive, non-privileged

14  documents in its possession, custody or control, which it has been able to locate

15  after a diligent search and reasonable inquiry and which relate to those aspects,

16  features or elements of "Diva Starz" at issue in this lawsuit, to the extent not already

17  produced.  Furthermore, this topic may be the subject of expert testimony and

18  disclosure, which will be produced at the time and in the manner required by the

19  <u>Rules</u> or Court Order.

20

21  <u>REQUEST NO. 180:</u>

22          All DOCUMENTS mentioning, referring or relating to BRYANT

23  including, but not limited to, BRYANT's personnel file and all DOCUMENTS on

24  MATTEL's Zeus computer system that mention BRYANT.

25

26  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 180:</u>

27          In addition to the general objections stated above, which are

28  incorporated herein by reference, Mattel objects to this Request as overbroad and

1   unduly burdensome in that it seeks all documents in Mattel's possession, custody

2   and control created by anyone at any time that are related to this topic.  Mattel

3   further objects to this Request on the grounds and to the extent that it requires

4   Mattel to engage in an unreasonable search, in violation of the Federal Rules.

5   Mattel further objects to this Request on the grounds that it seeks confidential,

6   proprietary and trade secret information that has no bearing on the claims or

7   defenses in this case.  Mattel further objects to this Request on the grounds that it

8   calls for the disclosure of information subject to the attorney-client privilege, the

9   attorney work-product doctrine and other applicable privileges.  Mattel further

10  objects to this Request on the grounds that it is duplicative of or subsumed within

11  other requests within this set of requests, duplicative of or subsumed within prior

12  Requests already responded to in this litigation, and seeks the re-production of

13  information and documents already produced in this action.  Such information and

14  documents will not be re-produced.  Subject to and without waiving the foregoing

15  general and specific objections, Mattel has produced Bryant's personnel file.

16

17  REQUEST NO. 181:

18          All DOCUMENTS constituting, evidencing, referring to or reflecting

19  BRYANT's work at MATTEL, including the projects he worked on.

20

21  SUPPLEMENTAL RESPONSE TO REQUEST NO. 181:

22          In addition to the general objections stated above, which are

23  incorporated herein by reference, Mattel objects to this Request as overbroad and

24  unduly burdensome in that it seeks all documents in Mattel's possession, custody

25  and control created by anyone at any time that are related to this topic.  Mattel

26  further objects to this Request on the grounds and to the extent that it requires

27  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

28  Mattel further objects to this Request on the grounds that it seeks confidential,

                                          -19-

1 proprietary and trade secret information that has no bearing on the claims or

2 defenses in this case. Mattel further objects to this Request on the grounds that it

3 calls for the disclosure of information subject to the attorney-client privilege, the

4 attorney work-product doctrine and other applicable privileges. Mattel further

5 objects to this Request on the grounds that it is duplicative of or subsumed within

6 other requests within this set of requests, duplicative of or subsumed within prior

7 Requests already responded to in this litigation, and seeks the re-production of

8 information and documents already produced in this action. Such information and

9 documents will not be re-produced. Subject to and without waiving the foregoing

10 general and specific objections, Mattel will produce responsive, non-privileged

11 documents in its possession, custody or control, which it has been able to locate

12 after a diligent search and reasonable inquiry, to the extent not previously produced.

13

14 REQUEST NO. 182:

15        All DOCUMENTS evidencing the days and hours BRYANT worked

16 for MATTEL, including all time entries and data on MATTEL's "P2" computer

17 system, and all records reflecting the days and hours BRYANT was on vacation or

18 leave of absence.

19

20 SUPPLEMENTAL RESPONSE TO REQUEST NO. 182:

21        In addition to the general objections stated above, which are

22 incorporated herein by reference, Mattel objects to this Request as overbroad and

23 unduly burdensome in that it seeks all documents in Mattel's possession, custody

24 and control created by anyone at any time that are related to this topic. Mattel

25 further objects to this Request on the grounds and to the extent that it requires

26 Mattel to engage in an unreasonable search, in violation of the Federal Rules.

27 Mattel further objects to this Request on the grounds that it seeks confidential,

28 proprietary and trade secret information that has no bearing on the claims or

209/2168014.1

MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2054

1  defenses in this case.  Mattel further objects to this Request on the grounds that it

2  calls for the disclosure of information subject to the attorney-client privilege, the

3  attorney work-product doctrine and other applicable privileges.  Mattel further

4  objects to this Request on the grounds that it is duplicative of or subsumed within

5  other requests within this set of requests, duplicative of or subsumed within prior

6  Requests already responded to in this litigation, and seeks the re-production of

7  information and documents already produced in this action.  Such information and

8  documents will not be re-produced.  Subject to and without waiving the foregoing

9  general and specific objections, Mattel will produce responsive, non-privileged

10  documents in its possession, custody or control, which it has been able to locate

11  after a diligent search and reasonable inquiry, to the extent not previously produced.

12

13  **REQUEST NO. 183:**

14         All DOCUMENTS constituting, consisting of, comprising or reflecting

15  records of all phone calls BRYANT placed and received and all facsimiles

16  BRYANT sent and received during his employment at MATTEL, including,

17  specifically, without limitation, all phone logs, phone records and facsimile

18  transmittals and facsimile records evidencing all phone calls and facsimiles

19  BRYANT placed or received in September and October 2000.

20

21  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 183:**

22         In addition to the general objections stated above, which are

23  incorporated herein by reference, Mattel objects to this Request as overbroad and

24  unduly burdensome in that it seeks all documents in Mattel's possession, custody

25  and control created by anyone at any time that are related to this topic.  Mattel

26  further objects to this Request on the grounds and to the extent that it requires

27  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

28  Mattel further objects to this Request on the grounds that it seeks confidential,

1 proprietary and trade secret information that has no bearing on the claims or

2 defenses in this case.  Mattel further objects to this Request on the grounds that it

3 calls for the disclosure of information subject to the attorney-client privilege, the

4 attorney work-product doctrine and other applicable privileges.  Mattel further

5 objects to this Request on the grounds that it is duplicative of or subsumed within

6 other requests within this set of requests, duplicative of or subsumed within prior

7 Requests already responded to in this litigation, and seeks the re-production of

8 information and documents already produced in this action.  Such information and

9 documents will not be re-produced.  Subject to and without waiving the foregoing

10 general and specific objections, Mattel has produced all phone records within its

11 possession.  Mattel will produce other responsive, non-privileged documents in its

12 possession, custody or control, which it has been able to locate after a diligent

13 search and reasonable inquiry, to the extent not previously produced.

14

15 <u>REQUEST NO. 186:</u>

16         All DOCUMENTS evidencing, mentioning, referring to, or relating to

17 BRYANT's involvement with, work on, or connection to the conception, design,

18 creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

19

20 <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 186:</u>

21         In addition to the general objections stated above, which are

22 incorporated herein by reference, Mattel objects to this Request as overbroad and

23 unduly burdensome in that it seeks all documents in Mattel's possession, custody

24 and control created by anyone at any time that are related to this topic.  Mattel

25 further objects to this Request on the grounds and to the extent that it requires

26 Mattel to engage in an unreasonable search, in violation of the Federal Rules.

27 Mattel further objects to this Request on the grounds that it seeks confidential,

28 proprietary and trade secret information that has no bearing on the claims or

-22-

MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2056

1  defenses in this case.  Mattel further objects to this Request on the grounds that it

2  calls for the disclosure of information subject to the attorney-client privilege, the

3  attorney work-product doctrine and other applicable privileges.  Mattel further

4  objects to this Request on the grounds that it is duplicative of or subsumed within

5  other requests within this set of requests, duplicative of or subsumed within prior

6  Requests already responded to in this litigation, and seeks the re-production of

7  information and documents already produced in this action.  Such information and

8  documents will not be re-produced.  Subject to and without waiving the foregoing

9  general and specific objections, Mattel will produce responsive, non-privileged

10  documents in its possession, custody or control, which it has been able to locate

11  after a diligent search and reasonable inquiry, to the extent not previously produced.

12

13  REQUEST NO. 187:

14         All DOCUMENTS evidencing, mentioning, referring to, or relating to

15  BRYANT's involvement with, contract with, and work with or for MGA.

16

17  SUPPLEMENTAL RESPONSE TO REQUEST NO. 187:

18         In addition to the general objections stated above, which are

19  incorporated herein by reference, Mattel objects to this Request as overbroad and

20  unduly burdensome in that it seeks all documents in Mattel's possession, custody

21  and control created by anyone at any time that are related to this topic.  Mattel

22  further objects to this Request on the grounds and to the extent that it requires

23  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

24  Mattel further objects to this Request on the grounds that it seeks confidential,

25  proprietary and trade secret information that has no bearing on the claims or

26  defenses in this case.  Mattel further objects to this Request on the grounds that it

27  calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Mattel further

1  objects to this Request on the grounds that it is duplicative of or subsumed within

2  other requests within this set of requests, duplicative of or subsumed within prior

3  Requests already responded to in this litigation, and seeks the re-production of

4  information and documents already produced in this action.  Such information and

5  documents will not be re-produced.  Subject to and without waiving the foregoing

6  general and specific objections, Mattel will produce responsive, non-privileged

7  documents in its possession, custody or control, which it has been able to locate

8  after a diligent search and reasonable inquiry, to the extent not previously produced.

9

10  REQUEST NO. 224:

11        All COMMUNICATIONS and all DOCUMENTS constituting,

12  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

13  with Anna Rhee that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

14  DOLLS or BRYANT's work for MGA.

15

16  SUPPLEMENTAL RESPONSE TO REQUEST NO. 224:

17        In addition to the general objections stated above, which are

18  incorporated herein by reference, Mattel objects to this Request as overbroad and

19  unduly burdensome in that it seeks all documents in Mattel's possession, custody

20  and control created by anyone at any time that are related to this topic.  Mattel

21  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

22  and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

23  this Request on the grounds and to the extent that it requires Mattel to engage in an

24  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

25  Request on the grounds that it seeks confidential, proprietary and trade secret

26  information that has no bearing on the claims or defenses in this case.  Mattel further

27  objects to this Request on the grounds that it calls for the disclosure of information

28  subject to the attorney-client privilege, the attorney work-product doctrine and other

1  applicable privileges.  Mattel further objects to this Request on the grounds that it is

2  duplicative of or subsumed within other requests within this set of requests,

3  duplicative of or subsumed within prior Requests already responded to in this

4  litigation, and seeks the re-production of information and documents already

5  produced in this action.  Such information and documents will not be re-produced.

6  Subject to and without waiving the foregoing general and specific objections, Mattel

7  will produce responsive, non-privileged communications with Anna Rhee in its

8  possession, custody or control, which it has been able to locate after a diligent

9  search and reasonable inquiry, to the extent not previously produced.

10

11  REQUEST NO. 225:

12         All COMMUNICATIONS and all DOCUMENTS constituting,

13  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

14  with Anna Rhee that refer or relate to this litigation, the facts and circumstances

15  giving rise to this litigation, or BRYANT's alleged misconduct.

16

17  SUPPLEMENTAL RESPONSE TO REQUEST NO. 225:

18         In addition to the general objections stated above, which are

19  incorporated herein by reference, Mattel objects to this Request as overbroad and

20  unduly burdensome in that it seeks all documents in Mattel's possession, custody

21  and control created by anyone at any time that are related to this topic.  Mattel

22  further objects to this Request on the grounds and to the extent that it requires

23  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

24  Mattel further objects to this Request on the grounds that it seeks confidential,

25  proprietary and trade secret information that has no bearing on the claims or

26  defenses in this case.  Mattel further objects to this Request on the grounds that it

27  calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges. Mattel further

09/2168014.1

1  objects to this Request on the grounds that it is duplicative of or subsumed within

2  other requests within this set of requests, duplicative of or subsumed within prior

3  Requests already responded to in this litigation, and seeks the re-production of

4  information and documents already produced in this action.  Such information and

5  documents will not be re-produced.  Subject to and without waiving the foregoing

6  general and specific objections, Mattel will produce responsive, non-privileged

7  communications with Anna Rhee in its possession, custody or control, which it has

8  been able to locate after a diligent search and reasonable inquiry, to the extent not

9  previously produced.

10

11  REQUEST NO. 226:

12       All COMMUNICATIONS and all DOCUMENTS constituting,

13  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

14  with Margaret Leahy that refer or relate to the BRATZ CONCEPT, the FIRST

15  BRATZ DOLLS or BRYANT's work for MGA.

16

17  SUPPLEMENTAL RESPONSE TO REQUEST NO. 226:

18       In addition to the general objections stated above, which are

19  incorporated herein by reference, Mattel objects to this Request as overbroad and

20  unduly burdensome in that it seeks all documents in Mattel's possession, custody

21  and control created by anyone at any time that are related to this topic.  Mattel

22  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

23  and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

24  this Request on the grounds and to the extent that it requires Mattel to engage in an

25  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

26  Request on the grounds that it seeks confidential, proprietary and trade secret

27  information that has no bearing on the claims or defenses in this case.  Mattel further

28  objects to this Request on the grounds that it calls for the disclosure of information

1  subject to the attorney-client privilege, the attorney work-product doctrine and other

2  applicable privileges.  Mattel further objects to this Request on the grounds that it is

3  duplicative of or subsumed within other requests within this set of requests,

4  duplicative of or subsumed within prior Requests already responded to in this

5  litigation, and seeks the re-production of information and documents already

6  produced in this action.  Such information and documents will not be re-produced.

7  Subject to and without waiving the foregoing general and specific objections, Mattel

8  will produce responsive, non-privileged communications with Margaret Leahy in its

9  possession, custody or control, which it has been able to locate after a diligent

10 search and reasonable inquiry, to the extent not previously produced.

11

12 REQUEST NO. 227:

13         All COMMUNICATIONS, and all DOCUMENTS constituting,

14 mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15 with Margaret Leahy that refer or relate to this litigation, the facts and circumstances

16 giving rise to this litigation, or BRYANT's alleged misconduct.

17

18 SUPPLEMENTAL RESPONSE TO REQUEST NO. 227:

19         In addition to the general objections stated above, which are

20 incorporated herein by reference, Mattel objects to this Request as overbroad and

21 unduly burdensome in that it seeks all documents in Mattel's possession, custody

22 and control created by anyone at any time that are related to this topic.  Mattel

23 further objects to this Request on the grounds and to the extent that it requires

24 Mattel to engage in an unreasonable search, in violation of the Federal Rules.

25 Mattel further objects to this Request on the grounds that it seeks confidential,

26 proprietary and trade secret information that has no bearing on the claims or

27 defenses in this case.  Mattel further objects to this Request on the grounds that it

28 calls for the disclosure of information subject to the attorney-client privilege, the

1  attorney work-product doctrine and other applicable privileges.  Mattel further

2  objects to this Request on the grounds that it is duplicative of or subsumed within

3  other requests within this set of requests, duplicative of or subsumed within prior

4  Requests already responded to in this litigation, and seeks the re-production of

5  information and documents already produced in this action.  Such information and

6  documents will not be re-produced.  Subject to and without waiving the foregoing

7  general and specific objections, Mattel will produce responsive, non-privileged

8  communications with Margaret Leahy in its possession, custody or control, which it

9  has been able to locate after a diligent search and reasonable inquiry, to the extent

10 not previously produced.

11

12 REQUEST NO. 228:

13        All COMMUNICATIONS and all DOCUMENTS constituting,

14 mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15 with Margaret Leahy's husband that refer or relate to the BRATZ CONCEPT, the

16 FIRST BRATZ DOLLS or BRYANT's work for MGA.

17

18 SUPPLEMENTAL RESPONSE TO REQUEST NO. 228:

19        In addition to the general objections stated above, which are

20 incorporated herein by reference, Mattel objects to this Request as overbroad and

21 unduly burdensome in that it seeks all documents in Mattel's possession, custody

22 and control created by anyone at any time that are related to this topic.  Mattel

23 further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

24 and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

25 this Request on the grounds and to the extent that it requires Mattel to engage in an

26 unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

27 Request on the grounds that it seeks confidential, proprietary and trade secret

28 information that has no bearing on the claims or defenses in this case.  Mattel further

1  objects to this Request on the grounds that it calls for the disclosure of information
2  subject to the attorney-client privilege, the attorney work-product doctrine and other
3  applicable privileges.  Mattel further objects to this Request on the grounds that it is
4  duplicative of or subsumed within other requests within this set of requests,
5  duplicative of or subsumed within prior Requests already responded to in this
6  litigation, and seeks the re-production of information and documents already
7  produced in this action.  Such information and documents will not be re-produced.
8  Subject to and without waiving the foregoing general and specific objections, Mattel
9  will produce responsive, non-privileged communications with Margaret Leahy's
10 husband in its possession, custody or control, which it has been able to locate after a
11 diligent search and reasonable inquiry, to the extent not previously produced.
12
13 REQUEST NO. 229:
14         All COMMUNICATIONS and all DOCUMENTS constituting,
15 mentioning, describing discussing, referring or relating to all COMMUNICATIONS
16 with Margaret Leahy's husband that refer or relate to this litigation, the facts and
17 circumstances giving rise to this litigation, or BRYANT's alleged misconduct.
18
19 SUPPLEMENTAL RESPONSE TO REQUEST NO. 229:
20         In addition to the general objections stated above, which are
21 incorporated herein by reference, Mattel objects to this Request as overbroad and
22 unduly burdensome in that it seeks all documents in Mattel's possession, custody
23 and control created by anyone at any time that are related to this topic.  Mattel
24 further objects to this Request on the grounds and to the extent that it requires
25 Mattel to engage in an unreasonable search, in violation of the Federal Rules.
26 Mattel further objects to this Request on the grounds that it seeks confidential,
27 proprietary and trade secret information that has no bearing on the claims or
28 defenses in this case.  Mattel further objects to this Request on the grounds that it

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine and other applicable privileges.  Mattel further

3  objects to this Request on the grounds that it is duplicative of or subsumed within

4  other requests within this set of requests, duplicative of or subsumed within prior

5  Requests already responded to in this litigation, and seeks the re-production of

6  information and documents already produced in this action.  Such information and

7  documents will not be re-produced.  Subject to and without waiving the foregoing

8  general and specific objections, Mattel will produce responsive, non-privileged

9  communications with Margaret Leahy's husband in its possession, custody or

10 control, which it has been able to locate after a diligent search and reasonable

11 inquiry, to the extent not previously produced.

12

13 REQUEST NO. 230:

14         All COMMUNICATIONS and all DOCUMENTS constituting,

15 mentioning, describing discussing, referring or relating to all COMMUNICATIONS

16 with Victoria O'Connor that refer or relate to the BRATZ CONCEPT, the FIRST

17 BRATZ DOLLS or BRYANT's work for MGA.

18

19 SUPPLEMENTAL RESPONSE TO REQUEST NO. 230:

20         In addition to the general objections stated above, which are

21 incorporated herein by reference, Mattel objects to this Request as overbroad and

22 unduly burdensome in that it seeks all documents in Mattel's possession, custody

23 and control created by anyone at any time that are related to this topic.  Mattel

24 further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

25 and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

26 this Request on the grounds and to the extent that it requires Mattel to engage in an

27 unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

28 Request on the grounds that it seeks confidential, proprietary and trade secret

1  information that has no bearing on the claims or defenses in this case. Mattel further

2  objects to this Request on the grounds that it calls for the disclosure of information

3  subject to the attorney-client privilege, the attorney work-product doctrine and other

4  applicable privileges. Mattel further objects to this Request on the grounds that it is

5  duplicative of or subsumed within other requests within this set of requests,

6  duplicative of or subsumed within prior Requests already responded to in this

7  litigation, and seeks the re-production of information and documents already

8  produced in this action. Such information and documents will not be re-produced.

9  Subject to and without waiving the foregoing general and specific objections, Mattel

10  will produce responsive, non-privileged communications with Victoria O'Connor in

11  its possession, custody or control, which it has been able to locate after a diligent

12  search and reasonable inquiry, to the extent not previously produced.

13

14  REQUEST NO. 231:

15         All COMMUNICATIONS, and all DOCUMENTS constituting,

16  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

17  with Victoria O'Connor that refer or relate to this litigation, the facts and

18  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

19

20  SUPPLEMENTAL RESPONSE TO REQUEST NO. 231:

21         In addition to the general objections stated above, which are

22  incorporated herein by reference, Mattel objects to this Request as overbroad and

23  unduly burdensome in that it seeks all documents in Mattel's possession, custody

24  and control created by anyone at any time that are related to this topic. Mattel

25  further objects to this Request on the grounds and to the extent that it requires

26  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

27  Mattel further objects to this Request on the grounds that it seeks confidential,

28  proprietary and trade secret information that has no bearing on the claims or

1 defenses in this case. Mattel further objects to this Request on the grounds that it

2 calls for the disclosure of information subject to the attorney-client privilege, the

3 attorney work-product doctrine and other applicable privileges. Mattel further

4 objects to this Request on the grounds that it is duplicative of or subsumed within

5 other requests within this set of requests, duplicative of or subsumed within prior

6 Requests already responded to in this litigation, and seeks the re-production of

7 information and documents already produced in this action. Such information and

8 documents will not be re-produced. Subject to and without waiving the foregoing

9 general and specific objections, Mattel will produce responsive, non-privileged

10 communications with Victoria O'Connor in its possession, custody or control, which

11 it has been able to locate after a diligent search and reasonable inquiry, to the extent

12 not previously produced.

13

14 REQUEST NO. 232:

15         All COMMUNICATIONS and all DOCUMENTS constituting,

16 mentioning, describing discussing, referring or relating to all COMMUNICATIONS

17 with Ramona Prince that refer or relate to the BRATZ CONCEPT, the FIRST

18 BRATZ DOLLS or BRYANT's work for MGA.

19

20 SUPPLEMENTAL RESPONSE TO REQUEST NO. 232:

21         In addition to the general objections stated above, which are

22 incorporated herein by reference, Mattel objects to this Request as overbroad and

23 unduly burdensome in that it seeks all documents in Mattel's possession, custody

24 and control created by anyone at any time that are related to this topic. Mattel

25 further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

26 and "FIRST BRATZ DOLLS" are vague and ambiguous. Mattel further objects to

27 this Request on the grounds and to the extent that it requires Mattel to engage in an

28 unreasonable search, in violation of the Federal Rules. Mattel further objects to this

1   Request on the grounds that it seeks confidential, proprietary and trade secret

2   information that has no bearing on the claims or defenses in this case.  Mattel further

3   objects to this Request on the grounds that it calls for the disclosure of information

4   subject to the attorney-client privilege, the attorney work-product doctrine and other

5   applicable privileges.  Mattel further objects to this Request on the grounds that it is

6   duplicative of or subsumed within other requests within this set of requests,

7   duplicative of or subsumed within prior Requests already responded to in this

8   litigation, and seeks the re-production of information and documents already

9   produced in this action.  Such information and documents will not be re-produced.

10  Subject to and without waiving the foregoing general and specific objections, Mattel

11  will produce responsive, non-privileged communications with Ramona Prince in its

12  possession, custody or control, which it has been able to locate after a diligent

13  search and reasonable inquiry, to the extent not previously produced.

14

15  REQUEST NO. 233:

16          All COMMUNICATIONS and all DOCUMENTS constituting,

17  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

18  with Ramona Prince that refer or relate to this litigation, the facts and circumstances

19  giving rise to this litigation, or BRYANT's alleged misconduct.

20

21  SUPPLEMENTAL RESPONSE TO REQUEST NO. 233:

22          In addition to the general objections stated above, which are

23  incorporated herein by reference, Mattel objects to this Request as overbroad and

24  unduly burdensome in that it seeks all documents in Mattel's possession, custody

25  and control created by anyone at any time that are related to this topic.  Mattel

26  further objects to this Request on the grounds and to the extent that it requires

27  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

28  Mattel further objects to this Request on the grounds that it seeks confidential,

-33-

MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2067

1  proprietary and trade secret information that has no bearing on the claims or
2  defenses in this case. Mattel further objects to this Request on the grounds that it
3  calls for the disclosure of information subject to the attorney-client privilege, the
4  attorney work-product doctrine and other applicable privileges. Mattel further
5  objects to this Request on the grounds that it is duplicative of or subsumed within
6  other requests within this set of requests, duplicative of or subsumed within prior
7  Requests already responded to in this litigation, and seeks the re-production of
8  information and documents already produced in this action. Such information and
9  documents will not be re-produced. Subject to and without waiving the foregoing
10  general and specific objections, Mattel will produce responsive, non-privileged
11  communications with Ramona Prince in its possession, custody or control, which it
12  has been able to locate after a diligent search and reasonable inquiry, to the extent
13  not previously produced.
14
15  REQUEST NO. 234:
16          All COMMUNICATIONS and all DOCUMENTS constituting,
17  mentioning, describing discussing, referring or relating to all COMMUNICATIONS
18  with Lilly [sic] Martinez that refer or relate to the BRATZ CONCEPT, the FIRST
19  BRATZ DOLLS or BRYANT's work for MGA.
20
21  SUPPLEMENTAL RESPONSE TO REQUEST NO. 234
22          In addition to the general objections stated above, which are
23  incorporated herein by reference, Mattel objects to this Request as overbroad and
24  unduly burdensome in that it seeks all documents in Mattel's possession, custody
25  and control created by anyone at any time that are related to this topic. Mattel
26  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"
27  and "FIRST BRATZ DOLLS" are vague and ambiguous. Mattel further objects to
28  this Request on the grounds and to the extent that it requires Mattel to engage in an

209/2168014.1

MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2068

1 unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

2 Request on the grounds that it seeks confidential, proprietary and trade secret

3 information that has no bearing on the claims or defenses in this case.  Mattel further

4 objects to this Request on the grounds that it calls for the disclosure of information

5 subject to the attorney-client privilege, the attorney work-product doctrine and other

6 applicable privileges.  Mattel further objects to this Request on the grounds that it is

7 duplicative of or subsumed within other requests within this set of requests,

8 duplicative of or subsumed within prior Requests already responded to in this

9 litigation, and seeks the re-production of information and documents already

10 produced in this action.  Such information and documents will not be re-produced.

11 Subject to and without waiving the foregoing general and specific objections, Mattel

12 will produce responsive, non-privileged communications with Lily Martinez in its

13 possession, custody or control, which it has been able to locate after a diligent

14 search and reasonable inquiry, to the extent not previously produced.

15

16 REQUEST NO. 235:

17      All COMMUNICATIONS and all DOCUMENTS constituting,

18 mentioning, describing discussing, referring or relating to all COMMUNICATIONS

19 with Lilly [sic] Martinez that refer or relate to this litigation, the facts and

20 circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

21

22 SUPPLEMENTAL RESPONSE TO REQUEST NO. 235:

23      In addition to the general objections stated above, which are

24 incorporated herein by reference, Mattel objects to this Request as overbroad and

25 unduly burdensome in that it seeks all documents in Mattel's possession, custody

26 and control created by anyone at any time that are related to this topic.  Mattel

27 further objects to this Request on the grounds and to the extent that it requires

28 Mattel to engage in an unreasonable search, in violation of the Federal Rules.

1  Mattel further objects to this Request on the grounds that it seeks confidential,

2  proprietary and trade secret information that has no bearing on the claims or

3  defenses in this case.  Mattel further objects to this Request on the grounds that it

4  calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Mattel further

6  objects to this Request on the grounds that it is duplicative of or subsumed within

7  other requests within this set of requests, duplicative of or subsumed within prior

8  Requests already responded to in this litigation, and seeks the re-production of

9  information and documents already produced in this action.  Such information and

10  documents will not be re-produced.  Subject to and without waiving the foregoing

11  general and specific objections, Mattel will produce responsive, non-privileged

12  communications with Lily Martinez in its possession, custody or control, which it

13  has been able to locate after a diligent search and reasonable inquiry, to the extent

14  not previously produced.

15

16  REQUEST NO. 236:

17        All COMMUNICATIONS and all DOCUMENTS constituting,

18  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

19  with Ron Longsdorff [sic] that refer or relate to the BRATZ CONCEPT, the FIRST

20  BRATZ DOLLS or BRYANT's work for MGA.

21

22  SUPPLEMENTAL RESPONSE TO REQUEST NO. 236:

23        In addition to the general objections stated above, which are

24  incorporated herein by reference, Mattel objects to this Request as overbroad and

25  unduly burdensome in that it seeks all documents in Mattel's possession, custody

26  and control created by anyone at any time that are related to this topic.  Mattel

27  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

28  and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

1  this Request on the grounds and to the extent that it requires Mattel to engage in an

2  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

3  Request on the grounds that it seeks confidential, proprietary and trade secret

4  information that has no bearing on the claims or defenses in this case.  Mattel further

5  objects to this Request on the grounds that it calls for the disclosure of information

6  subject to the attorney-client privilege, the attorney work-product doctrine and other

7  applicable privileges.  Mattel further objects to this Request on the grounds that it is

8  duplicative of or subsumed within other requests within this set of requests,

9  duplicative of or subsumed within prior Requests already responded to in this

10  litigation, and seeks the re-production of information and documents already

11  produced in this action.  Such information and documents will not be re-produced.

12  Subject to and without waiving the foregoing general and specific objections, Mattel

13  will produce responsive, non-privileged communications with Ron Longsdorf in its

14  possession, custody or control, which it has been able to locate after a diligent

15  search and reasonable inquiry, to the extent not previously produced.

16

17  REQUEST NO. 237:

18       All COMMUNICATIONS and all DOCUMENTS constituting,

19  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

20  with Ron Longsdorff [sic] that refer or relate to this litigation, the facts and

21  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

22

23  SUPPLEMENTAL RESPONSE TO REQUEST NO. 237:

24       In addition to the general objections stated above, which are

25  incorporated herein by reference, Mattel objects to this Request as overbroad and

26  unduly burdensome in that it seeks all documents in Mattel's possession, custody

27  and control created by anyone at any time that are related to this topic.  Mattel

28  further objects to this Request on the grounds and to the extent that it requires

1  Mattel to engage in an unreasonable search, in violation of the Federal Rules.
2  Mattel further objects to this Request on the grounds that it seeks confidential,
3  proprietary and trade secret information that has no bearing on the claims or
4  defenses in this case.  Mattel further objects to this Request on the grounds that it
5  calls for the disclosure of information subject to the attorney-client privilege, the
6  attorney work-product doctrine and other applicable privileges.  Mattel further
7  objects to this Request on the grounds that it is duplicative of or subsumed within
8  other requests within this set of requests, duplicative of or subsumed within prior
9  Requests already responded to in this litigation, and seeks the re-production of
10  information and documents already produced in this action.  Such information and
11  documents will not be re-produced.  Subject to and without waiving the foregoing
12  general and specific objections, Mattel will produce responsive, non-privileged
13  communications with Ron Longsdorf in its possession, custody or control, which it
14  has been able to locate after a diligent search and reasonable inquiry, to the extent
15  not previously produced.

16

17  REQUEST NO. 238:

18          All COMMUNICATIONS and all DOCUMENTS constituting,
19  mentioning, describing discussing, referring or relating to all COMMUNICATIONS
20  with Matt Bousquette that refer or relate to the BRATZ CONCEPT, the FIRST
21  BRATZ DOLLS or BRYANT's work for MGA.

22

23  SUPPLEMENTAL RESPONSE TO REQUEST NO. 238:

24          In addition to the general objections stated above, which are
25  incorporated herein by reference, Mattel objects to this Request as overbroad and
26  unduly burdensome in that it seeks all documents in Mattel's possession, custody
27  and control created by anyone at any time that are related to this topic.  Mattel
28  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

09/2168014.1
-38-

1 and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to
2 this Request on the grounds and to the extent that it requires Mattel to engage in an
3 unreasonable search, in violation of the Federal Rules.  Mattel further objects to this
4 Request on the grounds that it seeks confidential, proprietary and trade secret
5 information that has no bearing on the claims or defenses in this case.  Mattel further
6 objects to this Request on the grounds that it calls for the disclosure of information
7 subject to the attorney-client privilege, the attorney work-product doctrine and other
8 applicable privileges.  Mattel further objects to this Request on the grounds that it is
9 duplicative of or subsumed within other requests within this set of requests,
10 duplicative of or subsumed within prior Requests already responded to in this
11 litigation, and seeks the re-production of information and documents already
12 produced in this action.  Such information and documents will not be re-produced.
13 Subject to and without waiving the foregoing general and specific objections, Mattel
14 will produce responsive, non-privileged communications with Matt Bousquette in its
15 possession, custody or control, which it has been able to locate after a diligent
16 search and reasonable inquiry, to the extent not previously produced.

17

18 REQUEST NO. 239:

19          All COMMUNICATIONS and all DOCUMENTS constituting,
20 mentioning, describing discussing, referring or relating to all COMMUNICATIONS
21 with Matt Bousquette that refer or relate to this litigation, the facts and
22 circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

23

24 SUPPLEMENTAL RESPONSE TO REQUEST NO. 239:

25          In addition to the general objections stated above, which are
26 incorporated herein by reference, Mattel objects to this Request as overbroad and
27 unduly burdensome in that it seeks all documents in Mattel's possession, custody
28 and control created by anyone at any time that are related to this topic.  Mattel

1  further objects to this Request on the grounds and to the extent that it requires

2  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

3  Mattel further objects to this Request on the grounds that it seeks confidential,

4  proprietary and trade secret information that has no bearing on the claims or

5  defenses in this case.  Mattel further objects to this Request on the grounds that it

6  calls for the disclosure of information subject to the attorney-client privilege, the

7  attorney work-product doctrine and other applicable privileges.  Mattel further

8  objects to this Request on the grounds that it is duplicative of or subsumed within

9  other requests within this set of requests, duplicative of or subsumed within prior

10  Requests already responded to in this litigation, and seeks the re-production of

11  information and documents already produced in this action.  Such information and

12  documents will not be re-produced.  Subject to and without waiving the foregoing

13  general and specific objections, Mattel will produce responsive, non-privileged

14  communications with Matt Bousquette in its possession, custody or control, which it

15  has been able to locate after a diligent search and reasonable inquiry, to the extent

16  not previously produced.

17

18  REQUEST NO. 240:

19            All COMMUNICATIONS and all DOCUMENTS constituting,

20  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

21  with Adrienne Fontanella that refer or relate to the BRATZ CONCEPT, the FIRST

22  BRATZ DOLLS or BRYANT's work for MGA.

23

24  SUPPLEMENTAL RESPONSE TO REQUEST NO. 249:

25            In addition to the general objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request as overbroad and

27  unduly burdensome in that it seeks all documents in Mattel's possession, custody

28  and control created by anyone at any time that are related to this topic.  Mattel

1   further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

2   and "FIRST BRATZ DOLLS" are vague and ambiguous. Mattel further objects to

3   this Request on the grounds and to the extent that it requires Mattel to engage in an

4   unreasonable search, in violation of the Federal Rules. Mattel further objects to this

5   Request on the grounds that it seeks confidential, proprietary and trade secret

6   information that has no bearing on the claims or defenses in this case. Mattel further

7   objects to this Request on the grounds that it calls for the disclosure of information

8   subject to the attorney-client privilege, the attorney work-product doctrine and other

9   applicable privileges. Mattel further objects to this Request on the grounds that it is

10  duplicative of or subsumed within other requests within this set of requests,

11  duplicative of or subsumed within prior Requests already responded to in this

12  litigation, and seeks the re-production of information and documents already

13  produced in this action. Such information and documents will not be re-produced.

14  Subject to and without waiving the foregoing general and specific objections, Mattel

15  will produce responsive, non-privileged communications with Adrienne Fontanella

16  in its possession, custody or control, which it has been able to locate after a diligent

17  search and reasonable inquiry, to the extent not previously produced.

18

19  REQUEST NO. 241:

20          All COMMUNICATIONS and all DOCUMENTS constituting,

21  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

22  with Adrienne Fontanella that refer or relate to this litigation, the facts and

23  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

24

25  SUPPLEMENTAL RESPONSE TO REQUEST NO. 241:

26          In addition to the general objections stated above, which are

27  incorporated herein by reference, Mattel objects to this Request as overbroad and

28  unduly burdensome in that it seeks all documents in Mattel's possession, custody

!09/2168014.1

-41-

1    and control created by anyone at any time that are related to this topic. Mattel

2    further objects to this Request on the grounds and to the extent that it requires

3    Mattel to engage in an unreasonable search, in violation of the Federal Rules.

4    Mattel further objects to this Request on the grounds that it seeks confidential,

5    proprietary and trade secret information that has no bearing on the claims or

6    defenses in this case. Mattel further objects to this Request on the grounds that it

7    calls for the disclosure of information subject to the attorney-client privilege, the

8    attorney work-product doctrine and other applicable privileges. Mattel further

9    objects to this Request on the grounds that it is duplicative of or subsumed within

10    other requests within this set of requests, duplicative of or subsumed within prior

11    Requests already responded to in this litigation, and seeks the re-production of

12    information and documents already produced in this action. Such information and

13    documents will not be re-produced. Subject to and without waiving the foregoing

14    general and specific objections, Mattel will produce responsive, non-privileged

15    communications with Adrienne Fontanella in its possession, custody or control,

16    which it has been able to locate after a diligent search and reasonable inquiry, to the

17    extent not previously produced.

18

19    REQUEST NO. 242:

20          All COMMUNICATIONS and all DOCUMENTS constituting,

21    mentioning, describing discussing, referring or relating to all COMMUNICATIONS

22    with Tim Kilpin that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

23    DOLLS or BRYANT's work for MGA.

24

25    SUPPLEMENTAL RESPONSE TO REQUEST NO. 242:

26          In addition to the general objections stated above, which are

27    incorporated herein by reference, Mattel objects to this Request as overbroad and

28    unduly burdensome in that it seeks all documents in Mattel's possession, custody

MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2076

1  and control created by anyone at any time that are related to this topic.  Mattel

2  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

3  and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

4  this Request on the grounds and to the extent that it requires Mattel to engage in an

5  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

6  Request on the grounds that it seeks confidential, proprietary and trade secret

7  information that has no bearing on the claims or defenses in this case.  Mattel further

8  objects to this Request on the grounds that it calls for the disclosure of information

9  subject to the attorney-client privilege, the attorney work-product doctrine and other

10  applicable privileges.  Mattel further objects to this Request on the grounds that it is

11  duplicative of or subsumed within other requests within this set of requests,

12  duplicative of or subsumed within prior Requests already responded to in this

13  litigation, and seeks the re-production of information and documents already

14  produced in this action.  Such information and documents will not be re-produced.

15  Subject to and without waiving the foregoing general and specific objections, Mattel

16  will produce responsive, non-privileged communications with Tim Kilpin in its

17  possession, custody or control, which it has been able to locate after a diligent

18  search and reasonable inquiry, to the extent not previously produced.

19

20  REQUEST NO. 243:

21          All COMMUNICATIONS and all DOCUMENTS constituting,

22  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

23  with Tim Kilpin that refer or relate to this litigation, the facts and circumstances

24  giving rise to this litigation, or BRYANT's alleged misconduct.

25

26  SUPPLEMENTAL RESPONSE TO REQUEST NO. 243:

27          In addition to the general objections stated above, which are

28  incorporated herein by reference, Mattel objects to this Request as overbroad and

09/2168014.1
-43-

1  unduly burdensome in that it seeks all documents in Mattel's possession, custody

2  and control created by anyone at any time that are related to this topic.  Mattel

3  further objects to this Request on the grounds and to the extent that it requires

4  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

5  Mattel further objects to this Request on the grounds that it seeks confidential,

6  proprietary and trade secret information that has no bearing on the claims or

7  defenses in this case.  Mattel further objects to this Request on the grounds that it

8  calls for the disclosure of information subject to the attorney-client privilege, the

9  attorney work-product doctrine and other applicable privileges.  Mattel further

10  objects to this Request on the grounds that it is duplicative of or subsumed within

11  other requests within this set of requests, duplicative of or subsumed within prior

12  Requests already responded to in this litigation, and seeks the re-production of

13  information and documents already produced in this action.  Such information and

14  documents will not be re-produced.  Subject to and without waiving the foregoing

15  general and specific objections, Mattel will produce responsive, non-privileged

16  communications with Tim Kilpin in its possession, custody or control, which it has

17  been able to locate after a diligent search and reasonable inquiry, to the extent not

18  previously produced.

19

20  REQUEST NO. 244:

21          All COMMUNICATIONS and all DOCUMENTS constituting,

22  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

23  with Sujata Luther that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

24  DOLLS or BRYANT's work for MGA.

25

26  SUPPLEMENTAL RESPONSE TO REQUEST NO. 244:

27          In addition to the general objections stated above, which are

28  incorporated herein by reference, Mattel objects to this Request as overbroad and

209/2168014.1

1  unduly burdensome in that it seeks all documents in Mattel's possession, custody

2  and control created by anyone at any time that are related to this topic.  Mattel

3  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

4  and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

5  this Request on the grounds and to the extent that it requires Mattel to engage in an

6  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

7  Request on the grounds that it seeks confidential, proprietary and trade secret

8  information that has no bearing on the claims or defenses in this case.  Mattel further

9  objects to this Request on the grounds that it calls for the disclosure of information

10  subject to the attorney-client privilege, the attorney work-product doctrine and other

11  applicable privileges.  Mattel further objects to this Request on the grounds that it is

12  duplicative of or subsumed within other requests within this set of requests,

13  duplicative of or subsumed within prior Requests already responded to in this

14  litigation, and seeks the re-production of information and documents already

15  produced in this action.  Such information and documents will not be re-produced.

16  Subject to and without waiving the foregoing general and specific objections, Mattel

17  will produce responsive, non-privileged communications with Sujata Luther in its

18  possession, custody or control, which it has been able to locate after a diligent

19  search and reasonable inquiry, to the extent not previously produced.

20

21  REQUEST NO. 245:

22          All COMMUNICATIONS and all DOCUMENTS constituting,

23  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

24  with Sujata Luther that refer or relate to this litigation, the facts and circumstances

25  giving rise to this litigation, or BRYANT's alleged misconduct.

26

27

28

09/2168014.1

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 245:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic. Mattel further objects to this Request on the grounds and to the extent that it requires Mattel to engage in an unreasonable search, in violation of the Federal Rules. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged communications with Sujata Luther in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## REQUEST NO. 246:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Alan Kaye that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

Exhibit 44 - Page 2080

209/2168014.1

1  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 246:</u>

2         In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request as overbroad and

4  unduly burdensome in that it seeks all documents in Mattel's possession, custody

5  and control created by anyone at any time that are related to this topic.  Mattel

6  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

7  and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

8  this Request on the grounds and to the extent that it requires Mattel to engage in an

9  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

10  Request on the grounds that it seeks confidential, proprietary and trade secret

11  information that has no bearing on the claims or defenses in this case.  Mattel further

12  objects to this Request on the grounds that it calls for the disclosure of information

13  subject to the attorney-client privilege, the attorney work-product doctrine and other

14  applicable privileges.  Mattel further objects to this Request on the grounds that it is

15  duplicative of or subsumed within other requests within this set of requests,

16  duplicative of or subsumed within prior Requests already responded to in this

17  litigation, and seeks the re-production of information and documents already

18  produced in this action.  Such information and documents will not be re-produced.

19  Subject to and without waiving the foregoing general and specific objections, Mattel

20  will produce responsive, non-privileged communications with Alan Kaye in its

21  possession, custody or control, which it has been able to locate after a diligent

22  search and reasonable inquiry, to the extent not previously produced.

23

24  <u>REQUEST NO. 247:</u>

25         All COMMUNICATIONS and all DOCUMENTS constituting,

26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

27  with Alan Kaye that refer or relate to this litigation, the facts and circumstances

28  giving rise to this litigation, or BRYANT's alleged misconduct.

1  SUPPLEMENTAL RESPONSE TO REQUEST NO. 247:

2          In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request as overbroad and

4  unduly burdensome in that it seeks all documents in Mattel's possession, custody

5  and control created by anyone at any time that are related to this topic.  Mattel

6  further objects to this Request on the grounds and to the extent that it requires

7  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

8  Mattel further objects to this Request on the grounds that it seeks confidential,

9  proprietary and trade secret information that has no bearing on the claims or

10  defenses in this case.  Mattel further objects to this Request on the grounds that it

11  calls for the disclosure of information subject to the attorney-client privilege, the

12  attorney work-product doctrine and other applicable privileges.  Mattel further

13  objects to this Request on the grounds that it is duplicative of or subsumed within

14  other requests within this set of requests, duplicative of or subsumed within prior

15  Requests already responded to in this litigation, and seeks the re-production of

16  information and documents already produced in this action.  Such information and

17  documents will not be re-produced.  Subject to and without waiving the foregoing

18  general and specific objections, Mattel will produce responsive, non-privileged

19  communications with Alan Kaye in its possession, custody or control, which it has

20  been able to locate after a diligent search and reasonable inquiry, to the extent not

21  previously produced.

22

23  REQUEST NO. 248:

24          All COMMUNICATIONS and all DOCUMENTS constituting,

25  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

26  with Veronica Marlowe that refer or relate to the BRATZ CONCEPT, the FIRST

27  BRATZ DOLLS or BRYANT's work for MGA.

28

-48-

1  SUPPLEMENTAL RESPONSE TO REQUEST NO. 248:

2          In addition to the general objections stated above, which are
3  incorporated herein by reference, Mattel objects to this Request as overbroad and
4  unduly burdensome in that it seeks all documents in Mattel's possession, custody
5  and control created by anyone at any time that are related to this topic.  Mattel
6  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"
7  and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to
8  this Request on the grounds and to the extent that it requires Mattel to engage in an
9  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this
10  Request on the grounds that it seeks confidential, proprietary and trade secret
11  information that has no bearing on the claims or defenses in this case.  Mattel further
12  objects to this Request on the grounds that it calls for the disclosure of information
13  subject to the attorney-client privilege, the attorney work-product doctrine and other
14  applicable privileges.  Mattel further objects to this Request on the grounds that it is
15  duplicative of or subsumed within other requests within this set of requests,
16  duplicative of or subsumed within prior Requests already responded to in this
17  litigation, and seeks the re-production of information and documents already
18  produced in this action.  Such information and documents will not be re-produced.
19  Subject to and without waiving the foregoing general and specific objections, Mattel
20  will produce responsive, non-privileged communications with Veronica Marlowe in
21  its possession, custody or control, which it has been able to locate after a diligent
22  search and reasonable inquiry, to the extent not previously produced.

23

24  REQUEST NO. 249:

25          All COMMUNICATIONS and all DOCUMENTS constituting,
26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS
27  with Veronica Marlowe that refer or relate to this litigation, the facts and
28  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

-49-

SUPPLEMENTAL RESPONSE TO REQUEST NO. 249:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic. Mattel further objects to this Request on the grounds and to the extent that it requires Mattel to engage in an unreasonable search, in violation of the Federal Rules. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged communications with Veronica Marlowe in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 258:

All DOCUMENTS relating to Bryant's employment including, without limitation, DOCUMENTS reflecting the period and conditions of the employment, the terms of the employment, and his job duties and responsibilities.

1  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 258:</u>

2          In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request as overbroad and

4  unduly burdensome in that it seeks all documents in Mattel's possession, custody

5  and control created by anyone at any time that are related to this topic.  Mattel

6  further objects to this Request on the grounds that the terms "relating to Bryant's

7  employment" are vague and ambiguous in this context.  Mattel further objects to this

8  Request on the grounds and to the extent that it requires Mattel to engage in an

9  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

10 Request on the grounds that it seeks confidential, proprietary and trade secret

11 information that has no bearing on the claims or defenses in this case.  Mattel further

12 objects to this Request on the grounds that it calls for the disclosure of information

13 subject to the attorney-client privilege, the attorney work-product doctrine and other

14 applicable privileges.  Mattel further objects to this Request on the grounds that it is

15 duplicative of or subsumed within other requests within this set of requests,

16 duplicative of or subsumed within prior Requests already responded to in this

17 litigation, and seeks the re-production of information and documents already

18 produced in this action.  Such information and documents will not be re-produced.

19 Subject to and without waiving the foregoing general and specific objections, Mattel

20 will produce responsive, non-privileged documents reflecting the period and

21 conditions of Bryant's employment, the terms of his employment, and his job duties

22 and responsibilities in its possession, custody or control, which it has been able to

23 locate after a diligent search and reasonable inquiry, to the extent not previously

24 produced.

25

26 <u>REQUEST NO. 260:</u>

27          All DOCUMENTS created after January 4, 1999 that evidence, relate

28 or refer to any activities of BRYANT other than his work for MATTEL.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 260:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic. Mattel further objects to this Request on the grounds and to the extent that it requires Mattel to engage in an unreasonable search, in violation of the Federal Rules. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 268:

All hard drives and back-up data, no matter how stored, for all computers used by BRYANT while employed by MATTEL, to the extent such drives and back-up data contain data made or accessed by, sent to or received by BRYANT.

1

2

3 SUPPLEMENTAL RESPONSE TO REQUEST NO. 268:

4         In addition to the general objections stated above, which are

5 incorporated herein by reference, Mattel objects to this Request as overbroad and

6 unduly burdensome in that it seeks all documents in Mattel's possession, custody

7 and control created by anyone at any time that are related to this topic. Mattel

8 further objects to this Request on the grounds and to the extent that it requires

9 Mattel to engage in an unreasonable search, in violation of the Federal Rules.

10 Mattel further objects to this Request on the grounds that it seeks confidential,

11 proprietary and trade secret information that has no bearing on the claims or

12 defenses in this case. Mattel further objects to this Request on the grounds that it

13 calls for the disclosure of information subject to the attorney-client privilege, the

14 attorney work-product doctrine and other applicable privileges. Mattel further

15 objects to this Request on the grounds that it is duplicative of or subsumed within

16 other requests within this set of requests, duplicative of or subsumed within prior

17 Requests already responded to in this litigation, and seeks the re-production of

18 information and documents already produced in this action. Such information and

19 documents will not be re-produced. Subject to and without waiving the foregoing

20 general and specific objections, Mattel wil produce and/or make available for

21 inspection and imaging any computer hard drive or back-up data in its possession,

22 custody or control that Mattel learns was used by Bryant and that can be located

23 after a diligent search and reasonable inquiry, to the extent not previously produced.

24

25 REQUEST NO. 270:

26         All DOCUMENTS and COMMUNICATIONS in YOUR possession

27 that were exchanged between BRYANT and Anne Wang.

28

1  SUPPLEMENTAL RESPONSE TO REQUEST NO. 270:

2          In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request as overbroad and

4  unduly burdensome in that it seeks all documents in Mattel's possession, custody

5  and control created by anyone at any time that are related to this topic.  Mattel

6  further objects to this Request on the grounds and to the extent that it requires

7  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

8  Mattel further objects to this Request on the grounds that it seeks confidential,

9  proprietary and trade secret information that has no bearing on the claims or

10  defenses in this case.  Mattel further objects to this Request on the grounds that it

11  calls for the disclosure of information subject to the attorney-client privilege, the

12  attorney work-product doctrine and other applicable privileges.  Mattel further

13  objects to this Request on the grounds that it is duplicative of or subsumed within

14  other requests within this set of requests, duplicative of or subsumed within prior

15  Requests already responded to in this litigation, and seeks the re-production of

16  information and documents already produced in this action.  Such information and

17  documents will not be re-produced.  Subject to and without waiving the foregoing

18  general and specific objections, Mattel will produce responsive, non-privileged

19  documents in its possession, custody or control, which it has been able to locate

20  after a diligent search and reasonable inquiry, to the extent not previously produced.

21

22  REQUEST NO. 271:

23          All DOCUMENTS and COMMUNICATIONS in YOUR possession

24  that were exchanged between BRYANT and MGA.

25

26  SUPPLEMENTAL RESPONSE TO REQUEST NO. 271:

27          In addition to the general objections stated above, which are

28  incorporated herein by reference, Mattel objects to this Request as overbroad and

1  unduly burdensome in that it seeks all documents in Mattel's possession, custody

2  and control created by anyone at any time that are related to this topic.  Mattel

3  further objects to this Request on the grounds and to the extent that it requires

4  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

5  Mattel further objects to this Request on the grounds that it seeks confidential,

6  proprietary and trade secret information that has no bearing on the claims or

7  defenses in this case.  Mattel further objects to this Request on the grounds that it

8  calls for the disclosure of information subject to the attorney-client privilege, the

9  attorney work-product doctrine and other applicable privileges.  Mattel further

10  objects to this Request on the grounds that it is duplicative of or subsumed within

11  other requests within this set of requests, duplicative of or subsumed within prior

12  Requests already responded to in this litigation, and seeks the re-production of

13  information and documents already produced in this action.  Such information and

14  documents will not be re-produced.  Subject to and without waiving the foregoing

15  general and specific objections, Mattel will produce responsive, non-privileged

16  communications relating to matters at issue in this litigation in its possession,

17  custody or control, which it has been able to locate after a diligent search and

18  reasonable inquiry, to the extent not previously produced.

19

20  REQUEST NO. 280:

21        All DOCUMENTS supporting, refuting, or evidencing the allegation in

22  paragraph 9 of the COMPLAINT that BRYANT "was employed by Mattel from

23  September 1995 through April 1998, and then again from January 1999 through

24  October 2000, as a product designer at Mattel's design center in El Segundo,

25  California."

26

27

28

Exhibit 44 - Page 2089

1  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 280</u>:

2          In addition to the foregoing general objections, which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it calls for the

4  disclosure of information subject to the attorney-client privilege, the attorney work-

5  product doctrine and other applicable privileges.  Mattel further objects to this

6  Request on the grounds that it is duplicative of or subsumed within other Requests

7  within this set of requests, duplicative of or subsumed within prior Requests already

8  responded to in this litigation, and seeks the re-production of information and

9  documents already produced in this action.  Such information and documents will

10  not be re-produced.  Subject to and without waiving the foregoing general and

11  specific objections, Mattel will produce responsive, non-privileged documents in its

12  possession, custody or control, which it has been able to locate after a diligent

13  search and reasonable inquiry, to the extent not previously produced.

14

15  <u>REQUEST NO. 283</u>:

16          All DOCUMENTS supporting, refuting, or evidencing the allegation in

17  paragraph 10 of the COMPLAINT that Bryant executed an Employee Confidential

18  Information and Inventions Agreement "upon starting his second term of

19  employment by Mattel, and as a condition of and in consideration for his

20  employment."

21

22  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 283</u>:

23          In addition to the general objections stated above, which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it calls for the disclosure of information subject to the attorney-client privilege, the

26  attorney work-product doctrine and other applicable privileges.  Mattel further

27  objects to this Request on the grounds that it is duplicative of or subsumed within

28  other Requests within this set of requests, duplicative of or subsumed within prior

-56-

Exhibit 44 - Page 2090

1   Requests already responded to in this litigation, and seeks the re-production of

2   information and documents already produced in this action.  Such information and

3   documents will not be re-produced.  Subject to the foregoing, Mattel will produce

4   responsive, non-privileged documents in its possession, custody or control, which it

5   can locate after a diligent search and reasonable inquiry and to the extent such

6   documents have not been previously produced.

7

8   REQUEST NO. 286:

9           All DOCUMENTS supporting, refuting, or evidencing the allegation in

10  paragraph 12 of the COMPLAINT that "[i]n late November 2003, Mattel learned

11  that Bryant had secretly aided, assisted and worked for a Mattel competitor."

12

13  SUPPLEMENTAL RESPONSE TO REQUEST NO. 286:

14          In addition to the general objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.  Mattel further

18  objects to this Request on the grounds that it is duplicative of or subsumed within

19  other Requests within this set of requests, duplicative of or subsumed within prior

20  Requests already responded to in this litigation, and seeks the re-production of

21  information and documents already produced in this action.  Such information and

22  documents will not be re-produced.  Subject to and without waiving the foregoing

23  general and specific objections, Mattel will produce responsive, non-privileged

24  documents in its possession, custody or control, which it has been able to locate

25  after a diligent search and reasonable inquiry, to the extent not previously produced.

26

27

28

1  REQUEST NO. 287:

2           All DOCUMENTS supporting, refuting, or evidencing the allegation in

3  paragraph 12 of the COMPLAINT that "while Bryant was employed by Mattel,

4  Bryant and the other defendants converted, misappropriated and misused Mattel

5  property and resources," and the allegation that the "property and resources" were

6  "converted, misappropriate and misused" for "the benefit of, and to aid and assist,

7  Bryant personally and Mattel's competitor."

8

9  SUPPLEMENTAL RESPONSE TO REQUEST NO. 287:

10          In addition to the general objections stated above, which are

11 incorporated herein by reference, Mattel objects to this Request on the grounds that

12 it calls for the disclosure of information subject to the attorney-client privilege, the

13 attorney work-product doctrine and other applicable privileges.  Mattel further

14 objects to this Request on the grounds that it is duplicative of or subsumed within

15 other Requests within this set of requests, duplicative of or subsumed within prior

16 Requests already responded to in this litigation, and seeks the re-production of

17 information and documents already produced in this action.  Such information and

18 documents will not be re-produced.  Subject to and without waiving the foregoing

19 general and specific objections, Mattel will produce responsive, non-privileged

20 documents in its possession, custody or control, which it has been able to locate

21 after a diligent search and reasonable inquiry, to the extent not previously produced.

22

23 REQUEST NO. 288:

24          All DOCUMENTS supporting, refuting, or evidencing the allegation in

25 paragraph 13 of the COMPLAINT that "Bryant" made "affirmative

26 misrepresentations to Mattel management upon his departure from Mattel,

27 including, without limitation, all DOCUMENTS constituting, mentioning,

28 discussing, describing, referring or relating to the alleged misrepresentations and all

1  DOCUMENTS evidencing what the alleged misrepresentations were, when they

2  were made and to whom they were made.

3

4  SUPPLEMENTAL RESPONSE TO REQUEST NO. 288:

5          In addition to the general objections stated above, which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges.  Mattel further

9  objects to this Request on the grounds that it is duplicative of or subsumed within

10  other Requests within this set of requests, duplicative of or subsumed within prior

11  Requests already responded to in this litigation, and seeks the re-production of

12  information and documents already produced in this action.  Such information and

13  documents will not be re-produced.  Subject to and without waiving the foregoing

14  general and specific objections, Mattel will produce responsive, non-privileged

15  documents in its possession, custody or control, which it has been able to locate

16  after a diligent search and reasonable inquiry, to the extent not previously produced.

17

18  REQUEST NO. 289:

19          All DOCUMENTS constituting, evidencing, referring or relating to any

20  exit interview in which BRYANT participated.

21

22  SUPPLEMENTAL RESPONSE TO REQUEST NO. 289:

23          In addition to the general objections stated above, which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it calls for the disclosure of information subject to the attorney-client privilege, the

26  attorney work-product doctrine and other applicable privileges.  Mattel further

27  objects to this Request as overbroad and unduly burdensome in that it seeks all

28  documents in Mattel's possession, custody and control created by anyone at any time

1 related to this topic, regardless of whether the documents relate to the conduct at
2 issue in this lawsuit.  Mattel further objects to this Request as unduly burdensome
3 on the grounds that this information is equally available to Bryant, as Bryant
4 necessarily possesses firsthand knowledge of the exit interview in which he
5 participated.  Mattel further objects to this Request on the grounds that it is
6 duplicative of or subsumed within other Requests within this set of requests,
7 duplicative of or subsumed within prior Requests already responded to in this
8 litigation, and seeks the re-production of information and documents already
9 produced in this action.  Such information and documents will not be re-produced.
10 Subject to and without waiving the foregoing general and specific objections, Mattel
11 will produce responsive, non-privileged documents in its possession, custody or
12 control, which it has been able to locate after a diligent search and reasonable
13 inquiry, to the extent not previously produced.
14
15 REQUEST NO. 290:
16         All DOCUMENTS supporting, refuting, or evidencing the allegation in
17 paragraph 13 of the COMPLAINT that "Mattel had no reason to suspect that Bryant
18 had worked for the competitor while still employed by Mattel until late November
19 2003."
20
21 SUPPLEMENTAL RESPONSE TO REQUEST NO. 290:
22         In addition to the general objections stated above, which are
23 incorporated herein by reference, Mattel objects to this Request on the grounds that
24 it calls for the disclosure of information subject to the attorney-client privilege, the
25 attorney work-product doctrine and other applicable privileges.  Mattel further
26 objects to this Request on the grounds that it is duplicative of or subsumed within
27 prior Requests already responded to and seeks the re-production of information and
28 documents already produced in this action.  Such information and documents will

-60-

1  not be re-produced.  Subject to and without waiving the foregoing general and

2  specific objections, Mattel will produce responsive, non-privileged documents in its

3  possession, custody or control, which it has been able to locate after a diligent

4  search and reasonable inquiry, to the extent not previously produced.

5

6  REQUEST NO. 291:

7           All DOCUMENTS evidencing how, when and under what

8  circumstances Mattel received "through an unrelated legal action, a copy of Bryant's

9  agreement with the competitor," as alleged in paragraph 13 of the COMPLAINT.

10

11  SUPPLEMENTAL RESPONSE TO REQUEST NO. 291:

12           In addition to the general objections stated above, which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it calls for the disclosure of information subject to the attorney-client privilege, the

15  attorney work-product doctrine and other applicable privileges.  Mattel further

16  objects to this Request on the grounds that it is duplicative of or subsumed within

17  other Requests within this set of requests, duplicative of or subsumed within prior

18  Requests already responded to in this litigation, and seeks the re-production of

19  information and documents already produced in this action.  Such information and

20  documents will not be re-produced.  Subject to and without waiving the foregoing

21  general and specific objections, Mattel will produce responsive, non-privileged

22  documents in its possession, custody or control, which it has been able to locate

23  after a diligent search and reasonable inquiry, to the extent not previously produced.

24

25  REQUEST NO. 292:

26           All DOCUMENTS mentioning, referring or relating to the "unrelated

27  legal action" described in paragraph 13 of the COMPLAINT.

28

-61-
MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2095

1   SUPPLEMENTAL RESPONSE TO REQUEST NO. 292:

2           In addition to the general objections stated above, which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges.  Mattel further

6   objects to this Request as overbroad and unduly burdensome in that it seeks all

7   documents in Mattel's possession, custody and control created by anyone at any time

8   mentioning, referring or relating to an unrelated legal action, regardless of whether

9   the documents relate to the conduct at issue in this lawsuit.  Mattel further objects to

10  this Request on the grounds that it seeks documents that are not relevant to this

11  action or likely to lead to the discovery of admissible evidence.  Mattel further

12  objects to this Request on the grounds that it is duplicative of or subsumed within

13  other Requests within this set of requests, duplicative of or subsumed within prior

14  Requests already responded to in this litigation, and seeks the re-production of

15  information and documents already produced in this action.  Such information and

16  documents will not be re-produced.  Subject to the foregoing, Mattel will produce

17  non-privileged, relevant documents located pursuant to reasonable search, to the

18  extent not already produced.

19

20  REQUEST NO. 293:

21          All DOCUMENTS that YOU received "through" the "unrelated legal

22  action" described in paragraph 13 of the COMPLAINT including, without

23  limitation, the "copy of Bryant's agreement with the competitor."

24

25  SUPPLEMENTAL RESPONSE TO REQUEST NO. 293:

26          In addition to the general objections stated above, which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it calls for the disclosure of information subject to the attorney-client privilege, the

209/2168014.1

-62-

1  attorney work-product doctrine and other applicable privileges.  Mattel further

2  objects to this Request on the grounds that it seeks documents whose production

3  would violate the terms of agreements entered into with third parties, or violate the

4  privacy, contractual, or other rights of third parties.  Mattel further objects to this

5  Request as overbroad and unduly burdensome in that it seeks all documents in

6  Mattel's possession, custody and control created at any time and received by Mattel

7  at any time through an unrelated legal action, regardless of whether the documents

8  relate to the conduct at issue in this lawsuit.  Mattel further objects to this Request

9  on the grounds that it seeks documents that are not relevant to this action or likely to

10  lead to the discovery of admissible evidence.  Mattel further objects to this Request

11  on the grounds that it is duplicative of or subsumed within other Requests within

12  this set of requests, duplicative of or subsumed within prior Requests already

13  responded to in this litigation, and seeks the re-production of information and

14  documents already produced in this action.  Such information and documents will

15  not be re-produced.  Subject to and without waiving the foregoing general and

16  specific objections, Mattel will produce responsive, non-privileged documents in its

17  possession, custody or control which it has been able to locate after a diligent search

18  and reasonable inquiry, to the extent not already produced.

19

20  REQUEST NO. 294:

21          All DOCUMENTS, including, without limitation, all contracts,

22  agreements and drafts, that YOU or YOUR attorneys have exchanged with, between

23  or among any person or entity that is a party to the "unrelated legal action"

24  described in paragraph 13 of the COMPLAINT, or their counsel.

25

26  SUPPLEMENTAL RESPONSE TO REQUEST NO. 294:

27          In addition to the general objections stated above, which are

28  incorporated herein by reference, Mattel objects to this Request as overbroad and

-63-

1  unduly burdensome in that it seeks all documents in Mattel's possession, custody

2  and control exchanged with, between or among any person or entity that is a party to

3  an unrelated legal action, without limitation as to time, and regardless of whether the

4  documents relate to the conduct at issue in this lawsuit.  Mattel further objects to this

5  Request on the grounds that it seeks documents that are not relevant to this action or

6  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

7  Request on the grounds that it is duplicative of or subsumed within other Requests

8  within this set of requests, duplicative of or subsumed within prior Requests already

9  responded to in this litigation, and seeks the re-production of information and

10  documents already produced in this action.  Such information and documents will

11  not be re-produced.  Subject to and without waiving the foregoing general and

12  specific objections, Mattel will produce responsive, non-privileged documents in its

13  possession, custody or control which it has been able to locate after a diligent search

14  and reasonable inquiry, to the extent not already produced.

15

16  REQUEST NO. 295:

17       All DOCUMENTS supporting, refuting, or evidencing the allegation in

18  paragraph 14 of the COMPLAINT that "Bryant breached his contracts with Mattel

19  and violated his duty of loyalty and fiduciary duties to Mattel," and the allegation

20  that "other defendants have unlawfully aided and abetted his violation of such

21  duties," and the allegation that "each of the defendants has been unjustly enriched

22  and engaged in acts of conversion."

23

24  SUPPLEMENTAL RESPONSE TO REQUEST NO. 295:

25       In addition to the general objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Mattel further

-64-

1   objects to this Request on the grounds that it is duplicative of or subsumed within

2   prior Requests already responded to and seeks the re-production of information and

3   documents already produced in this action.  Such information and documents will

4   not be re-produced.  Subject to and without waiving the foregoing general and

5   specific objections, Mattel will produce responsive, non-privileged documents in its

6   possession, custody or control, which it has been able to locate after a diligent

7   search and reasonable inquiry, to the extent not previously produced.

8

9   REQUEST NO. 296:

10          All DOCUMENTS supporting, refuting, or evidencing the allegation in

11  paragraph 17 of the COMPLAINT that the "Employment Agreement and the

12  Conflict Questionnaire are valid, enforceable contracts."

13

14  SUPPLEMENTAL RESPONSE TO REQUEST NO. 296:

15          In addition to the general objections stated above, which are

16  incorporated herein by reference, Mattel objects to this Request as overbroad and

17  unduly burdensome in that it seeks all documents in Mattel's possession, custody

18  and control created by anyone at any time that are related to this topic.  Mattel

19  further objects to this Request on the grounds and to the extent that it requires

20  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

21  Mattel further objects to this Request on the grounds that it seeks confidential,

22  proprietary and trade secret information that has no bearing on the claims or

23  defenses in this case.  Mattel further objects to this Request on the grounds that it

24  calls for the disclosure of information subject to the attorney-client privilege, the

25  attorney work-product doctrine and other applicable privileges.  Mattel further

26  objects to this Request on the grounds that it is duplicative of or subsumed within

27  other requests within this set of requests, duplicative of or subsumed within prior

28  Requests already responded to in this litigation, and seeks the re-production of

1    information and documents already produced in this action.  Such information and
2    documents will not be re-produced.  Subject to and without waiving the foregoing
3    general and specific objections, Mattel will produce responsive, non-privileged
4    documents in its possession, custody or control, which it has been able to locate
5    after a diligent search and reasonable inquiry, to the extent not previously produced.
6
7    REQUEST NO. 297:
8            All DOCUMENTS supporting, refuting, or evidencing the allegation in
9    paragraph 17 of the COMPLAINT that "Mattel has performed each and every term
10   and condition of the Employment Agreement and Conflict Questionnaire required to
11   be performed by Mattel."
12
13   SUPPLEMENTAL RESPONSE TO REQUEST NO. 297:
14           In addition to the general objections stated above, which are
15   incorporated herein by reference, Mattel objects to this Request on the grounds that
16   it calls for the disclosure of information subject to the attorney-client privilege, the
17   attorney work-product doctrine and other applicable privileges.  Mattel further
18   objects to this Request on the grounds that it is duplicative of or subsumed within
19   other Requests within this set of requests, duplicative of or subsumed within prior
20   Requests already responded to in this litigation, and seeks the re-production of
21   information and documents already produced in this action.  Such information and
22   documents will not be re-produced.  Subject to and without waiving the foregoing
23   general and specific objections, Mattel will produce responsive, non-privileged
24   documents in its possession, custody or control, which it has been able to locate
25   after a diligent search and reasonable inquiry, to the extent not previously produced.
26
27
28

209/2168014.1

REQUEST NO. 298:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 19 of the COMPLAINT that "Mattel has suffered and will in the future continue to suffer damages."

SUPPLEMENTAL RESPONSE TO REQUEST NO. 298:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Mattel further objects to this Request as premature in that it seeks expert discovery. Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents relating to the fact of damage in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced. Furthermore, this topic may be the subject of expert testimony and disclosure, which will be produced at the time and in the manner required by the Rules or Court Order.

MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2101

REQUEST NO. 299:

All DOCUMENTS estimating, calculating, determining or evidencing the "amounts paid by the competitor to Bryant during his Mattel employment" as alleged in paragraph 19 of the COMPLAINT.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 299:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unduly burdensome in that it purports to require Mattel to search for, identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and nonparties associated with defendants, and that are not known to Mattel because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Mattel further objects to this Request as premature in that it seeks expert discovery. Such discovery will be disclosed only at the time, and in the manner required by, the <u>Rules</u> and the Court's Orders. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents in its possession, custody or control, which it has been able to locate after a diligent

1    search and reasonable inquiry, to the extent not previously produced. Furthermore,

2    this topic may be the subject of expert testimony and disclosure, which will be

3    produced at the time and in the manner required by the <u>Rules</u> or Court Order.

4

5    <u>REQUEST NO. 300</u>:

6            All DOCUMENTS estimating, calculating, determining or evidencing

7    the "amounts paid by the competitor to Bryant as result of the work he performed

8    for the competitor during his Mattel employment" as alleged in paragraph 19 of the

9    COMPLAINT.

10

11   <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 300</u>:

12           In addition to the general objections stated above, which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it is unduly burdensome in that it purports to require Mattel to search for, identify

15   and produce documents relating to matters that are currently known to and in the

16   possession, custody and defendants and nonparties associated defendants, and that

17   are not known to Mattel because of defendants' refusals to produce basic discovery.

18   Mattel further objects to this Request on the grounds that it calls for the disclosure

19   of information subject to the attorney-client privilege, the attorney work-product

20   doctrine and other applicable privileges. Mattel further objects to this Request on

21   the grounds that it is duplicative of or subsumed within prior Requests already

22   responded to and seeks the re-production of information and documents already

23   produced in this action. Such information and documents will not be re-produced.

24   Mattel further objects to this Request as premature in that it seeks expert discovery.

25   Such discovery will be disclosed only at the time, and in the manner required by, the

26   <u>Rules</u> and the Court's Orders. Subject to and without waiving the foregoing general

27   and specific objections, Mattel will produce responsive, non-privileged documents

28   in its possession, custody or control, which it has been able to locate after a diligent

1  search and reasonable inquiry, to the extent not previously produced.  Furthermore,

2  this topic may be the subject of expert testimony and disclosure, which will be

3  produced at the time and in the manner required by the <u>Rules</u> or Court Order.

4

5  <u>REQUEST NO. 301</u>:

6          All DOCUMENTS estimating, calculating, determining or evidencing

7  the "value of information and intellectual property owned by Mattel which Bryant

8  provided to the competitor" as alleged in paragraph 19 of the COMPLAINT.

9

10 <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 301</u>:

11         In addition to the general objections stated above, which are

12 incorporated herein by reference, Mattel objects to this Request on the grounds that

13 it is unduly burdensome in that it purports to require Mattel to search for, identify

14 and produce documents relating to matters that are currently known to and in the

15 possession, custody and control of defendants and nonparties associated with

16 defendants, and that are not known to Mattel because of defendants' refusals to

17 produce basic discovery.  Mattel further objects to this Request on the grounds that

18 it calls for the disclosure of information subject to the attorney-client privilege, the

19 attorney work-product doctrine and other applicable privileges.  Mattel further

20 objects to this Request on the grounds that it is duplicative of or subsumed within

21 prior Requests already responded to and seeks the re-production of information and

22 documents already produced in this action.  Such information and documents will

23 not be re-produced.  Mattel further objects to this Request as premature in that it

24 seeks expert discovery.  Such discovery will be disclosed only at the time, and in the

25 manner required by, the <u>Rules</u> and the Court's Orders.  Mattel further objects to this

26 Request on the grounds that it is duplicative of or subsumed within other Requests

27 within this set of requests, duplicative of or subsumed within prior Requests already

28 responded to in this litigation, and seeks the re-production of information and

-70-

Exhibit 44 - Page 2104

1   documents already produced in this action.  Such information and documents will

2   not be re-produced.  Subject to and without waiving the foregoing general and

3   specific objections, Mattel will produce responsive, non-privileged documents in its

4   possession, custody or control, which it has been able to locate after a diligent

5   search and reasonable inquiry, to the extent not previously produced.  Furthermore,

6   this topic may be the subject of expert testimony and disclosure, which will be

7   produced at the time and in the manner required by the <u>Rules</u> or Court Order.

8

9   REQUEST NO. 302:

10          All DOCUMENTS constituting, evidencing, describing, showing or

11  depicting the "intellectual property owned by Mattel," alleged in paragraph 19 of the

12  COMPLAINT.

13

14  SUPPLEMENTAL RESPONSE TO REQUEST NO. 302:

15          In addition to the general objections stated above, which are

16  incorporated herein by reference, Mattel objects to this Request as overbroad and

17  unduly burdensome in that it seeks all documents in Mattel's possession, custody

18  and control created by anyone at any time that are related to this topic.  Mattel

19  further objects to this Request on the grounds and to the extent that it requires

20  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

21  Mattel further objects to this Request on the grounds that it seeks confidential,

22  proprietary and trade secret information that has no bearing on the claims or

23  defenses in this case.  Mattel further objects to this Request on the grounds that it

24  calls for the disclosure of information subject to the attorney-client privilege, the

25  attorney work-product doctrine and other applicable privileges.  Mattel further

26  objects to this Request on the grounds that it is duplicative of or subsumed within

27  other requests within this set of requests, duplicative of or subsumed within prior

28  Requests already responded to in this litigation, and seeks the re-production of

1  information and documents already produced in this action.  Such information and

2  documents will not be re-produced.  Subject to and without waiving the foregoing

3  general and specific objections, Mattel will produce responsive, non-privileged

4  documents in its possession, custody or control, which it has been able to locate

5  after a diligent search and reasonable inquiry, to the extent not previously produced.

6

7  REQUEST NO. 303:

8          All patents, copyright registrations, and trademark registrations

9  covering or relating to the "intellectual property owned by Mattel," alleged in

10  paragraph 19 of the COMPLAINT, and any other indicia of ownership, authorship

11  and inventorship including, without limitation, any assignments or licenses for or to

12  the alleged property.

13

14  SUPPLEMENTAL RESPONSE TO REQUEST NO. 303:

15          In addition to the general objections stated above, which are

16  incorporated herein by reference, Mattel objects to this Request as overbroad and

17  unduly burdensome in that it seeks all documents in Mattel's possession, custody

18  and control created by anyone at any time that are related to this topic.  Mattel

19  further objects to this Request on the grounds and to the extent that it requires

20  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

21  Mattel further objects to this Request on the grounds that it seeks confidential,

22  proprietary and trade secret information that has no bearing on the claims or

23  defenses in this case.  Mattel further objects to this Request on the grounds that it

24  calls for the disclosure of information subject to the attorney-client privilege, the

25  attorney work-product doctrine and other applicable privileges.  Mattel further

26  objects to this Request on the grounds that it is duplicative of or subsumed within

27  other requests within this set of requests, duplicative of or subsumed within prior

28  Requests already responded to in this litigation, and seeks the re-production of

209/2168014.1

-72-

1  information and documents already produced in this action.  Such information and

2  documents will not be re-produced.  Subject to and without waiving the foregoing

3  general and specific objections, Mattel will produce responsive, non-privileged

4  documents in its possession, custody or control, which it has been able to locate

5  after a diligent search and reasonable inquiry, to the extent not previously produced.

6

7  REQUEST NO. 304:

8          All DOCUMENTS estimating, calculating, determining or evidencing

9  the "value of the benefits the competitor obtained from Bryant during the time he

10 was employed by Mattel" as alleged in paragraph 19 of the COMPLAINT.

11

12 SUPPLEMENTAL RESPONSE TO REQUEST NO. 304:

13         In addition to the general objections stated above, which are

14 incorporated herein by reference, Mattel objects to this Request on the grounds that

15 it is unduly burdensome in that it purports to require Mattel to search for, identify

16 and produce documents relating to matters that are currently known to and in the

17 possession, custody and control of defendants and nonparties associated with

18 defendants, and that are not known to Mattel because of defendants' refusals to

19 produce basic discovery.  Mattel further objects to this Request on the grounds that

20 it calls for the disclosure of information subject to the attorney-client privilege, the

21 attorney work-product doctrine and other applicable privileges.  Mattel further

22 objects to this Request on the grounds that it is duplicative of or subsumed within

23 prior Requests already responded to and seeks the re-production of information and

24 documents already produced in this action.  Such information and documents will

25 not be re-produced.  Mattel further objects to this Request as premature in that it

26 seeks expert discovery.  Such discovery will be disclosed only at the time, and in the

27 manner required by, the Rules and the Court's Orders.  Mattel further objects to this

28 Request on the grounds that it is duplicative of or subsumed within other Requests

-73-

MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2107

1  within this set of requests, duplicative of or subsumed within prior Requests already
2  responded to in this litigation, and seeks the re-production of information and
3  documents already produced in this action.  Such information and documents will
4  not be re-produced.  Subject to and without waiving the foregoing general and
5  specific objections, Mattel will produce responsive, non-privileged documents in its
6  possession, custody or control, which it has been able to locate after a diligent
7  search and reasonable inquiry, to the extent not previously produced.  Furthermore,
8  this topic may be the subject of expert testimony and disclosure, which will be
9  produced at the time and in the manner required by the Rules or Court Order.
10
11  REQUEST NO. 305:
12          All DOCUMENTS estimating, calculating, determining or evidencing
13  the "value of the benefits the competitor obtained from Bryant as a result of the
14  work he performed for the competitor during his Mattel employment" as alleged in
15  paragraph 19 of the COMPLAINT.
16
17  SUPPLEMENTAL RESPONSE TO REQUEST NO. 305:
18          In addition to the general objections stated above, which are
19  incorporated herein by reference, Mattel objects to this Request on the grounds that
20  it is unduly burdensome in that it purports to require Mattel to search for, identify
21  and produce documents relating to matters that are currently known to and in the
22  possession, custody and control of defendants and nonparties associated with
23  defendants, and that are not known to Mattel because of defendants' refusals to
24  produce basic discovery.  Mattel further objects to this Request on the grounds that
25  it calls for the disclosure of information subject to the attorney-client privilege, the
26  attorney work-product doctrine and other applicable privileges.  Mattel further
27  objects to this Request on the grounds that it is duplicative of or subsumed within
28  prior Requests already responded to and seeks the re-production of information and

1   documents already produced in this action.  Such information and documents will

2   not be re-produced.  Mattel further objects to this Request as premature in that it

3   seeks expert discovery.  Such discovery will be disclosed only at the time, and in the

4   manner required by, the <u>Rules</u> and the Court's Orders.  Mattel further objects to this

5   Request on the grounds that it is duplicative of or subsumed within other Requests

6   within this set of requests, duplicative of or subsumed within prior Requests already

7   responded to in this litigation, and seeks the re-production of information and

8   documents already produced in this action.  Such information and documents will

9   not be re-produced.  Subject to and without waiving the foregoing general and

10  specific objections, Mattel will produce responsive, non-privileged documents

11  relating to the fact of damage in its possession, custody or control, which it has been

12  able to locate after a diligent search and reasonable inquiry, to the extent not

13  previously produced.  Furthermore, this topic may be the subject of expert testimony

14  and disclosure, which will be produced at the time and in the manner required by the

15  <u>Rules</u> or Court Order.

16

17  <u>REQUEST NO. 306:</u>

18          All DOCUMENTS supporting, refuting, or evidencing the allegation in

19  paragraph 20 of the COMPLAINT that "Bryant's conduct" has caused "irreparable

20  injury to Mattel."

21

22  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 306:</u>

23          In addition to the general objections stated above, which are

24  incorporated herein by reference, Mattel objects to this Request as overbroad and

25  unduly burdensome in that it seeks all documents in Mattel's possession, custody

26  and control created by anyone at any time that are related to this topic.  Mattel

27  further objects to this Request on the grounds and to the extent that it requires

28  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

1  Mattel further objects to this Request as premature in that it seeks expert discovery.
2  Such discovery will be disclosed only at the time, and in the manner required by, the
3  Rules and the Court's Orders.  Mattel further objects to this Request on the grounds
4  that it seeks confidential, proprietary and trade secret information that has no
5  bearing on the claims or defenses in this case.  Mattel further objects to this Request
6  on the grounds that it calls for the disclosure of information subject to the attorney-
7  client privilege, the attorney work-product doctrine and other applicable privileges.
8  Mattel further objects to this Request on the grounds that it is duplicative of or
9  subsumed within other requests within this set of requests, duplicative of or
10  subsumed within prior Requests already responded to in this litigation, and seeks the
11  re-production of information and documents already produced in this action.  Such
12  information and documents will not be re-produced.  Subject to and without waiving
13  the foregoing general and specific objections, Mattel will produce responsive, non-
14  privileged documents in its possession, custody or control, which it has been able to
15  locate after a diligent search and reasonable inquiry, to the extent not previously
16  produced.  Furthermore, this topic may be the subject of expert testimony and
17  disclosure, which will be produced at the time and in the manner required by the
18  Rules or Court Order.
19
20  REQUEST NO. 307:
21         All DOCUMENTS describing, discussing, mentioning, referring or
22  relating to the nature, extent and substance of the "irreparable injury" alleged in
23  paragraph 20 of the COMPLAINT.
24
25  SUPPLEMENTAL RESPONSE TO REQUEST NO. 307:
26         In addition to the general objections stated above, which are
27  incorporated herein by reference, Mattel objects to this Request as overbroad and
28  unduly burdensome in that it seeks all documents in Mattel's possession, custody

-76-
MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2110

1  and control created by anyone at any time that are related to this topic.  Mattel
2  further objects to this Request on the grounds and to the extent that it requires
3  Mattel to engage in an unreasonable search, in violation of the Federal Rules.
4  Mattel further objects to this Request as premature in that it seeks expert discovery.
5  Such discovery will be disclosed only at the time, and in the manner required by, the
6  Rules and the Court's Orders.  Mattel further objects to this Request on the grounds
7  that it seeks confidential, proprietary and trade secret information that has no
8  bearing on the claims or defenses in this case.  Mattel further objects to this Request
9  on the grounds that it calls for the disclosure of information subject to the attorney-
10 client privilege, the attorney work-product doctrine and other applicable privileges.
11 Mattel further objects to this Request on the grounds that it is duplicative of or
12 subsumed within other requests within this set of requests, duplicative of or
13 subsumed within prior Requests already responded to in this litigation, and seeks the
14 re-production of information and documents already produced in this action.  Such
15 information and documents will not be re-produced.  Subject to and without waiving
16 the foregoing general and specific objections, Mattel will produce responsive, non-
17 privileged documents in its possession, custody or control, which it has been able to
18 locate after a diligent search and reasonable inquiry, to the extent not previously
19 produced.  Furthermore, this topic may be the subject of expert testimony and
20 disclosure, which will be produced at the time and in the manner required by the
21 Rules or Court Order.

22
23 REQUEST NO. 308:
24       All DOCUMENTS supporting, refuting, or evidencing the allegation in
25 paragraph 22 of the COMPLAINT that "Bryant held a position of trust and
26 confidence with Mattel."
27
28

-77-

1  SUPPLEMENTAL RESPONSE TO REQUEST NO. 308:

2          In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Mattel further

6  objects to this Request on the grounds that it is duplicative of or subsumed within

7  prior Requests already responded to and seeks the re-production of information and

8  documents already produced in this action.  Such information and documents will

9  not be re-produced.  Subject to and without waiving the foregoing general and

10 specific objections, Mattel will produce responsive, non-privileged documents

11 relating to Bryant in its possession, custody or control, which it has been able to

12 locate after a diligent search and reasonable inquiry, to the extent not previously

13 produced.

14

15 REQUEST NO. 310:

16         All DOCUMENTS supporting, refuting, or evidencing the allegation in

17 paragraph 22 of the COMPLAINT that "Bryant had access to" "Mattel's proprietary

18 and confidential information."

19

20 SUPPLEMENTAL RESPONSE TO REQUEST NO. 310:

21         In addition to the general objections stated above, which are

22 incorporated herein by reference, Mattel objects to this Request on the grounds that

23 it calls for the disclosure of information subject to the attorney-client privilege, the

24 attorney work-product doctrine and other applicable privileges.  Mattel further

25 objects to this Request on the grounds that it is duplicative of or subsumed within

26 prior Requests already responded to and seeks the re-production of information and

27 documents already produced in this action.  Such information and documents will

28 not be re-produced.  Subject to and without waiving the foregoing general and

209/2168014.1
-78-

1  specific objections, Mattel will produce responsive, non-privileged documents in its

2  possession, custody or control, which it has been able to locate after a diligent

3  search and reasonable inquiry, to the extent not previously produced.

4

5  REQUEST NO. 312:

6          DOCUMENTS supporting, refuting, or evidencing the allegation in

7  paragraph 229 [sic] of the COMPLAINT that "Bryant. . . was entrusted with

8  Mattel's proprietary and confidential information."

9

10  SUPPLEMENTAL RESPONSE TO REQUEST NO. 312:

11          In addition to the general objections stated above, which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it calls for the disclosure of information subject to the attorney-client privilege, the

14  attorney work-product doctrine and other applicable privileges.  Mattel further

15  objects to this Request on the grounds that it is duplicative of or subsumed within

16  other Requests within this set of requests, duplicative of or subsumed within prior

17  Requests already responded to in this litigation, and seeks the re-production of

18  information and documents already produced in this action.  Such information and

19  documents will not be re-produced.  Subject to and without waiving the foregoing

20  general and specific objections, Mattel will produce responsive, non-privileged

21  documents in its possession, custody or control, which it has been able to locate

22  after a diligent search and reasonable inquiry, to the extent not previously produced.

23

24  REQUEST NO. 314:

25          All DOCUMENTS supporting, refuting, or evidencing the allegation in

26  paragraph 22 of the COMPLAINT that Bryant "supervised the work of others. [sic]

27

28

-79-

1   SUPPLEMENTAL RESPONSE TO REQUEST NO. 314:

2        In addition to the general objections stated above, which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it calls for the disclosure of information subject to the attorney-client privilege, the

5 attorney work-product doctrine and other applicable privileges. Mattel further

6 objects to this Request on the grounds that it is duplicative of or subsumed within

7 other Requests within this set of requests, duplicative of or subsumed within prior

8 Requests already responded to in this litigation, and seeks the re-production of

9 information and documents already produced in this action. Such information and

10 documents will not be re-produced. Such information and documents will not be re-

11 produced. Subject to and without waiving the foregoing general and specific

12 objections, Mattel will produce responsive, non-privileged documents in its

13 possession, custody or control, which it has been able to locate after a diligent

14 search and reasonable inquiry, to the extent not previously produced.

15

16   REQUEST NO. 316:

17        All DOCUMENTS supporting, refuting, or evidencing the allegation in

18 paragraph 22 of the COMPLAINT that Bryant "exercised discretion" in "many of

19 his job assignments and duties."

20

21   SUPPLEMENTAL RESPONSE TO REQUEST NO. 316:

22        In addition to the general objections stated above, which are

23 incorporated herein by reference, Mattel objects to this Request on the grounds that

24 it calls for the disclosure of information subject to the attorney-client privilege, the

25 attorney work-product doctrine and other applicable privileges. Mattel further

26 objects to this Request on the grounds that it is duplicative of or subsumed within

27 other Requests within this set of requests, duplicative of or subsumed within prior

28 Requests already responded to in this litigation, and seeks the re-production of

Exhibit 44 - Page 2114

1  information and documents already produced in this action. Such information and

2  documents will not be re-produced. Subject to and without waiving the foregoing

3  general and specific objections, Mattel will produce responsive, non-privileged

4  documents in its possession, custody or control, which it has been able to locate

5  after a diligent search and reasonable inquiry, to the extent not previously produced.

6

7  REQUEST NO. 318:

8          All DOCUMENTS describing, discussing, mentioning, referring or

9  relating to the nature and scope of Bryant's "job assignments and duties" as alleged

10  in paragraph 22 of the COMPLAINT.

11

12  SUPPLEMENTAL RESPONSE TO REQUEST NO. 318:

13          In addition to the general objections stated above, which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it calls for the disclosure of information subject to the attorney-client privilege, the

16  attorney work-product doctrine and other applicable privileges. Mattel further

17  objects to this Request as overbroad, unduly burdensome and oppressive in that it

18  seeks "all" documents in Mattel's possession, custody and control on this broad

19  subject. Mattel further objects to this Request on the grounds that it is duplicative of

20  or subsumed within other Requests within this set of requests, duplicative of or

21  subsumed within prior Requests already responded to in this litigation, and seeks the

22  re-production of information and documents already produced in this action. Such

23  information and documents will not be re-produced. Subject to and without waiving

24  the foregoing general and specific objections, Mattel will produce responsive, non-

25  privileged documents in its possession, custody or control, which it has been able to

26  locate after a diligent search and reasonable inquiry, to the extent not previously

27  produced.

28

-81-
MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2115

1  REQUEST NO. 319:

2          All DOCUMENTS supporting, refuting, or evidencing the allegation in

3  paragraph 22 of the COMPLAINT that Bryant "worked independently in many of

4  his job assignments and duties."

5

6  SUPPLEMENTAL RESPONSE TO REQUEST NO. 319:

7          In addition to the general objections stated above, which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects to this Request on the grounds that it is duplicative of or subsumed within

12  other Requests within this set of requests, duplicative of or subsumed within prior

13  Requests already responded to in this litigation, and seeks the re-production of

14  information and documents already produced in this action.  Such information and

15  documents will not be re-produced.  Subject to and without waiving the foregoing

16  general and specific objections, Mattel will produce responsive, non-privileged

17  documents in its possession, custody or control, which it has been able to locate

18  after a diligent search and reasonable inquiry, to the extent not previously produced.

19

20  REQUEST NO. 321:

21          All DOCUMENTS supporting, refuting, or evidencing the allegation in

22  paragraph 22 of the COMPLAINT that Bryant "represented Mattel in its dealings

23  with third parties."

24

25  SUPPLEMENTAL RESPONSE TO REQUEST NO. 321:

26          In addition to the general objections stated above, which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it calls for the disclosure of information subject to the attorney-client privilege, the

09/2168014.1

-82-

MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2116

1  attorney work-product doctrine and other applicable privileges. Mattel further
2  objects to this Request on the grounds that it is duplicative of or subsumed within
3  other Requests within this set of requests, duplicative of or subsumed within prior
4  Requests already responded to in this litigation, and seeks the re-production of
5  information and documents already produced in this action. Such information and
6  documents will not be re-produced. Subject to and without waiving the foregoing
7  general and specific objections, Mattel will produce responsive, non-privileged
8  documents in its possession, custody or control, which it has been able to locate
9  after a diligent search and reasonable inquiry, to the extent not previously produced.
10
11  REQUEST NO. 322:
12          All DOCUMENTS evidencing all instances in which BRYANT
13  represented MATTEL in any dealing with any third party.
14
15  SUPPLEMENTAL RESPONSE TO REQUEST NO. 322:
16          In addition to the general objections stated above, which are
17  incorporated herein by reference, Mattel objects to this Request on the grounds that
18  it calls for the disclosure of information subject to the attorney-client privilege, the
19  attorney work-product doctrine and other applicable privileges. Mattel further
20  objects to this Request as overbroad, unduly burdensome and oppressive in that it
21  seeks "all" documents in Mattel's possession, custody and control on this broad
22  subject. Mattel further objects to this Request on the grounds that it is duplicative of
23  or subsumed within other Requests within this set of requests, duplicative of or
24  subsumed within prior Requests already responded to in this litigation, and seeks the
25  re-production of information and documents already produced in this action. Such
26  information and documents will not be re-produced. Subject to and without waiving
27  the foregoing general and specific objections, Mattel will produce responsive, non-
28  privileged documents in its possession, custody or control, which it has been able to

-83-

1 | locate after a diligent search and reasonable inquiry, to the extent not already
2 | produced.

3

4 | REQUEST NO. 324:

5 |       All DOCUMENTS supporting, refuting, or evidencing the allegation in
6 | paragraph 22 of the COMPLAINT that Bryant "in the course and scope of his
7 | employment with Mattel, was an agent of Mattel," including, without limitation, all
8 | DOCUMENTS evidencing, describing, discussing, mentioning, referring or relating
9 | to the nature and scope of the alleged agency.

10

11 | SUPPLEMENTAL RESPONSE TO REQUEST NO. 324:

12 |       In addition to the general objections stated above, which are
13 | incorporated herein by reference, Mattel objects to this Request on the grounds that
14 | it calls for the disclosure of information subject to the attorney-client privilege, the
15 | attorney work-product doctrine and other applicable privileges. Mattel further
16 | objects to this Request as overbroad, unduly burdensome and oppressive in that it
17 | seeks "all" documents in Mattel's possession, custody and control on this broad
18 | subject. Mattel further objects to this Request on the grounds that it is duplicative of
19 | or subsumed within other Requests within this set of requests, duplicative of or
20 | subsumed within prior Requests already responded to in this litigation, and seeks the
21 | re-production of information and documents already produced in this action. Such
22 | information and documents will not be re-produced. Subject to and without waiving
23 | the foregoing general and specific objections, Mattel will produce responsive, non-
24 | privileged documents in its possession, custody or control, which it has been able to
25 | locate after a diligent search and reasonable inquiry, to the extent not previously
26 | produced.

27

28

1   REQUEST NO. 325:

2           All DOCUMENTS supporting, refuting, or evidencing the allegation in

3   paragraph 25 of the COMPLAINT that "Mattel has incurred damages" as a "direct

4   and proximate result of defendants' wrongful conduct."

5

6   SUPPLEMENTAL RESPONSE TO REQUEST NO. 325:

7           In addition to the general objections stated above, which are

8   incorporated herein by reference, Mattel objects to this Request as overbroad,

9   unduly burdensome and premature in that the facts necessary to determine the full

10  nature and extent of Mattel's relief and damages from defendant's acts or omissions

11  are known by defendants and third parties associated with defendants, but are not

12  known by Mattel at this juncture because of defendants' refusals to produce basic

13  discovery.  Mattel further objects to this Request on the grounds that it calls for the

14  disclosure of information subject to the attorney-client privilege, the attorney work-

15  product doctrine and other applicable privileges.  Mattel further objects to this

16  Request on the grounds that it is duplicative of or subsumed within other Requests

17  within this set of requests, duplicative of or subsumed within prior Requests already

18  responded to in this litigation, and seeks the re-production of information and

19  documents already produced in this action.  Such information and documents will

20  not be re-produced.  Mattel further objects to this Request as premature in that it

21  seeks expert discovery.  Such discovery will be disclosed only at the time, and in the

22  manner required by, the Rules and the Court's Orders.  Mattel further objects to this

23  Request on the grounds that it is duplicative of or subsumed within other Requests

24  within this set of requests, duplicative of or subsumed within prior Requests already

25  responded to in this litigation, and seeks the re-production of information and

26  documents already produced in this action.  Such information and documents will

27  not be re-produced.  Subject to and without waiving the foregoing general and

28  specific objections, Mattel will produce responsive, non-privileged documents

1  relating to the fact of damage in its possession, custody or control, which it has been
2  able to locate after a diligent search and reasonable inquiry, to the extent not
3  previously produced.  Furthermore, this topic may be the subject of expert testimony
4  and disclosure, which will be produced at the time and in the manner required by the
5  Rules or Court Order.

6

7  REQUEST NO. 326:

8          All DOCUMENTS supporting, refuting, or evidencing the allegation in
9  paragraph 26 of the COMPLAINT that "[d]efendants acted with malice, fraud and
10  oppression."

11

12  SUPPLEMENTAL RESPONSE TO REQUEST NO. 326:

13          In addition to the general objections stated above, which are
14  incorporated herein by reference, Mattel objects to this Request on the grounds that
15  it calls for the disclosure of information subject to the attorney-client privilege, the
16  attorney work-product doctrine and other applicable privileges.  Mattel further
17  objects to this Request as unduly burdensome in that it purports to require Mattel to
18  search for, identify and produce documents relating to matters that are currently
19  known to and in the possession, custody and control of defendants and nonparties
20  associated with defendants, and that are not known to Mattel because of defendants'
21  refusals to produce basic discovery.  Mattel further objects to this Request on the
22  grounds that it is duplicative of or subsumed within other Requests within this set of
23  requests, duplicative of or subsumed within prior Requests already responded to in
24  this litigation, and seeks the re-production of information and documents already
25  produced in this action.  Such information and documents will not be re-produced.
26  Subject to and without waiving the foregoing general and specific objections, Mattel
27  will produce responsive, non-privileged documents in its possession, custody or

28

-86-

Exhibit 44 - Page 2120

1  control, which it has been able to locate after a diligent search and reasonable

2  inquiry, to the extent not previously produced.

3

4  REQUEST NO. 327:

5          All DOCUMENTS supporting, refuting, or evidencing the allegation in

6  paragraph 36 of the COMPLAINT that "[d]efendants. . . used and diverted Mattel

7  property, resources and opportunities for the benefit of, and to aid and assist,

8  themselves."

9

10  SUPPLEMENTAL RESPONSE TO REQUEST NO. 327:

11          In addition to the general objections stated above, which are

12  incorporated herein by reference, Mattel objects to this Request as unduly

13  burdensome in that it purports to require Mattel to search for, identify and produce

14  documents relating to matters that are currently known to and in the possession,

15  custody and control of defendants and nonparties associated with defendants, and

16  that are not known to Mattel because of defendants' refusals to produce basic

17  discovery. Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney work-

19  product doctrine and other applicable privileges. Mattel further objects to this

20  Request on the grounds that it is duplicative of or subsumed within other Requests

21  within this set of requests, duplicative of or subsumed within prior Requests already

22  responded to in this litigation, and seeks the re-production of information and

23  documents already produced in this action. Such information and documents will

24  not be re-produced. Mattel further objects to this Request as premature in that it

25  seeks expert discovery. Such discovery will be disclosed only at the time, and in the

26  manner required by, the Rules and the Court's Orders. Mattel further objects to this

27  Request on the grounds that it is duplicative of or subsumed within other Requests

28  within this set of requests, duplicative of or subsumed within prior Requests already

-87-

1   responded to in this litigation, and seeks the re-production of information and

2   documents already produced in this action. Such information and documents will

3   not be re-produced. Subject to and without waiving the foregoing general and

4   specific objections, Mattel will produce responsive, non-privileged documents in its

5   possession, custody or control, which it has been able to locate after a diligent

6   search and reasonable inquiry, to the extent not previously produced. Furthermore,

7   this topic may be the subject of expert testimony and disclosure, which will be

8   produced at the time and in the manner required by the <u>Rules</u> or Court Order.

9

10  <u>REQUEST NO. 328</u>:

11           All DOCUMENTS constituting, identifying, evidencing, describing,

12  showing or depicting the "used and diverted Mattel property" mentioned in

13  paragraph 36 of the COMPLAINT.

14

15  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 328</u>:

16           In addition to the general objections stated above, which are

17  incorporated herein by reference, Mattel objects to this Request as unduly

18  burdensome in that it purports to require Mattel to search for, identify and produce

19  documents relating to matters that are currently known to and in the possession,

20  custody and control of defendants and nonparties associated with defendants, and

21  that are not known to Mattel because of defendants' refusals to produce basic

22  discovery. Mattel further objects to this Request as overbroad, unduly burdensome

23  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

24  control on this broad subject. Mattel further objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the attorney work-product doctrine and other applicable privileges. Mattel further

27  objects to this Request on the grounds that it is duplicative of or subsumed within

28  other Requests within this set of requests, duplicative of or subsumed within prior

209/2168014.1

-88-

1   Requests already responded to in this litigation, and seeks the re-production of

2   information and documents already produced in this action.  Such information and

3   documents will not be re-produced.  Subject to and without waiving the foregoing

4   general and specific objections, Mattel will produce responsive, non-privileged

5   documents in its possession, custody or control, which it has been able to locate

6   after a diligent search and reasonable inquiry, to the extent not previously produced.

7

8   REQUEST NO. 329:

9           All DOCUMENTS constituting, identifying, evidencing, describing,

10  showing or depicting the "used and diverted Mattel ... resources" mentioned in

11  paragraph 36 of the COMPLAINT.

12

13  SUPPLEMENTAL RESPONSE TO REQUEST NO. 329:

14          In addition to the general objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request as overbroad and

16  unduly burdensome in that it seeks all documents in Mattel's possession, custody

17  and control created by anyone at any time that are related to this topic.  Mattel

18  further objects to this Request on the grounds and to the extent that it requires

19  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

20  Mattel further objects to this Request on the grounds that it seeks confidential,

21  proprietary and trade secret information that has no bearing on the claims or

22  defenses in this case.  Mattel further objects to this Request on the grounds that it

23  calls for the disclosure of information subject to the attorney-client privilege, the

24  attorney work-product doctrine and other applicable privileges.  Mattel further

25  objects to this Request on the grounds that it is duplicative of or subsumed within

26  other requests within this set of requests, duplicative of or subsumed within prior

27  Requests already responded to in this litigation, and seeks the re-production of

28  information and documents already produced in this action.  Such information and

-89-

1   documents will not be re-produced.  Subject to and without waiving the foregoing

2   general and specific objections, Mattel will produce responsive, non-privileged

3   documents in its possession, custody or control, which it has been able to locate

4   after a diligent search and reasonable inquiry, to the extent not previously produced.

5

6   REQUEST NO. 330:

7            All DOCUMENTS identifying, evidencing or describing the "used and

8   diverted ... opportunities" mentioned in paragraph 36 of the COMPLAINT.

9

10   SUPPLEMENTAL RESPONSE TO REQUEST NO. 330:

11            In addition to the general objections stated above, which are

12   incorporated herein by reference, Mattel objects to this Request as overbroad and

13   unduly burdensome in that it seeks all documents in Mattel's possession, custody

14   and control created by anyone at any time that are related to this topic.  Mattel

15   further objects to this Request on the grounds and to the extent that it requires

16   Mattel to engage in an unreasonable search, in violation of the Federal Rules.

17   Mattel further objects to this Request on the grounds that it seeks confidential,

18   proprietary and trade secret information that has no bearing on the claims or

19   defenses in this case.  Mattel further objects to this Request on the grounds that it

20   calls for the disclosure of information subject to the attorney-client privilege, the

21   attorney work-product doctrine and other applicable privileges.  Mattel further

22   objects to this Request on the grounds that it is duplicative of or subsumed within

23   other requests within this set of requests, duplicative of or subsumed within prior

24   Requests already responded to in this litigation, and seeks the re-production of

25   information and documents already produced in this action.  Such information and

26   documents will not be re-produced.  Subject to and without waiving the foregoing

27   general and specific objections, Mattel will produce responsive, non-privileged

28

1  documents in its possession, custody or control, which it has been able to locate

2  after a diligent search and reasonable inquiry, to the extent not previously produced.

3

4  REQUEST NO. 331:

5          All DOCUMENTS estimating, calculating, determining or evidencing

6  the amount by which "Defendants have been unjustly enriched" as alleged in

7  paragraph 36 of the COMPLAINT.

8

9  SUPPLEMENTAL RESPONSE TO REQUEST NO. 331:

10         In addition to the general objections stated above, which are

11 incorporated herein by reference, Mattel objects to this Request as unduly

12 burdensome in that it purports to require Mattel to search for, identify and produce

13 documents relating to matters that are currently known to and in the possession,

14 custody and control of defendants and nonparties associated with defendants, and

15 that are not known to Mattel because of defendants' refusals to produce basic

16 discovery. Mattel further objects to this Request on the grounds that it calls for the

17 disclosure of information subject to the attorney-client privilege, the attorney work-

18 product doctrine and other applicable privileges. Mattel further objects to this

19 Request on the grounds that it is duplicative of or subsumed within other Requests

20 within this set of requests, duplicative of or subsumed within prior Requests already

21 responded to in this litigation, and seeks the re-production of information and

22 documents already produced in this action. Such information and documents will

23 not be re-produced. Mattel further objects to this Request as premature in that it

24 seeks expert discovery. Such discovery will be disclosed only at the time, and in the

25 manner required by, the Rules and the Court's Orders. Mattel further objects to this

26 Request on the grounds that it is duplicative of or subsumed within other Requests

27 within this set of requests, duplicative of or subsumed within prior Requests already

28 responded to in this litigation, and seeks the re-production of information and

209/2168014.1

-91-

MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2125

1  documents already produced in this action.  Such information and documents will

2  not be re-produced.  Subject to and without waiving the foregoing general and

3  specific objections, Mattel will produce responsive, non-privileged documents in its

4  possession, custody or control which it has been able to locate after a diligent search

5  and reasonable inquiry, to the extent not previously produced.  Furthermore, this

6  topic may be the subject of expert testimony and disclosure, which will be produced

7  at the time and in the manner required by the <u>Rules</u> or Court Order.

8

9  <u>REQUEST NO. 332</u>:

10          All DOCUMENTS constituting, identifying, evidencing, describing,

11  showing, depicting, discussing, mentioning, referring and relating to the "ideas,

12  concepts, rights designs, proprietary information, and other intellectual property and

13  intangible property created by Bryant" alleged to be the "property of Mattel" in

14  paragraph 41 of the COMPLAINT.

15

16  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 332</u>:

17          In addition to the general objections stated above, which are

18  incorporated herein by reference, Mattel objects to this Request as unduly

19  burdensome in that it purports to require Mattel to search for, identify and produce

20  documents relating to matters that are currently known to and in the possession,

21  custody and control of defendants and nonparties associated with defendants, and

22  that are not known to Mattel because of defendants' refusals to produce basic

23  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

24  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

25  control on this broad subject.  Mattel further objects to this Request on the grounds

26  that it calls for the disclosure of information subject to the attorney-client privilege,

27  the attorney work-product doctrine and other applicable privileges.  Mattel further

28  objects to this Request on the grounds that it is duplicative of or subsumed within

-92-

MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 44 - Page 2126

1  prior Requests already responded to and seeks the re-production of information and
2  documents already produced in this action. Such information and documents will
3  not be re-produced. Subject to the foregoing, Mattel will produce non-privileged,
4  responsive documents relating to Bryant's creation of the "property of Mattel"
5  referenced in paragraph 41 of the COMPLAINT, to the extent such non-privileged,
6  responsive documents can be located pursuant to reasonable search and have not
7  already been produced.

8

9  DATED: July 16, 2007              QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
10

11                                   By
12                                      Bridget A. Hauler
                                        Attorneys for Plaintiff and Counter-
13                                      Defendant Mattel

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 44 - Page 2127

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On July 16, 2007, I served true copies of the following document(s) described as

1. MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

on the parties in this action as follows:

Diane M. Torres, Esq.
O'Melveny & Meyers, LLP
400 S. Hope Street
Los Angeles, CA 90071


**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 16, 2007, at _Los Angeles, California_

_[signature]_

NOW LEGAL -- Dave Quintana

Exhibit 44 - Page 2128

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On July 16, 2007, I served true copies of the following document(s) described as **MATTEL'S SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION** on the parties in this action as follows:

John Keker, Esq.
Michael H. Page, Esq.
Christa M. Anderson, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

**BY FEDEX:**  I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 16, 2007, at Los Angeles, California.

Christina Navarro

Exhibit 44 - Page 2129